**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

**DEFENDANT'S SUBMISSION REGARDING
<u>PROPOSED PROTECTIVE ORDER</u>**

  At the initial status conference, Defendant Google LLC ("Google") informed the Court and Plaintiffs it was ready to proceed with this case expeditiously, but that to do so it needs immediate access to the information gathered by Plaintiffs during the course of its more than one-year investigation. To that end, the parties previewed their respective positions on certain issues relevant to the Protective Order, and the Court provided guidance, including referring the parties to the protective order ultimately entered in *Federal Trade Commission v. Sysco Corporation*, 15 Civ. 256 (APM), ECF No. 87 (D.D.C. March 13, 2015).

  Since the status conference, the parties have exchanged several drafts of a proposed Protective Order. Although the parties have reached agreement on many terms and provisions, three significant issues remain in dispute: (1) Google's right to have two in-house attorneys (neither involved in competitive decision-making) review all information produced by third parties during the government investigation and the litigation (not just a small fraction of that information that would be designated as "Confidential" as opposed to "Highly Confidential" under Plaintiffs' proposal); (2) the time period for any third parties to seek additional protections

under the Protective Order for confidential information they produced (and, relatedly, Google's outside counsel's access to the confidential information pending the resolution of any such objections); and (3) the requirement that Plaintiffs provide notice to the producing party before its information is disclosed in other matters.

As further discussed below, Google's proposed Protective Order balances the interests of confidentiality and litigation needs, and follows the Orders of this and other courts. First, regarding disclosure to in-house attorneys, Plaintiffs' proposal would create an unnecessary two-tiered system of confidentiality and would prohibit disclosure of significant third-party information to *any* Google in-house attorney, contrary to the *Sysco* Protective Order. Moreover, Plaintiffs' proposal would impose wholly unreasonable restrictions on the in-house lawyers afforded such access—restrictions that were never required in the *Sysco* or *Whole Foods* cases. Second, regarding future additional third-party objections to the disclosure of information they claim is competitively sensitive after the entry of a Protective Order, Plaintiffs' proposal would deny access even to Google's *outside* attorneys until the objections are resolved on an unnecessarily drawn-out time schedule. Third, regarding Plaintiffs' disclosure of Google confidential information to non-parties, Plaintiffs' proposal would give them the right to disclose Google's information in other proceedings without affording Google advance notice and the right to object. Just as third parties are afforded an opportunity to be heard here, so too should Google be provided notice if Plaintiffs intend to disclose Google's information to others.

Attached as Exhibit A is Google's proposed Protective Order that it respectfully moves for entry in this matter.

**ARGUMENT**

**A. Google's Designated In-House Counsel Should Be Permitted Access to Confidential Information.**

Consistent with this Court's prior rulings in *Sysco*, Google proposes that there be one category of "Confidential Information" and that two in-house attorneys who are not involved in competitive decision-making (and will not be for the duration of the litigation and two years afterwards) be allowed to review such information. Plaintiffs have rejected that proposal.

The Court addressed this issue in *Sysco*, where it concluded that it was appropriate to grant in-house attorneys access to confidential material, so long as safeguards are put in place to protect the interests of the third parties whose materials are to be disclosed. *Sysco*, ECF No. 62, at 26 (March 4, 2015) ("some limited number of [those private actors] should have access to the full evidentiary record in order to assist their outside counsel in the representation"). In *Sysco*, the Court permitted two in-house lawyers to review third party confidential material, subject to: (1) their attestation that they were not involved in defendants' competitive decision-making; (2) restrictions on where and how the in-house lawyers could review the confidential material; and (3) the potential imposition of stiff penalties for any violation of the Protective Order. *Sysco*, 83 F. Supp. 3d 1, 3-5 (D.D.C. 2015).[1]

Plaintiffs' proposal unnecessarily creates two categories—Confidential Information and Highly Confidential Information—and denies in-house attorneys access to Highly Confidential Information under any conditions. This dichotomy will lead to unnecessary fights about what should be deemed Confidential as opposed to Highly Confidential Information, and will

---

[1] Other courts have approved the same or similar safeguards. *See Fed. Trade Comm'n v. Whole Foods Mkt., Inc.*, 07 Civ. 1021 (PLF), 2007 WL 2059741, at *3 (D.D.C. July 6, 2007); *United States v. Sungard Data Sys., Inc.*, 173 F. Supp. 2d 20, 24 (D.D.C. 2001).

naturally result in third parties designating all or nearly all of their material as Highly Confidential.  Plaintiffs' proposal defines Highly Confidential Information as "any Confidential Information that the parties or any third parties reasonably believe to be so competitively or commercially sensitive that it is entitled to extraordinary protections that a lesser designation cannot provide."  This definition will undoubtedly lead to collateral disputes regarding designations, and in any event is unnecessary given the strict restrictions that would be placed on in-house lawyers under Google's proposed order.

Google's proposed Protective Order includes all three *Sysco* safeguards—and makes them applicable to *all* parties.[2]  Google agrees: (1) to limit disclosure to two Google in-house attorneys, who will attest that they are not involved in Google's competitive decision-making and will not be for the duration of the litigation plus two years thereafter; (2) that disclosure will occur only at the offices of Google's outside counsel or using a secure electronic data room or document review platform, accessible via individual login identifications and passwords; and (3) to report promptly any confirmed or suspected unauthorized disclosure or use of Confidential Information to the Court and Plaintiffs.  Exhibit A, Section D.11.(i).  Google's proposed Protective Order also incorporates the same stringent "violations" provision required by the Court in *Sysco*, a provision that should apply to all parties in this action.  *Id.*, Section L.26.

Plaintiffs' proposal, by contrast, permits *one* in-house lawyer to review *only* the lower-tiered "Confidential Information," and imposes broad and ill-defined requirements on that in-house lawyer that go beyond any the Court imposed in *Sysco*.  For example, Plaintiffs' proposed Protective Order prohibits the in-house lawyer from (1) "participating in or advising on a broad

---

[2]  Plaintiffs' proposal, by contrast, imposes sanctions for violations of the Protective Order on in-house lawyers alone.

4

range of antitrust issues including litigations, investigations, and mergers and acquisitions" and (2) "participat[ing] in or advis[ing] on litigation or other legal actions on behalf of Defendant . . . involving a third-party whose Confidential Information they accessed or could have accessed in the course of this Action."  Such restrictions go far beyond what was required in *Sysco* (or any other case in this District), and seem plainly designed to ensure that no relevant in-house lawyer could qualify for this position.[3]  In light of the *Sysco* safeguards, these add-ons serve no purpose other than to hobble Google and make discovery an obstacle course.

In sum, regarding this first point of dispute, Google's proposed Protective Order, like the *Sysco* order, strikes the correct balance between the needs of a defendant to defend itself and the confidentiality interests of third parties.

    **B.   Third-Party Objections Should Be Made Within Ten Days, and Google's Outside Counsel Should Have Access Pending Resolution of Any Objection.**

Plaintiffs initially proposed that: (1) they have 15 days to provide the Protective Order to third parties that produced investigation materials; (2) third parties would then have 15 days to seek additional protection under the Protective Order from the Court; and (3) pending the Court's resolution of any third party's motion, Plaintiffs would not produce that third party's investigation materials—not even for review by Google's outside lawyers on an outside counsel's "eyes-only" basis.  Since Plaintiffs made that proposal, Google has agreed to Plaintiffs' request to allow third parties to submit position papers on November 13, and third parties have now been granted permission to make submissions on the parties' proposed Protective Orders by November 20.  In light of these opportunities to make submissions, it is not

---

[3]  Plaintiffs' proposal also allows third-party challenges to the in-house lawyer's qualifications to review Confidential Information, and that objection process would delay the in-house lawyers' access by not less than 30 days.

5

clear that any further time for notice and objection is necessary.[4]  However, to the extent that the Court provides for additional notice and a period for objection after it enters a Protective Order, Google submits that parties only be permitted one opportunity to file objections, and that other parties present any future objections on a shorter schedule than the one proposed by Plaintiffs.

Plaintiffs' current proposal allows Plaintiffs ten days to provide the Protective Order after entry by the Court to third parties, who then have another ten days to object.  This proposal, too, unnecessarily delays production; if a third party objects, the total delay resulting from providing notice, permitting objection, and resolving any dispute is likely to exceed a month.

This delay is unwarranted for three reasons.  First, Google's proposed Protective Order incorporates the provisions the Court found sufficient in *Sysco* to protect third party interests. Second, the Court will have already afforded third parties an opportunity to comment on the proposed Protective Order before entering it.[5]  Thus, the right to object is largely redundant of the opportunity already afforded to third parties to lodge objections now.  Third, this delay is prejudicial to Google.  As Google explained at the status conference, an understanding of the investigation materials, that Plaintiffs presumably have had access to for many months, is critical to determining the scope and schedule of discovery.

To that end, Google proposes that: (1) Plaintiffs have three days to provide the Protective Order to third parties; and (2) third parties have seven days to seek additional protection under the Protective Order from the Court.  Ex. A, Sections B.2, B.4. Under this proposal, the Court would know of any requested modifications to the Protective Order within ten days, not twenty.

---

[4]  Google's counsel has asked Plaintiffs for a list of all third parties that produced information to Plaintiffs during the course of the investigation, but Plaintiffs have not yet provided that information to Google.

[5]  Minute Order (Nov. 9, 2020); Minute Order (Nov. 11, 2020).

This timetable is feasible, as (i) Plaintiffs know who the third parties are and can easily communicate with them, and (ii) the third parties have surely anticipated this issue from the time the lawsuit was filed and already have been afforded an opportunity to comment on the protections for confidential information provided by the competing proposed Protective Orders. A seven-day deadline for objections is sufficient.

If a third party seeks additional protection for certain materials, Google's *outside* lawyers should have access to the materials pending resolution of that request in the interests of expediting discovery.  *See id.*, Section B.4; *see United States v. Aetna Inc.*, 16 Civ. 1494 (JDB), 2016 WL 8738421, at *5 (D.D.C.  Sept. 14, 2016) (explaining that "[t]he concerns relevant to" sharing information "are not applicable to . . . outside counsel").  Google's proposal is in accord with protective orders entered in other recent antitrust matters.  *See, e.g.*, *State of New York v. Deutsche Telekom AG*, 19 Civ. 6434 (VM), ECF No. 185, at 5 (S.D.N.Y. Aug. 14, 2019). Plaintiffs' proposal, by contrast, promotes delay by unnecessarily barring Google's outside counsel from receiving a third party's investigation materials pending resolution of an objection.

    **C.**   **Plaintiffs Should Notify the Producing Party If They Intend to Disclose Confidential Information In Other Proceedings.**

Under both Plaintiffs' and Google's proposed Protective Orders, Plaintiffs have the right to disclose Google's confidential information (or that produced by any third party in this case) (i) in "any other legal proceeding in which the U.S. Department of Justice or the States of Arkansas, Florida, Georgia, Indiana, Kentucky, Louisiana, Mississippi, Missouri, Montana, South Carolina, and Texas is a party; (ii) for the purpose of securing compliance with a Final Judgment in this Action; or (iii) for law enforcement purposes."  Ex. A, Section D.14.  Plaintiff United States also can retain, use, or disclose "Investigation Materials outside the context of this Action to the extent permitted by applicable law or regulation governing such pre-complaint discovery

including the Hart-Scott-Rodino Act, 15 U.S.C. § 18a, and the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-14, or for law enforcement purposes, or as required by law, court order, or regulation." *Id.*, Section D.15(d).  These provisions would allow Plaintiffs to disclose vast amounts of Google's confidential Information without notice to the company.

Google does not object to disclosure for appropriate purposes; it objects to such disclosure *without notice*.  Google proposes seven days' notice, unless such advance disclosure is otherwise prohibited by law or regulation.  *See id.*, Section D.14.  Just as third parties seek notice and an opportunity to object before the disclosure of their Confidential Information—a right Plaintiffs support—Google reasonably expects the same.

Plaintiffs' refusal to agree to a notice provision here is also inconsistent with positions it has taken in other matters.  For example, in *United States of America v. Barclays Capital, Inc.*, 16 Civ. 7057 (KAM) (JO), ECF No. 105 (E.D.N.Y. Nov. 13, 2017), the United States agreed not only to provide Barclays with notice before disclosing its Confidential Information to any agency or department of the United States, but also to refrain from "disclos[ing] the Confidential Information to the agency, department, division, or employee, *unless either the Producing Party authorizes the disclosure* or the Court authorizes the disclosure of the requested material." *Id.* at 15 (emphasis added).  Google's proposed Protective Order does not go that far, requiring only the right to receive minimal advance notice so that it may decide to seek additional protections for its material, should it determine it is appropriate to do so.

## CONCLUSION

For the foregoing reasons, Google requests that the Court adopt its proposed terms and enter the order attached as Exhibit A.

Dated: November 13, 2020 	Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: /s/ *John E. Schmidtlein*
John E. Schmidtlein
Benjamin M. Greenblum
725 12th Street, NW
Washington, DC 20005
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Franklin M. Rubinstein
1700 K St, NW
Washington, DC 20006
Tel: 202-973-8833
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

*Counsel for Defendant Google LLC*