## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

### [PROPOSED] PROTECTIVE ORDER

In the interests of (i) ensuring efficient and prompt resolution of this Action; (ii) facilitating discovery by the Parties litigating this Action; and (iii) protecting confidential information from improper disclosure or use, the Parties stipulate to the provisions set forth below. The Court, upon good cause shown and pursuant to Fed. R. Civ. P. 26(c)(1), ORDERS as follows:

**A.    Definitions**

1. As used herein:

(a) "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

(b) "Confidential Information" means any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), or any document, transcript, or other material containing such information that has not been published or otherwise made publicly available.

(c)  "Defendant" means Google LLC, and its and their divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents (including counsel), and representatives of the foregoing.

(d)  "Disclosed" means shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

(e)  "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a).

(f)  "Investigation" means the pre-Complaint inquiry by Plaintiff and Plaintiff States into potential anticompetitive conduct by Google.

(g)  "Investigation Materials" means non-privileged documents, testimony or other materials that (i) any Non-Party provided to any Party, either voluntarily or under compulsory process, relating to the Investigation; (ii) constitute any communication between any Party and any Non-Party in connection with and during the Investigation; (iii) any Party provided to any Non-Party relating to the Investigation; or (iv) Defendant, or affiliated person or entity, provided to Plaintiffs relating to the Investigation.

(h)  "Litigation Materials" means non-privileged documents, testimony, or other materials that (i) any Non-Party provides to any Party, either voluntarily or under compulsory process, in connection with and during the pendency of this Action; (ii) constitute any communication between any Party and any Non-Party in connection with and during the pendency of this Action; (iii) Defendant provides to any Plaintiff in connection with and during the pendency of this Action; and/or (iv) any Plaintiff provides to Defendant in connection with and during the pendency of this Action.

(i)  "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

(j)  "Outside Counsel of Record" means the attorneys employed by outside law firms representing Defendant in this proceeding.

(j)  "Party" means any Plaintiff, Plaintiff States, or Defendant in this Action. "Parties" means collectively Plaintiffs, Plaintiff States, and Defendant in this Action.

(k)  "Plaintiff" means the U.S. Department of Justice and all of its employees, agents, and representatives, and the Plaintiff States.

(l)  "Plaintiff States" means the States of Arkansas, Florida, Georgia, Indiana, Kentucky, Louisiana, Mississippi, Missouri, Montana, South Carolina, and Texas.

(m)  "Person" means any natural person, corporate entity, business entity, partnership, association, joint venture, governmental entity, or trust.

(n)  "Protected Person" means any Person (including a Party) that either voluntarily or under compulsory process, has provided or provides (i) Investigation Materials in connection with the Investigation, or (ii) Litigation Materials.

**B.**      **Designation of Confidential Information**

2.  Within 3 business days of the Court's entry of this Order, each Party shall send by email, facsimile, or overnight delivery a copy of this Order to each Non-Party Protected Person (or, if represented by counsel, the Non-Party Protected Person's counsel) that provided Investigation Materials to that Party.

3.  DESIGNATION OF INVESTIGATION MATERIALS BY PROTECTED PERSONS.  Investigation Materials that are entitled to confidentiality under the Antitrust Civil

3

Process Act, or any other federal or state statute or regulation, or under any federal or state court precedent interpreting such statute or regulation, or under any federal court precedent interpreting such a statute or regulation, as well as any information that discloses the substance of the contents of any Confidential Information derived from a document subject to this Order, and any information taken from any portion of such material, shall be treated as Confidential Information for purposes of this Order.  The identity of a third party submitting such Confidential Information shall also be treated as Confidential Information for the purposes of this Order where the submitter has requested such confidential treatment.

4.  If a Non-Party Protected Person believes that this Order does not adequately protect its Confidential Information, it may, within 7 days after receipt of a copy of this Order, seek additional protection from the Court for the Non-Party Protected Person's Confidential Information.  If a Non-Party Protected Person seeks additional protection from the Court, the Investigation Materials for which additional protection has been sought will not be provided to other Persons, aside from outside counsel for Defendant, until the Court has ruled.

5.  Any production of documents or testimony not designated as confidential will not be deemed a waiver of any future claim of confidentiality concerning such information if it is later designated as confidential.  If at any time before trial of this Action, a Protected Person realizes that it should have designated as confidential any Investigation Materials or Litigation Materials that Person previously produced during discovery in this Action, it may so designate such documents, testimony, or other materials by notifying the Parties in writing.  The Parties shall thereafter treat the Investigation Materials or Litigation Materials pursuant to the Protected Person's new designation under the terms of this Order. However, the disclosure of any

4

information for which disclosure was proper when made will not be deemed improper regardless of any such subsequent confidentiality designation.

6.  DESIGNATION OF LITIGATION MATERIALS BY PROTECTED PERSONS.

The following procedures govern the process for Protected Persons to designate as confidential any information that they disclose in this Action after this Order is entered, including but not limited to information in response to requests under Fed. R. Civ. P. 30, 31, 33, 36, and 45, and documents disclosed in response to Fed. R. Civ. P. 33(d), 34(b)(2) and (c), or 45:

(a)  <u>Testimony</u>.  All transcripts of depositions taken in this Action after entry of this Order will be treated as Confidential Information in their entirety for 30 days after the date when a complete and final copy of the transcript has been made available to the deponent (or the deponent's counsel, if applicable).  Within five business days of receipt of the final transcript, the Party who noticed the deposition shall provide the final transcript to the deponent.  Within 30 days following receipt of the final transcript, the deponent may designate as Confidential any portion of the deposition transcript, by page(s) and line(s), and any deposition exhibits provided by the deponent or the deponent's employer.  To be effective, such designations must be provided in writing to Plaintiffs' and Defendant's counsel listed below:

For Plaintiff United States:

Kenneth M. Dintzer
U.S. Department of Justice, Antitrust Division
Technology & Financial Services Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Kenneth.Dintzer2@usdoj.gov

5

For Plaintiff State of Arkansas:

      Leslie Rutledge, Attorney General
      Johnathan R. Carter, Assistant Attorney General
      Office of the Attorney General, State of Arkansas
      323 Center Street, Suite 200
      Little Rock, Arkansas 72201
      Johnathan.Carter@arkansasag.gov

For Plaintiff State of Florida:

      Ashley Moody, Attorney General
      R. Scott Palmer, Interim Co-Director, Antitrust Division
      Nicholas D. Niemiec, Assistant Attorney General
      Lee Istrail, Assistant Attorney General
      Office of the Attorney General, State of Florida
      PL-01 The Capitol
      Tallahassee, Florida 32399
      Scott.Palmer@myfloridalegal.com

For Plaintiff State of Georgia:

      Christopher Carr, Attorney General
      Margaret Eckrote, Deputy Attorney General
      Daniel Walsh, Senior Assistant Attorney General
      Dale Margolin Cecka, Assistant Attorney General
      Office of the Attorney General, State of Georgia
      40 Capitol Square, SW
      Atlanta, Georgia 30334-1300
      dcecka@law.georgia.gov

For Plaintiff State of Indiana:

      Curtis Hill, Attorney General
      Scott L. Barnhart, Chief Counsel and Director, Consumer Protection Division
      Matthew Michaloski, Deputy Attorney General
      Erica Sullivan, Deputy Attorney General
      Office of the Attorney General, State of Indiana
      Indiana Government Center South, Fifth Floor
      302 West Washington Street
      Indianapolis, Indiana 46204
      Scott.Barnhart@atg.in.gov

For Plaintiff Commonwealth of Kentucky:

> Justin D. Clark, Deputy Director of Consumer Protection
> Office of the Attorney General, Commonwealth of Kentucky
> 1024 Capital Center Drive, Suite 200
> Frankfort, Kentucky 40601
> Justind.Clark@ky.gov

For Plaintiff State of Louisiana:

> Jeff Landry, Attorney General
> Stacie L. Deblieux, Assistant Attorney General
> Office of the Attorney General, State of Louisiana
> Public Protection Division
> 1885 North Third St.
> Baton Rouge, Louisiana 70802
> Deblieuxs@ag.louisiana.gov

For Plaintiff State of Missouri:

> Kimberley G. Biagioli
> Assistant Attorney General
> Missouri Attorney General's Office
> 615 E. 13th Street, Suite 401
> Kansas City, MO 64106
> Kimberley.Biagioli@ago.mo.gov

For Plaintiff State of Mississippi:

> Lynn Fitch, Attorney General
> Hart Martin, Special Assistant Attorney General
> Crystal Utley Secoy, Assistant Attorney General
> Office of the Attorney General, State of Mississippi
> P.O. Box 220
> Jackson, Mississippi 39205
> Hart.Martin@ago.ms.gov

For Plaintiff State of Montana:

       Timothy C. Fox, Attorney General
       Mark Mattioli, Chief, Office of Consumer Protection
       Office of the Attorney General, State of Montana
       P.O. Box 200151
       555 Fuller Avenue, 2nd Floor
       Helena, MT 59620-0151
       mmattioli@mt.gov

For Plaintiff State of South Carolina:

       Mary Frances Jowers, Assistant Deputy Attorney General
       Rebecca M. Hartner, Assistant Attorney General
       Office of the Attorney General, State of South Carolina
       P.O. Box 11549
       Columbia, South Carolina 29211-1549
       mfjowers@scag.gov
       rhartner@scag.gov

For Plaintiff State of Texas:

       Bret Fulkerson
       Office of the Attorney General, Antitrust Division
       300 West 15th Street
       Austin, Texas 78701
       Bret.Fulkerson@oag.texas.gov

For Defendant Google:

       John E. Schmidtlein
       Colette Connor
       Williams & Connolly LLP
       725 Twelfth Street, N.W.
       Washington, D.C. 20005
       jschmidtlein@wc.com
       cconnor@wc.com

       Susan Creighton
       Franklin Rubinstein
       Wilson Sonsini Goodrich & Rosati
       1700 K Street, N.W.
       Washington, D.C. 20006
       screighton@wsgr.com

frubinstein@wsgr.com

Any portion of the transcript or exhibits not so designated pursuant to this subparagraph 6(a) shall not be treated as confidential.

When a Party is entitled under this Order to question a deponent about a document or information that has been designated by a different Protected Person as confidential, the Party that asked such questions shall designate as confidential the portion of the transcript relating to such confidential document or information.

(b) <u>Documents</u>.  A Protected Person who designates as Confidential Information any document that it produced in this Action must stamp or otherwise mark each page containing Confidential Information with the designation "CONFIDENTIAL" in a manner that will not interfere with legibility, including page numbering, or audibility.  If the entire document is not Confidential Information, the Protected Person shall stamp or label only those pages that contain Confidential Information.

(c) <u>Electronic Documents and Data</u>.  Where a Protected Person produces electronic files and documents in native electronic format, such electronic files and documents shall be designated by the Protected Person for protection under this Order by appending to the file names or designators information indicating whether the file contains Confidential Information, or by any other reasonable method for appropriately designating such information produced in electronic format, including by making such designations in reasonably accessible metadata associated with the files.  Where Confidential Information is produced in electronic format on a disk or other medium that contains exclusively Confidential Information, the "CONFIDENTIAL" designation may be placed on the disk or other medium.  When electronic

9

files or documents in native form are printed for use at deposition, in a court proceeding, or for provision in printed form to any person described in subparagraph 11(g), the Party printing the electronic files or documents shall affix a legend to the printed document saying "CONFIDENTIAL" and include the production number and designation associated with the native file.

7.   DESIGNATION OF LITIGATION MATERIALS FROM NON-PARTIES REQUESTED FROM PARTIES.  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Confidential Information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Confidential Information, then the Party shall:

(a) promptly notify in writing the Party seeking the Confidential Information that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly notify the Non-Party that its Confidential Information is being requested and make the information requested available for inspection by the Non-Party; and

(c) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested.

8.   If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Non-Party's Confidential Information responsive to the discovery request may be produced. If the Non-Party timely seeks a protective order, its Confidential Information that is subject to the confidentiality agreement

shall not be produced before a determination by the Court.[1]  Absent an order to the contrary, the

Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected

Material.  The terms of this Order are applicable to information produced by a Non-Party in this

action and designated as Confidential Information.  Such information produced by Non-Parties

in connection with this litigation is protected by the remedies and relief provided by this Order.

Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

additional protections.

     9.  UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION.  In the

event of a disclosure of any Confidential Information to any person(s) not authorized to receive

such disclosure under this Order, the Party responsible for having made such disclosure shall

promptly notify the Protected Person whose material has been disclosed and provide to such

Protected Person all known relevant information concerning the nature and circumstances of the

disclosure.  The disclosing Party shall also (a) promptly take all reasonable measures to retrieve

the improperly disclosed material and to ensure that no further or greater unauthorized disclosure

and/or use thereof is made; (b) inform the person or persons to whom unauthorized disclosure

were made of all the terms of this Order, and (c) request such person or persons execute the

Agreement Concerning Confidentiality in the form of Appendix A attached hereto.

Unauthorized or inadvertent disclosure shall not change the confidential status of any disclosed

material or waive the right to maintain the disclosed material as containing Confidential

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

Information.[2]

## C.     <u>Challenges to Confidential Designation</u>

10.   Any Party who objects to any designation of confidentiality (the "Objecting Party")

may at any time before the trial of this Action provide a written notice to the Protected Person

who made such designation (the "Designating Party") and all Parties to this Action stating with

particularity the grounds for the objection.  All materials objected to shall continue to be treated

as Confidential Information pending resolution of the dispute.  Within thirty (30) days of the

Objecting Party's written notice, the Objecting Party and the Designating Party shall attempt to

confer to discuss their respective positions.  If the Objecting Party and Designating Party cannot

reach agreement on the objection within thirty (30) days of the Objecting Party's written notice

(or another deadline agreed to by the Objecting Party and the Designating Party), the Objecting

Party may address the dispute to this Court by filing a letter motion and/or motion in accordance

with applicable rules.  If the Court finds the designation of Confidential Information to have been

inappropriate, the challenged designation shall be considered rescinded.

## D.     <u>Disclosure of Confidential Information</u>

11.   Confidential Information may be disclosed only to the following persons:

(a)  the Court and all persons assisting the Court in this Action, including law

clerks, court reporters, and stenographic or clerical personnel;

(b)  U.S. Department of Justice attorneys and counsel for Plaintiff States,

paralegals and other professional personnel (including support and IT staff), and agents or

---

[2] Inadvertent disclosures under Fed. R. Evid. 502 are addressed in separate orders.

independent contractors retained by the Plaintiffs to assist in this Action whose functions require access to the information;

(c)  Outside Counsel of Record for Defendant, including any attorneys (but not in-house attorneys for the Defendant), paralegals, and other professional personnel (including support and IT staff) that such outside counsel assigns to this Action whose functions require access to the information (but not any employee of the Defendant);

(d)  outside vendors or service providers (such as copy-service providers, outside court reporters retained for depositions, and document-management consultants) retained by a Party to assist that Party in this Action provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto;

(e)  any mediator, arbitrator, or special master that the Parties engage in this Action or that this Court appoints;

(f)  persons who the Confidential Information itself indicates, or who the receiving party has a good-faith basis to believe, were the author, addressee, recipient, custodian, or source of the document, to the extent they have previously had lawful access to the document disclosed or to be disclosed; any current employee of a Party whose statements or communications are quoted, recounted, or summarized in said Party's document; or persons for whom counsel for Plaintiffs or Defendant believes in good faith previously received or had access to the document, unless the person indicates that he or she did not have access to the document;

(g)  any person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated or

independent contractors who assist the expert's work in this Action, provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto; and

(h)  outside trial consultants (including, but not limited to, graphics consultants) provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto.

(i)  the two (2) employees of Defendant identified on Appendix C hereto who have executed the In-House Counsel Agreement Concerning Confidentiality in the form of Appendix B attached hereto, in which each attests that he or she is not involved in Defendant's competitive decision-making and will not be so involved during the pendency of this Action and for two years thereafter.  The Defendant's employees identified on Appendix C hereto may only access Confidential Information (other than Confidential Information contained in pleadings, expert reports, and discovery responses) in person at the offices of their outside counsel, or using a secure electronic data room or document review platform using individual login identifications and passwords.  Defendant shall promptly report any confirmed or suspected unauthorized use or disclosure of Confidential Material to the Court, Plaintiff, and the Plaintiff States.

12.  Counsel for the Party making the disclosure must retain the original of the Agreement Concerning Confidentiality in the form of Appendix A attached hereto for a period of at least one year following the final resolution of this Action.

13.  Each individual described in paragraph 11 of this Order to whom information designated as Confidential Information is disclosed must not disclose that Confidential Information to any other individual, except as provided in this Order.

14.  Nothing in this Order prevents Plaintiffs, subject to taking appropriate steps to preserve the confidentiality of such information, from disclosing such information designated as confidential (i) in the course of any other legal proceeding in which the U.S. Department of Justice or the States of Arkansas, Florida, Georgia, Indiana, Kentucky, Louisiana, Mississippi, Missouri, Montana, South Carolina, and Texas is a party; (ii) for the purpose of securing compliance with a Final Judgment in this Action; or (iii) for law enforcement purposes. However, if Plaintiffs decide to disclose Confidential Information pursuant to the provisions in this Paragraph or Paragraph 15(d), at least seven (7) days in advance of such disclosure it shall, unless otherwise prohibited by law or regulation, provide notice to the producing Party of its intention to make such a disclosure and identify with specificity both the documents it intends to disclose and the proposed recipient of the Confidential Information.

15.  Nothing in this Order:

(a)  limits a Protected Person's use or disclosure of its own information designated as Confidential Information;

(b)  prevents disclosure of Confidential Information with the consent of the Protected Person that designated the material as confidential;

(c)  prevents disclosure by a Party of Confidential Information (i) that is or has become publicly known through no fault of that Party; (ii) lawfully acquired by or known to that Party independent of receipt during the Investigation or in discovery in this Action; (iii)

15

previously produced, disclosed and/or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to an order of a court or as may be required by regulation; or

(d)  prevents Plaintiff United States' retention, use, or disclosure of Investigation Materials outside the context of this Action to the extent permitted by applicable law or regulation governing such pre-complaint discovery including the Hart-Scott-Rodino Act, 15 U.S.C. § 18a, and the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-14, or for law enforcement purposes, or as required by law, court order, or regulation.

**E.     Use of Information Designated Confidential in This Action**

16.  In the event that any Confidential Information is contained in any pleading, motion, exhibit or other paper filed or to be filed with the Court, the Court shall be so informed by the party filing such papers, and such papers shall be filed under seal, in accordance with Local Rule 5.1(h).  This Order hereby grants the Parties leave to file such properly designated Confidential Information under seal.  To the extent that such material was originally submitted by a Non-Party, the Party including the materials in its papers shall immediately notify the submitter of such inclusion.  Confidential Information contained in the papers shall continue to be maintained under seal until further order of the Court, provided, however, that such papers may be furnished to persons or entities who may receive Confidential Information pursuant to Paragraph 11.  Upon or after filing any paper containing Confidential Information, the filing Party shall file on the public record a duplicate copy of the paper that does not reveal Confidential Information.  Further, if the protection for any such material expires, a Party may file on the public record a duplicate copy that also contains the formerly protected material.

Nothing in this Order shall restrict the Parties or any interested member of the public from challenging the filing of any Confidential Information under seal.

17. Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Confidential Information so that the other parties can ensure that only authorized individuals are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as Confidential Information.

**F.**      **Use of Confidential Information at Trial**

18.      Disclosure at trial or at any evidentiary hearing of any document, testimony, or other material designated as Confidential Information will be governed pursuant to a separate court order. Unless otherwise directed by the Court, the Parties shall meet and confer and submit a recommended order outlining those procedures no later than thirty (30) calendar days before the first day of trial or any evidentiary hearing.  Upon the filing of a proposed order governing the disclosure of Confidential Information at trial or any evidentiary hearing, the Parties shall provide notice of such order to third parties whose Confidential Information is expected to be used at trial or any evidentiary hearing.

20.  Unless otherwise provided for in this Order, all Confidential Information produced by a Party or a Non-Party as part of this proceeding shall be used solely for the conduct of this Action and shall not be used for any business, commercial, competitive, personal, or other purpose.

**H.      Procedures upon Termination of This Action**

21.  The obligations imposed by this Order survive the termination of this Action unless the Court, which shall retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise.  Within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating this litigation, all persons having received information designated as Confidential Information must, to the extent permitted by the states' retention schedules, either make a good faith effort to return such material and all copies thereof to the Protected Person (or the Protected Person's counsel if represented by counsel) that produced it, or destroy or delete all such Confidential Information and certify that fact in writing to the Party or Protected Person.

22.  Counsel for the Parties will be entitled to retain court papers, deposition and trial transcripts and exhibits, and work product, provided that the Parties and their counsel do not disclose the portions of court papers, deposition transcripts, exhibits, or work product containing information designated as Confidential Information to any person except pursuant to court order or agreement with the Protected Person that produced the Confidential Information or as otherwise permitted herein.  All Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this paragraph.  Nothing in this paragraph, however, restricts the rights of the Parties under paragraphs 14 or 15 of this Order.

**I.      Right to Seek Modification**

23.  Nothing in this Order limits any Person, including members of the public, a Party, or a Protected Person, from seeking (1) further or additional protections of any of its materials,

or (2) modification of this Order upon motion duly made pursuant to the Rules of this Court, including, without limitation, an order that certain material not be produced at all or is not admissible evidence in this Action or any other proceeding.

## J.    **The Privacy Act**

24.  Any order of this Court requiring the production of any document, information, or transcript of testimony constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11).

## K.    **Persons Bound by This Order**

25.  This Order shall be binding on the Parties to this Action, their attorneys, and their successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

## L.    **Violations of This Order**

26.    Any violation of this Order may be deemed a contempt and punished by a fine of up to $250,000.  Any imposed fine will be paid individually by the person who violates this Order.  A violator may not seek to be reimbursed or indemnified for the payment the violator has made.  If the violator is an attorney, the Court may recommend to the appropriate professional disciplinary authority that the attorney be sanctioned, suspended, or disbarred.

**SO ORDERED:**

Dated this ____ day of _____, 2020

_____

APPENDIX A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

**<u>AGREEMENT CONCERNING CONFIDENTIALITY</u>**

I, _____, am employed by _____ as _____.

I hereby certify that:

1. I have read the Protective Order entered in the above-captioned action, and understand its terms.

2. I agree to be bound by the terms of the Protective Order entered in the above-captioned action. I agree to use the information provided to me only as explicitly provided in this Protective Order.

3. I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action may subject me, without limitation, to civil and criminal penalties for contempt of Court.

4. I submit to the jurisdiction of the United States District Court for the District of Columbia solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said court.

_____

SIGNATURE

_____

DATE

APPENDIX B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

United States of America, *et al.*,

                                        Plaintiffs,

v.

Google LLC,

                                        Defendant.

Case No. 1:20-cv-03010-APM

HON. AMIT P. MEHTA

## IN-HOUSE COUNSEL AGREEMENT CONCERNING CONFIDENTIALITY

I, _____, am employed by _____ as _____.

I hereby certify that:

1.      As [        ], I am not involved in competitive decision-making at Google.  I do not participate in any decisions about formulating or implementing strategies to compete with our competitors or in any decisions about formulating or implementing pricing strategies.  I am not involved in any competition-related issues that are the subjects of confidential information in this case.  I have no responsibility for and give no advice to management about these topics.  All of the statements in this paragraph will remain true during the pendency of this Action and for two years thereafter.

2.      I have read the Protective Order entered in this Action, and understand its terms.

3.      I agree to be bound by the terms of the Protective Order entered in this Action.  I agree to use the information provided to me only as explicitly provided in this Protective Order.

4.      I understand that my failure to abide by the terms of the Protective Order entered in this Action may subject me, without limitation, to civil and criminal penalties for contempt of Court.

5.      I submit to the jurisdiction of the United States District Court for the District of Columbia solely for the purpose of enforcing the terms of the Protective Order entered in this Action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

_____
SIGNATURE


_____
DATE

2

APPENDIX C

**[2 Google employees to be identified here]**

## NAMES OF PERSONS TO BE SERVED

For Plaintiff United States:

Kenneth M. Dintzer
U.S. Department of Justice, Antitrust Division
Technology & Financial Services Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Kenneth.Dintzer2@usdoj.gov

For Plaintiff State of Arkansas:

Leslie Rutledge, Attorney General
Johnathan R. Carter, Assistant Attorney General
Office of the Attorney General, State of Arkansas
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Johnathan.Carter@arkansasag.gov

For Plaintiff State of Florida:

Ashley Moody, Attorney General
R. Scott Palmer, Interim Co-Director, Antitrust Division
Nicholas D. Niemiec, Assistant Attorney General
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Scott.Palmer@myfloridalegal.com

For Plaintiff State of Georgia:

Christopher Carr, Attorney General
Margaret Eckrote, Deputy Attorney General
Daniel Walsh, Senior Assistant Attorney General
Dale Margolin Cecka, Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
dcecka@law.georgia.gov

For Plaintiff State of Indiana:

        Curtis Hill, Attorney General
        Scott L. Barnhart, Chief Counsel and Director, Consumer Protection Division
        Matthew Michaloski, Deputy Attorney General
        Erica Sullivan, Deputy Attorney General
        Office of the Attorney General, State of Indiana
        Indiana Government Center South, Fifth Floor
        302 West Washington Street
        Indianapolis, Indiana 46204
        Scott.Barnhart@atg.in.gov

For Plaintiff Commonwealth of Kentucky:

        Justin D. Clark, Deputy Director of Consumer Protection
        Office of the Attorney General, Commonwealth of Kentucky
        1024 Capital Center Drive, Suite 200
        Frankfort, Kentucky 40601
        Justind.Clark@ky.gov

For Plaintiff State of Louisiana:

        Jeff Landry, Attorney General
        Stacie L. Deblieux, Assistant Attorney General
        Office of the Attorney General, State of Louisiana
        Public Protection Division
        1885 North Third St.
        Baton Rouge, Louisiana 70802
        Deblieuxs@ag.louisiana.gov

For Plaintiff State of Missouri:

        Kimberley G. Biagioli
        Assistant Attorney General
        Missouri Attorney General's Office
        615 E. 13th Street, Suite 401
        Kansas City, MO 64106
        Kimberley.Biagioli@ago.mo.gov

For Plaintiff State of Mississippi:

        Lynn Fitch, Attorney General
        Hart Martin, Special Assistant Attorney General
        Crystal Utley Secoy, Assistant Attorney General

Office of the Attorney General, State of Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Hart.Martin@ago.ms.gov

For Plaintiff State of Montana:

Timothy C. Fox, Attorney General
Mark Mattioli, Chief, Office of Consumer Protection
Office of the Attorney General, State of Montana
P.O. Box 200151
555 Fuller Avenue, 2nd Floor
Helena, MT 59620-0151
mmattioli@mt.gov

For Plaintiff State of South Carolina:

Mary Frances Jowers, Assistant Deputy Attorney General
Rebecca M. Hartner, Assistant Attorney General
Office of the Attorney General, State of South Carolina
P.O. Box 11549
Columbia, South Carolina 29211-1549
mfjowers@scag.gov
rhartner@scag.gov

For Plaintiff State of Texas:

Bret Fulkerson
Office of the Attorney General, Antitrust Division
300 West 15th Street
Austin, Texas 78701
Bret.Fulkerson@oag.texas.gov

For Defendant Google:

John E. Schmidtlein
Colette Connor
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
jschmidtlein@wc.com
cconnor@wc.com

Susan Creighton
Franklin Rubinstein
Wilson Sonsini Goodrich & Rosati
1700 K Street, N.W.
Washington, D.C. 20006
screighton@wsgr.com
frubinstein@wsgr.com