# Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

United States of America, *et al.*,

                     Plaintiffs,

v.

Google LLC,

                     Defendant.

Case No. 1:20-cv-03010-APM

HON. AMIT P. MEHTA

### STIPULATED PROTECTIVE ORDER

In the interests of (i) ensuring efficient and prompt resolution of this Action; (ii) facilitating discovery by the Parties litigating this Action; and (iii) protecting confidential information from improper disclosure or use, the Parties stipulate to the provisions set forth below. The Court, upon good cause shown and pursuant to Fed. R. Civ. P. 26(c)(1), ORDERS as follows:

**A.**     **Definitions**

    1. As used herein:

        (a) "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

        (b) "Confidential Information" means any trade secret or other confidential research, development, or commercial information, as such terms are used in

Fed. R. Civ. P. 26(c)(1)(G), or any document, transcript, or other material containing such information that has not been published or otherwise made publicly available.

(c)(c) "Competitive Decision-Making" means decision-making relating to any and all decisions made in light of, or that take into account, information regarding a competitor, potential competitor, customer, or distribution partner including but not limited to such decisions regarding contracts, marketing, employment, pricing, product or service development or design, product or service offerings, research and development, or licensing, acquisition or enforcement of intellectual property rights (other than this action). "Competitive Decision-Making" also includes counsel participating in or advising on a broad range of antitrust issues including litigations, investigations, and mergers and acquisitions.

(d) "Defendant" means Google LLC, and its and their divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents (including counsel), and representatives of the foregoing.

(d)(e) "Disclosed" means shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

(e)(f) "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a).

(f)(g) "Highly Confidential Information" means any Confidential Information that the parties or any third parties reasonably believe to be so competitively or commercially sensitive that it is entitled to extraordinary protections that a lesser designation cannot provide. All protections under this Order to Confidential Information apply as well to Highly Confidential Information.

3

(h)  "In-House Counsel" means any lawyer employed by Defendant, as well as paralegals, secretaries, and clerical and administrative personnel.

(i)  "Investigation" means the pre-Complaint inquiry by Plaintiff and Plaintiff States into potential anticompetitive conduct by Google.

~~(g)~~(j)  "Investigation Materials" means non-privileged documents, testimony or other materials that (i) any Non-Party provided to any Party, either voluntarily or under compulsory process, relating to the Investigation; (ii) constitute any communication between any Party and any Non-Party in connection with and during the Investigation; (iii) any Party provided to any Non-Party relating to the Investigation; or (iv) Defendant, or affiliated person or entity, provided to Plaintiffs relating to the Investigation.

~~(h)~~(k)  "Litigation Materials" means non-privileged documents, testimony, or other materials that (i) any Non-Party provides to any Party, either voluntarily or under compulsory process, in connection with and during the pendency of this Action; (ii) constitute any communication between any Party and any Non-Party in connection with and during the pendency of this Action; (iii) Defendant provides to any Plaintiff in connection with and during the pendency of this Action; and/or (iv) any Plaintiff provides to Defendant in connection with and during the pendency of this Action.

~~(i)~~(l)  "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

~~(j)~~(m)  "Outside Counsel of Record" means the attorneys employed by outside law firms representing Defendant in this proceeding.

~~(j)~~(n)  "Party" means any Plaintiff, Plaintiff States, or Defendant in this Action. "Parties" means collectively Plaintiffs, Plaintiff States, and Defendant in this Action.

4

(k̶o) "Plaintiff" means the U.S. Department of Justice and all of its employees, agents, and representatives, and the Plaintiff States.

(l̶p) "Plaintiff States" means the States of Arkansas, Florida, Georgia, Indiana, Kentucky, Louisiana, Mississippi, Missouri, Montana, South Carolina, and Texas.

(m̶q) "Person" means any natural person, corporate entity, business entity, partnership, association, joint venture, governmental entity, or trust.

———— (n̶r) "Protected Person" means any Person (including a Party) that either voluntarily or under compulsory process, has provided or provides (i) Investigation Materials in connection with the Investigation, or (ii) Litigation Materials.

**B.** **Designation of Highly Confidential Information and Confidential Information**

2. Within 3̶5 business days of the Court's entry of this Order, each Party shall send by email, facsimile, or overnight delivery a copy of this Order to each Non-Party Protected Person (or, if represented by counsel, the Non-Party Protected Person's counsel) that provided Investigation Materials to that Party.

3. DESIGNATION OF INVESTIGATION MATERIALS <u>AS HIGHLY CONFIDENTIAL </u>BY PROTECTED PERSONS. <u>A Protected Person may designate any</u> Investigation Materials <u>they produced as Highly Confidential pursuant to the following procedures:</u>

<u>(a)  A Protected Person shall have 60 days after receiving a copy of this Order (the "Designation Period") to designate as Highly Confidential Information any Investigation Materials to the extent the Protected Person determines, in good faith, that the Investigation Materials include Highly Confidential Information, and that such designation is necessary to protect the interests of the Protected Person. Such Investigation Materials may be so designated,</u>

5̶

if they have not already been designated, by providing written notice by overnight mail or email

to the party to which the Investigation Materials were produced that includes (i) copies of the

Investigation Materials stamped with the legend "HIGHLY CONFIDENTIAL

INFORMATION," in a manner that will not interfere with legibility, including page numbering,

or audibility. If the entire document does not contain Highly Confidential Information, the

Protected Person shall stamp or label only those pages that contain Highly Confidential

Information.

(b) Until the expiration of this Designation Period, all Investigation Materials will

be treated as Highly Confidential Information in their entirety.

Investigation Materials that are ~~entitled to confidentiality under~~not designated as Highly

Confidential by the end of the expiration of this Designation Period shall be treated as

Confidential Information for purposes of this Order pursuant to the Antitrust Civil Process Act,

or any other federal or state statute or regulation, or under any federal or state court precedent

interpreting such statute or regulation, ~~or under any federal court precedent interpreting such a~~

~~statute or regulation,~~ as well as any information that discloses the substance of the contents of

any Confidential Information derived from a document subject to this Order, and any

information taken from any portion of such material~~, shall be treated as Confidential Information~~

~~for purposes of this Order. ~~.

The identity of a third party submitting such Highly Confidential Information or

Confidential Information shall also be treated as Highly Confidential Information or Confidential

Information for the purposes of this Order where the submitter has requested such confidential

treatment.

4.  If a Non-Party Protected Person believes that this Order does not adequately protect its Highly Confidential Information or Confidential Information, it may, within ~~7~~10 days after receipt of a copy of this Order, seek additional protection from the Court for the Non-Party Protected Person's Highly Confidential Information~~.~~ or Confidential Information. If a Non-Party Protected Person seeks additional protection from the Court, the Investigation Materials for which additional protection has been sought will not be provided to other Persons~~, aside from outside counsel for Defendant,~~ until the Court has ruled.

5.  Any production of documents or testimony not designated as confidential will not be deemed a waiver of any future claim of confidentiality concerning such information if it is later designated as confidential. If at any time before trial of this Action, a Protected Person realizes that it should have designated as confidential any Investigation Materials or Litigation Materials that Person previously produced during discovery in this Action, it may so designate such documents, testimony, or other materials by notifying the Parties in writing. The Parties shall thereafter treat the Investigation Materials or Litigation Materials pursuant to the Protected Person's new designation under the terms of this Order. However, the disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any such subsequent confidentiality designation.

6.  DESIGNATION OF LITIGATION MATERIALS AS HIGHLY CONFIDENTIAL OR HIGHLY CONFIDENTIAL BY PROTECTED PERSONS. The following procedures govern the process for Protected Persons to designate as Highly Confidential or Confidential any information that they disclose in this Action after this Order is entered, including but not limited to information in response to requests under Fed. R. Civ. P. 30, 31, 33, 36, and 45, and documents disclosed in response to Fed. R. Civ. P. 33(d), 34(b)(2) and (c), or 45:

~~7~~

(a)  <u>Testimony</u>. All transcripts of depositions taken in this Action after entry of this Order will be treated as <u>Highly</u> Confidential Information in their entirety for 30 days after the date when a complete and final copy of the transcript has been made available to the deponent (or the deponent's counsel, if applicable). Within five business days of receipt of the final transcript, the Party who noticed the deposition shall provide the final transcript to the deponent. Within 30 days following receipt of the final transcript, the deponent may designate as <u>Highly</u> Confidential <u>Information</u> any portion of the deposition transcript, by page(s) and line(s), and any deposition exhibits provided by the deponent or the deponent's employer. To be effective, such designations must be provided in writing to Plaintiffs' and Defendant's counsel listed below:

For Plaintiff United States:

> Kenneth M. Dintzer
> U.S. Department of Justice, Antitrust Division
> Technology & Financial Services Section
> 450 Fifth Street NW, Suite 7100
> Washington, DC 20530
> Kenneth.Dintzer2@usdoj.gov

For Plaintiff State of Arkansas:

> Leslie Rutledge, Attorney General
> Johnathan R. Carter, Assistant Attorney General
> Office of the Attorney General, State of Arkansas
> 323 Center Street, Suite 200
> Little Rock, Arkansas 72201
> Johnathan.Carter@arkansasag.gov

For Plaintiff State of Florida:

> Ashley Moody, Attorney General
> R. Scott Palmer, Interim Co-Director, Antitrust Division
> Nicholas D. Niemiec, Assistant Attorney General
> Lee Istrail, Assistant Attorney General
> Office of the Attorney General, State of Florida

8

PL-01 The Capitol
Tallahassee, Florida 32399
Scott.Palmer@myfloridalegal.com

For Plaintiff State of Georgia:

Christopher Carr, Attorney General
Margaret Eckrote, Deputy Attorney General
Daniel Walsh, Senior Assistant Attorney General
Dale Margolin Cecka, Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
dcecka@law.georgia.gov

For Plaintiff State of Indiana:

Curtis Hill, Attorney General
Scott L. Barnhart, Chief Counsel and Director, Consumer Protection Division
Matthew Michaloski, Deputy Attorney General
Erica Sullivan, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Scott.Barnhart@atg.in.gov

For Plaintiff Commonwealth of Kentucky:

Justin D. Clark, Deputy Director of Consumer Protection
Office of the Attorney General, Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Justind.Clark@ky.gov

For Plaintiff State of Louisiana:

Jeff Landry, Attorney General
Stacie L. Deblieux, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
Deblieuxs@ag.louisiana.gov

For Plaintiff State of Missouri:

      Kimberley G. Biagioli
      Assistant Attorney General
      Missouri Attorney General's Office
      615 E. 13th Street, Suite 401
      Kansas City, MO 64106
      Kimberley.Biagioli@ago.mo.gov

For Plaintiff State of Mississippi:

      Lynn Fitch, Attorney General
      Hart Martin, Special Assistant Attorney General
      Crystal Utley Secoy, Assistant Attorney General
      Office of the Attorney General, State of Mississippi
      P.O. Box 220
      Jackson, Mississippi 39205
      Hart.Martin@ago.ms.gov

For Plaintiff State of Montana:

      Timothy C. Fox, Attorney General
      Mark Mattioli, Chief, Office of Consumer Protection
      Office of the Attorney General, State of Montana
      P.O. Box 200151
      555 Fuller Avenue, 2nd Floor
      Helena, MT 59620-0151
      mmattioli@mt.gov

For Plaintiff State of South Carolina:

      Mary Frances Jowers, Assistant Deputy Attorney General
      Rebecca M. Hartner, Assistant Attorney General
      Office of the Attorney General, State of South Carolina
      P.O. Box 11549
      Columbia, South Carolina 29211-1549
      mfjowers@scag.gov
      rhartner@scag.gov

For Plaintiff State of Texas:

>       Bret Fulkerson
>       Office of the Attorney General, Antitrust Division
>       300 West 15th Street
>       Austin, Texas 78701
>       Bret.Fulkerson@oag.texas.gov

For Defendant Google:

>       John E. Schmidtlein
>       Colette Connor
>       Williams & Connolly LLP
>       725 Twelfth Street, N.W.
>       Washington, D.C. 20005
>       ~~jschmidtlein@wc.com~~
>       ~~cconnor@wc.com~~
>
>       jschmidtlein@wc.com
>       cconnor@wc.com
>
>       Susan Creighton
>       Franklin Rubinstein
>       Wilson Sonsini Goodrich & Rosati
>       1700 K Street, N.W.
>       Washington, D.C. 20006
>       ~~screighton@wsgr.com~~
>       screighton@wsgr.com
>       frubinstein@wsgr.com

Any portion of the transcript or exhibits not so designated pursuant to this subparagraph 6(a) shall ~~not be treated~~ as Confidential Information.

When a Party is entitled under this Order to question a deponent about a document or information that has been designated by a different Protected Person as Highly Confidential or Confidential, the Party that asked such questions shall designate as confidential the portion of the transcript relating to such Highly Confidential or Confidential document or information.

(b)  Documents. A Protected Person who designates as Highly Confidential Information any document that it produced in this Action must stamp or otherwise mark each

page containing ~~Confidential~~said information with the designation "HIGHLY

CONFIDENTIAL" in a manner that will not interfere with legibility, including page numbering,

or audibility. If the entire document ~~is~~does not contain Highly Confidential Information, the

Protected Person shall stamp or label only those pages that contain Highly Confidential

Information.

A Protected Person who designates as Confidential Information any document that it

produced in this Action must stamp or otherwise mark each page containing said information

with the designation "CONFIDENTIAL" in a manner that will not interfere with legibility,

including page numbering, or audibility. If the entire document does not contain Confidential

Information, the Protected Person shall stamp or label only those pages that contain Confidential

Information.

(c)  Electronic Documents and Data. Where a Protected Person produces

electronic files and documents in native electronic format, such electronic files and documents

shall be designated by the Protected Person for protection under this Order by appending to the

file names or designators information indicating whether the file contains Highly Confidential

Information or Confidential Information, or by any other reasonable method for appropriately

designating such information produced in electronic format, including by making such

designations in reasonably accessible metadata associated with the files. ~~Where~~Where Highly

Confidential Information or Confidential Information is produced in electronic format on a disk

or other medium that contains exclusively Confidential Information, the "HIGHLY

CONFIDENTIAL" or "CONFIDENTIAL" designation may be placed on the disk or other

medium. When electronic files or documents in native form are printed for use at deposition, in a

court proceeding, or for provision in printed form to any person described in subparagraph 11(g),

~~12~~

the Party printing the electronic files or documents shall affix a legend to the printed document

saying "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" and include the production number

and designation associated with the native file.

7.  DESIGNATION OF LITIGATION MATERIALS FROM NON-PARTIES

REQUESTED FROM PARTIES. . In the event that a Party is required, by a valid discovery

request, to produce a Non-Party's Highly Confidential Information or Confidential Information

in its possession, and the Party is subject to an agreement with the Non-Party not to produce the

Non-Party's Highly Confidential Information or Confidential Information, then the Party shall:

(a) promptly notify in writing the Party seeking the Highly Confidential

Information or Confidential Information that some or all of the information requested is subject

to a confidentiality agreement with a Non-Party;

(b) promptly notify the Non-Party that its Highly Confidential Information or

Confidential Information is being requested and make the information requested available for

inspection by the Non-Party; and

(c) promptly provide the Non-Party with a copy of the Stipulated Protective Order

in this litigation, the relevant discovery request(s), and a reasonably specific description of the

information requested.

8.  If the Non-Party fails to object or seek a protective order from this Court within 14

days of receiving the notice and accompanying information, the Non-Party's Highly Confidential

Information or Confidential Information responsive to the discovery request may be produced. If

the Non-Party timely seeks a protective order, its Highly Confidential Information or

Confidential Information that is subject to the confidentiality agreement shall not be produced

13

before a determination by the Court.[1] Absent an order to the contrary, the Non-Party shall bear

the burden and expense of seeking protection in this Court of its ~~Protected Material.~~ Highly

Confidential Information or Confidential Information. The terms of this Order are applicable to

information produced by a Non-Party in this action and designated as Highly Confidential

Information. or Confidential Information. Such information produced by Non-Parties in

connection with this litigation is protected by the remedies and relief provided by this Order.

Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

additional protections.

9. UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL OR HIGHLY

CONFIDENTIAL INFORMATION. In the event of a disclosure of any Highly Confidential

Information or Confidential Information to any person(s) not authorized to receive such

disclosure under this Order, the Party responsible for having made such disclosure shall promptly

notify the Protected Person whose material has been disclosed and provide to such Protected

Person all known relevant information concerning the nature and circumstances of the

disclosure. The disclosing Party shall also (a) promptly take all reasonable measures to retrieve

the improperly disclosed material and to ensure that no further or greater unauthorized disclosure

and/or use thereof is made; (b) inform the person or persons to whom unauthorized disclosure

were made of all the terms of this Order, and (c) request such person or persons execute the

Agreement Concerning Confidentiality in the form of Appendix A attached hereto. Unauthorized

or inadvertent disclosure shall not change the confidential status of any disclosed material or

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality
rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality
interests in this Court.

14

waive the right to maintain the disclosed material as containing <u>Highly Confidential Information</u> <u>or</u> Confidential Information.[2]

## C.     Challenges to Highly Confidential or Confidential Designation

10.  Any Party who objects to any designation of confidentiality (the "Objecting Party") may at any time before the trial of this Action provide a written notice to the Protected Person who made such designation (the "Designating Party") and all Parties to this Action stating with particularity the grounds for the objection. All materials objected to shall continue to be treated as Confidential Information <u>or Highly Confidential Information</u> pending resolution of the dispute. Within thirty (30) days of the Objecting Party's written notice, the Objecting Party and the Designating Party shall attempt to confer to discuss their respective positions. If the Objecting Party and Designating Party cannot reach agreement on the objection within thirty (30) days of the Objecting Party's written notice (or another deadline agreed to by the Objecting Party and the Designating Party), the Objecting Party may address the dispute to this Court by filing a letter motion and/or motion in accordance with applicable rules. If the Court finds the designation of <u>Highly Confidential Information or</u> Confidential Information to have been inappropriate, the challenged designation shall be considered rescinded.

## D.     Disclosure of Highly Confidential Information or Confidential Information

11.  <u>Highly</u> Confidential Information may be disclosed only to the following persons:

(a)  the Court and all persons assisting the Court in this Action, including law clerks, court reporters, and stenographic or clerical personnel;

---

[2] Inadvertent disclosures under Fed. R. Evid. 502 are addressed in separate orders.

<s>15</s>

(b)  U.S. Department of Justice attorneys and counsel for Plaintiff States, paralegals and other professional personnel (including support and IT staff), and agents or independent contractors retained by the Plaintiffs to assist in this Action whose functions require access to the information;

(c)  Outside Counsel of Record for Defendant, including any attorneys (but not In-House ~~attorneys~~Counsel for the Defendant), paralegals, and other professional personnel (including support and IT staff) that such outside counsel assigns to this Action whose functions require access to the information (but not any employee of the Defendant);

(d)  outside vendors or service providers (such as copy-service providers, outside court reporters retained for depositions, and document-management consultants) retained by a Party to assist that Party in this Action provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto;

(e)  any mediator, arbitrator, or special master that the Parties engage in this Action or that this Court appoints;

(f)  persons who the Highly Confidential Information itself indicates, or who the receiving party has a good-faith basis to believe, were the author, addressee, recipient, custodian, or source of the document, to the extent they have previously had lawful access to the document disclosed or to be disclosed; ~~any current employee of a Party whose statements or communications are quoted, recounted, or summarized in said Party's document; or persons for whom counsel for Plaintiffs or Defendant believes in good faith previously received or had access to the document, unless the person indicates that he or she did not have access to the document;~~

16

(g)  any person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this Action, provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto; and

(h)  outside trial consultants (including, but not limited to, graphics consultants) provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto.

(i)  the two (2) employees of   12.  Confidential Information may be disclosed only to the following persons:

(a)  the Court and all persons assisting the Court in this Action, including law clerks, court reporters, and stenographic or clerical personnel;

(b)  U.S. Department of Justice attorneys and counsel for Plaintiff States, paralegals and other professional personnel (including support and IT staff), and agents or independent contractors retained by the Plaintiffs to assist in this Action whose functions require access to the information;

(c)  Outside Counsel of Record for Defendant identified on Appendix C hereto, including any attorneys (but not In-House Counsel for the Defendant except as provided in paragraph 12(d) and subject to the procedure in paragraphs 17 through 19), paralegals, and other professional personnel (including support and IT staff) that such outside counsel assigns to this Action whose functions require access to the information (but not any employee of the Defendant);

17

(d)  one In-House Counsel of Defendant with responsibilities for the litigation of this Action who does not currently, and for a period of five years following the last occasion on which Confidential Information is disclosed to such In-House Counsel shall not, (a) participate in or advise on Competitive Decision-Making at the Defendant or any other employer, or (b) participate in or advise on litigation or other legal actions on behalf of Defendant or any other employer involving a third-party whose Confidential Information they accessed or could have ~~executed the~~accessed in the course of this Action for five years following the last occasion on which Confidential Information is disclosed to such In-House Counsel; to qualify for access under this subpart, in-house litigation counsel shall first execute an In-House Counsel Agreement Concerning Confidentiality in the form of Appendix B attached hereto~~, in~~ (which ~~each attests that he or she is not involved in Defendant's competitive decision-making and will not~~executed versions shall be ~~so involved during~~maintained by Outside Counsel for the ~~pendency~~relevant Defendant and available for inspection upon the request of ~~this Action~~the Court, any Party, or any non-Party Protected Person) and ~~for two years thereafter.  The Defendant's employees identified on Appendix C hereto may~~ only access Confidential Information ~~(other than Confidential Information contained in pleadings, expert reports, and discovery responses)~~ in person at the offices of ~~their outside counsel~~Defendant's Outside Counsel of Record, or using a secure electronic data room or document review platform using an individual login ~~identifications~~identification and ~~passwords.~~password. Defendant shall promptly report any confirmed or suspected unauthorized use or disclosure of Confidential ~~Material~~Information to the Court~~, Plaintiff,~~ and ~~the Plaintiff States.~~Plaintiffs.

~~12~~(e)  outside vendors or service providers (such as copy-service providers, outside court reporters retained for depositions, and document-management consultants) retained

by a Party to assist that Party in this Action provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto;

(f)  any mediator, arbitrator, or special master that the Parties engage in this Action or that this Court appoints;

(g)  persons who the Confidential Information itself indicates, or who the receiving party has a good-faith basis to believe, were the author, addressee, recipient, custodian, or source of the document, to the extent they have previously had lawful access to the document disclosed or to be disclosed; any current employee of a Party whose statements or communications are quoted, recounted, or summarized in said Party's document; or persons for whom counsel for Plaintiffs or Defendant believes in good faith previously received or had access to the document, unless the person indicates that he or she did not have access to the document;

(h)  any person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this Action, provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto; and

(i)  outside trial consultants (including, but not limited to, graphics consultants) provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto.

13.  Counsel for the Party making the disclosure must retain the original of the Agreement Concerning Confidentiality in the form of Appendix A attached hereto for a period of at least one year following the final resolution of this Action.

19

~~13~~14.  Each individual described in ~~paragraph~~paragraphs 11 and 12 of this Order to whom information designated as Highly Confidential Information or Confidential Information is disclosed must not disclose that Highly Confidential Information or Confidential Information to any other individual, except as provided in this Order.

~~14~~15.  Nothing in this Order prevents Plaintiffs, subject to taking appropriate steps to preserve the confidentiality of such information, from disclosing such information designated as confidential (i) in the course of any other legal proceeding in which the U.S. Department of Justice or the States of Arkansas, Florida, Georgia, Indiana, Kentucky, Louisiana, Mississippi, Missouri, Montana, South Carolina, and Texas is a party; (ii) for the purpose of securing compliance with a Final Judgment in this Action; or (iii) for law enforcement purposes. ~~However, if Plaintiffs decide to disclose Confidential Information pursuant to the provisions in this Paragraph or Paragraph 15(d), at least seven (7) days in advance of such disclosure it shall, unless otherwise prohibited by law or regulation, provide notice to the producing Party of its intention to make such a disclosure and identify with specificity both the documents it intends to disclose and the proposed recipient of the Confidential Information.~~

~~15~~16.  Nothing in this Order:

(a)  limits a Protected Person's use or disclosure of its own information designated as Highly Confidential Information or Confidential Information;

(b)  prevents disclosure of Highly Confidential Information or Confidential Information with the consent of the Protected Person that designated the material as confidential;

(c)  prevents disclosure by a Party of Highly Confidential Information or Confidential Information (i) that is or has become publicly known through no fault of that Party; (ii) lawfully acquired by or known to that Party independent of receipt during the Investigation

or in discovery in this Action; (iii) previously produced, disclosed and/or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to an order of a court or as may be required by regulation; or

(d) prevents Plaintiff United States' retention, use, or disclosure of Investigation Materials outside the context of this Action to the extent permitted by applicable law or regulation governing such pre-complaint discovery including the Hart-Scott-Rodino Act, 15 U.S.C. § 18a, and the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-14, or for law enforcement purposes, or as required by law, court order, or regulation.

## ~~EE.~~     Challenges to In-House Counsel

17.  Unless otherwise ordered by the Court or agreed to in writing by the Protected Party, before disclosing any information designated as Confidential Information to the Defendant's designated in-house counsel, Defendant must submit in writing to Plaintiffs a written statement that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the In-House Counsel's past, current, and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if In-House Counsel is involved, or may become involved, in any Competitive Decision-Making.

18.  Defendant may disclose Confidential Information to its designated In-House Counsel unless, within 14 days of delivering the request, the Defendant receives a written objection from Plaintiffs. Any such objection must set forth in detail the grounds on which it is based.

19.  If Defendant receives a timely written objection it must meet and confer with the Protected Party to try to resolve the matter by agreement within 7 days of the written objection. If no agreement is reached, Plaintiffs will have fifteen (15) day to file a motion with the Court,

~~21~~

objecting to designated In-House Counsel. Defendant will not disclose any Confidential

Information (and at no point may disclose Highly Confidential Information) to its in-house

counsel pending resolution of the dispute. If the Court finds the designated In-House Counsel to

not be engaged in Competitive Decision-Making, Defendant will be able to disclose Confidential

Information to its designated In-House Counsel in accordance with paragraph 12.

**F.** **Use of Information Designated Highly Confidential or Confidential in This Action**

1620.  In the event that any Highly Confidential Information or Confidential Information

is contained in any pleading, motion, exhibit or other paper filed or to be filed with the Court, the

Court shall be so informed by the party filing such papers, and such papers shall be filed under

seal, in accordance with Local Rule 5.1(h). This Order hereby grants the Parties leave to file such

properly designated Highly Confidential Information or Confidential Information under seal. To

the extent that such material was originally submitted by a Non-Party, the Party including the

materials in its papers shall immediately notify the submitter of such inclusion. Highly

Confidential Information and Confidential Information contained in the papers shall continue to

be maintained under seal until further order of the Court, provided, however, that such papers

may be furnished to persons or entities who may receive Highly Confidential Information or

Confidential Information pursuant to ParagraphParagraphs 11. and 12. Upon or after filing any

paper containing Highly Confidential Information or Confidential Information, the filing Party

shall file on the public record a duplicate copy of the paper that does not reveal Highly

Confidential Information. or Confidential Information. Further, if the protection for any such

material expires, a Party may file on the public record a duplicate copy that also contains the

formerly protected material. Nothing in this Order shall restrict the Parties or any interested

22

member of the public from challenging the filing of any <u>Highly Confidential Information or</u> Confidential Information under seal.

~~17~~21. Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include <u>Highly Confidential Information or</u> Confidential Information so that the other parties can ensure that only authorized individuals are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as <u>Highly Confidential Information or</u> Confidential Information.

~~F~~**G.**     **Use of Highly Confidential Information or Confidential Information at Trial**

~~18~~22.   Disclosure at trial or at any evidentiary hearing of any document, testimony, or other material designated as <u>Highly Confidential Information or</u> Confidential Information will be governed pursuant to a separate court order. Unless otherwise directed by the Court, the Parties shall meet and confer and submit a recommended order outlining those procedures no later than thirty (30) calendar days before the first day of trial or any evidentiary hearing. Upon the filing of a proposed order governing the disclosure of <u>Highly Confidential Information or</u> Confidential Information at trial or any evidentiary hearing, the Parties shall provide notice of such order to third parties whose <u>Highly Confidential Information or</u> Confidential Information is expected to be used at trial or any evidentiary hearing.

~~20~~23.   Unless otherwise provided for in this Order, all <u>Highly Confidential Information and</u> Confidential Information produced by a Party or a Non-Party as part of this proceeding shall be used solely for the conduct of this Action and shall not be used for any business, commercial, competitive, personal, or other purpose.

**H.**     **Procedures upon Termination of This Action**

~~23~~

2124.  The obligations imposed by this Order survive the termination of this Action unless the Court, which shall retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise. Within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating this litigation, all persons having received information designated as Highly Confidential Information or Confidential Information must, to the extent permitted by the states' retention schedules, either make a good faith effort to return such material and all copies thereof to the Protected Person (or the Protected Person's counsel if represented by counsel) that produced it, or destroy or delete all such Highly Confidential Information or Confidential Information and certify that fact in writing to the Party or Protected Person.

2225.  Counsel for the Parties will be entitled to retain court papers and exhibits, deposition transcripts and exhibits, trial transcripts and exhibits, and work product, provided that the Parties and their counsel do not disclose the portions of court papers and exhibits, deposition transcripts, and exhibits, trial transcripts and exhibits, or work product containing information designated as Highly Confidential Information or Confidential Information to any person except pursuant to court order or agreement with the Protected Person that produced the Highly Confidential Information or Confidential Information or as otherwise permitted herein. AllAll Highly Confidential Information and Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this paragraph. Nothing in this paragraph, however, restricts the rights of the Parties under paragraphs 1415 or 1516 of this Order.

**I.       Right to Seek Modification**

24

23 26.  Nothing in this Order limits any Person, including members of the public, a Party, or a Protected Person, from seeking (1) further or additional protections of any of its materials, or (2) modification of this Order upon motion duly made pursuant to the Rules of this Court, including, without limitation, an order that certain material not be produced at all or is not admissible evidence in this Action or any other proceeding.

## J.    The Privacy Act

24 27.  Any order of this Court requiring the production of any document, information, or transcript of testimony constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11).

## K.    Persons Bound by This Order

25 28.  This Order shall be binding on the Parties to this Action, their attorneys, and their successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

## L.    Violations of this Order by Defendant's Designated In-House Counsel

26. 30.  Recognizing the grave harm to competition that may result from In-House Counsel's inappropriate use of Highly Confidential Information, any violation by In-House Counsel of this Order may be deemed a contempt and punished by a fine of up to $250,000, for which In-House Counsel will be personally liable. Any imposed fine will be paid individually by the person who violates this Order. A violator may not seek to be reimbursed or indemnified for the payment the violator has made. If the violator is an attorney, the Court may recommend to the appropriate professional disciplinary authority that the attorney be sanctioned, suspended, or disbarred.

25

**AGREED TO:**

Dated: _____, _____ ,2020 _____ By: _____

By: _____

By: _____

By: _____


**SO ORDERED:**

Dated this ___ day of _____, 2020

_____

_____

APPENDIX A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

United States of America, *et al.*,

                                        Plaintiffs,          Case No. 1:20-cv-03010-APM

v.                                                          HON. AMIT P. MEHTA

Google LLC,

                                        Defendant.

## <u>AGREEMENT CONCERNING CONFIDENTIALITY</u>

I, _____, am employed by _____ as _____.

I hereby certify that:

1.   I have read the Protective Order entered in the above-captioned action, and understand its terms.

2.   I agree to be bound by the terms of the Protective Order entered in the above-captioned action. I agree to use the information provided to me only as explicitly provided in this Protective Order.

3.   I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action ~~may~~<u>will</u> subject me, without limitation, to civil and criminal penalties for contempt of Court.

4.   I submit to the jurisdiction of the United States District Court for the District of Columbia solely for the purpose of enforcing the terms of the Protective Order entered in the

above-captioned action and freely and knowingly waive any right I may otherwise have to object

to the jurisdiction of said court.

_____
SIGNATURE

_____
DATE

2

APPENDIX B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

United States of America, *et al.*,

                    Plaintiffs,

v.

Google LLC,

                    Defendant.

Case No. 1:20-cv-03010-APM

HON. AMIT P. MEHTA

## IN-HOUSE <u>LITIGATION</u> COUNSEL AGREEMENT CONCERNING
## CONFIDENTIALITY

I, ~~_____~~ _____, am employed <u>as</u> _____ by
~~as _____.~~ _____.

I hereby certify that:

       ~~1.     As [_____], I am not involved in competitive decision-making at Google.  I do not participate in any decisions about formulating or implementing strategies to compete with our competitors or in any decisions about formulating or implementing pricing strategies.  I am not involved in any competition-related issues that are the subjects of confidential information in this case.  I have no responsibility for and give no advice to management about these topics.  All of the statements in this paragraph will remain true during the pendency of this Action and for two years thereafter.~~

~~3~~

1.   I have read the Protective Order entered in ~~this~~the above-captioned action, and understand its terms.

2.   I agree to be bound by the terms of the Protective Order entered in ~~this Action.  I~~the above-captioned action, agree that in my role as in-house litigation counsel for the above Defendant company I meet the requirements of Paragraph 12(d) of this Protective Order, and agree to use the information provided to me only as explicitly provided in this Protective Order.

3.   I understand that my failure to abide by the terms of the Protective Order entered in ~~this Action may~~the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4.   I submit to the jurisdiction of the United States District Court for the District of Columbia solely for the purpose of enforcing the terms of the Protective Order entered in ~~this~~the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

_____

_____SIGNATURE

_____

_____DATE

4

APPENDIX C

[2 Google employees to be identified here]