UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, *et al.*,

    *Plaintiffs*,

v.

GOOGLE LLC,

    *Defendant*.

Case No. 1:20-cv-03010-APM

HON. AMIT P. MEHTA

## POSITION STATEMENT OF NON-PARTY GROUPM WORLDWIDE, LLC REGARDING THE PROPOSED PROTECTIVE ORDER

Non-Party GroupM Worldwide, LLC ("GroupM") hereby submits its Position Statement as to the proposed protective order in this case pursuant to this Court's Minute Order of November 11, 2020. *See* Dkt. # 24 and related Minute Order of November 9, 2020, Dkt. # 28 and related Minute Order of November 11, 2020, Dkt. # 33, and Dkt. # 34.

### I.    BRIEF FACTUAL BACKGROUND

GroupM Worldwide LLC ("GroupM") is a media purchasing and planning agency widely recognized as the world's leading media investment company. GroupM is a subsidiary of WPP Group USA Inc. ("WPP"). WPP and GroupM received a Civil Investigative Demand (the "CID") in connection with the Department of Justice ("DOJ") investigation that led to the commencement of this case. In response to that CID, GroupM produced to the DOJ various categories of documents and information that included highly confidential and proprietary information of GroupM. One category of such confidential information produced to the DOJ included data reflecting GroupM's advertising expenditures among all of the major social, video, and display advertising platforms. That highly confidential information was wide-ranging in that

it included information related to not only the various advertising platforms offered by Google LLC ("Google") but those advertising platforms offered by all of Google's key competitors. GroupM's business partners treat this information as highly confidential and proprietary as between them and GroupM, and GroupM produced this highly confidential information to the DOJ based upon the understanding that GroupM's highly confidential information would be protected from disclosure.

## II.   LEGAL POSITION OF GROUPM

### A.   The Court Should Adopt the "Outside Attorneys' Eyes Only" Approach.

The parties to this case currently dispute the terms of a proposed protective order governing the production and use of confidential information in this case. Specifically, the disputed terms primarily concern the extent to which in-house counsel at defendant Google -- as opposed to outside counsel only for Google -- will be permitted to see certain confidential documents produced by non-parties to this case. GroupM adopts, and incorporates by reference, the cogent arguments advanced by the Plaintiffs, the United States and the Plaintiff States, in their November 13, 2020 Status Report and Proposal for Protective Order. *See generally* Dkt. # 34, pages 3-10, Part II) (arguing that highly confidential information should be restricted to "outside attorneys' eyes only").

The adoption of an "outside attorneys' eyes only" designation is critical in this case because GroupM's advertising spend accounts for approximately one third of all digital advertising spends in the United States. As a result, data and information concerning GroupM's expenditures on behalf of its clients could be particularly useful to others because it could be used by GroupM's competitors to derive insights about the market as a whole. Any person that gained access to data concerning GroupM's advertising spend, pricing, and allocation of total ad

spend would have an unfair, competitive advantage in setting prices, targeting market share, and determining the relative strength and weaknesses of competing products in the marketplace.  The disclosure of this highly confidential information would clearly be harmful to GroupM and others.

Allowing disclosure to in-house personnel of a party, which is what Google proposes, even if such disclosure is limited to personnel with specific roles, will not afford the same critical, high level of protection as limiting disclosure to "outside counsel's eyes only".  The prospect of disclosure -- even an inadvertent disclosure -- of GroupM's highly confidential ad spend information would greatly increase if that information were shared with in-house counsel.  GroupM therefore respectfully submits that access to highly confidential information, such as GroupM's advertising spend data, should be strictly limited and given the highest level of protection that can be afforded under the protective order, *i.e.,* disclosed only on an "outside attorneys' eyes only" basis.

B.     <u>Confidential Information In This Case Should Not Be Used In Other Proceedings</u>.

GroupM objects to the provisions in both proposed protective orders that would permit the Plaintiffs to disclose third-party confidential information produced in this case in "any other legal proceeding" in which a Plaintiff is a party.  GroupM also objects to the Plaintiffs' proposal that allows Plaintiffs to make such disclosures without giving any notice to affected third parties like GroupM.

III. CONCLUSION

For the foregoing reasons, and for any reasons that may be advanced at a hearing on the scope and terms of the proposed protective order in this case, GroupM Worldwide, LLC requests that the Court adopt the protective order proposed by the Plaintiffs in this case (Dkt. # 34-1), except as noted in Part II.B, *supra,* by Group M.

Respectfully submitted

Date:  November 20, 2020                     /s/ James D. Sadowski
                                             James D. Sadowski (D.C. Bar No. 446635)
                                             Greenstein DeLorme & Luchs, P.C.
                                             801 17th Street, NW, Suite 1000
                                             Washington, DC  20006
                                             Telephone:  (202) 452-1400
                                             Facsimile:  (202) 452-1400
                                             Email:  jds@gdllaw.com
                                             *Counsel for Non-Party GroupM Worldwide, LLC*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of November, 2020, a true copy of the foregoing Non-Party Position Statement of GroupM Worldwide, LLC should be served by Notice of Electronic Filing ("NEF") on all persons designated to receive electronic notice in this case.

/s/ James D. Sadowski
James D. Sadowski