**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

UNITED STATES OF AMERICA, *et al.,*

*Plaintiffs,*

v.

GOOGLE LLC,

*Defendant.*

Case No.: 1:20-cv-03010-APM

HON. AMIT P. MEHTA

---

**MOTION BY PROSPECTIVE PLAINTIFF STATE OF CALIFORNIA**
**FOR JOINDER AS PLAINTIFF IN THE INSTANT ACTION**

Pursuant to Federal Rule of Civil Procedure 20, Prospective Plaintiff State of California

("California"), through its counsel, Attorney General Xavier Becerra, respectfully moves to join

the State of California as a plaintiff in this case, and for such other and further relief as the Court

deems just and proper.  In support, California submits its Memorandum of Law, dated December

11, 2020, which is filed herewith this motion.

Dated this 11th day of December, 2020.

Respectfully submitted,

**FOR STATE OF CALIFORNIA:**

XAVIER BECERRA, Attorney General

      /s/ Ryan J. McCauley
RYAN J. McCAULEY, Deputy Attorney General
ADAM MILLER, Deputy Attorney General
BRIAN WANG, Deputy Attorney General
QUYEN TOLAND, Deputy Attorney General
PAULA BLIZZARD, Supervising Deputy Attorney General
KATHLEEN FOOTE. Senior Assistant Attorney General

Office of the Attorney General
California Department of Justice

455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102
Phone: (415) 229-0102
Email: Ryan.McCauley@doj.ca.gov
       Adam.Miller@doj.ca.gov

*Attorneys for the State of California*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.,* | |
| *Plaintiffs,* | Case No.: 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| GOOGLE LLC, | |
| *Defendant.* | |

**PROSPECTIVE PLAINTIFF STATE OF CALIFORNIA'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR JOINDER AS PLAINTIFF**

**I.     Background and Proposed Changes to Complaint**

On October 20, 2020, the United States of America, along with eleven states, filed the

operative complaint against Google LLC.  Prospective Plaintiff State of California ("California")

now moves the Court for permission to join the action as a plaintiff pursuant to F.R.C.P. 20.

California proposes three procedural revisions to the existing complaint: the addition of a

signature block for California, the addition of California to the caption, and the addition of

California to the lists of states that appear in two paragraphs.  The caption would be changed to

include:

> STATE OF CALIFORNIA
> 455 Golden Gate Ave, Suite 11000
> San Francisco, CA 94102

The unnumbered, introductory paragraph at page 2 of the Complaint would be revised to state:

> The United States of America, acting under the direction of the Attorney General of the
> United States, and the States of Arkansas, *California*, Florida, Georgia, Indiana,
> Kentucky, Louisiana, Mississippi, Missouri, Montana, South Carolina, and Texas, acting
> through their respective Attorneys General . . . [remainder of paragraph as in original].

Paragraph 15 would be changed to state:

> 15.  Plaintiffs Arkansas, *California,* Florida, Georgia, Indiana, Kentucky, Louisiana, Mississippi, Missouri, Montana, South Carolina, and Texas … [remainder of paragraph as in original].

In addition, a signature block identical to the one on this motion would be added.

Rule 20 contemplates that non-party "[p]ersons may join in one action as plaintiffs" in cases such as this, where California seeks relief common to the existing plaintiffs, and based on "question of law or fact common to all plaintiffs."  Accordingly, the Court should grant this motion for joinder.

## II.     Meet & Confer

California has conferred with all parties to this action concerning this motion.  The United States and the other plaintiff states consent to the joinder of California as a plaintiff. California has discussed this motion with counsel for defendant Google pursuant to Local Rule 7(m), but has not yet received a statement of Google's position.

## III.    Authority

### A.     F.R.C.P. 20 Permits Joinder of Additional Plaintiffs

Rule 20 is titled "Permissive Joinder of Parties," and provides in pertinent part:

(a) Persons Who May Join or Be Joined.
    (1) Plaintiffs. Persons may join in one action as plaintiffs if:
        (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
        (B) any question of law or fact common to all plaintiffs will arise in the action.

Here, California seeks to join as a plaintiff because it asserts equivalent rights to relief arising out the same series of transactions or occurrences, and under questions of law or fact common to all

2

plaintiffs in this action.[1]  California simply seeks to be added as a plaintiff to the complaint on file.

In this District, moving pursuant to F.R.C.P. 20 is the appropriate method for joinder.  In *Breen v. Chao*, No. CV 05-0654 (PLF), 2018 WL 1509077 (D.D.C. Mar. 27, 2018), several prospective plaintiffs sought to join an existing complaint, nearly two years after that defendant had answered, by filing a motion under F.R.C.P. 20.[2]  The court observed that it "has discretion in determining whether to permit the prospective plaintiffs to join this case, so long as it does so 'on just terms' and in accordance with Rule 20 governing permissive joinder." *Id.* at *9. Accordingly, this Court has discretion to determine whether California can join the complaint "on just terms," which should include assessing any "potential for prejudice to any party or undue delay." *Id.*

## B.      Defendant Google Is Not Prejudiced by the Joinder of California

California is not making substantive changes to the complaint.  In particular, California is not seeking to add any new facts or claims.  Discovery has not yet begun in this matter, no schedule has been set and California expects to participate in the litigation on the schedule set in the Court's forthcoming case management order.

## C.      California's Motion For Joinder Is Timely, Will Not Cause Delay and Serves the Interests of Justice

California is filing its motion for joinder seven weeks after the original complaint was filed and before Google has filed any responsive pleading.  Joining California is timely, promotes judicial efficiency, and will not cause any delay.  *Cf. id.* at *1 (granting joinder

---

[1] Should the Court prefer, it also has the power to join California pursuant to F.R.C.P. 21:  "On motion or on its own, the court may at any time, on just terms, add or drop a party."

[2] To the extent necessary, the Court may interpret California's Motion alternatively as a motion to intervene under F.R.C.P. 24. *See Breen*, 2018 WL 1509077  at *1, n.1.

notwithstanding passage of nearly two years from the time defendant answered the complaint).
As the court concluded in *Breen*, "permitting the prospective plaintiffs to join the case and
resolve their disputes on the merits would serve the interests of justice." *Id*. at *11.  The same is
true here.

## IV.   Conclusion

California's Motion for Joinder should be granted as it would serve the interests of
justice.  Google will suffer no prejudice and joinder of California will not cause delay in this
litigation.

Dated this 11th day of December, 2020.

Respectfully submitted,

**FOR STATE OF CALIFORNIA:**

XAVIER BECERRA, Attorney General

_____/s/ Ryan J. McCauley_____
RYAN J. McCAULEY, Deputy Attorney General
ADAM MILLER, Deputy Attorney General
BRIAN WANG, Deputy Attorney General
QUYEN TOLAND, Deputy Attorney General
PAULA BLIZZARD, Supervising Deputy Attorney General
KATHLEEN FOOTE. Senior Assistant Attorney General

Office of the Attorney General
California Department of Justice
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102
Phone: (415) 229-0102
Email:  Ryan.McCauley@doj.ca.gov
        Adam.Miller@doj.ca.gov

*Attorneys for the State of California*