# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

## **JOINT STATEMENT REGARDING ESI AND CMO**

Pursuant to the Court's November 18, 2020 Minute Order, Federal Rule of Civil Procedure 26(f), and Local Rule 16.3, the Parties submit this Joint Statement updating the Court on the status of discussions regarding a proposed Electronically Stored Information ("ESI") Order and a proposed Scheduling and Case Management Order ("CMO").

The Parties have reached agreement on all terms of an ESI order and attach the proposed order as Exhibit A hereto.

The Parties also have had productive discussions regarding a proposed CMO and have reached agreement on all terms of a proposed CMO except three. Attached as Exhibit B is a Joint Meet and Confer Statement and proposed CMO showing the current status of discussions. The highlighted provisions show the areas of disagreement and each side's proposal regarding the provision.

Set forth immediately below is a chart identifying the three areas of disagreement regarding the CMO, followed by the Parties' short position statements on those items.

## Summary of CMO Provisions in Dispute

| Par. | Provision | Plaintiffs' Proposal | Google's Proposal |
|---|---|---|---|
| 5/7 | Production of Investigation Materials | After discovery opens, Google issues RFP seeking investigation materials, Plaintiffs respond in ordinary course. | Plaintiffs to produce investigation materials for third parties identified on Plaintiffs' Initial Disclosures within seven days after entry of Protective Order. |
| 5 | Expert Reply Reports | Served 50 days after opposition reports. | No reply reports. |
| 14 | Two-Day Party Depositions | Depositions of party fact witnesses are limited to no more than a [7] hour day, excepting that each side may choose to extend [8] depositions to [14] hours. | Depositions of party fact witnesses are limited to no more than a [7] hour day unless otherwise stipulated or with leave of Court. |

## Plaintiffs' Position Statement Regarding CMO

***Production of Investigation Materials.***

There should not be special discovery procedures for investigative materials. Consistent with the discovery procedures in the Federal Rules of Civil Procedure, Google can issue a request for production for these materials at the start of discovery. After Plaintiffs serve their responses and objections, Google will receive investigation materials on the standard schedule.

There is no need for Google to cut short the normal procedures allowing for Plaintiffs to object to Google's discovery requests. Depending on the scope of those requests, Plaintiffs may object in part because some materials collected by Plaintiffs in the course of their investigations are not relevant to this case. The Parties can resolve any dispute regarding the scope of Google's requests in accordance with the usual procedures under the Federal Rules.

There is also no need for Google to receive these materials within seven days of entry of the Protective Order—a date that might fall during the holidays—when the Parties have agreed to a 15-month discovery period. Plaintiffs are preparing materials for production now. If Google issues a RFP on the first day of discovery, Plaintiffs will respond with objections and responses within 30 days and produce responsive materials shortly thereafter. The responses will include the required date certain for production of responsive materials. The difference between following the normal course under the rules and Google's expedited procedure therefore will only be a few weeks. There is no prejudice to Google from waiting those few additional weeks.

Google already has information regarding third party witnesses and documents. Plaintiffs have provided Google with fulsome initial disclosures, identifying over 140 third-parties that might have relevant information. Google is not entitled to early discovery regarding these third-parties. Plaintiffs have numerous high-priority requests for Google but Plaintiffs are waiting to make those requests until discovery begins. Google should do the same.

***Expert Reply Reports.***

Plaintiffs propose that there be opening, rebuttal, and reply expert reports. Many case schedules provide for three rounds of expert reports. *See, e.g.*, *In re: American Express Anti-Steering Rules Antitrust Litigation (No. II)*, No. 10-04496, 11-02221, ECF No. 13 (E.D.N.Y. March 2, 2011) (providing for opening expert reports from party bearing burden, rebuttal reports, and sur-rebuttal reports); *FTC v. Vyera Pharmaceuticals*, 20-00706, ECF No. 243 (S.D.N.Y. September 11, 2020) (providing for opening reports from party bearing burden, rebuttal reports, and reply reports). This Court did allow for only opening and rebuttal reports in *FTC v. Sysco Corporation*, 15 Civ. 256 (APM), ECF No. 63 (D.D.C. March 9, 2015); however, that case was a merger case on a more expedited schedule. Plaintiffs' proposed process does not give either Party

3

an unfair advantage. The Parties will serve their opening expert reports simultaneously, the other side will serve a rebuttal, and then each side will have a chance to serve a reply in support of the opening report. In addition, the complexity and importance of the issues in this case justify a third round of expert reports.

***Two-Day Party Depositions.***

Google's refusal to provide for any two-day depositions is without merit in this case. The touchstone for discovery under Federal Rule of Civil Procedure 26(b)(1) is proportionality, which includes both the "importance of the issues at stake in the action" as well as the "parties' resources." Fed. R. Civ. P. 26(b)(1). Here, there can be no debate that this case impacts nearly all Americans and a substantial portion of the U.S. economy and that Google's resources are ample.

Proportionality dictates that Plaintiffs be allowed two-day depositions in this case. Plaintiffs ask only for eight, two-day depositions. The scope and complexity of this case supports this request for some multi-day depositions. *See In re Intel Corp. Microprocessor Antitrust Litigation,* 05-1717, 2008 U.S. Dist. LEXIS 103019 (D. Del. Dec. 18, 2008) at *7 (adopting Special Master's recommendation allowing depositions of 22.5, 15, and 14 hours based on factors including the "massive breadth and scope of this MDL proceeding, including its impact on the computer industry which affects large numbers of customers and consumers"); Fed. R. Civ. P. 30(d)(1) (court may authorize additional time beyond seven hours).

Further, when there are multiple parties wishing to depose a witness, as here, more time may be necessary to ensure each has the opportunity to complete its questioning. Advisory Committee's Notes to 2000 Amendments to Fed. R. Civ. P. 30(d)(2) ("In multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative

questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest.").

## Google's Position Statement Regarding CMO

*Production of Investigation Materials.*

Plaintiffs have disclosed that they collected an estimated 1.5 million documents in addition to unstructured data from certain third parties during the course of the pre-Complaint investigation. The Court should order Plaintiffs to produce the materials Plaintiffs collected from third parties identified in Plaintiffs' Initial Disclosures on an outside-counsel basis within seven days of the start of fact discovery. The production would be made in accordance with the confidentiality procedures set forth in the operative Protective Order so that Google's outside counsel may promptly begin reviewing these materials. The specific investigative materials Google seeks as part of this initial production are (i) CIDs, subpoenas, compulsory process, or voluntary requests for information sent by any Plaintiff in connection with the Investigation to a third party who is identified in Plaintiffs' Initial Disclosures; (ii) those documents, data, and materials provided by a third party who is identified in Plaintiffs' Initial Disclosures to any Plaintiff in response to (i); (iii) any declaration, affidavit, or written statement provided in connection with the Investigation to any Plaintiff by any third party who is identified in Plaintiffs' Initial Disclosures; and (iv) any transcript of any deposition taken in connection with the Investigation of any third party who is identified in Plaintiffs' Initial Disclosures.[1]

Plaintiffs have collected these items from third parties over the course of Plaintiffs' year-plus investigation. There is no basis for Plaintiffs' further delay in providing Google access to

---

[1] Plaintiffs indicated during a status conference that there are no such depositions, in which case this fourth category would be a null set.

these materials on an outside-counsel basis. Plaintiffs have long been on notice that the material was subject to production, as such materials are routinely produced in these sorts of cases. As the Court explained during the parties' first status conference six weeks ago, "the government has been investigating this case for the better part of a year, if not longer, and so it ought to be in a position to move forward with the disclosure of the evidence that it's acquired." Status Tr.19:9-13, October 30, 2020, D. 31. If the parties are to meet the 15-month fact discovery schedule proposed, Google must be put on equal footing as to the materials produced by third parties that Plaintiffs have identified as having relevant information pertaining to this case.

Plaintiffs have nevertheless refused Google's request for expeditious production. Plaintiffs' proposal that they continue to enjoy unilateral access to these documents unnecessarily impedes (among other things) Google's orderly ability to prepare its defenses, formulate a discovery plan, and propound relevant and proportional third-party discovery requests in the normal course of the litigation. Plaintiffs' continued insistence that Google serve formal discovery requests and that Plaintiffs only produce investigative materials a month or more after receiving such formal discovery requests is not warranted and only serves to unnecessarily delay these proceedings.

***Expert Reply Reports.***

Google proposes the exchange of expert reports be limited to two rounds of simultaneous exchange: (1) each side serves opening expert reports thirty (30) days after the close of fact discovery; and (2) each side serves rebuttal reports sixty (60) days after service of opening reports. Google's proposal provides both sides with sufficient time and opportunity to present expert opinions and to respond to opposing expert opinions in advance of trial, promotes the efficient resolution of this action, and comports with expert discovery deadlines entered in comparable matters before this Court, including in *FTC v. Sysco Corp.*, No. 15-cv-00256. Plaintiffs' proposal

to add a third round of unnecessary expert reports would introduce cumulative, burdensome, and expensive expert discovery in this litigation.  Of course, any party may seek permission to serve additional reports upon good cause shown; but absent such good cause, Google sees no presumptive basis for a third round of expert reports.

***Two-Day Party Depositions.***

Consistent with Federal Rule of Civil Procedure 30(d)(1), Google proposes that fact depositions of party witnesses presumptively be limited to one day of seven (7) hours of time on the record for each witness.  Should either side require additional time to fairly examine a particular fact witness, the noticing side may (in the normal course of the litigation) seek agreement from the other side, or, failing agreement, seek leave of the Court consistent with Rule 26(b) and Rule 30(d)(1). Because party depositions will be predominately one-sided (*i.e.*, the noticing side will use the bulk, if not all, of the record time), Plaintiffs have already deposed several party witnesses during the investigation, and in view of the large number of depositions contemplated in this case, there is no need at this point in time to carve an exception from Rule 30(d)(1).  The presumptive seven-hour limit will incentivize Plaintiffs to conduct efficient depositions—something they should be able to do without issue given the broad discovery already conducted during the investigative phase of this matter.

Respectfully submitted,

Dated: December 11, 2020

By: ___*/s/ Kenneth M. Dintzer*___
Kenneth M. Dintzer
U.S. Department of Justice, Antitrust Division
Technology & Financial Services Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530

Kenneth.Dintzer2@usdoj.gov

*On Behalf of Plaintiffs*


WILLIAMS & CONNOLLY LLP

By: */s/ John E. Schmidtlein*
John E. Schmidtlein
Benjamin M. Greenblum
Colette T. Connor
725 12th Street, NW
Washington, DC 20005
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Franklin M. Rubinstein
1700 K St, NW
Washington, DC 20006
Tel: 202-973-8833
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

*Counsel for Defendant Google LLC*