IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>GOOGLE LLC,<br><br>*Defendant.* | Case No.: 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |

**PROSPECTIVE PLAINTIFF STATES OF WISCONSIN AND MICHIGAN'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JOINDER AS PLAINTIFFS**

**I.      Background and Proposed Changes to Complaint**

On October 20, 2020, the United States of America, along with eleven states, filed the operative complaint against Google LLC.  Prospective Plaintiff State of Michigan ("Michigan") and prospective Plaintiff State of Wisconsin ("Wisconsin") now move the Court for permission to join the action as plaintiffs pursuant to F.R.C.P. 20.

Michigan and Wisconsin propose three procedural revisions to the existing complaint: the addition of signature blocks for Michigan and Wisconsin, the addition of Michigan and Wisconsin to the caption, and the addition of Michigan and Wisconsin to the lists of states that appear in two paragraphs.  The caption would be changed to include:

STATE OF MICHIGAN
PO Box 30736
Lansing, MI 48909

STATE OF WISCONSIN
17 W. Main St.
PO Box 7857
Madison, WI 53701

1

The unnumbered, introductory paragraph at page 2 of the Complaint would be revised to state:

> The United States of America, acting under the direction of the Attorney General of the United States, and the States of Arkansas, [*California*][1], Florida, Georgia, Indiana, Kentucky, Louisiana, *Michigan,* Mississippi, Missouri, Montana, South Carolina, ~~and~~ Texas, *and Wisconsin* acting through their respective Attorneys General . . . [remainder of paragraph as in original].

Paragraph 15 would be changed to state:

> 15.  Plaintiffs Arkansas, [*California*][2], Florida, Georgia, Indiana, Kentucky, Louisiana, *Michigan,* Mississippi, Missouri, Montana, South Carolina, ~~and~~ Texas*, and Wisconsin* … [remainder of paragraph as in original].

In addition, a signature block identical to the one on this motion would be added.

Rule 20 contemplates that non-party "[p]ersons may join in one action as plaintiffs" in cases such as this, where Michigan and Wisconsin seek relief common to the existing plaintiffs, and based on "question of law or fact common to all plaintiffs." Accordingly, the Court should grant this motion for joinder.

## II. Meet & Confer

Michigan and Wisconsin have conferred with all parties to this action concerning this motion. The United States and the other plaintiff states consent to the joinder of Michigan and Wisconsin as plaintiffs. Michigan and Wisconsin have discussed this motion with counsel for defendant Google pursuant to Local Rule 7(m), but have not yet received a statement of Google's position.

## III. Authority

### A. F.R.C.P. 20 Permits Joinder of Additional Plaintiffs

Rule 20 is titled "Permissive Joinder of Parties," and provides in pertinent part:

---

[1] Should the Court grant California's Motion for Joinder, 20-CV-03010, Dkt. 69, filed December 11, 2020.

[2] Id.

>   (a) Persons Who May Join or Be Joined.
>
>> (1) Plaintiffs. Persons may join in one action as plaintiffs if:
>>
>>> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>>> (B) any question of law or fact common to all plaintiffs will arise in the action.

Here, Michigan and Wisconsin seek to join as plaintiffs because they assert equivalent rights to relief arising out the same series of transactions or occurrences, and under questions of law or fact common to all plaintiffs in this action.[3]  Michigan and Wisconsin simply seek to be added as plaintiffs to the complaint on file.

In this District, moving pursuant to F.R.C.P. 20 is the appropriate method for joinder.  In *Breen v. Chao*, No. CV 05-0654 (PLF), 2018 WL 1509077 (D.D.C. Mar. 27, 2018), several prospective plaintiffs sought to join an existing complaint, nearly two years after that defendant had answered, by filing a motion under F.R.C.P. 20.[4]  The court observed that it "has discretion in determining whether to permit the prospective plaintiffs to join this case, so long as it does so 'on just terms' and in accordance with Rule 20 governing permissive joinder." *Id.* at *9. Accordingly, this Court has discretion to determine whether Michigan and Wisconsin can join the complaint "on just terms," which should include assessing any "potential for prejudice to any party or undue delay." *Id.*

---

[3] Should the Court prefer, it also has the power to join Michigan and Wisconsin pursuant to F.R.C.P. 21: "On motion or on its own, the court may at any time, on just terms, add or drop a party."

[4] To the extent necessary, the Court may interpret Michigan's and Wisconsin's Motion alternatively as a motion to intervene under F.R.C.P. 24. *See Breen*, 2018 WL 1509077 at *1, n.1.

### B. Defendant Google Is Not Prejudiced by the Joinder of Michigan and Wisconsin

Michigan and Wisconsin are not making substantive changes to the complaint. In particular, Michigan and Wisconsin are not seeking to add any new facts or claims. Discovery has not yet begun in this matter, no schedule has been set and Michigan and Wisconsin expect to participate in the litigation on the schedule set in the Court's forthcoming case management order.

### C. Wisconsin and Michigan's Motion For Joinder Is Timely, Will Not Cause Delay and Serves the Interests of Justice

Wisconsin and Michigan are filing their motion for joinder approximately eight weeks after the original complaint was filed and before Google has filed any responsive pleading. Joining Michigan and Wisconsin is timely, promotes judicial efficiency, and will not cause any delay. *Cf. id.* at *1 (granting joinder notwithstanding passage of nearly two years from the time defendant answered the complaint). As the court concluded in *Breen*, "permitting the prospective plaintiffs to join the case and resolve their disputes on the merits would serve the interests of justice." *Id.* at *11. The same is true here.

## IV. Conclusion

Wisconsin and Michigan's Motion for Joinder should be granted as it would serve the interests of justice. Google will suffer no prejudice and joinder of Michigan and Wisconsin will not cause delay in this litigation.

Dated this 17th day of December, 2020.

Respectfully submitted,

**FOR STATE OF WISCONSIN:**
Joshua L. Kaul, Attorney General

 /s/ Gwendolyn J. Lindsay Cooley
Gwendolyn J. Lindsay Cooley
Assistant Attorney General

Wisconsin Department of Justice
17 W. Main St.
Madison, WI 53701
Phone: (608) 261-5810
Email: Gwendolyn.Cooley@Wisconsin.gov

*Attorneys for the State of Wisconsin*

**FOR STATE OF MICHIGAN:**

DANA NESSEL, Attorney General

/s/ Ann M. Sherman
ANN M. SHERMAN, Deputy Solicitor General
WISAM E. NAOUM, Assistant Attorney General

Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
Phone: (517) 335-7632
Email: ShermanA@Michigan.gov
           NaoumW1@Michigan.gov

*Attorneys for the State of Michigan*

5