**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

**DEFENDANT'S RESPONSE TO PROSPECTIVE PLAINTIFF
STATE OF CALIFORNIA'S MOTION FOR JOINDER AS A PLAINTIFF**

Defendant Google LLC ("Google") does not oppose the State of California being added as a plaintiff to the existing Complaint in this action. Its motion ("Motion for Joinder") (ECF 69), however, incorrectly relies upon Rule 20 of the Federal Rules of Civil Procedure to accomplish this. As explained below, a Rule 24 motion for intervention is the correct way for a would-be plaintiff to attempt to join an existing legal action, and any order allowing the State to join this action should be framed in terms of intervention rather than joinder.[1]

**A.      Intervention Pursuant to Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure is the Proper Procedural Mechanism for California to Join This Action.**

Rule 24 intervention is the mechanism by which a new party may attempt to join an existing lawsuit. By contrast, Rule 20 sets forth the requirements that an *existing* party must meet in order to join *additional* parties. *See, e.g.*, *In re Plavix Mktg., Sales Practices & Prod.*

---

[1] Earlier today, the States of Wisconsin and Michigan filed a motion identical to that filed by the State of California. (ECF 75). Google's position on that motion is the same as set forth in this response.

1

*Liab. Litig. (No. II)*, 974 F.3d 228, 234 (3d Cir. 2020) ("Intervention is distinct from joinder . . . . [J]oinder is begun by the existing parties or the court.  Intervention, by contrast, involves a *nonparty's* motion to enter a suit to protect its interests." (emphasis in original)); *Patel v. Bureau of Prisons*, 2011 WL 13253659, at *1 (D.D.C. Sept. 19, 2011) ("[P]ermissive joinder is used by a person who is already a party to the proceeding[] who wishes to bring in another party, while [i]ntervention is used by a person who is outside the litigation who wishes to join it" (internal quotations omitted) (alterations in original)); *see also Adams v. Bell*, 711 F.2d 161, 195–98 (D.C. Cir. 1983) (noting "intervention is a device that permits . . . nonparties to become parties to litigation that affects them").  In *Patel*, for example, the court held that because the movants were not parties to the litigation, they could not make use of Rule 20 joinder, and were limited to Rule 24 intervention.  2011 WL 13253659, at *1; *see also Ying Qing Lu v. Lezell*, 2012 WL 1929904, at *1 (D.D.C. May 29, 2012).  So too here.[2]

**B.     Google Does Not Oppose Rule 24(b)(1)(B) Permissive Intervention.**

California suggests in a footnote that "[t]o the extent necessary, the Court may interpret [the] Motion alternatively as a motion to intervene under F.R.C.P. 24."  Motion for Joinder at 3 n.2.  Google has no objection to the Court doing so and permitting California to intervene in the action in accordance with Rule 24(b)(1)(B).  Rule 24(c) specifies that a motion for intervention "must . . . be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  Fed. R. Civ. P. 24(c).  While California did not submit a separate pleading, its

---

[2] California's lone cited authority, *Breen v. Chao*, 2018 WL 1509077 (D.D.C. Mar. 27, 2018), makes reference to Rule 20's joinder requirements in analyzing whether to allow new plaintiffs to join an existing lawsuit.  The court there, however, permitted the new parties to join in the court's own discretion pursuant to Rule 21 and did not address the distinction between joinder and intervention.  *See id.* at *9.

motion claims that it "is not seeking to add any new facts or claims" and "is not making substantive changes to the complaint." Motion for Joinder at 3. Rather, it only seeks to add California to the list of Plaintiff States on page 2 and paragraph 15 of the existing Complaint, and to the case caption. *Id.* at 1–2. Under these circumstances, Google does not oppose Rule 24(b)(1)(B) permissive intervention notwithstanding California's failure to satisfy the requirements for Rule 24 intervention in its Motion for Joinder.

For these reasons, Google submits that any order permitting California to join this action should be framed in terms of permissive intervention pursuant to Rule 24(b)(1)(B). In addition, Google respectfully requests that any order on the Motion for Joinder should require Plaintiffs to file an amended complaint incorporating the amendments detailed in California's Motion for Joinder on or before the deadline for amending the pleadings.

Dated: December 17, 2020                 Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By:  /s/ *John E. Schmidtlein*
John E. Schmidtlein
Benjamin M. Greenblum
Colette T. Connor
725 12th Street, NW
Washington, DC 20005
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton
Franklin M. Rubinstein
1700 K St, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

*Counsel for Defendant Google LLC*