**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

**DEFENDANT GOOGLE LLC'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant Google LLC ("Google") answers Plaintiffs' Complaint, through its undersigned counsel, as set forth below.  Google generally denies the legal claims asserted in Plaintiffs' Complaint.  Google further states that for nearly a quarter century, Google's mission has been to organize the world's information and make it universally accessible and useful.  To further that mission, Google has developed, continually innovated, and promoted Google Search for use by consumers all over the world.  People use Google Search because they choose to, not because they are forced to or because they cannot easily find alternative ways to search for information on the Internet.

**RESPONSE TO NUMBERED PARAGRAPHS**

The section headings in the Complaint do not require a response.  To the extent that the section headings contain allegations requiring a response, Google denies all such allegations.

1.     Google admits that it was founded in a Menlo Park garage 22 years ago and that it created an innovative way to search the internet, Google Search, but denies the remaining

allegations in the first sentence of Paragraph 1 of the Complaint.  Google admits that its parent company, Alphabet Inc., has a roughly $1 trillion market capitalization and had revenue exceeding $160 billion in 2019, but denies that these allegations apply to Google LLC, the Defendant in this case.  Google denies the remaining allegations in Paragraph 1 of the Complaint.

2.      Google admits that consumers often access search products and services through mobile devices, laptops, and desktops that contain web browsers and other search access points. Google denies the remaining allegations in the first, second, and third sentences of Paragraph 2 of the Complaint.  As to the fourth sentence of Paragraph 2 of the Complaint, Google admits that over the last ten years, internet searches on mobile devices have grown and by some measures today exceed searches on laptops and desktops, but denies the remaining allegations in this sentence.

3.      Google denies the allegations in Paragraph 3 of the Complaint.

4.      Google denies the allegations in the first sentence of Paragraph 4 of the Complaint. As to the second sentence of Paragraph 4 of the Complaint, Google admits that it has entered into various agreements with mobile device manufacturers (such as Apple, LG, Motorola, and Samsung), carriers (such as AT&T, T-Mobile/Sprint, and Verizon), and browser developers (such as Mozilla, Opera, and UCWeb) for the promotion of Google's products and services, including agreements that provide for Google's search service to be the out-of-the-box default search service for certain search access points, that, in exchange, Google shares a portion of revenue received from devices enrolled, and that Google has shared revenue in cumulative amounts in the billions, but denies Plaintiffs' characterization of those agreements and denies that Google prohibits counterparties from dealing with Google's competitors.  As to the third sentence of Paragraph 4 of the Complaint, Google admits that it has entered into agreements that provide for preinstallation of a suite of Google apps and that these agreements contain various provisions regarding placement

of certain Google apps on devices' system partitions and default home screen for the out-of-the-box settings, but denies Plaintiffs' characterization of those agreements.  Google denies the remaining allegations in this paragraph.

5.      Google denies the allegations in Paragraph 5 of the Complaint.

6.      Google denies the allegations in Paragraph 6 of the Complaint except Google admits that some dictionaries do refer to "Google" as a verb.

7.      Google denies the allegations in the first sentence of Paragraph 7.  As to the allegations in the second sentence of Paragraph 7 of the Complaint, Google admits that its products and services sometimes return advertisements in response to user search queries, but denies the remainder of the allegations on the grounds that "consumer search queries" and "consumer information" are undefined, rendering those allegations vague as a matter of law.  Google admits that advertisers made payments to Google to place ads on Google's search engine results page (SERP).  Google denies the remaining allegations in Paragraph 7 of the Complaint.

8.      Google denies the allegations in the first and fourth sentences of Paragraph 8 of the Complaint.  As to the second sentence of Paragraph 8 of the Complaint, Google admits that its search products and services use complex algorithms that may take into account data generated as a result of earlier queries, but lacks sufficient information regarding the use of algorithms by other search products and services, and on that basis denies the remaining allegations in this sentence.  As to the third sentence of Paragraph 8 of the Complaint, Google admits that in 2009, BusinessWeek published an article attributing the quoted language to Eric Schmidt, Google's former CEO.

9.      Google denies the allegations in the first and fourth sentences of Paragraph 9 of the Complaint.  Google lacks sufficient information as to the second sentence of Paragraph 9 of the

Complaint and, on that basis, denies the allegation.  As to the third sentence of Paragraph 9 of the Complaint, Google admits that DuckDuckGo claims to differentiate itself from Google, but lacks sufficient information regarding DuckDuckGo's policies and practices, and on that basis denies the remaining allegations in this sentence.

10.     Google denies the allegations in the first sentence of Paragraph 10 of the Complaint.  The allegations in the second sentence of Paragraph 10 of the Complaint contain legal conclusions to which no answer is required, and to the extent any answer is required, Google refers to the D.C. Circuit's decision in *United States v. Microsoft* for its content and denies the remaining allegations regarding Google's conduct.

11.     Google denies the allegations in the first and second sentences in Paragraph 11 of the Complaint.  As to the allegations in the third sentence of Paragraph No. 11 of the Complaint, Google admits the existence of a document with the quoted language, but denies the remainder of Plaintiffs' allegations characterizing the substance of that document.  As to the remaining allegations in Paragraph 11 of the Complaint, Google admits the existence of public reports containing the quoted language, but denies the remainder of Plaintiffs' allegations characterizing the substance of that language.

12.     Google denies the allegations in Paragraph 12 of the Complaint.

13.     Google denies the allegations in Paragraph 13 of the Complaint.

14.     The allegations in Paragraph 14 of the Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 14 of the Complaint.

15.     The allegations in Paragraph 15 of the Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in

Paragraph 15 of the Complaint.

16.     The allegations in Paragraph 16 of the Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google does not dispute subject matter jurisdiction.

17.     The allegations in Paragraph 17 of the Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google does not dispute—for purposes of this action only—the personal jurisdiction of this Court, but Google otherwise denies the allegations in Paragraph 17 of the Complaint.

18.     Google admits that it is a limited liability company organized and existing under the laws of the State of Delaware and that it maintains a Mountain View, California business address. Google further admits that it is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc.  Google further admits that Alphabet Inc. is a publicly traded company that is incorporated and existing under the laws of the State of Delaware and that maintains its principal executive offices in Mountain View, California.  The allegations of the third sentence in Paragraph 18 of the Complaint are legal conclusions not subject to admission or denial.  Google admits the allegations of the fourth sentence in Paragraph No. 18 of the Complaint.

19.     Google admits the allegations in Paragraph 19 of the Complaint, but denies the characterization of these search products and services as "general search engines" as Plaintiffs use that term in their Complaint.

20.     Google admits that some search products and services, including Google Search, use software to "crawl" the internet and index webpages, but lacks sufficient information as to the precise methodology of "[m]ost modern" search products and services and, on that basis, denies the remaining allegations in the first sentence of Paragraph 20 of the Complaint.  Google admits

that its website contains the quoted language in the second and third sentence of Paragraph 20 of the Complaint.

21.     Google admits that some search products and services use algorithms to evaluate the relevance of information on a webpage to a user's query and that, depending on the query, some search products and services may include features designed for particular categories of queries.  Google admits that some search products and services deliver results on a search engine results page, or SERP, with links to and descriptions of the webpages.  Google admits that some search products and services serve ads with some of the search results.  Google denies any remaining allegations in Paragraph 21 of the Complaint.

22.     Google admits that it spends significant resources maintaining its search products and services, but lacks sufficient information as to the cost of establishing and/or maintaining other search products and services and, on that basis, denies the allegations in the first and fourth sentences of Paragraph 22 of the Complaint.  Google admits the allegations in the second sentence of Paragraph 22 of the Complaint.  Google denies the allegations in the third sentence of Paragraph 22 of the Complaint.  Google denies the remaining allegations in Paragraph 22 of the Complaint.

23.     Google admits that its search products and services can be used by consumers to search the internet for answers to a wide range of queries, admits that DuckDuckGo publicly states that it combines search results from different sources (including Microsoft's Bing) depending on the search query, and admits that it has been publicly reported that Verizon's Yahoo! does not currently crawl the internet and instead purchases search results from Microsoft's Bing, but otherwise denies the allegations in the Paragraph 23 of the Complaint.

24.     With respect to the first sentence of Paragraph 24 of the Complaint, Google admits that consumers can find information online using search products and services other than Google

Search, but denies the remainder of the sentence including on the grounds that "specialized information" is vague as a matter of law.  With respect to the second sentence of Paragraph 24 of the Complaint, Google admits that consumers can use search products and services such as Amazon or eBay to shop for products, or Expedia or Priceline to compare airfares, but denies the allegations in the remainder of the sentence.  Google denies the allegations in the third and fourth sentence of Paragraph 24 of the Complaint.

25.     Google admits that some search products and services, including Google Search, are available to consumers free of charge.  Google admits that the website for Microsoft's Bing states that it offers consumers rewards for using Bing.  Google admits that when a consumer uses Google, the consumer can choose to provide certain information to Google.  Google admits that it sometimes sells ads.  Google denies any remaining allegations in Paragraph 25 of the Complaint.

26.     Google admits the allegations in Paragraph 26 of the Complaint.

27.     Google admits that it adopted an auction system in the early 2000s to allocate limited advertising space on its SERP, whereby advertisers bid on keywords and the winning bidder's ad is shown in response to certain queries; that some advertisers pay only when a user clicks on the ad; that Google sometimes displays multiple ads; and that Google takes ad quality and relevance into account to determine the placement of ads.  Google denies the remaining allegations in Paragraph 27 of the Complaint.

28.     Google admits that advertisers can have different objectives and that ads can be used to meet those objectives.  Google admits that the term "purchase funnel" may be used by some.  To the extent that Figure 1 purports to depict, construe, or describe marketers' or advertisers' understanding of the "purchase funnel," no response is required; to the extent a response is required, Google denies that Figure 1 presents a fair and complete description of the

matters described therein and, on that basis, denies the allegations contained in Figure 1.  Google

denies the remaining allegations and the accuracy of Figure 1 in Paragraph 28 of the Complaint.

29.     Google admits that some potential customers interested in purchasing a product

may search for that product and that search ads can therefore be helpful in enabling advertisers to

reach these interested customers.  Google denies the remaining allegations in Paragraph 29 of the

Complaint.

30.     Google admits that it sells some search ads that appear on a SERP in a format

similar to the format of organic search results, which Google has referred to collectively as the "10

blue links," and that search ads include a notation that they are "ads" or "sponsored."  To the

extent that Figure 2 purports to depict, construe, or describe Google Search text ads or organic

search results, no response is required; to the extent a response is required, Google denies that

Figure 2 presents a fair and complete description of the matters described therein and, on that

basis, denies the allegations contained in Figure 2.  Google lacks sufficient information as to the

remaining allegations in Paragraph 30 of the Complaint and, on that basis, denies the remaining

allegations.

31.     Google admits that some search products and services, including Google Search,

can display different ad formats, including text ads that can be used to advertise products, hotels,

local services, and certain other categories of goods and services.  To the extent that Figure 3

purports to depict, construe, or describe portions of Google's SERP, no response is required; to the

extent a response is required, Google denies that Figure 3 presents a fair and complete description

of the matters described therein and, on that basis, denies the allegations contained in Figure 3.

Google denies any remaining allegations in Paragraph 31 of the Complaint.

32.     Google admits that other search products and services also sell search ads.  Google

admits that advertisers can buy search ads for various products on Amazon, Expedia, and Yelp. Google denies the remaining allegations in Paragraph 32 of the Complaint.

33.     Google admits that some advertisers seek to reach a large group of consumers, and those advertisers may benefit from access to more consumers, but otherwise denies the allegations in the first sentence of Paragraph 33 of the Complaint.  Google denies the allegations in the second sentence of Paragraph 33 of the Complaint.  Google admits the existence of a document containing the quoted language in the last sentence of Paragraph 33 of the Complaint, but denies Plaintiffs' characterization of the substance of that document.

34.     Google denies the allegations in the first and second sentences of Paragraph 34 of the Complaint.  Google lacks sufficient information as to the operation of various unidentified "[a]dvertising agencies and larger companies" and, on that basis, denies the remaining allegations in Paragraph 34 of the Complaint.

35.     Google denies the allegations in the first and second sentences of Paragraph 35 of the Complaint, and in particular notes that when Google was first starting up, it was able to compete for users by developing a better product, despite having fewer user queries than larger competitors had at the time.  As to the third sentence of Paragraph 35 of the Complaint, Google admits that a search product or service employed by more users can, depending on the circumstances, provide advertisers with access to more users than advertising on a single search service or product employed by fewer users, but otherwise denies the allegations of the third sentence.  Google denies the remaining allegations in Paragraph 35 of the Complaint.

36.     Google denies the allegations of Paragraph 36 except to aver that data, depending on the circumstances, can be used to improve search results.

37.     Google admits that a search product or service employed by more users can,

depending on the circumstances, provide advertisers with access to more users than advertising on a single search product or service employed by fewer users.  Google denies the remaining allegations in Paragraph 37 of the Complaint.

38.      Google denies the allegations in Paragraph 38 of the Complaint.

39.     Google admits that consumers can access search products and services in a number of ways, including through browsers and search apps on mobile devices, desktops, laptops, and other devices, and that Google distributes its search products and services, including its search engine, to be available to consumers in those ways, but denies the remaining allegations in Paragraph 39 of the Complaint.

40.     Google admits that companies that provide search products and services can enter into agreements with other companies, such as desktop, laptop, and mobile-device manufacturers, cell phone carriers, and browser developers for the distribution or promotion of search products and services, including agreements that provide for a search product or service to be the out-of-the-box default search product or service for certain search access points, although Google notes that, at least in the agreements it has entered into, consumers have the choice whether to change the default away from Google services.  Google denies the remaining allegations in Paragraph 40 of the Complaint.

41.     Google admits that the Plaintiffs' allegations in the first, second, and third sentence of Paragraph 41 "generally" describe the characteristics of certain products in the categories listed, though Google lacks sufficient information as to all such products and, on that basis, denies the allegations to the extent Plaintiffs' allegations could be interpreted to apply to all such products. As to the fourth sentence in Paragraph 41 of the Complaint, Google admits that certain search access points at times set a certain search provider as the out-of-the-box default, though Google

notes that at least in the agreements it has entered into, consumers have the choice whether to change the default away from Google services, and otherwise denies the allegations in this sentence.  As to the allegations in the fifth sentence in Paragraph 41 of the Complaint, Google admits that being the out-of-the-box default search product or service on certain search access points, depending on the setting, has value, but denies the remaining allegations in this sentence.

42.     Google admits that some sources depict the number of U.S. queries on mobile devices as greater than the number of queries on desktops and laptops today, but otherwise lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 of the Complaint, and, on that basis, denies them.

43.     Google denies the allegations in the first sentence of Paragraph 43 of the Complaint on the ground that "usage" is undefined, rendering the measurement vague as a matter of law, and that, to the extent not vague, Google lacks knowledge or information sufficient to form a belief as to their truth or falsity.  As to the second sentence of Paragraph 43 of the Complaint, Google admits that Apple does not license iOS to third-party mobile-device manufacturers and admits that Apple is a "closed ecosystem" to the extent Plaintiffs define "closed ecosystem" to mean that Apple does not license iOS to third-party mobile-device manufacturers.  As to the third sentence of Paragraph 43 of the Complaint, Google admits that Android is an operating system that Google licenses open-source with an Apache license, denies that it "controls" Android, and denies the remaining allegations on the ground that "usage" is undefined, rendering the measurement vague as a matter of law, and that, to the extent not vague, Google lacks knowledge or information sufficient to form a belief as to their truth or falsity.  Google admits the allegations in the fourth sentence of Paragraph 43 of the Complaint.  Google lacks sufficient information concerning the allegations in the fifth sentence of Paragraph 43 of the Complaint, and, on that basis, denies the

allegations.

44.     Google admits that mobile-device users can access search services and products through various means, including browsers, widgets, apps, and voice assistants.  To the extent that Figure 4 purports to depict, construe, or describe how Google delivers Google Search on Android devices, no response is required; to the extent a response is required, Google denies that Figure 4 presents a fair and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 4.  Google denies the remaining allegations in Paragraph 44 of the Complaint.

45.     Google admits the allegations in the first sentence of Paragraph 45 of the Complaint.  As to the second and third sentences of Paragraph 45, Google admits that companies that provide search products and services can enter into agreements with companies such as mobile-device manufacturers, cell phone carriers, and browser developers for the distribution or promotion of search products and services, including agreements that provide for a search product or service to be the out-of-the-box default search product or service for certain search access points, but denies any remaining allegations of those sentences.  As to the fourth and fifth sentences of Paragraph 45, Google admits that it has an agreement with Apple, under which Google is the out-of-the-box default search provider for Apple's Safari browser and certain other search access points, though Google notes that consumers have the choice whether to change the out-of-the-box default on Safari and which search product or service or application to use on Safari.  Google denies the remaining allegations in Paragraph 45 of the Complaint.

46.     Google admits that it has an agreement with Apple, under which Google is the out-of-the-box default search provider for Apple's mobile Safari browser, and that Google is the initial default search provider for certain search access points on Chrome mobile browser, though Google

notes that consumers have the choice whether to change the default on Safari and Chrome and which search product or service to use on Safari or Chrome or when using another mobile application.  Google lacks information sufficient as to the truth or falsity of the remaining allegations of Paragraph 46, and on that basis, denies them; Google further avers that certain sources may purport to report similar figures.

47.     Google admits that attaining a preinstalled search access point, depending on the setting, can encourage utilization of a service, but lacks sufficient information concerning the allegations in the first, second, and fourth sentences of Paragraph 47 of the Complaint, and, on that basis, denies the remaining allegations.  As to the third sentence of Paragraph 47 of the Complaint, Google admits the existence of a document containing the quoted language, but denies the remainder of Plaintiffs' allegations characterizing the substance of that document and otherwise denies the remaining allegations in this sentence.

48.     Google admits that many consumers access certain search products and services through a browser by typing a query into the address bar or visiting those search products and services' web pages.  Google lacks sufficient information concerning the remaining allegations in Paragraph 48 of the Complaint and, on that basis, denies the allegations.

49.     Google lacks sufficient information concerning the allegations in the first four sentences of Paragraph 49 of the Complaint and, on that basis, denies the allegations.  Google denies the allegations in the fifth sentence of Paragraph 49 of the Complaint.

50.     Google denies the allegations in the first sentence of Paragraph 50 of the Complaint on the grounds that "important" is not defined, rendering those allegations vague as a matter of law.  Google lacks sufficient information concerning the remaining allegations in Paragraph 50 of the Complaint and, on that basis, denies the allegations.

51.     Google denies the allegations in Paragraph 51 of the Complaint and specifically notes that the most effective way for a search product or service to reach users and be competitive is to have a quality product or service that consumers decide to use.

52.     With respect to the first sentence in Paragraph 52 of the Complaint, Google admits that it has entered into agreements, including distribution and/or licensing agreements, with certain manufacturers and carriers that distribute mobile devices with search access points.  Google denies the remaining allegations in this paragraph.

53.     With respect to the second sentence of Paragraph 53 in the Complaint, Google admits that it distributes Google Search in part through properties it owns or operates.  Google denies the remaining allegations in Paragraph 53 of the Complaint.

54.     Google admits that it has three basic types of agreements with mobile device manufacturers, and that one of these types of agreements relates to the ability of device manufacturers that preinstall Google's proprietary apps to modify Android devices in a way that hinders interoperability.  Google denies the remaining allegations in Paragraph 54 of the Complaint.

55.     Google admits that it offers Google application program interfaces (APIs) and proprietary Google apps free of charge to Android device manufacturers that agree to preinstall a suite of Google apps, and that these agreements contain various provisions regarding placement of certain Google apps on devices' system partitions and default home screen for the out-of-the-box settings.  Google denies the remaining allegations in Paragraph 55 of the Complaint.

56.     Google admits that it has entered agreements with certain Android device manufacturers, mobile phone carriers, browser providers, and Apple for the distribution and promotion of Google's products and services.  Google further admits that certain agreements

provide for Google Search to be the out-of-the-box default search service for certain search access points on desktops, laptops, and mobile devices and that, in exchange, Google shares a portion of revenue received from enrolled devices.  Google denies the remaining allegations in Paragraph 56 of the Complaint.

57.     Google denies the allegations in Paragraph 57 of the Complaint.

58.     Google denies the allegations in the first sentence of Paragraph 58 of the Complaint.  As to the second sentence of Paragraph 58 of the Complaint, Google admits that in the late 1990s and early 2000s, most internet searches were performed on desktop and laptop browsers, but denies the remaining allegations in this sentence.  As to the third sentence of Paragraph 58 of the Complaint, Google admits that its 2007 Form 10-K contains the quoted language, but denies Plaintiffs' allegations characterizing the substance of that document.

59.     Google admits that it has worked with mobile device manufacturers (such as LG, Motorola, and Samsung) and carriers (such as AT&T, T-Mobile/Sprint, and Verizon) for the distribution and promotion of Google's search products and services, but otherwise denies the allegations in the first sentence of Paragraph 59 of the Complaint.  As to the second sentence of Paragraph 59 of the Complaint, Google admits the existence of a document containing the quoted language, but denies the remainder of Plaintiffs' allegations characterizing the substance of that document.

60.     Google admits that Google Inc. purchased the Android mobile operating system in 2005, but denies Plaintiffs' characterization of that transaction.  Google admits that it began offering Android open-source with an Apache license in or around 2007.  Google denies the remaining allegations in Paragraph No. 60 of the Complaint.

61.     Google admits that Android attracted consumers, app developers, manufacturers,

and carriers but otherwise denies the allegations in the first sentence of Paragraph 61 of the Complaint. As to the second sentence of Paragraph 61 of the Complaint, Google admits the existence of a document containing the quoted language, but denies the remainder of Plaintiffs' allegations characterizing the substance of that document. Google lacks sufficient information concerning the allegations in the third sentence of Paragraph 61 of the Complaint, and, on that basis, denies the allegations.

62.     Google admits that Android attracted consumers, app developers, manufacturers, and carriers, but otherwise denies the allegations in the first and second sentences of Paragraph 62 of the Complaint. Google denies the allegations in the third sentence of Paragraph 62 of the Complaint.

63.     Google denies the allegations in the first and third sentences of Paragraph 63 of the Complaint. As to the second sentence of Paragraph 63 of the Complaint, Google admits the existence of a document containing the quoted language, but denies the remainder of Plaintiffs' allegations characterizing the substance of that document.

64.     As to the first and second sentences of Paragraph 64 of the Complaint, Google admits the existence of a document containing the quoted language, but denies the remainder of Plaintiffs' allegations in those sentences. As to the third sentence of Paragraph 64 of the Complaint, Google admits that the "Google Play" App store contains a large number of apps, but denies the remaining allegations in the sentence. Google denies the allegations in the fourth, fifth, and sixth sentence of Paragraph 64 of the Complaint, on the grounds that Google lacks knowledge or information sufficient to form a belief as to their truth or falsity. As to the final sentence of Paragraph 64 of the Complaint, Google admits that Android competes with Apple's iOS, which has significant United States presence and is not licensed to other manufacturers. Google denies

the remaining allegations in Paragraph 64 of the Complaint.

65.     Google denies the allegations in the first and third sentences of Paragraph 65 of the Complaint.  As to the second sentence of Paragraph 65 of the Complaint, Google admits the existence of a document containing the quoted language, but denies the remainder of Plaintiffs' allegations characterizing the substance of that document.  To the extent that Figure 5 purports to depict, construe, or describe any agreements or documents, no response is required; to the extent a response is required, Google denies that Figure 5 presents a fair and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 5.

66.     Google admits that Android is an operating system that Google licenses open-source with an Apache license, and admits that it updates the Android code periodically and makes it publicly available.  Google denies the remaining allegations in Paragraph 66 of the Complaint.

67.     Google admits that a Google internal document contains the quoted language in the second sentence of Paragraph 67 of the Complaint but denies the remainder of Plaintiffs' allegations characterizing the substance of that document.  Google denies the remaining allegations in Paragraph 67 of the Complaint.

68.     Google admits that certain parties agree not to develop or market versions of Android that do not comply with the baseline defined in the Android Compatibility Definition Document (CDD) that facilitates interoperability.  Google denies the remaining allegations in Paragraph 68 of the Complaint.

69.     Google admits that it previously offered certain parties the option to enter into an agreement known as the "Anti-Fragmentation Agreement" (AFA), that it began to offer an agreement known as the "Android Compatibility Commitment" (ACC) in 2017, and that it was investigated by the European Commission in 2017.  Google admits that it has an AFA or ACC

17

with LG, Motorola, and Samsung.  Google denies the remaining allegations in Paragraph 69 of the Complaint.

72. Google admits that ACCs grant manufacturers flexibility in building devices or supplying components for third parties without regard to compliance with the CDD, flexibility also allowed in practice under AFAs.  Google admits that ACC and AFA signatories agree not to develop or market versions of Android that do not comply with the baseline defined in the CDD that facilitates interoperability.  Google admits that Android manufacturers such as LG, Motorola, and Samsung have entered into AFAs or ACCs.  Google denies the remaining allegations in Paragraph 70 of the Complaint.

71. Google admits that certain manufacturers of tablets, smart TVs, watches, and automotive devices have agreed to adhere to baseline Android compatibility.  Google denies the remaining allegations in Paragraph 71 of the Complaint.

72. Google admits that AFA and ACC signatories have a choice whether to enter into Mobile Application Distribution Agreements (MADAs) to license Google APIs in building devices and to distribute devices with proprietary Google apps.  Google admits that LG, Motorola, and Samsung have entered into MADAs.  Google lacks sufficient information as to the remaining allegations of Paragraph 72 of the Complaint and, on that basis, denies the allegations.

73. Google denies the allegations in the first sentence of Paragraph 73 of the Complaint.  With respect to the second sentence of Paragraph 73 of the Complaint, Google admits that it has referred to certain Google APIs and proprietary Google apps as "Google Mobile Services" (GMS).  With respect to the third and fourth sentences, Google admits that GMS includes proprietary apps such as Google's search app, Chrome, YouTube, Google Maps, and Google Play (Google's app store).  With respect to the fifth and sixth sentences, Google admits

that app stores offer easy access to apps and further admits that a public source has estimated that Google Plays offers about three million apps, which is more than other app stores (including Apple's App Store) offer.  As to the allegations in the seventh sentence of Paragraph 73 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to their truth or falsity, and on that basis, denies the allegations.  Google denies the allegations in the last sentence of Paragraph 73 of the Complaint and denies any remaining allegations in Paragraph 73 of the Complaint.

74.     Google lacks sufficient information as to which features of GMS developers consider to be "key" and, on that basis, denies the allegations in the first sentence of Paragraph 74 of the Complaint.  Google admits the second sentence of Paragraph 74 of the Complaint.  Google admits that GPS allows third-party apps to perform certain functions related to Google's proprietary apps.  Google denies the remaining allegations in Paragraph 74 of the Complaint.

75.     Google denies the allegations in Paragraph 75 of the Complaint.

76.     Google admits that Android device manufacturers have a choice whether to enter into MADAs to license Google APIs and to distribute devices with proprietary Google apps, and that these agreements contain various provisions regarding placement of certain Google apps on devices' system partitions and default home screen for the out-of-the-box settings, though the specific terms have changed over time.  Google denies the remaining allegations in Paragraph 76 of the Complaint.

77.     Google admits that, pursuant to certain MADAs and certain revenue sharing agreements, certain manufacturers agree to preinstall Google Search as the out-of-the-box default search service for certain search access points on their devices.  Google denies any remaining allegations in Paragraph 77 of the Complaint.

19

78.     Google admits that certain Android manufacturers and carriers have entered into agreements with Google for distribution and promotion of Google's products and services, including agreements that provide for Google's search to be the out-of-the-box default search service for certain search access points, and that, in exchange, Google shares a portion of revenue received from devices enrolled.  Google admits that AT&T, T-Mobile, Verizon, and Samsung have had RSAs with Google.  To the extent that Paragraph 78 of the Complaint asserts additional or different allegations, Google denies those allegations.

79.     Google denies the allegations in Paragraph 79 of the Complaint.

80.     Google admits that new search access points can be and have been developed, but otherwise denies the allegations in Paragraph 80 of the Complaint.

81.     Google admits that following recent negotiations, some manufacturers have signed mobile incentive agreements (MIAs), agreeing to preinstall Google Search as the out-of-the-box default search service for certain search access points and to preinstall a suite of Google apps. Google admits that LG and Motorola have entered mobile incentive agreements with Google. Google denies the remaining allegations in Paragraph 81 of the Complaint.

82.     Google admits that MIA signatories may opt to preinstall Google Search as the out-of-the-box default search service for certain search access points to attain certain revenue share. Google admits that a Google internal document contains the quoted language in the second sentence of Paragraph 82 of the Complaint, but denies the remainder of Plaintiffs' allegations characterizing the substance of that document, and denies the remainder of the second sentence of Paragraph 82 of the Complaint.  Google denies the allegations in the third sentence of Paragraph 82 of the Complaint, and denies the remaining allegations in Paragraph 82 of the Complaint.

83.     Google admits that it has certain revenue sharing agreements (RSAs or MIAs) with

certain U.S. carriers and Android device manufacturers of various sizes.  Google lacks information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 83 of the Complaint and, on that basis, denies the allegations.

84.     Google admits that it has entered certain revenue sharing agreements with certain browsers and device manufacturers, but denies the remaining allegations in Paragraph 84 of the Complaint.

85.     As to the first sentence of Paragraph 85 of the Complaint, Google admits that it has entered search promotion agreements with Apple, but denies the remaining allegations in this sentence.  Google admits the allegations in the second, third, and fourth sentences of Paragraph 85 of the Complaint.  As to the allegations in the fifth and sixth sentences of Paragraph 85 of the Complaint, Google lacks sufficient information to form a belief as to the truth of such allegations and, on that basis, denies the allegations; Google further avers that certain sources might report similar figures.

86.     As to the allegations in the first sentence of Paragraph 86 of the Complaint, Google admits that it amended its agreement with Apple in 2005 to make Google Search the preset default search engine for Apple's Safari browser.  As to the allegations in the second sentence of Paragraph 86 of the Complaint, Google admits that it has entered an agreement to share revenue derived from certain search queries performed on Apple devices, but otherwise denies the allegations.  As to the allegations in the third and fourth sentences of this paragraph, Google admits that certain provisions of the agreement were amended in 2007 to share revenue derived from certain search queries performed on iPhones and that certain provisions of the agreement were amended in 2016 to allow Google Search results to appear in response to certain Siri and Spotlight queries, but otherwise denies the allegations.  Google denies the allegations in the last

sentence of Paragraph 86 of the Complaint.

87.     Google admits that it has entered agreements with certain non-Google browsers, including Firefox, Opera, and UCWeb, to share revenue derived from certain search queries performed on those browsers and that it does not have an agreement with respect to browsers distributed by Microsoft, but otherwise denies the allegations in the first sentence of Paragraph 87 of the Complaint.  Google further admits that certain agreements with certain browsers cover the desktop, laptop, and web versions of the browsers and, pursuant to those agreements, Google is the default search engine for certain browsers.  Google denies the remaining allegations in this paragraph.

88.     The allegations in the first sentence of Paragraph 88 of the Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in the first sentence of Paragraph 88 of the Complaint.  Google admits that search products and services seek to enable consumers to find responsive information but otherwise denies the allegations in the second sentence of Paragraph 88.

89.     The allegations in Paragraph 89 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations on the ground that "general search services" is undefined, rendering those allegations vague as a matter of law, and that to the extent not vague, Google denies the allegations.

90.     The allegations in Paragraph 90 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that different search services and products may provide different types of information, but otherwise denies the allegations in Paragraph 90.

91.     The allegations in the first, third, and fifth sentences of Paragraph 91 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations on the ground that "general search services" is undefined, rendering those allegations vague as a matter of law, and that to the extent not vague, Google denies the allegations.   As to the second sentence of Paragraph 91, Google admits that Google.com can be accessed by users in the United States but also notes that it can be accessed by users outside the United States, and further admits that a user's location is one variable that may affect the search results a user is provided, depending on the user's search and user settings, but otherwise denies the allegations in this sentence.  Google denies the allegations in the fourth sentence in Paragraph 91 of the Complaint, on the grounds that "search market shares" is undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Google lacks knowledge or information sufficient to form a belief as to their truth or falsity.

92.     The allegations in the first sentence of Paragraph 92 of the Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in the first sentence of Paragraph 92 of the Complaint.  To the extent that Figure 6 purports to depict, construe, or describe public data sources, no response is required; to the extent a response is required, Google denies that Figure 6 presents a fair and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 6.  Google denies the remaining allegations in Paragraph 92.

93.     The allegations in Paragraph 93 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations.  To the extent that Figure 7 or Figure 8

purports to depict, construe, or describe public data sources, no response is required; to the extent a response is required, Google denies that Figure 7 or Figure 8 presents a fair and complete description of the matters described therein and, on that basis, denies the allegations contained in Figures 7 and 8.  Google denies the remaining allegations in Paragraph 93 of the Complaint.

94.     The allegations in the first sentence of Paragraph 94 of the Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in the first sentence of Paragraph 94 of the Complaint.  Google denies the remaining allegations in Paragraph 94 of the Complaint on the grounds that "significant," "highly complex," "effective," "adequate," and "comprehensive" are undefined, rendering those allegations vague as a matter of law and that, to the extent not vague, Google lacks knowledge or information sufficient to form a belief as to their truth or falsity.

95.     The allegations in the first sentence of Paragraph 95 of the Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in the first sentence of Paragraph 95 of the Complaint.  Google denies the allegations in the second sentence of Paragraph 95 of the Complaint on the grounds that "search experience" is undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Google lacks knowledge or information sufficient to form a belief as to their truth or falsity.  Google denies the allegations in the third and fourth sentences of Paragraph 95 of the Complaint.

96.     Google denies the allegations in Paragraph 96 of the Complaint.

97.     The allegations in the first sentence of Paragraph 97 of the Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in the first sentence of Paragraph 97 of the Complaint.  As to the second sentence in

Paragraph 97, Google admits that advertisements may be delivered to users in response to search queries performed on search services and products such as Google, Microsoft's Bing, Amazon, Expedia, and Yelp, but otherwise denies the allegations of the second sentence.

98.     Google admits that advertisers purchase advertisements that are delivered to users in response to their search queries, that users' queries can sometimes reveal their intent, and that there is value in advertising that is responsive to users' search queries, but otherwise denies the allegations in Paragraph 98 of the Complaint.

99.     The allegations in Paragraph 99 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in the first sentence in Paragraph 99 of the Complaint.  As to the second and third sentences in Paragraph 99, Google admits there are differences between advertisements delivered in response to search queries and advertisements that are not, but otherwise denies the allegations in the second and third sentences of Paragraph 99 of the Complaint.  With respect to the fourth sentence in Paragraph 99, Google admits the existence of a document with the quoted language, but denies Plaintiffs' allegations characterizing the substance of that document.

100.     The allegations in Paragraph 100 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 100 of the Complaint.

101.     The allegations in the first sentence in Paragraph 101 of the Complaint contain legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations.  With respect to the second and third sentences of Paragraph 101, Google admits that search engines at times sell advertisements that can be delivered to users along with users'

search query results and that, on Google's SERP, such advertisements are readily distinguishable from search query results; Google further admits that advertisements delivered in response to users' queries may differ, including with respect to format (e.g., some advertisements include text and/or an image) and the information provided to the user, but otherwise denies the allegations in these sentences.  With respect to the fourth sentence in Paragraph 101, Google admits that certain advertisements delivered in response to Google Search queries include an image of a product, its price, and a rating, but otherwise denies Plaintiffs' characterization of such advertisements. Google denies the allegations in the fifth sentence of Paragraph 101.

102.     Google admits that certain advertisers and consumers value advertisements delivered in response to Google Search queries, but otherwise denies the allegations in Paragraph 102 of the Complaint.

103.     Google admits that advertisements can be delivered to users in response to their queries on the internet, including on Google, Microsoft's Bing, Verizon's Yahoo!, DuckDuckGo, Amazon, Kayak, and Yelp, but otherwise denies the allegations in Paragraph 103 of the Complaint.

104.     With respect to the first, second, and third sentences in Paragraph 104 of the Complaint, Google admits that various advertisers use different types of advertisements to market their products and services in a variety of manners, that advertisements are useful to Google Search users who are exploring an interest, considering options, and forming a preference, including about a purchase, and that such advertisements allow advertisers to promote their products or services, but otherwise denies the allegations in these sentences.  As to the fourth sentence in Paragraph 104, Google admits that advertisers, including Amazon, Expedia, and eBay, purchase advertisements that can be delivered to users in response to Google Search queries, but

denies the allegations in this sentence regarding Amazon's, Expedia's, and eBay's advertisement business, strategies, and motivations on the basis that Google lacks sufficient information.  Google denies the allegations in the fifth sentence of Paragraph 104.

105.    With respect to the first and second sentences in Paragraph 105 of the Complaint, Google admits that certain advertisements delivered in response to users' queries include a link to the relevant advertiser's website and that certain advertisements do not include such links, but otherwise denies the allegations of those sentences.  With respect to the third and fourth sentences in Paragraph 105, Google lacks sufficient information concerning Amazon's advertisement business and, on that basis, denies the allegations of those sentences.

106.    The allegations in Paragraph 106 of the Complaint contain legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 106 of the Complaint.

107.    The allegations in the first sentence in Paragraph 107 of the Complaint contain legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in that sentence.  With respect to the second sentence in Paragraph 107 of the Complaint, Google lacks sufficient information as to the opinions of unnamed "market participants" regarding the legal conclusions stated in this paragraph and, on that basis, denies the allegations in the second sentence.  With respect to the remaining sentences in Paragraph 107 of the Complaint, Google admits that advertisements delivered in response to Google Search queries may vary based upon the location of the user and that it has analyzed revenue in the United States, but otherwise denies the allegations.

108.    The allegations in Paragraph 108 of the Complaint contain legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations

in Paragraph 108 of the Complaint.

109.   The allegations in Paragraph 109 of the Complaint contain legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 109 of the Complaint.

110.   The allegations in Paragraph 110 of the Complaint contain legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 110 of the Complaint.

111.   Google denies the allegations in Paragraph 111 of the Complaint.

112.   Google denies the allegations in Paragraph 112 of the Complaint.

113.   Google denies the allegations in Paragraph 113 of the Complaint.

114.   Google denies the allegations in Paragraph 114 of the Complaint.

115.   Google denies the allegations in Paragraph 115 of the Complaint.

116.   Google denies the allegations in Paragraph 116 of the Complaint, except that Google admits that it amended certain provisions of its agreement with Apple in 2007 to share revenue derived from certain search queries performed on iPhones and that Google admits that it has offered its Android operating system at no cost.

117.   Google denies the allegations in the first and second sentence of Paragraph 117 of the Complaint.  With respect to the third sentence in this paragraph, Google lacks sufficient information as to the statement attributed to a competitor, and on that basis, denies the allegations, and further denies Plaintiffs' characterization.

118.   As to the allegations in the first sentence of Paragraph 118 of the Complaint, Google lacks sufficient information concerning Apple's development of a search engine and, on that basis, denies the allegations in this sentence.  As to the allegations in the second and third

sentences of Paragraph 118 of the Complaint, Google admits that it has entered an agreement with Apple, that the agreement's term is for more than one year, that the amount of revenue Google shared with Apple from search queries performed on Apple devices has exceeded $1 billion annually, that under the terms of its agreement with Apple, Google Search is the initial out-of-the-box default search provider for Apple's Safari browser, and that Google Search provides responses to certain Siri and Spotlight queries, but Google denies the remaining allegations in these sentences.  As to the allegations in the fourth sentence of Paragraph 118 of the Complaint, Google lacks sufficient information as to Apple's worldwide net income and, on that basis, denies the allegations in this sentence.

119.    With respect to the first sentence of Paragraph 119 of the Complaint, Google admits that users can change the preset default status on Safari from Google Search to another search engine, but lacks sufficient information as to the remainder of the allegations and, on that basis, Google denies the remaining allegations.  Google denies the allegations in the second sentence of Paragraph 119 of the Complaint.  As to the allegations in the third and fourth sentences of Paragraph 119 of the Complaint, Google admits the existence of documents containing the quoted language, but denies the remaining allegations characterizing the substance of those documents. Google denies the remaining allegations in Paragraph 119 of the Complaint.

120.    Google denies the allegations in the first sentence of Paragraph 120 of the Complaint.  As to the allegations in the second sentence of Paragraph 120 of the Complaint, Google admits that a meeting took place in 2018 between Apple's and Google's CEOs, but otherwise denies the remaining allegations in this sentence.  As to the allegations in the third sentence of Paragraph 120 of the Complaint, Google admits the existence of a document containing the quoted language, but denies the remaining allegations characterizing the substance

of that document.

121.     Google denies the allegations in the first sentence of Paragraph 121 of the Complaint.  As to the allegations in the second sentence of Paragraph 121 of the Complaint, Google lacks sufficient information as to the total search queries performed in the United States and, on that basis, denies allegations about such queries.  As to the allegations in the third sentence of Paragraph 121 of the Complaint, Google admits that it has estimated that in 2019 almost 50% of all Google search queries in the United States originated on device platforms controlled by Apple. Google denies the remaining allegations in Paragraph 121 of the Complaint.

122.     Google denies the allegations in Paragraph 122 of the Complaint, except that it admits that it provides superior search products and services.

123.     Google denies the allegations in Paragraph 123 of the Complaint.

124.     Google admits that Android is an operating system that Google licenses open-source with an Apache license, but otherwise denies the allegations in the first sentence of Paragraph 124 of the Complaint.  Google denies the allegations in the second and third sentences of Paragraph 124 of the Complaint.  Google admits that revenue-sharing agreements have certain prerequisites, but otherwise denies the allegations of the last sentence of Paragraph 124 of the Complaint.

125.     Google denies the allegations in the first sentence of Paragraph 125 of the Complaint.  As to the second and third sentences of Paragraph 125 of the Complaint, Google admits that a Google internal document contains the quoted language, but Google denies the remainder of Plaintiffs' allegations characterizing the substance of that document.

126.     As to the first sentence of Paragraph 126 of the Complaint, Google admits that operating systems, whether Android or alternatives, can, depending on their attributes, serve as

pathways for promotion of Google and/or non-Google products and services, but otherwise denies the allegations in this sentence.  Google denies the allegations in the second sentence of Paragraph 126 of the Complaint.

127.    Google admits that, depending on the circumstances, it might be less costly for a manufacturer to use the Android open-source code than to develop a new operating system through alternative ways.  Google denies the remaining allegations in Paragraph 127 of the Complaint.

128.    Google denies the allegations in the first and second sentence of Paragraph 128 of the Complaint.  Google admits that a Google internal document contains the quoted language in the last sentence of Paragraph 128 of the Complaint, but denies the remainder of Plaintiffs' allegations characterizing the substance of that document, and denies the remaining allegations in the last sentence of Paragraph 128 of the Complaint.

129.    With respect to the allegations in the first and last sentences of Paragraph 129 of the Complaint, Google admits that certain Google agreements give Google the right to assess compatibility of a GMS device with the CDD, but otherwise denies the allegations.  Google admits that a Google internal document contains the language quoted in the second sentence of Paragraph 129 of the Complaint, but denies the remainder of Plaintiffs' allegations characterizing the substance of that document, and denies any remaining allegations in the second sentence of Paragraph 129 of the Complaint.

130.    Google denies the allegations in the first sentence of Paragraph 130 of the Complaint.  As to the second sentence, Google admits that Amazon developed the Fire operating system (OS), an incompatible variant of Android, but otherwise denies the allegations.  Google admits the allegations in the third and fourth sentence of Paragraph 130 of the Complaint.  Google lacks sufficient information as to the allegations in the fifth sentence of Paragraph 130 of the

Complaint and, on that basis, denies those allegations.  Google admits that Amazon sells Fire tablets but lacks sufficient information about the rest of the allegations in the last sentence of Paragraph 130 of the Complaint and, on that basis, denies those allegations.

131.     Google denies the allegations in the first sentence of Paragraph 131 of the Complaint.  Google lacks sufficient information as to the remaining allegations in Paragraph 131 of the Complaint, and on that basis, denies the remaining allegations.

132.     Google denies the allegations of Paragraph 132.

133.     Google denies the allegations in the first sentence of Paragraph 133 of the Complaint.  Google admits that some consumers employ search access points preloaded on the default home screen, but denies the remaining allegations in the second sentence of Paragraph 133 of the Complaint.  Google denies the allegations in the last sentence of Paragraph 133 of the Complaint.

134.     Google admits that some manufacturers have agreed, in exchange for access to certain Google APIs and apps, to preinstall Google Play, Chrome, Google Search, Gmail, Maps, and YouTube on the devices.  Google denies the remaining allegations in Paragraph 134 of the Complaint.

135.     The allegations in the first and third sentence of Paragraph 135 of the Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in the first and third sentence of Paragraph 135 of the Complaint.  Google denies the remaining allegations in Paragraph 135 of the Complaint.

136.     Google admits that Google internal documents contain the quoted language in the first and second sentence of Paragraph 136 of the Complaint, but denies the remainder of Plaintiffs' allegations characterizing the substance of those documents.  Google denies the

remaining allegations in Paragraph 136 of the Complaint.

137.   Google admits that Google Search is the default out-of-the-box search service for certain Google apps, including the Chrome app.  Google admits that an internal document contains the quoted language in the third sentence of Paragraph 137 of the Complaint, but denies the remainder of Plaintiffs' allegations characterizing the substance of that document.  To the extent that Figure 9 purports to depict, construe, or describe search distribution on Android, no response is required; to the extent a response is required, Google denies that Figure 9 presents a fair and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 9.  Google denies the remaining allegations in Paragraph 137 of the Complaint.

138.   Google denies the allegations in the first sentence of Paragraph 138 of the Complaint.  Google admits that some Android distributors have entered agreements with Google for the promotion of Google's products and services, including agreements that provide for Google's search widget to be preinstalled on the device default home screen in the out-of-the-box configuration, but denies the remaining allegations in the second sentence of Paragraph 138 of the Complaint.  Google admits that a Google internal document contains the quoted language in the third sentence of Paragraph 138 of the Complaint, but denies the remainder of Plaintiffs' allegations characterizing the substance of that document, and denies the remaining allegations in that sentence.  Google denies the allegations in the fourth sentence of Paragraph 138 of the Complaint.

139.   Google admits that some Android distributors have entered agreements with Google for the promotion of Google's products and services, including agreements that provide for the preinstallation of Google Assistant as the default assistant app in the out-of-the-box configuration and invocation of the Assistant by hotword and touch, but otherwise denies the allegations in the

33

first sentence of Paragraph 139 of the Complaint.  Google denies the remaining allegations in Paragraph 139 of the Complaint.

140.    Google denies the allegations in Paragraph 140 of the Complaint.

141.    Google denies the allegations in the first sentence of Paragraph 141 of the Complaint on the grounds that "important" and "emerging" are undefined, rendering those allegations vague as a matter of law, and to the extent not vague, Google lacks knowledge or information sufficient to form a belief as to their truth or falsity.  Google admits that Google internal documents contain the quoted language in the second sentence of Paragraph 141 of the Complaint, but denies the remainder of Plaintiffs' allegations characterizing the substance of those documents.

142.    Google denies the allegations in the first sentence of Paragraph 142 of the Complaint.  Google admits that a Google internal document from 2011 contains the quoted language in the third sentence of Paragraph 142 of the Complaint, but denies the Plaintiffs' remaining allegations characterizing the substance of that document.  Google denies the remaining allegations in Paragraph 142 of the Complaint.

143.    Google admits that a Google internal document contains the quoted language in the second sentence of Paragraph 143 of the Complaint, but denies the remainder of Plaintiffs' allegations characterizing the substance of that document, and denies the remaining allegations in Paragraph 143 of the Complaint.

144.    Google admits that some Android distributors have entered agreements with Google for the promotion of Google's products and services, including agreements that provide for Google Search to be the out-of-the-box default search service for certain search access points on mobile devices, and that, in exchange, Google shares a portion of revenue received from enrolled devices.

Google denies the remaining allegations in Paragraph 144 of the Complaint.

145.     To the extent that Figure 10 or Figure 11 purports to depict, construe, or describe drafts of one or more documents, no response is required; to the extent a response is required, Google denies that Figure 10 or Figure 11 presents a fair and complete description of the matters described therein and, on that basis, denies the allegations contained in Figures 10 and 11.  Google admits that a draft 2014 Google strategy deck contains the quoted language and Figures 10 and 11, but denies the remainder of Plaintiffs' allegations characterizing the substance of that document, including but not limited to the first and second sentences of Paragraph 145.

146.     Google admits that Google internal documents contain the quoted language in Paragraph 146 of the Complaint, but denies the remainder of Plaintiffs' allegations characterizing the substance of those documents, and denies the remaining allegations in this paragraph.

147.     Google denies the allegations in the first sentence of Paragraph 147 of the Complaint.  Google admits that Google internal documents contain the quoted language in the second and third sentences of Paragraph 147 of the Complaint, but denies the remainder of Plaintiffs' allegations characterizing the substance of those documents, and denies the remaining allegations in the second and third sentence of Paragraph 147 of the Complaint.  Google denies the allegations in the last sentence of Paragraph 147 of the Complaint.

148.     Google denies the allegations in the first sentence of Paragraph 148 of the Complaint. With respect to the second sentence of Paragraph 148, Google admits that in 2019, it shared revenue with U.S. carriers in an aggregate amount exceeding $1 billion.

149.     Google denies the allegations in the first sentence of Paragraph 149 of the Complaint.  Google admits that a consumer, on his or her own, can download a search app that is not offered by Google.  Google admits that a Google internal document contains the quoted

language in the last sentence of Paragraph 149 of the Complaint, but denies the remainder of Plaintiffs' allegations characterizing the substance of that document as well as the remaining allegations in the last sentence of Paragraph 149 of the Complaint.

150.    Google denies the allegations in Paragraph 150.

151.    Google denies the allegations in the first and last sentence of Paragraph 151 of the Compliant.  Google admits that it has developed Gboard, a virtual keyboard app.  Google admits that Google internal documents contain the quoted language in the second and third sentences of Paragraph 151 of the Complaint, but denies the remainder of Plaintiffs' allegations characterizing the substance of those documents and denies the remaining allegations in those sentences.

152.    Google denies the allegations in the first and last sentence of Paragraph 152 of the Complaint.  Google admits that some of the revenue sharing agreements that carriers and manufacturers have executed with Google have multi-year terms.  With respect to the third sentence of Paragraph 152, Google admits that it may not pay a share of its revenue to manufacturers or carriers with whom it has no active revenue share agreement, but otherwise denies the allegation in this sentence.  Google denies the last sentence of Paragraph 152 of the Complaint.  Google denies any remaining allegations in paragraph 152 of the Complaint.

153.    Google denies the allegations in Paragraph 153 of the Complaint.

154.    Google denies the allegations in Paragraph 154 of the Complaint.

155.    Google denies the allegations in Paragraph 155 of the Complaint.

156.    As to the first sentence in Paragraph 156 of the Complaint, Google admits that it has entered agreements with certain browsers to share revenue derived from certain search queries performed on such browsers, but otherwise denies the allegations in this sentence.  As to the allegations in the second sentence of Paragraph 156 of the Complaint, Google admits the existence

of a document containing the quoted language, but denies the remaining allegations characterizing the substance of that document.  As to the allegations in the third sentence in Paragraph 156 of the Complaint, Google admits that it is the preset default search engine for certain browsers' laptop, desktop, and mobile versions, but otherwise denies the allegations in this sentence.

157.    Google admits that it has entered agreements with certain browsers to share a certain percentage of revenue derived from certain search queries performed on those browsers. Google admits that browser agreements have had multi-year terms and have been extended in the past. Google denies all remaining allegations in Paragraph 157 of the Complaint.

158.    As to the allegations in the first and second sentences of Paragraph 158, Google admits that browsers provide distribution channels for search products and services and that consumers can access the internet through browsers, but otherwise denies the allegations.  As to the third sentence in Paragraph 158 of the Complaint, Google admits that it has entered agreements to share revenue derived from certain search queries performed on Apple's Safari browser and Mozilla's Firefox browser.  Google further admits that it does not have an agreement to share revenue derived from search queries performed on Microsoft's browsers.  As to the allegations in the fourth sentence of Paragraph 158 of the Complaint, Google lacks sufficient information concerning how many total queries are performed through all browsers and, on that basis, denies allegations characterizing how many total queries are performed through all devices' browsers. Google also lacks sufficient information concerning browser utilization on non-Google properties and, on that basis, denies allegations concerning the percent of browser utilization covered by Google's agreements with browser providers.  Google denies the remaining allegations in Paragraph 158 of the Complaint.

159.    Google admits that Google's rivals can and do compete to be the preset default

search engine on browsers.  As to the allegations in the final sentence of Paragraph 159 of the Complaint, Google admits the existence of a document containing the quoted language, but denies the remaining allegations characterizing the substance of that document.  Google denies the remaining allegations in Paragraph 159 of the Complaint.

160.    Google lacks sufficient information as to the allegations in the first sentence of Paragraph 160 of the Complaint and, on that basis, denies the allegations.  Google denies the allegations in the second sentence of Paragraph 160 of the Complaint.

161.    Google admits that certain AFAs and ACCs apply to certain categories of Android devices.  Google denies the second and third sentences of Paragraph 161 of the Complaint. Google denies any remaining allegations in Paragraph 161 of the Complaint.

162.    Google denies the allegations in the first sentence of Paragraph 162.  Google admits that it partners with some automobile manufacturers, and that some of the automobile manufacturers preinstall certain of Google's mobile applications, but denies the remaining allegations in the second sentence of Paragraph 162 of the Complaint.  Google admits that it has some agreements with some smart watch manufacturers under which some smart watch manufacturers agree to preinstall Google's software, Wear OS.  Google denies the remaining allegations in Paragraph 162 of the Complaint.

163.    Google denies the allegations in Paragraph 163 of the Complaint.

164.    Google denies the allegations in the first sentence of Paragraph 164 of the Complaint.  Google admits that Google internal documents contain the quoted language in the second and third sentences of Paragraph 164 of the Complaint, but denies the remainder of Plaintiffs' allegations characterizing the substance of those documents.

165.    Google denies the allegations in Paragraph 165 of the Complaint.

166.    Google denies the allegations in Paragraph 166 of the Complaint.

167.    Google denies the allegations in Paragraph 167 of the Complaint.

168.    Google denies the allegations in Paragraph 168 of the Complaint.

169.    Google denies the allegations in Paragraph 169 of the Complaint.

170.    Google admits that, since its inception, its mission has been to organize the world's information and make it universally accessible and useful.  Google further admits that its SERP sometimes contains advertisements and features designed for particular categories of queries. Google denies the remaining allegations in Paragraph 170 except avers that it lacks sufficient information as to the allegations in the final sentence of Paragraph 170 and, on that basis, denies the allegations.

171.    Google denies the allegations in Paragraph 171 of the Complaint.

172.    Google denies the allegations in Paragraph 172 of the Complaint.

173.    Google restates its response to every allegation set forth above as if stated herein.

174.    Google denies the allegations in Paragraph 174 of the Complaint.

175.    Google denies the allegations in Paragraph 175 of the Complaint.

176.    Google denies the allegations in Paragraph 176 of the Complaint.

177.    Google denies the allegations in Paragraph 177 of the Complaint.

178.    Google denies the allegations in Paragraph 178 of the Complaint.

179.    Google denies the allegations in Paragraph 179 of the Complaint.

180.    Google restates its response to every allegation set forth above as if stated herein.

181.    Google denies the allegations in Paragraph 181 of the Complaint.

182.    Google denies the allegations in Paragraph 182 of the Complaint.

183.    Google denies the allegations in Paragraph 183 of the Complaint.

184.     Google denies the allegations in Paragraph 184 of the Complaint.

185.     Google denies the allegations in Paragraph 185 of the Complaint.

186.     Google denies the allegations in Paragraph 186 of the Complaint.

187.     Google restates its response to every allegation set forth above as if stated herein.

188.     Google denies the allegations in Paragraph 188 of the Complaint.

189.     Google denies the allegations in Paragraph 189 of the Complaint.

190.     Google denies the allegations in Paragraph 190 of the Complaint.

191.     Google denies the allegations in Paragraph 191 of the Complaint.

192.     Google denies the allegations in Paragraph 192 of the Complaint.

193.     Google denies the allegations in Paragraph 193 of the Complaint.

194.     To the extent that an answer is required to the Request for Relief, Google denies the allegations contained therein.  Google further states that Plaintiffs are not entitled to any remedies sought in the complaint.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, Google asserts the following defenses to the Complaint.  Further, Google reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## First Defense

Plaintiffs' claims are barred in whole or in part for failure to state a claim upon which relief can be granted.

**Second Defense**

Any and all of Google's actions alleged by Plaintiffs were lawful, justified, procompetitive, and carried out in Google's legitimate business interests and constitute bona fide competitive activity.

**Third Defense**

The relief sought by Plaintiffs would be contrary to the public interest, harm consumers, and is otherwise inequitable, impractical, and unworkable.

Google reserves the right to supplement its Answer and affirmative defenses with additional defenses that become available or apparent in the course of investigation, preparation, and/or discovery, and to amend its Answer accordingly.

**PRAYER FOR RELIEF**

WHEREFORE, Google prays for relief as follows:

(a) That the Complaint against Google be dismissed in its entirety, with prejudice;

(b) That Google be awarded its attorneys' fees and costs and expenses of the suit; and

(c) That the Court award such other and further relief to Google as the Court deems just and proper.

Dated: December 21, 2020                    Respectfully submitted,

                                            WILLIAMS & CONNOLLY LLP

                                            By:   /s/ *John E. Schmidtlein*
                                            John E. Schmidtlein (D.C. Bar No. 441261)
                                            Benjamin M. Greenblum (D.C. Bar No. 979786)
                                            Colette T. Connor (D.C. Bar No. 991533)
                                            725 12th Street, NW
                                            Washington, DC 20005
                                            Tel: 202-434-5000
                                            jschmidtlein@wc.com
                                            bgreenblum@wc.com
                                            cconnor@wc.com

                                            WILSON SONSINI GOODRICH & ROSATI P.C.
                                            Susan A. Creighton (D.C. Bar No. 978486)
                                            Franklin M. Rubinstein (D.C. Bar No. 476674)
                                            1700 K St, NW
                                            Washington, DC 20006
                                            Tel: 202-973-8800
                                            screighton@wsgr.com
                                            frubinstein@wsgr.com

                                            ROPES & GRAY LLP
                                            Mark S. Popofsky (D.C. Bar No. 454213)
                                            2099 Pennsylvania Avenue, NW
                                            Washington, DC 20006
                                            Tel: 202-508-4624
                                            Mark.Popofsky@ropesgray.com

                                            *Counsel for Defendant Google LLC*