UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 20-cv-3010 (APM) |
| GOOGLE LLC, | ) ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| STATE OF COLORADO, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 20-cv-3715 (APM) |
| GOOGLE LLC, | ) ) ) | |
| Defendant. | ) ) | |

**NOTICE OF DISCLOSURE**

I wish to advise the parties in these consolidated actions of an issue about which I recently became aware concerning my and my wife's financial holdings. Canon 3C(1)(c) of the Code of Judicial Conduct requires a judge to disqualify himself in a proceeding when the judge knows that he "has a financial interest in the subject matter in controversy or in a party to the proceeding," or when the judge has "any other interest that could be affected substantially by the outcome of the proceeding." *See also* 28 U.S.C. § 455(b)(4). The Code also states that "ownership in a mutual or common investment fund that holds securities is not a 'financial interest' in such securities unless the judge participates in the management of the fund." Canon 3C(3)(c)(i). According to

the Committee on Codes of Conduct, Advisory Opinion No. 106, these Canon provisions, "read together, provide that investments in a mutual fund will normally avoid triggering recusal concerns with respect to the securities that the fund holds, with some exceptions discussed" in the opinion.

Following a similar order issued recently by another District Court judge,[1] I inquired of my financial advisor whether any of the mutual funds in which my wife and I are invested, either separately or jointly, hold stock of Alphabet, Inc., the parent company of Defendant Google LLC. I learned that some of our mutual fund holdings do contain two different classes of Alphabet stock.[2] These mutual fund purchases were made between April 2020 and January 2021. This timing arose due, in part, to a recent change we made in financial advisors and the rollover of our respective retirement accounts. Neither my wife nor I directed the purchase of these particular funds; they were recommended to us, and we consented to their purchase. Nor did we know at the time that these funds contained Alphabet stock. We also do not participate in the management of any mutual or common investment fund.

In light of the "safe harbor" that Canon 3C(3)(c)(i) creates for judges' holdings of mutual funds, and the guidance provided by Advisory Opinion No. 106, I do not believe that my recusal is required in this matter. Nevertheless, to avoid any appearance of partiality or a financial interest in the outcome of this matter, I have directed our financial advisor to immediately sell all mutual funds that hold Alphabet stock and to monitor all future purchases of mutual or common investment funds during the pendency of this case to ensure that none contain Alphabet stock. I also will on a quarterly basis ask for disclosure of all investment fund holdings to confirm that they do not include Alphabet stock.

---

[1] *See* Order of Disclosure, *Nat'l Ass'n of Mfrs. v. U.S. Dep't of Homeland Sec'y*, No. 20-cv-04887-JSW (N.D. Cal.), ECF No. 115.
[2] I also learned that these funds contain the stock of non-parties Amazon Inc., Apple Inc., Comcast Corporation, and Microsoft Corporation.

3

      If any party objects to my continuing to preside over this matter, it shall file such objection by no later than January 20, 2021.

Dated: January 8, 2021

                                      Amit P. Mehta
                                      United States District Court Judge