## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |
| | |
| State of Colorado, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

## JOINT REPORT REGARDING THE CASE MANAGEMENT ORDER

The Parties in *Colorado, et al. v. Google LLC*, No. 1:20-cv-03715-APM, submit this joint report on the status of negotiations over the Case Management Order ("CMO"). The Parties have continued to meet and confer in good faith over this past week to present and better understand their respective positions. The Parties disagree over the limitations on depositions and written discovery and present their respective position statements below as well as their views on the issue of whether there should be a single consolidated CMO or separate CMOs for the two Consolidated Actions. The U.S. Department of Justice ("DOJ") is filing a separate statement on its position as to the CMO.

Although important issues remain in dispute, the Parties have agreed on the addition to the CMO of a statement addressing remote depositions and the technical difficulties that may arise. This addition provides additional deposition time where the conduct of a remote deposition is delayed because of the handling of exhibits that must be downloaded and displayed. For example, the Parties have agreed on a procedure for going off the record if there are technical difficulties, so any extra time spent loading exhibits does not prejudice the examining party.

## **PLAINTIFF COLORADO STATES' POSITION STATEMENT**

The Plaintiffs in *Colorado, et al. v. Google LLC* ("Colorado States") submit their position on three issues:

- **Discovery**: Google's offer of five additional depositions (none of which would be solely in the control of the Colorado States) is entirely inadequate for full and fair litigation of the *Colorado, et al. v. Google LLC*, No. 1:20-cv-03715-APM, action ("Colorado States Action"), described by Google itself as "asserting "additional claims" and "a broader range of . . . conduct" than the plaintiffs in the DOJ Action." Def.'s Resp. to Pls.' Mot. to Consolidate at 3, No. 1:20-cv-03715-APM, ECF No. 52 (quoting Compl. ¶ 17, No. 20-cv-3715-APM, ECF No. 3, and citing *id.* ¶ 56 n.3 (observing that the "search advertising market defined in the DOJ Complaint" is different from the "general search advertising market" alleged by the Plaintiffs)). Rather, the Court should permit the Colorado States to notice an additional 30 depositions (less than half the number available to the United States). The Colorado States should also be able to propound an equal number of written interrogatories and requests for admission as in *United States, et al. v. Google*, No. 1:20-cv-03010-APM ("DOJ Action"), which are much less

2

burdensome. Both requests are more than justified by the number of ways in which the Colorado States Action "builds on and expands the theories of liability from those that are at issue" in the DOJ Action. Dec. 18, 2020 Status Conf. Tr. at 12:11-15 (Judge Mehta speaking). Indeed, permitting additional discovery is consistent with the Court's previous recognition that "The Colorado versus Google case is broader in scope, and so, therefore, there is different discovery." Jan. 21, 2021 Status Conf. Tr. at 18:2-9 (Judge Mehta speaking).

- **Discovery Coordination**: The Colorado States pledge that they will work with DOJ to avoid duplication and burden on parties and third parties. That is important for the Colorado States themselves, which need to deploy their own resources most effectively to assemble evidence to support their claims and rebut Google defenses. Inefficiency and waste would be harmful to the successful prosecution of the Colorado States' claims. This Court can, of course, intervene should it believe that the plaintiffs in the two cases have not met this obligation, which is codified in the proposed CMO we submit, attached as Exhibit A. But the Court should avoid imposing rigid rules that are unlikely to anticipate all of the diverse circumstances that could arise and that, therefore, might serve as fuel for needless litigation that occasions delay.

- **Case Management Order**: Consistent with their Motion to Consolidate and the Court's granting of that motion "for pretrial purposes, including discovery and all related proceedings" Order Granting in Part and Denying in Part Pls.' Mot. to Consolidate, No. 20-cv-3715-APM, ECF No. 67, the Colorado States believe that the Court should enter a single CMO governing both the DOJ action and the

Colorado States Action (together, the "Consolidated Actions"). *See* Ex. A. In

addition, should the Court grant the DOJ's request for separate CMO, we explain

how those separate orders should be structured.

**(1) The Colorado Case Presents Distinct and Complicated Issues that Require Adequate Discovery Controlled by the Colorado States Themselves.**

The Colorado States present their position on the number of depositions and written

interrogatories and requests for admission that should be available to the Colorado States given

their expanded Complaint. The Department of Justice will separately explain why it believes that

the Google position restricting discovery is inadequate.

The starting point is this: Although Google will likely point to the overlap between the

DOJ action and the Colorado States Action, the Colorado States' allegations extend well beyond

the DOJ Action's allegations as the Court has recognized. For example, the Colorado States

Complaint includes within its monopoly-maintenance claims:

- Conduct directed at specialized vertical providers. Complaint ¶¶ 168-199, No. 20-cv-3715-APM (D.D.C. Dec. 17, 2020), ECF No. 3 ("Colorado States' Complaint");

- Separate conduct pertaining to Google's operation of its search-advertising tool, SA 360. Colorado States' Compl. ¶¶ 144-167;

- Greater emphasis on new forms of general search, such as through home speakers and connected cars, than the DOJ complaint. Colorado States' Compl. ¶¶ 127-143;

- A general search advertising market that is different from that alleged in the DOJ complaint. Colorado States' Compl. ¶¶ 82-89; and

- A prayer for relief that may, given the broader nature of the conduct alleges, lead the Colorado States to seek remedies beyond those sought by the Department of Justice.

(a) *The Court should grant the Colorado States 30 depositions, which is less than half the number afforded the DOJ.*

The broader scope of the Colorado States Action justifies granting the Colorado States

the ability to notice up to 30 separate depositions. The five areas noted above demonstrate that

30 depositions is a reasonable number. Even just the additional emphasis and allegations of conduct concerning specialized vertical providers and the use of the SA360 advertising tool justify the Colorado States' request.

For example, the Colorado States allege that "[b]y eliminating competitive constraints in its search-related markets, Google has become a monopolistic gatekeeper, free to limit passage across the internet and to charge supra-competitive tolls for the journey," Colorado States' Compl. ¶ 168, and that Google, having artificially banished its general search competition to a niche of the marketplace, took advantage of the obvious result: Firms using general search were now artificially dependent on Google as a source of customer acquisition. So, Google doubled down, using the fruits of unlawful monopoly maintenance to impose anticompetitive constraints on the firms, which we call specialized vertical providers. Specialized vertical providers pose an out-of-market threat to Google's continued dominance of search-related markets, similar to the threat Netscape presented to Microsoft.

This is a complicated and critically important area and requires extensive factual investigation, especially in light of the diverse business models that can be used by different specialized vertical providers and the obvious fact that conduct directed at the specialized vertical providers could worsen between the filing of the complaint and trial. That factual investigation extends to additional firms and multiple commercial segments and must anticipate defenses that Google may raise as well as requiring discovery from Google about the manner in which it has treated specialized vertical providers, including any conduct that has heretofore been undetected.

The conduct the Colorado States allege concerning SA360 similarly extends beyond the DOJ complaint. The core allegation is that "Google's Search Ads 360 ("SA360") service, a

search advertising marketing tool used by many of the world's most sophisticated advertisers, has long pledged to offer advertisers a 'neutral' means for purchasing and comparing the performance of not only Google's search advertising, but also that of its closest competitors. But, in reality, Google operates SA360—the single largest such tool used by advertisers—to severely limit the tool's interoperability with a competitor, thereby disadvantaging SA360 advertisers." Colorado States' Compl. ¶ 13.  The Colorado States' Complaint details Google's multi-year effort to diminish the ability of its own customers—large advertisers—to benefit from what limited competition remains in the wake of Google's other anticompetitive conduct. Colorado States' Compl. ¶¶ 144-167. That conduct is quite distinct from any allegations in either complaint and requires factual investigation into its nature, impact in raising advertising prices/and or limiting advertising quality, and the technical mechanisms by which Google operates SA360 and by which advertisers purchase search-related advertising. Similar distinct inquiries can be expected to arise from each of the other points of differentiation noted above, including the adverse impact on innovation of Google's conduct directed towards new forms of information discovery.

Against all this, Google asserts that the Parties should be forced to share depositions and that the total number of depositions should only be increased from 65, over which the DOJ was given control in its case, to 70, to be jointly controlled by all of the Plaintiffs.

As justification, Google will likely, and incorrectly, point to the Colorado States' Initial Disclosures as a reason for why depositions should be more limited, arguing the Colorado States should be allotted far fewer depositions because the disclosures largely overlap. This is wrong on two distinct grounds.

*First*, initial disclosures are a record of the pre-complaint investigation; they are not a witness list to which parties are bound even before the initiation of discovery. Yet, that is the fundamental basis on which Google appears to rest its analysis—that the Colorado States already know which entities will be important at trial. That is a mistaken premise. Although the Colorado States conducted a thorough investigation to support the allegations in their complaint, they have not yet engaged in "discovery," so named precisely because it, as the Supreme Court has emphasized, operates "as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues." *Hickman v Taylor*, 329 U.S. 495, 501 (1947). It is the expanded scope of the Colorado States Action, not the initial disclosures, that explains the need for adequate discovery. Indeed, the attempt to limit discovery to what is now known is already belied by the facts of the case. The DOJ third-party subpoenas that have already been issued demonstrate just this point by seeking information from a number of third-parties that are not included within the DOJ's initial disclosures.

*Second*, if Google were right that initial disclosures dictated the number of depositions (which it is not), the DOJ and Colorado States would be entitled to 144 depositions total—the total number of third parties disclosed in the DOJ and Colorado Initial Disclosures. Thus, Google's reliance on the Initial Disclosures as a basis to limit the Colorado States from pursuing their action is not just wrong; it backfires. All Google has established is that the DOJ is already limited to deposing less than half of the entities included within its Initial Disclosures, which demonstrates why the Colorado States require the ability to notice additional depositions that in their judgement are important to their case.

The Colorado States commit to work closely with the Department of Justice to eliminate duplication and to lessen any inconvenience to witnesses. To take an obvious example, the

Colorado States do not intend to separately notice a deposition seeking testimony on a topic within the scope of examination that the witness testified to during a deposition noticed by DOJ. Where a witness, for example a third party, would be asked to testify both on issues within the scope of the DOJ Complaint and additional topics contained within the Colorado States Complaint, the Colorado States would coordinate with DOJ to avoid duplication of questioning, and the Colorado States would work to ensure adequate time for both sets of non-overlapping inquires. Where a deposition is noticed by the Colorado States, the Colorado States would provide DOJ an opportunity to ask questions in its deposition (and would seek the same opportunity in DOJ-noticed depositions), also to enhance efficiency and limit inconvenience. The Colorado States' proposed Case Management Order, attached as Exhibit A, detail these coordination efforts to minimize duplication and ensure the Consolidated Actions proceed efficiently (*see* discussion below in Section 3 of Colorado States' Position Statement).

With these processes in place, the Colorado States propose that they have the ability to notice 30 depositions and to notice 4 two-day depositions, while reserving their rights to seek additional depositions by leave of this Court should the need for such a request arise. That is less than half of the total depositions afforded the Department of Justice and is necessary because of the expanded scope of the Colorado States' Complaint.

> *(b) The Court should grant the Colorado States the ability to propound the same number of written interrogatories and requests for admission as the Department of Justice.*

The Colorado States seek the same number of written interrogatories and requests for admission that are available to the parties in the DOJ action: (i) 25 interrogatories in total (including discrete subparts), and an additional 20 contention interrogatories, which may not be served until 180 days from beginning of fact discovery and (ii) 37 requests for admission.

Written discovery is an effective means of narrowing the issues so the litigation may move forward more efficiently. Its use is neither time-consuming in the manner of depositions nor overly burdensome, as the total amounts the Colorado States request follows the default number of interrogatories (25) set out under Federal Rule of Civil Procedure 33. The significant manner, detailed above, in which the Colorado States Action extends beyond the DOJ Action provides ample justification for these numbers. But, in addition, and as with the depositions, the Colorado States promise to work closely with the DOJ to avoid excess burden on all parties and third parties, including the Colorado States themselves.

> **(2) The Colorado States Propose that the Court Should Now Require Discovery Coordination, While Avoiding Rigid Rules that Cannot Anticipate the Metes and Bound of Future Factual Investigation.**

The proposed CMO (Exhibit A) establishes necessary principles regarding collaboration of discovery between the Consolidated Actions.[1] Specifically, the principles include:

- Avoidance of duplication
- Availability of discovery across the consolidation actions
- Use of discovery across the consolidated actions
- Deposition procedures
- Deposition scheduling
- Deposition counting and time limits
- Avoidance of duplication for written discovery
- Non-Party subpoenas
- Meet and confers

The Colorado States believe all parties and third-parties' interests will be furthered by the establishment of such principles to minimize duplication and ensure the Consolidated Actions move forward efficiently. Further, to ensure that the number of depositions requested does not prejudice the ability of the Colorado States to present their case, it is necessary for the CMO to

---

[1] This is the same language adopted for the same purpose as the text of the DOJ's Proposed Discovery Coordination Order.

ensure that the parties have the ability to use all evidence in either case in any proceeding of either case, including if this Court ultimately decides upon separate trials. Thus, Exhibit A provides that discovery will be available across the Consolidated Actions.

Finally, for Requests for Production, Google would impose on Plaintiffs a limitation that Plaintiffs cannot issue duplicative document requests. The discovery coordination provisions in Exhibit A establish that the parties shall work to avoid duplication throughout written discovery. These provisions ensure duplication will be minimized, but the Colorado States oppose the strict limitation Google seeks. For example, it is entirely possible that the response to a non-overlapping document request from the Colorado States could yield a document that was also responsive to a separate request from DOJ. Yet, Google apparently believes such an outcome would be impermissible. This position is a recipe for unnecessary litigation and delay in discovery.

The Colorado States will work to limit the burden on parties and third parties. For example, where the DOJ has already issued a request for production to a third party, the Colorado States will focus their separate requests on areas not covered by the DOJ request.

Google remains free to object if the Requests become overly duplicative and burdensome. This commitment to avoid duplication, however, only works for all forms of written discovery if the Court orders that any deposition, document, data, or other evidence produced by a Party or non-Party can be used in any proceeding of either of the Consolidated Actions, as requested in the discovery coordination provisions contained in Paragraph 5 of Exhibit A.

**(3) This Court Should Enter a Single Case Management Order.**

The U.S. Department of Justice has requested that the Court enter separate CMOs. The Colorado States prefer the Court enter a single CMO to be consistent with the Court's Order consolidating the DOJ action and Colorado States Action for pre-trial proceedings. Order Granting in Part and Denying in Part Pls.' Mot. to Consolidate, ECF No. 67, No. 1:20-cv-3715-APM. The Colorado States have attached a proposed single CMO as Exhibit A. The proposed CMO, Exhibit A, includes several additional dates specific to the Colorado States Action, like the requirement that the Colorado States begin the production of Investigation Materials on February 4th and the requirement that any complaint amended as of right be filed on or before March 15th. Exhibit A also reflects changes in the discovery limitations to account for the addition of the Colorado States Action, which are discussed in more detail below. Finally, Exhibit A includes a new section drawn from the DOJ's proposed Discovery Consolidation Order, Exhibit C, addressing how discovery will be coordinated to ensure the Consolidated Actions move forward expeditiously.

If the Court grants the Department of Justice's request for separate CMOs, the Colorado States respectfully request that the CMO contain (i) the Colorado States' proposed number of depositions, two-day depositions, written interrogatories, and requests for admission, (ii) the dates specific to the Colorado States Action, and (iii) the specific agreed-upon provision concerning the use of exhibits at remote depositions. Additionally, the Court should enter the DOJ's Discovery Consolidation Order, Exhibit C, to ensure discovery proceeds efficiently if the Court grants the DOJ's request for separate CMOs. The Discovery Consolidation Order includes the same provisions that the Colorado States added in the proposed single CMO attached as Exhibit A and addressed in more detail above.

## DEFENDANT GOOGLE LLC'S POSITION STATEMENT

When Plaintiffs in *State of Colorado, et al. v. Google LLC*, No. 20-cv-3715-APM

(collectively, the "Colorado Plaintiffs") filed their Complaint on December 17, 2020, they

moved to consolidate their case with *United States, et al. v. Google LLC*, No 20-cv-3010-APM

(the "DOJ Action") in order to take advantage of the "efficiency and convenience" of "one

discovery process," which they explained "will save time and avoid unnecessary costs."  D.I. 5 at

4.  Absent consolidation, the Colorado Plaintiffs explained, the cases would feature "substantial

overlapping discovery."  *Id.*[2]  The DOJ "consent[ed] to consolidation for purposes of discovery,"

*id.* at 1, as did Google, and the Court subsequently ordered that the cases "shall be consolidated

… for pretrial purposes, including discovery and all related proceedings," D.I. 67.

Now, rather than agreeing to a single, consolidated discovery process, the Colorado

Plaintiffs and the DOJ Plaintiffs have devised proposals that would undermine the very

efficiencies that justified consolidation and would guarantee unnecessary duplication of effort by

Google, non-parties, and the Court.  Plaintiffs propose that any discovery taken of Google or a

third party in one action can be used in the other, while at the same time resisting any

requirement that they coordinate their efforts (and rejecting the notion that a discovery response

by Plaintiffs in one case can be used in the other case).  *See* Ex. A (Colorado Plaintiffs' Proposed

CMO) ¶ 5; Ex. C (DOJ Plaintiffs' Proposed Discovery Consolidation Order) ¶¶ 4, 7–10.

Plaintiffs will not agree, for example, to depose each witness only once; indeed, both the

Colorado Plaintiffs' proposed CMO and the DOJ Plaintiffs' proposed "Discovery Consolidation

Order" expressly contemplate that Plaintiffs intend to notice the same Google witness for

---

[2] *See also* Status Tr. 61:4–8, Dec. 18, 2020, where the Colorado Plaintiffs noted that they "are
not here to reinvent the wheel" but rather "hope to join as seamlessly and to proceed as
expeditiously as [they] can."

separate depositions.  Ex. A ¶ 5(e); Ex. C ¶ 6.  Moreover, the Colorado Plaintiffs' proposed

CMO would allow them to notice *30* additional fact-witness depositions—on top of the *65* fact-

witness depositions that the DOJ Plaintiffs are allowed—and to serve their own separate

allotment of written discovery without any requirement of coordination with DOJ Plaintiffs to

serve joint requests for common issues of fact.  *See* Ex. A ¶¶ 12–15.

     Plaintiffs' attempt to litigate their two overlapping cases in parallel and essentially double

the burden on Google and non-parties should be rejected.  As discussed below, there is no reason

to believe that these consolidated actions will require significant discovery beyond the more-

than-generous limits reflected in the CMO entered in the DOJ Action on December 21, 2020

(D.I. 85), and there is certainly no basis for the dramatic expansion contemplated by Plaintiffs'

proposals.  Google respectfully submits that the Court should enter a lightly modified version of

the existing CMO that offers a reasonable expansion of the generous limits on written discovery

and depositions while minimizing duplicative discovery and the resulting undue burden on

Google and non-party witnesses.  *See* Ex. B (Google's Proposed CMO).[3]

* * *

     Although it has been only a few weeks since the Colorado Plaintiffs requested and

received a consolidation order—with the DOJ Plaintiffs' consent—they now steadfastly refuse to

agree to "a single discovery process."  D.I. 5 at 1.  The Colorado Plaintiffs have submitted a

proposal that would allow them extensive discovery beyond what is contemplated in the existing

CMO.  Ex. A ¶¶ 5, 11–14.  The DOJ Plaintiffs, for their part, have taken the position that there

should be separate CMOs for each case and submitted their own proposed "Discovery

---

[3] Google is submitting its proposal as a redline that reflects its proposed changes to the CMO
entered by the Court on December 21, 2020 (D.I. 85).

Consolidation Order," which they first circulated on January 27 (i.e., the same day this joint statement originally was due to be filed).  Ex. C ¶ 1; *see* D.I. 96 ¶ 3.  Although Plaintiffs' proposals include a nominal commitment to "make good faith efforts to cooperate in coordinating and integrating discovery," Ex. A ¶ 5(a); Ex. C ¶ 2,  they essentially allow the two groups of Plaintiffs to each use their own allotment of deposition time and discovery requests however they see fit, without any requirement that they work together to minimize the burden on witnesses and avoid duplication in these consolidated actions.  *See, e.g.*, Ex. A ¶¶ 5(f), 15; Ex. C ¶¶ 7–10.  For example, both Plaintiffs propose that if the DOJ Plaintiffs and the Colorado Plaintiffs both notice a party deposition, the duration will double from 7 hours to 14 hours (or increase from the already-expanded 14 hours to 21 hours for witnesses selected for two-day depositions).  Ex. A ¶ 5(f)(ii); Ex. C ¶ 7(b).  Third-party depositions, meanwhile, will extend from 7 hours to 11 if noticed by both groups of Plaintiffs.  Ex. A ¶ 5(f)(iv); Ex. C ¶ 7(d).  Beyond imposing undue burden, Plaintiffs' proposal with respect to third-party depositions is inequitable:  they propose taking two-thirds of the questioning time, leaving Google with only one-third whenever both Plaintiffs and Google notice the deposition.  Ex. A ¶ 5(e); Ex. C ¶ 7(e).[4]  And all of that is on top of the fact that nothing in Plaintiffs' proposals stops Plaintiffs from forcing witnesses to sit for separate depositions in each of the consolidated actions; indeed, their proposals specifically contemplate that Plaintiffs will do just that.  Ex. A ¶ 5(e) (indicating "there

---

[4] If Plaintiffs and Google both notice a third-party deposition, the questioning time should be divided ***equally*** between the two sides (i.e., the DOJ Plaintiffs and the Colorado Plaintiffs, on the one hand, and Google, on the other hand).  Ex. B ¶ 14; *see, e.g.*, *United States v. Am. Express Co.*, 10-cv-4496, D.I. 92 ¶ 25 (E.D.N.Y. Mar. 2, 2011) (setting out a "discovery coordination protocol" for multiple actions brought by Government Plaintiffs and Private Plaintiffs against Amex, which provides that "[f]or any third party deposition noticed by both Amex and the Plaintiffs … the on-the-record deposition time shall be divided 50/50 between Amex and the Plaintiffs noticing or cross-noticing the deposition, and Plaintiffs' 50% shall be further allocated" between the Government Plaintiffs and Private Plaintiffs).

will be instances in which the Plaintiffs will notice a Google witness for separate times"); Ex. C ¶ 6 (same).

The notion that the Colorado Plaintiffs should receive their own separate allocation of deposition notices, deposition questioning time, and written discovery requests—without any meaningful coordination with the DOJ Plaintiffs—defeats the very purpose of consolidation.  As the Court observed at the December status conference, it is incumbent upon all parties to these consolidated actions to avoid "having to have folks sit for multiple depositions over multiple days" because "part of consolidating this is to lessen the burden on individuals – in carrying out these depositions."  Status Tr. 67:24–68:2, Dec. 18, 2020.  Courts routinely enter orders imposing a collective limit on the discovery available to each side in consolidated cases, including in antitrust actions brought by state or federal authorities.[5]  And courts in this District and others have also maintained standard limits on the duration of depositions in consolidated actions, including when some or all of the plaintiffs are government antitrust enforcers.[6]

---

[5] *See, e.g.*, *FTC v. Actavis, Inc.*, No. 09-cv-955, D.I. 307 at §§ II, III (N.D. Ga. June 11, 2014) (providing that "***Plaintiffs collectively*** and Defendants collectively may each notice the deposition of up to 40 fact witnesses" and directing the parties "to coordinate discovery where possible" and "use their best efforts to avoid duplicative discovery" in consolidated cases brought by the Federal Trade Commission and private plaintiffs (emphasis added)); *In re Electronic Books Antitrust Litig.*, No. 11-md-2293, D.I. 193 at § 6(h) (S.D.N.Y. July 6, 2012) (providing that "***Plaintiffs (collectively)*** and Non-Settling Defendants (collectively) may notice the deposition of up to 60 party fact witnesses" in consolidated actions against multiple defendants brought by the Department of Justice, a group of states, and private plaintiffs (emphasis added)); *FTC v. Ovation Pharms., Inc.*, No. 08-cv-6379, D.I. 20 at 14 (D. Minn. Jan. 15, 2009) (providing that "[t]he FTC and Minnesota may notice and take a total of 15 factual depositions between them" and "[Defendant] may notice and take 15 factual depositions" in related cases brought by the Federal Trade Commission and the State of Minnesota).

[6] *See, e.g.*, *United States v. Microsoft*, No. 98-cv-1232, D.I. 635 at § 5(g)–(h) (D.D.C. Sept. 28, 2001) (providing that "[f]act witness depositions shall not exceed 30 for each side" and "[n]o deposition may last more than eight hours … except by leave of the Court or stipulation of the parties" in consolidated antitrust actions brought by the Department of Justice and several states); *FTC v. Cephalon, Inc.*, No. 08-cv-2141, D.I. 76 at ¶¶ 15, 19 (E.D. Pa. Aug. 20, 2010) (providing that the parties "shall coordinate so that each witness is deposed only once in

Aside from the threshold issue of whether and how Plaintiffs should be required to coordinate their discovery, there is simply no basis for such a dramatic expansion of the limits on discovery reflected in the existing CMO.  *See* D.I. 85.  As the Colorado Plaintiffs explained to the Court just last month, "[c]ommon questions of law and fact abound in the[se]" two cases, such that "if the cases were separate, substantial overlapping discovery would have to be undertaken."  D.I. 5 at 4.  These predictions about the substantial degree of overlap have been borne out by the parties' initial disclosures.  Notably, ***all but two*** of the 38 non-parties who the Colorado Plaintiffs believe are likely to have discoverable information are also listed on the initial disclosures served by the plaintiffs in the DOJ Action.  Moreover, the Colorado Plaintiffs did not disclose a single unique source of documents that they anticipate using to support their claims:  every single one of the 13 non-parties that the Colorado Plaintiffs identified as having produced documents during their investigations also produced documents to the Department of Justice.  Google, meanwhile, disclosed only five additional witnesses in response to the allegations made by the Colorado Plaintiffs that were not asserted in the DOJ Action.  In short, there is no reason to believe that the allegations made by the Colorado Plaintiffs will so expand discovery to justify enlarging the already generous limits reflected in the CMO entered in the DOJ Action on December 21.  *See* D.I. 85.

Google nevertheless has offered to increase the agreed limits on written discovery and depositions to account for the additional allegations advanced by the Colorado Plaintiffs. Specifically, Google has proposed that each side (i.e., the DOJ Plaintiffs and the Colorado Plaintiffs, on the one hand, and Google, on the other hand) receive ten additional interrogatories,

connection with" multiple consolidated cases brought by the Federal Trade Commission and private plaintiffs and specifying that "[u]nless otherwise agreed upon by the Parties or ordered by the Court, each witness shall be limited to one (1) deposition of one (1) day of seven (7) hours").

ten additional contention interrogatories, ten additional requests for admission, and five additional fact-witness depositions, such that each side may take up to 70 depositions without leave of Court. *See* Ex. B ¶¶ 11, 12, 14. As noted above, there is currently no basis on which to conclude that the allegations unique to the Colorado Action will meaningfully expand the scope of discovery, but in the unlikely event that the parties are approaching the existing limits and believe that more written discovery requests or depositions are necessary, the parties can address that issue by stipulation or through a request to the Court.

With respect to trial related deadlines and limits, Google's proposed CMO defers addressing those matters as they relate to the Colorado Action. *See* Ex. B ¶¶ 5 n.2, 8. The Court has already concluded that the parties should revisit whether a consolidated trial is appropriate "after the close of expert discovery and resolution of any motions for summary judgment." D.I. 67. At that time the parties can address whether a consolidated trial is appropriate and, if so, whether any changes need to be made to the CMO to accommodate the Colorado Plaintiffs.

Dated: January 29, 2021                    Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By:   /s/ *John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
725 12th Street, NW
Washington, DC 20005
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
1700 K St, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

*Counsel for Defendant Google LLC*

DATED: January 29, 2021                    Respectfully submitted,

                                           By:    */s/ Jonathan B. Sallet*

                                           Jonathan B. Sallet, Special Assistant
                                           Attorney General (D.C. Bar No. 336198)
                                           Steven Kaufmann, Deputy Attorney General
                                           (D.C. Bar No. 1022365 *inactive*)
                                           Diane R. Hazel, First Assistant Attorney
                                           General (D.C. Bar No. 1011531 *inactive*)
                                           Colorado Office of the Attorney General
                                           1300 Broadway, 7th Floor
                                           Denver, CO 80203
                                           Tel: 720-508-6000
                                           Jon.Sallet@coag.gov
                                           Steve.Kaufmann@coag.gov
                                           Diane.Hazel@coag.gov

                                           *Counsel for Plaintiff Colorado*


                                           Joseph Conrad
                                           Office of the Attorney General of Nebraska
                                           Consumer Protection Division
                                           2115 State Capitol Building
                                           Lincoln, NE 68509
                                           402-471-3840
                                           joseph.conrad@nebraska.gov

                                           *Counsel for Plaintiff Nebraska*


                                           Brunn W. (Beau) Roysden III, Solicitor
                                           General
                                           Michael S. Catlett, Deputy Solicitor General
                                           Dana R. Vogel, Unit Chief Counsel
                                           Christopher M. Sloot, Assistant Attorney
                                           General
                                           Arizona Office of the Attorney General
                                           2005 North Central Avenue
                                           Phoenix, Arizona 85004
                                           Tel: (602) 542-3725
                                           Dana.Vogel@azag.gov

                                           *Counsel for Plaintiff Arizona*

19

Max Merrick Miller
Attorney General's Office for the State of
Iowa
1305 East Walnut Street, 2nd Floor
Des Moines, IA 50319
(515) 281-5926
Max.Miller@ag.Iowa.gov

*Counsel for Plaintiff Iowa*


Elinor R. Hoffmann
John D. Castiglione
Morgan J. Feder
Office of the Attorney General of New York
28 Liberty Street, 21st Floor
New York, NY 10005
212-416-8513
elinor.hoffmann@ag.ny.gov
john.castiglione@ag.ny.gov
morgan.feder@ag.ny.gov

*Counsel for Plaintiff New York*


Jonathan R. Marx
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
919-716-6000
Jmarx@Ncdoj.Gov
jsutton2@ncdoj.gov

*Counsel for Plaintiff North Carolina*

J. David McDowell
Jeanette Pascale
Christopher Dunbar
Office of The Attorney General & Reporter
P.O. Box 20207
Nashville, TN 37202
615-741-3519
david.mcdowell@ag.tn.gov
jenna.pascale@ag.tn.gov
chris.dunbar@ag.tn.gov

*Counsel for Plaintiff Tennessee*


Tara Pincock
Attorney General's Office Utah
160 E 300 S, Ste 5th Floor
PO Box 140874
Salt Lake City, UT 84114
801-366-0305
tpincock@agutah.gov

*Counsel for Plaintiff Utah*


Jeff Pickett
Senior Assistant Attorney General
jeff.pickett@alaska.gov
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Tel: (907) 269-5100

*Counsel for Plaintiff Alaska*

Nicole Demers
State of Connecticut Office of the Attorney
General
165 Capitol Avenue, Ste 5000
Hartford, CT 06106
860-808-5202
nicole.demers@ct.gov

*Counsel for Plaintiff Connecticut*


Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
302-577-8924
michael.undorf@delaware.gov

*Counsel for Plaintiff Delaware*


Catherine A. Jackson (D.C. Bar No.
1005415)
Elizabeth Gentry Arthur
David Brunfeld
Office of the Attorney General for the
District of Columbia
400 6th Street NW
Washington, DC 20001
202-724-6514
catherine.jackson@dc.gov
elizabeth.arthur@dc.gov
david.brunfeld@dc.gov

*Counsel for Plaintiff District of Columbia*

Leevin Taitano Camacho, Attorney General
Fred Nishihira, Chief, Consumer Protection
Division
Benjamin Bernard Paholke, Assistant
Attorney General
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Tel: (671)-475-3324
bpaholke@oagguam.org

*Counsel for Plaintiff Guam*


Rodney I. Kimura
Office of the Attorney General of Hawaii
Commerce & Economic Development
425 Queen Street
Honolulu, HI 96813
808-586-1180
rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff Hawaii*


Brett DeLange
Office of the Idaho Attorney General
Consumer Protection Division
954 W. State St., 2nd Fl.
PO Box 83720
Boise, ID 83720-0010
208-334-4114
brett.delange@ag.idaho.gov

*Counsel for Plaintiff Idaho*

Erin L. Shencopp
Blake Harrop
Joseph Chervin
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
312-793-3891
eshencopp@atg.state.il.us
bharrop@atg.state.il.us
jchervin@atg.state.il.us

*Counsel for Plaintiff Illinois*

Lynette R. Bakker
Office of the Attorney General of Kansas
Consumer Protection & Antitrust
120 S.W. 10th Avenue, Ste 2nd Floor
Topeka, KS 66612-1597
785-368-8451
lynette.bakker@ag.ks.gov

*Counsel for Plaintiff Kansas*

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
Augusta, ME 04333-0006
207-626-8838
christina.moylan@maine.gov

*Counsel for Plaintiff Maine*

Schonette J. Walker
Assistant Attorney General
Deputy Chief, Antitrust Division
Office of the Attorney General
swalker@oag.state.md.us

Gary Honick
Assistant Attorney General
Office of the Attorney General
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
410-576-6480
ghonick@oag.state.md.us

*Counsel for Plaintiff Maryland*


Matthew B. Frank, Assistant Attorney
General Antitrust Division
William T. Matlack, Assistant Attorney
General
Chief, Antitrust Division
Michael B. MacKenzie, Assistant Attorney
General
Deputy Chief, Antitrust Division
Office of the Attorney General
One Ashburton Place, 18th Fl.
Boston, MA 02108
Tel: (617) 727-2200
Matthew.Frank@mass.gov
William.Matlack@mass.gov
Michael.Mackenzie@mass.gov

*Counsel for Plaintiff Massachusetts*


Justin Moor, Assistant Attorney General
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2130
(651) 757-1060
justin.moor@ag.state.mn.us

*Counsel for Plaintiff Minnesota*

Marie W.L. Martin
Michelle Christine Newman
Lucas J. Tucker
Nevada Office of the Attorney General
Bureau of Consumer Protection
100 N. Carson Street
Carson City, NV 89701
775-624-1244
mwmartin@ag.nv.gov
mnewman@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff Nevada*


Brandon Garod
Office of Attorney General of New
Hampshire
33 Capitol Street
Concord, NH 03301
603-271-1217
brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff New Hampshire*


Robert Holup
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
239-822-6123
robert.holup@law.njoag.gov

*Counsel for Plaintiff New Jersey*

Mark F. Swanson
Cholla Khoury
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87504
Tel: 505.490.4885
mswanson@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff New Mexico*


Parrell D. Grossman
Director
Elin S. Alm
Assistant Attorney General
Consumer Protection & Antitrust Division
Office of the Attorney General
1050 E. Interstate Ave., Suite 200
Bismarck, ND 58503
701-328-5570
pgrossman@nd.gov
ealm@nd.gov

*Counsel for Plaintiff North Dakota*


Beth Ann Finnerty
Mark Kittel
Jennifer Pratt
Office of The Attorney General of Ohio,
Antitrust Section
30 E Broad Street, 26th Floor
Columbus, OH 43215
614-466-4328
beth.finnerty@ohioattorneygeneral.gov
mark.kittel@ohioattorneygeneral.gov
jennifer.pratt@ohioattorneygeneral.gov

*Counsel for Plaintiff Ohio*

27

Caleb J. Smith Assistant Attorney General
Consumer Protection Unit
Office of the Oklahoma Attorney General
313 NE 21st St
Oklahoma City, OK 73105
Tel: (405) 522-1014
Caleb.Smith@oag.ok.gov

*Counsel for Plaintiff Oklahoma*


Cheryl Hiemstra
Oregon Department of Justice
1162 Court St NE
Salem, OR 97301
503-934-4400
cheryl.hiemstra@doj.state.or.us

*Counsel for Plaintiff Oregon*


Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Tel: (717) 787-4530
jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Pennsylvania*


Johan M. Rosa Rodríguez
Assistant Attorney General Antitrust
Division
Puerto Rico Department of Justice
PO Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 1201
jorosa@justicia.pr.gov

*Counsel for Plaintiff Puerto Rico*

David Marzilli
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400
dmarzilli@riag.ri.gov

*Counsel for Plaintiff Rhode Island*


Yvette K. Lafrentz
Office of The Attorney General of
South Dakota
1302 E. Hwy 14, Suite1
Pierre, SD 57501
605-773-3215
yvette.lafrentz@state.sd.us

*Counsel for Plaintiff South Dakota*


Ryan G. Kriger
Office of The Attorney General of
Vermont
109 State St.
Montpelier, VT 05609
802-828-3170
ryan.kriger@vermont.gov

*Counsel for Plaintiff Vermont*


Sarah Oxenham Allen
Tyler Timothy Henry
Office of the Attorney General of Virginia
Antitrust Unit/Consumer Protection Section
202 N. 9th Street
Richmond, VA 23219
804-786-6557
soallen@oag.state.va.us
thenry@oag.state.va.us

*Counsel for Plaintiff Virginia*

29

Amy Hanson
Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-5419
amy.hanson@atg.wa.gov

*Counsel for Plaintiff Washington*


Douglas Lee Davis
Tanya L. Godfrey
Office of Attorney General, State of West
Virginia
P.O. Box 1789
812 Quarrier Street, 1st Floor
Charleston, WV 25326
304-558-8986
doug.davis@wvago.gov
tanya.l.godfrey@wvago.gov

*Counsel for Plaintiff West Virginia*


Benjamin Mark Burningham
Amy Pauli
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
(307) 777-6397
ben.burningham@wyo.gov
amy.pauli@wyo.gov

*Counsel for Wyoming*