# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

United States of America, *et al.,*

                          Plaintiffs,

  v.

Google LLC,

                        Defendant.

State of Colorado, *et al.,*

                        Plaintiffs,

v.

Google LLC,

                        Defendant.

Case No. l:20-cv-03010-APM

HON. AMIT P. MEHTA

Case No. 1:20-cv-03715-APM

HON. AMIT P. MEHTA

## [COLORADO STATES' PROPOSED] AMENDED SCHEDULING AND CASE MANAGEMENT ORDER

In accordance with Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16.3, Plaintiffs and Defendant Google LLC ("Google") have met and conferred, and request that the Court enter this Amended Scheduling and Case Management Order. This Amended Scheduling and Case Management Order governs proceedings in *United States, et al. v. Google LLC*, No. 20-cv-3010-APM (the "DOJ Action") and *Colorado, et al. v. Google LLC*, No. 20-cv-3715-APM (the "Colorado States Action"). This Court has previously ruled that the Colorado States Action "shall be consolidated with *United States, et al. v. Google LLC*, No. 1:20-cv-3010 (the "DOJ

1

Action") for pretrial purposes, including discovery and all related proceedings." Order Granting in Part and Denying in Part Plaintiffs' Motion to Consolidate, No. 20-cv-3715-APM, ECF No. 67.

1.    **Service of the Complaint**. Counsel for Google has accepted service of the Complaints and waived formal service of a summons.

2.    **Initial Disclosures**. The Parties in the DOJ Action, exchanged Rule 26(a)(1) initial disclosures on November 20, 2020 and in the Colorado States Action on January 20, 2021.[1]

3.    **Local Rules 16.3(c)(1), 16.3(c)(3), 16.3(c)(4), 16.3(c)(5)**.

    i.    <u>Likelihood of Disposal by Dispositive Motion</u>. Google has elected not to file a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure in either captioned case and advised the Court of that decision on November 6, 2020 and on January 8, 2021.

    ii.    <u>Consent to Magistrate Judge</u>. The Parties do not consent to this case being assigned to a magistrate judge for any purposes.

    iii.    <u>Settlement</u>. The Parties do not believe that settlement discussions would be useful to engage in at this time.

    iv.    <u>ADR</u>. At a later time, the Parties will confer whether mediation may be appropriate.

4.    **Discovery Conference**. The Parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.3. The Parties' discussions and the submission of this Proposed Scheduling and Case Management Order, the ESI Order, and the Stipulated

---

[1] The term "Party" is defined as set forth in the Stipulated Protective Order in the consolidated actions and thus applies to the term "Parties" as used herein.

Protective Order relieve the Parties of their obligations under Federal Rule of Civil Procedure 26(f) and Local Rule 16.3.

5. **Discovery Coordination.**

    a) **Avoidance of Duplication.** The Parties shall make good faith efforts to cooperate in coordinating and integrating discovery in the Consolidated Actions and to avoid undue duplication and undue burden on any Party or non-Party. However, nothing in this Order is intended to obviate any Party's right to object to any discovery sought, or the right to seek a protective order or other relief, under the Federal Rules of Civil Procedure so long as such relief is not inconsistent with this Order. Furthermore, nothing in this Order requires the Parties to re-issue discovery already served.

    b) **Availability of Discovery Across the Consolidated Actions.** Any request for production, response to a request for production, document production, notice of third-party subpoena, response to production received from any third party, deposition transcript (and exhibits), court paper and accompanying affidavits and exhibits and/or expert report and accompanying exhibits served or made available to any Party in either case shall be served or made available to the Parties in the Consolidated Actions.

    c) **Use of Discovery Across the Consolidated Actions.** Any deposition, document, data, or other evidence produced by a Party or non-Party can be used in any proceeding of either of the Consolidated Actions. Written discovery responses (including responses to requests for admission) can only be used against the Party making the responses.

d)     **Deposition Procedures.** Counsel in either case shall be entitled to participate in any deposition in each of the cases. Objections are preserved for all Parties when one Party makes the objection.

e)     **Deposition Scheduling.** The Parties shall coordinate on scheduling of all Party and non-Party depositions. As a general rule, the Parties shall work in good faith not to depose a witness more than once on the same/substantially same issue. However, there will be instances in which the Plaintiffs will notice a Google witness for separate times to seek testimony on issues that do not completely overlap with testimony from the other deposition. Google has the right to object to any such request.

f)     **Deposition Counting and Time Limits.**

  i.     Party Depositions Noticed by One Set of Plaintiffs. Party depositions noticed by only one Party shall not exceed 7 (or 14 if noticed as such) hours on the record Non-noticing Plaintiffs may ask questions, as agreed to by the noticing Plaintiff, so long as total time does not exceed 7 (or 14 if noticed as such) hours, without the deposition counting towards deposition limits of non-noticing plaintiffs.

  ii.    Party Depositions Noticed by Both Sets of Plaintiffs. The total time will be the combined time noticed (e.g. if the U.S. Plaintiffs notice a 14 hour deposition and the CO/NE Plaintiffs notice the same witness for 7 hours, the total time will be 21 hours). Such a deposition shall count as one for both sets of Plaintiffs.

4

iii.      Third-Party Depositions Noticed by One Set of Plaintiffs or Google. Third-party depositions noticed by only one Party shall not exceed 7 hours on the record. . Non-noticing Plaintiffs may ask questions, as agreed to by the noticing Plaintiff, so long as total time does not exceed 7 hours, without the deposition counting towards deposition limits.

iv.      Third-Party Depositions Noticed by Two Sets of Plaintiffs. Third-party depositions noticed by two sets of Plaintiffs (or by one set of Plaintiffs and Google) will not exceed 11 hours, with the time split equally. The deposition shall count as one for both sets of Plaintiffs if noticed by both sets of Plaintiffs.

v.      Third-Party Depositions Noticed by Two Sets of Plaintiffs and Google. Third-party depositions noticed by two sets of Plaintiffs and Google will not exceed 14 hours, with the time split in three equal parts. The deposition shall count as count as one for both sets of Plaintiffs and Google.

g)    **Additional Time.** The Parties may request additional time for depositions. Google has the right to oppose such requests.

h)    **Remote Depositions.** In the event that technical issues arise during a remote deposition, including problems with loading or accessing exhibits in the virtual deposition platform, the Parties agree that they will promptly go off the record in order to address such issues without counting against the examiner's time on the record. Absent consent of all parties, the parties

5

agree to remain on camera while off the record for this purpose.

i) **Requests for Production.** The Parties shall work to avoid duplication. However, Parties are not required to serve joint requests. Responses to requests for production, and documents produced, shall be served on all parties in all cases.

j) **Interrogatories.** The Parties shall work to avoid duplication. However, the Parties are not required to serve joint requests. Responses in one case shall be provided to the Parties in all the Consolidated Actions. Responses may only be used against the Party who makes them (i.e. responses by a Plaintiff in one case cannot be used against a separate Plaintiff in the other case).

k) **Requests for Admission.** Parties shall work to avoid duplication. However, the Parties are not required to serve joint requests. Responses in one case shall be provided to Parties in all cases. Admissions may only be used against the Party who makes them (i.e. admissions by a Plaintiff in one case cannot be used against a separate Plaintiff in the other case).

l) **Non-Party Subpoenas.** Non-Party Subpoenas and written modifications shall be provided to all Parties in the Consolidated Actions.

m) **Meet and Confers.** Plaintiffs in the Consolidated Actions shall participate in all meet and confer meetings with Google. However, resolution of dispute between one set of Parties (e.g. U.S. Plaintiffs and Google) may not be controlling as to dispute between another set of Parties (e,g, CO/NE Plaintiffs and Google).

6.    **Case Schedule**. Unless otherwise specified, days will be computed according to

Federal Rule of Civil Procedure 6(a). The Court should adopt the following schedule

| Event | Calculation of Date | Calendar Date |
|---|---|---|
| Answer or responsive pleading | DOJ Action: December 21, 2020 Colorado States Action: February 21, 2021 | DOJ Action: December 21, 2020 Colorado States Action: February 21, 2021 |
| Fact discovery commences | Upon entry of protective order or CMO, whichever is later | December 21, 2020 |
| Begin production of investigative materials subject to provisions of paragraph 8 | DOJ action: January 15, 2021 Colorado States Action: February 4, 2021 | DOJ action: January 15, 2021 Colorado States Action: February 4, 2021 |
| Google (and if necessary Plaintiffs) to provide samples and data dictionaries for all sources of structured data identified in the Rule 26(a)(l) disclosures | 45 days after the Party's identification through amended Rule 26(a)(l) disclosures of such data sets after the start of fact discovery | TBD |
| Parties will certify substantial completion of production of documents in response to requests for production | Producing Party to provide estimated date for inspection/production in accordance with FRCP 34(b)(2)(B). Within 5 days of production of documents that achieves substantial completion of production in response to request set, producing Party to certify same. | TBD |
| Parties to file any motions to compel regarding scope of production to the requests for production and interrogatories | No later than 30 days after parties ce11ify substantial completion of production | TBD |
| Deadline to amend pleadings/join additional Parties as of right | DOJ Action: January 15, 2021 Colorado States Action: March 15, 2021 | DOJ Action: January 15, 2021 Colorado States Action: March 15, 20212 |

| Event | Calculation of Date | Calendar Date |
|---|---|---|
| Completion of fact discovery except for requests for admission for authentication of or admissibility of documents, data or other evidence; parties to certify completion of production (including providing all privilege logs) | 456 days after fact discovery begins | March 22, 2022 |
| Deadline for Parties to serve opening expert disclosures in accordance with Rule 26(a.)(2)(B). Parties to make simultaneous exchange of all opening reports for either side. | 30 days after close of fact discovery | April 21, 2022 |
| Deadline for service of requests for admission for authentication of or admissibility of documents, data or other evidence | 60 days after close of fact discovery | May 23, 2022 |
| Deadline for Parties to resolve rebuttal expert report(s) | 60 days after service of opening reports | June 20, 2022[2] |
| Deadline for Parties to serve reply expert report(s) | 50 days after service of rebuttal expert reports | August 9, 2022 |

[2] Date calculations herein for expert disclosures, summary judgement, *Daubert*, and motions in limine assume service/filing on the applicable deadlines.

| Event | Calculation of Date | Calendar Date |
|---|---|---|
| Close of expert discovery | 45 days after service of final expert reports | September 23, 2022 |
| First day to file dispositive motions without leave of Court | Close of expert discovery | September 23, 2022 |
| Post-discovery Status Conference | To be decided by the Court after close of expert discovery | TBD |
| Deadline to file motions for summary judgment and *Daubert* motions | 30 days after close of expert discovery | October 24, 2022 |
| Deadline to file oppositions to motions for summary judgment and *Daubert* motions | 45 days after service of summary judgment m *Daubert* motion(s) | December 8, 2022 |
| Deadline to file replies concerning motions for summary judgment or *Daubert* motions | 30 days after service of oppositions to *Daubert* or summary judgement motion(s) | January 9, 2023 |

| Event | Calculation of Date | Calendar Date |
|---|---|---|
| Parties exchange initial exhibit lists, opening deposition designations, and initial witness lists | 12 weeks before trial | June 20, 2023 |
| Each Party informs each non-Party of all documents produced by that non-Party that are on that Party's exhibit list and all depositions excerpts of that non-Party that have been designated by any Party | 8 weeks before trial | July 18, 2023 |
| Each side exchanges its objections to the other side's exhibits and deposition designations and its deposition counter-designations | 8 weeks before trial | July 18, 2023 |
| Parties provide expert reports and/or summaries of reports to the Court | 8 weeks before trial | July 18, 2023 |
| Parties exchange final exhibit and witness lists | 6 weeks before trial | August 1, 2023 |
| Motions *in limine* filed | 6 weeks before trial | August 1, 2023 |

| Event | Calculation of Date | Calendar Date |
|---|---|---|
| Oppositions to motions *in limine* filed | 14 days after *in limine* motions filed | August 15, 2023 |
| Non-parties provide notice of any objections to the potential public disclosure at trial of any non-Party documents or depositions; explain the basis for any such objections; and propose redactions where possible | 5 weeks before trial | August 8, 2023 |
| Each side exchanges its objections to the other side's deposition counter-designations and its counter-counter-designations | 4 weeks before trial | August 15, 2023 |
| Parties meet and confer regarding motions *in Limine* | 4 weeks before trial | August 15, 2023 |
| Parties and non-Parties meet and confer regarding confidentiality of non-Party documents on trial exhibit lists and non-Party depositions | 4 weeks before trial | August 15, 2023 |
| Parties meet and confer regarding disputes about confidentiality of Party documents on trial exhibit lists | 4 weeks before trial | August 15, 2023 |

| Event | Calculation of Date | Calendar Date |
|---|---|---|
| Parties meet and confer regarding submitting *a joint* exhibit list | 4 weeks before trial | August 15, 2023 |
| Joint submission regarding disputes concerning admissibility of trial exhibits and deposition designations | 3 weeks before trial | August 22, 2023 |
| Joint submission regarding disputes concerning confidentiality of Party documents on trial exhibit lists filed | 3 weeks before trial | August 22, 2023 |
| Joint submission regarding disputes concerning confidentiality of each non-Party's documents on the trial exhibits lists and designations of non-Party depositions | 3 weeks before trial | August 22, 2023 |
| Non-Party submissions regarding disputes concerning confidentiality of each non-Party's documents on the trial exhibit lists and designations of non-Party depositions | 3 business days after the parties' joint submission is filed | August 25, 2023 |
| Pre-trial briefs filed | 2 weeks before trial | August 29, 2023 |

| Event | Calculation of Date | Calendar Date |
|---|---|---|
| Hearing regarding any disputes over confidentiality of proposed trial exhibits | 2 weeks before trial | August 29, 2023 or as set by the Court |
| Final Pre-trial conference | 2 weeks before **trial** | September 1 or as set by the Court) |
| Parties submit final trial exhibits to Court | 1 week before trial | September 5, 2023 |
| Trial begins | Date to be determined by Court | September 12, 2023 for the DOJ Action.[3] |
| Post-trial briefs and proposed findings of fact and conclusions of law filed | 10 weeks after conclusion of trial | TBD |

---

[3] This Court has ruled that ""Plaintiffs' Motion to Consolidate this action with the DOJ Action for trial is denied without prejudice and may be renewed after the close of expert discovery and resolution of any motions for summary judgment." Order Granting in Part and Denying in Part Plaintiffs' Motion to Consolidate, No. 20-cv-3715-APM, ECF No. 67.

7.      **Discovery of Confidential Information.** Discovery and production of confidential information will be governed by the Protective Order and ESI Order entered by the Court in this action. No deadline in this order shall override any deadline set forth in the Protective Order or ESI Order. When sending discovery requests, notices, and subpoenas to non-parties, the parties must include copies of any Protective Orders in effect at the time.

8.      **Production of Investigation Materials.** By no later than January 15, 2021, except as to materials as to which Plaintiffs have objection(s) to producing, Plaintiffs (with the exception of Plaintiff State of California),[4] in the DOJ Action, case number 1:20-cv-03010-APM, shall begin producing the materials they collected during the course of the pre-Complaint Investigation[5] from the third parties identified in Plaintiffs' Rule 26(a)(1) initial disclosures. Excepting those materials as to which Plaintiffs have an objection to the production thereof, Plaintiffs shall begin producing by no later than January 15, 2021, and will produce (subject to objections): (i) any CID, subpoena, compulsory process, or voluntary request for information sent by any Plaintiff in connection with the Investigation to a third party who is identified in Plaintiffs' Initial Disclosures; (ii) any documents, data, or materials provided by a third party who is identified in Plaintiffs' Initial Disclosures to any Plaintiff in response to (i); (iii) any declaration, affidavit, or written statement provided by any third party who is identified in Plaintiffs' Initial Disclosures to any Plaintiff in connection with the Investigation; and (iv) any transcript of any deposition taken of any third party who is identified in Plaintiffs' Initial

---

[4] Consistent with the Court's instructions during the December 18, 2020 status conference, Plaintiff State of California and Google shall meet and confer regarding the deadline by which Plaintiff State of California shall begin to produce the Investigation Materials.
[5] "Investigation" means the pre-Complaint inquiry by Plaintiff the United States and Plaintiff States in the Consolidated Actions into potential anticompetitive conduct by Google.

Disclosures in connection with the Investigation. The same provisions apply to the State Plaintiffs in the Colorado States Action, No. 1:20-cv-3715-APM, except that the relevant date shall be February 4, 2021 rather than January 15, 2021 in the two places in which that date appears.

9.      **Witness Lists**. Each side in the DOJ Action, and each side in the Colorado States action, shall provide an initial witness list **[12]** weeks before trial, which shall be limited to **[50]** persons, including experts. The witness list must comply with Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(ii). Each side shall provide a final witness list **[6]** weeks before trial which shall also be limited to **[50]** persons, including experts. In preparing their witness lists, the Parties must make good-faith attempts to identify the witnesses whom they expect that they may present as live witnesses at trial (other than solely for impeachment). No Party may call a person to testify as a live witness at trial or designate a person's deposition for introduction at trial (other than solely for impeachment) unless (a) that person was identified on a Party's witness list (a Party may call a witness identified on the opposing Party's witness list); (b) all Parties agree that that Party may call that person to testify; or (c) the Court determines that the Party demonstrates good cause for calling that person to testify, despite that Party's failure to identify that person sooner. If any person is placed on a witness list (initial or final) by a Party, and has not been deposed in this litigation, then the other side may obtain documents from the files of that person and depose that person, notwithstanding any limits on discovery elsewhere in this Order or in the Rules, unless that person was disclosed under FRCP 26(a)(1), and an opportunity was provided during fact discovery to obtain these documents and depositions.

10.      **Document Requests**. The Parties must serve any objections to requests for productions of documents within **[30]** days as required by FRCP 34. Within **[7]** business days of

service of any objections, the Parties must meet and confer to attempt to resolve any objections and to agree on custodians to be searched. At the time it serves its responses, the producing Party will provide estimated date for inspection/production in accordance with FRCP 34(b)(2)(B). To the extent that there is a dispute regarding the scope of production that impacts the estimated time period for completion of the responsive production, the Producing Party will supplement its good-faith estimate of the time period for completion of the responsive production upon resolution of such disputes. Responsive productions (subject to any objections or custodian issues that have not been resolved) should be made on a rolling basis.

11.     **Structured Data**. If a Party amends its initial disclosures to identify particular sources of structured data that it intends to rely upon, then that Party shall produce samples of and data dictionaries for any such sources of structured data identified in its amended initial disclosures within **[45]** days of service of the same.

12.     **Interrogatories.** The Parties must serve any objections to interrogatories within **[30]** days as required by FRCP 33. Within **[7]** business days of service of any objections, the parties must meet and confer to attempt to resolve any objections and to discuss whether the request may be satisfied by the production of documents or structured data. Each side in the DOJ Action is limited to **[25]** interrogatories in total (including discrete subparts), and an additional **[20]** contention interrogatories, which may not be served until **[180]** days from beginning of fact discovery. Each side in the Colorado States Action is limited to **[25]** interrogatories in total (including discrete subparts), and an additional **[20]** contention interrogatories, which may not be served until **[180]** days from beginning of fact discovery. Each side reserves the right to ask the Court for leave to serve additional interrogatories.

13.     **Requests for Admission**. Each side in the DOJ Action is limited to **[37]** requests

for admission in total. Each side in the Colorado States Action is limited to **[37]** requests for admission in total. Requests for admission relating solely to the authentication or admissibility of documents, data, or other evidence (which are issues that the parties must attempt to resolve initially through negotiation) do not count against these limits. Unless otherwise agreed, the Parties must respond in writing to requests for admission within **[30]** days after service. Each side reserves the right to ask the Court for leave to serve additional requests for admission.

14.     **Discovery on Non-Parties**. Each Party must serve upon all other Parties a copy of any discovery request to any non-Party at the same time it is served on the non-Party. The requesting Party must provide all other Parties with a written record of any oral or written modifications, extensions, or postponements to the discovery request within **[3]** days of the modification, extension, or postponement. Every discovery request to a non-Party shall include a cover letter requesting that (a) the non-Party stamp each document with a production number and any applicable confidentiality designation prior to producing it; (b) the non-Party provide both to the requesting Party and to the other side copies of all productions at the same time; (c) the non-Party provide to both the requesting Party and the other side copies of all written correspondence with any Party concerning the non-Party's response to or compliance with any discovery request (including any extensions, modifications, or postponements).

15.     **Depositions**. Each side in the DOJ Action is limited to 65 depositions of fact witnesses. Each side in the Colorado States Action is limited to 30 depositions of fact witnesses. A party may depose any and all witnesses produced to testify on each agreed upon Federal Rule of Civil Procedure 30(b)(6) topic, but (unless otherwise specified herein) each 7-hour[6] period of 30(b)(6) deposition testimony shall count as one deposition for the purpose of the side's limit

---

[6] All time periods for depositions refer to time on the record.

(e.g. the depositions of seven 30(b)(6) witnesses for two hours (14 hours in total) each counts as two depositions.

The following depositions do not count against the deposition caps imposed by the preceding sentence: (a) depositions of the Parties' designated expert witnesses; (b) depositions previously taken in response to Civil Investigative Demands; and (c) depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or non-Party, provided that such depositions may be noticed only after the Party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means, and further provided that such depositions must be designated at the time that they are noticed as being taken for the sole purpose of establishing the location, authenticity, or admissibility of documents.

Parties will use their best efforts to make witnesses available for deposition at a mutually agreeable time and location and without undue delay. If a witness is a former employee of any Party who is not represented by counsel, upon receipt of a deposition notice for the former employee, that Party shall, within **[14]** business days of the deposition notice, provide the date of departure and last known address of the former employee, whether the Party's counsel can accept service of the notice, whether the Party's counsel will be representing that Party in connection with the deposition and, if not, the name and contact information for the witness' counsel or that the witness is unrepresented.

If a Party serves a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the Party serving those subpoenas must schedule the deposition for a date at least **[14]** days after the return date for the document subpoena, and if the Party serving those subpoenas agrees to extend the date of

production for the document subpoena in a way that would result in fewer than **[14]** days between the extended production date and the date scheduled for the deposition, the date scheduled for the deposition must be postponed to be at least **[14]** days following the extended production date, unless all parties consent to fewer than **[14]** days.

Depositions of party fact witnesses are limited to no more than a **[7]** hour day, excepting that each side in the DOJ Action may choose to extend **[8]** depositions up to **[14]** hours, and each side in the Colorado States Action may choose to extend [**4**] depositions up to **[14]** hours. The noticing side shall indicate whether it intends to extend a party fact witness's deposition, including the proposed duration of the extended deposition, in the deposition notice for the relevant party fact witness. The non-noticing side may object and the parties will meet and confer and (as may be necessary) address any dispute in accordance with the guidance the Court provided at the December 18, 2020 status conference regarding the procedures by which to raise discovery disputes to the Court.

During non-Party depositions noticed by only one side, the non-noticing side may cross-examine the witness for up to one hour at the conclusion of direct examination, and the side who conducted the direct examination shall be entitled to redirect examination of the witness for approximately the same amount of record time as the cross-examination regardless of whether the redirect examination extends past the **[7]** hour limit. If the total, on-record portion of the deposition goes beyond **[7]** hours, the Parties may, but are not required to, have the remaining portion of the deposition take place on a second day. If a non-Party deposition is noticed by both sides, then the deposition will be **[11]** hours and will be divided equally between the sides, and the deposition of the non-Party will count as one deposition for each side. Any time allotted to one side not used by that side in a non-Party deposition may not be used by the other side, unless

the side that does not use all of its allotted time agrees to allow the other side to use the remaining time. For any deposition lasting longer than **[7]** hours, either Party or the witness may demand that the time remaining after the seventh hour be carried over to be completed on the next consecutive business day.

16.     **Remote Depositions**. The Parties agree that COVID-19 restrictions may make remote depositions necessary. The parties agree to conduct depositions remotely when necessary. However, nothing in this paragraph or Order prevents a Party from seeking an in-person deposition. In the event that technical issues arise during a remote deposition, including problems with loading or accessing exhibits in the virtual deposition platform, the Parties agree that they will promptly go off the record in order to address such issues without counting against the examiner's time on the record. Absent consent of all parties, the parties agree to remain on camera while off the record for this purpose.

17.     **Dispute Resolution**. In the event of a dispute between the parties regarding any discovery issue, the parties shall meet and confer in an attempt to resolve the dispute. In the event of a dispute between the parties during a deposition, the parties shall memorialize the dispute on the record and present the dispute to the Court by motion within two business days of the close of the deposition. If the Court orders a Party to provide additional testimony (i.e. rejects the Party's opposition to answering a particular question), the Party shall provide the witness for deposition on the testimony in question within five business days of the ruling.

18.     **Privilege Logs**. The Parties agree that the following privileged or otherwise protected communications may be excluded from privilege logs: (a) documents or communications sent solely between outside counsel for the Defendant (or persons employed by or acting on behalf of such counsel); (b) documents or communications sent solely between

counsel for the United States (or persons employed by the United States Department of Justice);

(c) documents or communications sent solely between counsel for the United States (or persons

employed by the United States Department of Justice) and counsel for any state (or persons

employed by any the office of the attorney general of any state); (d) documents or

communications sent solely between outside counsel for Defendant and inside counsel for

Defendant; (e) documents or communications sent solely between counsel for the United States

(or persons employed by the United States Department of Justice) and counsel for any executive-

branch agency of the federal government; (f) documents or communications sent solely between

counsel for any state and counsel for another state (or persons employed by the office of the

attorney general any state); (g) documents or communications sent solely between counsel within

any state (or persons employed by the office of the attorney general of any state). When non-

responsive, privileged documents that are attached to responsive documents are withheld from

production, however, the parties will insert a placeholder to indicate a document has been

withheld from that family. The Parties' privilege log obligations with respect to ESI are more

fully set forth in the ESI Order.

19.    **Privilege Log Format**. The Parties also agree to the following guidelines

concerning the preparation of privilege logs: (a) a general description of the litigation underlying

attorney work-product claims is permitted; (b) identification of the name and the company

affiliation for each non-defendant person is sufficient identification; (c) identification of the

name and the department for each defendant person is sufficient identification; and (d) for

documents redacted for privilege, the privilege log need only provide the Bates number, an

indication that the document was produced in redacted form, information that can be populated

from the metadata of the document, including as set forth in the Parties' ESI Order, the type of

privilege being asserted, and the basis for the privilege. For each entry of the privilege log, all attorneys acting in a legal capacity with respect to that particular document or communication will be marked with the designation "ESQ: after their names (include a space before and after the "ESQ"). Similarly, in the separate index of names, counsel for a Party shall be marked with the designation ESQ in a separate column. The Parties' privilege log obligations with respect to ESI are more fully set forth in the ESI Order.

20.     **Privilege Log Timing.** A producing Party shall provide a privilege log three, five, seven, nine, eleven, and thirteen months after the commencement of fact discovery. A producing Party must provide a final privilege log no later than **[30]** days prior to the close of fact discovery.

21.     **Name Index**. The privilege log will be produced along with a separate index containing an alphabetical list (by last name) of each name on the privilege log, identifying titles, company affiliations, the members of any group or email list on the log where practicable (e.g., the Board of Directors), and any name variations used in the privilege log for the same individual.

22.     **Production of Privileged or Work-Product Documents or Information**. As authorized by Federal Rule of Evidence 502(d), and as more fully set forth in the ESI Order, the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. Disclosures among a party's attorneys of work product or other communications relating to issues of common interest shall not affect or be deemed a waiver of any applicable privilege or protection from disclosure. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any

22

other federal or state proceeding. A producing party may assert privilege or protection over produced documents in accordance with the procedures set forth in Section IV of the ESI Order. After being notified, a party shall comply with the procedures set forth in Section IV of the ESI order. The parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents and ESI.

23.     **Presumptions of Authenticity**. Documents produced by parties and non-parties from their own files will be presumed to be authentic within the meaning of Federal Rule of Evidence 901. Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to intended trial exhibits. If the opposing side serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection.

24.     **Expert Witness Disclosures—Materials Protected from Disclosure**. The following information, documents, and materials are not discoverable, and need not be preserved or disclosed for purposes of complying with Federal Rule of Civil Procedure 26(a)(2), Rule 26(b)(4), or any other rule, including in testimony at deposition, hearing, or trial: (a) any form of oral or written communications, correspondence, or work product—not relied upon by the expert in forming any opinions in his or her final report—shared between: (i) the expert and any persons assisting the expert; (ii) Plaintiffs' counsel and Plaintiffs' experts, or between any agent or employee of Plaintiffs' counsel and Plaintiffs' experts; (iii) Google's counsel and Google's experts, or between any agent or employee of Google's counsel and Google's experts; (iv) testifying and non-testifying experts; (v) non-testifying experts; or (vi) testifying experts; (b) expert's notes, except for notes of interviews of persons on any Party's preliminary or final

23

witness list if the expert participated in or conducted the interview and relied upon the notes in forming any opinions in his or her final report; (c) drafts of expert reports, affidavits, or declarations or comments, mark-ups, or edits prepared in connection with such drafts; and (d) data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in his or her final report.

25. **Expert Witness Disclosures—Materials to Be Disclosed**. Subject to the limitations of the prior paragraph, the parties agree that the following materials will be disclosed within [5] business days of the time that each expert report is served, or, for those materials to be made available upon request, within [10] days of the request: (a) a list of all documents relied upon by the expert in forming any opinions in his or her report, including Bates numbers of documents previously produced; (b) upon reasonable request and subject to applicable protective orders and confidentiality agreements, prior expert reports, submitted by the expert in antitrust cases or to any antitrust/competition authorities, that were not previously produced and that are not readily available publicly; (c) a list of all publications authored by the expert in the previous **[10]** years; (d) upon reasonable request, copies of all publications authored by the expert in the previous **[10]** years that are not readily available publicly; and (e) for all calculations appearing in the report, all data and programs underlying the calculations, including all programs and codes necessary to recreate the calculations from the initial ("raw") data files, and including the intermediate working-data files that are generated from the raw data files and used in performing the calculations appearing in the report.

26. **Expert Depositions**. Each expert may be deposed for **[10]** hours. Depositions of each side's experts will be conducted only after disclosure of all expert reports and accompanying materials.

27.     **Demonstrative Exhibits**. Demonstrative exhibits do not need to be included on the trial exhibit lists when those lists are exchanged. The Parties will meet and confer regarding the timeline and process for exchange of demonstrative exhibits following the close of discovery and resolution of any summary judgment motions.

28.     **Service of Pleadings and Discovery on Other Parties**. Service of all pleadings, discovery requests (including subpoenas for testimony or documents under Federal Rule of Civil Procedure 45), expert disclosures, and delivery of all correspondence in this matter must be made by ECF (which will send notice to all Parties registered with ECF) or email to the persons whose email is listed below. If the volume of attachments makes service by ECF impracticable, a Party shall make service via a Secure FTP service or overnight delivery to the persons listed below:

**Case No. l:20-cv-03010-APM**

For Plaintiff UNITED STATES OF AMERICA:

> Kenneth M. Dintzer*
> Michael G. Mclellan
> Alex Cohen
> Elizabeth S. Jensen
> Jeremy M. P. Goldstein
> Jesús M. Alvarado-Rivera
> Ryan M. Sandrock
> Attorneys for the United States
> U.S. Department of Justice, Antitrust Division
> Technology & Financial Services Section
> 450 Fifth St, NW, Suite 7100
> Washington, D.C. 20530
> Phone: 202-227-1967
> Kenneth.Dintzer@usdoj.gov

For Plaintiff State of Arkansas:

> Johnathan R. Carter, Assistant Attorney General
> Office of the Attorney General, State of Arkansas
> 323 Center Street, Suite 200
> Little Rock, Arkansas 72201
> Johnathan.Carter@arkansasag.gov

For Plaintiff State of California:

      Xavier Becerra, Attorney General
      Kathleen E. Foote, Senior Assistant Attorney General
      Paula Blizzard, Supervising Deputy Attorney General
      Brian Wang, Deputy Attorney General
      Quyen Toland, Deputy Attorney General
      Ryan McCauley, Deputy Attorney General
      Adam Miller, Deputy Attorney General
      Office of the Attorney General
      California Department of Justice
      455 Golden Gate Avenue, Suite 11000
      San Francisco, CA 94102
      Ryan.McCauley@doj.ca.gov
      Adam.Miller@doj.ca.gov

For Plaintiff State of Florida:

      R. Scott Palmer, Interim Co-Director, Antitrust Division
      Office of the Attorney General, State of Florida PL-01
      The Capitol
      Tallahassee, Florida 32399
      Scott.Palmer@myfloridalegal.com

For Plaintiff State of Georgia:

      Christopher Carr, Attorney General
      Office of the Attorney General, State of Georgia
      40 Capitol Square, SW
      Atlanta, Georgia 30334-1300
      dcecka@law.georgia.gov

For Plaintiff State of Indiana:

      Scott L. Barnhart, Chief Counsel and Director, Consumer Protection Division
      Matthew Michaloski, Deputy Attorney General
      Erica Sullivan, Deputy Attorney General
      Office of the Attorney General, State of Indiana
      Indiana Government Center South, Fifth Floor
      302 West Washington Street
      Indianapolis, Indiana 46204
      Scott.Barnhart@atg.in.gov

For Plaintiff Commonwealth of Kentucky:

    Justin D. Clark, Deputy Director of Consumer Protection
    Office of the Attorney General, Commonwealth of Kentucky
    1024 Capital Center Drive, Suite 200
    Frankfort, Kentucky 40601
    Justind.Clark@ky.gov


For Plaintiff State of Louisiana:

    Jeff Landry, Attorney General
    Office of the Attorney General, State of Louisiana
    Public Protection Division
    1885 North Third St.
    Baton Rouge, Louisiana 70802
    Deblieuxs@ag.louisiana.gov


For Plaintiff State of Missouri:

    Kimberley G. Biagioli, Assistant Attorney General
    Missouri Attorney General's Office
    615 E. 13th Street, Suite 401
    Kansas City, MO 64106
    Kimberley.Biagioli@ago.mo.gov


For Plaintiff State of Michigan:

    Dana Nessel, Attorney General
    Wisam E. Naoum, Assistant Attorney General
    Michigan Department of Attorney General
    P.O. Box 30736
    Lansing, Michigan 48909
    NaoumW1@Michigan.gov


For Plaintiff State of Mississippi:

    Hart Martin, Special Assistant Attorney General
    Crystal Utley Secoy, Assistant Attorney General
    Office of the Attorney General, State of Mississippi
    P.O. Box 220
    Jackson, Mississippi 39205
    Hart.Martin@ago.ms.gov

For Plaintiff State of Montana:

    Mark Mattioli, Chief, Office of Consumer Protection
    Office of the Attorney General, State of Montana
    P.O. Box 200151
    555 Fuller Avenue, 2nd Floor
    Helena, MT 59620-0151
    mmattioli@mt.gov


For Plaintiff State of South Carolina:

    Rebecca M. Hartner, Assistant Attorney General
    Office of the Attorney General, State of South Carolina
    P.O. Box 11549
    Columbia, South Carolina 29211-1549
    mfjowers@scag.gov rhartner@scag.gov


For Plaintiff State of Texas:

    Bret Fulkerson
    Kim Van Winkle
    Kensey Paine
    Office of the Attorney General, Antitrust Division
    300 West 15th Street
    Austin, Texas 78701
    Bret.Fulkerson@oag.texas.gov


For Plaintiff State of Wisconsin:

    Joshua L. Kaul, Attorney General
    Gwendolyn J. Lindsay Cooley, Assistant Attorney General
    Wisconsin Department of Justice
    17 W. Main St.
    Madison, WI 53707-7857
    Gwendolyn.cooley@wisconsin.gov
    (608) 261-5810

**Case No. 1:20-cv-03715-APM**

For Plaintiff State of Colorado:

       Jonathan Bruce Sallet
       Diane Rebecca Hazel
       Steven M. Kaufmann
       Abigail Leah Smith
       Office of the Attorney General of Colorado
       1300 Broadway, 7th Floor
       Denver, CO 80203
       720-508-6231
       diane.hazel@coag.gov
       steve.kaufmann@coag.gov
       jon.sallet@coag.gov
       abigail.smith@coag.gov

For Plaintiff State of Nebraska:

       Joseph Conrad
       Office of the Attorney General of Nebraska
       Consumer Protection Division
       2115 State Capitol Building
       Lincoln, NE 68509
       402-471-3840
       joseph.conrad@nebraska.gov

For Plaintiff State of Arizona:

       Brunn W. (Beau) Roysden III, Solicitor General
       Michael S. Catlett, Deputy Solicitor General
       Dana R. Vogel, Unit Chief Counsel
       Christopher M. Sloot, Assistant Attorney General
       Arizona Office of the Attorney General
       2005 North Central Avenue
       Phoenix, Arizona 85004
       Tel: (602) 542-3725
       Dana.Vogel@azag.gov

For Plaintiff State of Iowa:

    Max Merrick Miller
    Attorney General's Office for the State of Iowa
    1305 East Walnut Street, 2nd Floor
    Des Moines, IA 50319
    (515) 281-5926
    Max.Miller@ag.Iowa.gov


For Plaintiff State of New York:

    Elinor Hoffmann
    John D. Castiglione
    Morgan Feder
    Office of the Attorney General of New York
    28 Liberty Street, 21st Floor
    New York, NY 10005
    212-416-8513
    john.castiglione@ag.ny.gov
    morgan.feder@ag.ny.gov
    elinor.hoffmann@ag.ny.gov


For Plaintiff State North Carolina:

    Jonathan R. Marx
    Jessica Vance Sutton
    NC Department of Justice
    114 W. Edenton St.
    Raleigh, NC 27603
    919-716-6000
    Jmarx@Ncdoj.Gov
    jsutton2@ncdoj.gov

For Plaintiff State of Tennessee:

    J. David McDowell
    Jeanette Pascale
    Christopher Dunbar
    Office of The Attorney General & Reporter
    P.O. Box 20207
    Nashville, TN 37202
    615-741-3519
    david.mcdowell@ag.tn.gov
    jenna.pascale@ag.tn.gov
    chris.dunbar@ag.tn.gov


For Plaintiff State of Utah:

    Tara Pincock
    Attorney General's Office Utah
    160 E 300 S, Ste 5th Floor
    PO Box 140874
    Salt Lake City, UT 84114
    801-366-0305
    tpincock@agutah.gov


For Plaintiff State Alaska:

    Jeff Pickett
    Senior Assistant Attorney General
    jeff.pickett@alaska.gov
    State of Alaska, Department of Law
    Office of the Attorney General
    1031 W. Fourth Avenue, Suite 200
    Anchorage, Alaska 99501
    Tel: (907) 269-5100

For Plaintiff State of Connecticut:

    Nicole Demers
    State of Connecticut Office of the Attorney General
    165 Capitol Avenue, Ste 5000
    Hartford, CT 06106
    860-808-5202
    nicole.demers@ct.gov


For Plaintiff State of Delaware:

    Michael Andrew Undorf
    Delaware Department of Justice
    Fraud and Consumer Protection Division
    820 N. French St., 5th Floor
    Wilmington, DE 19801
    302-577-8924
    michael.undorf@delaware.gov


For Plaintiff District of Columbia:

    Catherine A. Jackson
    Elizabeth Gentry Arthur
    David Brunfeld
    Office of the Attorney General for the District of Columbia
    400 6th Street NW
    Washington, DC 20001
    202-724-6514
    elizabeth.arthur@dc.gov
    david.brunfeld@dc.gov


For Plaintiff Territory of Guam:

    Leevin Taitano Camacho, Attorney General
    Fred Nishihira, Chief, Consumer Protection Division
    Benjamin Bernard Paholke, Assistant Attorney General
    Office of the Attorney General of Guam
    590 S. Marine Corps Drive, Suite 901
    Tamuning, Guam 96913
    Tel: (671)-475-3324
    bpaholke@oagguam.org

For Plaintiff State of Hawaii:

    Rodney I. Kimura
    Office of the Attorney General of Hawaii
    Commerce & Economic Development
    425 Queen Street
    Honolulu, HI 96813
    808-586-1180
    rodney.i.kimura@hawaii.gov

For Plaintiff State of Idaho:

    Brett Talmage DeLange
    Office of the Idaho Attorney General
    Consumer Protection Division
    954 W. State St., 2nd Fl.
    PO Box 83720
    Boise, ID 83720-0010
    208-334-4114
    brett.delange@ag.idaho.gov

For Plaintiff State of Illinois:

    Erin L. Shencopp
    Blake Harrop
    Joseph Chervin
    Office of the Attorney General of Illinois
    100 W. Randolph St.
    Chicago, IL 60601
    312-793-3891
    eshencopp@atg.state.il.us
    bharrop@atg.state.il.us
    jchervin@atg.state.il.us

For Plaintiff State of Kansas:

    Lynette R. Bakker
    Office of the Attorney General of Kansas
    Consumer Protection & Antitrust
    120 S.W. 10th Avenue, Ste 2nd Floor
    Topeka, KS 66612-1597
    785-368-8451
    lynette.bakker@ag.ks.gov

For Plaintiff State of Maine:

    Christina M. Moylan
    Office of the Attorney General of Maine
    6 State House Station
    Augusta, ME 04333-0006
    207-626-8838
    christina.moylan@maine.gov

For Plaintiff State of Maryland:

    Schonette J. Walker
    Assistant Attorney General
    Deputy Chief, Antitrust Division
    Office of the Attorney General
    swalker@oag.state.md.us

    Gary Honick
    Assistant Attorney General
    Office of the Attorney General
    200 St. Paul Place, 19th Floor
    Baltimore, MD 21202
    410-576-6480
    ghonick@oag.state.md.us

For Plaintiff Commonwealth of Massachusetts:

    Matthew B. Frank, Assistant Attorney General Antitrust Division
    William T. Matlack, Assistant Attorney General
    Chief, Antitrust Division
    Michael B. MacKenzie, Assistant Attorney General
    Deputy Chief, Antitrust Division
    Office of the Attorney General
    One Ashburton Place, 18th Fl.
    Boston, MA 02108
    Tel: (617) 727-2200
    Matthew.Frank@mass.gov
    William.Matlack@mass.gov
    Michael.Mackenzie@mass.gov

For Plaintiff State of Minnesota:

    Justin Moor, Assistant Attorney General
    445 Minnesota Street, Suite 1400
    St. Paul, Minnesota 55101-2130
    (651) 757-1060
    justin.moor@ag.state.mn.us

For Plaintiff State of Nevada:

    Marie W.L. Martin
    Michelle Christine Newman
    Lucas J. Tucker
    Nevada Office of the Attorney General
    Bureau of Consumer Protection
    100 N. Carson Street
    Carson City, NV 89701
    775-624-1244
    mwmartin@ag.nv.gov
    mnewman@ag.nv.gov
    ltucker@ag.nv.gov

For Plaintiff State of New Hampshire:

    Brandon Garod
    Office of Attorney General of New Hampshire
    33 Capitol Street
    Concord, NH 03301
    603-271-1217
    brandon.h.garod@doj.nh.gov

For Plaintiff State of New Jersey:

    Robert Holup
    New Jersey Attorney General's Office
    124 Halsey Street, 5th Floor
    Newark, NJ 07102
    239-822-6123
    robert.holup@law.njoag.gov

For Plaintiff State of New Mexico:

    Mark F. Swanson
    Cholla Khoury
    New Mexico Office of the Attorney General
    408 Galisteo St.
    Santa Fe, NM 87504
    Tel: 505.490.4885
    mswanson@nmag.gov
    ckhoury@nmag.gov

For Plaintiff State North Dakota:

    Parrell D. Grossman
    Director
    Elin S. Alm
    Assistant Attorney General
    Consumer Protection & Antitrust Division
    Office of the Attorney General
    1050 E. Interstate Ave., Suite 200
    Bismarck, ND 58503
    701-328-5570
    pgrossman@nd.gov
    ealm@nd.gov

For Plaintiff State of Ohio:

    Beth Ann Finnerty
    Mark Kittel
    Jennifer Pratt
    Office of The Attorney General of Ohio, Antitrust
    30 E. Broad Street, 26th Floor
    Columbus, OH 43215
    614-466-4328
    beth.finnerty@ohioattorneygeneral.gov
    mark.kittel@ohioattorneygeneral.gov
    jennifer.pratt@ohioattorneygeneral.gov

For Plaintiff State of Oklahoma:

Caleb J. Smith Assistant Attorney General Consumer Protection Unit
Office of the Oklahoma Attorney General
313 NE 21st St
Oklahoma City, OK 73105
Tel: (405) 522-1014
Caleb.Smith@oag.ok.gov


For Plaintiff State of Oregon:

Cheryl Hiemstra
Oregon Department of Justice
Civil Recovery Section
1162 Court St NE
Salem, OR 97301
503-934-4400
cheryl.hiemstra@doj.state.or.us


For Plaintiff Commonwealth of Pennsylvania:

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General Strawberry Square
Harrisburg, PA 17120
Tel: (717) 787-4530
jbetsko@attorneygeneral.gov


For Plaintiff Commonwealth of Puerto Rico:

Johan M. Rosa Rodríguez
Assistant Attorney General Antitrust Division
Puerto Rico Department of Justice
PO Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 1201
jorosa@justicia.pr.gov

For Plaintiff State of Rhode Island:

    David Marzilli
    Rhode Island Office of the Attorney General
    150 South Main Street
    Providence, RI 02903
    Tel: (401) 274-4400
    dmarzilli@riag.ri.gov


For Plaintiff State of South Dakota:

    Yvette K. Lafrentz
    Office Of The Attorney General of South Dakota
    1302 E. Hwy 14, Suite 1
    Pierre, SD 57501
    605-773-3215
    yvette.lafrentz@state.sd.us


For Plaintiff State of Vermont:

    Ryan G. Kriger
    Office of The Attorney General of Vermont
    109 State St.
    Montpelier, VT 05609
    802-828-3170
    ryan.kriger@vermont.gov


For Plaintiff Commonwealth of Virginia:

    Sarah Oxenham Allen
    Tyler Timothy Henry
    Office of the Attorney General of Virginia
    Antitrust Unit/Consumer Protection Section
    202 N. 9th Street
    Richmond, VA 23219
    804-786-6557
    soallen@oag.state.va.us
    thenry@oag.state.va.us

For Plaintiff State of Washington:

    Amy Hanson
    Washington State Attorney General
    800 Fifth Avenue, Suite 2000
    Seattle, WA 98104
    206-464-5419
    amy.hanson@atg.wa.gov


For Plaintiff State of West Virginia:

    Douglas Lee Davis
    Tanya L. Godfrey
    Office of Attorney General, State of West Virginia
    P.O. Box 1789
    812 Quarrier Street, 1st Floor
    Charleston, WV 25326
    304-558-8986
    doug.davis@wvago.gov
    tanya.l.godfrey@wvago.gov


For Plaintiff State of Wyoming:

    Benjamin Mark Burningham
    Amy Pauli
    Wyoming Attorney General's Office
    2320 Capitol Avenue
    Kendrick Building
    Cheyenne, WY 82002
    (307) 777-5833
    ben.burningham@wyo.gov
    amy.pauli@wyo.gov

For Defendant Google:

John E. Schmidtlein
Colette Connor
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
jschmidtlein@wc.com
cconnor@wc.com

Susan Creighton
Franklin Rubinstein
Wilson Sonsini Goodrich & Rosati
1700 K Street, N.W.
Washington, D.C. 20006
screighton@wsgr.com
frubinstein@wsgr.com

Benjamin M. Greenblum
Williams & Connolly LLP
725 12th St. NW
Washington, DC 20005
(202) 434-5919
(202) 434-5029 (fax)
bgreenblum@wc.com

Mark S. Popofsky
Ropes & Gray LLP
2099 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Mark.Popofsky@ropesgray.com

The parties shall endeavor to make all reasonable efforts to serve or file all papers before

6:00 p.m. Eastern Time.

29.     **Calculating Response Times**. For purposes of calculating discovery response

times under the Federal Rules of Civil Procedure, electronic delivery at the time the email was

sent and received will be treated in the same manner as hand delivery at that time.

30.     **Nationwide Service of Trial Subpoenas**. To assist the Parties in planning

discovery, and in view of the geographic dispersion of potential witnesses in this action outside

this District, the parties are permitted, under 15 U.S.C. § 23, to issue nationwide discovery and trial subpoenas from this Court.

31.   **Modification of Scheduling and Case Management Order**. Any Party may seek modification of this Order for good cause.

SO ORDERED:

_____
Honorable Amit P. Mehta
United States District Judge