**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant | |
| and | |
| State of Colorado, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

## PLAINTIFFS' POSITION ON DISCOVERY CONSOLIDATION PROCEDURES

Plaintiffs in *United States, et al. v. Google* (20-cv-03010) (the "U.S. Action" and "U.S. Plaintiffs") support the position of the Plaintiffs in *State of Colorado, et al. v. Google* (20-cv-03715) (the "Colorado Plaintiffs") that they are entitled to additional discovery. U.S. Plaintiffs oppose Google's proposed discovery limits, including their argument that the U.S. Plaintiffs and Colorado Plaintiffs are only entitled to 70 depositions across both cases.

U.S. Plaintiffs propose that the Court: (1) allow the Colorado Plaintiffs to take additional discovery, so that consolidation does not diminish the number of depositions and discovery requests already agreed upon and ordered in the U.S. Action; (2) enter the attached Discovery Consolidation Order, which provides procedures to eliminate unnecessary duplication; and (3)

enter separate CMOs in each case, which have only been consolidated for discovery.

**No Reduction in Discovery**. Plaintiffs in *U.S. v. Google* should be entitled to take discovery up to the limits set forth in the entered Case Management Order, and Plaintiffs in *Colorado v. Google* should be entitled to additional discovery as approved by the Court.

The U.S. Plaintiffs do not take a position on the amount of discovery the Colorado Plaintiffs need in the separate case but do oppose Google's proposal to give the Colorado Plaintiffs almost nothing.

In a negotiated CMO, the U.S. Plaintiffs and Google agreed to 65 depositions (including eight two-day depositions), 25 interrogatories, 20 contention interrogatories, and 37 requests for admission. This discovery was allocated to address the issues raised in just the U.S. Plaintiffs' complaint. At the time, Google was aware that Colorado and other states were continuing to investigate Google's conduct, yet did not address these ongoing investigations in the U.S. Action CMO.[1]

Google now seeks a do-over, by arguing that the discovery provided for in the existing CMO be stretched to address new plaintiffs and new theories. Specifically, Google now seeks to dilute the agreed-upon discovery by arguing that the U.S. Plaintiffs and the Colorado Plaintiffs must share the same discovery, with only paltry additions (five depositions, ten interrogatories, ten contention interrogatories, and ten requests for admission) for the separate case. The Court

---

[1] On October 20, 2020, the day the U.S. Plaintiffs filed their complaint, state attorneys general from Colorado and other states released a statement describing their ongoing investigation: "We plan to conclude parts of our investigation of Google in the coming weeks. If we decide to file a complaint, we would file a motion to consolidate our case with the DOJ's. We would then litigate the consolidated case cooperatively, much as we did in the Microsoft case." *See* https://coag.gov/press-releases/10-20-20/. The Colorado Plaintiffs filed their complaint on December 17, 2020. (Dkt No. 1, Case 1:20-cv-03715-APM). The Court entered the CMO in *U.S. v. Google* on December 21, 2020. (Dkt. No. 85).

should reject this request.

Google's proposal would significantly constrain the discovery in the U.S. Action, and undermine all Plaintiffs' efforts to prepare their cases – certainly the U.S. Plaintiffs would not have agreed to 65 depositions in the CMO if Google had required that the depositions be used to cover any subsequent cases. By offering five additional depositions for the Colorado Plaintiffs and their additional theories, Google at once (1) recognizes that the existing CMO was not meant to address new complaints, and (2) provides little actual discovery to permit the Colorado Plaintiffs to properly build their theories for trial.

Google justifies its position by saying that the cases are virtually identical. This is incorrect. Although the cases involve substantial overlapping facts and claims, there are also important differences. For example, the Colorado Plaintiffs make allegations regarding Google Search Ads 360 that are not in the U.S. Action and also do not adopt all of the market definitions in the U.S. Action. In addition, no matter the overlap in the cases, some additional time is warranted because of the sheer number of parties and attorneys across the two cases. Google's meager offer does not take into account the practical realities of litigating two complex, multi-party cases.

**Discovery Consolidation Order**. Plaintiffs do agree that the Parties in both cases must work together to avoid unnecessary duplication. Detailed procedures for coordination and cooperation are set forth in the attached proposed Discovery Consolidation Order. The Colorado Plaintiffs have agreed to the core provisions of this Order (which they have set forth in their proposed CMO). This Order provides, for example, that: (1) deponents shall generally be deposed once, while stating that Plaintiffs will notice some depositions separately in each case and that Google may object to Plaintiffs doing so; and (2) the Parties across cases will work to

avoid duplicative written discovery requests. The Order also contains specific procedures regarding use of discovery across cases, deposition timing and counting, meet and confers, and non-party subpoenas.

**Separate CMOs**. The cases are consolidated for pretrial purposes, including discovery and all related proceedings, but not for trial. Because the CMOs go well beyond the discovery process, the CMOs should be kept distinct. Supplanting the CMO entered in the U.S. Action with a new, joint CMO would confuse the consolidation issue, particularly if the cases at some point go down different paths.

Dated: January 29, 2021

Respectfully submitted,

By: _____ */s/ Kenneth M. Dintzer* _____
Kenneth M. Dintzer
U.S. Department of Justice, Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Kenneth.Dintzer2@usdoj.gov

*On Behalf of Plaintiffs in U.S. v. Google*