UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 20-cv-3010 (APM) |
| GOOGLE LLC, | ) | |
| Defendant. | ) | |

|  |  |  |
|---|---|---|
| STATE OF COLORADO, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 20-cv-3715 (APM) |
| GOOGLE LLC, | ) | |
| Defendant. | ) | |

**ORDER CONCERNING AMENDED SCHEDULING AND
CASE MANAGEMENT ORDER**

The court has considered the parties' positions for modifying the Scheduling and Case Management Order ("CMO") entered in *United States v. Google LLC*, No. 20-cv-3010 (APM) ("U.S. Action") following consolidation of the U.S. Action with *State of Colorado v. Google LLC*, No. 20-cv-3715 (APM) for the purposes of pre-trial discovery. With one important exception, the court has largely adopted the approach proposed by Google, *see* Joint Status Report, ECF No. 105 [hereinafter Joint Status Report], Ex. B, ECF No. 105-1, for several reasons. *First*, the court has decided against entering separate CMOs and a separate order for discovery coordination. A single CMO that incorporates the requirement of discovery coordination will promote greater ease of

administration than would multiple orders. *Second*, Google's proposal of collective caps on the Plaintiff parties' discovery has the benefit of encouraging coordination among the Plaintiff parties and increasing efficiencies with respect to their common theories of liability. Affording each set of Plaintiffs their own complete set of written discovery, as the Colorado Plaintiffs have proposed, would disincentivize cooperation in advance of propounding such discovery. *Third*, all depositions shall be limited to seven hours, unless (1) specially designated by either side for 14 hours, (2) both sides notice a third-party deposition, in which case 11 hours will be divided equally between the sides, or (3) additional time is secured through leave of court. The court will not permit as a matter of right a 21-hour deposition, as would have been possible under the Colorado Plaintiffs' proposal. *See* Joint Status Report, Ex. A, ECF No. 105-1, ¶ 5(f)(ii).

The court has deviated from Google's proposal in one important respect: it has increased the collective discovery caps across the board to ensure that the Colorado Plaintiffs can adequately develop their separate theory of monopolistic conduct. The court has increased the number of demands that each side may make as follows:

| **Type of Discovery** | **Original CMO** | **Google-Proposed CMO** | **Final CMO** |
|---|---|---|---|
| Interrogatories (¶ 11) | 25 | 35 | 40 |
| Contention Interrogatories (¶ 11) | 20 | 30 | 35 |
| Requests for Admission (¶ 12) | 37 | 47 | 55 |
| Depositions (¶ 14) | 65 | 70 | 80 |
| 14-hour Depositions (¶ 14) | 8 | 8 | 16 |

The final Amended Scheduling and Case Management Order is filed herewith.

Dated: February 3, 2021

Amit P. Mehta
United States District Court Judge