**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| State of Colorado, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

**DEFENDANT GOOGLE LLC'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant Google LLC ("Google") answers Plaintiffs' Complaint, through its undersigned counsel, as set forth below. Google generally denies the legal claims asserted in Plaintiffs' Complaint. Google further states that for nearly a quarter century, Google's mission has been to organize the world's information and make it universally accessible and useful. To further that mission, Google has developed, continually innovated, and promoted Google Search for use by consumers all over the world. People use Google Search because they choose to, not because they are forced to or because they cannot easily find alternative ways to search for information on the Internet.

**RESPONSE TO NUMBERED PARAGRAPHS**

The section headings in the Complaint do not require a response. To the extent that the section headings contain allegations requiring a response, Google denies all such allegations.

1. The allegations in Paragraph 1 of the Complaint consist of Plaintiffs' characterization of their purported claims, to which no response is required. To the extent any response is required, Google denies the allegations in Paragraph 1 of the Complaint.

2.      The allegations in the first, third, and fourth sentences of Paragraph 2 of the Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in the first, third, and fourth sentences of Paragraph 2 of the Complaint.  Google denies the allegations in the second sentence of Paragraph 2 of the Complaint and any remaining allegations in Paragraph 2 of the Complaint.

3.      Google denies the allegations in Paragraph 3 of the Complaint.

4.      The allegations in the first sentence of Paragraph 4 of the Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in the first sentence of Paragraph 4 of the Complaint.  Google denies the allegations in the second sentence of Paragraph 4 of the Complaint.  The allegations in the third sentence of Paragraph 4 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in the third sentence of Paragraph 4 of the Complaint.

5.      Google denies the allegations in the first sentence of Paragraph 5 of the Complaint. As to the second sentence of Paragraph 5 of the Complaint, Google admits that some search products and services, including Google Search, are available to consumers free of charge, but denies the remaining allegations.  As to the third sentence of Paragraph 5 of the Complaint, Google admits that, as is disclosed in its Privacy Policy, when a consumer uses Google products and services, Google collects information to provide consumers with better services, but denies the remaining allegations.  As to the fourth sentence of Paragraph 5 of the Complaint, Google admits that a 2010 article in The Atlantic attributed the quoted language to Eric Schmidt, Google's former CEO, but denies the remainder of Plaintiffs' allegations characterizing the substance of that 11-year-old quote.  Google denies the remaining allegations in Paragraph 5 of the Complaint.

6.      As to the first and second sentences of Paragraph 6 of the Complaint, Google admits that the modern economy differs from the "Industrial Age" and that there are mediums of exchange (for example, Bitcoin, credit cards) other than cash, but denies the remaining allegations including on the grounds that "attention economy" is undefined, rendering the allegations vague as a matter of law.  Google denies the allegations in the third sentence of Paragraph 6 of the Complaint and any remaining allegations in Paragraph 6 of the Complaint.

7.      The allegations in the first sentence of Paragraph 7 of the Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in the first sentence of Paragraph 7 of the Complaint.  Google admits the existence of a Google internal document containing the quoted language in the second sentence of Paragraph 7 of the Complaint, but denies the remainder of Plaintiffs' allegations characterizing the substance of that document.

8.      Google denies the allegations in the first sentence of Paragraph 8 of the Complaint. As to the second and third sentences of Paragraph 8 of the Complaint, Google admits that its 2019 Form 10-K recognizes revenues of $98 billion generated on Google search properties (including revenues from traffic generated by search distribution partners who use Google.com as their default search in browsers, toolbars, etc.) and other Google owned and operated properties like Gmail, Google Maps, and Google Play (collectively referred to in Google's Form 10-K as "Google Search and other").  Google denies the remaining allegations in those sentences and any remaining allegations in Paragraph 8 of the Complaint.

9.      Google denies the allegations in Paragraph 9 of the Complaint.

10.     Google denies the allegations in the first sentence of Paragraph 10 of the Complaint.  As to the second sentence of Paragraph 10 of the Complaint, Google admits that

voice-based interfaces can provide access to some aspects of Internet search among many other types of uses, but denies the remaining allegations in this sentence.  Google denies the allegations in the third sentence of Paragraph 10 of the Complaint.  As to the fourth sentence of Paragraph 10 of the Complaint, Google admits that a Google internal document contains the quoted language, but denies the remainder of Plaintiffs' allegations characterizing the substance of that document.  Google denies the fifth sentence of Paragraph 10 of the Complaint and the remaining allegations in Paragraph 10 of the Complaint.

11.     The allegations in Paragraph 11 of the Complaint consist of Plaintiffs' characterization of their purported claims, to which no response is required.  To the extent any response is required, Google denies the allegations in Paragraph 11 of the Complaint.

12.     Google denies the allegations in Paragraph 12 of the Complaint.

13.     With respect to the first sentence of Paragraph 13 of the Complaint, Google admits that advertisers can use Google's SA360 platform to manage advertising campaigns across Google and other search engines, and otherwise denies the allegations in this sentence.  Google denies the allegations in the second sentence of Paragraph 13 of the Complaint.

14.     Google denies the allegations in the first sentence of Paragraph 14 of the Complaint.  Google admits that a Google internal document contains the quoted language, but denies the remainder of Plaintiffs' allegations characterizing the substance of that document in the second sentence of Paragraph 14 of the Complaint.  Google denies the remaining allegations in Paragraph 14 of the Complaint.

15.     Google denies the allegations in Paragraph 15 of the Complaint.

16.     Google denies the allegations in Paragraph 16 of the Complaint.

17.     The allegations in Paragraph 17 of the Complaint consist of Plaintiffs'

characterization of their purported claims, to which no response is required.  To the extent a response is required, Google denies the allegations in Paragraph 17 of the Complaint.

18.     Google denies the allegations in Paragraph 18 of the Complaint.

19.     Google denies the allegations in Paragraph 19 of the Complaint.

20.     The allegations in Paragraph 20 of the Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google does not dispute subject matter jurisdiction.

21.     The allegations in Paragraph 21 of the Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 21 of the Complaint.

22.     The allegations in Paragraph 22 of the Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 22 of the Complaint.

23.     The allegations in Paragraph 23 of the Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 23 of the Complaint.

24.     Google admits that it is a limited liability company organized and existing under the laws of the State of Delaware and that it maintains a Mountain View, California business address. Google further admits that it is a subsidiary of XXVI Holdings Inc., which is a Delaware corporation and a subsidiary of Alphabet Inc.  Google further admits that Alphabet Inc. is a publicly traded company.  Google further admits that its products and services include Android OS, Chrome, Gmail, Drive, Maps, Google Play, Search, YouTube, Google Cloud, and Search Ads 360.  Google further admits that it provides products for advertisers, advertising agencies, and

publishers.  Google denies the remaining allegation of Paragraph 24 of the Complaint.

25.     The allegations in Paragraph 25 of the Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google does not dispute—for purposes of this action only—the personal jurisdiction of this Court, but Google otherwise denies the allegations in Paragraph 25 of the Complaint.

26.     Google admits that its marketing materials from 2000 contained the statement in the first sentence of Paragraph 26 of the Complaint.  The allegations in the second and third sentences of Paragraph 26 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations.  Google denies the allegations in the final sentence of Paragraph 26 of the Complaint except Google admits that some dictionaries do refer to "Google" as a verb.

27.     With respect to the first sentence of Paragraph 27 of the Complaint, Google admits it earns revenue through the sale of advertisements that appear in response to certain search queries.  Google denies the remaining allegations in Paragraph 27 of the Complaint.

28.     Google admits the allegations in the first and second sentences of Paragraph 28 of the Complaint.  Google admits that it may display text advertisements in response to certain search queries, but otherwise lacks sufficient information regarding the remainder of the allegations in Paragraph 28 of the Complaint and, on that basis, denies them.

29.     Google admits that since its inception, its mission has been to organize the world's information and make it universally accessible and useful.  Google further admits that its search engine results page ("SERP") sometimes contains advertisements and features designed for particular categories of queries.  Google denies all other allegations in Paragraph 29 of the Complaint.

30.     Google admits that certain queries can trigger advertisements, a OneBox, and organic or unpaid results on the SERP.  To the extent that Figure 1 purports to depict, construe, or describe portions of Google's SERP, no response is required; to the extent a response is required, Google denies that Figure 1 presents a fair and complete description of the matters therein and, on that basis, denies the allegations contained in Figure 1.  Google denies any remaining allegations in Paragraph 30 of the Complaint.

31.     Google denies the allegations in the first sentence of Paragraph 31 of the Complaint.  To the extent that Figure 2 purports to depict, construe, or describe portions of Google's SERP, no response is required; to the extent a response is required, Google denies that Figure 2 presents a fair and complete description of the matters therein and, on that basis, denies the allegations contained in Figure 2.  Google denies any remaining allegations in Paragraph 31 of the Complaint.

32.     Google admits that advertising is not present on the majority of its search results pages—on average over the past four years, 80% of searches on Google did not show any ads at the top of search results—but otherwise denies the allegations in Paragraph 32 of the Complaint.

33.     Google denies the allegations in Paragraph 33 of the Complaint.

34.     Google denies the allegations in Paragraph 34 of the Complaint.

35.     Google denies the allegations in Paragraph 35 of the Complaint.

36.     Google admits that new competitors can emerge and that new search access points can arise, but otherwise denies the allegations in Paragraph 36 of the Complaint.

37.     Google denies the allegations in the first sentence of Paragraph 37 of the Complaint.  Google admits other search providers may provide commercial results and may offer consumers different experiences from one another, but denies the allegations in the remainder of

the second sentence of Paragraph 37.  With respect to the third sentence, Google admits that consumers can find information online, connect with merchants or services, and complete transactions using search products and services other than Google Search, but denies the remainder of the sentence.  As for Footnote 1, Google avers that certain entities may offer search experiences focused on particular content, but otherwise denies the allegations.   Google denies the allegations in fourth, fifth, and sixth sentences of Paragraph 37, and denies any remaining allegations in Paragraph 37 of the Complaint.

38.     Google denies the allegations in Paragraph 38 of the Complaint.

39.     Google denies the allegations in the first and second sentences of Paragraph 39 of the Complaint.  The allegations in the third sentence of Paragraph 39 of the Complaint contain legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in the third sentence of Paragraph 39 of the Complaint.

40.     Google denies the allegations in Paragraph 40 of the Complaint.

41.     Google denies the allegations in the first sentence of Paragraph 41 of the Complaint. Google admits that a Google internal document contains the quoted language in the second sentence of Paragraph 41 of the Complaint, but denies the remainder of Plaintiffs' allegations characterizing the substance of that document.

42.     Google denies the allegations in Paragraph 42 of the Complaint.

43.     As to the first sentence of Paragraph 43 of the Complaint, Google admits that it has entered certain revenue sharing agreements with Apple as well as with certain browser providers, mobile carriers, and Android device manufacturers. Google denies the remaining allegations in Paragraph 43 of the Complaint.

44.     Google denies the allegations in the first sentence of Paragraph 44 of the Complaint

on the grounds that they are vague as a matter of law, and to the extent not vague, Google lacks

knowledge or information sufficient to form a belief as to their truth or falsity.  As to the second

sentence of Paragraph 44 of the Complaint, Google lacks sufficient information as to the total

number of search queries performed in the United States in 2017 and on what devices such queries

were made and, on that basis, denies the allegations in this sentence. As to the third sentence of

Paragraph 44 of the Complaint, Google admits that mobile devices may permit consumers to

perform search queries, but otherwise denies the remaining allegations in this sentence.

45.     As to the first sentence of Paragraph 45 of the Complaint, Google admits that

Google Inc. purchased the Android mobile operating system, but it otherwise denies the remaining

allegations in this sentence. Google denies the allegations in the second and third sentences of

Paragraph 45 of the Complaint.  As to the fourth sentence of Paragraph 45 of the Complaint,

Google admits that certain Android manufacturers and carriers have entered into agreements with

Google for distribution and promotion of Google's products and services, including agreements

that provide for Google's search to be the out-of-the-box default search service for certain search

access points and that, in exchange, Google shares a portion of revenue from devices enrolled,

though Google notes that consumers have the choice whether to change the default away from

Google services.  Google denies the remaining allegations in the fourth sentence of Paragraph 45

of the complaint.  Google denies the allegations in the fifth sentence of Paragraph 45 of the

Complaint.

46.     As to the first and second sentences of Paragraph 46 of the Complaint, Google

admits that it entered an agreement to share revenue derived from certain search queries performed

on Apple devices, that the amount of revenue shared with Apple from search queries performed on

Apple devices has exceeded $1 billion annually, and that, under the terms of its agreement with

Apple, Google Search is the initial out-of-the-box default search provider for Apple's Safari browser on mobile, desktop, laptop, and tablet devices, but denies Plaintiffs' characterization of the agreement and notes that consumers have the choice whether to change the out-of-the-box default on Safari and which search product or application or service to use on Safari.  As to the third sentence of Paragraph 46 of the Complaint, Google admits that Google Search provides responses to certain Siri and Spotlight queries, but Google denies the remaining allegations in this sentence.  As to the final sentence of Paragraph 46 of the Complaint, Google admits that Android competes with Apple's iOS, which has a significant United States presence and is not licensed to other manufacturers.  Google denies the remaining allegations in Paragraph 46 of the Complaint.

47.     Google denies the allegations in Paragraph 47 of the Complaint.

48.     As to the first, second, and third sentences of Paragraph 48 of the Complaint, Google admits that technological innovation presents new opportunities and competition for Google and other providers of search services and products, but Google otherwise denies the remaining allegations in these sentences.  As to the fourth and fifth sentences of Paragraph 48 of the Complaint, Google admits that voice assistants, among many other capabilities, can provide access to some web content accessed by search services and that certain agreements with particular device makers provide that, if the user selects a particular voice assistant as the default (whether a third party's or Google) another third-party assistant cannot be selected to operate simultaneously, though Google notes that consumers have the choice whether to change the default away from Google services, including the default voice assistant running on the device.  Google otherwise denies the remaining allegations in these sentences.

49.     Google admits that some companies use tools that are designed to optimize those companies' search advertising purchases and that SA360 is a search management platform offered

by Google that advertisers can use to manage advertising campaigns across Google and other search engines and digital media channels.  Google lacks sufficient information concerning the remaining allegations in Paragraph 49 of the Complaint and, on that basis, denies the allegations.

50.     Google denies the allegations in Paragraph 50 of the Complaint.

51.     Google denies the allegations in the first and second sentences of Paragraph 51 of the Complaint.  With respect to the third sentence of Paragraph 51, Google admits that a Google internal document contains the quoted language, but denies Plaintiffs' allegations characterizing the substance of that document and otherwise denies the remaining allegations in that sentence.

52.     Google denies the allegations in Paragraph 52 of the Complaint.

53.     Google denies the allegations in Paragraph 53 of the Complaint.

54.     Google denies the allegations in Paragraph 54 of the Complaint.

55.     Google denies the allegations in Paragraph 55 of the Complaint.

56.     With respect to the first and second sentences of Paragraph 56 of the Complaint, including Footnote 2, Google admits that on October 20, 2020, the United States and certain States filed a complaint against Google in an action captioned *United States, et al. v. Google LLC*, No. 20-cv-3010-APM (D.D.C.).  To the extent that the first and second sentences of Paragraph 56 purport to describe or characterize the contents of the complaint filed in that action, no response is required, as the complaint and Google's answer thereto are a matter of public record and speak for themselves.  To the extent that a response is required, Google denies the allegations in the first and second sentences of Paragraph 56 of the Complaint.  With respect to Footnote 3 of Paragraph 56, which purports to incorporate by reference an unspecified number of allegations made by different plaintiffs in a different complaint, Google states that the purported incorporation by reference is improper and that its obligation to respond to the Complaint is limited to the allegations set forth

by Plaintiffs in the four corners of their pleading.  To the extent that a response is required, Google

refers Plaintiffs to Defendant Google LLC's Answer and Affirmative Defenses to Plaintiffs'

Complaint filed on December 21, 2020 as Docket No. 87 in *United States, et al. v. Google LLC*,

No. 20-cv-3010-APM (D.D.C.), which contains Google's response to the allegations that appear in

the "DOJ Complaint" that Plaintiffs purport to incorporate by reference, as well as Defendant

Google LLC's Answer and Affirmative Defenses to Plaintiffs' Amended Complaint filed on

January 29, 2021 as Docket No. 103, which contains Google's response to the allegations that

appear in the Amended Complaint filed on January 15, 2021 as Docket No. 94.  Google denies any

remaining allegations in this Paragraph.

57.     Google denies the allegations in Paragraph 57 of the Complaint.

58.     With respect to the first sentence of Paragraph 58 of the Complaint, which purports

to incorporate by reference an unspecified number of allegations spread across 172 paragraphs of a

complaint filed by different plaintiffs, Google states that the purported incorporation by reference

is improper and that its obligation to respond to the Complaint is limited to the allegations set forth

by Plaintiffs in the four corners of their pleading.  To the extent that a response is required, Google

refers Plaintiffs to Defendants Google's Answer and Affirmative Defenses to Plaintiffs' Complaint

filed on December 21, 2020 as Docket No. 87 in *United States, et al. v. Google LLC*, No. 20-cv-

3010-APM (D.D.C.), which contains Google's response to the allegations that appear in the "DOJ

Complaint" that Plaintiffs purport to incorporate by reference,  as well as Defendant Google LLC's

Answer and Affirmative Defenses to Plaintiffs' Amended Complaint filed on January 29, 2021 as

Docket No. 103, which contains Google's response to the allegations that appear in the Amended

Complaint filed on January 15, 2021 as Docket No. 94.  The allegations in the second sentence of

Paragraph 58 consist of Plaintiffs' characterization of their purported claims, to which no response

is required.  To the extent that a response is required, Google denies the allegations in the second sentence of Paragraph 58 and further denies any remaining allegations in this Paragraph.

59.     The allegations in Paragraph 59 of the Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 59 of the Complaint.

60.     The allegations in the first sentence of Paragraph 60 of the Complaint are legal conclusions not subject to admission or denial, and are premised on Plaintiffs' proposed market definitions, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in the first sentence of Paragraph 60 of the Complaint, including on the grounds that "general search services," "general search text advertising," and "general search advertising" are undefined, rendering those allegations vague as a matter of law, and that to the extent not vague, Google denies the allegations.   The allegations in the remainder of Paragraph 60 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in the second sentence of Paragraph 60 of the Complaint, including on the grounds that "general search services and related search advertising services" are undefined, rendering those allegations vague as a matter of law, and that to the extent not vague, Google denies the allegations.  Google denies the allegations in the third sentence of Paragraph 60 of the Complaint on the grounds that "general search services" are undefined, rendering those allegations vague as a matter of law.  To the extent not vague, Google admits that a user's location is one variable that may affect the search results a user of Google Search is provided, depending on the user's search, but otherwise denies the allegations in the third sentence of Paragraph 60 of the Complaint. Google denies the allegations in the fourth sentence of Paragraph 60 of the Complaint on the

grounds that "general search advertising services" are undefined, rendering those allegations vague as a matter of law.  To the extent not vague, Google admits that advertisements delivered in response to certain Google Search queries may vary based upon the location of the user, but otherwise denies the allegations.

61.     Google admits that certain search services and products, including Google Search, provide information from the internet in response to a consumer query.  Google denies the remaining allegations in Paragraph 61 on the ground that "general search engines" and "general search services" are undefined, rendering those allegations vague as a matter of law, and that to the extent not vague, Google denies the allegations.

62.     Google denies the allegations of Paragraph 62 of the Complaint on the ground that "general search engines" is undefined, rendering those allegations vague as a matter of law, and that to the extent not vague, Google denies the allegations.

63.     Google admits that some search products and services, including Google Search, use software to "crawl" the Internet and may also receive other data from certain websites, but lacks sufficient information as to the precise methodology used by "general search engines," as used in the Complaint.   Google denies the remaining allegations in Paragraph 63 on the ground that "general search engines" is undefined, rendering those allegations vague as a matter of law, and that to the extent not vague, Google denies the allegations.

64.     Google admits that some search products and services, including Google Search, index webpages, but lacks sufficient information as to the precise methodology used by "general search engines," as used in the Complaint.  Google denies the remaining allegations in Paragraph 64 on the ground that "general search engines" is undefined, rendering those allegations vague as a matter of law, and that to the extent not vague, Google denies the allegations.

65.     Google admits that some search products and services, including Google Search, use algorithms to evaluate the relevance of information to a user's query and to determine what information to display, but lacks sufficient information as to the precise methodology used by "general search engines," as used in the Complaint.  Google denies the remaining allegations in Paragraph 65 on the ground that "general search engines" is undefined, rendering those allegations vague as a matter of law, and that to the extent not vague, Google denies the allegations.

66.     The allegations in Paragraph 66 of the Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 66 of the Complaint.

67.     Google admits that different search services and products may provide different types of information, but otherwise denies the allegations in Paragraph 67 of the Complaint on the ground that "general search engine" and "specialized vertical providers" are undefined, rendering those allegations vague as a matter of law, and that to the extent not vague, Google denies the allegations.

68.     Google admits that different search services and products may provide different types of information, but otherwise denies the allegations in Paragraph 68 of the Complaint on the ground that "general search engine" and "specialized vertical providers" are undefined, rendering those allegations vague as a matter of law, and that to the extent not vague, Google denies the allegations.

69.     Google admits that different search services and products may provide different types of information, but otherwise denies the allegations in Paragraph 69 of the Complaint on the ground that "specialized vertical providers" and "commercial segment" are undefined, rendering those allegations vague as a matter of law, and that to the extent not vague, Google denies the

allegations.

70.     Google admits that some consumers may use certain search products, including Google Search, to navigate to other websites, including other search products, but otherwise denies the allegations in Paragraph 70 of the Complaint on the ground that "specialized vertical providers" and "general search services" are undefined, rendering those allegations vague as a matter of law, and that to the extent not vague, Google denies the allegations on the basis that Google lacks knowledge or information sufficient to form a belief as to their truth or falsity.

71.     Google denies the allegations in Paragraph 71 of the Complaint.

72.     Google admits that the term "marketing funnel" may be used by some.  To the extent that Figure 3 purports to depict, construe, or describe marketers' or advertisers' understanding of the "marketing funnel," no response is required; to the extent a response is required, Google denies that Figure 3 presents a fair and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 3.  Google denies the remaining allegations and the accuracy of Figure 3 in Paragraph 72 of the Complaint.

73.     To the extent that Paragraph 73 and Figure 3 purport to depict, construe, or describe marketers' or advertisers' understanding of the "marketing funnel," no response is required; to the extent a response is required, Google denies that Paragraph 73 and Figure 3 present a fair and complete description of the matters described therein and, on that basis, denies the allegations contained in Paragraph 73 and Figure 3.  Google denies the remaining allegations and the accuracy of Figure 3 in Paragraph 73 of the Complaint.

74.     To the extent the first and second sentences of Paragraph 74 and Figure 3 purport to depict, construe, or describe marketers' or advertisers' understanding of the "marketing funnel," no response is required; to the extent a response is required, Google denies that these sentences and

Figure 3 present a fair and complete description of the matters described therein and, on that basis, denies the allegations contained in the first and second sentences of Paragraph 74 and Figure 3. With respect to the final sentence of Paragraph 74, Google admits that Figure 4 purports to depict a mock-up of an advertisement with a headline, display URL, and description.  Google denies the remaining allegations of Paragraph 74 of the Complaint.

75.     The allegations in Paragraph 75 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that some search products and services may sell advertisements through auction processes and that some advertisers pay only when a user clicks on the ad, but otherwise denies the allegations in Paragraph 75.

76.     The allegations in the first sentence of Paragraph 76 of the Complaint contain legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in the first sentence of Paragraph 76.  As to the second and third sentences, Google admits that certain advertisers value advertisements delivered in response to search queries, but otherwise denies the allegations in Paragraph 76 of the Complaint.

77.     Google admits there are sometimes differences between advertisements delivered in response to search queries and advertisements that are not.  The remaining allegations in Paragraph 77 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the remaining allegations in Paragraph 77 of the Complaint.

78.     Google admits there are sometimes differences between advertisements delivered in response to search queries and advertisements that are not, but otherwise denies the allegations in the first through fourth sentences of Paragraph 78 of the Complaint.  With respect to the fifth

sentence of Paragraph 78, Google lacks sufficient information about unidentified "general search text" advertisements and, on that basis, denies the allegations in that sentence.

79.     With respect to the first sentence of Paragraph 79 of the Complaint, Google admits that advertisements on different online properties may differ, including with respect to format and the information provided to the user, but otherwise denies the allegations in this sentence.  The remaining allegations in Paragraph 79 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the remaining allegations in Paragraph 79 of the Complaint.

80.     With respect to the first through third sentences of Paragraph 80 of the Complaint, Google admits that advertisements delivered in response to users' queries may differ, including with respect to the format and the information provided to the user, but otherwise denies the allegations in these sentences.  The remaining allegations in Paragraph 80 of the Complaint contain legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the remaining allegations in Paragraph 80 of the Complaint.

81.     The allegations in Paragraph 81 of the Complaint contain legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 81 of the Complaint.

82.     The allegations in the first sentence of Paragraph 82 of the Complaint contain legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this sentence.  The remaining allegations in Paragraph 82 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the remaining allegations in Paragraph 82 of the Complaint.

83.     The allegations in the first sentence of Paragraph 83 of the Complaint contain legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this sentence.  As to the second and third sentences of Paragraph 83, Google admits there are sometimes differences between advertisements delivered in response to search queries and advertisements that are not, but otherwise denies the allegations in these sentences.

84.     Google admits that advertisers bid for advertisements to appear on Google's search engine results page in response to a user's query.  The remaining allegations in Paragraph 84 of the Complaint are premised on Plaintiffs' proposed market definitions, which are legal conclusions not subject to admission or denial.  To the extent that a response is required, Google denies the remaining allegations in Paragraph 84.

85.     The allegations in Paragraph 85 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits there are various types of advertising that advertisers may use to market their products and services, but otherwise denies the allegations in Paragraph 85 of the Complaint on the basis that Google lacks knowledge or information regarding unidentified offline, display, and social media advertisements sufficient to form a belief as to their truth or falsity.

86.     The allegations in Paragraph 86 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that consumers who click on advertisements may be redirected to the advertiser's website, but otherwise denies the allegations in Paragraph 86 of the Complaint.

87.     The allegations in Paragraph 87 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that consumers who click on advertisements may be redirected

to the advertiser's website or may be directed to another page on the search provider's site, but otherwise denies the allegations in Paragraph 87 of the Complaint on the grounds that "specialized vertical providers" and "more specialized location" are undefined, rendering those allegations vague as a matter of law, and that to the extent not vague, Google denies those allegations on the basis that Google lacks knowledge or information sufficient to form a belief as to their truth or falsity.

88.     The allegations in Paragraph 88 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that some other search providers purchase advertisements on Google Search, but otherwise denies the allegations in Paragraph 88 of the Complaint on the grounds that "specialized vertical providers" and "general search services" are undefined, rendering those allegations vague as a matter of law, and that to the extent not vague, Google denies those allegations on the basis that Google lacks knowledge or information sufficient to form a belief as to their truth or falsity.

89.     Google denies the allegations in Paragraph 89 of the Complaint.

90.     Google denies the allegations in the first sentence of Paragraph 90 of the Complaint.  Google admits that Google Search is accessible on certain personal computers, mobile devices, and tablet devices, but otherwise denies allegations in the second and third sentences of Paragraph 90 of the Complaint on the grounds that "general search services" is undefined, rendering those allegations vague as a matter of law, and that to the extent not vague, Google denies the allegations.

91.     Google denies the allegations in the first and third sentences of Paragraph 91 of the Complaint.  Google denies the allegations in the second and fourth sentences of Paragraph 91 of

the Complaint on the ground that "general search services" and "general search engines" are undefined, rendering those allegations vague as a matter of law, and that to the extent not vague, Google denies the allegations.

92.     Google denies the allegations in Paragraph 92 of the Complaint.

93.     Google denies the allegations in Paragraph 93 of the Complaint.

94.     Google denies the allegations in Paragraph 94 of the Complaint.

95.     Google denies the allegations in Paragraph 95 of the Complaint.

96.     Google denies the allegations in Paragraph 96 of the Complaint.

97.     Google denies the allegations in Paragraph 97 of the Complaint.

98.     Google denies the allegations in Paragraph 98 of the Complaint.

99.     Google denies the allegations in the first sentence of Paragraph 99 of the Complaint.  As to the second sentence, Google admits that, as is disclosed in its Privacy Policy, when a consumer uses Google products and services, including Google Search, Google collects certain information to provide consumers with better services, but otherwise denies the allegations in this sentence.  Google lacks sufficient information concerning the remaining allegations in Paragraph 99 of the Complaint, and, on that basis, denies those allegations.

100.     Google admits that, as is disclosed in its Privacy Policy, when a consumer uses Google products and services, including Google Search, Google collects certain information to provide consumers with better services, but otherwise denies the allegations in Paragraph 100 of the Complaint.

101.     Google admits that, as is disclosed in its Privacy Policy, when a consumer uses Google products and services, including Google Search, Google collects certain information to provide consumers with better services, but otherwise denies the allegations in Paragraph 101 of

the Complaint.

102.     Google denies the allegations in Paragraph 102 of the Complaint.

103.     Google denies the allegations in Paragraph 103 of the Complaint.

104.     As to the first, second, and third sentences of Paragraph 104 of the Complaint, Google admits that consumers often access search products and services through devices such as mobile devices, laptops, and desktops that contain web browsers and other search access points, but Google otherwise denies the allegations in the first, second, and third sentences of Paragraph 104 of the Complaint.  Google denies the allegations in the fourth sentence of Paragraph 104 of the Complaint.

105.     Google denies the allegations in the first sentence of Paragraph 105 of the Complaint.  As to the second sentence of Paragraph 105 of the Complaint, Google admits that some consumers initially employ certain applications and settings that are preloaded on devices, but otherwise denies the allegations in this sentence.

106.     Google denies the allegations in Paragraph 106 of the Complaint.

107.     As to the first and second sentences of Paragraph 107 of the Complaint, Google admits that it amended its agreement with Apple in 2005 to make Google Search the preset default search engine for Apple's Safari browser for desktop and laptop computers and to share revenue derived from certain search queries performed on Apple desktop and laptop computers, that the agreement had a multi-year term, and that the agreement has been renewed, but Google otherwise denies the remaining allegations in the first and second sentences.  As to the third sentence of Paragraph 107 of the Complaint, Google admits that certain provisions of the agreement were amended in 2007 to share revenue derived from certain search queries performed on iPhones, but Google otherwise denies the remaining allegations in this sentence.  As to the fourth sentence in

Paragraph 107 of the Complaint, Google admits that certain provisions of the agreement were amended in 2016 to allow Google Search results to appear in response to certain Siri and Spotlight queries, but Google otherwise denies the remaining allegations in this sentence.  As to the final sentence of Paragraph 107, Google admits that Google Search is the initial out-of-the-box default search provider for Apple's Safari browser, and that Google Search provides some responses to certain Siri and Spotlight queries, but denies the remaining allegations in this sentence.  Google denies any remaining allegations in Paragraph 107 of the Complaint.

108.     As to the first sentence of Paragraph 108 of the Complaint, Google admits that it has entered an agreement to share revenue derived from certain search queries performed on Apple devices and that the amount of revenue Google shared with Apple from search queries performed on Apple devices has exceeded $1 billion annually, but Google otherwise denies the allegations in this sentence.  As to the allegations in the second sentence of Paragraph 108 of the Complaint, Google lacks sufficient information as to Apple's worldwide net income and, on that basis, denies the allegations in this sentence.

109.     Google denies the allegations in Paragraph 109 of the Complaint.

110.     Google admits that Google Search is the initial, preset default search provider for certain search access points on the Chrome browser, though it notes that consumers have the choice whether to change the default on Chrome and which search product or service to use. Google lacks sufficient information concerning the remaining allegations in the first sentence of Paragraph 110 of the Complaint and, on that basis, denies the allegations.  As to the second sentence of Paragraph 110 of the Complaint, Google admits that it has revenue-share agreements with certain browser providers and that, under the terms of certain of those agreements, Google Search is set as the initial preset, default search engine for those browsers, though it notes that

consumers have the choice whether to change the default on those browsers and which search product or service to use.  As to the third sentence of Paragraph 110 of the Complaint, Google lacks sufficient information concerning browser utilization on non-Google browsers and, on that basis, denies allegations concerning the total browser utilization covered by Google's agreements with other browser providers.  Google denies the remaining allegations in Paragraph 110 of the Complaint.

111.    As to the first and second sentences in Paragraph 111 of the Complaint, Google admits that it has revenue-share agreements with certain browser providers and that, under the terms of certain of those agreements, Google Search is set as the initial preset, default search engine for those browsers, though it notes that consumers have the choice whether to change the default on those browsers and which search product or service to use.  Google denies the remaining allegations in Paragraph 111 of the Complaint.

112.    As to the first and second sentences of Paragraph 112 of the Complaint, Google admits that many devices with search capabilities in the United States run on Apple iOS, which is not available for license to third-party mobile manufacturers, or Android OS, which Google licenses open-source.  As to the third sentence of Paragraph 112 of the Complaint, Google denies the allegations on the grounds that "mobile devices" is vague and undefined, and to the extent not vague, Google lacks sufficient information to form a belief as to the truth or falsity of those allegations.  As to the fourth sentence of Paragraph 112 of the Complaint, Google admits that Android OS and iOS can support applications with various search access points that sometimes are preinstalled on devices and further admits that consumer products that run Android OS or iOS often include apps that search for information on the Internet.  Google denies the remaining allegations in Paragraph 112 of the Complaint.

113.    Google denies the allegations in Paragraph 113 of the Complaint.

114.    Google denies the allegations in the first and second sentences of Paragraph 114 of the Complaint.  Google admits that Figure 5 is in the DOJ Complaint.  To the extent that Figure 5 purports to depict, construe, or describe any agreements or documents, no response is required; to the extent a response is required, Google denies that Figure 5 presents a fair and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 5 and the third sentence of Paragraph 114 of the Complaint.

115.    As to the first sentence of Paragraph 115 of the Complaint, Google admits that it previously offered certain parties the option to enter into an agreement known as the "Anti-Fragmentation Agreement" (AFA), that it began to offer an agreement known as the "Android Compatibility Commitment" (ACC) in 2017, and that certain AFA and ACC signatories agree not to develop or market versions of Android that do not comply with the baseline defined in the Compatibility Definition Document (CDD) that facilitates interoperability across the Android ecosystem.  In response to the second sentence, Google admits that Android is an operating system that Google licenses open-source, and admits that it  makes the Android code publicly available, but denies the remaining allegations in that sentence.  As to the third sentence of Paragraph 115 of the Complaint, Google admits that AFA and ACC signatories have a choice whether to enter into Mobile Application Distribution Agreements (MADAs) to license Google application programming interfaces (APIs) in building devices and to distribute devices with proprietary Google apps.  Google denies the remaining allegations in Paragraph 115 of the Complaint.

116.    Google denies the allegations in the first sentence of Paragraph 116 of the Complaint.  As to the second sentence of Paragraph 116 of the Complaint, Google admits that mobile manufacturers have agreed to enter into AFAs or ACCs, and that Samsung, LG, and

Motorola have entered into AFAs or ACCs.  Google denies the allegations in the third and fourth sentences of Paragraph 116 of the Complaint, and denies the remaining allegations in Paragraph 116 of the Complaint.

117.    Google denies the allegations in Paragraph 117 of the Complaint.

118.    As to the first and second sentences of Paragraph 118 of the Complaint, Google admits that it offers Google APIs and proprietary Google apps free of charge for Android device manufacturers that agree to preinstall a suite of Google apps and comply with Android branding guidelines.  With respect to the third sentence of Paragraph 118 of the Complaint, Google admits that it has referred to certain Google APIs and proprietary apps as "Google Mobile Services" (GMS).  Google denies the remaining allegations in Paragraph 118 of the Complaint.

119.    As to the first sentence of Paragraph 119 of the Complaint, Google admits that AFA and ACC signatories have a choice whether to enter into MADAs to license Google APIs in building devices and to distribute devices with proprietary Google apps.  As to the second sentence of Paragraph 119 of the Complaint, Google admits that these agreements contain various provisions regarding placement of certain Google apps for the out-of-the-box settings, though the specific terms have changed over time.  Google denies the remaining allegations in Paragraph 119 of the Complaint.

120.    Google admits that mobile manufacturers have a choice whether to enter into a MADA to distribute devices with proprietary Google apps, including the Google Play Store, and that these agreements contain various provisions regarding placement of certain Google apps for the initial out-of-the-box settings, though the specific terms have changed over time.  Google denies the remaining allegations in Paragraph 120 of the Complaint.

121.    Google admits that app stores, including the Google Play Store, offer easy access to

apps beyond those pre-installed on the device, but denies the remaining allegations in the first sentence of Paragraph 121 of the Complaint.  As to the second sentence of Paragraph 121 of the Complaint, Google admits that app stores, including the Google Play Store, allows consumers to customize the functionality and capabilities of their devices by downloading third-party software. With respect to the third sentence of Paragraph 121 of the Complaint, Google admits that app stores offer easy access to apps and further admits that a public source has estimated that Google Play offers about three million apps, which is more than other app stores offer, but lacks sufficient information as to the relative popularity and total number of app downloads on Android devices from the Google Play Store and, on that basis, denies the remaining allegations in this sentence. Google denies the allegations in the fourth and fifth sentences of Paragraph 121 of the Complaint, as well as the remaining allegations in Paragraph 121 of the Complaint.

122.     Google denies the allegations in the Paragraph 122 of the Complaint.

123.     Google denies the allegations in the first sentence of Paragraph 123 of the Complaint.  With respect to the second and third sentences of Paragraph 123 of the Complaint, Google admits that manufacturers such as Samsung, LG, and Motorola and carriers such as AT&T, Verizon, and T-Mobile have entered into agreements with Google for distribution and promotion of Google's products and services, including agreements that provide for Google's search to be the out-of-the-box default search service for certain search access points, and that, in exchange, Google shares a portion of revenue received from devices enrolled, but denies the remaining allegations in these sentences.  With respect to the fourth sentence of Paragraph 123 of the Complaint, Google admits that some revenue share partners agree not to preinstall (or to preinstall only in certain locations) certain third-party services on certain devices in exchange for a portion of Google revenue received from enrolled devices, but denies the remaining allegations

in this sentence.  Google denies the allegations in the last sentence of Paragraph 123 of the Complaint and denies any remaining allegations in Paragraph 123 of the Complaint.

124.    Google denies the allegations in Paragraph 124 of the Complaint.

125.    Google lacks sufficient information regarding the allegations in the first sentence of Paragraph 125 of the Complaint and, on that basis, denies the allegations.  Google denies the allegations in the second sentence of Paragraph 125 of the Complaint on the grounds that "general search service" and "almost never" are undefined, rendering those allegations vague as a matter of law and that, to the extent not vague, Google lacks knowledge or information sufficient to form a belief as to their truth or falsity.

126.    The allegations in the first sentence of Paragraph 126 of the Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in the first sentence of Paragraph 126 of the Complaint.  Google denies the allegations in the second sentence of Paragraph 126 of the Complaint.

127.    Google denies the allegations in Paragraph 127 of the Complaint.

128.    Google admits that a voice assistant allows a consumer to talk to a device in order to use certain applications on that device to accomplish many different actions.  With respect to the second and third sentences of Paragraph 128 of the Complaint, Google admits that certain voice assistants can integrate with many different kinds of products and services, including certain search products and services that allow consumers to access certain Internet content, but denies the remaining allegations in those sentences, including on the grounds that "general search engine" and "specialized vertical providers" are undefined, rendering those allegations vague as a matter of law.  As to the final sentence of Paragraph 128 of the Complaint, Google admits that voice assistants may allow users to access or search for certain Internet content, among many other

actions, but denies the remaining allegations in this sentence, including on the ground that "general search engines" is undefined, rendering those allegations vague as a matter of law. Google denies the remaining allegations in Paragraph 128 of the Complaint.

129. With respect to the first sentence of Paragraph 129 of the Complaint, Google admits that certain partners have agreed to return Google Search results in response to certain voice assistant queries. As to the second sentence of Paragraph 129 of the Complaint, Google admits that Apple's Siri and Samsung's Bixby sometimes return Google Search results for certain queries. Google denies the remaining allegations in Paragraph 129 of the Complaint.

130. Google denies the allegations in the first and second sentences of Paragraph 130 of the Complaint. With respect to the last sentence of Paragraph 130 of the Complaint, Google admits that a Google internal document contains the quoted language, but denies the remainder of Plaintiffs' allegations characterizing the substance of that document.

131. With respect to the first sentence of Paragraph 131 of the Complaint, Google admits that certain MADA signatories agree to set Google Assistant as the initial default Assist App and direct long presses on the Home button to Google Assistant on certain mobile devices, but otherwise denies the allegations. As to the second sentence of Paragraph 131 of the Complaint, Google admits that certain revenue share partners agree not to preinstall certain voice-enabled assistants on certain locations on certain devices. Google denies the allegations in the final sentence of Paragraph 131 of the Complaint and any remaining allegations in Paragraph 131 of the Complaint.

132. Google denies the allegations in Paragraph 132 of the Complaint.

133. Google denies the allegations in Paragraph 133 of the Complaint.

134. Google admits that the ability for home smart speakers to incorporate multiple

voice assistants to operate simultaneously is known as "concurrency," but otherwise denies the allegations in the first and second sentences of Paragraph 134 of the Complaint.  Google admits the existence of a Google internal document containing the quoted language in the third sentence of Paragraph 134 of the Complaint, but otherwise denies the remainder of Plaintiffs' allegations characterizing the substance of that document.  Google denies the allegations in the fourth sentence of Paragraph 134.

135.    Google denies the allegations in the first sentence of Paragraph 135 of the Complaint.  As to the second sentence of Paragraph 135 of the Complaint, Google admits that certain agreements with particular device makers provide that, if the user selects a particular voice assistant as the default (whether a third party's or Google) another third-party assistant cannot be selected to operate simultaneously, but otherwise denies the remaining allegations in this sentence.  With respect to the third sentence of Paragraph 135 of the Complaint, Google admits that consumers have the choice whether to change the default away from Google services, including the default voice assistant running on the device, but otherwise denies the remaining allegations in this sentence.  Google denies the allegations in the last sentence of Paragraph 135.

136.    Google denies the allegations in Paragraph 136 of the Complaint.

137.    As to the allegations in the first sentence of Paragraph 137 of the Complaint, Google acknowledges that certain cars come with 4G/LTE connections and offer voice assistants, and that some such voice assistants retrieve information from the Internet in response to certain user queries, among many other actions.  As to the allegations in the second sentence of Paragraph 137 of the Complaint, Google admits that certain cars include internal screens that may provide Internet access and display applications to consumers.  As to the allegations in the third sentence of Paragraph 137 of the Complaint, Google admits that certain cars include voice assistants.  As to

the fourth sentence of Paragraph 137 of the Complaint, Google admits that certain services installed in a car can retrieve certain information from the Internet, but denies the remaining allegations in this sentence.  Google denies the allegations in the last sentence of Paragraph 137 of the Complaint.

138.    Google denies the allegations in the first sentence of Paragraph 138 of the Complaint.  As to the second sentence of Paragraph 138 of the Complaint, Google admits that Google Automotive Services is a collection of applications and services that automobile manufacturers can choose to license and integrate into their vehicle systems.  Google denies the allegations in the third and fourth sentences of Paragraph 138 of the Complaint.

139.    As to the first sentence of Paragraph 139 of the Complaint, Google admits that it released Android Automotive, an Android operating system that integrates into vehicle systems, in 2017.  Google admits the allegations in the second sentence of Paragraph 139 of the Complaint and denies any remaining allegations in Paragraph 139.

140.    As to the first sentence of Paragraph 140 of the Complaint, Google admits that it allows automobile manufacturers to choose to license and integrate certain of Google's applications and services into their vehicle systems, but denies the remaining allegations in the sentence.  As to the second sentence of Paragraph 140 of the Complaint, Google admits that certain agreements relate to the ability of automobile manufacturers to modify Android OS in a way that hinders interoperability and raises app developer costs, but denies the remaining allegations in this sentence.  Google denies the allegations in the third sentence of Paragraph 140 of the Complaint.  As to the fourth sentence of Paragraph 140 of the Complaint, Google admits that certain agreements relate to the ability of automobile manufacturers to modify the Android OS in a way that hinders interoperability and raises app developer costs, but denies the remaining

allegations in this sentence.  As to the fifth sentence of Paragraph 140 of the Complaint, Google admits the existence of a Google internal document that contains the quoted language, but denies the remainder of Plaintiffs' allegations characterizing the substance of that document.

141.    As to the first sentence of Paragraph 141 of the Complaint, Google admits that some automobile manufacturers agree to contractual terms to receive access to a suite of Google's proprietary applications.  As to the second sentence of Paragraph 141 of the Complaint, Google admits that some automobile manufacturers have agreed to preset Google Assistant as the initial default assistant app, but denies the remaining allegations in this sentence and the remaining allegations in Paragraph 141 of the Complaint.

142.    Google denies the allegations in the first sentence of Paragraph 142 of the Complaint.  As to the second sentence of Paragraph 142 of the Complaint, Google admits that it has entered into certain agreements to share its revenue with automobile manufacturers who agree for Google Assistant to be the initial default assistant app on its vehicles, though Google notes that, with respect to these agreements, consumers have the choice whether to change the default away from Google Assistant.  Google denies the remaining allegations in the second sentence of Paragraph 142 of the Complaint and any remaining allegations in Paragraph 142 of the Complaint.

143.    Google denies the allegations in Paragraph 143 of the Complaint.

144.    Google denies the allegations in Paragraph 144 of the Complaint.

145.    With respect to the first sentence of Paragraph 145 of the Complaint, Google admits that advertisers can use SA360 and/or tools from other companies to manage advertising campaigns across Google and other search engines, and otherwise denies the allegations in this sentence.  Google denies the allegations in the second, third, and fourth sentences of Paragraph 145 on the grounds that "search engine marketing tool" or "SEM tool" is vague and undefined, and

Google lacks sufficient information concerning the capabilities of unspecified tools developed or marketed by other companies to form a belief as to the truth or falsity of those allegations.  Google denies the allegations in the fifth sentence of Paragraph 145.

146.    To the extent that the allegations in the first and second sentences of Paragraph 146 of the Complaint purport to describe or characterize public data sources, no response is required. To the extent that a response is required, Google denies the allegations in those sentences on the grounds that "SEM tool" is vague and undefined, and Google lacks sufficient information concerning unspecified tools developed or marketed by other companies to form a belief as to the truth or falsity of those allegations.  With respect to the third sentence of Paragraph 146, Google admits that advertising space on Google's search engine can be purchased using Google Ads, formerly known as AdWords, and that advertising space on Bing can be purchased using Microsoft Advertising, formerly known as Bing Ads.  Google otherwise denies the allegations in the third sentence of Paragraph 146.

147.    Google denies the allegations in Paragraph 147 of the Complaint on the grounds that "SEM tool" is vague and undefined, and Google lacks sufficient information concerning the capabilities of unspecified tools developed or marketed by other companies to form a belief as to the truth or falsity of those allegations.

148.    Google denies the allegations in Paragraph 148 of the Complaint.

149.    Google denies the allegations in Paragraph 149 of the Complaint.

150.    Google denies the allegations in the first sentence of Paragraph 150 of the Complaint.  With respect to the second sentence of Paragraph 150, Google admits the existence of a document with the quoted language, but denies the remainder of Plaintiffs' allegations characterizing that document.

151.     With respect to the first sentence of Paragraph 151 and Figure 6, Google admits the existence of a document with the quoted language and a document with the image labeled Figure 6, but denies the remainder of Plaintiffs' allegations characterizing those documents.  To the extent that the allegations in the second sentence of Paragraph 151 purport to describe or characterize public data sources, no response is required. To the extent that a response is required, Google denies the allegations in those sentences on the grounds that "SEM tool" is vague and undefined, and Google lacks sufficient information concerning the amount spent using unspecified tools developed or marketed by other companies to form a belief as to the truth or falsity of those allegations.

152.     Google denies the allegations in the first sentence of Paragraph 152 of the Complaint.  With respect to the second sentence of Paragraph 152, Google admits that its auction-time bidding features use automated bidding for optimization in auctions, and otherwise denies the allegations in the second sentence of Paragraph 152.

153.     Google admits that SA360 can allow information to flow between advertisers and sellers of advertising space, including search engines, and otherwise denies the allegations in Paragraph 153 of the Complaint.

154.     With respect to the first sentence of Paragraph 154 of the Complaint, Google admits that it has described auction-time bidding as using "machine learning to optimize for conversions or conversion value in each and every auction," and denies any remaining allegations in that sentence.  With respect to the second and third sentences of Paragraph 154, Google admits that its auction-time bidding involves analyzing contextual signals in real time and that Google Ads auctions can occur throughout the day, and otherwise denies the allegations in those sentences.  To the extent that the allegations in the fourth sentence of Paragraph 154 purport to describe or

characterize public data sources, no response is required.  To the extent that a response is required,

Google denies the allegations in that sentence.

155.    Google admits that its "intraday" automated bidding feature can adjust bids

periodically and that advertisers can use SA360 to implement an "intraday" automated bidding

strategy, and otherwise denies the allegations in Paragraph 155 of the Complaint.

156.    Google denies the allegations in the first sentence of Paragraph 156 of the

Complaint on the grounds that "better," "vastly greater," and "greater richness" are not defined,

rendering those allegations vague as a matter of law.  With respect to the second and third

sentences of Paragraph 156, Google admits the existence of a document with the image labeled

Figure 7, but denies the remainder of Plaintiffs' allegations characterizing that image.

157.    With respect to the first sentence of Paragraph 157 of the Complaint, Google admits

that it offers advertisers the opportunity to use real-time bidding strategies, including through

Google Ads and SA360, but denies the allegations regarding Microsoft on the grounds that it lacks

sufficient information to form a belief as to the truth or falsity of those allegations, and denies the

remaining allegations in the first sentence of Paragraph 157.  Google denies the allegations in the

second, third, and fourth sentences of Paragraph 157.  With respect to the allegations in the fifth

sentence of Paragraph 157, Google admits that it has stated that SA360 "helps agencies and

marketers efficiently manage some of the largest search marketing campaigns in the world, across

multiple engines and media channels," and otherwise denies the allegations in that sentence.

158.    Google denies the allegations in Paragraph 158 of the Complaint.

159.    Google denies the allegations in Paragraph 159 of the Complaint.

160.    Google denies the allegations in the first and second sentences of Paragraph 160 of

the Complaint.  With respect to the third sentence of Paragraph 160, Google admits that under

some circumstances an advertiser can choose to display a phone number as part of an advertisement and that a consumer viewing the advertisement can tap or click the phone number in order to call that number, and otherwise denies the allegations in the third sentence of Paragraph 160.  With respect to the fourth sentence of Paragraph 160, Google admits that advertisers can create and edit "call extensions" in SA360 and that "call extensions" are not currently among the Microsoft Advertising features supported in SA360, and otherwise denies the allegations in the fourth sentence of Paragraph 160.

161.    With respect to the allegations in the first and second sentences of Paragraph 161 of the Complaint, Google lacks sufficient information concerning whether "many" advertisers "forego purchasing Bing search advertising altogether" or "reallocate budget between competitors" to form a belief as to the truth or falsity of those allegations and therefore denies them.  Google denies the remaining allegations in the first and second sentences of Paragraph 161.  Google denies the allegations in the third sentence of Paragraph 161.

162.    Google denies the allegations in Paragraph 162 of the Complaint.

163.    Google denies the allegations in Paragraph 163 of the Complaint.

164.    Google denies the allegations in the first sentence of Paragraph 164 of the Complaint.  To the extent that the allegations in the second sentence of Paragraph 164 purport to describe or characterize public data sources, no response is required.  To the extent that a response is required, Google admits that a Google internal document estimates that at one point in time customers using SA360 experienced a 2.5% increase in certain advertising spending, and otherwise denies the allegations in that sentence.

165.    Google denies the allegations in Paragraph 165 of the Complaint.

166.    With respect to the first sentence of Paragraph 166 of the Complaint, Google admits

that it considers the nature and degree of consumer demand for particular features in determining whether SA360 should incorporate or support those features, and otherwise denies the allegations in the first sentence of Paragraph 166, including on the ground that it lacks sufficient knowledge or information concerning the decision-making process of "any competing SEM tool provider." Google denies the allegations in the second and third sentences of Paragraph 166.

167.   Google denies the allegations in Paragraph 167 of the Complaint.

168.   Google denies the allegations in Paragraph 168 of the Complaint.

169.   Google denies the allegations in Paragraph 169 of the Complaint on the grounds that "specialized vertical providers" is vague and undefined, and Google lacks sufficient information concerning the "typical" features or capabilities of unspecified search services developed by other companies to form a belief as to the truth or falsity of those allegations.

170.   With respect to the first sentence of Paragraph 170 of the Complaint, Google admits that in some instances a visitor to a search provider's website can complete a transaction to purchase goods or services, and otherwise denies the allegations in the first sentence, including on the ground that "specialized vertical provider" is vague as a matter of law. With respect to the second sentence of Paragraph 170, Google admits that in some instances a consumer who uses Google's search engine and wishes to complete a transaction will need to navigate to a different website in order to do so. Google otherwise denies the allegations in the second sentence of Paragraph 170.

171.   With respect to the first sentence of Paragraph 171 of the Complaint, Google lacks information sufficient to form a belief as to the truth or falsity of these allegations concerning unspecified companies and therefore denies the allegations.  With respect to the second sentence of Paragraph 171, Google denies that Figure 8 presents a fair and complete description of the matters

described therein and, on that basis, denies the allegations in the second sentence of Paragraph 171.

172.     Google denies the allegations in the first sentence of Paragraph 172 of the Complaint. With respect to the second sentence of Paragraph 172, Google admits that many consumers find information online using search engines, including Google's search engine, and denies the remaining allegations.  Google denies the allegations in the third sentence of Paragraph 172.  Google denies the allegations in the fourth sentence of Paragraph 172, including on the grounds that "specialized vertical provider" is vague as a matter of law and Google lacks sufficient information concerning the operation of various unspecified entities that Plaintiffs may consider "specialized vertical providers."  Google denies the allegations in the fifth and sixth sentences of Paragraph 172.  Google denies that Figure 8 presents a fair and complete description of the matters described therein and, on that basis, denies the allegations in Figure 8.

173.     To the extent that the allegations in the first sentence of Paragraph 173 of the Complaint are premised on Plaintiffs' proposed market definitions, they are legal conclusions not subject to admission or denial.  To the extent that a response is required, Google denies the allegations in the first sentence of Paragraph 173, including on the ground that "specialized vertical provider" is vague as a matter of law.  With respect to the second sentence of Paragraph 173, Google admits that a Google internal document contains the quoted language and denies the remaining allegations, including Plaintiffs' characterization of the quoted document.  With respect to the third sentence of Paragraph 173, Google admits that a Google executive provided testimony that includes some of the language quoted in the third sentence of Paragraph 173 but denies that the quote is accurate or complete.  Google denies the remaining allegations in the third sentence of Paragraph 173, including Plaintiffs' characterization of the quoted testimony.

174.     Google denies the allegations in Paragraph 174 of the Complaint.

175.     Google denies the allegations in Paragraph 175 of the Complaint.

176.     Google denies the allegations in the first sentence of Paragraph 176 of the Complaint, including on the grounds that "vertical space" and "specialized vertical providers" are vague as a matter of law.  Google denies the allegations in the second sentence of Paragraph 176.

177.     Google denies the allegations in the first and second sentences of Paragraph 177, including on the grounds that "specialized search providers" and "specialized vertical providers" are vague as a matter of law.  Google denies the allegations in the third sentence of Paragraph 177.

178.     Google denies the allegations in the first sentence of Paragraph 178 of the Complaint.  With respect to the second sentence of Paragraph 178, Google admits that a query conducted on the Google search engine may result in a SERP that displays, among other things, a feature displaying advertisements, text advertisements, a map and associated listings, and/or organic search results that, if clicked, may take a consumer to a third-party's website.  To the extent that Figure 9 purports to depict, construe, or describe portions of a Google SERP, no response is required; to the extent a response is required, Google denies that Figure 9 presents a fair and complete description of the matters described therein and, on that basis, denies the remaining allegations in the second sentence of Paragraph 178.

179.     Google admits that certain Local Service Ads may contain all or some of the elements listed in the first sentence of Paragraph 179.  To the extent that Figure 9 purports to depict, construe, or describe portions of a Google SERP, no response is required; to the extent a response is required, Google denies that Figure 9 presents a fair and complete description of the matters therein and, on that basis, denies the allegations contained in Figure 9.  Google denies any remaining allegations in Paragraph 179 of the Complaint.

180.    Google denies the allegations in Paragraph 180 of the Complaint.

181.    Google denies the allegations in the first sentence of Paragraph 181 of the Complaint.  As to the second and third sentences, Google admits that some home service companies may earn revenue by connecting electricians to consumers but lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 181 of the Complaint, and, on that basis, denies them.

182.    Google denies the allegations in the first sentence of Paragraph 182 of the Complaint.  As to the second and third sentences, Google admits that clicking on certain links enables consumers to access Google's content about a particular product or entity and certain relevant information about that product or entity, which may include a telephone number, but denies the remaining allegations in those sentences.  Google denies the allegations in the fourth and fifth sentences of Paragraph 182 of the Complaint.

183.    Google denies the allegations in Paragraph 183 of the Complaint.

184.    Google admits that certain queries for hotels can trigger paid advertisements and a Hotel Unit to appear on the SERP.  To the extent that Figure 10 purports to depict, construe, or describe portions of a Google SERP, no response is required; to the extent a response is required, Google denies that Figure 10 presents a fair and complete description of the matters therein and, on that basis, denies the allegations contained in Figure 10.  Google denies any remaining allegations in Paragraph 184 of the Complaint.

185.    Google admits that its policies governing paid advertisements, like those that appear in Figure 10, are different than its policies governing organic content.  Google denies the remaining allegations in Paragraph 185 of the Complaint.

186.    Google admits that a Hotel Unit containing organic/unpaid listings may appear in

response to certain hotel-related search queries, and that clicking on the name of a hotel within that Unit may take users to a page within Google's Hotel Immersive, which contains relevant information about the hotel as well as a link to the hotel's website.  To the extent that Figure 10 purports to depict, construe, or describe portions of a Google SERP, no response is required; to the extent a response is required, Google denies that Figure 10 presents a fair and complete description of the matters therein and, on that basis, denies the allegations contained in Figure 10.  Google denies any remaining allegations in Paragraph 186 of the Complaint.

187.    Google admits that its Hotel and Local Units are organized around relevant entities with relevant locations such that consumers are able to access information about the entities, including how to connect with them, while other units may be organized around different types of information, and that policies relating to advertisements may differ depending on the type of information being displayed.  Google denies the remaining allegations in Paragraph 187 of the Complaint, including on the grounds that "specialized vertical providers" is vague as a matter of law.

188.    Google denies the allegations in the first sentence of Paragraph 188.  With respect to the second and third sentences of Paragraph 188, Google admits that its policies may differ depending on the type of information being displayed, and Google denies the remaining allegations in those sentences, including on the grounds that "specialized vertical providers" is vague as a matter of law.

189.    Google denies the allegations in the first and second sentences of Paragraph 189 of the Complaint, including on the grounds that "specialized vertical providers" is vague as a matter of law.  Google denies the allegations in the third sentence of Paragraph 189.

190.    Google denies the allegations in Paragraph 190 of the Complaint.

191.    Google denies the allegations in Paragraph 191 of the Complaint.

192.    Google admits that its search policies may affect the type of content that appears in an organic search result (depending on the type of information sought) in order to optimize the relevancy of results and user experience on the SERP.  Google denies the remaining allegations in Paragraph 192 of the Complaint.

193.    Google denies the allegations in Paragraph 193 of the Complaint.

194.    Google denies the allegations in Paragraph 194 of the Complaint.

195.    Google admits that its Hotel Unit automatically populates dates for a one-night stay and contains an organic listing of hotels in response to the user's query that includes a price, star rating, and review count for each hotel listing.  Google otherwise denies the remaining allegations in Paragraph 195.

196     Google admits that its Hotels Unit displays organic content organized around physical hotels along with pricing and, at times, other information licensed from certain partners, and that hotel-aggregator websites may appear elsewhere on the SERP both organically and as advertisements, as well as in the Hotels Immersive.  Google otherwise denies the remaining allegations in Paragraph 196.

197.    Google denies the allegations in Paragraph 197 of the Complaint, including on the grounds that "specialized vertical providers" and "general search advertisements" are vague as a matter of law.

198.    Google denies the allegations in Paragraph 198 of the Complaint.

199.    Google denies the allegations in Paragraph 199 of the Complaint.

200.    Google denies the allegations in Paragraph 200 of the Complaint.  With respect to Footnote 4 of Paragraph 200, which purports to incorporate by reference an unspecified number of

allegations made by different plaintiffs in a different complaint, Google states that the purported incorporation by reference is improper and that its obligation to respond to the Complaint is limited to the allegations set forth by Plaintiffs in the four corners of their pleading. To the extent that a response is required, Google refers Plaintiffs to Defendant Google LLC's Answer and Affirmative Defenses to Plaintiffs' Complaint filed on December 21, 2020 as Docket No. 87 in *United States, et al. v. Google LLC*, No. 20-cv-3010-APM (D.D.C.), which contains Google's response to the allegations that appear in the "DOJ Complaint" that Plaintiffs purport to incorporate by reference, as well as Defendant Google LLC's Answer and Affirmative Defenses to Plaintiffs' Amended Complaint filed on January 29, 2021 as Docket No. 103, which contains Google's response to the allegations that appear in the Amended Complaint filed on January 15, 2021 as Docket No. 94. Google denies any remaining allegations in this Paragraph.

201.    Google denies the allegations in Paragraph 201 of the Complaint.

202.    Google denies the allegations in Paragraph 202 of the Complaint.

203.    Google denies the allegations in Paragraph 203 of the Complaint.

204.    Google denies the allegations in the first and second sentences of Paragraph 204 of the Complaint. As to the allegations in the third and fourth sentences of Paragraph 204 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to their truth or falsity and, on that basis, denies them. Google denies the allegations in the fifth sentence of Paragraph 204 of the Complaint.

205.    Google denies the allegations in the first sentence of Paragraph 205 of the Complaint. As to the second sentence of Paragraph 205 of the Complaint, Google admits that devices such as smart home speakers, smart television sets, and connected cars can and do support search services and products offered by other companies and otherwise denies the remaining

allegations in that sentence.  Google denies the allegations in the third sentence of Paragraph 205 of the Complaint.

    206.    Google denies the allegations in Paragraph 206 of the Complaint.

    207.    Google denies the allegations in Paragraph 207 of the Complaint.

    208.    Google denies the allegations in Paragraph 208 of the Complaint.

    209.    Google denies the allegations in Paragraph 209 of the Complaint.

    210.    Google denies the allegations in Paragraph 210 of the Complaint.

    211.    Google denies the allegations in Paragraph 211 of the Complaint.

    212.    Google restates its response to every allegation set forth above as if stated herein.

    213.    Google denies the allegations in Paragraph 213 of the Complaint.

    214.    Google denies the allegations in Paragraph 214 of the Complaint.

    215.    Google denies the allegations in Paragraph 215 of the Complaint.

    216.    Google denies the allegations in Paragraph 216 of the Complaint.

    217.    Google denies the allegations in Paragraph 217 of the Complaint.

    218.    Google denies the allegations in Paragraph 218 of the Complaint.

    219.    Google restates its response to every allegation set forth above as if stated herein.

    220.    Google denies the allegations in Paragraph 220 of the Complaint.

    221.    Google denies the allegations in Paragraph 221 of the Complaint.

    222.    Google denies the allegations in Paragraph 222 of the Complaint.

    223.    Google denies the allegations in Paragraph 223 of the Complaint.

    224.    Google denies the allegations in Paragraph 224 of the Complaint.

    225.    Google denies the allegations in Paragraph 225 of the Complaint.

    226.    Google restates its response to every allegation set forth above as if stated herein.

227.     Google denies the allegations in Paragraph 227 of the Complaint.

228.     Google denies the allegations in Paragraph 228 of the Complaint.

229.     Google denies the allegations in Paragraph 229 of the Complaint.

230.     Google denies the allegations in Paragraph 230 of the Complaint.

231.     Google denies the allegations in Paragraph 231 of the Complaint.

232.     Google denies the allegations in Paragraph 232 of the Complaint.

233.     To the extent that an answer is required to the Prayer for Relief, Google denies the allegations contained therein.  Google further states that Plaintiffs are not entitled to any remedies sought in the Complaint.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, Google asserts the following defenses to the Complaint.  Further, Google reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### First Defense

Plaintiffs' claims are barred in whole or in part for failure to state a claim upon which relief can be granted.

### Second Defense

Plaintiffs' claims are barred to the extent that they seek to restrain or enjoin conduct that is protected under the First Amendment to the United States Constitution.

## Third Defense

Any and all of Google's actions alleged by Plaintiffs were lawful, justified, procompetitive, and carried out in Google's legitimate business interests and constitute bona fide competitive activity.

## Fourth Defense

The relief sought by Plaintiffs would be contrary to the public interest, harm consumers, and is otherwise inequitable, impractical, and unworkable.

Google reserves the right to supplement its Answer and affirmative defenses with additional defenses that become available or apparent in the course of investigation, preparation, and/or discovery, and to amend its Answer accordingly.

## PRAYER FOR RELIEF

WHEREFORE, Google prays for relief as follows:

(a) That the Complaint against Google be dismissed in its entirety, with prejudice;

(b) That Google be awarded its attorneys' fees and costs and expenses of the suit; and

(c) That the Court award such other and further relief to Google as the Court deems just and proper.

Dated: February 15, 2021                    Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _/s/ *John E. Schmidtlein*_
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
725 12th Street, NW
Washington, DC 20005
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
1700 K St, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

*Counsel for Defendant Google LLC*