# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Google LLC, <br><br> Defendant. | Case No. 1:20-cv-03010-APM <br><br> HON. AMIT P. MEHTA |
| State of Colorado, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Google LLC, <br><br> Defendant. | Case No. 1:20-cv-03715-APM <br><br> HON. AMIT P. MEHTA |

## GOOGLE LLC'S RESPONSES AND OBJECTIONS TO
## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of the Civil Procedure, Google LLC ("Google") hereby submits these responses and objections to the Plaintiffs' First Requests for Production of Documents to Defendant Google LLC, dated January 5, 2021.

## GENERAL RESPONSES AND OBJECTIONS

Google makes the following objections to the Requests, which form a part of Google's response to each and every Request, and are set forth here to avoid repetition and duplication.

1. Google objects to the Requests to the extent that they seek documents or information protected by the attorney-client privilege, the work product doctrine, common interest privilege and/or any other applicable privilege or immunity. Regardless of whether privilege objections are specified for any given Requests, Google will not produce privileged material. Google's responses to the RFP are not intended to and do not waive any applicable privilege or protection.

2. Google objects to the Requests to the extent that they purport to require Google to search for or produce documents, data, or information that are not in Google LLC's possession, custody, or control. Google will only search for and produce information and materials that are in its possession, custody or control.

3. These responses and objections and any documents or information produced are provided without waiver of any objections as to the competency, relevance, materiality, privileged status or admissibility of any document or information as evidence.

Google expressly reserves the right to amend, revise, or supplement these responses and objections. The General Objections above are incorporated by reference as though fully set forth in each response of Responses and Objections to Requests for Production below.

## OBJECTIONS TO DEFINITIONS

4. Google objects to the definition of "the Company" and "Google," which includes Google LLC,  its domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and  joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing" with the further definition of "parent," "subsidiary," "affiliate," and "joint venture" to include any  person in which there is total or partial ownership of 25% or more, as overly broad. Google will respond on behalf of Google LLC, and will search for documents and data in the possession, custody, or control of Google LLC.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

For the custodians listed in Appendix B, produce all documents, including all documents previously withheld or clawed back, responsive to the search terms listed in Appendix A.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Request 1 seeks to have Google run expansive search strings across 92 custodians and then to produce all non-privileged documents that hit on any of the search strings in any of those custodial files—without regard for their relevance to the issues in the case. This Request violates Fed. R. Civ. P. 34(b), which requires a party to "describe with reasonable particularity" the requested materials, as well as Fed. R. Civ. P. 26(b), which limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Google objects to this Request as improper under the Rules, and as overly broad, unduly burdensome, and disproportionate to the needs of the case. Google further objects to the request that it produce documents previously withheld from production or clawed back, a request which is unduly burdensome.

Request 1 must also be viewed in light of (1) Google's prior production of more than 2.1 million documents in response to the CIDs served on it during the DOJ's investigation and (2) Plaintiffs' other requests for production served on the heels of this request. Plaintiffs' Second Set of Requests for Production, served just six days after service of their First Set of Requests for Production, contains 77 numbered requests, many with multiple subparts. These Requests encompass broad topics, many of which appear to have some relation to the search strings in Appendix A to this Request 1. To the extent that the broad search strings set forth in Request 1 are appropriate to locate documents potentially responsive to reasonable requests in Plaintiffs' Second Set of Requests for Production, Google is prepared to meet and confer to discuss the use of such search strings.

**REQUEST FOR PRODUCTION NO. 2:**

For the first page of the search results for each search query done in the United States on Google Search (not on a syndicated partner site), from (i) February 3, 2020, to February 9, 2020,

and (ii) February 2, 2015, to February 8, 2015, produce the following data:

| | |
|---|---|
| a. | search event ID; |
| b. | date of the search; |
| c. | time of the search in Pacific Time Zone; |
| d. | unhashed search query string; |
| e. | indicator (0 or 1) for whether the search was a navigational search; |
| f. | indicator (0 or 1) for whether the search was a commercial query; |
| g. | verticals4; (i.e. category of the search query with top levels and more granular subgroups such as "Science/Astronomy" or "Science/Chemistry"); |
| h. | device type (computer, tablet, or mobile phone); |
| i. | browser; |
| j. | operating system; |
| k. | search access point; |
| l. | total number of top text ad spots available; |
| m. | number of text ads; |
| n. | number of text ads that appeared above the organic results; |
| o. | number of right-hand side text ads (only relevant to 2015); |
| p. | number of product ads; |
| q. | number of local ads; |
| r. | indicator (0 or 1) for if a Google map showed up on the results page; |
| s. | total number of all ads (including text, products, local, etc.); |
| t. | number of clicks on text ads; |
| u. | number of clicks on right-hand side text ads (only relevant to 2015); |
| v. | number of clicks on product ads; |
| w. | number of clicks on local ads; |
| x. | total number of clicks on all ads; |
| y. | revenue from all text ads; |
| z. | revenue from all top text ads; |
| aa. | revenue from right-hand side text ads (only relevant to 2015); |
| bb. | revenue from product listing ads; |
| cc. | revenue from local ads; |
| dd. | total revenue from all ads; |
| ee. | total number of conversions; |
| ff. | unhashed advertiser bidded keywords for the highest positioned text ad; |
| gg. | unhashed advertiser bidded keywords for the second highest positioned text ad; |
| hh. | unhashed advertiser bidded keywords for the third highest positioned text ad; |
| ii. | unhashed advertiser bidded keywords for the fourth highest positioned text ad; |
| jj. | unhashed advertiser bidded keywords for the fifth highest positioned text ad; |
| kk. | cost-per-click for the highest positioned text ad (even if the ad was not clicked, what would the advertiser have paid); |
| ll. | cost-per-click for the second highest positioned text ad (even if the ad was not clicked, what would the advertiser have paid); |
| mm. | cost-per-click for the third highest positioned text ad (even if the ad was not clicked, what would the advertiser have paid); |

nn.     cost-per-click for the fourth highest positioned text ad (even if the ad was not clicked, what would the advertiser have paid);

oo.     cost-per-click for the fifth highest positioned text ad (even if the ad was not clicked, what would the advertiser have paid);

pp.     bid for the highest positioned text ad;

qq.     bid for the second highest positioned text ad, or if fewer than two text ads were shown, the bid for the second highest ranked eligible text ad;

rr.     bid for the third highest positioned text ad, or if fewer than three text ads were shown, the bid for the third highest ranked eligible text ad;

ss.     bid for the fourth highest positioned text ad, or if fewer than four text ads were shown, the bid for the fourth highest ranked eligible text ad;

tt.     bid for the fifth highest positioned text ad, or if fewer than four text ads were shown, the bid for the fifth highest ranked eligible text ad;

uu.     total value of the bids for all text ads;

vv.     quality-adjusted bid (ranking score) for the highest positioned text ad,

ww.      quality-adjusted bid (ranking score) for the second highest positioned text ad, or if fewer than two text ads were shown, the quality-adjusted bid for the second highest ranked eligible text ad;

xx.     quality-adjusted bid (ranking score) for the third highest positioned text ad, or if fewer than three text ads were shown, the quality-adjusted bid for the third highest ranked eligible text ad;

yy.     quality-adjusted bid (ranking score) for the fourth highest positioned text ad, or if fewer than four text ads were shown, the quality-adjusted bid for the fourth highest ranked eligible text ad;

zz.     quality-adjusted bid (ranking score) for the fifth highest positioned text ad, or if fewer than five text ads were shown, the quality-adjusted bid for the fifth highest ranked eligible text ad;

aaa.     predicted click-through-rate for the highest positioned text ad;

bbb.    predicted click-through-rate for the second highest positioned text ad;

ccc.    predicted click-through-rate for the third highest positioned text ad;

ddd.    predicted click-through-rate for the fourth highest positioned text ad;

eee.    predicted click-through-rate for the fifth highest positioned text ad;

fff.     unique advertiser ID for the highest positioned text ad;

ggg.    unique advertiser ID for the second highest positioned text ad;

hhh.    unique advertiser ID for the third highest positioned text ad;

iii.     unique advertiser ID for the fourth highest positioned text ad;

jjj.     unique advertiser ID for the fifth highest positioned text ad;

kkk.    ad extension format of the highest positioned text ad with indicators or variables for all relevant extensions;

lll.     ad extension format of the second highest positioned text ad with indicators or variables for all relevant extensions;

mmm. ad extension format of the third highest positioned text ad with indicators or variables for all relevant extensions;

nnn.    ad extension format of the fourth highest positioned text ad with indicators or variables for all relevant extensions;

ooo.   ad extension format of the fifth highest positioned text ad with indicators or
     variables for all relevant extensions;

ppp.   indicator (0 or 1) for if the highest positioned text ad was clicked;

qqq.   indicator (0 or 1) for if the second highest positioned text ad was clicked;

rrr.   indicator (0 or 1) for if the third highest positioned text ad was clicked;

sss.   indicator (0 or 1) for if the fourth highest positioned text ad was clicked;

ttt.   indicator (0 or 1) for if the fifth highest positioned text ad was clicked; and

uuu.   zip code for IP address of the search.

Note: For 2015, if the category of the search query is not available, please provide any other similar metric that is available such as query clusters. Also, please provide (1) definitions of how commercial and navigational queries are defined in the ordinary course, and (2) a description of how text ad positioning is defined in the presence of right-hand side text ads.


**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Google objects to the requests for unhashed (i.e., unencrypted) data in subparts (d) and

(ff)-(kk) as calling for Google to produce information the disclosure of which violates the Stored

Communications Act, 18 U.S.C. § 2703. Google is willing to provide the information requested

in subparts (d) and (ff)-(kk) in encrypted form. Google is also willing to meet and confer with

Plaintiffs regarding providing the information requested in subparts (d) and (ff)-(kk) in

unencrypted form provided the queries meet aggregation thresholds such that individual users

and content could not be identified.

Google objects to request subpart (e) (asking Google to code searches as navigational or

not), as vague and ambiguous because whether a search was "navigational" is subjective. For the

purposes of responding to this RFP, Google will code as "navigational" a search query that meets

criteria Google has used previously for this purpose.

Google objects to request subpart (f) (asking Google to code searches as commercial or

not), as vague and ambiguous because the question of whether a search was "commercial" is

subjective. For the purposes of responding to this RFP, Google will code as "commercial" a

search query that contains any advertisements in the results.

Google objects to request subparts (fff) though (jjj) as vague and ambiguous and unduly

burdensome in its request for a "unique advertiser ID" to the extent it purports to ask Google to

attribute IDs to advertisers. Google will respond to these requests by providing responsive

customer IDs.

With respect to request subpart (uuu), Google objects to the production of zip code level

data because it could identify individual users. Google will meet and confer regarding the

relevance, proportionality, and lawfulness of this request, if any.

Google objects to the requests for definitions and descriptions in the note at the end of the

request for production as inappropriate under Federal Rule of Civil Procedure 34, as they are

requests for narrative explanations and not requests for documents or data. Nonetheless, Google

has explained how it has defined commercial queries for the purposes of its response to this

Request and will explain the criteria it uses to identify navigational queries.

Subject to and without waiving its objections, Google will produce responsive data that

Google maintains in the ordinary course of business. Google estimates that this production of

data will be substantially complete by the week of Feb. 22, 2021 subject to any changes required

by further meet and confer. Four of the requested data fields are stored in separate log files that

will be separately collected and produced; Google estimates that production of these four fields

will be substantially complete by the week of March 22, 2021.

Dated: February 4, 2021

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

*s/ John E. Schmidtlein*
John E. Schmidtlein
Benjamin M. Greenblum
725 12th Street, NW
Washington, DC 20005
Tel.: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

Susan A. Creighton
Franklin M. Rubinstein
1700 K Street, NW
Washington, DC 20006
Tel.: 202-973-8855
screighton@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP

Mark S. Popofsky
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.: 202-508-4624
Mark.Popofsky@ropesgray.com

*Counsel for Defendant Google LLC*

8

## CERTIFICATE OF SERVICE

I, Franklin M. Rubinstein, hereby certify that on this 4th day of February, 2021, pursuant to the Parties' agreement with respect to email service and the Case Management Order, I caused a true and correct copy of the foregoing to be served on Counsel for Plaintiffs, using the list of email recipients below:

Kenneth.Dintzer2@usdoj.gov
Jesus.Alvarado-Rivera@usdoj.gov
Elizabeth.Jensen@usdoj.gov
Johnathan.Carter@arkansasag.gov
Ryan.McCauley@doj.ca.gov
Adam.Miller@doj.ca.gov
Scott.Palmer@myfloridalegal.com
dcecka@law.georgia.gov
Scott.Barnhart@atg.in.gov
Justind.Clark@ky.gov
Deblieuxs@ag.louisiana.gov
NaoumW1@Michigan.gov
Kimberley.Biagioli@ago.mo.gov
Hart.Martin@ago.ms.gov
mmattioli@mt.gov
mfjowers@scag.gov
rhartner@scag.gov
kim.vanwinkle@oag.texas.gov
bret.fulkerson@oag.texas.gov
kelsey.paine@oag.texas.gov
Gwendolyn.cooley@wisconsin.gov
jon.sallet@coag.gov
diane.hazel@coag.gov
steve.kaufmann@coag.gov
abigail.smith@coag.gov
joseph.conrad@nebraska.gov
dana.vogel@azag.gov
Max.Miller@ag.Iowa.gov
john.castiglione@ag.ny.gov
morgan.feder@ag.ny.gov
elinor.hoffmann@ag.ny.gov

Jmarx@Ncdoj.Gov
jsutton2@ncdoj.gov
chris.dunbar@ag.tn.gov
david.mcdowell@ag.tn.gov
jenna.pascale@ag.tn.gov
tpincock@agutah.gov
jeff.pickett@alaska.gov
nicole.demers@ct.gov
michael.undorf@delaware.gov
elizabeth.arthur@dc.gov
david.brunfeld@dc.gov
bpaholke@oagguam.org
rodney.i.kimura@hawaii.gov
brett.delange@ag.idaho.gov
eshencopp@atg.state.il.us
lynette.bakker@ag.ks.gov
christina.moylan@maine.gov
ghonick@oag.state.md.us
Matthew.Frank@mass.gov
William.Matlack@mass.gov
Michael.Mackenzie@mass.gov
justin.moor@ag.state.mn.us
mwmartin@ag.nv.gov
mnewman@ag.nv.gov
ltucker@ag.nv.gov
brandon.h.garod@doj.nh.gov
robert.holup@law.njoag.gov
mswanson@nmag.gov
ckhoury@nmag.gov
ealm@nd.gov
beth.finnerty@ohioattorneygeneral.gov
mark.kittel@ohioattorneygeneral.gov
jennifer.pratt@ohioattorneygeneral.gov
caleb.smith@oag.ok.gov
cheryl.hiemstra@doj.state.or.us
jbetsko@attorneygeneral.gov
jorosa@justicia.pr.gov
dmarzilli@riag.ri.gov
yvette.lafrentz@state.sd.us
ryan.kriger@vermont.gov

soallen@oag.state.va.us
thenry@oag.state.va.us
amy.hanson@atg.wa.gov
doug.davis@wvago.gov
tanya.l.godfrey@wvago.gov
ben.burningham@wyo.gov
amy.pauli@wyo.gov

                                        _s/ Franklin M. Rubinstein_
                                        Franklin M. Rubinstein