# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

United States of America, *et al.*,

                  Plaintiffs,

v.

Google LLC,

                  Defendant.

Case No. 1:20-cv-03010-APM

HON. AMIT P. MEHTA

State of Colorado, *et al.*,

                  Plaintiffs,

v.

Google LLC,

                  Defendant.

Case No. 1:20-cv-03715-APM

HON. AMIT P. MEHTA

## GOOGLE LLC'S RESPONSES AND OBJECTIONS TO
## <u>PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

Pursuant to Rules 26 and 34 of the Federal Rules of the Civil Procedure, Google LLC ("Google") hereby submits these responses and objections to Plaintiffs' Second Requests for Production ("RFP") of Documents to Google LLC, dated January 11, 2021.

Google will begin rolling productions of responsive documents the week of February 22, 2021. Unless otherwise stated in a specific response, Google anticipates that it will substantially

complete its production of responsive documents, consistent with Google's responses and objections below, by the end of May, 2021.

## OBJECTIONS TO DEFINITIONS

1.  Google objects to the definition of "the Company" and "Google," which includes Google LLC, "its domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing" with the further definition of "parent," "subsidiary," "affiliate," and "joint venture" to include any person in which there is total or partial ownership of 25% or more, as overly broad.  Google responds to this RFP on behalf of Google, and will search for documents within Google's possession, custody, or control.

2.  Google objects to the definitions of "alternative assistant," "alternative search application," "alternative search engine," "general search service," "Google Android," "local ad," "search ad," "specialized search ad," "specialized search engine," "vertical search," and all other definitions to the extent they implicitly or explicitly incorporate factual or legal conclusions.  By responding to this RFP, Google is not adopting or agreeing to any of Plaintiffs' factual or legal positions.

**RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Produce all documents discussing (a) the lawsuit, or (b) the investigation in to the allegation in the lawsuit, including:

a. Internal communications; and

b. Communications between the company (including its outside counsel) and any non-party (including the non-party's counsel) identified in Plaintiffs' initial disclosures or likely to have discoverable information regarding Google's defenses. For the avoidance of doubt, such communications include draft and executed declarations and affidavits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:[1]**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google to search for documents that are likely to be privileged and that would be of limited relevance, if any.  Google further objects to this Request to the extent it purports to require Google to search for or produce documents that it need not preserve or log under the ESI Stipulation (Dkt. 86) and Case Management Order (Dkt. 108).

Subject to and without waiving its objections, Google will not perform a separate search for documents responsive to this Request.  However, Google will not withhold from production documents responsive to this Request that are located pursuant to its search efforts in response to Plaintiffs' seventy-six other document requests and, thus, will produce non-privileged responsive documents located after its other, reasonable, search efforts.  Google is willing to meet and confer with Plaintiffs regarding this Request.

---

[1] Plaintiffs' second set of Requests for Production begins with Request No. 1, although that request is the third Request for Production served by Plaintiffs.  Google will retain Plaintiffs' numbering system here.

**REQUEST FOR PRODUCTION NO. 2:**

From January 1, 2002, to the present, produce all documents addressing or discussing:

a.  Google's market share of the general search market, including those documents addressing or discussing third party estimates or analysis of Google's market share of that market; and

b.  Google's market share of the search advertising or digital advertising markets, including those documents addressing or discussing third party estimates or analysis of Google's market share of those markets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google, without any limitations, to search for "all documents" that discuss Google's alleged market share in broad subject areas.  In light of Google's prior, extensive, search for and production of over 2.1 million documents to Plaintiffs, a request for all such documents back to 2002 also is not proportional to the needs of the case.

Subject to and without waiving its objections, Google will produce non-privileged responsive documents from 2010 to the present that are located after a reasonable search using custodians and search terms, to the extent not already produced.  Google will not re-review documents that it previously reviewed for its response to the U.S. Department of Justice's ("DOJ's") extensive Civil Investigative Demand No. 30120.  Google is willing to meet and confer with Plaintiffs regarding the remainder of the Request.

**REQUEST FOR PRODUCTION NO. 3:**

From January 1, 2002, to the present, produce all minutes, recordings, summaries, or reports of meetings, whether formal or informal, of your company's (and each of its divisions' or subsidiaries') board of directors (including committees or subgroups), addressing or discussing:

a.  Search distribution;

b.  Competition, competitors, strategy, or market analyses in search advertising; or

c.  Competition, competitors, strategy, or market analyses in digital advertising.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.  This Request is overly broad and unduly burdensome because it purports to require Google to search for all "informal" board meeting "minutes, recordings, summaries, or reports" pertaining to broad topics covering much of Google's search and advertising businesses.  In light of Google's prior, extensive, search for and production of over 2.1 million documents to Plaintiffs, a request for all such documents back to 2002 also is not proportional to the needs of the case.

Subject to and without waiving its objections, Google will produce one copy of non-privileged responsive minutes, recordings, and formal reports of meetings of Google's board of directors (including committees or subgroups) from 2010 to the present, to the extent not already produced.  Google is willing to meet and confer with Plaintiffs regarding the remainder of the Request.

**REQUEST FOR PRODUCTION NO. 4:**

From January 1, 2002, to the present, produce all documents addressing or discussing barriers to entry or expansion in general search services, general search text advertising, or search advertising, including documents addressing or discussing:

a.  The possible entry of Apple, or any other third party, into general search services (including the development or potential development of search engines), general search text advertising, or search advertising;

b.  Efforts by Apple, or any other third party, to crawl the web or otherwise index websites; and

c.  The possible entry of specialized search services into general search services, general search text advertising, or search advertising.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.  The Request is overly broad and unduly burdensome because it purports to require Google, without any limitations, to search for "all documents" that discuss barriers to entry or expansion relating to much of Google's business, and because Plaintiffs' definition of "barriers to entry" is expansive.  Moreover, in light of Google's prior, extensive, search for and production of over 2.1 million documents to Plaintiffs, a request for all such documents back to 2002 also is not proportional to the needs of the case.

Subject to and without waiving its objections, Google will produce non-privileged documents responsive to subparts 4(a), 4(b), and 4(c) from 2014 to the present that are located after a reasonable search using custodians and search terms, to the extent not already produced.  Google will not re-review documents that it previously reviewed for its response to DOJ's extensive Civil Investigative Demand No. 30120.  Google is willing to meet and confer with Plaintiffs regarding the remainder of the Request.

**REQUEST FOR PRODUCTION NO. 5:**

From January 1, 2005, to the present, produce all documents addressing or discussing:

a. The quality of Google's general search engine (including changes to quality over time);

b. The quality of other alternative search engines, including Bing and DuckDuckGo (including changes to quality over time);

c. Comparisons between Google's search engine and alternative search engines, including for factors such as ease of use, speed, relevance of results, the protection, safety, and security of consumers' identities and information, and consumers' control over tracking and advertising (e.g., providing "ad blocking");

d. The relative brand strength or weakness of general search engines or services;

e. Competition among search engines; and

    f.   Any investments, actions, or changes Google made to its search engine in response to alternative search engines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.  The Request is overly broad and unduly burdensome because it purports to require Google, without any limitations, to search for "all documents" that discuss the "quality" of Google's search engine, and competition in search, which are extremely broad topics that encompass much of Google's business.

Subject to and without waiving its objections, Google will produce non-privileged documents responsive to this Request that are located after a reasonable search using custodians and search terms, to the extent not already produced.  Google will not re-review documents that it previously reviewed for its response to DOJ's extensive Civil Investigative Demand No. 30120.  Google is willing to meet and confer with Plaintiffs regarding the remainder of this Request.

**REQUEST FOR PRODUCTION NO. 6:**

From January 1, 2000, to the present, produce all documents addressing or discussing Google's general search engine functionality as compared to search engines on social media sites (such as Facebook), retail marketplaces (such as Amazon), and specialized search engines, and addressing or discussing changes made to Google's general search engine based on any findings of such comparative analysis.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.  This Request is overly broad and unduly burdensome because it purports to require Google, without any limitations, to search for "all documents" discussing broad topics such as search engine functionality and competition.  In light of Google's prior,

extensive, search for and production of over 2.1 million documents to Plaintiffs, a request for all such documents also is not proportional to the needs of the case.

Subject to and without waiving its objections, Google will produce non-privileged documents responsive to this Request from 2002 to the present that are located after a reasonable search using custodians and search terms, to the extent not already produced.  Google will not re-review documents that it previously reviewed for its response to DOJ's extensive Civil Investigative Demand No. 30120.  Google is willing to meet and confer with Plaintiffs regarding the remainder of the Request.

## REQUEST FOR PRODUCTION NO. 7:

From January 1, 2005, to the present, produce all documents addressing or discussing:

a.  User preferences regarding privacy protections and advertisements with regard to general search services;

b.  Google's requests for, or receipt of, consumer or third party data as part of Google's provision of general search services;

c.  The use of technology to limit or block ads provided by Google's search engine, and Google's efforts to avoid or defeat these efforts, including agreements with companies that develop and sell ad-blocking technology; and

d.  Google's competitive response to the privacy innovations of alternative search engines.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.  This Request is overly broad and unduly burdensome because it purports to require Google, without any limitations, to search for "all documents" discussing broad topics such as search data collection, privacy, and competition regarding the same.  In light of Google's prior, extensive, search for and production of over 2.1 million documents to

Plaintiffs, a request for all such documents back to 2005 also is not proportional to the needs of the case.

Google also objects to the phrase "third-party data" in subpart 7(b) as vague and ambiguous and not proportional to the needs of the case to the extent it would include within the Request Google's receipt of, e.g., third-party data feeds.  Google will interpret subpart 7(b) to relate to Google's receipt of user data.

Subject to and without waiving its objections, Google will produce non-privileged documents responsive to subparts 7(a), 7(c), and 7(d) from 2014 to the present that are located after a reasonable search using custodians and search terms, to the extent not already produced. With respect to subpart 7(b), Google will produce its Terms of Service that govern Google's receipt of user data in connection with Google Search, from 2014 to the present.  Google will not re-review documents that it previously reviewed for its response to DOJ's extensive Civil Investigative Demand No. 30120.   Google is willing to meet and confer with Plaintiffs regarding the remainder of the Request.

**REQUEST FOR PRODUCTION NO. 8:**

From January 1, 2005, to the present, produce all documents addressing or discussing the impact of data or scale on the quality of search or search advertising products or services, including the use of data to improve search or search advertising products or services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.  This Request is overly broad and unduly burdensome because it purports to require Google, without any limitations, to search for "all documents" discussing broad topics such as the relationship between data and scale to Google's search and advertising

9

products.  In light of Google's prior, extensive, search for and production of over 2.1 million documents to Plaintiffs, a request for all such documents back to 2005 also is not proportional to the needs of the case.

Subject to and without waiving its objections, Google will produce non-privileged documents responsive to this Request that discuss the impact of the volume of user query and click data on the quality of search or search advertising products or services from 2014 to the present that are located after a reasonable search using custodians and search terms, to the extent not already produced.  Google will not re-review documents that it previously reviewed for its response to DOJ's extensive Civil Investigative Demand No. 30120.  Google is willing to meet and confer with Plaintiffs regarding the remainder of the Request.

**REQUEST FOR PRODUCTION NO. 9:**

From January 1, 2005, to the present, produce all documents addressing or discussing exclusive agreements with web hosting companies or publishers to crawl their websites, or otherwise gain access to information displayed on their websites.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.  This Request is overly broad and unduly burdensome because it purports to require Google, without any limitations, to search for "all documents" discussing or addressing "exclusive" agreements relating to web crawling.

Subject to and without waiving its objections, Google will produce copies of responsive agreements from 2005 to the present to the extent Google has entered into and maintains such agreements.  Google will also not withhold from production documents responsive to this Request, to the extent they exist, that are located pursuant to its search efforts in response to

other Requests and, thus, will produce responsive documents located after its other, reasonable,

search efforts.  Google is willing to meet and confer with Plaintiffs regarding the remainder of

the Request.

## REQUEST FOR PRODUCTION NO. 10:

From January 1, 2005, to the present, produce documents sufficient to show the relative number or share of general search queries performed through each type of search access point.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Google objects to this Request as unduly burdensome because it purports to require

Google to search for documents from 2005 to the present relating to search query data when such

information can more easily be obtained through a targeted data request.

Subject to and without waiving its objections, Google will produce data responsive to

this Request to the extent that Google maintains the data and it has not already been produced.

Google is willing to meet and confer with Plaintiffs regarding the parameters of this Request.

## REQUEST FOR PRODUCTION NO. 11:

From January 1, 2007, to the present, produce all documents or data relating to:

a.  Whether mobile users can delete preloaded search access points, change preloaded default settings on search access points, or add new search access points;

b.  How often mobile users change:

    i.    The preset default search engine on preloaded browsers;

    ii.   The preset default search engine on preloaded search widgets;

    iii.  The preset default search engine on preloaded voice assistants; and

c.  Desktop or mobile user propensity to use, avoid using, change, or delete preloaded or default search access points or search engines.

11

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Google objects to this Request as overly broad and unduly burdensome because it purports to require Google, without any limitations, to search for "all documents or data" relating to broad topics such as search preloading and defaults.

Subject to and without waiving its objections, Google will produce non-privileged documents responsive to this Request that are located after a reasonable search using custodians and search terms, to the extent not already produced.  Google will not re-review documents that it previously reviewed for its response to DOJ's extensive Civil Investigative Demand No. 30120.  Google is willing to meet and confer with Plaintiffs regarding the remainder of this Request.

**REQUEST FOR PRODUCTION NO. 12:**

From January 1, 2005, to the present, produce all documents addressing or discussing:

a. Google's strategy related to the development of the Chrome browser;

b. The effect of the United States v. Microsoft consent decree on the success of Chrome;

c. The quality of Chrome browser and any comparisons to alternative web browsers, including for factors such as ease of use, speed, relevance of results, the protection, safety, and security of consumers' identities and information, and consumers' control over tracking and advertising (e.g., providing "ad blocking");

d. Any studies, surveys, or analyses conducted on browser usage and switching between browsers (including any underlying data); and

e. The effect of the European Union's 2010 Microsoft browser choice screen remedy on Chrome usage or adoption in the European Union.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.  This Request is overly broad and unduly burdensome because it purports to require Google, without any limitations, to search for "all documents" discussing

broad topics such as browser quality and Google's Chrome strategy.  In light of Google's prior, extensive, search for and production of over 2.1 million documents to Plaintiffs, a request for all such documents back to 2005 also is not proportional to the needs of the case.  Google further objects to subparts 12(b) and 12(e) as unduly burdensome and not proportional to the needs of the case because they purport to require Google to search for documents that are likely to be privileged.

Subject to and without waiving its objections, Google will produce non-privileged documents responsive to subpart 12(a) that discuss Google's business strategy related to the development of Chrome that are located after a reasonable search using custodians and search terms, to the extent not already produced.  Subject to and without waiving its objections, Google will also produce non-privileged documents responsive to subparts 12(c) and 12(d) from 2010 to the present that are located after a reasonable search using custodians and search terms, to the extent not already produced.  Google will not re-review documents that it previously reviewed for its response to DOJ's extensive Civil Investigative Demand No. 30120.

Google will not perform a separate search for documents responsive to subparts 12(b) and 12(e) as Google is already producing data relevant to these subparts.  However, Google will not withhold from production documents responsive to these subparts that are located pursuant to its search efforts in response to other Requests and, thus, will produce responsive documents located after its other, reasonable, search efforts.  Google is willing to meet and confer with Plaintiffs regarding the remainder of this Request.

**REQUEST FOR PRODUCTION NO. 13:**

From January 1, 2008, to the present, produce all documents addressing or discussing the setting of Chrome's default search feature, including the number or percentage of devices with Google, Bing, Yahoo, DuckDuckGo, or any other general search service set as the default in Chrome at particular points in time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Google objects to this Request as overly broad and unduly burdensome because it

purports to require Google, without any limitations, to search for "all documents" addressing or

discussing Chrome's search default, which is an extremely broad topic.

Subject to and without waiving its objections, Google will produce non-privileged

documents responsive to this Request that are located after a reasonable search using custodians

and search terms, to the extent not already produced.  Google will also produce data responsive

to this Request to the extent Google maintains it.  Google will not re-review documents that it

previously reviewed for its response to DOJ's extensive Civil Investigative Demand No. 30120.

Google is willing to meet and confer with Plaintiffs regarding the remainder of this Request.

**REQUEST FOR PRODUCTION NO. 14:**

From January 1, 2008, to the present, produce all documents or data addressing or discussing the frequency with which Chrome browser users (1) enter search queries into the monobar (or "address bar"), and (2) navigate to a search engine before entering a search query.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Google objects to this Request as unduly burdensome and not proportional to the needs of

the case.  This Request is unduly burdensome because it purports to require Google, without any

limitations, to search for "all documents" addressing or discussing specific user interactions with

the Chrome browser, which would require an extremely broad search for documents on a

relatively discrete topic.  In light of Google's prior, extensive, search for and production of over

2.1 million documents to Plaintiffs, a request for all such documents back to 2008 also is not proportional to the needs of the case.

Subject to and without waiving its objections, Google will produce non-privileged documents responsive to this Request from 2010 to the present that are located after a reasonable search using custodians and search terms, to the extent not already produced.  Google will not re-review documents that it previously reviewed for its response to DOJ's extensive Civil Investigative Demand No. 30120.  Google is willing to meet and confer with Plaintiffs regarding the remainder of the Request.

**REQUEST FOR PRODUCTION NO. 15:**

From January 1, 2008, to the present, produce documents sufficient to show the number of Google toolbar installations by year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Google objects to this Request as unduly burdensome because it purports to require Google to search for documents from 2008 to the present relating to Google toolbar installation data when such information can more easily be obtained through a targeted data request.

Subject to and without waiving its objections, Google will produce data sufficient to show the number of Google toolbar installations by year from 2008 to the present, to the extent maintained by Google.  Google is willing to meet and confer with Plaintiffs regarding the remainder of the Request.

**REQUEST FOR PRODUCTION NO. 16:**

From January 1, 2007, to the present, produce all documents addressing or discussing the impact, value, or desirability of application preinstallation, application placement, or preset defaults on devices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Google objects to this Request as overly broad and unduly burdensome because it purports to require Google, without any limitations, to search for "all documents" addressing or discussing broad topics such as the value of application preinstallation, placement, and defaults.

Subject to and without waiving its objections, Google will produce non-privileged documents responsive to this Request that are located after a reasonable search using custodians and search terms, to the extent not already produced.  Google will not re-review documents that it previously reviewed for its response to DOJ's extensive Civil Investigative Demand No. 30120.  Google is willing to meet and confer with Plaintiffs regarding the remainder of the Request.

**REQUEST FOR PRODUCTION NO. 17:**

From January 1, 2007, to the present, produce all documents addressing or discussing how Google's payments to third parties have affected, or are intended to affect, device prices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.  This Request is overly broad and unduly burdensome because it purports to require Google, without any limitations, to search for "all documents" addressing or discussing how *any* payments made by Google to third parties affect device prices.  In light of Google's prior, extensive, search for and production of over 2.1 million documents to Plaintiffs, a request for all such documents back to 2007 also is not proportional to the needs of the case.

Subject to and without waiving its objections, Google will produce non-privileged documents from 2010 to the present that show how payments under RSAs have affected device prices, or how Google intends those payments to affect device prices, that are located after a

reasonable search using custodians and search terms, to the extent not already produced.  Google

will not re-review documents that it previously reviewed for its response to DOJ's extensive

Civil Investigative Demand No. 30120.  Google is willing to meet and confer with Plaintiffs

regarding the remainder of the Request.

**REQUEST FOR PRODUCTION NO. 18:**

From January 1, 2007, to the present, produce all documents addressing or discussing the efficacy of different channels for advertising, promoting, or distributing search engines, including documents comparing or contrasting different channels.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional

to the needs of the case.  This Request is overly broad and unduly burdensome because it

purports to require Google, without any limitations, to search for "all documents" addressing or

discussing differences between search distribution channels, which is an extremely broad topic.

In light of Google's prior, extensive, search for and production of over 2.1 million documents to

Plaintiffs, a request for all such documents back to 2007 also is not proportional to the needs of

the case.

Subject to and without waiving its objections, Google will produce non-privileged

documents responsive to this Request from 2010 to the present that are located after a reasonable

search using custodians and search terms, to the extent not already produced.  Google will not re-

review documents that it previously reviewed for its response to DOJ's extensive Civil

Investigative Demand No. 30120.  Google is willing to meet and confer with Plaintiffs regarding

the remainder of the Request.

**REQUEST FOR PRODUCTION NO. 19:**

From January 1, 2002, to the present, produce all communications between Google and Apple relating to Google's search partnerships with Apple, including partnerships in general search and map-based searches.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Google objects to this Request as unduly burdensome because it purports to require a

Company-wide search for "all communications" between Google and Apple relating to the

companies' search partnerships.

Subject to and without waiving its objections, Google will produce non-privileged

documents responsive to this Request that are located after a reasonable search using custodians

and search terms, to the extent not already produced.  Google will not re-review documents that

it previously reviewed for its response to DOJ's extensive Civil Investigative Demand No.

30120.  Google is willing to meet and confer with Plaintiffs regarding the remainder of the

Request.

**REQUEST FOR PRODUCTION NO. 20:**

From January 1, 2004, to the present, produce all documents addressing or discussing:

a.  Any agreements and payments between Google and any third party, including Apple, regarding the provision of map-based searches; and

b.  The functionality or usage of general search services as compared to map-based search services (such as Google Maps, Waze, Apple Maps, and Bing Maps), local search services (such as Yelp), or any other specialized search service.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional

to the needs of the case.  This Request is overly broad and unduly burdensome because it

purports to require Google, without any limitations, to search for "all documents" addressing or

discussing broad categories and topics such as *any* Google agreement regarding map searches,

and the generally functionality and usage of various search services.  In light of Google's prior, extensive, search for and production of over 2.1 million documents to Plaintiffs, a request for all such documents back to 2004 also is not proportional to the needs of the case.

Subject to and without waiving its objections, Google will produce non-privileged documents responsive to subpart 20(a) that are sufficient to show Google agreements regarding the provision of map-based searches from 2010 to the present.  Subject to and without waiving its objections, Google will also produce non-privileged documents responsive to subpart 20(b) from 2010 to the present that are located after a reasonable search using custodians and search terms, to the extent not already produced.  Google will not re-review documents that it previously reviewed for its response to DOJ's extensive Civil Investigative Demand No. 30120. Google is willing to meet and confer with Plaintiffs regarding the remainder of the Request.

**REQUEST FOR PRODUCTION NO. 21:**

From January 1, 2007, to the present, produce all documents addressing or discussing:

a.   Competition between Google's Android OS and Apple's iOS operating systems;

b.   Consumer switching behavior between Android and iOS on mobile devices;

c.   Competition between Apple Maps and Google Maps/Waze; and

d.   Consumer switching behavior between Apple Maps and Google Maps/Waze.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.  This Request is overly broad and unduly burdensome because it purports to require Google, without any limitations, to search for "all documents" discussing competition or switching between mobile operating systems and between maps applications.  In light of Google's prior, extensive, search for and production of over 2.1 million documents to

Plaintiffs, a request for all such documents back to 2007 also is not proportional to the needs of

the case.  Google further objects to the phrase "consumer switching behavior between Android

and iOS on mobile devices" as vague because consumers cannot switch between Android and

iOS on a mobile device.  Google interprets this Request to relate to consumers switching

between Android-compatible devices and iOS-compatible devices.

Subject to and without waiving its objections, Google will produce non-privileged

documents responsive to subparts 21(a), (b) and (d) that are located after a reasonable search

using custodians and search terms, to the extent not already produced.  Google will not re-review

documents that it previously reviewed for its response to DOJ's extensive Civil Investigative

Demand No. 30120.

Subject to and without waiving its objections, Google will also produce non-privileged

documents responsive to subpart 21(c) from 2012 to the present because Apple Maps did not

launch until 2012.  Google will only produce documents responsive to subpart 21(c) that are

located after a reasonable search using custodians and search terms, to the extent not already

produced.  Google will not re-review documents that it previously reviewed for its response to

DOJ's extensive Civil Investigative Demand No. 30120.  Google is willing to meet and confer

with Plaintiffs regarding the remainder of the Request.

**REQUEST FOR PRODUCTION NO. 22:**

Produce all documents addressing or discussing John Giannandrea's departure from
Google.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google to search for documents that are not likely to be relevant to any party's claims or defenses.

Subject to and without waiving its objections, Google will not perform a separate search for documents responsive to this Request.  However, Google will not withhold from production non-privileged documents responsive to this Request that are located pursuant to its search efforts in response to other Requests and, thus, will produce responsive documents located after its other, reasonable, search efforts.  Google is willing to meet and confer with Plaintiffs regarding what, if any, other relevant documents it seeks by this Request.

**REQUEST FOR PRODUCTION NO. 23:**

From January 1, 2004, to December 31, 2007, produce all documents addressing or discussing Google's purchase of Android and Google's plans to license Android.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google, without any limitations, to search for "all documents" addressing Google's licensing of Android, which is a significant portion of Google's business.

Subject to and without waiving its objections, Google will produce non-privileged documents from 2004 to 2007 that discuss Google's business strategies or business reasons for purchasing Android and the business strategies or business reasons relating to Google's plans for licensing Android that are located after a reasonable search using custodians and search terms, to the extent not already produced.  Google will not re-review documents that it previously

21

reviewed for its response to DOJ's extensive Civil Investigative Demand No. 30120.  Google is

willing to meet and confer with Plaintiffs regarding the remainder of the Request.

**REQUEST FOR PRODUCTION NO. 24:**

  From January 1, 2007, to the present, produce all communications between Google and
the Open Handset Alliance (including individual members) addressing or discussing:

  a. The commitment to develop Android as an open platform;

  b. The availability of the Android Software Development Kit;

  c. The APIs available through the Android Open Source Project (including any
   changes to the APIs available); and

  d. The ability or inability of Open Handset Alliance members adopting Android to
   innovate and/or differentiate their products from one another.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

  Google objects to this Request as overly broad, unduly burdensome, and not proportional

to the needs of the case because it purports to require Google, without any limitations, to search

for "all communications" with the Open Handset Alliance on a variety of subjects, and such a

search would require Google to locate and review all communications, no matter the subject.

  Subject to and without waiving its objections, Google will produce non-privileged

documents responsive to this Request that are located after a reasonable search using custodians

and search terms, to the extent not already produced.  Google will not re-review documents that

it previously reviewed for its response to DOJ's extensive Civil Investigative Demand No.

30120.  Google is willing to meet and confer with Plaintiffs regarding the remainder of the

Request.

**REQUEST FOR PRODUCTION NO. 25:**

  From January 1, 2007, to the present, produce all documents addressing or discussing
the following agreements or licenses:

    a.   Android Compatibility Commitments (ACC)

    b.   Anti-Fragmentation Agreements (AFA)

    c.   Google Assistant Distribution Agreements (GADA)

    d.   Google Automotive Services (GAS)

    e.   Google Mobile Services (GMS)

    f.   Google Play Services (GPS)

    g.   Mobile Application Distribution Agreements (MADA)

    h.   Mobile Incentive Agreements (MIA)

    i.   Revenue Share Agreements (RSA)

For clarity, this includes:

    i.   The agreements themselves, exchanged drafts of the agreements, discussions of drafts, or improvements of the agreements;

    ii.   Communications with third parties about the agreements; and

    iii.   Documents addressing or discussing the agreements' purpose, effect, negotiation, implementation, operation, function, enforcement, requirements, restrictions, changes over time, revenue, cost, and value.

## **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google, without any limitations, to search for "all documents" discussing nine different categories of agreements. Google further objects to this Request to the extent it purports to require Google to search and review documents from sources that are likely to be privileged.

Subject to and without waiving its objections, Google will produce non-privileged documents responsive to this Request that are located after a reasonable search using custodians and search terms, to the extent not already produced. Google will not re-review documents that it previously reviewed for its response to DOJ's extensive Civil Investigative Demand No.

30120. Google is willing to meet and confer with Plaintiffs regarding the remainder of the

Request.

**REQUEST FOR PRODUCTION NO. 26:**

From January 1, 2007, to the present, for the agreements and licenses listed (a – i) in RFP 25, produce all documents addressing or discussing the company's review of such potential agreements and licenses for all regions (including outside the United States of America). By way of example and not limitation, such documents may be similar in form or substance to GOOG-DOJ-06456790.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Google incorporates its objections to Request No. 25.  Google further objects to this

Request to the extent it purports to require Google to search for and produce documents that do

not relate to the United States or to Plaintiffs' alleged markets.

Subject to and without waiving its objections, Google will produce non-privileged

documents responsive to this Request relating to agreements covering the United States

(including worldwide agreements) that are located after a reasonable search using custodians and

search terms, to the extent not already produced.  Google will not re-review documents that it

previously reviewed for its response to DOJ's extensive Civil Investigative Demand No. 30120.

Google is willing to meet and confer with Plaintiffs regarding the remainder of this Request,

including the relevance of agreements in specific foreign jurisdictions.

**REQUEST FOR PRODUCTION NO. 27:**

From January 1, 2007, to the present, produce each of Google's search revenue sharing agreements worldwide.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Google objects to this Request as overly broad and not proportional to the needs of the case because it purports to require Google to produce agreements that do not relate to the United States or Plaintiffs' alleged markets.

Subject to and without waiving its objections, Google will produce non-privileged documents responsive to this Request concerning the United States (including worldwide agreements), to the extent not already produced. Google is willing to meet and confer with Plaintiffs regarding the remainder of the Request.

**REQUEST FOR PRODUCTION NO. 28:**

From January 1, 2007, to the present, produce:

a.  All documents sent to or from search-rev-team@google.com;

b.  All documents addressing or discussing incremental revenue from search distribution deals; and

c.  All documents addressing or discussing Google's rationale for entering into RSAs, including those agreements' expected effects on search market share.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Google objects to subpart 28(a) of this request because it does not "describe with reasonable particularity" the requested materials (*see* Fed. R. Civ. P. 34(b)), as well as Fed. R. Civ. P. 26(b)), nor is it targeted to potentially relevant material. Google objects to subparts 28(b) and (c) as overly broad, unduly burdensome, and not proportional to the needs of the case because they purport to require Google, without any limitations, to search for "all documents" discussing a broad range of topics relating to search distribution, RSAs, and market share.

Subject to and without waiving its objections, Google will produce non-privileged documents responsive to subparts 28(b) and (c) of this Request that are located after a reasonable

search using custodians and search terms, to the extent not already produced.  Google will not re-review documents that it previously reviewed for its response to DOJ's extensive Civil Investigative Demand No. 30120.  Google is willing to meet and confer with Plaintiffs regarding the remainder of the Request.

## REQUEST FOR PRODUCTION NO. 29:

From January 1, 2007, to the present, produce all documents addressing or discussing:

a.  The requirement that manufacturers sign any Anti-Fragmentation Agreements or Mobile Application Distribution Agreements as a prerequisite to accessing Google Mobile Services or Google Play Services;

b.  Any requirement that, for devices running Google Android, third parties conform to specific user interface designs (e.g., conforming to the Material Design guidelines);

c.  Any requirement that, for devices running Google Android, third parties conform to specific hardware designs (including display requirements such as screen size, physical screen resolution, or logical screen resolution);

d.  Any requirement that, for devices running Google Android, third parties manufacture or ship devices running a particular OS version of Google Android (and related requirements including security patch provisions, bug fixes, and OS updatability);

e.  Any requirement that, for devices running Google Android, third parties participate or comply with certain initiatives, including Project Mainline or Project Treble;

f.  Any requirement that, for devices running Google Android, third parties conform to certain functionality requirements (e.g., camera characteristics, cellular and other forms connectivity, battery charging, biometric sensors, secure enclave processor speeds, device memory, or device storage capacity);

g.  The application of Google's Anti-Fragmentation Agreements, Android Compatibility Commitments, or similar agreements to non-mobile devices, including smart speakers, smart TVs, wearable devices, and automotive devices; and

h.  How Google's agreements with device manufacturers affect Google's counterparties' ability to distribute devices that run on operating systems other than Google Android.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google, without any limitations, to search for "all documents" discussing a broad range of topics.  Google further objects to subparts 29(b), (c), (d), and (f) as vague and seeking irrelevant material to the extent they seek for documents relating to requirements from sources other than Google (*e.g.*, third parties or industry standards).

Subject to and without waiving its objections, Google will produce non-privileged documents responsive to subparts 29(a), (e), and (h), from 2007 to the present, that are located after a reasonable search using custodians and search terms, to the extent not already produced. Google will not re-review documents that it previously reviewed for its response to DOJ's extensive Civil Investigative Demand No. 30120.

Subject to and without waiving its objections, Google will also produce non-privileged documents in response to subparts 29(b), (c), (d), and (f), showing OS, UI, functionality, or hardware design requirements imposed by Google, from 2007 to the present, that are located after a reasonable search using custodians and search terms, to the extent not already produced. Google will not re-review documents that it previously reviewed for its response to DOJ's extensive Civil Investigative Demand No. 30120.

With respect to subpart 29(g), Google incorporates its response to Request No. 25.

Google is willing to meet and confer with Plaintiffs regarding the remainder of the Request.

**REQUEST FOR PRODUCTION NO. 30:**

From January 1, 2007, to the present, produce all documents addressing or discussing:

a.  The effect of Google's compatibility tests, including the Compatibility Test Suite, Vendor Test Suite, and Google Mobile Services Test Suite on manufacturers' ability to distribute devices running Google Android or forked versions of Android;

b.  Changes to Google's compatibility tests, including the Compatibility Test Suite, Vendor Test Suite, and Google Mobile Services Test Suite;

c.  Google's decision to approve or deny the distribution of any devices that failed to meet the standards set out in the Android Compatibility Definition Document, the Compatibility Test Suite, Vendor Test Suite, or Google Mobile Services Test Suite;

d.  The effect of the Google's Anti-Fragmentation Agreements and Android Compatibility Commitments on the development of forked versions of Android; and

e.  How a forked version of Android would affect (i) the sale of mobile devices with Android, or (ii) the sale of non-mobile devices with Android.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google to search for "all documents" on a broad range of topics potentially encompassing most of Google's Android business.

Subject to and without waiving its objections, Google will produce non-privileged responsive documents that are located after a reasonable search using custodians and search terms, to the extent not already produced.  Google will not re-review documents that it previously reviewed for its response to DOJ's extensive Civil Investigative Demand No. 30120. Google is willing to meet and confer with Plaintiffs regarding the remainder of the Request.

**REQUEST FOR PRODUCTION NO. 31:**

From January 1, 2007, to the present, produce all documents relating to how forked versions of Android would or could affect Google's search and search advertising businesses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google, without any limitations, to search for "all documents" that relate in any way to the potential for a forked version of Android to affect Google's search or search advertising businesses.

Subject to and without waiving its objections, Google will produce non-privileged responsive documents that are located after a reasonable search using custodians and search terms, to the extent not already produced.  Google will not re-review documents that it previously reviewed for its response to DOJ's extensive Civil Investigative Demand No. 30120. Google is willing to meet and confer with Plaintiffs regarding the remainder of the Request.

**REQUEST FOR PRODUCTION NO. 32:**

From January 1, 2007, to the present, produce all documents addressing or discussing:

a. The value, importance, desirability, or effect of preinstalling Google Play on Android devices, including any effect failing to install Google Play would have on the commercial value or viability of devices;

b. Manufacturer, carrier, developer, or consumer demand for, or use of, the Google Play Store or any alternative app store;

c. What specific APIs are offered through Google Mobile Services or Google Play Services, and how those have changed over time;

d. Why the APIs offered through Google Mobile Services or Google Play Services in Android were not offered through the Android Open Source Project; and

e. The importance of access to Google Mobile Services and Google Play Services' APIs to manufacturers, carriers, developers, and consumers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google to search for "all documents"

discussing a broad range of topics and purports to require Google to search virtually all documents relating to Google Play.

Subject to and without waiving its objections, Google will produce non-privileged responsive documents that are located after a reasonable search using custodians and search terms, to the extent not already produced.  Google will not re-review documents that it previously reviewed for its response to DOJ's extensive Civil Investigative Demand No. 30120. Google is willing to meet and confer with Plaintiffs regarding the remainder of the Request.

**REQUEST FOR PRODUCTION NO. 33:**

From January 1, 2007, to the present, produce all documents addressing or discussing:

a.   Any agreement preventing a third party from preinstalling an application, or from distributing a device containing an application; and

b.   Any agreement preventing a third party from using any Google products or services on all or a defined subset of devices the third party manufactures or sells.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google, without any limitations, to search for "all documents" discussing alleged, unspecified agreements.

Subject to and without waiving its objections, Google will produce non-privileged responsive documents, from 2007 to the present, sufficient to show any agreements between Google and a third party device manufacturer or distributor, that prevent the third party from: (a) preinstalling a specific third-party application on devices sold in the United States; (b) distributing a device in the United States with a specific third-party application installed; or (c) using specific Google products or services on all or a defined subset of devices that the third

party sells, to the extent not already produced.  Google is willing to meet and confer with

Plaintiffs regarding the remainder of the Request.

### REQUEST FOR PRODUCTION NO. 34:

Produce all documents addressing or discussing:

a. Any considerations of or plans to develop or acquire specialized search services; and

b. The effect of Google's agreements with third parties on the success or failure of competing specialized search services.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

Google objects to this Request as overly broad, unduly burdensome, and not proportional

to the needs of the case.  This Request is overly broad and unduly burdensome because it

purports to require Google, without any limitations, to search for "all documents" that discuss

any consideration of potential "specialized search" acquisitions or the potential for any

agreement Google has with any third party to affect Google's "specialized search" competitors.

In light of Google's prior, extensive, search for and production of over 2.1 million documents to

Plaintiffs, a request for all such documents back to 2010 also is not proportional to the needs of

the case.

Subject to and without waiving its objections, Google will produce non-privileged

responsive documents from 2014 to the present that are located after a reasonable search using

custodians and search terms, to the extent not already produced. Google will not re-review

documents that it previously reviewed for its response to DOJ's extensive Civil Investigative

Demand No. 30120. Google is willing to meet and confer with Plaintiffs regarding the remainder

of the Request.

**REQUEST FOR PRODUCTION NO. 35:**

Produce all documents:

a. Comparing the relative qualities or desirability of Google Assistant and alternative assistants; and

b. Addressing or discussing required "hotwords" or dedicated hardware buttons used to activate Google Assistant or alternative assistants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.  This Request is overly broad and unduly burdensome because it purports to require Google, without any limitations, to search for "all documents" comparing assistants or discussing hotwords.  In light of Google's prior, extensive, search for and production of over 2.1 million documents to Plaintiffs, a request for all such documents back to 2010 also is not proportional to the needs of the case.  Google further objects to subpart 35(b) as overly broad and not proportional to the needs of the case because the Request on its face calls for documents that are not relevant to any party's claims or defenses, for example technical specifications.

Subject to and without waiving its objections, Google will produce non-privileged documents responsive to subpart 35(a), from 2016 to the present, that are located after a reasonable search using custodians and search terms, to the extent not already produced. Google will not re-review documents that it previously reviewed for its response to DOJ's extensive Civil Investigative Demand No. 30120.  Google is willing to meet and confer with Plaintiffs regarding the remainder of the Request.

**REQUEST FOR PRODUCTION NO. 36:**

Produce all documents addressing or discussing the distribution of Google Assistant or Google search services on IoT devices, including smart speakers, smart TVs, wearables, and automotive devices. For clarity, this includes:

a.  Google's product plans for IoT devices;

b.  Google's rationale for distributing IoT devices, or for partnering to distribute Google products such as Google Assistant on third parties' IoT devices;

c.  Google's decision to manufacture its own IoT devices, including devices that distribute Google Assistant;

d.  Google's strategy for controlling search access points on IoT devices;

e.  The advantages of preinstallation of Google Assistant on IoT devices; and

f.  Voice assistant concurrency and Google's lack of participation in the Voice Interoperability Initiative.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case. The Request is overly broad and unduly burdensome because it purports to require Google, without any limitations, to search for "all documents" relating to nearly any aspect of Google Assistant and search services on IoT devices. In light of Google's prior, extensive, search for and production of over 2.1 million documents to Plaintiffs, a request for all such documents back to 2010 also is not proportional to the needs of the case. Google objects to subpart 36(c) as requesting documents that are not relevant to any party's claims or defenses. Google objects to subpart 36(d) as vague in its use of the phrase "strategy for controlling." Google will interpret subpart 36(d) as requesting documents discussing Google's strategy with respect to search access points on IoT devices.

Subject to and without waiving its objections, Google will produce non-privileged documents responsive to subparts 36(a), (b), (d), (e), and (f) from 2014 to the present that are located after a reasonable search using custodians and search terms, to the extent not already

produced. Google will not re-review documents that it previously reviewed for its response to

DOJ's extensive Civil Investigative Demand No. 30120.  Google is willing to meet and confer

with Plaintiffs regarding the remainder of the Request.

### REQUEST FOR PRODUCTION NO. 37:

Produce documents sufficient to show:

a.  The number of Google employees that work on search;

b.  The number of Google employees that work on search ads;

c.  The number of Google employees working on search text ads;

d.  The number of Google employees working on both search and search ads; and

e.  Whether Google has a dedicated engineering team devoted to search ads, and the extent to which Google's search engineers and search ads engineers overlap.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

This Request is not appropriate under Fed. R. Civ. P. 34, as it purports to require Google

to search for documents "sufficient to show" the answers to specific questions that are unlikely

to be answered in readily identifiable documents.  Plaintiffs can obtain the information sought in

this "documents sufficient to show" Request through other, less burdensome, means.  Google is

willing to meet and confer with Plaintiffs regarding this Request.

### REQUEST FOR PRODUCTION NO. 38:

Produce documents showing the Google employees responsible for search advertising sales to the third parties listed on Plaintiffs' Rule 26 Initial Disclosure List dated November 20, 2020.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

Subject to and without waiving its objections, Google will produce non-privileged

documents sufficient to identify a point of contact for each third party listed in Plaintiffs' Rule

26 Initial Disclosure List that purchases search advertising from Google, if Google can locate

such documents after a reasonably diligent search. Google is willing to meet and confer with

Plaintiffs regarding this Request.

## **REQUEST FOR PRODUCTION NO. 39:**

Produce all documents addressing or discussing the similarities or differences between
forms of advertising, including search advertising, general search text advertising, display
advertising, social-media advertising, and any other forms of digital or non-digital advertising.

## **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional

to the needs of the case.  The Request is overly broad and unduly burdensome because it purports

to require Google, without any limitations, to search for "all documents" comparing any forms of

advertising. In light of Google's prior, extensive, search for and production of over 2.1 million

documents to Plaintiffs, a request for all such documents back to 2010 also is not proportional to

the needs of the case.

Subject to and without waiving its objections, Google will produce non-privileged

responsive documents, from 2014 to the present, that are located after a reasonable search using

custodians and search terms, to the extent not already produced. Google will not re-review

documents that it previously reviewed for its response to DOJ's extensive Civil Investigative

Demand No. 30120.  Google is willing to meet and confer with Plaintiffs regarding the

remainder of the Request.

## **REQUEST FOR PRODUCTION NO. 40:**

Produce documents showing the search keywords and queries that generated the highest
search advertising revenue (top 100) by month and the revenue generated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Google objects to this Request as unduly burdensome because it purports to require Google to search for documents from 2010 to the present relating to keyword and query data when such information can more easily be obtained through a targeted data request.

Subject to and without waiving its objections, Google will produce data responsive to this Request, for the years Google has such data available.  Google is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 41:**

Produce all documents addressing or discussing Google's search advertising monetization metrics including:

    a.   Revenue;

    b.   RPM;

    c.   Query volume;

    d.   Clicks;

    e.   Top CPC;

    f.   Top Ad CTR;

    g.   Top Coverage; and

    h.   Top Depth.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google, without any limitations, to search for "all documents" discussing any monetization metric, for whatever reason.

Subject to and without waiving its objections, Google is willing to meet and confer with Plaintiffs to discuss the relevance of this Request and narrowing it to an appropriate and less burdensome scope.

**REQUEST FOR PRODUCTION NO. 42:**

For Google's search advertising business, produce:

a.   Documents sufficient to show the top 250 most expensive keywords by year; and

b.   Documents sufficient to show the top 250 advertisers (by dollars spent) by year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Google objects to this Request as vague and ambiguous in its use of the phrase "most expensive" and the term "advertisers."  For the purposes of its responses, Google interprets "most expensive" to mean highest cost per click, and "advertisers" to mean "customer IDs." Google further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it requests the "top 250" whereas Plaintiffs previously requested data on the "top 50," and have not explained why 50 is insufficient.  Google further objects to this Request as unduly burdensome because it purports to require Google to search for "documents sufficient to show" data on keywords and customers when such information can more easily be obtained through a targeted data request.

Subject to and without waiving its objections, Google will produce responsive data showing the 50 keywords with the highest cost per click and the top 50 customers by dollars spent on search advertising, for the years that Google has such data available.  Google is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 43:**

Produce all documents addressing or discussing IS 4 (referenced in the CID deposition of Ben Gomes at pages 140-142), PQ (referenced in the CID deposition of Ben Gomes at page 141), IS 4 dashboards (referenced in the CID deposition of Ben Gomes at page 143), IS 1-3, or other metrics comparing Google to Bing or other general search engines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it requires Google, without any limitations, to search for "all documents" discussing any metrics comparing Google to Bing or other search engines.

Subject to and without waiving its objections, Google will produce non-privileged responsive documents that are located after a reasonable search using custodians and search terms, to the extent not already produced. Google will not re-review documents that it previously reviewed for its response to DOJ's extensive Civil Investigative Demand No. 30120.  Google is willing to meet and confer with Plaintiffs regarding the remainder of the Request.

**REQUEST FOR PRODUCTION NO. 44:**

Produce all documents describing Google's methodology in selecting which advertiser wins each search ad slot, including:

a.   All components of Google's search advertising auction and algorithms;

b.   The nature and effect of any changes or modifications thereto (including all reports describing the measures of any such inputs such as beta, or the quality cost of an ad used in the LTV auction scoring formula over time). By way of example and not limitation, some exemplar measurements can be found in GOOG-DOJ-10776576;

c.   Respond simulation tools, including AR-SIM; and

d.   Advertiser experiment framework, including advertiser experiments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.  This Request is overly broad and unduly burdensome because it

purports to require Google, without any limitations, to search for "all documents" describing broad categories relating to Google's search advertising auction.  In light of Google's prior, extensive, search for and production of over 2.1 million documents to Plaintiffs, a request for all such documents back to 2010 also is not proportional to the needs of the case.

Subject to and without waiving its objections, Google will produce non-privileged documents from 2014 to the present sufficient to show how Google's search advertising methodology works in response to subparts 44(a) and (c), to the extent not already produced. Subject to and without waiving its objections, Google will also produce non-privileged documents from 2014 to the present responsive to subparts 44(b) and (d) that are located after a reasonable search using custodians and search terms, to the extent not already produced. Google will not re-review documents that it previously reviewed for its response to DOJ's extensive Civil Investigative Demand No. 30120.  Google is willing to meet and confer with Plaintiffs regarding the remainder of the Request.

## REQUEST FOR PRODUCTION NO. 45:

Produce all documents addressing or discussing search advertising headroom and price indices, including:

a.  How Google calculates search advertising headroom and price indices;

b.  The role of customer data (including ROI or ROAS information) in calculating or capturing search advertising headroom and price indices;

c.  Any studies or analyses related to search advertising headroom and price indices; and

d.  Any documents discussing the impact of Google's search advertising auction or algorithms on search advertising headroom and price indices (including the impact of changes such as Holy Load, Holy Grail, and any change to the number or size of the search ads).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.  The Request is overly broad and unduly burdensome because it purports to require Google, without any limitations, to produce "all documents" describing broad topics such as search advertising headroom and price indices.  In light of Google's prior, extensive, search for and production of over 2.1 million documents to Plaintiffs, a request for all such documents back to 2010 also is not proportional to the needs of the case.

Subject to and without waiving its objections, Google will produce non-privileged documents from 2014 to the present sufficient to show how Google calculates search advertising headroom and price indices in response to subpart 45(a), to the extent not already produced. Subject to and without waiving its objections, Google will also produce non-privileged documents from 2014 to the present sufficient to show the role of customer data in calculating or capturing search advertising headroom and price indices in response to subpart 45(b), to the extent not already produced.  Subject to and without waiving its objections, Google will also produce non-privileged documents from 2014 to the present responsive to subparts 45(c) and (d) that are located after a reasonable search using custodians and search terms, to the extent not already produced.  Google will not re-review documents that it previously reviewed for its response to DOJ's extensive Civil Investigative Demand No. 30120.  Google is willing to meet and confer with Plaintiffs regarding the remainder of the Request.

**REQUEST FOR PRODUCTION NO. 46:**

Produce all documents comparing, contrasting, or analyzing search advertising pricing or competition in vertical search.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google, without any limitations, to search for "all documents" relating to broad topics such as search advertising pricing and competition.

Subject to and without waiving its objections, Google will produce non-privileged documents responsive to this Request that are located after a reasonable search using custodians and search terms, to the extent not already produced.  Google will not re-review documents that it previously reviewed for its response to DOJ's extensive Civil Investigative Demand No. 30120.  Google is willing to meet and confer with Plaintiffs regarding the remainder of the Request.

**REQUEST FOR PRODUCTION NO. 47:**

Produce all documents addressing or discussing complaints from advertisers relating to Google's pricing or quality of advertising.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.  This Request is overly broad and unduly burdensome because it purports to require Google, without any limitations, to produce "all documents" relating to any "complaint" regarding Google's advertising prices or quality.  Further, such a broad search is unlikely to lead to relevant material.  In light of Google's prior, extensive, search for and production of over 2.1 million documents to Plaintiffs, which likely included documents responsive to this Request, a new request for all such documents back to 2010 also is not proportional to the needs of the case. Further, Google objects to this Request as vague and ambiguous in its use of the term "complaints."

Subject to and without waiving its objections, Google will not perform a separate search for documents responsive to this Request.  However, Google will not withhold from production documents responsive to this Request that are located pursuant to its search efforts in response to Plaintiffs' seventy-six other Requests and, thus, will produce responsive documents located after its other, reasonable, search efforts. Google is willing to meet and confer with Plaintiffs regarding the burden of searching for additional new information other than what was previously produced in response to DOJ's extensive Civil Investigative Demand No. 30120 and what would be covered by Plaintiffs' seventy-six other Requests, and the relevance of any such information, if any.

**REQUEST FOR PRODUCTION NO. 48:**

Produce all documents provided to advertisers showing or explaining the advantages of using Google advertising platforms over Amazon or Facebook's platforms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google, without any limitations, to search for "all documents" provided to any advertiser relating to advertising competition between Google, Facebook, and Amazon.

Subject to and without waiving its objections, Google will produce non-privileged documents responsive to this Request that are located after a reasonable search using custodians and search terms, to the extent not already produced.  Google will not re-review documents that it previously reviewed for its response to DOJ's extensive Civil Investigative Demand No. 30120.  Google is willing to meet and confer with Plaintiffs regarding the remainder of the Request.

**REQUEST FOR PRODUCTION NO. 49:**

Produce all documents addressing or discussing Google introduction and use of product listing ads (PLAs) including:

a. Why Google introduced PLAs;

b. Whether Google worried about PLAs cannibalizing text ads; and

c. Any studies, analysis, or experiments relating to PLAs (including any comparisons to text ads).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google, without any limitations, to search for "all documents" discussing PLAs.

Subject to and without waiving its objections, Google will produce non-privileged documents responsive to this Request that are located after a reasonable search using custodians and search terms, to the extent not already produced.  Google will not re-review documents that it previously reviewed for its response to DOJ's extensive Civil Investigative Demand No. 30120.  Google is willing to meet and confer with Plaintiffs regarding the remainder of the Request.

**REQUEST FOR PRODUCTION NO. 50:**

Produce all documents relating to Google's behavioral economics group's analysis or discussion of defaults, keyword auctions, or application positioning.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Google objects to this Request as duplicative of other Requests, including Requests 11, 13, 16, 25, 28, 31, and 32. Google incorporates its objections and responses to those Requests.

Subject to and without waiving its objections, Google is willing to meet and confer with Plaintiffs to discuss this Request and determine what, if any, additional relevant documents Plaintiffs believe Google maintains that are responsive to this Request that are not duplicative of other Requests.

### REQUEST FOR PRODUCTION NO. 51:

Produce all documents created by Google's smartASS group addressing or discussing potential or executed launches.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google, without any limitations, to search for "all documents" created by the smartASS group addressing potential or executed launches. Google also objects to this Request to the extent it covers the same subject matter covered by Request 69.

Subject to and without waiving its objections, Google is willing to meet and confer with Plaintiffs to discuss the relevance and burden of this Request in light of Google's response to Request 69.

### REQUEST FOR PRODUCTION NO. 52:

Produce all documents, including all projections, forecasts, reports, studies, or analyses, relating to the impacts of the (1) 2015 Russian FAS Decision, and (2) 2017 European Union Android Decision, on Google's search and search advertising business. Documents responsive to this request should include documents sufficient to show Google's strategic responses, both actual and contemplated, to the aforementioned regulatory actions.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

Google objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google, without any limitations, to search

for "all documents" relating to the impacts of the 2015 Russian FAS Decision and 2017 European Union Android Decision on Google's search and search advertising business, many of which are likely privileged.

Subject to and without waiving its objections, Google will produce non-privileged responsive documents created after the 2015 Russian FAS Decision and 2017 European Union Android Decision, respectively ("Decisions") analyzing the impact those Decisions had on Google's search and search advertising business that are located after a reasonable search using custodians and search terms, to the extent not already produced.  Google will not re-review documents that it previously reviewed for its response to DOJ's extensive Civil Investigative Demand No. 30120.  Google is willing to meet and confer with Plaintiffs regarding the remainder of the Request.

**REQUEST FOR PRODUCTION NO. 53:**

Produce all communications with third parties regarding any form of cooperation in responding to antitrust investigations or litigation, including communications with Facebook regarding 'Jedi Blue.'

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Google objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google, without any limitations, to produce "all communications" with third parties regarding any form of cooperation in responding to antitrust investigations or litigations.  Any such communications would be of limited, if any, relevance and may be privileged.

Subject to and without waiving its objections, Google is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 54:**

Produce all documents addressing or discussing:

a. Changes, updates, or revisions to Google's blog pages on the topic of search quality or search distribution;

b. Changes, updates, or revisions to pages on ads.google.com discussing 'search campaigns,' 'shopping campaigns,' or 'display campaigns,' including but not limited to https://ads.google.com/home/resources/advanced/; and

c. Changes, updates, or revisions to Google's blog, website, or other promotional material in order to support Google's defenses or arguments against antitrust scrutiny.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Google objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google, without any limitations, to produce "all documents" addressing or discussing any changes, updates or revisions to Google's website materials covering a broad range of topics including search quality, search distribution, advertising, and antitrust.

Subject to and without waiving its objections, Google is willing to meet and confer with Plaintiffs to discuss reasonable narrowing of the Request to documents discussing specific Google website materials (*e.g.*, specific blog posts) of interest to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 55:**

Produce all documents addressing or discussing Google's funding of any think tank, foundation, organization, academic institution, or individual, including any funding of specific projects, academic papers, or articles.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google, without any limitations, to produce

"all documents" addressing or discussing Google's funding of any think tank, foundation,

organization, academic institution or individual, regardless of its relevance to this case.

Subject to and without waiving its objections, Google will produce by the end of fact

discovery documents that are sufficient to show funding by Google of (i) any research, academic

paper, articles or study not performed by Google or (ii) any individual not employed by Google

(other than retained experts) that Google intends to rely upon for its defense.  Google is willing

to meet and confer with Plaintiffs regarding the remainder of the Request.

**REQUEST FOR PRODUCTION NO. 56:**

Produce all documents relating to the following documents: GOOG-DOJ-04830531, GOOG-DOJ-04029024, and GOOG-DOJ-00987646.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Google objects to this Request as vague and ambiguous because Plaintiffs have not

specified with reasonable particularity the meaning or the scope of what documents are "related

to" documents GOOG-DOJ-04830531, GOOG-DOJ-04029024, and GOOG-DOJ-00987646.

Subject to and without waiving its objections, Google is willing to meet and confer with

Plaintiffs to discuss what, if any, relevant non-duplicative material Plaintiffs seek in this

Request.

**REQUEST FOR PRODUCTION NO. 57:**

Produce all recordings (audio or visual) containing or discussing employee training or education on search or search advertising.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Google objects to this Request as unduly burdensome and not proportional to the needs of the case because it purports to require Google, without any limitations, to produce "all recordings" related to training or education on search or search advertising.

Subject to and without waiving its objections, Google is willing to meet and confer with Plaintiffs to discuss what, if any, specific relevant materials Plaintiffs seek in this Request.

**REQUEST FOR PRODUCTION NO. 58:**

Produce all documents addressing or discussing Google's guidance to its employees to avoid using certain words, terms, or phrases in internal and external communications and documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Google objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google, without any limitations, to produce "all documents" discussing Google's guidance regarding internal and external communications, much of which is likely to be privileged, and because the Request on its face calls for documents that are not relevant to any party's claims or defenses.

Subject to and without waiving its objections, Google is willing to meet and confer with Plaintiffs to discuss the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 59:**

Produce all documents addressing, discussing, or supporting the assertions made by Kent Walker in the October 20, 2020 Google blog post titled "A deeply flawed lawsuit that would do nothing to help consumers," including the assertion that this lawsuit "would artificially prop up lower-quality search alternatives, raise phones prices, and make it harder for people to get the search services they want to use."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google, without any limitations, to produce "all documents" related to a blog post by Google's Chief Legal Officer, much of which could be privileged.

Subject to and without waiving its objections, Google will produce by the end of fact discovery all non-privileged documents responsive to this Request that Google intends to rely on in its defense. Google is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 60:**

Produce the following documents in connection with Google's Answer and Affirmative Defenses to the Complaint ("Answer") (ECF #87):

a. All documents supporting Google's assertion in its Answer that Figure 6 does not present a fair and complete description of Search Engine Market Share, including any documents Google has that would show different market shares;

b. All documents supporting Google's assertion in its Answer that Figure 7 does not present a fair and complete description of Mobile Search Engine U.S. Market Share, including any documents Google has that would show different market shares;

c. All documents supporting Google's assertion in its Answer that Figure 8 does not present a fair and complete description of Computer Search Engine Market Share, including any documents Google has that would show different market shares;

d. All documents supporting Google's assertion in its Answer that search advertising is not a relevant antitrust market;

e. All documents supporting Google's assertion in its Answer that search text advertising is not a relevant antitrust market; and

f. All documents supporting Google's Affirmative Defenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google, without any limitations, to produce

"all documents" related to Google's Answer to the Plaintiff's Complaint, much of which are likely to be privileged.

Subject to and without waiving its objections, Google will produce by the end of fact discovery all non-privileged documents responsive to this Request that Google intends to rely on in its defense.  Google is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 61:**

Produce all documents or data relating to:

a.  Any purported procompetitive justification for Google's distribution and licensing agreements; and

b.  Any purported benefit to consumers or innovation derived from Google's distribution and licensing agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google, without any limitations, to produce "all documents or data" relating to broad topics covering any of Google's distribution and licensing agreements.  Google also objects to this Request as duplicative of other Requests, including Requests 3, 16, 17, 18, 19, 20, 23, 25, 28, 32, 33, and 36.

Subject to and without waiving its objections, Google will produce by the end of fact discovery all non-privileged documents responsive to this Request that it intends to rely on in its defense.  Google is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 62:**

Produce all documents relating to the removal and subsequent restoration of Blixt to Google's Play Store.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Google objects to this Request as unduly burdensome and not proportional to the needs of the case because it purports to require Google, without any limitations, to produce "all documents" relating to the removal and restoration of one app from Google's Play Store, out of the millions of apps available, which is of limited or no relevance to any party's claims or defenses.

Subject to and without waiving its objections, Google is willing to meet and confer with Plaintiffs to discuss the relevance and an appropriate scope, if any, of this Request.

**REQUEST FOR PRODUCTION NO. 63:**

Produce all personnel files for each person selected as a custodian under these Requests for Production.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google, without any limitations, to produce "all personnel files" for each person selected as a custodian under these Requests, and because the Request on its face calls for documents that are not relevant to any party's claims or defenses.

Subject to and without waiving its objections, Google is willing to meet and confer with Plaintiffs to discuss the relevance and appropriate scope, if any, of this Request.

**REQUEST FOR PRODUCTION NO. 64:**

From January 1, 2019, to the present, on an annual basis, produce data comprising the number of web pages indexed by each internet search engine owned by Alphabet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Subject to and without waiving its objections, Google will produce data responsive to this Request to the extent that Google maintains it.

**REQUEST FOR PRODUCTION NO. 65:**

From September 1, 2019, to the present, on a quarterly basis, produce data, separately for each revenue center, comprising the following amounts:

    a.   Total revenue;

    b.   Traffic acquisition costs;

    c.   Other cost of sales that are directly attributable to the corresponding revenues as tracked in Google's internal systems; and

    d.   The remaining cost of sales that are externally reported, including allocations of portions of costs treated as operating expenses internally.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Google objects to this Request as not proportional to the needs of the case because it purports to require Google to provide data that would be of limited or no relevance to any party's claims or defenses. Further, Google objects to this Request as vague and ambiguous in its use of the phrase "revenue center." Google will format its response in the same way as Google's response to DOJ's prior, similar, data request.

Subject to and without waiving its objections, Google will produce data responsive to this Request to the extent that Google maintains it.

**REQUEST FOR PRODUCTION NO. 66:**

From January 2010, to the present, on a monthly basis, produce data, broken out for the United States, the European Union (excluding the United Kingdom), the United Kingdom, and Russia, and separately by device type (e.g., desktop, tablet, mobile phone), and each client ID associated with a Revenue Share Agreement ("RSA") or paid distribution agreements with Google, comprising the following:

    a.   RSA partner or firm;

b.   Search access point, if relevant;

c.   Ad revenue, billed ad revenue, or gross advertising revenue;

d.   Net ad revenue;

e.   Shared net ad revenue or Google payments to any third party;

f.   Number of queries, if relevant;

g.   Number of valid queries (as defined in the RSA), if relevant;

h.   Number of queries that were performed from the search access point that were not part of an RSA, if relevant; and

i.   Number of devices that fall under the agreement.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 66:

Subject to and without waiving its objections, Google will produce data responsive to this

Request to the extent that Google maintains it.


## REQUEST FOR PRODUCTION NO. 67:

From January 2015, to the present, on a daily basis, produce data on search ad auctions, broken out for the United States and worldwide, and separately by device type (e.g., desktop, tablet, or mobile phone), type of search ad auction (e.g., auctions for text, product, or local ads), and vertical category of bidded keywords that are held for the search engine's first results page, comprising the following amounts:

a.   Average auction reserve price in USD;

b.   Average number of ad slots per auction;

c.   Average auction reserve quality score, if different from the average reserve price;

d.   Average number of bidders per auction;

e.   Total number of unique bidders for the month;

f.   Average total search advertising spend per bidder in the month;

g.   Average winning bid for the highest positioned ad in USD;

h.   Average winning bid for the second highest positioned ad in USD;

i.   Average winning bid for the third highest positioned ad in USD;

j.   Average clearing price, or cost-per-click if clicked, for the highest positioned ad in USD;

k.   Average clearing price, or cost-per-click if clicked, for the second highest positioned ad in USD;

l.   Average clearing price, or cost-per-click if clicked, for the third highest positioned ad in USD;

m.   Average cost-per-click paid in USD; and

n.   Percent of auctions where the lowest positioned ad shown had a clearing price that was equal to the reserve price.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 67:

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google to perform millions of calculations in order to produce data that would be of limited or no relevance to any party's claims or defenses.

Subject to and without waiving its objections, Google is willing to meet and confer with Plaintiffs to discuss the relevance and appropriate scope, if any, of this Request in light of Google's other, extensive, document and data productions.

## REQUEST FOR PRODUCTION NO. 68:

From November 1, 2019, to the present, on a daily basis, produce data, broken out for the United States and worldwide, and separately for all search ads on Google and each type of search ad (e.g., text ad, product listing ad, and local ad), comprising the following amounts:

a.   Number of search ads;

b.   Number of search ad clicks;

c.   Average cost-per-click paid;

d.   Total advertising spend;

e.   Number of search ads that were displayed on the results page without additional clicks by the user (if different from the total number of impressions);

f.   For search advertisers that only advertised on Google through SA360:

i.   Number of search ads;

    ii.     Number of search ad clicks;

    iii.    Average cost-per-click paid;

    iv.    Number of search ads that were displayed on the results page without additional clicks by the user (if different from the total number of search ads);

g.  For search advertisers that only advertised on Bing through SA360:

    i.      Number of search ads;

    ii.     Number of search ad clicks;

    iii.    Average cost-per-click paid;

    iv.    Number of search ads that were displayed on the results page without additional clicks by the user (if different from the total number of search ads);

h.  For search advertisers that advertised on both Google and Bing through SA360:

    i.      Number of search ads on Google;

    ii.     Number of search ad clicks on Google;

    iii.    Average cost-per-click paid on Google;

    iv.    Number of search ads on Google that were displayed on the results page without additional clicks by the user (if different from the total number of search ads);

    v.     Number of search ads on Bing;

    vi.    Number of search ad clicks on Bing;

    vii.   Average cost-per-click paid on Bing; and

    viii.  Number of search ads on Bing that were displayed on the results page without additional clicks by the user (if different from the total number of search ads).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 68:

Subject to and without waiving its objections, Google will produce data responsive to this Request to the extent that Google maintains it.

## REQUEST FOR PRODUCTION NO. 69:

From January 1, 2010, to the present (United States), and from January 1, 2016, to the present (Russia), produce all launch reports (and any associated back-up data) that cover the following topics:

a.  Analyses for changes prior to a launch (this should also include reports for changes that never launched);

b.  Analyses looking at the impact of launches on the company's revenue (i.e., ex-post or retrospective analyses);

c.  Impact of scale, including studies done varying the months of historical training data used to predict click-through rates and search results;

d.  Changes to the reserve price (and/or the minCPC or the minimum quality score) including changing the reserve price and/or minCPC in the Fall 2018 from $0.01 to $0.03;

e.  Changes to the number of ad slots on the search engine results page;

f.  Analyses of Mantel-Haenszel CPC; and

g.  The launch of RankBrain and products leading up to it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google to provide data that would be of limited or no relevance to any party's claims or defenses.  Google objects to subparts 69(a) and (b) as vague and potentially extremely broad because as written they could cover every launch regardless of product or subject.  Google objects to the phrases "Analyses of Mantel-Haenszel CPC" and "products leading up to [RankBrain]" as vague and ambiguous.  For the purposes of its response, Google understands subpart 69(f) to relate to the launch of Mantel-Haenszel CPC and understands subpart 69(g) to refer to launch reports relating to RankBrain.

Subject to and without waiving its objections, Google will produce non-privileged responsive launch reports and the data referenced in those launch reports, to the extent that Google maintains the launch reports and data, and to the extent they have not already been produced, for subparts 69(c) through (g).  Google is willing to meet and confer with Plaintiffs regarding the remainder of this Request.

**REQUEST FOR PRODUCTION NO. 70:**

From January 1, 2010, to the present, produce the QueryNav database with all available fields and geographies. This should include the 1% sample of data prior to 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google to provide data that would be of limited or no relevance to any party's claims or defenses.  Google has already produced extensive data from the QueryNav database in response to a request from DOJ; reproducing that data along with additional, irrelevant fields would be extremely burdensome as the request encompasses approximately eight terabytes of data.

Subject to and without waiving its objections, Google is willing to meet and confer with Plaintiffs regarding the relevance and appropriate scope, if any, of this Request in light of Google's other, extensive data and document productions.

**REQUEST FOR PRODUCTION NO. 71:**

From January 1, 2010, to the present, on a monthly basis, produce data, separately by publisher category, and separately for Display & Video 360 and Google Ads. Data should be comprised of the total number of impressions, or views, and the total revenues for digital advertising, broken down by:

a. Type of user device, including but not limited to desktop, mobile web, mobile application, and any other category maintained in the ordinary course of Google's business;

b. Type of transaction, including programmatic guaranteed, private marketplace, open auction, and any other category maintained in the ordinary course of Google's business;

c. Type of digital advertising, including but not limited to display, video, native, social, and any other category maintained in the ordinary course of Google's business; and

d. Each SSP, ad exchange, or ad network transacting the impression.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it requests data that would be of limited or no relevance to any party's claims or defenses.

Subject to and without waiving its objections, Google is willing to meet and confer with Plaintiffs to discuss the relevance and appropriate scope, if any, of this Request in light of Google's other, extensive, data and document productions.

**REQUEST FOR PRODUCTION NO. 72:**

From January 1, 2020, to the present, on a daily basis, produce data on traffic referrals from general search engines for each Google owned and operated vertical search, broken out for the United States and worldwide, and separately by device type (e.g., desktop, tablet, and mobile phone), and each general search engine that referred the traffic (e.g., Google, Bing, Yahoo, and Yandex), comprising the following amounts:

   a.   Total page visits referred by organic clicks; and

   b.   Total page visits referred by ad clicks;

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it requests data that would be of limited or no relevance to any party's claims or defenses, and it requests data outside of Plaintiffs' alleged markets.

Subject to and without waiving its objections, Google will produce data responsive to this Request to the extent that Google maintains it for the United States.  Google is willing to meet and confer with Plaintiffs regarding the remainder of this Request, including the relevance of data for specific foreign jurisdictions.

**REQUEST FOR PRODUCTION NO. 73:**

From January 1, 2010, to present, produce data on user traffic for each Google owned and operated vertical search, broken out for the United States and worldwide, and separately by device type (e.g., desktop, tablet, and mobile phone), operating system, browser, and source of traffic (including direct navigation, paid referral from each search engine, organic referrals from each search engine, and access through mobile applications), compromising the following amounts:

a.  Number of users;

b.  Number of queries;

c.  Number of page visits;

d.  Organic click-through-rate;

e.  Ad click-through-rate;

f.  Number of ad clicks;

g.  Number of ad impressions;

h.  Average number of ads shown;

i.  Search ad revenue;

j.  Search ad spend, separately for each platform if applicable;

k.  Search text ad spend, separately for each platform if applicable;

l.  Digital ad spend, if applicable;

m.  Total advertising spend, if applicable;

n.  Display ad revenue;

o.  Display ad spend, if applicable; and

p.  Purchase revenue, or revenue received from conversions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google to provide data that would be of limited or no relevance to any party's claims or defenses and is outside of Plaintiffs' alleged markets.

Subject to and without waiving its objections, Google will produce data responsive to this Request to the extent that Google maintains it for the United States.  Google is willing to meet and confer with Plaintiffs regarding the remainder of this Request, including the relevance of data for specific foreign jurisdictions.

**REQUEST FOR PRODUCTION NO. 74:**

From September 1, 2012, to the present, on a monthly basis, produce data on Google Maps' and Waze's U.S. user traffic separately by device type (e.g., desktop, tablet, and mobile phone), operating system, and method of access (e.g., Google Maps app, Waze app, or search on Google.com), comprising the following amounts:

a.  Number of users;

b.  Number of queries:

    i.    For a specific numeric address (e.g., 1600 Amphitheater Parkway, 1600 Pennsylvania Avenue NW); and

    ii.   Not for a specific numeric address (e.g., gas station).

c.  Separately for queries for a specific numeric address, and not, the number of queries:

    i.    Resulting in the user requesting map-based directions to a site in the query results;

    ii.   Resulting in the user calling a phone number shown in the query results;

    iii.  Resulting in the user visiting a website shown in the query results;

    iv.   Resulting in the user taking any other action available in Google Maps or Waze (e.g., ordering food or making a reservation). Identify each such action and provide the total number of queries for each action; and

    v.    Ad revenue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google to provide data that would be of limited or no relevance to any party's claims or defenses.

Subject to and without waiving its objections, Google is willing to meet and confer with

Plaintiffs regarding the relevance and appropriate scope, if any, of this Request.

## **REQUEST FOR PRODUCTION NO. 75:**

From January 1, 2020, to the present, on a daily basis, produce data on navigational queries and referrals, broken out for the United States and worldwide, and separately by specialized vertical (e.g., Amazon, Expedia, Yelp, and any Google vertical search), device type (e.g., desktop, tablets, and mobile phones), search category (e.g., auto, finance, and shopping), and ad type (e.g., text, product listing, and local), comprising the following amounts:

   a.  The number of navigational queries that received organic clicks referring the user to the specialized vertical;

   b.  The number of navigational queries that received search ad clicks referring the user to the specialized vertical, and the total dollar amount associated with such clicks;

   c.  The number of non-navigational queries that received organic clicks referring the user to the specialized vertical; and

   d.  The number of non-navigational queries that received search ad clicks referring the user to the specialized vertical, and the total dollar amount associated with such clicks.

## **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional

to the needs of the case because it purports to require Google to provide data that would be of

limited or no relevance to any party's claims or defenses.  Further, Google objects to this

Request as vague and ambiguous in its use of the terms "navigational queries," "specialized

verticals" and "referrals."  There are potentially dozens of different verticals.

Subject to and without waiving its objections, Google is willing to meet and confer with

Plaintiffs regarding this Request.

## **REQUEST FOR PRODUCTION NO. 76:**

From January 1, 2010, to the present, on a daily basis, produce data on each search advertising customer in the United States, separately by device type (e.g., desktop, tablet, and mobile phone), comprising the following amounts:

a. The name of the customer;

b. The category or industry of the customer;

c. The total search advertising spend;

d. The total search advertising spend on text ads;

e. The total search advertising spend on product ads;

f. The total search advertising spend on local ads;

g. The total number of impressions;

h. The total number of text ad impressions;

i. The total number of product ad impressions;

j. The total number of local impressions;

k. The total number of clicks;

l. The total number of text ad clicks;

m. The total number of product ad clicks;

n. The total number of navigational queries; and

o. The total number of local ad clicks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google, without any limitations, to provide extensive daily data on *every* Google advertiser which could number in the hundreds of thousands or more, and because such data would be of limited or no relevance to any party's claims or defenses.

Subject to and without waiving its objections, Google is willing to meet and confer with Plaintiffs regarding the relevance and appropriate scope, if any, of this Request.

**REQUEST FOR PRODUCTION NO. 77:**

From January 1, 2010, to the present, on a monthly basis, broken out for the United States, the European Union (excluding the United Kingdom), the United Kingdom, and Russia, produce telemetry data, or similar data, separately by operating system and device type (e.g., desktop, tablet, and mobile phone), showing:

a.   How frequently users change the default search engine in Chrome;

b.   How frequently users change the default browser on Android devices;

c.   How frequently users change the default voice assistant on Android devices;

d.   How frequently users activate alternative assistants (including but not limited to Alexa or Bixby) on Android devices; and

e.   The number of devices, separately stated by device type, with Google, Bing, Yahoo, DuckDuckGo, or any other search service set as the default search in Chrome.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require Google to provide data that would be of limited or no relevance to any party's claims or defenses.  Further, Google objects to this Request as vague and ambiguous in its use of the phrase "telemetry data."

Subject to and without waiving its objections, Google is willing to meet and confer with Plaintiffs regarding this Request.

Dated: February 10, 2021

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*s/ Franklin M. Rubinstein*
Susan A. Creighton
Franklin M. Rubinstein
1700 K Street, NW
Washington, DC 20006
Tel.: 202-973-8855
screighton@wsgr.com
frubinstein@wsgr.com

WILLIAMS & CONNOLLY LLP

John E. Schmidtlein
Benjamin M. Greenblum
Colette T. Connor
725 12th Street, NW
Washington, DC 20005
Tel.: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

ROPES & GRAY LLP

Mark S. Popofsky
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.: 202-508-4624
Mark.Popofsky@ropesgray.com

*Counsel for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

I, Franklin M. Rubinstein, hereby certify that on this 10th day of February, 2021,

pursuant to the Parties' agreement with respect to email service and the Case Management

Order, I caused a true and correct copy of the foregoing to be served on Counsel for Plaintiffs,

using the list of email recipients below:

Kenneth.Dintzer2@usdoj.gov
Jesus.Alvarado-Rivera@usdoj.gov
Elizabeth.Jensen@usdoj.gov
Johnathan.Carter@arkansasag.gov
Ryan.McCauley@doj.ca.gov
Adam.Miller@doj.ca.gov
Scott.Palmer@myfloridalegal.com
dcecka@law.georgia.gov
Scott.Barnhart@atg.in.gov
Justind.Clark@ky.gov
Deblieuxs@ag.louisiana.gov
NaoumW1@Michigan.gov
Kimberley.Biagioli@ago.mo.gov
Hart.Martin@ago.ms.gov
mmattioli@mt.gov
mfjowers@scag.gov
rhartner@scag.gov
kim.vanwinkle@oag.texas.gov
bret.fulkerson@oag.texas.gov
kelsey.paine@oag.texas.gov
Gwendolyn.cooley@wisconsin.gov
jon.sallet@coag.gov
diane.hazel@coag.gov
steve.kaufmann@coag.gov
abigail.smith@coag.gov
joseph.conrad@nebraska.gov
dana.vogel@azag.gov
Max.Miller@ag.Iowa.gov
john.castiglione@ag.ny.gov
morgan.feder@ag.ny.gov
elinor.hoffmann@ag.ny.gov
Jmarx@Ncdoj.Gov

jsutton2@ncdoj.gov
chris.dunbar@ag.tn.gov
david.mcdowell@ag.tn.gov
jenna.pascale@ag.tn.gov
tpincock@agutah.gov
jeff.pickett@alaska.gov
nicole.demers@ct.gov
michael.undorf@delaware.gov
elizabeth.arthur@dc.gov
david.brunfeld@dc.gov
bpaholke@oagguam.org
rodney.i.kimura@hawaii.gov
brett.delange@ag.idaho.gov
eshencopp@atg.state.il.us
lynette.bakker@ag.ks.gov
christina.moylan@maine.gov
ghonick@oag.state.md.us
Matthew.Frank@mass.gov
William.Matlack@mass.gov
Michael.Mackenzie@mass.gov
justin.moor@ag.state.mn.us
mwmartin@ag.nv.gov
mnewman@ag.nv.gov
ltucker@ag.nv.gov
brandon.h.garod@doj.nh.gov
robert.holup@law.njoag.gov
mswanson@nmag.gov
ckhoury@nmag.gov
ealm@nd.gov
beth.finnerty@ohioattorneygeneral.gov
mark.kittel@ohioattorneygeneral.gov
jennifer.pratt@ohioattorneygeneral.gov
caleb.smith@oag.ok.gov
cheryl.hiemstra@doj.state.or.us
jbetsko@attorneygeneral.gov
jorosa@justicia.pr.gov
dmarzilli@riag.ri.gov
yvette.lafrentz@state.sd.us
ryan.kriger@vermont.gov
soallen@oag.state.va.us

thenry@oag.state.va.us
amy.hanson@atg.wa.gov
doug.davis@wvago.gov
tanya.l.godfrey@wvago.gov
ben.burningham@wyo.gov
amy.pauli@wyo.gov
Jeremy.Goldstein@usdoj.gov
pgrossman@nd.gov

_s/ Franklin M. Rubinstein_
Franklin M. Rubinstein