UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 20-cv-3010 (APM) |
| STATE OF COLORADO, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 20-cv-3715 (APM) |

**ORDER**

The court has considered the parties' positions concerning search protocols and search terms as set forth in the Joint Status Report filed on March 18, 2021, ECF No. 118 [hereinafter JSR]. At the hearing held on February 22, 2021, the court offered three general principles to guide the parties' further discussions: (1) the 47 agreed-upon search strings developed during the investigative phase were a starting point for identifying records responsive to Plaintiffs'[1] Second Request for Production of Records ("Second Request") but would not necessarily capture all potentially responsive documents; (2) additional search strings would have to be designed and

---

[1] When the court uses "Plaintiffs" in this Order, it is referring to the Plaintiffs in *United States, et al. v. Google LLC*, 20-cv-3010 (APM).

targeted to identify records not captured by the 47 search strings; and (3) the parties did not have the "luxury" to develop search strings that match precisely each category of records sought by the Second Request. *See* Hr'g Tr., ECF No. 113, at 38–39.

Neither side's proposal adequately reflects these principles. Plaintiffs demand that Google run dozens of unique searches in addition to the 47 search strings that Google already has begun processing. Google has agreed to 13 additional search strings, for a total of 60. *See* JSR at 20. Plaintiffs do not explain the inadequacy of these 60 search strings. They do not, for example, specify any particular document request that the search strings will not reach. Plaintiffs emphasize that Google's proposal would produce *only* north of one million documents, *id.* at 7, but the court cannot assess the reasonableness of a search query by its output. What matters is the quality of the records produced, not the quantity. Plaintiffs also complain that Google's categorical search-string approach is confusing and needlessly complicated. *Id.* at 6. Google's obligation under the Federal Rules of Civil Procedure is to "conduct a diligent search, which involves developing a reasonably comprehensive search strategy." *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 374 (S.D.N.Y. 2006). The burden lies with the requesting party to show that a responding party's search strategy is inadequate. *See Agerbrink v. Model Serv. LLC*, 14-cv-7841 (JCF), 2017 WL 933095, at *5 (S.D.N.Y. Mar. 8, 2017). Plaintiffs have not met their burden by merely asserting that their search proposal is less cumbersome than Google's.

On the other hand, the court senses that Google, while exhibiting some flexibility, could show more. The 47 search strings agreed upon during the investigative phase were, the court observed, a starting point for the present searches, not an anchor from which the parties would only begrudgingly stray. Yet, Google has agreed to only a modest increase in search strings (13) to respond to a Second Request that seeks, by Google's own count, 250 categories of records.

*See* JSR at 18.  In a case of this significance and scope, some deference to Plaintiffs' expressed need for more records than what Google is offering is warranted.

The court directs the parties as follows.  Plaintiffs may propose up to 20 additional *targeted* search strings (in addition to the more than 60 to which Google has agreed) to generate a comprehensive universe of records potentially responsive to the Second Request.  The court emphasizes the word "targeted" because the provision of additional search strings is not an invitation to lard up a single search string to return millions of documents.  The proposed search string must be tailored to identify potentially responsive records that are not likely to be captured by the searches to which Google already has agreed.  Google may object to a proposed search string that is unduly burdensome or unreasonably duplicative.  The court will consider approving search strings beyond the 20 already afforded only upon a showing of good cause.

As for the parties' dispute over custodians, the court takes a similar approach.  Google thus far has agreed to run searches across 96 custodians.  Plaintiffs have suggested that they will seek to add up to 77 more, for a total of 169 custodians, but have offered no justification for such a large number of custodians.  *See In re 3MCombat Arms Earplug Prod. Liability Litig.*, No. 19-md-288, 2020 WL 3100016, at *1 (N.D. Fla. July 11, 2020) (placing the burden of justifying additional custodians on the requesting party and providing cases).  Nevertheless, the court will afford Plaintiffs some leeway and allow them to identify up to 20 additional custodians.  The court urges the parties to run only those search strings necessary to identify records possessed by a custodian.  Every search string need not be run across every custodian.  The court will consider approving custodians beyond the 20 already afforded only upon a showing of good cause.

Finally, the court is concerned about Google's pace of production.  Google shall make an interim production before the next status hearing, scheduled for March 30, 2021.  It shall not wait

3

until "early April" to produce "50% of the responsive, non-privileged documents collected." JSR at 27. Google shall be prepared to discuss the schedule for production at the upcoming hearing.[2]

Dated: March 23, 2021

_____
Amit P. Mehta
United States District Court Judge

---

[2] The parties should also be prepared to discuss Plaintiffs' request that Google be ordered to produce a sample of documents deemed unresponsive during the investigation, *see* JSR at 13, if that issue has not been resolved by the time of the hearing.