# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, et al., | Case No. 1:20-cv-03010-APM |
| Plaintiffs, | |
| v. | |
| Google LLC, | Judge:     HON. AMIT P. MEHTA |
| Defendant. | |

| | |
|---|---|
| State of Colorado, et al., | Case No. 1:20-cv-03715-APM |
| Plaintiffs, | |
| v. | |
| Google LLC, | Judge:     HON. AMIT P. MEHTA |
| Defendant. | |

## NON-PARTY MICROSOFT CORPORATION'S STATUS REPORT REGARDING THIRD PARTY DISCOVERY

In accordance with this Court's Minute Orders dated June 29, 2021 and July 12, 2021 in the above-captioned cases, Non-Party Microsoft Corporation ("Microsoft") submits the following Status Report summarizing the state of discovery and Microsoft's position regarding Defendant Google LLC's ("Google") subpoena to Microsoft dated April 13, 2021 (the "Subpoena").[1]

## INTRODUCTION

On July 21, 2021, following negotiations with and in response to a request from Google, Microsoft made a comprehensive proposal for its production of documents in compliance with Google's 120-request Subpoena by proposing search strings, custodians, date ranges, and a date

---

[1] *See* Subpoena to Produc. Docs., Information, or Objects or to Permit Inspection of Premises in a Civil Action (Apr. 13, 2021) (attached hereto as Exhibit A).

by which substantial completion of Microsoft's productions would occur (the "Proposal").[2]  In its Proposal, Microsoft offered to search and collect documents from the files of twenty-seven custodians, which would yield an estimated 1.45 million documents[3] based on Microsoft's testing of its proposed search terms.[4]  The sole issue Google has since informed Microsoft should be the subject of the Companies' instant cross-submissions centers on the number and identity of Microsoft custodians to be searched.

The twenty-seven custodians identified in Microsoft's Proposal comprise key and representative strategic thinkers and decision-makers from the relevant businesses and timeframes at Microsoft. As of this filing, however, and while failing to articulate any specific reasons why, Google has proposed Microsoft search from and provide information concerning ***twenty-eight additional custodians,*** bringing the total number of potential custodians to ***fifty-five***. Google's position poses an unreasonable and undue increase in Microsoft's burden given the significantly expanded volume of documents Microsoft would have to search, collect, process,  review and produce. Despite multiple requests, Google has to date declined to offer specific reasons as to why each of the twenty-eight additional custodians are necessary, how its demand for this number of custodians properly avoids undue burden and expense on Microsoft or, at base, how Microsoft's Proposal of twenty-seven custodians is insufficient when the proportionality of the claims, defenses, and Microsoft's burdens as a non-Party in this case are taken into account. Per

---

[2] *See* Letter from Caroline Simons, Orrick, Herrington & Sutcliffe, LLP, to Benjamin M. Greenblum, Williams & Connelly LLP (July 21, 2021) (attached hereto as Exhibit B).

[3] This is the figure prior to de-duplication, which cannot take place until the documents have been collected and processed.

[4] *See* Exhibit B.

the Court's July 12 Order, Microsoft respectfully makes the following submission to provide the Court with an update of its overall Proposal and the Companies' negotiations to date.

Since receipt of its first subpoena in this case on January 26, 2021, Microsoft has been diligently working to comply and has negotiated in good faith with all of the Parties to search for, review, and produce responsive documents and data.[5] On April 13, 2021, Google served Microsoft with a Subpoena consisting of 120 separate document, data and information requests, a number of which include multiple subparts and many of which seek "all documents" going back more than a decade. (*See* Exhibit A).[6] In an effort to comply with the Subpoena in accordance with the applicable rules and the Court's Orders, while balancing against the significant and undue burden the full scope of the Subpoena represents, Microsoft offered to meet and confer with Google both prior to and after serving its Objections and has negotiated in good faith throughout the process. Despite the multiple meet-and-confer teleconferences Microsoft and Google (together, the "Companies") have held since April 13, 2021, the progress Microsoft has

---

[5] While the April 13 Subpoena from Google is at issue in this submission, Microsoft has been the subject of several subpoenas in the above-captioned litigations. The United States Department of Justice ("DOJ") served Microsoft with an initial subpoena on January 26, 2021 and additional subpoenas on April 20, 2021, June 21, 2021 and July 26, 2021, respectively. On February 24, 2021, the State of Illinois served Microsoft with a subpoena on behalf of itself and other state plaintiffs, including, *inter alia*, the State of Colorado and the State of Nebraska. Google served Microsoft with an initial subpoena on April 13, 2021 and additional subpoenas on June 28, 2021 and July 19, 2021, respectively. The eight subpoenas served on Microsoft to date are hereinafter referred to as the "Subpoenas."

[6] On May 28, 2021, Microsoft served its objections and responses to the Subpoena ("Objections"). In the service cover email, Microsoft designated both the Subpoena and its Objections as "Highly Confidential" pursuant to the Protective Orders entered in this case. *See* E-mail from Haley P. Tynes, Orrick, Herrington & Sutcliffe LLP, to Benjamin M. Greenblum, Williams & Connelly LLP (May 28, 2021) (on file with author and recipient); *see also* Stipulated Protective Ord. ¶¶ 2-9, Dec. 21, 2020, ECF No. 84; *see also* Stipulated Protective Ord. ¶¶ 2-9, Jan. 1, 2021, ECF No. 98. Microsoft subsequently downgraded these designations to "Confidential" in response to a request made by Google and in an effort to further negotiations in good faith.

made to date, and the ongoing negotiations the Companies are engaged in, Google has persisted in making certain threshold demands of Microsoft that represent significant burden and, moreover, build delay into the process. For example, Google has demanded that Microsoft *create* documents when it learned that Microsoft could not meet its demand for historical documents that Microsoft does not possess nor maintain in the ordinary course of business. Microsoft also has repeatedly requested that Google consider approaches that would expedite document productions and allow for more productive negotiations, such as identifying its priority document requests to facilitate an orderly sequence for negotiating and resolving competing proposals for search terms while reviewing and producing documents in parallel. Google has declined to do so.

As Microsoft has consistently maintained throughout the Companies' negotiations and in its Objections, it is willing to test, search for, collect, review, and produce responsive, non-privileged documents that are relevant and proportional to the claims and defenses at issue in the Parties' litigations. To date, Microsoft has not categorically refused to produce documents, information, or data from any particular custodian, or for any particular date range, or with respect to any category of documents, despite the overbreadth of the Subpoena—which seeks "any and all documents" relating to virtually the entirety of Microsoft's search and search advertising businesses spanning 2000 to present—and the large volume of materials Microsoft produced to

date,[7] most of which Google has had in its possession since at least February 17, 2021.[8]  But Google has not seriously considered or accepted *a single* one of the proposals set forth by Microsoft, and further has not justified why Microsoft's proposed search terms or custodians—in addition to the 400,000-plus documents Microsoft has already produced during the Investigations and the numerous productions of data and documents Microsoft has made to date—present an insufficient universe for its defenses.[9]  In the interests of advancing the process, Microsoft has continued to proactively search for, collect, review and produce documents and data responsive to the Subpoena while the Companies continue to negotiate. Microsoft welcomes the Court's guidance with respect to the Companies' differing positions on custodians in order to facilitate the process while giving appropriate consideration to avoid any undue burden and expense on Microsoft as a non-Party.

---

[7] The large majority of these materials were produced during the investigations underlying the above-reference litigations ("Investigations") and in response to the DOJ's Civil Investigative Demand to Microsoft, No. 30236, dated March 23, 2020 ("DOJ CID"), the Office of the Attorney General of Texas' Civil Investigative Demand to Microsoft dated April 29, 2020 ("TX CID"), and the State of California Office of the Attorney General and Department of Justice's Subpoena to Produce Documents and Tangible Things dated August 10, 2020 ("CA CID") (collectively, the "CIDs" unless otherwise specified).

[8] On February 17, 2021, Microsoft served its confidentiality re-designation production on Google, which consisted of more than 360,000 documents and 180 GBs of data. *See* E-mail from Haley P. Tynes, Orrick, Herrington & Sutcliffe LLP, to John Schmidtlein et al., Williams & Connelly LLP (Feb. 17, 2021) (on file with author and recipient). It is Microsoft's understanding that the DOJ completed its production of Investigation Materials (as defined in the Protective Orders entered in this case) to Google on February 19, 2021 (*see* Joint Status Report, Feb. 23, 2021, ECF No. 111), the Plaintiff States completed their production of Investigation Materials on February 1 (*see id.*), and the Colorado Plaintiff States completed their production of Investigation Materials on March 8, 2021 (*see* Joint Status Report, March 28, 2021, ECF No. 124).

[9] Since receipt of the Subpoenas, Microsoft has served more than 15 productions of documents and data responsive to Google's subpoena.

## MICROSOFT'S POSITION

It is Microsoft's position that it has offered a comprehensive search term proposal in response to Google's Subpoena and consisting of an appropriate number of custodians that (i) takes into account Google's proposals and the Companies' negotiations to date, and (ii) strikes the appropriate balance between producing documents that Google has requested as relevant to its defenses proportional to the needs of the case, and avoiding undue burden on Microsoft.

Between July 5-9, 2021, the Companies reached a series of agreements on:

- Searching the timeframe for which documents were previously searched, collected and produced in response to the CIDs (*i.e.*, March 2018 through March 2020);[10]

- Provision of organizational charts;[11] and

- Transmittal of a search term proposal, custodian proposal and proposed substantial completion deadline by July 21, 2021.[12]

Despite the meaningful compromises that Microsoft has made and Microsoft's transmittal of a comprehensive proposal on July 21, Google has refused to agree to Microsoft's custodian proposal on the basis that it did not include ***all*** of the custodians that Google has proposed to date. Indeed, it is Microsoft's understanding that Google intends to include in its cross-submission

---

[10] *See* Email chain between Benjamin M. Greenblum et al., Williams & Connelly LLP, and Haley P. Tynes, et al., Orrick, Herrington & Sutcliffe LLP (July 8, 2021) (on file with author and recipient). ("July 8 Agreement").

[11] *See id.* With respect to organizational charts, the July 8 Agreement provided the following: "Regarding the issue of organizational charts and information regarding potential custodians, further to our call this evening, . . . Microsoft will provide an assortment of pre-2018 organizational charts that it has located and Google reserves the right to propose (following review of the documents and other information provided to date) requests for additional information[] . . . based on an understanding that certain of the org charts date back to years such as 2003."

[12] *See* Email from Benjamin M. Greenblum, Williams & Connelly LLP, to Haley P. Tynes, et al., Orrick, Herrington & Sutcliffe LLP (July 9, 2021) and response from Haley P. Tynes, Orrick, Herrington & Sutcliffe LLP, to Benjamin M. Greenblum et al., Williams & Connelly LLP (July 9, 2021) (attached hereto as Exhibit C) ("July 9 Agreement").

additional custodians that Google has proposed for the first time since Microsoft's July 21

Proposal, including as recently as today.  Rather than working towards a compromise that would

address and ameliorate Microsoft's concerns regarding burden, Google has only expanded

Microsoft's burden by demanding additional organizational information and declining to

articulate specific reasons as to why Microsoft's Proposal of July 21, 2021 is inadequate.

Microsoft believes the most productive and expeditious way to approach compliance with

the Subpoena is for the Companies to work cooperatively to identify a set of additional documents

and data that Google would need for its defenses in these actions—in a proportional manner and

while balancing Microsoft's burden as a non-party—after Google has reviewed and evaluated (i)

the significant productions Microsoft has already made in the underlying Investigations and in the

above-captioned litigations and (ii) Microsoft's search term and custodian Proposal of July 21,

2021. To that end, this submission addresses Microsoft's Proposal to provide the Court with

necessary context to evaluate the Companies' respective positions on custodians.

**A)**     **July 9 Agreement**

On July 9, the Companies agreed:

No later than July 21, 2021,

1. Microsoft will transmit to Google counterproposals, if
any, as to the 36 of 43 search strings that Google proposed to
Microsoft on May 27, 2021 and to which Microsoft has not
responded.
2. Microsoft will transmit to Google a proposal for the
custodians across which it will run its custodial searches, including
a response as to the 18 custodians Google proposed but about whom
Microsoft has not yet responded.

3. Microsoft will transmit to Google a proposed substantial
completion deadline for Microsoft's production to Google.
Microsoft may seek to condition that proposed substantial
completion deadline on the date by which Microsoft and Google
reach agreement on custodial search parameters.

Microsoft further agrees that Google may request, and that Microsoft shall provide, deconstructed hit reports with respect to Google's proposed search strings, provided, that Google agrees that it will not request more than 20 permutations of each of 40 different search strings, provided further that Google may redistribute permutations amongst such search strings for a total of 800 different permutations.[13]

**B)      Search Terms**

Pursuant to the Companies' July 9 Agreement, Microsoft provided its Proposal to Google on July 21, 2021. The Proposal is estimated to result in searching and collecting approximately 1.45 million documents[14] across the files of 27 current and former Microsoft employees.[15]

Google has not yet responded to the substance of Microsoft's most recent Proposal because it maintains that its review is ongoing.[16] Given there is no real dispute that Microsoft's Proposal is likely to yield documents that are responsive to Google's Subpoena requests, and to avoid delay, Microsoft has begun collecting and processing documents pursuant to its Proposal to Google. As Microsoft has repeatedly stated, it welcomes Google's feedback on why it considers Microsoft's Proposal to be deficient beyond the fact that it reduces the number of hit counts

---

[13] Exhibit C.

[14] This figure is pre-de-duplication of the review set.

[15] In addition to Microsoft's proposed search terms and custodians, the Proposal also identified eight requests in the Subpoena for which Microsoft had produced documents gathered via targeted collections (go-and-gets) and for which it was also proposing to run search terms. To date, Google has not accepted the sufficiency of those targeted collections. Microsoft remains willing to gather materials conducive to such targeted collections and is in the process of doing so for certain requests.

[16] *See* Letter from Caroline Simons, Orrick, Herrington & Sutcliffe LLP, to Benjamin M. Greenblum, Williams and Connolly LLP (July 25, 2021) (attached hereto as Exhibit D).

returned as compared to Google's original proposed search terms, for which the overbreadth is made clear by the estimated universe of *over 15 million* documents that resulted.

As Microsoft has conveyed during the Companies' meet and confers, Microsoft's Proposal is based on Microsoft's understanding of its own businesses and is validated by the similar process Microsoft has already engaged in during the Investigations[17] and the resultant universe of 400,000 documents that Microsoft has already produced on the same subject matters to the Parties. The Companies' competing approaches[18] toward search terms and Google's refusal to compromise has hampered the Companies' ability to make meaningful progress toward agreement.[19]

**C)    Custodians**

---

[17] Microsoft has directed Google to email correspondence with the DOJ, which Microsoft produced and Google has in its possession. This correspondence provides insight into search term negotiations between the DOJ and Microsoft.

[18] Microsoft has made various suggestions to facilitate an orderly expedition of the discovery process. Microsoft has requested that Google provide a list of priority requests for the Companies to focus their efforts on–a request that is not dissimilar from one Google itself has made of plaintiffs here. *See* Joint Status Report, at 21, May 24, 2021, ECF No. 135. Microsoft has requested Google's position on what it believes is to be a reasonable burden for Microsoft to bear with respect to volume, and specifically, whether Google can provide an approximate volume of document hits the Companies can work towards while they revise the search terms in an effort to move this process along. Microsoft has asked Google to limit certain of its Requests to center around specific transactions, custodians, and/or time periods for which Google needs documents to support its defenses so that Microsoft can work towards providing those documents to Google in an expeditious manner. Microsoft has asked Google to identify materials it needs that would not have been covered by and/or included in the substantial productions it has made to date. Google has rebuffed each of Microsoft's proposals on the basis that *Google* has shouldered similar burdens and requirements, as one of the Parties in this case.

[19] Despite the catch-22 Microsoft finds itself in with respect to the bulk of documents requested by Google, it has nevertheless produced both documents and data responsive to the Subpoena in an effort to further negotiations as the Companies confer on search term-related topics.

Microsoft's Proposal of July 21 included twenty-seven custodians, including eight of the nineteen proposed by Google as of the July 9 Agreement. (*See* Exhibit B).  However, since July 9, Google has proposed even more custodians in addition to the original nineteen. In the past nine days, in fact, Google has proposed ***seventeen*** additional custodians, including nine on July 19, 2021, five on July 26, 2021, and three today, July 27, 2021.[20]   Google has not explained why it believes that searching these additional twenty-eight proposed custodians (and any yet-to-be-named custodians, which Google has reserved the right to continue to propose) is necessary to yield key, representative, and relevant documents that Microsoft's proposed custodians would fail to capture. Moreover, Google's request for this large number of additional custodians, without specific justification, fails to account for the fact that each additional custodian whose files Microsoft will need to search, review and produce incrementally and unduly increases the burden imposed on Microsoft. It is Microsoft's position that its current proposal of twenty-seven custodians reflects a reasonable universe of documents from which to search, collect, process, review, and produce, while balancing against Microsoft's burden as a non-Party.

**D)     Organizational Charts and Information Concerning Proposed Custodians**

It is Microsoft's position that it has generated and produced information sufficient for Google to evaluate the sufficiency of Microsoft's Proposal. In a good faith effort to facilitate negotiations, Microsoft has responded to Google's demands for documents sufficient to show historic organizational structure by generating and producing human resources files reflecting the direct manager and skip-level manager for certain identified current and former employees,

---

[20] *See* Letter from Benjamin M. Greenblum, Williams and Connelly LLP, to. to Caroline Simons and Haley P. Tynes, Orrick, Herrington & Sutcliffe LLP (July 19, 2021) (on file with author and recipient)); *see also* Email exchange between Benjamin M. Greenblum, Williams & Connelly LLP, and Haley P. Tynes, et al., Orrick, Herrington & Sutcliffe LLP (July 26-27, 2021) (on file with author and recipient).

covering 2009 through present. To date, Google has determined these reports are insufficient to provide the information requested. Microsoft has also produced an assortment of documents it discovered in its files that reflect organizational structure between 2003 and 2012, as part of its diligent efforts to identify information responsive to Google's request for organizational charts pre-dating 2018.  Additionally, Microsoft has offered to provide additional human resources reports for certain key individuals, to be discussed with Google, that would list the direct reports for that person. As of this evening, Google has not accepted Microsoft's offer to generate and provide these additional reports.

**E)      Production Timing**

Finally, Microsoft has informed Google that it anticipates substantially completing its production of non-privileged, responsive documents by October 20, 2021, assuming that the Companies agree on a reasonable proposal by the end of July.[21]  Google has not indicated its position on Microsoft's proposed substantial completion date. While the companies continue to negotiate, however, Microsoft has continued to search, review, and produce data and documents responsive to the Subpoena to facilitate the expeditious transmittal of relevant documents to the Parties, including both targeted go-and-get productions as well as custodial searches.

---

[21] *See* Exhibit B.

**CONCLUSION**

With respect to the forgoing, Microsoft welcomes the Court's guidance as to the appropriate burden for non-Party Microsoft to bear in this litigation, and in response to the Subpoena, in light of its already-substantial productions to date and its comprehensive Proposal of July 21, 2021.

Dated: July 27, 2021

Respectfully Submitted,

/s/ Caroline Simons

Caroline Simons (*pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
22 Berkeley Street
Suite 2000
Boston, MA 02116
Telephone: +1 617 880 1800
Facsimile:  +1 617 880 1801
csimons@orrick.com

Amy W. Ray
Haley P. Tynes
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone: +1 202-339-8400
Facsimile:  +1 202-339-8500
amyray@orrick.com
htynes@orrick.com
*Attorneys for Non-Party*
*Microsoft Corporation*

12

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the NON-PARTY MICROSOFT

CORPORATION'S STATUS REPORT REGARDING THIRD PARTY DISCOVERY (under

seal) with the Clerk of Court for the United States District Court for the District of Columbia by

using the CM/ECF system on July 27, 2021.  I further certify that a copy of the sealed document

and a copy of the Notice of Electronic Filing (NEF) were served via mail to the following

counsel:

Kenneth M. Dintzer
U.S. Department of Justice, Antitrust Division
Technology & Financial Services Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Kenneth.Dintzer2@usdoj.gov

Jesús M. Alvarado-Rivera
U.S. Department of Justice, Antitrust Division
Technology & Financial Services Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Jesus.Alvarado-Rivera@usdoj.gov

Elizabeth S. Jensen
U.S. Department of Justice, Antitrust Division
450 Golden Gate Avenue, Suite 10-0101
San Francisco, CA 94102
Elizabeth.Jensen@usdoj.gov

Leslie Rutledge, Attorney General
Johnathan R. Carter, Assistant Attorney General
Office of the Attorney General, State of Arkansas
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Johnathan.Carter@arkansasag.gov

Xavier Becerra, Attorney General
Kathleen E. Foote, Senior Assistant Attorney General
Paula Blizzard, Supervising Deputy Attorney General
Brian Wang, Deputy Attorney General
Quyen Toland, Deputy Attorney General
Ryan McCauley, Deputy Attorney General

13

Adam Miller, Deputy Attorney General
Office of the Attorney General
California Department of Justice
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102
Ryan.McCauley@doj.ca.gov
Adam.Miller@doj.ca.gov


Ashley Moody, Attorney General
R. Scott Palmer, Interim Co-Director, Antitrust Division
Nicholas D. Niemiec, Assistant Attorney General
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Scott.Palmer@myfloridalegal.com


Christopher Carr, Attorney General
Margaret Eckrote, Deputy Attorney General
Daniel Walsh, Senior Assistant Attorney General
Dale Margolin Cecka, Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
dcecka@law.georgia.gov


Curtis Hill, Attorney General
Scott L. Barnhart, Chief Counsel and Director, Consumer Protection Division
Matthew Michaloski, Deputy Attorney General
Erica Sullivan, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Scott.Barnhart@atg.in.gov


Daniel Cameron, Attorney General
Justin D. Clark, Deputy Director of Consumer Protection
J. Christian Lewis, Executive Director of Consumer Protection
Philip R. Heleringer, Assistant Attorney General
Jonathan E. Farmer, Assistant Attorney General
Office of the Attorney General, Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Justind.Clark@ky.gov

14

Jeff Landry, Attorney General
Stacie L. Deblieux, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
Deblieuxs@ag.louisiana.gov

Dana Nessel, Attorney General
Wisam E. Naoum, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
NaoumW1@Michigan.gov

Kimberley Biagioli, Assistant Attorney General
Office of the Attorney General, State of Missouri
P.O. Box 899
Jefferson City, Missouri 65102
Kimberley.Biagioli@ago.mo.gov

Lynn Fitch, Attorney General
Hart Martin, Consumer Protection Division
Crystal Utley Secoy, Consumer Protection Division
Office of the Attorney General, State of Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Hart.Martin@ago.ms.gov

Timothy C. Fox, Attorney General
Mark Mattioli, Chief, Office of Consumer Protection
Office of the Attorney General, State of Montana
P.O. Box 200151
555 Fuller Avenue, 2nd Floor
Helena, MT 59620-0151
mmattioli@mt.gov

Mary Frances Jowers, Assistant Deputy Attorney General
Rebecca M. Hartner, Assistant Attorney General
Office of the Attorney General, State of South Carolina
P.O. Box 11549
Columbia, South Carolina 29211-1549
mfjowers@scag.gov
rhartner@scag.gov

15

Kim Van Winkle, Chief, Antitrust Division
Bret Fulkerson, Deputy Chief, Antitrust Division
Kelsey Paine, Assistant Attorney General
Office of the Attorney General, State of Texas
300 West 15th Street
Austin, Texas 78701
kim.vanwinkle@oag.texas.gov
bret.fulkerson@oag.texas.gov
kelsey.paine@oag.texas.gov


Joshua L. Kaul, Attorney General
Gwendolyn J. Lindsay Cooley, Assistant Attorney General
Wisconsin Department of Justice
17 W. Main St.
Madison, WI 53707-7857
Gwendolyn.cooley@wisconsin.gov
(608) 261-5810


Jonathan Bruce Sallet
Diane Rebecca Hazel
Steven M. Kaufmann
Abigail Leah Smith
Office of the Attorney General of Colorado
1300 Broadway, 7th Floor
Denver, CO 80203
720-508-6231
jon.sallet@coag.gov
diane.hazel@coag.gov
steve.kaufmann@coag.gov
abigail.smith@coag.gov


Joseph Conrad
Office of the Attorney General of Nebraska
Consumer Protection Division
2115 State Capitol Building
Lincoln, NE 68509
402-471-3840
joseph.conrad@nebraska.gov


Brunn W. (Beau) Roysden III, Solicitor General
Michael S. Catlett, Deputy Solicitor General
Dana R. Vogel, Unit Chief Counsel
Christopher M. Sloot, Assistant Attorney General
Arizona Office of the Attorney General
2005 North Central Avenue
Phoenix, Arizona 85004

16

Tel: (602) 542-3725
dana.vogel@azag.gov

Max Merrick Miller
Attorney General's Office for the State of Iowa
1305 East Walnut Street, 2nd Floor
Des Moines, IA 50319
(515) 281-5926
Max.Miller@ag.Iowa.gov

John D. Castiglione
Morgan Feder
Elinor Hoffmann
Office of the Attorney General of New York
28 Liberty Street, 21st Floor
New York, NY 10005
212-416-8513
john.castiglione@ag.ny.gov
morgan.feder@ag.ny.gov
elinor.hoffmann@ag.ny.gov

Jonathan R. Marx
Jessica Vance Sutton
NC Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
919-716-6000
Jmarx@Ncdoj.Gov
jsutton2@ncdoj.gov

Christopher Dunbar
J. David McDowell
Jeanette Pascale
Office of The Attorney General & Reporter
P.O. Box 20207
Nashville, TN 37202
615-741-3519
chris.dunbar@ag.tn.gov
david.mcdowell@ag.tn.gov
jenna.pascale@ag.tn.gov

Tara Pincock
Attorney General's Office Utah
160 E 300 S, Ste 5th Floor
PO Box 140874
Salt Lake City, UT 84114

17

801-366-0305
tpincock@agutah.gov

Clyde "Ed" Sniffen, Jr. Acting Attorney General
D.C. Circuit Bar No. 56435 ed.sniffen@alaska.gov
Jeff Pickett
Senior Assistant Attorney General
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Tel: (907) 269-5100
jeff.pickett@alaska.gov

Nicole Demers
State of Connecticut Office of the Attorney General
165 Capitol Avenue, Ste 5000
Hartford, CT 06106
860-808-5202
nicole.demers@ct.gov

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
302-577-8924
michael.undorf@delaware.gov

Elizabeth Gentry Arthur
David Brunfeld
Office of the Attorney General for the District of Columbia
400 6th Street NW
Washington, DC 20001
202-724-6514
elizabeth.arthur@dc.gov
david.brunfeld@dc.gov

Leevin Taitano Camacho, Attorney General
Fred Nishihira, Chief, Consumer Protection Division
Benjamin Bernard Paholke, Assistant Attorney General
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Tel: (671)-475-3324
bpaholke@oagguam.org

18

Rodney I. Kimura
Office of the Attorney General of Hawaii
Commerce & Economic Development
425 Queen Street
Honolulu, HI 96813
808-586-1180
rodney.i.kimura@hawaii.gov

Brett Talmage DeLange
Office of the Idaho Attorney General
Consumer Protection Division
954 W. State St., 2nd Fl.
PO Box 83720
Boise, ID 83720-0010
208-334-4114
brett.delange@ag.idaho.gov

Erin L. Shencopp
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
312-793-3891
eshencopp@atg.state.il.us

Lynette R. Bakker
Office of the Attorney General of Kansas
Consumer Protection & Antitrust
120 S.W. 10th Avenue, Ste 2nd Floor
Topeka, KS 66612-1597
785-368-8451
lynette.bakker@ag.ks.gov

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
Augusta, ME 04333-0006
207-626-8838
christina.moylan@maine.gov

Gary Honick
Office of the Maryland Attorney General
Antitrust
200 St. Paul Place
Baltimore, MD 21202

410-576-6480
ghonick@oag.state.md.us

Matthew B. Frank, Assistant Attorney General Antitrust Division
William T. Matlack, Assistant Attorney General
Chief, Antitrust Division
Michael B. MacKenzie, Assistant Attorney General
Deputy Chief, Antitrust Division
Office of the Attorney General
One Ashburton Place, 18th Fl.
Boston, MA 02108
Tel: (617) 727-2200
Matthew.Frank@mass.gov
William.Matlack@mass.gov
Michael.Mackenzie@mass.gov

Justin Moor, Assistant Attorney General
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2130
(651) 757-1060
justin.moor@ag.state.mn.us

Marie W.L. Martin
Michelle Christine Newman
Lucas J. Tucker
Nevada Office of the Attorney General
Bureau of Consumer Protection
100 N. Carson Street
Carson City, NV 89701
775-624-1244
mwmartin@ag.nv.gov
mnewman@ag.nv.gov
ltucker@ag.nv.gov

Brandon Garod
Office of Attorney General of New Hampshire
33 Capitol Street
Concord, NH 03301
603-271-1217
brandon.h.garod@doj.nh.gov

Robert Holup
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
239-822-6123

robert.holup@law.njoag.gov

Mark F. Swanson
Cholla Khoury
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87504
Tel: 505.490.4885
mswanson@nmag.gov
ckhoury@nmag.gov

Elin S. Alm
Office of the Attorney General of North Dakota
Consumer Protection & Antitrust Division
1050 E. Interstate Ave., Suite 200
Bismarck, ND 58503
701-328-5570
ealm@nd.gov

Beth Ann Finnerty
Mark Kittel
Jennifer Pratt
Office of The Attorney General of Ohio, Antitrust
150 E. Gay Street, 22nd Floor
Columbus, OH 43215
614-466-4328
beth.finnerty@ohioattorneygeneral.gov
mark.kittel@ohioattorneygeneral.gov
jennifer.pratt@ohioattorneygeneral.gov

Caleb J. Smith Assistant Attorney General Consumer Protection Unit
Office of the Oklahoma Attorney General
313 NE 21st St
Oklahoma City, OK 73105
Tel: (405) 522-1014
caleb.smith@oag.ok.gov

Cheryl Hiemstra
Oregon Department of Justice
Civil Recovery Section
1162 Court St NE
Salem, OR 97301
503-934-4400
cheryl.hiemstra@doj.state.or.us

Tracy W. Wertz

Joseph S. Betsko
Pennsylvania Office of Attorney General Strawberry Square
Harrisburg, PA 17120
Tel: (717) 787-4530
jbetsko@attorneygeneral.gov

Johan M. Rosa Rodríguez
Assistant Attorney General Antitrust Division
Puerto Rico Department of Justice
PO Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 1201
jorosa@justicia.pr.gov

David Marzilli
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400
dmarzilli@riag.ri.gov

Yvette K. Lafrentz
Office Of The Attorney General of South Dakota
1302 E. Hwy 14, Suite1
Pierre, SD 57501
605-773-3215
yvette.lafrentz@state.sd.us

Ryan G. Kriger
Office of The Attorney General of Vermont
109 State St.
Montpelier, VT 05609
802-828-3170
ryan.kriger@vermont.gov

Sarah Oxenham Allen
Tyler Timothy Henry
Office of the Attorney General of Virginia
Antitrust Unit/Consumer Protection Section
202 N. 9th Street
Richmond, VA 23219
804-786-6557
soallen@oag.state.va.us
thenry@oag.state.va.us

Amy Hanson

Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-5419
amy.hanson@atg.wa.gov

Douglas Lee Davis
Tanya L. Godfrey
Office of Attorney General, State of West Virginia
P.O. Box 1789
812 Quarrier Street, 1st Floor
Charleston, WV 25326
304-558-8986
doug.davis@wvago.gov
tanya.l.godfrey@wvago.gov

Benjamin Mark Burningham
Amy Pauli
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
(307) 777-5833
ben.burningham@wyo.gov
amy.pauli@wyo.gov

John E. Schmidtlein
Benjamin M. Greenblum
Colette T. Connor
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

Susan Creighton
Franklin Rubinstein
Wilson Sonsini Goodrich & Rosati
1700 K Street, N.W.
Washington, D.C. 20006
screighton@wsgr.com
frubinstein@wsgr.com

Mark S. Popofsky
Ropes & Gray LLP

23

2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

_____/s/ Caroline Simons_____
Caroline Simons (admitted *Pro Hac Vice*)