## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

| | |
|---|---|
| State of Colorado, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

## JOINT STATUS REPORT OF GOOGLE AND MICROSOFT

The July 30 Order directed Google and Microsoft Corporation ("Microsoft" and together with Google, the "Companies") to submit a status report on or before August 6, 2021, and the Companies do so by this joint submission.

*First*, following the July 30 hearing, Microsoft has now agreed to include the 18[1] additional custodians that Google raised in its July 27 submission as part of its response to Google's subpoena.[2]

*Second*, with respect to the Court's inquiry regarding the de-duplication rate for Microsoft's original proposal to collect approximately 1.45 million documents (based on Microsoft's July 21 proposal), Microsoft's position is that because it has agreed to search documents from the 18 additional custodians, the provision of actual de-duplication numbers for that original estimate has been mooted and moreover would not provide an accurate assessment of Microsoft's anticipated burden.  Microsoft's position is that the processing time and effort required to obtain actual de-duplication figures on the (now-obsolete) original estimate would introduce delay that would run contrary to Microsoft's objective to produce documents as quickly and efficiently as possible.  Microsoft represents that it expects an average de-duplication rate of 30% reduction, based on precedent from its other litigations; Google has asked certain questions regarding that figure, and the Companies have agreed to confer upon it. To avoid further delay, in addition to using Microsoft's estimated average 30% de-duplication rate as a guide, Microsoft will provide to Google regular updates as to the actual de-duplication of processed documents, as well as include non-deduplicated custodian-by-custodian hit counts

---

[1] Google's submission proposed 19 additional custodians.  Subsequent to the Companies' July 27 submissions to this Court, Microsoft advised that there was no longer any retained data for one such individual, a former employee.  Further, Google's submission did not include eight other previously proposed former employees for whom it was similarly advised there was no longer any retained data.  Accordingly, accounting for the 18 custodians that Microsoft has now agreed to include in its response to Google's subpoena, and the 27 it previously proposed, there are currently 45 custodians.

[2] In agreeing to search the additional custodial files, Microsoft does not thereby concede that the documents from the files of any or all 18 individuals are relevant, non-cumulative, and/or proportionally necessary for Google's defenses in the above-captioned cases.

for each permutation[3] for which it provides a hit report (at the time it provides such hit report). The Companies also agree that Microsoft may apply document threading to further address its burden.

*Third*, regarding the Court's inquiry as to when Google would transmit counterproposals—in the form of search string permutations—as to Microsoft's July 21 proposal, Google did so on August 3.  Microsoft has agreed to provide hit reports for Google's proposed search term permutations, as outlined in Google's counterproposal (Exhibit A of Google's August 3 letter), in order to facilitate the Companies' negotiations, on a rolling basis. Microsoft will provide all hit reports for the Exhibit A permutations no later than August 11. Google has agreed to respond on the basis of those hit reports, including by requesting further such permutations, on a rolling basis, by August 16; and Microsoft has agreed to provide hit reports in response to such additional permutations, on a rolling basis, by August 20.  The Companies shall then regularly confer, and submit disputes (if any) on such issues in simultaneous submissions on August 27, at 7:00pm ET, and be prepared to address those disputes to the Court at the August 31 conference.

Accordingly, the Companies agree that a further hearing is not required at this time.

Dated: August 6, 2021

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By:   */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
725 12th Street, NW
Washington, DC 20005

---

[3] *See* Exhibit A of Google's Letter of August 3, 2021, discussed *infra*.

Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
Wendy Huang Waszmer (D.C. Bar No. 478725)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
Matthew McGinnis (*pro hac vice*)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

*Counsel for Defendant Google LLC*

By: _/s/ Caroline Simons_
Caroline Simons (*pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
22 Berkeley Street
Suite 2000
Boston, MA 02116
Telephone: +1 617 880 1800
Facsimile:  +1 617 880 1801
csimons@orrick.com

Amy W. Ray
Haley P. Tynes
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone: +1 202-339-8400
Facsimile:  +1 202-339-8500
amyray@orrick.com
htynes@orrick.com

*Counsel for Non-Party Microsoft Corporation*