**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　　　　　　　Defendant. | CASE No.: 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　　　　　　　Defendant. | CASE No.: 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**NON-PARTY APPLE INC.'S POSITION STATEMENT
CONCERNING THIRD PARTY DISCOVERY**

Apple Inc. ("Apple") submits this statement pursuant to the Court's August 13, 2021 order. Apple has been negotiating in good faith with the Department of Justice ("DOJ"), with only a handful of issues remaining, and has already reached agreement with the Plaintiff States on the scope of custodial productions for the separate requests in their subpoena. Apple remains willing to continue negotiating with DOJ to promptly resolve the limited outstanding issues.

It is unclear why DOJ has decided to abruptly end the parties' discussions and raise an "emergency" dispute to the Court. After Apple and plaintiffs reached agreement on custodians in late April, Apple proposed more than 60 search strings to complete its production. The total number of search strings has since increased to 66, and to date Apple and plaintiffs have reached agreement on 54 of those strings. On August 9, Apple proposed that the parties engage in meet and confers (that would have concluded by August 18) to promptly reach agreement on the 12 outstanding search strings. In the meantime, Apple would continue (and is continuing) to review and produce documents responsive to the 54 agreed search strings.

DOJ rejected Apple's proposal without explanation, and instead demanded that Apple agree to the DOJ's proposed searches for all outstanding search strings. DOJ's demands are not based in substance, and instead are merely in furtherance of its unreasonable and arbitrary objective of having Apple—a third party—review millions of documents. DOJ's conduct in manufacturing an impasse, refusing to consider counterproposals or even hear Apple's concerns regarding the outstanding search strings, is inconsistent with both DOJ's prior representations to Apple and the "cooperative and . . . reasonably iterative process" required by the Court, *see* Stipulation and Order Regarding Discovery Procedure (Dkt. 99), at § III.7, and needlessly burdens the Court with issues that should be resolved by the parties.

DOJ's purported concerns about Apple's pace of production are misplaced. In June,

Apple informed DOJ that it could substantially complete review and production for a volume of documents consistent with its May 27 search term proposal—capturing more than 520,000 deduplicated hits with attachments—by the end of August, while at the same time reviewing and producing documents associated with nearly 125,000 deduplicated hits with attachments for the Plaintiff States' separate demands.  DOJ raised no concern with Apple's proposed timing (a pace which Apple has maintained), but now feigns surprise that Apple would not be able to complete review and production of DOJ's demanded searches capturing an *additional* 1.85 million hits with attachments by the end of September.  Apple's proposal that the parties negotiate in good faith to reach compromises on the outstanding search strings so that it can substantially complete its review and production in October is entirely reasonable.

DOJ also incorrectly claims that the parties have reached impasse on codewords.  Apple responded to DOJ's inquiry regarding a handful of irrelevant codewords nearly three weeks ago and expressed its willingness to conduct further investigation of potentially relevant codewords.  For weeks, DOJ raised no issue with Apple's response.  DOJ's tactics in now raising a dispute without reasonably conferring with Apple is inappropriate and a waste of judicial resources.

## BACKGROUND

On February 1, 2021, DOJ sent Apple a broad-ranging subpoena with 33 separate requests, the vast majority of which include multiple subparts, covering nearly every aspect of Apple's business.[1]  Apple promptly sought to engage with DOJ regarding the scope of the subpoena, agreeing to participate in weekly meet and confers in the hope of expeditiously reaching agreement on an appropriately tailored scope for Apple's response.  Apple also

---

[1] *See* Ex. A, Subpoena to Produce Documents issued to Apple Inc. (Feb. 1, 2021).

proactively reached out to the Plaintiff States in anticipation of their separate subpoena, which Apple received on February 23,[2] and encouraged coordination by the plaintiffs so that Apple could efficiently collect documents for both subpoenas at the same time.[3]

Throughout the course of the parties' early discussions, Apple repeatedly asked DOJ to explain the relevance of requests related to products and services beyond search engines, web browsers, Siri, and Spotlight, such as Apple's operating systems, news, and video and music streaming services that have no clear relevance to the litigation.  DOJ declined to engage with Apple, either stating that it did not have authority to provide answers to Apple's questions or merely asserting, without explanation, that all of its requests were relevant.  DOJ's efforts to secure documents clearly outside the scope of the complaint wasted nearly two months, and it was not until mid-April that the parties finally agreed to limitations on the information DOJ sought regarding the disputed relevant products and services.

Despite DOJ's refusal to meaningfully engage with Apple regarding the scope of the subpoena for nearly two months, Apple nevertheless worked during that time to collect and make rolling productions of responsive "go get" documents.  Apple also progressed discussions regarding custodians, and by late April, the parties agreed that Apple would search the files of 19 custodians for DOJ's subpoena and 14 custodians for the Plaintiff States' subpoena.

Less than two weeks after reaching agreement on custodians, Apple provided DOJ and the Plaintiff States with proposed search terms for their respective subpoenas, which included a number of codenames for matters relevant to the subpoenas.  For the DOJ subpoena, Apple

---

[2] *See* Ex. B, Subpoena to Produce Documents issued to Apple Inc. (Feb. 23, 2021).

[3] On March 12, 2021, Apple received a subpoena from Google seeking all documents requested by DOJ and the Plaintiff States in their subpoenas.

proposed 41 search strings hitting on approximately 325,000 deduplicated documents with attachments, in addition to the 21 search strings hitting on approximately 110,000 deduplicated documents with attachments for the Plaintiff States' subpoena. The Plaintiff States accepted many of Apple's proposed searches and the States and Apple reached agreement on all search strings within two weeks of Apple's initial proposal, with Apple agreeing to review search strings that hit on nearly 125,000 deduplicated documents with attachments.

In stark contrast, DOJ rejected every single search string and provided a counterproposal on May 18 that hit on *more than 3 million* deduplicated documents with attachments. One week later, DOJ demanded that Apple agree to negotiate search term hits up to a cap of 1.5 million deduplicated documents with attachments, without attempting to justify the demand with any connection to the relevance of the documents that would be captured. Apple refused, as DOJ had provided no explanation for its arbitrary demand. Instead, on May 27, Apple provided a substantive counterproposal capturing more than 520,000 deduplicated hits with attachments.

In response, DOJ again largely rejected Apple's proposal, agreeing to only a handful of search strings and waiting until June 7 to provide a counterproposal for a half dozen others. DOJ then waited another ten days to provide counterproposals for the remaining strings, which when combined hit on more than 2.9 million documents and attachments. Meanwhile, Apple worked diligently to review documents for agreed upon search strings and provided plaintiffs with regular production updates and timelines for those strings. Apple made its initial custodial production on June 17 and has continued to make bi-weekly custodial productions, as well as rolling "go-get" document and data productions, producing more than 40,000 documents to date.

Although DOJ largely rejected Apple's May 27 proposal, on June 24, DOJ—citing the urgency of discovery and a need to determine a production schedule—insisted that Apple

provide a production timeline for the documents in that proposal.  Apple responded that if the parties reached immediate agreement on searches hitting on a comparable volume of documents as Apple's May 27 proposal, it anticipated that it could substantially complete its review and production by the end of August.[4]  DOJ raised no concern with Apple's proposed timing.

In a claimed effort to help the parties reach agreement on the outstanding search strings, on June 28 DOJ requested that, rather than immediately responding to DOJ with another counterproposal, Apple conduct testing for DOJ of five alternative searches for each outstanding search string to allow DOJ to tailor its proposal.  Apple spent weeks repeatedly turning hit reports for DOJ within two or three business days, which required an Apple employee to spend approximately 15 hours testing search strings for DOJ.  Nonetheless, in nearly every instance DOJ ultimately has insisted that Apple use the search string yielding the largest number of hits—which in many cases has simply been a reiteration of DOJ's June 17 proposal.

After receiving the last of DOJ's search string proposals on July 27, Apple sought to respond with counterproposals consistent with the process the parties had discussed.  DOJ initially expressed a willingness to receive counterproposals and requested that hit reports be broken out to show hit differentials for modifications to substantive terms versus proximity connectors.  Apple agreed and informed DOJ it would begin rolling counterproposals for the outstanding search strings by the end of the week.  However, on July 30, *only three days later*, DOJ backtracked and informed Apple it was no longer willing to consider any counterproposals.  Instead, DOJ demanded that Apple implement all of DOJ's proposed search strings, while proposing a 1.85 million document cap to account for the fact that the parties might reach some accommodation for search strings capturing large volumes of irrelevant attachments.

---

[4]  *See* Ex. C, Letter from K. Lent to C. Sommer (June 25, 2021).

Although DOJ has failed to adequately justify many of its proposed search strings, in a showing of good faith and to ensure its review team had sufficient documents available for review while the parties continued to negotiate, Apple agreed to accept an additional seven search strings proposed by DOJ, leaving 12 search strings outstanding.[5] Apple proposed that the parties engage in three meet and confers concluding by Wednesday, August 18, to discuss the outstanding search strings in detail, during which time Apple's review team would be engaged reviewing documents for agreed upon search strings.[6] Apple informed DOJ that, if the parties could reach reasonable compromises on the 12 outstanding search strings, Apple could be substantially complete with its review and production by mid-October. DOJ rejected Apple's proposal to discuss the outstanding search strings without any explanation, declared the parties at impasse, and raised the dispute with the Court.

## ARGUMENT

### I.   *Apple Has Negotiated in Good Faith and Is Willing to Continue to Do So*

DOJ's tactics in manufacturing an impasse on search string negotiations is improper. Apple has substantive concerns regarding both the relevance and probative value of the search proposals demanded by DOJ for the limited number of outstanding strings, which Apple believes can be addressed through negotiations. DOJ has not explained why it views Apple's August 9 proposed process to address these issues as unacceptable, refusing any further meet and confers with Apple and unilaterally declaring the parties at impasse. Nor has DOJ proffered any

---

[5] Three of the outstanding search strings involve searches capturing a large number of non-responsive attachments. Apple has since described the attachments to DOJ and, at DOJ's request, provided a random sample of the hits. Apple thus believes the parties should be able to reach prompt resolution on these search strings, thus reducing the number of outstanding search strings to 9.

[6] *See* Ex. D, Letter from K. Lent to C. Sommer (Aug. 9, 2021).

explanation for why it is unwilling to consider *any* modification to its proposed searches, which when combined are capturing an *additional* 1.85 million hits with attachments. DOJ's demand that Apple agree to DOJ's searches appears to simply be in furtherance of its unreasonable and arbitrary objective of having Apple review millions of documents, as evidenced by DOJ's prior demand that Apple agree in the abstract to a document cap of 1.5 million documents. Apple has been, and remains, willing to negotiate with DOJ to promptly reach reasonable compromises on search strings that are appropriately tailored to the requests and issues in the case.

Apple has undertaken significant efforts as a third party to comply with DOJ's sweepingly broad subpoena. Apple has engaged in weekly meet and confers with DOJ since February, while also exchanging multiple correspondence with DOJ most weeks. Since March, Apple has made rolling productions of "go get" requests, including substantial amounts of data. Compiling information responsive to DOJ's go get requests has been a significant undertaking, requiring interviews and coordination with more than 25 business people across multiple business units to compile over a decade's worth of information.

Apple has undertaken similar efforts with respect to its custodial productions. With respect to DOJ, Apple agreed to 19 custodians, including many of Apple's most senior executives. Apple sent DOJ a comprehensive search proposal hitting on more than 520,000 deduplicated documents with attachments and has made significant concessions during search negotiations. Of the search strings agreed upon since Apple's May 27 proposal, Apple has repeatedly agreed to DOJ proposals that increased the documents hit on, half the time agreeing to revisions that more than doubled what Apple proposed. Apple has agreed with plaintiffs on 54 of the proposed 66 strings (including the 21 strings that Apple and the States agreed to within just two weeks). And during the course of the negotiations, Apple has made more than a dozen

7

productions and continues reviewing documents (even during this dispute).

Moreover, at DOJ's demand, rather than immediately send a counterproposal to DOJ's June 17 search proposal, Apple engaged in burdensome testing of alternative search strings for DOJ. Despite Apple's commitment of resources to this process—including an Apple employee rearranging his schedule and spending approximately 15 hours testing search strings for DOJ—DOJ did not utilize the process in good faith. For nearly every set of search alternatives DOJ had Apple test, DOJ insisted that Apple use the alternative yielding the largest number of hits—which in many cases is simply a reiteration of DOJ's June 17 proposal. In fact, DOJ has made clear that certain of its recent search proposals were made solely because it views the hits for its prior proposals as too low, without regard to the substantive appropriateness of the search.[7]

After DOJ sent the last of its proposals for testing in late July, Apple expressed its intention to provide counterproposals to address its concerns regarding the outstanding search strings. Although DOJ initially expressed its willingness to consider such counterproposals, three days later, DOJ changed course and indicated it would not consider any counterproposals.

Any suggestion by DOJ that Apple's failure to provide deconstructed hit reports or responsiveness rates prevents it from considering any further revisions to the outstanding search strings is not well founded. Creating deconstructed hit reports is extremely burdensome and time-consuming, requiring Apple personnel to manually break down each multifaceted search string into its individual components and separately run every variation captured by the search

---

[7] For example, for RFP 23(b), DOJ's June 17 proposal captured 5,737 deduplicated hits with attachments. DOJ proceeded to add more than a dozen terms solely because it believed the hit count was too low, even though many of the additional terms—such as compet*, which was not limited by any relevant product or service—are plainly overbroad and not reasonably tethered to issues relevant to the case. DOJ also has stated it is not willing to negotiate proximity connectors for searches, despite often doubling or tripling Apple's proposed connectors with little or no explanation.

string, resulting in manually running hundreds, if not thousands, of terms. Apple's extensive testing of alternative search strings for DOJ was intended to provide DOJ with the same type of information it could obtain through deconstructed hit reports. And "responsiveness rates" for already-agreed-upon and reviewed search strings are entirely irrelevant to whether search strings still under negotiation are appropriately tailored, as many involve entirely different topics than the outstanding search strings, including those covered by the Plaintiff States' separate subpoena.

Given Apple's substantive concerns regarding the few outstanding search strings, Apple maintains that the parties should promptly engage in live discussions to reach appropriate compromises. Apple is prepared to provide counterproposals for the outstanding strings immediately (it already provided 3 more than a week ago) and explain why its proposals are reasonably tailored to yield relevant material and why DOJ's requests are unnecessarily burdensome. Apple would expect DOJ to be prepared to specify the basis for concerns, if any, that significant relevant material would not be captured by Apple's proposals. If the parties can reach reasonable compromises on the outstanding strings, Apple is committed to substantially complete its review and production in October.

## II. DOJ's Objections Regarding Codewords are Baseless

DOJ's conduct in raising a dispute relating to codewords is both procedurally improper and substantively baseless. Apple addressed DOJ's inquiries regarding a handful of irrelevant codewords nearly three weeks ago.[8] DOJ failed to respond or substantively engage for weeks, belying its claim that it believes previously agreed upon search strings are now inadequate.

DOJ originally requested that Apple identify every codeword it has ever used and explain why codewords not included in the search strings are irrelevant. Perhaps recognizing that this

---

[8] *See* Ex. E, Letter from K. Lent to C. Sommer (July 29, 2021).

9

process is entirely backwards, DOJ now says it wants Apple to "provide a complete set of relevant codewords." As stated in its July 29 letter, this is precisely what Apple has done. Apple undertook diligent efforts to identify codewords relevant to the subpoena, including engaging in numerous conversations with Apple personnel, and included in its search proposal the relevant codewords identified through that investigation.

Late last week, DOJ indicated that it intended to "provide the Court a list of relevant terms for which we want Apple to identify whatever codewords exist," despite the fact that it had not provided that list to Apple. Only upon Apple's request did DOJ provide the list to Apple, along with a demand that Apple respond to the 94 identified categories in less than one week.[9] A cursory review of the list demonstrates the vast overbreadth of DOJ's demands, as the terms encompass nearly all aspects of Apple's business over the last 20 years. DOJ's list also ignores the parties' prior discussions during which Apple informed DOJ that codewords for pre-launch product names were excluded when they predate the relevant time periods and that Apple's hardware products generally are not relevant to the subpoena's requests. To the extent DOJ has reason to believe that additional codewords actually are relevant to its requests, Apple has been, and remains, willing to consider them and conduct further investigation as needed. Thus far, however, DOJ has pointed to nothing that would suggest that relevant codewords have been omitted from the agreed upon searches.

## **CONCLUSION**

For the foregoing reasons, Apple requests that the Court instruct DOJ to meet and confer in good faith with Apple on the outstanding search strings.

---

[9] *See* Ex. F, US Plaintiffs Codeword Requests for Apple, Inc. (Aug. 12, 2021).

Dated: August 17, 2021  /s/ Steven C. Sunshine
Steven C. Sunshine
D.C. Bar # 450078
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
(202) 371-7860
steve.sunshine@skadden.com

Karen Hoffman Lent (*pro hac vice*)
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001
(212) 735-3276
karen.lent@skadden.com

*Counsel for Apple Inc.*