# EXHIBIT C

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST
NEW YORK, NEW YORK 10001
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
212-735-3276
DIRECT FAX
917-777-3276
EMAIL ADDRESS
KAREN.LENT@SKADDEN.COM

June 25, 2021

CONFIDENTIAL

VIA EMAIL
Christine Sommer
U.S. Department of Justice
Antitrust Division
450 5th Street NW
Washington, DC 20001

      RE:    *United States, et al. v. Google LLC*, No. 1:20-cv-03010-APM

Dear Christine:

    We write to follow up on your request during our June 24 meet and confer that Apple provide a deadline for when it will complete custodial productions.  As we explained on the call, Apple cannot provide a definite timeline when the parties have not yet reached agreement on 23 of the 67 search strings across the DOJ's and the Plaintiff States' subpoenas.  As DOJ is aware, 21 of the agreed search strings relate to the additional requests in the Plaintiffs States' subpoena, which Apple and Plaintiff States were able to reach full agreement on in just over two weeks.  DOJ's purported concerns with Apple's review and production timing are belied by the fact that DOJ took months to negotiate any meaningful limitations to the scope of its subpoena and similarly has failed to respond promptly and reasonably to Apple's proposed search terms.

    After Apple made its original search term proposal on May 12 hitting on 326,325 deduplicated documents with attachments (in addition to Apple's independent proposal for the Plaintiff States' subpoena hitting on 110,767 deduplicated documents with attachments), DOJ responded six days later with a counterproposal that modified *every one* of Apple's proposed search strings and increased the volume from Apple's

June 25, 2021
Page 2

proposal *ten times*, hitting on more than 3 million deduplicated documents with attachments.  Then, rather than working iteratively to negotiate the scope of, and appropriate limitations for, its search strings, DOJ insisted on May 25 that Apple agree to a 1.5 million de-duplicated hits with attachments cap, yet offered no explanation as to why that was an appropriate volume of document hits.  Instead of agreeing to DOJ's arbitrary cap, Apple provided a counterproposal on May 27, only nine days after receiving DOJ's counterproposal, that included alternatives for the forty-four outstanding search strings, detailed explanations for each modification, and hit reports for each string in DOJ's and Apple's proposals.  The search strings in total returned 521,857 deduplicated hits with attachments.  While the parties were able to reach agreement on a handful of strings arising from Apple's counterproposal, DOJ then waited until June 7 to send Apple a partial counterproposal addressing a half dozen search strings.  DOJ then waited *another ten days* to provide counterproposals for the thirty-one remaining search strings.  DOJ's delay in providing its counterproposals is particularly confounding since, unlike Apple, DOJ is not engaging in the burdensome process of running hit reports and testing search terms before sending its counterproposals.

In contrast to DOJ's three-week delay to provide a fulsome proposal, Apple has been working diligently to provide counterproposals, accompanied by explanations for its revisions and hit reports by discrete search string, and has provided production timelines for search strings as they are agreed upon.  Consistent with the production timeline it provided, Apple made a significant production of custodial documents on June 17, and anticipates making another production of custodial documents next week.  Moreover, at this time, Apple expects to substantially complete review and production of documents hitting on all of the currently agreed upon search strings by the end of July.

Despite Apple's plainly reasonable position that it can provide more accurate and useful production timelines as the parties reach agreement on search strings, DOJ has asked that Apple provide a timeline under which Apple would be finished with review of the documents associated with its May 27 counterproposal even though the parties have not reached agreement on half of the search strings in that proposal.  Nevertheless, in Apple's continued effort to work cooperatively and in good faith with DOJ in the parties' search term negotiations, it is Apple's expectation at this time that if DOJ were to accept Apple's counterproposal on the outstanding search strings today, Apple could be substantially completed with review and production by August 30.  This assumes no unforeseen difficulties with processing and review, and that the parties reach agreement immediately on a volume consistent with Apple's May 27 counterproposal.

Finally, Apple will continue its review and rolling production of the agreed upon search strings and remains committed to negotiating in good faith to reach agreement on

June 25, 2021
Page 3

the remainder of the search strings as promptly as possible.  If DOJ would like to speak before our regularly scheduled Thursday call, Apple is willing to do so.

                                        Sincerely,

                                        /s/ *Karen Hoffman Lent*

                                        Karen Hoffman Lent

CC:  Steven Sunshine
       Danielle Menitove
       Ryan Travers
       Heather Cicchese
       Jon Sallet
       Erin Shencopp
       Carter Coudriet
       Jesus Alvarado-Rivera
       Aaron Comenetz
       Brian Wang