# EXHIBIT E

# REDACTED

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST
NEW YORK, NEW YORK 10001

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
212-735-3276
DIRECT FAX
917-777-3276
EMAIL ADDRESS
KAREN.LENT@SKADDEN.COM

July 29, 2021

HIGHLY CONFIDENTIAL

VIA EMAIL
Christine Sommer
U.S. Department of Justice
Antitrust Division
450 5th Street NW
Washington, DC 20001

RE: *United States, et al. v. Google LLC*, No. 1:20-cv-03010-APM

Dear Christine:

As discussed on our July 27th call, we write to provide additional information regarding our investigation of codenames relevant to the requests in the subpoena. As an initial matter, we note that the letter we received from you after the July 27th call does not reflect the approach for codenames discussed on the call. Instead, DOJ has now included broad requests that Apple list any and all codewords it has identified to date and explain why such terms are irrelevant. Apple reiterates that it investigated, and subsequently identified, codenames *relevant* to DOJ's requests. Apple does not maintain a record of all current and former codenames throughout all of its business units, but rather undertook a good faith and diligent investigation to identify relevant codenames. The subpoena covers several subject matters, and for each, Apple spoke to subject matter experts within the business to determine what codenames, if any, exist that relate to that topic and the pertinent subpoena requests (including the relevant time period covered by the requests). In addition, Apple has investigated codenames across its business units for litigations and investigations in the past and used that diligence, where applicable, to assess whether additional codenames may be relevant to the

July 29, 2021
Page 2

requests in this litigation. Through that process, Apple identified and subsequently included in its search string proposals:



To the extent DOJ has reason to believe that additional code names for products, services, projects, or other issues are relevant to its requests, Apple has been, and remains, willing to consider them and conduct further investigation as needed.

    To that end, we provided additional detail on our call regarding the codenames DOJ raised in its July 21 letter, which is documented here as well. As we explained, Apple does not use code names for announced products and services. ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌, pre-launch codenames are outside the relevant time frame for the RFPs focused on those products, which generally go back to 2010, if that far. Accordingly, pre-launch codenames ▌▌▌▌▌▌▌▌▌▌ are not relevant codenames. We confirmed this through search term testing. For example, we tested the term ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ and there was zero difference in the hit count from the agreed string. In addition, we added ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ to the ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ and the

July 29, 2021
Page 3

hit differential was de minimis, adding only 3 additional deduplicated hits and 9 additional deduplicated hits with attachments compared to the search string without these figures. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, which made no difference in the hit counts, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ for which the difference for each string was again de minimis, ranging from 1 to 14 additional deduplicated hits with attachments. The lack of change in the hit counts between the agreed upon search strings with and without these terms confirms these terms are not relevant to the requests. In addition, our search for these terms in our produced documents revealed they exclusively come up in non-responsive contexts, such as false hits on a person's name or in a string of code, or are used in conjunction with the launched name and thus would already be captured. You mentioned on our call seeing a document from 2019 in ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. We have not been able to locate any such document in our searches, and request that DOJ provide the Bates number for the document you referenced so that we can further investigate the matter.



DOJ also identified ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. As we previously explained, it is our position that iOS 14 has only limited relevance to this case in so far as it incorporated a feature that allowed users to change their default browsers. We have agreed to search for documents related to this specific feature, not to iOS 14 more broadly. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Lastly, as we discussed on our call last week, the partnership between Apple and Google launched in March 2020 to bring contact tracing to smartphones and any pre-launch codenames used to identify the partnership have no relevance to the subpoena. On our July 22nd call, you asserted that this agreement would be relevant to Request 2. However, even if the contact tracing program could broadly be viewed as an agreement relating to the "use of Apple or Google user data" under Request 2, this program has no relation to web search, search advertising, or any products remotely related to this litigation. Moreover, while the parties have not yet agreed on a search for this request, early on in the negotiations, DOJ provided a counterproposal highlighting for removal all companies with which Apple did not have "RSA agreements." (2021.05.18 Ltr US Ps Counter-Proposal on Search Terms.) On May 27, Apple responded with a counterproposal on the two search strings for Request 2, explaining that pursuant to DOJ's May 17 letter, Apple streamlined the search string because "DOJ has clarified that it is only interested in revenue share agreements for purposes of this request."

July 29, 2021
Page 4

(05.27.2021 Apple Search Term Proposal Modification Explanations.) Given the agreed upon limitations of Request 2 to revenue sharing, Apple's partnership with Google to launch COVID-19 contract tracing on smartphones is not relevant to the request.

        Sincerely,

        /s/ *Karen Hoffman Lent*

        Karen Hoffman Lent

CC: Steven Sunshine
    Danielle Menitove
    Ryan Travers
    Heather Cicchese
    Jon Sallet
    Erin Shencopp
    Carter Coudriet
    Jesus Alvarado-Rivera
    Aaron Comenetz
    Brian Wang