## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

| | |
|---|---|
| State of Colorado, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

### JOINT STATUS REPORT

In accordance with the Court's Minute Order dated June 29, 2021, the parties in *United States v. Google LLC* and *State of Colorado v. Google LLC* submit the following Joint Status Report summarizing the state of discovery and identifying any issues between the parties, and the parties' respective positions, that will be raised at the status hearing scheduled for August 31, 2021.

## I.    Case No. 1:20-cv-03010

### A.    Google's Discovery of Plaintiffs

A summary of Google's First Set of Requests for Production and prior document

productions made by Plaintiffs are set forth in the parties' earlier Joint Status Reports, including their reports dated February 23 (ECF No. 111), March 26 (ECF No. 124), April 23 (ECF No. 131), May 24 (ECF No. 135), June 24 (ECF No. 149), and July 27 (ECF No. 165).

**B.      Plaintiffs' Discovery of Google**

A summary of Plaintiffs' First and Second Sets of Requests for Production and the document productions made by Google prior to May 24 are set forth in the parties' earlier Joint Status Reports, including their reports dated February 23 (ECF No. 111), March 26 (ECF No. 124), April 23 (ECF No. 131), May 24 (ECF No. 135), June 24 (ECF No. 149), and July 27 (ECF No. 165). Google produced additional documents in response to Plaintiffs' First and Second Requests for Production on August 5, 18, and 23, and Google produced additional data on August 2, 23, and 26. Plaintiffs served their Fourth Requests for Production on July 28, Fifth Requests for Production on August 13, and Sixth Requests for Production on August 20.

Plaintiffs served their Rule 30(b)(6) notice of deposition to Google on July 9. Google served its objections to that notice on August 20. The parties will meet and confer on August 30. Plaintiffs have proposed briefing any disputes that remain on Wednesday, September 1. Google has committed to seeking a protective order by Friday, September 3 in the event that the parties cannot reach resolution through the meet-and-confer process and has proposed discussing a briefing schedule as part of that process.

As previewed at the July 30 status conference, the parties previously reached agreement on the production of Google employees' self-assessments and performance reviews, but continued to meet and confer on the use and distribution of these materials. The parties have reached impasse on the issue and set forth in Sections III and IV their respective positions regarding this issue.

C.     **The Parties' Discovery of Third-Parties**

A summary of the third-party discovery requests previously issued by the parties is set

forth in the parties' earlier Joint Status Reports, including their reports dated February 23 (ECF

No. 111), March 26 (ECF No. 124), April 23 (ECF No. 131), May 24 (ECF No. 135), June 24

(ECF No. 149), and July 27 (ECF No. 165). The parties have issued document subpoenas to

approximately 83 third parties in total. The parties anticipate that they will continue to issue

additional document subpoenas as discovery progresses.

II.     **Case No. 1:20-cv-03715**

A. **Google's Discovery of Plaintiff States**

A summary of Google's First Set of Requests for Production and the document

productions made by Plaintiffs to date are set forth in the parties' earlier Joint Status Reports,

including their reports dated March 26 (ECF No. 124), April 23 (ECF No. 131), May 24 (ECF

No. 135), June 24 (ECF No. 149), and July 27 (ECF No. 165).

B. **Plaintiff States' Discovery of Google**

A summary of Plaintiff States' First Set of Requests for Production and the parties' meet

and confer discussions are set forth in the parties' earlier Joint Status Reports, including their

reports dated March 26 (ECF No. 124), April 23 (ECF No. 131), May 24 (ECF No. 135), June 24

(ECF No. 149), and July 27 (ECF No. 165). Google has continued to produce to Plaintiff States

the documents and data produced to the U.S. Department of Justice and its co-plaintiffs in Case

No. 1:20-cv-03010.

Since the last status conference on July 30, the parties have continued to meet and confer

regarding Plaintiff States' data requests. On July 14, Plaintiff States and Google submitted a joint

status report updating the Court on their progress with respect to Plaintiff States' data requests.

3

Although the parties have made progress on the data requests, one disputed issue remains. The parties have set forth in Sections V and VI their respective positions regarding that issue.

### C.  The Parties' Discovery of Third Parties

The parties have issued document subpoenas to approximately 83 third parties. All third parties that have received a subpoena from Plaintiff States have received a cross-subpoena from Google. Similarly, all third parties that have received a subpoena from Google have received a cross-subpoena from Plaintiff States. Both parties anticipate that they will continue to issue additional document subpoenas as discovery progresses.

## III.   The U.S. Plaintiffs' Position Statement

Since depositions addressing performance reviews and self-assessments may contain highly relevant information, with all sensitive information redacted, the Court should reject any extraordinary limitations on the use and distribution of these deposition transcripts and exhibits. No additional, broad-based protection or limitation on distribution is necessary or warranted, and to the extent any one-off needs of confidentially exist, Google can request and evidence the need for those protections individually.

On June 29, 2021, the Court directed the parties to develop a procedure to protect "particularly sensitive material," such as health, welfare, or family issues, contained in employees' performance reviews and self-assessments. Hr'g Tr. at 29–36 (June 29, 2021). The parties conferred and developed a procedure that protects "particularly sensitive material." Before these performance reviews and self-assessments are produced, Google may redact "particularly sensitive material" and mark the documents "Highly Confidential." After Plaintiffs receive these materials, they must limit access to the performance reviews and self-assessments to a handful of people. In addition, Plaintiffs have agreed to provide advanced notice to Google

of Plaintiffs' intention to use certain performance reviews at a deposition. After the deposition, Google may seek to designate any portion of the exhibits or transcript with any special additional protections it believes is warranted or with leave of the Court.

Despite these unusual and extraordinary commitments, Google seeks unreasonable additional limitations. Google seeks to limit the deposition exhibits and related testimony to *eight* attorneys, paralegals, economists, and other representatives from all DOJ Plaintiffs.[1] This is unworkable. Google's proposal would hamstring Plaintiffs' use of deposition transcripts and testimony to prosecute their case.

An example may be helpful: Plaintiffs notice a deposition and Google produce a version of the deponent's self-assessment that redacts "potentially sensitive information." At the deposition, Plaintiffs introduce the redacted self-assessment, which describes the employee's role in securing search distribution deals that block distribution of rival search providers; questioning on the document continues for 10 minutes. Under Google's proposal, Plaintiffs could not share the exhibit and transcript portions discussing these search distribution deals with attorneys responsible for drafting briefs, preparing for trial, and working with experts, even though no "particularly sensitive information" was discussed. Indeed, if eight attorneys or paralegals had already seen the self-assessment and transcript, Plaintiffs would be barred from sharing the transcript and exhibit with experts or consultants. Moreover, because Google was given the opportunity to redact the self-assessment before producing it, Google's proposal does nothing to prevent disclosure of "particularly sensitive material."

Google's proposal is thus unworkable and unwarranted for two reasons.

---

[1] The Colorado Plaintiffs are similarly limited on their side to eight individuals.

First, Google's proposal will thwart the flow of information among attorneys and experts that is required for a party to fairly prosecute its case. Not only individual attorneys, but multiple Plaintiffs—14 states have joined the United States in this case—could face signing briefs and agreeing to expert reports when they are not allowed to see information contained therein. Further, Plaintiffs' experts and support staff will not be able to effectively receive and use these exhibits or testimony, because the costs and complications of maintaining unnecessary security on these depositions would be extraordinary.

Second, Google has not and cannot explain how its unwieldy demands are necessary to protect sensitive material that has already been redacted from the documents. As explained above, Plaintiffs have agreed to extraordinary protections to protect sensitive information. Google has five opportunities to protect any "particularly sensitive material": (1) Google can redact certain personally identifiable information and sensitive health information under the terms of the subpoena; (2) Google can redact "particularly sensitive material," such as health, welfare, or family issues, under the agreement the parties have reached since the June status conference; (3) Google may designate such information as "confidential" or "highly confidential" under the Protective Order; (4) Google's witnesses are entitled to certain protections from being unreasonably embarrassed during deposition under Rule 30(d)(3); and (5) Google can seek an additional protective order under Rule 5.2(e) to redact or limit distribution of additional information for good cause.

Google has not explained how materials that have passed through these five levels of protection deserve a greater level of security than the highly sensitive business plans of third parties, which are generally subject to the use limits advocated here by the Plaintiffs. If a Google employee writes in her self-assessment, "I helped us reach 75 percent market share," there is

simply no reason why this document—and the related deposition testimony—should enjoy additional layers of presumptive protection. Were she to write the same thing in an email to a coworker, it would not be afforded such protection. Accordingly, the Court should reject Google's efforts to presumptively limit the use of depositions containing personal assessments or reviews.

Google argues that under their proposal, Plaintiffs could seek an exception for the broader use of deposition transcripts and exhibits on a case-by-case basis.[2] But if there is cause for additional protections for particular documents or deposition testimony, Google—the party requesting the protection—and not Plaintiffs should justify the need. Plaintiffs cannot practicably request an exception for each deposition exhibit and portion of testimony at the time they identify a specific need for the material. That approach would (1) undermine the Plaintiffs' preparation because only a limited set of attorneys would have access to the evidence in the deposition, (2) unfairly reveal to Google exactly which evidence Plaintiffs intend to use and when they intend to use it, and (3) raise a potential dispute that could require Court involvement for each and every document Plaintiffs wish to share with their full teams.[3]

Google argues that its proposed process is "straightforward and commonplace." It is not. Employee performance evaluations in antitrust cases are not subject to the protections Google

---

[2] Moreover, Plaintiffs' approach seeks to do just that—a reasonable and workable set of limitations in the case of the relatively few documents that are sufficiently relevant to be worth limited deposition time.

[3] While Plaintiffs only expect a narrow subset of the most relevant performance reviews and self-assessments to be used in deposition, if Plaintiffs use just one such document in each deposition, then this will amount to 80 disputes between the parties to be resolved under Google's proposal.

seeks to impose here.[4] To the contrary, they are regularly discussed in open court, including in recent high-profile antitrust cases. *See, e.g.*, *United States v. Am. Exp. Co.*, No. 10-cv-4496 (E.D.N.Y. 2014), Trial Tr. 742:22–746:10, 1994:7–1998:19, 2068:21–2070:23, 2133:22–2144:25, 5611:19–5618:17; *United States v. Aetna Inc.*, No. 16-cv-1494 (D.D.C. 2016), Trial Tr. 298:10–24; *United States v. Sabre Corp.*, No. 19-cv-1548 (D. Del. 2020), Trial Tr. 812:6–813:13.

For the foregoing reasons, Plaintiffs respectfully request that the Court order that performance reviews and self-assessments introduced as deposition exhibits be treated consistent with all other "Highly Confidential" documents under the Protective Order.

## IV.    Google's Position Statement

On June 29 the Court resolved a dispute between the parties regarding the production of Google employee performance evaluations and self-assessments by limiting the scope to those Google witnesses noticed for deposition and by directing the parties to ensure that there is an "agreement in place as to limitation on distribution" of those materials. June 29, 2021 Hr'g Tr. 31:19–20. The Court observed that these particular documents should not "just end up in the DOJ and the Colorado Plaintiffs' general database of records that can be accessed by anybody who's on the team," but rather should be "limited in availability," such as by being stored in a "password-protected location that's only accessible to a handful—to relevant lawyers." *Id.* 31:21–32:2.

The parties subsequently met and conferred and reached a partial agreement on distribution. At the DOJ Plaintiffs' request, Google agreed that each performance evaluation and

---

[4] Google now claims that such protections are "commonplace," but when arguing that these performance reviews and self-assessments were not relevant, counsel for Google told the Court it had "never heard" of such files being produced in antitrust cases. Hr'g Tr. at 31 (May 27, 2021).

self-assessment may be distributed to 16 of Plaintiffs' attorneys or other representatives—well beyond the "small group of people" originally envisaged. *Id.* 32:18–21. But the DOJ Plaintiffs have rejected even that generous arrangement for any performance evaluation or self-assessment that the Plaintiffs decide to use at a deposition. Specifically, the DOJ Plaintiffs' position is that the use of a performance evaluation or self-assessment at a deposition (a decision in the Plaintiffs' sole control) automatically lifts the applicable limitations on distribution, such that the materials are "treated the same as any other document in the litigation" unless Google can convince the Plaintiffs after the deposition that additional protections are warranted. July 22, 2021 Email from A. Cohen.

The DOJ Plaintiffs' position not only disregards the Court's guidance with respect to these materials, but also defies common sense. The "higher degree of sensitivity" that may inhere in a personnel file, *see* June 29, 2021 Hr'g Tr. 23:8–17, does not dissipate by virtue of the Plaintiffs deciding to question a witness regarding the document. Google's position is that the pertinent exhibit and the portion of the transcript addressing it should remain subject to the limitations on distribution that the Court directed the parties to apply. In practical terms, one of the 16 Plaintiffs' attorneys or staff with access to the document can simply redact the performance evaluation or self-assessment and the corresponding testimony before circulating the remainder of the exhibits and transcript to the Plaintiffs' broader group of lawyers and representatives.

In correspondence about this issue, the DOJ Plaintiffs have asserted that the limitations on distribution may become inconvenient or untenable under certain circumstances, such as if the Plaintiffs wish to include a self-assessment or performance evaluation in a Court filing or share it with an expert. In response, Google has committed to work with the Plaintiffs in good faith to

reach a reasonable accommodation should those circumstances arise. But a document subject to heightened confidentiality restrictions or limitations on distribution should not automatically lose that designation the moment that the Plaintiffs choose to introduce it at a deposition.

## V.      The Plaintiff States' Position Statement

The Plaintiff States served a 30(b)(6) deposition notice on July 22 to understand how Google analyzes consumer journeys using its proprietary data sources. As the Plaintiff States explained in their July 27 Joint Status Report, Google maintains data sources – known as session logs – that detail the pathway consumers take through Google's general search engine to their ultimate destinations where they complete their online tasks. These data sources not only provide information on users' searches, but also what information Google shows the user in response to those queries and how user behavior changes in response to the different types of information presented. In this way, these data sources are important to Plaintiff States' allegations that Google uses its monopoly power to throttle traffic to Specialized Vertical Providers by disadvantaging how they appear on the search results page with the effect of depriving them of user traffic and raising their costs. As a result, Google blunts the competitive benefits Specialized Vertical Providers would otherwise provide to competition and consumers.

Google documents demonstrate that Google itself uses session data and other data sources to understand the consumer journey. Plaintiff States are simply seeking an equal opportunity to understand the data sources available to Google to conduct these analyses.

As Plaintiff States have previously represented to the Court, Plaintiff States intend to issue a full-fledged data request by the end of September or October. Meeting this time frame is critical with expert reports coming due in April 2022. That leaves roughly only seven months for Google to produce responsive data and Plaintiff States to complete their analysis and prepare

10

expert reports, which is nearly as much time as it has taken for Google to respond to Plaintiff States' preliminary data requests.

Meeting Plaintiff States' time frame for serving full-fledged data requests, however, is dependent on Google's cooperation. First, as the Parties explained in the July 27 Joint Status Report, Plaintiff States requested that Google produce preliminary data responsive to Plaintiff States' First Request for Production by the end of August. Second, Plaintiff States served a 30(b)(6) data deposition on July 22, noticed for September 14, which would allow Plaintiff States to ask questions on the record about how Google deploys its data sources to conduct analyses on the user journey. Both processes, operating in conjunction, are intended to expedite the discovery process by providing Plaintiff States the information necessary to intelligently tailor follow-on data requests. The Plaintiff States have seen progress by Google in producing preliminary data in August, consistent with the Court's July 30 instructions. However, Google has yet to provide the Plaintiff States with a date for the data deposition, now more than a month after receiving the notice. Therefore, Plaintiff States request the Court order Google to identify a witness and schedule the 30(b)(6) data deposition for no later than September 30.

Second, and to move the process along, Plaintiff States offered to provide Google with a detailed letter laying out the granular topics to be covered in the deposition, which was provided on August 6. The letter was designed to assist Google in preparing for the deposition but also in hopes that written correspondence in response to the August 6 letter could help narrow the issues for the deposition. This process has been endorsed by Google's counsel. July 30, 2021 Status Conf. Tr. at 18:9-13 ("the 30(b)(6) notice for Colorado is a very, very very technical data-related 30(b)(6). In my experience, these types of technical data questions are best addressed almost in written correspondence, almost like informal interrogatories….").

However, Google's position on written correspondence has now shifted. Google now tells the Plaintiff States it does not intend to respond in writing because Plaintiff States will not commit to accepting Google's written responses as definitive without any opportunity for follow-up or clarification.

### A. Google has unreasonably delayed in identifying a 30(b)(6) deponent and scheduling the deposition.

The Plaintiff States served their 30(b)(6) data deposition notice on July 22 after months of meet-and-confers and exchanges of informal correspondence. Plaintiff States have persistently requested Google to identify a witness and schedule the deposition. These requests were made on July 27, during the July 30 Status Conference, and again on August 5, August 6, August 12, and August 17. Google only first responded to these requests on August 23, only three weeks from the date the deposition was noticed, saying that it was still investigating the topics in the deposition notice to determine which Google employee is best positioned to serve as the witness. In doing so, Google failed to commit to any date to complete this process and raised, for the first time, that it intended to serve responses and objections to the deposition notice.

To date, Google is still yet to identify a witness or provide any firm commitment on scheduling, despite having the deposition notice for more than five weeks and a list of detailed topics for three weeks. And now, Google informs the Plaintiff States it intends to serve responses and objections to Plaintiff States' deposition notice approximately two weeks before the date for which the deposition was noticed. Plaintiff States believe Google is causing undue delay in identifying and scheduling the 30(b)(6) deposition. Plaintiff States request the Court order Google to identify a witness and schedule the deposition for no later than September 30.

### B. Google has unreasonably changed its position on written correspondence contrary to representations made to the Court

Since the July 30 Status Conference, Google has reversed its position on providing

written responses to Plaintiff States detailed list of deposition topics provided to Google on

August 6. The Plaintiff States proposed to Google, immediately after serving the deposition

notice on July 22, the idea of a detailed letter expanding upon the topics noticed, which could

result in written correspondence that could narrow the issues while providing us with necessary

information. Google's counsel endorsed the idea and represented that it would respond to

Plaintiff States' list of detailed topics in hopes that it may moot the need for the deposition all

together. Hr'g. Tr. at 19:1-6 ("[Plaintiff States] are going to send [Google] a follow-up sort of

detailed letter asking for specific information that gives more detail and color as to exactly the

types of open issues that they're still looking for by 30(b)(6) or otherwise. And we're going to

try to work with them to sort of resolve that….").

The Plaintiff States agree that informal correspondence can help ensure for an efficient

deposition by narrowing the list of topics needed to be addressed. However, informal

correspondence is not a substitute for a deposition, which provides the opportunity to hear

directly from the company about its data sources and how it conducts analysis. Equally important

is that a deposition allows for follow up and clarifying questions that inevitably arise.

Google's position on informal correspondence has now completely reversed. Google now

represents that it will not respond to Plaintiff States' August 6 detailed letter, unless the Plaintiff

States agree to forego any opportunity to address certain topics in the deposition, including by

asking follow-up questions.

Google's request is inappropriate and unreasonable. The Plaintiff States have re-iterated

their position that written responses could help narrow the issues, lessen what needs to be done

in a deposition, and potentially eliminate some areas. The Plaintiff States have every incentive to

limit the number of deposition topics (especially given that every hour of a 30(b)(6) deposition is chargeable against all of the plaintiffs). It is entirely unreasonable for Google to expect the Plaintiff States to evaluate the sufficiency of Google's written responses *before receiving them*. The collapse of this process for narrowing deposition issues only magnifies the need for the Court to order that the deposition be held before the end of September.

* * *

To ensure that Plaintiff States avoid any other delays in propounding their full-fledged data requests, Plaintiff States request the Court order that Google (1) identify a witness for the 30(b)(6) data deposition by no later than September 3; (2) schedule the deposition for no later than September 30. Separately, Plaintiff States request an interim Joint Status Report for Wednesday, September 15 to resolve any disputes regarding Google's forthcoming responses and objections to Plaintiff States' 30(b)(6) deposition notice.

## VI.   Google's Position Statement

### A.   Written Questions

The States served a 30(b)(6) notice listing more than eighteen topics and sub-topics touching on Google search log data and "offered to provide Google a letter describing in more detail the topics included in Plaintiff States' notice." Aug. 5, 2021 Ltr. from J. Conrad to F. Rubinstein. Two weeks after serving that notice, the States wrote a letter listing well over 100 questions relating to similar topics. The States described the letter as "intended to aid [Google's] preparation; 'it is not a substitute for Google finding a person, agreeing with us on a date, and getting that deposition locked down.'" *Id.* (quoting July 30, 2021 Hr'g Tr. 28:12-4). Subject to its forthcoming responses and objections, Google has agreed to provide corporate testimony in response to the 30(b)(6) notice, but has declined to provide additional written answers to the States' extensive list of related questions. The Court should not order Google to respond to the

States' letter, for two reasons.

*First*, the States' list of questions is not a formal discovery request, and nothing in the Federal Rules or the Case Management Order requires Google to respond to the very long series of informal questions that the States have posed. Some of the States' questions are essentially interrogatories, asking Google to provide exhaustive lists of all files, logs, or events that meet certain criteria.[5] Some of the States' questions are document and data requests, for example "provide a copy of the referenced parser and documentation describing its functionality, and a sample of the [] Log and [] Frontend." And still others are more appropriate as deposition questions, for example "What is a parser? Please describe how a parser works." Forcing Google to respond to all of the States' questions on an informal basis would allow the States to circumvent the discovery limits set by the Court and would deprive Google of the protections that the Federal Rules provide. Some of the States' over 100 questions are irrelevant and/or would be so burdensome to answer that they are not proportional to the needs of the case, and Google would object to them if posed as discovery requests.

*Second*, the States' professed efficiency justification is not well taken. Prior to seeing the States' written questions, Google offered that it would consider answering a reasonable set of the States' written questions if doing so would eliminate the need for a 30(b)(6) deposition on these very same issues. The States would not agree to forego or even narrow the scope of the deposition in exchange for answers to their questions. Instead, the States said they might

---

[5] For example, Question 1.b.6 asks Google to identify every "raw log that does not feed into the sessions logs" and provide "(i) the name of the raw log; (ii) a list of the variables contained in the raw log; (iii)  the definition of each variable contained in the raw log; and (iv) the source of information of each variable contained in the raw log." Question 1.d.1 contains five sub-questions relating to "raw logs" being used to generate "other databases" that are not the search session logs on which the States have focused earlier inquiries. One sub-question asks Google to list every "program[], software, or utilit[y]" that might generate an "other database" and to "describe what each one does."

consider narrowing the deposition only after they receive Google's answers. That is no commitment at all, and demonstrates that there are no efficiencies to be gained from the States' request for further informal pre-deposition discovery.

**B.     Timing**

Google has agreed to serve any objections to the Plaintiff States' 30(b)(6) notice by September 3, 2021. Google has also agreed to work in good faith to schedule a date for the deposition in the month of September. Google agrees to provide the States with dates by September 3, 2021. As Google is still working on identifying the appropriate witness to cover the broad set of topics (subject to its forthcoming responses and objections), Google has told the states that it cannot yet commit to a date certain.

Dated: August 27, 2021                      Respectfully submitted,

                                          By:  /s/ *John E. Schmidtlein*
                                          John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
Williams & Connelly LLP
725 12th Street, NW
Washington, DC 20005
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
Wilson Sonsini Goodrich & Rosati P.C.
1700 K St, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com

Mark S. Popofsky (D.C. Bar No. 454213)
Ropes & Gray LLP
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

*Counsel for Defendant Google LLC*

By: */s/ Kenneth M. Dintzer*
Kenneth M. Dintzer
Jeremy M. P. Goldstein
U.S. Department of Justice, Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Kenneth.Dintzer2@usdoj.gov

*Counsel for Plaintiff United States*

By: ___/s/ Jonathan R. Carter_____
Leslie Rutledge, Attorney General
Johnathan R. Carter, Assistant Attorney General
Office of the Attorney General, State of Arkansas
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Johnathan.Carter@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

By: ___/s/ Adam Miller_____
Rob Bonta, Attorney General
Ryan J. McCauley, Deputy Attorney General
Adam Miller, Deputy Attorney General
Paula Blizzard, Supervising Deputy Attorney
General
Kathleen Foote, Senior Assistant Attorney General
Office of the Attorney General,
California Department of Justice
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102
Adam.Miller@doj.ca.gov

*Counsel for Plaintiff State of California*

By: ___/s/ Lee Istrail_____
Ashley Moody, Attorney General
R. Scott Palmer, Interim Co-Director, Antitrust
Division
Nicholas D. Niemiec, Assistant Attorney General
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

18

By:    */s/Daniel Walsh*
Christopher Carr, Attorney General
Margaret Eckrote, Deputy Attorney General
Daniel Walsh, Senior Assistant Attorney General
Dale Margolin Cecka, Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
dcecka@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

By:    */s/ Scott L. Barnhart*
Theodore Edward Rokita, Attorney General Scott
L. Barnhart, Chief Counsel and Director,
Consumer Protection Division
Matthew Michaloski, Deputy Attorney General
Erica Sullivan, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Scott.Barnhart@atg.in.gov

*Counsel for Plaintiff State of Indiana*

By:    */s/ Philip R. Heleringer*
Daniel Cameron, Attorney General
J. Christian Lewis, Executive Director of
Consumer Protection
Philip R. Heleringer, Deputy Executive Director of
Consumer Protection
Jonathan E. Farmer, Assistant Attorney General
Office of the Attorney General, Commonwealth of
Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Phone: 502-696-5647
philip.heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*

By: ___/s/ Stacie L. Deblieux_____
Jeff Landry, Attorney General
Stacie L. Deblieux, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
Deblieuxs@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

By: ___/s/ Wisam E. Naoum_____
Dana Nessel, Attorney General
Wisam E. Naoum, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lasing, MI 48909
NaoumW1@michigan.gov

*Counsel for Plaintiff State of Michigan*

By: ___/s/ Stephen Hoeplinger_____
Stephen M. Hoeplinger
Assistant Attorney General
Missouri Attorney General's Office
615 E. 13th Street, Suite 401
Kansas City, MO 64106
Stephen.Hoeplinger@ago.mo.gov

*Counsel for Plaintiff State of Missouri*

By: ___/s/ Hart Martin_____
Lynn Fitch, Attorney General
Hart Martin, Special Assistant Attorney General
Crystal Utley Secoy, Assistant Attorney General
Office of the Attorney General, State of
Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Hart.Martin@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

By: ___/s/ Mark Mattioli_____
Austin Knudsen, Attorney General
Mark Mattioli, Chief, Office of Consumer

Protection
Office of the Attorney General, State of Montana
P.O. Box 200151
555 Fuller Avenue, 2nd Floor
Helena, MT 59620-0151
mmattioli@mt.gov

*Counsel for Plaintiff State of Montana*

By:     /s/ Rebecca M. Hartner
Rebecca M. Hartner, Assistant Attorney General
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney General
C. Havird Jones, Jr., Senior Assistant Deputy
Attorney General
Mary Frances Jowers, Assistant Deputy Attorney
General
Office of the Attorney General, State of South
Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
RHartner@scag.gov

*Counsel for Plaintiff State of South Carolina*

By:     /s/ Bret Fulkerson
Bret Fulkerson
Office of the Attorney General, Antitrust Division
300 West 15th Street
Austin, Texas 78701
Bret.Fulkerson@oag.texas.gov

*Counsel for Plaintiff State of Texas*

By:     /s/ Gwendolyn J. Lindsay Cooley
Joshua L. Kaul, Attorney General
Gwendolyn J. Lindsay Cooley, Assistant Attorney
General
Wisconsin Department of Justice
17 W. Main St.
Madison, WI 53701
Gwendolyn.Cooley@Wisconsin.gov

*Counsel for Plaintiff State of Wisconsin*

21

By:   */s/ Jonathan B. Sallet*

Jonathan B. Sallet, Special Assistant
Attorney General (D.C. Bar No. 336198)
Steven Kaufmann, Deputy Attorney General
(D.C. Bar No. 1022365 *inactive*)
Diane R. Hazel, First Assistant Attorney
General (D.C. Bar No. 1011531 *inactive*)
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Tel: 720-508-6000
Jon.Sallet@coag.gov
Steve.Kaufmann@coag.gov
Diane.Hazel@coag.gov

*Counsel for Plaintiff Colorado*

Joseph Conrad
Office of the Attorney General of Nebraska
Consumer Protection Division
2115 State Capitol Building
Lincoln, NE 68509
402-471-3840
joseph.conrad@nebraska.gov

*Counsel for Plaintiff Nebraska*

Brunn W. (Beau) Roysden III, Solicitor
General
Michael S. Catlett, Deputy Solicitor General
Dana R. Vogel, Unit Chief Counsel
Christopher M. Sloot, Assistant Attorney
General
Arizona Office of the Attorney General
2005 North Central Avenue
Phoenix, Arizona 85004
Tel: (602) 542-3725
Dana.Vogel@azag.gov

*Counsel for Plaintiff Arizona*

Max Merrick Miller
Attorney General's Office for the State of
Iowa
1305 East Walnut Street, 2nd Floor
Des Moines, IA 50319
(515) 281-5926
Max.Miller@ag.Iowa.gov

*Counsel for Plaintiff Iowa*

Elinor R. Hoffmann
John D. Castiglione
Morgan J. Feder
Office of the Attorney General of New York
28 Liberty Street, 21st Floor
New York, NY 10005
212-416-8513
elinor.hoffmann@ag.ny.gov
john.castiglione@ag.ny.gov
morgan.feder@ag.ny.gov

*Counsel for Plaintiff New York*

Jonathan R. Marx
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
919-716-6000
Jmarx@Ncdoj.Gov
jsutton2@ncdoj.gov

*Counsel for Plaintiff North Carolina*

J. David McDowell
Jeanette Pascale
Christopher Dunbar
Office of The Attorney General & Reporter
P.O. Box 20207
Nashville, TN 37202
615-741-3519
david.mcdowell@ag.tn.gov
jenna.pascale@ag.tn.gov
chris.dunbar@ag.tn.gov

*Counsel for Plaintiff Tennessee*

Tara Pincock
Attorney General's Office Utah
160 E 300 S, Ste 5th Floor
PO Box 140874
Salt Lake City, UT 84114
801-366-0305
tpincock@agutah.gov

*Counsel for Plaintiff Utah*

Jeff Pickett
Senior Assistant Attorney General
jeff.pickett@alaska.gov
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Tel: (907) 269-5100

*Counsel for Plaintiff Alaska*

Nicole Demers
State of Connecticut Office of the Attorney
General
165 Capitol Avenue, Ste 5000
Hartford, CT 06106
860-808-5202
nicole.demers@ct.gov

*Counsel for Plaintiff Connecticut*

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
302-577-8924
michael.undorf@delaware.gov

*Counsel for Plaintiff Delaware*

Catherine A. Jackson (D.C. Bar No.
1005415)
Elizabeth Gentry Arthur
David Brunfeld
Office of the Attorney General for the
District of Columbia
400 6th Street NW
Washington, DC 20001
202-724-6514
catherine.jackson@dc.gov
elizabeth.arthur@dc.gov
david.brunfeld@dc.gov

*Counsel for Plaintiff District of Columbia*

Leevin Taitano Camacho, Attorney General
Fred Nishihira, Chief, Consumer Protection
Division
Benjamin Bernard Paholke, Assistant
Attorney General
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Tel: (671)-475-3324
bpaholke@oagguam.org

*Counsel for Plaintiff Guam*

Rodney I. Kimura
Office of the Attorney General of Hawaii
Commerce & Economic Development
425 Queen Street
Honolulu, HI 96813
808-586-1180
rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff Hawaii*

Brett DeLange
Office of the Idaho Attorney General
Consumer Protection Division
954 W. State St., 2nd Fl.
PO Box 83720
Boise, ID 83720-0010
208-334-4114
brett.delange@ag.idaho.gov

*Counsel for Plaintiff Idaho*

Erin L. Shencopp
Blake Harrop
Joseph Chervin
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
312-793-3891
eshencopp@atg.state.il.us
bharrop@atg.state.il.us
jchervin@atg.state.il.us

*Counsel for Plaintiff Illinois*

Lynette R. Bakker
Office of the Attorney General of Kansas
Consumer Protection & Antitrust
120 S.W. 10th Avenue, Ste 2nd Floor
Topeka, KS 66612-1597
785-368-8451
lynette.bakker@ag.ks.gov

*Counsel for Plaintiff Kansas*

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
Augusta, ME 04333-0006
207-626-8838
christina.moylan@maine.gov

*Counsel for Plaintiff Maine*

Schonette J. Walker
Assistant Attorney General
Deputy Chief, Antitrust Division
Office of the Attorney General
swalker@oag.state.md.us

Gary Honick
Assistant Attorney General
Office of the Attorney General
200 St. Paul Place, 19th Floor
Baltimore, MD 21202

410-576-6480
ghonick@oag.state.md.us

*Counsel for Plaintiff Maryland*

Matthew B. Frank, Assistant Attorney
General Antitrust Division
William T. Matlack, Assistant Attorney
General
Chief, Antitrust Division
Michael B. MacKenzie, Assistant Attorney
General
Deputy Chief, Antitrust Division
Office of the Attorney General
One Ashburton Place, 18th Fl.
Boston, MA 02108
Tel: (617) 727-2200
Matthew.Frank@mass.gov
William.Matlack@mass.gov
Michael.Mackenzie@mass.gov

*Counsel for Plaintiff Massachusetts*

Justin Moor, Assistant Attorney General
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2130
(651) 757-1060
justin.moor@ag.state.mn.us

*Counsel for Plaintiff Minnesota*

Marie W.L. Martin
Michelle Christine Newman
Lucas J. Tucker
Nevada Office of the Attorney General
Bureau of Consumer Protection
100 N. Carson Street
Carson City, NV 89701
775-624-1244
mwmartin@ag.nv.gov
mnewman@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff Nevada*

Brandon Garod
Office of Attorney General of New
Hampshire
33 Capitol Street
Concord, NH 03301
603-271-1217
brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff New Hampshire*

Robert Holup
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
239-822-6123
robert.holup@law.njoag.gov

*Counsel for Plaintiff New Jersey*

Mark F. Swanson
Cholla Khoury
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87504
Tel: 505.490.4885
mswanson@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff New Mexico*

Parrell D. Grossman
Director
Elin S. Alm
Assistant Attorney General
Consumer Protection & Antitrust Division
Office of the Attorney General
1050 E. Interstate Ave., Suite 200
Bismarck, ND 58503
701-328-5570
pgrossman@nd.gov
ealm@nd.gov

*Counsel for Plaintiff North Dakota*

Beth Ann Finnerty
Mark Kittel
Jennifer Pratt
Office of The Attorney General of Ohio,
Antitrust Section
30 E Broad Street, 26th Floor
Columbus, OH 43215
614-466-4328
beth.finnerty@ohioattorneygeneral.gov
mark.kittel@ohioattorneygeneral.gov
jennifer.pratt@ohioattorneygeneral.gov

*Counsel for Plaintiff Ohio*

Caleb J. Smith Assistant Attorney General
Consumer Protection Unit
Office of the Oklahoma Attorney General
313 NE 21st St
Oklahoma City, OK 73105
Tel: (405) 522-1014
Caleb.Smith@oag.ok.gov

*Counsel for Plaintiff Oklahoma*

Cheryl Hiemstra
Oregon Department of Justice
1162 Court St NE
Salem, OR 97301
503-934-4400
cheryl.hiemstra@doj.state.or.us

*Counsel for Plaintiff Oregon*

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Tel: (717) 787-4530
jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Pennsylvania*

Johan M. Rosa Rodríguez
Assistant Attorney General Antitrust
Division
Puerto Rico Department of Justice
PO Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 1201
jorosa@justicia.pr.gov

*Counsel for Plaintiff Puerto Rico*

David Marzilli
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400
dmarzilli@riag.ri.gov

*Counsel for Plaintiff Rhode Island*

Yvette K. Lafrentz
Office of The Attorney General of
South Dakota
1302 E. Hwy 14, Suite1
Pierre, SD 57501
605-773-3215
yvette.lafrentz@state.sd.us

*Counsel for Plaintiff South Dakota*

Ryan G. Kriger
Office of The Attorney General of
Vermont
109 State St.
Montpelier, VT 05609
802-828-3170
ryan.kriger@vermont.gov

*Counsel for Plaintiff Vermont*

Sarah Oxenham Allen
Tyler Timothy Henry
Office of the Attorney General of Virginia
Antitrust Unit/Consumer Protection Section
202 N. 9th Street
Richmond, VA 23219
804-786-6557
soallen@oag.state.va.us
thenry@oag.state.va.us

*Counsel for Plaintiff Virginia*

Amy Hanson
Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-5419
amy.hanson@atg.wa.gov

*Counsel for Plaintiff Washington*

Douglas Lee Davis
Tanya L. Godfrey
Office of Attorney General, State of West
Virginia
P.O. Box 1789
812 Quarrier Street, 1st Floor
Charleston, WV 25326
304-558-8986
doug.davis@wvago.gov
tanya.l.godfrey@wvago.gov

*Counsel for Plaintiff West Virginia*

Benjamin Mark Burningham
Amy Pauli
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
(307) 777-6397
ben.burningham@wyo.gov
amy.pauli@wyo.gov

*Counsel for Plaintiff Wyoming*

31