# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>　　　　　　　　　　Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA<br><br>██████████████████<br>██████████████████ |

| | |
|---|---|
| State of Colorado, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>　　　　　　　　　　Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA<br><br>██████████████████<br>██████████████████ |

## JOINT STATUS REPORT

In accordance with the Court's Minute Order dated July 30, 2021, the parties in *United States v. Google LLC* submit the following Joint Status Report outlining their positions as to a dispute regarding Plaintiffs' Third Request for Production of Documents. The parties will be prepared to address this dispute at the status conference scheduled for August 31, 2021, or at the Court's convenience.[1]

---

[1] Undersigned counsel for Google is unavailable August 23, 24, and 25.

I.      **DOJ Plaintiffs' Position Statement**

Google has provided a series of privilege logs covering most of the documents produced during this case. These privilege logs have made it possible for the Plaintiffs to review and challenge numerous problematic claims of privilege by Google. From Plaintiffs' challenges, Google has already reproduced *thousands of documents based on its re-review for erroneous privilege claims*. Plaintiffs continue to review the reproductions, but they include numerous corrections by Google—including (1) documents where some (or all) prior redactions have been removed, and (2) documents produced for the first time that were originally withheld in full.

There is a set of 25,000 privilege claims, however, for which Google has refused to provide a privilege log despite the company's obvious obligations under the Federal Rules of Civil Procedure. These 25,000 documents were initially produced during the U.S. Department of Justice's pre-litigation investigation, and are now the subject of the Plaintiffs' Third Requests For Production. Because Google has refused to provide the required privilege log, the Plaintiffs are unable to test Google's assertions of privilege and ensure Google's productions of all relevant non-privileged materials are complete.

A.      **Google Refuses to Produce Privilege Logs for Documents That Google Produced in Prior Antitrust Investigations**

Pursuant to Civil Investigative Demand (CID) 30092, Google's document productions in this litigation include documents (1) produced to the Federal Trade Commission during its 2007, 2011, and 2016 investigations, (2) produced to the Canadian Competition Bureau (CCB) during its 2013 investigation, and (3) produced to the European Commission (EC) during its 2017, 2018, and 2019 investigations (the "CID 30092 Documents"). Google relied on the existence of

this production in arguing that the Court should limit Google's production in this case.[2]

These CID 30092 Documents include approximately 25,000 documents that are redacted or fully withheld. Approximately 3,000 of these redacted or withheld files are from Google custodians who are scheduled for depositions in early September. Many of these privilege assertions are facially problematic, including withholding or redacting communications with outside third parties, documents where no attorney is involved, and business discussions where an attorney was merely carbon copied. *See* Ex. 1, Letter from L.Willard (DOJ) to F.Rubinstein (Google) (June 4, 2021).

These redactions, and others among the CID 30092 Documents, were not accompanied by any privilege log entries because Google has refused to provide the privilege logs submitted to the FTC, the CCB, and the EC. Google argued in response to Plaintiffs' numerous requests that the privilege logs were not sought by CID 30092.

Although Plaintiffs disagreed with Google's position, out of an abundance of caution and to cure any issue, Plaintiffs served Google a Third Requests for Production ("Third RFP") on June 21. Ex. 2, Plaintiffs' Third Requests for Production of Documents to Defendant Google LLC (June 21, 2021). The Third RFP included two requests: (1) the unredacted versions of any non-privileged content from the 25,000 documents from the CID 30092 Documents; (2) privilege logs associated with those 25,000 claims of privilege.[3] *Id*. In effect, the Third RFP

---

[2] March 30, 2021 Status Conference at 38:02-15 ("To this earlier time period, part of our thinking, and certainly part of our proportionality objection to some of these broad topics, was, in 2010, 2011, and 2012 and then, I guess, concluding in 2013, the Federal Trade Commission investigated these same subject matters, and we made voluminous productions to the Federal Trade Commission in 2011 and 2012, in that time period, during that investigation . . . . We reproduced – and as you might imagine, that touches on a lot of the same subjects went back earlier in time prior to them that the FTC was looking at. We reproduced all of those documents, hundreds and hundreds of thousands of documents to the DOJ as part of its investigation here.").

[3] The Third RFP requested:

afforded Google two simple options. First, Google could provide a privilege log for the 25,000

withheld documents—a privilege log which presumably already exists and need only be tailored

to Bates numbers in this case. Ex. 3, Letter from L. Willard (DOJ) to F. Rubinstein (Google)

(June 21, 2021). Alternatively, if Google has doubts about any of its 25,000 privilege claims on

this set, Google could reproduce some or all of the 25,000 withheld documents without

redactions and a revised privilege for any documents on which it continues to claim privilege. *Id*.

Ultimately, despite numerous letters, emails, and meet-and-confers, Google has refused

to comply with the Third RFP. The impasse frustrates Plaintiffs' ability to review legitimate

concerns about Google's erroneous privilege claims. For example:

- **GOOG-DOJ-00136528** is a fully withheld presentation that is authored by a non-lawyer and circulated to a group of 16 Google employees, only one of which is a lawyer, for business review. GOOG-DOJ-00136527. ███████████████████████████ ██████████████████████████████████████.

- **GOOG-DOJ-00131497** is a redacted email between non-lawyers about a "default search engine embedded within Firefox browsers." *See* GOOG-DOJ-00131498 (presentation attached to GOOG-DOJ-00131497)

- **GOOG-DOJ-01109664** is a redacted email between non-lawyers ██████████████ ████████████████████████████████████.

---

1. Submit all documents, in their original form, that were produced to the Division with redactions or were withheld entirely on the basis of privilege relating to any prior non-DOJ competition-related investigation since January 1, 2007, that involved the Company, including, but not limited to, any investigation by:
   a. the European Commission or any member country of the European Union;
   b. the Canadian Competition Bureau;
   c. the Federal Trade Commission
   Any non-privileged content in the original document must be produced without redaction.

2. Submit all privilege logs provided in connection with any investigations responsive to Request No. 1 and all correspondence with competition authorities about those privilege logs or the Company's privilege claims.

Depositions are due to begin in earnest over the next weeks, and a steady drum beat of depositions will follow. The Plaintiffs need these privilege logs to test the validity of Google's privilege claims. The parties are at an impasse, and quick resolution is crucial.

### B.   Google Must Log All Documents Withheld Under Claims Of Privilege

The Court should order Google to provide a privilege log for the 25,000 withheld or redacted documents subject to the Third RFP. The document request properly seeks the production of these documents under FED. R. CIV. P. 26(b)(1), Google must either produce the documents or provide a privilege log.

#### 1.   Google Cannot Invoke Privilege To Avoid Production Without A Privilege Log

Google cannot shield nonprivileged files from this litigation. Plaintiffs are entitled to obtain discovery of nonprivileged files that are relevant to Plaintiffs' claims or Google's defenses. Where Google seeks to withhold relevant files from discovery, it bears the burden of presenting "sufficient facts to establish privilege" or show that the requests impose undue burden or expense. *Bartholdi Cable Co., Inc. v. FCC*, 114 F.3d 274, 280 (D.C. Cir. 1997) (quoting *In re In re Sealed Case*, 737 F.2d 94, 99 (D.C. Cir. 1984)).

#### 2.   Google Has Improperly Refused To Provide Privilege Logs For The 25,000 Documents

Despite admitting that "Google served litigation logs in connection with the referenced investigations by the FTC, CCB, and EC" and that "Google's outside counsel in the U.S., Canada, and Europe do have access to a number of logs that were created in connection with the referenced investigations[,]" Google simply refused to turn the privilege logs over. Ex. 4, Letter from F. Rubinstein (Google) to L. Willard (DOJ) (Aug. 12, 2021).

Google's refusal smacks of gamesmanship. *See id.* ("the existence and accessibility of the logs is immaterial because Plaintiffs are not entitled to them"). Google's position, moreover, is

misguided because these documents have been produced *in this litigation*. The law is clear that Google must establish a valid claim of privilege for every redacted or withheld document produced. *Bartholdi Cable Co.*, 114 F.3d at 280; *see also* Fed. R. Civ. P 26(b)(5)(A)(ii) (requiring parties seeking to withhold information on the basis of privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim"). Whether Google first decided to claim privilege a week ago, a month ago, a year ago, or a decade ago, Google bears the onus of proffering sufficient facts to establish a valid claim of privilege now, should it wish to stand on that claim.

For example, should the Plaintiffs choose to challenge the privilege claim on GOOG-DOJ-01109664 (as described above) there is no privilege log for the Plaintiffs to reference to understand this claim, and no privilege log for the Court to examine to consider the efficacy of this claim. Certainly, Google does not, and cannot, point to any "prior production" exception to avoid its obligation to establish a valid privilege claim.

Any question about Google's duty to provide a privilege log, moreover, evaporated when Google received Plaintiffs Third RFP, which is designed to address Google's claimed—but unsubstantiated—privilege assertions in the 25,000 withheld and redacted documents. Even if Google is correct—and they are not—that they did not have an obligation to provide the privilege log under the CID, the Third RFP expressly calls for the unredacted copies of this same set of documents. The only two proper responses to the Third RFP are to produce the documents in full or to provide a privilege log for those redactions and withholdings.

Google has argued that it does not need to provide privilege logs because it merely produced the emails and documents "as-is" from the prior investigations. The Third RFP moots

this contention because it requests any non-privileged content from the original documents. For Google to continue to rely on the prior redactions and withholding, it must substantiate its privilege claims.

Significantly, Google has relied on its production of the CID 30092 Documents before this Court in defending a proportionality objection to other requests. That is, Google acknowledged the relevance of the CID 30092 Documents when Google represented to the Court on March 30, 2021, that the FTC investigated these "same subject matters[.]"[4] And again during its dispute with Microsoft, Google affirmed the relevance of the CID 30092 Documents.[5] Indeed, Google does not contest the relevance of the 25,000 withheld and redacted documents, but instead relies on the custodial and search term agreement made with respect to Plaintiffs' First and Second Requests for Productions. Ex. 4 at 2-3.

Google has argued that Plaintiffs are not entitled to seek either (a) privilege logs from FTC, CCB, or EC investigations, or (b) non-privileged material from redacted or withheld documents that did not hit on the search terms, custodians, and date ranges agreed to with respect to the First and Second RFPs. Google spins this argument out of whole cloth. In no way did the Plaintiffs ever absolve Google of its duties to properly log privilege claims. Google admits this

---

[4] March 30, 2021 Status Conference at 38:02-15 ("To this earlier time period, part of our thinking, and certainly part of our proportionality objection to some of these broad topics, was, in 2010, 2011, and 2012 and then, I guess, concluding in 2013, the Federal Trade Commission investigated these same subject matters, and we made voluminous productions to the Federal Trade Commission in 2011 and 2012, in that time period, during that investigation . . . . We reproduced – and as you might imagine, that touches on a lot of the same subjects went back earlier in time prior to them that the FTC was looking at. We reproduced all of those documents, hundreds and hundreds of thousands of documents to the DOJ as part of its investigation here.").

[5] *See* July 30, 2021 Status Conference at 56:20-57:1 ("[W]e have produced documents going back decades. And I think as I made reference to you, they are deposing – two for the first three deponents they're deposing left Google in 2013 and 2011. So clearly the plaintiffs think that there's something relevant to this case that goes back a long period of time.").

by their actions: they have produced privilege logs for their other claims of privilege in this case.

Moreover, the Third RFP is entirely distinct from *any* other RFP. The Third RFP is a targeted request that would enable Plaintiffs to evaluate the privilege claims on a discrete set of files that Google has already produced but without "sufficient facts to establish privilege." *Bartholdi Cable Co.*, 114 F.3d at 280 (quoting *In re Sealed Case*, 737 F.2d at 99). Google cannot use its agreements on the First and Second Requests for Productions to avoid fulfilling its obligation to substantiate its privilege claims.

Google also claims that the Third RFP is duplicative because the 25,000 redacted and withheld documents have been reproduced, with privilege log entries, in response to other Requests for Productions. This is demonstrably untrue. The examples cited earlier—GOOG-DOJ-00136528, GOOG-DOJ-00131497, GOOG-DOJ-01109664—have no duplicate; they were produced exclusively as the 25,000 redacted and withheld documents. There is no entry in any litigation privilege log for them. Moreover, based on the Plaintiffs' review of the files at issue, there are numerous, potentially thousands, of files sought by the Third RFP that do *not* have a duplicate in any of the files otherwise produced by Google.

The key point is that Google cannot assure Plaintiffs that all—or even the vast majority—of the 25,000 redacted and withheld documents have been separately produced with a privilege log entry. As such, Google must provide sufficient information to support the privilege redactions and withholdings from the reproduced prior antitrust investigation files. The Third RFP seeks to achieve this, and it is necessary given Plaintiffs' legitimate and validated concerns over Google's improper privilege determinations thus far.

## C.    CONCLUSION

For the reasons above, Plaintiffs ask the Court to compel Google to comply with Plaintiffs' Third RFP by producing any non-privileged documents from the CID 30092

Documents and by providing a privilege log for any document over which Google continues to claim privilege.

## II.     Google's Position Statement

The DOJ Plaintiffs seek to compel Google to re-review documents designated as privileged in other regulatory matters and to produce privilege logs submitted to the regulators in those other matters. Specifically, the DOJ Plaintiffs' Third RFP demands "all documents, in their original form, that were produced to the Division with redactions or were withheld entirely on the basis of privilege relating to any prior non-DOJ competition-related investigation since January 1, 2007" as well as "all privilege logs provided in connection with [those] investigations."

The DOJ Plaintiffs' request is unwarranted because Google's collection, review, and production of documents in the pre-complaint investigation and this litigation was performed independent of any prior investigations. Google is not relying on privilege determinations from other regulatory matters to withhold or exempt from logging ***any*** documents retrieved by searches performed during the DOJ's pre-complaint investigation or this litigation. Put another way, the documents collected in accordance with the parties' agreed search parameters have undergone a privilege review and privilege logging independent of their treatment in earlier investigations, such that they are being produced or logged in this litigation regardless whether they were collected for the first time in this case or previously reviewed in connection with a different investigation. In effect, the DOJ Plaintiffs' request is directed to documents that were (i) not captured by either the search strings used in the DOJ's investigation or any of the successive rounds of search strings applied in this litigation ***and*** (ii) deemed privileged in other matters, including investigations in which the regulator had the opportunity and incentive to challenge Google's privilege determinations. After receiving multiple rounds of document

discovery during the pre-complaint investigation and this litigation, the DOJ Plaintiffs are now scraping the bottom of an empty barrel.

Notably, the DOJ requested and received copies of the redacted documents from prior investigations by other agencies that are now the subject of the Third RFP approximately 18 months before the parties negotiated the custodians and search terms that Google used to respond to the First and Second RFP. Yet the DOJ Plaintiffs waited until *after* the parties reached agreement on those parameters to begin demanding production of the logs from prior investigations and a re-review of documents deemed privileged in those matters. The DOJ Plaintiffs' request is not only unwarranted in light of Google's approach to reviewing documents produced or withheld in earlier investigations, but also untimely in relation to the parties' agreement on search terms and unduly burdensome in view of the needs of the case. It should be denied in all respects.

### A.    Factual and Procedural Background

In August 2019, the DOJ issued a Civil Investigative Demand (CID) in which it requested that Google "[i]dentify each non-DOJ competition-related investigation since January 1, 2007 that involved" Google and "[s]ubmit all documents, data, white papers, or other submissions provided in connection with any [such] investigation." Google complied with the DOJ's request by re-producing to the DOJ copies of several hundred thousand documents that it previously had produced to other regulatory authorities, including the U.S. Federal Trade Commission (FTC), the Canadian Competition Bureau (CCB), and the European Commission (EC). Where the document was originally produced with a privilege redaction, Google re-produced it to the DOJ with that same redaction.

Around the same time, the DOJ issued another CID (No. 30120) seeking documents responsive to dozens of specifications. In response to that CID, the DOJ and Google negotiated a

set of custodians, search terms, and other parameters used to retrieve millions of potentially responsive documents. *See* Mar. 18, 2021 Joint Status Report (D.I. 118) at 17. In the course of collecting, reviewing, and producing those materials, Google did not exclude any documents on the basis that they were part of the sets that were previously produced to other regulators and then re-produced to the DOJ. Google likewise did not exclude any documents on the basis that they had been deemed privileged in connection with an earlier investigation. Rather, from the outset, Google conducted a separate privilege review process in responding to CID No. 30120, such that the documents were independently reviewed for privilege and then listed on Google's privilege log only if they were deemed privileged after that review.

Earlier this year, the DOJ Plaintiffs served Requests for Production seeking documents responsive to dozens of individually numbered requests. After months of meeting and conferring and several rounds of briefing, the parties reached agreement on the custodians, search terms, and other parameters used to locate millions of additional documents. *See* Apr. 23, 2021 Joint Status Report (D.I. 123) at 2. Again, Google did not exclude any documents on the basis that they were either produced to or withheld from other regulators that previously conducted their own investigations. And as it did in responding to CID No. 30120, Google is performing a separate privilege review process in response to the DOJ Plaintiffs' RFPs.[6]

After the DOJ Plaintiffs and Google reached agreement on search terms and other parameters of Google's custodial searches, the DOJ Plaintiffs began seeking production of

---

[6] The documents from earlier investigations that Google re-produced to the DOJ were collected and reviewed at various points in the decade before the DOJ requested them, and they were stored in older databases that had been archived or included incomplete metadata. It is therefore infeasible as a technical matter to de-duplicate the millions of documents collected in response to CID No. 30120 and the RFPs against the documents reviewed during earlier investigations. Accordingly, no such de-duplication has been performed, and the documents retrieved using the agreed search terms and other parameters have been subject to the same review process regardless whether they are among the prior investigation documents.

privilege logs that Google served in earlier investigations by other regulators, including the FTC, CCB, and EC. The DOJ Plaintiffs formalized their request through the Third RFP, which was served on June 21, 2021. The Third RFP seeks "all documents, in their original form, that were produced to the Division with redactions or were withheld entirely on the basis of privilege relating to any prior non-DOJ competition-related investigation since January 1, 2007" as well as "all privilege logs provided in connection with [those] investigations." The DOJ Plaintiffs have indicated during the meet-and-confer process that their objective is to force Google to re-review many or all of the documents that were withheld or redacted in prior investigations, even though those documents either (i) were separately logged or produced in this matter or (ii) were not captured by any of the searches performed in response to CID No. 30120 or the RFPs served in this litigation.

### B. The DOJ Plaintiffs' Third RFP Is Untimely and Unwarranted

As the foregoing makes clear, the DOJ Plaintiffs' request is tantamount to a demand that Google review additional custodial documents that were ***not*** retrieved by any of the agreed searches, and therefore not produced or logged in this case. Yet the DOJ Plaintiffs never requested these expanded searches as part of the comprehensive negotiations regarding custodians and search terms that occurred earlier this year. Pursuant to the Court's Order of March 23, 2021 (D.I. 120), Google agreed in April to 20 additional custodians and 20 additional search strings proposed by the DOJ Plaintiffs. Google also agreed, among other things, to expand the date ranges of many of the search strings that it previously applied and to re-review hundreds of thousands of documents deemed not responsive during the DOJ's pre-complaint investigation. While those discussions were ongoing, the DOJ Plaintiffs neither asked that Google re-review documents deemed privileged in prior investigations nor suggested that the parties expand the search strings and custodians with the objective of capturing more of those documents. The DOJ

Plaintiffs instead waited until after the parties reached agreement to raise the issue now before the Court. *See* Apr. 23, 2021 Joint Status Report (D.I. 123); Apr. 26, 2021 Email from D. Aguilar.

There is no justification for the timing of the DOJ Plaintiffs' request, which came approximately 18 months after Google produced the prior investigation documents at issue. After having obtained multiple rounds of expansive document discovery over the last two years, the DOJ Plaintiffs are now doubling back with overbroad and improper requests.

But even if the DOJ Plaintiffs had raised this issue in a timely manner, there would still be no sound justification for the DOJ Plaintiffs' request for privilege logs created by Google in connection with earlier investigations by other regulators. As explained above, Google is not relying on those logs to support any privilege claim made in connection with the DOJ Plaintiffs' pre-complaint investigation or this litigation. The responsive, privileged documents retrieved by the search terms and other parameters applied by Google at the DOJ Plaintiffs' request are included on a series of logs that are being produced during the course of this case.

During the meet-and-confer process, the DOJ Plaintiffs intimated that there could be documents that slipped through the proverbial cracks in that they (i) are relevant to this case even though they were not retrieved using the myriad search strings applied during the DOJ's investigation or this litigation *and* (ii) were withheld or redacted in earlier investigations even though they might not be privileged for purposes of this litigation. The DOJ Plaintiffs specifically claim to have encountered instances of what they contend may be overbroad redactions among the prior investigation documents that were re-produced to the DOJ in late 2019. The DOJ Plaintiffs generally have declined to identify those purportedly over-redacted documents for Google, and, in any case, "[t]he standard for evaluating discovery is

reasonableness, not perfection." *Prasad v. Geo. Wash. Univ.*, 323 F.R.D. 88, 93 (D.D.C. 2017).

Here, the DOJ has been permitted to conduct multiple successive rounds of document discovery

across its pre-complaint investigation and this litigation. At each juncture, the DOJ has been able

to rely on the documents and information disclosed by Google—including the document sets

originally produced to other regulators and reproduced to DOJ in response to its August 2019

CID—to craft additional searches directed to the documents that it deems relevant. Now that its

exhaustive process is complete, the DOJ Plaintiffs should not be permitted to demand a review of

custodial documents that were not retrieved by any of the agreed search terms.[7]

### C.    The DOJ Plaintiffs' Request Is Unduly Burdensome and Not Proportional to the Needs of the Case

For all of the reasons stated above, the DOJ Plaintiffs' request would be outside the

bounds of permissible discovery even if it imposed a minimal burden. As it stands, however, the

burden of any further review is substantial and cannot be justified in light of the vast scope of

Google's document discovery efforts.

The DOJ Plaintiffs have proposed in recent correspondence that Google re-review what

they call "the discrete set of" documents withheld as privileged in prior investigations "and

create a new litigation privilege log." Aug. 6, 2021 Ltr. from L. Willard. The scale of that "new

litigation privilege log"—which the DOJ estimates would include "approximately 25,000"

additional entries—would equal or exceed what is typically encountered in a large complex

litigation. *See id.* In this case, however, the request comes on top of the hundreds of thousands of

privileged documents that Google is already logging because they were retrieved by the

---

[7] As indicated above, it is not feasible to determine systematically when a document retrieved by the Plaintiffs' search terms was reviewed years ago in connection with investigations by the FTC, CCB, EC, or other regulators. For that reason, Google cannot accurately ascertain (and has not ascertained) the degree of overlap between the documents retrieved in response to the DOJ Plaintiffs' requests and the documents produced or withheld in prior investigations.

expansive searches performed during the pre-complaint investigation and this litigation. *See id.* Moreover, the DOJ Plaintiffs' unusually burdensome demand is being made well into fact discovery, without the lead time to undertake another large privilege logging operation alongside the massive ongoing operation stemming from the custodial searches that the parties agreed to a few months ago. And it is further exacerbated by the requests for documents and data that Plaintiffs continue to propound, including the DOJ Plaintiffs' Fourth RFP (which was served on July 28 and includes 10 requests with dozens of subparts) and the DOJ Plaintiffs' Fifth RFP (which was served on August 13 and includes 17 requests with dozens of subparts).

In the alternative, the DOJ Plaintiffs have proposed that Google produce all privilege logs created in connection with the prior investigations so that they can identify categories of withheld documents for Google to re-review. That proposal does not meaningfully affect the time and effort involved, however, because the DOJ Plaintiffs have indicated that they intend to insist on a re-review of many or all of the logged documents from prior investigations. The DOJ Plaintiffs have not agreed, or even offered, to identify only a small number of individual entries for re-review or to focus on a particular time period, custodian, or substantive issue. Instead, the DOJ Plaintiffs have signaled during the meet-and-confer process that they want access to all privilege logs from the prior investigations referenced above so that they can insist on re-reviews of entire categories of documents in addition to challenging specific entries.

The burden involved in this endeavor would be difficult to justify even if it were presented as an abstract question of whether Google should be required to reassess privilege determinations made in prior investigations. The DOJ Plaintiffs' position is untenable here given that Google has already assumed the burden of separately reviewing and logging privileged documents retrieved by the agreed search parameters, even if they were also withheld in those

earlier investigations. Under these circumstances, the DOJ Plaintiffs have not provided any

legitimate basis for compelling Google to undergo the burden and expense of producing all

privilege logs from prior investigations and re-reviewing or re-logging documents from those

logs.

Dated: August 20, 2021                         Respectfully submitted,

                                               By:____/s/ Kenneth M. Dintzer_____
                                               Kenneth M. Dintzer
                                               Jeremy M. P. Goldstein
                                               U.S. Department of Justice, Antitrust Division
                                               Technology & Digital Platforms Section
                                               450 Fifth Street NW, Suite 7100
                                               Washington, DC 20530
                                               Telephone: (202) 227-1967
                                               Kenneth.Dintzer2@usdoj.gov

                                               *Counsel for Plaintiff United States of America*

                                               By:____/s/ Jonathan R. Carter_____
                                               Leslie Rutledge, Attorney General
                                               Johnathan R. Carter, Assistant Attorney General
                                               Office of the Attorney General, State of Arkansas
                                               323 Center Street, Suite 200
                                               Little Rock, Arkansas 72201
                                               Johnathan.Carter@arkansasag.gov

                                               *Counsel for Plaintiff State of Arkansas*

By:_____/s/ Adam Miller_____
Rob Bonta, Attorney General
Ryan J. McCauley, Deputy Attorney General
Adam Miller, Deputy Attorney General
Paula Blizzard, Supervising Deputy Attorney
General
Kathleen Foote, Senior Assistant Attorney General
Office of the Attorney General,
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Adam.Miller@doj.ca.gov

*Counsel for Plaintiff State of California*


By:_____/s/ Lee Istrail_____
Ashley Moody, Attorney General
R. Scott Palmer, Interim Co-Director, Antitrust
Division
Nicholas D. Niemiec, Assistant Attorney General
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com

*Counsel for Plaintiff State of Florida*


By:_____/s/ Daniel Walsh_____
Christopher Carr, Attorney General
Margaret Eckrote, Deputy Attorney General
Daniel Walsh, Senior Assistant Attorney General
Dale Margolin Cecka, Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
dcecka@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

By: ___/s/ Scott L. Barnhart_____
Theodore Edward Rokita, Attorney General Scott
L. Barnhart, Chief Counsel and Director,
Consumer Protection Division
Matthew Michaloski, Deputy Attorney General
Erica Sullivan, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Scott.Barnhart@atg.in.gov

*Counsel for Plaintiff State of Indiana*


By: ___/s/ Philip R. Heleringer_____
Daniel Cameron, Attorney General
J. Christian Lewis, Executive Director of
Consumer Protection
Philip R. Heleringer, Deputy Executive Director of
Consumer Protection
Jonathan E. Farmer, Assistant Attorney General
Office of the Attorney General, Commonwealth of
Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Phone: 502-696-5647
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*


By: ___/s/ Christopher J. Alderman_____
Jeff Landry, Attorney General
Christopher J. Alderman, Assistant Attorney
General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
AldermanC@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

By: _____/s/ Wisam E. Naoum_____
Dana Nessel, Attorney General
Wisam E. Naoum, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
NaoumW1@michigan.gov

*Counsel for Plaintiff State of Michigan*

By: _____/s/ Kimberley G. Biagioli_____
Kimberley G. Biagioli
Assistant Attorney General
Missouri Attorney General's Office
615 E. 13th Street, Suite 401
Kansas City, Missouri 64106
Kimberley.Biagioli@ago.mo.gov

*Counsel for Plaintiff State of Missouri*

By: _____/s/ Hart Martin_____
Lynn Fitch, Attorney General
Hart Martin, Special Assistant Attorney General
Crystal Utley Secoy, Assistant Attorney General
Office of the Attorney General, State of
Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Hart.Martin@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

By: _____/s/ Mark Mattioli_____
Austin Knudsen, Attorney General
Mark Mattioli, Chief, Office of Consumer
Protection
Office of the Attorney General, State of Montana
P.O. Box 200151
555 Fuller Avenue, 2nd Floor
Helena, Montana 59620-0151
mmattioli@mt.gov

*Counsel for Plaintiff State of Montana*

19

By: ___/s/ Rebecca M. Hartner_____
Rebecca M. Hartner, Assistant Attorney General
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney General
C. Havird Jones, Jr., Senior Assistant Deputy
Attorney General
Mary Frances Jowers, Assistant Deputy Attorney
General
Office of the Attorney General, State of South
Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
RHartner@scag.gov

*Counsel for Plaintiff State of South Carolina*


By: ___/s/ Bret Fulkerson_____
Bret Fulkerson
Office of the Attorney General, Antitrust Division
300 West 15th Street
Austin, Texas 78701
Bret.Fulkerson@oag.texas.gov

*Counsel for Plaintiff State of Texas*


By: ___/s/ Gwendolyn J. Lindsay Cooley_____
Joshua L. Kaul, Attorney General
Gwendolyn J. Lindsay Cooley, Assistant Attorney
General
Wisconsin Department of Justice
17 W. Main St.
Madison, Wisconsin 53701
Gwendolyn.Cooley@Wisconsin.gov

*Counsel for Plaintiff State of Wisconsin*

By: __/s/ *John E. Schmidtlein*_____
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
Williams & Connelly LLP
725 12th Street, NW
Washington, DC 20005
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
Wilson Sonsini Goodrich & Rosati P.C.
1700 K St, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com

Mark S. Popofsky (D.C. Bar No. 454213)
Ropes & Gray LLP
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

*Counsel for Defendant Google LLC*