# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> Google LLC, <br><br> *Defendant*. | Case No. 1:20-cv-03010-APM |

**PLAINTIFFS' THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GOOGLE LLC**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs United States of America, and the States of Arkansas, California, Florida, Georgia, Indiana, Kentucky, Louisiana, Michigan, Mississippi, Missouri, Montana, South Carolina, Texas, and Wisconsin request that Defendant Google LLC produce the documents requested below, in accordance with Local Rule 26.2(d) of the U.S. District Court of Columbia, no later than 30 days after service of this request or at any other time or place counsel for the parties may agree or the Court may direct in the Case Management Order or otherwise. Documents shall be produced at the office of the U.S. Department of Justice, Antitrust Division, Technology and Digital Platforms Section, 450 Fifth Street NW, 7100, Washington, DC 20530, or at any other place counsel for the parties may agree.

## DEFINITIONS

1. The terms defined below and used in each of the topics should be construed broadly to the fullest extent of their meaning in a good-faith effort to comply with the Federal Rules of Civil Procedure. These definitions are provided solely for the purpose of these Requests for Production.

2. The terms "Google," "you," "your," and "the company" mean Google LLC, its domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing. The terms "parent," "subsidiary," "affiliate," and "joint venture" refer to any person in which there is partial (25 percent or more) or total ownership or control between the company and any other person.

3. The terms "and" and "or" have both conjunctive and disjunctive meanings.

4. The term "any" means each and every.

5. The term "documents" is defined to be synonymous in meaning and equal in scope to the usage of the phrase "documents or electronically stored information" in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and includes electronically stored information ("ESI") of any kind in the possession, custody, or control of the company.

6. The terms "sensitive Personally Identifiable Information" or "sensitive PII" mean information or data that would identify an individual, including a person's Social Security Number; or a person's name, address, or phone number in combination with one or more of their (a) date of birth; (b) driver's license number or other state identification number, or a foreign country equivalent; (c) passport number; (d) financial account number; or (e) credit or debit card number.

7. The terms "Sensitive Health Information" or "SHI" mean information or data about an individual's health, including medical records and other individually identifiable health information, whether on paper, in electronic form, or communicated orally. SHI relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

8. The singular includes the plural and vice versa.

9. The definitions provided herein shall apply to the terms defined regardless of capitalization.

## INSTRUCTIONS

1. These requests seek all responsive documents within your possession, custody, or control, whether or not prepared by you or a third party.

2. In addition to the specific instructions set forth below, these document requests incorporate the instructions set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the District of Columbia, and the Stipulation and Order Regarding Discovery Procedure ("ESI Order") (ECF # 86) or the operative version of that order in place at the time production is made. Subject to a valid claim of privilege, the entire document must be produced if any part of that document is responsive.

3. Unless otherwise stated, these requests are for all otherwise responsive documents relating to the United States or any part thereof, regardless of where those documents are kept.

4. Produce a legible copy of each document requested together with all non-identical copies and drafts of that document. Subject to the ESI Order, all metadata of electronic

documents must also be produced. You must retain all of the original documents for inspection or copying throughout the pendency of this case, any appeal(s), and any related proceedings.

  5. These requests are continuing in nature, and you must supplement your responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. Plaintiffs specifically reserve the right to seek supplementary responses and the additional supplementary production of documents before trial.

  6. Where a claim of privilege or other protection from discovery is asserted in objecting to any request or sub-part thereof, and any document is withheld (in whole or in part) on the basis of such assertion, you shall provide a log ("Privilege Log") in accordance with the Case Management Order (ECF #85) and ESI Order (ECF #86), or the operative versions of those orders in place at the time you provide a log.

  7. Do not produce any sensitive PII or SHI before discussing the information with Department representatives. If any document or data responsive to a particular request contains sensitive PII or SHI that is not responsive to that request, redact the unresponsive sensitive PII or SHI before producing the document or data. Provide an index that lists such redacted documents by document control number. If the index is available in electronic form, provide the index in that form.

  8. If documents, data, or other information responsive to a particular request no longer exist for reasons other than your document retention policy, describe the circumstances under which it was lost or destroyed, describe the information lost, list the request to which it was responsive, and list persons with knowledge of such documents, data, or other information.

**REQUESTS FOR PRODUCTION**

1. Submit all documents, in their original form, that were produced to the Division with redactions or were withheld entirely on the basis of privilege relating to any prior non-DOJ competition-related investigation since January 1, 2007, that involved the Company, including, but not limited to, any investigation by:

   a) the European Commission or any member country of the European Union;

   b) the Canadian Competition Bureau;

   c) the Federal Trade Commission;

Any non-privileged content in the original document must be produced without redaction.

2. Submit all privilege logs provided in connection with any investigations responsive to Request No. 1 and all correspondence with competition authorities about those privilege logs or the Company's privilege claims.

Dated: June 21, 2021

By: ___/s/ Kenneth M. Dintzer___
Kenneth M. Dintzer
U.S. Department of Justice, Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 227-1967
Kenneth.Dintzer2@usdoj.gov

*Counsel for Plaintiff United States of America*

By: */s/ Jonathan R. Carter*
Leslie Rutledge, Attorney General
Johnathan R. Carter, Assistant Attorney General
Office of the Attorney General, State of Arkansas
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Johnathan.Carter@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

By: */s/ Adam Miller*
Rob Bonta, Attorney General
Ryan J. McCauley, Deputy Attorney General
Adam Miller, Deputy Attorney General
Paula Blizzard, Supervising Deputy Attorney General
Kathleen Foote, Senior Assistant Attorney General
Office of the Attorney General,
California Department of Justice
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102
Adam.Miller@doj.ca.gov

*Counsel for Plaintiff State of California*

By: */s/ Lee Istrail*
Ashley Moody, Attorney General
R. Scott Palmer, Interim Co-Director, Antitrust Division
Nicholas D. Niemiec, Assistant Attorney General
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com

Scott.Palmer@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

By: */s/Daniel Walsh*
Christopher Carr, Attorney General
Margaret Eckrote, Deputy Attorney General
Daniel Walsh, Senior Assistant Attorney General
Dale Margolin Cecka, Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
dcecka@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

By: */s/ Scott L. Barnhart*
Theodore Edward Rokita, Attorney General Scott L. Barnhart, Chief Counsel and Director, Consumer Protection Division
Matthew Michaloski, Deputy Attorney General
Erica Sullivan, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Scott.Barnhart@atg.in.gov

*Counsel for Plaintiff State of Indiana*

By: */s/ Philip R. Heleringer*
Daniel Cameron, Attorney General
J. Christian Lewis, Executive Director of Consumer Protection
Philip R. Heleringer, Deputy Executive Director of Consumer Protection
Jonathan E. Farmer, Assistant Attorney General
Office of the Attorney General, Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Phone: 502-696-5647
philip.heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*

By:   */s/ Stacie L. Deblieux*
Jeff Landry, Attorney General
Stacie L. Deblieux, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
Deblieuxs@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

By:   */s/ Wisam E. Naoum*
Dana Nessel, Attorney General
Wisam E. Naoum, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lasing, MI 48909
NaoumW1@michigan.gov

*Counsel for Plaintiff State of Michigan*

By:   */s/ Kimberley G. Biagioli*
Kimberley G. Biagioli
Assistant Attorney General
Missouri Attorney General's Office
615 E. 13th Street, Suite 401
Kansas City, MO 64106
Kimberley.Biagioli@ago.mo.gov

*Counsel for Plaintiff State of Missouri*

By:   */s/ Hart Martin*
Lynn Fitch, Attorney General
Hart Martin, Special Assistant Attorney General
Crystal Utley Secoy, Assistant Attorney General
Office of the Attorney General, State of Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Hart.Martin@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

By:   */s/ Mark Mattioli*
Austin Knudsen, Attorney General
Mark Mattioli, Chief, Office of Consumer

8

Protection
Office of the Attorney General, State of Montana
P.O. Box 200151
555 Fuller Avenue, 2nd Floor
Helena, MT 59620-0151
mmattioli@mt.gov

*Counsel for Plaintiff State of Montana*

By:     */s/ Rebecca M. Hartner*
Rebecca M. Hartner, Assistant Attorney General
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney General
C. Havird Jones, Jr., Senior Assistant Deputy Attorney General
Mary Frances Jowers, Assistant Deputy Attorney General
Office of the Attorney General, State of South Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
RHartner@scag.gov

*Counsel for Plaintiff State of South Carolina*

By:     */s/ Bret Fulkerson*
Bret Fulkerson
Office of the Attorney General, Antitrust Division
300 West 15th Street
Austin, Texas 78701
Bret.Fulkerson@oag.texas.gov

*Counsel for Plaintiff State of Texas*

By:     */s/ Gwendolyn J. Lindsay Cooley*
Joshua L. Kaul, Attorney General
Gwendolyn J. Lindsay Cooley, Assistant Attorney General
Wisconsin Department of Justice
17 W. Main St.
Madison, WI 53701
Gwendolyn.Cooley@Wisconsin.gov

*Counsel for Plaintiff State of Wisconsin*

9

## CERTIFICATE OF SERVICE

I certify that on June 21, 2021, I served the foregoing on the below individuals via e-mail.

For Defendant Google LLC:

John Schmidtlein
WILLIAMS & CONNELLY LLP
725 12th Street NW
Washington, DC 20005
Telephone: (202) 434-5901
jschmidtlein@wc.com

Franklin M. Rubinstein
WILSON SONSINI
GOODRICH & ROSATI P.C.
1700 K St, NW
Washington, DC 20006
Telephone: (202) 973-8833
frubinstein@wsgr.com

Mark S. Popofsky
ROPES & GRAY LLP
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 508-4624
Mark.Popofsky@ropesgray.com


Dated: June 21, 2021

By:    /s/ Lauren S. Willard

Lauren S. Willard
U.S. Department of Justice, Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 549-8835
Lauren.Willard@usdoj.gov
_____

*Counsel for Plaintiff United States of America*