# EXHIBIT 3



**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20001*

June 21, 2021

**BY EMAIL DELIVERY**

Franklin Rubinstein
Wilson Sonsini Goodrich & Rosati
1700 K Street NW
Washington, D.C. 20006
frubinstein@wsgr.com

      Re:    <u>United States, et al. v. Google LLC</u>, No. 1:20-cv-03010 (D.D.C)

Dear Mr. Rubinstein:

    We write to follow-up on Plaintiffs' multiple requests that Google produce privilege logs for files withheld or redacted on the basis of privilege during the Federal Trade Commission's (FTC) investigations and provide the enclosed requests for production.[1]

    As noted in our June 4, 2021 letter, Google acknowledged the relevancy of the FTC files to this litigation when Google represented to the court that the Division's request for custodial files dating back to January 1, 2002, was overly burdensome because "in 2010, 2011, and 2012 and then, I guess, concluding in 2013, the Federal Trade Commission investigated these *same subject matters*, and [Google] made voluminous productions" during those investigations.[2] Because Google had produced these files to the Division during its investigation, Google asked "why do we need to go back" and "reinvent the wheel from the FTC's investigation which resulted in huge productions."[3]

    Google cannot use prior investigations as both a sword and a shield; asserting not only that the prior productions to the FTC and other competition authorities obviate the need for production here, but also that there is no need to allow the Division to assess the sufficiency of any privilege claims asserted over withheld and redacted files. The emails produced during the FTC and other foreign antitrust investigations were reproduced to the Division (with new Bates numbers) under CID 30092 and are now part of this

---

[1] Email from D. Aguilar to S. Baimel et al. (April 26, 2021); Email from A. Cohen to C. Connor et al. (May 11, 2021); Email from A. Cohen to C. Connor et al. (May 18, 2021); Letter from L. Willard to F. Rubenstein (June 4, 2021).

[2] March 30, 2021 Status Conference at 38:02-09 (emphasis added).

[3] *Id.*

litigation. Plaintiffs have *never* waived its right to challenge the sufficiency of Google's claims of privilege with regard to numerous relevant documents that appear to be erroneously redacted or withheld.

Indeed, the same privilege issues that we raised in our June 4 letter—including, but not limited to, issues of third-party waiver, communications strictly between non-lawyers, and communications where a lawyer is merely CC'd to shield documents from discovery rather than to seek legal advice—appear to recur in these prior investigation materials. Below are a few illustrative examples of the types of privilege claims that do not appear consistent with applicable case law:

- **GOOG-DOJ-00054938** is a thread of emails where Google redacts (a) business discussions between non-lawyers and (b) information sent by a third party (Samsung). On the page with the Bates Number ending in -941, a non-lawyer working for Google, emails "Andrew and Justin." From a subsequent email, "Andrew and Justin" appear to be Andrew Suh and Justin Choi, both of whom work for Samsung. This email on page -941 includes a redaction, as does an email on page -940, which is also addressed to Samsung's Suh and Choi, among others. Google cannot claim privilege on portions of an email sent to Samsung. Additionally, no lawyer appears in any later redacted email in this thread, which contains emails sent only among Google employees. For that reason as well, Google cannot assert attorney-client privilege.

- **GOOG-DOJ-01142781** is a thread of emails where Google redacts the contents of a New York Times journalist's email. Google cannot claim privilege over emails authored by the New York Times, a third party.

- **GOOG-DOJ-01157543** is a thread of emails between Hal Varian (Chief Economist) and Ellen Konar (former Dr. of Global Customer Labs), regarding "market share data." No lawyer appears on this email thread, yet Mr. Varian's email is redacted. There are numerous other examples of files redacted for privilege, yet no lawyer is included in the chain as either an author or recipient. *See, e.g.*, **GOOG-DOJ-01162835; GOOG-DOJ-01164018; GOOG-DOJ-01648762.**

- **GOOG-DOJ-01158653** is a thread of emails authored by non-lawyers, including Hal Varian, Tim Armstrong (former President of American Operations), and Rachel Whetstone (former SVP of Communications and Public Policy), where Google has redacted Mr. Armstrong's commentary about an "Open Search Foundation" article he authored. Although Kent Walker (SVP of Global Affairs) is carbon copied, he does not respond to the email thread and Ms. Whetstone instead replies to Mr. Armstrong's email with "could not have said it better myself! thanks Tim." Based on Ms. Whetstone's reply, Mr. Armstrong's message does not appear to be relaying or requesting legal advice from Mr. Walker.

Plaintiffs believe that Google is already obligated to review documents erroneously withheld or redacted from the FTC and other antitrust investigations that were reproduced to the Department of Justice in this matter. For clarity, however, we are issuing the enclosed RFP for this small set of documents. Google must reproduce unredacted versions of non-privileged content or explain in a sufficiently detailed

privilege log why these documents are entitled to the attorney-client privilege or work-product protection.

      We are prepared to meet and confer with Google later this week or early next week on the attached RFP as well as the privilege issues raised in our June 4 letter. We are open to discussing constructive ways to make Google's privilege review process as efficient as possible.

                                  Sincerely,
                                  */s/ Lauren Willard*

CC:
John E. Schmidtlein, Esq. (jschmidtlein@wc.com)
Mark S. Popofsky, Esq. (Mark.Popofsky@ropesgray.com)
Colette T. Connor, Esq. (cconnor@wc.com)