# EXHIBIT 4



Wilson Sonsini Goodrich & Rosati
Professional Corporation

1700 K Street NW
Fifth Floor
Washington, D.C. 20006-3817
O: 202.973.8800
F: 202.973.8899

FRANKLIN M. RUBINSTEIN
Internet: frubinstein@wsgr.com
Direct dial:  202.973.8833

August 12, 2021

**VIA E-MAIL**
Lauren S. Willard
Technology and Digital Platforms Section
U.S. Department of Justice
450 5th St. NW
Washington, DC 20530

Re:   *United States v. Google*, 1:20-cv-03010 (D.D.C.)

Dear Ms. Willard:

We write in response to your August 6, 2021 letter. Google provided responses regarding the timing of productions for re-reviewed materials from the files of the noticed deponents in connection with DOJ's June 4, 2021 and July 29, 2021 letters in an August 10, 2021 email. Google remains willing to expedite review for newly noticed deponents if necessary. Google will provide a response to the issues raised in DOJ's email response of August 11, 2021 in a forthcoming communication.

### A.  Draft Agreements

As stated on our August 5, 2021 call, there are a very large number of contracts in Google's production in this case spanning a wide range of topics. It is an unreasonable burden to expect Google to surgically identify the portions of each internal draft that reflect legal advice, particularly when DOJ already has the executed versions of these contracts as well as drafts that have been exchanged with third parties.

Google is open to re-reviewing certain draft agreements in principle. But DOJ has not so far identified any discrete set of agreements for which this exercise would yield non-cumulative evidence to justify the burden nor any aspect of the log entries for the documents listed on Attachment I that would suggest that Google's claim of privilege is improper.

WILSON SONSINI

Page 2

Google is willing to continue to meet and confer on this issue.

### B. Plaintiffs' Third Requests for Production

Plaintiffs have not addressed any of the valid objections that Google raised in its Responses and Objections to Plaintiffs' Third RFPs. In particular, Plaintiffs continue to ignore the fact that Google is not relying on privilege logs from any earlier investigations to withhold documents retrieved using the search terms, custodians, and other parameters that the parties agreed to apply in connection with CID No. 30120 and the First and Second RFPs. As we explained in the Responses and Objections, Google did not exclude any documents from its reviews, productions, or privilege logs on the basis that they were reviewed, produced, or withheld in these earlier investigations.

As it stands, Plaintiffs are assuming, without justification, that Google should reconsider privilege determinations made in response to earlier investigations by different regulatory authorities even though it has separately logged all privileged documents captured by the searches agreed to in this case. If Plaintiffs believe there is some basis for that position, then we encourage Plaintiffs to articulate it. We asked on the August 5 call whether Plaintiffs are relying on any precedent or other authority for the proposition that they should be entitled to challenge privilege determinations made in other matters after obtaining cloned discovery. Plaintiffs have not directed us to any such precedent or authority. And we asked on the July 15 call whether Plaintiffs are aware of any instance in their pre-complaint investigation or this litigation where they offered or agreed to limit the scope of Google's new custodial collections in light of its re-production of documents previously produced to other regulators. We have not received a response. In any event, we cannot reconcile Plaintiffs' position with the agreement the parties reached following the Court's March 23 Order. Google did not agree to review thousands of additional custodial documents that were not returned by any of Plaintiffs' proposed search strings, and it would have refused to do so if Plaintiffs had raised the issue before the parties reached agreement on April 22.

With respect to the questions you raised on August 2, we responded on the August 5 call and will do so again here to avoid any confusion or misinterpretation on Plaintiffs' part. Google served privilege logs in connection with the referenced investigations by the FTC, CCB, and EC, but the company does not have an at-the-ready final compiled set of logs from those investigations, all of which occurred years ago and involved varying formal and substantive requirements for claiming privilege. Google's outside counsel in the U.S., Canada, and Europe do have access to a number of logs that were created in connection with the referenced investigations and may have been delivered to the applicable regulator. As we explained on the

WILSON SONSINI

Page 3

August 5 call, however, the existence and accessibility of the logs is immaterial because Plaintiffs are not entitled to them, including for the reasons stated above.

Finally, with respect to burden, we have made clear in the Responses and Objections to Plaintiffs' Third RFP and on our two calls about this subject that any further review of the documents reflected on logs prepared in connection with other investigations would be unduly burdensome and not proportional to the needs of this case. Plaintiffs' observation that Google has "create[d] a new litigation privilege log . . . with hundreds of thousands of documents already in this litigation" illustrates the burden that Google has assumed and undermines the argument that Google should review yet another "set of 25,000 documents and create a new litigation privilege log." The suggestion that Google should instead produce any privilege logs submitted in prior investigations together with a "mapping index" is equally objectionable because Plaintiffs' stated objective is to force Google to review many or all of the "approximately 25,000 files" purportedly included on those logs. Under either "alternative," Google would confront the unjustifiable burden of having to review thousands of additional documents that (i) were not retrieved by any of the agreed custodial searches during Plaintiffs' pre-complaint investigation or in this litigation; (ii) are reflected on the privilege logs served in this matter; or (iii) have already been produced after being evaluated under the applicable standards for claiming privilege.[1]

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

/s/ Franklin M. Rubinstein

cc:
John E. Schmidtlein, Esq. (jschmidtlein@wc.com)
Mark S. Popofsky, Esq. (Mark.Popofsky@ropesgray.com)
Colette T. Connor, Esq. (cconnor@wc.com)

---

[1] As previously explained, we do not know how many documents fall into each of these three categories because it is not technically feasible to de-duplicate the documents collected and reviewed at Plaintiffs' request against the documents produced to the FTC, CCB, and EC in investigations that occured 5-10 years ago.