# EXHIBIT 3-A

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
ONE MANHATTAN WEST
NEW YORK, NEW YORK 10001
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
212-735-3276
DIRECT FAX
917-777-3276
EMAIL ADDRESS
KAREN.LENT@SKADDEN.COM

March 8, 2021

VIA EMAIL
Christine Sommer
U.S. Department of Justice
Antitrust Division
450 5th Street N.W.
Washington, D.C. 20530

      RE:    Apple Meet & Confer – March 4, 2021

Dear Christine:

      I write in response to your March 5, 2021 letter regarding DOJ's subpoena. We are disappointed by DOJ's mischaracterization of the parties' discussions to date. Apple has been diligently meeting and conferring with DOJ since receiving its subpoena on February 1, 2021, including having participated in weekly hour-long calls.

      Your assertion that Apple is in default because it failed to meet a March 3, 2021 "production deadline" is perplexing. DOJ never expressed the expectation that Apple would make a production by March 3 during any of our first three calls or in any of the parties' frequent email exchanges, instead raising the issue for the first time after the claimed deadline had passed. Quite the contrary, DOJ agreed to extend Apple's deadline to serve responses and objections to the subpoena while the parties engaged in discussions regarding the scope of the requests so that Apple's formal responses and objections would reflect the outcome of those discussions. DOJ's claim that it nevertheless expected Apple to meet a "production deadline" before the parties reached any agreement on the scope of the requests in the subpoena is nonsensical.

March 8, 2021
Page 2

      As we have explained, the DOJ subpoena is extraordinarily broad. When Apple requested that DOJ identify its "priority" requests to focus the parties' discussions in the near term, DOJ responded with a list of 15 separate requests (many of which include multiple sub-requests). Notwithstanding our good faith effort to engage in discussions with DOJ regarding the scope and relevance of these requests, DOJ has failed to provide any meaningful responses and has been unwilling to compromise or recognize the overbreadth and unduly burdensome nature of the requests. For example, Apple has objected to the breadth of DOJ's definition of "Relevant Product and Service," which, as defined, currently extends to nearly every aspect of Apple's business. Despite the fact that the definition and the requests in which it is used seek information with no possible relevance to the claims or defenses of any party, DOJ has refused to engage in a discussion to narrow the definition.

      Your repeated requests that the parties immediately discuss custodians and search terms before we have agreed on the scope of requests for which Apple will produce documents has the process entirely backwards. As Judge Mehta explained during the parties' February 25, 2021 status conference in which he rejected DOJ's attempt to take this same approach with its requests for production of documents to Google, parties need to work through the substance of requests first to have productive discussions regarding search terms and custodians. Apple has been diligent in its efforts to discuss the scope of DOJ's requests and move the process along.

      Moreover, your assertion that "Apple must fully engage with plaintiffs immediately to produce responsive documents and comply with plaintiffs' subpoenas, irrespective of what Google might or might not do" is unreasonable and inconsistent with DOJ's representations to Judge Mehta at the status conference. As an initial matter, Apple has been working towards producing responsive documents on the categories the parties have discussed that do not require custodial interviews or search terms. Apple will continue to engage with DOJ to negotiate an appropriate scope of documents to be produced, just as it will with the plaintiff states and Google. Apple only seeks to defer negotiation of search terms and custodians until it has received subpoenas from all of the parties and engaged in those negotiations, so that it can structure its custodial interviews and document collections in the most efficient manner. In the meantime, as we made clear during our March 4 call, Apple is prepared to discuss each of DOJ's specific requests and Apple's objections to those requests so that the parties can make progress in resolving the issues raised by DOJ's subpoena. We are surprised that DOJ is objecting to such a reasonable, efficient approach after it represented to the court at the status conference that third parties would only have to undertake the burden associated with document collections once. And, as we explained on our last call, DOJ's concerns of delay are unwarranted. Counsel for Google has informed Apple that it will serve its subpoena on Apple no later than March 12, 2021.

      As further explained during the March 4 meet and confer, Apple believes that continued discussions regarding Apple's objections to the scope of DOJ's subpoena is

March 8, 2021
Page 3

the most productive and efficient way forward.  Nevertheless, Apple will serve its responses and objections by the March 12 deadline as DOJ requests.  In light of this deadline, we do not believe it is productive to have a call to discuss our objections during our weekly scheduled time on March 11.  We will pick those calls back up on March 18 so that you have time to consider our responses and objections.

     Finally, Apple has no obligation to "explain the process it is using to locate responsive materials that do not require search terms or custodians" by providing you with the names of individuals we are speaking with to collect such documents.  As we explained on our February 24 call, these documents are being pulled from centralized locations.  The individuals we are speaking with do not have substantive information relevant to the case, but simply are directing us to the locations where the documents are located.

                                       Sincerely,

                                       /s/ *Karen Hoffman Lent*

                                       Karen Hoffman Lent

CC:  Steven Sunshine
       Danielle Menitove
       Heather Cicchese
       Jesús Alvarado-Rivera
       Adam Severt
       Aaron Comenetz
       Carter Coudriet
       Erin Shencopp
       John Sallet
       Kim Van Winkle