REDACTED, PUBLIC VERSION

# EXHIBIT 3-B

REDACTED, PUBLIC VERSION



**U.S. Department of Justice**

Antitrust Division

---

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20001*

March 23, 2021

Karen Hoffman Lent
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001

Re:   <u>*United States, et al. v. Google LLC*, No. 1:20-cv-03010-APM</u>
      <u>Subpoena to Apple—Reply to Apple's Responses & Objections</u>

Dear Karen:

We write to address issues raised in Apple's Responses & Objections ("R&Os") to the subpoena issued on February 1, 2021, by DOJ and the Co-Plaintiff states (collectively, "Plaintiffs"). We look forward to our meet and confer on Thursday, March 25 at 10:00 am EST to further discuss the issues raised in this letter and to seek prompt resolution.

**Introduction**

During our previous meet and confers, Apple refused to provide Plaintiffs with a production plan for the vast majority of the Requests for Production ("RFPs") included in Plaintiffs' Subpoena. Apple has stated that it cannot provide a production plan until Plaintiffs respond to Apple's objections relating to relevance and scope. We disagree, and have notified Apple that it is in noncompliance with our subpoena—regardless of its objections, Apple had and has a duty to produce whatever materials are producible subject to these objections. Moreover, Plaintiffs have already offered Apple several reasons why the RFPs in Plaintiffs' Subpoena are relevant and their scope is reasonable. However, to avoid further delays, and with the expectation that Apple will provide Plaintiffs a comprehensive production plan in the near future, Plaintiffs address Apple's objections in this letter. To avoid any misunderstanding, nothing in this letter or in our efforts to move this process forward is meant to disturb the following fact: Apple has provided neither the documents sought by the Plaintiffs' February 1, 2021 subpoena nor a schedule as to when they will be produced. Nothing in this document should be understood by Apple to relieve of those obligations.

First, we point out that Apple repeated boilerplate general objections throughout its R&Os regarding burden, vagueness, ambiguity, proportionality, scope, possession, and relevance. These objections are inherently improper. *DL v. District of Columbia*, 251 F.R.D. 38, 43 (D.D.C. 2008). Most of the types of objections Apple raises must be stated with specificity—particularly those of privilege and undue burden. Apple also raised many of these objections in the alternative, leaving unclear what Apple's intended

objections are regarding each request. Therefore, Apple has failed to meet its obligation to substantiate its objections with specificity.

**Apple's Timeframe Objections**

Apple objects to every request for documents dating to January 1, 2002, and further objects to requests dating to January 1, 2010. These objections are flawed.  That monetization and expansion enables Google to maintain its monopoly power Amended Complaint at ¶¶ 7, 84–87, 144–158.

Information dating back to 2002 is relevant, therefore, to develop Plaintiffs' allegations, theories, and presentation of the case related to Google's early search distribution strategy, restrictive conduct, and competitive effects. Further, this early temporal view is particularly important to examine the more competitive market conditions that existed in 2002 and on. Accordingly, requests dating back to 2002 are relevant, and requests dating back to 2010 are well within the reasonable temporal scope in this case. *See Kellam Energy, Inc. v. Duncan*, 616 F. Supp. 215, 218 (D. Del. 1985) (allowing discovery dating back to when scheme of monopolization may have begun even though it antedated the limitation period); *Maritime Cinema Serv. Corp. v. Movies En route, Inc.*, 60 F.R.D. 587, 591 (S.D.N.Y. 1973) ("In an antitrust action where the essence of the charge is that defendants have engaged in activity in restraint of competition, it is not unusual to touch on, or even probe, matters at the heart of the business dealing and competitive relationships of the parties.").

**Apple's Relevance Objections**

Apple's relevance objections to individual RFPs are also baseless. Courts have consistently held that relevance is broadly construed during discovery. *United States ex rel. Shamesh v. CA, Inc.*, 314 F.R.D. 1, 8 (D.D.C. 2016). In antitrust litigation, courts emphasize this liberal view of relevance. Discovery has been ruled relevant including when the information sought: 1) might not be ultimately admissible at trial; 2) might help prove or disprove theories in the case; 3) pertains to a matter that could lead to another matter that could bear on any issue on the case; or 4) could have a probable effect on the organization and presentation of the case. Apple itself has pursued and argued for similarly broad interpretations of relevant discovery on third parties. *See Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640 (N.D. Cal.).

Additionally, Plaintiffs' provide the following information. This information is intended only to be illustrative and is not intended to waive any arguments about relevance not presented. Citations to "AC" refer to the Amended Complaint.

RFP No. 1

Plaintiffs' Complaint alleges that Google has engaged in a pattern of exclusionary conduct through restrictive agreements with distribution partners to acquire and maintain

2

Google's monopolies in the relevant products of general search services, search advertising, and general text search advertising. *See generally* AC at ¶¶ 4–10, 88, 97, 101, 108–10, 111–65. Apple is Google's largest search-distribution partner. *Id.* at ¶¶ 4, 43, 45, 46, 49, 56, 64, 85–87, 118–22. [REDACTED]

Therefore, RFP No. 1 is relevant to this litigation as it seeks documents to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) distribution of the relevant products and Google's largest search-distribution partner; 2) Google's distribution payments; 3) the definition of the relevant product and geographic markets; 4) competition in the relevant product and geographic markets; and 5) competitive effects in the relevant product and geographic markets. The allegations and theories in this matter also include, among others, distribution and foreclosure of the relevant products through 1) operating systems, 2) web browsers, 3) voice-activated services, 4) user devices, and 5) software applications. *See generally* AC at ¶¶ 2–6, 84–87, 111–22, 156–66.

Plaintiffs are willing to limit the scope of RFP No. 1.b.iii and defer the following Relevant Products or Services: 1) operating systems; 2) devices; 3) video and music streaming services; 4) software applications; 5) news services; and 6) map-based search services. Plaintiffs note that any request seeking information, documents, or data about 1) internet search engines (general search or specialized search), or 2) digital advertising, would still call for such information, documents, or data even when the search or digital advertising takes places through one of these deferred Relevant Products or Services. Plaintiffs also reserve their rights to seek additional information regarding these deferred Relevant Products or Services if additional evidence shows that such information is necessary.

### RFP No. 2

Plaintiffs' Complaint alleges that Google has engaged in a pattern of exclusionary conduct through restrictive agreements with distribution partners to acquire and maintain Google's monopolies in the relevant products of general search services, search advertising, and general text search advertising. *See generally* AC at ¶¶ 4–10, 88, 97, 101, 108–10, 111–65. Apple is Google's largest search-distribution partner. *Id.* at ¶¶ 4, 43, 45, 46, 49, 56, 64, 85–87, 118–22. [REDACTED] The current iteration of Google's distribution agreement with Apple gives Google the preset default position on all significant search access points for Apple computers and mobile devices. *Id.* at ¶ 86. Plaintiffs' Complaint also alleges that business practices regarding user data and privacy are important features in the relevant markets. *See, e.g.*, AC at ¶¶ 9, 13, 167. Plaintiffs' Complaint further alleges that Google's exclusionary agreements with distribution partners have harmed consumers. *Id.* at ¶¶ 167, 177, 184.

Therefore, RFP No. 2 is relevant to this litigation as it seeks documents to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) distribution of

3

the relevant products and Google's largest search-distribution partner; 2) Google's distribution payments; 3) the definition of the relevant product and geographic markets; 4) competition in the relevant product and geographic markets; 5) data protection and use of user data; 6) consumer harm or passthrough; and 7) joint efforts by Google and Apple to defend their search-distribution agreements.

### RFP No. 3

Plaintiffs' Complaint alleges that Google has engaged in a pattern of exclusionary conduct through restrictive agreements with distribution partners to acquire and maintain Google's monopolies in the relevant products of general search services, search advertising, and general text search advertising. *See generally* AC at ¶¶ 4–10, 88, 97, 101, 108–10, 111–65. Apple is Google's largest search-distribution partner. *Id.* at ¶¶ 4, 43, 45, 46, 49, 56, 64, 85–87, 118–22. [REDACTED] Plaintiffs' Complaint also alleges that Google's exclusionary agreements with distribution partners have harmed consumers. *Id.* at ¶¶ 167, 177, 184.

Therefore, RFP No. 3 is relevant to this litigation as it seeks documents to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) distribution of the relevant products and Google's largest search-distribution partner; 2) distribution payments; 3) the definition of the relevant product and geographic markets; 4) competition in the relevant product and geographic markets; 5) competitive effects in the relevant product and geographic markets; and 6) consumer harm or passthrough. The allegations and theories in this matter also include, among others, distribution and foreclosure of the relevant products through 1) operating systems; 2) web browsers; 3) voice-activated services; 4) user devices; and 5) software applications. *See generally* AC at ¶¶ 2–6, 84–87, 111–22, 156–66.

Plaintiffs are willing to limit the scope of the Relevant Products or Services in RFP No. 3.c, and 3.e to defer the following Relevant Products or Services: 1) operating systems; 2) video and music streaming services; 3) software applications; 4) news services; and 5) map-based search services. Plaintiffs note that any request seeking information, documents, or data about 1) internet search engines (general search or specialized search), or 2) digital advertising, would still call for such information, documents, or data even when the search or digital advertising takes places through one of the deferred Relevant Products or Services. Plaintiffs also reserve their rights to seek additional information regarding these deferred Relevant Products or Services if additional evidence shows that such information is necessary.

### RFP No. 4

Plaintiffs' Complaint alleges that Apple is Google's largest search-distribution partner AC at ¶¶ 4, 43, 45, 46, 49, 56, 64, 85–87, 118–22. [REDACTED] The current iteration of Google's distribution agreement with Apple gives Google the preset default position on all

4

significant search access points for Apple devices. *Id.* at ¶ 86. The agreement denies rivals the benefit of scale, which limits the quality of rival general search and search advertising products as well as the audience to attract advertisers. *Id.* at ¶ 122. Google's anticompetitive conduct creates a barrier to entry by eliminating rivals' ability to build the scale necessary to compete. *Id.* at ¶ 95. Plaintiffs' Complaint alleges that there are significant barriers to entry in general search services and search advertising. *Id.* at ¶¶ 94, 110.

Therefore, RFP No. 4 is relevant to this litigation as it seeks documents to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) distribution of the relevant products and Google's largest search-distribution partner; 2) distribution payments; 3) the definition of the relevant product markets; 4) competition in the relevant product markets; 5) competitive effects in the relevant product markets; and 6) entry in the relevant product markets.

Plaintiffs are willing to limit the scope of RFP No. 4.a.ii and defer the following Relevant Products or Services: 1) operating systems; 2) devices; 3) video or music streaming services; 4) software applications; 5) news services; and 6) map-based search services. Plaintiffs note that any request seeking information, documents, or data about 1) internet search engines (general search or specialized search), or 2) digital advertising, would still call for such information, documents, or data even when the search or digital advertising takes places through one of these deferred Relevant Products or Services. Plaintiffs also reserve their rights to seek additional information regarding these deferred Relevant Products or Services if additional evidence shows that such information is needed for the case.

### RFP No. 5

Plaintiffs' Complaint alleges that Apple is Google's largest search-distribution partner. AC at ¶¶ 4, 43, 45, 46, 49, 56, 64, 85–87, 118–22. Plaintiffs' Complaint also alleges that Google has aligned Apple's financial interests with its own by paying Apple a portion of the monopoly rents extracted from advertisers. *Id.* at ¶ 122. Apple and Google's CEOs have met to discuss coordination between their companies. *Id.* at ¶ 120. Plaintiffs' Complaint further alleges that a senior Apple employee informed Google of Apple's "vision ... that we work as if we are one company." *Id.*

Therefore, RFP No. 5 is relevant to this litigation as it seeks documents to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) distribution of the relevant products and Google's largest search-distribution partner; 2) Google's distribution payments; 3) competition in the relevant product markets; and 4) joint efforts by Google and Apple to defend their search-distribution agreements.

### RFP No. 6

Plaintiffs' Complaint alleges, based on representations by Apple, that Apple has not developed and does not offer its own general search engine. AC at ¶ 118. ███████████████████████████████████████████████████████████████████████████████████████████████. Plaintiffs' Complaint alleges that there are significant barriers to entry in general search services and search advertising. *Id.* at ¶¶ 94, 110.

5

Therefore, RFP No. 6 is relevant to this litigation as it seeks documents to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) distribution of the relevant products and Google's largest search-distribution partner; 2) competition in the relevant product markets; and 3) entry in the relevant product markets.

### RFP No. 7

Plaintiffs' Complaint alleges that Google has engaged in a pattern of exclusionary conduct through restrictive agreements with distribution partners to acquire and maintain Google's monopolies in the relevant products of general search services, search advertising, and general text search advertising. *See generally* AC at ¶¶ 4-10, 88, 97, 101, 108–10, 111–65. The current iteration of Google's distribution agreement with Apple gives Google the preset default position on all significant search access points for Apple devices. *Id.* at ¶ 86. Plaintiffs' Complaint alleges that Apple is Google's largest search-distribution partner. *Id.* at ¶¶ 4, 43, 45, 46, 49, 56, 64, 85–87, 118–22. Plaintiff's Complaint also alleges that Apple made Google the preset default general search engine on Siri and Spotlight in 2016. *Id.* at ¶ 86. [REDACTED]. Plaintiffs' Complaint further alleges that the selection of Google as the default search engine on Siri and Spotlight made Google the preset default on all significant search access points for Apple computers and mobile devices. AC at ¶ 86.

Therefore, RFP No. 7 is relevant to this litigation as it seeks documents to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) distribution of the relevant products and Google's largest search-distribution partner; 2) Google's distribution payments; 3) the definition of the relevant product and geographic markets; and 4) competition in the relevant product and geographic markets.

### RFP No. 8

Plaintiffs' Complaint alleges that Apple is Google's largest search-distribution partner. AC at ¶¶ 4, 43, 45, 46, 49, 56, 64, 85–87, 118–22. Plaintiffs' Complaint further alleges that there are only four meaningful search providers in the US general search services market: Google, Bing, Yahoo!, and DuckDuckGo. *Id.* at ¶ 92. Only two—Google and Bing—maintain a comprehensive search index, which is a fundamental component of a general search engine. *Id.* at ¶ 94. Plaintiffs' Complaint also alleges that the quality of a general search engine and the reach of a search advertising business depends heavily on scale, and Google's anticompetitive conduct effectively eliminates rivals' ability to build the scale necessary to compete. *Id.* at ¶¶ 8, 35, 96.

Therefore, RFP No. 8 is relevant to this litigation as it seeks documents to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) the definition of the relevant product markets; 2) competition in the relevant product markets; 3) competitive effects in the relevant product markets; and 4) data protection and use of user data. The allegations and theories in this matter also include, among others, distribution and foreclosure of the relevant products through 1) operating systems, 2) web browsers, 3) voice-activated services, 4) user devices, and 5) software applications. *See generally Id.* at ¶¶ 2–6, 84 87, 111–22, 156–66.

Plaintiffs are willing to limit the scope of RFP No. 8.a and defer the following Relevant Products or Services: 1) video and music streaming services; 2) news services, and 3) map-based search services. Plaintiffs note that any request seeking information, documents, or data about 1) internet search engines (general search or specialized search), or 2) digital advertising, would still call for such information, documents, or data even when the search or digital advertising takes places through one of these deferred Relevant Products or Services. Plaintiffs also reserve their rights to seek additional information regarding these deferred Relevant Products or Services if additional evidence shows that such information is necessary.

### RFP No. 9

Plaintiffs' Complaint alleges that Google has engaged in a pattern of exclusionary conduct through restrictive agreements with distribution partners to acquire and maintain Google's monopolies in the relevant products of general search services, search advertising, and general text search advertising. *See generally* AC at ¶¶ 4–10, 88, 97, 101, 108–10, 111–65. Apple is Google's largest search-distribution partner. *Id.* at ¶¶ 4, 43, 45, 46, 49, 56, 64, 85–87, 118–22. [REDACTED] Plaintiffs' Complaint also alleges that Google relies upon user location both to improve its search engine quality and to offer users more optimized results, including ads. *See, e.g.*, AC at ¶¶ 35, 91, 107. Apple receives billions of dollars every year from Google, as a result of Google's monetization of ads shown to Apple users. *Id.* at ¶¶ 118 121. Plaintiffs' Complaint further alleges that Google's exclusionary agreements with distribution partners have harmed consumers. *Id.* at ¶¶ 167, 177, 184.

Therefore, RFP No. 9 is relevant to this litigation as it seeks documents to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) distribution of the relevant products and Google's largest search-distribution partner; 2) Google's distribution payments; 3) the definition of the relevant product and geographic markets; 4) competition in the relevant product and geographic markets; and 5) consumer harm or passthrough.

Plaintiffs are willing to limit the scope of RFP No. 9 and defer the following Relevant Products or Services: 1) operating systems; 2) devices; 3) video and music streaming services; 4) software applications; and 5) news services. Plaintiffs note that any request seeking information, documents, or data about 1) internet search engines (general search or specialized search), or 2) digital advertising, would still call for such information, documents, or data even when the search or digital advertising takes places through one of these deferred Relevant Products or Services. Plaintiffs also reserve their rights to seek additional information regarding these deferred Relevant Products or Services if additional evidence shows that such information is necessary.

### RFP No. 10

Plaintiffs' Complaint alleges that Google has engaged in a pattern of exclusionary conduct through restrictive agreements with distribution partners to acquire and maintain Google's monopolies in the relevant products of general search services, search

advertising, and general text search advertising—including search access points such as voice assistants. *See generally* AC at ¶¶ 4–10, 12, 41, 80, 86, 88, 97, 101, 108–10, 111–65. Plaintiffs' Complaint details the import of voice assistants to search access points and search services. *See, e.g., id.* at ¶¶ 12, 41, 44, 80. "Voice search is an important emerging access point. Internal Google documents have recognized that the '[v]oice platform will become the future of search.'" *Id.* at ¶ 141. "Google has turned its sights to emerging search access points, such as voice assistants, ensuring that they too are covered by the same anticompetitive scheme." *Id.* at ¶¶ 12, 80. Apple's voice assistant, Siri, has been captured by the Google-Apple search arrangement. *Id.* at ¶¶ 86, 118. Searches executed through Siri generate user data valuable for general and specialized search engines, including potential new entrants.

Therefore, RFP No. 10 is relevant to this litigation as it seeks documents to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) distribution of the relevant products and Google's largest search-distribution partner; 2) the definition of the relevant product markets; 3) competition in the relevant product markets; 4) competitive effects in the relevant product markets; 5) entry into the relevant product markets; and 6) data protection and use of user data.

RFP No. 11

Plaintiffs' Complaint alleges that Google's ability to collect user data affords Google scale that permits provision of higher quality search. AC at ¶¶ 8, 22, 35–38, 94–95, 110, 113, 115, 122. Apple controls the operating systems, devices, and search access points where almost 50% of Google's search traffic originates, according to Google's estimates. *Id.* at ¶ 121. These searches generate a trove of user data valuable for general and specialized search engines, including potential new entrants. Apple maintains distinct privacy policies that claim to limit the amount of information passed to search engines when a user executes a search.

Therefore, RFP No. 11 is relevant to this litigation as it seeks documents that permit evaluation of Google's and Apple's privacy policies. It also seeks documents related to Apple's user data and its role in digital advertising and search. The request seeks documents to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) distribution of the relevant product and Google's largest distribution partner; 2) data protection and use of user data; 3) entry into the relevant product markets; and 4) consumer harm or passthrough.

RFP No. 12

Plaintiffs' Complaint alleges that default status is a significant and coveted advantage in internet search. *See* AC at ¶¶ 3, 38, 41, 47, 51, 118, 119. A core element of Google's ability to maintain monopoly power has been to secure default status through revenue sharing agreements. *Id.* at ¶¶ 4, 10, 56, 85–87, 118–19, 124, 144, 151, 155–57. Plaintiffs' Complaint also alleges that browsers are one of the most important distribution channels for general search services because they are the gateway to the internet for most consumers. *Id.* at ¶ 158. Google has revenue-sharing agreements with nearly every significant, non-Google browser besides those distributed by Microsoft. *Id.* at ¶ 87. These agreements generally require the browsers to make Google the preset default general search engine. *Id.* at ¶ 156. All told, over 85 percent of all browser usage in the US occurs

on Google's Chrome browser or on a browser covered by a revenue-sharing agreement. *Id.* at ¶ 158. Plaintiffs' Complaint alleges that Google pays Apple an estimated $8 to $12 billion each year, which constitutes approximately 15 to 20% of Apple's worldwide net income, pursuant to Google's revenue-sharing agreements with Apple. *Id.* at ¶ 118. This exchange effectively secures exclusivity for Google and forecloses Google's rivals from competing. *Id.* at ¶¶ 119, 121, 176.

Therefore, RFP No. 12 is relevant to this litigation as it seeks documents to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) distribution of the relevant product and Google's largest distribution partner; 2) the definition of the relevant product markets; 3) competition in the relevant product markets; 4) competitive effects in the relevant product markets; and 5) entry in the relevant product markets.

### RFP No. 13

Plaintiffs' Complaint alleges that Google has engaged in a pattern of exclusionary conduct through restrictive agreements with distribution partners to acquire and maintain Google's monopolies in the relevant products of general search services, search advertising, and general text search advertising. *See generally* AC at ¶¶ 4–10, 88, 97, 101, 108–10, 111–65. Apple is Google's largest search-distribution partner. *Id.* at ¶¶ 4, 43, 45, 46, 49, 56, 64, 85, 87, 118–22. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ In addition to Safari, Google's distribution agreement with Apple gives Google the preset default position on all significant search access points for Apple devices. *Id.* at ¶ 86.

Therefore, RFP No. 13 is relevant to this litigation as it seeks information related to Plaintiffs' allegations, theories, and presentation of the case related to: 1) competition in the relevant product markets; 2) competitive effects in the relevant product markets; and 3) joint efforts by Google and Apple to defend their search-distribution agreements.

### RFP No. 14

Plaintiffs' Complaint alleges that Google has engaged in a pattern of exclusionary conduct through restrictive agreements with distribution partners to acquire and maintain Google's monopolies in the relevant products of general search services, search advertising, and general text search advertising. *See generally* AC at ¶¶ 4–10, 88, 97, 101, 108–10, 111–65. Apple is Google's largest search-distribution partner. *Id.* at ¶¶ 4, 43, 45, 46, 49, 56, 64, 85–87, 118–22. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ As noted in Plaintiffs' Complaint, Google's search operates on a worldwide scale. *Id.*

Therefore, RFP No. 14 is relevant to this litigation as it seeks information related to Plaintiffs' allegations, theories, and presentation of the case related to: 1) distribution of the relevant product and Google's largest distribution partner; 2) the definition of the relevant product and geographic market; 3) competition in the relevant product and

9

geographic markets; 4) competitive effects in the relevant product and geographic markets; and 5) joint efforts by Google and Apple to defend their search-distribution agreements.

RFP No. 15

Plaintiffs' Complaint alleges that Google has engaged in a pattern of exclusionary conduct through restrictive agreements with distribution partners to acquire and maintain Google's monopolies in the relevant products of general search services, search advertising, and general text search advertising. *See generally* AC at ¶¶ 4 10, 88, 97, 101, 108 10, 111 65. Apple is Google's largest search-distribution partner. *Id.* at ¶¶ 4, 43, 45, 46, 49, 56, 64, 85 87, 118 22. ███████████████████████████████████████████████████████████████████████████████████████████████. The allegations and theories in Plaintiffs' Complaint also include, among others, distribution and foreclosure of the relevant products through 1) operating systems, 2) web browsers, 3) voice-activated services, 4) user devices, and 5) software applications. *See generally* AC at ¶¶ 2–6, 84–87, 111–22, 156–66.

Therefore, RFP No. 15 is relevant to this litigation as it seeks documents to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) distribution of the relevant products and Google's largest search-distribution partner; 2) the definition of the relevant product and geographic markets; 4) competition in the relevant product and geographic markets; 5) competitive effects in the relevant product and geographic markets; and 6) entry in the relevant product markets.

RFP No. 16

Plaintiffs' Complaint alleges that Google has engaged in a pattern of exclusionary conduct through restrictive agreements with distribution partners to acquire and maintain Google's monopolies in the relevant products of general search services, search advertising, and general text search advertising. *See generally* AC at ¶¶ 4 10, 88, 97, 101, 108 10, 111 65. Apple is Google's largest search-distribution partner. *Id.* at ¶¶ 4, 43, 45, 46, 49, 56, 64, 85 87, 118 22. Apple's and Google's CEOs meet to discuss coordination between their companies. *Id.* at ¶ 120. An Apple executive has openly stated to Google that "Our vision is that we work as if we are one company." *Id.*

Therefore, RFP No. 16 is relevant to this litigation as it seeks information related to Plaintiffs' allegations, theories, and presentation of the case related to: 1) competition in the relevant product markets; 2) competitive effects in the relevant product markets; and 3) joint efforts by Google and Apple to defend their search-distribution agreements.

RFP No. 17

Plaintiffs' Complaint alleges that Google monetizes its search monopoly by selling advertising. AC at ¶ 7. Search advertising is uniquely valuable to advertisers because search ads reach potential customers lower in the "purchase funnel." *Id.* at ¶¶ 28 29. Google's search ads have become a "must have" for many advertisers; and although more specialized search providers offer advertising opportunities, they are not substitutes for Google. *Id.* at ¶¶ 34, 37, 103. Additionally, Plaintiffs' Complaint asserts that other search tools, platforms, and sources

of information—both online and offline—are not adequate substitutes. *Id.* at ¶ 90. Apple is a purchaser of digital advertising.

Therefore, RFP No. 17 is relevant to this litigation as it seeks documents to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) the definition of the relevant product and geographic markets; 2) competition in the relevant product and geographic markets; and 3) competitive effects in the relevant product and geographic markets.

### RFP No. 18

Plaintiffs' Complaint alleges that Google monetizes its search monopoly by selling advertising. AC at ¶ 7. Search advertising is uniquely valuable to advertisers because search ads reach potential customers lower in the "purchase funnel." *Id.* at ¶¶ 28–29. Google's search ads have become a "must have" for many advertisers; and although more specialized search providers offer advertising opportunities, they are not substitutes for Google. *Id.* at ¶¶ 34, 37, 103. Additionally, Plaintiffs' Complaint asserts that other search tools, platforms, and sources of information—both online and offline—are not adequate substitutes. *Id.* at ¶ 90. Apple is a purchaser of digital advertising.

Therefore, RFP No. 18 is relevant to this litigation documents to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) the definition of the relevant product and geographic markets; 2) competition in the relevant product and geographic markets; and 3) competitive effects in the relevant product and geographic markets.

### RFP No. 19

Plaintiffs' Complaint alleges that Google monetizes its search monopoly by selling advertising. AC at ¶ 7. Search advertising is uniquely valuable to advertisers because search ads reach potential customers lower in the "purchase funnel." *Id.* at ¶¶ 28–29. Google's search ads have become a "must have" for many advertisers; and although more specialized search providers offer advertising opportunities, they are not substitutes for Google. *Id.* at ¶¶ 34, 37, 103. Additionally, Plaintiffs' Complaint asserts that other search tools, platforms, and sources of information—both online and offline—are not adequate substitutes. *Id.* at ¶ 90. Apple is a purchaser of digital advertising.

Therefore, RFP No. 19 is relevant to this litigation as it seeks documents to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) the definition of the relevant product and geographic markets; 2) competition in the relevant product and geographic markets; and 3) competitive effects in the relevant product and geographic markets.

### RFP No. 20

Plaintiffs' Complaint alleges that Google monetizes its search monopoly by selling advertising. AC at ¶ 7. Search advertising is uniquely valuable to advertisers because search ads reach potential customers lower in the "purchase funnel." *Id.* at ¶¶ 28–29. Google's search ads have become a "must have" for many advertisers; and although more specialized search providers offer advertising opportunities, they are not substitutes for Google. *Id.* at ¶¶ 34, 37,

103. Additionally, Plaintiffs' Complaint asserts that other search tools, platforms, and sources of information—both online and offline—are not adequate substitutes. *Id.* at ¶ 90. Apple is a purchaser of digital advertising.

Therefore, RFP No. 20 is relevant to this litigation as it seeks documents to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) the definition of the relevant product and geographic markets; 2) competition in the relevant product and geographic markets; and 3) competitive effects in the relevant product and geographic markets.

### RFP No. 21

Plaintiffs' Complaint alleges that Google monetizes its search monopoly by selling advertising. AC at ¶ 7. Search advertising is uniquely valuable to advertisers because search ads reach potential customers lower in the "purchase funnel." *Id.* at ¶¶ 28 29. Google's search ads have become a "must have" for many advertisers; and although more specialized search providers offer advertising opportunities, they are not substitutes for Google. *Id.* at ¶¶ 34, 37, 103. Additionally, Plaintiffs' Complaint asserts that other search tools, platforms, and sources of information—both online and offline—are not adequate substitutes. *Id.* at ¶ 90. Apple is a purchaser of digital advertising.

Therefore, RFP No. 21 is relevant to this litigation as it seeks documents to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) the definition of the relevant product and geographic markets; 2) competition in the relevant product and geographic markets; and 3) competitive effects in the relevant product and geographic markets.

### RFP No. 22

Plaintiffs' Complaint alleges that default status is a significant and coveted advantage in internet search. *See* AC at ¶¶ 3, 38, 41, 47, 51, 118, 119. This is because consumers are unlikely to change presets, preinstallation, and defaults. *Id.* at ¶ 3, 41, 47, 119. Preinstalled or default search access points have a significant advantage. *Id.* at ¶ 47. All of this explains why preinstallation and default status is so important to Google. *Id.* at ¶¶ 54, 76, 77, 81, 14, 129, 133–35, 138, 142, 147.

Therefore, RFP No. 22 is relevant to this litigation as it documents to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) distribution of the relevant products; 2) competition in the relevant product markets; and 3) competitive effects in the relevant product markets.

### RFP No. 23

Plaintiffs' Complaint alleges that Google has engaged in a pattern of exclusionary conduct through restrictive agreements with distribution partners to acquire and maintain Google's monopolies in the relevant products of general search services, search advertising, and general text search advertising. *See generally* AC at ¶¶ 4–10, 88, 97, 101, 108 10, 111 65. Apple is Google's largest search-distribution partner. *Id.* at ¶¶ 4, 43, 45, 46, 49, 56, 64, 85 87, 118 22. [REDACTED]

Therefore, RFP No. 23 is relevant to this litigation as it seeks information to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) distribution of the relevant product and Google's largest distribution partner; 2) the definition of the relevant product market; 3) competition in the relevant product markets; 4) competitive effects in the relevant product markets; 5) entry in the relevant product markets; 6) consumer harm or passthrough; and 7) joint efforts by Google and Apple to defend their search-distribution agreements.

### RFP No. 24

Plaintiffs' Complaint alleges that Google's distribution agreements deny rivals the benefit of scale, which limits the quality of rival general search and search advertising products as well as the audience to attract advertisers. AC at ¶ 122. Google's anticompetitive conduct creates a barrier to entry by eliminating rivals' ability to build the scale necessary to compete. *Id.* at ¶ 95. Plaintiffs' Complaint alleges that there are significant barriers to entry in general search services and search advertising. *Id.* at ¶¶ 94, 110. It also alleges that specialized search engines are not reasonable substitutes for general search engines. *Id.* at ¶ 90.

Therefore, RFP No. 24 is relevant to this litigation as it seeks documents to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) the definition of the relevant product markets; 2) competition in the relevant product markets; 3) competitive effects in the relevant product markets; and 4) entry in the relevant product markets.

### RFP No. 25

Plaintiffs' Complaint alleges that Google has engaged in a pattern of exclusionary conduct through restrictive agreements with distribution partners to acquire and maintain Google's monopolies in the relevant products of general search services, search advertising, and general text search advertising. *See generally* AC at ¶¶ 4–10, 88, 97, 101, 108–10, 111–65. Apple is Google's largest search-distribution partner. *Id.* at ¶¶ 4, 43, 45, 46, 49, 56, 64, 85–87, 118–22. The current iteration of Google's distribution agreement with Apple gives Google the preset default position on all significant search access points for Apple devices. *Id.* at ¶ 86.

Therefore, RFP No. 25 is relevant to this litigation as it seeks data and documents to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) distribution of the relevant products and Google's largest search-distribution partner; 2) the definition of the relevant product and geographic markets; 3) competition in the relevant product and geographic markets; 4) default settings in search access points; and 5) product switching by users.

### RFP No. 26

Plaintiffs' Complaint alleges that browsers are one of the most important distribution channels for general search services because they are the gateway to the internet for most

13

consumers. AC at ¶ 158. Apple controls the operating systems, devices, and search access points where almost 50% of Google's search traffic originates, according to Google's estimates. *Id.* at ¶ 121. These searches generate a trove of user data valuable for general and specialized search engines, including potential new entrants. Plaintiff's Complaint also alleges that Google's distribution agreements deny rivals the benefit of scale, which limits the quality of rival general search and search advertising products as well as the audience to attract advertisers. *Id.* at ¶ 122. Google's anticompetitive conduct creates a barrier to entry by eliminating rivals' ability to build the scale necessary to compete. *Id.* at ¶ 95. Plaintiffs' Complaint also alleges that there are significant barriers to entry in general search services and search advertising. *Id.* at ¶¶ 94, 110. It also alleges that specialized search engines are not reasonable substitutes for general search engines. *Id.* at ¶ 90.

Therefore, RFP No. 26 is relevant to this litigation as it seeks documents to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) the definition of the relevant product markets; 2) competition in the relevant product markets; 3) competitive effects in the relevant product markets; 4) entry in the relevant product markets; 5) default settings in search access points; and 6) product switching by users.

### RFP No. 27

Plaintiffs' Complaint alleges that Apple controls the operating systems, devices, and search access points where almost 50% of Google's search traffic originates, according to Google's estimates. AC at ¶ 121. These searches generate a trove of user data valuable for general and specialized search engines, including potential new entrants. Plaintiff's Complaint also alleges that Google's distribution agreements deny rivals the benefit of scale, which limits the quality of rival general search and search advertising products as well as the audience to attract advertisers. *Id.* at ¶ 122. Google's anticompetitive conduct creates a barrier to entry by eliminating rivals' ability to build the scale necessary to compete. *Id.* at ¶ 95. Plaintiffs' Complaint also alleges that there are significant barriers to entry in general search services and search advertising. *Id.* at ¶¶ 94, 110. It also alleges that specialized search engines are not reasonable substitutes for general search engines. *Id.* at ¶ 90.

Therefore, RFP No. 27 is relevant to this litigation as it seeks documents to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) the definition of the relevant product markets; 2) competition in the relevant product markets; 3) competitive effects in the relevant product markets; 4) entry in the relevant product markets; 5) default settings in search access points; and 6) product switching by users.

### RFP No. 28

Plaintiffs' Complaint alleges that Google has engaged in a pattern of exclusionary conduct through restrictive agreements with distribution partners to acquire and maintain Google's monopolies in the relevant products of general search services, search advertising, and general text search advertising. *See generally* AC at ¶¶ 4–10, 88, 97, 101, 108–10, 111–65. Apple is Google's largest search-distribution partner. *Id.* at ¶¶ 4, 43, 45, 46, 49, 56, 64, 85–87, 118–22.

Therefore, RFP No. 28 is relevant to this litigation as it seeks data to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) distribution of the relevant products and Google's largest search-distribution partner; 2) the definition of the relevant product and geographic markets; 3) competition in the relevant product and geographic markets; and 4) product switching by users.

Plaintiffs are willing to limit the scope of RFP No. 28 and defer RFPs No. 28.b and 28.c. Plaintiffs reserve their rights to seek additional information regarding these deferred RFPs if additional evidence shows that such information is needed for the case. Plaintiffs also reserve their rights to seek additional information regarding these deferred RFPs if additional evidence shows that such information is necessary.

RFP No. 29

Plaintiffs' Complaint alleges that the most effective means of distribution is to be the preset default general search engine for mobile and computer search access points, an advantage acknowledged by Google specifically in mobile search. AC at ¶ 3. Apple's distribution agreement with Google gives Google the preset default position on all significant search access points for Apple computers and mobile devices, including Spotlight. *Id.* at ¶ 86. Plaintiffs' Complaint alleges that there are significant barriers to entry in general search services and search advertising *Id.* at ¶¶ 94, 110. Plaintiffs' Complaint also alleges that business practices regarding user data and privacy are important features in the relevant markets. *See, e.g., id.* at ¶¶ 9, 13, 167. It also alleges that Google's exclusionary agreements with distribution partners have harmed consumers. *Id.* at ¶¶ 167, 177, 184. The allegations and theories in this matter also include, among others, distribution and foreclosure of the relevant products through 1) operating systems; 2) web browsers; 3) voice-activated services; 4) user devices; and 5) software applications. *See generally id.* at ¶¶ 2 6, 84 87, 111 22, 156 66.

Therefore, RFP No. 29 is relevant because it seeks documents to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) distribution of the relevant products and Google's largest search-distribution partner; 2) the definition of the relevant product and geographic markets; 3) competition in the relevant product and geographic markets; 4) competitive effects in the relevant product and geographic markets; 5) entry in the relevant product markets; and 6) consumer harm or passthrough.

RFP No. 30

Plaintiffs' Complaint alleges that Google has engaged in a pattern of exclusionary conduct through restrictive agreements with distribution partners to acquire and maintain Google's monopolies in the relevant products of general search services, search advertising, and general text search advertising. *See generally* AC at ¶¶ 4 10, 88, 97, 101, 108 10, 111 65. Apple is Google's largest search-distribution partner. *Id.* at ¶¶ 4, 43, 45, 46, 49, 56, 64, 85–87, 118–22. ██████████████████████████
████████████████████████████████████████████████████████
█████████████████████████ Plaintiffs' Complaint also alleges that Google's exclusionary agreements with distribution partners have harmed consumers. *Id.* at ¶¶ 167, 177, 184.

15

Therefore, RFP No. 30 is relevant to this litigation as it seeks documents to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) consumer harm or passthrough.

RFP No. 31

Plaintiffs' Complaint alleges that Google has engaged in a pattern of exclusionary conduct through restrictive agreements with distribution partners to acquire and maintain Google's monopolies in the relevant products of general search services, search advertising, and general text search advertising. *See generally* AC at ¶¶ 4 10, 88, 97, 101, 108 10, 111 65. Apple is Google's largest search-distribution partner. *Id.* at ¶¶ 4, 43, 45, 46, 49, 56, 64, 85 87, 118 22. [REDACTED] Plaintiffs' Complaint also alleges that Google's exclusionary agreements with distribution partners have harmed consumers. *Id.* at ¶¶ 167, 177, 184.

Therefore, RFP No. 31 is relevant to this litigation as it seeks data to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) distribution of the relevant products and Google's largest search-distribution partner; 2) distribution payments; 3) the definition of the relevant product markets; 4) competition in the relevant product markets; 5) competitive effects in the relevant product markets; and 6) consumer harm or passthrough.

RFP No. 32

Plaintiffs' Complaint alleges that Apple controls the operating systems, devices, and search access points where almost 50% of Google's search traffic originates, according to Google's estimates. AC at ¶ 121. These searches generate a trove of user data valuable for general and specialized search engines, including potential new entrants. Plaintiff's Complaint also alleges that Google's distribution agreements deny rivals the benefit of scale, which limits the quality of rival general search and search advertising products as well as the audience to attract advertisers. *Id.* at ¶ 122. Google's anticompetitive conduct creates a barrier to entry by eliminating rivals' ability to build the scale necessary to compete. *Id.* at ¶ 95. Plaintiffs' Complaint also alleges that there are significant barriers to entry in general search services and search advertising. *Id.* at ¶¶ 94, 110. It also alleges that specialized search engines are not reasonable substitutes for general search engines. *Id.* at ¶ 90.

Therefore, RFP No. 32 is relevant to this litigation as it seeks documents to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) the definition of the relevant product markets; 2) competition in the relevant product markets; 3) competitive effects in the relevant product markets; 4) entry in the relevant product markets; 5) default settings in search access points; and 6) product switching by users.

RFP No. 33

Plaintiffs' Complaint alleges that Apple controls the operating systems, devices, and search access points where almost 50% of Google's search traffic originates, according to

Google's estimates. AC at ¶ 121. These searches generate a trove of user data valuable for general and specialized search engines, including potential new entrants. Plaintiff's Complaint also alleges that Google's distribution agreements deny rivals the benefit of scale, which limits the quality of rival general search and search advertising products as well as the audience to attract advertisers. *Id.* at ¶ 122. Google's anticompetitive conduct creates a barrier to entry by eliminating rivals' ability to build the scale necessary to compete. *Id.* at ¶ 95. Plaintiffs' Complaint also alleges that there are significant barriers to entry in general search services and search advertising. *Id.* at ¶¶ 94, 110.

Therefore, RFP No. 33 is relevant to this litigation as it seeks documents to support Plaintiffs' allegations, theories, and presentation of the case related to: 1) the definition of the relevant product markets; 2) competition in the relevant product markets; 3) competitive effects in the relevant product markets; and 4) entry in the relevant product markets.

**Conclusion**

Having fully addressed Apple's objections, we again request that Apple provide a detailed plan and timeline identifying the methodologies that it will use to comply with the subpoena and, to the extent that it intends to use search terms and custodians, to produce an initial list of each. As always, we stand ready to assist Apple's efforts to make these productions as efficiently as possible.

Sincerely,
/s/
Christine Sommer


cc:     Steve Sunshine
        Danielle Menitove
        Heather Cicchese
        Ryan Travers
        Erin Shencopp
        Jon Sallet
        Kim Van Winkle