REDACTED, PUBLIC VERSION

# EXHIBIT 3-E



**U.S. Department of Justice**

Antitrust Division

---

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20001*

April 5, 2021

Karen Hoffman Lent
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001

Re:   *United States, et al. v. Google LLC*, No. 1:20-cv-03010-APM
      Subpoena to Apple

Dear Karen:

DOJ and the co-Plaintiff states ("US Plaintiffs") write to review our April 1, 2021 meet-and-confer ("M&C") and address a few related issues. Also, we have received ████████ ████████████████████████████████████████████████████████████████ from Friday evening, April 2.

First, as noted in our prior M&Cs and correspondence, US Plaintiffs feel compelled to again note that Apple's proposed date limitation of January 1, 2010, is not acceptable, barring specified and agreed upon objections. Accordingly, having not received specific objections supporting Apple's unilateral date limitations, we expect Apple's productions to reflect the pre-2010 dates identified in the few related Requests of the US Plaintiffs' subpoena that seek information dating before 2010. Our March 23 letter specifically identified allegations related to Google and Apple prior to 2010.[1]

Second, we understand Apple will submit its custodian proposal by April 8, 2021. We strongly encourage Apple to submit that proposal by April 7 if not earlier. Doing so will allow the US Plaintiffs to review it before our next scheduled M&C on April 8. As Apple acknowledged on April 1, our discussions will be most helpful when based on a tangible proposal from Apple. For each custodian, Apple's proposal should include a description of (1) the timeframes, by each Request relevant to that custodian, for which documents can be produced, (2) the custodian's job titles, roles, duties, and years in each position, (3) the name and description of the custodian's business units, (4) the custodian's direct reports and the person or people to whom the custodian reports, and (5) the files, collaborative work environments, and other electronically stored information that will be collected. If helpful, Apple may initially provide items (1)-(2) with its custodian proposal, and supplement it with items (3)-(5) within the next ten days.

---

[1] March 23, 2021 letter from Christine Sommer to Karen Lent (US Plaintiffs' Reply to Apple's Responses & Objections).

Third, by April 8, 2021[2], Apple will produce [REDACTED]

Fourth, the US Plaintiffs also asked Apple to provide hit reports generated as Apple considers its proposals for search terms and custodians, as identified in the ESI Order (pp.6-8). We explained that hit reports would help us evaluate Apple's search term and custodian proposals. Further, we understand that burden is a factor in Apple's assessment of reasonableness. Apple must assert any undue burden with specificity. To date, Apple has claimed that certain productions would be unduly burdensome without explaining why. Hit reports will help us evaluate Apple's concerns about undue burden. Judge Mehta noted the value of hit reports in assessing undue burden in the March 30 Status Conference:

> I can speculate to about what it will mean to open up a document request and take it back five or ten years. But given that, for example, I have no hit report that would say, for example, this search string will produce an additional 250,000 documents if we go back five years, or this search string, if we go back ten years, will produce a million documents, it's hard for me to assess whether the probative value of what the government is seeking and balance that against the burden it's going to cause Google, and, as importantly, what it's going to mean for production timeline and for the timeline of this case.

Fifth, we have not yet heard from Apple regarding the subpoena's data requests. As explained in our March 23, 2021 letter, Apple's production of data is important to the US Plaintiffs' presentation of the case. Production of data can and should proceed in parallel with document productions. Requests 3(a) (d), 9(b), and 25 33 call for payments, monetization, and data. We would like to set up separate data calls to discuss Apple's response to these Requests, and suggest we start with Requests 26, 27, and 28. Initially, US Plaintiffs would like to learn what responsive data is available and how it is stored. Please provide us with available timeframes to have the first data call this week.

Sixth, we are increasingly concerned about Apple's lack of meaningful progress in responding to the subpoena. DOJ served the subpoena on Apple more than two months ago. Since then we have received only (1) [REDACTED] As we have explained, Apple's relationship with Google is central to this litigation. Apple's failure to timely produce documents in response to the US Plaintiffs' subpoena interferes with the US Plaintiffs' ability to prosecute its case. It is imperative that Apple accelerate its efforts to produce documents. To that end, the US Plaintiffs have:

- provided an 18-page response to Apple's relevance and timeframe objections, which Apple called "an enormous step in the right direction" during our March 25 M&C;

---

[2] Subject to Apple's notice obligations.

- granted deferrals that, as Apple has acknowledged, provided a "meaningful limitation" and significantly reduced Apple's burden;[3]

- proposed and offered to schedule additional M&C sessions to accommodate any discussion that would assist Apple with its productions;

- counter-proposed search terms for Request 1(b); and

- asked Apple to explain its undue burden claims with specificity and requested hit reports[4] to facilitate that discussion.

Moreover, nothing in this letter or in any of our M&C's should be taken as implicitly extending the due date for performance under the subpoena. To avoid any misunderstanding, nothing in this letter or at the recent M&C is meant to take away from the following fact: Apple has provided neither the documents sought by the Plaintiffs' February 2, 2021 subpoena nor a schedule as to when they will be produced. Accordingly, Apple remains in non-compliance of the subpoena, and has been in non-compliance for over 60 days.

Finally, we renew our pending requests that Apple: (1) confirm it will supplement its search for documents responsive to Request 1(b) with US Plaintiffs' proposed search terms of March 29; (2) confirm it will collect files for the full timeframe specified in each corresponding Request; (3) provide a response to Request 4(a); (4) provide a date for when it will begin producing payment reports and market studies responsive to Request 29; and (5) produce code names and abbreviations, a search term proposal, and its production timeline, as specified in our March 29 letter. These items should be completed by April 8, 2021. We remain, of course, available to speak with Apple before then, if helpful.

Sincerely,
/s/
Christine Sommer


cc:   Steve Sunshine
      Danielle Menitove
      Heather Cicchese
      Erin Shencopp
      Jon Sallet
      Kim Van Winkle

---

[3] March 25, 2021 letter from Steve Sunshine to Christine Sommer; March 25, 2021 M&C.
[4] Stipulation and Order Regarding Discovery Procedure ("ESI Order") pp.6-7 (III. Collection and Review. 1. Disclosure of Intended Search Methodology and 2. Search Terms) (Dkt. 99), *United States, et al. v. Google LLC*, Case No. 1:20-cv-03010-APM (filed Jan. 21, 2021).