REDACTED, PUBLIC VERSION

# EXHIBIT 3-F



**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*

450 5th Street, N.W.
Washington, DC 20001

April 16, 2021

Karen Hoffman Lent
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001

Re:   *United States, et al. v. Google LLC*, No. 1:20-cv-03010-APM
      Subpoena to Apple

Dear Karen:

We write to (1) respond to Apple's initial proposal of custodians in response to the US Plaintiffs' subpoena; (2) follow up on the deferrals (addressed in our meet and confer on April 12, our email of April 13, and our meet and confer on April 15); and (3) address Apple's position that it remains unprepared to provide a search-term proposal in response to the US Plaintiffs' subpoena.

During yesterday's April 15 meet and confer, you acknowledged there are gaps in Apple's custodian proposal, including for Requests related to the sale of digital advertising. We also discussed other Requests for which additional custodians might be necessary. US Plaintiffs have identified those gaps and attached the US Plaintiffs' Proposed Modifications to Apple's 4/9/21 Proposed Custodians. The attached counter-proposal identifies where Apple's proffered custodians are missing from several Requests and identifies only four new custodians. The new custodians include:

1. 

2.

3. 

4.

Please confirm whether Apple accepts US Plaintiffs' custodian counter-proposal by Tuesday, April 20, 2021; if Apple rejects any part of the US Plaintiffs' custodian counter-proposal, please provide hit reports or other evidence to support Apple's position. For the Requests where we have identified Apple's custodian gaps, please provide Apple's proposed custodians when responding to US Plaintiffs' custodian counter-proposal.

Second, Apple has asked for additional time to supply information to the DOJ related to the US Plaintiffs' proffered deferrals and to respond to DOJ's follow up questions about whether (and to what extent) Apple sells advertising on its platforms and shares any search revenue with MNOs. As noted on our April 15 meet and confer, these deferrals are contingent on information we have requested from Apple. On April 15, Apple informed us that it was unable to answer our questions at that time and would not provide answers by our next meet and confer on April 22. We don't believe such a delay is necessary given how long Apple has worked on US Plaintiffs' subpoena and how many times we have conferred on these topics. For US Plaintiffs to agree to a deferral, we request Apple provide these responses by April 22, 2021.

Third, we have considered Apple's position that it will not provide search terms until there is agreement on substantially all Apple custodians. We do not agree that further delay on search terms would be productive. We understand from our last meet and confer on April 15, and in prior calls, that Apple has already tested search strings across custodian materials collected for the US Plaintiffs' subpoena, and request Apple provide its initial proposal for search terms when responding to US Plaintiffs' custodian counter-proposal on April 20, 2021. If Apple needs more time to provide its initial search term proposal, then the US Plaintiffs are willing to adjust that deadline to align with the Colorado State Plaintiffs' request for Apple to provide an initial search term proposal by April 22, 2021. Apple's search term proposal must include a document hit report detailing total counts by each Request, before and after deduplication. Once we have this hit report, US Plaintiffs would be able to engage with Apple regarding appropriate limitations on the date ranges for documents that will be reviewed by Apple, as you suggested on your April 6 letter.

US Plaintiffs also restate our March 29 request that Apple provide any abbreviations, code names, project names, team names, or similar non-public descriptors, related to Google, any RSA agreements related to search for any search access point (e.g., Safari, Siri, Spotlight, etc.), and for Google's competitors who also provide any of the following products for: 1) internet search engines; 2) digital advertising; 3) web browsers; 4) voice assistants activated services; or 5) map-based search services. We appreciate your commitment to include such terms as part of Apple's proposed search terms, as expressed on your April 6 letter.

REDACTED, PUBLIC VERSION

Finally, we note that Apple remains in non-compliance of the subpoena. Nothing in this letter, a previous letter, or any of our meet and confers should be construed as extending the due date for performance under the subpoena.

Sincerely,
/s/
Christine Sommer

cc: Steve Sunshine
     Danielle Menitove
     Heather Cicchese
     Erin Shencopp
     Jon Sallet