# EXHIBIT 3-H



**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20001*

May 25, 2021

Karen Hoffman Lent
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001

Re:   <u>United States, et al. v. Google LLC</u>, No. 1:20-cv-03010-APM
      <u>Apple's Search Terms Proposal from US Plaintiffs</u>

Dear Karen:

This letter follows up on our May 21, 2021 Meet & Confer, regarding US Plaintiffs' counterproposal to Apple's proffered search terms.

**Proposed Search Terms**

During Friday's Meet & Confer, you represented to us that US Plaintiffs' counterproposal on search terms increased the number of document hits to approximately 3 million deduped document hits, and as such Apple was unable to provide a response to our counterproposal. We received your letter with hit reports yesterday afternoon and are reviewing the results.

In response to Apple's concerns over the burden of reviewing 3 million documents, the US Plaintiffs are willing to reduce that burden ***by half***, and cap the deduped documents identified for review at 1.5 million.[1] The 1.5 million cap would apply regardless of time period searched (i.e., whether before or after 2010). Under this approach, Apple would (1) review documents from

---

[1] We believe this number to be reasonable, based on Apple's prior review and production of documents in response to the CID issued in the investigation. Specifically, for one subpart of one CID Specification (Spec. 6.a.i-iii), involving only four (4) custodians, Apple identified 369,258 relevant, deduped documents. Apple then produced less than 1% of those documents as responsive to that single Specification. *See* Sep. 9, 2020 email from J. Rancour to C. Sommer (RE: Apple CID - follow up from today's (9/1) call); Oct. 10, 2020 email from J. Rancour to C. Sommer (RE: Apple CID No. 30244).

In response to US Plaintiffs' Subpoena, Apple offers an extremely similar number of deduped documents for review (326,325), despite Apple's search term proposal encompassing four times as many custodians, ten times as many Requests, and a similar time period to Apple's CID response. *See* U.S. v. Google, 20-cv-03010 – Apple, Inc. Search Term Proposal - HIGHLY CONFIDENTIAL.

before 2010 for subparts of RFPs 1, 2, 5, 8 and 23, as detailed in our May 18, 2021 letter, (2) begin review of the deduped documents hit on by Apple's May 12 initial proposal (as revised by US Plaintiffs' proposed deletions) while the parties work cooperatively to reduce the total hit count to, at most, 1.5 million deduped documents, and (3) provide deconstructed hit reports. Apple would immediately begin its review, with the understanding that all deduped documents US Plaintiffs authorize Apple to begin reviewing would count toward the cap.[2] Please let us know by or before 6pm on May 26, 2021, if Apple agrees to this approach to resolve our dispute regarding the scope of Apple's custodial document search and production pursuant to the subpoena issued to Apple on February 2, 2021. As indicated by the cover email to this letter, we are also available tomorrow (preferably in the afternoon) to discuss this compromise.

**Subpoena Date Ranges**

With our May 18 search term counterproposal, we offered to compromise on the date range for document review: US Plaintiffs would accept Apple's document review date limit of 2010-present, except for five (5) Request subparts; and we provided detailed facts to demonstrate the relevance of these Requests, including cites to Apple documents and portions of the US Plaintiffs' Complaint. During Friday's Meet & Confer, however, Apple continued its blanket refusal to review all documents created before 2010, stating simply that pre-2010 documents are not relevant. At other times, Apple has claimed that producing pre-2010 documents is unduly burdensome, without providing any explanation of the alleged burden. To date, Apple has failed to provide any (1) specificity on why it cannot review documents from before 2010, or (2) facts refuting US Plaintiffs' numerous explanations for why this information is relevant. Accordingly, US Plaintiffs will consider the parties at impasse if Apple does not agree to review documents from before 2010 by or before 6pm on Wednesday, May 26, 2021. However, if Apple agrees to US Plaintiffs' proposal on the scope of Apple's custodial document search and production (see above), US Plaintiffs will consider this issue resolved.

**Lack of Progress Report**

As you know, we are bound to report the status of our progress on discovery, including from third parties, to the Court at our next status conference, on May 27, 2021. If significant progress is not made before then, we intend to state that Apple has: (1) been in substantial non-compliance with the subpoena since March 2; (2) provided generic, non-specific Responses & Objections; (3) refused to explain with any specificity its frequent claim of undue burden despite requests from US Plaintiffs; (4) unilaterally rejected relevant time periods within the Subpoena; and (5) refused to provide a clear production plan.

We stand ready to discuss any or all of these issues with you. Please do not hesitate to contact me with any questions.

Sincerely,
/s/
Christine Sommer

---

[2] Apple did not provide a hit report for RFP 1.b. Deduped documents identified for review in response to RFP 1.b would also count toward the cap.

cc:    Steve Sunshine
       Danielle Menitove
       Heather Cicchese
       Erin Shencopp
       Jon Sallet
       Brian Wang