# EXHIBIT 3-L



**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20001*

July 27, 2021

Karen Hoffman Lent
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001

Re: Subpoena to Apple – Follow up from our July 27 Meet & Confer

Dear Karen,

Thanks for the call today. Below are our responses to issues that came up during our meet and confer. Please let me know if you have questions or need clarifications.

Kind regards,

Christine


**Codewords.** As discussed today, Apple will send US Plaintiffs a letter regarding codewords, as identified by our July 21 letter. We understand that Apple will address codewords relevant to US Plaintiffs' subpoena, including codewords for search and search ad products/services, Google or other relevant parties (e.g., DuckDuckGo, Bing, Yahoo, etc.), RSA payments, defaults, search access points, etc. In that letter, please:

1) explain the process used by Apple to identify codewords;
2) list all the codewords identified during that process for the products, services, and topics noted above, and identify which codewords Apple believes are relevant;
3) for any codewords on the list that Apple deems not relevant, please explain why;
4) provide any search strings used to test hits for any codewords (including the searches you used for codewords [REDACTED] and [REDACTED] as discussed today); and
5) confirm that Apple has now identified all relevant codewords and explain the basis for that conclusion.

1

By our next meet and confer, please provide the complete list of codewords gathered to date, as well as an estimated date by when Apple will send its written response.

**Counterproposals From Apple.** The US Plaintiffs remain open to receiving search string counterproposals from Apple. If Apple wishes to submit additional counterproposals to proximity connectors and substantive terms, please provide hit reports for those counterproposals broken out as follows: (1) hit counts for any change in proximity connector; (2) hit counts for changes to any substantive terms; (3) combined (i.e., hit counts inclusive of both the proximity connector change and the substantive change); and (4) reason(s) why the documents Apple proposes eliminating from review (the delta between Apple's counterproposal and US Plaintiffs' proposal) are not responsive.

**Attachment Filtering.** We note that our July 19 letter identified RFPs 10(a)(i), 22(a), and 23(a)(ii) as requests where we understood Apple to be investigating methods to filter certain attachments out of review. We remain willing to engage with Apple on a way to reduce any irrelevant attachment review, and ask that Apple provide an update by our next meet and confer regarding whether Apple can propose a way to filter extraneous attachments.

**Cessation Of Document Review.** To prevent the document review pipeline from becoming exhausted, you also asked us to identify RFPs ripe for review. In our July 8 and July 19 letters, we identified RFP strings that we believe are ripe for review. We await Apple's response.

If, however, Apple will not agree to accept any of the requested RFPs in our July 8 and July 19 letters, we ask that Apple at least begin reviewing the following:

- The 1,962 de-duplicated hits (3,306 de-duplicated hits with attachments) proposed by Apple on May 27 for **RFP 5(a)**. As explained in our July 19 letter, we believe that a ▮▮▮▮ connector, which results in 6,648 de-duplicated hits (11,447 de-duplicated hits with attachments) is a fair and appropriate compromise. We do not waive that request. However, in the interest of continuing document review, we ask that Apple begin reviewing the 1,962 de-duplicated hits (3,306 de-duplicated hits with attachments) from a ▮▮▮▮ while the parties continue to negotiate.
- The 2,954 de-duplicated hits (11,841 de-duplicated hits with attachments) proposed by Apple on May 27 for **RFP 10(b)**. As explained in our July 2 and July 19 letters, we believe that a ▮▮▮▮ connector, which Apple has represented results in "over 15,000 de-duplicated hits with attachments" is a fair and appropriate compromise. We do not waive that request. However, in the interest of continuing document review, we ask that Apple begin reviewing the 2,954 de-duplicated hits (11,841 de-duplicated hits with attachments) from a ▮▮▮▮ while the parties continue to negotiate.
- The 509 de-duplicated hits (649 de-duplicated hits with attachments) for **RFP 23(b)**. As explained in this letter, we believe that the search string provided by US Plaintiffs on July 22, which results in 5,329 de-duplicated hits (7,567 de-duplicated hits with attachments) is a fair and appropriate compromise. We do not waive that request. However, in the interest of continuing document review, we ask that Apple begin reviewing the 509 de-

duplicated hits (649 de-duplicated hits with attachments) from Apple's May 27 proposal while the parties continue to negotiate.

To be clear: we believe it is inappropriate for Apple to stop reviewing documents while there is a set of documents that both the US Plaintiffs and Apple agree will have to be reviewed. Apple has had our document subpoena for almost six months; the Company may not refuse to review these undisputed documents for leverage in negotiations.

**Remaining 5x5 Requests.**

You also asked for any remaining decisions on outstanding RFP alternatives run under the 5x5 process. We request that Apple review and accept the below proposals, and provide a response on Apple's willingness to accept by our next meet and confer.

1) <u>RFPs 2(a) & 2(b)</u>

In letters sent on June 17 and July 19, US Plaintiffs explained the rationale for these search strings as they were proposed on June 17. Although we believed that the search string was reasonable and the resulting document hits were not unduly burdensome, we provided alternative strings to garner additional information as part of the parties' agreed-upon approach.

For RFP 2(a), "Alternative C" removed a dozen terms that might be less likely to appear in a final agreement or an exchanged draft, as specified by the request. Doing so bridged the gap between Apple's May 27 proposal and DOJ's June 17 proposal by more than 30 percent while eliminating documents less likely to be responsive to the request. Accordingly, US Plaintiffs ask that Apple promptly begin reviewing the 43,912 de-duplicated hits (117,866 de-duplicated hits with attachments) for "Alternative C" for RFP 2(a).

For RFP 2(b), we ask that Apple agree to the string proposed by US Plaintiffs on June 17. The [REDACTED] proximity connector employed is already narrow — more than half as narrow as originally proposed by US Plaintiffs on May 18. The request is also one of the most important to the case, capturing documents that show negotiations with Google's competitors and partners. Accordingly, we ask that Apple promptly begin reviewing the 106,352 de-duplicated hits (234,218 de-duplicated hits with attachments) for this string.

2) <u>RFP 4(b)</u>

In letters sent on June 17 and July 19, US Plaintiffs explained the rationale for this search string as it was proposed on June 17. Although we believed that the search string was reasonable and the resulting document hits were not unduly burdensome, we provided alternative strings to garner additional information as part of the parties' agreed-upon approach.

After review, we ask that Apple agree to the string proposed by US Plaintiffs on June 17. The review volume – 4,038 de-duplicated hits and 11,200 de-duplicated hits with attachments — is not large. Moreover, after reviewing documents that have been produced recently, it appears that the search terms, if anything, might be underinclusive, omitting terms such a [REDACTED]

[REDACTED] If Apple will agree to review the 4,038 de-duplicated hits (11,200 de-duplicated

3

hits with attachments) for this string as proposed on June 17, US Plaintiffs will not ask that Apple add these additional terms, which already-produced materials establish are likely to ensure production of responsive documents.

### 3) RFPs 12(d)(i) & 23(a)(vi)

Our July 19 letter explained that no agreement had been reached on this search string and that we were concerned that the hit counts remained too low. As a result, we proposed three alternatives in an effort to re-craft the search string in a way that is relevant to the litigation while also providing a reasonable return.



| RFP | ALTERNATIVE | STRING | CHANGE |
|---|---|---|---|
| 12(d)(i) & 23(a)(vi) | Alternative A | [REDACTED] | [REDACTED] |
| | Alternative B | [REDACTED] | [REDACTED] |
| | Alternative C | [REDACTED] | [REDACTED] |
| | Alternative D | | |
| | Alternative E | | |

### 4) RFPs 22(b), (c)

As explained in our July 19 letter, the document review volume for this request appears to have been inflated by an extraordinary number of attachments. We remain willing to discuss ways to

filter extraneous and irrelevant attachments. Based on our July 15 call, we understand that US Plaintiffs' June 17 proposal captured a large number of "log file" attachments created when a system crash is assessed. We asked that Apple provide an estimate for how many of these attachments might be capture by the string.

On July 22, Apple provided a counterproposal and a hit report for RFPs 22(b) and (c). The counterproposal accepted one substantive change proposed by US Plaintiffs on June 17 and accepted one proximity connector expansion proposed by US Plaintiffs on June 17. However, Apple restored the first proximity connector ▊▊▊ because it was "sufficient to capture what DOJ's June 17 letter expressed concern would not be captured by Apple's prior proposal using ▊▊▊ for both connectors."

US Plaintiffs cannot accept Apple's counterproposal for two reasons. First, we have stated a willingness to reduce Apple's document review burden for extraneous attachments by filtering out those extraneous attachments. But we have never considered blindly waiving potentially responsive documents to filter extraneous attachments. Indeed, Apple's proposal cuts the de-duplicated hit count by more than 50 percent, from 16,081 de-duplicated hits to 7,714 de-duplicated hits. We do not believe it is timely or appropriate to concede to such a dramatic reduction before identifying, as the parties agreed, other ways to first mitigate any burden Apple might face from extraneous attachments. Second, the example sentence illustrating the concern addressed in the June 17 letter was not, and was not intended to be, exhaustive. To the contrary, the explanation expressly noted that the sentence provided was an example. Rather than affirmatively explaining or otherwise showing with objective information that our proposed proximity connector is too broad, Apple has just stated that its narrow connector is sufficient.

Accordingly, we ask that Apple provide (1) an estimate on how many "log file" attachments are returned by US Plaintiffs' June 17 proposal, and (2) a proposal for a way to avoid review of those documents without avoiding review of potentially responsive documents.

5) **RFP 23(a)(i)**

As explained in our July 19 letter, the terms ▊▊▊ appear to potentially capture many documents that are not responsive to a request that seeks documents about internet search engines. Accordingly, we asked that Apple run five alternatives that would tether ▊▊▊ ▊▊▊ Doing so resulted in substantial reductions in document hits.



After review, we ask that Apple agree to the Alternative C(ii) ▊▊▊
▊▊▊
▊▊▊
▊▊▊
▊▊▊ S Plaintiffs are prepared to listen to any proposal Apple might offer to filter non-responsive attachments. Ultimately though, we ask that Apple promptly begin reviewing the 37,558 de-duplicated hits (217,640 de-duplicated hits with attachments) returned by Alternative C(ii) for this RFP.

5

    **6) <u>RFP 23(b)</u>**

On July 22, we expressed concern that the parties iterative process had resulted too few documents being reviewed. We asked Apple provide a hit report for a revised string that added terms. On July 26, Apple reported the revised string hit 5,329 de-duplicated documents (7,567 de-duplicated hits with attachments). We believe these terms will ensure capture of documents likely to be responsive and relevant to the case. Accordingly, we ask that Apple promptly begin review of the 5,329 de-duplicated documents (7,567 de-duplicated hits with attachments) for this string.