# EXHIBIT 3-N



**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20001*

August 4, 2021

Karen Hoffman Lent
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001

RE:  *United States v. Google LLC*, No. 1:20-cv-03010-APM – Apple Subpoena Negotiations

Dear Karen,

During last week's status conference, the Court highlighted that third-party productions are not ancillary–rather, they are key to meeting target dates and the case discovery plan. The Court went on to note that documents from core third-party custodians are relevant to timely productions. In light of the Court's guidance that all parties should adhere to the discovery schedule, we are concerned about the pacing of Apple's document production. Apple received US Plaintiffs' subpoena on February 2, 2021 (February 2 Subpoena). Fact discovery is scheduled to close by March 22, 2022.

During our July 30, 2021 Meet and Confer, US Plaintiffs offered to cap Apple's custodial document production at 1.85M documents to enable Apple to complete any outstanding productions by September 30, 2021.[1] During that July 30 call, Apple suggested it would not be able to review 1.85M documents before the end of this year (*i.e.*, December 2021).

Apple's August 3 email rejects the proposed document cap and production deadline but omits any support for why Apple cannot meet the September 30 deadline. Instead, Apple's agrees to begin reviewing only a fraction of the outstanding documents and expects US Plaintiffs continue negotiations on the outstanding RFP search strings—but provides no clear timeline for completing either task. Apple's position does not appear conducive to completing subpoena negotiations that began six months ago.

In the spirit of compromise, US Plaintiffs agree to consider search string counterproposals on outstanding RFPs if Apple also provides the following information:

1. Apple's proposed maximum volume of remaining custodial document requiring review;
2. Apple's current review pace—specifically, how many documents Apple reviews per week on average and the number of reviewers Apple uses;

---

[1] As noted in our call, this offer is limited to custodial documents related to existing search strings for the February 2 Subpoena, and excludes any other discovery responses from Apple, including, but not limited to, data productions, documents relating to codewords, outstanding go-get productions, or refresh obligations.

3. Apple's best estimate of the final production date, separately for any remaining data, custodian documents, or other outstanding discovery.

US Plaintiffs request a response to this compromise offer by 5:00 pm Eastern on Monday, August 9. We look forward to speaking with you during tomorrow's standing Meet and Confer at 10:00 am Eastern.

Sincerely,

/s/

Christine Sommer

Cc: Steve Sunshine
 Jon Sallet
 Erin Shencopp