# EXHIBIT 3-O

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST
NEW YORK, NEW YORK 10001
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
212-735-3276
DIRECT FAX
917-777-3276
EMAIL ADDRESS
KAREN.LENT@SKADDEN.COM

August 9, 2021

CONFIDENTIAL

VIA EMAIL
Christine Sommer
U.S. Department of Justice
Antitrust Division
450 5th Street NW
Washington, DC 20001

RE:   *United States, et al. v. Google LLC*, No. 1:20-cv-03010-APM

Dear Christine:

      We write in response to your August 4 letter and our discussion on August 5 regarding DOJ's document demands. As we noted during our call, we believe that the parties have made good progress towards completing the process, with Apple and the plaintiffs having agreed to: (i) the universe of relevant custodians, and (ii) 54 out of the 66 proposed search strings.[1] We further noted that Apple's document review team remains engaged, and we hope to comply in early Fall if we can promptly conclude discussions with DOJ. Accordingly, any attempt to negotiate document caps at this time would be a distraction and would not serve to help reach resolution on the 12 remaining search strings. Apple therefore suggests the parties focus on reaching resolution on these strings and proposes a path to do so below.

---

[1] Apple also has made significant progress in its review and production of custodial documents, promptly transferring documents for review upon reaching agreement on search strings and making bi-weekly productions of custodial documents since mid-June.

August 9, 2021
Page 2

At the outset, we note that your letter requests that Apple agree to a cap of 1.85 million deduplicated hits with attachments and that Apple complete its review and production by September 30. Although DOJ's August 4 letter describes its proposed 1.85 million document cap as applying to "custodial documents related to existing search strings for the February 2 Subpoena," it is our understanding based on our July 30 meet and confer that the cap applies only to the outstanding search strings and does not include documents related to previously agreed upon search strings. DOJ has explained that the cap was calculated based on the hit counts associated with DOJ's current search string proposals for the outstanding search strings, while allowing for a modest reduction to accommodate the fact that certain of DOJ's proposals hit on a disproportionately large number of attachments and thus some accommodation may be reached regarding the need to review irrelevant documents that are part of large families.

As we previously explained, we believe DOJ's request unnecessarily and prematurely ends the meet and confer process and instead the parties should continue to make progress on negotiating the relatively few outstanding search strings in an effort to reach resolution. The parties have made significant progress in their search string negotiations, agreeing on roughly 82% of the strings at this time. Apple and the plaintiff states reached agreement on all 21 of the search strings for their subpoena in just two weeks' time. Apple also has agreed to 33 search strings with DOJ to date, and there remain only 12 search strings where the parties still need to reach agreement.

Apple believes that additional discussions regarding these 12 search strings would assist the parties in reaching resolution.[2] As an initial matter, DOJ has not adequately justified its proposals for these search strings.[3] What's more, Apple has not

---

[2] One of the 12 outstanding search strings involves a search capturing a disproportionately large number of attachments resulting from hits on various log and system diagnostic files. We described these hits in detail during our August 5 call. DOJ has since suggested that it may be willing to agree that these hits and their families can be excluded from Apple's review if DOJ is provided with a random sample of a dozen hits. While Apple believes DOJ is overreaching in its request for a sample of these documents given the detailed description we have already provided (and our agreement to have a further phone call with DOJ to answer any additional questions regarding these hits), in the spirit of cooperation Apple will provide a random sample of these hits as requested. Given Apple's accommodation, we believe the parties should be able to reach prompt resolution on this search string, thus reducing the number of outstanding search strings for discussion to 11.

[3] RFPs 23(a)(i) and 23(a)(ii) are noteworthy examples. As we explained, the requests and searches DOJ has proposed for these two search strings are clearly overbroad. Indeed, DOJ's proposals for these search strings subsume and render superfluous other requests in the subpoena. In drafting its requests for documents, DOJ surely did not

2

August 9, 2021
Page 3

had an opportunity to respond to DOJ's proposals for these outstanding searches because DOJ surprisingly told Apple not to make any such counterproposals. Following DOJ's June 17 counterproposal, DOJ requested that the parties undertake a new process whereby, rather than Apple responding with counterproposals, Apple would test five alternative searches for each of the outstanding strings to assist DOJ in refining its search proposals. Apple agreed to undertake the burden associated with DOJ's proposed approach—including repeatedly turning hit reports within two or three business days and having an Apple employee spend approximately 15 hours testing search strings for DOJ—with the understanding that DOJ intended to use the testing to tailor its search proposals and bridge the gap between the parties' respective proposals. Unfortunately, the testing process yielded very little movement from DOJ to narrow its prior search string proposals.[4]

Although Apple maintains that DOJ has not adequately justified their search proposals, last week in a showing of good faith and to ensure that the review team has a sufficient number of documents to review while the parties continue to negotiate, Apple agreed to seven additional search strings. While it is difficult to predict precisely when the review team will finish with the volume of documents associated with these search strings, we estimate that review of the documents associated with these search strings will be complete around August 20.

Apple has proposed that the parties use the time while the review team is engaged to negotiate and reach resolution on the remaining search strings. As Apple has explained, it has substantive concerns regarding DOJ's proposals for the outstanding strings and will promptly provide its counterproposals. To that end, we have enclosed counterproposals for Requests 9(a)(c), 12(d)(i)/23(a)(vi) and 23(b). Apple is committed to provide DOJ with its counterproposals for all remaining search strings no later than Friday, August 13, and will provide an estimated date for substantial completion of its review and production for the documents associated with its search proposals at that time. At this time, Apple estimates that, assuming the parties

---

intend to include requests that were entirely unnecessary and thus must have contemplated that some limitation would be included in searches related to these requests, otherwise it would not have drafted separate, narrower requests such as Requests 23(a)(iii) and 23(a)(iv).

[4] DOJ sent Apple the last of its search alternatives for testing in late July. Since that time, DOJ's changing position has further delayed Apple's opportunity to respond to DOJ's search proposals. Despite previously indicating an unwillingness to consider counterproposals from Apple, on July 27 DOJ provided Apple with detailed instructions on how it would like Apple to prepare hit reports going forward for any counterproposals. Three days later, however, DOJ informed Apple that it was no longer willing to consider counterproposals and instead demanded that Apple agree to every one of its search proposals.

August 9, 2021
Page 4

agree to exclude the disproportionately large number of attachments associated with several of DOJ's proposed search strings, Apple could be substantially complete with its review and production of DOJ's proposal by mid-November. And if the parties reach reasonable compromises on other of the outstanding search strings, Apple would estimate that it could be substantially complete with its review and production by mid-October.

Moreover, as indicated on our August 5 call, we propose that the parties engage in a series of calls over the next week and half to discuss, in detail, any concerns regarding the search proposals and try to reach common ground on the remaining issues. Apple suggests that the parties have the first such call either tomorrow or Wednesday, schedules permitting. We propose that the parties use the first call to discuss Apple's enclosed counterproposals, as well as the substantive concerns we raised on the August 5 call regarding RFPs 23(a)(i) and 23(a)(ii).[5] The parties could then find mutually agreeable times early next week to have two additional calls to discuss the other search strings. While the parties have exchanged counterproposals with accompanying explanations, the parties have not discussed the specifics of these search strings beyond the written explanations, and Apple is hopeful that over the course of the next week and a half the parties will reach agreements on a rolling basis for the outstanding search strings through live discussion. As the parties reach additional agreements, Apple will continue to promptly transfer, as it has been, documents for agreed upon search strings to its review platform. Nonetheless, Apple proposes that the parties engage in several live, good-faith discussions in the coming days with the goal of concluding their search term discussions no later than Wednesday, August 18, two days prior to when Apple anticipates the review team will complete review of the documents from the currently agreed upon search strings. Assuming that DOJ agrees to this reasonable process and that the parties can reach reasonable compromises on the outstanding search strings, Apple would hope to complete its production of documents during the month of October.

Apple remains committed to negotiating the outstanding search strings with DOJ in good faith. We look forward to promptly resolving any remaining issues and bringing our search term negotiations to conclusion.

---

[5] Given the concerns noted above regarding Requests 23(a)(i) and 23(a)(ii), Apple would like to hear DOJ's position regarding an appropriately narrowed scope for these requests and searches before providing DOJ with counterproposals.

August 9, 2021
Page 5

                                                   Sincerely,

                                                   /s/ *Karen Hoffman Lent*

                                               Karen Hoffman Lent

CC:  Steven Sunshine
      Danielle Menitove
      Ryan Travers
      Heather Cicchese
      Jon Sallet
      Erin Shencopp
      Carter Coudriet
      Jesus Alvarado-Rivera
      Aaron Comenetz
      Brian Wang
      Jake Shields