# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| United States of America, *et al.*,<br><br>                                  Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                                  Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |

|  |  |
|---|---|
| State of Colorado, *et al.*,<br><br>                                  Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                                  Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

## DEFENDANT GOOGLE LLC'S STATEMENT REGARDING DISPUTES INVOLVING COMPLIANCE WITH SUBPOENAS ISSUED TO CERTAIN THIRD PARTIES

In accordance with the Court's Minute Order of June 29, 2021, Google LLC ("Google") submits the following statement identifying certain outstanding disputes involving subpoenas issued to two third parties, Booking Holdings Inc. and Yelp, Inc., that it intends to raise at the hearing scheduled for August 31, 2021, and outlining its position as to the issues in dispute. [1]

---

[1]      Google advised both Yelp and Booking that it intended to raise disputed issues during the August 31 hearing before the Court, via letters dated August 18 and 19, respectively.  Google also advised Yelp and Booking earlier this week that it intended to make a submission today and sought to agree to simultaneous submissions per the Court's orders.

The Court's recent scheduling of discovery hearings has prompted several third parties to begin to comply with their discovery obligations without the Court's intervention, but that has not happened here.  As discussed in further detail below, two non-parties who played a significant role in the government's investigations of Google — Booking Holdings Inc. ("Booking") and Yelp, Inc. ("Yelp") — have each delayed and rejected a range of reasonable proposals to jumpstart production of relevant documents in their possession.  In addition to playing a significant role in the government's investigations, these parties are central to the Plaintiffs' Complaints — search engines can focus on particular types of queries such as shopping or travel.  The Plaintiff States' Complaint refers to these search engines as "specialized vertical providers."  For example, Booking.com specializes in travel and Yelp focuses on local businesses.  Search engines like Google, Bing, and DuckDuckGo offer responses to a range of queries that overlap with responses provided by so-called "specialized" vertical providers. Competition between different flavors of search engines is a central issue in this litigation.

Neither Yelp nor Booking has timely searched for or produced information responsive to Google's requests, served four months ago.  Although the parties continue to meet-and-confer as of the time of this submission, in the absence of resolution by the August 31 hearing, Google will seek the Court's assistance to assure that discovery is completed expeditiously within the next month.  Accordingly, Google details below the specific issues in dispute and relief requested regarding Booking Holdings (Section I) and Yelp, Inc. (Section II).

## I.      Google's Subpoena to Booking Holdings Inc.

Booking Holdings ("Booking") offers online travel and related services.  Booking's brands include Booking.com, Kayak, Priceline, and OpenTable.  According to DOJ's and the Colorado Plaintiffs' Rule 26 disclosures, Booking purportedly possesses information regarding

nearly every issue in the litigation, including ██████████████████████

████████████████████████████████████████████████████████

██████. ██████████████████████████████████████

████████████████████████████████████████████████

██████████████████████.

     Booking's objections and delay in responding to Google's subpoena contrast starkly with

the cooperation and responsiveness it has offered to DOJ and the Colorado Plaintiffs. ████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████. To date, Booking has responded to at least eight of DOJ's subpoena

specifications, gathering and producing a tailored set of documents responsive to DOJ's requests.

Booking displayed the same responsiveness with the States, ████████████████████████

████████████████. As with DOJ, in response to the Colorado Plaintiffs' subpoena,

Booking has produced a hand-picked selection of documents.

     **A.**    **Booking's Lack of Progress in Responding to Google's Subpoena.**

     In the four-and-a-half months since Google issued its subpoena on April 13, 2021,

despite four extensions of subpoena deadlines, numerous meet-and-confer calls, letters and

dozens of emails,[2] to date, Booking has made **<u>no</u>** productions in response to Google's subpoena.

---

[2]     On June 8, Booking served objections to all requests in their entirety except for Request 1 (re-production of its productions to the Government). For weeks after that, Google again requested a substantive proposal for custodians and/or targeted searches and collection, and indicated its willingness to negotiate the scope of the requests. Negotiations did not progress – Booking proposed no custodians, no strategy for providing responsive documents (search terms, targeted collection, or otherwise), and no approach to data requests – until Google raised the prospect of Court intervention on June 30. In response, Booking agreed to propose custodians and search terms by July 16, and to aim to resolve discussions of custodians and search terms by July 23.

At this point, (1) Booking has still not agreed to Google's proposed custodian list of eleven employees (two are in dispute[3]); and (2) has yet to produce data in response to seven requests of Google's subpoena.  Google received Booking's response to Google's July 20 search term proposal the evening before this submission.

Google requests the Court's assistance in setting a schedule for Booking to respond to Google's requests and produce responsive documents and data by September 30, 2021.  Given Booking's lack of progress and slow pace, a concrete timetable is needed to avoid causing further delay.

**B.      A Concrete Timeframe for Production is Needed**

After objecting to all except one of Google's subpoena requests and taking a position for weeks that it would not engage in custodial collection or produce any new data, Booking eventually agreed to produce documents for nine custodians over multiple weeks of negotiation, and has also taken weeks to respond regarding proposed search terms and a timeline for data productions.  The twenty requests at issue were identified for Booking on May 19, and basic issues remain outstanding despite Google's repeated efforts to seek resolution.  Google seeks:

1. **Two key custodians proposed by Google, to which Booking objects:**  After weeks of a "no custodian" position, in July 2021, Booking proposed five custodians who have roles specific to four particular brands (OpenTable, Kayak, Priceline, Booking).  Google asked Booking to identify additional employees (a) at the product level; (b) at a corporate level above the specific brands; and (c) ████████████████████████████████

---

[3]      The parties reached agreement on nine custodians: ███████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████ .

██████████████████████.  On August 19, in the absence of requested organizational charts and other assistance to identify these employees, Google proposed an additional six custodians based on its own limited understanding of the company.[4]  Google has now compromised in negotiating product-level custodians, but Booking has not agreed to produce documents from two relevant higher-level custodians.  Booking has advised that it is considering the request and will give Google its response on Monday, August 30. The two additional custodians Google seeks are described in Appendix A, each of whom has a corporate-level position.  This dispute will be ripe if Booking fails to respond and/or refuses to agree to these two custodians on Monday.

2. **Compliance with Seven Data Requests by September 31:**  Booking has refused to advise Google what data it will produce in response to seven data requests, and by what date.  These requests were identified by Google on May 19 (Requests 3, 7, 10, 38, 50, 51, and 70), three months ago.  Google has requested a proposed timeline and further detail on what data will be produced.  Prior to this week, Booking wasted further time, stating it would rely on prior productions to the government to satisfy three of Google requests (Requests 3, 7, and 10).  Google reviewed the data provided, and the files provided minimal or no coverage for the requests Booking sought to satisfy with the data, and

---

[4]      Booking's initial five proposed custodians were: ████████████████████████
████████████████████████████████████████████  ██████████████
███████████  Booking subsequently added ███████████████████████████
████████████████████  On August 19, Google proposed ████████
████████████████████████████████████████████████
████████████████████████████████████████████████
█████████████████████████████████

Google provided detailed follow-up questions and explanation of its analysis.[5]   To date Booking has not identified on a request-by-request basis what data it will produce or provide a timeline for production for these seven data requests.

Given Booking's persistent delays, Google requests the Court to order Booking to (1) produce documents for the two custodians identified in Appendix A, in addition to the nine already offered by Booking (eleven in total) by September 30; and (2) identify responsive data by September 3, and produce all data responsive to Google Requests 3, 7, 10, 38, 50, 51, and 70 by September 30.

## II.    Google's Subpoena to Yelp, Inc.

Yelp is an online platform that allows consumers to search for and connect with local businesses, from restaurants, boutiques, and salons to dentists, mechanics, and plumbers. According to DOJ's and the Colorado Plaintiffs' Rule 26 disclosures, as with Booking.com, Yelp purportedly possesses information regarding a large set of issues: ███████████████ ██████████████████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████ Both DOJ and the Colorado Plaintiffs had numerous contacts with Yelp during the agencies' investigations, and Yelp provided the government with information that the government later focused on in bringing its claims in these cases.

---

[5] ███████████████████████████████████████████ ██████████████████████████████████████████████ ███████████████████████████████████████████████ ██████████████████████████████████████████████ ███████████████████████████████████████.

Notwithstanding its relevance to the issues in the litigation, Yelp asserted broad objections to Google's Rule 45 subpoena to restrict the production of Yelp's communications with third parties about Google.  And, in the nearly four months since Google served its subpoena on April 13, 2021, Yelp has yet to begin productions in response to Google's subpoena, prioritizing its response to Plaintiffs' subpoenas, for which it has already made multiple productions.[6]   The potential for this Court submission spurred Yelp to provide more information over a 48-hour period than in the prior three months.

Yelp's response to Google's subpoena contrasts starkly with the cooperation and responsiveness it has offered to DOJ and the Colorado Plaintiffs.  From correspondence produced by the Colorado Plaintiffs and DOJ, Google understands that Yelp has provided, collectively, (1) 11 separate document productions; (2) calls, presentations, interviews or testimony on 17 occasions over the course of 15 months; and (3) eight written responses, explanations or reports, totaling over 100 pages of written advocacy for the government to pursue claims against Google.  The investigation correspondence shows that Yelp consistently responded to the Plaintiffs with great haste, many times offering to speak via telephone on the same day that Plaintiffs requested a call and proactively providing information beyond Yelp's business operations.  Thus far, Yelp has produced nearly 28,000 pages of responsive documents to the Plaintiffs, and none in response to Google's requests.  Yelp has provided Google with copies of these productions, but no detail about whether the productions to the Plaintiffs respond to any of Google's particular requests.

There are two disputes regarding Yelp's lack of response to Google's subpoena that

---

[6]     *See* Appendix C (E-mail Correspondence from Wilson Sonsini Goodrich & Rosati for Google with the Kanter Law Group for Yelp (May 6, 2021)).

require the Court's assistance: (1) refusal to agree to production of documents from Yelp employee ███████████ which was communicated just today, and failure to provide information on the limitations it seeks to impose on four other custodians; and (2) disputes regarding Google's search term proposal.  Yelp has recently responded to several requests for data identified by Google in May, and the parties will continue to meet-and-confer about a timeline for production.  During the time that Yelp has failed to respond to Google, it has produced multiple productions to the Plaintiffs.  Google addresses each disputed point below.

### A.    Yelp's Limitations on Google's Custodian Proposals

The parties have unresolved issues with respect to document custodians described in Appendix B to this submission.[8]  The parties continue to meet-and-confer as of the time of this submission, and will advise the Court if any issues are resolved before the August 31 hearing.

First, Yelp advised today that it will no longer agree to produce the records of ██████ ███████████████████████████████.  As explained in a July 16, 2021 letter[9] from Google to Yelp and Appendix B to this submission, this individual played a significant role in providing the Plaintiffs and other agencies with information to further their investigation of Google.  Yelp advised Google of this change shortly before Google was making its submission. Google asks that the Court order Yelp to produce responsive documents from ██████████.

---

[7]        These additional custodians likely possess highly relevant information.  ███████████, for example, was involved directly in conversations with both sets of Plaintiffs throughout the course of their investigation, ██████ ████████████████████████████████████████████████████████████████████████████████████

[8]        The parties reached agreement on four custodians: ██████████████████████████████████████ ████████████████████████████████████████████████████ ███████████

[9]        *See* Appendix C (Letter from Wilson Sonsini Goodrich & Rosati for Google to the Kanter Law Group for Yelp, dated July 16, 2021).

Second, Yelp seeks to impose restrictions on the searches it will conduct on the custodial documents of ███████████████████████████, former employee █████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████ without providing concrete parameters or justifications for such limitation.  For these four custodians, Google has received no concrete proposal on any limitations Yelp seeks on a custodian-by-custodian basis.

The only specificity Yelp has provided relates to ███████████.  Yelp proposes to limit ███████████ collection to documents pertaining only to his work on one academic paper entitled, *Does Google Content Degrade Google Search? Experimental Evidence*, coauthored with Michael Luca, Tim Wu and Daniel Frank.[10]  ███████████ records will likely provide information beyond this one paper, concerning analysis of Yelp's business and performance, as well as Google's search results and search advertising.

Although the parties continue to meet-and-confer on Yelp's intended limitations, Google seeks clarity on any documents that Yelp intends to exclude, especially in the event that Plaintiffs seek to call any Yelp custodians or other employees as witnesses in this case.  Google asks the Court to order Yelp (1) to provide search terms and/or concrete parameters for ████ ███████████████████████████████████ by September 3, (2) to produce responsive documents for ███████████████████████ by September 24,[11] and (3) to produce responsive documents from ███████████████ by October 15.

---

[10]     *Available at* https://scholarship.law.columbia.edu/cgi/viewcontent.cgi?article=2932&context=faculty_scholarship.

[11]     Yelp already indicated its intent to complete productions for agreed-upon custodians by September 24, subject to search term negotiations between the parties.

B.       **Yelp's Delay in Providing a Reasonable Search Term Proposal**

Yelp has taken a month to reply to Google's July 29 search term proposal, and Google

anticipates that it will not receive a counter-proposal and related deduplicated hit counts until this

upcoming weekend.  In the four weeks since Google offered its July 29 counterproposal to

Yelp's paltry proposal of five search strings, Google has reiterated its request for Yelp to respond

to Google's search term proposal, all while Yelp continued to prepare productions for the

Plaintiffs.  If the search proposal has not been received by the time of the August 31 hearing,

Google asks the Court to compel a response from Yelp and for the parties to meet-and-confer to

resolve search term issues by September 3, and production for seven custodians by September

24, and two additional custodians by October 15.

* * *

Counsel to Google will be prepared to answer any questions the Court has with respect to

the foregoing at the August 31, 2021 hearing.

Dated: August 27, 2021

Respectfully submitted,

By: _____

WILSON SONSINI GOODRICH & ROSATI P.C.
Wendy Huang Waszmer (D.C. Bar No. 478725)
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
1301 Avenue of the Americas
New York, New York 10019
Tel:  212-497-7702
wwaszmer@wsgr.com

1700 K St, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com

WILLIAMS & CONNOLLY LLP
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
725 12th Street, NW
Washington, DC 20005
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
Matthew McGinnis (*pro hac vice*)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624


*Counsel for Defendant Google LLC*