# APPENDIX C

## RE: Yelp subpoena from Google

Edelson, Ken <kedelson@wsgr.com>
Tue 5/25/2021 10:40 PM
To: Brandon Kressin <brandon@kanterlawgroup.com>; Jonathan Kanter <jonathan@kanterlawgroup.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Reed Showalter <reed@kanterlawgroup.com>
Cc: Waszmer, Wendy <wwaszmer@wsgr.com>; Rubinstein, Franklin <frubinstein@wsgr.com>; Tennis, Brad <btennis@wsgr.com>



11



**From:** Brandon Kressin <brandon@kanterlawgroup.com>
**Sent:** Wednesday, May 19, 2021 1:21 PM
**To:** Edelson, Ken <kedelson@wsgr.com>; Jonathan Kanter <jonathan@kanterlawgroup.com>
**Cc:** Reed Showalter <reed@kanterlawgroup.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Rubinstein, Franklin <frubinstein@wsgr.com>; Dawn Forrester <dawn@kanterlawgroup.com>; Waszmer, Wendy <wwaszmer@wsgr.com>
**Subject:** RE: Yelp subpoena from Google



**From:** Edelson, Ken <kedelson@wsgr.com>
**Sent:** Friday, May 14, 2021 4:47 PM
**To:** Brandon Kressin <brandon@kanterlawgroup.com>; Jonathan Kanter <jonathan@kanterlawgroup.com>
**Cc:** Reed Showalter <reed@kanterlawgroup.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Rubinstein, Franklin <frubinstein@wsgr.com>; Dawn Forrester <dawn@kanterlawgroup.com>; Waszmer, Wendy <wwaszmer@wsgr.com>
**Subject:** RE: Yelp subpoena from Google



(REDACTED for confidentiality (email correspondence below has been redacted as it references other parties.)

/11

# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation

1700 K St.
5th Floor
Washington, D.C. 20006

O: 212.999.5800
F: 212.999.5899

FRANKLIN M. RUBINSTEIN
Internet: frubinstein@wsgr.com
Direct dial: 202.973.8833

July 16, 2021

**VIA EMAIL**

Jonathan Kanter
Brandon Kressin
Kanter Law Group PLLC
1717 K Street N.W., Suite 900
Washington D.C., 20006

**Re:   Cases 1:20-cv-03010 (APM), 1:20-cv-03715 (APM)
        Rule 45 Subpoena to Yelp – Yelp's June 18 Letter to Google**

Jonathan, Brandon,

We have reviewed Yelp's June 18 letter to Google. We respond here with clarifications regarding Yelp's current list of proposed custodians, and propose additional custodians for Yelp's response to Google's subpoena. We will follow up early next week with a comprehensive proposal for search terms both for priority topics and additional requests from Google's subpoena.

## I. Custodians

### a. Clarifications regarding current custodians

███████  Public information indicates that ████████ assumed his current role as ███████ ████████████████████. Please provide a list of positions ████████ has held at Yelp since joining the company in 2012 and a timeline for his different roles. To the extent ████████ documents covering operations and strategy do not cover the entire relevant period, Google may request other custodians with documents on the topics currently covered by ████████ files.

████████████: Public information indicates that ████████████ tenure with Yelp began in 2015. Please provide a list of the positions ████████ has held at Yelp since joining the company and a timeline for his different roles. To the extent ████████████ documents on business development do not cover the entire relevant period, Google may request other custodians with documents on the topics currently covered by ████████ files.

████████████: Please provide the names of any individuals who occupied Yelp's COO role prior to ██ ████████ during the relevant period.

AUSTIN    BEIJING    BOSTON    BRUSSELS    HONG KONG    LONDON    LOS ANGELES    NEW YORK    PALO ALTO
SAN DIEGO    SAN FRANCISCO    SEATTLE    SHANGHAI    WASHINGTON, DC    WILMINGTON, DE

WILSON SONSINI

July 16, 2021
Page 2

### b. Proposed additional custodians

Google proposes including ▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮ as additional custodians for Yelp's response to Google's subpoena.  These individuals' documents will cover topics not fully covered by the current list of custodians Yelp has offered.  ▮▮▮▮▮▮▮▮ documents will cover, among other topics, third-party communications with government entities, media, and industry associations related to the allegations in the case, and internal communications related to and supporting Yelp's public statements regarding competition.  ▮▮▮▮▮▮▮▮▮▮ documents will cover, among other topics, academic work Yelp has been involved in related to the allegations in the litigation, and experiments related to and analysis of Yelp's business and performance as well as Google's search results and search advertising offerings.

In addition, Google has identified ▮▮▮▮▮▮▮▮▮▮ as a potential custodian relevant to requests covering Yelp's revenue sources, monetization strategies, customer complaints, quality, performance, and competition.  Please provide information regarding the scope of ▮▮▮▮▮▮▮▮▮ duties during her tenure at Yelp, in particular to what degree her role was distinct from ▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮▮▮, and the extent to which productions from ▮▮▮▮▮▮▮▮▮ files would be duplicative of productions from ▮▮ ▮▮▮▮ and ▮▮▮▮▮▮▮▮▮▮ files.

Google requests that all search terms proposed for any request be run for all custodians, and reserves the possibility that it will request additional custodians beyond those listed above after reviewing any documents provided by Yelp and the information requested above regarding current and proposed custodians.

### II.   Search Terms

As noted above, Google will follow up early next week with a comprehensive proposal for search terms that responds to Yelp's proposals in its June 18 letter regarding Google's priority topics and requests, and proposes search terms and approaches for additional requests from Google's subpoena. Please provide at your earliest convenience the current set of search terms agreed to with DOJ and Colorado, if any have been added since Yelp's June 18 letter.

Please let us know if you have any questions regarding these proposals.  We would be glad to discuss them at our next meet-and-confer.

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


/s/   Franklin M. Rubinstein

WILSON SONSINI

July 16, 2021
Page 3


cc:
Wendy H. Waszmer (wwaszmer@wsgr.com)
Brad Tennis (btennis@wsgr.com)