*REDACTED*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, *et al*., | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

| | |
|---|---|
| State of Colorado, *et al*., | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

**NON-PARTY BOOKING HOLDINGS INC.'S RESPONSE TO DEFENDANT GOOGLE**
**LLC'S STATEMENT REGARDING DISPUTES INVOLVING COMPLIANCE WITH**
**SUBPOENAS ISSUED TO CERTAIN THIRD PARTIES**

Booking Holdings Inc. ("BHI") respectfully submits this statement in response to

Defendant Google LLC's Statement Regarding Disputes Involving Compliance with Subpoenas

Issued to Certain Third Parties ("Google's Statement"), filed on August 27, 2021.  BHI and

*REDACTED*

Google are not at impasse on any issues.  To the contrary, by placing new, weighty demands on non-party BHI little over one week ago and imposing a tight, artificial deadline for BHI's response, Google has manufactured a discovery dispute and needlessly seeks the Court's assistance to resolve it.  In fact, BHI and Google have made substantial progress negotiating the scope of BHI's response to Google's subpoena and, as Google acknowledges, "the parties continue to meet-and-confer as of the time of this submission."  Google's Statement at 2.  The parties are close to final agreement on custodians, search terms, and data responses.  BHI, a non-operating holding company that owns several operating companies referred to as "brands," has offered to collect and review a substantial number of documents from nine custodians across four brand companies, and to produce accessible data in response to Google's priority data requests, with reasonable modifications.  BHI has also committed to work in good faith to begin rolling document productions in the latter half of September, to conclude document productions as expeditiously as reasonably practicable thereafter, and to target September 30 for completion of data productions.

Nevertheless, Google attempts to derail the constructive dialogue with BHI by now needlessly seeking Court intervention regarding two demands that Google raised with BHI **for the first time** a week prior to Google's August 27 submission.  First, after a month's long negotiation resulted in a list of seven agreed-upon custodians, on August 19 Google demanded that BHI produce six additional custodians, and threatened to take the issue to the Court almost immediately should BHI fail to agree.  BHI agreed to produce two of the requested custodians and an agreement was reached to defer on two others based on BHI's representation that those custodians' documents would be duplicative or otherwise not responsive.  Most significant here, the other two custodians that Google requested for the first time just one week before seeking the

*REDACTED*

Court's assistance are two CEO-level employees: ████████████████████

████████████████████████████████████████████████

████████████  BHI has informed Google that it is evaluating Google's belated but very weighty request to add these CEOs as custodians.  Notably, however, Google has failed to provide BHI with any sufficient basis to conclude that these custodians possess relevant, non-duplicative materials.  Citing just two documents, Google asserts that BHI's productions to date show one CEO "was informed of" Google's search page and related analysis and the other "was copied on updates" concerning search engine optimization.  Google's Statement at Appendix A.  As BHI pointed out to Google, the employees who actually did the "inform[ing]" and "updat[ing]" are custodians that the parties already agreed upon.   Given the nature of the CEOs' roles at the companies and the likelihood of duplication, any marginal relevance of the documents to be collected from these two CEOs is outweighed by the significant burden associated with reviewing and producing the emails of two of BHI's most senior executives.

Second, Google has asked the Court to order BHI to produce all responsive data to seven of Google's data requests by September 30 (which is something BHI has already agreed to make a good faith effort to do).  Like Google's late-breaking request for specified custodians, the timing of BHI's data productions was not in dispute before August 19.  Prior to that date, BHI had communicated to Google on multiple meet-and-confers that (1) as to three of Google's data requests, BHI believed it had substantially complied through its prior productions; and (2) as to Google's four remaining data requests, due to the significant business disruption associated with compliance, BHI sought first to reach final agreement on the scope of discovery and then to compile and produce responsive data alongside its productions of custodial email files.  Google did not object to these representations in any of the parties' meet and confers.

*REDACTED*

Instead, after **<u>waiting five months</u>** to comment specifically on BHI's March productions, and despite negotiations and discussions in multiple conferences in the meantime, Google stated on August 19 that BHI's prior productions as to three of its data requests were insufficient. Remarkably, despite apparently waiting five months to review BHI's data productions, Google gave BHI one business day to agree to a firm timeline to produce all supplemental responsive data. BHI has since agreed to make a good faith effort to produce any remaining responsive data by a September 30 target date. Nevertheless, and despite the parties' prior understanding that BHI would produce rolling data productions along with its forthcoming document productions, Google now asks the Court to order BHI to complete data productions by September 30 (the same date that BHI has already agreed to make a good faith effort to target). This request is unnecessary and should be denied.

It bears repeating that BHI and Google are not at impasse on any issues. Google acknowledges as much in its filing, stating that "the parties continue to meet-and-confer as of the time of this submission." BHI and Google have in fact reached near-final agreement on all issues Google raised with BHI prior to August 19. And BHI is in the process of diligently evaluating the requests Google first raised with BHI approximately one week ago. But Google's brinksmanship of using the threat of Court involvement to force BHI's hand under a fabricated, unreasonably short time frame is not fair play. Google should not be permitted to make new, weighty demands on a non-party while simultaneously threatening to bring those demands to the Court in one week's time. To be clear, this has already imposed an unreasonable burden on BHI, which has been forced to address Google's belated demands in a matter of just a few days. BHI respectfully requests that the Court deny the relief that Google abruptly and unnecessarily seeks.

*REDACTED*

**Background on Google's Subpoena and BHI's Negotiations with Google**

Non-party BHI is a non-operating holding company.  BHI owns several companies with online travel offerings.  As relevant here, BHI brands include Booking.com, Priceline, KAYAK, and OpenTable (the "BHI brands").  BHI received a subpoena from each of the parties in the above-captioned actions – the Department of Justice ("DOJ"), the state plaintiffs in the action led by the State of Colorado ("Colorado"), and Google, each of which requested documents from the BHI brands.  For the past several months, BHI has been working diligently to respond to each of the three subpoenas.

Importantly, the subpoena issued to BHI by Google was a material outlier in both breadth and timing as compared to the subpoenas issued by DOJ and Colorado.  DOJ served its subpoena, which contained 21 requests, on January 19, 2021.  Colorado served its subpoena, which contained 20 requests, on February 25, 2021.  After meeting and conferring, DOJ substantially reduced the burden associated with complying with its subpoena by providing BHI a targeted list of **eight** requests that it asked BHI to produce.  Similarly, Colorado substantially reduced the burden associated with complying with its subpoena by providing a targeted list of **ten** priority requests.

Upon receiving the DOJ and Colorado subpoenas in January and February of 2021, the BHI brands worked to provide responsive documents to satisfy the subpoenas as modified by DOJ and Colorado.[1]

---

[1] Notably, both DOJ and Colorado were willing to accept targeted collections from the BHI brands, and BHI was not required to engage a third-party vendor or embark on e-discovery to respond to the DOJ and Colorado subpoenas.  In March and April 2021, BHI, through its four responding brands, made eight productions in response to the eight priority requests from DOJ's subpoena.  Since then, DOJ and Colorado have timely reviewed BHI's productions and have sought reasonable, targeted additional productions where necessary to address any gaps.

*REDACTED*

Because BHI provided simultaneous productions to all parties, Google was aware that the BHI brands were responding to the DOJ Subpoena as early as March 5, 2021.  Nevertheless, Google waited until April 13, 2021 – after BHI had made **six** productions and nearly completed its responses to DOJ's priority requests – to serve its subpoena on BHI.  Stunningly, Google's subpoena contained **71 requests** (not counting dozens of subparts) – more than **three times** the size of either the DOJ or Colorado subpoena.  Unsurprisingly, given the sheer quantity of requests issued to a non-party, Google's subpoena was overbroad and unduly burdensome.[2]

On July 9, after much back-and-forth driven by Google's failure to ensure its subpoena did not impose an undue burden, BHI offered to review and produce responsive documents from the email files of "5-10 custodians" (who would be identified and agreed between the parties) in response to Google's 20 priority requests.  This was a significant concession that required BHI, for the first time since its involvement in this matter, to engage a third-party vendor and embark on the process of identifying custodians and drafting search terms for e-discovery.  Following the parties' July 9 agreement, on July 16 BHI provided Google with a proposed list of search terms and named five senior-level custodians most likely to have documents responsive to Google's priority requests.

---

[2] BHI met and conferred with Google on April 27 and May 19.  On April 27, BHI explained that it did not believe Google's subpoena took reasonable steps to avoid imposing an undue burden on a non-party.  On May 19, in response, Google provided BHI with a list of 14 priority topics and 20 priority requests corresponding to those priority topics.  Even in somewhat reducing the burden of compliance, the number of priority requests and topics sought from Google thus exceeded the entire length of the original subpoenas served by each of DOJ and Colorado, before those subpoenas were further modified.  In light of the quantity of the requests and the significant burdens of compliance, BHI served Responses and Objections to the Google subpoena on June 8.  BHI and Google subsequently exchanged letters regarding their respective positions.

*REDACTED*

The parties held meet-and-confers on July 21 and August 2 in an effort to reach agreement on custodians, search terms, and data responses.  Following these meet-and-confers, the status of the negotiations between BHI and Google was as follows:

- **Custodians:**  In response to questions and issues raised by Google, BHI offered two additional custodians, bringing the total number of custodians to seven.  These custodians included senior-level individuals across all four brands, including the Booking.com Chief Marketing Officer and the VP-level point people for SEO and advertising at each brand.

- **Search Terms:**  Following BHI's search terms proposal of July 16, Google provided a counter-proposal that did not revise or modify BHI's proposed search terms, but instead entirely supplanted them.  BHI agreed to assess the burden associated with these search terms and to provide a counter-proposal as soon as possible.

- **Data:**  BHI asserted that it had already produced certain data responsive to Google's requests 3, 7, and 10 in its March and April productions to DOJ.  Google agreed to review those productions (apparently it had not yet done so, despite having these productions in its possession for five months).  BHI further agreed to produce readily accessible data responsive to Google's requests 38, 50, 51, and 70.  BHI explained that, due to the significant business disruption associated with repeatedly requesting data pulls from its businesses, BHI sought to reach agreement on the full scope of remaining discovery and to then begin rolling productions of both documents and data simultaneously.  Google did not object to this proposed approach.

Between August 2 and August 19, BHI worked diligently to assess the burden of Google's proposed search terms and to respond with a counter-proposal.

*REDACTED*

**Google's August 19 Requests and August 25 Meet-and-Confer**

Near midnight on Thursday, August 19 – after two weeks of radio-silence from Google following the parties' August 2 meet-and-confer – Google sent BHI a letter demanding a response by Monday, August 23 (effectively the following business day).  In its letter, Google threatened to seek Court intervention on August 31, with a submission filed the preceding Friday, August 27, should BHI fail to almost immediately agree to the following brand-new requests:

- **Custodians:**  Google sought to nearly double the list of seven custodians the parties had agreed upon, requesting **six** additional custodians, including – for the first time – the addition of two CEO-level of custodians.  As to the CEOs, Google cited just two documents showing that the CEOs were at times copied on updates concerning relevant topics.  Both emails showed that the individuals sending the updates were existing custodians that the parties had already agreed upon.

- **Search Terms:**  Google asked BHI to respond by Monday, August 23 with a counterproposal on search terms and de-duplicated hit counts for both Google's proposal and BHI's counter-proposal.

- **Data:**  Google stated that it had (finally) reviewed BHI's March and April productions to DOJ, and that it did not believe BHI had provided adequate responses to Google requests 3, 7, and 10.  Google requested additional, detailed information regarding BHI's prior productions, as well as supplemental productions to satisfy Google's particular requests. In addition, despite the parties' previous understanding that BHI would make rolling productions of responsive data once the parties had reached agreement on the scope of

*REDACTED*

document discovery, Google requested immediate updates on BHI's data collection

efforts as to requests 38, 50, 51, and 70.

Google's letter prompted BHI to spend the entire business day on August 20, the weekend, and the following two business days, coordinating across four companies to address Google's new custodial requests, assemble de-duplicated hit reports for data that had just been exported, and collect detailed information regarding the possibility of Google's newly-requested supplemental data productions. During a meet-and-confer on August 25, in an effort to reach compromise with Google and avoid wasteful and unnecessary Court intervention, BHI made numerous concessions and demonstrated a strong willingness to work with Google to provide the requested materials on a reasonable timeframe and without undue burden on the brands:

- **Custodians:** BHI agreed to produce responsive documents from two additional custodians, bringing the total number of custodians to nine. As to the remaining four custodians that Google named in its letter, including the two CEOs, BHI explained that their documents were likely to be duplicative and unduly burdensome to produce. Without providing any additional basis for believing that the CEOs were likely to have responsive, non-duplicative materials, Google articulated to BHI – for the first time in the parties' months-long negotiations – that the addition of the two CEO custodians (first put on the table as potential custodians on August 19) was critical and that Google would seek Court intervention should BHI fail to add them as custodians by Friday – which was at that point two days away. On Friday, August 27, BHI explained to Google that it was evaluating Google's request for the CEOs, but that it would not be able to provide a final answer on the addition of these custodians before Google's 8:00 pm submission to the Court. BHI maintains that Google failed to provide a sufficient basis to conclude that the

*REDACTED*

CEOs' documents will be relevant and non-duplicative of the other custodians already being offered.

- **Search Terms:**  On search terms, BHI explained to Google that the data was exporting, and that it would respond with a search terms counterproposal as soon as possible.  On August 26, BHI provided Google a generous counterproposal on search terms, accompanied by a de-duplicated hit report on the document population from which BHI agreed to review and produce responsive material (not including the documents from the two additional custodians agreed to on the August 25 meet-and-confer, which will add to the total hit count).  Google offered one suggested modification to the search terms.  With that change and assuming no further requested modifications from Google, BHI understands that the parties are in agreement on search terms for the nine agreed upon custodians.

- **Data Requests:**  At the August 25 meet-and-confer, BHI provided updates in response to Google's data requests, including noting that certain of the requests were inapplicable to the business models of some of the responding brands.  Google requested that BHI agree to produce responsive data by the end of September.  BHI followed up by email dated August 27, stating that it would make a good faith effort to produce any responsive data by September 30.

Despite BHI's numerous concessions and demonstrated willingness to negotiate regarding Google's new requests, Google insisted on filing a submission on the evening of Friday, August 27, bringing these non-ripe issues to the Court's attention.  The parties were continuing to negotiate on these matters until just two hours before Google's filing, and the parties had the mutual expectation that they would continue to negotiate through the weekend and on Monday.

*REDACTED*

In fact, BHI and Google have a meet-and-confer scheduled for August 31 at noon.  It is apparent to BHI that Google is not interested in engaging in fair negotiations that will result in Google obtaining the documents it needs without imposing an undue burden on BHI as a non-party. Instead, Google has used the threat of Court intervention to force BHI to succumb to its unjustified demands that it waited until just over one week ago to raise.

**Conclusion**

BHI and Google have made significant progress negotiating the scope of BHI's forthcoming responses to Google's overbroad subpoena.  BHI has agreed to review emails from nine custodians and to begin making rolling document productions in the latter half of September.  BHI has further committed to make a good faith effort to produce any remaining responsive data by September 30.  Google's unnecessary August 27 submission to the Court is a thinly-veiled effort to strong-arm BHI into adding two of its CEOs as custodians without adequate justification and with little more than one week's notice.  BHI respectfully requests that the Court deny the needless relief sought by Google.  In the meantime, BHI intends to keep its commitment to make a good faith effort to (1) begin rolling custodial document productions in September and (2) proceed with productions of additionally available data in response to Google's priority data requests by a target date of September 30.

**REDACTED**

Dated:  August 30, 2021                    Respectfully submitted,

/s/ Sara Y. Razi
Sara Y. Razi
SIMPSON THACHER & BARTLETT LLP
900 G St., N.W.
Washington, DC 20001
Phone: (202) 636 – 5582
Fax: (202) 636 – 5502
Sara.Razi@stblaw.com

*Counsel for Non-Party Booking Holdings Inc.*

*REDACTED*

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2021, the foregoing Response to Defendant Google LLC's Statement Regarding Disputes Involving Compliance with Subpoenas Issued to Certain Third Parties was electronically filed using the CM/ECF system and electronically served on counsel of record.

/s/ Sara Y. Razi

_____

Sara Y. Razi