# Exhibit 6

LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

BENJAMIN M. GREENBLUM
(202) 434-5919
bgreenblum@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

August 26, 2021

**VIA EMAIL**

Caroline Simons, Esq.
Haley Tynes, Esq.
Orrick, Herrington & Sutcliffe LLP
22 Berkeley Street
Suite 200
Boston, MA 02116

> Re:   *United States, et al. v. Google LLC*, No. 1:20-cv-03010-APM (D.D.C.)
>       *Colorado, et al. v. Google LLC*, No. 1:20-cv-03715-APM (D.D.C.)

Dear Caroline and Haley:

I write in response to your transmittal of Wednesday evening, August 25.

We are still reviewing the information that you provided, and so the following questions are by necessity preliminary in nature, and we reserve our rights to request additional information:

1. As I made clear to Haley in several calls, before we can consider deleting search terms, we would expect to see the deconstructed hit reports for the strings in question, which we would expect were generated in order for Microsoft to make these proposals. As you know, other parties have produced those, and for the reasons we have explained, there is no way to evaluate the proposed deletions to our strings without such information.

2. There are several objections to the effect that, "Improper application of custodians based on business unit, product(s) and/or subject matter of the request as drafted in Google's subpoena." We do not know what that means. If you intend to argue to the Court in tomorrow's submission that there are particular custodians that should be excluded from a given search string "based on business unit, product(s) and/or subject matter," you should identify each of those.

3. We do not understand your footnote 1. We are unaware of strings for which we have proposed custodian groupings that deviate from the Exhibit D strings that we sent you on

WILLIAMS & CONNOLLY LLP

Caroline Simons, Esq.
August 26, 2021
Page 2

      August 23.  If you disagree, please advise, and please otherwise clarify what the footnote is intended to convey.

4. Regarding your footnote 2, as I discussed with Haley, I understand Microsoft to be conveying that it is choosing not to exclude certain email addresses from its searches, despite that Google had no objection to Microsoft doing so.  That is Microsoft's choice, but whatever additional burden that imposes obviously cannot be blamed on Google.  For the searches in question, please identify the quantity of additional documents that Microsoft's approach will require it to review.

5. For RFP 23, as I explained to Haley, we need to understand the specific non-custodial sources from which you are proposing to make a go-and-get collection.  We cannot be expected to withdraw a request for a custodial search only to receive publicly available materials.  Please identify the nature and source of the materials that you propose to produce in place of a custodial collection.

6. Regarding Google's subpoena of July 19, we accept Microsoft's proposal of August 23, with one caveat: your letter appears to condition the search term proposal on Microsoft's responses and objections to the subpoena.  Please confirm that Microsoft will produce all non-privileged documents responsive to the subpoena, notwithstanding those objections.

We request the above information as soon as possible, today, in order to be able to confer over several of the outstanding strings to the extent possible given the time remaining.  In the interim, despite the continued absence of this information and the amount of time it took Microsoft to provide its counterproposals, we enclose as Exhibit E Google's counterproposals on the strings on which we have not yet reached agreement.

                                               Sincerely,

                                               Benjamin M. Greenblum

Encl.

# Exhibit E

**String 1**

As explained, without a deconstructed hit report, Google cannot accept the deletion of certain of its search terms.  Google therefore reiterates its proposal of Permutation 6 / Group C.

**String 2**

Google declines Microsoft's counterproposal as unduly narrow, but in compromise and to further address Microsoft's burden objection, proposes Permutation 7 / Group C.

**String 5**

Google declines Microsoft's counterproposal as unduly narrow.  Google reiterates its proposal of Permutation 3 / Group C.

**String 7**

Google accepts Microsoft's counterproposal of Permutation 4 / Group B.

**String 8**

Google accepts Microsoft's counterproposal of Permutation 3 / Group C.

**String 14**

Google rejects Microsoft's "go-and-get" counterproposal.  Google notes that RFP 23 not only seeks the actual "presentations . . . made to investors or at conferences," but also "notes or scripts associated with them . . . and all documents or data underlying any statements about Bing's performance."  We do not believe that the latter is susceptible to a "go-and-get" approach that Microsoft proposes.  In compromise and to further address Microsoft's burden objection, Google proposes Permutation 1 / Group B.

**String 15**

Google declines Microsoft's counterproposal as unduly narrow, but in compromise and to further address Microsoft's burden objection, proposes Permutation 4 / Group B.

**String 16**

Google declines Microsoft's counterproposal as unduly narrow, but in compromise and to further address Microsoft's burden objection, proposes Permutation 6 / Group C.

**String 21**

As explained, without a deconstructed hit report, Google cannot accept the deletion of certain of its search terms.  In compromise and to further address Microsoft's burden objection, Google proposes Permutation 6 / Group C.

**String 25**

Google accepts Microsoft's counterproposal of Permutation 5 / Group B.

**String 38**

Google declines Microsoft's counterproposal as unduly narrow.  Google reiterates its proposal of Permutation 2 / Group B.

**String 40**

Google accepts Microsoft's counterproposal of Permutation 4 / Group B.

**RFP 1 of July 19, 2021 Subpoena**

Google accepts Microsoft's search term and "go-and-get" documents proposal set forth in Letter from C. Simons dated August 23, 2021 in satisfaction of Microsoft's obligation under RFP 1 of Google's July 19, 2021 Subpoena, subject to the caveat noted in the cover letter to which this is attached.