IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>　　　　　　　　　Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>　　　　　　　　　Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER**
**REGARDING RULE 30(B)(6) DEPOSITION**

Google moves for a protective order to resolve two matters raised by the July 9, 2021 Rule 30(b)(6) deposition notice issued by Plaintiffs. First, Plaintiffs seek to take the corporate deposition of Google multiple times over the course of fact discovery, pursuant to a series of 30(b)(6) notices they intend to issue *seriatim*. Specifically, they already have issued two 30(b)(6) notices to date, but they have expressly noted that these notices are not comprehensive, and that they will issue additional 30(b)(6) notices later this fall and into the new year. Plaintiffs' position is not only contrary to the limitations on deposition testimony imposed by the Federal Rules of Civil Procedure, but also creates needless inefficiency and burden.

1

Federal Rule of Civil Procedure 30(a)(2)(A)(ii) prohibits multiple depositions of the same individual or entity absent agreement by the parties or leave of Court—neither of which Plaintiffs obtained.  In addition, issuing multiple, piecemeal 30(b)(6) notices well into deposition discovery removes Google's ability to coordinate 30(b)(6) testimony with the testimony of the numerous former and current Google employees that Plaintiffs continue to notice on an individual basis.  Nonetheless, in an effort to compromise and avoid requiring the Court's intervention, Google has advised Plaintiffs that it is willing to submit to a total of four 30(b)(6) depositions: the two that have already been noticed, as well as one additional notice related to factual issues and one additional notice related to data issues.  To avoid further unnecessary burden from these multiple notices, and to ensure that the parties are able to coordinate the 30(b)(6) depositions with individual depositions, Google has requested that Plaintiffs' forthcoming notice related to factual topics be issued by October 15.  Plaintiffs have been unwilling to agree, and so Google seeks the Court's assistance in enforcing the limitations imposed by the Federal Rules of Civil Procedure and sequencing discovery in an efficient and practical manner.  Specifically, Google requests that the Court require Plaintiffs to identify the remaining factual topics on which they seek 30(b)(6) testimony by October 15 and limit any further 30(b)(6) notices to a single data notice.

Second, the time period for the topics contained in the 30(b)(6) notice issued by the DOJ Plaintiffs is overbroad, unduly burdensome, and not proportional to the needs of the case.  The notice seeks testimony related to Google's "measurement, tracking, and analysis" of market shares, search queries, search traffic, and digital advertising "from 2002 to present."  Preparing the myriad witnesses required to testify about what countless current and former individual employees may have reviewed or analyzed on an ad hoc basis for a 20-year period would be unduly burdensome (if not practically impossible).  In any event, Plaintiffs will have ample opportunity to ask Google

witnesses about earlier time periods in individual fact depositions to the extent that such information is relevant to the issue of whether Google today is violating federal antitrust law. Accordingly, Google respectfully requests that the Court enter an order limiting the notice to the period from 2016 through the present.

## BACKGROUND

On July 9, 2021, Plaintiffs noticed a 30(b)(6) deposition to be taken on September 13. That notice stated it was "the first in a *series* of notices," and Plaintiffs would "notice additional Rule 30(b)(6) depositions to Google over the coming months." Ex. 1 at 2 (emphasis added). Broadly, Plaintiffs seek testimony related to: (1) "Google's measurement, tracking and analysis of market shares in the United States and worldwide, from 2002 to present" for "Search, Search Advertising, General Search Advertising, and Text Advertising"; (2) "Google's measurement, tracking, and analysis of" search queries, search traffic, and digital advertising; (3) "Google's policies regarding external and internal discussions of market shares for Search, Search Advertising, General Search Advertising, and Text Advertising"; and (4) "the Google employees . . . who have been responsible for . . . evaluating market shares" and measuring, tracking, and analyzing search queries, search traffic, and digital advertising. *Id.* at 9-12.[1]

At the July 30 Status Conference, Google raised with the Court the challenges presented by Plaintiffs' intent to issue 30(b)(6) notices *seriatim* throughout the case and that Google would engage with Plaintiffs about the propriety of that proposed approach. The Court encouraged "both sides, primarily the government parties, to conduct" the "30(b)(6) at the same time" as the "fact

---

[1] On July 22, the Colorado Plaintiffs noticed a second 30(b)(6) deposition to be taken on September 14, which incorporated the same language regarding DOJ Plaintiffs' intent to continue to issue 30(b)(6) notices. The topics contained in the second notice are not at issue in this motion, and the deposition is confirmed for September 24.

3

deposition of the same person." D.I. 170 at 23:9-11.  And the Court explained that means Plaintiffs must get their "30(b)(6) notices out sooner rather than later so that if a fact witness is going to also serve as a 30(b)(6) witness, that can be scheduled and prepared for." *Id*. at 23:12-15.

In the meantime, Google investigated the extent to which a single person or group of people reasonably could be prepared to testify about the noticed topics for any or all of the nearly 20-year period specified in the July 9 notice.  Google served its objections to the notice on August 20, and the parties conferred on August 30 and September 1.[2]  On September 7, Google made a final compromise offer: (1) Google would sit for the 30(b)(6) deposition noticed on July 9 subject to Google's objections; (2) Plaintiffs could issue one additional non-data 30(b)(6) notice before October 15; and (3) Google would sit for one additional data 30(b)(6) deposition.[3]

On September 8, the parties met and conferred a third and final time.  Plaintiffs proposed issuing three more 30(b)(6) notices (in addition to the two issued in July).  In the first forthcoming notice, which Plaintiffs indicated would be served approximately 45-60 days after the parties agreed on a framework for future 30(b)(6) notices, Plaintiffs indicated that they would attempt to include all topics reasonably known to them based on the documents they have reviewed and the testimony they have elicited to date.  They specifically carved out topics arising from what they described as documents they have not reviewed and document requests that they have not yet

---

[2] Google's objections that have been the subject of discussion on the parties' meet and confers are the issues raised in this motion; as Google has advised Plaintiffs, Google will prepare a 30(b)(6) designee to testify subject to its other objections.

[3] Google's agreement to the data deposition was conditioned on the parties reaching agreement on what Plaintiffs meant by "data" topics as opposed to non-data or "factual" topics."  From Google's perspective, a data topic is one addressed to technical questions about the collection, maintenance, or organization of data (e.g., the meaning of particular fields or variables or accompanying data dictionaries, flow diagrams, or other technical documentation).  In contrast, the use of data by Google, including to perform analyses (whether to understand a product, market, strategic objectives, inform product launch decisions or otherwise) is a factual topic.

served.[4] The second notice, directed to additional factual topics, would be served in or around January 2022, and the third notice, directed to data topics, would be served after January 2022.[5]

With respect to the date range of the previously served notice, Plaintiffs have not meaningfully limited the proposed date range: they have indicated a willingness to shift the date range from 2002 through the present to 2005 through the present. Although Plaintiffs have asserted as a general matter that some of the agreements referenced in their complaints date to the 2000s and that they are entitled to take discovery concerning what they call the "pre-monopoly-maintenance" period, they have not explained why these earlier dates are relevant or proportional in view of the market share related topics set forth in the notice.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 26, a court may "for good cause" issue a protective order "to protect a party or person from . . . undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Rule 26(c) gives the court broad discretion to limit discovery in a particular case." *McKesson HBOC, Inc. v. Islamic Republic of Iran*, 226 F.R.D. 56, 57 (D.D.C. 2004).

**I.     To Avoid Unduly Burdening Google, Plaintiffs Must Issue a Final 30(b)(6) Notice Describing All Remaining Non-Data Topics by October 15.**

  **A.     Plaintiffs are entitled to only one comprehensive 30(b)(6) notice.**

Rule 30(a)(2)(A)(ii) makes clear that Plaintiffs cannot continue to issue "a series of notices . . . over the coming months," Ex. 1 (Notice) at 2; it requires a party to "obtain leave of court" to conduct a second deposition where "the deponent has already been deposed in the case." Rule 30

---

[4] The DOJ Plaintiffs have served *six* sets of RFPs to date, on January 5, January 11, June 21, July 28, August 13, and August 20. They indicated that they intend to serve additional RFPs.

[5] Plaintiffs indicated that in preparing the final factual 30(b)(6) notice in or around January 2022, they would attempt to avoid overlap or duplication with topics already identified in earlier 30(b)(6) notices. That is no offer at all, as they are not permitted to notice the *same* topics again.

thus entitled Plaintiffs to one "bite[] at the apple"—prohibiting a "wait-and-see approach to discovery," whereby Plaintiffs refuse to draft "a comprehensive notice of deposition and instead" conduct "depositions seriatim." *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 235-36 (E.D. Pa. 2008); *see also City of Las Cruces v. United States*, 2021 WL 330062, at *6 (D.N.M. Feb. 1, 2021) (holding "Rule 30(a)(2)(A)(ii) applies to Rule 30(b)(6) depositions"); *Estate of Klieman v. Palestinian Auth.*, 2012 WL 2048253, at *6 (D.D.C. June 6, 2012) (applying Rule 30(a)(2)(A)(ii) to bar additional 30(b)(6) depositions).

Contrary to arguments advanced by Plaintiffs at the last status conference, the Case Management Order ("CMO") did not supplant the Federal Rules of Civil Procedure to authorize serial 30(b)(6) notices. Instead, the CMO addressed how the amount of time spent by one side in taking the 30(b)(6) deposition will count against that side's total deposition limit. Specifically, that time is counted by the number of hours the side taking the deposition spends examining, rather than by the number of individuals designated by the side sitting for the deposition.[6] That rule simply ensures that the side taking the deposition remains in control of their total deposition allotment; were it counted by the number of individuals designated, control would shift to the responding side. In short, it is simply not true that the parties ever negotiated, much less agreed, that Plaintiffs could issue an unlimited series of 30(b)(6) notices throughout discovery.

Any other interpretation of the CMO would ignore how 30(b)(6) depositions operate in practice. It is commonplace for a corporation to designate multiple 30(b)(6) witnesses to represent

---

[6] The order provides in relevant part: "Each side is limited to **[80]** depositions of fact witnesses. Each side may depose any and all witnesses produced to testify on each agreed upon Federal Rule of Civil Procedure 30(b)(6) topic, but (unless otherwise specified herein) each 7-hour period of 30(b)(6) deposition testimony shall count as one deposition for the purpose of the side's limit (e.g., the depositions of seven 30(b)(6) witnesses for two hours (14 hours in total) each counts as two depositions)." D.I. 108-1 at 11 (internal footnote omitted).

it; indeed, where "multiple deponents are necessary to respond to all of the relevant areas of inquiry," "the responding entity must designate more than one deponent." *United States ex rel. Fago v. M&T Mortg. Corp.*, 235 F.R.D. 11, 22-23 (D.D.C. 2006).  But regardless of how many individuals Google designates, Plaintiffs will be deposing one witness:  Google.

Despite all of that, Google has agreed to permit Plaintiffs to issue two additional 30(b)(6) notices—one that describes all remaining fact-related topics and one that describes all remaining data-related topics.  Moreover, Google has made clear that if Plaintiffs can show good cause for some discrete topic or topics that Plaintiffs were not able to obtain discovery on, it will consider another targeted notice toward the end of the fact discovery period.  That is far more than Plaintiffs are entitled to and, as described further below, will already impose a significant burden on Google.  The Court should limit Plaintiffs to four total 30(b)(6) notices.

### B. Any further delay in issuing the remaining comprehensive factual 30(b)(6) notice would be inefficient and unduly burdensome.

The Court previously explained that, in order to conduct a 30(b)(6) deposition at the same time as Plaintiffs conduct fact depositions of the witness or witnesses designated to provide 30(b)(6) testimony, Plaintiffs must get their "30(b)(6) notices out sooner rather than later." D.I. 170 at 23:12-13.  To instead delay issuance of the remaining, comprehensive 30(b)(6) notices well into fact discovery would unduly burden Google, particularly if the future topics are of the same sort as those contained in the July 9 Notice.  To avoid needless inefficiency and burden, the Court should require Plaintiffs to issue any additional non-data 30(b)(6) topics in a single comprehensive notice no later than October 15.

A 30(b)(6) deposition "by its nature can be time-consuming and inefficient." *Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 126 (D.D.C. 2005).  Here, the potential for inefficiency is even greater because Plaintiffs' proposed schedule would all but ensure that certain

7

Google individuals will be deposed (at least) twice: once as a fact witness and once as a 30(b)(6) designee.  For example, for the topics in the July 9 notice, Google intends to designate a witness whose individual deposition is currently scheduled for October 5 and another witness who Google has made available for deposition on October 20 and 21.  In light of the Court's observation that it would surely be more efficient to conduct "the 30(b)(6) at the same time" as the "fact deposition of the same person," D.I. 170 at 23:10-11, it is important that the remaining 30(b)(6) notices be issued *before* Plaintiffs notice and take the depositions of additional Google employees.  Otherwise, certain witness's fact depositions will be completed before Google is aware that those same individuals will be 30(b)(6) designees, as Google cannot make that assessment without notice of the topics.

Plaintiffs have yet to articulate a justification for imposing this unnecessary burden, apart from asserting that they could have imposed an additional burden by waiting until the end of fact discovery to serve a comprehensive 30(b)(6) notice.  Nor have Plaintiffs offered to limit the overlap between their forthcoming 30(b)(6) notices, on the one hand, and the ongoing depositions of current and former Google employees, on the other hand.  In light of the obvious burden that further delay will place on Google and the lack of any justification on the part of Plaintiffs, the Court should require Plaintiffs to issue the remaining non-data 30(b)(6) notice by October 15.  This lawsuit was filed nearly a year ago; and prior to its filing, Plaintiffs conducted pre-Complaint investigations for over a year.  Plaintiffs should surely be in a position today to identify all substantive 30(b)(6) topics for which they will seek corporate testimony from Google.

## II. The Proposed 20-year Date Range in Plaintiffs' July 9 Notice is Overbroad, Unduly Burdensome, and Not Proportional to the Needs of the Case.

Plaintiffs' noticed topics constitute a laundry list of vaguely defined information and activities across numerous business units, which have employed many thousands of individuals

over the nearly 20 years covered by the notice. To prepare a witness or witnesses to address these issues going back to 2002 would be unduly burdensome, if not impossible. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co.*, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012) (preparing a 30(b)(6) witness "becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand"); *RM Dean Farms v. Helena Chem. Co.*, 2012 WL 169889, at *1 (E.D. Ark. Jan. 19, 2012) (granting protective order because noticed topics were "so vast in number, so vast in scope, so open ended, and so vague that compliance with the notice would be impossible").

Whatever the probative value to Plaintiffs' case of Google's past efforts to measure market shares, requiring Google to prepare a witness for a period spanning nearly 20 years is plainly overbroad. Moreover, in this injunctive relief case, circumstances today matter more than the distant past. Accordingly, Google proposed to Plaintiffs that it would prepare a witness to testify about the activities in the notice for the past five years—from 2016 through the present. For a five-year period, it is at least possible for Google to prepare one witness or a small group of witnesses to testify as to the noticed topics. "[D]eposition topics should be proportional to the needs of the case [and] not unduly burdensome or duplicative." *Rouviere v. DePuy Orthopaedics, Inc.*, 2020 WL 2999229, at *2 (S.D.N.Y. June 3, 2020). Limiting Plaintiffs to a five-year period would be proportional to the needs of the case. *See Pietrangelo v. Refresh Club, Inc.*, 2021 WL 1209300, at *5 (D.D.C. 2021) (shortening proposed time frame because drawing on such "an expansive time period" would "unduly burden Defendants").

To the extent that individual Google employees may, from time to time, have learned about attempts to estimate or review third-party estimates of market shares relating to any of the matters referenced in the noticed topics prior to 2016, Plaintiffs may of course depose those individuals as fact witnesses. In fact, Plaintiffs have already noticed a number of senior executives and will no

9

doubt examine those individuals on the noticed topics for the entire period during which those executives have worked at Google.

Plaintiffs have suggested that the purpose of their 30(b)(6) depositions is to require Google to "put all their information in one human being about a subject, put that person in the chair and answer . . . questions for Google." D.I. 170 at 26:11-13. But that would be impossible to do for a nearly 20-year period, particularly because the noticed topics generally speak to a collection of idiosyncratic activities that may, or may not, have been performed by any number of employees. Plaintiffs have ignored their duty to draft topics "in accordance with the widely-recognized understanding that Rule 30(b)(6) is not designed to be a memory contest." *United States v. HVI Cat Canyon, Inc.*, 2016 WL 11683593, at *7 (C.D. Cal. Oct. 26, 2016). This Court should correct Plaintiffs' error and limit the noticed topics to the time period 2016 to the present.

## CONCLUSION

Plaintiffs' stated intent to issue a series of 30(b)(6) notices without limitation is out-of-step with normal practice, is not authorized by the CMO, and imposes an undue burden on Google. Further, requiring Google to submit to examination covering a nearly 20-year time period would be overbroad, unduly burdensome, and not proportional to the needs of this case. Google respectfully requests the Court issue a protective order (1) requiring Plaintiffs to identify the remaining factual topics on which they seek 30(b)(6) testimony by October 15 and limiting any further 30(b)(6) notices to a single data 30(b)(6) notice; and (2) limiting the time period for the topics in the July 9 notice to 2016 through the present.

Dated: September 13, 2021                  Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
725 12th Street, NW
Washington, DC 20005
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

*Counsel for Defendant Google LLC*