**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

United States of America, *et al.*,

                                        Plaintiffs,                Case No. 1:20-cv-03010-APM

v.                                                                 HON. AMIT P. MEHTA

Google LLC,

                                        Defendant.

State of Colorado, *et al.*,

                                        Plaintiffs,                Case No. 1:20-cv-03715-APM

v.                                                                 HON. AMIT P. MEHTA

Google LLC,

                                        Defendant.

**JOINT STATUS REPORT**

In accordance with the Court's Minute Order issued on August 31, the parties in *State of Colorado v. Google LLC* submit the following Joint Status Report to the Court concerning any issues relating to the data deposition.

Google served its responses and objections and identified a witness for Plaintiff States' 30(b)(6) data deposition notice on September 3. On September 8, the parties agreed to hold the deposition remotely on Friday, September 24. The parties met and conferred on September 10 regarding Google's responses and objections. There are no current disputes regarding Google's responses and objections.

## I.     The Plaintiff States' Position Statement

Plaintiff States write separately to update the Court on the disputed issue from the

August 31 Status Conference regarding Google's position on providing written responses in

advance of the 30(b)(6) data deposition. Google has now advised us that it will not respond

to Plaintiff States' August 6 letter in advance of the deposition, apparently on the ground

that the Plaintiff States acknowledged to the Court that we could not compel a response.

Email from K. Smurzynski to J. Conrad, September 13, 2021. Google's recent position is

inconsistent with the representations Google made to the Court during the July and August

Status Conferences concerning the benefits of providing information in writing before the

data deposition.

Shortly after serving the 30(b)(6) data deposition notice, Plaintiff States notified Google

that we intended to provide a detailed follow-up letter that would serve as a roadmap to the

deposition. The goal of this letter was twofold. First, it would assist Google in preparing for the

deposition. Second, it would allow the Parties to identify topics that could be feasibly addressed

in writing prior to the deposition, so questioning could be streamlined and potentially narrowed.

Plaintiff States asked Google to respond to this letter "because we thought that would speed the

process, not because we thought Google was under a legal obligation to answer." August 31,

2021 Hr'g. Tr. 54:10-12. Moreover, this process was endorsed by Google during the July 30

Status Conference. Hr'g. Tr. 18:11-13 ("In my experience, these types of technical data

questions are best addressed almost in written correspondence….").

During the August 31 Status Conference, the Court recognized that, while the Plaintiff

States had not sought an order requiring a response, Hr'g. Tr. 55:15-19 ("Mr. Sallet has now said

there's -- he doesn't view the questions that were posed as something that you are required to

respond to, and I think Google's concern was that it seemed -- that it was being asked to, under

compulsion, answer these questions), written responses would contribute to a more efficient

deposition:

> **The Court:** I think I've tried to encourage and promote throughout, which is, to
> the extent the parties can communicate to narrow and create efficiencies, all the
> better. And *to the extent that Google is in a position to answer some of these
> questions in advance, maybe it takes the questions off the table. At a minimum, it
> arguably will at least streamline the questioning, because they'll have some
> answers already. I think it's unrealistic to expect that a written answer will
> foreclose any follow-up questions; that's just not in a the DNA of lawyers to behave
> in that way.* …see if you all can work together toward using that – what Mr. Sallet
> and Colorado have produced as a way of creating efficiencies for the 30(b)(6)…."

August 31, 2021 Hr'g Tr. 55:20 (emphasis added).

> **Mr. Schmidtlein:** *We will, as always, heed your guidance and instruction on that,
> and we will work with our client and review the questions. And, you know, I think
> you correctly guessed that, you know, some of the questions are more easily
> answered than others,* some we think are probably not appropriate, but we will use
> them as a guide, if we can, to help make the deposition as efficient as possible."

August 31, 2021 Hr'g. Tr. 56:14-21 (emphasis added).

Despite these representations, Google has now stated that it has no intention of

substantively responding to Plaintiff States' August 6 letter in advance of the deposition. These

actions are at odds with Google's representations during the July and August Status Conferences

and illustrate Google's recalcitrance in responding to Plaintiff States' data requests.

**II.     Google's Position Statement**

On September 13, the plaintiffs in *State of Colorado v. Google LLC* (the "Plaintiff

States") notified Google that they "intend to inform the Court in the September 15 JSR of

Google's refusal to engage in written responses to Plaintiff State's August 6 letter." Sept.

13, 2021 Email from J. Conrad. The Plaintiff States subsequently confirmed that they are

not seeking any relief, as they "intend to merely ask the Court to consider whether Google's

current conduct is consistent with" the "representations made to the Court in the July and

August Status Conferences." Sept. 14, 2021 Email from J. Conrad. Nor could they properly

seek any such relief, having represented to the Court at the last status conference that they

are *not* "asking for Google to respond to these inquiries in writing." Aug. 31, 2021 Hr'g Tr.

53:9-16. Although Google is not providing written responses to the dozens of questions

posed by the Plaintiff States on August 6, consistent with Google's representations at the

August 31 hearing, it has used and will continue to use them "as a way of creating

efficiencies for the 30(b)(6)" deposition scheduled for September 24. *Id.* 56:6-21.

Simply put, there is no issue for the Court to decide. Given the Plaintiff States'

insistence on nonetheless submitting a position statement, Google respectfully provides the

following overview of the apparent disconnect.

### A.    The Plaintiff States' Requests for Search Logs Data and Rule 30(b)(6) Notice

The parties have engaged in "months of meet-and-confers and exchanges of informal

correspondence" regarding the Plaintiff States' requests for certain session logs data. Aug. 27,

2021 Joint Status Report (D.I. 189) at 12 (Plaintiff States' position statement). On a near-weekly

basis from mid-April through mid-July, Google provided detailed responses to an expanding and

shifting set of requests for information that the Plaintiff States asserted would "inform a data

request that Plaintiff States intend to make on a future date." *See* May 24, 2021 Joint Status

Report (D.I. 135) at 4; *see also, e.g.*, June 11, 2021 Joint Status Report (D.I. 144) at 1; June 16,

2021 Joint Status Report (D.I. 148) at 1; June 24, 2021 Joint Status Report (D.I. 149) at 3

(Plaintiff States and Google jointly reporting that "Plaintiff States have asked detailed questions

regarding Google's data, and Google has answered or is working to answer those questions").

Throughout this process, Google has endeavored to provide prompt answers (both written and

verbal) to the Plaintiff States' myriad questions, regardless of whether they were basic inquiries about terminology that the Plaintiff States could have answered on their own or sweeping questions about Google's retention and analysis of data that should have been presented through interrogatories. In parallel, Google has invested substantial resources in creating bespoke processes to collect the voluminous session logs data that the Plaintiff States have requested. *See, e.g.*, July 30, 2021 Hr'g Tr. 35:5-40:11.

Although that should have been more than enough to allow the Plaintiff States to serve the further data requests that they state they contemplate, the Plaintiff States decided on July 22 to request a 30(b)(6) deposition of Google. Given the technical nature of the topics, the notice was notably terse, with seven topics framed by a handful of examples and subparts. From Google's perspective, it was unclear why a 30(b)(6) deposition would be useful given that it had provided ample information about the session logs data over the course of approximately three months. As undersigned counsel for Google observed the week after receiving the notice: "In my experience, these types of technical data questions are best addressed in written correspondence, almost like informal interrogatories," rather than through a deposition. *Id.* 18:7-17. The Plaintiff States disagreed that the "months of meet-and-confers and exchanges of informal correspondence" provided the requisite information about the search logs data and indicated their preference to proceed with the noticed deposition. Aug. 27, 2021 Joint Status Report (D.I. 189) at 12. Accordingly, Google served its objections to the 30(b)(6) notice, designated a witness, and confirmed that the deposition will proceed on September 24.

### B.     The Plaintiff States' Additional Written Questions

Notwithstanding the service of a Rule 30(b)(6) notice, the Plaintiff States still sent Google's counsel a 19-page letter seeking answers to more than 100 questions (including sub-

questions) on August 6, approximately two weeks after serving the deposition notice. When Google indicated that it would review the questions as part of its deposition preparation, but not answer them in advance of the deposition, the Plaintiff States raised the issue in advance of the last status conference and the Court resolved it, with counsel for the Plaintiff States agreeing that Google did *not* have to provide written responses to the questions. *See* Aug. 31, 2021 Hr'g Tr. 53:9-16. The Plaintiff States' attempt to raise this issue again should be rejected for at least three reasons.

*First*, there is no rule or other authority requiring a written response to the August 6 questions. As Google previously explained, "nothing in the Federal Rules or the Case Management Order requires Google to respond to the very long series of informal questions that the States have posed." Aug. 27, 2021 Joint Status Report (D.I. 189) at 14. And, most notably, the Plaintiff States have not argued otherwise in the parties' discussions about this issue.[1]

*Second*, the Plaintiff States represented to the Court only a few weeks ago that they are *not* seeking a written response to the questions. The Plaintiffs States' August 27 submission noted that Google was not planning to respond to the questions in writing unless a commitment to provide written responses allows for a narrowing of the scope of the 30(b)(6) deposition, but the submission did *not* ask the Court to compel Google to provide written responses to any of the questions. *See id.* at 13-14. Pointedly, when questioned by the Court, the Plaintiff States expressly stated that they were *not* seeking written responses to the August 6 questions:

> The Court: Let's talk about the responses to these questions. And, I guess, Mr. Sallet, what are you looking for at this point? … I mean, are you asking for Google to respond

---

[1] As the Court observed, the questions in the letter "feel like interrogatories." Aug. 31, 2021 Hr'g Tr. 51:9-13. If treated as interrogatories, the August 6 letter would have exceeded the number that Plaintiffs collectively are allowed for the entire case. *See* Amended Scheduling and Case Management Order (D.I. 108-1) at 10 (specifying that "[e]ach side is limited to **[40]** interrogatories in total (including discrete subparts), and an additional **[35]** contention interrogatories" (footnote omitted)).

to these inquiries in writing?

Mr. Sallet: We are not, Your Honor.

Aug. 31, 2021 Hr'g Tr. 53:9-16; *see also id.* 55:10-19 (explaining that "it's not clear to me there's anything I need to resolve on this topic, given that Mr. Sallet has now said there's -- he doesn't view the questions that were posed as something that you are required to respond to").

*Third*, Google never represented that it would provide written responses to the August 6 questions. As indicated above, Google observed at the July hearing that the "types of technical data questions" reflected in the seven topics in the Plaintiffs States' 30(b)(6) notice often "are best addressed almost in written correspondence" of the kind that the "parties have been informally doing … for weeks and weeks and weeks now." July 30, 2021 Hr'g Tr. 18:7-17. But of course that was not an invitation to the Plaintiff States to both require written responses to over 100 questions and also take a deposition on the same questions. Google likewise did not agree at or after the August 31 hearing to provide written responses to dozens of questions that "feel like interrogatories" but are not captioned as such and do not count against the discovery limits reflected in the Case Management Order. *See* Aug. 31, 2021 Hr'g Tr. 51:8-13. In response to the Court's instruction that the parties "work together toward using" the August 6 questions "as a way of creating efficiencies for the 30(b)(6)," Google observed that "some of the questions are more easily answered than others, some we think are probably not appropriate, but we will use them as a guide, if we can, to help make the deposition as efficient as possible." *Id.* 55:10-56:21. That is exactly what Google has done and continues to do.

Dated: September 15, 2021                    Respectfully submitted,

                          By:    */s/ Joseph M. Conrad*
                                 Joseph M. Conrad (NE #27174)
                                 Assistant Attorney General
                                 Nebraska Department of Justice
                                 Office of the Attorney General
                                 2115 State Capitol
                                 Lincoln, NE 68509
                                 Telephone: (402) 471-3840
                                 Email: joseph.conrad@nebraska.gov

                                 *Counsel for Plaintiff State of Nebraska*


                                 Jonathan B. Sallet, Special Assistant
                                 Attorney General (D.C. Bar No. 336198)
                                 Steven Kaufmann, Deputy Attorney General
                                 (D.C. Bar No. 1022365 *inactive*)
                                 Diane R. Hazel, First Assistant Attorney
                                 General(D.C. Bar No. 1011531 *inactive*)
                                 Matt Schock, Assistant Attorney General
                                 (D.C. Bar No. 1531265)
                                 Carla Baumel, Assistant Attorney General
                                 Colorado Office of the Attorney General
                                 1300 Broadway, 7th Floor
                                 Denver, CO 80203
                                 Tel: 720-508-6000
                                 Jon.Sallet@coag.gov
                                 Steve.Kaufmann@coag.gov
                                 Diane.Hazel@coag.gov
                                 Matt.Schock@coag.gov
                                 Carla.Baumel@coag.gov

                                 *Counsel for Plaintiff Colorado*

William F. Cavanaugh , Jr.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas, Suite 2200
New York, NY 10036-6710
212-335-2793
Email:wfcavanaugh@pbwt.com

*Counsel for Plaintiffs Colorado and Nebraska*

Brunn W. (Beau) Roysden III, Solicitor
GeneralMichael S. Catlett, Deputy Solicitor
General Dana R. Vogel, Unit Chief Counsel
Christopher M. Sloot, Assistant Attorney
General
Arizona Office of the Attorney General2005
North Central Avenue
Phoenix, Arizona 85004
Tel: (602) 542-3725
Dana.Vogel@azag.gov

*Counsel for Plaintiff Arizona*

Max Merrick Miller
Attorney General's Office for the State of
Iowa1305 East Walnut Street, 2nd Floor
Des Moines, IA 50319
(515) 281-5926
Max.Miller@ag.Iowa.gov

*Counsel for Plaintiff Iowa*

Elinor R. Hoffmann
John D. Castiglione
Morgan J. Feder
Office of the Attorney General of New York
28 Liberty Street, 21st Floor
New York, NY 10005212-416-8513
elinor.hoffmann@ag.ny.gov
john.castiglione@ag.ny.gov
morgan.feder@ag.ny.gov

*Counsel for Plaintiff New York*

9

Jonathan R. Marx
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
919-716-6000
Jmarx@Ncdoj.gov
jsutton2@ncdoj.gov

*Counsel for Plaintiff North Carolina*


Robert B. Harrell, Sr.
J. David McDowell
Jeanette Pascale
Christopher Dunbar
Office of The Attorney General & Reporter
P.O. Box 20207 Nashville, TN 37202
615-741-3519
david.mcdowell@ag.tn.gov
jenna.pascale@ag.tn.gov
chris.dunbar@ag.tn.gov
brant.harrell@ag.tn.gov

*Counsel for Plaintiff Tennessee*


Scott R. Ryther
Tara Pincock
Attorney General's Office Utah
160 E 300 S, Ste 5th Floor
PO Box 140874
Salt Lake City, UT 84114801-366-0305
sryther@agutah.gov
tpincock@agutah.gov

*Counsel for Plaintiff Utah*

Jeff Pickett
Senior Assistant Attorney General
jeff.pickett@alaska.gov
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Tel: (907) 269-5100

*Counsel for Plaintiff Alaska*


Nicole Demers
State of Connecticut
Office of the Attorney General
165 Capitol Avenue, Ste 5000
Hartford, CT 06106
860-808-5202
nicole.demers@ct.gov

*Counsel for Plaintiff Connecticut*


Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
302-577-8924
michael.undorf@delaware.gov

*Counsel for Plaintiff Delaware*


Catherine A. Jackson (D.C. Bar No.
1005415)
Elizabeth Gentry Arthur
David Brunfeld
Office of the Attorney General for the
District of Columbia
400 6th Street NW Washington, DC 20001
202-724-6514
catherine.jackson@dc.gov
elizabeth.arthur@dc.gov
david.brunfeld@dc.gov

*Counsel for Plaintiff District of Columbia*

Leevin Taitano Camacho,
Attorney General
Fred Nishihira, Chief,
Consumer Protection Division
Benjamin Bernard Paholke, Assistant
Attorney General
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Tel: (671)-475-3324
bpaholke@oagguam.org

*Counsel for Plaintiff Guam*


Rodney I. Kimura
Office of the Attorney General of Hawaii
Commerce & Economic Development
425 Queen Street
Honolulu, HI 96813
808-586-1180
rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff Hawaii*


Brett DeLange
John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. State St., 2nd Fl.
PO Box 83720
Boise, ID 83720-0010
208-334-4114
brett.delange@ag.idaho.gov
john.olson@ag.idaho.gov

*Counsel for Plaintiff Idaho*

Blake Harrop
Joseph Chervin
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
312-793-3891
bharrop@atg.state.il.us
jchervin@atg.state.il.us

*Counsel for Plaintiff Illinois*


Lynette R. Bakker
Office of the Attorney General of Kansas
Consumer Protection & Antitrust
120 S.W. 10th Avenue, Ste 2nd Floor
Topeka, KS 66612-1597
785-368-8451
lynette.bakker@ag.ks.gov

*Counsel for Plaintiff Kansas*


Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
Augusta, ME 04333-0006
207-626-8838
christina.moylan@maine.gov

*Counsel for Plaintiff Maine*


Schonette J. Walker Assistant Attorney
General
Deputy Chief, Antitrust Division
Gary Honick
Assistant Attorney General
Office of the Attorney General
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
410-576-6480
swalker@oag.state.md.us
ghonick@oag.state.md.us

*Counsel for Plaintiff Maryland*

Matthew B. Frank, Assistant Attorney General
Antitrust Division
William T. Matlack, Assistant Attorney
General Chief, Antitrust Division
Michael B. MacKenzie, Assistant Attorney
General
Deputy Chief, Antitrust Division
Office of the Attorney General
One Ashburton Place, 18th Fl.
Boston, MA 02108
Tel: (617) 727-2200
Matthew.Frank@mass.gov
William.Matlack@mass.gov
Michael.Mackenzie@mass.gov

*Counsel for Plaintiff Massachusetts*


Justin Moor, Assistant Attorney General
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2130
(651) 757-1060
justin.moor@ag.state.mn.us

*Counsel for Plaintiff Minnesota*


Marie W.L. Martin
Michelle Christine Newman
Lucas J. Tucker
Nevada Office of the Attorney General
Bureau of Consumer Protection
100 N. Carson Street Carson City, NV
89701
775-624-1244
mwmartin@ag.nv.gov
mnewman@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff Nevada*

Brandon Garod
Office of Attorney General of New
Hampshire
33 Capitol Street
Concord, NH 03301
603-271-1217
brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff New Hampshire*


Bryan Steven Sanchez
Isabella R. Pitt
Yale A. Leber
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
239-822-6123
bryan.sanchez@law.njoag.gov
Isabella.pitt@law.njoag.gov
Yale.leber@law.njoag.gov

*Counsel for Plaintiff New Jersey*


Mark F. Swanson
Cholla Khoury
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87504
Tel: 505.490.4885
mswanson@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff New Mexico*

Parrell D. Grossman
Director
Elin S. Alm
Assistant Attorney General
Consumer Protection & Antitrust Division
Office of the Attorney General
1050 E. Interstate Ave., Suite 200
Bismarck, ND 58503
701-328-5570
pgrossman@nd.gov
ealm@nd.gov

*Counsel for Plaintiff North Dakota*


Beth Ann Finnerty
Mark Kittel
Jennifer Pratt
Office of The Attorney General of Ohio,
Antitrust Section
30 E Broad Street, 26th Floor
Columbus, OH 43215
614-466-4328
beth.finnerty@ohioattorneygeneral.gov
mark.kittel@ohioattorneygeneral.gov
jennifer.pratt@ohioattorneygeneral.gov

*Counsel for Plaintiff Ohio*


Caleb J. Smith
Assistant Attorney General
Consumer Protection Unit
Office of the Oklahoma Attorney General
313 NE 21st St
Oklahoma City, OK 73105
Tel: (405) 522-1014
Caleb.Smith@oag.ok.gov

*Counsel for Plaintiff Oklahoma*

Cheryl Hiemstra
Tim D. Nord
Oregon Department of Justice
1162 Court St NE
Salem, OR 97301
503-934-4400
cheryl.hiemstra@doj.state.or.us
tim.nord@doj.state.or.us

*Counsel for Plaintiff Oregon*


Tracy W. Wertz
Joseph S. Betsko
Norman W. Marden
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Tel: (717) 787-4530
jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov
nmarden@attorney general.gov

*Counsel for Plaintiff Pennsylvania*


Johan M. Rosa Rodríguez
Assistant Attorney General
Antitrust Division
Puerto Rico Department of Justice
PO Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 1201
jorosa@justicia.pr.gov

*Counsel for Plaintiff Puerto Rico*


Steven N. Provazza
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400
sprovazza@riag.ri.gov

*Counsel for Plaintiff Rhode Island*

Yvette K. Lafrentz
Office of The Attorney General of South
Dakota
1302 E. Hwy 14, Suite1
Pierre, SD 57501
605-773-3215
yvette.lafrentz@state.sd.us

*Counsel for Plaintiff South Dakota*


Ryan G. Kriger
Office of The Attorney General of Vermont
109 State St.
Montpelier, VT 05609
802-828-3170
ryan.kriger@vermont.gov

*Counsel for Plaintiff Vermont*


Sarah Oxenham Allen
Tyler Timothy Henry
Office of the Attorney General of Virginia
Antitrust Unit/Consumer Protection Section
202 N. 9th Street
Richmond, VA 23219
804-786-6557
soallen@oag.state.va.us
thenry@oag.state.va.us

*Counsel for Plaintiff Virginia*


Amy Hanson
Washington State Attorney General
l800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-5419
amy.hanson@atg.wa.gov

*Counsel for Plaintiff Washington*

18

Douglas Lee Davis
Tanya L. Godfrey
Office of Attorney General
State of West Virginia
P.O. Box 1789
812 Quarrier Street, 1st Floor
Charleston, WV 25326
304-558-8986
doug.davis@wvago.gov
tanya.l.godfrey@wvago.gov

*Counsel for Plaintiff West Virginia*

Benjamin Mark Burningham
Amy Pauli
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building Cheyenne, WY 82002
(307) 777-6397
ben.burningham@wyo.gov
amy.pauli@wyo.gov

*Counsel for Plaintiff Wyoming*

WILLIAMS & CONNOLLY LLP

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
725 12th Street, NW
Washington, DC 20005
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
Wendy W.H. Waszmer
1700 K St, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com
wwaszmer@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

*Counsel for Defendant Google LLC*