## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, *et al.*,

                              Plaintiffs,

v.

GOOGLE LLC,

                              Defendant.

Case No. 1:20-cv-03010-APM

HON. AMIT P. MEHTA

STATE OF COLORADO, *et al.*,

                              Plaintiffs,

v.

GOOGLE LLC,

                              Defendant.

Case No. 1:20-cv-03715-APM

HON. AMIT P. MEHTA

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGARDING RULE 30(B)(6) DEPOSITION

Plaintiffs issued a 30(b)(6) notice on July 9, 2021, seeking narrowly tailored information related to Google's tracking of market share and related inputs. The notice stated that it would be the first in a series of 30(b)(6) notices, as permitted by the Case Management Order entered by the Court on February 3, 2021. Google now moves the Court for an order directing Plaintiffs to reverse course and consolidate 30(b)(6) topics into a single comprehensive notice. Google further asks the Court (a) to force Plaintiffs to issue that notice by an arbitrary date of Google's choosing, and (b) to preclude Plaintiffs from questioning Google about its tracking of market share and market share inputs before January 1, 2016—over a decade after the conduct at issue in this case began. Google's motion for a protective order should be denied.

## BACKGROUND

The Court entered an Amended Scheduling and Case Management Order (CMO), ECF No. 108-1, that modifies the default provisions in the Federal Rules of Civil Procedure regarding a number of issues related to depositions. In particular, the CMO expressly addressed the number and length of Federal Rule 30(b)(6) depositions. *Id.* ¶ 14. Although the Federal Rules count every witness proffered under a single 30(b)(6) notice as a single deposition, the CMO stated: "[E]ach 7-hour period of 30(b)(6) deposition testimony shall count as one deposition for the purpose of the side's limit (e.g. the depositions of seven 30(b)(6) witnesses for two hours (14 hours in total) each counts as two depositions)." *Id.* Importantly, the CMO expressly provided the example of one side deposing "seven" 30(b)(6) witnesses. *Id.*

Twice during the Court's regular status conferences, Plaintiffs stated that (1) we read this provision to permit multiple 30(b)(6) notices, with each seven-hour of deposition time cumulatively counting toward our total deposition allotment, and (2) we intended to issue multiple 30(b)(6) notices. At the May 27 Status Conference, Plaintiffs explained that the parties "did something a little different than we've done before . . . . [W]e established a process where we could do the 30(b)(6) [process] in pieces over time and . . . every seven hours would count as one day of our days of depositions, that was the agreement." Hr'g Tr. at 23:14–23:20 (May 27, 2021). The Court noted that, under the 30(b)(6) deposition process contemplated by the CMO, "there may be more than one [30(b)(6) notice] that is needed." *Id.* at 24:3–24:10. Plaintiffs again described the function of the CMO at the June 29 Status Conference. Hr'g Tr. at 4:22–5:1 (June 29, 2021) ("[T]he CMO provides that we can do our 30(b)(6) in parts."). Google did not object to Plaintiffs' or the Court's description of the CMO provisions at either hearing.

Plaintiffs subsequently issued the first 30(b)(6) deposition notice covering four topics relating to market share on July 9, 2021. More than 40 days passed before Google served its responses and objections on August 20, 2021. On July 22, 2021, Plaintiffs issued a second 30(b)(6) notice on certain data questions; Google did not serve its responses and objections until September 3, 2021. After several meet-and-confers, during which Plaintiffs rescheduled the September 13 deposition to September 30 to accommodate the parties' negotiations, Google filed the present Motion for Protective Order.

## ARGUMENT

The Federal Rules "provide for 'liberal' pretrial discovery." *Federal Trade Commission v. Sysco Corp.*, 308 F.R.D. 19, 23 (D.D.C. 2015) (internal citation omitted). Parties seeking to limit this discovery via a protective order under Federal Rule 26(c) must demonstrate "good cause," which requires "a *specific demonstration of facts* in support of the request as opposed to conclusory or speculative statements about the need for a protective order." *Id.* (internal citations omitted) (emphasis in original). This high burden exists for good reason. "A Rule 30(b)(6) deposition serves a unique function—it is the 'sworn corporate admission that is binding on the corporation.'" *Tolston v. Charles Drew Health Ctr., Inc.*, 8:16-CV-176, 2017 WL 2838134 at *5 (D. Neb. June 30, 2017) (quoting In re *Vitamins Antitrust Litig.*, 216 F.R.D. 168, 174 (D.D.C. 2003)).

## I. Plaintiffs And Google Agreed To Multiple 30(b)(6) Depositions In The CMO, And Google Missed Its Opportunity To Argue Otherwise

The Court should conclude that the CMO provides for multiple 30(b)(6) notices. It is undisputed that this Court has the discretion to set a scheduling order that diverges from the typical requirements in Rule 30, particularly when the parties have agreed to those diverging requirements. *See* Federal Rule 26(b)(2)(A) and Local Rule 26.2(b). The Court exercised this

authority when it entered the CMO negotiated by the parties, which expressly allows for multiple 30(b)(6) depositions. Indeed, although the CMO limits the number of depositions under 30(b)(1), it does not limit the number of 30(b)(6) depositions notices, nor does it limit the timing of such notices.[1]

Moreover, Google demonstrated its agreement with the Plaintiffs' reading by remaining silent when the issue was discussed with the Court. Plaintiffs repeatedly described this provision and our plans in both the May and June status conferences. After issuing the 30(b)(6) notice on July 9, Plaintiffs again raised the issue of the agreement in the July 30 Status Conference. Hr'g Tr. at 22:3–23:1. At that point, Google had been in possession of Plaintiffs' deposition notice for weeks, and although Google raised some concerns with the notice, the company did not dispute that such an agreement existed. Remarkably, Google sat on its objections and did not disclaim such an agreement until August 20. Google's delay raising any issue with Plaintiffs' stated plans has clearly prejudiced Plaintiffs—whose first 30(b)(6) deposition should have occurred on September 13—and, therefore, Google's objection should not be heard. The Court, moreover, should reject Google's reading of the CMO as strained and unconvincing.

Further, Google's proposed remedy implicitly acknowledges that multiple 30(b)(6) depositions are appropriate and allowed in this litigation. Google does not dispute that Plaintiffs are entitled to the two noticed 30(b)(6) depositions, as well as another 30(b)(6) deposition and a

---

[1] Independent of the CMO, leading authorities have endorsed permitting multiple 30(b)(6) notices. *E.g.*, § 2103 Persons Subject to Examination—Corporations and Other Organizations, 8A Fed. Prac. & Proc. Civ. § 2103 (3d ed. 2021) ("The fact that a Rule 30(b)(6) notice must specify limited topics for examination implies that additional inquiry into other relevant topics should not be precluded by the fact that inquiry has first been made on the topics designated for the first Rule 30(b)(6) deposition.").

data-specific 30(b)(6) deposition. Google Mot. for Protective Order (Mot.) at 10, ECF No. 214 (Sept. 13, 2021).

## II.     Google Improperly Seeks An Order That Plaintiffs Must Issue A Comprehensive 30(b)(6) By October 15

The Court should reject Google's request that Plaintiffs conduct discovery on a schedule of Google's choosing. Google's proposal contravenes the agreed-upon provisions of the CMO, creates inefficiencies, and prejudices Plaintiffs' ability to litigate our cases. The CMO, which places no limit on the number and timing of 30(b)(6) notices, properly balances efficiency considerations. Under the CMO, Plaintiffs have pursued a deposition schedule that maximizes efficiency: noticing discrete 30(b)(6) topics that are ripe for deposition early while pursuing individual depositions to obtain testimony that could avoid the need for—or inform—a later 30(b)(6) notice.

Google nonetheless seeks to impose on Plaintiffs an arbitrary deadline for deciding what discovery we will seek through Rule 30(b)(6). Google's purported justification for this extraordinary request is that Google believes it would be more efficient—for Google—for purposes of scheduling the depositions of fact witnesses who may be deposed in their personal capacities and as Google's selected 30(b)(6) representatives. Google did not negotiate for such a provision in the CMO. Notably, the Federal Rules expressly allow the deposition of a witness both in their personal capacity and as a corporate representative, without requiring notice by a specific time.[2] In myriad cases each year, parties bear the slight burden of scheduling individual depositions prior to receiving a 30(b)(6) notice to facilitate the litigation process laid out by the Federal Rules. Plaintiffs reiterate that the proper solution is not to interfere with the normal

---

[2] Fed. R. Civ. P. 30(b)(6) (noting that a 30(b)(6) deposition "does not preclude a deposition by any other procedure allowed by" the Federal Rules).

function of litigation by burdening Plaintiffs, but for Google to select different individuals as witnesses.

Even if Google's proposal may have some slight efficiency gains for Google, ordering Plaintiffs to issue one comprehensive 30(b)(6) notice by October 15 creates greater inefficiencies and prejudices Plaintiffs.[3] For example, forcing Plaintiffs to now assemble an encyclopedic notice of potential 30(b)(6) issues to preserve the right to inquire will likely lead to the unnecessary negotiation of a long list of topics for which Plaintiffs may ultimately decide not to pursue 30(b)(6) testimony. Put simply, by mid-October, Plaintiffs will not be in a position to predict every topic for which Plaintiffs may need 30(b)(6) testimony. With such an early deadline, Plaintiffs cannot risk leaving a topic off a comprehensive 30(b)(6) notice because we may not be able to obtain the testimony from fact witnesses. *See, e.g.*, Notes of Advisory Committee on Rules—1970 Amendment (describing the issue of "'bandying,' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it" (citing *Haney v. Woodward & Lothrop, Inc.*, 330 F.2d 940, 944 (4th Cir. 1964)). And were Plaintiffs precluded from issuing a 30(b)(6) notice for a topic that later comes to light, that would create further inefficiencies for dispositive motions and trial. Thus, Google's request will result in wasted time, lead to unnecessary disputes between the parties potentially requiring further intervention from the Court, and create further inefficiencies not just for discovery but for dispositive motions and trial.

---

[3] Google has claimed that because Plaintiffs conducted a pre-Complaint investigation, Plaintiffs "should surely be in a position" to "identify all substantive 30(b)(6) topics." Mot. at 8. Plaintiffs are not. There are many cases in which a company is investigated prior to litigation, and this is not a justification for Google to control Plaintiffs' discovery schedule.

Plaintiffs have offered a compromise to enable efficient discovery planning. Plaintiffs have offered to issue one 30(b)(6) notice by November 1, 2021, and another in January 2022. As Google also proposes, Plaintiffs may issue one more data 30(b)(6) notice—a common practice in complex antitrust matters, where technical data questions abound. Mot. at 10. To reduce the likelihood that witnesses will have to appear multiple times, Plaintiffs commit to noticing topics not addressed in the prior 30(b)(6) depositions.

## III.   Google Fails To Meet Its Burden For A Protective Order Limiting The Timeframe

The Court should reject Google's efforts to limit the scope for the noticed deposition. Google seeks to hide information on its pre-2016 market shares, claiming that preparing a witness on this topic would be unduly burdensome for Google. Google's claims fail because (1) Google proffers no information at all to support its burden argument, and (2) the needs of the case clearly include Google's own measure of its market share.

### A.   Google Does Not Make The Specific Demonstration Of Facts Necessary To Support Its Claim Of Undue Burden

The Court should reject Google's request because Google offers no detail whatsoever to support its burden argument—nothing about how Google tracks market share, where that information might be saved, what groups or teams track market share, or how its market share tracking procedures might have changed over time.

If Google has so much historic information about market share that it would be difficult to prepare a witness comprehensively, or if something changed in 2016 that alters its burden, it must say so. Conversely, if Google's market share information is contained in one small, easy to understand binder (something not seen in discovery), Google must explain why the Plaintiffs' deposition notice creates any burden at all. Google's efforts try to hide this information from the Court, just as and the company tries to hide this information from Plaintiffs.

A party seeking a protective order "must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." *Alexander v. FBI*, 186 F.R.D. 71, 75 (D.D.C. 1998). *See also Fagan v. District of Columbia*, 136 F.R.D. 5, 7 (D.D.C. 1991) ("The mere fact that discovery requires work and may be time consuming is not sufficient to establish undue burden."). Moreover, Google's showing "must be sufficient to overcome [P]laintiffs' legitimate and important interests in trial preparation." *Alexander*, 186 F.R.D. at 75 (citing *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)).

Here, Google has not articulated *any* specific facts about the burden of complying with the notice and instead attempts to rely on broad conjectures of potential harm. For example, Google speculates that preparing a witness for the noticed 30(b)(6) deposition "would be unduly burdensome (if not practically impossible)," Mot. at 2, without asserting that it has attempted to identify any current or former employee who would be knowledgeable about the noticed topics, and without any assertion of the costs required to prepare a deponent. *See, e.g.*, *Buie v. District of Columbia*, 327 F.R.D. 1, 8 (D.D.C. 2018) (labeling as "speculative" the District's assertion that finding a suitable 30(b)(6) deponent to testify across a 28-year span would be "impossible," absent a showing that the District had attempted to do so). Again, Google knows how it tracks market shares and whether it would be burdensome to prepare a witness on market share topics but has failed to provide that information to the Court.

Further, Google's allegations of overbreadth, undue burden, and disproportionality lack analysis. What documents or data would have to be reviewed? Google's brief is silent. For years, in emails and presentations, Google has taught its employees not to discuss market share in writing—with the specific goal of hiding information about this data. Now, Google asks the

Court to limit discovery of this information, without Google even explaining what information exists and why producing it is so burdensome. The Court should reject Google's efforts and permit the Plaintiffs to investigate Google's market share throughout the entire noticed period.

### B.    The Needs Of This Case Require Market Share Information For The Noticed Timeframe

The burdens of complying with discovery requests, including Rule 30(b)(6) deposition notices, are not evaluated in a vacuum, but are measured relative to the information's importance to the case. *Collett v. Socialist Peoples' Libyan*, Civil Action No. 01-2103 (RMU/AK), 2005 WL 8167600, at *3 (D.D.C. Nov. 23, 2005). Here, Plaintiffs seek information integral to our burden on liability; all noticed topics go directly to market shares and market share inputs. Market shares are foundational in antitrust, especially so in monopolization cases. *See Geneva Pharm. Tech. Corp. v. Barr Laboratories Inc.*, 386 F.3d 485, 500 (2d Cir. 2004) (explaining that market shares are "highly relevant to the determination of monopoly power"). Importantly, the historic information sought by the notice is indispensable to Plaintiffs' case, as the information speaks directly to the durability of market power and the effectiveness of Google's illegal scheme to exclude competitors. *See United States v. Dentsply Intern., Inc.*, 399 F.3d 181, 188 (3d Cir. 2005) (finding monopoly power based not only on high market shares but also on the fact that that the defendant held the high share "for more than ten years").

Plaintiffs specifically pleaded that "[o]ver the years, Google has steadily increased its dominant position in general search services," noting Google's own market estimates dating back to July 2007, and including a chart demonstrating Google's dominant market share since 2009. ECF No. 94 ¶¶ 92–93. Google denied these allegations and argued these depictions of market share were not "fair and complete." ECF No. 103 ¶¶ 92–93. Google now refuses to prepare a witness on narrow market share issues on this very period, instead proposing the

deposition merely cover from 2016 to present. In three meet-and-confers, Plaintiffs pressed Google for how it determined that 2016 to present was an appropriately relevant period. Google never provided any justification, and despite Plaintiffs' offer to compromise on timeframe (offering to reduce the period by three years), Google refused to budge from its arbitrary position. Google's proposal does not address the needs of the case at any point in its request of a protective order, resulting in a fatally flawed request.

## IV.     Google Has Waived All Unstated Objections.

Google states that, after the Court resolves the present dispute, Google will only "prepare a 30(b)(6) designee to testify subject to its other objections." Mot. at 4, n.2. Google raised dozens of objections in response to Plaintiffs' 30(b)(6) notice[4] and refused to say in its Motion which objections it intends to assert. Google's improper actions further delay and promote dispute. Indeed, Google has waived additional objections by failing to raise them with the Court in its Motion. *See* § 2116 Motion to Terminate or Limit Examination, 8A Fed. Prac. & Proc. Civ. § 2116 (3d ed. 2021) ("[T]here is . . . a substantial preference for requiring that deponents apply to the court for protection rather than simply refusing to answer questions.").

**CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court (1) deny Google's Motion for Protective Order, and (2) hold that Plaintiffs may issue additional Federal Rule 30(b)(6) notices: one notice no later than November 1, 2021; one notice no later than January 31, 2022; and one additional notice directed toward data topics before the close of fact discovery.

---

[4] For example, Google objects to recording the deposition via videoconference despite agreeing to conduct remote depositions in the CMO. ECF No. 108-1 ¶ 15. Google also objects to many definitions as "vague" yet uses many of these *exact* definitions in its third-party subpoenas.

Dated: September 17, 2021              Respectfully submitted,

By: */s/ Kenneth M. Dintzer*
Kenneth M. Dintzer
Jeremy M. P. Goldstein
U.S. Department of Justice, Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Kenneth.Dintzer2@usdoj.gov

*Counsel for Plaintiff United States*

By:        */s/ Jonathan R. Carter*
Leslie Rutledge, Attorney General
Johnathan R. Carter, Assistant Attorney General
Office of the Attorney General, State of Arkansas
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Johnathan.Carter@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

By:        */s/ Adam Miller*
Rob Bonta, Attorney General
Ryan J. McCauley, Deputy Attorney General
Adam Miller, Deputy Attorney General
Paula Blizzard, Supervising Deputy Attorney
General
Kathleen Foote, Senior Assistant Attorney General
Office of the Attorney General,
California Department of Justice
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102
Adam.Miller@doj.ca.gov

*Counsel for Plaintiff State of California*

By: ___/s/ Lee Istrail_____
Ashley Moody, Attorney General
R. Scott Palmer, Interim Co-Director, Antitrust
Division
Nicholas D. Niemiec, Assistant Attorney General
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

By: ___/s/Daniel Walsh_____
Christopher Carr, Attorney General
Margaret Eckrote, Deputy Attorney General
Daniel Walsh, Senior Assistant Attorney General
Dale Margolin Cecka, Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
dcecka@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

By: ___/s/ Scott L. Barnhart_____
Theodore Edward Rokita, Attorney General Scott
L. Barnhart, Chief Counsel and Director,
Consumer Protection Division
Matthew Michaloski, Deputy Attorney General
Erica Sullivan, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Scott.Barnhart@atg.in.gov

*Counsel for Plaintiff State of Indiana*

By: ____/s/ *Philip R. Heleringer*_____
Daniel Cameron, Attorney General
J. Christian Lewis, Executive Director of
Consumer Protection
Philip R. Heleringer, Deputy Executive Director of
Consumer Protection
Jonathan E. Farmer, Assistant Attorney General
Office of the Attorney General, Commonwealth of
Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Phone: 502-696-5647
philip.heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*

By:____/s/ *Stacie L. Deblieux*_____
Jeff Landry, Attorney General
Stacie L. Deblieux, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
Deblieuxs@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

By:____/s/ *Scott Mertens*_____
Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lasing, MI 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

By:____/s/ *Stephen Hoeplinger*_____
Stephen M. Hoeplinger
Assistant Attorney General
Missouri Attorney General's Office
615 E. 13th Street, Suite 401
Kansas City, MO 64106
Stephen.Hoeplinger@ago.mo.gov

*Counsel for Plaintiff State of Missouri*

By:____/s/ Hart Martin_____
Lynn Fitch, Attorney General
Hart Martin, Special Assistant Attorney General
Crystal Utley Secoy, Assistant Attorney General
Office of the Attorney General, State of
Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Hart.Martin@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

By:____/s/ Mark Mattioli_____
Austin Knudsen, Attorney General
Mark Mattioli, Chief, Office of Consumer
Protection
Office of the Attorney General, State of Montana
P.O. Box 200151
555 Fuller Avenue, 2nd Floor
Helena, MT 59620-0151
mmattioli@mt.gov

*Counsel for Plaintiff State of Montana*

By:____/s/ Rebecca M. Hartner_____
Rebecca M. Hartner, Assistant Attorney General
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney General
C. Havird Jones, Jr., Senior Assistant Deputy
Attorney General
Mary Frances Jowers, Assistant Deputy Attorney
General
Office of the Attorney General, State of South
Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
RHartner@scag.gov

*Counsel for Plaintiff State of South Carolina*

By:_____/s/ Bret Fulkerson_____
Bret Fulkerson
Office of the Attorney General, Antitrust Division
300 West 15th Street
Austin, Texas 78701
Bret.Fulkerson@oag.texas.gov

*Counsel for Plaintiff State of Texas*

By:_____/s/ Gwendolyn J. Lindsay Cooley_____
Joshua L. Kaul, Attorney General
Gwendolyn J. Lindsay Cooley, Assistant Attorney
General
Wisconsin Department of Justice
17 W. Main St.
Madison, WI 53701
Gwendolyn.Cooley@Wisconsin.gov

*Counsel for Plaintiff State of Wisconsin*

By:_____/s/ Jonathan B. Sallet_____
Jonathan B. Sallet, Special Assistant Attorney
General (D.C. Bar No. 336198)
Steven Kaufmann, Deputy Attorney General (D.C.
Bar No. 1022365 inactive)
Diane R. Hazel, First Assistant Attorney General
(D.C. Bar No. 1011531 inactive)
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Tel: 720-508-6000
Jon.Sallet@coag.gov
Steve.Kaufmann@coag.gov
Diane.Hazel@coag.gov

*Counsel for Plaintiff Colorado*

Joseph Conrad
Office of the Attorney General of Nebraska
Consumer Protection Division
2115 State Capitol Building
Lincoln, NE 68509
402-471-3840
joseph.conrad@nebraska.gov

*Counsel for Plaintiff Nebraska*

Brunn W. (Beau) Roysden III, Solicitor General
Michael S. Catlett, Deputy Solicitor General
Dana R. Vogel, Unit Chief Counsel
Christopher M. Sloot, Assistant Attorney General
Arizona Office of the Attorney General
2005 North Central Avenue
Phoenix, Arizona 85004
Tel: (602) 542-3725
Dana.Vogel@azag.gov

*Counsel for Plaintiff Arizona*

Max Merrick Miller
Attorney General's Office for the State of Iowa
1305 East Walnut Street, 2nd Floor
Des Moines, IA 50319
(515) 281-5926
Max.Miller@ag.Iowa.gov

*Counsel for Plaintiff Iowa*

Elinor R. Hoffmann
John D. Castiglione
Morgan J. Feder
Office of the Attorney General of New York
28 Liberty Street, 21st Floor
New York, NY 10005
212-416-8513
elinor.hoffmann@ag.ny.gov
john.castiglione@ag.ny.gov
morgan.feder@ag.ny.gov

*Counsel for Plaintiff New York*

Jonathan R. Marx
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
919-716-6000
Jmarx@Ncdoj.Gov
jsutton2@ncdoj.gov

*Counsel for Plaintiff North Carolina*

J. David McDowell
Jeanette Pascale
Christopher Dunbar
Office of The Attorney General & Reporter P.O.
Box 20207
Nashville, TN 37202
615-741-3519
david.mcdowell@ag.tn.gov
jenna.pascale@ag.tn.gov
chris.dunbar@ag.tn.gov

*Counsel for Plaintiff Tennessee*

Tara Pincock
Attorney General's Office Utah
160 E 300 S, Ste 5th Floor
PO Box 140874
Salt Lake City, UT 84114
801-366-0305
tpincock@agutah.gov

*Counsel for Plaintiff Utah*

Jeff Pickett
Senior Assistant Attorney General
jeff.pickett@alaska.gov
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Tel: (907) 269-5100

*Counsel for Plaintiff Alaska*

Nicole Demers
State of Connecticut Office of the Attorney
General
165 Capitol Avenue, Ste 5000
Hartford, CT 06106
860-808-5202
nicole.demers@ct.gov

*Counsel for Plaintiff Connecticut*

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
302-577-8924
michael.undorf@delaware.gov

*Counsel for Plaintiff Delaware*

Catherine A. Jackson (D.C. Bar No. 1005415)
Elizabeth Gentry Arthur
David Brunfeld
Office of the Attorney General for the District of
Columbia
400 6th Street NW
Washington, DC 20001
202-724-6514
catherine.jackson@dc.gov
elizabeth.arthur@dc.gov
david.brunfeld@dc.gov

*Counsel for Plaintiff District of Columbia*

Leevin Taitano Camacho, Attorney General
Fred Nishihira, Chief, Consumer Protection
Division
Benjamin Bernard Paholke, Assistant Attorney
General
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Tel: (671)-475-3324
bpaholke@oagguam.org

*Counsel for Plaintiff Guam*

Rodney I. Kimura
Office of the Attorney General of Hawaii
Commerce & Economic Development
425 Queen Street
Honolulu, HI 96813
808-586-1180
rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff Hawaii*

Brett DeLange
Office of the Idaho Attorney General
Consumer Protection Division
954 W. State St., 2nd Fl.
PO Box 83720
Boise, ID 83720-0010
208-334-4114
brett.delange@ag.idaho.gov

*Counsel for Plaintiff Idaho*

Erin L. Shencopp
Blake Harrop
Joseph Chervin
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
312-793-3891
eshencopp@atg.state.il.us
bharrop@atg.state.il.us
jchervin@atg.state.il.us

*Counsel for Plaintiff Illinois*

Lynette R. Bakker
Office of the Attorney General of Kansas
Consumer Protection & Antitrust
120 S.W. 10th Avenue, Ste 2nd Floor
Topeka, KS 66612-1597
785-368-8451
lynette.bakker@ag.ks.gov

*Counsel for Plaintiff Kansas*

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
Augusta, ME 04333-0006
207-626-8838
christina.moylan@maine.gov

*Counsel for Plaintiff Maine*

Schonette J. Walker
Assistant Attorney General
Deputy Chief, Antitrust Division
Office of the Attorney General
swalker@oag.state.md.us
Gary Honick
Assistant Attorney General
Office of the Attorney General
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
410-576-6480
ghonick@oag.state.md.us

*Counsel for Plaintiff Maryland*

Matthew B. Frank, Assistant Attorney General
Antitrust Division
William T. Matlack, Assistant Attorney General
Chief, Antitrust Division
Michael B. MacKenzie, Assistant Attorney
General
Deputy Chief, Antitrust Division
Office of the Attorney General
One Ashburton Place, 18th Fl.
Boston, MA 02108
Tel: (617) 727-2200
Matthew.Frank@mass.gov
William.Matlack@mass.gov
Michael.Mackenzie@mass.gov

*Counsel for Plaintiff Massachusetts*

Justin Moor, Assistant Attorney General
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2130
(651) 757-1060
justin.moor@ag.state.mn.us

*Counsel for Plaintiff Minnesota*

Marie W.L. Martin
Michelle Christine Newman
Lucas J. Tucker
Nevada Office of the Attorney General
Bureau of Consumer Protection
100 N. Carson Street
Carson City, NV 89701
775-624-1244
mwmartin@ag.nv.gov
mnewman@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff Nevada*

Brandon Garod
Office of Attorney General of New Hampshire
33 Capitol Street
Concord, NH 03301
603-271-1217
brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff New Hampshire*

Robert Holup
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
239-822-6123
robert.holup@law.njoag.gov

*Counsel for Plaintiff New Jersey*

Mark F. Swanson
Cholla Khoury
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87504
Tel: 505.490.4885
mswanson@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff New Mexico*

Parrell D. Grossman
Director
Elin S. Alm
Assistant Attorney General
Consumer Protection & Antitrust Division
Office of the Attorney General
1050 E. Interstate Ave., Suite 200
Bismarck, ND 58503
701-328-5570
pgrossman@nd.gov
ealm@nd.gov

*Counsel for Plaintiff North Dakota*

Beth Ann Finnerty
Mark Kittel
Jennifer Pratt
Office of The Attorney General of Ohio, Antitrust
Section
30 E Broad Street, 26th Floor
Columbus, OH 43215
614-466-4328
beth.finnerty@ohioattorneygeneral.gov
mark.kittel@ohioattorneygeneral.gov
jennifer.pratt@ohioattorneygeneral.gov

*Counsel for Plaintiff Ohio*

Caleb J. Smith Assistant Attorney General
Consumer Protection Unit
Office of the Oklahoma Attorney General
313 NE 21st St
Oklahoma City, OK 73105
Tel: (405) 522-1014
Caleb.Smith@oag.ok.gov

*Counsel for Plaintiff Oklahoma*

Cheryl Hiemstra
Oregon Department of Justice
1162 Court St NE
Salem, OR 97301
503-934-4400
cheryl.hiemstra@doj.state.or.us

*Counsel for Plaintiff Oregon*

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Tel: (717) 787-4530
jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Pennsylvania*

Johan M. Rosa Rodríguez
Assistant Attorney General Antitrust Division
Puerto Rico Department of Justice
PO Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 1201
jorosa@justicia.pr.gov

*Counsel for Plaintiff Puerto Rico*

David Marzilli
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400
dmarzilli@riag.ri.gov

*Counsel for Plaintiff Rhode Island*

Yvette K. Lafrentz
Office of The Attorney General of South Dakota
1302 E. Hwy 14, Suite1
Pierre, SD 57501
605-773-3215
yvette.lafrentz@state.sd.us

*Counsel for Plaintiff South Dakota*

Ryan G. Kriger
Office of The Attorney General of Vermont
109 State St.
Montpelier, VT 05609
802-828-3170
ryan.kriger@vermont.gov

*Counsel for Plaintiff Vermont*

Sarah Oxenham Allen
Tyler Timothy Henry
Office of the Attorney General of Virginia
Antitrust Unit/Consumer Protection Section
202 N. 9th Street
Richmond, VA 23219
804-786-6557
soallen@oag.state.va.us
thenry@oag.state.va.us

*Counsel for Plaintiff Virginia*

Amy Hanson
Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-5419
amy.hanson@atg.wa.gov

*Counsel for Plaintiff Washington*

Douglas Lee Davis
Tanya L. Godfrey
Office of Attorney General, State of West Virginia
P.O. Box 1789
812 Quarrier Street, 1st Floor
Charleston, WV 25326
304-558-8986
doug.davis@wvago.gov
tanya.l.godfrey@wvago.gov

*Counsel for Plaintiff West Virginia*

Benjamin Mark Burningham
Amy Pauli
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
(307) 777-6397
ben.burningham@wyo.gov
amy.pauli@wyo.gov

*Counsel for Plaintiff Wyoming*