IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*,<br><br>                     Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                     Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, *et al.*,<br><br>                     Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                     Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
REGARDING RULE 30(B)(6) DEPOSITION**

Plaintiffs incorrectly claim that Google agreed to be subject to an unlimited number of 30(b)(6) depositions, pursuant to multiple notices issued at any time throughout the discovery period. At no time during the negotiation of the Case Management Order ("CMO"), or after, did Google agree to such an unusual practice that would contradict the Federal Rules. Under the Rules, Plaintiffs are entitled to serve one 30(b)(6) deposition notice on Google. To resolve this dispute, however, Google offered a compromise, making itself available for testimony in response to *four* 30(b)(6) deposition notices. All that Google asks from Plaintiffs is that they identify all remaining non-data topics promptly to avoid both inefficiency and imposing an undue burden on Google. In response, Plaintiffs seek to (i) delay serving their next contemplated notice until November 1 and (ii) issue yet another notice (of unspecified scope) in January 2022. That does not solve the problems that Google identified.

Plaintiffs' assertion that their July 9 Rule 30(b)(6) Notice "seek[s] narrowly tailored information related to Google's tracking of market share and related inputs" fares no better. Opp. at 1. In pursuing testimony for 2002 to the present regarding various vaguely defined categories of information, Plaintiffs can muster only the allegation that the conduct at issue began over a decade before 2016, citing a single reference in the complaint to alleged market share as of 2007. Opp. at 1, 9. Again, Google has offered a compromise by agreeing to produce a witness to testify on the noticed topics for the period 2016 to the present. Plaintiffs' proposed compromise, reducing the nearly 20-year time period by three years, again does not address Google's legitimate concerns.

**I.     Google's Compromise Proposal Regarding Future 30(b)(6) Notices Promotes Case Efficiency and Limits Unnecessary and Undue Burden on Google.**

    **A.     Google did not agree to multiple 30(b)(6) deposition notices.**

Plaintiffs contend that the CMO "expressly allows for multiple 30(b)(6) depositions" (Opp. at 4), but notably do not point to any language containing an express authorization. To the extent

that Plaintiffs' argument is that the use of the plural "depositions" in the parenthetical in CMO paragraph 14 somehow provides that "express" authority, their argument fails in view of the plain language of the provision. The plain language makes clear that it governs how 30(b)(6) deposition testimony is counted against a side's 80-deposition limit: "[e]ach 7-hour period of 30(b)(6) deposition testimony shall count as one deposition *for purposes of the side's limit*." D.I. 108-1 at 11 (emphasis added). The parenthetical ("the depositions of seven 30(b)(6) witnesses for two hours (14 hours in total) each counts as two depositions," *id.*) simply makes clear that party 30(b)(6) testimony is counted by hours rather than by designees. In short, the parties never negotiated or agreed that Plaintiffs could issue an unlimited number of 30(b)(6) notices.

Plaintiffs also point to the fact that the CMO "limits the number of depositions under 30(b)(1)" but does not "limit the number of 30(b)(6) deposition notices." Opp. at 4. That supports Google's position, not Plaintiffs'. The CMO was negotiated and entered against the backdrop of the Federal Rules. The limitation on the total number of depositions that Plaintiffs point to was an expansion of the presumptive 10-deposition limit that would otherwise apply under Rule 30(a)(2)(A)(i). The CMO's silence on the number of 30(b)(6) notices is evidence the parties intended for the Federal Rules to govern,[1] not evidence that the parties intended for an *exception* to the operative Rule. In any event, it stretches plausibility to interpret the CMO as altering the Federal Rules in such an oblique way.

Plaintiffs next shift their attention away from the text of the CMO and argue that Google somehow waived the protections afforded by the Federal Rules by not earlier asserting its objection

---

[1] Plaintiffs do not dispute that a party may issue only one 30(b)(6) notice under the Federal Rules. Against the cases cited by Google holding that Rule 30(a)(2)(A)(ii) applies to Rule 30(b)(6) depositions, Plaintiffs suggest in a footnote, without citing any case, only that "authorities" have "endorsed" permitting more than one 30(b)(6) notice. Opp. at 4.

2

to multiple 30(b)(6) depositions.  Opp. at 4.  The July 9 Rule 30(b)(6) Notice was the first formal written "notice to Google that" it was "the first in a series of notices" and that Plaintiffs would "notice additional Rule 30(b)(6) depositions to Google over the coming months."  Notice (D.I. 214-1) at 2.  Upon receipt of the Notice, Google made its objection to Plaintiffs' intent clear with ample time for the parties to resolve those objections prior to the deposition.  Google raised the issue of seriatim notices at the first status conference after the notice was issued (D.I. 170 at 19:14-20:11), and served its formal objections more than three weeks before Plaintiffs' proposed date for the 30(b)(6) deposition.  Plaintiffs do not (and cannot) point to any prejudice from the timing of Google's objections.

In any case, Google is in fact willing to allow Plaintiffs to, as they have put it, "do [their] 30(b)(6) in parts."  D.I. 151 at 4:23.  The Court should reject Plaintiffs' suggestion that Google's willingness to compromise and submit to a limited number of properly timed 30(b)(6) depositions be held against it.  Opp. at 4.  Google made clear that the Federal Rules permit Plaintiffs only one 30(b)(6) deposition, and the CMO did not supplant those rules.

**B.  Plaintiffs offer no good reason to further delay providing notice to Google of the additional topics on which they will seek 30(b)(6) testimony.**

Plaintiffs have offered no justification for their proposed schedule, which will create inefficiencies and unduly burden Google.  Instead, Plaintiffs state, without adequate explanation, that they are still not—almost a year after the filing of the DOJ Plaintiffs' complaint and approximately two years after opening their investigation—prepared to identify all topics on which they seek 30(b)(6) testimony.  In short, Plaintiffs seek to further delay identifying the remaining 30(b)(6) topics for no other reason than their assertion that they do not want to issue a comprehensive notice in October.  Plaintiffs all but write off the burden imposed on Google and the resulting inefficiencies of delaying the remaining notices.  But the Court recognized back in

3

July the value of "getting [the] 30(b)(6) notices out sooner rather than later" so that "the government parties" can "conduct … the 30(b)(6) at the same time" they are "doing a fact deposition of the same person." D.I. 170 at 23:9-13.

Plaintiffs fault Google for pointing out the inefficiency and burden associated with "scheduling individual depositions prior to receiving a 30(b)(6) notice" and note that the Federal Rules allow deposing a witness in their personal capacity and as a corporate representative. Opp. at 5. But as the Court has already recognized, in an effort to "be as efficient as possible," it makes sense to conduct 30(b)(6) depositions "at the same time" as the "fact deposition of the same person." D.I. 170 at 23:7-11. And apart from ignoring those efficiency gains, Plaintiffs' argument rests on the premise that there will be only one 30(b)(6) notice. That is not true in this case: Plaintiffs propose noticing a series of 30(b)(6) depositions of unknown breadth and scope. The burden on Google here therefore will be far greater than the burden in the run-of-the-mill case. Any individual witness could potentially be deposed up to *four* times: first as a fact witness, and then as a designee for three different 30(b)(6) notices. That is a far cry from the "myriad cases," Opp. at 5, in which a deponent might testify twice.

Plaintiffs' suggestion that Google "select different individuals as witnesses," Opp. at 6, is nonsensical. Given the breadth of the noticed topics, and assuming Plaintiffs intend to notice similar topics in the future, it would not be practical for Google to attempt to prepare a witness with no pre-existing knowledge of the topics simply because that witness has not been noticed as a fact witness. And Rule 30(b)(6) specifically "gives the corporation being deposed more control by allowing it to designate and prepare a witness to testify on the corporation's behalf." *United States v. Taylor*, 166 F.R.D. 356, 360 (M.D.N.C. 1996); *see also* Fed. R. Civ. P. 30(b)(6) Advisory Committee's Note. Plaintiffs cannot wrest that control away from Google by asking Google to

choose its 30(b)(6) designees to accommodate Plaintiffs' schedule. Plaintiffs should be required to issue the final non-30(b)(6) notice by October 15 so that Google can designate appropriate 30(b)(6) witnesses and Plaintiffs can take their 30(b)(6) depositions at the same time as their fact depositions.

Finally, Plaintiffs' suggestion that Google's proposal will result in "wasted time" and "unnecessary disputes," Opp. at 6, ignores the fact that Google's proposal ensures that all objections and disputes over 30(b)(6) notices will be resolved soon after Plaintiffs issue their final non-data 30(b)(6) on October 15. It is Plaintiffs' proposal which will, by extending the 30(b)(6) notices into November and January, waste the parties' and the Court's time.

## II.    The Court Should Limit the Proposed 20-year Date Range.

Plaintiffs argue that Google has not sufficiently explained the obvious burden of a Rule 30(b)(6) notice on "market shares and related inputs" from 2002 to present and that Plaintiffs need market share information dating back 20 years. Neither argument has merit.

### A.    The proposed date range places an undue burden on Google.

Plaintiffs assert that Google has provided no details supporting its burden argument. As is plain from the Notice (D.I. 214-1), Plaintiffs are apparently seeking testimony about activities that thousands of employees may or may not have engaged in on an ad hoc basis. It is hardly speculative to assert that locating and preparing such a witness would be nearly impossible.

Plaintiffs assert that Google has not "attempted to identify any current or former employee who would be knowledgeable about the noticed topics." Opp. at 8. That is incorrect. Google explained in its motion that it has already selected two 30(b)(6) designees to testify on the noticed topics. Mot. at 8. Importantly, despite the fact that those witnesses are knowledgeable about the noticed topics, it would still be unduly burdensome to prepare those witnesses for an examination on issues spanning 20 years. A Rule 30(b)(6) deponent should not be "subjected to a memory

5

contest." *Alexander v. FBI*, 186 F.R.D. 137, 143 (D.D.C. 1998).  But a memory contest is exactly what Google's designees will be subjected to if Plaintiffs' proposed date range is allowed to stand.  Plaintiffs then question "what documents or data would have to be reviewed."  Opp. at 8.  Preparing a witness to testify about any time over the last 20 years that an employee may have, for example, reviewed third-party estimates of market shares relating to any matters referenced in the noticed topics would require reviewing a wide swath of documents for evidence of such behavior as well as speaking with a large sample of employees—including a large number of employees not previously included among the over 100 document custodians in this case.  Google has offered to prepare a witness to testify about such activities for the past five years; there is no reason to require Google to do more.

> **B.** **Plaintiffs do not need market share information from two decades ago.**

"[T]he subjects into which [a] plaintiff may inquire in [a] 30(b)(6) deposition … must be limited to a relevant time period."  *Fish v. Air & Liquid Sys. Corp.*, 2017 WL 697663, at *8 (D. Md. Feb. 21, 2017).  Plaintiffs' noticed 30(b)(6) topics are not so limited and therefore the Court should grant a protective order limiting the July 9 Notice topics to 2016 through the present.  Plaintiffs act as though Google plucked 2016 out of thin air.  Opp. at 10.  But that date aligns with the statute of limitations in this case, which is four years.  15 U.S.C. § 15b.  In any event, selecting date parameters is necessarily imprecise, but the Court must nonetheless draw a line between what is permissible and what is not based on the needs of the case.

Plaintiffs' arguments about the importance of historic market share information, Opp. 9, presuppose that Plaintiffs will have no other opportunity to seek deposition testimony about the activities described in the Notice before 2016.  But Plaintiffs will not be precluded from seeking information about pre-2016 activities.  To the contrary, Plaintiffs may examine any fact witness on pre-2016 attempts to, for example, track or analyze market share.  Plaintiffs will be precluded

only from seeking *corporate* testimony on those pre-2016 activities. Between the 30(b)(6) deposition, the 80 fact depositions that Plaintiffs are entitled to, and all of the document discovery that has already occurred, Plaintiffs will surely have ample opportunity to discover the information about "market shares and market share inputs," Opp. at 9, that Plaintiffs think they need.

**III.    Google Will Produce a 30(b)(6) Witness Subject to All Other Noticed Objections.**

Plaintiffs' contention that Google waived its additional objections is baseless. In an email describing its final compromise offer, Google made clear that its production of a witness to testify on the noticed topics was subject to Google's other objections. Sept. 7, 2021 Email from C. Connor. Plaintiffs did nothing to suggest that would be unsatisfactory. Rather, the parties agreed, after several meet and confers, that because the parties had reached an impasse on the issues of additional 30(b)(6) notices and the time period for the Notice, the parties would seek the Court's intervention. At no time during the meet and confers or in negotiations over a briefing schedule did Plaintiffs suggest that they would not be satisfied with a witness testifying subject to Google's other objections.

## CONCLUSION

For the foregoing reasons, the Court should enter Google's proposed order.

Dated: September 22, 2021               Respectfully submitted,

                                        WILLIAMS & CONNOLLY LLP

                                        By: */s/ John E. Schmidtlein*
                                        John E. Schmidtlein (D.C. Bar No. 441261)
                                        Benjamin M. Greenblum (D.C. Bar No. 979786)
                                        Colette T. Connor (D.C. Bar No. 991533)
                                        725 12th Street, NW
                                        Washington, DC 20005
                                        Tel: 202-434-5000
                                        jschmidtlein@wc.com
                                        bgreenblum@wc.com
                                        cconnor@wc.com

                                        WILSON SONSINI GOODRICH & ROSATI P.C.
                                        Susan A. Creighton (D.C. Bar No. 978486)
                                        Franklin M. Rubinstein (D.C. Bar No. 476674)
                                        1700 K Street, NW
                                        Washington, DC 20006
                                        Tel: 202-973-8800
                                        screighton@wsgr.com
                                        frubinstein@wsgr.com

                                        ROPES & GRAY LLP
                                        Mark S. Popofsky (D.C. Bar No. 454213)
                                        2099 Pennsylvania Avenue, NW
                                        Washington, DC 20006
                                        Tel: 202-508-4624
                                        Mark.Popofsky@ropesgray.com

                                        *Counsel for Defendant Google LLC*