**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |
| State of Colorado, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL**
**PRODUCTION OF DOCUMENTS OF YELP, INC. CUSTODIAN LUTHER LOWE**

Yelp has failed to demonstrate any e-discovery burden or purported First Amendment concerns that outweigh the relevance of Luther Lowe's documents to this case. To date Yelp has produced a mere 10,000 documents in response to Plaintiffs' and Google's subpoenas, of which only 2,400 are in response to Google's search terms – a production volume mismatched to Yelp's contribution to Plaintiffs' allegations.[1] Yelp should be compelled to use the very same search terms it has agreed to for other custodians to identify responsive, non-privileged documents from Mr. Lowe's records.

---

[1] ███████████████████████████████████████████████████████
█████████████████████████████████████████████████████████.

## I.      Luther Lowe's Documents Are Relevant to this Litigation

In the years leading up to the filing of these cases, Mr. Lowe testified and made frequent public appearances on Yelp's behalf about the allegations in this case.[2]  He has held himself out as a leading source about antitrust enforcement and alleged harm to Yelp caused by Google.[3]  His statements plainly influenced the drafting of the Complaints.[4]  Google seeks discovery regarding the basis for these statements.  Contrary to Yelp's brief, the extent of Mr. Lowe's personal knowledge is itself a discoverable fact that Google is entitled to test based on his documents.

Moreover, Mr. Lowe's declaration that the presentations that *he made to the government* were "primarily drafted by Yelp's outside counsel and/or consultants acting at counsel's direction"[5] confirms that the most readily available, non-privileged information is his related internal or external correspondence.  Even if other custodians collectively have some of this knowledge – which Yelp has failed to substantiate with any overlap analysis – Google would still be entitled to discovery from Mr. Lowe's documents, as those custodians were not the employees whose statements parallel the Complaints.

## II.     Yelp Refused to Negotiate a Reasonable Scope and has Failed to Demonstrate Undue Burden

Yelp's lengthy declarations about its burden and Google's purported unreasonableness

---

[2]  *See, e.g.*, Luther Lowe U.S. Senate Testimony, https://www.judiciary.senate.gov/imo/media/doc/Lowe%20Testimony.pdf; Luther Lowe Ohio Senate Testimony, https://search-prod.lis.state.oh.us/cm_pub_api/api/unwrap/chamber/133rd_ga/ready_for_publication/committee_docs/cmte_s_judiciary_1/submissions/cmte_s_judiciary_1_2019-10-17-0230_917/10.17.19lowetestimony2.pdf.
[3]  Indeed, Mr. Lowe coordinates a newsletter about antitrust and Google ("This Week in Google Antitrust" (TWIGA)).  *See, e.g.*, https://twitter.com/lutherlowe/status/1096245290531729409?lang=en (linking to subscription page for "This Week in Google Antitrust" and noting that "TWIGA is free"); Interview of Lowe on C-SPAN (Mar. 17, 2020), https://www.c-span.org/video/?470421-1/communicators-luther-lowe; Angelica Stabile, *Yelp executive accuses Google of doing 'a lot to harm consumers and small businesses'*, Fox News, Sept. 10, 2020, https://www.foxbusiness.com/technology/yelp-executive-google-harms-consumers-small-business.
[4]  *See* Google Mot. at 4.  *Compare* Luther Lowe U.S. Senate Testimony (*see* n.2) at 4-6, *with* States' Complaint ¶¶ 168, 175-76, 183 (including preceding section heading IV.C.2), and 187 (allegations about Google's entry into "verticals," OneBox, and purported harm to specialized vertical search providers).
[5]  Declaration of Luther Lowe, dated Oct. 8, 2021, at ¶ 5.

neglect to mention that (1) it initially agreed to produce Mr. Lowe's documents subject to negotiations on scope; (2) Google repeatedly sought to negotiate search terms or limitations to reduce burden and explained its reasons for seeking the documents (*see* Appendix E at 1-2, Appendix F); and (3) fail to provide any hit counts about custodian overlaps in support of its claim of burden.

Yelp's prior productions or proposed substitute custodians are not sufficient in the absence of Mr. Lowe's documents.  In the absence of hit reports, a search by Google's counsel in the email metadata of Yelp's already-produced documents yields 74 hits in 10,000 documents for the names "Luther Lowe" or "Luther," or Lowe's email address "███████████."  Google also received Yelp's September 21, 2021 letter (Yelp. Opp. Ex. E), and then reviewed the documents Yelp has produced in response to Plaintiffs' subpoenas for information about Yelp's substitute custodians. These exercises only confirmed the need for this Motion because the documents reflect little overlap (74 hits thus far) between these custodians and Mr. Lowe (Google Mot. at 4). Documentary discovery is necessary for Google to understand the basis of claims in the Complaints, *e.g.*, States' Complaint, ¶¶ 37-39, 51-55, 59-89, 96-102, 168-211, and to determine if it will seek Mr. Lowe's testimony in the case (the Plaintiffs are differently situated, having met with Mr. Lowe and having unfettered access).  Certainly, Yelp nowhere identifies a basis for withholding his documents in toto.  Yelp's alternative proposal would also force Google to evaluate and/or seek testimony of up to seven other people.  This is inefficient and impractical.

Moreover, Yelp's suggestion that Google's requests should be "directed to Plaintiffs, not third party Yelp," *see* Yelp. Opp. at 4 n.2, should be rejected because Google's requests seek Yelp documents, both internal and external communications about the claims in this case, that would not be captured by ████████████████████████.  (Google Mot., Appendix C

(summary of subpoena requests)).

Finally, Yelp's complaints about the cost of producing Mr. Lowe's documents ($55,000) must be viewed through the lens of its status as an important third party in this case.  As of the filing of Yelp's brief, it had produced 10,000 documents total in this litigation, with only 74 hits in email metadata fields for Mr. Lowe's first name, full name, or email address. ███████████ ████████████████████████████████████████████████, and now productions during the litigation, Yelp cannot hide behind expense to prevent Google from testing its complaints.  Yelp's arguments also ring hollow as it has refused steps that would reduce its burden.  Yelp would not negotiate scope or limitations with Google or provide hit counts for Mr. Lowe, and instead proposed to produce documents from multiple other individuals.  Yelp caused itself more burden.

### III.   Presumptive Designation of Documents as "Highly Confidential" Resolves Any Concerns Yelp Has Regarding Third-Party Names

Yelp's claimed concern about the disclosure of other third parties is resolved by Google's willingness to presumptively designate documents that identify such parties as "Highly Confidential," subject to appropriate de-designation by agreement with Yelp or via a ruling from this Court.  Yelp erroneously claims in its brief that (1) Google has cited "no authority" in support of this point, and (2) that the Protective Order would allow documents with third-party names to "be disclosed to both Google's outside and in-house counsel."  (Yelp. Opp. at 6).  Both points are plainly wrong.  First, Yelp fails to respond, much less distinguish, *Klayman v. Judicial Watch* and *Filanowski v. Wal-Mart Stores, Inc.* (Google Mot. at 6 n.13),[6] in which courts noted that the presence of a protective order minimizes any potential chilling effect of production on third parties.

---

[6]  *See Klayman v. Judicial Watch, Inc.*, 2008 U.S. Dist. LEXIS 142879, at *11-12 (D.D.C. Jan. 8, 2008) (declining to quash subpoena to third party and noting that the potential chilling effect of production was minimized by presence of protective order), *aff'd*, 2008 U.S. Dist. LEXIS 142884 (Apr. 2, 2008); *Filanowski v. Wal-Mart Stores, Inc.*, 1999 U.S. Dist. LEXIS 24150, at *5-6 (D. Me. Oct. 29, 1999) ("Having failed to make some showing *how* Defendant's possession of the list impairs . . . associational activities, especially in light of the recently issued confidentiality order, the Court is satisfied that the privilege does not apply in this case.").

Second, Yelp misreads the Protective Order, which expressly provides that the designated Google in-house counsel <u>may not</u> review Highly Confidential documents unless the producing party consents and/or this Court has ruled upon a motion to de-designate after notice.  (Dkt. No. 98, at ¶¶ 1(e), 12(d), 17)).  Nor does Yelp have any basis whatsoever to question outside counsel's compliance with the Protective Order.

Finally, none of Yelp's cited cases supports the conclusion that the relevance of Luther Lowe's documents is outweighed by a risk of chilling third parties.  Yelp exaggerates the breadth and understates the relevance of Google's requests when making comparisons to *Apple v. Match* and *Wyoming v. U.S. Dep't of Agric.*[7]  Both cases involved broad requests about the associational activities of the third parties and the formation of their advocacy groups, none of which are present here.  Yelp is conflating discovery about Yelp's own allegations with discovery about the identities or activities of third parties.  Google's requests are focused on Yelp and <u>its factual bases</u> for claims about Google, and its search terms – to which Yelp has agreed for all other custodians – are tailored to these issues.  There is no basis for Yelp to oppose using the search terms with Mr. Lowe's documents, as none focus on the inner workings of associations or advocacy groups.

## CONCLUSION

For these reasons, Google respectfully requests that the Court grant Google's motion.

---

[7] *Compare* requests in *Apple Inc. v. Match Grp. Inc.*, No. 4:21-mc-80184-YGR, Dkt. 36 at 4 (N.D. Cal. Aug. 19, 2021) (Google Mot., Appendix D, at 4) (seeking all documents about "formation, documents of incorporation, bylaws, purpose, objectives, activities, sponsorship, founders, meeting minutes, membership, and fees") *and Wyoming v. U.S. Dep't of Agric.*, 208 F.R.D. 449, 452 (D.D.C. 2002) (seeking documents about specific advocacy groups including "meetings or conversations," "notes, memoranda, or letters that relate in any way to any of these groups," and "'daytimers,' calendars, and/or diaries") *with* Google Mot., Appendix C (selected requests from Google's subpoena to Yelp, for which Yelp has agreed to run search terms).

Dated: October 13, 2021

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

Wendy Huang Waszmer (D.C. Bar No. 478725)
1301 Avenue of the Americas
New York, New York 10019
Tel:  212-497-7702
wwaszmer@wsgr.com

Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
1700 K St, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com

WILLIAMS & CONNOLLY LLP

John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
725 12th Street, NW
Washington, DC 20005
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

ROPES & GRAY LLP

Mark S. Popofsky (D.C. Bar No. 454213)
Matthew McGinnis (*pro hac vice*)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

*Counsel for Defendant Google LLC*

6

# APPENDIX E

## Edelson, Ken

| | |
|---|---|
| **From:** | Brandon Kressin <brandon@kanterlawgroup.com> |
| **Sent:** | Friday, August 20, 2021 8:37 PM |
| **To:** | Edelson, Ken; Waszmer, Wendy; Catherine Larsen; Reed Showalter |
| **Cc:** | Rubinstein, Franklin; Tennis, Brad |
| **Subject:** | Re: Yelp subpoena from Google |

**[External]**

Hi Ken:

The one thing I want to clarify on is the hit counts. Our e-discovery team is running the terms, and my hope is to have the de-duped hit counts by Wednesday, but I cannot guarantee that will be possible. They have explained that they are running the searches on 300 GB of PST data, and there are some limitations on how quickly that can be executed. However, we are pushing them to conduct the searches with all speed, and I will reach out early next week to give you an update.

One additional thing that we did not discuss on the call, but that I think makes sense to raise. We likely would be willing to agree to higher hit counts if we are able to use TAR to reduce the total amount of documents that need to be reviewed. We're happy to jump on a call early next week to discuss in more detail what that might entail.

Thanks, and have a nice weekend.

Best,

Brandon

**From:** Edelson, Ken <kedelson@wsgr.com>
**Sent:** Friday, August 20, 2021 7:08:06 PM
**To:** Waszmer, Wendy <wwaszmer@wsgr.com>; Brandon Kressin <brandon@kanterlawgroup.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Reed Showalter <reed@kanterlawgroup.com>
**Cc:** Rubinstein, Franklin <frubinstein@wsgr.com>; Tennis, Brad <btennis@wsgr.com>
**Subject:** RE: Yelp subpoena from Google

Brandon,

Thanks for the call today about Yelp's response to Google's subpoena.  To recap where we are, and please let us know if we missed/erred on anything:

**Timeline for Production**

- Yelp anticipates a final production date of September 24 for all go-get documents, custodial documents, and data.

**Custodians:**

- To date, Yelp has proposed and agreed to the following custodians for Google's and the government's subpoenas:
  - ████████████

1

- █████████████
- █████████████████
- █████████████████████
- ██████████████████████████

- In its July 16 letter to Yelp, Google proposed Yelp employees ████████████ and Luther Lowe as custodians, and requested information regarding ███████████ responsibilities during her employment at Yelp, and the extent to which her role and custodial documents would be distinct from ████████████.
- Yelp agreed to provide written summaries regarding ████████████████ roles, responsibilities, and relevance to Google's requests. Please provide this information no later than Tuesday, August 24.
- Yelp proposed to provide documents of a limited scope for proposed custodians ████████████ and Luther Lowe.  As Google's proposal was not to limit these custodians, we need additional information on how Yelp proposes to scope productions for these custodians in terms of time, search terms, or otherwise.  As discussed, Yelp will also include information on the number of Mr. Lowe's documents that would be duplicative of the four agreed-upon custodians' documents.  Please provide this information by Wednesday, 8/25.

**Search terms:**

- We asked that Yelp provide information on initial overall totals for search hits, and that Yelp touch base on Monday as to the status.  Yelp indicated that this information might not be available until Tuesday afternoon.  We asked for this update, as we understand you need until Wednesday to provide deduplicated hit counts.  We are hoping that we can come to an understanding of whether Yelp intends to object to significant portions of Google's July 29 search term proposal soon, given the length of time that has passed since providing the terms.
- By Wednesday 8/23:
  - Yelp will provide deduplicated hit counts for Google's search terms and any counterproposal Yelp plans to provide.
  - As discussed, Yelp will also clarify the volume of documents removed from the final number of search hits because these documents are already included in the documents being produced to the Government Plaintiffs.
- As we noted, it is important for Google to know this information as early as possible, as it will inform Google's consideration of whether to raise these issues with the Court.

**Data:**

- Yelp provided no updates on Google's pending data requests, listed in its July 29 letter, but proposed to have all data produced by September 24.

Best,

Ken

## WILSON SONSINI

**Kenneth Edelson | Associate | Wilson Sonsini Goodrich & Rosati**
1301 Avenue of the Americas | New York, NY 10019 | direct: 212.453.2806 | mobile: 646.509.5765 | kedelson@wsgr.com



---

**From:** Waszmer, Wendy <wwaszmer@wsgr.com>
**Sent:** Thursday, August 19, 2021 9:47 PM
**To:** Brandon Kressin <brandon@kanterlawgroup.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Reed Showalter <reed@kanterlawgroup.com>

**Cc:** Rubinstein, Franklin <frubinstein@wsgr.com>; Tennis, Brad <btennis@wsgr.com>; Edelson, Ken <kedelson@wsgr.com>
**Subject:** Re: Yelp subpoena from Google

Thanks - we'll send an invite and speak to you tomorrow.

**Wendy Huang Waszmer**
Wilson Sonsini Goodrich & Rosati
1301 Avenue of the Americas
New York, New York 10019
T 212 497 7702
E wwaszmer@wsgr.com

---

**From:** Brandon Kressin <brandon@kanterlawgroup.com>
**Sent:** Thursday, August 19, 2021 9:46 PM
**To:** Waszmer, Wendy <wwaszmer@wsgr.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Reed Showalter <reed@kanterlawgroup.com>
**Cc:** Rubinstein, Franklin <frubinstein@wsgr.com>; Tennis, Brad <btennis@wsgr.com>; Edelson, Ken <kedelson@wsgr.com>
**Subject:** RE: Yelp subpoena from Google

**[External]**

That works for us. Thanks.



**Brandon Kressin**
202.455.4244
brandon@kanterlawgroup.com

---

**From:** Waszmer, Wendy <wwaszmer@wsgr.com>
**Sent:** Thursday, August 19, 2021 8:45 PM
**To:** Brandon Kressin <brandon@kanterlawgroup.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Reed Showalter <reed@kanterlawgroup.com>
**Cc:** Rubinstein, Franklin <frubinstein@wsgr.com>; Tennis, Brad <btennis@wsgr.com>; Edelson, Ken <kedelson@wsgr.com>
**Subject:** Re: Yelp subpoena from Google

Brandon - Thanks - we have a conflict at 4:30pm, but could do 5pm et. Would that work?

**Wendy Huang Waszmer**
Wilson Sonsini Goodrich & Rosati
1301 Avenue of the Americas
New York, New York 10019
T 212 497 7702
E wwaszmer@wsgr.com

---

**From:** Brandon Kressin <brandon@kanterlawgroup.com>
**Sent:** Thursday, August 19, 2021 9:30 PM

**To:** Waszmer, Wendy <wwaszmer@wsgr.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Reed Showalter <reed@kanterlawgroup.com>
**Cc:** Rubinstein, Franklin <frubinstein@wsgr.com>; Tennis, Brad <btennis@wsgr.com>; Edelson, Ken <kedelson@wsgr.com>
**Subject:** RE: Yelp subpoena from Google

**[External]**

---

Wendy,

Would your team be able to do 4:30 EST instead?

Thanks,

Brandon



**Brandon Kressin**
202.455.4244
brandon@kanterlawgroup.com

---

**From:** Waszmer, Wendy <wwaszmer@wsgr.com>
**Sent:** Thursday, August 19, 2021 8:28 PM
**To:** Brandon Kressin <brandon@kanterlawgroup.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Reed Showalter <reed@kanterlawgroup.com>
**Cc:** Rubinstein, Franklin <frubinstein@wsgr.com>; Tennis, Brad <btennis@wsgr.com>; Edelson, Ken <kedelson@wsgr.com>
**Subject:** Re: Yelp subpoena from Google

Brandon & team:

Following up on Ken's note - does 4pm et work for you tomorrow for a call?  If so, Ken can send a meeting notice for then.

Given our upcoming conference in the case on Aug 31, we'd like to see if we try to resolve open issues tomorrow.  Thanks.

**Wendy Huang Waszmer**
Wilson Sonsini Goodrich & Rosati
1301 Avenue of the Americas
New York, New York 10019
T 212 497 7702
E wwaszmer@wsgr.com

---

**From:** Edelson, Ken <kedelson@wsgr.com>
**Sent:** Wednesday, August 18, 2021 10:49 PM
**To:** Brandon Kressin <brandon@kanterlawgroup.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Reed Showalter <reed@kanterlawgroup.com>
**Cc:** Waszmer, Wendy <wwaszmer@wsgr.com>; Rubinstein, Franklin <frubinstein@wsgr.com>; Tennis, Brad

<btennis@wsgr.com>
**Subject:** RE: Yelp subpoena from Google

Brandon,

We are available from 4-4:30 pm EST on Friday afternoon if that works for your team.

Best,

Ken



**Kenneth Edelson | Associate | Wilson Sonsini Goodrich & Rosati**
1301 Avenue of the Americas | New York, NY 10019 | direct: 212.453.2806 | mobile: 646.509.5765 | kedelson@wsgr.com

---

**From:** Brandon Kressin <brandon@kanterlawgroup.com>
**Sent:** Wednesday, August 18, 2021 10:42 PM
**To:** Edelson, Ken <kedelson@wsgr.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Reed Showalter <reed@kanterlawgroup.com>
**Cc:** Waszmer, Wendy <wwaszmer@wsgr.com>; Rubinstein, Franklin <frubinstein@wsgr.com>; Tennis, Brad <btennis@wsgr.com>
**Subject:** RE: Yelp subpoena from Google

**[External]**

Ken:

Thank you for your letter. We have been running the proposed search terms and custodians internally to assess the reasonableness of the resulting search volume. We should be able to give you an update on Friday. Please let me know as to your availability Friday afternoon.

Thanks,

Brandon



**Brandon Kressin**
202.455.4244
brandon@kanterlawgroup.com

---

**From:** Edelson, Ken <kedelson@wsgr.com>
**Sent:** Wednesday, August 18, 2021 9:31 PM
**To:** Brandon Kressin <brandon@kanterlawgroup.com>; Jonathan Kanter <jonathan@kanterlawgroup.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Reed Showalter <reed@kanterlawgroup.com>
**Cc:** Waszmer, Wendy <wwaszmer@wsgr.com>; Rubinstein, Franklin <frubinstein@wsgr.com>; Tennis, Brad <btennis@wsgr.com>
**Subject:** RE: Yelp subpoena from Google

Counsel,

Please see the attached correspondence.

Best,

Ken



**Kenneth Edelson | Associate | Wilson Sonsini Goodrich & Rosati**
1301 Avenue of the Americas | New York, NY 10019 | direct: 212.453.2806 | mobile: 646.509.5765 | kedelson@wsgr.com

---

**From:** Edelson, Ken
**Sent:** Thursday, July 29, 2021 1:34 AM
**To:** Brandon Kressin <brandon@kanterlawgroup.com>; Jonathan Kanter <jonathan@kanterlawgroup.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Reed Showalter <reed@kanterlawgroup.com>
**Cc:** Waszmer, Wendy <wwaszmer@wsgr.com>; Rubinstein, Franklin <frubinstein@wsgr.com>; Tennis, Brad <btennis@wsgr.com>
**Subject:** RE: Yelp subpoena from Google

Counsel,

Please see the attached correspondence.  For search term proposals that Google has modified, a Word document is also attached containing Google's edits to Yelp's proposed terms in redline.

Best,

Ken



**Kenneth Edelson | Associate | Wilson Sonsini Goodrich & Rosati**
1301 Avenue of the Americas | New York, NY 10019 | direct: 212.453.2806 | mobile: 646.509.5765 | kedelson@wsgr.com

---

**From:** Edelson, Ken
**Sent:** Friday, July 16, 2021 7:47 PM
**To:** Brandon Kressin <brandon@kanterlawgroup.com>; Jonathan Kanter <jonathan@kanterlawgroup.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Reed Showalter <reed@kanterlawgroup.com>
**Cc:** Waszmer, Wendy <wwaszmer@wsgr.com>; Rubinstein, Franklin <frubinstein@wsgr.com>; Tennis, Brad <btennis@wsgr.com>
**Subject:** RE: Yelp subpoena from Google

Jonathan, Brandon,

Please see the attached correspondence.

Best,

Ken


**WILSON SONSINI**

**Kenneth Edelson | Associate | Wilson Sonsini Goodrich & Rosati**
1301 Avenue of the Americas | New York, NY 10019 | direct: 212.453.2806 | mobile: 646.509.5765 | kedelson@wsgr.com

---

**From:** Brandon Kressin <brandon@kanterlawgroup.com>
**Sent:** Friday, June 18, 2021 10:48 AM
**To:** Edelson, Ken <kedelson@wsgr.com>; Jonathan Kanter <jonathan@kanterlawgroup.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Reed Showalter <reed@kanterlawgroup.com>
**Cc:** Waszmer, Wendy <wwaszmer@wsgr.com>; Rubinstein, Franklin <frubinstein@wsgr.com>; Tennis, Brad <btennis@wsgr.com>
**Subject:** RE: Yelp subpoena from Google

[External]

---

WSGR Team:

Please see the attached letter and spreadsheet that should address the three items Ken mentioned below. We're happy to discuss during our next meet-and-confer.

Thanks,

Brandon


**Brandon Kressin**
202.455.4244
brandon@kanterlawgroup.com

---

**From:** Brandon Kressin <brandon@kanterlawgroup.com>
**Sent:** Friday, June 11, 2021 7:26 PM
**To:** Edelson, Ken <kedelson@wsgr.com>; Jonathan Kanter <jonathan@kanterlawgroup.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Reed Showalter <reed@kanterlawgroup.com>
**Cc:** Waszmer, Wendy <wwaszmer@wsgr.com>; Rubinstein, Franklin <frubinstein@wsgr.com>; Tennis, Brad <btennis@wsgr.com>
**Subject:** Re: Yelp subpoena from Google

Thank you, Ken. We confirm we will provide all three items next week.

---

**From:** Edelson, Ken <kedelson@wsgr.com>
**Sent:** Friday, June 11, 2021 5:38:30 PM

**To:** Brandon Kressin <brandon@kanterlawgroup.com>; Jonathan Kanter <jonathan@kanterlawgroup.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Reed Showalter <reed@kanterlawgroup.com>
**Cc:** Waszmer, Wendy <wwaszmer@wsgr.com>; Rubinstein, Franklin <frubinstein@wsgr.com>; Tennis, Brad <btennis@wsgr.com>
**Subject:** RE: Yelp subpoena from Google

Brandon,

We are confirming receipt of Yelp's production. Following up on our email from last Wednesday, is your team able to provide (i) search terms for Google's priority document requests, (ii) proposed templates for priority data requests, and (iii) summaries of Yelp's data productions to date by next week?

Thanks,

Ken



**Kenneth Edelson | Associate | Wilson Sonsini Goodrich & Rosati**
1301 Avenue of the Americas | New York, NY 10019 | direct: 212.453.2806 | mobile: 646.509.5765 | kedelson@wsgr.com

---

**From:** Edelson, Ken
**Sent:** Wednesday, June 2, 2021 5:10 PM
**To:** Brandon Kressin <brandon@kanterlawgroup.com>; Jonathan Kanter <jonathan@kanterlawgroup.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Reed Showalter <reed@kanterlawgroup.com>
**Cc:** Waszmer, Wendy <wwaszmer@wsgr.com>; Rubinstein, Franklin <frubinstein@wsgr.com>; Tennis, Brad <btennis@wsgr.com>
**Subject:** RE: Yelp subpoena from Google

Brendan,

Thanks for the helpful call last week, and for sending the PDF copy of '5032. Below is a recap of the next steps discussed on the call. Let us know if your understanding differs on any of these items.

1. For document requests:
   - Yelp will propose search terms for Google's list of priority document requests, contained in our Tuesday 5/25 email.
   - Google will review these terms and propose edits and supplemental terms to cover the remaining requests in its subpoena (those not included in our 5/25 list of priority requests).

2. Custodians:
   - Google will review Yelp's org chart information and propose additional custodians.

3. Data requests:
   - Your team will prepare templates based on Google's priority data requests by the middle of this week, which WSGR will review before your team sends them to Yelp for evaluation of how Yelp can respond to these data requests.
   - Your team will send a summary of its data productions to date.

4. Discussions on resolving objections:

- 11: Yelp's position is that it will limit its response to submissions to US regulators.
- 12: Yelp's position is that it will produce materials relevant to this request that are also relevant to other requests in Google's subpoena.
- 13: Yelp will revert with a position on Google's proposal to select an employee or employees responsible for communications with industry organizations or coalitions related to search or search advertisements as a source of responsive documents for this request.
- 56/58: Yelp will provide periodically generated decks for evaluation of whether they contain information responsive to these requests.
- 69: Yelp will find out what information is available about the methods or systems for holding feedback or complaints Yelp receives, and whether those systems can be queried, as a possible source for documents or information to satisfy request 69.

Please let us know your team's availability later this week or early next week for another call.

Thanks,

Ken



**Kenneth Edelson | Associate | Wilson Sonsini Goodrich & Rosati**
1301 Avenue of the Americas | New York, NY 10019 | direct: 212.453.2806 | mobile: 646.509.5765 | kedelson@wsgr.com

---

**From:** Brandon Kressin <brandon@kanterlawgroup.com>
**Sent:** Wednesday, May 26, 2021 5:56 PM
**To:** Edelson, Ken <kedelson@wsgr.com>; Jonathan Kanter <jonathan@kanterlawgroup.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Reed Showalter <reed@kanterlawgroup.com>
**Cc:** Waszmer, Wendy <wwaszmer@wsgr.com>; Rubinstein, Franklin <frubinstein@wsgr.com>; Tennis, Brad <btennis@wsgr.com>
**Subject:** RE: Yelp subpoena from Google

[External]
WSGR Team:

Thank you for taking the time to speak with us this afternoon. As we discussed, attached is a PDF version of YELP-00005032. Please note that, like the TIFF version we've already produced, this document is labelled HIGHLY CONFIDENTIAL.

Please let me know if you have any questions or are still having difficulties with the legibility of the document.

Thanks,

Brandon



**Brandon Kressin**
202.455.4244
brandon@kanterlawgroup.com

**From:** Edelson, Ken <kedelson@wsgr.com>
**Sent:** Tuesday, May 25, 2021 9:40 PM
**To:** Brandon Kressin <brandon@kanterlawgroup.com>; Jonathan Kanter <jonathan@kanterlawgroup.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Reed Showalter <reed@kanterlawgroup.com>
**Cc:** Waszmer, Wendy <wwaszmer@wsgr.com>; Rubinstein, Franklin <frubinstein@wsgr.com>; Tennis, Brad <btennis@wsgr.com>
**Subject:** RE: Yelp subpoena from Google

Brendan,

In advance of tomorrow's call, we are writing to summarize where we think we are, and provide points for discussion and proposed next steps.

**Current status:**

- We now have 5 subpoena productions totaling 107 records. ███████████████████████ ███████████████████████████.
- You sent the DOJ's search terms, and indicated that you would provide a refined set of terms to narrow the scope (this is still forthcoming).
- You sent a list of requests from Google's subpoena you believe the unrefined list of terms may cover.
- You indicated that information about Yelp's data productions to date was forthcoming.

**Topics for Discussion & Proposed Next Steps:**

**1. Custodians.** We believe we will need more custodians than the four Yelp has offered to DOJ. You indicated on our last call that the four custodians offered were intended to cover DOJ requests 3, 5, 10, 11, 13, and 19. The list of priority requests we provide below and the Google subpoena cover a broader range of topics than these five requests. Much of the org chart information in YELP-00005032, which you referred us to last week, was not legible. Could your team send a PDF copy of the document, and we will check to see if it has the information we need regarding potential custodians?

**2. Search terms.** Thanks for sending the search terms proposed by DOJ. If Yelp agreed to the DOJ terms as is, there would not be significant coverage for our subpoena or priority requests. However, the terms are useful to see, and we would be glad to work on areas of overlap to avoid duplicative document pulls. From an efficiency standpoint, we think it makes most sense as a next step for your team to propose search terms for the list of priority document requests we provide below.

**3. Priority Document and Data Requests.** The following is a list of Google's priority requests for both documents and data. Google is open to accepting sufficient to show productions for document requests other than those on the list below.

- **Documents**: 6, 17, 19, 21, 22, 28, 36, 42, 45, 57, 58, 59, and 61.
- **Data**: 3, 7, 38, 46, 47, 68, and 72.
  - As a next step, we think it makes sense for the Yelp team to (1) provides summaries of data productions to date, and (2) propose an approach to fulfilling Google's priority data requests. If there are particular burdens associated with pulling any request or subpart, or the requested data do not exist, please let us know.

**4. Specific requests for which Yelp indicated it would produce material:**

- **Request 1:** We believe we have Yelp's productions made to date in the litigation, totaling 107 records over five production volumes. Please let us know if the numbers for records or production volumes do not match what you have produced.

- **Request 5:** Yelp indicated it would produce one document listing Yelp's competitors in response to DOJ request 14 that would cover Google request 5. Please provide a Bates number for this document.
- **Request 16:** Please provide Bates numbers for the documents you intend to cover this request.

**5. Yelp's objections**. On our last call, we discussed Yelp's objections to several requests, and based on our discussion you indicated these could potentially be negotiated if the scope could be amended. Those requests included 11, 12, 13, 56, 58, and 69, to which Yelp objected on the basis of burden, privilege, or otherwise. Below are preliminary topics to focus the discussion for each request to which Yelp objected:

- **Request 11:** Can you confirm whether Yelp's position is that it will produce submissions to U.S. regulators only?
- **Request 12:** Is there a scope that Yelp will agree to with regard to this third party-related request?
- **Request 13:** Google proposes that Yelp identify an employee or employees who communicate with trade associations, and propose search terms for their files, understanding that Yelp will not produce privileged internal material on these topics.
- **Request 56:** Google proposes that this request be scoped to include documents concerning reasons Yelp has not met revenue, user traffic or usage, or other targets, where Yelp's stated reasons for not meeting the targets are other than Google's impact on Yelp.
- **Request 58:** Google proposes that this request be scoped to include all documents concerning differences between features or functionality offered for Yelp's products or services and those of Yelp's competitors and/or other local search services (e.g., TripAdvisor, Open Table, Grubhub, ANGI Home Services, etc.), and the impact of those differences on demand for or actual use of Yelp's services.
- **Request 69:** Google proposes as a starting point that Yelp provide information about the methods or systems for holding feedback or complaints Yelp receives, and whether those systems can be queried.

Thanks,

Ken



**WILSON SONSINI**

**Kenneth Edelson | Associate | Wilson Sonsini Goodrich & Rosati**
1301 Avenue of the Americas | New York, NY 10019 | direct: 212.453.2806 | mobile: 646.509.5765 | kedelson@wsgr.com

---

**From:** Brandon Kressin <brandon@kanterlawgroup.com>
**Sent:** Wednesday, May 19, 2021 1:21 PM
**To:** Edelson, Ken <kedelson@wsgr.com>; Jonathan Kanter <jonathan@kanterlawgroup.com>
**Cc:** Reed Showalter <reed@kanterlawgroup.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Rubinstein, Franklin <frubinstein@wsgr.com>; Dawn Forrester <dawn@kanterlawgroup.com>; Waszmer, Wendy <wwaszmer@wsgr.com>
**Subject:** RE: Yelp subpoena from Google

[External]
WSGR Team:

I wanted to reach back out regarding the search terms. We are continuing to run these internally to get an idea of volume, but it is already looking like the volume will be extremely large. We will thus be proposing a refined set of terms to narrow the scope.

With that in mind, however, we have reviewed the proposed search terms and compared them to Google's subpoena, and we preliminarily believe that these terms would be responsive to the requests listed below.

Please note that this list may change as we refine the terms. Also, for many of these requests (and other requests), we believe it would make more sense to review and produce documents on a "docs sufficient to show" basis rather than an "all docs" basis, and we would be happy to discuss that during our next meet-and-confer.

**Preliminary List of Requests**
- 4
- 5
- 8
- 11
- 15
- 17
- 19
- 21
- 22
- 25
- 26
- 27
- 39
- 43
- 44
- 57
- 58
- 61

Thanks,

Brandon



**Brandon Kressin**
202.455.4244
brandon@kanterlawgroup.com

---

**From:** Edelson, Ken <kedelson@wsgr.com>
**Sent:** Friday, May 14, 2021 4:47 PM
**To:** Brandon Kressin <brandon@kanterlawgroup.com>; Jonathan Kanter <jonathan@kanterlawgroup.com>
**Cc:** Reed Showalter <reed@kanterlawgroup.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Rubinstein, Franklin <frubinstein@wsgr.com>; Dawn Forrester <dawn@kanterlawgroup.com>; Waszmer, Wendy <wwaszmer@wsgr.com>
**Subject:** RE: Yelp subpoena from Google

Brandon,

Thanks for the update on Yelp's data productions, and for providing the search terms. Does your team have availability at the end of next week for a meet and confer?

Thanks,

Ken

# WILSON SONSINI

**Kenneth Edelson | Associate | Wilson Sonsini Goodrich & Rosati**
1301 Avenue of the Americas | New York, NY 10019 | direct: 212.453.2806 | mobile: 646.509.5765 | kedelson@wsgr.com



**From:** Brandon Kressin <brandon@kanterlawgroup.com>
**Sent:** Thursday, May 13, 2021 11:03 AM
**To:** Edelson, Ken <kedelson@wsgr.com>; Jonathan Kanter <jonathan@kanterlawgroup.com>
**Cc:** Reed Showalter <reed@kanterlawgroup.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Rubinstein, Franklin <frubinstein@wsgr.com>; Dawn Forrester <dawn@kanterlawgroup.com>; Waszmer, Wendy <wwaszmer@wsgr.com>
**Subject:** RE: Yelp subpoena from Google

[External]
Ken:

We are running down exactly what data has already been provided. We will try to get you a summary.

Regarding the search terms, below is the latest list that has been proposed by DOJ/TN. We have not finished running these, but we anticipate it will be a very substantial volume and overly broad, so we will likely not agree to all of these and will make a counterproposal. We are still analyzing, but we will let you know ASAP which of the Google requests we believe these are responsive to:

- ("zero click" OR "zero-click" OR "no click" OR UGC OR "user generated content" OR onebox OR local OR universal OR vertical OR specialized OR SERP OR "search result") AND (prefer OR preference OR promote OR elevate OR advantage OR exclude OR exclusion OR exclusionary OR favor OR demote OR divert OR steer OR bundle OR tie) [Custodians: ▮▮▮▮▮▮▮▮▮▮▮▮]

- "network effect" OR "feedback loop" OR "yelp wheel" [Custodians: ▮▮▮▮▮▮▮▮▮▮▮▮▮]

- (Google OR Microsoft OR MSFT OR Bing OR Duckduckgo OR DDG OR Yahoo OR "search engine" OR "general search" OR "horizontal search" OR Facebook OR Thumbtack OR Porch OR Angie OR Angi OR HomeAdvisor OR Houzz OR TripAdvisor OR OpenTable OR Foursquare) AND (compet! OR rival OR alternative OR substitut* OR complement*) [Custodians: ▮▮▮▮▮▮▮▮▮▮▮▮]

- ("search advertising" OR "search ad" OR "general search" OR "horizontal search") AND (compete OR competitor OR rival OR alternative OR substitute OR substitutable OR complement OR complementary) [Custodians: ▮▮▮▮▮▮▮▮]

- (ad OR advertising OR search OR Google) AND funnel [Custodians: ▮▮▮▮▮▮▮▮▮]

- funnel* OR "lower-funnel" OR "upper-funnel" OR "mid-funnel"

- (query OR traffic OR volume OR visit OR visitor OR "organic channel" OR "paid channel" OR MAU OR "monthly active user") AND (demand OR CPL OR "cost per lead" OR CPC OR "cost per click" OR "probability of click") [Custodians: ▮▮▮▮▮▮▮▮]

- (Google OR Microsoft OR MSFT OR Bing OR Duckduckgo OR DDG OR Yahoo OR "search engine" OR "general search" OR "horizontal search" OR Facebook OR Thumbtack OR Porch OR Angie OR Angi OR HomeAdvisor OR Houzz OR TripAdvisor OR OpenTable OR Foursquare) w/10 (user* OR traffic OR volume OR journey)

- ((Google OR Microsoft OR MSFT OR Bing OR DuckDuckGo OR DDG OR Yahoo OR "search engine" OR "general search" OR "horizontal search") AND ("digital ad!" OR advertisement! OR advertising) w/25 (restrict! OR exclu! OR limit! OR condition! OR prohibit! OR block! OR prevent!)) w/25 (area OR

13

location OR metro! OR geo! OR place OR city OR state OR town OR district OR locale OR LSA OR "local search" OR "local service!" OR "home service!")

- [Search for emails with the domains @google.com OR @bing.com OR @microsoft.com OR @duckduckgo.com that include terms in the body or subject line of the email:] "digital ad!" OR advertisement! OR advertising OR place! OR purchase! OR bid! OR location! OR priority OR rank! OR "SA 360" OR SearchAds360 OR "Search Ads 360" OR data OR (user! OR traffic OR consumer! OR customer! /5 divert! OR steal! OR tak! OR direct! OR bypass! OR circumvent! OR disintermediat!)

- (("search services" OR "general search" OR "horizontal search" OR "search engine!") AND (market OR marketplace OR compet! OR monopol! OR dominat!)) w/25 (impact! OR affect! OR effect! OR allow! OR prevent! OR prohibit! OR limit! OR enable! OR undermin! OR abilit! OR restrict!)

- (Google OR Microsoft OR MSFT OR Bing OR DuckDuckGo OR DDG OR Yahoo OR "search engine" OR "general search" OR "horizontal search") w/10 ((rely OR reli! OR need! OR depend! OR use! OR using) AND (traffic OR acquisition OR user! OR visitor! OR consumer! OR lead! volume OR percentage OR "%"))

- ((generat! OR acqui! OR driv! OR increas! OR reach!) w/25 (traffic OR user! OR visitor! OR consumer! OR lead! OR volume)) w/25 (app OR application OR url OR direct! OR bookmark OR favorite OR partner! OR JV OR "joint venture")

- ((Google OR Microsoft OR MSFT OR Bing OR DuckDuckGo OR DDG OR Yahoo OR "search engine" OR "general search" OR "horizontal search") w/25 (divert! OR steal! OR tak! OR took OR disintermed! OR intermediat! OR middle! OR interpos! OR impos! OR steal! OR siphon! OR bypass! OR interfer! OR anticompet! OR "anti-compet!" OR monopol! OR dominan!)) w/25 (user! OR customer! OR consumer! OR traffic! OR business OR click! OR impression! OR site OR website OR webpage OR "web page" OR app OR application!)

Thanks,

Brandon



**Brandon Kressin**
202.455.4244
brandon@kanterlawgroup.com

---

**From:** Edelson, Ken <kedelson@wsgr.com>
**Sent:** Wednesday, May 12, 2021 5:15 PM
**To:** Brandon Kressin <brandon@kanterlawgroup.com>; Jonathan Kanter <jonathan@kanterlawgroup.com>
**Cc:** Reed Showalter <reed@kanterlawgroup.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Rubinstein, Franklin <frubinstein@wsgr.com>; Dawn Forrester <dawn@kanterlawgroup.com>; Waszmer, Wendy <wwaszmer@wsgr.com>
**Subject:** RE: Yelp subpoena from Google

Brandon,

Thanks for this information. Confirming that we are in receipt of the production and letter.  Re: item (1) below, are you able to provide any information about Yelp's prior data productions?  It may help us avoid duplicative requests if we can align on what you already provided.

Thanks,

Ken



**Kenneth Edelson | Associate | Wilson Sonsini Goodrich & Rosati**
1301 Avenue of the Americas | New York, NY 10019 | direct: 212.453.2806 | mobile: 646.509.5765 | kedelson@wsgr.com

---

**From:** Brandon Kressin <brandon@kanterlawgroup.com>
**Sent:** Wednesday, May 12, 2021 2:13 PM
**To:** Edelson, Ken <kedelson@wsgr.com>; Jonathan Kanter <jonathan@kanterlawgroup.com>
**Cc:** Reed Showalter <reed@kanterlawgroup.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Rubinstein,
Franklin <frubinstein@wsgr.com>; Dawn Forrester <dawn@kanterlawgroup.com>; Waszmer, Wendy
<wwaszmer@wsgr.com>
**Subject:** RE: Yelp subpoena from Google

[External]
Hi Ken:

Regarding the board document we discussed, please see the document labelled **YELP-00005032**. I will send
you the DOJ and the states' latest proposed search terms this evening, but it may take another day or so to run
down which terms are potentially responsive to which of Google's requests. Also, we are planning on making
another submission on behalf of Yelp today. I will send the production letter to this team and include the WC
folks.

Thanks,

Brandon



**Brandon Kressin**
202.455.4244
brandon@kanterlawgroup.com

---

**From:** Edelson, Ken <kedelson@wsgr.com>
**Sent:** Wednesday, May 12, 2021 8:58 AM
**To:** Brandon Kressin <brandon@kanterlawgroup.com>; Jonathan Kanter <jonathan@kanterlawgroup.com>
**Cc:** Reed Showalter <reed@kanterlawgroup.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Rubinstein,
Franklin <frubinstein@wsgr.com>; Dawn Forrester <dawn@kanterlawgroup.com>; Waszmer, Wendy
<wwaszmer@wsgr.com>
**Subject:** RE: Yelp subpoena from Google

Jonathan and Brandon,

Thanks for sending over Yelp's DOJ productions to date. We are in receipt of those and will review the productions once
they are loaded on our side.

Last week you noted that you offered to (1) provide any available information about Yelp's data productions; (2) identify
(by bates label or otherwise) a board document containing org chart information; and (3) send us the search terms
under negotiation with DOJ this week.

Can you let us know the status of these items?  Once we get these items, we can talk again to agree on an approach to Yelp's responses to Google's subpoena.

Thanks,

Ken

**WILSON SONSINI**

**Kenneth Edelson | Associate | Wilson Sonsini Goodrich & Rosati**
1301 Avenue of the Americas | New York, NY 10019 | direct: 212.453.2806 | mobile: 646.509.5765 | kedelson@wsgr.com



---

**From:** Waszmer, Wendy <wwaszmer@wsgr.com>
**Sent:** Thursday, May 6, 2021 5:28 PM
**To:** Brandon Kressin <brandon@kanterlawgroup.com>
**Cc:** Jonathan Kanter <jonathan@kanterlawgroup.com>; Reed Showalter <reed@kanterlawgroup.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Edelson, Ken <kedelson@wsgr.com>; Rubinstein, Franklin <frubinstein@wsgr.com>; Dawn Forrester <dawn@kanterlawgroup.com>
**Subject:** Yelp subpoena from Google

Brandon and team:

We are reaching out in advance of our call tomorrow to make sure we are on the same page about the status of Yelp's productions to date and its written responses.

**Status of discovery with the government.** ████████████████████████████████████████
████████████████████████████████████████████████████████████████.  We understand that Yelp has not yet produced material in response to DOJ's 2/15/21 and Colorado's 2/25/21 Rule 45 subpoenas.  Please let us know if there are additional materials Yelp has produced to the government so we can identify anything Google may be missing, and keep us updated on the status of any further discussions or planned productions in response to the government's subpoenas between now and next Friday's meet and confer.  To the extent the Google and government subpoenas overlap, our preference is to coordinate to address both sets of requests at once.

It would be helpful to hear whether there are any topics and requests from the DOJ and Colorado subpoenas that Yelp is prioritizing, and what plans you have for upcoming productions in response to these subpoenas.

**Yelp's responses and objections to Google's subpoena.**  Thanks for sending your written responses and objections.  We summarize below our understanding of Yelp's responses so we can use this as a starting point for our discussions.  Please let us know if there are any corrections to the summary below.

| Response/Objection | Requests |
|---|---|
| Object in full | 11, 12, 13, 58, 69 |
| Willing meet and confer | 2, 3, 4, 6, 7, 8, 9, 10, 14, 15, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, |

| | 42, 43, 44, 45, 46, 46, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 70, 71, 72 |
|---|---|
| Anticipated production described in R+Os | 1, 5, 16 |

Thanks, and we look forward to talking with you.

Best regards,

**Wendy Huang Waszmer**
Wilson Sonsini Goodrich & Rosati
1301 Avenue of the Americas
New York, New York 10019
T 212 497 7702
E wwaszmer@wsgr.com

---

**From:** Waszmer, Wendy <wwaszmer@wsgr.com>
**Sent:** Friday, April 30, 2021 12:18 AM
**To:** Dawn Forrester <dawn@kanterlawgroup.com>; Brandon Kressin <brandon@kanterlawgroup.com>; Rubinstein, Franklin <frubinstein@wsgr.com>
**Cc:** Jonathan Kanter <jonathan@kanterlawgroup.com>; Reed Showalter <reed@kanterlawgroup.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Edelson, Ken <kedelson@wsgr.com>
**Subject:** Re: Yelp / ██ subpoenas from Google

Dawn -

Thanks for getting back on scheduling. I think we can make Friday 5/7 noon et work. We just want to make sure that if there are any ongoing meet-and-confers with DOJ or Colorado that would impact our discussions about Google's requests, that we try to sync with you in the same timeframe.

**Wendy Huang Waszmer**
Wilson Sonsini Goodrich & Rosati
1301 Avenue of the Americas
New York, New York 10019
T 212 497 7702
E wwaszmer@wsgr.com

---

**From:** Dawn Forrester <dawn@kanterlawgroup.com>
**Sent:** Thursday, April 29, 2021 10:08 AM
**To:** Waszmer, Wendy <wwaszmer@wsgr.com>; Brandon Kressin <brandon@kanterlawgroup.com>; Rubinstein, Franklin <frubinstein@wsgr.com>
**Cc:** Jonathan Kanter <jonathan@kanterlawgroup.com>; Reed Showalter <reed@kanterlawgroup.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Edelson, Ken <kedelson@wsgr.com>
**Subject:** Re: Yelp / ██ subpoenas from Google

[External]
Good morning,

Is it possible to move this call to Thursday or Friday night week?

17

Our availability is as follows:

Thursday, 5/6 1:00 pm - 3:00 pm; 5:30 pm - 7:00 pm ET
Friday, 5/7 - 9:00 am - 10:00 am; 12:00 pm - 1:00 pm; 3:30 pm - 6:00 pm

Dawn Forrester
Executive Assistant/Office Manager
(O) 202-455-4240

(M) 301-399-1028

## Kanter Law Group.

1717 K Street, NW, Suite 900
Washington, DC  20006

---

**From:** Waszmer, Wendy <wwaszmer@wsgr.com>
**Sent:** Wednesday, April 28, 2021 9:40 PM
**To:** Brandon Kressin <brandon@kanterlawgroup.com>; Rubinstein, Franklin <frubinstein@wsgr.com>
**Cc:** Jonathan Kanter <jonathan@kanterlawgroup.com>; Reed Showalter <reed@kanterlawgroup.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Dawn Forrester <dawn@kanterlawgroup.com>; Edelson, Ken <kedelson@wsgr.com>
**Subject:** Re: Yelp / ▇ subpoenas from Google

Thanks Brandon - Confirming receipt of the letter, and no need to serve it otherwise.

Dawn - Are there any times Tuesday or Wednesday next week that work for your team?

**Wendy Huang Waszmer**
Wilson Sonsini Goodrich & Rosati
1301 Avenue of the Americas
New York, New York 10019
T 212 497 7702
E wwaszmer@wsgr.com

---

**From:** Brandon Kressin <brandon@kanterlawgroup.com>
**Sent:** Tuesday, April 27, 2021 5:13 PM
**To:** Rubinstein, Franklin <frubinstein@wsgr.com>; Waszmer, Wendy <wwaszmer@wsgr.com>
**Cc:** Jonathan Kanter <jonathan@kanterlawgroup.com>; Reed Showalter <reed@kanterlawgroup.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Dawn Forrester <dawn@kanterlawgroup.com>
**Subject:** RE: Yelp / ▇ subpoenas from Google

[External]
Hi Franklin and Wendy:

Please find attached a letter on behalf of our client, Yelp Inc. Please confirm that you accept service.

I am CC-ing Dawn Forrester to set up a call later this week or early next to discuss Yelp's response to the subpoena. Let me know if you have any questions.

Thanks,

Brandon



**Brandon Kressin**
202.455.4244
brandon@kanterlawgroup.com

---

**From:** Brandon Kressin <brandon@kanterlawgroup.com>
**Sent:** Tuesday, April 27, 2021 7:40 AM
**To:** Rubinstein, Franklin <frubinstein@wsgr.com>; Jonathan Kanter <jonathan@kanterlawgroup.com>
**Cc:** Waszmer, Wendy <wwaszmer@wsgr.com>
**Subject:** Re: Yelp / ███ subpoenas from Google

Hi Franklin,

Regarding the subpoenas, both ███ and Yelp will be submitting their responses today. Can you please confirm that you will accept service via email?

Regarding your first question, we will produce everything to you that we have produced to plaintiffs. I will check on those documents in particular.

I will coordinate our schedules and send you some time slots for an initial call later this week.

Thanks,

Brandon

---

**From:** Rubinstein, Franklin <frubinstein@wsgr.com>
**Sent:** Tuesday, April 27, 2021 7:33:45 AM
**To:** Jonathan Kanter <jonathan@kanterlawgroup.com>
**Cc:** Waszmer, Wendy <wwaszmer@wsgr.com>; Brandon Kressin <brandon@kanterlawgroup.com>
**Subject:** RE: Yelp / ███ subpoenas from Google

(Moving W&C to BCC – they will separately reach out re ███)

Jonathan,

I wanted to reach out about two issues:

1. We understand that certain documents (YELP-00004744 - YELP-00005177) were produced to Plaintiffs, but not to Google.  We ask that Yelp produce those documents to Google in accordance with the CMO.
2. Have you had a chance to look over the subpoena and are you available for an initial call sometime this week?

Thanks,

Franklin

---

**From:** Jonathan Kanter <jonathan@kanterlawgroup.com>
**Sent:** Monday, April 12, 2021 2:00 PM
**To:** Rubinstein, Franklin <frubinstein@wsgr.com>
**Cc:** Waszmer, Wendy <wwaszmer@wsgr.com>; Greenblum, Benjamin <BGreenblum@wc.com>; Connor, Colette <CConnor@wc.com>; Brandon Kressin <brandon@kanterlawgroup.com>
**Subject:** RE: Yelp / ███ subpoenas from Google

[External]
Mr. Rubinstein,

I agree to accept service. Please include my colleague Brandon Kressin as well.

Sincerely,
Jonathan



Jonathan Kanter
202-285-5282

---

**From:** Rubinstein, Franklin <frubinstein@wsgr.com>
**Sent:** Monday, April 12, 2021 1:23 PM
**To:** Jonathan Kanter <jonathan@kanterlawgroup.com>
**Cc:** Waszmer, Wendy <wwaszmer@wsgr.com>; Greenblum, Benjamin <BGreenblum@wc.com>; Connor, Colette <CConnor@wc.com>
**Subject:** Yelp / ███ subpoenas from Google

Jonathan,

Hope all is well.  I am writing to see if you will accept service of Rule 45 subpoenas from Google in connection with the DOJ/CO complaints on behalf of your clients Yelp and ████████████.  I am reaching out to you because DOJ listed you as representing Yelp/███ on their initial disclosures. We intend to serve the subpoenas tomorrow, so please let us know today.  If we do not hear from you, we will serve the subpoena via process server tomorrow.

Thanks,
Franklin
(cell : 202-213-0216)

---

**Franklin Rubinstein** | Wilson Sonsini Goodrich & Rosati | 1700 K Street NW, Fifth Floor | Washington, D.C. 20006
Main: 202.973.8800 | Direct: 202.973.8833 | Facsimile: 202.973.8899 | Email frubinstein@wsgr.com

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient.  Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited.  If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.


This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.


This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.


This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.


This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.


This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

# APPENDIX F

**Edelson, Ken**

| | |
|---|---|
| **From:** | Brandon Kressin <brandon@kressinlg.com> |
| **Sent:** | Thursday, September 23, 2021 8:30 PM |
| **To:** | Waszmer, Wendy; Douglas J. Dixon; Ellen Kenney; Serine Consolino |
| **Cc:** | Rubinstein, Franklin; Tennis, Brad; Greenblum, Benjamin; Edelson, Ken |
| **Subject:** | RE: Examples of Yelp / Lowe testimony and presentations |

[External]

Wendy:

As we have discussed, we do not believe that there is any topic in the subpoena relevant to the litigation that is not already amply covered by the Yelp's other custodians. We believe that searching Mr. Lowe's documents would thus be unnecessarily duplicative, in addition to being unduly burdensome (in large part due to the fact that reviewing Mr. Lowe's documents will require an onerous and expensive privilege review). Therefore, we do not believe that there is a set of search terms or scope that would reduce our concerns or minimize the burden.

With respect to a potential deposition of Mr. Lowe, we cannot foresee any reason that Mr. Lowe would be an appropriate witness. You mention in your email that "it is difficult for us to imagine why instead of one person who made the statements, we'd instead need to potentially evaluate and/or seek testimony of up to 7 other people just to cover statements he has made/advanced outside of Yelp." The problem is that this argument assumes Mr. Lowe "made the statements," which is not an accurate description for almost all of the documents you identified—indeed, the documents were primarily prepared by counsel and then delivered or transmitted by Mr. Lowe. As we have explained, his role is as a transmitter of information from the business to counsel and vice versa, and then from both to the government. He generally is not in a position to testify as to the accuracy of the underlying facts, as he does not operate the business. The other custodians we have already identified, on the other hand, do have firsthand knowledge. Therefore, we would oppose Mr. Lowe being deposed by any of the parties.

I'm happy to discuss tomorrow if you have any questions. Ellen will reach out regarding the timing of the hit reports.

Thanks,

Brandon

**Brandon Kressin**
913.593.5979
brandon@kressinlg.com



---

**From:** Waszmer, Wendy <wwaszmer@wsgr.com>
**Sent:** Wednesday, September 22, 2021 7:59 PM
**To:** Brandon Kressin <brandon@kanterlawgroup.com>; Douglas J. Dixon <ddixon@hueston.com>; Ellen Kenney <ekenney@hueston.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Reed Showalter

<reed@kanterlawgroup.com>; Serine Consolino <sconsolino@aegislawgroup.com>
**Cc:** Rubinstein, Franklin <frubinstein@wsgr.com>; Tennis, Brad <btennis@wsgr.com>; Greenblum, Benjamin <BGreenblum@wc.com>; Edelson, Ken <kedelson@wsgr.com>
**Subject:** Re: Examples of Yelp / Lowe testimony and presentations

Brandon:

Thanks for getting back to us on Mr. Lowe's documents.  I just want to confirm that (1) there is no set of search terms and/or proposed scope that Yelp will consider for Mr. Lowe that would reduce any concerns you have and/or minimize burden; and (2) whether Yelp's position is also that it would oppose a deposition of Mr. Lowe, by any party in the case (whether plaintiffs or Google), on the same grounds.  On the latter point, your letter seems to indicate that Yelp might determine in the future for Mr. Lowe to testify in the case.

If Yelp's position is that there is no set of search terms and/or proposed scope that Yelp will consider for Mr. Lowe, I think for our Friday update to the Court, we would like to negotiate a briefing schedule on that issue that we'd propose to the Court in our status update.  I don't think we're ready to wait to see if the government seeks Mr. Lowe's testimony to have some discovery from him, especially given the short window we have for fact discovery in the case and the Court's expectation that we get done what we need to on third party discovery now.  It also reasonable that some discovery is needed for Google to determine if it seeks Mr. Lowe's deposition and/or testimony in the case.  Given the limitations on the number of depositions in the case, it is difficult for us to imagine why instead of one person who made the statements, we'd instead need to potentially evaluate and/or seek testimony of up to 7 other people just to cover statements he has made/advanced outside of Yelp.

We should also discuss timing/status of the hit reports for the second tranche of custodians.  I can be available tomorrow for a call if that makes sense, and as before, we can prepare a draft of the status report for Friday.

**Wendy Huang Waszmer**
Wilson Sonsini Goodrich & Rosati
1301 Avenue of the Americas
New York, New York 10019
T 212 497 7702
E wwaszmer@wsgr.com

---

**From:** Brandon Kressin <brandon@kanterlawgroup.com>
**Sent:** Tuesday, September 21, 2021 12:24 PM
**To:** Waszmer, Wendy <wwaszmer@wsgr.com>; Douglas J. Dixon <ddixon@hueston.com>; Ellen Kenney <ekenney@hueston.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Reed Showalter <reed@kanterlawgroup.com>; Serine Consolino <sconsolino@aegislawgroup.com>
**Cc:** Rubinstein, Franklin <frubinstein@wsgr.com>; Tennis, Brad <btennis@wsgr.com>; Greenblum, Benjamin <BGreenblum@wc.com>; Edelson, Ken <kedelson@wsgr.com>
**Subject:** RE: Examples of Yelp / Lowe testimony and presentations

[External]

**Highly Confidential**

Wendy:

2

Thank you for reaching out regarding Mr. Lowe's documents. Please see our response in the attached letter, and don't hesitate to reach out if you have any questions.

Thanks,

Brandon



**Brandon Kressin**
202.455.4244
brandon@kanterlawgroup.com

---

**From:** Waszmer, Wendy <wwaszmer@wsgr.com>
**Sent:** Friday, September 3, 2021 5:18 PM
**To:** Brandon Kressin <brandon@kanterlawgroup.com>; Douglas J. Dixon <ddixon@hueston.com>; Ellen Kenney <ekenney@hueston.com>; Catherine Larsen <catherine@kanterlawgroup.com>; Reed Showalter <reed@kanterlawgroup.com>; Serine Consolino <sconsolino@aegislawgroup.com>
**Cc:** Rubinstein, Franklin <frubinstein@wsgr.com>; Tennis, Brad <btennis@wsgr.com>; Greenblum, Benjamin <BGreenblum@wc.com>; Edelson, Ken <kedelson@wsgr.com>
**Subject:** Examples of Yelp / Lowe testimony and presentations

Confidential
Brandon & team:





**Wendy Huang Waszmer**
Wilson Sonsini Goodrich & Rosati
1301 Avenue of the Americas
New York, New York 10019
T 212 497 7702
E wwaszmer@wsgr.com


This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.


This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2021, the foregoing Reply in Support of Motion to Compel Production of Documents of Yelp, Inc. Custodian Luther Lowe was electronically filed under seal using the CM/ECF system and I am transmitting file-stamped copies to counsel of record for Plaintiffs and counsel representing Yelp, Inc.


/s/ Wendy Huang Waszmer

_____
Wendy Huang Waszmer