**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>                              Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>                              Defendant. | Case No. 1:20-cv-03010-APM<br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*,<br><br>                              Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>                              Defendant. | Case No. 1:20-cv-03715-APM<br>HON. AMIT P. MEHTA |

**POSITION STATEMENT OF PLAINTIFFS' REQUEST FOR THE COURT TO
COMPEL DISCOVERY FROM SAMSUNG ELECTRONICS AMERICA, INC.**

In accordance with the Court's October 8, 2021 Minute Order, Plaintiffs in *United States v. Google LLC* and *State of Colorado, et al., v. Google LLC* submit the following Position Statement on the status of discovery with Samsung Electronics America, Inc. (Samsung).

**POSITION STATEMENT**

On January 7, 2021 and February 26, 2021, respectively, U.S. Plaintiffs and State Plaintiffs issued subpoenas to Samsung. More than nine months later, Samsung has produced just 1,168 documents. Samsung has delayed at every turn. For months, Samsung claimed that there were only limited documents responsive to the subpoenas; then, in mid-September, it admitted that, in fact, more than 1.2 million documents from the files of nine custodians hit on

search strings negotiated by the parties. That admission did not end Samsung's foot dragging: it still refuses to *begin* producing these responsive documents.

Instead, with a finish line in place, Samsung has added more hurdles. First, Samsung claims the right to refuse to produce documents until it reaches an unrelated discovery agreement with Google. Then, on October 5, Samsung concluded that search strings and custodians were not selective enough (although they have been enough for every third party and for Google). Instead, any document identified by the search strings would also have to pass through Samsung's unreliable Technology Assisted Review (TAR) protocol. Because of these delays, Samsung stated it could not complete its production before December 8.

This is unreasonable, both in process and delay: Samsung ignores the ESI protocol and has wasted months with its fruitless efforts. The Court should order Samsung to (1) adhere to the Plaintiffs' offered compromises: producing all non-privileged documents resulting from applying the search strings Plaintiffs proposed on October 6 (Appendix A) to the files of the nine agreed-upon custodians, and (2) complete this production by November 14.

## I.    Introduction

Samsung and its contracts with Google are critical to this case and to Google's efforts to throttle competition in the general search market. Google pays Samsung hundreds of millions of dollars each year in exchange for exclusive distribution of Google's general search service.[1] Plaintiffs' subpoenas seek documents necessary to map the Google-Samsung partnership; Samsung's conduct undermines these efforts, and the discovery schedule as well.

---

[1] U.S. Am. Comp., ECF No. 94 at ¶¶ 78, 145.

## II.   Background

On January 7, 2021, U.S. Plaintiffs issued a subpoena to Samsung containing 28 specifications and subparts, seeking documents from Samsung, its parents, affiliates, and subsidiaries. Included with the subpoena was a copy of the Court's ESI Order. On January 26, U.S. Plaintiffs provided Samsung with a list of priority specifications. The parties agreed to defer production on the remaining specifications until after production of the priority specifications.

### A.   Samsung Produced Fewer Than 1,200 Documents

On February 8, U.S. Plaintiffs proposed an initial list of seven custodians to Samsung. Two weeks later, Samsung informed U.S. Plaintiffs that these seven custodians had never worked for Samsung, but were, instead, current or former employees of Samsung's Korea-based parent, Samsung Electronics Co., Ltd. (SEC). Samsung claimed that, although it did not have access to these custodians' documents, it would contact its parent to ask about voluntary production (which ultimately yielded seven documents). Further, Samsung stated that it was unlikely to have many responsive documents because SEC commands the corporate relationship with Google while Samsung merely implements SEC's strategy. That same day, February 24, U.S. Plaintiffs requested that Samsung begin a custodial search of Samsung's employees. Samsung reiterated its reluctance to conduct custodial searches but committed to considering them.

On February 26 and April 13, respectively, State Plaintiffs and Google issued subpoenas to Samsung. To promote efficiency, State Plaintiffs and U.S. Plaintiffs coordinated during the negotiation process with Samsung, including through joint meet-and-confer calls, and coordinated proposals of custodians, search strings, and timelines. Plaintiffs repeatedly asked Samsung for updates regarding its productions. On April 23, Samsung said it would not produce any documents until it resolved all subpoena specifications with all parties. Weeks later,

Samsung reversed course, stating that it intended to complete production in June. On June 26,

Samsung pronounced its production complete. To date, it has produced only 1,168 documents.

### B.    After Plaintiffs Identified Deficiencies In Samsung's Production, The Parties Reached Agreement On Search Strings And Custodians

The Plaintiffs rejected Samsung's claim that its production was complete. In a July 6

letter, Plaintiffs identified substantial holes in the production and sought a methodology based on

search strings responsive to nine specifications run across ten Samsung custodians. Samsung

agreed to use search strings and custodians. To reduce burden, State Plaintiffs proposed a single

additional search string; the parties agreed that search string would be handled using the same

approach, with the same custodians, and on the same schedule as U.S. Plaintiffs' strings.

With these agreements regarding search strings and custodians, the negotiations

continued. So did, unfortunately, Samsung's delays. On July 30, Plaintiffs sought hit reports to

assist in the consideration of custodians, search terms, and production timing. Confusingly,

Samsung refused to produce hit reports until *after* the parties concluded negotiations on

custodians and search strings (that is, when their greatest usefulness had passed). On August 20,

Plaintiffs sought from Samsung a production schedule, proposing that Samsung complete its

production by October 11. Samsung changed tactics, refusing to commit to the proposed

timeframe until after it had the hit reports it had refused to produce. By September 13, the parties

agreed on nine custodians and a set of search strings with the understanding that the parties could

revisit and potentially adjust the strings after Samsung provided the much-delayed hit reports.

### C.    Samsung Demands Plaintiffs Accept Its October 5 TAR Protocol And Prolonged Production Schedule

Samsung provided hit reports for seven of the nine custodians on September 21, 50 days

after the reports had been requested, and for an eighth custodian on October 4. Now that

Samsung had the hit reports, it sought to use them to create further delay and complication. For

4

the first time, Samsung expressed concern over the number of documents that hit on the search

strings and, on September 22, asked Plaintiffs to consider allowing Samsung to employ TAR.[2]

Plaintiffs informed Samsung they would consider a TAR proposal, but strongly

discouraged any approach that would "layer" TAR on top of search strings, i.e., apply TAR to

only the documents that hit on the search strings. Plaintiffs noted that negotiating TAR protocols

can be a time-consuming process, and emphasized that the proposed timeline could not be

extended to accommodate the negotiations that would be necessary for successful use of TAR.

Samsung ignored Plaintiffs, and on October 5, proposed a TAR protocol that employed layering.

Plaintiffs rejected this proposal the next day, instead proposing to further narrow the

search strings to address Samsung's burden concerns.[3] Plaintiffs offered that Samsung could

alternatively propose a reasonable protocol that did not layer search strings and TAR, provided

that the outcome would not delay document production. Samsung rejected Plaintiffs' October 6

compromise proposal, demanding Plaintiffs accept Samsung's TAR protocol and proposing a

December 8 completion date—eleven months after U.S. Plaintiffs issued their subpoena.[4]

### III.   Samsung Should Be Required To Produce Documents Using The Revised Search Strings, By November 14

The Court should order Samsung (1) to produce *all* non-privileged documents arising

from the application of Plaintiffs' narrowed search strings to the nine agreed-upon custodians,

---

[2] Predictive coding (TAR) uses artificial intelligence to develop software that continues to learn and make better decisions while expediting the review process. For TAR to work properly, the producing party must prepare a training, or seed set, of responsive and non-responsive documents to train the computer system how to distinguish between them. *Winfield v. New York*, No. 15-CV-05236, 2017 WL 5664852 at *4 (S.D.N.Y. Nov. 27, 2017). A seed set is a sample of documents pulled from the entire group of documents that needs to be reviewed. Next, reviewers code each document as responsive or unresponsive to the outstanding discovery requests; these coded documents are fed into the predictive coding software.
[3] Ex. A, Email from K. Herrmann (DOJ) to J. Arteaga (Samsung) (Oct. 6, 2021) with attachment.
[4] Ex. B, Email from J. Arteaga (Samsung) to K. Herrmann (DOJ) (Oct. 5, 2021) with attachment.

and (2) to complete this production by November 14, 2021. Samsung's attempt to apply TAR to a set of search strings the parties spent months negotiating is without precedent, conflicts with the ESI protocols, and would undermine the time and effort the Plaintiffs have already invested in Samsung's production. Plaintiffs have waited nine months for Samsung to produce documents under the January 7 subpoena; the Court should reject Samsung's invitation for further delay.

### A.   Samsung's Eleventh-Hour TAR Protocol Is Unreasonable And Will Delay Production

The Court should reject Samsung's last-minute attempt to layer TAR on top of an agreed-upon process because (1) it will unreasonably delay the production, and (2) it is an unreasonable approach given the prior negotiations. Samsung pulled a bait-and-switch on Plaintiffs. After months negotiating search strings and custodians, Samsung announced that it must add TAR to the process, with the express goal of shrinking the set of agreed-upon documents.

### 1.   Any Decision To Apply TAR Is Untimely

The Court's ESI order states, "[u]nless otherwise ordered by the Court, a Producing Party shall not use TAR to determine whether documents are responsive or otherwise to limit the documents that it produces except in conformance with a written, agreed-upon protocol signed by counsel for the Parties."[5] When Plaintiffs and Samsung began subpoena negotiations, Samsung never mentioned TAR. Rather, Samsung contended that it had completed its document productions in late June, which Plaintiffs identified as facially incomplete on July 6.[6] The parties then spent the next three months negotiating search strings and custodians, and indeed reached agreement on September 14.[7] But in late September, Samsung pivoted again, raising for the first

---

[5] ECF No. 99 ¶ III(9); *see also id*. at ¶ I(3)(i) (defining "Producing Party").
[6] Ex. C, Email from J. Arteaga (Samsung) to B. Ballou (DOJ) (June 24, 2021); Ex. D, Email from B. Ballou (DOJ) to J. Arteaga (Samsung) (July 6, 2021) with attachments.
[7] Ex. E, Email from K. Herrmann (DOJ) to J. Arteaga (Samsung) (Sept. 14, 2021).

time the possibility of using TAR to further cull the documents that hit on the carefully negotiated search strings and their families.

Samsung lacks any excuse for its delay in proposing TAR. Samsung was fully aware of its role in this litigation: It was named in both complaints as a key third party.[8] Accordingly, if Samsung were interested in applying TAR, it should have raised the issue in January 2021, when Samsung received the U.S. Plaintiffs' subpoena.[9] Moreover, if Samsung had not wasted months on its failed efforts to produce documents, an opportunity to discuss TAR might have existed. But that time has certainly passed. Samsung is a highly sophisticated company, there is simply no accounting for the unwarranted delay in seeking to use TAR, and the Court should not permit it at this late a date over Plaintiffs' objections.[10]

### 2. Samsung's Proposed TAR Protocol Is Unreasonable

Beyond the timing, Samsung's belated TAR protocol is unreasonable for two reasons. First, it would prejudice Plaintiffs to permit Samsung to layer the existing, negotiated search strings with TAR. When Plaintiffs spent three months negotiating search strings, Plaintiffs did so with no expectation that the resulting documents would be further narrowed through TAR. The limitations of using search strings to identify responsive documents are well recognized.[11]

---

[8] U.S. Am. Compl., ECF No. 94 ¶¶ 4, 59, 69, 72, 78; State Compl., ECF No. 60 ¶¶ 45, 116, 123.
[9] *See, e.g.*, *In re Valsartan, Losartan, & Irbesartan Prods. Liab. Litig.*, 337 F.R.D. 610, 613 (D.N.J. Dec. 2020) (the parties "knew or should have known" discovery would be extensive in a large, complex case, and should have "reasonably contemplated [TAR] at the outset").
[10] *See, e.g.*, *Progressive Cas. Ins. Co. v. Delaney*, No. 2:11-cv-00678, 2014 WL 3563467 at *10-11 (D. Nev. July 18, 2014) (denying request to use TAR after the plaintiff "abandoned the manual review option it selected because it was taking too long and was not cost effective.").
[11] *See, e.g.*, *Venturedyne, Ltd. v. Carbonyx, Inc.*, No. 2:14-cv-351, 2016 WL 6694946, at *1 (N.D. Ind. Nov. 15, 2016) (keyword searches "have long been recognized as appropriate and helpful for ESI search and retrieval," but "there are well-known limitations and risks associated with them." (citation omitted)).

Because of these limitations, applying both search strings and TAR will exclude many responsive documents, rendering the TAR process less effective than it would be if it was applied to the entire population of collected documents.[12]

Had Plaintiffs anticipated, and agreed to, the use of TAR in conjunction with search strings, Plaintiffs would have insisted on different, broader search strings. If Samsung had raised the possibility of TAR sooner, the parties might have had time to reach a mutually agreeable protocol. But that time has long passed, and Plaintiffs do not agree that the existing search strings can be appropriately used with TAR.

Plaintiffs recognize some courts have allowed the producing party to use search strings to cull the documents that will form the TAR review set.[13] Those cases have no application here. Here, the fundamental problem is that Plaintiffs negotiated search strings without knowing those search strings might be layered with TAR. Most importantly, unlike those cases, the ESI Order in this case explicitly requires the parties to reach an agreed upon protocol for *any* use of TAR, much less use of a layering approach that requires significant coordination and cooperation between the parties.[14]

---

[12] *See, e.g.*, *Progressive*, 2014 WL 3563467, at *8, *11 (explaining that the quality of TAR results depends on the quality of the information used to train the algorithm, and that applying TAR to less than the entire universe of documents is not a best practice).

[13] *See, e.g.*, *Livingston v. City of Chicago*, No. 16-cv-10156, 2020 WL 5253848, at *2-*3 (N.D. Ill. Sept. 3, 2020) (defendant could layer TAR and search strings when the court order did not prohibit it and the plaintiff's search strings hit on a low percentage of collected documents); *Bridgestone Americas Inc. v. Int'l Bus. Mach. Corp.*, No. 3:13-cv-1196, 2014 WL 4923014 at *1 (M.D. Tenn. Jul. 22, 2014) (plaintiff could use TAR over defendant's objections, after an initial search term screening, when plaintiffs raised the issue nine months before fact discovery closed).

[14] *See, e.g.*, *Da Silva Moore v. Publicics Groupe*, 287 F.R.D. 182, 187-92 (S.D.N.Y. 2012) (employing TAR required cooperation).

Second, Samsung's TAR proposal would result in further, needless, delay to Samsung's already tardy production. Indeed, Samsung's proposal—even with its December production date—is ridiculously optimistic in that it presupposes (1) the parties could quickly resolve all of the outstanding issues necessary to agree to a TAR protocol, and (2) Samsung could train and validate the TAR algorithm quickly enough to begin document production by October 22. This timeline is unrealistic and likely to necessitate further Court intervention. Finally, by waiting until mid-December to complete production, Plaintiffs are left with inadequate time to challenge the production's sufficiency, if necessary, and even less time to depose any Samsung employees.

The timing of Samsung's TAR proposal is particularly suspect considering that it has in its possession documents that it could immediately produce after a privilege and confidentiality review.[15] Allowing Samsung nearly a year to complete its document production is prejudicial to Plaintiffs, and the Court should decline to permit the use of TAR in this circumstance.

### B.      Samsung Must Complete Production by November 14

The Court should order Samsung to complete its production based on the agreed-upon search strings and custodians: 50 percent of the production should be completed by October 24, and the remaining documents produced by November 14.

Plaintiffs have spent months negotiating search strings with Samsung. During the negotiations, Plaintiffs have addressed Samsung's numerous—and serially raised—concerns regarding timing and burden. For example, Plaintiffs reduced the number of requested custodians, and agreed to allow Samsung to avoid searching ESI from shared files and central

---

[15] Plaintiffs offered to jointly seek an FRE 502(d) order "to help streamline SEA's privilege review and further reduce Samsung's burden." Ex. A. Samsung ignored this offer. Ex. F, Email from J. Arteaga (Samsung) to K. Herrmann (DOJ) (Oct. 7, 2021).

repositories. When Samsung raised new concerns about burden after the parties had reached agreement on search strings, Plaintiffs offered again to narrow the strings.

The only remaining step is for Samsung to produce the nonprivileged documents resulting from the application of the search strings to the custodial documents. Samsung has refused to do this. Samsung first asserted that it intended to wait to produce any documents until Google and Samsung reach an unrelated discovery agreement. When Plaintiffs rejected further delay, Samsung offered up an unacceptable TAR protocol and contended that it could not complete production until mid-December—over 11 months after the first subpoena was issued. Samsung justifies its proposal by pointing to the roughly 1.4 million documents that hit on the search strings across custodians.[16] This document count, however, includes documents hitting on Google's search terms as well. Samsung has not given Plaintiffs the deconstructed, deduplicated hit reports to allow Plaintiffs to determine the precise burden related to Plaintiffs' search strings.

Samsung contends that, as a third party, it is not obligated to produce documents at the pace proposed by Plaintiffs. Samsung is a victim of its own delay. It has had months to produce these documents but has steadfastly refused to begin review of a single document until all production details are finalized. Samsung cannot create a problem through its own sharp-elbowed negotiation tactics and then use the delays its tactics have caused to push its obligations.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court order Samsung to meet the production schedule set forth by Plaintiffs, producing responsive documents captured by Plaintiffs' October 6 proposed search strings.

---

[16] Ex. G, Email from A. DeBernardis (Samsung) to K. Herrmann (DOJ) (Oct. 14, 2021) with attachment.

Dated: October 14, 2021                    Respectfully submitted,


                                           By: */s/ Kenneth M. Dintzer*_____
                                           Kenneth M. Dintzer
                                           Jeremy M. P. Goldstein
                                           U.S. Department of Justice, Antitrust Division
                                           Technology & Digital Platforms Section
                                           450 Fifth Street NW, Suite 7100
                                           Washington, DC 20530
                                           Kenneth.Dintzer2@usdoj.gov

                                           *Counsel for Plaintiff United States*

                                           By:_____*/s/ Jonathan R. Carter*_____
                                           Leslie Rutledge, Attorney General
                                           Johnathan R. Carter, Assistant Attorney General
                                           Office of the Attorney General, State of Arkansas
                                           323 Center Street, Suite 200
                                           Little Rock, Arkansas 72201
                                           Johnathan.Carter@arkansasag.gov

                                           *Counsel for Plaintiff State of Arkansas*

                                           By:_____*/s/ Adam Miller*_____
                                           Rob Bonta, Attorney General
                                           Ryan J. McCauley, Deputy Attorney General
                                           Adam Miller, Deputy Attorney General
                                           Paula Blizzard, Supervising Deputy Attorney
                                           General
                                           Kathleen Foote, Senior Assistant Attorney General
                                           Office of the Attorney General,
                                           California Department of Justice
                                           455 Golden Gate Avenue
                                           Suite 11000
                                           San Francisco, CA 94102
                                           Adam.Miller@doj.ca.gov

                                           *Counsel for Plaintiff State of California*

By:_____/s/ Lee Istrail_____
Ashley Moody, Attorney General
R. Scott Palmer, Interim Co-Director, Antitrust
Division
Nicholas D. Niemiec, Assistant Attorney General
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

By:_____/s/ Daniel Walsh_____
Christopher Carr, Attorney General
Margaret Eckrote, Deputy Attorney General
Daniel Walsh, Senior Assistant Attorney General
Dale Margolin Cecka, Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
dcecka@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

By:_____/s/ Scott L. Barnhart_____
Theodore Edward Rokita, Attorney General Scott
L. Barnhart, Chief Counsel and Director,
Consumer Protection Division
Matthew Michaloski, Deputy Attorney General
Erica Sullivan, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Scott.Barnhart@atg.in.gov

*Counsel for Plaintiff State of Indiana*

By: ____/s/ *Philip R. Heleringer*_____
Daniel Cameron, Attorney General
J. Christian Lewis, Executive Director of
Consumer Protection
Philip R. Heleringer, Deputy Executive Director of
Consumer Protection
Jonathan E. Farmer, Assistant Attorney General
Office of the Attorney General, Commonwealth of
Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Phone: 502-696-5647
philip.heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*

By:____/s/ *Stacie L. Deblieux*_____
Jeff Landry, Attorney General
Stacie L. Deblieux, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
Deblieuxs@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

By:____/s/ *Scott Mertens*_____
Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lasing, MI 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

By:____/s/ *Stephen Hoeplinger*_____
Stephen M. Hoeplinger
Assistant Attorney General
Missouri Attorney General's Office
615 E. 13th Street, Suite 401
Kansas City, MO 64106
Stephen.Hoeplinger@ago.mo.gov

*Counsel for Plaintiff State of Missouri*

13

By:___ /s/ Hart Martin_____
Lynn Fitch, Attorney General
Hart Martin, Special Assistant Attorney General
Crystal Utley Secoy, Assistant Attorney General
Office of the Attorney General, State of
Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Hart.Martin@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

By:___ /s/ Mark Mattioli_____
Austin Knudsen, Attorney General
Mark Mattioli, Chief, Office of Consumer
Protection
Office of the Attorney General, State of Montana
P.O. Box 200151
555 Fuller Avenue, 2nd Floor
Helena, MT 59620-0151
mmattioli@mt.gov

*Counsel for Plaintiff State of Montana*

By:___ /s/ Rebecca M. Hartner_____
Rebecca M. Hartner, Assistant Attorney General
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney General
C. Havird Jones, Jr., Senior Assistant Deputy
Attorney General
Mary Frances Jowers, Assistant Deputy Attorney
General
Office of the Attorney General, State of South
Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
RHartner@scag.gov

*Counsel for Plaintiff State of South Carolina*

By: ___ */s/ Bret Fulkerson* _____
Bret Fulkerson
Office of the Attorney General, Antitrust Division
300 West 15th Street
Austin, Texas 78701
Bret.Fulkerson@oag.texas.gov

*Counsel for Plaintiff State of Texas*

By: ___ */s/ Gwendolyn J. Lindsay Cooley* ___
Joshua L. Kaul, Attorney General
Gwendolyn J. Lindsay Cooley, Assistant Attorney
General
Wisconsin Department of Justice
17 W. Main St.
Madison, WI 53701
Gwendolyn.Cooley@Wisconsin.gov

*Counsel for Plaintiff State of Wisconsin*

By: ___ */s/ Jonathan B. Sallet* _____
Jonathan B. Sallet, Special Assistant Attorney
General (D.C. Bar No. 336198)
Steven Kaufmann, Deputy Attorney General (D.C.
Bar No. 1022365 inactive)
Diane R. Hazel, First Assistant Attorney General
(D.C. Bar No. 1011531 inactive)
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Tel: 720-508-6000
Jon.Sallet@coag.gov
Steve.Kaufmann@coag.gov
Diane.Hazel@coag.gov

*Counsel for Plaintiff Colorado*

Joseph Conrad
Office of the Attorney General of Nebraska
Consumer Protection Division
2115 State Capitol Building
Lincoln, NE 68509
402-471-3840
joseph.conrad@nebraska.gov

*Counsel for Plaintiff Nebraska*

15

Brunn W. (Beau) Roysden III, Solicitor General
Michael S. Catlett, Deputy Solicitor General
Dana R. Vogel, Unit Chief Counsel
Christopher M. Sloot, Assistant Attorney General
Arizona Office of the Attorney General
2005 North Central Avenue
Phoenix, Arizona 85004
Tel: (602) 542-3725
Dana.Vogel@azag.gov

*Counsel for Plaintiff Arizona*

Max Merrick Miller
Attorney General's Office for the State of Iowa
1305 East Walnut Street, 2nd Floor
Des Moines, IA 50319
(515) 281-5926
Max.Miller@ag.Iowa.gov

*Counsel for Plaintiff Iowa*

Elinor R. Hoffmann
John D. Castiglione
Morgan J. Feder
Office of the Attorney General of New York
28 Liberty Street, 21st Floor
New York, NY 10005
212-416-8513
elinor.hoffmann@ag.ny.gov
john.castiglione@ag.ny.gov
morgan.feder@ag.ny.gov

*Counsel for Plaintiff New York*

Jonathan R. Marx
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
919-716-6000
Jmarx@Ncdoj.Gov
jsutton2@ncdoj.gov

*Counsel for Plaintiff North Carolina*

J. David McDowell
Jeanette Pascale
Christopher Dunbar
Office of The Attorney General & Reporter P.O.
Box 20207
Nashville, TN 37202
615-741-3519
david.mcdowell@ag.tn.gov
jenna.pascale@ag.tn.gov
chris.dunbar@ag.tn.gov

*Counsel for Plaintiff Tennessee*

Tara Pincock
Attorney General's Office Utah
160 E 300 S, Ste 5th Floor
PO Box 140874
Salt Lake City, UT 84114
801-366-0305
tpincock@agutah.gov

*Counsel for Plaintiff Utah*

Jeff Pickett
Senior Assistant Attorney General
jeff.pickett@alaska.gov
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Tel: (907) 269-5100

*Counsel for Plaintiff Alaska*

Nicole Demers
State of Connecticut Office of the Attorney
General
165 Capitol Avenue, Ste 5000
Hartford, CT 06106
860-808-5202
nicole.demers@ct.gov

*Counsel for Plaintiff Connecticut*

17

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
302-577-8924
michael.undorf@delaware.gov

*Counsel for Plaintiff Delaware*

Catherine A. Jackson (D.C. Bar No. 1005415)
Elizabeth Gentry Arthur
David Brunfeld
Office of the Attorney General for the District of
Columbia
400 6th Street NW
Washington, DC 20001
202-724-6514
catherine.jackson@dc.gov
elizabeth.arthur@dc.gov
david.brunfeld@dc.gov

*Counsel for Plaintiff District of Columbia*

Leevin Taitano Camacho, Attorney General
Fred Nishihira, Chief, Consumer Protection
Division
Benjamin Bernard Paholke, Assistant Attorney
General
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Tel: (671)-475-3324
bpaholke@oagguam.org

*Counsel for Plaintiff Guam*

Rodney I. Kimura
Office of the Attorney General of Hawaii
Commerce & Economic Development
425 Queen Street
Honolulu, HI 96813
808-586-1180
rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff Hawaii*

Brett DeLange
Office of the Idaho Attorney General
Consumer Protection Division
954 W. State St., 2nd Fl.
PO Box 83720
Boise, ID 83720-0010
208-334-4114
brett.delange@ag.idaho.gov

*Counsel for Plaintiff Idaho*

Erin L. Shencopp
Blake Harrop
Joseph Chervin
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
312-793-3891
eshencopp@atg.state.il.us
bharrop@atg.state.il.us
jchervin@atg.state.il.us

*Counsel for Plaintiff Illinois*

Lynette R. Bakker
Office of the Attorney General of Kansas
Consumer Protection & Antitrust
120 S.W. 10th Avenue, Ste 2nd Floor
Topeka, KS 66612-1597
785-368-8451
lynette.bakker@ag.ks.gov

*Counsel for Plaintiff Kansas*

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
Augusta, ME 04333-0006
207-626-8838
christina.moylan@maine.gov

*Counsel for Plaintiff Maine*

Schonette J. Walker
Assistant Attorney General
Deputy Chief, Antitrust Division
Office of the Attorney General
swalker@oag.state.md.us
Gary Honick
Assistant Attorney General
Office of the Attorney General
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
410-576-6480
ghonick@oag.state.md.us

*Counsel for Plaintiff Maryland*

Matthew B. Frank, Assistant Attorney General
Antitrust Division
William T. Matlack, Assistant Attorney General
Chief, Antitrust Division
Michael B. MacKenzie, Assistant Attorney
General
Deputy Chief, Antitrust Division
Office of the Attorney General
One Ashburton Place, 18th Fl.
Boston, MA 02108
Tel: (617) 727-2200
Matthew.Frank@mass.gov
William.Matlack@mass.gov
Michael.Mackenzie@mass.gov

*Counsel for Plaintiff Massachusetts*

Justin Moor, Assistant Attorney General
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2130
(651) 757-1060
justin.moor@ag.state.mn.us

*Counsel for Plaintiff Minnesota*

Marie W.L. Martin
Michelle Christine Newman
Lucas J. Tucker
Nevada Office of the Attorney General
Bureau of Consumer Protection
100 N. Carson Street
Carson City, NV 89701
775-624-1244
mwmartin@ag.nv.gov
mnewman@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff Nevada*

Brandon Garod
Office of Attorney General of New Hampshire
33 Capitol Street
Concord, NH 03301
603-271-1217
brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff New Hampshire*

Robert Holup
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
239-822-6123
robert.holup@law.njoag.gov

*Counsel for Plaintiff New Jersey*

Mark F. Swanson
Cholla Khoury
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87504
Tel: 505.490.4885
mswanson@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff New Mexico*

Parrell D. Grossman
Director
Elin S. Alm
Assistant Attorney General
Consumer Protection & Antitrust Division
Office of the Attorney General
1050 E. Interstate Ave., Suite 200
Bismarck, ND 58503
701-328-5570
pgrossman@nd.gov
ealm@nd.gov

*Counsel for Plaintiff North Dakota*

Beth Ann Finnerty
Mark Kittel
Jennifer Pratt
Office of The Attorney General of Ohio, Antitrust
Section
30 E Broad Street, 26th Floor
Columbus, OH 43215
614-466-4328
beth.finnerty@ohioattorneygeneral.gov
mark.kittel@ohioattorneygeneral.gov
jennifer.pratt@ohioattorneygeneral.gov

*Counsel for Plaintiff Ohio*

Caleb J. Smith Assistant Attorney General
Consumer Protection Unit
Office of the Oklahoma Attorney General
313 NE 21st St
Oklahoma City, OK 73105
Tel: (405) 522-1014
Caleb.Smith@oag.ok.gov

*Counsel for Plaintiff Oklahoma*

Cheryl Hiemstra
Oregon Department of Justice
1162 Court St NE
Salem, OR 97301
503-934-4400
cheryl.hiemstra@doj.state.or.us

*Counsel for Plaintiff Oregon*

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Tel: (717) 787-4530
jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Pennsylvania*

Johan M. Rosa Rodríguez
Assistant Attorney General Antitrust Division
Puerto Rico Department of Justice
PO Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 1201
jorosa@justicia.pr.gov

*Counsel for Plaintiff Puerto Rico*

David Marzilli
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400
dmarzilli@riag.ri.gov

*Counsel for Plaintiff Rhode Island*

Yvette K. Lafrentz
Office of The Attorney General of South Dakota
1302 E. Hwy 14, Suite1
Pierre, SD 57501
605-773-3215
yvette.lafrentz@state.sd.us

*Counsel for Plaintiff South Dakota*

Ryan G. Kriger
Office of The Attorney General of Vermont
109 State St.
Montpelier, VT 05609
802-828-3170
ryan.kriger@vermont.gov

*Counsel for Plaintiff Vermont*

Sarah Oxenham Allen
Tyler Timothy Henry
Office of the Attorney General of Virginia
Antitrust Unit/Consumer Protection Section
202 N. 9th Street
Richmond, VA 23219
804-786-6557
soallen@oag.state.va.us
thenry@oag.state.va.us

*Counsel for Plaintiff Virginia*

Amy Hanson
Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-5419
amy.hanson@atg.wa.gov

*Counsel for Plaintiff Washington*

Douglas Lee Davis
Tanya L. Godfrey
Office of Attorney General, State of West Virginia
P.O. Box 1789
812 Quarrier Street, 1st Floor
Charleston, WV 25326
304-558-8986
doug.davis@wvago.gov
tanya.l.godfrey@wvago.gov

*Counsel for Plaintiff West Virginia*

Benjamin Mark Burningham
Amy Pauli
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
(307) 777-6397
ben.burningham@wyo.gov
amy.pauli@wyo.gov

*Counsel for Plaintiff Wyoming*

24

## CERTIFICATE OF SERVICE

I certify that on October 14, 2021, I served via e-mail a true and correct copy of the

foregoing Position Statement of Plaintiffs' Request for the Court to Compel Discovery from

Samsung Electronics America, Inc., with exhibits, on counsel of record, including the below

individuals.

John Schmidtlein
WILLIAMS & CONNELLY LLP
725 12th Street NW
Washington, DC 20005
Telephone: (202) 434-5901
jschmidtlein@wc.com

Franklin M. Rubinstein
WILSON SONSINI
GOODRICH & ROSATI P.C.
1700 K St, NW
Washington, DC 20006
Telephone: (202) 973-8833
frubinstein@wsgr.com

Mark S. Popofsky
ROPES & GRAY LLP
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 508-4624
Mark.Popofsky@ropesgray.com

*Counsel for Defendant Google LLC*

Juan Arteaga
CROWELL & MORING LLP
590 Madison Avenue
New York, NY 10022
Telephone: (212) 803-4053
jarteaga@crowell.com

*Counsel for Non-Party Samsung Electronics America, Inc.*

Dated: October 14, 2021                    By:\_\_\_\_*/s/ Jeremy M. P. Goldstein*\_\_\_\_
                                           Jeremy M. P. Goldstein
                                           U.S. Department of Justice, Antitrust Division
                                           San Francisco Office
                                           450 Golden Gate Avenue
                                           San Francisco, CA 94102-3478
                                           Telephone: (415) 229-2934
                                           Jeremy.Goldstein@usdoj.gov

                                           *Counsel for Plaintiff United States of America*