# Exhibit A

| | |
|---|---|
| **From:** | Herrmann, Karl (ATR) |
| **To:** | Arteaga, Juan; DeBernardis, Alexis Victoria |
| **Cc:** | Murdock-Park, Erin (ATR); Wright, Catharine (ATR); Spinelli, Nicholas (ATR); Feder, Morgan |
| **Subject:** | RE: U.S./Colorado v. Google: SEA Subpoena |
| **Date:** | Wednesday, October 6, 2021 4:27:34 PM |
| **Attachments:** | Samsung Search Strings (DOJ Final Offer 2021 10 06).docx |

Juan,

Samsung's proposal is unworkable.

First, and most critically, Samsung's proposed substantial completion date will have provided Samsung nearly 11 months to satisfy its obligations in response to our subpoena and leaves Plaintiffs with only 3 months left of fact discovery to process, review, and make use of these documents.

Second, Samsung's proposal to use search strings to narrow the TAR review set is not acceptable, and Plaintiffs have previously made this clear to Samsung. Samsung makes vague reference to DOJ's use of both search terms and TAR; DOJ is not aware of any case in which this occurred and asks Samsung to identify the instance it is referencing. We also note that Plaintiffs have entertained Samsung's 11th hour TAR proposal in order to secure a reasonable production timeframe from Samsung, and so it is disappointing to receive a proposal from Samsung that only serves to delay by proposing unacceptable terms, and more critically, does not address Plaintiffs' production timing concerns.

Plaintiffs have repeatedly demonstrated a willingness to limit requests to reduce Samsung's burden. Plaintiffs cannot accept many of the revised search strings, which result in search strings that eviscerate the intent of the RFP. We instead attach counter-proposed revised search strings; the attached reflects track changes except where we rejected your changes. We note that in one search string responsive to RFP 12, we expanded the limiter w/5 to w/15 because there were zero results returned from the original search.

Plaintiffs provide the following best-and-final offer:
1. SEA commit to substantial completion of its production by Nov. 14, with initial production to begin by Oct. 22;
2. SEA may use either TAR or linear review to make this production:
    a. If SEA chooses linear review, SEA will use Plaintiffs' counter-proposed search strings; or
    b. If SEA chooses TAR, SEA will run the TAR processes across all document collected from the custodians and will not employ search strings to narrow the review set. SEA will also work cooperatively with DOJ to finalize all remaining terms pending DOJ review, and will finalize the remaining terms no later than October 11.
3. Plaintiffs can agree to jointly seek an FRE 502(d) order to help streamline SEA's privilege review and further reduce Samsung's burden.

If Samsung cannot accept these terms by COB tomorrow (EST), Plaintiffs will seek the Court's assistance in setting a production deadline and finalizing the terms proposed by Plaintiffs, and will do so as soon as practicable. If helpful to Samsung, we are available to answer questions regarding our above offer.

Best,
Karl

---

**From:** Arteaga, Juan <JArteaga@crowell.com>
**Sent:** Tuesday, October 5, 2021 9:21 PM
**To:** Herrmann, Karl (ATR) <Karl.Herrmann@usdoj.gov>
**Cc:** DeBernardis, Alexis Victoria <ADeBernardis@crowell.com>; Murdock-Park, Erin (ATR) <Erin.Murdock-Park@usdoj.gov>; Wright, Catharine (ATR) <Catharine.Wright@usdoj.gov>; Spinelli, Nicholas (ATR) <Nicholas.Spinelli@usdoj.gov>; Feder, Morgan <Morgan.Feder@ag.ny.gov>; Ballou, Brendan (ATR) <Brendan.BallouKelley@usdoj.gov>
**Subject:** [EXTERNAL] U.S./Colorado v. Google: SEA Subpoena

Karl:

As requested, we are writing to provide SEA's proposal for completing its response to Plaintiffs' subpoenas. As you will see, we have proposed employing a TAR protocol that DOJ has approved in other matters to complete the review and production of the approximately 1.2 million documents captured by the negotiated search strings when applied to the ESI for the agreed-upon custodians. (Based on the hit rates for the first eight custodians, we expect a significant increase in the number of documents that will need to be reviewed when the data for ▓▓▓▓▓▓▓ – who has approximately 500 GB of data – is processed.) Under our proposal, SEA would begin producing documents on October 29, 2021 and would substantially complete its production of non-privileged responsive documents by December 15, 2021. Our proposal also includes interim dates by which SEA would complete 25%, 50% and 75% of its production.

For the reasons set forth below and during last week's discussions, we believe that our TAR proposal provides the most viable path for ensuring that SEA can complete its production under the expedited timeframe requested by Plaintiffs. We also believe that our TAR proposal strikes the appropriate balance between Plaintiffs' timing interests and Plaintiffs' Rule 45 obligation to minimize undue cost and burden on non-parties such as SEA.

   A. **SEA's TAR Proposal**

The first attachment to this email contains SEA's proposed TAR protocol. To help expedite the parties' ability to reach agreement, we have based this protocol on TAR protocols that DOJ has approved in other antitrust matters. If approved, we would commit to the following schedule for completing SEA's production of the non-privileged responsive documents captured by the negotiated search strings in the ESI for the nine agreed-upon custodians:

- **October 29, 2021**: Initial production

- **November 12, 2021**: 25% of SEA production

- **November 24, 2021**: 50% of SEA production

- **December 8, 2021**: 75% of SEA production

- **December 15, 2021**: Substantial completion of SEA production

- **December 30, 2021**: Production of any outstanding non-privileged material

B. **Linear Review Alternative**

Based on our current estimates, we believe that it would cost SEA approximately $3.5 million to complete a linear review of the documents captured by the negotiated search strings when applied to the ESI for the nine agreed-upon custodians. We also believe that SEA – which has significant discovery obligations in numerous other matters – would need several months to complete such a review. To the extent Plaintiffs opt to pursue a linear review over a TAR process, SEA would propose that the current search strings be modified as set forth in the second attachment. Even assuming that SEA and Plaintiffs could reach agreement on these or other modifications, SEA would still need to get Google's agreement to any modifications. SEA is not in a position to estimate how long the search term modification negotiations with Plaintiffs and Google would take, which, of course, would impact the timing of SEA's document production.

To assist Plaintiffs' assessment of these proposed search string modifications, we have provided the requested hit reports using the negotiated search strings for the ESI collected for the first eight agreed-upon custodians. *See* third attachment. The negotiated search strings hit on 286,934 documents expanded to 1,149,644 including families.

We have also provided the requested hit reports using the proposed modified search strings for the ESI collected for the first eight agreed-upon custodians. *See* fourth attachment. The proposed modified search strings hit on 122,770 documents expanded to 758,276 including families.

Below is a breakdown of the number of documents captured by the negotiated search strings and proposed modified search strings for each of the first eight agreed-upon custodians. As explained, SEA cannot provide this information for the ninth agreed-upon custodian (███████) at this time because his data is still being processed. SEA expects to be able to provide this information to Plaintiffs by this Friday.

1. **Custodian Breakdown Using Negotiated Search Strings**

| Custodian | Total with hits | Total with hits including families |
|---|---|---|
| ███████ | 38,867 | 247,690 |
| ███████ | 73,780 | 178,172 |
| ███████ | 13,367 | 42,376 |

| | | |
|---|---|---|
| ▬ | 292 | 360 |
| ▬ | 90,865 | 460,787 |
| ▬ | 36,146 | 52,332 |
| ▬ | 16,492 | 32,750 |
| ▬ | 23,039 | 147,915 |

2. **Custodian Breakdown Using Proposed Modified Search Strings**

| Custodian | Documents with hits | Documents with hits including families |
|---|---|---|
| ▬ | 18,533 | 171,265 |
| ▬ | 29,424 | 98,418 |
| ▬ | 4,271 | 15,449 |
| ▬ | 60 | 81 |
| ▬ | 41,882 | 344,009 |
| ▬ | 12,575 | 18,514 |
| ▬ | 7,029 | 17,802 |
| ▬ | 11,105 | 100,343 |

We note that SEA will strongly consider filing a fee shifting motion with the Court if Plaintiffs insist on a linear review.

C. **Plaintiffs' Proposed 5-Week Production Schedule Is Unreasonable And Unrealistic**

As we have explained, we strongly believe that Plaintiffs' demand that SEA complete its review and production of approximately 1.2 million documents (a number that does not includes ▬ data) within five weeks is both unreasonable and unrealistic. Indeed, such an expedited production schedule – the type of schedule that typically is reserved for emergency proceedings – ignores the time, resources, and processes that are necessary to collect, process, review and prepare for production an extremely large volume of competitively sensitive and highly confidential material. Moreover, such a production schedule fails to take into account the cost and burden that would be imposed on non-party SEA, which, again, has significant discovery obligations in many other matters.

While we are hopeful that Plaintiffs will cease demanding that SEA agree to a five-week production schedule, we want to reiterate that Plaintiffs' prior reliance on their dispute with Apple to support such a demand is wholly misplaced. In requesting that Apple be required to complete its document production within six weeks, Plaintiffs argued that "Apple sort of engineered this urgency throughout the [subpoena negotiation process]" by:

- "refus[ing] to do anything" for "a month" until it received "Google's subpoena;"

- declining to "talk about [search strings] until [the parties] resolved custodians;"

- rejecting requests to test agreed-upon search strings "[u]ntil . . . all [search strings were] agreed to;" and

- refusing to provide Plaintiffs with any "deconstructed hit reports."

8/19/21 Tr. at 16-19.  None of these facts are present here.  (We will refrain from addressing Plaintiffs' suggestion that any supposed delay here has been caused by SEA, rather than Plaintiffs, because, while we believe the record supports our position, we think it would be counter-productive to reaching a resolution to get into those details.)

More importantly, Plaintiffs repeatedly emphasized that Apple would not truly be required to review 1.5 million documents because this figure was calculated prior to the running of search strings.  *Id.* at 7 "[Mr. Dintzer]: So the number that your talking about is input, not output.  Apple won't give us insight into what their production is, so we don't know how much the machine turns out.  But if we assume 25 percent, then we're talking about, if there's 1.5 million going in, then we're talking about 375,000 coming out.  And we don't even know if that's that; it could be less.").  Of course, the assumptions Plaintiffs presented to the Court about the overall number of documents that Apple could ultimately have to review are less than half of the emails collected for only one of the agreed-upon custodians (███████) here.  Moreover, the approximately 1.2 million documents in question – which do not reflect ███████ data – are *post*-deduplication and *post*-search string application.

Equally as important is the fact that Apple had already completed its review of a substantial portion of the 1.5 million documents that were captured by the search strings.  *Id.* at 23 (stating that Apple had reviewed approximately "600,000" documents).  Here, Plaintiffs have proposed requiring SEA to review a much larger volume of material within a shorter period.

If Plaintiffs insist on having SEA complete its document production within five weeks or a similarly compressed schedule, SEA will seriously consider filing a fee shifting motion with the Court.

*     *     *     *     *

To the extent it would be helpful, we are available to meet and confer tomorrow between 2 and 3 pm EST.  Our hope is to reach an agreement as soon as possible because the production schedule under our TAR proposal is premised on the assumption that we will reach a final agreement with Plaintiffs this week.  Until an agreement is reached, SEA cannot begin implementing its TAR proposal and producing documents to Plaintiffs pursuant to the proposed schedule.

Best,
Juan

**Juan A. Arteaga | Crowell & Moring LLP**
590 Madison Avenue | 20th Floor | New York, NY 10022-2524

T: +1 212.803.4053 | F: +1 212.223.4134
[jarteaga@crowell.com](mailto:jarteaga@crowell.com) | [www.crowell.com](http://www.crowell.com)

CONFIDENTIALITY NOTE:
The information contained in this email message and any attachments is legally privileged and confidential information intended only for the use of the individual or entity to whom it is addressed.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this message or its attachments is strictly prohibited.  If you have received this email in error, please immediately notify us by telephone, fax, or email and delete the message.  Thank you.
===========================================================

# Attachment

*DOJ Final Offer (10-6-21)*

## SAMSUNG SEARCH STRING PROPOSALS

| Request | Samsung 10/5/21 Proposal (redlined to 9/14/21 Agreed Terms) | DOJ 10/6/21 Final Offer (redlined to Samsung 10/5/21 proposal) | Hit Report for 9/14/21 Agreed Terms | Hit Report for Samsung 10/5/21 Proposal |
|---|---|---|---|---|
| DOJ RFP 5 | ■ | ■ | 24,0366 (249,-105 with families) | 2,689 (37,008 with families) |
| DOJ RFP 5 | ■ | ■ | 1,768 (29,842 with families) | 167 (1,716 with families) |
| DOJ RFP 5 | ■ | ■ | 1,055 (22,109 with families) | 249 (1,427 with families) |
| DOJ RFP 7 | ■ | ■ | 682 (3,131 with families) | 682 (3,131 with families) |
| DOJ RFP 7 | ■ | ■ | 146,252 (931,397 with families) | 15,155 (190,224 with families) |

1

*DOJ Final Offer (10-6-21)*

| Request | Samsung 10/5/21 Proposal (redlined to 9/14/21 Agreed Terms) | DOJ 10/6/21 Final Offer (redlined to Samsung 10/5/21 proposal) | Hit Report for 9/14/21 Agreed Terms | Hit Report for Samsung 10/5/21 Proposal |
|---|---|---|---|---|
| DOJ RFP 7 | ████ | ████ | 28,539 (318,870 with families) | 8,284 (81,717 with families) |
| DOJ RFP 9 | ████ | ████ | 159,399 (845,546 with families) | 64,786 (509,933 with families) |
| DOJ RFP 9 | ████ | ████ | 66,789 (391,783 with families) | 24,932 (117,690 with families) |
| DOJ RFP 9 | | | 56 (1,257 with families) | 32 (91 with families) |
| DOJ RFP 9 | ████ | ████ | 3,052 (102, 592 with families) | 3,052 (102,592 with families) |

2

*DOJ Final Offer (10-6-21)*

| Request | Samsung 10/5/21 Proposal (redlined to 9/14/21 Agreed Terms) | DOJ 10/6/21 Final Offer (redlined to Samsung 10/5/21 proposal) | Hit Report for 9/14/21 Agreed Terms | Hit Report for Samsung 10/5/21 Proposal |
|---|---|---|---|---|
| DOJ RFP 9 | ███████ | ███████ | 22,872 (186,233 with families) | 71 (3,952 with families) |
| DOJ RFP 9 | ███████ | ███████ | 899 (5,611 with families) | 0 (0 with families) |
| DOJ RFP 9 | ███████ | ███████ | 79 (210 with families) | 0 (0 with families) |

*DOJ Final Offer (10-6-21)*

| Request | Samsung 10/5/21 Proposal (redlined to 9/14/21 Agreed Terms) | DOJ 10/6/21 Final Offer (redlined to Samsung 10/5/21 proposal) | Hit Report for 9/14/21 Agreed Terms | Hit Report for Samsung 10/5/21 Proposal |
|---|---|---|---|---|
| | ████████ | ████████ | | |
| DOJ RFP 9 | ████████ | ████████ | 3,190 (13,630 with families) | 12 (32 with families) |
| DOJ RFP 9 | ████████ | ████████ | 412 (1,315 with families) | 0 (0 with families) |
| DOJ RFP 10 | ████████ | ████████ | 722 (40,950 with families) | 110 (27,236 with families) |
| DOJ RFP 11 | ████████ | ████████ | 27,524 (382,427 with families) | 10,365 (213,069 with families) |

4

*DOJ Final Offer (10-6-21)*

| Request | Samsung 10/5/21 Proposal (redlined to 9/14/21 Agreed Terms) | DOJ 10/6/21 Final Offer (redlined to Samsung 10/5/21 proposal) | Hit Report for 9/14/21 Agreed Terms | Hit Report for Samsung 10/5/21 Proposal |
|---|---|---|---|---|
| DOJ RFP 11 | ██████ | ██████ | 13,352 (285,454 with families) | 7,513 (105,205 with families) |
| DOJ RFP 11 | ██████ | ██████ | 9,453 (172,388 with families) | 3,203 (84,582 with families) |
| DOJ RFP 11 | ██████ | ██████ | 44 (190 with families) | 37 (177 with families) |
| DOJ RFP 11 | ██████ | ██████ | 46 (206 with families) | 18 (50 with families) |
| DOJ RFP 12 | ██████ | ██████ | 8,239 (136,630 with families) | 2,020 (46,329 with families) |
| DOJ RFP 12 | ██████ | ██████ | 1,786 (22,909 with families) | 454 (1,227 with families) |
| DOJ RFP 12 | ██████ | ██████ | 19,158 (165,200 with families) | 19,158 (165,200 with families) |
| DOJ RFP 12 | ██████ | ██████ | 0 (0 with families) | 0 (0 with families) |
| DOJ RFP 12 | ██████ | ██████ | 132 (237 with families) | 34 (88 with families) |

*DOJ Final Offer (10-6-21)*

| Request | Samsung 10/5/21 Proposal (redlined to 9/14/21 Agreed Terms) | DOJ 10/6/21 Final Offer (redlined to Samsung 10/5/21 proposal) | Hit Report for 9/14/21 Agreed Terms | Hit Report for Samsung 10/5/21 Proposal |
|---|---|---|---|---|
| DOJ RFP 12 | ██████ | ██████ | 11,694 (226,704 with families) | 1,623 (82,595 with families) |
| DOJ RFP 12 | ██████ | ██████ | 28,055 (369,034 with families) | 4,985 (114,939 with families) |
| DOJ RFP 14 | ██████ | ██████ | 4,535 (75,521 with families) | 2,634 (55,978 with families) |
| DOJ RFP 14 | ██████ | ██████ | 7,148 (57,065 with families) | 3,220 (35,149 with families) |
| DOJ RFP 14 | ██████ | ██████ | 5 (10 with families) | 4 (8 with families) |

6

*DOJ Final Offer (10-6-21)*

| Request | Samsung 10/5/21 Proposal (redlined to 9/14/21 Agreed Terms) | DOJ 10/6/21 Final Offer (redlined to Samsung 10/5/21 proposal) | Hit Report for 9/14/21 Agreed Terms | Hit Report for Samsung 10/5/21 Proposal |
|---|---|---|---|---|
| DOJ RFP 14 | ██████ | ██████ | 2,639 (23,413 with families) | 1,093 (13,438 with families) |
| DOJ RFP 15 | ██████ | ██████ | 2,715 (22,217 with families) | 1,446 (15,995 with families) |
| DOJ RFP 15 | ██████ | ██████ | 3,539 (78,082 with families) | 2,843 (68,501 with families) |
| DOJ RFP 15 | ██████ | ██████ | 1,747 (14,006 with families) | 88 (167 with families) |
| DOJ RFP 15 | ██████ | ██████ | 488 (2,099 with families) | 17 (36 with families) |
| DOJ RFP 15 | ██████ | ██████ | 3,138 (83,354 with families) | 3,138 (83,354 with families) |
| DOJ RFP 21 | ██████ | ██████ | 6,129 (129,092 with families) | 2,228 (93,270 with families) |
| DOJ RFP 21 | ██████ | ██████ | 5,599 (41,635 with families) | 5,599 (41,635 with families) |
| DOJ RFP 21 | ██████ | ██████ | 610 (1,870 with families) | 368 (1,230 with families) |

*DOJ Final Offer (10-6-21)*

| Request | Samsung 10/5/21 Proposal (redlined to 9/14/21 Agreed Terms) | DOJ 10/6/21 Final Offer (redlined to Samsung 10/5/21 proposal) | Hit Report for 9/14/21 Agreed Terms | Hit Report for Samsung 10/5/21 Proposal |
|---|---|---|---|---|
| DOJ RFP 21 | ■ | ■ | 9 (22 with families) | 4 (10 with families) |
| DOJ RFP 21 | ■ | ■ | 6,824 (131,574 with families) | 3,338 (92,828 with families) |
| DOJ RFP 21 | ■ | ■ | 428 (45,395 with families) | 14 (72 with families) |
| States 4 | ■ | ■ | 15,948 (193,381 with families) | 268 (5,485 with families) |

8