# Exhibit B

| | |
|---|---|
| **From:** | Arteaga, Juan |
| **To:** | Herrmann, Karl (ATR) |
| **Cc:** | DeBernardis, Alexis Victoria; Murdock-Park, Erin (ATR); Wright, Catharine (ATR); Spinelli, Nicholas (ATR); Feder, Morgan; Ballou, Brendan (ATR) |
| **Subject:** | [EXTERNAL] U.S./Colorado v. Google: SEA Subpoena |
| **Date:** | Tuesday, October 5, 2021 9:22:19 PM |
| **Attachments:** | SEA TAR Protocol.pdf |
| | SEA Search String Modifications.pdf |
| | Original Search Strings Hit Report.pdf |
| | Modified Search Strings Hit Report.pdf |

Karl:

As requested, we are writing to provide SEA's proposal for completing its response to Plaintiffs' subpoenas.  As you will see, we have proposed employing a TAR protocol that DOJ has approved in other matters to complete the review and production of the approximately 1.2 million documents captured by the negotiated search strings when applied to the ESI for the agreed-upon custodians. (Based on the hit rates for the first eight custodians, we expect a significant increase in the number of documents that will need to be reviewed when the data for ████████ – who has approximately 500 GB of data – is processed.)  Under our proposal, SEA would begin producing documents on October 29, 2021 and would substantially complete its production of non-privileged responsive documents by December 15, 2021.  Our proposal also includes interim dates by which SEA would complete 25%, 50% and 75% of its production.

For the reasons set forth below and during last week's discussions, we believe that our TAR proposal provides the most viable path for ensuring that SEA can complete its production under the expedited timeframe requested by Plaintiffs.  We also believe that our TAR proposal strikes the appropriate balance between Plaintiffs' timing interests and Plaintiffs' Rule 45 obligation to minimize undue cost and burden on non-parties such as SEA.

A.  **SEA's TAR Proposal**

The first attachment to this email contains SEA's proposed TAR protocol.  To help expedite the parties' ability to reach agreement, we have based this protocol on TAR protocols that DOJ has approved in other antitrust matters.  If approved, we would commit to the following schedule for completing SEA's production of the non-privileged responsive documents captured by the negotiated search strings in the ESI for the nine agreed-upon custodians:

- **October 29, 2021**: Initial production

- **November 12, 2021**: 25% of SEA production

- **November 24, 2021**: 50% of SEA production

- **December 8, 2021**: 75% of SEA production

- **December 15, 2021**: Substantial completion of SEA production

- **December 30, 2021**: Production of any outstanding non-privileged material

B. **Linear Review Alternative**

Based on our current estimates, we believe that it would cost SEA approximately $3.5 million to complete a linear review of the documents captured by the negotiated search strings when applied to the ESI for the nine agreed-upon custodians.  We also believe that SEA – which has significant discovery obligations in numerous other matters – would need several months to complete such a review.  To the extent Plaintiffs opt to pursue a linear review over a TAR process, SEA would propose that the current search strings be modified as set forth in the second attachment.  Even assuming that SEA and Plaintiffs could reach agreement on these or other modifications, SEA would still need to get Google's agreement to any modifications.  SEA is not in a position to estimate how long the search term modification negotiations with Plaintiffs and Google would take, which, of course, would impact the timing of SEA's document production.

To assist Plaintiffs' assessment of these proposed search string modifications, we have provided the requested hit reports using the negotiated search strings for the ESI collected for the first eight agreed-upon custodians.  *See* third attachment.  The negotiated search strings hit on 286,934 documents expanded to 1,149,644 including families.

We have also provided the requested hit reports using the proposed modified search strings for the ESI collected for the first eight agreed-upon custodians.  *See* fourth attachment.  The proposed modified search strings hit on 122,770 documents expanded to 758,276 including families.

Below is a breakdown of the number of documents captured by the negotiated search strings and proposed modified search strings for each of the first eight agreed-upon custodians.  As explained, SEA cannot provide this information for the ninth agreed-upon custodian (███████) at this time because his data is still being processed.  SEA expects to be able to provide this information to Plaintiffs by this Friday.

1. **Custodian Breakdown Using Negotiated Search Strings**

| Custodian | Total with hits | Total with hits including families |
|---|---|---|
| ████████████ | 38,867 | 247,690 |
| ████████████ | 73,780 | 178,172 |
| ████████████ | 13,367 | 42,376 |
| ████████████ | 292 | 360 |
| ████████████ | 90,865 | 460,787 |
| ████████ | 36,146 | 52,332 |
| ████████████ | 16,492 | 32,750 |
| ████████████ | 23,039 | 147,915 |

2. **Custodian Breakdown Using Proposed Modified Search Strings**

| Custodian | Documents with hits | Documents with hits including families |
|---|---|---|
| ██████████ | 18,533 | 171,265 |
| ██████████ | 29,424 | 98,418 |
| █████████ | 4,271 | 15,449 |
| █████████ | 60 | 81 |
| ██████████ | 41,882 | 344,009 |
| ██████ | 12,575 | 18,514 |
| ████████ | 7,029 | 17,802 |
| ████████ | 11,105 | 100,343 |

We note that SEA will strongly consider filing a fee shifting motion with the Court if Plaintiffs insist on a linear review.

C. **Plaintiffs' Proposed 5-Week Production Schedule Is Unreasonable And Unrealistic**

As we have explained, we strongly believe that Plaintiffs' demand that SEA complete its review and production of approximately 1.2 million documents (a number that does not includes ██████████ data) within five weeks is both unreasonable and unrealistic.  Indeed, such an expedited production schedule – the type of schedule that typically is reserved for emergency proceedings – ignores the time, resources, and processes that are necessary to collect, process, review and prepare for production an extremely large volume of competitively sensitive and highly confidential material.  Moreover, such a production schedule fails to take into account the cost and burden that would be imposed on non-party SEA, which, again, has significant discovery obligations in many other matters.

While we are hopeful that Plaintiffs will cease demanding that SEA agree to a five-week production schedule, we want to reiterate that Plaintiffs' prior reliance on their dispute with Apple to support such a demand is wholly misplaced.  In requesting that Apple be required to complete its document production within six weeks, Plaintiffs argued that "Apple sort of engineered this urgency throughout the [subpoena negotiation process]" by:

- "refus[ing] to do anything" for "a month" until it received "Google's subpoena;"

- declining to "talk about [search strings] until [the parties] resolved custodians;"

- rejecting requests to test agreed-upon search strings "[u]ntil . . . all [search strings were] agreed to;" and

refusing to provide Plaintiffs with any "deconstructed hit reports."

8/19/21 Tr. at 16-19.  None of these facts are present here.  (We will refrain from addressing Plaintiffs' suggestion that any supposed delay here has been caused by SEA, rather than Plaintiffs, because, while we believe the record supports our position, we think it would be counter-productive to reaching a resolution to get into those details.)

More importantly, Plaintiffs repeatedly emphasized that Apple would not truly be required to review 1.5 million documents because this figure was calculated prior to the running of search strings.  *Id.* at 7 "[Mr. Dintzer]: So the number that your talking about is input, not output.  Apple won't give us insight into what their production is, so we don't know how much the machine turns out.  But if we assume 25 percent, then we're talking about, if there's 1.5 million going in, then we're talking about 375,000 coming out.  And we don't even know if that's that; it could be less.").  Of course, the assumptions Plaintiffs presented to the Court about the overall number of documents that Apple could ultimately have to review are less than half of the emails collected for only one of the agreed-upon custodians (███████) here.  Moreover, the approximately 1.2 million documents in question – which do not reflect ██████████ data – are *post*-deduplication and *post*-search string application.

Equally as important is the fact that Apple had already completed its review of a substantial portion of the 1.5 million documents that were captured by the search strings.  *Id.* at 23 (stating that Apple had reviewed approximately "600,000" documents).  Here, Plaintiffs have proposed requiring SEA to review a much larger volume of material within a shorter period.

If Plaintiffs insist on having SEA complete its document production within five weeks or a similarly compressed schedule, SEA will seriously consider filing a fee shifting motion with the Court.

*          *          *          *          *

To the extent it would be helpful, we are available to meet and confer tomorrow between 2 and 3 pm EST.  Our hope is to reach an agreement as soon as possible because the production schedule under our TAR proposal is premised on the assumption that we will reach a final agreement with Plaintiffs this week.  Until an agreement is reached, SEA cannot begin implementing its TAR proposal and producing documents to Plaintiffs pursuant to the proposed schedule.

Best,
Juan

**Juan A. Arteaga | Crowell & Moring LLP**
590 Madison Avenue | 20th Floor | New York, NY 10022-2524
T: +1 212.803.4053 | F: +1 212.223.4134
jarteaga@crowell.com | www.crowell.com
CONFIDENTIALITY NOTE:
The information contained in this email message and any attachments is legally privileged and confidential information intended only for the use of the individual or entity to whom it is addressed.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this message or its attachments is strictly prohibited.  If you have received this

email in error, please immediately notify us by telephone, fax, or email and delete the message.  Thank you.
============================================================

Attachment 1



| Request | Search Strings | Documents with hits | Documents with hits including families |
|---|---|---|---|
| DOJ RFP 5 | | 2,689 | 37,008 |
| DOJ RFP 5 | | 167 | 1,716 |
| DOJ RFP 5 | | 249 | 1,427 |
| DOJ RFP 7 | | 682 | 3,131 |
| DOJ RFP 7 | | 15,155 | 190,224 |
| DOJ RFP 7 | | 8,284 | 81,717 |
| DOJ RFP 9 | | 64,786 | 509,933 |
| DOJ RFP 9 | | 24,932 | 117,690 |
| DOJ RFP 9 | | 32 | 91 |
| DOJ RFP 9 | | 3,052 | 102,592 |
| DOJ RFP 9 | | 71 | 3,952 |
| DOJ RFP 9 | | 0 | 0 |
| DOJ RFP 9 | | 0 | 0 |
| DOJ RFP 9 | | 12 | 32 |
| DOJ RFP 9 | | 0 | 0 |
| DOJ RFP 10 | | 110 | 27,236 |
| DOJ RFP 11 | | 10,365 | 213,069 |
| DOJ RFP 11 | | 7,513 | 105,205 |
| DOJ RFP 11 | | 3,203 | 84,582 |
| DOJ RFP 11 | | 37 | 177 |
| DOJ RFP 11 | | 18 | 50 |
| DOJ RFP 12 | | 2,020 | 46,329 |
| DOJ RFP 12 | | 454 | 1,227 |
| DOJ RFP 12 | | 19,158 | 165,200 |
| DOJ RFP 12 | | 0 | 0 |
| DOJ RFP 12 | | 34 | 88 |



| Label | | Value 1 | Value 2 |
|---|---|---|---|
| DOJ RFP 12 | | 1,623 | 82,595 |
| DOJ RFP 12 | | 4,985 | 114,939 |
| DOJ RFP 14 | | 2,634 | 55,978 |
| DOJ RFP 14 | | 3,220 | 35,149 |
| DOJ RFP 14 | | 4 | 8 |
| DOJ RFP 14 | | 1,093 | 13,438 |
| DOJ RFP 15 | | 1,446 | 15,995 |
| DOJ RFP 15 | | 2,843 | 68,501 |
| DOJ RFP 15 | | 88 | 167 |
| DOJ RFP 15 | | 17 | 36 |
| DOJ RFP 15 | | 3,138 | 83,354 |
| DOJ RFP 21 | | 2,228 | 93,270 |
| DOJ RFP 21 | | 5,599 | 41,635 |
| DOJ RFP 21 | | 368 | 1,230 |
| DOJ RFP 21 | | 4 | 10 |
| DOJ RFP 21 | | 3,338 | 92,828 |
| DOJ RFP 21 | | 14 | 72 |
| States 4 | | 268 | 5,485 |

Attachment 2



| Request | Search Strings | Documents with hits | Documents with hits, including families |
|---|---|---|---|
| DOJ RFP 5 | | 24,036 | 249,105 |
| DOJ RFP 5 | | 1,768 | 29,842 |
| DOJ RFP 5 | | 1,055 | 22,109 |
| DOJ RFP 7 | | 682 | 3,131 |
| DOJ RFP 7 | | 146,252 | 931,397 |
| DOJ RFP 7 | | 28,539 | 318,870 |
| DOJ RFP 9 | | 159,399 | 845,546 |
| DOJ RFP 9 | | 66,789 | 391,783 |
| DOJ RFP 9 | | 56 | 1,257 |
| DOJ RFP 9 | | 3,052 | 102,592 |
| DOJ RFP 9 | | 22,872 | 186,233 |
| DOJ RFP 9 | | 899 | 5,611 |
| DOJ RFP 9 | | 79 | 210 |
| DOJ RFP 9 | | 3,190 | 13,630 |
| DOJ RFP 9 | | 412 | 1,315 |
| DOJ RFP 10 | | 722 | 40,950 |



| | | |
|---|---:|---:|
| DOJ RFP 11 | 27,524 | 382,427 |
| DOJ RFP 11 | 15,352 | 285,454 |
| DOJ RFP 11 | 9,453 | 172,388 |
| DOJ RFP 11 | 44 | 190 |
| DOJ RFP 11 | 46 | 206 |
| DOJ RFP 12 | 8,239 | 136,630 |
| DOJ RFP 12 | 1,786 | 22,909 |
| DOJ RFP 12 | 19,158 | 165,200 |
| DOJ RFP 12 | 0 | 0 |
| DOJ RFP 12 | 132 | 237 |
| DOJ RFP 12 | 11,694 | 226,704 |
| DOJ RFP 12 | 28,055 | 369,034 |
| DOJ RFP 14 | 4,535 | 75,521 |
| DOJ RFP 14 | 7,148 | 57,065 |
| DOJ RFP 14 | 5 | 10 |
| DOJ RFP 14 | 2,639 | 23,413 |
| DOJ RFP 15 | 2,715 | 22,217 |
| DOJ RFP 15 | 3,539 | 78,082 |
| DOJ RFP 15 | 1,747 | 14,006 |
| DOJ RFP 15 | 488 | 2,099 |
| DOJ RFP 15 | 3,138 | 83,354 |
| DOJ RFP 21 | 6,129 | 129,092 |
| DOJ RFP 21 | 5,599 | 41,635 |
| DOJ RFP 21 | 610 | 1,870 |
| DOJ RFP 21 | 9 | 22 |
| DOJ RFP 21 | 6,824 | 131,574 |
| DOJ RFP 21 | 428 | 45,395 |
| States 4 | 15,948 | 193,381 |

# Attachment 3

*C&M Revisions 10/5/2021*

**SAMSUNG SEARCH STRING PROPOSALS**

| Request | Search Strings |
|---|---|
| DOJ RFP 5 |  |
| DOJ RFP 5 | |
| DOJ RFP 5 | |
| DOJ RFP 7 | |
| DOJ RFP 7 | |
| DOJ RFP 7 | |







DOJ RFP 12

DOJ RFP 12

DOJ RFP 14

DOJ RFP 14

DOJ RFP 14

DOJ RFP 14

DOJ RFP 15

DOJ RFP 15

DOJ RFP 15

DOJ RFP 15

DOJ RFP 15

DOJ RFP 21

*C&M Revisions 10/5/2021*

| DOJ RFP 21 | ███████████████████████████████ |
| DOJ RFP 21 | ███████ |
| DOJ RFP 21 | ████████████████████████████████ |
| DOJ RFP 21 | ███████████████████████████████████████ |
| DOJ RFP 21 | ██████████████████████████████████████████ |
| States 4 | ████████████████████████████████████ |

Attachment 4

**Samsung Electronics America, Inc. TAR Protocol Proposal for Document Production**

**October 5, 2021**







**Appendix A**

**Excluded File Types**

Certain file types are not suitable for machine learning analysis because they have little conceptual content or are not appropriate for use in a TAR application. Specifically, these exception criteria are:

- Contacts
- Databases
- Drawings/Images
- Multimedia
- Unrecognized/No Data/Other Documents
- System Files
- Any file with Text Size larger than 16MB
- Documents with no text

These TAR exceptions are analyzed separately for responsiveness. Exception documents will be analyzed based on file type and file extension to determine the likelihood of containing responsive content. Categories that may contain responsive content will be manually reviewed. A portion of the exception documents will be produced as family members to a responsive document.

**Exhibit 1**

**Custodians**

1.
2.
3.
4.
5.
6.
7.
8.
9.



**Exhibit 2**

**Search Terms**

| Request | Search Strings |
|---------|----------------|
| DOJ RFP 5 | |
| DOJ RFP 5 | |
| DOJ RFP 5 | |
| DOJ RFP 7 | |
| DOJ RFP 7 | |
| DOJ RFP 7 | |
| DOJ RFP 9 | |
| DOJ RFP 9 | |
| DOJ RFP 9 | |
| DOJ RFP 9 | |







| DOJ RFP 21 | |
|---|---|
| DOJ RFP 21 | |
| DOJ RFP 21 | |
| DOJ RFP 21 | |
| States 4 | |