Exhibit D

| | |
|---|---|
| **From:** | Ballou, Brendan (ATR) |
| **To:** | Arteaga, Juan; DeBernardis, Alexis Victoria |
| **Cc:** | Adam Miller; Feder, Morgan; Herrmann, Karl (ATR); Spinelli, Nicholas (ATR) |
| **Subject:** | Plaintiffs" Response to Samsung Production To Date |
| **Date:** | Tuesday, July 6, 2021 5:36:23 PM |
| **Attachments:** | Letter to Samsung.7.6.21.pdf |
| | Court Order.7.6.21.pdf |

Juan, Alexis,

Please find attached Plaintiffs' response to Samsung's production to date.  After you have connected with your client, please let us know when you are available to speak.  Thank you.

Brendan Ballou
Trial Attorney
U.S. Department of Justice, Antitrust Division
450 5th Street N.W., Suite 7100
Washington, D.C. 20530
(202) 431-8493
brendan.balloukelley@usdoj.gov

# Attachment 1



**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*

*Brendan Ballou*
*450 5th Street, N.W.*
*Washington, DC 20001*
*(202) 431-8493*

July 6, 2021

**BY E-MAIL**

Juan Arteaga                                      Alexis Victoria DeBernardis
Crowell Moring                                   Crowell Moring
590 Madison Avenue, 20th Floor        1001 Pennsylvania Avenue NW
New York, NY 10022-2544                 Washington, DC 20004-2595

Re:      *United States, et al. v. Google LLC*, No. 1:20-cv-03010-APM

Juan, Alexis:

On June 24, Plaintiffs received a set of documents from Samsung, which you have represented completes its production responsive to our subpoena issued January 7, 2021.

Samsung's production is insufficient. In over a year of negotiations, first over our civil investigative demand, and now over this subpoena, Samsung has produced fewer than 1,000 documents. For some of our requests, including Requests 7 (Google agreements and negotiations), 10 (Specialized search services), 11 (Privacy), 12 (Android), 14 (Chrome), and 15 (Google Assistant), an initial review indicates that Samsung produced few, if any, responsive documents. For other requests, Samsung produced strikingly few documents, given the company's size and relevance to this litigation.

Beyond the specific gaps, Samsung's minimal production is facially insufficient. Samsung is one of Google's most important partners, with tens of billions of dollars in related income every year, and is integral to our case. *See, e.g.*, *U.S. v. Google* at ECF No. 94 (Amended Complaint) at ¶¶ 4, 52-57, 59, 68-72, 78, 81, 83, 126–55; ECF No. 103 (Answer) at ¶¶ 4, 59-84, 124-134, 152. This warrants a fulsome search and production, which would be both proportional to the needs of the case and not unduly burdensome.

Samsung proffered to fulfill its subpoena obligations by using two Samsung Electronics Corporation ("SEC") custodians to search for responsive documents. This effort, by our count, yielded just seven responsive documents. This is not enough.

You have represented that Samsung Electronics America, Inc. ("SEA") did not have documents responsive to some of our requests. But Samsung has not explained its methodology for searching for responsive SEA documents. Nor has Samsung demonstrated that documents controlled by SEC or other Samsung entities fall outside the scope of discoverable materials; we expect Samsung to produce responsive documents in the possession of those entities.

Last week, Judge Mehta issued the enclosed order requiring submissions regarding "outstanding disputes involving third-party subpoenas" to be made by July 9 in preparation for a July 14 hearing. We may be obligated to draw the Court's attention to Samsung's failed efforts at producing a reasonable set of materials if Samsung does not commit to a new process for producing documents. This process must involve the following:

*First*, fully explain Samsung's efforts over the last six months to produce documents responsive to Plaintiffs' subpoena. Specifically:

1. Identify the date range of documents searched for each custodian or other source.

2. Identify the custodians whose documents Samsung searched, including a description of which custodial sources it searched.

3. Identify any non-custodial or shared document sources Samsung searched.

4. Identify how many documents Samsung reviewed in its efforts at complying with the subpoena.

*Second*, commit to identifying with Plaintiffs, within the next two weeks, ten Samsung custodians and appropriate search strings. Further, agree to begin production of responsive documents from these custodians by August 1, and to complete production by September 1. We propose the following custodians, although we are willing to discuss whether there are others who might be better selections:



*Third*, fully explain Samsung's two-week document retention policy. You have represented that certain SEC personnel in possession of responsive documents were subject to this policy. Please explain what sources or repositories it does and not apply to and to which personnel it does and does not apply. As you know, Samsung has had an ongoing obligation to preserve relevant documents, both after receiving its civil investigative demand and after receiving its subpoena; please confirm that Samsung has continued to meet these obligations.

We request a meet and confer as soon as convenient to discuss these matters to ensure your compliance with the subpoena.

Sincerely,

*/s/ Brendan Ballou*

Brendan Ballou

cc: Morgan Feder, Esq. (Morgan.Feder@ag.ny.gov)

Enclosure

3

Attachment 2

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**District of Columbia**

## Notice of Electronic Filing

The following transaction was entered on 6/29/2021 at 5:03 PM and filed on 6/29/2021

**Case Name:**      UNITED STATES OF AMERICA et al v. GOOGLE LLC

**Case Number:**    1:20-cv-03010-APM

**Filer:**

**Document Number:** No document attached

**Docket Text:**

**MINUTE ORDER. Pursuant to the status conference held on June 29, 2021, the court orders the following with respect to further proceedings in this matter: 1) the court will hold a hearing to resolve outstanding disputes involving third-party subpoenas on July 14, 2021, at 2:30 p.m. via videoconference; in advance of that hearing, by July 9, 2021, the parties and relevant third parties shall file statements outlining their positions as to the issues in dispute; 2) the parties in the Colorado Action shall file a Joint Status Report on or before July 14, 2021, updating the court on progress with respect to the Plaintiff States' data requests; and 3) the parties shall appear for status conferences on July 30, 2021 and August 31, 2021, at 11:00 a.m. in Courtroom 10. In advance of those conferences, by July 27 and August 27, respectively, the parties shall file a Joint Status Report that (1) summarizes the state of discovery and (2) identifies any issues, and the parties' respective positions, that will be raised at the upcoming status conference. Any party wishing to attend the status conferences via videoconference may do so by coordinating with the courtroom deputy in advance of the hearing. Members of the public or media may access the conferences by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. The public access line will be muted and should only be used by non-participating parties. Signed by Judge Amit P. Mehta on 6/29/2021. (lcapm2)**