**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

|  |  |
|---|---|
| State of Colorado, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

**JOINT STATUS REPORT**

In accordance with the Court's Minute Order dated August 31, 2021, the parties in *United States v. Google LLC* and *State of Colorado v. Google LLC* submit the following Joint Status Report summarizing the state of discovery and identifying any issues between the parties, and the parties' respective positions, that will be raised at the status hearing scheduled for October 28, 2021.

**I.      Case No. 1:20-cv-03010**

**A.      Google's Discovery of Plaintiffs**

A summary of Google's First Set of Requests for Production and prior document

productions made by Plaintiffs are set forth in the parties' earlier Joint Status Reports, including their reports dated February 23 (ECF No. 111), March 28 (ECF No. 124), April 23 (ECF No. 131), May 24 (ECF No. 135), June 24 (ECF No. 149), July 27 (ECF No. 165), August 27 (ECF No. 191), and September 24 (ECF No. 223). On October 8, Plaintiffs produced to Google correspondence with subpoena recipients and post-complaint, non-ministerial correspondence related to the claims and defenses in these litigations with third parties listed on any party's initial disclosures.

**B.     Plaintiffs' Discovery of Google**

A summary of Plaintiffs' First through Sixth Sets of Requests for Production and the document productions previously made by Google are set forth in the parties' earlier Joint Status Reports, including their reports dated February 23 (ECF No. 111), March 28 (ECF No. 124), April 23 (ECF No. 131), May 24 (ECF No. 135), June 24 (ECF No. 149), July 27 (ECF No. 165), August 27 (ECF No. 191), and September 24 (ECF No. 223). Google produced additional documents on October 5, 7, 17, 18, and 23, and Google produced additional data on September 28 and October 4, 7, 15, 18, and 21. On September 30, Google produced to Plaintiffs its outside counsel correspondence with third-party subpoena recipients. Plaintiffs served their Seventh Set of Requests for Production on September 30, and Google's deadline to serve responses and objections is November 1.

On September 30, Plaintiffs requested that Google supplement its production of certain categories of documents described in the Second Set of Requests for Production. After conferring about the request for supplementation, the parties were unable to resolve a dispute relating to the timing of Google's production in response to Plaintiffs' request for supplementation of Second RFP Request No. 25. Plaintiffs' position on that issue is set forth in Section III below, and Google's position is set forth in Section IV.

Plaintiffs completed one deposition of a Google employee in August, five depositions of current or former Google employees in September and have completed four thus far in October. The parties have scheduled twelve depositions of current or former Google employees for the coming weeks and are in the process of scheduling two more.

### C.      The Parties' Discovery of Third-Parties

A summary of the third-party discovery requests previously issued by the parties is set forth in the parties' earlier Joint Status Reports, including their reports dated February 23 (ECF No. 111), March 28 (ECF No. 124), April 23 (ECF No. 131), May 24 (ECF No. 135), June 24 (ECF No. 149), July 27 (ECF No. 165), August 27 (ECF No. 191), and September 24 (ECF No. 223). The parties have issued document subpoenas to approximately 90 third parties in total. The parties anticipate that they will continue to issue additional document subpoenas as discovery progresses. The parties have scheduled a deposition of a third-party witness for October 29 and anticipate that they will continue to issue additional deposition subpoenas as discovery progresses.

## II.      Case No. 1:20-cv-03715

### A.      Google's Discovery of Plaintiff States

A summary of Google's First Set of Requests for Production and the document productions made by Plaintiffs to date are set forth in the parties' earlier Joint Status Reports, including their reports dated March 28 (ECF No. 124), April 23 (ECF No. 131), May 24 (ECF No. 135), June 24 (ECF No. 149), July 27 (ECF No. 165), August 27 (ECF No. 191), and September 24 (ECF No. 223).

### B.      Plaintiff States' Discovery of Google

A summary of Plaintiff States' First Set of Requests for Production and the document

productions previously made by Google are set forth in the parties' earlier Joint Status Reports, including their reports dated March 28 (ECF No. 124), April 23 (ECF No. 131), May 24 (ECF No. 135), June 24 (ECF No. 149), July 27 (ECF No. 165), August 27 (ECF No. 191), and September 24 (ECF No. 223). Google has continued to produce to Plaintiff States the documents and data produced to the U.S. Department of Justice and its co-plaintiffs in Case No. 1:20-cv-03010 in addition to producing documents and data in response to Plaintiff States' First Set of Requests for Production. Plaintiff States served their Second Set of Requests for Production on September 23, and Google served its responses and objections on October 25.

A summary of the depositions of current and former Google employees that have been recently conducted or noticed by Plaintiffs is set forth above in Section I.B. Five of the completed or scheduled depositions of current or former Google employees referenced in Section I.B were noticed by Plaintiff States. In accordance with the Scheduling and Case Management Order, Plaintiff States have coordinated with the U.S. Department of Justice and its co-plaintiffs in Case No. 1:20-cv-03010 in the noticing and scheduling of all depositions.

### C.    The Parties' Discovery of Third Parties

The parties have issued document subpoenas to approximately 90 third parties. All third parties that have received a subpoena from Plaintiff States have received a cross-subpoena from Google. Similarly, all third parties that have received a subpoena from Google have received a cross-subpoena from Plaintiff States. Both parties anticipate that they will continue to issue additional document subpoenas as discovery progresses. A summary of the third-party depositions that have been recently scheduled is set forth above in Section I.C. The parties anticipate that they will continue to issue additional deposition subpoenas as discovery progresses.

### III.    U.S. Plaintiffs' Position Statement

Nearly a month after Plaintiffs requested Google supplement its production of certain agreements and related materials, Google has not produced a single document. Google's endemic delay jeopardizes the upcoming November and December depositions of Google and third-party witnesses and threatens the overall discovery schedule. To keep discovery moving forward, the Court should order Google to produce: (1) all executed agreements by October 29, (2) refresh documents of custodian Patrick Brady by October 29 (in advance of his November 4 deposition), (3) refresh documents for all noticed deponents on a rolling basis with a complete production by November 5, and (4) refresh documents for all remaining custodians on rolling basis with a complete production by November 15.

On September 30, 2021, Plaintiffs requested that Google supplement six categories of documents no later than October 29. Letter from K. Dintzer to J. Schmidtlein dated September 30, 2021. Plaintiffs and Google continue to meet and confer or have otherwise reached agreement on five of the six categories, some of which were simple go-get requests. The parties were unable to reach agreement on one category of documents that is the focus of this dispute— Plaintiffs' Second Requests for Production, Request No. 25 (RFP 25). Plaintiffs requested a refresh of Google's agreements or licenses and related documents as set forth in RFP 25, which includes, for example, Google's Android-related licenses and the revenue share agreements at the heart of this case.

Despite requesting an immediate meet and confer, Google did not make itself available to discuss until a week later on October 8. To reduce the burden on Google, Plaintiffs explained that they were not seeking any new custodians or search strings and that Google should simply

refresh the same custodians using the three search strings originally applied to the request.[1]

Google agreed, but could not provide an estimated production schedule at that time. Plaintiffs

requested that Google produce any executed agreements in the short-term while custodial files

were being collected and reviewed. On October 18, Google agreed to produce only certain

prioritized agreements with manufacturers and carriers by October 30, a full month after

Plaintiffs' request. Letter from F. Rubinstein to A. Cohen dated October 18, 2021. To date,

however, Google has not produced a single executed agreement to the refresh request, even

though some of these agreements were executed months ago and should have been produced to

Plaintiffs at that time.

Google seeks to shift its failure to timely supplement under the Federal Rules to

Plaintiffs, asserting that Plaintiffs should have made their supplementation request earlier in the

discovery period. Google is mistaken and misguided.

First, the Federal Rules require Google to supplement its production in response to RFP

25, regardless of Plaintiffs' request. Supplemental discovery is governed by Rule 26(e), which

provides in relevant Part:

> In General. A party who . . . has responded to . . . request for
> production . . .—must supplement or correct its disclosure or
> response: (A) *in a timely manner if the party learns* that in some
> material respect the disclosure or response is incomplete or
> incorrect, and if the additional or corrective information has not
> otherwise been made known to the other parties during the
> discovery process or in writing.

Fed. R. Civ. P. 26(e) (emphasis added). This is particularly true for relevant documents that are

only known to Google— *i.e.*, confidential, executed agreements and related communications that

---

[1] On October 18 Google asserted that collections involving more than 100 custodians can take weeks to process, but
clarified a few days later that Plaintiffs' refresh request involves approximately 60custodians and three search
strings. *See* Letters from F. Rubinstein to A. Cohen dated October 18 and 21, 2021.

go to the crux of Plaintiffs' complaint. Google's RFP productions would be materially incomplete without supplementation of these documents, and thus supplementation in response of RFP 25 is mandatory under Federal Rule 26(e). As between the parties, only Google knows when during the discovery period Google negotiated and executed new distribution agreements with its partners. Accordingly, the Court should conclude (1) that Google had a duty – independent of any demand from the Plaintiffs – to disclose newly executed agreements responsive to Plaintiffs' RFP, and (2) that Google failed to meet these obligations.

Second, Plaintiffs may review Google's production and request supplementation at the Plaintiffs' discretion. To reduce the burden on Google, Plaintiffs have reviewed Google's production to determine which RFP responses need to be refreshed, how often, and to what scope.[2] To efficiently depose Google witnesses in November and December, Plaintiffs sent a tailored refresh request.[3] Google offers no bases as to why it could not collect and produce documents responsive to these specific requests in a timely fashion, or even provide estimated production schedules from which the parties could negotiate and plan. Google's efforts, instead, have been directed to delay and confusion – the hallmark of its efforts throughout discovery.

Although Google decries Plaintiffs' requested production timelines as arbitrary and unjustified, the problem lies with Google's meandering pace – one not realistic in the limited months of discovery remaining. Indeed, on October 25, *nearly a month* after Google received the supplementation request, Google advised that it had not even finished collecting and processing

---

[2] Although Google represented to Plaintiffs and the Court that it had substantially completed production of the initial set in August 2020, Google has continued to produce tens of thousands of documents since then; in fact, Google produced approximately four thousand documents responsive to Plaintiffs' Second RFP just days ago.

[3] When the parties met and conferred on the tailored refresh request, Google requested that Plaintiffs serve a more comprehensive refresh request in the near future. To help ease the burden on Google, Plaintiffs obliged and served a second supplementation request this afternoon. That request, however, is not targeted at the depositions noticed in 2021.

the requested documents; Google, therefore, claimed it could only provide rough estimated review and production schedules. Email from G. Safty to A. Cohen dated October 25, 2021. On the morning of this filing, Google informed Plaintiffs that it does not have hit counts available, cannot predict precisely how long it will take to finish collecting and processing the data, and can only estimate based on historical averages that it will produce relevant documents between mid-November and Mid-December. Email from G. Safty to A. Cohen dated October 26, 2021. This is clearly unacceptable. Google's delay is unreasonable, unnecessary, and unsuitable under the current discovery schedule.

For the aforementioned reasons, the Court should order Google to (1) produce all executed agreements by October 29, (2) refresh its production of custodian Patrick Brady by October 29 (in advance of his November 4 deposition), (3) refresh its production for all noticed deponents on a rolling basis with a complete production by November 5, and (4) refresh its production for all remaining custodians on rolling basis with a complete production by November 15.

## IV.    Google's Position Statement

Two weeks ago, the DOJ Plaintiffs asked Google to "refresh" its production of documents responsive to a particular request by applying complex search strings to all of the documents created in the last several months by *more than 60 custodians*. In the interest of avoiding an unnecessary dispute, Google agreed to perform the newly requested searches and committed the resources necessary to produce the documents as soon as practicable, specifically by beginning production in mid-November. Google explained, however, that it is not possible to complete production of the newly requested documents on the DOJ Plaintiffs' unreasonable and arbitrary timeline because of the machine time required to harvest and process the ESI generated by dozens of custodians. Even though the DOJ Plaintiffs are solely responsible for the unusual

8

timing and unreasonable scope of their refresh request, they insisted on burdening the Court with a demand that simply cannot be reconciled with the collection and processing times involved in a large-scale ESI collection. The DOJ Plaintiffs' demands are unreasonable, and they are not entitled to any relief.

### A.   Factual and Procedural Background

Throughout the first few months of 2021, the parties negotiated and litigated the parameters of Google's obligations in responding to the DOJ Plaintiffs' Second Requests for Production (the "Second RFPs"). That process culminated in Google applying dozens of search strings to the files of more than 100 custodians. In each instance, Google collected potentially responsive custodial documents that were created through at least the end of January 2021. Although the parties exchanged correspondence about the Second RFPs on a near-daily basis last spring, the DOJ Plaintiffs never indicated that they would ask Google to "refresh" Second RFP No. 25 or any particular custodial collections in order to capture documents created after the service of the Second RFPs.

On September 30, the DOJ Plaintiffs asked Google to "supplement its production" of several categories of documents purportedly encompassed by the Second RFPs, including "all agreements or licenses, and related communications or documents, as set forth in Second RFP Request No. 25." Sept. 30, 2021 Ltr. from K. Dintzer.[4] On a meet and confer on October 8, Google requested details on which document sets the DOJ Plaintiffs believed should be

---

[4] Second RFP No. 25 provides: "From January 1, 2007, to the present, produce all documents addressing or discussing the following agreements or licenses: a. Android Compatibility Commitments (ACC); b. Anti-Fragmentation Agreements (AFA); c. Google Assistant Distribution Agreements (GADA); d. Google Automotive Services (GAS); e. Google Mobile Services (GMS); f. Google Play Services (GPS); g. Mobile Application Distribution Agreements (MADA); h. Mobile Incentive Agreements (MIA); i. Revenue Share Agreements (RSA). For clarity, this includes: i. The agreements themselves, exchanged drafts of the agreements, discussions of drafts, or improvements of the agreements; ii. Communications with third parties about the agreements; and iii. Documents addressing or discussing the agreements' purpose, effect, negotiation, implementation, operation, function, enforcement, requirements, restrictions, changes over time, revenue, cost, and value."

refreshed. On October 12, the DOJ Plaintiffs stated for the first time that they expect Google to supplement its prior productions in response to Second RFP No. 25 by applying three complex search strings to the files of *more than 60 custodians* to capture potentially responsive documents created through September 2021. *See* Oct. 12, 2021 Email from A. Cohen. In other words, the DOJ Plaintiffs' requested refresh is not limited to the targeted set of contracts executed or negotiated since Google's sweeping collections and productions earlier this year, but rather also encompasses emails and other electronic records that must be collected from custodial files.

Although the request was unwarranted and overbroad, Google did not spend time serving objections, generating hit reports, or negotiating more reasonable parameters. Instead, in the interest of moving forward as quickly as possible, Google accepted the DOJ Plaintiffs' proposed refresh of Second RFP No. 25 and kicked off the time-consuming process of harvesting and processing the dozens of custodial files. As Google has previously explained, that process is especially time intensive because of the complexity of the search terms and the number of custodians at issue. *See, e.g.*, Feb. 23, 2021 JSR (ECF No. 111) at 14 (noting that the "processing step is time consuming" and "is not a process that can be expedited by adding attorneys or other legal personnel"). Google therefore informed the DOJ Plaintiffs last week that it will "produce the documents expeditiously" and "prioritize documents collected from custodians who have been noticed for deposition," but there is "no conceivable way" to meet the DOJ Plaintiffs' demand for near-immediate production of the documents. Oct. 21, 2021 Ltr. from F. Rubinstein.

Although Google does not yet know how many documents will be retrieved by the searches because the collection and processing is ongoing, it will devote the resources necessary to produce the documents as soon as practicable. Based on historical processing and review times, Google anticipates that it will be able to produce the custodial documents requested by the

DOJ Plaintiffs in connection with the refresh of Second RFP No. 25 on a rolling basis between mid-November and mid-December.

### B.   Any Purported Issue with the Timing of the Refresh Is Entirely of the DOJ Plaintiffs' Own Making

As the foregoing makes clear, Google has acted as reasonably and expeditiously as possible under the circumstances. The DOJ Plaintiffs knew that Google's custodial collections occurred in early 2021, shortly after the DOJ Plaintiffs issued their First and Second RFPs. If the DOJ Plaintiffs believed that it was important to have a "refresh" production in hand by the end of October, then they could have made the request over the summer (or in the preceding six months, during the parties' Court-ordered conferrals over ESI collection), so that the parties could have negotiated appropriate parameters and Google could have initiated the time-consuming collection process.

The DOJ Plaintiffs likewise are solely responsible for the scope of their refresh request, which is the principal reason that the production cannot be completed within a couple of weeks. The DOJ Plaintiffs could have limited their refresh request to documents that can be manually retrieved, such as agreements proposed to or executed by particular counterparties since early 2021. Instead, the DOJ Plaintiffs requested for the first time on October 12 that Google collect not only those agreements, but also emails and other documents from more than 60 custodians. Having dictated the timing and scope of their request, the DOJ Plaintiffs cannot be heard to complain about the fact that it is not feasible to collect, review, and produce the documents of dozens of custodians in a matter of two or three weeks.

The DOJ Plaintiffs' production timelines also are as arbitrary as they are unreasonable. Although the DOJ Plaintiffs presumably will hypothesize that they might want to reference the requested documents at depositions occurring in November, they control the timing and

sequence of the depositions of Google employees. Again, the DOJ Plaintiffs could have anticipated and resolved this purported issue by raising it months ago.

### C.    Google Was Not Obligated to Refresh Its Production

In correspondence about this issue, the DOJ Plaintiffs have asserted that "Google's obligation to supplement under Rule 26 is ongoing and does not require Plaintiffs to notify it via a letter." Oct. 19, 2021 Email from A. Cohen. Rule 26(e)(1) provides, among other things, that a party must "supplement or correct its disclosure or response … in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Contrary to the DOJ Plaintiffs' assertion, however, "nothing in that rule imposes a never ending obligation to produce documents continuously as they are created." *Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, 2008 WL 4786671, at *2 (N.D. Cal. Oct. 29, 2008). From a practical perspective, "To say that the duty to supplement covers documents generated after that date would render meaningless any delineated time period for production." *Id.* And in a literal sense, a response to a request for production is not rendered "inaccurate" or "incomplete" by the subsequent creation of new documents that may be responsive to the request. *See, e.g.*, *Hnot v. Willis Grp. Holdings, Ltd.*, 2006 WL 2381869, at *2 n.4, *5 (S.D.N.Y. Aug. 17, 2006) ("[A] complete and accurate set of computer data for the period ending December 31, 2001 is not rendered incomplete or incorrect for purposes of Rule 26(e) simply by virtue of the fact that defendants also possess data pertaining to the entirely different time period beginning January 1, 2002.").

Simply put, Google had no obligation to produce the subsequently created documents that the DOJ Plaintiffs requested, and it certainly was not required to search for potentially responsive documents in the files of more than 60 custodians. When the DOJ Plaintiffs made that

request two weeks ago, however, Google accepted it in the interest of moving forward as quickly as possible, and Google is committed to doing just that. Nothing more is required, and the DOJ Plaintiffs' arguments to the contrary should be rejected.

Dated: October 26, 2021                         Respectfully submitted,

                                                By:  /s/ *John E. Schmidtlein*
                                                John E. Schmidtlein (D.C. Bar No. 441261)
                                                Benjamin M. Greenblum (D.C. Bar No. 979786)
                                                Colette T. Connor (D.C. Bar No. 991533)
                                                Williams & Connolly LLP
                                                725 12th Street, NW
                                                Washington, DC 20005
                                                Tel: 202-434-5000
                                                jschmidtlein@wc.com
                                                bgreenblum@wc.com
                                                cconnor@wc.com

                                                Susan A. Creighton (D.C. Bar No. 978486)
                                                Franklin M. Rubinstein (D.C. Bar No. 476674)
                                                Wilson Sonsini Goodrich & Rosati P.C.
                                                1700 K St, NW
                                                Washington, DC 20006
                                                Tel: 202-973-8800
                                                screighton@wsgr.com
                                                frubinstein@wsgr.com

                                                Mark S. Popofsky (D.C. Bar No. 454213)
                                                Ropes & Gray LLP
                                                2099 Pennsylvania Avenue, NW
                                                Washington, DC 20006
                                                Tel: 202-508-4624
                                                Mark.Popofsky@ropesgray.com

                                                *Counsel for Defendant Google LLC*

By: /s/ Kenneth M. Dintzer
Kenneth M. Dintzer
Jeremy M. P. Goldstein
U.S. Department of Justice, Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Kenneth.Dintzer2@usdoj.gov

*Counsel for Plaintiff United States*

By: /s/ Jonathan R. Carter
Leslie Rutledge, Attorney General
Johnathan R. Carter, Assistant Attorney General
Office of the Attorney General, State of Arkansas
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Johnathan.Carter@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

By: /s/ Adam Miller
Rob Bonta, Attorney General
Ryan J. McCauley, Deputy Attorney General
Adam Miller, Deputy Attorney General
Paula Blizzard, Supervising Deputy Attorney
General
Kathleen Foote, Senior Assistant Attorney General
Office of the Attorney General,
California Department of Justice
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102
Adam.Miller@doj.ca.gov

*Counsel for Plaintiff State of California*

By: /s/ Lee Istrail
Ashley Moody, Attorney General
R. Scott Palmer, Interim Co-Director, Antitrust
Division
Nicholas D. Niemiec, Assistant Attorney General
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com

14

*Counsel for Plaintiff State of Florida*

By:_____*/s/ Daniel Walsh*_____
Christopher Carr, Attorney General
Margaret Eckrote, Deputy Attorney General
Daniel Walsh, Senior Assistant Attorney General
Dale Margolin Cecka, Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
dcecka@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

By:_____*/s/ Scott L. Barnhart*_____
Theodore Edward Rokita, Attorney General Scott
L. Barnhart, Chief Counsel and Director,
Consumer Protection Division
Matthew Michaloski, Deputy Attorney General
Erica Sullivan, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Scott.Barnhart@atg.in.gov

*Counsel for Plaintiff State of Indiana*

By: _____*/s/ Philip R. Heleringer*_____
Daniel Cameron, Attorney General
J. Christian Lewis, Executive Director of
Consumer Protection
Philip R. Heleringer, Deputy Executive Director of
Consumer Protection
Jonathan E. Farmer, Assistant Attorney General
Office of the Attorney General, Commonwealth of
Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Phone: 502-696-5647
philip.heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*

By:_____*/s/ Christopher Alderman*_____
Jeff Landry, Attorney General
Christopher J. Alderman, Assistant Attorney

General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
AldermanC@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

By:_____*/s/ Scott Mertens*_____
Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lasing, MI 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

By:_____*/s/ Stephen Hoeplinger*_____
Stephen M. Hoeplinger
Assistant Attorney General
Missouri Attorney General's Office
615 E. 13th Street, Suite 401
Kansas City, MO 64106
Stephen.Hoeplinger@ago.mo.gov

*Counsel for Plaintiff State of Missouri*

By:_____*/s/ Hart Martin*_____
Lynn Fitch, Attorney General
Hart Martin, Special Assistant Attorney General
Crystal Utley Secoy, Assistant Attorney General
Office of the Attorney General, State of
Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Hart.Martin@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

By:_____*/s/ Mark Mattioli*_____
Austin Knudsen, Attorney General
Mark Mattioli, Chief, Office of Consumer

Protection
Office of the Attorney General, State of Montana
P.O. Box 200151
555 Fuller Avenue, 2nd Floor
Helena, MT 59620-0151
mmattioli@mt.gov

*Counsel for Plaintiff State of Montana*

By: _____/s/ Rebecca M. Hartner_____
Rebecca M. Hartner, Assistant Attorney General
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney General
C. Havird Jones, Jr., Senior Assistant Deputy
Attorney General
Mary Frances Jowers, Assistant Deputy Attorney
General
Office of the Attorney General, State of South
Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
RHartner@scag.gov

*Counsel for Plaintiff State of South Carolina*

By: _____/s/ Bret Fulkerson_____
Bret Fulkerson
Office of the Attorney General, Antitrust Division
300 West 15th Street
Austin, Texas 78701
Bret.Fulkerson@oag.texas.gov

*Counsel for Plaintiff State of Texas*

By: _____/s/ Gwendolyn J. Lindsay Cooley_____
Joshua L. Kaul, Attorney General
Gwendolyn J. Lindsay Cooley, Assistant Attorney
General
Wisconsin Department of Justice
17 W. Main St.
Madison, WI 53701
Gwendolyn.Cooley@Wisconsin.gov

*Counsel for Plaintiff State of Wisconsin*

By:  */s/ Jonathan B. Sallet.*

Jonathan B. Sallet, Special Assistant
Attorney General (D.C. Bar No. 336198)
Steven Kaufmann, Deputy Attorney General
(D.C. Bar No. 1022365 *inactive*)
Diane R. Hazel, First Assistant Attorney
General (D.C. Bar No. 1011531 *inactive*)
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Tel: 720-508-6000
Jon.Sallet@coag.gov
Steve.Kaufmann@coag.gov
Diane.Hazel@coag.gov

*Counsel for Plaintiff Colorado*

Joseph Conrad
Office of the Attorney General of Nebraska
Consumer Protection Division
2115 State Capitol Building
Lincoln, NE 68509
402-471-3840
joseph.conrad@nebraska.gov

*Counsel for Plaintiff Nebraska*

Brunn W. (Beau) Roysden III, Solicitor
General
Michael S. Catlett, Deputy Solicitor General
Dana R. Vogel, Unit Chief Counsel
Christopher M. Sloot, Assistant Attorney
General
Arizona Office of the Attorney General
2005 North Central Avenue
Phoenix, Arizona 85004
Tel: (602) 542-3725
Dana.Vogel@azag.gov

*Counsel for Plaintiff Arizona*

Max Merrick Miller
Attorney General's Office for the State of
Iowa
1305 East Walnut Street, 2nd Floor
Des Moines, IA 50319
(515) 281-5926
Max.Miller@ag.Iowa.gov

*Counsel for Plaintiff Iowa*

Elinor R. Hoffmann
John D. Castiglione
Morgan J. Feder
Office of the Attorney General of New York
28 Liberty Street, 21st Floor
New York, NY 10005
212-416-8513
elinor.hoffmann@ag.ny.gov
john.castiglione@ag.ny.gov
morgan.feder@ag.ny.gov

*Counsel for Plaintiff New York*

Jonathan R. Marx
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
919-716-6000
Jmarx@Ncdoj.Gov
jsutton2@ncdoj.gov

*Counsel for Plaintiff North Carolina*

J. David McDowell
Jeanette Pascale
Christopher Dunbar
Office of The Attorney General & Reporter
P.O. Box 20207
Nashville, TN 37202
615-741-3519
david.mcdowell@ag.tn.gov
jenna.pascale@ag.tn.gov
chris.dunbar@ag.tn.gov

*Counsel for Plaintiff Tennessee*

Tara Pincock
Attorney General's Office Utah
160 E 300 S, Ste 5th Floor
PO Box 140874
Salt Lake City, UT 84114
801-366-0305
tpincock@agutah.gov

*Counsel for Plaintiff Utah*

Jeff Pickett
Senior Assistant Attorney General
jeff.pickett@alaska.gov
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Tel: (907) 269-5100

*Counsel for Plaintiff Alaska*

Nicole Demers
State of Connecticut Office of the Attorney
General
165 Capitol Avenue, Ste 5000
Hartford, CT 06106
860-808-5202
nicole.demers@ct.gov

*Counsel for Plaintiff Connecticut*

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
302-577-8924
michael.undorf@delaware.gov

*Counsel for Plaintiff Delaware*

Catherine A. Jackson (D.C. Bar No. 1005415)
Elizabeth Gentry Arthur
David Brunfeld
Office of the Attorney General for the District of Columbia
400 6th Street NW
Washington, DC 20001
202-724-6514
catherine.jackson@dc.gov
elizabeth.arthur@dc.gov
david.brunfeld@dc.gov

*Counsel for Plaintiff District of Columbia*

Leevin Taitano Camacho, Attorney General
Fred Nishihira, Chief, Consumer Protection Division
Benjamin Bernard Paholke, Assistant Attorney General
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Tel: (671)-475-3324
bpaholke@oagguam.org

*Counsel for Plaintiff Guam*

Rodney I. Kimura
Office of the Attorney General of Hawaii
Commerce & Economic Development
425 Queen Street
Honolulu, HI 96813
808-586-1180
rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff Hawaii*

Brett DeLange
Office of the Idaho Attorney General
Consumer Protection Division
954 W. State St., 2nd Fl.
PO Box 83720
Boise, ID 83720-0010
208-334-4114
brett.delange@ag.idaho.gov

*Counsel for Plaintiff Idaho*

Erin L. Shencopp
Blake Harrop
Joseph Chervin
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
312-793-3891
eshencopp@atg.state.il.us
bharrop@atg.state.il.us
jchervin@atg.state.il.us

*Counsel for Plaintiff Illinois*

Lynette R. Bakker
Office of the Attorney General of Kansas
Consumer Protection & Antitrust
120 S.W. 10th Avenue, Ste 2nd Floor
Topeka, KS 66612-1597
785-368-8451
lynette.bakker@ag.ks.gov

*Counsel for Plaintiff Kansas*

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
Augusta, ME 04333-0006
207-626-8838
christina.moylan@maine.gov

*Counsel for Plaintiff Maine*

Schonette J. Walker
Assistant Attorney General
Deputy Chief, Antitrust Division
Office of the Attorney General
swalker@oag.state.md.us

Gary Honick
Assistant Attorney General
Office of the Attorney General
200 St. Paul Place, 19th Floor
Baltimore, MD 21202

410-576-6480
ghonick@oag.state.md.us

*Counsel for Plaintiff Maryland*

Matthew B. Frank, Assistant Attorney
General Antitrust Division
William T. Matlack, Assistant Attorney
General
Chief, Antitrust Division
Michael B. MacKenzie, Assistant Attorney
General
Deputy Chief, Antitrust Division
Office of the Attorney General
One Ashburton Place, 18th Fl.
Boston, MA 02108
Tel: (617) 727-2200
Matthew.Frank@mass.gov
William.Matlack@mass.gov
Michael.Mackenzie@mass.gov

*Counsel for Plaintiff Massachusetts*

Justin Moor, Assistant Attorney General
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2130
(651) 757-1060
justin.moor@ag.state.mn.us

*Counsel for Plaintiff Minnesota*

Marie W.L. Martin
Michelle Christine Newman
Lucas J. Tucker
Nevada Office of the Attorney General
Bureau of Consumer Protection
100 N. Carson Street
Carson City, NV 89701
775-624-1244
mwmartin@ag.nv.gov
mnewman@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff Nevada*

Brandon Garod
Office of Attorney General of New
Hampshire
33 Capitol Street
Concord, NH 03301
603-271-1217
brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff New Hampshire*

Robert Holup
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
239-822-6123
robert.holup@law.njoag.gov

*Counsel for Plaintiff New Jersey*

Mark F. Swanson
Cholla Khoury
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87504
Tel: 505.490.4885
mswanson@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff New Mexico*

Parrell D. Grossman
Director
Elin S. Alm
Assistant Attorney General
Consumer Protection & Antitrust Division
Office of the Attorney General
1050 E. Interstate Ave., Suite 200
Bismarck, ND 58503
701-328-5570
pgrossman@nd.gov
ealm@nd.gov

*Counsel for Plaintiff North Dakota*

Beth Ann Finnerty
Mark Kittel
Jennifer Pratt
Office of The Attorney General of Ohio,
Antitrust Section
30 E Broad Street, 26th Floor
Columbus, OH 43215
614-466-4328
beth.finnerty@ohioattorneygeneral.gov
mark.kittel@ohioattorneygeneral.gov
jennifer.pratt@ohioattorneygeneral.gov

*Counsel for Plaintiff Ohio*

Caleb J. Smith Assistant Attorney General
Consumer Protection Unit
Office of the Oklahoma Attorney General
313 NE 21st St
Oklahoma City, OK 73105
Tel: (405) 522-1014
Caleb.Smith@oag.ok.gov

*Counsel for Plaintiff Oklahoma*

Cheryl Hiemstra
Oregon Department of Justice
1162 Court St NE
Salem, OR 97301
503-934-4400
cheryl.hiemstra@doj.state.or.us

*Counsel for Plaintiff Oregon*

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Tel: (717) 787-4530
jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Pennsylvania*

Johan M. Rosa Rodríguez
Assistant Attorney General Antitrust
Division
Puerto Rico Department of Justice
PO Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 1201
jorosa@justicia.pr.gov

*Counsel for Plaintiff Puerto Rico*

David Marzilli
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400
dmarzilli@riag.ri.gov

*Counsel for Plaintiff Rhode Island*

Yvette K. Lafrentz
Office of The Attorney General of
South Dakota
1302 E. Hwy 14, Suite1
Pierre, SD 57501
605-773-3215
yvette.lafrentz@state.sd.us

*Counsel for Plaintiff South Dakota*

Ryan G. Kriger
Office of The Attorney General of
Vermont
109 State St.
Montpelier, VT 05609
802-828-3170
ryan.kriger@vermont.gov

*Counsel for Plaintiff Vermont*

Sarah Oxenham Allen
Tyler Timothy Henry
Office of the Attorney General of Virginia
Antitrust Unit/Consumer Protection Section
202 N. 9th Street
Richmond, VA 23219
804-786-6557
soallen@oag.state.va.us
thenry@oag.state.va.us

*Counsel for Plaintiff Virginia*

Amy Hanson
Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-5419
amy.hanson@atg.wa.gov

*Counsel for Plaintiff Washington*

Douglas Lee Davis
Tanya L. Godfrey
Office of Attorney General, State of West
Virginia
P.O. Box 1789
812 Quarrier Street, 1st Floor
Charleston, WV 25326
304-558-8986
doug.davis@wvago.gov
tanya.l.godfrey@wvago.gov

*Counsel for Plaintiff West Virginia*

Benjamin Mark Burningham
Amy Pauli
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
(307) 777-6397
ben.burningham@wyo.gov
amy.pauli@wyo.gov

*Counsel for Plaintiff Wyoming*