# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 1:20-cv-03010-APM <br> HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 1:20-cv-03715-APM <br> HON. AMIT P. MEHTA |

**[PROPOSED] ORDER TO BIFURCATE PROCEEDINGS**

The respective Parties in the above-captioned actions have jointly requested to bifurcate the proceedings to hold separate trials on liability and, if necessary, remedy. (Pursuant to the Court's Order of January 7, 2021, the above-captioned actions have been consolidated for discovery, but not trial;[1] this Order does not change that posture.)

Rule 42(b) of the Federal Rules of Civil Procedure authorizes a court to hold a separate trial on one or more separate issues, "[f]or convenience, to avoid prejudice, or to expedite and

---

[1] *See* Amended Scheduling and Case Management Order, ECF No. 108-1, at 5 n.2 ("Pursuant to the Court's Order of January 7, 2021, the above-captioned actions have been consolidated 'for pretrial purposes, including discovery and all related proceedings,' and any motions to consolidate the Colorado Action with the DOJ Action for trial 'may be renewed after close of expert discovery and resolution of any motions for summary judgment.'").

economize." The Court has considered the Parties' joint requests for separate trials in these matters regarding (a) the liability of the Defendant for violations of Section 2 of the Sherman Act, 15 U.S.C. § 2, as alleged by U.S. Plaintiffs and Colorado Plaintiff States, and (b) the remedies for any such violations.

The Court finds that, to the extent necessary, holding separate trials on the issues of liability and remedies in these actions will be more convenient for the Court and the Parties, and will expedite and economize the litigation in both actions.

IT IS THEREFORE ORDERED

1. There will be a liability phase in each matter that will address only the Defendant's liability under the Sherman Act, and, if the Court renders a decision finding the Defendant liable, the Court will hold separate proceedings regarding the remedies for Defendant's violation(s) of the Sherman Act.

2. During the liability phase, expert reports need not address remedies, nor will experts opine or testify on remedies during discovery or trial on liability.

3. All parties shall meet and confer after the conclusion of fact discovery and present to the Court a proposal or proposals regarding the timing and scope of remedies discovery.

4. Except as described above in section 2, nothing in this Order shall (a) alter the Parties' respective abilities in either action to offer evidence relevant to any issue in the liability proceedings nor alter the burden of proof, persuasion or production to establish each and every element of liability, justifications, or defenses, or (b) prohibit or limit discovery during the liability phases of these actions on issues relevant to remedy.

Dated:	_____
	Amit. P. Mehta
	United States District Court Judge