# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| | HON. AMIT P. MEHTA |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |
| | |
| STATE OF COLORADO, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| | HON. AMIT P. MEHTA |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |

**[PROPOSED] ORDER TO BIFURCATE PROCEEDINGS**

The respective Parties in the above-captioned actions have jointly requested to bifurcate

the proceedings to hold separate trials on liability and, if necessary, remedy. (Pursuant to the

Court's Order of January 7, 2021, the above-captioned actions have been consolidated for

discovery, but not trial;[1] this Order does not change that posture.)

Rule 42(b) of the Federal Rules of Civil Procedure authorizes a court to hold a separate

trial on one or more separate issues, "[f]or convenience, to avoid prejudice, or to expedite and

---

[1] *See* Amended Scheduling and Case Management Order, ECF No. 108-1, at 5 n.2 ("Pursuant to the Court's Order of January 7, 2021, the above-captioned actions have been consolidated 'for pretrial purposes, including discovery and all related proceedings,' and any motions to consolidate the Colorado Action with the DOJ Action for trial 'may be renewed after close of expert discovery and resolution of any motions for summary judgment.'").

economize." The Court has considered the Parties' joint requests for separate trials in these

matters regarding (a) the liability of the Defendant for violations of Section 2 of the Sherman

Act, 15 U.S.C. § 2, as alleged by U.S. Plaintiffs and Colorado Plaintiff States, and (b) the

remedies for any such violations.

The Court finds that, to the extent necessary, holding separate trials on the issues of

liability and remedies in these actions will be more convenient for the Court and the Parties, and

will expedite and economize the litigation in both actions.

IT IS THEREFORE ORDERED

1.  There will be a liability phase in each matter that will address only the Defendant's

    liability under the Sherman Act, and, if the Court renders a decision finding the

    Defendant liable, the Court will hold separate proceedings regarding the remedies for

    Defendant's violation(s) of the Sherman Act.

2.  ~~During the liability phase, expert reports need not address remedies, nor will experts~~

    ~~opine or testify on remedies during discovery or trial on liability.~~

3.  ~~All parties shall meet and confer after the conclusion of fact discovery and present to~~

    ~~the Court a proposal or proposals regarding the timing and scope of remedies~~

    ~~discovery.~~

4.2. N~~Except as described above in section 2, n~~othing in this Order shall (a) alter the

    Parties' respective abilities in either action to offer evidence relevant to any issue in

    the liability proceedings nor alter the burden of proof, persuasion or production to

    establish each and every element of liability, justifications, or defenses, or (b) prohibit

    or limit discovery during the liability phases of these actions on issues relevant to

3

remedy, including (but not confined to) discovery of the remedies that the Plaintiffs intend to seek in this case.


Dated:                                          _____
                                                          Amit. P. Mehta
                                                United States District Court Judge