IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, ET AL.,  )
                                )
        Plaintiffs,      )
                                )  CV No. 20-3010
      vs.                )  Washington, D.C.
                                  )  December 6, 2021
GOOGLE LLC,               )  2:00 p.m.
                                  )
        Defendant.      )
_____)


TRANSCRIPT OF
STATUS CONFERENCE VIA ZOOM PROCEEDINGS
BEFORE THE HONORABLE AMIT P. MEHTA
UNITED STATES DISTRICT JUDGE


APPEARANCES:

For DOJ Plaintiffs:          Kenneth M. Dintzer
                            U.S. DEPARTMENT OF JUSTICE
                            1100 L Street, NW
                            Washington, D.C. 20005
                            (202) 307-0340
                            Email:
                            kenneth.dintzer2@usdoj.gov


For Plaintiff
State of Colorado:          Jonathan Bruce Sallet
                            COLORADO DEPARTMENT OF LAW
                            Consumer Protection Section,
                            Antitrust Unit
                            Ralph L. Carr
                            Colorado Judicial Center
                            1300 Broadway
                            Suite 7th Floor
                            Denver, CO 80203
                            (720) 508-6000
                            Email: jon.sallet@coag.gov

APPEARANCES CONTINUED:

For Defendant Google:          John E. Schmidtlein
                               WILLIAMS & CONNOLLY LLP
                               725 12th St., NW
                               Washington, D.C. 20005
                               (202) 434-5000
                               Email: jschmidtlein@wc.com


Court Reporter:                William P. Zaremba
                               Registered Merit Reporter
                               Certified Realtime Reporter
                               Official Court Reporter
                               E. Barrett Prettyman CH
                               333 Constitution Avenue, NW
                               Washington, D.C. 20001
                               (202) 354-3249


Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription

P R O C E E D I N G S

1

2          COURTROOM DEPUTY:  Good afternoon, Your Honor.

3   This is Civil Action 20-3010, United States of America

4   versus Google LLC.

5          Kenneth Dintzer for the DOJ Plaintiffs.

6          Jonathan Sallet for the Colorado Plaintiffs.

7          And John Schmidtlein on behalf of Google LLC.

8          THE COURT:  Sorry.  I think I was muted there for

9   a second.

10         Can everybody hear me now?

11         MR. DINTZER:  Yes, Your Honor.

12         MR. SCHMIDTLEIN:  Yes, Your Honor.

13         THE COURT:  All right.

14         Good afternoon again, everyone.  I hope everybody

15   is doing well and had a nice weekend.

16         All right.  So we had set this date down last week

17   after the parties had indicated that they wanted to -- at

18   least I had hoped they would take some time to talk about

19   the Rule 30(b)(6) deposition notice that DOJ has issued and

20   some of the objections that Google indicated that it may be

21   raising.  So the hope was the parties would have a chance to

22   meet and confer and sort of come back here today and see

23   where things stand.

24         So, Mr. Dintzer, why don't you kick things off and

25   let us know where things stand.

```
 1            MR. DINTZER:  Sure.  Yes, Your Honor.

 2            And just so the Court knows, we'd also like to

 3   talk about the bifurcation.  There's a, I don't know, a

 4   one-word dispute --

 5            THE COURT:  Yeah, we'll save the one-word dispute

 6   till the end.  Let's take on what may be more --

 7            MR. DINTZER:  We appreciate that, Your Honor.

 8            So as the Court remembers, we hadn't gotten the

 9   R&Os from Google yet, they came the day after the status

10   conference.

11            We have yet to get hard dates for depositions,

12   which is our concern.  The Court knows we sent a notice

13   November 1st.  As provided by the Court, we combined our

14   paragraphs with the Colorado Plaintiffs so it was one

15   complete document but questions from both of us.  Seven of

16   the topics were from the U.S. plaintiffs.  We've received

17   and reviewed their objections and responses, and just two

18   hours ago -- we had a meet-and-confer two hours ago; we got

19   another response from Google.

20            Google has asked to provide interrogatory

21   responses for parts of No. 1, 4, and 7 of the U.S.

22   plaintiffs.  And they've said that it won't count towards

23   our totals.  And so we will agree to let them have a crack

24   at that, as long as we're not prejudiced if we're not

25   satisfied in demanding testimony.  So we're not opposed to
```

1  that.

2       But they have said that they won't provide

3  interrogatory responses until the end of the year, till

4  12/31.  We believe that pushes everything way off, because

5  if we're not satisfied with it, then we have to -- we have a

6  whole process where we're looking at potentially February

7  depositions or late January depositions.

8       So we'd like -- if they're going to take a crack

9  at interrogatory responses, our ask is for the Court to say

10 that those they have to be in by 12/21 so that we have a

11 chance to -- and sometimes -- we've done this once with them

12 successfully, but it was an iterative process, but that will

13 also allow for the potential iterative process.  And then if

14 we don't accept them or if they're not acceptable, then we

15 get witnesses.  That's our first ask for the Court is with

16 respect to those interrogatory responses.

17      Google has asked us to clarify parts of 1, 2, 3,

18 and 5.  We don't believe that they're unclear, but we have

19 engaged with them.  We will note that they could have asked

20 this a month ago; the language of those questions has not

21 changed in the past 30 days.  But we will engage with them.

22 And they've also asked us to discuss the date ranges that

23 are addressed by those, and we will engage with them on

24 those.

25      However, Google won't offer any specific dates for

1    those depositions at all.  They said because we're engaging,

2    they won't give us a date.  And that actually puts it

3    exactly backwards.  We should have a date, and we will work

4    with them, but we should have dates set in the record.

5              So our ask for the Court there is that we start

6    the depositions in December, we believe 12/21 would be a

7    good date to at least start them, but that they definitely

8    be completed by January 5th.  So that's our second ask of

9    the Court.

10             And then finally, because of the delays, these are

11   all -- the answers to these are going to be bleeding into

12   the next deposition, which is scheduled -- the next 30(b)(6)

13   notice, which is scheduled for January 14th.  Our ask from

14   the Court would be to move that to February 14th so that we

15   have a chance to process what we get from this one to inform

16   the next one.

17             And we're reluctant to do that, but Google won't

18   even -- there's just no way we're going to get the

19   information that we're going to need and have a chance to

20   process it.  So those are our asks for the Court today.

21             THE COURT:  Okay.

22             Mr. Sallet, do you want to add anything before I

23   turn to Mr. Schmidtlein?

24             MR. SALLET:  Yes, Your Honor.

25             As Mr. Dintzer has said, there are 13 requests in

1   this RFP -- in this 30(b)(6) notice, and 1 through 7 come

2   from the Justice Department, and 8 through 13 come from us,

3   right?  We did them jointly for the reasons Mr. Dintzer

4   said.  So I'm concentrating just on those.

5          In this respect, there's one, it's request 13,

6   that I think we're making progress on.  Mr. Schmidtlein sent

7   an email this morning suggesting a written response by

8   December 31st.

9          Like the Department of Justice, Your Honor, we do

10  believe that we cannot judge the adequacy of a written

11  response until we see the written response.

12          Indeed, Your Honor, I believe you and I had a

13  colloquy about this at an earlier status conference before

14  the so-called data deposition, the first 30(b)(6)

15  deposition, when we took the same position.  In other words,

16  we're perfectly agreeable with the idea that the written

17  response substitute for testimony, but we can't make the

18  judgment as to its adequacy until we have a chance to

19  examine it.

20          So we hope to move forward in a good way on this.

21  We obviously would like whatever dates are applicable to the

22  Department of Justice.  This is a single 30(b)(6) notice,

23  and we think for both written responses and scheduling of

24  depositions, the same dates should apply to all 13 requests.

25          The second point -- I'm sorry, Your Honor.

1          THE COURT:  That's okay.  Go ahead.

2          And maybe you all don't know the answer to this,

3     but is what you are contemplating is that there would be --

4     say that the deposition were to occur on the 21st of

5     December, I would be surprised if Google has one person

6     prepared, maybe they will, but I'd be surprised if they had

7     one person prepared to address all 13 topics.

8          So are you all asking that there be as many people

9     available as are needed to address each of the topics on the

10    21st, or would you be satisfied that there's at least some

11    live body in a chair under oath taking -- answering

12    questions about some of the topics on the 21st?

13          MR. SALLET:  Your Honor, I don't want to speak for

14    the Department of Justice.  But for us, in an effort to move

15    forward, we have identified two topics, topics 9 and 10,

16    that we've asked to move on first.  All of them are

17    important, but we thought these could be dealt with more

18    expeditiously.  We are in a dialogue with Google about the

19    breadth of those two.  We have promised that we will, by the

20    end of the day tomorrow, provide an additional description

21    that will narrow those requests, provide greater definition

22    to them.

23          So our request, very specifically, is that we have

24    a deponent before the end of the year on these two, we

25    continue to work on the others, and, very importantly, that

1    we identify -- that Google identify now, or before the end

2    of this year, identify who the witnesses will be for topics,

3    as Your Honor notes, there may be multiple, and that we get

4    a schedule in place, get, because, in our view, getting the

5    deponents scheduled will help speed the process, even if it

6    turns out, Your Honor, that written responses for some of

7    these others would be a useful substitute, right?  In that

8    case, we just don't have the deposition.

9         But we do think we need to nail down a deponent

10   for these two, for 9 and 10.  We think we need to

11   identify -- we ask now that Google identify who it will

12   present on each of the topics, and that we schedule the

13   deponents that are identified.

14        THE COURT:  Okay.

15        And, Mr. Dintzer, I assume -- sorry to interrupt

16   you, Mr. Sallet, but can I assume -- Mr. Dintzer, what's

17   your position on if there were to be -- you said start

18   depositions on December 21st, complete them by January 5th.

19   So do I infer correctly from that that you are anticipating

20   or contemplating that -- in other words, this wouldn't all

21   be done on December 21st, but, rather, if there's more than

22   one deponent, those people would be scheduled to cover all

23   the topics through January 5?

24        MR. DINTZER:  We have flexibility there,

25   Your Honor.

 1           I mean, if they say, look, we're going to put up

 2     three people for these topics, maybe one on the 21st and one

 3     on the 22nd and one on January 3rd or whatever, January 4th

 4     or something.

 5           So we -- the goal -- but we want to get them

 6     started, we want to get the information starting to come in,

 7     and we want a date when we know that they're going to be

 8     finished, but we can be -- we are willing to be flexible.

 9           And I should have mentioned, Your Honor, we've

10     withdrawn No. 6 because of what we ended up getting from the

11     first 30(b)(6) and the written response afterwards.  So I --

12     the list of them is -- I didn't mention No. 6 because that's

13     been taken off the table by us.

14           THE COURT:  Okay.

15           All right.  Mr. Sallet, let me turn back to you if

16     there's more you wanted to add?

17           MR. SALLET:  I just wanted to note, Your Honor,

18     that although we identified two that we thought could be

19     dealt with early, there are three others, not 9, 10, not 13,

20     that we will be pursuing, we will seek a meet-and-confer

21     with Google.

22           And to move that process forward, we've informed

23     Google that we intend to provide additional information

24     about those three by the end of the day Thursday.  And they

25     are important, they go to issues, for example, of market

1    definition.  So to move that process forward, we'll provide

2    additional information to Google on those three.

3           And then finally, we request that the Court allow

4    us, with Google and the United States, to file a joint -- a

5    supplemental Joint Status Report next week, we suggest the

6    14th, to see where we are given the immediacy of the kinds

7    of timing questions that we've just discussed.

8           THE COURT:  Okay.

9           All right.  Thank you, Mr. Sallet.

10          Let's turn to Mr. Schmidtlein and get his reaction

11   to all of the above.

12          MR. SCHMIDTLEIN:  Thank you, Your Honor.

13          Let me give you, I guess, a little bit of context.

14   And unfortunately, Your Honor, I think, perhaps, we should

15   have provided you the notice of this so you could actually

16   see in the full color and pageantry of this 30(b)(6) notice,

17   which, contrary to the directions you gave months ago, is

18   not laser-focused, is not narrow.  They contain

19   extraordinarily broad topics.

20          To hear the plaintiffs talk here, you would think

21   these are simple matters that one employee probably has most

22   of the information on and could, with very little

23   preparation or not a lot of preparation, could be ready to

24   offer testimony.  That's not the case.  That's why these --

25   the responses and objections were put together the way they

1   were.

2         And I think as both Mr. Dintzer and Mr. Sallet

3   both acknowledged, for each and every one of the topics that

4   they claim they want to begin getting testimony on here

5   before Christmas, they still are trying to get us back

6   information so that we can see if we can't come to an

7   understanding or agreement about exactly what the scope of

8   these are.  And I want to just -- I'll give you some

9   examples of the types of things that they are -- that

10  they're asking for and that they're focused on.

11        Just to give one example, for the DOJ, topic 3,

12  from 2005 to the present, the methodology by which Google

13  calculates the amount it's willing to pay

14  search-distribution partners in revenue-sharing agreements.

15        There have literally been hundreds of such --

16  overall 100 such agreements since 2005, and that's just one

17  of three subparts of that question.

18        They have deposed already individuals, and will be

19  deposing individuals, who have been involved in negotiations

20  of those agreements.  These are negotiated agreements.  It's

21  not as if there's an off-the-shelf formula for how a

22  search-distribution agreement gets negotiated with a

23  partner.

24        Among the various objections we made was, this is

25  extraordinarily overbroad, it's beyond the scope of what's

1    necessary in the case.  Why don't you identify for us

2    specific agreements that you are particularly interested in,

3    because I'm not going to be able to present a witness to

4    testify about over 100 different agreements.  They are

5    supposedly taking that into consideration and working with

6    us or have said that they're prepared to at least try to

7    come back to us, but that will come later this week.

8            Just to give you an example of one of the priority

9    topics that Mr. Sallet identified, topic 9, from 2005 to

10   present, the data that Google receives from third parties,

11   including specialized vertical providers in connection with

12   Google's search or Google's search advertisers.  From 2005

13   to the present, every third party who has provided data to

14   Google in connection with the search results that they have

15   provided.

16           We communicated last week to them, why don't you

17   identify particular third parties, if there are particular

18   third parties you're interested in, because they then asked

19   for a series of subparts asking for pricing, inventory,

20   availability, capacity, user reviews, the means by which the

21   data is transmitted to Google.

22           I said, there's a -- I can't even put a number on

23   how many third parties over the years Google may have gotten

24   data from, because not everybody -- as I think Your Honor

25   may understand, not all data that appears in Google's search

1   results is necessarily crawled from the web, there are

2   parties that actually provide data to Google.

3           If you type in a -- you know, what was the Caps'

4   score last night, you'll probably get a score and you'll see

5   something that, I believe, like NHL.com they have fed to

6   Google to provide that information.

7           I don't think that's what the plaintiffs are

8   interested in, but they have soaked this in such a way to

9   make it completely undoable.  And we've said, if you want to

10  focus on a defined set of third parties, why don't you

11  provide those to us and we'll then be able to have a

12  conversation about whether that's reasonable and how we

13  might be able to go about getting you the information.

14          It may well be that we can provide you some

15  written information on this and not have a witness show up

16  and just, you know, provide kind of rote factual information

17  that may be easier for lawyers to gather from a whole

18  variety of different sources.  So these are the types of

19  conversations we're in the midst of having with them.

20          I will tell you, Your Honor, that, you know, this

21  week, as I said, we're waiting for them to come back to us

22  on all of these outstanding issues of which there are these

23  scope problems.

24          We've got a couple of depositions going on this

25  week, including one that is a two-day deposition.

1          I will tell you that next week, we have six

2     witnesses being deposed over eight days of testimony,

3     because two of the witnesses are being deposed over two

4     days.

5          And then, of course, the week of -- the week

6     leading up to Christmas, we actually have a third-party

7     deposition already scheduled in there.

8          I have lots of in-house lawyers who are burning

9     the midnight oil, I've got lots of executives, I've got lots

10    of outside lawyers burning the midnight oil.  But to say to

11    us, you know, while we're still in the midst of meeting and

12    conferring and while we have got all of these other

13    depositions in progress, that we somehow are going to jam in

14    and somehow prepare witnesses on topics that haven't even

15    yet been settled or may need to be litigated the week before

16    Christmas, I think is wholly unrealistic.

17         And I've offered to them, depending on how we're

18    able to negotiate potentially some of these other topics, we

19    may be able to provide them, in due course, written

20    responses on those as well.  We may be able to get them more

21    information that way, rather than preparing some witness to

22    try to memorize a lot of information.

23         So I think --

24         THE COURT:  Mr. Schmidtlein, let me ask you the

25    following which is:  Say you all are successful, best-case

1  scenario, by the end of this week, and able to narrow topics

2  in the way that you find manageable, what does that then

3  mean in terms of what you think is a reasonable schedule by

4  which to either have people ready to be deposed, order more

5  people, and/or, at least with respect to the written

6  responses, as to when you think it's reasonable to expect

7  somebody to be seated in a chair once, say, you've reached

8  some agreement by the end of this week?

9         MR. SCHMIDTLEIN:  I mean, I think it is -- if we

10  reach agreement by the end of this week, given all of the

11  other things that are up in the air, there will be a process

12  by which I think what we will see is the lawyers having to

13  do a lot of legwork to gather information between now and

14  Christmas, candidly, while we're juggling all of these other

15  things, and then I think we're looking at trying to prepare

16  witnesses if, in fact, that's what we need to do and we

17  can't do it in writing, that we'll prepare witnesses

18  beginning, again, depending on the availability of who and

19  who's the right people, after the first of the year, and

20  we'll get these people deposed in January.  That's what

21  I think is realistic and reasonable, given the breadth and

22  scope of what we're looking at here.

23         THE COURT:  Okay.

24         I think we are in a difficult spot.

25         Let me just make one observation.  I was reluctant

 1    to make it last time because I hadn't looked at the rules

 2    closely enough and I have since.  And one of the things I do

 3    want to accomplish before we leave here today is this talk

 4    about process going forward for other 30(b)(6) notices and

 5    timing of responding to those and the like.

 6              And some of this is a function of when the notices

 7    were issued, the time it's taken to respond to them.  And

 8    not surprisingly, Google is not going to just sit somebody

 9    in a chair a week after the objections they've made.

10              And, of course, we're also running up against the

11    holidays.  And I'm not going to be one of these judges that

12    expects people to sacrifice their families and all else.

13    And I'm sure people are going to be working through the

14    holidays, but I don't want to create that -- I don't want to

15    be the one that's causing that time pressure.

16              So, look, I think realistically, even if we can

17    get things done by the 10th and given everybody else's

18    schedule, I think it's a little ambitious to expect

19    depositions, even getting them started by the 21st.  And,

20    you know, I don't know what -- are you all planning to take

21    depositions the week of the 27th?  I mean, are people

22    getting scheduled for depositions or are you actually going

23    to exhale a little bit between Christmas and New Year's?

24              MR. SCHMIDTLEIN:  We do not currently have

25    depositions scheduled for that week, Your Honor.  We will be

1    working that week, but we have not imposed on either third

2    parties or party witnesses to be made available for

3    deposition that week.

4            THE COURT:  Okay.

5            Look, I think what's realistic here, and if you're

6    asking me to order something here, and that would be, you

7    know, asking me to order a date by which responses need to

8    be -- or a date by which depositions need to begin, it seems

9    to me realistically we're looking at the first week in

10   January.

11           And, you know, if folks are working the week of

12   the 27th, they should at least be in a position to start

13   getting people deposed that first week, maybe not the 3rd or

14   the 4th but maybe something close to the end of the week.

15   And, you know, that's two weeks after the governments here

16   want to begin.  So that ought to give Google the breathing

17   room it's looking for over the holidays, while other work is

18   happening.

19           We can push out the date for the next set of

20   30(b)(6) notices from January 14th and push that out.  I've

21   already built in another 45 days into the schedule, so

22   pushing that out 30 days is consistent with that.

23           And so if what you all are looking for from me is

24   direction about by when things need to get started, then it

25   seems to me that I'd like to have two things; one,

1  somebody -- let's get deponents in chairs by the week of the

2  3rd, and I'd like to also have Google, to the extent that

3  it's not all done by the 3rd, provide a schedule by which

4  the 30(b)(6) depositions will be completed, who will be

5  sitting in the chairs to be questioned on the various

6  topics, and when those folks will be available, and I'd like

7  Google to be able to get that information back to plaintiffs

8  by the 22nd of December.

9           MR. SCHMIDTLEIN:  I'm sorry, what date was that,

10  Your Honor?  I didn't hear you.

11           THE COURT:  I'm sorry, the 22nd of December.

12  So that's two weeks from Wednesday.  That ought to give you

13  enough time to meet and confer, narrow whatever issues.

14  If there are conflicts that arise and you reach impasses,

15  that's enough time for me to resolve them.

16           But by the 22nd, Google ought to be in a position

17  to identify who is going to be sitting for depositions,

18  addressing which topics and when they will be available, so

19  that everybody knows, going into the holidays, what the

20  schedule will be after the first of the year, okay?

21           And that goes for both written interrogatory

22  responses and the actual live depositions.

23           MR. DINTZER:  Your Honor, could we ask that the

24  written interrogatories -- I mean, Google has proffered

25  those by 12/31.

1              THE COURT:  That's right.  I'm sorry.

2         Yes, I was -- right.

3              So if Google is in a position, by 12/31, to

4    respond in writing, then that'll be the date by which -- to

5    the extent you all agree that there are topics that can be

6    addressed in writing, Google ought to provide those

7    responses by 12/31, okay?

8              MR. DINTZER:  Thank you, Your Honor.

9              THE COURT:  I think that covers all of it.

10             So just to recap, by December 22nd, Google will --

11   the expectation is you all will continue to meet and confer

12   by the 22nd, you'll have witnesses identified who will

13   address each of the topics that are going to be addressed by

14   live testimony, Google will identify who that person is,

15   topics that he or she will be addressing and the dates --

16   and provide dates in which that person will be admitted.

17   So that'll be by the 22nd.  By the 31st Google, like

18   earlier, will provide the written responses that it has

19   agreed to -- that the parties have jointly agreed can be

20   done in writing.  So that'll be the 31st.

21             And in terms of a Joint Status Report, I think if

22   you all want to submit something to me by the 17th that just

23   gives me an update on where things stand in terms of your --

24   well, actually, let's move it up to the 15th, because

25   obviously if there is a conflict, I'd like to know about it

1    because I want to be in a position to resolve anything --

2    any conflicts that might -- that might arise if you reach an

3    impasse by the 17th.  So that if I have to resolve anything,

4    I want to do it in time so that Google can meet the

5    December 22nd deadline, okay?

6              MR. DINTZER:  We appreciate that, Your Honor.

7              MR. SALLET:  Thank you, Your Honor.

8              THE COURT:  So let's quickly, while we're all

9    together -- and then there's also the issue of the

10   bifurcation order.

11             As I read rule 30(b)(6), you all can obviously --

12   you can take 30(b)(6) depositions both of parties and third

13   parties.  I don't see Rule 30(b)(6) as limiting only to

14   parties.

15             And have you all thought about -- have you

16   intended to ask for 30(b)(6) depositions of third parties?

17             MR. DINTZER:  We have not ruled that out,

18   Your Honor.

19             At this point, we have not issued one, but it is

20   something that we've weighed.  I mean, we have a finite

21   number and something that we have not waived, ruled out.

22             THE COURT:  Mr. Schmidtlein, have you thought

23   about whether you intend to do that?

24             MR. SCHMIDTLEIN:  We have thought about it,

25   Your Honor.  We haven't issued any yet.  And I think it's

1    going to be a third-party-by-third-party decision.  I mean,

2    there may be some that we may issue for certain third

3    parties.

4              THE COURT:  Okay.

5              MR. SALLET:  Your Honor, if I might, I don't often

6    endorse Mr. Schmidtlein's statements across the board, but

7    I will say, as to the last one, that's precisely our

8    position.  We are considering it case by case, not made a

9    decision yet.

10             THE COURT:  Okay.

11             Here's what I'd like to avoid:

12             You know, as a consequence of this round where the

13   government's 30(b)(6) was issued on November 1, Google

14   responded, I think, 30 days later, you know, the rule

15   doesn't contemplate a specific time by which a third-party

16   deponent -- excuse me, a 30(b)(6) deponent has to respond.

17   What the rule says is that before or promptly after the

18   notice or subpoena is served, the serving party and the

19   organization must confer in good faith about the matters for

20   examination.

21             That's the only timing element that I read into

22   this rule.  Does anybody think that there's a different

23   timing element that controls a response date by a recipient

24   of a 30(b)(6) notice or subpoena?

25             MR. DINTZER:  Not as I read the rule.

1    Not expressly in the rule itself, no.

2              THE COURT:  Okay.

3              What I'd like to do going forward is put a -- just

4    given how much needs to be done and how little time we have

5    to actually get it done, is to have a ten-day response to

6    any 30(b)(6).

7              Now, again, when I say a ten-day response, that's

8    a date by which, you know, the recipient has to engage in

9    this good-faith meet-and-confer about the matters for

10   examination.

11             And, again, I want to preclude this so we don't

12   have the timeline that we have here, either when the next

13   round of 30(b)(6) notices go out to Google, or if, in the

14   event that any of the parties decide they're going to issue

15   30(b)(6) subpoenas to a third party, that we amend our

16   Scheduling Order -- excuse me, the Case Management Order to

17   provide any party or third party that is a recipient of a

18   notice or subpoena under rule 30(b)(6) shall meet and

19   confer, consistent with the rule within ten days of receipt.

20             I think that will, at a minimum, at least get

21   things moving on what can be obviously very sometimes thorny

22   and maybe complex negotiations over the scope of 30(b)(6)

23   testimony.

24             So at least I'm going to include that in an order

25   that amends our Case Management Order so that hopefully we

1    don't find ourselves in a position -- well, to ensure that

2    things keep moving along and that we don't waste time or

3    sacrifice time unnecessarily on trying to determine the

4    scope of these issues.  I can foresee going forward, that

5    we're going to have more of these issues come up with

6    respect to 30(b)(6) notices, is my guess.

7              MR. DINTZER:  We appreciate that, Your Honor.

8    We think that will be very helpful.

9              MR. SCHMIDTLEIN:  Your Honor, just to be clear,

10   are you setting a ten-day deadline for responses and

11   objections?

12             MR. DINTZER:  We would ask that you do that,

13   Your Honor; that that -- I mean, Google has said that they

14   can't really negotiate until they get their responses and

15   objections.  That's what they kept telling us when we kept

16   asking them on this last round to engage.

17             So what we'd ask is, let's get those in, let's get

18   the conversation started, and that will allow us to be two

19   weeks ahead of the game than we are now.

20             MR. SALLET:  We agree with that, Your Honor.

21             And I think if one looks at the kinds of

22   objections that were in the response to 30(b)(6), there are

23   some where it's just a notion that a request isn't relevant.

24             But there are requests that are specifically

25   stated in our complaint, specifically stated, and the

1   response, in part, is it's not relevant.  It seems to us

2   that could be made in ten days and we could make progress

3   after the ten days and working issues through.

4            THE COURT:  Mr. Schmidtlein, your thought on that

5   request?

6            MR. SCHMIDTLEIN:  You know, I just want to make

7   sure that going forward, we're going to comply with exactly

8   what Your Honor intended.

9            And if you're intending that we start

10  meet-and-confers -- I mean, I usually think that if whoever,

11  whether it's Google or whether it's the plaintiffs, if we

12  issue a 30(b)(6) to them or if it's a third party, if they

13  issue their responses and objections so we sort of know

14  which ones are in play and on what grounds, that usually is

15  a helpful guiding -- a guideline for sort of how we then

16  engage with them.

17           And so I'm fine with ten days for that, if that's

18  what Your Honor wants.  I just want to make sure that we

19  have the rules of the road, that's all.

20           THE COURT:  Yeah.  Okay.

21           So, yes, I think if everybody is in agreement then

22  that within ten days responses and objections to 30(b)(6)

23  notes or subpoena will sort of be the rule of the road going

24  forward, and I think that'll help -- I think that'll help

25  going forward on this issue, which is undoubtedly likely to

1    result in additional disputes and dust-ups as we move

2    forward, okay?

3              All right.  So we'll get out an amended order that

4    reflects that addition to the Case Management Order.

5              All right.  And then unless there's anything else

6    about the 30(b)(6), we can then turn to the order regarding

7    the bifurcation of proceedings and the dispute over the

8    proposed order language.

9              MR. DINTZER:  I have nothing else on the 30(b)(6),

10   Your Honor.

11             MR. SALLET:  Nothing from us.

12             THE COURT:  Okay.

13             So the issue, as I understand it, and I guess this

14   will make a non-lawyer probably roll their eyes, and that is

15   whether paragraph 2 of the proposed order ought to reflect

16   that during the liability phase -- the proposed language is,

17   during the liability phase, expert discovery and testimony

18   need not offer specific opinions regarding particular

19   remedies beyond that necessary to demonstrate liability.

20   I believe Google's position is the word ought to be

21   "necessary," and the government's position is the

22   plaintiff's position is -- or am I reversing them?  I'm

23   reversing.  Sorry about that.

24             So the question is whether it ought to say

25   "necessary" or "pertinent," and I have been tasked with the

1   very heavy burden of making that decision.

2           So, Mr. Dintzer, do you want to tell me why one is

3   more significant -- one is more preferable than the other?

4           MR. DINTZER:  Sure.

5           And let me start by saying, we had agreement with

6   on the word "necessary."  Google, we had given them a

7   written draft, they'd edited it, we'd accepted their edits,

8   and, between us, we'd agree on the language that included

9   the word "necessary."  And then we heard on, I believe,

10  Friday, so right before we were about to file, that that --

11  they weren't happy with that.  So we'd ask the Court --

12  I mean, both we and Google represented we had an agreement;

13  we'd ask the Court to hold them to that.

14          The thing about it, if you read it -- and this is

15  coming from a person who does a lot of contract work, if you

16  look at No. 2, what -- paragraph 2, what it does is it kind

17  of -- it's the meat of the order.  It says what both

18  parties -- it's sort of a safe harbor:  A need to offer

19  specific opinions regarding particular remedies.  That's

20  sort of the safe harbor.  And then it offers an exception:

21  Except when necessary to prove liability.  Okay.  Well,

22  then, of course, you have to offer.

23          "Necessary" is a very clear line.  Either it's

24  necessary or it's not necessary.  It lets the parties know

25  exactly what they need to do.  And so we'd ask the Court to

adopt that.

What Google offers and requests is "pertinent,"
which means, if you look at Webster's, relating to the
thing.  Well, obviously, whether it's pertinent to
liability, that creates vagueness, okay?  So now we get to
argue about what's pertinent to liability, not necessary but
just pertinent.  And so we have some room for litigation
there and fighting and lack of clarity.

But there's no -- Google's offered us no
explanation why "necessary" -- why anything beyond
"necessary" would be, not to repeat myself, but necessary.

If it's necessary for liability, that's great,
that should be something that should be addressed.  Anything
farther out than that, that's safe for the remedy phase,
where we'll have -- we'll be -- I'm sure we'll be addressing
it in depth.

And so "pertinent" -- their request to change from
the agreement to the word "pertinent" is -- it creates an
ambiguity, and we see no basis and they've offered us
nothing.  All we got was an email Friday afternoon that this
is what they wanted and they insisted on it.  So we'd ask
the Court to adopt "necessary."

THE COURT:  Okay.

Mr. Sallet.

MR. SALLET:  Yes.

1              I just would like to put this in context:

2      The relevant phrase applies to exert discovery and

3      testimony.

4              So to begin, we understand that to mean

5      questioning of experts at depositions.  We don't understand

6      this to have any applicability to the expert reports.

7      In other words, this isn't a mandate that an expert have to

8      address an issue in a report, but it does provide the basis

9      for questioning at, for example, a deposition or any form of

10     expert discovery.  So taking that, we think that the

11     Department of Justice's position is correct.

12             In terms of a deposition, this provision acts as a

13     kind of requirement that the expert has to address something

14     that he or she may not have addressed, presumably didn't

15     address in the expert report.  That's okay.  Questions can

16     go beyond the bounds of an expert report.

17             But here where we've established or are about to

18     establish a separate remedies proceeding, we think, by far,

19     the better position is what we and the Department of Justice

20     proposed and we thought Google had accepted; in other words,

21     the questioning needs to be necessary to the demonstration

22     of liability.

23             THE COURT:  Mr. Schmidtlein, why don't you

24     go ahead and respond and then I'll -- I do have a question

25     about all this and what it means as a practical matter.

1          MR. SCHMIDTLEIN:  Well, first, Your Honor, on this

2     question of what we agreed to, Mr. Dintzer handed us a,

3     like, scrawled, modified version five minutes before we

4     walked into court.  I looked at it with my co-counsel and

5     said -- we made a minor edit.  I said, I think this is

6     probably fine, I think we can have an agreement here.  We

7     took it back to our client obviously after the hearing and

8     we had a further discussion.  That's where this word came

9     from.  So this was not something that we had agreed to four

10    days before the hearing and then after the hearing we've

11    changed our minds on.  We went back and we conferred with

12    our client.

13          The second point is, I think what we're trying to

14    avoid here is some motion practice later where we get into a

15    fight about what's necessary, right?  I mean, I'm glad

16    Mr. Dintzer, with all of his contract experience, seems to

17    think that he can define "necessary" with more precision,

18    what's necessary for liability in a Section 2 case, as

19    opposed to what's sort of pertinent or relevant, we think --

20    I don't want somebody coming in and saying, oh, you can't

21    offer that opinion because it's not necessary.  It might be

22    pertinent but it's not necessary, so you can't offer that

23    opinion.

24          We actually think "pertinent" is sort of the more

25    forgiving, broader standard.  If somebody wants to offer the

opinion, they can.  They need not offer an opinion beyond

what's relevant to a liability decision, and, you know,

obviously Your Honor will later determine what's relevant

for liability or not.  But we didn't want to get caught here

with a game of *Gotcha!*

As to Mr. Sallet's remarks about questioning a

deposition, I candidly don't understand what he's talking

about.  This has to do with opinions that are being offered.

I don't think this necessarily has to do with specifically

as to limited to depositions.  This has to do about

opinions, whether in deposition or otherwise.

So trying to define or trying to limit people

upfront to only what's necessary, I think, could provoke

more disputes, and that's the concern we had.

MR. SALLET:  Well, Your Honor --

MR. DINTZER:  Your Honor, could I just jump in to

address something Mr. Schmidtlein said?

I'm sorry, may I go?

THE COURT:  No.  Go ahead.

MR. DINTZER:  Oh, okay.  Thank you.

So I think he misreads the order, because the

order says, during the liability phase, expert discovery

testimony need not offer.

So if they want to come in -- he says, well, we're

concerned that we won't be allowed to do something, because

1   it's framed as a "need not," he can rest assured that he can

2   do -- I mean, he can bring in whatever he wants as long as

3   the Court wants to hear something that's not necessary.

4          But -- so there's nothing in paragraph 2 that

5   would stop him from doing it, whether the word "necessary"

6   or "pertinent" is in it.  He misunderstands the language.

7          The only thing that this says is that nobody can

8   be forced to, "need not," can be forced to do it in a

9   deposition or in a trial or anywhere else.

10          So I think Mr. Schmidtlein's concern is misguided,

11   and I think that's why -- maybe that's why they ended up

12   with the word "pertinent"; maybe he misunderstood the order.

13   But there's nothing says that he can't do that.

14          MR. SALLET:  I agree, Your Honor.  I'd like to add

15   one other point.

16          If Mr. Schmidtlein intends this language to apply

17   to opening reports and an expert need not offer specific

18   opinions, but must, in fact, offer specific opinions and

19   anything pertinent to liability, then we've created a

20   substantive rule, a new substantive rule, a new substantive

21   requirement on what an expert must speak to.

22          As Mr. Dintzer says, an expert can speak to

23   whatever he or she wishes.  But Mr. Schmidtlein imposes sort

24   of a *Daubert*-plus test or a motions practice in which

25   someone could come in later and say, well, this expert

1   report didn't meet the standard of paragraph 2.  That was

2   not the intent of anybody in crafting this provision.

3          MR. DINTZER:  We agree with that, Your Honor.

4          And, in fact, I mean, the fact -- when they

5   accepted our proposal, we accepted language from them as a

6   compromise when they said, we'll take this if you accept

7   this word.  They crossed it out -- I don't remember if they

8   crossed it out.  Anyway, and we said, okay, we'll take your

9   change.  So there was a back-and-forth that was done, but we

10  don't need to get deeper into that.

11         But I do agree with Mr. Sallet and what he just

12  said.

13         THE COURT:  All right.  Hang on.

14         Hang on, everybody, just for a moment, if you

15  would, please.

16         (Pause)

17         THE COURT:  Maybe I'm just not -- maybe I'm not

18  the wordsmith that everybody else is here, but, I mean, I

19  read this paragraph simply to say the following, which is

20  that:  Because we have bifurcated liability and remedies,

21  any expert reports essentially is -- the expert discovery

22  does not need to address -- you know, doesn't need -- need

23  not offer specific opinions regarding remedies -- the expert

24  reports don't need to say anything about remedies.  And that

25  I read this to essentially say, but if the parties want to

1  offer an expert that does, for whatever reason, provide an

2  opinion about remedies, then they're free to do that.

3       I don't read the rule -- I mean, the paragraph, to

4  necessarily be either compulsory or preclusive.  And the

5  parties ought to simply be guided, it seems to me, by the

6  general -- the line that we've drawn as to what is liability

7  and what's remedies.

8       And look, I suspect there is some ambiguity there,

9  but whether the word "necessary" appears here or

10 "pertinent," I'm not sure it's going to box anybody in or

11 hamstring one way or another in terms of what you do want to

12 offer now versus what you might need to offer later if there

13 is a remedies phase.

14      So, you know, I'm happy to use "necessary," but at

15 the end of the day, I also don't know what difference it

16 really makes, I'll be honest with you.

17      Yes, Mr. Schmidtlein?

18      MR. SCHMIDTLEIN:  Your Honor, if I may.

19      I think the issue here, I can tell you at least

20 for Google is, we don't want anything here to be construed

21 as excusing the plaintiffs from having to make a full

22 liability showing in this case, which we believe must

23 include some assessment of what the world looks like with

24 the conduct and what the world will look like without

25 whatever the supposed conduct is that they say is unlawful,

which, Your Honor, is not entirely clear from the complaint,

and what the world they think going forward should be, and

that does overlap, to some degree, with remedy.

        And so the issue we have is, we do not want them

to come back in later and say that you somehow, through this

language, unwittingly pre-judged, oh, their experts don't

have to take into consideration anything having to do with

remedy because we bifurcated the proceedings, and our

position is going to be, no, no, that's not the case.

        THE COURT:  Look, I think that -- I mean, I hear

you and I know you raised that previously.

        My view on that is that I'm certainly not -- in

terms of the extent to which what you say is correct, and

I'm not expressing any opinion on it, and in terms of what

the plaintiffs need to do to carry their burden, what

paragraph 2 says or doesn't say isn't going to matter one

whit.

        And if at the end of the day I've come to the

conclusion that they haven't carried their burden because

they haven't -- their expert hasn't addressed what the world

would look like in a remedy situation for purposes of

liability, if that's a part of what they need to do, and,

again, I'm not sure whether they need to do that or not,

whether paragraph 2 included the word "necessary" or

"pertinent" is really not going to matter.

1          What's going to matter is the question of

2     ultimately, what do I think is -- what is the evidence that

3     the government needs to prove based upon the statutes, the

4     case law in terms of establishing liability.

5          And if they've overread this to sort of say,

6     all right, all remedies to the side and I conclude that,

7     actually, no, you did need to address remedies to some

8     extent in establishing liability and they didn't do it,

9     well, that's a gamble they took and they lost.

10          So I don't think anybody ought to believe one way

11     or another that the issue that Mr. Schmidtlein has flagged

12     is going to be somehow defined by whether the word

13     "pertinent" is used here or the word "necessary" is used

14     here.

15          I think the bigger issue is the one that I've

16     identified, which is, what's the burden, what's the proof

17     necessary to establish the burden of liability.  And if it

18     creeps into remedies, great, I'll consider that evidence.

19          But certainly nobody's compelled to, by either

20     this paragraph or anything else about any particular

21     evidence, about any particular topic.  You know, the

22     question at the end of the day ultimately is, have the

23     plaintiffs carried their burden?  And to the extent there

24     are any affirmative defenses here, there is a burden on the

25     defendant to establish them, have those been established.

1              So, you know, I can choose either word.  I can

2    flip a coin and at the end of the day, I don't think it's

3    going to make a difference to me one way or another.

4              MR. SCHMIDTLEIN:  Your Honor, with those

5    statements now firmly implanted in the record, I will defer

6    to your coin flip.

7              THE COURT:  Okay.

8              MR. SALLET:  Well, we thought it was going to be a

9    majority vote among the three parties.  I'm kidding.

10             THE COURT:  Yeah, well, you know, they get a

11   vote --

12             MR. DINTZER:  I know.

13             THE COURT:  -- too, because they're defendants

14   too.

15             MR. SALLET:  I know, Your Honor.

16             I just think it's very important that what you

17   have said puts to rest a notion that we're creating a

18   special new rule of liability out of a sentence and an order

19   around creating a remedies phase.

20             THE COURT:  Yeah, I can understand why there's a

21   concern, but rest assured, I think it's -- it's highly

22   unlikely that any substantive decision or even any decision

23   on procedure is going to be determined by this paragraph.

24             MR. DINTZER:  And if I may be heard, Your Honor?

25             THE COURT:  Hang on.

1          I think it's just a guidepost for you-all to --

2     that makes clear that we are going to bifurcate remedies.

3          But to the extent remedies are necessary, and,

4     again, there may be -- I'm sorry, are pertinent, relevant,

5     necessary, whatever the word may be, to the liability issue,

6     the experts not only can but ultimately should if that's

7     what the law requires them to opine about in terms of

8     establishing liability.

9          Mr. Dintzer.

10          MR. DINTZER:  I'm sorry, I didn't mean to

11     interrupt Your Honor.

12          All I was going to say is this:  Directing the

13     Court to the third paragraph, that's what you've been saying

14     is also already captured in that we say in the third

15     paragraph that nothing here is going to change anybody's

16     burden, et cetera.

17          THE COURT:  Right.

18          MR. DINTZER:  So, I mean, that was never the

19     intent.

20          The intent was to make sure that the trial -- it's

21     not like -- we don't get, well, you didn't address your

22     remedies here.  Well, you didn't have to address remedies

23     here.

24          So I think with Your Honor's understanding,

25     you know, we've explained our position, but I just wanted

 1   the Court to understand, we believe paragraph 3 does exactly

 2   what you have described.

 3            THE COURT:  All right.

 4            On this piece of paper, I've assigned a number to

 5   "pertinent" and a number to "necessary."

 6            So, Mr. Dintzer, I'll give you the honors.  Just

 7   yell out 1 or 2 and then I'll tell you what the word is

 8   that's associated with that number.

 9            MR. DINTZER:  2.

10            THE COURT:  2 is the number.

11            So the word is "necessary" that's associated with

12   that.  So necessary will be the winner.  So the plaintiffs

13   have prevailed on that very contentious issue.

14            And we'll go ahead and -- I mean, we've got both

15   orders, so we'll go ahead and take care of signing that

16   order and getting it docketed and making sure the other

17   scheduling and case-management issues that we've talked

18   about today also are reflected in that, okay?

19            MR. DINTZER:  We appreciate that, Your Honor.

20            THE COURT:  All right.  Thank you, all.

21            Anything else before we adjourn?

22            MR. DINTZER:  Nothing from the government,

23   Your Honor.

24            MR. SALLET:  Nothing for Colorado.

25            MR. SCHMIDTLEIN:  Nothing from Google.  Thank you,

1    Your Honor.

2              THE COURT:  All right.  Thank you, everybody.

3    Have a nice afternoon and rest of the day.  Thanks.

4              (Proceedings concluded at 3:00 p.m.)

C E R T I F I C A T E

I, William P. Zaremba, RMR, CRR, certify that the foregoing is a correct transcript from the record of proceedings in the above-titled matter.

Please note:  This hearing occurred during the COVID-19 pandemic and is therefore subject to the technological limitations of court reporting remotely.


Date:__December 6, 2021_____   /S/__William P. Zaremba_____

William P. Zaremba, RMR, CRR

42

**COURTROOM
DEPUTY: [1]** 3/2
**MR. DINTZER: [23]**
3/11 4/1 4/7 9/24 19/23
20/8 21/6 21/17 22/25
24/7 24/12 26/9 27/4
31/16 31/20 33/3 37/12
37/24 38/10 38/18 39/9
39/19 39/22
**MR. SALLET: [13]**
6/24 8/13 10/17 21/7
22/5 24/20 26/11 28/25
31/15 32/14 37/8 37/15
39/24
**MR. SCHMIDTLEIN:
[12]** 3/12 11/12 16/9
17/24 19/9 21/24 24/9
25/6 30/1 34/18 37/4
39/25
**THE COURT: [38]** 3/8
3/13 4/5 6/21 8/1 9/14
10/14 11/8 15/24 16/23
18/4 19/11 20/1 20/9
21/8 21/22 22/4 22/10
23/2 25/4 25/20 26/12
28/23 29/23 31/19
33/13 33/17 35/10 37/7
37/10 37/13 37/20
37/25 38/17 39/3 39/10
39/20 40/2

**/**
**/S [1]** 41/10

**0**
**0340 [1]** 1/15

**1**
**10 [3]** 8/15 9/10 10/19
**100 [2]** 12/16 13/4
**10th [1]** 17/17
**1100 [1]** 1/14
**12/21 [2]** 5/10 6/6
**12/31 [4]** 5/4 19/25
20/3 20/7
**12th [1]** 2/3
**13 [6]** 6/25 7/2 7/5 7/24
8/7 10/19
**1300 [1]** 1/20
**14th [4]** 6/13 6/14 11/6
18/20
**15th [1]** 20/24
**17th [2]** 20/22 21/3
**19 [1]** 41/6
**1st [1]** 4/13

**2**
**20-3010 [2]** 1/4 3/3
**20001 [1]** 2/9
**20005 [2]** 1/14 2/3
**2005 [4]** 12/12 12/16
13/9 13/12
**202 [3]** 1/15 2/4 2/9
**2021 [2]** 1/5 41/10
**21 [2]** 5/10 6/6
**21st [7]** 8/4 8/10 8/12
9/18 9/21 10/2 17/19

19/11 19/16 20/10
20/12 20/17 21/5
**27th [2]** 17/21 18/12
**2:00 [1]** 1/6

**3**
**30 [28]** 3/19 6/12 7/1
7/14 7/22 10/11 11/16
17/4 18/20 19/4 21/11
21/12 21/13 21/16
22/13 22/16 22/24 23/6
23/13 23/15 23/18
23/22 24/6 24/22 25/12
25/22 26/6 26/9
**30 days [3]** 5/21 18/22
22/14
**3010 [2]** 1/4 3/3
**307-0340 [1]** 1/15
**31 [4]** 5/4 19/25 20/3
20/7
**31st [3]** 7/8 20/17
20/20
**3249 [1]** 2/9
**333 [1]** 2/8
**354-3249 [1]** 2/9
**3:00 [1]** 40/4
**3rd [4]** 10/3 18/13 19/2
19/3

**4**
**434-5000 [1]** 2/4
**45 [1]** 18/21
**4th [2]** 10/3 18/14

**5**
**5000 [1]** 2/4
**508-6000 [1]** 1/22
**5th [2]** 6/8 9/18

**6**
**6000 [1]** 1/22

**7**
**720 [1]** 1/22
**725 [1]** 2/3
**7th [1]** 1/21

**8**
**80203 [1]** 1/21

**A**
**able [8]** 13/3 14/11
14/13 15/18 15/19
15/20 16/1 19/7
**about [35]** 3/18 4/3
7/13 8/12 8/18 10/24
12/7 13/4 14/12 14/13
17/4 18/24 20/25 21/15
21/23 21/24 22/19 23/9
26/6 26/23 27/10 27/14
28/6 29/17 29/25 30/15
31/6 31/8 31/10 33/24
34/2 36/20 36/21 38/7
39/18
**above [2]** 11/11 41/4
**above-titled [1]** 41/4
**accept [2]** 5/14 33/6
**acceptable [1]** 5/14

accepted [4] 25/12 32/2
29/20 33/5 33/5
**accomplish [1]** 17/3
**acknowledged [1]**
12/3
**across [1]** 22/6
**Action [1]** 3/3
**acts [1]** 29/12
**actual [1]** 19/22
**actually [9]** 6/2 11/15
14/2 15/6 17/22 20/24
23/5 30/24 36/7
**add [3]** 6/22 10/16
32/14
**addition [1]** 26/4
**additional [4]** 8/20
10/23 11/2 26/1
**address [11]** 8/7 8/9
20/13 29/8 29/13 29/15
31/17 33/22 36/7 38/21
38/22
**addressed [6]** 5/23
20/6 20/13 28/13 29/14
35/20
**addressing [3]** 19/18
20/15 28/15
**adequacy [2]** 7/10 7/18
**adjourn [1]** 39/21
**admitted [1]** 20/16
**adopt [2]** 28/1 28/22
**advertisers [1]** 13/12
**affirmative [1]** 36/24
**after [10]** 3/17 4/9
16/19 17/9 18/15 19/20
22/17 25/3 30/7 30/10
**afternoon [4]** 3/2 3/14
28/20 40/3
**afterwards [1]** 10/11
**again [5]** 3/14 16/18
23/7 23/11 35/23 38/4
**against [1]** 17/10
**ago [4]** 4/18 4/18 5/20
11/17
**agree [7]** 4/23 20/5
24/20 27/8 32/14 33/3
33/11
**agreeable [1]** 7/16
**agreed [4]** 20/19 20/19
30/2 30/9
**agreement [9]** 12/7
12/22 16/8 16/10 25/21
27/5 27/12 28/18 30/6
**agreements [6]** 12/14
12/16 12/20 12/20 13/2
13/4
**ahead [6]** 8/1 24/19
29/24 31/19 34/14
39/15
**aided [2]** 2/11
**air [1]** 16/11
**AL [1]** 1/3
**all [46]**
**all right [2]** 36/6 39/3
**allow [3]** 5/13 11/3
24/18
**allowed [1]** 31/25
**along [1]** 24/2
**already [4]** 12/18 15/7

**also [9]** 4/2 5/13 5/22
17/10 19/2 21/9 34/15
38/14 39/18
**although [1]** 10/18
**am [1]** 26/22
**ambiguity [2]** 28/19
34/8
**ambitious [1]** 17/18
**amend [1]** 23/15
**amended [1]** 26/3
**amends [1]** 23/25
**AMERICA [2]** 1/3 3/3
**AMIT [1]** 1/10
**among [2]** 12/24 37/9
**amount [1]** 12/13
**another [5]** 4/19 18/21
34/11 36/11 37/3
**answer [1]** 8/2
**answering [1]** 8/11
**answers [1]** 6/11
**anticipating [1]** 9/19
**Antitrust [1]** 1/19
**any [15]** 5/25 21/2
21/25 23/6 23/14 23/17
29/6 29/9 33/21 35/14
36/20 36/21 36/24
37/22 37/22
**anybody [4]** 22/22 33/2
34/10 36/10
**anybody's [1]** 38/15
**anything [12]** 6/22
21/1 21/3 26/5 28/10
28/13 32/19 33/24
34/20 35/7 36/20 39/21
**Anyway [1]** 33/8
**anywhere [1]** 32/9
**APPEARANCES [2]**
1/12 1/24
**appears [2]** 13/25 34/9
**applicability [1]** 29/6
**applicable [1]** 7/21
**applies [1]** 29/2
**apply [2]** 7/24 32/16
**appreciate [4]** 4/7 21/6
24/7 39/19
**are [58]**
**argue [1]** 28/6
**arise [2]** 19/14 21/2
**around [1]** 37/19
**as [34]** 4/8 4/13 4/24
4/24 6/25 7/18 8/8 8/9
9/3 12/2 12/21 13/24
14/21 15/20 16/6 21/11
21/13 22/7 22/12 22/25
26/1 26/13 29/12 29/25
30/18 31/6 31/10 32/1
32/2 32/2 32/22 33/5
34/6 34/21
**ask [15]** 5/9 5/15 6/5
6/8 6/13 9/11 15/24
19/23 21/16 24/12
24/17 27/11 27/13
27/25 28/21
**asked [6]** 4/20 5/17
5/19 5/22 8/16 13/18
**asking [6]** 8/8 12/10
13/19 18/6 18/7 24/16

**asks [1]** 6/20
**assessment [1]** 34/23
**assigned [1]** 39/4
**associated [2]** 39/8
39/11
**assume [2]** 9/15 9/16
**assured [2]** 32/1 37/21
**availability [2]** 13/20
16/18
**available [4]** 8/9 18/2
19/6 19/18
**Avenue [1]** 2/8
**avoid [2]** 22/11 30/14

**B**
**back [10]** 3/22 10/15
12/5 13/7 14/21 19/7
30/7 30/11 33/9 35/5
**backwards [1]** 6/3
**Barrett [1]** 2/8
**based [2]** 36/3
**basis [2]** 28/19 29/8
**be [96]**
**because [20]** 5/4 6/1
6/10 9/4 10/10 10/12
13/3 13/18 13/24 15/3
17/1 20/24 21/1 30/21
31/21 31/25 33/20 35/8
35/19 37/13
**been [7]** 10/13 12/15
12/19 15/15 16/25
36/25 38/13
**before [13]** 1/10 6/22
7/13 8/24 9/1 12/5
15/15 17/3 22/17 27/10
30/3 30/10 39/21
**begin [4]** 12/4 18/8
18/16 29/4
**beginning [1]** 16/18
**behalf [1]** 3/7
**being [3]** 15/2 15/3
31/8
**believe [11]** 5/4 5/18
6/6 7/10 7/12 14/5
26/20 27/9 34/22 36/10
36/25 38/13
**best [1]** 15/25
**best-case [1]** 15/25
**better [1]** 29/19
**between [3]** 16/13
17/23 27/8
**beyond [5]** 12/25 26/19
28/10 29/16 31/1
**bifurcate [1]** 38/2
**bifurcated [2]** 33/20
35/8
**bifurcation [3]** 4/3
21/10 26/7
**bigger [1]** 36/15
**bit [2]** 11/13 17/23
**bleeding [1]** 6/11
**board [1]** 22/6
**body [1]** 8/11
**both [9]** 4/15 7/23 12/2
13/9 19/21 21/12 27/12
27/17 39/14
**bounds [1]** 29/16
**box [1]** 34/10

**B**

breadth [2] 8/19 16/21
breathing [1] 18/16
bring [1] 32/2
broad [1] 11/19
broader [1] 30/25
Broadway [1] 1/20
Bruce [1] 1/17
built [1] 18/21
burden [8] 27/1 35/15 35/19 36/16 36/17 36/23 36/24 38/16
burning [2] 15/8 15/10

**C**

calculates [1] 12/13
called [1] 7/14
came [2] 4/9 30/8
can [30] 3/10 9/16 10/8 12/6 14/14 17/16 18/19 20/5 20/19 21/4 21/11 21/12 23/21 24/4 26/6 29/15 30/6 30/17 31/1 32/1 32/1 32/2 32/7 32/8 32/22 34/19 37/1 37/1 37/20 38/6
can't [8] 7/17 12/6 13/22 16/17 24/14 30/20 30/22 32/13
candidly [2] 16/14 31/7
cannot [1] 7/10
capacity [1] 13/20
Caps' [1] 14/3
captured [1] 38/14
care [1] 39/15
Carr [1] 1/19
carried [2] 35/19 36/23
carry [1] 35/15
case [14] 9/8 11/24 13/1 15/25 22/8 22/8 23/16 23/25 26/4 30/18 34/22 35/9 36/4 39/17
case-management [1] 39/17
caught [1] 31/4
causing [1] 17/15
Center [1] 1/20
certain [1] 22/2
certainly [2] 35/12 36/19
Certified [1] 2/7
certify [1] 41/2
cetera [1] 38/16
CH [1] 2/8
chair [3] 8/11 16/7 17/9
chairs [2] 19/1 19/5
chance [5] 3/21 5/11 6/15 6/19 7/18
change [3] 28/17 33/9 38/15
changed [2] 5/21 30/11
choose [1] 37/1
Christmas [5] 12/5 15/6 15/16 16/14 17/23
Civil [1] 3/3
claim [1] 12/4
clarify [1] 5/17
clarity [1] 28/8

client [2] 35/1 38/2
close [1] 18/14
closely [1] 17/2
co [2] 1/21 30/4
co-counsel [1] 30/4
coag.gov [1] 1/22
coin [2] 37/2 37/6
colloquy [1] 7/13
color [1] 11/16
Colorado [6] 1/17 1/18 1/20 3/6 4/14 39/24
COLUMBIA [1] 1/1
combined [1] 4/13
come [13] 3/22 7/1 7/2 10/6 12/6 13/7 13/7 14/21 24/5 31/24 32/25 35/5 35/18
coming [2] 27/15 30/20
communicated [1] 13/16
compelled [1] 36/19
complaint [2] 24/25 35/1
complete [2] 4/15 9/18
completed [2] 6/8 19/4
completely [1] 14/9
complex [1] 23/22
comply [1] 25/7
compromise [1] 33/6
compulsory [1] 34/4
computer [1] 2/11
computer-aided [1] 2/11
concentrating [1] 7/4
concern [4] 4/12 31/14 32/10 37/21
concerned [1] 31/25
conclude [1] 36/6
concluded [1] 40/4
conclusion [1] 35/19
conduct [2] 34/24 34/25
confer [8] 3/22 4/18 10/20 19/13 20/11 22/19 23/9 23/19
conference [3] 1/9 4/10 7/13
conferred [1] 30/11
conferring [1] 15/12
confers [1] 25/10
conflict [1] 20/25
conflicts [2] 19/14 21/2 13/14
CONNOLLY [1] 2/2
consequence [1] 22/12
consider [1] 36/18
consideration [2] 13/5 35/7
considering [1] 22/8
consistent [2] 18/22 23/19
Constitution [1] 2/8
construed [1] 34/20
Consumer [1] 1/18

contain [2] 12/15
contemplate [1] 22/15
contemplating [2] 8/3 9/20
contentious [1] 39/13
context [1] 11/13 29/1
continue [2] 8/25 20/11
CONTINUED [1] 2/1
contract [2] 27/15 30/16
contrary [1] 11/17
controls [1] 22/23
conversation [2] 14/12 24/18
conversations [1] 14/19
correct [3] 29/11 35/13 41/3
correctly [1] 9/19
could [12] 5/19 8/17 10/18 11/15 11/22 11/23 19/23 25/2 25/2 31/13 31/16 32/25
counsel [1] 30/4
count [1] 4/22
couple [1] 14/24
course [4] 15/5 15/19 17/10 27/22
court [23] 1/1 2/6 2/7 4/2 4/8 4/12 4/13 5/9 5/15 6/5 6/9 6/14 6/20 11/3 27/11 27/13 27/25 28/22 30/4 32/3 38/13 39/1 41/7
cover [1] 9/22
covers [1] 20/9
COVID [1] 41/6
COVID-19 [1] 41/6
crack [4] 4/23 5/8
crafting [1] 33/2
crawled [1] 14/1
create [1] 17/14
created [1] 32/19
creates [2] 28/5 28/18
creating [2] 37/17 37/19
creeps [1] 36/18
crossed [2] 33/7 33/8
CRR [2] 41/2 41/11
currently [1] 17/24
CV [1] 1/4

**D**

D.C [4] 1/5 1/14 2/3 2/9
data [7] 7/14 13/10 13/13 13/21 13/24 13/25 14/2
date [14] 3/16 5/22 6/2 6/3 6/7 10/7 18/7 18/8 18/19 19/9 20/4 22/23 23/8 41/10
dates [7] 4/11 5/25 6/4 7/21 7/24 20/15 20/16
Daubert [1] 32/24
Daubert-plus [1] 32/24
day [12] 4/9 8/20 10/24 24/25 23/5 23/7 24/10

different [3] 13/4 14/18 22/22
difficult [1] 16/24
Dintzer [14] 1/13 3/5 3/24 6/25 7/3 9/15 9/16 12/2 27/2 30/2 30/16 32/22 38/9 39/6
Directing [1] 38/12
direction [1] 18/24
directions [1] 11/17
discovery [5] 26/17 29/2 29/10 31/22 33/21
discuss [1] 5/22
discussed [1] 11/7
discussion [1] 30/8
dispute [3] 4/4 4/5 26/7
disputes [2] 26/1 31/14
distribution [2] 12/14 12/22
DISTRICT [3] 1/1 1/1 1/10
do [34] 6/17 6/22 7/9 9/9 9/19 16/13 16/16 16/17 17/2 17/24 21/4 21/23 23/3 24/12 27/2 27/25 29/24 31/8 31/9 31/10 31/25 32/2 32/8 32/13 33/11 34/2 34/11 35/4 35/7 35/15 35/22 35/23 36/2 36/8
docketed [1] 39/16
document [1] 4/15
does [9] 16/2 22/22 27/15 27/16 29/8 33/22 34/1 35/3 39/1
doesn't [3] 22/15 33/22 35/16
doing [3] 3/15 32/5
DOJ [4] 1/13 3/5 3/19 12/11
don't [34] 3/24 4/3 5/14 5/18 8/2 8/13 9/8 13/1 13/16 14/7 14/10 17/14 17/14 17/20 21/13 22/5 23/11 24/1 24/2 29/5 29/23 30/20 31/7 31/9 33/7 33/10 33/24 34/3 34/15 34/20 35/6 36/10 37/2 38/21
done [6] 5/11 9/21 17/17 19/3 20/20 23/4 23/5 33/9
down [2] 3/16 9/9
draft [1] 27/7
drawn [1] 34/6
due [1] 15/19
during [4] 26/16 26/17 31/22 41/5
dust [1] 26/1
dust-ups [1] 26/1

**E**

each [4] 8/9 9/12 12/3 20/13
earlier [2] 7/13 20/18
early [1] 10/19
easier [1] 14/17

**edit [1]** 30/5

**edited [1]** 27/7

**edits [1]** 27/7

**effort [1]** 8/14

**eight [1]** 15/2

**either [1]** 16/4 18/1 23/12 27/23 34/4 36/19 37/1

**element [2]** 22/21 22/23

**else [7]** 17/12 26/5 26/9 32/9 33/18 36/20 39/21

**else's [1]** 17/17

**email [5]** 1/15 1/22 2/4 7/7 28/20

**employee [1]** 11/21

**end [14]** 4/6 5/3 8/20 8/24 9/1 10/24 16/1 16/8 16/10 18/14 34/15 35/18 36/22 37/2

**ended [2]** 10/10 32/11

**endorse [1]** 22/6

**engage [5]** 5/21 5/23 23/8 24/16 25/16

**engaged [1]** 5/19

**engaging [1]** 6/1

**enough [3]** 17/2 19/13 19/15

**ensure [1]** 24/1

**entirely [1]** 35/1

**essentially [2]** 33/21 33/25

**establish [3]** 29/18 36/17 36/25

**established [2]** 29/17 36/25

**establishing [3]** 36/4 36/8 38/8

**et [2]** 1/3 38/16

**et cetera [1]** 38/16

**even [7]** 6/18 9/5 13/22 15/14 17/16 17/19 37/22

**event [1]** 23/14

**every [2]** 12/3 13/13

**everybody [9]** 3/10 3/14 13/24 17/17 19/19 25/21 33/14 33/18 40/2

**everyone [1]** 3/14

**everything [1]** 5/4

**evidence [3]** 36/2 36/18 36/21

**exactly [5]** 6/3 12/7 25/7 27/25 39/1

**examination [2]** 22/20 23/10

**examine [1]** 7/19

**example [4]** 10/25 12/11 13/8 29/9

**examples [1]** 12/9

**Except [1]** 27/21

**exception [1]** 27/20

**excuse [2]** 22/16 23/16

**excusing [1]** 34/21

**executives [1]** 15/9

**exert [1]** 29/2

**expect [2]** 16/6 17/18

**expectation [1]** 20/11

**expects [1]** 17/12

**expeditiously [1]** 8/18

**experience [1]** 30/16

**expert [17]** 26/17 29/6 29/7 29/10 29/13 29/15 29/16 31/22 32/17 32/21 32/22 32/25 33/21 33/21 33/23 34/1 35/20

**experts [3]** 29/5 35/6 38/6

**explained [1]** 38/25

**explanation [1]** 28/10

**expressing [1]** 35/14

**expressly [1]** 23/1

**extent [6]** 19/2 20/5 35/13 36/8 36/23 38/3

**extraordinarily [2]** 11/19 12/25

**eyes [1]** 26/14

**F**

**fact [4]** 16/16 32/18 33/4 33/4

**factual [1]** 14/16

**faith [2]** 22/19 23/9

**families [1]** 17/12

**far [1]** 29/18

**farther [1]** 28/14

**February [2]** 5/6 6/14

**fed [1]** 14/5

**fight [1]** 30/15

**fighting [1]** 28/8

**file [2]** 11/4 27/10

**finally [2]** 6/10 11/3

**find [2]** 16/2 24/1

**fine [2]** 25/17 30/6

**finished [1]** 17/8

**finite [1]** 21/20

**firmly [1]** 37/5

**first [9]** 5/15 7/14 8/16 10/11 16/19 18/9 18/13 19/20 30/1

**five [1]** 30/3

**flagged [1]** 36/11

**flexibility [1]** 9/24

**flexible [1]** 10/8

**flip [2]** 37/2 37/6

**Floor [1]** 1/21

**focus [1]** 14/10

**focused [2]** 11/18 12/10

**folks [2]** 18/11 19/6

**following [2]** 15/25 33/19

**forced [2]** 32/8 32/8

**foregoing [1]** 41/3

**foresee [1]** 24/4

**forgiving [1]** 30/25

**form [1]** 29/9

**formula [1]** 12/21

**forth [1]** 33/9

**forward [12]** 7/20 8/15 10/22 11/1 17/4 23/3 24/4 25/7 25/25 25/25

**four [1]** 30/9

**framed [1]** 32/1

**free [1]** 34/2

**Friday [2]** 27/10 28/20

**full [2]** 11/16 34/21

**function [1]** 17/6

**further [1]** 30/8

**G**

**gamble [1]** 36/9

**game [2]** 24/19 31/5

**gather [2]** 14/17 16/13

**gave [1]** 11/17

**general [1]** 34/6

**get [29]** 4/11 5/15 6/15 6/18 9/3 9/4 10/5 10/6 11/10 12/5 14/4 15/20 16/20 17/17 18/24 19/1 19/7 23/5 23/20 24/14 24/17 24/17 26/3 28/5 30/14 31/4 33/10 37/10 38/21

**gets [1]** 12/22

**getting [8]** 9/4 10/10 12/4 14/13 17/19 17/22 18/13 39/16

**give [8]** 6/2 11/13 12/8 12/11 13/8 18/16 19/12 39/6

**given [6]** 11/6 16/10 16/21 17/17 23/4 27/6

**gives [1]** 20/23

**glad [1]** 30/15

**go [10]** 8/1 10/25 14/13 23/13 29/16 29/24 31/18 31/19 39/14 39/15

**go ahead [5]** 8/1 29/24 31/19 39/14 39/15

**goal [1]** 10/5

**goes [1]** 19/21

**going [40]** 5/8 6/11 6/18 6/19 10/1 10/7 13/3 14/24 15/13 17/4 17/8 17/11 17/13 17/22 19/17 19/19 20/13 22/1 23/3 23/14 23/24 24/4 24/5 25/7 25/7 25/23 25/25 34/10 35/23 35/9 35/16 35/18 36/1 36/12 37/3 37/8 37/23 38/2 38/12 38/15

**good [6]** 3/2 3/14 6/7 7/20 22/19 23/9

**Good afternoon [1]** 3/2

**good-faith [1]** 23/9

**GOOGLE [48]**

**Google LLC [2]** 3/4 3/7

**Google's [5]** 13/12 13/12 13/25 26/20 28/9

**got [7]** 4/18 14/24 15/9 15/9 15/12 28/20 39/14

**Gotcha [1]** 31/5

**gotten [2]** 4/8 13/23

**government [2]** 36/3 39/22

**governments [2]** 22/13 26/21

**governments [2]** 18/15

**great [2]** 28/12 36/18

**greater [1]** 8/21

**grounds [1]** 25/14

**guess [3]** 11/13 24/6 26/13

**guided [1]** 34/5

**guideline [1]** 25/15

**guidepost [1]** 38/1

**guiding [1]** 25/15

**H**

**had [14]** 3/15 3/16 3/17 3/18 4/18 7/12 8/6 27/5 27/6 27/12 29/20 30/8 30/9 31/14

**hadn't [2]** 4/8 17/1

**hamstring [1]** 34/11

**handed [1]** 30/2

**Hang [3]** 33/13 33/14 37/25

**happening [1]** 18/18

**happy [2]** 27/11 34/14

**harbor [2]** 27/18 27/20

**hard [1]** 4/11

**has [18]** 3/19 4/20 5/17 5/20 6/25 8/5 11/21 13/13 19/24 20/18 22/16 23/8 24/13 29/13 31/8 31/9 31/10 36/11

**hasn't [1]** 35/20

**have [79]**

**haven't [4]** 15/14 21/25 35/19 35/20

**having [4]** 14/19 16/12 34/21 35/7

**he [14]** 20/15 29/14 30/17 31/21 31/24 32/1 32/1 32/2 32/2 32/6 32/12 32/13 32/23 33/11

**he's [1]** 31/7

**hear [5]** 3/10 11/20 19/10 32/3 35/10

**heard [2]** 27/9 37/24

**hearing [4]** 30/7 30/10 30/10 41/5

**heavy [1]** 27/1

**help [3]** 9/5 25/24 25/24

**helpful [2]** 24/8 25/15

**here [23]** 3/22 11/20 12/4 16/22 17/3 18/5 18/6 18/15 23/12 29/17 30/6 30/14 31/4 33/18 34/9 34/19 34/20 36/13 36/14 36/24 38/15 38/22 38/23

**Here's [1]** 22/11

**highly [1]** 37/21

**him [1]** 32/5

**his [2]** 11/10 30/16

**hold [1]** 27/13

**holidays [4]** 17/11 17/14 18/17 19/19

**honest [1]** 34/16

**Honor [50]**

**Honor's [1]** 38/24

**HONORABLE [1]** 1/10

**honors [1]** 39/6

**hope [3]** 3/14 3/21 7/20

**hoped [1]** 3/18

**hopefully [1]** 23/25

**hours [2]** 4/18 4/18

**house [1]** 15/8

**how [7]** 12/21 13/23 14/12 15/17 23/4 23/4 25/15

**However [1]** 5/25

**hundreds [2]** 12/15

**I**

**I also [1]** 34/15

**I assume [1]** 9/15

**I believe [7]** 7/12 14/5 26/20 27/9

**I can [5]** 24/4 34/19 37/1 37/1 37/20

**I can't [1]** 13/22

**I didn't [2]** 10/12 19/10

**I don't [7]** 14/7 22/5 31/9 33/7 34/3 36/10 37/2

**I guess [2]** 11/13 26/13

**I have [3]** 15/8 26/9 26/25

**I hope [1]** 3/14

**I just [7]** 10/17 25/6 25/18 29/1 31/16 37/16 38/25

**I know [3]** 35/11 37/12 37/15

**I mean [13]** 10/1 19/24 22/1 24/13 25/10 27/12 30/15 32/2 33/4 33/18 34/3 35/10 38/18

**I should [1]** 10/9

**I think [34]** 3/8 7/16 11/14 12/2 13/24 15/16 16/9 16/12 16/15 16/21 16/24 17/16 17/18 18/5 20/9 20/21 21/25 22/14 23/20 24/21 25/21 25/24 25/24 30/5 30/6 30/13 31/13 32/11 34/19 35/10 36/2 36/15 37/21 38/1

**I want [2]** 12/8 21/4 23/11

**I was [4]** 3/8 16/25 20/2 38/12

**I will [3]** 15/1 22/7 37/5

**I would [1]** 8/5

**I'd [8]** 8/6 18/25 19/2 19/6 20/25 22/11 23/3 32/14

**I'll [6]** 12/8 29/24 34/16 36/18 39/6 39/7

**I'm [24]** 7/4 7/25 13/3 17/11 17/13 19/9 19/11 20/1 23/24 25/7 26/22 28/15 30/15 31/18 33/17 33/17 34/10 34/14 35/12 35/14

**I**

I'm... [4] 35/23 37/9
38/4 38/10
I'm going [1] 23/24
I'm not [4] 13/3 17/11
33/17 35/14
I'm not sure [2] 34/10
35/23
I'm sorry [5] 7/25 19/9
19/11 20/1 31/18
I'm sure [2] 17/13
28/15
I've [7] 15/9 15/9 15/17
18/20 35/18 36/15 39/4
idea [1] 7/16
identified [6] 8/15 9/13
10/18 13/9 20/12 36/16
identify [9] 9/1 9/1 9/2
9/11 9/11 13/1 13/17
19/17 20/14
immediacy [1] 11/6
impasse [1] 21/3
impasses [1] 19/14
implanted [1] 37/5
important [3] 8/17
10/25 37/16
importantly [1] 8/25
imposed [1] 18/1
imposes [1] 32/23
include [2] 23/24 34/23
included [2] 27/8
35/24
including [2] 13/11
14/25
Indeed [1] 7/12
indicated [2] 3/17 3/20
individuals [2] 12/18
12/19
infer [1] 9/19
inform [1] 6/15
information [14] 6/19
10/6 10/23 11/2 11/22
12/6 14/6 14/13 14/15
14/16 15/21 15/22
16/13 19/7
informed [1] 10/22
insisted [1] 28/21
intend [2] 10/23 21/23
intended [2] 21/16
25/8
intending [1] 25/9
intends [1] 32/16
intent [3] 33/2 38/19
38/20
interested [3] 13/2
13/18 14/8
interrogatories [1]
19/24
interrogatory [5] 4/20
5/3 5/9 5/16 19/21
interrupt [2] 9/15 38/11
inventory [1] 13/19
involved [1] 12/19
is [105]
isn't [3] 24/23 29/7
35/16
issue [14] 21/9 22/2
23/14 25/12 25/13

35/4 36/11 36/15 38/5
39/13
issued [5] 3/19 17/7
21/19 21/25 22/13
issues [7] 10/25 14/22
19/13 24/4 24/5 25/3
39/17
it [57]
it's [31] 7/5 12/13
12/20 12/25 16/6 17/7
17/18 18/17 19/3 21/25
24/23 25/1 25/11 25/11
25/12 27/17 27/18
27/23 27/24 28/4 28/12
30/21 30/22 32/1 34/10
37/2 37/16 37/21 37/21
38/1 38/20
iterative [2] 5/12 5/13
its [1] 7/18
itself [1] 23/1

**J**

jam [1] 15/13
January [10] 5/7 6/8
6/13 9/18 9/23 10/3
10/3 16/20 18/10 18/20
John [2] 2/2 3/7
joint [2] 11/4 11/5
20/21
jointly [2] 7/3 20/19
jon.sallet [1] 1/22
Jonathan [2] 1/17 3/6
jschmidtlein [1] 2/4
judge [2] 1/10 7/10
judged [1] 35/6
judges [1] 17/11
judgment [1] 7/18
Judicial [1] 1/20
juggling [1] 16/14
jump [1] 31/16
just [31] 4/2 4/17 6/18
7/4 9/8 10/17 11/7 12/8
12/11 12/16 13/8 14/16
16/25 17/8 20/10 20/22
23/3 24/9 24/23 25/6
25/18 28/7 29/1 31/16
33/11 33/14 33/17
37/16 38/1 38/25 39/6
JUSTICE [6] 1/13 7/2
7/9 7/22 8/14 29/19
Justice's [1] 29/11

**K**

keep [1] 24/2
Kenneth [2] 1/13 3/5
kenneth.dintzer2 [1]
1/16
kept [2] 24/15 24/15
kick [1] 3/24
kidding [1] 37/9
kind [3] 14/16 27/16
29/13
kinds [2] 11/6 24/21
know [31] 3/25 4/3 8/2
10/7 14/3 14/16 14/20
15/11 17/20 17/20 18/7
18/11 18/15 20/25

25/13 27/24 31/2 33/22
34/14 34/15 35/11
36/21 37/1 37/10 37/12
37/15 38/25
knows [3] 4/2 4/12
19/19

**L**

lack [1] 28/8
language [8] 5/20 26/8
26/16 27/8 32/6 32/16
33/5 35/6
laser [1] 11/18
laser-focused [1]
11/18
last [6] 3/16 13/16 14/4
17/1 22/7 24/16
late [1] 5/7
later [7] 13/7 22/14
30/14 31/3 32/25 34/12
35/5
law [3] 1/18 36/4 38/7
lawyer [1] 26/14
lawyers [4] 14/17 15/8
15/10 16/12
leading [1] 15/6
least [9] 3/18 6/7 8/10
13/6 16/5 18/12 23/20
23/24 34/19
leave [1] 17/3
legwork [1] 16/13
let [7] 3/25 4/23 10/15
11/13 15/24 16/25 27/5
let's [7] 4/6 11/10 19/1
20/24 21/8 24/17 24/17
lets [1] 27/24
liability [23] 26/16
26/17 26/19 27/21 28/5
28/6 28/12 29/22 30/18
31/2 31/4 31/22 32/19
33/20 34/6 34/22 35/22
36/4 36/8 36/17 37/18
38/5 38/8
like [20] 4/2 5/8 7/9
7/21 14/5 17/5 18/25
19/2 19/6 20/17 20/25
22/11 23/3 29/1 30/3
32/14 34/23 34/24
35/21 38/21
likely [1] 25/25
limit [1] 31/12
limitations [1] 41/7
limited [1] 31/10
limiting [1] 21/13
line [2] 27/23 34/6
list [1] 10/12
literally [1] 12/15
litigated [1] 15/15
litigation [1] 28/7
little [5] 11/13 11/22
17/18 17/23 23/4
live [3] 8/11 19/22
20/14
LLC [3] 1/6 3/4 3/7
LLP [1] 2/2
long [2] 4/24 32/2
look [9] 10/1 17/14

25/13 27/24 31/2 33/22
34/24 35/10 35/21
looked [2] 17/1 30/4
looking [6] 5/6 16/15
16/22 18/9 18/17 18/23
looks [2] 24/21 34/23
lost [1] 36/9
lot [4] 11/23 15/22
16/13 27/15
lots [2] 15/8 15/9 15/9

**M**

made [6] 12/24 17/9
18/2 22/8 25/2 30/5
majority [1] 37/9
make [11] 7/17 14/9
16/25 17/1 25/2 25/6
25/18 26/14 34/21 37/3
38/20
makes [2] 34/16 38/2
making [3] 7/6 27/1
37/9 39/16
manageable [1] 16/2
management [4] 23/16
23/25 26/4 39/17
mandate [1] 29/7
many [2] 8/8 13/23
market [1] 10/25
matter [5] 29/25 35/16
35/25 36/1 41/4
matters [3] 11/21
22/19 23/9
may [18] 3/20 4/6 9/3
13/23 13/25 14/14
14/17 15/15 15/19
15/20 22/22 22/2 29/14
31/18 34/18 37/24 38/4
38/5
maybe [10] 8/2 8/6
10/2 18/13 18/14 23/22
32/11 32/12 33/17
33/17
me [19] 3/10 10/15
11/13 15/24 16/25 18/6
18/7 18/9 18/23 18/25
19/15 20/22 20/23
22/16 23/16 27/2 27/5
34/5 37/3
mean [20] 10/1 16/3
16/9 17/21 19/24 21/20
22/21 24/13 25/10 27/12
29/4 30/15 32/2 33/4
33/18 34/3 35/10 38/10
38/18 39/14
means [4] 13/20 28/3
29/25
meat [1] 27/17
mechanical [1] 2/10
meet [10] 3/22 4/18
10/20 19/13 20/11 21/4
23/9 23/18 25/10 33/1
meeting [1] 15/11
MEHTA [1] 1/10
memorize [1] 15/22
mention [1] 10/12
mentioned [1] 10/9
Merit [1] 2/6
methodology [1] 12/12

midnight [2] 15/9
15/10
midst [2] 14/19 15/11
might [6] 14/13 21/2
21/2 22/5 30/21 34/12
minds [1] 30/11
minimum [1] 23/20
minor [1] 30/5
minutes [1] 30/3
misguided [1] 32/10
misreads [1] 31/21
misunderstands [1]
32/6
misunderstood [1]
32/12
modified [1] 30/3
moment [1] 33/14
month [1] 5/20
months [1] 11/17
more [12] 4/6 8/17 9/21
10/16 15/20 16/4 24/5
27/3 27/3 30/17 30/24
31/14
morning [1] 7/7
most [1] 11/21
motion [1] 30/14
motions [1] 32/24
move [8] 6/14 7/20
8/14 8/16 10/22 11/1
20/24 26/1
moving [2] 23/21 24/2
Mr. [35] 3/24 6/22 6/23
6/25 7/3 7/6 9/15 9/16
9/16 10/15 11/9 11/10
12/2 12/2 13/9 15/24
21/22 22/6 25/4 27/2
28/24 29/23 30/2 30/16
31/6 31/17 32/10 32/16
32/22 32/23 33/11
34/17 36/11 38/9 39/6
Mr. Dintzer [12] 3/24
6/25 7/3 9/15 9/16 12/2
27/2 30/2 30/16 32/22
38/9 39/6
Mr. Sallet [8] 6/22 9/16
10/15 11/9 12/2 13/9
28/24 33/11
Mr. Sallet's [1] 31/6
Mr. Schmidtlein [12]
6/23 7/6 11/10 15/24
21/22 25/4 29/23 31/17
32/16 32/23 34/17
36/11
Mr. Schmidtlein's [2]
22/6 32/10
much [1] 23/4
multiple [1] 9/3
must [4] 22/19 32/18
32/21 34/22
muted [1] 3/8
my [3] 24/6 30/4 35/12
myself [1] 28/11

**N**

nail [1] 9/9
narrow [4] 8/21 11/18
16/1 19/13
necessarily [3] 14/1

45

**N**

**necessarily...** [2] 31/9
34/4
**necessary** [35] 13/1
26/19 26/21 26/25 27/6
27/9 27/21 27/23 27/24
27/24 28/6 28/10 28/11
28/11 28/12 28/22
29/21 30/15 30/17
30/18 30/21 30/22
31/13 32/3 32/5 34/9
34/14 35/24 36/13
36/17 38/3 38/5 39/5
39/11 39/12
**need** [26] 6/19 9/9 9/10
15/15 16/16 17/8 18/8
18/24 26/18 27/18
27/25 31/1 31/23 32/1
32/8 32/17 33/10 33/22
33/22 33/22 33/24
34/12 35/15 35/22
35/23 36/7
**needed** [1] 8/9
**needs** [3] 23/4 29/21
36/3
**negotiate** [2] 15/18
24/14
**negotiated** [2] 12/20
12/22
**negotiations** [2] 12/19
23/22
**never** [1] 38/18
**new** [4] 17/23 32/20
32/20 37/18
**next** [7] 6/12 6/12 6/16
11/5 15/1 18/19 23/12
**NHL.com** [1] 14/5
**nice** [2] 3/15 40/3
**night** [1] 14/4
**no** [14] 1/4 4/21 6/18
10/10 10/12 23/1 27/16
28/9 28/9 28/19 31/19
35/9 35/9 36/7
**nobody** [1] 32/7
**nobody's** [1] 36/19
**non** [1] 26/14
**non-lawyer** [1] 26/14
**not** [62]
**Not expressly** [1] 23/1
**note** [3] 5/19 10/17
41/5
**notes** [2] 9/3 25/23
**nothing** [9] 26/9 26/11
28/20 32/4 32/13 38/15
39/22 39/24 39/25
**notice** [10] 3/19 4/12
6/13 7/1 7/22 11/5
11/16 22/18 22/24
23/18
**notices** [5] 17/4 17/6
18/20 23/13 24/6
**notion** [2] 24/23 37/17
**November** [2] 4/13
22/13
**now** [9] 3/10 9/1 9/11
16/13 23/7 24/19 28/5
34/12 37/5
**number** [6] 13/22

39/10
**NW** [3] 1/14 2/3 2/8

**O**

**oath** [1] 8/11
**objections** [10] 3/20
4/17 11/25 12/24 17/9
24/11 24/15 24/22
25/13 25/22
**observation** [1] 16/25
**obviously** [7] 7/21
20/25 21/11 23/21 28/4
30/7 31/3
**occur** [1] 8/4
**occurred** [1] 41/5
**off** [4] 3/24 5/4 10/13
12/21
**offer** [16] 5/25 11/24
26/18 27/18 27/22
30/21 30/22 30/25 31/1
31/23 32/17 32/18
33/23 34/1 34/12 34/12
**offered** [4] 15/17 28/9
28/19 31/8
**offers** [2] 27/20 28/2
**Official** [1] 2/7
**often** [1] 25/7
**oh** [3] 30/20 31/20 35/6
**oil** [2] 15/9 15/10
**okay** [24] 6/21 8/1 9/14
10/14 11/8 16/23 18/4
19/20 20/7 21/5 22/4
22/10 23/2 25/20 26/2
26/12 27/21 28/5 28/23
29/15 31/20 33/8 37/7
39/18
**once** [2] 5/11 16/7
**one** [34] 4/4 4/5 4/14
6/15 6/16 7/5 8/5 8/7
9/22 10/2 10/2 10/3
11/21 12/3 12/11 12/16
13/8 14/25 16/25 17/2
17/11 17/15 18/25
21/19 22/7 24/21 27/2
27/3 32/15 34/11 35/16
36/10 36/15 37/3
**one-word** [2] 4/4 4/5
**ones** [1] 25/14
**only** [5] 21/13 22/21
31/13 32/7 38/6
**opening** [1] 32/17
**opine** [1] 38/7
**opinion** [6] 30/21
30/23 31/1 31/1 34/2
35/14
**opinions** [7] 26/18
27/19 31/8 31/11 32/18
32/18 33/23
**opposed** [2] 4/25
30/19
**order** [19] 16/4 18/6
18/7 21/10 23/16 23/16
23/24 23/25 26/3 26/4
26/6 26/8 26/15 27/17
31/21 31/22 32/12
37/18 39/16
**orders** [1] 39/15

**Os** [1] 4/9
**other** [13] 7/15 9/20
15/12 15/18 16/11
16/14 17/4 18/17 27/3
29/7 29/20 32/15 39/16
**others** [8] 8/25 9/7
10/19
**otherwise** [1] 31/11
**ought** [9] 18/16 19/12
19/16 20/6 26/15 26/20
26/24 34/5 36/10
**our** [21] 4/12 4/13 4/23
5/9 5/15 6/5 6/8 6/13
6/20 8/23 9/4 22/7
23/15 23/25 24/25 30/7
30/11 30/12 33/5 35/8
38/25
**ourselves** [1] 24/1
**out** [13] 9/6 18/19
18/20 18/22 21/17
21/21 23/13 26/3 28/14
33/7 33/8 37/18 39/7
**outside** [1] 15/10
**outstanding** [1] 14/22
**over** [7] 13/4 13/23
15/2 15/3 18/17 23/22
26/7
**overall** [1] 12/16
**overbroad** [1] 12/25
**overlap** [1] 35/3
**overread** [1] 36/5

**P**

**p.m** [2] 1/6 40/4
**pageantry** [1] 11/16
**pandemic** [1] 41/6
**paper** [1] 39/4
**paragraph** [13] 26/15
27/16 32/4 33/1 33/19
34/3 35/16 35/24 36/20
37/23 38/13 38/15 39/1
**paragraphs** [1] 4/14
**part** [2] 25/1 35/22
**particular** [6] 13/17
13/17 26/18 27/19
36/20 36/21
**particularly** [1] 13/2
**parties** [21] 3/17 3/21
13/10 13/17 13/18
13/23 14/2 14/10 18/2
20/19 21/12 21/13
21/14 21/16 22/3 23/14
27/18 27/24 33/25 34/5
37/9
**partner** [1] 12/23
**partners** [1] 12/14
**parts** [2] 4/21 5/17
**party** [11] 13/13 15/6
18/2 22/1 22/1 22/15
22/18 23/15 23/17
23/17 25/12
**past** [1] 5/21
**Pause** [1] 33/16
**pay** [1] 12/13
**people** [12] 8/8 9/22
10/2 16/4 16/5 16/19
16/20 17/12 17/13

**perfectly** [1] 7/16
**perhaps** [1] 11/14
**person** [5] 8/5 8/7
20/14 20/16 27/15
**pertinent** [18] 26/25
28/2 28/4 28/6 28/7
28/17 28/18 30/19
30/22 30/24 32/6 32/12
32/19 34/10 35/25
36/13 38/4 39/5
**phase** [6] 26/16 26/17
28/14 31/22 34/13
37/19
**phrase** [1] 29/2
**piece** [1] 30/4
**place** [1] 9/4
**Plaintiff** [1] 1/17
**plaintiff's** [1] 26/22
**plaintiffs** [15] 1/4 1/13
3/5 3/6 4/14 4/16 4/22
11/20 14/7 19/7 25/11
34/21 35/15 36/23
39/12
**planning** [1] 17/20
**play** [1] 25/14
**please** [2] 33/15 41/5
**plus** [1] 32/24
**point** [4] 7/25 21/19
30/13 32/15
**position** [15] 7/15 9/17
18/12 19/16 20/3 21/1
22/8 24/1 26/20 26/21
26/22 29/11 29/19 35/9
38/25
**potential** [1] 30/4
**potentially** [2] 5/6
15/18
**practical** [1] 29/25
**practice** [2] 30/14
32/24
**pre** [1] 35/6
**pre-judged** [1] 35/6
**precisely** [1] 22/7
**precision** [1] 30/17
**preclude** [1] 33/7
**preclusive** [1] 34/4
**preferable** [1] 27/3
**prejudiced** [1] 4/24
**preparation** [2] 11/23
11/23
**prepare** [3] 15/14
16/15 16/17
**prepared** [3] 8/6 8/7
13/6
**preparing** [1] 15/21
**present** [9] 9/12 12/12
13/3 13/10 13/13
**pressure** [1] 15/21
**presumably** [1] 29/14
**Prettyman** [1] 2/8
**prevailed** [1] 39/13
**previously** [1] 35/11
**pricing** [1] 13/19
**priority** [1] 13/8
**probably** [4] 11/21
14/4 26/14 30/6
**problems** [1] 14/23

**procedure** [1] 37/23
**proceeding** [1] 29/18
**proceedings** [6] 1/9
2/10 26/7 35/8 40/4
41/4
**process** [10] 5/6 5/12
5/13 6/15 6/20 9/5
10/22 11/1 16/11 17/4
**produced** [2] 2/11
**proffered** [1] 19/24
**progress** [3] 7/6 15/13
25/2
**promised** [1] 8/19
**promptly** [1] 22/17
**proof** [1] 36/16
**proposal** [1] 33/5
**proposed** [4] 26/8
26/15 26/16 29/20
**Protection** [1] 1/18
**prove** [2] 27/21 36/3
**provide** [19] 4/20 5/2
8/20 8/21 10/23 11/1
14/2 14/6 14/11 14/14
14/16 15/19 19/3 20/6
20/16 20/18 23/17 29/8
34/1
**provided** [4] 4/13
11/15 13/13 13/15
**providers** [1] 13/11
**provision** [2] 29/12
33/2
**provoke** [1] 31/13
**purposes** [1] 35/21
**pursuing** [1] 10/20
**push** [2] 18/19 18/20
**pushes** [1] 5/4
**pushing** [1] 18/22
**put** [5] 10/1 11/25
13/22 23/3 29/1
**puts** [2] 6/2 37/17

**Q**

**question** [6] 12/17
26/24 29/24 30/2 36/1
36/22
**questioned** [1] 19/5
**questioning** [4] 29/5
29/9 29/21 31/6
**questions** [5] 1/4
5/20 8/12 11/7 29/15
**quickly** [1] 21/8

**R**

**raised** [1] 35/11
**raising** [1] 3/21
**Ralph** [1] 1/19
**ranges** [1] 5/22
**rather** [2] 9/21 15/21
**reach** [3] 16/10 19/14
21/2
**reached** [1] 16/7
**reaction** [1] 11/10
**read** [7] 21/11 22/21
22/25 27/14 33/19
33/25 34/3
**ready** [2] 11/23 16/4
**realistic** [2] 16/21 18/5
**realistically** [1] 17/16

**R**

realistically... [1] 18/9
really [3] 24/14 34/16 35/25
Realtime [1] 2/7
reason [1] 34/1
reasonable [4] 14/12 16/3 16/6 16/21
reasons [1] 7/3
recap [1] 20/10
receipt [1] 23/19
received [1] 4/16
receives [1] 13/10
recipient [3] 22/23 23/8 23/17
record [3] 6/4 37/5 41/3
recorded [1] 2/10
reflect [1] 26/15
reflected [1] 39/18
reflects [1] 26/4
regarding [4] 26/6 26/18 27/19 33/23
Registered [1] 2/6
relating [1] 28/3
relevant [7] 24/23 25/1 29/2 30/19 31/2 31/3 38/4
reluctant [2] 6/17 16/25
remarks [1] 31/6
remedies [17] 26/19 27/19 29/18 33/20 33/23 33/24 34/2 34/7 34/13 36/6 36/7 36/18 37/19 38/2 38/3 38/22 38/22
remedy [4] 28/14 35/3 35/8 35/21
remember [1] 33/7
remembers [1] 4/8
remotely [1] 41/7
repeat [1] 28/11
report [6] 11/5 20/21 29/8 29/15 29/16 33/11
Reporter [4] 2/6 2/6 2/7 2/7
reporting [1] 41/7
reports [4] 29/6 32/17 33/21 33/24
represented [1] 27/12
request [6] 7/5 8/23 11/3 24/23 25/5 28/17 8/21 24/24 28/2
requests [5] 6/25 7/24 8/21 24/24 28/2
requirement [2] 29/13 32/21
requires [1] 38/7
resolve [3] 19/15 21/1 21/3
respect [4] 5/16 7/5 16/5 24/6
respond [4] 17/7 20/4 22/16 29/24
responded [1] 22/14
responding [1] 17/5
response [11] 4/19 7/7 7/11 7/11 7/17 10/11

25/1
responses [18] 4/17 4/21 5/3 5/9 5/16 7/23 9/6 11/25 15/20 16/6 18/7 19/22 20/7 20/18 24/10 24/14 25/13 25/22
rest [4] 32/1 37/17 37/21 40/3
result [1] 26/1
results [2] 13/14 14/1
revenue [1] 12/14
revenue-sharing [1] 12/14
reversing [2] 26/22 26/23
reviewed [1] 4/17
reviews [1] 13/20
RFP [1] 7/1
right [19] 3/13 3/16 7/3 9/7 10/15 11/9 16/19 20/1 20/2 26/3 26/5 27/10 30/15 33/13 36/5 38/17 39/3 39/20 40/2
RMR [2] 41/2 41/11
road [2] 25/19 25/23
roll [1] 26/14
room [2] 18/17 28/7
rote [1] 14/16
round [3] 22/12 23/13 24/16
rule [15] 3/19 21/11 21/13 22/14 22/17 22/22 22/25 23/1 23/18 23/19 25/23 32/20 32/20 34/3 37/18
ruled [2] 21/17 21/21
rules [2] 17/1 25/19
running [1] 17/10

**S**

sacrifice [2] 17/12 24/3
safe [3] 27/18 27/20 28/14
said [18] 4/22 5/2 6/1 6/25 7/4 9/17 13/6 13/22 14/9 14/21 24/13 30/5 30/5 31/17 33/6 33/8 33/12 37/17
Sallet [10] 1/17 3/6 6/22 9/16 10/15 11/9 12/2 13/9 28/24 33/11
Sallet's [1] 31/6
same [2] 7/15 7/24
satisfied [3] 4/25 5/5 8/10
save [1] 4/5
say [20] 5/9 8/4 10/1 15/10 15/25 16/7 22/7 23/7 26/24 32/25 33/19 33/24 33/25 34/25 35/5 35/13 35/16 36/5 38/12 38/14
saying [3] 27/5 30/20 38/13
says [8] 22/17 27/17 31/22 31/24 32/7 32/13

scenario [1] 16/1
schedule [7] 9/4 9/12 16/3 17/18 18/21 19/3 19/20
scheduled [7] 6/12 6/13 9/5 9/22 15/7 17/22 17/25
scheduling [3] 7/23 23/16 39/17
Schmidtlein [14] 2/2 3/7 6/23 7/6 11/10 15/24 21/22 25/4 29/23 31/17 32/16 32/23 34/17 36/11
Schmidtlein's [2] 22/6 32/10
scope [6] 12/7 12/25 14/23 16/22 23/22 24/4
score [2] 14/4 14/4
scrawled [1] 30/3
search [6] 12/14 12/22 13/12 13/12 13/14 13/25
search-distribution [2] 12/14 12/22
seated [1] 16/7
second [4] 3/9 6/8 7/25 30/13
Section [2] 1/18 30/18
see [9] 3/22 7/11 11/6 11/16 12/6 14/4 16/12 21/13 28/19
seek [1] 10/20
seems [5] 18/8 18/25 25/1 30/16 34/5
sent [4] 4/12 7/6
sentence [1] 37/18
separate [1] 29/18
series [1] 13/19
served [1] 22/18
serving [1] 22/18
set [4] 3/16 6/4 14/10 18/19
setting [1] 24/10
settled [1] 15/15
Seven [1] 4/15
shall [1] 23/18
sharing [1] 12/14
she [3] 20/15 29/14 32/23
shelf [1] 12/21
should [10] 6/3 6/4 7/24 10/9 11/14 18/12 28/13 28/13 35/2 38/6
show [1] 14/15
showing [1] 34/22
side [1] 36/6
significant [1] 27/3
signing [1] 39/15
simple [1] 11/21
simply [2] 13/19 34/5
since [2] 12/16 17/2
single [1] 7/22
sit [1] 17/8
sitting [2] 19/5 19/17
situation [1] 35/21
six [1] 15/1

So I think [3] 31/21 32/10 38/24
So that'll [1] 20/17
So that's [1] 19/12
so-called [1] 7/14
soaked [1] 14/8
some [19] 3/18 3/20 8/10 8/12 9/6 12/8 14/14 15/18 15/21 16/8 17/6 22/22 24/23 28/7 30/14 34/8 34/23 35/3 36/7
somebody [5] 16/7 17/8 19/1 30/20 30/25
somehow [5] 15/13 15/14 35/5 36/12
someone [1] 32/25
something [13] 10/4 14/5 18/6 18/14 20/22 21/20 21/21 28/13 29/13 30/9 31/17 31/25 32/3
sometimes [2] 5/11 23/21
sorry [10] 3/8 7/25 9/15 19/9 19/11 20/1 26/23 31/18 38/4 38/10
sort [10] 3/22 25/13 25/15 25/23 27/18 27/20 30/19 30/24 32/23 36/5
sources [1] 14/18
speak [3] 8/13 32/21 32/22
special [1] 37/18
specialized [1] 13/11
specific [8] 5/25 13/2 22/15 26/18 27/19 32/17 32/18 33/23
specifically [4] 8/23 24/24 24/25 31/9
speed [1] 9/5
spot [1] 16/24
St [1] 2/3
stand [3] 3/23 3/25 20/23
standard [2] 30/25 33/1
start [6] 6/5 6/7 9/17 18/12 25/9 27/5
started [1] 10/6 17/19 18/24 24/18
starting [1] 10/6
State [1] 1/17
stated [2] 24/25 24/25
statements [2] 22/6 37/5
STATES [5] 1/1 1/3 1/10 3/3 11/4
status [5] 1/9 4/9 7/13 11/5 20/21
statutes [1] 36/3
stenography [2] 2/10
still [2] 12/5 15/11
stop [1] 32/5
Street [1] 1/14
subject [1] 41/6

submit [1] 20/22
subparts [2] 12/17 13/19
subpoena [4] 22/18 22/24 23/18 25/23
subpoenas [1] 23/15
substantive [4] 32/20 32/20 32/20 37/22
substitute [2] 7/17 9/7
successful [1] 15/25
successfully [1] 5/12
such [2] 12/15 12/16 14/8
suggest [1] 11/5
suggesting [1] 7/7
Suite [1] 1/21
supplemental [1] 11/5
supposed [1] 34/25
supposedly [1] 13/5
sure [10] 4/1 17/13 25/7 25/18 27/4 28/15 34/10 35/23 38/20 39/16
surprised [2] 8/5 8/6
surprisingly [1] 17/8
suspect [1] 34/8

**T**

table [1] 10/13
take [9] 3/18 4/6 5/8 17/20 21/12 33/6 33/8 35/7 39/15
taken [2] 10/13 17/7
taking [3] 8/11 13/5 29/10
talk [4] 3/18 4/3 11/20 17/3
talked [1] 39/17
talking [1] 31/7
tasked [1] 26/25
technological [1] 41/7
tell [5] 14/20 15/1 27/2 34/19 39/7
telling [1] 24/15
ten [8] 23/5 23/7 23/19 24/10 25/2 25/3 25/17 25/22
ten-day [3] 23/5 23/7 24/10
terms [9] 16/3 20/21 20/23 29/12 34/11 35/13 35/14 36/4 38/7
test [1] 32/24
testify [1] 13/4
testimony [10] 4/25 7/17 11/24 12/4 15/2 20/14 23/23 26/17 29/3 31/23
than [5] 9/21 15/21 24/19 27/3 28/14
Thank [5] 11/9 11/12 20/8 21/7 31/20 39/20 39/25 40/2
Thank you [5] 11/9 11/12 20/8 21/7 39/20
Thanks [1] 40/3
that [239]
that'll [5] 20/4 20/17

**T**

that'll... **[3]** 20/20 25/24 25/24

that's **[38]** 5/15 6/8 8/1 10/12 11/24 11/24 12/16 14/7 14/12 16/16 16/20 17/15 18/15 19/12 19/15 20/1 22/7 22/21 23/7 24/15 25/17 25/19 27/19 28/12 28/14 29/15 30/8 31/14 32/3 32/11 32/11 35/9 35/22 36/9 38/6 38/13 39/8 39/11

their **[12]** 4/17 17/12 24/14 25/13 26/14 27/7 28/17 35/6 35/15 35/19 35/20 36/23

them **[33]** 4/23 5/11 5/14 5/19 5/21 5/23 6/4 6/7 7/3 8/16 8/22 9/18 10/5 10/12 13/16 14/19 14/21 15/17 15/19 15/20 17/7 17/19 19/15 24/16 25/12 25/16 26/22 27/6 27/13 33/5 35/4 36/25 38/7

then **[25]** 5/5 5/13 5/14 6/10 11/3 13/18 14/11 15/5 16/2 16/15 18/24 20/4 21/9 25/15 25/21 26/5 26/6 27/9 27/20 27/22 29/24 30/10 32/19 34/2 39/7

there **[29]** 3/8 6/5 6/25 8/3 8/8 9/3 9/17 9/24 10/19 12/15 13/17 14/1 14/22 15/7 16/11 19/14 20/5 20/25 22/22 24/24 24/24 28/8 33/9 34/8 34/8 34/12 36/23 36/24 38/4

there's **[15]** 4/3 6/18 7/5 8/10 9/21 10/16 12/21 13/22 21/9 22/22 26/5 28/9 32/4 32/13 37/20

therefore **[1]** 41/6

these **[21]** 6/10 6/11 8/17 8/24 9/7 9/10 10/2 11/21 11/24 12/8 12/20 14/18 14/22 14/22 15/12 15/18 16/14 16/20 17/11 24/4 24/5

they **[55]**

they'd **[1]** 27/7

they're **[10]** 5/8 5/14 5/18 10/7 12/10 12/10 13/6 23/14 34/2 37/13

they've **[5]** 4/22 5/22 17/9 28/19 36/5

thing **[1]** 27/14 28/4 32/7

things **[13]** 3/23 3/24 3/25 12/9 16/11 16/15 17/2 17/17 18/24 18/25 20/23 23/21 24/2

think **[58]**

13/17 13/18 13/23 14/10 15/6 18/1 21/12 21/16 22/1 22/1 22/2 22/15 23/15 23/17 25/12 38/13 38/14

third-party **[2]** 15/6 22/15

third-party-by-third-party **[1]** 22/1

this **[66]**

thorny **[1]** 23/21

those **[23]** 5/10 5/16 5/20 5/23 5/24 6/1 6/20 7/4 8/19 8/21 9/22 10/24 11/2 12/20 14/11 15/20 17/5 19/6 19/25 20/6 24/17 36/25 37/4

thought **[8]** 8/17 10/18 21/15 21/22 21/24 25/4 29/20 37/8

three **[6]** 10/2 10/19 10/24 11/2 12/17 37/9

through **[6]** 7/1 7/2 9/23 17/13 25/3 35/5

Thursday **[1]** 10/24

till **[2]** 4/6 5/3

time **[11]** 3/18 17/1 17/7 17/15 19/13 19/15 21/4 22/15 23/4 24/2 24/3

timeline **[1]** 23/12

timing **[4]** 11/7 17/5 22/21 22/23

titled **[1]** 41/4

today **[4]** 3/22 6/20 17/3 39/18

together **[2]** 11/25 21/9

tomorrow **[1]** 8/20

too **[2]** 37/13 37/14

took **[3]** 7/15 30/7 36/9

topic **[3]** 12/11 13/9 36/21

topics **[21]** 4/16 8/7 8/9 8/12 8/15 8/15 9/2 9/12 9/23 10/2 11/19 12/3 13/9 15/14 15/18 16/1 19/6 19/18 20/5 20/13 20/15

totals **[1]** 4/23

towards **[1]** 4/22

transcript **[3]** 1/9 2/10 41/3

transcription **[1]** 2/11

transmitted **[1]** 13/21

trial **[2]** 3/2 38/20

try **[2]** 13/6 15/22

trying **[6]** 12/5 16/15 24/3 30/13 31/12 31/12

turn **[4]** 6/23 10/15 11/10 26/6

turns **[1]** 9/6

two **[14]** 4/17 4/18 8/15 8/19 8/24 10/18 14/18 14/25 15/3 15/3 18/15 18/25 19/12 24/18

two-day **[1]** 14/25

type **[1]** 14/3

**U**

U.S **[3]** 1/13 4/16 4/21

ultimately **[3]** 36/2 36/22 38/6

unclear **[1]** 5/18

under **[2]** 8/11 23/18

understand **[7]** 13/25 26/13 29/4 29/5 31/7 37/20 39/1

understanding **[2]** 12/7 38/24

undoable **[1]** 14/9

undoubtedly **[1]** 25/25

unfortunately **[1]** 11/14

Unit **[1]** 1/19

UNITED **[5]** 1/1 1/3 1/10 3/3 11/4

United States **[2]** 3/3 11/4

unlawful **[1]** 34/25

unless **[1]** 26/5

unlikely **[1]** 37/22

unnecessarily **[1]** 24/3

unrealistic **[1]** 15/16

until **[4]** 5/3 7/11 7/18 24/14

unwittingly **[1]** 35/6

up **[9]** 10/1 10/10 14/15 15/6 16/11 17/10 20/24 24/5 32/11

update **[1]** 20/23

upfront **[1]** 31/13

upon **[1]** 36/3

ups **[1]** 26/1

us **[24]** 3/25 4/15 5/17 5/22 6/2 7/2 8/14 10/13 11/4 12/5 13/1 13/6 13/7 14/11 14/21 15/11 24/15 24/18 25/1 26/11 27/8 28/9 28/19 30/2

usdoj.gov **[1]** 1/16

use **[1]** 34/14

used **[2]** 36/13 36/13

useful **[1]** 9/7

user **[1]** 13/20

usually **[2]** 25/10 25/14

**V**

vagueness **[1]** 28/5

variety **[1]** 14/18

various **[2]** 12/24 19/5

version **[1]** 30/3

versus **[2]** 3/4 34/12

vertical **[1]** 13/11

very **[9]** 8/23 8/25 11/22 23/21 24/8 27/1 27/23 37/16 39/13

VIA **[1]** 1/9

view **[2]** 9/4 35/12

vote **[2]** 37/9 37/11

vs **[1]** 1/5

**W**

waiting **[1]** 14/21

waived **[1]** 21/21

walked **[1]** 14/14

want **[26]** 6/22 8/13 10/5 10/6 10/7 12/4 12/8 14/9 17/3 17/14 17/14 18/16 20/22 21/1 21/4 23/11 25/6 25/18 27/2 30/20 31/4 31/24 33/25 34/11 34/20 35/4 38/25

wanted **[5]** 3/17 10/16 10/17 28/21 38/25

wants **[4]** 25/18 30/25 32/2 32/3

was **[19]** 3/8 3/21 4/14 5/12 12/24 14/3 16/25 16/9 20/2 22/13 28/20 30/9 33/1 33/9 33/9 37/8 38/12 38/18 38/20

Washington **[4]** 1/5 1/14 2/3 2/9

waste **[1]** 24/2

way **[10]** 5/4 6/18 7/20 11/25 14/8 15/21 16/2 34/11 36/10 37/3

wc.com **[1]** 2/4

we **[172]**

we believe **[5]** 5/4 34/22 39/1

We should **[1]** 6/3

We think **[1]** 24/8

we will **[10]** 4/23 5/19 5/21 5/23 6/3 8/19 10/20 10/20 16/12 17/25

we'd **[9]** 4/2 5/8 24/17 27/7 27/8 27/11 27/13 27/25 28/21

we'll **[13]** 4/5 11/1 14/11 16/17 16/20 26/3 28/15 28/15 28/15 33/6 33/8 39/14 39/15

we're **[27]** 4/24 4/24 4/25 5/5 5/6 6/1 6/17 6/18 6/19 7/6 7/16 10/1 14/19 14/21 15/11 15/17 16/14 16/15 16/22 17/10 18/9 21/8 24/5 25/7 30/13 31/24 37/17

we've **[16]** 4/16 5/11 8/16 10/9 10/22 11/7 14/9 14/24 21/20 29/17 30/10 32/19 34/6 38/25 39/14 39/17

web **[1]** 14/1

Webster's **[1]** 28/3

Wednesday **[1]** 19/12

week **[23]** 3/16 11/5 13/7 13/16 14/21 14/25 15/1 15/5 15/5 15/15 16/1 16/8 16/10 17/9 17/21 17/25 18/1 18/3 18/9 18/11 18/13 18/14 19/1

weekend **[1]** 3/15

weeks **[3]** 18/15 19/12 24/19

weighed **[1]** 21/20

well **[16]** 3/15 14/14

went **[1]** 30/11

were **[4]** 4/16 8/4 9/17 11/25 12/1 17/7 24/22 27/10

weren't **[1]** 27/11

what **[58]**

what's **[14]** 9/16 12/25 12/25 8/26 30/15 30/18 30/19 31/2 31/3 31/13 34/7 36/1 36/16 36/16

whatever **[8]** 7/21 10/3 19/13 32/2 32/23 34/1 34/25 38/5

when **[13]** 7/15 10/7 16/6 17/6 18/24 19/6 19/18 23/7 23/12 24/15 27/21 33/4 33/6

where **[11]** 3/23 3/25 5/6 11/6 20/23 22/12 24/23 28/15 29/17 30/8 30/14

whether **[13]** 14/12 21/23 25/11 25/11 26/15 26/24 28/4 31/11 32/5 34/9 35/23 35/24 36/12

which **[27]** 4/12 6/12 6/13 11/17 12/12 13/20 14/22 15/25 16/4 16/12 18/7 18/8 19/3 19/18 20/4 20/16 22/15 23/8 25/14 25/25 28/3 32/24 33/19 34/22 35/1 35/13 36/16

while **[5]** 15/11 15/12 16/14 18/17 21/8

whit **[1]** 35/17

who **[11]** 9/2 9/11 12/19 13/13 15/8 16/18 19/4 19/17 20/12 20/14 27/15

who's **[1]** 16/19

whoever **[1]** 25/10

whole **[2]** 5/6 14/17

wholly **[1]** 15/16

why **[12]** 3/24 11/24 13/1 13/16 14/10 27/2 28/10 28/10 29/23 32/11 32/11 37/20

will **[43]**

William **[2]** 2/6 41/2 41/10 41/11

WILLIAMS **[1]** 2/2

willing **[2]** 10/8 12/13

winner **[1]** 19/12

wishes **[1]** 32/23

withdrawn **[1]** 10/10

within **[2]** 23/19 25/22

without **[1]** 34/24

witness **[3]** 13/3 14/15 15/21

witnesses **[9]** 5/15 9/2 15/2 15/3 15/14 16/16 16/17 18/2 20/12

**W**

**won't [6]**  4/22 5/2 5/25 6/2 6/17 31/25

**word [18]**  4/4 4/5 26/20 27/6 27/9 28/18 30/8 32/5 32/12 33/7 34/9 35/24 36/12 36/13 37/1 38/5 39/7 39/11

**words [4]**  7/15 9/20 29/7 29/20

**wordsmith [1]**  33/18

**work [4]**  6/3 8/25 18/17 27/15

**working [5]**  13/5 17/13 18/1 18/11 25/3

**world [4]**  34/23 34/24 35/2 35/20

**would [18]**  3/18 3/21 6/6 6/14 7/21 8/3 8/5 8/10 9/7 9/22 11/20 18/6 24/12 28/11 29/1 32/5 33/15 35/21

**wouldn't [1]**  9/20

**writing [4]**  16/17 20/4 20/6 20/20

**written [14]**  7/7 7/10 7/11 7/16 7/23 9/6 10/11 14/15 15/19 16/5 19/21 19/24 20/18 27/7

---

**Y**

**Yeah [4]**  4/5 25/20 37/10 37/20

**year [5]**  5/3 8/24 9/2 16/19 19/20

**Year's [1]**  17/23

**years [1]**  13/23

**yell [1]**  39/7

**yes [8]**  3/11 3/12 4/1 6/24 20/2 25/21 28/25 34/17

**yet [5]**  4/9 4/11 15/15 21/25 22/9

**you [105]**

**you know [2]**  31/2 38/25

**you'll [3]**  14/4 14/4 20/12

**you're [3]**  13/18 18/5 25/9

**you've [2]**  16/7 38/13

**you-all [1]**  38/1

**your [57]**

**Your Honor [47]**

**Your Honor's [1]**  38/24

---

**Z**

**Zaremba [4]**  2/6 41/2 41/10 41/11

**ZOOM [1]**  1/9