IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>　　　　　　　　　Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| | **FILED UNDER SEAL** |
| State of Colorado, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>　　　　　　　　　Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

　　U.S. Plaintiffs respectfully request that the Court reject Google's motion to amend the Amended Scheduling and Case Management Order (CMO), ECF No. 108-1, because Google has failed to show good cause for the requested amendment.

　　The CMO, which Google negotiated and agreed to, makes no provision for the extended deposition Google now seeks; thus, Google's motion must be read as a request to amend the CMO. Indeed, Google's acknowledgment that it may seek additional ten-hour depositions demonstrates that Google seeks to evade the constraints of the CMO that have governed this case for more than a year.

　　The Court should reject Google's motion for three reasons. First, there is no justification for

1

Google's delay in seeking such a modification. When the CMO was negotiated, Google knew that certain third parties in this litigation would have multiple touch points to the disputed facts and claims at issue. Yet, Google did not seek this modification until near the close of fact discovery (85 days remain), when Plaintiffs have completed almost half of their depositions. Second, Google has not identified any facts that distinguish Mr. Tinter from other third-party deponents and that necessitate an amendment to the CMO. Third, Plaintiffs would be prejudiced if Google's motion is granted.

Accordingly, the Court should deny Google's request to modify the Case Management Order.

### I.  LEGAL STANDARD

The CMO does not provide for extended third-party depositions. The order—which was entered into on the parties' agreement—may only be modified for "good cause." CMO at 33. The good cause standard "focuses on the timeliness of the amendment and the reasons for its tardy submission." *Headfirst Baseball LLC v. Elwood*, 206 F. Supp. 3d 148, 154 (D.D.C. 2016) (internal quotation omitted). The existence or degree of prejudice to the party opposing the modification and other factors may also affect the decision. *See Childers v. Slater*, 197 F.R.D. 185, 188 (D.D.C. 2000).

### II.  ARGUMENT

#### A. The CMO, As Agreed To By The Parties, Should Control

The Court should conclude that Google's delay forecloses the requested amendment.

The CMO, the result of a two-month negotiation between the parties, provides the appropriate procedure for third-party depositions. If one party notices a third-party deposition, that party may question the witness for six hours, and the opposing party may question the witness for one hour. CMO at 13. The CMO extends third-party depositions when the parties

2

cross-notice the same witness. *Id*. In that case, third-party deponents must sit for *11 hours*, divided in half between Plaintiffs and Google. *Id*.

Google's request for extra time with Mr. Tinter ignores the CMO's time allocation and disregards the approach that has governed the parties for the past year of fact discovery. Google must demonstrate good cause why the CMO should be amended now, shortly before fact discovery ends.

It was, of course, entirely foreseeable that there would be important third-party depositions in this case; the CMO's existing procedure for extending cross-noticed depositions existed specifically for this purpose. Nevertheless, Google waited until after it noticed Mr. Tinter's deposition to seek the CMO changes it now requests. This delay, on its own, should foreclose Google's motion.

To support its motion, Google points to *one* document, produced this year, that Google plans to use in Mr. Tinter's deposition. Microsoft, however, produced tens of thousands of documents from Mr. Tinter's files *before* October 1, 2021. In its filing, Google does not address whether those thousands of documents reflect the issues Google plans to raise in Mr. Tinter's deposition. Indeed, Google has ████████████████████████████████████████████████████████████████████████████ Thus, Google cannot claim it was surprised by Mr. Tinter's role at Microsoft.[1]

---

[1] *See e.g.*, GOOG-DOJ-01764512 (2008 email where top Google executive quotes Mr. Tinter's comments to the press); GOOG-DOJ-07569856 (Google whitepaper on "search innovation" citing Mr. Tinter's Bing Blog post titled "Enhanced Cooperation with Facebook on Search); GOOG-DOJ-12470946 (2015 Email connecting Google's Chief Legal Officer with Mr. Tinter and noting that "Jon is a Corporate Vice President here responsible for business development across an array of areas, and he knows well our search business, among other things"); GOOG-DOJ-06518850 (2019 Plan for EC Choice Screen Roll-Out noting that top Google executive should reach out to Mr. Tinter for Microsoft comments on the EC Choice Screen); GOOG-DOJ-12361187 (2019 email showing direct communications with Mr. Tinter and Google executives regarding ███████████████████████████).

Google offers no explanation for why it waited until the last months of fact discovery to seek to amend the CMO. Because Google has failed to make the required showing, the Court should reject Google's motion.

### B. Google Cannot Articulate Good Cause Because Mr. Tinter's Deposition Is Not Unique

The Court should also reject Google's motion to amend the CMO because Google has failed to demonstrate good cause for extending Mr. Tinter's deposition beyond that allowed for other third-party witnesses.

Google marshals three factors to demonstrate good cause for the proposed amendment to the CMO: (1) Mr. Tinter's time in the industry; (2) Mr. Tinter's ███████ ███ and (3) Mr. Tinter's ███████ Google's contention that Mr. Tinter has extensive knowledge about the subject of this litigation is, of course, true of many deponents—including those whose depositions have been completed. For example:

- On December 21, 2021, the parties deposed ███████ at Motorola Mobility. Motorola is one of Google's top distribution partners in the United States and ███████ Motorola smartphones partnerships with Google, Microsoft, and Amazon, and ███ dealings with Google's top carrier partners, including Verizon, T-Mobile, and AT&T. ███████

- On January 6, 2022, the parties deposed Mitchell Baker, Chair of the Mozilla Foundation and CEO of Mozilla, an entity that receives the lion's share of its revenue directly from Google. Ms. Baker co-founded Mozilla in 2003, has been in critical leadership roles at the Mozilla Foundation and Mozilla in the 19 years since then. Google and Mozilla have been longstanding partners, first entering into a search agreement in 2004. Ms. Baker has been responsible for search agreements with Microsoft (Bing), Yahoo!, Yandex, Amazon, and DuckDuckGo. As Chairwomen of the Mozilla Foundation, Ms. Baker possessed knowledge of Mozilla advocacy efforts in front of antitrust regulators.

Given the breadth of issues each of these third-party deponents covered, Plaintiffs were forced to prioritize issues and make tradeoffs to complete the depositions in the CMO's allotted 5.5 hours. Google should reasonably be expected to proceed in a similar fashion when it questions Mr. Tinter. *See also Roberson v. Bair*, 242 F.R.D. 130, 138 (D.D.C. 2007) (a set time limit "encourages efficiency; it has been said that a writer's best friends are a deadline and a page limitation. The same may be said of lawyers conducting depositions.").

Because Google has failed to demonstrate that Mr. Tinter's upcoming deposition constitutes good cause for amending the CMO, the Court should reject Google's motion.

### C. Google's Proposal Would Prejudice Plaintiffs

Modifying the CMO now would permit Google to enjoy one set of rules, while Plaintiffs—who have proceeded expeditiously with discovery—have properly made due with a different set. For this reason, the Court should deny Google's motion to amend the CMO.

Plaintiffs have already conducted important third-party depositions of Google's search partners. During those depositions, which Google cross noticed, Plaintiffs limited their questioning to 5.5 hours, in abidance with the CMO. The arguments Google has put forth apply with equal force to many of those third parties, and as such, granting Google's request unfairly penalizes Plaintiffs, who have acted within the confines of the agreed-upon procedure. Thus, Plaintiffs would be prejudiced if Google was freed from the CMO's limits as fact discovery winds down. Even if Plaintiffs were permitted to reopen past third-party depositions to allow for the extended time Google seeks, the chaos (*e.g.*, multiple depositions per day) this would bring to the end of fact discovery would undermine Plaintiffs' efforts to complete discovery in an orderly manner.

Of course, if Google is permitted to modify the CMO to allow a party to take 10-hour depositions of third parties—a position we oppose—Plaintiffs would expect to make use of this

new rule. Indeed, at least one already-noticed deposition would meet the standard for which Google now advocates: ▇▇▇ of Apple. ▇▇▇

▇▇▇ deposition would certainly qualify for the exception Google seeks to deal only to itself.

The Court should reject Google's motion because permitting Google to modify the CMO shortly before the end of fact discovery would prejudice Plaintiffs; should the Court nevertheless permit extended depositions of third parties, the Court should hold that Plaintiffs are permitted to take such depositions as well.

### III. CONCLUSION

For these reasons, the Court should conclude that good cause does not exist for revisiting the agreed-upon CMO's third-party deposition procedures, which have guided the parties for more than a year's worth of the scheduled pretrial period.

Dated: February 10, 2022                                          Respectfully submitted,

                                              By:     */s/ Kenneth M. Dintzer*
Kenneth M. Dintzer
Karl E. Herrmann
U.S. Department of Justice, Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 227-1967
Kenneth.Dintzer2@usdoj.gov

*Counsel for Plaintiff United States of America*

By:     */s/ Jonathan R. Carter*
Leslie Rutledge, Attorney General
Johnathan R. Carter, Assistant Attorney General
Office of the Attorney General, State of Arkansas
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Johnathan.Carter@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

By:     */s/ Adam Miller*
Rob Bonta, Attorney General
Ryan J. McCauley, Deputy Attorney General
Adam Miller, Deputy Attorney General
Paula Blizzard, Supervising Deputy Attorney General
Kathleen Foote, Senior Assistant Attorney General
Office of the Attorney General,
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Adam.Miller@doj.ca.gov

*Counsel for Plaintiff State of California*

By: */s/ Lee Istrail*
Ashley Moody, Attorney General
R. Scott Palmer, Interim Co-Director, Antitrust Division
Nicholas D. Niemiec, Assistant Attorney General
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

By: */s/ Daniel Walsh*
Christopher Carr, Attorney General
Margaret Eckrote, Deputy Attorney General
Daniel Walsh, Senior Assistant Attorney General
Charles Thimmesch, Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

By: */s/ Scott L. Barnhart*
Theodore Edward Rokita, Attorney General Scott L. Barnhart, Chief Counsel and Director, Consumer Protection Division
Matthew Michaloski, Deputy Attorney General
Erica Sullivan, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Scott.Barnhart@atg.in.gov

*Counsel for Plaintiff State of Indiana*

By:    */s/ Philip R. Heleringer*
Daniel Cameron, Attorney General
J. Christian Lewis, Executive Director of Consumer Protection
Philip R. Heleringer, Deputy Executive Director of Consumer Protection
Jonathan E. Farmer, Assistant Attorney General
Office of the Attorney General, Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Phone: 502-696-5647
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*

By:    */s/ Christopher J. Alderman*
Jeff Landry, Attorney General
Christopher J. Alderman, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
AldermanC@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

By:    */s/ Scott Mertens*
Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

By:    */s/ Stephen M. Hoeplinger*
Stephen M. Hoeplinger
Assistant Attorney General
Missouri Attorney General's Office
815 Olive St., Suite 200
St. Louis, Missouri 63101
Stephen.Hoeplinger@ago.mo.gov
*Counsel for Plaintiff State of Missouri*

9

By: */s/ Hart Martin*
Lynn Fitch, Attorney General
Hart Martin, Special Assistant Attorney General
Crystal Utley Secoy, Assistant Attorney General
Office of the Attorney General, State of Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Hart.Martin@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

By: */s/ Mark Mattioli*
Austin Knudsen, Attorney General
Mark Mattioli, Chief, Office of Consumer Protection
Office of the Attorney General, State of Montana
P.O. Box 200151
555 Fuller Avenue, 2nd Floor
Helena, Montana 59620-0151
mmattioli@mt.gov

*Counsel for Plaintiff State of Montana*

By: */s/ Rebecca M. Hartner*
Rebecca M. Hartner, Assistant Attorney General
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney General
C. Havird Jones, Jr., Senior Assistant Deputy Attorney General
Mary Frances Jowers, Assistant Deputy Attorney General
Office of the Attorney General, State of South Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
RHartner@scag.gov

*Counsel for Plaintiff State of South Carolina*

10

By:    */s/ Bret Fulkerson*
Bret Fulkerson
Office of the Attorney General, Antitrust Division
300 West 15th Street
Austin, Texas 78701
Bret.Fulkerson@oag.texas.gov

*Counsel for Plaintiff State of Texas*

By:    */s/ Gwendolyn J. Lindsay Cooley*
Joshua L. Kaul, Attorney General
Gwendolyn J. Lindsay Cooley, Assistant Attorney General
Wisconsin Department of Justice
17 W. Main St.
Madison, Wisconsin 53701
Gwendolyn.Cooley@Wisconsin.gov

*Counsel for Plaintiff State of Wisconsin*