IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*,<br><br>                Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, *et al.*,<br><br>                Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**DEFENDANT GOOGLE LLC'S STATEMENT REGARDING
A DISPUTE INVOLVING THIRD PARTY DISCOVERY OF MICROSOFT**

Google has subpoenaed for deposition Jon Tinter, a Microsoft executive with over a decade of experience overseeing teams responsible for ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Pursuant to Rules 26 and 30, Google asks leave to depose him for ten (10) hours given his prominent role in the business activities at issue in both the DOJ and Colorado Plaintiffs' cases.[1]

---

[1] Google expected to jointly submit this dispute to the Court together with Microsoft, in line with the prior joint or simultaneous submissions made pursuant to the Court's directives. *E.g.*, ECF 164 & 165 (simultaneous submission of disputes as to Microsoft); ECF 199-1 (joint submission of dispute with respect to Microsoft); ECF 177 & 178 (Apple); ECF 244 & 245 (Samsung).

Under the Federal Rules of Civil Procedure, "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent." FED. R. CIV. P. 30(d)(1). Rule 26, in pertinent part, permits relevant discovery that is "proportional to the needs of the case, considering the importance of the issues at stake in the action, . . . the parties' relative access to relevant information, . . . [and] the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(b)(1). "Rule 26(b) applies equally to discovery of nonparties." *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993). "The party seeking a court order to extend the examination . . . is expected to show good cause to justify such an order." FED. R. CIV. P. 30 advisory committee's note to 2000 amendment.

Mr. Tinter is a Corporate Vice President of Business Development at Microsoft, and has worked at the company since 2007. Few Microsoft personnel have touched the breadth of issues relevant to the present litigation as Mr. Tinter. He has played a central role in ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

---

Google's position is that this is a straightforward issue of deposition time for a Microsoft witness—not a dispute with the Plaintiffs—and that it could and should have been submitted to the Court following the same process as for prior disputes involving discovery of Microsoft. In any event, Google's counsel will be prepared to address this issue at Friday's status conference.

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████  Finally, he has been involved in ████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████, alleged conduct that is included within the claims set forth in the Colorado Plaintiffs' claims.

Microsoft, for its part, does not dispute Mr. Tinter's atypical proximity to a range of issues pertinent to both the DOJ and Colorado Plaintiffs' cases. Instead, when Google requested an extended deposition, Microsoft responded that Mr. Tinter "has been a widely known senior executive of the company for more than a decade[.]"[2] But that is precisely why Google should be afforded additional time for his deposition: Mr. Tinter has been personally involved in business activities at the heart of these cases for years, and ████████████████████ ████████████████████████ these issues. As early as ████████████████████████ ██████████████████████████████████████████████████ Then, █ ███████████████████████████████████████████████████████████ ████████████████████ And ████████████████████████████████████ ██████████████████████████████████ several of the same allegations regarding Google that Plaintiffs have adopted in their complaints here. Mr. Tinter ████████ ████████████████████ but rather, ██████████████████████████████████ ███████████████████████████████████████████████████████████

---

[2] Feb. 4, 2022 Ltr. from V. Cohen to B. Greenblum, at 1.

██████████████████████████████████████████████████████████

█████████ A deposition across the breadth of Mr. Tinter's knowledge of relevant facts could easily consume the same fourteen hours for which Plaintiffs are examining numerous Google's witnesses. *See* ECF 108-1 at 12. Google asks only for ten hours of deposition time with Mr. Tinter.

The arguments that Plaintiffs and Microsoft have together marshalled against Google's request for additional deposition time are without merit. Neither Plaintiffs nor Microsoft have disputed the breadth of Mr. Tinter's involvement in issues germane to this litigation, and neither has suggested that Mr. Tinter is an apex witness. For its part, Microsoft has argued that Google should have made the request before requesting Mr. Tinter's deposition in the first instance on January 10. The timing of the request for additional deposition time does not bear on its merit.[4] But in any event, the timing of Google's request was driven by nothing more than its continuous review of the hundreds of thousands of documents that Microsoft produced after its deadline for substantial completion in October 2021, ECF 208 at 2, including the production—after Mr. Tinter's deposition was requested—of 14,000 documents from Mr. Tinter's files (to say nothing of thousands of other new documents from other custodians' files that may bear on Mr. Tinter's allegations).

Plaintiffs' opposition to Google's request for ten deposition hours with Mr. Tinter fares no better. Plaintiffs say they are prejudiced because they too would depose third party witnesses

---

[3] ██████████████████████████████████████████████ was first produced on Friday evening, January 14, 2022, several days after Mr. Tinter's deposition was requested by Google.

[4] If the issue is that Mr. Tinter is not available for two consecutive days of deposition beginning on the noticed date, March 2, 2022, Google understands that the parties will work to reschedule the deposition on a mutually feasible date.

for longer than the time afforded by the CMO. This does not bear on whether Google has shown good cause to depose Mr. Tinter for ten hours; if Plaintiffs believe they have good cause for additional time with certain deponents, they are free to seek leave from the Court. Plaintiffs have also asked Google to identify now whether there are other Microsoft witnesses with whom Google will seek extra time. Google is continuously reviewing the documents recently produced by Microsoft, but unlike the Plaintiffs, Google had no access to Microsoft personnel or internal documents prior to the filing of these lawsuits; Google is also still trying to determine which of the ▓▓▓ Microsoft-affiliated witnesses on Plaintiffs' initial disclosures the Plaintiffs actually intend to call at trial (an effort that Plaintiffs continue to resist). If Google identifies additional Microsoft (or other) witnesses with whom additional time is warranted, then Google will confer with those witnesses' counsel and raise the issue with the Court if necessary, but that has nothing to do with whether the request is well-grounded as to Mr. Tinter.

      Google respectfully submits that it has shown good cause to depose Mr. Tinter for ten hours, and that the request accordingly should be granted.

Dated: February 8, 2022         Respectfully submitted,

       WILLIAMS & CONNOLLY LLP

       By: /s/ *John E. Schmidtlein*
       John E. Schmidtlein (D.C. Bar No. 441261)
       Benjamin M. Greenblum (D.C. Bar No. 979786)
       Colette T. Connor (D.C. Bar No. 991533)
       725 12th Street, NW
       Washington, DC 20005
       Tel: 202-434-5000
       jschmidtlein@wc.com
       bgreenblum@wc.com
       cconnor@wc.com

       WILSON SONSINI GOODRICH & ROSATI P.C.
       Susan A. Creighton (D.C. Bar No. 978486)
       Franklin M. Rubinstein (D.C. Bar No. 476674)

1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

*Counsel for Defendant Google LLC*