IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, et al.,<br><br>                        Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                        Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, et al.,<br><br>                        Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                        Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**NON-PARTY MICORSOFT CORPORATION'S RESPONSE TO GOOGLE'S FEBRUARY 8 SUBMISSION**

     Microsoft submits this filing in response to Defendant Google LLC's February 8 submission to the Court, in which Microsoft anticipates Google will seek 10 hours of deposition time with non-party Microsoft witness Jonathan Tinter, Corporate Vice President of Business Development. Microsoft has informed the Parties that it is willing to produce Mr. Tinter for the 11 hours required under the Court's February 3, 2021 Amended Scheduling and Case Management Order (the "CMO"), Dkt. 108-1, and has confirmed that Mr. Tinter will be available for such deposition on the consecutive dates of March 3 and 4. Microsoft's view is that

1

the allocation of time between Plaintiffs and Defendant of the required 11 hours for Mr. Tinter's deposition is a dispute between the Parties and that Microsoft has complied with its obligations under the CMO.

**<u>Background</u>**

On January 7, 2022, counsel for Microsoft wrote counsel for Google to request that Google promptly provide its list of deponents so that Microsoft could determine deponent availability. On January 10, counsel for Google informed Microsoft that it sought to take the deposition of Jonathan Tinter during the week of February 28. On January 15, Microsoft informed Google that Mr. Tinter was available for deposition on March 2 or March 9. On January 18, Google noticed the deposition of Jonathan Tinter to occur on March 2, 2022. On January 25, 2022, State Plaintiffs cross-noticed Mr. Tinter's deposition for the same date. The CMO provides that "[a]ny deposition noticed by either Plaintiffs in the DOJ Action or Plaintiffs in the Colorado action shall automatically be deemed to have been noticed by Plaintiffs in both actions…" Dkt. 108-1 at 13. Thus, Mr. Tinter's deposition has been cross-noticed by the Parties to the litigation.

The CMO further provides that for non-party witnesses cross-noticed by both sides such as Mr. Tinter, "the deposition will be [11] hours and will be divided equally between the sides." *Id.* (brackets in original). The CMO states that "[a]ny time allotted to one side not used by that side in a non-Party deposition may not be used by the other side, unless the side that does not use all of its allotted time agrees to allow the other side to use the remaining time." *Id.*

On February 2, 2022, more than two weeks after issuing its original deposition notice for Mr. Tinter, counsel for Google asked for Microsoft's consent to permit 10 hours of deposition time with him, citing "ample good cause" for Defendant's request for more than the 5.5 hours of

deposition time permitted under the CMO.  Because Defendant's request would require Mr. Tinter to sit for more than one business day, Google also requested that Mr. Tinter's deposition occur March 2 and 3.

On February 4, 2022, counsel for Microsoft responded that it will make Mr. Tinter available for 11 hours of deposition pursuant to the CMO requirements, Dkt. 108-1 at 13, and provided March 2 and March 4 as his dates of availability.  Microsoft referred Google to the Parties' joint CMO which states that any change to the prescribed allocation of the allowed examination time must be by agreement of the Parties.  Microsoft reiterated this position during a meet and confer with Google's counsel that also occurred on February 4.  During the meet and confer, Microsoft asked if Google had secured agreement from Plaintiffs to deviate from the CMO.  Google responded that it had not, and indicated that it would copy counsel for Microsoft on its correspondence with Plaintiffs.  Later that day, counsel for Google copied Microsoft on an email to Plaintiffs asking if they would agree to use only one of the prescribed 11 hours of deposition of Mr. Tinter permitted under the CMO.

On February 6 and 7, respectively, State Plaintiffs and DOJ Plaintiffs objected to Google's proposal, stating that they would be prejudiced and requesting an opportunity to be heard on the issue.  On February 7, 2022, counsel for Microsoft participated in a telephonic meet and confer with counsel for Plaintiffs and Defendant, during which it became apparent that Plaintiffs objected to Google's failure to raise its requested relief from the CMO through the formal motion process.  Specifically, Plaintiffs stated that Google was seeking a departure from the CMO and that such a request is different than past simultaneous submissions to the Court on discovery disputes.  Google rejected Plaintiffs' request to formally brief the issue.

Earlier on February 7, 2022, counsel for Google insisted that Mr. Tinter sit for deposition on consecutive business days. In response to this request, Mr. Tinter rearranged his schedule to be available on March 3 and 4 on consecutive days. After Mr. Tinter rearranged his schedule to accommodate Google's counsel's request, counsel for Google asked to reschedule Mr. Tinter's deposition back to its original start date of March 2 and 3. Microsoft informed Google on February 8, 2022 that it is looking into accommodating Google's Counsel's most recent request and will promptly get back to Google.

**Argument**

Microsoft understands that the Parties previously negotiated the terms of the CMO back in February 2021; Microsoft did not participate in those negotiations but is bound by its terms and has adhered to them. Importantly, the CMO requirements for cross-noticed, non-Party depositions are crystal clear: "the deposition will be [11] hours" and "divided equally between the sides." *Id.* (brackets in original). To the extent a Party wishes to deviate from that time allocation, the Parties must agree. *See id.* ("Any time allotted to one side not used by that side in a non-Party deposition may not be used by the other side, unless the side that does not use all of its allotted time agrees to allow the other side to use the remaining time.").

Microsoft has agreed to make Mr. Tinter available for deposition for the prescribed 11 hours pursuant to the CMO. With respect to the disagreement between Plaintiffs and Defendant regarding the proper procedure to raise Google's requested relief for additional time with Mr. Tinter above and beyond what is prescribed by the CMO, Microsoft respectfully requests an opportunity to be heard on any arguments affecting Mr. Tinter and/or be granted leave to file written briefing depending on how the parties and the Court decide to resolve the Parties' procedural dispute.

Dated: February 8, 2022                                  Respectfully submitted,

By: /s/ *Vincent H. Cohen Jr.*

Vincent H. Cohen, Jr.
Amisha R. Patel
Dechert LLP
1900 K Street NW
Washington, DC 20006
Tel: 202-261-3300
vincent.cohen@dechert.com
amisha.patel@dechert.com

Caroline Simons (*pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
22 Berkeley Street
Suite 2000
Boston, MA 02116
Tel: 617-880-1800
csimons@orrick.com

Amy W. Ray
Haley P. Tynes
Orrick, Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005
Tel: 202-339-8400
amyray@orrick.com
htynes@orrick.com

*Counsel for Non-Party Microsoft Corporation*