# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

| | |
|---|---|
| State of Colorado, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

## JOINT STATUS REPORT

In accordance with the Court's Minute Order dated February 11, 2022, the Parties in *United States v. Google LLC* and *State of Colorado v. Google LLC* submit the following Joint Status Report regarding a proposal for exchanging the identities of third-party witnesses that may be called at trial.

The Parties agree that each of the U.S. Plaintiffs, the Plaintiff States, and Google will serve amended Rule 26(a)(1)(A)(i) disclosures by February 25 and again by March 21 in which they will designate certain third-party witnesses with an asterisk, but they disagree on two issues. First, under Plaintiffs' proposal, the Parties will designate individuals who are "more likely to be

called at trial than those that merely meet the Rule 26 standard," whereas Google's proposal would have the Parties designate individuals "likely to be called at trial." Second, under Plaintiffs' proposal, the U.S. Plaintiffs, the Plaintiff States, and Google would each designate at most 50 third-party entities or individuals that are "more likely to be called at trial than those that merely meet the Rule 26 standard," whereas Google's proposal would require that "each Party's assessment of whether a third-party witness is likely to be called at trial shall be proportional to the limitations established in the Amended Scheduling and Case Management Order (D.I. 108-1)."

Plaintiffs' position statement on these issues is set forth below in Section A. Google's position statement on these issues is set forth below in Section B. The Parties respectfully attach to this Report: (1) Exhibit A, Plaintiffs' proposed order regarding exchanging the identities of third-party witnesses that may be called at trial, and (2) Exhibit B, Google's proposed order regarding exchanging the identities of third-party witnesses that may be called at trial.

### A.       Plaintiffs' Position Statement

#### 1.       DOJ Plaintiffs' Position Statement

DOJ Plaintiffs disagree with Google on two points. First, the disclosed individuals identified with an asterisk should be those third parties on the disclosures who are "more likely" to be named as witnesses than the other individuals disclosed. Second, there should be a 50-person cap on asterisked individuals for this purpose.

The Court should adopt a relative "more likely" standard because the Parties are still a year away from making firm decisions about how they will present their cases at trial. At the present stage of discovery—with dozens of third parties slated for deposition and no experts yet identified—the most that can be expected from the Parties is to provide guidance as to those disclosed individuals who presently appear more likely to testify than the others disclosed. This

approach satisfies Google's concerns and yet does not ask the Parties to claim knowledge that simply does not yet exist. Google insists on a requirement that the "likely" trial witnesses be disclosed. Google's position, however, asks for an analysis that need not be made at this time. Indeed, given the range of information yet to be obtained (documents, depositions, experts), time spent evaluating the likely third-party witnesses to present at trial is not time well invested.

Second, the Court should adopt a 50-person limit on the identified witnesses because any constraint on the number of witnesses to be designated with an asterisk should be established by a number, not a vague standard, to be administrable. The most appropriate number is the 50-trial-witness limit set in the Case Management Order.[1] ECF #108-1 at ¶ 8. Google suggested no alternate number, instead insisting on a vague "proportionality" standard which lacks specificity and increases the chance of future disputes. To the extent Google claims an inability to conduct adequate discovery of the designated individuals, that is its own fault; it failed to raise any concerns with Plaintiffs' initial disclosures for a year, and only recently began taking depositions in earnest.

### 2.    Plaintiff States' Position Statement

Plaintiff States incorporate by reference the arguments included in U.S. Plaintiffs' Position Statement.  Additionally, Plaintiff States request the Court adopt Plaintiffs' proposal to designate specific individuals and companies as "*more likely* to be called at trial" because such a standard satisfies the Court's concern of unfair surprise at trial and ensures the "parties are reading from the same playbook." January 7, 2022, Hr'g. Tr. at 55:8-9. During the February 11 Status Conference, the Court explained the concerns that should guide the parties as they

---

[1] The Case Management Order's limit of 50 witnesses on a party's trial witness list applies only to the DOJ action. ECF #108-1 at p.8 n.3.  Because it remains to be seen if the cases will be consolidated for trial, Plaintiffs contemplate serving separate initial disclosures, but significant overlap is likely.

considered how best to proceed to develop a standard to identify potential witnesses for trial with greater certainty and transparency than Rule 26 requires. In doing so, the Court's stated goal was to "minimize the likelihood of a surprise at trial." February 11, 2022, Hr'g. Tr. at 50:11. The Court explained specifically that it wanted to avoid the situation in which a "person was buried among 151 people, and now it turns out to be the government's star witness[.]" *Id*. at 40:13-15.

Plaintiffs' proposal is consistent with both the framework and goal provided by the Court. Creating a relative standard creates just the distinction that the Court described, by creating two categories (more or less likely to be called at trial) that would "minimize the likelihood of a surprise at trial." *Id.* at 50:11. Additionally, such a standard acknowledges the fluidity of litigation, particularly with fact discovery still open and trial scheduled more than 18 months away.

Therefore, Plaintiff States request the Court enter Plaintiffs' proposed order, which is submitted as Exhibit A.

### B.    Google's Position Statement

The crux of the dispute is whether the parties should identify third-party witnesses who are "likely to be called at trial" (Google's proposal), or whether the parties should instead identify a much broader category of third parties—individuals and entities "more likely to be called at trial than those that merely meet the Rule 26 standard" (Plaintiffs' proposal).  Plaintiffs propose that each plaintiff group designate up to 50 third-party entities or individuals in this manner, for a total of up to 100 between the Plaintiffs.  Plaintiffs' proposal would thus result in the over-identification of third parties, and would not serve the intended purpose:  *identify[ing] those witnesses that . . . are likely to be called at trial*, just *to ensure that . . . a trial witness, a likely trial witness, that there's an adequate opportunity to depose that person*."  Hr'g Tr. 32–33 (Feb. 11, 2022) (emphasis added).  In this case, each side will ultimately be permitted a

*maximum* of 50 witnesses at trial, including experts.  *See* CMO ¶ 8.  That number of witnesses

will surely include witnesses from Google on each side—Plaintiffs have identified 140 current

and former Google employees on their initial disclosures, and have taken dozens of Google

depositions to-date.  Thus, each side's third-party witnesses will be a *subset* of their total

allotment of up to 50 witnesses.  Google proposes that the parties take the CMO's limits into

consideration in making good faith determinations of which third-party witnesses are likely to be

called at trial.  Plaintiffs' proposal, in contrast, is based on a numerical target that is untethered to

the number of third parties likely to be called at trial, in light of the CMO's limit on the total

number of witnesses per side.  Plaintiffs are simply not going to be able to call 100 third parties

at trial, in light of the limit of 50 *total* witnesses, including experts.  Plaintiffs' proposal would

have the near-certain effect of identifying many third parties who are, in reality, unlikely to

appear at trial.  An over-inclusive list such as the one that Plaintiffs contemplate—which may

include entities with an unknown number of individual potential witnesses—would keep Google

guessing about which of the many third parties are actually likely to appear at trial.

Google's proposal—that the parties identify third-party individuals who are likely to be

called at trial, in proportion to the limitations set forth in the Case Management Order—would

have the effect of generating a manageable list of third-party witnesses who are actually likely to

be called at trial.  With the disclosure of a smaller list of third parties who are likely trial

witnesses, it should be feasible for all such third parties to be deposed during the remaining

discovery period, within the discovery limits that have been set.  It would have the intended

effect of minimizing the likelihood of surprise at trial.  *See* Hr'g Tr. 50.  Google's proposal

would not preclude the parties from identifying different persons on their ultimate trial witness

lists, however it would preserve the parties' ability to seek pre-trial depositions of third-party

individuals who were not identified during the discovery period as a "likely" trial witness.  In contrast, Plaintiffs' proposal—that the U.S. Plaintiffs, the Colorado Plaintiffs, and Google each designate *up to 50* third-party *entities or individuals* that meet a lower, more amorphous standard—would not serve the intended purpose of ensuring that *likely trial witnesses* are deposed during the discovery period.  Such an over-inclusive list would overwhelm the discovery limits—it will not be possible for Google to take up to 100 individual third-party depositions, given the limited remaining time and the fact that Google is limited to 80 depositions.  This is particularly the case when it comes to the identification of entities.  Such an over-inclusive list would also lead to unnecessary burdens on third parties.  And an over-inclusive list would bury, on a much longer list, the identification of the smaller number of third parties who, as of Friday's hearing, the United States is presently able to say are "close to likely" to be called at trial.  *See* Hr'g Tr. 49.

At this stage in the litigation—and after a long period of investigation—it is reasonable to require the parties to identify, based on presently-known information, the individual third parties who, out of a very long list, are likely to be trial witnesses.  Requiring such an identification—in proportion to the limit on the total number of trial witnesses—will minimize the likelihood of surprise at trial and ensure adequate opportunity to depose likely trial witnesses

Dated: February 17, 2022

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _/s/ John E. Schmidtlein_
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
725 12th Street, NW
Washington, DC 20005
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

*Counsel for Defendant Google LLC*


By: _/s/ Kenneth M. Dintzer_
Kenneth M. Dintzer
U.S. Department of Justice, Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 227-1967
Kenneth.Dintzer2@usdoj.gov

*Counsel for Plaintiff United States of America*

7

By:     */s/ Jonathan R. Carter*
Leslie Rutledge, Attorney General
Johnathan R. Carter, Assistant Attorney General
Office of the Attorney General, State of Arkansas
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Johnathan.Carter@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

By:     */s/ Adam Miller*
Rob Bonta, Attorney General
Ryan J. McCauley, Deputy Attorney General
Adam Miller, Deputy Attorney General
Paula Blizzard, Supervising Deputy Attorney
General
Kathleen Foote, Senior Assistant Attorney General
Office of the Attorney General,
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Adam.Miller@doj.ca.gov

*Counsel for Plaintiff State of California*

By:     */s/ Lee Istrail*
Ashley Moody, Attorney General
R. Scott Palmer, Interim Co-Director, Antitrust
Division
Nicholas D. Niemiec, Assistant Attorney General
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

By: ___/s/ Daniel Walsh_____
Christopher Carr, Attorney General
Margaret Eckrote, Deputy Attorney General
Daniel Walsh, Senior Assistant Attorney General
Charles Thimmesch, Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

By: ___/s/ Scott L. Barnhart_____
Theodore Edward Rokita, Attorney General Scott
L. Barnhart, Chief Counsel and Director,
Consumer Protection Division
Matthew Michaloski, Deputy Attorney General
Erica Sullivan, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Scott.Barnhart@atg.in.gov

*Counsel for Plaintiff State of Indiana*

By: ___/s/ Philip R. Heleringer_____
Daniel Cameron, Attorney General
J. Christian Lewis, Executive Director of
Consumer Protection
Philip R. Heleringer, Deputy Executive Director of
Consumer Protection
Jonathan E. Farmer, Assistant Attorney General
Office of the Attorney General, Commonwealth of
Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Phone: 502-696-5647
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*

By:_____*/s/ Christopher J. Alderman*_____
Jeff Landry, Attorney General
Christopher J. Alderman, Assistant Attorney
General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
AldermanC@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

By:_____*/s/ Scott Mertens*_____
Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

By:_____*/s/ Stephen M. Hoeplinger*_____
Stephen M. Hoeplinger
Assistant Attorney General
Missouri Attorney General's Office
815 Olive St., Suite 200
St. Louis, Missouri 63101
Stephen.Hoeplinger@ago.mo.gov
*Counsel for Plaintiff State of Missouri*

By:_____*/s/ Hart Martin*_____
Lynn Fitch, Attorney General
Hart Martin, Special Assistant Attorney General
Crystal Utley Secoy, Assistant Attorney General
Office of the Attorney General, State of
Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Hart.Martin@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

By: _____ /s/ Rebekah J. French_____
Austin Knudsen, Attorney General
Rebekah J. French, Assistant Attorney General,
Office of Consumer Protection
Office of the Attorney General, State of Montana
P.O. Box 200151
555 Fuller Avenue, 2nd Floor
Helena, Montana 59620-0151
Rebekah.french@mt.gov

*Counsel for Plaintiff State of Montana*

By: _____ /s/ Rebecca M. Hartner_____
Rebecca M. Hartner, Assistant Attorney General
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney General
C. Havird Jones, Jr., Senior Assistant Deputy
Attorney General
Mary Frances Jowers, Assistant Deputy Attorney
General
Office of the Attorney General, State of South
Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
RHartner@scag.gov

*Counsel for Plaintiff State of South Carolina*

By: _____ /s/ Bret Fulkerson_____
Bret Fulkerson, Deputy Chief, Antitrust Division
Kelsey Paine, Assistant Attorney General
Office of the Attorney General, Antitrust Division
300 West 15th Street
Austin, Texas 78701
Bret.Fulkerson@oag.texas.gov

*Counsel for Plaintiff State of Texas*

11

By: ___/s/ Gwendolyn J. Lindsay Cooley_____
Joshua L. Kaul, Attorney General
Gwendolyn J. Lindsay Cooley, Assistant Attorney
General
Wisconsin Department of Justice
17 W. Main St.
Madison, Wisconsin 53701
Gwendolyn.Cooley@Wisconsin.gov

*Counsel for Plaintiff State of Wisconsin*

By: ___/s/ Jonathan B. Sallet_____
Jonathan B. Sallet, Special Assistant Attorney
General (D.C. Bar No. 336198)
Steven Kaufmann, Deputy Attorney General (D.C.
Bar No. 1022365 inactive)
Diane R. Hazel, First Assistant Attorney General
(D.C. Bar No. 1011531 inactive)
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Tel: 720-508-6000
Jon.Sallet@coag.gov
Steve.Kaufmann@coag.gov
Diane.Hazel@coag.gov

*Counsel for Plaintiff State of Colorado*

Joseph Conrad
Office of the Attorney General of Nebraska
Consumer Protection Division
2115 State Capitol Building
Lincoln, NE 68509
402-471-3840
joseph.conrad@nebraska.gov

*Counsel for Plaintiff Nebraska*

12

Brunn W. (Beau) Roysden III, Solicitor General
Michael S. Catlett, Deputy Solicitor General
Dana R. Vogel, Unit Chief Counsel
Christopher M. Sloot, Assistant Attorney General
Arizona Office of the Attorney General
2005 North Central Avenue
Phoenix, Arizona 85004
Tel: (602) 542-3725
Dana.Vogel@azag.gov

*Counsel for Plaintiff State of Arizona*

Max Merrick Miller
Attorney General's Office for the State of Iowa
1305 East Walnut Street, 2nd Floor
Des Moines, IA 50319
(515) 281-5926
Max.Miller@ag.Iowa.gov

*Counsel for Plaintiff Iowa*

Elinor R. Hoffmann
John D. Castiglione
Morgan J. Feder
Office of the Attorney General of New York
28 Liberty Street, 21st Floor
New York, NY 10005
212-416-8513
elinor.hoffmann@ag.ny.gov
john.castiglione@ag.ny.gov
morgan.feder@ag.ny.gov

*Counsel for Plaintiff New York*

Jonathan R. Marx
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
919-716-6000
Jmarx@Ncdoj.Gov
jsutton2@ncdoj.gov

*Counsel for Plaintiff North Carolina*

13

J. David McDowell
Jeanette Pascale
Christopher Dunbar
Office of The Attorney General & Reporter P.O.
Box 20207
Nashville, TN 37202
615-741-3519
david.mcdowell@ag.tn.gov
jenna.pascale@ag.tn.gov
chris.dunbar@ag.tn.gov

*Counsel for Plaintiff Tennessee*

Tara Pincock
Attorney General's Office Utah
160 E 300 S, Ste 5th Floor
PO Box 140874
Salt Lake City, UT 84114
801-366-0305
tpincock@agutah.gov

*Counsel for Plaintiff Utah*

Jeff Pickett
Senior Assistant Attorney General
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Tel: (907) 269-5100
jeff.pickett@alaska.gov

*Counsel for Plaintiff Alaska*

Nicole Demers
State of Connecticut Office of the Attorney
General
165 Capitol Avenue, Ste 5000
Hartford, CT 06106
860-808-5202
nicole.demers@ct.gov

*Counsel for Plaintiff Connecticut*

14

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
302-577-8924
michael.undorf@delaware.gov

*Counsel for Plaintiff Delaware*

Catherine A. Jackson (D.C. Bar No. 1005415)
Elizabeth Gentry Arthur
David Brunfeld
Office of the Attorney General for the District of
Columbia
400 6th Street NW
Washington, DC 20001
202-724-6514
catherine.jackson@dc.gov
elizabeth.arthur@dc.gov
david.brunfeld@dc.gov

*Counsel for Plaintiff District of Columbia*

Leevin Taitano Camacho, Attorney General
Fred Nishihira, Chief, Consumer Protection
Division
Benjamin Bernard Paholke, Assistant Attorney
General
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Tel: (671)-475-3324
bpaholke@oagguam.org

*Counsel for Plaintiff Guam*

Rodney I. Kimura
Office of the Attorney General of Hawaii
Commerce & Economic Development
425 Queen Street
Honolulu, HI 96813
808-586-1180
rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff Hawaii*

Brett DeLange
Office of the Idaho Attorney General
Consumer Protection Division
954 W. State St., 2nd Fl.
PO Box 83720
Boise, ID 83720-0010
208-334-4114
brett.delange@ag.idaho.gov

*Counsel for Plaintiff Idaho*

Blake Harrop
Joseph Chervin
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
312-793-3891
bharrop@atg.state.il.us
jchervin@atg.state.il.us

*Counsel for Plaintiff State of Illinois*

Lynette R. Bakker
Office of the Attorney General of Kansas
Consumer Protection & Antitrust
120 S.W. 10th Avenue, Ste 2nd Floor
Topeka, KS 66612-1597
785-368-8451
lynette.bakker@ag.ks.gov

*Counsel for Plaintiff Kansas*

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
Augusta, ME 04333-0006
207-626-8838
christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

16

Schonette J. Walker
Assistant Attorney General
Deputy Chief, Antitrust Division
Office of the Attorney General
swalker@oag.state.md.us

Gary Honick
Assistant Attorney General
Office of the Attorney General
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
410-576-6480
ghonick@oag.state.md.us

*Counsel for Plaintiff Maryland*

Matthew B. Frank, Assistant Attorney General
Antitrust Division
William T. Matlack, Assistant Attorney General
Chief, Antitrust Division
Michael B. MacKenzie, Assistant Attorney
General
Deputy Chief, Antitrust Division
Office of the Attorney General
One Ashburton Place, 18th Fl.
Boston, MA 02108
Tel: (617) 727-2200
Matthew.Frank@mass.gov
William.Matlack@mass.gov
Michael.Mackenzie@mass.gov

*Counsel for Plaintiff Massachusetts*

Justin Moor, Assistant Attorney General
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2130
(651) 757-1060
justin.moor@ag.state.mn.us

*Counsel for Plaintiff Minnesota*

17

Marie W.L. Martin
Michelle Christine Newman
Lucas J. Tucker
Nevada Office of the Attorney General
Bureau of Consumer Protection
100 N. Carson Street
Carson City, NV 89701
775-624-1244
mwmartin@ag.nv.gov
mnewman@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff Nevada*

Brandon Garod
Office of Attorney General of New Hampshire
33 Capitol Street
Concord, NH 03301
603-271-1217
brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff New Hampshire*

Robert Holup
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
239-822-6123
robert.holup@law.njoag.gov

*Counsel for Plaintiff New Jersey*

Mark F. Swanson
Cholla Khoury
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87504
Tel: 505.490.4885
mswanson@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff New Mexico*

18

Parrell D. Grossman
Director
Elin S. Alm
Assistant Attorney General
Consumer Protection & Antitrust Division
Office of the Attorney General
1050 E. Interstate Ave., Suite 200
Bismarck, ND 58503
701-328-5570
pgrossman@nd.gov
ealm@nd.gov

*Counsel for Plaintiff North Dakota*

Beth Ann Finnerty
Mark Kittel
Jennifer Pratt
Office of The Attorney General of Ohio, Antitrust
Section
30 E Broad Street, 26th Floor
Columbus, OH 43215
614-466-4328
beth.finnerty@ohioattorneygeneral.gov
mark.kittel@ohioattorneygeneral.gov
jennifer.pratt@ohioattorneygeneral.gov

*Counsel for Plaintiff Ohio*

Caleb J. Smith Assistant Attorney General
Consumer Protection Unit
Office of the Oklahoma Attorney General
313 NE 21st St
Oklahoma City, OK 73105
Tel: (405) 522-1014
Caleb.Smith@oag.ok.gov

*Counsel for Plaintiff Oklahoma*

Cheryl Hiemstra
Oregon Department of Justice
1162 Court St NE
Salem, OR 97301
503-934-4400
cheryl.hiemstra@doj.state.or.us

*Counsel for Plaintiff Oregon*

19

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Tel: (717) 787-4530
jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Pennsylvania*

Johan M. Rosa Rodríguez
Assistant Attorney General Antitrust Division
Puerto Rico Department of Justice
PO Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 1201
jorosa@justicia.pr.gov

*Counsel for Plaintiff Puerto Rico*

David Marzilli
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400
dmarzilli@riag.ri.gov

*Counsel for Plaintiff Rhode Island*

Yvette K. Lafrentz
Office of The Attorney General of South Dakota
1302 E. Hwy 14, Suite1
Pierre, SD 57501
605-773-3215
yvette.lafrentz@state.sd.us

*Counsel for Plaintiff South Dakota*

Ryan G. Kriger
Office of The Attorney General of Vermont
109 State St.
Montpelier, VT 05609
802-828-3170
ryan.kriger@vermont.gov

*Counsel for Plaintiff Vermont*

Sarah Oxenham Allen
Tyler Timothy Henry
Office of the Attorney General of Virginia
Antitrust Unit/Consumer Protection Section
202 N. 9th Street
Richmond, VA 23219
804-786-6557
soallen@oag.state.va.us
thenry@oag.state.va.us

*Counsel for Plaintiff Virginia*

Amy Hanson
Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-5419
amy.hanson@atg.wa.gov

*Counsel for Plaintiff Washington*

Douglas Lee Davis
Tanya L. Godfrey
Office of Attorney General, State of West Virginia
P.O. Box 1789
812 Quarrier Street, 1st Floor
Charleston, WV 25326
304-558-8986
doug.davis@wvago.gov
tanya.l.godfrey@wvago.gov

*Counsel for Plaintiff West Virginia*

Benjamin Mark Burningham
Amy Pauli
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
(307) 777-6397
ben.burningham@wyo.gov
amy.pauli@wyo.gov

*Counsel for Plaintiff Wyoming*