# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| U.S. Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| GOOGLE LLC, | |
| Defendant. | |
| STATE OF COLORADO, *et al.*, | |
| U.S. Plaintiffs, | Case No. 1:20-cv-0715-APM |
| v. | HON. AMIT P. MEHTA |
| GOOGLE LLC, | |
| Defendant. | |

## U.S. PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT GOOGLE LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Local Rule 26.2(d) of the U.S. District Court for the District of Columbia, and the Case Management Order, U.S. Plaintiffs United States of America, State of Arkansas, State of California, State of Florida, State of Georgia, State of Indiana, Commonwealth of Kentucky, State of Louisiana, State of Michigan, State of Mississippi, State of Missouri, State of Montana, State of South Carolina, State of Texas, and State of Wisconsin (collectively, "U.S. Plaintiffs") provide the following objections and responses to Defendant Google LLC's First Set of Interrogatories to Plaintiffs.

1

## GENERAL OBJECTIONS

1.      U.S. Plaintiffs object to the Interrogatories to the extent that they attempt to impose any obligation greater than those imposed or authorized by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Columbia, or any other applicable rule or order.

2.      U.S. Plaintiffs object to Definition #5 ("Department of Justice") as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it refers to individuals or entities of the United States of America that are not within the Antitrust Division of the Department of Justice. U.S. Plaintiffs will construe Defendants' Definition 10 as applying only to the Antitrust Division of the Department of Justice.

3.      U.S. Plaintiffs object to Instruction #2 ("You") as overly broad, unduly burdensome, not proportional to the needs of the case, and inconsistent with the Court's limitations on the number of interrogatories to the extent Instruction #2 purports to require separate responses from each of the Plaintiffs listed in Definition #2. All U.S. Plaintiffs will respond jointly to each Interrogatory directed at the U.S. Plaintiffs unless providing a full response requires otherwise, in which case both responses will be taxed separately against Google's allotment of interrogatories under the Case Management Order.  In addition, to the extent U.S. Plaintiffs and any plaintiff in *Colorado v. Google LLC*, No. 1:20-cv-03715-APM (D.D.C.) separately respond to any Interrogatory jointly promulgated against plaintiffs in both the DOJ and Colorado case, both responses will be taxed separately against Google's allotment of interrogatories under the Case Management Order.

4.      U.S Plaintiffs object to the Interrogatories to the extent they seek information regarding investigations or matters other than this case. U.S. Plaintiffs will provide no information from matters or investigations other than this case.

5.      U.S. Plaintiffs object and respond to the Interrogatories without implying that the Interrogatories are relevant or material to the subject matter of this action.

6.      U.S. Plaintiffs' development of facts and circumstances relating to this action are ongoing. U.S. Plaintiffs reserve the right to supplement, clarify, revise, or correct any or all of their objections and responses, and to assert additional objections or privileges, in one or more supplemental responses.

7.      U.S. Plaintiffs expressly incorporate these Objections to Defendant's Definitions, Instructions, and Interrogatories into each response below. The failure to repeat any of these Objections in a particular response does not waive any objections applicable to that request.

## DEFINITIONS

1.      "Including" means including but not limited to.

## SPECIFIC OBJECTIONS AND RESPONSES

### Interrogatory No. 1

Identify by bates number each of the agreements You allege to have harmed competition, what specific provision of each of the agreements harmed competition, and how it has done so. To the extent You allege that any such agreements are unwritten, describe the parties to and terms of each such agreement that You allege harmed competition.

### Objections and Response to Interrogatory No. 1

U.S. Plaintiffs incorporate and reassert each General Objection as if fully stated herein.

U.S. Plaintiffs object to this Interrogatory to the extent it seeks information relating to contentions U.S. Plaintiffs are not required to prove in connection with their claims.

Additionally, U.S. Plaintiffs object to this Interrogatory to the extent it misstates their

3

contentions or calls for a legal conclusion. U.S. Plaintiffs object to this Interrogatory to the extent that it prematurely seeks expert materials that will be disclosed during expert discovery. U.S. Plaintiffs object to this Interrogatory on the grounds that it is a premature contention interrogatory because discovery in this litigation is still ongoing. U.S. Plaintiffs reserve the right to rely on other information and other facts beyond those provided in response to this Interrogatory at trial or at any other appropriate time.

U.S. Plaintiffs object to Defendant's request that U.S. Plaintiffs identify each anticompetitive agreement by bates number, given that these contracts exist in Defendant's files and that Google is capable of identifying which of its own contracts contain the relevant provisions.

Subject to and without waiving the foregoing objections, U.S. Plaintiffs respond that, as stated in U.S. Plaintiffs' Amended Complaint, the following categories of agreements with counterparties that distribute a general search service in the United States have individually or collectively harmed competition:

(i)     Defendant's Anti-Fragmentation Agreements and Android Compatibility Commitments with Android mobile device manufacturers, including LG, Motorola, and Samsung, and all exhibits and amendments thereto;

(ii)    Defendant's Mobile Application Distribution Agreements with Android mobile device manufacturers, including LG, Motorola, and Samsung, and all exhibits and amendments thereto;

(iii)   Defendant's Revenue Share Agreements and other search distribution agreements with Android mobile device manufacturers, including LG, Motorola, and Samsung, and all exhibits and amendments thereto;

(iv)    Defendant's Revenue Share Agreements and other search distribution agreements with wireless carriers, including AT&T, T-Mobile (including Sprint), and Verizon, and all exhibits and amendments thereto;

(v)    Defendant's Information Services Agreement(s) with Apple and all exhibits and amendments thereto;

(vi)    Defendant's Revenue Share Agreements, Sponsorship Agreements, and other search distribution agreements with browser companies, including Mozilla, Opera, and UCWeb, and all exhibits and amendments thereto; and

(vii)    Defendant's Revenue Share Agreements, Promotion and Distribution Agreements, and other search distribution agreements with software companies, including Adobe and Avast, and all exhibits and amendments thereto.

Within these agreements, the following categories of provisions have harmed competition:

a.    provisions that prohibit counterparties from developing or distributing versions of Android that do not comply with Google-controlled technical standards;

b.    provisions that require counterparties to sign an Anti-Fragmentation Agreement or Android Compatibility Commitment as a prerequisite to entering into a mobile application distribution agreement;

c.    provisions that require counterparties to preinstall all Google Mobile Services (GMS) Suite applications as a condition of preinstalling any one GMS Suite application;

d.    provisions that require counterparties to install GMS applications in prime positions, including the home screen and hotseat, and minus one screen;

e.      provisions that require counterparties to preinstall GMS applications in the system partition, making them undeletable by users;

f.      provisions that prohibit counterparties from directing, instructing, or encouraging consumers to change their out-of-the-box settings;

g.      provisions that require counterparties to set Google as the default search service on preinstalled search access points;

h.      provisions that require counterparties to sign mobile application distribution agreements as a prerequisite to entering into revenue share agreements;

i.      provisions that prohibit counterparties from preinstalling any rival general search services or rival search access point(s);

j.      provisions that prohibit counterparties from setting rival general search engines as the default on preinstalled applications;

k.      provisions that require that counterparties grant Google search exclusivity for all Android devices sold;

l.      provisions that provide counterparties monetary inducements to grant Google search exclusivity for all Android devices;

m.      provisions that provide monetary payments on eligible devices only for a defined term, rather than for the life of the device; and

n.      provisions that grant Google sole discretion to determine what constitutes a search access point, an alternative search service, a "core" GMS app, and a compatible device under the CTS and CDD; and Google's failure to provide clarity of terms of its agreements such that Google's counterparties are disincentivized from working with Google's competitors.

**Interrogatory No. 2**

Identify each of the "other conduct" or "other restrictions" that You allege have harmed competition other than those agreement provisions You identify in response to Interrogatory No. 1, and how such conduct and restrictions have harmed competition. *See* DOJ Compl. ¶ 166; Colorado Compl. ¶ 214(d).

**Objections and Response to Interrogatory No. 2**

U.S. Plaintiffs incorporate and reassert each General Objection as if fully stated herein.

U.S. Plaintiffs object to this Interrogatory to the extent it seeks information relating to contentions U.S. Plaintiffs are not required to prove in connection with their claims. Additionally, U.S. Plaintiffs object to this Interrogatory to the extent it misstates their contentions or calls for a legal conclusion. U.S. Plaintiffs object to this Interrogatory to the extent that it prematurely seeks expert materials that will be disclosed during expert discovery. U.S. Plaintiffs object to this Interrogatory on the grounds that it is a premature contention interrogatory because discovery in this litigation is still ongoing. U.S. Plaintiffs reserve the right to rely on other information and other facts beyond those provided in response to this Interrogatory at trial or at any other appropriate time.

Subject to and without waiving the foregoing objections, U.S. Plaintiffs identify the following additional conduct that has harmed competition in the relevant markets:

(i)      Google's practice of making important features and functionality available only in proprietary Google Android and not in open-source Android;

(ii)     Google's practice of removing important features and functionality from open-source Android;

(iii)    Google's practice of granting Google Play licenses only to counterparties that sign Mobile Application Distribution Agreements (MADAs);

(iv)     Google's practice of granting access to Google Play Services Application

Programming Interfaces (APIs) only to counterparties that sign MADAs; and

(v)      Google's practice of ███████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████ .

**Interrogatory No. 3**

Identify the "less restrictive means" by which You allege the benefits of the alleged conduct "can be achieved." *See* DOJ Compl. ¶ 178; Colorado Compl. ¶ 217.

**Objections and Response to Interrogatory No. 3**

U.S. Plaintiffs incorporate and reassert each General Objection as if fully stated herein.

U.S. Plaintiffs object to this Interrogatory to the extent it seeks information relating to

contentions U.S. Plaintiffs are not required to prove in connection with their claims.

Additionally, U.S. Plaintiffs object to this Interrogatory to the extent it misstates their

contentions or calls for a legal conclusion. U.S. Plaintiffs object to this Interrogatory to the extent

that it prematurely seeks expert materials that will be disclosed during expert discovery. U.S.

Plaintiffs object to this Interrogatory on the grounds that it is a premature contention

interrogatory because discovery in this litigation is still ongoing. U.S. Plaintiffs reserve the right

to rely on other information and other facts beyond those provided in response to this

Interrogatory at trial or at any other appropriate time.

U.S. Plaintiffs further object as follows: Any "less restrictive means" are not part of U.S.

Plaintiffs' *prima facie* case. The burden lies on Defendant to offer evidence of legitimate pro-

competitive benefits resulting from its conduct before U.S. Plaintiffs assume any burden to show

the purported benefits Google identifies could have been achieved through less restrictive means.

8

The interrogatory thus requests U.S. Plaintiffs identify less restrictive means of achieving benefits Google has not identified. Because Google has offered no such evidence, and because its Answers to the cited complaint paragraphs describe none, Interrogatory #3 requests U.S. Plaintiffs perform the impossible task of describing less restrictive means of achieving procompetitive benefits without knowing what those claimed benefits are.

Subject to and without waiving the foregoing objections, U.S. Plaintiffs respond as follows:

Even assuming benefits exist from the conduct alleged, it was not necessary to enter into the tapestry of agreements challenged by this action. Google could have entered into less restrictive contracts or used other less restrictive means. To the extent Google intends to argue the contracts and agreements at issue operate to preserve quality, that end could be achieved with narrower quality specifications. Its agreements could apply to a narrower band of Google products or limit the exclusivity or restrictions required under the contracts. It could more adequately disclose its pricing structure to advertisers. However, full exposition of any one of these alternatives is both premature and unnecessary for the reasons described above.

**Interrogatory No. 4**

Identify the relief sought, including but not limited to any injunctive relief You contend is warranted. *See* DOJ Compl. ¶ 194; Colorado Compl. ¶ 233.

**Objections and Response to Interrogatory No. 4**

U.S. Plaintiffs incorporate and reassert each General Objection as if fully stated herein. U.S. Plaintiffs object to this Interrogatory to the extent it seeks information relating to contentions U.S. Plaintiffs are not required to prove in connection with their claims. Additionally, U.S. Plaintiffs object to this Interrogatory to the extent it misstates their contentions or calls for a legal conclusion. U.S. Plaintiffs object to this Interrogatory to the extent

that it prematurely seeks expert materials that will be disclosed during expert discovery. U.S. Plaintiffs object to this Interrogatory on the grounds that it is a premature contention interrogatory because discovery in this litigation is still ongoing. U.S. Plaintiffs reserve the right to rely on other information and other facts beyond those provided in response to this Interrogatory at trial or at any other appropriate time.

Subject to and without waiving the foregoing objections, U.S. Plaintiffs respond as follows: This Interrogatory is premature at this stage of proceeding because the relief sought will necessarily depend on any liability adjudged. Moreover, the Court has already ordered that, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, there will be separate trials on the issues of liability and remedies. *See* ECF #264 ("Order"). In fact, in its Order, the Court expressly recognizes that a separate and subsequent proceeding on remedies is contingent upon and will occur only if Google is first found liable. ECF #264. Thus, U.S. Plaintiffs direct Google to Paragraph 194 of the Amended Complaint.

## Interrogatory No. 5

Identify any circumstances from 2005 to the present under which Google could lawfully contract to be the default search engine for a third-party browser, or to be the default or exclusive search engine preloaded for any search access point on an iOS or Android device.

## Objections and Response to Interrogatory No. 5

U.S. Plaintiffs incorporate and reassert each General Objection as if fully stated herein. U.S. Plaintiffs object to this Interrogatory to the extent it seeks information relating to contentions U.S. Plaintiffs are not required to prove in connection with their claims. Additionally, U.S. Plaintiffs object to this Interrogatory to the extent it misstates their contentions or calls for a legal conclusion. U.S. Plaintiffs object to this Interrogatory to the extent that it prematurely seeks expert materials that will be disclosed during expert discovery. U.S.

Plaintiffs object to this Interrogatory on the grounds that it is a premature contention interrogatory because discovery in this litigation is still ongoing. U.S. Plaintiffs reserve the right to rely on other information and other facts beyond those provided in response to this Interrogatory at trial or at any other appropriate time. U.S. Plaintiffs further object to this Interrogatory as containing multiple discrete subparts because it asks to identify circumstances related to (1) contracting to be "the default search engine for a third-party browser" and (2) contracting to be "default or exclusive search engine preloaded for any search access point on an iOS or Android device." These separate inquiries count as multiple interrogatories against the numeric limits in these cases.

U.S. Plaintiffs object to this Interrogatory as vague, ambiguous, impermissibly hypothetical, overly broad, and unduly burdensome. This Interrogatory asks U.S. Plaintiffs to describe "any circumstances" under which Google could have contracted to act as default search engine for any browser or to be the default or exclusive search engine preloaded on any Android or iOS device during the relevant period. Absent some limiting principle—and the Interrogatory contains none—Interrogatory #5 requires U.S. Plaintiffs to identify any permutation of an agreement through which Google could have achieved these ends, regardless of whether that agreement ever existed (let alone whether these hypothetical or actual agreements are at issue in this case).

Subject to and without waiving the foregoing objections, U.S. Plaintiffs respond as follows: U.S. Plaintiffs have formed no conclusions about hypothetical circumstances not at issue in this case. To the extent Google intends this Interrogatory to focus on actual agreements related to this case, U.S. Plaintiffs direct Google to U.S. Plaintiffs' response to Interrogatory No. 1.

**Interrogatory No. 6**

If You contend that any party to an alleged agreement identified in response to Interrogatory No. 1 would have selected a default search engine or otherwise contracted to preload a search engine other than Google Search absent the alleged anticompetitive conduct, identify the manufacturer, the device, the time period when such selection would have occurred, and the alternative search engine.

**Objections and Response to Interrogatory No. 6**

U.S. Plaintiffs incorporate and reassert each General Objection as if fully stated herein.

U.S. Plaintiffs object to this Interrogatory to the extent it seeks information relating to

contentions U.S. Plaintiffs are not required to prove in connection with their claims.

Additionally, U.S. Plaintiffs object to this Interrogatory to the extent it misstates their

contentions or calls for a legal conclusion. U.S. Plaintiffs object to this Interrogatory to the extent

that it prematurely seeks expert materials that will be disclosed during expert discovery. U.S.

Plaintiffs object to this Interrogatory on the grounds that it is a premature contention

interrogatory because discovery in this litigation is still ongoing. U.S. Plaintiffs reserve the right

to rely on other information and other facts beyond those provided in response to this

Interrogatory at trial or at any other appropriate time.

U.S. Plaintiffs further object to this Interrogatory to the extent that the information

requested is already in the possession or knowledge of Google.

Subject to and without waiving the forgoing objections, U.S. Plaintiffs respond as

follows: Google's contracts have locked up general search services distribution for more than a

decade, including during the negotiations and renegotiations of the categories of contracts listed

in response to Interrogatory No. 1. U.S. Plaintiffs have not alleged and are not required to prove

that but-for Google's contracts, a specific competitive search engine would have been distributed

on a specific device. ██████████████████████████████████████



.

### Interrogatory No. 7

If You contend that changing the "preset default general search engine for mobile and computer search access points" today, as alleged at paragraph 3 of the DOJ Complaint, is more difficult or complex than what several U.S. Plaintiffs described in 2006 as the "relatively straightforward method for the user to select a different search engine from the initial system default" in Internet Explorer 7, explain such additional difficulties or complexities and why they make changing defaults less "straightforward." *See United States v. Microsoft Corp.*, 98-cv- 01232-CKK (D.D.C. May 12, 2006), ECF No. 827 at 14.

### Objections and Response to Interrogatory No. 7

U.S. Plaintiffs incorporate and reassert each General Objection as if fully stated herein.

U.S. Plaintiffs object to this Interrogatory to the extent it seeks information relating to

contentions U.S. Plaintiffs are not required to prove in connection with their claims.

Additionally, U.S. Plaintiffs object to this Interrogatory to the extent it misstates their

contentions or calls for a legal conclusion. U.S. Plaintiffs object to this Interrogatory to the extent

that it prematurely seeks expert materials that will be disclosed during expert discovery. U.S.

Plaintiffs object to this Interrogatory on the grounds that it is a premature contention

interrogatory because discovery in this litigation is still ongoing. U.S. Plaintiffs reserve the right

to rely on other information and other facts beyond those provided in response to this

Interrogatory at trial or at any other appropriate time.

U.S. Plaintiffs object to the Interrogatory's incomplete excerpt of the joint status report upon which it relies, which quotes only part of a sentence without including necessary context. In addition, U.S. Plaintiffs object to the Interrogatory's mischaracterization of the parties' positions in the matter the Interrogatory purports to discuss. In particular, U.S. Plaintiffs object to the Interrogatory's failure to note that the status report immediately following the report excerpted acknowledged substantial complexities and complications related to search defaults that were not properly captured by the language excerpted in the Interrogatory; that Google itself vehemently argued that search defaults are important, hard to change, and may not reflect user choice in letters and presentations to the Department of Justice; that the issue of various search defaults within Internet Explorer 7 and Windows Vista proved complex enough that the issues were not resolved until over a year after the filing of the status report the Interrogatory relies on; and that the resolution involved substantial design changes aimed at mitigating the effect of search defaults.

Subject to and without waiving the forgoing objections, U.S. Plaintiffs respond as follows: U.S. Plaintiffs do not intend to compare the relative difficulty or complexity of changing "preset default general search engine for mobile and computer search access points" today with the difficulty or complexity of "select[ing] a different search engine from the initial system default" in Internet Explorer 7 in 2006.

**Interrogatory No. 8**

Identify each of the "rivals" that You allege, at paragraphs 8 and 113 of the DOJ Complaint and paragraph 106 of the Colorado Complaint, Google has unlawfully "denied" or "significantly impeded . . . from obtaining" "scale to compete effectively."

**Objections and Response to Interrogatory No. 8**

U.S. Plaintiffs incorporate and reassert each General Objection as if fully stated herein. U.S. Plaintiffs object to this Interrogatory to the extent it seeks information relating to contentions U.S. Plaintiffs are not required to prove in connection with their claims. Additionally, U.S. Plaintiffs object to this Interrogatory to the extent it misstates their contentions or calls for a legal conclusion. U.S. Plaintiffs object to this Interrogatory to the extent that it prematurely seeks expert materials that will be disclosed during expert discovery. U.S. Plaintiffs object to this Interrogatory on the grounds that it is a premature contention interrogatory because discovery in this litigation is still ongoing. U.S. Plaintiffs reserve the right to rely on other information and other facts beyond those provided in response to this Interrogatory at trial or at any other appropriate time.

U.S. Plaintiffs further object to this Interrogatory on the grounds that antitrust harm under Section 2 of the Sherman Act is, by its *ex post* nature, not perfectly knowable because it demands a retrospective, counterfactual analysis. Monopolization is economically insidious in part because nascent or would-be rivals are foreclosed from competition. Thus, potentially numerous rivals have been denied or significantly impeded by Google from obtaining sufficient scale to compete effectively. Innovation suffers as a result of the less vibrant marketplace, adding to the social cost of Google's monopoly.

Subject to and without waiving the foregoing objections, U.S. Plaintiffs provide the following, almost certainly underinclusive, list of firms that Google denied or significantly impeded from obtaining sufficient scale to compete effectively: Bing, Yahoo!, AltaVista, DuckDuckGo, Ecosia, Neeva, and Brave.

**Interrogatory No. 9**

Identify each of the "must-have proprietary Google apps" and "application programing interfaces" You allege at paragraph 72 of the DOJ Complaint and paragraph 118 of the Colorado Complaint.

**Objections and Response to Interrogatory No. 9**

U.S. Plaintiffs incorporate and reassert each General Objection as if fully stated herein. U.S. Plaintiffs object to this Interrogatory to the extent it seeks information relating to contentions U.S. Plaintiffs are not required to prove in connection with their claims. Additionally, U.S. Plaintiffs object to this Interrogatory to the extent it misstates their contentions or calls for a legal conclusion. U.S. Plaintiffs object to this Interrogatory to the extent that it prematurely seeks expert materials that will be disclosed during expert discovery. U.S. Plaintiffs object to this Interrogatory on the grounds that it is a premature contention interrogatory because discovery in this litigation is still ongoing. U.S. Plaintiffs reserve the right to rely on other information and other facts beyond those provided in response to this Interrogatory at trial or at any other appropriate time.

Subject to and without waiving the forgoing objections, U.S. Plaintiffs responds that Paragraph 72 of U.S. Plaintiffs' Amended Complaint refers to applications generally distributed as part of Google Mobile Services (GMS) and Google Play Services (GPS) (also known as GPS Core APIs), made available through the Mobile Application Distribution Agreements. These include but are not limited to applications in the GMS Suite, including the Google Play Store. GMS Core APIs may be relied upon by some of the most popular applications distributed on mobile devices, including Facebook, WhatsApp, and Twitter. These APIs include functionality like ads, maps, location, analytics, sign-in, and cloud messaging. *See, e.g.*, GOOG-DOJ-06402792; Kolotouros (Google) Dep. 56:18—62:1; Jung (Google) Dep. 62:25—63:20 (explaining GPS and GMS Core APIs; citing WhatsApp as an example of an application that

relies on GPS); *see also* ███████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████.

**Interrogatory No. 10**

Identify each of the "specialized search providers" whose "specialized search ads" are included within the "search advertising market," as alleged at paragraph 97 of the DOJ Complaint.

**Objections and Response to Interrogatory No. 10**

U.S. Plaintiffs incorporate and reassert each General Objection as if fully stated herein. U.S. Plaintiffs object to this Interrogatory to the extent it seeks information relating to contentions U.S. Plaintiffs are not required to prove in connection with their claims. Additionally, U.S. Plaintiffs object to this Interrogatory to the extent it misstates their contentions or calls for a legal conclusion. U.S. Plaintiffs object to this Interrogatory to the extent that it prematurely seeks expert materials that will be disclosed during expert discovery. U.S. Plaintiffs object to this Interrogatory on the grounds that it is a premature contention interrogatory because discovery in this litigation is still ongoing. U.S. Plaintiffs reserve the right to rely on other information and other facts beyond those provided in response to this Interrogatory at trial or at any other appropriate time.

U.S. Plaintiffs object to this Interrogatory as overly broad and unduly burdensome. Without some limiting principle, it would require U.S. Plaintiffs to identify any and all specialized search providers selling specialized search ads, no matter how small.

Subject to and without waiving the forgoing objections, U.S. Plaintiffs respond as follows: Specialized search providers who have produced data evidencing the sale of search advertising in response to a subpoena in this matter include:

- Amazon
- ANGI
- Booking Holdings
- Expedia
- TripAdvisor
- Yelp

U.S. Plaintiffs also respond that Google, Microsoft, and Yahoo offer general search services but also have separate properties or sites offering specialized search services with specialized search advertising. Also, among their other products, Apple (through its App Store) and Facebook offer specialized search services with specialized search ads.

**Interrogatory No. 11**

Identify each of the "rivals" You allege Google "depriv[ed]" of the "financial position necessary to mount any meaningful competition to Google" (DOJ Compl. ¶ 115) and "[p]roviders of general search services" that You allege have been unable to attain the "require[d] high levels of financial investment to create the necessary technological infrastructure, gain distribution, and reach scale to compete" with Google (Colorado Compl. ¶ 91).

**Objections and Response to Interrogatory No. 11**

U.S. Plaintiffs incorporate and reassert each General Objection as if fully stated herein. U.S. Plaintiffs object to this Interrogatory to the extent it seeks information relating to contentions U.S. Plaintiffs are not required to prove in connection with their claims. Additionally, U.S. Plaintiffs object to this Interrogatory to the extent it misstates their contentions or calls for a legal conclusion. U.S. Plaintiffs object to this Interrogatory to the extent that it prematurely seeks expert materials that will be disclosed during expert discovery. U.S. Plaintiffs object to this Interrogatory on the grounds that it is a premature contention interrogatory because discovery in this litigation is still ongoing. U.S. Plaintiffs reserve the right to rely on other information and other facts beyond those provided in response to this Interrogatory at trial or at any other appropriate time.

U.S. Plaintiffs further object to this Interrogatory on the grounds that antitrust harm under Section 2 of the Sherman Act is, by its *ex post* nature, not perfectly knowable because it demands a retrospective, counterfactual analysis. Monopolization is economically insidious in part because nascent or would-be rivals are foreclosed from competition. Thus, potentially numerous rivals have been deprived of the financial position necessary to mount any meaningful competition to Google. Innovation suffers as a result of the less vibrant marketplace, adding to the social cost of Google's monopoly.

Subject to and without waiving the forgoing objections, U.S. Plaintiffs provide the following, almost certainly underinclusive, list of rivals Google denied such financial position: Bing, Yahoo!, Ecosia, AltaVista, DuckDuckGo, Neeva, and Brave.

## Interrogatory No. 12

Identify each of the "[r]ivals to Google Assistant" alleged at paragraph 140 of the DOJ Complaint.

## Objections and Response to Interrogatory No. 12

U.S. Plaintiffs incorporate and reassert each General Objection as if fully stated herein. U.S. Plaintiffs object to this Interrogatory to the extent it seeks information relating to contentions U.S. Plaintiffs are not required to prove in connection with their claims. Additionally, U.S. Plaintiffs object to this Interrogatory to the extent it misstates their contentions or calls for a legal conclusion. U.S. Plaintiffs object to this Interrogatory to the extent that it prematurely seeks expert materials that will be disclosed during expert discovery. U.S. Plaintiffs object to this Interrogatory on the grounds that it is a premature contention interrogatory because discovery in this litigation is still ongoing. U.S. Plaintiffs reserve the right to rely on other information and other facts beyond those provided in response to this Interrogatory at trial or at any other appropriate time.

Subject to and without waiving the forgoing objections, U.S. Plaintiffs respond as follows: Paragraph 140 of the Complaint refers to at least the following rival voice assistants in Android devices: Alexa by Amazon; Cortana by Microsoft; Bixby by Samsung; Extreme Personal Voice Assistant by Multiverse Software; Hound by SoundHound Inc.; Mycroft by Mycroft AI, Inc.; and white-label voice assistants.

**Interrogatory No. 13**

Identify each of the "opportunities to preinstall or otherwise enable innovative, search-related apps" You allege at paragraph 150 of the DOJ Complaint that "Google's revenue sharing partners turn[ed] down."

**Objections and Response to Interrogatory No. 13**

U.S. Plaintiffs incorporate and reassert each General Objection as if fully stated herein. U.S. Plaintiffs object to this Interrogatory to the extent it seeks information relating to contentions U.S. Plaintiffs are not required to prove in connection with their claims. Additionally, U.S. Plaintiffs object to this Interrogatory to the extent it misstates their contentions or calls for a legal conclusion. U.S. Plaintiffs object to this Interrogatory to the extent that it prematurely seeks expert materials that will be disclosed during expert discovery. U.S. Plaintiffs object to this Interrogatory on the grounds that it is a premature contention interrogatory because discovery in this litigation is still ongoing. U.S. Plaintiffs reserve the right to rely on other information and other facts beyond those provided in response to this Interrogatory at trial or at any other appropriate time.

Subject to and without waiving the forgoing objections, U.S. Plaintiffs respond as follows: Paragraph 150 of the Complaint refers to manufacturers and carriers declining to distribute application or on-device search applications services, such as those offered by Branch

Metrics, or applications that run traditional general web searches in ways that are differentiated from Google's offering, such as applications offered by DuckDuckGo, Neeva, and Brave.

**Interrogatory No. 14**

Identify the "new products that could serve as alternative search access points or disruptors" that You allege Google is "[s]tunting" at paragraph 166(e) of the DOJ Complaint.

**Objections and Response to Interrogatory No. 14**

U.S. Plaintiffs incorporate and reassert each General Objection as if fully stated herein. U.S. Plaintiffs object to this Interrogatory to the extent it seeks information relating to contentions U.S. Plaintiffs are not required to prove in connection with their claims. Additionally, U.S. Plaintiffs object to this Interrogatory to the extent it misstates their contentions or calls for a legal conclusion. U.S. Plaintiffs object to this Interrogatory to the extent that it prematurely seeks expert materials that will be disclosed during expert discovery. U.S. Plaintiffs object to this Interrogatory on the grounds that it is a premature contention interrogatory because discovery in this litigation is still ongoing. U.S. Plaintiffs reserve the right to rely on other information and other facts beyond those provided in response to this Interrogatory at trial or at any other appropriate time.

U.S. Plaintiffs further object to this Interrogatory on the grounds that antitrust harm under Section 2 of the Sherman Act is, by its *ex post* nature, not perfectly knowable because it demands a retrospective, counterfactual analysis. Monopolization is economically insidious in part because nascent or would-be rivals are foreclosed from competition. Thus, potentially numerous new products or disruptive innovations that could serve as alternative search access points may have emerged but for Google's conduct. Innovation suffers as a result of the less vibrant marketplace, adding to the social cost of Google's monopoly.

Subject to and without waiving the forgoing objections, U.S. Plaintiffs provide the following, almost certainly underinclusive, list of new products stunted by Google that could serve as alternative search access points or disruptors to the traditional general search services model: on-device search such as Branch Metrics; voice assistants; smart keyboards; virtual reality devices; and myriad platforms across surfaces on the internet-of-things like wearable devices, speakers, televisions, and automobiles.

**Interrogatory No. 15**

Identify the "investors" who have "report[ed] being unwilling to provide funding to vertical startups with business models similar to or potentially competitive with Google's search advertising monopoly," according to paragraph 170 of the DOJ Complaint.

**Objections and Response to Interrogatory No. 15**

U.S. Plaintiffs incorporate and reassert each General Objection as if fully stated herein. U.S. Plaintiffs object to this Interrogatory to the extent it seeks information relating to contentions U.S. Plaintiffs are not required to prove in connection with their claims. Additionally, U.S. Plaintiffs object to this Interrogatory to the extent it misstates their contentions or calls for a legal conclusion. U.S. Plaintiffs object to this Interrogatory to the extent that it prematurely seeks expert materials that will be disclosed during expert discovery. U.S. Plaintiffs object to this Interrogatory on the grounds that it is a premature contention interrogatory because discovery in this litigation is still ongoing. U.S. Plaintiffs reserve the right to rely on other information and other facts beyond those provided in response to this Interrogatory at trial or at any other appropriate time.

Subject to the foregoing objections, U.S. Plaintiffs respond as follows: Union Square Partners, Inc. and Switch Ventures.

**Interrogatory No. 16**

22

Identify each of the "emerging channels for search distribution" alleged at paragraph 160 of the DOJ Complaint.

**Objections and Response to Interrogatory No. 16**

U.S. Plaintiffs incorporate and reassert each General Objection as if fully stated herein. U.S. Plaintiffs object to this Interrogatory to the extent it seeks information relating to contentions U.S. Plaintiffs are not required to prove in connection with their claims. Additionally, U.S. Plaintiffs object to this Interrogatory to the extent it misstates their contentions or calls for a legal conclusion. U.S. Plaintiffs object to this Interrogatory to the extent that it prematurely seeks expert materials that will be disclosed during expert discovery. U.S. Plaintiffs object to this Interrogatory on the grounds that it is a premature contention interrogatory because discovery in this litigation is still ongoing. U.S. Plaintiffs reserve the right to rely on other information and other facts beyond those provided in response to this Interrogatory at trial or at any other appropriate time.

U.S. Plaintiffs further object to this Interrogatory on the grounds that antitrust harm under Section 2 of the Sherman Act is, by its *ex post* nature, not perfectly knowable because it demands a retrospective, counterfactual analysis. Monopolization is economically insidious, in part, precisely because nascent or would-be rivals are foreclosed from competition. Thus, potentially numerous new or better channels for search distribution may have emerged but for Google's conduct. Innovation suffers as a result of the less vibrant marketplace, adding to the social cost of Google's monopoly.

Subject to and without waiving the forgoing objections, U.S. Plaintiffs provide the following, almost certainly underinclusive, list of emerging channels for search distribution: voice assistants; smart keyboards; virtual reality devices; and myriad platforms across surfaces on the internet-of-things like wearable devices; speakers; televisions; and automobiles.

**Interrogatories No. 17 to No. 32**

Because Interrogatories No. 17 through No. 32 are "Directed Only to the Plaintiffs on the

Colorado Complaint," U.S. Plaintiffs raise no objections and provide no responses.

Dated: February 22, 2022                            Respectfully submitted,

                                                    By:_____/s/ Kenneth M. Dintzer_____
                                                    Kenneth M. Dintzer
                                                    U.S. Department of Justice, Antitrust Division
                                                    Technology & Digital Platforms Section
                                                    450 Fifth Street NW, Suite 7100
                                                    Washington, DC 20530
                                                    Kenneth.Dintzer2@usdoj.gov

                                                    *Counsel for Plaintiff United States*


                                                    By:____/s/ Jonathan R. Carter____
                                                    Leslie Rutledge, Attorney General
                                                    Johnathan R. Carter, Assistant Attorney General
                                                    Office of the Attorney General, State of Arkansas
                                                    323 Center Street, Suite 200
                                                    Little Rock, Arkansas 72201
                                                    Johnathan.Carter@arkansasag.gov
                                                    *Counsel for Plaintiff State of Arkansas*


                                                    By:____/s/ Adam Miller_____
                                                    Rob Bonta, Attorney General
                                                    Ryan J. McCauley, Deputy Attorney General
                                                    Adam Miller, Deputy Attorney General
                                                    Paula Blizzard, Supervising Deputy Attorney
                                                    General
                                                    Kathleen Foote, Senior Assistant Attorney General
                                                    Office of the Attorney General,
                                                    California Department of Justice
                                                    455 Golden Gate Avenue, Suite 11000
                                                    San Francisco, California 94102
                                                    Adam.Miller@doj.ca.gov
                                                    *Counsel for Plaintiff State of California*


                                                    By:____/s/ Lee Istrail___
                                                    Ashley Moody, Attorney General
                                                    R. Scott Palmer, Interim Co-Director, Antitrust
                                                    Division
                                                    Nicholas D. Niemiec, Assistant Attorney General

Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com
*Counsel for Plaintiff State of Florida*

By:   */s/ Daniel Walsh*
Christopher Carr, Attorney General
Margaret Eckrote, Deputy Attorney General
Daniel Walsh, Senior Assistant Attorney General
Charles Thimmesch, Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov
*Counsel for Plaintiff State of Georgia*

By:   */s/ Scott L. Barnhart*
Theodore Edward Rokita, Attorney General Scott
L. Barnhart, Chief Counsel and Director,
Consumer Protection Division
Matthew Michaloski, Deputy Attorney General
Erica Sullivan, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Scott.Barnhart@atg.in.gov
*Counsel for Plaintiff State of Indiana*

By:   */s/ Philip R. Heleringer*
Daniel Cameron, Attorney General
J. Christian Lewis, Executive Director of
Consumer Protection
Philip R. Heleringer, Deputy Executive Director of
Consumer Protection
Jonathan E. Farmer, Assistant Attorney General
Office of the Attorney General, Commonwealth of
Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Phone: 502-696-5647
Philip.Heleringer@ky.gov
*Counsel for Plaintiff Commonwealth of Kentucky*

By:   */s/ Christopher J. Alderman*
Jeff Landry, Attorney General
Christopher J. Alderman, Assistant Attorney
General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
AldermanC@ag.louisiana.gov
*Counsel for Plaintiff State of Louisiana*

By:   */s/ Scott Mertens*
Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov
*Counsel for Plaintiff State of Michigan*

By:   */s/ Stephen M. Hoeplinger*
Stephen M. Hoeplinger
Assistant Attorney General
Missouri Attorney General's Office
815 Olive St., Suite 200
St. Louis, Missouri 63101
Stephen.Hoeplinger@ago.mo.gov
*Counsel for Plaintiff State of Missouri*

By:   */s/ Hart Martin*
Lynn Fitch, Attorney General
Hart Martin, Special Assistant Attorney General
Crystal Utley Secoy, Assistant Attorney General
Office of the Attorney General, State of
Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Hart.Martin@ago.ms.gov
*Counsel for Plaintiff State of Mississippi*

By:   */s/ Rebekah J. French*
Austin Knudsen, Attorney General
Rebekah J. French, Assistant Attorney General,
Office of Consumer Protection
Office of the Attorney General, State of Montana

26

P.O. Box 200151
555 Fuller Avenue, 2nd Floor
Helena, Montana 59620-0151
Rebekah.french@mt.gov
*Counsel for Plaintiff State of Montana*

By:   */s/ Rebecca M. Hartner*
Rebecca M. Hartner, Assistant Attorney General
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney General
C. Havird Jones, Jr., Senior Assistant Deputy
Attorney General
Mary Frances Jowers, Assistant Deputy Attorney
General
Office of the Attorney General, State of South
Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
RHartner@scag.gov
*Counsel for Plaintiff State of South Carolina*

By:   */s/ Bret Fulkerson*
Bret Fulkerson, Deputy Chief, Antitrust Division
Kelsey Paine, Assistant Attorney General
Office of the Attorney General, Antitrust Division
300 West 15th Street
Austin, Texas 78701
Bret.Fulkerson@oag.texas.gov
*Counsel for Plaintiff State of Texas*

By:   */s/ Gwendolyn J. Lindsay Cooley*
Joshua L. Kaul, Attorney General
Gwendolyn J. Lindsay Cooley, Assistant Attorney
General
Wisconsin Department of Justice
17 W. Main St.
Madison, Wisconsin 53701
Gwendolyn.Cooley@Wisconsin.gov
*Counsel for Plaintiff State of Wisconsin*

## <u>VERIFICATION OF INTERROGATORY RESPONSES</u>

I, Michael G. McLellan, declare:

1.   I am an attorney with the United States Department of Justice, Antitrust Division.

2.   I verify that authorized employees and counsel for the United States assembled the facts stated in U.S. Plaintiffs' Objections and Responses to Defendant Google LLC's First Set of Interrogatories to Plaintiffs; and that the facts herein are true and correct to the best of my knowledge, information, and belief.

3.   I declare under penalty of perjury that the foregoing is true and correct.

Executed in Washington, D.C. on February 22, 2022.

*/s/ Michael G. McLellan*
Michael G. McLellan
