IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 1:20-cv-03010-APM <br><br> HON. AMIT P. MEHTA <br><br> ██████████ |

**PLAINTIFFS' MOTION TO SANCTION GOOGLE AND COMPEL DISCLOSURE OF DOCUMENTS UNJUSTIFIABLY CLAIMED BY GOOGLE AS ATTORNEY-CLIENT PRIVILEGED**

Plaintiffs respectfully move the Court to sanction Defendant Google LLC (Google) and compel the disclosure of documents unjustifiably claimed by Google as attorney-client privileged. Plaintiffs have conferred with Google's counsel pursuant to Local Rule 7(m), and Google opposes this motion. Plaintiffs request an oral hearing.

Pursuant to its inherent authority, the Court should sanction Google for its intentional efforts to misuse the attorney-client privilege to shield ordinary-course business communications from discovery, harming Plaintiffs, undermining their discovery efforts, and subverting the judicial process. In a program called "Communicate with Care," Google trains and directs employees to add an attorney, a privilege label, and a generic "request" for counsel's advice to shield sensitive business communications, regardless of whether any legal advice is actually needed or sought. Often, knowing the game, the in-house counsel included in these Communicate-with-Care emails does not respond at all.

In 2016, Google instructed employees to create artificial indicia of privilege for all written communications related to revenue-share agreements and Mobile Application Distribution Agreements (MADAs), the exclusionary agreements at the heart of this action. Google reiterated those instructions after the Department of Justice issued its first Civil Investigative Demand in the investigation preceding this case. The Court should, therefore, sanction Google for its deliberate and deceptive misuse of the attorney-client privilege and order the company to produce, unredacted, all emails between non-attorneys where included in-house counsel did not bother to reply, indicating that any request for legal advice was most likely a pretext.

Alternatively, the Court should hold that Google has not, and cannot, make the necessary showing to support its privilege claims over these communications, and order these same documents produced immediately.

Accordingly, Plaintiffs' respectfully request that this Court order that:

1. No later than May 2, 2022, Google must produce all withheld or redacted communications (including attachments and linked documents) in unredacted form where an in-house attorney was included but did not respond in the chain of communications with non-attorneys.

2. No later than May 2, 2022, Google must provide a single privilege log for all of the documents on which Google continues to maintain an attorney-client privilege claim. This privilege log must not include an entry for any document on which Google no longer claims attorney-client privilege, including documents produced in response to this Order.

3. No later than May 2, 2022, Google must provide an index of all documents that Google

has deprivileged in this litigation, including documents deprivileged as a result of this Order. The index must include information sufficient to reasonably enable matching the original privilege log identifier with the Bates number of the newly produced deprivileged document.

4. Grant such other and further relief as is just and proper.

Dated: March 8, 2022

By:    */s/ Kenneth M. Dintzer*
Kenneth M. Dintzer
Karl E. Herrmann
U.S. Department of Justice, Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 227-1967
Kenneth.Dintzer2@usdoj.gov

*Counsel for Plaintiff United States of America*

By:    */s/ Johnathan R. Carter*
Leslie Rutledge, Attorney General
Johnathan R. Carter, Assistant Attorney General
Office of the Attorney General, State of Arkansas
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Johnathan.Carter@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

By: */s/ Adam Miller*
Rob Bonta, Attorney General
Ryan J. McCauley, Deputy Attorney General
Adam Miller, Deputy Attorney General
Paula Blizzard, Supervising Deputy Attorney General
Kathleen Foote, Senior Assistant Attorney General
Office of the Attorney General,
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Adam.Miller@doj.ca.gov

*Counsel for Plaintiff State of California*

By: */s/ Lee Istrail*
Ashley Moody, Attorney General
R. Scott Palmer, Interim Co-Director, Antitrust Division
Nicholas D. Niemiec, Assistant Attorney General
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

By: */s/ Daniel Walsh*
Christopher Carr, Attorney General
Margaret Eckrote, Deputy Attorney General
Daniel Walsh, Senior Assistant Attorney General
Charles Thimmesch, Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

By:  /s/ Scott L. Barnhart
Theodore Edward Rokita, Attorney General Scott L. Barnhart, Chief Counsel and Director, Consumer Protection Division
Matthew Michaloski, Deputy Attorney General
Erica Sullivan, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Scott.Barnhart@atg.in.gov

*Counsel for Plaintiff State of Indiana*

By:  /s/ Philip R. Heleringer
Daniel Cameron, Attorney General
J. Christian Lewis, Executive Director of Consumer Protection
Philip R. Heleringer, Deputy Executive Director of Consumer Protection
Jonathan E. Farmer, Assistant Attorney General
Office of the Attorney General, Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*

By:  /s/ Christopher J. Alderman
Jeff Landry, Attorney General
Christopher J. Alderman, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
AldermanC@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

5

By: */s/ Scott Mertens*
Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

By: */s/ Stephen M. Hoeplinger*
Stephen M. Hoeplinger
Assistant Attorney General
Missouri Attorney General's Office
815 Olive St., Suite 200
St. Louis, Missouri 63101
Stephen.Hoeplinger@ago.mo.gov
*Counsel for Plaintiff State of Missouri*

By: */s/ Hart Martin*
Lynn Fitch, Attorney General
Hart Martin, Special Assistant Attorney General
Crystal Utley Secoy, Assistant Attorney General
Office of the Attorney General, State of Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Hart.Martin@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

By: */s/ Rebekah J. French*
Austin Knudsen, Attorney General
Rebekah J. French, Assistant Attorney General, Office of Consumer Protection
Office of the Attorney General, State of Montana
P.O. Box 200151
555 Fuller Avenue, 2nd Floor
Helena, Montana 59620-0151
Rebekah.french@mt.gov

*Counsel for Plaintiff State of Montana*

By: */s/ Rebecca M. Hartner*
Rebecca M. Hartner, Assistant Attorney General
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney General
C. Havird Jones, Jr., Senior Assistant Deputy Attorney General
Mary Frances Jowers, Assistant Deputy Attorney General
Office of the Attorney General, State of South Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
RHartner@scag.gov

*Counsel for Plaintiff State of South Carolina*


By: */s/ Bret Fulkerson*
Bret Fulkerson, Deputy Chief, Antitrust Division
Kelsey Paine, Assistant Attorney General
Office of the Attorney General, Antitrust Division
300 West 15th Street
Austin, Texas 78701
Bret.Fulkerson@oag.texas.gov

*Counsel for Plaintiff State of Texas*


By: */s/ Gwendolyn J. Lindsay Cooley*
Joshua L. Kaul, Attorney General
Gwendolyn J. Lindsay Cooley, Assistant Attorney General
Wisconsin Department of Justice
17 W. Main St.
Madison, Wisconsin 53701
Gwendolyn.Cooley@Wisconsin.gov

*Counsel for Plaintiff State of Wisconsin*