IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>       Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>       Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |

**[PROPOSED] ORDER**

  Pursuant to the Court's inherent authority and its authority to govern discovery, the Court finds that Defendant Google LLC (Google) has committed sanctionable misconduct by its intentional efforts to misuse the attorney-client privilege to shield ordinary-course business communications from discovery. This has resulted in harm to Plaintiffs, undermined their discovery efforts, and subverted the judicial process.

  In the course of discovery in these actions, Google has produced documents showing that the company directs employees to add artificial indicia of privilege on business communications to shield them from discovery—a practice Google refers to as "Communicate with Care." Specifically, presentations given to Google employees show that on "any written communication" about Google's revenue-share agreements and Mobile Application Distribution Agreements, both of which Google enters into with its search distribution partners, Google employees were directed to (1) include a Google in-house attorney as a recipient, (2) add an

1

attorney-client privilege label, such as "Confidential – Attorney-Client Privileged," and (3) request generic advice or guidance from the added in-house attorney.

Google gives these directions without regard for whether there is any need for legal advice. Documents produced by Google in this action also show that many Google employees, of various levels of seniority, executed these instructions even after Google received a Civil Investigative Demand from the Department of Justice and after the filing of the U.S. Plaintiffs' Complaint.

Through its Communicate-with-Care program, Google impedes the efforts of regulators, private litigants, and courts to engage in a full and fair search for truth. Indeed, the Plaintiffs in this action have needed to repeatedly demand that Google re-review and reproduce thousands of documents that were improperly withheld or redacted based on Google's gamesmanship. By these actions, Google has committed sanctionable misconduct, and its actions require condemnation.

Alternatively, because Google's conduct makes it impossible to distinguish between pretextual and genuine requests for legal advice, the Court finds that Google has not met its burden to claim privilege over communications created pursuant to the Communicate-with-Care policy, especially where the in-house counsel included in the communications never responds. Therefore, Google cannot make the necessary showing to maintain privilege claims over these communications and they must be produced.

Accordingly, the Court hereby ORDERS the following:

(1) No later than May 2, 2022, Google must produce all withheld or redacted communications (including attachments and linked documents) in unredacted form where an in-house attorney was included but did not respond in the chain of

communications with non-attorneys.

(2) No later than May 2, 2022, Google must provide a single privilege log for all of the documents on which Google continues to maintain an attorney-client privilege claim. This privilege log must not include an entry for any document on which Google no longer claims attorney-client privilege, including documents produced in response to this Order.

(3) No later than May 2, 2022, Google must provide an index of all documents that Google has deprivileged in this litigation, including documents deprivileged as a result of this order. The index must include information sufficient to reasonably enable matching the original privilege log identifier with the Bates number of the newly produced deprivileged document.

SO ORDERED.

Dated this __ Day of March, 2022.

_____