# EXHIBIT 36



**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*

450 5th Street, N.W.
Washington, DC 20001

November 15, 2021

**BY EMAIL DELIVERY**

Franklin Rubinstein
Wilson Sonsini Goodrich & Rosati
1700 K Street NW, Fifth Floor
Washington, D.C. 20006
frubinstein@wsgr.com

Re:   *United States, et al. v. Google LLC*, No. 1:20-cv-03010 (D.D.C)

Dear Mr. Rubinstein:

We write regarding concerns over Google's continued overbroad privilege designations and errors in its recent privilege logs.

Over the summer and in response to Google's CID and first three litigation privilege logs, Plaintiffs raised significant issues with Google's privilege claims, including sending five letters and engaging with Google during three meet-and-confers. Our concerns were validated by the fact that Google reproduced 38,785 deprivileged documents in August and September as a result of our privilege challenges.

Unfortunately, however, Google has repeated the same errors in its recent set of privilege logs and productions. Plaintiffs are therefore compelled to seek another round of review and reproduction of non-privileged materials.[1]

Plaintiffs had hoped that expressing our initial concerns regarding overbroad privilege claims would have resulted in fewer issues from the remaining productions. Instead, Google has persisted in erroneously claiming privilege. Although we appreciate Google counsel's cooperation in re-reviewing and reproducing non-privileged materials from our earlier letters,

---

[1] To facilitate Google's review, Plaintiffs have compiled privilege issues from Volumes 6, 7, 8, and 9 of Google's privilege log in this letter and the accompanying attachments. As before, Plaintiffs have organized the documents by type of privilege issue.

1

Plaintiffs should not bear the burden of continuing to provide quality control for Google's privilege review process.

The necessity of additional privilege review is bolstered by Google's reproduction of a large number (38,785) of deprivileged documents. These reproductions included relevant non-privileged materials that Plaintiffs are clearly entitled to and would not have received but for Plaintiffs' efforts in identifying the errors to Google. Google's overbroad privilege designations have delayed and frustrated Plaintiffs' document review and deposition preparation.

Google's privilege errors are particularly troubling given Google employees' tactics to shield sensitive non-legal discussions.[2] This apparent practice by Google employees obligates Google's outside counsel to conduct a close examination of documents and only withhold or redact materials that are *in fact* privileged under the applicable case law.

### I.   Third-Party Waiver

Google continues to claim privilege over communications shared externally with third parties, including its search distribution partners Apple, AT&T, LG, Motorola, Samsung, and U.S. Cellular. In its recent privilege logs, Google has claimed privilege over **3,788** communications with third parties.

As we explained in our June 4, 2021 letter, where "the information has been or is later shared with third parties, the privilege does not apply."[3] In recent privilege logs, however, Google has entirely withheld draft agreements and communications disclosed to third parties during arms-length negotiations. *See e.g.*, GOOG-DOJ-29910275 (AT&T), GOOG-DOJ-29935281 (Samsung), GOOG-DOJ-29918369 (Apple), GGPL-4150604469 (Qualcomm and Motorola), GOOG-DOJ-21804097 (LG), and GOOG-DOJ-22304059 (U.S. Cellular).

In the last round of privilege challenges, Plaintiffs raised concerns about erroneously redacted and withheld communications with third parties. Our concerns proved to be well-founded. Google has reproduced a significant number of non-privileged emails and documents exchanged with third parties that Google should have originally produced unredacted.

For example, in September, Google produced GOOG-DOJ-27569473, which had been previously withheld in full. The document is Google employee ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The document should never have been designated as privileged because it is a non-confidential communication with an outside third party. Similarly in August, Google produced GOOG-DOJ-10972365, which had been previously withheld fully. This document is an email from a Google employee to Samsung employees attaching a contract for execution. Disclosure to a third party waived the privilege.

Google's withholding and redactions of emails exchanged with third parties has shifted Google's burden to conduct a proper privilege review to Plaintiffs, delaying document review and

---

[2] *See* Letter from L. Willard to F. Rubinstein (June 4, 2021) and Section IV in this letter.
[3] *Mead Data Cent., Inc. v. United States Dep't of Air Force*, 566 F.2d 242, 253 (D.C. Cir. 1977).

deposition preparation, both for Google and third-party witnesses.[4] Accordingly, a close review and reproduction of these documents is required.

As Google has previously agreed to do, Google must produce the documents identified in **Attachment A**. If Google believes that any document in **Attachment A** is nonetheless entitled to privilege, it must provide a detailed statement explaining with particularity the nature of the relationship between Google and the third party and why the relationship is legally sufficient to prevent waiver.

## II.   Documents Without Any Attorney Involvement

Google continues to claim privilege over documents without any attorney involved. In its recent rounds of production, Google has withheld or redacted **10,581** documents where no attorney is identified on the communication or as the author of the document.

Because the attorney-client privilege generally attaches only to communications between an attorney and his or her client,[5] an email where an attorney is not the sender or recipient is unlikely to be entitled to the privilege. Google, however, has redacted or withheld **1,172** documents where there is no attorney identified either in the communication itself or even named in the "Privilege Basis" description.

Google also has fully withheld **8,809** documents that list an attorney in the "Privilege Basis" description but where there is no evidence that the attorney was actually involved in the communication or document at issue. Where an attorney is not the author or recipient of a document, it typically should not be withheld in its entirety.[6] Documents that "reflect" or "reveal" privileged legal advice without direct involvement of the attorney should be narrowly redacted rather than withheld.

Google's close review and reproduction of documents without any attorney involved is supported by the deprivileged documents Google produced from Plaintiffs' earlier challenge on this same issue.

For example, in September, Google reproduced GOOG-DOJ-08629431, a December 4, 2014 email from Mr. Varian to an outside economic consultant, ▮▮▮▮▮▮▮▮. Google had originally redacted the email claiming that the document was "seeking legal advice of counsel regarding regulatory issues."[7] In the reproduced version though, no such request for legal advice appears.

---

[4] Although Plaintiffs raised concerns with Google's privilege claims in their June 4, 2021 letter, Google did not start producing nonprivileged materials in response to those challenges for over *three months* in mid-August 2021, with additional deprivileged materials produced as late as September and October.

[5] *Amobi v. District of Columbia Dep't of Corrections*, 262 F.R.D. 45, 51 (D.D.C. 2000).

[6] *See* Stipulation and Order Regarding Discovery Procedures, *United States v. Google LLC*, 1:20-cv-03010 (D.D.C. Jan. 21, 2021) ("ESI Order") at IV.1, IV.3; *See, e.g.*, *FTC v. Boehringer Ingelheim Pharms., Inc.*, 286 F.R.D. 101, 111 (D.D.C. 2012) ("in instances where there are multiple emails in a single string, and only one of those e-mails contains privileged material, the privileged component may be excised but the remainder of the email string must be disclosed").

[7] Alphabet Inc. Privilege Log (Volume 1) for Civil Investigative Demand No. 30120, Control Number GGPL-1101840982.

3

GOOG-DOJ-08629431

| | |
|---|---|
| **Privileged Production** | Message from Hal Varian, Sent: 12/4/2014 12:23:00 AM, CC: Adam Kovacevich, schwabber, project-swan-team-external, Subject: Re: [redacted]<br><br>**Redacted - Privilege**<br><br>This email and any files transmitted with it are confidential and intended solely for the intended recipient. If you are not the named addressee you should not disseminate, distribute, copy or alter this email. Any views or opinions presented in this email are solely those of the author and might not represent those of Fingleton Associates Ltd. Warning: Although Fingleton Associates Ltd has taken reasonable precautions to ensure that no viruses are present in this email or its attachments, the company cannot accept responsibility for any loss or damage arising from the use of this email or attachments.<br><br>On 3 December 2014 at 22:35, Adam Kovacevich <akovacevich@google.com> wrote: |
| **Deprivileged Production** | Message from Hal Varian, Sent: 12/4/2014 12:23:00 AM, CC: Adam Kovacevich, schwabber, project-swan-team-external, Subject: Re: [redacted]<br><br>[redacted]<br><br>On Wed, Dec 3, 2014 at 2:46 PM, John Fingleton <[redacted]> wrote:<br><br>[redacted]<br><br>This email and any files transmitted with it are confidential and intended solely for the intended recipient. If you are not the named addressee you should not disseminate, distribute, copy or alter this email. Any views or opinions presented in this email are solely those of the author and might not represent those of Fingleton Associates Ltd. Warning: Although Fingleton Associates Ltd has taken reasonable precautions to ensure that no viruses are present in this email or its attachments, the company cannot accept responsibility for any loss or damage arising from the use of this email or attachments.<br><br>On 3 December 2014 at 22:35, Adam Kovacevich <[redacted]> wrote:<br><br>[redacted]<br><br>http://www.forbes.com/sites/ericgoldman/2014/12/02/bust-up-google-only-if-europe-wants-to-make-things-worse/ |

As Google has previously agreed to do, Google must produce the documents identified in **Attachment B** (with, of course, redactions for any content that is properly privileged). If Google believes that any document in **Attachment B** is nonetheless entitled to privilege, it must provide

4

a detailed statement naming the involved attorney(s) and explaining with particularity how that attorney's involvement results in privilege under the applicable law.[8]

### III.     Attorneys In Business Roles

Google continues to base privilege claims on individuals who were not working in an "attorney role" at the time of the communication according to Google's own admissions. In its recent privilege logs, Google has withheld or redacted over **5,600** documents involving former attorneys who either relinquished or only recently assumed an attorney role. For example, Google asserts privilege claims based on the presence of employees such as ▇▇▇▇▇▇▇, ▇▇▇▇▇▇, and ▇▇▇▇▇▇, despite Google's acknowledgment that these individuals transitioned out of an attorney role before the communication on which privilege is claimed.

As explained in our June 4 letter, the fact that an individual possesses a law degree and is admitted to the bar is "not enough to establish a person as an attorney for determining whether the attorney-client privilege applies."[9] To assert privilege, a lawyer must act as a legal advisor and "the advice given must be predominately legal, as opposed to business, in nature."[10] Lawyers who work for a "seemingly management or business side" of a company are presumed to be giving non-legal advice.[11]

In recent privilege logs, however, there are numerous examples where Google based privilege claims over communications where the only apparent lawyer had either relinquished or not yet assumed an attorney role. *See, e.g.*, GGPL-2111484850, GGPL-2111484601, GGPL-2111487446 ("contract status" emails between ▇▇▇▇▇▇, ▇▇▇▇▇▇▇, and three non-lawyers, years after Ms. ▇▇▇ and months after Mr. ▇▇ relinquished their attorney roles); GGPL-1111558567 ("contract negotiation" email between ▇▇, Jim Kolotouros, and another non-lawyer, years before Ms. ▇▇ assumed her attorney role).

As Google has previously agreed to do, Google must produce non-privileged content from the documents identified in **Attachment C**. If Google believes that any document in **Attachment C** is nonetheless entitled to privilege, it must provide a detailed statement naming the involved attorney(s) and explaining with particularity how that attorney's involvement results in privilege under the applicable law.[12]

---

[8] *Chevron Corp. v. Weinberg Grp.*, 286 F.R.D. 95, 98 (D.D.C. 2012) ("From the entry itself the opposing party . . . should be able to tell that the information not being disclosed is properly claimed as privileged, since it was a communication from a client, intended to be confidential, that sought legal advice"); *Alexander v. FBI*, 192 F.R.D. 42, 45 (D.D.C. 2000) ("From the entry itself the opposing party . . . should be able to tell that the information not being disclosed is properly claimed as privileged, since it was a communication from a client, intended to be confidential, that sought legal advice.").
[9] *Boca Investerings P'ship v. United States*, 31 F. Supp. 2d 9, 11–12 (D.D.C. 1998).
[10] *Id.*; *see also Gonzalez Ramos v. ADR Vantage Inc.*, No. 18-CV-01690, 2020 WL 409283, at *3–4 (D.D.C. Jan. 26, 2020) (differentiating between legal advice and non-legal advice and explaining that "not every communication with a lawyer is protected").
[11] *Boca Investerings*, 31 F. Supp. 3d at 12.
[12] *Chevron*, 286 F.R.D. at 98; *Alexander*, 192 F.R.D. at 45.

### IV. Documents With An Attorney Merely Carbon-Copied

Google continues to claim privilege over communications where an attorney is merely carbon-copied. In its recent productions, Google withholds or redacts **23,861 documents** where the document is a communication between non-lawyers and an attorney is either one of several recipients or is merely carbon-copied, or "cc'd."

As Plaintiffs have previously explained, no company may use a lawyer as a mail drop, routing documents through in-house counsel to prevent the disclosure of what would otherwise be a non-privileged communication.[13] "[I]t is well settled that the mere presence of counsel on a communication does not render that communication or a document attached to that communication privileged."[14] This is particularly true where an in-house attorney is merely carbon-copied on a communication between non-lawyers, which suggests that the communication was not *directed to* the attorney.[15]

Google's withholding and redacting documents where an attorney is merely cc'd is particularly concerning given the apparent practice of Google employees to copy in-house counsel to shield sensitive non-legal discussions. Plaintiffs first noted this concern in our June 4, 2021 letter.[16] We provided illustrative examples, such as GOOG-DOJ-12864417, in which a Google employee wrote "Just to be cautious, I'm . . . adding legal to make this [conversation] privileged due to the sensitive nature of the data," even though there were no request for legal advice. Similarly, in GOOG-DOJ-01168862, an employee shared meeting notes with a listserv to which another employee responds that they should "cc Daphne, our lawyer, on team meeting notes going forward" because ▮▮▮▮▮▮▮▮▮▮

Google's recent privilege reproductions confirm the propriety of Plaintiffs' concerns about Google employees' misuse of in-house counsel. For example, Google originally produced GOOG-DOJ-20893081 with a redaction over an email from ▮▮▮▮▮ to ▮▮▮▮▮ with Helen Tsao, a lawyer, cc'd. Google's privilege log asserted that the email sought "legal advice of Helen Tsao ESQ re negotiations and proposed terms of ▮▮▮▮▮

---

[13] *See Western Trails, Inc. v. Camp Coast to Coast, Inc.*, 139 F.R.D. 4, 13 (D.D.C. 1991) ("As a general rule, corporate dealings are not made confidential merely by funneling them routinely through an attorney") (citation and quotations omitted); *see also Estate of Cornwell ex rel. Fuller v. Am. Fed'n of Labor*, 197 F.R.D. 3, 5 n.3 (D.D.C. 2000) ("A litigant cannot shield from discovery the knowledge is possessed by claiming it has been communicated to a lawyer" (quoting *Rhone-Poulenc Rorer Inc. v. Home Indemn. Co.*, 32 F.3d 851, 864 (3d Cir. 1994)).

[14] *In re Domestic Airline Travel Antitrust Litig.*, No. MC 15-1404, 2020 WL 3496748, at *6–7 (D.D.C. Feb. 25, 2020), *report and recommendation adopted*, 2020 WL 3496448 (D.D.C. May 11, 2020); *see also Jordan v. United States Dep't of Labor*, 308 F. Supp. 3d 24, 43–44 (D.D.C. 2018) ("simply copying an attorney on a communication does not make that communication privileged"), *aff'd*, 2018 WL 5819393 (D.C. Cir. Oct. 19, 2018).

[15] *See Hunton & Williams LLP v. U.S. Envt'l Prot. Agency*, 248 F. Supp. 3d 220, 254 (D.D.C. 2017) (refusing to confer attorney-client privilege to "an email colloquy between two non-attorney agency employees, sent to a lawyer as a carbon-copy" because the "brief [privilege log] description does not sufficiently explain the application of the attorney-client privilege, given that the context makes it clear that the attorney was only a participant in the email chain as a carbon-copy.").

[16] *See* June 4, 2021 Letter at 9-11 (citing GOOG-DOJ-06399230, GOOG-DOJ-12864417, GOOG-DOJ-07801741, GOOG-DOJ-18895045, GOOG-DOJ-01168862).

[redacted][17] But an unredacted version of the email produced by Google in September as a result of Plaintiffs' June 4 letter shows that Mr. Brazil's email neither sought legal advice nor was directed to Ms. Tsao.

| | GOOG-DOJ-20893081 |
|---|---|
| **Privileged Production** | Message<br>From: [redacted]<br>Sent: 8/25/2010 11:58:59 PM<br>To: [redacted]<br>Subject: Fwd: [Time Sensitive]<br>Attachments: [redacted]<br><br>---------- Forwarded message ----------<br>From: [redacted]<br>Date: Tue, Aug 24, 2010 at 5:07 PM<br>Subject: Re: [redacted]<br>To: [redacted]<br>Cc: Helen Tsao <[redacted]<br><br>Hi Christine,<br><br>**Redacted - Privilege**<br><br>Thanks,<br>Mike |
| **Deprivileged Production** | Message<br>From: [redacted]<br>Sent: 8/25/2010 11:58:59 PM<br>To: [redacted]<br>Subject: [redacted]<br>Attachments: [redacted]<br><br>---------- Forwarded message ----------<br>From: [redacted]<br>Date: Tue, Aug 24, 2010 at 5:07 PM<br>Subject: Re: [Time Sensitive]<br>To: [redacted]<br>Cc: Helen Tsao <[redacted]<br><br>Hi Christine,<br><br>[redacted]<br><br>Thanks,<br>Mike |

---

[17] Google Privilege Log (Vol. 3, July 21, 2021) for *United States v. Google LLC*, 1:20-cv-03010-APM (D.D.C.), Control Number GGPL-4133359960.

As this example illustrates, Google employees often copy an attorney but explicitly direct the communication to a non-attorney. An email will typically not be privileged, however, where it is "specifically directed to another person—a non-attorney—and the email specifically (and only) seeks information from that person."[18]

Based on our review, we are concerned that this practice of routing discussions through in-house counsel and labeling emails "privileged" is widespread, and perhaps even encouraged. It is therefore incumbent on Google's named counsel to exercise sufficient discretion before redacting or withholding relevant materials from Plaintiffs.

Google must produce the documents identified in **Attachment D** (with, of course, redactions for any content that is properly privileged). If Google believes that any document in **Attachment D** is nonetheless entitled to privilege, it must provide a detailed statement naming the involved attorney(s) and explaining with particularity how that attorney's involvement results in privilege under the applicable law.[19]

Google previously limited its review of this category to communications where an attorney does not participate at any point in the email thread.[20] But Google's continued and extensive misapplication of privilege on documents where an attorney is merely carbon copied requires Google to review *all* documents where an attorney is merely carbon copied. The fact that a lawyer participates at some point does not necessarily mean the rest of the thread is privileged, especially regarding communications between non-lawyers. Nor does the participation of an in-house counsel mean that the attorney is providing *legal* as opposed to *business* advice.[21]

### V.   Misuse Of "ESQ" On Privilege Log

Google also continues to misuse the "ESQ" suffix in its privilege logs, despite Plaintiffs having raised this concern in our July 29, 2021 letter.

In Volumes 7, 8, and 9 of its privilege log, Google often lists the author of a particular privilege entry as "No ESQ <>," "ESQ," or "Google ESQ." A list of **1,421** such examples are identified in **Attachment E**. These are inappropriate uses of the ESQ designation. Under the Case Management Order, Google must place "ESQ" after the name (or email address) of a Google employee to indicate that he or she was acting in an attorney role for the purpose of that

---

[18] *Jordan v. U.S. Dep't of Lab.,* 308 F. Supp. 3d 24, 43–44 (D.D.C. 2018), *aff'd sub nom. Jordan v. United States Dep't of Lab.*, No. 18-5128, 2018 WL 5819393 (D.C. Cir. Oct. 19, 2018)
[19] *Chevron*, 286 F.R.D. at 98; *Alexander*, 192 F.R.D. at 45.
[20] At a minimum, Google certainly cannot claim that a significant purpose of a communication is to seek and receive legal advice if the attorney never actually responds. *See In re Kellogg Brown & Root, Inc.,* 756 F.3d 754, 760 (D.C. Cir. 2014) ("Sensibly and properly applied, the test boils down to whether obtaining or providing legal advice was one of the significant purposes of the attorney-client communication.").
[21] *See In re Sealed Case,* 737 F.2d 94, 99 (D.C. Cir. 1984) (because an in-house lawyer often has "certain responsibilities outside the lawyer's sphere," a corporation "can shelter [the attorney's] advice only upon a *clear showing* that [the attorney] gave it in a professional legal capacity") (emphasis added). *See also In re Google Inc.*, 462 F. App'x 975, 978 (Fed. Cir. 2012) ("It is beyond dispute that parties seeking to establish the privilege are required to sufficiently establish the communication at issue relates to professional legal services (as opposed to business considerations), regardless of whether the attorney had distinct non-legal responsibilities for the company.").

communication. Google's use of "No ESQ <>," "ESQ," or "Google ESQ" as the author compels the assumption that no lawyer was actually involved in authoring the purportedly privileged communications. These documents, which are identified in **Attachment E,** must therefore be reproduced without redaction. If Google believes that any document in **Attachment E** is nonetheless entitled to privilege, it must provide a detailed statement naming the involved attorney(s) and explaining with particularity how that attorney's involvement results in privilege under the applicable law.[22]

### VI.    Withheld Draft Agreements

Per its email of August 19, 2021, Google agreed to provide a list of the types of draft agreements contained in Attachment I to our July 29, 2021 letter. Plaintiffs, however, have yet to receive that list of contract categories.

As explained previously, Plaintiffs are concerned about the large number of fully withheld draft agreements with third parties. To the extent these documents contain or seek legal advice, they should have been narrowly redacted rather than fully withheld. An attorney's provision of edits or comments on a draft does not entitle Google to withhold the entire document. This is particularly true where there are redlines or sections of the agreement drafted by the third party, over which Google has no basis to assert privilege. Google's withholding these documents is particularly concerning given that Google's agreements with search distribution partners is at the heart of the exclusionary conduct alleged in the Complaint.

Please provide the categories of agreements from Attachment I to Plaintiffs' July 29, 2021 letter no later than **November 20**. At a minimum, Google must reproduce non-privileged materials from any draft ACC, AFA, MADA, RSA, MIA agreements or other contracts identified in Plaintiffs' Complaint.

### VII.   Document-Specific Privilege Challenges

In addition to the categorical privilege abuses discernible on Google's privilege logs, Plaintiffs have identified improper privilege claims on **429** specific documents. These privilege errors appear not only in Google's original productions but also in Google's more recent privilege reproductions. **Attachment F** lists these specific documents that Plaintiffs do not believe are entitled to privilege based on review of the document and privilege log entry. Plaintiffs have serious concerns about these privilege claims and request that Google promptly reproduce unredacted versions of these documents. If Google continues to withhold or redact documents that Plaintiffs do not believe are entitled to privilege, we may need to seek resolution from the Court.

***

As Google has previously agreed to review the categories of privilege errors described above, we expect that Google will begin its privilege re-review and reproductions as soon as possible.

---

[22] *Chevron*, 286 F.R.D. at 98; *Alexander*, 192 F.R.D. at 45.

As before, Google should prioritize the review and reproduction of materials involving noticed Google deponents. Specifically, Plaintiffs request that Google produce any documents for Jen Fitzpatrick, Jerry Dischler, Adrienne McCallister, and Ben Gomes no later than **November 24, 2021**. Any documents involving Jamie Rosenberg, Prabhakar Raghavan, Yuki Richardson, or Jim Kolotouros must be produced no later than **December 3**. Please re-review and produce non-privileged material for all remaining custodians on documents in this letter no later than **December 13, 2021**.

As it has already agreed to do, Google must identify all reproduced documents from its privilege review. Specifically, Google should continue to set the metadata field "privilege re-review" to "yes." Please also submit each privilege reproduction in a unique volume clearly identified in the production cover letter. With each privilege reproduction, Google also must provide a revised privilege log that identifies both the original privilege log identifier and the corresponding production bates number. Failure to identify these documents with unique metadata and an accompanying log will make it impossible for Plaintiffs to assess whether Google has sufficiently resolved our privilege concerns.

We hope and expect Google to work to address Plaintiffs' continued concerns over privilege abuses cooperatively and expeditiously.

                                               Sincerely,

                                               /s/ Lauren S. Willard

CC:    John E. Schmidtlein, Esq. (jschmidtlein@wc.com)
           Mark S. Popofsky, Esq. (Mark.Popofsky@ropesgray.com)
           Colette T. Connor, Esq. (cconnor@wc.com)