# EXHIBIT 37



**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20001*

January 25, 2022

**BY EMAIL DELIVERY**

Franklin Rubinstein
Wilson Sonsini Goodrich & Rosati
1700 K Street NW, Fifth Floor
Washington, D.C. 20006
frubinstein@wsgr.com

    Re:    *United States, et al. v. Google LLC*, No. 1:20-cv-03010 (D.D.C)

Dear Mr. Rubinstein:

As noted in our prior correspondence, Plaintiffs have had significant concerns with Google's privilege claims in this matter. Plaintiffs have exerted significant time and effort to detect and challenge Google's overbroad privilege assertions on relevant non-privileged materials. Although we appreciate Google's outside counsel's cooperation, that cooperation has been slow and has not adequately addressed Plaintiffs' legitimate concerns.

### I.    Google's Refusal To Review Categories Of Privilege Challenges

Plaintiffs remain concerned with Google's refusal to review categories of documents, including:

    a.   *Additional Fully Withheld Documents With Attorneys Merely Carbon Copied*

Google continues to claim privilege over a significant number of emails where an attorney is merely carbon-copied. As explained in prior correspondence, "simply copying an attorney on a communication does not make that communication privileged." *Jordan v. United States Dep't of Labor*, 308 F. Supp. 3d 24, 43 (D.D.C. 2018) *aff'd*, 2018 WL 5819393 (D.C. Cir. Oct. 19, 2018). And, as Plaintiffs' privilege challenges have demonstrated, Google employees frequently route communications through in-house counsel to claim privilege on sensitive business discussions. *See* November 15, 2021 and June 4, 2021 Letters.

1

Google has refused to review all fully withheld documents where an attorney was carbon-copied, provided in Attachment D to Plaintiffs' November 15 Letter. Google only has agreed to review the narrower category of documents where an attorney was exclusively listed in the "CC" field.

In Plaintiffs' challenged documents, an attorney is neither the author nor direct recipient of the latest-in-time email. To the extent an attorney provided legal advice earlier in the thread, limited redactions are appropriate, but full withholding of the document is not. Full withholding also deprives Plaintiffs of the ability to verify Google's claim that an attorney was actively involved in the discussion.

Plaintiffs therefore request that Google immediately begin reviewing the remaining documents identified in Attachments D to Plaintiffs' June 4, July 29, and November 15 Letters. Given the great lengths that Google employees undertook to confuse the privilege assertions, it is incumbent upon the company and its outside lawyers to provide confidence in Google's privilege claims. Google's refusal to review the Attachment D documents undermines Plaintiffs' confidence in this process.

### b. Fully Withheld Documents Without Any Verifiable Attorney Involvement

Where an attorney does not appear in a document's metadata, Plaintiffs remain concerned that the underlying email does not seek or reveal legal advice even where Google has identified an attorney in the accompanying privilege description. As noted in Plaintiffs' June 4 and July 29 Letters, this concern largely originates in Google's practice of annotating "Add 'Attorney Name'" in its privilege descriptions and its use of a generic "Google ESQ" or "ESQ" without further identifying information.

Even where Google has provided a specific named counsel in the privilege basis, that does not support fully withholding an email that does not involve an attorney in the topline communication. At most, such communications should be narrowly redacted rather than withheld. This is particularly true for the fully withheld documents that rely on "seeking" advice of counsel but where an attorney was removed or not included on the latest-in-time communication. To date, Google has refused to review even this narrower subset of documents that Plaintiffs identified in the Attachment B Supplement to Plaintiffs' December 3, 2021 Letter.

Plaintiffs therefore request that Google immediately begin reviewing the remaining documents identified in Attachments B to Plaintiffs' November 15 Letter and Attachment B Supplement to Plaintiffs' December 3, 2021 Letter.

### c. Fully Withheld Draft Search Distribution Agreements

Plaintiffs' claims center on Google's imposition of exclusivity terms on its search distribution partners. The underlying files, including drafts, are particularly relevant to these claims. As Plaintiffs have explained in prior letters and meet and confers with Google's outside counsel, the fact that an attorney was a recipient of a draft agreement or even provided edits or comments does not permit Google to withhold the entire document. In most instances, Google should narrowly redact any legal advice.

2

In categorizing the draft agreements, Google gave a list of over 70 categories, many with vague descriptions (e.g., "Term Sheet," "Commercial Agreement," and "Amendment Agreement"). Plaintiffs reduced the number to 39 categories. It is difficult to narrow further without sufficient information about what types of documents fall in the categories Google provided. But in the spirit of compromise, Plaintiffs are willing to further limit review to drafts and templates of search distribution agreements. Those agreements are highly relevant and at the core of the alleged antitrust violations in this case.

Plaintiffs therefore request that Google immediately begin reviewing the subset of agreements in **Attachment I** to Plaintiffs' November 15 Letter related to Google's search distribution agreements.

For all of the above requested review, please produce all non-privileged material for any noticed Google deponent as soon as possible, sufficiently in advance of the deposition. Please produce all remaining non-privileged materials by **February 28, 2022**.

## II.    Sufficiency Of Reproductions And Privilege Re-Review

Plaintiffs are also concerned with the sufficiency of the reproductions for documents that Google agreed to review. Although Google has deprivileged a large number of documents, many of our privilege concerns remained unaddressed.

Google produced a large number of documents with the exact same redactions. This both complicated Plaintiffs' review and did not resolve our underlying privilege concerns. As one example, Plaintiffs challenged GOOG-DOJ-06509843 as a redacted email without any attorney involvement in Attachment B to Plaintiffs' June 4 Letter. Google reproduced GOOG-DOJ-06509843 with the same redactions applied. The privilege log was updated from the generic "Email seeking legal advice of counsel regarding contractual issues," to "Email seeking legal advice of ▇▇▇▇▇ ESQ regarding contractual issues." But ▇▇▇▇▇ is not an attorney. She is not listed on Google's attorney list, nor does it appear that she has a law degree. Examples like these make it difficult for Plaintiffs to have confidence that all of our privilege concerns have been resolved, even where Google agreed to undertake a review. This is not acceptable; given the great lengths that Google employees undertook to overclaim privilege on business discussions, it is incumbent upon the company and its outside lawyers to provide confidence in the assertion of privilege claims. Thus far, Google and its attorneys have failed to do so.

As discussed below, Plaintiffs have identified some specific documents that continue to raise privilege concerns. Plaintiffs' ability to detect all errors, however, is limited. For fully withheld documents, Plaintiffs have no ability to assess the sufficiency of Google's review. This is particularly true given Google's repeated refusal to provide an index so Plaintiffs can discern which fully withheld challenged documents have been produced and which documents remain outstanding.

### III. Document-Specific Privilege Challenges

In our November 15 Letter, Plaintiffs submitted a chart with 429 specific documents that did not appear entitled to attorney client privilege or work product production in light of the privilege log and context. *See* Attachment F to November 15, 2021 Letter. Plaintiffs provided reasoning for each challenge. To date, it appears that Google has only reproduced 156 of those documents. Google has provided no additional justifications for maintaining privilege over the remainder of these document-specific challenges.

Please produce all outstanding non-privileged documents from **Attachment F** to Plaintiffs' November 15 Letter by **February 10, 2022**. Should Google believe that any of the redacted or withheld documents are still entitled to privilege, please provide the basis with an updated privilege log by **February 10** as well. The revised privilege log should be limited to those documents from the November 15, 2021 Attachment F that Google disagrees should be produced with fewer or no redactions. If documents are not reproduced or no sufficient justification is provided, Plaintiffs may seek court intervention to resolve the outstanding disputes.

Plaintiffs continue to find documents that appear to be improperly withheld or redacted. Many of these documents have already been sent to Google in prior correspondence but have not been resolved. Although Plaintiffs should not have to bear the burden of quality-checking Google's privilege review, Plaintiffs have compiled a second spreadsheet of **196** document-specific challenges in **Attachment F-2**. We have provided reasons for why these documents do not appear entitled to attorney client privilege or work product production.

Google must produce all non-privileged material from **Attachment F-2** for currently noticed deponents as soon as possible in advance of those depositions. Please produce all remaining non-privileged material from Attachment F-2 no later than **February 17, 2022**.

Where Google declines to reproduce a deprivileged version or continues to redact portions of a document, Google must provide a revised privilege log for the documents with additional justifications for such redactions or withholding responding to Plaintiffs' stated concerns.

### IV. Concerns Over Google Clawbacks

Google has sent Plaintiffs 25 requests to claw back over 3,600 documents as "inadvertently produced" privileged communications. Six separate clawback letters were sent just in the last month alone, with many large requests falling on the eve of Google witness depositions. Plaintiffs have several concerns with Google's clawback actions during this litigation.

*First*, to preserve claims of privilege, Google is required to take reasonable and prompt efforts to rectify the error. Many of the documents that Google has recently clawed back, however, were produced significantly earlier in this matter. Some documents were even produced before the Complaint was filed. Waiting until the eve of depositions to claw back documents produced much earlier to Plaintiffs is not taking reasonable steps to avoid inadvertent disclosure of privileged documents.

4

*Second*, disclosure must also be "inadvertent." But many clawbacks do not appear to be inadvertently or accidentally produced. For example, some documents that Google has clawed back for privilege were originally produced with partial redactions, demonstrating that Google already conducted a privilege review and decided that the unredacted portions were not entitled to privilege. Google also recently clawed back a document (GOOG-DOJ-27780760) that it had *deprivileged* during its privilege re-review. Google's production of GOOG-DOJ-27780760 was not "inadvertent" as Google conducted a targeted re-review based on Plaintiffs' privilege challenges and concluded (correctly) that the document was not entitled to privilege. Clawing back a document that Plaintiffs had successfully challenged as improperly privileged also undermines Google's cooperation with the privilege review process. Plaintiffs spent months pressing Google to produce the unredacted copy of the document, only to be back at square one six months later.

*Finally*, Google has failed to substantiate its claims of privilege over the vast majority of documents it has clawed back during the litigation. With the exception of a few short privilege logs (primarily for documents *Plaintiffs* have alerted Google to), Google has not provided privilege logs for the thousands of documents it has clawed back since May of 2021.[1]

A party must provide sufficient justification for withholding or redacting relevant materials. Google must produce a clawback log for all documents for which it has not already done so no later than **February 21, 2022**. If Google fails to produce a privilege log, Plaintiffs must assume that Google no longer wishes to claim privilege over these materials.

***

Please reply by **January 31, 2022** with whether Google agrees to undertake the requested privilege review and production of privilege log entries by the requested deadlines above. Given the limited discovery time remaining and upcoming depositions, Google's prompt cooperation is required. Plaintiffs are available to meet and confer on any of the above topics if needed.

Sincerely,

/s/ Lauren S. Willard

CC:   John E. Schmidtlein, Esq. (jschmidtlein@wc.com)
      Mark S. Popofsky, Esq. (Mark.Popofsky@ropesgray.com)
      Colette T. Connor, Esq. (cconnor@wc.com)

---

[1] Google has also failed to reproduce redacted versions or slip-sheets for a significant number of the documents clawed back in June and August of 2021.