# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

**DECLARATION OF SUZANNE FREY**

I, Suzanne Frey, declare as follows:

1. My name is Suzanne Frey. I serve as Vice President for the Android Security and Privacy team at Google.  I currently work in Google's office in Mountain View, California.

2. I submit this declaration in support of Google LLC's Opposition to DOJ Plaintiffs' Motion to Sanction Google and Compel Disclosure of Documents Unjustifiabily Claimed by Google as Attorney-Client Privileged.  I have personal knowledge of the facts set forth in this declaration, and, if called to testify, could and would do so under oath.

3. I have worked at Google for over 15 years in various privacy, strategy, policy, and operations roles.

4. Between 2015 and 2018, I was the Director of the Security, Trust, and Privacy team.  I worked on implementing data privacy, security, and compliance strategies and initiatives within Google's Apps organization, which includes teams responsible for the support and maintenance of Gmail, Google Drive, and Google Calendar, for example.

5. Data privacy is an area of Google's business that involves significant, frequently evolving, and complex regulation by government authorities around the world.  As such, the Security, Trust, and Privacy team worked very closely with Google's in-house counsel to address employees' privacy-related questions and to help educate Google employees on developments in the laws that dictate whether, how, and under what circumstances Google can transfer, process, and/or receive data.

6. My team contributed to training presentations for new Google employees within Google's Apps organization.  The goal of these presentations, including the presentation that begins with Bates number GOOG-DOJ-06890329 (DOJ Plaintiffs' Exhibit 1), was to

provide new employees with (among other things) an overview of the Apps organization and guidance on privacy-related policies and procedures relevant to their work.

7. To the best of my recollection, my team prepared the slides at GOOG-DOJ-06890359-64, which concern data privacy and user trust.

8. We understood at the time that new Google employees within the Apps organization would likely have questions relating to Google's policies and procedures around data privacy and Google's efforts to comply with privacy-related regulations. Those questions would very often implicate legal issues. As such, we included a slide in the training presentation that advised employees to escalate sensitive, privacy-related questions or problems to my team and to copy in-house counsel so that in-house counsel could provide legal advice where appropriate.

9. My team also included a slide in the presentation that provided new Google employees with guidance on how to protect privileged communications that requested or reflected privacy-related legal advice.

10. When my team recommended that employees direct questions to in-house Google lawyers on emails, request guidance, and mark content as "Attorney/Client Privileged," we were trying to ensure that employees knew how to direct privacy-related requests for legal advice to Google's in-house lawyers.

11. By encouraging Google employees to "communicate with care," we meant that Google employees entrusted with highly sensitive information subject to evolving legal and regulatory requirements should be thoughtful about what is put in writing and request advice from my team and Google's in-house counsel when they have questions.

*      *      *      *

12. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 23rd Day of March, 2022, in Nairobi, Kenya.

Suzanne Frey