# Exhibit 14



U.S. Department of Justice

Antitrust Division

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20001*

July 29, 2021

**BY EMAIL DELIVERY**

Franklin Rubinstein
Wilson Sonsini Goodrich & Rosati
1700 K Street NW, Fifth Floor
Washington, D.C. 20006
frubinstein@wsgr.com

    Re:   *United States, et al. v. Google LLC*, No. 1:20-cv-03010 (D.D.C) – Third Litigation Privilege Log

Dear Mr. Rubinstein:

We write regarding concerns over Google's third litigation privilege log received on July 21, 2021, and our continuing concerns about Google's privilege designating and logging efforts. Google's most recent privilege log raises many of the same issues Plaintiffs outlined in our June 4, 2021 letter and on our July 15, 2021 call. The most recent privilege log also contains a number of new errors. As depositions are quickly approaching, we hope to work cooperatively with Google to resolve these concerns expeditiously.

    **I.**    **Previously Raised Concerns**

Google's third litigation privilege log repeats many of the same issues already identified in our June 4 letter. For the categories of documents that Google has already agreed to review, we ask that Google supplement its review with documents from its most recent privilege log.

        **a.**   **Third Party Waiver**

Google continues to claim privilege over communications shared externally with third parties, including its search distribution partners like Samsung and AT&T. For example, in GGPL-4133127797, GGPL-4151137891, GGPL-4153143656, GGPL-4173132450, and GGPL-4203230351, Google fully withheld as privileged emails exchanged between ▇▇▇▇▇▇▇▇ and Samsung employees regarding contractual issues. In GGPL-4320673901, Google withheld as privileged an email between ▇▇▇▇▇▇▇ and an employee at AT&T regarding revenue sharing. By your June 11 letter, Google agreed to

1

re-review communications with outside third parties and either provide additional information justifying its privilege claim or produce the materials in unredacted form. We request that Google do the same for documents from the third litigation privilege log that similarly fall into this category.[1]

### b. Fully Withheld Documents Without Any Attorney Involvement

Google continues to withhold documents without any attorney either listed on the communication or referenced in the Privilege Description. By your June 11 letter, Google agreed to re-review such documents. We request that you do the same for documents from the third litigation privilege log that also fall into this category. An illustrative, but non-exhaustive, set of these documents is provided in **Attachment B-2**.

### c. Attorneys In Business Roles

Google continues to base privilege claims on individuals who are no longer acting in attorney roles within the company. For example, Google relies on the presence of employees such as ███████████████████████████████████, and ███████, despite acknowledging that these individuals transitioned out of an attorney role before the communication at issue. By your June 11 letter, Google agreed to re-review documents where privilege had been claimed on the basis of an employee who was no longer serving the company in an attorney role. We request that Google do the same for documents from the third litigation privilege log that similarly fall into this category.

### d. Communications With An Attorney Blind Carbon-Copied (BCC'd)

We discovered at least one document where the only attorney on a communication was blind carbon-copied. In GGPL-4153205007, ███████ (a noticed Google deponent) emailed Dan Zhang with Helen Tsao listed as BCC. By your June 11 letter, Google agreed to re-review documents where the only attorney was listed in the BCC field. We request that Google do the same for documents from the third litigation privilege log that similarly fall into this category

### e. Redacted Documents Without Any Attorney Involvement

As discussed on our July 15 call and in our July 22 letter, Plaintiffs continue to believe that Google has an obligation to review redacted documents without any attorney identified in the privilege log and fully withheld documents with an attorney merely carbon copied. Illustrative, but non-exhaustive, examples of such documents from Google's most recent privilege log are provided in **Attachment B-2** and **Attachment D-2**.

Consistent with the proposed compromise in our July 22 letter, we have limited our request for review to fully withheld documents. Documents that are not sent directly to or from an attorney should, in most instances, be redacted rather than entirely withheld.

---

[1] Google need not re-review communications with outside counsel or experts hired specifically for this litigation, provided that Plaintiffs receive the list of outside experts that Google indicated it would provide on the July 15 call.

Plaintiffs also lack the ability to review or challenge fully withheld documents on an individual basis.

> II.     **New Errors In Google's Third Litigation Privilege Log**

In addition to the repeat issues above, Plaintiffs have discovered several new errors in Google's recent litigation log.

*First*, Google frequently fails to identify attorneys acting in a legal capacity by "ESQ" in the Privilege Description as required by the Case Management Order (CMO). The CMO states:

> 18.     **Privilege Log Format**. The Parties also agree to the following guidelines concerning the preparation of privilege logs: . . . (d) . . . For each entry of the privilege log, all attorneys acting in a legal capacity with respect to that particular document or communication will be marked with the designation "ESQ:["] after their names (include a space before and after the "ESQ"). Similarly, in the index of names, counsel for a Party shall be marked with the designation ESQ in a separate column.

Moreover, Google's failure to follow this court-ordered requirement appears to have resulted in mistaken privilege claims. For example, in GGPL-4053950347 and GGPL-4053948478, Google asserts privilege on the basis that the email is seeking and containing legal advice of Blake Reese. Blake Reese, however, is described by Google in its Names List as "Director, Product Management" and not marked with an ESQ. Given Mr. Reese's business role, Plaintiffs have no reason to believe that he was acting as an attorney in a legal role with respect to the communications at issue.

*Second*, Google's third litigation privilege log does not provide email addresses in its Names List as Google has done in prior logs. Many individuals identified in the metadata of privilege log entries are identified by email only, so Plaintiffs require both pieces of information to assess the validity of Google's privilege claims.

*Third*, Google has listed the author in some privilege log entries as "No ESQ <>." Illustrative, but non-exhaustive, examples are identified in **Attachment H-1**. This is an inappropriate use of the ESQ designation. Under the CMO, Google must place "ESQ" after the name (or email address) of a Google employee to indicate that he or she was acting in an attorney role for the purpose of that communication. The listing of "No ESQ <>" as author compels us to assume that no lawyer was involved in authoring the withheld or redacted communications. These documents must be reproduced without redaction.

*Fourth*, Google also lists authors generically as "ESQ" or "Google ESQ" without any further identifying information. This is also inconsistent with the ESI order and Google's obligation to provide sufficient information to establish privilege. We have identified illustrative, but non-exhaustive, examples in **Attachment H-2**. Google must review and either provide supplemental information or produce non-privileged materials.

*Fifth*, despite having raised the issue in our June 4 letter, Google's litigation privilege log continues to include placeholders of "Add 'Attorney Name'" in its Privilege

Descriptions. Google's third litigation privilege log includes at least 27 instances of this in the most recent log. *See* **Attachment H-3**. Where no "Attorney Name" could be found by Google's document reviewer, we must assume that the underlying communication did not, in fact, involve a lawyer and that the communications should be produced without redaction.

*Sixth*, Google continues to use vague Privilege Descriptions. For example, there are 59 entries that refer generically to "Other Subject Matter." *See* **Attachment H-4**. Plaintiffs previously noted our concern about Google's use of vague privilege descriptions in the conclusion of our June 4 letter. "Other Subject Matter" is intolerably vague because it fails to afford any way to assess whether the communication might have addressed a legal issue. Google must provide additional log information or reproduce unredacted versions of those documents.[2]

*Finally*, Google's third litigation privilege log reveals that Google has withheld a large number of draft agreements with third parties. To the extent these documents contain or seek legal advice, they should have been narrowly redacted rather than withheld. **Attachment I** provides an illustrative, but non-exhaustive, set of such documents. The fact that a lawyer had provided edits or comments on a draft does not entitle Google to withhold the entire document. Google must redact the legal advice rather than withhold the entire document as privileged. This is particularly true where there are redlines or sections of the agreement drafted by the third party, over which Google clearly has no basis to assert privilege.

This is an issue that we flagged in our June 4 letter, but Google continues to withhold such documents even where it is apparent that an attorney was not the sole or primary author. Google's withholding of these types of documents is particularly concerning given that Google's agreements with search distribution partners is at the heart of the exclusionary conduct alleged in the Complaint. As we explained in our June 4 letter: "The alleged anticompetitive conduct in this case was effectuated by contracts, thus underscoring the importance of a fair balance of privilege and production for these documents."

In light of the above, we ask that Google (1) re-submit a revised third privilege log correcting these errors by August 5, 2021, and (2) promptly review and produce any non-privileged evidence from the documents flagged in **Attachment H** and **I**.

### III.   Noticed Deponents

Google's most recent privilege log contains a large number of communications involving Google employees noticed for depositions – [redacted], Paul Gennai, and Amit Varia – that appear to raise the same issues outlined above. As discussed on our July 15 call and in our July 22 letter, Plaintiffs request that Google continue to prioritize its review of redacted and withheld communications involving the noticed deponents and

---

[2] *See Alexander v. FBI*, 192 F.R.D. 42, 45 (D.D.C. 2000) (concluding that the "privilege fail[ed] to establish that the documents are properly being withheld" because "the descriptions are so brief and of such a general nature that they fail to give the court any basis for determining whether the privilege was properly invoked").

produce any non-privileged, relevant evidence from these employees sufficiently in advance of their depositions to avoid needing to re-open the depositions at a later date.

Please prioritize review of all documents identified both in this in letter and in our prior privilege letters as they relate to the noticed deponents and produce any non-privileged evidence no later than August 9, 2021.

Sincerely,

/s/ Lauren S. Willard

CC:   John E. Schmidtlein, Esq. (jschmidtlein@wc.com)
      Mark S. Popofsky, Esq. (Mark.Popofsky@ropesgray.com)
      Colette T. Connor, Esq. (cconnor@wc.com)