# Exhibit 16



Wilson Sonsini Goodrich & Rosati
Professional Corporation

1700 K Street NW
Fifth Floor
Washington, D.C. 20006-3817

O: 202.973.8800
F: 202.973.8899

FRANKLIN M. RUBINSTEIN
Internet: frubinstein@wsgr.com
Direct dial:  202.973.8833

November 22, 2021

**VIA E-MAIL**
Lauren S. Willard
U.S. Department of Justice
450 5th St. NW
Washington, DC 20001

Re:     *United States v. Google*, 1:20-cv-03010 (D.D.C.)

Dear Ms. Willard:

We write in response to your November 15, 2021 letter. Plaintiffs primarily lodge broad categorical objections that could have been made shortly after receiving each privilege log volume. However, this letter bundles several logs together and comes nearly two months after the Plaintiffs received the first of them. Holding back these objections only to demand re-production for certain upcoming deponents within just nine days and others just days after the Thanksgiving holiday is unreasonable.

### I.     Attachment A (Third Parties)

Many thousands of the documents on Attachment A involve third-parties working at the direction of counsel, such as outside economic and legal consultants.  These are legitimate privilege claims and we do not interpret Plaintiffs to be suggesting otherwise.  Yet, DOJ demands re-review of all of these privilege designations.

As Google agreed previously, Google will re-review documents identified on Attachment A and produce any responsive, non-privileged material that was inadvertently withheld or redacted where there are third-parties involved that were not working at the direction of counsel.

WILSON SONSINI

Page 2

### II.  Attachment B (Attorney Names Not in Metadata)

Plaintiffs' challenge regarding documents where attorneys do not appear in certain log fields is overbroad. Plaintiffs provide no basis for the assertion that privilege claims based on a specific, named attorney warrant re-review if an attorney does not appear in the metadata as well.[1]

As agreed previously, Google will re-review fully withheld documents where there is no attorney in the metadata *or* in the privilege description. Google will produce any responsive, non-privileged material identified through this re-review that was previously inadvertently withheld or redacted.

### III.  Attachment C (Attorneys Transitioning to or from Business Roles)

Plaintiffs' challenge regarding attorneys in business roles is overbroad and appears to be the result of searching for entries including the names of such individuals. Attachment C includes documents where attorneys that have never held business roles appear in the metadata (in addition to the attorney that may have been in a business role).[2]

Google will nonetheless re-review the documents on Attachment C where the privilege claim is supported only by an individual who assumed or relinquished an attorney role during the relevant time period and produce any responsive, non-privileged material that was inadvertently withheld or redacted.

### IV.  Attachment D (Attorneys in CC Field)

Plaintiffs' challenge regarding emails where attorneys appear only in the CC field is overbroad. Plaintiffs assert categorically that every entry where an attorney appears only in the CC line is on its face suspect. We disagree and we previously addressed this point in our prior letter exchange.

---

[1] Google believes that Plaintiffs may have inadvertently omitted a spreadsheet from Attachment B pertaining to this category of documents for Privilege Log 7.

[2] GGPL-4233139320 (████████ in metadata but privilege basis is ████████); GGPL-4130247145 (████████ in metadata but privilege basis is ████████); GGPL-4061368569; GGPL-4061368619; GGPL-4061368591 (Harris Cohen in metadata but privilege basis is Erin Simon); GGPL-4132870201; GGPL-4132870196; GGPL-4132870260 (████████ potentially mistaken for ████████ in metadata but privilege basis is ████████).  Plaintiffs' challenges also include entries that contain no business attorney at all.  (GGPL-4282999463; GGPL-4282999493; GGPL-4282999501).

WILSON SONSINI

Page 3

As done previously, Google will re-review emails in Attachment D where attorneys appear only in the CC field throughout the entire thread. Google will produce any responsive, non-privileged material that was inadvertently withheld or redacted identified through that review.

### V.     Attachment E (ESQ Mistakes)

Google will re-review the documents identified on Attachment E and, as appropriate, provide updated log entries and/or produce any responsive, non-privileged material that was inadvertently withheld.

### VI.    Draft Agreements

Google's position on re-review of draft agreements has not changed. For each of the main agreements at issue in the case, Plaintiffs are able to observe changes to particular clauses in (1) older, expired agreements, (2) proposed new agreements and related drafts exchanged between Google and third-parties, and (3) the final terms for the new agreement. If Plaintiffs believe that a particular change to a specific contract can only be understood by looking at internal drafts, we are willing to meet and confer to discuss the possibility of reviewing specific drafts reflecting changes to that particular provision . In the absence of a particularized need, the burden of re-reviewing drafts is not reasonable.

**Appendix A** attached to this letter provides the list of contract categories for the agreements contained in Attachment I of Plaintiffs' July 29, 2021 letter. As stated in our meet and confer, Google's provision of these categories does not constitute a concession that re-review of any category and categories of draft agreements is warranted.

### VII.   Attachment F (Specific Challenges)

Google will re-review the documents specifically identified by the Plaintiffs in Attachment F and produce any responsive, non-privileged material that was inadvertently withheld.

\*          \*          \*

Google will continue to follow the procedures it has established for re-reviewing documents for privilege. In addition, Google will expedite re-review for custodians who have been noticed for deposition and, wherever possible, complete any such re-review sufficiently in advance of the deposition for Plaintiffs to review and newly produced material.

WILSON SONSINI

Page 4

We hope to continue to work cooperatively to address valid concerns raised by Plaintiffs.

        Sincerely,

        WILSON SONSINI GOODRICH & ROSATI
        Professional Corporation

        /s/ Franklin M. Rubinstein

cc:
John E. Schmidtlein, Esq. (jschmidtlein@wc.com)
Mark S. Popofsky, Esq. (Mark.Popofsky@ropesgray.com)
Colette T. Connor, Esq. (cconnor@wc.com)

WILSON SONSINI

Page 5

## Appendix A

| Agreement Type |
|---|
| ███████████ |
| ████████████████ |
| █ |
| ██████████ |
| ████████████ |
| ██████ |
| ████████████ |
| ████ |
| █████████████ |
| █████████ |
| ██████████ |
| ██████████ |
| ████████████ |
| █████████ |
| ████████████████████ |
| █████████ |
| ████████████ |
| ██████████ |
| ████ |
| ██████████ |
| █████████ |
| ██████████████ |
| █████████████ |
| █████████ |

Page 6



WILSON SONSINI

Page 7

