# Exhibit 17



**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20001*

February 28, 2022

**BY EMAIL DELIVERY**

Franklin Rubinstein
Wilson Sonsini Goodrich & Rosati
1700 K Street NW, Fifth Floor
Washington, D.C. 20006
frubinstein@wsgr.com

Re:   ***United States, et al. v. Google LLC***, No. 1:20-cv-03010 (D.D.C)

Dear Mr. Rubinstein:

We write with regard to Plaintiffs' privilege concerns, which have been discussed over eight months of correspondence and meet and confers between the parties. Plaintiffs will not belabor what was explained to Google in our eight letters, including the June 4, 2021, July 29, 2021, November 15, 2021, and January 25, 2022 letters, regarding the improper use of the attorney-client privilege to withhold or redact non-privileged information in this litigation. But we will note that we have grave concerns that counsel has failed to apply the appropriate level of scrutiny to its client's overbroad use of privilege designations and its gratuitous inclusion of in-house counsel to shield documents from discovery.

To resolve these concerns without court intervention, Plaintiffs request that Google reconsider its privilege claims and provide a timeline for producing all documents from the below categories:

1. All communications, including attachments and linked documents, between Google's non-lawyers where an in-house attorney is merely included at some point in the communication thread and never responds. This includes redacted and withheld emails where: (1) an in-house counsel is listed in the "Cc" line of the communication; (2) an in-house counsel is listed in the "To" line among multiple non-attorney recipients (e.g., the functional equivalent of a "Cc");[1] and (3) an in-

---

[1] As noted in our November 15, 2021 and January 25, 2022 letters, Plaintiffs remain concerned that Google limited its review of files in this category where an attorney remains on the "Cc" line for the email thread. Deprivileged documents produced by Google, however, have revealed that Google employees also add in-counsel counsel to the "To" line on sensitive business discussions in order to claim privilege and shield documents from discovery. As such, Google cannot decline to review documents where an attorney was included as one of multiple recipients in the "To" line where the attorney failed to even respond, especially where the attorney was ultimately moved to a "Cc" or removed entirely.

house counsel was included but later removed from the thread without responding.[2]

2.  All communications, including attachments and linked documents, where Google produced a deprivileged copy of the file in response to Plaintiffs' privilege challenges and subsequently clawed back the same file at a later date.[3]

      If Google does not provide a timeline for producing all of the above materials by March 2, 2022, Plaintiffs reserve the right to file a motion to compel with the Court in advance of the March 9, 2022 status conference. Plaintiffs request a meet and confer to discuss these concerns on Tuesday, March 1. We look forward to hearing from you shortly.

                          Sincerely,

                          /s/ Lauren S. Willard

CC:    John E. Schmidtlein, Esq. (jschmidtlein@wc.com)
        Mark S. Popofsky, Esq. (Mark.Popofsky@ropesgray.com)
        Colette T. Connor, Esq. (cconnor@wc.com)

---

[2] As explained in our January 25, 2022 letter, Google has not provided a sufficient basis to fully withhold communications with no attorney involved even if Google's outside counsel listed an attorney name in the privilege basis description. There is no basis for privilege if the attorney had never responded and was later removed from the last-in-time communication.

[3] Because these documents were intentionally reproduced specifically in response to our privilege challenges, Google cannot claim these were "inadvertently" produced under Federal Rule of Evidence 502(b).