UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA et al.,** | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | Case No. 20-cv-3010 (APM) |
| **GOOGLE LLC,** | ) | |
| **Defendant.** | ) | |
| | | |
| **STATE OF COLORADO et al.,** | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | Case No. 20-cv-3715 (APM) |
| **GOOGLE LLC,** | ) | |
| **Defendant.** | ) | |

## ORDER

Plaintiffs in *United States of America v. Google LLC*, No. 20-cv-3010 (APM) (D.D.C) ("DOJ Plaintiffs") seek one form of relief—an order compelling Google to produce in unredacted form all communications between non-attorneys where an in-house attorney was included but did not respond in the chain of communications—through two different mechanisms: a motion for sanctions and a motion to compel. Pls.' Mot. to Sanction Google & Compel Disclosure of Documents Unjustifiably Claimed by Google as Attorney-Client Privileged, ECF No. 317. DOJ Plaintiffs' motion is now before the court.

First, as the court stated during the hearing on the motion on April 8, 2022, it questions whether it has the inherent authority to impose sanctions for pre-litigation conduct of the type at

issue here.  Hr'g Tr., ECF No. 337 [hereinafter Hr'g Tr.], at 15–17.  The court will afford the parties the opportunity to identify any cases they believe support their respective positions on this issue by April 19, 2022.  To be clear, this is not a request for additional briefing.  The parties should simply identify the cases buttressing their positions in a notice filed on the docket.

As to the emails at the heart of this dispute, the court orders the following.  Google shall produce for the court's in camera review (1) a random sample of 210 "silent attorney" emails (including the surrounding email chain), of which all or a portion has been withheld on privilege grounds (approximately 1% of the "roughly 21,000" emails that "fit [the] silent attorney description that [Google is] maintaining a privilege claim over," Hr'g Tr. at 22), and (2) a single spreadsheet with privilege log entries as they pertain to that sample of emails.  Google shall provide those records directly to the chambers on a thumb drive.  Upon completing its review, the court will determine whether an order compelling disclosure of the full set of the disputed emails or some other course of action is appropriate.  Google shall produce these materials by April 19, 2022.

Dated:  April 12, 2022

Amit P. Mehta
United States District Court Judge