## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, *et al.*,

                             Plaintiffs,

v.

GOOGLE LLC,

                             Defendant.

Case No. 1:20-cv-03010-APM

HON. AMIT P. MEHTA

### NOTICE OF SUPPLEMENTAL AUTHORITY
### PURSUANT TO THE COURT'S APRIL 12, 2022 ORDER

**Cases In Support Of The Court's Inherent Authority To Issue Sanctions Based On Pre-Litigation Conduct That Abuses The Judicial Process**[1]

**Court of Appeals Decisions** *(listed in reverse chronological order)*

- *Snider v. L-3 Commc'ns. Vertex Aerospace, L.L.C.*, **946 F.3d 660, 680 (5th Cir. 2019)** ("[A] per se rule against sanctions for prelitigation conduct is inconsistent with the justifications for inherent-authority sanctions. A court's inherent authority to impose sanctions serves goals beyond the specific litigation at hand. It exists also to protect the integrity of the judicial process writ large. A court should be free to sanction conduct that undermines that process, whether it occurred during litigation or before it.").

- *Xyngular v. Schenkel*, **890 F.3d 868, 871–73 (10th Cir. 2018)** ("We conclude that termination sanctions are permissible when pre-litigation conduct is aimed at manipulating the judicial process and is unrelated to the conduct that gave rise to the substantive claims in a case," and although it "took place before litigation began, Schenkel's misconduct was intended to improperly influence the judicial process.").

---

[1] In its April 12, 2022 Order, the Court "question[ed] whether it has the inherent authority to impose sanctions for pre-litigation conduct of the type at issue here." Order at 1–2. Plaintiffs note that three exhibits in Plaintiffs' Memorandum were created after the filing of the Complaint. *See* Pls. Ex. 25 (Figure 11) (11/03/2020); Pls. Ex. 28 (10/30/2020); Pls. Ex. 31 (Figures 13 & 14) (07/05/2021). Plaintiffs are also prepared to provide the Court, if helpful, additional examples of documents executing Google's Communicate-with-Care strategy created after the filing of the U.S. Plaintiffs' Complaint on October 20, 2020, including silent-attorney emails deprivileged by Google after the filing of Plaintiffs' Reply.

- *Micron Technology, Inc. v. Rambus Inc.*, 645 F.3d 1311, 1322, 1325–26 (Fed. Cir. 2011) ("District courts have the inherent power to control litigation by imposing sanctions appropriate to rectify improper conduct by litigants;" "it was not clear error for the district court to conclude that the raison d'être for Rambus's document retention policy was to further Rambus's litigation strategy by frustrating the fact-finding efforts of parties adverse to Rambus," and thus Rambus engaged in spoliation (internal quotation marks and citation omitted)).

- *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306–07 (11th Cir. 2009) (affirming a district court's use of inherent authority to sanction a party's pre-litigation interception of privileged emails because the party, "a frequent litigator," "would be familiar with the notion of privileged information[,]" and would know that its conduct was wrong).

- *Gas Aggregation Servs., Inc. v. Howard Avista Energy, LLC*, 458 F.3d 733, 739 (8th Cir. 2006) ("This inherent power reaches conduct both before and during litigation as long as the conduct abuses the judicial process in some manner.").

- *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001) ("The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation.").

- *Kronisch v. United States*, 150 F.3d 112, 118, 126–27 (2d Cir. 1998) (observing the obligation to preserve evidence arises, for example, "when a party should have known that the evidence may be relevant to future litigation," and concluding the jury was permitted to draw an adverse inference against the defendants based on the defendants' spoliation ten years before litigation when it was "hard to believe" that defendants were not concerned with the possible consequences to themselves and their organization if the documents were disclosed).

- *Shepherd v. Am. Broad. Cos., Inc.*, 62 F.3d 1469, 1474–75 (D.C. Cir. 1995) ("When rules alone do not provide courts with sufficient authority to protect their integrity and prevent abuses of the judicial process, the inherent power fills the gap. As early as 1812, the Supreme Court stated that '[c]ertain implied powers must necessarily result to our courts of justice, from the nature of their institution,' explaining that such powers 'cannot be dispensed with in a court, because they are necessary to the exercise of all others.' *United States v. Hudson*, 11 U.S. (7 Cranch) 32, 34 (1812). The inherent power encompasses the power to sanction attorney or party misconduct . . . ." (citations omitted)).

- *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 & n.2 (9th Cir. 1992) (affirming evidence "was properly excluded as an exercise of the district court's inherent powers" as a sanction for the pre-litigation spoliation of evidence, even in the absence of bad faith, because "[c]ourts are invested with inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" (internal quotation marks and citation omitted)).

**District Court Decisions** *(listed in reverse chronological order)*

- *Selinger v. Kimera Labs, Inc.*, No. 20-24267-CIV, 2022 WL 668340, at *5–6 (S.D. Fla. Mar. 4, 2022) (holding a court's inherent authority permits sanctions for pre-litigation conduct where the defendant repeatedly withheld relevant evidence "in an apparent attempt to undermine a claimant's ability to seek relief," citing Second, Fourth, Sixth, and Eleventh Circuit precedent that "upholding the exercise of inherent power authority even for pre-litigation conduct" furthers "a court's predominant responsibility of protecting the judicial process").

- *Raymond v. Spirit AeroSystems Holdings, Inc.*, No. 16-1282-JTM, 2017 WL 3895012, at *7 (D. Kan. Sept. 6, 2017) (holding a court could impose sanctions based on prelitigation conduct where "counsel's misconduct originated before the complaint was filed, but also continued for several months afterward" and "[m]ore importantly, the sanctions are not imposed based upon bad faith acts by the plaintiffs which give rise to any substantive claim, but misconduct by Denver counsel in relation to privileged and confidential documents," which was "abusive of the judicial process, and is subject to sanction by the court").

- *Est. of Seaman ex rel. Seaman v. Hacker Hauling*, 840 F. Supp. 2d 1106, 1115–17 (N.D. Iowa 2011) (holding the court had inherent authority to issue a sanction striking from evidence an expert's testimony and report based on prelitigation spoliation of evidence "the plaintiff's attorney allowed [relevant evidence] to be destroyed with the intent to deprive the other interested parties of an opportunity to have their experts examine [it]" and "[t]he only reason to have done this would have been to suppress the truth").

- *Baggett v. Yamaha Motor Co.*, No. 3:06CV184TSL-JCS, 2008 WL 11506271, at *4 n.6 (S.D. Miss. Jan. 11, 2008) ("[B]ecause the rules do not apply to acts occurring in advance of litigation, the trial court must rely on its inherent authority to sanction the spoliating party if spoliation occurs before litigation commences." (internal quotation marks omitted)).

- *Large v. Mobile Tool Int'l, Inc.*, No. CIV. 1:02CV177, 2008 WL 89897, at *7 (N.D. Ind. Jan. 7, 2008) ("When it comes to sanctions motions, the important consideration is justice. The court has the inherent authority to sanction a party for misconduct, including prelitigation spoliation, in order to protect the integrity of the judicial system and prevent abuses of the discovery process." (internal quotation marks omitted)).

- *ValuePart, Inc. v. Clemens*, No. 06-2709, 2006 WL 8460312, at *4 (N.D. Ill. Oct. 30, 2006) ("While sanctions under Federal Rule of Civil Procedure 37 are limited to instances of a party violating a court's order or discovery ruling (and courts have interpreted the term 'order' broadly), a court's inherent authority to sanction is not so limited. The court has the inherent authority to sanction a party for misconduct, *including prelitigation spoliation*, in order to protect the integrity of the judicial system and prevent abuses of the judicial process." (internal quotations and citations omitted) (emphasis in original)).

3

Dated: April 19, 2022

By:   */s/ Kenneth M. Dintzer*
Kenneth M. Dintzer
U.S. Department of Justice, Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 227-1967
Kenneth.Dintzer2@usdoj.gov

*Counsel for Plaintiff United States of America*

By:   */s/ Bret Fulkerson*
Bret Fulkerson, Deputy Chief, Antitrust Division
Kelsey Paine, Assistant Attorney General
Office of the Attorney General, Antitrust Division
300 West 15th Street
Austin, Texas 78701
Bret.Fulkerson@oag.texas.gov

*Counsel for Plaintiff State of Texas*

By:   */s/ Adam Miller*
Rob Bonta, Attorney General
Ryan J. McCauley, Deputy Attorney General
Adam Miller, Deputy Attorney General
Paula Blizzard, Supervising Deputy Attorney General
Kathleen Foote, Senior Assistant Attorney General
Office of the Attorney General,
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Adam.Miller@doj.ca.gov

*Counsel for Plaintiff State of California*

Leslie Rutledge, Attorney General
Johnathan R. Carter, Assistant Attorney General
Office of the Attorney General, State of Arkansas
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Johnathan.Carter@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

Ashley Moody, Attorney General
R. Scott Palmer, Interim Co-Director, Antitrust Division
Nicholas D. Niemiec, Assistant Attorney General
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

Christopher Carr, Attorney General
Margaret Eckrote, Deputy Attorney General
Daniel Walsh, Senior Assistant Attorney General
Charles Thimmesch, Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and Director, Consumer Protection Division
Matthew Michaloski, Deputy Attorney General
Erica Sullivan, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Scott.Barnhart@atg.in.gov

*Counsel for Plaintiff State of Indiana*

Daniel Cameron, Attorney General
J. Christian Lewis, Executive Director of Consumer Protection
Philip R. Heleringer, Deputy Executive Director of Consumer Protection
Jonathan E. Farmer, Assistant Attorney General
Office of the Attorney General, Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*

Jeff Landry, Attorney General
Christopher J. Alderman, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
AldermanC@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

Stephen M. Hoeplinger
Assistant Attorney General
Missouri Attorney General's Office
815 Olive St., Suite 200
St. Louis, Missouri 63101
Stephen.Hoeplinger@ago.mo.gov

*Counsel for Plaintiff State of Missouri*

Lynn Fitch, Attorney General
Hart Martin, Special Assistant Attorney General
Crystal Utley Secoy, Assistant Attorney General
Office of the Attorney General, State of Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Hart.Martin@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

Austin Knudsen, Attorney General
Rebekah J. French, Assistant Attorney General, Office of Consumer Protection
Office of the Attorney General, State of Montana
P.O. Box 200151
555 Fuller Avenue, 2nd Floor
Helena, Montana 59620-0151
Rebekah.french@mt.gov

*Counsel for Plaintiff State of Montana*

Rebecca M. Hartner, Assistant Attorney General
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney General
C. Havird Jones, Jr., Senior Assistant Deputy Attorney General
Mary Frances Jowers, Assistant Deputy Attorney General
Office of the Attorney General, State of South Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
RHartner@scag.gov

*Counsel for Plaintiff State of South Carolina*

Joshua L. Kaul, Attorney General
Gwendolyn J. Lindsay Cooley, Assistant Attorney General
Wisconsin Department of Justice
17 W. Main St.
Madison, Wisconsin 53701
Gwendolyn.Cooley@Wisconsin.gov

*Counsel for Plaintiff State of Wisconsin*