# EXHIBIT B



U.S. Department of Justice

Antitrust Division

*450 Golden Gate Avenue.*
*San Francisco, CA 94102*
*(202) 257-3959*

March 18, 2022

**VIA EMAIL**

John E. Schmidtlein
Williams & Connolly LLP
725 Twelfth Street, NW
Washington, DC 20005
jschmidtlein@wc.com

      Re:    *United States, et al. v. Google LLC*, No. 1:20-cv-03010-APM (D.D.C.)

Dear Mr. Schmidtlein:

In Franklin Rubinstein's January 21, 2022 letter responding to my January 7, 2022 letter requesting that Google LLC supplement its document productions in response to U.S. Plaintiffs Requests for Production of Documents, Google proposed collecting and reviewing documents created through December 31, 2021 for production to U.S. Plaintiffs. Given Google's position and the approaching end of fact discovery, Plaintiffs in both actions are willing to accept December 31, 2021 as the cut-off date for documents and data from Google as described below. This will provide all parties some certainty and allow both sides to more efficiently close out party discovery.

Plaintiffs propose that the parties stipulate to the following amendment to the Scheduling and Case Management Order (CMO) (ECF #108-1):

      26A.    **Evidentiary Cut-Off Date.** At trial, Google shall only offer as evidence, or otherwise rely upon, documents or data that were created by Google, or that came into Google's possession, custody, or control, on or before December 31, 2021, and that were produced during fact discovery. For clarity, documents and data created by Google, or that came into Google's possession, custody, or control, after December 31, 2021 or documents and data not produced by Google in fact discovery cannot be offered by Google at trial as evidence or otherwise be relied upon. The limitations in this paragraph do not limit any Parties' use of or reliance upon (i) publicly available documents and data; (ii) commercially available data; (iii) documents or data produced by a third party pursuant to a subpoena in these actions produced during fact discovery; (iv) documents or data produced to remedy defects in Google's or a third party's prior productions or produced by Google or a third party in response to a motion to compel, threat of a motion to compel, or order of

    the Court, including such productions of documents or data after the end of fact discovery; or (v) documents or data used solely for purposes of impeachment. Notwithstanding the provisions in this paragraph, any Party may file a motion to compel the production of documents or data, including after the end of fact discovery, to remedy defects in any producing party's prior productions, including moving to compel the production of documents or data withheld based on claims of privilege. Exceptions to the provisions in this paragraph shall be granted only upon a showing of good cause.

A draft order repeating the above is also attached. Please let us know if you would agree by March 25, 2022.

Plaintiffs are available to meet and confer to discuss any of these issues.

                                                                            Sincerely,

                                                                        */s/ Diana A. Aguilar*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, *et al.*,<br><br>                        Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                        Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, *et al.*,<br><br>                        Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                        Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**ORDER AMENDING SCHEDULING AND CASE MANAGEMENT ORDER**

The Parties in the above-captioned actions have stipulated to this amendment to the Amended Scheduling and Case Management Order entered on February 3, 2021, ECF No. 108-1 (CMO). The CMO is further amended to insert the following as Paragraph 28 at the end of the CMO:

26A.    **Evidentiary Cut-Off Date.** At trial, Google shall only offer as evidence, or otherwise rely upon, documents or data that were created by Google, or that came into Google's possession, custody, or control, on or before December 31, 2021, and that were produced during fact discovery. For clarity, documents and data created by Google, or that came into Google's

possession, custody, or control, after December 31, 2021 or documents and data not produced by Google in fact discovery cannot be offered by Google at trial as evidence or otherwise be relied upon. The limitations in this paragraph do not limit any Parties' use of or reliance upon (i) publicly available documents and data; (ii) commercially available data; (iii) documents or data produced by a third party pursuant to a subpoena in these actions produced during fact discovery; (iv) documents or data produced to remedy defects in Google's or a third party's prior productions or produced by Google or a third party in response to a motion to compel, threat of a motion to compel, or order of the Court, including such productions of documents or data after the end of fact discovery; or (v) documents or data used solely for purposes of impeachment. Notwithstanding the provisions in this paragraph, any Party may file a motion to compel the production of documents or data, including after the end of fact discovery, to remedy defects in any producing party's prior productions, including moving to compel the production of documents or data withheld based on claims of privilege. Exceptions to the provisions in this paragraph shall be granted only upon a showing of good cause.

Dated: _____

Amit. P. Mehta
United States District Court Judge