**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| GOOGLE LLC, | |
| Defendant. | |

| | |
|---|---|
| STATE OF COLORADO, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| GOOGLE LLC, | |
| Defendant. | |

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Entry of May 12, 2022 and Minute Order of May 18, 2022, the parties have conferred regarding a proposed evidentiary cut-off date and a deadline for motions to compel, but they have been unable to reach agreement.  Plaintiffs' proposed order is enclosed as Exhibit A, and their position statement regarding their proposal is set forth in Section I below. Google's proposed order is enclosed as Exhibit B, and its position statement regarding its proposal is set forth in Section II below.

## I.     Plaintiffs' Position Statement

Plaintiffs propose three clear and fair deadlines to promote efficiency and fairness. First, Plaintiffs propose sequential discovery-production and motion-to-compel deadlines that are fair to all parties and provide sufficient time for the parties to attempt to resolve disputes without Court intervention. As described below, Google's proposal threatens to unreasonably extend fact discovery and unfairly prejudice Plaintiffs.

### 1.   Motion to Compel Deadline

The Court should adopt a staggered deadline of 30 days between the completion of production and the cut-off for motions to compel.

Plaintiffs' proposed motion to compel deadline strikes the correct balance of efficiency and completeness. A window of 30 days after the deadline to complete production provides the parties with sufficient time to review productions, identify deficiencies, and—as obligated under the Federal Rules and local rules—attempt to resolve disputes before raising them with the Court.

As the Court has recognized, reviewing productions for potential deficiencies requires time; Plaintiffs' proposal permits 30 days for this process. ECF No. 353 at 38:8-13 (May 12, 2022) ("[Y]ou obviously need time to review whatever you get, assess it, and determine whether it's deficient in some other way. I'm not naive to the idea that you're going to get some production or a response and that's going to be the end of it. There's undoubtedly likely to be more follow-up."). Google's proposal of simultaneous June 30 production and motion-to-compel deadlines would deprive Plaintiffs of the ability to properly assess the sufficiency of any production that comes in at the deadline.

Google's proposal also runs afoul of the local rules, which require the parties to confer in a good-faith effort to resolve or narrow areas of disagreement before moving to compel. *See*

Local Rule 7(m) ("Before filing any non-dispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement."). Plaintiffs could not in a single day—as Google's proposal requires—receive a production, upload it, review it, identify deficiencies, confer with co-Plaintiffs, coordinate a meet-and-confer with Google, and then draft, confer with co-Plaintiffs, and file a motion to compel.[1] In practice, Google's proposal would force Plaintiffs to err on the side of filing motions, wasting the Court's time as well as the parties' resources.

Google's only objection to Plaintiffs' proposed staggering of deadlines is that Plaintiffs might hypothetically file some untimely motions to compel based on this deadline. That argument is a red herring. As the Court indicated, it will of course consider the timeliness of any motion to compel, and the sequential deadlines will not bar Google from raising such arguments. Throughout this litigation, Plaintiffs have shown restraint, judgment, and a willingness to compromise to avoid taxing the Court with meritless requests, and commit to proceeding in a similar fashion here.

### 2. Production Deadline

The Court should order the parties to substantially complete production by June 10, with exceptions for good cause or by agreement of the parties.

Plaintiffs' proposed production deadline of June 10 incentivizes the parties to promptly and efficiently produce documents, data, and information in response to outstanding discovery requests. Google seeks a later production deadline of June 30, subject to various vague

---

[1] And even this assumes that Google would have sent the production by the beginning of the day, which it is not obligated to do under its proposal.

exceptions that threaten to unnecessarily extend discovery disputes, with no date-certain for resolution. To promote an efficient use of time, the Court should adopt the Plaintiffs' proposed production completion date of June 10, and for the sake of fairness, allow for late production of materials based on either a showing of good cause or by agreement between the parties.

Plaintiffs detailed a number of outstanding discovery requests owed by Google at the May 12 Status Conference (ECF No. 353 at 5:1-13), and the parties have continued their efforts to resolve remaining issues. Google has been in possession of each of these requests for at least six weeks. Despite the time it has known of these requests, Google has requested a blanket additional month-and-a-half to complete its production of responsive materials.

When Plaintiffs sought from Google its basis in rejecting Plaintiffs' proposed production deadline, Google noted that the resolution of some discovery disputes could require more time to complete. Google, however, could not identify a single discovery dispute that it anticipated would require production after Plaintiffs' proposed June 10 deadline; hypothetical production challenges do not merit pushing back the deadline for all productions.

Further still, Google offers no guarantee that it will complete all outstanding productions by its proposed production deadline. Google's proposed June 30 production deadline contains a massive loophole—it would not apply to any of the "unresolved" discovery disputes. Indeed, Google proposes *no* production deadline for these exceptions, and thus its proposal would allow production (as well as production disputes) to remain in limbo. As a consequence, Google's Swiss cheese proposal of delayed deadlines and exceptions threatens to push the timing for the parties' motions to compel into August or later.

Plaintiffs' June 10 production deadline is the better approach. As the Court recognized, a sooner date will get the Parties focused on bringing fact discovery to its conclusion and reduce

the probability of supplement or revisions to expert reports. ECF No. 353 at 35:17-25. An earlier production deadline will facilitate prompt, complete production by encouraging the parties to sharpen their pencils and either resolve disputes or escalate them to the Court. To address Google's concerns regarding one-off production delays—of which, again, Google has failed specifically identify any to Plaintiffs—Plaintiffs commit to considering in good faith any Google request to make a production after the June 10 deadline.

If the Court grants Google's June 30 production deadline, a position with which we disagree, Plaintiffs request that the Court allow for a 30-day window for the parties to file motion to compel and thus extend the motion to compel deadline to July 30.

### 3.  Evidentiary Cut-off Date

The parties' proposals agree that the evidentiary cut-off deadline and the production deadline should be the same date. As such, Plaintiffs request that the Court enter an order that aligns the evidentiary cut-off date to the ordered production deadline, and specifically that the Court set both deadlines for June 10, 2022.

Plaintiffs' proposed order provides one important exception to the evidentiary cut-off not found in Google's proposal: the use of late-produced documents (for example, those produced in response to a motion to compel or produced late after a showing of good cause) at trial. Without such a provision (included in Plaintiffs' Paragraph 3.b), Google could exclude important information as trial evidence by producing it—even inadvertently—after the Production Deadline. Excluding such material from trial would invite substantial gamesmanship by Google and risk substantial prejudice to the Plaintiffs. Accordingly, the Court should adopt Plaintiffs' Paragraph 3.b.

II.     **Google's Position Statement**

The parties have been unable to reach agreement on a proposal for a deadline for motions to compel because Plaintiffs insist on taking at least 30 days *after* all of their latest requests have been resolved to consider whether to seek further relief on any and all discovery requests in this matter, regardless of when Google's responses were provided.  There is no justification for allowing Plaintiffs even more time beyond the end of June (Google's proposed deadline) to contemplate whether they intend to seek to compel further discovery, as they have already been given ample opportunity over the last 16 months to serve requests and pursue any necessary relief from the Court.  With fact discovery closed, both sides should be directed to focus their efforts in equal measure over the next several weeks on closing out all remaining requests that were served or agreements that were reached near the end of discovery.  Google's proposed order advances that objective by establishing June 30, 2022 as the production deadline and the deadline for motions to compel.  *See* Ex. B.

Google, for its part, is working as expeditiously as possible to complete production of all remaining documents, privilege log entries, and other material stemming from Plaintiffs' recent document requests and interrogatories.  In view of the number and scope of those recent requests, productions will continue until approximately June 30.  With very few exceptions, however, the fact that Google is still wrapping up its productions in response to Plaintiffs' final wave of discovery requests does not affect Plaintiffs' ability to identify any other purportedly unresolved issues and, if resolution cannot be reached, seek relief before the end of June.  To the extent that Plaintiffs intend to argue that Google should apply yet another search string to locate potentially responsive documents or reconsider a privilege claim, they should have made that assertion before fact discovery closed, and there is certainly no reason they should be permitted to do so after June 30.  In the event that new issues arise that are specific to documents or

privilege log entries produced for the first time after June 16, Google's proposed order acknowledges that Plaintiffs should have a reasonable opportunity to review those materials, raise questions about them, and seek relief if it proves necessary.  *See id.* ¶ 2(a).  With respect to any other motion to compel that Plaintiffs may be contemplating, however, closing out every last request is not a prerequisite to seeking relief from the Court.  Google is working diligently to complete its final productions by June 30, and Plaintiffs should be required to close out their requests as well.  That means identifying any material issues that they deem unresolved, negotiating in good faith toward a reasonable resolution, and seeking relief in June if agreement cannot be reached.

### 1.  The "Production Deadline" Should Be June 30, 2022

As Google indicated at the May 12 status conference, Plaintiffs served a significant number of new requests during the final stretch of the 16-month fact discovery period.  In the last seven weeks of fact discovery alone, Plaintiffs served six new sets of requests for production with approximately 50 individually numbered requests as well as 68 interrogatories, 55 requests for admission, and a Rule 30(b)(6) notice with 20 topics consisting of approximately 140 subparts.  Plaintiffs also sought and received "refreshes" of broad categories of custodial documents earlier this year, which led to a time-intensive privilege review and logging process. Although many of Plaintiffs' requests were overbroad or could have been served much earlier, Google nevertheless addressed them in a manner that accounted for ongoing depositions and resolved most of them by May 6—whether through completed productions, fulsome responses to written requests, or an acknowledgement by the parties of their inability to reach agreement on certain issues.

In some instances, however, the parties are either continuing to negotiate certain requests, or Google is in the process of completing production of documents and privilege log entries

stemming from requests made toward the end of discovery.  Google is committed to completing all such productions as quickly as possible so that it can close the book on a lengthy discovery process that has proved both incredibly burdensome and asymmetrical.  But given the number and breadth of Plaintiffs' recent requests, that process cannot reasonably be completed before June 30, 2022.  Even if all of the parties' ongoing negotiations concluded today, Plaintiffs' proposed deadline of June 10 would be unrealistic in light of the volume of documents stemming from requests made and/or resolved toward the end of fact discovery.  And at least from Plaintiffs' perspective, the scope of document discovery still is not fully defined, as they have proposed additional search terms and custodians within the last three days in connection with the DOJ Plaintiffs' Eighth and Eleventh Sets of Requests for Production.  Plaintiffs elected to serve new requests shortly before the close of fact discovery, and they have now continued negotiating those requests after the May 6 deadline.  The inevitable consequence of that decision is that it will take a bit longer for all of those requests to be closed out.

Although it will take approximately six more weeks for Plaintiffs to receive all of the remaining documents they have requested, Google's proposed order reflects its commitment to continue producing documents, data, privilege log entries, and supplemental responses to written discovery requests on a rolling basis and without delay prior to the June 30 deadline.  Google's proposed order also incorporates two exceptions to the deadline that are narrow but necessary in view of the number of requests that Plaintiffs continue to raise.  First, if Google is obligated by negotiated agreement or court order to produce additional documents going forward, then Google will of course proceed as quickly as possible, but the production date will depend upon the volume of the documents at issue.  *See* Ex. B ¶ 1(a).  Second, documents that cannot reasonably be identified for production until another forthcoming production has occurred may

trail the June 30 deadline, though again Google will work as quickly as possible to complete production on or before that date. *See id.* ¶ 1(b).[2]

### 2. The "Motion to Compel Deadline" Should Be June 30, 2022

Even as Google is diligently completing its remaining obligations in response to Plaintiffs' final rounds of requests for production and interrogatories, Plaintiffs have continued to follow up on still other requests. In recent days, for example, Plaintiffs have requested that Google apply additional search terms to the files of additional document custodians; respond to follow-up questions regarding Rule 30(b)(6) testimony; and provide additional information about previously produced data. Although Google is evaluating and responding to those requests in good faith, if agreement cannot be reached and Plaintiffs decide to seek relief from the Court, then Plaintiffs need not—and should not—wait until every last document has been produced or follow-up question has been answered across the universe of requests made in this case. Generally speaking, if Plaintiffs believed that an additional custodian's documents should have been produced or a category of privilege claims required further consideration, then they should have raised the issue months ago.[3] And to the extent that Plaintiffs maintain that further discovery is required, there is no reason for Plaintiffs to wait any longer to specify exactly what

---

[2] In particular, Plaintiffs have requested that Google locate and produce documents that are hyperlinked in certain previously-produced documents. The collection of these hyperlinked documents is time consuming and cannot be completed until after the underlying document has been reviewed and slated for production. Many of the documents currently being reviewed were not retrieved directly by Plaintiffs' requested custodians and search terms, but rather were hyperlinked in documents produced near the end of fact discovery. Google will produce all of these hyperlinked documents by June 30, but to the extent that future productions lead to the identification of even more hyperlinked documents, the subsequent collection and production may stretch beyond June 30.

[3] Of course Plaintiffs did raise those kinds of issues and many others throughout fact discovery, and they were resolved either through the parties' agreement or with the Court's assistance.

they believe they need and seek relief from the Court in June if the issue cannot be resolved in the next few weeks.

Paragraph 2(a) of Google's proposed order accounts for the only form of relief that might not reasonably be available to Plaintiffs until July. Specifically, if Plaintiffs have questions about a particular privilege log entry produced for the first time on or after June 16 or the completeness of a production that occurs during that period, then they will have a reasonable amount of time to raise the issue with Google and, if necessary, present it to the Court. Plaintiffs should not be permitted, however, to defer until July the kind of prospective request for additional discovery that they have brought before the Court almost every month since the beginning of 2021. Put another way, there is no basis for Plaintiffs to insist on a 30-day period that is devoted solely to contemplating further motions to compel after every outstanding request has been satisfied. That is not the norm in any case, and it certainly is not reasonable here given the number and breadth of requests that Plaintiffs served or resurfaced toward the end of fact discovery and that have resulted in ongoing productions of documents and privilege log entries as well as responses to written discovery requests. Google's proposed order allows ample time for Plaintiffs to seek any necessary relief, and it should be adopted instead of Plaintiffs' proposal.

Dated: May 19, 2022

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _/s/ John E. Schmidtlein_____
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000

jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

*Counsel for Defendant Google LLC*


By: _____ */s/ Kenneth M. Dintzer* _____
Kenneth M. Dintzer
Karl E. Herrmann
U.S. Department of Justice, Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 227-1967
Kenneth.Dintzer2@usdoj.gov

*Counsel for Plaintiff United States of America*

By:     /s/ Bret Fulkerson
Bret Fulkerson, Deputy Chief, Antitrust Division
Kelsey Paine, Assistant Attorney General
Office of the Attorney General, Antitrust Division
300 West 15th Street
Austin, Texas 78701
Bret.Fulkerson@oag.texas.gov

*Counsel for Plaintiff State of Texas*

By:     /s/ Adam Miller
Rob Bonta, Attorney General
Ryan J. McCauley, Deputy Attorney General
Adam Miller, Deputy Attorney General
Paula Blizzard, Supervising Deputy Attorney
General
Kathleen Foote, Senior Assistant Attorney General
Office of the Attorney General,
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Adam.Miller@doj.ca.gov

*Counsel for Plaintiff State of California*

Leslie Rutledge, Attorney General
Johnathan R. Carter, Assistant Attorney General
Office of the Attorney General, State of Arkansas
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Johnathan.Carter@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

Ashley Moody, Attorney General
R. Scott Palmer, Interim Co-Director, Antitrust
Division
Nicholas D. Niemiec, Assistant Attorney General
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

Christopher Carr, Attorney General
Margaret Eckrote, Deputy Attorney General
Daniel Walsh, Senior Assistant Attorney General
Charles Thimmesch, Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*


Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and Director,
Consumer Protection Division
Matthew Michaloski, Deputy Attorney General
Erica Sullivan, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Scott.Barnhart@atg.in.gov

*Counsel for Plaintiff State of Indiana*


Daniel Cameron, Attorney General
J. Christian Lewis, Executive Director of
Consumer Protection
Philip R. Heleringer, Deputy Executive Director of
Consumer Protection
Jonathan E. Farmer, Assistant Attorney General
Office of the Attorney General, Commonwealth of
Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*

Jeff Landry, Attorney General
Christopher J. Alderman, Assistant Attorney
General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
AldermanC@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

Stephen M. Hoeplinger
Assistant Attorney General
Missouri Attorney General's Office
815 Olive St., Suite 200
St. Louis, Missouri 63101
Stephen.Hoeplinger@ago.mo.gov

*Counsel for Plaintiff State of Missouri*

Lynn Fitch, Attorney General
Hart Martin, Special Assistant Attorney General
Crystal Utley Secoy, Assistant Attorney General
Office of the Attorney General, State of
Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Hart.Martin@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

Austin Knudsen, Attorney General
Rebekah J. French, Assistant Attorney General,
Office of Consumer Protection
Office of the Attorney General, State of Montana
P.O. Box 200151
555 Fuller Avenue, 2nd Floor
Helena, Montana 59620-0151
Rebekah.french@mt.gov

*Counsel for Plaintiff State of Montana*

Rebecca M. Hartner, Assistant Attorney General
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney General
C. Havird Jones, Jr., Senior Assistant Deputy
Attorney General
Mary Frances Jowers, Assistant Deputy Attorney
General
Office of the Attorney General, State of South
Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
RHartner@scag.gov

*Counsel for Plaintiff State of South Carolina*

15

Joshua L. Kaul, Attorney General
Gwendolyn J. Lindsay Cooley, Assistant Attorney
General
Wisconsin Department of Justice
17 W. Main St.
Madison, Wisconsin 53701
Gwendolyn.Cooley@Wisconsin.gov

*Counsel for Plaintiff State of Wisconsin*

By:      */s/ Jonathan B. Sallet*
Jonathan B. Sallet, Special Assistant Attorney
General (D.C. Bar No. 336198)
Steven Kaufmann, Deputy Attorney General (D.C.
Bar No. 1022365 inactive)
Diane R. Hazel, First Assistant Attorney General
(D.C. Bar No. 1011531 inactive)
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Tel: 720-508-6000
Jon.Sallet@coag.gov
Steve.Kaufmann@coag.gov
Diane.Hazel@coag.gov

*Counsel for Plaintiff State of Colorado*

Joseph Conrad
Office of the Attorney General of Nebraska
Consumer Protection Division
2115 State Capitol Building
Lincoln, NE 68509
402-471-3840
joseph.conrad@nebraska.gov

*Counsel for Plaintiff Nebraska*

Brunn W. (Beau) Roysden III, Solicitor General
Michael S. Catlett, Deputy Solicitor General
Dana R. Vogel, Unit Chief Counsel
Christopher M. Sloot, Assistant Attorney General
Arizona Office of the Attorney General
2005 North Central Avenue
Phoenix, Arizona 85004
Tel: (602) 542-3725
Dana.Vogel@azag.gov

*Counsel for Plaintiff State of Arizona*

16

Max Merrick Miller
Attorney General's Office for the State of Iowa
1305 East Walnut Street, 2nd Floor
Des Moines, IA 50319
(515) 281-5926
Max.Miller@ag.Iowa.gov

*Counsel for Plaintiff Iowa*


Elinor R. Hoffmann
John D. Castiglione
Morgan J. Feder
Office of the Attorney General of New York
28 Liberty Street, 21st Floor
New York, NY 10005
212-416-8513
elinor.hoffmann@ag.ny.gov
john.castiglione@ag.ny.gov
morgan.feder@ag.ny.gov

*Counsel for Plaintiff New York*


Jonathan R. Marx
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
919-716-6000
Jmarx@Ncdoj.Gov
jsutton2@ncdoj.gov

*Counsel for Plaintiff North Carolina*


J. David McDowell
Jeanette Pascale
Christopher Dunbar
Office of The Attorney General & Reporter P.O.
Box 20207
Nashville, TN 37202
615-741-3519
david.mcdowell@ag.tn.gov
jenna.pascale@ag.tn.gov
chris.dunbar@ag.tn.gov

*Counsel for Plaintiff Tennessee*

Tara Pincock
Attorney General's Office Utah
160 E 300 S, Ste 5th Floor
PO Box 140874
Salt Lake City, UT 84114
801-366-0305
tpincock@agutah.gov

*Counsel for Plaintiff Utah*

Jeff Pickett
Senior Assistant Attorney General
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Tel: (907) 269-5100
jeff.pickett@alaska.gov

*Counsel for Plaintiff Alaska*

Nicole Demers
State of Connecticut Office of the Attorney
General
165 Capitol Avenue, Ste 5000
Hartford, CT 06106
860-808-5202
nicole.demers@ct.gov

*Counsel for Plaintiff Connecticut*

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
302-577-8924
michael.undorf@delaware.gov

*Counsel for Plaintiff Delaware*

Catherine A. Jackson (D.C. Bar No. 1005415)
Elizabeth Gentry Arthur
David Brunfeld
Office of the Attorney General for the District of
Columbia
400 6th Street NW
Washington, DC 20001
202-724-6514
catherine.jackson@dc.gov
elizabeth.arthur@dc.gov
david.brunfeld@dc.gov

*Counsel for Plaintiff District of Columbia*

Leevin Taitano Camacho, Attorney General
Fred Nishihira, Chief, Consumer Protection
Division
Benjamin Bernard Paholke, Assistant Attorney
General
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Tel: (671)-475-3324
bpaholke@oagguam.org

*Counsel for Plaintiff Guam*

Rodney I. Kimura
Office of the Attorney General of Hawaii
Commerce & Economic Development
425 Queen Street
Honolulu, HI 96813
808-586-1180
rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff Hawaii*

Brett DeLange
Office of the Idaho Attorney General
Consumer Protection Division
954 W. State St., 2nd Fl.
PO Box 83720
Boise, ID 83720-0010
208-334-4114
brett.delange@ag.idaho.gov

*Counsel for Plaintiff Idaho*

Blake Harrop
Joseph Chervin
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
312-793-3891
bharrop@atg.state.il.us
jchervin@atg.state.il.us

*Counsel for Plaintiff State of Illinois*

Lynette R. Bakker
Office of the Attorney General of Kansas
Consumer Protection & Antitrust
120 S.W. 10th Avenue, Ste 2nd Floor
Topeka, KS 66612-1597
785-368-8451
lynette.bakker@ag.ks.gov

*Counsel for Plaintiff Kansas*

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
Augusta, ME 04333-0006
207-626-8838
christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

Schonette J. Walker
Assistant Attorney General
Deputy Chief, Antitrust Division
Office of the Attorney General
swalker@oag.state.md.us

Gary Honick
Assistant Attorney General
Office of the Attorney General
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
410-576-6480
ghonick@oag.state.md.us

*Counsel for Plaintiff Maryland*

Matthew B. Frank, Assistant Attorney General
Antitrust Division
William T. Matlack, Assistant Attorney General
Chief, Antitrust Division
Michael B. MacKenzie, Assistant Attorney
General
Deputy Chief, Antitrust Division
Office of the Attorney General
One Ashburton Place, 18th Fl.
Boston, MA 02108
Tel: (617) 727-2200
Matthew.Frank@mass.gov
William.Matlack@mass.gov
Michael.Mackenzie@mass.gov

*Counsel for Plaintiff Massachusetts*

Justin Moor, Assistant Attorney General
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2130
(651) 757-1060
justin.moor@ag.state.mn.us

*Counsel for Plaintiff Minnesota*

Marie W.L. Martin
Michelle Christine Newman
Lucas J. Tucker
Nevada Office of the Attorney General
Bureau of Consumer Protection
100 N. Carson Street
Carson City, NV 89701
775-624-1244
mwmartin@ag.nv.gov
mnewman@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff Nevada*

Brandon Garod
Office of Attorney General of New Hampshire
33 Capitol Street
Concord, NH 03301
603-271-1217
brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff New Hampshire*

Robert Holup
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
239-822-6123
robert.holup@law.njoag.gov

*Counsel for Plaintiff New Jersey*

Mark F. Swanson
Cholla Khoury
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87504
Tel: 505.490.4885
mswanson@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff New Mexico*

Parrell D. Grossman
Director
Elin S. Alm
Assistant Attorney General
Consumer Protection & Antitrust Division
Office of the Attorney General
1050 E. Interstate Ave., Suite 200
Bismarck, ND 58503
701-328-5570
pgrossman@nd.gov
ealm@nd.gov

*Counsel for Plaintiff North Dakota*

Beth Ann Finnerty
Mark Kittel
Jennifer Pratt
Office of The Attorney General of Ohio, Antitrust
Section
30 E Broad Street, 26th Floor
Columbus, OH 43215
614-466-4328
beth.finnerty@ohioattorneygeneral.gov
mark.kittel@ohioattorneygeneral.gov
jennifer.pratt@ohioattorneygeneral.gov

*Counsel for Plaintiff Ohio*

Caleb J. Smith Assistant Attorney General
Consumer Protection Unit
Office of the Oklahoma Attorney General
313 NE 21st St
Oklahoma City, OK 73105
Tel: (405) 522-1014
Caleb.Smith@oag.ok.gov

*Counsel for Plaintiff Oklahoma*

Cheryl Hiemstra
Oregon Department of Justice
1162 Court St NE
Salem, OR 97301
503-934-4400
cheryl.hiemstra@doj.state.or.us

*Counsel for Plaintiff Oregon*

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Tel: (717) 787-4530
jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Pennsylvania*

Johan M. Rosa Rodríguez
Assistant Attorney General Antitrust Division
Puerto Rico Department of Justice
PO Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 1201
jorosa@justicia.pr.gov

*Counsel for Plaintiff Puerto Rico*

David Marzilli
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400
dmarzilli@riag.ri.gov

*Counsel for Plaintiff Rhode Island*

23

Yvette K. Lafrentz
Office of The Attorney General of South Dakota
1302 E. Hwy 14, Suite1
Pierre, SD 57501
605-773-3215
yvette.lafrentz@state.sd.us

*Counsel for Plaintiff South Dakota*

Ryan G. Kriger
Office of The Attorney General of Vermont
109 State St.
Montpelier, VT 05609
802-828-3170
ryan.kriger@vermont.gov

*Counsel for Plaintiff Vermont*

Sarah Oxenham Allen
Tyler Timothy Henry
Office of the Attorney General of Virginia
Antitrust Unit/Consumer Protection Section
202 N. 9th Street
Richmond, VA 23219
804-786-6557
soallen@oag.state.va.us
thenry@oag.state.va.us

*Counsel for Plaintiff Virginia*

Amy Hanson
Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-5419
amy.hanson@atg.wa.gov

*Counsel for Plaintiff Washington*

Douglas Lee Davis
Tanya L. Godfrey
Office of Attorney General, State of West Virginia
P.O. Box 1789
812 Quarrier Street, 1st Floor
Charleston, WV 25326
304-558-8986
doug.davis@wvago.gov
tanya.l.godfrey@wvago.gov

*Counsel for Plaintiff West Virginia*

Benjamin Mark Burningham
Amy Pauli
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
(307) 777-6397
ben.burningham@wyo.gov
amy.pauli@wyo.gov

*Counsel for Plaintiff Wyoming*