UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 20-cv-3010 (APM) |
| STATE OF COLORADO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 20-cv-3715 (APM) |

**ORDER REGARDING PRODUCTION DEADLINE, MOTION TO COMPEL DEADLINE, AND EVIDENTIARY CUT-OFF DATE**

Upon consideration of the Parties' Joint Status Report of May 10, 2022, the Parties' arguments at the status conference of May 12, 2022, and the Parties' Joint Status Report of May 19, 2022, and for good cause shown, it is hereby ORDERED:

1. <u>Production Deadline</u>. Subject to the exceptions set forth below in Paragraphs 1(a)–(c), on or before **June 17, 2022**,[1] the Parties shall complete production of all documents, data, and privilege log entries in connection with all requests for production made prior to the close of fact discovery. On or before that same Production Deadline, the Parties shall complete service of all supplemental responses to all written discovery requests made prior to the close of fact discovery.

---
[1] This date is six weeks after the close of fact discovery.

Consistent with the Parties' approach during fact discovery, the Parties shall produce documents, data, privilege logs, and supplemental responses to written discovery requests on a rolling basis prior to the Production Deadline.  The foregoing Production Deadline shall not apply to:

    a.    Documents, data, privilege log entries, or supplemental responses to written discovery requests for which the court finds good cause for a later production, for which the requesting party and the producing party agree to a later production deadline, or subject to court order.  Plaintiffs shall consider in good faith any request by Google to allow productions after the Production Deadline.  **The parties shall identify any unresolved requests to complete productions after the Production Deadline in the Joint Status Report due on June 15, 2022.**

    b.    Documents, data, or privilege log entries that cannot reasonably be produced until after a separate, forthcoming production has been made, including, by way of example, documents that are linked in other documents produced for the first time between **May 19, 2022**, and **June 17, 2022**.  Any such documents shall be produced as expeditiously as possible **but in no event after June 30, 2022, absent leave of court**.

    c.    Documents or data that are subject to the disclosure deadlines set forth in Paragraph 24 of the Amended Case Management and Scheduling Order or any other agreement or order relating to the timing of expert witness disclosures.

2.    <u>Motion to Compel Deadline</u>.  Consistent with the Parties' approach during fact discovery, the Parties shall endeavor to identify any remaining disputes that require the court's intervention on or before **June 10, 2022**, and present them for the court's consideration in the Joint Status Report due **June 15, 2022**.  <u>**The parties may file a motion to compel only as to any**</u>

**discovery dispute not resolved during the status conference held on June 17, 2022**.[2] The Parties shall file such motions to compel, if necessary, on or before **June 24, 2022**. The foregoing deadline shall not, however, apply to any disputes relating solely to documents, data, privilege log entries, or supplemental responses to written discovery requests produced for the first time on or after **June 2, 2022**, that could not reasonably have been identified prior to the movant's receipt of the documents, data, privilege log entries, or supplemental responses. The court will set a deadline for such motions, if necessary, at the status conference held on **June 17, 2022**.

3. <u>Evidentiary Cut-Off Date</u>. Subject to the exceptions set forth below in Paragraphs 3(a)–(f), at trial no Party may rely upon non-public documents or data produced by any Party or non-party after **June 17, 2022**, absent a stipulation of the Parties or order of the court for good cause shown. The foregoing Evidentiary Cut-Off Date shall not apply to:

   a. Documents or data produced by any Party pursuant to the disclosure deadlines set forth in Paragraph 24 of the Amended Case Management and Scheduling Order or any other agreement or order relating to the timing of expert witness disclosures.

   b. Documents or data produced for the purpose of complying with an order regarding a motion to compel filed in accordance with Paragraph 2 of this Order.

   c. Affidavits or declarations submitted pursuant to Fed. R. Civ. P. 56(c) based on events having occurred prior to **June 17, 2022**.

   d. Affidavits or declarations relating solely to the authentication or admissibility of documents or data.

---

[2] The court initially asked the parties to hold both June 16, 2022, and June 17, 2022, for the next status conference. That conference will be held on June 17, 2022, at 3:00 p.m.

  e.  Commercially available data.

  f.  Documents or data used solely for the purpose of impeachment.

Dated: May 25, 2022

                Amit P. Mehta
                United States District Court Judge