**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

| | |
|---|---|
| State of Colorado, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Order of June 17, 2022, the parties in *United States v. Google LLC* and *State of Colorado v. Google LLC* submit the following Joint Status Report summarizing the state of discovery and identifying any issues between the parties, and the parties' respective positions, that will be raised at the status hearing scheduled for July 14, 2022.

I.      **Case No. 1:20-cv-03010**

    A.      **Google's Discovery of Plaintiffs**

A summary of Google's First Set of Requests for Production and prior document productions made by Plaintiffs are set forth in the parties' earlier Joint Status Reports, including their reports dated February 23 (ECF No. 111), March 28 (ECF No. 124), April 23 (ECF No. 131), May 24 (ECF No. 135), June 24 (ECF No. 149), July 27 (ECF No. 165), August 27 (ECF No. 191), September 24 (ECF No. 223), October 26 (ECF No. 248), November 23 (ECF No. 256), January 4 (ECF No. 271), February 8 (ECF No. 285), March 4 (ECF No. 315), April 4 (ECF No. 333), May 10 (ECF No. 351), and June 15 (ECF No. 360).

Plaintiffs produced additional documents on June 17, and Plaintiffs served their Fourth Amended Initial Disclosures on June 30.

    B.      **Plaintiffs' Discovery of Google**

A summary of Plaintiffs' First through Thirteenth Sets of Requests for Production and the document productions previously made by Google are set forth in the parties' earlier Joint Status Reports, including their reports dated February 23 (ECF No. 111), March 28 (ECF No. 124), April 23 (ECF No. 131), May 24 (ECF No. 135), June 24 (ECF No. 149), July 27 (ECF No. 165), August 27 (ECF No. 191), September 24 (ECF No. 223), October 26 (ECF No. 248), November 23 (ECF No. 256), January 4 (ECF No. 271), February 8 (ECF No. 285), March 4 (ECF No. 315), April 4 (ECF No. 333), May 10 (ECF No. 351), and June 15 (ECF No. 360).

Google produced additional documents on June 17, 18, 25, and 27, and Google produced an updated consolidated privilege log on June 29.  Google produced additional data on June 17, 22, and 23, and on July 11.  Google served supplemental responses to Plaintiffs' Fourth Set of Interrogatories on June 24.

Pursuant to the Court's Minute Order of June 17, Plaintiffs identified on July 8 the

Google employees from whom they intend to seek further deposition testimony.  The parties

conferred about the matter on July 11, and Plaintiffs specified the amount of additional time they

intend to seek with each witness identified on July 8 and the minimum cumulative number of

documents that Plaintiffs intend to use at depositions.  The parties respectfully seek the Court's

guidance regarding Plaintiffs' request for further deposition testimony.  U.S. Plaintiffs' position

statement on this issue is set forth below in Section III.A, Plaintiff States' position statement is

set forth below in Section III.B, and Google's position statement is set forth in Section III.C.

### C.     The Parties' Discovery of Third-Parties

A summary of the third-party discovery requests previously issued by the parties is set

forth in the parties' earlier Joint Status Reports, including their reports dated February 23 (ECF

No. 111), March 28 (ECF No. 124), April 23 (ECF No. 131), May 24 (ECF No. 135), June 24

(ECF No. 149), July 27 (ECF No. 165), August 27 (ECF No. 191), September 24 (ECF No. 223),

October 26 (ECF No. 248), November 23 (ECF No. 256), January 4 (ECF No. 271), February 8

(ECF No. 285), March 4 (ECF No. 315), April 4 (ECF No. 333), May 10 (ECF No. 351), and

June 15 (ECF No. 360).

## II.     Case No. 1:20-cv-03715

### A.     Google's Discovery of Plaintiff States

A summary of Google's First Set of Requests for Production and the document

productions made by Plaintiffs to date are set forth in the parties' earlier Joint Status Reports,

including their reports dated March 28 (ECF No. 124), April 23 (ECF No. 131), May 24 (ECF

No. 135), June 24 (ECF No. 149), July 27 (ECF No. 165), August 27 (ECF No. 191), September

24 (ECF No. 223), October 26 (ECF No. 248), November 23 (ECF No. 256), January 4 (ECF

No. 271), February 8 (ECF No. 285), March 4 (ECF No. 315), April 4 (ECF No. 333), May 10 (ECF No. 351), and June 15 (ECF No. 360).

On June 17, Plaintiff States produced additional documents, served their Fourth Amended Initial Disclosures, and served supplemental responses to Google's First and Second Sets of Interrogatories.

**B.      Plaintiff States' Discovery of Google**

A summary of Plaintiff States' First through Seventh Sets of Requests for Production and the document productions previously made by Google are set forth in the parties' earlier Joint Status Reports, including their reports dated March 28 (ECF No. 124), April 23 (ECF No. 131), May 24 (ECF No. 135), June 24 (ECF No. 149), July 27 (ECF No. 165), August 27 (ECF No. 191), September 24 (ECF No. 223), October 26 (ECF No. 248), November 23 (ECF No. 256), January 4 (ECF No. 271), February 8 (ECF No. 285), March 4 (ECF No. 315), April 4 (ECF No. 333), May 10 (ECF No. 351), and June 15 (ECF No. 360).  Google has continued to produce to Plaintiff States the documents and data produced to the U.S. Plaintiffs and its co-plaintiffs in Case No. 1:20-cv-03010 in addition to producing documents and data in response to Plaintiff States' First through Seventh Sets of Requests for Production.

Pursuant to the Court's Minute Order of June 17, Plaintiff States identified on July 8 the Google employees from whom they intend to seek further deposition testimony.  The parties conferred about the matter on July 11, and Plaintiff States specified the amount of additional time they intend to seek with each witness identified on July 8 and the minimum cumulative number of documents that Plaintiff States intend to use at depositions.  As indicated above, the parties respectfully seek the Court's guidance regarding Plaintiffs' request for further deposition testimony.

C.     **The Parties' Discovery of Third-Parties**

A summary of the third-party discovery requests previously issued by the parties is set forth in the parties' earlier Joint Status Reports, including their reports dated February 23 (ECF No. 111), March 28 (ECF No. 124), April 23 (ECF No. 131), May 24 (ECF No. 135), June 24 (ECF No. 149), July 27 (ECF No. 165), August 27 (ECF No. 191), September 24 (ECF No. 223), October 26 (ECF No. 248), November 23 (ECF No. 256), January 4 (ECF No. 271), February 8 (ECF No. 285), March 4 (ECF No. 315), April 4 (ECF No. 333), May 10 (ECF No. 351), and June 15 (ECF No. 360).

III.   **The Parties' Dispute Regarding Plaintiffs' Request to Reopen the Depositions of Nine Google Employees**

A.     **U.S. Plaintiffs' Position Statement**

Because Google improperly withheld thousands of documents on improper claims of privilege, the Court should permit U.S. Plaintiffs to take further deposition testimony from seven Google employees: Paul Gennai, Anna Kartasheva, James Kolotouros, Prabhakar Raghavan, Jamie Rosenberg, Philipp Schindler, and Hal Varian. During these depositions, the witnesses may be questioned about the contents of newly deprivileged documents.

Further deposition testimony for these individuals is warranted because, if not for Google's false privilege designations, many of the approximately 43,000 deprivileged documents produced by Google since March 1 would have been used at depositions in the first instance. Google's actions prejudiced the Plaintiffs, blocking their opportunity to use these documents in the preparation and examination of these seven witnesses. U.S. Plaintiffs have identified at least

45[1] documents that warrant questioning at deposition, and seven corresponding Google employees to be questioned on these documents.

Given Google's failed efforts at properly designating privileged documents, good cause exists to reopen fact discovery and permit Plaintiffs to obtain testimony on these newly produced documents. Google seeks to turn its late production of deprivileged documents into an advantage, refusing to make available any witnesses for deposition until Plaintiffs disclose to Google what documents Plaintiffs may use in deposition. Google is not entitled to an advance preview of these selected documents; providing these documents in advance would invade Plaintiffs' work product privilege and reward Google's gamesmanship on privilege issues.

### i.    Background

After repeatedly requesting that Google re-review its erroneous privilege designations, U.S. Plaintiffs informed Google on March 1 that U.S. Plaintiffs intended to file a motion to compel production of purportedly privileged documents.[2] Between March 1 and June 17—the Court-ordered date to produce all remaining documents—Google produced over 42,000 deprivileged documents in over 30 separate productions.[3] Despite Google's assurances that it would produce all remaining documents by June 17, Google produced yet another 949 deprivileged documents on June 25 and June 27,[4] and produced its final privilege log on June 30.

---

[1] Although U.S. Plaintiffs have reviewed a substantial number of these recently deprivileged documents, sufficient to identify these seven individuals for deposition, review is ongoing, and additional documents may still be identified for use at deposition. As well, this estimated total number of documents does not include (1) missing linked documents nor (2) documents that may be produced pursuant to Plaintiffs' outstanding document-specific privilege challenges.
[2] *See* ECF No. 361 at 21.
[3] *See* ECF No. 361 at 21-22; *see also* PROD207, PROD208, PROD209, PROD212.
[4] PROD215, PROD219, PROD220.

The delayed production of these documents, all relevant and subject to the Plaintiffs' document requests, had a predictable effect on discovery. At the June 17 status conference, the Court noted that Google's conduct "put the plaintiffs in a difficult position, because they've had to depose people potentially without documents that might have otherwise been used during a deposition."[5] Accordingly, the Court directed Plaintiffs to identify, by July 8, which depositions should be re-opened.[6]

From the set of deprivileged documents produced by Google since March 1, U.S. Plaintiffs have identified at least 45 newly produced documents of sufficient import to be used at a deposition and that contain (1) conversations, or parts of conversations, not previously available, or (2) slide decks or other documents that contain information not previously available. U.S. Plaintiffs engaged in the highly selective process to identify the documents "that might have otherwise been used" at depositions, resulting in approximately 0.1 percent of the newly produced documents being identified for use at further depositions. To select those documents, U.S. Plaintiffs screened out duplicates and near-duplicates of previously produced materials. Seven previously deposed Google employees are implicated in these selected documents, either as participants in email conversations, or as custodians or possible recipients of other types of documents.

On July 8, U.S. Plaintiffs provided Google the names of these seven individuals, as required by the Court's order. Google immediately objected that Plaintiffs failed to "identify the specific document(s) that purportedly justify further questioning of these witnesses."[7] At the

---

[5] June 17, 2022 Hr'g Tr. at 39:6-9, 47:17-19; *see also* Apr. 8, 2022 Hr'g Tr. 19:21-20:10; May 12, 2022 Hr'g Tr. 59:14-17.
[6] June 17, 2022 Hr'g Tr. at 47:13-25; June 17, 2022 Minute Order.
[7] July 8, 2022 email from G. Safty to K. Herrmann and others; *see also* June 17, 2022 Hr'g Tr. 44:2-4, 45:17-20.

subsequent meet and confer, U.S. Plaintiffs explained that (1) all of the documents that we would

use during the reopened depositions were produced by Google after March 1, and (2) that all of

these documents (currently totaling at least 45) reflected conversations, presentations, or

information not previously available. U.S. Plaintiffs also informed Google of the amount of time,

by deponent, that we estimated would be necessary for further examination. Specifically:

1. Paul Gennai: Up to 7 hours;

2. Anna Kartasheva: Up to 1 hour;

3. James Kolotouros: Up to 7 hours;

4. Prabhakar Raghavan: Up to 1.5 hours[8];

5. Jamie Rosenberg: Up to 4 hours;

6. Philipp Schindler: Up to 1.5 hours; and

7. Hal Varian: Up to 2 hours.

We note that for Messrs. Gennai and Kolotouros, U.S. Plaintiffs seek seven hours each,

because of the significant impact that Google's false privilege claims had on the preparation for

those depositions. In the CMO, the Court permitted each party to take 16, two-day depositions;

Plaintiffs only used 14. Based on the information available to Plaintiffs at the time of the Gennai

and Kolotorous depositions, Plaintiffs elected to depose these Google employees for only one

day each. If Plaintiffs had access to the newly deprivileged documents, Plaintiffs would have

deposed Messrs. Gennai and Kolotouros for two days each, as permitted under the CMO.

Accordingly, U.S. Plaintiffs seek seven hours of further deposition for these witnesses, limiting

questioning to examination on deprivileged documents produced by Google after March 1.

_____

[8] Although U.S. Plaintiffs will work with the Colorado Plaintiffs to avoid any duplicative
testimony, the estimates for Messrs. Raghavan and Varian are based on the time necessary for
U.S. Plaintiffs' examination only.

Google refused to agree to reopening any of the seven proposed depositions. Google argues that, despite its failed efforts at properly producing the deprivileged documents during fact discovery—a failure that created the need to obtain further deposition testimony—the company is now entitled to pre-review the documents to be used at the re-convened depositions. The parties agreed to brief the subject for the Court in this JSR.

      **ii.**      **Additional Deposition Testimony For The Seven Witnesses Is Warranted Because Of Google's Improper Privilege Designations**

Plaintiffs seek further deposition testimony from seven Google employees for one reason: Google improperly withheld thousands of documents under false claims of privilege. Google's withholding of these documents was the culminating effort—following years of intentionally mislabeling documents—to hide significant information from civil discovery. Accordingly, good cause exists to reopen fact discovery pursuant to Federal Rules of Civil Procedure 16(b)(4) and 26(b).

      **1.**      **Plaintiffs Meet The Rule 16 Standard To Reopen Fact Discovery**

Courts have identified multiple factors to determine if good cause exists to modify the Court's scheduling order and reopen fact discovery pursuant to Rule 16(b)(4), including (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allotted by the district court; and (6) the likelihood that discovery will lead to relevant evidence.[9]

---

[9] *Childers v. Slater*, 197 F.R.D. 185, 188 (D.D.C. 2000); *see also A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, 292 F.R.D. 142, 144 (D.D.C. 2013) (explaining that the moving party's diligence is the primary factor when determining whether to reopen discovery); *In re Rail*

Other than Google's objection to reopening the depositions, each of these factors fall in Plaintiffs' favor. First, trial is not set until September 12, 2023, and these depositions would be completed by Labor Day of this year—approximately a year before trial.[10] Second, Google cannot claim prejudice; Google withheld its documents based on its erroneous privilege determinations. Plaintiffs are the prejudiced party.[11] Further, U.S. Plaintiffs have already represented to the Court that the additional deposition testimony will be virtual, and, by identifying only seven individuals, also request fewer depositions than originally anticipated.[12]

Third, Plaintiffs were diligent in seeking deprivileged documents from Google. U.S. Plaintiffs filed a motion to compel only after (1) it became evident that Google was gaming privilege designations, and (2) Google refused to cooperate in the privilege-review process. With the Court's help, it became clear that—even after two rounds of re-review—Google's privilege claims had about a 12 percent error rate.[13] Thus Google was ordered to perform yet another

---

*Freight Fuel Surcharge Antitrust Litig.*, 138 F. Supp. 3d 1, 2 (D.D.C. 2015) ("[W]hether to . . . reopen discovery is committed to the sound discretion of the trial court.") (quoting *Childers v. Slater*, 197 F.R.D. 185, 187 (D.D.C. 2000)).

[10] ECF Nos. 108-1 at 8, 263 at 2; Apr. 8, 2022 Hr'g Tr. 12:7-8 ("it's not as if trial is set in June"); June 17, 2022 Hr'g Tr. 42:3-6, 45:8-15 (proposing completing depositions by Labor Day).

[11] *See, e.g., Prism Techs., LLC v. McAfee, Inc*., No. 8:10CV220, 2012 WL 4090023, at *2 (D. Neb. Sept. 17, 2012) (finding that "defendants have been prejudiced" by plaintiff's failure to produce documents under a false claim of privilege); *see also* May 12, 2022 Hr'g Tr. 59:14-17 ("[T]here is some prejudice, I don't dispute that the plaintiffs have had to expend time and energy identifying the issue, raising it"); Apr. 8, 2022 Hr'g Tr. 41:11-19, 45:24-46:3, 60:8-11 (explaining some of Plaintiffs' burden due to Google's improper privilege claims).

[12] June 17, 2022 Hr'g Tr., 39:14-20 ("[T]he number would probably be between eight and ten."), 40:24-41:13.

[13] *See* May 12, 2022 Hr'g Tr. 62:11-22. Although the Court calculated an approximate error rate of 12 percent, that rate may actually be significantly higher. Google contended in April, prior to the Court's *in camera* review, that approximately 18,500 silent-attorney emails continued to be withheld. ECF No. 328 at 17. On or after June 17, Google produced approximately 6,100 additional deprivileged documents. Even assuming that the approximately 6,100 documents included any number of the about 750 specific challenges that Plaintiffs had raised, the potential error rate of those 18,500 silent-attorney emails could be significantly higher than the 12 percent estimated by the Court.

review of the silent-attorney documents. Over this period, Google eventually deprivileged and produced approximately 43,000 documents, none of which Plaintiffs could have reasonably obtained sooner. Indeed, several challenges to Google's June 30 privilege log still remain outstanding.[14] Absent Plaintiffs' assiduousness in seeking these documents, many of the documents may never have been produced at all.[15]

Fourth, when Plaintiffs noticed the original depositions of these seven individuals, the scope or significance of the documents improperly withheld by Google on the basis of privilege was not foreseeable. Certainly, Plaintiffs could not have anticipated the magnitude of Google's erroneous privilege claims with respect to any particular witness.

Finally, further deposition testimony will lead to relevant evidence, with questioning limited to (1) examination of newly deprivileged documents, and (2) exploration of information contained therein.[16] Five of the individuals identified by U.S. Plaintiffs are included on Google's second supplemental initial disclosures,[17] and all seven are included on U.S. Plaintiffs' March 21 Amended Initial Disclosures, as modified on June 30. Many, if not all, of these witnesses are likely to be called at trial. Further, these documents were ones that Google sought to hide from discovery; as such, they are presumptively relevant to this case.

---

[14] *See In re Rail Freight Surcharge Antitrust Litig.*, 281 F.R.D. at 15 ("Because plaintiffs did not have the documents prior to the close of discovery, it cannot be said that plaintiffs were not diligent"); *see* Apr. 8, 2022 Hr'g Tr. 46:2-3 ("It's not because we're slothful or we haven't taken the time or won't invest. We can't.").

[15] *See Polyzen, Inc. v. RadiaDyne, LLC*, No. 5:11-CV-662-D, 2014 WL 2505244, at *3 (W.D.N.C. June 2, 2014) (extending discovery deadline because of Defendant's "repeated delays" in production and Plaintiff's "persistence in seeking the information it needed for the depositions").

[16] June 17, 2022 Hr'g Tr. 39:21-24 (documents may be those used by Plaintiffs at trial).

[17] James Kolotouros, Prabhakar Raghavan, Jamie Rosenberg, Philipp Schindler, and Hal Varian.

Good cause exists to permit Plaintiffs to reopen discovery to obtain further deposition testimony from these seven witnesses. The balance of factors weighs heavily in Plaintiffs' favor.

### 2.     Further Deposition Testimony Is Consistent with Rule 26

A court's decision to grant leave to re-depose a witness is guided by Federal Rules of Civil Procedure 30(a)(2) and 26(b)(2), and "[l]eave to conduct a second deposition should ordinarily be granted."[18] Because "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action,"[19] the party opposing reopening a deposition bears the burden of demonstrating that such a deposition is inconsistent with Rule 26(b)(2), including that (a) the discovery is unreasonably duplicative or available from another source; (b) the party seeking the discovery had ample prior opportunity to obtain the information sought; or (c) the burden or expense outweighs the benefit.[20] Google cannot make this showing.

Plaintiffs could not obtain the newly available information from any source other than Google, and only after repeatedly challenging Google's erroneous privilege designations. Considering that the scope of the depositions will be "limited to the new records," the further deposition testimony is not unreasonably cumulative or duplicative.[21] Plaintiffs likewise lacked

---

[18] *Judicial Watch, Inc. v. U.S. Dept. of Com.*, 34 F. Supp. 2d 47, 54 (D.D.C. 1998); *see* Fed. R. Civ. Pro. 26(b)(1), 26(b)(2), and 30(a)(2)(A)(i); LCvR 26.2(c) ("The Court must allow additional time consistent with Fed. R. Civ. P. 26(b)(1) and (2), if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance impedes or delays the examination. If the Court finds that the fair examination of the deponent has been frustrated by any impediment or delay, it may impose an appropriate sanction upon the persons responsible, including the reasonable costs and attorney's fees incurred by any parties as a result thereof.").
[19] Fed. R. Civ. Pro. 26(b)(1).
[20] *Judicial Watch*, 34 F. Supp. 2d at 54; *see* Fed. R. Civ. Pro. 26(b)(2)(C).
[21] June 17, 2022 Hr'g Tr. 44:9-10; *see, e.g.*, *Miller v. Fed. Express Corp.*, 186 F.R.D. 376, 389 (W.D. Tenn. 1999) ("existing case law, as well as common sense, supports allowing redeposal where a party fails to disclose relevant information . . . which it later reveals only after an intervening deposition has occurred.").

"ample opportunity" to obtain the information now available. And because Plaintiffs have already agreed to conduct all depositions remotely and to complete them over an extended period of time, Google's burden is minimal.

Particularly in light of the profound consequences that this case's outcome has for the tech industry and society as a whole, as well as Google's extraordinary resources and access to the information that Plaintiffs have diligently sought for months, permitting the further deposition testimony brought about by Google's privilege missteps is consistent with Rule 26(b)(2).

### iii.   Google Should Not Have the Opportunity to Review In Advance the Documents To Be Used at Deposition

Google claims that Plaintiffs must "identify the specific document(s) that purportedly justify further questioning of these witnesses" so that the company can evaluate Plaintiffs' need for further deposition testimony.[22] Chiefly, during the parties meet and confer, Google contended that Rule 26 requires Plaintiffs to identify "some factual matter" before Google could determine whether Plaintiffs' requests were justified.

The Court has already endorsed Plaintiffs' position: if the documents were "produced earlier, it would have been up to the plaintiffs whether to use a document in a deposition or not. [Google] wouldn't have had an opportunity to say no, you can't use that document, or no, you can't depose that person."[23] The Court should now reject Google's efforts to reopen the issue and invade Plaintiffs' work product privilege.

Had Google timely produced these relevant and not privileged documents in the first instance, Plaintiffs could have, and would have, made holistic decisions on noticing depositions

---

[22] July 8, 2022 email from G. Safty to K. Herrmann and others; *see also* June 17, 2022 Hr'g Tr. 44:2-4, 45:17-20.
[23] June 17, 2022 Hr'g Tr. 44:17-22.

(including which depositions warranted two days of testimony) and on which documents to use at any deposition. Instead, Google's actions forced Plaintiffs' to make artificially limited choices about what documents were available and which individuals had knowledge on particular topics. Ultimately, Google seeks to obtain what it could not during the normal course of discovery: a sneak peek of which documents Plaintiffs intend to use at a deposition, revealing our strategy in the process. Google's privilege machinations should not be rewarded in this manner.

Rule 26(b)(3) protects almost inviolably "the disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning litigation."[24] When the Third Circuit examined a similar situation in the seminal *Sporck v. Peil*, 759 F.2d 312 (3d. 1985), considering whether an attorney's selection and "grouping [of] certain documents together [for deposition preparation] out of the thousands produced" should be accorded privilege, the circuit court determined that such "selection and compilation of documents by counsel . . . falls within the highly-protected category of opinion work product."[25] As the D.C. Circuit later explained, "[w]hen a factual document selected or requested by counsel exposes the attorney's thought processes and theories, it may be

---

[24] *See Hickman v. Taylor*, 329 U.S. 495, 508-10 (1947) (distinguishing between "ordinary" and "opinion" work product); *Upjohn Co. v. United States*, 449 U.S. 383, 401-02 (1981) (holding that opinion work product is accorded "special protection"); *Dir., Office of Thrift Supervision v. Vinson & Elkins, LLP*, 124 F.3d 1304, 1308 (D.C. Cir. 1997) (explaining that a lawyer's mental impressions are entitled to "super-protection").

[25] *Spork v. Peil*, 759 F.2d 312, 315-16 (3d. Cir. 1985); *see also id*. at 316 ("'In selecting and ordering a few documents out of thousands counsel could not help but reveal important aspects of his understanding of the case. Indeed, in a case such as this, involving extensive document discovery, the process of selection and distillation is often more critical than pure legal research.'") (quoting *James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138, 144 (D. Del. 1982)); *Shapiro v. United States DOJ*, 969 F. Supp. 2d 18, 32 (D.D.C. 2013) ("[W]hen the act of culling, selecting or ordering documents reflects the attorney's opinion as to their relative significance in the preparation of a case or the attorney's legal strategy, then the work product doctrine may appropriately shield their disclosure.").

appropriate to treat the document as opinion work product, even though the document on its face contains only facts."[26]

Although some exceptions exist to the nearly absolute protection from disclosure of opinion work product, to overcome the privilege, Google must more than "demonstrate[e] substantial need for the materials to prepare its case" and an inability, "without due hardship," to otherwise obtain them.[27] Google cannot show the "extraordinary justification"[28] necessary to gain insight into Plaintiffs' thought processes, particularly considering that the history of these documents. Consequently, the Court should permit U.S. Plaintiffs to reopen depositions of the seven identified Google employees for the requested amounts of time, and should deny Google's demand that the Plaintiffs turn over their work product.

### B.      Plaintiff States' Position Statement

Pursuant to the Court's June 17 Minute Order, Plaintiff States informed Google on July 8 that, due to late arriving de-privileged documents, they intended to seek leave of Court to re-open the depositions of four Google employees, Richard Holden, Andy Miller, Prabhakar Raghavan, and Hal Varian. That request, in each case for two hours of questioning by the Plaintiff States, is based upon a review of de-privileged documents that were received after

---

[26] *FTC v. Boehringer Ingelheim Pharms., Inc.*, 778 F.3d 142, 151 (D.C. Cir. 2015) (citing *Dir., Office of Thrift Supervision*, 124 F.3d at 1308). But, if the quantity of documents selected by an attorney is "so large that it would be difficult to conceive of [] gleaning plaintiffs' trial strategy solely by virtue of plaintiffs' disclosing the identity of the documents," Rule 26(b)(3) protections may not apply. *Miller v. Holzmann*, 238 F.R.D. 30, 32 (D.D.C. 2006) (citing *Washington Bancorporation v. Said*, 145 F.R.D. 274 (D.D.C. 1992)).

[27] Fed. R. Civ. Pro. 26(b)(3)(A)(ii); *Upjohn*, 449 U.S. at 401 ("As Rule 26 and *Hickman* make clear, [opinion] work product cannot be disclosed simply on a showing of substantial need and inability to obtain the equivalent without undue hardship.").

[28] *In re Sealed Case*, 676 F.2d 793, 809-10 (D.C. Cir. 1982).

March 1, 2022 or after the witnesses' original deposition.[29] In all, the Plaintiff States request a maximum of eight hours of questioning (in the case of testimony from Prabhakar Raghavan and Hal Varian, the States' questioning is in addition to time sought by the U.S. Plaintiffs).[30]

Google, however, refuses to begin scheduling these depositions and has improperly demanded additional information about the subject matter of examination, including disclosure of the specific documents Plaintiffs may use in the deposition, which is, of course, not the normal practice in depositions. Google's request for this information is contrary to the Court's guidance provided during the June 16 Status Conference and the June 17 Minute Order. *See* June 16, 2022, Hr'g Tr. 44:8-22. Therefore, the Court should order Google to begin scheduling these depositions.

Plaintiff States' request to re-open four depositions for a total of eight hours is eminently reasonable in light of the number of recently produced de-privileged documents. Since March 1, Google has produced approximately 43,000 de-privileged documents as a result of its re-review. The Plaintiff States have informed Google that they intend to use a minimum of twenty-three[31] documents total in the four depositions that they have requested, but even if that number grew by 50% (which the Plaintiff States do not expect), they would represent about 0.1% of the de-privileged documents. Although more than 1,000 de-privileged documents have been produced

---

[29] The Deposition of Andy Miller occurred on April 18, 2022 and Plaintiff States reviewed only de-privileged documents received on or after the date of his deposition for purposes of seeking to reopen his deposition.

[30] Of course, the Plaintiff States will work with DOJ to ensure the efficiency of the questioning in any deposition in which there is questioning by both sets of plaintiffs.

[31] Although Plaintiff States have reviewed a substantial number of the recently deprivileged documents, sufficient to identify these four individuals for deposition, review is ongoing, and additional documents may still be identified for use at deposition. As well, this estimated total number of documents does not include (1) missing linked documents nor (2) documents that may be produced pursuant to Plaintiffs' outstanding document-specific privilege challenges.

for the four witnesses identified above, Plaintiff States only presently expect to ask about approximately 3% of those newly-produced records. Given that all of the de-privileged documents are by definition responsive to discovery requests, these are very small numbers that demonstrate the care taken by the Plaintiff States in seeking to re-open depositions.

In an effort to avoid a dispute, Plaintiff States provided Google additional information during the meet and confer. Plaintiff States committed to Google that the scope of these depositions would be limited to documents that provide either newly revealed information, or information that is now relevant due to newly revealed information. In addition, to alleviate Google's concern that Plaintiff States intend to use de-privileged documents that are identical to previously produced material, Plaintiff States' review of the recently received de-privileged documents included a check of whether those documents had duplicates, or near-duplicates, of documents that were produced earlier in this litigation.

The need to reopen the depositions is a direct result of Google's own conduct. Indeed, the Court has dismissed the idea that Google is entitled to advance knowledge of Plaintiffs' deposition strategy. June 16, 2022, Hr'g. Tr. at 44:15-22 ("the truth is if these documents had been produced earlier…it would have been up to the plaintiffs whether to use a document in a deposition or not. [Google] wouldn't have had an opportunity to say, no, you can't use that document or, no, you can't depose that person because, you know, this record is immaterial."). In addition, the representations made by the Plaintiff States are more than adequate to allay Google's concerns. Moreover, if Google has an objection to make about the use of a document, it can do so in the normal course at a re-opened deposition.

Plaintiff States' request to re-open the depositions for four Google employees is consistent with the Court's guidance and reasonable in light of the high number of recently

produced de-privileged documents. As such, Plaintiff States respectfully request the Court order

that Plaintiff States are entitled to reopen the depositions of the four requested Google employees

and deny Google's request for additional information.

### C.    Google's Position Statement

Plaintiffs seek to reopen the depositions of nine Google employees, including numerous

high-level executives who already have been deposed for multiple days.  Plaintiffs have

indicated that they plan on examinations of up to 7 hours for two witnesses, 4 hours for two

witnesses, 3 to 3.5 hours for one witness, 2 hours for two witnesses, and 1 or 1.5 hours for two

witnesses (approximately 32 hours in total).[32]  The only basis Plaintiffs have provided for their

request is the observation that an unidentified set of 68 documents were "thrown back" from

Google's privilege log after March 1, 2022.  Plaintiffs have not identified why any of these

documents justify their attempt to reopen the depositions of these individuals or even the

supposed new subject matter within these documents that warrants additional examination.

Under these circumstances, they have failed to satisfy their burden under the Federal Rules of

Civil Procedure.  *See* Fed. R. Civ. P. 30(a)(2) ("A party must obtain leave of court, and the court

must grant leave to the extent consistent with Rule 26(b)(1) and (2) … if the parties have not

stipulated to the deposition and … the deponent has already been deposed in the case.").

Without an identification of the 68 documents and the particular witnesses that

purportedly need to be examined on which documents, Google has no means to assess (1)

whether Plaintiffs' questioning amounts to retracing ground that either has been covered or could

have been covered in an earlier deposition, or (2) whether Plaintiffs' requested time is

reasonable.  This is no trivial issue—seven of the nine witnesses already have sat for multiple

---

[32] A chart identifying each witness, the days of testimony previously given, and the time requested by
Plaintiffs has been submitted as Appendix A.

days of deposition questioning, and Plaintiffs already have been afforded extraordinarily broad discovery in this matter in terms of document discovery and depositions.[33]  Google respectfully requests that the Court order Plaintiffs to identify the specific documents that Plaintiffs contend justify further examination of specific witnesses and the purportedly new information that they claim justifies reopening the depositions.  After Plaintiffs have provided this information, Google can evaluate Plaintiffs' request to reopen these depositions and the potential length and scope of any further depositions that are limited to newly disclosed information.

     **1.**     **Plaintiffs Should Identify the Documents and Issues That Purportedly Justify Reopening Particular Depositions**

Although "[c]ourts generally disfavor repeat depositions," *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 690 (D. Kan. 1996), in some instances "[c]ourts have allowed parties to reopen depositions when new information comes to light that creates the need for further questioning," *VeroBlue Farms USA Inc. v. Wulf*, 2021 WL 5176839, at *10 (N.D. Tex. Nov. 8, 2021).  In this case, however, Plaintiffs have not pointed to *any* materially new information that would warrant re-deposing *any* witness at this late date and in the midst of expert discovery, let alone nine Google employees for between 1 and 7 hours.[34]

The decision whether to reopen any of the depositions in question—and the appropriate scope of any further questioning—necessarily requires a consideration of the purportedly new information and the extent to which it is reflected in documents that were available before the witness was deposed.  For example, in *In re Rail Freight Fuel Surcharge Antitrust Litigation*, 281 F.R.D. 12 (D.D.C. 2011), the plaintiffs sought leave after the close of fact discovery "to take

---

[33] During fact discovery, Plaintiffs conducted 48 Rule 30(b)(1) depositions of current and former Google employees over the course of 62 days.

[34] Seven of the witnesses in question were identified by the DOJ Plaintiffs on July 8, and the other two were identified by the Colorado Plaintiffs on that same date.

a Rule 30(b)(6) deposition regarding the authorship, creation and retention of 'Alliance files' turned over by defendants on the last day of fact discovery." *Id.* at 14.  The court denied the request because, among other things, "plaintiffs have already deposed [defendant's] employees concerning the 'Alliance files,'" and they "have not articulated what additional information they will obtain from inquiring about the [recently produced] hard copy 'Alliance file, its creation and maintenance.'" *Id.* at 15.  Such an articulation is necessary to analyze whether any document contains the kind of new information that warrants additional testimony in view of "the needs of the case," including "the importance of the discovery in resolving the issues"; the extent to which the "discovery sought is unreasonably cumulative or duplicative"; and whether Plaintiffs "had ample opportunity to obtain the information by discovery in the action."  Fed. R. Civ. P. 26(b)(1)-(2); *see* Fed. R. Civ. P. 30(a)(2).  Without identifying the documents that purportedly justify reopening the deposition of a particular witness, Plaintiffs cannot demonstrate that they were unable to obtain the necessary information based on the voluminous documents available to them at the time of the deposition.  *See, e.g.*, *Keck v. Union Bank of Switzerland*, 1997 WL 411931, at *3-4 (S.D.N.Y. July 22, 1997) (concluding that a pair of witnesses "may be redeposed solely on" two specific issues that came to light after their depositions, and precluding any further questions about a different issue because the examining party "had ample opportunity to investigate such matters," and the recent disclosures did "not raise new matters beyond those that could have been explored earlier had [the examining party] sought a more wide-ranging deposition").

It is no answer to cite the number of "deprivileged" documents produced in recent months—a number which pales in comparison to the total number of documents available to Plaintiffs at the time of the depositions in question.  Fewer than 3% of the documents produced

from these nine custodians were deprivileged after the cutoff dates that Plaintiffs have identified

for purposes of any further deposition testimony.[35]  If Plaintiffs believe that any of those "new"

documents contain unique information that could not otherwise have been addressed in a specific

prior deposition, then Plaintiffs should identify it so that Google can evaluate the request.  As it

stands, however, Plaintiffs have not provided any basis for taking further testimony from any of

the nine witnesses on their list, and they surely have provided no basis for seeking additional

multiple hour examinations of any witness.

> **2.    The Breadth of Plaintiffs' Request Illustrates the Importance of Identifying the Documents That Purportedly Reflect New Information That Is Sufficient to Justify Further Depositions**

Plaintiffs have already taken extensive testimony from the nine witnesses in question.

Four of those witnesses sat for two-day depositions in the litigation, two of them were deposed in

both the investigative stage and the litigation, and one was subjected to an investigative

deposition and also a two-day deposition during the litigation.  As a general matter, however,

those depositions involved a relatively limited number of exhibits, with an average of 16

documents introduced per day of deposition testimony.  Yet Plaintiffs now contend that they may

use approximately 68 documents—and may take approximately 32 hours of additional

testimony—even though fewer than 3% of the documents produced from the custodial files of

those nine witnesses are presently at issue.  Although Plaintiffs have refused to provide the

factual basis for any further questioning, it is apparent from the breadth of their request alone

that they are seeking far more than merely an opportunity to ask about documents that contain

new information to which they would have devoted their limited deposition time if those

---

[35] For seven of the nine witnesses at issue, Plaintiffs indicated that they will limit their questioning to documents that were deprivileged after March 1, 2022.  For the two witnesses who were deposed after that date, Plaintiffs have indicated that they will limit their questioning to documents that were deprivileged after those depositions.

documents had been available.  *See, e.g.*, *Libertarian Party of Ohio v. Husted*, 302 F.R.D. 472, 476 (S.D. Ohio 2014) ("[O]nce the deposing party has had a full opportunity to question a witness, doing that for a second time is presumptively duplicative and it is appropriate to ask the requesting party to explain what else might be asked that has not already been covered adequately in the first proceeding.").

For example, Plaintiffs seek 3 to 3.5 hours of additional testimony from one of Google's senior-most executives, who already sat for a two-day deposition in December.  Google has produced more than 20,000 documents from that executive's custodial files, yet fewer than 2% of those documents were deprivileged in the months following his deposition.  And of that fraction of documents, fewer than three dozen are emails or other documents that were authored by the executive (as opposed to having been authored by someone else and transmitted to or shared with him).  Under these circumstances, there is certainly no justification for seeking an additional deposition of this witness, much less 3 hours of testimony.

A similar analysis could be performed with respect to any of the other eight witnesses identified by Plaintiffs.  In two instances, for example, Plaintiffs seek up to 7 hours of additional time on the record with a single witness.  And in another, Plaintiffs have requested a 4-hour deposition of a witness who has already been deposed for three days—two during this litigation and one during the investigation.  As recently as last month's hearing, the DOJ Plaintiffs suggested that they intended to examine witnesses regarding "three, four documents" that were "significant" and added that the question is "whether we would have used them in the deposition, whether the[y're] documents we might like to use at trial and we need to try them out in front of the witness."  June 17, 2022 Hr'g Tr. 39:14-40:3.  The sheer amount of time Plaintiffs have requested bears no relation to even their own stated objective—an objective that fails to account

for the fact that Plaintiffs should not be permitted to reopen a deposition at all unless the "significant" documents that they have identified contain new information that has not already been addressed, and could not have been addressed with the vast number of documents available to them in the months and years preceding these depositions.

The disproportionate amount of time that Plaintiffs seek with these nine witnesses, coupled with their refusal to identify the documents that purportedly contain new information, lays bare the risk that Plaintiffs will attempt to conduct wide-ranging and improper depositions that are not justified by the timing of any document production. Unless Plaintiffs identify the documents that form the basis for their requests to reopen specific depositions, Google will not have a reasonable opportunity to determine whether Plaintiffs are taking an improper second (or third) bite at the apple by covering ground that was or reasonably could have been covered during fact discovery.

      **3.**    **Any Further Questioning Must Be Limited to New Information Reflected in Documents That Were Deprivileged After the Deposition in Question**

If Plaintiffs identify documents that provide a legitimate basis for reopening any of the nine depositions at issue, then any further examination must be limited to the new information reflected in the documents that justify the request for additional testimony. As the Court observed at the last status conference, there is an "agreement shared by everyone" involved in this case "that the scope of any reopening would be limited to the new records." June 17, 2022 Hr'g Tr. 44:8-11. And it is well established that "[w]here [a] deposition is reopened because of newly discovered information, the questioning of the witness is limited to those questions relating to the newly produced information." *Ganci v. U.S. Limousine Serv., Ltd.*, 2011 WL 4407461, at *2 (E.D.N.Y. Sept. 21, 2011); *see, e.g.*, *Pax Water Techs., Inc. v. Medora Corp.*, 2019 WL 12381114, at *8 (C.D. Cal. Oct. 15, 2019) (allowing a deposition to be reopened based

on a belated production of key documents, but ordering that the examination "shall be limited to inquiry about information in the" specific documents at issue and that "[t]he questioning is not to be cumulative or duplicative of the testimony already given in th[e] case").

While that principle would apply in any case, it is all the more important here in light of the extensive discovery already provided to Plaintiffs.  A deposition should not be reopened at all without a consideration of proportionality and burden, *see* Fed. R. Civ. P. 30(a)(2), and there is certainly no basis for depositions that exceed the bounds of any documents containing the kind of new information that may necessitate further testimony.  In this case, Plaintiffs are challenging various agreements with third parties relating to the distribution of Google's search engine.  The agreements and commercial dealings with third parties regarding these agreements have been the subject of extensive document productions—it is hard to imagine what materially new information in 68 documents would justify dozens of hours of additional deposition testimony from nine witnesses.  The Colorado Plaintiffs also are challenging Google's product design decisions in providing search results in certain vertical search categories (*e.g.*, local or travel queries); subjects that also have been extensively discovered through depositions of relevant senior executives and through the production of large volumes of internal business records.  It therefore is incumbent that any further examination be limited to new documents and new information.

Dated: July 12, 2022                              Respectfully submitted,

                                                  By: ___*/s/ Kenneth M. Dintzer*_____
                                                  Kenneth M. Dintzer
                                                  U.S. Department of Justice, Antitrust Division
                                                  Technology & Digital Platforms Section
                                                  450 Fifth Street NW, Suite 7100
                                                  Washington, DC 20530
                                                  Telephone: (202) 227-1967
                                                  Kenneth.Dintzer2@usdoj.gov

                                                  *Counsel for Plaintiff United States of America*

                                                  By: ___*/s/ Kelsey Paine*_____
                                                  Kelsey Paine, Assistant Attorney General
                                                  Margaret Sharp, Assistant Attorney General
                                                  Office of the Attorney General, Antitrust Division
                                                  300 West 15th Street
                                                  Austin, Texas 78701
                                                  Kelsey.Paine@oag.texas.gov

                                                  *Counsel for Plaintiff State of Texas*

                                                  By: ___*/s/ Matthew Michaloski*_____
                                                  Theodore Edward Rokita, Attorney General
                                                  Scott L. Barnhart, Chief Counsel and Director,
                                                  Consumer Protection Division
                                                  Matthew Michaloski, Deputy Attorney General
                                                  Christi Foust, Deputy Attorney General
                                                  Office of the Attorney General, State of Indiana
                                                  Indiana Government Center South, Fifth Floor
                                                  302 West Washington Street
                                                  Indianapolis, Indiana 46204
                                                  Matthew.Michaloski@atg.in.gov

                                                  *Counsel for Plaintiff State of Indiana*

                                                  Leslie Rutledge, Attorney General
                                                  Johnathan R. Carter, Assistant Attorney General
                                                  Office of the Attorney General, State of Arkansas
                                                  323 Center Street, Suite 200
                                                  Little Rock, Arkansas 72201
                                                  Johnathan.Carter@arkansasag.gov

                                                  *Counsel for Plaintiff State of Arkansas*

Rob Bonta, Attorney General
Ryan J. McCauley, Deputy Attorney General
Brian Wang, Deputy Attorney General
Paula Blizzard, Supervising Deputy Attorney
General
Kathleen Foote, Senior Assistant Attorney General
Office of the Attorney General,
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Brian.Wang@doj.ca.gov

*Counsel for Plaintiff State of California*

Ashley Moody, Attorney General
R. Scott Palmer, Special Counsel, Complex
Enforcement Chief, Antitrust Division
Nicholas D. Niemiec, Assistant Attorney General
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

Christopher Carr, Attorney General
Margaret Eckrote, Deputy Attorney General
Daniel Walsh, Senior Assistant Attorney General
Charles Thimmesch, Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and Director,
Consumer Protection Division
Matthew Michaloski, Deputy Attorney General
Erica Sullivan, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Scott.Barnhart@atg.in.gov

*Counsel for Plaintiff State of Indiana*

Daniel Cameron, Attorney General
J. Christian Lewis, Executive Director of
Consumer Protection
Philip R. Heleringer, Deputy Executive Director of
Consumer Protection
Jonathan E. Farmer, Assistant Attorney General
Office of the Attorney General, Commonwealth of
Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*

Jeff Landry, Attorney General
Christopher J. Alderman, Assistant Attorney
General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
AldermanC@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

Stephen M. Hoeplinger
Assistant Attorney General
Missouri Attorney General's Office
815 Olive St., Suite 200
St. Louis, Missouri 63101
Stephen.Hoeplinger@ago.mo.gov

*Counsel for Plaintiff State of Missouri*

Lynn Fitch, Attorney General
Hart Martin, Special Assistant Attorney General
Crystal Utley Secoy, Assistant Attorney General
Office of the Attorney General, State of
Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Hart.Martin@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

Austin Knudsen, Attorney General
Rebekah J. French, Assistant Attorney General,
Office of Consumer Protection
Office of the Attorney General, State of Montana
P.O. Box 200151
555 Fuller Avenue, 2nd Floor
Helena, Montana 59620-0151
Rebekah.french@mt.gov

*Counsel for Plaintiff State of Montana*

Rebecca M. Hartner, Assistant Attorney General
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney General
C. Havird Jones, Jr., Senior Assistant Deputy
Attorney General
Mary Frances Jowers, Assistant Deputy Attorney
General
Office of the Attorney General, State of South
Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
RHartner@scag.gov

*Counsel for Plaintiff State of South Carolina*

28

Joshua L. Kaul, Attorney General
Gwendolyn J. Lindsay Cooley, Assistant Attorney
General
Wisconsin Department of Justice
17 W. Main St.
Madison, Wisconsin 53701
Gwendolyn.Cooley@Wisconsin.gov

*Counsel for Plaintiff State of Wisconsin*

By: /s/ *Jonathan B. Sallet*
Jonathan B. Sallet, Special Assistant Attorney
General (D.C. Bar No. 336198)
Steven Kaufmann, Deputy Attorney General (D.C.
Bar No. 1022365 inactive)
Diane R. Hazel, First Assistant Attorney General
(D.C. Bar No. 1011531 inactive)
Erica Fruiterman, Special Assistant Attorney
General
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Tel: 720-508-6000
Jon.Sallet@coag.gov
Steve.Kaufmann@coag.gov
Diane.Hazel@coag.gov
Erica.Fruiterman@coag.gov

*Counsel for Plaintiff State of Colorado*

Joseph M. Conrad
Matthew K. McKinley
Office of the Attorney General of Nebraska
2115 State Capitol Building
Lincoln, NE 68509
402-471-3840
Matt.McKinley@nebraska.gov
Joseph.conrad@nebraska.gov

*Counsel for Plaintiff Nebraska*

William F. Cavanaugh
Patterson Belknap Webb and Tyler LLP
1133 Avenue of the Americas
New York, NY, 10036
wfcavanaugh@pbwt.com
212-336-2793

*Counsel for Plaintiff States of Colorado and Nebraska*

Brunn W. (Beau) Roysden III, Solicitor General
Michael S. Catlett, Deputy Solicitor General
Christopher M. Sloot, Assistant Attorney General
Arizona Office of the Attorney General
2005 North Central Avenue
Phoenix, Arizona 85004
Tel: (602) 542-3725
Dana.Vogel@azag.gov

*Counsel for Plaintiff State of Arizona*

Bryce A. Pashler
Attorney General's Office for the State of Iowa
1305 East Walnut Street, 2nd Floor
Des Moines, IA 50319
(515) 725-5391
bryce.pashler@ag.iowa.gov

*Counsel for Plaintiff Iowa*

Elinor R. Hoffmann
Morgan J. Feder
Office of the Attorney General of New York
28 Liberty Street, 21st Floor
New York, NY 10005
212-416-8513
elinor.hoffmann@ag.ny.gov
morgan.feder@ag.ny.gov

*Counsel for Plaintiff New York*

Jonathan R. Marx
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
919-716-6000
Jmarx@Ncdoj.Gov
jsutton2@ncdoj.gov

*Counsel for Plaintiff North Carolina*

J. David McDowell
Christopher Dunbar
Office of The Attorney General & Reporter P.O.
Box 20207
Nashville, TN 37202
615-741-3519
david.mcdowell@ag.tn.gov
chris.dunbar@ag.tn.gov

*Counsel for Plaintiff Tennessee*

Tara Pincock
Attorney General's Office Utah
160 E 300 S, Ste 5th Floor
PO Box 140874
Salt Lake City, UT 84114
801-366-0305
tpincock@agutah.gov

*Counsel for Plaintiff Utah*

Jeff Pickett
Senior Assistant Attorney General
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Tel: (907) 269-5100
jeff.pickett@alaska.gov

*Counsel for Plaintiff Alaska*

Nicole Demers
State of Connecticut Office of the Attorney
General
165 Capitol Avenue, Ste 5000
Hartford, CT 06106
860-808-5202
nicole.demers@ct.gov

*Counsel for Plaintiff Connecticut*

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
302-577-8924
michael.undorf@delaware.gov

*Counsel for Plaintiff Delaware*

Elizabeth Gentry Arthur
David Brunfeld
Office of the Attorney General for the District of
Columbia
400 6th Street NW
Washington, DC 20001
202-724-6514
elizabeth.arthur@dc.gov
david.brunfeld@dc.gov

*Counsel for Plaintiff District of Columbia*

Leevin Taitano Camacho, Attorney General
Fred Nishihira, Chief, Consumer Protection
Division
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Tel: (671)-475-3324

*Counsel for Plaintiff Guam*

Rodney I. Kimura
Office of the Attorney General of Hawaii
Commerce & Economic Development
425 Queen Street
Honolulu, HI 96813
808-586-1180
rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff Hawaii*

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. State St., 2nd Fl.
PO Box 83720
Boise, ID 83720-0010
208-332-3549
john.olson@ag.idaho.gov

*Counsel for Plaintiff Idaho*

Joseph Chervin
Elizabeth Maxeiner
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
312-793-3891
jchervin@atg.state.il.us
elizabeth.maxeiner@ilag.gov

*Counsel for Plaintiff State of Illinois*

Lynette R. Bakker
Office of the Attorney General of Kansas
Consumer Protection & Antitrust
120 S.W. 10th Avenue, Ste 2nd Floor
Topeka, KS 66612-1597
785-368-8451
lynette.bakker@ag.ks.gov

*Counsel for Plaintiff Kansas*

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
Augusta, ME 04333-0006
207-626-8838
christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

Schonette J. Walker
Assistant Attorney General
Chief, Antitrust Division
Office of the Attorney General
swalker@oag.state.md.us

Gary Honick
Assistant Attorney General
Deputy Chief, Antitrust Division
Office of the Attorney General
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
410-576-6480
ghonick@oag.state.md.us

*Counsel for Plaintiff Maryland*

William T. Matlack, Assistant Attorney General
Chief, Antitrust Division
Michael B. MacKenzie, Assistant Attorney
General
Deputy Chief, Antitrust Division
Office of the Attorney General
One Ashburton Place, 18th Fl.
Boston, MA 02108
Tel: (617) 727-2200
William.Matlack@mass.gov
Michael.Mackenzie@mass.gov

*Counsel for Plaintiff Massachusetts*

Justin Moor, Assistant Attorney General
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2130
(651) 757-1060
justin.moor@ag.state.mn.us

*Counsel for Plaintiff Minnesota*

34

Marie W.L. Martin
Michelle Christine Newman
Lucas J. Tucker
Nevada Office of the Attorney General
Bureau of Consumer Protection
100 N. Carson Street
Carson City, NV 89701
775-624-1244
mwmartin@ag.nv.gov
mnewman@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff Nevada*

Brandon Garod
Office of Attorney General of New Hampshire
33 Capitol Street
Concord, NH 03301
603-271-1217
brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff New Hampshire*

Isabella R. Pitt, Deputy Attorney General
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
973-648-7819
Isabella.Pitt@law.njoag.gov

*Counsel for Plaintiff New Jersey*

Judith E. Paquin, Assistant Attorney General
Cholla Khoury
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87504
Tel: 505.490.4885
jpaquin@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff New Mexico*

Parrell D. Grossman
Director
Elin S. Alm
Assistant Attorney General
Consumer Protection & Antitrust Division
Office of the Attorney General of North Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
701-328-5570
pgrossman@nd.gov
ealm@nd.gov

*Counsel for Plaintiff North Dakota*

Beth Ann Finnerty
Mark Kittel
Jennifer Pratt
Office of The Attorney General of Ohio, Antitrust
Section
30 E Broad Street, 26th Floor
Columbus, OH 43215
614-466-4328
beth.finnerty@ohioattorneygeneral.gov
mark.kittel@ohioattorneygeneral.gov
jennifer.pratt@ohioattorneygeneral.gov

*Counsel for Plaintiff Ohio*

Caleb J. Smith Assistant Attorney General
Consumer Protection Unit
Office of the Oklahoma Attorney General
313 NE 21st St
Oklahoma City, OK 73105
Tel: (405) 522-1014
Caleb.Smith@oag.ok.gov

*Counsel for Plaintiff Oklahoma*

Cheryl Hiemstra
Oregon Department of Justice
1162 Court St NE
Salem, OR 97301
503-934-4400
cheryl.hiemstra@doj.state.or.us

*Counsel for Plaintiff Oregon*

36

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Tel: (717) 787-4530
jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Pennsylvania*

Guarionex Díaz Martínez
Assistant Attorney General Antitrust Division
Puerto Rico Department of Justice
PO Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 1201
gdiaz@justicia.pr.gov

*Counsel for Plaintiff Puerto Rico*

Stephen Provazza
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400
SProvazza@riag.ri.gov

*Counsel for Plaintiff Rhode Island*

Yvette K. Lafrentz
Office of The Attorney General of South Dakota
1302 E. Hwy 14, Suite1
Pierre, SD 57501
605-773-3215
yvette.lafrentz@state.sd.us

*Counsel for Plaintiff South Dakota*

Ryan G. Kriger
Office of The Attorney General of Vermont
109 State St.
Montpelier, VT 05609
802-828-3170
ryan.kriger@vermont.gov

*Counsel for Plaintiff Vermont*

Tyler Timothy Henry
Office of the Attorney General of Virginia
Antitrust Unit/Consumer Protection Section
202 N. 9th Street
Richmond, VA 23219
804-786-6557
thenry@oag.state.va.us

*Counsel for Plaintiff Virginia*

Amy Hanson
Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-5419
amy.hanson@atg.wa.gov

*Counsel for Plaintiff Washington*

Douglas Lee Davis
Tanya L. Godfrey
Office of Attorney General, State of West Virginia
P.O. Box 1789
812 Quarrier Street, 1st Floor
Charleston, WV 25326
304-558-8986
doug.davis@wvago.gov
tanya.l.godfrey@wvago.gov

*Counsel for Plaintiff West Virginia*

Misha Westby
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
(307) 777-6397
Misha.Westby@wyo.gov

*Counsel for Plaintiff Wyoming*

WILLIAMS & CONNOLLY LLP

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

*Counsel for Defendant Google LLC*