UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>　　　　　　　　　　Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO EXTEND THE DEADLINE TO RESPOND TO THE REPORT OF EDWARD A. FOX**

Plaintiffs in the above-captioned case respectively move the Court for an order granting Plaintiffs a thirty-day extension of the deadline to respond to the expert report Google submitted by Dr. Edward A. Fox ("Fox Report"). An extension is necessary and appropriate because Google failed to timely comply with the Court-ordered deadline for producing materials underlying the Fox Report's calculations and contentions. The requested extension will not affect the scheduled trial date and will not prejudice Google, even though it is Google's noncompliance with its obligations that necessitate the extension. Google has indicated that it opposes this request.

If the requested extension is granted, Plaintiffs' rebuttal to the Fox Report would be moved to September 6, 2022.[1] The August 5, 2022 due date for all other rebuttals would remain unchanged.

---

[1] A thirty-day extension of the current deadline, August 5, falls on Sunday, September 4. Labor Day is on Monday, September 5. For those reasons, Plaintiffs request that the deadline for serving a rebuttal report to the Fox Report be extended to Tuesday, September 6.

1

I.      **FACTUAL BACKGROUND**

The Court's December 6, 2021 Order, ECF No. 263, amending the Amended Scheduling and Case Management Order ("CMO"), ECF No. 108-1, sets out deadlines for the exchange of opening expert reports and back-up materials used by experts in creating those reports. Specifically, the CMO requires that, five business days after serving opening expert reports, the parties to exchange for all calculations appearing in the report:

> all data and programs underlying the calculations, including all programs and codes necessary to recreate the calculations from the initial ("raw") data files, and including the intermediate working-data files that are generated from the raw data files and used in performing the calculations appearing in the report.

Order, ECF No. 108-1, at ¶ 24(e).

On June 6, 2022, the Parties served opening expert reports as required by the amended CMO. *See* Order, ECF No. 263. Among Google's opening reports was the Fox Report. Google retained Dr. Fox to offer opinions on the issue of "scale"—in particular, the relationship between user data and search quality.[2] As part of his report, Dr. Fox reviewed several "experiments" conducted by Google employees, one of which was designed specifically for this litigation.[3] The Fox Report contained the purported results of this experiment, including summaries of those results in tables and figures. Based on these results, Dr. Fox offered several conclusions about the relationship between data and search quality.

---

[2] Plaintiffs assert that Google's anticompetitive practices have hurt competition, by among other things, depriving rivals the scale and data needed to compete effectively. *See generally* Amended Complaint, ECF No. 94, ¶¶ 8, 35–38, 57, 95, 100, 113, 119–122, 155, 166(b).

[3] Beyond Plaintiffs' concerns regarding Google's refusal to provide back-up material, Plaintiffs have significant concerns regarding whether the Fox Report can meet the requirements detailed in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). Those substantive concerns will be addressed on or before the deadline for filing *Daubert* motions.

On June 13, the Parties exchanged back-up materials for its experts, as required by the CMO. Google, however, failed to serve *any* back-up or supporting materials for the Fox Report on the due date; Google provided no advanced warning or subsequent explanation for its failure to do so. On June 14—the very next day—Plaintiffs alerted Google to its omission and demanded that Google meet its obligations under the CMO. Without further explanation, Google responded that it was still "collecting" Dr. Fox's back-up materials.

On June 17, Google made a partial production of Dr. Fox's back-up materials. The produced materials, however, were not sufficient to reproduce the tables and figures included in the Fox Report. On June 24, Plaintiffs identified these deficiencies for Google and requested that Google immediately produce the "files and other materials necessary to recreate the calculations and analysis contained within Dr. Fox's report or otherwise relied on by Dr. Fox[.]" In that same email, in response to claims newly made by Google at the June 17 status conference, Plaintiffs directly asked Google if it disputed its obligation to produce missing data.

On June 28, Google indicated that it would produce *some* code and data used by Dr. Fox, but refused to produce all materials requested by Plaintiffs or certify that Google had produced all materials required under the CMO and Federal Rule of Civil Procedure 26.

After Plaintiffs raised further concerns on June 29, Google made another partial production of Mr. Fox's back-up material on July 1. After review, Plaintiffs found that the materials were still insufficient "to recreate the calculations" included in the Fox Report—as required by the CMO.

On July 5, Plaintiffs asked Google to confirm that it had produced, all data and programs underlying calculations in the Fox Report, "including all programs and codes necessary to recreate the calculations . . . including the intermediate working-data files that are generated

3

from the raw data files and used in performing the calculations appearing in the report."

On July 6—a full month after serving the Fox Report—Google produced a single spreadsheet responding to Plaintiffs' requests, claiming that with that production "Google [had] produced all data and programs necessary to recreate the calculations in the Fox Report."

Despite Google's claims to the contrary, serious questions remain as to whether Google has complied with its obligations under the Federal Rules and the CMO. Plaintiffs have identified to Google apparent deficiencies in Google's tardy productions, including missing code and data, and await Google's response to those requests as well as a clear explanation of how the already produced materials Google correspond to the materials included in the Fox Report. Google admits that any attempt to recreate Dr. Fox's analysis using the material Google produced will result in different results than those reported in Dr. Fox's report.[4] Regardless of the outcome of these discussions, Google's lax production of supporting material has prejudiced Plaintiffs' preparation of responsive reports.

### III. LEGAL ARGUMENT

#### A. The Court Should Find That Good Cause Exists For The Requested Extension To Allow The Plaintiffs To Prepare A Response To The Fox Report

The Court should extend Plaintiffs due date for responding to the Fox Report.

"The Court may modify the scheduling order at any time upon showing of good cause." LCvR 16.4(a); *see also* Fed. R. Civ. P. 16(b)(4), CMO, ECF No. 108-1, at ¶ 30. In determining

---

[4] *See* July 1, 2022 email from John Ceccio ("To accommodate Plaintiffs' request to recreate calculations that appear in Dr. Fox's report, Google is producing to DOJ Plaintiffs workbook files, which will allow DOJ Plaintiffs to verify the IS and NDCG calculations in Dr. Fox's report. Google notes that the scores resulting from these workbook files could have immaterial differences from the scores reported in Dr. Fox's report due to, for example, differences in ordering and rounding of intermediate calculation steps."). Plaintiffs dispute that these differences are immaterial.

whether good cause exists to extend discovery deadlines, "the Court primarily considers the diligence of the party seeking discovery before the deadline." *Barnes v. District of Columbia*, 289 F.R.D. 1, 7 (D.D.C. 2012) (collecting cases). The Court also considers (a) the foreseeability of the need for additional discovery given the time allotted by the court, (b) the likelihood that the discovery sought will lead to relevant evidence, (c) whether trial is imminent, (d) whether the non-moving party consents, and (e) whether the non-moving party would be prejudiced. *See Childers v. Slater,* 197 F.R.D. 185, 188 (D.D.C. 2000). The balance of these factors strongly favor granting Plaintiffs' requested extension.

  ***First***, Plaintiffs have diligently sought Google's compliance with the Court's deadlines set out in the CMO. Plaintiffs immediately informed Google of the deficiencies in the company's productions of expert materials. One day after the deadline to exchange expert back-up materials, on June 14, 2022, Plaintiffs reached out to Google to request the missing back-up materials; since then, Plaintiffs have repeatedly engaged with Google seeking to resolve this issue. Even taking at face value Google's claim that it has now completed its production, it did not do so until July 6, 2022—a full month after serving its expert report and far after the CMO's deadline. And, as noted above, serious questions remain as to whether Google's production is in fact complete.

  ***Second***, when the Scheduling Order was entered, Plaintiffs could not have foreseen that Google would ignore the Federal Rules and the CMO by refusing to timely produce the supporting materials. Indeed, when Google realized it would not be able to comply with its CMO obligations, it was required to notify the parties and the Court and seek an extension. Instead, Google granted itself an enlargement by simply ignoring its duty to produce the supporting materials. This is unacceptable and certainly unforeseeable by the Plaintiffs. Because of

Google's actions, Plaintiffs will be prejudiced without additional time to respond to the Fox Report.

***Third***, an extension of time to review the late-produced back-up materials will ensure that both parties have equal footing in reviewing the underlying back-up material before issuing rebuttal reports. Under the current schedule, Plaintiffs would be deprived of weeks to review Dr. Fox's back-up materials, in contravention of the CMO. In contrast, Google would suffer no similar prejudice—they received our experts' materials on time.

***Fourth***, trial is not "imminent." Moreover, Plaintiffs requested extension is narrow in scope. It applies to one of Google's experts. The requested extension should not affect the remaining dates in the Scheduling Order, including the close of expert discovery.

## IV.   CONCLUSION

In light of Plaintiffs' showing of good cause for extending the deadline to serve a rebuttal report to the Fox Report, and the lack of prejudice to Google from the sought extension, the factors, weighed together, favor granting Plaintiffs' request for an extension of time. All other dates, including the trial date, would remain unchanged.

Dated: July 13, 2021                                  Respectfully submitted,

By:    */s/ Kenneth M. Dintzer*
Kenneth M. Dintzer
U.S. Department of Justice, Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 227-1967
Kenneth.Dintzer2@usdoj.gov

*Counsel for Plaintiff United States of America*

By:    */s/ Kelsey Paine*
Kelsey Paine, Assistant Attorney General
Margaret Sharp, Assistant Attorney General
Office of the Attorney General, Antitrust Division
300 West 15th Street
Austin, Texas 78701
Kelsey.Paine@oag.texas.gov

*Counsel for Plaintiff State of Texas*

By:    */s/ Matthew Michaloski*
Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and Director,
Consumer Protection Division
Matthew Michaloski, Deputy Attorney General
Christi Foust, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Matthew.Michaloski@atg.in.gov

*Counsel for Plaintiff State of Indiana*

By:    */s/ Johnathan R. Carter*
Leslie Rutledge, Attorney General
Johnathan R. Carter, Assistant Attorney General
Office of the Attorney General, State of Arkansas
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Johnathan.Carter@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

By: /s/ Brian Wang
Rob Bonta, Attorney General
Ryan J. McCauley, Deputy Attorney General
Brian Wang, Deputy Attorney General
Paula Blizzard, Supervising Deputy Attorney General
Kathleen Foote, Senior Assistant Attorney General
Office of the Attorney General,
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Brian.Wang@doj.ca.gov

*Counsel for Plaintiff State of California*

By: /s/ Lee Istrail
Ashley Moody, Attorney General
R. Scott Palmer, Special Counsel, Complex Enforcement Chief, Antitrust Division
Nicholas D. Niemiec, Assistant Attorney General
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

By: /s/ Daniel Walsh
Christopher Carr, Attorney General
Margaret Eckrote, Deputy Attorney General
Daniel Walsh, Senior Assistant Attorney General
Charles Thimmesch, Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

By:    */s/ Philip R. Heleringer*
Daniel Cameron, Attorney General
J. Christian Lewis, Executive Director of Consumer Protection
Philip R. Heleringer, Deputy Executive Director of Consumer Protection
Jonathan E. Farmer, Assistant Attorney General
Office of the Attorney General, Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*

By:    */s/ Christopher J. Alderman*
Jeff Landry, Attorney General
Christopher J. Alderman, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
AldermanC@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

By:    */s/ Scott Mertens*
Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

By:    */s/ Stephen M. Hoeplinger*
Stephen M. Hoeplinger
Assistant Attorney General
Missouri Attorney General's Office
815 Olive St., Suite 200
St. Louis, Missouri 63101
Stephen.Hoeplinger@ago.mo.gov
*Counsel for Plaintiff State of Missouri*

9

By:  */s/ Hart Martin*
Lynn Fitch, Attorney General
Hart Martin, Special Assistant Attorney General
Crystal Utley Secoy, Assistant Attorney General
Office of the Attorney General, State of Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Hart.Martin@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

By:  */s/ Rebekah J. French*
Austin Knudsen, Attorney General
Rebekah J. French, Assistant Attorney General, Office of Consumer Protection
Office of the Attorney General, State of Montana
P.O. Box 200151
555 Fuller Avenue, 2nd Floor
Helena, Montana 59620-0151
Rebekah.french@mt.gov

*Counsel for Plaintiff State of Montana*

By:  */s/ Rebecca M. Hartner*
Rebecca M. Hartner, Assistant Attorney General
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney General
C. Havird Jones, Jr., Senior Assistant Deputy Attorney General
Mary Frances Jowers, Assistant Deputy Attorney General
Office of the Attorney General, State of South Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
RHartner@scag.gov

*Counsel for Plaintiff State of South Carolina*

By: /s/ *Gwendolyn J. Lindsay Cooley*
Joshua L. Kaul, Attorney General
Gwendolyn J. Lindsay Cooley, Assistant Attorney General
Wisconsin Department of Justice
17 W. Main St.
Madison, Wisconsin 53701
Gwendolyn.Cooley@Wisconsin.gov

*Counsel for Plaintiff State of Wisconsin*