IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | |
| GOOGLE LLC, | HON. AMIT P. MEHTA |
| Defendant. | |

**DEFENDANT GOOGLE LLC'S OPPOSITION TO DOJ PLAINTIFFS' MOTION TO EXPEDITE BRIEFING OF THEIR MOTION TO COMPEL**

DOJ Plaintiffs' ("Plaintiffs") belated motion to expedite the briefing schedule for their motion to compel should be denied. Plaintiffs have not demonstrated good cause for their request. Plaintiffs' purported basis for the request for expedited consideration is a desire for a decision on the motion before the upcoming depositions of three Google witnesses. *See* ECF No. 377 at 2. This is an "emergency" entirely of Plaintiffs' own making.

To begin with, Plaintiffs waited two business days from filing their motion to raise the issue of expedited briefing for the first time. Were the matter truly urgent, Plaintiffs should have filed their motion to expedite briefing *with* their merits brief. Instead, Plaintiffs frittered away 40% of the business days of their proposed, shortened briefing schedule before even raising the issue with Google on Friday, August 5 and seeking to have Google file its opposition brief within three business days (by Wednesday, August 10).[1]

---

[1] Plaintiffs state that their expedited schedule would give Google a week to file its brief, but because Plaintiffs waited two days to file their request, they are actually asking Google to respond in only three business days. When Plaintiffs filed their motion to compel, at 11:59 pm on August 3, Google was in the process of finalizing its six rebuttal expert reports for service on August 5, and would not have been expected in any circumstance to have yet turned to drafting an opposition which, under the rules and given the lack of any motion to shorten time, it had 14

Beyond Plaintiffs' delay in requesting expedited briefing, the underlying motion to compel is one that could have been filed weeks ago. Plaintiffs raised their contentions about an alleged privilege subject-matter waiver related to an issue alluded to in Dr. Fox's report at the July 14 status conference. *See* ECF No. 372 at 4, 34. If they believed their privilege waiver theory entitled them to additionally question some of the very same witnesses at issue in the deposition dispute argued at that hearing, they should have moved in advance and argued it then. Instead, Plaintiffs did not file their motion to compel until August 3. *See* ECF No. 376.

In short, the issue creating the so-called emergency is one Plaintiffs could have moved on weeks ago, and their demand that Google provide a response within three days is unjustified—as evidenced by their conduct. *See Fla. v. United States*, 820 F. Supp. 2d 85, 91 (D.D.C. 2011) (denying motion to expedite schedule where, inter alia, plaintiff "ha[d] not pressed the urgency of expeditiously obtaining [relief] until it filed the instant motion").

The motion to compel is also not the only activity in the case. On Friday, Plaintiffs filed five second round expert reports, including one from a new expert not identified in the first round, exceeding 400 pages in total. Google is currently analyzing these reports so that it can prepare responsive third round reports, which are due in 47 days. Finally, Plaintiffs concede that under the current briefing schedule, the motion to compel could be fully briefed by August 17 if they forgo filing a reply, which is nearly a week in advance of the upcoming August 23 deposition referenced in their motion—a date that Plaintiffs agreed to before they filed the motion. If the motion is not resolved in advance of the upcoming depositions (and Google is confident that the Court will deny it), that is Plaintiffs' own fault and the depositions should be completed on the current schedule.

---

days to prepare.

For the foregoing reasons, the motion to expedite should be denied.

Dated: August 8, 2022                    Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

*Counsel for Defendant Google LLC*