# Exhibit B

██████████████



Wilson Sonsini Goodrich & Rosati
Professional Corporation

1700 K Street NW
Fifth Floor
Washington, D.C. 20006-3817

O: 202.973.8800
F: 202.973.8899

FRANKLIN M. RUBINSTEIN
Internet: frubinstein@wsgr.com
Direct dial: 202.973.8833

<u>**CONFIDENTIAL**</u>

July 29, 2022

<u>**VIA E-MAIL**</u>
Diana A. Aguilar
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Room 10-0101
San Francisco, CA 94102

    Re:    *United States v. Google*, 1:20-cv-03010 (D.D.C.)

Dear Diana:

On behalf of Google LLC ("Google"), I write in response to your letter of July 27, 2022. Below, I address each of the points raised in your letter.

    1.    **Fox Materials**

Regarding Figures 2 and 3, as we stated in our July 25, 2022 letter, "Professor Fox did not rely upon any materials relating to those experiments other than documents and deposition testimony that were produced to Plaintiffs in the course of discovery." As is apparent, those figures are screenshots from the production documents cited in the report. Google is not obligated to produce additional material related to ordinary course documents in the production.

Regarding Figure 4, as you note in your letter, Google produced an additional document that contains the information reproduced in Figure 4.

Regarding Figure 5, as we previously stated in our July 25, 2022 letter, there is no written summary of the 1% sample experiment such as the one provided regarding Figure 4. Professor Fox did review a table containing summary results that are slightly expanded from what was reproduced in the report. Although Professor Fox did not rely on these other data points (which were not set forth in his report) and Google is under no obligation to provide the table, Google is

**WILSON SONSINI**

Page 2

nonetheless producing the table reviewed by Professor Fox along with this letter. The table will be uploaded to Plaintiffs' respective FTP sites.

**2. Israel Materials**

Paragraph 24(e) of the CMO states that Google must produce, "for all calculations appearing in the report, all data and programs underlying the calculations, including all programs and codes necessary to recreate the calculations from the initial ('raw') data files." Google has complied with this provision for the Panels data cited in the Israel report by producing the data and code used to generate the calculations set forth in the Israel report. In addition, though not required to do so, Google produced the code that Google used internally to create the files that were provided to Dr. Israel (and his support team).

The CMO does not require the production of still more granular data. As you know, there are data sets that were produced in the litigation by Google and other third parties (P&L data, query data, etc.) that were aggregated or filtered for privacy reasons. We do not view the CMO as requiring experts to produce aspects of the underlying data which have these privacy issues and which the experts themselves were never provided and did not rely upon. The CMO only requires the raw files and code used to do the calculations in the report. That is what Google has produced.

During our meet and confer, you asked whether Google could produce a more granular data set while protecting Google's privacy concerns. As a compromise, we will provide the underlying Panels data with the following fields:



We will also produce an ████████████████████████████████████████████████████████████████████████████████████. Google is working on collecting this data and will provide an update on when it can be produced early next week.

DOJ Plaintiffs also request a data dictionary for the "non-aggregated" Panels data. Google created and produced a data dictionary for the Panels data cited in the report, which Google was not obligated to provide. Google will not create a second data dictionary for non-aggregated Panels data that was not provided to Dr. Israel (or his support team) and was not relied upon by Dr. Israel or used to generate the material in his report.

**WILSON SONSINI**

Page 3

### 3. There has been no subject-matter waiver

There has been no privilege waiver, let alone a subject-matter waiver, regarding the European DREs. Google did not withhold the document produced this week (or the chart produced with this letter) as privileged; it was not produced because it was not captured by the agreed search protocols.

Google does not agree to any of DOJ's requests under heading 3, including the request to expand the questioning of Google witnesses in the upcoming depositions beyond the scope previously directed by the Court.

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

/s/ Franklin M. Rubinstein