## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>    Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA<br><br>███████████ |

| | |
|---|---|
| State of Colorado, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>    Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA<br><br>███████████ |

### JOINT STATUS REPORT

Pursuant to the Court's Minute Order of August 9, 2022, the parties in *United States v. Google LLC* and *State of Colorado v. Google LLC* submit the following Joint Status Report summarizing the state of discovery and identifying any issues between the parties, and the parties' respective positions, that will be raised at the status hearing scheduled for August 24, 2022.

I.     **Case No. 1:20-cv-03010**

A.     **Google's Discovery of Plaintiffs**

A summary of Google's First Set of Requests for Production and prior document productions made by Plaintiffs are set forth in the parties' earlier Joint Status Reports.[1]

DOJ Plaintiffs served four rebuttal expert reports on August 5, and served related and underlying support materials for those reports on August 12. DOJ Plaintiffs served a rebuttal expert report to the expert report of Edward A. Fox on August 19, pursuant to the Court's Minute Order dated July 14, 2022.

B.     **Plaintiffs' Discovery of Google**

A summary of Plaintiffs' First through Thirteenth Sets of Requests for Production and the document productions previously made by Google are set forth in the parties' earlier Joint Status Reports.[2]

Google produced additional documents on July 15, 19, 21, and 29, and August 9, 15, 17, and 22. Google produced additional data on July 13 and August 5 and 15, and Google produced an updated privilege log on July 15.

Google served a total of six rebuttal expert reports on August 5, and served related and underlying support materials for those reports on August 12.

---

[1] Reports dated February 23 (ECF No. 111), March 28 (ECF No. 124), April 23 (ECF No. 131), May 24 (ECF No. 135), June 24 (ECF No. 149), July 27 (ECF No. 165), August 27 (ECF No. 191), September 24 (ECF No. 223), October 26 (ECF No. 248), November 23 (ECF No. 256), January 4 (ECF No. 271), February 8 (ECF No. 285), March 4 (ECF No. 315), April 4 (ECF No. 333), May 10 (ECF No. 351), June 15 (ECF No. 360), and July 12 (ECF No. 367).

[2] Reports dated February 23 (ECF No. 111), March 28 (ECF No. 124), April 23 (ECF No. 131), May 24 (ECF No. 135), June 24 (ECF No. 149), July 27 (ECF No. 165), August 27 (ECF No. 191), September 24 (ECF No. 223), October 26 (ECF No. 248), November 23 (ECF No. 256), January 4 (ECF No. 271), February 8 (ECF No. 285), March 4 (ECF No. 315), April 4 (ECF No. 333), May 10 (ECF No. 351), June 15 (ECF No. 360), and July 12 (ECF No. 367).

DOJ Plaintiffs and Plaintiff States issued notices to re-open nine depositions on July 21 pursuant to the Court's Minute Order dated July 14, 2022. DOJ Plaintiffs and Plaintiff States have completed three of the re-opened depositions and have additional depositions scheduled for August 23, 25, and 31 (two re-opened depositions), and September 2. One re-opened deposition has been noticed.

### C.    The Parties' Discovery of Third-Parties

A summary of the third-party discovery requests previously issued by the parties is set forth in the parties' earlier Joint Status Reports.[3]

## II.    Case No. 1:20-cv-03715

### A.    Google's Discovery of Plaintiff States

A summary of Google's First Set of Requests for Production and the document productions made by Plaintiffs to date are set forth in the parties' earlier Joint Status Reports.[4]

Plaintiff States served one rebuttal expert report on August 5, and made related and underlying support materials available to Google on August 13.

### B.    Plaintiff States' Discovery of Google

A summary of Plaintiff States' First through Seventh Sets of Requests for Production and the document productions previously made by Google are set forth in the parties' earlier Joint

---

[3] Reports dated February 23 (ECF No. 111), March 28 (ECF No. 124), April 23 (ECF No. 131), May 24 (ECF No. 135), June 24 (ECF No. 149), July 27 (ECF No. 165), August 27 (ECF No. 191), September 24 (ECF No. 223), October 26 (ECF No. 248), November 23 (ECF No. 256), January 4 (ECF No. 271), February 8 (ECF No. 285), March 4 (ECF No. 315), April 4 (ECF No. 333), May 10 (ECF No. 351), June 15 (ECF No. 360), and July 12 (ECF No. 367).

[4] Reports dated March 28 (ECF No. 124), April 23 (ECF No. 131), May 24 (ECF No. 135), June 24 (ECF No. 149), July 27 (ECF No. 165), August 27 (ECF No. 191), September 24 (ECF No. 223), October 26 (ECF No. 248), November 23 (ECF No. 256), January 4 (ECF No. 271), February 8 (ECF No. 285), March 4 (ECF No. 315), April 4 (ECF No. 333), May 10 (ECF No. 351), June 15 (ECF No. 360), and July 12 (ECF No. 367).

Status Reports.[5] Google has continued to produce to Plaintiff States the documents and data produced to the U.S. Plaintiffs and its co-plaintiffs in Case No. 1:20-cv-03010 in addition to producing documents and data in response to Plaintiff States' First through Seventh Sets of Requests for Production.

Google served a total of six rebuttal expert reports on August 5, and served related and underlying support materials for those reports on August 12.

On August 5, Plaintiff States issued notices to reopen two depositions on pursuant to the Court's Minute Order dated July 14, 2022 after agreeing to dates with Google.

### C.    The Parties' Discovery of Third-Parties

A summary of the third-party discovery requests previously issued by the parties is set forth in the parties' earlier Joint Status Reports.[6]

## III.    The Parties' Dispute Regarding Plaintiff States' Request for Linked Documents in Materials Cited by Google's Experts

### A.    Plaintiff States' Position Statement

Plaintiff States request the Court compel Google to produce documents linked-to materials relied upon and cited by Google's experts without counting against the cap established by the Court in the June 17, 2022 Minute Order. The Court invited Plaintiffs to raise additional requests for linked documents based upon the practical needs of the case. Plaintiff States have

---

[5] Reports dated March 28 (ECF No. 124), April 23 (ECF No. 131), May 24 (ECF No. 135), June 24 (ECF No. 149), July 27 (ECF No. 165), August 27 (ECF No. 191), September 24 (ECF No. 223), October 26 (ECF No. 248), November 23 (ECF No. 256), January 4 (ECF No. 271), February 8 (ECF No. 285), March 4 (ECF No. 315), April 4 (ECF No. 333), May 10 (ECF No. 351), June 15 (ECF No. 360), and July 12 (ECF No. 367).

[6] Reports dated February 23 (ECF No. 111), March 28 (ECF No. 124), April 23 (ECF No. 131), May 24 (ECF No. 135), June 24 (ECF No. 149), July 27 (ECF No. 165), August 27 (ECF No. 191), September 24 (ECF No. 223), October 26 (ECF No. 248), November 23 (ECF No. 256), January 4 (ECF No. 271), February 8 (ECF No. 285), March 4 (ECF No. 315), April 4 (ECF No. 333), May 10 (ECF No. 351), June 15 (ECF No. 360), and July 12 (ECF No. 367).

identified a need for a class of linked documents in documents cited by Google's experts, and relevant to the views offered by those experts. Google's experts cite extensively to documents containing numerous hyperlinks referencing materials that apparently have not been produced in this litigation.[7] Without access to these materials, Plaintiff States are restricted in their ability to test the basis of Google's expert opinions and question Google's experts during depositions. Therefore, the Court should order the production of these linked documents without counting towards the cap established by the Court.

In the ordinary course of business, Google employees commonly create documents with embedded hyperlinks to other materials stored in cloud-based applications, such as Google Docs, Google Sheets, and Google Slides. In doing so, the authors of these documents often use hyperlinks as a shorthand to refer the reader to material that provide context, evidence, or other examples to support propositions within documents. These hyperlinks serve as supporting citations and footnotes.

Google's experts have relied upon and cited materials containing links that have not been produced in many instances to support key arguments used to advance Google's defenses. In this way, Google's experts are using these materials to support attacks on Plaintiff States' market definitions and justify Google's conduct at issue in this litigation. However, now Google limits discovery into the linked documents in materials their experts rely upon by arguing that they should be subject to the Court's 200-document cap. As explained below, Plaintiff States have already requested approximately 138 linked documents from a single Google expert report. For Plaintiff States to have full disclosure of the materials on which Google's experts are relying, not

---

[7] Plaintiff States have used reasonable efforts to locate the requested linked documents but have been unable to do so. Google continues to produce metadata to identify linked documents within its production set; however, no such metadata appears to exist for the requested links.

selected disclosure of those materials, Plaintiff States must obtain these linked documents without counting towards Plaintiffs' collective cap.

### 1. Background

U.S. Plaintiffs previously briefed a request for linked documents in the June 16, 2022, Joint Status Report regarding their Request No. 1 of U.S. Plaintiffs' Thirteenth Requests for Production. *See* ECF No. 361. In response to that request and after hearing argument on the issue, the Court ordered Google to "produce up to 200 additional linked-to documents that Plaintiffs may identify on a case-by-case basis no later than September 26, 2022." June 17, 2022 Minute Order. The Court denied U.S. Plaintiffs broader request but invited Plaintiffs to make further requests if 200 was insufficient. June 17, 2022 Hr'g Tr. at 35:21-5. ("Again, if you need more, you can come back to me and say, Judge, we hit 200 in the first two weeks after we started looking hard at their expert reports, and then, you know, I'll accommodate consideration of a higher number.").

Since the June 17 Status Conference, Plaintiff States have discovered that in documents cited by Google's experts there are numerous linked documents. To focus this effort, Plaintiff States looked, in particular, at Dr. Kenneth Elzinga's expert report, who specifically addresses Plaintiff States' claims that Google has disadvantaged specialized vertical providers in maintenance of its monopolies. Plaintiff States further refined this effort to target links in documents that (1) Elzinga either cited at least three or more times; or (2) supported Dr. Elzinga's expert opinion regarding Google's purported pro-competitive justifications for its conduct. Plaintiff States ultimately requested Google produce the links included in 17 documents

predominantly cited by Dr. Elzinga – up to approximately 138 linked documents[8] – without counting towards the 200-document cap. Google refused, saying that it will consider any requests for linked documents to count against the cap, leading to the current impasse.

> **2.      Plaintiff States' Request for Linked Documents are for Materials Highly Relevant to Google's Expert Opinions**

These linked documents in material relied upon and cited by Google's experts are potentially highly relevant to expert discovery. Here are three examples. Each example is used by Dr. Elzinga to defend Google's conduct towards specialized vertical providers, such as Booking.com and Expedia. The underlying links Plaintiff States are seeking appear to relate directly to issues in this case.

Exhibit A describes Google's 2018 strategy for its proprietary flight search product. Exhibit A refers the reader to source materials that describe Google's growth in flight search. According to the document, Google's flight search ███████████████████████████ ██████; however, Plaintiff States do not know the basis for that claim because the author used a reference to a linked document for support. Exhibit A at -7166 ("In 2017, Google Flight Search ████████████████████████████████████████████ ██████████████ (source), ████████████████ (source).").. Moreover, the author also references the notes generated during planning sessions for the development of this strategy document but does so via hyperlink in this document. Exhibit A at -7173. Dr. Elzinga cites to Exhibit A three times in his report, including for positions such as "Google's decisions about product design in Flights are ████████████████████████████████████ ████████████████" and "Google's internal documents reveal that Google Flights ███████████

---

[8] Plaintiff States have made a good faith attempt to identify the number of linked-to documents requested; however, Google is the only entity that can definitively determine the total number of links contained in its documents.

████████████████████████████████████████████.” Expert Report of Kenneth

G. Elzinga, June 6, 2022 ("Elzinga Report") at 104-05.

 Exhibit B is a 2019 Google strategy slide deck for its various travel vertical search

products. As shown below, Exhibit B contains links to "Detailed product strategy papers"

relating to Google's proprietary travel verticals hidden behind links.



Exhibit B at -3332.

 Dr. Elzinga cites to this document more than ten times in his report. One example

includes his assertion that "Google documents make clear that the key to achieving these goals is

to ██████████████████████████████████████████████████████████████

████████████████████████████████'" Elzinga Report at 104-05.

 Exhibit C is a 2015 document summarizing a proposed change to its search result page

relating to its proprietary flight search product. Exhibit C refers the reader to other related

summaries related to Google's flight product. Exhibit C at -4873 ("We have recently launched

the ████████████████████ (launch doc) and ████████████████████████ (launch doc).").

Dr. Elzinga cites to this document seven times, including to support the proposition "Google

found that users ████████████████████████████████████████████████████

████████████████████████████████████.” Elzinga Report at 115-16.

Access to these underlying linked documents is critical to Plaintiff States' ability to test the basis for Google's expert opinions in deposition and to maintain fundamental fairness in expert discovery. Dr. Elzinga relies extensively on internal testing at Google to support his expert opinion that Google's exclusion of specialized vertical providers from certain portions of the search results page benefits users. However, the summaries of the tests he relies upon often refer the reader to other linked documents, which offer more details about the testing and analysis. For Plaintiff States to test the soundness of Dr. Elzinga's opinions, Plaintiffs States must have access to the full set of materials that form the basis of Google's expert opinions.

Without such a requirement, Plaintiff States are left with undue asymmetry in expert discovery. If any of Plaintiffs' experts were to include a document with an undisclosed link, Google could track it down and evaluate whether the undisclosed links undermine Plaintiffs' experts. If Google can, then justice requires that the plaintiffs have the right to full disclosure of the materials on which Google's experts are relying, not selected disclosure of those materials.

**3.    The Current Court Order Requiring Google to Produce Up To 200 Additional Linked Documents that Plaintiffs May Identify on a Case-by-Case Basis is Insufficient to Cure this Concern**

The Court invited Plaintiffs to return if, after reviewing Google's expert reports, the 200 cap imposed by the Court was not sufficient. Based upon Plaintiff States' review of the documents relied upon and cited by Dr. Elzinga, Plaintiff States have concluded the need for a class of requests to be exempt from the cap imposed by the Court.

Besides the particular relevance these types of documents hold for expert discovery, it is likely that Plaintiffs will collectively need more than 200 linked documents. Indeed, Dr. Elzinga's opening report cited documents containing significantly more than the approximately

138 missing linked documents that Plaintiff States requested in good faith. As noted above, Plaintiff States focused their request predominantly on links appearing in either (1) documents cited by Dr. Elzinga three or more times; or (2) documents cited in sections dedicated to pro-competitive justifications. Even after focusing their request for links to some of the most important documents cited by Dr. Elzinga, Plaintiff States could be forced to seek as many as 138 of the 200 missing linked documents Plaintiffs are collectively entitled to under the cap.[9]

Further, as Plaintiff States continue their review of Google's experts' reports and Google's defenses, Plaintiff States may still seek more documents linked-to materials cited by Dr. Elzinga in his opening report as expert discovery continues. Plaintiff States' tailored request is only for one report by one of Google's experts. There are still yet seven more Google experts and more rounds of reports. In addition to the approximately 138 missing linked documents requested by Plaintiff States, U.S. Plaintiffs have already received the production of 5 missing linked documents and requested the production of 29 additional missing links contained in Google documents. Therefore, a total of 200 documents is likely insufficient for Plaintiffs to request missing links discovered in Plaintiffs on-going document review and in those cited by Google's experts.

Plaintiff States continue to evaluate documents linked-to materials cited by Google's other experts. For the first two round of reports for Dr. Murphy and Dr. Israel, and Dr. Elzinga's rebuttal report, Plaintiff States have identified at least 500 missing links contained in documents

---

[9] Plaintiff States recognized that Google may produce less than 138 documents in response to such a request as it is likely that not all links will result in a document that can be produced. However, Plaintiff States have no way of assessing the actual number of documents that Google will produce based upon any such request.

cited in those reports.[10] This is all before the reply expert reports, which are due on September 26, 2022, are filed.

**4.      Conclusion**

For the foregoing reasons, the Court should allow Plaintiff States to make requests for documents linked-to documents cited by Google's experts without counting those requests towards the limit contained in the Court's June 17, 2022 Minute Order.

**B.      Google's Position Statement**

The Colorado Plaintiffs seek to compel production of any documents hyperlinked in every single document cited in Google's experts' reports.  This issue should be familiar to the Court because the DOJ Plaintiffs made the same argument only two months ago at the June status conference.  *See* June 17, 2022 Hr'g Tr. 33:9-35:12 (arguing that "on top of" the 200-document limit for additional linked documents established by the Court, Plaintiffs should receive all "[l]inks within documents cited by [Google's] experts").  The Court declined to order the requested relief, and instead concluded that "Google shall produce up to 200 additional linked-to documents that Plaintiffs may identify on a case-by-case basis no later than September 26, 2022."  June 17, 2022 Minute Order; *see* June 17, 2022 Hr'g Tr. 35:13-36:13.  Although Plaintiffs have made a number of requests for additional linked documents in recent weeks, they have not reached the cap of 200 imposed by the Court, and are not particularly close to doing so.  Indeed, Plaintiffs would not cross the Court-imposed threshold even if Google produced all of the documents that the Colorado Plaintiffs indicated they are "currently seeking" in their most recent correspondence.  Aug. 8, 2022 Ltr. from M. McKinley at 1.  The only reason this issue is before the Court again is that the Colorado Plaintiffs continue to argue that these documents

---

[10] Given that Google is the only entity that can correctly identify all links contained in its documents, Plaintiff States were conservative in their estimate and it is likely the number is much higher.

should be "exempt from the two-hundred document limit" that the Court established at the June 17 hearing, immediately after the DOJ Plaintiffs made the same argument that the Colorado Plaintiffs now advance. *Id.* at 1-2. The Colorado Plaintiffs' attempt to relitigate this issue should be rejected, and any requests for linked documents should be subject to the Court's June 17 Order.

In correspondence about this issue, the Colorado Plaintiffs have suggested that the Court's June 17 Order "give[s] Google an unfair advantage," and that "justice requires that the Plaintiffs have the right to full disclosure of the materials on which Google's experts are relying, not selected disclosure of those materials." Aug. 8, 2022 Ltr. from M. McKinley at 2. Their position is based on a mischaracterization of the facts and a misunderstanding of the scope of discovery.

To begin with, the documents that Google's experts relied upon have been disclosed in accordance with Paragraph 24 of the Case Management Order, and all of them were produced during fact discovery in this case. They are not relying upon any previously unproduced documents, including any documents that may be linked in a previously produced document but were not captured by the agreed-upon document discovery protocols. The opening and rebuttal reports of Google's experts did not cite any "linked documents" that were not previously produced during fact discovery or in response to Plaintiffs' requests. In other words, there has been no "selective disclosure" of linked documents, and the only reason linked documents are still being located and produced at this point is because Plaintiffs continue to request them long after the close of fact discovery.

Insofar as the Colorado Plaintiffs are suggesting that Google's experts are somehow tracing the links in each produced document and examining a repository of undisclosed material,

they are wrong.  As Google has made clear to Plaintiffs on numerous occasions, the documents

that were reviewed and produced in response to Plaintiffs' requests reside in a document review

platform hosted by an electronic discovery vendor.  Google's experts do not have the ability to

access links in a document in this review database by clicking on a document link.

Notwithstanding the Colorado Plaintiffs' attempt to characterize their situation as "unfair," it is

in fact an inherent part of almost any litigation that involves extensive document discovery.

More than 100 third parties have produced documents in this case, and Google alone has

produced millions of records collected from more than 120 custodians, but there are countless

other documents referenced in the produced documents that were simply beyond the scope of the

producing party's discovery obligations and therefore were not produced.  It is almost inevitable

in any significant litigation that experts will cite documents that in turn link to, cite, or reference

various other documents that were not captured by the parameters agreed upon during fact

discovery.  To offer one such example: one of the Colorado Plaintiffs' experts cites a document

produced by Microsoft ███████████████████████████████████████

████████████████████   The email produced by Microsoft and relied upon by the Colorado

Plaintiffs' expert includes a hyperlink ████████████, but neither the expert's report nor the

metadata produced by Microsoft indicates whether ████████████ has been produced and, if so,

how to locate it in the production.  Furthermore, an internal Microsoft presentation attached to

the email relied upon by the Colorado Plaintiffs' expert includes another ten hyperlinks.  Again,

however, there is no apparent way to determine what is on the other end of those links, whether

those materials have been produced by Plaintiffs or Microsoft, or whether the Colorado

Plaintiffs' expert accessed the materials.  There is nothing noteworthy about the fact that

employees at many companies use hyperlinks in the ordinary course of business and that even wide-ranging discovery does not lead to investigation of every link.

In this case, Plaintiffs have enjoyed more than adequate opportunities to pursue whichever linked documents they deem material, particularly given that they had the benefit of both a pre-Complaint investigation and a lengthy fact discovery period.  And if the Colorado Plaintiffs still have questions about links in documents produced months or years ago, there are of course options available to them.  For example, they can ask Google's experts at deposition whether they have any knowledge of where a particular link leads.  Or they can use the individual requests permitted by the Court's June 17 Order, which offers far more flexibility to request additional documents than a party typically would have after the close of fact discovery.

What Plaintiffs should not be permitted to do at this juncture is attempt to enforce yet another request for "all documents" that fall into a particular category—as if fact discovery had never ended, and as if the DOJ Plaintiffs had not pursued the same relief two months ago.  At this point in the litigation, it is reasonable to ask the Colorado Plaintiffs to review the documents cited in the expert reports and identify any specific links that they believe may be of interest and that were not captured by the expansive parameters negotiated during the investigation and fact discovery.  The 200-document limit established by the Court's June 17 Order is more than sufficient in that respect.  As the Court concluded at the June 17 hearing, "200 is not a small number," and Plaintiffs "haven't made the case" that "anything above that is really reasonable." June 17, 2022 Hr'g Tr. 35:14-20.[11]  The Colorado Plaintiffs' attempt to relitigate that issue should be denied.

---

[11] The Court's June 17 Minute Order has allowed Plaintiffs far more flexibility than even they may have envisioned by the Court because most of the links that Plaintiffs have asked Google to investigate in recent weeks do not result in the production of new documents.  In many instances, the links that Plaintiffs identify lead to webpages or other electronic materials that are not producible under the parties'

Dated: August 22, 2022                    Respectfully submitted,

                                          WILLIAMS & CONNOLLY LLP

                                          By:  _/s/ John E. Schmidtlein_____
                                          John E. Schmidtlein (D.C. Bar No. 441261)
                                          Benjamin M. Greenblum (D.C. Bar No. 979786)
                                          Colette T. Connor (D.C. Bar No. 991533)
                                          680 Maine Avenue, SW
                                          Washington, DC 20024
                                          Tel: 202-434-5000
                                          jschmidtlein@wc.com
                                          bgreenblum@wc.com
                                          cconnor@wc.com

                                          WILSON SONSINI GOODRICH & ROSATI P.C.
                                          Susan A. Creighton (D.C. Bar No. 978486)
                                          Franklin M. Rubinstein (D.C. Bar No. 476674)
                                          1700 K Street, NW
                                          Washington, DC 20006
                                          Tel: 202-973-8800
                                          screighton@wsgr.com
                                          frubinstein@wsgr.com

                                          ROPES & GRAY LLP
                                          Mark S. Popofsky (D.C. Bar No. 454213)
                                          2099 Pennsylvania Avenue, NW
                                          Washington, DC 20006
                                          Tel: 202-508-4624
                                          Mark.Popofsky@ropesgray.com

                                          *Counsel for Defendant Google LLC*

---

prior agreement regarding the production of linked documents.  In other instances, Plaintiffs have used the June 17 Minute Order to challenge privilege log entries that they did not identify before the Court-imposed deadline by requesting linked documents that they know are subject to claim of privilege based on the metadata Google has produced.  *See* May 25, 2022 Order (establishing a "Motion to Compel Deadline" for "any disputes relating … [to] privilege log entries").  Google is not seeking relief from the June 17 Minute Order, but rather reiterating that it is more than reasonable under the circumstances, particularly given that the burden of manually investigating every link that Plaintiffs identify far exceeds the burden that might ordinarily be associated with "produc[ing] up to 200 additional linked-to documents."  June 17, 2022 Minute Order.

By: ___*/s/ Kenneth M. Dintzer*___
Kenneth M. Dintzer
Karl E. Herrmann
U.S. Department of Justice, Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 227-1967
Kenneth.Dintzer2@usdoj.gov

*Counsel for Plaintiff United States of America*


By: ___*/s/ Kelsey Paine*___
Kelsey Paine, Assistant Attorney General
Margaret Sharp, Assistant Attorney General
Office of the Attorney General, Antitrust Division
300 West 15th Street
Austin, Texas 78701
Kelsey.Paine@oag.texas.gov

*Counsel for Plaintiff State of Texas*


By: ___*/s/ Matthew Michaloski*___
Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and Director,
Consumer Protection Division
Matthew Michaloski, Deputy Attorney General
Christi Foust, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Matthew.Michaloski@atg.in.gov

*Counsel for Plaintiff State of Indiana*


Leslie Rutledge, Attorney General
Johnathan R. Carter, Assistant Attorney General
Office of the Attorney General, State of Arkansas
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Johnathan.Carter@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

16

Rob Bonta, Attorney General
Ryan J. McCauley, Deputy Attorney General
Brian Wang, Deputy Attorney General
Paula Blizzard, Supervising Deputy Attorney
General
Kathleen Foote, Senior Assistant Attorney General
Office of the Attorney General,
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Brian.Wang@doj.ca.gov

*Counsel for Plaintiff State of California*

Ashley Moody, Attorney General
R. Scott Palmer, Special Counsel, Complex
Enforcement Chief, Antitrust Division
Nicholas D. Niemiec, Assistant Attorney General
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

Christopher Carr, Attorney General
Margaret Eckrote, Deputy Attorney General
Daniel Walsh, Senior Assistant Attorney General
Charles Thimmesch, Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and Director,
Consumer Protection Division
Matthew Michaloski, Deputy Attorney General
Erica Sullivan, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Scott.Barnhart@atg.in.gov

*Counsel for Plaintiff State of Indiana*

Daniel Cameron, Attorney General
J. Christian Lewis, Executive Director of
Consumer Protection
Philip R. Heleringer, Deputy Executive Director of
Consumer Protection
Jonathan E. Farmer, Assistant Attorney General
Office of the Attorney General, Commonwealth of
Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*

Jeff Landry, Attorney General
Christopher J. Alderman, Assistant Attorney
General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
AldermanC@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

Stephen M. Hoeplinger
Assistant Attorney General
Missouri Attorney General's Office
815 Olive St., Suite 200
St. Louis, Missouri 63101
Stephen.Hoeplinger@ago.mo.gov
*Counsel for Plaintiff State of Missouri*

Lynn Fitch, Attorney General
Hart Martin, Special Assistant Attorney General
Crystal Utley Secoy, Assistant Attorney General
Office of the Attorney General, State of
Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Hart.Martin@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

Austin Knudsen, Attorney General
Rebekah J. French, Assistant Attorney General,
Office of Consumer Protection
Office of the Attorney General, State of Montana
P.O. Box 200151
555 Fuller Avenue, 2nd Floor
Helena, Montana 59620-0151
Rebekah.french@mt.gov

*Counsel for Plaintiff State of Montana*

Rebecca M. Hartner, Assistant Attorney General
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney General
C. Havird Jones, Jr., Senior Assistant Deputy
Attorney General
Mary Frances Jowers, Assistant Deputy Attorney
General
Office of the Attorney General, State of South
Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
RHartner@scag.gov

*Counsel for Plaintiff State of South Carolina*

19

Joshua L. Kaul, Attorney General
Gwendolyn J. Lindsay Cooley, Assistant Attorney
General
Wisconsin Department of Justice
17 W. Main St.
Madison, Wisconsin 53701
Gwendolyn.Cooley@Wisconsin.gov

*Counsel for Plaintiff State of Wisconsin*

By: /s/ *Jonathan B. Sallet*
Jonathan B. Sallet, Special Assistant Attorney
General (D.C. Bar No. 336198)
Steven Kaufmann, Deputy Attorney General (D.C.
Bar No. 1022365 inactive)
Diane R. Hazel, First Assistant Attorney General
(D.C. Bar No. 1011531 inactive)
Erica Fruiterman, Special Assistant Attorney
General
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Tel: 720-508-6000
Jon.Sallet@coag.gov
Steve.Kaufmann@coag.gov
Diane.Hazel@coag.gov
Erica.Fruiterman@coag.gov

*Counsel for Plaintiff State of Colorado*

Joseph M. Conrad
Matthew K. McKinley
Office of the Attorney General of Nebraska
2115 State Capitol Building
Lincoln, NE 68509
402-471-3840
Matt.McKinley@nebraska.gov
Joseph.conrad@nebraska.gov

*Counsel for Plaintiff Nebraska*

William F. Cavanaugh
Patterson Belknap Webb and Tyler LLP
1133 Avenue of the Americas
New York, NY, 10036
wfcavanaugh@pbwt.com
212-336-2793

*Counsel for Plaintiff States of Colorado and Nebraska*

Brunn W. (Beau) Roysden III, Solicitor General
Michael S. Catlett, Deputy Solicitor General
Christopher M. Sloot, Assistant Attorney General
Arizona Office of the Attorney General
2005 North Central Avenue
Phoenix, Arizona 85004
Tel: (602) 542-3725
Dana.Vogel@azag.gov

*Counsel for Plaintiff State of Arizona*

Bryce A. Pashler
Attorney General's Office for the State of Iowa
1305 East Walnut Street, 2nd Floor
Des Moines, IA 50319
(515) 725-5391
bryce.pashler@ag.iowa.gov

*Counsel for Plaintiff Iowa*

Elinor R. Hoffmann
Morgan J. Feder
Office of the Attorney General of New York
28 Liberty Street, 21st Floor
New York, NY 10005
212-416-8513
elinor.hoffmann@ag.ny.gov
morgan.feder@ag.ny.gov

*Counsel for Plaintiff New York*

Jonathan R. Marx
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
919-716-6000
Jmarx@Ncdoj.Gov
jsutton2@ncdoj.gov

*Counsel for Plaintiff North Carolina*

J. David McDowell
Christopher Dunbar
Office of The Attorney General & Reporter P.O.
Box 20207
Nashville, TN 37202
615-741-3519
david.mcdowell@ag.tn.gov
chris.dunbar@ag.tn.gov

*Counsel for Plaintiff Tennessee*

Tara Pincock
Attorney General's Office Utah
160 E 300 S, Ste 5th Floor
PO Box 140874
Salt Lake City, UT 84114
801-366-0305
tpincock@agutah.gov

*Counsel for Plaintiff Utah*

Jeff Pickett
Senior Assistant Attorney General
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Tel: (907) 269-5100
jeff.pickett@alaska.gov

*Counsel for Plaintiff Alaska*

Nicole Demers
State of Connecticut Office of the Attorney
General
165 Capitol Avenue, Ste 5000
Hartford, CT 06106
860-808-5202
nicole.demers@ct.gov

*Counsel for Plaintiff Connecticut*

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
302-577-8924
michael.undorf@delaware.gov

*Counsel for Plaintiff Delaware*

Elizabeth Gentry Arthur
David Brunfeld
Office of the Attorney General for the District of
Columbia
400 6th Street NW
Washington, DC 20001
202-724-6514
elizabeth.arthur@dc.gov
david.brunfeld@dc.gov

*Counsel for Plaintiff District of Columbia*

Leevin Taitano Camacho, Attorney General
Fred Nishihira, Chief, Consumer Protection
Division
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Tel: (671)-475-3324

*Counsel for Plaintiff Guam*

23

Rodney I. Kimura
Office of the Attorney General of Hawaii
Commerce & Economic Development
425 Queen Street
Honolulu, HI 96813
808-586-1180
rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff Hawaii*

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. State St., 2nd Fl.
PO Box 83720
Boise, ID 83720-0010
208-332-3549
john.olson@ag.idaho.gov

*Counsel for Plaintiff Idaho*

Joseph Chervin
Elizabeth Maxeiner
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
312-793-3891
jchervin@atg.state.il.us
elizabeth.maxeiner@ilag.gov

*Counsel for Plaintiff State of Illinois*

Lynette R. Bakker
Office of the Attorney General of Kansas
Consumer Protection & Antitrust
120 S.W. 10th Avenue, Ste 2nd Floor
Topeka, KS 66612-1597
785-368-8451
lynette.bakker@ag.ks.gov

*Counsel for Plaintiff Kansas*

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
Augusta, ME 04333-0006
207-626-8838
christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

Schonette J. Walker
Assistant Attorney General
Chief, Antitrust Division
Office of the Attorney General
swalker@oag.state.md.us

Gary Honick
Assistant Attorney General
Deputy Chief, Antitrust Division
Office of the Attorney General
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
410-576-6480
ghonick@oag.state.md.us

*Counsel for Plaintiff Maryland*

William T. Matlack, Assistant Attorney General
Chief, Antitrust Division
Michael B. MacKenzie, Assistant Attorney
General
Deputy Chief, Antitrust Division
Office of the Attorney General
One Ashburton Place, 18th Fl.
Boston, MA 02108
Tel: (617) 727-2200
William.Matlack@mass.gov
Michael.Mackenzie@mass.gov

*Counsel for Plaintiff Massachusetts*

Justin Moor, Assistant Attorney General
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2130
(651) 757-1060
justin.moor@ag.state.mn.us

*Counsel for Plaintiff Minnesota*

Marie W.L. Martin
Michelle Christine Newman
Lucas J. Tucker
Nevada Office of the Attorney General
Bureau of Consumer Protection
100 N. Carson Street
Carson City, NV 89701
775-624-1244
mwmartin@ag.nv.gov
mnewman@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff Nevada*

Brandon Garod
Office of Attorney General of New Hampshire
33 Capitol Street
Concord, NH 03301
603-271-1217
brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff New Hampshire*

Isabella R. Pitt, Deputy Attorney General
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
973-648-7819
Isabella.Pitt@law.njoag.gov

*Counsel for Plaintiff New Jersey*

Judith E. Paquin, Assistant Attorney General
Cholla Khoury
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87504
Tel: 505.490.4885
jpaquin@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff New Mexico*

Parrell D. Grossman
Director
Elin S. Alm
Assistant Attorney General
Consumer Protection & Antitrust Division
Office of the Attorney General of North Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
701-328-5570
pgrossman@nd.gov
ealm@nd.gov

*Counsel for Plaintiff North Dakota*

Beth Ann Finnerty
Mark Kittel
Jennifer Pratt
Office of The Attorney General of Ohio, Antitrust
Section
30 E Broad Street, 26th Floor
Columbus, OH 43215
614-466-4328
beth.finnerty@ohioattorneygeneral.gov
mark.kittel@ohioattorneygeneral.gov
jennifer.pratt@ohioattorneygeneral.gov

*Counsel for Plaintiff Ohio*

Caleb J. Smith Assistant Attorney General
Consumer Protection Unit
Office of the Oklahoma Attorney General
313 NE 21st St
Oklahoma City, OK 73105
Tel: (405) 522-1014
Caleb.Smith@oag.ok.gov

*Counsel for Plaintiff Oklahoma*

Cheryl Hiemstra
Oregon Department of Justice
1162 Court St NE
Salem, OR 97301
503-934-4400
cheryl.hiemstra@doj.state.or.us

*Counsel for Plaintiff Oregon*

27

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Tel: (717) 787-4530
jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Pennsylvania*

Guarionex Díaz Martínez
Assistant Attorney General Antitrust Division
Puerto Rico Department of Justice
PO Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 1201
gdiaz@justicia.pr.gov

*Counsel for Plaintiff Puerto Rico*

Stephen Provazza
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400
SProvazza@riag.ri.gov

*Counsel for Plaintiff Rhode Island*

Yvette K. Lafrentz
Office of The Attorney General of South Dakota
1302 E. Hwy 14, Suite1
Pierre, SD 57501
605-773-3215
yvette.lafrentz@state.sd.us

*Counsel for Plaintiff South Dakota*

Ryan G. Kriger
Office of The Attorney General of Vermont
109 State St.
Montpelier, VT 05609
802-828-3170
ryan.kriger@vermont.gov

*Counsel for Plaintiff Vermont*

Tyler Timothy Henry
Office of the Attorney General of Virginia
Antitrust Unit/Consumer Protection Section
202 N. 9th Street
Richmond, VA 23219
804-786-6557
thenry@oag.state.va.us

*Counsel for Plaintiff Virginia*

Amy Hanson
Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-5419
amy.hanson@atg.wa.gov

*Counsel for Plaintiff Washington*

Douglas Lee Davis
Tanya L. Godfrey
Office of Attorney General, State of West Virginia
P.O. Box 1789
812 Quarrier Street, 1st Floor
Charleston, WV 25326
304-558-8986
doug.davis@wvago.gov
tanya.l.godfrey@wvago.gov

*Counsel for Plaintiff West Virginia*

Misha Westby
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
(307) 777-6397
Misha.Westby@wyo.gov

*Counsel for Plaintiff Wyoming*