IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **State of Colorado, et. al.,**<br>**Plaintiffs,**<br><br>vs.<br><br>**Google,**<br>**LLC.**<br>**Defendant.** | Civil Action No. 20-cv-3715<br>Hon. Amit P. Mehta |

## MOTION OF THE AMERICAN ANTITRUST INSTITUTE FOR LEAVE TO FILE AN *AMICUS* BRIEF

The American Antitrust Institute ("AAI") ("Proposed *Amicus*") respectfully moves for leave to file an *amicus* brief in this case in support of the Plaintiff States' Opposition to Google's Motion for Summary Judgment. The proposed brief, which is attached as Exhibit A, addresses the legal standard for Sherman Act Section 2 claims on summary judgment, and in particular, the applicability of caselaw on product design, refusal to deal and price squeeze. As an independent, nonprofit organization devoted to promoting competition that protects consumers, businesses and society, AAI has a strong interest in ensuring that the standards adopted by courts in assessing a motion for summary judgment allow for effective Section 2 enforcement. Proposed *Amicus* submit that the brief is desirable for the reasons discussed below. The filing is timely because the redacted versions of Plaintiffs' Oppositions to Google's Motion for Summary Judgement have only been publicly available since February 16, 2023. Moreover, no party will be prejudiced by the timing because Defendant Google is able to review this filing a week before Defendant Google's deadline for a reply. Proposed *Amicus*'s brief complies with the requirements in LCvR 7(o) including its 25-page limit.

1

**STATEMENT OF INTEREST**

AAI is an independent, nonprofit organization devoted to promoting competition that protects consumers, businesses, and society. It serves the public through research, education, and advocacy on the benefits of competition and the use of antitrust enforcement as a vital component of national and international competition policy. AAI enjoys the input of an Advisory Board that AAI enjoys the input of an Advisory Board that consists of over 130 prominent antitrust lawyers, law professors, economists, and business leaders.

Proposed *Amicus*' interest in this matter is that they are public interest advocates who seek to improve the administration of the antitrust laws and ensure that antitrust enforcement best serves the interests of competition and consumers. The Court's analysis and ultimate decision in this matter affects the Proposed *Amici* because those goals cannot be achieved without appropriate application of summary judgment standards in monopolization cases.

---

[1] Individual views of members of AAI's Board of Directors or Advisory Board may differ from AAI's positions.

## ARGUMENT

I. **Proposed *Amicus*' brief is desirable as it embraces a matter essential to the disposition of the case and provides additional insight for the Court not likely to come from the parties' briefing.**

Leave to file *amicus* briefs is appropriate when a putative *amicus* has "a sufficient 'interest' in the case and [its] brief is 'desirable' and discusses matters that are 'relevant to the disposition of the case.'" *Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 128 (3d. Cir. 2002) (Alito, J.); *see* Fed. R. App. P. 29(a)(3)(B); LCvR 7(o) (standards for *amicus* briefs); *see also United States v. Philip Morris USA Inc.*, No. 99-2496, 2005 WL 8160465, at *2 (D.D.C. Sept. 1, 2005) (quoting *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003)) (granting leave to file amicus brief where the proposed *amici* could "provide the [Court] 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide'").

"[I]t is preferable to err on the side of granting leave." *Neonatoglogy Associates,* 293 F.3d at 132-33. "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved ......." *Trunk v. City of San Diego*, No. 06cv1597, 2007 WL 9776582, at *1 (S.D. Cal. Dec. 10, 2007). And federal appellate courts "grant motions for leave to file *amicus* briefs unless it is obvious that the proposed briefs do not meet [the enumerated] criteria as broadly interpreted." *Neonatoglogy Associates, 293 F.3d at*133; *see Massachusetts Food Ass'n v. Massachusetts Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 567 (1st Cir. 1999) (Boudin, J.) ("[A] court is usually delighted to hear additional arguments from able *amici* that will help the court toward right answers ....... ").

Here, Proposed *Amicus* submits that its brief would be useful and desirable because it lays out the proper legal framework for summary judgment on a Sherman Act Section 2 claim and emphasizes the problematic consequences for antitrust enforcement if defendants can successful move for summary judgement under a legal framework that discounts the mutually reinforcing and synergistic effects of its alleged monopolistic conduct or by invoking caselaw on exceptions to antitrust scrutiny that are not applicable as a matter of law or policy.

Unlike the briefing from the parties, the proposed *amicus* brief focuses primarily on the proper legal framework for summary judgement and not the merits of the present matter.  AAI is uniquely qualified to present this perspective as it brings a wealth of experience and expertise in the field and specifically in questions about the standards for an adequate Sherman Act Section 2 claim.  AAI has filed amicus briefs in multiple cases regarding the proper standard for motions to dismiss and summary judgment in Sherman Act Section 2 claims, including most recently, *Innovative Health.v. Biosense,* No. 22-55413 (9th Cir.), *New York v. Facebook,* No. 21-7078 (D.C. Cir.), and *Sanofi-Aventis U.S., LLC,  v. Mylan, Inc.* No. 21-3005 (10th Cir). *See* [https://www.antitrustinstitute.org/work-products/type/amicus-briefs/](https://www.antitrustinstitute.org/work-products/type/amicus-briefs/).

Finally, Google moves for summary judgment on all counts of the States' case so the proper application of summary judgment standards in Sherman Act Section 2 will be essential to the proper disposition of the case.

## II. Proposed *Amicus* has conferred with the parties to this litigation.

Based on communications with the parties, Proposed *Amicus* understands that Google objects to Proposed *Amicus*' Motion, while Plaintiffs do not oppose the Motion.

## CONCLUSION

For the foregoing reasons, Proposed *Amicus* respectfully requests that the court grant their Motion for Leave to File an *Amicus* Brief and order that Proposed *Amicus* may file the attached *amicus* brief.

Respectfully submitted,

/s/ *Kathleen Bradish*

KATHLEEN BRADISH (D.C. BAR NO. 494750)
AMERICAN ANTITRUST INSTITUTE
1025 Connecticut Avenue, NW, Suite 1000
Washington, DC 20036
(202) 304-0195
kbradish@antitrustinstitute.org
*Counsel to Proposed Amicus Curiae*

Dated: February 17, 2023

## CERTIFICATE OF SERVICE

      I hereby certify that on Feburary 17, 2023, I electronically filed a true and correct copy of the foregoing **MOTION OF THE AMERICAN ANTITRUST INSTITUTE FOR LEAVE TO FILE AN *AMICUS* BRIEF** with the Clerk via the CM/ECF system which will send notification of such filing and service upon all counsel of record.

*/s/ Kathleen Bradish*
Kathleen Bradish
American Antitrust Institute
1025 Connecticut Avenue NW, Suite 1000
Washington, D.C., 20036
P: 202-304-0195