# EXHIBIT B

**Subject:** Re: US v. Google/Colorado v. Google -- Request for defendant's position on motion for leave to file amicus brief
**Date:** Thursday, February 16, 2023 at 12:37:39 PM Eastern Standard Time
**From:** Dinielli, David
**To:** Schmidtlein, John, Lawrence, David (ATR), Greenblum, Benjamin, screighton@wsgr.com, wwaszmer@wsgr.com, Matthew.McGinnis@ropesgray.com, Severt, Adam T (ATR), Dintzer, Kenneth (ATR), jon.sallet@coag.gov
**CC:** Joseph Wardenski

Dear John:

Thank you for the response. We will indicate that Google intends to oppose the motion when we file it tomorrow.

Yours,

David Dinielli
Tech Accountability & Competition Project,
a division of the Media Freedom & Information
Access Clinic at the Yale Law School

---

**From:** Schmidtlein, John <JSchmidtlein@wc.com>
**Date:** Thursday, February 16, 2023 at 12:12 PM
**To:** Lawrence, David (ATR) <David.Lawrence@usdoj.gov>, Dinielli, David <david.dinielli@yale.edu>, Greenblum, Benjamin <BGreenblum@wc.com>, screighton@wsgr.com <screighton@wsgr.com>, wwaszmer@wsgr.com <wwaszmer@wsgr.com>, Matthew.McGinnis@ropesgray.com <Matthew.McGinnis@ropesgray.com>, Severt, Adam T (ATR) <Adam.Severt@usdoj.gov>, Dintzer, Kenneth (ATR) <Kenneth.Dintzer2@usdoj.gov>
**Cc:** Joseph Wardenski <joe@wardenskilaw.com>
**Subject:** RE: US v. Google/Colorado v. Google -- Request for defendant's position on motion for leave to file amicus brief

Dear Counsel:
Google will oppose your motion for leave to file an amicus brief in this matter.  It is not timely, nor does it otherwise meet the requirements of Local Rule 7(o)(2).
Regards,

**John E. Schmidtlein**
**Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
(P) 202-434-5901 |
JSchmidtlein@wc.com | www.wc.com/jschmidtlein

**From:** Lawrence, David (ATR) <David.Lawrence@usdoj.gov>
**Sent:** Monday, February 13, 2023 10:12 AM
**To:** Dinielli, David <david.dinielli@yale.edu>; Schmidtlein, John <JSchmidtlein@wc.com>; Greenblum, Benjamin <BGreenblum@wc.com>; screighton@wsgr.com; wwaszmer@wsgr.com; Matthew.McGinnis@ropesgray.com; Severt, Adam T (ATR) <Adam.Severt@usdoj.gov>; Dintzer, Kenneth (ATR) <Kenneth.Dintzer2@usdoj.gov>
**Cc:** Joseph Wardenski <joe@wardenskilaw.com>
**Subject:** RE: US v. Google/Colorado v. Google -- Request for defendant's position on motion for leave to file amicus brief

Thanks David.  I'm adding here Ken Dintzer and Adam Severt who are counsel of record for the United States on this matter.
Best,
-Dave

**From:** Dinielli, David <david.dinielli@yale.edu>
**Sent:** Monday, February 13, 2023 9:31 AM
**To:** jschmidtlein@wc.com; bgreenblum@wc.com; screighton@wsgr.com; wwaszmer@wsgr.com; Matthew.McGinnis@ropesgray.com
**Cc:** Lawrence, David (ATR) <David.Lawrence@usdoj.gov>; Joseph Wardenski <joe@wardenskilaw.com>
**Subject:** [EXTERNAL] US v. Google/Colorado v. Google -- Request for defendant's position on motion for leave to file amicus brief

Dear Counsel:

My name is David Dinielli, and I supervise the Tech Accountability & Competition Project (TAC), a clinical offering at the Yale Law School in which we develop and deploy legal strategies to reduce and remediate societal and personal harms attributable to (a) the exercise of market power in digital markets, especially by the large platforms; and/or (b) the design or use of new digital technologies in ways that undermine rights or fail to respect the dignity of all people.

I write in connection with the *United States v. Google* and *State of Colorado v. Google* cases relating to the alleged monopolization and illegal maintenance of monopolization of certain markets related to Google's provision of general search services. My purpose is to ask whether Google will oppose a motion for leave to file an amicus brief. TAC intends to file the motion for leave this coming Friday, February 17. The proposed amicus brief will support the States' and the United States' opposition to Google's motion for summary judgment.

The brief, written on behalf of several renown behavioral economists as proposed amici, will explain the field of behavioral economics, the fact that its principles have been validated by decades of theoretical and empirical research, and its relevance to understanding the dynamics of competition as it actually presents itself, especially in markets where consumers appear to behave irrationally.

Specifically, the brief will (1) identify defaults as a market feature well understood to create a kind of consumer "stickiness" that, for various reasons, deters switching by consumers even when doing so would be in their economic self interest; (2) explain why the strength of that stickiness is amplified in no-cash-price markets; (3) describe how this default stickiness substantially increases the amount of capital that rivals and entrants must devote to the effort to reach customers subject to the default; (4) observe that when defaults favor an incumbent with market power, they likely operate to exclude competitors in that rivals cannot risk the capital necessary to outbid the large incumbent for the default position or to generate work arounds; (5) demonstrate that the exclusionary effects of defaults obtain

without regard to whether users can replace the default product or service with one of their choosing; and (6) conclude, therefore, that Google's suggestion that the arrangements by which it secures the default position at all search access points cannot be exclusionary because the defaults are not "exclusive" is wrong as a matter of economics; (7) further observe that any analysis of the dynamics of competition related to general search that failed to incorporate what behavioral economics says about the power of defaults and their exclusionary effects, or that credited Google's inaccurate assertion that the absence of "technical exclusivity" means its defaults cannot be deemed exclusionary, would be incomplete if not wrong. So too would be any antitrust ruling premised on a conception of competition in search that was flawed in these ways.

We have targeted Friday, February 17 as our motion filing date in light of the local rule's directive that such motions be filed in a timely manner such they do not unduly delay the Court's ability to rule on any pending motion. We understand that a public redacted version of the United States' brief in opposition to Google's motion has not been filed but is expected to be filed later this week. We have chosen a filing date for our motion (which will include the proposed amicus brief as an exhibit) that may provide amici as little *one day* in which to review the United States' brief before filing our own proposed brief in support. Amici accept that they will have only a short period with the brief they intend to support, because doing so will provide Google *a full seven days to incorporate in its reply papers any responses to our brief that Google deems necessary*.

I would hope that seven days is a sufficient time for Google's legal team to respond to a student-authored, one-issue amicus brief, especially in light the fact that I have in this email outlined in unusual detail the brief's structure and substantive arguments, and in light of our expectation that the arguments in our brief will build on arguments already made by the United States in a brief that Google's counsel have had for weeks.

With that, I ask whether Google will oppose TAC's motion for leave to file the amicus brief as described above, on February, 17, 2023. I look forward to your client's response.

Yours,

David Dinielli
Supervisor of the Tech Accountability & Competition Project,
a division of the Media Freedom & Information Access Clinic
at the Yale Law School

---

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.