# Exhibit 27

# FILED UNDER SEAL

| | |
|---|---|
| **From:** | Safty, Graham <GSafty@wc.com> |
| **Sent:** | Monday, January 30, 2023 2:44 PM |
| **To:** | Murdock-Park, Erin (ATR); Schmidtlein, John |
| **Cc:** | Bellshaw, Meagan (ATR); Herrmann, Karl (ATR); 'jon.sallet@coag.gov'; Dintzer, Kenneth (ATR); Severt, Adam T (ATR); Goldstein, Jeremy (ATR); Aguilar, Diana (ATR); Hammond, Matthew (ATR); Paine, Kelsey; Michaloski, Matthew; 'Conrad, Joseph'; 'Wismer, Evangeline'; 'McKinley, Matt'; michael.schwartz@ag.ny.gov; Connor, Colette; Maier, Gloria; 'Rubinstein, Franklin'; 'Baimel, Stuart'; 'Popofsky, Mark S.'; Hafenbrack, Joshua (ATR) |
| **Subject:** | [EXTERNAL] RE: U.S. v. Google - letter regarding instant message retention |
| **Attachments:** | 2023.01.30 Letter to E. Murdock-Park.pdf |

Erin,

Please see the attached letter from John Schmidtlein.

Best,

**Graham Safty**
**Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5548 | vcard | www.wc.com/gsafty

---

**From:** Murdock-Park, Erin (ATR) <Erin.Murdock-Park@usdoj.gov>
**Sent:** Thursday, January 26, 2023 2:50 PM
**To:** Safty, Graham <GSafty@wc.com>; Schmidtlein, John <JSchmidtlein@wc.com>
**Cc:** Bellshaw, Meagan (ATR) <Meagan.Bellshaw@usdoj.gov>; Herrmann, Karl (ATR) <Karl.Herrmann@usdoj.gov>; 'jon.sallet@coag.gov' <jon.sallet@coag.gov>; Dintzer, Kenneth (ATR) <Kenneth.Dintzer2@usdoj.gov>; Severt, Adam T (ATR) <Adam.Severt@usdoj.gov>; Goldstein, Jeremy (ATR) <Jeremy.Goldstein@usdoj.gov>; Aguilar, Diana (ATR) <Diana.Aguilar@usdoj.gov>; Hammond, Matthew (ATR) <Matthew.Hammond@usdoj.gov>; Paine, Kelsey <Kelsey.Paine@oag.texas.gov>; Michaloski, Matthew <Matthew.Michaloski@atg.in.gov>; 'Conrad, Joseph' <joseph.conrad@nebraska.gov>; 'Wismer, Evangeline' <Evangeline.wismer@nebraska.gov>; 'McKinley, Matt' <Matt.McKinley@nebraska.gov>; michael.schwartz@ag.ny.gov; Connor, Colette <CConnor@wc.com>; Maier, Gloria <GMaier@wc.com>; 'Rubinstein, Franklin' <frubinstein@wsgr.com>; 'Baimel, Stuart' <sbaimel@wsgr.com>; 'Popofsky, Mark S.' <Mark.Popofsky@ropesgray.com>; Hafenbrack, Joshua (ATR) <Joshua.Hafenbrack@usdoj.gov>
**Subject:** RE: U.S. v. Google - letter regarding instant message retention

Graham,

Please see the attached.

Best,
Erin

Erin Murdock-Park (she/her/hers)
Tel. 202-445-8082

1

This message may contain privileged and/or confidential communications and should be read only by the intended recipient. If you believe you have received this message in error, please delete it and contact the sender.

---

**From:** Safty, Graham <GSafty@wc.com>
**Sent:** Wednesday, January 25, 2023 8:25 PM
**To:** Murdock-Park, Erin (ATR) <Erin.Murdock-Park@usdoj.gov>; Schmidtlein, John <JSchmidtlein@wc.com>
**Cc:** Bellshaw, Meagan (ATR) <Meagan.Bellshaw@usdoj.gov>; Herrmann, Karl (ATR) <Karl.Herrmann@usdoj.gov>; 'jon.sallet@coag.gov' <jon.sallet@coag.gov>; Dintzer, Kenneth (ATR) <Kenneth.Dintzer2@usdoj.gov>; Severt, Adam T (ATR) <Adam.Severt@usdoj.gov>; Goldstein, Jeremy (ATR) <Jeremy.Goldstein@usdoj.gov>; Aguilar, Diana (ATR) <Diana.Aguilar@usdoj.gov>; Hammond, Matthew (ATR) <Matthew.Hammond@usdoj.gov>; Paine, Kelsey <Kelsey.Paine@oag.texas.gov>; Michaloski, Matthew <Matthew.Michaloski@atg.in.gov>; 'Conrad, Joseph' <joseph.conrad@nebraska.gov>; 'Wismer, Evangeline' <Evangeline.wismer@nebraska.gov>; 'McKinley, Matt' <Matt.McKinley@nebraska.gov>; michael.schwartz@ag.ny.gov; Connor, Colette <CConnor@wc.com>; Maier, Gloria <GMaier@wc.com>; 'Rubinstein, Franklin' <frubinstein@wsgr.com>; 'Baimel, Stuart' <sbaimel@wsgr.com>; 'Popofsky, Mark S.' <Mark.Popofsky@ropesgray.com>; Hafenbrack, Joshua (ATR) <Joshua.Hafenbrack@usdoj.gov>
**Subject:** [EXTERNAL] RE: U.S. v. Google - letter regarding instant message retention

Erin,

We are reviewing your letter with our client and expect to be able to provide a substantive response by the first part of next week. If you have any questions about the information provided with the response, we will be available for a meet and confer.

Best,

**Graham Safty**
**Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5548 | vcard | www.wc.com/gsafty

---

**From:** Murdock-Park, Erin (ATR) <Erin.Murdock-Park@usdoj.gov>
**Sent:** Friday, January 20, 2023 5:17 PM
**To:** Schmidtlein, John <JSchmidtlein@wc.com>
**Cc:** Bellshaw, Meagan (ATR) <Meagan.Bellshaw@usdoj.gov>; Herrmann, Karl (ATR) <Karl.Herrmann@usdoj.gov>; 'jon.sallet@coag.gov' <jon.sallet@coag.gov>; Dintzer, Kenneth (ATR) <Kenneth.Dintzer2@usdoj.gov>; Severt, Adam T (ATR) <Adam.Severt@usdoj.gov>; Goldstein, Jeremy (ATR) <Jeremy.Goldstein@usdoj.gov>; Aguilar, Diana (ATR) <Diana.Aguilar@usdoj.gov>; Hammond, Matthew (ATR) <Matthew.Hammond@usdoj.gov>; Paine, Kelsey <Kelsey.Paine@oag.texas.gov>; Michaloski, Matthew <Matthew.Michaloski@atg.in.gov>; 'Conrad, Joseph' <joseph.conrad@nebraska.gov>; 'Wismer, Evangeline' <Evangeline.wismer@nebraska.gov>; 'McKinley, Matt' <Matt.McKinley@nebraska.gov>; michael.schwartz@ag.ny.gov; Safty, Graham <GSafty@wc.com>; Connor, Colette <CConnor@wc.com>; Maier, Gloria <GMaier@wc.com>; 'Rubinstein, Franklin' <frubinstein@wsgr.com>; 'Baimel, Stuart' <sbaimel@wsgr.com>; 'Popofsky, Mark S.' <Mark.Popofsky@ropesgray.com>; Hafenbrack, Joshua (ATR) <Joshua.Hafenbrack@usdoj.gov>
**Subject:** U.S. v. Google - letter regarding instant message retention

Counsel,

Please see the attached.

Best,
Erin Murdock-Park

USDOJ-GOOGEX-000052

Erin Murdock-Park (she/her/hers)
Senior Litigation Counsel
U.S. Department of Justice
Antitrust Division
Tel: 202-445-8082

This message may contain privileged and/or confidential communications and should be read only by the intended recipient. If you believe you have received this message in error, please delete it and contact the sender.

---

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

USDOJ-GOOGEX-000053

LAW OFFICES

## WILLIAMS & CONNOLLY LLP*

JOHN E. SCHMIDTLEIN
(202) 434-5901
jschmidtlein@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

January 30, 2023

**BY EMAIL DELIVERY**

Erin Murdock-Park, Esq.
U.S. Department of Justice
450 Fifth Street, NW
Washington, DC 20530
Erin.Murdock-Park@usdoj.gov

> Re:    *United States, et al. v. Google LLC,* **No. 20-cv-03010 (D.D.C.)**

Dear Erin:

I write in response to your letters of January 20 and 26, 2023.

As I explained in my January 11, 2023 letter, there is no justification for requesting additional discovery-on-discovery at this late stage of the case. If the DOJ had further questions about Google Chats or other document discovery matters, it had ample opportunity to raise them during its pre-Complaint investigation or fact discovery during this litigation. Nevertheless, we are providing the following requested information.

Your January 20 letter requests copies of Google's chat retention policy that were in effect at any time between August 2019 and the present. Later today we will produce each version of the chat retention policy, including the version currently in effect. Google did not maintain a standalone written chat retention policy before November 2020. As we have previously explained, chat retention was referenced in Google's Gmail retention policy, which the DOJ received in November 2019.

Your January 20 letter requests excerpts of depositions in the *Epic* litigation that address Google's chat retention policy, the deponent's chat practices, or the deponent's retention of chats. We will upload to JEFS later today excerpts of depositions that address these topics.

Your January 20 letter also requests unredacted versions of all filings related to the motion to sanction Google for failure to preserve documents in the *Epic* litigation. My January 11 letter referenced the Joint Case Management Statement dated December 9, 2021, which has

January 30, 2023
Page 2

been available on the public docket since that date.  In addition, we will upload to JEFS the sealed versions of the motion for sanctions and supporting papers filed October 13, 2022; the opposition to the motion filed November 3, 2022; the reply filed November 10, 2022; and the parties' submissions in response to the Court's questions on January 23 and 27, 2023.[1]

By reference to your November 23, 2022 letter, you have requested confirmation that each document custodian from the DOJ's investigation and litigation was subject to a legal hold as well as information about the date the hold went into effect.  The employees from whom Google has agreed to collect and produce documents in the DOJ's pre-Complaint investigation and/or this litigation were placed on hold as they were identified as potential document custodians, beginning in fall 2019 and continuing throughout the investigation and litigation.  For example, dozens of additional employees were placed on legal hold in February 2020 as they were identified as potential custodians in connection with the DOJ's investigation, and dozens more were placed on legal hold in January 2021 as they were newly identified in connection with this litigation.  In addition, consistent with its policies, Google periodically sent out legal hold reminders to all custodians that reiterated the custodian's preservation obligations, including regarding chat retention.

Through your November 23, 2022 letter, the DOJ also seeks copies of the legal hold in this case, as well as steps taken to ensure compliance with the hold.  While some of the requested information is privileged, we can disclose without waiving any applicable privilege that the steps included implementing automated preservation tools in the manner described in the records retention and Gmail retention policies, as well as notifying the custodians by email of the reason for and nature of their preservation obligations.  As part of that process, custodians were instructed and reminded not to use any third-party or Google messaging apps (including Google Chat) to discuss topics covered by the legal hold, and to ensure that if such messages are created that they are preserved by, for example, turning "history on."  With respect to the series of questions in your November 23, 2022 letter regarding whether and when individual custodians have turned "history on," we refer you to the declaration of Devin Chen filed on January 24, 2023 in the *Epic* litigation referenced above.

Finally, we strongly disagree with the suggestion in your January 26, 2023 letter that there is any basis for a sanction or other form of relief in connection with Google's document preservation efforts.  Google has made extraordinary efforts to gather and produce relevant information in this case, and took reasonable steps to preserve information likely to be responsive to Plaintiffs' discovery requests.  *See, e.g.*, *Mannina v. District of Columbia*, 437 F. Supp. 3d 1, 12-13 (D.D.C. 2020) (explaining that "[p]arties may determine how best to meet their preservation duties, based on the scope of the lawsuit and the sources of relevant evidence," and that "[t]he Court looks to the entirety of the [party's] preservation efforts, without treating any single step as dispositive"); *Cheatham v. Mayorkas*, 2021 WL 4148359, at *17 (D.D.C. Sept. 13, 2021) (noting that "[a] sanction for failure to preserve evidence is appropriate only when a party has consciously disregarded its obligation to do so" (quoting *Shepherd v. Am. Broad. Cos.*,

---

[1] Please note that the sealed filings and other materials we are producing today have been designated "Confidential" under the Stipulated Protective Order.

USDOJ-GOOGEX-000055

January 30, 2023
Page 3

62 F.3d 1469, 1481 (D.C. Cir. 1995)).  In connection with both the investigation and litigation of the consolidated DOJ and Colorado cases, Google collected hundreds of thousands of Google Chats from the agreed custodians.  A tiny fraction of those Chats hit on the agreed-upon search terms and were reviewed for responsiveness to the discovery requests in these cases, yielding an even more miniscule number of responsive documents—well under 1% of all Chats collected.  These produced documents are, of course, dwarfed by Google's production of over 4 million other documents in the investigation and litigation.  Finally, the search distribution agreements that form the bases for the DOJ's lawsuit have been in place for many, many years and Google has produced an enormous volume of historical documents and data about those written agreements—more than enough for Plaintiffs to litigate their claims in this case.

While we unequivocally reject the implication that any sanction could be warranted in this case, if Plaintiffs have further questions about the materials we are producing today or this subject more generally, we will consider them in good faith and be available to confer if needed.

Sincerely,

John E. Schmidtlein

cc:  Matthew K. McKinley, Esq.