# Exhibit 30

# FILED UNDER SEAL



**U.S. Department of Justice**

Antitrust Division

---

*Alex Cohen*
*450 Fifth Street NW*
*Washington, DC 20530*
*(347) 244-2502*

June 30, 2021

**BY EMAIL DELIVERY**

Stuart Baimel
Wilson Sonsini Goodrich Rosati
1700 K Street NW
Washington, D.C. 20006
sbaimel@wsgr.com

      Re:    *United States, et al. v. Google LLC*, No. 1:20-cv-03010-APM

Dear Stuart:

We write to follow up on our June 29 call regarding the collection and processing of text messages and instant messages ("IMs"). We posed several questions to Google in an effort to assess the adequacy of Google's collection, review, and processing of these documents. Google's answers to these questions will help Plaintiffs assess whether Google's proposal is appropriate and sufficient to capture relevant and responsive information.

First, Google stated that it will segment text messages by day for purposes of searching, reviewing for responsiveness, and producing. If this is incorrect, please advise. Please also explain what time zone Google will use to determine where to segment a text message conversation. Given that text message conversations may frequently cross over multiple days, please explain what if any solutions Google has for addressing this. Please also explain (1) how IMs will be segmented for searching, reviewing, and producing; and (2) whether IM conversations will be split into different segments.

Second, Google stated that it was running the agreed upon search strings and associated date ranges against both text messages and IMs. If this is incorrect, please advise. In addition, please advise whether there are any technical issues or limitations associated with running the agreed upon search terms.

Third, Google stated that images exchanged via text message or IM will be preserved and produced. If this is incorrect, please advise. In addition, please advise whether other file types such as documents exchanged via text message or IM will be preserved and produced.

Fourth, please confirm which metadata fields will be produced for text messages and IMs.

Fifth, please confirm the date ranges associated with the collection of text messages and IMs on a per custodian basis and any limitations on the collection, i.e. how far back Google was able to collect text messages and IMs for each custodian.

Sixth, Plaintiffs request two hit reports: one for text messages and one for IMs. Please confirm that these reports will show the volume of the collections, in total and by custodian, as well as hit counts for each search string, in total and by custodian. At this time, it is not clear whether the previously agreed upon search strings are appropriate for identifying relevant and responsive text messages and IMs. Obtaining these reports will "assess the efficiency of the proposed search terms" as applied to text messages and IMs. ESI Order, Section 3, paragraph 3.

Finally, please confirm that text messages and IMs will be produced for all applicable custodians by July 31. Further, please advise whether Google is able to produce the text messages for the prioritized text-message custodian (Joan Braddi) by July 16.

We look forward to your response.

    Sincerely,

    */s/ Alex Cohen*

cc:
John E. Schmidtlein, Esq. (jschmidtlein@wc.com)
Mark S. Popofsky, Esq. (Mark.Popofsky@ropesgray.com)
Colette T. Connor, Esq. (cconnor@wc.com)
Franklin M. Rubinstein, Esq. (frubinstein@wsgr.com)

USDOJ-GOOGEX-000027