# Exhibit 35

# FILED UNDER SEAL

**WILSON SONSINI**

Wilson Sonsini Goodrich & Rosati
Professional Corporation

1700 K Street NW
Fifth Floor
Washington, D.C. 20006-3817
O: 202.973.8800
F: 202.973.8899

STUART B. BAIMEL
Internet: sbaimel@wsgr.com
Direct dial: (202) 971-8033

May 2, 2022

**VIA E-MAIL**

Diana Aguilar
Technology and Digital Platforms Section
U.S. Department of Justice
450 Golden Gate Avenue
San Francisco, CA 94102

Re:     *United States v. Google*, 1:20-cv-03010 (D.D.C.)

Dear Diana:

On behalf of Google LLC ("Google"), I write in response to your April 26, 2022 letter regarding Google's productions of text messages and instant messages (IMs). Google provided detailed information as to how text messages and IMs would be searched, reviewed and produced on July 23, 2021.[1] *For over nine months,* DOJ Plaintiffs never responded or objected to the parameters set forth in Google's July 23, 2021 letter. Google proceeded to collect, review and produce these documents on that understanding, and has long since completed that process.

Now, with little over a week remaining in the fact discovery period, DOJ Plaintiffs demand that Google apply 67 mostly single-word search terms (some of them highly generic, like "Harry" or "Play"), for ten custodians, and complete this review in *one week*. These demands are contrary to the longstanding understanding of the parties and are utterly unreasonable.

Google has produced more than 30 million pages of documents in this case and DOJ Plaintiffs have deposed dozens of Google employees—including almost all of the custodians listed in your letter. Given the extensive discovery already provided to DOJ Plaintiffs, the additional requested discovery now is disproportionate to the needs of the case. Your letter provides no basis

---

[1] The letter also stated that Google would not provide hit reports for text messages and IMs as it was understood that the search term agreements between Plaintiffs and Google would suffice for this purpose. Of course, DOJ Plaintiffs did not object.

AUSTIN   BEIJING   BOSTON   BRUSSELS   HONG KONG   LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN DIEGO   SAN FRANCISCO   SEATTLE   SHANGHAI   WASHINGTON, DC   WILMINGTON, DE

USDOJ-GOOGEX-000035

WILSON SONSINI

Page 2

for any suggestion that text messages hitting on the litany of additional search terms proposed will generate unique, material information, nor does it justify proposing entirely new search terms above and beyond those used for other electronic documents in this case.

 Finally, DOJ Plaintiffs' statement that "documents produced by both Google and third parties indicate that many substantive discussions occur over text message or IM" is not relevant for the reasons noted above, and does not justify taking a radically different discovery approach at this stage in the litigation. Many of the documents cited in your letter for this proposition were produced more than a year ago, and some were produced before this litigation even started. If DOJ Plaintiffs believed a different set of search terms should be applied to text messages and IMs, they should have timely responded to Google's July 23, 2021 correspondence. Now—nine months later, with a week remaining in the discovery period—Google will not review or produce any additional text messages and IMs beyond those already agreed. Google has met its obligations for this category of documents.

 Sincerely,

 WILSON SONSINI GOODRICH & ROSATI
 Professional Corporation

 /s/ Stuart B. Baimel