# Exhibit 50

# FILED UNDER SEAL

**Volume 2**

**Pages 145 - 308**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable James Donato, Judge

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ) <br> ANTITRUST LITIGATION ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> Epic Games, Inc. vs. Google LLC, et al., ) <br> Case No. 3:20-cv-05671-JD ) <br> ) <br> In Re Google Play Consumer Antitrust ) <br> Litigation, Case No. 3:20-cv-05761-JD ) <br> ) <br> State of Utah, et al. v. Google LLC, ) <br> et al., Case No. 3:21-cv-05227-JD ) <br> ) <br> Match Group, LLC, et al. vs. Google LLC, ) <br> et al., Case No. 3:22-cv-02746-JD ) <br> _____ ) | NO. 21-md-02981-JD |

San Francisco, California
Tuesday, January 31, 2023

**TRANSCRIPT OF PROCEEDINGS**

**IN RE EVIDENTIARY HEARING ON CHAT PRESERVATION**

**APPEARANCES**:

For Plaintiff Epic Games in C 20-05671 JD:
        CRAVATH SWAINE AND MOORE LLP
        825 Eighth Avenue
        New York, New York 10019
    **BY: LAUREN ANN MOSKOWITZ, ATTORNEY AT LAW**
        **GARY A. BORNSTEIN, ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

REPORTED BY: Ana Dub, RDR, RMR, CRR, CCRR, CRG, CCG
        CSR No. 7445, Official United States Reporter

```
 1   APPEARANCES:   (CONTINUED)

 2   For Plaintiff Epic Games in C 20-05671 JD:
                        FAEGRE DRINKER BIDDLE & REATH LLP
 3                      Four Embarcadero Center
                        27th Floor
 4                      San Francisco, California 94111
                   BY:  PAUL J. RIEHLE, ATTORNEY AT LAW
 5

 6   For the Consumer Class Plaintiffs in C 20-05761-JD:
                        KAPLAN FOX AND KILSHEIMER LLP
 7                      850 Third Avenue
                        14th Floor
 8                      New York, New York 10022
                   BY:  HAE SUNG NAM, ATTORNEY AT LAW
 9                      AARON L. SCHWARTZ, ATTORNEY AT LAW

10                      BARTLIT BECK LLP
                        1801 Wewatta Street
11                      Suite 1200
                        Denver, Colorado 80202
12                 BY:  KARMA M. GIULIANELLI, ATTORNEY AT LAW
                        GLEN E. SUMMERS, ATTORNEY AT LAW
13
                        BARTLIT BECK LLP
14                      54 West Hubbard Street
                        Suite 300
15                      Chicago, Illinois 60654
                   BY:  JOHN D. BYARS, ATTORNEY AT LAW
16                      LEE MASON, ATTORNEY AT LAW

17   For Plaintiff Brian McNamara/In Re Google Play Consumer
     Antitrust Litigation, C 20-07361 JD:
18                      COTCHETT, PITRE & MCCARTHY LLP
                        San Francisco Airport Office Center
19                      840 Malcolm Road
                        Burlingame, California 94010
20                 BY:  NANCI E. NISHIMURA, ATTORNEY AT LAW

21   For Plaintiffs in Carroll/In Re Google Play Consumer Antitrust
     Litigation, C 20-07379 JD:
22                      PRITZKER LEVINE LLP
                        1900 Powell Street, Suite 450
23                      Emeryville, California 94608
                   BY:  ELIZABETH C. PRITZKER, ATTORNEY AT LAW
24

25           (APPEARANCES CONTINUED ON FOLLOWING PAGE)
```

```
 1   APPEARANCES:  (CONTINUED)

 2   For State of Utah and the Plaintiff States in C 21-05227-JD:
                           OFFICE OF THE UTAH ATTORNEY GENERAL
 3                         160 East 300 South
                           Fifth Floor
 4                         Salt Lake City, Utah 84114
                     BY:   LAUREN M. WEINSTEIN
 5                         BRENDAN P. GLACKIN
                           ASSISTANT ATTORNEYS GENERAL
 6

 7   For Match Group, LLC in C 22-02746-JD:
                           HUESTON HENNIGAN LLP
 8                         620 Newport Center Drive, Suite 1300
                           Newport Beach, California 92660
 9                   BY:   DOUGLAS J. DIXON, ATTORNEY AT LAW

10

11   For Defendants:
                           MORGAN LEWIS & BOCKIUS LLP
12                         One Market Street, 28th Floor
                           Spear Street Tower
13                         San Francisco, California 94105-1596
                     BY:   BRIAN C. ROCCA, ATTORNEY AT LAW
14                         MICHELLE PARK CHIU, ATTORNEY AT LAW

15                         MUNGER TOLLES & OLSON LLP
                           350 South Grand Avenue
16                         Fiftieth Floor
                           Los Angeles, California 90071
17                   BY:   GLENN D. POMERANTZ, ATTORNEY AT LAW
                           GREGORY P. STONE, ATTORNEY AT LAW
18                         JAMIE B. LUGURI, ATTORNEY AT LAW

19                         MUNGER, TOLLES & OLSON LLP
                           560 Mission Street, 27th Floor
20                         San Francisco, California 94105
                     BY:   JUSTIN P.  RAPHAEL, ATTORNEY AT LAW
21

22   Also Present:         Jimmy Mendoza
                           Josh Stanhill
23

24

25
```

## I N D E X

Tuesday, January 31, 2023 - Volume 2

|  | PAGE | VOL. |
|---|---|---|
| Closing Argument by Mr. Summers | 169 | 2 |
| Closing Argument by Mr. Pomerantz | 241 | 2 |

1   chats, because I have not heard a rational explanation for why
2   you just didn't say:  Can I tell you about our chat system?
3   Here's how it works.  What do you want to do about it?  Here's
4   our view.  It doesn't mean anything.  People talk about gossip.
5   It's expensive.  So we don't really want to do it.
6       Just have the -- Mr. Pomerantz, you and I have been around
7   the block a million times.  You know that's what you do at the
8   beginning of a case.  You tell the other side so that we don't
9   have to have hearings like this three years into the case,
10  "Here's our situation."
11      I don't understand -- I've not heard a single credible
12  explanation for why that didn't happen, which leads me to infer
13  it was an intentional effort not to preserve chat.
14      **MR. POMERANTZ:**  Your Honor, I am absolutely certain that
15  it wasn't intentional.
16      **THE COURT:**  How could it not have been?  You made no
17  effort --
18      **MR. POMERANTZ:**  I guess what I would say, Your Honor, is
19  I've been working with this team for the last year.  We have
20  done everything we can to turn over anything the other side
21  has, and we've worked through so many issues.  I've seen the
22  behavior day in and day out.
23      You know, this case has involved a lot of discovery
24  questions that never hit Your Honor's desk.  And the reason why
25  is because there's reasonable people on their side and there's

1   reasonable people on our side and we work it out.

2   I don't think there was any intent back then to say, "I
3   don't want to tell them this."  There's nothing in the record
4   that suggests that's happening, and there's nothing in my
5   experience that would suggest that's what happened either with
6   Mr. Rocca and his firm or anybody I've met at Google.  I just
7   think people didn't talk about it, and I wish they had, and I
8   don't believe there was any intent.

9   **THE COURT:**  Okay.  I'm with you on that second point.  I'm
10  not going to ask again.  And maybe there's no answer and I'll
11  accept that.  But I just need to know why people just didn't
12  talk about it, because you have documents -- Google has
13  internal document policies that expressly reference Chat as an
14  alternative to e-mail, expressly guide people to using Chat, as
15  we've seen.  We've seen all the evidence, Google training and
16  other documents saying:  Hey, if it's sensitive, you might want
17  to use Chat.

18  It's plain as day to any objectively reasonable lawyer,
19  any objectively reasonable lawyer, that Chat is going to
20  contain possibly relevant evidence; and yet it's never
21  mentioned just because.  I don't -- it's just very hard for me
22  to understand the "just because" part.  That's all that I'm
23  saying.

24  **MR. POMERANTZ:**  I will do my best to persuade you
25  otherwise through my presentation.  I will probably be not as

1  long as Mr. Summers, but I have some details that I want to
2  share with you.
3       **THE COURT:** All right.
4       **MR. POMERANTZ:** Details that you didn't see from
5  Mr. Summers.
6       **THE COURT:** Okay.
7       **MR. POMERANTZ:** So, Your Honor --
8       **THE COURT:** Do you have a hard copy, by the way?
9       **MR. POMERANTZ:** I do.  I'm sorry.  Yes.
10      **THE COURT:** If you have two of them, that would be great.
11  Okay.  Thank you.
12      **MR. POMERANTZ:** Your Honor, I apologize for the size.  I
13  have a smaller one because I couldn't handle the big ones up
14  here, but I have the same slides you do.
15      Does anybody else need slides?
16      **THE COURT:** Oh, okay.  Yeah.
17      **MR. POMERANTZ:** Slides over there?  Okay.
18      **THE COURT:** All right.  Go ahead.
19      **MR. POMERANTZ:** All right.  Thank you, Your Honor.
20                          **CLOSING ARGUMENT**
21      **MR. POMERANTZ:** So you just heard plaintiffs' counsel
22  weave together portions of documents and testimony to accuse
23  Google of some pretty serious things.  And the question,
24  Your Honor, is whether he fairly captured all of the relevant
25  facts.  Your Honor, respectfully, I don't think he has, and