Exhibit 52

FILED UNDER SEAL

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>       Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>       Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |

## NOTICE OF DEPOSITION

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure ("Rule 30(b)(6)"), Local Rules 26.2 and 30.1, Plaintiffs in the above-captioned cases will take the following deposition at the time and location listed below or such other time and location as is agreed upon:

Name:   Corporate Representative of Google LLC ("Google")

Time:   To Be Determined

Location:  Liberty Square Building
     Department of Justice, Antitrust Division
     450 5th Street NW
     Washington, DC 94102

The deposition will be recorded by stenographic, audio, video, and videoconference means before an officer authorized to administer oaths. The deposition will be taken for the purposes of discovery, for use at trial in this matter, and for any other purposes permitted under the Federal Rules of Civil Procedure or the Amended Case Management Order.

You are hereby advised that Google must designate one or more officers, directors, managing agents, or other persons to testify on behalf of Google as to information known or reasonably available to Google regarding the topics listed in Schedule A.

Dated: [DATE]

By: ____*/s/ Kenneth M. Dintzer*____
Kenneth M. Dintzer
Erin Murdock-Park (DC Bar # 1019993)
Joshua Hafenbrack (DC Bar #1017128)
Karl E. Herrmann (D.C. Bar #1022464)
U.S. Department of Justice, Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 227-1967
Kenneth.Dintzer2@usdoj.gov
Erin.Murdock-Park@usdoj.gov
Joshua.Hafenbrack@usdoj.gov

*Counsel for Plaintiff United States of America*

2

## CERTIFICATE OF SERVICE

I certify that on [DATE] I served the foregoing Notice of Deposition on the below

individuals via e-mail.

For Defendant Google LLC:

> John Schmidtlein
> WILLIAMS & CONNELLY LLP
> 725 12th Street NW
> Washington, DC 20005
> Telephone: (202) 434-5901
> jschmidtlein@wc.com
>
> Franklin M. Rubinstein
> WILSON SONSINI
> GOODRICH & ROSATI P.C.
> 1700 K St, NW
> Washington, DC 20006
> Telephone: (202) 973-8833
> frubinstein@wsgr.com
>
> Mark S. Popofsky
> ROPES & GRAY LLP
> 2099 Pennsylvania Avenue, NW
> Washington, DC 20006
> Telephone: (202) 508-4624
> Mark.Popofsky@ropesgray.com

Dated:  [DATE]

By:___*/s/ Karl E. Herrmann*_____
Karl E. Herrmann (D.C. Bar #1022464)
U.S. Department of Justice, Antitrust Division
Technology and Digital Platforms Section
450 Fifth Street, NW
Washington, DC 20001
Telephone: (202) 476-0316
Karl.herrmann@usdoj.gov

*Counsel for Plaintiff United States of America*

**SCHEDULE A**

1.   Google's document preservation policies, including (a) its preservation policies and practices for instant messages or chats; (b) any litigation hold or holds that Google issued with respect to the Investigation or this Litigation; and (c) whether, when, and in what circumstances Google has now suspended its 24-hour auto-delete policy for chat messages with respect to this Litigation and/or other ongoing or reasonably anticipated litigations and/or investigations.

2.   The extent to which employees and document custodians in this case conducted chats with the default "history off" setting enabled, including: (a) each employee subject to a litigation hold that may have conducted or did conduct "history off" chats from May 1, 2019, to present regarding matters potentially relevant to the Investigation or this Litigation, and the extent to which they did so, including any declarations submitted by Google employees addressing these topics; (b) any direction or statements that Google provided to its employees about conducting chats with the "history off" or "off the record" setting (*see* GOOG-PLAY-005029860); (c) whether and the extent to which any custodian in this case corresponded on Google's chat platform regarding matters potentially relevant to the Investigation or this Litigation with the knowledge that those chats would be preserved for 24 hours and then automatically deleted; and (d) documents produced in the Investigation or this Litigation, if any, that were preserved because a custodian took steps to preserve a "history off" chat that otherwise would have been automatically deleted after 24 hours.

3. Google's efforts, if any, to monitor or audit whether custodians in this case turned their chat history "on" when discussing matters potentially relevant to the Investigation or this Litigation.

## **DEFINITIONS**

1. The terms "Google" means Google LLC, its domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing. The terms "parent," "subsidiary," "affiliate," and "joint venture" refer to any person in which there is partial (25 percent or more) or total ownership or control between the company and any other person.

2. The term "including" means including, but not limited to.

3. The term "Investigation" means the Department of Justice's investigation into unlawful monopolization by Google in the market for online search and related advertising markets, *see* Civil Investigative Demand No. 30092 (Aug. 30, 2019).

4. The term "Litigation" means *United States, et al. v. Google LLC*, No. 1:20-cv-03010-APM.