## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| | HON. AMIT P. MEHTA |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |

| | |
|---|---|
| STATE OF COLORADO, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| GOOGLE LLC, | **FILED UNDER SEAL** |
| Defendant. | |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS STATES' MOTION FOR SANCTIONS AGAINST GOOGLE, LLC AND AN EVIDENTIARY HEARING TO DETERMINE APPROPRIATE RELIEF

### I.    INTRODUCTION

Plaintiff States bring their motion in support of the motion filed by the U.S. Department of Justice, ECF No. 495, requesting that the Court sanction Google and hold an evidentiary hearing to determine the appropriate remedy for the destruction of relevant materials that would have otherwise been discoverable during the governments' investigations and discovery in this action.  Plaintiff States' case has been consolidated with the case brought by the U.S. Department of Justice for pretrial purposes, including discovery and related proceedings, 1:20-cv-03715, Order Granting in Part and Denying in Part Pls. Mot. To Consolidate, ECF No. 67 (Jan. 7, 2021),

and Plaintiff States anticipate that any trial on the merits of the two cases will be conducted jointly. Nov. 30, 2021, Hr'g Tr. at 46:10-47-3.[1] Therefore, the same misconduct in which the U.S. Department of Justice alleges Google has engaged is equally applicable to Plaintiff States and should be subject to all the same curative measures.

Google owes Plaintiff States and the U.S. Department of Justice the same duty to preserve its internal chat messages. Google's duty to preserve employee chat messages began at least as early as 2019 when it anticipated litigation stemming from the U.S. Department of Justice's investigation. Moreover, Google owed a specific duty to preserve these materials as to Plaintiff States when the State of Nebraska served Google with a Civil Investigative Demand ("CID") on January 17, 2020, requesting Google produce the same materials previously produced pursuant to CIDs served by the U.S. Department of Justice. In response to the Nebraska CID, Google agreed to produce documents previously produced to the U.S. Department of Justice. Therefore, Google's practice of deleting chat messages necessarily inflicted overlapping prejudice upon Plaintiff States and the U.S. Department of Justice.

The Electronically Stored Information ("ESI") Order entered by the Court makes plain Google's obligation to preserve internal chat messages. Amended ESI Order, ECF No. 99 (Jan. 21, 2021).[2] The ESI Order requires Google to "modify its retention practices to ensure the preservation of potentially responsive Documents and ESI." *Id*. at 4. Google failed to take these measures, despite internal chat messages being subject to discovery in this case.

---

[1] Per the Court's order consolidating the cases for pre-trial, Plaintiff States will file a formal motion to consolidate in a timely manner. 1:20-cv-03715, Order Granting in Part and Denying in Part Pls. Mot. To Consolidate, ECF No. 67 (Jan. 7, 2021).
[2] The original ESI Order, ECF No. 86 (Dec. 21, 2020), contains the same preservation obligations.

In addition, Google's misconduct inflicted particularized prejudice upon Plaintiff States because the spoliated information was likely relevant to the additional anticompetitive conduct alleged by Plaintiff States.  These allegations include Google's anticompetitive operation of SA360 and discriminatory treatment of Specialized Vertical Providers ("SVPs").  As Plaintiff States have explained in their opposition to Google's motion for summary judgment, the harm that flows from Google's purchases of exclusive default positions is magnified by its conduct in the operation of SA360 and treatment of SVPs.  The three categories of conduct work together to reinforce and facilitate competitive harm as a single coherent set of actions.  In response to Plaintiff States' reliance on a broader set of anticompetitive conduct, Google agreed during discovery to provide broader discovery than necessitated by the U.S. Department of Justice's complaint standing alone, including by searching the files of additional custodians.  Jt. Status Report, ECF No. 135 (May 24, 2022) ("the Parties agreed on a set of search terms, custodians, and date ranges," which included additional custodians for Plaintiff States' First RFP.).  For example, employees focused on the operation of SA360 largely do not overlap with other custodians.  To the extent Google failed to preserve documents from custodians with unique relevance to Plaintiff States' case, Plaintiff States suffer additional prejudice.

## II.   BACKGROUND

Despite Google's representations that it had implemented a legal hold and suspended auto-deletion of relevant information, Google knowingly destroyed documents relevant to this litigation and has done so for years.  At issue is Google's decision to destroy relevant instant messages, despite a duty to preserve, collect, and product relevant instant messages from agreed upon custodians.  Google's retention of instant messages is largely governed by a user-accessible setting called the "history" button.  Chats with the history button on are generally preserved for 30 days to 18 months; chats performed with the history button off are preserved for 24 hours and

then deleted.  For one-on-one chats, if users do not intentionally toggle "history on," chats will not be preserved longer than 24 hours.  Moreover, if a user toggles "history on" in the middle of an existing chat, only chats from that point forward are retained for more than 24 hours.

Plaintiff States filed their complaint on December 17, 2020, and the Court consolidated Plaintiff States' and the U.S. Department of Justice's actions for pretrial purposes, including discovery and all related proceedings.  *See* 1:20-cv-03715-APM, Order Granting in Part and Denying in Part Pls. Mot. To Consolidate, ECF No. 67 (Jan. 7, 2021).  As the Court contemplated early in this litigation, Plaintiff States coordinated their discovery efforts with the U.S. Department of Justice and relied upon certain negotiations between Google and the U.S. Department of Justice.  ECF No. 108-1, ¶ 9 ("Plaintiffs in the DOJ Action and Plaintiffs in the Colorado Action shall coordinate their requests for production of document…"); *see id*. at fn.6 (indicating that all plaintiffs constitute one "side").  Accordingly, Plaintiff States accepted representations Google made to the U.S. Department of Justice as applying to Google's discovery obligations to Plaintiff States.

As discussed more fulsomely in the U.S. Department of Justice's motion, Google indicated that it put a legal hold in place and that the legal hold suspended auto-deletion. Memorandum in Support of The United States' Motion for Sanctions Against Google, LCC and An Evidentiary Hearing to Determine Appropriate Relief, ECF No. 495, at 28-29.  Further, throughout the litigation, Google repeatedly confirmed that it was preserving and collecting chats.  *Id*.  Importantly, Plaintiff States coordinated with the U.S. Department of Justice in seeking discovery from Google.  Indeed, Requests Nos. 1 and 2 of Plaintiff States' First Set of Requests for Production seek all information produced by Google to U.S. Department of Justice

in response to any civil investigative demand or request for production.  Ex. A, Plaintiff States'

First Requests for Production of Documents to Defendant Google LLC, at 15.

## III.   STANDARD

A party is entitled to sanctions pursuant to Rule 37(e) when electronically stored

information is lost because a party failed to take reasonable steps to preserve it and it cannot be

restored or replaced through additional discovery.  FED. R. CIV. P. 37(e).  A court can issue more

severe sanctions upon a finding of intent.  FED. R. CIV. P. 37(e)(2).  "The standard of proof for

the award of issue-related sanctions, such as the preclusion of evidence or adverse inference

instructions, is a preponderance of the evidence."  *Mannina v. D.C.*, 437 F. Supp. 3d 1, 6 (D.D.C.

2020).

## IV.   ARGUMENT

### A.  Google Had a Duty to Preserve Relevant Chat Messages.

Google had a duty to preserve relevant chat messages as early as 2019 when it anticipated

litigation stemming from the U.S. Department of Justice' investigation.  That obligation was

reinforced when the State of Nebraska issued a civil investigative demand in early 2020.  It is

uncontroverted that Google's employee chats constitute electronically stored information that

should have been preserved in anticipation of litigation.  Indeed, Google preserved and produced

some chats.

A duty to preserve arises when a party anticipates litigation, which reasonably occurs

once a governmental investigation has begun.  *Borum v. Brentwood Vill.*, 332 F.R.D. 38, 45

(D.D.C. 2019); *See also Gerlich v. U.S. Dep't of Just.*, 711 F.3d 161, 171 (D.C. Cir. 2013) (duty

to preserve "triggered . . . by a reasonably foreseeable Department [of Justice] investigation").

Here, the U.S. Department of Justice issued civil investigative demands in 2019 and certain

Plaintiff States issued civil investigative demands in January 2020.  As such, Google had a duty

to preserve relevant electronically stored information, including chat messages, since receiving

those civil investigative demands and that duty has remained constant throughout Plaintiff

States' investigation and this litigation.

### B.  Google Knowingly and Intentionally Destroyed Relevant Chat Messages.

By failing to turn off the auto-delete function for employee chats, or at the very least

ensuring that document custodians preserved these materials through some other method, Google

"failed to take reasonable steps to preserve" the chat messages at issue here.  FED. R. CIV. P.

37(e).  Google understood its duty to preserve materials as indicated by its implementation of a

litigation hold and representations that it had suspended auto-deletions.  However, Google

disregarded this duty and routinely deleted relevant chat messages.

Google defaulted most chat sessions to "history-off," requiring each individual custodian

to take affirmative steps to preserve each relevant chat.  While Google could have set the default

"history on" for all employees subject to a legal hold, Google did not do so.  Memorandum in

Support of The United States' Motion for Sanctions Against Google, LCC and An Evidentiary

Hearing to Determine Appropriate Relief, ECF No. 495, Ex. 1, PX-120, at 43:22-44:9; 45:15-17.

By Google's own admission in *Epic*[3]*,* it has not preserved all chats for employees under a

litigation hold in any case over the past five years.  *See Epic*, No. 3:21-md-02981-JD, ECF No.

429 at 6.

Google's destruction of chat messages remained ongoing throughout discovery.  Despite

its obligations under the ESI Order and requests by Plaintiffs that Google cease destroying

---

[3] The Northern District of California recently held an evidentiary hearing on the plaintiffs' motion for sanctions against Google for its chat deletion practices in the litigation *Epic Games, Inc. v. Google, LLC*, No. 3:20-cv-5671, as consolidated, *In Re: Google Play Store Antitrust Litig.*, No. 3:21-md-2981 (together, "*Epic*").

potentially relevant evidence, Google did not agree until February 7, 2023, to cease the destruction and implemented that agreement on February 9, 2023.  Google's newfound representation; however, is an empty one.  It does nothing to rectify the multiyear destruction of potentially relevant evidence.  Indeed, Google's failure harmed Plaintiff States' ability to gather relevant evidence for both the liability and separate remedy proceedings in this litigation.  *See* ECF No. 264, ¶ 1 (indicating that there will be a separate proceeding for liability and remedy).

Google cannot shift the burden of maintaining relevant evidence to its employees. *Samsung*, 881 F. Supp. 2d at 1137 ("[I]t generally is recognized that when *a company or organization* has a document retention policy, *it* is obligated to suspend that policy") (cleaned up) (italics added).  Moreover, the Court should attribute evidence of destruction by Google's employees to the company.  *See, e.g., E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 803 F. Supp. 2d 469, 506-07 (E.D. Va. 2011) ("A party may be held responsible for the spoliation of relevant evidence done by its agents.").  As such, Google bears responsibility when employees conducted chats about business matters with the retention setting to "history off."

Additionally, Google's conduct represents an intentional disregard of its obligation to preserve relevant electronically stored information.  "[A] party's conscious dereliction of a known duty to preserve electronic data is both necessary and sufficient to find that the party 'acted with the intent to deprive another party of the information's use' under Rule 37(e)(2)." *Ungar v. City of New York*, 329 F.R.D. 8, 13 (E.D.N.Y. 2018) (citing cases); *accord, e.g., Doe v. Wesleyan Univ.*, 2022 WL 2656787, at *15 (D. Conn. July 8, 2022) ("[W]hether the spoliator affirmatively destroys the data, or passively allows it to be lost, that party may be sanctioned for the spoliation of evidence" under Rule 37(e)(2).).  Upon a finding of intent, "no separate showing of prejudice is required because 'the finding of intent . . . can support . . . an inference

7

that the opposing party was prejudiced by the loss of information.'"  *Borum*, 332 F.R.D. at 48

(citing Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment).

Google plainly ignored its known duty to preserve chat messages.  For reasons fully

explained in the U.S. Department of Justice' Motions for Sanctions, Google (1) knowingly and

intentionally disregarded its discovery obligations; (2) directed sensitive conversations to chats

with knowledge that those messages would not be discoverable; and (3) misled Plaintiffs to

conceal the company's chat-destruction policy.  Memorandum in Support of The United States'

Motion for Sanctions Against Google, LCC and An Evidentiary Hearing to Determine

Appropriate Relief, ECF No. 495, at 25-28.  For these reasons, the Court should sanction Google

under Rule 37(e)(2).

### C.  Google's Conduct Prejudiced Plaintiff States Because They Were Precluded from Collecting Relevant Materials Regarding Google's Business Decisions.

The resulting prejudice from the spoliation of chat messages in a monopolization case is

heightened because these materials are likely to demonstrate Google's ability to inflict harm to

competition and its incentive or strategy for doing so.  In this case there are no disputes about

whether Google engages in the conduct alleged by Plaintiff States and the U.S. Department of

Justice.  Google readily admits that it (1) enters into contracts with third parties to be the default

search engine; (2) has not implemented Microsoft features into SA360; and (3) prohibits SVPs

from appearing in prominent portions on its search results page.  While these facts are

undisputed, there remain vigorous dispute over the effects of Google's conduct on competition.

As Google's own expert explains, one way to evaluate whether conduct is anticompetitive is to

look at whether the company has a stated strategy of predation.  Ex. B, Dep. of Kenneth Elzinga

(Google Expert) Tr. at 83-4 (Nov. 7, 2022).

However, it is unsurprising that evidence of predation is more likely to be found in internal chats as opposed to emails or memorandums.  As explained in the motion filed by the U.S. Department of Justice, Google has instructed employees to avoid discussing sensitive issues, such as issues related to competition, over email.  Memorandum in Support of The United States' Motion for Sanctions Against Google, LCC and An Evidentiary Hearing to Determine Appropriate Relief, ECF No. 495, Ex. 10, GOOG-DOJ-01849929, at -929 ("Let's not talk about markets and market share via email."); *Id.*, Ex. 1, PX-120, at -264. (training employees that "off the record" chats are "[b]etter than sending [an] email").  And, documents demonstrate that Google employees are keenly aware to be cautious when communicating in records preserved by the company and tend to be more candid when communicating through informal methods.  *Id.* Ex. 19, GOOG-DOJ-03333526, at -528 (reminding others to "keep in mind this chat history is not off."); *Id.,* Ex. 2, GOOG-DOJ-05446651, at -657 ("The assumption is that users often turn History off to discuss sensitive topics.").  Therefore, it is likely that the rationale for Google's challenged business conduct reside, not in emails or memorandums, but in the off-the-record chats Google has failed to preserve.  That is particularly likely because the conduct in this case is not in controversy; rather the case will turn on competitive effects and it is quite likely that communications on the adverse impact of Google's actions on competition would be prime candidates for residing on "off the record" chats.

Those records, however, are largely unavailable to Plaintiffs because of Google's failure to preserve them.  Google only produced 819 chats in this case – a fraction of a percent of the total volume of materials Google produced.  However, despite Google's miniscule production of chats in this case, those that were preserved and therefore capable of being produced demonstrate that custodians relevant to Plaintiff States' claims conducted business over chat.  In fact, one chat

produced specifically mentions Plaintiff States' allegations against Google for its conduct related
to SA360.  Ex. C, GOOG-DOJ-3146488, at -4893 ("but activating across all engines would re-
emphasize the criticism in the Colorado case that we bias to making Google look better...").
Accordingly, it is highly likely that Google failed to preserve other relevant materials by
ignoring its duty to preserve chat messages.

**V.     The Court Should Hold an Evidentiary Hearing to Determine What Sanctions Are
         Appropriate.**

Plaintiff States agree with the U.S. Department of Justice that substantial sanctions are
warranted.  The Court has "broad discretion" in imposing sanctions for spoliation.  *Feld v.
Fireman's Fund Ins. Co.*, 300 F.R.D. 9, 14 (D.D.C. 2014).  As such, Plaintiff States' join the
U.S. Department of Justice's request that the Court set an evidentiary hearing and, in the interim,
order Google to provide answers about its spoliation.

**VI.    Conclusion**

For the foregoing reasons, the Court should grant Plaintiff States' motion for sanctions.

Date: February 12, 2023                    Respectfully submitted by,

                                           FOR PLAINTIFF STATE OF COLORADO:

                                           Jonathan B. Sallet
                                           Special Assistant Attorney General

                                           /s/ Jonathan B. Sallet

                                           Jonathan B. Sallet, DC Bar No. 336198
                                           Jon.Sallet@coag.gov
                                           Steven M. Kaufmann, DC Bar No. 1022365
                                           *(inactive)*
                                           Steve.Kaufmann@coag.gov
                                           Carla Baumel
                                           Carla.Baumel@coag.gov
                                           Elizabeth W. Hereford
                                           Elizabeth.Hereford@coag.gov
                                           Conor J. May
                                           Conor.May@coag.gov
                                           Colorado Office of the Attorney General
                                           1300 Broadway, 7th Floor
                                           Denver, CO 80203
                                           Tel: 720-508-6000

                                           William F. Cavanaugh, Jr.
                                           PATTERSON BELKNAP WEBB & TYLER
                                           LLP
                                           1133 Avenue of the Americas
                                           Suite 2200
                                           New York, NY 10036-6710
                                           212-335-2793
                                           Email: wfcavanaugh@pbwt.com

                                           *Counsel for Plaintiff Colorado*

FOR PLAINTIFF STATE OF NEBRASKA:

Joseph M. Conrad, Assistant Attorney General
Colin P. Snider, Assistant Attorney General
Matthew K. McKinley, Special Assistant
Attorney General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-3840
Joseph.Conrad@nebraska.gov
Colin.snider@nebraska.gov
Matt.Mckinley@nebraska.gov

William F. Cavanaugh , Jr.
PATTERSON BELKNAP WEBB & TYLER
LLP
1133 Avenue of the Americas
Suite 2200
New York, NY 10036-6710
212-335-2793
Email: wfcavanaugh@pbwt.com

*Counsel for Plaintiff Nebraska*


FOR PLAINTIFF STATE OF ARIZONA:

Robert A. Bernheim, Unit Chief Counsel
Arizona Office of the Attorney General
400 West Congress, Ste. S-315
Tucson, Arizona 85701
Tel: (520) 628-6507
Robert.bernheim@azag.gov

*Counsel for Plaintiff Arizona*

FOR PLAINTIFF STATE OF IOWA:

Noah Goerlitz, Assistant Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St., 2nd Floor
Des Moines, IA 50319
Tel: (515) 725-1018
Noah.goerlitz@ag.iowa.gov

*Counsel for Plaintiff Iowa*


FOR PLAINTIFF STATE OF NEW YORK:

Elinor R. Hoffmann
Morgan J. Feder
Michael Schwartz
Office of the Attorney General of New York
28 Liberty Street, 21st Floor
New York, NY 10005
212-416-8513
Elinor.hoffmann@ag.ny.gov
Morgan.feder@ag.ny.gov
Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff New York*

13

FOR PLAINTIFF STATE OF NORTH
CAROLINA:

Kunal Janak Choksi
Joshua Daniel Abram
Jonathan R. Marx
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
919-716-6000
kchoksi@ncdoj.gov
jabram@ncdoj.gov
jmarx@ncdoj.gov
jsutton2@ncdoj.gov

*Counsel for Plaintiff North Carolina*


FOR PLAINTIFF STATE OF TENNESSEE:

J. David McDowell
Chris Dunbar
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville.TN 37202
(615) 741-8722
David.McDowell@ag.tn.gov
Chris.Dunbar@ag.tn.gov

*Counsel for Plaintiff Tennessee*

FOR PLAINTIFF STATE OF UTAH:

Scott R. Ryther
Tara Pincock
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 142320
Salt Lake City, Utah 84114
385-881-3742
sryther@agutah.gov
tpincock@agutah.gov

*Counsel for Plaintiff Utah*


FOR PLAINTIFF STATE OF ALASKA:

Jeff Pickett
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Tel: (907) 269-5100
Jeff.pickett@alaska.gov

*Counsel for Plaintiff Alaska*


FOR PLAINTIFF STATE OF CONNECTICUT:

Nicole Demers
Office of the Attorney General of Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
860-808-5202
Nicole.demers@ct.gov

*Counsel for Plaintiff Connecticut*

FOR PLAINTIFF STATE OF DELAWARE:

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
302-577-8924
Michael.undorf@delaware.gov

*Counsel for Plaintiff Delaware*


FOR PLAINTIFF DISTRICT OF COLUMBIA:

Elizabeth Gentry Arthur
Office of the Attorney General for the District of
Columbia
400 6th Street NW
Washington, DC 20001
202-724-6514
Elizabeth.arthur@dc.gov

*Counsel for Plaintiff District of Columbia*


FOR PLAINTIFF TERRITORY OF GUAM:

Fred Nishihira, Chief, Consumer Protection
Division
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Tel: (671) 475-3324

*Counsel for Plaintiff Guam*

FOR PLAINTIFF STATE OF HAWAI'I:

Rodney I. Kimura
Department of the Attorney General, State of
Hawai'i
Commerce & Economic Development
425 Queen Street
Honolulu, HI 96813
808-586-1180
Rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff Hawai'i*


FOR PLAINTIFF STATE OF IDAHO:

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. State St., 2nd Floor
P.O. Box 83720
Boise, ID 83720
208-334-4114
Brett.delange@ag.idaho.gov
John.olson@ag.idaho.gov

*Counsel for Plaintiff Idaho*


FOR PLAINTIFF STATE OF ILLINOIS:

Elizabeth Maxeiner
Brian Yost
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
773-590-7935
Elizabeth.maxeiner@ilag.gov
Brian.yost@ilag.gov

*Counsel for Plaintiff Illinois*

FOR PLAINTIFF STATE OF KANSAS:

Lynette R. Bakker
Kansas Office of the Attorney General
120 S.W. 10th Avenue., 2nd Floor
Topeka, KS 66612
Tel: (785) 296-3751
Lynette.bakker@ag.ks.gov

*Counsel for Plaintiff Kansas*


FOR PLAINTIFF STATE OF MAINE:

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
August, ME 04333
207-626-8800
Christina.moylan@maine.gov

*Counsel for Plaintiff Maine*


FOR PLAINTIFF STATE OF MARYLAND:

Schonette J. Walker
Gary Honick
Office of the Attorney General of Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
410-576-6480
swalker@oag.state.md.us
ghonick@oag.state.md.us

*Counsel for Plaintiff Maryland*

FOR PLAINTIFF COMMONWEALTH
MASSACHUSETTS:

William T. Matlack
Michael B. MacKenzie
Office of the Attorney General of Massachusetts
One Ashburton Place, 18th Fl.
Boston, MA 02108
Tel: (617) 727-2200
William.matlack@mass.gov
Michael.Mackenzie@mass.gov

*Counsel for Plaintiff Massachusetts*


FOR PLAINTIFF STATE MINNESOTA:

Zachary William Biesanz
Office of the Minnesota Attorney General
Consumer, Wage, and Antitrust Division
445 Minnesota Street, Suite 1400
St. Paul, MN 55101
651-757-1257
Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff Minnesota*


FOR PLAINTIFF STATE OF NEVADA:

Michelle Christine Newman
Lucas J. Tucker
Nevada Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
775-684-1164
mnewman@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff Nevada*

19

FOR PLAINTIFF STATE OF NEW
HAMPSHIRE:

Brandon Garod
Office of Attorney General of New Hampshire
33 Capitol Street
Concord, NH 03301
603-271-1217
Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff New Hampshire*


FOR PLAINTIFF STATE OF NEW JERSEY:

Isabella R. Pitt
Deputy Attorney General
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
973-648-7819
Isabella.Pitt@law.njoag.gov

*Counsel for Plaintiff New Jersey*


FOR PLAINTIFF STATE OF NEW MEXICO:

Judith E. Paquin
Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87504
Tel: 505-490-4885
jpaquin@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff New Mexico*

FOR PLAINTIFF STATE NORTH DAKOTA:

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust Division
Office of the Attorney General of North Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
701-328-5570
ealm@nd.gov

*Counsel for Plaintiff North Dakota*


FOR PLAINTIFF STATE OHIO:

Jennifer Pratt
Beth Ann Finnerty
Mark Kittel
Office of the Attorney General of Ohio
30 E Broad Street, 26th Floor
Columbus, OH 43215
614-466-4328
Jennifer.pratt@ohioattorneygeneral.gov
Beth.finnerty@ohioattorneygeneral.gov
Mark.kittel@ohioattorneygeneral.gov

*Counsel for Plaintiff Ohio*


FOR THE PLAINTIFF STATE OKLAHOMA:

Caleb J. Smith
Office of the Oklahoma Attorney General
313 NE 21st St
Oklahoma City, OK 73105
Tel: (405) 522-1014
Caleb.Smith@oag.ok.gov

*Counsel for Plaintiff Oklahoma*

FOR PLAINTIFF STATE OREGON:

Cheryl Hiemstra
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301
503-934-4400
Cheryl.hiemstra@doj.state.or.us

*Counsel for Plaintiff Oregon*


FOR PLAINTIFF COMMONWEALTH
PENNSYLVANIA:

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Tel: (717) 787-4530
jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Pennsylvania*


FOR PLAINTIFF TERRITORY PUERTO
RICO:

Guarionex Diaz Martinez
Assistant Attorney General
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902
Tel: (787) 721-2900, ext. 1201
gdiaz@justicia.pr.gov

*Counsel for Plaintiff Puerto Rico*

FOR PLAINTIFF STATE RHODE ISLAND:

Stephen Provazza
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400
SProvazza@riag.ri.gov

*Counsel for Plaintiff Rhode Island*


FOR PLAINTIFF STATE SOUTH DAKOTA:

Yvette K. Lafrentz
Office of the Attorney General of South Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
605-773-3215
Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff South Dakota*


FOR PLAINTIFF STATE VERMONT:

Christopher J. Curtis
Assistant Attorney General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
802-828-3170
Ryan.kriger@vermont.gov

*Counsel for Plaintiff Vermont*

FOR PLAINTIFF COMMONWEALTH
VIRGINIA:

Tyler T. Henry
thenry@oag.state.va.us
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Tel: (804) 692-0485

*Counsel for Plaintiff Virginia*


FOR PLAINTIFF STATE WASHINGTON:

Amy Hanson
Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-5419
Amy.hanson@atg.wa.gov

*Counsel for Plaintiff Washington*


FOR PLAINTIFF STATE WEST VIRGINIA:

Douglas Lee Davis
Office of the Attorney General, State of West
Virginia
1900 Kanawha Boulevard, East
Building 6, Suite 402
P.O. Box 1789
Charleston, WV 25305
304-558-8986
Douglas.l.davis@wvago.gov

*Counsel for Plaintiff West Virginia*

FOR PLAINTIFF STATE WYOMING:

Benjamin Peterson
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
(307) 777-6397
Benjamin.peterson2@wyo.gov

*Counsel for Plaintiff Wyoming*