IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| State of Colorado, *et al.*,<br><br>                              Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                              Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

## GOOGLE'S OPPOSITION TO MOTION BY AMERICAN ANTITRUST INSTITUTE FOR LEAVE TO FILE AN AMICUS BRIEF

The motion for leave to file an amicus brief by the American Antitrust Institute ("AAI") should be denied because AAI's purported interest in this matter is adequately represented by Plaintiffs, and because the motion is untimely. Nowhere in the motion does AAI explain why the 38 State Plaintiffs do not have the same interests purportedly held by AAI or the ability to adequately litigate the appropriate legal standard for summary judgment in a Sherman Act Section 2 case, which is the sole issue that AAI purports to advocate for in its proposed brief. Because AAI's untimely motion adds nothing to the already voluminous briefing before the Court, and requiring further briefing after the summary judgment record has been closed would prejudice Google, the Court should deny the motion.

## INTRODUCTION

In December 2020, the Complaint in this case was filed by 38 State Plaintiffs. The Complaint incorporated large portions of the DOJ Plaintiffs' Complaint, but also sought to impose Section 2 liability on Google for an array of conduct not included in the DOJ Plaintiffs'

1

Complaint.  The AAI previously has had no role in this case, is not a third party or expert subject to discovery, and does not have access to the discovery record.

AAI describes itself as "an independent, nonprofit organization devoted to promoting competition that protects consumers, businesses and society." Mot. at 1.  It claims to "enjoy[] the input of an Advisory Board that consists of over 130 prominent antitrust lawyers, law professors, economists, and business leaders." *Id.* at 2.  Its purported interest in this case is "that they are public interest advocates who seek to improve the administration of the antitrust laws and ensure that antitrust enforcement best serves the interests of competition and consumers." *Id.*  AAI claims that its proposed "brief would be useful and desirable because it lays out the proper legal framework for summary judgment on a Sherman Act Section 2 claim," and that it "is uniquely qualified to present this perspective as it brings a wealth of experience and expertise in the field and specifically in questions about the standards for an adequate Sherman Act Section 2 claim." *Id.* at 4.

The AAI has known about the summary briefing schedule, like the rest of the public, for many months and would have known of Google's plans to file for summary judgment for months as well.  Yet, on the eve of the close of summary judgment briefing, AAI sought leave to submit a 22-page brief in support of Plaintiffs' opposition to Google's motion for summary judgment directed at the new conduct alleged by the Colorado Plaintiffs, but not at issue in the DOJ Plaintiffs' Complaint.  AAI suggests that it could not have filed the motion weeks earlier, at the time opposition briefs were due, because Plaintiffs' Opposition was not placed on the public docket until the day before AAI filed, February 16.  AAI further suggests that Google could have incorporated its response to this brief into its 30-page reply brief that was filed on February 27.

2

## **LEGAL STANDARD**

"Courts have wide discretion in deciding whether to grant a third party leave to file an amicus curiae brief." *In the Matter of the Search of Information Associated with [redacted] @mac.com that is Stored at Premises Controlled by Apple, Inc.*, 13 F. Supp. 3d 157, 167 (D.D.C. 2014). "An amicus brief is appropriate where the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *WildEarth Guardians v. Zinke*, 368 F. Supp. 3d 41, 59 (D.D.C. 2019) (internal quotation marks omitted). In other words, courts permit amicus briefs where the amicus "can help the court beyond the help that the lawyers for the parties are able to provide." *Id.* (internal quotation marks omitted). In contrast, courts deny leave to file an amicus brief "where a movant" seeks "to present arguments and insights that [are] not relevant to the stage of litigation." *Wilderness Society v. Trump*, 2019 WL 11556601, at *2 (D.D.C. Mar. 20, 2019); *see also Vanda Pharmaceuticals, Inc. v. FDA*, 436 F. Supp. 3d 256, 277 (D.D.C. 2020).

AAI's motion should be denied because (1) AAI has not demonstrated any unique interest or expertise that differentiates it from Plaintiffs, (2) its proposed brief addresses the very same legal issues that the parties already have thoroughly briefed, and (3) the motion is untimely, coming one week before Google's reply brief was due to be filed.

## I. AAI HAS FAILED TO DEMONSTRATE WHAT INTEREST IT HAS IN THIS MATTER OR WHY IT IS NOT ADEQUATELY REPRESENTED

In order to satisfy the standards for appearing as amicus, AAI must show some "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Jin v. Ministry of State Sec'y*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (internal quotation marks omitted). AAI's motion fails entirely in this regard.

The Plaintiffs in this case comprise 35 states plus the District of Columbia, the Territory of Guam, and the Commonwealth of Puerto Rico.  The Colorado Attorney General's office, which is leading this Plaintiff group, asserts that the lawsuit purports to target conduct that "depriv[es] consumers of the benefits of competitive choices."[1]  AAI, which claims to "advocate" for antitrust enforcement that "best serves the interests of competition and consumers" (Mot. at 1), identifies no different interests.

Plaintiffs, moreover, hardly need assistance to marshal whatever legal arguments they believe are relevant for the Court to consider in connection with Google's motion for summary judgment.  State Attorneys' General regularly litigate antitrust cases across a broad array of industries under federal and state antitrust laws, and they surely are not strangers to opposing motions for summary judgment.  They have hired outside counsel to assist in the prosecution of this case, and dozens of lawyers have entered appearances for the States in this case.  The Plaintiffs' lawsuit is not one where AAI's role as a "public interest advocate" adds anything to justify its motion to participate as an amicus in this case.  *See Georgia v. Ashcroft*, 195 F. Supp. 2d 25, 33 (D.D.C. 2002) (three-judge court) (denying motion for leave to file amicus brief where amicus sought "only to make additional legal arguments on behalf of the United States, a more than adequately represented party"), *vacated on other grounds*, 539 U.S. 461 (2003).

Finally, it strains credulity to suggest that after accepting 130 pages of summary judgment briefing from the parties, the Court needs 22 additional pages from AAI on the "proper legal framework for summary judgment" in this case.  The headings of their argument sections confirm that the proposed brief is largely a rehash of Plaintiffs' Opposition—arguing that all of Plaintiffs' alleged conduct must be analyzed "as a whole" and suggesting that settled case law addressing the

---

[1] https://coag.gov/press-releases/12-17-20/.

antitrust analysis of product design does not apply here.  And a substantial portion of AAI's proposed brief advances arguments about the application of *U.S. v. Microsoft* to Google's motion—a subject exhaustively covered by the parties' briefs.

Accordingly, the motion for leave should be denied *See Iacangelo v. Georgetown University*, 2009 WL 10693231, at *2 (D.D.C. June 11, 2009) (denying motion for leave to file amicus brief in part because there was "no reason to believe" amicus was "better able to present … [relevant] principles and authorities … than counsel for the parties"); *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970) (explaining district courts "lacking joint consent of the parties" should hesitate to accept amicus briefs unless "the amicus has a special interest" or court "feels that existing counsel may need supplementing assistance").

## II.   THE PROPOSED AMICUS BRIEF IS UNTIMELY

Pursuant to the schedule established by the Court on November 29, 2022, redacted copies of Google's motions for summary judgment were filed on the public docket on January 11.  AAI did not file its motion on January 26 when Plaintiffs filed their opposition.  Instead, it waited until February 17 to file its motion, just 10 days before Google's reply briefs were due.  The purported justification for the delay—so that AAI's counsel could review Plaintiffs' publicly filed redacted Oppositions on February 16 (Mot. at 1)—fails to persuade, especially when AAI filed a 22-page brief the very next day.

The record on Google's motions for summary judgment is now closed and oral argument is set for mid-April.  The Court has more than adequate briefing to address Google's pending motion for summary judgment.  Allowing AAI's duplicative brief at this late hour that would require Google to submit an additional response brief in the short period before the summary judgment hearing is unwarranted and prejudicial.  The motion should be denied.

Dated: March 3, 2023

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
Wendy Huang Waszmer (D.C. Bar No. 1631078)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com
wwaszmer@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*