IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*, <br><br>                    Plaintiffs, <br><br> v. <br><br> Google LLC, <br><br>                    Defendant. | Case No. 1:20-cv-03010-APM <br><br> HON. AMIT P. MEHTA |

| | |
|---|---|
| State of Colorado, *et al.*, <br><br>                    Plaintiffs, <br><br> v. <br><br> Google LLC, <br><br>                    Defendant. | Case No. 1:20-cv-03715-APM <br><br> HON. AMIT P. MEHTA |

**GOOGLE'S OPPOSITION TO MOTION BY BEHAVIORAL ECONOMISTS
FOR LEAVE TO FILE AN AMICUS BRIEF**

Local Rule 7(o)(2) requires a proposed amicus to "set forth reasons why an amicus brief is desirable, why the movant's position is not adequately represented by a party, and why the matters are relevant to the disposition of the case." LCvR7(o)(2). The motion for leave submitted on behalf of three behavioral economists ("Economist Amici") fails on all three counts and should be denied.

1

**INTRODUCTION**

These consolidated cases have been in litigation for almost two and a half years. The parties have engaged in significant fact discovery under the protections of a part-negotiated and part-litigated protective order given the highly sensitive and competitively significant commercial information produced by Google and dozens of third parties. Many millions of pages of confidential business records have been produced, including the various search distribution agreements with provisions relating to the setting of Google Search as a default search engine, and extraordinary volumes of search data have been analyzed. Depositions of over a hundred fact witnesses were taken, and 17 experts submitted reports and were deposed. Among those experts are numerous economists, including a behavioral economist proffered by Plaintiff the United States Department of Justice who offers opinions about the operation of defaults in consumer products.

On the eve of the close of summary judgment briefing, the Economist Amici seek leave to submit a brief in support of Plaintiffs' opposition to Google's motion for summary judgment directed at Plaintiffs' claims regarding Google's search distribution agreements. ECF No. 509. Although Economist Amici's proposed brief spans nearly 20 pages, it essentially attempts to offer a single generic expert witness opinion: "defaults are 'sticky.'" Mot. at 3. From this supposition—which is not informed by any evidence (record or otherwise) about how users actually decide which search engine to use on any particular device—Economist Amici argue that any agreement that sets Google as the default search engine must have exclusionary effects regardless of whether it is in fact an exclusive dealing agreement under traditional antitrust law. None of these opinions offer any unique factual or legal argument that the Plaintiffs cannot advance, nor are they relevant to Google's motion for summary judgment.

2

**LEGAL STANDARD**

"Courts have wide discretion in deciding whether to grant a third party leave to file an amicus curiae brief." *In the Matter of the Search of Information Associated with [redacted] @mac.com that is Stored at Premises Controlled by Apple, Inc.*, 13 F. Supp. 3d 157, 167 (D.D.C. 2014). "An amicus brief is appropriate where the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *WildEarth Guardians v. Zinke*, 368 F. Supp. 3d 41, 59 (D.D.C. 2019) (internal quotation marks omitted). In other words, courts permit amicus briefs where the amicus "can help the court beyond the help that the lawyers for the parties are able to provide." *Id.* (internal quotation marks omitted). In contrast, courts deny leave to file an amicus brief "where a movant" seeks "to present arguments and insights that [are] not relevant to the stage of litigation." *Wilderness Society v. Trump*, 2019 WL 11556601, at *2 (D.D.C. Mar. 20, 2019); *see also Vanda Pharmaceuticals, Inc. v. FDA*, 436 F. Supp. 3d 256, 277 (D.D.C. 2020).

**ARGUMENT**

The motion for leave to submit an amicus brief filed by three behavioral economists should be denied because (1) they have failed to explain why the United States Department of Justice and State Attorneys' General Plaintiffs do not adequately represent whatever supposed interests they seek to advance, (2) they have no relevant expertise or information about the factual and legal issues presented by Google's motion for summary judgment, and (3) their motion is untimely, coming one week before Google's reply briefs were due to be filed. Because the Economist Amici's belated submission is nothing more than an attempt to submit an out-of-time and unauthorized duplicative quasi-expert report, not based on the facts or record in this case, their motion for leave should be denied.

## I.   ECONOMIST AMICI HAVE FAILED TO DEMONSTRATE WHAT INTEREST THEY HAVE IN THIS MATTER OR WHY IT IS NOT ADEQUATELY REPRESENTED

Although they concede they must show some "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide," Mot. at 4 (quoting *Jin v. Ministry of State Sec'y*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008)), Economist Amici never explain how their proposed brief meets that standard. They do not explain what unique particularized interest they have in these cases, nor do they explain why any such interest is not adequately represented by Plaintiffs. The Plaintiffs in these cases are the United States Department of Justice along with 49 states plus Washington, D.C., the Territory of Guam, and the Commonwealth of Puerto Rico. The idea that Plaintiffs are not competently represented absent any assistance from three behavioral economists is plainly incorrect. *See Georgia v. Ashcroft*, 195 F. Supp. 2d 25, 33 (D.D.C. 2002) (three-judge court) (denying motion for leave to file amicus brief where amicus sought "only to make additional legal arguments on behalf of the United States, a more than adequately represented party"), *vacated on other grounds*, 539 U.S. 461 (2003).

None of the Economist Amici professes to have any unique expertise relevant to internet search engines or the facts of this case in particular. Instead, they seem to operate under the misimpression that the parties in the case have not joined issue on the economic effects of setting defaults and whether consumers can access non-default search providers. As the substantial summary judgment record submitted in this case demonstrates, the parties are well-steeped in the economic issues pertinent to Plaintiffs' claims, including the issue of default settings. Moreover, the DOJ has already proffered a behavioral economist expert in this case. To the extent this branch of economics is relevant to these summary judgment proceedings, Plaintiffs are more than capable of raising it with the Court.

Because Plaintiffs are already well-equipped to provide the Court any information necessary to resolve Google's motion for summary judgment, the motion for leave should be denied  *See Iacangelo v. Georgetown University*, 2009 WL 10693231, at *2 (D.D.C. June 11, 2009) (denying motion for leave to file amicus brief in part because there was "no reason to believe" amicus was "better able to present . . . [relevant] principles and authorities . . . than counsel for the parties"); *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970) (explaining district courts "lacking joint consent of the parties" should hesitate to accept amicus briefs unless "the amicus has a special interest" or court "feels that existing counsel may need supplementing assistance").

## II.     ECONOMIST AMICI OFFER NO UNIQUE OR RELEVANT PERSPECTIVE

Economist Amici's brief reveals no expertise or even experience with how users access general search engines on computers or mobile devices.  They do not claim to have studied the extent to which consumers use any of the array of search access points available to them; the search engine options available to users when searching the Internet from any particular search access point on any device; the ease with which users may access and use search engines that are not set as defaults for a particular search access point; or any evidence of the extent to which users have in the past accessed and used non-default search engines.  And because they have not had access to the record in this case, they are unable to apply whatever learning they have to the issues raised by Google's motion. *See WildEarth*, 368 F. Supp. at 59 (denying motion to file amicus brief where brief had no "unique information or perspective" that could help the court) (internal quotation marks omitted).

Notwithstanding all of these infirmities, Economist Amici seek to add their purported expert opinions as bases for denying Google's summary judgment motion even though these opinions were never properly disclosed or subject to cross-examination or response from any

experts retained by Google. As such, their proposed brief presents what is effectively impermissible unsworn expert testimony that is not the proper subject of an amicus brief. *See, e.g.*, *Resident Council of Allen Parkway Vill. v. U.S. Dep't of House & Urban Dev.*, 980 F.2d 1043, 1049 (5th Cir. 1993) ("*[A]micus curiae* generally cannot expand the scope of an appeal to implicate issues that have not been presented by the parties to the appeal."); *McCarthy v. Fuller*, No. 1:08-cv-994, 2012 WL 1067863, at *2 (S.D. Ind. Mar. 29, 2012) (denying leave to file amicus brief that offered "the type of contribution a fact or expert witness would offer" because "witnesses must be subject to discovery"); *cf.* Committee Notes on Fed. R. Evid. 701(c) ("[T]here is no good reason to allow what is essentially surprise expert testimony.").

### III.    THE PROPOSED AMICUS BRIEF IS UNTIMELY

Pursuant to the schedule established by the Court on November 29, 2022, redacted copies of Google's motions for summary judgment were filed on the public docket on January 11. Amici, however, did not file their motion on January 26 when Plaintiffs filed their oppositions. Instead, they waited until February 17 to file their motion, just 10 days before Google's reply briefs were due. The purported justification for their delay—because until that time they "could only speculate as to the manner in which the [Plaintiffs' opposition] brief might respond to Google's motion" (Mot. at 5)—fails to persuade. Their brief clearly was not drafted in the 24-hour period prior to its filing.

The record on Google's motions for summary judgment is now closed and oral argument is set for mid-April. The Court has more than adequate briefing to address Google's pending motions for summary judgment. Allowing further briefing at this late hour that would require Google to submit an additional response brief in the short period before the summary judgment hearing is unwarranted and prejudicial. The motion should be denied.

Dated: March 3, 2023

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
Wendy Huang Waszmer (D.C. Bar No. 1631078)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com
wwaszmer@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*