# Exhibit 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>　　　　　　　　　Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |

| | |
|---|---|
| State of Colorado, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>　　　　　　　　　Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

### DECLARATION OF FRANKLIN M. RUBINSTEIN

I, Franklin M. Rubinstein, declare as follows:

1. I am a shareholder at the law firm of Wilson, Sonsini, Goodrich & Rosati, Professional Corporation.

2. I submit this declaration in support of Google LLC's Opposition to DOJ Plaintiffs' and Colorado Plaintiffs' Motions for Sanctions and Evidentiary Hearing to Determine Appropriate Relief (Dkt. Nos. 495, 496). I have personal knowledge of the facts set forth in this declaration, and, if called to testify, could and would do so under oath.

3. I was involved on a day-to-day basis, starting in August 2019, in responding to DOJ's document and data requests during DOJ's investigation of Google's parent Alphabet prior to the filing of this litigation.

4. Wilson Sonsini Goodrich & Rosati also served as counsel to Google, starting in September 2019, in responding to document and data requests in the prior investigations

1

by the State Attorneys General, and during fact discovery in this litigation. The firm is counsel of record for Google in the current litigation, with Williams & Connolly LLP and Ropes & Gray.

The DOJ's and State Attorneys General's Investigations of Google and the Current Litigation

5. In August 2019, DOJ issued a Civil Investigative Demand ("CID") to Alphabet followed by two additional CIDs in October 2019. The CIDs sought information about many of Google's products and services, including search and search advertising. The CIDs also sought information about other Google products and services, such as display advertising technology ("ad tech").

6. Starting in late 2019, several State Attorneys Generals, including Nebraska, Texas, Utah, and California, also began issuing Civil Investigative Demands in parallel investigations regarding search, search advertising, ad tech, and other Google products and services. Google granted DOJ and State Attorneys General waivers to facilitate information-sharing and coordination during their investigations. These waivers were provided in connection with Google's production of confidential information during the DOJ and/or States' investigations.

7. In October and December 2020, DOJ Plaintiffs and Colorado Plaintiffs filed their Complaints against Google in the current litigation regarding search, search "verticals," and Search Ads 360. At that time, DOJ was still conducting its investigation into ad tech, and the State Attorneys Generals had ongoing investigations into ad tech and the Google Play Store.

8. After the Complaints were filed in this case in October 2020 and December 2020, DOJ and Texas continued their parallel investigations into Google's ad tech business. Wilson Sonsini Goodrich & Rosati continued to represent Google in connection with DOJ's investigation into ad tech through December 2020, when it transitioned the day-to-day responsibilities for responding to the CIDs to another firm, Freshfields Bruckhaus & Deringer LLP.

Discovery Correspondence and Meet-and-Confers Regarding Chats During DOJ's Investigations

9. From September 2019 until December 2020, I led negotiations with DOJ investigative staff regarding the company's response to DOJ's 2019 CIDs and its subsequent requests regarding ad tech. There was overlap in DOJ investigative staff involved with the investigation that preceded this case, and DOJ's ad tech investigation. For example, at least one of the DOJ attorneys that represented the government in the investigation prior to the filing of the current litigation continued to be involved in DOJ's ad tech investigation after the Complaint in this litigation was filed.

10. In response to DOJ's September 2019 CID, Google produced copies of Google's Gmail Retention policy (which, at the time also covered Google Hangouts and Google Chat), as well as a response to DOJ's ESI questionnaire. DOJ Ex. 3. The ESI Questionnaire response states "G Suite has messaging capabilities, including Google Hangouts. Google Hangouts messages are generally retained for a period of 30 days if they have been

marked on-the-record, and potentially longer if on-the-record messages are on legal hold." DOJ Ex. 3 at -68. The Gmail Retention policy states, "Email, on the record Chats, and Hangouts with 'History' checked on, that are subject to a Legal Hold, will be preserved for the duration of the Legal Hold."[1] DOJ Ex. 3 at -77.

11. In response to DOJ's requests for further information during its ad tech investigation, counsel for Google elaborated on the retention of Hangouts/Chats in response to DOJ's questions.

    a. On a December 3, 2020 meet-and-confer teleconference call (with at least three DOJ attorneys participating), I explained that Google employees using Hangouts have the ability to conduct chats "on the record" and "off the record." I said that "on the record" chats for custodians would be preserved. I also specifically explained that "off the record" chats were not retained. I also explained that custodians are instructed to put chats on the record if they use chat for relevant business communications.

    b. In subsequent correspondence sent to me on December 23, 2020, DOJ requested additional information about steps taken by the company to ensure employees' compliance with preservation notices, including about Chats. Ex. 11 to Google's Opposition. In response, Freshfields Bruckhaus & Deringer LLP, responded via letter dated January 28, 2021, providing information on the instructions given to employees and periodic reminders of preservation obligations. Ex. 12 to Google's Opposition ("For chats, employees are instructed to keep all potentially responsive conversations as "on the record," and are sent a reminder approximately every six months. Relevant "on the record" chats have been collected and produced as part of the Company's document productions.").

Discovery Correspondence and Meet-and-Confers in the Current Litigation

12. During meet-and-confers and in correspondence in the current litigation after the filing of the complaints in October and December 2020, DOJ and the Colorado Plaintiffs requested additional information about Google's collection of custodian documents and other information. As part of those discussions, DOJ and the Colorado Plaintiffs inquired about Google's process for the collection of chats and text messages.

13. During a May 3, 2021 meet-and-confer call, I explained in response to DOJ's questions, that because employees were working remotely due to COVID, Google had been unable to collect text messages stored only on custodians' mobile devices, but that Google was collecting and producing Chats/Hangouts because Chats/Hangouts were stored on Google's cloud data storage service.

---

[1] Google Chats is an instant messaging service offered by Google as part of its "Google Workspace" solution, a cloud-based system that also includes email (Gmail), storage/management (Drive), and other productivity applications (e.g., Sheets, Slides, Docs). The predecessor product to Google Chat was Google Hangouts.

3

14. On March 30, 2022, DOJ and the Colorado Plaintiffs requested additional information about Google's collection and production of text messages and chats. DOJ Ex. 33. In response, via email, dated April 13, 2022, Google provided Plaintiffs with the total number of text messages and chats collected and produced during the investigation and litigation as well as a list of the bates numbers for each text message and Chat/Hangout produced during the investigation and litigation. DOJ Ex. 33. Google's counsel also explained that the agreed-upon search terms were applied to the collected text messages and chats, followed by a review for responsiveness and production of responsive material. *Id.* DOJ subsequently asked Google to run a broader set of search terms and Google declined to do so because, among other things, discovery was set to close in a matter of days, the search terms had been negotiated and productions completed months earlier, and the low search term hit rate for chats confirmed their limited relevance. DOJ Exs. 34, 35.

15. During the May 3, 2021 meet-and-confer call and in correspondence prior to and after the meet and confer (*see* DOJ Exs. 28-32) and in the March through May 2022 correspondence (*see* DOJ Exs. 33-35), DOJ did not inquire and I did not understand DOJ to be inquiring about the steps that Google had taken to preserve or retain chats. DOJ's questions, and Google's responses, were about the mechanics of collection, application of search terms, and production of text and chat messages already retained, not the retention of "on the record" or "off the record" chats. No other Plaintiffs asked questions or sought additional information about chat retention during the course of this litigation.

* * * *

16. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on 10th Day of March, 2023, in Washington, D.C.

*Franklin Rubinstein*  
Franklin M. Rubinstein