# Exhibit 70

Volume 1

Pages 1 - 144

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable James Donato, Judge

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION | ) ) ) NO. 21-md-02981-JD |

THIS DOCUMENT RELATES TO:

Epic Games, Inc. vs. Google LLC, et al.,
Case No. 3:20-cv-05671-JD

In Re Google Play Consumer Antitrust
Litigation, Case No. 3:20-cv-05761-JD

State of Utah, et al. v. Google LLC,
et al., Case No. 3:21-cv-05227-JD

Match Group, LLC, et al. vs. Google LLC,
et al., Case No. 3:22-cv-02746-JD

San Francisco, California
Thursday, January 12, 2023

**TRANSCRIPT OF PROCEEDINGS**

**IN RE EVIDENTIARY HEARING ON CHAT PRESERVATION**

**APPEARANCES**:

For Plaintiff Epic Games in C 20-05671 JD:
                    CRAVATH SWAINE AND MOORE LLP
                    825 Eighth Avenue
                    New York, New York 10019
              BY:  **LAUREN ANN MOSKOWITZ, ATTORNEY AT LAW**
                   **GARY A. BORNSTEIN, ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

REPORTED BY:  Ana Dub, RDR, RMR, CRR, CCRR, CRG, CCG
              CSR No. 7445, Official United States Reporter

USDOJ-GOOGEX-000429

**APPEARANCES**:  (CONTINUED)

For Plaintiff Epic Games in C 20-05671 JD:
                          FAEGRE DRINKER BIDDLE & REATH LLP
                          Four Embarcadero Center
                          27th Floor
                          San Francisco, California 94111
                     BY:  **PAUL J. RIEHLE, ATTORNEY AT LAW**


For the Consumer Class Plaintiffs in C 20-05671-JD:
                          KAPLAN FOX AND KILSHEIMER LLP
                          850 Third Avenue
                          14th Floor
                          New York, New York 10022
                     BY:  **HAE SUNG NAM, ATTORNEY AT LAW**
                          **AARON L. SCHWARTZ, ATTORNEY AT LAW**

                          BARTLIT BECK LLP
                          1801 Wewatta Street
                          Suite 1200
                          Denver, Colorado 80202
                     BY:  **KARMA M. GIULIANELLI, ATTORNEY AT LAW**
                          **GLEN E. SUMMERS, ATTORNEY AT LAW**

                          BARTLIT BECK LLP
                          54 West Hubbard Street
                          Suite 300
                          Chicago, Illinois 60654
                     BY:  **JOHN D. BYARS, ATTORNEY AT LAW**


For Plaintiff Brian McNamara/In Re Google Play Consumer
Antitrust Litigation, C 20-07361 JD:
                          COTCHETT, PITRE & MCCARTHY LLP
                          San Francisco Airport Office Center
                          840 Malcolm Road
                          Burlingame, California 94010
                     BY:  **NANCI E. NISHIMURA, ATTORNEY AT LAW**


For Plaintiffs in Carroll/In Re Google Play Consumer Antitrust
Litigation, C 20-07379 JD:
                          PRITZKER LEVINE LLP
                          1900 Powell Street - Suite 450
                          Emeryville, California 94608
                     BY:  **ELIZABETH C. PRITZKER, ATTORNEY AT LAW**

             (APPEARANCES CONTINUED ON FOLLOWING PAGE)

```
 1   APPEARANCES:   (CONTINUED)

 2   For State of Utah and the Plaintiff States in C 21-05227-JD:
                         OFFICE OF THE UTAH ATTORNEY GENERAL
 3                       160 East 300 South
                         Fifth Floor
 4                       Salt Lake City, Utah 84114
                    BY:  LAUREN M. WEINSTEIN
 5                       BRENDAN P. GLACKIN
                         ASSISTANT ATTORNEYS GENERAL
 6

 7   For Match Group LLC in C 22-02746-JD:
                         HUESTON HENNIGAN LLP
 8                       620 Newport Center Drive, Suite 1300
                         Newport Beach, California 92660
 9                  BY:  DOUGLAS J. DIXON, ATTORNEY AT LAW

10

11   For Defendants:
                         MORGAN LEWIS & BOCKIUS LLP
12                       One Market Street, 28th Floor
                         Spear Street Tower
13                       San Francisco, California 94105-1596
                    BY:  BRIAN C. ROCCA, ATTORNEY AT LAW
14                       MICHELLE PARK CHIU, ATTORNEY AT LAW

15                       MUNGER TOLLES & OLSON LLP
                         350 South Grand Avenue
16                       Fiftieth Floor
                         Los Angeles, California 90071
17                  BY:  GLENN D. POMERANTZ, ATTORNEY AT LAW

18                       MUNGER, TOLLES & OLSON LLP
                         601 Massachusetts Avenue NW
19                       Washington, D.C. 20004
                    BY:  JONATHAN KRAVIS, ATTORNEY AT LAW
20

21   Also Present:       Phillip Nickels
                         Senior Trial Technology Strategist
22                       Munger Tolles & Olson

23

24

25
```

USDOJ-GOOGEX-000431

```
 1                          I N D E X

 2

 3    Thursday, January 12, 2023 - Volume 1

 4

      DEFENDANTS' WITNESSES                      PAGE   VOL.
 5
      LOPEZ, GENARO
 6    (SWORN)                                      13    1
      Direct Examination by Mr. Rocca             14    1
 7    Cross-Examination by Ms. Moskowitz          51    1
      Redirect Examination by Mr. Rocca           75    1
 8

 9    ROSENBERG, JAMIE
      (SWORN)                                      77    1
10    Direct Examination by Mr. Kravis            78    1
      Cross-Examination by Ms. Moskowitz          88    1
11    Redirect Examination by Mr. Kravis         104    1

12

13    ROPE, ANDREW
      (SWORN)                                     108    1
14    Direct Examination by Ms. Chiu             108    1
      Cross-Examination by Ms. Weinstein         117    1
15

16                      E X H I B I T S

17    PLAINTIFFS' EXHIBITS                 IDEN   EVID   VOL.

18     PX-9                                        68    1

19     PX-11                                       67    1

20     PX-16                                       96    1

21     PX-25                                       98    1

22     PX-31                                       70    1

23     PX-37                                       92    1

24     PX-68                                       65    1

25
```

**I N D E X**

**E X H I B I T S**

| PLAINTIFFS' EXHIBITS | IDEN | EVID | VOL. |
|---|---|---|---|
| PX-103 | | 71 | 1 |
| PX-106 | | 67 | 1 |
| PX-120 | | 101 | 1 |

**E X H I B I T S**

| DEFENDANTS' EXHIBITS | IDEN | EVID | VOL. |
|---|---|---|---|
| DXCH-1 | | 28 | 1 |
| DXCH-2 | | 51 | 1 |
| DXCH-8 | | 82 | 1 |
| PX-67 | | 84 | 1 |
| DXCH-104 | | 21 | 1 |
| DXCH-105 | | 23 | 1 |
| DXCH-106 | | 24 | 1 |
| DXCH-107 | | 29 | 1 |
| DXCH-108 | | 31 | 1 |

1        And what we would like is an order or clarification that

2   by providing the testimony, we are not waiving any privilege.

3        **THE COURT:**  That's fine, but let me ask you a question.  I

4   thought this witness had nothing to do with legal holds.

5        **MR. ROCCA:**  He is aware -- that's not what the testimony

6   was, Your Honor.

7        **THE COURT:**  He said:  I have no role in implementing legal

8   holds.  That was his testimony.

9        So did he do this one?  I'm just asking.  Did he do this

10  one for some reason?

11       **MR. ROCCA:**  He did not do this specific one, but he's

12  aware as information governance.

13       **THE COURT:**  Are we going to hear from somebody who did

14  this one?

15       **MR. ROCCA:**  We're aware of somebody that -- we have two

16  witnesses who are aware of the specific instructions in this

17  case.  And Mr. Lopez can provide --

18       **THE COURT:**  You say "aware of," though.  Who actually --

19  who is the point person in the company?  Are we going to hear

20  from that person?

21       **MR. ROCCA:**  Your Honor, Google has a large legal

22  department.  There's a large team working on these cases,

23  inside counsel and outside counsel.

24       Mr. Lopez is familiar with the legal hold notice in this

25  case and can provide the general -- both the general guidance

 1    that's applicable across matters but, also, how it was

 2    implemented in this case.

 3         THE COURT:  Well, okay.  I'm just asking.  Is there anyone

 4    who actually worked on this, that had the job inside of Google

 5    to work with the legal team to disseminate all this?

 6         MR. ROCCA:  I do not believe that Mr. Lopez -- Mr. Lopez

 7    did not work as a litigator on this case.

 8         THE COURT:  All right.  When you say he's "aware of," if

 9    all he did was just read the policy before coming in -- is that

10    what you're saying?  That's all he knows?  He just read it

11    before he came in?  He didn't actually do anything in the

12    company?

13         MR. ROCCA:  Mr. Lopez is aware of the general policy that

14    applies for legal matters, and we're prepared to provide that

15    information to the Court, provided it's not a waiver of

16    privilege.

17         THE COURT:  Mr. Rocca, just one building block at a time.

18    How is Mr. Lopez aware of this?  Did he just read the policy

19    before he came in to testify?  Is that how he's aware of it?

20         MR. ROCCA:  May I ask the witness, Your Honor?

21         THE COURT:  Oh, sure.  Yeah.

22         How do you know about this policy?  I'll ask you.

23         THE WITNESS:  Yeah.  So this specific policy, my team owns

24    and manages.

25         THE COURT:  Let me just step back.  You just heard our

```
 1    discussion.  Look, this is a bench trial.  We don't have to
 2    worry -- or a bench hearing.
 3         How do you know anything about the hold for this case?
 4         THE WITNESS:  It's -- yeah.  I've read what the notice
 5    says that's provided to custodians.
 6         THE COURT:  When did you read that?
 7         THE WITNESS:  I don't know the exact date, but it was at
 8    some point -- at some point after this matter commenced.
 9         THE COURT:  All right.  So in preparation -- basically, in
10    preparation for this hearing; is that right?
11         THE WITNESS:  Not specifically in perception.  Just as my
12    general duties of being aware of what we're doing internally.
13         THE COURT:  When was that?  Last month?  Six months ago?
14         THE WITNESS:  Oh, I would say a year ago, at least.
15         THE COURT:  A year ago.  Okay.  So who in the company
16    actually rolled this out to people?  Who did the groundwork?
17         THE WITNESS:  That's a great question.  I wasn't involved
18    in that, and so I couldn't answer.
19         THE COURT:  All right.  Well, we can do what we can do.
20         Go ahead.
21         MS. MOSKOWITZ:  Your Honor, can I lodge an objection to
22    this whole line of questioning, both for the foundational
23    aspect that Your Honor raised, but also based on the fact that
24    Google is expressly asking to use privilege as both a sword and
25    a shield.
```

1      We were expressly refused production of this litigation

2    hold.  And we repeatedly asked and Google said "no."  And now

3    they want to use that and Mr. Lopez's reading of that in court

4    when we've never had the benefit of that.  So that's just

5    classic sword/shield, and they shouldn't be able to do it.

6      THE COURT:  Well, you had not provided it to your

7    colleagues?

8      MR. ROCCA:  Your Honor, it's attorney-client privileged.

9    We offered multiple times, time and time again, to a non-waiver

10   agreement where we would provide it on the condition that they

11   wouldn't argue "Oh, you've waived privilege."  They declined

12   that.  They also said repeatedly that it's irrelevant to any of

13   these issues.

14     So now they're saying that they're objecting --

15     THE COURT:  Let me -- I'm sorry.  Let me just jump in.

16     Did you actually give it to them or not?

17     MR. ROCCA:  No.  They do not have the privileged legal

18   hold notice.  We offered it to them repeatedly.

19     THE COURT:  What is the waiver concern?  What are you

20   worried about for waiver?

21     MR. ROCCA:  Your Honor, we're worried about respecting the

22   privilege in a situation where if we reveal information in a

23   hearing, that the plaintiffs will assert that we've opened the

24   door in ways that we don't understand before we were providing

25   the testimony.  So we just want a very simple clar- --