**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>  Defendant. | Case No. 1:20-cv-03010-APM<br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>  Defendant. | Case No. 1:20-cv-03715-APM<br>HON. AMIT P. MEHTA<br><br>███████████ |

**PLAINTIFF STATES' REPLY IN SUPPORT OF THEIR**
**MOTION FOR SANCTIONS AGAINST GOOGLE, LLC AND**
**AN EVIDENTIARY HEARING TO DETERMINE APPROPRIATE RELIEF**

Plaintiff States submit this reply in support of the motion filed by Plaintiff States, ECF No. 496, and United States, ECF No. 495, as well as its related Reply, ECF No. 571. To avoid duplication this Reply is necessarily brief and Plaintiff States adopt the argument of the United States.

Google's opposition simply fails to address the core of Plaintiffs States' motion. Google employees intentionally shifted relevant business discussions to communication methods they knew would delete in 24 hours to circumvent Google's own litigation holds and discovery obligations. Google encouraged this conduct by creating a culture of communicating in chats

1

that would be destroyed even with the existence of a litigation hold. Google failed to take reasonable steps to monitor the effectiveness of its litigation hold and ensure employees were abiding by its terms. As a result, Google failed to ensure that its litigation responsibilities were fulfilled and thus permitted the spoliation of relevant materials.

Google's efforts to distract the Court from the nature and magnitude of its misconduct fail. Instead of confronting its conduct, Google points to various representations over the course of the governments' investigations and litigation to obscure this reality and argue that Plaintiffs' motion is untimely. However, the representations that Google points to merely exemplify that Google misled Plaintiff States by representing that it had put in place systems to preserve chats pursuant to its litigation hold.[1] For example, Google refers to an investigatory sworn statement in an effort to show that Plaintiff States were on notice of Google's chat preservation policy. ECF No. 529 at 11-12; *see also* Google Ex. 9. However, Google omits later parts of the testimony in which the witness indicates that she did not delete documents because of Google's litigation hold. Ex. A, E. Reid CID Tr. at 261, Nov. 16, 2020 ("I am on 'lit hold' perpetually. So I don't delete documents."). Plaintiff States' reliance on these representations cannot now be used to shield Google from the consequences of its abject failure to preserve relevant information.

Contrary to this representation, it is now abundantly clear that Google built a chat preservation system that allowed and encouraged employees to ignore discovery preservation obligations and hide substantive communications in "history off" chats. Until Google's conduct

---

[1] *See e.g.,* Google Ex. 8, at -4 ("Once an employee is put on a legal hold, however, 'on the record' [chats] are preserved for the duration of the legal hold. Google instructs custodians on a legal hold to preserve relevant materials, including an instruction to preserve relevant materials, including an instruction to preserve relevant [chats] by putting those conversations 'on-the-record' on a message-by-message basis.").

became public through the proceedings in *Epic*[2], Plaintiff States were unaware of Google's deletion of relevant chats despite the explicit duty to preserve materials.

Plaintiff States' preliminary review of Google's very recent production of chats in this case that were originally produced in the *Epic* case has already identified a number of chats that reinforces the conclusion that Google intentionally destroyed sensitive communications about matters likely at the heart of this case. Google employees regularly and intentionally diverted to "history off" chat conversations about Google's anticompetitive activities – specifically to ensure that those chats would be destroyed. Google's conduct prejudiced Plaintiff States. The newly produced chats illuminate a company-wide culture of shielding communications from discovery. In one chat dated October 12, 2021, long after Google implemented its litigation hold, Google CEO Sundar Pichai began discussing a substantive topic, and then immediately wrote: "also can we change the setting of this group to history off." Ex. B, GOOG-DOJ-32680443 at -0443. There is only one plausible explanation for wanting to change the setting to "history off" – to avoid a preserved record of the communication.

Plaintiff States now know that many Google employees, including those in leadership roles like Mr. Pichai, routinely opted to engage in "history off" chats to hold sensitive conversations, even though they knew they were subject to legal holds that require the retention of relevant business discussions. The facts demonstrate that Google routinely destroyed chats with the intent to deprive Plaintiff States and the United States access to these documents as the

---

[2] *Epic Games, Inc. v. Google, LLC*, No. 3:20-cv-5671, as consolidated, *In Re: Google Play Store Antitrust Litigation*, No. 3:21-md-2981, and including *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD, *State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD, *Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD (together, "*Epic*").

law requires. As one Google employee notes, "history is a liability[.]" Ex. C, GOOG1-00013084 at -3085.

## I.     Google's Chat Destruction Policy Was Not Reasonable And Prejudiced Plaintiff States

Google's failure to institute and monitor an effective litigation hold for chats was unreasonable in violation of Rule 37(e). Google took no action to ensure that document custodians retained relevant chat messages, aside from its litigation hold notice. "A party's discovery obligations do not end with the implementation of a 'litigation hold' – to the contrary, that's only the beginning. Counsel must oversee compliance with the litigation hold, monitoring the party's efforts to retain and produce the relevant documents." *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432 (S.D.N.Y. 2004); *see also DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 933 (N.D. Ill. 2021). Here, Google decided not to monitor its litigation hold, or ignored the fact that employees were evading it. *See* Ex. D, GOOG1-00013046 at -3049. Either way, Google's inaction led to widespread spoliation of chats. *See* ECF No. 495-1 at 14 (citing Ex. 1, Tr. 46:8-17, 132:22-24).

Google's argument that it exercised reasonable preservation practices ignores the facts and Google's legal duties. Rule 37(e)(2) requires a party to preserve electronic data and to not allow that evidence to be destroyed by an auto-delete system, or even worse, the intentional acts of its employees. *See, e.g., DR Distribs.,* 513 F. Supp. 3d at 933 (litigant should disable auto-delete functions to meet preservation obligations); *Doe v. Wesleyan Univ.*, 2022 WL 2656787, at *15-16 (D. Conn. July 8, 2022) (passive destruction of electronic records sanctionable).

In light of Google's failure to preserve these communications, Google attempts to argue that chats only contained non-substantive information and hence there should be no harm to serial deletion of chats. *See* ECF No. 529 at 6. But this argument is belied by the facts

4

ascertained thus far and should be tested by the limited discovery that Plaintiff States and United States have requested. Chats and emails show that many Google employees adopted a strategy to evade document preservation and move substantive discussions to "history off" chats. Moreover, the content of the chat goes to, at most, the scope of the remedy but not to whether a violation of Rule 37(e) occurred. *See United States v. Carolina Liquid Chemistries, Corp.*, 2021 WL 5906050, at *2 (N.D. Cal. Dec. 14, 2021) (quoting *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 208 (1958)) (when parties are sanctioned for "failing to comply with an order…. the willfulness or good faith of [a party], can hardly affect the fact of noncompliance and [is] relevant only to the path which the District Court might follow in dealing with [the party's] failure to comply").

## II.     Google Employees Expressed Their Intent to Destroy Chat Conversations Creating an Inference of Presumptive Prejudice to Plaintiff States

Google engages in a slight of hand to suggest that its extensive production of other documents excuses the spoliation of chats. Recently uncovered facts show that Google employees deliberately moved conversations to "history off" chats that they knew would be destroyed. Under Fed. R. Civ. P. 37(e)(2)(A) the Court may presume prejudice because Google intentionally deprived Plaintiff States of potentially valuable information.

Google's Court-ordered supplemental chat production in *Epic*, which was subsequently produced to Plaintiff States, demonstrates that Google's actions to destroy evidence was deliberate and that Plaintiff States have suffered significant prejudice as a result. That production consists of chats from legal hold recipients during the pendency of this case and the *Epic* case. A more extensive production of chats from legal hold recipients in this case – particularly witnesses relevant to Plaintiff States' claims has not occurred; nor is there any indication that such chats were meaningfully preserved. A preliminary review of the chats

produced reveals that contrary to Google's representations of how Google's litigation hold should have been implemented, Google employees routinely discussed matters critical to the litigation in "history off" chats to ensure that those conversations would never be disclosed. This limited number of preserved chats also confirms that the Google employees were more candid in destroyed chats than the email correspondence and "history on" chats Google produced. *See, e.g.*, Ex. E, GOOG1-00012944 at -2945 ("Historically (ha) [Google employees] have history off so that [they] can speak (more) freely.").

By way of example, a Senior Software Engineer pasted a link about how to keep chat "history on" and wrote on March 19, 2021: "am i the only one who is only now finding out about [this]." In response, another Software Engineer wrote: "most times I try to turn it on, the other person turns it straight back off again !!!" The next day, the Senior Software Engineer agreed: "i've had other people observe that same thing." And yet another Software Engineer agreed: "i have also had the experience where i turn on history and it immediately gets turned off." And a Program Manager wrote: "*If anyone wants to hear horror stories of chat histories being used in depositions at Google ... just ask me and I can speak generally. I used to read that stuff in preparation for litigation. It's bad news….*" The chat then went silent. Ex. F, GOOG-DOJ-32681357 at 1357-1360 (emphasis added).

As another example, Google's Head of Support Strategy & Operations, Android OS and Chrome OS, sent others "a reminder if you use privileged and confidential in emails an attorney must be in the To line." A Manager, Product Operations, asked for the "next best alternative." She then asked: "[W]hat about pings [*i.e.*, Chats] . . . wondering what is the best way to update the team about confidential topics without having to include an attorney in all comms." The first employee responded: "History has to be off I believe." Another employee confirmed: "*yes with*

*history off everything gets wiped . . . can confirm based on our last convo with legal given we are on hold for a GC lawsuit . . ..*"  The employee also warned that "*if super sensitive you need to use a GVC* [Google Video Chat] *because they could look at your recent ping history and that could go into court.*" Ex. D, GOOG1-00013046 at -3048 (emphasis added).

Google should have taken steps beyond the practices that it implemented to ensure that custodians were preserving relevant chats. *Zubulake,* 229 F.R.D. at 432. Google's policy of relying on individual custodians to take affirmative steps to identify and preserve relevant chats demonstratively failed to preserve relevant evidence.

## III.    Google's Spoliation Prejudiced Plaintiff States

Google's spoliation of evidence occurred during the same time period as Google employees engaged in conversation directly relevant to issues underlying Plaintiff States' claims. Many substantive factual events in this case took place after duty to preserve triggered in 2019, including Google's actions with regard to Microsoft and SA360 and Google's dealings with Specialized Vertical Providers ("SVPs") relating to access to their data and visibility on the Search Engine Results Page ("SERP"). For example, during this time period, Google engaged in additional actions to limit the visibility of SVPs, *see*, *e.g.*, Ex. G, Plaintiff States' Response to Google's Statement of Material Facts, ECF No. 465-2 at ¶ 115; generated analyses of its SERP on which it now relies to assert a procompetitive justification for the visibility limitations, *id.* at ¶¶ 38, 51; and engaged in substantial discussions with Microsoft about its request that SA360 support new Microsoft Ad features during a time when it was not supporting those features, *id.* at ¶¶ 255-56, 259, 268-69, 272-75, 277-78, 288, 293, 310. Google's spoliation of chats will leave hidden contemporaneous evidence of Google's motives, strategy, and plans behind its actions to constrain SVPs and refusal to integrate Microsoft features available in Google's SA360

7

advertising tool, as well as the anti-competitive search-distribution agreements that are within Plaintiff States' case.

Google's response does not rebut that substantive documents were destroyed, or that those documents could and should have been retained. Google argues that it produced a lot of other information, which is irrelevant to the issue. Google argues that only a small number (637) of preserved chats were deemed relevant to produce, *see* ECF No. 529 at 2, 34, but that shows the evasion rather than relevance. The logical inference of this small number of chats produced is that many more relevant conversations were destroyed and not produced. Similarly, that chats did not become a focal point of depositions, ECF No. 529 at 17, can be explained by the fact that few chats were preserved and produced.

The few produced chats demonstrate Google's spoliation of evidence was pervasive. For every preserved chat or email where employees discussed turning chat "history off" or taking a discussion "off-line" it is reasonable to infer that there are many more where the employees simply followed a culture of non-compliance that Google carefully cultivated, leaving no trace of discussions that should have been preserved because they were relevant to this case. For example, Google's Finance Director chatted on December 5, 2022, "the DOJ case is making the content very sensitive to share via email these days." Ex. H, GOOG-DOJ-32681229 at -1229.

## IV.    Plaintiff States Timely Filed Their Motion For Sanctions.

Rule 37(e) does not impose timing requirements and courts enjoy wide discretion in determining the timeliness of a sanctions motion. *Parsi v. Daioleslam*, 778 F.3d 116, 125 (D.C. Cir. 2015) ("District courts. . . possess broad discretion to impose sanctions for discovery violations under Rule 37."). Plaintiff States timely filed their motion at a point where the scope

and nature of Google's deception was uncovered.[3] The fact that the motion was filed after discovery and summary judgment briefing is a factor that can be considered, but it is not dispositive. *See e.g.*, *GMS Indus. Supply, Inc. v. G&S Supply, LLC*, 2022 WL 853626, *1, *4 (E.D. Va. Mar. 22, 2022) (court granted motion for sanctions filed four months after close of fact discovery); *Goodman v. Praxair*, 632 F. Supp. 2d 494, 509 (D. Md. 2009) (granting motion filed more than five months after discovery, and more than two months after dispositive motions had been fully briefed). Google's argument that Plaintiff States knew of the destruction of chats and assented to it is untrue. As noted above, Google had represented that litigation holds were in place and were being complied with. That was false and Plaintiff States' motion was triggered by the revelation that Google employees systematically evaded instructions to preserve chats and Google failed to control or prevent the resultant spoliation.

Yet Google, well aware of this flaw in its system for complying with preservation obligations, failed to monitor or audit compliance with Google's duty to preserve, leading to rampant spoliation of evidence. Google instead merely reminded employees that they should use their discretion on a chat-by-chat basis to choose whether to put any chat conversations "on-the-record." Google did not assess if identified custodians systematically left chat "history off" –

---

[3] Not only does Google seek to steer the Court's attention away from Google's unlawful conduct, but the cases Google cites are untethered to the circumstances here. *E.g., Long v. Howard Univ.*, 561 F. Supp. 2d 85, 91 (D.D.C. 2008) (denial of a post-trial motion for sanctions under Rule 37(c) filed two years after discovery closed and over three years after receiving one of the withheld documents); *THEC Int'l-Hamdard Cordova Grp. Nazari Constr. Co., Ltd. Joint Venture v. Cohen Mohr, LLP*, 301 F. Supp. 3d 1, 12 (D.D.C. 2018) (denial of plaintiffs' sanctions motion filed over a year after voluntary dismissal of the case, nearly two years after the alleged violations, and only after the defendants opposed plaintiffs' motion to vacate, and where the plaintiffs did not argue they were unaware of the defendant's misconduct prior to the voluntary dismissal of the case); *Emery v. Harris*, 2014 WL 710957, *6 (E.D. Cal. Feb. 21, 2014) (denial of plaintiff's motion because the plaintiff knew for nearly three years that the evidence was destroyed and offered no explanation for why he filed the motion days before trial); *Equate Media, Inc. v. Suthar*, 2022 WL 2101710 (C.D. Cal. Feb. 2, 2022) (denial of plaintiffs' motion on the merits, not because it was untimely).

despite the duty to preserve. Google did not change the default and Google did not automatically save chats until February 2023. Instead, Google turned a blind eye to custodians routinely moving sensitive conversations to "history off" chats to evade production. None of this was disclosed.

## V.     The Court Should Conduct A Hearing To Determine The Scope Of Appropriate Sanctions Against Google.

As noted in Plaintiff States' memorandum in support, ECF No. 496 at 10, the Court has broad discretion in assessing sanctions. *Feld v. Fireman's Fund Ins. Co.*, 300 F.R.D. 9, 14 (D.D.C. 2014). Plaintiff States do not seek further discovery related to the merits of the liability proceeding. That discovery is closed and destroyed chats cannot be recovered. Nor do Plaintiff States seek to extend any summary judgment deadlines or the trial date.[4] An evidentiary hearing is necessary, supported by limited and focused discovery, to establish the record of Google's conduct related to spoliation and to provide a basis for the Court to determine appropriate sanctions. The limited discovery outlined in the United States' motion will support this determination. ECF No. 495 at 29-31.

Discovery related to spoliation is limited, focusing on declarations regarding custodians' actual chat retention practices, a 30(b)(6) deposition about Google's policies, and the litigation hold used by Google as a defense. *Id.* This limited discovery will facilitate resolution of this issue and more efficiently permit a presentation to the Court of the relevant facts.

## CONCLUSION

For these reasons, and the reasons set forth in both Plaintiff States' and the United States' motions, Plaintiff States respectfully request that the Court find that Google violated Rule 37(e)

---

[4] Plaintiff States do, however, believe it is appropriate for the Court to first decide this motion before issuing any decision on Google's pending motion for summary judgment.

and hold an evidentiary hearing to fashion an appropriate remedy.

Date: March 24, 2023                          FOR PLAINTIFF STATE OF COLORADO:

                                              Jonathan B. Sallet
                                              Special Assistant Attorney General

                                              /s/ Jonathan B. Sallet
                                              Jonathan B. Sallet, DC Bar No. 336198
                                              Jon.Sallet@coag.gov
                                              Steven M. Kaufmann, DC Bar No. 1022365
                                              *(inactive)*
                                              Steve.Kaufmann@coag.gov
                                              Carla Baumel
                                              Carla.Baumel@coag.gov
                                              Elizabeth W. Hereford
                                              Elizabeth.Hereford@coag.gov
                                              Conor J. May
                                              Conor.May@coag.gov
                                              Colorado Office of the Attorney General
                                              1300 Broadway, 7th Floor
                                              Denver, CO 80203
                                              Tel: 720-508-6000

                                              William F. Cavanaugh , Jr.
                                              PATTERSON BELKNAP WEBB & TYLER
                                              LLP
                                              1133 Avenue of the Americas
                                              Suite 2200
                                              New York, NY 10036-6710
                                              212-335-2793
                                              Email: wfcavanaugh@pbwt.com

                                              *Counsel for Plaintiff Colorado*

FOR PLAINTIFF STATE OF NEBRASKA:

Joseph M. Conrad, Assistant Attorney General
Colin P. Snider, Assistant Attorney General
Matthew K. McKinley, Special Assistant
Attorney General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-3840
Joseph.Conrad@nebraska.gov
Colin.snider@nebraska.gov
Matt.Mckinley@nebraska.gov

William F. Cavanaugh , Jr.
PATTERSON BELKNAP WEBB & TYLER
LLP
1133 Avenue of the Americas
Suite 2200
New York, NY 10036-6710
212-335-2793
Email: wfcavanaugh@pbwt.com

*Counsel for Plaintiff Nebraska*


FOR PLAINTIFF STATE OF ARIZONA:

Robert A. Bernheim, Unit Chief Counsel
Arizona Office of the Attorney General
400 West Congress, Ste. S-315
Tucson, Arizona 85701
Tel: (520) 628-6507
Robert.bernheim@azag.gov

*Counsel for Plaintiff Arizona*

FOR PLAINTIFF STATE OF IOWA:

Noah Goerlitz, Assistant Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St., 2nd Floor
Des Moines, IA 50319
Tel: (515) 725-1018
Noah.goerlitz@ag.iowa.gov

*Counsel for Plaintiff Iowa*


FOR PLAINTIFF STATE OF NEW YORK:

Elinor R. Hoffmann
Morgan J. Feder
Michael Schwartz
Office of the Attorney General of New York
28 Liberty Street, 21st Floor
New York, NY 10005
212-416-8513
Elinor.hoffmann@ag.ny.gov
Morgan.feder@ag.ny.gov
Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff New York*

FOR PLAINTIFF STATE OF NORTH
CAROLINA:

Kunal Janak Choksi
Joshua Daniel Abram
Jonathan R. Marx
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
919-716-6000
kchoksi@ncdoj.gov
jabram@ncdoj.gov
jmarx@ncdoj.gov
jsutton2@ncdoj.gov

*Counsel for Plaintiff North Carolina*


FOR PLAINTIFF STATE OF TENNESSEE:

J. David McDowell
Chris Dunbar
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville.TN 37202
(615) 741-8722
David.McDowell@ag.tn.gov
Chris.Dunbar@ag.tn.gov

*Counsel for Plaintiff Tennessee*

FOR PLAINTIFF STATE OF UTAH:

Scott R. Ryther
Tara Pincock
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 142320
Salt Lake City, Utah 84114
385-881-3742
sryther@agutah.gov
tpincock@agutah.gov

*Counsel for Plaintiff Utah*


FOR PLAINTIFF STATE OF ALASKA:

Jeff Pickett
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Tel: (907) 269-5100
Jeff.pickett@alaska.gov

*Counsel for Plaintiff Alaska*


FOR PLAINTIFF STATE OF CONNECTICUT:

Nicole Demers
Office of the Attorney General of Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
860-808-5202
Nicole.demers@ct.gov

*Counsel for Plaintiff Connecticut*

FOR PLAINTIFF STATE OF DELAWARE:

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
302-577-8924
Michael.undorf@delaware.gov

*Counsel for Plaintiff Delaware*


FOR PLAINTIFF DISTRICT OF COLUMBIA:

Elizabeth Gentry Arthur
Office of the Attorney General for the District of
Columbia
400 6th Street NW
Washington, DC 20001
202-724-6514
Elizabeth.arthur@dc.gov

*Counsel for Plaintiff District of Columbia*


FOR PLAINTIFF TERRITORY OF GUAM:

Fred Nishihira, Chief, Consumer Protection
Division
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Tel: (671) 475-3324

*Counsel for Plaintiff Guam*

FOR PLAINTIFF STATE OF HAWAI'I:

Rodney I. Kimura
Department of the Attorney General, State of
Hawai'i
Commerce & Economic Development
425 Queen Street
Honolulu, HI 96813
808-586-1180
Rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff Hawai'i*


FOR PLAINTIFF STATE OF IDAHO:

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. State St., 2nd Floor
P.O. Box 83720
Boise, ID 83720
208-334-4114
Brett.delange@ag.idaho.gov
John.olson@ag.idaho.gov

*Counsel for Plaintiff Idaho*


FOR PLAINTIFF STATE OF ILLINOIS:

Elizabeth Maxeiner
Brian Yost
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
773-590-7935
Elizabeth.maxeiner@ilag.gov
Brian.yost@ilag.gov

*Counsel for Plaintiff Illinois*

FOR PLAINTIFF STATE OF KANSAS:

Lynette R. Bakker
Kansas Office of the Attorney General
120 S.W. 10th Avenue., 2nd Floor
Topeka, KS 66612
Tel: (785) 296-3751
Lynette.bakker@ag.ks.gov

*Counsel for Plaintiff Kansas*


FOR PLAINTIFF STATE OF MAINE:

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
August, ME 04333
207-626-8800
Christina.moylan@maine.gov

*Counsel for Plaintiff Maine*


FOR PLAINTIFF STATE OF MARYLAND:

Schonette J. Walker
Gary Honick
Office of the Attorney General of Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
410-576-6480
swalker@oag.state.md.us
ghonick@oag.state.md.us

*Counsel for Plaintiff Maryland*

FOR PLAINTIFF COMMONWEALTH
MASSACHUSETTS:

William T. Matlack
Michael B. MacKenzie
Office of the Attorney General of Massachusetts
One Ashburton Place, 18th Fl.
Boston, MA 02108
Tel: (617) 727-2200
William.matlack@mass.gov
Michael.Mackenzie@mass.gov

*Counsel for Plaintiff Massachusetts*


FOR PLAINTIFF STATE MINNESOTA:

Zachary William Biesanz
Office of the Minnesota Attorney General
Consumer, Wage, and Antitrust Division
445 Minnesota Street, Suite 1400
St. Paul, MN 55101
651-757-1257
Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff Minnesota*


FOR PLAINTIFF STATE OF NEVADA:

Michelle Christine Newman
Lucas J. Tucker
Nevada Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
775-684-1164
mnewman@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff Nevada*

FOR PLAINTIFF STATE OF NEW
HAMPSHIRE:

Brandon Garod
Office of Attorney General of New Hampshire
33 Capitol Street
Concord, NH 03301
603-271-1217
Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff New Hampshire*


FOR PLAINTIFF STATE OF NEW JERSEY:

Isabella R. Pitt
Deputy Attorney General
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
973-648-7819
Isabella.Pitt@law.njoag.gov

*Counsel for Plaintiff New Jersey*


FOR PLAINTIFF STATE OF NEW MEXICO:

Judith E. Paquin
Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87504
Tel: 505-490-4885
jpaquin@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff New Mexico*

FOR PLAINTIFF STATE NORTH DAKOTA:

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust Division
Office of the Attorney General of North Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
701-328-5570
ealm@nd.gov

*Counsel for Plaintiff North Dakota*


FOR PLAINTIFF STATE OHIO:

Jennifer Pratt
Beth Ann Finnerty
Mark Kittel
Office of the Attorney General of Ohio
30 E Broad Street, 26th Floor
Columbus, OH 43215
614-466-4328
Jennifer.pratt@ohioattorneygeneral.gov
Beth.finnerty@ohioattorneygeneral.gov
Mark.kittel@ohioattorneygeneral.gov

*Counsel for Plaintiff Ohio*


FOR THE PLAINTIFF STATE OKLAHOMA:

Caleb J. Smith
Office of the Oklahoma Attorney General
313 NE 21st St
Oklahoma City, OK 73105
Tel: (405) 522-1014
Caleb.Smith@oag.ok.gov

*Counsel for Plaintiff Oklahoma*

FOR PLAINTIFF STATE OREGON:

Cheryl Hiemstra
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301
503-934-4400
Cheryl.hiemstra@doj.state.or.us

*Counsel for Plaintiff Oregon*


FOR PLAINTIFF COMMONWEALTH
PENNSYLVANIA:

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Tel: (717) 787-4530
jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Pennsylvania*


FOR PLAINTIFF TERRITORY PUERTO
RICO:

Guarionex Diaz Martinez
Assistant Attorney General
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902
Tel: (787) 721-2900, ext. 1201
gdiaz@justicia.pr.gov

*Counsel for Plaintiff Puerto Rico*

FOR PLAINTIFF STATE RHODE ISLAND:

Stephen Provazza
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400
SProvazza@riag.ri.gov

*Counsel for Plaintiff Rhode Island*


FOR PLAINTIFF STATE SOUTH DAKOTA:

Yvette K. Lafrentz
Office of the Attorney General of South Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
605-773-3215
Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff South Dakota*


FOR PLAINTIFF STATE VERMONT:

Christopher J. Curtis
Assistant Attorney General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
802-828-3170
Ryan.kriger@vermont.gov

*Counsel for Plaintiff Vermont*

FOR PLAINTIFF COMMONWEALTH
VIRGINIA:

Tyler T. Henry
thenry@oag.state.va.us
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Tel: (804) 692-0485

*Counsel for Plaintiff Virginia*


FOR PLAINTIFF STATE WASHINGTON:

Amy Hanson
Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-5419
Amy.hanson@atg.wa.gov

*Counsel for Plaintiff Washington*


FOR PLAINTIFF STATE WEST VIRGINIA:

Douglas Lee Davis
Office of the Attorney General, State of West
Virginia
1900 Kanawha Boulevard, East
Building 6, Suite 402
P.O. Box 1789
Charleston, WV 25305
304-558-8986
Douglas.l.davis@wvago.gov

*Counsel for Plaintiff West Virginia*

FOR PLAINTIFF STATE WYOMING:

Benjamin Peterson
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
(307) 777-6397
Benjamin.peterson2@wyo.gov

*Counsel for Plaintiff Wyoming*