IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 1:20-cv-03010-APM <br> HON. AMIT P. MEHTA |

**THE UNITED STATES' OPPOSITION TO
GOOGLE'S MOTION TO FILE A SUR-REPLY**

The Court should deny Google's Motion To File A Sur-Reply. In the alternative, as the proponent of the Motion at issue, the United States requests leave to respond to Google's proposed—and improper—filing.

When exercising discretion to permit or deny a surreply, the Court should consider whether: (1) the "proposed surreply would be helpful to the resolution of the pending motion"; (2) the "reply in fact raises arguments or issues for the first time"; and (3) a surreply will unduly prejudice the movant. *Glass v. Lahood*, 786 F. Supp. 2d 189, 230 (D.D.C. 2011). Each factor militates against granting Google's request for an additional filing.

First, a surreply would not aid the resolution of the United States' motion for sanctions. In its response, Google primarily relies on the timing of the United States' motion, ECF No. 529, at 7–25, to which the United States replied, ECF No. 571, at 4–10. To justify its request for a surreply, Google mischaracterizes the United States' reply on this argument. Specifically, Google wrongly asserts that the United States conceded its "aware[ness] of Google's approach to chats preservation . . . for years before filing" a sanctions motion. ECF No. 576, ¶ 3. That assertion is incorrect and expressly conflicts with the facts cited by the United States in its reply.

*See* ECF No. 571, at 6–10. Moreover, this assertion again underscores that Google apparently does not dispute that it spoliated documents. To be clear, until January 2023, Google had disclosed only incomplete aspects of its chat policy to the United States, and, critically, never disclosed that its employees were exploiting the "history off" chat default to shield evidence from discovery—facts made clear in both the United States' original motion and its reply. *See, e.g.*, ECF No. 495-1, at 6–11; ECF No. 571, at 2–3, 6–10, 12. Indeed, Google responded at length to that very argument in its opposition. *See, e.g.*, ECF No. 529, at 5–6, 22, 24–29, 36–37. Google's remaining arguments in support of its request fare no better, as they simply repeat incorrect claims of untimeliness, *id.* at 7–25, prejudice, *see, e.g.*, *id.* at 29–34, and relevance, *see, e.g.*, *id.* at 26–27.

Second, the United States did not raise new arguments in its reply. "Where the movant's reply does not expand the scope of the issues presented, leave to file a surreply will rarely be appropriate." *Crummey v. SSA*, 794 F. Supp. 2d 46, 64 (D.D.C. 2011). The United States' reply did not expand the scope of its arguments in support of sanctions, but instead properly addressed Google's arguments through the use of Google's own documents that were produced after Google filed its response.[1] These materials further confirm that Google employees discussed substantive, relevant issues over chat and intentionally used "off the record" chats to avoid discovery.[2] *Compare e.g.*, ECF No. 495-1, at 4–6, 21–24 *with* ECF No. 571, at 2–3. Google's

---

[1] Google understood that the United States might well include some of those chats in its reply brief—that was the entire reason that the United States sought that Google produce them. *See* Ex. A (Mar. 1, 2023 letter); Ex. B (Mar. 15, 2023 letter); ECF No. 571, at Ex. 54.

[2] Google focuses on the fact that the United States' reply cites recently produced chats from the *Epic* proceedings, some of which are authored by persons who are not custodians in this case. But Google is focused on the wrong facts. The point is what Google knew when it crafted and maintained its chat policy. Separately, the fact that these chats concern custodians not at issue in this case underscores why an evidentiary hearing is required here.

documents, of course, were not new to Google. Because there is no "truly new" information provided in the United States' reply, Google's proposed surreply is unnecessary. *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 276 (D.D.C. 2002); *see also Crummey*, 794 F. Supp. 2d at 63 ("Simply put, a surreply is not a vehicle for rehashing arguments that have already been raised and briefed by the parties. Were that not true, briefing would become an endless pursuit.").

Finally, granting Google leave to file a surreply would prejudice the United States, because Google seeks to relitigate the district court's decision regarding sanctions in *Epic*. *See* ECF No. 576, ¶ 5. On reply, the United States did not address the district court's order in *Epic*—which was issued after sanctions briefing in this case ended. Given the similarities of the issues facing the *Epic* court, the United States filed a notice of the decision in that case but did not offer argument or even characterize that ruling. *See* ECF No. 573. Simply filing a notice of the *Epic* sanctions decision does not entitle Google to file a surreply. It is unsurprising that Google disagrees with Judge Donato's conclusion that Google violated Rule 37(e)(2), but Google will have ample opportunity to be heard should the Court grant the United States' request for an evidentiary hearing.

Accordingly, the Court should reject Google's Motion To File A Sur-Reply. If the Court permits Google to make this filing, the United States, as the proponent of the Motion at issue, respectfully requests leave to respond to Google's surreply through additional briefing of no more than five pages.

<table>
<tr><td>Dated: April 6, 2023</td><td>Respectfully submitted,<br><br>By: <u>/s/ *Kenneth M. Dintzer*</u><br>Kenneth M. Dintzer<br>Erin Murdock-Park (D.C. Bar #1019993)<br>Joshua Hafenbrack (D.C. Bar #1017128)<br>Karl E. Herrmann (D.C. Bar #1022464)<br>U.S. Department of Justice, Antitrust Division<br>Technology & Digital Platforms Section<br>450 Fifth Street NW, Suite 7100<br>Washington, DC 20530<br>Telephone: (202) 227-1967<br>Kenneth.Dintzer2@usdoj.gov<br>*Counsel for Plaintiff United States of America*</td></tr>
</table>