**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

UNITED STATES OF AMERICA, *et al.*,          )
                                             )
         Plaintiffs,                         )
                                             )
         v.                                  )          Case No. 20-cv-3010 (APM)
                                             )
GOOGLE LLC,                                  )
                                             )
         Defendant.                          )
_____     )

_____

STATE OF COLORADO, *et al.*,                 )
                                             )
         Plaintiffs,                         )
                                             )
         v.                                  )          Case No. 20-cv-3715 (APM)
                                             )
GOOGLE LLC,                                  )
                                             )
         Defendant.                          )
_____     )

## <u>ORDER</u>

On February 10, 2023, U.S. and Colorado Plaintiffs ("Plaintiffs") filed motions for sanctions against Defendant Google.  *See* U.S. Mot. for Sanctions, ECF No. 495 [hereinafter U.S. Mot.]; Pl. States' Mot. for Sanctions, ECF No. 496.  Plaintiffs ask the court to "(1) hold that Google has engaged in spoliation in violation of Rule 37(e); (2) order an evidentiary hearing to assess the appropriate sanctions to remedy Google's spoliation; and (3) order Google to provide further information about custodians' history-off chat practices, through written declarations and oral testimony, in advance of the requested hearing."  U.S. Mot. at 1.

Regarding additional discovery, Plaintiffs ask the court to order Google to (1) "produce its litigation hold and any reminder notices"; (2) "produce signed declarations from each of Google's

document custodians in this case" regarding their use of history-off chats; and (3) "produce a corporate witness or witnesses to sit for a Rule 30(b)(6) deposition."  U.S. Mot., Mem. in Supp. of U.S. Mot., ECF No. 495-1, at 29–30.  Google opposes the motions and the request for additional discovery.  *See* Google's Mem. in Opp'n to Pls.' Mot., ECF No. 529.

On the present record, the court cannot make a finding that Google acted "with the intent to deprive" Plaintiffs of the "use" of certain chats "in the litigation."  *See* FED. R. CIV. P. 37(e)(2). Nor can it determine whether Google "failed to take reasonable steps to preserve" such information.  *See* FED. R. CIV. P. 37(e)(1).

To determine whether Google's actions are sanctionable under Rule 37(e), the court orders as follows:

(1) By May 4, 2023, Plaintiffs collectively shall identify 20 document custodians from whom they seek declarations.

(2) By May 4, 2023, Google shall produce to the court for *ex parte, in camera* review all litigation-hold and reminder memoranda issued to executives and employees concerning the investigatory and litigation phases of the DOJ and *Colorado* matters ("Cases").

(4) By May 11, 2023, the parties shall submit briefs of no more than five pages setting forth their positions as to whether the litigation-hold and reminder memoranda are protected by either the attorney-client privilege or the work product doctrine.

(5) By May 25, 2023, Google shall produce declarations from the selected 20 custodians addressing, from May 1, 2019, to the present, the custodian's general practice with respect to preserving work-related chats, particularly those subject to litigation holds.  Further, the declarations shall explain (a) whether and under what circumstances the custodian turned history on for chats relevant to the Cases, and (b) whether and under what circumstances the custodian

communicated about matters relevant to the Cases with the chat history turned off, whether by default or purposefully.

(6) By June 1, 2023, the parties shall (a) submit the 20 declarations to the court for *in camera* review, and (b) file a memorandum of no more than ten pages setting forth (i) the party's view on what the 20 declarations reveal about employee practices with respect to the preservation of chats relevant to the Cases and (ii) whether the 20 declarations warrant additional discovery.

Dated:  April 27, 2023

Amit P. Mehta
United States District Court Judge