# Exhibit A

***United States, et al. v. Google LLC*, No. 20-cv-3010-APM**
***State of Colorado, et al. v. Google LLC*, No. 20-cv-3715-APM**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

STATE OF COLORADO, *et al.*,

                                        Plaintiffs,

v.

GOOGLE LLC,

                                        Defendant.

---

Case No. 1:20-cv-03715-APM
HON. AMIT P. MEHTA

**FILED UNDER SEAL**

**PLAINTIFF STATES' SUPPLEMENTAL RESPONSE TO CERTAIN QUESTIONS OF
THE COURT AT ORAL ARGUMENT**

At the oral argument held on April 13th, the Court asked two questions regarding

whether Specialized Vertical Providers ("SVPs") ever asked for exceptions to Google's

unquestioned and admitted business practices:

1.  "Is there record evidence that SVPs have asked for a different
    contract term and Google has refused?"  April 13, 2023, Hr'g Tr.
    at 202:23-25.

2.  "…is there any record evidence that an SVP has gone to Google
    and said, we would like to negotiate whatever agreement we have
    with you to allow us to place ads in the units and gone to them and
    done that, and Google has said, no, absolutely not?  Is there any
    evidence that Google has refused to deal on that issue?"  *Id*. at
    204:20-25.

These questions have never been raised by Google or briefed by the parties.[1]

---

[1] Indeed, Google went so far as to label SVP dissatisfaction as irrelevant.  Google's Reply in
Support of its Mot. for Summary Judgment at 19 ("That certain SVPs–namely ███████ and
███████–claim dissatisfaction with the terms of their licensing agreements (Opp. 43) is
irrelevant.").

1

I.   **GOOGLE MAINTAINED ITS CHALLENGED BUSINESS POLICIES IN THE FACE OF REQUESTS AND COMPLAINTS BY SPECIALIZED VERTICAL PROVIDERS**

The Court asked for even a single example of an SVP asking that the unquestioned Google business practices not be applied.  April 13, 2023, Hr'g Tr. 204:19-205:9.  At oral argument, counsel for Plaintiff States referenced their position that "the SVPs are degraded because they're not allowed to buy the [Local Services] [A]ds featuring their own name and the traffic can't go to their own website[.]"  April 13, 2023 Hr'g Tr. 207:5-8.  The following evidence is additionally responsive.



████   Counsel for Plaintiff States was referencing an episode in which ████ tested purchasing Google Local Service Ads ("LSAs") on the Google search results page ("SERP") through a pilot study in which Google imposed conditions on ████ ability to purchase those advertisements.  Those conditions for the pilot included a prohibition on including ████ branding, such as a logo, in the advertisement and Google's refusal to link to ████ website from such a SERP ad.  Pl. States' Opp. to Google's Mot. For Summary Judgment at Ex. 193; *see also* ████████ Dep. Tr. 108:13-111:12 (Ex. B).  The results of the pilot demonstrated that participation in LSAs was economically irrational for ████ given Google's requirements.  ████████ Dep. Tr. 110:25-111:12 (Ex. B).  ████ asked Google for relief from these conditions.  Google flatly refused.  Schindler (Google) Dep. Ex. 33 (Ex. C); Schindler (Google) Dep. Ex. 32 (Ex. D).  Consistent with this attitude, Google refused to allow ████████ another provider of home services, to disclose to its own service providers which traffic came from Google and which from ████ directly.  ████████ ████████████████████ ████████████

**Yelp:** Yelp began a public "Focus on the User Local" campaign, in which it sought the inclusion in local search of SVPs.  *See* Pichai (Google) Dep. Ex. 47 (Ex. F) (Yelp CEO Jeremy Stoppelman emailing Google CEO Sundar Pichai requesting that Google adopt "an organic quality score [that] could easily power local search without compromising Google's laudable goal of focusing on the user" in the local universal).  Yelp's CEO Jeremy Stoppelman testified that he ███████████████████████████████████████████████████████████████ ████████████████████████████████ Stoppelman (Yelp) Dep. Tr. 230:23-232:1 (Ex. G).  But Yelp's request was never granted.

███████████████████ complained to Google about the terms under which it must provide data in order to advertise on Google.  Pl. States' SMF ¶ 184.  ████████ requested compensation from Google to no avail.  *Id*.

## II.   GOVERNMENTAL PLAINTIFFS HAVE NO OBLIGATION TO DEMONSTRATE THAT A THIRD PARTY REQUESTED DIFFERENT TREATMENT FOR ITSELF

The Court's questions also raise an issue of law that the parties had not previously addressed.  In short, a governmental plaintiff seeking injunctive relief should not be required to show evidence that a third party requested that a monopolist change or abandon a challenged business practice whose existence is uncontested.

Plaintiff States know of no decision, including *Microsoft*, placing such an obligation on governmental plaintiffs.[2]  The precedent binding on the Court holds that even a private plaintiff

---

[2] The only court known to have addressed the issue specifically declined to apply a demand requirement to the United States.  The court explained: "[t]his may well be a rule of law applicable as to the allowance of damages in a private antitrust action, but it can hardly be laid down as a rule of law in an action in which the Government is seeking an injunction." *U.S. v. Loew's*, 189 F. Supp. 373, 380 (S.D.N.Y. 1960) vacated and remanded for more expansive remedy, *U.S. v. Loew's*, 371 U.S. 38 (1962).

need not satisfy any kind of "exhaustion" requirement.  *Continental Ore Co. v. Union Carbide and Carbon Corp.*, 370 U.S. 690, 699-702 (1962) (lower court impermissibly required plaintiff to request supply from defendants and also to have sought an alternative source of supply). Writing in the context of a unilateral refusal to deal claim under Section 2, the Court later reiterated that "in the circumstances of this case it was unnecessary for [the plaintiff] to prove an explicit demand during the damage period."  *Hanover Shoe, Inc. v. United Shoe Machinery Corp.*, 392 U.S. 481, 487 n.5 (1968).  In *Zenith Radio v. Hazeltine*, the Court similarly held in the context of a Section 1 case that such a requirement was not appropriate.  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 120 n.15 (1969).

Indeed, imposition of such a requirement would ignore the existence of monopoly power. In *Standard Oil*, the Supreme Court detailed the "resistless methods" of monopoly, *see* Plaintiff States' Opp. to Google's Mot. for Summary Judgment at 50, and, for purposes of this motion, Google is a durable and strong monopoly with the incentive and ability to harm competition.

Government enforcers have no control over the behavior of third parties and, unlike private plaintiffs, they do not seek to vindicate the rights of any private party.  Rather, their quest is to protect the competitive process on behalf of consumers, which is harmed in this case without regard to whether any particular SVPs asked Google to waive its established business practices for that SVP.

In sum, Google's durable monopoly, not contested here, creates bargaining leverage that rests upon the lack of competitive alternatives for its advertisers (including SVPs).  Harm to advertisers, including SVPs, harms competition by depriving its rivals of potential sources of revenue.  Google is motivated to further burden SVPs for multiple reasons; this case considers only the impact of that conduct leading to in-market harm.  *See United States v. Microsoft Corp.*,

253 F.3d 34, 70-71 (D.C. Cir. 2001) (en banc) (impact on IAPs to Netscape to app developers to the applications barrier). Google degrades the ability of rivals and SVPs to create stronger partnerships: (i) rivals by depressing their scale and limiting their ability to attract users and advertisers, including through the search-distribution agreements, *see* Pl. States' Opp. to Google's Mot. For Summary Judgment at Ex. 3, ¶ 179 (Bing's small scale impedes SVP partnerships); *id.* at Ex. 2, ¶ 76 n.193 & 195 (visibility limits); and (ii) SVPs by limiting their ability to create customer loyalty and thus what they can deliver to Google rivals as input suppliers. *Id.* at 46-47; *see id.* at Ex. 2, ¶ 61 ███████████████████████████████████

██████████████████

Date: April 21, 2023               FOR PLAINTIFF STATE OF COLORADO:

Jonathan B. Sallet
Special Assistant Attorney General

/s/ Jonathan B. Sallet
Jonathan B. Sallet, DC Bar No. 336198
Jon.Sallet@coag.gov
Steven M. Kaufmann, DC Bar No. 1022365
*(inactive)*
Steve.Kaufmann@coag.gov
Carla Baumel
Carla.Baumel@coag.gov
Elizabeth W. Hereford
Elizabeth.Hereford@coag.gov
Conor J. May
Conor.May@coag.gov
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Tel: 720-508-6000

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
Suite 2200
New York, NY 10036-6710
212-335-2793
Email: wfcavanaugh@pbwt.com

*Counsel for Plaintiff Colorado*

FOR PLAINTIFF STATE OF NEBRASKA:

Joseph M. Conrad, Assistant Attorney General
Colin P. Snider, Assistant Attorney General
Matthew K. McKinley, Special Assistant
Attorney General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-3840
Joseph.Conrad@nebraska.gov
Colin.snider@nebraska.gov
Matt.Mckinley@nebraska.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER
LLP
1133 Avenue of the Americas
Suite 2200
New York, NY 10036-6710
212-335-2793
Email: wfcavanaugh@pbwt.com

*Counsel for Plaintiff Nebraska*


FOR PLAINTIFF STATE OF ARIZONA:

Robert A. Bernheim, Unit Chief Counsel
Arizona Office of the Attorney General
400 West Congress, Ste. S-315
Tucson, Arizona 85701
Tel: (520) 628-6507
Robert.bernheim@azag.gov

*Counsel for Plaintiff Arizona*

FOR PLAINTIFF STATE OF IOWA:

Noah Goerlitz, Assistant Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St., 2nd Floor
Des Moines, IA 50319
Tel: (515) 725-1018
Noah.goerlitz@ag.iowa.gov

*Counsel for Plaintiff Iowa*


FOR PLAINTIFF STATE OF NEW YORK:

Elinor R. Hoffmann
Morgan J. Feder
Michael Schwartz
Office of the Attorney General of New York
28 Liberty Street, 21st Floor
New York, NY 10005
212-416-8513
Elinor.hoffmann@ag.ny.gov
Morgan.feder@ag.ny.gov
Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff New York*

FOR PLAINTIFF STATE OF NORTH
CAROLINA:

Kunal Janak Choksi
Joshua Daniel Abram
Jonathan R. Marx
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
919-716-6000
kchoksi@ncdoj.gov
jabram@ncdoj.gov
jmarx@ncdoj.gov
jsutton2@ncdoj.gov

*Counsel for Plaintiff North Carolina*


FOR PLAINTIFF STATE OF TENNESSEE:

J. David McDowell
Chris Dunbar
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville.TN 37202
(615) 741-8722
David.McDowell@ag.tn.gov
Chris.Dunbar@ag.tn.gov

*Counsel for Plaintiff Tennessee*

FOR PLAINTIFF STATE OF UTAH:

Scott R. Ryther
Tara Pincock
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 142320
Salt Lake City, Utah 84114
385-881-3742
sryther@agutah.gov
tpincock@agutah.gov

*Counsel for Plaintiff Utah*


FOR PLAINTIFF STATE OF ALASKA:

Jeff Pickett
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Tel: (907) 269-5100
Jeff.pickett@alaska.gov

*Counsel for Plaintiff Alaska*


FOR PLAINTIFF STATE OF CONNECTICUT:

Nicole Demers
Office of the Attorney General of Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
860-808-5202
Nicole.demers@ct.gov

*Counsel for Plaintiff Connecticut*

FOR PLAINTIFF STATE OF DELAWARE:

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
302-577-8924
Michael.undorf@delaware.gov

*Counsel for Plaintiff Delaware*


FOR PLAINTIFF DISTRICT OF COLUMBIA:

Elizabeth Gentry Arthur
Office of the Attorney General for the District of
Columbia
400 6th Street NW
Washington, DC 20001
202-724-6514
Elizabeth.arthur@dc.gov

*Counsel for Plaintiff District of Columbia*


FOR PLAINTIFF TERRITORY OF GUAM:

Fred Nishihira, Chief, Consumer Protection
Division
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Tel: (671) 475-3324

*Counsel for Plaintiff Guam*

FOR PLAINTIFF STATE OF HAWAI'I:

Rodney I. Kimura
Department of the Attorney General, State of
Hawai'i
Commerce & Economic Development
425 Queen Street
Honolulu, HI 96813
808-586-1180
Rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff Hawai'i*


FOR PLAINTIFF STATE OF IDAHO:

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. State St., 2nd Floor
P.O. Box 83720
Boise, ID 83720
208-334-4114
Brett.delange@ag.idaho.gov
John.olson@ag.idaho.gov

*Counsel for Plaintiff Idaho*


FOR PLAINTIFF STATE OF ILLINOIS:

Elizabeth Maxeiner
Brian Yost
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
773-590-7935
Elizabeth.maxeiner@ilag.gov
Brian.yost@ilag.gov

*Counsel for Plaintiff Illinois*

FOR PLAINTIFF STATE OF KANSAS:

Lynette R. Bakker
Kansas Office of the Attorney General
120 S.W. 10th Avenue., 2nd Floor
Topeka, KS 66612
Tel: (785) 296-3751
Lynette.bakker@ag.ks.gov

*Counsel for Plaintiff Kansas*


FOR PLAINTIFF STATE OF MAINE:

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
August, ME 04333
207-626-8800
Christina.moylan@maine.gov

*Counsel for Plaintiff Maine*


FOR PLAINTIFF STATE OF MARYLAND:

Schonette J. Walker
Gary Honick
Office of the Attorney General of Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
410-576-6480
swalker@oag.state.md.us
ghonick@oag.state.md.us

*Counsel for Plaintiff Maryland*

FOR PLAINTIFF COMMONWEALTH
MASSACHUSETTS:

William T. Matlack
Michael B. MacKenzie
Office of the Attorney General of Massachusetts
One Ashburton Place, 18th Fl.
Boston, MA 02108
Tel: (617) 727-2200
William.matlack@mass.gov
Michael.Mackenzie@mass.gov

*Counsel for Plaintiff Massachusetts*


FOR PLAINTIFF STATE MINNESOTA:

Zachary William Biesanz
Office of the Minnesota Attorney General
Consumer, Wage, and Antitrust Division
445 Minnesota Street, Suite 1400
St. Paul, MN 55101
651-757-1257
Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff Minnesota*


FOR PLAINTIFF STATE OF NEVADA:

Michelle Christine Newman
Lucas J. Tucker
Nevada Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
775-684-1164
mnewman@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff Nevada*

FOR PLAINTIFF STATE OF NEW
HAMPSHIRE:

Brandon Garod
Office of Attorney General of New Hampshire
33 Capitol Street
Concord, NH 03301
603-271-1217
Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff New Hampshire*


FOR PLAINTIFF STATE OF NEW JERSEY:

Isabella R. Pitt
Deputy Attorney General
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
973-648-7819
Isabella.Pitt@law.njoag.gov

*Counsel for Plaintiff New Jersey*


FOR PLAINTIFF STATE OF NEW MEXICO:

Judith E. Paquin
Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87504
Tel: 505-490-4885
jpaquin@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff New Mexico*

FOR PLAINTIFF STATE NORTH DAKOTA:

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust Division
Office of the Attorney General of North Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
701-328-5570
ealm@nd.gov

*Counsel for Plaintiff North Dakota*


FOR PLAINTIFF STATE OHIO:

Jennifer Pratt
Beth Ann Finnerty
Mark Kittel
Office of the Attorney General of Ohio
30 E Broad Street, 26th Floor
Columbus, OH 43215
614-466-4328
Jennifer.pratt@ohioattorneygeneral.gov
Beth.finnerty@ohioattorneygeneral.gov
Mark.kittel@ohioattorneygeneral.gov

*Counsel for Plaintiff Ohio*


FOR THE PLAINTIFF STATE OKLAHOMA:

Caleb J. Smith
Office of the Oklahoma Attorney General
313 NE 21st St
Oklahoma City, OK 73105
Tel: (405) 522-1014
Caleb.Smith@oag.ok.gov

*Counsel for Plaintiff Oklahoma*

FOR PLAINTIFF STATE OREGON:

Cheryl Hiemstra
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301
503-934-4400
Cheryl.hiemstra@doj.state.or.us

*Counsel for Plaintiff Oregon*


FOR PLAINTIFF COMMONWEALTH
PENNSYLVANIA:

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Tel: (717) 787-4530
jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Pennsylvania*


FOR PLAINTIFF TERRITORY PUERTO
RICO:

Guarionex Diaz Martinez
Assistant Attorney General
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902
Tel: (787) 721-2900, ext. 1201
gdiaz@justicia.pr.gov

*Counsel for Plaintiff Puerto Rico*

FOR PLAINTIFF STATE RHODE ISLAND:

Stephen Provazza
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400
SProvazza@riag.ri.gov

*Counsel for Plaintiff Rhode Island*


FOR PLAINTIFF STATE SOUTH DAKOTA:

Yvette K. Lafrentz
Office of the Attorney General of South Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
605-773-3215
Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff South Dakota*


FOR PLAINTIFF STATE VERMONT:

Christopher J. Curtis
Assistant Attorney General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
802-828-3170
Ryan.kriger@vermont.gov

*Counsel for Plaintiff Vermont*

FOR PLAINTIFF COMMONWEALTH
VIRGINIA:

Tyler T. Henry
thenry@oag.state.va.us
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Tel: (804) 692-0485

*Counsel for Plaintiff Virginia*


FOR PLAINTIFF STATE WASHINGTON:

Amy Hanson
Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-5419
Amy.hanson@atg.wa.gov

*Counsel for Plaintiff Washington*


FOR PLAINTIFF STATE WEST VIRGINIA:

Douglas Lee Davis
Office of the Attorney General, State of West
Virginia
1900 Kanawha Boulevard, East
Building 6, Suite 402
P.O. Box 1789
Charleston, WV 25305
304-558-8986
Douglas.l.davis@wvago.gov

*Counsel for Plaintiff West Virginia*

FOR PLAINTIFF STATE WYOMING:

Benjamin Peterson
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
(307) 777-6397
Benjamin.peterson2@wyo.gov

*Counsel for Plaintiff Wyoming*