IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>  Defendant. | Case No. 1:20-cv-03010-APM<br>HON. AMIT P. MEHTA |

**THE UNITED STATES' POSITION
STATEMENT ON GOOGLE'S LITIGATION HOLD**

In its April 27, 2023 order concerning whether Google's actions are sanctionable under Federal Rule of Civil Procedure Rule 37(e), the Court directed the parties to submit "their positions as to whether the litigation-hold and reminder memoranda are protected by either the attorney-client privilege or the work product doctrine." ECF No. 586. To the extent Google's litigation hold and related reminder memoranda (collectively, "litigation hold") merely provided employees with instructions about how to preserve documents, rather than legal advice, the litigation hold is not privileged. And even if Google's litigation-hold materials contain more than mere instructions, they are still discoverable because the company engaged in spoliation, namely the destruction of "history off" chats. In the alternative, Google waived privilege when it relied on the contents of the litigation hold to argue that its preservation efforts were reasonable, or that it lacked an intent to deprive the United States of discoverable information. *See* ECF No. 529, at 25–29, 36.

**I.    Google's Litigation Hold Is Not Privileged**

As an initial matter, with respect to the work-product doctrine, this court has held that litigation-hold letters are "simply not the type of [attorney] preparation that is intended to be

protected by the privilege." *United States ex. rel. Barko v. Halliburton Co.*, 74 F. Supp. 3d 183, 192 (D.D.C. 2014); *Bagley v. Yale Univ.*, 318 F.R.D. 234, 240 (D. Conn. 2016) (the purpose of the work-product doctrine—to "protect an attorney's mental processes"—is "not implicated" by a litigation-hold letter).

Furthermore, litigation holds are not presumptively protected by attorney-client privilege. For example, courts have declined to shield litigation-hold materials that merely instruct employees on the steps they must take to preserve potentially relevant information. In such circumstances, "the predominant purpose of [the] communication was to give recipients forceful *instructions* about what they must do, rather than *advice* about what they might do." *Bagley*, 318 F.R.D. at 240 (emphasis in original); *Halliburton*, 74 F. Supp. 3d at 190–92 (litigation hold documents are not privileged where they were sent to "large groups" of employees and did not contain legal advice). The Court's forthcoming *in camera* review of Google's litigation hold will answer the question of whether it merely contains instructions about what employees must do.

In any event, even a valid claim of privilege—which may not apply here, based on the Court's *in camera* review—is lost upon a "preliminary showing" of spoliation. *See Major Tours, Inc. v. Colorel*, 2009 WL 2413631, at *3 (D.N.J. Aug. 4, 2009); *id*. at *5 ("[M]ost applicable authority from around the country provides that litigation hold letters should be produced if there has been a preliminary showing of spoliation."); *see also Magnetar Techs. Corp. v. Six Flags Theme Park Inc.*, 886 F. Supp. 2d 466, 482 (D. Del. 2012) (noting "a growing trend among courts to find the attorney-client privilege is lost when spoliation has occurred").[1]

---

[1] Courts have continued to apply this framework following the 2015 Amendment to Rule 37, which clarified the standard for sanctions with respect to lost electronically stored information. *E.g., Roytlender v. D. Malek Realty, LLC*, 2022 WL 5245584, at *4 (E.D.N.Y. Oct. 6, 2022) ("[L]itigation hold letters may indeed be discoverable where there has been a preliminary

That preliminary showing is easily satisfied here. Google does not dispute that until February 2023, it categorically destroyed all "history off" chats in this litigation on a 24-hour basis. *See*, *e.g.*, ECF No. 495-1, at 2–3, 15. Although further factual development—such as the declarations that the Court ordered Google to provide (*see* ECF No. 586, at 2–3)—will reveal the breadth of spoliation, it is clear as a threshold matter that Google failed to preserve "history off" chats in this case. For example, and as explained in the United States' motion for sanctions, likely trial witnesses used "off the record" chats to discuss business issues relevant to this litigation. *See* ECF No. 495-1, at 5–6 (citing examples). Further, the evidence produced in the *Epic* litigation shows that Sundar Pichai, Google's CEO, sought to move a substantive conversation with other executives to "history off." *See*, *e.g.*, ECF No. 571, at 3 (citing document). Indeed, the Court already noted that it is "highly likely that there were chats that were relevant that were not preserved." *See* Apr. 13, 2023 Summary Judgment Hearing Tr. 224:15–24.

Because the United States has made the preliminary showing that Google destroyed "history off" chats, the litigation hold is discoverable.

## II.   In The Alternative, Google Waived Privilege When It Relied On The Litigation Hold To Defend Its Chat Spoliation

Even if the Court determines that the litigation hold is privileged, Google nonetheless waived any privilege when it made the litigation hold central to its spoliation defense. As the D.C. Circuit has explained, a party cannot use the attorney-client privilege as a sword and a shield, "disclosing as much as he pleases" while "withhold[ing] the remainder." *In re Kellogg Brown & Root, Inc.*, 796 F.3d 137, 145 (D.C. Cir. 2015); *see also United States v. Bilzerian*, 926

---

showing of spoliation."); *accord United Illuminating Co. v. Whiting-Turner Contracting Co.*, 2020 WL 8611045, at *3 (D. Conn. Oct. 30, 2020) (collecting cases).

3

F.2d 1285, 1292 (2d Cir. 1991) ("A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes."). "The purpose of the implied waiver doctrine is to prevent 'an abuse of the privilege,' that is, to prevent the confidentiality protected by the privilege from being used 'as a tool for manipulation of the truth-seeking process[.]'" *Minebea Co. v. Papst*, 355 F. Supp. 2d 518, 522 (D.D.C. 2005) (citing *In re Sealed Case*, 676 F.2d 793, 807 (D.C. Cir. 1982)).

Google attempts to do just that. Notably, because Google cannot dispute that it destroyed "history off" chats, the company instead asserts that the *contents* of the litigation hold justify its chat spoliation. *See*, *e.g.*, ECF No. 529, at 25–29 ("Google [t]ook [r]easonable [s]teps to [p]reserve [r]elevant [d]ocuments[,]" including the issuance of "preservation notices" as well as "explicit instruct[ions]" that addressed "history off" chats); *id*. at 36 (Google lacked specific intent to deprive because "[i]t provided specific, written instructions to employees" and sent out reminders).[2]

This is the paradigmatic example of a sword and shield problem. Google seeks to wield the alleged contents of its litigation hold to justify its conduct, but then simultaneously seeks to shield those contents under a cloak of privilege, which would defeat the ability of the United States to challenge and test its claims. Google cannot have it both ways. By putting the contents of the litigation-hold materials at issue, Google has waived any privilege that might have

---

[2] Google cannot hide behind the contents of the litigation hold to defend its failure to preserve "history off" chats. Google had a duty to preserve these documents since 2019, when it reasonably anticipated litigation. *See* ECF No. 571, at 10, n.8. This duty exists regardless of what the litigation hold says (or does not say). *See Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003) ("Once a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents.").

attached to them. *See Bilzerian*, 926 F.2d at 1292 ("privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications").

Finally, Google's assertion that the *Epic* court "assured Google that it would not face a waiver" of privilege (*see* ECF No. 529, at 41) does not change this result. As the Court is aware, the *Epic* court recently issued an order holding that sanctions are warranted for Google's chat spoliation. *See Epic Games, Inc. v. Google, LLC*, No. 3:20-cv-5671 (N.D. Cal), *as consolidated*, *In Re: Google Play Store Antitrust Litig.*, No. 3:21-md-2981 (N.D. Cal), ECF No. 469; *see also* ECF No. 573 (attaching order). But the parties in *Epic* did not brief the issue of whether Google's litigation hold was privileged, much less whether Google's subsequent **legal arguments** on spoliation in a separate proceeding constituted a waiver of that privilege.[3]

In any event, if the litigation hold is not discoverable, the United States requests that the Court preclude Google from relying on its contents to argue that sanctions are not warranted.

## CONCLUSION

The United States respectfully requests that the Court order Google's litigation hold is not privileged or, in the alternative, find that Google waived any privilege by affirmatively using the contents of that litigation hold to justify its chat spoliation.

---

[3] Instead, at the January 12, 2023 evidentiary hearing, counsel for Google requested "the Court's guidance on an attorney-client privilege issue" immediately before offering certain testimony. *See Epic* Evid. Hearing Tr. 35:2–43:2 (attached as Exhibit A). In particular, counsel sought to ask a Google employee questions about Google's "specific Chat preservation instructions that were included in the litigation hold notice[,]" but raised concerns that asking those questions might waive privilege. *Id*. at 35:7–15. The court did not reach the ultimate question of whether the litigation hold was privileged, but instead stated that Google's counsel should question the witness without showing the litigation hold, and further indicated that he would not "face a waiver" in asking questions. *Id.* at 42:4–23. The court also noted that the witness had no familiarity with the *Epic* litigation hold itself. *Id*. at 36:3–12.

Dated: May 11, 2023 						Respectfully submitted,

*/s/ Kenneth M. Dintzer*
Kenneth M. Dintzer
Veronica N. Onyema (D.C. Bar #979040)
Joshua Hafenbrack (D.C. Bar #1017128)
Erin Murdock-Park (D.C. Bar #1019993)
Karl E. Herrmann (D.C. Bar #1022464)
U.S. Department of Justice
Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 227-1967
Kenneth.Dintzer2@usdoj.gov
*Counsel for Plaintiff*
*United States of America*
