IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No. 1:20-cv-03010-APM<br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No. 1:20-cv-03715-APM<br>HON. AMIT P. MEHTA |

**PLAINTIFF STATES' POSITION
STATEMENT ON GOOGLE'S LITIGATION HOLD**

Courts agree that the privileges and protections extended to litigation hold communications may evaporate once the issue of spoliation comes into play. *Roytlender v. D. Malek Realty, LLC*, No. 2:21-CV-00052, 2022 WL 5245584, at *4 (E.D.N.Y. Oct. 6, 2022) (collecting cases). Separately, to the extent that a party argues that it has complied with its obligations to establish and maintain a litigation hold in the face of a claim of spoliation, the party waives any privilege or protection by asserting that it took steps to meet that obligation. *See In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-CV-20000, 2015 WL 13540728, at *3-4 (N.D. Ala. Sept. 2, 2015) (no attorney-client privilege because the "scope and

1

content of the [litigation] holds and the manner in which they were conveyed to the employees are . . . material evidence of the manner in which [the defendant] carried out its duty of preservation and the sufficiency of that effort."). A party cannot argue compliance with its legal obligation to preserve documents as sword, while shielding the directions supposedly complied with under a privilege. *See e.g., In re Kellogg Brown & Root, Inc.*, 796 F.3d 137, 145 (D.C. Cir. 2015).

Once a party reasonably anticipates litigation, which Google acknowledges took place in 2019, *see* Google's Memorandum in Opposition to Plaintiffs' Motions for Sanctions at 26 (ECF No. 529), a party must take steps to reasonably preserve evidence, including suspending auto-delete applications. *See Zubulake v. UBS Warburg, LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003); Fed. R. Civ. P. 37(e), (f) and advisory committee's notes to 2015 amendments thereto. A party's discovery obligations, however, do not end with the implementation of a litigation hold. *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432 (S.D.N.Y. 2004). Rather, counsel must "oversee compliance with the litigation hold, monitoring the party's efforts to retain and produce relevant documents." *Id.*

Once a credible allegation of spoliation has been raised, courts permit discovery into the litigation hold, as well as the circumstances of its implementation. *See Major Tours, Inc. v. Colorel*, No. Civ. 05-3091, 2009 WL 2413631, at *2-5 (D.N.J. Aug. 4, 2009) (requiring defendants to produce litigation hold letters after finding preliminary showing of spoliation); *Keir v. Unumprovident Corp.*, No. 02 Civ. 8781, 2003 WL 21997747, at *6 (S.D.N.Y. Aug. 22, 2003) (allowing detailed analysis of emails pertaining to defendant's preservation efforts after finding that electronic records which had been ordered preserved had been erased); *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 634 (D. Colo. 2007) (permitting

plaintiff to take a Rule 30(b)(6) deposition to explore the procedures defendants' counsel took to "identify, preserve and produce responsive documents" after finding potential spoliation). *See also Zubulake*, 229 F.R.D. at 425 nn. 15-16 (disclosing the details of counsel's litigation hold communication after discovering that at least one e-mail had never been produced).

Full review of litigation hold notices is important in evaluating spoliation because an inadequate litigation hold letter is a factor some courts consider when determining whether sanctions for spoliation are warranted. *See, e.g.*, *BankDirect Cap. Fin., LLC v. Cap. Premium Fin.*, No. 15C10340, 2018 WL 1616725, at *3-4 (N.D. Ill. Apr. 4, 2018); *Radiation Oncology Servs. of Cent. New York, P.C. v. Our Lady of Lourdes Mem'l Hosp.*, 69 Misc. 3d 209, 211 (N.Y. Sup. Ct. 2020) (the scope and effect of the litigation hold "bear directly on the state of mind of the party with control of the destroyed evidence, which is a critical element in determining whether spoliation sanctions are warranted, and, if so, in assessing an appropriate remedy.").

Both the Plaintiff States and the United States respective Motions for Sanctions and Replies in support thereof have demonstrated that spoliation occurred because Google failed to turn off the auto-deletion function for chats, or otherwise take action to ensure their preservation, and as a result Google destroyed many relevant chats. *See* ECF 495; ECF 496; ECF 571; ECF 572.

Moreover, by arguing that "Google took reasonable steps to preserve relevant documents," Google has waived objections to discovery of its litigation hold procedures. Google's Memorandum in Opposition to Plaintiffs' Motions for Sanctions (ECF 529) at 5-6, 25-28. *See In re Blue Cross Blue Shield Antitrust Litig.*, 2015 WL 13540728, at *3 (N.D. Ala. Sept. 2, 2015) ("The holds are themselves material evidence of the manner in which [a party] carried out its duty of preservation and the sufficiency of that effort. To hold otherwise would be to

3

allow a litigant to hide the *facts* of its bad faith failure to preserve evidence behind the veil of the privilege. A litigant could proclaim its good faith by stating that it instructed its employees to preserve evidence without ever having the *facts* of that good faith tested by inquiry into the scope and adequacy of the preservation instructions.") (emphasis in original). The facts that Google has put at issue include the detail of its legal hold with regard to "chats specifically," the contents of its legal hold, and the instructions given to custodians. Google's Memorandum in Opposition to Plaintiffs' Motions for Sanctions (ECF 529) at 5. Google claims also to have "reminded custodians of their preservation obligations on a regular basis" and that as a matter of fact its chats are less likely to contain relevant and discoverable evidence. *Id*. at 6.

Plaintiffs' demonstration of spoliation and Google's having put the circumstances of its litigation hold squarely at issue, entitles Plaintiffs to discovery on Google's litigation hold and to test Google's assertions of the adequacy and good faith of its conduct. The law requires an exploration as to whether Google simply turned a blind eye to, if not encouraged, employees to put substantive communications in history-off chats that would be deleted. Google waived any protections of the attorney client privilege and work product doctrine by putting these fact questions at issue. More specifically, Plaintiffs are entitled to test whether Google's litigation and its continuing work to ensure compliance met is obligations to this Court and the parties in this litigation.

## CONCLUSION

The Plaintiff States respectfully request that the Court order that Google's litigation hold and reminder memoranda or communications are not entitled to protections of the attorney client privilege or work product doctrine.

Dated: May 11, 2023                                FOR PLAINTIFF STATE OF COLORADO:

Jonathan B. Sallet
Special Assistant Attorney General
/s/ Jonathan B. Sallet
Jonathan B. Sallet, DC Bar No. 336198
Jon.Sallet@coag.gov
Steven M. Kaufmann,  DC Bar No. 1022365 *(inactive)*
Steve.Kaufmann@coag.gov
Carla Baumel
Carla.Baumel@coag.gov
Elizabeth W. Hereford
Elizabeth.Hereford@coag.gov
Conor J. May
Conor.May@coag.gov
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Tel: 720-508-6000

William F. Cavanaugh , Jr.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
Suite 2200
New York, NY 10036-6710
212-335-2793
Email: wfcavanaugh@pbwt.com

*Counsel for Plaintiff Colorado*

5

FOR PLAINTIFF STATE OF NEBRASKA:

Joseph M. Conrad, Assistant Attorney General
Colin P. Snider, Assistant Attorney General
Matthew K. McKinley, Special Assistant Attorney General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-3840
Joseph.Conrad@nebraska.gov
Colin.snider@nebraska.gov
Matt.Mckinley@nebraska.gov

William F. Cavanaugh , Jr.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
Suite 2200
New York, NY 10036-6710
212-335-2793
Email: wfcavanaugh@pbwt.com

*Counsel for Plaintiff Nebraska*


FOR PLAINTIFF STATE OF ARIZONA:

Robert A. Bernheim, Unit Chief Counsel
Arizona Office of the Attorney General
400 West Congress, Ste. S-315
Tucson, Arizona 85701
Tel: (520) 628-6507
Robert.bernheim@azag.gov

*Counsel for Plaintiff Arizona*

FOR PLAINTIFF STATE OF IOWA:

Noah Goerlitz, Assistant Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St., 2nd Floor
Des Moines, IA 50319
Tel: (515) 725-1018
Noah.goerlitz@ag.iowa.gov

*Counsel for Plaintiff Iowa*

FOR PLAINTIFF STATE OF NEW YORK:

Elinor R. Hoffmann
Morgan J. Feder
Michael Schwartz
Office of the Attorney General of New York
28 Liberty Street, 21st Floor
New York, NY 10005
212-416-8513
Elinor.hoffmann@ag.ny.gov
Morgan.feder@ag.ny.gov
Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff New York*

FOR PLAINTIFF STATE OF NORTH CAROLINA:

Kunal Janak Choksi
Joshua Daniel Abram
Jonathan R. Marx
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
919-716-6000
kchoksi@ncdoj.gov
jabram@ncdoj.gov
jmarx@ncdoj.gov
jsutton2@ncdoj.gov

*Counsel for Plaintiff North Carolina*


FOR PLAINTIFF STATE OF TENNESSEE:

J. David McDowell
Chris Dunbar
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville.TN 37202
(615) 741-8722
David.McDowell@ag.tn.gov
Chris.Dunbar@ag.tn.gov

*Counsel for Plaintiff Tennessee*

FOR PLAINTIFF STATE OF UTAH:

Scott R. Ryther
Tara Pincock
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 142320
Salt Lake City, Utah 84114
385-881-3742
sryther@agutah.gov
tpincock@agutah.gov

*Counsel for Plaintiff Utah*


FOR PLAINTIFF STATE OF ALASKA:

Jeff Pickett
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Tel: (907) 269-5100
Jeff.pickett@alaska.gov

*Counsel for Plaintiff Alaska*


FOR PLAINTIFF STATE OF CONNECTICUT:

Nicole Demers
Office of the Attorney General of Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
860-808-5202
Nicole.demers@ct.gov

*Counsel for Plaintiff Connecticut*

9

FOR PLAINTIFF STATE OF DELAWARE:

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
302-577-8924
Michael.undorf@delaware.gov

*Counsel for Plaintiff Delaware*


FOR PLAINTIFF DISTRICT OF COLUMBIA:

Elizabeth Gentry Arthur
Office of the Attorney General for the District of Columbia
400 6th Street NW
Washington, DC 20001
202-724-6514
Elizabeth.arthur@dc.gov

*Counsel for Plaintiff District of Columbia*


FOR PLAINTIFF TERRITORY OF GUAM:

Fred Nishihira, Chief, Consumer Protection Division
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Tel: (671) 475-3324

*Counsel for Plaintiff Guam*

FOR PLAINTIFF STATE OF HAWAIʻI:

Rodney I. Kimura
Department of the Attorney General, State of Hawaiʻi
Commerce & Economic Development
425 Queen Street
Honolulu, HI 96813
808-586-1180
Rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff Hawaiʻi*


FOR PLAINTIFF STATE OF IDAHO:

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. State St., 2nd Floor
P.O. Box 83720
Boise, ID 83720
208-334-4114
Brett.delange@ag.idaho.gov
John.olson@ag.idaho.gov

*Counsel for Plaintiff Idaho*


FOR PLAINTIFF STATE OF ILLINOIS:

Elizabeth Maxeiner
Brian Yost
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
773-590-7935
Elizabeth.maxeiner@ilag.gov
Brian.yost@ilag.gov

*Counsel for Plaintiff Illinois*

FOR PLAINTIFF STATE OF KANSAS:

Lynette R. Bakker
Kansas Office of the Attorney General
120 S.W. 10th Avenue., 2nd Floor
Topeka, KS 66612
Tel: (785) 296-3751
Lynette.bakker@ag.ks.gov

*Counsel for Plaintiff Kansas*


FOR PLAINTIFF STATE OF MAINE:

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
August, ME 04333
207-626-8800
Christina.moylan@maine.gov

*Counsel for Plaintiff Maine*


FOR PLAINTIFF STATE OF MARYLAND:

Schonette J. Walker
Gary Honick
Office of the Attorney General of Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
410-576-6480
swalker@oag.state.md.us
ghonick@oag.state.md.us

*Counsel for Plaintiff Maryland*

FOR PLAINTIFF COMMONWEALTH MASSACHUSETTS:

William T. Matlack
Michael B. MacKenzie
Office of the Attorney General of Massachusetts
One Ashburton Place, 18th Fl.
Boston, MA 02108
Tel: (617) 727-2200
William.matlack@mass.gov
Michael.Mackenzie@mass.gov

*Counsel for Plaintiff Massachusetts*


FOR PLAINTIFF STATE MINNESOTA:

Zachary William Biesanz
Office of the Minnesota Attorney General
Consumer, Wage, and Antitrust Division
445 Minnesota Street, Suite 1400
St. Paul, MN 55101
651-757-1257
Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff Minnesota*


FOR PLAINTIFF STATE OF NEVADA:

Michelle Christine Newman
Lucas J. Tucker
Nevada Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
775-684-1164
mnewman@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff Nevada*

13

FOR PLAINTIFF STATE OF NEW HAMPSHIRE:

Brandon Garod
Office of Attorney General of New Hampshire
33 Capitol Street
Concord, NH 03301
603-271-1217
Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff New Hampshire*


FOR PLAINTIFF STATE OF NEW JERSEY:

Isabella R. Pitt
Deputy Attorney General
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
973-648-7819
Isabella.Pitt@law.njoag.gov

*Counsel for Plaintiff New Jersey*


FOR PLAINTIFF STATE OF NEW MEXICO:

Judith E. Paquin
Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87504
Tel: 505-490-4885
jpaquin@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff New Mexico*

FOR PLAINTIFF STATE NORTH DAKOTA:

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust Division
Office of the Attorney General of North Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
701-328-5570
ealm@nd.gov

*Counsel for Plaintiff North Dakota*


FOR PLAINTIFF STATE OHIO:

Jennifer Pratt
Beth Ann Finnerty
Mark Kittel
Office of the Attorney General of Ohio
30 E Broad Street, 26th Floor
Columbus, OH 43215
614-466-4328
Jennifer.pratt@ohioattorneygeneral.gov
Beth.finnerty@ohioattorneygeneral.gov
Mark.kittel@ohioattorneygeneral.gov

*Counsel for Plaintiff Ohio*


FOR THE PLAINTIFF STATE OKLAHOMA:

Caleb J. Smith
Office of the Oklahoma Attorney General
313 NE 21st St
Oklahoma City, OK 73105
Tel: (405) 522-1014
Caleb.Smith@oag.ok.gov

*Counsel for Plaintiff Oklahoma*

15


FOR PLAINTIFF STATE OREGON:

Cheryl Hiemstra
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301
503-934-4400
Cheryl.hiemstra@doj.state.or.us

*Counsel for Plaintiff Oregon*


FOR PLAINTIFF COMMONWEALTH PENNSYLVANIA:

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Tel: (717) 787-4530
jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Pennsylvania*


FOR PLAINTIFF TERRITORY PUERTO RICO:

Guarionex Diaz Martinez
Assistant Attorney General
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902
Tel: (787) 721-2900, ext. 1201
gdiaz@justicia.pr.gov

*Counsel for Plaintiff Puerto Rico*

FOR PLAINTIFF STATE RHODE ISLAND:

Stephen Provazza
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400
SProvazza@riag.ri.gov

*Counsel for Plaintiff Rhode Island*


FOR PLAINTIFF STATE SOUTH DAKOTA:

Yvette K. Lafrentz
Office of the Attorney General of South Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
605-773-3215
Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff South Dakota*


FOR PLAINTIFF STATE VERMONT:

Christopher J. Curtis
Assistant Attorney General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
802-828-3170
Ryan.kriger@vermont.gov

*Counsel for Plaintiff Vermont*

FOR PLAINTIFF COMMONWEALTH VIRGINIA:

Tyler T. Henry
thenry@oag.state.va.us
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Tel: (804) 692-0485

*Counsel for Plaintiff Virginia*


FOR PLAINTIFF STATE WASHINGTON:

Amy Hanson
Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-5419
Amy.hanson@atg.wa.gov

*Counsel for Plaintiff Washington*


FOR PLAINTIFF STATE WEST VIRGINIA:

Douglas Lee Davis
Office of the Attorney General, State of West Virginia
1900 Kanawha Boulevard, East
Building 6, Suite 402
P.O. Box 1789
Charleston, WV 25305
304-558-8986
Douglas.l.davis@wvago.gov

*Counsel for Plaintiff West Virginia*

FOR PLAINTIFF STATE WYOMING:

Benjamin Peterson
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
(307) 777-6397
Benjamin.peterson2@wyo.gov

*Counsel for Plaintiff Wyoming*