**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, *et al.*,<br><br>         Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>         Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, *et al.*,<br><br>         Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>         Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**GOOGLE'S BRIEF IN RESPONSE TO THE COURT'S APRIL 27, 2023 ORDER
REGARDING LEGAL HOLD COMMUNICATIONS**

Google respectfully submits this brief pursuant to the Court's April 27, 2023 Order, ECF No. 586, to set forth Google's position concerning the applicability of the attorney-client privilege and work product doctrine to the legal hold communications produced to the Court for *in camera* review on May 4, 2023.

The legal hold communications at issue here were from Google's in-house counsel to company employees selected by counsel, and were made in connection with pre-suit investigations and the commencement of this litigation. It is well-established that such communications are protected by both the attorney-client privilege and the work product doctrine. To the extent that Plaintiffs assert waiver of any protection, there has been no such waiver—and no need demonstrated for the production of these documents in any event. Under established precedent and the facts presented here, the Court should deny Plaintiffs' request for the production of these attorney-client and work product communications.

## ARGUMENT

### I. The Legal Hold Communications Are Privileged.

It is widely recognized that legal hold communications like those at issue here are protected from disclosure under both the attorney-client privilege and the work product doctrine. We are not aware of any U.S. Court of Appeals decision that has ever held to the contrary. And district courts around the nation routinely hold that they are privileged. In *Neighborhood Assistance Corp. of Am., v. U.S. Dep't of Hous. & Urb. Dev.*, 19 F. Supp. 3d 1 (D.D.C. 2013), for instance, the court upheld the Department of Justice's own assertion of attorney-client privilege and work product protection with respect to a legal hold communication, explaining that "litigation hold letters are generally privileged." *Id*. at 22; *see also, e.g.*, *Muro v. Target Corp.*, 250 F.R.D. 350, 360 (N.D. Ill. 2007), *aff'd on other grounds*, 580 F.3d 485 (7th Cir. 2009); *Gibson v. Ford Motor Co.*, 510 F. Supp. 2d 1116, 1123-24 (N.D. Ga. 2007) (protecting litigation hold from disclosure as attorney

1

work product); *Marquez-Marin v. Lynch*, 2018 WL 1358214, at *12 (D.P.R. Mar. 15, 2018) ("[t]he litigation hold notices are within the attorney-client and work product privileges"); *Open Text Inc. v. Northwell Health, Inc.*, 2020 WL 6655922, at *9 (C.D. Cal. Oct. 23, 2020) ("litigation hold notices and related documents are generally privileged"); *In re Hitachi Television Optical Block Cases*, 2010 WL 11748027, at *3 (S.D. Cal. Oct. 20, 2010) (legal hold notice was "presumptively privileged"); *Greenberger v. Internal Revenue Serv.*, 283 F. Supp. 3d 1354, 1373 n.15 (N.D. Ga. 2017) ("litigation hold letters are generally privileged").[1]

That is so for good reason. As often observed, the attorney-client privilege enables "full and frank" communication between attorneys and their clients, which promotes compliance with the law. *Swidler & Berlin v. U.S.*, 524 U.S. 399, 403 (1998). And the work product doctrine likewise ensures an attorney can represent his or her client without fear that his or her private writings drafted in the course of the representation will be ordered to be produced to the other side. *See Hickman v. Taylor*, 329 U.S. 495, 511 (1947). These interests apply strongly in the context of legal hold communications, where frank advice should be encouraged to promote compliance with discovery obligations. Indeed, "[p]arties should be encouraged, not discouraged, to issue such directives," without fear of disclosure, precisely because they enable "the availability of information during litigation." *Gibson*, 510 F. Supp. 2d at 1123-24 (explaining risk of disincentivizing "businesses from issuing such instructions in the event of litigation").

---

[1] One published decision in this district held that the "particular litigation hold notices" at issue in that case were discoverable where they went to "all" company employees and the company "failed to demonstrate [an] intent to keep these communications confidential." *U.S. ex rel. Barko v. Halliburton Co.*, 74 F. Supp. 3d 183, 190-91 (D.D.C. 2014). That is not the circumstance here. And, even in that case, the court still noted that the ruling was a "close decision" and acknowledged that "[o]ther cases that have considered these sorts of documents have reached the opposite conclusion and found them to be privileged or protected work product." *Id*. at 190, 192.

In short, the legal notices at issue here were confidential communications of legal advice from in-house counsel to select Google employees created in response to litigation or the threat of litigation. They fall squarely within the attorney-client privilege and work product doctrine, as reflected in rulings across the country addressing the same type of notices in the same circumstances. And, to date, Plaintiffs have not taken issue with the premise that legal hold communications are generally privileged.

Rather, in a footnote to its reply brief in support of its sanctions motion, DOJ cited to one case referring to how litigation hold communications "may" be discoverable "where there has been a preliminary showing of spoliation." *Roytlender v. D. Malek Realty, LLC*, 2022 WL 5245584, at *4 (E.D.N.Y. Oct. 6, 2022). But, notably, a litigation hold notice was not even at issue in that case—the court held only that privilege did not prevent a deposition witness from answering the specific question of whether he was instructed to preserve documents at all. *Id.* at *5. The court further pointed out that "instructions to preserve documents by way of formal litigation hold notices exchanged between attorneys and their clients are privileged communications and generally immune from discovery," citing four cases supporting that rule. *Id*. at *4.

In any event, Plaintiffs have *not* made a showing of spoliation of relevant evidence here— the Court's Order reflects as much with respect to "the present record." April 27, 2023 Order, ECF No. 586 at 2. And to the extent DOJ's apparent reasoning applies at all, there would be no basis to overcome the attorney-client privilege unless the privileged communication itself was actually in *furtherance* of the spoliation. *See Williams v. Big Picture Loans, LLC*, 2019 WL 1983048, at *12 (E.D. Va. May 3, 2019). That is plainly not the case here, given that the privileged communications instructed custodians not to use Google Chat to discuss topics covered by the legal order, and if they did discuss such topics on Google Chat, to make sure the settings preserved

3

the messages. *See also In re Hitachi Television Optical Block Cases*, 2010 WL 11748027, at *3 (even where plaintiffs *prevailed* on spoliation motion, defendant's legal hold notice was "presumptively privileged" and was not required to be produced).[2]

## II.     Google Has Not Waived the Privilege or Its Work Product.

Any claim from Plaintiffs that Google has waived privilege or work product protection is mistaken. This is not a situation where Google is opting as a matter of strategy to rely on communications to advance a reliance-on-counsel defense, for example, to rebut Plaintiffs' antitrust theories. *Cf. U.S. v. W. Elec. Co.*, 132 F.R.D. 1, 3 (D.D.C. 1990) (finding waiver where defendant claimed reliance on advice of counsel in antitrust investigation, arguing that counsel concluded its sale of switching services was lawful). Instead, Google discussed these communications, to a limited extent, only to respond to Plaintiffs' inquiries about its preservation practices and the briefing on this motion. Indeed, when the same issue was raised in the *Google Play* litigation, the court assured Google that it would not face a waiver by describing its legal hold instructions relating to chats (and did not require production of the actual hold notices). *See* DOJ Ex. 1, ECF No. 495, *Google Play* Hearing Tr. at 42-43 (stating that the court was giving Google "the biggest blanket I can give you" to discuss the relevant hold notice provisions and "was not going to face a waiver").

Further, even if Plaintiffs established a waiver, it would only extend to those portions of the legal hold communications specifically addressing chats. Under Federal Rule of Evidence 502, "a voluntary disclosure in a federal proceeding . . . generally results in a waiver *only of the communication or information disclosed*." Fed. R. Evid. 502 advisory committee's note to 2007

---

[2] The only decision in this jurisdiction we are aware of with a similar statement, *Raynor v. D.C.*, 2020 WL 13603997 (D.D.C. May 6, 2020), refused to compel the production of the litigation hold letter and noted that the "general rule" is that "litigation hold letters are privileged." *Id*. at 1-2.

4

amendment (emphasis added).³  Here, at most, that would only arguably be the portions of the communications where chats preservation is discussed—the aspect of the legal holds disclosed by Google to Plaintiffs in response to Plaintiffs' inquiries regarding Google's chats preservation practices, and described by Google in its briefing.  But Plaintiffs have no need for the production of those portions of the legal hold communications.  *In camera* review of the documents should confirm that Google already accurately described what the legal hold communications conveyed to Google's employees relating to chats.  *See* Google Mem. in Opp. to Pls.' Mot. for Sanctions, ECF No. 529, at 5-6.  Accordingly, not only is there no waiver, but no cause to require the additional step of production of these documents.  The pertinent information from them for purposes of Plaintiffs' sanctions motions, focused solely on chats preservation, has not been "shielded."  This is not, in the words of the Advisory Committee notes to Rule 502, one of those "unusual situations" where "fairness" requires disclosure of more information.  *See* Fed. R. Evid. 502 advisory committee's note to 2007 amendment.

## CONCLUSION

For all of these reasons, any request by Plaintiffs for the production of Google's legal hold communications produced to the Court for *ex parte in camera* inspection on May 4 should be denied.

---

³ *See also, e.g.*, *Intervet, Inc. v. Merial Ltd.*, 252 F.R.D. 47, 53 (D.D.C. 2008) (rejecting defendant's argument that waiver extended beyond the type of privileged reports disclosed by plaintiff because the court "cannot possibly find that such a broad waiver is a legitimate judicial response").

Dated: May 11, 2023  Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
Wendy Huang Waszmer (D.C. Bar No. 1631078)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com
wwaszmer@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*