UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 20-cv-3010 (APM) |
| STATE OF COLORADO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 20-cv-3715 (APM) |

## ORDER

The United States and Colorado Plaintiffs ("Plaintiffs") contend that Google has engaged in spoilation of evidence by failing to preserve relevant Google Chat messages. Google denies the charge. Its defense rests in part on the issuance of an initial litigation hold memorandum and subsequent reminder memoranda to various document custodians (collectively, "Hold Memoranda"). The Hold Memoranda, Google contends, "explicitly instructed" custodians "to not use messaging apps going forward, including Google Chat, to discuss topics covered by the legal hold," and to ensure "that the messages were preserved" if they did use chats to discuss relevant matters. Google Mem. in Opp'n to Pls.' Mot. for Sanctions, ECF No. 529 [hereinafter Google Sanction Mot.], at 26. Plaintiffs seek to compel Google to produce the Hold Memoranda.

The court ordered the parties to submit supplemental briefing "setting forth their positions as to whether the litigation-hold and reminder memoranda are protected by either the attorney-client privilege or the work product doctrine." Order, ECF No. 586 at 2; DOJ Pls.' Position Stmt., ECF No. 591, at 2 [hereinafter DOJ Mot.]; Colorado Pls.' Position Stmt., ECF No. 592 [hereinafter Colorado Mot.]; Google's Position Stmt., ECF No. 593 [hereinafter Google Mot.]. Having considered the parties' positions, the court orders Google to disclose those portions of the Hold Memoranda that reflect Google's instructions regarding the preservation and use of relevant Google Chats.

**I.**

The court has reviewed Google's Hold Memoranda *in camera* and finds that, as a general matter, they are protected by the attorney-client privilege. *See Neighborhood Assistance Corp. of Am. v. Dep't of Hous. and Urb. Dev.*, 19 F. Supp. 3d 1, 22 (D.D.C. 2013) (observing that "litigation hold letters are generally privileged"). DOJ Plaintiffs suggest that, if the Hold Memoranda are merely "forceful *instructions* about what [employees] must do, rather than *advice* about what they might do," they are not protected communications. DOJ Mot. at 2 (quoting *Bagley v. Yale Univ.*, 318 F.R.D. 234, 240 (D. Conn. 2016)). Even assuming such distinction has legal significance, based on the court's review, Google's Hold Memoranda are more than mere "forceful instructions." They contain actual legal advice that is subject to the privilege.

**II.**

The court's privilege determination does not, however, end the inquiry. Plaintiffs argue that, even if the Hold Memoranda are privileged, "Google has waived objections to discovery of its litigation hold procedures" by arguing that it took "reasonable steps to preserve relevant

2

documents."[1]  Colorado Mot. at 3 (quoting Google Sanction Mot. at 5–6); DOJ Mot. at 3 ("Google nonetheless waived any privilege when it made the litigation hold central to its spoilation defense.").  They contend that Google put at issue "the detail of its legal hold with regard to 'chats specifically,' the contents of its legal hold, and the instructions given to custodians."  Colorado Mot. at 4; DOJ Mot. at 1.

"Under the common-law doctrine of implied waiver, the attorney-client privilege is waived when the client places otherwise privileged matters in controversy."  *In re Kellogg Brown & Root, Inc.*, 796 F.3d 137, 145 (D.C. Cir. 2015).  "The purpose of the implied waiver doctrine is to prevent 'an abuse of the privilege,' that is, to prevent the confidentiality protected by the privilege from being used 'as a tool for manipulation of the truth-seeking process.'"  *Minebea Co. v. Papst*, 355 F. Supp. 2d 518, 522 (D.D.C. 2005) (quoting *In re Sealed Case*, 676 F.2d 793, 807 (D.C. Cir. 1982).

Google has placed portions of the Hold Memoranda at issue here.  In opposing Plaintiffs' motion for sanctions, Google argues that it took "reasonable steps" to preserve evidence by "issu[ing] written preservation notices to document custodians," "explicitly instruct[ing] its employees on legal hold to not use message apps going forward, including Google Chat, to discuss topics covered by the legal hold—and additionally instruct[ing] them, if they did still use such apps, to ensure that the messages were preserved, such as by turning history 'on.'"  Google Sanction Mot. at 25–26.  Plaintiffs are entitled to see these instructions.  Google "cannot be allowed, after disclosing as much as [it] pleases, to withhold the remainder."  *Kellogg Brown*, 796 F.3d at 145 (quoting *In re Sealed Case*, 676 F.2d at 807).

---

[1] Plaintiffs also argue that their "demonstration of spoilation" entitles them to discovery of the Hold Memoranda.  Colorado Mot. at 4; DOJ Mot. at 2–3.  Because the court concludes that Google has waived the privileged, it need not determine whether Plaintiffs have made a "preliminary showing" of spoilation.  *See Major Tours, Inc. v. Colorel*, No. 05-cv-3091 (JSB/JS), 2009 WL 2413631, at *3 (D.N.J. Aug. 4, 2009).

3

Google responds that "[t]his is not a situation where Google is opting as a matter of strategy to rely on communications to advance a reliance-on-counsel defense . . . to rebut Plaintiffs' antitrust theories," and it argues that the privilege is not waived because "Google discussed these communications, to a limited extent, only to respond to Plaintiffs' inquiries about its preservation practices and the briefing on this motion." Google Mot. at 4. Fair enough. But an essential component of Google's efforts to stave of sanctions is that it acted in good faith by instructing its employees how to use and preserve potentially relevant Google Chats. Google cannot shield those instructions from Plaintiffs when it has put them directly at issue.

### IV.

Google nevertheless contends that any waiver only covers "the portions of the communications where chats preservation is discussed." *Id.* at 2. The court agrees. "[V]oluntary disclosure in a federal proceeding . . . generally results in a waiver only of the communication or information disclosed." FED. R. EVID. 502(a) advisory committee's note to 2007 amendment. Accordingly, the court will compel Google to produce only those portions of the Hold Memoranda that reflect its instructions to custodians about the preservation and use of Google Chats.

For the reasons stated, by July 5, 2023, Google shall submit to the court *in camera* its proposed redactions to the Hold Memoranda. The court will then order Google to produce the redacted Hold Memoranda as submitted, or as amended by the court.

Dated: June 28, 2023

Amit P. Mehta
United States District Court Judge