**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>                              Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>                              Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*,<br><br>                              Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>                              Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE
OF PURPORTED BENEFITS OUTSIDE RELEVANT MARKETS**

Plaintiffs in the above-captioned cases ("Plaintiffs") respectfully move to preclude Google LLC ("Google") from introducing at trial evidence that its exclusionary conduct results in benefits in markets other than those alleged in their complaints to have been harmed by Google's monopolistic practices. Such evidence is irrelevant to the legal issue before the Court and thus inadmissible under Federal Rule of Evidence 402.

## INTRODUCTION

Plaintiffs allege that Google's exclusionary conduct illegally maintains its monopolies in general search services and related advertising markets. At trial, Plaintiffs will demonstrate that Google's conduct harms the competitive process and, ultimately, consumers in those markets.

1

In an attempt to defend its conduct, Google has suggested in summary judgment briefing, expert reports, and elsewhere that harms to competition and consumers in the general search services and related advertising markets are justified at least in part by benefits that accrue to different groups of consumers in different markets, including those for internet browsers, wireless services, and smartphones. Evidence of those purported benefits does not justify anticompetitive harms in the general search and related advertising markets; the in-market harms and out-of-market effects are not comparable, and the Court therefore cannot "net them out." *See Smith v. Pro Football, Inc.*, 593 F.2d 1173, 1186 (D.C. Cir. 1978). Doing so here would require the Court to "make value judgments by determining whether competition in the collateral market is more important than competition in the defined market." *In re NCAA Grant-in-Aid Cap Antitrust Litig.*, 958 F.3d 1239, 1270 (9th Cir. 2020) (Smith., J., concurring). That determination is properly left for Congress. "If a decision is to be made to sacrifice competition in one portion of the economy for greater competition in another portion, this . . . is a decision that must be made by Congress and not by private forces or by the courts." *United States v. Topco Assocs.*, 405 U.S. 596, 612 (1972).

Because evidence of out-of-market benefits is irrelevant and thus inadmissible for establishing a procompetitive justification for Google's conduct under Federal Rule of Evidence 402, the Court should preclude Google from introducing such evidence for that purpose at trial.

## ARGUMENT

## I.  Anticompetitive Effects in One Market Cannot Be Offset By Claims of Procompetitive Effects In Another

Google's exclusionary conduct harms competition in the markets for general search services and related advertising markets. It cannot justify that harm through purported proof of benefits in markets for internet browsers, wireless services, and smartphones.

Section 2 of the Sherman Act prohibits monopolizing *"any part* of the trade or commerce among the several States." 15 U.S.C. § 2 (emphasis added). That statutory language proscribes the monopolization of *any* product market. Indeed, it is akin to analysis under Section 7 of the Clayton Act, *see United States v. Grinnell Corp.*, 384 U.S. 563, 573 (1966) (equating a "part" of trade or commerce under the Sherman Act with a "line" of commerce under Section 7 of the Clayton Act, 15 U.S.C. § 18), where the Supreme Court has rejected the notion "that anticompetitive effects in one market could be justified by pro-competitive consequences in another." *United States v. Phila. Nat'l Bank*, 374 U.S. 321, 370 (1963); *see also id.* at 371 ("[A] merger the effect of which 'may be substantially to lessen competition' is not saved because, on some ultimate reckoning of social or economic debits and credits, it may be deemed beneficial."); Phillip E. Areeda & Herbert Hovenkamp, Antitrust Law: An Analysis of Antitrust Principles and Their Application § 972 (explaining that the statutory language of the Clayton Act precludes a multi-market balancing of benefits and harms flowing from a merger).

Both the D.C. Circuit and this Court have recognized that it is generally improper to consider out-of-market procompetitive benefits.[1] *See Smith*, 593 F.2d at 1186; *see also Brown v. Pro Football, Inc.*, 812 F. Supp. 237, 239 (D.D.C. 1992), *rev'd on other grounds*, 50 F.3d 1041, 1058 (D.C. Cir. 1995). In *Smith*, for instance, the D.C. Circuit considered whether the National Football League ("NFL") draft, which promotes a "competitive balance" among NFL teams and "thus improve[s] the entertainment product offered to the public," could justify its labor market

---

[1] Other courts have likewise recognized it is generally improper to "validate a practice that is decidedly in restraint of trade simply because the practice produces some unrelated benefits to competition in another market." *Sullivan v. NFL*, 34 F.3d 1091, 1112 (1st Cir. 1994); *see also W. Penn. Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 105 (3rd Cir. 2010); *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 988 (9th Cir. 2000). Any procompetitive benefit should be considered only to the extent it may "ultimately have a beneficial impact on competition in the relevant market itself." *Sullivan*, 34 F.3d at 1113.

restraints for graduating college players. *Id.* at 1175-76. The court rejected the draft's procompetitive benefits in part because they did not exist within the market for players' services. The court noted that "while [the draft] may heighten athletic competition and thus improve the entertainment product offered to the public, [it] does not increase competition in the economic sense of encouraging others to enter the market and to offer the product at lower cost." *Id.* at 1186. Ultimately, the court concluded that the draft's anticompetitive and procompetitive effects were "not comparable," and thus it was "impossible to 'net them out.'" *Id.*  Likewise, in *Brown*, the court rejected fixed-salary restraints, which the NFL similarly justified by arguing that they promoted "competitive balance" and a "better product" in a different market. *Brown v. Pro Football, Inc.*, No. 90-Civ-1071, 1992 WL 88039, at *10 (D.D.C. Mar. 10, 1992).

The irrelevance of out-of-market effects is reinforced by the multi-step burden-shifting framework applied by the D.C. Circuit in establishing a Section 2 violation. *See United States v. Microsoft Corp.*, 253 F.3d 34, 50, 58-59 (D.C. Cir. 2001) (en banc). Plaintiffs first must show that Google's conduct has an "anticompetitive effect" in at least one of the relevant markets. *See id.* at 58. Once Plaintiffs have done so, the burden shifts to Google to show a sufficient "procompetitive justification" for its conduct. *Id.* at 59. If Google makes that showing, the burden shifts back to Plaintiffs to "rebut that claim" or "demonstrate that the anticompetitive harm of the conduct outweighs the procompetitive benefit." *Id.*

Weighing cross-market effects interferes with the court's determination of whether a challenged practice is "net procompetitive or net anticompetitive" and "weakens antitrust protections by permitting defendants to rely on a broader array of justifications that promote competition, if at all, in collateral markets where the restraint under analysis does not occur." *In re NCAA Grant-in-Aid Cap Antitrust Litig.*, 958 F.3d at 1269 (Smith., J., concurring) (discussing

Section 1 rule-of-reason analysis).[2] Cross-market analysis goes beyond judicial capabilities, as the D.C. Circuit cautioned in *Smith*, because "[j]urists faced with weighing the anticompetitive effects in one market with the procompetitive effects in another cannot simply 'net them out' mathematically." *Id.* at 1269-70 (quoting *Smith*, 593 F.2d at 1186). Rather, "courts employing a cross-market analysis must— implicitly or explicitly—make value judgments by determining whether competition in the collateral market is more important than competition in the defined market," but "[a]s the Supreme Court has warned, this is not what the antitrust laws invite courts to do." *Id.* at 1270. "If a decision is to be made to sacrifice competition in one portion of the economy for greater competition in another portion . . . that [decision] must be made by Congress and not by private forces or by the courts." *Id.* (quoting *Topco*, 405 U.S. at 611).

## II.   Evidence of Purported Benefits Outside Relevant Markets Is Irrelevant and Inadmissible Under Federal Rule of Evidence 402

Because anticompetitive harms are not comparable to procompetitive effects in other markets and therefore cannot be simply offset, evidence adduced for that purpose is irrelevant and inadmissible in this Circuit under Federal Rule of Evidence 402. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). To the extent Google does introduce evidence of purported out-of-market benefits, that evidence is *only* potentially admissible to the extent it provably benefits competition in a relevant market.[3] In those circumstances, it is Google's burden to show, through credible and compelling evidence, that (1) the benefits of increased

---

[2]   Upon appeal in *NCAA v. Alston*, 141 S. Ct. 2141 (2021), the Supreme Court declined to address the propriety of cross-market balancing because the parties never argued against it. *Id.* at 2155; *see also In re NCAA Grant-in-Aid Cap Litig.*, 958 F.3d at 1257 n.14 ("The parties have agreed that the relevant market is the market for Student-Athletes' labor, while the market to be assessed for pro-competitive effects is the market for college sports. Thus, the [cross-market] issue is not presented in this case. . . and [we] leave it for another day.").

[3]   Plaintiffs reserve their right to argue that such evidence is inadmissible on this or any other applicable grounds.

competition accrue to consumers harmed by Google's anticompetitive conduct;[4] and (2) the benefits to those consumers are significant enough to offset the harms caused by that conduct. *See, e.g., Sullivan*, 34 F.3d at 1113; *United States v. Am. Airlines Grp. Inc.*, No. CV 21-11558-LTS, 2023 WL 3560430, at *41 (D. Mass. May 19, 2023) (finding argument that airline alliance grew capacity in relevant market unsupported by the evidence).

## CONCLUSION

For those reasons, evidence that Google's conduct results in out-of-market benefits is inadmissible and should be excluded from trial under Federal Rule of Evidence 402.


Dated: August 1, 2023

Respectfully submitted,


By:    */s/ Kenneth M. Dintzer*
Kenneth M. Dintzer
Karl E. Herrmann (D.C. Bar #1022464)
Jeremy M. P. Goldstein
U.S. Department of Justice, Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 227-1967
Kenneth.Dintzer2@usdoj.gov

*Counsel for Plaintiff United States of America*

---

[4]  For this reason, it is permissible to identify out-of-market conduct and its resulting impact that translates into in-market harm, as the *Microsoft* Court recognized and as the State Plaintiffs have alleged. *See Microsoft,* 253 F.3d at 71 ("Microsoft's deals with the IAPs clearly have a significant effect in preserving its monopoly; they help keep usage of Navigator below the critical level necessary for Navigator or any other rival to pose a real threat to Microsoft's monopoly.")

By:____/s/ Margaret Sharp____
James Lloyd, Chief, Antitrust Division
Margaret Sharp, Assistant Attorney General
Office of the Attorney General, State of
Texas
300 West 15th Street
Austin, Texas 78701
Margaret.Sharp@oag.texas.gov

*Counsel for Plaintiff State of Texas*


By:____/s/ Matthew Michaloski____
Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and
Director, Consumer Protection Division
Matthew Michaloski, Deputy Attorney
General
Christi Foust, Deputy Attorney General
Office of the Attorney General, State of
Indiana
Indiana Government Center South, Fifth
Floor
302 West Washington Street
Indianapolis, Indiana 46204
Matthew.Michaloski@atg.in.gov

*Counsel for Plaintiff State of Indiana*


By:____/s/ Matthew M. Ford____
Matthew Ford
Arkansas Bar No. 2013180
Assistant Attorney General
Office of Tim Griffin, Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
Keaton.Barnes@ArkansasAG.gov

*Counsel for Plaintiff State of Arkansas*

By:    */s/ Brian Wang*
Rob Bonta, Attorney General
Paula Blizzard, Senior Assistant Attorney
General
Brian Wang, Deputy Attorney General
Carolyn Danielle Jeffries, Deputy Attorney
General
Office of the Attorney General,
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Brian.Wang@doj.ca.gov

*Counsel for Plaintiff State of California*


By:    */s/ Lee Istrail*
Ashley Moody, Attorney General
R. Scott Palmer, Special Counsel, Complex
Enforcement Chief, Antitrust Division
Nicholas D. Niemiec, Assistant Attorney
General
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of
Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

By: ___/s/ Daniel Walsh_____
Christopher Carr, Attorney General
Margaret Eckrote, Deputy Attorney General
Daniel Walsh, Senior Assistant Attorney
General
Charles Thimmesch, Assistant Attorney
General
Office of the Attorney General, State of
Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*


By: ___/s/ Philip R. Heleringer_____
Daniel Cameron, Attorney General
J. Christian Lewis, Commissioner of the
Office of Consumer Protection
Philip R. Heleringer, Executive Director of
the Office of Consumer Protection
Jonathan E. Farmer, Deputy Executive
Director of the Office of Consumer Protection
Office of the Attorney General,
Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of
Kentucky*

By:_____*/s/ Christopher J. Alderman*_____
Jeff Landry, Attorney General
Christopher J. Alderman, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
AldermanC@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*


By:_____*/s/ Scott Mertens*_____
Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*


By:_____*/s/ Stephen M. Hoeplinger*_____
Stephen M. Hoeplinger
Assistant Attorney General
Missouri Attorney General's Office
815 Olive St., Suite 200
St. Louis, Missouri 63101
Stephen.Hoeplinger@ago.mo.gov

*Counsel for Plaintiff State of Missouri*

By: ___*/s/ Hart Martin*___
Lynn Fitch, Attorney General
Hart Martin, Special Assistant Attorney
General
Crystal Utley Secoy, Assistant Attorney
General
Office of the Attorney General, State of
Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Hart.Martin@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*


By: ___*/s/ Anna Schneider*___
Anna Schneider
Bureau Chief
Montana Office of Consumer Protection
P.O. Box 200151
Helena, MT. 59602-0150
Phone: (406) 444-4500
Fax: 406-442-1894
Anna.schneider@mt.gov

*Counsel for Plaintiff State of Montana*

By:  /s/ Mary Frances Jowers
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney
General
C. Havird Jones, Jr., Senior Assistant Deputy
Attorney General
Mary Frances Jowers, Assistant Deputy
Attorney General
Rebecca M. Hartner, Assistant Attorney
General
Office of the Attorney General, State of South
Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
mfjowers@scag.gov

*Counsel for Plaintiff State of South Carolina*


By:  /s/ Gwendolyn J. Lindsay Cooley
Joshua L. Kaul, Attorney General
Gwendolyn J. Lindsay Cooley, Assistant
Attorney General
Wisconsin Department of Justice
17 W. Main St.
Madison, Wisconsin 53701
Gwendolyn.Cooley@Wisconsin.gov

*Counsel for Plaintiff State of Wisconsin*

FOR PLAINTIFF STATE OF COLORADO

Jonathan B. Sallet
Special Assistant Attorney General

*/s/ Jonathan B. Sallet*
Jonathan B. Sallet, DC Bar No. 336198
Steven M. Kaufmann, DC Bar No. 1022365
(inactive)
Carla Baumel
Elizabeth W. Hereford
Conor J. May
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
E-Mails: Jon.Sallet@coag.gov
          Steve.Kaufmann@coag.gov
          Carla.Baumel@coag.gov
          Elizabeth.Hereford@coag.gov
          Conor.May@coag.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER
LLP
1133 Avenue of the Americas
Suite 2200
New York, NY 10036-6710
Telephone: (212) 335-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Colorado*

FOR PLAINTIFF STATE OF NEBRASKA

Joseph M. Conrad
Assistant Attorney General
Colin P. Snider
Assistant Attorney General
Matthew K. McKinley
Special Assistant Attorney General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-3840
E-Mails: Joseph.Conrad@nebraska.gov
         Colin.snider@nebraska.gov
         Matt.Mckinley@nebraska.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER
LLP
1133 Avenue of the Americas
Suite 2200
New York, NY 10036-6710
Telephone: (212) 335-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Nebraska*

| FOR PLAINTIFF STATE OF ARIZONA | FOR PLAINTIFF STATE OF IOWA |
| --- | --- |
| Robert A. Bernheim, Unit Chief Counsel | Noah Goerlitz, Assistant Attorney General |
| Arizona Office of the Attorney General | Office of the Attorney General of Iowa |
| 400 West Congress, Ste. S-315 | 1305 E. Walnut St., 2nd Floor |
| Tucson, Arizona 85701 | Des Moines, IA 50319 |
| Telephone: (520) 628-6507 | Telephone: (515) 725-1018 |
| E-Mail: Robert.bernheim@azag.gov | E-Mail: Noah.goerlitz@ag.iowa.gov |
| | |
| *Counsel for Plaintiff State of Arizona* | *Counsel for Plaintiff State of Iowa* |

FOR PLAINTIFF STATE OF NEW
YORK

Elinor R. Hoffmann
Morgan J. Feder
Michael Schwartz
Office of the Attorney General of New
York
28 Liberty Street, 21st Floor
New York, NY 10005
Telephone: (212) 416-8513
E-Mails: Elinor.hoffmann@ag.ny.gov
           Morgan.feder@ag.ny.gov
           Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff State of New York*

FOR PLAINTIFF STATE OF NORTH
CAROLINA

Kunal Janak Choksi
Joshua Daniel Abram
Jonathan R. Marx
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6000
E-Mails: kchoksi@ncdoj.gov
           jabram@ncdoj.gov
           jmarx@ncdoj.gov
           jsutton2@ncdoj.gov

*Counsel for Plaintiff State of North Carolina*

FOR PLAINTIFF STATE OF
TENNESSEE

J. David McDowell
Chris Dunbar
Office of the Attorney General and
Reporter
P.O. Box 20207
Nashville.TN 37202
Telephone: (615) 741-8722
E-Mails: David.McDowell@ag.tn.gov
           Chris.Dunbar@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*

FOR PLAINTIFF STATE OF UTAH

Scott R. Ryther
Tara Pincock
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 142320
Salt Lake City, Utah 84114
Telephone: (385) 881-3742
E-Mail: sryther@agutah.gov
         tpincock@agutah.gov

*Counsel for Plaintiff State of Utah*

FOR PLAINTIFF STATE OF ALASKA

Jeff Pickett
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5100
E-Mail: Jeff.pickett@alaska.gov

*Counsel for Plaintiff State of Alaska*

FOR PLAINTIFF STATE OF CONNECTICUT

Nicole Demers
Office of the Attorney General of Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Telephone: (860) 808-5202
E-Mail: Nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

15

FOR PLAINTIFF STATE OF
DELAWARE

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 577-8924
E-Mail: Michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*

FOR PLAINTIFF DISTRICT OF COLUMBIA

Elizabeth Gentry Arthur
Office of the Attorney General for the District of
Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 724-6514
E-Mail: Elizabeth.arthur@dc.gov

*Counsel for Plaintiff District of Columbia*

FOR PLAINTIFF TERRITORY OF
GUAM

Fred Nishihira, Chief, Consumer
Protection Division
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Telephone: (671) 475-3324

*Counsel for Plaintiff Territory Guam*

FOR PLAINTIFF STATE OF HAWAIʻI

Rodney I. Kimura
Department of the Attorney General, State of
Hawaiʻi
Commerce & Economic Development
425 Queen Street
Honolulu, HI 96813
Telephone (808) 586-1180
E-Mail: Rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff State of Hawaiʻi*

FOR PLAINTIFF STATE OF IDAHO

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. State St., 2nd Floor
P.O. Box 83720
Boise, ID 83720
Telephone: (208) 334-4114
E-Mails: Brett.delange@ag.idaho.gov
         John.olson@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

FOR PLAINTIFF STATE OF ILLINOIS

Elizabeth Maxeiner
Brian Yost
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
Telephone: (773) 590-7935
E-Mails: Elizabeth.maxeiner@ilag.gov
         Brian.yost@ilag.gov

*Counsel for Plaintiff State of Illinois*

FOR PLAINTIFF STATE OF KANSAS

Lynette R. Bakker
Kansas Office of the Attorney General
120 S.W. 10th Avenue., 2nd Floor
Topeka, KS 66612
Telephone: (785) 296-3751
E-Mail: Lynette.bakker@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

FOR PLAINTIFF STATE OF
MARYLAND

Schonette J. Walker
Gary Honick
Office of the Attorney General of
Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Telephone: (410) 576-6480
E-Mails: swalker@oag.state.md.us
        ghonick@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

FOR PLAINTIFF STATE MINNESOTA

Zachary William Biesanz
Office of the Minnesota Attorney General
Consumer, Wage, and Antitrust Division
445 Minnesota Street, Suite 1400
St. Paul, MN 55101
Telephone: (651) 757-1257
E-Mail: Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

FOR PLAINTIFF STATE OF MAINE

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
August, ME 04333
Telephone: (207) 626-8800
E-Mail: Christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

FOR PLAINTIFF COMMONWEALTH
MASSACHUSETTS

William T. Matlack
Michael B. MacKenzie
Office of the Attorney General of Massachusetts
One Ashburton Place, 18th Fl.
Boston, MA 02108
Telephone: (617) 727-2200
E-Mails: William.matlack@mass.gov
        Michael.Mackenzie@mass.gov

*Counsel for Plaintiff State of Massachusetts*

FOR PLAINTIFF STATE OF NEVADA

Michelle Christine Newman
Lucas J. Tucker
Nevada Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
Telephone: (775) 684-1164
E-Mails: mnewman@ag.nv.gov
        ltucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

FOR PLAINTIFF STATE OF NEW
HAMPSHIRE

Brandon Garod
Office of Attorney General of New
Hampshire
33 Capitol Street
Concord, NH 03301
Telephone: (603) 271-1217
E-Mail: Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff State of New
Hampshire*

FOR PLAINTIFF STATE OF NEW
MEXICO

Judith E. Paquin
Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney
General
408 Galisteo St.
Santa Fe, NM 87504
Telephone: (505) 490-4885
E-Mails: jpaquin@nmag.gov
         ckhoury@nmag.gov

*Counsel for Plaintiff State of New Mexico*

FOR PLAINTIFF STATE OF NEW JERSEY

Isabella R. Pitt
Deputy Attorney General
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
Telephone: (973) 648-7819
E-Mail: Isabella.Pitt@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

FOR PLAINTIFF STATE NORTH DAKOTA

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust Division
Office of the Attorney General of North Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
Telephone: (701) 328-5570
E-Mail: ealm@nd.gov

*Counsel for Plaintiff State of North Dakota*

FOR PLAINTIFF STATE OHIO

Jennifer Pratt
Beth Ann Finnerty
Mark Kittel
Office of the Attorney General of Ohio
30 E Broad Street, 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
E-Mails:
Jennifer.pratt@ohioattorneygeneral.gov
Beth.finnerty@ohioattorneygeneral.gov
Mark.kittel@ohioattorneygeneral.gov

*Counsel for Plaintiff State of Ohio*

FOR THE PLAINTIFF STATE OKLAHOMA

Caleb J. Smith
Office of the Oklahoma Attorney General
313 NE 21st St
Oklahoma City, OK 73105
Telephone: (405) 522-1014
E-Mail: Caleb.Smith@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

FOR PLAINTIFF STATE OREGON

Cheryl Hiemstra
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301
Telephone: (503) 934-4400
E-Mail: Cheryl.hiemstra@doj.state.or.us

*Counsel for Plaintiff State of Oregon*

FOR PLAINTIFF COMMONWEALTH PENNSYLVANIA

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
E-Mails: jbetsko@attorneygeneral.gov
         twertz@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of Pennsylvania*

FOR PLAINTIFF TERRITORY PUERTO RICO

Guarionex Diaz Martinez
Assistant Attorney General
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902
Telephone: (787) 721-2900, Ext. 1201
E-Mail: gdiaz@justicia.pr.gov

*Counsel for Plaintiff Territory Puerto Rico*

FOR PLAINTIFF STATE SOUTH DAKOTA

Yvette K. Lafrentz
Office of the Attorney General of South Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
E-Mail: Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff State of South Dakota*

FOR PLAINTIFF COMMONWEALTH VIRGINIA

Tyler T. Henry
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Telephone: (804) 692-0485
E-Mail: thenry@oag.state.va.us

*Counsel for Plaintiff State of Virginia*

FOR PLAINTIFF STATE RHODE ISLAND

Stephen Provazza
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
E-Mail: SProvazza@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

FOR PLAINTIFF STATE VERMONT

Christopher J. Curtis
Assistant Attorney General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
Telephone: (802) 828-3170
E-Mail: Ryan.kriger@vermont.gov

*Counsel for Plaintiff State of Vermont*

FOR PLAINTIFF STATE WASHINGTON

Amy Hanson
Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-5419
E-Mail: Amy.hanson@atg.wa.gov

*Counsel for Plaintiff State of Washington*

FOR PLAINTIFF STATE WEST VIRGINIA

Douglas Lee Davis
Office of the Attorney General, State of West Virginia
1900 Kanawha Boulevard, East
Building 6, Suite 402
P.O. Box 1789
Charleston, WV 25305
Telephone: (304) 558-8986
E-Mail: Douglas.l.davis@wvago.gov

*Counsel for Plaintiff State of West Virginia*

FOR PLAINTIFF STATE WYOMING

Benjamin Peterson
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
Telephone: (307) 777-6397
E-Mail: Benjamin.peterson2@wyo.gov

*Counsel for Plaintiff State of Wyoming*