IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 1:20-cv-03010-APM <br><br> HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 1:20-cv-03715-APM <br><br> HON. AMIT P. MEHTA |

**PLAINTIFFS' MOTION *IN LIMINE* TO LIMIT GOOGLE'S ABILITY TO USE EVIDENCE OF PRODUCT QUALITY AS A COMPLETE DEFENSE TO LIABILITY**

Plaintiffs in the above-captioned cases ("Plaintiffs") respectfully move to preclude Google LLC ("Google") from introducing evidence at trial for the purpose of arguing that the quality of its products insulate Google from a finding of liability, or actions taken to improve its products cannot support a monopoly maintenance claim under Section 2 of the Sherman Act. This argument is foreclosed by *United States v. Microsoft Corp.*, 253 F.3d 34 (D.C. Cir. 2001) (*en banc*), and contrary to well-established antitrust principles that monopolists cannot substitute their assurances of beneficial behavior for the discipline provided by competitive markets. Accordingly, the Plaintiffs respectfully request that Google's introduction of evidence related to

its product quality be limited to its alleged procompetitive justifications for its anticompetitive conduct.

## INTRODUCTION

At trial, Plaintiffs will demonstrate that Google's anticompetitive conduct—including securing default status on Apple devices, Android devices, and third-party browsers—allows Google to illegally maintain its durable monopolies in general search and related advertising markets.  In particular, Google's anticompetitive conduct allows it to lock up critical distribution channels (search defaults) and deny rivals access to the scale (user-side data) necessary to compete meaningfully.  The State Plaintiffs will additionally demonstrate that Google's discriminatory exclusion of Specialized Vertical Providers ("SVPs") from certain of its vertical features on its search engine results page further allows Google to maintain its durable search-related monopolies.[1]

Google has argued that its conduct cannot support a monopoly maintenance claim under Section 2 so long as it makes Google's products more attractive to consumers.  As explained below, while Google may argue that consumers prefer its general search engine, under the law Google cannot argue that any such preferences shield its conduct from antitrust liability.

## ARGUMENT

Under Rule 402 of the Federal Rules of Evidence, only relevant evidence is admissible, and relevancy requires that the evidence proffered tends to make a fact more or less probable. *See* Fed. R. Evid. 401, 402.  Evidence can be proffered for a variety of purposes, but the Court's gatekeeping role requires it to consider evidence only for proper purposes.  *See United States ex*

---

[1]  For example, the State Plaintiffs will show that Google's conduct limits the ability of SVPs to gain traffic and raises their customer acquisition costs, while increasing the revenues and profits of Google's monopoly advertising and protecting its monopoly power from erosion by, for example, providing content to Google's rivals.

*rel. Landis v. Tailwind Sports Corp.*, 292 F. Supp. 3d 211, 216 (D.D.C. 2017) ("Because this evidence is admissible for one purpose but not another, the Government will be entitled to a limiting instruction if it so desires."); *see also* Fed. R. Evid. 105 ("Limiting Evidence That Is Not Admissible Against Other Parties or for Other Purposes.").

Google's prior arguments suggest it may seek to introduce evidence related to the quality of its general search services, such as a claimed product design or improvement, for an improper purpose—a complete immunity to antitrust liability.[2] To the extent Google seeks to use evidence related to its product quality for an improper purpose, this Motion seeks to exclude the introduction of such evidence.

Under *Microsoft*, Plaintiffs must establish that Google (i) possesses "monopoly power" and (ii) maintained that power through "exclusionary conduct." *See Microsoft*, 253 F.3d at 50, 58. To determine whether Google engaged in exclusionary conduct, the Court applies a multi-step burden-shifting framework. *See id.* at 58–59. Plaintiffs first must show that Google's conduct has an "anticompetitive effect" in at least one of the three relevant markets. *See id.* at 58. Once Plaintiffs have done so, the burden shifts to Google to show a sufficient "procompetitive justification" for its conduct. *Id.* at 59. If Google makes that showing, the burden shifts back to Plaintiffs to "rebut that claim" or "demonstrate that the anticompetitive harm of the conduct outweighs the procompetitive benefit." *Id.*

The possibility that a monopolist's conduct makes a product more attractive to some consumers is not an absolute or complete defense to liability under Section 2. *Cf. NCAA v.*

---

[2] *See, e.g.*, Apr. 13, 2023 Hrg Tr. 7:3–8 (Google counsel John Schmidtlein: "[A]s the Court also teaches in various places, conduct that is pro-competitive or conduct that is a *superior product* or competition on the merits cannot, as a matter of law, violate the antitrust laws, *regardless of its effect*" (emphasis added)).

3

*Alston*, 141 S. Ct. 2141, 2163 (2021) (while firms can seek to "introduc[e] a new product into the marketplace," that does not "mean[] a party can relabel a restraint as a product feature and declare it 'immune from § 1 scrutiny'" (quoting *Am. Needle, Inc. v. Nat'l Football League*, 560 U.S. 183, 199 n.7 (2010))). This is especially true when, as here, Google's conduct allows it to deny rivals the scale needed to compete effectively. If conduct has anticompetitive potential, a defendant must always provide a competitive justification for that conduct, *i.e.*, "a nonpretextual claim that its conduct is indeed a form of competition on the merits because it involves, for example, greater efficiency or enhanced consumer appeal." *Microsoft*, 253 F.3d at 58–59; *see also NCAA v. Bd. of Regents of Univ. of Okla.*, 468 U.S. 85, 113 (1984) (defendant bears "heavy burden" to justify "[an] apparent deviation from the operations of a free market").[3] Even if the defendant carries this burden, its justification must still be balanced against the anticompetitive effects, which reflects the significance of the anticompetitive harm even in the face of provable procompetitive benefits. *Microsoft*, 253 F.3d at 58–59, at 65 ("Judicial deference to product innovation, however, does not mean that a monopolist's product design decisions are per se lawful"). Only if the procompetitive benefits outweigh the anticompetitive effects could the defense succeed. As the evidence will show, Google will not be able to meet that heavy burden here.

Google's promise that its anticompetitive conduct offers consumers better quality products than under a competitive process "is nothing less than a frontal assault on the basic policy of the Sherman Act." *PLS.Com, LLC v. Nat'l Ass'n of Realtors*, 32 F.4th 824, 836–37

---

[3] To establish that a product improvement qualifies as a procompetitive benefit at step two, a defendant must show that improvement "foster[s] consumer demand." *In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*, 958 F.3d 1239, 1249 (9th Cir. 2020), *aff'd sub nom. Nat'l Collegiate Athletic Ass'n v. Alston*, 141 S. Ct. 2141 (2021).

4

(9th Cir. 2022) (quoting *Nat'l Soc'y of Pro. Eng'rs v. United States*, 435 U.S. 679, 695 (1978)). And it should be rejected for the same reasons courts reject the argument that prices can be fixed so long as the agreed upon price is reasonable, *see, e.g.*, *Arizona v. Maricopa Cnty. Med. Soc.*, 457 U.S. 332, 345 (1982), or that "monopolistic arrangements will better promote trade and commerce than competition" in certain industries, *Nat'l Soc. of Pro. Engineers*, 435 U.S. at 689. The core principle of the Sherman Act is that competition is a public good because it serves larger societal interests and the competitive process, not the assurances of a monopolist, and is the best way to protect consumers and spur innovation. *See id.* at 695 ("The assumption that competition is the best method of allocating resources in a free market recognizes that all elements of a bargain—quality, service, safety, and durability—and not just the immediate cost, are favorably affected by the free opportunity to select among alternative offers.").

Evidence that is elicited for an improper purpose is routinely limited, and subject to exclusion, in the exercise of the Court's gate-keeping function. Accordingly, the Plaintiffs respectfully request that Google's introduction of evidence related to its product quality be limited to its alleged procompetitive justifications for its anticompetitive conduct, where the Court can then weigh such evidence against Plaintiffs' proof of anticompetitive effects.

## CONCLUSION

Plaintiffs' motion does not seek to exclude all evidence of Google's purported product superiority at trial. This Motion instead seeks to exclude evidence that is introduced by Google for the improper and legally incorrect purpose of proving that *any* action that makes its product more attractive to customers cannot be anticompetitive.

Dated: August 1, 2023                              Respectfully submitted,


                                                   By:   /s/ Kenneth M. Dintzer
                                                   Kenneth M. Dintzer
                                                   Veronica N. Onyema (D.C. Bar #979040)
                                                   Jeremy M. P. Goldstein
                                                   Karl E. Herrmann (D.C. Bar #1022464)
                                                   U.S. Department of Justice, Antitrust Division
                                                   Technology & Digital Platforms Section
                                                   450 Fifth Street NW, Suite 7100
                                                   Washington, DC 20530
                                                   Telephone: (202) 227-1967
                                                   Kenneth.Dintzer2@usdoj.gov

                                                   *Counsel for Plaintiff United States of America*


                                                   By:   /s/ Margaret Sharp
                                                   James Lloyd, Chief, Antitrust Division
                                                   Margaret Sharp, Assistant Attorney General
                                                   Office of the Attorney General, State of
                                                   Texas
                                                   300 West 15th Street
                                                   Austin, Texas 78701
                                                   Margaret.Sharp@oag.texas.gov

                                                   *Counsel for Plaintiff State of Texas*

By: */s/ Matthew Michaloski*
Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and Director, Consumer Protection Division
Matthew Michaloski, Deputy Attorney General
Christi Foust, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Matthew.Michaloski@atg.in.gov

*Counsel for Plaintiff State of Indiana*


By: */s/ Matthew M. Ford*
Matthew Ford
Arkansas Bar No. 2013180
Assistant Attorney General
Office of Tim Griffin, Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
Keaton.Barnes@ArkansasAG.gov

*Counsel for Plaintiff State of Arkansas*


By: */s/ Brian Wang*
Rob Bonta, Attorney General
Paula Blizzard, Senior Assistant Attorney General
Brian Wang, Deputy Attorney General
Carolyn Danielle Jeffries, Deputy Attorney General
Office of the Attorney General,
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Brian.Wang@doj.ca.gov

*Counsel for Plaintiff State of California*

7

By: */s/ Lee Istrail*
Ashley Moody, Attorney General
R. Scott Palmer, Special Counsel, Complex Enforcement Chief, Antitrust Division
Nicholas D. Niemiec, Assistant Attorney General
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com

*Counsel for Plaintiff State of Florida*


By: */s/ Daniel Walsh*
Christopher Carr, Attorney General
Margaret Eckrote, Deputy Attorney General
Daniel Walsh, Senior Assistant Attorney General
Charles Thimmesch, Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

By:    /s/ *Philip R. Heleringer*
Daniel Cameron, Attorney General
J. Christian Lewis, Commissioner of the
Office of Consumer Protection
Philip R. Heleringer, Executive Director of
the Office of Consumer Protection
Jonathan E. Farmer, Deputy Executive
Director of the Office of Consumer Protection
Office of the Attorney General,
Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*


By:    /s/ *Christopher J. Alderman*
Jeff Landry, Attorney General
Christopher J. Alderman, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
AldermanC@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*


By:    /s/ *Scott Mertens*
Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

9

By: /s/ *Stephen M. Hoeplinger*
Stephen M. Hoeplinger
Assistant Attorney General
Missouri Attorney General's Office
815 Olive St., Suite 200
St. Louis, Missouri 63101
Stephen.Hoeplinger@ago.mo.gov

*Counsel for Plaintiff State of Missouri*


By: /s/ *Hart Martin*
Lynn Fitch, Attorney General
Hart Martin, Special Assistant Attorney General
Crystal Utley Secoy, Assistant Attorney General
Office of the Attorney General, State of Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Hart.Martin@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*


By: /s/ *Anna Schneider*
Anna Schneider
Bureau Chief
Montana Office of Consumer Protection
P.O. Box 200151
Helena, MT. 59602-0150
Phone: (406) 444-4500
Fax: 406-442-1894
Anna.schneider@mt.gov

*Counsel for Plaintiff State of Montana*

By:  */s/ Mary Frances Jowers*
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney General
C. Havird Jones, Jr., Senior Assistant Deputy Attorney General
Mary Frances Jowers, Assistant Deputy Attorney General
Rebecca M. Hartner, Assistant Attorney General
Office of the Attorney General, State of South Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
mfjowers@scag.gov

*Counsel for Plaintiff State of South Carolina*


By:  */s/ Gwendolyn J. Lindsay Cooley*
Joshua L. Kaul, Attorney General
Gwendolyn J. Lindsay Cooley, Assistant Attorney General
Wisconsin Department of Justice
17 W. Main St.
Madison, Wisconsin 53701
Gwendolyn.Cooley@Wisconsin.gov

*Counsel for Plaintiff State of Wisconsin*

11

FOR PLAINTIFF STATE OF COLORADO

Jonathan B. Sallet
Special Assistant Attorney General

*/s/ Jonathan B. Sallet*
Jonathan B. Sallet, DC Bar No. 336198
Steven M. Kaufmann, DC Bar No. 1022365 (inactive)
Carla Baumel
Elizabeth W. Hereford
Conor J. May
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
E-Mails: Jon.Sallet@coag.gov
　　　　　Steve.Kaufmann@coag.gov
　　　　　Carla.Baumel@coag.gov
　　　　　Elizabeth.Hereford@coag.gov
　　　　　Conor.May@coag.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
Suite 2200
New York, NY 10036-6710
Telephone: (212) 335-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Colorado*

FOR PLAINTIFF STATE OF NEBRASKA

Joseph M. Conrad
Assistant Attorney General
Colin P. Snider
Assistant Attorney General
Matthew K. McKinley
Special Assistant Attorney General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-3840
E-Mails: Joseph.Conrad@nebraska.gov
  Colin.snider@nebraska.gov
  Matt.Mckinley@nebraska.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
Suite 2200
New York, NY 10036-6710
Telephone: (212) 335-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Nebraska*

FOR PLAINTIFF STATE OF ARIZONA

Robert A. Bernheim, Unit Chief Counsel
Arizona Office of the Attorney General
400 West Congress, Ste. S-315
Tucson, Arizona 85701
Telephone: (520) 628-6507
E-Mail: Robert.bernheim@azag.gov

*Counsel for Plaintiff State of Arizona*

FOR PLAINTIFF STATE OF IOWA

Noah Goerlitz, Assistant Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St., 2nd Floor
Des Moines, IA 50319
Telephone: (515) 725-1018
E-Mail: Noah.goerlitz@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

13

FOR PLAINTIFF STATE OF NEW YORK

Elinor R. Hoffmann
Morgan J. Feder
Michael Schwartz
Office of the Attorney General of New York
28 Liberty Street, 21st Floor
New York, NY 10005
Telephone: (212) 416-8513
E-Mails: Elinor.hoffmann@ag.ny.gov
 Morgan.feder@ag.ny.gov
 Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff State of New York*

FOR PLAINTIFF STATE OF NORTH CAROLINA

Kunal Janak Choksi
Joshua Daniel Abram
Jonathan R. Marx
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6000
E-Mails: kchoksi@ncdoj.gov
 jabram@ncdoj.gov
 jmarx@ncdoj.gov
 jsutton2@ncdoj.gov

*Counsel for Plaintiff State of North Carolina*

FOR PLAINTIFF STATE OF TENNESSEE

J. David McDowell
Chris Dunbar
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville.TN 37202
Telephone: (615) 741-8722
E-Mails: David.McDowell@ag.tn.gov
 Chris.Dunbar@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*

FOR PLAINTIFF STATE OF UTAH

Scott R. Ryther
Tara Pincock
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 142320
Salt Lake City, Utah 84114
Telephone: (385) 881-3742
E-Mail: sryther@agutah.gov
 tpincock@agutah.gov

*Counsel for Plaintiff State of Utah*

FOR PLAINTIFF STATE OF ALASKA

Jeff Pickett
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5100
E-Mail: Jeff.pickett@alaska.gov

*Counsel for Plaintiff State of Alaska*

FOR PLAINTIFF STATE OF CONNECTICUT

Nicole Demers
Office of the Attorney General of Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Telephone: (860) 808-5202
E-Mail: Nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

FOR PLAINTIFF STATE OF DELAWARE

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 577-8924
E-Mail: Michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*

FOR PLAINTIFF DISTRICT OF COLUMBIA

Elizabeth Gentry Arthur
Office of the Attorney General for the District of Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 724-6514
E-Mail: Elizabeth.arthur@dc.gov

*Counsel for Plaintiff District of Columbia*

FOR PLAINTIFF TERRITORY OF GUAM

Fred Nishihira, Chief, Consumer Protection Division
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Telephone: (671) 475-3324

*Counsel for Plaintiff Territory Guam*

FOR PLAINTIFF STATE OF HAWAIʻI

Rodney I. Kimura
Department of the Attorney General, State of Hawaiʻi
Commerce & Economic Development
425 Queen Street
Honolulu, HI 96813
Telephone (808) 586-1180
E-Mail: Rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff State of Hawaiʻi*

FOR PLAINTIFF STATE OF IDAHO

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. State St., 2nd Floor
P.O. Box 83720
Boise, ID 83720
Telephone: (208) 334-4114
E-Mails: Brett.delange@ag.idaho.gov
           John.olson@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

FOR PLAINTIFF STATE OF ILLINOIS

Elizabeth Maxeiner
Brian Yost
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
Telephone: (773) 590-7935
E-Mails: Elizabeth.maxeiner@ilag.gov
           Brian.yost@ilag.gov

*Counsel for Plaintiff State of Illinois*

FOR PLAINTIFF STATE OF KANSAS

Lynette R. Bakker
Kansas Office of the Attorney General
120 S.W. 10th Avenue., 2nd Floor
Topeka, KS 66612
Telephone: (785) 296-3751
E-Mail: Lynette.bakker@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

FOR PLAINTIFF STATE OF MAINE

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
August, ME 04333
Telephone: (207) 626-8800
E-Mail: Christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

FOR PLAINTIFF STATE OF MARYLAND

Schonette J. Walker
Gary Honick
Office of the Attorney General of Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Telephone: (410) 576-6480
E-Mails: swalker@oag.state.md.us
         ghonick@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

FOR PLAINTIFF COMMONWEALTH MASSACHUSETTS

William T. Matlack
Michael B. MacKenzie
Office of the Attorney General of Massachusetts
One Ashburton Place, 18th Fl.
Boston, MA 02108
Telephone: (617) 727-2200
E-Mails: William.matlack@mass.gov
         Michael.Mackenzie@mass.gov

*Counsel for Plaintiff State of Massachusetts*

FOR PLAINTIFF STATE MINNESOTA

Zachary William Biesanz
Office of the Minnesota Attorney General
Consumer, Wage, and Antitrust Division
445 Minnesota Street, Suite 1400
St. Paul, MN 55101
Telephone: (651) 757-1257
E-Mail: Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

FOR PLAINTIFF STATE OF NEVADA

Michelle Christine Newman
Lucas J. Tucker
Nevada Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
Telephone: (775) 684-1164
E-Mails: mnewman@ag.nv.gov
         ltucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

16

FOR PLAINTIFF STATE OF NEW HAMPSHIRE

Brandon Garod
Office of Attorney General of New Hampshire
33 Capitol Street
Concord, NH 03301
Telephone: (603) 271-1217
E-Mail: Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff State of New Hampshire*

FOR PLAINTIFF STATE OF NEW MEXICO

Judith E. Paquin
Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87504
Telephone: (505) 490-4885
E-Mails: jpaquin@nmag.gov
　　　　　ckhoury@nmag.gov

*Counsel for Plaintiff State of New Mexico*

FOR PLAINTIFF STATE OF NEW JERSEY

Isabella R. Pitt
Deputy Attorney General
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
Telephone: (973) 648-7819
E-Mail: Isabella.Pitt@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

FOR PLAINTIFF STATE NORTH DAKOTA

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust Division
Office of the Attorney General of North Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
Telephone: (701) 328-5570
E-Mail: ealm@nd.gov

*Counsel for Plaintiff State of North Dakota*

FOR PLAINTIFF STATE OHIO

Jennifer Pratt
Beth Ann Finnerty
Mark Kittel
Office of the Attorney General of Ohio
30 E Broad Street, 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
E-Mails:
Jennifer.pratt@ohioattorneygeneral.gov
Beth.finnerty@ohioattorneygeneral.gov
Mark.kittel@ohioattorneygeneral.gov

*Counsel for Plaintiff State of Ohio*

FOR THE PLAINTIFF STATE OKLAHOMA

Caleb J. Smith
Office of the Oklahoma Attorney General
313 NE 21st St
Oklahoma City, OK 73105
Telephone: (405) 522-1014
E-Mail: Caleb.Smith@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

FOR PLAINTIFF STATE OREGON

Cheryl Hiemstra
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301
Telephone: (503) 934-4400
E-Mail: Cheryl.hiemstra@doj.state.or.us

*Counsel for Plaintiff State of Oregon*

FOR PLAINTIFF COMMONWEALTH PENNSYLVANIA

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
E-Mails: jbetsko@attorneygeneral.gov
         twertz@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of Pennsylvania*

FOR PLAINTIFF TERRITORY PUERTO RICO

Guarionex Diaz Martinez
Assistant Attorney General
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902
Telephone: (787) 721-2900, Ext. 1201
E-Mail: gdiaz@justicia.pr.gov

*Counsel for Plaintiff Territory Puerto Rico*

FOR PLAINTIFF STATE SOUTH DAKOTA

Yvette K. Lafrentz
Office of the Attorney General of South Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
E-Mail: Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff State of South Dakota*

FOR PLAINTIFF COMMONWEALTH VIRGINIA

Tyler T. Henry
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Telephone: (804) 692-0485
E-Mail: thenry@oag.state.va.us

*Counsel for Plaintiff State of Virginia*

FOR PLAINTIFF STATE RHODE ISLAND

Stephen Provazza
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
E-Mail: SProvazza@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

FOR PLAINTIFF STATE VERMONT

Christopher J. Curtis
Assistant Attorney General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
Telephone: (802) 828-3170
E-Mail: Ryan.kriger@vermont.gov

*Counsel for Plaintiff State of Vermont*

FOR PLAINTIFF STATE WASHINGTON

Amy Hanson
Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-5419
E-Mail: Amy.hanson@atg.wa.gov

*Counsel for Plaintiff State of Washington*

19

| FOR PLAINTIFF STATE WEST VIRGINIA | FOR PLAINTIFF STATE WYOMING |
|---|---|
| Douglas Lee Davis<br>Office of the Attorney General, State of West Virginia<br>1900 Kanawha Boulevard, East<br>Building 6, Suite 402<br>P.O. Box 1789<br>Charleston, WV 25305<br>Telephone: (304) 558-8986<br>E-Mail: Douglas.l.davis@wvago.gov<br><br>*Counsel for Plaintiff State of West Virginia* | Benjamin Peterson<br>Wyoming Attorney General's Office<br>2320 Capitol Avenue<br>Kendrick Building<br>Cheyenne, WY 82002<br>Telephone: (307) 777-6397<br>E-Mail: Benjamin.peterson2@wyo.gov<br><br>*Counsel for Plaintiff State of Wyoming* |