IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 1:20-cv-03010-APM <br><br> HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 1:20-cv-03715-APM <br><br> HON. AMIT P. MEHTA |

**[PROPOSED] STIPULATED ORDER ON**

**THE USE OF CONFIDENTIAL INFORMATION AT TRIAL**

In order to facilitate a public trial and minimize the need to close the courtroom while providing for the protection of confidential information as allowed under the Federal Rules of Civil Procedure and Local Rule 5.1(h), it is hereby ORDERED that all Parties and any non-parties receiving notice of this Order shall comply with each of the directives set forth below governing the disclosure at trial of information designated as "Confidential Information" or "Highly Confidential Information" pursuant to the Stipulated Protective Order entered in this matter, ECF No. 98:

1. **<u>Plaintiffs' Proposal for Paragraph No. 1</u>:**  The Parties and non-Parties are expected to use their best efforts to work together to allow the courtroom to be kept open as much as practicable, including by narrowing confidentiality designations for the purposes of trial in accordance with the principles set forth in *United States v. Hubbard*, 650 F. 2d 293 (D.C. Cir. 1980), and by working in good faith to reach an agreement on the confidential treatment of documents and information prior to the start of trial. If during trial a Party or non-Party receives notice of a Party's intention to publicly disclose information previously identified as confidential information during the discovery phase, the Party or non-Party claiming that the information is confidential information must, within 48 hours, either reach agreement with the Party seeking to disclose the information or raise the issue before the Court. While any dispute over confidentiality is pending with the Court, the Parties shall not reveal in open court information that a Party or non-Party designated as Confidential or Highly Confidential pursuant to the Stipulated Protective Order (collectively, "confidential information"), unless the Court has ordered that the information may be publicly disclosed. The Parties will work in good faith to focus notifications made during trial to those that would facilitate keeping the courtroom open during an examination.

**<u>Google's Proposal for Paragraph No. 1</u>**: The Parties and non-Parties are expected to use their best efforts to work together to allow the courtroom to be kept open as much as practicable, including by narrowing confidentiality designations for the purposes of trial in accordance with the principles set forth in *United States v. Hubbard*, 650 F. 2d 293 (D.C. Cir. 1980), and by working in good faith to reach an agreement on the confidential treatment of documents and information prior to the start of trial.  Information that a Party or non-Party has designated as Confidential or Highly Confidential pursuant to the Stipulated Protective Order

(collectively, "confidential information") shall not be revealed by the Parties in open court, absent the agreement of the Party or non-Party who so designated the material or order of the Court.  If during trial a Party or non-Party receives a request from a Party to publicly disclose information designated as confidential information, the Party or non-Party who so designated the material shall respond with their position on publication within 72 business hours.  The Parties are directed to the minimize the number of such requests made during trial, and to focus their requests on those that would facilitate keeping the courtroom open during an examination.

2. The Parties shall endeavor to prepare their presentations and examinations to maximize keeping the courtroom open.  Counsel may, for example, question witnesses in open court on documents and demonstratives containing confidential information where it is possible to do so without publicly revealing the confidential information.  To facilitate this, a Party may use a Rosetta Stone (i.e., a key assigning a generic label to the confidential information (e.g., "Company A")) for presenting sealed information in open court, where use of this key enables the Party to conduct the questioning without revealing the confidential information. Any such Rosetta Stone document used in an examination shall be entered into evidence prior to the close of the Party's case.  The Parties and non-Parties may also prepare redacted versions of exhibits, where the exhibits contain confidential information but where the use of a redacted version would facilitate keeping the courtroom open during an examination or otherwise make the trial presentation more efficient.  Redacted exhibits should be clearly labeled, "REDACTED FOR PUBLIC FILING."

3. To the extent that the examination of a witness requires the courtroom to be closed, the Parties shall, to the extent practicable, coordinate and organize the sequence of examination topics to group the confidential information at the beginning or end of an examination to

minimize the number of times and the duration the courtroom needs to be closed. Absent specific agreement of the Parties or Court direction, whether the examination begins with an open or closed portion shall be in the discretion of the Party calling the witness.  If a Party seeks to begin an examination in a closed session, they shall provide notice to the other Party by end of court the day prior. A Party's closed examination is not limited in scope to the closed examination that preceded it (i.e., a Party's cross-examination may address topics that were the subject of the public direct of the Party that called the witness), so long as this examination independently merits closing the courtroom.

4. The Parties shall not be required by this Order to provide advance notice to other Parties or non-Parties of documents or testimony that are intended to be used during direct examination or cross examination.  To the extent a Party chooses to show counsel for a Party or non-Party an exhibit for purpose of confirming whether examination regarding the document may be conducted in open court, counsel for the party shown the exhibit shall not inform the witness that they might be questioned on that document or otherwise use that disclosure to prepare the witness for testimony based on that disclosure.

5. Counsel shall prepare their opening arguments to allow for the court to remain open to the public; that is, counsel shall refrain from referring to confidential information without prior notice to, and agreement from, the Party or non-Party whose information will be used.  To facilitate an open courtroom, counsel may redact slides containing confidential information as they did at the tutorial and summary judgment hearings, and refer the Court to those slides without displaying them publicly.

6. Two weeks prior to the filing of post-trial briefs, the Parties shall submit to the Court a proposed process for handling the sealing of: (i) information in exhibits introduced at trial; (ii)

transcripts reflecting trial testimony offered during closed sessions; (iii) exhibits admitted into evidence but not used with a witness, if any; and (iv) deposition designations introduced into evidence but not played during trial.

7. An agreement between the Parties or between the Parties and a non-party to seal information at trial does not preclude a Party or any interested member of the public from challenging the keeping of any confidential information under seal.

8. A single Google corporate representative, Ms. Lara Kollios, shall be permitted to attend closed sessions of the Court, so that Google may have a corporate representative present for the entire trial. Ms. Kollios will hear the testimony given during those sessions, including from non-Parties, but will not otherwise receive access to copies of the exhibits and demonstratives used. The restrictions on Ms. Kollios's access to third-party Confidential and Highly Confidential Information under the Protective Order shall otherwise apply. Nothing in this paragraph shall limit Google's ability to have additional Google representatives present during closed sessions of trial that involve Google's confidential information.

9. Unless expressly stated, this stipulation is intended to supplement, and does not supersede, any orders of the Court that govern the sealing of documents in this action or that concern the public disclosure of Confidential or Highly Confidential Information in this Action.

SO ORDERED.

Dated: August ___, 2023

_____
Amit P. Mehta
Unites States District Court Judge