IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 1:20-cv-03010-APM <br><br> HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 1:20-cv-03715-APM <br><br> HON. AMIT P. MEHTA |

**POSITION STATEMENT OF NON-PARTY VERIZON CONCERNING CONFIDENTIALITY OF ITS DOCUMENTS AS POTENTIAL TRIAL EXHIBITS**

Pursuant to the Court's Order of July 11, 2023 (ECF No. 612), Non-Party Verizon hereby respectfully submits its position statement concerning the confidentiality of its documents listed on the Parties' trial exhibit list.

Verizon reports that the Parties identified 34 documents produced by Verizon on their trial exhibit list—29 by Plaintiffs and five by Defendant Google LLC. Google raised no objections to Verizon's confidentiality designations of its exhibits and Plaintiffs sought to discuss all 29 from their list. Following a good faith meet-and-confer with Plaintiffs, Verizon agreed to withdraw its confidentiality designations for seven documents (except as to email addresses and mobile phone numbers), but 22 documents remain in dispute. Providing only vague and generalized

explanations, Plaintiffs have nonetheless indicated their continued opposition to the confidential treatment of 22 documents that they obtained by subpoenaing Verizon's confidential business files.

As this Court has previously recognized, third parties to litigation who have had their non-public business files subpoenaed for use at trial by others have a strong interest in "maintaining the confidentiality of their proprietary business information." *FTC v. Sysco Corp.*, Civ. Case No. 1:15-cv-00256 (APM), ECF No. 206 at 1 (D.D.C. Aug. 4, 2015) (citing Fed. R. Civ. P. 26(c)(1)(G) and granting third parties' motion for protective order preventing public disclosure of trial exhibits). Verizon simply seeks to maintain the confidentiality of its business records and files that Verizon purposefully kept as such due to their obvious nature as sensitive and proprietary business information concerning its competitive commercial activities. The law neither favors nor supports releasing Verizon's (or other third parties') confidential business information to its competitors and the public, particularly for the sole purpose of enabling use by others in support of *their* claims at trial. Verizon—as an uninterested third party to this litigation—only agreed to produce the documents at issue if they were to be maintained as Confidential or Highly Confidential pursuant to the Stipulated Protective Order entered in this case. Nothing now warrants removal of that treatment for trial.

Plaintiffs have represented that they disagree with maintaining the confidential status as to the following three categories of Verizon documents: (1) Verizon's Revenue Share Agreements (RSAs) with Google; (2) Verizon's *internal* business strategies regarding RSA negotiations; and (3) confidential information of an OEM partner. As explained in more detail below, public disclosure of these documents would be unwarranted and unfairly prejudice Verizon because it would cause harm to its business interests and could be used against it in negotiations with others— including Google—and be exploited by competitors to obtain unfair competitive advantages.

The D.C. Circuit has described six "*Hubbard* factors" that bear on a decision to mandate public access to documents:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (citing *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980)). It is clear that public access "may be denied 'to protect trade secrets . . . and to minimize the danger of an unfair trial by adverse publicity.'" *In re McCormick & Co., Inc., Pepper Prods. Mktg. & Sales Pracs. Litig.*, 316 F. Supp. 3d 455, 463 (D.D.C. 2018) (quoting *Hubbard*, 650 F.2d at 315).

Under these factors, the type of sensitive commercial information at issue in Verizon's documents is routinely protected. For example, in *United States v. Aetna Inc.*, 2016 WL 8738427, *1-8 (D.D.C. Dec. 2, 2016), a special master held that all *Hubbard* factors weighed in favor of sealing eleven different third parties' sensitive business information. As in numerous other cases, the special master found that the "[t]he public's need to access this material is *de minimis*" because, "[w]here a third party's property and privacy rights are at issue the need for minimizing intrusion is especially great." *Id.* (citing *Hubbard*, 650 F.2d at 319; *United States v. ISS Marine Svcs*, 905 F. Supp. 2d 121, 140 (D.D.C. 2012) (noting that third-party privacy interests should be treated with particular care)). The remaining *Hubbard* factors also support sealing from public disclosure here since (a) there has been no prior public access to the information at issue; (b) Verizon expressly requested that the information be kept under seal; (c) Verizon has a very strong interest in keeping its proprietary business information confidential; (d) Verizon is likely to suffer injury

if the information is not sealed; and (e) the information was proffered to support the claims and defenses brought by the parties to this case—and was not independently proffered by Verizon, meaning it had "not voluntarily placed its information at issue." *Id.*

Verizon respectfully submits that there are no grounds for treating its sensitive business information any differently in this case. Verizon nonetheless offers more detailed responses and explanations as to each of the three contested categories and the four "examples" selected by Plaintiffs as follows:

> **1.      Verizon's Revenue Share Agreements (RSA) with Google.**

Plaintiffs seek to make public the confidential terms of Verizon's RSA with Google, in final form (e.g., VZGGL-LIT-00119513), in draft form, and as written into email communications to, from, and between Verizon executives. Deal terms appear in 18 of the 22 remaining documents in dispute, and most of these also contain additional sensitive information, including internal business strategies regarding Verizon's negotiation with Google as well as discussions about several other current business partners. And although Plaintiffs stated that they would presumptively seal Verizon's trade secrets and competitively sensitive information from 2020 and later, seven documents related to the RSA that Plaintiffs seek to make public were from 2020 and later.

Plaintiffs agree to the redaction of Verizon's revenue share percentages and current termination dates, but this is entirely insufficient to protect Verizon from having the substance of its negotiated terms with Google shared with its competitors, its business partners, and the public. To this day, as expected, Verizon does not know if its terms mirror or diverge from those of its competitors. The prospect that such competitively sensitive information would be shared directly

with competitors through a public trial when any potential renewal to an RSA may occur in the future weighs heavily in favor of sealing.

2. **Internal Verizon Business Strategy Regarding the RSA Negotiations.**

Verizon's internal executive-level strategic communications regarding its RSA negotiations appear in 12 of the 22 remaining documents in dispute. Here too, Plaintiffs agree to redact revenue share percentages and current termination dates; but that fails to protect Verizon from public disclosure of its internal negotiating positions and any asks, gets, or rejections. Plaintiffs point to a Verizon email that summarizes Google's responses to certain proposed terms (VZGGL-LIT-00117195), possibly to suggest that a re-statement of Google's position is not confidential to Verizon. Such statements, however, clearly reveal Verizon's underlying strategic requests, just taking the form of a Google response. The fact that these statements were being relayed from a conversation with Google does not mean they do not contain Verizon's confidential strategic decision-making.

Plaintiffs point to a second Verizon email (VZGGL-LIT-00057003) that contains its estimated revenue amounts under certain provisions that were being negotiated, as well as specific provisions that may or may not be in its competitors' agreements. Under Plaintiffs' position, neither of these points would be redacted, but rather shared with Verizon's competitors and the public.

3. **Potential Confidential Information from an OEM partner.**

Plaintiffs raise this last "category" that relates to only one disputed document (VZGGL-LIT-00089540). As was Verizon's witness testimony, the information learned and written in this internal email (in the two sentences Verizon seeks here to redact) was learned confidentially from an OEM business partner and Verizon has no reason to believe that the information is public.

Verizon seeks to protect this information learned through confidential business relationships. Plaintiffs are free to seek this information from other non-parties directly and ask to have it publicly disclosed, but whether they have done so or not, they have given no reason why it must be disclosed through Verizon's files.

## CONCLUSION

For the foregoing reasons, Verizon respectfully requests that the Court maintain Confidential or Highly Confidential treatment of the disputed Verizon documents, and that the Parties be precluded from publicly disclosing them in open court.

Dated: August 9, 2023                                Respectfully submitted,


*/s/ Judith A. Zahid*
Judith A. Zahid (*pro hac vice*)
**ZELLE LLP**
555 12th Street, Suite 1230
Oakland, CA 94607
Tel.: (415) 693-0700
jzahid@zellelaw.com

Bryant S. Green
**ZELLE LLP**
1775 Pennsylvania Avenue, NW
Suite 375
Washington, D.C. 20006
Tel.: (202) 899-4100
bgreen@zellelaw.com

*Attorneys for Non-Party Verizon*

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2023, the foregoing document was electronically submitted with the clerk of the court for the United States District Court, District of Columbia, using the electronic case file system of the court. The electronic case file system sent a "Notice of Electronic Filing" to all counsel of record.

*/s/ Bryant S. Green*
Bryant S. Green

4862-5694-4246