# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, et al., | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | |
| Google LLC, | Judge:   HON. AMIT P. MEHTA |
| Defendant. | |

| | |
|---|---|
| State of Colorado, et al., | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | |
| Google LLC, | Judge:   HON. AMIT P. MEHTA |
| Defendant. | |

**NONPARTY MICROSOFT CORPORATION'S POSITION STATEMENT
CONCERNING THE CONFIDENTIALITY OF ITS DOCUMENTS AND TESTIMONY**

In accordance with this Court's July 11, 2023 Order, ECF No. 612, nonparty Microsoft makes the following submission and reserves all rights to protect the continued confidentiality of commercially sensitive business information within its documents as well as designated and live trial testimony. Pretrial categorical rulings are unnecessary and insufficiently protective. Decisions as to the confidentiality of documents and testimony relating to particular negotiations and other events will be better informed during trial.

### A. The *Hubbard* Factors Weigh in Favor of Maintaining the Confidentiality of Microsoft's Information

The Parties have identified hundreds of documents produced by Microsoft as potential trial exhibits. Microsoft has reviewed these documents and made good faith efforts to provide

redactions that protect Microsoft's commercially sensitive business information in accordance with the timeframes ordered by the Court, while also permitting the public disclosure of a number of documents. Where it has objected to public disclosure of commercially sensitive business information—which has been protected throughout this litigation—Microsoft has strong business reasons for doing so. As this Court has recognized, nonparty subpoena recipients like Microsoft have a strong interest in "maintaining the confidentiality of their proprietary business information" and while there is a presumption favoring public access, "the right of public access . . . is not absolute." *See FTC v. Sysco Corp.*, 15-cv-00256 (APM), ECF No. 206 at 1 (D.D.C. Aug. 4, 2015); *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663, 665 (D.C. Cir. 2017) (quoting *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980)).

In evaluating requests to protect documents from public disclosure, Courts consider the six *Hubbard* factors: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (citing *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)).

Notwithstanding the centrality of any Microsoft document or testimony to a party's case in chief, the weight of the remaining *Hubbard* factors favor maintaining the confidentiality of Microsoft's commercially sensitive business information. Foremost, to date, none of the documents or substantive information for which Microsoft seeks to maintain confidentiality have ever been made public. Rather, Microsoft and its current and potential partners have recognized

the sensitivity of their negotiations and the terms of their agreements and kept them confidential. The disclosure of the material at issue would violate Microsoft's significant interest in maintaining the confidentiality of its business strategies, internal deliberations and negotiations with current and potential business partners. These engagements are not public. Nor is any aspect of Microsoft's internal decision-making. Public disclosure of the substance of Microsoft's discussions, negotiations or related internal strategies would reveal to competitors and future counterparties commercially sensitive business information implicating both Microsoft and its partners, and thereby harm Microsoft's business interests.

Moreover, limiting redactions of confidential information to circumscribed categories would fail to protect the full depth of information that can cause harm to Microsoft if publicly disclosed. At this stage, demands for categorical determinations are unnecessary.

### B. The Court Will Institute Appropriate Procedures to Address Confidentiality of Specific Exhibits and Testimony as Trial Proceeds

The Parties have proposed a stipulated order governing an orderly procedure for coordinating on confidentiality determinations during trial. *See* ECF No. 628-1. Under either Party's preferred version, there will be ample time—either 48 or 72 hours—to engage with Microsoft on the appropriate scope of confidentiality designations. *See id.* at pp. 1–2. Microsoft is committed to engaging proactively with the Parties during the Court-ordered window and continuing to work with the Parties in good faith on designations that respect the public's right of access without undermining Microsoft's ability to protect sensitive information that, if disclosed, could harm its current business interests.

**CONCLUSION**

For the foregoing reasons, Microsoft respectfully requests that the Court order that the Parties continue to negotiate with nonparties as to confidentiality on a document-by-document basis and as the Parties determine what testimony will feature at trial.

Dated: August 9, 2023

Respectfully Submitted,

*/s/ Amy W. Ray*
Amy W. Ray (DC Bar No. 489086)
Allen Davis (DC Bar No. 1045657)
Orrick, Herrington & Sutcliffe LLP
1152 15th Street, NW
Washington, DC 20005
amyray@orrick.com
allen.davis@orrick.com

Mark Parris (*pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, WA 98101
mparris@orrick.com

Vincent Cohen (DC Bar No. 471489)
John A. Jurata, Jr. (DC Bar No. 478602)
Amisha R. Patel (DC Bar No. 1005420)
Dechert LLP
1900 K Street, NW
Washington, DC 20006
vincent.cohen@dechert.com
jay.jurata@dechert.com
amisha.patel@dechert.com

Matthew L. Larrabee (*pro hac vice*)
Dechert LLP
3 Bryant Park
1095 Ave. of the Americas
New York, NY 10036
matthew.larrabee@dechert.com

Russell P. Cohen (*pro hac vice*)
Dechert LLP
One Bush Street, Suite 1600

San Francisco, CA 94104
russ.cohen@dechert.com

Martin J. Black (*pro hac vice*)
Julia E. Chapman (*pro hac vice*)
Dechert LLP
2929 Arch Street
Philadelphia, A 19104
martin.black@dechert.com
julia.chapman@dechert.com

*Attorneys for Nonparty*
*Microsoft Corporation*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2023 the foregoing document was electronically submitted with the clerk of the court for the United States District Court, District of Columbia, using the electronic case file system of the court. The electronic case file system sent a "Notice of Electronic Filing" to all counsel of record.

*/s/ Amy W. Ray*
Amy W. Ray
