**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>　　　　　　　　Defendant. | Case No. 1:20-cv-03010 (APM) |
| State of Colorado, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>　　　　　　　　Defendant. | Case No. 1:20-cv-03715 (APM) |

**POSITION STATEMENT OF NON-PARTY DUCK DUCK GO, INC. ON
<u>CONFIDENTIALITY OF POTENTIAL TRIAL EXHIBITS</u>**

**FILED UNDER SEAL**

Non-party Duck Duck Go, Inc. ("DuckDuckGo") respectfully submits this statement pursuant to the Court's July 10, 2023 Amended Scheduling and Case Management Order, ECF No. 612 (the "July 10 Order"), to set forth its position concerning the confidentiality of certain documents Plaintiffs have included on their trial exhibit list. As required by the July 10 Order, DuckDuckGo and Plaintiffs have met and conferred regarding the confidentiality of these documents, and were unable to reach an agreement regarding thirteen documents as to which DuckDuckGo objects to public disclosure.

All of these documents, submitted herewith as Exhibits A-1 to A-9, are documents exchanged between, or documents describing oral communications between, DuckDuckGo and other non-parties, all of which operate important distribution channels for DuckDuckGo's search engine. The terms and conditions of DuckDuckGo's partnerships with these other non-parties are themselves competitively sensitive and the subject of confidentiality agreements. All of these communications took place with the expectation of confidentiality, and it would cause competitive harm to DuckDuckGo—and potentially to the distribution partners—if the contents of these communications were to be revealed to either DuckDuckGo's competitors or the competitors of the other parties to the communications.[1]

## ARGUMENT

"Public access to judicial records is not limitless." *In re McCormick & Co., Inc., Pepper Prod. Mktg. & Sales Prac. Litig.*, 316 F. Supp. 3d 455, 463 (D.D.C. 2018). One "time-honored exception[]" to the right of public access is keeping private "business information that might

---

[1] DuckDuckGo has reached agreement with Plaintiffs on the confidential treatment of all other DuckDuckGo-produced documents identified on Plaintiffs' exhibit list. DuckDuckGo has also communicated its objections to certain documents identified on Defendant Google LLC's ("Google") exhibit list. Google has not disputed any of DuckDuckGo's objections to those documents.

**FILED UNDER SEAL**

harm a litigant's competitive standing." *United States v. Hubbard*, 650 F.2d 293, 315 (D.C. Cir. 1980) (citing *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1977)).  In *Hubbard*, the D.C. Circuit elucidated six factors that balance the public's right of access against interests favoring nondisclosure:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (internal citations omitted).  In cases involving "documents containing sensitive business information and trade secrets," the third, fourth, and fifth factors "often weigh in favor of sealing" and "courts commonly permit redaction of that kind of information." *Id.* at 671.  Furthermore, "a strong showing on one *Hubbard* factor can outweigh several other factors." *In re Fort Totten Metrorail Cases*, 960 F. Supp. 2d 2, 11 (D.D.C. 2013).

Here, the interest of DuckDuckGo, a non-party, in keeping its competitively sensitive communications private, in addition to the harm that may result if this information is made public, outweighs the public's interest in accessing such information.

*First*, the need for public access to these documents is low because they involve details of commercial relationships between various non-parties.  Though this trial will be of great public interest, a "district court weighing the first factor should consider the public's need to access the information that remains sealed, not the public's need for other information sought in the overall lawsuit*." Cable News Network, Inc. v. Fed. Bureau of Investigation*, 984 F.3d 114, 119 (D.C. Cir. 2021).  While DuckDuckGo is unable to predict whether Plaintiffs will introduce these documents as exhibits at trial and for what purposes, given their contents, the public lacks a strong need to access the documents.

**FILED UNDER SEAL**

*Second*, these documents are private business records collected during document production and contain information that has not been made public. A "district court weighing the second factor should consider the public's previous access to the sealed information, not its previous access to the information available in the overall lawsuit." *Cable News Network, Inc.*, 984 F.3d at 119. This factor weighs in favor of non-disclosure.

*Third*, DuckDuckGo's status as a third party objecting to the disclosure of documents involving other third parties and collected in response to a subpoena weighs heavily in favor of non-disclosure. The third *Hubbard* factor "provides broader protection from disclosure 'where a third party's property and privacy rights are at issue [and] the need for minimizing intrusion is especially great....'" *United States v. Jackson*, 2021 WL 1026127, at *7 (D.D.C. Mar. 17, 2021) (citing *Hubbard*, 650 F.2d at 319). In addition, "the fact that objection to access is made by a third party weighs in favor of non-disclosure." *Hubbard*, 650 F.2d at 320; *see also King & Spalding, LLP v. United States Dep't of Health & Hum. Serv.*, 2020 WL 1695081, at *3 (D.D.C. Apr. 7, 2020) (Mehta, J.) (noting *Hubbard* found "that the identity of the objecting party weighed in favor of retaining documents under seal where the objecting party was a third party who was not made a defendant in the proceedings"). That DuckDuckGo was required to produce these documents also supports nondisclosure. *See United States v. Anthem, Inc.*, 2017 WL 10505050, at *2-4 (D.D.C. Jan. 18, 2017) (sealing documents from non-parties and deposition testimony from non-party employees in part because "the information has been proffered to support the claims and defenses brought by the parties to this case, and has not been independently proffered by [the third party], meaning that [the third party] has not voluntarily placed its information at issue"), *report & recommendation adopted United States v. Anthem*, No. 16-cv-1493 (D.D.C. Feb. 2, 2017) (ECF No. 498).

**FILED UNDER SEAL**

*Fourth*, DuckDuckGo has a compelling and strong interest in maintaining the confidentiality of these documents. The "fourth *Hubbard* factor corresponds to the exception to public access that 'protect[s] trade secrets' and 'business information that might harm a litigant's competitive standing.'" *Vanda Pharm., Inc. v. Food & Drug Admin.*, 539 F. Supp. 3d 44, 55 (D.D.C. 2021) (citing *Hubbard*, 650 F.2d at 315). And while confidentiality agreements between private parties are not dispositive, they "may weigh against disclosure." *Grynberg v. BP P.L.C.*, 205 F. Supp. 3d 1, 3 (D.D.C. 2016). Disclosure of the documents at issue, all of which disclose communications between DuckDuckGo and key distribution outlets pursuant to partnership agreements that are themselves subject to confidentiality agreements, would harm DuckDuckGo's competitive standing and may implicate the competitive interests of the other parties to the communications. Specifically, these documents include:

- Presentations/proposals to distribution partners. Exhibits A-1 (DDG00001246), A-2 (DuckDuckGo-00021364, DuckDuckGo-00021365, DuckDuckGo-00021366), A-3 (DuckDuckGo-00030747), A-4 (DuckDuckGo-000403036), and A-5 (DuckDuckGo-000403671) contain various presentations and proposals made by DuckDuckGo to its distribution partners. Disclosure of these documents would be competitively harmful to DuckDuckGo because they contain the substance of DuckDuckGo's proposals to those partners, and DuckDuckGo's competitors or other distribution channels may use this information in subsequent negotiations or to compete against DuckDuckGo. In addition, disclosing these documents may both implicate the confidentiality interests of the recipients of the proposals and harm DuckDuckGo's relationships with its partners.

- Internal summaries of oral communications with distribution partner. Exhibits A-6 (DuckDuckGo-00224504) and A-7 (DuckDuckGo-00620734) reflect DuckDuckGo's internal notes of, and reactions to, oral discussions with one of its distribution partners. These discussions occurred with the expectation of confidentiality. In addition, information contained in these documents is competitively sensitive, and public disclosure of the substance of these discussions to the competitors of both DuckDuckGo and the distribution partner would threaten competitive harm to both companies. Moreover, these documents contain detailed notes of these meetings as recorded by DuckDuckGo staff, and disclosure of both the conversation and DuckDuckGo's reactions thereto would threaten to chill future discussions between the two parties as well as discussions between DuckDuckGo and other business partners.

- Documents reflecting negotiations between DuckDuckGo and a distribution partner. Exhibit A-8 (DuckDuckGo-000343945 and DuckDuckGo-000343946) reflects

**FILED UNDER SEAL**

competitively sensitive negotiations regarding a proposed amendment to an existing agreement between DuckDuckGo and its distribution partner, the terms of which are themselves competitively sensitive and subject to a confidentiality agreement. Public disclosure of proposed amendment terms would harm DuckDuckGo's negotiating positions with other non-parties and may implicate the distribution partner's confidentiality interests as well.

- <u>Other correspondence with distribution partners.</u>  Exhibit A-9 (DuckDuckGo-00534551 and DuckDuckGo-00534552) contains details of confidential discussions between DuckDuckGo and a distribution partner. Both the written correspondence and the oral discussions it reflects were made with the expectation of confidentiality. In addition, the substance of the discussions is competitively sensitive, and public disclosure of their contents would threaten competitive harm to both DuckDuckGo and a distribution partner, and threaten to chill future discussions between them.

*Fifth*, for reasons already stated, DuckDuckGo would suffer great prejudice if these documents are made public.[2]  *See Grynberg*, 205 F. Supp. 3d at 3 (noting "*Hubbard* factors three, four, and five are interrelated").

*Sixth*, DuckDuckGo is unaware of either Plaintiffs' purpose in including these documents as potential trial exhibits or the extent to which they will influence the Court, if introduced at trial. As such, the sixth factor does not weigh in favor or against public disclosure.

## CONCLUSION

For the foregoing reasons, DuckDuckGo states its position that the thirteen documents listed in this statement are confidential and should not be disclosed to the public if introduced at trial.

---

[2] Some district courts within this Circuit have interpreted the fifth *Hubbard* factor as questioning "whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal." *Vanda Pharms., Inc.*, 539 F. Supp. 3d at 57 (citing *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 60 (D.D.C. 2009)). If the Court agrees with this interpretation, DuckDuckGo believes this factor is neutral.

**FILED UNDER SEAL**

Dated:  August 9, 2023
Washington, DC

Respectfully submitted,

/s/ Ronald F. Wick
**COHEN & GRESSER LLP**

Melissa H. Maxman (D.C. Bar No. 426231)
Ronald F. Wick (D.C. Bar No. 439737)
2001 Pennsylvania Ave, NW
Suite 300
Washington, DC 20006
Phone: (202) 851-2070
Email: mmaxman@cohengresser.com
rwick@cohengresser.com

*Counsel for non-party Duck Duck Go, Inc.*

**FILED UNDER SEAL**