UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>                              Plaintiffs,<br><br>      v.<br><br>GOOGLE LLC,<br><br>                              Defendant. | CASE No.: 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*,<br><br>                              Plaintiffs,<br><br>      v.<br><br>GOOGLE LLC,<br><br>                              Defendant. | CASE No.: 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**NON-PARTY PETITIONER APPLE INC.'S MOTION**
**FOR LEAVE TO FILE UNDER SEAL**

Non-Party Apple Inc. ("Apple") hereby moves the Court, pursuant to Federal Rule of Civil Procedure 7(b) and Local Civil Rules 5.1(h) and 7, for leave to file under seal certain materials included in the accompanying Motion to Quash Trial Subpoenas (the "Motion") and exhibits. Pursuant to Local Civil Rule 7(m), counsel for Apple conferred with counsel for the United States, and counsel for the United States does not object to this motion, reserving the right to seek unsealing after filing. Counsel for Apple has also conferred with the Plaintiff States and they do not object to this motion, reserving the right to seek unsealing after filing. Counsel for Apple has also conferred with counsel for Google, and counsel for Google does not oppose this motion.

Apple seeks to: (1) seal in their entirety exhibits containing excerpts of deposition transcripts (namely, Lent Decl. Exs. E, F, G, and H); and (2) redact portions of an exhibit containing a corporate deposition notice to Apple (namely, Lent Decl. Ex. I).[1]  These documents contain references to information reflecting Apple's internal commercial decision-making and assessment of commercial partners, negotiations with commercial partners, internal product development plans, and the terms of Apple's commercial agreements.

*Deposition Excerpts.*  Apple seeks to seal deposition excerpts that disclose Apple's assessment of and negotiations with commercial partners, Apple's internal product development efforts, and the terms of Apple's commercial agreements.  *See* Lent Decl. Exs. E, F, G, and H.  This information could be used by rivals and partners in carrying out future negotiations or in developing competing products or services to disadvantage Apple.  These deposition excerpts have been designated as Confidential Information or Highly Confidential Information under the governing Protective Order in this action.

*Deposition Notice.*  Apple also seeks minimal redactions to Exhibit I in Support of Apple's Motion to Quash Trial Subpoenas because it contains information that could disclose the presence, absence, and/or contours of Apple's internal product strategy and development.  *See* Lent Decl. Ex. I.[2]

---

[1] For the avoidance of doubt, Apple does not seek to seal the instant Motion for Leave to File Under Seal, the Motion to Quash Trial Subpoenas, or any other part of its filing that is not identified by the instant motion.  Apple intends to file public versions of the materials not identified by this motion when directed by the Court.

[2] Apple's proposed redactions to Exhibit I are reflected in yellow highlights in the version of Exhibit I currently filed under seal on the docket.

**ARGUMENT**

The D.C. Circuit has outlined six factors, commonly referred to as the *Hubbard* factors, that courts should weigh when presented with a motion to seal:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting *EEOC v. Nat'l Children's Ctr. Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)); *see also United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980).  A court also must consider "particularized" interests that specific contexts make relevant where the generalized factors do not adequately account for such interests.  *See Hubbard*, 650 F.2d at 322–24. "Protecting an entity's 'competitive standing' through retained confidentiality in business information" is "an appropriate justification for the restriction of public or press access" to confidential commercial information.  *State of New York v. Microsoft Corp.*, No. CIV.A. 98-1233 (CKK), 2002 WL 818073, at *1 (D.D.C. Apr. 29, 2002) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  Courts recognize that the need for such protection is "especially great" under *Hubbard* "where a third party's property and privacy rights are at issue."  650 F.2d at 319; *see also U.S. v. ISS Marine Servs.*, 905 F. Supp. 2d 121, 141 (D.D.C. 2012).  And they further recognize that the need for protection is important where parties produce information "in reliance on continuing confidentiality."  *See Mokhiber v. Davis*, 537 A.2d 1100, 1116 (D.C. 1988) (per curiam).

Here, the factors weigh in favor of sealing the discrete set of materials identified by Apple. At the start, there is limited need for public access to the records, and the ancillary purposes for which the records are being introduced weighs strongly in favor of sealing.  *See Hubbard*, 650

3

F.2d at 317–18 (distinguishing non-dispositive use of material in sealing determination). Apple is a non-party that seeks to only seal materials supporting its Motion, a non-dispositive dispute related to a motion to quash subpoenas. Further, these materials have not been publicly disclosed before. Indeed, the deposition transcript excerpts included as exhibits to the Motion were designated as Confidential Information or Highly Confidential Information under the governing Protective Order in this action.

Apple has a significant interest in maintaining the confidentiality of the information it seeks to maintain under seal and would be seriously prejudiced by its disclosure. The disclosure of this information would substantially harm Apple's commercial and competitive standing by giving its rivals and commercial partners insight into its internal decision-making. The deposition excerpts contain information that could disclose Apple's (1) commercial decision-making and assessment of commercial partners; (2) Apple's negotiations with commercial partners; (3) Apple's internal product development; and (4) the terms of Apple's commercial agreements. *See* Lent Decl. Exs. E, F, G, and H. Disclosure of this information would provide competitors and partners with "unfair insight into [Apple's] business strategy" and allow them to leverage Apple's confidential information in carrying out future negotiations or in developing competing products or services. *Anthem I*, 2016 WL 11164059, at *2-3. In addition, the sealed information in Exhibit I could disclose the presence, absence, and/or contours of Apple's internal product strategy and development, the disclosure of which would harm Apple by providing competitors unfair insight into Apple's product strategy. Ex. I. Accordingly, Apple's interest in protecting that confidential information and the harm that it will suffer from disclosure weigh in favor of sealing the limited information over which Apple seeks protection.

For these reasons, Apple respectfully requests that the Court grant its motion for leave to file under seal.

Dated: August 11, 2023                       Respectfully submitted,

                                              /s/ Steven C. Sunshine
                                              Steven C. Sunshine
                                              D.C. Bar # 450078
                                              Skadden, Arps, Slate, Meagher & Flom LLP
                                              1440 New York Avenue, N.W.
                                              Washington, DC 20005
                                              (202) 371-7860
                                              steve.sunshine@skadden.com

                                              Karen Hoffman Lent (*pro hac vice*)
                                              Skadden, Arps, Slate, Meagher & Flom LLP
                                              One Manhattan West
                                              New York, NY 10001
                                              (212) 735-3276
                                              karen.lent@skadden.com

                                              *Counsel for Non-Party Petitioner Apple Inc.*

**Certificate of Service**

I hereby certify that I caused the sealed document and a copy of the NEF to be served by email on all counsel of record.

Dated: August 11, 2023  /s/ Steven C. Sunshine
Steven C. Sunshine
D.C. Bar # 450078
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
(202) 371-7860
steve.sunshine@skadden.com