**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>                              Plaintiffs,<br><br>              v.<br><br>GOOGLE LLC,<br><br>                              Defendant. | CASE No.: 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*,<br><br>                              Plaintiffs,<br><br>              v.<br><br>GOOGLE LLC,<br><br>                              Defendant. | CASE No.: 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

## NON-PARTY PETITIONER APPLE INC.'S
## MOTION TO QUASH TRIAL SUBPOENAS

Non-Party Apple Inc. ("Apple") hereby moves the Court, pursuant to Federal Rule of Civil Procedure 45, for an order quashing the trial subpoenas served on Eduardo Cue, John Giannandrea, and Adrian Perica. Pursuant to Local Civil Rule 7(m), counsel for Apple conferred with counsel for the United States and for Defendant Google LLC ("Google"). United States Plaintiffs have informed Apple that they oppose this motion. Counsel for Google has informed Apple that Google opposes the motion to the extent it seeks to quash the trial subpoena issued to Eduardo Cue, supports the motion to the extent it seeks to quash the trial subpoena issued to Adrian Perica, and has not yet taken a position on the motion to the extent it seeks to quash the trial subpoena issued to John Giannandrea.

1

Despite its standing as a third party, Apple has been the subject of uncharacteristically overbroad and burdensome demands throughout this case.  Over the course of a year, and in response to the parties' voluminous document requests, Apple produced over 125,000 documents reflecting its most sensitive internal commercial deliberations from its senior executives.  It thereafter provided over 21.5 hours of deposition testimony over four days from three of its most senior executives, Eddy Cue, John Giannandrea, and Adrian Perica—including as part of a fantastically overbroad 30(b)(6) deposition notice that required Apple to recount, among other things, two decades of its search distribution negotiations with Google, as well as seven years of negotiations with any other search engine.  With trial approaching, the parties have included 118 documents from Apple's productions on their exhibit lists, which they have made no effort to narrow and raise significant confidentiality risks.[1]

Dissatisfied with the testimony it received and the documents it possesses, and notwithstanding the substantial efforts Apple has already undertaken in this action, the Department of Justice ("DOJ") has now issued trial subpoenas for the three executives it already deposed and demands duplicative and cumulative trial testimony from them.  Complying with DOJ's trial subpoenas would be unduly burdensome for Apple and wholly disproportionate to the needs of this case.  It would require Apple's executives go through the considerable burden and expense of preparing for their trial testimony and traveling 3,000 miles across the country from Northern California to testify at a bench trial.  Yet neither Google, a competitor in areas not at issue in this case, nor DOJ have articulated what new ground not covered at the depositions they

---

[1] DOJ has taken a narrow view of Apple's right to keep its commercially and competitively sensitive information from public disclosure.  As set forth below, DOJ has informed Apple, a non-party, that it would agree only to narrowly tailored protections also proposed to Google, the Defendant.  It has demanded that various categories of Apple's most sensitive confidential information be presumptively public, which would result in the publication of highly commercially and competitively sensitive information, including the contents of confidential contractual terms, business negotiations, internal metrics for revenues and search growth rates on Apple devices, and forward-looking product opportunities with commercial partners.  *See* Joint Status Report (Aug. 10, 2023) (Dkt. No. 636).

intend to explore at trial through live testimony (if any at all).  The current extensive testimony record demonstrates the highly confidential nature of the already-tread ground and foreshadows the challenge and burden to this Court in navigating potentially unwieldy live testimony. And DOJ has acknowledged to the Court that it intends to question these witnesses about highly confidential material that Apple believes should be kept from public disclosure.  *See* Joint Status Report (Aug. 10, 2023) (Dkt. No. 636).  The parties should not be permitted to require Apple's executives or this Court to undergo the burden presented by live testimony in this case when their deposition testimony could be reviewed by the Court *in camera*.  Accordingly, the trial subpoenas should be quashed.

## BACKGROUND

To date, Apple has provided extensive discovery to the parties in response to overbroad discovery requests.  During fact discovery, Apple produced 125,000 documents comprising in excess of 1,000,000 pages.  These productions spanned two decades and came from the files of Apple's senior-most executives, including members of Apple's senior executive team, past and present.  DOJ then served deposition subpoenas for three Apple executives who collectively oversee thousands of employees and are three of only 19 people who report directly to Apple Chief Executive Officer Tim Cook, namely: (1) Eddy Cue, Apple's Senior Vice President of Services, who oversees the full range of Apple's services, including Apple Music, Apple News, Apple TV, and Apple Pay, just to name a few; (2) John Giannandrea, Apple's Senior Vice President of Machine Learning and AI Strategy, who manages Apple's strategy for machine learning and artificial intelligence across the company; and (3) Adrian Perica, Apple's Vice President of Corporate Development, who leads Apple's mergers, acquisitions, and strategic investing efforts.  As if those deposition subpoenas were not enough for DOJ, DOJ then served Apple with an expansive and overbroad 30(b)(6) deposition notice, seeking testimony concerning

3

a multitude of topics that spanned 20 years, including "Apple's internet search service agreements with Google," "[t]he agreements' terms," and "[h]ow Apple implemented, monitored, and enforced the agreements."[2]  Among other topics, the 30(b)(6) notice also demanded that Apple's corporate representative testify to "Apple's negotiations with *any* internet search engine other than Google" over a period of seven years.[3]

The Apple witnesses sat for hours of examination and prepared to provide testimony in both a personal and corporate capacity in depositions that exceeded the limits authorized under the Federal Rules of Civil Procedure.[4]  Plaintiffs demanded that Apple make each of its executives available for two full days of deposition testimony.  The parties proceeded to depose these individuals over the course of several days, taking a total of over 21.5 hours of testimony.  Despite demanding excessive time limits and disrupting the schedules of Messrs. Cue, Giannandrea, and Perica, both Plaintiffs and Google failed to actually utilize their full allocation of time.[5]

Not content with its existing testimony from these senior executives, DOJ has issued trial subpoenas for all three.[6]  Google has designated extensively from each of the Apple witnesses'

---

[2] *See* Lent Decl. Ex. I (30(b)(6) Deposition Notice).

[3] *See id.* (emphasis added).

[4] Although the Federal Rules of Civil Procedure limit deposition testimony "to 1 day of 7 hours" for each witness, Fed. R. Civ. P. 30(d)(1), the Case Management Order in this case afforded the parties to *11* hours of combined testimony on the record for each cross-noticed deposition.  *See* Amended Scheduling and Case Management Order ¶ 14 (Dkt. No. 108-1) (Feb. 3, 2021).  As a third party, Apple was not a party to, nor did it consent to, the Case Management Order or its modifications to the Federal Rules of Civil Procedure.  The Court also permitted the Plaintiffs 7 hours for their 30(b)(6) deposition notices to Apple.

[5] Indeed, while Apple designated Mr. Giannandrea as a corporate designee for some of DOJ's 30(b)(6) topics—which required extensive preparation from both Apple and Mr. Giannandrea—DOJ declined to ask Mr. Giannandrea any questions in his corporate capacity during his deposition.

[6] On July 7, 2023, DOJ informed Apple that it intended to call Mr. Cue and Mr. Giannandrea as live witnesses at trial and that it intended to rely on deposition designations for Mr. Perica.  In a July 18 meet and confer, counsel for Apple expressed concern with the burden this would place on Apple, particularly in light of the prior depositions, and counsel requested that DOJ reconsider its desire to call these witnesses live.  On July 21, DOJ served Apple with trial subpoenas for all three executives, noting that "[w]hile we still intend to submit Mr. Perica's testimony and have no present plans to call him, we are still issuing a trial subpoena."  Lent Decl. Ex. A (July 21, 2023 Email from M. Rosengart to K. Lent, S. Sunshine, R. Travers, and M. Lanci).  At a status conference on August 11, 2023, the Court
*(cont'd)*

deposition transcripts.[7]  DOJ has proffered cross-designations only as to Mr. Cue's 30(b)(6) testimony.

Neither DOJ nor Google have articulated why they need additional testimony from the Apple witnesses or what additional testimony they hope to elicit.  For its part, in three meet-and-confers, DOJ has declined to provide any insight to Apple regarding the topics about which it will inquire at trial, noting only that that those topics would be consistent with the deposition testimony that Apple provided, and the documents that Apple produced, during discovery.  The parties also informed Apple that they have listed a total of 118 confidential documents[8] from Apple's productions on their exhibit list.[9]  But they thus far have not provided any indication of, or clarity regarding, the documents about which they are likely to question Apple's witness at trial.

The documents on the parties' exhibit lists entirely overlap with the topics addressed at the Apple depositions.  The exhibit lists contains documents relating to: (1) the Information Services Agreement ("ISA") between Apple and Google; (2) Apple's internal deliberation in choosing Google as the default search engine for Safari; (3) Apple's evaluation of search partners, including the factors Apple considers; (4) Apple's negotiations with search partners, including Google and Bing; (5) Apple's consideration of user privacy in making decisions concerning its

---

instructed the parties that they would not be permitted to call witnesses for whom they intend to rely on deposition designations but to whom they have also issued trial subpoenas unless they can establish unexpected circumstances in the course of trial.  During a meet-and-confer after the status conference, DOJ acknowledged that this instruction would apply to Mr. Perica.

[7] In addition to designating testimony, Google has also listed Messrs. Cue and Giannandrea as witnesses it expects to call live at trial.  Apple requests that the relief it seeks in this motion extend regardless of which party summons these witnesses.

[8] Apple is willing to stipulate to the admissibility of any Apple document as necessary once the confidentiality issues have been resolved.

[9] In addition to these documents, Apple understands that the parties' exhibit lists contain documents from Google's productions featuring confidential Apple information and communications regarding the Apple–Google search relationship.  Apple has also received notice from other third parties that the parties' exhibit lists contain documents from their productions that implicate Apple confidential information.

products and services; and (6) Apple's internal product development decisions. Apple's executives testified to these very topics during their depositions.  For example:

- Mr. Cue testified as to the terms of the ISA, his understanding of those terms, and Apple's considerations in agreeing to them.[10]

- Mr. Cue testified that Apple has repeatedly chosen Google as the default search engine because it has determined that Google provides the best quality search results and therefore provides the best (and even improves) user experience.[11]

- Mr. Cue explained that Apple constantly re-evaluates its search partners to ensure that its devices utilize the best search engine, and explained the factors it considers in evaluating partners.[12]

- Mr. Cue testified about Apple's negotiations with other search partners, including Bing and DuckDuckGo, and the ways in which Apple promotes those partners even with Google set as the out-of-the-box default on Apple devices.[13]

- Mr. Giannandrea and Mr. Perica testified that Apple had conducted periodic assessments of a search partner and determined that it did not provide the quality necessary to displace Google as the default search provider.[14]

- Mr. Cue testified about Apple's consideration of user privacy and the ways in which Apple works to protect user privacy while providing the best user experience.[15]

- Mr. Cue testified that Apple aims to provide customers the best out-of-the-box experience for users, which it believes it accomplishes by using Google as the pre-set default general search engine for Safari.[16]  He made clear that if a user does not like the search engine Apple chose as the default, Apple makes it easy for users to change the search engine.[17]

---

[10] Lent Decl. Ex. E (Cue Tr.) 122:22–145:17.

[11] Lent Decl. Ex. E (Cue Tr.) 32:3–6.

[12] Lent Decl. Ex. E (Cue Tr.) 31:13–17.

[13] Lent Decl. Ex. E (Cue Tr.) 199:10–17.

[14] Lent Decl. Ex. G (Giannandrea Tr.) 255:13–22, 273:7–275:4; Lent Decl. Ex. G (Perica Tr.) 60:14–20, 103:19–104:2.

[15] Lent Decl. Ex. E (Cue Tr.) 200:13–15.

[16] Lent Decl. Ex. F (Cue (Apple 30(b)(6)) Tr.) 119:4–121:10.

[17] Lent Decl. Ex. E (Cue Tr.) 124:16–22.

- Mr. Giannandrea and Mr. Cue testified about Apple's efforts to develop and improve its Siri and Spotlight services.[18]

Moreover, at least 28 of the Apple documents on the parties' exhibit lists were used as exhibits during the depositions of the Apple executives, including 27 exhibits used at the depositions of Messrs. Cue and Giannandrea and all but one of which contain sensitive information for which Apple may seek protection at trial.

Additionally, during meet and confers regarding confidentiality objections, DOJ has made clear that it takes a narrow view of Apple's right to keep its commercially and competitively sensitive information from public disclosure.  DOJ informed Apple, a non-party, that it was only willing to "afford narrowly tailored protections . . . also proposed to Google," the Defendant[19] — notwithstanding the D.C. Circuit's admonition that "[w]here a third party's property and privacy rights are at issue the need for minimizing intrusion *is especially great*."  *United States v. Hubbard*, 650 F.2d 293, 319 (D.C. Cir. 1980) (emphasis added).  And DOJ has demanded that various categories of Apple's most sensitive confidential information be presumptively public, which would result in the publication of highly commercially and competitively sensitive information, including the contents of confidential contractual terms, business negotiations, internal metrics for revenues and search growth rates on Apple devices, and forward-looking product opportunities with commercial partners.  *See* Joint Status Report (Aug. 10, 2023) (Dkt. No. 636).  Apple met and conferred with DOJ on August 11, 2023, after the Court's status conference concerning confidentiality issues. Even after that status conference—in which the Court directed the parties to give thought to the exhibits they would be using with first- and third-

---

[18] Lent Decl. Ex. F (Cue (Apple 30(b)(6)) Tr.) Tr. 86:23–87:11.

[19] Lent Decl. Ex. J (July 28, 2023 Letter from M. Rosengart to K. Lent).

party witnesses and identify with specificity the exhibits they intend to use—DOJ stated that it did not anticipate any impact to the scope of potential live testimony.

## ARGUMENT

Apple respectfully asks the Court to quash the trial subpoenas DOJ served on the Apple witnesses because they would pose an undue burden, and DOJ has not demonstrated a need for the testimony implicating highly confidential information in light of the many hours of deposition testimony Apple's witnesses have already provided.  DOJ's demand for live testimony will burden Apple by disrupting its business and its executives' schedules, making them prepare for testimony and requiring that they travel across the country, and by forcing Apple to incur the expenses associated with those efforts.  It will also burden Apple (and the Court) by requiring it to navigate the risks of inadvertent disclosure of its most competitively sensitive information.  DOJ has failed to demonstrate a need for the testimony, which will duplicate existing deposition testimony already available to DOJ for use at trial.

Under Rule 45 of the Federal Rules of Civil Procedure, a court "must quash or modify a subpoena that . . . subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iv).  Rule 45 applies to "both document and testimonial subpoenas," including subpoenas to third-party witnesses called to testify at trial.  *See Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO v. Project Veritas Action Fund*, No. CV 17-1047, 2022 WL 3655277, at *3 (D.D.C. Aug. 25, 2022) (quashing trial subpoena to third-party witness).

Courts evaluate motions to quash by weighing the competing interests involved in enforcing a subpoena, which derive in part from the discovery requirements under Rule 26 of the Federal Rules of Civil Procedure.  *See Stati v. Republic of Kazakhstan*, Civ. No. 14-1638, 2020 WL 3259244, at *4 (D.D.C. June 5, 2020) ("The undue burden standard for Rule 45 also mirrors the standard included within Rule 26."); 9A Wright and Miller, Federal Practice and Procedure §

2463.1 (3d ed. 2022).  Rule 26(b) requires district courts "'to consider a number of factors potentially relevant to the question of undue burden.'"  *AFL-CIO*, 2022 WL 3655277, at *3 (quoting *BuzzFeed, Inc. v. U.S. Dep't of Justice*, 318 F. Supp. 3d 347, 356 (D.D.C. 2018)).  As applied to trial subpoenas, those factors include: (1) whether the testimony sought is "unreasonably cumulative or duplicative"; (2) whether the testimony sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive"; and (3) whether the testimony sought is "proportional to the needs of the case," taking into account, among other things, "the parties' relative access to relevant information" and "whether the burden or expense of the [testimony] outweighs its likely benefit." *AFL-CIO*, 2022 WL 3655277, at *3-4.  Of note, the D.C. Circuit has "admonished district courts to be 'generally sensitive to the costs imposed on third parties' when considering a motion to . . . quash[ ] pursuant to Rule 45, reminding [courts] to consider 'whether the [testimony] sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.'"  *AFL-CIO*, 2022 WL 3655277, at *3 (quoting *Millennium TGA, Inc. v. Comcast Cable Commc'ns LLC*, 286 F.R.D. 8, 11 (D.D.C. 2012)).

DOJ's trial subpoenas for the Apple witnesses place an undue burden on Apple, those witnesses, and the Court, and are unjustified in light of the prior exhaustive deposition testimony that can be used by the parties in this bench trial.  *First*, the trial subpoenas to Apple witnesses impose a substantial burden on Apple and its senior executives.  The senior executives will be forced to divert their time and attention away from running their organization to travel across the country to provide testimony.  *See AFL-CIO*, 2022 WL 3655277, at *4 (finding undue burden where party issued a trial subpoena of a third-party executive that would "pull[] them away from their substantial duties"); *Reddick v. Dillard Store Servs., Inc.*, No. CIV 08-844-CJP, 2010 WL 3025205, at *1 (S.D. Ill. Aug. 2, 2010) (quashing subpoena and finding undue burden where a

non-party would be required "to travel from Oregon [to Illinois] for trial").  Messrs. Cue, Giannandrea, and Perica are in "the highest leadership position[s] in the organization," *see AFL-CIO*, 2022 WL 3655277, at *6, collectively responsible for thousands of employees, and report directly to Apple Chief Executive Officer Tim Cook.  Taking the time to prepare to testify, travel across the country, and provide testimony—after already doing so for extensive depositions in this case—will be a massive disruption to these executives and the organizations that they manage.

The trial subpoenas will further impose an undue burden on Apple (and also on the Court) because live testimony will require it to navigate significant confidentiality issues and the risks of potential inadvertent disclosure of Apple's most highly competitively sensitive information to Google, Apple's other search partners (which are Google's competitors and competitors with one another), and the general public at large.  If the 118 Apple documents on the parties' exhibit lists are any indication, live testimony will risk inadvertent disclosure of highly sensitive information reflecting Apple's negotiations with, and assessment of, search partners, internal product development efforts, and forward-looking product considerations.  Such highly sensitive information is implicated in dozens, if not more, of the Apple exhibits.  And the parties appear primed to explore much of this information with the Apple witnesses at trial, given that at least 28 of the documents on the parties' exhibits list were used during the Apple witnesses' depositions.  Disclosure of this information would substantially harm Apple by, for example, providing Apple's search partners with confidential information they can leverage in their future negotiations with Apple and providing Apple's competitors with insight into Apple's internal strategic deliberations.

This risk of inadvertent disclosure is elevated by two factors.  For one thing, there is considerable public interest in this trial.  And for another, DOJ has displayed a complete disregard for Apple's confidential information during meet-and-confers, including by proposing to allow

Apple only the protections afforded a *party* and to apply presumptions of disclosure to categories of documents reflecting some of the very highly sensitive categories of information highlighted above for which Apple justifiably seeks the greatest protections.  Meanwhile, DOJ has not justified any risk of inadvertent disclosure where it already has expansive deposition testimony on the same topics.  Given that the testimony DOJ seeks overlaps with the deposition testimony it has already elicited—which it can easily designate in this bench trial—it cannot establish that it has a "substantial need" for that testimony live at trial.  *See Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) (explaining that a party only has a substantial need for a third parties' confidential commercial information where that information is "essential to a judicial determination of its case").

**Second**, the testimony will inherently be cumulative and duplicative of the testimony that was already elicited over the course of over 21.5 hours of examination during depositions.  Any topic that is relevant to this case and could be elicited at trial was already subject to extensive examination during the depositions of Apple witnesses (or could have been, given the extensive amount of time allowed for these individuals' depositions).  Based on the documents on Plaintiffs' exhibit list, DOJ's examination will undoubtedly be nothing more than a retread of the testimony already provided by the Apple witnesses.  And DOJ has failed to articulate any expected line of examination that was not addressed during the deposition examination or why the deposition testimony would not suffice.  Even if it could, DOJ had every opportunity to pursue that line of questioning during the depositions.  Apple's executives should not be punished for DOJ's ineffectiveness in discovery.

**Third**, DOJ's demand for live testimony is not proportional to the needs of the case and can be obtained from other sources, namely the 21.5 hours of testimony the parties have already elicited from the Apple executives it seeks to call.  DOJ can rely on the Apple witnesses'

deposition testimony at trial. *See Off. Comm. Of Unsecured Creditors v. Calpers Corp. Partners LLC*, No. 1:18-CV-68-NT, 2021 WL 3081880, at *4 (D. Me. July 20, 2021) (granting non-party motion to quash where burden was high and noting that the requesting party "has the testimony of [the non-party] as recorded by a stenographer at his lengthy deposition and can offer it at trial"); *Perera v. U.S. Fid. & Guar. Co.*, No. 8:02-CV-688-EAJ, 2007 WL 4247699, at *1 (M.D. Fla. Dec. 3, 2007) (quashing a non-party trial subpoena where the defendants failed "to show a substantial need for the testimony" and noting that the parties could rely on deposition designations); *see also* 15 U.S.C. § 23 (permitting nationwide service of process only where "cause shown"). Google has designated extensively from the Apple witness's deposition transcripts, and neither party has explained why deposition testimony would not suffice for each Apple witness.

DOJ should not be given carte blanche to burden Apple witnesses and risk disclosure of Apple's sensitive commercial information in open court after having ample time and leeway to question the witnesses both in their individual and corporate capacities. Relying on deposition designations will alleviate the burden on the Apple witnesses and will allow Apple to deliberately protect its sensitive commercial information. It also will alleviate the burden on the Court with respect to the confidentiality disputes between Apple and DOJ by allowing the material to be reviewed in camera. And it will not prejudice DOJ, given that this is a bench trial in which the Court can review the witnesses' deposition transcripts or watch video of the designated testimony.

**Finally**, DOJ's demands ignore Rule 45's guidance to avoid an undue burden on third parties. Apple is a third party that has worked diligently to comply with overbroad discovery requests and multiple depositions of its executives. DOJ's insistence on duplicative trial testimony has betrayed a disregard for Rule 45's sensitivity to burdens placed on third parties. *AFL-CIO*, 2022 WL 3655277, at *3 (noting that the D.C. Circuit had "admonished district courts

to be 'generally sensitive to the costs imposed on third parties' when considering a motion to . . . quash").  Apple has provided all the discovery (and more) that the parties could need for trial. Despite that fact, the parties—a competitor to Apple in areas not at issue in this case and a regulator that has been critical of large, successful technology companies such as Apple in recent years—insist that Apple appear.  Apple should not have to undertake the burden of requiring its senior executives to testify live at trial.

## CONCLUSION

For these reasons, Apple respectfully requests that the Court quash the subpoenas issued to Eduardo Cue, John Giannandrea, and Adrian Perica.

Dated: August 11, 2023

Respectfully submitted,

/s/ Steven C. Sunshine
Steven C. Sunshine
D.C. Bar # 450078
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
(202) 371-7860
steve.sunshine@skadden.com

Karen Hoffman Lent (*pro hac vice*)
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001
(212) 735-3276
karen.lent@skadden.com

*Counsel for Non-Party Petitioner Apple Inc.*