# Exhibit J



**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*

*450 5ᵗʰ Street, N.W.*
*Washington, DC 20001*

July 28, 2023

**BY EMAIL DELIVERY**

Karen Hoffman Lent
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001
Karen.lent@skadden.com

     Re:   *United States, et al. v. Google LLC*, No. 1:20-cv-03010 (D.D.C.) –
     Confidentiality

Dear Karen:

I write in response to your July 24 and July 26 correspondence requesting that a number of Apple's documents on Plaintiffs' exhibit lists and significant portions of Apple deposition testimony designated by Plaintiffs be placed under seal if submitted into evidence at trial. We continue to review Apple's position and look forward to hearing from you on scheduling the court-ordered meet-and-confer(s), which I emailed counsel about on July 27.

As you know, as the party seeking to place evidence under seal, Apple bears the burden[1] of rebutting the "strong presumption in favor of public access to judicial proceedings"[2] by showing a "clearly defined and very serious injury"[3] that would result from public disclosure of the specific material sought to be sealed. To overcome this presumption, Apple must provide "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statement."[4] Further, even when seeking to seal judicial

---

[1] *See In re Avandia Mktg., Sales Practices & Prods. Liability Litig.*, 924 F.3d 662, 671 (3d. Cir. 2019); *U.S. v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 520 F. Supp. 3d 71, 82 (D.D.C. 2020) (citing *U.S. v. ISS Marine Servs, Inc.*, 905 F. Supp. 2d 121, 140–41 (D.D.C. 2012)).

[2] *Primas v. Dist. of Columbia*, 719 F.3d 693, 698 (D.C Cir. 2013); *U.S. v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980).

[3] *N.Y. v. Microsoft Corp.*, No. Civ. A 08-1233 (CKK), 2002 WL 649385, at *2 (D.D.C. Mar. 28, 2002) (quoting *U.S. v. Exxon Corp.*, 94 F.R.D. 250, 251 (D.D.C. 1981)).

[4] *Exxon Corp.*, 94 F.R.D. at 251 (quotations omitted).

records to protect an overriding interest, the sealing must be "narrowly tailored to serve that interest."[5] Consistent with case law in this district, the Court has also instructed the parties to be "thoughtful and sensitive about it before they actually place[] something under seal . . . ."[6]

We write in advance of the court-ordered meet-and-confer(s) because Apple's bases for confidential treatment are boilerplate, inconsistent with both case law and the Court's instruction, and of limited utility. For example, Apple offers nearly identical explanations to request, on one hand, "in camera" treatment of APLGOOGDOJ-00642122, an amendment to the Information Services Agreement proposed by Apple to Google in 2007, and, on the other hand, redactions for APLGOOGDOJ-00009938, a September 2016 email from Apple's Eddy Cue to Google's Sundar Pichai negotiating a term in the ISA.[7] From Apple's limited explanations, we cannot understand why either of these documents must be kept from the public at all, let alone the basis for any differential treatment. Among other reasons, the documents are sixteen and seven years old, respectively, and Apple has not explained any likely injury beyond an *ipso facto* assertion to that effect.

Mindful of the public right of access,[8] the Court's instruction, and Apple's interest in protecting competitively sensitive information, we continue to review Apple's proposed redactions. Where appropriate, we are willing to afford narrowly tailored protection to the following categories of Apple information—as we've also proposed to Google:

1. Trade secrets;

2. Competitively sensitive information, including:

   a.  Non-public financial information from 2020 and later;

   b.  Non-public data from 2020 and later;

   c.  Forward-looking statements from 2020 and later not publicly disclosed;

3. Non-public contractual provisions that are not relevant to Plaintiffs' claims from 2013 and later;

---

[5] *See In re Special Proceedings*, 825 F. Supp. 2d 203, 209 (D.D.C. 2011).

[6] Tr. Hr'g at 32:15–22 (Oct. 30, 2020).

[7] According to Apple, the public disclosure of either document would cause injury because both contain "non-public and highly sensitive information, including, but not limited to, confidential information concerning and/or reflecting the terms of existing confidential agreements." But whereas APLGOOGDOJ-00642122—the ISA amendment that Apple proposed to Google in 2007 and now submits for "in camera" treatment—also contains "Apple's confidential discussions and negotiations with business partners," APLGOOGDOJ-00009938—Mr. Cue's 2016 email to Google negotiating an ISA term that Apple now submits for redaction—also contains "Apple's assessment of actual and/or potential business relationships . . . ."

[8] *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978).

4. Documents for which Apple claims confidentiality that, because Plaintiffs do not intend to use in Court, Plaintiffs consent to sealing but do not agree such redactions are appropriate;

5. Personnel files and documents made in preparation of personnel evaluations; and

6. Sensitive personally identifiable information.

We note that even if information falls into one of these categories, the factors identified in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980) may outweigh the limited interest that Apple may have in the sealing of such information. This is particularly true of information that is more than three years old.[9] Further, any agreement to redact any of the above categories for the purpose of trial does not mean that we agree that such redactions are appropriate.

We are also prepared to consider any additional justifications for redactions that Apple may present either at the meet-and-confer or in writing in advance of the meet-and-confer. We look forward to continuing this dialogue.

Sincerely,

/s/ Michael Rosengart

CC:     Elizabeth Jensen – Elizabeth.Jensen@usdoj.gov
        Karl Herrmann – Karl.Herrmann@usdoj.gov
        Sarah Bartels – Sarah.Bartels@usdoj.gov
        Matt McKinley – Matt.McKinley@nebraska.gov
        Joe Conrad – Joseph.Conrad@nebraska.gov
        Steve Kaufman – Steve.Kaufman@coag.gov
        Margaret Sharp – Margaret.Sharp@oag.texas.gov
        Matthew McGinnis – Matthew.McGinnis@ropesgray.com
        Wendy Waszmer – WWaszmer@wsgr.com
        Graham Safty – GSafty@wc.com
        Tom Ryan – TRyan@wc.com
        Christopher Yeager – CYeager@wc.com

---

[9] *See* Stipulated Protective Order, at 4, *U.S. v. Google LLC*, 1:20-cv-03010-APM (D.D.C. Jan. 21, 2021) (ECF No. 98).