# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>Google LLC,<br><br>　　　　　　　　　　Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>Google LLC,<br><br>　　　　　　　　　　Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFFS'
MOTION *IN LIMINE* TO LIMIT GOOGLE'S ABILITY TO USE EVIDENCE
OF PRODUCT QUALITY AS A COMPLETE DEFENSE TO LIABILITY**

Plaintiffs do not contend that Google's extraordinary innovations over the last two decades, resulting in its search engine being consistently chosen by leading browser developers, mobile device manufacturers, carriers and consumers over rivals based on superior quality, are irrelevant to these proceedings. Indeed, whatever inconvenient facts Plaintiffs seek shelter from, their motion does not actually seek the exclusion of any particular evidence. It instead tries to advance a purely legal argument best addressed (and rejected) in post-trial submissions. Accordingly, Plaintiffs' motion should be denied as procedurally defective given the bench trial that the Court will conduct.

Even if Plaintiffs' motion could be properly addressed on the merits before trial, it should be denied. Plaintiffs' request that the Court limit Google's ability to use evidence of product quality as a "complete defense" is wrong as a matter of law for multiple reasons. Evidence that Google's search engine is indisputably superior to the rival general search engines that Plaintiffs claim compete in the alleged relevant markets is, not surprisingly in an antitrust case, relevant to any number of dispositive issues, including but not limited to whether Google possesses monopoly power in any relevant antitrust market, and whether Plaintiffs have proven harm to competition in any relevant market.

Faced with the stark reality that the record is replete with evidence that Google's superior product has repeatedly won competitions to be the preferred default search engine on browsers and the preloaded search engine on various mobile devices, and that Google is overwhelmingly preferred by consumers who search on Windows computers where Google is not preloaded or set as the default search engine on the default browser, Plaintiffs' motion is a desperate attempt to minimize a critical defect in their case before trial even starts. It should be summarily denied.

# ARGUMENT

I. **Plaintiffs' Purely Legal Argument Is Properly Addressed Post-Trial**

In their motion, Plaintiffs identify not a shred of evidence that they consider inadmissible. Plaintiffs do not contend, for instance, that any particular documentary evidence or anticipated witness testimony (either fact or expert) should be excluded as irrelevant to any issue at trial. Rather, Plaintiffs seek to limit the weight that Google or the Court may attach to Google's (widely acknowledged) product quality. That alone renders Plaintiffs' motion defective as a motion *in limine*. Plaintiffs may disagree about the relevance of Google's product quality to particular elements of their case, but they may not press their case through a motion *in limine* where there is no dispute that the evidence is relevant to numerous issues. Several cases cited in the Opposition that Google is contemporaneously filing to Plaintiffs' other Motion *in Limine* are dispositive on this point, and need not be repeated here. *See* Google's Opp'n To Pls.' Mot. In Lim. To Exclude Evid. Of Benefits Outside Relevant Markets 1–3; *see also Apple iPod iTunes Antitrust Litig.*, 2014 WL 12719194, at *1 (N.D. Cal. Nov. 25, 2014) (denying putative motion *in limine* on the logic that it "attempt[ed] to obtain prophylactically a ruling as to the introduction of evidence that can be used to support more than one theory," including because the evidence could inform whether certain updates were "genuine product improvements").

II. **Evidence of Google's Product Superiority Is Relevant To Numerous Issues That the Court Will Be Asked to Resolve**

Evidence of Google's superior product quality is relevant to a host of issues relevant to trial in these cases. Those issues include, but are not limited to: assessing whether certain conduct at issue is competition on the merits and/or a genuine product improvement not properly deemed exclusionary or harming competition in the first place; whether certain conduct actually promotes competition and has legitimate business justifications that the Court can weigh against

2

any alleged anticompetitive effects; whether Google's extraordinary product improvements and continual innovations that have resulted in its product superiority refute Plaintiffs' assertion that Google has achieved a monopoly position that immunizes it from competition; and whether Google has in fact harmed competition in any relevant market. Plaintiffs' suggestion that evidence of Google's product quality should somehow be limited, pretrial, "to its alleged procompetitive justifications," Pls.' Mot. In Lim. To Limit Google's Ability To Use Evid. of Product Quality As A Complete Defense To Liability ("Pls.' Mot.") 2, is legally incorrect and procedurally flawed in any event.

Google does not intend to argue (nor has it ever argued) that the *fact* that it has a superior product, standing alone, immunizes it from antitrust scrutiny altogether. However, product quality is relevant to numerous issues in these cases. For example, under black-letter law, Section 2 requires proof of "exclusionary conduct 'as distinguished from growth or development as a consequence of a *superior product*, business acumen, or historic accident.'" *United States v. Microsoft Corp.*, 253 F.3d 34, 58 (D.C. Cir. 2001) (en banc) (per curiam) (emphasis added) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 571 (1966)). Moreover, as a matter of law, conduct that amounts to successful "competition on the merits" based on superior product quality is not exclusionary conduct. *See Microsoft*, 253 F.3d at 62; *see also, e.g.*, *id.* at 58, 65. To the extent that Plaintiffs disagree with Google's legal position, that dispute may be resolved after trial. The Court already has received briefing on the issue of whether conduct that amounts to a product improvement can qualify as exclusionary conduct. The Court did not have to reach this legal question at summary judgment, *see United States v. Google LLC*, 2023 WL 4999901, at *21 n.16 (D.D.C. Aug. 4, 2023), but may resolve it post-trial to the extent it is relevant to address any of the remaining conduct at issue at trial. To identify another relevant issue: Google

3

will show that the quality of Google's search service—rather than the conduct Plaintiffs challenge—explains why Google's search rivals have failed to succeed; as with the above issues, this is not one consigned solely to the procompetitive justification step of Section 2 analysis. *See Microsoft*, 253 F.3d at 68 ("developing an attractive product" is "no violation" of Section 2 even if rivals suffer); *Mylan Pharms. Inc. v. Warner Chilcott Pub. Ltd. Co.*, 838 F.3d 421, 438 & n.79 (3d Cir. 2016) (rejecting Section 2 challenge in step 1 in part because rival "chose to forego more aggressive research and development, marketing, and sales efforts").

      For their part, Plaintiffs are unable to adduce any case law holding that "evidence related to . . . product quality" is relevant only to "procompetitive justifications." Pls.' Mot. at 5. For example, Plaintiffs cite *NCAA v. Alston*, 594 U.S. ___, 141 S. Ct. 2141 (2021). But that case says nothing about product quality in a Section 2 case; it merely held that a party cannot declare a restraint (in that case, certain restrictions on student-athlete compensation) to be "'immune from § 1 scrutiny'" by relabeling it a "product feature" (in that case, student-athlete "amateurism"). *Id.* at 2163.[1] Similarly off-base is *National Society of Professional Engineers v. United States*, 435 U.S. 679 (1978). There, the Supreme Court rejected the notion that Section 1 permits trade organization members to agree on a ban of competitive bidding in hopes of incentivizing higher-quality engineering services. *Id.* at 693, 696. Nothing of the sort is alleged or argued here. Plaintiffs' reliance on *PLS.Com, LLC v. National Ass'n of Realtors*, 32 F.4th 824 (9th Cir. 2022) is likewise misplaced. That case—again decided under Section 1—held simply that the plaintiff had adequately pled a group-boycott claim where the National Association of Realtors effectively agreed to a requirement that members use the Association's preferred

---

[1] *See also* Transcript of Oral Argument at 6, *NCAA v. Alston*, 594 U.S. ___, 141 S. Ct. 2141 (2021) (NCAA's counsel acknowledging that "we have a product that is defined by the restraint on competition").

property-listing database.  *See id.* at 830–31, 837.  And *Arizona v. Maricopa County Medical Society*, 457 U.S. 332 (1982) is equally far afield:  It concluded that horizontal agreements to set maximum prices were subject to the per se rule against price-fixing agreements.  *See id.* at 342, 348, 357.  In short, Plaintiffs' citations are entirely inapposite; nothing in them obligates the Court to forswear consideration of product quality or conduct that improves product quality even in part, much less to do so before trial in a Section 2 case.

"Congress designed the Sherman Act as a consumer welfare prescription."  *In re EpiPen Sales Pracs. & Antitrust Litig.*, 44 F.4th 959, 984 (10th Cir. 2022) (internal quotation marks omitted), *cert. denied*, 143 S. Ct. 1748 (2023).  Considerations of consumer welfare—including considerations of superior product quality—permeate the analysis.  The Court should therefore hear this evidence—including the (unspecified) evidence Plaintiffs seek to exclude—and draw its conclusions after trial.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion In Limine To Limit Google's Ability To Use Evidence Of Product Quality As A Complete Defense To Liability.

Dated: August 15, 2023

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
Wendy Huang Waszmer (D.C. Bar No. 1631078)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com
wwaszmer@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*