# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Google LLC, <br><br> Defendant. | Case No. 1:20-cv-03010-APM <br><br> HON. AMIT P. MEHTA |

| | |
|---|---|
| State of Colorado, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Google LLC, <br><br> Defendant. | Case No. 1:20-cv-03715-APM <br><br> HON. AMIT P. MEHTA |

### DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE, TESTIMONY OR ARGUMENT CONCERNING ABANDONED CONDUCT ALLEGATIONS

Because both sets of Plaintiffs abandoned any theory of liability based on an array of conduct alleged in their Complaints at Summary Judgment, Google moves to preclude Plaintiffs from adducing evidence, testimony or argument at trial that (i) Google's Android Compatibility Commitments ("ACCs") or Anti-Fragmentation Agreements ("AFAs"); (ii) Google's Assistant or Internet of Things ("IoT") practices; or (iii) Google's Android design decisions (collectively the "Abandoned Conduct") comprise anticompetitive or exclusionary conduct.

**BACKGROUND**

Both the DOJ Plaintiffs and Colorado Plaintiffs (collectively "Plaintiffs") at Summary Judgment abandoned any claim of liability based on three broad categories of conduct that featured in their Complaints or discovery responses. The Abandoned Conduct concerns (i) Google's ACCs and AFAs; (ii) Google's Assistant and IoT-related practices; and (iii) Google's (a) release of certain services through proprietary licenses rather than including them as part of Android operating system open-source releases and (b) Google's decisions respecting investment in, or how or whether to include in open-source Android releases, early open-source Android applications ((iii)(a) and (b) comprising Google's "Android Design Decisions").[1]

Google's Summary Judgment Motion demonstrated that Plaintiffs failed to adduce evidence that any of this conduct has had any anticompetitive effects in Plaintiffs' alleged search markets. Plaintiffs' Summary Judgment Oppositions offered no argument that these categories of conduct comprise exclusionary or anticompetitive conduct in response. Indeed, specifically abandoning any such contention, Plaintiffs conceded that the *only* Android conduct they challenge concerned Google Search "Distribution Agreements," which Plaintiffs defined as Mobile Application Distribution Agreements ("MADAs") and Revenue Sharing Agreements ("RSAs").[2] The DOJ Plaintiffs' COMF advanced no evidence or argument that the three categories of conduct

---

[1] The Abandoned Conduct is covered in more detail in Defendant's Memorandum of Points and Authorities in Support of its Motion for Summary Judgment ("SJ Mot."), ECF 422, at 43-50, and in Defendant's Reply in Support of Defendant's Motion for Summary Judgment ("SJ Reply"), ECF 522, at 28-30.

[2] *See* DOJ Plaintiffs' Memorandum in Opposition to Defendant Google's Motion for Summary Judgment ("SJ Opp."), ECF 476, at 3-4, 18, 30-33, 45-47, 50 n.21; DOJ Plaintiffs' Counterstatement of Material Facts ("COMF"), ECF 568-1 ¶ 468 n.2 (defining the Android "Distribution Agreements" challenged to include *only* MADAs and RSAs). The Colorado Plaintiffs adopted the DOJ Plaintiffs' positions concerning Android. SJ Opp. at 1 n.1.

comprise exclusionary conduct or have had anticompetitive effects in search.[3] Thus, as Google pointed out in its Summary Judgment Reply, "'Plaintiffs [have] forfeited'" any "'argument'" that these categories of conduct form a basis for liability. SJ Reply at 28 (quoting *Momenian v. Davidson*, 2020 WL 999204, at *8 (D.D.C. Mar. 1, 2020) (granting summary judgment)).

Plaintiffs ratified forfeiture of the Abandoned Conduct at the April 13, 2023 Summary Judgment hearing. Google's counsel specifically invited Plaintiffs to explain their position on these categories of conduct, noting that the "Android Compatibility Agreements, Design Decisions, [and] Google Assistant and IoT conduct . . . appears to have disappeared for purposes of summary judgment" and that "we don't understand [Plaintiffs'] briefs as continuing to maintain any claims over that." SJ Mot. Tr., ECF 580, at 15:11-17. Plaintiffs' counsel—during the full day of oral argument—endorsed their disappearance by declining to dispute Google's contention. Nonetheless, Plaintiffs' trial exhibit lists contain documents concerning the Abandoned Conduct, and Plaintiffs' experts purport to offer opinions pertaining to them. Google accordingly brings this Motion to exclude evidence, testimony or argument concerning the Abandoned Conduct at trial.

## ARGUMENT

Plaintiffs' forfeiture of the Abandoned Conduct warrants streamlining the trial to preclude Plaintiffs from adducing evidence, testimony or argument that those three categories of conduct— AFA/ACC, Assistant/IoT practices, or Android Design Decisions—comprise anticompetitive or exclusionary conduct.

Motions *in limine* serve *inter alia* to "narrow the evidentiary issues for trial." *Graves v.*

---

[3] *See also* SJ Reply at 28-30 & n.9 (summarizing Plaintiffs' abandonment and COMF). The same is true of the Colorado Plaintiffs, who mentioned AFAs/ACCs merely in passing in their analog to DOJ's COMF, and not at all in their separate brief. *See* Colo. Pls.' SMF, ECF 465-1 ¶¶ 45-46.

*District of Columbia*, 850 F. Supp. 2d 6, 10 (D.D.C. 2011) (*quoting Bradley v. Pittsburgh Bd. of Educ.,* 913 F.2d 1064, 1070 (3d Cir. 1990)). They are appropriate in bench trials. *See, e.g., America v. Mills*, 2010 WL 11590714, at *2 (D.D.C. Feb. 9, 2010) (granting in part motion *in limine* in bench trial); *Barry v. Trustees of Int'l Ass'n Full-Time Salaried Officers & Emps. of Outside Loc. Unions & Dist. Couns.'s (Iron Workers) Pension Plan*, 467 F. Supp. 2d 91, 101, 107 (D.D.C. 2006) (same).

Here, granting the proposed relief to narrow the evidentiary presentation at trial to exclude evidence, testimony or argument concerning the Abandoned Conduct is particularly appropriate. This Court has made clear that each side will have limited presentation time for this bench trial and has urged the parties not to submit or elicit duplicative or irrelevant evidence. While Plaintiffs discarded any theory of liability based on the Abandoned Conduct, Plaintiffs' initial exhibit lists still contain dozens of exhibits pertaining to these agreements and conduct, and certain of their experts have indicated in their reports that they may opine on the Abandoned Conduct.[4] Given Plaintiffs' "forfeit[ure]," *Momenian*, 2020 WL 999204, at *8, it would be a waste of the Court's limited time to entertain evidence, testimony or argument on the Abandoned Conduct at trial; and Google should not be put in the position of having to prepare both its fact and expert witnesses to defend conduct that Plaintiffs no longer premise liability upon.

Accordingly, just as in other cases where courts have granted motions *in limine*, because Plaintiffs "abandoned" basing liability on the Abandoned Conduct, this Court should grant the proposed relief here to promote efficient use of the Court's and witnesses' time. *Stiffarm v. City*

---

[4] Illustrative exhibits concerning the Abandoned Conduct from Plaintiffs' exhibit lists are attached as Exhibit 1. Plaintiffs' experts Professor Whinston, Professor Baker, and Mr. Davies all purport to have opinions pertaining to various aspects of the Abandoned Conduct. As a result, Google retained experts to counter these opinions, including Professor Wilcox, and Google anticipates that multiple Google fact witnesses will address the Abandoned Conduct unless this Motion is granted.

*of Pullman*, 2007 WL 9717343, at *3 (E.D. Wash. Mar. 6, 2007) (granting motion *in limine* "[g]iven Plaintiff's abandonment of th[e] argument" at issue); *see also e.g.*, *Fallon v. Potter*, 2008 WL 5395984, at *2 (M.D. La. Dec. 23, 2008) (granting motion *in limine* to "exclude any and all evidence regarding plaintiff's abandoned claims"); *Greenfield v. Sears, Roebuck & Co.*, 2006 WL 2927546, at *5 (E.D. Mich. Oct. 12, 2006) (granting motion *in limine* because "the abandoned . . . claims are irrelevant"); *Gillis v. Murphy-Brown, LLC*, 2018 WL 5834689, at *1 (E.D.N.C. Nov. 6, 2018) (granting motion *in limine* because "evidence of dismissed and abandoned claims . . . is not relevant"). Simply put, "Plaintiff[s] need not introduce evidence regarding abandoned" theories. *Fallon*, 2008 WL 5395984, at *2.

## CONCLUSION

For the foregoing reasons, the Court should enter the Proposed Order granting Defendant's Motion *In Limine* to Preclude Evidence, Testimony or Argument Concerning Abandoned Conduct Allegations.

Dated: August 1, 2023                                  Respectfully submitted,

                                                                                   WILLIAMS & CONNOLLY LLP

                                                                                    By: */s/ John E. Schmidtlein*
                                                                                    John E. Schmidtlein (D.C. Bar No. 441261)
                                                                                    Benjamin M. Greenblum (D.C. Bar No. 979786)
                                                                                    Colette T. Connor (D.C. Bar No. 991533)
                                                                                    680 Maine Avenue, SW Washington, DC 20024
                                                                                    Tel: 202-434-5000
                                                                                    jschmidtlein@wc.com
                                                                                    bgreenblum@wc.com
                                                                                    cconnor@wc.com

                                                                                  WILSON SONSINI GOODRICH & ROSATI P.C.
                                                                                  Susan A. Creighton (D.C. Bar No. 978486)
                                                                                  Franklin M. Rubinstein (D.C. Bar No. 476674)
                                                                                  Wendy Huang Waszmer (D.C. Bar No. 1631078)
                                                                                  1700 K Street, NW
                                                                                  Washington, DC 20006

Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com
wwaszmer@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*