UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>                        Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br>                        Defendant. | Case No. 1:20-cv-03010-APM<br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*,<br><br>                        Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br>                        Defendant. | Case No. 1:20-cv-03715-APM<br>HON. AMIT P. MEHTA |

### DECLARATION OF PATRICK CHANG

I, Patrick Chang, declare, pursuant to 28 U.S.C. § 1746, as follows:

1.    I understand that the U.S. Department of Justice-led plaintiffs ("DOJ Plaintiffs") and the State of Colorado-led plaintiffs ("Colorado Plaintiffs") (collectively, "Plaintiffs") in the above-captioned actions have issued non-party trial subpoenas (the "Subpoenas") seeking my presence as a witness at trial. I submit this declaration in support of my and Samsung Next LLC's ("Samsung Next") Motion to Quash the Subpoenas. I have personal knowledge of the facts contained herein, and, if called as a witness, I could and would testify competently thereto.

2.    I understand the DOJ Plaintiffs filed a lawsuit against Google LLC ("Google") in October 2020 alleging antitrust claims related to Google's online search business. I understand

the Colorado Plaintiffs filed a lawsuit against Google in December 2020 alleging antitrust claims related to Google's online search business.

3. Neither I, my former employer, Samsung Next, or any other Samsung entity are parties to either lawsuit.

4. I have never been an employee or representative of any Samsung entity other than Samsung Next.

5. I have never been an employee or representative of Google or any other party in the above-captioned actions.

6. Since 2013, I have resided and worked in the San Francisco, California area.

7. Between November 2014 and January 2021, I was employed as a Principal and Director at Samsung Next, which is a Samsung entity based in the San Francisco-area that focuses on investing in early stage and startup technology companies. My responsibilities included identifying investment opportunities that met Samsung Next's investment strategies and objectives; conducting due diligence, financial analyses, and negotiations for potential and consummated transactions; managing Samsung Next's investments in portfolio companies; and creating value for all stakeholders in Samsung Next's portfolio companies by partnering with founders and management teams to develop and implement operational and financial strategies, leverage Samsung Next's expertise and resources, and implement best business and corporate governance practices. During my employment with Samsung Next, the company did not sell products that use the Android operating system or include the Google suite of services because its mandate was to invest in early stage and start up technology companies.

8. In January 2021, I left my employment with Samsung Next but continued to serve as an investment consultant until approximately April 2021.

9. In 2022, I founded my own venture capital firm, Dispersion Capital, which is a San Francisco-area based firm that focuses on providing pre-seed and seed-stage funding to web3, crypto, and blockchain technology companies. In addition to being the founder, I serve as the firm's Chief Executive Officer.

10. In my role as founder and CEO, I am heavily involved in all aspects of the firm's business, including recruiting and managing personnel, fundraising and investor relations, developing and implementing investment strategies, identifying and executing on investment opportunities, conducting due diligence, financial analyses and negotiations for potential and consummated transactions, managing investment funds, and advising and assisting portfolio companies. Consequently, my responsibilities demand long hours and often require me to work seven days a week.

11. For example, my firm recently launched its initial investment fund in May 2023, which is a $40 million fund that already has active investments in over 20 portfolio companies. Given the importance of this initial fund to my firm's future, my team and I are investing huge amounts of time on ensuring that the fund performs strongly and meets our investors' objectives, especially given the recent challenges that the technology sector has faced.

12. As the founder and CEO of a startup venture capital firm, my compensation is not guaranteed and is entirely dependent on the performance of the firm and its investments. My family is dependent on the ultimate compensation that I receive from my firm because I am the sole breadwinner and because my compensation serves as our primary source of income.

13. I was deposed in the above-captioned actions on April 21, 2022 even though I had ceased being a Samsung Next employee for more than a year prior to the deposition. I invested significant time preparing and sitting for this deposition.

14. My videotaped deposition was attended by counsel for Plaintiffs and Google. During my deposition, I was questioned extensively by counsel for both Plaintiffs and Google on topics I understand to be related to the claims and defenses in the above-captioned actions. I answered every question to the best of my ability and have no additional information to add on any of the questions posed or any matters that I understand may be relevant to Plaintiffs' claims and Google's defenses.

15. I understand that Plaintiffs have subpoenaed me to appear at the upcoming trial in the above-captioned actions, which they have indicated will commence on September 12, 2023 and will continue to at least November 15, 2023. My ability to prepare for and attend trial in Washington, D.C. will be complicated by the fact that I and my family reside in San Francisco, as well as the fact that I will be traveling for work in Asia between September 4 and 22, 2023 and Europe between October 20 and 25, 2023.

16. If I am required to comply with the Subpoenas, I, as well as my family, firm, investors, and portfolio companies, will be subjected to significant burden because I will be forced to be thousands of miles away from home and to shift significant time and focus from my work duties to prepare for and attend trial. The burden imposed by the Subpoenas will be heightened by the fact that my firm is a startup firm in a highly dynamic and competitive industry and is in the middle of launching its initial investment fund.

17. I understand that Plaintiffs plan to call me as a witness the week of September 25 2023. The fact that Plaintiffs intend to call me as a witness only a few days after I return from an extended trip in Asia will significantly add to the complexity and burden of my having to comply with the Subpoenas.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 17 day of August 2023.

Patrick Chang