# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| GOOGLE LLC, | |
| Defendant. | |
| STATE OF COLORADO, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| GOOGLE LLC, | |
| Defendant. | |

**PLAINTIFF STATES' OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE CONCERNING MICROSOFT CORP.'S PURPORTED ESTIMATE OF REVENUE FROM SEM TOOL FEATURE DEVELOPMENT**

███████████

## **TABLE OF CONTENTS**

BACKGROUND ............................................................................................................ 3

ARGUMENT ................................................................................................................. 8

    A.   Plaintiff States Will Establish a Foundation for the Challenged Evidence Through Designated and Live Testimony................................................................................. 9

    B.   The Challenged Evidence is Relevant and Non-Speculative............................................ 10

    C.   The Challenged Evidence is Not Inadmissible Hearsay .................................................. 12

    D.   Google's Requested Relief is Overbroad........................................................................ 13

CONCLUSION............................................................................................................. 13

# TABLE OF AUTHORITIES

**CASES**

*Attakora v. District of Columbia*, No. CV 12-1413,
2015 WL 7428530 (D.D.C. Nov. 20, 2015)...................................................... 13

*Davis v. Bud and Papa, Inc.*, 885 F. Supp. 2d 85 (D.D.C. 2012)........................................... 9

*DL v. District of Columbia*, 820 F. Supp. 2d 27 (D.D.C. 2011)........................................... 11

*Graves v. District of Columbia*, 850 F. Supp. 2d 6 (D.D.C. 2011) ........................................ 9

*Klotzbach-Piper v. Nat'l R.R. Passenger Corp.*,
636 F. Supp. 3d 73 (D.D.C. 2022) ...................................................... 10

*United States ex rel Morshell v. NortonLifeLock, Inc.*,
567 F. Supp. 3d 248 (D.D.C. 2021) ...................................................... 11

*United States v. Baker*, 693 F.2d 183 (D.C. Cir. 1982) ...................................................... 13

*United States v. Fahnbulleh*, 752 F.3d 470 (D.C. Cir. 2014) ............................................... 12

*United States v. Gurr*, 471 F.3d 144 (D.D.C. 2006)........................................................... 12

*United States v. Mock*, No. 21-CR-444 (JB),
2023 WL 3844604 (D.D.C. June 6, 2023) .......................................... 8

*United States v. Vasquez*, No. 21-CR-597,
2023 WL 4488910 (D.D.C. July 12, 2023)...................................... 12

**RULES**

FED. R. CIV. P. 803.............................................................................................. 2, 12

FED. R. EVID. 602................................................................................................. 9

FED. R. EVID. 701................................................................................................. 9, 11

**OTHER AUTHORITIES**

STEPHEN A. SALTZBURG, FEDERAL RULES OF EVIDENCE MANUAL
§ 103.02[13] (9th ed. 2006)............................................................... 9

Plaintiff States submit this memorandum in opposition to Defendant Google LLC's ("Google") motion *in limine*, Dkt. 621, to exclude three internal Microsoft emails that discuss Microsoft's projection of its future lost revenue due to Google's decision not to integrate support for several key Microsoft Ads features into Google's SA360 advertising tool.  Google also moves to exclude all testimony about the lost revenue projection, including from the Microsoft employees who are the senders and recipients of the documents.

Google's motion should be denied.  As the Court explained in its summary judgment decision, evidence that Microsoft lost ████████████ dollars per year due to Google's disparate support for SA360 features raises "a genuine dispute of material fact as to anticompetitive effects in the alleged markets" and "Google's effort to discount this evidence goes to its weight."  Summary Judgment Memorandum Opinion, Dkt. 624, at 56 ("SJ Dec.").  Google's central argument in seeking to exclude this evidence is that it lacks foundation because there is "no explanation" of what the numbers represent or how they were calculated.  Not so.  Microsoft's lost revenue projections and how they were calculated is apparent from the face of the documents themselves, is further supported by the deposition testimony of the Microsoft employees on the email chains, and will be bolstered further by testimony from Microsoft employees that Plaintiff States expect to elicit at trial.

Google's arguments that the challenged evidence is speculative or irrelevant fare no better. Again, the basis for Microsoft's projections is set forth in the documents themselves and in testimony from the Microsoft employees who sent the challenged documents, which belies Google's claim that the documents are speculative.  In addition, the validity of the challenged revenue projections is demonstrated by another projection that Microsoft conducted a year later using similar inputs and yielding similar results.  Google does not challenge this later projection

as speculative or for any other reason.  As to relevance, the Court recognized at summary judgment that it is clearly relevant if Google's conduct caused significant financial harm to Microsoft, its chief competitor.

The Court also should reject Google's argument that evidence of Microsoft's lost revenue projections are inadmissible hearsay.  Plaintiff States intend to offer testimony, either by designation or live, from each Microsoft employee that sent *every email* on each of the three challenged email chains.  Those witnesses have personal knowledge of the documents and their contents, including what the numbers in Microsoft's lost-revenue calculation represent and how they were calculated.  Google is thus wrong when it claims that the challenged emails are inadmissible hearsay because they contain "statements being offered for the truth of the matters asserted that are made by individuals who have not testified, and will not testify at trial."  In addition, the challenged documents are admissible under the business records hearsay exception. *See* Federal Rule of Evidence 803(6).  Plaintiff States expect to elicit through witness affidavit and live testimony that the challenged documents satisfy all of Rule 803(6)'s prerequisites.

Finally, Google's requested relief of complete exclusion is overbroad. Google argues that the challenged documents should not be admitted for the purpose of establishing the truth of the revenue projections contained in the documents, but Plaintiff States also intend to offer these documents for other, uncontested purposes for which the documents should be admitted.

The challenged evidence is admissible and is part of the mosaic of evidence showing that Google used SA360 to harm its leading rival.  The evidence will show that Google integrated SA360 support for Google Ads auction-time bidding *four years ago*, in September 2019, and has still not done so for the same Microsoft Ads feature.  Plaintiff States' Summary Judgment Statement of Material Facts ("SMF"), Dkt. 465-1, at ¶¶ 107, 111.  Over ███ of SA360 ad spend

on Google Ads is run with auction-time bidding, whereas all spend on Microsoft Ads is run on less efficient intraday bidding.  *Id.* ¶¶ 103, 106.  Google's own documents show that auction-time bidding results in a 15-30% increase in conversions and ad revenue, was ██████████████ ██████████████████████████████████ and Google was ████████████████ ████████████████████████████████████████████████████ ████████████████████████████ *Id.* ¶ 104; Ex. 1 (GOOG-DOJ-24807903) at -904.  Skai, a competing SEM tool, began supporting Microsoft Ads auction-time bidding over *three years ago*, and ████████████████████████████████████████.  *Id.* ¶¶ 112-13. Further, Google decided not to prioritize integrating Microsoft Ads auction-time bidding into SA360 ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████  *Id.* ¶¶ 105, 109, 110, 115.  Unsurprisingly, major advertisers expressed concern that Google's operation of SA360 is ████████████ and that it is an ████████████ resulting in less efficient ad spending.  *Id.* ¶¶ 100, 121.

**BACKGROUND**

The challenged evidence concerns the impact of Google's decision to favor its own ads over Microsoft's ads in the operation of SA360, thus harming competition.  As the Court explained in its summary judgment decision, and as Plaintiff States will prove at trial, "[h]istorically, SA360 has supported more features on Google Ads than Microsoft Ads, meaning users of SA360 could buy ads more efficiently on Google Ads than Microsoft Ads."  SJ Dec. at 19.  ████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████  *Id.* (internal brackets and quotations omitted).

███████████████████████████████ Dkt. 436-7 (Google SJ Ex. 87) at -311 to -313.

Google either delayed support for, or failed to support, many of those priority features, including auction-time bidding, dynamic search ads, responsive search ads, and local inventory ads.  SJ Dec. at 19.

The three challenged emails evidence Microsoft's mounting concerns in April and May 2020, at which time Google was refusing to develop SA360 support for the priority Microsoft Ads features.  In the face of Google's stonewalling, Microsoft employees sought to project the future revenue that would be lost as a result of SA360 customers having access to these key features while placing ads on Google Ads, but not on Microsoft Ads.

Specifically, in April 2020, ██████████████████████████████

██████████████████████████████████████████████

Google Mot. Ex. C, Dkt. 621-3 ("Google Ex. C").  ████████████████████████

██████████████████████████ :

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████



*Id.*

*Id.*

Ex. 2 (        Tr.) 179:20-25.

*Id.* at 180:24, 182:1-10.

Google Ex. C.

. *Id.*

. *Id.*

�â–ˆâ–ˆâ–ˆâ–ˆâ–ˆâ–ˆâ–ˆâ–ˆâ–ˆâ–ˆâ–ˆâ–ˆâ–ˆâ–ˆâ–ˆâ–ˆâ–ˆâ–ˆâ–ˆâ–ˆ

████████████████  *See* Google Mot. Ex. B, Dkt. 621-2 ("Google Ex. B").  ████████████

████████████████████████████████████████

████████████████████████████████████████

████████  *Id.* at -328.  ████████████████████████

████████████████████████████████████████. *Id.*

████████████████████████



████████████████████████████████

████████  *Id.*  ████████████████████████████

████████████████████████████████████████

████████.[1] *Id.*  ████████████████████████

████████████████████████████████████████

████████████████████████████████████ *Id.*

████████████████████████████████████ *Id.*

---

[1] "RPM" is a digital advertising term that means the ad revenue generated per thousand impressions.  *See* Ad RPM, Google AdSense Help, *available at* https://support.google.com/adsense/answer/112032?hl=en (last visited Aug. 15, 2023).



*Id.* at -327.

*Id.*

Ex. 2 (⬛ Tr.) 176:20-178:2.

Google Ex. B at -327.

*Id.* at -326.

Ex. 3 (⬛ Tr.) 229:13-25.

Google Ex. B at -326.

*Id.*

. Ex. 4 (⬛ Tr.)
123:6-23.

The testimony from ⬛ is also corroborated by

testimony from ██████████████████████████████████████████

████████████████  ██████████████████████████████████  Ex.

5 (██████  Tr.) 263:7-264:24.  ██████████████████████

███████████████████████████████████████████████████████

████████████████████  *Id.* at 241:2-5.

A year later, in March 2021, Microsoft conducted another projection of lost revenue due

to the SA360 feature disparity.  ██████████████████████████████

██████████████████████████  *See* Ex. 6 (MSFT-LIT-0000028704);

Ex. 7 (MSFT-LIT-0000028703); Ex. 8 (MSFT-LIT-0000004236).  The 2021 analysis relied on

similar inputs and assumptions as the prior projections by ████████████████, and it

yielded similar results.  ████████████████████████████████

██████████████████████████████████████████.  Ex. 8 (MSFT-LIT-

0000004236) at -237.  ████████████████████████████████████  *Id.*

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████  *Id.* at -236.

## ARGUMENT

Google asks the Court to exclude the April 2020 email and two iterations of the May 2020

email, as well as witness testimony about those emails.  *See* Google Mot. Exs. A-C, Dkts. 621-1,

621-2, 621-3.  "The court has broad discretion in rendering evidentiary rulings, which extends to

the threshold question of whether a motion *in limine* presents an evidentiary issue that is

appropriate for ruling in advance of trial." *United States v. Mock*, 2023 WL 3844604, at *1 (D.D.C.

June 6, 2023) (internal quotations and ellipses omitted).  "The trial judge has the 'discretion to rule

*in limine* or to await developments at trial before ruling.'" *Graves v. District of Columbia*, 850 F. Supp. 2d 6, 11 (D.D.C. 2011) (quoting STEPHEN A. SALTZBURG, FEDERAL RULES OF EVIDENCE MANUAL § 103.02[13] (9th ed. 2006)). "In some instances it is best to defer rulings until trial, when decision can be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole." *Id.* (internal brackets omitted).

Google contends that the challenged emails and related testimony lack foundation, are speculative or irrelevant, and constitute inadmissible hearsay.[2]  Google is wrong on all counts. The challenged documents and related testimony are admissible evidence, with a clear foundation established through witness testimony.  The documents do not contain inadmissible hearsay because they will be admitted through witnesses with personal knowledge of their contents, and in any event fall within the business records hearsay exception.

## A.   Plaintiff States Will Establish a Foundation for the Challenged Evidence Through Designated and Live Testimony

First, Google's claim that the challenged documents lack foundation is meritless. Establishing foundation based on personal knowledge is "not a particularly high bar," as lay witness testimony "need only be 'rationally based on the witness's perception.'" *Davis v. Bud and Papa, Inc.*, 885 F. Supp. 2d 85, 91 (D.D.C. 2012) (quoting Fed. R. Evid. 701(a)). "Evidence to prove personal knowledge may consist of the witness's own testimony."  Fed. R. Evid. 602.

There is ample evidence that the information contained in the three challenged emails is within the personal knowledge of the several Microsoft employees whose testimony Plaintiff States intend to offer at trial.  As to the April 2020 email, ███████ describes in the email itself

---

[2] Google raises more objections to these exhibits in the present motion than in its initial objections to Plaintiff States' exhibits, which Google served on July 18.  In that submission, Google only challenged the three documents as "speculation"; there were no objections on the basis of foundation, relevance, or hearsay.

the basis for his initial projection of ████████████ lost revenue per year and the basis for why

that amount would increase to ████████████.   Google Ex. C at -255.   ████████ further

explained these calculations at his deposition, all of which was within his personal knowledge.

*Supra* at 5.

Likewise, ████████████ includes the exact formula for his lost-revenue calculation in his

May 2020 email to ████████████████.   Google Ex. B at -328; *see also* Google Ex. A, Dkt.

621-1, at -226.   ████████████ then relied on ████████ prior calculation, and explains both in

the email and in his testimony how he used that calculation to arrive at an estimated ████████████

in lost revenue.   Google Ex. B at -326; *supra* at 6-7.   These lost revenue projections are further

supported by testimony from ████████████████████, who confirmed that ████████ had

prepared estimates of future lost revenue due to the SA360 feature disparity, which ████████ had

found to be ████████████████.   *Supra* at 7-8.

All of this is evidence from witnesses with personal knowledge of Microsoft's lost revenue

analyses and their conclusions.   That is all that is required to establish a foundation for admission

of the challenged documents and testimony.

In addition, Plaintiff States expect to offer live testimony at trial from Microsoft witnesses

to further establish the foundation for the challenged emails.   Google's motion is thus at best

premature, as it seeks to exclude documents and related testimony before Plaintiff States have had

the opportunity to adduce testimony regarding foundation at trial.   *See Klotzbach-Piper v. Nat'l*

*R.R. Passenger Corp.*, 636 F. Supp. 3d 73, 91-92 (D.D.C. 2022) (deferring decision on a motion

to exclude testimony and permitting plaintiff to establish foundation for personal knowledge of

the relevant information through trial testimony).

**B.     The Challenged Evidence is Relevant and Non-Speculative**

Google next contends that the challenged emails are speculative and irrelevant.   The

documents are not speculative because the basis for the lost revenue calculations is described in the documents themselves and further explained by the Microsoft employees in their testimony. While it is true that the revenue projections are necessarily inexact, that "goes to the weight of the evidence, not its admissibility." *DL v. District of Columbia*, 820 F. Supp. 2d 27, 30 (D.D.C. 2011) (denying speculation objection on this basis); *see also United States ex rel Morshell v. NortonLifeLock, Inc.*, 567 F. Supp. 3d 248, 274 (D.D.C. 2021) ("A motion *in limine* should not be used to resolve factual disputes or weigh evidence."). The Court recognized as much at summary judgment, explaining that "Google's effort to discount this evidence goes to its weight." SJ Dec. at 56. Plaintiff States are offering this estimate to show the causal impact to competition, not a precision number for a damages calculation. The very nature of Microsoft's regular business practice was to make estimates about future revenue for the purpose of real time decision-making. *See* Ex. 4 (███ Tr.) 123:17-124:6. Such estimates are the basis for many business decisions and the executives who used them were fully aware that exact projections are "difficult." *Id*. The Court can weigh the evidence as much as Microsoft did when it created the projections.

Moreover, Google's claim that the 2020 revenue analysis is speculative is undermined by the fact that Microsoft performed another revenue analysis a year later, which was based on similar inputs, yielded similar results ███████████████████████████████████ ████████████████████████████████ and was supported by robust backup. *Supra* at 8 (citing Exs. 6-8). Notably, Google has not challenged the admissibility of that later analysis as speculative or for any other basis.

The challenged documents are also clearly relevant and "helpful . . . to determining a fact in issue." Fed. R. Evid. 701(b). As the Court recognized in its summary judgment decision, evidence that Microsoft lost revenue due to lack of feature support—including the projections of

lost revenue in the documents specifically challenged here—raise important factual issues to be decided at trial.  SJ Dec. at 56.

## C.     The Challenged Evidence is Not Inadmissible Hearsay

Next, Google argues that the three challenged documents and related testimony are inadmissible hearsay because they are "statements being offered for the truth of the matters asserted that are made by individuals who have not testified, and will not testify."  Google Mot. at 10.   This is incorrect.   The three challenged documents include emails sent by ██████

██████████████████—and no one else.  *All of these witnesses are testifying at trial*, either live or by designation.  And as described above, these witnesses have personal knowledge of the information contained in the three documents, making them competent witnesses to describe the email communications and the projections they contain.  *Supra* at 4-8.

Google's focus on the fact that the analysis may have been initially performed by another Microsoft employee is a red herring. What matters is that the testifying employees reviewed and understood the analyses and have personal knowledge of their substance and conclusions, as demonstrated by the documents themselves and the witnesses' testimony.

In the alternative, the documents are admissible as business records.  Plaintiff States intend to introduce evidence to satisfy all of Rule 803(6)'s requirements: These documents and the analyses they contain were made at or near the time by someone with knowledge, they are a regular activity and kept in the ordinary course by Microsoft, and Google has not shown they lack trustworthiness. *United States v. Vasquez*, 2023 WL 4488910, at *2 (D.D.C. July 12, 2023); *see also id.* (the proponent of a business record "need not have personal knowledge of the actual creation of the document" (quoting *United States v. Fahnbulleh*, 752 F.3d 470, 479 (D.C. Cir. 2014))); *United States v. Gurr*, 471 F.3d 144, 152 (D.D.C. 2006) (evidence properly admitted pursuant to Rule 803(6) if "the source and recorder of the information, as well as every other

participant in the chain producing the record, are acting in the regular course of business") (quoting *United States v. Baker*, 693 F.2d 183, 188 (D.C. Cir. 1982)).

Again, at a minimum, Google's effort to exclude highly relevant evidence on the basis of hearsay is premature since Plaintiff States have not had the opportunity to introduce evidence to further establish the documents' admissibility.  *See Attakora v. District of Columbia*, 2015 WL 7428530, at *2 (D.D.C. Nov. 20, 2015) (denying pre-trial motion to exclude evidence and permitting plaintiff to "introduce the exhibits at issue if he lays the proper foundation for their admission under the business records exception").

**D.    Google's Requested Relief is Overbroad**

Finally, Google's requested relief—complete exclusion of the three documents—is overbroad.  Plaintiff States intend to offer the documents for additional reasons beyond proving "alleged harm in the amount of the revenue estimate," which is the only basis on which Google claims they are inadmissible.  Google Mot. at 10.  For example, Plaintiff States intend to offer the documents to show that Microsoft had contemporaneous concerns about the lack of support for the several key features, was discussing these concerns internally over the course of several years, and escalated the anticipated impact of the feature disparity to senior management, ███████████ ████████████████████████.  Google does not argue it would be improper to admit the documents for these or any other purpose.  Therefore, Plaintiff States respectfully request that any relief given to Google be narrowly tailored to its limited objection to the challenged evidence.

## CONCLUSION

For the reasons explained herein, the Court should deny Google's motion *in limine*.

Dated: August 15, 2023

Respectfully submitted,

FOR PLAINTIFF STATE OF COLORADO

Jonathan B. Sallet
Special Assistant Attorney General

*/s/ Jonathan B. Sallet*
Jonathan B. Sallet, DC Bar No. 336198
Steven M. Kaufmann, DC Bar No. 1022365 (inactive)
Carla Baumel
Elizabeth W. Hereford
Conor J. May
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
E-Mails: Jon.Sallet@coag.gov
        Steve.Kaufmann@coag.gov
        Carla.Baumel@coag.gov
        Elizabeth.Hereford@coag.gov
        Conor.May@coag.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
Suite 2200
New York, NY 10036-6710
Telephone: (212) 335-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Colorado*

14

FOR PLAINTIFF STATE OF NEBRASKA

Joseph M. Conrad
Assistant Attorney General
Colin P. Snider
Assistant Attorney General
Matthew K. McKinley
Special Assistant Attorney General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-3840
E-Mails: Joseph.Conrad@nebraska.gov
          Colin.snider@nebraska.gov
          Matt.Mckinley@nebraska.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
Suite 2200
New York, NY 10036-6710
Telephone: (212) 335-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Nebraska*

FOR PLAINTIFF STATE OF ARIZONA

Robert A. Bernheim, Unit Chief Counsel
Arizona Office of the Attorney General
400 West Congress, Ste. S-315
Tucson, Arizona 85701
Telephone: (520) 628-6507
E-Mail: Robert.bernheim@azag.gov

*Counsel for Plaintiff State of Arizona*

FOR PLAINTIFF STATE OF IOWA

Noah Goerlitz, Assistant Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St., 2nd Floor
Des Moines, IA 50319
Telephone: (515) 725-1018
E-Mail: Noah.goerlitz@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

FOR PLAINTIFF STATE OF NEW YORK

Elinor R. Hoffmann
Morgan J. Feder
Michael Schwartz
Office of the Attorney General of New
York
28 Liberty Street, 21st Floor
New York, NY 10005
Telephone: (212) 416-8513
E-Mails: Elinor.hoffmann@ag.ny.gov
         Morgan.feder@ag.ny.gov
         Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff State of New York*

FOR PLAINTIFF STATE OF
TENNESSEE

J. David McDowell
Chris Dunbar
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville.TN 37202
Telephone: (615) 741-8722
E-Mails: David.McDowell@ag.tn.gov
         Chris.Dunbar@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*

FOR PLAINTIFF STATE OF ALASKA

Jeff Pickett
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5100
E-Mail: Jeff.pickett@alaska.gov

*Counsel for Plaintiff State of Alaska*

FOR PLAINTIFF STATE OF NORTH CAROLINA

Kunal Janak Choksi
Joshua Daniel Abram
Jonathan R. Marx
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6000
E-Mails: kchoksi@ncdoj.gov
         jabram@ncdoj.gov
         jmarx@ncdoj.gov
         jsutton2@ncdoj.gov

*Counsel for Plaintiff State of North Carolina*

FOR PLAINTIFF STATE OF UTAH

Scott R. Ryther
Tara Pincock
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 142320
Salt Lake City, Utah 84114
Telephone: (385) 881-3742
E-Mail: sryther@agutah.gov
        tpincock@agutah.gov

*Counsel for Plaintiff State of Utah*

FOR PLAINTIFF STATE OF CONNECTICUT

Nicole Demers
Office of the Attorney General of Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Telephone: (860) 808-5202
E-Mail: Nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

16

FOR PLAINTIFF STATE OF
DELAWARE

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 577-8924
E-Mail: Michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*


FOR PLAINTIFF TERRITORY OF
GUAM

Fred Nishihira, Chief, Consumer Protection
Division
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Telephone: (671) 475-3324

*Counsel for Plaintiff Territory Guam*

FOR PLAINTIFF STATE OF IDAHO

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. State St., 2nd Floor
P.O. Box 83720
Boise, ID 83720
Telephone: (208) 334-4114
E-Mails: Brett.delange@ag.idaho.gov
                John.olson@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

FOR PLAINTIFF DISTRICT OF COLUMBIA

Elizabeth Gentry Arthur
Office of the Attorney General for the District of
Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 724-6514
E-Mail: Elizabeth.arthur@dc.gov

*Counsel for Plaintiff District of Columbia*


FOR PLAINTIFF STATE OF HAWAI'I

Rodney I. Kimura
Department of the Attorney General, State of Hawai'i
Commerce & Economic Development
425 Queen Street
Honolulu, HI 96813
Telephone (808) 586-1180
E-Mail: Rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff State of Hawai'i*

FOR PLAINTIFF STATE OF ILLINOIS

Elizabeth Maxeiner
Brian Yost
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
Telephone: (773) 590-7935
E-Mails: Elizabeth.maxeiner@ilag.gov
                Brian.yost@ilag.gov

*Counsel for Plaintiff State of Illinois*

FOR PLAINTIFF STATE OF KANSAS

Lynette R. Bakker
Kansas Office of the Attorney General
120 S.W. 10th Avenue., 2nd Floor
Topeka, KS 66612
Telephone: (785) 296-3751
E-Mail: Lynette.bakker@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

FOR PLAINTIFF STATE OF
MARYLAND

Schonette J. Walker
Gary Honick
Office of the Attorney General of Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Telephone: (410) 576-6480
E-Mails: swalker@oag.state.md.us
          ghonick@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

FOR PLAINTIFF STATE MINNESOTA

Zachary William Biesanz
Office of the Minnesota Attorney General
Consumer, Wage, and Antitrust Division
445 Minnesota Street, Suite 1400
St. Paul, MN 55101
Telephone: (651) 757-1257
E-Mail: Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

FOR PLAINTIFF STATE OF MAINE

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
August, ME 04333
Telephone: (207) 626-8800
E-Mail: Christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

FOR PLAINTIFF COMMONWEALTH
MASSACHUSETTS

William T. Matlack
Michael B. MacKenzie
Office of the Attorney General of Massachusetts
One Ashburton Place, 18th Fl.
Boston, MA 02108
Telephone: (617) 727-2200
E-Mails: William.matlack@mass.gov
          Michael.Mackenzie@mass.gov

*Counsel for Plaintiff State of Massachusetts*

FOR PLAINTIFF STATE OF NEVADA

Michelle Christine Newman
Lucas J. Tucker
Nevada Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
Telephone: (775) 684-1164
E-Mails: mnewman@ag.nv.gov
          ltucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

18

FOR PLAINTIFF STATE OF NEW
HAMPSHIRE

Brandon Garod
Office of Attorney General of New
Hampshire
33 Capitol Street
Concord, NH 03301
Telephone: (603) 271-1217
E-Mail: Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff State of New
Hampshire*

FOR PLAINTIFF STATE OF NEW
MEXICO

Judith E. Paquin
Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87504
Telephone: (505) 490-4885
E-Mails: jpaquin@nmag.gov
            ckhoury@nmag.gov

*Counsel for Plaintiff State of New Mexico*

FOR PLAINTIFF STATE OHIO

Jennifer Pratt
Beth Ann Finnerty
Mark Kittel
Office of the Attorney General of Ohio
30 E Broad Street, 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
E-Mails:
Jennifer.pratt@ohioattorneygeneral.gov
Beth.finnerty@ohioattorneygeneral.gov
Mark.kittel@ohioattorneygeneral.gov

*Counsel for Plaintiff State of Ohio*

FOR PLAINTIFF STATE OF NEW JERSEY

Isabella R. Pitt
Deputy Attorney General
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
Telephone: (973) 648-7819
E-Mail: Isabella.Pitt@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

FOR PLAINTIFF STATE NORTH DAKOTA

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust Division
Office of the Attorney General of North Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
Telephone: (701) 328-5570
E-Mail: ealm@nd.gov

*Counsel for Plaintiff State of North Dakota*

FOR THE PLAINTIFF STATE OKLAHOMA

Caleb J. Smith
Office of the Oklahoma Attorney General
313 NE 21st St
Oklahoma City, OK 73105
Telephone: (405) 522-1014
E-Mail: Caleb.Smith@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

FOR PLAINTIFF STATE OREGON

Cheryl Hiemstra
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301
Telephone: (503) 934-4400
E-Mail: Cheryl.hiemstra@doj.state.or.us

*Counsel for Plaintiff State of Oregon*

FOR PLAINTIFF COMMONWEALTH
PENNSYLVANIA

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
E-Mails: jbetsko@attorneygeneral.gov
          twertz@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of Pennsylvania*

FOR PLAINTIFF TERRITORY PUERTO
RICO

Guarionex Diaz Martinez
Assistant Attorney General
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902
Telephone: (787) 721-2900, Ext. 1201
E-Mail: gdiaz@justicia.pr.gov

*Counsel for Plaintiff Territory Puerto Rico*

FOR PLAINTIFF STATE RHODE ISLAND

Stephen Provazza
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
E-Mail: SProvazza@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

FOR PLAINTIFF STATE SOUTH
DAKOTA

Yvette K. Lafrentz
Office of the Attorney General of South
Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
E-Mail: Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff State of South Dakota*

FOR PLAINTIFF STATE VERMONT

Christopher J. Curtis
Assistant Attorney General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
Telephone: (802) 828-3170
E-Mail: Ryan.kriger@vermont.gov

*Counsel for Plaintiff State of Vermont*

FOR PLAINTIFF COMMONWEALTH
VIRGINIA

Tyler T. Henry
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Telephone: (804) 692-0485
E-Mail: thenry@oag.state.va.us

*Counsel for Plaintiff State of Virginia*

FOR PLAINTIFF STATE WEST
VIRGINIA

Douglas Lee Davis
Office of the Attorney General, State of
West Virginia
1900 Kanawha Boulevard, East
Building 6, Suite 402
P.O. Box 1789
Charleston, WV 25305
Telephone: (304) 558-8986
E-Mail: Douglas.l.davis@wvago.gov

*Counsel for Plaintiff State of West Virginia*

FOR PLAINTIFF STATE WASHINGTON

Amy Hanson
Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-5419
E-Mail: Amy.hanson@atg.wa.gov

*Counsel for Plaintiff State of Washington*

FOR PLAINTIFF STATE WYOMING

Benjamin Peterson
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
Telephone: (307) 777-6397
E-Mail: Benjamin.peterson2@wyo.gov

*Counsel for Plaintiff State of Wyoming*