UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 20-cv-3010 (APM) |
| STATE OF COLORADO et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 20-cv-3715 (APM) |

**ORDER**

In response to the parties' Joint Submission of August 22, 2023, ECF No. 654, the court either orders or notes the following for further discussion at the pretrial conference:

1. Although the CMO establishes September 5, 2023, as the date for the parties' submission of trial exhibits to the court, ECF No. 108-1 at 6, the court will not require the parties to submit exhibits in advance of trial. As part of its preparation, the court may request specific exhibits referenced in an expert report, but such request will be made on an ad hoc basis.

Insofar as submission of the record, the court will ask the parties to submit the entire record, including deposition designations, electronically at the end of the case. The parties may move any exhibits not presented through a live witness into evidence before resting their case in chief.

Ultimately, the "record" that will be the focus of the court's decision-making will be the trial testimony, exhibits, and deposition designations cited in the parties' proposed findings of fact and conclusions of law ("PFFCL"). This does not mean that the final record cannot include materials not cited in the PFFCLs, but based on past experience the court anticipates that the most relevant aspects of the record will be cited in the PFFCLs. The court will be requesting PFFCLs hyperlinked to the record.[1]

2. To optimize the efficient presentation of evidence, the court hopes that the parties will be able to resolve most evidentiary objections to the exhibits that are presented through a live trial witness. If evidentiary disputes remain about such exhibits, the court can take those up at the pretrial conference or at an appropriate time during trial, but expects such objections to be kept to a minimum.

As to those exhibits that the parties expect to "push" into the record—that is, *not* present through a live trial witness—the court does not need to resolve objections as to such exhibits now. The parties can raise objections to such exhibits in a responsive PFFCL or a separate responsive submission. If an evidentiary dispute pertains to an exhibit of consequence, the court will resolve it as part of its final ruling.

3. Further, with respect to exhibits "pushed" into the record, if Google's concern is that such records might lack proper foundation, contain statements made without personal knowledge, or could be taken out of context if not previously the subject of trial or deposition testimony, such an objection can be raised in a responsive PFFCL or a separate responsive submission. Once again, the court expects that key exhibits will be presented during the trial itself or will have been discussed in designated deposition testimony.

---

[1] The court and parties can discuss at a later date how to hyperlink video depositions most efficiently.

      4.      With respect to records obtained from third parties, the court expects that all third parties will be cooperative in supplying requested certifications. *See* Fed. R. Evid. 902(11)–(14). If a third party refuses a requested certification, it must have good cause to do so.

      5.      The Colorado Plaintiffs shall finalize their exhibit list by August 31, 2023. The court will consider any objections raised by Google after that date to be timely.

Date: August 28, 2023

                                        Amit P. Mehta
                                        United States District Judge