# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| GOOGLE LLC, | ████████████████ |
| Defendant. | |
| STATE OF COLORADO, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| GOOGLE LLC, | ████████████████ |
| Defendant. | |

## PLAINTIFFS' OPPOSITION TO NON-PARTY PETITIONER APPLE INC.'S MOTION TO QUASH TRIAL SUBPOENAS

Plaintiffs in the above-captioned cases ("Plaintiffs") respectfully request that the Court deny Apple's motion to quash the trial subpoenas served on Eduardo Cue, John Giannandrea, and Adrian Perica. *See* Non-Party Petitioner Apple Inc.'s Motion to Quash Trial Subpoenas, ECF No. 643 ("Motion"). Apple's motion finds no support in case law, disregards a well-established preference for live trial testimony, and ignores the Court's instruction at the August 11, 2023 hearing.

## BACKGROUND

This case centers on the distribution agreements by which Google shares search advertising revenue with partners in exchange for exclusive access to search defaults. Apple is

chief among Google's distribution partners. In 2020, ███████████ Google's United States

search revenue share payments—totaling ██████████—went to Apple pursuant to the

parties' Information Services Agreement (ISA). With a large and loyal customer base and a

walled-garden operating system, Apple's distribution platform is unrivaled in terms of its crucial

scale and importance.

As the Court is aware and Google implicitly acknowledges, Google's conduct with

respect to the Apple ISA, and that agreement's impact on search competition, will be a central

issue at trial. *See, e.g.*, Tr. of Apr. 13, 2023 Hr'g on Summ. J. at 25, 27–28 (questioning

Google's counsel about whether Apple's defaults were open to competition on the merits);

*see generally* Def.'s Statement of Mat. Facts in Supp. of Summ. J., ECF No. 423 (dedicating

94 paragraphs to Google's agreements with Apple compared to 78 for Mozilla and 40 for

Android). There's no surprise here; Apple has had a central role in this case since Plaintiffs filed

their initial complaint almost three years ago. *See* Complaint, ECF No. 1, at ¶ 121 ("The current

version of the Google-Apple agreement substantially forecloses Google's search rivals from an

important distribution channel for a significant, multi-year term."); *see also* Tr. of Apr. 14, 2022

Hr'g. at 14 (rejecting Apple's request to shorten Rule 30(b)(6) deposition time "given the

importance" of the Apple-Google relationship).

Messrs. Cue and Giannandrea will provide non-duplicative testimony based on personal

knowledge that is central to the issues being tried. As the executive responsible for negotiating

the ISA and managing the Google relationship, Mr. Cue will address the exact issues the Court

has indicated it is interested in hearing about—namely, the meaning of the ISA's provisions and

their impact on search competition. *See* Tr. of Aug. 11, 2023 Hr'g ("Aug. 11 Hr'g Tr."), at 43

("It's really what the provision means and its consequences that are the guts of the case, not what

the text of the provision is."). He is also expected to testify about his engagement with Google's competitors, Microsoft and DuckDuckGo. Mr. Giannandrea was *Google's* leading search executive until 2018 when he joined Apple. Among other relevant projects at Apple, Mr. Giannandrea has ███████████████ of Google and competing search engines. Mr. Giannandrea's testimony is expected to cover these ████████ as well as his work at Google, the importance of scale for search engines, and his guidance of Apple's search efforts. Apple has not identified scheduling conflicts for either witness.

Apple additionally seeks to quash the trial subpoena to Mr. Perica, whose deposition testimony has been designated. The decision to designate Mr. Perica's testimony reflects the care with which Plaintiffs have chosen their live witnesses. As Apple acknowledges, Plaintiffs have repeatedly informed Apple that there is no present intention to call Mr. Perica at trial. Motion at 4 n.6. Apple also acknowledges that the Court, during a hearing on August 11, 2023, deferred ruling on subpoenas to witnesses, like Mr. Perica, who presumptively would not be called to trial and were being subpoenaed only in the event trial proceeds unexpectedly. *Id.*; *see also* Aug. 11 Hr'g. Tr. at 7–8.

Plaintiffs would be prejudiced if denied the opportunity to call and examine employees from Google's largest distribution partner. Given Apple's central role in the case, the Court should deny Apple's motion to quash subpoenas for three of its executives.

## ARGUMENT

"The quashing of a subpoena is an extraordinary measure, and is usually inappropriate absent extraordinary circumstances." *U.S. Dep't of Treasury v. Pension Benefit Guaranty Corp.*, 301 F.R.D. 20, 25 (D.D.C. 2014) (quotation omitted). As the movant seeking relief, Apple bears the burden of demonstrating that a subpoena should be quashed. *Id.* Apple falls well short of this high bar. Neither the considerations governing quashing a subpoena nor the well-established

preference for live trial testimony support Apple's request. Moreover, Apple's motion parades out-of-context snippets of cases to demand action that is truly without precedent. The Court should reject Apple's request. Finally, quashing Mr. Perica's trial subpoena is unnecessary in light of the Court's August 11 instruction deferring ruling on subpoenas to witnesses who presumptively will not be called to trial. Aug. 11 Hr'g. Tr. at 7–8.

### I.   Apple's Position Is Unsupported By Law

The Court should reject Apple's generalized claims of inconvenience as failing to establish the "extraordinary circumstances" required to support a motion to quash based on undue burden. *See Pension Benefit Guaranty Corp.*, 301 F.R.D. at 25. Certainly, Apple's motion fails to distinguish Messrs. Cue and Giannandrea from other non-party witnesses whose testimony will be presented at trial, many of whom are also senior executives located on the West Coast.

Two principles guide a court's evaluation of whether a trial subpoena imposes undue burden. *See BuzzFeed, Inc. v. U.S. Dep't of Justice*, 318 F. Supp. 3d 347, 358 (D.D.C. 2018). On one hand, a court should be "generally sensitive to the costs imposed on third parties," while, on the other, a court should weigh (1) whether the evidence is "unreasonably cumulative or duplicative;" (2) whether the evidence can be obtained in a "more convenient, less burdensome, or less expensive" way; and (3) whether the evidence is "proportional to the needs of the case." *Id.*[1]

---

[1] The proportionality consideration accounts for six concerns: the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the information in resolving the issues, and whether the burden or expense of the information outweighs the likely benefit. *BuzzFeed*, 318 F. Supp. 3d at 358. But Apple's motion addresses only two of these. *See* Motion at 9 (mentioning only the parties' relative access to relevant information and whether the burden outweighs the likely benefit).

4

When these factors are applied to Apple's motion, the company's burden claims dissolve. In fact, Apple relies primarily on *Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO v. Project Veritas Action Fund*, No. CV 17-1047, 2022 WL 3655277 (D.D.C. Aug. 25, 2022) (cited by Motion at 8–9), a case that actually helps illustrate why the subpoenas to Messrs. Cue and Giannandrea are proportional to the needs of the case. The petitioner in *AFL-CIO* was a non-party labor union that had terminated contracts with the plaintiff, who was required to prove at trial that the union had terminated the contracts specifically because of the defendant's conduct. 2022 WL 3655277, at *1–2. At issue were trial subpoenas to the union's chief of staff and elected president. *Id.* at *1, *3. The court denied the union's motion to quash the chief of staff's subpoena because he had "direct knowledge of a major issue at trial." *Id.* at *5. Thus, the chief of staff's testimony could prove "crucial" to the factfinder's determination. *Id.* at *6; *see also BuzzFeed*, 318 F. Supp. 3d at 360 (rejecting the government's opposition to providing testimony that would be "clearly important" to—if not "dispositive of"—a central issue in the case) (cleaned up). By contrast, the *AFL-CIO* court quashed the union president's subpoena because "the evidentiary interest in [the president's] testimony [was], at best, negligible" and only covered ground addressed by the other union witnesses. 2022 WL 3655277, at *6–7 (cleaned up); *see also id.* at *7 (finding "no support for the position that [the president] will have anything important to say at trial").

Because the Apple witnesses have information crucial to the case, and because their testimony is non duplicative, *AFL-CIO* does not support Apple's motion. Mr. Cue repeatedly led Apple's negotiations for the operative ISA. He will testify about those negotiations as well as the ISA's competitive effects. Mr. Cue will also testify about his discussions with Google's competitors—Microsoft and DuckDuckGo—who sought ███████████████████

Mr. Giannandrea, Google's former head of search, will testify about scale, search engine quality, and Apple's search capability. Thus, this testimony will address central issues in this case.

Conversely, none of the expected testimony is duplicative. Apple's motion summarizes topics addressed by Messrs. Cue and Giannandrea: of eight listed topics, only one reflects overlap between the executives. *See* Motion at 6–7. Further, their testimony will also not be cumulative or duplicative of their depositions. Apple's motion acknowledges that only a fraction of the documents on the parties' exhibit lists were used during depositions. *See* Motion at 7. Thus, *AFL-CIO* refutes rather than supports Apple's motion because these witnesses' likely testimony (1) will address important issues in this case, (2) is important to resolving those issues, (3) will provide benefits that outweigh the necessary burdens, and (4) will not be unreasonably cumulative or duplicative.

Apple's claim of undue burden is not strengthened by the other *BuzzFeed* considerations. Although Apple is a non-party and travel involves some burden and inconvenience, there is no *undue* burden. Many of the witnesses being called to trial are senior executives of their respective companies, and most are located on the West Coast. In these respects, witnesses from Apple—the richest company in the world and Google's chief search distribution partner—are situated no differently than other non-party witnesses. Also, like Messrs. Cue and Giannandrea, nearly every non-party witness produced documents and sat for a deposition. Apple's generalized burden claims are light—and certainly not undue—compared to the heavy import of its witnesses' testimony. If either Mr. Cue or Mr. Giannandrea do not need to appear at trial, it is difficult to imagine a witness who would not also move to quash their subpoena. The existence of civil discovery cannot be a basis for denying Plaintiffs a trial with live witnesses.

Other cases cited by Apple do nothing to advance its position. For example, Apple cites *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006), to argue that a court should quash a subpoena unless the "information is 'essential to a judicial determination of [a party's] case.'" Motion at 11. For the reasons explained, Messrs. Cue's and Giannandrea's testimony is essential. *Gonzales* also confirms that the availability of information from other sources is not a sufficient reason to quash a subpoena; this fully undermines Apple's argument that deposition testimony obviates the need for trial testimony. *Compare* Motion at 11 (arguing to quash subpoenas because deposition testimony is available for designation), *with Gonzales*, 234 F.R.D. at 685–86 (rejecting arguments that subpoena should be quashed because "information sought . . . is readily available" from other sources and that "the Government already has sufficient information").

Apple's remaining citations are also readily distinguishable because they each turned on scheduling and logistical challenges. For example, Apple's reliance on *Reddick v. Dillard Store Services, Inc.*, No. CIV 08-844-CJP, 2010 WL 3025205 (S.D. Ill. Aug. 2, 2010), is inapposite for two reasons. First, the *Reddick* court rejected the plaintiff's attempt to circumvent the 100-mile limit on trial subpoenas prescribed by the Federal Rules of Civil Procedure. *Id.* at *1. Here, however, 15 U.S.C. § 23 allows nationwide service with the court's permission, which was granted in the Court's case management order. Amended Scheduling and Case Management Order, ECF No. 108-1, at ¶ 29 ("in view of the geographic dispersion of potential witnesses in this action outside this District, the parties are permitted, under 15 U.S.C. § 23, to issue nationwide . . . trial subpoenas from this Court"); *see also United States v. U.S. Sugar Corp.*, No. C.A. 21-1644 (MN), 2022 WL 354228, at *6–7 (D. Del. Jan. 11, 2022) (recognizing nationwide service authority in antitrust cases in context of motion to transfer venue). Second,

the *Reddick* court quashed the trial subpoena because, by virtue of having listed the at-issue witness in the final pretrial order as being offered through videotaped deposition, the plaintiff's later decision to subpoena a trial appearance "derogat[ed] . . . the agreement represented in the final pretrial order." *Reddick*, 2010 WL 3025205, at *1. Here, Plaintiffs have consistently listed Messrs. Cue and Giannandrea as witnesses expected to be called to trial and informed Apple of this probability more than four months ago. *See* Pls. Ex. A (emailing counsel for Apple on April 12, 2023, and June 22, 2023, about likely calling Messrs. Cue and Giannandrea to testify at trial).

Finally, Apple has not identified any scheduling conflicts for either Mr. Cue or Mr. Giannandrea. Accordingly, Apple's reliance on cases where such conflicts existed are inapposite.[2]

Apple makes an "extraordinary" request that commands a heavy burden. But Apple fails to show that the governing *BuzzFeed* considerations support its request. Instead, Apple cites cases that only underscore why the Court should deny Apple's motion.

## II.   Apple Ignores The Well-Established Preference For Live Trial Testimony

The preference for live testimony is "well-established" and supports denying Apple's motion. *See Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co.*, 262 F.R.D. 293, 301 (S.D.N.Y. 2009) (denying motion to quash trial subpoena for undue burden because the availability of videotaped deposition testimony was insufficient to overcome preference for live trial testimony even where trial appearance required travel from London to New York City). Live testimony

---

[2] *See AFL-CIO*, 2022 WL 3655277, at *6 (quashing subpoena for union president because he was scheduled to chair one of the union's most important meetings during two days of the one-week trial); *Official Committee of Unsecured Creditors v. CalPERS Corporate Partners*. No. Civ. 1:18-cv-68-NT, 2021 WL 3081880, at *1 (D. Me. July 20, 2021) (allowing deposition designation because the non-party witness was likely obligated to travel to Canada for business during trial).

allows the factfinder "to observe the demeanor of the witness" and, of particular import in a bench trial, "question the witness." *See Kolb v. County of Suffolk*, 109 F.R.D. 125, 127 (E.D.N.Y. 1985) (regarding admissibility of designated deposition testimony); *see also* Fed. R. Civ. P. 614(b). As the Supreme Court has explained, findings of fact based on witness credibility command "even greater deference" because "only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575 (1985).

By contrast, "testimony by deposition . . . should be used as a substitute only under very limited circumstances." *Kolb*, 109 F.R.D. at 127; *see also Napier v. Bossard*, 102 F.2d 467, 469 (2d Cir. 1939) ("The deposition has always been, and still is, treated as a substitute, a second-best") (Learned Hand, J.). Even the rule allowing deposition designations underscores the need for "due regard to the importance of live testimony in open court." Fed. R. Civ. P. 32(a)(4)(E); *see also* Fed. R. Civ. P. 43 advisory committee's note to 1996 amendment ("The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.")

A court's ability to make these live observations may be particularly important where a witness—here, Mr. Cue—was previously found to have offered testimony at trial that was "not credible" and inconsistent with his sworn deposition. *See United States v. Apple Inc.*, 952 F. Supp. 2d 638, 661 n.19, 663 nn.22, 24, 666 n.28, 672 n.38, 678 n.47, 681 n.52 (S.D.N.Y. 2013), *aff'd,* 791 F.3d 290, 304 (2d Cir. 2015). Live credibility assessments may also be useful where, like here, industry-witness testimony may clash with that of experts. *See, e.g.*, *FTC v.*

*Sysco Corp.*, 113 F. Supp. 3d 1, 37 (D.D.C. 2015) (crediting the trial testimony of industry leaders that controverted the conclusion of economics expert).

Apple ultimately seeks to deprive the Court of valuable trial evidence. By asserting that deposition designations are an equal substitute for live trial testimony, Apple ignores the fact that discovery is not trial; discovery *facilitates* trial. Moreover, the Court denied Google's summary judgment motion—in essence, trial by discovery—precisely because there were triable issues, including those relating to Apple. *See, e.g.*, Memorandum Opinion, ECF No. 626, at 36–38 (deciding that Google's "competition for the contract" defense, which included Apple's ISA, "cannot be resolved on summary judgment" and is better reserved "until trial").

The Court should conclude that Apple's testimony is properly presented through live witnesses.

## III.    Apple Chooses To Disregard The Court's August 11 Instructions

Finally, Apple's motion seeks to rehash two issues that the Court resolved during the August 11, 2023 hearing. First, Apple's purported concerns about disclosure of confidential information are not an appropriate basis to quash a trial subpoena, and Apple cites no case law supporting their argument. Motion at 10–11. The Court, moreover, has already issued guidance on confidentiality and ordered a mechanism to ensure that actually confidential information will be protected from disclosure. *See* Aug. 11 Hr'g Tr., at 13–22; Aug. 14, 2023 Order, ECF No. 640. Plaintiffs have complied, and will continue to comply, with the Court's orders, and Apple identifies no specific concern that cannot be protected by the Court's existing process and supervision.

During the same hearing, the Court expressly deferred ruling on subpoenas to witnesses who Plaintiffs do not presently intend to call to trial. Aug. 11 Hr'g Tr. at 7–8. Apple

acknowledges this instruction and also admits that there is no dispute that it applies to

Mr. Perica. Motion at 4 n.6. Accordingly, for the reasons the Court has already explained,

Apple's motion to quash Mr. Perica's trial subpoena should be denied.

## CONCLUSION

For the above reasons, Apple's Motion to Quash Trial Subpoenas should be denied in

full.

Dated: August 25, 2023                    Respectfully submitted,


                                          By:___ */s/ Kenneth M. Dintzer*_____
                                          Kenneth M. Dintzer
                                          Meagan K. Bellshaw
                                          Michael A. Rosengart (D.C. Bar #1671047)
                                          Karl E. Herrmann (D.C. Bar # 1022464)
                                          U.S. Department of Justice, Antitrust Division
                                          Technology & Digital Platforms Section
                                          450 Fifth Street NW, Suite 7100
                                          Washington, DC 20530
                                          Telephone: (202) 227-1967
                                          Kenneth.Dintzer2@usdoj.gov

                                          *Counsel for Plaintiff United States of America*


                                          By:___ */s/ Margaret Sharp*___
                                          James Lloyd, Chief, Antitrust Division
                                          Margaret Sharp, Assistant Attorney General
                                          Office of the Attorney General, State of
                                          Texas
                                          300 West 15th Street
                                          Austin, Texas 78701
                                          Margaret.Sharp@oag.texas.gov

                                          *Counsel for Plaintiff State of Texas*

By:___/s/ Matthew Michaloski_____
Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and
Director, Consumer Protection Division
Matthew Michaloski, Deputy Attorney
General
Christi Foust, Deputy Attorney General
Office of the Attorney General, State of
Indiana
Indiana Government Center South, Fifth
Floor
302 West Washington Street
Indianapolis, Indiana 46204
Matthew.Michaloski@atg.in.gov

*Counsel for Plaintiff State of Indiana*

By:___/s/ Matthew M. Ford___
Matthew Ford
Arkansas Bar No. 2013180
Assistant Attorney General
Office of Tim Griffin, Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
Keaton.Barnes@ArkansasAG.gov

*Counsel for Plaintiff State of Arkansas*

By:____/s/ Brian Wang_____
Rob Bonta, Attorney General
Paula Blizzard, Senior Assistant Attorney
General
Brian Wang, Deputy Attorney General
Carolyn Danielle Jeffries, Deputy Attorney
General
Office of the Attorney General,
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Brian.Wang@doj.ca.gov

*Counsel for Plaintiff State of California*

By: ___*/s/ Lee Istrail*___
Ashley Moody, Attorney General
R. Scott Palmer, Special Counsel, Complex
Enforcement Chief, Antitrust Division
Nicholas D. Niemiec, Assistant Attorney
General
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of
Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com

*Counsel for Plaintiff State of Florida*


By: ___*/s/ Daniel Walsh*___
Christopher Carr, Attorney General
Margaret Eckrote, Deputy Attorney General
Daniel Walsh, Senior Assistant Attorney
General
Charles Thimmesch, Assistant Attorney
General
Office of the Attorney General, State of
Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

By: ___ /s/ *Philip R. Heleringer* _____
Daniel Cameron, Attorney General
J. Christian Lewis, Commissioner of the
Office of Consumer Protection
Philip R. Heleringer, Executive Director of
the Office of Consumer Protection
Jonathan E. Farmer, Deputy Executive
Director of the Office of Consumer Protection
Office of the Attorney General,
Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of
Kentucky*


By: ___ /s/ *Christopher J. Alderman* ___
Jeff Landry, Attorney General
Christopher J. Alderman, Assistant Attorney
General
Office of the Attorney General, State of
Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
AldermanC@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*


By: ___ /s/ *Scott Mertens* _____
Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

By:    */s/ Stephen M. Hoeplinger*
Stephen M. Hoeplinger
Assistant Attorney General
Missouri Attorney General's Office
815 Olive St., Suite 200
St. Louis, Missouri 63101
Stephen.Hoeplinger@ago.mo.gov

*Counsel for Plaintiff State of Missouri*

By:    */s/ Hart Martin*
Lynn Fitch, Attorney General
Hart Martin, Special Assistant Attorney
General
Crystal Utley Secoy, Assistant Attorney
General
Office of the Attorney General, State of
Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Hart.Martin@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

By:    */s/ Anna Schneider*
Anna Schneider
Bureau Chief
Montana Office of Consumer Protection
P.O. Box 200151
Helena, MT. 59602-0150
Phone: (406) 444-4500
Fax: 406-442-1894
Anna.schneider@mt.gov

*Counsel for Plaintiff State of Montana*

By:_____ */s/ Rebecca M. Hartner*
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney
General
C. Havird Jones, Jr., Senior Assistant Deputy
Attorney General
Mary Frances Jowers, Assistant Deputy
Attorney General
Rebecca M. Hartner, Assistant Attorney
General
Office of the Attorney General, State of South
Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
rhartner@scag.gov

*Counsel for Plaintiff State of South Carolina*


By:_____ */s/ Gwendolyn J. Lindsay Cooley*_____
Joshua L. Kaul, Attorney General
Gwendolyn J. Lindsay Cooley, Assistant
Attorney General
Wisconsin Department of Justice
17 W. Main St.
Madison, Wisconsin 53701
Gwendolyn.Cooley@Wisconsin.gov

*Counsel for Plaintiff State of Wisconsin*

FOR PLAINTIFF STATE OF COLORADO

Jonathan B. Sallet
Special Assistant Attorney General

*/s/ Jonathan B. Sallet*
Jonathan B. Sallet, DC Bar No. 336198
Steven M. Kaufmann, DC Bar No. 1022365
(inactive)
Carla Baumel
Elizabeth W. Hereford
Conor J. May
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
E-Mails: Jon.Sallet@coag.gov
        Steve.Kaufmann@coag.gov
        Carla.Baumel@coag.gov
        Elizabeth.Hereford@coag.gov
        Conor.May@coag.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER
LLP
1133 Avenue of the Americas
Suite 2200
New York, NY 10036-6710
Telephone: (212) 335-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Colorado*

17

FOR PLAINTIFF STATE OF NEBRASKA

Joseph M. Conrad
Assistant Attorney General
Colin P. Snider
Assistant Attorney General
Matthew K. McKinley
Special Assistant Attorney General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-3840
E-Mails: Joseph.Conrad@nebraska.gov
            Colin.snider@nebraska.gov
            Matt.Mckinley@nebraska.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER
LLP
1133 Avenue of the Americas
Suite 2200
New York, NY 10036-6710
Telephone: (212) 335-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Nebraska*

| FOR PLAINTIFF STATE OF ARIZONA | FOR PLAINTIFF STATE OF IOWA |
|---|---|
| Robert A. Bernheim, Unit Chief Counsel | Noah Goerlitz, Assistant Attorney General |
| Arizona Office of the Attorney General | Office of the Attorney General of Iowa |
| 400 West Congress, Ste. S-315 | 1305 E. Walnut St., 2nd Floor |
| Tucson, Arizona 85701 | Des Moines, IA 50319 |
| Telephone: (520) 628-6507 | Telephone: (515) 725-1018 |
| E-Mail: Robert.bernheim@azag.gov | E-Mail: Noah.goerlitz@ag.iowa.gov |
| *Counsel for Plaintiff State of Arizona* | *Counsel for Plaintiff State of Iowa* |

FOR PLAINTIFF STATE OF NEW YORK

Elinor R. Hoffmann
Morgan J. Feder
Michael Schwartz
Office of the Attorney General of New York
28 Liberty Street, 21st Floor
New York, NY 10005
Telephone: (212) 416-8513
E-Mails: Elinor.hoffmann@ag.ny.gov
          Morgan.feder@ag.ny.gov
          Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff State of New York*

FOR PLAINTIFF STATE OF NORTH CAROLINA

Kunal Janak Choksi
Joshua Daniel Abram
Jonathan R. Marx
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6000
E-Mails: kchoksi@ncdoj.gov
          jabram@ncdoj.gov
          jmarx@ncdoj.gov
          jsutton2@ncdoj.gov

*Counsel for Plaintiff State of North Carolina*

FOR PLAINTIFF STATE OF TENNESSEE

J. David McDowell
Chris Dunbar
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville.TN 37202
Telephone: (615) 741-8722
E-Mails: David.McDowell@ag.tn.gov
          Chris.Dunbar@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*

FOR PLAINTIFF STATE OF UTAH

Scott R. Ryther
Tara Pincock
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 142320
Salt Lake City, Utah 84114
Telephone: (385) 881-3742
E-Mail: sryther@agutah.gov
          tpincock@agutah.gov

*Counsel for Plaintiff State of Utah*

FOR PLAINTIFF STATE OF ALASKA

Jeff Pickett
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5100
E-Mail: Jeff.pickett@alaska.gov

*Counsel for Plaintiff State of Alaska*

FOR PLAINTIFF STATE OF CONNECTICUT

Nicole Demers
Office of the Attorney General of Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Telephone: (860) 808-5202
E-Mail: Nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

19

FOR PLAINTIFF STATE OF
DELAWARE

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 577-8924
E-Mail: Michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*

FOR PLAINTIFF DISTRICT OF COLUMBIA

Elizabeth Gentry Arthur
Office of the Attorney General for the District of
Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 724-6514
E-Mail: Elizabeth.arthur@dc.gov

*Counsel for Plaintiff District of Columbia*

FOR PLAINTIFF TERRITORY OF
GUAM

Fred Nishihira, Chief, Consumer
Protection Division
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Telephone: (671) 475-3324

*Counsel for Plaintiff Territory Guam*

FOR PLAINTIFF STATE OF HAWAIʻI

Rodney I. Kimura
Department of the Attorney General, State of
Hawaiʻi
Commerce & Economic Development
425 Queen Street
Honolulu, HI 96813
Telephone (808) 586-1180
E-Mail: Rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff State of Hawaiʻi*

FOR PLAINTIFF STATE OF IDAHO

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. State St., 2nd Floor
P.O. Box 83720
Boise, ID 83720
Telephone: (208) 334-4114
E-Mails: Brett.delange@ag.idaho.gov
            John.olson@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

FOR PLAINTIFF STATE OF ILLINOIS

Elizabeth Maxeiner
Brian Yost
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
Telephone: (773) 590-7935
E-Mails: Elizabeth.maxeiner@ilag.gov
            Brian.yost@ilag.gov

*Counsel for Plaintiff State of Illinois*

FOR PLAINTIFF STATE OF KANSAS

Lynette R. Bakker
Kansas Office of the Attorney General
120 S.W. 10th Avenue., 2nd Floor
Topeka, KS 66612
Telephone: (785) 296-3751
E-Mail: Lynette.bakker@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

FOR PLAINTIFF STATE OF
MARYLAND

Schonette J. Walker
Gary Honick
Office of the Attorney General of
Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Telephone: (410) 576-6480
E-Mails: swalker@oag.state.md.us
          ghonick@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

FOR PLAINTIFF STATE MINNESOTA

Zachary William Biesanz
Office of the Minnesota Attorney General
Consumer, Wage, and Antitrust Division
445 Minnesota Street, Suite 1400
St. Paul, MN 55101
Telephone: (651) 757-1257
E-Mail: Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

FOR PLAINTIFF STATE OF MAINE

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
August, ME 04333
Telephone: (207) 626-8800
E-Mail: Christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

FOR PLAINTIFF COMMONWEALTH
MASSACHUSETTS

William T. Matlack
Michael B. MacKenzie
Office of the Attorney General of Massachusetts
One Ashburton Place, 18th Fl.
Boston, MA 02108
Telephone: (617) 727-2200
E-Mails: William.matlack@mass.gov
          Michael.Mackenzie@mass.gov

*Counsel for Plaintiff State of Massachusetts*

FOR PLAINTIFF STATE OF NEVADA

Michelle Christine Newman
Lucas J. Tucker
Nevada Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
Telephone: (775) 684-1164
E-Mails: mnewman@ag.nv.gov
          ltucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

FOR PLAINTIFF STATE OF NEW
HAMPSHIRE

Brandon Garod
Office of Attorney General of New
Hampshire
33 Capitol Street
Concord, NH 03301
Telephone: (603) 271-1217
E-Mail: Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff State of New
Hampshire*

FOR PLAINTIFF STATE OF NEW
MEXICO

Judith E. Paquin
Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney
General
408 Galisteo St.
Santa Fe, NM 87504
Telephone: (505) 490-4885
E-Mails: jpaquin@nmag.gov
            ckhoury@nmag.gov

*Counsel for Plaintiff State of New Mexico*

FOR PLAINTIFF STATE OF NEW JERSEY

Isabella R. Pitt
Deputy Attorney General
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
Telephone: (973) 648-7819
E-Mail: Isabella.Pitt@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

FOR PLAINTIFF STATE NORTH DAKOTA

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust Division
Office of the Attorney General of North Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
Telephone: (701) 328-5570
E-Mail: ealm@nd.gov

*Counsel for Plaintiff State of North Dakota*

FOR PLAINTIFF STATE OHIO

Jennifer Pratt
Beth Ann Finnerty
Mark Kittel
Office of the Attorney General of Ohio
30 E Broad Street, 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
E-Mails:
Jennifer.pratt@ohioattorneygeneral.gov
Beth.finnerty@ohioattorneygeneral.gov
Mark.kittel@ohioattorneygeneral.gov

*Counsel for Plaintiff State of Ohio*

FOR THE PLAINTIFF STATE OKLAHOMA

Caleb J. Smith
Office of the Oklahoma Attorney General
313 NE 21st St
Oklahoma City, OK 73105
Telephone: (405) 522-1014
E-Mail: Caleb.Smith@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

FOR PLAINTIFF STATE OREGON

Cheryl Hiemstra
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301
Telephone: (503) 934-4400
E-Mail: Cheryl.hiemstra@doj.state.or.us

*Counsel for Plaintiff State of Oregon*

FOR PLAINTIFF COMMONWEALTH
PENNSYLVANIA

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
E-Mails: jbetsko@attorneygeneral.gov
          twertz@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of
Pennsylvania*

FOR PLAINTIFF TERRITORY PUERTO RICO

Guarionex Diaz Martinez
Assistant Attorney General
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902
Telephone: (787) 721-2900, Ext. 1201
E-Mail: gdiaz@justicia.pr.gov

*Counsel for Plaintiff Territory Puerto Rico*

FOR PLAINTIFF STATE RHODE ISLAND

Stephen Provazza
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
E-Mail: SProvazza@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

FOR PLAINTIFF STATE SOUTH
DAKOTA

Yvette K. Lafrentz
Office of the Attorney General of South
Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
E-Mail: Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff State of South Dakota*

FOR PLAINTIFF STATE VERMONT

Christopher J. Curtis
Assistant Attorney General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
Telephone: (802) 828-3170
E-Mail: Ryan.kriger@vermont.gov

*Counsel for Plaintiff State of Vermont*

FOR PLAINTIFF COMMONWEALTH
VIRGINIA

Tyler T. Henry
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Telephone: (804) 692-0485
E-Mail: thenry@oag.state.va.us

*Counsel for Plaintiff State of Virginia*

FOR PLAINTIFF STATE WASHINGTON

Amy Hanson
Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-5419
E-Mail: Amy.hanson@atg.wa.gov

*Counsel for Plaintiff State of Washington*

FOR PLAINTIFF STATE WEST
VIRGINIA

Douglas Lee Davis
Office of the Attorney General, State of
West Virginia
1900 Kanawha Boulevard, East
Building 6, Suite 402
P.O. Box 1789
Charleston, WV 25305
Telephone: (304) 558-8986
E-Mail: Douglas.l.davis@wvago.gov

*Counsel for Plaintiff State of West Virginia*

FOR PLAINTIFF STATE WYOMING

Benjamin Peterson
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
Telephone: (307) 777-6397
E-Mail: Benjamin.peterson2@wyo.gov

*Counsel for Plaintiff State of Wyoming*