UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>GOOGLE LLC,<br>　　　　　　　　　Defendant. | Case No. 1:20-cv-03010-APM<br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>GOOGLE LLC,<br>　　　　　　　　　Defendant. | Case No. 1:20-cv-03715-APM<br>HON. AMIT P. MEHTA |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF NON-PARTY PETITIONERS PATRICK CHANG AND SAMSUNG NEXT LLC'S <u>MOTION TO QUASH TRIAL SUBPOENAS</u>**

Plaintiffs concede that Patrick Chang lacks any personal knowledge about the terms of Samsung Electronics Co., Ltd.'s ("SEC") search agreements with Google and the negotiations related to those agreements. Opp. 5. In fact, Plaintiffs do not dispute that Mr. Chang can solely recount second and thirdhand characterizations provided by individuals who themselves were not directly involved in negotiating these agreements.

Faced with this irrefutable fact, Plaintiffs resort to arguing that Mr. Chang – a ***former employee*** of a ***non-party*** – should be forced to take significant time away from operating his new sole proprietor business to appear live at trial because he can supposedly "testify as to the anti-competitive *effects* of [SEC's] Google agreements." *Id.* However, Plaintiffs' own recitation of the evidence further establishes that Mr. Chang does not have personal knowledge regarding the key issue of causation: Why executives at SEC – a Korean entity for which Mr. Chang never worked – decided not to fully integrate ▇▇▇▇▇▇ technology in Samsung mobile devices. Thus, Mr. Chang has nothing more to offer on the merits than what he testified at his deposition.

In addition to their hearsay and causation problems, Plaintiffs' effort to elevate the importance of Mr. Chang's testimony is directly contradicted by his deposition testimony and contemporaneous documents he authored. As detailed below, this evidence shows that Mr. Chang was told that SEC's ▇▇▇▇▇▇ decisions were based on numerous reasons unrelated to SEC's search agreements with Google. At the same time, Plaintiffs severely understate the burden his appearance at a trial would cause to him and his new venture capital firm, which is in the middle of launching its critically important initial investment fund during challenging times for the technology sector.

Moreover, Plaintiffs' opposition makes clear they can fully present their ▇▇▇▇▇▇ story using Mr. Chang's videotaped testimony and Samsung Next's documents (not to mention

1

evidence from Google, ███████, and other third parties). Thus, contrary to Plaintiffs' assertion, Petitioners' motion does not "seek[ ] to deprive the Court of [any] valuable trial evidence[.]" *Id.* at 6. Instead, the motion asks the Court to draw the appropriate balance between Plaintiffs' claimed needs and Petitioners' right to avoid undue burden as Rule 45 requires.

**Mr. Chang Lacks Any Personal Knowledge About SEC's ███████ Decisions**

Plaintiffs argue that "Mr. Chang has personal knowledge of the effects of Google's efforts to exclude ███████ full technology from Samsung phones." *Id.* at 2. Not true. Mr. Chang was not a member of the SEC team that made decisions related to the integration of ███████ technology into Samsung mobile devices. Consequently, Mr. Chang lacks any personal knowledge regarding why SEC chose to forego fully integrating this technology. The absence of this personal knowledge will prevent Mr. Chang's testimony from providing the necessary causal link between SEC's Google agreements and SEC's ███████ decisions.[1]

Importantly, Plaintiffs do not dispute that Mr. Chang's understandings of SEC's ███████ decisions are based entirely on second and thirdhand characterizations provided by individuals who themselves were not directly involved in the negotiations with Google. Instead, Plaintiffs argue that Mr. Chang's lack of personal knowledge "is irrelevant" and that "any hearsay issues . . . may be addressed at trial." *Id.* at 5 & n.1. These arguments should be summarily rejected because Plaintiffs' hearsay problem is central to the resolution of this motion, and because Mr. Chang should not be required to bear the burden of preparing for trial only to have his potentially relevant testimony declared inadmissible hearsay.[2]

---

[1] *See, e.g.*, *Rambus Inc. v. F.T.C.*, 522 F.3d 456, 463-67 (D.C. Cir. 2008) (reversing FTC's administrative monopolization findings because FTC failed to establish that alleged exclusionary conduct was the "but for" cause of asserted anticompetitive effects).

[2] *See, e.g.*, *Howard v. Fed. Ex. Corp.*, 2019 WL 2103126, at *3 (D.D.C. May 14, 2019) (testimony regarding matters for which the witness "had no first-hand knowledge" and that was "told [to] him" is "pure hearsay and is not admissible").

2

Even if Plaintiffs could solve their hearsay problem, which they cannot, Mr. Chang's testimony still would not provide the causal link that Plaintiffs' opposition wrongly promises. For instance, in seeking to elevate the significance of Mr. Chang's testimony, Plaintiffs claim he can testify that SEC's Google agreements caused Samsung to launch a limited version of ▮ ▮ technology.³ *Id.* at 3. However, during his deposition, Mr. Chang testified that the information he was told indicated that Samsung's launch of ▮ technology ▮ ▮ ▮ ▮ Pls. Ex. A at 142:5-143:7. When asked to identify the agreements that limited the launch of ▮ ▮ technology, Mr. Chang testified that the information he was told suggested that Samsung's agreements with app developers were the key agreements.⁴ *Id.* at 146:15-147:7.

Similarly, as part of their effort to elevate the importance of Mr. Chang's testimony, Plaintiffs claim he can testify that SEC's Google agreements caused Samsung to forego further integrating ▮ technology in 2020. However, during his deposition, Mr. Chang

---

³ Plaintiffs argue that Mr. Chang can testify that Google's agreements with mobile carriers also caused Samsung to limit the launch of ▮. Opp. 4. This argument ignores Mr. Chang's testimony indicating that the information he was told caused him to ▮ ▮ Pls. Ex. A at 146:5-13. This argument also runs directly into Plaintiffs' hearsay problem because Mr. Chang expressly testified that "I can only speculate" as to whether Google's carrier agreements "were the sticky point" during Samsung's discussions with carriers regarding ▮. Arteaga Decl., Ex. A at 153:8-155:2.

⁴ Plaintiffs argue that Mr. Chang can testify that Samsung limited ▮ launch "to not 'violate [its] agreement with Google.'" Opp. 4. This argument runs directly into Plaintiffs' hearsay problem because Mr. Chang prefaced the quoted testimony by making clear he was solely providing his "understanding" of SEC's decisions because "I was not involved in the business agreements between Samsung and Google." Pls. Ex. A at 148:11-149:5; *see also id.* at 147:9-15 ▮ ▮.

3

testified he was told that, as the Google negotiations progressed, ▮▮▮▮▮ ▮▮▮▮▮ Arteaga Decl., Ex. B at 301:21. Instead, he was told the ▮▮▮ was internal opposition from SEC's R&D unit, which concluded that ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮ *Id.* at 311:2-5. He was also told that efforts to further integrate ▮▮▮ ▮▮▮ technology were undermined by the fact that SEC's technology strategy group and product services group both withdrew their support due to concerns about the quality of ▮▮▮ ▮▮▮ technology, Samsung's ability to monetize the partnership, and ▮▮▮▮▮ negotiating tactics. *Id.* at 302:5-312:4.

**Mr. Chang's Live Examination Will Largely Be Identical To His Deposition Examination**

Plaintiffs admit that their live examination of Mr. Chang "will cover the same general topics of his deposition and will contain many similar questions[.]" Opp. 6. Nonetheless, Plaintiffs contend they are entitled to force Mr. Chang to appear at trial because they "were not required to ask" him all potentially relevant questions. *Id.* Such an argument ignores Plaintiffs' Rule 45 duties and reflects a fundamental misunderstanding as to the appropriate approach to non-party depositions. Moreover, Plaintiffs conspicuously fail to identify a single topic, let alone an important one, that was not fully covered. This failure is not surprising because Mr. Chang's day-long deposition was almost exclusively focused on his ▮▮▮▮▮ work.

**Mr. Chang Will Be Subjected To Undue Burden If Required To Appear At Trial**

Mr. Chang's sworn declaration confirms that Plaintiffs' subpoenas will subject him to "significant burden" because, among other things, he is "heavily involved in all aspects of [his] firm's business" but will be required to "shift significant time and focus from [these] work duties to prepare for and attend trial." Chang Decl. ¶¶ 10, 16. His sworn declaration also confirms that this burden "will be heightened by the fact that [his] firm is a startup firm in a highly dynamic

4

and competitive industry and is in the middle of launching its initial investment fund." *Id.* at ¶ 16. Ignoring these extraordinary circumstances, Plaintiffs argue that Mr. Chang will suffer no harm due to a "brief absence from work on his early-stage investment fund[.]" Opp. 7-8.

Plaintiffs' argument reflects a total disregard for the significant time Mr. Chang will need to dedicate toward preparing to testify. This argument also ignores Mr. Chang's deposition testimony indicating that investors in technology companies, such as his firm, can "lose the opportunity to potentially invest [ ] in a company" if they "cannot move fast enough" given that such "investment opportunities are sometimes very competitive and fast moving." Arteaga Decl., Ex. B at 84:16-85:1. Furthermore, this argument wrongly equates Mr. Chang to other witnesses who are "senior executives from some of the largest companies in the world," Opp. 8, because, unlike Mr. Chang, those executives have large teams who can step in during their absence.

Plaintiffs seek to minimize the burden on Mr. Chang by claiming they have "accommodated [his] professional schedule" by opting to call him as a witness between two foreign business trips. *Id.* Of course, Plaintiffs' decision to force Mr. Chang to fly almost 3,000 miles from California to Washington, D.C. within days of returning from a nearly 3-week long business trip in Asia only exacerbates, rather than mitigates, the significant burden.

Finally, while emphasizing that live testimony allows courts to better assess a witness' credibility, Plaintiffs fail to identify any particular issue regarding Mr. Chang's credibility which necessitates his live testimony.[5]

## **CONCLUSION**

For the foregoing reasons, Non-Parties Patrick Chang and Samsung Next respectfully request that the Court grant their motion to quash Plaintiffs' trial subpoenas to Mr. Chang.

---

[5] The cases cited by Plaintiffs are wholly inapposite because they did not involve trial subpoenas issued to non-parties.

Dated: August 30, 2023

Respectfully submitted,

**CROWELL & MORING LLP**

By: <u>/s/ Juan A. Arteaga</u>
    Juan A. Arteaga (*pro hac vice*)
    Rosa Morales (*proc hac vice*)
    590 Madison Avenue
    New York, New York 10022
    (212) 223-4000
    jarteaga@crowell.com
    rmorales@crowell.com

*Attorneys for Non-Party Petitioners Patrick Chang and Samsung Next LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 30, 2023, the foregoing Reply Memorandum of Law in Further Support of Non-Party Petitioners Patrick Chang and Samsung Next LLC's Motion to Quash Trial Subpoenas and the supporting material were electronically filed under seal using the CM/ECF system, and that I have caused to be transmitted copies of said material to counsel of record for Plaintiffs and Defendant Google LLC.

Dated: August 30, 2023

/s/ *Juan A. Arteaga*
Juan A. Arteaga (*pro hac vice*)
Crowell & Moring LLP
590 Madison Avenue
New York, New York 10022
(212) 803-4053
jarteaga@crowell.com