IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>**GOOGLE, LLC**,<br><br>    Defendant. | Case No. 1:20-cv-3010<br><br>HON. AMIT P. MEHTA |
| **STATE OF COLORADO**, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>**GOOGLE, LLC**,<br><br>    Defendant. | Case No. 20-cv-03715<br><br>HON. AMIT P. MEHTA |

**MOTION OF THIRD PARTIES AMERICAN ECONOMIC LIBERTIES
PROJECT, DEMAND PROGRESS, OPEN MARKETS INSTITUTE,
AND REVOLVING DOOR PROJECT TO INTERVENE FOR THE LIMITED
PURPOSE OF SEEKING PUBLIC AUDIO FEED OF TRIAL**

Pursuant to Federal Rule of Civil Procedure 24(b), third parties American Economic Liberties Project, Demand Progress, Open Markets Institute, and Revolving Door Project (collectively, "Movants"), through their counsel, respectfully move to intervene in this case for the limited purpose of seeking a publicly accessible audio feed of the unsealed portions of the upcoming trial of the above-captioned matters. A memorandum of points and authorities supporting Movants' motion and proposed order granting the same are attached, in accordance

with Local Rule 7(a) and (c). Counsel for Movants informed Plaintiffs and Defendant of their intent to seek this relief and asked their position on the same. Plaintiffs have not provided their position at the time of filing. Google opposes the motion.

Dated: August 31, 2023               Respectfully submitted,

                                     *s/ Katherine Van Dyck*
                                     Katherine Van Dyck
                                     American Economic Liberties Project
                                     2001 Pennsylvania Avenue NW, Suite 540
                                     Washington, DC 20006
                                     (202) 904-8101
                                     kvandyck@economicliberties.us

                                     *Counsel for American Economic Liberties Project, Demand Progress, Open Markets Institute, and Revolving Door Project*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>**GOOGLE, LLC**,<br><br>    Defendant. | Case No. 1:20-cv-3010<br><br>HON. AMIT P. MEHTA |
| **STATE OF COLORADO**, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>**GOOGLE, LLC**,<br><br>    Defendant. | Case No. 20-cv-03715<br><br>HON. AMIT P. MEHTA |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THIRD PARTIES AMERICAN ECONOMIC LIBERTIES PROJECT, DEMAND PROGRESS, OPEN MARKETS INSTITUTE, AND REVOLVING DOOR PROJECT TO INTERVENE FOR THE LIMITED PURPOSE OF SEEKING PUBLIC AUDIO FEED OF TRIAL**

COME NOW American Economic Liberties Project, Demand Progress, Open Markets Institute, and Revolving Door Project (collectively, "Movants"), by and through counsel, and respectfully request leave to intervene pursuant to Fed. R. Civ. P. 24(b) in the above-captioned matter for the limited of purpose of seeking a publicly available audio feed of the unsealed portions of the trial scheduled to begin on September 12, 2023 in the above-captioned matters. The issues that will be decided in this matter are of national importance and will potentially affect how nearly

Page 1 of 8

every person in the United States accesses and uses the internet. Because the public interest is significant and clear, the trial should remain as open to the public as possible.

Moreover, Movants do not seek to modify the protective order or challenge what testimony and exhibits will remain under seal. Rather, Movants request intervention for the sole, narrow purpose of moving the Court to provide an audio feed of the trial proceedings. For these and the below stated reasons, Movants respectfully request that this Court grant their motion to intervene and permit an audio feed of the unsealed portions of trial that is available to the general public for the full duration of trial.

## I.    INTRODUCTION

Movants are independent nonprofit research and advocacy organizations based in Washington, D.C. that are dedicated to understanding and addressing the problem of concentrated economic power in the United States. They advocate for policies that address today's crisis of concentration, including through the filing of *amicus curiae* briefs, the submission of comments in response to public rulemaking proceedings, engagement in public policy debates and legislative efforts, and grassroots organizing. The concentration of corporate power that Movants oppose broadly affects the general public, leading to increased prices, lower quality products and services, underinvestment and stymied innovation, and harm to workers.[1] The public has a right of access to these proceedings which will decide the legality of Google's undisputed monopoly over a number of internet search-related markets that they access every day.

---

[1] American Economic Liberties Project, *The Courage to Learn*, at 8-9 (Jan. 2021), http://www.economicliberties.us/wp-content/uploads/2021/01/Courage-to-Learn_12.12.pdf.

## II. ARGUMENT

### A. Intervention is necessary and appropriate in this case.

Rule 24(b) provides that, "[o]n timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "[T]he putative intervenor must ordinarily present: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998). "[C]ourts have been willing to adopt generous interpretations of Rule 24(b) because of the need for 'an effective mechanism for third-party claims of access to information generated through judicial proceedings.'" *Id*. at 1045 (quoting *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 783 (1st Cir. 1988)). Here, Movants are "not ask[ing] the district court to exercise jurisdiction over an additional claim on the merits, but rather to exercise a power that it already has, namely the power to modify a previously entered confidentiality order." *Id*. at 1047. Because the Movants seek intervention for the limited purpose of securing access to judicial proceedings, "[a]n independent jurisdictional basis is simply unnecessary." *Id*.

"Rule 24(b)'s timeliness requirement is to prevent prejudice in the adjudication of the rights of the existing parties, a concern not present when the existing parties have settled their dispute and intervention is for a collateral purpose." *Id*. A court should consider "all the circumstances, especially … [the] time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already in [the] case." *Aristotle Int'l, Inc. v. NGP Software, Inc.*, 714 F. Supp. 2d 1, 19 (D.D.C. 2010) (alterations in original) (citation and quotations omitted).

"[T]he appropriate inquiry is when the intervenor became aware that its interest in the case would no longer be adequately protected by the parties." *Pub. Citizen*, 858 F.2d at 785.

Here, Movants first learned that an audio feed was unlikely to be provided when it was discussed at a status conference on August 11, 2023, Tr. of Status Conf. Proceedings at 62:22–64:2 (Aug. 11, 2023), and this motion is only for the limited purpose of seeking a publicly available audio feed of the unsealed, public portions of the trial. Providing an audio feed via a phone line, YouTube, Zoom, or some other medium will not impact the outcome of trial or how the parties prepare for trial, nor will it prejudice the parties in any other manner. Courts routinely allow intervention in similar circumstances, even after lengthy delays. *See Aristotle*, 714 F. Supp. 2d at 19 (holding that intervention was timely "more than one year after the routine briefing was completed on the motion for summary judgment, and some six months after the last hearing" in the case) (citation omitted)); *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1101 (9th Cir. 1999) ("delays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records"); *Pub. Citizen*, 858 F.2d at 785-86 (four to eight week delay did not render intervention request untimely).

As with the jurisdiction and timeliness factors, the commonality requirement is flexibly applied "when the movant seeks to intervene for the collateral purpose of challenging a confidentiality order." *Nat'l Children's Ctr.*, 146 F.3d at 1047. Thus, courts have recognized that "the issue of the scope or need for the confidentiality order itself presents a common question that links the movant's challenge with the main action." *Id.*; *see also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777–78 (3d Cir. 1994) (collecting cases). Though Movants are not challenging the protective order entered in this matter, they are seeking public access to judicial proceedings that are not currently available. *Cf. Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777 (3d Cir. 1994)

("third parties have standing to challenge protective orders and confidentiality orders *in an effort to obtain access to information or judicial proceedings*") (emphasis added). Movants should therefore be allowed to intervene for the limited purpose of asserting the public's right to access these proceedings. *See In re Guantanamo Bay Detainee Continued Access to Counsel*, 968 F. Supp. 2d 222, 224 (D.D.C. 2013) (granting reporter's motion to intervene for the purpose of asserting the public's right to access a sealed declaration); *In re Fort Totten Metrorail Cases*, 960 F. Supp. 2d 2, 5 n.3 (D.D.C. 2013) ("The parties do not seriously dispute that the Post, as a nonparty newspaper, may 'permissively intervene under Rule 24(b) for the limited purpose of seeking access to materials that have been shielded from public view either by seal or by a protective order.'").

In sum, this motion is timely, there is no danger of delay or disruption to this case that might prejudice the parties, and Movants thus meet all requirements for permissive intervention under Rule 24(b).

B. **The public has a right of access to this trial.**

The right of public access to judicial proceedings is well established. "[T]he right to attend [] trials is implicit in the guarantees of the First Amendment; without the freedom to attend such trials, which people have exercised for centuries, important aspects of freedom of speech and 'of the press could be eviscerated.'"[2] *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980) (citation omitted). "Like the public trial guarantee of the Sixth Amendment, the right serves to 'safeguard against any attempt to employ our courts as instruments of persecution,' to promote

---

[2] Though the *Richmond Newspapers* decision dealt with a criminal trial, the Supreme Court stated in dicta that "historically both civil and criminal trials have been presumptively open." 448 U.S. at 580 n.17. "Several courts have recognized a public right of access to civil as well as criminal trials." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 11 (1st Cir. 1986) (collecting cases).

the search for truth, and to assure 'confidence in ... judicial remedies.'" *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (citation omitted). Thus, "there is a 'strong presumption in favor of public access to judicial proceedings.'" *Id*. (citation omitted).

Moreover, this Court has already acknowledged the need "to facilitate a public trial and minimize the need to close the courtroom." Dkt. 647 at 1. And at recent pretrial proceedings, the Court expressed that it had not determined whether a live audio feed would be provided, stating, "We have not had a channel for [] civil cases." Tr. of Status Conf. Proceedings at 62:22-64:2 (Aug. 11, 2023). The Court further explained, "we may, for some days, have a feed into the media room. I suspect for openings, for example, I'm sure there will be a request. There are a few other matters going on in the courthouse that are drawing the media's attention, so I can't imagine they're going to be fixed on this case for the duration." *Id.* at 63:21–64:1. Movants respectfully submit that in addition to openings and closing arguments, this trial is of such importance that full access for its duration is required.

"The ability to see and to hear a proceeding as [it] unfolds is a vital component of the First Amendment right of access." *ABC, Inc. v. Stewart*, 360 F.3d 90, 99 (2d Cir. 2004); *see also Soc'y of Prof'l Journalists v. U.S. Sec'y of Labor*, 616 F. Supp. 569, 578 (D. Utah 1985) ("the full flavor of a hearing cannot be sensed from the sterile sheets of a transcript"). In that vein, the U.S. District Court for the Northern District of California provided a live audio feed earlier this year for the duration of a multi-day preliminary injunction hearing, that also required portions of testimony to be sealed, in *Federal Trade Commission v. Microsoft Corporation*, No. 23-cv-02880-JSC (N.D. Cal. July 10, 2023). The audio feed was provided via Zoom, was limited to 1000 participants, and was subject to the court's General Order 58 prohibiting the "photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing."

*Microsoft*, Clerk's Notice Regarding Zoom & Audio Feed Information, Dkt. 171. As in *Microsoft*, this Court should open these proceedings to the public.

Millions of people in the United States use Google's search engine every day to access and search the internet. Google's undisputed monopoly power allows it to control how those search results are sorted and displayed, thereby controlling what information the public sees. This trial will decide whether Google is permitted to maintain its search engine monopoly, and the only realistic way to provide access to these proceedings for the millions of people impacted by the outcome is remotely, through a live audio feed of the trial. In addition, the practical effect of failing to provide a remotely accessible audio feed for the full duration of the trial will be to seal off the proceedings to interested individuals across the country, namely those who are not based in Washington, D.C. The effect will be to provide an access advantage to special interests who have the resources to occupy the courtroom to the exclusion of everyone else.

### III. CONCLUSION

Movants respectfully request that this Court (1) grant their motion to intervene in this matter and (2) order that an audio stream of unsealed portions of the upcoming trial be maintained for access by the general public.

Dated: August 31, 2023

Respectfully submitted,

s/ *Katherine Van Dyck*
Katherine Van Dyck
American Economic Liberties Project
2001 Pennsylvania Avenue NW, Suite 540
Washington, DC 20006
(202) 904-8101
kvandyck@economicliberties.us

*Counsel for American Economic Liberties Project, Demand Progress, Open Markets Institute, and Revolving Door Project*

## CERTIFICATE OF SERVICE

Pursuant to LCvR 5.3, I hereby certify that on August 31, 2023, I caused to be filed a copy of the foregoing motion and memorandum of points and authorities to the Court's CM/ECF system, and service was effected electronically pursuant to LCvR 5.4(d) to all counsel of record.

*s/ Katherine Van Dyck*
Katherine Van Dyck