UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 20-cv-3010 (APM) |
| STATE OF COLORADO et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 20-cv-3715 (APM) |

**ORDER**

At the pretrial conference held on September 1, 2023, the court deferred ruling on whether to exclude evidence of Google's agreements relating to Google Assistant and Internet-of-Things (IoT) devices. The court now formally grants the motion *in limine* as to that evidence and excludes it from trial.

Plaintiffs' Amended Complaint alleges that Google's restrictive agreements extend "to emerging search access points, such as voice assistants, ensuring that they too are covered by the same anticompetitive conduct." Am. Compl., ECF No. 94, ¶ 12; *see also id*. ¶¶ 80, 139–141 (same). When Google moved for summary judgment, it challenged that contention. It argued that "[n]o triable evidence supports Plaintiffs' claim that terms relating to Google Assistant harmed

competition by 'foreclos[ing search rivals] from . . . distribution through voice assistant providers' on 'emerging search access points.'" Def.'s Redacted Mem. of P&A in Support of Def.'s Mot. for Summ. J., ECF No. 451, at 47 (quoting Am. Compl. ¶¶ 165, 169).  Google pointed out that search through virtual assistants, including on IoT devices, comprised a negligible share of Google search queries, and it noted that Plaintiffs' own expert, Professor Whinston, "concede[d] that virtual assistants are not part of the alleged 'market for general search services' because they 'are significantly differentiated from general search engines, fulfilling different and varied consumer needs.'"  *Id*. at 47–48 (quoting Def.'s Stmt. of Material Facts, ECF No. 444-4, ¶ 323).  Google therefore urged the court to hold that "summary judgment is warranted because Google Assistant agreements lack any substantial anticompetitive effect in search."  *Id*. at 48.

Plaintiffs' opposition offered no response to this argument.  Importantly, they did not dispute the assertion that, according to their own expert, virtual assistants do not fall within the market for general search.  *See* Pls.' Stmt. of Genuine Issues, ECF No. 476-1, ¶ 323 (not disputing the statement attributed to Professor Whinston).  Instead, Plaintiffs merely stated in a footnote that "[t]he statements in U.S. Plaintiffs' complaint relating to voice assistants and internet-of-things were made in anticipation of a rebuttal argument that Defendant Google has not made, and are, therefore, not relevant to Google's motion for summary judgment." Pls.' Redacted Opp'n to Def.'s Mot. for Summ. J., ECF No. 506, at 50 n.21.  Plaintiffs did not say what "rebuttal argument" they anticipated that Google would but did not advance.  Nor did they suggest that proof regarding Google's virtual assistant agreements might be relevant to a disputed issue.  With no substantive response from Plaintiffs, the court granted summary judgment in favor of Google "to the extent Plaintiffs' claims rest on conduct relating to Google Assistant."  Redacted Mem. Op. and Order, ECF No. 626 at 59.

Notwithstanding this ruling, Plaintiffs suggest that the court still may consider evidence relating to Google Assistant and IoT devices to establish Google's understanding of the power of default settings and its "intent to use MADA and RSA terms to foreclose *any* distribution of competing search services on Android devices." Pls.' Opp'n to Def.'s Mot. *in Limine*, ECF No. 649, at 6. But Plaintiffs forfeited these arguments by failing to respond to Google's motion for summary judgment. Plaintiffs only told the court that "[t]he statements in U.S. Plaintiffs' complaint relating to voice assistants and internet-of-things were made in anticipation of a rebuttal argument that Defendant Google has not made." Pls.' Redacted Opp'n to Def.'s Mot. for Summ. J., ECF No. 506, at 50 n.21. Plaintiffs still have not identified the "rebuttal argument" that purportedly would have made the disputed evidence "relevant." Having remained silent at summary judgment, Plaintiffs cannot rely on that evidence now.

Additionally, Plaintiffs' assertion that such evidence would be probative as to Google's intent is unpersuasive. "Evidence of the intent behind the conduct of a monopolist is relevant only to the extent it helps us understand the likely effect of the monopolist's conduct." *United States v. Microsoft Corp.*, 253 F.3d 34, 59 (D.C. Cir. 2001) (per curiam). The conduct at issue in this case pertains to the general search and related ad markets. Plaintiffs, however, have conceded by their silence that virtual assistants are not part of those markets. Google's intent as to its virtual assistant agreements therefore cannot be probative of the alleged anticompetitive effects in the markets at issue. Thus, evidence relating to Google Assistant or IoTs is irrelevant and inadmissible at trial. *See* Fed. R. Evid. 401, 402.

For the reasons stated, the court hereby grants Defendant's Motion in Limine to Preclude Evidence, Testimony, or Argument Concerning Abandoned Conduct Allegations, ECF No. 620, with respect to Google Assistant and IoT devices.

Date:  September 8, 2023

Amit P. Mehta
United States District Judge