UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 20-cv-3010 (APM) |
| GOOGLE LLC, | ) ) ) | |
| Defendant. | ) ) | |
| STATE OF COLORADO et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 20-cv-3715 (APM) |
| GOOGLE LLC, | ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER**

Having considered the parties' positions at the pretrial conference, as well as the Motion of Third Parties American Economic Liberties Project, Demand Progress, Open Markets Institute, and Revolving Door Project to Intervene for the Limited Purpose of Seeking Public Audio Feed of Trial, ECF No. 679, the court hereby denies the request to make available "a publicly accessible audio feed of the unsealed portions of the upcoming trial," *id*. at 1.

The governing rules compel that result. Judicial Conference policy "does not allow either civil or criminal courtroom proceedings in the district courts to be broadcast, televised, recorded, or photographed for the purpose of public dissemination." Guide to Judiciary Policy, Vol. 10, ch. 4 § 410.10. The commentary to that Policy further states, "the Conference policy does not

authorize the contemporaneous photographing, recording, or broadcasting of proceedings from the courtroom to the public beyond the courthouse walls." *Id*. § 430(g). The local rules of this District Court echo the prohibition on broadcasting. LCvR 83.1 (authorizing the broadcasting of only "investiture, ceremonial, or naturalization proceedings"). *Cf*. Fed. R. Crim. P. 53 ("[T]he court must not permit . . . the broadcasting of judicial proceedings from the courtroom.").

To be sure, the cited policy and rule do not expressly address public accessibility in the manner requested here. However, temporary policies adopted by the Judicial Conference as a result of COVID-19 make clear that the general prohibition on broadcasting applies to transmission through teleconference lines. On March 31, 2020, the Administrative Office (AO) of the United States Courts issued a memorandum advising that the use of teleconference technology would be permitted to enable public access during the pandemic. The memorandum provided:

> Judicial Conference policy generally prohibits the broadcasting of proceedings in federal trial courts. The Executive Committee of the Judicial Conference, however, has approved a temporary exception to the policy to allow a judge to authorize the use of teleconference technology to provide the public and the media audio access to court proceedings while public access to federal courthouses generally, or with respect to a particular district, is restricted due to health and safety concerns during the Coronavirus Disease (COVID-19) pandemic.

AO Mem. RE: Use of Teleconference Technology to Provide the Public and Media Access to Court Proceedings 1 (Mar. 31, 2020) (citation omitted).[1] Federal courts, including this one, have implemented the "temporary exception" since the start of the pandemic.[2]

---

[1] Available at https://jnet.ao.dcn/sites/default/files/pdf/DIR20-054.pdf.
[2] *See, e.g.*, Standing Order No. 20-20, *In re Public and Media Access to Judicial Proceedings During the COVID-19 Pandemic* (Apr. 8, 2020), available at https://www.dcd.uscourts.gov/sites/dcd/files/COVID-19%20Public%20and%20media%20access%20to%20judicial%20proceedings%20during%20COVID-19%20pandemic.pdf.

On May 8, 2023, the AO reported the Judicial Conference's finding "that emergency conditions with respect to COVID-19 no longer materially affect the functioning of the federal courts generally or a particular district," and announced that the temporary exception to the policy would end on September 21, 2023.  AO Mem. RE: COVID-19 Exception Permitting Remote Audio Public Access to Civil and Bankruptcy Proceedings Available Through September 21, 2023 2 (May 8, 2023).[3]  Whether to extend the exception is presently under consideration.  The Committee on Court Administration and Case Management "is considering recommending an amendment to the Judicial Conference broadcasting policy that will allow continued remote public audio access in certain civil . . . proceedings after" September 21, 2023.  *Id*.  The court's understanding is that, if adopted, the amendment would *not* encompass trial proceedings.

The court, at present, could permit a publicly accessible audio feed until September 21, but will not do so for three reasons.  First, the extension of the policy until September 21, 2023, was put in place to "alleviate concerns that [the broadcasting] exception did not allow for any grace period upon its expiration to accommodate hearings already scheduled and could thus cause disruptions to district and bankruptcy court operations."  *Id*.  That rationale does not apply to the present request for public access.

Second, the court has serious concerns about the unauthorized recording of portions of the trial, particularly witness testimony.  This District Court has recognized the particularly sensitive nature of proceedings involving "live witness testimony" and  "sealed, confidential or classified material," by exempting such proceedings from the National Audio Streaming Pilot Program, even when those proceedings involved "a matter of public interest[.]"  *National Audio Streaming Pilot Program*, U.S. Dist. Ct. D.C. (last accessed on September 8, 2023).[4]  Although any public access

---

[3] Available at https://jnet.ao.dcn/sites/default/files/pdf/DIR23-051.pdf.
[4] Available at https://www.dcd.uscourts.gov/national-audio-streaming-pilot-program.

3

line would come with a warning against the recording of proceedings, the court has no way to enforce that restriction or monitor any improper recordings. The concerns regarding witness testimony and confidentiality do not apply to the parties' opening statements. The court therefore will make a public access line available for the parties' opening statements on Tuesday, September 12, 2023.

Third, the court will not allow a public line only for a portion of these proceedings. The temporary policy permitting remote public access ends on September 21, 2023, but this trial is expected to extend well beyond that date. It would be unfair to the parties to authorize a public access line now, knowing that transmission of the proceedings likely will have to cease before they have concluded presenting evidence.

For the reasons stated, the court denies the request of Plaintiffs and the Motion of Third Parties American Economic Liberties Project, Demand Progress, Open Markets Institute, and Revolving Door Project to Intervene for the Limited Purpose of Seeking Public Audio Feed of Trial, ECF No. 679.

Date:  September 8, 2023

Amit P. Mehta
United States District Judge

4