## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-3010 |
| | ) |
| GOOGLE, LLC, | ) HON. AMIT P. MEHTA |
| Defendant. | ) |
| | ) |

| | |
|---|---|
| STATE OF COLORADO, et al., | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-3010 |
| | ) |
| GOOGLE, LLC, | ) HON. AMIT P. MEHTA |
| Defendant. | ) |
| | ) |

## MOTION OF THIRD PARTY DIGITAL CONTENT NEXT TO INTERVENE FOR THE LIMITED PURPOSE OF SEEKING TO MAXIMIZE PUBLIC ACCESS TO TRIAL MATERIALS

Digital Content Next ("DCN") is the only trade organization dedicated to serving the unique and diverse needs of high-quality digital content companies that manage trusted, direct relationships with consumers and marketers. DCN and its members have been closely monitoring this litigation, one of the most significant antitrust cases in a generation. But, on the eve of trial, and following the Court's determination not to allow a public audio feed of trial (Dkt. 685), DCN is concerned that public access to certain aspects of the trial and trial record will be unnecessarily impeded. In the attached Memorandum of Points and Authority, DCN identifies three categories of information to which it respectfully requests the Court preserve public access.

Dated:  September 10, 2023                              Respectfully submitted,


                                                       *s/David C. Kully*
                                                       David C. Kully (Bar No. 448763)
                                                       HOLLAND & KNIGHT, LLP
                                                       1800 17th St., NW; Suite 1100
                                                       Washington, DC 20006
                                                       (202) 469-5415
                                                       david.kully@hklaw.com

                                                       *Counsel for Digital Content Next*

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | ) |
|      Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-3010 |
| | ) |
| GOOGLE, LLC, | ) HON. AMIT P. MEHTA |
|      Defendant. | ) |
| | ) |

| | |
|---|---|
| STATE OF COLORADO, et al., | ) |
|      Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-3010 |
| | ) |
| GOOGLE, LLC, | ) HON. AMIT P. MEHTA |
|      Defendant. | ) |
| | ) |

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION OF
THIRD PARTY DIGITAL CONTENT NEXT TO INTERVENE FOR THE LIMITED
PURPOSE OF SEEKING TO MAXIMIZE PUBLIC ACCESS TO TRIAL MATERIALS**

Founded in 2001, Digital Content Next (DCN) is the only trade organization dedicated to serving the unique and diverse needs of high-quality digital content companies that manage trusted, direct relationships with consumers and marketers.  DCN's members[1] are some of the most trusted and well-respected media brands that, together, have an unduplicated audience of 259 million unique visitors or 95 percent reach of the U.S. online population.[2]

DCN and its members have watched with great interest the claims by the Justice Department and several States that Google engaged in monopolization in violation of the Sherman Act in its search and search advertising functions.  The case has understandably generated a great deal of public interest, and DCN is concerned that much of the trial may be off

---

[1] *See* https://digitalcontentnext.org/membership/members/ for a listing of current DCN members.
[2] ComScore Media Metrix, Multi-Platform, December 2022, U.S.

limits to the public and press, in particular following the Court's determination on September 8, 2023 not to maintain a public-access audio feed of the upcoming trial (Dkt. 685).  DCN is concerned that the media and public will not be privy to a large swath of documents and testimony that Google argues would interfere with its business.  Based on its statements during the September 1, 2023 pretrial conference, it is clear that Google seeks to block public access to at least three aspects of the trial, all of which should be rejected by the Court.

First, Google wants to withhold from the public internal emails from more than 10 and up to 15 years ago.  *See* Sept. 1, 2023 Hr'g Tr. at 62-63, 65.  DCN is highly skeptical that communications over a decade old could possibly interfere with Google's competitive business today and in the future.  These emails would instead inform the public and press about practices that led to the government filing suit.

Second, Google wants to withhold from the public certain provisions of its standard agreements, including definitions contained in such agreements, many of which were signed more than ten years ago.  *Id.* at 56, 65-69.  These agreements and definitions are foundational to the public's understanding of how Google established its dominant market position..

Third, Google wants to clear the courtroom during the "overwhelming majority" of Google's examination of Apple witnesses, which could span several days.  *Id.* at 69-70.  There is substantial public interest in Google's deal with Apple and the termination of the agreement. There does not appear to be any good reason to close the trial completely for this testimony other than to shield Google and Apple from potential embarrassment.

Taken together, we are concerned that the public and press will be denied access to important evidence supporting the government's case against Google.  This trial is one of the most significant antitrust cases in a generation.  Regardless of the ultimate outcome of the suit,

the proceedings and arguments alone will shape business practices for years to come.  DCN

urges this court to allow maximum transparency so that the public can be adequately informed

about Google's conduct.

Dated:  September 10, 2023                                    Respectfully submitted,


                                                             *s/David C. Kully*
                                                             David C. Kully (Bar No. 448763)
                                                             HOLLAND & KNIGHT, LLP
                                                             1800 17th St., NW; Suite 1100
                                                             Washington, DC 20006
                                                             (202) 469-5415
                                                             david.kully@hklaw.com

                                                             *Counsel for Digital Content Next*

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-3010 |
| GOOGLE, LLC, | ) |
| Defendant. | ) HON. AMIT P. MEHTA |
| | ) |
| | ) |

| | |
|---|---|
| STATE OF COLORADO, et al., | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-3010 |
| GOOGLE, LLC, | ) |
| Defendant. | ) HON. AMIT P. MEHTA |
| | ) |
| | ) |

### [PROPOSED] ORDER

Upon consideration of third party Digital Content Next's Motion to Intervene for the Limited Purpose of Seeking to Maximize Public Access to Trial Materials, it is hereby ORDERED that the Motion is GRANTED.

Dated: _____, 2023

_____
HON. AMIT P. MEHTA
U.S. District Court Judge