**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Case No. 20-cv-3010 (APM) |
| | ) |
| GOOGLE LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| STATE OF COLORADO et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Case No. 20-cv-3715 (APM) |
| | ) |
| GOOGLE LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER**

By Order dated August 14, 2023, the court required the parties to propose "updated redactions to the court's memorandum opinion, ECF No. 624, by **August 18, 2023**."  Order, ECF No. 640, ¶ 4.  The court timely received those proposals, which included requests from third parties to maintain certain portions of the opinion under seal.  The court has considered these requests for continued sealing under the six *Hubbard* factors.  *See Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017).  Those factors are: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing

disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Id*. (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)).  In weighing these factors, the court has been mindful of the following:

- "[T]here is a 'need for public access' in those instances where 'the documents at issue [are] ... specifically referred to in the trial judge's public decision.'" *Nat'l Children's Ctr.*, 98 F.3d at 1409 (quoting *United States v. Hubbard*, 650 F.2d 293, 318 (D.C. Cir. 1980)).

- Though the "extent of previous public access" is a factor, no party has made a proffer as to the public availability of any document or information.

- "[W]here a third party's property and privacy rights are at issue the need for minimizing intrusion is especially great . . ." *Hubbard*, 650 F.3d at 319.

- To the extent the court quoted from or cited actual business records, the court presumes that such records were produced in discovery and are subject to the protective order.

- The possibility of prejudice depends on "the nature of the materials disclosed." *Id*. at 321.

- The parties—though not the third parties—intended for the court to consider the cited materials by submitting them to the court to support their summary judgment arguments. *See Nat'l Children's Ctr.*, 98 F.3d at 1410.

The court's rulings and explanations are set forth below.  The fact that the court has not mentioned a specific factor should not be taken to mean that it has not considered and weighed every factor, as required.  Further, the rulings below pertain only to the summary judgment opinion.  The court is prepared to reconsider them at trial.

| Page and Line | Position of Google and/or Applicable Non-Party |
|---|---|
| 11 at 11-14 | Redaction denied.  Third-party Apple has objected to disclosing the dollar amount at issue, but Google has not.  No party or third party has indicated that the number is not already public.  And, even if it is not, the passage of time likely has diminished any prejudice from disclosure. |
| 11 at 18-21 | Redaction removed by consent. |
| 12 at 1-3 | Redaction denied.  Apple and Google object to disclosure.  However, the cited fact comes from Google's opposition brief, and the fact itself goes to the heart of Plaintiffs' claims.  The court can discern no prejudice from the fact's disclosure, as it is publicly known that Google pays Apple a share of advertising revenues.  *See* Am. Compl., ECF No. 94, ¶ 56 ("Google provides a share of its search advertising revenue to . . . Apple[.]"). |
| 12 at 5-8 | Redaction removed by consent |
| 14 at 4-5, n.10 | Redaction granted.  Although the court cited this fact, it was not central to its adjudication, and court can discern the commercial disadvantage to Google and counterparties were this contractual term—even generally—disclosed. |
| 18 at 17 | Redaction denied.  This percentage relates to market share, a central issue to Plaintiffs' claims.  The court can discern no prejudice to Google from disclosing a market share figure. |
| 19 at 10-18 | Redaction denied.  Microsoft seeks to maintain this redaction, but Google does not.  The quoted exhibit is critical to the SA 360 allegations, and the court expressly considered Google's defenses to these allegations.  The prejudice from disclosure also seemingly would be minimal to Microsoft. |
| 33 at 14 | Redaction granted. Apple and Google each seek to maintain the redaction of the specific year, which to the court's knowledge is not a matter of public record.  Further, the year was not a material consideration in the court's decision, and the court can envision competitive disadvantage from its disclosure. |
| 42 at 15 | Redaction denied.  This percentage relates to market share, a central issue to Plaintiffs' claims.  The court can discern no prejudice to Google from disclosing a market share figure. |
| 48 at n.17 | Redaction granted.  The information concerns strategic decisions of a third party that, although relevant to the court's consideration, could cause competitive harm if disclosed. |
| 49 at n.18 | Redaction denied.  DuckDuckGo consents to removal of this redaction, but Microsoft seeks to maintain it. But Microsoft has made that request "to avoid inadvertently disclosing through a more limited redaction information that Microsoft contends merits sealing."  That reason for sealing does not outweigh the right of public access to facts on which the court relied in its ruling. |
| 49 at n.19 (lines 1-7 of n.19) | Redaction removed by consent. |
| 49 at n.19 (lines 12-20 of n.19) | Redaction granted.  Microsoft seeks to maintain the redaction, which reflects its own assessment of its market position.  Although the court |

| | |
|---|---|
| | considered this self-evaluation, because it is that of a third party that did not present it to the court, the court will permit the redaction for present purposes. |
| 52 at 18-19 | Redaction denied absent further explanation.  Branch Metrics seeks to maintain the redaction, but the cited portion simply describes its product in a way that presumably is publicly known.  Unless Branch Metrics justifies its request within seven days, the court will unseal this portion of its opinion. |
| 52 at 20-22 | Redaction granted.  Although this text was an important feature of the Colorado Plaintiffs' argument, because it involves the sensitive business decisions of third parties who could be prejudiced by its release, the court will maintain the redaction. |
| 53 at 1-2 | Redaction denied absent further explanation.  Branch Metrics seeks to maintain the redaction, but the cited portion simply is a general statement about an argument advanced by the Colorado Plaintiffs.  Unless Branch Metrics justifies its request within seven days, the court will unseal this portion of its opinion. |
| 54 at 7-9 | Redaction granted.  Microsoft seeks to maintain the redaction, which reflects its own assessment of its market position.  Although the court considered this self-evaluation, because it is that of a third party that did not present it to the court, the court will permit the redaction for present purposes. |
| 56 at 4-5 | Redaction granted as it concerns a sensitive financial projection of a third party. |
| 56 at 7-9 | Redaction granted as it concerns a sensitive financial projection of a third party. |
| 56 at 11-13 | Redaction removed by consent. |
| 57 at 11-13 | Redaction denied.  Microsoft seeks to maintain the redaction, but the court cannot discern how disclosure would prejudice Microsoft.  The sentence contains only a statement about another company's product and its general impact on Microsoft. |

Date:  September 12, 2023

Amit P. Mehta
United States District Judge