UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>                                Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>                                Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |

**PLAINTIFFS' POSITION STATEMENT REGARDING
THE ADMISSIBILITY OF UPX0038 FOR ALL PURPOSES**

Per the Court's request, Plaintiffs submit the following position statement in support of admitting UPX0038 for all purposes pursuant to Federal Rules of Evidence 801(d)(2). The United States respectfully submits that UPX0038 was authored by the relevant witness and relates to topics within the scope of his employment. As a result, there is no evidentiary basis to limit Plaintiffs' use of UPX0038 in any way.

**I.      Admissibility Under Fed. R. Evid. 801(d)(2)**

Federal Rule of Evidence 801(d)(2)(D) makes clear that a statement is not hearsay when it "is offered against an opposing party" and "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed."

The 1972 Advisory Committee's Notes to Rule 801(d)(2) explain that a statement satisfies this requirement so long as the statement is "related to a matter within the scope of the agency or employment" relationship between the employee and their employer. Fed. R. Evid. 801(d)(2)(D) advisory committee's note to 1972 amendment (rejecting requirement that a statement be made while an agent is "acting in the scope of his employment" "[s]ince few principals employ agents for the purpose of making damaging statements"); *see also United*

*States v. Am. Tel. & Tel. Co.*, No. 74-1698, 1981 WL 2047, at *3 (D.D.C. Apr. 9, 1981) ("a statement will be regarded as having been made within the scope of an agent's employment, if it pertained to his assigned responsibilities or activities").

Moreover, Rule 801(d)(2)(D)—which renders employee statements admissible—applies to all employees. *See Geleta v. Gray*, 645 F.3d 408, 415 (D.C. Cir. 2011); 30B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 6776 (Apr. 2023 update) [hereinafter, Wright & Miller]. And an employee's statement is admissible under Rule 801(d)(2)(D) even if the employer has not "adopted or ratified" the statement and even if the statement was not "final." *English v. District of Columbia*, 651 F.3d 1, 7 (D.C. Cir. 2011).

Ultimately, Rule 801(d)(2)(D) is "unabashedly" broad, admitting all statements that "simply touch on matters that fall within the employee or agent's general duties and responsibilities." Wright & Miller, *supra*, § 6776; 5 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 801.33 (2d ed. 2023) ("Simply put, to qualify as nonhearsay under Rule 801(d)(2)(D), the statement need only be related to the declarant's duties."). For example, in *Aliotta v. National Railroad Passenger Corp.*, the Court viewed the witness's statements about the cause of an accident as related to the scope of employment—and, thus, admissions—because they reflected the witness's "knowledge and experience gathered and utilized on his job." 315 F.3d 756, 763 (7th Cir. 2003).

## II. UPX0038 Is Admissible For All Purposes

UPX0038 easily meets this lenient admissibility standard, and Plaintiffs should be afforded the opportunity to present this document at trial for all purposes.[1] Michael Roszak—

---

[1] Plaintiffs respectfully submit that UPX0038 should be presented during a public session at trial, as it does not contain confidential information that would require sealing of the

who only had one manager between himself and Alphabet's Chief Financial Officer—authored UPX0038 while employed by Google as a Director of Finance. Mr. Roszak was also designated by Google as a 30(b)(6) witness on topics related to alternative default search access points. (Jan. 11, 2022 Dep. of M. Roszak at 12).

Notably, UPX0038 concerns the financial health of Google's search business—an issue which goes to the heart of Mr. Roszak's general duties and responsibilities while at the company. *Aliotta*, 315 F.3d at 762 ("The only requirement is that the subject matter of the admission match the subject matter of the employee's job description."). UPX0038 contains information related to Mr. Roszak's business responsibilities at Google, as well as his designated 30(b)(6) testimony, including: (1) search advertising; (2) revenue expectations, targets, and incentives; (3) default search access points; and (4) past and future revenue models for Google. Mr. Roszak wrote UPX0038 as part of an internal Google training on presentation skills, on his company provided devices, and presented it to Google employees.

Because the contents of UPX0038 concern a matter within the scope of Mr. Roszak's employment, the document should be admitted under Fed. R. Evid. 801(d)(2)(D).

## **CONCLUSION**

For the reasons demonstrated above, the United States respectfully requests that the Court admit UPX0038 into evidence for all purposes.

---

courtroom. If the Court disagrees, however, Plaintiffs seek to present UPX0038 during a closed session.

Dated: September 20, 2023 				Respectfully submitted,

<p style="margin-left: 50%;">
<u>/s/ Kenneth M. Dintzer</u><br>
Kenneth M. Dintzer<br>
Joshua Hafenbrack (D.C. Bar #1017128)<br>
Veronica N. Onyema (D.C. Bar #979040)<br>
Emma N. Waitzman<br>
<br>
U.S. Department of Justice<br>
Antitrust Division<br>
Technology & Digital Platforms Section<br>
450 Fifth Street NW, Suite 7100<br>
Washington, DC 20530<br>
Telephone: (202) 227-1967<br>
Kenneth.Dintzer2@usdoj.gov<br>
<br>
*Counsel for Plaintiff*<br>
*United States of America*
</p>

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2023, I caused the foregoing document to be filed with the Clerk of Court using the Court's Electronic Document Filing System, which served copies on all counsel of record.

*/s/ Veronica N. Onyema*
Veronica N. Onyema

*Counsel for Plaintiff United States of America*