**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

| | |
|---|---|
| State of Colorado, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

## DEFENDANT GOOGLE LLC'S STATEMENT REGARDING UPX0038

Google LLC writes to respond to two questions regarding the admissibility of UPX0038.

1.  The first question is whether UPX0038 can be admitted as a non-hearsay statement of a party opponent.  To admit such a statement for its truth under Federal Rule of Evidence 801(d)(2)(D), Plaintiffs must establish that:  (1)  "an agency or employment relationship . . . existed between the declarant and the party, during which time the statement must have been made;" and (2) "the statement . . . related to a matter within the scope of the agency or employment."  5 Weinstein & Berger, *Weinstein's Federal Evidence* § 801.33[2][a] (2d ed. 2023). Plaintiffs bear the burden to prove Rule 801(d)(2)(D)'s requirements by a preponderance of the

1

evidence.  *See United States v. Aetna Inc.*, 2016 WL 8738426, at *2 (D.D.C. Nov. 30, 2016); 5 *Weinstein's Federal Evidence* § 801.33[2][a].

In determining whether a statement is admissible under Rule 801(d)(2)(D), the context in which an employee makes the statement matters.  Case law on the issue is somewhat sparse, but courts that have considered the issue hold that the proffering party must show that the witness "was speaking as an agent of [the employer] at the time he made the[] statements."  *Rowell v. BellSouth Corp.*, 433 F.3d 794, 800 (11th Cir. 2005); *see also Young v. James Green Mgmt., Inc.*, 327 F.3d 616, 622 (7th Cir. 2003) (statements in resignation letter inadmissible where declarant "was not speaking as an employee on behalf of" the company, despite that he wrote it during his employment and despite that it related to his employment); *Blackburn v. UPS, Inc.,* 179 F.3d 81, 97 (3d Cir. 1999) (statement inadmissible without evidence that employee was "speaking for" his employer "on a matter within the scope of his agency or employment").  Here, there is no basis, much less a preponderance of evidence, to hold that the witness was "speaking for Google".

The context in which the witness's statements were made here—a communications class on how to give more effective presentations—renders UPX0038 inadmissible.  In the context of a communications class, the witness was not *speaking for* Google on matters within the scope of his employment.  Rather, the witness was enhancing his presentation skills at a Google-sponsored training.  The context is particularly important here, because the presentation did not call upon the witness to provide accurate information that he learned during the scope of his employment, or opinions based on that information—the document was created to conform with a stylistic prompt at the direction of non-Google course instructors.  The witness's unrebutted testimony establishes that the witness did not even believe the statements at the time he made them.  If an investigator asserts something "extremely ridiculous like 'the cow jumped over the moon,'" courts would not

admit the statement (even if the assertion were included in "a report created within the scope of his employment"). *Mister v. N.E. Ill. Commuter R.R. Corp.*, 571 F.3d 696, 699 (7th Cir. 2009). Similar reasoning applies here. Fiction cannot and should not be admitted for truth.

2. The Plaintiffs also suggested they might be able to introduce UPX0038 under Federal Rule of Evidence Rule 613(b) for the limited purpose of proving up an impeachment of the witness.

Importantly, "Rule 613(b) is not an exception to the hearsay rule, and extrinsic evidence is admissible under Rule 613(b) *only for purposes of impeachment*." *United States v. Severson*, 49 F.3d 268, 272 (7th Cir. 1995) (emphasis added). That is, Rule 613(b), "the statements would only be admissible . . . to impeach [the witness's] testimony, not to prove the truth of the matters asserted." *Id.*; *see also* 30B Wright & Bellin, *Federal Practice & Procedure* § 6743 (2023 ed.) ("[I]mpeachment evidence only subtracts from the credibility of a witness, adding no additional substantive evidence.").

Moreover, Plaintiffs have failed to demonstrate a necessary element of Rule 613(b), namely, prior inconsistent statements. The witness's unrebutted testimony demonstrates that he did not believe the sentences in the document that the government wishes to read aloud—testimony that is directly supported by the context in which the sentences were written. Moreover, it is not even clear that Plaintiffs can admit UPX0038 for impeachment purposes given that the witness admits to having written the sentences in the document. *See* 4 *Weinstein's Federal Evidence* § 613.05[1] ("[I]f a witness does not deny making a statement, there can be no showing of inconsistency, and Rule 613(b) does not apply.").

Google therefore respectfully submits that UPX0038 is inadmissible, and moreover that there is no basis for Plaintiffs' counsel to read the document into the record in a purported attempt to "impeach" the witness.

Dated:  September 20, 2023

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _/s/ John E. Schmidtlein_
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
Wendy Huang Waszmer (D.C. Bar No. 1631078)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com
wwaszmer@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted _pro hac vice_)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

_Counsel for Defendant Google LLC_

4