**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>　　　　　　　　　　Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>　　　　　　　　　　Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**JOINT SUBMISSION REGARDING PUBLIC POSTING OF TRIAL EXHIBITS**

Pursuant to the Court's instructions that the parties meet-and-confer regarding public access to trial exhibits and provide a proposal to the Court, Plaintiffs in the above-referenced actions and Google each provide a proposed order, along with position statements below.

**I.      Joint Submission**

Plaintiffs' proposed order is enclosed as **Exhibit A**. Google's proposed order is enclosed as **Exhibit B**. The parties' only material dispute relates to the timing of public disclosure. Plaintiffs propose that admitted materials used during a public session may be made available to the public at the end of the trial day. Google proposes a 24-hour notice period to the producing party prior to publicly disseminating an admitted exhibit.

**II.     Position Statements**

**A.     Plaintiffs' Joint Position Statement**

Plaintiffs seek to enable public access to admitted exhibits used in open court that have already been viewed by the public. Google seeks to inject unnecessary, duplicative process to delay and further frustrate the public's access to admitted exhibits. Accordingly, Google's proposal should be rejected as there exists no basis for preventing the public from accessing admitted exhibits the public has already seen and contain material the parties have already reviewed for confidentiality and already agreed can be shown to the public in open court.

As an initial matter, it is uncontested that documents used in open session constitute "public documents" under *United States v. Hubbard*, and therefore the public presumptively has a right to access these documents. 650 F.2d 293, 317 (D.C. Cir. 1980). Reflecting this understanding, both the United States and Google have published on their respective websites

documents used in this case.[1] The question before the Court is *when* the public may access documents it has already viewed. Plaintiffs respectfully propose that the Court enter an order allowing for the public dissemination of exhibits at the end of a trial day.

The Court's decision about "when" public documents "should be released" "is guided by the considerations in the six-part *Hubbard* test." *United States v. Munchel*, 567 F. Supp. 3d, 9, 15 (D.D.C. 2021). Under *Hubbard* and its progeny, the fact that this lawsuit is brought by the United States and 14 co-plaintiff states, along with the 38 states and territories bringing suit in the consolidated action, represented by public agencies, accentuates "[t]he appropriateness of making court files accessible." *E.E.O.C. v. National Children's Center, Inc.*, 98 F.3d 1406, 1409 (D.C. Circ. 1996) (quoting *FTC v. Standard Fin. Management Corp.*, 830 F.2d 404, 410 (1st Cir. 1987)). Importantly, the concept of accessibility is not limited to simply being able to view a public document during open court, but instead, the "common law right of access has long encompassed the right to 'copy public records.'" *Munchel*, 567 F. Supp. 3d at 15-16. In considering a request to delay the release of copies of public documents, the court in *Munchel* held that, "American courts have not only rejected artificial limitations on the common law right of access but also 'tended to view *any* limitation [on the public right of access] as repugnant to the spirit of our democratic institutions." *Munchel*, 567 F. Supp. 3d at 16 (D.D.C. 2021) (quoting *United States v. Mitchell*, 551 F.2d 1252, 1257 (D.C. Circ. 1976)).

Here, Google provides no argument that would justify imposing such restrictions on the right to public access. First, the exhibits will have already been published in open session, so the public will have already viewed them. Second, Google and third parties will have already had the

---

[1] *See* U.S. Department of Justice, Antitrust Division, U.S. and Plaintiff States v. Google LLC [2020], https://www.justice.gov/atr/case/us-and-plaintiff-states-v-google-llc; Google, Competition: Search Trial media center, blog.google\competition\media-center-us-v-google.

opportunity to review and seek redactions to any exhibit being used in open court, and therefore, these exhibits will contain no information that Google or third parties believe is non-public. An additional round of conferral and review improperly burdens the public's right to timely access. Third, Google's argument that any prior inadvertent mistakes in redactions (which have occurred on both sides) merits limiting the public's right to access does not rise to the "compelling circumstances" needed to "prevent contemporaneous public access to [public documents]." *Munchel*, 567 F. Supp. 3d at 16 (citing *In re Application of Nat'l Broad. Co., Inc.*, 635 F.2d 945, 952 (2d Cir. 1980)). Moreover, Plaintiffs propose publishing exhibits "at the end of the trial day," thus providing time for Google to identify any errors in redaction that it believes have occurred on the versions publicly displayed in Court.[2] Finally, Plaintiffs' proposal is consistent with this Court's prior practices on the publication of admitted exhibits used in open court, including *United States v. Rhodes*, which required the admitting party to "make available to the media at the end of each trial day a copy of any admitted exhibits that has been published to the jury and not restricted by the Court for dissemination." ECF No. 327, Case No. 1:22-cv-00015-APM (D.D.C. Sept. 20, 2022) (V. "Access to Admitted Exhibits"). In this civil case, Plaintiffs merely seek the ability to publish certain exhibits already used in open court in a similar fashion.

For these reasons, Plaintiffs respectfully request that the Court enter its proposed order, **Exhibit A**, regarding the public dissemination of public documents.

---

[2] To the extent Google or a third party identifies a potential redaction error when the admitted document is displayed during a public session in Court, Plaintiffs will refrain from publicly disseminating any such exhibits until a correction has been made, to the extent necessary.

B.     **Google's Position Statement**

The only difference between the parties' proposed orders is whether Google and third-parties[3] will be given a short, 24-hour period of advance notice to ensure confidentiality redactions are properly applied. Given the sensitivity of the commercial information that is often contained in these trial exhibits and the fact that DOJ Plaintiffs have already committed errors in redacting several documents during trial, including those posted online, such advance notice is reasonable and necessary.

A 24-hour notice period will help prevent errors by the posting party from becoming irreversible breaches of information that the parties have agreed should remain confidential. This is not hypothetical—several times during this trial, DOJ Plaintiffs have failed to redact information that they agreed would remain confidential in Google's documents (in addition to several instances where DOJ Plaintiffs have read such information in open court). Indeed, on the first day of trial, DOJ Plaintiffs failed to redact information in their opening presentation, which they immediately posted online without notifying Google or the Court. Google informed DOJ Plaintiffs of this error as soon as it came to light, but by that point members of the public had already captured screenshots of the presentation from DOJ's website and shared them on Twitter. Tellingly, even though DOJ Plaintiffs have now removed all the trial exhibits they previously posted, the documents remain publicly available on numerous news websites. In this age of

---

[3] Google is not the only party that has requested such a review period. At least one third party has also requested "notice of either parties' intention to post any specific exhibits and . . . an opportunity to ensure that the redactions applied by the parties are sufficient to maintain the confidentiality of the redacted information," and Google believes that other parties share this view but are not aware of the Plaintiffs' proposed process for posting their documents without an opportunity for review. Because third parties also have an interest in this process, Google suggests affording them the opportunity to address this issue as well if the Court does not agree with Google's proposed 24-hour notice period.

5

immediate news coverage, any breach of confidentiality on the Internet—even if inadvertent—becomes permanent. A 24-hour notice period is reasonable and necessary to mitigate such irreparable harm.[4]

Moreover, a 24-hour notice period does not impinge on any right to public access. As the Court stated previously, "[i]n terms of the public's right of access, it has a right of access, but the case law doesn't make clear when it has a right of access." Aug. 11, 2023 Hr'g Tr. at 19. Courts often permit far longer than 24-hours to ensure exhibits are properly redacted before being released to the public. *See United States v. Avenatti*, 550 F.Supp.3d 36, 55 (S.D.N.Y. 2021) (providing Defendant 14 days to propose limited redactions to protect his interests).

Finally, Plaintiffs suggest that their proposed process is modelled after an order the Court entered in a recent January 6 case. As the Court has already observed, however, this case is "different" than the January 6 cases due to the types of exhibits at issue. Aug. 11, 2023 Hrg. Tr. at 19-20. As the Court recognized, "videos that are shown in a criminal trial that don't have the issues that this case does are much easier to immediately make available to the public than the kind of records that we're going to be dealing with here." *Id.*

---

[4] Google is fully justified in attempting to ensure that no further errors occur in light of the sheer magnitude of confidential material in Plaintiffs' possession and the approach Plaintiffs have taken to displaying documents in open court. Just two weeks into trial, Plaintiffs have already required Google to review for confidentiality more than 500 Google-produced documents that they purportedly intend to display in open court. That is well over the estimate of 300 exhibits Plaintiffs provided the Court for the entire trial, *see* Aug. 11, 2023 Hr'g Tr. at 47, and Plaintiffs continue to identify additional documents for confidentiality review on a near-daily basis. Google employees have expended considerable effort to meet Plaintiffs' demands for word-by-word review of these documents to avoid burdening the Court with confidentiality disputes. And while Google has provided redacted exhibits for Plaintiffs to use at trial, Plaintiffs have at times refused to use those versions and instead insisted on manually transferring the redactions to their own copies of the exhibits (changing the redaction language from "CONFIDENTIAL" to "REDACTED"). Moreover, Plaintiffs' demonstratives have often re-typed quotes from documents, rather than simply displaying the redacted documents. Both of these practices have resulted in DOJ Plaintiffs committing the redaction errors referenced above.

For these reasons, Google respectfully requests the Court enter its proposed order requiring a posting party to provide the proposed redacted version to parties with a potential confidentiality interest at least 24 hours before posting.

Dated: September 25, 2023

Respectfully submitted,

By: */s/ Kenneth M. Dintzer*
Kenneth M. Dintzer
David E. Dahlquist
Karl E. Herrmann (D.C. Bar #1022464)
Veronica N. Onyema (D.C. Bar #979040)
U.S. Department of Justice, Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 227-1967
Kenneth.Dintzer2@usdoj.gov

*Counsel for Plaintiff United States of America*

By: */s/ Margaret Sharp*
James Lloyd, Chief, Antitrust Division
Margaret Sharp, Assistant Attorney General
Office of the Attorney General, State of Texas
300 West 15th Street
Austin, Texas 78701
Margaret.Sharp@oag.texas.gov

*Counsel for Plaintiff State of Texas*

By: */s/ Matthew Michaloski*
Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and Director,
Consumer Protection Division
Matthew Michaloski, Deputy Attorney General
Christi Foust, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Matthew.Michaloski@atg.in.gov

*Counsel for Plaintiff State of Indiana*


By: */s/ Keaton Barnes*
Keaton Barnes
Arkansas Bar No. 2022161
Assistant Attorney General
Office of Tim Griffin, Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
Keaton.Barnes@ArkansasAG.gov

*Counsel for Plaintiff State of Arkansas*


By: */s/ Brian Wang*
Rob Bonta, Attorney General
Paula Blizzard, Senior Assistant Attorney General
Brian Wang, Deputy Attorney General
Carolyn Jeffries, Deputy Attorney General

Office of the Attorney General,
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Brian.Wang@doj.ca.gov

*Counsel for Plaintiff State of California*

By: */s/ Lee Istrail*
Ashley Moody, Attorney General
R. Scott Palmer, Special Counsel, Complex Enforcement Chief, Antitrust Division
Nicholas D. Niemiec, Assistant Attorney General
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com

*Counsel for Plaintiff State of Florida*


By: */s/ Daniel Walsh*
Christopher Carr, Attorney General
Margaret Eckrote, Deputy Attorney General
Daniel Walsh, Senior Assistant Attorney General
Charles Thimmesch, Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*


By: */s/ Philip R. Heleringer*
Daniel Cameron, Attorney General
J. Christian Lewis, Commissioner of the Office of Consumer Protection
Philip R. Heleringer, Executive Director of the Office of Consumer Protection
Jonathan E. Farmer, Deputy Executive Director of the Office of Consumer Protection
Office of the Attorney General, Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*

By: */s/ Christopher J. Alderman*
Jeff Landry, Attorney General
Christopher J. Alderman, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
AldermanC@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*


By: */s/ Scott Mertens*
Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*


By: */s/ Stephen M. Hoeplinger*
Stephen M. Hoeplinger
Assistant Attorney General
Missouri Attorney General's Office
815 Olive St., Suite 200
St. Louis, Missouri 63101
Stephen.Hoeplinger@ago.mo.gov

*Counsel for Plaintiff State of Missouri*

10

By: */s/ Hart Martin*
Lynn Fitch, Attorney General
Hart Martin, Special Assistant Attorney General
Crystal Utley Secoy, Assistant Attorney General
Office of the Attorney General, State of Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Hart.Martin@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*


By: */s/ Anna Schneider*
Anna Schneider
Bureau Chief
Montana Office of Consumer Protection
P.O. Box 200151
Helena, MT. 59602-0150
Phone: (406) 444-4500
Fax: 406-442-1894
Anna.schneider@mt.gov

*Counsel for Plaintiff State of Montana*


By: */s/ Mary Frances Jowers*
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney General
C. Havird Jones, Jr., Senior Assistant Deputy Attorney General
Mary Frances Jowers, Assistant Deputy Attorney General
Rebecca M. Hartner, Assistant Attorney General
Office of the Attorney General, State of South Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
mfjowers@scag.gov

*Counsel for Plaintiff State of South Carolina*

11

By: */s/ Gwendolyn J. Lindsay Cooley*
Joshua L. Kaul, Attorney General
Gwendolyn J. Lindsay Cooley, Assistant
Attorney General
Wisconsin Department of Justice
17 W. Main St.
Madison, Wisconsin 53701
Gwendolyn.Cooley@Wisconsin.gov

*Counsel for Plaintiff State of Wisconsin*


FOR PLAINTIFF STATE OF COLORADO

Jonathan B. Sallet
Special Assistant Attorney General

*/s/ Jonathan B. Sallet*
Jonathan B. Sallet, DC Bar No. 336198
Steven M. Kaufmann, DC Bar No. 1022365 (inactive)
Carla Baumel
Elizabeth W. Hereford
Conor J. May
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
E-Mails: Jon.Sallet@coag.gov
         Steve.Kaufmann@coag.gov
         Carla.Baumel@coag.gov
         Elizabeth.Hereford@coag.gov
         Conor.May@coag.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
Suite 2200
New York, NY 10036-6710
Telephone: (212) 335-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Colorado*

12

FOR PLAINTIFF STATE OF NEBRASKA

Joseph M. Conrad
Assistant Attorney General
Colin P. Snider
Assistant Attorney General
Matthew K. McKinley
Special Assistant Attorney General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-3840
E-Mails: Joseph.Conrad@nebraska.gov
  Colin.snider@nebraska.gov
  Matt.Mckinley@nebraska.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
Suite 2200
New York, NY 10036-6710
Telephone: (212) 335-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Nebraska*

FOR PLAINTIFF STATE OF ARIZONA

Robert A. Bernheim, Unit Chief Counsel
Arizona Office of the Attorney General
400 West Congress, Ste. S-315
Tucson, Arizona 85701
Telephone: (520) 628-6507
E-Mail: Robert.bernheim@azag.gov

*Counsel for Plaintiff State of Arizona*

FOR PLAINTIFF STATE OF IOWA

Noah Goerlitz, Assistant Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St., 2nd Floor
Des Moines, IA 50319
Telephone: (515) 725-1018
E-Mail: Noah.goerlitz@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

13

FOR PLAINTIFF STATE OF NEW YORK

Elinor R. Hoffmann
Morgan J. Feder
Michael Schwartz
Office of the Attorney General of New York
28 Liberty Street, 21st Floor
New York, NY 10005
Telephone: (212) 416-8513
E-Mails: Elinor.hoffmann@ag.ny.gov
        Morgan.feder@ag.ny.gov
        Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff State of New York*

FOR PLAINTIFF STATE OF NORTH CAROLINA

Kunal Janak Choksi
Joshua Daniel Abram
Jonathan R. Marx
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6000
E-Mails: kchoksi@ncdoj.gov
        jabram@ncdoj.gov
        jmarx@ncdoj.gov
        jsutton2@ncdoj.gov

*Counsel for Plaintiff State of North Carolina*

FOR PLAINTIFF STATE OF TENNESSEE

J. David McDowell
Chris Dunbar
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville.TN 37202
Telephone: (615) 741-8722
E-Mails: David.McDowell@ag.tn.gov
        Chris.Dunbar@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*

FOR PLAINTIFF STATE OF UTAH

Scott R. Ryther
Tara Pincock
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 142320
Salt Lake City, Utah 84114
Telephone: (385) 881-3742
E-Mail: sryther@agutah.gov
       tpincock@agutah.gov

*Counsel for Plaintiff State of Utah*

FOR PLAINTIFF STATE OF ALASKA

Jeff Pickett
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5100
E-Mail: Jeff.pickett@alaska.gov

*Counsel for Plaintiff State of Alaska*

FOR PLAINTIFF STATE OF CONNECTICUT

Nicole Demers
Office of the Attorney General of Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Telephone: (860) 808-5202
E-Mail: Nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

| | |
|---|---|
| FOR PLAINTIFF STATE OF DELAWARE<br><br>Michael Andrew Undorf<br>Delaware Department of Justice<br>Fraud and Consumer Protection Division<br>820 N. French St., 5th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 577-8924<br>E-Mail: Michael.undorf@delaware.gov<br><br>*Counsel for Plaintiff State of Delaware* | FOR PLAINTIFF DISTRICT OF COLUMBIA<br><br>Elizabeth Gentry Arthur<br>Office of the Attorney General for the District of Columbia<br>400 6th Street NW<br>Washington, DC 20001<br>Telephone: (202) 724-6514<br>E-Mail: Elizabeth.arthur@dc.gov<br><br>*Counsel for Plaintiff District of Columbia* |
| FOR PLAINTIFF TERRITORY OF GUAM<br><br>Fred Nishihira, Chief, Consumer Protection Division<br>Office of the Attorney General of Guam<br>590 S. Marine Corps Drive, Suite 901<br>Tamuning, Guam 96913<br>Telephone: (671) 475-3324<br><br>*Counsel for Plaintiff Territory Guam* | FOR PLAINTIFF STATE OF HAWAIʻI<br><br>Rodney I. Kimura<br>Department of the Attorney General, State of Hawaiʻi<br>Commerce & Economic Development<br>425 Queen Street<br>Honolulu, HI 96813<br>Telephone (808) 586-1180<br>E-Mail: Rodney.i.kimura@hawaii.gov<br><br>*Counsel for Plaintiff State of Hawaiʻi* |
| FOR PLAINTIFF STATE OF IDAHO<br><br>John K. Olson<br>Office of the Idaho Attorney General<br>Consumer Protection Division<br>954 W. State St., 2nd Floor<br>P.O. Box 83720<br>Boise, ID 83720<br>Telephone: (208) 334-4114<br>E-Mails: Brett.delange@ag.idaho.gov<br>         John.olson@ag.idaho.gov<br><br>*Counsel for Plaintiff State of Idaho* | FOR PLAINTIFF STATE OF ILLINOIS<br><br>Elizabeth Maxeiner<br>Brian Yost<br>Office of the Attorney General of Illinois<br>100 W. Randolph St.<br>Chicago, IL 60601<br>Telephone: (773) 590-7935<br>E-Mails: Elizabeth.maxeiner@ilag.gov<br>          Brian.yost@ilag.gov<br><br>*Counsel for Plaintiff State of Illinois* |

FOR PLAINTIFF STATE OF KANSAS

Lynette R. Bakker
Kansas Office of the Attorney General
120 S.W. 10th Avenue., 2nd Floor
Topeka, KS 66612
Telephone: (785) 296-3751
E-Mail: Lynette.bakker@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

FOR PLAINTIFF STATE OF MAINE

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
August, ME 04333
Telephone: (207) 626-8800
E-Mail: Christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

FOR PLAINTIFF STATE OF MARYLAND

Schonette J. Walker
Gary Honick
Office of the Attorney General of Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Telephone: (410) 576-6480
E-Mails: swalker@oag.state.md.us
ghonick@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

FOR PLAINTIFF COMMONWEALTH MASSACHUSETTS

William T. Matlack
Michael B. MacKenzie
Office of the Attorney General of Massachusetts
One Ashburton Place, 18th Fl.
Boston, MA 02108
Telephone: (617) 727-2200
E-Mails: William.matlack@mass.gov
Michael.Mackenzie@mass.gov

*Counsel for Plaintiff State of Massachusetts*

FOR PLAINTIFF STATE MINNESOTA

Zachary William Biesanz
Office of the Minnesota Attorney General
Consumer, Wage, and Antitrust Division
445 Minnesota Street, Suite 1400
St. Paul, MN 55101
Telephone: (651) 757-1257
E-Mail: Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

FOR PLAINTIFF STATE OF NEVADA

Michelle Christine Newman
Lucas J. Tucker
Nevada Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
Telephone: (775) 684-1164
E-Mails: mnewman@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

16

| | |
|---|---|
| FOR PLAINTIFF STATE OF NEW HAMPSHIRE<br><br>Brandon Garod<br>Office of Attorney General of New Hampshire<br>33 Capitol Street<br>Concord, NH 03301<br>Telephone: (603) 271-1217<br>E-Mail: Brandon.h.garod@doj.nh.gov<br><br>*Counsel for Plaintiff State of New Hampshire* | FOR PLAINTIFF STATE OF NEW JERSEY<br><br>Isabella R. Pitt<br>Deputy Attorney General<br>New Jersey Attorney General's Office<br>124 Halsey Street, 5th Floor<br>Newark, NJ 07102<br>Telephone: (973) 648-7819<br>E-Mail: Isabella.Pitt@law.njoag.gov<br><br>*Counsel for Plaintiff State of New Jersey* |
| FOR PLAINTIFF STATE OF NEW MEXICO<br><br>Judith E. Paquin<br>Cholla Khoury<br>Assistant Attorney General<br>New Mexico Office of the Attorney General<br>408 Galisteo St.<br>Santa Fe, NM 87504<br>Telephone: (505) 490-4885<br>E-Mails: jpaquin@nmag.gov<br>          ckhoury@nmag.gov<br><br>*Counsel for Plaintiff State of New Mexico* | FOR PLAINTIFF STATE NORTH DAKOTA<br><br>Elin S. Alm<br>Assistant Attorney General<br>Consumer Protection and Antitrust Division<br>Office of the Attorney General of North Dakota<br>1720 Burlington Drive, Suite C<br>Bismarck, ND 58504<br>Telephone: (701) 328-5570<br>E-Mail: ealm@nd.gov<br><br>*Counsel for Plaintiff State of North Dakota* |
| FOR PLAINTIFF STATE OHIO<br><br>Jennifer Pratt<br>Beth Ann Finnerty<br>Mark Kittel<br>Office of the Attorney General of Ohio<br>30 E Broad Street, 26th Floor<br>Columbus, OH 43215<br>Telephone: (614) 466-4328<br>E-Mails:<br>Jennifer.pratt@ohioattorneygeneral.gov<br>Beth.finnerty@ohioattorneygeneral.gov<br>Mark.kittel@ohioattorneygeneral.gov<br><br>*Counsel for Plaintiff State of Ohio* | FOR THE PLAINTIFF STATE OKLAHOMA<br><br>Caleb J. Smith<br>Office of the Oklahoma Attorney General<br>313 NE 21st St<br>Oklahoma City, OK 73105<br>Telephone: (405) 522-1014<br>E-Mail: Caleb.Smith@oag.ok.gov<br><br>*Counsel for Plaintiff State of Oklahoma* |

<table>
<tr><td>

FOR PLAINTIFF STATE OREGON

Cheryl Hiemstra
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301
Telephone: (503) 934-4400
E-Mail: Cheryl.hiemstra@doj.state.or.us

*Counsel for Plaintiff State of Oregon*

</td><td>

FOR PLAINTIFF COMMONWEALTH PENNSYLVANIA

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
E-Mails: jbetsko@attorneygeneral.gov
         twertz@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of Pennsylvania*

</td></tr>
<tr><td>

FOR PLAINTIFF TERRITORY PUERTO RICO

Guarionex Diaz Martinez
Assistant Attorney General
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902
Telephone: (787) 721-2900, Ext. 1201
E-Mail: gdiaz@justicia.pr.gov

*Counsel for Plaintiff Territory Puerto Rico*

</td><td>

FOR PLAINTIFF STATE RHODE ISLAND

Stephen Provazza
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
E-Mail: SProvazza@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

</td></tr>
<tr><td>

FOR PLAINTIFF STATE SOUTH DAKOTA

Yvette K. Lafrentz
Office of the Attorney General of South Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
E-Mail: Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff State of South Dakota*

</td><td>

FOR PLAINTIFF STATE VERMONT

Christopher J. Curtis
Assistant Attorney General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
Telephone: (802) 828-3170
E-Mail: Ryan.kriger@vermont.gov

*Counsel for Plaintiff State of Vermont*

</td></tr>
</table>

| | |
|---|---|
| FOR PLAINTIFF COMMONWEALTH VIRGINIA<br><br>Tyler T. Henry<br>Office of the Attorney General of Virginia<br>202 N. 9th Street<br>Richmond, VA 23219<br>Telephone: (804) 692-0485<br>E-Mail: thenry@oag.state.va.us<br><br>*Counsel for Plaintiff State of Virginia* | FOR PLAINTIFF STATE WASHINGTON<br><br>Amy Hanson<br>Washington State Attorney General<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104<br>Telephone: (206) 464-5419<br>E-Mail: Amy.hanson@atg.wa.gov<br><br>*Counsel for Plaintiff State of Washington* |
| FOR PLAINTIFF STATE WEST VIRGINIA<br><br>Douglas Lee Davis<br>Office of the Attorney General, State of West Virginia<br>1900 Kanawha Boulevard, East<br>Building 6, Suite 402<br>P.O. Box 1789<br>Charleston, WV 25305<br>Telephone: (304) 558-8986<br>E-Mail: Douglas.l.davis@wvago.gov<br><br>*Counsel for Plaintiff State of West Virginia* | FOR PLAINTIFF STATE WYOMING<br><br>Benjamin Peterson<br>Wyoming Attorney General's Office<br>2320 Capitol Avenue<br>Kendrick Building<br>Cheyenne, WY 82002<br>Telephone: (307) 777-6397<br>E-Mail: Benjamin.peterson2@wyo.gov<br><br>*Counsel for Plaintiff State of Wyoming* |

WILLIAMS & CONNOLLY LLP

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

        WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

*Counsel for Defendant Google LLC*