# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| GOOGLE LLC, | |
| Defendant. | |
| STATE OF COLORADO, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| GOOGLE LLC, | |
| Defendant. | |

### [PROPOSED] Order on Posting Trial Materials

There is a "presumption of public access" for civil trials, including proceedings and trial exhibits, that may be "overcome only by an overriding interest . . . to preserve higher values," "narrowly tailored to serve that interest." *Nat'l Ass'n of Waterfront Emps. v. Chao*, 587 F. Supp. 2d 90, 98 (D.D.C. 2008) (internal quotation marks omitted).  Accordingly, at the end of the trial day, a Party (the "Posting Party") may post on the internet or otherwise disseminate to the public an admitted trial exhibit or a demonstrative exhibit in the form it was used and admitted in trial, including any redactions pursuant to the court-ordered confidentiality process, , so long as the Posting Party redacts all "personal identifiers," as defined in Local Rule 5.4(f), as well as other personal identifiable information including direct telephone numbers, personal addresses, and the

2

beginning of email addresses (i.e., everything before the "at" (@) symbol but not including

names and affiliations of senders and recipients and the domain portion of email addresses (e.g.,

@usdoj.gov)).

For avoidance of doubt, a Party may not post exhibits solely used in the closed session or

those "pushed" into evidence and not used in open court, without prior consultation with the

Court about the appropriate process for doing so.

SO ORDERED.

Dated: September __, 2023

_____
Amit P. Mehta
United States District Court Judge