# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>Google LLC,<br><br>　　　　　　　　　Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>Google LLC,<br><br>　　　　　　　　　Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

## DEFENDANT'S MOTION TO ENFORCE COURT ORDER REGARDING TRIAL SCHEDULE

After two weeks of trial, the DOJ Plaintiffs informed Google that they intended to violate the Court's pretrial scheduling order by significantly extending the length of time to complete their case, pushing back by nearly a week when Google was scheduled to begin putting on its case, and allotting to themselves three days of rebuttal witness testimony during the week of Thanksgiving. This substantial departure from the Court's pretrial Orders is unjustified and will cause significant hardship, particularly for the witnesses who Google anticipates calling in its case and who already have set their professional and private life schedules in reliance on the parties' scheduling disclosures and the Court's scheduling Order. *See* June 30, 2023 Order (ECF No. 610). The DOJ

Plaintiffs' failure to abide by their own witness schedule disclosures to date have significantly inconvenienced numerous Google and third-party witnesses. But rather than streamline their upcoming presentations to comply with the Court's Order, the DOJ Plaintiffs now demand to extend the schedule for their case as well as the time set for trial as a whole to cover up for—and indeed reward—their shortcomings.

The DOJ Plaintiffs lack good cause for their proposed modifications of the trial schedule. Google therefore respectfully requests the Court enforce the Court's pretrial Order regarding the timing for completion of the DOJ's case.

## **PROCEDURAL HISTORY**

The Court initially suggested that five and a half weeks would be an appropriate length of time to try the DOJ Plaintiffs' case. *See* Dec. 18, 2020 Hr'g Tr. at 69. More recently, at the June 28 status conference, notwithstanding the Court's observations that "the evidence can get duplicative pretty quickly," and "we don't need four witnesses when sometimes two will do," the DOJ Plaintiffs ultimately requested 105 hours, or three and a half weeks of trial time. June 28, 2023 Hr'g Tr. at 6, 9. During that same hearing, counsel for the Colorado Plaintiffs observed that they have "two distinct issues on SA360 and SVPs," and estimated they would need two additional weeks of trial time. *Id.* at 4–5, 10.

On June 30, 2023, the Court entered an Order (ECF No. 610) providing the Plaintiffs with the trial time that they had requested. The DOJ Plaintiffs' case-in-chief was to conclude on or about October 6, 2023 and the Colorado Plaintiffs' case-in-chief was to conclude on or about October 24, 2023. Order at 2. Google's case-in-chief was to conclude on or about November 15, 2023. *Id.* "Time for rebuttal cases, *if any*," was left to be determined. *Id.* (emphasis added).

At the July 19 status conference, the Court acknowledged the need to identify the

anticipated order of witnesses, so that "Google in particular can begin notifying witnesses and making sure they're available." July 19, 2023 Hr'g Tr. at 16. The Court also observed that "105 hours and 65 hours certainly ought to be enough time to present both cases, including cross-examination." *Id.* at 23.

Thereafter, on August 3, 2023, the Court granted summary judgment on the Colorado Plaintiffs' "claims that rest on Google's conduct directed at SVPs"—substantially narrowing the Colorado Plaintiffs' case—and also granted summary judgment on various other agreements and conduct that the DOJ Plaintiffs and the Colorado Plaintiffs had featured in their Complaints. *See* Aug. 3, 2023 Mem. Op. (ECF No. 624) at 53, 57–60. In the weeks before trial began, the Court also narrowed the evidence to be presented by the DOJ by granting Google's motion *in limine* with respect to Google's Android Operating System design decisions, Sept. 4, 2023 Order (ECF No. 683) at 1, and by acknowledging that Google's Android Compatibility Commitments and Anti-Fragmentation Agreements were not a basis for "an independent allegation of anti-competitive conduct," Sept. 1, 2023 Hr'g Tr. at 43.

On August 4, 2023, the Court issued an Order requiring the Parties to make certain "disclosures related to the schedule of witnesses at trial." Aug. 4, 2023 Order (ECF No. 625) at 1. This required the Plaintiffs to disclose to Google "their proposed order for all witnesses they may call live at trial in their cases-in-chief," including "the week in which the Plaintiffs expect to call the witness" and "the estimated time for their direct examination." *Id.* The Order required Google to "provide to Plaintiffs their proposed order" for witnesses in Google's case in chief on September 5, including "the week in which Google expects to call the witness, and the estimated time for the direct examination." *Id.* at 2.

The Parties complied with the Court's August 4 Order. On August 15, the DOJ Plaintiffs

3

disclosed to Google their anticipated order of witnesses by week, with their case-in-chief closing on October 6, consistent with the June 30 Order. *See* Ex. 1, C. Maddox Ltr. and Attachment to C. Connor (Aug. 15, 2023). And after Google expressly raised with the Court in the August 9, 2023 Joint Status Report the fact that the Colorado Plaintiffs had not responded to a request by Google to amend their witness list to reflect the Court's summary judgment ruling, the Colorado Plaintiffs stated that they would address this issue in their Court-ordered August 15 trial witness schedule. Aug. 9, 2023 Joint Status Report (ECF No. 636) at 3, 5.

The Colorado Plaintiffs thereafter disclosed their trial witness schedule, which anticipated that they would begin presenting their case-in-chief during the week of October 10 per the Court's prior June 30 Order, with only two witnesses anticipated for the week of October 16 in light of the Court's summary judgment ruling that curtailed the scope of their case. *See* Ex. 2, M. McKinley Ltr. to J. Schmidtlein (Aug. 15, 2023). Given that the Colorado Plaintiffs only anticipated two witnesses the week of October 16, Google's responsive disclosure, made on September 5 pursuant to Court Order, indicated that its case-in-chief would begin that week, and would conclude no later than the week of November 6. Also on September 5, 2023, the DOJ Plaintiffs reaffirmed their intention to close their case-in-chief by October 6, 2023. *See* Ex. 3, Email and Attachment from M. Hammond to G. Safty et al. (Sept. 5, 2023) at 8. Since those disclosures, Google has planned its case accordingly, including through the scheduling of Google witness testimony consistent with its September 5 disclosure.

On the evening of Sunday, September 24, counsel for the DOJ Plaintiffs requested that Google agree to a wholesale modification of the trial schedule. Rather than the DOJ Plaintiffs' case closing on October 6 as required by the Court's Order, and the Colorado Plaintiffs' case closing on or about October 16–17 in accordance with its August 15 post-summary judgment

4

disclosure, *see* Ex. 2, the DOJ Plaintiffs now propose that their case be extended at least ten days until October 16–18.  *See* Exs. 4–5, Email and Attachment from M. McLellan to G. Maier et al. (Sept. 24, 2023).  They now propose to call numerous fact witnesses during the week of October 10 when the States' case was to begin, and to call their economic expert on or around October 16–18—a significant expansion that would result in the Colorado Plaintiffs' case closing *more than a week later*, on October 25, and over a week after Google's case was to begin under the parties' pretrial disclosed schedules.  Ex. 5 at 2.  The DOJ Plaintiffs also seek "at least three days of rebuttal"—which would have the trial ending, at the earliest, on the Tuesday before Thanksgiving (November 21, 2023).  Ex. 4 at 1; Ex. 5 at 4.  While the DOJ Plaintiffs first stated that they would "file a request with the Court tomorrow, asking that it order the requested adjustment" if Google did not agree, Ex. 4 at 1, the DOJ Plaintiffs then changed course after Google informed them of its objection, stating that it "reserved all rights to respond" after Google submitted its objection to the Court, Ex. 6, M. McLellan Email to J. Schmidtlein et al. (Sept. 26, 2023) at 1.

## ARGUMENT

There is no good cause to further extend what was already a generous trial schedule.  This Court may "establish[] a reasonable limit on the time allowed to present evidence."  Fed. R. Civ. P. 16(c)(2)(O).  "A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

The Court previously had it right—nearly four weeks is ample time for the DOJ Plaintiffs to put on their case.  *See* July 19, 2023 Hr'g Tr. at 23.  The case developments since the June 30 scheduling Order (ECF No. 610)—including the Court's summary judgment opinion (ECF No. 624), and additional decisions relating to Android Operating System, Android Compatibility Commitments, and Anti-Fragmentation Agreement evidence, *see* Sept. 4, 2023 Order (ECF No.

5

683); Sept. 1, 2023 Hr'g Tr. at 43—should have shortened the necessary presentation of evidence at trial, not lengthened it. But rather than honor the schedule and the clear implications of the Court's decisions, the DOJ Plaintiffs are now proposing a substantial schedule extension.

The DOJ Plaintiffs' case-in-chief has been long slated to "conclude on or about October 6, 2023." June 30, 2023 Order (ECF No. 610) at 2. This understanding was reinforced by the Parties' August 15, 2023 and September 5, 2023 witness order and time estimate disclosures. *See* Exs. 1– 3. But their current proposal upends that understanding: the DOJ Plaintiffs now wish to present their case-in-chief through October 18—dates in the *sixth* week of trial. *See* Ex. 5 at 2.

The DOJ Plaintiffs alone are responsible for their scheduling dilemma. They have routinely exceeded their timing estimates for their own direct examinations, sometimes by well over an hour, and the number of witnesses that they insisted upon scheduling was never realistic. Despite their plans to call 17 witnesses in the first two weeks, *see* Ex. 3 at 7, only 11 made it through. This failure to stick to the schedule has not been a result of Google's examinations—the DOJ Plaintiffs have used over 70% of the trial time to-date, with the remainder divided between the Colorado Plaintiffs and Google. This is in proportion with what the DOJ Plaintiffs expected. *See* Sept. 1, 2023 Hr'g. Tr. at 21 (Mr. Dintzer: "[I]n a typical case of this type, you know, you assume about half as much time on cross as on direct.").

The DOJ Plaintiffs' inability to stick to their own schedule has already inconvenienced many Google and third-party witnesses. In just the past two weeks, four Google witnesses (Mr. Yoo, Mr. Roszak, Ms. Kartasheva, and Ms. Braddi) have made cross-country or trans-Atlantic trips to Washington, DC to provide trial testimony, only to find that their day in court was pushed off to the following week or even further into the future. If the Court allows the DOJ Plaintiffs' proposal, then *all* of the witnesses that Google intends to call in its case-in-chief will have to be

rescheduled by at least a week or more, compared to what was contemplated and disclosed by Google on September 5 based on the Plaintiffs' disclosures. *See* Exs. 1–3. Google and its witnesses relied upon the pretrial disclosures and have planned their schedules accordingly. Allowing Plaintiffs to disrupt these schedules at this date is unjustified and will require significant re-evaluation of witness scheduling in the middle of trial. Finally, there is no need to prematurely grant the DOJ Plaintiffs "at least three days" for a rebuttal case that would risk extending this case into the week of Thanksgiving—something that none of the parties or their counsel contemplated when the Court generously gave the Plaintiffs twice the amount of time that the Court initially contemplated for this case.

## **CONCLUSION**

The significant scheduling alteration proposed by the DOJ Plaintiffs lacks good cause, would inconvenience the many remaining witnesses, and would disrupt the scheduling and presentation of Google's case. The request should be denied, and the DOJ Plaintiffs' case-in-chief should be required to close on or about October 6, 2023, as previously ordered.

Dated: September 27, 2023          Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
Wendy Huang Waszmer (D.C. Bar No. 1631078)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com
wwaszmer@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*