IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 1:20-cv-03010-APM <br><br> HON. AMIT P. MEHTA |

**DOJ PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION TO
ENFORCE COURT ORDER REGARDING TRIAL SCHEDULE**

DOJ Plaintiffs oppose Google's motion, which it has styled as one to "enforce" the Court's June 30, 2023 scheduling order and filed without a meet and confer. *See* ECF No. 720 (Def. Mot.); *see also* ECF No. 610 ("Order"); ECF No. 625 (Aug. 4, 2023 Order). DOJ Plaintiffs' revised schedule includes modest changes that will only extend the parties' cases-in-chief by one day. The revised schedule is within the hourly limits in the Court's June 30 Order, and will allow DOJ Plaintiffs to examine three witnesses during the Colorado Plaintiffs' case-in-chief—changes that are necessary to accommodate witness scheduling issues. It also includes three days for rebuttal.

This Court already noted that, with respect to witness testimony, "[a]ll parties recognize that changes may occur and will work together to accommodate any changes that may arise." ECF No. 625 at 3. DOJ Plaintiffs' revised schedule seeks no more.

**I.      The Court's Request For An Update From DOJ Plaintiffs On The Trial Schedule**

At the close of the trial day on Friday, September 22, 2023, the Court asked Plaintiffs for an update on timing as it relates to the trial schedule. *See* Sept. 22, 2023 Trial Tr. 2371:5–7 ("And let me just ask where plaintiffs see themselves in the time horizon of their case, now that

we're a couple of weeks in."). Consistent with the Court's request, and with the benefit of two weeks of completed trial, DOJ Plaintiffs assessed what changes we require in light of factors that were not apparent before trial began, such as the amount of time that the parties have spent examining witnesses, unexpected witness availability and scheduling issues, and the amount of time devoted each day to witness testimony (as compared to issues such as evidentiary disputes and confidentiality challenges).

On September 24, 2023, DOJ Plaintiffs relayed modest proposed scheduling changes to Google in an effort to engage in the meet and confer process. After Google indicated that it opposed these changes, DOJ Plaintiffs provided a copy of the revised witness schedule to the Court on September 26, 2023. Notably, and as explained in Section III below, DOJ Plaintiffs seek only *one* additional day to present witness testimony in this case, plus the flexibility to call three witnesses during the Colorado Plaintiffs' case-in-chief. DOJ Plaintiffs also seek up to three days for rebuttal testimony.

**II.     The Current Trial Schedule**

The Court's scheduling order currently contemplates that "[t]he DOJ Plaintiffs' case-in-chief shall conclude on or about October 6, 2023 (appx. 105 hours)" and further that the "Colorado Plaintiffs' case-in-chief shall begin on or about October 9, 2023, and conclude on or about October 24, 2023 (appx. 65 hours)[.]" Order at 2 (emphasis removed). The Order indicates that "Google's case-in-chief shall begin on or about October 25, 2023, and conclude on or about November 15, 2023 (appx. 98 hours)[.]" *Id*. It further states that the Court will not sit on the following days: September 25, September 29, October 20, and October 23, 2023. *Id*. At the September 1, 2023 pretrial conference, the Court also indicated that it would not sit on October

13, 2023. Hearing Tr. 91:21–92:1. In addition, the Order contemplates rebuttal witnesses, but does not include a schedule for that testimony. *Id*.

### III. DOJ Plaintiffs Request Modest Scheduling Changes To Accommodate Witness Availability And To Specify Time For Rebuttal

DOJ Plaintiffs' revised schedule includes modest changes, as explained below.

*First*, DOJ Plaintiffs request the flexibility to call three witnesses during the Colorado Plaintiffs' case-in-chief. This change is necessary to accommodate witness availability and scheduling issues. Most notably, one of Plaintiffs' experts, Kinshuk Jerath, recently learned that he must travel internationally the week of October 2 due to a death in the family. Given the complications of scheduling multiple witnesses in this large multi-week trial, Plaintiffs cannot call Mr. Jerath before the Colorado Plaintiffs' case-in-chief begins and thus seek to move his testimony until later in the case. The new schedule contemplates that DOJ Plaintiffs will call two other witnesses during the Colorado Plaintiffs' case-in-chief: Mike James, an Amazon employee (who is not available before October 10, 2023), and one of DOJ Plaintiffs' other experts, Mike Whinston (due to scheduling issues in the Colorado Plaintiffs' case).

*Second*, DOJ Plaintiffs request that the Colorado Plaintiffs' case-in-chief conclude on October 25, 2023, which is one day past the current estimate of October 24, 2023.[1] Notably, this request contemplates DOJ Plaintiffs completing their presentation of evidence in 105 hours, in line with the Court's allocated time estimate. *See* Order at 2. Consistent with this change, DOJ Plaintiffs also seek to extend the time of Google's case-in-chief by one day, to November 16, 2023.

---

[1] The Court's order makes clear that DOJ Plaintiffs case-in-chief shall conclude "on ***or about*** October 24, 2023" *see* Order at 2 (emphasis added), which contemplates that this timing is not an exact science.

*Third*, DOJ Plaintiffs seek to specify the number of days for rebuttal, given that the current scheduling Order does not include a length of time. We request up to three days for rebuttal testimony.

Good cause exists for the DOJ Plaintiffs' revised schedule. As an initial matter, DOJ Plaintiffs have already streamlined our witness testimony to date, cutting questions, topics, and witnesses with the aim of providing the Court with testimony that is not duplicative. We have also designated testimony and pushed documents into evidence to ensure that court time is best used for witness testimony.

Furthermore, DOJ Plaintiffs communicate regularly with Google, the Colorado Plaintiffs and third parties in a timely manner regarding possible changes to witness order. However, this process is complicated by the fact that Google has refused to provide any estimates regarding the length of its cross examinations and limited estimates of its direct examinations (e.g., Google only discloses that it does not intend to exceed time used by Plaintiffs). As with any trial, witness scheduling requires flexibility given that one witness may take more time than expected, another may take less, and yet another may become unavailable unexpectedly.

**CONCLUSION**

For the above reasons, the Court should deny Google's motion.

Dated: September 27, 2023                    Respectfully submitted,

*/s/ Kenneth M. Dintzer*
Kenneth M. Dintzer
*/s/ Veronica N. Onyema*
Veronica N. Onyema (D.C. Bar #979040)
Michael G. McLellan (D.C. Bar #489217)

U.S. Department of Justice
Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 227-1967
Kenneth.Dintzer2@usdoj.gov

*Counsel for Plaintiff*
*United States of America*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2023, I caused the foregoing document to be filed with the Clerk of Court using the Court's Electronic Document Filing System, which served copies on all counsel of record.

*/s/ Veronica N. Onyema*
Veronica N. Onyema

*Counsel for Plaintiff United States of America*