IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 1:20-cv-03010-APM <br><br> HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 1:20-cv-03715-APM <br><br> HON. AMIT P. MEHTA |

**NON-PARTY VERIZON'S STATEMENT REGARDING
THE CONFIDENTIALITY OF THE TESTIMONY OF BRIAN HIGGINS**

Non-Party Verizon respectfully submits this statement in support of a narrow request to keep certain limited testimony of Verizon executive Brian Higgins under seal to avoid the potentially prejudicial release of sensitive, high-level internal discussions between senior executives. Verizon's proposal, which the DOJ opposes, is consistent with the *Hubbard* factors and the Court's guidance.

Mr. Higgins testified on September 18 about his role as Senior Vice President of Device Marketing and Product through both a public session and a sealed, closed-door session, as permitted by the Parties. His confidential testimony largely focused on Verizon's negotiations with Google and the resulting execution of a revenue share agreement in 2021. As shown by the transcript emailed to the Court yesterday evening (October 9), Verizon has strictly adhered to the

1

Court's guidance to non-parties and from the lengthy closed-door session has requested to only redact the limited portions falling within the categories identified by the Court (*e.g.*, "project names," "internal financial numbers," and certain "high-level discussions between senior executives about potential partnerships"). Oct. 4, 2023 Trial Tr. 4366:9-4368:13.

Of the limited testimony Verizon seeks to redact, the DOJ has objected to two portions—both of which contain competitively sensitive internal discussions among Verizon's executives about its negotiation with Google. These specific lines track the precise internal statements of Mr. Higgins, Mr. Sampath (at the time the Chief Financial Officer of Verizon Media Group), and Mr. Dunne (at the time the Chief Executive Officer of Verizon's Consumer Group) as they expressed their interests, impressions, and action items as they assessed the revenue share amounts at issue in the negotiation with Google. *See* Higgins Tr. 1063:19-24, 1064:8-12, 1064:17-20, 1064:22-1065:1, 1065:10-15, 1065:17-24, 1066:3-4, 1066:13-14, 1066:21-22, 1067:2-9, 1069:1-5. Significantly, Verizon seeks to keep sealed only these specific quoted statements made by its executives due to their heightened sensitivity, while Verizon has agreed to make public the more generalized descriptions of the same subject matter found throughout the rest of the transcript. *See*, *e.g.*, Higgins Tr. 1075:14-21, 1092:6-1095:24 (describing in general terms the negotiation with Google regarding Yahoo!).

As the Court can see from the Parties' submission, while the DOJ maintains objections to these particular senior executive discussions, it does *not* oppose the sealing of this same exact type of information elsewhere in the transcript. *See* Higgins Tr. 1067:10-1068:21, 1097:1-21, 1099:3-15 (reflecting the unobjected to portions that describe an internal assessment of the payment terms discussed between Mr. Higgins and Mr. Dunne). As a third-party to this litigation, Verizon simply asks that such sensitive communications reflecting internal senior executive assessments and

decision-making be granted the same protections from public disclosure. Consistent application of the *Hubbard* standard and the Court's guidance warrant overruling the DOJ's objections and sealing just the two specific portions of testimony: one that describes a discussion between Mr. Higgins with Mr. Sampath (at Higgins Tr. 1063-1065); and another that captures a few preceding and trailing lines still describing a discussion between Mr. Higgins and Mr. Dunne to which the DOJ does not otherwise object to sealing (at Higgins Tr. 1066-1067 and 1069).

Non-party Verizon respectfully requests that the Court keep sealed these extremely limited portions of internal, high-level executive discussions to avoid the public disclosure of such potentially prejudicial information.

Dated: October 10, 2023                                    Respectfully submitted,


                                                           */s/ Judith A. Zahid*
                                                           Judith A. Zahid (*pro hac vice*)
                                                           **ZELLE LLP**
                                                           555 12th Street, Suite 1230
                                                           Oakland, CA 94607
                                                           Tel.: (415) 693-0700
                                                           jzahid@zellelaw.com

                                                           *Attorneys for Non-Party Verizon*

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2023, the foregoing document was electronically submitted with the clerk of the court for the United States District Court, District of Columbia, using the electronic case file system of the court. The electronic case file system sent a "Notice of Electronic Filing" to all counsel of record.

*/s/ Judith A. Zahid*
Judith A. Zahid
