# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

| | |
|---|---|
| State of Colorado, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

## DEFENDANT GOOGLE LLC'S MEMORANDUM REGARDING THE CONFIDENTIALITY OF THE TRIAL TESTIMONY OF <u>ERIC LEHMAN, MICHAEL ROSZAK AND JONATHAN YOO</u>

Google respectfully submits the following statement regarding the proposed redactions to the sealed testimony of Eric Lehman, Michael Roszak, and Jonathan Yoo.  In an email sent to the Court on Friday, October 13, DOJ indicated its opposition to a number of Google's targeted redactions to the sealed testimony of these three witnesses.  Google respectfully submits that its proposals are supported by the *Hubbard* factors.

I.      **Redactions to the Sealed Testimony of Eric Lehman**

With respect to Mr. Lehman's closed court testimony, Google seeks to seal specific non-public details regarding techniques and models that have been used in ranking search results. *E.g.*, Lehman Tr. 1805:6-13, 1806:9-18, 1807:6-12, 1808:14-15, 1845:12-20, 1893:24-1894:4. Disclosure of these technical details would create an unjustified risk to the company's competitive standing for two distinct reasons.  First, disclosure would enable competitors to copy the details of Google's implementations, without having to invest in the same extensive research and development that Google has conducted.  *See, e.g.*, Aug. 9, 2023 Declaration of Erin Simon ¶ 7.  Second, DOJ's examination of Mr. Lehman focused on a pair of ranking components that incorporate aggregated and anonymized clicks, taps, or other forms of interaction with Google's search results page.  Disclosure of non-public details regarding these particular components—which are still used by Google today—can cause certain actors to take steps designed to elevate spam, misinformation, or less relevant content based on perceptions about what contributes to the ranking of Google search results.  *See, e.g.*, *id.* ¶ 5.

Google's proposals are consistent with precedent and the Court's guidance regarding the sealing of trade secrets and other non-public technical details.  *E.g.*, Oct. 4, 2023 Trial Tr. 4366:16-23.  Moreover, when third-party witnesses have been examined in open court about the non-public aspects of their search engines, Google's counsel has avoided eliciting specific numbers and other details reflected in documents the third parties contend are confidential.  *See,*

1

*e.g.*, Parakhin Tr. 2756:3-2757:1 (alluding to the "description of a [search] project" set forth in a document rather than reading the metrics and other details into the record).  Plaintiffs present no compelling reason for differing treatment of the material proposed to be redacted here.

## II.    Redactions to the Sealed Testimony of Michael Roszak

DOJ's proposed redactions to Mr. Roszak's sealed testimony are too narrow in four key respects.

First, DOJ has again refused to accept redactions that are necessary to prevent disclosure of specific commercially sensitive contract terms that the Court has already ruled should remain sealed for present purposes.  *Compare* Roszak Tr. 1685:12-25, 1686:14-19 (describing a specific provision of the current ISA between Apple and Google) *with* Oct. 4, 2023 Trial Tr. 4368:4-13 (concluding that testimony describing that very same provision should remain sealed at this time because "if disclosed [it] could create a … competitive disadvantage for Google and any future negotiations with potential partners"); *see also* Oct. 3, 2023 Memo. (ECF 727) at 2-3.

Second, DOJ acknowledges that non-public financial metrics, revenue share percentages, and related figures should be redacted, yet at the same time it proposes unredacting statements by the examiner that would reveal sensitive information about those numbers.  *Compare* Roszak Tr. 1615:23 (agreeing to redact a number that is internal to Google) *with* 1616:5-7 (proposing to unredact a characterization of that same number as "double[]" a figure that is not internal to Google); *see also, e.g.*, *id.* 1627:20-21, 1629:15, 1667:16-17, 1677:5-20.  To offer another example, DOJ has declined to redact a revenue share percentage from an agreement with a particular partner (*id.* at 1687:3), even though it has recognized in examinations of other witnesses and elsewhere in Mr. Roszak's own transcript that that same commercially sensitive figure should be redacted (*e.g.*, *id.* at 16:82:8-13, 1683:3, 1687:9).

Third, DOJ seeks to unseal internal project names and terminology that are commercially sensitive and do not meaningfully contribute to public access given that Google generally is not seeking to redact the questions and answers regarding the nature of the project or inquiry. *See, e.g.*, *id.* at 1658:22-1659:23, 1663:17-25, 1666:24-1667:10; *see also* Oct. 4, 2023 Trial Tr. 4366:20-21 (redacting "project names that are not a matter of public record").

Fourth, DOJ opposes targeted redactions to an internal financial analysis, the disclosure of which could harm Google's competitive standing in relation to its partners and competitors. *E.g.*, Roszak Tr. 1678:6-1679:4, 1680:4-10, 1683:1-1684:3, 1687:1-20. Disclosure of these details would uniquely disadvantage Google because it maximized public access to the proceedings by examining non-parties in open court without reading into the record the projections or estimates that they contend are confidential. *See, e.g.*, Tinter Tr. 3300:18-3301:25.

## III.    Redactions to the Sealed Testimony of Jonathan Yoo

Finally, Google seeks to redact a narrow portion of Mr. Yoo's examination. *E.g.*, Yoo Tr. 13:11-15, 13:24-14:9, 15:9-18. There can be only minimal interest in this case in public access to the excerpts at issue because, as the testimony indicates, the questions were directed to a proposal that predominantly relates to partners that do not even sell devices in the U.S. *Id.* 13:17-23; *see* Oct. 10, 2023 Memo. (ECF 729) at 2 n.4. By contrast, the risk of harm to Google's competitive standing is significant because of the one-sided disclosure of Google's internal assessment of strategic considerations and recent negotiations with OEMs that are not otherwise involved in this case. *See* Oct. 10, 2023 Memo. (ECF 729) at 2 (citing a declaration and prior sealing determinations).

Dated:  October 17, 2023                  Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
Wendy Huang Waszmer (D.C. Bar No. 1631078)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com
wwaszmer@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*