**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

| | |
|---|---|
| State of Colorado, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

**DEFENDANT GOOGLE LLC'S RESPONSE TO THE COURT'S ORDER REGARDING
UPX0552, UPX0137, AND THE DECLARATION OF SANG EUN (KATE) LEE**

In response to the Court's Order of October 16, 2023, Google respectfully submits the

following additional information regarding UPX0552, UPX0137, and the August 8, 2023

declaration of Sang Eun (Kate) Lee.

UPX0552.  On August 18, 2023, Plaintiffs identified for Google, pursuant to ECF No.

640, portions of exhibits that Plaintiffs intended to rely upon at trial that may contain confidential

business information or trade secrets.  Accordingly, Plaintiffs sought confidentiality review of

specific, limited portions of UPX0552, *i.e.*, only those portions that Plaintiffs sought to examine

the witness on.  In response, Google provided the version of UPX0552 enclosed as Exhibit A, in

which Google indicated the portions that were "Not Reviewed for Confidentiality" (because they

were not identified by Plaintiffs and not used during examination) and the portions that were

reviewed and deemed "Confidential" based on a consideration of all applicable factors.[1]  The

only redaction requested by Google is at the second paragraph of the last-in-time email on the

first page.  The redaction obscures a revenue share percentage, which Google maintains is

commercially sensitive because it remains a party to a revenue share agreement with

Apple.  While the agreement has been amended a number of times since this email was sent in

2007, Google has consistently sought to seal the current and historical financial terms because

the historical financial terms could provide an advantage to competitors and affect negotiations

with other counterparties.  *See, e.g.*, Aug. 9, 2023 JSR (ECF 636) at 37-39; Aug. 7, 2023

Declaration of Elizabeth Daly (Daly Decl.) ¶¶ 5-8.[2]

---

[1] Google has further modified the exhibit for purposes of this filing by redacting individual email addresses.

[2] For the Court's convenience, Google is filing under seal as Exhibit A-1 a copy of UPX0552 with transparent redactions.

1

Plaintiffs introduced UPX0552 on October 10, 2023 during the open court examination of Joan Braddi.  All of the questions and answers regarding the document were directed to the portions that were reviewed for confidentiality following Plaintiffs' notice.  *See* Oct. 10, 2023 Tr. 4985:3-4987:4.

UPX0137.  On September 18, 2023, Plaintiffs notified Google of their intention to publicly disclose a number of additional exhibits, including UPX0137, through open court examination of witnesses.  Plaintiffs sought confidentiality review of specific, limited portions of UPX0137, *i.e.*, those portions that Plaintiffs sought to examine the witness on.  In response, Google provided the version of UPX0137 enclosed as Exhibit B, in which Google indicated the portions that were "Not Reviewed for Confidentiality" (because they were not identified by Plaintiffs and not used to examine a witness) and the portions that were reviewed and deemed "Confidential" based on a consideration of all applicable factors.  In particular, Google seeks to redact the revenue share percentages and related financial terms that were in effect at the time or that were associated with certain options or proposals reflected in the document.  Google maintains that these particular figures are commercially sensitive because it remains a party to a revenue share agreement with Apple.  While the agreement has been amended a number of times since this document was created in 2007, Google has consistently sought to seal the current and historical financial terms because the historic financial terms could provide an advantage to competitors and affect negotiations with other counterparties.  *See, e.g.*, Aug. 9, 2023 JSR (ECF 636) at 37-39; Daly Decl. ¶¶ 5-8.[3]

---

[3] For the Court's convenience, Google is filing under seal as Exhibit B-1 a copy of UPX0137 with transparent redactions.

Plaintiffs introduced UPX0137 on October 10, 2023 during the open court examination

of Joan Braddi.  All of the questions and answers regarding the document were directed to the

portions that were reviewed for confidentiality following Plaintiffs' notice.  *See* Oct. 10, 2023 Tr.

4980:9-4983:8; 5065:20-5068:20.

Declaration of Sang Eun (Kate) Lee.  Google is submitting as Exhibit C the August 8,

2023 declaration of Sang Eun (Kate) Lee, which was submitted in connection with the August 11

status conference on matters relating to the confidentiality of exhibits.  At that time, the parties

were addressing 30 exemplar exhibits identified by Plaintiffs, and Ms. Lee assessed the

commercial sensitivity of a subset of those exemplars.  Google does not seek to redact any

portion of Ms. Lee's August 8 declaration.  Google will separately file a public version of the

position statement it provided for inclusion in the Joint Status Report filed on August 10 at ECF

636 and public versions of the other declarations it submitted at that time in connection with the

August 11 status conference.

Dated:  October 17, 2023                         Respectfully submitted,

                                                 WILLIAMS & CONNOLLY LLP

                                                 By: */s/ John E. Schmidtlein*
                                                 John E. Schmidtlein (D.C. Bar No. 441261)
                                                 Benjamin M. Greenblum (D.C. Bar No. 979786)
                                                 Colette T. Connor (D.C. Bar No. 991533)
                                                 680 Maine Avenue, SW
                                                 Washington, DC 20024
                                                 Tel: 202-434-5000
                                                 jschmidtlein@wc.com
                                                 bgreenblum@wc.com
                                                 cconnor@wc.com

                                                 WILSON SONSINI GOODRICH & ROSATI P.C.
                                                 Susan A. Creighton (D.C. Bar No. 978486)
                                                 Franklin M. Rubinstein (D.C. Bar No. 476674)

3

Wendy Huang Waszmer (D.C. Bar No. 1631078)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com
wwaszmer@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*