**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-3010 |
| v. | HON AMIT P. MEHTA |
| GOOGLE LLC, | |
| Defendant. | |

| | |
|---|---|
| STATE OF COLORADO, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-3010 |
| v. | HON AMIT P. MEHTA |
| GOOGLE LLC, | |
| Defendant. | |

**SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF
THE NEW YORK TIMES COMPANY'S MOTION TO INTERVENE AND FOR
ACCESS TO JUDICIAL RECORDS**

The New York Times Company ("The Times") respectfully submits this supplemental memorandum of law to address certain matters raised by the Court during argument on The Times's motion to intervene and for access to judicial records on October 16, 2023.[1]

First, The Times has attached here a proposed redline to the Court's September 28, 2023, Order on Posting Materials. The Times is available at the Court's convenience to discuss its proposed changes.

Second, The Times reiterates its position, set out in its initial brief and at argument yesterday, that under the common law a presumptive right of access attaches to the entirety of an exhibit admitted into evidence rather than only to the portions shown to a trial witness. That view is shared by courts around the country. *See, e.g.*, *In re Bard IVC Filters Prods. Liab. Litig.*, 2019 U.S. Dist. LEXIS 6124, at *268-70 (D. Ariz. Jan. 11, 2019) (noting that "courts have found that [exhibits admitted into evidence] become, simply by virtue of that event, judicial records subject to the public right of access," even when the exhibits are "not openly displayed or discussed in court," and collecting cases) (cleaned up)[2]; *United States v. Usher*, 2021 U.S. Dist. LEXIS 1974, at *3-4 (S.D.N.Y. Jan. 6, 2021) (concluding that criminal defendant did not need to return or destroy "the trial exhibits admitted into evidence," as they are "public documents" subject to a right of access, despite the Government's argument that at trial only "single pages or small

---

[1] The Times has not yet had an opportunity to review Google's recent submission on the sealing of two exhibits and a declaration. *See* Dkt. 734. We propose filing our response to that submission no later than October 19, 2023.

[2] Notably, the court rejected the argument that "the public has no interest in confidential information contained in the trial exhibits because the information has only minimal relevance to claims in the . . . trials." *In re Bard IVC Filters Prods. Liab. Litig.*, 2019 U.S. Dist. LEXIS 6124, at *269; *see id.* at *269-70 ("[T]he Court's orders admitting the exhibits into evidence have legal significance. As one court has explained, the public right of access to exhibits sprang into existence upon their being offered into evidence for the jury's consideration at trial.") (cleaned up).

snippets of admitted exhibits were displayed . . . and the bulk of their text was never publicly displayed"); *Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp.*, 2021 U.S. Dist. LEXIS 110020, at *5 (S.D.N.Y. June 11, 2021) (noting that "admitted trial exhibits are judicial documents even if they were not displayed in open court or relied upon by the parties in briefing because they were submitted to the jury as part of the jury's deliberations"); *see also Littlejohn v. BIC Corp.*, 851 F.2d 673, 679 n.12, 681 (3d Cir. 1988) (finding that "the documents admitted into evidence had become judicial records" and rejecting appellant's argument that "only those portions of the documents specifically referred to were admitted into evidence"). The public's right of access to trial exhibits and other judicial records turns on the *Hubbard* factors, not on whether the parties or third parties expected the documents to become public.

   Third, The Times reiterates its desire and right to be provided with public notice and an opportunity to be heard in advance of future courtroom closures. The Court's main concern with that request appears to be practicality; as the Court put it, "it is a little unworkable to have a third party come forward to essentially contest whether a portion of the proceedings should be sealed or not." But courts regularly provide this type of notice and opportunity (as the law requires) to members of the press and public before sealing judicial records or court proceedings. *See, e.g.*, *Hearst Newspapers, L.L.C. v. Cardenas-Guillen*, 641 F.3d 168, 182 (5th Cir. 2011) ("The courts of appeals that have addressed the question of whether notice and an opportunity to be heard must be given before closure of a proceeding or sealing of documents to which there is a First Amendment right of access, have uniformly required adherence to such procedural safeguards," and collecting cases); *Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991) (noting that trial court must "allow interested persons an opportunity to be heard before ruling on [a] motion [to seal a plea agreement] and entering [a] sealing order."). The Times is certainly

cognizant of the existing burdens on the Court and litigants, and we are confident media organizations and the litigants can work together to devise a solution that minimizes those burdens while accommodating the public's right of access.

## **CONCLUSION**

For the foregoing reasons, and those stated in The Times's initial brief, the Court should grant The Times's motion to intervene and for access to the sealed records.

Dated: October 17, 2023

Respectfully submitted,

/s/ *Al-Amyn Sumar*
Al-Amyn Sumar (#1614655)
David McCraw (#NY0200)
Dana R. Green (#1005174)
The New York Times Company
1627 I Street NW, Suite 700
Washington, DC 20006
Telephone: (646) 306-4201
Facsimile: (212) 556-4634
al-amyn.sumar@nytimes.com
mccraw@nytimes.com
dana.green@nytimes.com

*Counsel for The New York Times Company*

3