**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al*., | |
| Plaintiffs, | Case No. 1:20-cv-3010 |
| v. | HON AMIT P. MEHTA |
| GOOGLE LLC, | |
| Defendant. | |

| | |
|---|---|
| STATE OF COLORADO, *et al*., | |
| Plaintiffs, | Case No. 1:20-cv-3010 |
| v. | HON AMIT P. MEHTA |
| GOOGLE LLC, | |
| Defendant. | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
THE NEW YORK TIMES COMPANY'S MOTION TO INTERVENE AND FOR
ACCESS TO JUDICIAL RECORDS**

The New York Times Company ("The Times") respectfully submits this reply memorandum of law in further support of its motion to intervene and for access to judicial records. *See* Dkt. 731. Specifically, The Times responds here to Google's submission (Dkt. 734) addressing redactions in two exhibits that The Times has sought to unseal: UPX552 and UPX137. The exhibits consist of an email chain and set of notes that date to 2007 and relate to an agreement between Apple and Google that has not been operative for more than a decade. Despite the age of the documents, Google seeks to maintain redactions in them for revenue share percentages and other financial terms of the agreement. *See* Dkt. 734 at 1-3. None of the redactions can be justified under the *Hubbard* factors.[1]

*Hubbard* set out six factors for courts to consider in weighing the need for sealing of judicial records:

> (1) The need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*CNN, Inc. v. FBI*, 984 F.3d 114, 118 (D.C. Cir. 2021) (cleaned up). Taken together, the factors show the redactions in the exhibits are not tenable.

*Factors one and six: the need for public access and the purpose for which the documents were introduced*. These factors militate against sealing for reasons similar to those the Court identified in ruling on the redactions in the transcripts of witnesses Gabriel Weinberg and John Giannandrea. *See* Oct. 4, 2023, PM Tr. at 4363:9–4368:25. Each of the records at issue here — exhibits used by DOJ during open court examination of a Google employee, Joan Braddi, *see*

---

[1] At this juncture The Times does not seek access to the portions of these documents that were "Not Reviewed for Confidentiality."

Dkt. 734 at 2-3 — "is [evidence that was] presented at a trial." Oct. 4, 2023, PM Tr. at 4364:4-5.

The fact that this is "a government enforcement action . . . heightens the public interest in the

[evidence] that's being presented to the Court." *Id.* at 4364:5-7. The first factor therefore

"weigh[s] heavily" in favor of disclosure, *id.* at 4364:8, as does the sixth, *see id.* at 4365:8

(noting that the sixth factor "aligns with the first").

 *Factor two: previous public access to the information.* The material Google seeks to keep

redacted relates to a 2005 agreement between the company and Apple, the essential terms of

which have already been made public. *See, e.g.*, Dkt. 728 at 11-12 (public version of Court's

summary judgment opinion) [2]; Leah Nylen, *The government's lawyers saw a Google monopoly*

*coming. Their bosses refused to sue.*, Politico (Mar. 16, 2021),

https://politico.com/news/2021/03/16/google-files-mobile-search-market-475576 ("In a 2005

contract, for example, Google agreed to pay Apple half the revenue it earned from mobile search

ads for five years in exchange for being set as the default."). This factor also weighs in favor of

disclosure.

 *Factor three: the fact of objection to disclosure and the objector's identity*. Even factor

three weighs in favor of disclosure, since only Google has sought the redactions and the law

affords less protection when the material implicates "only the claimed privacy interest of a

party." *United States v. James*, 2021 U.S. Dist. LEXIS 235358, at *6 (D.D.C. Aug. 23, 2021)

(Mehta, J.) (distinguishing *Hubbard*, where the court "observed that there is broader protection

when a third-party's property or privacy rights are at issue") (cleaned up).

---

[2] The Court rejected Apple's request to maintain a redaction in the summary judgment
opinion for the amount paid to Apple by Google under the 2005 agreement, noting that "[n]o
party or third party has indicated that the number is not already public." Dkt. 694 at 3.

2

*Factors four and five: the strength of privacy interests asserted and the possibility of prejudice to those opposing disclosure.* These factors also cut against sealing. Any privacy interest at issue here is diminished by the fact that the redactions relate to a business relationship between two companies that is at the heart of this case. And there is little risk of prejudice to Google given the prior public disclosures of similar information, *see James*, 2021 U.S. Dist. LEXIS 235358, at \*7 (citing *Hubbard*, 650 F.2d at 322), and the fact that the exhibits are over 16 years old and concern an agreement that has not been in effect for over a decade. *See* Dkt. 694 at 3 (rejecting proposed redactions to summary judgment opinion for material related to 2005 agreement on the basis that "the passage of time likely has diminished any prejudice from disclosure").

## <u>CONCLUSION</u>

For the foregoing reasons, and those stated in The Times's prior briefing, the Court should grant The Times's motion to intervene and for access to the sealed records.

Dated: October 19, 2023    Respectfully submitted,

/s/ *Al-Amyn Sumar*
Al-Amyn Sumar (#1614655)
David McCraw (#NY0200)
Dana R. Green (#1005174)
The New York Times Company
1627 I Street NW, Suite 700
Washington, DC 20006
Telephone: (646) 306-4201
Facsimile: (212) 556-4634
al-amyn.sumar@nytimes.com
mccraw@nytimes.com
dana.green@nytimes.com

*Counsel for The New York Times Company*

3