IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>      Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA<br><br>▬▬▬▬▬▬▬▬▬▬ |
| State of Colorado, *et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>      Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA<br><br>▬▬▬▬▬▬▬▬▬▬ |

**DEFENDANT GOOGLE LLC'S MEMORANDUM REGARDING THE
CONFIDENTIALITY OF JX0033, UPX0586, UPX0588, AND UPX0594**

Late last week, DOJ notified Google of its intention to seek to unseal portions of the 2016 Information Services Agreement (the "2016 ISA") between Apple and Google (JX0033) in connection with its examination of Apple employee Eduardo Cue. DOJ also indicated that it intends to seek to unseal portions of two internal Apple documents that reveal substantive terms of the 2016 ISA (UPX0586 and UPX0588) and an internal Apple email that appears to be a characterization of a conversation that occurred while negotiating that agreement (UPX0594). Although Apple and Google have subsequently amended and extended the 2016 ISA, the contractual provisions that DOJ seeks to publicize were incorporated into the current version of the agreement and remain in effect today.

Google provided additional redactions to these four documents that were not only consistent with the positions Google has taken on comparable documents, but also matched ***DOJ's own pre-trial proposal*** for redacting the substantive terms of the 2016 ISA. The additional redactions are indicated in yellow highlighting in the versions attached as Exhibits A through D to this submission. On September 25, DOJ rejected all of Google's additional proposed redactions without providing any reasonable justification for its abrupt change of position or its insistence on harming Google's competitive standing through the unwarranted disclosure of Google's commercially sensitive information.

I. **Disclosure of These Commercially Sensitive Materials Would Harm Google's Competitive Standing**

DOJ sought to unseal portions of the 2016 ISA through an August 9 joint filing, and in response Google submitted a brief and declaration explaining in detail why disclosure of the agreement's terms would unjustifiably harm Google in relation to its competitors and counterparties. *See* Aug. 9, 2023 JSR (ECF No. 636) at 37-39; Aug. 7, 2023 Decl. of Elizabeth

1

Daly ("Daly Decl.") at ¶¶ 5-6.[1]  Each rationale for sealing remains in place today, and indeed the proceedings to date have only reinforced the grounds for Google's position.

*First*, disclosure of the terms negotiated by Google and Apple would provide an unjustified advantage to Google's competitors—including other search engines that currently have their own agreements with Apple—in future negotiations.  On Friday the Court heard sealed testimony from one Apple executive about the company's evaluation of proposals from other search providers, and it will undoubtedly hear additional sealed testimony on those subjects from Mr. Cue and other witnesses in the days ahead.  Litigation should not be used to compel Google to turn over to its competitors the precise terms it has negotiated with Apple, as that would "give competitors a one-sided advantage in preparing their own bids to provide services that Google presently provides under the agreement."  Daly Decl. at ¶ 5.

The positions taken by third parties with regard to their confidential contract terms and negotiations are further evidence of the likelihood of harm to Google's competitive standing.  As the proceedings to date make clear, Google's counterparties (including carriers like Verizon) and other search providers (like DuckDuckGo) have maintained that these materials (and testimony about them) should remain sealed.  No one, including DOJ, challenged those assertions while the testimony was occurring or expressed an intention to do so going forward.  Google should not be required to forfeit the confidentiality of its current contractual terms in an environment where other industry participants maintain that their own agreements and negotiations are similarly sufficiently sensitive to merit sealing.

---

[1] Google is not re-submitting Ms. Daly's declaration with this filing because portions of it contain confidential information regarding internal Google documents, but it was hand delivered to the Court on a thumb drive on August 10 and also emailed to the Court on September 8.

2

*Second,* DOJ's request would harm Google's competitive standing in relation to other counterparties, who Google negotiates with separately and without divulging the terms of its agreements with Apple. *See* Daly Decl. at ¶ 6. Again, the Court has already heard evidence in recent days regarding the confidential nature of negotiations between search providers and their partners, and Google's ability to engage in individualized negotiations going forward would be unnecessarily undermined by the compelled disclosure of terms it has agreed to with Apple.

II. **Public Access to the Proceedings Does Not Justify Disclosure of the Documents in Question**

Google has been mindful of the importance of public access to the proceedings, as evidenced by the sheer volume of previously confidential Google documents that have already been displayed in open court. When it comes to the precise terms of the 2016 ISA or the particular details of its negotiation, however, disclosure provides an unearned competitive advantage to other industry participants that far outweighs any purported addition to the public's access.

For example, Plaintiffs have already characterized contracts between Google and Apple as multi-year agreements without drawing any objection from Google. Yet DOJ now seeks to disclose the particular date on which the current agreement expires—a detail that would plainly harm Google's competitive standing in relation to companies such as Microsoft while doing little or nothing to advance the public's overall understanding of these proceedings. *See* Ex. UPX0586 at -1570; UPX0588 at -1577. Similarly, on numerous occasions Plaintiffs have characterized in open court the provision relating to setting Google as the default in Safari. But unsealing the precise language, as Plaintiffs now seek to do, would unjustifiably provide a roadmap to competitors and other counterparties negotiating similar terms, without shifting the degree of public access to the trial in any material respect.

3

Plaintiffs' own position on these documents and similar ones confirms that public access does not outweigh Google's interest in protecting itself from competitive harm. For instance, DOJ told Google and the Court in the August 9 Joint Status report that it "proposed categorically redacting competitively sensitive … expiration dates … for any agreement dated 2013 on." Aug. 9, 2023 JSR at 22. In direct opposition to its earlier commitment, however, DOJ now seeks to unseal the expiration date of the current agreement between Google and Apple. Furthermore, on September 6, DOJ expressly proposed redacting *all* of the very same substantive provisions of the 2016 ISA that it now seeks to unseal. Google accepted DOJ's proposal, and therefore did not submit the exhibit to the Court for a decision pursuant to its September 4, 2023 Order (ECF No. 682). Although DOJ argues that Order applied only to exhibits introduced during the first two weeks of trial, DOJ identified the 2016 ISA as such an exhibit at the time *and* proposed redactions that Google accepted. See Google's Sept. 8, 2023 Email to the Court (referencing "substantive provisions of the 2016 amendment to the ISA that remain in effect today, and that DOJ has agreed should not be unsealed"). Nothing that has occurred in the meantime could possibly justify DOJ's attempt to cast aside its own proposal from the week before trial, which inevitably reflected a balancing of the sensitivity of the material and the need for public access to it.[2]

---

[2] The parties' pre-trial discussions and filings addressed the 2016 ISA (JX0033), but Google's counsel was not asked to address the other three exhibits at issue—all of which are internal Apple documents—until the end of last week. Insofar as two of those documents (UPX0586 and UPX0588) quote from or purport to closely track the substantive terms of the 2016 ISA, the harms of disclosure are no different than if the agreement itself were disclosed. In addition, Google requested that DOJ redact a portion of the second sentence of UPX0594 because of the high likelihood that use of the document in open court will elicit testimony about ▆▆▆▆▆ ▆▆ which is commercially sensitive for all of the reasons described above, and which not even DOJ seeks to unseal.

**III.    Conclusion**

For these reasons, Google respectfully requests that the Court approve the additional redactions indicated in yellow highlighting in Exhibits A through D to this submission.[3]

Dated:  September 26, 2023                         Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: /s/ *John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
Wendy Huang Waszmer (D.C. Bar No. 1631078)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com
wwaszmer@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

---

[3] Because three of the four exhibits are internal Apple documents, Google's in-house representatives have not viewed the documents themselves, and Google therefore has not taken a position on the excerpts that reflect only Apple's confidential information (as opposed to the portions that reflect both Google and Apple confidential information).

5

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*