IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*,<br><br>                      Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                      Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, *et al.*,<br><br>                      Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                      Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**DEFENDANT GOOGLE LLC'S MEMORANDUM REGARDING THE
CONFIDENTIALITY OF THE TESTIMONY OF APPLE EMPLOYEES
<u>JOHN GIANNANDREA AND EDUARDO CUE</u>**

Google respectfully submits the following statement regarding the parties' proposed redactions to the sealed testimony of Apple witnesses John Giannandrea and Eduardo Cue, which DOJ delivered to the Court by email late last night.  Google's proposed redactions are outlined in red in the transcripts delivered to the Court, and it understands that DOJ is now opposing a significant portion of Google's proposal, notwithstanding the evidence and precedent supporting Google's position.[1]

In particular, DOJ seeks to unseal commercially sensitive provisions of the Information Services Agreement (ISA) between Apple and Google that are currently in effect.  For example, at pages 2601 and 2602 of Mr. Cue's testimony, DOJ seeks to unseal a series of questions and answers relating to the second paragraph of Section 1(a) of the 2016 ISA (JX0033), which the Court characterized prior to Mr. Cue's testimony as ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬  Sept. 26, 2023 Tr. at 2430:22-25.  After receiving briefing on the subject and analyzing the provision, the Court concluded that this "is the kind of term that probably is competitively sensitive and that I do have concerns that if that kind of term were made known publicly, that others, that competitors and others that negotiate with these companies could use it as leverage, particularly with Apple, to try and extract the same kind of concession."  *Id.* at 2431:2-7.  Although DOJ did not seek reconsideration of the Court's determination at the time and proceeded to question Mr. Cue about the provision in closed session, it now seeks to unseal that entire exchange.  *Id.* at 2601:3-2602:13.  There is no

---

[1] As DOJ's October 2 email to the Court indicated, DOJ has agreed to redact only the portions of the transcripts highlighted in blue or green, while Google's proposed redactions are outlined in red.  The yellow highlighting reflects Apple's proposed redactions, many of which encompass information that Apple maintains should remain sealed but that does not implicate Google's confidentiality interests.

1

basis for DOJ to press to unseal testimony about the very same provision already addressed by the Court.

To offer another example, DOJ now seeks to unseal testimony about the extent to which Google agreed in the 2016 ISA ████████████████████████████████████████ ████████████████████████████████████. *See, e.g.*, Sept. 26, 2023 Tr. at 2493-96, 2576-77.  DOJ agreed the week before trial to seal all of the substantive provisions of the ISA currently in effect, *see* ECF No. 718 at 4, and when DOJ sought to unseal particular provisions of the ISA in advance of Mr. Cue's exam, this provision was not among them, *see* ECF No. 715-4 (DOJ proposal redacting Section 4 of the 2016 ISA).  After Google's counsel reiterated that "████████████████████████████████████████████████████████ ██████████████ … is a highly confidential, nonpublic term," DOJ's counsel confirmed that "we don't intend to elicit that fact in open court," and "[w]e did not propose unredacting that part of the ISA."  Sept. 26, 2022 Tr. at 2442:1-3, 22-24 (emphasis added).  Again, nothing that has transpired over the past week could possibly justify the dramatic rebalancing of the *Hubbard* factors that DOJ now seeks to impose by unsealing all of Mr. Cue's testimony about that commercially sensitive term of the ISA.

In correspondence about this issue, DOJ has cited the Court's observation that what "I've tried to do at this point, after having had some experience with this, is narrow this down to numbers, internal strategic discussions, and trades secrets."  Sept. 28, 2023 at 3280:22-24.  As Google has previously noted, however, the confidential terms of a negotiated commercial agreement are trade secrets.  *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (ordering the sealing of information including the "pricing terms, royalty rates, and guaranteed minimum payment terms" of a license agreement because, among other things, these

terms are information that "plainly falls within the definition of 'trade secrets'").  And even if the terms are not framed as a trade secret, courts routinely authorize sealing of such provisions to protect a party from the harm to its competitive standing that would result from revealing bespoke agreements to competitors and other counterparties.  *See, e.g.*, *United States v. Anthem Inc.*, 2017 WL 8893757, at *3 (D.D.C. Jan. 18, 2017) (sealing trial materials on the ground that "[a]s a result of disclosure, … providers and customers would have an unfair advantage when negotiating contracts with [defendant]").  As Google has explained in prior filings and declarations, disclosure of the particular terms it has negotiated with one counterparty (in this case, Apple) would unjustifiably harm its ability to negotiate with other partners and to compete with other companies vying for the same opportunities.  *See, e.g.* Sept. 26, 2023 Br. (ECF No. 718) at 1-4; Aug. 9, 2023 JSR (ECF No. 636) at 37-39; Aug. 7, 2023 Decl. of Elizabeth Daly ¶¶ 5-6, 8 (describing the commercial sensitivity of the ISA and noting that access to the agreement is limited even within Google to ensure confidentiality and provide separation between employees negotiating with different counterparties).

Finally, Google should not be disadvantaged by the fact that DOJ agreed to conduct significant portions of certain examinations—including those of Mr. Giannandrea and Mr. Cue—in a closed session.  If the same proceedings had occurred in open court, both the examiner and the witness would have merely alluded to provisions or pointed to them in a document not displayed on the public screen, as Google's counsel recently has with third-party witnesses who have insisted on keeping confidential the very same kinds of information that DOJ now seeks to unseal here.  With examinations like these that occurred in a closed session, however, neither the examiner nor the witness refrained from directly quoting or characterizing commercially sensitive contract provisions or other documents in a way that would not have occurred in open

court. Google should not be compelled to turn over its highly sensitive information to competitors based on mere happenstance—namely, that certain third-party witnesses (such as those from Apple) were called earlier in the case and permitted to testify at length in a closed session while other third-party witnesses (such as those from Microsoft) were called later and subject to a different approach to limiting the disclosure of confidential material.

* * *

Google has agreed to unseal vast amounts of previously confidential information to ensure public access to these proceedings, and it respectfully submits that its proposed redactions to the sealed testimony of Mr. Giannandrea and Mr. Cue are appropriately targeted and necessary to protect Google's competitive standing.

Dated:  October 3, 2023                                     Respectfully submitted,

                                                            WILLIAMS & CONNOLLY LLP

                                                            By: */s/ John E. Schmidtlein*
                                                            John E. Schmidtlein (D.C. Bar No. 441261)
                                                            Benjamin M. Greenblum (D.C. Bar No. 979786)
                                                            Colette T. Connor (D.C. Bar No. 991533)
                                                            680 Maine Avenue, SW
                                                            Washington, DC 20024
                                                            Tel: 202-434-5000
                                                            jschmidtlein@wc.com
                                                            bgreenblum@wc.com
                                                            cconnor@wc.com

                                                            WILSON SONSINI GOODRICH & ROSATI P.C.
                                                            Susan A. Creighton (D.C. Bar No. 978486)
                                                            Franklin M. Rubinstein (D.C. Bar No. 476674)
                                                            Wendy Huang Waszmer (D.C. Bar No. 1631078)
                                                            1700 K Street, NW
                                                            Washington, DC 20006
                                                            Tel: 202-973-8800
                                                            screighton@wsgr.com
                                                            frubinstein@wsgr.com

wwaszmer@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*