**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 1:20-cv-3010 <br><br> HON AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 1:20-cv-3010 <br><br> HON AMIT P. MEHTA |

**MEMORANDUM IN RESPONSE TO THE COURT'S OCTOBER 22, 2023, ORDER**

Pursuant to the Court's October 22, 2023, Minute Order, *see* Dkt. 743, The New York Times Company ("The Times") respectfully submits this memorandum in response to the parties' proposed supplemental order on posting trial materials. The Times attaches to this memorandum a proposed redline to that order. As the redline reflects, The Times seeks several types of changes to the parties' proposed order:

<u>Timing</u>. Given the public's <u>contemporaneous</u> right of access to trial exhibits, *see* Dkt. 731-1 at 9, the parties' proposed timeframes for providing exhibits in response to requests are too long. Nor are they necessary. The parties can and should provide exhibits with no confidential information, which require redaction only for personal identifiers, within one business day of the request. The parties can and should provide exhibits with some confidential information within two business days — a turnaround that is realistic since the parties have already reviewed the documents for confidentiality. To the extent the parties cannot meet these deadlines, the order (as redlined) allows them to seek an extension from the Court.

<u>Pending exhibits</u>. The parties' proposed order is silent on the pending requests by press outlets for dozens of exhibits already used in court. The Times proposes that the parties make these exhibits available to the Designated Press Representative within one week of being provided with a list of outstanding exhibit requests.

<u>Exhibit limit</u>. The Times's redline of the parties' proposed order removes the limit of five exhibits requests per day. Particularly on days with major witnesses, that limit could mean public access to a small portion of the exhibits actually used in court. (By our count, for instance, the parties used a total of 24 exhibits during just the examination of witness Jonathan Tinter.) A daily limit would also impose a burden on press outlets by requiring them to confer and come to

an agreement about which exhibits to request. Again, the parties are free to seek an extension from the Court if they are unable to keep up with exhibit requests.

Alternatively, the one-day limit for exhibit requests should be increased to 15. Should the Court approve any kind of daily limit on exhibit requests, The Times asks that the Parties notify the Designated Press Representative as to which exhibits they plan to post pursuant to the Order on Posting Trial Materials, *see* Dkt. 725, after exchanging lists each day at 6 pm ET, so that the Designated Press Representative can omit these exhibits from their request.

<u>Third party exhibits</u>. The parties' proposed order would put the onus entirely on the Designated Press Representative to follow up with third parties that do not respond to requests for exhibits. The Times's redline addresses that by clearly obligating third parties to respond within two business days and requiring the parties to notify the Court when a third party fails to meet its obligation. The redline proposes that the Department of Justice share a copy of the order with third parties to put them on notice of their obligations.

Dated: October 23, 2023

Respectfully submitted,

/s/ *Al-Amyn Sumar*
Al-Amyn Sumar (#1614655)
David McCraw (#NY0200)
Dana R. Green (#1005174)
The New York Times Company
1627 I Street NW, Suite 700
Washington, DC 20006
Telephone: (646) 306-4201
Facsimile: (212) 556-4634
al-amyn.sumar@nytimes.com
mccraw@nytimes.com
dana.green@nytimes.com

*Counsel for The New York Times Company*