IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*,<br><br>                    Plaintiffs,<br><br>    v.<br><br>Google LLC,<br><br>                    Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, *et al.*,<br><br>                    Plaintiffs,<br><br>    v.<br><br>Google LLC,<br><br>                    Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**DEFENDANT GOOGLE LLC'S MEMORANDUM REGARDING
THE CONFIDENTIALITY OF THE TESTIMONY OF
<u>GOOGLE EMPLOYEE ANNA KARTASHEVA</u>**

Google respectfully submits the following statement regarding the parties' proposed redactions to the sealed testimony of Google witness Anna Kartasheva, which DOJ delivered to the Court by email Friday. There are two categories for which Google seeks redaction and DOJ opposes. As to each, Google's proposal is consistent with the *Hubbard* standard and the Court's guidance.

*First,* Google seeks minimal redactions of competitively sensitive internal business discussions among executives regarding Google's assessments of revenue share deals with one specific partner. Kartasheva Tr. at 2854:22-2855:2. The Court previously noted that "high-level discussions between senior executives about potential partnerships" may warrant sealing because "given the sensitivity of those communications, . . . on balance [] their release would be potentially prejudicial." Oct. 4, 2023 Trial Tr. 4367:9-12. In order to allow the maximum public access to this testimony, Google seeks to redact only the partner's name being discussed.

*Second*, Google seeks limited redactions of numbers in estimates of search traffic flowing through specific search access points. Kartasheva Tr. at 2862:8-2865:25, 2868:25-2870:15, 2874:3, 2876:14. These are the types of specific, proprietary data points that routinely merit sealing. *See, e.g.*, Oct. 4, 2023 Trial Tr. at 4366:24-4367:4. Indeed, the Court previously sealed similar numbers reflecting traffic flowing through search access points in other testimony. Sept. 15, 2023 (Kolotouros Tr.) at 944:20, 945:1. There is no basis to treat these numbers differently.

Dated: October 24, 2023

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
Wendy Huang Waszmer (D.C. Bar No. 1631078)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com
wwaszmer@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*