## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

| | |
|---|---|
| State of Colorado, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

## GOOGLE'S MOTION TO PRECLUDE
## REBUTTAL TESTIMONY OF MICHAEL A. M. DAVIES

The DOJ Plaintiffs retained Michael A. M. Davies, a purported smartphone industry expert, to offer opinions about **why** OEMs and carriers enter into certain agreements with Google, and how those agreements purportedly impact OEMs' and carriers' product **decisions**. As Google explained in its *Daubert* motion directed at Mr. Davies, this testimony should be excluded in full. Since then, any supposed need for Mr. Davies' testimony has evaporated: The Court's summary judgment ruling dismissed the DOJ Plaintiffs' claims concerning key portions of Mr. Davies' testimony; the Court granted a motion *in limine* that barred yet other aspects; and the DOJ Plaintiffs decided not to call Mr. Davies in their case-in-chief. But the DOJ Plaintiffs now pivot to seeking to call Mr. Davies in "rebuttal," claiming he will "respond[] to **fact witnesses** on OEM and carrier

options"—a subject that is, as described further below, wholly inappropriate for expert testimony, rebuttal or otherwise.  Ex. 1 at 2-3, Emails from Matthew C. Hammond, Antitrust Div., DOJ (Sept. 17, 2023) (emphasis added).

The Court should not permit the DOJ Plaintiffs to call Mr. Davies in their rebuttal case for several reasons.  *First*, the stated subject of Mr. Davies' proposed "rebuttal" testimony—OEM and carrier options—is in actuality the same as the *affirmative* opinions he disclosed in his opening report and based on substantially the same evidence.  The DOJ Plaintiffs—who called many of the fact witnesses during their case-in-chief that Mr. Davies now apparently seeks to rebut—should not be permitted to re-label affirmative opinions as "rebuttal" simply so they can have the last word.  *See Settling Devotional Claimants v. Copyright Royalty Bd.*, 797 F.3d 1106, 1118 (D.C. Cir. 2015) (rebuttal testimony is improper if it "could have been included in the same witness' direct examination") (cleaned up).  *Second*, even if fact testimony related to OEM and carrier options is introduced during Google's case-in-chief, Mr. Davies is not the witness to respond to it.  To the contrary, it is well-established that expert rebuttal witnesses may only respond to or rebut other experts—*not* fact witnesses.  *Third*, even were Mr. Davies' opinions to survive *Daubert*, any case for their relevance has collapsed given Plaintiffs' abandonment of the claims to which his opinions relate.

At bottom, Mr. Davies' expected testimony "is not true rebuttal; it is sandbagging."  *See Oracle Am., Inc. v. Google Inc.*, 2011 WL 4802535, at *4 (N.D. Cal. Oct. 11, 2011).  Plaintiffs should not be permitted to circumvent the orderly presentation of evidence and prolong an already lengthy trial. Google respectfully requests that the Court preclude any rebuttal testimony of Mr. Davies.

## ARGUMENT

### I.      Mr. Davies Is Not a Proper Rebuttal Witness

As a threshold matter, Mr. Davies is not a proper rebuttal witness because the asserted subject of his anticipated testimony—"OEM and carrier options"—was the precise topic of his *affirmative* opinions in this case.  As discussed in Google's *Daubert* motion (ECF No. 417), Mr. Davies' opening report addressed OEM and carrier options and the purported impact of Google's agreements on them; he cannot lay-in-wait to offer these same affirmative opinions in rebuttal.  This topic was, moreover, clearly appropriate for Plaintiffs' case-in-chief, which included extensive testimony from fact witnesses on these issues.  For example, Brian Higgins of Verizon testified live on OEM and carrier options. *See, e.g.*, Trial Tr. (Higgins) 1101:17-24; 1103:24-1104:4 (10/16/2023).  The DOJ Plaintiffs also called Google's VP of Android Platform Partnerships, Jim Kolotouros, who testified extensively about OEM and carrier options.  *See* Trial Tr. (Kolotouros) 947:23-953:16 (10/15/2023) (describing range of options available to OEMs consistent with the MADA).  Plaintiffs also submitted deposition designations in lieu of live testimony for the leading Android OEM, Samsung—the very same testimony Mr. Davies relied on and discussed in the report disclosing his affirmative opinions.  *See, e.g.*, Davies Opening Rep., ECF No. 417-1 at 46 n.181 (citing deposition testimony of Timothy Baxter (Samsung)); 40 nn.154-56 (citing, *inter alia*, carrier deposition testimony).[1]

Simply put, if Plaintiffs wanted to offer Mr. Davies' affirmative opinions on this topic at trial, they could and should have done so before they rested.  *See Upshur v. Shepherd*, 538 F. Supp. 1176, 1179-80 (E.D. Pa. 1982), *aff'd*, 707 F.2d 1396 (3d Cir. 1983) (expert rebuttal testimony was

---

[1] Both parties several months ago designated substantial additional deposition testimony from other OEMs and carriers on device optionality, all of which was available to and relied upon by Mr. Davies in connection with his opening report.  *See, e.g.*, Dep. of Eric V. Christensen (Motorola) (Dec. 21, 2021); Dep. of Timothy Baxter (Samsung) (April 12, 2022); Dep. of Jeffrey Giard (T-Mobile) (Jan. 10, 2022); and Dep. of Jeffrey Ezell (AT&T) (Jan. 26, 2022).

improper to respond to fact witness testimony that was "substantially consistent with the testimony given by [those fact witnesses] in their depositions" and where "no new evidence or legal theories requiring rebuttal" were introduced at trial); *see also Braun v. Lorillard Inc.*, 84 F.3d 230, 237 (7th Cir. 1996) (a rebuttal witness cannot "reverse the order of proof, in effect requiring [] defendants to put in their evidence before the plaintiff put in his.") (Posner, J.).  "When a party knows that a contested matter is in the case, yet fails to address it in a timely fashion, he scarcely can be heard to complain that the trial court refused to give him a second nibble at the cherry." *Faigin v. Kelly*, 184 F.3d 67, 85 (1st Cir. 1999).

## II.     Mr. Davies Is Not Permitted to Rebut Fact Witness Testimony

Mr. Davies' anticipated testimony should be barred for a second, independent reason.  If allowed, expert rebuttal testimony serves the specific purpose of refuting the testimony of other expert witnesses.  Mr. Davies' anticipated rebuttal testimony, however, is intended only to "respond[] to fact witnesses," rather than the opinions of any expert offered by Google.  Ex. 1 at 2-3.  "As opposed to a case-in-chief expert witness, a rebuttal expert witness is an expert witness necessary to refute the disclosed opinions of an opposing party's *expert* witness." *Probatter Sports, LLC v. Joyner Techs., Inc.*, 2007 WL 2752080, at *3 (N.D. Iowa Sept. 18, 2007) (emphasis added) (cleaned up).  To that end, a rebuttal expert "is *not* entitled to respond to *fact* witnesses through expert testimony." *DuFresne v. Microsoft Corp.*, 2006 WL 8424349, at *10-12 (D. Mass. Apr. 28, 2006) (emphasis added) (recommending motion to strike be granted where rebuttal expert was positioned only "to opine upon new fact testimony at trial"), *report and recommendation adopted*, 2006 WL 6237918 (D. Mass. June 16, 2006).  Indeed, rebuttal testimony from an expert has "no applicability to lay evidence," and is not the appropriate vehicle through which to respond

to fact witness testimony.  *Gerawan Farming, Inc. v. Prima Bella Produce, Inc.*, 2011 WL 13242963, at *1-2 (E.D. Cal. May 17, 2011).

This is particularly true where an expert previously disclosed opinions based on fact witness testimony, as Mr. Davies did here.  Allowing Mr. Davies to wait until "rebuttal" to offer opinions based in large part on that same fact witness testimony elicited in Plaintiffs' case-in-chief would be unduly prejudicial.  *See Iacangelo v. Georgetown Univ.*, 272 F.R.D. 233, 234 (D.D.C. 2011) (explaining a primary purpose of the federal rules "is to prevent unfair surprise at trial," including "preventing experts from 'lying in wait' to express new opinions at the last minute").  In *Gerawan Farming*, for example, the court considered whether a party's expert rebuttal reports should be excluded where that testimony was, in part, geared towards rebutting "lay testimony." 2011 WL 13242963, at *1-2.  The court concluded that this testimony was improper, observing that an expert's rebuttal testimony is limited "to contradicting *expert* evidence offered by another party."  *Id.* at *2; *see Blake v. Securitas Sec. Servs.*, 292 F.R.D. 15, 18 (D.D.C. 2013) (striking expert opinion that "does not rebut any arguments presented by Defendant's experts").  As the court explained, "in the absence of expert reports . . . to 'contradict or rebut,' [the party's] proffered expert reports cannot constitute 'rebuttal' evidence."  *Gerawan Farming*, 2011 WL 13242963, at *2. So too here.  Because the DOJ Plaintiffs have made clear that Mr. Davies' anticipated rebuttal testimony will be directed toward responding to fact witnesses, he should be precluded from testifying.

### III.     Mr. Davies' Testimony Should Be Excluded Under *Daubert* and Is Irrelevant

In any event, Mr. Davies' testimony should be excluded in full under *Daubert's* gatekeeping requirements and because it is no longer relevant.  As detailed in Google's *Daubert* motion, Mr. Davies refused to describe the experience underlying his purported expertise,

substituted his own views for those of available fact witnesses, and repeatedly admitted that he offers no opinions on the impact of Google's conduct in relation to search competition.  ECF No. 417; s*ee also* Google's Reply in Support of Its Mot. to Exclude the Opinion of Plaintiffs' Expert Michael A. M. Davies, ECF No. 515 ("Google's *Daubert* Reply").  As one example, while Mr. Davies' reports opined on what "wireless carriers believe" about Google services on Android, he acknowledged in his deposition that "the right people to ask" about that issue "is the carriers"—a disqualifying deficiency that DOJ Plaintiffs seek now to magnify on rebuttal. *See* Google's *Daubert* Reply at 3, 10-11.

The irrelevance of Mr. Davies' opinions has only become more pronounced as this case has proceeded.  For example, much of Mr. Davies' testimony concerns his views about the purported impact of the Android AFAs' and ACCs' compatibility requirements. *See, e.g.*, Davies Opening Rep., ECF No. 417-1 at 43 (section titled "Compatibility requirements hamper smartphone vendors' efforts to differentiate their products"); Pls.' Opp. to Def.'s Mot. in Lim. to Preclude Evidence, Testimony, or Argument Concerning Abandoned Conduct Allegations, ECF No. 649 at 3 (highlighting Mr. Davies' opinions on the impact of the ACCs' compatibility requirements).  But the Court granted Google's summary judgment motion on this issue, holding that "Plaintiffs offer no evidence showing that ACCs and AFAs have an anticompetitive effect in the relevant markets." Summ. J. Memorandum Op., ECF No. 626 at 58-59.  And the DOJ Plaintiffs have since acknowledged this topic lacks any relevance to their remaining Android theories, recently removing about 100 documents from their exhibit list, including all AFAs and ACCs.  Trial Tr. 5667:19-25 (10/12/2023).  Further, the Court ruled that evidence about Google's management of the Android Open-Source Project ("AOSP")—a topic Mr. Davies' reports covered at length—was inadmissible, following the Court's grant of summary judgment on the topic.  Ord.

Ruling on Pending Motions in Lim., ECF No. 683 at 1.  It is now all the more clear that Mr. Davies'
opinions lack any connection to the issues remaining for trial.

Because Mr. Davies' opinions fall well short of the reliability and relevance requirements
of Federal Rule of Evidence 702, they fail *Daubert*'s requirements and should be excluded.

## CONCLUSION

For each of these independently sufficient reasons, Mr. Davies should be precluded from
testifying in rebuttal.

Dated:  November 2, 2023                    Respectfully submitted,

                                            WILLIAMS & CONNOLLY LLP

                                            By: */s/ John E. Schmidtlein*
                                            John E. Schmidtlein (D.C. Bar No. 441261)
                                            Benjamin M. Greenblum (D.C. Bar No. 979786)
                                            Colette T. Connor (D.C. Bar No. 991533)
                                            680 Maine Avenue, SW Washington, DC 20024
                                            Tel: 202-434-5000
                                            jschmidtlein@wc.com
                                            bgreenblum@wc.com
                                            cconnor@wc.com

                                            WILSON SONSINI GOODRICH & ROSATI P.C.
                                            Susan A. Creighton (D.C. Bar No. 978486)
                                            Franklin M. Rubinstein (D.C. Bar No. 476674)
                                            Wendy Huang Waszmer (D.C. Bar No. 1631078)
                                            1700 K Street, NW
                                            Washington, DC 20006
                                            Tel: 202-973-8800
                                            screighton@wsgr.com
                                            frubinstein@wsgr.com
                                            wwaszmer@wsgr.com

                                            ROPES & GRAY LLP
                                            Mark S. Popofsky (D.C. Bar No. 454213)
                                            2099 Pennsylvania Avenue, NW
                                            Washington, DC 20006
                                            Tel: 202-508-4624
                                            Mark.Popofsky@ropesgray.com

                                            Matthew McGinnis (admitted *pro hac vice*)
                                            Prudential Tower
                                            800 Boylston Street
                                            Boston, MA 02199
                                            Tel: 617-951-7703
                                            Matthew.McGinnis@ropesgray.com

                                            *Counsel for Defendant Google LLC*