IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 1:20-cv-03010-APM <br><br> HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 1:20-cv-03715-APM <br><br> HON. AMIT P. MEHTA |

**PLAINTIFF STATES'**
**EVIDENTIARY PROFFER RELATED TO SPECIALIZED VERTICAL PROVIDERS**

INTRODUCTION

Google LLC ("Google") has raised concerns with the scope of Plaintiff States' experts' testimony in light of the Court's ruling on summary judgment. Plaintiff States submit this proffer to provide the Court and Google with (1) the intended scope of the testimony of their two experts; and (2) important fact witnesses that Plaintiff States expect will provide evidence probative to their experts' opinions.

As previously noted, Professors Wilfred Amaldoss and Jonathan Baker will not opine that conduct directed at specialized vertical providers ("SVPs") harms competition by weakening

1

the ability of SVPs to work with Google's rivals. But evidence about SVPs is manifestly relevant to other issues in this case, as demonstrated by Plaintiff States' Pretrial Brief, which notes their relevance to market definition and monopoly power. *See* ECF No. 669. In fact, Google's Pretrial Brief repeatedly references SVPs on issues of market definition. Defendant Google LLC's Pre-Trial Brief, ECF No. 668 at 2-7.

### INTENDED SCOPE OF EXPERT TESTIMONY

Plaintiff States expect that Professors Amaldoss and Baker will rely on live trial testimony, along with other materials in the record, in addressing issues relevant to:

- Market Definition: SVPs are some of Google's biggest advertisers and rely heavily upon Google as a source of user traffic, consistent with the conclusion that general search, general search text advertising, and general search advertising are relevant antitrust markets, *see* Plaintiff States Pretrial Brief, ECF No. 669 at 5-6;

- Monopoly Power: SVPs continue to buy ads on Google despite practices that they regard as inhibiting their ability to use Google to acquire customers, including visibility limitations, because they have no meaningful alternative, *id*. at 10-11; and

- Harm to Competition: Google's default distribution agreements weaken Google's closest rival, Microsoft, by depriving it of scale and users, lessening its ability to compete more effectively by partnering with other firms in the search ecosystem, including SVPs and independent Search Engine Marketing ("SEM") tool providers, Summary Judgment Mem. Opinion at 53-54; *see also* Plaintiff States Pretrial Brief, ECF No. 669 at 12-13.

Professor Amaldoss is Plaintiff States' marketing expert, and at trial he will describe how marketers (including advertisers) viewed and reacted to changes Google made to its Search

2

Engine Results Page ("SERP") over time. Amaldoss Opening Rep. ¶¶ 79-95, 96-117. His testimony will include a discussion of key features of general search text ads, other general search ads, and ads that appear on SVP websites. *Id.* ¶¶ 82-101, 108-14. Professor Amaldoss will further testify that advertisers, including many SVPs, rely heavily on Google's general search services for consumer traffic to their websites. *Id.* ¶¶ 79, 94. Indeed, SVPs have described Google as "a channel that you just…have to buy." Amaldoss Opening Rep. n. 168 (citing Allison Lowrie (ANGI) Dep. Tr. at 152:15-153:1). But changes in the SERP, such as Google's search features, combined with Google's decision to limit the visibility of certain categories of SVPs on these features, have raised costs for these SVPs. *Id.* ¶¶ 96, 162.

Professor Amaldoss will explain that because the blue links have been pushed down the SERP, their value has decreased, and these SVPs are now more dependent on costly paid text ads. *Id.* ¶ 163. Because SVPs rely on Google as a critical source of customer acquisition, the SVPs had no choice but to incur these higher costs. *Id.* Professor Amaldoss will not testify about his opinions concerning whether SVPs must share strategic assets and data with Google. *Id.* ¶¶ 177-82. And because limitations on SVPs are largely undisputed, Professor Amaldoss should not need to not testify about the detailed click-through paths for each relevant Google search feature, which is captured in Appendix B to the Amaldoss Opening Report. However, Professor Amaldoss reserves the right to use one or more of the sample SERPs from his report to illustrate a concept about which he may testify.

Professor Baker is Plaintiff States' economic expert, and at trial he will draw upon the practical business realities described in the record to support his economic conclusions set forth in his expert reports. First, Google's challenged default distribution agreements and its operation of Search Ads 360 ("SA360") negatively impact Google's largest advertisers, SVPs, just as they

3

do any other search advertiser. *See e.g.*, Baker Opening Report ¶ 44; Baker Rebuttal Report ¶ 68; Baker Reply Report ¶ 22. Second, SVPs in targeted verticals rely heavily on Google for user traffic, despite practices that increase their customer acquisition costs—a reflection of the relevant markets and Google's monopoly power. Baker Opening Report ¶¶ 292-300. Third, the default agreements weaken Google's rival, Microsoft, by depriving it of user scale, lessening its ability to work with other important firms in the search ecosystem, including both independent SEM tool providers and SVPs. Baker Reply Report ¶¶ 23, 179; *see also* Baker Opening Report ¶ 337.

In light of the summary judgment decision, Professor Baker's testimony will not draw upon paragraphs of his reports referring exclusively to the anticompetitive effects of Google's bargaining leverage over SVPs as it relates to their data contracts. *See e.g.*, Baker Opening Report ¶ 50-51. Professor Baker will not rely on his reports to the extent he opined that Google's conduct weakened SVPs, thus harming their ability to form partnerships with Google's rivals. *See e.g.*, *Id*. at ¶ 325. However, Professor Baker intends to offer his opinion regarding the cumulative effect of Google's search distribution contracts and SA360 conduct, each of which separately harm competition. *Id*. at ¶ 67-68.

### A.     Live Witness Testimony

As relevant to this proffer, Plaintiff States will question the following witnesses listed in order of scheduled appearance regarding issues that remain relevant and provide support for the Plaintiff States' experts.[1] Below Plaintiff States describe the expected testimony.

---

[1] This list of witnesses is illustrative and not exclusive of additional witnesses Plaintiff States will question at trial or Plaintiff States' experts rely.

1. Jon Tinter (Corporate Vice President, Microsoft).

Bing's relatively small mobile scale provides advertisers less access to customers, making Bing "less relevant." Jon Tinter (Microsoft) Dep. Tr. 57:12-16. Accordingly, those in "the tool provider business" are less likely to invest in and support Bing. *Id.* at 57:16-20. Internal documents expressly identify Bing's small scale as a reason Bing has minimal relevance to SEM Tool providers.[2]

2. Neil Barrett-Bowen (Director of Business Development, Microsoft).

Bing is challenged in attracting SVP attention due to its lack of scale, Neil Barrett-Bowen (Microsoft) Dep. Tr. 43:8-44:9, particularly on mobile. *Id.* at Tr. 55:5-17 ("our pitch doesn't include mobile, we make it very clear upfront that that's not the area that we're going to be able to add value."). Strong partnerships with SVPs are an important part of Microsoft's strategy to compete in general search because they allow Bing to differentiate its offerings from competitors and encouraging customer loyalty. *Id.* at 38:21-40:8.

3. Arjan Dijk (Senior Vice President & Chief Marketing Officer, Booking.com).

Booking.com ("Booking") is "completely and utterly dependent on Google" to reach new customers. Arjan Dijk (Booking.com) Dep. Tr. 66:8-9. As of January 2020, Booking spends almost REDACTED of its marketing budget on Google advertising REDACTED and the vast majority on text ads). *Id.* at 62:2-18, 66:7; PSX00094, DOJ-BKNG-00000688. Booking has seen a decline in organic traffic because Google has made the blue links "unfindable." Arjan Dijk (Booking.com) Dep. Tr. 73:5-10. As a result, Booking has become increasingly dependent on

---

[2] *See, e.g.*, PSX01117, MSFT-LIT2_0004075995, -006 (Presentation re Microsoft Tool Provider Strategy Refresh) ("Low Bing Ads market share minimizes relevancy to TPs [Tool Providers]"); PSX00360, GOOG-DOJ-19942750 (D. Harrison Email to K. Walker, J. Braddi re SA360 support) "Google's dominant search advertising position means that there will inherently be less advertiser demand for Bing features…").

Google advertising for customer acquisition. *Id.* at 73:21-74:10. Due to Google's dominance, Booking.com cannot replace Google with other marketing channels, such as its app, its webpage, or Microsoft's Bing. *Id.* at 135:4-24, 83:1-85:2.

    4.    <u>Jeff Hurst (Former Chief Operating Officer, Expedia Group; Former President, Vrbo).</u>

Google is a valuable source of Expedia Group's ("Expedia") user traffic to which there are no "economically viable alternatives." Jeff Hurst (Expedia) Dep. Tr. 141:19-142:20, 245:17-18. Google's SERP has become "increasingly monetized," "squeez[ing] out" the blue links beneath the SERP unit. *Id.* at 135:18-136:10. From 2015 to 2019, Vrbo increased its marketing spend on Google, yet received less traffic in return. *Id.* at 208:13-210:13, 252:5-14. The natural effect: reduced profits/limited investment. *Id.* at 252:15-23. Expedia brands cannot "spend all the money from Google in Bing" because "there's literally not enough humans." *Id.* at 244:9-12. Bing comprises only a "single-digit percentage" of Expedia's search engine marketing profile. *Id.* at 244:6-7.

**B.    Designated Witness Testimony**

As relevant to this proffer, Plaintiff States have designated testimony regarding issues that remain relevant and provide support for the Plaintiff States' experts. Below we describe illustrative examples.

    1.    <u>Matt Dacey (Vice President of Marketing and Global Markets, TripAdvisor).</u>

The vast majority of TripAdvisor's traffic comes from Google. Matthew Dacey (TripAdvisor) Dep. Tr. 257:7-257:14. TripAdvisor has also observed that it has received less traffic from the organic results on the Google SERP and believes that the "lower location of the organic listings" has been the cause of that trend. *Id.* at 263:14-25. As a result, TripAdvisor's

cost of customer acquisition through Google has changed over time, reflecting an increase in paid versus organic traffic. *Id*. at 257:15-258:14; *see also id*. at 168:3-17.

### 2. Debby Soo (Chief Executive Officer, OpenTable).

Google engages in practices that OpenTable believes are inimical to its ability to acquire new customers. Debby Soo (OpenTable) Dep. Tr. 227:9-14. Yet, OpenTable would not be able to shift its ad spend from Google to Bing, as OpenTable would not get nearly the same number of conversions on Bing. *Id*. at 221:11-18, 308:15-309:18. OpenTable's partnership with Bing is an insignificant part of OpenTable's business. *Id*. at 251:15-252:8. As Microsoft does not generate the demand or traffic that Google does, it is not a huge priority for OpenTable to integrate with Microsoft. *Id*. at 152:16-22, 153:3-19.

### 3. Mark Stein (Chief Strategy Officer, IAC/ANGI).

Search is a critical source of customer acquisition because home services are infrequently purchased. Mark Stein (IAC) Dep. Tr. 100:5-8, 186:9-187:18. Google is a particularly important source of traffic because it is by far the largest search engine. *Id*. at 185:14-23. ANGI's results have been pushed further down the Google results page as a result of Google's introduction of Local Services Ads ("LSAs") (which limit ANGI's direct access to potential customers) and the local universal (in which ANGI cannot appear). *Id*. at 73:25-76:10. Google's limitations on SVP participation in LSAs made them not economically viable, as shown through testing ANGI conducted. ANGI tested the product because Google is the single largest provider of traffic to their website out of concern for the detrimental effect the product would have on traffic.

4.  <u>Sander Daniels (Co-Founder, Thumbtack).</u>

Google does not permit Thumbtack to appear in the OneBox on the SERP. Sander Daniels (Thumbtack) Dep. Tr. 48:11-20, 48:22-23, 48:25-49:6. If Thumbtack's listings were allowed to be included in the OneBox, then Thumbtack would get additional clicks that it does not get otherwise. *Id*. at 52:21-24, 53:8-14. Nevertheless, Thumbtack still participated in what it called a "bad partnership" in order to use Local Services Ads. *Id*. at Tr. 99:8-15, 99:17-24, 100:2-5. Thumbtack "compromised a lot because it's Google." PSX00965, TACK_00000297, -306.

There are times when Thumbtack would not have wanted to spend so much on Google text ads. Sander Daniels (Thumbtack) Dep. Tr. 58:12-14, 58:16-22. However, if Thumbtack stopped purchasing text ads on Google, it would suffer a "significant loss" of traffic and provider signups. *Id*. at 123:11-12, 123:14-16, 123:18-124:4. Thumbtack chooses not to spend more money on Bing advertising as Bing does not have enough traffic to justify Thumbtack doing so. *Id*. at 43:4-9, 43:11-44:12.

5.  <u>Jeremy Stoppelman (Chief Executive Officer, Yelp).</u>

Yelp relies heavily on Google for traffic and would experience adverse effects if that traffic disappeared. Jeremy Stoppelman (Yelp) Dep. Tr. 28:15-29:6. The Bing-Yelp data partnership reflected the reality that small search engines like Bing had diminishing traffic because they are losing share rapidly. *Id*. at 215:13-217:1.

6.  <u>Richard Holden (Vice President of Product Management, Google).</u>

SVPs are some of Google's largest advertisers and rely on Google to obtain user traffic. Richard Holden (Google) Dep. Tr. 75:19-24, 244:20-22. Booking and Expedia, in particular, generate a "significant" amount of revenue for Google. *Id*. at 242:17-21. In Google's view,

those companies would be very challenged to reduce their advertising business with Google. *Id*. at 243:6-244:16.

       7.      <u>Andrew Silverman (Director of Product Management, Google)</u>

SVPs do not appear in hotel units on the SERP on either desktop or mobile. Andrew Silverman (Google) Dep. Tr. 73:20-74:3, 76:13-77:9. Purchasing ads allows hotels to appear higher up which provides them better visibility. *See Id*. at 91:3-22.

## CONCLUSION

Pursuant to Federal Rules of Evidence, Rule 103(a), Plaintiff States respectfully submit that this offer of proof establishes the continued relevance of evidence related to SVPs. Although Plaintiff States may not proceed on their theory that Google's conduct directed at SVPs harms competition by diminishing the ability of SVPs to be attractive partners to Google rivals, evidence of SVPs (1) purchase of Google ads; (2) their inability to leave Google despite objecting to Google's business practices; and (3) their lack of real interest in Bing are all relevant to Plaintiff States' allegations. *See* Pls.' Opp. To Def.'s Mot. in Limine to Preclude Evid., Testimony, or Arg. Concerning Abandoned Conduct Allegations, ECF No. 649, 2-3 (that evidence cannot be used for one purpose does not render it ineligible to be used for a distinct, relevant purpose).

Dated: September 10, 2023                    Respectfully submitted,

FOR PLAINTIFF STATE OF COLORADO

Jonathan B. Sallet
Special Assistant Attorney General

*/s/ Jonathan B. Sallet*
Jonathan B. Sallet, DC Bar No. 336198
Steven M. Kaufmann, DC Bar No. 1022365 (inactive)
Elizabeth W. Hereford
Conor J. May
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
E-Mails: Jon.Sallet@coag.gov
          Steve.Kaufmann@coag.gov
          Elizabeth.Hereford@coag.gov
          Conor.May@coag.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
Suite 2200
New York, NY 10036-6710
Telephone: (212) 335-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Colorado*

FOR PLAINTIFF STATE OF NEBRASKA

Joseph M. Conrad
Assistant Attorney General
Colin P. Snider
Assistant Attorney General
Matthew K. McKinley
Special Assistant Attorney General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-3840
E-Mails: Joseph.Conrad@nebraska.gov
Colin.Snider@nebraska.gov
Matt.Mckinley@nebraska.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
Suite 2200
New York, NY 10036-6710
Telephone: (212) 335-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Nebraska*

FOR PLAINTIFF STATE OF ARIZONA

Robert A. Bernheim, Unit Chief Counsel
Arizona Office of the Attorney General
400 West Congress, Ste. S-315
Tucson, Arizona 85701
Telephone: (520) 628-6507
E-Mail: Robert.bernheim@azag.gov

*Counsel for Plaintiff State of Arizona*

FOR PLAINTIFF STATE OF IOWA

Noah Goerlitz, Assistant Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St., 2nd Floor
Des Moines, IA 50319
Telephone: (515) 725-1018
E-Mail: Noah.goerlitz@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

| FOR PLAINTIFF STATE OF NEW YORK | FOR PLAINTIFF STATE OF NORTH CAROLINA |
|---|---|
| Elinor R. Hoffmann<br>Morgan J. Feder<br>Michael Schwartz<br>Office of the Attorney General of New York<br>28 Liberty Street, 21st Floor<br>New York, NY 10005<br>Telephone: (212) 416-8513<br>E-Mails: Elinor.hoffmann@ag.ny.gov<br>         Morgan.feder@ag.ny.gov<br>         Michael.schwartz@ag.ny.gov<br><br>*Counsel for Plaintiff State of New York* | Kunal Janak Choksi<br>Joshua Daniel Abram<br>Jonathan R. Marx<br>Jessica Vance Sutton<br>North Carolina Department of Justice<br>114 W. Edenton St.<br>Raleigh, NC 27603<br>Telephone: (919) 716-6000<br>E-Mails: kchoksi@ncdoj.gov<br>         jabram@ncdoj.gov<br>         jmarx@ncdoj.gov<br>         jsutton2@ncdoj.gov<br><br>*Counsel for Plaintiff State of North Carolina* |
| **FOR PLAINTIFF STATE OF TENNESSEE**<br><br>J. David McDowell<br>Chris Dunbar<br>Austin Ostiguy<br>Tyler Corcoran<br>Office of the Attorney General and Reporter<br>P.O. Box 20207<br>Nashville.TN 37202<br>Telephone: (615) 741-8722<br>E-Mails: David.McDowell@ag.tn.gov<br>         Chris.Dunbar@ag.tn.gov<br>         austin.ostiguy@ag.tn.gov<br>         Tyler.Corcoran@ag.tn.gov<br><br>*Counsel for Plaintiff State of Tennessee* | **FOR PLAINTIFF STATE OF UTAH**<br><br>Scott R. Ryther<br>Tara Pincock<br>Utah Office of Attorney General<br>160 E 300 S, 5th Floor<br>P.O. Box 142320<br>Salt Lake City, Utah 84114<br>Telephone: (385) 881-3742<br>E-Mail: sryther@agutah.gov<br>        tpincock@agutah.gov<br><br>*Counsel for Plaintiff State of Utah* |

| | |
|---|---|
| FOR PLAINTIFF STATE OF ALASKA<br><br>Jeff Pickett<br>State of Alaska, Department of Law<br>Office of the Attorney General<br>1031 W. Fourth Avenue, Suite 200<br>Anchorage, Alaska 99501<br>Telephone: (907) 269-5100<br>E-Mail: Jeff.pickett@alaska.gov<br><br>*Counsel for Plaintiff State of Alaska* | FOR PLAINTIFF STATE OF CONNECTICUT<br><br>Nicole Demers<br>Office of the Attorney General of Connecticut<br>165 Capitol Avenue, Suite 5000<br>Hartford, CT 06106<br>Telephone: (860) 808-5202<br>E-Mail: Nicole.demers@ct.gov<br><br>*Counsel for Plaintiff State of Connecticut* |
| FOR PLAINTIFF STATE OF DELAWARE<br><br>Michael Andrew Undorf<br>Delaware Department of Justice<br>Fraud and Consumer Protection Division<br>820 N. French St., 5th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 577-8924<br>E-Mail: Michael.undorf@delaware.gov<br><br>*Counsel for Plaintiff State of Delaware* | FOR PLAINTIFF DISTRICT OF COLUMBIA<br><br>Elizabeth Gentry Arthur<br>Office of the Attorney General for the District of Columbia<br>400 6th Street NW<br>Washington, DC 20001<br>Telephone: (202) 724-6514<br>E-Mail: Elizabeth.arthur@dc.gov<br><br>*Counsel for Plaintiff District of Columbia* |
| FOR PLAINTIFF TERRITORY OF GUAM<br><br>Fred Nishihira, Chief, Consumer Protection Division<br>Office of the Attorney General of Guam<br>590 S. Marine Corps Drive, Suite 901<br>Tamuning, Guam 96913<br>Telephone: (671) 475-3324<br><br>*Counsel for Plaintiff Territory Guam* | FOR PLAINTIFF STATE OF HAWAIʻI<br><br>Rodney I. Kimura<br>Department of the Attorney General, State of Hawaiʻi<br>Commerce & Economic Development<br>425 Queen Street<br>Honolulu, HI 96813<br>Telephone (808) 586-1180<br>E-Mail: Rodney.i.kimura@hawaii.gov<br><br>*Counsel for Plaintiff State of Hawaiʻi* |

| | |
|---|---|
| FOR PLAINTIFF STATE OF IDAHO | FOR PLAINTIFF STATE OF ILLINOIS |
| John K. Olson<br>Office of the Idaho Attorney General<br>Consumer Protection Division<br>954 W. State St., 2nd Floor<br>P.O. Box 83720<br>Boise, ID 83720<br>Telephone: (208) 334-4114<br>E-Mails: Brett.delange@ag.idaho.gov<br>           John.olson@ag.idaho.gov<br><br>*Counsel for Plaintiff State of Idaho* | Elizabeth Maxeiner<br>Brian Yost<br>Office of the Attorney General of Illinois<br>100 W. Randolph St.<br>Chicago, IL 60601<br>Telephone: (773) 590-7935<br>E-Mails: Elizabeth.maxeiner@ilag.gov<br>           Brian.yost@ilag.gov<br><br>*Counsel for Plaintiff State of Illinois* |
| FOR PLAINTIFF STATE OF KANSAS | FOR PLAINTIFF STATE OF MAINE |
| Lynette R. Bakker<br>Kansas Office of the Attorney General<br>120 S.W. 10th Avenue., 2nd Floor<br>Topeka, KS 66612<br>Telephone: (785) 296-3751<br>E-Mail: Lynette.bakker@ag.ks.gov<br><br>*Counsel for Plaintiff State of Kansas* | Christina M. Moylan<br>Office of the Attorney General of Maine<br>6 State House Station<br>August, ME 04333<br>Telephone: (207) 626-8800<br>E-Mail: Christina.moylan@maine.gov<br><br>*Counsel for Plaintiff State of Maine* |
| FOR PLAINTIFF STATE OF MARYLAND | FOR PLAINTIFF COMMONWEALTH MASSACHUSETTS |
| Schonette J. Walker<br>Gary Honick<br>Office of the Attorney General of Maryland<br>200 St. Paul Place, 19th Floor<br>Baltimore, MD 21202<br>Telephone: (410) 576-6480<br>E-Mails: swalker@oag.state.md.us<br>           ghonick@oag.state.md.us<br><br>*Counsel for Plaintiff State of Maryland* | William T. Matlack<br>Michael B. MacKenzie<br>Office of the Attorney General of Massachusetts<br>One Ashburton Place, 18th Fl.<br>Boston, MA 02108<br>Telephone: (617) 727-2200<br>E-Mails: William.matlack@mass.gov<br>           Michael.Mackenzie@mass.gov<br><br>*Counsel for Plaintiff State of Massachusetts* |

FOR PLAINTIFF STATE MINNESOTA

Zachary William Biesanz
Office of the Minnesota Attorney General
Consumer, Wage, and Antitrust Division
445 Minnesota Street, Suite 1400
St. Paul, MN 55101
Telephone: (651) 757-1257
E-Mail: Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

FOR PLAINTIFF STATE OF NEVADA

Michelle Christine Newman
Lucas J. Tucker
Nevada Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
Telephone: (775) 684-1164
E-Mails: mnewman@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

FOR PLAINTIFF STATE OF NEW HAMPSHIRE

Brandon Garod
Office of Attorney General of New Hampshire
33 Capitol Street
Concord, NH 03301
Telephone: (603) 271-1217
E-Mail: Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff State of New Hampshire*

FOR PLAINTIFF STATE OF NEW JERSEY

Isabella R. Pitt
Deputy Attorney General
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
Telephone: (973) 648-7819
E-Mail: Isabella.Pitt@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

FOR PLAINTIFF STATE OF NEW MEXICO

Judith E. Paquin
Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87504
Telephone: (505) 490-4885
E-Mails: jpaquin@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff State of New Mexico*

FOR PLAINTIFF STATE NORTH DAKOTA

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust Division
Office of the Attorney General of North Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
Telephone: (701) 328-5570
E-Mail: ealm@nd.gov

*Counsel for Plaintiff State of North Dakota*

| | |
|---|---|
| FOR PLAINTIFF STATE OHIO<br><br>Jennifer Pratt<br>Beth Ann Finnerty<br>Mark Kittel<br>Office of the Attorney General of Ohio<br>30 E Broad Street, 26th Floor<br>Columbus, OH 43215<br>Telephone: (614) 466-4328<br>E-Mails:<br>Jennifer.pratt@ohioattorneygeneral.gov<br>Beth.finnerty@ohioattorneygeneral.gov<br>Mark.kittel@ohioattorneygeneral.gov<br><br>*Counsel for Plaintiff State of Ohio* | FOR THE PLAINTIFF STATE OKLAHOMA<br><br>Caleb J. Smith<br>Office of the Oklahoma Attorney General<br>313 NE 21st St<br>Oklahoma City, OK 73105<br>Telephone: (405) 522-1014<br>E-Mail: Caleb.Smith@oag.ok.gov<br><br>*Counsel for Plaintiff State of Oklahoma* |
| FOR PLAINTIFF STATE OREGON<br><br>Cheryl Hiemstra<br>Oregon Department of Justice<br>1162 Court St. NE<br>Salem, OR 97301<br>Telephone: (503) 934-4400<br>E-Mail: Cheryl.hiemstra@doj.state.or.us<br><br>*Counsel for Plaintiff State of Oregon* | FOR PLAINTIFF COMMONWEALTH PENNSYLVANIA<br><br>Tracy W. Wertz<br>Joseph S. Betsko<br>Pennsylvania Office of Attorney General<br>Strawberry Square<br>Harrisburg, PA 17120<br>Telephone: (717) 787-4530<br>E-Mails: jbetsko@attorneygeneral.gov<br>           twertz@attorneygeneral.gov<br><br>*Counsel for Plaintiff Commonwealth of Pennsylvania* |
| FOR PLAINTIFF TERRITORY PUERTO RICO<br><br>Guarionex Diaz Martinez<br>Assistant Attorney General<br>Antitrust Division<br>Puerto Rico Department of Justice<br>P.O. Box 9020192<br>San Juan, Puerto Rico 00902<br>Telephone: (787) 721-2900, Ext. 1201<br>E-Mail: gdiaz@justicia.pr.gov<br><br>*Counsel for Plaintiff Territory Puerto Rico* | FOR PLAINTIFF STATE RHODE ISLAND<br><br>Stephen Provazza<br>Rhode Island Office of the Attorney General<br>150 South Main Street<br>Providence, RI 02903<br>Telephone: (401) 274-4400<br>E-Mail: SProvazza@riag.ri.gov<br><br>*Counsel for Plaintiff State of Rhode Island* |

FOR PLAINTIFF STATE SOUTH DAKOTA

Yvette K. Lafrentz
Office of the Attorney General of South Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
E-Mail: Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff State of South Dakota*

FOR PLAINTIFF COMMONWEALTH VIRGINIA

Tyler T. Henry
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Telephone: (804) 692-0485
E-Mail: thenry@oag.state.va.us

*Counsel for Plaintiff State of Virginia*

FOR PLAINTIFF STATE WEST VIRGINIA

Douglas Lee Davis
Office of the Attorney General, State of West Virginia
1900 Kanawha Boulevard, East
Building 6, Suite 402
P.O. Box 1789
Charleston, WV 25305
Telephone: (304) 558-8986
E-Mail: Douglas.l.davis@wvago.gov

*Counsel for Plaintiff State of West Virginia*

FOR PLAINTIFF STATE VERMONT

Christopher J. Curtis
Assistant Attorney General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
Telephone: (802) 828-3170
E-Mail: Ryan.kriger@vermont.gov

*Counsel for Plaintiff State of Vermont*

FOR PLAINTIFF STATE WASHINGTON

Amy Hanson
Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-5419
E-Mail: Amy.hanson@atg.wa.gov

*Counsel for Plaintiff State of Washington*

FOR PLAINTIFF STATE WYOMING

Benjamin Peterson
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
Telephone: (307) 777-6397
E-Mail: Benjamin.peterson2@wyo.gov

*Counsel for Plaintiff State of Wyoming*