IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*,<br><br>                              Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                              Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, *et al.*,<br><br>                              Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                              Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**GOOGLE'S REPLY IN SUPPORT OF ITS MOTION TO PRECLUDE
REBUTTAL TESTIMONY OF MICHAEL A. M. DAVIES**

Google respectfully submits this Reply in support of its Motion to Preclude Rebuttal Testimony of Michael A. M. Davies. *See* ECF No. 754 (the "Motion"); ECF No. 758 (the "Opposition"). In their Opposition, the DOJ Plaintiffs contradict their prior position on the Motion's timing while conceding that their prior proposal for Mr. Davies' rebuttal testimony was improper. They also suggest a radical shift in Mr. Davies' testimony, which only reinforces the reasons this Court should bar it and grant Google's Motion.

*First*, the DOJ Plaintiffs wrongly assert that the Motion is untimely. Opp. at 1, 5-6. Two weeks ago, Google contacted the DOJ Plaintiffs to confer about Google's view that Mr. Davies is not a proper rebuttal witness, and the DOJ Plaintiffs said the exact opposite on timing. At the time,

they claimed that the Motion was "premature" because Google had not yet "disclose[d] its complete witness list" and thus, the DOJ Plaintiffs had not decided if Mr. Davies would be called. Ex. 1 at 1, Email from Jeremy Goldstein, Antitrust Div., DOJ (10/24/2023); *see also* Trial Tr. 8781:20-24 (11/03/2023) ("[W]e believe that the motion is premature, because we haven't really decided entirely who we're going to call in rebuttal."). The DOJ Plaintiffs cannot now claim prejudice from the timing of a motion that they themselves sought to defer. Nor, in any event, did the DOJ Plaintiffs somehow suffer prejudice arising from the timing of Google's Motion: It is not as if it was Google's responsibility to remind the DOJ Plaintiffs of the need to call Mr. Davies, who was designated as an affirmative expert, in their case-in-chief. Once the choice not to call him was made, and now that Google is nearing the end of *its* case, the Court is appropriately positioned to consider the scope of any rebuttal case to be presented by Plaintiffs.

*Second*, the DOJ Plaintiffs incorrectly contend that Mr. Davies' affirmative opinions can appropriately be offered for the first time in rebuttal. Opp. at 4-5. To the contrary, "[i]t is well settled that evidence which properly belongs in the case-in-chief but is first introduced in rebuttal may be rejected, so as to avoid prejudice to the defendant and to ensure the orderly presentation of proof." *Emerick v. U.S. Suzuki Motor Corp.*, 750 F.2d 19, 22 (3d Cir. 1984). Mr. Davies' Opening Report disclosed opinions about the terms in the Android Agreements, including how those terms purportedly impacted the decisions of OEMs and carriers. Those opinions—assuming they pass muster under *Daubert* (which they do not)—should have been presented in the DOJ Plaintiffs' case-in-chief, at the same time as the other evidence they marshaled on that very issue.[1]

---

[1] *See, e.g.,* Trial Tr. (Higgins) 1044:25-1045:8 (09/18/2023); Trial Tr. (Kolotouros) 930:19-931:6 (09/15/2023).

To illustrate, in his Opening Report, Mr. Davies speculated that OEMs sign the MADA because they need access to certain proprietary apps, like the Google Play Store. *See* Opp. at 2; Davies Opening Rep., ECF No. 417-1 at ¶¶ 47, 67, 113. That purported opinion relates to the DOJ Plaintiffs' mistaken assertion that the MADA conditions a license to the Google Play Store on what they call "exclusive" defaults, *see* UPXD104 (Prof. Michael Whinston Demonstrative) at 3 ("Google's search distribution contracts give it exclusive defaults, which are a large driver of search traffic."). It accordingly should have been elicited in their case-in-chief. Mr. Davies' anticipated testimony is also cumulative of DOJ Plaintiffs' expert economist, Prof. Whinston, who offered his same opinion on that same issue in the DOJ Plaintiffs' case-in-chief. *See* Trial Tr. (Whinston) 5728:1-11 (10/16/2023) (testifying that the Google Play Store is a "must-have" and required "to have a marketable Android device"); *id.* 6103:6-17 (10/17/2023) (testifying about the MADA).

*Third*, the DOJ Plaintiffs now rightly concede that Mr. Davies cannot rebut fact witnesses—an assertion they acknowledge was "unfortunate[]"—and pivot to propose that Mr. Davies will rebut Professor Kevin Murphy's opinions offered in Google's case. Opp. at 3-4. The reason that the DOJ Plaintiffs initially made no reference to Prof. Murphy is that the bulk of Mr. Davies' Reply Report's statements about him concern dismissed claims. Specifically, the core issues on which Mr. Davies' Reply Report purported to rebut Prof. Murphy in expert discovery—*i.e.*, issues pertaining to the AFAs/ACCs, compatibility, and purported deprecation of the Android Open Source Project—are no longer in the case, *see* Summ. J. Memorandum Op., ECF No. 626 at 58-60, and Plaintiffs do not invoke them in their Opposition. To the extent Mr. Davies' Reply Report concerned claims that were not dismissed—such as the purported impact of the MADA on OEMs—it simply restates the same affirmative opinions offered in Mr. Davies' Opening Report, and is thus not true rebuttal. **Tellingly, the section of Mr. Davies' Reply Report addressing the MADA cites almost**

***exclusively to his Opening Report for support***.  See Davies Reply Rep., ECF No. 417-2 at ¶¶ 34-38.  The DOJ Plaintiffs' tactical decision to hold Mr. Davies in reserve for rebuttal should not be rewarded.

*Fourth*, Mr. Davies' testimony should also be excluded under *Daubert* for the reasons set forth in that motion.  See Google's Mot. to Exclude the Opinion of Pls.' Expert Michael A. M. Davies, ECF No. 417.

## CONCLUSION

For all of the reasons set forth above, as well as those in the Motion, Google respectfully requests that the Court preclude Mr. Davies from testifying in rebuttal.

Dated:  November 7, 2023

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
Wendy Huang Waszmer (D.C. Bar No. 1631078)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com
wwaszmer@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)

2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*