IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*,<br><br>                       Plaintiffs,<br><br>  v.<br><br>Google LLC,<br><br>                       Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, *et al.*,<br><br>                       Plaintiffs,<br><br>  v.<br><br>Google LLC,<br><br>                       Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**DEFENDANT GOOGLE LLC'S SUBMISSION REGARDING ITS REQUEST TO REDACT THREE NUMBERS FROM THE NOVEMBER 7, 2023 TRIAL TRANSCRIPT**

Google respectfully requests that the Court redact the two numbers that appear at 9373:18 of the November 7, 2023 trial transcript and the number that appears at 9380:8 of that transcript prior to releasing it to any non-parties. Google first made this request by email to the Court and Plaintiffs on November 7 in order to address the issue promptly and avoid further publicizing the unauthorized disclosure of its confidential information. After receiving the transcript on the morning of November 8, Google provided its proposed redaction to the three numbers at issue and indicated that it would notify the Court of the request on the record.

As Google's counsel noted during the trial day on November 9, some courts have exercised their discretion to redact commercially sensitive information that "has been closely guarded in the past" and is read into the record through "an inadvertent slip of the tongue." *In re Trust for Gore*, 2011 WL 13175994, at *2-3 (Del. Ch. Dec. 22, 2010) ("[T]he better policy is to mitigate the consequences of an inadvertent disclosure, at least where the public's interest in access is outweighed by the confidentiality interests of the parties involved."). This sensible approach is consistent with the way in which the Court restricts public access to filings after being notified that they contain information that should have been sealed—as the Court did last week when DOJ filed a public version of a brief that included information that DOJ concedes should have been sealed. *See* U.S. Pls.' Mot. to Seal Filing (Nov. 8, 2023) (ECF No. 764). Google respectfully submits that there is no material difference between the Court taking steps to rectify an inadvertent disclosure in the transcripts of its proceedings, on the one hand, and the Court deleting an inadvertently filed disclosure from its public docket, on the other.

Although there are also cases in which courts have declined to redact a transcript, those courts generally have "recognize[d] that the retroactive redaction of sensitive information from a transcript of a proceeding held in open court is necessary in some cases." *TriQuint*

1

*Semiconductor, Inc. v. Avago Tech., Ltd.*, 2012 WL 1432519, at *3-4 (D. Ariz. Apr. 5, 2012) ("For example, a witness giving testimony at an open proceeding may unexpectedly blurt out information that is highly sensitive and confidential, leaving a party no method to limit any harm that may result from the disclosure other than seeking redaction of the injurious portion of the transcript."). Even if the Court were only inclined to redact a passage under "extraordinary circumstances," *Pfizer, Inc. v. Teva Pharms. USA, Inc.*, 2010 WL 2710566, at *4 (D.N.J. July 7, 2010), there are three reasons to find such circumstances are present here.

First, the information at issue indisputably warrants sealing. The numbers in question were redacted in the exhibit that DOJ's counsel quoted in open court, and comparable figures have been redacted throughout trial. Unlike in a number of cases where courts have declined to redact a transcript *ex post*, Google is not attempting to relitigate whether information warrants sealing, but rather seeking to redact specific numbers that plainly were not permitted to be disclosed in open court.

Second, the information Google seeks to redact also implicates a non-party's confidentiality interests. Google did everything possible to prevent the disclosure—including providing a redacted version of the exhibit and cautioning DOJ's counsel immediately after he inadvertently read the passage into the record—and it should not be further disadvantaged by public release of the transcript. But even if Google's interests were not sufficient to warrant a targeted redaction, the fact that a non-party would also be affected should tip the balance.

Third, DOJ has taken the position that the unauthorized disclosure of sealed materials—whether inadvertent or planned in advance—can justify subsequent requests to unseal related information. *See* U.S. Pls.' Submission Regarding Public Posting of JX0024 & JX0033 (Nov. 8, 2023) (ECF No. 765) at 2-3 (seeking to unseal contract terms because DOJ asked a witness

questions that elicited the "crux" or "essence of these provisions"); *id.* at 7-8 (seeking to unseal a contract term because "Plaintiffs' expert … testified in open court about the provision" based on demonstratives prepared by DOJ).  While that position is plainly untenable, it underscores the importance of correcting the inadvertent disclosure in this instance.

Google acknowledges that an *ex post* redaction is an imperfect mechanism for preventing the unauthorized disclosure of its commercially sensitive information, but in these circumstances, there is no other measure to preserve the confidentiality of the material at issue.

Dated:  November 13, 2023   Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
Wendy Huang Waszmer (D.C. Bar No. 1631078)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com
wwaszmer@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006

Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*