IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*,<br><br>                    Plaintiffs,<br><br>     v.<br><br>Google LLC,<br><br>                    Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, *et al.*,<br><br>                    Plaintiffs,<br><br>     v.<br><br>Google LLC,<br><br>                    Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**DEFENDANT GOOGLE LLC'S OPPOSITION TO
BRAD GREENSPAN'S MOTION TO INTERVENE**

Google respectfully requests that the Court deny Brad Greenspan's Motion to Intervene dated November 16, 2023 (ECF 783).  The Motion does not comply with Fed. R. Civ. P. 24(c), fails to establish grounds for the Court to exercise subject-matter jurisdiction, is untimely, and does not present any sound basis for intervention under either Fed. R. Civ. P. 24(a) or 24(b).

**I.   Background**

The putative intervenor is a serial filer who has previously been declared a vexatious litigant.  *Greenspan v. IAC/InterActiveCorp*, No. 5:14-cv-04187-RMW, ECF 161 at 4-6 (N.D. Cal. Sept. 30, 2016).[1]  In particular, Mr. Greenspan has initiated or attempted to participate in a number of cases relating to News Corp.'s 2005 acquisition of social media site MySpace that have involved a "practice of filing of frivolous motions." *Id.* at 2, 4-5.  Although the Motion at issue here is difficult to parse, it appears to be predicated on the same assertions that Mr. Greenspan has made in earlier cases regarding the 2005 MySpace transaction.  For example, a portion of the Motion in this case (Mot. at 7-8) excerpts a complaint alleging a purported "conspiracy to depress the value" of certain shares of stock between 2003 and 2005 in connection with the sale of MySpace to News Corp.  *Chan v. TimeWarner, Inc.*, No. 5:16-cv-06268-EJD, ECF 18 at 2 (N.D. Cal. Dec. 14, 2016).  The court resolved that case in defendants' favor more than five years ago.  *See id.* at ECF 61 (Sept. 13, 2017) (entering judgment for defendants); ECF 67 (Feb. 26, 2018) (denying plaintiff's motion for reconsideration); ECF 70 (Oct. 26, 2018) (reflecting Ninth Circuit's affirmance of district court's denial of plaintiff's motion for post-judgment relief).

---

[1] For ease of reference Google is enclosing a copy of this order as Exhibit A.

Mr. Greenspan's Motion in this case bears a filing date of November 16, 2023—the final day of a 10-week trial and more than three years after this case began. Google first learned of the Motion when it was posted to the docket on November 20, 2023.

## II.     Argument

The Motion should be denied for any of a number of independently sufficient reasons.

First, Mr. Greenspan has not satisfied the requirements of Rule 24(c), which provides that "[t]he motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Mr. Greenspan not only neglected to attach a pleading, but also failed to describe the claim he seeks to pursue. Although the Motion asserts "that Petitioner's lawsuit shares common issues of fact with this instant action," Mot. at 4, Mr. Greenspan does not identify any particular lawsuit. To the extent that the Motion is attempting to revive the *Chan* action described above by excerpting portions of the complaint, there is plainly no basis for doing so given that the Northern District of California and Ninth Circuit resolved the case years ago. Moreover, it is not apparent that the *Chan* action ever was "Petitioner's lawsuit" to begin with. Mr. Greenspan sought to intervene in that case and filed a series of inapposite motions (including a petition to compel arbitration), but he withdrew his request to intervene after Time Warner argued that he was "continuing the pattern of vexatious filings" that led to the order attached as Exhibit A. *Chan*, ECF 38 at 2; *see id.* at ECF 46 (Notice of Withdrawal of Motion to Intervene). Insofar as Mr. Greenspan is referring to one of his own prior lawsuits regarding News Corp.'s 2005 acquisition of MySpace, those cases were also resolved years ago and cannot serve as a basis for intervention. *See Greenspan*, ECF 29 (dismissing case with prejudice); ECF 99 (denying motion to set aside judgment); ECF 161 at 4-5 (noting dismissal of Mr. Greenspan's claims in a 2006 case arising from News Corp.'s acquisition of MySpace). In short, the Motion should be denied because Mr. Greenspan has

neither "state[d] the grounds for intervention" nor submitted "a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).[2]

Second, Mr. Greenspan's Motion should be denied at the threshold because he has not demonstrated that the Court has subject-matter jurisdiction over any claim he purportedly seeks to pursue. The first and fifth pages of the Motion cite Fed. R. Civ. P. 24(a), which governs intervention of right, but "a movant seeking to intervene as of right must … demonstrate Article III standing." *In re Endangered Species Act Section 4 Deadline Litig.*, 704 F.3d 972, 976 (D.C. Cir. 2013); *see Grocery Mfrs. Ass'n v. EPA*, 693 F.3d 169, 174 (D.C. Cir. 2012) (explaining that "[s]tanding under Article III is jurisdictional"). The Motion does not demonstrate that Mr. Greenspan experienced "(1) a concrete and particularized and actual or imminent injury-in-fact that is (2) fairly traceable to the challenged action of the defendant (and not the result of the independent action of some third party not before the court) and (3) likely to be redressed by a favorable decision." *In re Idaho Conservation League*, 811 F.3d 502, 508 (D.C. Cir. 2016). To the extent that Mr. Greenspan seeks to join DOJ and the States in prosecuting their claims under Section 2 of the Sherman Act, he has not come close to carrying his burden with respect to any of the three elements of Article III standing. *Id.* (explaining that "[t]he petitioners' burden of production is to support each of these elements by affidavit or other evidence, and their burden of proof is … to show a *substantial probability* that each of these elements has been met"

---

[2] The Motion's shortcomings far exceed the kinds of "technical defects" that courts sometimes have excused in assessing a motion to intervene. *E.g.*, *Mandan, Hidatsa & Arikara Nation v. U.S. Dep't of Interior*, No. 20-cv-1918-ABJ, 2020 WL 12655958, at *3 (D.D.C. Aug. 27, 2020) (granting a motion to "intervene as of right" that "was accompanied by a memorandum that plainly explained that the state seeks to intervene in the litigation of Count One" and "summarized the legal and factual grounds for the state's claim to ownership of the" property at issue while adding that "there is no indication that plaintiff has been prejudiced in any way by the absence of a separate pleading").

3

(cleaned up)).  And insofar as Mr. Greenspan seeks to pursue different claims relating to the sale of MySpace, the Motion likewise has not demonstrated how he was purportedly injured by those events, why the alleged harm is attributable to Google, and how a favorable decision in this case would redress any such injury.

The same jurisdictional defects support denial of the Motion if it is cast as a request for permissive intervention under Rule 24(b), rather than for intervention of right under Rule 24(a).  *See* Mot. at 4-5.  "In order to litigate a claim on the merits under Rule 24(b)(2), the putative intervenor must ordinarily present," among other things, "an independent ground for subject matter jurisdiction."  *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998).  Because Mr. Greenspan "has not alleged any facts that would give rise to standing to bring a claim," intervention should be denied for lack of jurisdiction.  *Manafort v. U.S. Dept. of Justice*, No. 18-cv-0011-ABJ, 2018 WL 10701253, at *1-2 (D.D.C. Feb. 21, 2018).

Third, the Motion should be denied as untimely.  Rules 24(a) and 24(b) both require a "timely motion," and "[i]f the motion is untimely, the explicit language of the rule dictates that intervention must be denied."  *Amador Cnty., Cal. v. U.S. Dept. of Interior*, 772 F.3d 901, 903 (D.C. Cir. 2014) (internal quotation marks omitted).  In evaluating a motion to intervene, "[t]imeliness is to be judged in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case."  *Id.* (internal quotation marks omitted).  Each factor weighs strongly against intervention.  This case has been pending for more than three years and the parties just completed a 10-week trial.  The Motion suggests the purpose of intervention is unrelated to the merits of this proceeding, and as the attached order indicates,

the filer has previously pursued similar allegations in a vexatious manner. There is no indication that intervention is necessary to preserve Mr. Greenspan's rights, as he has already brought claims regarding the 2005 sale of MySpace and has failed to identify any distinctive rights tied to this case. Finally, Google would be prejudiced by intervention at this late stage, when it is focused on post-trial briefing and has already incurred the burden associated with an expansive discovery process and lengthy trial. Whatever interest Mr. Greenspan believes he may have in this case, there can be no valid excuse for waiting until the end of a long-running, widely publicized trial to file a motion to intervene predicated on events that occurred almost 20 years ago.[3]

Fourth, the Court should deny the Motion because it does not satisfy the substantive standards for intervention. Rule 24(a) applies only if the putative intervenor, among other things, "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." And Rule 24(b) requires Mr. Greenspan to show, among other things, that he "has a claim or defense that shares with the main action a common question of law or fact." As discussed, the Motion does not articulate a "claim" at all. And in any event, an alleged agreement or series of events relating to MySpace cannot serve as a basis for intervention. The 10-week trial in this case did not feature any testimony regarding MySpace, and the case has never involved

---

[3] It has been apparent since Plaintiffs filed their Complaints in 2020 that this case did not involve whatever interests are purportedly implicated by the kinds of allegations from 2005 involving MySpace, AskJeeves, and News Corp. that appear in the Motion. *See Campaign Legal Ctr. v. Fed. Election Comm'n*, 68 F.4th 607, 610 (D.C. Cir. 2023) (observing that "the most important circumstance relating to timeliness is whether a party sought to intervene as soon as it became clear that its interests would no longer be protected by the parties in the case" (cleaned up)).

allegations that Google purportedly "suppressed Myspace.com from launching its own competing online search product," "manipulated its surrogate AskJeeves to participate in Google's search ranking manipulation scheme," "paid to get Myspace default search locked up," or "promised to pay News Corp."  Mot. at 4.  These assertions are not only outside the substantive scope of Plaintiffs' case, but also predate the focus of their Section 2 claims by many years.  The Motion neither demonstrates that Mr. Greenspan has an interest sufficient to justify compulsory intervention, nor identifies a "common question of law or fact" that would justify permissive intervention at any point, let alone after trial.

### III.   Conclusion

For any or all of these reasons, the Court should deny Mr. Greenspan's Motion to Intervene.

Dated:  November 28, 2023            Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
Wendy Huang Waszmer (D.C. Bar No. 1631078)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800

screighton@wsgr.com
frubinstein@wsgr.com
wwaszmer@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*