IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF ARKANSAS, STATE OF CALIFORNIA, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF INDIANA, COMMONWEALTH OF KENTUCKY, STATE OF LOUISIANA, STATE OF MICHIGAN, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF SOUTH CAROLINA, STATE OF TEXAS, AND STATE OF WISCONSIN<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>　　　　　　　　　　Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, STATE OF NEBRASKA, STATE OF ARIZONA, STATE OF IOWA, STATE OF NEW YORK, STATE OF NORTH CAROLINA, STATE OF TENNESSEE, STATE OF UTAH, STATE OF ALASKA, STATE OF CONNECTICUT, STATE OF DELAWARE, DISTRICT OF COLUMBIA, TERRITORY OF GUAM, STATE OF HAWAII, STATE OF ILLINOIS, STATE OF KANSAS, STATE OF MAINE, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF OREGON, COMMONWEALTH OF PENNSYLVANIA, COMMONWEALTH OF PUERTO RICO, STATE OF RHODE ISLAND, STATE OF SOUTH DAKOTA, STATE OF VERMONT, COMMONWEALTH OF VIRGINIA, STATE OF WASHINGTON, | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**NOTICE OF MOTION RECONSIDERATION 59(e)**

Plaintiff files in good faith this Motion For Reconsideration under FRCP Rule 59(e)

which includes this notice and the accompanying memorandum of points and

authorities, declaration in support, and proposed Order.



**RECEIVED**

**DEC 27 2023**

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

1

Dated: December 26, 2023

RESPECTFULLY SUBMITTED,

*/s/ Brad Greenspan*

Brad Greenspan

244 5th Ave

Suite #G290

New York, NY 10001

Email: legalsupport1@nym.hush.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF ARKANSAS, STATE OF CALIFORNIA, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF INDIANA, COMMONWEALTH OF KENTUCKY, STATE OF LOUISIANA, STATE OF MICHIGAN, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF SOUTH CAROLINA, STATE OF TEXAS, AND STATE OF WISCONSIN <br><br>      Plaintiffs, <br><br>v. <br><br>GOOGLE LLC, <br><br>      Defendant. | Case No. 1:20-cv-03010-APM <br><br> HON. AMIT P. MEHTA <br><br> ■■■■■■■■■■ |
| STATE OF COLORADO, STATE OF NEBRASKA, STATE OF ARIZONA, STATE OF IOWA, STATE OF NEW YORK, STATE OF NORTH CAROLINA, STATE OF TENNESSEE, STATE OF UTAH, STATE OF ALASKA, STATE OF CONNECTICUT, STATE OF DELAWARE, DISTRICT OF COLUMBIA, TERRITORY OF GUAM, STATE OF HAWAII, STATE OF ILLINOIS, STATE OF KANSAS, STATE OF MAINE, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF OREGON, COMMONWEALTH OF PENNSYLVANIA, COMMONWEALTH OF PUERTO RICO, STATE OF RHODE ISLAND, STATE OF SOUTH DAKOTA, STATE OF VERMONT, COMMONWEALTH OF VIRGINIA, STATE OF WASHINGTON, | Case No. 1:20-cv-03715-APM <br><br> HON. AMIT P. MEHTA <br><br> ■■■■■■■■■■ |

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION RECONSIDERATION 59(e)**

**I. INTRODUCTION**

  Intervenor Brad Greenspan ("Myspace Founder") respectfully moves this Court to grant the reconsideration pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 59e on the grounds that there is a need to correct a clear error and prevent manifest injustice.

**II. GOVERNING LAW**

Federal Rules of Civil Procedure (FRCP) Rule 59e governs Reconsideration.  Under FRCP 59(e) is "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Pigford v. Perdue*, 950 F.3d 886, 891 (D.C. Cir. 2020) (quotation omitted).

**III. ARGUMENT**

  Reconsideration is appropriate when there exists "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotations and citation omitted). Manifest injustice or clear error can include "legal errors the court made," *Zyko v. Dep't of Defense*, 180 F. Supp. 2d 89, 91 (D.D.C. 2001), or conclusions "premised on factual error," *Ali v. Carnegie Institution of Washington*, 309 F.R.D. 77, 83 (D.D.C. 2015) (citing *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004)). *See also Hammon v. Kempthorne*, 448 F. Supp. 2d 114, 118 (D.D.C. 2006) (observing that Rule 59(e) motions "are intended to permit the court to correct errors of fact appearing on the face of the record, or errors of law") (internal quotations and citation omitted). "Basing a ruling on issues not raised through the adversarial process . . . would most likely qualify as a manifest error of law." *Yacobo v. Achim*, No. 06-C-1425, 2008 WL 907444, at *1 (N.D. Ill. Mar. 31, 2008); *see also DirecTV, Inc. v. Hart*, 366 F.

Supp. 2d 315, 318 (E.D.N.C. 2004) (granting reconsideration where "the parties were not able to brief and argue the issues upon which the order . . . ultimately was decided"); *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983) (observing that reconsideration is appropriate when a court "has made a decision outside the adversarial issues presented to the Court by the parties . . ."). For each of the following reasons, reconsideration is warranted here.

> **A. The Court should not have filed the emailed Motion To Intervene because it prejudiced the Plaintiff.**

Plaintiff's emailed defective motion to intervene was clearly an attempt to file under seal because the pages including first page had a "SEAL" clearly written on the document. Under the rules of the Court, the Judge has no leeway to submit such a file as a valid filing but instead is instructed to direct the pro se Plaintiff to fix the document and file it thru delivering a paper copy to the clerk.

> **B. Plaintiff has now been damaged by Google LLC's knowingly false claims**

to disparage and prejudice Plaintiff. Plaintiff requires this Court review the claim by Plaintiff that is attached as Exhibit #1 which proves Google LLC perjured itself in its opposition to Plaintiff's Motion To Intervene and is further guilty of contempt of court. This Court must review the claims Plaintiff sought to bring in the Federal Los Angeles Huthart case as compared to Google's representation of what claims Plaintiff sought to bring in that same case. Google has re-affirmed this same false claim in this Court and unless this Court reviews and makes a determination, Plaintiff will be manifestly damaged and Plaintiff's reputation harmed.

Plaintiff also seeks a stay in order to file for advancement from Delaware Court of Chancery to receive the funds owed by former employer of Google's lawyer, News Corp under Plaintiff's indemnification employement rights. Plaintiff is owed an attorney representing Plaintiff in this

matter under Delaware 145 and an employment contract. Forcing Plaintiff to litigate and respond to Google's malicious false claims without this contractual right of indemnity and advancement will further prejudice Plaintiff.

C. **Google LLC retaliates against the Plaintiff** b

Plaintiff was about to submit evidence but for the Court filing the email defective incomplete motion to intervene showing among other things that (i) Google and Alphabet used the illegal no poach agreements which were per se violations of the Sherman Act to compensate companies such as Apple to win the exclusive default search provider rights for Safari. See Declaration attached.

(ii) Google paid other partners such as Comcast to get exclusive default positions by compensating them with unilateral no poach agreement of their employees in 2007.

(iii) Google secured the Myspace default search engine position on Myspace.com's Website starting no later then 2006 by also agreeing not to poach their employees and thru facilitating illegal cash payments to managers of Myspace not disclosed to the public shareholders before the sale of Myspace and its parent company to News Corp in 2005.

(iv) Google and Alphabet made use of an illegal clayton Act section 8 violation to take control of Apple in 2007 leading to the securing of the exclusive default search engine arrangement. Google and Alphabet controlled 4 of the 7 Directors, Bill Campbell thru secret undisclosed consulting and later "employment" agreements fraudulently concealed from SEC filings, Al Gore who was on Apple's board but a paid Google advisor, Eric Schmidt, Google's CEO, and Genetech's CEO who was Google lead director but also on Apple's board.

(v) The timeline shows that Google used the threat and action of beginning to raid Apple's browser division to force Apple and Jobs to surrender the exclusive default search safari deal not because it was a better search experience as Google purports but because Jobs and Apple wanted to keep their browser division from being poached and thus entered into a more robust no poach agreement the day before agreeing to Google's demands on the default search deal.

(vi) Since Yahoo did not offer this same economic benefit ie: a no poach agreement, there was no point in Apple running a competitive bidding process for the search partnership on the merits.

## V . CONCLUSION

Based on the foregoing, Petitioner respectfully requests that this Court grant Petitioner's Reconsideration 59e in this action for the reasons cited herein and which will be further detailed during the Oral hearing that is being concurrently requested by Motion.

WHEREFORE, Petitioner respectfully requests that its Reconsideration 59e be granted forthwith.

**Dated**: December 26, 2023

RESPECTFULLY SUBMITTED,

*/s/ Brad Greenspan*

Brad Greenspan, pro se

244 5th ave, #G290

New York, NY

10001