IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF ARKANSAS, STATE OF CALIFORNIA, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF INDIANA, COMMONWEALTH OF KENTUCKY, STATE OF LOUISIANA, STATE OF MICHIGAN, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF SOUTH CAROLINA, STATE OF TEXAS, AND STATE OF WISCONSIN<br><br>                       Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>                       Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, STATE OF NEBRASKA, STATE OF ARIZONA, STATE OF IOWA, STATE OF NEW YORK, STATE OF NORTH CAROLINA, STATE OF TENNESSEE, STATE OF UTAH, STATE OF ALASKA, STATE OF CONNECTICUT, STATE OF DELAWARE, DISTRICT OF COLUMBIA, TERRITORY OF GUAM, STATE OF HAWAII, STATE OF ILLINOIS, STATE OF KANSAS, STATE OF MAINE, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF OREGON, COMMONWEALTH OF PENNSYLVANIA, COMMONWEALTH OF PUERTO RICO, STATE OF RHODE ISLAND, STATE OF SOUTH DAKOTA, STATE OF VERMONT, COMMONWEALTH OF VIRGINIA, STATE OF WASHINGTON, | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

NOTICE OF ERRATA



RECEIVED
DEC 28 2023
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE

Petitioner respectfully submit the following corrections to certain limited portions of the pleadings provided to the Court at 11:59pm on December 26, 2023

Specifically, petitioner wishes to correct certain pleadings as set forth below.

Because of the last minute clerical changes to the numbering of certain exhibits and conversion of pleadings from a Word document - prior to filing the document – the spacing and formatting and certain sections were omitted and inserted erroneously from incorrect versions.

Plaintiff did not realize the error in these citations until after the Pleadings were filed and appeared in PACERS to be reviewed. In particular, Plaintiff wishes to make the following corrections to certain documents in the pleadings

    A. Correction #1 – The first 31 pages of the

Declaration In Support of Motion Reconsideration 59e should be replaced with the pages attached as Annex A.

    B. Correction #2 – Exhibit #1 to the declaration should be replaced in its entirety with the pages attached as Annex B.

**Dated**: December 28, 2023
RESPECTFULLY SUBMITTED,

*/s/ Brad Greenspan*
Brad Greenspan, pro se
244 5th ave, #G290
New York, NY
10001

Email: legalsupport1@nym.hush.com

ANNEX A

3

ANNEX A

ANNEX B

injury resulting from breach are sufficient in and of themselves to establish the element of irreparable harm..."); *Hough Assocs., Inc. v. Hill*, No. Civ. A 2385-N, 2007 WL 148751, at *18 (Del. Ch. Jan 17, 2007). The parties were aware of the "specific performance" remedy and could have expressly eliminated it.

The agreement did not, so, instead, it explicitly makes specific performance available.

## A. PRELIMINARY INJUNCTION

Plaintiff seeks Preliminary Injunction enjoining Defendants from making misleading false "Ex Parte" Applications or Motions in any Federal Court filings that misrepresent and mislead Federal Judges such as Defendants did with the May 19, 2014 pleading Defendants filed in Los Angeles Huthart case.

## IV.   FRAUDULENT FABRICATED MAY 19, 2014 "EX PARTE APPLICATION"

Defendant "News Corporation" in late 2013 purportedly splits into multiple new entities thru a "SEPARATION AND DISTRIBUTION AGREEMENT":

"by and among News Corporation, a Delaware corporation ("Remainco"), New Newscorp Inc, a Delaware corporation and a wholly owned subsidiary of Remainco ("New News Corporation") and, solely for the purposes of Sections 4.06, 9.08 and 9.09 hereof, News Corp Holdings UK & Ireland, a U.K. unlimited company ("NCH," and, together with Remainco and New News Corporation, each a "Party" and collectively the "Parties").

October 7, 2013, News Corporation's attorney Alston & Bird filed a

"NOTICE OF INTERESTED PARTIES" in the Huthart case stating:

"Plaintiff sued "News Corporation" prior to the company's June 28, 2013 separation into two independent publicly traded companies (the "Separation"). The company

31

that was then known as "News Corporation" prior to the Separation has since been renamed Twenty-First Century Fox, Inc. ("21st Century Fox")." (Case 2:13-cv-04253-Document 43 Page 2)

Defendant's attorneys represented themselves not as attorneys for "21st Century Fox", but:

> "Counsel for Defendants News Corporation, NI Group Limited f/k/a News International Limited, News Group Newspapers Limited"Alston & Bird attorney,

Cherminsky, made an appearance on same day, October 7, 2013 thru filing a "Notice of Interested Parties", identifying clients as "Defendants News Corporation, NI Group Limited, and News Group Newspapers Limited".

Alston & Bird's filing was misleading because they purported to be entering the case representing companies that did not exist after the June 28, 2013 "Separation and Distribution Agreement".

News Corp was seeking dismissal of the Huthart claims under forum non conveniens doctrine and by May 2014, pleadings had been completed.

April 22, 2014, Plaintiff filed verified Complaint #9567 concurrently with a Motion to Expedite Summary Judgment. The Court of Chancery served the summons thru Sheriff no later then May 16, 2014 according to Court docket:

> "Return served upon Amy McLaren, a representative for the Registered Agent of Corporation Trust Company on May 16, 2014.
> (entities listed News Corporation and 21st Century Fox Corporation)"

Delaware complaint #9567 included sixteen claim counts listed below:

| | |
|---|---|
| i. §1503(a) | ix. DE Statue 1304 |
| ii. §1503(b) | x. Dodd-Frank Section 922 & 18 U.S.C §1513(e) |
| iii. §1503(c) | xi. Blasisus |
| iv. §1503(d) | xii. Contempt |
| v. §1505(f) | xiii. Ruling certain transactions post October 17, 2003 Void |
| vi. Breach of Agreement | xiv. Defendants right to exculpation under 102(b)(7) void |
| vii. Inseparable Fraud | xv. Ruling certain transactions post October 17, 2003 Void |
| viii. Parexel Type Fraud Violation | xvi. Indemnification & Advancement Claims |

Plaintiff also filed a pro se Motion to Intervene and Complaint in Intervention in ongoing Huthart Case No. CV-13-04253 on May 2, 2014 in Los Angeles Federal

| Huthart's 2013 complaint causes of action: No. 2:13-cv 04253 |
|---|
| i. The Stored Communications Act, 18 U.S.C. 2701 & 2707 |
| ii. Wiretap Act, 18 U.S.C. 2510, 2511 & 2520 |
| iii. Article I, Section I Of The California State Constitution |
| iv. California Penal Code 630, 631, 632, 632.7 & 637(2)(a) |
| v. California Civil Code 1708.8(b), 1708.8(d) & 1708.8(e) |
| vi. Intrusion Into Private Affairs – California Common Law |

District Court. Eunice Huthart pled six causes of action in her 2013 complaint:

Plaintiff 's May 2, 2014 Complaint in Intervention and Huthart's 2013 complaint shared six identical causes of action, pled in the same exact order:[24]

| 5/2/2014: Complaint in Intervention causes of action: No. 2:13-cv03253 |
|---|
| i. The Stored Communications Act, 18 U.S.C. 2701 & 2707 |
| ii. Wiretap Act, 18 U.S.C. 2510, 2511 & 2520 |
| iii. Article I, Section I Of The California State Constitution |
| iv. California Penal Code 630, 631, 632, 632.7 & 637(2)(a) |
| v. California Civil Code 1708.8(b), 1708.8(d) & 1708.8(e) |
| vi. Intrusion Into Private Affairs – California Common Law |

---

[24] Plaintiff's Complaint in Intervention had 7th claim of CA Statue 17200 not pled by Huthart.

33

On May 6, 2014, the Federal Court granted Plaintiff a 6/30/2014 Motion to Intervene hearing:

> "Docket Text: NOTICE OF MOTION to Intervene filed by inventor Brad Greenspan. Motion set for hearing on 6/30/2014 at 10:00 AM before Judge Michael W. Fitzgerald. Lodged Proposed Order and Complaint. (jp)"

May 16, 2014, Alston & Bird LLC and Williams & Connolly Law purportedly tried to Give Plaintiff 3 days notice prior to filing an "Ex Parte Application" seeking a continuance of the June 30, 2014 Motion to Intervene hearing via hand delivering a letter to Plaintiff's former Los Angeles mailing address which states:[25]

> "We represent Defendants News Corporation, NI Group Limited, and News Group Newspapers Limited (collectively "Defendants") in the above-referenced matter. We are writing to advise that Defendants will be filing an ex parte application on Monday, May 19, 2014, seeking a continuance of the June 30, 2014 hearing presently set for the motion to intervene.
>
> "The principal basis for the application is that Defendants have filed a motion to dismiss Ms. Huthart's lawsuit that is presently under submission before Judge Fitzgerald, and dismissal of the underlying matter would render your intervention motion moot. A continuance of the June 30 hearing date may thus avoid the necessity of Defendants filing opposition papers to the intervention motion, or the court considering such motion, and would therefore promote judicial economy."
>
> "Though Defendants do not seek to adjudicate the merits of your motion to intervene through the ex parte papers, Defendants' position is that the motion to intervene and accompanying papers are both procedurally and substantively defective and provide no basis for any intervention."

Its notable that Defendants in May 16, 2014 letter do not cite Plaintiff's Delaware #9567 as the reason for their objection. However, after News Corp is served verified complaint #9567 on May 16, 2014 in Delaware, its included as an Exhibit and used as

---

[25] The letter was not received by Plaintiff but was included in the May 19, 2014 "Ex Parte Application" as an exhibit.

central evidence in the May 19, 2014 News Corp files "Ex Parte Application" in Huthart case titled:

> "DEFENDANTS' EX PARTE APPLICATION TO CONTINUE MOTION FOR INTERVENTION OF BRAD GREENSPAN PENDING THE COURT'S DETERMINATION ON DEFENDANTS' MOTION TO DISMISS"

Defendant's filing includes copy of Plaintiff's 5/2/2014 Complaint in Intervention. (See June 8, 2015 Motion To Take Judicial Notice #4 and Exhibit #4)[26]. The May 19, 2014 pleading also includes as exhibit, Delaware Case No. #9567 verified Complaint (See Id. but #3 and Exhibit #3). After the Defendants are served with the May 16, 2014 Delaware #9567 verified complaint, The Defendants then determine to mislead the Federal Judge thru the May 19, 2014 claims that Delaware #9567 and Plaintiff's Huthart Complaint in Intervention have identical causes of action.

PLAINTIFF HUTHART IS MISLED

Defendant's Karasik declaration submitted in support of May 19, 2014 "Ex Parte Application" raises issues of providing inaccurate information to Plaintiff Huthart on May 15, 2014, and then failing to update Plaintiff Huthart later after May 15, 2014 when Defendant received for instance, the May 16, 2014 service of Delaware verified complaint #9567 which Defendants actually include in the May 19, 2014 pleading.

> "Notice of this Application was provided to Plaintiff's counsel by telephone call on May 15, 2014, and Plaintiff's counsel advises that Plaintiff does not joint the ex

---

[26] "Greenspan's motion papers consist of a Notice to Intervene (Dkt. No 61), a Memorandum in Support (Dkt. No. 62), Declaration of Brad Greenspan in Support (Dkt. No. 63), and a Proof of Service by Mail (Dkt. No. 64), all filed on May 2, 2014. Greenspan additionally served on Defendants local counsel a **proposed Complaint in Intervention, attached to the Karasik Declaration, that has not been filed with the Court.**" (05/19/14, "Ex Parte Application",Pg6)

parte and intends to oppose the motion to intervene. (Declaration of Louis A. Karasik ("Karasik Decl."), "

Therefore, since Defendants did not re-contact Plaintiff after Defendants were served on May 16, 2014 with verified complaint #9567, at which time Defendants determined to create a new argument/defense/claim that justified Ex Parte relief and sought to make false facts in order to create the belief by the Federal Court and other parties including outside media and government officials, that Plaintiff's claims and causes of action were frivolous and made not in good faith by Plaintiff.

FEDERAL JUDGE IS MISLED

After Defendant's fraudulent "Ex Parte" Application, the misled Federal Judge dismissed the Huthart complaint May 21, 2014, concurrently ruling such dismissal made Plaintiff's Motion to Intervene moot because of mistaken belief Plaintiff's causes of actions contained in Complaint in Intervention were the same as the causes of action in Plaintiff's Court of Chancery verified complaint #9567. Plaintiff notified News Corp of the substantial errors contained in its May 19, 2014 "Ex Parte Application" thru filing a belated Motion For Sanctions June 3, 2014 in Los Angeles Federal District Court but News Corp took no remedial action.(See June 8, 2015 Motion To Take Judicial Notice, Exhibit #6)

On June 5, 2014, News Corp filed two identical Notice of 12b6 Motions in Court of Chancery which purported to respond to Plaintiff's verified complaint #9567 served on "News Corporation" and "21st Century Fox" on May 16, 2014.[27]

---

[27] However News Corp did not file Motions of Opposition or otherwise timely respond to Plaintiff's concurrently served MOTION TO EXPEDITE RIGHT TO ADVANCEMENT SUMMARY HEARING AND LEGAL FEE REIMBURSEMENT SUMMARY JUDGMENT

36