# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>      Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, *et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>      Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**DEFENDANT GOOGLE LLC'S OPPOSITION TO
BRAD GREENSPAN'S MOTION FOR RECONSIDERATION**

Google respectfully requests that the Court deny Brad Greenspan's Motion for Reconsideration (ECF 790) of the Court's November 28, 2023 Order denying his Motion to Intervene. The November 28 Order correctly concluded that Mr. Greenspan has not established that he has standing to intervene in this case and that his attempted intervention is untimely. Mr. Greenspan identifies no sound basis for reconsidering that determination under Fed. R. Civ. P. 54(b), 59(e), 60(b), or any other authority.

I.      **Legal Standard**

Mr. Greenspan's Motion seeks reconsideration pursuant to Fed. R. Civ. P. 59(e), which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." *See* Mot. at 4. "Reconsideration may be warranted if the movant establishes an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Roane v. Gonzales*, 832 F. Supp. 2d 61, 64 (D.D.C. 2011). In this case, the Motion for Reconsideration bears a December 27, 2023 file stamp, which was the 29th day after the Court denied Mr. Greenspan's Motion to Intervene. "A motion for reconsideration filed outside the 28–day window provided by Rule 59(e) is typically viewed as a Rule 60(b) motion." *Ali v. Carnegie Inst. of Wash.*, 309 F.R.D. 77, 81 (D.D.C. 2015). "Rule 60(b) … requires a party moving for reconsideration of a final judgment to show that a different ruling is warranted due to mistake, newly discovered evidence, fraud or misrepresentation, party misconduct, a void judgment, an already satisfied judgment, or another reason that justifies relief." *Byrd-Sanders v. FedChoice Fed. Credit Union*, 2017 WL 6541258, at *1 (D.D.C. Oct. 3, 2017) (internal quotation marks omitted).

Because an order denying a motion for intervention does not adjudicate the claims of all parties to the action, however, some courts have reviewed a request for reconsideration of such an order under Fed. R. Civ. P. 54(b) instead of Rule 59(e) or 60(b). *E.g.*, *Anand v. U.S. Dep't of*

1

*Health & Human Servs.*, 2022 WL 2753244, at *1 (D.D.C. Jan. 19, 2022) (concluding that "[a]lthough Movant … cites Federal Rule of Civil Procedure 59(e) as the basis for his request for reconsideration, the Court finds that Rule 54(b) supplies the appropriate standard for the relief sought" where Movants asked "the Court to alter or amend its decision to deny their requests to intervene"). When applying Rule 54(b), "[i]n general, a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *Parker v. John Moriarty & Assocs.*, 221 F. Supp. 3d 1, 2 (D.D.C. 2016) (internal quotation marks omitted).

"Regardless of the Rule pursuant to which reconsideration is sought, it is well-established that motions for reconsideration, whatever their procedural basis, cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier." *Ali*, 309 F.R.D. at 81. Moreover, "the party seeking reconsideration bears the burden of establishing that such relief is warranted under the circumstances." *Id.*

**II.    Argument**

Mr. Greenspan's Motion for Reconsideration should be denied irrespective of whether it is reviewed pursuant Rule 54(b), 59(e), 60(b), or any other authority. *See id.* at 82.

First, Mr. Greenspan has not identified an intervening change in the law concerning intervention pursuant to Fed. R. Civ. P. 24, Article III standing, or another pertinent doctrine. For example, Rules 24(a) and 24(b) both still require a "timely motion," such that "[i]f the motion is untimely, the explicit language of the rule dictates that intervention must be denied." *Amador Cnty., Cal. v. U.S. Dep't of Interior*, 772 F.3d 901, 903 (D.C. Cir. 2014) (internal quotation marks omitted); *see, e.g., Campaign Legal Ctr. v. Fed. Elec. Comm'n*, 68 F.4th 607, 610-11

(D.C. Cir. 2023) (affirming district court's denial of belated motion to intervene as of right).  As the Court correctly concluded in its November 28 Order, a consideration of the relevant circumstances confirms that the Motion to Intervene came far too late.  *See id.*; Google's Opp. to Mot. to Intervene (ECF 787) at 4-5.

Second, the Motion for Reconsideration does not identify new evidence that was previously unavailable.  The attachments to the Motion consist primarily of publicly available filings in other litigations or characterizations of media reports from more than a decade ago.  These materials should not have had any bearing on the determination of Mr. Greenspan's Motion to Intervene even if they had been submitted with the Motion because they neither establish Article III standing nor justify the timing of the attempt to intervene.  But even if the attachments had some purported significance, they would not serve as a sound basis for reevaluating the Court's November 28 Order because "a motion for reconsideration may not present evidence that was available but not offered in the original motion."  *United States v. Cabrera*, 699 F. Supp. 2d 35, 41 (D.D.C. 2010).[1]

Third, the Court's November 28 Order was and is correct in all respects, and it certainly does not reflect the kind of "clear error or manifest injustice" that would merit reconsideration

---

[1] Mr. Greenspan subsequently filed another collection of orders, docket entries, and other material from various litigations with a Request for Judicial Notice (ECF 794).  The Request for Judicial Notice should be denied because the records are not relevant to any issue, including whether the Court should reconsider its November 28 Order.  *See Larson v. Dep't of State*, 565 F.3d 857, 870 (D.C. Cir. 2009); *Slate v. Am. Broad. Cos.*, 12 F. Supp. 3d 30, 44-45 (D.D.C. 2013) (explaining that "the matters to be noticed must be relevant," and denying a request pursuant to Fed. R. Evid. 201 where "the exhibits presented for judicial notice are 'all irrelevant to the Court's rulings'").  To the extent that the Court takes judicial notice of any of the records submitted with ECF 794, they would not justify reconsideration of the Court's November 28 Order because, among other things, the records were not previously unavailable.  *See Ali*, 309 F.R.D. at 81 ("Regardless of the Rule pursuant to which reconsideration is sought, it is well-established that motions for reconsideration, whatever their procedural basis, cannot be used as … a vehicle for presenting theories or arguments that could have been advanced earlier.").

3

under Rule 59(e) or any other authority. *See Roane*, 832 F. Supp. 2d at 66 (explaining that "[t]he standard of proving manifest injustice is high" (cleaned up)). For example, the November 28 Order properly concluded that the Motion to Intervene did not establish that Mr. Greenspan has Article III standing to participate in this case. That was correct based on the record presented through the Motion to Intervene and it remains correct even if the Court were to account for Mr. Greenspan's additional assertions, as the Motion for Reconsideration neither establishes that he may contribute to Plaintiffs' efforts by offering additional arguments or evidence nor demonstrates that he has standing to pursue any claims of his own. *See* Nov. 28, 2023 Order (noting that Mr. Greenspan "appears to argue that as an Intervenor, he would contribute additional evidence in support of Plaintiffs' case" and concluding that he "has failed to identify any cognizable claims or injuries he would be able to pursue or remedy"). There is no clear error or manifest injustice in denying an attempt by a member of the public to argue the merits of a case brought by the United States and numerous states that has already been tried. *See, e.g., Env't Integrity Project v. McCarthy*, 319 F.R.D. 8, 15, 17 (D.D.C. 2016) (denying motion to intervene as of right because "Article III standing requires more than allegations of damage to an interest in seeing the law obeyed or a social goal furthered," and denying permissive intervention because "Movants' desire to inject their substantive concerns … threatens to delay resolution of the claims pending between the original parties").

      Fourth, there is no other basis for reconsidering the Court's November 28 Order denying Mr. Greenspan's Motion to Intervene. Mr. Greenspan's Motion not only fails to set forth grounds for reconsideration under Rule 59(e), but also highlights the disruptiveness of intervention at this late stage. *See, e.g.*, Mot. at 5 (purporting to "seek[] a stay in order to file for advancement from Delaware Court of Chancery to receive the funds owed by former employer

4

of Google's lawyer, News Corp under Plaintiff's indemnification employment rights"). Whatever interest Mr. Greenspan professes to have in this matter, it does not justify intervention, and the request to reconsider the Court's November 28 Order should be denied. *See, e.g.*, *Anand*, 2022 WL 2753244, at *1 (denying reconsideration of motions to intervene where none of the movants' "lengthy allegations address the crux of the Court's earlier ruling" that an "'interest' in the subject matter … is not a sufficient basis to permit Movants to intervene in the present lawsuit").

Dated:  January 5, 2024                                  Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: /s/ John E. Schmidtlein
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
Wendy Huang Waszmer (D.C. Bar No. 1631078)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com
wwaszmer@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006

Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*