IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF ARKANSAS, STATE OF CALIFORNIA, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF INDIANA, COMMONWEALTH OF KENTUCKY, STATE OF LOUISIANA, STATE OF MICHIGAN, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF SOUTH CAROLINA, STATE OF TEXAS, AND STATE OF WISCONSIN<br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br>　　　　　　　　　Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA<br><br>████████████████<br><br>LET THIS BE FILED<br>Signature _Amit Mehta_<br>Date _1/24/24_ |
| STATE OF COLORADO, STATE OF NEBRASKA, STATE OF ARIZONA, STATE OF IOWA, STATE OF NEW YORK, STATE OF NORTH CAROLINA, STATE OF TENNESSEE, STATE OF UTAH, STATE OF ALASKA, STATE OF CONNECTICUT, STATE OF DELAWARE, DISTRICT OF COLUMBIA, TERRITORY OF GUAM, STATE OF HAWAII, STATE OF ILLINOIS, STATE OF KANSAS, STATE OF MAINE, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF OREGON, COMMONWEALTH OF PENNSYLVANIA, COMMONWEALTH OF PUERTO RICO, STATE OF RHODE ISLAND, STATE OF SOUTH DAKOTA, STATE OF VERMONT, COMMONWEALTH OF VIRGINIA, STATE OF WASHINGTON, | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA<br><br>████████████████ |

**NOTICE OF MOTION FOR RECUSAL JUDGE MEHTA UNDER RULE 2.11(A)**

RECEIVED
Mail Room
JAN 08 2024
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

1

NOTICE OF MOTION FOR RECUSAL JUDGE MEHTA UNDER RULE 2.11(A)

Plaintiff files in good faith this motion for recusal which includes this notice and the accompanying memorandum of points and authorities, declaration in support, and proposed Order.

Dated: January 5, 2024

RESPECTFULLY SUBMITTED,

/s/  / Brad Greenspan

Brad Greenspan

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document.

244 5th Ave

Suite #G290

New York, NY 10001

Email: legalsupport1@nym.hush.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF ARKANSAS, STATE OF CALIFORNIA, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF INDIANA, COMMONWEALTH OF KENTUCKY, STATE OF LOUISIANA, STATE OF MICHIGAN, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF SOUTH CAROLINA, STATE OF TEXAS, AND STATE OF WISCONSIN<br>                Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br>                Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, STATE OF NEBRASKA, STATE OF ARIZONA, STATE OF IOWA, STATE OF NEW YORK, STATE OF NORTH CAROLINA, STATE OF TENNESSEE, STATE OF UTAH, STATE OF ALASKA, STATE OF CONNECTICUT, STATE OF DELAWARE, DISTRICT OF COLUMBIA, TERRITORY OF GUAM, STATE OF HAWAII, STATE OF ILLINOIS, STATE OF KANSAS, STATE OF MAINE, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF OREGON, COMMONWEALTH OF PENNSYLVANIA, COMMONWEALTH OF PUERTO RICO, STATE OF RHODE ISLAND, STATE OF SOUTH DAKOTA, STATE OF VERMONT, COMMONWEALTH OF VIRGINIA, STATE OF WASHINGTON, | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECUSAL JUDGE MEHTA UNDER RULE 2.11(A)**

3



**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECUSAL JUDGE MEHTA UNDER RULE 2.11(A)**

### I. INTRODUCTION

Petitioner respectfully moves this Court to grant this Motion For Recusal seeks Judge Mehta recusal on the grounds under RULE 2.11 including subpart (A), 28 U.S.C. §§ 455(a), (b)(1), and (b)(2).

### II. LEGAL STANDARD

Plaintiff seeks recusal under three sections of the statute:

Section 455(a) mandates "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b)(1) requires a judge to recuse "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Section 455(b)(2) requires a judge to recuse "[w]here in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it."

"The D.C. Circuit has recognized that a motion to recuse should not be 'lightly granted.'" United States v. Nixon, 267 F. Supp. 3d 140, 146 (D.D.C. 2017) (quoting United States v. Pollard, 959 F.2d 1011, 1023 (D.C. Cir. 1992)). Judges are presumed to be capable of carrying out their sworn duties faithfully and impartially. See e.g., Philip Morris USA Inc. v. United States Food & Drug Admin., 156 F. Supp.3d 36, 43, 49–50 (D.D.C. 2016). Because judges are presumed to be impartial, the Court Must begin its analysis of a recusal request with a presumption against disqualification. See SEC v. Bilzerian, 729 F. Supp. 2d 19, 22 (D.D.C.

4

2010); United States v. Ali, 799 F.3d 1008, 1017 (8th Cir. 2015) ("A party introducing a motion to recuse carries a heavy burden of proof; a judge Is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise.") (citation omitted).

Section 455(a) mandates "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." When considering whether recusal is required under Section 455(a), the Court must determine whether a "'reasonable and informed observer would question the judge's impartiality.'" S.E.C. v. Loving Spirit Found., Inc., 392 F.3d 486, 493 (D.C. Cir. 2004) (quoting United States v. Microsoft Corp., 253 F.3d 34, 114 (D.C. Cir. 2001)); see also Sao Paulo State of the Federative Republic of Brazil v. Am. Tobacco Co., Inc., 535 U.S. 229, 232–33 (2002) (per curiam) (holding that the perspective must be from a reasonable person knowing all the circumstances); Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860–61 (1988). This analysis requires an objective assessment of the appearance, not just the reality, of bias or prejudice. See Liteky v. United States, 510 U.S. 540, 548 (1994).

### III. ARGUMENT

Plaintiff submits as evidence and to meet the threshold required of the statue, the portion of the transcript filed in this case from a bench hearing in 2021 during which Judge Mehta near the very end of the hearing announces that Judge Mehta has been informed by his financial advisor that Judge Mehta's financial portfolio or portfolio of assets or portfolio of stocks or portfolio of mutual funds has "taken a hit". Judge Mehta provides no details regarding the "hit".

For instance, Judge Mehta does not explain what period of time the "hit covers", does not explain or reveal how the general market performed to Judge Mehta's portfolio during the same period of time, does not explain if the "hit" was caused by a single holding in a single fund

purchased or if the "hit" was caused by a more gradual decline in the value of a bundle of funds Judge Mehta was holding.

Judge Mehta has instructed his financial advisor to begin purchasing mutual funds that include ownership of the defendant's publicly traded parent company. Judge Mehta has determined that holding a portfolio of "small cap" focused mutual funds to avoid creating a conflict of interest existing with the Defendant results in prejudice and harm to Judge Mehta but does not provide any details of the prejudice, harm, or hardship he faces or faced or will face if his policy begun when he began overseeing Case No. 1:20-cv-03010 does continue to be adhered to.

Judge Mehta has determined that he must be able to purchase "large cap" focused mutual funds in order to avoid prejudice, harm and hardship Judge Mehta was damaged by or threatened by or faced. Judge Mehta never explains why he would not have been able to purchase "large cap" focused mutual funds that also have a specific sector focus such as Oil or Natural Resources or Asia. Judge Mehta never explains what research he completed or diligence he performed to determine if his financial advisor's reason given to Judge Mehta explaining why Judge Mehta suffered a financial "hit" was accurate?  Judge Mehta never explains if or why Judge Mehta never raised the possibility that the financial advisor's performance could be the reason for Judge Mehta suffering the financial "hit" which Judge Mehta notified the parties of in the hearing.

Judge Mehta also never explains why he did not attempt to find or make use of a different financial consultant that would oversee Judge Mehta's financial investments using the conflict procedures which Judge Mehta had designed and put in place at the start of overseeing this case, to confirm that the financial "hit" was both inevitable and of a material nature even using two different financial advisors

I.     Section 455(a)

Judge Mehta under Section 455(a) is required to recuse himself because his impartiality can reasonably be questioned. Judge Mehta's impartiality can reasonably be questioned because the Judge after initially identifying and swearing to follow a procedure to avoid a financial conflict with defendant in this case, then almost two years later at the end of a hearing called for unrelated purposes, casually slipping in the mention of the "financial hit" at the end of such unrelated purpose hearing. Under Section 455(a), Judge Mehta must recuse himself because a general citizen would not understand why Judge Mehta needs to provide his financial advisor with new instructions which result in the exact opposite outcome from the initial instructions Judge Mehta provided to his financial advisor, unless also concurrently questioning Judge Mehta's impartiality.

Under Section 455(a), Judge Mehta must recuse himself because a general citizen would not understand why Judge Mehta decided he must ensure his financial advisor begins acquiring mutual funds with exposure to the defendant, unless also concurrently questioning Judge Mehta's impartiality.

Under Section 455(a), Judge Mehta must recuse himself because a general citizen would not understand why Judge Mehta did not provide substantive details and facts including declarations and affidavits of his financial advisor, and copies of financial statements supporting the story of the financial "hit", unless also concurrently questioning Judge Mehta's impartiality.

However the general citizen would also believe recusal required under Section 455(a) when adding to the above questions additional information, specifically, the fact:

   1. Judge Mehta determined not to sanction the defendant for destroying evidence it had promised to protect and preserve as discovery in this case despite the U.S. DOJ filing a

7

motion seeking sanctions.

    2. Judge Mehta granting the same defendant expansive rights and privileges related to maintaining evidence under seal, all of which benefit the defendant and which there is no historical precedent which has been submitted by any party.

    3. Judge Metha determined not to sanction the defendant nor modify the Judge's grant of rights related to seal privileges even after it was discovered the defendant had initiated a strategy to have its employees mark all of their communications with false marks and claims of attorney client privilege while concurrently bcc'ing or cc'ing an employee attorney to every email communication occurring.

    4. Judge Mehta refused to consider the findings of another Federal Judge related to the same defendant committing the same criminal acts related to discovery violations.

  **II.** **28 U.S.C. § 455(b)(1)**

Under § 455(b)(1), a judge must recuse where "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

This Judge has a personal bias favoring the Defendant Google which has been demonstrated by the above cited facts and further as a result of the fact that Judge Mehta determined to intentionally create this personal bias in favor of the Defendant by overruling his own financial investment conflict protection procedure in order that the Judge could begin to own mutual funds which owned shares of the Defendant so Judge Mehta could not only avoid another financial "hit" but also make enough profit upside to be made whole from suffering the prior financial "hit" Judge Mehta referenced in the unlawful conflict waiver he attempted at the end of an unrelated unnoticed hearing, then under 455(b)(1), recusal is required by Judge

Mehta.

### III.   RULE 2.11

The Judge here is also bound under Rule 2.11 of Judicial Canon. Under Rule 2.11(A)(1) recusal is required for the appearance of prejudice and bias that will come with a situation found in this case and reason for this motion, where the Judge oversees a filing or motion or decision related to a defendant which the Judge having originally created a financial investment conflict protection procedure and then put such procedure into place at the time the Judge began overseeing the case, then two years later terminates the procedure after becoming distraught that such Judge's financial losses were a result of being precluded from being able to own shares or mutual funds holding shares of the Defendant. Further, Rule 2.11 would not look favorably upon the fact that the Judge upon the termination notice, provided not a single shred of evidence supporting any of the claims that same Judge made when such matters concerned financial portfolios, investments, losses, "hits", financial advisors, and market performance over time, comparing sectors and markets over time including market averages. Nor did the Judge even bother with defining the nature and magnitude of the financial "hit" purported to have suffered ie: was it 1% down for the year, or 21% down for the year? Was the Judge 1% down for the year when the S&P 500 was down 11% for the year?

### V . CONCLUSION

Based on the foregoing, Petitioner respectfully requests that this Court grant Petitioner's Motion For Recusal in this action for the reasons cited herein.

Dated: January 5, 2024

RESPECTFULLY SUBMITTED,

/s/ *Brad Greenspan*

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document.

9

Brad Greenspan

244 5th Ave

Suite #G290

New York, NY 10001

Email: legalsupport1@nym.hush.com