**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA, STATE OF ARKANSAS, STATE OF CALIFORNIA, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF INDIANA, COMMONWEALTH OF KENTUCKY, STATE OF LOUISIANA, STATE OF MICHIGAN, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF SOUTH CAROLINA, STATE OF TEXAS, AND STATE OF WISCONSIN

                Plaintiffs,

v.

GOOGLE LLC,

                Defendant.

Case No. 1:20-cv-03010-APM

HON. AMIT P. MEHTA

LET THIS BE FILED

Signature ▮▮▮▮▮▮▮▮▮

Date ▮▮▮▮▮  1/28/24

STATE OF COLORADO, STATE OF NEBRASKA, STATE OF ARIZONA, STATE OF IOWA, STATE OF NEW YORK, STATE OF NORTH CAROLINA, STATE OF TENNESSEE, STATE OF UTAH, STATE OF ALASKA, STATE OF CONNECTICUT, STATE OF DELAWARE, DISTRICT OF COLUMBIA, TERRITORY OF GUAM, STATE OF HAWAII, STATE OF ILLINOIS, STATE OF KANSAS, STATE OF MAINE, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF OREGON, COMMONWEALTH OF PENNSYLVANIA, COMMONWEALTH OF PUERTO RICO, STATE OF RHODE ISLAND, STATE OF SOUTH DAKOTA, STATE OF VERMONT, COMMONWEALTH OF VIRGINIA, STATE OF WASHINGTON,

Case No. 1:20-cv-03715-APM

HON. AMIT P. MEHTA

▮▮▮▮▮▮▮▮▮

NOTICE

**MOTION ~~AND MEMORANDUM OF LAW~~ IN SUPPORT OF MOTION FOR RECUSAL JUDGE ANA C. REYES UNDER RULE 2.11(A)**

RECEIVED
Mail Room

JAN 08 2024

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

NOTICE OF MOTION FOR RECUSAL JUDGE ANA C. REYES

UNDER RULE 2.11(A)

Plaintiff files in good faith this motion for recusal which includes this notice and

the accompanying memorandum of points and authorities, declaration in support, and

proposed Order.

Dated: January 5, 2024

RESPECTFULLY SUBMITTED,

/s/   *Brad Greenspan*

Brad Greenspan

244 5th Ave

Suite #G290

New York, NY 10001

Email: legalsupport1@nym.hush.com

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF ARKANSAS, STATE OF CALIFORNIA, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF INDIANA, COMMONWEALTH OF KENTUCKY, STATE OF LOUISIANA, STATE OF MICHIGAN, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF SOUTH CAROLINA, STATE OF TEXAS, AND STATE OF WISCONSIN <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 1:20-cv-03010-APM <br><br> HON. AMIT P. MEHTA <br><br> ███████████████ |
| STATE OF COLORADO, STATE OF NEBRASKA, STATE OF ARIZONA, STATE OF IOWA, STATE OF NEW YORK, STATE OF NORTH CAROLINA, STATE OF TENNESSEE, STATE OF UTAH, STATE OF ALASKA, STATE OF CONNECTICUT, STATE OF DELAWARE, DISTRICT OF COLUMBIA, TERRITORY OF GUAM, STATE OF HAWAII, STATE OF ILLINOIS, STATE OF KANSAS, STATE OF MAINE, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF OREGON, COMMONWEALTH OF PENNSYLVANIA, COMMONWEALTH OF PUERTO RICO, STATE OF RHODE ISLAND, STATE OF SOUTH DAKOTA, STATE OF VERMONT, COMMONWEALTH OF VIRGINIA, STATE OF WASHINGTON, | Case No. 1:20-cv-03715-APM <br><br> HON. AMIT P. MEHTA <br><br> ███████████████ |

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECUSAL JUDGE ANA C. REYES UNDER RULE 2.11(A)**



RECEIVED
Mail Room

JAN 08 2024

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECUSAL JUDGE ANA C. REYES UNDER RULE 2.11(A)**

### I.    INTRODUCTION

Petitioner respectfully moves this Court to grant this Motion For Recusal seeks Judge

Reyes recusal on the grounds under RULE 2.11 including subpart (A), 28 U.S.C. §§ 455(a),

(b)(1), and (b)(2).



**FILED**

DEC 2 2 2023

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ORDER**

It is this 22nd day of December, 2023,

ORDERED that the following emergency assignment list for the **first quarter of 2024** is announced. This assignment, for civil and criminal matters, commences at 4:30 p.m. on the previous day and remains in effect until 9:00 a.m. the next regular business day. The Judge designated need not be present in the courthouse but must be reasonably available, on call, in the area.

The emergency assignment Judge may be contacted through the U.S. Marshals Service Communications Center located in the courthouse at 353-0600.

**EMERGENCY ASSIGNMENTS**

| | |
|---|---|
| January 1 (Holiday) | Cobb |
| January 6-7 | Reyes |
| January 13-14 | AliKhan |
| January 15 (Holiday) | Howell |
| January 20-21 | Contreras |
| January 27-28 | Cooper |

## II. LEGAL STANDARD

Plaintiff seeks recusal under three sections of the statute:

Section 455(a) mandates "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b)(1) requires a judge to recuse "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Section 455(b)(2) requires a judge to recuse "[w]here in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it."

### III. ARGUMENT

"The D.C. Circuit has recognized that a motion to recuse should not be 'lightly granted.'" United States v. Nixon, 267 F. Supp. 3d 140, 146 (D.D.C. 2017) (quoting United States v. Pollard, 959 F.2d 1011, 1023 (D.C. Cir. 1992)). Judges are presumed to be capable of carrying out their sworn duties faithfully and impartially. See e.g., Philip Morris USA Inc. v. United States Food & Drug Admin., 156 F. Supp.3d 36, 43, 49–50 (D.D.C. 2016). Because judges are presumed to be impartial, the Court Must begin its analysis of a recusal request with a presumption against disqualification. See SEC v. Bilzerian, 729 F. Supp. 2d 19, 22 (D.D.C. 2010); United States v. Ali, 799 F.3d 1008, 1017 (8th Cir. 2015) ("A party introducing a motion to recuse carries a heavy burden of proof; a judge Is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise.") (citation omitted).

Plaintiff submits as evidence and to meet the threshold required of the statue, Exhibit #1, which is an uncontested and clearly approved recent copy of the bio including work background that Judge Reyes has produced herself.

5

Plaintiff raises other issues of concern:

First, the following sentence demonstrates Judge Reyes misleads the reader into not learning the actual date nor the actual work position and job that first existed between the conflict party and Judge Reyes, stating the following lines which omit the fact Reyes was a 1999 Summer Associate at Connolly LLP therefore underplaying the importance and obscuring her actual significantly closer relationship with the conflict party. Further, its likely that while a 1999 Summer Associate at Connolly LLP, its because of Connolly LLP that Reyes was able to secure a position as a law clerk to Judge Kearse. Reyes determined to omit the true start of her business career in the Court biography to hide the fact and to proactively limit the belief or impression that Reyes was only capable of becoming a Law Clerk with a Federal Judge after and because she had already first accepted a job in 1999 to work for Connolly LLP and it was Connolly LLP introductions or connections leading her to successfully achieve what she falsely or at least misleadingly claims was her first paid job in the industry licensed professionals are known as an "attorney".

> "Judge Reyes served as a law clerk to Judge Amalya L. Kearse on the U.S. Court of Appeals for the Second Circuit (2001). After clerking, Judge Reyes became a litigation attorney at Williams & Connolly LLP, where she spent her legal career from 2001 to 2023.

*See Cheney*, 541 U.S. at 922-24, 929 (declining recusal request based on a recent vacation the Justice took with a named party); *Microsoft Corp. v. United States*, 530 U.S. 1301, 1301 (2000) (Rehnquist, C.J., in chambers) (declining recusal while acknowledging that "[m]y son . . . is one of the attorneys working on" related litigation); *Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1104 (5th Cir. 1980) (finding recusal necessary where the presiding judge was involved in business dealings with and was being represented by lead trial counsel); *Parker v. Connors Steel*

*Co.*, 855 F.2d 1510, 1514 (11th Cir. 1988) (finding recusal necessary in light of close familial relationship between law clerk and senior partner in the firm representing one of the parties).

I.      **Section 455(a)**

Section 455(a) mandates "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." When considering whether recusal is required under Section 455(a), the Court must determine whether a "'reasonable and informed observer would question the judge's impartiality.'" S.E.C. v. Loving Spirit Found., Inc., 392 F.3d 486, 493 (D.C. Cir. 2004) (quoting United States v. Microsoft Corp., 253 F.3d 34, 114 (D.C. Cir. 2001)); see also Sao Paulo State of the Federative Republic of Brazil v. Am. Tobacco Co., Inc., 535 U.S. 229, 232–33 (2002) (per curiam) (holding that the perspective must be from a reasonable person knowing all the circumstances); Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860–61 (1988). This analysis requires an objective assessment of the appearance, not just the reality, of bias or prejudice. See Liteky v. United States, 510 U.S. 540, 548 (1994).

Judge Reyes under Section 455(a) is required to recuse herself because her impartiality can reasonably be questioned. Judge Reyes impartiality can reasonably be questioned because first Judge Reyes has not already filed for a recusal in this matter.

Second, this motion and the recusal targets a situation not just where it is a matter of a conflicted law firm serving as lawyer in a matter that Judge Reyes may oversee, but instead deals with a matter where the employer Judge Reyes worked at between 1999 and February 2023 can be imputed to be not merely a lawyer working in its role representing another party for the purposes of her reviewing the grounds for recusal under statue, but instead the conflict must be imputed to a role of a party in the matter. Judge Reyes overseeing a matter where the party she

7

must serve as unconflicted unbiased judge is her former employer as of less then 10 months ago that hired her first as a Summer Associate in 1999, then re-hired her in her first job as a "litigation attorney" in 2001, and where she served and worked rising to become partner and serve on Executive Committee thru to 2023 February where she only left after being nominated and Congress approved to serve as a Federal Judge.

Third, the claims and liabilities for her former employer are significant amounts involving tens of millions, hundreds of millions, and billions of dollars in purported liability her former law firm employer could be forced to pay, creating a financial hardship for her former employer, her former legal partner associates she worked with for over 24 years and junior employees she might have mentored, befriended, and even now continues to associate with on a regular basis. Therefore based on the aforementioned extraordinary facts, recusal is warranted under 455(a) because there is the appearance of a conflict that any fact finder would not be able to believe is limited, immaterial, or of no significance.

## II.    28 U.S.C. § 455(b)(1)

Under § 455(b)(1), a judge must recuse where "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

This Judge having worked at the company that is the target of the fraud and contempt of Court claims in the Federal cases and matters the Judge would seek to involve themselves if this Motion For Recusal is not granted, under § 455(b)(1) is bound to recuse herself. Here the statue speaks to the exact recusal situation found with Judge Reyes. Judge Reyes worked at Connolly Law since 1999 when they recruited her as a "Summer Associate" until February 2023 when she joined this Court as a Federal Judge. Since knowledge sharing can be imparted and is regularly

done at Law firms between partners and Connolly was a partner at Connolly Law thru at least February 2023 and would have worked on and reviewed legal documents related to and pertaining to this Case that has been ongoing since 2020. (see Exhibit #1 Declaration In Support)

Further add onto the involvement the fact that thru February 2023 Judge Reyes was on the "executive committee" for Connolly law imputes a near certainty that unless Connolly Law had initiated a special process for Judge Reyes before 2020, creating a Chinese wall at Connolly Law and in the Executive Committee meetings with processes and procedures for sharing information that excluded Reyes from becoming aware of facts, matters, documents, discussions regarding Case No. 12-000, then in the absence of Connolly Law and Judge Reyes submitting such proof and evidence into this Court, then under 455(b)(1), recusal is required by Judge Reyes.

### III.    Section 455(b)(2)

Section 455(b)(2) requires a judge to recuse "[w]here in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it."

Section 455(b)(2) provides yet another grounds requiring Judge Reyes recusal because Judge Reyes served as a lawyer at Connolly Law with John E. Schmidtlein, a lawyer associated with Case and also a witness to the Motion Joinder and other Indemnity and Advancement claims raised by Intervening Plaintiff, between January 2020 when this case was initiated and thru at least February 2023 (Id). See In re Rodgers, 537 F.2d 1196, 1198 (4th Cir. 1976)). The Fourth Circuit found that the judge's former law partner and one of his clients "will undoubtedly testify" before the judge "about the events that took place before the judge

9

withdrew from his law firm." Id. The court held that the judge should have recused under §

455(b)(2).

## IV.    RULE 2.11

The Judge here is also bound under Rule 2.11 of Judicial Canon.

Under Rule 2.11(A)(1) recusal is required for the appearance of prejudice and bias

that will come with a situation found in this case and reason for this motion, where the Judge

oversees a filing or motion or decision related to a case that her firm was engaged on while the

Judge was at the firm, and where her firm and former employer now are considered defendants

in a case and facing claims to be responsible for millions of dollars in civil liabilities stemming

from antitrust violations, and contempt of Court in prior cases which targeted Federal Judges.

## V . CONCLUSION

Based on the foregoing, Petitioner respectfully requests that this Court grant Petitioner's

Motion For Recusal in this action for the reasons cited herein.

Dated: January 5, 2024

RESPECTFULLY SUBMITTED,

/s/    *Brad Greenspan*

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document.

Brad Greenspan

244 5th Ave

Suite #G290

New York,  NY 10001


Email: legalsupport1@nym.hush.com