IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF ARKANSAS, STATE OF CALIFORNIA, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF INDIANA, COMMONWEALTH OF KENTUCKY, STATE OF LOUISIANA, STATE OF MICHIGAN, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF SOUTH CAROLINA, STATE OF TEXAS, AND STATE OF WISCONSIN<br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br>　　　　　　　　　Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA<br><br>▬▬▬▬▬▬▬▬<br><br>LET THIS BE FILED<br>Signature _____<br>Date _____ 1/23/24 |
| STATE OF COLORADO, STATE OF NEBRASKA, STATE OF ARIZONA, STATE OF IOWA, STATE OF NEW YORK, STATE OF NORTH CAROLINA, STATE OF TENNESSEE, STATE OF UTAH, STATE OF ALASKA, STATE OF CONNECTICUT, STATE OF DELAWARE, DISTRICT OF COLUMBIA, TERRITORY OF GUAM, STATE OF HAWAII, STATE OF ILLINOIS, STATE OF KANSAS, STATE OF MAINE, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF OREGON, COMMONWEALTH OF PENNSYLVANIA, COMMONWEALTH OF PUERTO RICO, STATE OF RHODE ISLAND, STATE OF SOUTH DAKOTA, STATE OF VERMONT, COMMONWEALTH OF VIRGINIA, STATE OF WASHINGTON, | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA<br><br>▬▬▬▬▬▬▬▬ |

**NOTICE OF MOTION 60(d)(1) (2)(3)**

Plaintiff files in good faith this Motion To Vacate Orders and for relief under **MOTION 60(d)(1) (2)(3)** which includes this notice and the accompanying memorandum of points and authorities, declaration in support, and proposed Order.



Dated: January 2, 2024

RESPECTFULLY SUBMITTED,

/s/ /s/ Brad Greenspan

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document.

Brad Greenspan

244 5th Ave Suite #G290

New York, NY 10001
Email: legalsupport1@nym.hush.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF ARKANSAS, STATE OF CALIFORNIA, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF INDIANA, COMMONWEALTH OF KENTUCKY, STATE OF LOUISIANA, STATE OF MICHIGAN, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF SOUTH CAROLINA, STATE OF TEXAS, AND STATE OF WISCONSIN<br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br>　　　　　　　　Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, STATE OF NEBRASKA, STATE OF ARIZONA, STATE OF IOWA, STATE OF NEW YORK, STATE OF NORTH CAROLINA, STATE OF TENNESSEE, STATE OF UTAH, STATE OF ALASKA, STATE OF CONNECTICUT, STATE OF DELAWARE, DISTRICT OF COLUMBIA, TERRITORY OF GUAM, STATE OF HAWAII, STATE OF ILLINOIS, STATE OF KANSAS, STATE OF MAINE, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF OREGON, COMMONWEALTH OF PENNSYLVANIA, COMMONWEALTH OF PUERTO RICO, STATE OF RHODE ISLAND, STATE OF SOUTH DAKOTA, STATE OF VERMONT, COMMONWEALTH OF VIRGINIA, STATE OF WASHINGTON, | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION  60(d)(1) (2)(3)**



3

## I. INTRODUCTION

1. Intervenor pursuant to Rule **60(d)(1) (2)(3)** seeks Relief from a Judgment or Order. Defendants contravened ninth circuit ruling granting Plaintiff relief in "interests of Justice" and willfully omit reference to it when they owe such disclosure to the Court and other parties. Instead relief is due for fraud on the court, and two other separate reasons presented herein.

## II STANDARD OF LAW

Rule **60(d)(1) (2)(3)** provides that on motion and just terms, the court may relieve a party or its legal representative from final judgment, order, or proceeding for following reasons:

"(d) Other Powers to Grant Relief. This rule does not limit a court's power to:
(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court."

## III ARGUMENT

Federal Rule of Procedure **60(d)(1) (2)(3)** provides for relief from a judgment or order." of Court vacating recent Orders 788 and 789 because they are based on, rely on, and are underpinned by defective knowingly false statement contained inside November 28, 2023 Opposition papers, and because ninth circuit granted Plaintiff relief under "grant relief under 28 u.s.c 1655 to a defendant who was not personally notified of the action; or (3) set aside a judgment for fraud on the court" which is also true of the defendants and their attorney Connolloy the joint tortfeasor.

The problem: mislead the Court thru omission and fraudulent concealment of Ninth Circuit Notice of Appeal filed in May 2016 and Ninth Circuit Order granting Plaintiff relief in 2017. This harmed Plaintiff and continues to harm plaintiff.

| 789 | Filed & Entered: | 12/12/2023 | Order on Motion to Amend/Correct |
|---|---|---|---|
| | *Docket Text:* ORDER granting Defendant's [788] Unopposed Motion to Amend/Correct the Trial Record. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 12/12/23. (lcapm2) ||||
| 788 | Filed & Entered: Terminated: | 12/11/2023 12/12/2023 | Motion to Amend/Correct |
| | *Docket Text:* Unopposed MOTION to Amend/Correct *the Trial Record* by GOOGLE LLC. (Attachments: # (1) Text of Proposed Order)(Schmidtlein, John) ||||
| | Filed & Entered: | 11/28/2023 | Order on Motion to Intervene |
| | *Docket Text:* MINUTE ORDER denying Brad Greenspan's [783] Motion to Intervene and [784] Motion for a CM/ECF Password. First, the movant has neither demonstrated that he is entitled to intervene as a matter of right, Fed. R. Civ. P. 24(a), nor that the court should permit him to intervene, Fed. R. Civ. P. 24(b). Movant appears to argue that as an intervenor, he would contribute additional evidence in support of the Plaintiffs' case. ECF No. 783, at 4-7. However, movant has failed to identify any cognizable claims or injuries he would be able to pursue or remedy, as required to establish Article III standing and under Fed. R. Civ. P. 24. Second, the motion is not timely, as required by Fed. R. Civ. P. 24, considered ||||

Defendant Google and fellow tortfeasor Connolly filed a misleading document with this Court and under Case 1:20-cv-03010-APM Document 787 filed 11/28/23. It was eight pages long. Then further filed a misleading by omission Exhibit A Order from San Jose District Court. but Google and Connolly hide DateDecision District Court Lacked Jurisdiction because Ninth Circuit Granted Plaintiff Petition For Review. Federal Jury Required For SOX Harassment Claims and Writ of Mandamus to DOL to complete existing complaint lodged about parties in Motion Joinder, (Proper Defendants)

Greenspan's notice of appeal challenging the Securities and Exchange Commission's ("SEC") May 2, 2016 Order Determining Whistleblower Award Claim, which was filed in the district court, should have been filed in this court. See 15 U.S.C. § 78u-6(f) (providing that certain determinations of whistleblower awards "may be appealed to the appropriate court of appeals of the United States

not more than 30 days after the determination is issued by the Commission"). We construe Greenspan's notice of appeal as a petition for review. See Fed. R. App. P. 15(a)(4). In the interests of justice, we transfer Greenspan's petition for review to this court. See 28 U.S.C. § 1631; Kolek v. Engen, 869 F.2d 1281, 1284 (9th Cir. 1989) (setting forth conditions for transfer under 28 U.S.C. § 1631); see also Baeta v. Sonchik, 273 F.3d 1261, 1264 (9th Cir. 2001) ("[B]ecause the purpose of the transfer statute is to aid litigants who were confused about the proper forum for review, a petition that would be time-barred without a transfer satisfies the interest of justice test." (citation and internal quotation marks omitted)).

The Clerk shall file Greenspan's notice of appeal (District Court Docket Entry No. 104) as a petition for review of the SEC's May 2, 2016 order and open a new case in this court" (Request For Judicial Notice, Exhibits #1,#2,#3,#4)

**Problem #1** – Google and Connolly Are Co-Tortfeasors In Contempt of Court scheme that entered D.C. jurisdiction as a "shield" used by Defendant Google LLC in its 757 Exhibit A and attached memorandum. Because Date of void district Court Order was no longer equitable and enforcement contravenes the ninth circuit decision thru its willful omission: Defendant Google and Third Party Cross Defendant Invoking Our Co-Employer Indemnity Owed Former Employer Requiring Delaware Court Determination On If Connolly Owes Plaintiff Contribution Or Advancement Payments Are Owed By Connolly Law Directly To Plaintiff. Until Plaintiff and Connolly's self-invoked in its response in second sentence:

| 104 | Filed: | 05/16/2016 | Notice of Appeal to the Ninth Circuit |
| | Entered: | 05/18/2016 | |
| | Docket Text: NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Brad Greenspan. Appeal of Order on Motion to Set Aside Judgment, Order on Motion to Intervene, Order on Motion to Withdraw as Attorney re [99] (Appeal fee FEE NOT PAID.) (Attachments: # (1) Exhibits -Part 1 to Notice of Appeal, **(Document sealed due to sensitive information)** # (2) Exhibits- Part 2 to Notice of Appeal, **(Document sealed due to sensitive information)** ) (bwS, COURT STAFF) (Filed on 5/16/2016) Modified on 5/19/2016 (bwS, COURT STAFF). | | |

**Problem #3** Defendant's law firm owes indemnification and advancement obligations and duties to Plaintiff which proceed the date of its engagement with defendant Google.

**Problem #4** Defendant's law firm owes indemnification and advancement obligations and duties to Plaintiff Triggered and Owed beginning after date on or after 2020 engagement with defendant Google.

**Problem #2** Underlying Cases Are Falsified And relies on Connolly's false Huthart representations. Even if District Court Had Jurisdiction Over Ninth Circuit's Right To Grant Transfer and New Hearing as at least one of cases used and submitted by defendant Google and Connolly is the Los Angeles Federal Huthart decision. Which the TRO prevents further usage until a final decision.

| 101 | Filed & Entered: | 05/09/2016 | Administrative Motion to File Under Seal |
| --- | --- | --- | --- |
| | Terminated: | 05/13/2016 | |
| | Docket Text: NON-PARTY MAYER BROWN LLP AND GREENBERG TRAURIG LLPS JOINT ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE GREENSPAN DECLARATION re ([92]) filed by Google, Inc. (Attachments: # (1) Exhibit A to Joint Motion to Seal (Redacted), # (2) Exhibit A to Joint Motion to Seal (Unredacted), # (3) Declaration of Lee H. Rubin, # (4) (Proposed) Order)(Rubin, Lee) (Filed on 5/9/2016) Modified on 5/10/2016 (bwS, COURT STAFF). | | | |
| 102 | Filed & Entered: | 05/09/2016 | Declaration in Support |
| | Docket Text: DECLARATION OF KURT A. KAPPES IN SUPPORT OF NON-PARTY MAYER BROWN LLP AND GREENBERG TRAURIG LLP'S JOINT ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE GREENSPAN DECLARATION re ([92)] filed by IAC/InterActiveCorp. (Kappes, Kurt) (Filed on 5/9/2016) Modified on 5/10/2016 (bwS, COURT STAFF). | | | |
| 103 | Filed: | 05/12/2016 | Order on Administrative Motion to File Under Seal |
| | Entered: | 05/13/2016 | |
| | Docket Text: **ORDER Granting [101] NON-PARTY MAYER BROWN LLP AND GREENBERG TRAURIG LLPS JOINT ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE GREENSPAN DECLARATION. Signed by Judge Ronald M. Whyte on 5/13/2016. (amkS, COURT STAFF) (Filed on 5/12/2016) Modified text on 5/13/2016 (amkS, COURT STAFF).** | | | |
| 104 | Filed: | 05/16/2016 | Notice of Appeal to the Ninth Circuit |
| | Entered: | 05/18/2016 | |
| | Docket Text: NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Brad Greenspan. Appeal of Order on Motion to Set Aside Judgment, Order on Motion to Intervene, Order on Motion to Withdraw as Attorney re [99] (Appeal fee FEE NOT PAID.) (Attachments: # (1) Exhibits -Part 1 to Notice of Appeal, **(Document sealed due to sensitive information)** # (2) Exhibits- Part 2 to Notice of Appeal, **(Document sealed due to sensitive information)** ) (bwS, COURT STAFF) (Filed on 5/16/2016) Modified on 5/19/2016 (bwS, COURT STAFF). | | | |
| 105 | Filed & Entered: | 05/18/2016 | Appeal Fee Payment Request |
| | Docket Text: Mailed request for payment of docket fee to appellant re [104](cc to USCA) (bwS, COURT STAFF) (Filed on 5/18/2016) | | | |
| 106 | Filed: | 05/20/2016 | USCA Scheduling Order |
| | Entered: | 05/23/2016 | |
| | Docket Text: USCA Time Scheduling Order as to [104] Notice of Appeal,, filed by Brad Greenspan. (Attachments: # (1) Docketing Letter, # (2) Case Opening Packet)(bwS, COURT STAFF) (Filed on | | | |

Plaintiff submits that later, defendant Google and Connolly knew based on docket # 164, 165, 166, 167, 168, 169 that vexatious litigant default judgment not replied to accidental Order from Summer 2016 was void and lacked merit unless Defendants omit mention of

|   |   |   |   |
|---|---|---|---|
|   | COURT STAFF) (Filed on 9/8/2017) | | |
| 164 | *Filed & Entered:* | 09/08/2017 | Clerk's Notice |
|   | *Docket Text:* CLERK'S NOTICE spreading Mandate of this court. (bwS, COURT STAFF) (Filed on 9/8/2017) | | |
| 165 | *Filed & Entered:* | 10/16/2017 | USCA Order |
|   | *Docket Text:* ORDER of USCA. We treat Greenspans filing of October 5, 2017 re Docket Entry [27]) as a motion to recall the mandate and to extend the time to file a petition for rehearing, and grant the motion. The mandate is recalled for the limited purpose of considering the petition for rehearing. Any petition for rehearing is due within 14 days of the date of this order. (bwS, COURT STAFF) (Filed on 10/16/2017) | | |
| 166 | *Filed & Entered:*<br>*Terminated:* | 10/30/2017<br>11/01/2017 | Motion for Extension of Time to File |
|   | *Docket Text:* Received Courtesy Copy of MOTION for Extension of Time to File Petition for re-hearing filed on 10/5/17 at the USCA filed by Brad Greenspan. (Peterson, Jared) (Filed on 10/30/2017) Modified text on 11/1/2017, ***motion is for the USCA ***(cv, COURT STAFF). | | |
| 167 | *Filed & Entered:* | 01/26/2018 | USCA Order |
|   | *Docket Text:* ORDER of USCA as to [104] Notice of Appeal filed by Brad Greenspan Filed order. Greenspans petition for panel rehearing and petition for rehearing en banc (Docket Entry No. [29]) are rejected as untimely. **No further filings will be entertained in this closed case** (bwS, COURT STAFF) (Filed on 1/26/2018) | | |
| 168 | *Filed & Entered:* | 02/05/2018 | USCA Mandate |
|   | *Docket Text:* MANDATE of USCA as to [104] Notice of Appeal,, filed by Brad Greenspan The judgment of this Court, entered August 17, 2017, takes effect this date.This constitutes the formal mandate of this Court issued pursuant to Rule41(a) of the Federal Rules of Appellate Procedure.(bwS, COURT STAFF) (Filed on 2/5/2018) | | |
| 169 | *Filed & Entered:* | 02/05/2018 | Clerk's Notice |
|   | *Docket Text:* CLERK'S NOTICE spreading Mandate of this court. (bwS, COURT STAFF) (Filed on 2/5/2018) | | |

## IV. CONCLUSION

Defendants main claim in their opposition to Plaintiff's Motion To Intervene on their page 2 is fraudulent or misleading by omission.

This Court must vacate, void, or cancel the earlier district court's default judgement, issued at a time the same district Court lacked jurisdiction because the ninth circuit had already accepted the matter into its filing system and issued a case number, on a notice of appeal docketed.

**Defendant's Motion** Document 787 **Must Be Struck of sentence on page 2 and claim:**

> "The putative intervenor is a serial filer who has previously been declared a vexatious litigant. *Greenspan v. IAC/InterActiveCorp*, No. 5:14-cv-04187-RMW, ECF 161 at 4-6 (N.D. Cal. Sept. 30, 2016).[1] "

**Substantial Justice Will Be Served by Granting this Motion.**

Because Defendants and Connolly knew the rule of Circuit Court and FRCP :

> "But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave."
>
> But they knowingly violated and ignored the Appellate court's jurisdiction and that the motion to declare Plaintiff vexatious was a "mistake" that required it to be "corrected only with the appellate court's leave" which defendants failed to attempt to be granted or apply for at any time.

RELIEF- RULE 39- LET PARTIES CONSIDER ADVISORY TRIAL ON NEW NO POACH AGREEMENTS IMPACT ON SEARCH DEALS JUNE 2007

This Court must grant as partial relief a Demanded Jury trial on the points raised by the Plaintiff. And an advisory Jury to determine whether documents filed to date should be filed in unredacted form because they are not qualifying for confidential seal status based on the jury's determination of the negative inference which is due because of the discovery violation.

28a U.S. Code Court Rule 39 - Trial by Jury on issue if the no poach agreements may have or might have or its at least possible had a material effect on the Apple Google 2007 search engine partnership negotiations. Only if Jury determines there was no chance the no poach agreements or those developments in or around June 2007 would have had any impact on the 2007 June search engine agreements signed between Google and Apple, nor would Google's control of four of seven of Apple Directors during the June 2007 negotiations. Plaintiff has consents for majority of parties to have this Rule 39 trial by jury approved and seeks 30 days to get full contacts and gather consensus for the advisory trial may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right, unless the action is against the United States and a federal statute provides for a nonjury trial.

**Dated**: January 2, 2024

**RESPECTFULLY SUBMITTED,**

/s/  /s/ Brad Greenspan

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document.

Brad Greenspan

244 5th Ave Suite #G290

New York, NY 10001
Email: legalsupport1@nym.hush.com