IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF ARKANSAS, STATE OF CALIFORNIA, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF INDIANA, COMMONWEALTH OF KENTUCKY, STATE OF LOUISIANA, STATE OF MICHIGAN, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF SOUTH CAROLINA, STATE OF TEXAS, AND STATE OF WISCONSIN | Case No. 1:20-cv-03010-APM  HON. AMIT P. MEHTA  ▆▆▆▆▆▆▆▆▆▆ |
| Plaintiffs, | |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |

LET THIS BE FILED
Signature _____
Date   1/23/24

| | |
|---|---|
| STATE OF COLORADO, STATE OF NEBRASKA, STATE OF ARIZONA, STATE OF IOWA, STATE OF NEW YORK, STATE OF NORTH CAROLINA, STATE OF TENNESSEE, STATE OF UTAH, STATE OF ALASKA, STATE OF CONNECTICUT, STATE OF DELAWARE, DISTRICT OF COLUMBIA, TERRITORY OF GUAM, STATE OF HAWAII, STATE OF ILLINOIS, STATE OF KANSAS, STATE OF MAINE, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF OREGON, COMMONWEALTH OF PENNSYLVANIA, COMMONWEALTH OF PUERTO RICO, STATE OF RHODE ISLAND, STATE OF SOUTH DAKOTA, STATE OF VERMONT, COMMONWEALTH OF VIRGINIA, STATE OF WASHINGTON, | Case No. 1:20-cv-03715-APM  HON. AMIT P. MEHTA  ▆▆▆▆▆▆▆▆▆▆ |

## NOTICE OF MOTION 60(b)(3)

Plaintiff files in good faith this Motion for other relief under FRCP Rule 60(b)(3) which

includes this notice and the accompanying memorandum of points and authorities,

declaration in support, and proposed Order.



1

Dated: January 4, 2024

RESPECTFULLY SUBMITTED,

/s/

/s/ Brad Greenspan

I hereby attest that I have on file all holographic signatures corresponding to any
signatures indicated by a conformed signature (/S/) within this e-filed document.

Brad Greenspan

244 5th Ave Suite #G290

New York,  NY 10001
Email: legalsupport1@nym.hush.com

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF ARKANSAS, STATE OF CALIFORNIA, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF INDIANA, COMMONWEALTH OF KENTUCKY, STATE OF LOUISIANA, STATE OF MICHIGAN, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF SOUTH CAROLINA, STATE OF TEXAS, AND STATE OF WISCONSIN | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA<br><br>■■■■■■■■ |
|       Plaintiffs, | |
| v. | |
| GOOGLE LLC, | |
|       Defendant. | |
| STATE OF COLORADO, STATE OF NEBRASKA, STATE OF ARIZONA, STATE OF IOWA, STATE OF NEW YORK, STATE OF NORTH CAROLINA, STATE OF TENNESSEE, STATE OF UTAH, STATE OF ALASKA, STATE OF CONNECTICUT, STATE OF DELAWARE, DISTRICT OF COLUMBIA, TERRITORY OF GUAM, STATE OF HAWAII, STATE OF ILLINOIS, STATE OF KANSAS, STATE OF MAINE, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF OREGON, COMMONWEALTH OF PENNSYLVANIA, COMMONWEALTH OF PUERTO RICO, STATE OF RHODE ISLAND, STATE OF SOUTH DAKOTA, STATE OF VERMONT, COMMONWEALTH OF VIRGINIA, STATE OF WASHINGTON, | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA<br><br>■■■■■■■■ |

## MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION 60(b)(3)



RECEIVED
Mail Room

JAN 08 2024

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## I.   INTRODUCTION

Intervenor pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure seeks relief of Court vacating recent Orders 788 and 789 because they rely on Defendant's November 28, 2023 Opposition papers which were designed to mislead the Court by containing false incorrect information claiming to be factual statements, and the actual wholesale omission by fraudulent concealment of both the Ninth Circuit Notice of Appeal filed in May 2016 and the Ninth Circuit Order from 2017 Dkt. (see REQUEST FOR JUDICIAL NOTICE #6).

The Defendant's November 28, 2023 memorandum in support of its Opposition to Plaintiff's Motion To Intervene does contain materially incorrect facts, misleading statements, incorrect assumptions, omissions of material facts. Further defendant's November 28, 2023 memorandum was filed just days ago, but it is effectively and truly a case of defendants knowingly re-affirming, restating the false statements they used, claimed, guaranteed, and filed into the San Jose District Federal Court in 2016.

Defendants thru such re-admissions determined to re-certify prior crimes, shake off the dust, and re-use for new fresh 2023 and 2024 crimes and crimes designed to hurt the reputation and integrity of this Court, to re-up a new batch of fraudulent concealment and omissions of facts which if disclosed, would eviscerate the Defendant's entire Opposition in this case and make timely two different contempt of Court criminal violations that targeted two California Federal District Judges in 2014 and 2016, 3 California Circuit Court Judges in 2017, and a Federal District D.C. Judge in 2023, 50 State AGs, and the DOJ.

## II STANDARD OF LAW

Rule 60(b) provides that: on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding. Fed. R.

Civ. P. 62(b)(3), fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

misconduct by an opposing party;

## III ARGUMENT

The Plaintiff had attempted to intervene pro se to rescue a botched Federal Class Action

filed in 2015 on behalf of shareholders of a publicly traded Internet company harmed by a series

of fraudulent acts orchestrated by Defendants Google, Alphabet, and IAC among others.[1]

After the District Judge dismissed the case, the Plaintiff filed a May 16th notice of Appeal to the

Ninth Circuit docketed as Docket number 104:

| 104 | *Filed:* | 05/16/2016 | Notice of Appeal to the Ninth Circuit |
| | *Entered:* | 05/18/2016 | |
| | *Docket Text:* NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Brad Greenspan. Appeal of Order on Motion to Set Aside Judgment, Order on Motion to Intervene, Order on Motion to Withdraw as Attorney re [99] (Appeal fee FEE NOT PAID.) (Attachments: # (1) Exhibits -Part 1 to Notice of Appeal, **(Document sealed due to sensitive information)** # (2) Exhibits- Part 2 to Notice of Appeal, **(Document sealed due to sensitive information)** ) (bwS, COURT STAFF) (Filed on 5/16/2016) Modified on 5/19/2016 (bwS, COURT STAFF). | | | |

A scheduling Order issued by USCA on May 20th was a notice Defendants and their

attorneys would have seen.

| 106 | *Filed:* | 05/20/2016 | USCA Scheduling Order |
| | *Entered:* | 05/23/2016 | |
| | *Docket Text:* USCA Time Scheduling Order as to [104] Notice of Appeal,, filed by Brad Greenspan. (Attachments: # (1) Docketing Letter, # (2) Case Opening Packet)(bwS, COURT STAFF) (Filed on 5/20/2016) | | | |

The USCA Order docket # 108 appeared on May 25th, another notice the Defendants

and their attorneys would have seen.

---

[1] Plaintiff found himself abandoned by the Class Action legal firm when they decided to cut the cases they felt were not as promising as others in their portfolio

| 108 | *Filed & Entered:* | 05/25/2016 | USCA Order |
|---|---|---|---|
| | *Docket Text:* ORDER of USCA as to [104] Notice of Appeal,, filed by Brad Greenspan A review of the docket reflects that appellant has not paid the docketing and filing fees for this appeal. Within 21 days from the date of this order, appellant shall: (1) file a motion with this court to proceed in forma pauperis; (2) pay $505 to the district court as the docketing and filing fees for this appeal and provide proof of payment to this court; or (3) otherwise show cause why the appeal should not be dismissed for failure to prosecute. The filing of a motion to proceed in forma pauperis will automatically stay the briefing schedule under Ninth Circuit Rule 27-11. Any motion to proceed in forma pauperis must include a financial declaration such as the attached Form 4. If appellant fails to comply with this order, this appeal will be dismissed automatically by the Clerk for failure to prosecute. See 9th Cir. R. 42-1. (bwS, COURT STAFF) (Filed on 5/25/2016) | | | |

On June 3, 2016, the Defendants and their attorneys could not possibly have missed reviewing the order posted inline as Docket # 109 confirming the Plaintiff had paid  or "Appeal Fees received $ 505 reeipt number 54611016271)

| 109 | *Filed & Entered:* | 06/03/2016 | USCA Appeal Fees |
|---|---|---|---|
| | *Docket Text:* USCA Appeal Fees received $ 505 receipt number 54611016271 re [104] Notice of Appeal,, filed by Brad Greenspan (bwS, COURT STAFF) (Filed on 6/3/2016) | | | |

In other words by June 3, 2016, a paid appeal and the notice properly submitted, Plaintiff had GREEN LIGHT jurisdiction in Ninth Circuit uncontested and defendants were well aware of this fact.

Yet the defendants on August 18, 2016, over two months after knowing of a notice of appeal that was active and paid with ninth circuit, did proceed to contravene the Ninth Circuit by filing a Motion type unauthorized to be filed in the District Court after a Notice of Appeal has been filed and the appeal paid for, submitting this scandalous weaponized paper bundle into the District Court docket #150 "MOTION FOR AN ORDER DECLARING PLAINTIFF A VEXTIOUS LITIGANT AND FOR ATTORNEYS FEES PURSUANT TO 28 U.S.C 1927".

| 150 | *Filed & Entered:* | 08/18/2016 | Motion for Miscellaneous Relief |
| | *Terminated:* | 09/30/2016 | |
| | *Docket Text:* NOTICE OF MOTION AND MOTION FOR AN ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR ATTORNEYS FEES PURSUANT TO 28 U.S.C. § 1927 filed by Google, Inc.. Motion Hearing set for 9/23/2016 09:00 AM in Courtroom 6, 4th Floor, San Jose before Hon. Ronald M. Whyte. Responses due by 9/6/2016. Replies due by 9/13/2016. (Attachments: # (1) Declaration of Lee H. Rubin, # (2) (Proposed) Order)(Rubin, Lee) (Filed on 8/18/2016) Modified on 8/18/2016 (bwS, COURT STAFF). | | | |
| 151 | *Filed & Entered:* | 08/19/2016 | Joinder |
| | *Docket Text:* NOTICE OF JOINDER TO GOOGLE, INC.S MOTION FOR AN ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR ATTORNEYS FEES PURSUANT TO 28 U.S.C. § 1927 re [150] MOTION Order Declaring Plaintiff a Vexatious Litigant and for Attorneys' Fees Pursuant to 28 U.S.C. Section 1927 IAC/InterActiveCorp. (Attachments: # (1) Declaration of Michael D Lane In Support of Notice of Motion of Joinder )(Kappes, Kurt) (Filed on 8/19/2016) Modified on 8/22/2016 (bwS, COURT STAFF). | | | |

Defendant Google then directed IAC to join the retaliation harassment scheme against the

Plaintiff which saw Defendant Google file yet an additional Reply into the Court to keep the

fraudulent scheme in play. This was despite the Plaintiff not filing any response or opposition or

acknowledging docket #150 existed because the Plaintiff was busy working on a draft of an

opening brief with an urgent deadline the Ninth Circuit demanded as part of taking jurisdiction

from the District Court after Notices of Appeal are docketed and paid for by the party filing the

initial notice to the Circuit Court. Plaintiff never got the chance to file a written opposition to the

vexatious litigant motion nor did the District Court allow the Plaintiff's new lawyer have the

opportunity to submit a written opposition.[2]

---

[2] Plaintiff needed to have the lawyer retained for the ninth circuit Notice of Appeal and Circuit Court matters, stop his planned work on those matters and suddenly begin reviewing docket #150 from the District Court and based on the five cases cited in that motion, Plaintiff's lawyer would have been required to read over 500 pages of documents Defendants attached to docket #150. Despite these hurdles, Plaintiff's attorney did  appear timely a day before the vexatious litigant motion hearing but was denied all relief sought such as an extension of time to file a written opposition.

Defendant Google and fellow tortfeasor Connolly filed a misleading document with this Court on 11/28/23 as Document 787.  It was eight pages long but attached to it was Exhibit "A". Exhibit A contained a misleading by omission 2016 default vexatious litigant judgement from San Jose District Court attached.  Naturally, Google and Connolly hide truth about the date of the decision because the District Court lacked jurisdiction at all relevant times because Ninth Circuit did not grant Plaintiff's Petition for Review until a much later date in 2017 which largely states:

> "Greenspan's notice of appeal challenging the Securities and Exchange Commission's ("SEC") May 2, 2016 Order Determining Whistleblower Award Claim, which was filed in the district court, should have been filed in this court. See 15 U.S.C. § 78u-6(f) (providing that certain determinations of whistleblower awards "may be appealed to the appropriate court of appeals of the United States not more than 30 days after the determination is issued by the Commission"). We construe Greenspan's notice of appeal as a petition for review. See Fed. R. App. P. 15(a)(4). In the interests of justice, we transfer Greenspan's petition for review to this court. See 28 U.S.C. § 1631; Kolek v. Engen, 869 F.2d 1281, 1284 (9th Cir. 1989) (setting forth conditions for transfer under 28 U.S.C. § 1631); see also Baeta v. Sonchik, 273 F.3d 1261, 1264 (9th Cir. 2001) ("[B]ecause the purpose of the transfer statute is to aid litigants who were confused about the proper forum for review, a petition that would be time-barred without a transfer satisfies the interest of justice test." (citation and internal quotation marks omitted)).
> The Clerk shall file Greenspan's notice of appeal (District Court Docket Entry No. 104) as a petition for review of the SEC's May 2, 2016 order and open a

new case in this court".

Now FRCP Rule 39 requires this Court order a Federal Jury required for SOX Harassment claims and Writ of Mandamus to DOL to complete existing complaint lodged about parties in Motion Joinder, (Proper Defendants).

Each of these matters warrants award of a separate attorney to represent Plaintiff. Costs paid by News Corp in any matters where Plaintiff may be adverse to Connolly Law. These advancement of legal fees and costs are due under Plaintiff's DE 145 statutory rights as former Director Officer of public company incorporated in Delaware w hich Defendant Google's attorney and former holding or affiliated company acquired in 2005 as 100% share cash out.  Plaintiff in addition was protected and enjoyed even more substantia benefits under separate contractual rights as former investor stockholder. These "Entertainment Universe, Inc." California corp shares and the eUniverse, Inc. Delaware corp shares (including the name changed Intermix, Inc. shares, and Myspace, Inc, shares  have certain preferences and they are fully transferrable. Therefore Joinder is necessary for Plaintiff to get relief from correct parties.

In addition, see Exhibit #2, The defendant Google was part of the SEC case filed and would have been required to be 30b(6) contributing, therefore lost evidence effects Plaintiff's case as well.

### Problem #1 faced by Defendants – Google and Connolly Are Co-Tortfeasors

And both in contempt of Court scheme that entered D.C. jurisdiction as a "shield" used by Defendant Google LLC in its 757 Exhibit A and attached memorandum. Because Date of void district Court Order was no longer equitable and enforcement contravenes the ninth circuit decision thru its willful omission.

**Problem #2 Defendant's law firm owes advancement obligation** duties to Plaintiff which proceed the date of its engagement with defendant Google. Defendant Google and Third Party Cross Defendant Invoking Our Co-Employer Indemnity Owed Former Employer Requiring Delaware Court Determination On If Connolly Owes Plaintiff Contribution Or Advancement Payments Are Owed By Connolly Law Directly To Plaintiff. Until Plaintiff and Connolly's self-invoked in its response in second sentence

**Problem #3 Defendant's law firm owes indemnification** and advancement obligation duties to Plaintiff triggered and owed beginning after date on or after 2020 engagement by defendant Google.

**Problem #4 Underlying Cases Are falsified** relying on Connolly's false Huthart representations. Even if District Court Had Jurisdiction over Ninth Circuit's right to grant transfer and New Hearing as at least one of cases used and submitted by defendant Google and Connolly is Los Angeles Federal Huthart decision.

**Problem #5- Defendants fraudulently conceal** or act to intentionally mislead the ninth circuit and Federal Court in San Jose by with intent to mislead, file the frivolous docket #101 "Administrative Motion to File Under Seal"…"PORTIONS OF THE GREENSPAN DECLARATION". This harassing retaliatory maneuver by the defendants hides evidence of yet another further additional series of criminal acts the Plaintiff had sought to make publicly known. A Magistrate Judge must be Ordered by this Court to conclude whether Google has evidence that payment #2 of two deposits the Plaintiff had claimed made was in fact received by Bank of America's Glendale, CA branch. If payment #2 was deposited as the Plaintiff claims and provides evidence identifying the deposit sufficiently for the Magistrate to rapidly confirm if the deposit was done as Plaintiff claims or Alternatively if the payment #2 *was*

*not received* which is the scenario falsely claimed by Defendants Google

and IAC swore to the District Court Judge as part of and under pinning first, dismissal of the

case and second the untimely without jurisdiction frivolous bad faith void vexatious litigant and

1927 attorneys fees petition.

    **Problem #6  Defendants knew!** based on docket # 164, 165, 166, 167, 168, 169 that

vexatious litigant default judgment not replied to accidental Order Summer 2016 void, lacked

merit after 9th Circuit "Interests of Justice" award and transfer by 9th circuit.

    Plaintiff submits that later, defendant Google and Connolly knew based on docket # 164,

165, 166, 167, 168, 169 that vexatious litigant default judgment was both void because it was

issued and decided without the District Court having jurisdiction and also lacked merit because

the cases submitted as evidence to create the alleged series of vexatious litigant behaviors and

acts included five actual real cases that the Plaintiff had been a party to in fact are each missing

sufficient evidence to be used as an example or as a source demonstrating or encompassing the

vexatious litigant behaviors Defendants put before the District Court to ratify to retaliatorily

punish the Plaintiff.

    **Problem #7- Plaintiff claims include Defendant damages caused to ninth circuit**

Appeal and Petition For Review as a result of the distractions, harassment, and costs caused by

the fake false frivolous untimely District Court post Notice of Appeal docketed items, including

#150, 151, 152, 153, 154, 155 and damages caused to Plaintiff's legal assets as a result of such

harms suffered. Specifically, Plaintiff failed to prosecute the matters raised at ninth Circuit to

completion and successfully because Plaintiff was harmed by the defendants' distracting fake

vexatious litigant motion scheme, and had diminished time and resources to spend on the ninth

circuit matters. Plaintiff was forced to re-focus his single lawyer that was hired to focus on the

ninth circuit matters to instead switch to a last minute emergency appearance lawyer in District

Court attempting to argue a position defending the Plaintiff which that lawyer had not reviewed

substantially or sufficiently before hand and was unable to properly provide the Plaintiff with a

meaningful or successful defense. This was exactly what the defendants had hoped for when they

filed the untimely unlawful retaliatory motions for vexatious litigant and 1927 attorneys fees to

harass a Dodd Frank Whistleblower seeking to submit demands in a Petition For Review at

Ninth Circuit which sought the SEC to initiate a new investigation of Defendants Google and

IAC, along with Connolly Law.

**Problem #8: Defendant's Motion** Document 787 and **sentence** must be struck.

on page 2 it misleadingly claims:

> "The putative intervenor is a serial filer who has previously been declared a vexatious
> litigant. *Greenspan v. IAC/InterActiveCorp*, No. 5:14-cv-04187-RMW, ECF 161 at 4-
> 6 (N.D. Cal. Sept. 30, 2016).[1] "

**i.**     Under Rule 37© This Court will determine defendant failed to "update" based on

Circuit's Order finding:

> "Greenspan's notice of appeal challenging the Securities and Exchange
> Commission's ("SEC") May 2, 2016 Order Determining Whistleblower Award Claim,
> which was filed in the district court, should have been filed in this court. *See* 15 U.S.C. §
> 78u-6(f) (providing that certain determinations of whistleblower awards "may be appealed
> to the appropriate court of appeals of the United States not more than 30 days after the
> determination is issued by the Commission"). We construe Greenspan's notice of appeal as
> a petition for review. *See* Fed. R. App. P.15(a)(4).
>
> In the interests of justice, we transfer Greenspan's petition for review to this court. *See* 28
> U.S.C. § 1631; *Kolek v. Engen*, 869 F.2d 1281, 1284 (9th Cir. 1989) (setting forth
> conditions for transfer under 28 U.S.C. § 1631); *see also Baeta v. Sonchik*, 273 F.3d 1261,
> 1264 (9th Cir. 2001) ("[B]ecause the purpose of the transfer statute is to aid litigants who
> were confused about the proper forum for review, a petition that would be time-barred
> without a transfer satisfies the interest of justice test." (citation and internal quotation
> marks omitted)).
>
> The Clerk shall file Greenspan's notice of appeal (District Court Docket

Entry No. 104) as a petition for review of the SEC's May 2, 2016 order and open a new case in this court."

**ii.**     As a result of defendant's motion being struck in full or part, this Court must vacate its Order denying Intervenor's November eighteenth motion to intervene and reconsider the matter based on incorporating in the facts in this 60b(3), the recent Motion 59(e) including Errata, joinder motion, 60(d)(1)(2)(3), or 60(a) motions all incorporated fully by reference into this 60b3 motion.

**iii.**    This Court must determine or appoint an Advisory Jury under FRCP 38, 39, or 43:

  1.   To find if defendants contravened ninth circuit ruling by concealing the fact in Docket #787 that the ninth circuit granted Plaintiff relief after Plaintiff filed the Notice of Appeal and did so after finding Plaintiff deserved relief in "interests of Justice"

| 787 | *Filed & Entered:* 11/28/2023 | Memorandum in Opposition |
|-----|-----|-----|
|     | *Docket Text:* Memorandum in opposition to re [783] Motion to Intervene filed by GOOGLE LLC. (Attachments: # (1) Exhibit A, # (2) Text of Proposed Order, # (3) Certificate of Service)(Schmidtlein, John) | |

**Problem #9: Lack of Jurisdiction Is Provable On Its Face**

 To find if Notice of Appeal or 2017 Order would not vacate, void, or cancel the earlier district court's default judgement, issued at a time the same district Court lacked jurisdiction because the ninth circuit had already accepted the matter into its filing system and issued a case number, on a notice of appeal docketed.

  1.   To determine if winning a recusal in a State Court against a judge in Delaware will preclude a case from being used in or to support a finding of a Federal vexatious litigant motion.

  2.   To determine if after the Defendants are found to have lied to the Federal Judge

overseeing the Huthart case, under what legal principal the Huthart case can be used in or be able to support a finding of a Federal vexatious litigant motion

    3.   To determine by Jury trial if the defendants violated any Federal Sarbanes Oxley or Dodd Frank Whistleblower retaliation statues for which Plaintiff has a mandatory Jury Trial right by such statue.

    4.   If the Plaintiff has a separate and additional Jury trial right under DOL Dodd Frank or Sarbanes Oxley statue as a result for filing a complaint against Defendant Google and IAC with the Department of Labor after the defendants vexatious litigant scheme became active and started the ongoing damages to reputation the fraudulent malicious unconscionable scheme has caused Plaintiff to suffer.

## IV CONCLUSION

Substantial Justice Will Be Served by Granting this Motion and proposed Order. For the foregoing reasons, Plaintiffs respectfully request that this Honorable Court withdraw or void the Orders requested voided previously herein and further voiding the Order granting Defendant Google's unopposed submission of amendments to the records in this case.

Plaintiff re-submits the previously requested Stay sought. A stay will serve the all parties interest by putting an end to the current confusion and inconsistency and allowing the Plaintiff to receive the employment agreement indemnity and advancement rights owed by Plaintiff's employer a company which also hired Defendant's attorney in this matter. Defendant's attorney thus has liability to Plaintiff for the matters such attorney enacted as Defendant Google's attorney as well as the previous legal violations and fraud enacted as the attorney for a different Defendant, News Corp.  News Corp bought Plaintiff's public company in 100% cash buyout thus agreeing to acquire 100% of legal liabilities and 100% of the indemnity and advancement

statutory and contractual rights the purchased company and its subsidiaries owed under contracts

Plaintiff held employment and investor and stockholder rights contracts with substantial benefits

and legal rights plus protections. Further, the Defendants would not be harmed by issuance of

this stay. The following claims may also be entered as third party cross claims, permissive and

mandatory rights of contribution owed by at least one party including directly and separately

as well as jointly from and with the defendant.


**Dated**: January 4, 2023

RESPECTFULLY SUBMITTED,

/s/ */s/ Brad Greenspan*

I hereby attest that I have on file all holographic signatures corresponding to any
signatures indicated by a conformed signature (/S/) within this e-filed document.

Brad Greenspan, pro se

244 5th ave, #G290

New York, NY

10001
Email: legalsupport1@nym.hush.com