## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF ARKANSAS, STATE OF CALIFORNIA, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF INDIANA, COMMONWEALTH OF KENTUCKY, STATE OF LOUISIANA, STATE OF MICHIGAN, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF SOUTH CAROLINA, STATE OF TEXAS, AND STATE OF WISCONSIN<br><br>                Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>                Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, STATE OF NEBRASKA, STATE OF ARIZONA, STATE OF IOWA, STATE OF NEW YORK, STATE OF NORTH CAROLINA, STATE OF TENNESSEE, STATE OF UTAH, STATE OF ALASKA, STATE OF CONNECTICUT, STATE OF DELAWARE, DISTRICT OF COLUMBIA, TERRITORY OF GUAM, STATE OF HAWAII, STATE OF ILLINOIS, STATE OF KANSAS, STATE OF MAINE, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF OREGON, COMMONWEALTH OF PENNSYLVANIA, COMMONWEALTH OF PUERTO RICO, STATE OF RHODE ISLAND, STATE OF SOUTH DAKOTA, STATE OF VERMONT, COMMONWEALTH OF VIRGINIA, STATE OF WASHINGTON, | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**DECLARATION IN SUPPORT OF MOTION 60(b)(3)**



RECEIVED
Mail Room

JAN 08 2024

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

16

**DECLARATION IN SUPPORT OF MOTION 60(b)(3)**

1. I swear this is true and correct under threat of prosecution and penalty of perjury.

2. Request For Judicial Notice #1 is a Cert 7-11 which states

    "Pursuant to Federal Rule of Civil Procedure 7.1, Defendant Google Inc. discloses that Google Inc. is a wholly owned subsidiary of Alphabet Inc.; accordingly, Alphabet Inc. has more than 10% ownership of Google Inc.

    Pursuant to Civil L.R. 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: 1. Alphabet Inc., Holding Company of Defendant 2. Google Inc., Defendant. Dated: October 8, 2015"

3. The defendants contravened Federal law on 09/13/16 by filing "GOOGLE INC.'S REPLY IN SUPPORT OF MOTION FOR AN ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 1927" in Case 14-cv-04187-RMW because as the Ninth Circuit's 2017 Order proves, Plaintiff filed a Notice of Appeal in the same case 14-cv-04187-RMW involving Defendant by way of Document #155 "challenging the Securities and Exchange Commission's ("SEC") May 2, 2016 Order Determining Whistleblower Award Claim, which was filed in the district court, "

    > See 15 U.S.C. § 78u-6(f) (providing that certain determinations of whistleblower awards "may be appealed to the appropriate court of appeals of the United States not more than 30 days after the determination is issued by the Commission"). We construe Greenspan's notice of appeal as a petition for review. See Fed. R. App. P. 15(a)(4). In the interests of justice, we transfer Greenspan's petition for review to this court. See 28 U.S.C. § 1631; Kolek v. Engen, 869 F.2d 1281, 1284 (9th Cir. 1989) (setting forth conditions for transfer under 28 U.S.C. § 1631); see also Baeta v. Sonchik, 273 F.3d

17

1261, 1264 (9th Cir. 2001) ("[B]ecause the purpose of the transfer statute is to aid litigants who were confused about the proper forum for review, a petition that would be time-barred without a transfer satisfies the interest of justice test." (citation and internal quotation marks omitted)). The Clerk shall file Greenspan's notice of appeal (District Court Docket Entry No. 104) as a petition for review of the SEC's May 2, 2016 order and open a new case in this court."

4. Defendant Google violated Federal law again by filing Docket #155 on September 13, 2016 acting with malicious intent to harass and retaliate against whistleblower Plaintiff using a motion titled "DEFENDANT GOOGLE INC.'S REPLY IN SUPPORT OF MOTION FOR AN ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 1927"

5. Defendants statement as submitted for the vexatious litigant granting it seeks provides no good faith justification for a vexatious litigant finding because for instance:

   i. It purports to be concerned with Plaintiff "filing post-judgment motions in closed cases" and vexatious litigant statues say nothing about protecting the Courts or other lawyers or other legal participants from "post-judgment motions" that are filed in "closed cases". Defendants double down on this basis stating "Greenspan also has a history of filing post-judgment motions in closed cases. (Case 5:14-cv-04187-RMW Document 150 Filed 08/18/16 Page 4)

   ii. This Court will also determine if a party can qualify for vexatious litigant in a case submitted to the Court as part of a motion purporting to show serial behavior of a litigant by using cases as examples where:

a. the Intervenor in question did not file or pay for the cost of filing

b. The failed Intervenor did not plan or conspire with the filers of such lawsuits before the attempt to be joined or to successfully intervene in the Federal matter was initiated. Noting the frivolity used by Defendant at core to be:

"Greenspan later tried to join a federal court class action challenging News Corp.'s acquisition of Intermix, but he was dismissed from that action and was subsequently unsuccessful in his attempt to intervene in it. See Minute Order Dismissing Greenspan from Action, Brown v. Brewer, No. 2:06-cv-03731-GHK-SH (C.D. Cal. Oct. 19, 2010); see also Minute Order Striking Motion to Intervene, Brown v. Brewer, No. 2:06-cv-03731-GHK-SH (C.D. Cal. Nov. 29, 2011). The Ninth Circuit dismissed Greenspan's appeal of the resulting settlement as untimely. See Order, Greenspan v. Brewer, No. 12-55739 (9th Cir. May 9, 2012)"

c. Can a litigant be found frivolous acting in a case based on first having been "unsuccessful in his attempt to intervene in it."

d. Can a litigant be found frivoulous because "the court denied those Rule 60 motions because the case was closed"

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 4, 2004, at Philadelphia, PA

Respectfully,

/s/
/s/ Brad Greenspan
Brad Greenspan, pro se

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document.