## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |
| State of Colorado, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

### JOINT STATUS REPORT

The parties respectfully submit this Joint Status Report enclosing confidentiality management orders pursuant to ECF No. 647, paragraph 6. Plaintiffs' proposed order is enclosed as **Exhibits A and B (containing appendices)**. Google's proposed order is enclosed as **Exhibit C**. The parties provide position statements addressing these proposals below. Additionally, Plaintiffs provide a position statement addressing the New York Times Company's Motion for Access to Judicial Records, ECF No. 800. Google intends to file a memorandum of points and authorities in response to The New York Times Company's Motion for Access to Judicial Records by February 2, 2024 in accordance with Local Civil Rule 7(b).

I.      **Position Statements Regarding Proposed Confidentiality Management Orders**

   A.      **Plaintiffs' Joint Position Statement**

Pursuant to ECF No. 647, paragraph 6, the Parties have submitted to the Court proposed orders setting forth processes for handling the sealing of materials from the public. The Parties met and conferred but have been unable to agree on several issues including: (1) the sealing of information in exhibits and demonstratives used at trial; (2) the sealing of information in transcripts of trial testimony offered during closed session; (3) the sealing of information in deposition designations introduced into evidence but not played during trial; (4) the period of time during which information may be appropriately sealed; (5) the timeline for providing redacted, public versions of post-trial submissions; and (6) whether Google is obligated to provide advanced notice of information it intends to seal from the public in closing arguments.

Consistent with their commitment to ensure robust public access and this Circuit's presumption in favor of access to judicial records in a party-led process minimizing additional burdens on this Court, Plaintiffs' proposal provides Google and non-parties an opportunity to propose redactions consistent with the Court's prior guidance.[1] Google ignores this Circuit's law and asks the Court to conclude that Google's convenience outweighs the public's interest in a public trial conducted in public courts. For the reasons described below, Plaintiffs respectfully request that the Court enter Plaintiffs' attached Proposed Confidentiality Management Order.

---

[1] *E.g.*, Tr. 4362:22–4369:7 (applying the *Hubbard* factors—*United States v. Hubbard*, 650 F.2d 293, 314-324 (D.C. Cir. 1980)—in portions of the transcripts of the examinations of Messrs. Weinberg and Giannandrea).

1.    **The Sealing Of Information In Exhibits And Demonstratives Used At Trial**

Although the parties disagreed on the number of exhibits and the timelines for redaction proposals, prior to trial the parties did agree that they would attempt to apply the *Hubbard* factors in advance of trial to ensure public access. Before and during trial, the parties undertook such a process, applying provisional redactions to exhibits. This process was aimed at maximizing public access to trial materials in real-time, but it was not intended to supplant the proper balancing of the *Hubbard* factors necessary to seal information. To that end, the parties agreed to delay the question as to whether "information in exhibits introduced at trial" should be sealed until after trial,[2] allowing the parties "revisit certain sealing determinations with knowledge of whether and how the documents were actually used." Letter from C. Connor to K. Herrmann at 2 (July 31, 2023) (attached as Ex. D). The Court entered the parties' proposal into Order as ECF No. 647, paragraph 6.

Pursuant to this Order, Plaintiffs propose that Google and non-parties review and propose redactions consistent with the Court's prior guidance to: (1) certain exhibits used with a witness or in deposition designations that were not previously reviewed for confidentiality (including those listed in Appendix A) and (2) certain exhibits and demonstratives used with a witness or in deposition designations that were reviewed for confidentiality prior to October 16[3] (including those listed in Appendix B). Ex. A at ¶ 1(a); Ex. B. Google proposes that the provisional

---

[2] ECF No.628-1, at ¶ 6.

[3] Plaintiffs believe a further review of trial exhibits used before October 16, the date on which the Intervenor, New York Times Company, filed its Motion for Access to Judicial records, ECF No. 731, is appropriate because the Court provided additional guidance in response to the motion. Such guidance controlled for the remainder of trial but was not retrospectively incorporated in the review of trial exhibits used prior to October 16.

redactions to all exhibits and demonstratives used at trial be permanently sealed without further review.

Permanent sealing of many of the provisional redactions to the materials listed in Appendices A and B is contrary to the public's right to access judicial records. *E.g.*, UPX0608 at -770 (redacting the identities of the companies with which Google has revenue share agreements). As an initial matter, much of the provisionally redacted information in these materials was disclosed on the public record over the course of trial. For example, one of Google's experts disclosed Google's revenue share with Apple at trial, which had been redacted in demonstratives accompanying the examination of Eduardo Cue. *Compare* Tr. 9785:12-15 (disclosing Google's revenue share with Apple) with Tr. 2459:4–2466:10 (examining Mr. Cue regarding the Google revenue share figures with Apple aided by a sealed demonstrative, UPX4001). In addition, other redacted information has been publicly disclosed outside of this action, including in other proceedings. *See, e.g.*, Ex. ECF No. 800-7 (Ex. D to Sumar Decl.) (disclosing, in *Epic Games, Inc. v. Google LLC et al.*, No: 3:20-cv-05671-JD (N.D. Cal.) at ECF No. 622-42, figures relating to Google's efforts to protect its placement of search and assistant on Android devices that were redacted in UPX0129). The dissemination of information in provisionally redacted exhibits that was subsequently disclosed in public (whether in this Court, another court, to the press, or any other public medium) should not be restrained. *Hubbard*, 650 F.2d at 318. This over-sealing harms the public because a judicial record pockmarked by redactions makes testimony and evidence difficult to understand, undermining the public's right to access judicial records.

Critically, although Google seeks to permanently seal information that is no longer appropriately subject to sealing, Google has provided no explanation to Plaintiffs as to why it

must be sealed, other than that the information was provisionally redacted at trial. Yet, as demonstrated above, the record is replete with redactions to information that has been publicly disclosed or, when viewed with knowledge of how the information was actually used, does not merit sealing under the *Hubbard* factors. To the extent Google asserts reviewing trial exhibits and demonstratives poses an administrative burden, "[a]dministrative burden is relevant to *how* and *when* a judicial record may be unsealed, but not to *whether* it may be released at all." *In re Leopold to Unseal Certain Elec. Surveillance Applications & Orders*, 964 F.3d 1121, 1123 (D.C. Cir. 2020) (emphasis in original).

> ### 2. The Sealing Of Information In Transcripts Of Trial Testimony Offered During Closed Session

The Court has conducted a line-by-line review of certain transcripts and has made them public with narrow redactions. In their proposed order, Plaintiffs seek only to clarify that the parties may propose to unseal certain information contained in these redacted transcripts to ensure disclosure of non-confidential information as appropriate. Ex. A at ¶ 1(b). For example, Plaintiffs will seek to unseal portions of the examination of Jim Kolotouros, which describe how Google's anticompetitive agreements function—explaining information critical to public understanding of this case—including descriptions of preinstallation requirements, placement and search access point requirements, and whether Google's partners may distribute rival search services. Tr. 907:19–910:11; 918:4-11; 929:2-21; 937:8-13. Google selectively disclosed many of these agreements' requirements during the public examination of its expert witness, Dr. Kevin M. Murphy, after the Court had already conducted its review of Mr. Kolotouros' testimony. *See* Tr. 9859:20–9871:2 and accompanying demonstrative, DXD-37 at 37.107-37.112 (describing MADA requirements and how they function).

### 3.       The Sealing Of Information In Deposition Designations Introduced Into Evidence But Not Played During Trial

Plaintiffs propose that those portions of deposition designations admitted into evidence, and either cited by the parties in their post-trial submissions or relied upon by the Court in its final opinion on the merits, be deemed public with an opportunity for Google and non-parties to propose redactions consistent with the Court's guidance. Ex. A at ¶ 1(d). Google proposes sealing *all* deposition designations. The Court has been clear that "the 'record' that will be the focus of the [C]ourt's decision-making" will include "deposition designations cited in the parties' proposed findings of fact and conclusions of law." Order, ECF No. 666 (Aug. 28, 2023). Therefore, the Court should not seal deposition designations absent a demonstration by Google (or non-party)—as the party seeking to seal—that the *Hubbard* factors merit sealing.

### 4.       The Term For Which Information Shall Be Appropriately Sealed

In addition to determining what may be sealed, the parties have also included proposals for how long the sealing order shall last. Plaintiffs propose that, for a narrow category of materials for which the public has a strong interest, the sealing order should expire after five years:

1. briefing on dispositive motions;
2. all post-trial submissions;
3. the Court's opinions and orders on dispositive motions;
4. the Court's final opinion on the merits;
5. Google-produced materials cited in the items listed above; and
6. all trial transcripts.

Ex. A at ¶ 8(a). As the Court has noted, public interest is "certainly high" for trial testimony in a "government enforcement action." Tr. 4364:2–9. Plaintiffs propose that the sealing order expire after seven years for non-party-produced materials cited in items 1–4 listed above. Ex. A at ¶ 8(b). Additionally, Plaintiffs provide a specific process by which Google and non-parties may

seek to maintain under seal any information for which the sealing order will expire. *Id.* Finally, Plaintiffs do not propose an expiration to the sealing order for the remaining case materials., e.g., exhibits and deposition designations not cited in items 1-4.

Plaintiffs' proposal follows *Hubbard* and its progeny, which recognize that the "strong presumption" in favor of public access to hearings and documents presented at trial may only be outweighed in certain cases by competing private interests only upon a party's showing that disclosure of the confidential information would result in a "clearly defined and very serious injury" to its interests. *See Hubbard*, 650 F.2d at 317; *New York v. Microsoft*, 2002 WL 649385, at *2 (D.D.C. Mar. 28, 2002) (internal citations omitted); *see also Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017). Simply because information may be sealed *now* does not mean that information should be sealed *forever*. In fact, the age of a document or data is an important consideration in assessing whether its disclosure could cause very serious injury. *See, e.g.*, Tr. 7572:10–17 (noting the data Google sought to redact was from "five years ago"); *United States v. IBM Corp.*, 67 F.R.D. 40, 49 (S.D.N.Y. 1975) (holding non-party not entitled to a protective order for gross profits data, product line data, and customer lists that were three or more years old because "[n]one of this data is current; it reveals directly little, if anything at all, about [the third party's] current operations"). For this reason, Plaintiffs propose reasonable expiration periods for the sealing order, and only for those materials for which the public interest is at its peak, including the parties' post-trial submissions and summary judgment briefing—and materials cited therein—that marshal the salient facts necessary for public understanding of this case, as well as the "court's decrees, its judgments, its orders, [which] are the quintessential business of the public's institutions." *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996).

Google seeks to seal information used in a public trial from the public in perpetuity, arguing that "the record is full of exhibits that reflect Google's trade secrets . . . that we anticipate will likely remain commercially sensitive in five years." Ex. E, Letter from G. Safty to K. Herrmann at 2 (Jan. 2, 2024). Notably, after arguing for ten weeks about how dynamic the general search engine market and concomitant advertising markets are, Google reveals that, in practice, it believes that the same business practices that it claims are confidential today—many which are already years old—will still be confidential in five years. Yet, Google's intention to maintain the status quo and continue its illegal monopolization—absent intervention—does not satisfy this Circuit's requirement that it must demonstrate a "particularized showing necessary to sustain the protective order it seeks." *United States v. Exxon Corp.*, 94 F.R.D. 250, 251 (D.D.C. 1981).

## 5.     The Timeline For Providing Redacted, Public Versions Of Post-Trial Submissions

For prior sealed filings on the docket, the parties have promptly filed redacted, public versions, consistent with this Court's Protective Order, ECF No. 98, ¶ 21. Consistent with this Order, Plaintiffs propose a two-tiered schedule for the publication of redacted, public versions of any sealed information in the parties' post-trial submissions. Ex. A at ¶ 2. For those submissions that are not likely to contain large amounts of information claimed as confidential by Google or non-parties—Post-Trial Briefs (230 pages combined), the Proposed Conclusions of Law (100 pages combined), and Responsive Proposed Conclusion of Law (70 pages combined)—Plaintiffs propose that Google and non-parties provide proposed redactions within 7 days of receiving a notification that their claimed confidential information was cited. For the initial Proposed Findings of Fact (1,200 pages combined) and Responsive Proposed Findings of Fact (300 pages combined), which are significantly larger submissions and will contain far more citations to the

trial record, Plaintiffs propose that Google and non-parties provide proposed redactions within 28 days of receiving notification. Plaintiffs propose rolling deadlines for these two categories of briefs with different levels of burden in the confidentiality process to ensure expeditious public access while not over-burdening non-parties.

Google proposes that non-parties shall be notified of confidential information contained in any post-trial submission by March 29, and that non-parties should provide redactions by April 12. Google's proposal is both too short and too long. For example, under Google's proposal, non-parties have only two weeks to provide all proposed redactions to all citations in the post-trial Submissions, while Google has granted itself a leisurely nine weeks just to propose redactions to Post-Trial Briefs. Google cannot justify its proposed departure from the Court's Protective Order, which will harm the public and burden non-parties, merely by claiming convenience to Google if non-parties provide redactions to all post-trial submissions at once.

### 6.     Whether Google Is Obligated To Provide Advanced Notice Of Information It Intends To Seal From The Public In Closing Arguments

The parties agree that closing argument shall be structured to avoid sealing the courtroom. To that end, Plaintiffs will identify for Google any information that it intends to use during closing arguments that Google or non-parties have maintained as confidential that has not previously been disclosed on the public record. Plaintiffs propose that Google shall make an equivalent disclosure, namely, that it should provide notice of any information it intends to redact from public view in demonstratives prepared for closing arguments. Plaintiffs' proposal is consistent with the Court's confidentiality orders and will facilitate the efficient resolution of confidentiality disputes before closing arguments and minimize the harm to the public. During trial, Google stipulated, and the Court ultimately ordered, that Google would provide to Plaintiffs

portions of exhibits it intended to redact from public view 48 hours prior to their use. ECF No. 748 (Oct. 25, 2023). Plaintiffs seek a similar process under which Google will identify any information, including any non-party information, that it will redact from public view in demonstratives prepared for closing arguments so that Plaintiffs may represent the public interest and challenge inappropriate redactions prior to closing arguments rather than waiting until after the harm to the public has occurred. *Accord* Tr. 2434:16–19 (making clear that the Court is "relying on the plaintiffs to sponsor what is the public interest in an open court proceedings, because the defendants have very different interests here.").

### B.    Google's Position Statement

On February 9, the parties will make voluminous post-trial submissions. *See* ECF 782. Google is working diligently to complete those submissions, and Plaintiffs are no doubt doing the same. After the February 9 filing, the parties will promptly turn their attention to responsive post-trial submissions, which are due the following month and will likewise require the parties' sustained attention, particularly in light of the sheer volume of the February 9 submissions. Against this backdrop, Plaintiffs seek to impose an extraordinary one-sided burden that conflicts with established deadlines, disregards the processes that have been in place since before trial, and will not meaningfully contribute to the public's access to the proceedings. The Court should reject Plaintiffs' proposal to impose unnecessary and redundant confidentiality reviews that will interfere with the preparation of Google's post-trial submissions.

The Court should instead adopt Google's proposed order, which reflects its commitment to continued public access and is consistent with the framework that facilitated weeks of open-court testimony about matters that are highly commercially sensitive to Google and numerous non-parties. For example, Google's proposal specifies that closing arguments will be open to the

public and facilitates the publication of presentations and portions of exhibits used by the parties in their closing arguments. It also requires Google and non-parties to evaluate the post-trial submissions word-by-word after the briefing is complete to ensure that confidential information described in them is redacted only to the extent warranted by the Court's guidance regarding sealing. By reviewing the post-trial submissions together in a single round, as opposed to engaging in a piecemeal consideration of similar but not identical information, the parties and non-parties will be able to more efficiently and accurately identify only the specific passages that merit redaction. Finally, Google's proposal makes clear that Plaintiffs will have ample opportunity to engage with Google and non-parties about their redactions in connection with the post-trial submissions and closing arguments, including seeking relief from the Court if necessary.

There are five main points of disagreement reflected in the parties' proposals, and Google respectfully requests that the Court adopt its proposed approach to these issues.

### 1.    Exhibits Not Previously Reviewed for Confidentiality or Introduced Before October 16

Section 1(a)(ii) of Plaintiffs' proposal contemplates an unwarranted confidentiality re-review of approximately 300 exhibits within 21 days of the entry of Plaintiffs' proposed order, primarily on the ground that they were first reviewed for confidentiality prior to October 16. There is no basis for a wholesale re-review of these materials months after they were properly evaluated pursuant to the Court's guidance and the *Hubbard* factors then subjected to an adversarial process concerning which portions should be redacted. Google reviewed for confidentiality hundreds of exhibits identified by Plaintiffs before trial and hundreds more that were identified on a near-daily basis during trial. Whenever there were points of disagreement, Plaintiffs could and did engage with Google about its redactions and seek relief from the Court to

the extent necessary. That process is complete, and doing it all over again would not increase the degree of public access, but rather would impose an unnecessary burden on Google amidst post-trial briefing, and during the same period when Plaintiffs propose that Google and non-parties engage in the other reviews described in the sections below.

The most appropriate approach, which is reflected in Google's proposal, is for Google and non-parties to review in light of all of the Court's guidance the voluminous post-trial submissions that will be filed in February and March, and the materials that will be presented to the Court at the closing arguments in May. It is highly unlikely that any prior redaction determination merits reconsideration given the extensive and adversarial process that has already occurred, much less that such reconsideration is an efficient use of the parties' time in the midst of post-trial briefing, and before the Court has decided whether or not to rely on any of these materials in its ruling. *See, e.g.*, Aug. 11, 2023 Hr'g Tr. 14:15-24 (describing the "continuum" of "the need for public access," which reaches "its apex when the Court is actually citing a document in a memorandum opinion"). With that said, if there are any redactions of consequence that a party determines or contends should be reconsidered, then they will be identified through evaluation of these forthcoming submissions.

### 2. Exhibits and Deposition Designations Cited in Post-Trial Submissions But Not Used at Trial

Section 1(c) of Plaintiffs' proposal would require Google and non-parties to review for confidentiality every exhibit pushed into evidence without a witness that is used in a deposition designation, even if no party incorporated that exhibit or the corresponding deposition testimony into its presentation of the evidence over the course of a 10-week trial. The same provision calls for review of every exhibit pushed into evidence that is merely cited in the parties' voluminous post-trial submissions. And Section 1(d) purports to require review of any portion of a deposition

designation cited in the post-trial submissions, irrespective of the breadth of the citation.
Notably, under Plaintiffs' proposal, that process is supposed to occur during the same period as
the unnecessary re-review described above and the further reviews referenced below, all of
which are timed to overlap with Google's preparation of its post-trial submissions.

Plaintiffs' proposal is unreasonable, particularly given the lack of pre-trial screening of
Plaintiffs' designation of deposition testimony based on length, relevance, or any other
limitation. Deposition testimony from approximately 40 deponents was designated but not
played at trial, and they encompass numerous exhibits that were never used at trial or otherwise
brought to the Court's attention. Plaintiffs' mere citation to such an exhibit in the mass of post-
trial submissions should not trigger an obligation to conduct an immediate confidentiality review
if it is not among the hundreds of exhibits already introduced at trial or the additional exhibits
that may be used at closing argument or relied upon in the Court's final opinion on the merits.
*See, e.g.*, Sept. 12, 2023 Trial Tr. at 135:19-136:19; Sept. 1, 2023 Hr'g Tr. at 88:13-89:10
(addressing the distinction between "pushed" exhibits and those used in court or a final opinion).

As the Supreme Court has explained, "courts have refused to permit their files to serve …
as sources of business information that might harm a litigant's competitive standing." *Nixon v.
Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Because of a confluence of factors in this
case, however, there are countless pages of exhibits that unquestionably would harm the
competitive standing of Google or non-parties if released and that also play no role in its
adjudication. *See, e.g.*, Sept. 1, 2023 Hr'g Tr. 86:6-16 (noting that "[t]his is not the typical civil
case" in the context of discussing the admission of exhibits without a witness). Google and
applicable non-parties should evaluate all portions of the post-trial submissions quoting or
characterizing any confidential deposition testimony or exhibit, and they should apply only the

specific redactions that are justified by the Court's guidance and the *Hubbard* factors. But they should not be obligated to review and redact underlying materials that are sufficiently far afield that they were neither used at any point during the 10-week trial nor described in the post-trial submissions that will be made in February and March.

### 3. Timing of Review of Confidential Portions of Post-Trial Submissions

The parties agree on the importance of filing public versions of their post-trial submissions that limit any redactions to specific passages that meet the applicable standards for sealing. Due to the volume of material and the number of attorneys and other Google employees involved in conducting a word-by-word review, however, Google proposes a single round of confidentiality review after the parties file their responsive submissions. This approach is both more accurate and more efficient, as the parties' responsive submissions likely will contain numerous statements about confidential information that are not identical to those found in the opening submissions, but that involve similar or overlapping content and therefore should be considered together. It would be highly inefficient for Google, and presumably also for non-parties, to seek multiple rounds of input from the subject-matter experts familiar with the commercial sensitivity of the information and the competitive harm that may result from its disclosure when the task can instead be accomplished in a fully informed single round. Plaintiffs' provision, like all of the other proposals referenced above, therefore imposes a significant one-sided obligation on Google to conduct an unnecessarily onerous confidentiality review at the same time that it is responding to Plaintiffs' post-trial submissions.

Google's proposal does not seek to preclude Plaintiffs from filing at any time a redacted version of their post-trial submissions that reflects existing confidentiality designations, *i.e.*, a version that redacts information that was sealed during trial or not previously reviewed for

confidentiality by Google or the applicable non-party. In order to avoid further exacerbating a burden borne by only one party, however, Google respectfully proposes a single round of review of the portions of all post-trial submissions that contain material currently designated confidential, rather than a staggered approach that overlaps with the preparation of responsive submissions.

### 4. Closing Arguments

The parties agree that they should structure their closing arguments to avoid closing the courtroom. The parties have also agreed on a schedule for identifying portions of confidential exhibits or other materials that Plaintiffs may disclose publicly so that Google and applicable third parties can apply redactions that are justified under the applicable standards.

Plaintiffs depart from the parties' prior practice, however, in seeking to require that Google identify for Plaintiffs, prior to closing argument, any passages that will be redacted (*i.e.*, from slides that Google's counsel may use during closing arguments). The parties did not proceed in that manner during other presentations or arguments, including the tutorial presentation, the summary judgment hearing, or the opening statements. And for good reason: any portion of a slide that Google redacts will be made available to Plaintiffs during the closing argument, and any disagreements Plaintiffs have about whether redactions to Google's slides are appropriate can be promptly addressed, as they were throughout trial.

### 5. Expiration of the Sealing Order

Finally, Plaintiffs propose the automatic unsealing of an overbroad swath of exhibits and other materials after five years in the case of exhibits produced by Google (and seven years with respect to exhibits produced by non-parties). This proposal is unjustified, and at a minimum

premature given that neither Google nor the non-parties presently know which exhibits will be cited in Plaintiffs' post-trial submissions or the Court's final opinion on the merits.

It is beyond dispute that this case involves a significant number of exhibits and other materials that describe trade secrets, including proprietary techniques that Google and non-parties use in their search services, ads auctions, and other technologies. *E.g.*, Oct. 4, 2023 Trial Tr. at 4366:16-23 (concluding that "trade secrets of Apple … will remain under seal" with the release of a redacted version of a transcript); Oct. 26, 2023 Trial Tr. at 7377:15-7378:5 (Raghavan) (testifying that Google maintains as a trade secret aspects of its search ads auction); Simon Decl. (ECF 740-2) ¶¶ 5-9 (describing why Google keeps many of its ranking techniques secret in addressing trial exhibits relating to Google Search). A five-year expiration date for the sealing of such materials is unwarranted because, generally speaking, "a trade secret has a potentially limitless lifespan" and by design "allow[s] inventors to exclude others for as long as secrecy continues." Jonas Anderson, *Secret Inventions*, 26 Berkeley Tech. L.J. 917, 924 (2011).

Given the volume of trade secrets and similarly sensitive information that likely will be encompassed by the materials subject to Plaintiffs' proposal, this is not a circumstance where a broad category of sealing determinations should be largely or entirely swept aside on a fixed timeline. To the extent that establishing a process for the long-term treatment of sealed materials would be useful, Google respectfully submits that should occur after the Court issues its final ruling.

## II.    Plaintiffs' Position Statement Regarding The New York Times Company's Motion for Access to Judicial Records

The New York Times Company (The Times) filed Motion for Access to Judicial Records on January 19, 2024. ECF No. 800. The Motion identified six categories of records The Times seeks and requests that the Court provide the public with notice and opportunity to be heard

should the Court believe closure of the courtroom may be necessary during closing arguments. Plaintiffs confirm that they do not intend to seek closure of the courtroom during closing arguments. Additionally, Plaintiffs' position on the six categories of requests is stated below:

### A.      Key Google Agreements

Plaintiffs generally support The Times' Motion with respect to the 2016 ISA and other key contracts. These agreements are at the heart of Google's illegal conduct and disclosure of these agreements will not only facilitate public understanding but also serve as an example to other companies as to what types of conduct are illegal. But the disclosure of current revenue shares or those in effect within the prior 7 years that have not previously disclosed publicly may implicate the types of confidentiality interests identified in *Hubbard* and thus, Plaintiffs do not oppose—subject to both the scope and time period limitations proposed above—sealing of that limited, discrete category of information. To the extent a non-party's current revenue shares have been disclosed, Plaintiffs object to redacting historic revenue shares, as disclosure of such information would not injure the parties to such an agreement.

### B.      Non-Party Exhibits

Plaintiffs agree with The Times' Motion seeking disclosure of the first category of non-party exhibits, those requested by the designated press representative pursuant to ECF No. 750 but not yet made available. ECF No. 800-1, at 10 (citing Sumar Decl. Ex. A). Microsoft consistently objected to the publication of documents that were used and displayed in court on the basis that the "substance of the document itself was not disclosed" in the transcript. *E.g.*, Ex. F, Email from A. Davis to K. Herrmann (Nov. 8, 2023) (objecting to the publication of UPX0033).

Plaintiffs also support The Times' Motion seeking disclosure of the second category of non-party exhibits, those concerning the relationship between Google and Apple. ECF No. 800-1, at 11 (citing Sumar Decl. Ex. B). Indeed, Plaintiffs seek a review of all these exhibits pursuant to paragraph 1(a) of Plaintiffs' Proposed Confidentiality Management Order. Ex. A. The fact that the press also seeks disclosure of these exhibits to understand the trial testimony supports Plaintiffs' view that a review of all exhibits used prior to October 16 is necessary in this case.

### C.      Exhibits Containing Information Already Released In Court Proceedings

As described in detail above, Plaintiffs agree with The Times' motion to unseal exhibits containing information that has been publicly disclosed in other court proceedings. ECF No. 800-1, at 13. The fact that information Google seeks to seal has been publicly disclosed in another federal court proceeding lends further support to Plaintiffs' requests to review certain redaction decisions made to date to determine whether there has been "previous [public] access to the documents" consistent with *Hubbard*, 650 F.3d at 318.

### D.      Deposition Testimony

Consistent with Plaintiffs' proposal regarding the sealing of deposition designations, Ex. A at ¶ 1(d). and as explained above, *see supra* I(A)(3), Plaintiffs support public access with respect to the portions of the five depositions played at trial in open court and public access to any portions of deposition designations cited in the parties' post-trial submissions or the Court's final opinion on the merits.

### E.      Expert Reports

Plaintiffs support The Times' motion to unseal portions of expert reports filed on the docket. Materials filed on the docket in support of motions are judicial records. *In re Leopold*, 964 F.3d at 1128-29. Public interest in disclosure of the excerpts of expert reports filed on the

docket in support of motions is high, as the Parties intended to influence the Court's decision-making on *Daubert* and summary judgment motions with these materials.

With respect to the expert reports and summaries solely submitted to the Court pursuant to the CMO, ECF No. 108-1 at 5, these materials constitute judicial records as they were submitted to and "intended to influence" the Court. *In re Leopold*, 964 F.3d at 1128. As such, Plaintiffs agree that such reports or summaries may be made public applying the *Hubbard* factors. However, these reports and summaries are not evidence and were not admitted as part of the trial record, and the Court has made clear that the focus of its decision-making will not include these expert reports and summaries, but rather the "trial testimony, exhibits, and deposition designations cited in the parties' proposed findings of fact and conclusions of law." Order, ECF No. 666 (Aug. 28, 2023). As the Court will not be relying on these submitted expert reports and summaries in reaching its liability decision, Plaintiffs do not believe they should be made public. Finally, given the length of these expert reports, should the Court grant The Times' motion, Plaintiffs respectfully request an opportunity to confer with Google and The Times to consider a feasible schedule for providing narrowly redacted versions of these materials.

### F.   Dated Records

Plaintiffs support The Times' motion to unseal dated trial exhibits. As explained above, the age of a document or data is an important consideration in assessing whether its disclosure could cause very serious injury. *See supra* I(A)(4).

Dated: January 26, 2024                    Respectfully submitted,

By:____*/s/ Karl Herrmann*_____

Kenneth M. Dintzer
Karl E. Herrmann (D.C. Bar #1022464)
Sara Trent
U.S. Department of Justice, Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 227-1967
Kenneth.Dintzer2@usdoj.gov

*Counsel for Plaintiff United States of America*


By: ___/s/ Margaret Sharp___
James Lloyd, Chief, Antitrust Division
Margaret Sharp, Assistant Attorney General
Office of the Attorney General, State of Texas
300 West 15th Street
Austin, Texas 78701
Margaret.Sharp@oag.texas.gov

*Counsel for Plaintiff State of Texas*


By: ___/s/ Matthew Michaloski___
Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and Director,
Consumer Protection Division
Matthew Michaloski, Deputy Attorney General
Christi Foust, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Matthew.Michaloski@atg.in.gov

*Counsel for Plaintiff State of Indiana*

By: ___/s/ Keaton Barnes___
Keaton Barnes
Arkansas Bar No. 2022161
Assistant Attorney General
Office of Tim Griffin, Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
Keaton.Barnes@ArkansasAG.gov

*Counsel for Plaintiff State of Arkansas*


By: _____/s/ Brian Wang___
Rob Bonta, Attorney General
Paula Blizzard, Senior Assistant Attorney
General
Brian Wang, Deputy Attorney General
Carolyn Jeffries, Deputy Attorney General

Office of the Attorney General,
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Brian.Wang@doj.ca.gov

*Counsel for Plaintiff State of California*

By: ___/s/ Lee Istrail___
Ashley Moody, Attorney General
R. Scott Palmer, Special Counsel, Complex
Enforcement Chief, Antitrust Division
Nicholas D. Niemiec, Assistant Attorney General
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

By:___/s/ Daniel Walsh_____
Christopher Carr, Attorney General
Margaret Eckrote, Deputy Attorney General
Daniel Walsh, Senior Assistant Attorney General
Charles Thimmesch, Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*


By: ___/s/ Philip R. Heleringer_____
Daniel Cameron, Attorney General
J. Christian Lewis, Commissioner of the Office of
Consumer Protection
Philip R. Heleringer, Executive Director of the
Office of Consumer Protection
Jonathan E. Farmer, Deputy Executive Director
of the Office of Consumer Protection
Office of the Attorney General, Commonwealth
of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*


By:___/s/ Christopher J. Alderman___
Jeff Landry, Attorney General
Christopher J. Alderman, Assistant Attorney
General
Office of the Attorney General, State of
Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
AldermanC@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

By: _____/s/ Scott Mertens_____
Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

By: _____/s/ Stephen M. Hoeplinger_____
Stephen M. Hoeplinger
Assistant Attorney General
Missouri Attorney General's Office
815 Olive St., Suite 200
St. Louis, Missouri 63101
Stephen.Hoeplinger@ago.mo.gov

*Counsel for Plaintiff State of Missouri*

By: _____/s/ Hart Martin_____
Lynn Fitch, Attorney General
Hart Martin, Special Assistant Attorney General
Crystal Utley Secoy, Assistant Attorney General
Office of the Attorney General, State of
Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Hart.Martin@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

By: _/s/ Anna Schneider_
Anna Schneider
Bureau Chief
Montana Office of Consumer Protection
P.O. Box 200151
Helena, MT. 59602-0150
Phone: (406) 444-4500
Fax: 406-442-1894
Anna.schneider@mt.gov

*Counsel for Plaintiff State of Montana*


By: _/s/ Mary Frances Jowers_
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney
General
C. Havird Jones, Jr., Senior Assistant Deputy
Attorney General
Mary Frances Jowers, Assistant Deputy Attorney
General
Rebecca M. Hartner, Assistant Attorney General
Office of the Attorney General, State of South
Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
mfjowers@scag.gov

*Counsel for Plaintiff State of South Carolina*


By: _/s/ Gwendolyn J. Lindsay Cooley_
Joshua L. Kaul, Attorney General
Gwendolyn J. Lindsay Cooley, Assistant
Attorney General
Wisconsin Department of Justice
17 W. Main St.
Madison, Wisconsin 53701
Gwendolyn.Cooley@Wisconsin.gov

*Counsel for Plaintiff State of Wisconsin*

24

FOR PLAINTIFF STATE OF COLORADO

Jonathan B. Sallet
Special Assistant Attorney General

*/s/ Jonathan B. Sallet*
Jonathan B. Sallet, DC Bar No. 336198
Steven M. Kaufmann, DC Bar No. 1022365 (inactive)
Elizabeth W. Hereford
Conor J. May
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
E-Mails: Jon.Sallet@coag.gov
           Steve.Kaufmann@coag.gov
           Elizabeth.Hereford@coag.gov
           Conor.May@coag.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
Suite 2200
New York, NY 10036-6710
Telephone: (212) 335-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Colorado*

FOR PLAINTIFF STATE OF NEBRASKA

Joseph M. Conrad
Assistant Attorney General
Colin P. Snider
Assistant Attorney General
Matthew K. McKinley
Special Assistant Attorney General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-3840
E-Mails: Joseph.Conrad@nebraska.gov
       Colin.Snider@nebraska.gov
       Matt.Mckinley@nebraska.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
Suite 2200
New York, NY 10036-6710
Telephone: (212) 335-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Nebraska*

FOR PLAINTIFF STATE OF ARIZONA

Robert A. Bernheim, Unit Chief Counsel
Arizona Office of the Attorney General
400 West Congress, Ste. S-315
Tucson, Arizona 85701
Telephone: (520) 628-6507
E-Mail: Robert.bernheim@azag.gov

*Counsel for Plaintiff State of Arizona*

FOR PLAINTIFF STATE OF IOWA

Noah Goerlitz, Assistant Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St., 2nd Floor
Des Moines, IA 50319
Telephone: (515) 725-1018
E-Mail: Noah.goerlitz@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

FOR PLAINTIFF STATE OF NEW YORK

Elinor R. Hoffmann
Morgan J. Feder
Michael Schwartz
Office of the Attorney General of New
York
28 Liberty Street, 21st Floor
New York, NY 10005
Telephone: (212) 416-8513
E-Mails: Elinor.hoffmann@ag.ny.gov
         Morgan.feder@ag.ny.gov
         Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff State of New York*

FOR PLAINTIFF STATE OF NORTH CAROLINA

Kunal Janak Choksi
Joshua Daniel Abram
Jonathan R. Marx
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6000
E-Mails: kchoksi@ncdoj.gov
         jabram@ncdoj.gov
         jmarx@ncdoj.gov
         jsutton2@ncdoj.gov

*Counsel for Plaintiff State of North Carolina*

FOR PLAINTIFF STATE OF
TENNESSEE

J. David McDowell
Chris Dunbar
Austin Ostiguy
Tyler Corcoran
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville.TN 37202
Telephone: (615) 741-8722
E-Mails: David.McDowell@ag.tn.gov
         Chris.Dunbar@ag.tn.gov
         austin.ostiguy@ag.tn.gov
         Tyler.Corcoran@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*

FOR PLAINTIFF STATE OF UTAH

Scott R. Ryther
Tara Pincock
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 142320
Salt Lake City, Utah 84114
Telephone: (385) 881-3742
E-Mail: sryther@agutah.gov
         tpincock@agutah.gov

*Counsel for Plaintiff State of Utah*

FOR PLAINTIFF STATE OF ALASKA

Jeff Pickett
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5100
E-Mail: Jeff.pickett@alaska.gov

*Counsel for Plaintiff State of Alaska*

FOR PLAINTIFF STATE OF
DELAWARE

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 577-8924
E-Mail: Michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*

FOR PLAINTIFF TERRITORY OF
GUAM

Fred Nishihira, Chief, Consumer Protection
Division
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Telephone: (671) 475-3324

*Counsel for Plaintiff Territory Guam*

FOR PLAINTIFF STATE OF CONNECTICUT

Nicole Demers
Office of the Attorney General of Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Telephone: (860) 808-5202
E-Mail: Nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

FOR PLAINTIFF DISTRICT OF COLUMBIA

Elizabeth Gentry Arthur
Office of the Attorney General for the District of
Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 724-6514
E-Mail: Elizabeth.arthur@dc.gov

*Counsel for Plaintiff District of Columbia*

FOR PLAINTIFF STATE OF HAWAI'I

Rodney I. Kimura
Department of the Attorney General, State of Hawai'i
Commerce & Economic Development
425 Queen Street
Honolulu, HI 96813
Telephone (808) 586-1180
E-Mail: Rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff State of Hawai'i*

FOR PLAINTIFF STATE OF IDAHO

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. State St., 2nd Floor
P.O. Box 83720
Boise, ID 83720
Telephone: (208) 334-4114
E-Mails: Brett.delange@ag.idaho.gov
          John.olson@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

FOR PLAINTIFF STATE OF KANSAS

Lynette R. Bakker
Kansas Office of the Attorney General
120 S.W. 10th Avenue., 2nd Floor
Topeka, KS 66612
Telephone: (785) 296-3751
E-Mail: Lynette.bakker@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

FOR PLAINTIFF STATE OF
MARYLAND

Schonette J. Walker
Gary Honick
Office of the Attorney General of Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Telephone: (410) 576-6480
E-Mails: swalker@oag.state.md.us
          ghonick@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

FOR PLAINTIFF STATE OF ILLINOIS

Elizabeth Maxeiner
Brian Yost
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
Telephone: (773) 590-7935
E-Mails: Elizabeth.maxeiner@ilag.gov
          Brian.yost@ilag.gov

*Counsel for Plaintiff State of Illinois*

FOR PLAINTIFF STATE OF MAINE

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
August, ME 04333
Telephone: (207) 626-8800
E-Mail: Christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

FOR PLAINTIFF COMMONWEALTH
MASSACHUSETTS

William T. Matlack
Michael B. MacKenzie
Office of the Attorney General of Massachusetts
One Ashburton Place, 18th Fl.
Boston, MA 02108
Telephone: (617) 727-2200
E-Mails: William.matlack@mass.gov
          Michael.Mackenzie@mass.gov

*Counsel for Plaintiff State of Massachusetts*

FOR PLAINTIFF STATE MINNESOTA

Zachary William Biesanz
Office of the Minnesota Attorney General
Consumer, Wage, and Antitrust Division
445 Minnesota Street, Suite 1400
St. Paul, MN 55101
Telephone: (651) 757-1257
E-Mail: Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

FOR PLAINTIFF STATE OF NEVADA

Michelle Christine Newman
Lucas J. Tucker
Nevada Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
Telephone: (775) 684-1164
E-Mails: mnewman@ag.nv.gov
         ltucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

FOR PLAINTIFF STATE OF NEW
HAMPSHIRE

Brandon Garod
Office of Attorney General of New
Hampshire
33 Capitol Street
Concord, NH 03301
Telephone: (603) 271-1217
E-Mail: Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff State of New
Hampshire*

FOR PLAINTIFF STATE OF NEW JERSEY

Isabella R. Pitt
Deputy Attorney General
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
Telephone: (973) 648-7819
E-Mail: Isabella.Pitt@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

FOR PLAINTIFF STATE OF NEW
MEXICO

Judith E. Paquin
Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87504
Telephone: (505) 490-4885
E-Mails: jpaquin@nmag.gov
         ckhoury@nmag.gov

*Counsel for Plaintiff State of New Mexico*

FOR PLAINTIFF STATE NORTH DAKOTA

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust Division
Office of the Attorney General of North Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
Telephone: (701) 328-5570
E-Mail: ealm@nd.gov

*Counsel for Plaintiff State of North Dakota*

FOR PLAINTIFF STATE OHIO

Jennifer Pratt
Beth Ann Finnerty
Mark Kittel
Office of the Attorney General of Ohio
30 E Broad Street, 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
E-Mails:
Jennifer.pratt@ohioattorneygeneral.gov
Beth.finnerty@ohioattorneygeneral.gov
Mark.kittel@ohioattorneygeneral.gov

*Counsel for Plaintiff State of Ohio*


FOR PLAINTIFF STATE OREGON

Cheryl Hiemstra
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301
Telephone: (503) 934-4400
E-Mail: Cheryl.hiemstra@doj.state.or.us

*Counsel for Plaintiff State of Oregon*


FOR PLAINTIFF TERRITORY PUERTO
RICO

Guarionex Diaz Martinez
Assistant Attorney General
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902
Telephone: (787) 721-2900, Ext. 1201
E-Mail: gdiaz@justicia.pr.gov

*Counsel for Plaintiff Territory Puerto Rico*


FOR THE PLAINTIFF STATE OKLAHOMA

Caleb J. Smith
Office of the Oklahoma Attorney General
313 NE 21st St
Oklahoma City, OK 73105
Telephone: (405) 522-1014
E-Mail: Caleb.Smith@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*


FOR PLAINTIFF COMMONWEALTH
PENNSYLVANIA

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
E-Mails: jbetsko@attorneygeneral.gov
            twertz@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of Pennsylvania*


FOR PLAINTIFF STATE RHODE ISLAND

Stephen Provazza
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
E-Mail: SProvazza@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*


31

FOR PLAINTIFF STATE SOUTH
DAKOTA

Yvette K. Lafrentz
Office of the Attorney General of South
Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
E-Mail: Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff State of South Dakota*

FOR PLAINTIFF COMMONWEALTH
VIRGINIA

Tyler T. Henry
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Telephone: (804) 692-0485
E-Mail: thenry@oag.state.va.us

*Counsel for Plaintiff State of Virginia*

FOR PLAINTIFF STATE WEST
VIRGINIA

Douglas Lee Davis
Office of the Attorney General, State of
West Virginia
1900 Kanawha Boulevard, East
Building 6, Suite 402
P.O. Box 1789
Charleston, WV 25305
Telephone: (304) 558-8986
E-Mail: Douglas.l.davis@wvago.gov

*Counsel for Plaintiff State of West Virginia*

FOR PLAINTIFF STATE VERMONT

Christopher J. Curtis
Assistant Attorney General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
Telephone: (802) 828-3170
E-Mail: Ryan.kriger@vermont.gov

*Counsel for Plaintiff State of Vermont*

FOR PLAINTIFF STATE WASHINGTON

Amy Hanson
Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-5419
E-Mail: Amy.hanson@atg.wa.gov

*Counsel for Plaintiff State of Washington*

FOR PLAINTIFF STATE WYOMING

Benjamin Peterson
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
Telephone: (307) 777-6397
E-Mail: Benjamin.peterson2@wyo.gov

*Counsel for Plaintiff State of Wyoming*

WILLIAMS & CONNOLLY LLP

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

*Counsel for Defendant Google LLC*