# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>       Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>       Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*,<br><br>       Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>       Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**[PROPOSED] CONFIDENTIALITY MANAGEMENT ORDER**

  In order to minimize the sealing of information from the public while providing for the protection of confidential information as allowed under the Federal Rules of Civil Procedure and Local Rule 5.1(h), it is hereby ORDERED that all proceedings during this trial, except as specified below, are public and it is FURTHER ORDERED that all parties and not-parties shall comply with each of the directives set forth below governing the disclosure of information designated as "Confidential Information" or "Highly Confidential Information" pursuant to the Stipulated Protective Order entered in this matter, ECF No. 98 or the Stipulated Order on the Use of Confidential Information at Trial, ECF No. 647:

1. Pursuant to ECF No. 647, paragraph 6, the following materials shall remain sealed as follows.

    a. *Information in exhibits and demonstratives used with a witness.*

        i. With the exception of those materials listed in I(a)(ii) below, the redacted portions of the exhibits and demonstratives used with witnesses at trial shall remain sealed.

        ii. The materials listed in Appendices A (listing portions of exhibits used with a witness or in deposition designations that were not reviewed for confidentiality) and B (listing portions of exhibits and demonstratives used with a witness or in deposition designations that were reviewed for confidentiality prior to October 16) are deemed fully public, subject to review or re-review for properly sealable confidential information. Google and non-parties, as listed in the appendices, shall review the materials contained in Appendices A and B and propose redactions to all such materials within 21 days after the entry of this Order. Plaintiffs shall review any proposed redactions, meet and confer with Google and the non-parties to attempt to resolve any disagreement, and provide to the Court the exhibits with undisputed and disputed redaction proposals 21 days later.

    b. *Transcripts reflecting trial testimony offered during closed sessions.* The Court has conducted a line-by-line review of these transcripts and has made them public with narrow redactions. The Parties may identify portions of transcripts for review to consider disclosing additional information, including information that was later

      disclosed after initial review of the transcripts. The remaining redacted portions of these transcripts shall remain sealed.

   c. *Exhibits admitted into evidence but not used with a witness*. The portions of exhibits admitted into evidence that were not used with a witness, not used in a deposition designation, and not cited in the Parties' Post-Trial Submissions, closing arguments, or the Court's final opinion on the merits shall remain sealed.

   d. *Deposition designations introduced into evidence*. The portions of deposition designations admitted into evidence that were not cited in the Parties' Post-Trial Submissions, closing arguments, or the Court's final opinion on the merits shall remain sealed.

2. Confidentiality of Post-Trial Submissions pursuant to ECF No. 782. To facilitate expedient public access to Post-Trial Submissions, the Court orders as follows:

   a. Notwithstanding any prior order of the Court or paragraph 1 of this Order, Post-Trial Submissions pursuant to ECF No. 782 are deemed fully public, however, the Parties shall maintain under seal any information claimed as confidential by Google or a non-party that has not previously been disclosed in this action that is in the Post-Trial Submissions, pending an opportunity for Google and non-parties to propose redactions.

   b. Within 5 days after filing (a) post-trial briefs pursuant to ECF No. 782, paragraph 2; (b) Proposed Conclusions of Law pursuant to ECF No. 782, paragraph 1(c); and (c) Responsive Proposed Conclusions of Law pursuant to ECF No. 782, paragraph3(c); the Parties shall notify non-parties of any information deemed confidential by a non-party contained in their Post-Trial

      Submissions that has not previously been disclosed in this action. Google and non-parties shall propose redactions to these materials within 7 days of receiving notification. Plaintiffs shall raise any disputes to the Court within 7 days of receiving redaction proposals.

  c. Within 14 days after filing initial and Responsive Proposed Findings of Fact pursuant to ECF No. 782, paragraphs 1(b) and 3(b), the Parties shall notify non-parties of any information deemed confidential by a non-party contained in their Post-Trial Submissions that have not been previously disclosed in this action. Google and non-parties shall propose redactions to these materials and underlying cited exhibits within 28 days of receiving notification. Plaintiffs shall raise any disputes to the Court within 28 days of receiving redaction proposals.

3. Closing Arguments

  a. The parties will structure closing arguments so as to avoid sealing the courtroom.

  b. Subject to the notification and redaction proposal processes described in paragraphs 3(c-f) below, the Parties may publicly disclose information previously identified as confidential information. While any dispute over confidentiality is pending with the Court, the Parties shall not reveal in open court information that a Party has designated as confidential, unless the Court has ordered that the information may be publicly disclosed.

  c. By April 19, the Parties shall make good faith efforts to identify to non-parties, and Plaintiffs shall make good faith efforts to identify to Google, the portions of exhibits or other materials that the Parties intend to disclose in closing arguments

that Google or non-parties deemed confidential that have not been disclosed. Google and non-parties shall propose any redactions by April 25.

d. After April 19, the Parties may notify Google and non-parties that they intend to disclose additional portions of exhibits or other materials. Google and/or the applicable non-party should be promptly notified and shall provide any redactions to such portions within 48 hours as required by ECF No. 647, paragraph 1.

e. By April 19, Google shall make good faith efforts to identify to Plaintiffs the portions of exhibits or other materials that it intends to present in demonstratives in closing arguments and redact from public view.

f. After April 19, Google shall promptly provide notice of any additional portions of exhibits or other materials that it intends to present in demonstratives in closing arguments and redact from public view, consistent with ECF No. 748.

g. Any presentations or portions of admitted exhibits displayed to the public during closing arguments may be posted online and shall be provided in response to a request from the Designated Press Representative described in ECF No. 750, provided that (i) all such presentations and exhibits include the redactions specified prior to closing arguments, (ii) the party that displayed the presentation or exhibit redacts email addresses and other PII in the manner described in paragraph 1 of ECF No. 725, and (iii) Google and any applicable non-parties are given two business days to review the redactions to the presentations and exhibits prior to posting or distribution.

4. The Parties and non-parties, to the extent they propose any, must propose narrowly tailored redactions consistent with this Court's guidance and *U.S. v. Hubbard*, 650 F.3d 293

(D.C. Cir. 1980) and its progeny. The Parties and non-parties shall not propose sealing information that has been publicly disclosed, including in *In re: Google Play Store Antitrust Litigation*, Case No 3:21-md-02981-JD (N.D. Cal.).

5. Prior agreements between the Parties or between the Parties and a non-party to redact information in earlier filings or at trial are not agreements that the information is properly subject to sealing, nor does it preclude a Party or any interested member of the public from challenging the sealing of any information.

6. The Court's confidentiality orders during trial shall be maintained unless challenged by a Party or any interested member of the public.

7. The sealing of any information may be re-visited without prejudice following the issuance of a final opinion on the merits.

8. Expiration of this Sealing Order. Without prejudice to the ability to move to unseal earlier, this Sealing Order shall expire and the following materials shall be deemed public:

   a. Except for any PII contained therein, this Sealing Order shall expire after five years for the following materials: (i) the Court's Memorandum Opinion regarding Google's Motions for Summary Judgment, ECF No. 624; (ii) the Parties' briefing regarding Google's Motion for Summary Judgment; (iii) the Parties' Post-Trial Submissions; (iv) all trial transcripts; (v) all deposition designations cited by the Court in its final opinion on the merits or cited by the Parties in Post-Trial Submissions; (vi) all demonstratives cited by the Court in its final opinion on the merits or cited by the Parties in Post-Trial Submissions; (vii) Google-produced exhibits cited by the Court in its final opinion on the merits or cited by the Parties in Post-Trial Submissions.

    b. Except for any PII contained therein, this Sealing Order shall expire after seven years for non-party-produced exhibits cited by the Court in its final opinion on the merits or cited by the Parties in Post-Trial Submissions.

Six months prior to the expiration of this Sealing Order and no later than three months prior to the expiration, Google or a non-party may move to keep under seal very narrow, specifically identified information, in any of the above materials that it can demonstrate to the Court the public release of which would cause it irreparable harm, consistent with the test set forth in *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980).

SO ORDERED.

Dated: January ___, 2024

                                                         Amit P. Mehta
                                       Unites States District Court Judge