# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br>                      Plaintiffs, <br><br>v. <br><br>GOOGLE LLC, <br><br>                      Defendant. | Case No. 1:20-cv-03010-APM <br><br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*, <br><br>                      Plaintiffs, <br><br>v. <br><br>GOOGLE LLC, <br><br>                      Defendant. | Case No. 1:20-cv-03715-APM <br><br>HON. AMIT P. MEHTA |

**[PROPOSED] CONFIDENTIALITY MANAGEMENT ORDER**

In order to minimize the sealing of information from the public while providing for the protection of confidential information as allowed under the Federal Rules of Civil Procedure and Local Rule 5.1(h), it is hereby ORDERED that all parties and non-parties shall comply with each of the directives set forth below governing the disclosure of information designated as "Confidential Information" or "Highly Confidential Information" pursuant to the Stipulated Protective Order entered in this matter (ECF No. 98) or the Stipulated Order on the Use of Confidential Information at Trial (ECF No. 647):

1. Pursuant to ECF No. 647, paragraph 6, the following materials shall remain sealed:

a. *Information in exhibits and demonstratives used with a witness*. The redacted portions of the exhibits and demonstratives used with witnesses at trial shall remain sealed.

b. *Transcripts reflecting trial testimony offered during closed sessions*. The Court has conducted a line-by-line review of these transcripts and has made them public with narrow redactions. The remaining redacted portions of these transcripts shall remain sealed.

c. *Exhibits admitted into evidence but not used with a witness*. Exhibits admitted into evidence that were not used with a witness at trial shall remain sealed. To the extent that a party intends to use a portion of any such exhibit during its closing argument, Google and any applicable non-parties shall review that portion for confidentiality pursuant to the process described below in Section 3.

d. *Deposition designations introduced into evidence*. Deposition designations that have not previously been played in open court shall remain sealed. To the extent that a party intends to use a portion of any such deposition testimony during its closing argument, Google and any applicable non-parties shall review that portion for confidentiality pursuant to the process described below in Section 3.

2. To facilitate expedient public access to the Post-Trial Submissions filed pursuant to ECF No. 782, the Court orders as follows:

    a. When filing their Post-Trial Submissions pursuant to ECF No. 782, the parties shall maintain under seal any "Confidential Information" or "Highly Confidential Information" of Google or a non-party that has not previously been publicly

disclosed in this action, pending an opportunity for Google and applicable non-parties to propose redactions to those portions of the Post-Trial Submissions.

    b. By March 29, 2024, each party shall notify applicable non-parties of any "Confidential Information" or "Highly Confidential Information" that has not previously been publicly disclosed in this action contained in the party's Post-Trial Submissions filed pursuant to ECF No. 782. By April 19, 2024, Google and all affected non-parties shall identify portions of the Post-Trial Submissions that they contend should remain redacted. Plaintiffs shall present any disputes regarding these redactions to the Court by May 10, 2024.

3. The parties and non-parties shall adhere to the following principles and deadlines regarding the use of "Confidential Information" or "Highly Confidential Information" during closing arguments:

    a. The parties will structure closing arguments so as to avoid sealing the courtroom.

    b. By April 19, 2024, the parties shall make good faith efforts to identify to non-parties, and Plaintiffs shall make good faith efforts to identify to Google, the portions of exhibits or other materials that a party intends to disclose publicly during its closing argument that have been designated "Confidential Information" or "Highly Confidential Information" and that have not previously been publicly disclosed in this action. Google and non-parties shall propose any redactions to the identified portions by April 26, 2024.

    c. After April 19, 2024, the parties may notify Google and non-parties that they intend to disclose additional portions of exhibits or other materials that have been designated "Confidential Information" or "Highly Confidential Information" and

3

    that have not previously been publicly disclosed in this action. Google and/or the applicable non-party shall be promptly notified and shall provide any redactions to the identified portions by the later of April 26, 2024 or 48 hours after receipt of the notice, as required by ECF No. 647, paragraph 1.

d. If a party has a dispute regarding confidentiality that impairs its ability to present its closing argument in open court, the party may notify the party or non-party seeking to preserve the confidentiality of the information at issue no later than April 29, 2024. If Plaintiffs object to Google's redaction of a portion of any presentation used by Google during its closing argument, Plaintiffs may promptly raise the issue with Google and any applicable third-party following closing arguments and shall present any disputes regarding the redactions to the Court by May 10, 2024.

e. Any presentations or portions of admitted exhibits displayed to the public during closing arguments may be posted online and shall be provided in response to a request from the Designated Press Representative described in ECF No. 750, provided that (i) all such presentations and exhibits include the redactions specified prior to closing arguments, (ii) the party that displayed the presentation or exhibit redacts email addresses and other PII in the manner described in paragraph 1 of ECF No. 725, and (iii) Google and any applicable non-parties are given two business days to review the redactions to the presentations and exhibits prior to posting or distribution.

4. Any redactions applied by the parties and non-parties to the Post-Trial Submissions and materials used at closing argument should be consistent with this Court's guidance and the principles set forth in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980).

5. To the extent that a final opinion on the merits contains "Confidential Information" or "Highly Confidential Information" that has not previously been publicly disclosed in this action, all parties and non-parties with a confidentiality interest in that information shall promptly determine at the Court's direction whether they contend that the applicable passages should be redacted consistent with this Court's guidance and the principles set forth in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980).

SO ORDERED.

Dated: January ___, 2024

_____
Amit P. Mehta
Unites States District Court Judge