# Exhibit E

LAW OFFICES

WILLIAMS & CONNOLLY LLP

GRAHAM W. SAFTY
(202) 434-5548
gsafty@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

January 2, 2024

**By Email**

Karl Herrmann, Esq.
U.S. Department of Justice
450 Fifth Street, NW
Washington, DC 20530
karl.herrmann@usdoj.gov

> Re: **_United States, et al. v. Google LLC_, No. 20-cv-3010-APM (D.D.C.) & _State of Colorado, et al. v. Google LLC_, No. 20-cv-3715-APM (D.D.C.)**

Counsel,

We write in response to your December 22, 2023 letter and pursuant to paragraph 6 of the August 15, 2023 Stipulated Order on the Use of Confidential Information at Trial (ECF 647).

Having reviewed DOJ's proposal, in several respects it seeks to impose an unnecessary burden on Google and non-parties through further confidentiality review of voluminous sets of exhibits and deposition testimony that may not even be relied upon by any party or the Court. Such re-review is not necessary to address public access to the proceedings in a manner consistent with the Court's directives, and it would result in Google bearing a significant one-sided burden while all parties are working on their post-trial submissions. We therefore set forth below an approach that, in our view, will ensure that post-trial submissions and materials used at closing argument reflect only the redactions that are appropriate under the Court's guidance, while avoiding unnecessary burdens and inefficiencies at this stage.

### I.   Sealing of Materials Pursuant to ECF 647

We agree that the confidentiality designations presently applicable to exhibits and transcripts will remain in place. We also agree that Google and all non-parties should adhere to the Court's guidance regarding the *Hubbard* factors in applying redactions to the post-trial submissions described in ECF 782 and the Court's opinions or orders. To be clear, that does not entail re-reviewing the confidentiality of the underlying exhibits or deposition designations cited in the post-trial submissions unless and until the Court specifically relies upon them in its post-trial ruling, but it does entail reviewing the post-trial submissions themselves and applying

WILLIAMS & CONNOLLY LLP®

January 2, 2024
Page 2

redactions to only the specific passages that merit sealing under the guidance provided by the Court.

We do not agree to the proposed five year "sunset term." The age of the information in question is not dispositive of whether disclosure would cause unjustifiable harm to a party or non-party's competitive standing. In this case in particular, the record is full of exhibits that reflect Google's trade secrets—including proprietary techniques developed by Google for use in Search in Search Ads—that we anticipate will likely remain commercially sensitive in five years.

    A.    <u>Sealing of information in exhibits introduced at trial</u>.

The pertinent information contained in exhibits used at trial has already been reviewed for confidentiality pursuant to the processes established by the Court and in accordance with the Court's guidance. As indicated, there is no basis for DOJ to request that Google (or any non-party) re-review exhibits used at trial unless and until the Court specifically relies upon them in its post-trial ruling. Plaintiffs had numerous opportunities to seek such review before and during trial, and Google reviewed many hundreds of exhibits identified by Plaintiffs to facilitate the presentation of their case. To the extent that information currently under seal is quoted or characterized by a party in its post-trial submissions, that particular information will be reviewed by Google and/or the relevant non-parties in preparing public versions of the post-trial submissions. Google will apply all of the Court's guidance in determining which portions of the post-trial submissions should be redacted, and it expects non-parties will do so as well.

    B.    <u>Transcripts reflecting trial testimony offered during closed sessions</u>.

We agree that the confidentiality designations presently applicable to trial transcripts will remain in place. As indicated above, Google (and non-parties, where applicable) should review the post-trial submissions and apply redactions to only the specific passages that merit sealing under the guidance provided by the Court. And as indicated above, we disagree that any "sunsetting" is appropriate in this case.

    C.    <u>Exhibits admitted into evidence but not used with a witness</u>.

We agree that the confidentiality designations presently applicable to exhibits will remain in place. As indicated above, Google (and non-parties, where applicable) should review the post-trial submissions and apply redactions to only the specific passages that merit sealing under the guidance provided by the Court. And as indicated above, we disagree that any re-review of exhibits or "sunsetting" is appropriate, much less that it can be done in some wholesale fashion, or that it need be decided now.

    D.    <u>Deposition designations introduced into evidence but not played during trial</u>.

There is no basis for DOJ to request that Google (or a non-party) review in their entirety the deposition designations submitted to the Court but not played at trial. To the extent that designated deposition testimony currently under seal is quoted or characterized by a party in its

WILLIAMS & CONNOLLY LLP®

January 2, 2024
Page 3

post-trial submissions, those particular passages will be reviewed by Google and/or the relevant non-parties before public versions of the post-trial submissions are filed. Google will apply the Court's guidance in identifying which portions of the post-trial submissions should be redacted, and it expects non-parties will do so as well.

## II. Public Redacted Versions of Post-Trial Submissions

Your proposed timeline for preparing redacted versions of the post-trial submissions does not account for the length of those submissions and the time necessary to seek input from numerous non-parties in a way that does not inadvertently reveal the confidential information of other non-parties. With respect to the post-trial submissions described in ECF 782 (*i.e.*, the post-trial briefs, the proposed findings of fact and conclusions of law, and the responsive proposed findings of fact and conclusions of law), each party should notify the applicable non-parties of confidential information contained in that party's submissions no later than March 29. (To be clear, the disclosure obligation would not apply to information that was already disclosed publicly during trial, or that the relevant non-parties agreed before or during trial could be disclosed publicly.) Google and all non-parties should provide redactions to all post-trial submissions by April 12.

There is no need for a further order governing the posting of exhibits. The orders cited in your letter (ECF 725 and 750) apply to exhibits or demonstratives used with a witness at trial, and all such materials have already been posted or otherwise distributed to the extent required by those orders. The post-trial submissions will be filed on the public docket following application of any appropriate redactions, and exhibits and designated deposition testimony will retain their confidentiality designations. After the Court issues a final opinion on the merits, the parties and non-parties can determine whether it is necessary to reevaluate the confidentiality designations of portions of any exhibits or designated deposition testimony relied upon by the opinion consistent with any further guidance from the Court.

## III. Closing Arguments

We agree that the parties should structure closing arguments to avoid sealing the courtroom, to the extent possible, consistent with the conduct of nearly the entire trial in open session. We propose that by April 19, the parties make good faith efforts to identify for non-parties, and Plaintiffs should identify for Google, the portions of exhibits or other confidential material that are likely to be disclosed publicly as part of closing arguments in the manner required by ECF 640. (To be clear, the disclosure obligation would not apply to information that was already disclosed publicly during trial, or that the relevant non-parties agreed before or during trial could be disclosed publicly.) And we propose that for any portions of exhibits or other confidential material identified by April 19, Google and any pertinent non-parties should provide redactions to the specified portions by April 26. There is no basis for Plaintiffs to review Google's own confidential information that Google may use at closing arguments, but we will continue to copy Plaintiffs on correspondence with third-parties regarding potential public disclosure of their confidential information.

WILLIAMS & CONNOLLY LLP

January 2, 2024
Page 4

  While the parties should make all reasonable efforts to comply with the April 19 and 26 deadlines specified above, we agree that if a party determines after April 26 that it will publicly disclose a portion of an exhibit or other confidential material as part of closing arguments, Google and/or the applicable non-party should be promptly notified of the specific portion of the exhibit or other confidential material and should provide any redactions to that portion within 48 hours in the manner required by ECF 647.

  We do not object to the public posting of any prepared presentations or portions of admitted exhibits displayed on the public screen during closing arguments, provided that all such presentations and exhibits include the redactions previously specified by Google and/or the applicable non-parties prior to the closing arguments, that Plaintiffs redact email addresses and other personally identifiable information as they did prior to posting demonstratives and exhibits during trial, and that Google and any affected non-parties are given at least two full business days to review the redactions prior to posting.

          Sincerely,

          */s/ Graham Safty*

          Graham Safty