## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA *et al.*, | CASE No.: 1:20-cv-03010-APM |
| Plaintiffs, | HON. AMIT P. MEHTA |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |

| | |
|---|---|
| STATE OF COLORADO *et al.*, | CASE No.: 1:20-cv-03715-APM |
| Plaintiffs, | HON. AMIT P. MEHTA |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |

## NON-PARTY APPLE INC.'S RESPONSE TO THE NEW YORK TIMES COMPANY'S MOTION FOR ACCESS TO JUDICIAL RECORDS

Non-party Apple Inc. ("Apple") respectfully submits this response to The New York Times Company's ("The Times") Memorandum of Points and Authorities in Support of The Times' Motion for Access to Judicial Records (the "Motion"). The content The Times seeks to unseal has already been reviewed by the Court and redactions have been limited to those that directly implicate Apple confidential and commercial information, including contracts between Apple and its commercial partners, as well as internal Apple communications concerning Apple's commercial relationships (the "Apple Documents").[1]

---

[1]   The Apple Documents to which The Times requests access are: JX33, JX24, DX963, UPX494, UPX618, UPX625, UPX626, UPX659, UPX1109, UPX1123, UPX617, and UPX1126.

The Motion improperly seeks unsealing of the following categories of information that impact Apple confidential material. *First*, the Motion seeks access to the 2016 ISA and the 2014 JCA. *Second*, the Motion requests access to third-party trial exhibits concerning the relationship between Google and Apple. *Third*, the Motion seeks access to documents that it purports have already been made public in trial proceedings. And *fourth*, the Motion seeks to unseal expert reports and "dated" trial exhibits.

For each category, the sweeping unsealing sought by the Motion, as it pertains to Apple, improperly retreads old ground and is without merit. After carefully considering proposals from the parties and The Times to govern the public posting of exhibits used at trial,[2] the Court ordered a process for the public release of trial exhibits that included a notice period for third parties and allowed third parties to propose redactions to documents to protect confidentiality interests. *See* Dkt. 750. at 2. Apple has diligently followed the protocol for providing trial exhibits to the parties for public access, including application of appropriate redactions to protect Apple confidential and commercially sensitive information.

Further, many of the Apple Documents' current, limited redactions have already been adjudicated by the Court, in some cases multiple times. The Court ruled directly on the redactions to the 2016 ISA (JX33) and the 2014 JCA (JX24), and it provided guidance on permissible redactions for the remaining exhibits at issue here through its close review of the trial transcripts of Apple witness testimony before ordering the public release of redacted versions of those transcripts. These sealed portions are plainly protected from disclosure under the factors

---

[2]   The parties' and The Times submitted several filings regarding the process for public disclosure of exhibits used at trial: (1) the parties' September 25, 2023, joint submission regarding the public posting of trial materials, Dkts. 714, 725; (2) The Times' October 16, 2023, motion to intervene and for access to judicial records, Dkts. 731, 750; and (3) the Department of Justice's ("DOJ") November 6, 2023, motion regarding the public posting of trial exhibits, Dkt. 759. Now, a new dispute over confidentiality protocols is before the Court stemming from the parties' January 26, 2024, joint status report concerning confidentiality management orders. Dkt. 808.

enumerated in *United States v. Hubbard*.  650 F.2d 293, 317–22 (D.C. Cir. 1980).  Finally, regarding the Motion's request for wholesale unsealing of expert reports and "dated" trial exhibits, Apple has had no opportunity to review the expert reports to assess the extent to which they contain confidential Apple information, and The Times fails to identify precisely which "dated" trial exhibits it seeks.[3]

In short, the Motion inappropriately seeks to reopen issues that this Court thoroughly addressed mere months ago.  If granted, the Motion would result in the disclosure of highly confidential information that would seriously impact Apple's ongoing business relations and current and future contract negotiations.  The Court should accordingly reject the Motion as it pertains to the Apple Documents.

## ARGUMENT

As explained in its prior submissions, the Apple confidential information that should remain under seal is clearly commercially and competitively sensitive and should be protected under the six "generalized" factors enumerated in *United States v. Hubbard*, especially considering Apple's non-party status.   650 F.2d 293, 317–22 (D.C. Cir. 1980).[4]  "Protecting an entity's 'competitive standing' through retained confidentiality in business information" is "an appropriate justification for the restriction of public or press access" to confidential commercial information. *State of New York v. Microsoft Corp.*, No. CIV.A. 98-1233 (CKK), 2002 WL 818073, at *1 (D.D.C. Apr. 29, 2002) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

---

[3]   Apple does not contest the public release of UPX617, which has become public due to its release in an unrelated litigation, *Epic Games, Inc. v. Google LLC*, 3:20-cv-05671-JD (N.D. Cal.).

[4]   The six generalized *Hubbard* factors are "(1) the need for public access to the [information] at issue; (2) the extent of previous public access to the [information]; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the [information was] introduced during the judicial proceedings." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (citation omitted).  A court also must consider "particularized" interests that specific contexts make relevant where the generalized factors do not adequately account for such interests.  *Hubbard*.  650 F.2d at 322–24.

Courts recognize that the need for such protection is "especially great" under *Hubbard* "where a third party's property and privacy rights are at issue." 650 F.2d at 319; *see also United States v. ISS Marine Servs., Inc.*, 905 F. Supp. 2d 121, 141 (D.D.C. 2012). And they further recognize that the need for protection is important where parties produce information "in reliance on continuing confidentiality." *Mokhiber v. Davis*, 537 A.2d 1100, 1116 (D.C. 1988) (per curiam). Each of the following categories of Apple-related documents that the Motion seeks to unseal warrant protection under the *Hubbard* factors.

**The 2016 ISA (JX33) and 2014 JCA (JX24).** The first category of Apple Documents the Motion requests to unseal are "the 2016 ISA and other key contracts," including the 2014 JCA. Mot. 8. This Court has already ruled on the appropriate extent of redactions to these documents— and very recently at that. Contrary to The Times' assertions, subsequent public disclosures do not impact the targeted redactions the Court ordered. Both documents are active contracts and the redacted provisions would reveal competitively sensitive information.

As the Court already determined in response to the DOJ's November 6, 2023 motion, the *Hubbard* factors weigh in favor of maintaining the redactions that remain on the public versions of the 2016 ISA and 2014 JCA. The Motion argues that unsealing is warranted because Apple has "not provided concrete justifications for the extensive sealing of these records." Mot. 9. But it ignores Apple's prior briefing on this exact issue, which this Court assessed when it last redacted these documents. *See* Dkt. 767. In its briefing, Apple explained that, as to the first *Hubbard* factor, the redacted provisions are unnecessary for the public to appreciate the core issues in this matter— many of which are far afield from the heart of this case. As such, the public need for the precise language of the agreement that the Motion seeks to unseal is low. Apple also explained that the remaining *Hubbard* factors weigh heavily in favor of retaining the existing redactions, as Apple has a strong interest in maintaining the confidentiality of this information, and Apple—a non-party

to this litigation—would be seriously harmed were the information to be publicly disclosed.  *See*

*Microsoft*, 2002 WL 818073, at *2 (recognizing the harm in disclosing the terms of confidential

contracts to the public, and concluding that such disclosure would result in "clearly defined and

very serious injury" to business interests (quoting *United States v. Exxon Corp.*, 94 F.R.D. 250,

251 (D.D.C. 1981)).  The Court accepted this rationale, particularly concerning the sealed portions

of Apple's arguments in its briefing, Dkt. 767 at 8-10, ordering the redactions that the Motion now

contests, Nov. 14, 2023, PM Tr. at 10217:14–10219:1.

While the Motion points to supposed disclosures in this case and others regarding specific

terms in the 2016 ISA to justify reevaluation of "the 2016 ISA and other contracts, including the

2014 JCA," these disclosures do not warrant any changes to the redactions this Court has already

ordered.  Mot. at 10.  ***First***, the supposed disclosures regarding the 2016 ISA in this case and *Epic*

*Games, Inc. v. Google LLC*, 3:20-cv-05671-JD (N.D. Cal.) (another case to which Apple was not

a party) that the Motion cites have no bearing on the 2014 JCA and should not impact the Court's

prior assessment of that document.  The Times does not argue otherwise.  ***Second***, the version of

the 2016 ISA publicly released in the *Epic Games* trial and appended to the Motion as Exhibit H

features only portions (two pages) of the document that were already unredacted in this case and

therefore has no impact on the redactions this Court already ordered.  ***Third***, while the Motion

points to testimony in this case and the *Epic Games* action to support unsealing the revenue share

provision, that testimony does not warrant disclosure of the precise contract language The Times

seeks, and, in fact, portions of that section have no relation to the testimony the Motion cites.  The

actual contract language should remain confidential for the reasons outlined in Apple's opposition

to the DOJ's November 6, 2023, motion.  *See* Dkt. 767 at 8-10.

**Third-Party Trial Exhibits:**  The second category of Apple documents to which The

Times requests access are "redacted third-party exhibits concerning the relationship between

Google and Apple."  Mot. 11.  The Motion argues that Apple and Google must provide more "specific, concrete justifications for the sealing of these records" because the Court "has observed that this kind of information 'goes to the heart of the case.'"[5]  Mot. 11-12.  However, the Court has already ruled on the proper method for redacting third-party documents.  *See* Dkts. 725, 750.  In its orders, the Court set the procedure for the public release of third-party documents, including documents with confidential information.  The Motion does not—and cannot—argue that Apple has failed to follow the Court-ordered process to provide public versions of its trial documents.  The Motion simply expresses dissatisfaction with the Court's prior rulings, but does not provide any reason (let alone any cognizable reason) for the Court to revisit those very recent rulings.

More fundamentally, the documents to which The Times seeks access were appropriately redacted for confidentiality purposes in the first instance.  These files concern, among other sensitive topics, business plans, product development, and corporate strategy assessments that are clearly confidential under the *Hubbard* factors.  In fact, for each of these documents, the Court already ordered redactions to trial testimony that read verbatim from these exhibits or even substantively discussed their content, and Apple has ensured that all unsealed portions of those exhibits read into the record are unredacted in the public versions.[6]  Any other portions not read into the record or substantively discussed presumptively lack the requisite importance to warrant public disclosure under the *Hubbard* factors, particularly in light of Apple's confidentiality

---

[5]   Notably, The Times fails to note the context of this quote from the trial transcript, which shows that the Court did not state *all* information concerning partnerships should be released.  The Court stated: "I'm talking here about the *testimony concerning potential partnerships* between Microsoft and Apple and DuckDuckGo and Apple, that testimony will be unsealed.  I think it goes to the heart of the case, and *other than the particular deal terms involved*, the prejudice from the disclosure, in my view, does not outweigh the public interest and its purpose of introduction."  Oct. 4, 2023, PM Tr. at 4365:16-22 (emphasis added).

[6]   See discussion of: UPX494 (Sept. 22, 2023, AM Tr. at 2235:14-2242:4), UPX618 (Sept. 22, 2023, AM Tr. at 2280:10-2283:20), UPX625 (Sept. 26, 2023, AM Tr. at 2538:24-2540:7), UPX626 (Sept. 26, 2023, AM Tr. at 2532:11-2538:23), UPX659 (Sept. 22, 2023, AM Tr. at 2242:14-2246:10), UPX1109 (Sept. 26, 2023, AM Tr. at 2487:11-2496:24), and UPX1123 (Sept. 22, 2023, AM Tr. at 2225:17-2230:22).

interest, as outlined below.  Again, the Motion simply represents a renewed attempt to ask for reconsideration of issues this Court has already definitively settled during trial.

Regardless of the propriety of requesting the Court to reconsider sealing decisions it has already made, these documents are plainly confidential and remain appropriate for redactions under the *Hubbard* factors.

- UPX494: The redacted portions of this document include references to confidential Apple business plans and product proposals, as well as obligations under various commercial contracts not at issue in this litigation.  As such, their disclosure would result in competitive harm to Apple.  This Court has already agreed that portions of this document warrant sealing when assessing the public release of the trial transcript to protect Apple from competitive harm.  *See* Sept. 22, 2023, AM Tr. at 2235:14-2242:4.

- UPX618: The redacted portions of this document concern confidential aspects of the Apple–Google relationship and Apple product development plans that do not go to the heart of this litigation, the disclosure of which would result in competitive harm to Apple. This Court has already agreed that portions of this document warrant confidentiality redactions when assessing the public release of the trial transcript to protect Apple from competitive harm.  *See* Sept. 22, 2023, AM Tr. at 2280:10-2283:20.

- UPX625 and UPX626: The majority of the content in these documents was sealed because it reflects confidential business plans and strategies that, if made public, would result in competitive harm to Apple.  This Court has already agreed that portions of this document warrant sealing when assessing the public release of the trial transcript to protect Apple from competitive harm.  *See* Sept. 26, 2023, AM Tr. at 2538:24-2540:7.

- UPX659: The unredacted portions of the public version of this exhibit represent all of the lines not redacted in the Court's public release of the trial transcript.  The redacted portions

of this document either (1) concern confidential Apple business plans and are not relevant to this litigation, or (2) have already been determined to warrant sealing by this Court when assessing the public release of the trial transcript in order to protect Apple from competitive harm.  *See* Sept. 22, 2023, AM Tr. at 2242:14-2246:10.

- UPX1109: This exhibit, which contains numerous attachments not directly relevant to this litigation, includes confidential business information such as revenue figures, agreements with third parties, and business forecasts.  This Court has already agreed that portions of this document warrant sealing when assessing the public release of the trial transcript to protect Apple from competitive harm.  *See* Sept. 26, 2023, AM Tr. at 2487:11-2496:24.

- UPX1123: This exhibit concerns confidential future product plans, the disclosure of which would result in competitive harm to Apple.  This Court has already agreed that portions of this document warrant sealing when assessing the public release of the trial transcript to protect Apple from competitive harm.  *See* Sept. 22, 2023, AM Tr. at 2225:17-2230:22.

The Times also requests access to a list of "third-party exhibits requested by the designated press representative but not yet made available."  Mot. 10.  Included in this list is DX963, a Microsoft document that was briefly referred to in the examination of Apple executive Eddy Cue, and implicates Apple's and Microsoft's confidential information.  While certain parts of this agreement were referenced during Cue's testimony, no sections were publicly displayed or read directly into the record.  Sept. 26, 2024 PM Tr. at 2628:2-2630:16.  Disclosure of the confidential information in this document would disclose to Apple's commercial partners, including Google, and competitors the nature of Apple's obligations to Microsoft, which would in turn harm Apple in its commercial negotiations with Google.  As a result, continued *in camera* status is appropriate for this confidential business document for similar reasons as discussed above in relation to the 2016 ISA and 2014 JCA.

**Exhibits with Information Already Officially Released**: The Times' third category of documents are exhibits that "contain information that has been made public in court proceedings." Mot. 12.  Two Apple documents are implicated here.  *First*, UPX617 was publicly released in *Epic Games, Inc. v. Google LLC*, 3:20-cv-05671-JD (N.D. Cal.), with no redactions to the substance of the email.  Due to this document's public release in *Epic Games*, the Times has access to the information already.  Apple will agree to an identical approach in this case.  *Second*, the Motion points to "[e]xhibits used during expert testimony in open court," including UPX1126.  Apple is unaware of this exhibit being used in open court and has found no reference in the trial transcripts, and The Times provides no citation for its use.  Nonetheless, this document was previously afforded confidential treatment because it would disclose Apple's internal deliberations about business opportunities separate and apart from its commercial relationship with Google that is at issue in this case.  Those concerns remain.

**Expert Reports and "Dated" Trial Exhibits**: The Times also requests "unsealing of the expert reports of Michael Whinston, Jonathan Baker, Antonio Rangel, Mark Israel, and Kevin Murphy," Mot. 15, as well as an order "requir[ing] the parties to justify sealing of trial exhibits that are now dated," Mot. 17.  *First*, regarding the expert reports, to the extent those reports contain confidential non-party information, Apple, as one of the non-parties whose information is disclosed in these expert reports, should have the opportunity to review the reports and propose redactions in accordance with this Court's procedure.  Apple has had no such opportunity. Wholesale unsealing without any input from non-parties, as The Times apparently suggests here, would be inappropriate, particularly before affected parties have even had the opportunity to review the content of the reports and seek necessary protections.  *Second*, regarding "dated trial exhibits," the Motion fails to specify any particular documents for Apple to review for confidentiality purposes.  Rather, the Motion appears to request that the Court impose a new

burden on Apple and other non-parties to proactively review any trial exhibits that are "ten years old," Mot. 17, regardless of whether they were used at trial in any form.  This proposal would impart an undue burden on Apple and other non-parties and should be rejected.

*      *      *

Current redactions to the Apple Documents—the content of which this Court has already ruled on in some form—are narrowly tailored and permit public access to the most relevant portions and those excerpts used with witnesses and publicly disclosed at trial.  Apple would suffer substantial competitive and commercial injury should the portions in dispute be publicly disclosed.  The Times has failed to demonstrate why the Court's original rulings on these documents, mere months ago, should be second-guessed and revisited now.

<h2 style="text-align:center">CONCLUSION</h2>

For the foregoing reasons, the Court should reject The Times' attempt to unseal additional trial exhibits and judicial records.

Dated: February 2, 2024                              Respectfully submitted,

                                                                 /s/ Steven C. Sunshine
                                                                 Steven C. Sunshine
                                                                 D.C. Bar #450078
                                                                 Skadden, Arps, Slate, Meagher & Flom LLP
                                                                 1440 New York Avenue, N.W.
                                                                 Washington, DC 20005
                                                                 (202) 371-7860
                                                                 steve.sunshine@skadden.com

                                                                 Karen Hoffman Lent (*pro hac vice*)
                                                                 Skadden, Arps, Slate, Meagher & Flom LLP
                                                                 One Manhattan West
                                                                 New York, NY 10001
                                                                 (212) 735-3276
                                                                 karen.lent@skadden.com

*Counsel for Non-Party Petitioner Apple Inc.*