IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, et al.,<br><br>          Plaintiffs,<br><br>   v.<br><br>Google LLC,<br><br>          Defendant. | Case No. 1:20-cv-03010-APM<br><br>Judge:    HON. AMIT P. MEHTA |
| State of Colorado, et al.,<br><br>          Plaintiffs,<br><br>   v.<br><br>Google LLC,<br><br>          Defendant. | Case No. 1:20-cv-03715-APM<br><br>Judge:    HON. AMIT P. MEHTA |

**NON-PARTY MICROSOFT CORPORATION'S POSITION STATEMENT ON THE PROPOSED CONFIDENTIALITY MANAGEMENT ORDERS AND THE NEW YORK TIMES COMPANY'S MOTION FOR ACCESS TO JUDICIAL RECORDS**

In response to the New York Times Company's Motion for Access to Judicial Records, ECF No. 800, and the Parties' Joint Status Report, ECF No. 808, non-party Microsoft makes this submission to continue protection of its confidential and commercially sensitive business information.

**I.    Microsoft Objects to Disclosure of Its Documents Sought in the New York Times' Motion for Access to Judicial Records**

Microsoft is not a party to this case. However, throughout the proceedings, non-party Microsoft has produced more than 2.3 million documents and hundreds of gigabytes of data in response to requests by the parties. These documents and data reflect commercially sensitive material related to Microsoft's search and advertising business—information that Microsoft has

ensured is kept confidential. This includes detailed information regarding internal strategies, non-public financial information, and sensitive commercial negotiations.

Microsoft recognizes the critical role that open courts and open access play in our judicial system. Consistent with that recognition, Microsoft waived its confidentiality protection over numerous documents, allowing them to be made public over the course of the trial. Ultimately, Microsoft designated roughly half of the documents for which it received notice as less than fully confidential. For those that were designated confidential, Microsoft worked with the Parties to coordinate effective public testimony that protected Microsoft's commercially sensitive information, yet allowed the public to understand Microsoft's relevance to the Parties' claims and defenses. The New York Times seeks to undo Microsoft's careful efforts to rightly maintain the confidentiality of that sensitive information as to more than twenty exhibits of documents produced by Microsoft (the "Requested Exhibits").[1]

Weighed against Microsoft's interest in the protection of non-public, commercially sensitive information to which Microsoft has objected to disclosure, neither *Hubbard* factors one nor six are sufficient to warrant granting the New York's Times' motion. The Court should deny the New York Times' motion as to the Requested Exhibits.

### A. The *Hubbard* Factors Weigh Against Disclosing the Requested Exhibits

In evaluating requests to protect documents from public disclosure, courts consider the six *Hubbard* factors: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents

---

[1] *See* Decl. of Al-Amyn Sumar, Ex. A, ECF No. 800-4. Microsoft does not object to the disclosure of DX0423 and DX2013. Microsoft maintains its objection to the remaining Requested Exhibits.

were introduced during the judicial proceedings. *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (citations omitted)).

As this Court has recognized, non-parties, like Microsoft, have a strong interest in "maintaining the confidentiality of their proprietary business information" and while there is a presumption favoring public access, "the right of public access . . . is not absolute." *See FTC v. Sysco Corp.*, 15-cv-00256 (APM), ECF No. 206 at 1 (D.D.C. Aug. 4, 2015); *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663, 665 (D.C. Cir. 2017) (quoting *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980)). And as the Court made clear during trial, "[w]hat the public has a right of access [to is] *the portions of records that are presented at trial* [and] that are likely to be part of the evidence that the Court will consider. Just because a case comes to trial and there's public interest in the trial and there are documents introduced, does not mean that all of those documents in their entirety become public records," and "[t]o the extent a document is being put on a public website, *it is [the] relevant portions of a document presented at trial*."[2]

Consistent with and guided by these principles, and subject to the Court's orders and guidance, Microsoft worked diligently with the Parties to assess requests both as to the publishing of Microsoft documents and their provision in response to requests from the New York Times and other press outlets. Where Microsoft objected to such requests, it did so because the *Hubbard* factors weighed against disclosure.[3] The Requested Exhibits are commercially sensitive to Microsoft, and thus rightly kept confidential, and the Parties and the Court were careful in ensuring

---

[2] *See* Tr. 3444:20-3445:8; 3451:8-13 (emphasis added).

[3] Additionally, while a limited group of Requested Exhibits predate 2018, the fact the documents are older does not, on its own, require their disclosure. Rather, where—as in this instance—that information would still disclose commercially sensitive information that could today be used to Microsoft's detriment, Microsoft has the right to ensure that that information is appropriately sealed. *See Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (finding that information nearly a decade old still merited sealing).

those exhibits were not publicly presented or substantively discussed during public testimony, while still providing sufficient context for the public to understand the testimony and issues in the case. What the New York Times seeks are those exhibits, or portions of them, that were *not* presented and that the Parties and witnesses took great care to avoid presenting. As further detailed below, the *Hubbard* factors do not weigh in favor of the Court ordering disclosure of the Requested Exhibits.[4]

### i. There is No Need for Public Access to the Requested Exhibits Sufficient to Outweigh Microsoft's Objection to the Disclosure of its Commercially Sensitive Information

As the "presumption in favor of public access to court documents is based on 'promoting the public's understanding of the judicial process[,]' where the information at issue is not necessary to the public's understanding, the public has a 'minimal interest in [that] information.'" *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013); *see also*, *e.g.*, *Syngenta Crop Prot., LLC v. Willowood, LLC*, No. 1:15-CV-274, 2017 WL 6001818, at *7 (M.D.N.C. Dec. 4, 2017) (finding that, where the relevant information is clear from reading the testimony, access to the exhibits themselves is not necessary). Here, the New York Times cannot plausibly claim a need for the Requested Exhibits under the first *Hubbard* factor in light of the extensive, public testimony from Microsoft witnesses in this case.

At the Court's direction, Microsoft worked with the Parties during trial to facilitate largely open-court testimony, even on commercially sensitive topics. When necessary, this was done by presenting and publicly displaying only certain, non-confidential portions of exhibits and by

---

[4] DX0963 is unique among the exhibits to which the New York Times has requested access as Microsoft was not previously notified of its use at trial. Contrary to the New York Times' identification of Microsoft as the objecting third party for DX0963, Microsoft has not received any notice related to DX0963. Based on available information, including the unsealed testimony of Mr. Eddy Cue, it is clear that DX0963 was produced by Apple. As such, and while the exhibit may implicate Microsoft's commercially sensitive information that should not be disclosed, Microsoft cannot opine on the appropriateness of disclosure.

4

eliciting testimony about the substance of commercially sensitive, confidential documents while avoiding displaying, or eliciting testimony about, protected material. The approach enabled the public to understand Microsoft's relevance to the Parties' claims and defenses while still protecting Microsoft's commercially sensitive information.

For example, UPX0116, UPX0246, UPX0301, UPX0736, and UPX0797 each contain detailed, confidential, and commercially sensitive information, including detailed modeling, concerning Microsoft's negotiations with Apple and Samsung for greater access to search access points in those companies' products. Microsoft historically has pursued, and may continue to pursue, search distribution with Apple, Samsung, and other companies. As such, the details of those negotiations continue to be commercially sensitive, and the public disclosure of these confidential documents would prejudice Microsoft's negotiating position in the future. Such a disclosure would invite both the parties with whom Microsoft negotiates as well as competitors into Microsoft's strategic negotiations. More specifically, disclosure would provide counterparties unfair insight into Microsoft's negotiating posture towards, and the feedback Microsoft received from, Apple and Samsung, prejudicing Microsoft's ability to effectively compete for future distribution opportunities. Yet, the Parties were able to elicit substantially all of the testimony related to these documents in open session, including during testimony by Mr. Nadella and Mr. Tinter. Importantly, this testimony was conducted carefully to allow questions about the exhibits' substance while shielding the specifics from public disclosure; in other words, to preserve the very balance *Hubbard* envisions: ensuring the public has access to information necessary to understand the case without sacrificing the legitimate confidentiality concerns about commercially sensitive information.

Similarly, DX0500 and DX0500A contain a confidential email and attachment. These exhibits outline Microsoft's commercially sensitive, non-public, and unreported estimated profits and losses for its Search, Ads, and News business unit and comparative Google search investments. This information remains particularly sensitive to Microsoft's business, as the public disclosure of either the estimated profitability of Microsoft's search business or its level of investment could allow competitors and other industry players unfair insight. Microsoft consistently has treated such information as confidential and commercially sensitive, does not release it publicly, and has worked with the Parties to ensure testimony on these documents—all of which took place in open session—did not reveal commercially sensitive details.[5] After taking pains *not* to present this testimony in a way that would compromise those sensitivities, it defies fairness and logic to contend that these exhibits should now be swept into the public sphere.[6]

Given the business risks posed by the public disclosure of the Requested Exhibits and the clear, extensive public testimony the Parties solicited from Microsoft witnesses,[7] the balance of the *Hubbard* factors weigh in favor of denying the New York Times' request for their disclosure.

### ii. The Limited Scope of Use for Many of the Requested Exhibits Also Weighs Against Disclosure

With sufficient context available for the public to understand issues raised by the Requested Exhibits, their disclosure would be both disproportionate to their evidentiary value and/or implicate commercially sensitive information.

---

[5] *See*, *e.g.*, Tr. 3562:3-3564:14.

[6] Other properly confidential and commercially sensitive exhibits for which Microsoft ensured clear public testimony include, e.g., DX0452, DX0466, DX0472, DX0535, DX0524, DX0680, DX0533, DX0538, and DX0688.

[7] Due to their sensitivity, DX0434, DX0454, DX0457, and DX0679 were used in closed session only. However, Microsoft—with limited exceptions—has not requested that the related testimony remain sealed. Access to the relevant portions of Mr. Tinter's testimony is more than sufficient to meet the need for the public to understand the issues in the case without disclosing the additional, detailed, commercially sensitive information in the exhibits.

For example, DX0688 is a confidential email chain on which Mr. Parakhin was asked only a few brief questions related a fraction of a sentence related to the size of the engineering team for Bing compared to that of Google.[8] To the extent information from DX0688 is needed to understand the relevance of the document, that information is readily apparent from the transcript and does not require disclosure of DX0688 itself, which otherwise reflects assessments of a specific employee's performance as well as other commercially sensitive information about Microsoft's business and strategy. As such, the *Hubbard* factors cannot weigh in favor of disclosure.[9]

Similarly, PSX00761 is a confidential agreement entered into by Microsoft and Google in April 2016. It was entered into evidence solely to establish that Microsoft and Google had a process for executive-level discussions.[10] The substance of resulting discussions between Microsoft and Google were the subject of significant public testimony. Conversely, the agreement itself, and even the specific provisions outlining the dispute resolution process, would offer no further insight into the Parties' claims and defenses.

Given the limited use of the aforementioned Requested Exhibits, the extensive amount of sensitive or otherwise non-public information at risk, and—again—the amount of clear, public testimony on the pertinent issues, the balance of the *Hubbard* factors weighs in favor of denying the New York Times' motion for their disclosure.

---

[8] *See* Tr. 2752:15-2754:4.

[9] Other Requested Exhibits for which testimony was tightly constrained relative to the commercially sensitive substance of the exhibits themselves, or for which questioning was conducted on only discrete portions of individual documents include, *e.g.*, DX0455, DX0501, and DX0673. *See*, *e.g.*, Tr. 3323:15-3333:20 (discussing DX0455); Tr. 3652:16-3654:13 (discussing DX0501); and Tr. 3647:13-3652:15 (discussing DX0673).

[10] *See* Tr. 3084:2-7.

## II.  Microsoft Supports Google's Proposed Confidentiality Management Order

Microsoft has reviewed the Parties' proposed Confidentiality Management Orders. In light of the extensive negotiations Microsoft conducted with the Parties concerning the confidentiality of its documents, Microsoft believes that the approach proposed by Google is most appropriate.

The process outlined in Google's proposed order will eliminate unnecessary re-review of exhibits for which good-faith confidentiality assessments have been made and are unlikely to change, protect the confidentiality of Microsoft documents cited in further submissions to this Court, and ensure a streamlined and efficient process for proposing related redactions. Plaintiffs' proposal for broad re-review of exhibits undermines the extensive negotiations to date. Moreover, Plaintiffs' proposal for staggered and overlapping confidentiality review periods of the Parties' post-trial filings would be overly burdensome and inefficient, particularly given the business input required to make those determinations, the time-intensive business disruptions from such requests, and the significant resources invested to date addressing such questions.

## CONCLUSION

For the foregoing reasons, Microsoft respectfully requests that the Court deny the New York Times' motion with respect to Microsoft's documents and accept Google's proposed Confidentiality Management Order.

Dated: February 2, 2024          Respectfully Submitted,

*/s/ Amy W. Ray*
Amy W. Ray (DC Bar No. 489086)
Allen Davis (DC Bar No. 1045657)
Orrick, Herrington & Sutcliffe LLP
1152 15th Street, NW
Washington, DC 20005
amyray@orrick.com
allen.davis@orrick.com

Mark Parris (*pro hac vice*)

Orrick, Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, WA 98101
mparris@orrick.com

Vincent Cohen (DC Bar No. 471489)
John A. Jurata, Jr. (DC Bar No. 478602)
Amisha R. Patel (DC Bar No. 1005420)
Dechert LLP
1900 K Street, NW
Washington, DC 20006
vincent.cohen@dechert.com
jay.jurata@dechert.com
amisha.patel@dechert.com

Matthew L. Larrabee (*pro hac vice*)
Dechert LLP
3 Bryant Park
1095 Ave. of the Americas
New York, NY 10036
matthew.larrabee@dechert.com

Russell P. Cohen (*pro hac vice*)
Dechert LLP
One Bush Street, Suite 1600
San Francisco, CA 94104
russ.cohen@dechert.com

Martin J. Black (*pro hac vice*)
Julia E. Chapman (*pro hac vice*)
Dechert LLP
2929 Arch Street
Philadelphia, PA 19104
martin.black@dechert.com
julia.chapman@dechert.com

*Attorneys for Non-party*
*Microsoft Corporation*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2024 the foregoing document was electronically submitted with the clerk of the court for the United States District Court, District of Columbia, using the electronic case file system of the court. The electronic case file system sent a "Notice of Electronic Filing" to all counsel of record.

*/s/ Amy W. Ray*
Amy W. Ray