# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-3010 |
| v. | HON AMIT P. MEHTA |
| GOOGLE LLC, | |
| Defendant. | |

| | |
|---|---|
| STATE OF COLORADO, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-3010 |
| v. | HON AMIT P. MEHTA |
| GOOGLE LLC, | |
| Defendant. | |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE NEW YORK TIMES COMPANY'S MOTION FOR ACCESS TO JUDICIAL RECORDS**

1

The New York Times Company ("The Times") files this reply memorandum in further support of its motion for access to judicial records that are sealed or have otherwise not been made publicly available.

## PRELIMINARY STATEMENT[1]

The briefs filed in opposition to The Times's motion reflect a fundamental misunderstanding of the right of access to judicial records and proceedings. Microsoft seeks credit for "allowing [documents] to be made public over the course of the trial," Microsoft Br. at 2, failing to acknowledge that public access to those documents is a right, not a privilege, *see* NYT Br. at 4-5. Google and Apple suggest that no further unsealing is required here because the companies adhered to "the Court's orders on posting trial materials," Google Br. at 1; Apple Br. at 2, as if the law did not require the Court to make a subsequent, independent determination about the propriety of sealing, *see* NYT Br. at 4-5. And when the companies make attempts to justify the sealing, they fall short of their burden to provide "specific reasons why the record, or any part thereof, should remain under seal." *Id.* at 4-5 (cleaned up).

The Times's motion, which is largely supported by Plaintiffs, *see* JSR at 17-19, should be granted. The Times also respectfully requests that the Court expeditiously resolve the motion and provide The Times with an opportunity to be heard at the upcoming status conference on March 11, 2024.

---

[1] This brief uses the following abbreviations: "NYT Br." for The Times's opening brief in support of the instant motion (Dkt. 800-1); "Sumar Decl." for the declaration of Al-Amyn Sumar submitted in support of the instant motion (Dkt. 800-3); "JSR" for the joint status report filed by the parties on January 26, 2024 (Dkt. 808); "Apple Br." for the brief submitted by Apple in opposition to the instant motion (Dkt. 812); "Google Br." for the brief submitted by Google in opposition to the instant motion (Dkt. 813); "Microsoft Br." for the brief submitted by Microsoft in opposition to the instant motion (Dkt. 814); "Lee Decl." for the declaration of Sang Eun Lee filed on October 17, 2023 (Dkt. 734-3).

# ARGUMENT[2]

I. **The Court Should Unseal the 2016 ISA and Other Key Contracts**

Google and Apple say that the Court need not "reconsider" redactions to six key contracts The Times has sought to unseal. Google Br. at 3; *see* Apple Br. at 4. In reality, (1) the Court has not independently assessed the propriety of most of the sealing in these agreements, and (2) it has not yet considered whether disclosures made at trial and in a separate proceeding against Google mean previously sealed portions can now be unsealed. And even now, Google and Apple have not carried their burden to justify the extensive sealing in these agreements, including to portions of the documents "not reviewed for confidentiality." *See* NYT Br. at 5-8; *see id.* at 8 (noting that the burden is to show that disclosure would cause competitive harm). For their part, Plaintiffs support The Times's motion to unseal the six contracts, with the sole exception of "current revenue shares or those in effect within the prior 7 years that have not [been] previously disclosed publicly." JSR at 17. But to that exception Plaintiffs add an important caveat: "To the extent a non-party's current revenue shares have been disclosed, Plaintiffs object to redacting historic revenue shares, as disclosure of such information would not injure the parties to such an agreement." *Id.*

Google and Apple have failed to justify the sealing of these specific agreements:

<u>JX37 and JX71 (Google-Samsung agreements):</u> Here Google points to a four-page declaration by a Google employee originally filed in August 2023. Google Br. at 2 (citing Lee Decl. ¶¶ 5-8). Yet that declaration says nothing at all about JX37, a 2017 agreement between Google and Samsung that is apparently no longer operative. To The Times's knowledge, that

---

[2] In its motion The Times asked that the Court provide the public with notice and opportunity to be heard before closing the courtroom for closing arguments, but the parties have since clarified that they will not request closure. *See* JSR at 9.

agreement has not been released to the public, even in redacted form. As to JX71, a 2020 agreement between the companies, the declaration serves up only high-level claims about the need for sealing rather than meaningful justifications about the specific provisions at issue. *See* Lee Decl. ¶ 8. Those are insufficient. *See* NYT Br. at 9. In any case, the disclosure of the revenue share in the 2020 agreement (16%) during trial in Epic's case against Google eviscerates any claim that continued confidentiality is warranted. NYT Br. at 10; Sumar Decl. Ex. J.

JX91 (Google-AT&T agreement): As to this agreement, which to The Times's knowledge has not been released to the public in any form, Google relies on the same declaration mentioned above, which again makes only broad claims about the purported harm to Google from disclosure of the agreement. Lee Decl. ¶¶ 5-7. That is insufficient to justify sealing. *See Delta Air Lines, Inc. v. Bombardier, Inc.*, 462 F. Supp. 3d 354, 358 (S.D.N.Y. 2020) (finding "no support for Delta's conclusory assertions that all of the proposed redactions . . . are necessary to avoid causing either party competitive harm").

JX99 (Google-Motorola agreement): Google does not point to anything in the record to justify the sealing of this agreement, which has not been released to the public in any form. It should be unsealed.

JX24 (the "2014 JCA") and JX33 (the "2016 ISA"): Notwithstanding Google's and Apple's claims to the contrary, Google Br. at 2-4; Apple Br. at 4-5, the Court has not opined on the appropriateness of most of the redactions to these agreements. Much of the sealing has been applied to portions of the agreements "not reviewed for confidentiality," and The Times has already explained why a right of access applies to those portions of the contracts. NYT Br. at 5-8; *see also United States v. James*, No. 21-cr-28-12, U.S. Dist. LEXIS 235358, at *2-3 (D.D.C.

Aug. 23, 2021) (Mehta, J.).³ The Court has also not decided on the sealing of some portions of the agreements that *were* reviewed by the parties for confidentiality. Google and Apple have not made the necessary specific showing that disclosure of these portions of the agreements would cause competitive harm. *See* NYT Br. at 8.

The Times acknowledges that, at trial, the Court approved of certain narrow redactions to the 2014 JCA and 2016 ISA. *See* Nov. 14, 2023, PM Tr. at 10215:19-24, 10217:14–10218:21. But the continuing propriety of those redactions is now dubious at best because the revenue share in the 2016 ISA (36%) has been made public. *Id.* at 4. Indeed, the redactions the Court upheld in the two agreements (in section 4 of the 2016 ISA and section 1 of the 2014 JCA) pertain solely to revenue sharing. And though Apple refers to the 2014 JCA as an "active contract[]," Apple Br. at 4, it appears that the specific provisions of the agreement at issue here were superseded by the 2016 ISA. So all of these redactions, too, should be lifted.

Finally, Apple chides The Times for "ignor[ing]" its prior briefing on the need to seal these two agreements, Apple Br. at 4-5 (citing Dkt. 767), even though that briefing is not publicly accessible. That briefing should be unsealed, and to the extent the Court intends to rely upon it, it should give The Times an opportunity to respond.

---

³ In *James*, this Court granted a press coalition's application for access to video exhibits submitted by the Government in support of a motion to reopen the defendant's detention hearing. 2021 U.S. Dist. LEXIS 235358, at *8-9. The Court found that a right of access applied to the exhibits even though "the court's ultimate decision denying the government's request to reopen did not rest on the contents of the videos themselves." *Id.* at *1-2. Notably, the Court also acknowledged that the access right extends to the entirety of the document intended to influence the court — as the defendant put it, "arguably every part of every pleading and every exhibit to every pleading." *Id.* at *2 (cleaned up).

II.     **The Court Should Unseal Third-Party Trial Exhibits**[4]

The Microsoft Exhibits: Microsoft now concedes that it has no basis for withholding two of the requested exhibits, DX0423 and DX2013. *See* Microsoft Br. at 2 n.1. As to the remaining 25 exhibits, Microsoft puts in no factual showing to justify its claims of harm, and its legal arguments fall short of what must be shown to overcome the weighty right of public access to trial exhibits.

None of Microsoft's assertions of harm from disclosure are supported by affidavit evidence, as is required. *See, e.g.*, *Apple Inc. v. Samsung Elects. Co.*, 727 F.3d 1214, 1223 (Fed. Cir. 2013) (allowing sealing of exhibits based on declarations from Apple and Samsung employees that explained, among other things, "the harm [the companies] would suffer if their product-specific financial information were made public and therefore available to their competitors and suppliers"); *In re Reps. Comm. for Freedom of Press*, 773 F.2d 1325, 1339 (D.C. Cir. 1985) (finding that Mobil made a prima facie case for sealing where its claim that "disclosure of the material would be likely to injure its competitive standing" was "supported by . . . affidavit"); *A.I.G. Agency, Inc. v. Am. Int'l Grp., Inc.*, No. 17-cv-1502, 2023 U.S. Dist. LEXIS 165212, at *5 (E.D. Mo. Sept. 18, 2023) (denying parties' motions to seal business information on the ground that they "provided no evidence and only generic justifications"). Instead, Microsoft hopes that its broad-sweeping legal arguments will justify the sealing. That strategy fails. For some exhibits, Microsoft does not even bother to explain how disclosure would result in competitive harm. *See, e.g.*, Microsoft Br. at 6 n.6 (stating that nine exhibits are simply "confidential and commercially sensitive"). For others, Microsoft makes broad-brush

---

[4] The Times also seeks release of DX1036, a document provided by third party Branch. *See* Sumar Decl. Ex. A. Plaintiffs do not oppose that request. *See* JSR at 17.

5

assertions about the sensitivity of the documents. *See, e.g., id.* at 5 (claiming that release of five exhibits would "prejudice Microsoft's negotiating position in the future). What is missing is any factual declaration to support such alleged harm, and that is fatal to Microsoft's case.

Microsoft also claims that the requested exhibits "were not publicly presented *or substantively discussed* during public testimony." *Id.* at 4 (emphasis added). In fact, some of them were. *See, e.g.*, Oct. 2, 2023, AM Tr. at 3556:16–3558:11 (discussing contents of DX524); Sept. 27, 2023, AM Tr. at 2753:7–2755:13 (discussing contents of DX688). But that is beside the point. Whether or not the documents were shown or "substantively discussed" in open court, they are trial exhibits submitted to the Court to influence its adjudication of the dispute and are therefore subject to a weighty presumption of access. *See* NYT Br. at 4-8.

Microsoft then goes on to say that The Times "cannot plausibly claim a need" for the exhibits given the "extensive, public testimony" by Microsoft witnesses. Microsoft Br. at 4. That gets the law backwards: "the burden is instead [Microsoft's] to demonstrate the *absence* of a need for public access because the law presumes that the public is entitled to access the contents of judicial proceedings." *United States v. ISS Marine Servs.*, 905 F. Supp. 2d 121, 140-41 (citing *Hubbard*, 650 F.2d at 314-15). And Microsoft's argument turns against itself. If the exhibits contain only information already made public by Microsoft witnesses, their release could do no harm to Microsoft. On the other hand, if the exhibits contain information not already made public, there <u>is</u> a need for access, and Microsoft would have to justify the sealing, which it has not done.

The Apple Exhibits: Apple's arguments fail for similar reasons. Like Microsoft, it has not even attempted to support its assertions of competitive harm from disclosure with affidavit or other evidence. *See generally* Apple Br. at 5-8. Apple also says the Court approved of some of

6

the sealing in these documents when it upheld redactions to portions of the trial transcripts discussing these records. *Id.* at 6. Yet it does not dispute that the sealing in these exhibits goes beyond the redactions in the trial transcripts. And as to the transcript redactions the Court has already approved, The Times submits that the Court should revisit these with the benefit of evidence from Apple — provided on the public record, and to which The Times would have an opportunity to respond — about the harms from disclosure.

### III. There Is No Colorable Reason to Maintain the Sealing of Documents Containing Information Already in the Public Domain

Contrary to Google's contention, the release of information into the public domain does not satisfy the burden for unsealing; rather, it amplifies it. It is inexplicable that documents remain under seal here when they have either been released in another proceeding or discussed in open court in this case. NYT Br. at 12-13. And while Google contends that "no further order is required in response to the Times' contentions regarding information subsequently released in another case," Google Br. at 1-2, that assertion misunderstands the law of public access. Once information is officially released elsewhere, parties cannot justify its continued sealing. *Hubbard*, 650 F.2d at 318.

The extensive disclosures in *Epic Games, Inc. v. Google LLC*, 3:20-cv-5671-JD (N.D. Cal.) — identical to documents that remain under seal here — provide the most obvious basis for further unsealing. NYT Br. at 12-13. Google does not dispute that some of the material sealed here was released in that case, but claims that unsealing is not necessary because Google "does not intend to use a more heavily redacted version of a document" that has been released. Google Br. at 4. That is not a legitimate basis for sealing judicial records. *See* NYT Br. at 12-13.

7

As to the exhibits discussed in open court in this case,[5] Google concedes that one is subject to public access (UPX6024), but appears to believe the other exhibits it produced (UPX929, UPX1100, and exhibits excerpted in PSX314) are not because they were not "used with a witness at trial." Google Br. at 4. Yet UPX929 and UPX1100 were extensively discussed in on-the-record sessions of open court and ultimately admitted into evidence. *See* Nov. 9, 2023, AM Tr. at 9641:10–9642:12 (UPX929), 9650:6-9651:20 (UPX1100). They should be unsealed. *See In re Bard IVC Filters Prods. Liab. Litig.*, No. 15-mdl-2641, 2019 U.S. Dist. LEXIS 6124, at *268-69 (D. Ariz. Jan. 14, 2019) ("[E]xhibits that are not openly displayed or discussed in court, but are admitted into evidence . . . become, simply by virtue of that event, judicial records subject to the public right of access." (cleaned up)); Sept. 19, 2023, PM Tr. at 1576:2-3 ("[O]nce [an exhibit is] in evidence, it's a presumptively public record."). The same goes for exhibits excerpted in PSX314, a demonstrative shown in open court.

## IV. The Depositions Submitted Directly to the Court Should Be Made Public

The Times's request for the five depositions played at trial is no longer at issue, as they have been publicly docketed. *See* Google Br. at 5. But The Times renews its request for the deposition testimony of two unidentified witnesses who were slated to testify in open court but were unable to, which was instead submitted directly to the Court. *See* NYT Br. at 14. There is

---

[5] Of the eight exhibits originally sought by The Times, *see* NYT Br. at 13, Google says it produced only six, Google Br. at 4. The two other exhibits, UPX892 and DX469 (misidentified by The Times as UPX469 in its opening brief), are Microsoft's documents and were used in questioning Douglas W. Oard during his November 15, 2023, expert testimony. *See* Nov. 15, 2023, PM Tr. at 10408:1–10413:20 (UPX892), 10416:17–10419:25 (DX469). Microsoft does not address these documents in its brief. They should also be unsealed.

Separately, The Times withdraws its requests for UPX050 and UPX1126, which were based on exhibit numbers that were misstated in court. The appropriate exhibits (UPX570 and UPX1128) have been properly released.

no reason this testimony would not be a judicial record subject to access, given its submission to influence the Court's decisionmaking. *See CNN, Inc. v. FBI*, 984 F.3d 114, 118 (D.C. Cir. 2021).

V. **The Expert Reports and Summaries Are Judicial Records Subject to the Right of Access, Regardless of Their Ultimate Weight in the Court's Decision**

Google's objections to the unsealing of expert reports are rooted in a misunderstanding about the presumption of access. The basic rule in this Circuit is straightforward: "If the goal in filing a document is to influence a judge's decisionmaking, the document is a judicial record." *CNN, Inc.*, 984 F.3d at 118. And here, it is unclear why the parties would have submitted to the Court the expert reports — and their summaries — if their purpose was not to influence the Court's decisionmaking. As this Court put it: "we're just getting to that point where anything that's being directly submitted to me is something that weighs heavier on the *Hubbard* factor scale in terms of public disclosure." Feb. 12, 2024, Status Conf. Tr., Dkt. 832 at 6:13-16. Put simply, it is the purpose for which documents are submitted to a court, rather than the ultimate weight accorded to them by the court, that determines the right of access.

For this reason, Google's basis for opposing the unsealing of docketed expert reports is especially dubious. These documents were not merely docketed for the sake of docketing, but were submitted in support of dispositive motions. The case law is clear: the right of access extends to documents submitted in support of summary judgment and *Daubert* motions. NYT Br. at 15; *see also id.* 15 n.7 (collecting cases). For this reason, among others, it is unsurprising that the "Plaintiffs support The Times' motion to unseal portions of expert reports filed on the docket." JSR at 18. Google's assertion that these dispositive motions drew on "only specific excerpts that made up a very small fraction of the reports," Google Br. at 8, is also inapposite given the D.C. Circuit's declaration that "every part" of a document "filed to influence a judicial decision" is subject to the right of access. *CNN, Inc.*, 984 F.3d at 118 (quoting *League of Women*

9

*Voters of the United States v. Newby*, 963 F.3d 130, 136 (D.C. Cir. 2020)); *James*, 2021 U.S. Dist. LEXIS 235358, at *1-3.

Moreover, any expert reports and summaries thereof that were not docketed but were otherwise submitted to influence the Court are also judicial records subject to the right of access. *See* CMO, Dkt. 108-1 at 5. Even the DOJ concedes: when reports and summaries are submitted to the Court pursuant to a court order, it is difficult to imagine that they are not, to at least some degree, submitted "to influence [the] judge's decisionmaking." *CNN, Inc.*, 984 F.3d at 118; *see* JSR at 19 ("With respect to the expert reports and summaries solely submitted to the Court . . . these materials constitute judicial records as they were submitted to and 'intended to influence' the Court. As such, Plaintiffs agree that such reports or summaries may be made public applying the *Hubbard* factors." (cleaned up)). These summaries are indisputably judicial records, whether or not the Court ultimately relies on them. *James*, 2021 U.S. Dist. LEXIS 235358, at *1-2.

The Times does not oppose Plaintiffs' and Apple's request that the parties and relevant third parties have an opportunity to review and redact the expert reports for truly sensitive information, JSR at 19; Apple Br. at 9, in line with the Court's standard practice for access during trial, but asks that this process be completed within a reasonable timeframe.

## VI.     The Court Should Unseal Dated Trial Exhibits

Apple and Google oppose The Times's request that the Court unseal dated trial exhibits (*i.e.*, exhibits more than ten years old at the time of The Times's motion), but again evince a misunderstanding of the public right of access. Google says it already "accounted for the age of the information at issue" in the exhibits, Google Br. at 8, but its judgment about the need for sealing is no substitute for the Court's independent determination on that issue. To the extent Google believes dated trial exhibits contain sensitive business information, *see id.* at 8-9, it must

10

make that showing for specific documents. For its part, Apple complains about the "burden" of having to review dated trial exhibits, Apple Br. at 10, even though that burden is imposed not by The Times but by the law. *See* NYT Br. at 4-5.

## VII. The Court Should Resolve The Times's Motion Expeditiously

Though the Court has noted that The Times's motion takes "secondary status" to the parties' process of filing public, redacted versions of their post-trial submissions, Feb. 12, 2024 Status Conf. at 32:23-33:1, The Times asks that the Court resolve this motion expeditiously, *see, e.g.*, *Lugosch v. Pyramid Co.*, 435 F.3d 110, 126-27 (2d Cir. 2006) ("Our public access cases and those in other circuits emphasize the importance of immediate access where a right to access is found.") (collecting cases). In particular, The Times asks that the Court promptly resolve its request for unsealing of the six contracts and third-party exhibits, so that the public has the benefit of the additional information in advance of closing arguments in May. As noted above, The Times also asks for an opportunity to be heard on its motion at the status conference scheduled for March 11, 2024. *See* Min. Order (Feb. 15, 2024).

## CONCLUSION

For the foregoing reasons, the Court should grant The Times's motion for access to judicial records that are sealed or have otherwise not been made publicly available.

Dated: February 23, 2024        Respectfully submitted,

/s/ *Al-Amyn Sumar*
Al-Amyn Sumar (#1614655)
David McCraw (#NY0200)
Dana R. Green (#1005174)
The New York Times Company
1627 I Street NW, Suite 700
Washington, DC 20006
Telephone: (646) 306-4201
Facsimile: (212) 556-4634
al-amyn.sumar@nytimes.com
mccraw@nytimes.com
dana.green@nytimes.com

*Counsel for The New York Times Company*