IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*,<br><br>                    Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                    Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |

| | |
|---|---|
| State of Colorado, *et al.*,<br><br>                    Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                    Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**DEFENDANT'S RESPONSE TO PLAINTIFFS'**
**MOTION TO TAKE JUDICIAL NOTICE**

Plaintiffs' motion seeks to use judicial notice in a highly unorthodox manner, by asking the Court to take notice of disputed and misleading "facts" drawn from two trial exhibits introduced in *Epic Games, Inc. v. Google, LLC*. Beyond being untimely—the relevant excerpts from the exhibits and the surrounding testimony were publicly reported contemporaneously with their introduction in the *Epic* trial on November 9, 2023—Plaintiffs' request flouts both the letter and the spirit of the law regarding judicial notice. If litigants were able to proceed as Plaintiffs seek to do here, many of the rules surrounding the submission of evidence at trial and in hearings

1

would be rendered moot and dockets would be flooded with one-sided requests for judicial notice. That is not the way litigation works, and for good reason. As the rules surrounding judicial notice (and the rules of evidence more generally) recognize, context matters, and that is what evidentiary hearings and trials are for. The Court should deny Plaintiffs' thinly-veiled request to reopen the record and bypass the rigors of trial procedure.[1]

## ARGUMENT

Federal Rule of Evidence 201(b) provides, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Advisory Committee's note to the 1972 proposed rule clarifies that, "the tradition has been one of caution in requiring that the matter be beyond reasonable controversy[,]" and that this "circumspection appears to be soundly based." Fed. R. Evid. 201 advisory committee's note to 1972 proposed rule. The note emphasizes the importance of using "trial-type procedure" for disputes of adjudicative facts because "taking evidence, subject to cross-examination and rebuttal, is the best way to resolve controversies" and is "key to a fair trial." *Id.* "The rule proceeds upon the theory that these considerations call for dispensing with traditional methods of proof only in clear cases." *Id.*

By bringing this motion after the close of trial, Plaintiffs are contravening the purpose of Rule 201 and depriving Google of the "opportunity to use the appropriate weapons (rebuttal evidence, cross-examination, and argument) to meet adverse materials that come to the tribunal's

---

[1] Google will address what Plaintiffs describe as their "allegations that Google abused privilege and hid documents relevant to the issues in this case" (Mot. at 2) in its responsive post-trial submission. Suffice it to say, Plaintiffs' contentions find no basis in the trial record, and their request for sanctions finds no support in the law.

2

attention." Fed. R. Evid. 201 advisory committee's note to 1972 proposed rule. Because a "high degree of indisputability is the essential prerequisite," *id.*, Plaintiffs cannot meet the standard in Fed. R. Evid. 201(b) merely by showing that a document was admitted into evidence in a related proceeding. *See* 21B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 5106.2, n.37 (2d ed. 2023) ("Court records are not subject to reasonable dispute only within a narrow range; e.g., when they record judicial action such as granting or denying a motion."). *Hurd v. D.C.*, cited by Plaintiffs (Mot. at 2), is instructive here: the D.C. Circuit recognized that even if a party agrees that a document introduced in a prior case is authentic, it "is a far cry from agreeing that those documents present a full or fair picture of a matter a party has a right to dispute in a later case[,]" noting that this is especially true where the factual issues are "highly contextual." 864 F.3d 671, 686 (D.C. Cir. 2017) (vacating the district court's opinion and remanding, partly because the district court improperly took judicial notice of court records from another case and relied on those records for the truth of the matter asserted).[2]

---

[2] None of Plaintiffs' cited cases supports their request here. Plaintiffs cite *Free Speech for People v. Fed. Election Comm'n*, Mot. at 3, in which this Court takes judicial notice of admissions in a non-prosecution agreement and a guilty plea. 442 F. Supp. 3d 335, 340 n.2, 343-44 (D.D.C. 2020). Guilty pleas, however, are specifically recognized as "indisputable" when it comes to judicial notice, in contrast to Plaintiff's skewed representations here. *See In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 468 (6th Cir. 2014). Plaintiffs' other cited cases are likewise readily distinguishable. *See U.S. v. Burroughs*, 810 F.3d 833, 835 n.1 (D.C. Cir. 2016) (taking judicial notice of a map to determine the layout of a block); *Veg-Mix, Inc. v. U.S. Dep't of Agric.*, 832 F.2d 601, 606-07 (D.C. Cir. 1987) (dismissing concerns about taking judicial notice of a bankruptcy petition because it is reviewing an "informal administrative proceeding[]" where the agency previously indicated it could take official notice of bankruptcy petitions); *Dupree v. Jefferson*, 666 F.2d 606, 608 n.1, 611 (D.C. Cir. 1981) (taking judicial notice of the filing date of a complaint); *Fletcher v. Evening Star Newspaper Co.*, 133 F.2d 395, 395 (D.C. Cir 1942) (taking judicial notice of its own records); *Akers v. Watts*, 589 F. Supp. 2d 12, 15 (D.D.C. 2008) (taking judicial notice that plaintiff filed two prior cases which were dismissed as frivolous); *Fields v. Republic*, 2021 U.S. Dist. LEXIS 260521, at *9 n.3 (D.D.C. Sept. 29, 2021) (taking judicial notice of a fact undisputed by defendant, who never appeared to defend its conduct).

Here, the Court is being asked to take judicial notice of proposed "facts" extrapolated by Plaintiffs, which do not present a "full or fair picture." *Hurd*, 864 F.3d at 686. Namely, the use of the term "fake privilege" by one person (not a custodian in this case) should not be generalized to apply to Google as a whole or otherwise be considered relevant to the Court's resolution of the litigation before it. While Plaintiffs claim to offer context by referring to the *Epic* trial testimony, that testimony (the individual's explanation of what she meant) only underscores why "facts" stripped of their context are not useful to resolving disputed matters. And Plaintiffs' third "fact," that the two *Epic* chats were not produced in this litigation, likewise lacks context and is entirely irrelevant to the sanctions determination. Google had no obligation to produce chats from individuals who are not custodians, and informed Plaintiffs it would not be doing so.

Were the Court to take judicial notice of these "facts," fairness would require that Google have the opportunity to submit evidence in response to provide the necessary context and dispute the inferences that Plaintiffs seek to draw. That context would include explanation of the lack of relevance of the individuals at issue to the claims brought by Plaintiffs in this case; the lack of relevance of the subject matter of the chats at issue to the claims brought by Plaintiffs in this case; the training and guidance that Google provides its employees regarding the use of attorney-client privilege; and the discovery requests, communications, and agreements between the parties that resulted in these individuals (and accordingly, these chats) being outside the scope of discovery in this case.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion should be denied.

Dated:  March 12, 2024

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
Wendy Huang Waszmer (D.C. Bar No. 1631078) 1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com
wwaszmer@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*