Exhibit #1

MINUTE ORDER denying Brad Greenspan's Motion for Joinder, ECF No. 803,

This court has previously denied Mr. Greenspan intervention under Fed. R. Civ. P. 24, Minute Order (Nov. 28, 2023), and denied reconsideration of that order, Minute Order (Jan. 9, 2024). Mr. Greenspan is thus not a party to this action and therefore does not have standing to join parties to this action under either Federal Rule of Civil Procedure 19 or 20. See Terwilliger v. Allen, No. 23-cv-00740, 2023 WL 5485626, at 2 (D. Colo. Aug. 24, 2023) (nonparties seeking to join lawsuit must do so via Rule 24 intervention, not joinder) Scherer v. Merck & Co., No. 05-2019, 2005 WL 8160891, at 1 (D. Kan. July 12, 2005) ("Rules 19 and 20 simply do not allow for a non-party to move for joinder.")

EXHIBIT #2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF ARKANSAS, STATE OF CALIFORNIA, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF INDIANA, COMMONWEALTH OF KENTUCKY, STATE OF LOUISIANA, STATE OF MICHIGAN, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF SOUTH CAROLINA, STATE OF TEXAS, AND STATE OF WISCONSIN<br>　　　　　　　　　　Plaintiffs,<br>v.<br>GOOGLE LLC,<br>　　　　　　　　　　Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA<br><br>LET THIS BE FILED<br>Signature _____<br>Date _____ 1/23/24 |
| STATE OF COLORADO, STATE OF NEBRASKA, STATE OF ARIZONA, STATE OF IOWA, STATE OF NEW YORK, STATE OF NORTH CAROLINA, STATE OF TENNESSEE, STATE OF UTAH, STATE OF ALASKA, STATE OF CONNECTICUT, STATE OF DELAWARE, DISTRICT OF COLUMBIA, TERRITORY OF GUAM, STATE OF HAWAII, STATE OF ILLINOIS, STATE OF KANSAS, STATE OF MAINE, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF OREGON, COMMONWEALTH OF PENNSYLVANIA, COMMONWEALTH OF PUERTO RICO, STATE OF RHODE ISLAND, STATE OF SOUTH DAKOTA, STATE OF VERMONT, COMMONWEALTH OF VIRGINIA, STATE OF WASHINGTON, | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**NOTICE OF MOTION JOINDER**

　　　　Prospective Plaintiff respectfully moves to join Alphabet, Inc., Google, Inc. Maple Technologies Inc., XXVI Holdings Inc., Holding Company of Google LLC, Youtube LLC, and Mayer Brown., Williams & Connolly, Kent Walker, and Viet Dinh pursuant to Federal Rule of

1



Civil Procedure 20 or FRCP Rule 19.

Dated: January 4, 2024

RESPECTFULLY SUBMITTED,

/s/ *Brad Greenspan*

Brad Greenspan, pro se

244 5th ave, #G290

New York, NY

10001

Email: legalsupport1@nym.hush.com

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF ARKANSAS, STATE OF CALIFORNIA, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF INDIANA, COMMONWEALTH OF KENTUCKY, STATE OF LOUISIANA, STATE OF MICHIGAN, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF SOUTH CAROLINA, STATE OF TEXAS, AND STATE OF WISCONSIN<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, STATE OF NEBRASKA, STATE OF ARIZONA, STATE OF IOWA, STATE OF NEW YORK, STATE OF NORTH CAROLINA, STATE OF TENNESSEE, STATE OF UTAH, STATE OF ALASKA, STATE OF CONNECTICUT, STATE OF DELAWARE, DISTRICT OF COLUMBIA, TERRITORY OF GUAM, STATE OF HAWAII, STATE OF ILLINOIS, STATE OF KANSAS, STATE OF MAINE, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF OREGON, COMMONWEALTH OF PENNSYLVANIA, COMMONWEALTH OF PUERTO RICO, STATE OF RHODE ISLAND, STATE OF SOUTH DAKOTA, STATE OF VERMONT, COMMONWEALTH OF VIRGINIA, STATE OF WASHINGTON, | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |



RECEIVED
Mail Room
JAN 08 2024
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JOINDER**

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JOINDER**

**A. Background and Proposed Changes to Complaint**

On October 20, 2020, the United States of America, along with eleven states, filed the operative complaint against Google LLC. Rule 20 contemplates that non-party "[p]ersons may join in one action as plaintiffs" in cases such as this, where California seeks relief common to the existing plaintiffs, and based on "question of law or fact common to all plaintiffs." Accordingly, the Court should grant this motion for joinder.

Joinder Group A consists of: XXVI Holdings Inc., Alphabet Inc., Maple Technologies, Youtube LLC

Plaintiff is entitled to bring the defendants into case when they are in whole or in part responsible for the actions and damages suffered by the Plaintiff. Plaintiff was the lead plaintiff in a San Jose California Federal Class Action complaint filed against public issuer Google Inc. in early 2015. Thereafter, the defendant fleeing increasing liability for its increasingly grandiose criminal acts, privacy violations, and antitrust actions determined to turn itself into a fractionalized starfish squirting away from its creditors in hot pursuit.

Google did this thru a farcical "restructuring" often referred to as a "de facto merger" and described as having legal liability avoidance as one of key reasons malcontents seek to use some reverse merger machinations. However the Courts in the U.S. have seen almost every trick in the book. So the Court's shouldn't have been fooled. Nor should the DOJ and all the States have been fooled. Yet they have allowed the Defendant to dictate any and all action in this antitrust action. And hardly even play acting to be labeled a good hearted Kabuki Theater pretend fighter of the Defendant as a defender of the public.

Google first filed a late FRCP Rule 7.1 Certificate in San Jose Case,14-cv-04187- RMW:

"DEFENDANT GOOGLE INC.'S
FED R. CIV. P. 7.1 AND LOCAL RULE 3-15

CERTIFICATE OF INTERESTED ENTITIES"

DATE FILED: OCTOBER 8, 2015

Which named entities "substantially affected by the outcome of this proceeding:

1. **Alphabet Inc.,** Holding Company of Defendant 2. **Google Inc.,** Defendant"

The public issuer that was the defendant Plaintiff sued in 14-cv-04187- RMW was Google Inc. and Google Inc was a Delaware corporation with no parent company and its shares were held by public shareholders.

The public issuer initiated fraudulent scheme claiming that the public issuer was not a party to the complaint any longer. Instead the public issuer had teleported the heavy chains of Federal legal liability to a brand new subsidiary the public issuer had created out of straw and the Plaintiff should be satisfied because the public issuer transferred its name to the empty shell subsidiary it had just created in an effort to escape from Federal case liability and have better excuses to use to refuse to turn over evidence, discovery, and obey Federal discovery laws.

The problem for the public issuer is that any respectable Court in the U.S. with A Judge that was not honest would require the counter party wanting to have its new subsidiary be substituted into the complaint while the public issuer substituted out, to get such a substitution approved by the opposing litigant. Since the Defendants knew the Plaintiff would never agree to cut the value in the legal case by 50-75% or more for no consideration, they decided to simply raw force the substitution change. By filing a fraudulent false 7.1 certification making false inaccurate claims and statements of fact. Then the defendants depended on the Judge not striking out the 7.1 certification despite it lacking the explanation of how the purported substitution could have taken place, when it actually happened, and actual proof of who at which company or entity

5

approved such a transaction, and why Google did not need to get the counter party to agree to the substitution in 14-cv-04187- RMW but clearly did in the other Federal Courts where it had decided to run the same switcharoo (see Request For Judicial Notice #9,10).

Google kept adding new shell layers, for instance in 2017 it claimed it filed an accurate FRCP Cert 7.1 describing: " Alphabet, Inc., **Google, Inc. Maple Technologies Inc., XXVI Holdings Inc., Holding Company of Google LLC, Youtube LLC,** "

    2. The public issuer was amazed at how willing the DOJ, Judges, State AG's were to help the public issuer cheat the U.S. Government and slither past any ethical or moral duties to U.S. citizens or senses of obligations the Government attorneys might harbor, so the public issuer decided to double down on the shell scheme and told Government at start of this case

> **"DEFENDANT GOOGLE LLC'S FEDERAL RULE 7.1 AND LOCAL RULE 26.1 DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTERESTS**
>
> I, the undersigned, counsel of record for Google LLC, certify that to the best of my knowledge and belief, the following are parent companies, subsidiaries, affiliates, or companies which own at least 10% of the stock of Google LLC which have any outstanding securities in the hands of the public: **Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc.,** a publicly traded company.
>
> These representations are made in order that judges of this Court may determine the need for recusal. Dated: October 23, 2020 Respectfully submitted, WILLIAMS & CONNOLLY LLP =(Document 6, 10/23/20, Page 1)

Therefore, the U.S. Government is ok that the biggest tortfeasor with most liability and most operations operating when the antitrust violations occurred, Alphabet, Inc., is not part of this Case and wouldn't even need Alphabet to send in the second most liable entity, XXVI Holdings Inc., because Alphabet believed it could pick up a trash can and call it "Google something" and the Government would be happy as clams to just do discovery on the fictitious shell the public

6

issuer created to eliminate meaningful discovery or 30(b)(6) depositions

(see REQUEST FOR JUDICIAL NOTICE #8-11)

<u>Joinder Group B</u> consists of: Williams & Connolly Law, Mayer Brown Law, Wilson Sonsini Law, Kent Walker, Viet Dinh

Plaintiff is entitled to bring the defendants into the case when such defendants are in whole or in part responsible for the actions and damages suffered by the Plaintiff or are key witnesses that possess information about the harms Plaintiff has suffered as a result of damages caused by Defendants vexatious litigation untimely fraudulent scheme. Here Mayer Brown Law and Williams & Connolly were lead lawyers active in the Courts where the fraudulent false documents were being knowingly filed in order to mislead judges and other parties in the cases effected like the harms befallen by Plaintiff.

Clearly liable Connolly Law is responsible for the 2014 fraudulent acts damaging Plaintiff and were contempt of Federal Judges in Los Angeles and San Jose, even Delaware Judges. While the 2023 fraudulent acts damage Plaintiff and which are contempt of a Federal Judge in D.C.

To be joined defendants Wilson Sonsini and Kent Walker took instructions and accepted the defective legal opinions and conclusions by non California barred attorney Viet Dinh, then acted these defective strategies out thru countless unlawful unethical methods such as deciding it was legal in California for a Defendant like Google to file an untimely Motion For Vexatious Litigant in a District Court where no jurisdiction existed unless the Circuit Court gave permission after Google filed a request to file a motion for vexatious litigant in the District Court below. With News Corp's Viet Dinh operating from California, living in California, and serving as the head lawyer of all California legal determinations (for public issuer Google and News Corp and IAC)

7

for over twenty years while each of those years missing a legal California Law license....on one hand, News Corp and Google's senior executives were very happy because they had no. legal constraints or limits imposed on any activity because Viet Dinh turned a blind cheek to stopping the illegal phone hacking by News Corp, the privacy violations by Google, the Antitrust violations like no poach agreements by Google and News Corp, bribery, it was all good to go!

When News Corp needed a strategy to win the Myspace/Intermix acquisition it sought, They turned to Viet Dinh. Dinh advised under California law, News Corp could pay over $100,000,000 in cash bribes to some key members of the Management team to get their support, to have them fraudulently conceal the operating revenue and earnings of Myspace.com, and News Corp was thru Dinh's fake California legal opinions or verbal purported legal opinions or guidance, allowed to simply abstain from disclosing these true financials and cash bribery payouts in their SEC filings. Dinh blessed the 10Qs and 10Ks and DEF14as and under his fake California legal knowledge he approved News Corp having the option to disclose an ugly new lawsuit filed against it but never be forced to disclose something nasty and upsetting for shareholders to read.

All of Plaintiff's valid Indemnification and advancement requests and demand notices received by News Corp were ruled void by Viet Dinh without any legitimate basis because Viet Dinh lacked the ability to review and decide the indemnity and advancement matters he was given sole right to determine,. Unsurprisingly, Plaintiff missing promised contractually obligated legal monies due Plaintiff for legal fees paid out of pocket by Plaintiff but never repaid from News Corp and Google failed a means to pursue claims on the merits thru equitable legal outcomes in any of matters brought to a Federal or State Court for purposes of pursuing valid antitrust and other damage claims as former shareholder and employee . Dinh finally admitted in 2023 he lacked the ability to serve and work as a lawyer in California opining on California laws for his clients, and

had lacked these abilities for 20 years. Therefore, it remains to be determined what % of Wilson Sonsini and Williams Connolly legal Decisions since 2004 regarding News Corp and Google, and their affiliates and subsidiaries, were shaped or impacted or determined by Viet Dinh, thus becoming defective and void torts.

## II. Meet & Confer

Petitioner has been rebutted the prior time in other cases and retaliated against more readily after attempting good faith meeting and conferring with Google and News Corp including lawyer Connolly Law directly and Plaintiff further has pending Department of Labor harassment claim against Google LLC and its multiple parents which has not notified Plaintiff of any decisions thus qualifying or meeting the threshold allowing Plaintiff to file for a Jury trial disposition of the Dodd Franks Sarbanes Oxley Jury mandatory whistleblower retaliation harassment statues.

## III. Authority

### F.R.C.P. 20 Permits Joinder of Additional Plaintiffs

Rule 20 is titled "Permissive Joinder of Parties," and provides in pertinent part:

> (a) Persons Who May Join or Be Joined.
> (1) Plaintiffs. Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Here, Plaintiff seeks to join new defendants because the disputes existing assert equivalent rights to relief arising out the same series of transactions or occurrences, and under questions of law or fact common to all other defendants in this action.[1]

B. Under FRCP 20 transfer away to State Court Glendale as needing disposal on merits and requesting sending back to your Court a finding of facts in City of Glendale, CA.

C. After lancing the vexatious litigant Order or declaring it void

Ordering Alphabet, and those defendants to transfer shares in each sufficient to match that owed under the indemnification after 2023 discovery they relied on lawyer they paid millions of dollars and made mistake of then bringing in house in their media company. But he was a Patriot Act genius they said..with the Bush.....so he was working making millions as a General counsel of News Corp Fox, Lachlan, and he was literally the GC of Fox properties and companies working out of their Los Angeles offfices, and he was constantly working as their general counsel and paid as their general counsel for years. One problem. Viet Dinh had

Never got his California Bar Association member for 15 years which

In this District, moving pursuant to F.R.C.P. 20 is the appropriate method for joinder. In *Breen v. Chao*, No. CV 05-0654 (PLF), 2018 WL 1509077 (D.D.C. Mar. 27, 2018), several prospective plaintiffs sought to join an existing complaint, nearly two years after that defendant had answered, by filing a motion under F.R.C.P. 20.[2] The court observed that it "has discretion in determining whether to permit the prospective plaintiffs to join this case, so long as it does so 'on just terms' and in accordance with Rule 20 governing permissive joinder." *Id.* at *9. Accordingly, this Court has discretion to determine whether California can join the complaint "on just terms," which should include assessing any "potential for prejudice to any party or undue delay." *Id.*

**B. Defendants Are Not Prejudiced by the Joinder**

Not making substantive changes to the complaint. Just filling in missing detail and data the Court and Plaintiffs were seeking but failed to get because the Plaintiff opted not to use 30(b)(6)

10

sufficiently or ultimately at all as proscribed by the ABA.

The evidence is clear that Google suppressed the search engine market in 2005 to make sure Yahoo did not get the traffic and would shrink, and Google had captured over 50% Tipping Point for $900 million and then next deal for billions or next big default not so much of stretch. Without illegal moves by Google, -see evidence that Google never contested.

### C. Motion For Joinder Is Timely, Serves the Interests of Justice

Plaintiff is filing its motion for joinder within just a couple of weeks of reading discovery of the Courts Order that the default scheme began in 2005 and the 2023 Federal Judge ruling that News Corp's general counsel since 2005 who was also Kleiner Perkins counsel and had meetings with Google Director and George Campbell was the main business development leader thru at least 2010 which is other key date the Court sought in its October 2023 Order.

This Court can also then add and dispose of the claim of the Antitrust Interlocking Directors. Joining defendants is timely, promotes judicial efficiency, . *Cf. id.* at *1 (granting joinder Should the Court prefer, it also has the power to join defendants pursuant to F.R.C.P. 21: "On motion or on its own, the court may at any time, on just terms, add or drop a party." To the extent necessary, the Court may interpret Plaintiffs Motion alternatively as a motion to intervene under F.R.C.P. 24. *See Breen*, 2018 WL 1509077 at *1, (notwithstanding passage of nearly two years from the time defendant answered the complaint).

As the court concluded in *Breen*, "permitting the prospective plaintiffs to join the case and resolve their disputes on the merits would serve the interests of justice." *Id.* at *11. The same is true here.

### CONCLUSION

Plaintiff's Motion for Joinder should be granted as it would serve the interests of justice.

Google will suffer no prejudice and joinder of Plaintiff will help the Court ultimately Possess the best information with the most facts related to the search market and industry starting at least on the date the Court cites is the beginning of the Default Deals. $15m Apple in 2005, and $900m to News Corp Myspace.com 2005, that's 50% tipping point, Google then is making 2x to 3x per click because of tipping point phenomenon which this data allows the DOJ to finally show the Court as additional granularity underpinning their story to have a true factual basis….Google was struggling in 2005 in the search market, the search market had become the most dynamic and competitive environment which challenged the major players, and Google determined to begin aggressively cheating using lawyers that did not know California law approving of powerful illegal anti-competitive growth techniques like no poach agreements and paying bribes to Directors of competitor tech companies to help manipulate search default competitions. However Google's cheating has beget cheating which has beget hundreds of millions in lobbying each year just to stay out of jail. Plaintiff has provided substantial information and evidence to easily meet the four-factor "fundamental fairness" test and this Court must concludes that – on balance – the factors support Plaintiff's motion for joinder. Accordingly, Plaintiff's motion should be granted.

RESPECTFULLY SUBMITTED,

/s/ Brad Greenspan

Brad Greenspan, pro se

244 5th ave, #G290

New York, NY

10001

Email: legalsupport1@nym.hush.com

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document.