IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>Google LLC,<br><br>            Defendant. | Case No. 1:20-cv-03010-APM<br><br>Judge: HON. AMIT P. MEHTA |

**NON-PARTY MOTOROLA MOBILITY LLC'S POSITION STATEMENT ON
THE NEW YORK TIMES COMPANY'S MOTION FOR JUDICIAL ACCESS**

In response to the New York Times Company's (the "New York Times") Motion for Access to Judicial Records (ECF No. 800) and the Stipulated Confidentiality Management Order Regarding Responsive Post-Trial Submissions and Intervenor the New York Times Company's Motion for Judicial Access (ECF No. 850), non-party Motorola Mobility LLC ("Motorola") makes this submission to continue protection of its confidential and commercially sensitive business information.

    1.    The New York Times' Motion seeks public access to two Motorola contracts—JX0062 and JX0099. JX0062 is the Mobile Incentive Agreement between Google and Motorola dated February 1, 2020. JX0062 was produced with redactions for personal identifying information only in the *Google Play Store* litigation. Motorola understands that The New York Times does not challenge these redactions. JX0099, however, was not disclosed publicly in the *Google Play Store* litigation. JX0099 is confidential agreement between Google and Motorola—Amendment No. 1 to the Mobile Application Distribution Agreement ("MADA")—that still is in effect.

    2.    Motorola reviewed the Parties' proposed Confidentiality Management Orders and joins Google's position in its Proposed Stipulated Confidentiality Management Order Regarding

Responsive Post-Trial Submissions and Intervenor the New York Times Company's Motion for Judicial Access ("Proposed Order") (ECF No. 849). Motorola aligns with Google with regards to any Motorola agreements or materials. As stated in the Proposed Order, "[t]he parties shall not disclose any information that was not publicly disclosed at trial that has been previously identified as Confidential or Highly Confidential by a party or non-party, unless all parties and non-parties with a confidentiality interest in such information have confirmed that it may be publicly disclosed." ECF No. 849. Specifically with respect to JX0099, Google has redacted personal identifying information as well as the portions of the exhibit that were not used at trial or cited in the parties' post-trial submissions.

3.  This Court has previously recognized that third parties, like Motorola, have a strong interest in "maintaining the confidentiality of their proprietary business information" and while there is a presumption favoring public access, "the right of public access . . . is not absolute." *FTC v. Sysco Corp.*, 15-cv-00256 (APM), ECF No. 206 at 1 (D.D.C. Aug. 4, 2015); *see also MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663, 665 (D.C. Cir. 2017) (quoting *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980)).[1]

4.  The Court also has stated that the right to public access is limited to the information presented at trial or that the Court relies on in its decision: "[w]hat the public has a right of access [to is] *the portions of records that are presented at trial* [and] that are likely to be part of the evidence that the Court will consider. Just because a case comes to trial and there's public interest

---

[1] When evaluating requests to protect materials from public disclosure, courts consider the following six *Hubbard* factors: (1) the need for public access to the materials at issue; (2) the extent of prior public access to the materials; (3) a party's objection to disclosure, and the identity of that party; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the materials were introduced during the judicial proceedings. *See Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (referencing *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980)).

in the trial and there are documents introduced, does not mean that all of those documents in their entirety become public records," and "[t]o the extent a document is being put on a public website, *it is [the] relevant portions of a document presented at trial.*" See Tr. 3444:20-3445:8; 3451:8-13 (emphasis added). Additionally, regarding materials to which the public is entitled judicial access, this Court has instructed that "a document would not qualify if it is one that the court made no decisions about and did not otherwise rely on." *In re N.Y. Times*, 2021 2021 WL 5769444 (D.D.C. Dec. 6, 2021), at *3 (cleaned up) (citing *SEC v. Am. Int'l Grp.*, 712 F.3d 1, 3-4, 404 U.S. App. D.C. 286 (D.C. Cir. 2013)).

5.  The Court reiterated this instruction on March 11, 2024. *See* March 11, 2024 Status Conference Tr. 39:3-39:6 (referencing the "Court's instruction that it was only the material actually used in court and used in examination that would be entered into evidence.").

6.  As the "presumption in favor of public access to court documents is based on promoting the public's understanding of the judicial process[,]" where the "information at issue . . . is not necessary to the public's understanding of the case, . . . the public has minimal interest in [that] information." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1217-26 (Fed. Cir. 2013). Disclosure of the redacted portions of Amendment No. 1 to the MADA (JX0099) is not "necessary to the public's understanding" of the issues at trial because they were not used at trial or relied on by the parties in their post-trial submissions. *Id.*

7.  Additionally, as a third party, not accused of any wrongdoing, Motorola is entitled to heightened confidentiality concerns. *See Hubbard*, 650 F.2d 293, 295 (D.C. Cir. 1980) (expressing an interest to ensure against "an unwarranted invasion of privacy" of "innocent third-parties") (internal citation omitted); *see id.* ("An objection to access made by a third party weighs in favor of non-disclosure.") Motorola, thus, has the right to have its negotiated agreements and

3

amendments, which are still in place today, remain confidential and under seal.

8. Should the Court eventually rely on any of the redacted information in JX0099, despite the parties' failure to cite to any of the material at trial or in their submissions, Motorola requests the opportunity to submit an affidavit supporting the competitively sensitive nature of that information. JX0099 contains commercially and competitively sensitive information of an amendment to an agreement that is currently in place between Motorola and Google. Disclosure of commercially sensitive information could give both the parties with whom Motorola negotiates and competitors insight into Motorola's strategic negotiations, prejudicing Motorola's ability to effectively compete for future distribution opportunities. Consequently, "[c]ourts have denied public access to 'business information that might harm a litigant's competitive standing.'" *In re McCormick & Company, Inc.*, No. 15-1825, 2017 U.S. Dist. LEXIS 90491, 2017 WL 2560911, at *2 (D.D.C. June 13, 2017) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

9. The process Google outlines in its Proposed Order eliminates unnecessary repeated review of exhibits for which good-faith confidentiality assessments have already been made and are unlikely to change, protects the confidentiality of Motorola documents cited in further submissions to this Court, and ensures an efficient process for proposing related redactions to Confidential or Highly Confidential Materials.

WHEREFORE, for the foregoing reasons, Motorola respectfully requests that the Court deny the New York Times' motion with respect to Motorola's document at issue and permit Motorola's confidential material to remain so. If, however, the Court ultimately relies on Motorola's confidential materials in its decision-making processes, Motorola would request the opportunity at that time to conduct a full analysis under the applicable laws regarding whether Motorola claims the material is competitively sensitive and can, accordingly, propose redactions.

Dated: April 10, 2024

Respectfully submitted,

/s/ *Anthony Ferrara*
Anthony Ferrara
McDermott Will & Emery LLP
500 North Capitol Street NW
Washington, D.C. 20001
Tel: 202 756 8435
Email: aferrara@mwe.com

*Counsel for Motorola Mobility LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2024 the foregoing document was electronically submitted with the clerk of the court for the United States District Court, District of Columbia, using the electronic case file system of the court. The electronic case file system sent a "Notice of Electronic Filing" to all counsel of record.

*/s/ Anthony Ferrara*
Anthony Ferrara
