# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | |
| GOOGLE LLC, | HON. AMIT P. MEHTA |
| Defendant. | |
| STATE OF COLORADO, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | |
| GOOGLE LLC, | HON. AMIT P. MEHTA |
| Defendant. | |

## AMAZON.COM INC.'S POSITION STATEMENT REGARDING DISCLOSURE OF MIKE JAMES DEPOSITION DESIGNATIONS

Pursuant to the Court's March 15, 2024 Order (ECF No. 850), third party Amazon.com, Inc. (Amazon) submits the following position statement regarding The New York Times's motion requesting the disclosure of the Mike James deposition designations the parties entered into evidence at the conclusion of trial in this case.  Amazon has met and conferred with counsel for The New York Times and the parties in this case about redactions to Mr. James's deposition designations to protect Amazon's competitively sensitive information.  With the filing of this position statement and the accompanying declaration from Mr. James, The New York Times and the parties do not object to the proposed redactions.

Amazon has made tremendous efforts to make publicly available as many of the designations from Mr. James's deposition as can reasonably be accomplished. However, certain portions of Mr. James's testimony involve highly confidential, competitively sensitive information about Amazon's advertising placements business, the disclosure of which would harm Amazon's business and adversely affect competition in the marketplaces in which it buys and sells advertising. Amazon thus respectfully requests that the limited portions set forth in Mr. James's accompanying declaration (Ex. A) and as redacted in the set of designations filed herewith (Ex. B) should remain under seal.

## BACKGROUND

Mr. James is the Director of Automated Marketing & Events, formerly known as the Traffic & Marketing Tech team at Amazon, which is responsible for building and managing Amazon's marketing programs and corresponding investments. Decl. of Mike James ¶ 1 (Ex. A). In this role, Mr. James is responsible for highly-confidential strategic decision-making about Amazon's advertising investments, including decisions related to Amazon's use of Google paid search advertising, evaluation of Google's advertising products, and Amazon's competitive responses thereto. *Id.* ¶¶ 1, 4–5.

Mr. James provided deposition testimony in this case regarding highly confidential information about Amazon's advertising programs and investments. Specifically, Mr. James testified about a number of competitively sensitive topics, including: (1) Amazon's internal assessments of its purchases of advertising from Google (one of Amazon's competitors); (2) Amazon's detailed financial information, including with respect to Google advertising; and (3) Amazon's confidential plans for future product offerings and features. *See id.* ¶ 4–9. As Mr. James describes in detail in the accompanying declaration, the disclosure of that confidential,

competitively sensitive information would cause severe commercial and competitive harm to Amazon, including by providing Google with unfair competitive advantages in the marketplaces in which both Amazon and Google operate.  *See id.*

The Court ordered Amazon to provide The New York Times with redactions to Mr. James's deposition designations by April 2, 2024.  ECF No. 850.   Pursuant to the Court's order, Amazon carefully re-reviewed the designations to identify the portions that discussed highly confidential, competitively sensitive information, especially to take account of this Court's confidentiality rulings in this case.  On April 2, 2024, Amazon provided The New York Times with a complete set of the Mike James deposition designations, redacting those limited portions that discuss Amazon's confidential, competitively sensitive information.  Amazon also provided The New York Times a detailed explanation of the commercial and competitive harm that would befall Amazon if the redacted portions were disclosed.  On April 5, The New York Times informed Amazon that it does not object to Amazon's redactions to Mr. James's deposition transcript, as long as Amazon files a declaration verifying that the redactions concern non-public, commercially sensitive information, and detailing the harm that disclosure would cause to Amazon.

Amazon conducted subsequent meet and confers with the parties, and provided them with additional information about Amazon's positions.  No party opposes Amazon's request to redact the identified portions of Mr. James's deposition designations.

## ARGUMENT

Courts commonly seal trial materials so as to "fully account for the various public and private interests at stake."  *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 666 (D.C. Cir. 2017); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted) ("Every court has supervisory power over its own records and files, and access has been

denied where court files might have become a vehicle for improper purposes.").  In particular, when private interests are at stake, "[c]ourts have refused to permit their files to [serve] . . . as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

The sealing analysis balances six factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980)).  All six factors weigh in favor of sealing the limited portions of the Mike James deposition designations at issue here.

*Factor 1: The need for public access*.  There is no need for public access to the limited portions of Mr. James's deposition designations that Amazon seeks to seal.  Amazon is not a party to this litigation.  And no Amazon witness testified during trial in this matter.  (Rather, Mr. James's deposition designations were "shoved" into evidence at the conclusion of trial.)  The central issue in this litigation concerns Google's conduct, not Amazon's, and, as such, the limited information Amazon seeks to redact has only tangential relevance to the question of Google's liability.  In fact, for the very small subset of deposition designations that Amazon seeks to seal, *all parties agree that those designations should remain confidential*.  The redacted information is not needed to help the public understand the "contours of the disputes between the parties," as those contours have become known to the public through extensive live testimony elicited from the parties and briefing in this case.  *Hyatt v. Lee*, 251 F. Supp. 3d 181, 184 (D.D.C. 2017).

*Factor 2: The extent of previous public access.*  The Court must consider "the public's previous access to the sealed information." *Cable News Network, Inc. v. Fed. Bureau of Investigation*, 984 F.3d 114, 119 (D.C. Cir. 2021).  The information at stake here is highly confidential business information that has never been disclosed to the public—in this trial or otherwise.  *See* Decl. of Mike James ¶¶ 4–9.

*Factor 3: Objection to disclosure and the identity of the objecting person.*  Amazon is a third-party to this proceeding and objects to the disclosure of its competitively sensitive commercial business information.  The Court should give substantial weight to Amazon's strong objection to public disclosure.  *See Hubbard*, 650 F.2d at 319–20 ("[T]he strength with which a party asserts its interests is a significant indication of the importance of those rights to that party.").

*Factor 4: The strength of privacy and property interests asserted.*  Amazon's privacy and property interests are extremely strong because the limited portions of testimony that Amazon seeks to seal involve highly confidential, competitively sensitive information, the disclosure of which would cause severe commercial and competitive harm to Amazon's business.  *See* Decl. of Mike James ¶¶ 4–9.  Under the fourth *Hubbard* factor, sealing is warranted when the information at issue includes "sources of business information that might harm a litigant's competitive standing." *Hubbard*, 650 F.2d at 315 (quoting *Nixon*, 435 U.S. at 598).  That is precisely the case here.  Indeed, disclosure to Google would provide a substantial and unfair commercial advantage to Google in its dealings and future negotiations with Amazon.  *See* Decl. of Mike James ¶¶ 4–9.

*Factor 5: The possibility of prejudice to those opposing disclosure.*  Disclosure would result in prejudice to Amazon's business interests. *See Hubbard*, 650 F.2d at 320–21.  Although courts have sometimes held that this factor concerns legal prejudice, *Hubbard* "did not purport to limit the kind of prejudice to be considered." *United States v. Puma*, 666 F. Supp. 3d 7, 16 (D.D.C.

2023).  Courts have expressly considered economic harm in this factor, including harm to one's livelihood from the disclosure of judicial records.  *Id.* at 16–17.  Such is the case for Amazon here. As set forth above, disclosure of the redacted portions would cause severe economic harm to Amazon's business.  *See* Decl. of Mike James ¶¶ 4–9.

*Factor 6*: *The purposes for which the documents were introduced during the judicial proceedings*.  Neither party called Mr. James as a witness at trial, and the designations from his deposition were "shoved" into evidence at the conclusion of trial.  As for the portions of the designations that the parties have cited in their post-trial briefing, Amazon and the parties have worked out a set of extremely narrow redactions to those portions, as set forth in Mr. James's declaration—the redactions are necessary to protect Amazon's confidential, competitively sensitive information.  *Id.*  Because these are not designations the Court will *primarily* "rely on in deciding the dispute," sealing is warranted.  *Berliner Corcoran & Rowe LLP v. Orian*, 662 F. Supp. 2d 130, 135 (D.D.C. 2009).

## CONCLUSION

Taken together, all six factors presented by *Hubbard* weigh strongly in favor of sealing from public disclosure the limited deposition portions identified in Mr. James's accompanying declaration.  Considering the competitive harm that would befall Amazon from public disclosure and Amazon's limited role as a third party in this case, sealing is warranted.  The New York Times and the parties do not oppose Amazon's redaction requests.

Dated:  April 10, 2024                    Respectfully submitted,

                                          GIBSON, DUNN & CRUTCHER LLP


                                          By:  */s/ Joshua Lipton*
                                               Joshua Lipton

                                          1050 Connecticut Avenue, N.W.
                                          Washington, D.C.  20036-5306
                                          Telephone:    202.955.8500
                                          Facsimile:    202.467.0539
                                          Email:  JLipton@gibsondunn.com

                                          *Attorneys for Third Party Amazon.com, Inc.*

**DECLARATION OF JOSHUA LIPTON IN SUPPORT OF POSITION STATEMENT**

I declare under penalty of perjury that the foregoing is true and correct. Executed on

April 10, 2024.

*/s/ Joshua Lipton*
Joshua Lipton

*Counsel for Third Party*
*Amazon.com, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of April 2024, I caused to be electronically filed the foregoing Position Statement Regarding Disclosure of Mike James Deposition Designations using the CM/ECF system, which will then send a notification of such filing to all counsel registered through CM/ECF.


/s/ *Joshua Lipton*
Joshua Lipton

*Counsel for Third Party*
*Amazon.com, Inc.*