# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | |
| GOOGLE LLC, | HON. AMIT P. MEHTA |
| Defendant. | |
| STATE OF COLORADO, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | |
| GOOGLE LLC, | HON. AMIT P. MEHTA |
| Defendant. | |

## DECLARATION OF JEFFREY EZELL REGARDING
## THE REDACTION OF JX0091

I, Jeffrey Ezell, pursuant to 28 U.S.C. §1746, hereby declare as follows:

1. I am the Vice President of business development for AT&T Inc. ("AT&T"). I have been employed by AT&T for more than 26 years and have a strong familiarity with AT&T's commercial practice. I also have past experiences in negotiating AT&T's revenue sharing agreements with Google ("Google Revenue Sharing Agreements" or "Google RSA"), Ezell Dep. 130:24-131:3, therefore I am familiar with what terms are generally considered commercially and competitively sensitive.

2.  I understand that the New York Times is seeking access to an AT&T document labeled as Trial Exhibit No. JX0091 ("JX0091").  I have reviewed the document and understand it to be one of the Google RSAs.  I submit this declaration in support of AT&T's request to maintain the confidentiality of certain information contained in JX0091.  The contents of this declaration are based on my personal knowledge of AT&T's business practices and my past experiences negotiating similar agreements.

3.  As a general matter, agreements like JX0091 are intensely negotiated, highly confidential, and competitively sensitive.  AT&T seeks to keep confidential terms concerning pricing, payment, and certain substantive contractual obligations.  Disclosure of these terms will result in significant competitive harm to AT&T because it will undermine AT&T's negotiation position in the future for similar contracts.  For example, my understanding is that AT&T's competitors enter similar revenue share agreements, and if  terms that AT&T has negotiated with Google became known to those competitors, they would be able to use that information to their advantage in their own negotiations or to undercut AT&T's future negotiations.  Similarly, if disclosed, other search service providers, operating system service providers, or mobile services providers with whom AT&T might be interested in entering into agreements will gain unfair insights to AT&T's negotiation position or demand for the same or more favorable terms as contained in JX0091.  Furthermore, some of these terms can be used to estimate the revenue or profitability of such similar agreements, allowing competitors and other industry players to have unfair insights into AT&T's financial status.

4.  The terms of this agreement have additional sensitivity because JX0091 was recently negotiated.  Agreements like JX0091 are routinely negotiated and renewed.  Therefore, a recent

past agreement still remains highly relevant in the current marketplace and of sensitive competitive value to AT&T for future negotiations.

5.   JX0091 also contains names, addresses, contact information of certain AT&T employees and information about certain specific AT&T products.  I understand that these provisions are unrelated to the public interest in the underlying litigation.  Disclosure of the employee information will not only harm the privacy interest of the named employees but also undermine the expectation of privacy for all AT&T employees.  And disclosure of specific AT&T product information will allow competitors and other industry players to gain unfair insights into AT&T's product or service offerings.

6.   To my knowledge, no other Google RSAs have been previously made publicly available.

7.   For the reasons set forth, I support the proposed redactions to JX0091.


Executed April 9, 2024 in Atlanta, GA.



Jeffrey Ezell