### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*,<br><br>                              Plaintiffs,<br><br>   v.<br><br>Google LLC,<br><br>                              Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, *et al.*,<br><br>                              Plaintiffs,<br><br>   v.<br><br>Google LLC,<br><br>                              Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

### DECLARATION OF MICHAEL ZWIBELMAN

I, Michael Zwibelman, declare as follows:

1. I am currently employed by Google LLC ("Google") as a senior product counsel. I graduated from The University of Chicago Law School in 1999 and have been an in-house counsel for Google since 2010, based in Mountain View (2010-16) and San Francisco (2016-present). I am a member in good standing of the State Bar of California.

2. Since 2011, I have been the Google in-house counsel ("product counsel") principally responsible for providing legal advice to the product and engineering teams that develop and operate the ads that run on Google.com ("Google Search Ads" or "Search Ads"). I

frequently receive information from Google employees regarding proposed changes to Search Ads products as well as evaluations of competitors' digital advertising products and strategic objectives.

3. In my role as product counsel for Google Search Ads, I periodically evaluate the commercial sensitivity of information relating to Search Ads products and assess whether disclosing particular information would harm Google's competitive standing. For example, I frequently advise internal teams in determining which information about the operation of Google Search Ads should be disclosed in blog posts, public help pages, and other public-facing materials, and which materials submitted to regulators should be subject to confidential treatment.

4. Paragraphs 4 and 1191 of Plaintiffs' Proposed Findings of Fact and paragraph 43 of Plaintiff States' Proposed Findings of Fact each contain characterizations of amounts spent by particular advertiser customers in recent years. This information is kept confidential because at least some of Google's customers view the amounts they spend with Google as commercially sensitive in relation to their own businesses, such that disclosure would harm Google by damaging its relationship with those customers. Google would also be harmed by revealing specific customer names and amounts to its competitors, who sell their own advertising solutions to these same businesses and would gain a one-sided strategic advantage by knowing which advertisers were characterized as "top" buyers and the associated dollar amounts.

5. Paragraphs 126, 127 n.8, 128, 132, 203 & n.11, 204, and 205 of Plaintiff States' Proposed Findings of Fact; page 22 of Plaintiff States' Post-Trial Brief; paragraph 33 of Plaintiff States' Responsive Proposed Findings of Fact; and paragraph 327 of Google's Responsive Proposed Findings of Fact each contain information about advertisers' use of Search Ads 360

(SA360) to allocate advertising spend across search engines within ad campaigns or characterizations of individual advertiser customers.  This information is kept confidential because at least some of SA360's customers view the amounts they spend with SA360 and the features they request as commercially sensitive in relation to their own businesses, such that disclosure would harm Google by damaging its relationship with those customers.  Google would also be harmed by revealing information about its customers' advertising spend or confidential documents regarding individual advertisers to SA360's competitors, as these competitors sell their own advertising and campaign management solutions to these same businesses and would gain a one-sided strategic advantage by knowing non-public information about particular advertisers' or categories of advertisers' use of SA360.  Google therefore seeks to redact individual advertiser names and associated dollar amounts in the paragraphs and pages referenced above.

6.     Google makes extensive efforts to provide all advertisers with information that allows them to accomplish their objectives, including information that facilitates informed bidding strategies and an understanding of how to improve the quality of their ads so that they are more attractive to users.  That information is distributed in various ways, including through Google's public help pages, reporting and metrics that Google routinely develops and updates in response to advertiser demand, and meetings without account managers and other Google Ads employees who work with its advertiser customers on a daily basis.  But in some instances, such as those detailed below, disclosing particular details about Google's Search Ads auctions or reporting would allow individual actors to game the system in ways that reduce the overall quality of Google Search Ads.  That reduction in quality harms Google Search users, other advertisers who participate in Search Ads auctions, and Google's competitive standing.

7. Paragraphs 674, 1034, and 1173 of Plaintiffs' Proposed Findings of Fact; paragraph 1216 of Google's Proposed Findings of Fact; and paragraph 2297 of Plaintiffs' Responsive Proposed Findings of Fact each contain characterizations of information that is kept confidential because disclosure would allow individual actors to game Google's systems in ways that would disadvantage other advertisers who wish to participate in Google Search Ads auctions (paragraph 674 of Plaintiffs' Proposed Findings of Fact and paragraph 2297 of Plaintiffs' Responsive Proposed Findings of Fact), encourage the use of automated means to create the perception that an ad's quality is higher than it actually is to the detriment of users and other advertisers (paragraph 1034 of Plaintiffs' Proposed Findings of Fact), and enable access to user queries that occur infrequently, which may be contrary to users' expectations (paragraph 1173 of Plaintiffs' Proposed Findings of Fact and paragraph 1216 of Google's Proposed Findings of Fact).

8. Paragraph 1041 of Plaintiffs' Proposed Findings of Fact contains a characterization of specific inputs for training a particular model relating to Search Ads quality. Google is one of many companies that facilitates ads auctions and attempts to improve its ability to predict whether a given user will have a high-quality experience with a given ad, such that they are more likely to take the action desired by the advertiser and continue to use Google Search in the future. Google therefore seeks to redact specific numbers associated with the inputs characterized by the author in order to prevent other ad platforms from gaining a one-sided insight into data sets that Google has evaluated.

9. Paragraphs 385, 487, 655, 675, 697, and 1149 of Plaintiffs' Proposed Findings of Fact; page 12 of Plaintiff States' Post-Trial Brief; and paragraph 2279 of Plaintiffs' Responsive Proposed Findings of Fact each contain characterizations of a specific finding attributed to a

confidential Google study, experiment, or product proposal.  These materials are kept confidential because Google's competitive standing would be harmed if other companies that sell digital advertising could exploit Google's proprietary insights by evaluating changes to their own products without making the same investments in research and experimentation.

10.     For example, in paragraphs 655, 675, and 697 of Plaintiffs' Proposed Findings of Fact and paragraph 2279 of Plaintiffs' Responsive Proposed Findings of Fact, Google does not seek to redact the author's characterization of the nature of particular experiments.  But disclosure of the author's characterization of particular outcomes likely would be exploited by competitors, who would not need to invest to the same degree in their own experimentation infrastructure if they are able to access such specific findings or data without doing so.

11.     Similarly, paragraph 1149 of Plaintiffs' Findings of Fact describes a specific product proposal that would have affected the signals available for use in improving Google Search Ads.  The characterization of the estimated revenue impact is redacted because it would reveal to competitors a projection of the relative contribution of those signals, which would harm Google's competitive standing by informing competitors of the usefulness of those signals in delivering the results advertisers seek.

12.     Paragraphs 445, 495, and 635 (specifically the y-axis of Figure 8) of Plaintiffs' Proposed Findings of Fact and paragraph 1135 of Google's Proposed Findings of Fact (specifically the y-axis of the figure) each contain characterizations of a measure of price of certain digital ads.  Google does not seek to redact the author's characterizations of these amounts or figures, but disclosure of the specific numbers would harm Google's competitive standing by allowing competitors to take advantage of one-sided access to internal Google estimates.

13. For example, Google does not have access to internal studies that may be conducted by companies such as Meta (paragraph 445 of Plaintiffs' Proposed Findings of Fact) or Microsoft (paragraph 495 of Plaintiffs' Proposed Findings of Fact) that are characterized as comparing the cost-per-click (CPC) of cost per ad thousand impressions (CPM) of ads sold by those companies. Disclosing specific CPCs and CPMs from confidential Google documents would give companies such as Meta and Microsoft a strategic advantage in marketing to the same advertising customers and conducting any internal competitive assessments they may undertake regarding Google.

14. Similarly, Google's competitive standing would be harmed by characterizations of the revenue or profit attributed to Google Search Ads and SA360 in paragraphs 141, 143, and 151 of Plaintiff States' Proposed Findings of Fact; pages 1 and 21 of Plaintiff States' Post-Trial Brief; paragraph 340 of Plaintiff States' Responsive Findings of Fact; and paragraph 317 of Google's Responsive Proposed Findings of Fact. As with the CPC and CPM information described above, Google generally does not have access to this information about competitors' internal financial metrics when it is evaluating the competitive landscape or seeking to attract the same advertiser customers. Disclosure of these characterizations of financial information from confidential Google documents would give a one-sided strategic advantage to other companies that sell digital advertising and campaign management solutions in competition with Google. Accordingly, Google seeks to redact the specific confidential dollar amounts and percentages in the paragraphs and pages listed above.

15. The following paragraphs and pages contain characterizations of confidential dollar amounts and percentages from internal Google documents relating to advertisers' use of auction-time bidding and the performance of certain advertising campaigns using auction-time

bidding: paragraphs 174, 194, 198, 202, 216, 226, 238, 241 and 266 of Plaintiff States' Proposed Findings of Fact; pages 2, 25, and 29 of Plaintiff States' Post-Trial Brief; paragraphs 32, 44, and 50 of Plaintiff States Responsive Proposed Findings of Fact; and paragraph 322 of Google's Responsive Findings of Fact.  Disclosure of these specific figures, all of which are attributed to recent periods of time, would harm Google's competitive standing by giving a one-sided insight to other companies that sell advertising and campaign management solutions.  Competitors would not need to invest to the same extent in experimentation and strategic analysis if they could access characterizations of advertiser usage patterns, conversion percentages, and revenue impacts from confidential Google documents.

16.     Finally, Google would also be harmed by digital advertising competitors having access to the specific percentage of revenue attributable to certain ad formats (such as product listing ads at page 8 of Plaintiff States' Post-Trial Brief) or certain industry groups (such as financial services advertisers at paragraph 41 of Plaintiff States' Proposed Findings of Fact). Google generally does not have access to similar breakdowns of the sources of its competitors' revenue, and access to these precise details would provide a one-sided advantage to competitors in determining how to direct their resources toward particular ad formats or categories of advertisers.  For these reasons, Google seeks to redact the specific percentages at page 8 of Plaintiff States' Post-Trial Brief and paragraphs 5, 6, 7, 40, 41, and 42 of Plaintiff States' Proposed Findings of Fact.

*     *     *     *

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ____ day of April 2024, in _____.

DocuSigned by:<br>
*Michael Zwibelman*<br>
―――――――――――――<br>
175FDAE0865B48B...<br>
Michael Zwibelman

7