IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>Google LLC,<br><br>   Defendant. | Case No. 1:20-cv-03010-APM<br><br><br>Judge: HON. AMIT P. MEHTA |
| State of Colorado, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>Google LLC,<br><br>   Defendant. | Case No. 1:20-cv-03715-APM<br><br><br>Judge: HON. AMIT P. MEHTA |

**NONPARTY MICROSOFT CORPORATION'S POSITION STATEMENT
CONCERNING THE CONFIDENTIALITY OF ITS DOCUMENTS AND TESTIMONY**

Pursuant to the Court's Stipulated Confidentiality Management Order Regarding Responsive Post-Trial Submissions and Intervenor the New York Times Company's Motion for Judicial Access, ECF No. 850, non-party Microsoft respectfully seeks to maintain under seal the limited redactions addressed herein.

**I. Microsoft Objects to Disclosure without Redaction of Its Documents Sought in the New York Times' Motion for Access to Judicial Records**

Microsoft recognizes, and has worked diligently throughout this litigation to respect, the important function that open courts and public access to records plays in ensuring the integrity of judicial proceedings. *See United States v. Hubbard*, 650 F.2d 293, 314–15 (D.C. Cir. 1980). To that end, during trial Microsoft designated roughly half of the documents for which it received

notice as less than fully confidential, allowing them to be made public in whole or in part. For those documents that it designated confidential, Microsoft worked with the Parties to coordinate effective public testimony that protected Microsoft's competitively and commercially sensitive information yet allowed the public to understand the relevance of Microsoft's material to the Parties' claims and defenses. Fundamental to Microsoft's approach, however, was the understanding that a confidential document's introduction as an exhibit at trial did not automatically mean that the document was subject to public disclosure, let alone in its entirety. As this Court recognized during the March 11, 2024 hearing, "[h]ad . . . the parties viewed it differently, and the third parties viewed it differently, the exhibits themselves would look very different than what they look like today." Mar. 11 Hrg. Tr. 16:12–15.

Despite Microsoft's and the Parties' diligence, the New York Times now seeks to subvert those careful efforts by arguing that "everything that's submitted is a judicial record" regardless of whether, or how much of, the document was used at trial or for what purpose. *See* Mar. 11 Hrg. Tr. 31:1–3. In particular, the New York Times seeks access to the confidential information contained in eighteen documents produced by Microsoft (the "Requested Exhibits").[1]

---

[1]    *See* Decl. of Al-Amyn Sumar, Ex. A, ECF No. 800-4. As stated in Microsoft's previous position statement, ECF No. 814, Microsoft does not object to the disclosure of DX0423 and DX2013. Additionally, on April 2, 2024, Microsoft proposed redactions to the remaining identified Microsoft exhibits and the Shirley Heath deposition designations. Microsoft and the New York Times met and conferred on April 5, 2024. The New York Times has now indicated that it is satisfied with Microsoft's proposed redactions for DC2013, DX0423, DX0466, DX0500A, DX0501, DX0533, DX535, DX0673, UPX0116, and the Shirley Heath deposition designations. Additionally, the New York Times has stated that it is no longer seeking the attachments to DX0452, DX0455, DX0679, UPX0246, and UPX0797. A dispute remains with respect to the redacted portions of exhibits DX0434, DX0454, DX0457, DX0472, DX0500, DX0524, DX0538, DX0680, DX0688, PSX00761, UPX0301, UPX0736, and DX0963 as well as the redacted portions of the e-mail exchanges contained in DX0452, DX0455, DX0679, UPX0246, and UPX0797. Microsoft retains its objections with respect to the redacted portions of the exhibits still in dispute. Copies of each disputed exhibit, with proposed redactions, are attached as exhibits

**II.     The *Hubbard* Factors Clearly Weigh Against Disclosing the Redacted Portions of the Requested Exhibits**

In evaluating requests to protect documents from public disclosure, courts weigh six factors outlined in *Hubbard*: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosures, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purpose for which the documents were introduced during the judicial proceeding.  650 F.2d at 317–22; *see also Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016).   Balancing the *Hubbard* factors makes clear that disclosure is not called for here.[2]

**A.    The Redacted Portions of the Requested Exhibits Contain Competitively and Commercially Sensitive Information, Release of Which Would Cause Microsoft Substantial Harm, and Thus Should Remain Under Seal**

The instant analysis begins with the fourth *Hubbard* factor—the strength of any property and privacy interest asserted—as it is perhaps the most important here.

"Confidentiality and privacy interests are plainly substantial interests in the ordinary case." *Judicial Watch, Inc. v. Schiff*, 998 F.3d 989, 997 (D.C. Cir. 2021).  As the court in *Hubbard* recognized, "[c]ourts have refused to permit their files to serve as . . . sources of business information that might harm a [party's] competitive standing" and the public has been excluded

---

to Julia Chapman's declaration in support of this positions statement.  *See generally*, Chapman Decl.

[2]     The sole factor that does not currently appear to be applicable here is the fifth factor that "refers to 'legal prejudice—i.e., harm in future litigation." *See Jackson v. Starbucks Corp.*, No. 19-1487 (RC), 2022 U.S. Dist. LEXIS 54561, at *8 n.1 (D.D.C. Mar. 25, 2022).  Although it is of note that the New York Times has sued Microsoft and OpenAI regarding search-adjacent AI issues, *see New York Times v. Microsoft et al.*, No. 1:23-cv-11195 (S.D.N.Y. Dec. 27, 2023), and DX0680 is an e-mail exchange discussing Microsoft's investment in OpenAI, *See* Tinter Decl. ¶¶ 35–37.

from court proceedings or the record of court proceedings to protect private interests such as trade secrets. 650 F.2d at 315; *see also Syngenta Crop Prot. LLC v. Willowood, LLC*, No. 1:15-CV-274, 2017 WL 6001818, at *2 (M.D.N.C. Dec. 4, 2017) ("Restrictions on the public's right of access may be appropriate when access to judicial records could provide a 'source of business information that might harm a litigant's competitive standing.'").

      Microsoft has very strong property and privacy issues at stake here. The redacted portions of the Requested Exhibits contain, *inter alia*, (1) internal negotiation strategies and considerations, including discussions of various opportunities and approaches, cost-benefit analyses, descriptions of deal economics, outlines of potential deal structures, discussions of needed technical work, evaluations of financial investments, descriptions of Microsoft's willingness to make investments, and internal assessments of Microsoft's strengths and weaknesses; (2) material, non-public financial information; (3) details of Microsoft's partnerships including deal size, performance metrics, and confidential deal terms; (4) non-public and highly sensitive metrics, including headcount and index size; (5) details of Microsoft's product improvement initiatives and strategies; (6) assessments of individual Microsoft employee performance; and (6) Microsoft's internal strategies with respect to working with regulators. *See* Tinter Decl. ¶¶ 6, 9, 12, 15, 18, 21, 24, 27, 30, 33, 36, 39, 44, 47, 50, 53. The release of this information would cause substantial harm to Microsoft, including, *inter alia*, disadvantaging Microsoft's negotiation position in future negotiations with Apple, Samsung, Mozilla, and others, as well as providing unfair insight to Microsoft's competitors with respect to Microsoft's internal strategy, product improvements, metrics, and financial information, disclosure of which would hinder Microsoft's ability to effectively compete. *See* Tinter Decl. ¶¶ 7, 10, 13, 16, 19, 22, 25, 28, 31, 34, 37, 40, 45, 48, 51, 54, 57.

Consequently, because Microsoft has a strong interest in protecting its commercially and competitively sensitive information—including detailed information regarding internal strategies, non-public metrics and financial information, and sensitive commercial negotiations—and avoiding competitive harm to its business, the fourth *Hubbard* factor weighs against public disclosure.

## B. Microsoft's Need To Protect Commercially Sensitive Information Substantially Outweighs Any Need For Public Disclosure

The "presumption in favor of public access to court documents is based on 'promoting the public's understanding of the judicial process[;]' where the information at issue is not necessary to the public's understanding, the public has a 'minimal interest in [that] information.'" *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013). This is especially true in cases such as this, where disclosure of the court document could provide a "source of business information that might harm a litigant's competitive standing." *Syngenta Crop Prot. LLC*, 2017 WL 6001818, at *2. For example, in *Syngenta Crop Protection, LLC*, the court found that Syngenta had "demonstrated that its compelling interest in protecting its competitive standing heavily outweigh[ed] the public's right to access the[] trial exhibits" where sufficient information was "disclosed in the trial transcript, thus allowing the public to understand the evidence and to evaluate the fairness of the proceedings and of the result, even without the exhibits in hand." *Syngenta Crop Prot. LLC*, 2017 WL 6001818, at *7.

The redacted information to which the New York Times seeks access is not necessary to the public's understandings of these proceedings. As set forth below and in Microsoft's previous position statements, the requested information falls into at least one (and often many) of the following categories: (1) the redacted material was not discussed, referenced, or cited at trial and thus is unnecessary to "promot[e] the public's understanding of the judicial process[.]," *Apple*

5

*Inc.*, 727 F.3d at 1226, or (2) the redacted material was sufficiently addressed in publicly available testimony, such that disclosure of Microsoft's confidential information would add nothing to the public's understanding, *Syngenta Crop Prot. LLC*, 2017 WL 6001818, at *7.

For example, with reference to specific exhibits in dispute here:[3]

- **DX0434, DX0454, DX0457, DX0679:** During trial, Google's counsel briefly examined Jon Tinter on DX0434, DX0454, DX0457, and DX0679, asking him to confirm the context of the documents, the existence of specific statements, and that those statements reflect Mr. Tinter's understanding. Tr. 3285:7–3287:9; 3287:10–3289:8; 3289:9–3291:21; 3294:15–3298:10. With the exception of Mozilla's estimates as to the percentage of search volume Mozilla would retain if it switched its default to Bing (contained within DX0679), Microsoft has not requested that any of these statements be redacted. *See* Chapman Decl., Exs. 1, 3, 5, 10. Moreover, Mr. Tinter's testimony regarding these documents is almost entirely available to the public, again with the exception of Mozilla's estimates with respect to search volume retention. Otherwise, the redacted portions of DX0434, DX0454, DX0457, and DX0679 were not referenced during trial. *See id.*; Davis Decl. ¶¶ 5, 7, 9, 14.

- **DX0452, UPX0301:** During trial, both Google's counsel and the Department of Justice's counsel briefly examined Mr. Tinter on DX0452 and UPX0301. Tr. 3358:20–3360:25; 3420:9–3421:13; 3247:12–3252:6; 3355:13–3358:19. Microsoft has not requested redactions to the portions of DX0452 and UPX0301 about which Mr. Tinter was questioned, *see* Chapman Decl., Exs. 2, 16, and Mr. Tinter's testimony on those documents is available to the public in its entirety. The redacted portions of DX0452 and UPX0301 were not referenced during trial. *See id.*; Davis Decl. ¶¶ 6, 20.

- **UPX0246, UPX0797:** During trial, the Department of Justice's counsel questioned Mr. Tinter on UPX0246 and UPX0797, asking him high level questions about specific portions of those documents. Tr. 3127:3139:6; 3255:4–3258:13. Mr. Tinter's testimony is public, and Microsoft has not requested the redaction of any of the content discussed at trial. *See* Chapman Decl. Exs. 15, 18. The redacted portions of DX0246 and UPX0797, however, were not referenced during trial. *See id.*; Davis Decl. ¶¶ 19, 22.

- **DX0500, DX0524:** During trial, Google's counsel questioned Satya Nadella about portions of DX0500 and DX0524 without discussing any of the numbers included in the documents. Tr. 3562:3–3565:6; 3556:16–3562:13. Mr. Nadella's testimony is public, and none of the content referenced during his testimony is redacted in Microsoft's proposed redactions. *See* Chapman Decl., Exs. 7, 8. Instead, Microsoft

---

[3] Allen Davis's declaration in support of this position statement outlines the portions of each disputed exhibit used with witnesses during trial. *See generally* Davis Decl.

has proposed the redaction of the numerical data that was not discussed at trial as well as the portions of the documents that were never referenced during trial. *See id.*; Davis Decl. ¶¶ 11, 12.

- **UPX0736:** During trial, the Department of Justice's counsel briefly questioned Mr. Nadella on UPX0736, focusing exclusively on a single portion of the first page of the exhibit. Tr. 3524:12-3526:9. Mr. Nadella's testimony is public, and Microsoft has requested the redaction of internal market share estimates and traffic acquisition cost percentages only, which were not disclosed during testimony. *See* Chapman Decl., Ex. 17. Otherwise, the redacted portions of UPX0736 were not referenced at trial. *See id.*; Davis Decl. ¶ 21.

- **DX0538:** During trial, Google's counsel briefly questioned Mikhail Parakhin about a single page of DX0538, describing a Microsoft project to increase index size. Tr. 2755:15–2757:12. This testimony is public, and Microsoft has not requested the redaction of the e-mail discussed at trial with the exception of references to specific product initiatives, relevance techniques used, and the size of Microsoft's index, which are highly confidential and competitively as well as commercially sensitive. *See* Chapman Decl., Ex. 9; Tinter Decl. ¶¶ 30, 31. The remainder of the redacted content in DX0538 was not referenced at trial. *See* Chapman Decl., Ex. 9; Davis Decl. ¶ 13.

- **DX0688:** During trial, Google's counsel examined Mr. Parakhin on a portion of one sentence within the e-mail exchange contained in DX0688. Tr. 2752:15–2755:13. Mr. Parakhin's testimony is public, and none of the content referenced in that testimony is redacted in Microsoft's proposed redactions. *See* Chapman Decl., Ex. 12. Instead, Microsoft proposes the redaction of content that was not discussed at trial. *See id.*; Davis Decl. ¶ 16.

- **PSX00761:** No Microsoft witness was questioned about this document. *See* Davis. Decl. ¶ 18.

Further, each of Microsoft's proposed redactions reflects redaction of the confidential material of a third party. *Hubbard*, 650 F.2d at 319–20. The first *Hubbard* factor weighs in favor of keeping the redacted portions of the Requested Exhibits under seal.

    C.    **Microsoft Keeps the Information Contained in the Redacted Portions of the Requested Exhibits Confidential and Therefore There is No Previous Access Weighing in Favor of Disclosure**

Courts evaluating whether to allow public disclosure of documents consider previous access to disputed documents to "weigh in favor of subsequent access." *Hubbard*, 650 F.2d at

7

318. Here, as explained in Jon Tinter's declaration in support of this position statement, Microsoft carefully maintains the confidentiality—and avoids disclosure—of information in the redacted portions of the Requested Exhibits. *See* Tinter Decl., ¶¶ 7, 10, 13, 16, 19, 22, 24, 25, 28, 31, 34, 37, 40, 42, 45, 48, 51, 54, 57 (explaining that Microsoft does not disclose to the public the types of information contained in the redacted portions of the Requested Exhibits). "There is thus no previous access to weigh in favor of [public] access" and the second *Hubbard* factor weighs in favor of the redacted portions of the Requested Exhibits remaining under seal. 650 F.2d at 318–19.

### D. Microsoft is a Nonparty, Weighing in Favor of Minimizing Disclosure of Its Competitively and Commercially Sensitive Information

In *Hubbard*, the District of Columbia Circuit noted that "where a third party's property and privacy rights are at issue the need for minimizing intrusion is especially great" and that "objection to access made by a third party weighs in favor of non-disclosure." 650 F.2d at 319–20. Here, while Microsoft is a direct competitor to Google, for the purposes of the *Hubbard* analysis, Microsoft is still a nonparty. Microsoft is a third party that has worked diligently with the Parties to assess requests both as to the publishing of Microsoft documents and their provision in response to requests from the New York Times and other press outlets. Where Microsoft objected to such requests—such as the objections at issue here—it did so to protect competitively or commercially sensitive information, the disclosure of which would cause harm to Microsoft's business.[4] In sum, the third *Hubbard* factor also weighs in favor of prohibiting public access to the redacted portions of the Requested Exhibits.

### E. The Vast Majority of the Redacted Material Contained in the Requested Exhibits was Not Discussed, Referenced, or Cited During Trial

---

[4] Microsoft has worked diligently to make concessions to facilitate public disclosure where possible given competitive and commercial concerns.

Here, the sixth factor goes hand in hand with the first. As discussed *supra* under Section II.B, the vast majority of the redacted portions of the Requested Exhibits were not discussed, referenced, or cited at trial and thus are not relevant to the instant judicial proceeding. *See* Davis Decl. As this Court has recognized, "[j]ust because a case comes to trial and there's public interest in the trial and there are documents introduced, does not mean that all of those documents in their entirety become public records." *See* Tr. 3444:20–3445:8; 3451:8–13. Consequently, this element also weighs against disclosure.

*   *   *

Given Microsoft's status as a nonparty, the business risks posed by the public disclosure of the redacted portions of the Requested Exhibits, the lack of previous access to such information, the clear and extensive public testimony from Microsoft witnesses, and the limited or lack of use of the redacted portions of the Requested Exhibits at trial, the *Hubbard* factors weigh in favor of denying the New York Times' request for the disclosure of the redacted information.

## CONCLUSION

For the foregoing reasons, Microsoft respectfully requests that the Court deny the New York Times' motion with respect to Microsoft's documents as redacted.

Dated: April 10, 2024

Respectfully Submitted,

*/s/ Julia Chapman*
Julia E. Chapman (*pro hac vice*)
Martin J. Black (*pro hac vice*)
Dechert LLP
2929 Arch Street
Philadelphia, A 19104
martin.black@dechert.com
julia.chapman@dechert.com

Vincent Cohen (DC Bar No. 471489)
John A. Jurata, Jr. (DC Bar No. 478602)
Amisha R. Patel (DC Bar No. 1005420)
Dechert LLP
1900 K Street, NW
Washington, DC 20006
vincent.cohen@dechert.com
jay.jurata@dechert.com
amisha.patel@dechert.com

Matthew L. Larrabee (*pro hac vice*)
Dechert LLP
3 Bryant Park
1095 Ave. of the Americas
New York, NY 10036
matthew.larrabee@dechert.com

Russell P. Cohen (*pro hac vice*)
Dechert LLP
One Bush Street, Suite 1600
San Francisco, CA 94104
russ.cohen@dechert.com

Amy W. Ray (DC Bar No. 489086)
Allen Davis (DC Bar No. 1045657)
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Ave., NW
Washington, DC 20037
amyray@orrick.com
allen.davis@orrick.com

Mark Parris (*pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, WA 98101
mparris@orrick.com

*Attorneys for Nonparty Microsoft Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2024 the foregoing document was electronically submitted with the clerk of the court for the United States District Court, District of Columbia, using the electronic case file system of the court. The electronic case file system sent a "Notice of Electronic Filing" to all counsel of record.

*/s/ Julia Chapman*
Julia Chapman
