**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-3010 (APM) |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| STATE OF COLORADO et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-3715 (APM) |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The court hereby sets forth below its rulings with respect to the parties' disputed redactions of their post-trial submissions.  The court has organized this Order to correspond to the manner in which the disputes were presented by the United States and Google.[1]  *See* (Sealed) ECF Nos. 874-1 & 878-1 (summarizing disputes).  The rulings are informed by the legal principles set forth in its oral ruling on April 24, 2024, *see* Order, ECF No. 892, and reflect the court's individualized balancing of the *Hubbard* factors during that hearing.  The DOJ Plaintiffs and Google shall amend their submissions consistent with the court's rulings and publicly docket them by April 30, 2024.

---

[1] Plaintiff States' post-trial submissions have no outstanding confidentiality disputes.

## I.      Google's Post-Trial Brief

| Page and Line | Requesting Redaction | Ruling |
|---|---|---|
| 32:10 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would result in no discernable competitive disadvantage and would shed light on the alleged barriers to entry in a proposed market. |
| 32:14 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would result in no discernable competitive disadvantage and would shed light on the alleged barriers to entry in a proposed market. |
| 38:10 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would further the public's understanding of this case, as this information is central to the Plaintiffs' theory. |
| 58:12-17 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would further the public's understanding of this case, as this information is central to the Plaintiffs' theory. |
| 60:4-6 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would further the public's understanding of this case, as this information is central to the Plaintiffs' theory. |
| 62:24-63:3 | Third Party | **Unredact**. This information was disclosed by a third party to the Department of Justice as part of its investigation without, to the court's knowledge, any assurance of confidentiality. |
| 77:22-25 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would further the public's understanding of this case, as this information is central to the Plaintiffs' theory. |
| 107:5 | Google and Third Party | **Keep Redacted**.  The redacted number combines Google and Microsoft data in such a way that disclosure would result in exposing each party's figure to the other, which could cause competitive harm. |

## II.     Google's Proposed Conclusions of Law

| Paragraph | Requesting Redaction | Ruling |
|---|---|---|
| 65 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would further the public's understanding of this case, as this information is central to the Plaintiffs' theory. |

## III.    Google's Proposed Findings of Fact

| Paragraph | Requesting Redaction | Ruling |
|---|---|---|
| 135 | Google | **Keep Redacted**. This is product information that describes nonpublic aspects of Google's search technology and whose release could result in clear competitive disadvantage. |
| 222 | Google | **Keep Redacted**.  This nonpublic information details the costs of Google's investments and expenses. Revealing these precise amounts would reveal information that competitors could use to their advantage and Google's disadvantage. |
| 240 | Google | **Keep Redacted**. This information is a data point created by Google that, if disclosed to competitors, could result in harm to Google's commercial interests.  It is specifically and adequately justified by the declarant. |
| 314 | Google | **Keep Redacted**. This is product information that describes nonpublic aspects of Google's search technology and whose release could result in clear competitive disadvantage |
| 315 | Google | **Keep Redacted**. This is product information that describes nonpublic aspects of Google's search technology and whose release could result in clear competitive disadvantage |
| 316 | Google | **Keep Redacted**. This is product information that describes nonpublic aspects of Google's search technology and whose release could result in clear competitive disadvantage |
| 318 | Google | **Keep Redacted**. This is product information that describes nonpublic aspects of Google's search technology and whose release could result in clear competitive disadvantage |
| 319 | Google | **Keep Redacted**. This is product information that describes nonpublic aspects of Google's search |

| | | technology and whose release could result in clear competitive disadvantage |
|---|---|---|
| 320 | Google | **Keep Redacted**. This is product information that describes nonpublic aspects of Google's search technology and whose release could result in clear competitive disadvantage |
| 429 | Third Party | **Unredact**. This number pertains to market share, and although objected to by a third party, is sufficiently core to the case to outweigh those interests, which are comparatively weak. |
| 460 | Third Party | **Unredact**. This estimate of the relative size of Microsoft and Google's engineering teams is central to Google's defense, and does not reveal the actual size of Microsoft's team.  It is also a dated figure from 2018. |
| 465 (fig.) | Third Party | **Keep Redacted**.  This nonpublic information details Microsoft's expenditures. Revealing these precise amounts would reveal information that competitors could use to their advantage and Microsoft's disadvantage. |
| 473 | Third Party | **Keep Redacted**. This third-party internal projection of its ability to compete is very sensitive and, if disclosed, could harm partnerships. |
| 491 | Third Party | **Keep only the Dollar Amount Redacted**.  This nonpublic information details the costs of Microsoft's investments and expenses. Revealing these precise amounts would reveal information that competitors could use to their advantage and Microsoft's disadvantage. |
| 509 | Third Party | **Unredact**. These figures are from a Mozilla experiment that Google relies heavily on in its filings. The experiment bears on a foundational issue in this case, which is how users behaved when the default search engine was switched from Google to Bing. |
| 510 | Third Party | **Unredact**. These figures are from a Mozilla experiment that Google relies heavily on in its filings. The experiment bears on a foundational issue in this case, which is how users behaved when the default search engine was switched from Google to Bing. |
| 514 | Third Party | **Unredact**. A third party's perspective of the relative quality of two search engines is not so sensitive as to warrant these redactions, especially when such perspectives were shared in open court at trial. |
| 519 | Third Party | **Unredact**. This information was disclosed by a third party to the Department of Justice as part of its |

| | | investigation without, to the court's knowledge, any assurance of confidentiality. |
|---|---|---|
| 520 | Third Party | **Unredact**. This information was disclosed by a third party to the Department of Justice as part of its investigation without, to the court's knowledge, any assurance of confidentiality. |
| 521 | Third Party | **Unredact**. This information was disclosed by a third party to the Department of Justice as part of its investigation without, to the court's knowledge, any assurance of confidentiality. |
| 528 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would further the public's understanding of this case, as this information is central to the Plaintiffs' theory. |
| 529 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would further the public's understanding of this case, as this information is central to the Plaintiffs' theory. |
| 530 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would further the public's understanding of this case, as this information is central to the Plaintiffs' theory. |
| 531 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would further the public's understanding of this case, as this information is central to the Plaintiffs' theory. |
| 532 | Third Party | **Keep Redacted**. This information could result in significant commercial disadvantage to a third party if released, and its probative value and relevance is outweighed by this risk of prejudice. |
| 534 | Third Party | **Keep Redacted**. This information could result in significant commercial disadvantage to a third party if released, and its probative value and relevance is outweighed by this risk of prejudice. |
| 542 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would result in no discernable competitive disadvantage and would shed light on the alleged barriers to entry in a proposed market. |
| 549 | Third Party | **Keep Redacted**. This information could result in significant commercial disadvantage to a third party if released, and its probative value and relevance is outweighed by this risk of prejudice. |
| 550 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would result in no discernable competitive disadvantage and would shed light on the alleged barriers to entry in a proposed market. |

| 551 | Third Party | **Keep Redacted**. This information could result in significant commercial disadvantage to a third party if released, and its probative value and relevance is outweighed by this risk of prejudice. |
| 552 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would result in no discernable competitive disadvantage and would shed light on the alleged barriers to entry in a proposed market. |
| 561 | Third Party | **Keep Redacted**. This information could result in significant commercial disadvantage to a third party if released, and its probative value and relevance is outweighed by this risk of prejudice. |
| 570 | Google | **Keep Redacted**.  There is no dispute as to this redaction, and the court agrees that it is justified. |
| 575 | Third Party | **Unredact**. This information pertains to a potential deal that was never realized, and thus is not likely to result in commercial disadvantage to these third parties. |
| 580 | Third Party | **Keep Redacted**. This information could result in significant commercial disadvantage to a third party if released, and its probative value and relevance is outweighed by this risk of prejudice. |
| 581 | Third Party | **Keep Redacted**. This information could result in significant commercial disadvantage to a third party if released, and its probative value and relevance is outweighed by this risk of prejudice. |
| 596 | Third Party | **Keep Redacted**. This information reflects the internal notes of a third party and its impressions of another third party, has minimal relevance, and could result in competitive disadvantage and prejudice, if disclosed. |
| 597 | Third Party | **Keep Redacted**. This information reflects the internal notes of a third party and its impressions of another third party and has minimal relevance, but could result in competitive disadvantage and prejudice. |
| 598 | Third Party | **Unredact**. This information is dated and there is no discernable competitive disadvantage that would result from disclosure. |
| 672 | Third Party | **Keep Redacted**. This concerns internal data about the traffic of a third-party advertiser that is not sufficiently central to this case to warrant disclosing sensitive third party information. |
| 787 | Third Party | **Unredact**. These figures are from a Mozilla experiment that Google relies heavily on in its filings. The experiment bears on a foundational issue in this |

| | | |
|---|---|---|
| | | case, which is how users behaved when the default search engine was switched from Google to Bing. |
| 858 | Third Party | **Unredact**. This information is dated and there is no discernable competitive disadvantage that would result from disclosure. |
| 955 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would result in no discernable competitive disadvantage and would shed light on the alleged barriers to entry in a proposed market. |
| 966 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would result in no discernable competitive disadvantage and would shed light on the alleged barriers to entry in a proposed market. |
| 1045 | Third Party | **Keep Redacted**. This information contains internal third-party strategy that, if disclosed, could result in competitive harm to this third party. |
| 1059 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would result in no discernable competitive disadvantage and would shed light on the alleged barriers to entry in a proposed market. |
| 1062 | Third Party | **Keep Redacted**. This information contains internal third-party strategy that if disclosed, could result in competitive harm to this third party. |
| 1126 | Third Party | **Keep Redacted**. This information contains internal third-party strategy that if disclosed, could result in competitive harm to this third party. |
| 1129 | Third Party | **Keep Redacted**. This information contains internal third-party financial information that if disclosed, could result in competitive harm to this third party. |
| 1135 (fig. y axis) | Google | **Keep Redacted**. This information reflects details about the mechanics of Google's ad auctions that, if disclosed, could be leveraged by competitors to Google's detriment. |
| 1216 | Google | **Keep Redacted**. This information reflects details about the mechanics of Google's SERP that, if disclosed, could be leveraged by competitors to Google's detriment. |
| 1257 | Third Party | **Unredact**. This information goes to the core of the case, it is dated, and the revenue share figure therein is already public. |
| 1258 | Third Party | **Unredact**. This information goes to the core of the case, it is dated, and the revenue share figure therein is already public. |
| 1259 | Third Party | **Unredact**. This information goes to the core of the case, it is dated, and the revenue share figure therein is already public. |

| 1264 | Third Party | **Unredact**. This information goes to the core of the case, it is dated, and the revenue share figure therein is already public. |
| 1265 | Google and Third Party | **Unredact**. The disclosure of agreement termination dates, although nonpublic, would not result in sufficient competitive harm if disclosed. |
| 1272 | Google and Third Party | **Unredact**. The disclosure of agreement termination dates, although nonpublic, would not result in sufficient competitive harm if disclosed. |
| 1273 | Google and Third Party | **Unredact**. The disclosure of agreement termination dates, although nonpublic, would not result in sufficient competitive harm if disclosed. |
| 1282 | Third Party | **Unredact**. The disclosure of agreement termination dates, although nonpublic, would not result in sufficient competitive harm if disclosed. |
| 1289 | Third Party | **Unredact**. These contractual provisions are at the heart of this case, and the actual provisions have been released. |
| 1298 | Third Party | **Keep Redacted**. This information reflects a code word whose release could cause this third-party competitive harm. |
| 1299 | Third Party | **Keep Redacted**. This information reflects a code word whose release could cause this third-party competitive harm. |
| 1302 | Third Party | **Unredact**. This information goes to the core of the case and is relayed at a sufficiently high level to mitigate the privacy and property interests. |
| 1311 | Third Party | **Unredact**. This information goes to the core of the case and is relayed at a sufficiently high level to mitigate the privacy and property interests. |
| 1313 | Third Party | **Unredact**. This information goes to the core of the case and is relayed at a sufficiently high level to mitigate the privacy and property interests. |
| 1315 | Third Party | **Unredact**. Microsoft CEO Nadella already testified to this information at a high level at trial. |
| 1316 | Third Party | **Unredact**. This information has been disclosed elsewhere and is presented at a sufficiently high level to mitigate the privacy and property interests. |
| 1321 | Third Party | **Keep Redacted**. This information contains internal third-party strategy that, if disclosed, could result in competitive harm to this third party. |
| 1322 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would further the public's understanding of this case, as this information is central to the Plaintiffs' theory. |

| 1324 | Third Party | **Unredact**. This information has been disclosed elsewhere and is presented at a sufficiently high level to mitigate the privacy and property interests. |
|---|---|---|
| 1326 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would further the public's understanding of this case, as this information is central to the Plaintiffs' theory. |
| 1327 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would further the public's understanding of this case, as this information is central to the Plaintiffs' theory. |
| 1328 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would further the public's understanding of this case, as this information is central to the Plaintiffs' theory. |
| 1329 | Third Party | **Unredact**. This information has been disclosed elsewhere and is presented at a sufficiently high level to mitigate the privacy and property interests. |
| 1330 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would further the public's understanding of this case, as this information is central to the Plaintiffs' theory. |
| 1331 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would further the public's understanding of this case, as this information is central to the Plaintiffs' theory. |
| 1336 | Third Party | **Unredact**. This information reflects Apple's evaluations of Google and Bing. Although sensitive third-party information, it was largely the subject of testimony by Nadella and Apple witness Eddy Cue. |
| 1342 | Third Party | **Keep Redacted**. This information contains internal third-party product information that, if disclosed, could result in competitive harm to this third party. |
| 1343 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would result in no discernable competitive disadvantage. |
| 1363 | Third Party | **Unredact**. This information goes to the core of the case and it is dated. |
| 1372 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would further the public's understanding of this case, as this information is central to the Plaintiffs' theory. |
| 1374 | Third Party | **Unredact**. These figures are from a Mozilla experiment that Google relies heavily on in its filings. The experiment bears on a foundational issue in this |

| | | case, which is how users behaved when the default search engine was switched from Google to Yahoo. |
|---|---|---|
| 1379 | Third Party | **Unredact**. These figures are from a Mozilla experiment that Google relies heavily on in its filings. The experiment bears on a foundational issue in this case, which is how users behaved when the default search engine was switched from Google to Bing. |
| 1383 | Third Party | **Unredact**. This information was disclosed by a third party to the Department of Justice as part of its investigation without, to the court's knowledge, any assurance of confidentiality. |
| 1399 | Third Party | **Unredact**. These figures are from a Mozilla experiment that Google relies heavily on in its filings. The experiment bears on a foundational issue in this case, which is how users behaved when the default search engine was switched from Google to Bing. |
| 1406 | Third Party | **Unredact**. This information has been disclosed elsewhere and is presented at a sufficiently high level to mitigate the privacy and property interests. |
| 1413 | Third Party | **Unredact**. This information has been disclosed elsewhere and is presented at a sufficiently high level to mitigate the privacy and property interests. |
| 1427 | Google | **Keep Redacted**.  There is no dispute as to this redaction, and the court agrees that it is justified. |
| 1428 | Google | **Keep Redacted**.  There is no dispute as to this redaction, and the court agrees that it is justified. |
| 1429 | Google | **Keep Redacted**.  There is no dispute as to this redaction, and the court agrees that it is justified. |
| 1430 | Google | **Keep Redacted**.  There is no dispute as to this redaction, and the court agrees that it is justified. |
| 1458 | Third Party | **Unredact**. These figures are from a Mozilla experiment that Google relies heavily on in its filings. The experiment bears on a foundational issue in this case, which is how users behaved when the default search engine was switched from Google to Yahoo. |
| 1459 | Third Party | **Unredact**. These figures are from a Mozilla experiment that Google relies heavily on in its filings. The experiment bears on a foundational issue in this case, which is how users behaved when the default search engine was switched from Google to Bing. |
| 1463 | Third Party | **Unredact**. This information was disclosed by a third party to the Department of Justice as part of its investigation without, to the court's knowledge, any assurance of confidentiality. |
| 1480 | Google | **Unredact the Google-only Redactions (red boxes)**. This figure relates to market foreclosure and its |

| | | |
|---|---|---|
| | | aggregated nature minimizes the likelihood of harm from disclosure. As to the other redactions, the parties do not dispute them, and the court agrees they are justified. |
| 1485 | Google and Third Party | **Keep Redacted**. This is a current revenue share figure that has not otherwise been disclosed. It could cause harm to Google or Google's partners by providing a nonpublic benchmark for future negotiations. |
| 1488 | Google and Third Party | **Keep Redacted**. This is a current revenue share figure that has not otherwise been disclosed. It could cause harm to Google or Google's partners by providing a nonpublic benchmark for future negotiations. |
| 1489 | Google and Third Party | **Keep Redacted**. This is a current revenue share figure that has not otherwise been disclosed. It could cause harm to Google or Google's partners by providing a nonpublic benchmark for future negotiations. |
| 1490 | Google and Third Party | **Keep Redacted**. This is a current revenue share figure that has not otherwise been disclosed. It could cause harm to Google or Google's partners by providing a nonpublic benchmark for future negotiations. |
| 1493 | Google and Third Party | **Unredact everything but the revenue share**.  The terms relate to the S-Browser and would aid the public's understanding of how the agreement was implemented.  The revenue share figure should be redacted. |
| 1494 | Google and Third Party | **Unredact everything but the revenue share**.  The terms relate to the S-Browser and would aid the public's understanding of how the agreement was implemented.  The revenue share figure should be redacted. |
| 1495 | Google and Third Party | **Keep Redacted**. This is a current revenue share figure that has not otherwise been disclosed. It could cause harm to Google or Google's partners by providing a nonpublic benchmark for future negotiations. |
| 1499 | Google and Third Party | **Unredact everything but the revenue share**.  The terms relate to the S-Browser and would aid the public's understanding of how the agreement was implemented.  The revenue share figure should be redacted. |
| 1500 | Google and Third Party | **Keep Redacted**. This is a current revenue share figure that has not otherwise been disclosed. It could |

| | | cause harm to Google or Google's partners by providing a nonpublic benchmark for future negotiations. |
|---|---|---|
| 1505 | Google and Third Party | **Unredact everything but the bounty figure**. This is a currently payment figure that has not otherwise been disclosed. It could cause harm to Google or Google's partners by providing a nonpublic benchmark for future negotiations. |
| 1506 | Google and Third Party | **Keep Redacted only the bounty figure**. This is a currently payment figure that has not otherwise been disclosed. It could cause harm to Google or Google's partners by providing a nonpublic benchmark for future negotiations. |
| 1567 | Google | **Keep Redacted**.  This nonpublic information details the costs of Google's investments and expenses. Revealing these precise amounts would reveal information that competitors could use to their advantage and Google's disadvantage. |
| 1573 | Google | **Keep Redacted**.  This nonpublic information details the costs of Google's investments and expenses. Revealing these precise amounts would reveal information that competitors could use to their advantage and Google's disadvantage. This paragraph also contains a current revenue share percentage. |
| 1578 | Google and Third Party | **Keep Redacted**. These are current revenue share figures that have not otherwise been disclosed. They could cause harm to Google or Google's partners by providing a nonpublic benchmark for future negotiations. |
| 1580 | Google and Third Party | **Keep Redacted**. These are current revenue share figures that have not otherwise been disclosed. They could cause harm to Google or Google's partners by providing a nonpublic benchmark for future negotiations. |
| 1582 | Third Party | **Unredact**. This information has been disclosed elsewhere and is presented at a sufficiently high level to mitigate the privacy and property interests. |
| 1592 | Google | **Keep Redacted**. Google's internal revenue composition, including revenue derived from particular search access points, may be used by competitors to gain a nonpublic advantage regarding their prioritization of particular search access points |
| 1596 | Google | **Unredact**. This is a high-level description of how a third-party browser works. It is not sensitive, particularly not to Google, and should be disclosed. |

| | | |
|---|---|---|
| 1635 | Google | **Keep Redacted**. Google's internal revenue composition, including revenue derived from particular search access points, may be used by competitors to gain a nonpublic advantage regarding their prioritization of particular search access points |
| 1638 | Google and Third Party | **Unredact**. This information has been disclosed elsewhere and is presented at a sufficiently high level to mitigate the privacy and property interests. |
| 1640 | Google and Third Party | **Unredact**. This information has been disclosed elsewhere and is presented at a sufficiently high level to mitigate the privacy and property interests. |
| 1643 | Google | **Unredact**. This information has been disclosed elsewhere and is presented at a sufficiently high level to mitigate the privacy and property interests. |
| 1644 | Google and Third Party | **Unredact**. This information has been disclosed elsewhere and is presented at a sufficiently high level to mitigate the privacy and property interests. |
| 1647 | Third Party | **Unredact**. This information has been disclosed elsewhere and is presented at a sufficiently high level to mitigate the privacy and property interests. |
| 1648 | Google | **Unredact**. This information has been disclosed elsewhere and is presented at a sufficiently high level to mitigate the privacy and property interests. |
| 1654 | Google | **Keep Redacted**.  There is no dispute as to this redaction, and the court agrees that it is justified. |
| 1656 | Google and Third Party | **Unredact**. This is a description of a contract no longer in effect. It sheds light on the nature of negotiations and contributes to public understanding of the contracts central to this case. |
| 1658 | Google and Third Party | **Unredact**. This contract provision is the heart of the case and has been disclosed elsewhere. |
| 1659 | Google and Third Party | **Unredact**. This contract provision is the heart of the case and has been disclosed elsewhere. |
| 1691 | Google and Third Party | **Keep Redacted**. This information pertains to activities outside of the geographic limitation on the proposed market and would reveal post-regulatory action strategies, which have ongoing relevance. |
| 1741 | Third Party | **Keep Redacted**. This is third-party sensitive information regarding nonpublic partnerships with other third parties, which, if disclosed, could harm these nonparties' competitive standing and commercial interests. |
| 1754 | Third Party | **Keep Redacted subsections (1)(e), (f), and (g), and (3)(b)**. This is third-party sensitive information regarding nonpublic partnerships with other third parties, which, if disclosed, could harm these |

| | | nonparties' competitive standing and commercial interests. |
|---|---|---|
| 1762 | Third Party | **Keep Redacted**. This is third-party sensitive information regarding potential future partnerships with other third parties, which, if disclosed, could harm these nonparties' negotiating power. |
| 1866 | Third Party | **Keep Redacted**. This is third-party sensitive information regarding existing partnerships with other third parties, which, if disclosed, could harm these nonparties' negotiating power. |
| 1896 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would result in no discernable competitive disadvantage. |
| 1897 | Third Party | **Unredact**. This information reflects Microsoft's estimate of its lost revenue as a result of lack of feature parity in SA360. This goes to the core of the Plaintiff States' case and merely reflects estimates, not actual losses. |
| 1899 | Third Party | **Unredact**. This information reflects Microsoft's estimate of its lost revenue as a result of lack of feature parity in SA360. This goes to the core of the Plaintiff States' case and merely reflects estimates, not actual losses. |
| 1900 | Third Party | **Unredact**. This information reflects Microsoft's estimate of its lost revenue as a result of lack of feature parity in SA360. This goes to the core of the Plaintiff States' case and merely reflects estimates, not actual losses. |
| 1901 | Third Party | **Unredact**. This information reflects Microsoft's estimate of its lost revenue as a result of lack of feature parity in SA360. This goes to the core of the Plaintiff States' case and merely reflects estimates, not actual losses. |
| 1902 | Third Party | **Unredact**. This information reflects Microsoft's estimate of its lost revenue as a result of lack of feature parity in SA360. This goes to the core of the Plaintiff States' case and merely reflects estimates, not actual losses. |
| 1904 | Third Party | **Unredact**. This information reflects Microsoft's estimate of its lost revenue as a result of lack of feature parity in SA360. This goes to the core of the Plaintiff States' case and merely reflects estimates, not actual losses. |
| 1905 | Third Party | **Unredact**. This information reflects Microsoft's estimate of its lost revenue as a result of lack of feature parity in SA360. This goes to the core of the |

| | | Plaintiff States' case and merely reflects estimates, not actual losses. |
|---|---|---|
| 1906 | Third Party | **Unredact**. This information reflects Microsoft's estimate of its lost revenue as a result of lack of feature parity in SA360. This goes to the core of the Plaintiff States' case and merely reflects estimates, not actual losses. |
| 1909 | Third Party | **Unredact**. This information reflects Microsoft's estimate of its lost revenue as a result of lack of feature parity in SA360. This goes to the core of the Plaintiff States' case and merely reflects estimates, not actual losses. |
| 1915 | Third Party | **Unredact**. This information reflects Microsoft's estimate of its lost revenue as a result of lack of feature parity in SA360. This goes to the core of the Plaintiff States' case and merely reflects estimates, not actual losses. |
| 1920 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would result in no discernable competitive disadvantage and the information is central. |

## IV.   Google's Responsive Proposed Conclusions of Law

| Paragraph | Requesting Redaction | Ruling |
|---|---|---|
| 56 | Third Party | **Unredact**. This information has been disclosed elsewhere and is presented at a sufficiently high level to mitigate the privacy and property interests. |

## V.   Google's Responsive Proposed Findings of Fact

| Paragraph | Requesting Redaction | Ruling |
|---|---|---|
| 25 | Third Party | **Unredact**. This figure is crucial to the Plaintiffs' market foreclosure analysis and is thus central to the case. It is unlikely to result in competitive disadvantage to a third party due to disclosure. |
| 40 | Google and Third Party | **Keep Redacted**.  The redacted number combines Google and Microsoft data in such a way that disclosure would result in exposing each party's figure to the other, which could cause competitive harm. |
| 41 | Third Parties | **Keep Redacted**. This information contains internal third-party financial information that, if disclosed, could result in competitive harm to this third party. |

| 58 | Third Party | **Keep Redacted**. This information contains internal third-party data that, if disclosed, could result in competitive harm to this third party. |
|----|-------------|------------|
| 65 | Third Party | **Unredact**. This figure is crucial to the Plaintiffs' market foreclosure analysis and is thus central to the case. It is unlikely to result in competitive disadvantage to a third party if disclosed. |
| 87 | Google | **Keep Redacted.**  There is no dispute as to this redaction, and the court agrees that it is justified. |
| 90 | Third Party | **Unredact**. This information has been disclosed elsewhere and is presented at a sufficiently high level to mitigate the privacy and property interests. |
| 98 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would further the public's understanding of this case, as this information is central to the Plaintiffs' theory. |
| 104 | Third Party | **Unredact**. These figures are from a Mozilla experiment that Google relies heavily on in its filings. The experiment bears on a foundational issue in this case, which is how users behaved when the default search engine was switched from Google to rivals. |
| 109 | Third Party | Unredact. Although this information relates to a third party, disclosure would result in no discernable competitive disadvantage and the information is central. |
| 117 | Google | **Keep Redacted**. This is a current revenue share figure that has not otherwise been disclosed. It could cause harm to Google or Google's partners by providing a nonpublic benchmark for future negotiations. |
| 131 | Third Party | **Unredact**. This information has been disclosed elsewhere and is presented at a sufficiently high level to mitigate the privacy and property interests. |
| 132 | Google | **Keep Redacted**. This prediction of the actions a search competitor could take is more clearly harmful than other projections or predictions because it provides a roadmap to Google's competitors. |
| 134 | Third Party | **Unredact**. These figures are from a Mozilla experiment that Google relies heavily on in its filings. The experiment bears on a foundational issue in this case, which is how users behaved when the default search engine was switched from Google to Yahoo. |
| 156 | Third Party | **Unredact**. This information has been disclosed elsewhere and is presented at a sufficiently high level to mitigate the privacy and property interests. |

| 158 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would result in no discernable competitive disadvantage. |
|-----|-------------|---|
| 164 | Third Party | **Unredact**. Although this information relates to a third party, disclosure would further the public's understanding of this case, as this information is central to the Plaintiffs' theory. |
| 169 | Third Party | **Unredact**. A third party's perspective of the relative quality of two search engines is not so sensitive as to warrant these redactions, especially when such perspectives were shared in open court at trial. |
| 171 | Third Party | **Unredact**. These contractual provisions are at the heart of this case, and the actual provisions have been released. |
| 173 | Third Party | **Unredact**. This information is central to Google's defense and contains no language that would reveal anything about a third party's strategy. |
| 174 | Third Party | **Keep Redacted**. This information implicates the product interests of a third party and thus has significant privacy interests that outweigh disclosure here. |
| 212 | Third Party | **Unredact**. This information was disclosed by a third party to the Department of Justice as part of its investigation without, to the court's knowledge, any assurance of confidentiality. |
| 217 | Google | **Keep Redacted**. These are current revenue share figures that have not otherwise been disclosed. They could cause harm to Google or Google's partners by providing a nonpublic benchmark for future negotiations. |
| 228 | Third Parties | **Keep Redacted**. These are bespoke provisions of third-party contracts with marginal relevance. They should be sealed to protect those third parties' information. |
| 230 | Google | **Unredact**. These are key terms of the Mobile Services Incentive Agreements, which are core to Google's defense regarding the procompetitive benefits of its contracts. The competitive disadvantage is not clear. |
| 248 | Google | **Keep Redacted**.  This nonpublic information details the costs of Google's investments and expenses. Revealing these precise amounts would reveal information that competitors could use to their advantage and Google's disadvantage. |

| 279 | Google | **Unredact**. These contractual provisions are at the heart of this case, and the actual provisions have been released. |
| 288 | Google | **Unredact**. This data about the Google Search Widget is relevant to Google's defense regarding the procompetitive benefits of its contracts. |
| 300 | Google | **Keep Redacted**. Google's internal revenue composition, including revenue derived from particular search access points, may be used by competitors to gain a nonpublic advantage regarding their prioritization of particular search access points |
| 301 | Google | **Unredact**. Google's market share numbers are relevant to the Plaintiffs' case and the competitive disadvantage of revealing these figures is not clear. |
| 307 | Third Parties | **Keep Redacted**. These are bespoke provisions of third-party contracts with marginal relevance. They should be sealed to protect those third parties' information. |
| 317 | Google | **Keep Redacted**. Google's internal ads profit composition, including revenue derived from native ads tools vs. SEM tools, may be used by competitors to gain a nonpublic advantage regarding their prioritization of ad delivery. |
| 322 | Google and Third Party | **Unredact third-party-only objections**. While this information compares Google's ad delivery with a third party's, it is central to the Plaintiff States' SA360 claims, and so only the undisputed redactions (which the court agrees with) should be maintained. |
| 327 | Google | **Keep Redacted**. These third-part advertiser's names do not add relevance to this paragraph, and would reveal third-party sensitive information. |
| 340 | Third Party | **Unredact**. These are aggregated figures that do not reveal any third-party sensitive information. Although the figures pertain to SA360, Google has not requested these redactions. They are thus unlikely to cause competitive disadvantage to a third party. |
| 347 | Third Parties | **Keep Redacted**. This is third-party sensitive information regarding existing partnerships with other third parties, which, if disclosed, could harm these nonparties' negotiating power. |
| 348 | Third Party | **Keep Redacted**. This is third-party sensitive information regarding existing partnerships with other third parties, which, if disclosed, could harm these nonparties' negotiating power. |

## VI.     Plaintiffs' Post-Trial Submissions & Other Disputes in Google's Filings

| Dispute Category | Citations | Ruling |
|---|---|---|
| Term lengths of Google's Android agreements | PPFOF ¶¶ 239, 255, 274, 281, 286, and 300 | **Unredact**. The disclosure of agreement termination dates, although nonpublic, would not result in sufficient competitive harm if disclosed. |
| The definition of "Alternative Search Service" in Google's Android agreements | PPFOF ¶¶ 262 n.10, 357, 359, 861<br><br>GPFOF ¶¶ 1638, 1640, 1643, 1648, 1656, 1658, 1659<br><br>GRPFOF ¶ 279 | **Unredact**. These contractual provisions are at the heart of this case, and the actual provisions have been released. |
| Clauses guiding the interpretation of "Alternative Search Service" and/or "Search Access Point" in Google's Android agreements | PPFOF ¶ 262 n.10, 263 | **Unredact**. These contractual provisions are at the heart of this case, and the actual provisions have been released. |
| Limitations to S-Finder's functionality | GPFOF ¶ 1644<br><br>PRPFOF ¶ 2458 | **Unredact**. These contractual provisions are at the heart of this case, and the actual provisions have been released. |
| Default browser and placement requirements in Google's Android agreements | PPFOF ¶¶ 277, 784<br><br>GPFOF ¶¶ 1493, 1494, 1499, 1505 | **Unredact**. These contractual provisions are at the heart of this case, and the actual provisions have been released. |
| The Samsung RSA has no letter-upgrade and security-update requirements | PPFOF ¶ 266 | **Unredact**. These are key terms that are central to Google's defense regarding the procompetitive benefits of its contracts. |
| Where Google allows Mozilla to send search queries entered into Mozilla's navigation bar | PPFOF ¶ 348 | **Unredact**. These contractual provisions are at the heart of this case, and the actual provisions have been released. The third party here does not oppose disclosure. |
| The ISA applies to the United States | PPFOF ¶ 220 | **Unredact**. This information is public, Apple does not oppose disclosure, and the court can discern no competitive harm from disclosure. |

| | | |
|---|---|---|
| Term-length and issues relating to termination and revision of the ISA | PPTB at p. 38<br><br>PPFOF ¶¶ 187, 216, 217, 219, 220, 221, 222<br><br>GPFOF ¶¶ 1265, 1272, 1273<br><br>PRPFOF ¶¶ 2082, 2328 | **Unredact everything except the redactions contained in PPFOF ¶¶ 187 & 217 and PRPFOF ¶ 2082.** The disclosure of agreement termination dates, although nonpublic, would not result in sufficient competitive harm if disclosed.<br><br>The redactions in PPFOF ¶ 187 and PRPFOF ¶ 2082, however, pertain to Google's confidential product information, the disclosure of which could result in competitive disadvantage to Google.  And the redactions in PPFOF ¶ 217 concern international markets not at issue in this litigation. |
| [Withheld as Confidential] | PPTB at p.47 n.13<br><br>PPFOF ¶¶ 225, 226<br><br>PRPFOF ¶¶ 2171, 2396, 2477 | **Keep Redacted.** This is nonpublic information about a bespoke contract term that, if revealed, could be leveraged by Google's other partners in contract negotiations. |
| Google bars Apple from providing rival search apps and browsers with any promotion that is not also provided to Google for GSA and Chrome | PRPFOF ¶ 2373 | **Unredact.** These contractual provisions are at the heart of this case, and the actual provisions have been released. |
| Costs, Revenues, Margins, and Revenue Composition for Search and Search Ads | PPTB at pp. 15, 16 n.3, 27, 27 n.5<br><br>PPFOF ¶¶ 85, 561, 582, 590, 593, 595, 598, 599, 600<br><br>PRPFOF ¶ 2225 | **Keep Redacted.**  This nonpublic information details the costs of Google's investments and expenses. Revealing these precise amounts would reveal information that competitors could use to their advantage and Google's disadvantage. |
| R&D Spending for Search and Search Ads | PPTB at pp. 1, 51-52<br><br>PPFOF ¶ 597<br><br>GPFOF ¶ 222 | **Keep Redacted.**  This nonpublic information details the costs of Google's investments and expenses. Revealing these precise amounts would reveal information that competitors could use to their advantage and Google's disadvantage. |
| | PPFOF ¶¶ 12, 935<br><br>PRPFOF ¶ 2372 | **Unredact PPFOF ¶¶ 12, 935.** The revenue share percentage, actual revenue paid, and Apple's operating profits are all public |

| | | |
|---|---|---|
| Google's revenue share payments to Apple | | information at this point. This is just a synthesis of that public information, diminishing the harm from disclosure. This information is highly relevant to the Plaintiffs' case and thus will aid the public's understanding.<br><br>**Keep PRPFOF ¶ 2372 Redacted**. This figure reflects the revenue coming through a particular search access point. These figures may be used by competitors to gain a nonpublic advantage regarding their prioritization of particular search access points. |
| | PPTB at pp. 4, 47<br><br>PPFOF ¶ 935<br><br>PRPFOF ¶¶ 2317, 2372 | **Unredact PPTB at 4, 48, PPFOF ¶ 935, PRPFOF ¶ 2317**. The revenue share percentage, actual revenue paid, and Apple's operating profits are all public information at this point. This is just a synthesis of that public information, diminishing the harm from disclosure. This information is highly relevant to the Plaintiffs' case and thus will aid the public's understanding.<br><br>**Keep PRPFOF ¶ 2372 Redacted**. This figure reflects the revenue coming through a particular search access point. Revealing these precise amounts would reveal information that competitors could use to their advantage and Google's disadvantage.. |
| Google's Pixel OEM shipment share | PPFOF ¶ 1315<br><br>GRPFOF ¶ 301 | **Unredact**. Google's market share numbers are relevant to the Plaintiffs' case and the competitive disadvantage of revealing these figures is not clear. |
| User data Google tracks and how Google generally uses it | PPFOF ¶¶ 991, 1003, 1034 | **Unredact**. As to PPFOF ¶ 991, the substance of the redacted portion is already publicly discussed elsewhere in this section.  As to PPFOF ¶¶ 1003 and 1034, the discussion here is at a high level and would be helpful to the public. It is also consistent with public trial testimony. |
| Generic launch experiment information | PPFOF ¶¶ 655, 675, 697 | **Redact only the length of time listed in PPFOF ¶ 697, unredact rest**. This information is at the heart of the Plaintiffs' search ads claims and relates to price manipulation of ad auctions. The length of the |

| | | |
|---|---|---|
| | | experiment is sensitive internal data that could be used to Google's competitive disadvantage by its rivals. |
| General query composition | PRPFOF ¶ 2374 <br><br> GRPFOF ¶ 288 | **Unredact**. These query figures are central to the public understanding of the ISA and should not be redacted. Their commercial or competitive harm is not clearly discernable. |
| General revenue composition | GPFOF ¶¶ 1480, 1567 <br><br> GRPFOF ¶ 248 | **Keep Redacted**. Google's internal revenue composition, including revenue derived from particular search access points, may be used by competitors to gain a nonpublic advantage regarding their prioritization of particular search access points. This paragraph also contains a current revenue share percentage. |
| General price comparison | GRPFOF ¶ 40 | **Keep Redacted**.  The redacted price comparison combines Google and Microsoft data in such a way that disclosure would result in exposing each party's sensitive information to the other, which could cause competitive harm. |
| The relative value of the mobile and desktop defaults | PPTB at p. 44 <br><br> PPFOF ¶ 919 | **Unredact, but keep the undisputed redactions**. This information is central to the case and would not cause clear competitive harm. The parties do not dispute certain redactions, with which the court agrees. |
| Public or publicly accessible information | PPTB at p. 70 <br><br> GPFOF ¶ 1573 <br><br> GRPFOF ¶ 248 | **Unredact red boxes, but keep all other redactions**. These figures are not all publicly available information and shed light on Google's internal revenue composition. |
| General industry information | PPTB at pp. 24-25 <br><br> PPFOF ¶ 538 | **Unredact**. Although this information relates to a third party, disclosure would result in no discernable competitive disadvantage and would shed light on the alleged barriers to entry in a proposed market. |
| [Withheld as Confidential] | PPTB at p. 33 <br><br> PPFOF ¶¶ 763, 1095, 1096, 1097, 1114 <br><br> PRPFOF ¶ 2336 | **Unredact PPFOF ¶¶ 1096, 1114**. These provisions are helpful to understanding Apple's potential as a competitor to Google, and do not reveal sensitive third-party product information. <br><br> **Keep PFFOF ¶¶ 1095, 1097 Redacted**. For these provisions, the privacy and product interests outweigh the relevance and public interest in access. |

| | | |
|---|---|---|
| | | **Partially Redact PPTB at 33 and PRPFOF ¶ 2336**. Maintain the redactions for sentences that cite to PPFOF ¶¶ 1095 and 1097. Unredact portions relating to "disrupt[ing] Google search." The justifications are in line with the above.<br><br>**Partially Redact PPFOF ¶ 763**. Unredact everything except the parenthetical at the end of the citation to UPX494, which should stay redacted. The justifications are in line with the above. |
| High-level and non-specific information regarding the number of Safari queries and default traffic rates | PPTB pp. 36, 70<br><br>PPFOF ¶ 730 | **Unredact, but keep the undisputed redactions**. This information is central to the case and would not cause clear competitive harm. The parties do not dispute certain redactions, with which the court agrees. |
| Apple's estimate of Google's market share | PPFOF ¶ 588 | **Unredact, but keep the undisputed redactions**. This information is central to the case, is merely Apple's impression of Google's market share, and thus does not reveal actual Google data, and would not cause clear competitive harm. The parties do not dispute certain redactions, with which the court agrees. |
| Limitations on Apple due to Google's contracts | PPFOF ¶¶ 774, 769, 1116<br><br>PRPFOF ¶ 2349 | **Unredact**. The alleged limitations on third parties due to these contractual provisions are at the heart of this case, and the actual provisions have been released. |
| Rejected requests or suggestions from Google | PPFOF ¶¶ 874, 1105 | **Unredact**. This information is central to the case and would not cause clear competitive harm, as these requests or suggestions were already the subject of negotiation. |
| Possible scenarios absent Google's contracts | PPFOF ¶ 1102 | **Unredact**. This information is central to the case and the third party whose information is implicated does not request redaction. |
| Generic and high-level mentions of varying term lengths and revenue share payment requirements | PPFOF ¶¶ 397, 1100 | **Unredact PPFOF ¶ 1100**. This information is central to the case and would not cause clear competitive harm.<br><br>**Keep PPFOF ¶ 397 Redacted**. The termination dates that relate to jurisdictions outside the proposed market definition are irrelevant and may remain redacted. |

| | | |
|---|---|---|
| Stale information from prior negotiations | PPTB at p. 45, 66

PPFOF ¶¶ 733, 941, 1266 | **Unredact**. Google's own projections of potential losses are highly relevant to understand the foreclosure analysis, as well as other parts of the Plaintiffs' case. These internal projections would not be of great use to competitors. The "Alice in Wonderland" hypothetical is also highly relevant to understanding Microsoft's potential as a competitor. |
| Dated and non-specific information regarding Apple's decision to stay with Google in 2016 | PPFOF ¶¶ 1265, 1267, 1268, 1272 | **Unredact PPFOF ¶¶ 1267 and 1272**.

**Partially redact PPFOF ¶ 1265**, unredacting the last sentence only. The other portions concern internal third-party projections and are less relevant because they bear on third parties' intent with respect to their own conduct, as opposed to Google's intent or actions.

**Partially redact PPFOF ¶ 1268**, unredacting everything except the numerical amount (e.g., $[amount] billion). |

Dated:  April 24, 2024

_____
            Amit P. Mehta
United States District Court Judge