UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 20-cv-3010 (APM) |
| GOOGLE LLC, | ) ) ) | |
| Defendant. | ) ) | |
| STATE OF COLORADO et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 20-cv-3715 (APM) |
| GOOGLE LLC, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

The court hereby explains its limited redactions to the publicly docketed Memorandum Opinion issued on this date, ECF No. 1033.  Over the course of these proceedings, the court has issued several decisions regarding the public disclosure of information in trial exhibits, court filings, and other records that the parties have previously designated as confidential.  *See* Order, ECF No. 892, at 2–3 (summarizing the court's prior orders).  The court is thus intimately familiar with the parties' and third-parties' positions, as well those of the media intervenors.  For that reason, the court did not invite briefing before releasing its decision.

The court has withheld from the public record only current revenue share percentages under the challenged agreements and discrete third-party information. It has done so by applying, once more, the six factors set forth by the D.C. Circuit in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). Those factors are "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996). The court balances the *Hubbard* factors, combining them when appropriate, as follows.

*First and Sixth*, the D.C. Circuit has "stated that there is a 'need for public access' in those instances where 'the documents at issue [are] . . . specifically referred to in the trial judge's public decision." *Id.* (quoting *Hubbard*, 650 F.2d at 318). That public interest is strengthened when the parties have submitted evidence to the court for purposes of a trial on the merits. *See Hubbard*, 650 F.2d at 321. For these reasons, the court has redacted very little in its Memorandum Opinion, even information that the court previously accepted under seal.

In those limited instances where the court has withheld information, the court has disclosed related information that will allow the public to have a full understanding of the court's reasoning. For instance, although the court has shielded current revenue share percentages, it has not withheld past percentages in expired agreements. The court also has disclosed the total revenue share payments made by Google under its current agreements. As for the strictly third-party information, the information is less central to the court's decision-making. And even as to those third parties,

2

there is ample other information about them that is not redacted that will facilitate the public's understanding of the court's rulings.

*Second*, the redacted information has not been previously revealed publicly. It was submitted as confidential to the court, either in sealed sessions or in public session with the relevant information redacted from exhibits. This factor thus weighs against public release.

*Third*, the information withheld has been designated by Google or third parties as confidential business information and its disclosure is thus subject to objection. Third-party interests are given greater weight under *Hubbard*. *See id.* at 319–20. The current revenue share payment percentages implicate third-party interests, not just Google's. The other information is strictly that of third parties. So, this factor weighs in favor of the limited redactions. *See In re L.A. Times Commc'ns LLC*, 628 F. Supp. 3d 55, 70 (D.D.C. 2022) (shielding from disclosure "private financial information of third parties" and "information gained from the cooperation of private third-party witnesses").

*Fourth* and *Fifth*, the court considers the strength of the claimed privacy and property interests, as well as any prejudice to the relevant parties and non-parties upon release of the redacted information. As to the current revenue share percentages, the competitive disadvantage to Google and third parties upon such disclosure is evident. Should those figures be revealed, they could harm standing in future negotiations. *See United States v. Anthem, Inc.*, No. 16-cv-01493 (ABJ), 2016 WL 11164059, at *3 (D.D.C. Nov. 20, 2016) (considering that "disclosure would grant the healthcare providers with whom Anthem contracts unfair insight into Anthem's business strategy, reimbursement rates, and approach to provider negotiations"). As to the strictly third-party information, its disclosure would shed light on the strategies, priorities, and weaknesses of those businesses, giving future partners or competitors an unfair advantage. *Cf. Peraton Sols. Inc.*

*v. Mil. Bowl Found., Inc.*, No. 23-cv-1052 (JEB), 2023 WL 3751119, at *2 (D.D.C. Apr. 17, 2023) (disclosure warranted where a "contractual dispute does not implicate the privacy or safety interests of innocent third-parties") (internal quotation marks omitted).

On balance then, the *Hubbard* factors support the court's limited withholdings, all of which implicate the privacy and property interests of third parties in whole or in part. The court has not redacted any information that relates strictly to Google.

Dated: August 5, 2024

Amit P. Mehta
United States District Court Judge