**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |
| State of Colorado, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

**JOINT STATUS REPORT REGARDING**
**REMEDY PROCEEDINGS**

Pursuant to the Court's August 5, 2024, Order, the Parties submit the following Joint Status Report regarding a proposed schedule for proceedings regarding remedies. ECF No. 1035.

## I.     Status

On September 3, 2024, the Parties met to discuss the schedule for the remedy proceedings and related discovery in these cases. The Parties have not been able to reach an agreement and, as such, submit their respective position statements and proposed schedules for the Court's consideration.

## II.    DOJ And Colorado Plaintiffs' Remedy Schedule Statement

### A.     Overview

The Court bifurcated the proceedings in this case such that it would hold separate trials on the issues of liability and remedies. ECF No. 264 (Dec. 06, 2021) ("holding separate trials on the issues of liability and remedies will be more convenient for the Court and the Parties"). Accordingly, the Parties have focused their discovery and trial presentations thus far on liability issues and expressly did not conduct discovery on the various issues related to potential remedies.

On August 5, 2024, the Court found Google liable for violating Section 2 of the Sherman Act. Mem. Op., *United States et al. v. Google LLC*, 20-cv-3010 (APM), ECF No. 1032, at 276 ("Mem. Op."). With the benefit of the Court's opinion on liability and in an effort to present the Court with an approach to remedies that is legally and factually sound, while balancing the important public interests at stake, Plaintiffs respectfully request sufficient time to engage with market participants and industry experts, conduct remedy discovery, and evaluate the spectrum of appropriate and effective remedies as provided for in the bifurcation order before making a formal remedy recommendation to this Court. Plaintiffs' proposed schedule balances the need

for additional discovery with the importance of working expeditiously to restore competition in the monopolized markets.

As detailed below, Plaintiffs propose to submit a written remedy framework on October 15, 2024, that will help identify the proper scope of remedy discovery. Based on that discovery, Plaintiffs further propose to submit a detailed remedy proposal to the Court in February 2025 with an evidentiary hearing on remedies on or about April 7, 2025, or at the Court's convenience thereafter.

**B.      The Court Has Broad Power To Order A Comprehensive Remedy To Restore Competition**

Following a months-long bench trial, the Court held that Google "violated Section 2 of the Sherman Act by maintaining its monopoly in two product markets in the United States—general search services and general search text advertising—through its exclusive distribution agreements." Mem. Op. at 276. The Court found that today, "Google has no true competitor" and its "monopoly in general search has been remarkably durable"—"Google's dominance has gone unchallenged for well over a decade." *Id*. at 1, 200. Google's exclusionary conduct "thwarted true competition by foreclosing rivals from the most effective channels of search distribution," thereby "deny[ing] rivals access to user queries, or scale, needed to effectively compete." *Id.* at 202, 226. The Court found that, "[a]t every stage of the search process, user data is a critical input that directly improves quality," *id.* at FOF ¶ 90, and "[n]o current rival or nascent competitor can hope to compete against Google in the wider marketplace without access to meaningful scale, especially on mobile," *id.* at 234. The Court further found that Google "exercised its monopoly power by charging supracompetitive prices for general search text ads;" that "there is no evidence that any rival constrains Google's pricing decisions;" and that "Google in turn has used these monopoly profits to secure the next iteration of exclusive deals through

higher revenue share payments." *Id.* at 4, 260, 261.

The general search services and general search text advertising markets are of enormous significance to businesses across the U.S. economy and to the ability of individuals to find information and make decisions about their lives. It is vital that the remedy for Google's illegal monopolization (i) unfetter these markets from the harm that Google's exclusionary conduct caused, (ii) deny Google the fruits of its statutory violations, and (iii) ensure there remain no practices in place during the judgment period that are likely to result in Google monopolizing these markets in the future.

Having established a violation of the antitrust laws, the Court has broad power to fashion a remedy that "prevent[s] future violations and eradicate[s] existing evils." *United States v. Microsoft Corp.*, 253 F.3d 34, 101 (D.C. Cir. 2001) (quoting *United States v. Ward Baking Co.*, 376 U.S. 327, 330–31 (1964)). Any remedy requires a "comprehensive," "unitary framework" to restore competition with provisions "intended to complement and reinforce each other." *New York v. Microsoft Corp.*, 531 F. Supp. 2d 141, 170 (D.D.C. 2008). To that end, the Court enjoys "large discretion to model [its] judgment[] to fit the exigencies of the particular case," such as the importance of scale. *Int'l Salt Co. v. United States*, 332 U.S. 392, 400–01 (1947). Relief in this case must "effectively pry open to competition" those markets that have been closed by Google's illegal conduct. *Id.*, at 401. Otherwise, Google will continue to benefit from its unlawful conduct, which is antithetical to the antitrust laws. *United States v. Grinnell Corp.*, 384 U.S. 563, 577 (1966) ("[A]dequate relief in a monopolization case should . . . deprive the defendants of any of the benefits of the illegal conduct.").

For example, the Court may "restrain acts which are of the same type or class as unlawful acts which the court has found to have been committed or whose commission in the future,

unless enjoined, may fairly be anticipated from the defendant's conduct in the past." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 132 (1969) (preventing conduct in additional markets not adjudicated in underlying proceedings) (internal citation omitted). In constructing a remedy, the Court may also restrict conduct, which might otherwise be lawful, in order to "preclude the revival of the illegal practices." *FTC v. Nat'l Lead Co.*, 352 U.S. 419, 430 (1957). The Supreme Court has recognized that "decrees often suppress a lawful device when it is used to carry out an unlawful purpose." *Id.* "[T]hose caught violating" the antitrust laws "must expect some fencing in." *Otter Tail Power Co. v. United States*, 410 U.S. 366, 381 (1973) (quoting *Nat'l Lead Co.*, 352 U.S. at 431).

The Court is not limited to restraining future acts. It can also require Google to take affirmative measures to restore competition in the markets. *See, e.g.*, *Massachusetts v. Microsoft*, 373 F.3d 1199, 1215–18 (D.C. Cir. 2004) (affirming remedy that required Microsoft to disclose certain proprietary interfaces and protocols even though the "non-disclosure of this proprietary information had played no role in [their] holding Microsoft violated the antitrust laws"). The Court can also fashion forward-looking remedies aimed to restore competition. *Int'l Salt*, 332 U.S. at 401; *United States v. Aluminum Co. of Am.*, 91 F. Supp. 333, 392 (S.D.N.Y. 1950) ("[T]o see to it that effective competition shall be established . . . not only for the present but for the foreseeable future as well."). The Court can also order remedies to address "the fruits of monopolistic practices or restraints of trade." *United States v. Paramount Pictures, Inc.*, 334 U.S. 131, 152 (1948).

Ultimately, adequate relief must not only halt Google's unlawful conduct and ensure that it does not recur, but also restore competition in the general search services and general search text advertising markets. *Nat'l Soc'y of Prof'l Eng'rs v. United States*, 435 U.S. 679, 697 (1978);

*Ford Motor Co. v. United States*, 405 U.S. 562, 573 (1972); *United States v. E.I. du Pont de Nemours & Co.*, 366 U.S. 316, 326 (1961); *United States v. United Shoe Mach. Corp.*, 391 U.S. 244, 250 (1968); *Grinnell*, 384 U.S. at 577.

C.   **Plaintiffs' Proposed Schedule for Remedy Proceedings**

Plaintiffs take seriously their obligation to assist the Court in identifying effective remedies. With the above considerations in mind, Plaintiffs respectfully request sufficient time to conduct the discovery necessary to propose a remedy, while moving expeditiously to an evidentiary hearing. Plaintiffs propose a remedy schedule that includes the articulation of a remedy framework on October 15, 2024 and concludes with an evidentiary hearing beginning on April 7, 2025. Plaintiffs' proposed schedule (i) sets forth a framework to identify the appropriate scope of remedy discovery, (ii) allocates time for the Court to consider the Parties' remedy proposals and impose comprehensive relief, and (iii) ensures that a remedy is entered expeditiously. Plaintiffs seek the following remedies schedule:

| | |
|---|---|
| Disclosure of Plaintiffs' Remedy Framework identifying, at a high-level, potential remedies | October 15, 2024 |
| Fact discovery begins | October 15, 2024 |
| Fact discovery closes | February 14, 2025 |
| Plaintiffs submit Proposed Final Judgments | February 14, 2025 |
| Defendant submits Proposed Final Judgment | February 21, 2025 |
| Parties exchange expert reports/declarations | March 14, 2025 |
| Expert discovery closes | April 4, 2025 |
| Evidentiary hearing begins | April 7, 2025 |

After the Court establishes a schedule for remedy proceedings and Plaintiffs submit their remedy framework, the Parties can better gauge the needs of discovery and the remedy hearing.

At that time, the Parties can meet and confer about the appropriate scope of discovery, any additional discovery that then appears warranted, or hearing-related deadlines and, if necessary, seek the Court's assistance.

### III.    Google's Position Statement

Google submits that Plaintiffs' proposed schedule for the remedies phase of these cases is deficient in several notable respects.  As explained below, Plaintiffs should be required to more timely submit an actual proposed ***order*** that embodies their proposed remedies, as well as disclosures of the witnesses they intend to call and the subject matter to which they will testify at a remedies hearing.  Plaintiffs' proposal leaves until February 2025, just before their proposed date for an evidentiary hearing, for the disclosure of their actual remedy—after the parties have presumably completed both fact and expert discovery.  Such a proposal obviously is unworkable. Until Plaintiffs provide their actual proposed remedy and identify the witnesses who will support it, Google cannot negotiate a schedule that takes account of the preparations for a remedies hearing, much less adequately take discovery and prepare for a remedies hearing.  After Google has had a reasonable time to review Plaintiffs' actual proposed remedies and the witnesses they intend to call in support of them, the parties then should meet and confer about a proposed schedule.  If the parties cannot reach agreement, they will promptly submit their competing proposals for the Court's consideration.

***First***, Plaintiffs propose to submit only an "initial remedies framework" on October 15. When pressed during a meet and confer earlier this week as to whether this framework would consist of the actual remedy order that Plaintiffs would seek, Plaintiffs indicated it would not. Instead, Plaintiffs suggested that it would be a description of an array of potential remedies that Plaintiffs were considering, but without committing to what would or would not be included in an actual remedy order.  Plaintiffs apparently still do not know what remedy they will finally

seek because they claim to need discovery before committing to a final remedy—even though they previously represented to the Court that any remedy-phase discovery would simply be a "factual refresh" that would not constitute "a tremendous amount of re-do."  Nov. 30, 2021 Status Conference Transcript at 43:3-11.  Given the enormous discovery that already has transpired in this matter, Plaintiffs surely can submit a proposed remedy order before the eve of the actual remedy hearing after discovery has closed.

Putting aside for the moment why Plaintiffs need almost 10 weeks from the Court's August 5 opinion to make this submission, Plaintiffs should be required to submit their actual proposed remedy order—not a "framework" that postpones disclosure of an actual remedy order until February 2025 (the eve of the remedies hearing they propose).  Plaintiffs also should make disclosures regarding any witnesses, including experts, that they intend to call at a remedies hearing in support of their proposed remedy, as this will allow Google to evaluate the scope and breadth of discovery that will be required.  Google cannot meaningfully assess the reasonableness of any proposed remedy schedule, much less defend itself in a remedies hearing, without advance disclosure of what Plaintiffs are proposing in terms of actual remedies and witnesses.  Those disclosures will inform the scope and timing of further discovery and evidentiary hearings.

*Second*, Google submits that Plaintiffs should serve both their proposed remedy and their disclosure of witnesses, including the subject matter that fact witnesses and expert witnesses will testify about, on September 20, 2024.  Google will promptly review that information and meet and confer with Plaintiffs soon thereafter regarding a more detailed and final schedule.

*Third*, Google proposes that the parties submit a Joint Status Report on October 11, 2024, where they will report on whether they have agreed upon a schedule and, if not, will submit their

respective schedules for the Court's consideration.  The parties may then appear at a status conference at the Court's convenience after October 11.  Google also will submit its proposed remedy to Plaintiffs on October 11, 2024, and its disclosure of witnesses on that same date.

Google submits that this earlier phased disclosure of information is necessary for Google and the Court to meaningfully assess and determine a fair schedule for the remedies phase of these cases.

Dated: September 4, 2024        Respectfully submitted,

*/s/ Karl E. Herrmann*
David E. Dahlquist*
Adam T. Severt*
Veronica N. Onyema (D.C. Bar #979040)
Diana A. Aguilar Aldape
Travis R. Chapman
Sara T. Gray
Karl E. Herrmann (D.C. Bar #1022464)
Catharine S. Wright (D.C. Bar #1019454)

U.S. Department of Justice
Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-6158
David.Dahlquist@usdoj.gov
Adam.Severt@usdoj.gov

*Counsel for Plaintiff*
*United States of America*

* LEAD ATTORNEY TO BE NOTICED

By:   */s/ Matthew Michaloski*
Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and Director,
Consumer Protection Division
Matthew Michaloski, Deputy Attorney General
Christi Foust, Deputy Attorney General
Jesse Moore, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Matthew.Michaloski@atg.in.gov

*Counsel for Plaintiff State of Indiana*

By: ___/s/ Diamante Smith___
Ken Paxton, Attorney General
Brent Webster, First Assistant Attorney General
Ralph Molina, Deputy First Assistant Attorney General
James Lloyd, Chief, Antitrust Division
Trevor Young, Deputy Chief, Antitrust Division
Diamante Smith, Assistant Attorney General
Office of the Attorney General, State of Texas
300 West 15th Street
Austin, Texas 78701
Diamante.Smith@oag.texas.gov

*Counsel for Plaintiff State of Texas*


By: ___/s/ Lee Istrail___
Ashley Moody, Attorney General
R. Scott Palmer, Special Counsel, Complex
Enforcement Chief, Antitrust Division
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com

*Counsel for Plaintiff State of Florida*


Matthew M. Ford
Arkansas Bar No. 2013180
Senior Assistant Attorney General
Office of the Arkansas Attorney General Tim Griffin
323 Center Street, Suite 200
Little Rock, AR 72201
Matthew.Ford@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

Rob Bonta, Attorney General
Paula Blizzard, Senior Assistant Attorney General
Brian Wang, Deputy Attorney General
Carolyn D. Jeffries, Deputy Attorney General (DC Bar
No. 1600843)
Office of the Attorney General
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Brian.Wang@doj.ca.gov

*Counsel for Plaintiff State of California*


Christopher Carr, Attorney General
Robin Leigh, Deputy Attorney General
Jeffrey Stump, Senior Assistant Attorney General
Charles Thimmesch, Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*


Russell Coleman, Attorney General
J. Christian Lewis, Commissioner of the Office of
Consumer Protection
Philip R. Heleringer, Executive Director of the Office
of Consumer Protection
Jonathan E. Farmer, Deputy Executive Director of the
Office of Consumer Protection
Office of the Attorney General, Commonwealth of
Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*

Liz Murrill, Attorney General
Patrick Voelker, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
voelkerp@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

Michael Schwalbert
Missouri Bar No. 63229
Assistant Attorney General
Consumer Protection Section
Missouri Attorney General's Office
815 Olive Street | Suite 200
Saint Louis, Missouri 63101
michael.schwalbert@ago.mo.gov
Phone: 314-340-7888
Fax: 314-340-7981

*Counsel for Plaintiff State of Missouri*

Lynn Fitch, Attorney General
Crystal Utley Secoy, Assistant Attorney General
Office of the Attorney General, State of Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Hart.Martin@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

Anna Schneider
Bureau Chief
Montana Office of Consumer Protection
P.O. Box 200151
Helena, MT. 59602-0150
Phone: (406) 444-4500
Fax: 406-442-1894
Anna.schneider@mt.gov

*Counsel for Plaintiff State of Montana*


Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney General
C. Havird Jones, Jr., Senior Assistant Deputy Attorney
General
Mary Frances Jowers, Assistant Deputy Attorney
General
Rebecca M. Hartner, Assistant Attorney General
Office of the Attorney General, State of South Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
mfjowers@scag.gov

*Counsel for Plaintiff State of South Carolina*


Joshua L. Kaul, Attorney General
Laura E. McFarlane, Assistant Attorney General
Wisconsin Department of Justice
17 W. Main St.
Madison, Wisconsin 53701
mcfarlanele@doj.state.wi.us

*Counsel for Plaintiff State of Wisconsin*


FOR PLAINTIFF STATE OF COLORADO

PHILIP WEISER
Attorney General of Colorado

*/s/ Jonathan B. Sallet*
Jonathan B. Sallet, DC Bar No. 336198
Steven M. Kaufmann, DC Bar No. 1022365
(inactive) Elizabeth W. Hereford
Conor J. May
Colorado Office of the
Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
E-Mail: Jon.Sallet@coag.gov
Steve.Kaufmann@coag.gov
Elizabeth.Hereford@coag.gov
Conor.May@coag.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER
LLP
1133 Avenue of the Americas Suite 2200
New York, NY 10036-6710
Telephone: (212) 335-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Colorado*

FOR PLAINTIFF STATE OF NEBRASKA

MIKE HILGERS
Attorney General of Nebraska

Colin P. Snider, Assistant Attorney General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-3840
E-Mail: Colin.Snider@nebraska.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER
LLP
1133 Avenue of the Americas Suite 2200
New York, NY 10036-6710
Telephone: (212) 335-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Nebraska*

15

FOR PLAINTIFF STATE OF ARIZONA

KRISTIN K. MAYES
Attorney General of Arizona

Robert A. Bernheim, Unit Chief Counsel
Jayme Weber, Senior Litigation Counsel
Arizona Office of the Attorney General
400 West Congress, Ste. S-215
Tucson, Arizona 85701
Telephone: (520) 628-6507
E-Mail: Robert.bernheim@azag.gov
         Jayme.Weber@azag.gov

*Counsel for Plaintiff State of Arizona*
FOR PLAINTIFF STATE OF IOWA

BRENNA BIRD
Attorney General of Iowa

Noah Goerlitz, Assistant Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St., 2nd Floor
Des Moines, IA
50319
Telephone: (515)
725-1018
E-Mail: Noah.goerlitz@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*


FOR PLAINTIFF STATE OF NEW YORK

LETITIA JAMES
Attorney General of New York

Elinor R. Hoffmann
Morgan J. Feder
Michael D. Schwartz
Office of the Attorney General of New
York
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8513

E-Mail: Elinor.hoffmann@ag.ny.gov
Morgan.feder@ag.ny.gov
Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff State of New York*
FOR PLAINTIFF STATE OF NORTH
CAROLINA

JOSHUA STEIN
Attorney General of North Carolina

Kunal Janak
Choksi
Joshua
Daniel
Abram
Jessica
Vance Sutton
North Carolina Department
of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919)
716-6000
E-Mail:
kchoksi@ncdoj.gov
jabram@ncdoj.gov
jsutton2@ncdoj.gov

*Counsel for Plaintiff State of North Carolina*

FOR PLAINTIFF STATE OF TENNESSEE

JONATHAN SKRMETTI
Attorney General of Tennessee

J. David McDowell
Christopher Dunbar
Austin Ostiguy
Tyler Corcoran
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 741-8722
E-Mail: David.McDowell@ag.tn.gov
Chris.Dunbar@ag.tn.gov

austin.ostiguy@ag.tn.gov
Tyler.Corcoran@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*
FOR PLAINTIFF STATE OF UTAH

SEAN REYES
Attorney General of Utah

Marie W.L. Martin
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 142320
Salt Lake City, Utah 84114
Telephone: (385) 881-3742
E-Mail: mwmartin@agutah.gov

*Counsel for Plaintiff State of Utah*

FOR PLAINTIFF STATE OF ALASKA

TREGARRICK TAYLOR
Attorney General of Alaska

Jeff Pickett
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5100
E-Mail: Jeff.pickett@alaska.gov

*Counsel for Plaintiff State of Alaska*

FOR PLAINTIFF STATE OF
CONNECTICUT

WILLIAM TONG
Attorney General of Connecticut

Nicole Demers
Office of the Attorney General of
Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106

Telephone: (860) 808-5202
E-Mail: Nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

FOR PLAINTIFF STATE OF DELAWARE

KATHLEEN JENNINGS
Attorney General of Delaware

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 577-8924
E-Mail: Michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*


FOR PLAINTIFF DISTRICT OF
COLUMBIA

BRIAN SCHWALB
Attorney General of the District of Columbia

Elizabeth Gentry Arthur
Office of the Attorney General for the District
of Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 724-6514
E-Mail: Elizabeth.arthur@dc.gov

*Counsel for Plaintiff District of Columbia*


FOR PLAINTIFF TERRITORY OF
GUAM

DOUGLAS MOYLAN
Attorney General of Guam

Fred Nishihira
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901

19

Tamuning, Guam 96913
Telephone: (671) 475-3324

*Counsel for Plaintiff Territory Guam*
FOR PLAINTIFF STATE OF HAWAI'I

ANNE E. LOPEZ
Attorney General of Hawai'i

Rodney I. Kimura
Department of the Attorney General, State
of Hawai'i Commerce & Economic
Development
425 Queen Street
Honolulu, HI 96813
Telephone (808) 586-1180
E-Mail: Rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff State of Hawai'i*


FOR PLAINTIFF STATE OF IDAHO

RAÚL LABRADOR
Attorney General of Idaho

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. State St., 2nd Floor
P.O. Box 83720
Boise, ID 83720
Telephone: (208) 334-4114
E-Mail:  John.olson@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

FOR PLAINTIFF STATE OF ILLINOIS

KWAME RAOUL
Attorney General of Illinois

Elizabeth
Maxeiner
Brian Yost
Jennifer
Coronel

Office of the Attorney General of
Illinois
100 W. Randolph St.
Chicago, IL 60601
Telephone: (773) 590-7935
E-Mail:
Elizabeth.maxeiner@ilag.gov
     Brian.yost@ilag.gov
     Jennifer.coronel@ilag.gov

*Counsel for Plaintiff State of Illinois*


FOR PLAINTIFF STATE OF KANSAS

KRIS W. KOBACH
Attorney General of Kansas

Lynette R. Bakker
Kansas Office of the Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612
Telephone: (785) 296-3751
E-Mail: Lynette.bakker@ag.ks.gov

*Counsel for Plaintiff State of Kansas*


FOR PLAINTIFF STATE OF MAINE

AARON M. FREY
Attorney General of Maine

Christina M. Moylan
Office of the Attorney General of
Maine
6 State House Station
August, ME 04333
Telephone: (207) 626-8800
E-Mail: Christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*


FOR PLAINTIFF STATE OF MARYLAND

ANTHONY G. BROWN

Attorney General of Maryland

Schonette J. Walker
Gary Honick
Office of the Attorney General of Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Telephone: (410) 576-6480
E-Mail: swalker@oag.state.md.us
ghonick@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

FOR PLAINTIFF COMMONWEALTH OF
MASSACHUSETTS

ANDREA CAMPBELL
Attorney General of Massachusetts

William T.
Matlack
Michael B.
MacKenzie
Office of the Attorney General of
Massachusetts
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 727-2200
E-Mail: William.matlack@mass.gov
Michael.Mackenzie@mass.gov

*Counsel for Plaintiff State of Massachusetts*

FOR PLAINTIFF STATE OF MINNESOTA

KEITH ELLISON
Attorney General of Minnesota

Zachary William Biesanz
Office of the Minnesota Attorney General
Consumer, Wage, and Antitrust Division
445 Minnesota Street, Suite 1400
St. Paul, MN 55101
Telephone: (651) 757-1257
E-Mail: Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

FOR PLAINTIFF STATE OF NEVADA

AARON D. FORD
Attorney General of Nevada

Michelle C. Badorine
Lucas J. Tucker
Nevada Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
Telephone: (775) 684-
1164
E-Mail:
mnewman@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

FOR PLAINTIFF STATE OF NEW
HAMPSHIRE

JOHN FORMELLA
Attorney General of New Hampshire

Brandon Garod
Office of Attorney General of New
Hampshire
33 Capitol Street
Concord, NH 03301
Telephone: (603) 271-1217
E-Mail: Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff State of New Hampshire*

FOR PLAINTIFF STATE OF NEW JERSEY

MATTHEW PLATKIN
Attorney General of New Jersey

Isabella R. Pitt
Deputy Attorney General
New Jersey Attorney General's
Office

124 Halsey Street, 5th Floor
Newark, NJ 07102
Telephone: (973) 648-7819
E-Mail: Isabella.Pitt@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

FOR PLAINTIFF STATE OF NEW
MEXICO

RAÚL TORREZ
Attorney General of New Mexico

Judith E. Paquin Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87504
Telephone: (505) 490-4885
E-Mail: jpaquin@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff State of New Mexico*


FOR PLAINTIFF STATE OF NORTH
DAKOTA

DREW WRIGLEY
Attorney General of North Dakota

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust Division
Office of the Attorney General of North
Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
Telephone: (701) 328-
5570
E-Mail: ealm@nd.gov

*Counsel for Plaintiff State of North Dakota*
FOR PLAINTIFF STATE OF OHIO

DAVID YOST
Attorney General of Ohio

Jennifer Pratt
Beth Ann Finnerty
Mark Kittel
Office of the Attorney General of Ohio
30 E Broad Street, 26th Floor Columbus,
OH 43215
Telephone: (614) 466-4328
E-Mail:
Jennifer.pratt@ohioattorneygeneral.gov
Beth.finnerty@ohioattorneygeneral.gov
Mark.kittel@ohioattorneygeneral.gov

*Counsel for Plaintiff State of Ohio*


FOR THE PLAINTIFF STATE OF
OKLAHOMA

GENTNER DRUMMOND
Attorney General of Oklahoma

Caleb J. Smith
Office of the Oklahoma
Attorney General
313 NE 21st Street
Oklahoma City,
OK 73105
Telephone: (405)
522-1014
E-Mail: Caleb.Smith@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*


FOR PLAINTIFF STATE OF OREGON

ELLEN ROSENBLUM
Attorney General of Oregon

Cheryl Hiemstra
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301
Telephone: (503) 934-4400
E-Mail: Cheryl.hiemstra@doj.state.or.us

25

*Counsel for Plaintiff State of Oregon*

FOR PLAINTIFF COMMONWEALTH OF
PENNSYLVANIA

MICHELLE HENRY
Attorney General of Pennsylvania

Tracy
W.
Wertz
Joseph
S.
Betsko
Pennsylvania Office of
Attorney General Strawberry
Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
E-Mail:
jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of
Pennsylvania*


FOR PLAINTIFF TERRITORY OF
PUERTO RICO

DOMINGO EMANUELLI HERNANDEZ
Attorney General of Puerto Rico

Guarionex Diaz Martinez
Assistant Attorney General Antitrust
Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902
Telephone: (787) 721-2900, Ext. 1201
E-Mail: gdiaz@justicia.pr.gov

*Counsel for Plaintiff Territory Puerto Rico*

FOR PLAINTIFF STATE OF RHODE
ISLAND

PETER NERONHA
Attorney General of Rhode Island

Stephen Provazza
Rhode Island Office of the
Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
E-Mail: SProvazza@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*


FOR PLAINTIFF STATE OF SOUTH
DAKOTA

MARTIN J. JACKLEY
Attorney General of South Dakota

Yvette K. Lafrentz
Office of the Attorney General of South
Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
E-Mail: Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff State of South Dakota*


FOR PLAINTIFF STATE OF VERMONT

CHARITY R. CLARK
Attorney General of Vermont

Christopher J. Curtis, Assistant Attorney
General
Office of the Attorney General of
Vermont
109 State St.
Montpelier, VT 05609
Telephone: (802) 828-3170
E-Mail: christopher.curtis@vermont.gov

*Counsel for Plaintiff State of Vermont*

FOR PLAINTIFF COMMONWEALTH OF
VIRGINIA

JASON S. MIYARES
Attorney General of Virginia

Tyler T. Henry
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Telephone: (804) 692-0485
E-Mail: thenry@oag.state.va.us

*Counsel for Plaintiff State of Virginia*


FOR PLAINTIFF STATE OF
WASHINGTON

ROBERT FERGUSON
Attorney General of Washington

Amy Hanson
Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-5419
E-Mail: Amy.hanson@atg.wa.gov

*Counsel for Plaintiff State of Washington*


FOR PLAINTIFF STATE OF WEST
VIRGINIA

PATRICK MORRISEY
Attorney General of West Virginia

Douglas Lee Davis
Office of the Attorney General, State of
West Virginia
1900 Kanawha Boulevard
East Building 6, Suite 401
P.O. Box 1789
Charleston, WV 25305
Telephone: (304) 558-8986

28

E-Mail: Douglas.l.davis@wvago.gov

*Counsel for Plaintiff State of West Virginia*

FOR PLAINTIFF STATE OF WYOMING

BRIDGET HILL
Attorney General of Wyoming

Amy Pauli
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building Cheyenne, WY 82002
Telephone: (307) 777-6397
E-Mail: amy.pauli@wyo.gov

*Counsel for Plaintiff State of Wyoming*


WILLIAMS & CONNOLLY LLP

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006

Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*