**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| Plaintiffs, | |
| | Case No. 1:20-cv-03010-APM |
| v. | |
| | HON. AMIT P. MEHTA |
| GOOGLE LLC, | |
| Defendant. | |
| STATE OF COLORADO, *et al.*, | |
| Plaintiffs, | |
| | Case No. 1:20-cv-03715-APM |
| v. | |
| | HON. AMIT P. MEHTA |
| GOOGLE LLC, | |
| Defendant. | |

**PLAINTIFFS' PROPOSED REMEDY FRAMEWORK**

## I.     Introduction

Google's anticompetitive conduct resulted in interlocking and pernicious harms that present unprecedented complexities in a highly evolving set of markets. These markets are indispensable to the lives of all Americans, whether as individuals or as business owners, and the importance of effectively unfettering these markets and restoring competition cannot be overstated. Plaintiffs intend to use the Court-ordered schedule to conduct vital discovery and a thoughtful evaluation of facts adduced from that discovery in addition to the significant evidentiary record that already exists. This careful, methodical approach is calibrated to ensure that the specific remedies Plaintiffs ultimately include within a Proposed Final Judgment meaningfully address and remedy Google's violations of the antitrust laws in these vital markets.

*               *               *

On August 5, 2024, the Court found Google liable under Section 2 of the Sherman Act for maintaining monopolies in U.S. general search services and U.S. general search text advertising. *United States v. Google LLC*, 20-cv-3010 (APM), ECF No. 1032, at 276 ("Mem. Op."). Specifically, the Court found two violations of Section 2 as a result of Google's illegal maintenance of monopolies in those two separate markets. Plaintiffs have a duty to seek—and the Court has the authority to impose—an order that not only addresses the harms that already exist as a result of Google's illegal conduct, but also prevents and restrains recurrence of the same offense of illegal monopoly maintenance going forward. *See Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 133 (1969) ("'[W]hen one has been found to have committed acts in violation of a law he may be restrained from committing other related unlawful acts.'" (quoting *N.L.R.B. v. Express Pub. Co.*, 312 U.S. 426, 436 (1941))); *see also* 15 U.S.C. § 4 (statutory authority to "prevent and restrain violations").

Indeed, the Court has broad power to fashion a remedy that "prevent[s] future violations and eradicate[s] existing evils." *United States v. Microsoft Corp.*, 253 F.3d 34, 101 (D.C. Cir. 2001) (quoting *United States v. Ward Baking Co.*, 376 U.S. 327, 330–31 (1964)). Any remedy requires a "comprehensive" "unitary framework" to restore competition and prevent future monopolization with provisions "intended to complement and reinforce each other." *See New York v. Microsoft Corp.*, 531 F. Supp. 2d 141, 170 (D.D.C. 2008).

In its Memorandum Opinion, the Court cited a rich factual record that reflected the following market conditions, among others: (1) Google's illegal maintenance of monopolies in these two markets has been sustained and reinforced for over ten years; (2) Google's illegal conduct generated a significant scale gap in both markets—a gap that unlawfully enriches Google while simultaneously exacerbating the decade-long deprivation of scale to rival innovators; and (3) network effects and significant barriers to entry exist such that for a new entrant to meaningfully enter in these markets (and do so at the scale necessary), it must be able to do so at multiple levels (e.g., an index of the web, a distribution network, user data, integrated artificial intelligence, an advertiser network). *See In re Google Play Store Antitrust Litig.*, Case No. 20-cv-05671-JD (N.D. Cal. Oct. 7, 2024), ECF No. 701, at 11 (explaining how a remedy for Google's anticompetitive conduct needed to "bridge the moat" created by network effects and other entry barriers in the market). These conditions, among the other market realities identified by the Court, necessarily inform the contours and details of an effective remedy. The interlocking, mutually reinforcing nature of these conditions also underscores the importance of developing solutions that accomplish the goals of antitrust remedies.

Under the law, once Google has been found to violate—here, twice—Section 2 for the offense of illegal monopoly maintenance, a remedy for those offenses should (1) unfetter these

markets from Google's exclusionary conduct, (2) remove barriers to competition, (3) deny

Google the fruits of its statutory violations, and (4) prevent Google from monopolizing these

markets and related markets in the future. *See Microsoft*, 253 F.3d at 103. This remedy should

address as well as prevent and restrain *the offense* of illegal monopoly maintenance in the

relevant markets, and the scope of the remedy need not be limited to the specific means or

methods of how Google achieved that illegal monopoly maintenance. *See Ford Motor Co. v.

United States*, 405 U.S. 562, 573 n.8 (1972) ("[R]elief . . . is not limited to the restoration of the

status quo ante. There is no power to turn back the clock. Rather, the relief must be directed to

that which is 'necessary and appropriate in the public interest to eliminate the effects . . . ,' or

which will 'cure the ill effects of the illegal conduct, and assure the public freedom from its

continuance.'" (quoting *United States v. E. I. Du Pont De Nemours & Co.*, 353 U.S. 586, 607

(1957) and *N. Sec. Co. v. United States*, 193 U.S. 197, 357 (1950))).

       In order to address Google's offenses, the remedies here should account for alternative

and future forms of monopoly maintenance in the affected markets and reasonably related

markets in addition to the specific conduct to date. *Nat'l Soc. of Pro. Engineers v. United States*,

435 U.S. 679, 698 (1978) ("[I]t is not necessary that all of the untraveled roads to [a similar] end

be left open and that only the worn one be closed." (quoting *Int'l Salt Co. v. United States*, 332

U.S. 392, 400 (1947) (abrogated on other grounds by *Ill. Tool Works Inc. v. Indep. Ink, Inc.*, 547

U.S. 28 (2006))); *Int'l Boxing Club of N.Y., Inc. v. United States*, 358 U.S. 242, 262 (1959)

(noting that "sometimes 'relief, to be effective, must go beyond the narrow limits of the proven

violation.'" (quoting *United States v. U.S. Gypsum Co.*, 340 U.S. 76 at 90 (1950))).

       Further complicating matters, artificial intelligence—while not a substitute for general

search—will likely become an important feature of the evolving search industry. It is, therefore,

critical that any remedy carefully consider both past, present, and emerging market realities to ensure that robust competition, not Google's past monopolization, will govern the evolution of general search and text advertising. To attain these goals, remedies and laws related to similar conduct in other jurisdictions must also be considered to determine what measures this Court should impose to prevent Google from maintaining its monopolies in the future through conduct that evades or circumvents the Court's final remedy order.

## II.   Remedies Proposal Framework

With the governing legal framework and complex market dynamics in mind, and consistent with the Court's September 18 Order, Plaintiffs are currently considering remedies to address four categories of harms related to Google's (1) search distribution and revenue sharing, (2) generation and display of search results, (3) advertising scale and monetization, and (4) accumulation and use of data. For each area, the remedies necessary to prevent and restrain monopoly maintenance could include contract requirements and prohibitions; non-discrimination product requirements; data and interoperability requirements; and structural requirements.

As noted above, Plaintiffs have commenced discovery to ensure that its Proposed Final Judgment—including any specific remedies sought—appropriately and meaningfully addresses the harms resulting from Google's unlawful conduct in the context of current market realities. Plaintiffs will continue to engage with interested parties—in conjunction with available formal discovery tools and expert analysis—to learn not just about the relevant markets themselves but also about adjacent markets as well as remedies from other jurisdictions that could affect or inform the optimal remedies in this action. *E.g.*, *In re Google Play Store Antitrust Litig.*, Case No. 20-cv-05671-JD (N.D. Cal. Oct. 7, 2024), ECF No. 702 (enjoining Google for Play Store practices that violated various antitrust laws, including Section 2).

Plaintiffs have described the forms of remedies under consideration in good faith but this description, of course, reflects the state of the record at this phase of the remedy proceedings. As discovery proceeds, Plaintiffs reserve the right to add or remove potential proposed remedies identified in this high-level framework. Considering governing precedent aimed at providing a comprehensive and unitary framework, Plaintiffs anticipate that its Proposed Final Judgment will include a number of mutually reinforcing remedies from most, if not all, of the categories under consideration, with an aim of making the remedy effective and administrable. Plaintiffs provide these categories to illustrate the different bottlenecks that Google presently controls that must be freed from the continuing effects of anticompetitive conduct, and where Google must be barred from new actions creating new obstacles to competition in general search services and general search text ads.

## A.     Search Distribution And Revenue Sharing

The starting point for addressing Google's unlawful conduct is undoing its effects on search distribution. *See* Mem. Op. at 3 ("[M]ost devices in the United States come preloaded exclusively with Google. These distribution deals have forced Google's rivals to find other ways to reach users."). For more than a decade, Google has controlled the most popular distribution channels, leaving rivals with little-to-no incentive to compete for users. *Id*. at 25, 226, 236–42. Similarly, rivals cannot compete for these distribution channels because Google's monopoly-funded revenue share payments disincentivize its partners from diverting queries to Google's rivals. *Id*. at 233. Fully remedying these harms requires not only ending Google's control of distribution today, but also ensuring Google cannot control the distribution of tomorrow.

Accordingly, Plaintiffs are considering remedies that would limit or end Google's use of contracts, monopoly profits, and other tools to control or influence longstanding and emerging distribution channels and search-related products (e.g., browsers, search apps, artificial

intelligence summaries and agents). For example, Plaintiffs are evaluating remedies that would, among other things, limit or prohibit default agreements, preinstallation agreements, and other revenue-sharing arrangements related to search and search-related products, potentially with or without the use of a choice screen.

Similarly, Plaintiffs are considering behavioral and structural remedies that would prevent Google from using products such as Chrome, Play, and Android to advantage Google search and Google search-related products and features—including emerging search access points and features, such as artificial intelligence—over rivals or new entrants. Such consideration is faithful to the Court's findings. As the Court recognized, Google's longstanding control of the Chrome browser, with its preinstalled Google search default, "significantly narrows the available channels of distribution and thus disincentivizes the emergence of new competition." Mem. Op. at 159. "[T]he Google Play Store is a must-have on all Android devices," *id*. at 210; and the Android Agreements are, of course, a critical tool for Google's anticompetitive limitations on distribution.

Lastly, Plaintiffs seek to explore remedies that will address the practices and impacts related to user behavior consistent with the evidence adduced at trial. *See, e.g.*, Mem. Op. at 24–28 ("[T]he vast majority of individual searches, or queries, are carried out [by] habit."). Plaintiff States are also considering remedies that would require Google to provide support for educational-awareness campaigns that would enhance the ability of users to choose the general search engine that suits them best.

### B.   Accumulation And Use Of Data

Virtually every component and process of a general search engine benefits from data. Mem. Op. at 226 ("Scale is the essential raw material for building, improving, and sustaining a GSE."). Google's unlawful behavior has enabled it to accumulate and use data at the expense of

rivals. *Id.* Accordingly, Plaintiffs are considering remedies that will offset this advantage and strengthen competition by requiring, among other things, Google to make available, in whole or through an API, (1) the indexes, data, feeds, and models used for Google search, including those used in AI-assisted search features, and (2) Google search results, features, and ads, including the underlying ranking signals, especially on mobile. Plaintiffs are mindful of potential user privacy concerns in the context of data sharing; however, genuine privacy concerns must be distinguished from pretextual arguments to maintain market position or deny scale to rivals. As a result, Plaintiffs are considering remedies that would prohibit Google from using or retaining data that cannot be effectively shared with others on the basis of privacy concerns. Plaintiffs are also considering other remedies that would reduce the cost and complexity of indexing or retaining data for rival general search engines.

### C.   Generation And Display Of Search Results

The harms of Google's conduct also extend to the generation and display of new and developing features of general search, such as generative artificial intelligence (including on-device artificial-intelligence functionality) and retrieval-augmented-generation-based tools.[1] These results and features often rely on websites and other content created by third parties, who have little-to-no bargaining power against Google's monopoly and who cannot risk retaliation or exclusion from Google. Google's ability to leverage its monopoly power to feed artificial intelligence features is an emerging barrier to competition and risks further entrenching Google's dominance. Accordingly, Plaintiffs are considering remedies that would, for example, prohibit

---

[1] Retrieval-augmented generation "is an AI framework that combines the strengths of traditional information retrieval systems (such as search and databases) with the capabilities of generative large language models." *What is Retrieval-Augmented Generation (RAG)?*, Google, https://cloud.google.com/use-cases/retrieval-augmented-generation (last visited Oct. 8, 2024).

Google from using contracts or other practices to undermine rivals' access to web content and level the playing field by requiring Google to allow websites crawled for Google search to opt out of training or appearing in any Google-owned artificial-intelligence product or feature on Google search such as retrieval-augmented-generation-sourced summaries.

### D.      Advertising Scale And Monetization

Google's unlawful maintenance of its general search text advertising monopoly has undermined advertisers' choice of search providers as well as rivals' ability to monetize search advertising. Mem. Op. at 226, 264–65. This conduct has also enabled Google to profitably charge supracompetitive prices for text ads while degrading the quality of those ads and the related services and reporting. *Id*. at 259–64. Correcting these harms to advertisers is critical to spurring investment and opportunity. *Id*. at 23 ("As result of the extraordinary resources required to build, operate, and monetize a GSE, venture capitalists and other investors have stayed away from funding new search ventures.").

Accordingly, Plaintiffs are considering remedies for general search text advertising that will create more competition and lower the barriers to entry, which currently require rivals to enter multiple markets at scale. These remedies may address Google's use of scale, including new advertising technologies such as artificial intelligence (e.g., Performance Max), in enhancing and protecting its general search text ad monopoly. Plaintiffs are also evaluating remedies that would involve licensing or syndication of Google's ad feed independent of its search results. Similarly, Plaintiffs are considering remedies that would allow Google search advertisers to receive transparent and detailed information (e.g., Search Query Reports and other information related to its search text ads auction and ad monetization) consistent with user privacy and to opt out of Google search features (e.g., keyword-expansion, broad match).

### III.     Administration, Anti-circumvention, and Anti-retaliation

An effective remedy requires administration as well as protections against circumvention and retaliation, including through novel paths to preserving dominance in the monopolized markets. This is especially true in dynamic industries like the markets at issue here. Accordingly, Plaintiffs are considering additional remedies aimed to achieve these goals. These remedies could, among other things, require Google to (1) finance and report to a Court-appointed technical committee that helps administer the remedies in this action, including by monitoring any circumventive or retaliatory behavior; (2) designate a senior Google executive to be made regularly available to the Court to report on Google's compliance with the remedies in this action; (3) continue to retain relevant documents (including chat messages) and submit to inspection as requested by the Court, the technical committee, or the Plaintiffs; (4) train employees routinely on compliance with the remedies in this action; (5) prohibit Google from owning or otherwise holding a stake in the success of its search competitors; and (6) refrain from retaliating against a rival or anyone who cooperates with a rival or with the implementation, monitoring, or enforcement of the remedies in this action. In addition, should Google engage in willful or systemic violations of what is ultimately the final judgment, Plaintiffs are considering a range of provisions that would correct such non-compliance and promote the remedial objectives of the final judgment. Such provisions could include use of the full range of tools previously identified such as structural and additional behavioral remedies as well as term extensions. To be effective, these remedies, as well as others, must include some degree of flexibility because market developments are not always easy to predict and the mechanisms and incentives for circumvention are endless.

*          *          *

Google's unlawful conduct persisted for over a decade and involved a number of self-reinforcing tactics. Unwinding that illegal behavior and achieving the goals of an effective antitrust remedy takes time, information (particularly given the informational asymmetries between Plaintiffs and Google), and careful consideration. Plaintiffs are working to investigate and evaluate the particulars of the remedies that will be necessary to resolve the serious competition issues that have plagued the relevant markets for more than a decade. In service of its obligations to the American people, Plaintiffs will continue to engage with market participants, conduct discovery, and ultimately, provide the Court with a further refined Proposed Final Judgement in November 2024 and then, in accordance with the Court's Order, a Revised Proposed Final Judgment in March 2025.

Dated: October 8, 2024                    Respectfully submitted,

                                          */s/ Karl E. Herrmann*
                                          David E. Dahlquist
                                          Adam T. Severt
                                          Diana A. Aguilar Aldape
                                          Travis R. Chapman
                                          Meagan M. Glynn (D.C. Bar #1738267)
                                          R. Cameron Gower
                                          Karl E. Herrmann (D.C. Bar #1022464)
                                          Ian D. Hoffman
                                          Elizabeth S. Jensen
                                          Ryan T. Karr
                                          Claire M. Maddox (D.C. Bar #498356)
                                          Michael G. McLellan (D.C. Bar #489217)
                                          Veronica N. Onyema (D.C. Bar #979040)
                                          Ryan S. Struve (D.C. Bar #495406)
                                          Sara Trent
                                          Jennifer A. Wamsley (D.C. Bar #486540)
                                          Catharine S. Wright (D.C. Bar #1019454)

                                          U.S. Department of Justice
                                          Antitrust Division
                                          Technology & Digital Platforms Section
                                          450 Fifth Street NW, Suite 7100
                                          Washington, DC 20530
                                          Telephone: (202) 805-8563
                                          David.Dahlquist@usdoj.gov
                                          Adam.Severt@usdoj.gov

                                          *Counsel for Plaintiff*
                                          *United States of America*

By: ___/s/ Christoper A. Knight_____
Ashley Moody, Attorney General
R. Scott Palmer, Special Counsel, Complex
Enforcement Chief, Antitrust Division
Lee Istrail, Assistant Attorney General
Christopher A. Knight, Assistant Attorney
General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com
Christopher.Knight@myfloridalegal.com

*Counsel for Plaintiff State of Florida*


By: ___/s/ Diamante Smith___
Ken Paxton, Attorney General
Brent Webster, First Assistant Attorney
General
Ralph Molina, Deputy First Assistant Attorney
General
James Lloyd, Chief, Antitrust Division
Trevor Young, Deputy Chief, Antitrust
Division
Diamante Smith, Assistant Attorney General
Office of the Attorney General, State of Texas
300 West 15th Street
Austin, Texas 78701
Diamante.Smith@oag.texas.gov

*Counsel for Plaintiff State of Texas*


By: ___/s/ Carolyn D. Jeffries___
Rob Bonta, Attorney General
Paula Blizzard, Senior Assistant Attorney
General
Michael Jorgenson, Supervising Deputy
Attorney General
Brian Wang, Deputy Attorney General
Carolyn D. Jeffries, Deputy Attorney General
(DC Bar No. 1600843)
Office of the Attorney General
California Department of Justice

455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Cari.Jeffries@doj.ca.gov

*Counsel for Plaintiff State of California*

By:___*/s/ Matthew M. Ford*___
Matthew M. Ford
Arkansas Bar No. 2013180
Senior Assistant Attorney General
Office of the Arkansas Attorney General Tim
Griffin
323 Center Street, Suite 200
Little Rock, AR 72201
Matthew.Ford@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

By:___*/s/ Charles Thimmesch*_____
Christopher Carr, Attorney General
Logan B. Winkles, Deputy Attorney General
Ronald J. Stay, Jr., Senior Assistant Attorney
General
Charles Thimmesch, Senior Assistant Attorney
General
Office of the Attorney General, State of
Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

By:___*/s/ Jesse Moore*_____
Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and Director,
Consumer Protection Division
Jesse Moore, Deputy Attorney General
Christi Foust, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204

Jesse.Moore@atg.in.gov

*Counsel for Plaintiff State of Indiana*


By:    */s/ Philip R. Heleringer*
Russell Coleman, Attorney General
J. Christian Lewis, Commissioner of the Office
of Consumer Protection
Philip R. Heleringer, Executive Director of the
Office of Consumer Protection
Jonathan E. Farmer, Deputy Executive Director
of the Office of Consumer Protection
Office of the Attorney General,
Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of
Kentucky*


By:    */s/ Patrick Voelker*
Liz Murrill, Attorney General
Patrick Voelker, Assistant Attorney General
Office of the Attorney General, State of
Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
voelkerp@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*


By:    */s/ Scott Mertens*
Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

By: ____/s/ Michael Schwalbert_____
Michael Schwalbert
Missouri Bar No. 63229
Assistant Attorney General
Consumer Protection Section
Missouri Attorney General's Office
815 Olive Street | Suite 200
Saint Louis, Missouri 63101
michael.schwalbert@ago.mo.gov
Phone: 314-340-7888
Fax: 314-340-7981

*Counsel for Plaintiff State of Missouri*


By: ____/s/ Crystal Utley Secoy_____
Lynn Fitch, Attorney General
Crystal Utley Secoy, Assistant Attorney
General
Office of the Attorney General, State of
Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Hart.Martin@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*


By: ____/s/ Anna Schneider____
Anna Schneider
Bureau Chief
Montana Office of Consumer Protection
P.O. Box 200151
Helena, MT. 59602-0150
Phone: (406) 444-4500
Fax: 406-442-1894
Anna.schneider@mt.gov

*Counsel for Plaintiff State of Montana*


By: ____/s/ Mary Frances Jowers____
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney
General

C. Havird Jones, Jr., Senior Assistant Deputy
Attorney General
Mary Frances Jowers, Assistant Deputy
Attorney General
Office of the Attorney General, State of South
Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
mfjowers@scag.gov

*Counsel for Plaintiff State of South Carolina*


By:___*/s/ Laura E. McFarlane*_____
Joshua L. Kaul, Attorney General
Laura E. McFarlane, Assistant Attorney
General
Wisconsin Department of Justice
17 W. Main St.
Madison, Wisconsin 53701
mcfarlanele@doj.state.wi.us

*Counsel for Plaintiff State of Wisconsin*

FOR PLAINTIFF STATE OF COLORADO

PHILIP WEISER
Attorney General of Colorado


*/s/ Jonathan B. Sallet*
Jonathan B. Sallet, DC Bar No. 336198
Steven M. Kaufmann, DC Bar No. 1022365
(inactive)
Elizabeth W. Hereford
Conor J. May
Colorado Office of the Attorney
General
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
E-Mail: Jon.Sallet@coag.gov
Steve.Kaufmann@coag.gov
Elizabeth.Hereford@coag.gov
Conor.May@coag.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER
LLP
1133 Avenue of the Americas Suite 2200
New York, NY 10036-6710
Telephone: (212) 335-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Colorado*


FOR PLAINTIFF STATE OF NEBRASKA

MIKE HILGERS
Attorney General of Nebraska

Colin P. Snider, Assistant Attorney General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-3840
E-Mail: Colin.Snider@nebraska.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER
LLP
1133 Avenue of the Americas Suite 2200
New York, NY 10036-6710
Telephone: (212) 335-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Nebraska*

FOR PLAINTIFF STATE OF ARIZONA

KRISTIN K. MAYES
Attorney General of Arizona

Robert A. Bernheim, Unit Chief Counsel
Jayme Weber, Senior Litigation Counsel
Arizona Office of the Attorney General
400 West Congress, Ste. S-215
Tucson, Arizona 85701
Telephone: (520) 628-6507
E-Mail: Robert.bernheim@azag.gov
        Jayme.Weber@azag.gov

*Counsel for Plaintiff State of Arizona*

FOR PLAINTIFF STATE OF IOWA

BRENNA BIRD
Attorney General of Iowa

Noah Goerlitz, Assistant Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St., 2nd Floor
Des Moines, IA 50319
Telephone: (515) 725-1018
E-Mail: Noah.goerlitz@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

FOR PLAINTIFF STATE OF NEW YORK

LETITIA JAMES
Attorney General of New York

Elinor R. Hoffmann
Morgan J. Feder
Michael D. Schwartz
Office of the Attorney General of New York
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8513
E-Mail: Elinor.hoffmann@ag.ny.gov
Morgan.feder@ag.ny.gov
Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff State of New York*

FOR PLAINTIFF STATE OF NORTH
CAROLINA

JOSHUA STEIN
Attorney General of North Carolina

Kunal Janak Choksi
Joshua Daniel Abram
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6000
E-Mail: kchoksi@ncdoj.gov
jabram@ncdoj.gov
jsutton2@ncdoj.gov

*Counsel for Plaintiff State of North Carolina*

FOR PLAINTIFF STATE OF TENNESSEE

JONATHAN SKRMETTI
Attorney General of Tennessee

J. David McDowell

Christopher Dunbar
Austin Ostiguy
Tyler Corcoran
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 741-8722
E-Mail: David.McDowell@ag.tn.gov
Chris.Dunbar@ag.tn.gov
austin.ostiguy@ag.tn.gov
Tyler.Corcoran@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*


FOR PLAINTIFF STATE OF UTAH

SEAN REYES
Attorney General of Utah

Matthew Michaloski
Marie W. L. Martin
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 142320
Salt Lake City, Utah 84114
Telephone: (801) 440-9825
E-Mail: mmichaloski@agutah.gov
mwmartin@agutah.gov

*Counsel for Plaintiff State of Utah*


FOR PLAINTIFF STATE OF ALASKA

TREGARRICK TAYLOR
Attorney General of Alaska

Jeff Pickett
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5100
E-Mail: Jeff.pickett@alaska.gov

*Counsel for Plaintiff State of Alaska*

FOR PLAINTIFF STATE OF CONNECTICUT

WILLIAM TONG
Attorney General of Connecticut

Nicole Demers
Office of the Attorney General of
Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Telephone: (860) 808-5202
E-Mail: Nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

FOR PLAINTIFF STATE OF DELAWARE

KATHLEEN JENNINGS
Attorney General of Delaware

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 577-8924
E-Mail: Michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*

FOR PLAINTIFF DISTRICT OF COLUMBIA

BRIAN SCHWALB
Attorney General of the District of Columbia

Elizabeth Gentry Arthur
Office of the Attorney General for the District of
Columbia
400 6th Street NW

Washington, DC 20001
Telephone: (202) 724-6514
E-Mail: Elizabeth.arthur@dc.gov

*Counsel for Plaintiff District of Columbia*


FOR PLAINTIFF TERRITORY OF GUAM

DOUGLAS MOYLAN
Attorney General of Guam

Fred Nishihira
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Telephone: (671) 475-3324

*Counsel for Plaintiff Territory Guam*

FOR PLAINTIFF STATE OF HAWAIʻI

ANNE E. LOPEZ
Attorney General of Hawaiʻi

Rodney I. Kimura
Department of the Attorney General, State of
Hawaiʻi Commerce & Economic Development
425 Queen Street
Honolulu, HI 96813
Telephone (808) 586-1180
E-Mail: Rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff State of Hawaiʻi*


FOR PLAINTIFF STATE OF IDAHO

RAÚL LABRADOR
Attorney General of Idaho

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. State St., 2nd Floor
P.O. Box 83720

Boise, ID 83720
Telephone: (208) 334-4114
E-Mail: John.olson@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

FOR PLAINTIFF STATE OF ILLINOIS

KWAME RAOUL
Attorney General of Illinois

Elizabeth Maxeiner
Brian Yost
Jennifer Coronel
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
Telephone: (773) 590-7935
E-Mail: Elizabeth.maxeiner@ilag.gov
        Brian.yost@ilag.gov
        Jennifer.coronel@ilag.gov

*Counsel for Plaintiff State of Illinois*

FOR PLAINTIFF STATE OF KANSAS

KRIS W. KOBACH
Attorney General of Kansas

Lynette R. Bakker
Kansas Office of the Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612
Telephone: (785) 296-3751
E-Mail: Lynette.bakker@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

FOR PLAINTIFF STATE OF MAINE

AARON M. FREY
Attorney General of Maine

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
August, ME 04333
Telephone: (207) 626-8800
E-Mail: Christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*


FOR PLAINTIFF STATE OF MARYLAND

ANTHONY G. BROWN
Attorney General of Maryland

Schonette J. Walker
Gary Honick
Office of the Attorney General of Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Telephone: (410) 576-6480
E-Mail: swalker@oag.state.md.us
ghonick@oag.state.md.us

*Counsel for Plaintiff State of Maryland*


FOR PLAINTIFF COMMONWEALTH OF
MASSACHUSETTS

ANDREA CAMPBELL
Attorney General of Massachusetts
William T. Matlack
Michael B. MacKenzie
Office of the Attorney General of Massachusetts
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 727-2200
E-Mail: William.matlack@mass.gov
Michael.Mackenzie@mass.gov

*Counsel for Plaintiff State of Massachusetts*

FOR PLAINTIFF STATE OF MINNESOTA

KEITH ELLISON
Attorney General of Minnesota

Zachary William Biesanz
Office of the Minnesota Attorney General
Consumer, Wage, and Antitrust Division
445 Minnesota Street, Suite 1400
St. Paul, MN 55101
Telephone: (651) 757-1257
E-Mail: Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

FOR PLAINTIFF STATE OF NEVADA

AARON D. FORD
Attorney General of Nevada

Michelle C. Badorine
Lucas J. Tucker
Nevada Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
Telephone: (775) 684-1164
E-Mail: mnewman@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

FOR PLAINTIFF STATE OF NEW
HAMPSHIRE

JOHN FORMELLA
Attorney General of New Hampshire

Brandon Garod
Office of Attorney General of New
Hampshire
33 Capitol Street

Concord, NH 03301
Telephone: (603) 271-1217
E-Mail: Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff State of New Hampshire*


FOR PLAINTIFF STATE OF NEW JERSEY

MATTHEW PLATKIN
Attorney General of New Jersey

Isabella R. Pitt
Deputy Attorney General
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
Telephone: (973) 648-7819
E-Mail: Isabella.Pitt@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*


FOR PLAINTIFF STATE OF NEW
MEXICO

RAÚL TORREZ
Attorney General of New Mexico

Judith E. Paquin Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87504
Telephone: (505) 490-4885
E-Mail: jpaquin@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff State of New Mexico*


FOR PLAINTIFF STATE OF NORTH
DAKOTA

DREW WRIGLEY
Attorney General of North Dakota

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust Division
Office of the Attorney General of North Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
Telephone: (701) 328-5570
E-Mail: ealm@nd.gov

*Counsel for Plaintiff State of North Dakota*

FOR PLAINTIFF STATE OF OHIO

DAVID YOST
Attorney General of Ohio

Jennifer Pratt
Beth Ann Finnerty
Mark Kittel
Office of the Attorney General of Ohio
30 E Broad Street, 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
E-Mail:
Jennifer.pratt@ohioattorneygeneral.gov
Beth.finnerty@ohioattorneygeneral.gov
Mark.kittel@ohioattorneygeneral.gov

*Counsel for Plaintiff State of Ohio*

FOR THE PLAINTIFF STATE OF
OKLAHOMA

GENTNER DRUMMOND
Attorney General of Oklahoma

Caleb J. Smith
Office of the Oklahoma Attorney General
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-1014
E-Mail: Caleb.Smith@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*


FOR PLAINTIFF STATE OF OREGON
ELLEN ROSENBLUM
Attorney General of Oregon

Cheryl Hiemstra
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301
Telephone: (503) 934-4400
E-Mail: Cheryl.hiemstra@doj.state.or.us

*Counsel for Plaintiff State of Oregon*


FOR PLAINTIFF COMMONWEALTH OF
PENNSYLVANIA

MICHELLE HENRY
Attorney General of Pennsylvania

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
E-Mail: jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of
Pennsylvania*


FOR PLAINTIFF TERRITORY OF PUERTO
RICO

DOMINGO EMANUELLI HERNANDEZ
Attorney General of Puerto Rico

Guarionex Diaz Martinez

Assistant Attorney General Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902
Telephone: (787) 721-2900, Ext. 1201
E-Mail: gdiaz@justicia.pr.gov

*Counsel for Plaintiff Territory Puerto Rico*


FOR PLAINTIFF STATE OF RHODE ISLAND

PETER NERONHA
Attorney General of Rhode Island

Stephen Provazza
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
E-Mail: SProvazza@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*


FOR PLAINTIFF STATE OF SOUTH DAKOTA

MARTIN J. JACKLEY
Attorney General of South Dakota

Yvette K. Lafrentz
Office of the Attorney General of South Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
E-Mail: Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff State of South Dakota*


FOR PLAINTIFF STATE OF VERMONT

CHARITY R. CLARK
Attorney General of Vermont

Christopher J. Curtis, Assistant Attorney
General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
Telephone: (802) 828-3170
E-Mail: christopher.curtis@vermont.gov

*Counsel for Plaintiff State of Vermont*

FOR PLAINTIFF COMMONWEALTH OF
VIRGINIA

JASON S. MIYARES
Attorney General of Virginia

Tyler T. Henry
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Telephone: (804) 692-0485
E-Mail: thenry@oag.state.va.us

*Counsel for Plaintiff State of Virginia*

FOR PLAINTIFF STATE OF WASHINGTON

ROBERT FERGUSON
Attorney General of Washington

Amy Hanson
Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-5419
E-Mail: Amy.hanson@atg.wa.gov

*Counsel for Plaintiff State of Washington*

FOR PLAINTIFF STATE OF WEST VIRGINIA

PATRICK MORRISEY
Attorney General of West Virginia

Douglas Lee Davis
Office of the Attorney General, State of
West Virginia
1900 Kanawha Boulevard
East Building 6, Suite 401
P.O. Box 1789
Charleston, WV 25305
Telephone: (304) 558-8986
E-Mail: Douglas.l.davis@wvago.gov

*Counsel for Plaintiff State of West Virginia*


FOR PLAINTIFF STATE OF WYOMING

BRIDGET HILL
Attorney General of Wyoming

Amy Pauli
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building Cheyenne, WY 82002
Telephone: (307) 777-6397
E-Mail: amy.pauli@wyo.gov

*Counsel for Plaintiff State of Wyoming*