## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |
| State of Colorado, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

## JOINT STATUS REPORT

Pursuant to the Court's Order, ECF No. 1043, the Parties submit the following Joint Status Report regarding the status of discovery and preparation of Plaintiffs' Proposed Final Judgment. The Parties have been proceeding with discovery as ordered and request assistance from the Court on a limited number of discovery disputes identified below.

### I.      Status

On November 20, 2024, Plaintiffs filed their Initial Proposed Final Judgment (ECF No. 1062) and served Google with Plaintiffs' initial fact witness list. On November 18, Google provided responses and objections to Plaintiffs' interrogatories and 30(b)(6) deposition notice. The Parties have held multiple meet and confers regarding the 30(b)(6) notices. Google designated five witnesses to testify in response to Plaintiffs' 30(b)(6) deposition notice, and four

of those depositions have been taken, with the final witness scheduled to testify on November 26, 2024.

The Parties have continued to negotiate the scope of requests for production, and specific custodians and search strings for the appropriate requests for production. Google has begun a rolling production of documents responsive to Plaintiffs' document requests. Both Parties have continued to issue subpoenas to third parties.

As detailed below, the Parties have reached an impasse on several issues and respectfully request the Court's guidance to resolve these issues.

## II.    DOJ And Colorado Plaintiffs' Position Statement

### A.    Google Should Be Ordered To Produce Documents That Postdate This Court's Liability Decision

Google refuses to produce relevant documents created after the Court's liability decision on August 4, in response to six of Plaintiffs' requests for production. As the Court is aware from the previous remedies status hearing on October 24, Google generally refused to produce documents relating to syndication agreements (Request No. 20); competitor entry into Search and Search distribution (Request Nos. 23, 26, and 27); and artificial intelligence (Request Nos. 24 and 25). With the Court's assistance, these objections were resolved at the last status conference after the Court determined that these documents were responsive and should be produced. ECF No. 1060 Hr'g Tr. 32:24-33:2 (October 24, 2024). As the Court instructed, Plaintiffs streamlined their requests through the use narrow search strings as well as limiting to an average of 10 custodians (less than the permitted 15 custodians). Plaintiffs' concessions should have resolved the Parties' dispute, but Google has not yet produced any documents in

response to these requests served on September 26.[1] Instead, Google claims that it is too burdensome to produce any responsive documents created after August 4, 2024.[2]

Google has not met (and cannot meet) its burden to "specifically" show that "a discovery request would impose an undue burden." *Oxbow Carbon & Minerals LLC v. Union Pacific Railroad Company*, 322 F.R.D.1, 6 (D.D.C. 2017). Google argues against production, contending that documents created after the Court's August 5 liability opinion contain a higher proportion of privileged documents, and that it is too burdensome to review the collection of documents and produce the responsive, non-privileged documents.

Yet, Google shared its own preliminary hit counts for potential search strings and custodians for these requests (for the period of May 1, 2022, to August 4, 2024) and the raw numbers undermine any purported burden claims, particularly for a company as large and resourced as Google:

| Request | Hit Count |
|---|---|
| Req. No. 20 | 16,275 |
| Req. No. 23 | 1,520 |
| Req. No. 24 | 23,048 |
| Req. No. 25 | 48,232 |
| Req. No. 26 | 1,172 |
| Req. No. 27 | 233 |
| Total | 90,480 |

The preliminary count of responsive documents from the 27-month time period above represents a manageable number of documents, and also indicates that extending the time period for an

---

[1] Nearly two months into an accelerated discovery schedule, Google has produced only about 400 documents.

[2] Google proposes an end date of September 19, 2024 (rather than August 4) for Request Nos. 20 and 24 because it has already collected such documents through that date.

additional three months (August 4 to the present) would not return an unreasonable number of additional documents. Given Google's history of over-designation of privilege on documents that are not actually privileged, any self-proclaimed burden to review such documents are costs that Google must bear.

The Court should also reject Google's time frame objection as untimely and waived. It falls well outside the requirements of this Court's previous Order on remedies discovery as well as the Federal Rules of Civil Procedure.[3] Google raised its time frame objection for the first time at this Court's October 24 status hearing, long after Google's October 10 responses and objections to Plaintiffs' First Set of Joint Requests for Production. Case law makes clear that when a party does not raise such an objection, that objection is waived. *Fonville v. District of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005) ("[C]ourts have held that the failure to timely file an objection to a request for production of documents may be deemed a waiver.").

Google cannot demonstrate an undue burden alleviating its obligation to produce relevant documents that are responsive to Plaintiffs requests and highly relevant to the remedies proceeding. For these reasons, Google should be ordered to produce responsive documents after August 4.

**B.    Google Should Be Required To Produce Documents Responsive To A Significantly Narrowed Request No. 3**

One critical data point for ensuring the effectiveness of the Court's future remedy is understanding Google's internal business assessment as to what remedies have been effective or ineffective in other jurisdictions, and how the impact of those remedies might inform these

---

[3] ECF No. 1047 at VI.A. ("The parties shall serve any objections to requests for production of documents within **14** days.") (emphasis in original); Fed. R. Civ. Pro. 34(b)(2)(C) (requiring that Google specifically state "whether any responsive materials are being withheld" on the basis of an objection).

proceedings. Plaintiffs' Request for Production 3 (RFP 3) seeks such information related to remedies in other jurisdictions. And as the Court made clear at the last status conference, Google's views "about how certain remedies are impacting its business" are "relevant to what we're going to have to do" in the remedies phase. ECF No. 1060 Hr'g Tr. at 43 (October 24, 2024). With the Court's guidance in mind, Plaintiffs attempted to meet and confer with Google following the last status conference to narrow Request No. 3 (concerning remedies in other jurisdictions) by balancing the need for internal Google documents considering the effectiveness of remedies in other jurisdictions—a question that is clearly relevant in a remedies proceeding— with burden and potential privilege concerns.

In particular, to ensure that Plaintiffs and the Court have access to documents revealing Google's internal views of how remedies in other jurisdictions have or have not worked, or could apply here, while being mindful of scope and burden, Plaintiffs offered to: (1) significantly narrowed this request in scope and time by limiting these requests;[4] (2) use search strings and a narrow set of custodians to precisely target these documents; and (3) relieve Google of the requirement that it log certain documents withheld for privilege.

Despite Plaintiffs' attempts to significantly narrow the scope of RFP 3, Google has rejected Plaintiffs' proposal out of hand without providing any counter proposal to produce any additional documents or to work with Plaintiffs to reduce any alleged burden, thus creating an

---

[4] Plaintiffs proposed limiting Request No. 3 to only two subjects: (1) the European Union's 2022 Digital Markets Act ("DMA") and (2) the 2024 Commitment Plan submitted to the Japan Fair Trade Commission ("JFTC"). For the 2024 Commitment Plan submitted to the JFTC, Plaintiffs propose limiting the search for documents to those created six months prior to when the plan went into effect until the present. For the EU's 2022 DMA, which superseded the 2017 European Union Android Decision on Google's search and search advertising business, Plaintiffs propose limiting the search for documents regarding these two topics to those created six months prior to the DMA went into effect to present.

impasse (and one that runs counter to the Court's instruction that the parties engage further on this request). Hr'g Tr. at 45. Plaintiffs respectfully request that Google be required to produce all non-privileged documents in response to Plaintiffs' narrowed RFP 3.

### C.   Google's Attempt To Refuse Production But Preserve Future Ability to Use Same Documents Should be Rejected

The Court should reject Google's position that it may refuse to produce the documents at issue above while simultaneously reserving its own ability to use those same documents that it has refused to produce during the future remedies hearing.

In particular, Google refuses to produce documents created after August 4, 2024, that are responsive to various requests, including Requests Nos. 20, 23-27,[5] but it simultaneously rejects any restrictions on its own use of these same documents. Google's position would leave Plaintiffs unable to test evidence that Google may use at trial and thus contravenes any notion of basic fairness in litigated disputes. For this reason, the law requires "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

For all of the foregoing reasons, Plaintiffs respectfully request that the Court order Google to produce documents through the date requested by Plaintiffs and initially unobjected to by Google.

### D.   Plaintiffs Will Supplement Their Witness List On January 6

Remedies discovery opened two months ago on September 26. While Google has begun limited document productions, it has not yet produced any custodian documents. Furthermore, Plaintiffs have only recently begun to receive document productions in response to the 15 third-

---

[5] Google has similarly failed to respond to Plaintiffs' request that Google confirm it does not intend to rely at trial on documents responsive to Request No. 3 that it has objected producing.

party subpoenas that have been issued. As a result, Google's demand for a more specific witness list is premature.

Plaintiffs timely served Google with their initial list of remedy witnesses on November 20. Plaintiffs' preliminary list includes 10 Google witnesses, and 15 third-party witnesses. Plaintiffs have further offered to supplement this initial witness list as additional information becomes available, but no later than January 6.

With respect to the 10 Google witnesses, Plaintiffs have identified four witnesses by name and six witnesses by either position or job responsibility. At this early state of remedies discovery, Plaintiffs do not yet have sufficient documents or information to specifically identify every Google witness by name. In fact, Google only responded to Plaintiffs' interrogatories identifying relevant employees on November 18, two days before Plaintiffs provided their initial witness list. After Plaintiffs receive Google's production of custodian documents, Plaintiffs will proceed with individual depositions with all deliberate speed. At that point, Plaintiffs will be in a better position to supplement their witness list to specifically identify Google employee witnesses.

With respect to the 15 third-party witnesses, Plaintiffs have identified five witnesses by name and 10 additional witnesses by company and job responsibilities. Plaintiffs have been in contact with counsel for each of the third parties identified in the preliminary witness list, but have not yet received documents or other information sufficient to specifically identify or name all witnesses. Plaintiffs will supplement their initial witness list when such information is available, but no later than January 6. Since fact discovery closes on February 28, Google will have adequate notice to conduct any appropriate discovery and will not be prejudiced.

III.    **Google's Position Statement**

A.    **Google's Position Statement Regarding Plaintiffs' Initial Witness List**

The Court ordered that Plaintiffs serve their initial witness list by November 20.  ECF 1043 at ¶ E.  The Court made clear that this was to be a list of "persons," ECF 1047 at ¶ V(A)(1), as one would expect from any trial witness list.

What Plaintiffs served on November 20 was a list, but not of persons.  Of the 25 entries on the list—the maximum number permitted at this stage—Plaintiffs identified the *names* of only nine of them.  Of particular concern, *ten* third-party witnesses are identified only by vague descriptions, *e.g.*, "an employee to be identified regarding…" a series of broad topics.  For example, despite having been in close consultation with Microsoft's counsel throughout, Plaintiffs refuse to identify the names of any of the three Microsoft witnesses they say they will call.  Plaintiffs similarly refused to identify the names of *any* of the witnesses they will call from companies such as Booking, News Corp., OpenAI, and Perplexity AI, most of whom also appear to have been meeting with Plaintiffs for months and participating in the formulation of Plaintiffs' proposed remedy order.  Plaintiffs also have refused to identify the names of witnesses from AT&T and Verizon that they will call at trial.

It may be that Plaintiffs preferred a broad witness disclosure in order to cover the massive waterfront of the proposed final judgment they filed on Wednesday evening, seeking to bar Google from competing at all, or from competing effectively, in all manner of spaces well beyond general search and general search text advertising.  Plaintiffs not only seek divestiture of a product about which they did not seek (much less receive) a finding of any anticompetitive conduct, but to redesign yet other Google products on which there were likewise no such findings; to force Google effectively to turn over all manner of innovations to competitors "at marginal cost"; and to prevent Google even from competing with its rivals through non-

exclusive agreements for the preinstallation of Google Search, and on a worldwide

basis. Whether the massive overbreadth of Plaintiffs' proposed final judgment—in substantive,

geographic, and temporal terms—portends an effort to hide the ball on what remedies they will

actually seek is unclear. What *is* clear is that Plaintiffs have no basis to refuse to disclose which

fact witness will create the record to support such overreaches—because there is surely no such

record from the liability phase.

  The failure to identify witnesses by name is particularly egregious given Plaintiffs' other

efforts to obfuscate and to prevent Google from exercising its right to take appropriate discovery

from and about these unidentified witnesses before Plaintiffs call them at trial. Google served

requests for production at the outset of remedies discovery to understand the details of Plaintiffs'

engagements with these third parties, consultations with which Plaintiffs repeatedly reference

when it serves them. *E.g.*, ECF 1040 at 9 (referencing "third parties who are very interested in

talking to us about what that [a remedy] should look like"). Citing work product, Plaintiffs have

refused not only to produce notes of their meetings with these third parties, but now to even

identify the *names* of the witnesses they are meeting with or about on a privilege log. To this

point, Google's counsel only knows which third party companies have, typically through

counsel, spoken to Plaintiffs; Plaintiffs have not disclosed the names of the people they have

engaged with, even under the confidentiality strictures of the Protective Order.

  As the Court will recall, it did not enter its orders requiring an initial witness list in a

vacuum. Plaintiffs initially refused to produce any such list. *See* ECF 1038 at 6 (proposed

schedule lacking any witness list exchange); *id.* at 7 (Google requesting a disclosure of witnesses

to be called). Google explained to the Court that such a list was critical to its preparation for

trial, so that it could subpoena their documents, review them, depose the witnesses, and disclose

its own witness list accordingly.  ECF 1040 at 24 ("[W]e need disclosure of what fact witnesses are they going to call so I can decide whether I need to subpoena those people and I can take their depositions.  So that information, which is not set forth in their proposed schedule . . . I need it sooner rather than later so I can plan my discovery and we can plan our defenses.").  The Court responded: "I don't disagree with any of that.  I think all of that is appropriate, fair, and reasonable." *Id.*

The Court also pointed out to Plaintiffs their unique position, "short of formal discovery," "to get answers that you need" from third parties.  *Id.* at 17.  Indeed, of all of the subpoenas Plaintiffs have served since discovery reopened, they had not had any need to serve a single request on Microsoft.  Plaintiffs nevertheless proceeded to propose that they withhold their witness list until December 16; Google asked for disclosure by November 8.  ECF 1042 at 2.  It was in that context that the Court ordered disclosure by November 20.  ECF 1043 at ¶ E.

At the October 24 conference, Plaintiffs advised the Court, "[w]e have continued our engagement with third parties, market participants, and many others.  *We're narrowing that process in order to get you something on November 20th*."  ECF 1060 at 5 (emphasis added).  Plaintiffs at no point apprised Google that they did not intend to comply, or needed more time to do so.  *But see* ECF 1043 at 3 ("motions for extensions of time are discouraged," require "good cause," and must be filed three business days before the operative deadline).  Instead, they took self-help.  In the middle of the night on Wednesday evening, they served their facially deficient list including third party companies rather than witnesses.  *See* Ex. A.

It is one thing for Plaintiffs to avail themselves of the leeway the Court granted them to disclose 25 witnesses now, before they slim the list to 12 before trial.  ECF 1043 ¶ N (final

witnesses lists due March 7, 2025). It is quite another for Plaintiffs to not even list 25 persons, but to send Google fishing amongst a disclosure of companies with many thousands of employees. Plaintiffs have severely prejudiced Google's preparation to try their remedies proposals by hiding the ball on who they actually intend to elicit fact testimony in support of their remedies. If what Plaintiffs intend is to force Google to issue broad subpoenas calling for voluminous custodial ESI pulls from, for example, Microsoft, so as to be prepared to address the testimony of the three unidentified witnesses that Plaintiffs will call from it, there is no time for such needle-in-a-haystack discovery, as the Court has made clear. And the issue goes well beyond having a fair opportunity to cross-examine these witnesses at trial—Google needs this information to prepare its own responsive witness list, and to inform its Proposed Final Judgment, both due on December 20. ECF 1043 at ¶ H.

For the foregoing reasons, Google respectfully requests an order [1] requiring Plaintiffs to disclose the names of each of their third-party witnesses by 5pm on Wednesday, November 27, 2024, and [2] an extension of the deadline for Google's initial witness list until 30 days after such list is disclosed.

### B.    Google's Position Statement Regarding Plaintiffs' Requests for Production

The parties have for the most part reached resolution of the search parameters that will be used to collect documents in response to Plaintiffs' RFPs to Google, and Google's review is underway. In response to Plaintiffs' requests that will be addressed through a review of custodial documents, Google has agreed to collect and review documents from a total of 34 custodians. All of the search strings are being run over a period of at least two years, and one of the strings was applied to a period spanning nearly seven years. And Google has compromised significantly with respect to accommodating the search strings Plaintiffs requested, notwithstanding the burdens imposed by completing that review in the time that remains for fact discovery.

The two disputes that remain are discrete, and present the same core issue:  the importance of weighing the burden of review against Plaintiffs' need for the documents given the compressed timeline for fact discovery in this remedy proceeding.  As the Court stated at the last status conference, "we're not re-doing a liability-phase discovery here," and the parties "need to be more measured than [they] were during the liability phase where we had … two-plus years of discovery." Oct. 24, 2024 Hr'g Tr. 22:21-22, 25:9-13.  With respect to RFP No. 3, regarding foreign proceedings, Google's position remains that the burden of custodial searches far outweighs Plaintiffs' need for the documents.  With respect to RFP Nos. 23, 24, 26, and 27, Google's position is that an August 4, 2024 date cutoff is appropriate to reduce the burden of privilege review, and given that the time period returns more than two years of documents.

### 1.    RFP No. 3: Custodial Searches

At the October 24 status conference, the Court specifically asked Plaintiffs "what it is that you would be looking for that wouldn't cause us to sort of fall into a rabbit hole of privileged disputes and relevancy disputes[,]" Oct. 24, 2024 Hr'g Tr. 38:14-17, because it was "not apparent . . . on the face of the request" how Google's internal analyses of "remedies, potential remedies, compliance, or contemplated or implemented product changes or modifications" (RFP No. 3) in response to foreign regulatory proceedings or legislation, would "shed some light on Google's thinking about such a remedy in the U.S." Oct. 24, 2024 Hr'g Tr. 38:18-39:4.  Plaintiffs have provided no answer to this question and, despite the Court's guidance, have not moved in any meaningful way from their position going into the October 2024 status conference.

Plaintiffs instead continue to insist that Google run broad custodial searches: specifically, Plaintiffs demand that Google run custodial searches across a total of 10 custodians (5 per jurisdiction) for documents relating to (1) the European Union's 2022 Digital Markets Act

(DMA) and (2) the 2024 Commitment Plan submitted to the Japan Fair Trade Commission (JFTC), from "six months prior to when" the DMA and JFTC Commitment Plan "went into effect until the present."[6]  Plaintiffs purport to reduce the burden of privilege review by excusing Google from logging "communications that were authored by outside attorneys or in-house attorneys who do not also serve in business roles."  But that protocol does nothing to address the concern raised by Google and the Court during the October 24 hearing: "[U]ndoubtedly when Google was responding to these regulators, there was a lawyer at the helm who was saying, this is the information we are going to need and somebody inside Google going out to those people and gathering that information, and that would have generated communications, memos, lots of documents.  And so, you know, I don't think the privilege issue here is–it's far from de minimis, I think it's actually quite substantial."  Oct. 24, 2024 Hr'g Tr. 35:12-20.  The burden on Google is not just logging documents on a privilege log; it is having to undertake a painstaking review to assess whether the communications are privileged in the first instance, which can involve a detailed investigation on a document-by-document basis given that the subject matter involved is fraught with legal advice and communications.

Plaintiffs' proposal is contrary to the Court's guidance that Plaintiffs address the burden on Google by conducting the "cost-benefit analysis" that the Court required before it would "authorize further discovery on this topic."  *Id.* 36:7-12.  Plaintiffs refuse to articulate what specific documents they seek, or how documents created in the context of foreign regulatory inquiries and legislation may bear upon U.S. markets and conduct—let alone how any relevance would outweigh the burden concerns. *See id.* 35:23-36:6 ("[T]he output, while it may seem relevant on its face, you know, is going to raise all sorts of cross-market comparison questions,

---

[6] The DMA went into effect in November 2022 and Google entered into its Commitment with the JFTC in April 2024.

potentially, that–I'm not sure how much of that I want to get into, certainly not in discovery, and I don't know how much we would get into at remedies trial in any event, right?").

Google has agreed to produce documents relating to both the DMA and the JFTC. Specifically, Google is producing its DMA submissions and workshop presentations relating to Articles 5(9), 5(10), 6(8), 6(3), and 6(11)[7] and data relating to the European choice screen, and the 2024 JFTC Commitment Plan. Plaintiffs have not demonstrated a basis to require Google to collect anything more, and certainly not for running custodial searches given the burdens of the accompanying privilege review and the unsubstantiated relevance of anything beyond what Google submitted to these authorities. This is especially the case where Plaintiffs' proposal does not reduce Google's burden, given the specific issue the Court flagged that many of these documents may have been prepared by non-attorney employees at the helm of a lawyer.

If Plaintiffs' concern is that Google will rely on documents responsive to this request without agreeing to produce documents, that concern is misguided. As Google has reiterated, Google *has agreed* to produce documents submitted to the DMA, data relating to the Choice Screen, and the 2024 JFTC Commitment Plan; Google is entitled to rely on those documents. Google has no intention of relying on documents requested by Plaintiffs but not produced during discovery.

Accordingly, Google respectfully requests that this Court deny Plaintiffs' request for custodial searches for documents in response to RFP No. 3.

---

[7] Articles 5(9), 5(10), 6(8)) relate to price transparency for Search Ads and access to ad performance measuring tools; Article 6(3) relates to changing defaults and choice screens; and Article 6(11) relates to data sharing for Search and Search Ads.

### 2.    RFP Nos. 23, 24, 26, 27: Documents Postdating the Liability Opinion

Plaintiffs argue that the search terms associated with four document requests relating to distribution arrangements should be applied to the period after the issuance of the Court's liability opinion on August 5, 2024.  Plaintiffs' argument should be rejected.

As Google explained at the last hearing, "[p]ost August 5th … there have been a lot of conversations with our executives and our product people, who will be custodians here, around potential remedies and impacts on contracts, and things like that, that are legal questions."  Oct. 24, 2024 Hr'g Tr. 28:3-15.  For example, RFP No. 27 seeks "all documents addressing or discussing the impact on Google Search usage if Google used alternatives to exclusive default agreements for search distribution."  There is no way to craft search terms for a request like this one—or for RFP Nos. 23, 24, and 26—that do not sweep in a significant number of documents created by or at the direction of counsel for the purpose of advising Google on the Court's August 5, 2024 opinion and this remedies proceeding.  As the Court observed, "we now have a circumstance that didn't exist before, which is that … there's been a liability finding … [s]o I do have real concerns about how that is going to impact the production."  Oct. 24, 2024 Hr'g Tr. 31:2-9.  Applying the search terms to the period since August 5, 2024 is not proportional to the needs of the case because it would result in an unnecessarily burdensome review focused disproportionately on privileged material.

Moreover, there inevitably needs to be an end date for the collection of custodial materials so that review and production can occur, and there is no sound justification for using a later date than August 4, 2024 for these requests.  Custodial documents from the preceding two-plus years are more than sufficient to address the issues, especially given that Plaintiffs were urged to work on "limiting the number of custodians, dates, to really focus on what it is that you need, because we're not, I think, in a phase now where you all are looking for that needle-in-a-

haystack email." Oct. 24, 2024 Hr'g Tr. 33:7-17. Although a linear review of documents created since August 5, 2024 is not a reasonable approach to the four requests identified above, Plaintiffs will still obtain discovery into that time period through less burdensome methods. For example, Google will continue to produce executed agreements responsive to RFP No. 2 that postdate August 5, 2024, and Plaintiffs can ask witnesses at deposition about any non-privileged discussions occurring in recent months. For purposes of applying search terms to broad swaths of custodial documents, however, the end date should be August 4, 2024 for RFP Nos. 23, 24, 26, and 27.

Dated: November 22, 2024

Respectfully submitted,

*/s/ Karl E. Herrmann*
David E. Dahlquist
Adam T. Severt
Veronica N. Onyema (D.C. Bar #979040)
Travis R. Chapman
Karl E. Herrmann (D.C. Bar #1022464)
Ryan S. Struve (D.C. Bar #495406)

U.S. Department of Justice
Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 805-8563
David.Dahlquist@usdoj.gov
Adam.Severt@usdoj.gov

*Counsel for Plaintiff*
*United States of America*

By: _____/s/ Christoper A. Knight_____
Ashley Moody, Attorney General
R. Scott Palmer, Special Counsel, Complex
Enforcement Chief, Antitrust Division
Lee Istrail, Assistant Attorney General
Christopher A. Knight, Assistant Attorney
General
Office of the Attorney General, State of
Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com
Christopher.Knight@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

By: _____/s/ Diamante Smith_____
Ken Paxton, Attorney General
Brent Webster, First Assistant Attorney
General
Ralph Molina, Deputy First Assistant
Attorney General
James Lloyd, Deputy Attorney General for
Civil Litigation
Ryan Baasch, Associate Deputy Attorney
General for Civil Litigation
Trevor Young, Deputy Chief, Antitrust
Division
Diamante Smith, Assistant Attorney
General, Antitrust Division
Office of the Attorney General, State of
Texas
300 West 15th Street
Austin, Texas 78701
Diamante.Smith@oag.texas.gov

*Counsel for Plaintiff State of Texas*

By: _____/s/ Carolyn D. Jeffries_____
Rob Bonta, Attorney General
Paula Blizzard, Senior Assistant Attorney
General
Michael Jorgenson, Supervising Deputy
Attorney General
Brian Wang, Deputy Attorney General

Carolyn D. Jeffries, Deputy Attorney
General (DC Bar No. 1600843)
Office of the Attorney General
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Cari.Jeffries@doj.ca.gov

*Counsel for Plaintiff State of California*

Matthew M. Ford
Arkansas Bar No. 2013180
Senior Assistant Attorney General
Office of the Arkansas Attorney General
Tim Griffin
323 Center Street, Suite 200
Little Rock, AR 72201
Matthew.Ford@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

Christopher Carr, Attorney General
Logan B. Winkles, Deputy Attorney General
Ronald J. Stay, Jr., Senior Assistant Attorney
General
Charles Thimmesch, Senior Assistant
Attorney General
Office of the Attorney General, State of
Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and
Director, Consumer Protection Division
Jesse Moore, Deputy Attorney General
Christi Foust, Deputy Attorney General
Office of the Attorney General, State of
Indiana
Indiana Government Center South, Fifth
Floor
302 West Washington Street
Indianapolis, Indiana 46204

Jesse.Moore@atg.in.gov

*Counsel for Plaintiff State of Indiana*

Russell Coleman, Attorney General
J. Christian Lewis, Commissioner of the
Office of Consumer Protection
Philip R. Heleringer, Executive Director of
the Office of Consumer Protection
Jonathan E. Farmer, Deputy Executive
Director of the Office of Consumer
Protection
Office of the Attorney General,
Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of
Kentucky*

Liz Murrill, Attorney General
Patrick Voelker, Assistant Attorney General
Office of the Attorney General, State of
Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
voelkerp@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

Michael Schwalbert
Missouri Bar No. 63229
Assistant Attorney General
Consumer Protection Section
Missouri Attorney General's Office

815 Olive Street | Suite 200
Saint Louis, Missouri 63101
michael.schwalbert@ago.mo.gov
Phone: 314-340-7888
Fax: 314-340-7981

*Counsel for Plaintiff State of Missouri*

Lynn Fitch, Attorney General
Crystal Utley Secoy, Assistant Attorney
General
Office of the Attorney General, State of
Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Crystal.Utley@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

Anna Schneider
Special Assistant Attorney General, Senior
Counsel
Montana Office of Consumer Protection
P.O. Box 200151
Helena, MT. 59602-0150
Phone: (406) 444-4500
Fax: 406-442-1894
Anna.schneider@mt.gov

*Counsel for Plaintiff State of Montana*

Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney
General
C. Havird Jones, Jr., Senior Assistant Deputy
Attorney General
Mary Frances Jowers, Assistant Deputy
Attorney General
Office of the Attorney General, State of
South Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549

19

mfjowers@scag.gov

*Counsel for Plaintiff State of South Carolina*

Joshua L. Kaul, Attorney General
Laura E. McFarlane, Assistant Attorney
General
Wisconsin Department of Justice
17 W. Main St.
Madison, Wisconsin 53701
mcfarlanele@doj.state.wi.us

PHILIP WEISER
Attorney General of Colorado

*/s/ Jonathan B. Sallet*
Jonathan B. Sallet, DC Bar No. 336198
Steven M. Kaufmann
Elizabeth W. Hereford
Conor J. May
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
E-Mail: Jon.Sallet@coag.gov
Steve.Kaufmann@coag.gov
Elizabeth.Hereford@coag.gov
Conor.May@coag.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Colorado*

MIKE HILGERS
Attorney General of Nebraska

Colin P. Snider, Assistant Attorney
General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-3840
E-Mail: Colin.Snider@nebraska.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Nebraska*

KRISTIN K. MAYES
Attorney General of Arizona

Robert A. Bernheim, Unit Chief Counsel
Jayme Weber, Senior Litigation Counsel
Arizona Office of the Attorney General
400 West Congress, Ste. S-215
Tucson, Arizona 85701
Telephone: (520) 628-6507
E-Mail: Robert.bernheim@azag.gov
Jayme.Weber@azag.gov

*Counsel for Plaintiff State of Arizona*

BRENNA BIRD
Attorney General of Iowa

Noah Goerlitz, Assistant Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St., 2nd Floor
Des Moines, IA 50319
Telephone: (515) 725-1018
E-Mail: Noah.goerlitz@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

LETITIA JAMES
Attorney General of New York

Elinor R. Hoffmann
Morgan J. Feder
Michael D. Schwartz
Office of the Attorney General of New
York
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8513
E-Mail: Elinor.hoffmann@ag.ny.gov
Morgan.feder@ag.ny.gov
Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff State of New York*

21

JOSHUA STEIN
Attorney General of North Carolina

Kunal Janak Choksi
Joshua Daniel Abram
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6000
E-Mail: kchoksi@ncdoj.gov
jabram@ncdoj.gov
jsutton2@ncdoj.gov

*Counsel for Plaintiff State of North Carolina*

JONATHAN SKRMETTI
Attorney General of Tennessee

J. David McDowell
Austin Ostiguy
Tyler Corcoran
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 741-8722
E-Mail: David.McDowell@ag.tn.gov
austin.ostiguy@ag.tn.gov
Tyler.Corcoran@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*

SEAN REYES
Attorney General of Utah

Matthew Michaloski
Marie W.L. Martin
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 140830
Salt Lake City, Utah 84114
Telephone: (801) 440-9825
E-Mail: mmichaloski@agutah.gov
mwmartin@agutah.gov

*Counsel for Plaintiff State of Utah*

TREGARRICK TAYLOR
Attorney General of Alaska

Jeff Pickett
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5100
E-Mail: Jeff.pickett@alaska.gov

*Counsel for Plaintiff State of Alaska*

WILLIAM TONG
Attorney General of Connecticut

Nicole Demers
Office of the Attorney General of Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Telephone: (860) 808-5202
E-Mail: Nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

KATHLEEN JENNINGS
Attorney General of Delaware

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
E-Mail: Michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*

BRIAN SCHWALB
Attorney General of the District of Columbia

22

Elizabeth Gentry Arthur
Office of the Attorney General for the
District of Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 724-6514
E-Mail: Elizabeth.arthur@dc.gov

*Counsel for Plaintiff District of Columbia*

DOUGLAS MOYLAN
Attorney General of Guam

Fred Nishihira
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Telephone: (671) 475-3324
E-Mail: fnishihira@oagguam.org

*Counsel for Plaintiff Territory Guam*

ANNE E. LOPEZ
Attorney General of Hawai'i

Rodney I. Kimura
Department of the Attorney General, State
of Hawai'i
425 Queen Street
Honolulu, HI 96813
Telephone (808) 586-1180
E-Mail: Rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff State of Hawai'i*

RAÚL LABRADOR
Attorney General of Idaho

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. State St., 2nd Floor
P.O. Box 83720
Boise, ID 83720
Telephone: (208) 332-3549
E-Mail: John.olson@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

KWAME RAOUL
Attorney General of Illinois

Elizabeth Maxeiner
Brian Yost
Jennifer Coronel
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
Telephone: (773) 590-7935
E-Mail: Elizabeth.maxeiner@ilag.gov
Brian.yost@ilag.gov
Jennifer.coronel@ilag.gov

*Counsel for Plaintiff State of Illinois*

KRIS W. KOBACH
Attorney General of Kansas

Lynette R. Bakker
Kansas Office of the Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612
Telephone: (785) 296-3751
E-Mail: Lynette.bakker@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

AARON M. FREY
Attorney General of Maine

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
August, ME 04333
Telephone: (207) 626-8800
E-Mail: Christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

ANTHONY G. BROWN
Attorney General of Maryland

Schonette J. Walker
Gary Honick
Office of the Attorney General of
Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Telephone: (410) 576-6480
E-Mail: swalker@oag.state.md.us
ghonick@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

ANDREA CAMPBELL
Attorney General of Massachusetts

William T. Matlack
Office of the Attorney General of
Massachusetts
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 727-2200
E-Mail: William.matlack@mass.gov

*Counsel for Plaintiff Commonwealth of
Massachusetts*

KEITH ELLISON
Attorney General of Minnesota

Zach Biesanz
Senior Enforcement Counsel
Office of the Minnesota Attorney General
Antitrust Division
445 Minnesota Street, Suite 600
St. Paul, MN 55101
Telephone: (651) 757-1257
E-Mail: Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of
Minnesota*

AARON D. FORD
Attorney General of Nevada

Michelle C. Badorine
Lucas J. Tucker

Nevada Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
Telephone: (775) 684-1164
E-Mail: mbadorine@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

JOHN FORMELLA
Attorney General of New Hampshire

Brandon Garod
Office of Attorney General of New
Hampshire
33 Capitol Street
Concord, NH 03301
Telephone: (603) 271-1217
E-Mail: Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff State of New
Hampshire*

MATTHEW PLATKIN
Attorney General of New Jersey

Isabella R. Pitt
Deputy Attorney General
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
Telephone: (973) 648-7819
E-Mail: Isabella.Pitt@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

RAÚL TORREZ
Attorney General of New Mexico

Judith E. Paquin Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney
General
408 Galisteo St.
Santa Fe, NM 87504
Telephone: (505) 490-4885

24

E-Mail: jpaquin@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff State of New Mexico*

DREW WRIGLEY
Attorney General of North Dakota

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust
Division
Office of the Attorney General of North
Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
Telephone: (701) 328-5570
E-Mail: ealm@nd.gov

*Counsel for Plaintiff State of North
Dakota*

DAVID YOST
Attorney General of Ohio

Jennifer Pratt
Beth Ann Finnerty
Mark Kittel
Office of the Attorney General of Ohio
30 E Broad Street, 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
E-Mail:
Jennifer.pratt@ohioattorneygeneral.gov
Beth.finnerty@ohioattorneygeneral.gov
Mark.kittel@ohioattorneygeneral.gov

*Counsel for Plaintiff State of Ohio*

GENTNER DRUMMOND
Attorney General of Oklahoma

Robert J. Carlson
Office of the Oklahoma Attorney General
313 NE 21st Street
Oklahoma City, OK 73105

Telephone: (405) 522-1014
E-Mail: Robert.carlson@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

ELLEN ROSENBLUM
Attorney General of Oregon

Cheryl Hiemstra
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301
Telephone: (503) 934-4400
E-Mail: Cheryl.hiemstra@doj.state.or.us

*Counsel for Plaintiff State of Oregon*

MICHELLE HENRY
Attorney General of Pennsylvania

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
E-Mail: jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of
Pennsylvania*

DOMINGO EMANUELLI
HERNANDEZ
Attorney General of Puerto Rico
Guarionex Diaz Martinez
Assistant Attorney General Antitrust
Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902
Telephone: (787) 721-2900, Ext. 1201
E-Mail: gdiaz@justicia.pr.gov

*Counsel for Plaintiff Territory Puerto
Rico*

PETER NERONHA
Attorney General of Rhode Island

Stephen Provazza
Rhode Island Office of the Attorney
General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
E-Mail: SProvazza@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

MARTIN J. JACKLEY
Attorney General of South Dakota

Yvette K. Lafrentz
Office of the Attorney General of South
Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
E-Mail: Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff State of South
Dakota*

CHARITY R. CLARK
Attorney General of Vermont

Christopher J. Curtis, Assistant Attorney
General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
Telephone: (802) 828-3170
E-Mail: christopher.curtis@vermont.gov
*Counsel for Plaintiff State of Vermont*

JASON S. MIYARES
Attorney General of Virginia

Tyler T. Henry
Office of the Attorney General of Virginia
202 N. 9th Street

Richmond, VA 23219
Telephone: (804) 692-0485
E-Mail: thenry@oag.state.va.us

*Counsel for Plaintiff State of Virginia*

ROBERT FERGUSON
Attorney General of Washington

Amy Hanson
Senior Assistant Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-5419
E-Mail: Amy.hanson@atg.wa.gov

*Counsel for Plaintiff State of Washington*

PATRICK MORRISEY
Attorney General of West Virginia

Douglas Lee Davis
Office of the Attorney General, State of
West Virginia
1900 Kanawha Boulevard
East Building 6, Suite 401
P.O. Box 1789
Charleston, WV 25305
Telephone: (304) 558-8986
E-Mail: Douglas.l.davis@wvago.gov

*Counsel for Plaintiff State of West Virginia*

BRIDGET HILL
Attorney General of Wyoming

Amy Pauli
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
Telephone: (307) 777-6397
E-Mail: amy.pauli@wyo.gov

*Counsel for Plaintiff State of
Wyoming*

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*