THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, et al.,<br><br>                     Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                     Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, et al.,<br><br>                     Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                     Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**NON-PARTY MICROSOFT CORPORATION'S SUBMISSION REGARDING GOOGLE'S STATEMENT REGARDING DISCOVERY DISPUTE WITH MICROSOFT**

Microsoft Corporation ("Microsoft") respectfully makes the following submission relating to Google's November 22, 2024 statement ("Statement"), ECF No. 1064, regarding Microsoft's compliance with the subpoena issued to Microsoft by Google on October 22, 2024 (the "Subpoena").

Google's articulation of Microsoft's discovery positions in the above-caption action ("Action") is strikingly divorced from the reality of Microsoft's position here. *First*, Microsoft has agreed to produce documents in response to 37 of the 41 document requests ("Requests") set

1

forth in Google's Subpoena.[1]  And that includes five of the six requests that Google claims to be at issue here.  *See infra* § I.  This stands in stark contrast to Google's claim that Microsoft has "refused to take a firm position regarding the scope of its document production" and is shirking its obligations to participate in discovery during the remedies phase of this Action.  ECF No. 1064 at 2.  *Second*, and relatedly, with respect to four of the six "disputes," there is no ripe dispute to raise with the Court.  Microsoft's counsel repeatedly asked Google to articulate in writing its specific disputes with respect to its Request Nos. 15–18 so that Microsoft could appropriately consider and respond.  Google refused.  *See* Exhibit A (email thread between Google and Microsoft regarding discovery); Exhibit B (Microsoft's November 22, 2024 Letter to Google).  Nonetheless, Microsoft submits a statement here given Google's request for the Court to order compliance.

## I. THE COURT SHOULD DENY GOOGLE'S REQUEST TO ORDER COMPLIANCE WITH REQUEST NOS. 13–18.

Google's Subpoena to Microsoft is expansive and burdensome.  But despite the Subpoena's breadth, Microsoft has agreed to produce documents in response to 37 of the 41 Requests and has done so in a very compressed timeframe.  And, notably, Microsoft has agreed to conduct a reasonable search for and produce documents with respect to five out of the six Requests identified in Google's Statement.  Where Microsoft has indicated it will not produce documents, it has done so based on good-faith objections to relevance, burden, and lack of proportionality.  As much as Google wants to cast Microsoft as a party to this Action, it is not one.  Microsoft remains entitled to the protection afforded by Federal Rule of Civil Procedure 45(d) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.").

---

[1]  To be clear, for certain of these Requests, Microsoft has agreed to conduct a reasonable search for and produce documents narrower than those called for by the Request itself.

      A.      **<u>Request No. 13</u>: Copies of any agreements and any amendments thereto between Microsoft and any person or entity affiliated with OpenAI, Perplexity AI, Inflection, and G42.**

As Microsoft explains in its responses and objections, Microsoft's highly confidential agreements with OpenAI, Perplexity AI, Inflection, and G42 are not relevant to the issues being litigated during the remedies phase of this Action. ECF No. 1064-1 at 29–30.[2] Google argues in its Statement that such agreements will "shed light on the extent to which the OpenAI partnership has driven new traffic to Bing and otherwise affected Microsoft's competitive standing" and will allow Google to "determine any terms upon which Bing powers functionality incorporated into Perplexity's search service." ECF No. 1064 at 3–4. However, Google's statement omits that Microsoft has agreed to produce, *inter alia*:

1. "Documents relating to Microsoft's ***actual or attempted distribution*** or syndication of ***Microsoft Bing Search***, the Microsoft Edge browser, the ***Microsoft Bing Search app, and Microsoft Copilot (formerly Bing Chat)***[,]" *see* Exhibit C at 18 (excerpt from Nonparty Microsoft Corporation's Objections and Responses to Google, LLC's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action) (emphasis added);

2. Documents "sufficient to show the extent to which Microsoft ***uses artificial intelligence tools*** to measure, determine or otherwise ***improve the relevance of Bing results***[,]" *see* Exhibit D at 2 (Microsoft's November 21, 2024 Letter to Google) (emphasis added);

3. "Documents and/or data, to the extent available and reasonably accessible, sufficient to reflect ***daily active users of Bing*** from May 6, 2022 to Present[,]" *see* Exhibit C at 28 (emphasis added);

4. Documents that "identify ***generative AI products for which Microsoft provides search results*** or search advertising services," *see* Exhibit B at 2 (emphasis added);

5. Board documents regarding ***competition, competitors, strategy, or market analyses in generative artificial intelligence***, *see* Exhibit D at 4 (emphasis added);

---

[2]     Page numbers for ECF No. 1064-1 refer to the page numbers included in Microsoft's original responses and objections.

6. "[D]ocuments sufficient to show any *analysis of the potential of generative artificial intelligence to affect general search quality or usage*[,]" see Exhibit D at 4 (emphasis added); and

7. "[D]ata sufficient to show the *number of general search queries received by Bing* from January 2022 through October 2024[,]" see Exhibit C at 61 (emphasis added).

Google has done nothing to explain why Microsoft's agreement to produce the documents listed above is insufficient and why it instead needs access to the terms of Microsoft's highly confidential agreements with other third parties. Microsoft does not dispute that the intersection of generative AI and search is relevant to the remedies stage of this Action. But the *agreements* underlying various AI tools—as opposed to documents regarding the distribution and competitive position of those tools, which Microsoft has agreed to produce—have no apparent relevance to the remedies phase of this Action.

      B.      **Request No. 14:** Documents sufficient to show the types and quantity of data used to train the OpenAI o1 model, the OpenAI o1-preview model, the OpenAI o1-mini model, the GPT-4o model, the GPT-4o mini model, the GPT-3 model, the Prometheus model, or any other model that Microsoft has developed or licensed for use in connection with any potential or actual Generative AI Tool or AI Search Tool. Documents within the scope of this request include documents sufficient to show the extent to which search enge click-and-query data or first-party data is used to train any part of the OpenAI o1 model, the OpenAI o1-preview model, the OpenAI o1-mini model, the GPT-4o model, the GPT-4o mini model, the GPT-4 model, the GPT-3 model, or the Prometheus model. Documents within scope of this request will also include documents sufficient to identify the "publicly available data" and the "data licensed from third-party providers" referred to in Section 2 of the GPT-4 Technical Report available at https://arxiv.org/pdg/2303.08774.

First, despite Google's suggestion to the contrary, Microsoft has agreed to produce certain documents in response to this Request. Specifically, "Microsoft has agreed to produce documents sufficient to show the types and quantity of data used to train its *own model*, the Prometheus model." *See* Exhibit B at 2 (emphasis added). However, as Microsoft has explained to Google, "[t]he remaining models listed in this Request are not owned by Microsoft and thus discovery as to these models is not appropriately directed at Microsoft[.]" *Id.* Such a request squarely runs

4

contrary to Rule 45. Google makes no attempt to explain why it cannot ask OpenAI—the owner of the models and thus the appropriate third party—to provide this information. *See In re Motion to Compel Compliance with Subpoena Direct to Dept. of Veterans Affs.*, 257 F.R.D. 12, 19 (D.D.C. 2009). Microsoft should not be required to affirmatively search for information regarding the development of products that it does not own when such information is readily available from the product owner. Fed. R. Civ. P. 26(b)(2)(C)(i) ("the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rules if it determines that: (i) the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive").

> **C.** **Request No. 15: Documents sufficient to identify any Generative AI Tools and any AI Search Tools which Microsoft provides or has provided search results or advertising services.**

Microsoft does not understand that nature of Google's dispute with Microsoft's response to this Request. As indicated in its correspondence with Google in advance of Google's filing, without waiving its objections to Request No. 15, Microsoft is willing to search for and produce documents "that identify generative AI products for which Microsoft provides search results or search advertising services." *See* Exhibit B at 2.

> **D.** **Request No. 16: Agreements and any amendments thereto in Microsoft's possession, custody, or control licensing content for us in connection with any Generative AI Tool and any AI Search Tool. For clarity, this request seeks responsive, non-privileged documents in Microsoft's possession custody, or control regardless of whether Microsoft is a party to such agreement or amendment.**
>
> **Request No. 17: To the extent not produced in response to Request No. 16, any "exclusive content deals" as that phrase was used in Satya Nadella's October 2, 2023 trial testimony. See Trial Tr. 3513:4–9. For clarity, this request seeks**

> **responsive, non-privileged documents in Microsoft's possession, custody, or control regardless of whether it is a party to such agreement or amendment.**

Microsoft is similarly uncertain of the nature of Google's dispute with Microsoft's responses to Requests Nos. 16 and 17, which was why Microsoft requested Google clarify. *See* Exhibit A and B. Microsoft has agreed to conduct a reasonable search for documents responsive to Request Nos. 16 and 17 sufficient to reflect Microsoft's content licensing agreements for Copilot. *See* Exhibit B at 2.

To the extent Google is arguing that Microsoft should be required to produce agreements and amendments to which it is not a party, Microsoft is not the appropriate target for such discovery. Again, Google has failed to articulate any explanation for why it could not direct its discovery at the third parties whose agreements they believe are relevant. *See In re Motion to Compel Compliance with Subpoena Direct to Dept. of Veterans Affs.*, 257 F.R.D. at 19; Fed. R. Civ. P. 26(b)(2)(C)(i).

To the extent Google is arguing that Microsoft limiting its response to content licensing agreements for Copilot is inappropriate, Microsoft has explained that Copilot is the only AI Tool that Microsoft offers that could reasonably be described as related to the general search or the general search text advertising markets. Based on the discussion at the last status conference, Microsoft understood the Parties and the Court to be in agreement that, to be relevant to the issues being litigated during the remedies phase of this Action, AI features should relate in some way to search, search access points, or search features.

E. **Request No. 18: Documents sufficient to show Microsoft's understanding of the relative competitive position of Generative AI Tools and AI Search Tools. Documents within the scope this request include documents sufficient to show the relative download or usage rate of ChatGPT and Copilot compared to other Generative AI Tools and/or AI Search Tools. This request seeks all responsive, non-privileged documents in Microsoft's possession, custody, or**

>   control created, altered, transmitted, or received at any time from May 6, 2022, to present.

Microsoft has agreed to produce documents to this Request as well. Specifically, "Microsoft has agreed to produce documents sufficient to show Microsoft's understanding of the relative competitive position of Microsoft Copilot as compared to other Generative AI and AI Search Tools." *See* Exhibit B at 2. Moreover, Microsoft also has agreed to produce in response to the Subpoena, *inter alia*: (1) data regarding the downloads of the Copilot app, *see* Exhibit C at 27; (2) board documents regarding competition, competitors, strategy, or market analyses in generative artificial intelligence, *see* Exhibit D at 4; and (3) "data sufficient to show the number of prompts submitted by users to Microsoft Consumer Copilot[,]" *see* Exhibit C at 60. It is unclear to Microsoft what remains in dispute with respect to this Request, which again is why Microsoft requested additional clarity from Google. *See* Exhibit A.

*   *   *

Given the foregoing, Microsoft respectfully requests that the Court deny Google's request that Microsoft comply with Requests 13–18 of Google's subpoena. However, to the extent the Court is inclined to compel Microsoft to produce documents in response to any of these Request, Microsoft requests the Court set forth a briefing schedule to allow for a more fulsome discussion of the issues in dispute.

Dated: November 25, 2024	Respectfully submitted,

*/s/ John (Jay) Jurata*
John (Jay) Jurata, Jr. (DC Bar. No. 478602)
**DECHERT LLP**
1900 K Street, NW
Washington, DC 20006
Tel.: (202) 261-3300
Fax: (202) 261-3333
jay.jurata@dechert.com

Julia Chapman *(pro hac vice)*
**DECHERT LLP**
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Tel.: (215) 994-2060
Fax: (215) 994-2222
julia.chapman@dechert.com

Russell P. Cohen (*pro hac vice*)
**DECHERT LLP**
45 Fremont Street, 26th Floor
San Francisco, CA 94105
Tel.: (415) 262-4506
Fax: (415) 262-4555
Russ.Cohen@dechert.com

Amy Ray (DC Bar No. 489086)
**ORRICK, HERRINGTON, & SUTCLIFFE LLP**
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel.: (202) 239-8698
Fax: (202) 339-8500
amyray@orrick.com

*Counsel for Third Party Microsoft Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2024, I caused to be served a copy of the foregoing Microsoft Corporation's submission to Google's Statement Regarding Discovery Dispute with Microsoft on all counsel of record via the CM/ECF system.

/s/ *John (Jay) Jurata*
John (Jay) Jurata, Jr. (DC Bar. No. 478602)
**DECHERT LLP**
1900 K Street, NW
Washington, DC 20006
Tel.: (202) 261-3300
Fax: (202) 261-3333
jay.jurata@dechert.com

*Counsel for Third Party Microsoft Corporation*