# EXHIBIT C

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, et al.,<br><br>                            Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                            Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, et al.,<br><br>                            Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                            Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**NONPARTY MICROSOFT CORPORATION'S OBJECTIONS AND RESPONSES TO GOOGLE, LLC'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

       Pursuant to Federal Rules of Civil Procedure 26, 34, and 45, nonparty Microsoft Corporation ("Microsoft"), by and through its undersigned counsel of record, hereby responds to Google, LLC's ("Google's") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action dated October 22, 2024 (the "Subpoena").

**PRELIMINARY STATEMENT**

       1.     These Responses are based on a diligent investigation conducted by Microsoft and its counsel to date and reflect the current status of Microsoft's knowledge, understanding, and

1

overbroad, vague, and ambiguous because it fails to adequately describe with reasonable particularity the data sought by Google. Microsoft also objects to the extent the definition suggests that any data produced in response to subpoenas in the Liability Phase is presumptively relevant to the Remedies Phase of this Action. Microsoft further objects to the extent the definition suggests any obligation by Microsoft to produce data categories or fields requested in Google's previous subpoenas and which Microsoft previously determined were not available, or which were otherwise modified.

## RELEVANT TIME PERIOD

1. As expressly noted below, and regardless of the timeframe stated in any given Request, Microsoft limits each of its Responses to Google's Requests to documents dated May 6, 2022 to Present, which begins at the date on which fact discovery closed in the Liability Phase and is consistent with Google's Request time period for the majority of the Requests contained within the Subpoena.

## II.    REQUESTS FOR PRODUCTION

1. **All documents and other communications between Microsoft and any third party proposing, discussing, or relating to the promotion, preinstallation, syndication, or other distribution of any search engine, search advertising service, browser, Generative AI Tool or AI Search Tool. Documents within the scope of this request include, but are not limited to, negotiations over agreements as well as final executed agreements that Microsoft has entered into with any third party since May 6, 2022 with respect to the promotion, preinstallation, syndication, or other distribution of any search engine, search advertising service, browser, Generative AI Tool, or AI Search Tool. This request seeks all responsive, non-privileged documents in Microsoft's possession, custody, or control created, altered, transmitted, or received at any time from May 6, 2022, to present.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft further objects to this Request on the grounds that it is overbroad, disproportionate to the needs of the case, and unduly burdensome for a nonparty because it seeks "*all* documents and other

communications" between Microsoft and "*any* third party" related to the promotion, preinstallation, syndication, or other distribution of "*any*" search engine, search advertising service, browser, Generative AI Tool or AI Search Tool without limitation to materials relevant to the issues being litigated into the Remedies Phase of this Action. Microsoft also objects to the definitions of the term "Generative AI Tool" and "AI Search Tool," which are overly broad, vague, and unduly burdensome on a nonparty. As used in this Request, Microsoft will interpret "Generative AI Tool" and "AI Search Tool" to jointly refer to Microsoft Copilot (formerly Bing Chat).[4] Microsoft further objects to the extent this Request seeks information that is irrelevant to the Remedies Phase of this Action or is duplicative of documents produced during the Liability Phase. Microsoft also objects to this Request to the extent that it seeks documents and communications that are protected by privilege, including, without limitation, the attorney-client privilege, the work-product doctrine, any joint-defense privilege, common-interest privilege, settlement materials, or trial-preparation materials.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search: Documents relating to Microsoft's actual or attempted distribution or syndication of Microsoft Bing Search, the Microsoft Edge browser, the Microsoft Bing Search app, and Microsoft Copilot (formerly Bing Chat). For the avoidance of doubt, Microsoft will not produce any other documents in response to this Request.

2. **All analyses of any potential partnership, collaboration, agreement, or transaction between Microsoft and any third party regarding the promotion, preinstallation, syndication, or other distribution of any search engine, search advertising service, browser, Generative AI Tool or AI Search Tool. Documents within the scope of this request include, but are not limited to, A2N and FGNG documents relating to Bing promotion, preinstallation, syndication, or other distribution. This request seeks all responsive, non-privileged documents in Microsoft's possession, custody, or control created, altered,**

---

[4] *See* Objections to Definitions, ¶ 20, n.3.

10.     **Documents or data sufficient to show the monthly downloads of any search engine application, browser, Generative AI Tool or AI Search Tool since May 6, 2022. Applications within the scope of this include the Bing app, Edge browser, the Copilot app, and the ChatGPT apps for mobile and desktop. Documents or data within the scope of this request should be sufficient to show the basis for Satya Nadella's April 25, 2023 statement that "[d]aily installs of the Bing mobile app have grown 4X since launch." See Transcript of Microsoft FY23 Third Quarter Earnings Conference Call, available at https://www.microsoft.com/en-us/Investor/events/FY-2023/earnings-fy-2023-q3.aspx?EventID=1284809.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft objects to this Request on the grounds that it is overbroad, seeks irrelevant information, is unduly burdensome, and is not proportional to the needs of the case. As a nonparty, Microsoft is shielded from the undue burden raised by this overly broad Request. *See* Fed. R. Civ. P. 45(d)(1) and 45(d)(3)(A)(iv). Microsoft further objects to this Request to the extent that it seeks documents and communications that are protected by privilege, including, without limitation, the attorney-client privilege, the work-product doctrine, any joint-defense privilege, common-interest privilege, settlement materials, or trial-preparation materials.

Microsoft further objects to this Request to the extent it seeks information about OpenAI's business and offerings as that information is within OpenAI's possession, custody and control, not Microsoft's. This includes, at a minimum, information and data concerning usage of OpenAI's ChatGPT product. Microsoft does not own or control OpenAI and OpenAI is a separate and distinct entity from Microsoft. As such, for information and data concerning OpenAI's offerings, OpenAI is the appropriate nonparty from which Google should seek these materials.

Microsoft further objects to the to the definitions of the terms "Generative AI Tool" and "AI Search Tool," as well as the undefined term "search engine application," which are overly broad, unduly burdensome, vague, and ambiguous. Microsoft will interpret "Generative AI Tool"

and "AI Search Tool" to jointly refer to the Microsoft Copilot app.[6] Microsoft will further interpret "search engine application" to mean the Microsoft Bing Search app. Microsoft objects to the extent that the data requested are not able to be produced in the manner requested.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft will produce the following non-privileged materials responsive to this Request that it is able to identify through a reasonable search: Documents and/or data, to the extent available and reasonably accessible, sufficient to reflect total downloads of the Microsoft Edge browser, the Microsoft Bing Search app, and the Microsoft Copilot app from May 2022 through October 2024.

11. **Documents or data sufficient to show the daily active users of Bing since May 6, 2022. Documents or data within the scope of this request should be sufficient to show the basis for Satya Nadella's April 25, 2023 statement that "[a]ll-up, Bing has more than 100 million daily active users." See Transcript of Microsoft FY23 Third Quarter Earnings Conference Call, available at https://www.microsoft.com/en-us/Investor/events/FY-2023/earnings-fy-2023- q3.aspx?EventID=1284809.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft objects to this Request to the extent that it calls for the production of information that need not be preserved pursuant to the Stipulation and Order Regarding Discovery Procedure (ECF No. 99), Paragraph II.3. Microsoft further objects to this Request on the grounds that it is overbroad, seeks irrelevant information, is unduly burdensome, and is not proportional to the needs of the case. Microsoft further objects to this Request to the extent it seeks documents and communications that are protected by privilege, including, without limitation, the attorney-client privilege, the work-product doctrine, any joint-defense privilege, common-interest privilege, settlement materials, or trial-preparation materials. Microsoft also objects to the definition of "Bing" to the extent that it includes any Microsoft vertical search services or applications as this definition is overbroad and

---

[6] *Id.* at n.3.

unduly burdensome. Microsoft objects to this Request as not relevant to the issues presented in the Remedies Phase of this Action or Google's defenses. Microsoft further objects to the extent this Request seeks data to be produced on a daily basis and/or for a more than two-year time period, as such a Request is not proportional to the needs of the case and imposes an undue burden on Microsoft. Microsoft further objects to the extent that the data requested are not able to be produced, as a data set, in the manner requested.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft will produce the following non-privileged materials responsive to this Request that it is able to identify through a reasonable search: Documents and/or data, to the extent available and reasonably accessible, sufficient to reflect daily active users of Bing from May 6, 2022 to Present.

12. **Documents sufficient to show the extent of preinstallation on the Windows Operating System of any search engine, browser, Generative AI Tool or AI Search Tool since May 6, 2022.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft objects to this Request on the grounds that it is overbroad, disproportionate to the needs of the case, and unduly burdensome for a nonparty because it seeks information regarding preinstallation of *any* search engine, browser, Generative AI Tool or AI Search Tool on the Windows Operating System. Microsoft also objects to the definitions of the terms "Generative AI Tool" and "AI Search Tool," which are overly broad, vague, and unduly burdensome on a nonparty. As used in this Request, Microsoft will interpret "Generative AI Tool" and "AI Search Tool" to jointly refer to the Microsoft Copilot app.[7] Microsoft further objects to this Request to the extent that it seeks documents and communications that are protected by privilege, including, without limitation, the

---

[7] *Id.* at n.3.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft responds as follows: Microsoft is willing to meet and confer to discuss the relevance, if any, of this Request to the Remedies Phase and what, if any, document productions are reasonable and appropriate.

39. **From January 2023 to the present, separately by month, operating system, and device type, produce documents or data sufficient to show the total number of interactions for each Generative AI Tool and each AI Search Tool for which Microsoft provides support (e.g., Copilot, ChatGPT, SearchGPT, Perplexity), both in aggregate and performed through each type of access point, including whether an access point is subject to a Microsoft distribution agreement.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft objects to the extent the Request seeks data or ESI that is not reasonably accessible or that is inaccessible under the meaning of Rule 26 and Rule 45 and/or the Stipulation and Order Regarding Discovery Procedure (ECF No. 99), or that need not be preserved pursuant to the Stipulation and Order Regarding Discovery Procedure (ECF No. 99), Paragraph II.3. Microsoft objects to this Request on the grounds that it is vague, overbroad, seeks irrelevant information, is unduly burdensome, and is not proportional to the needs of the case.

Microsoft also objects to the definitions of the terms "Generative AI Tool" and "AI Search Tool," as well as the undefined term "collaboration," which are overly broad, vague, and unduly burdensome on a nonparty. As used in this Request, Microsoft will interpret "Generative AI Tool" and "AI Search Tool" to jointly refer to the Microsoft Copilot app.[16] Microsoft objects to the undefined terms "interactions," "provides support," "access point," and "Microsoft distribution agreement" as overbroad, vague, and ambiguous. Microsoft will interpret "interactions" to mean

---

[16] *See* Objections to Definitions, ¶ 20, n. 3.

prompts submitted by users to Microsoft Consumer Copilot.[17] Microsoft will interpret "access point" to encompass the Copilot experience accessible through the aforementioned website, the Copilot app, Bing and Edge.

Microsoft further objects to this Request to the extent it seeks information about OpenAI's, Perplexity's or another nonparty's business and offerings as that information is within OpenAI's, Perplexity's or that nonparty's possession, custody and control, respectively, not Microsoft's. This includes, at a minimum, information and data concerning usage of OpenAI's and Perplexity's products and offerings, such as ChatGPT and Perplexity app. Microsoft does not own or control OpenAI or Perplexity, and both entities are separate and distinct entities from Microsoft. As such, for information and data concerning OpenAI's offerings or Perplexity's offerings, those two entities are the appropriate nonparties from which Google should seek these materials. Microsoft further objects to the extent that the data requested are not able to be produced in the manner requested.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft responds as follows: Microsoft will, to the extent available and reasonably accessible, produce data sufficient to show the number of prompts submitted by users to Microsoft Consumer Copilot, separately by operating system, device type, and access point on a monthly basis from January 2023 through October 2024.

---

[17] *See*, *supra*, Microsoft's Response to Request 10 (defining "Microsoft Consumer Copilot").

40.     **Data sufficient to show the number of general search queries performed through each type of search access point, separately by month from January 2022 to the present.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft objects to the extent the Request seeks data or ESI that is not reasonably accessible or that is inaccessible under the meaning of Rule 26 and Rule 45 and/or the Stipulation and Order Regarding Discovery Procedure (ECF No. 99), or that need not be preserved pursuant to the Stipulation and Order Regarding Discovery Procedure (ECF No. 99), Paragraph II.3. Microsoft further objects to this Request on the grounds that it is overbroad, seeks irrelevant information, is unduly burdensome, and is not proportional to the needs of the case. The proposed discovery is of limited importance in resolving the issues in the Remedies Phase of this Action, and the burden and expense of the proposed discovery outweighs its likely benefit.  As a nonparty, Microsoft is shielded from the undue burden raised by this overly broad Request.  *See* Fed. R. Civ. P. 45(d)(1) and 45(d)(3)(A)(iv). Microsoft also objects to the undefined terms "general search queries" and "search access point" as overbroad, vague, and ambiguous. Microsoft will interpret "general search queries" to mean search queries performed on Bing and will interpret "each type of search access point" to mean the device type through which the searches were performed. Microsoft further objects to the extent that the data requested are not able to be produced, as a data set, in the manner requested.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft responds as follows: Microsoft will, to the extent available and reasonably accessible, produce data sufficient to show the number of general search queries received by Bing from January 2022 through October 2024.