# EXHIBIT A

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>        Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>        Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**NONPARTY MICROSOFT CORPORATION'S OBJECTIONS AND RESPONSES TO GOOGLE, LLC'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Pursuant to Federal Rules of Civil Procedure 26, 34, and 45, nonparty Microsoft Corporation ("Microsoft"), by and through its undersigned counsel of record, hereby responds to Google, LLC's ("Google's") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action dated October 22, 2024 (the "Subpoena").

**PRELIMINARY STATEMENT**

1. These Responses are based on a diligent investigation conducted by Microsoft and its counsel to date and reflect the current status of Microsoft's knowledge, understanding, and

1

attorney-client privilege, the work-product doctrine, any joint-defense privilege, common-interest privilege, settlement materials, or trial-preparation materials. Microsoft further objects to this Request as seeking information not in Microsoft's possession, custody, or control, or which are equally or more readily available to Google. Microsoft also objects to the extent this Request seeks information that is irrelevant to the Remedies Phase of this Action.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft responds as follows: Microsoft will not produce documents in response to this Request.

13.    **Copies of any agreements and any amendments thereto between Microsoft and any person or entity affiliated with OpenAI, Perplexity AI, Inflection, and G42.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Microsoft objects to this Request as it seeks documents that are wholly irrelevant to the issues before the court and resolving the Remedies Phase of this action. Specifically, confidential agreements that concern Microsoft's business relationships with, *inter alia*, OpenAI, G42 and Inflection have absolutely no bearing on or relevance to the remedies the Court may impose to cure Google's anticompetitive conduct in the general search and general search text advertising markets. Microsoft further objects to the overbreadth of documents sought by this Request as a result of how the terms "OpenAI," "Perplexity AI," "Inflection," and "G42" are defined, as well as the term "any person or entity affiliated with." Microsoft further objects to the extent this Request calls for employment contracts, employment agreements and/or any other employee-related document as such documents are wholly irrelevant to remedies the Court may impose to cure Google's anticompetitive conduct. *See Slate v. Am. Broad. Companies, Inc.*, 274 F.R.D. 350, 352 (D.D.C. 2011) (affirming denial of plaintiff's motion to compel production of personnel and employment-related files because information was irrelevant to plaintiff's claim); *see also Lurensky v. Wellinghoff*, 271 F.R.D. 345, 349 (D.D.C. 2010) (denying motion to compel production

of potential witnesses' personnel files as irrelevant to plaintiff's claims). Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft further objects to this Request to the extent it seeks information that is publicly available or equally available to Google.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft responds as follows: Microsoft will not produce documents in response to this Request.

14. **Documents sufficient to show the types and quantity of data used to train the OpenAI o1 model, the OpenAI o1-preview model, the OpenAI o1-mini model, the GPT-4o model, the GPT-4o mini model, the GPT-4 model, the GPT-3 model, the Prometheus model, or any other model that Microsoft has developed or licensed for use in connection with any potential or actual Generative AI Tool or AI Search Tool. Documents within the scope of this request include documents sufficient to show the extent to which search engine click-and-query data or first-party data is used to train any part of the OpenAI o1 model, the OpenAI o1-preview model, the OpenAI o1-mini model, the GPT-4o model, the GPT-4o mini model, the GPT-4 model, the GPT-3 model, or the Prometheus model. Documents within the scope of this request will also include documents sufficient to identify the "publicly available data" and the "data licensed from third-party providers" referred to in Section 2 of the GPT-4 Technical Report available at https://arxiv.org/pdf/2303.08774.**

<u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**</u>

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft objects to this Request to the extent it seeks information about OpenAI's business and offerings as that information is within OpenAI's possession, custody and control, not Microsoft's. This includes, at a minimum, information concerning how OpenAI's models were trained. As Google is aware, OpenAI is neither owned nor controlled by Microsoft and is a separate and distinct entity from Microsoft. Given that nearly all of the information sought herein concerns OpenAI's business practices and product offerings, not Microsoft's, and a report authored by OpenAI, not Microsoft, OpenAI is the appropriate nonparty from which Google should seek these materials. Microsoft further objects to the extent this Request calls for Microsoft to produce information and documents that are available or equally available to Google, or that are more appropriately obtained through other sources, including parties and nonparties to this Action, thereby imposing avoidable undue

burden and expense on Microsoft, which requires the Court to quash any such requests. *See* Fed. R. Civ. P. 45(d)(1) and 45(d)(3)(A)(iv); *see In re Motion to Compel Compliance with Subpoena Direct[ed] to Dept. of Veterans Affairs*, 257 F.R.D. 12, 19 (D.D.C. 2009) (quashing subpoena pursuant to then section (c)(1) of Rule 45 because party serving the subpoena failed to show that the information could not be obtained from other sources).

Moreover, Microsoft objects to this Request as irrelevant, unintelligible, overly broad, vague, ambiguous, and unduly burdensome due to the use of, *inter alia*, the phrases "*any* other model" and "*any potential or actual* Generative AI Tool or AI Search Tool" which far exceed the topics and materials relevant to the issues being litigated in the Remedies Phase of this Action. Microsoft also objects to the definitions of the terms "Generative AI Tool" and "AI Search Tool," which are overly broad, vague, and unduly burdensome on a nonparty. As used in this Request, Microsoft will interpret "Generative AI Tool" and "AI Search Tool" to jointly refer to the Microsoft Copilot app.[8] Microsoft further objects to this Request to the extent that it seeks documents and communications that are protected by privilege, including, without limitation, the attorney-client privilege, the work-product doctrine, any joint-defense privilege, or common-interest privilege. Microsoft objects to this Request to the extent that it seeks documents that are irrelevant to resolving the issues in the Remedies Phase of this Action.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft responds as follows: Microsoft is willing to meet and confer to discuss what specific information Google is seeking with respect to Microsoft's Prometheus model that is not already available to Google via public sources. Microsoft understands that Google's reference to Prometheus means the "Prometheus model" referred to in Microsoft's public blog, which refers to

---

[8] *Id.* at n.3.

the proprietary "collection of capabilities and techniques" Microsoft used to power the "new Bing" experience.[9] To the extent Google is seeking information or documents with respect to other Microsoft generative AI models that are unrelated to Microsoft's search and consumer Copilot offerings, as defined above,[10] Microsoft will not produce such information or documents given that they are wholly irrelevant to the issues in the Remedies Phase of this Action.

15. **Documents sufficient to identify any Generative AI Tools and any AI Search Tools for which Microsoft provides or has provided search results or advertising services.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft further objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks documents that are irrelevant to resolving the issues in the Remedies Phase of this Action. Microsoft further objects to the definitions of the terms "Generative AI Tool" and "AI Search Tool" as overly broad, vague, ambiguous, and unduly burdensome. As used in this Request, Microsoft will interpret "Generative AI Tool" and "AI Search Tool" to jointly refer to the Microsoft Copilot app.[11] Microsoft further objects to this Request to the extent that it seeks documents and communications that are protected by privilege, including, without limitation, the attorney-client privilege, the work-product doctrine, any joint-defense privilege, common-interest privilege, settlement materials, or trial-preparation materials.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft is willing to meet and confer with respect to this Request.

---

[9] *See, e.g.*, *Reinventing search with a new AI-powered Microsoft Bing and Edge, your copilot for the web - The Official Microsoft Blog.*
[10] *See* Objections to Definitions, ¶ 20, n. 3.
[11] *Id.*

16.     **Agreements and any amendments thereto in Microsoft's possession, custody, or control licensing content for use in connection with any Generative AI Tool and any AI Search Tool. For clarity, this request seeks responsive, non-privileged documents in Microsoft's possession, custody, or control regardless of whether Microsoft is a party to such agreement or amendment.**

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 16</u>**

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft objects to this Request on the grounds that it seeks documents not in Microsoft's possession, custody, or control, or that can be more easily obtained from another party.  In particular, Microsoft objects to this Request to the extent it seeks agreements or amendments to which it is not a party. Microsoft further objects to the definitions of the terms "Generative AI Tool" and "AI Search Tool" as overly broad, vague, ambiguous, and unduly burdensome.  As used in this Request, Microsoft will interpret "Generative AI Tool" and "AI Search Tool" to jointly refer to the Microsoft Copilot app.[12]  Microsoft also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents that are irrelevant to resolving the issues in the Remedies Phase of this Action.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft will produce the following non-privileged materials responsive to this Request that it is able to identify through a reasonable search: Documents sufficient to reflect Microsoft's actual licensing content agreements for Copilot.

17.     **To the extent not produced in response to Request No. 16, any "exclusive content deals" as that phrase was used in Satya Nadella's October 2, 2023 trial testimony. See Trial Tr. 3513:4–9. For clarity, this request seeks responsive, non-privileged documents**

---

[12] *Id.* at n.3.

**in Microsoft's possession, custody, or control regardless of whether it is a party to such agreement or amendment.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft objects to this Request on the grounds that it is duplicative of Request No. 16 and incorporates its objections to Request No. 16 herein by reference.

18. **Documents sufficient to show Microsoft's understanding of the relative competitive position of Generative AI Tools and AI Search Tools. Documents within the scope of this request include documents sufficient to show the relative download or usage rate of ChatGPT and Copilot compared to other Generative AI Tools and/or AI Search Tools. This request seeks all responsive, non-privileged documents in Microsoft's possession, custody, or control created, altered, transmitted, or received at any time from May 6, 2022, to present.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks documents that are not relevant to resolving the issues in the Remedies Phase of this Action. Microsoft objects to the definitions of the terms "Generative AI Tool" and "AI Search Tool" as overly broad, vague, ambiguous, and unduly burdensome. As used in this Request, Microsoft will interpret "Generative AI Tool" and "AI Search Tool" to jointly refer to Microsoft Copilot app.[13] Microsoft further objects to this Request to the extent it seeks information not in Microsoft's possession, custody, or control, or which are equally or more readily available to Google. Specifically, Microsoft objects to this Request to the extent it seeks information about OpenAI's business and products, including ChatGPT usage, as that information is within OpenAI's possession, custody and control, not Microsoft's. Microsoft does not own or control OpenAI and OpenAI is a separate and distinct

---

[13] *Id.* at n.3.

entity from Microsoft. As such, for information and data concerning OpenAI's offerings, OpenAI is the appropriate nonparties from which Google should seek these materials. Microsoft also objects to this Request to the extent that its Request for "documents sufficient to show" contradicts its Request for "all responsive, non-privileged documents." Microsoft interprets this Request as asking for documents sufficient to show the subject matter of the Request. Microsoft also objects to this Request to the extent that it seeks documents and communications that are protected by privilege, including, without limitation, the attorney-client privilege, the work-product doctrine, any joint-defense privilege, or common-interest privilege.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search: Documents sufficient to show Microsoft's understanding of the relative competitive position of Microsoft Copilot as compared to other "Generative AI" and "AI Search Tools," as narrowly defined in Microsoft's Objections to Definitions ¶¶ 19-20. For the avoidance of doubt, Microsoft will not produce any other documents in response to this Request.

19. **All submissions made by Microsoft to any government agency regarding any potential remedial action with respect to Microsoft's web browser. Documents within this request include any submissions made to any plaintiff in United States v. Microsoft Corp., No. 98-1232 (D.D.C.) or State of New York v. Microsoft Corp., No. 98-1233 (D.D.C.) regarding the potential divestiture of Internet Explorer or making it "open source." This request seeks all responsive, non- privileged documents in Microsoft's possession, custody, or control created, altered, transmitted, or received at any time from June 28, 2001, to present.**

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 19</u>

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks "*all* submissions made by Microsoft to *any*

35