IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*,<br><br>                    Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                    Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, *et al.*,<br><br>                    Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                    Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**JOINT STATUS REPORT**

Pursuant to the Court's Order, ECF No. 1077, the Parties submit the following Joint Status Report regarding the status of discovery requests raised at the November 26 Status Conference.

**I.      Joint Status Update**

On December 4, the parties held a meet-and-confer regarding outstanding discovery issues and disputes. On December 5, Google produced hit reports to Plaintiffs pursuant to ECF No. 1077. As detailed below, however, the Parties have been unable to resolve the dispute over Request Nos. 20, 23, 24, 25, 26, and 27 and respectfully request the Court's guidance.

The parties continue to negotiate Request No. 3 (including the scope of internal Google documents and submissions related to the 2022 Digital Markets Act) and do not request the Court's intervention at this time.

## II.     DOJ And Colorado Plaintiffs' Position Statement

Plaintiffs respectfully request that for Request Nos. 20, 23, 24, 25, 26, and 27 the Court order Google to collect and produce all documents through November 5 from the previously agreed-upon custodians in response to Plaintiffs' proposed search strings, as shown in Exhibit A.

First, Google maintains its refusal to produce *any* documents for this period for any request, claiming it will be overly burdensome to Google. In fact, Google's hit reports for the period of August 5 through November 5 demonstrate very manageable hit counts, especially in the context of this litigation:

| Request[1] | Hit Count[2] (5/1/22–8/4/24) | Hit Count (8/5/24–11/5/24) |
|---|---:|---:|
| Req. No. 20 | 16,275 | 665 |
| Req. No. 23 | 1,520 | 456 |
| Req. No. 24 | 23,048 | 7,119 |
| Req. No. 25 | 48,232 | 13,395 |
| Req. No. 26 | 1,172 | 180 |
| Req. No. 27 | 233 | 121 |
| Total | 90,480 | 21,936 |

Second, Google has refused to collect and produce documents responsive to certain specific terms that Plaintiffs proposed in search strings for Request Nos. 24 and 25.[3] As an initial matter, Plaintiffs' inclusion of the terms below are plainly relevant, as set forth below:

---

[1] Request Nos. 24 and 25 reflect DOJ's proposed search strings.

[2] The hit count for this period was previously provided to the Court in the November 22 JSR.

[3] The parties have reached agreement on search strings for the other requests (Nos. 20, 23, 26, and 27) for which a custodial search using search strings will be used.

2

- Request No. 24. "Gmail" and "maps" are relevant to Plaintiffs' proposed prohibition on Google's ability to self-preference via ownership or control of its other products and services to disadvantage its competitors (e.g., by preferencing Google Search within Gmail or Google Maps at the expense of search rivals), *e.g.*, Plaintiffs' Proposed Final Judgment, ECF No. 1062-1 at 10-11);

- Request No. 25. "License," "API," "APK," and "Service," are each terms that relate to potential methods of distributing Google's generative AI products and features, and tools, and are relevant to the same self-preferencing prohibitions and this request, *e.g.*, Plaintiffs' Proposed Final Judgment, ECF No. 1062-1 at 10-11; and

- For both Request Nos. 24 and 25, Google seeks to use a narrower operator (i.e., "w/5" versus "w/10") for the terms "AI" and "artificial intelligence." This objection is not based on the terms' plain relevance, only the alleged burden of producing additional documents, which the hit counts do not support.

Furthermore, Google's burden is low. In accordance with the Court's guidance and the accelerated nature of the fact discovery period for remedies, Plaintiffs have largely sought less burdensome "go gets" methodologies for document requests. In the limited circumstances where Plaintiffs have pursued custodial searches, Plaintiffs have crafted targeted search strings that will limit burden and enable Google to review and produce documents quickly. Additionally, Plaintiffs have accepted the majority of Google's counter-proposed limitations on search strings.

The result is the targeted searches that the Plaintiffs propose and that are entirely reasonable for Google to perform. In a previous hearing regarding preliminary hit counts for these strings that showed this exact proposal, and shown again above, the Court observed that

these hit counts are "low or seemingly [so] low . . . for these requests over the course of two years." Hr'g Tr. at 8:20-24 (Nov. 26, 2024). Plaintiffs agree.

Google attempts to avoid productions in response to Plaintiffs' first set of requests by misdirecting to some potential non-specific issue with Plaintiffs' second set of discovery requests. First, there are no ripe issues with respect to Plaintiffs' second requests before the Court today. Plaintiffs will continue to engage with Google in an effort to resolve or narrow any actual or potential disputes. Second, Plaintiffs' second set of requests – served seven days after Plaintiffs' proposed final judgment was submitted and with over three months of fact discovery remaining – take into account the Court's prior guidance and are focused on discrete categories of discovery relevant to Plaintiffs' proposed remedies. Finally, Google does not identify any specific burden with the second set of requests. As a result, any claim that Google's compliance with the first set of requests should be excused due to a hypothetical issue with the second set of requests should be rejected.

For these reasons, Plaintiffs respectfully request that the Court order Google to employ the search strings proposed by Plaintiffs in Exhibit A through November 5, 2024, for Request Nos. 20, 23, 24, 25, 26, and 27.

### III.    Google's Position Statement

Google seeks the Court's intervention on two discrete matters: First, whether Google must expand the end date for six search strings to November 5, 2024, even though 21,936 additional documents are captured by applying Plaintiffs' proposed terms to the 90-day period from August 5 to November 5, 2024. Second, whether Google must run Plaintiffs' broader search strings for RFP Nos. 24 and 25, an expansion which would return 32,401 additional

4

documents for review.[4]  Google is already facing an expedited review of approximately 58,000 documents on a timeline that has been made even more compressed by Plaintiffs' own delay in negotiating search strings.  Compounding matters, last Wednesday evening Plaintiffs issued a broad second set of requests for production with 22 new RFPs.

Given the expedited timeline of this proceeding, trimming tens of thousands of documents from the review pool will meaningfully streamline the review.  There is every reason to do so here because these documents are unlikely to be relevant (given the search terms in dispute) and/or are more likely to be privileged (given the date range postdating the liability opinion).  Google has made significant efforts to accommodate the custodians and search strings that Plaintiffs have proposed across the various RFPs in their First Set of Requests for Production, but there is no sound reason for Google to have to expand its review beyond what it has already taken on, particularly now that Plaintiffs have served a new, lengthy set of requests.  Accordingly, the Court should (1) reject Plaintiffs' attempt to expand the date ranges proposed by Google, and (2) reject Plaintiffs' broader search terms for RFP Nos. 24 and 25.

A.   **Background**

The burden of further custodial document review should be evaluated against the backdrop of Plaintiffs' delay in taking a position on search parameters and, more recently, serving *22* additional requests more than two months into the five-month fact discovery period.

With respect to Plaintiffs' First Set of RFPs, weeks that could have been used reviewing documents instead passed with silence from Plaintiffs in response to Google's proposals and repeated follow-ups.  Indeed, Plaintiffs delayed proposing search strings for nearly three weeks

---

[4] The document counts provided by Google account for deduplication across custodians, but not across search strings. It is therefore possible that two or more search strings are returning the same document, even though each search string is directed to different subject areas and in some instances involves different custodians.

following the October 24 status conference, first proposing them on November 13—more than a month and a half into the fact discovery period—and they have consistently rejected Google's proposals and counterproposals. Google's last counterproposal on November 20 was again met with silence by Plaintiffs, who waited until after the November 26 status conference to reject Google's offer to resolve RFP Nos. 24 and 25. And then, on the evening of November 27, Plaintiffs served an entirely new set of RFPs.

Google has proceeded with reviewing the approximately 58,000 documents captured by its November 20 proposal. Google is triggering a first production today, which will be delivered to Plaintiffs next week after it is processed by Google's vendor.

### B. The Date Ranges Should Not Be Expanded

Plaintiffs' request to expand the date ranges for custodial searches beyond August 4, 2024 should be denied.[5] The hit report Google provided to Plaintiffs speaks to the breadth of the request, with more than 20,000 documents generated in the 90-day period from August 5 to November 5, 2024 using Plaintiffs' proposed search terms. In light of Plaintiffs' delay in negotiating search terms and their service of another set of requests, the review of these additional documents represents a significant undertaking. That review is all the more burdensome because of the privilege concerns that Google has previously expressed given the need for frequent communication during the remedies phase between Google's counsel and some of the same executives who are document custodians about the issues targeted by the search terms.

---

[5] In correspondence with Plaintiffs, Google offered to use September 19, 2024 as the end date for two requests (RFP Nos. 20 and 24), and it has done so in the review it has conducted. It has used August 4, 2024 as the end date for the other four requests.

Plaintiffs are not left without documents or information about what has occurred since August 4. For example, Plaintiffs have served numerous document requests that are satisfied through non-custodial searches that reflect the most current available information. Answers to deposition questions likewise will reflect everything that has occurred through the date of the deposition. But in every litigation there is a date cutoff for the collection of custodial ESI, and there is no sound basis for a later date here.

> C.   **Plaintiffs' Search Term Modifications Should Be Rejected**

Several hours after the status conference on November 26, Plaintiffs informed Google that they would not accept Google's November 20 compromise for RFP No. 24, which relates to "the integration of Google's generative artificial intelligence products" into certain Google services, and RFP No. 25, which relates to "the distribution of Google's generative artificial intelligence products (e.g., Gemini)." In total, Plaintiffs' November 26 rejection of Google's November 20 compromise would add 32,401 documents to the review that Google is currently conducting, without even taking into account the expanded date ranges that Plaintiffs also seek (or the new RFPs served November 27). That is an untenable number in this expedited proceeding, particularly given that the search terms in question are irrelevant and overbroad.

**RFP No. 24.** With respect to RFP No. 24, Google's proposal returned 17,655 hits compared with 23,048 for Plaintiffs' proposal (both using the September 19, 2024 end date proposed by Google). *See* Ex. B. There is no reasonable justification for Plaintiffs' broader terms, which include "Gmail" and "Maps"—Google products having nothing to do with this case. Those terms are not directed to what Plaintiffs themselves said they were seeking: "If it doesn't relate to Search, we're not interested in that. But if it does relate to Search, search access points, or search features, we are." Oct. 24, 2024 Hr'g Tr. 14:25-15:2. To the extent that there is a generative artificial intelligence integration that affects search functionality within Google

7

Maps as well as Google Search, the existing Search-focused terms are sufficient to capture it. But the use of generative artificial intelligence for drafting emails in Gmail or providing directions in Maps is beyond the scope of the request as Plaintiffs described it to the Court, and those terms should not be included.

Plaintiffs' proposal is also overbroad in its use of the generic search term "AI" in connection with a request that is specifically directed to "*generative* artificial intelligence," and not other forms of AI that have been widely used in Google Search for years. Although the term "AI" is not well suited to the search string, Google nevertheless agreed to include it so long as it appears within five words of a long list of other terms. Plaintiffs' proposal unjustifiably increases the burden of the review by including the term if it appears within ten words of that list of other terms. Google's proposal for RFP No. 24 is reasonable as it relates to both the search terms and the proposed end date of September 19, 2024, and the Court should reject Plaintiffs' broader terms and later end date.

**RFP No. 25.** With respect to RFP No. 25, Google's compromise returned 21,224 hits compared with 48,232 for Plaintiffs' proposal (both using the August 4, 2024 end date proposed by Google). *See* Ex. C. Again, Plaintiffs' inclusion of the overbroad term "AI" is driving a lion's share of the burden, even though the request is directed to "*generative* artificial intelligence." As with Request No. 24, Google nevertheless has included the term "AI" as long as it is within five words of another search term, while Plaintiffs insist on ten-word proximity.

The other reason that Plaintiffs' version of the string returns far too many hits is that it includes the generic terms "license," "API," "APK," and "service." None of these generic terms is sufficiently linked to the request. Under Plaintiffs' proposal, Google must review every document from the specified custodians where the term "service" appears within ten words of the

8

term "AI." That is simply not a reasonable way to identify documents addressing "the distribution of Google's generative artificial intelligence products." As Exhibit B indicates, Google's proposal still returns more than 21,000 hits by focusing on the actual "services," "APIs," or "APKs" purportedly placed at issue by the request, such as Gemini, AICore, and AI Edge. This is a more reasonable approach that eliminates the excessive overbreadth of Plaintiffs' proposal.

### D. Plaintiffs' Second Set of Requests for Production Should Be Subject to Reasonable Parameters That Reflect Plaintiffs' Delay in Service

On November 27, the day after the last status conference and 60 days into the five-month fact discovery period, Plaintiffs served a second set of requests for production with 22 individually numbered requests. Virtually all of the requests could have been served much earlier in the discovery period, and many of them are plainly overbroad or seek irrelevant information.

Google will soon serve its responses to these requests, but for present purposes, Plaintiffs' new requests underscore the importance of enforcing the Federal Rules' proportionality rules in the manner described above. The burden that Plaintiffs seek to impose through the expanded date ranges and overbroad terms is not the end of the matter, but rather only one piece of a picture that Plaintiffs continue adding to with requests that could have been served on the first day of discovery rather than November 27. Plaintiffs must take a targeted approach to negotiating these new requests given the limited time remaining to complete fact discovery. As the Court observed, "we're not re-doing a liability-phase discovery here," and the parties "need to be more measured than [they] were during the liability phase where we had … two-plus years of discovery." Oct. 24, 2024 Hr'g Tr. 22:21-22, 25:9-13.

Dated: December 6, 2024

Respectfully submitted,

By: /s/ John E. Schmidtlein
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*


*/s/ Karl E. Herrmann*
David E. Dahlquist
Adam T. Severt
Travis R. Chapman
Karl E. Herrmann (D.C. Bar #1022464)

10

<div style="margin-left: 3in;">

Keane M. Nowlan (D.C. Bar #90028063
Veronica N. Onyema (D.C. Bar #979040)
Ryan S. Struve (D.C. Bar #495406)

U.S. Department of Justice
Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 805-8563
David.Dahlquist@usdoj.gov
Adam.Severt@usdoj.gov

*Counsel for Plaintiff*
*United States of America*

</div>

By: */s/ Christoper A. Knight*
Ashley Moody, Attorney General
R. Scott Palmer, Special Counsel, Complex Enforcement Chief, Antitrust Division
Lee Istrail, Assistant Attorney General
Christopher A. Knight, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com
Christopher.Knight@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

By: */s/ Diamante Smith*
Ken Paxton, Attorney General
Brent Webster, First Assistant Attorney General
Ralph Molina, Deputy First Assistant Attorney General
James Lloyd, Deputy Attorney General for Civil Litigation
Ryan Baasch, Associate Deputy Attorney General for Civil Litigation
Trevor Young, Deputy Chief, Antitrust Division
Diamante Smith, Assistant Attorney General, Antitrust Division
Office of the Attorney General, State of Texas
300 West 15th Street
Austin, Texas 78701
Diamante.Smith@oag.texas.gov

*Counsel for Plaintiff State of Texas*

By: */s/ Carolyn D. Jeffries*
Rob Bonta, Attorney General
Paula Blizzard, Senior Assistant Attorney General
Michael Jorgenson, Supervising Deputy Attorney General
Brian Wang, Deputy Attorney General

Carolyn D. Jeffries, Deputy Attorney General (DC Bar No. 1600843)
Office of the Attorney General
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Cari.Jeffries@doj.ca.gov

*Counsel for Plaintiff State of California*

Matthew M. Ford
Arkansas Bar No. 2013180
Senior Assistant Attorney General
Office of the Arkansas Attorney General Tim Griffin
323 Center Street, Suite 200
Little Rock, AR 72201
Matthew.Ford@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

Christopher Carr, Attorney General
Logan B. Winkles, Deputy Attorney General
Ronald J. Stay, Jr., Senior Assistant Attorney General
Charles Thimmesch, Senior Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and Director, Consumer Protection Division
Jesse Moore, Deputy Attorney General
Christi Foust, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204

Jesse.Moore@atg.in.gov

*Counsel for Plaintiff State of Indiana*

Russell Coleman, Attorney General
J. Christian Lewis, Commissioner of the Office of Consumer Protection
Philip R. Heleringer, Executive Director of the Office of Consumer Protection
Jonathan E. Farmer, Deputy Executive Director of the Office of Consumer Protection
Office of the Attorney General, Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*

Liz Murrill, Attorney General
Patrick Voelker, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
voelkerp@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

Michael Schwalbert
Missouri Bar No. 63229
Assistant Attorney General
Consumer Protection Section
Missouri Attorney General's Office
815 Olive Street | Suite 200
Saint Louis, Missouri 63101
michael.schwalbert@ago.mo.gov
Phone: 314-340-7888
Fax: 314-340-7981

*Counsel for Plaintiff State of Missouri*

Lynn Fitch, Attorney General
Crystal Utley Secoy, Assistant Attorney General
Office of the Attorney General, State of Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Crystal.Utley@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

Anna Schneider
Special Assistant Attorney General, Senior Counsel
Montana Office of Consumer Protection
P.O. Box 200151
Helena, MT. 59602-0150
Phone: (406) 444-4500
Fax: 406-442-1894
Anna.schneider@mt.gov

*Counsel for Plaintiff State of Montana*

Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney General
C. Havird Jones, Jr., Senior Assistant Deputy Attorney General
Mary Frances Jowers, Assistant Deputy Attorney General
Office of the Attorney General, State of South Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549

mfjowers@scag.gov

*Counsel for Plaintiff State of South Carolina*

Joshua L. Kaul, Attorney General
Laura E. McFarlane, Assistant Attorney General
Wisconsin Department of Justice
17 W. Main St.
Madison, Wisconsin 53701
mcfarlanele@doj.state.wi.us

PHILIP WEISER
Attorney General of Colorado

/s/ Jonathan B. Sallet
Jonathan B. Sallet, DC Bar No. 336198
Steven M. Kaufmann
Elizabeth W. Hereford
Conor J. May
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
E-Mail: Jon.Sallet@coag.gov
Steve.Kaufmann@coag.gov
Elizabeth.Hereford@coag.gov
Conor.May@coag.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Colorado*

MIKE HILGERS
Attorney General of Nebraska

Justin C. McCully, Assistant Attorney General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
E-Mail: Justin.mccully@nebraska.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Nebraska*

KRISTIN K. MAYES
Attorney General of Arizona

Robert A. Bernheim, Unit Chief Counsel
Jayme Weber, Senior Litigation Counsel
Arizona Office of the Attorney General
400 West Congress, Ste. S-215
Tucson, Arizona 85701
Telephone: (520) 628-6507
E-Mail: Robert.bernheim@azag.gov
Jayme.Weber@azag.gov

*Counsel for Plaintiff State of Arizona*

BRENNA BIRD
Attorney General of Iowa

Noah Goerlitz, Assistant Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St., 2nd Floor
Des Moines, IA 50319
Telephone: (515) 725-1018
E-Mail: Noah.goerlitz@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

LETITIA JAMES
Attorney General of New York

Elinor R. Hoffmann
Morgan J. Feder
Michael D. Schwartz
Office of the Attorney General of New York
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8513
E-Mail: Elinor.hoffmann@ag.ny.gov
Morgan.feder@ag.ny.gov
Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff State of New York*

JOSHUA STEIN
Attorney General of North Carolina

Kunal Janak Choksi
Joshua Daniel Abram
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6000
E-Mail: kchoksi@ncdoj.gov
jabram@ncdoj.gov
jsutton2@ncdoj.gov

*Counsel for Plaintiff State of North Carolina*

JONATHAN SKRMETTI
Attorney General of Tennessee

J. David McDowell
Austin Ostiguy
Tyler Corcoran
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 741-8722
E-Mail: David.McDowell@ag.tn.gov
austin.ostiguy@ag.tn.gov
Tyler.Corcoran@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*

SEAN REYES
Attorney General of Utah

Matthew Michaloski
Marie W.L. Martin
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 140830
Salt Lake City, Utah 84114
Telephone: (801) 440-9825
E-Mail: mmichaloski@agutah.gov
mwmartin@agutah.gov

*Counsel for Plaintiff State of Utah*

TREGARRICK TAYLOR
Attorney General of Alaska

Jeff Pickett
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5100
E-Mail: Jeff.pickett@alaska.gov

*Counsel for Plaintiff State of Alaska*

WILLIAM TONG
Attorney General of Connecticut

Nicole Demers
Office of the Attorney General of Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Telephone: (860) 808-5202
E-Mail: Nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

KATHLEEN JENNINGS
Attorney General of Delaware

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
E-Mail: Michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*

BRIAN SCHWALB
Attorney General of the District of Columbia

Elizabeth Gentry Arthur
Office of the Attorney General for the District of Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 724-6514
E-Mail: Elizabeth.arthur@dc.gov

*Counsel for Plaintiff District of Columbia*

DOUGLAS MOYLAN
Attorney General of Guam

Fred Nishihira
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Telephone: (671) 475-3324
E-Mail: fnishihira@oagguam.org

*Counsel for Plaintiff Territory Guam*

ANNE E. LOPEZ
Attorney General of Hawaiʻi

Rodney I. Kimura
Department of the Attorney General, State of Hawaiʻi
425 Queen Street
Honolulu, HI 96813
Telephone (808) 586-1180
E-Mail: Rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff State of Hawaiʻi*

RAÚL LABRADOR
Attorney General of Idaho

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. State St., 2nd Floor
P.O. Box 83720
Boise, ID 83720
Telephone: (208) 332-3549
E-Mail:  John.olson@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

KWAME RAOUL
Attorney General of Illinois

Elizabeth Maxeiner
Brian Yost
Jennifer Coronel
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
Telephone: (773) 590-7935
E-Mail: Elizabeth.maxeiner@ilag.gov
Brian.yost@ilag.gov
 Jennifer.coronel@ilag.gov

*Counsel for Plaintiff State of Illinois*

KRIS W. KOBACH
Attorney General of Kansas

Lynette R. Bakker
Kansas Office of the Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612
Telephone: (785) 296-3751
E-Mail: Lynette.bakker@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

AARON M. FREY
Attorney General of Maine

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
August, ME 04333
Telephone: (207) 626-8800
E-Mail: Christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

ANTHONY G. BROWN
Attorney General of Maryland

Schonette J. Walker
Gary Honick
Office of the Attorney General of
Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Telephone: (410) 576-6480
E-Mail: swalker@oag.state.md.us
ghonick@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

ANDREA CAMPBELL
Attorney General of Massachusetts

William T. Matlack
Office of the Attorney General of
Massachusetts
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 727-2200
E-Mail: William.matlack@mass.gov

*Counsel for Plaintiff Commonwealth of Massachusetts*

KEITH ELLISON
Attorney General of Minnesota

Zach Biesanz
Senior Enforcement Counsel
Office of the Minnesota Attorney General
Antitrust Division
445 Minnesota Street, Suite 600
St. Paul, MN 55101
Telephone: (651) 757-1257
E-Mail: Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

AARON D. FORD
Attorney General of Nevada

Michelle C. Badorine
Lucas J. Tucker

Nevada Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
Telephone: (775) 684-1164
E-Mail: mbadorine@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

JOHN FORMELLA
Attorney General of New Hampshire

Brandon Garod
Office of Attorney General of New
Hampshire
33 Capitol Street
Concord, NH 03301
Telephone: (603) 271-1217
E-Mail: Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff State of New Hampshire*

MATTHEW PLATKIN
Attorney General of New Jersey

Isabella R. Pitt
Deputy Attorney General
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
Telephone: (973) 648-7819
E-Mail: Isabella.Pitt@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

RAÚL TORREZ
Attorney General of New Mexico

Judith E. Paquin Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney
General
408 Galisteo St.
Santa Fe, NM 87504
Telephone: (505) 490-4885

E-Mail: jpaquin@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff State of New Mexico*

DREW WRIGLEY
Attorney General of North Dakota

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust Division
Office of the Attorney General of North Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
Telephone: (701) 328-5570
E-Mail: ealm@nd.gov

*Counsel for Plaintiff State of North Dakota*

DAVID YOST
Attorney General of Ohio

Jennifer Pratt
Beth Ann Finnerty
Mark Kittel
Office of the Attorney General of Ohio
30 E Broad Street, 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
E-Mail:
Jennifer.pratt@ohioattorneygeneral.gov
Beth.finnerty@ohioattorneygeneral.gov
Mark.kittel@ohioattorneygeneral.gov

*Counsel for Plaintiff State of Ohio*

GENTNER DRUMMOND
Attorney General of Oklahoma

Robert J. Carlson
Office of the Oklahoma Attorney General
313 NE 21st Street
Oklahoma City, OK 73105

Telephone: (405) 522-1014
E-Mail: Robert.carlson@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

ELLEN ROSENBLUM
Attorney General of Oregon

Cheryl Hiemstra
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301
Telephone: (503) 934-4400
E-Mail: Cheryl.hiemstra@doj.state.or.us

*Counsel for Plaintiff State of Oregon*

MICHELLE HENRY
Attorney General of Pennsylvania

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
E-Mail: jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of Pennsylvania*

DOMINGO EMANUELLI HERNANDEZ
Attorney General of Puerto Rico
Guarionex Diaz Martinez
Assistant Attorney General Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902
Telephone: (787) 721-2900, Ext. 1201
E-Mail: gdiaz@justicia.pr.gov

*Counsel for Plaintiff Territory Puerto Rico*

PETER NERONHA
Attorney General of Rhode Island

Stephen Provazza
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
E-Mail: SProvazza@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

MARTIN J. JACKLEY
Attorney General of South Dakota

Yvette K. Lafrentz
Office of the Attorney General of South Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
E-Mail: Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff State of South Dakota*

CHARITY R. CLARK
Attorney General of Vermont

Christopher J. Curtis, Assistant Attorney General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
Telephone: (802) 828-3170
E-Mail: christopher.curtis@vermont.gov
*Counsel for Plaintiff State of Vermont*

JASON S. MIYARES
Attorney General of Virginia

Tyler T. Henry
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Telephone: (804) 692-0485
E-Mail: thenry@oag.state.va.us

*Counsel for Plaintiff State of Virginia*

ROBERT FERGUSON
Attorney General of Washington

Amy Hanson
Senior Assistant Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-5419
E-Mail: Amy.hanson@atg.wa.gov

*Counsel for Plaintiff State of Washington*

PATRICK MORRISEY
Attorney General of West Virginia

Douglas Lee Davis
Office of the Attorney General, State of West Virginia
1900 Kanawha Boulevard
East Building 6, Suite 401
P.O. Box 1789
Charleston, WV 25305
Telephone: (304) 558-8986
E-Mail: Douglas.l.davis@wvago.gov

*Counsel for Plaintiff State of West Virginia*

BRIDGET HILL
Attorney General of Wyoming

Amy Pauli
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
Telephone: (307) 777-6397
E-Mail: amy.pauli@wyo.gov

*Counsel for Plaintiff State of Wyoming*