IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>      Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, *et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>      Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**JOINT STATUS REPORT OF GOOGLE AND MICROSOFT**

Pursuant to the Court's November 26, 2024 Order, Google and Microsoft (collectively, the "Companies") submit the following statements with respect to Microsoft's compliance with Google's subpoena.

**I. GOOGLE'S POSITION STATEMENT**

Following the Court's guidance at the November 26, 2024 Status Conference, the Companies have narrowed their points of existing dispute. Microsoft, however, has yet to begin document productions, and certain points of disagreement remain with respect to Request No. 13.

Request No. 13 seeks "[c]opies of any agreements and any amendments thereto between

Microsoft and any person or entity affiliated with OpenAI, Perplexity AI, Inflection, and G42." ECF No. 1070-1, at 29. At the Status Conference, the Court recognized that these agreements are relevant but noted that, "[i]f there are aspects of an agreement that are just completely irrelevant and particularly sensitive from a business standpoint," Microsoft could "have the conversation with Google about whether that can be produced in a redacted form." Hr'g Tr. (Nov. 26, 2024), at 53. In those conversations, Microsoft has taken the position that the *entirety* of the agreements should be redacted, except "to the extent those agreements relate to: (1) the integration of AI technologies owned by these companies into Microsoft Bing or Microsoft Copilot; (2) the provision of search services or search advertising services to these companies; and (3) the provision of search-related data to these companies." Ex. A, at 1.

For a variety of reasons, Google has serious concerns about the adequacy of Microsoft's proposed production.[1] Google, however, cannot negotiate or litigate the merits of Microsoft's proposed redactions without having at least the proposed redacted versions of the agreements in hand.[2] Given the timeframe for the parties to complete fact discovery, which is scheduled to close in two and a half months, s*ee* ECF No. 1043, at 2, Google asked that Microsoft substantially complete its proposed production of documents responsive to Request No. 13 by Friday, December 13. In Google's view, that is an appropriate deadline because it will enable

---

[1] To take just one example, provisions establishing that Microsoft—consistent with its multibillion-dollar investment in OpenAI—effectively controls OpenAI are relevant to the state of competition in generative artificial intelligence. There is no basis to redact those provisions. To provide Google some sense of what provisions Microsoft deemed irrelevant, Google asked Microsoft to produce a table of contents for the redacted agreements' provisions. Microsoft refused.

[2] Given the robust Protective Order entered in this case, particularly in light of Google's and other third parties' past practice of producing their most sensitive business documents, Google disputes that any redactions are warranted at all if the documents are to be labeled Highly Confidential.

the parties to sort out any dispute concerning Microsoft's redactions ahead of depositions. Microsoft, however, has refused to produce the documents any earlier than Friday, December 20. Google respectfully requests that the Court enter an order directing Microsoft to produce any redacted agreements by Friday, December 13, and to be available to meet and confer regarding those redactions promptly thereafter.

II.     MICROSOFT'S POSITION STATEMENT

Microsoft has gone above and beyond to cooperate with Google in response to its expansive and burdensome subpoena, including attempting to resolve disputes quickly to avoid burdening the Court. For some reason, however, Google appears to be going above and beyond to manufacture discovery disputes with Microsoft. For example, the latest "dispute" was only brought to Microsoft's attention this morning at 9:06AM when Google demanded—for the first time—that Microsoft substantially complete production of Microsoft's contracts responsive to RFP 13[3] by December 13, a week from today. Microsoft in turn requested until December 20, 2024 to produce responsive agreements, allowing time for Microsoft to ensure its highly confidential agreements are adequately protected through reasonable redactions, provide the appropriate notice to the parties involved, and allow Microsoft's vendors the necessary processing time.

To be sure Microsoft is taking its discovery obligations seriously and, based on the Court's guidance during the last status conference, Microsoft has agreed to produce agreements sufficient to show the commercial relationships between Microsoft and OpenAI, Perplexity AI, Inflection AI, and G42 to the extent those agreements relate to: (1) the integration of AI technologies owned by these companies into Microsoft Bing or Microsoft Copilot; (2) the

---

[3] RFP 13 requests "[c]opies of any agreements and any amendments thereto between Microsoft and any person or entity affiliated with OpenAI, Perplexity AI, Inflection, and G42."

3

provision of search services or search advertising services to these companies; and (3) the provision of search-related data to these companies. However, Microsoft plans to limit its production to the relevant portions of these agreements because, as the Court noted, these agreements are highly confidential and sensitive as well as broader than what is relevant to the issues in this case. Nov. 26, 2024 Status Conference Tr. 48:6–20. Microsoft is now in the process of evaluating each of its agreements with OpenAI, Perplexity AI, Inflection AI, and G42 for responsiveness and redacting sensitive information irrelevant to the claims and defenses at issue in this case. Microsoft will produce these agreements by December 20, 2024 at the latest. However, Microsoft does plan to start producing documents in response to Google's other requests early next week.

Dated: December 6, 2024

Respectfully submitted,

By: /s/ John E. Schmidtlein
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP

Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com
*Counsel for Defendant Google LLC*

By: *Julia Chapman*
Julia Chapman *(pro hac vice)*
**DECHERT LLP**
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Tel.: (215) 994-2060
Fax: (215) 994-2222
julia.chapman@dechert.com

John (Jay) Jurata, Jr. (DC Bar No. 478602)
**DECHERT LLP**
1900 K Street, NW
Washington, DC 20006
Tel.: (202) 261-3300
Fax: (202) 261-3333
jay.jurata@dechert.com

Russell P. Cohen (*pro hac vice*)
**DECHERT LLP**
45 Fremont Street, 26th Floor
San Francisco, CA 94105
Tel.: (415) 262-4506
Fax: (415) 262-4555
Russ.Cohen@dechert.com

Amy Ray (DC Bar No. 489086)
**ORRICK, HERRINGTON, & SUTCLIFFE LLP**
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel.: (202) 239-8698
Fax: (202) 339-8500
amyray@orrick.com

5