IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*, <br><br>                    Plaintiffs, <br><br> v. <br><br> Google LLC, <br><br>                    Defendant. | Case No. 1:20-cv-03010-APM <br><br> HON. AMIT P. MEHTA |
| State of Colorado, *et al.*, <br><br>                    Plaintiffs, <br><br> v. <br><br> Google LLC, <br><br>                    Defendant. | Case No. 1:20-cv-03715-APM <br><br> HON. AMIT P. MEHTA |

**JOINT STATUS REPORT OF GOOGLE AND OPENAI**

Pursuant to the Court's November 26, 2024 Order, Google and OpenAI (collectively, the "Companies") submit the following statements with respect to OpenAI's compliance with Google's subpoena.

**I.    GOOGLE'S POSITION STATEMENT**

Google subpoenaed OpenAI in mid-October 2024, and has yet to receive any documents in response. On the eve of this status report, the parties were able to resolve certain of the objections that OpenAI had continued to stand on after the November 26, 2024 status conference, but there are three issues on which Google requests the Court's assistance.

1

*First*, OpenAI takes the position that, rather than collect, review and produce custodial ESI now, "if Google believes custodial ESI is necessary after OpenAI collects and produces non-custodial documents, then Google should provide concrete details about what custodial ESI it still needs." Ex. A, at 3.  That is untenable, and will substantially prejudice Google's defense.  As a threshold matter, the parties already got the Court's guidance on this very issue.  OpenAI asked the Court to limit compliance with the subpoena to noncustodial searches, Google opposed that request, and the Court declined OpenAI's request to take custodial searches off the table.  Hr'g Tr. (Nov. 26, 2024), at 61:1–62:22, 71:5–72:12.  And for good reason: there are several topics—such as the negotiation of OpenAI's distribution agreements, and OpenAI's discussions of the same—on which noncustodial searches will plainly be insufficient.  Finally, there is no time in the Court-ordered schedule to defer negotiation of custodial ESI parameters until OpenAI produces non-custodial documents; it has produced zero to date, and so its proposed staging is simply an invitation to delay.  OpenAI declined to commit on this issue, and Google asks that it be ordered.

*Second*, the parties have conferred over what portions of OpenAI's agreements with partners such as Microsoft will be produced.  The Court put in place a stringent protective order to protect highly confidential documents, and Google's counsel made clear to the Court that it will not seek leave to show any such appropriately designated material to any Google employees.  *See* Hr'g Tr. (Nov. 26, 2024), at 67:17–68:2.  Google accordingly continues to be of the view that no redactions are necessary, and that redactions unilaterally applied based upon what OpenAI's counsel believes is or is not relevant to this remedies proceeding would be inappropriate, and cause substantial delay.  To cut through the matter, however, Google has requested that OpenAI at least substantially complete production of its proposed redacted

versions of such agreements by December 13, so that the parties can promptly confer over the basis, if any, for the asserted redactions. These agreements are a discrete, easily-retrieved set of documents at the core of the subpoena, and having been in consultation with Plaintiffs on these subjects for months, OpenAI has no basis not to make a timely production so that discovery can move forward. OpenAI declined to commit to this deadline, Ex. A, at 1, and Google asks that it be ordered.

*Third*, Google requested OpenAI to commit to substantial completion of the balance of the noncustodial documents (for, e.g., "sufficient-to-show" requests) by Thursday, December 19. There is no time in discovery for further delay, and with the winter holidays around the corner, Google's counsel needs to review these documents promptly so that any follow-on discovery and depositions can be conducted efficiently. OpenAI declined to commit to this deadline, Ex. A, at 1 ("OpenAI is similarly unable to commit to a substantial completion date for the remaining requests at this time."), and Google asks that it be ordered.

## II.     OPENAI'S POSITION STATEMENT

OpenAI is diligently working to collect and produce documents in view of the November 26 Status Conference, and takes the Court's order and remarks very seriously. OpenAI is in the process of collecting documents from its electronic repositories and expects to begin rolling productions during the week of December 9.

**Trial Witness Custodial ESI**: In addition to documents collected from OpenAI's electronic repositories, OpenAI also commits to collect and produce relevant custodial ESI for OpenAI's trial witness. Pursuant to the Court's November 26 Order, Plaintiffs must identify this witness by name no later than December 10. ECF No. 1077 at 2. Google demands that OpenAI identify custodians for the topics associated with OpenAI on Plaintiffs' witness list. Plaintiffs

have not asked for a specific witness and OpenAI is investigating a witness who can address the topics on Plaintiffs' witness list. OpenAI identified a likely witness this afternoon, and plans to start collecting the witness's ESI next week.

**Request No. 1 Custodial ESI**: To the extent that Google seeks custodial ESI in connection with Request No. 1, its urgency is premature. During the Status Conference, this Court noted that such ESI is "not off the table," and explained that if OpenAI's electronic-repository production does not satisfy Google, then "we may need to do some of that . . . [a]nd I just don't know whether we're at that point yet." Nov. 26 Hr'g Tr. at 61:19-62:1, 71:5-23. Google and OpenAI are *not* at that point yet. If Google believes custodial ESI is necessary after OpenAI collects and produces relevant non-custodial agreements and documents, then Google should provide concrete details about what custodial ESI it still needs. This straightforward process will streamline discovery by having the benefit of OpenAI's noncustodial production to refine custodial ESI searches and will avoid burdening OpenAI employees with serial custodial collections. OpenAI respectfully submits that Google's proposal otherwise is inconsistent with its duty to "take reasonable steps to avoid imposing undue burden." Fed. R. Civ. P. 45(d)(1).

**Production Timing**: OpenAI expects to begin rolling productions during the week of December 9 and hopes to reach substantial completion for noncustodial productions by December 19. Google demands that OpenAI substantially complete the production of relevant ChatGPT distribution agreements (responsive to Request No. 1) and agreements with Microsoft and Perplexity (responsive to Request No. 5) by December 13. OpenAI is in the process of collecting and reviewing these agreements and must also prepare notice letters for any agreements that require notifying third parties before production. OpenAI will prioritize producing these agreements, but it is unreasonable for Google to expect that OpenAI produce

them a week from today. Google also demands a substantial completion deadline for all noncustodial documents by December 19. Although OpenAI hopes to reach substantial completion by that date, given that OpenAI is a nonparty, it should not be held to Google's arbitrary deadline—particularly given that the close of fact discovery is not until February 28, 2025, ECF No. 1043 at 2.

Dated: December 6, 2024

Respectfully submitted,

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199

        Tel: 617-951-7703
        Matthew.McGinnis@ropesgray.com
        *Counsel for Defendant Google LLC*

By: /s/ Ashok Ramani

Ashok Ramani
Serge A. Voronov
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, CA  94025
Tel: 650-752-2000
ashok.ramani@davispolk.com
serge.voronov@davispolk.com

*Counsel for OpenAI, Inc.*