# EXHIBIT A

LEWIS & LLEWELLYN LLP
Marc R. Lewis (Bar No. 233306)
mlewis@lewisllewellyn.com
Zachary C. Flood (Bar No. 312616)
zflood@lewisllewellyn.com
Grace A. Ramirez (admitted *Pro Hac Vice*)
gramirez@lewisllewellyn.com
601 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 800-0590

Attorneys for Non-Party
Perplexity AI, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, et al., <br><br> Plaintiff, <br><br> v. <br><br> Google LLC, <br><br> Defendant. | Case No. 1:20-cv-03010-APM <br><br> HON. AMIT P. MEHTA |
| State of Colorado, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Google LLC, <br><br> Defendant. | Case No. 1:20-cv-03715-APM <br><br> HON. AMIT P. MEHTA |

### NON-PARTY PERPLEXITY AI, INC.'S RESPONSES AND OBJECTIONS TO SUBPOENA PROPOUNDED BY DEFENDANT GOOGLE LLC

Pursuant to the Federal Rules of Civil Procedure, non-party Perplexity AI, Inc.

("Perplexity") submits the following responses and objections to Defendant Google LLC's

("Google") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection or Premises in a Civil Action, dated October 23, 2024 (the "Subpoena"), and the requests for documents to be produced thereunder (the "Requests").

## GENERAL OBJECTIONS

The following responses are based on information known to Perplexity at the time of writing and are provided without prejudice to Perplexity's right to produce subsequently discovered evidence and facts, and to add, modify, or otherwise change or amend these responses.  By making these responses, Perplexity does not concede that any information sought is relevant or, in fact, exists.

Perplexity objects to each and every Request addressed herein on the following grounds:

1.      Perplexity generally objects to the Subpoena to the extent it seeks information not relevant to the subject matter involved in the pending action or any party's claim or defense, and the desired information is not proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).

2.      Perplexity generally objects to any request for information to the extent it is related to Perplexity's activities outside of the United States on the grounds that this information is also not relevant to the subject matter involved in the pending action or any party's claim or defense, and the desired information is not proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).

3.      Perplexity generally objects to each of Google's definitions, instructions, and Requests to the extent they are so overbroad and unduly burdensome in scope as to outweigh any potential benefit to Google.  Fed. R. Civ. P. 26(b)(1).

4.      Perplexity generally objects to the Subpoena to the extent it purports to require Perplexity to review or produce documents that are within the possession, custody, or control of

a party to the case.  Fed. R. Civ. P. 26(b).  Perplexity further objects to the Subpoena to the

extent it purports to require Perplexity to review or produce documents that are within the

possession, custody, and control of a third party not under the control of Perplexity or that are

otherwise outside of Perplexity's possession, custody, or control.  Fed. R. Civ. Pro. 26(b)(2)(c).

5.      Perplexity generally objects to the Subpoena to the extent certain requests seek

"all" documents and the Subpoena is therefore overbroad, unduly burdensome, duplicative, and

imposing a burden on or expense that outweighs their likely benefit.  Fed. R. Civ. Pro 45(d)(1).

6.      Perplexity objects to the Subpoena to the extent it seeks information that is

confidential, proprietary, or otherwise protected by a right of privacy, or third-party information

protected under state or federal law.  Fed. R. Civ. Pro. R. 26(c).  Indeed, Google seeks some of

Perplexity's most highly confidential information, including its business plans and strategies,

business metrics, and competitive analyses.

7.      Perplexity objects to the Subpoena to the extent it seeks evidence that should be

sought through expert discovery.

8.      Perplexity objects to the Subpoena because it is overly broad and unduly

burdensome as to the time period of the documents sought.

9.      Perplexity objects to the Subpoena to the extent it purports to alter or place any

obligations on Perplexity that are greater than those permitted by the Federal Rules of Civil

Procedure or any other applicable rule or law.

10.     Perplexity objects to the Subpoena to the extent that it seeks information that is

subject to the attorney-client privilege, work product doctrine, the joint defense privilege, the

common interest privilege, or any other privilege that may apply.  Perplexity will not provide

any such information.  To the extent that any such information is inadvertently provided, that

shall not be a waiver of Perplexity's claim to the attorney-client privilege or attorney work product doctrine with respect to that information.

11.     The objections set forth are incorporated in each response below and shall be deemed to be continuing even if not specifically referred to in responses to individual requests. For particular emphasis, one or more of these General Objections to the Subpoena may be reiterated in a specific response.  The absence of any reiteration in a given specific response is neither intended as, nor shall be construed as, a limitation or waiver of any General Objection made herein.  Moreover, the inclusion of a specific objection to a specific response is neither intended as, nor shall be construed as, a limitation or waiver of a General Objection or any other specific objection.

Any responses to these requests are made without waiver of, or prejudice to, any objections Perplexity may raise now or in the future, and all such objections are hereby expressly preserved.  Perplexity further reserves the right to move to quash the Subpoena or to make any other motion to preserve its rights as a non-party from being required to produce documents in this action.

## SPECIFIC OBJECTIONS

### REQUEST NO. 1.

All documents and other communications between Perplexity AI and any third party proposing, discussing, or relating to the promotion, preinstallation, syndication, or other distribution of the Perplexity Service.  Documents within the scope of this request include, but are not limited to, negotiations over agreements as well as final executed agreements that Perplexity AI has entered into with any third party with respect to the promotion, preinstallation, syndication, or other distribution of the Perplexity Service.

**RESPONSE TO REQUEST NO. 1:**

Perplexity incorporates the foregoing General Objections by reference. Perplexity further objects to this Request to the extent it seeks information not relevant to the subject matter involved in the pending action or likely to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Perplexity further objects that the Request is overly broad and unduly burdensome in its scope and the burden it places on Perplexity, a non-party. Perplexity objects to the Request to the extent it purports to seek information subject to the attorney-client privilege, work product doctrine, the joint defense privilege, the common interest privilege, or any other privilege that may apply. *See* Fed. R. Civ. P. 26(b)(1). Perplexity further objects to the Request to the extent it seeks disclosure of proprietary, trade secret, and/or confidential business information of Perplexity, or information protected under state or federal law. Perplexity further objects that the Request will result in annoyance, oppression, and disproportional expenses for a non-party. Fed. R. Civ. P. 45(d)(1); *High Tech Medical Instrumentation v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995). To comply with this Request would be an undue burden and expense on Perplexity, requiring far more time and effort than necessarily proportionate for a non-party in this matter.

Subject to and without waiving the foregoing objections, Perplexity responds as follows: Perplexity invites Google to meet and confer regarding the scope of this Request.

**REQUEST NO. 2.**

All communications between Perplexity AI and one or more Plaintiffs in this litigation discussing or relating to Google or this litigation.

**RESPONSE TO REQUEST NO. 2:**

Perplexity incorporates the foregoing General Objections by reference. Perplexity further objects to this Request to the extent it seeks information not relevant to the subject matter

involved in the pending action or likely to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Perplexity further objects that the Request is overly broad and unduly burdensome in its scope and the burden it places on Perplexity, a non-party. Perplexity objects to the Request to the extent it purports to seek information subject to the attorney-client privilege, work product doctrine, the joint defense privilege, the common interest privilege, or any other privilege that may apply. *See* Fed. R. Civ. P. 26(b)(1). Perplexity further objects to this Request as duplicative and burdensome to the extent responsive documents are within the custody and control of, are accessible by, or have been produced by or have been produced by a party to the case. Perplexity further objects to the Request to the extent it seeks disclosure of proprietary, trade secret, and/or confidential business information of Perplexity, or information protected under state or federal law. Perplexity further objects that the Request will result in annoyance, oppression, and disproportional expenses for a non-party. Fed. R. Civ. P. 45(d)(1); *High Tech Medical Instrumentation*, 161 F.R.D. at 88. To comply with this Request would be an undue burden and expense on Perplexity, requiring far more time and effort than necessarily proportionate for a non-party in this matter.

Subject to and without waiving the foregoing objections, Perplexity responds as follows:

Perplexity will conduct a reasonable search for and produce any communications between Perplexity AI and one or more Plaintiffs in this litigation discussing or relating to this litigation.

## **REQUEST NO. 3.**

Documents or data sufficient to show the total number downloads of any Perplexity AI app.

**RESPONSE TO REQUEST NO. 3:**

      Perplexity incorporates the foregoing General Objections by reference.  Perplexity further objects to this Request to the extent it seeks information not relevant to the subject matter involved in the pending action or likely to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  Perplexity further objects that the Request is overly broad and unduly burdensome in its scope and the burden it places on Perplexity, a non-party.  Perplexity objects to this Request the extent it is related to Perplexity's activities outside of the United States on the grounds that this information is also not relevant to the subject matter involved in the pending action or any party's claim or defense, and the desired information is not proportional to the needs of the case.  Perplexity objects to the Request to the extent it purports to seek information subject to the attorney-client privilege, work product doctrine, the joint defense privilege, the common interest privilege, or any other privilege that may apply.  *See* Fed. R. Civ. P. 26(b)(1).  Perplexity further objects to the Request to the extent it seeks disclosure of proprietary, trade secret, and/or confidential business information of Perplexity, or information protected under state or federal law.  Perplexity further objects that the Request will result in annoyance, oppression, and disproportional expenses for a non-party.  Fed. R. Civ. P. 45(d)(1); *High Tech Medical Instrumentation*, 161 F.R.D. at 88.  To comply with this Request would be an undue burden and expense on Perplexity, requiring far more time and effort than necessarily proportionate for a non-party in this matter.

      Perplexity will conduct a reasonable search for and produce any data sufficient to show the total number downloads of any Perplexity application for Android.

**REQUEST NO. 4.**

      Documents or data sufficient to show the daily active users of the Perplexity Service since launch.

**RESPONSE TO REQUEST NO. 4:**

Perplexity incorporates the foregoing General Objections by reference. Perplexity further objects to this Request to the extent it seeks information not relevant to the subject matter involved in the pending action or likely to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Perplexity further objects that the Request is overly broad and unduly burdensome in its scope and the burden it places on Perplexity, a non-party. Perplexity objects to this Request the extent it is related to Perplexity's activities outside of the United States on the grounds that this information is also not relevant to the subject matter involved in the pending action or any party's claim or defense, and the desired information is not proportional to the needs of the case. Perplexity objects to the Request to the extent it purports to seek information subject to the attorney-client privilege, work product doctrine, the joint defense privilege, the common interest privilege, or any other privilege that may apply. *See* Fed. R. Civ. P. 26(b)(1). Perplexity further objects to the Request to the extent it seeks disclosure of proprietary, trade secret, and/or confidential business information of Perplexity, or information protected under state or federal law. Perplexity further objects that the Request will result in annoyance, oppression, and disproportional expenses for a non-party. Fed. R. Civ. P. 45(d)(1); *High Tech Medical Instrumentation*, 161 F.R.D. at 88. To comply with this Request would be an undue burden and expense on Perplexity, requiring far more time and effort than necessarily proportionate for a non-party in this matter.

Perplexity will conduct a reasonable search for and produce any data sufficient to show Perplexity's daily active users.

**REQUEST NO. 5.**

Copies of any agreements between Perplexity AI and Microsoft as well as copies of any amendments thereto.

**RESPONSE TO REQUEST NO. 5:**

Perplexity incorporates the foregoing General Objections by reference.  Perplexity further objects to this Request to the extent it seeks information not relevant to the subject matter involved in the pending action or likely to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  Perplexity further objects that the Request is overly broad and unduly burdensome in its scope and the burden it places on Perplexity, a non-party.  Perplexity objects to the Request to the extent it purports to seek information subject to the attorney-client privilege, work product doctrine, the joint defense privilege, the common interest privilege, or any other privilege that may apply.  *See* Fed. R. Civ. P. 26(b)(1).  Perplexity further objects to the Request to the extent it seeks disclosure of proprietary, trade secret, and/or confidential business information of Perplexity, or information protected under state or federal law.  Perplexity further objects that the Request will result in annoyance, oppression, and disproportional expenses for a non-party.  Fed. R. Civ. P. 45(d)(1); *High Tech Medical Instrumentation*, 161 F.R.D. at 88.  To comply with this Request would be an undue burden and expense on Perplexity, requiring far more time and effort than necessarily proportionate for a non-party in this matter.

Perplexity invites Google to meet and confer regarding the scope of this Request.

**REQUEST NO. 6.**

To the extent not produced in response to Request No. 5, documents sufficient to show the respects in which and the terms upon which Perplexity AI has "[p]artner[ed] with Microsoft." See Ted Roduner, Perplexity powers its "answer engine" with Azure OpenAI Service, MICROSOFT FOR STARTUPS, available at https://startups.microsoft.com/blog/perplexity-ai-powersits-answer-engine-with-azure-openai-service/.

**RESPONSE TO REQUEST NO. 6:**

Perplexity incorporates the foregoing General Objections by reference.  Perplexity further objects to this Request to the extent it seeks information not relevant to the subject matter involved in the pending action or likely to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  Perplexity further objects that the Request is overly broad and unduly burdensome in its scope and the burden it places on Perplexity, a non-party.  Perplexity objects to the Request to the extent it purports to seek information subject to the attorney-client privilege, work product doctrine, the joint defense privilege, the common interest privilege, or any other privilege that may apply.  *See* Fed. R. Civ. P. 26(b)(1).  Perplexity further objects to the Request to the extent it seeks disclosure of proprietary, trade secret, and/or confidential business information of Perplexity, or information protected under state or federal law.  Perplexity further objects that the Request will result in annoyance, oppression, and disproportional expenses for a non-party.  Fed. R. Civ. P. 45(d)(1); *High Tech Medical Instrumentation*, 161 F.R.D. at 88.  To comply with this Request would be an undue burden and expense on Perplexity, requiring far more time and effort than necessarily proportionate for a non-party in this matter.

Subject to and without waiving the foregoing objections, Perplexity responds as follows:  Perplexity invites Google to meet and confer regarding the scope of this Request.

**REQUEST NO. 7.**

Copies of any agreements between Perplexity AI and OpenAI as well as copies of any amendments thereto.

**RESPONSE TO REQUEST NO. 7:**

Perplexity incorporates the foregoing General Objections by reference.  Perplexity further objects to this Request to the extent it seeks information not relevant to the subject matter

involved in the pending action or likely to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  Perplexity further objects that the Request is overly broad and unduly burdensome in its scope and the burden it places on Perplexity, a non-party.  Perplexity objects to the Request to the extent it purports to seek information subject to the attorney-client privilege, work product doctrine, the joint defense privilege, the common interest privilege, or any other privilege that may apply.  *See* Fed. R. Civ. P. 26(b)(1).  Perplexity further objects to the Request to the extent it seeks disclosure of proprietary, trade secret, and/or confidential business information of Perplexity, or information protected under state or federal law. Perplexity further objects that the Request will result in annoyance, oppression, and disproportional expenses for a non-party.  Fed. R. Civ. P. 45(d)(1); *High Tech Medical Instrumentation*, 161 F.R.D. at 88.  To comply with this Request would be an undue burden and expense on Perplexity, requiring far more time and effort than necessarily proportionate for a non-party in this matter.

Subject to and without waiving the foregoing objections, Perplexity responds as follows:

Perplexity invites Google to meet and confer regarding the scope of this Request.

## REQUEST NO. 8.

Documents sufficient to show Perplexity AI's revenues, expenses, profits, capital raises, stock sales, and valuation on a quarterly or annual basis since the beginning of 2022.

## RESPONSE TO REQUEST NO. 8:

Perplexity incorporates the foregoing General Objections by reference.  Perplexity further objects to this Request to the extent it seeks information not relevant to the subject matter involved in the pending action or likely to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  Perplexity further objects that the Request is overly broad and unduly burdensome in its scope and the burden it places on Perplexity, a non-party.  Perplexity objects

to the Request to the extent it purports to seek information subject to the attorney-client

privilege, work product doctrine, the joint defense privilege, the common interest privilege, or

any other privilege that may apply. *See* Fed. R. Civ. P. 26(b)(1). Perplexity further objects to

the Request to the extent it seeks disclosure of proprietary, trade secret, and/or confidential

business information of Perplexity, or information protected under state or federal law.

Perplexity further objects that the Request will result in annoyance, oppression, and

disproportional expenses for a non-party. Fed. R. Civ. P. 45(d)(1); *High Tech Medical*

*Instrumentation*, 161 F.R.D. at 88. To comply with this Request would be an undue burden and

expense on Perplexity, requiring far more time and effort than necessarily proportionate for a

non-party in this matter.

Subject to and without waiving the foregoing objections, Perplexity responds as follows:

Perplexity will conduct a reasonable search for and produce audited financial statements

from 2022 to the present.

**REQUEST NO. 9.**

Documents sufficient to show any presentation that Perplexity AI has made regarding any

plan to monetize the Perplexity Service. Documents within the scope of this request include any

pitch decks describing a plan or proposal to integrate advertisements into users' queries. *See*

Marty Swant, Perplexity's Pitch Deck Offers Advertisers A New Vision For AI Search,

DIGIDAY (Aug. 23, 2024), *available at* https://digiday.com/media-buying/perplexityspitch-

deck-offers-advertisers-a-new-vision-for-ai-search/.

**RESPONSE TO REQUEST NO. 9:**

Perplexity incorporates the foregoing General Objections by reference. Perplexity further

objects to this Request to the extent it seeks information not relevant to the subject matter

involved in the pending action or likely to lead to the discovery of admissible evidence. Fed. R.

Civ. P. 26(b)(1).  Perplexity further objects that the Request is overly broad and unduly

burdensome in its scope and the burden it places on Perplexity, a non-party.  Perplexity objects

to the Request to the extent it purports to seek information subject to the attorney-client

privilege, work product doctrine, the joint defense privilege, the common interest privilege, or

any other privilege that may apply.  *See* Fed. R. Civ. P. 26(b)(1).  Perplexity further objects to

the Request to the extent it seeks disclosure of proprietary, trade secret, and/or confidential

business information of Perplexity, or information protected under state or federal law.

Perplexity further objects that the Request will result in annoyance, oppression, and

disproportional expenses for a non-party.  Fed. R. Civ. P. 45(d)(1); *High Tech Medical

Instrumentation*, 161 F.R.D. at 88.  To comply with this Request would be an undue burden and

expense on Perplexity, requiring far more time and effort than necessarily proportionate for a

non-party in this matter.

Subject to and without waiving the foregoing objections, Perplexity responds as follows:

Perplexity invites Google to meet and confer regarding the scope of this Request.

## REQUEST NO. 10.

Documents sufficient to show the types and quantity of data used to train any model used

in the Perplexity Service.  Documents within the scope of this request include documents

sufficient to show the extent to which search engine click-and-query data or first-party data is

used to train any part of any model used in the Perplexity Service.  Documents within the scope

of this request also include documents sufficient to show the operations and functionality of any

retrieval augmented generation techniques employed in the Perplexity Service.

## RESPONSE TO REQUEST NO. 10:

Perplexity incorporates the foregoing General Objections by reference.  Perplexity further

objects to this Request to the extent it seeks information not relevant to the subject matter

involved in the pending action or likely to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Perplexity further objects that the Request is overly broad and unduly burdensome in its scope and the burden it places on Perplexity, a non-party. Perplexity objects to the Request to the extent it purports to seek information subject to the attorney-client privilege, work product doctrine, the joint defense privilege, the common interest privilege, or any other privilege that may apply. *See* Fed. R. Civ. P. 26(b)(1). Perplexity further objects to the Request to the extent it seeks disclosure of proprietary, trade secret, and/or confidential business information of Perplexity, or information protected under state or federal law. Perplexity further objects that the Request will result in annoyance, oppression, and disproportional expenses for a non-party. Fed. R. Civ. P. 45(d)(1); *High Tech Medical Instrumentation*, 161 F.R.D. at 88. To comply with this Request would be an undue burden and expense on Perplexity, requiring far more time and effort than necessarily proportionate for a non-party in this matter.

Subject to and without waiving the foregoing objections, Perplexity responds as follows:

Perplexity invites Google to meet and confer regarding the scope of this Request.

## REQUEST NO. 11.

Copies of any agreements and any amendments thereto in Perplexity AI's possession, custody, or control licensing content for use in connection with the Perplexity Service.

## RESPONSE TO REQUEST NO. 11:

Perplexity incorporates the foregoing General Objections by reference. Perplexity further objects to this Request to the extent it seeks information not relevant to the subject matter involved in the pending action or likely to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Perplexity further objects that the Request is overly broad and unduly burdensome in its scope and the burden it places on Perplexity, a non-party. Further, undefined

terms, such as "licensing content" and "for use in connection with" render the Request vague, ambiguous, and overbroad.  Perplexity objects to the Request to the extent it purports to seek information subject to the attorney-client privilege, work product doctrine, the joint defense privilege, the common interest privilege, or any other privilege that may apply.  *See* Fed. R. Civ. P. 26(b)(1).  Perplexity further objects to the Request to the extent it seeks disclosure of proprietary, trade secret, and/or confidential business information of Perplexity, or information protected under state or federal law.  Perplexity further objects that the Request will result in annoyance, oppression, and disproportional expenses for a non-party.  Fed. R. Civ. P. 45(d)(1); *High Tech Medical Instrumentation*, 161 F.R.D. at 88.  To comply with this Request would be an undue burden and expense on Perplexity, requiring far more time and effort than necessarily proportionate for a non-party in this matter.

Subject to and without waiving the foregoing objections, Perplexity responds as follows:

Perplexity invites Google to meet and confer regarding the scope of this Request.

## REQUEST NO. 12.

Documents sufficient to show Perplexity AI's understanding of the relative competitive position of Generative AI Tools and AI Search Tools.  Documents within the scope of this request include documents sufficient to show the relative download or usage rate of the Perplexity Service compared to other Generative AI Tools and/or AI Search Tools.

## RESPONSE TO REQUEST NO. 12:

Perplexity incorporates the foregoing General Objections by reference.  Perplexity further objects to this Request to the extent it seeks information not relevant to the subject matter involved in the pending action or likely to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  Perplexity further objects that the Request is overly broad and unduly burdensome in its scope and the burden it places on Perplexity, a non-party.  Further, undefined

terms, such as "understanding" render the Request vague, ambiguous, and overbroad. Perplexity

objects to the Request to the extent it purports to seek information subject to the attorney-client

privilege, work product doctrine, the joint defense privilege, the common interest privilege, or

any other privilege that may apply. *See* Fed. R. Civ. P. 26(b)(1). Perplexity further objects to

the Request to the extent it seeks disclosure of proprietary, trade secret, and/or confidential

business information of Perplexity, or information protected under state or federal law.

Perplexity further objects that the Request will result in annoyance, oppression, and

disproportional expenses for a non-party. Fed. R. Civ. P. 45(d)(1); *High Tech Medical

Instrumentation*, 161 F.R.D. at 88. To comply with this Request would be an undue burden and

expense on Perplexity, requiring far more time and effort than necessarily proportionate for a

non-party in this matter.

Subject to and without waiving the foregoing objections, Perplexity responds as follows:

Perplexity will conduct a reasonable search for and produce non-privileged documents

sufficient to show Perplexity's understanding of its market position.

## REQUEST NO. 13.

All minutes, recordings, summaries, or reports of meetings, whether formal or informal,

of your company's (and each of its divisions' or subsidiaries') board of directors (including

committees or subgroups), addressing or discussing:

a.    Search distribution;

b.    Competition, competitors, strategy, or market analysis in features, paid or unpaid,

that appear in a Generative AI Tool or an AI Search Tool;

c.    Competition, competitors, strategy, or market analyses in generative artificial

intelligence;

d.    Competition, competitors, strategy, or market analyses in search advertising; or

e.     Competition, competitors, strategy, or market analyses in digital advertising.

**RESPONSE TO REQUEST NO. 13:**

Perplexity incorporates the foregoing General Objections by reference.  Perplexity further objects to this Request to the extent it seeks information not relevant to the subject matter involved in the pending action or likely to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  Perplexity further objects that the Request is overly broad and unduly burdensome in its scope and the burden it places on Perplexity, a non-party.  This Request is compound and contains numerous subparts, each asking for different information and each of which is overbroad on its own.  Perplexity objects to the Request to the extent it purports to seek information subject to the attorney-client privilege, work product doctrine, the joint defense privilege, the common interest privilege, or any other privilege that may apply.  *See* Fed. R. Civ. P. 26(b)(1).  Perplexity further objects to the Request to the extent it seeks disclosure of proprietary, trade secret, and/or confidential business information of Perplexity, or information protected under state or federal law.  Perplexity further objects that the Request will result in annoyance, oppression, and disproportional expenses for a non-party.  Fed. R. Civ. P. 45(d)(1); *High Tech Medical Instrumentation*, 161 F.R.D. at 88.  To comply with this Request would be an undue burden and expense on Perplexity, requiring far more time and effort than necessarily proportionate for a non-party in this matter.

Subject to and without waiving the foregoing objections, Perplexity responds as follows:

Perplexity invites Google to meet and confer regarding the scope of this Request.

**REQUEST NO. 14.**

From January 2023 to the present, separately by month, operating system, and device type, produce documents or data sufficient to show the total number of interactions with the Perplexity Service, both in aggregate and performed through each type of access point.

**RESPONSE TO REQUEST NO. 14:**

Perplexity incorporates the foregoing General Objections by reference. Perplexity further objects to this Request to the extent it seeks information not relevant to the subject matter involved in the pending action or likely to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Perplexity further objects that the Request is overly broad and unduly burdensome in its scope and the burden it places on Perplexity, a non-party. Perplexity objects to this Request the extent it is related to Perplexity's activities outside of the United States on the grounds that this information is also not relevant to the subject matter involved in the pending action or any party's claim or defense, and the desired information is not proportional to the needs of the case. Perplexity objects to the Request to the extent it purports to seek information subject to the attorney-client privilege, work product doctrine, the joint defense privilege, the common interest privilege, or any other privilege that may apply. *See* Fed. R. Civ. P. 26(b)(1). Perplexity further objects to the Request to the extent it seeks disclosure of proprietary, trade secret, and/or confidential business information of Perplexity, or information protected under state or federal law. Perplexity further objects that the Request will result in annoyance, oppression, and disproportional expenses for a non-party. Fed. R. Civ. P. 45(d)(1); *High Tech Medical Instrumentation*, 161 F.R.D. at 88. To comply with this Request would be an undue burden and expense on Perplexity, requiring far more time and effort than necessarily proportionate for a non-party in this matter.

Subject to and without waiving the foregoing objections, Perplexity responds as follows: Perplexity invites Google to meet and confer regarding the scope of this Request.

Dated: December 6, 2024        Respectfully submitted,

By: */s/ Grace A. Ramirez*       
    Marc R. Lewis
    mlewis@lewisllewellyn.com
    Zachary C. Flood
    zflood@lewisllewellyn.com
    Grace A. Ramirez
    gramirez@lewisllewellyn.com
    Lewis & Llewellyn LLP
    601 Montgomery Street, Suite 2000
    San Francisco, CA 94111
    (415) 800-0590

## CERTIFICATE OF SERVICE

I, the undersigned, am employed in the City and County of San Francisco, State of California. I am over the age of 18 years and not a party to this action. My business address is Lewis & Llewellyn LLP, 601 Montgomery Street, Suite 2000, San Francisco, CA 94111. I am familiar with the office practice of Lewis & Llewellyn LLP for collecting and processing documents for delivery.

On the date provided below, in accordance with the office practices of Lewis & Llewellyn LLP, I served a true copy of the following document(s):

**NON-PARTY PERPLEXITY AI, INC.'S RESPONSES AND OBJECTIONS TO SUBPOENA PROPOUNDED BY DEFENDANT GOOGLE LLC**

The foregoing document(s) were served by the following means:

☒ **(By Electronic Mail)** I emailed the document(s) listed above to the electronic mail address(es) shown below.

The document(s) listed above were sent to the following address(es):

| | |
|---|---|
| Benjamin Greenblum<br>John Schmidtlein<br>Colette Connor<br>Christopher Yeager<br>WILLIAMS & CONNOLLY LLP<br>680 Maine Avenue SW<br>Washington DC 20024 | *Attorneys for Defendant Google LLC*<br><br>Tel: 202-434-5901<br>Email: bgreenblum@wc.com<br>        jschmidtlein@wc.com<br>        cconnor@wc.com<br>        cyeager@wc.com |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on **December 6, 2024** at San Francisco, California

_____
Sara Bonnel