**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| *Plaintiffs*, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| GOOGLE LLC, | |
| *Defendant*. | |
| STATE OF COLORADO, *et al.*, | |
| *Plaintiffs*, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| GOOGLE LLC, | |
| *Defendant*. | |

**COLORADO PLAINTIFF STATES' SUPPLEMENTAL MEMORANDUM IN**
**OPPOSITION TO APPLE INC.'s MOTION FOR LIMITED INTERVENTION**

Plaintiffs' joint opposition memorandum explains that Apple's motion to intervene should be denied because it fails two of Rule 24(a)'s four requirements: Google is and will adequately represent Apple's interests and Apple's motion is untimely. *Deutsche Bank Nat'l Tr. Co. v. F.D.I.C.*, 717 F.3d 189, 192 (D.C. Cir. 2013). Colorado Plaintiff States join that submission in full, which is sufficient to demonstrate that Apple cannot make the necessary showing to warrant Apple's intervention.

As explained herein, there are two additional grounds for denial because Apple's motion fails Rule 24(a)'s two *other* requirements: Apple has not demonstrated a legally protected

interest in the present remedies phase of this case and Apple has not demonstrated any legally protected interest that the action would threaten to impair.  *See id.*

Apple plainly describes its purported interests: (i) to preserve "the status quo in Apple's relationship with Google" and ensure that no remedy will "undercut" its existing contract with Google (Apple Mot. at 9); and (ii) to advance "its ability to enter into future contracts with Google across a host of domains, including general search, AI, and other related areas" (*id.* at 6). This broad assertion is not limited to changes in the existing contract and, and as demonstrated below, is much too speculative to support intervention under Rule 24(a).

Neither ground establishes a legally protected interest under Rule 24.  *First*, Apple's claimed interest in defending the "status quo" in its contractual relationship with Google is nothing more than an effort to overturn the Court's liability decision.  The Court has already declared the Google-Apple ISA illegal, and there is no protected interest in benefitting from illegal conduct.  *See, e.g.*, *Donnelly v. Glickman*, 159 F.3d 405, 411 (9th Cir. 1998) (citing *Dilks v. Aloha Airlines, Inc.*, 642 F.2d 1155, 1157 (9th Cir. 1981) (putative intervenors "have no legally protectable right to benefit from an invalid discharge")).  No case cited by Apple holds otherwise.  *Second*, Apple does not have a legally protected interest in future, speculative contracts of unspecified and unknown terms.  *See United States v. American Tel. and Tel. Co.*, 642 F.2d 1285, 1292 (D.C. Cir. 1980) (contrasting the requirement of "a legal interest as distinguished from interests of a general and indefinite character").  Again, no case cited by Apple holds otherwise.

Apple's arguments as to the separate requirement that it demonstrate impairment of a legally protected interest fare no better.  Because Apple has not demonstrated a legally protected interest, it follows that it has no protectible interest that can be impaired.  Apple instead cites

several inapposite cases, none of which supports a legally protected interest under Rule 24 premised on a claimed series of potential future agreements that Apple has not identified and to which Google has not, as far as we know, yet agreed.

For the reasons described below and in the joint opposition, Apple's motion to intervene should be denied.

## ARGUMENT

### I.    Apple Fails to Demonstrate a Legally Protected Interest

To intervene by right, Apple must establish that it has "an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). Apple argues that it can intervene by right based on (i) "contractual rights under the ISA" and (ii) "its rights to enter future contracts with Google." Apple Mot. at 7. Neither is a legally protected interest given the case's current posture.

*First*, Apple asserts an interest in defending its existing ISA with Google at this remedies phase. *Id.* at 8. However, the Court already held that Google maintained its unlawful monopolies due in part to the ISA. Memorandum Opinion ("Op."), ECF No. 1032, at 204, 276. Apple has no right to re-open the Court's liability holdings at this remedies phase of this proceeding. *See Arizona v. California*, 460 U.S. 605, 615 (1983) (permission to intervene does not carry with it the right to relitigate matters already determined in the case); *In re Geisser*, 554 F.2d 698, 705 n. 6 (5th Cir.1977) (same); *see also United States v. Microsoft*, 231 F. Supp. 2d 144, 153 (D.D.C. 2002) (liability findings "provide an essential foundation" to the Court's remedies analysis and are a baseline against which remedial proposals should be "measure[d]").

Yet Apple seeks to intervene at the *remedies phase* to defend the legality of a contract that the Court had already determined to be illegal at the *liability phase*. Rule 24(a) requires a "legally protectable interest," not "any interest the applicant can put forward," *Mova Pharm.*

3

*Corp. v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998) (citing *Southern Christian Leadership Conference v. Kelley*, 747 F.2d 777, 779 (D.C.Cir.1984).  Apple points to no case granting intervention to defend an unlawful arrangement.  Nor can it, as such an interest is by definition not legally protected.  *Donnelly v. Glickman*, 159 F.3d 405, 411 (9th Cir. 1998) (citing *Dilks v. Aloha Airlines, Inc.*, 642 F.2d 1155, 1157 (9th Cir. 1981) ("no protectable interest in positions that they may have obtained due to specific discriminatory employment decisions")).  If Apple wished to protect the ISA, the proper time to intervene was at the liability stage.  *See In re N.Y.C. Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 800 (2d Cir. 2022) (citing *United States v. Los Angeles*, 288 F.3d 391, 398-99 (9th Cir. 2002)) ("there is a crucial difference between an interest in unconstitutional practices . . . and an interest in the outcome of litigation seeking a determination that certain practices are unconstitutional").  Apple's continued devotion to the unlawful ISA is an attempted end-run around the Court's liability findings and is not a proper basis for intervention.

*Second*, Apple claims a legally protected interest "in negotiating future contractual arrangements with Google," encompassing "a host of domains, including general search, AI, and other related areas."  Apple Mot. at 6, 8.  This is a sweeping assertion, not limited to changes in the existing ISA.  And the assertion is doubly conjectural; neither Apple nor Google has described such a future contract, much less negotiated one in any domain, much less a host of them, and, even to the extent that one party describes such a future contract, there is no present evidence that the other party would agree or that actual contract terms could be hashed out and executed.  *See* Op. at 106, 110-11 (describing past Apple-Google bargaining over contractual provisions).

Apple offers no legal support for its novel view that a generalized desire to contract with

4

a party on some speculative terms in the future constitutes a legally protected interest. To the contrary, under Rule 24 an intervenor's proffered interest must be "direct, and not contingent," and cannot be of "a general and indefinite character." *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1292 (D.C. Cir. 1980); *Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fishermens' Ass'ns*, 695 F.3d 1310, 1315 (*Fed.* Cir. 2012); *Conservation Law Found. v. Mosbacher*, 966 F.2d 39, 42 (1st Cir. 1992).

Apple's purported interest in potential future contracts with Google, as described in Apple's motion, is entirely contingent, indirect, and generalized. Courts routinely hold that such hypothetical, future actions are not a concrete interest to justify intervention. *See United States v. 936.71 Acres of Land*, 418 F.2d 551, 556 (5th Cir. 1969) (interest in "nothing more than the opportunity to bargain" was a "contingent interest or mere expectancy"); *Weingarten v. Gill*, 492 Fed. Appx. 754, at 755 (9th Cir. 2012) (future property interest that was revocable under certain conditions did not justify intervention); *N. Am. Interpipe, Inc. v. United States*, 519 F. Supp. 3d 1313, 1326 (Ct. Int'l Trade 2021) (potential dealing with party to the case was an "economic interest" insufficient to warrant intervention); *New Orleans Pub. Serv., Inc. v. United Gas Pipe Co.*, 732 F.2d 452, 464 (5th Cir. 1984) ("economic interest" was not "one which the *substantive* law recognizes as belonging to" the applicant). Apple's purported interest is also impermissibly generalized because it is shared by every company that might seek a similar contract. *See Heyman v. Exch. Nat. Bank*, 615 F.2d 1190, 1194 (7th Cir. 1980) (applicant's interest "may differ in size, but not in kind from the interest of every creditor"). This purported interest, like Apple's interest in continuing to benefit from unlawful conduct, fails to satisfy Rule 24.

Against this, Apple incorrectly claims that it can satisfy Rule 24(a)'s legally-protected-interest requirement simply by showing that it has constitutional standing. Apple Mot. at 7.

Apple relies on two D.C. Circuit decisions as support for this claim, but this reliance is misplaced.  Apple Mot. at 7 (citing *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003); *Crossroads Grassroots Policy Strategies v. FEC*, 788 F.3d 312, 320 (D.C. Cir. 2015)).

In *Deutsche Bank National Trust Co. v. FDIC*, the D.C. Circuit explained that a demonstration of standing is necessary for a prospective intervenor to show that they possess "the *kind* of interest that Rule 24 protects," but distinguished Rule 24's requirement of an interest "relating to the property or transaction."  717 F.3d 189, 195 (D.C. Cir. 2013) (describing two circumstances under which constitutional standing is *insufficient* to demonstrate a legally protected interest).  Contrary to Apple's suggestion, the D.C. Circuit's subsequent decision in *Crossroads Grassroots Policy Strategies*, 781 F.3d at 320 (which relied on *Fund for Animals* for the proposition cited by Apple), did not disrupt *Deutsche Bank*'s principle that in some circumstances constitutional standing fails to support a legally protected interest under Rule 24. 788 F.3d 312, 320 (interpreting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014)); *see also United States v. Facebook, Inc.*, 456 F. Supp. 3d 105, 113 n.8 (D.D.C. 2020) (citing *Deutsche Bank* and explaining, in a decision after *Crossroads*, that "there is a distinction between" constitutional standing and the legally protected interest inquiry).

Thus, even if the Court were to find that Apple has constitutional standing, that does not rectify Apple's failure to demonstrate a legally protected interest, relating to its contract with Google, that it can defend at this remedies phase.[1]

---

[1] Colorado Plaintiff States do not present argument as to whether Apple would have constitutional standing to sue.  The Court need not reach the constitutional question where, as here, Apple's motion fails for multiple reasons under Rule 24.

**II.     Apple Has Not Shown Impairment of Any Legally Protected Interest**

Intervention by right under Rule 24(a) also requires that Apple show that the action "may as a practical matter impair or impede the movant's ability to protect its interest." Apple largely repeats its arguments relating to the existence of a protected interest and, to the extent it relies on additional cases, it fails to demonstrate compliance with Rule 24.

Apple rehashes many of its same arguments in claiming an impaired legally protected interest. For example, Apple claims an impairment of an interest in maintaining the "status quo" and avoiding a "sea change in Apple's contractual relationships with Google." Apple Mot. at 8-9. Here, however, the "status quo" is a liability holding that the ISA contributes to an illegal monopoly. For the reasons described above, Apple has no legally protected interest in defending the legality of the ISA in the present remedies phase. Similarly, Apple has no abstract right to its ability to enter into unspecified future contracts with Google, and thus there can be no cognizable impairment of such a right.

The additional cases cited by Apple do not carry the day. Apple relies principally on *Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489 (9th Cir. 1995), and *Sierra Club v. Espy*, 18 F.3d 1202 (5th Cir. 1994). Both cases are readily distinguishable.

In *Forest Conversation*, a county sought to intervene in a suit against the United States Forest Service to protect its contracts for the use of certain public lands. 66 F.3d at 1491. The county's contracts stemmed from how the Forest Service was implementing certain rules, policies, and studies, which prompted the county's intervention. *Id.* Importantly, there was no question as to the validity of the county's contracts, only the collateral damage that the plaintiff's sought relief might have. *Id.* at 1497-98. This case is the exact opposite situation. The Court has *already* found the provisions of the ISA that Apple bases its entitlement in to be unlawful; the time for Apple to advance those interests has well gone by.

7

In *Sierra Club*, another environmental advocacy group sued the USFS over how it mitigated the spread of the southern pine beetle. 18 F.3d at 1203-04. The district court issued a preliminary injunction, which included preliminarily enjoining certain logging practices. *Id.* at 1204. Two timber purchasers' associations sought to intervene, arguing that they relied on the enjoined practice to fulfill their existing contracts, which the court found to be sufficient to satisfy Rule 24's impairment requirement. *Id.* at 1207. Again, the facts in *Sierra Club* are inapposite to this matter. Whereas the timber purchasers' association intervention preceded a full decision on the merits, the parallel issue here—whether the relevant provision of the ISA have unlawfully excluded competition in two separate markets—has already been decided on the merits. *Cf. Glickman*, 159 F.3d at 411; *see also In re N.Y.C. Policing*, 27 F.4th at 800.

Each case relied on by Apple permitted intervention *to defend the legality* of the practices that benefited the intervenors. The time for such a defense has come and gone.

Apple also cites *Kleissler v. United States Forest Serv*ice, 157 F.3d 964 (3d Cir. 1998), which is likewise distinguishable. That case involved a challenge to the Forest Service's approval of logging projects, and multiple logging interests moved to intervene. *Id.* at 967. One of the business intervenors had already bid successfully for such a contract, and "would now be a party to a remunerative contract for logging but for the institution of this litigation." *Id.* The *Kleissler* court specifically distinguished the intervenor's interest from "a mere expectancy of obtaining a contract in the future." *Id.* Far from supporting Apple's position, this holding underscores that Apple's interest in speculative future contracts is just such "a mere expectancy."

The *Kleissler* court also permitted intervention by two firms that had not yet successfully bid for contracts. However, the court's grant of intervention relied on the very unusual facts of that case. The prospective intervenors' entire business depended on being awarded such

contracts, and "their continued existence may be jeopardized' if plaintiffs prevail." *Id.* The statute at issue designated forests for multiple uses and "emphasized that [other] uses are 'not in derogation of' timber harvesting." *Id.* The court found that "[t]his statement of policy, when viewed in light of the district court's finding that a victory for plaintiffs could destroy their business," gave rise to a protected interest. *Id.* In other words, intervention required not only the existential threat that the case posed to the firms, but also a statutory scheme designed expressly to benefit their business interests. Neither the existential threat nor a statute solicitous of Apple's interest in contracting with Google exist.

Not only does *Kleissler* fail to support Apple's position, it also establishes the type of extraordinary showings that Apple would need to make—and has failed to make—to justify intervention based on an "existential threat."[2] Apple has a market capitalization of over $3 trillion and is one of the most valuable companies in the world. *See* Forbes, Apple Reclaims Crown as World's Most Valuable Company From Microsoft (June 12, 2024), available at https://www.forbes.com/sites/dereksaul/2024/06/12/apple-reclaims-crown-as-worlds-most-valuable-company-from-microsoft/.

## CONCLUSION

Apple's motion to intervene fails to satisfy any of Rule 24's requirements. For the reasons described above and in the joint memorandum, Colorado Plaintiff States respectfully

---

[2] The final business interest that was allowed to intervene in *Kleissler* was admitted under the doctrine allowing intervention by trade associations representing threatened businesses. 157 F.3d at 968. The association represented various lumber interests, including some that held existing sales contracts with the Forest Service. *Id.* Trade associations represent an aggregation of business interests whose members, for example, seek to preserve current contract rights in the absence of any decision declaring those contracts to be illegal. *See Sierra Club*, 18 F.3d at 1207. This holding also provides no support for Apple's argument because Apple is not purporting to represent any coalition of similarly situated companies.

request that the Court deny Apple's motion to intervene.


Dated: January 8, 2025                    Respectfully submitted,

                                          PHILIP WEISER
                                          Attorney General of Colorado

                                          */s/ Jonathan B. Sallet*
                                          Jonathan B. Sallet, DC Bar No. 336198
                                          Steven M. Kaufmann
                                          Elizabeth W. Hereford
                                          Conor J. May
                                          Colorado Office of the Attorney General
                                          1300 Broadway, 7th Floor
                                          Denver, CO 80203
                                          Telephone: (720) 508-6000
                                          E-Mail: Jon.Sallet@coag.gov
                                          Steve.Kaufmann@coag.gov
                                          Elizabeth.Hereford@coag.gov
                                          Conor.May@coag.gov

                                          William F. Cavanaugh, Jr.
                                          PATTERSON BELKNAP WEBB &
                                          TYLER LLP
                                          1133 Avenue of the Americas
                                          New York, NY 10036
                                          Telephone: (212) 336-2793
                                          E-Mail: wfcavanaugh@pbwt.com

                                          *Counsel for Plaintiff State of Colorado*

MIKE HILGERS
Attorney General of Nebraska

Justin C. McCully, Assistant Attorney
General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
E-Mail: Justin.mccully@nebraska.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Nebraska*

KRISTIN K. MAYES
Attorney General of Arizona

Robert A. Bernheim, Unit Chief Counsel
Jayme Weber, Senior Litigation Counsel
Arizona Office of the Attorney General
400 West Congress, Ste. S-215
Tucson, Arizona 85701
Telephone: (520) 628-6507
E-Mail: Robert.Bernheim@azag.gov
Jayme.Weber@azag.gov

*Counsel for Plaintiff State of Arizona*

BRENNA BIRD
Attorney General of Iowa

Noah Goerlitz, Assistant Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St., 2nd Floor
Des Moines, IA 50319
Telephone: (515) 725-1018
E-Mail: Noah.goerlitz@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

LETITIA JAMES
Attorney General of New York

Elinor R. Hoffmann
Morgan J. Feder
Michael D. Schwartz
Office of the New York State Attorney
General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8513
E-Mail: Elinor.hoffmann@ag.ny.gov
Morgan.feder@ag.ny.gov
Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff State of New York*

JEFF JACKSON
Attorney General of North Carolina

Kunal Janak Choksi
Joshua Daniel Abram
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6000
E-Mail: kchoksi@ncdoj.gov
jabram@ncdoj.gov
jsutton2@ncdoj.gov

*Counsel for Plaintiff State of North
Carolina*

JONATHAN SKRMETTI
Attorney General of Tennessee

J. David McDowell
Austin Ostiguy
Tyler Corcoran
Office of the Attorney General and
Reporter
P.O. Box 20207
Nashville, TN 37202

Telephone: (615) 741-8722
E-Mail: David.McDowell@ag.tn.gov
austin.ostiguy@ag.tn.gov
Tyler.Corcoran@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*

DEREK E. BROWN
Attorney General of Utah

Matthew Michaloski
Marie W.L. Martin
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 140830
Salt Lake City, Utah 84114
Telephone: (801) 440-9825
E-Mail: mmichaloski@agutah.gov
mwmartin@agutah.gov

*Counsel for Plaintiff State of Utah*

TREGARRICK TAYLOR
Attorney General of Alaska

Jeff Pickett
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5100
E-Mail: Jeff.pickett@alaska.gov

*Counsel for Plaintiff State of Alaska*

WILLIAM TONG
Attorney General of Connecticut

Nicole Demers
Office of the Attorney General of
Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Telephone: (860) 808-5202
E-Mail: Nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

KATHLEEN JENNINGS
Attorney General of Delaware

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
E-Mail: Michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*

BRIAN SCHWALB
Attorney General of the District of
Columbia

Elizabeth Gentry Arthur
Office of the Attorney General for the
District of Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 724-6514
E-Mail: Elizabeth.arthur@dc.gov

*Counsel for Plaintiff District of Columbia*

DOUGLAS MOYLAN
Attorney General of Guam

Fred Nishihira
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Telephone: (671) 475-3324
E-Mail: fnishihira@oagguam.org

*Counsel for Plaintiff Territory Guam*

ANNE E. LOPEZ
Attorney General of Hawai'i

Rodney I. Kimura

Department of the Attorney General, State
of Hawaiʻi
425 Queen Street
Honolulu, HI 96813
Telephone (808) 586-1180
E-Mail: Rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff State of Hawaiʻi*

RAÚL LABRADOR
Attorney General of Idaho

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. Jefferson St., 2nd Floor
P.O. Box 83720
Boise, ID 83720
Telephone: (208) 332-3549
E-Mail:  John.olson@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

KWAME RAOUL
Attorney General of Illinois

Elizabeth Maxeiner
Brian Yost
Jennifer Coronel
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
Telephone: (773) 590-7935
E-Mail: Elizabeth.maxeiner@ilag.gov
Brian.yost@ilag.gov
Jennifer.coronel@ilag.gov

*Counsel for Plaintiff State of Illinois*

KRIS W. KOBACH
Attorney General of Kansas

Lynette R. Bakker
Kansas Office of the Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612

Telephone: (785) 296-3751
E-Mail: Lynette.bakker@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

AARON M. FREY
Attorney General of Maine

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
August, ME 04333
Telephone: (207) 626-8800
E-Mail: Christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

ANTHONY G. BROWN
Attorney General of Maryland

Schonette J. Walker
Office of the Attorney General of
Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Telephone: (410) 576-6480
E-Mail: swalker@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

ANDREA CAMPBELL
Attorney General of Massachusetts

William T. Matlack
Office of the Attorney General of
Massachusetts
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 727-2200
E-Mail: William.matlack@mass.gov

*Counsel for Plaintiff Commonwealth of
Massachusetts*

KEITH ELLISON
Attorney General of Minnesota

13

Zach Biesanz
Senior Enforcement Counsel
Office of the Minnesota Attorney General
Antitrust Division
445 Minnesota Street, Suite 600
St. Paul, MN 55101
Telephone: (651) 757-1257
E-Mail: Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

AARON D. FORD
Attorney General of Nevada

Michelle C. Badorine
Lucas J. Tucker
Nevada Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
Telephone: (775) 684-1164
E-Mail: mbadorine@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

JOHN FORMELLA
Attorney General of New Hampshire

Brandon Garod
Office of Attorney General of New
Hampshire
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-1217
E-Mail: Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff State of New
Hampshire*

MATTHEW PLATKIN
Attorney General of New Jersey

Isabella R. Pitt
Deputy Attorney General
New Jersey Attorney General's Office

124 Halsey Street, 5th Floor
Newark, NJ 07102
Telephone: (973) 648-7819
E-Mail: Isabella.Pitt@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

RAÚL TORREZ
Attorney General of New Mexico

Judith E. Paquin Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney
General
408 Galisteo St.
Santa Fe, NM 87504
Telephone: (505) 490-4885
E-Mail: jpaquin@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff State of New Mexico*

DREW WRIGLEY
Attorney General of North Dakota

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust
Division
Office of the Attorney General of North
Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
Telephone: (701) 328-5570
E-Mail: ealm@nd.gov

*Counsel for Plaintiff State of North
Dakota*

DAVID YOST
Attorney General of Ohio

Jennifer Pratt
Beth Ann Finnerty
Mark Kittel
Office of the Attorney General of Ohio

14

30 E Broad Street, 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
E-Mail:
Jennifer.pratt@ohioattorneygeneral.gov
Beth.finnerty@ohioattorneygeneral.gov
Mark.kittel@ohioattorneygeneral.gov

*Counsel for Plaintiff State of Ohio*

GENTNER DRUMMOND
Attorney General of Oklahoma

Robert J. Carlson
Office of the Oklahoma Attorney General
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-1014
E-Mail: Robert.carlson@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

DAN RAYFIELD
Attorney General of Oregon

Cheryl Hiemstra, Special Assistant
Attorney General
Gina Ko, Assistant Attorney General
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301
Telephone: (503) 934-4400
E-Mail: Cheryl.Hiemstra@doj.oregon.gov
Gina.Ko@doj.oregon.gov

*Counsel for Plaintiff State of Oregon*

MICHELLE HENRY
Attorney General of Pennsylvania

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Telephone: (717) 787-4530

E-Mail: jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of
Pennsylvania*

DOMINGO EMANUELLI
HERNANDEZ
Attorney General of Puerto Rico
Guarionex Diaz Martinez
Assistant Attorney General Antitrust
Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902
Telephone: (787) 721-2900, Ext. 1201
E-Mail: gdiaz@justicia.pr.gov

*Counsel for Plaintiff Territory Puerto
Rico*

PETER NERONHA
Attorney General of Rhode Island

Stephen Provazza
Rhode Island Office of the Attorney
General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
E-Mail: SProvazza@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

MARTIN J. JACKLEY
Attorney General of South Dakota

Yvette K. Lafrentz
Office of the Attorney General of South
Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
E-Mail: Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff State of South Dakota*

CHARITY R. CLARK
Attorney General of Vermont

Christopher J. Curtis, Assistant Attorney General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
Telephone: (802) 828-3170
E-Mail: christopher.curtis@vermont.gov

*Counsel for Plaintiff State of Vermont*

JASON S. MIYARES
Attorney General of Virginia

Tyler T. Henry
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Telephone: (804) 692-0485
E-Mail: thenry@oag.state.va.us

*Counsel for Plaintiff State of Virginia*

ROBERT FERGUSON
Attorney General of Washington

Amy Hanson
Senior Assistant Attorney General
800 Fifth Avenue, Suite 2000

Seattle, WA 98104
Telephone: (206) 464-5419
E-Mail: Amy.hanson@atg.wa.gov

*Counsel for Plaintiff State of Washington*

PATRICK MORRISEY
Attorney General of West Virginia

Douglas Lee Davis
Office of the Attorney General, State of West Virginia
1900 Kanawha Boulevard
East Building 6, Suite 401
P.O. Box 1789
Charleston, WV 25305
Telephone: (304) 558-8986
E-Mail: Douglas.l.davis@wvago.gov

*Counsel for Plaintiff State of West Virginia*

BRIDGET HILL
Attorney General of Wyoming

William T. Young
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
Telephone: (307) 777-7847
E-Mail: William.young@wyo.gov

*Counsel for Plaintiff State of Wyoming*