# EXHIBIT D

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| GOOGLE LLC, | |
| Defendant. | |

**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S
NOTICE OF RULE 30(B)(6) DEPOSITION OF PLAINTIFFS**

Plaintiff United States, on behalf of all Plaintiffs in the above-captioned action, hereby objects to Defendant's December 10, 2024, Notice of Rule 30(b)(6) Deposition of Plaintiffs (Notice) as follows:

**GENERAL OBJECTIONS**

1.      Plaintiffs object to the Notice to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other privileges or immunities. The production of any such information is inadvertent and shall not constitute a waiver of any applicable privilege or immunity.

2.      Plaintiffs object to the Notice to the extent is seeks information protected from disclosure by the deliberative process privilege.

**SPECIFIC OBJECTIONS**

**1.**      The meaning, effect and intended implementation of the language of the Proposed Final Judgment, including all defined terms incorporated therein.

1

**RESPONSE:** Plaintiffs incorporate their general objections as though set forth fully

herein. Plaintiffs object to the phrase "meaning, effect and intended implementation" as vague,

overbroad, and unduly burdensome. The "meaning" of the Proposed Final Judgment is evident

on the face of the document and further explained in Plaintiffs' Executive Summary.

Additionally, the "effect and intended implementation" is apparent on the face of the Proposed

Final Judgment and is addressed through the preamble paragraphs and the Executive Summary.[1]

Plaintiffs also object because Defendant's request necessarily calls for testimony from an

attorney or other representative of the Department of Justice or state Attorneys General that

would require testimony related to legal conclusions or legal opinions, which are not the proper

subjects of discovery. *See, e.g.*, *Guantanamera Cigar Co. v. Corporacion Habanos, S.A.*, 263

F.R.D. 1, 8 (D.D.C. 2009) (*citing Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir.

1986) and holding that in order to depose opposing counsel, Defendants must show that the

testimony they seek is: (1) available only through this deposition, (2) relevant and non-

privileged, and (3) crucial to their case); *see also Pamida, Inc. vs. E.S. Originals, Inc.*, 281 F.3d

726, 730 (8th Cir. 2002) (clarifying that the *Shelton* test is "intend[ed] to protect against the ills

of deposing opposing counsel in a pending case which could potentially lead to the disclosure of

the attorney's litigation strategy"); *FTC v. U.S. Grant Resources, LLC*, 2004 WL 1444951, at *9

(E.D. La. June 25, 2004) (quashing a 30(b)(6) notice that "necessarily involves the testimony of

one or more attorneys assigned to the case" and thus "is an inappropriate attempt to depose

opposing counsel and to delve into the theories, opinions and mental impressions of FTC

attorneys").

---

[1]     To the extent Defendant has not understood the plain meaning of Plaintiffs' Proposed
Final Judgment, Defendant could have sought a meet-and-confer with Plaintiffs but chose not to
do so before noticing the instant 30(b)(6) deposition.

Plaintiffs also object to this Topic on the basis of relevancy because the "meaning, effect, and intended implementation" of the eventual final judgment in this matter rests with the Court, not with the Plaintiffs in their Proposed Final Judgment.

Plaintiffs also object to the Topic to the extent it seeks attorney work product or information that is otherwise protected by the common interest doctrine. *Hickman v. Taylor*, 329 U.S. 495, 507–10 (1947); *Upjohn Co. v. United States*, 449 U.S. 383, 400–01 (1981); *United States v. Deloitte LLP*, 610 F.3d 129, 135 (D.C. Cir. 2010); *Dir., Office of Thrift Supervision v. Vinson & Elkins, LLP*, 124 F.3d 1304, 1307 (D.D.C. 1997) ("Opinion work product … is virtually undiscoverable"); Fed. R. Civ. P. 26(b)(3)(A). Plaintiffs further object to this Topic because is the functional equivalent of a contention interrogatory, which the Parties have already agreed is not permitted under the Case Management Order. Order (Setting Discovery Limits) at I.A., ECF No. 1047.

Plaintiffs further object to this request as inconsistent with the Court's remedies scheduling order, which contemplates the parties serving their Revised Proposed Final Judgments after the close of fact discovery, and for those proposals to be tested through the evidentiary hearing and post-hearing briefing (rather than through depositions of counsel). Scheduling Order, ECF No. 1043.

Plaintiffs also object because Defendant's request is overly burdensome. Defendant has already issued numerous press releases detailing its thoughts and opinions on the remedies proposed by the Plaintiffs[2] and Defendant's counsel has already made in-court statements about

---

[2]    *See* Kent Walker, *DOJ's Staggering Proposal Would Hurt Consumers and America's Global Technological Leadership*, Google Blog (Nov. 21, 2024), https://blog.google/outreach-initiatives/public-policy/doj-search-remedies-nov-2024/; Andrew Sorkin & Sarah Kessler, *Google's Sundar Pichai on Antitrust, Trump and A.I.*, N.Y. Times (Dec. 15, 2024), https://www.nytimes.com/2024/12/15/business/dealbook/sundar-pichai-dealbook.html; Kai

the meaning and effect of the proposed remedies[3] demonstrating that it already knows the

meaning and effect of the remedies. Thus, Defendant's request is merely an effort to waste time

and energy in an already accelerated schedule.

Finally, Plaintiffs object to this Topic to the extent that it seeks information protected by

the deliberative process privilege. *See United States Fish & Wildlife Serv. v. Sierra Club, Inc.*,

592 U.S. 261, 267–69 (2021); *Campaign Legal Ctr. v. United States Dep't of Just.*, 34 F.4th 14,

22–23 (D.C. Cir. 2022); *Sourgoutsis v. United States Capitol Police*, 323 F.R.D. 100, 107–08,

113–14 (D.D.C. 2017). Any questions Defendant's counsel may have about the proposed remedy

can and should be addressed through a meet and confer process.

**2.**     The participation in and contributions to the Proposed Final Judgment by any

third party other than counsel to Plaintiffs or experts retained by Plaintiffs for this litigation.

**RESPONSE:** Plaintiffs incorporate their general objections as though set forth fully

herein. Plaintiffs further object to this Topic to the extent that it seeks information protected by

the deliberative process privilege. *See Fish & Wildlife*, 592 U.S. at 267–69; *Campaign Legal*

*Ctr.*, 34 F.4th at 22–23; *Sourgoutsis*, 323 F.R.D. at 107–08, 113–14. Plaintiffs further object to

the Topic to the extent it seeks attorney work product or information that is otherwise protected

by the common interest doctrine. *Hickman v. Taylor*, 329 U.S. at 507–10; *Upjohn Co. v. United*

*States*, 449 U.S. at 400–01; *United States v. Deloitte LLP*, 610 F.3d at 135; Fed. R. Civ. P.

---

McNamee et al., *Google Representative Responds to Justice Department Antitrust Proposals*, NPR (Nov. 22, 2024), https://www.npr.org/2024/11/22/nx-s1-5200051/google-representative-responds-to-justice-department-antitrust-proposals.

[3]     *See* Status Conference Transcript, Nov. 26, 2024, 42:1–8 (Mr. Schmidtlein: "And as I said, the remedies that have been put forward are very, very dangerous and very, very problematic in how AI moves forward. And we very much look forward to putting witnesses up there who will explain and bring to life a lot of these types of innovations and the problems that the plaintiffs' remedies have. So we appreciate your guidance on that, and, yeah, we look forward to engaging on it.").

26(b)(3)(A). The Parties have already agreed that the disclosure of interview notes with third parties constituted work product and is not discoverable. Defendant's Topic 2 is an attempt to circumvent the Parties agreement and the Court's ESI Order. Letter Agreement between Google and the United States (Mar. 13, 2020) (agreeing that documents "not directly or indirectly furnished to any non-Party, such as internal memoranda, authored by . . . counsel for the United States" need not be produced in discovery); Stipulation and Order Regarding Discovery Procedure, ECF No. 99 at 8-9, ¶ 10 (documents sent "solely between counsel for one or more Plaintiffs" need not be "preserve[d] or produce[d] in discovery"). Additionally, Plaintiffs have already disclosed the names of third parties that they have spoken with concerning remedies, and Defendant has the same opportunity to interview and/or depose such third parties to discover their thoughts regarding any proposed remedies.

Subject to the general and specific objections set forth above, Plaintiffs respond as follows: no third parties participated in the drafting of the Proposed Final Judgment, which was prepared in its entirety by Plaintiffs. In addition, Plaintiffs have produced all third-party correspondence to Google and will supplement their production through November 5, 2024.

Dated: January 2, 2025            Respectfully submitted,

FOR PLAINTIFF UNITED STATES OF
AMERICA

*/s/ Sara Trent*
David E. Dahlquist
Adam T. Severt
Travis R. Chapman
Karl E. Herrmann (D.C. Bar #1022464)
Veronica N. Onyema (D.C. Bar #979040)
Ryan S. Struve (D.C. Bar # 495406)
Sara Trent

U.S. Department of Justice

Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-6158
David.Dahlquist@usdoj.gov
Adam.Severt@usdoj.gov

*Counsel for Plaintiff*
*United States of America*

By:___/s/ Christoper A. Knight_____
Ashley Moody, Attorney General
R. Scott Palmer, Special Counsel, Complex
Enforcement Chief, Antitrust Division
Lee Istrail, Assistant Attorney General
Christopher A. Knight, Assistant Attorney
General
Office of the Attorney General, State of
Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com
Christopher.Knight@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

By:___/s/ Diamante Smith_____
Ken Paxton, Attorney General
Brent Webster, First Assistant Attorney
General
Ralph Molina, Deputy First Assistant
Attorney General
James Lloyd, Deputy Attorney General for
Civil Litigation
Ryan Baasch, Associate Deputy Attorney
General for Civil Litigation
Diamante Smith, Assistant Attorney
General, Antitrust Division
Office of the Attorney General, State of
Texas
300 West 15th Street
Austin, Texas 78701
Diamante.Smith@oag.texas.gov

*Counsel for Plaintiff State of Texas*

By:___/s/ Carolyn D. Jeffries_____
Rob Bonta, Attorney General
Paula Blizzard, Senior Assistant Attorney
General
Michael Jorgenson, Supervising Deputy
Attorney General
Brian Wang, Deputy Attorney General
Carolyn D. Jeffries, Deputy Attorney
General (DC Bar No. 1600843)

Office of the Attorney General
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Cari.Jeffries@doj.ca.gov

*Counsel for Plaintiff State of California*

Matthew M. Ford
Arkansas Bar No. 2013180
Senior Assistant Attorney General
Office of the Arkansas Attorney General
Tim Griffin
323 Center Street, Suite 200
Little Rock, AR 72201
Matthew.Ford@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

Christopher Carr, Attorney General
Logan B. Winkles, Deputy Attorney General
Ronald J. Stay, Jr., Senior Assistant Attorney
General
Charles Thimmesch, Senior Assistant
Attorney General
Office of the Attorney General, State of
Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and
Director, Consumer Protection Division
Jesse Moore, Deputy Attorney General
Christi Foust, Deputy Attorney General
Office of the Attorney General, State of
Indiana
Indiana Government Center South, Fifth
Floor
302 West Washington Street
Indianapolis, Indiana 46204
Jesse.Moore@atg.in.gov

*Counsel for Plaintiff State of Indiana*

Russell Coleman, Attorney General
J. Christian Lewis, Commissioner of the
Office of Consumer Protection
Philip R. Heleringer, Executive Director of
the Office of Consumer Protection
Jonathan E. Farmer, Deputy Executive
Director of the Office of Consumer
Protection
Office of the Attorney General,
Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of
Kentucky*

Liz Murrill, Attorney General
Patrick Voelker, Assistant Attorney General
Office of the Attorney General, State of
Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
voelkerp@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

Michael Schwalbert
Missouri Bar No. 63229
Assistant Attorney General
Consumer Protection Section
Missouri Attorney General's Office
815 Olive Street | Suite 200
Saint Louis, Missouri 63101

michael.schwalbert@ago.mo.gov
Phone: 314-340-7888
Fax: 314-340-7981

*Counsel for Plaintiff State of Missouri*

Lynn Fitch, Attorney General
Crystal Utley Secoy, Assistant Attorney
General
Lee Morris, Special Assistant Attorney
General
Office of the Attorney General, State of
Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Crystal.Utley@ago.ms.gov
Lee.Morris@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

Anna Schneider
Special Assistant Attorney General, Senior
Counsel
Montana Office of Consumer Protection
P.O. Box 200151
Helena, MT. 59602-0150
Phone: (406) 444-4500
Fax: 406-442-1894
Anna.schneider@mt.gov

*Counsel for Plaintiff State of Montana*

Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney
General
C. Havird Jones, Jr., Senior Assistant Deputy
Attorney General
Mary Frances Jowers, Assistant Deputy
Attorney General
Office of the Attorney General, State of
South Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549

8

mfjowers@scag.gov

*Counsel for Plaintiff State of South Carolina*

Joshua L. Kaul, Attorney General
Laura E. McFarlane, Assistant Attorney
General
Wisconsin Department of Justice
17 W. Main St.
Madison, Wisconsin 53701
mcfarlanele@doj.state.wi.us