# EXHIBIT E



**U.S. Department of Justice**

Antitrust Division

*Jesús M. Alvarado-Rivera*
*450 5th St., NW, Suite 4652*
*Washington, DC 20530*
*jesus.alvarado-rivera@usdoj.gov*

March 13, 2020

Franklin Rubinstein
Wilson Sonsini Goodrich & Rosati
1700 K Street NW, Fifth Floor,
Washington, D.C. 20006
frubinstein@wsgr.com

    Re: <u>DOJ's Investigation of Potential Violations of Section 2 of the Sherman Act, 15 U.S.C. § 2, by Alphabet, Inc. – Expert Disclosures Agreement</u>

Dear Franklin:

  This letter sets forth the understandings between the U.S. Department of Justice Antitrust Division ("Division" or "Party") and Alphabet, Inc. ("Alphabet" or "Party"), in connection with the Division's investigation of potential violations of Section 2 of the Sherman Act, 15 U.S.C. § 2, by Alphabet, Inc. ("Investigation"). This letter contains the entire agreement of the Division and Alphabet with respect to the subject matter of this letter, and supersedes any prior agreements, understandings, or negotiations, whether written or oral. This letter may only be amended in writing by agreement of the Division and Alphabet. The Division and Alphabet further agree as follows:

I. <u>Expert Disclosures</u>

  The Division and Alphabet agree that expert disclosures, including each Party's expert reports, in any litigation arising from the Investigation will be conducted in accordance with Federal Rule of Civil Procedure 26(a)(2) and 26(b)(4) except that neither the Division nor Alphabet must preserve or disclose, including in expert deposition testimony, the following documents or information:

    A. any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between any Party's counsel and its expert(s) or between any agent or employee of Party's counsel and the Party's expert(s), between testifying and non-testifying experts, between non-testifying experts, or between testifying experts;

B. any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between experts and any persons assisting the expert;

C. the expert's notes not relied upon by the expert in forming any opinions in his or her report;

D. drafts of expert reports, affidavits, or declarations; and

E. data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in his or her final report.

The Division and Alphabet agree that the following materials will be disclosed:

A. all final reports;

B. a list by bates number of all documents relied upon by the testifying expert(s) in forming any opinions in his or her final reports;

C. copies of any materials relied upon by the expert not previously produced that are not readily available publicly;

D. a list of all publications authored by the expert in the previous ten (10) years and copies of all publications authored by the expert in the previous ten (10) years that are not readily available publicly;

E. a list of all other cases in which, during the previous five (5) years, the expert testified at trial or by deposition, including tribunal and case number; and

F. for all calculations appearing in the final reports, all data and programs underlying the calculations (including all programs and codes necessary to replicate the calculations from the initial ("raw") data files and the intermediate working-data files that are generated from the raw data files and used in performing the calculations appearing in the final report) and a written explanation of why any observations in the raw data were either excluded from the calculations or modified when used in the calculations.

II. Retention of Attorney Communications

The Division and Alphabet agree that neither Alphabet nor the Division must preserve or produce in discovery the following categories of documents:

A. documents sent solely between outside counsel for Alphabet (or persons employed by or acting on behalf of such counsel) or solely between counsel of the

United States (or persons employed by or acting on behalf of the United States Department of Justice); and

B. documents that were not directly or indirectly furnished to any non-Party, such as internal memoranda, authored by Alphabet's outside counsel (or persons employed by or acting on behalf of such counsel) or by counsel for the United States (or persons employed by or acting on behalf of the United States Department of Justice).

III. Term of Agreement

Unless otherwise amended in writing by agreement of the Division and Alphabet, this agreement and all of its terms will remain in effect until the Division has closed its Investigation.

\* \* \* \* \* \* \*

Please indicate your agreement with the above terms by signing and returning a copy of this letter.

Sincerely,

Jesús M. Alvarado-Rivera
Trial Attorney
U.S. Department of Justice
Antitrust Division

SO AGREED:

Franklin Rubinstein
Wilson Sonsini Goodrich & Rosati
Counsel for Alphabet, Inc.

3