# Exhibit A

| | |
|---|---|
| **From:** | McGinnis, Matthew |
| **To:** | Maier, Eric J. |
| **Cc:** | Thorne, John; Bird, Daniel G.; Goodnow, Christopher C.; Varghese, Reno G.; Safadi, Adam; Stewart, Casey |
| **Subject:** | RE: United States v. Google - Responses and Objections to Subpoena to News Corp |
| **Date:** | Tuesday, January 14, 2025 6:17:01 PM |

Eric:

We will attach this email thread to our statement to be filed tonight. Many of the contentions in your email of 4:59p ET are newly raised, and you have also mischaracterized our meet and confer. We did not say that nearly all of Mr. d'Halluin's documents are privileged, though that appears to be News Corp's position despite making him available to Plaintiffs as a potential witness. In addition, as you are aware and acknowledged in our meet and confer, the prior News Corp production you reference largely concerns issues about the separate ad tech litigation, does not include any documents after August 2020, and – based on the review we have already conducted – includes a total of 72 documents referencing Mr. d'Halluin. Nonetheless, we remain willing to discuss specific search terms, custodians, and date ranges for News Corp's response, and would welcome a counterproposal from you tomorrow in advance of Friday's hearing. Let us know.

Best,

Matt

**Matthew L. McGinnis**
**ROPES & GRAY LLP**
T +1 617 951 7567 | M +1 617 283 0019
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
matthew.mcginnis@ropesgray.com
www.ropesgray.com
pronouns: he/him/his

**From:** Maier, Eric J. <emaier@kellogghansen.com>
**Sent:** Tuesday, January 14, 2025 4:59 PM
**To:** Safadi, Adam <Adam.Safadi@ropesgray.com>; McGinnis, Matthew <Matthew.McGinnis@ropesgray.com>
**Cc:** Thorne, John <jthorne@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Varghese, Reno G. <rvarghese@kellogghansen.com>; Stewart, Casey <Casey.Stewart@ropesgray.com>
**Subject:** RE: United States v. Google - Responses and Objections to Subpoena to News Corp

**THIS MESSAGE IS FROM AN EXTERNAL SENDER**
This message came from a sender outside of Ropes & Gray

Hi Matt and Adam,

We continue to believe that there is no ripe dispute to raise with the Court. As we have explained, in light of the narrow scope for Mr. d'Halluin's potential testimony and News Corp's tangential connection to the subject matter of this suit, Google's request for over 15 years' worth of documents from three custodians is disproportionate to the needs of this case. News Corp will make a production this week of numerous documents responsive to Google's subpoena. That production will be in addition to the over 9,000 documents News Corp already has produced to Google in this action. The most reasonable and efficient course would be for Google to review News Corp's forthcoming production alongside News Corp's substantial existing production to determine whether Google requires more. There is no need to burden News Corp with the cost of collecting, processing, searching, and reviewing over 15 years' worth of custodial records from three News Corp employees until Google has established that such a burdensome exercise is required. *See* Fed. R. Civ. P. 45(d)(1) (Google "must take reasonable steps to avoid imposing undue burden or expense" on News Corp). If Google nonetheless insists on prematurely raising this dispute with the Court, you can state that News Corp's position is that there is no ripe dispute at this time. Please also include this email as an exhibit to the report and cite to it as reflecting News Corp's position.

Google has not established that its request for custodial searches over 15 years' worth of materials from three News Corp employees, including one of its in-house counsel, is reasonable or necessary. As an initial matter, it is apparent that Google's request does not account for the mass of materials that News Corp already produced to Google in this action years ago. Indeed, during our meet and confer, counsel for Google appeared unaware that News Corp had already made a substantial production in this case, confirming that Google's subpoena was drafted without regard to materials already in Google's possession. On February 22, 2021, News Corp produced over 9,000 documents to Google in this action. That production includes many documents that may be responsive to Google's requests. As we noted during our meet and confer, for instance, it includes numerous documents discussing the impact of Google's conduct on the monetization and supply of News Corp's content. *See, e.g.*, NEWSCORP-DOJCID-00030824; NEWSCORP-DOJCID-00000063. Google's failure to consider that substantial production and tailor its current requests in light of that production highlights that Google has yet to establish that a burdensome review of 15 years' worth of documents from three News Corp employees' records is necessary.

The basis for Google's request for custodial searches is DOJ's identification of Martin d'Halluin, in-house counsel at News Corp, as a potential witness at the remedy hearing in this case. We understand that Mr. d'Halluin's potential testimony will be confined to three narrow topics: (1) web crawling; (2) publisher opt-out rights; and (3) generative AI/LLMs. Despite the narrow scope for his potential testimony, Google is demanding custodial searches to locate documents responsive to 6 of its 14 document requests. Those requests seek, among other things, "[a]ll communications" from January 1, 2010 to the present in any way related to "News Corp's actual or potential Agreements with Search Engines"; "[a]ll communications" from January 1, 2010 to the present involving News Corp's in-house counsel Mr. d'Halluin that in any way relate to "Search Engines"; and, as modified in your January 9 email, "[a]ll non-privileged communications" from January 1, 2010 to the present sent to or from Mr. d'Halluin that in any way relate to "Google Search, Google's AI Tools, or any alleged anticompetitive conduct by Google," regardless of whether that conduct is at issue in this action.

That these requests are extraordinarily overbroad is illustrated by Google's proposed search terms, which do not make a serious attempt to limit the burden imposed on News Corp by Google's subpoena. For example, Google's proposed terms would have News Corp search for any document over the last 15 years that includes Mr. d'Halluin's email address and the word "Google"; any document over the last 15 years that includes the term "search" within 20 words of the term "Google"; and any document over the last 15 years that includes the term "Agree*" within 10 words of, among others, the term "Google."

It is necessary for Google to review both News Corp's forthcoming production and its existing production before insisting on custodial searches for the independent reason that Mr. d'Halluin's position as in-house counsel all but guarantees that any search of his documents will require a burdensome privilege review. As you acknowledged during our meet and confer, nearly all of Mr. d'Halluin's documents are privileged. It would be unduly burdensome to require News Corp to collect all of Mr. d'Halluin's documents over his *entire tenure* at News Corp and sift through the mass of privileged communications for potentially responsive non-privileged documents. *See Dell Inc. v. DeCosta*, 233 F. Supp. 3d 1, 3-4 (D.D.C. 2017) (narrowing subpoena that sought "all" of certain categories of documents from "prior counsel" when most of those documents would be privileged).

During our meet and confer, you suggested that this problem could be avoided by naming News Corp business people as custodians instead of Mr. d'Halluin. Your January 13 email revealed, however, that Google is insisting on two business custodians *in addition* to Mr. d'Halluin. Searching the custodial records of News Corp's business employees for any communications involving News Corp's in-house counsel in addition to searching the records of News Corp's in-house counsel himself will only multiply News Corp's burden by increasing the number of people whose privileged communications must be reviewed.

Regarding RFP 2, please provide an answer to our question on January 13 – i.e., why a request for *all* communications from January 1, 2010 to the present that in any way relate to any actual or potential News Corp agreement concerning Search Engines, Generative AI Tools, or AI Search Tools, is an appropriate request in light of the narrow scope of Mr. d'Halluin's potential testimony. Likewise, with respect to RFP 12, there is nothing "remarkable" about News Corp's position that it is unreasonable for Google to request *each and every* email involving Mr. d'Halluin over his entire tenure at News Corp that relates in any way to "Google Search, Google's AI Tools, or any alleged anticompetitive conduct by Google." Please explain why such a request is appropriate, as we asked on January 13.

All the best,

Eric

**Eric J. Maier**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7923

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified

that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** Safadi, Adam <Adam.Safadi@ropesgray.com>
**Sent:** Tuesday, January 14, 2025 3:40 PM
**To:** Maier, Eric J. <emaier@kellogghansen.com>
**Cc:** Thorne, John <jthorne@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Varghese, Reno G. <rvarghese@kellogghansen.com>; McGinnis, Matthew <Matthew.McGinnis@ropesgray.com>; Stewart, Casey <Casey.Stewart@ropesgray.com>
**Subject:** [EXTERNAL] RE: United States v. Google - Responses and Objections to Subpoena to News Corp

Eric,

Just following up here briefly—can you please confirm that News Corp agrees to the exchange of statements at 5 pm?

Thank you,
Adam

**Adam R. Safadi**
**ROPES & GRAY LLP**
T +1 202 508 4717
2099 Pennsylvania Avenue, N.W.
Washington, DC 20006-6807
Adam.Safadi@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

**From:** McGinnis, Matthew <Matthew.McGinnis@ropesgray.com>
**Sent:** Tuesday, January 14, 2025 9:32 AM
**To:** Maier, Eric J. <emaier@kellogghansen.com>
**Cc:** Thorne, John <jthorne@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Varghese, Reno G. <rvarghese@kellogghansen.com>; Safadi, Adam <Adam.Safadi@ropesgray.com>; Stewart, Casey <Casey.Stewart@ropesgray.com>
**Subject:** RE: United States v. Google - Responses and Objections to Subpoena to News Corp

Eric,

Google's position has not changed on the disputes identified below.  Please send us your statement at 5:00pm ET so we can include it in the submission.

First, with respect to custodial searches, News Corp now proposes to defer discussion of such searches until News Corp makes its initial production of go-gets and Google can "assess its sufficiency."  As we have informed you, the abbreviated discovery schedule in this case requires Google to flag promptly for the Court any disputes so that these disputes can be resolved in a timely manner.  News Corp has had ample time to consider agreeing to custodial searches and is plainly unwilling to do so; it is, moreover, the only third party of which we are aware that is refusing to perform custodial searches.  In addition, during our call last week, you indicated that News Corp was only aware of a handful of responsive go-get documents for certain requests for which Google is seeking custodial searches (i.e., one agreement, one study that was previously produced, two sets of board materials, one ACCC submission, and a few communications with the parties for RFP 11).  Such a production is plainly insufficient for Google to prepare adequately for the deposition and potential cross-examination of Mr. d'Halluin.  Google cannot wait for what will be a handful of insufficient "go gets" to seek custodial documents.

Second, with respect to RFP 2, News Corp does not appear to dispute its relevance but instead simply contends that it is overbroad.  We note that we provided News Corp with proposed search terms on January 3. To the extent those search terms result in an unduly large number of hits (which News Corp does not even seem to know at this point, given its refusal even to  explore custodial searches), Google is willing to work with you to ensure they are narrowly tailored.  With respect to the confidentiality concerns you raise, as we have relayed multiple times, Google has agreed that this information will be maintained on an outside-counsel-eyes only basis and has also suggested that we would be open to discussing targeted redactions of irrelevant but sensitive material.

Third, with respect to RFP 12 (for which Google is also seeking custodial searches), News Corp takes the remarkable position that it is unwilling to produce Mr. d'Halluin's communications regarding the precise topics at issue in this litigation – i.e. Google Search, Google's AI Tools, or any alleged anticompetitive conduct by Google.  News Corp again claims that this request is "overbroad"; if Mr. d'Halluin does in fact have an excessive number of nonprivileged communications potentially responsive to this request, we are still willing to work with you to tailor search terms.

We remain available to discuss.

Best,
Matt


**Matthew L. McGinnis**
**ROPES & GRAY LLP**
T +1 617 951 7567 | M +1 617 283 0019
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
matthew.mcginnis@ropesgray.com
www.ropesgray.com
pronouns:  he/him/his

**From:** Maier, Eric J. <emaier@kellogghansen.com>
**Sent:** Monday, January 13, 2025 8:08 PM
**To:** Safadi, Adam <Adam.Safadi@ropesgray.com>; McGinnis, Matthew

<Matthew.McGinnis@ropesgray.com>
**Cc:** Thorne, John <jthorne@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Varghese, Reno G. <rvarghese@kellogghansen.com>; Stewart, Casey <Casey.Stewart@ropesgray.com>
**Subject:** RE: United States v. Google - Responses and Objections to Subpoena to News Corp

Hi Adam and Matt,

Thank you for your notes. We have discussed with our client and News Corp will agree to use its best efforts to make an initial production by January 17.

News Corp will not yet agree to perform custodial searches using Google's proposed search strings. Consistent with Judge Mehta's guidance at earlier hearings in this matter, we believe the most reasonable and efficient path forward is for Google to wait until it receives and reviews News Corp's initial production this week before determining whether custodial searches are necessary. Nov. 26, 2024 Tr. at 71:17-23 (explaining that OpenAI's go-get searches may be sufficient); see also Order, *FTC v. Meta Platforms, Inc.*, No. 22-cv-04325 (N.D. Cal. Nov. 4, 2022) (explaining that "the application of search terms . . . is not the only permissible means of identifying responsive documents in all circumstances"). Until Google has had an opportunity to review that production to assess its sufficiency, we do not believe the parties are at impasse on the necessity of custodial searches and there is no need to raise the issue with the Court.

Regarding Google's RFP 2, which requests "All Communications relating to News Corp's actual or potential Agreements with Search Engines, Generative AI Tools, or AI Search Tools," News Corp has already agreed to produce its actual agreement with OpenAI. Could you please explain why such a broad request for, among other things, all communications in any way related to that agreement is necessary and proportionate to Google's needs during this remedy phase? RFP 2 is not appropriately tailored to discover evidence relevant to Martin d'Halluin's potential testimony, which we understand will be limited to three narrow topics: (1) web crawling; (2) publisher opt-out rights; and (3) generative AI/LLMs. News Corp also continues to have grave confidentiality concerns about disclosing communications regarding highly sensitive ongoing negotiations. The risk of disrupting ongoing negotiations and sensitive commercial relationships is too great when compared to Google's unexplained need for such communications. As the parties continue to discuss the propriety of RFP 2, we believe it would be premature to raise this issue with the Court.

Similarly, Google's RFP 12, even as modified, remains overbroad. Given the narrow scope of his potential testimony, please explain why Google requires every single email to, from, or copying Mr. d'Halluin that is related in any way to "Google Search, Google's AI Tools, or any alleged anticompetitive conduct by Google."

Regarding RFPs 13 and 14, News Corp possesses certain privileged materials that may be responsive to these requests.

All the best,

Eric

**Eric J. Maier**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7923

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is

privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

---

**From:** Safadi, Adam <Adam.Safadi@ropesgray.com>
**Sent:** Monday, January 13, 2025 4:48 PM
**To:** Maier, Eric J. <emaier@kellogghansen.com>; McGinnis, Matthew <Matthew.McGinnis@ropesgray.com>
**Cc:** Thorne, John <jthorne@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Varghese, Reno G. <rvarghese@kellogghansen.com>; Stewart, Casey <Casey.Stewart@ropesgray.com>
**Subject:** [EXTERNAL] RE: United States v. Google - Responses and Objections to Subpoena to News Corp

Eric,

Hope you had a good weekend. We are checking in to see if News Corp's position has changed with respect to the issues we discussed in the meet and confer last week. As we previewed then, there is a joint status report due to the Court tomorrow in which—absent resolution between News Corp and Google—we intend to raise the following topics:

1. News Corp's objection to conducting custodial ESI searches for RFPs 2, 3, 5, 6, 11, and 12 of Google's subpoena;
2. Identification of two relevant business persons in addition to Mr. d'Halluin with materials potentially responsive to Google's subpoena for custodial ESI searches or, in the alternative, that the Court permit custodial ESI searches of, in addition to Mr. d'Halluin, Anoushka Healy (Chief Strategy Officer) and Amanda Greenfield (SVP of Partnerships), who Google understands were involved in contract negotiations relevant to Mr. d'Halluin's expected testimony; and
3. News Corp's objection to producing any documents in response to RFP 2.

Absent resolution of the above discovery disputes, we propose exchanging position statements at 5:00 PM ET tomorrow. Google will then incorporate News Corp's position into the expected filing (without further changes to either document) and file it with the Court.

Best,
Adam

**Adam R. Safadi**
**ROPES & GRAY LLP**
T +1 202 508 4717
2099 Pennsylvania Avenue, N.W.
Washington, DC 20006-6807
Adam.Safadi@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

**From:** Maier, Eric J. <emaier@kellogghansen.com>
**Sent:** Friday, January 10, 2025 7:23 PM
**To:** McGinnis, Matthew <Matthew.McGinnis@ropesgray.com>
**Cc:** Thorne, John <jthorne@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Varghese, Reno G. <rvarghese@kellogghansen.com>; Stewart, Casey <Casey.Stewart@ropesgray.com>; Safadi, Adam <Adam.Safadi@ropesgray.com>
**Subject:** RE: United States v. Google - Responses and Objections to Subpoena to News Corp

Hi Matt,

Thank you for your note.  We are still conferring with our client about Google's positions laid out in your email yesterday.  We will be in touch with an update as soon as we are able.

Eric

**Eric J. Maier**

Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.

1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7923

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** McGinnis, Matthew <Matthew.McGinnis@ropesgray.com>
**Sent:** Thursday, January 9, 2025 11:26 AM
**To:** Maier, Eric J. <emaier@kellogghansen.com>
**Cc:** Thorne, John <jthorne@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Varghese, Reno G. <rvarghese@kellogghansen.com>; Stewart, Casey <Casey.Stewart@ropesgray.com>; Safadi, Adam <Adam.Safadi@ropesgray.com>
**Subject:** [EXTERNAL] RE: United States v. Google - Responses and Objections to Subpoena to News Corp

Eric,

Thank you for the discussion yesterday regarding the materials News Corp has and its position on Google's subpoena.  We appreciate News Corp's agreement to provide materials (to the extent they exist) responsive to RFPs 1, 8, 9, and 10.  Thank you for also confirming that there

is no material responsive to RFP 4 (other than the AMP study you previously produced). From our discussion, it appears that the volume of materials you have located in connection with these requests is relatively small. As such, we would ask you to produce those materials by Friday, January 17.

With respect to RFPs 3, 5, 6, 7, and 11, you indicated that News Corp is not currently aware of materials responsive to these requests but would be willing to conduct searches for these on a go-get basis. We agree that go-gets would be sufficient to resolve RFP 7 if responsive materials exist. Without either party waiving rights with respect to custodial searches, we would request that you undertake the further searches you suggested to determine whether materials exist responsive to RFPs 3, 5, 6, and 11.

For RFPs 13 and 14, you indicated that there are no non-privileged documents that would be responsive to these requests. As noted on the call, we ask that News Corp confirm the extent to which there are privileged documents that exist that would otherwise be responsive but not produced on the basis of privilege. Google reserves the right to request a privilege log of any such documents.

With respect to RFP 12, you stated that News Corp is unwilling to produce documents because it is overly broad. As part of a global resolution of the parties' discussions regarding the subpoena, Google would be willing to narrow RFP 12 to: "All non-privileged Documents and Communications sent to (including directly, through CC, or through BCC) or sent by Martin d'Halluin relating to Google Search, Google's AI Tools, or any alleged anticompetitive conduct by Google."

With respect to RFP 2, you stated that News Corp objects to producing any documents due to confidentiality concerns surrounding ongoing negotiations. As we discussed, in light of the operative protective order in this matter, Google does not believe that such confidentiality concerns are a valid basis to withhold production, especially in light of Google's agreement not to disseminate any Highly Confidential documents to Google employees, including Google's Designated In-House Counsel. To the extent that News Corp maintains that it will not produce any materials responsive to RFP 2, Google believes that it and News Corp will be at an impasse on this issue.

We also understand that News Corp is unwilling to do custodial searches for any requests (including with respect to RFPs 2, 3, 5, 6, 11, and 12). As we explained, we disagree with this position and are willing to work with News Corp to identify an appropriately targeted set of custodians. In addition, as you are likely aware, Judge Mehta has previously recognized the appropriateness of custodial searches, including for documents from third-party individuals identified by the government as potential witnesses. *See, e.g.,* Status Conference Tr. 72:3-12 (Nov. 26, 2024) (The Court: "Well, that's why I've asked the plaintiffs, or directed them to provide names, because it is fair for you to request custodial records of someone that they are anticipating calling to trial or to the remedies hearing."). We have provided proposed search terms and indicated that we are willing to discuss modifications to these search terms to the extent they yield an unreasonably high number of hits. But if News Corp maintains that it is unwilling to do any ESI searches, Google and News Corp will be at an impasse on this issue.

As you are aware, the pretrial schedule in this case is highly expedited, with a joint status report due on Tuesday, January 14 in advance of a status conference on Friday, January 17. As such, we request an update on any of News Corp's positions no later than Friday, January

10 so that the parties can prepare position statements for the January 14 submission if necessary.

Best,

Matt


**Matthew L. McGinnis**
**ROPES & GRAY LLP**
T +1 617 951 7567 | M +1 617 283 0019
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
matthew.mcginnis@ropesgray.com
www.ropesgray.com
pronouns: he/him/his

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

**From:** McGinnis, Matthew <Matthew.McGinnis@ropesgray.com>
**Sent:** Friday, January 03, 2025 2:13 PM
**To:** Maier, Eric J. <emaier@kellogghansen.com>
**Cc:** Thorne, John <jthorne@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Varghese, Reno G. <rvarghese@kellogghansen.com>; Stewart, Casey <Casey.Stewart@ropesgray.com>; Safadi, Adam <Adam.Safadi@ropesgray.com>
**Subject:** RE: United States v. Google - Responses and Objections to Subpoena to News Corp

Eric,

Thanks for your email. Any time Wednesday from 2-4 works for us. Given the time before we meet on the subpoena, which was issued on December 13 and for which service was accepted on December 17, we hope to have a substantive discussion about materials to be produced and expect News Corp will have concrete proposals to make our conversation as productive as possible. As I noted previously, due to the time constraints of this matter, we need to resolve any discovery issues promptly. We appreciate that Mr. d'Halluin went on vacation after the subpoena was received, but given that Mr. d'Halluin met with Plaintiffs regarding Plaintiffs' proposed remedies before Plaintiffs included him in their witness list, we would expect News Corp to have at least some, if not most, of the information necessary to design a reasonable search.

In addition, you did not indicate whether News Corp was in the process of preparing proposed search terms. For the avoidance of doubt, we expect News Corp's response to the subpoena will involve custodial email searches as well as a number of go-gets. To the extent that News Corp takes the position that the majority of Mr. d'Halluin's documents are privileged, we expect the custodial searches will also include the documents of the primary business person(s) knowledgeable about the relevant deals. Please let us know immediately if News Corp objects to performing custodial searches.

In the interest of keeping things moving, we have prepared proposed search terms, which are attached.  The search terms will need to be supplemented with relevant code names or project names, which we would ask you to be prepared to discuss on Wednesday.  We welcome any proposals from News Corp based on your discussion with Mr. d'Halluin and others as to who might be appropriate custodian(s).  In addition, if News Corp takes the position that any of these search terms would result in an unduly burdensome number of hits, please provide hit reports.

Thank you,

Matt


**Matthew L. McGinnis**
**ROPES & GRAY LLP**
T +1 617 951 7567 | M +1 617 283 0019
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
matthew.mcginnis@ropesgray.com
www.ropesgray.com
pronouns: he/him/his

**From:** Maier, Eric J. <emaier@kellogghansen.com>
**Sent:** Thursday, January 02, 2025 10:02 PM
**To:** McGinnis, Matthew <Matthew.McGinnis@ropesgray.com>
**Cc:** Thorne, John <jthorne@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Varghese, Reno G. <rvarghese@kellogghansen.com>; Stewart, Casey <Casey.Stewart@ropesgray.com>; Safadi, Adam <Adam.Safadi@ropesgray.com>
**Subject:** RE: United States v. Google - Responses and Objections to Subpoena to News Corp

Hi Matt,

Thank you for the note.  In order to make our meet and confer productive, we need to speak with Martin d'Halluin who is on vacation abroad and back in the office on Monday.  Mr. d'Halluin is best positioned to provide us with additional detail regarding what non-privileged documents News Corp may possess that are responsive to Google's requests.  We are speaking with him Tuesday, which is why we offered to confer immediately afterward on Wednesday or Thursday.  Meeting and conferring on Wednesday is only two days after your proposed meeting date of Monday.  We do not think those additional two days will impact the parties' ability to negotiate regarding the appropriate scope of any News Corp production.

All the best,

Eric

**Eric J. Maier**

Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.

1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7923

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** McGinnis, Matthew <Matthew.McGinnis@ropesgray.com>
**Sent:** Wednesday, January 1, 2025 2:51 PM
**To:** Maier, Eric J. <emaier@kellogghansen.com>
**Cc:** Thorne, John <jthorne@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Varghese, Reno G. <rvarghese@kellogghansen.com>; Stewart, Casey <Casey.Stewart@ropesgray.com>; Safadi, Adam <Adam.Safadi@ropesgray.com>
**Subject:** [EXTERNAL] RE: United States v. Google - Responses and Objections to Subpoena to News Corp

Counsel:  Thank you.   Please let us know your availability for a meet and confer tomorrow (January 2) afternoon.

Best regards,

Matt


**Matthew L. McGinnis**
**ROPES & GRAY LLP**
T +1 617 951 7567 | M +1 617 283 0019
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
matthew.mcginnis@ropesgray.com
www.ropesgray.com
pronouns:  he/him/his
This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

**From:** Maier, Eric J. <emaier@kellogghansen.com>
**Sent:** Tuesday, December 31, 2024 8:21 PM
**To:** McGinnis, Matthew <Matthew.McGinnis@ropesgray.com>; Safadi, Adam <Adam.Safadi@ropesgray.com>
**Cc:** Thorne, John <jthorne@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Varghese, Reno G. <rvarghese@kellogghansen.com>
**Subject:** United States v. Google - Responses and Objections to Subpoena to News Corp

Counsel,

Please find attached News Corp's Responses and Objections to Google LLC's Subpoena to Produce Documents, Information, or Objects.  As noted in the attached, we are willing to meet and confer.

All the best,

Eric

**Eric J. Maier**

Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.

1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7923

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.