# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, *et al.*,<br><br>             *Plaintiffs*,<br><br>     v.<br><br>**GOOGLE LLC,**<br><br>             *Defendant.* | Civil Action No. 20-cv-3010 (APM) |
| **STATE OF COLORADO**, *et al.*,<br><br>             *Plaintiffs*,<br><br>     v.<br><br>**GOOGLE LLC,**<br><br>             *Defendant.* | Civil Action No. 20-cv-3715 (APM) |

**NEWS CORPORATION'S RESPONSES AND OBJECTIONS TO GOOGLE LLC'S
SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**

Pursuant to Federal Rule of Civil Procedure 45, non-party subpoena recipient News Corporation, by and through its undersigned counsel, hereby provides the following Responses and Objections to Defendant Google LLC's Subpoena To Produce Documents, Information, or Objects.  News Corp's Responses and Objections are based on information reasonably available to it.  News Corp's failure to specifically object to any Request is not an admission that information or documents responsive to that Request exist.  Similarly, News Corp's agreement to produce relevant, non-privileged documents in response to a Request is not an admission that information or documents responsive to that Request exist.  Nothing contained herein shall be

1

construed to admit or concede any fact. News Corp reserves all rights to modify its Responses and Objections.

By responding and objecting to the Requests or producing documents in response to any Request, News Corp does not admit, adopt, or acquiesce in any factual or legal contention, assertion, assumption, characterization, or implication contained in the Requests.

News Corp's response to each Request is without waiver, limitation, or prejudice to News Corp's rights at any later time, in this or in any subsequent proceedings, to raise objections to: (a) the competence, use, relevance, materiality, privilege, or admissibility of (i) the Requests or any part thereof, (ii) statements made in these responses to the Requests, or any part thereof, or (iii) any document produced pursuant to these responses; or (b) any other demand for discovery involving or relating to the matters raised in the Requests or the documents or information produced in response to the Requests.

## GENERAL OBJECTIONS

News Corp makes the following General Objections to the Requests and incorporates them, as well as the Objections to Definitions and Instructions below, into its responses to each Request. An assertion of the same, similar, or additional objection in response to a specific Request does not waive any of these General Objections as to that or any Request. These General Objections shall not be construed as a waiver of News Corp's right to object to any specific Request on any particular ground.

1. News Corp objects to any Request seeking the production of "All" documents on the grounds that it is overly broad and unduly burdensome because it seeks the production of documents relating to broadly defined subjects, beyond what is relevant, proportional, or appropriate for production in connection with this proceeding. To the extent News Corp agrees to produce documents in response to the Requests, News Corp will use standard deduplication

protocols in compliance with the Stipulation and Order Regarding Discovery Procedure, ECF No. 99 ("ESI Order") to reduce the volume of duplicative electronic documents for review. News Corp will further review any document identified as potentially responsive to determine whether the document is relevant, responsive, non-privileged, and otherwise discoverable. Any statement by News Corp that it will produce documents in response to a specific Request means only that it will conduct a reasonable search for responsive, non-privileged documents and communications in its possession, custody, or control. To the extent that the Requests are unduly burdensome, News Corp seeks reimbursement from Google in adherence with Google's obligation to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). News Corp is willing to meet and confer with Google to discuss Google's bearing the costs of News Corp's compliance with the Requests.

2. News Corp objects to the Requests to the extent that they assume disputed facts or contain legal conclusions in defining the documents sought. News Corp hereby denies any such disputed facts or legal conclusions. Any production made by News Corp in response to the Requests is without prejudice to this objection and News Corp does not, by responding to the Requests, adopt or agree with any such disputed facts or legal conclusions.

3. News Corp objects to the individual Requests to the extent that they are not set forth with sufficient particularity, or contain terms that are argumentative, insufficiently defined, vague, ambiguous, or unlimited in scope. News Corp will respond to the Requests based upon its understanding of the Requests.

4. News Corp objects to the Requests to the extent that they do not account for the substantial production of documents News Corp has already made to Google in this case. On

February 19, 2021, News Corp produced thousands of documents to Google in this case. *See* Email from B. Jones to J. Schmidtlein (Feb. 22, 2021). Google, as the proponent of the subpoena, has an obligation to take "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). That burden includes assessing whether the documents Google seeks in the Requests already are in Google's possession. News Corp is willing to meet and confer in good faith about which Requests seek information not contained in News Corp's existing production to Google.

5. News Corp objects to the Requests to the extent that they seek to impose discovery obligations that exceed the scope of obligations imposed upon the parties.

6. News Corp objects to the Requests to the extent that they purport to require the creation or generation of documents that do not currently exist. *See Insituform Techs., Inc. v. Cat Contracting, Inc.*, 168 F.R.D. 630, 633 (N.D. Ill. 1996) ("Rule 45 . . . does not contemplate that a non-party will be forced to create documents that do not exist."); *accord Jackson v. Wade*, 2021 WL 1536578, at *5 n.5 (E.D. Va. Apr. 19, 2021), *appeal dismissed* 2021 WL 5447601 (4th Cir. Nov. 22, 2021).

7. News Corp objects to the Requests to the extent that they request the production of documents that are not reasonably accessible due to burden or expense.

8. News Corp objects to the Requests to the extent they seek discovery of information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, common-interest privilege and other applicable privileges, immunities, and exceptions. Nothing contained in these responses — including, but not limited to, any inadvertent production of documents or materials — is intended as, or shall in any way be deemed, a waiver of any

attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privileges, immunities, or exceptions.

9. News Corp objects to the Requests to the extent they seek documents or information already in Google's possession, custody, or control, are available to Google through less burdensome means than discovery on News Corp or are publicly available.

10. News Corp objects to each Request, Definition, and Instruction to the extent that it calls for the disclosure of confidential or competitively sensitive business information or trade secrets. Any production will be made subject to the protections set forth in the Stipulated Protective Order, ECF No. 98, with the condition that News Corp objects to any disclosure to any Google employee, including, but not limited to, Google's Designated In-House Counsel. *See* Tr. at 67-68 (Nov. 26, 2024), ECF No. 1081.

11. The objections set forth herein are based on information known to News Corp at this time and are without prejudice to its rights to supplement its responses or to amend, correct, clarify, or assert additional general or specific objections should it discover additional information or grounds for objection at any time. News Corp's objections to the Requests are made without in any way waiving or intending to waive: (a) any objections to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any document, information, or response it provides to the Requests; (b) the right to object on any ground to the use at any hearing or trial of any document, information, or response it provides in response to the Requests; or (c) the right to object on any ground at any time to a demand for further responses to the Requests. Furthermore, News Corp's responses and objections to the Requests should not be understood as an acceptance of either the factual assertions made in the Requests

5

or Google's Definitions of the terms used in the Requests, nor as an admission that the documents sought by the Requests are relevant, material, or admissible.

12. News Corp reserves the right, at any time, to supplement these objections and seek additional protection pursuant to any applicable laws or rules.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. News Corp objects to the Definitions in the Requests to the extent that they purport to give meaning or legal significance to a document, event, fact, or purported fact whose meaning or significance is subject to dispute, and to the extent they attribute any special or unusual meaning to any term or phrase. News Corp's responses below shall not constitute an admission or concession to any Definitions, terms, or phrases used by Google, or legal positions taken by Google in the Action.

2. News Corp objects to the Definition of the term "Agreement" on the grounds that it is ambiguous and circular because it refers to "any contract, agreement, or understanding." News Corp will interpret "Agreement" to have its ordinary meaning used in the industry.

3. News Corp objects to the Definition of the term "Content" on the grounds that it is vague and ambiguous because it purports to include "any information published or otherwise made available on any website or through any mobile app" without defining "information" in context. News Corp will interpret "Content" to have its ordinary meaning used in the industry.

4. News Corp objects to the Definition of the term "Document" on the ground that the phrase "broadest possible sense consistent with the Federal Rules of Civil Procedure" is vague and ambiguous. News Corp will interpret "Document" as synonymous in meaning and equal in scope to the usage of the phrase "documents or electronically stored information" in Federal of Civil Procedure Rule 34(a)(1)(A).

5.       News Corp objects to the Definition of the terms "Digital Ads," "Digital Advertising," and "Google News," on the grounds that they are not used in the Requests, nor are they incorporated into or referenced by any terms that are used in the Requests.

6.       News Corp objects to the Instructions on the grounds that they are overly broad and burdensome to the extent that they purport to require News Corp to produce information, communications, or documents that are not in its possession, custody, or control or that cannot be located through a reasonable search.

7.       News Corp objects to the Instructions to the extent they purport to require News Corp to produce information, communications, or documents in a manner or format different from the manner and format required by the ESI Order in this Action on the grounds that it is overly broad, burdensome, and contrary to the orders that have been or will be entered in this Action.

8.       News Corp objects to Instruction No. 2 regarding the specified time period on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this Action.  The specified time period is not reasonably tailored to the subject matter of each specific Request and would require the collection, review, and production of documents and information that are irrelevant to the determination of an appropriate remedy in this Action.

9.       News Corp objects to Instruction 9 as contrary to Federal Rule of Civil Procedure 45 because it does not request any "documents," "electronically stored information," or "tangible things." Fed. R. Civ. P. 45(a)(1)(A)(iii).

**SPECIFIC RESPONSES AND OBJECTIONS**

**REQUEST FOR PRODUCTION NO. 1:**

All Agreements between News Corp and any Third Party relating to the use of any of News Corp's Content in connection with Search Engines, Generative AI Tools, or AI Search Tools.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

News Corp objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this Action. *See Diamond Servs. Mgmt. Co. v. Knobbe, Martens, Olson & Bear, LLP*, 339 F.R.D. 334, 339 (D.D.C. 2021) ("[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating" compliance with a subpoena) (alteration in original) (cleaned up); *see also* Fed. R. Civ. P. 45(c)(2)(B). News Corp further objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of this Action because it requests "[a]ll Agreements between News Corp and any Third Party relating to the use of any of News Corp's Content in connection with Search Engines" over an approximately fifteen-year period. News Corp further objects to this Request to the extent that it seeks disclosure of trade secrets or other confidential or proprietary commercial information, including highly sensitive details of News Corp's commercial relationships with third parties. *See* Fed. R. Civ. P. 45(d)(3)(B)(i); *see also* Tr. at 11-16 (Dec. 20, 2024), ECF No. 1103. To the extent News Corp agrees to produce documents in response to this Request, any such production will be subject to the protections set forth in the Stipulated Protective Order, ECF No. 98, with the condition that News Corp objects to any disclosure to any Google employee, including, but not limited to, Google's Designated In-House Counsel. *See* Tr. at 67-68 (Nov. 26, 2024), ECF No. 1081. Further, to the extent News Corp agrees to produce documents in response to this Request, News Corp will produce those documents with appropriate redactions of highly sensitive materials that are not relevant to any remedy proposed in this case. *See* Tr. at 11-16 (Dec. 20, 2024), ECF No. 1103. Subject to and without waiver of the foregoing objections, News Corp is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 2:**

All Communications relating to News Corp's actual or potential Agreements with Search Engines, Generative AI Tools, or AI Search Tools, including without limitation all Communications discussing News Corp's decisions relating to whether to enter into Agreements with or license Content to a Search Engine, Generative AI Tool, or AI Search Tool.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

News Corp objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this Action. *See Diamond Servs.*, 339 F.R.D. at 339. News Corp further objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of this Action because it requests "[a]ll Communications relating to News Corp's actual or potential Agreements with Search Engines . . . including without limitation all Communications discussing News Corp's decisions relating to enter into Agreements with or license Content to a Search Engine" over an approximately fifteen-year period. News Corp further objects to the phrase "potential Agreements" as vague and ambiguous. News Corp further objects to this Request on the grounds that the Request seeks documents pertaining to ongoing business negotiations, the disclosure of which could cause undue disruption to News Corp. *Cf. Stena Fin. B.V. v. Sea Containers Ltd.*, 131 F.R.D. 361, 362 (D.D.C. 1989) (recognizing that in the merger and acquisitions context, "[a]n order compelling the disclosure with respect to talks with third parties would hamper negotiations"). To the extent News Corp agrees to produce documents in response to this Request, any such production will be subject to the protections set forth in the Stipulated Protective Order, ECF No. 98, with the condition that News Corp objects to any disclosure to any Google employee, including, but not limited to, Google's Designated In-House Counsel. *See* Tr. at 67-68 (Nov. 26, 2024), ECF No. 1081. Subject to and without waiver of the foregoing objections, News Corp is willing to meet and confer regarding this Request.

9

**REQUEST FOR PRODUCTION NO. 3:**

All Communications involving any News Corp employee or individual identified by Plaintiffs as a potential witness related to web crawling, Opt-Ins or Opt-Outs, Search Engines, Generative AI Tools, or AI Search Tools, including without limitation all such Communications involving Martin d'Halluin.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

News Corp objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this Action.  *See Diamond Servs.*, 339 F.R.D. at 339.  News Corp further objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of this Action because it requests "[a]ll Communications involving any News Corp employee or individual identified . . . as a potential witness related to web crawling, Opt-Ins or Opt-Outs, Search Engines, Generative AI Tools, or AI Search Tools" over an approximately fifteen-year period.  News Corp further objects to this Request as vague and ambiguous in its use of the term "web crawling," which is not defined and fails to provide adequate guidance on the scope of the Request.  News Corp further objects to this Request because it seeks information protected by attorney-client privilege, and because of the undue burden necessary to protect that privileged information.  *See In re Motion to Compel Compliance with Subpoena Directed to Cooke Legal Grp., PLLC*, 333 F.R.D. 291, 294 (D.D.C. 2019) ("A nonparty responding to a subpoena need not produce documents protected by attorney-client privilege.").  News Corp further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 10 and 12.  To the extent News Corp agrees to produce documents in response to this Request, any such production will be subject to the protections set forth in the Stipulated Protective Order, ECF No. 98, with the condition that News Corp objects to any disclosure to any Google employee, including, but not limited to, Google's Designated In-House Counsel.  *See* Tr. at 67-68 (Nov. 26, 2024), ECF No. 1081.

Subject to and without waiver of the foregoing objections, News Corp is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Documents or data sufficient to show News Corp's assessments of the value that News Corp has derived, currently derives, or may derive in the future from Google Search, other Search Engines, Generative AI Tools, and AI Search Tools, including without limitation website traffic, click-through traffic, clicks, ad revenue, subscriptions, other revenue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

News Corp objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this Action. News Corp further objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of this Action because it requests "[d]ocuments or data sufficient to show News Corp's assessments of the value that News Corp has derived, currently derives, or may derive in the future from Google Search, other Search Engines, Generative AI Tools, and AI Search Tools" over an approximately fifteen-year period. News Corp further objects to the Request as vague and ambiguous, because the terms "value," "assessments," "may derive in the future," "traffic," "click-through traffic," and "clicks" are not defined. News Corp further objects to this Request on the grounds that it demands News Corp generate new documents not already in its possession. *See Insituform Techs.*, 168 F.R.D. at 633. News Corp further objects to this Request to the extent that it seeks disclosure of trade secrets or other confidential or proprietary commercial information, including highly sensitive details of News Corp's commercial relationships with third parties. *See* Fed. R. Civ. P. 45(d)(3)(B)(i); *see also* Tr. at 11-16 (Dec. 20, 2024), ECF No. 1103. News Corp further objects to this Request to the extent that it seeks documents within the possession, custody, and control of Google, or that are otherwise equally available to Google. News Corp further objects to this Request because it seeks information protected by attorney-client privilege, common-

interest privilege, or work product doctrine. *See Cooke Legal Grp.*, 333 F.R.D. at 294; *see also United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1299-1300 (D.C. Cir. 1980). News Corp further objects to this Request to the extent it is duplicative of other Requests, including Request No. 5. To the extent News Corp agrees to produce documents in response to this Request, any such production will be subject to the protections set forth in the Stipulated Protective Order, ECF No. 98, with the condition that News Corp objects to any disclosure to any Google employee, including, but not limited to, Google's Designated In-House Counsel. *See* Tr. at 67-68 (Nov. 26, 2024), ECF No. 1081. Subject to and without waiver of the foregoing objections, News Corp is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents relating to News Corp's assessments of whether News Corp has lost revenue or website traffic due to News Corp Content appearing in AI Search Tools or Generative AI Tools.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

News Corp objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this Action. *See Diamond Servs.*, 339 F.R.D. at 339. News Corp further objects to the Request as vague and ambiguous, because the term "assessments" is not defined. News Corp further objects to this Request to the extent that it seeks documents within the possession, custody, and control of Google, or that are otherwise equally available to Google. News Corp further objects to this Request to the extent that it seeks disclosure of trade secrets or other confidential or proprietary commercial information, including highly sensitive details of News Corp's commercial relationships with third parties. *See* Fed. R. Civ. P. 45(d)(3)(B)(i); *see also* Tr. at 11-16 (Dec. 20, 2024), ECF No. 1103. News Corp further objects to this Request because it seeks information protected by attorney-client privilege, common-interest privilege, or work product doctrine. *See Cooke Legal Grp.*, 333

F.R.D. at 294; *see also Am. Tel. & Tel. Co.*, 642 F.2d at 1299-1300.  News Corp further objects to this Request to the extent it is duplicative of other Requests, including Request No. 4.  To the extent News Corp agrees to produce documents in response to this Request, any such production will be subject to the protections set forth in the Stipulated Protective Order, ECF No. 98, with the condition that News Corp objects to any disclosure to any Google employee, including, but not limited to, Google's Designated In-House Counsel.  *See* Tr. at 67-68 (Nov. 26, 2024), ECF No. 1081.  Subject to and without waiver of the foregoing objections, News Corp is willing to meet and confer regarding this Request.

### REQUEST FOR PRODUCTION NO. 6:

All Documents and Communications relating to Opt-In or Opt-Out for Search Engines, Generative AI Tools, or AI Search Tools, including without limitation all Communications about how the publisher opt-out provisions proposed by Plaintiff in this case would impact News Corp.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

News Corp objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this Action.  *See Diamond Servs.*, 339 F.R.D. at 339.  News Corp further objects to this Request on the grounds that it is vague and ambiguous because it requests information on an unspecified and undefined "impact" that "publisher opt-out provisions" may have on News Corp.  News Corp further objects to this Request to the extent that it seeks disclosure of trade secrets or other confidential or proprietary commercial information, including highly sensitive details of News Corp's commercial relationships with third parties.  *See* Fed. R. Civ. P. 45(d)(3)(B)(i); *see also* Tr. at 11-16 (Dec. 20, 2024), ECF No. 1103.  To the extent News Corp agrees to produce documents in response to this Request, any such production will be subject to the protections set forth in the Stipulated Protective Order, ECF No. 98, with the condition that News Corp objects to any disclosure to any Google employee, including, but not limited to, Google's Designated In-House Counsel.  *See* Tr. at 67-

13

68 (Nov. 26, 2024), ECF No. 1081.  Subject to and without waiver of the foregoing objections, News Corp is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show all studies, research, or experiments News Corp has conducted, commissioned, or otherwise caused to occur that consider the effects of Google's AI Overviews, Generative AI Tools, or AI Search Tools on Publishers, including the results of those studies, research, and experiments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

News Corp objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this Action.  *See Diamond Servs.*, 339 F.R.D. at 339.  News Corp further objects to this Request to the extent that it seeks disclosure of trade secrets or other confidential or proprietary commercial information, including highly sensitive details of News Corp's commercial relationships with third parties.  *See* Fed. R. Civ. P. 45(d)(3)(B)(i); *see also* Tr. at 11-16 (Dec. 20, 2024), ECF No. 1103.  News Corp further objects to this Request because it seeks information protected by attorney-client privilege, common-interest privilege, or work product doctrine.  *See Cooke Legal Grp.*, 333 F.R.D. at 294; *see also Am. Tel. & Tel. Co.*, 642 F.2d at 1299-1300.  News Corp further objects to this Request to the extent it is duplicative of other Requests, including Request No. 8.  To the extent News Corp agrees to produce documents in response to this Request, any such production will be subject to the protections set forth in the Stipulated Protective Order, ECF No. 98, with the condition that News Corp objects to any disclosure to any Google employee, including, but not limited to, Google's Designated In-House Counsel.  *See* Tr. at 67-68 (Nov. 26, 2024), ECF No. 1081.  Subject to and without waiver of the foregoing objections, News Corp is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 8**

Documents sufficient to show any studies, research, or experiments News Corp has conducted, commissioned, or otherwise caused to take place that examine the effects of appearing in Google searches on Publishers from January 1, 2016 to present, including the results of those studies, research, and experiments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

News Corp objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this Action. *See Diamond Servs.*, 339 F.R.D. at 339. News Corp further objects to this Request to the extent that it seeks disclosure of trade secrets or other confidential or proprietary commercial information, including highly sensitive details of News Corp's commercial relationships with third parties. *See* Fed. R. Civ. P. 45(d)(3)(B)(i); *see also* Tr. at 11-16 (Dec. 20, 2024), ECF No. 1103. News Corp further objects to this Request because it seeks information protected by attorney-client privilege, common-interest privilege, or work product doctrine. *See Cooke Legal Grp.*, 333 F.R.D. at 294; *see also Am. Tel. & Tel. Co.*, 642 F.2d at 1299-1300. News Corp further objects to this Request to the extent it is duplicative of other Requests, including Request No. 7. To the extent News Corp agrees to produce documents in response to this Request, any such production will be subject to the protections set forth in the Stipulated Protective Order, ECF No. 98, with the condition that News Corp objects to any disclosure to any Google employee, including, but not limited to, Google's Designated In-House Counsel. *See* Tr. at 67-68 (Nov. 26, 2024), ECF No. 1081. Subject to and without waiver of the foregoing objections, News Corp is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 9**

All minutes, recordings, summaries, or reports of meetings, whether formal or informal, of News Corp's (and each of its divisions' or subsidiaries') board of directors (including committees or subgroups) from January 1, 2020 to present Addressing or Discussing Google,

15

Search Engines, Generative AI Tools, or AI Search Tools, the DOJ Lawsuit, or the Colorado Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

News Corp objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this Action.  *See Diamond Servs.*, 339 F.R.D. at 339.  News Corp further objects to this Request because it seeks information protected by attorney-client privilege, common-interest privilege, or work product doctrine.  *See Cooke Legal Grp.*, 333 F.R.D. at 294; *see also Am. Tel. & Tel. Co.*, 642 F.2d at 1299-1300.  To the extent News Corp agrees to produce documents in response to this Request, any such production will be subject to the protections set forth in the Stipulated Protective Order, ECF No. 98, with the condition that News Corp objects to any disclosure to any Google employee, including, but not limited to, Google's Designated In-House Counsel.  *See* Tr. at 67-68 (Nov. 26, 2024), ECF No. 1081.  Subject to and without waiver of the foregoing objections, News Corp is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All substantive Communications between and Documents provided by News Corp to one or more Plaintiffs in this litigation, the European Commission, or the Australian Australian Competition and Consumer Commission discussing or relating to Google or this litigation.  This request seeks all responsive, non-privileged documents in News Corp's possession, custody, or control created, altered, transmitted, or received at any time from January 1, 2020 to present, including without limitation all such Communications relating to Martin d'Halluin.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

News Corp objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this Action.  *See Diamond Servs.*, 339 F.R.D. at 339.  News Corp further objects to this Request because it seeks information protected by attorney-client privilege, common-interest privilege, or work product doctrine.  *See Cooke Legal Grp.*, 333 F.R.D. at 294; *see also Am. Tel. & Tel. Co.*, 642 F.2d at 1299-1300.  News Corp

further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 3, 12, 13, and 14.   Subject to and without waiver of the foregoing objections, News Corp is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications relating to Dmitry Shevelenko (Perplexity), Nicholas Turley (OpenAI), and Andrew Caples (Meta).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

News Corp objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this Action.   *See Diamond Servs.*, 339 F.R.D. at 339.   News Corp further objects to this Request because it seeks "[a]ll" communications by anyone at News Corp relating to three specified individuals, regardless of whether those communications are in any way relevant to this Action.   To the extent News Corp agrees to produce documents in response to this Request, any such production will be subject to the protections set forth in the Stipulated Protective Order, ECF No. 98, with the condition that News Corp objects to any disclosure to any Google employee, including, but not limited to, Google's Designated In-House Counsel.   *See* Tr. at 67-68 (Nov. 26, 2024), ECF No. 1081. Subject to and without waiver of the foregoing objections, News Corp is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All non-privileged Documents and Communications sent to (including directly, through CC, or or through BCC) or sent by Martin d'Halluin relating to Google.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

News Corp objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this Action, because it seeks "[a]ll non-privileged" documents sent to or by Martin d'Halluin that "relat[e]" in any way to Google over a

17

15-year period.  *See Diamond Servs.*, 339 F.R.D. at 339.   News Corp further objects to this Request because it seeks information protected by attorney-client privilege, and because of the undue burden necessary to protect that privileged information.  *See Cooke Legal Grp.*, 333 F.R.D. at 294.   News Corp further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 3 and 10.   To the extent News Corp agrees to produce documents in response to this Request, any such production will be subject to the protections set forth in the Stipulated Protective Order, ECF No. 98, with the condition that News Corp objects to any disclosure to any Google employee, including, but not limited to, Google's Designated In-House Counsel.  *See* Tr. at 67-68 (Nov. 26, 2024), ECF No. 1081.   Subject to and without waiver of the foregoing objections, News Corp is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All notes, talking points, presentations, or other Documents prepared by News Corp in connection with any discussion relating to Google with any Plaintiff since January 1, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

News Corp objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this Action.  *See Diamond Servs.*, 339 F.R.D. at 339.   News Corp further objects to this Request because it seeks information protected by attorney-client privilege, common-interest privilege, or work product doctrine.  *See Cooke Legal Grp.*, 333 F.R.D. at 294; *see also Am. Tel. & Tel. Co.*, 642 F.2d at 1299-1300.   News Corp further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 10 and 14.   Subject to and without waiver of the foregoing objections, News Corp is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to show the terms of any potential remedy that News Corp has discussed with or proposed to any Plaintiff since May 6, 2022 relating to any antitrust violation alleged in the DOJ Lawsuit or the Colorado Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

News Corp objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this Action. *See Diamond Servs.*, 339 F.R.D. at 339. News Corp further objects to this Request because it seeks information protected by attorney-client privilege, common-interest privilege, or work product doctrine. *See Cooke Legal Grp.*, 333 F.R.D. at 294; *see also Am. Tel. & Tel. Co.*, 642 F.2d at 1299-1300. News Corp further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 10 and 13. Subject to and without waiver of the foregoing objections, News Corp is willing to meet and confer regarding this Request.

Dated: December 31, 2024

/s/ *John Thorne*
John Thorne
KELLOGG, HANSEN, TODD, FIGEL
 & FREDERICK, P.L.L.C.
1615 M Street NW
Suite 400
Washington, DC 20036
Tel.: (202) 326-7992
Fax: (202) 326-7999
Email: jthorne@kellogghansen.com

*Counsel for News Corporation*