## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, et al., | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

| | |
|---|---|
| State of Colorado, et al., | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

## MICROSOFT CORPORATION'S SUBMISSION RESPONDING TO ADDITIONAL DISPUTES RAISED BY GOOGLE IN THE JOINT STATUS REPORT OF GOOGLE AND MICROSOFT

In the January 15, 2025 Joint Status Report of Google and Microsoft (the "JSR"), Google raised numerous unique disputes without providing any notice to Microsoft that it intended to raise such disputes (or, indeed, that any dispute existed).[1] *See* ECF No. 1129. As Microsoft was not

---

[1] On January 13, 2025, Google informed Microsoft that it would raise three disputes in the January 14, 2025 JSR: (1) "Deadline for Microsoft's compliance with Google's custodial ESI requests;" (2) "Microsoft's refusal to produce documents relating to its interests in search and AI companies (i.e., RFP Nos. 9, 10, and 19 of Google's second subpoena);" and (3) "Microsoft's refusal to produce documents relating to Microsoft's privacy and security measures (i.e., Requests 12 and 13 of Google's second subpoena)." *See* ECF 1129-5. Accordingly, Microsoft prepared a position statement responding to those topics. However, when Microsoft and Google exchanged inserts shortly before the filing, Google had—without prior notice—included in its Statement substantive arguments with respect to additional matters including Requests Nos. 2, 4, 5, 7, 15, and 16 in the Second Subpoena.

previously on notice of these disputes, Microsoft now responds to these additional arguments—arguments which misrepresent Microsoft's conduct with respect to discovery in the above-captioned action ("Action").

As an initial matter, Microsoft notes the extensive nature of Google's Second Subpoena. Google is requesting documents from Microsoft's highest-level executives about the most sensitive strategy discussions in its business. Not only that, many of Google's requests are entirely unbounded—e.g., "all documents relating to . . . generative AI products[;]" "all documents relating to . . . data sharing[;]" and "all documents . . . relating to Microsoft's strategy with respect to AI Products[.]" And, perhaps most concerningly, Google has ignored the Court's guidance at the December 20, 2024 status conference and continues on its fishing expedition with respect to Microsoft's relationship with OpenAI. While Microsoft continues to work diligently to fulfill its discovery obligations, Google is not entitled to a detailed inquiry into the most sensitive areas of Microsoft's business without any tether to the issues being litigated in this Action.

## I.    SECOND SUBPOENA, REQUEST NO. 2

Request No. 2 in the Second Subpoena is set forth below:

2.    To the extent not produced in response to other requests, all documents relating to the following categories of documents (for which Plaintiffs have requested only documents sufficient to show):
   a.    The Company's efforts to distribute generative AI products on Android Devices.
   b.    The Company's plans for on-device AI or any potential agreements to have the Company's on-device AI preinstalled on Android Devices.
   c.    The Company's current and future product development efforts related to (1) the integration of generative AI products and features into Bing or (2) generative AI products including plans related to the introduction, creation, distribution, monetization, and release of generative AI agents.

In its responses and objections, Microsoft substantively agreed to produce the documents Google requested, stating:

> Microsoft will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search: (a) Documents that relate to Microsoft's efforts to distribute generative AI products on Android Devices; (b) Documents that relate to Microsoft's announced plans for on-device AI or potential agreements to have Microsoft's on-device AI preinstalled on Android Devices; and (c) Documents that relate to (1) Microsoft's announced product development efforts related to the integration of generative AI products and features into Bing and (2) Microsoft's announced product development efforts related to Microsoft generative AI products that have some connection to search, search features, or search access points, including plans related to the introduction, creation, distribution, monetization, and release of generative AI agents.

Microsoft's response limited the scope of Google's Request in only one way: agreeing to produce documents relating to only announced plans, as it will also do in response to Plaintiffs' subpoena. This limitation is reasonable because—in addition to being highly sensitive and confidential—unannounced plans are inherently speculative, which minimizes their relevance and therefore makes the substantially increased burden on nonparty Microsoft disproportionate.

Further, and contrary to Google's representations in the JSR, Microsoft was in the final stages of testing Google's proposed search terms when the JSR was filed.[2] Microsoft has now provided Google with a counterproposal that includes hit counts. *See* Ex. A. Microsoft's proposal eliminates one search string that is untethered from the topics sought by the Request. Additionally, Microsoft's proposal eliminates Kevin Scott and Mustafa Suleyman as custodians. Neither Kevin Scott nor Mustafa Suleyman are currently custodians or witnesses in this Action, nor have they ever been.

---

[2] Microsoft had not tested Google's search terms prior to Microsoft's and Google's first meet and confer relating to the Second Subpoena. This meet and confer took place on January 9, 2024, one day after Microsoft's responses and objections were due. Prior to that, it would have been premature to test search terms that did not relate to the materials Microsoft had agreed to produce and did not benefit from negotiations regarding the scope of each Request.

With respect to Kevin Scott, he is the Chief Technology Officer of Microsoft, meaning his role goes far beyond the business lines relevant to this case and his files are likely to include a large amount of non-responsive materials, increasing the disproportionate nature of the burden on nonparty Microsoft. Moreover, Mr. Scott's documents are unlikely to contain unique responsive information on the topics Google requests. Microsoft has agreed to produce documents from Satya Nadella's files. If Google is interested in high-level strategy documents regarding artificial intelligence that go to senior leadership, any such documents in Mr. Scott's custodial file are likely to be duplicative of those in Mr. Nadella's.

With respect to Mustafa Suleyman, he is also unlikely to have unique responsive documents. Mr. Suleyman only joined Microsoft in March 2024, far after the liability phase in the case was complete. Microsoft has already agreed to produce documents from responsive to this Request from the custodial files of Mikhail Parakhin, Jordi Ribas, and Rangan Majumder. Mr. Parakhin was the CEO of Advertising and Web Services at Microsoft until September 2024, Mr. Ribas is the Corporate Vice President of Search and AI, and Mr. Majumder is the Vice President of Core Search and AI. These custodians' files, combined with the custodial files of Mr. Nadella, will encompass the responsive strategy documents that appear in the files of Mr. Suleyman.

## II.    SECOND SUBPOENA, REQUEST NO. 4

Request No. 4 in the Second Subpoena is set forth below:

4.    All documents of the following current and former Microsoft employees, as well as the documents of their direct report(s) and immediate supervisor, relating to [a] "Search Access Points, distribution, and barriers to entry and expansion," [b] "data sharing," and [c] "generative AI's relationship with Search Access Points," ECF No. 1072-2 at 3-4, to the extent not produced in response to other requests:
    a.    Charlie Beard;
    b.    Rob Cromwell;
    c.    Michael Schechter;
    d.    Jonathan Tinter;
    e.    Shilpa Anand;

      f.     Mikhail Parakhin; and
      g.     Jordi Ribas
This Request seeks all responsive, non-privileged documents in Microsoft's possession, custody, or control, altered, transmitted, or received at any time form May 6, 2022, to present.

While maintaining its objection that this Request is overbroad, unduly burdensome, vague, and ambiguous—e.g., it theoretically asks for *all* documents regarding the broad category of "data sharing" found in the custodial files of the seven listed custodians, their supervisors, and their direct reports—Microsoft agreed to produce the following documents:

> Documents sufficient to show (1) Microsoft products that qualify as Search Access Points, . . . ; (2) Microsoft's attempts to distribute Microsoft products that qualify as Search Access Points, . . . ; (3) Microsoft's understanding of the barriers to entering the general search services market; (4) Microsoft's understanding of whether data sharing would improve Microsoft's ability to compete in general search services and general text advertising markets; and (5) how generative AI is impacting search and search text advertising competition, functionality, and quality.

At the meet and confer on January 9, 2024, Google refused to explain why, if at all, Microsoft's proposed response was unacceptable. Nonetheless, Microsoft has now provided proposed search terms appropriately tailored to identify responsive documents, *see* Ex. A, and Microsoft is not objecting to Google's proposed custodians (but not their direct reports and supervisors) with respect to Request No. 4 in the Second Subpoena.

## III.    SECOND SUBPOENA, REQUEST NO. 5

Request No. 5 in the Second Subpoena is set forth below:

5.     **All documents** of Satya Nadella, Kevin Scott, Mustafa Suleyman, Mikhail Parakhin, Jordi Ribas, and Rangan Majumder relating to Microsoft's strategy with respect to AI Products, the integration of artificial intelligence into search-related products, and the OpenAI partnership to the extent not produced in response to other requests. This request seeks all responsive, non-privileged documents in Microsoft's possession, custody, or control created, altered, transmitted, or received at any time from May 6, 2022, to present. (Emphasis added).

This Request is strikingly overbroad and burdensome on Microsoft. Google is asking for "all documents" from Microsoft's senior-most executives relating to Microsoft's strategy on, among other things, "AI Products," a strategic focus of not only Microsoft but the entire technology industry. Despite the extreme overbreadth, in its responses and objections, Microsoft agreed to produce documents as described in response to Request No. 2 of the Second Subpoena, *see supra*, Sec. I.   However, Microsoft indicated that, with respect to the portion of the Request that relates to the "OpenAI partnership," Microsoft's production of agreements in response to Request No. 13 of the First Subpoena was sufficient.

First, the Court has provided guidance that, to the extent Google wants to make sure it has "a fulsome picture of the relationship between the two companies [Microsoft and OpenAI], . . . there's a fair amount that's been disclosed in the unredacted portions of the agreements" Microsoft produced.  *See* Dec. 20, 2024 Status Conference Tr. 6:19–23; *see also id.* at 15:24–16:1. Google still fails to explain why it needs additional information on Microsoft's partnership with OpenAI, and, in particular, why it needs to probe Microsoft's most senior executives on highly sensitive information that is irrelevant to the issues being litigated during the remedies phase.

With respect to Google's requests for documents relating to "Microsoft's strategy with respect to AI Products" and "the integration of artificial intelligence into search-related products," Google now argues that Microsoft's agreement to provide the documents described in Section I above is insufficient (i.e., documents responsive to the Second Subpoena, Request 2). Confusingly, however, Google's proposed search terms for Request 5 overlap with the search terms for Request 2. As explained above, Microsoft has now provided a counterproposal with respect to those search terms.  Ex. A.

Finally, in response to Google's arguments on custodians. Microsoft is agreeing to produce documents from the custodial files of Satya Nadella, Mikhail Parakhin, Jordi Ribas, and Rangan Majumder, but has not agreed to Mustafa Suleyman and Kevin Scott as custodians for the reasons explained above.

## IV.    SECOND SUBPOENA, REQUEST NO. 7

Request No. 7 in the Second Subpoena is set forth below:

> 7.    All documents relating to the potential or actual acquisition of financial interest in OpenAI or Perplexity. Documents within the scope of this request include any communications between or among Microsoft and OpenAI or Perplexity regarding regulatory, antirust, or competition considerations associated with Microsoft's potential or actual acquisition of investment interests in OpenAI or Perplexity. See, e.g., Kevin McLaughlin, Legal Threats, google Competition Loom Over Perplexity's "Newbie CEO," THE INFORMATION (Oct. 25, 2024), available at https://www.theinformation.com/articles/legal-threats-google-competition-loom-over-perplexitys-newbie-ceo. This request seeks all responsive, non-privileged documents in Microsoft's possession, custody, or control created, altered, transmitted, or received at any time from May 6, 2022, to present.

Microsoft has explained to Google both in its response and at the meet and confer on January 9, 2024, that (1) Google has sufficient information based on Microsoft's production of its agreements with OpenAI to understand Microsoft's relationship with OpenAI; and (2) Microsoft does not have any special relationship with Perplexity outside of that evidenced by the agreements produced in response to Request No. 13 in the First Subpoena. Beyond that, this is simply a fishing expedition, which is not appropriate in party discovery and even less so when directed at non-parties. *United States v. Libby*, 432 F. Supp. 2d 26, 39 (D.D.C. 2006); *Diamond Servs. Mgmt. Co. v. Knobbe, Martens, Olson & Bear, LLP*, 339 F.R.D. 334, 340 (D.D.C. 2021).

## V.    SECOND SUBPOENA, REQUEST NO. 15

Request No. 15 in the Second Subpoena is set forth below.

> 15.    All analyses, studies, and other documents concerning the value of personalized features or experiences, including such features using AI

technologies, within a Search Access Point, Search Feature, or in any AI Products that are potential entrants into the GSE or Search Text Ads markets or reasonably anticipated competitive threats to GSEs. This request seeks all responsive, non-privileged documents in Microsoft's possession, custody, or control created, altered, transmitted, or received at any time from May 6, 2022, to present.

Microsoft agreed to produce this information, stating in its responses and objections that:

Microsoft will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search: Documents sufficient to show analyses of the value of personalized features or experiences within a Search Access Point, Search Feature, or AI Product that takes or receives natural language inputs, queries, or prompts, regardless of input method, and has the ability to provide or retrieve information from the web when providing responses to user queries, regardless of input (e.g., text, voice) or output modality (text, images, videos), to the extent such analyses exist.

While Microsoft proposed a go-and-get production, which it believes is appropriate, it also tested Google's proposed search string. Ex. A. Microsoft agrees to run this search string, but also intends to search for go-and-get information to the extent that it exists.

## VI.    SECOND SUBPOENA, REQUEST NO. 16

Request No. 16 in the Second Subpoena is set forth verbatim below.

16.    All analyses of any potential partnership, collaboration, agreement, or transaction, including any agreements, between Microsoft and any third party related to third-party access to or use of Microsoft's Search Index (as defined in the Proposed Final Judgment). Documents within scope of this request include analyses of the Statement of Work between Microsoft and OpenAI produced at Bates No. MSLIT_0000000705.

Microsoft offered to meet and confer on this Request, but also began testing Google's proposed search terms after the January 9, 2024 meet and confer. Microsoft has now provided a counterproposal to Google that agrees to all the terms but eliminates Kevin Scott as a custodian for the same reasons explained above.  Ex. A.

*      *      *

As Microsoft stated in its position statement in the JSR, Microsoft intends to substantially complete its products with respect to the First Subpoena by January 31, 2025. Additionally, Microsoft is targeting February 14, 2025 as a substantial completion date for the Second Subpoena—which was not served until December 20, 2024, after the last status conference and immediately before the winter holidays—but cannot provide a date-certain until all disputes are resolved. Microsoft respectfully requests that the Court deny Google's request to compel Microsoft to apply Google's proposed search terms and custodians and to complete all custodial productions by January 31, 2025.

Dated: January 15, 2024                      Respectfully submitted,

                                             */s/ Julia Chapman*
                                             Julia Chapman *(pro hac vice)*
                                             **DECHERT LLP**
                                             Cira Centre, 2929 Arch Street
                                             Philadelphia, PA 19104
                                             Tel.: (215) 994-2060
                                             Fax: (215) 994-2222
                                             julia.chapman@dechert.com

                                             John (Jay) Jurata, Jr. (DC Bar No. 478602)
                                             **DECHERT LLP**
                                             1900 K Street, NW
                                             Washington, DC 20006
                                             Tel.: (202) 261-3300
                                             Fax: (202) 261-3333
                                             jay.jurata@dechert.com

                                             Russell P. Cohen (*pro hac vice*)
                                             **DECHERT LLP**
                                             45 Fremont Street, 26th Floor
                                             San Francisco, CA 94105
                                             Tel.: (415) 262-4506
                                             Fax: (415) 262-4555
                                             Russ.Cohen@dechert.com

Amy Ray (DC Bar No. 489086)
**ORRICK, HERRINGTON, & SUTCLIFFE LLP**
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel.: (202) 239-8698
Fax: (202) 339-8500
amyray@orrick.com

*Counsel for Third Party Microsoft Corporation*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 15, 2025, I caused to be served a copy of the foregoing Microsoft Corporation's Submission Responding to Additional Disputes Raised by Google in the Joint Status Report of Google and Microsoft on all counsel of record via the CM/ECF system.

*/s/ Julia Chapman*
Julia Chapman *(pro hac vice)*
**DECHERT LLP**
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Tel.: (215) 994-2060
Fax: (215) 994-2222
julia.chapman@dechert.com


*Counsel for Third Party Microsoft Corporation*
