# EXHIBIT A

LEWIS & LLEWELLYN LLP
Marc R. Lewis  (admitted *Pro Hac Vice*)
mlewis@lewisllewellyn.com
Zachary C. Flood (admitted *Pro Hac Vice*)
zflood@lewisllewellyn.com
Grace A. Ramirez (admitted *Pro Hac Vice*)
gramirez@lewisllewellyn.com
601 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 800-0590

Attorneys for Non-Party
Perplexity AI, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| United States of America, et al., | |
|---|---|
| Plaintiff, | |
| v. | Case No. 1:20-cv-03010-APM |
| Google LLC, | HON. AMIT P. MEHTA |
| Defendant. | |

| State of Colorado, et al., | |
|---|---|
| Plaintiffs, | |
| v. | Case No. 1:20-cv-03715-APM |
| Google LLC, | HON. AMIT P. MEHTA |
| Defendant. | |

**NON-PARTY PERPLEXITY AI, INC.'S RESPONSES AND OBJECTIONS TO SUBPOENA PROPOUNDED BY DEFENDANT GOOGLE LLC**

Pursuant to the Federal Rules of Civil Procedure, non-party Perplexity AI, Inc.

("Perplexity") submits the following responses and objections to Defendant Google LLC's

1

("Google") second Subpoena to Produce Documents, Information, or Objects or to Permit Inspection or Premises in a Civil Action, dated December 20, 2024 (the "Subpoena"), and the requests for documents to be produced thereunder (the "Requests").

## **GENERAL OBJECTIONS**

The following responses are based on information known to Perplexity at the time of writing and are provided without prejudice to Perplexity's right to produce subsequently discovered evidence and facts, and to add, modify, or otherwise change or amend these responses. By making these responses, Perplexity does not concede that any information sought is relevant or, in fact, exists.

Perplexity objects to each and every Request addressed herein on the following grounds:

1. Perplexity generally objects to the Subpoena to the extent it seeks information not relevant to the subject matter involved in the pending action or any party's claim or defense, and the desired information is not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

2. Perplexity generally objects to any request for information to the extent it is related to Perplexity's activities outside of the United States on the grounds that this information is also not relevant to the subject matter involved in the pending action or any party's claim or defense, and the desired information is not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

3. Perplexity generally objects to each of Google's definitions, instructions, and Requests to the extent they are so overbroad and unduly burdensome in scope as to outweigh any potential benefit to Google. Fed. R. Civ. P. 26(b)(1).

4. Perplexity generally objects to the Subpoena to the extent it purports to require Perplexity to review or produce documents that are within the possession, custody, or control of

a party to the case. Fed. R. Civ. P. 26(b). Perplexity further objects to the Subpoena to the extent it purports to require Perplexity to review or produce documents that are within the possession, custody, and control of a third party not under the control of Perplexity or that are otherwise outside of Perplexity's possession, custody, or control. Fed. R. Civ. Pro. 26(b)(2)(c).

5. Perplexity generally objects to the Subpoena to the extent certain requests seek "all" documents and the Subpoena is therefore overbroad, unduly burdensome, duplicative, and imposing a burden on or expense that outweighs their likely benefit. Fed. R. Civ. Pro 45(d)(1).

6. Perplexity objects to the Subpoena to the extent it seeks information that is confidential, proprietary, or otherwise protected by a right of privacy, or third-party information protected under state or federal law. Fed. R. Civ. Pro. R. 26(c). Indeed, Google seeks some of Perplexity's most highly confidential information, including its business plans and strategies, business metrics, and competitive analyses.

7. Perplexity objects to the Subpoena to the extent it seeks evidence that should be sought through expert discovery.

8. Perplexity objects to the Subpoena because it is overly broad and unduly burdensome as to the time period of the documents sought.

9. Perplexity objects to the Subpoena to the extent it purports to alter or place any obligations on Perplexity that are greater than those permitted by the Federal Rules of Civil Procedure or any other applicable rule or law.

10. Perplexity objects to the Subpoena to the extent that it seeks information that is subject to the attorney-client privilege, work product doctrine, the joint defense privilege, the common interest privilege, or any other privilege that may apply. Perplexity will not provide any such information. To the extent that any such information is inadvertently provided, that

shall not be a waiver of Perplexity's claim to the attorney-client privilege or attorney work product doctrine with respect to that information.

11. The objections set forth are incorporated in each response below and shall be deemed to be continuing even if not specifically referred to in responses to individual requests. For particular emphasis, one or more of these General Objections to the Subpoena may be reiterated in a specific response. The absence of any reiteration in a given specific response is neither intended as, nor shall be construed as, a limitation or waiver of any General Objection made herein. Moreover, the inclusion of a specific objection to a specific response is neither intended as, nor shall be construed as, a limitation or waiver of a General Objection or any other specific objection.

Any responses to these requests are made without waiver of, or prejudice to, any objections Perplexity may raise now or in the future, and all such objections are hereby expressly preserved. Perplexity further reserves the right to move to quash the Subpoena or to make any other motion to preserve its rights as a non-party from being required to produce documents in this action.

## SPECIFIC OBJECTIONS

**REQUEST NO. 1.**

All documents, data, and other information requested by the plaintiffs in *United States of America, et al. v. Google LLC*, No. 1:20-cv-03010 (D.D.C.), in their subpoena to Perplexity AI, Inc., dated November 21, 2024, which is incorporated herein.

**RESPONSE TO REQUEST NO. 1:**

Perplexity incorporates the foregoing General Objections by reference. Perplexity further objects that the Request is overly broad and unduly burdensome in its scope and the burden it places on Perplexity, a non-party. Perplexity objects to this Request the extent it is related to

Perplexity's activities outside of the United States on the grounds that this information is also not relevant to the subject matter involved in the pending action or any party's claim or defense, and the desired information is not proportional to the needs of the case. Perplexity objects to the Request to the extent it purports to seek information subject to the attorney-client privilege, work product doctrine, the joint defense privilege, the common interest privilege, or any other privilege that may apply. *See* Fed. R. Civ. P. 26(b)(1). Perplexity further objects to the Request to the extent it seeks disclosure of proprietary, trade secret, and/or confidential business information of Perplexity, or information protected under state or federal law. Perplexity further objects that the Request will result in annoyance, oppression, and disproportional expenses for a non-party. Fed. R. Civ. P. 45(d)(1); *High Tech Medical Instrumentation v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995). To comply with this Request would be an undue burden and expense on Perplexity, requiring far more time and effort than necessarily proportionate for a non-party in this matter.

Subject to and without waiving the foregoing objections, Perplexity responds as follows:

Perplexity will produce to Google all documents it produces to Plaintiffs in response to Plaintiffs' subpoena to Perplexity, dated November 21, 2024.

**REQUEST NO. 2.**

All documents of Dmitry Shevelenko, Ryan Foutty, and Emily Jorgens, as well as the documents of their direct report(s) and immediate supervisor, relating to "generative AI's relationship with Search Access Points, distribution, barriers to entry and expansion, and data sharing," ECF 1072-2 at 4, to the extent not produced in response to other requests.

**RESPONSE TO REQUEST NO. 2:**

Perplexity incorporates the foregoing General Objections by reference. Perplexity further objects that the Request is overly broad and unduly burdensome in its scope and the burden it

places on Perplexity, a non-party.  Perplexity objects to this Request the extent it is related to Perplexity's activities outside of the United States on the grounds that this information is also not relevant to the subject matter involved in the pending action or any party's claim or defense, and the desired information is not proportional to the needs of the case.  Perplexity objects to the Request to the extent it purports to seek information subject to the attorney-client privilege, work product doctrine, the joint defense privilege, the common interest privilege, or any other privilege that may apply.  *See* Fed. R. Civ. P. 26(b)(1).  Perplexity further objects to the Request to the extent it seeks disclosure of proprietary, trade secret, and/or confidential business information of Perplexity, or information protected under state or federal law.  Perplexity further objects that the Request will result in annoyance, oppression, and disproportional expenses for a non-party.  Fed. R. Civ. P. 45(d)(1); *High Tech Medical Instrumentation*, 161 F.R.D. at 88.  To comply with this Request would be an undue burden and expense on Perplexity, requiring far more time and effort than necessarily proportionate for a non-party in this matter.

Subject to and without waiving the foregoing objections, Perplexity responds as follows:

Perplexity invites Google to meet and confer regarding the scope of this Request.

**REQUEST NO. 3.**

All documents of Aravind Srinivas, Dmitry Shevelenko, Ryan Foutty, Emily Jorgens, Denis Yarats, and Johnny Ho regarding Perplexity AI's strategy with respect to AI Products and the integration of artificial intelligence into search-related products, to the extent not produced in response to other requests.

**RESPONSE TO REQUEST NO. 3:**

Perplexity incorporates the foregoing General Objections by reference.  Perplexity further objects that the Request is overly broad and unduly burdensome in its scope and the burden it places on Perplexity, a non-party.  Perplexity objects to this Request the extent it is related to

Perplexity's activities outside of the United States on the grounds that this information is also not relevant to the subject matter involved in the pending action or any party's claim or defense, and the desired information is not proportional to the needs of the case.  Perplexity objects to the Request to the extent it purports to seek information subject to the attorney-client privilege, work product doctrine, the joint defense privilege, the common interest privilege, or any other privilege that may apply.  *See* Fed. R. Civ. P. 26(b)(1).  Perplexity further objects to the Request to the extent it seeks disclosure of proprietary, trade secret, and/or confidential business information of Perplexity, or information protected under state or federal law.  Perplexity further objects that the Request will result in annoyance, oppression, and disproportional expenses for a non-party.  Fed. R. Civ. P. 45(d)(1); *High Tech Medical Instrumentation*, 161 F.R.D. at 88.  To comply with this Request would be an undue burden and expense on Perplexity, requiring far more time and effort than necessarily proportionate for a non-party in this matter.

Subject to and without waiving the foregoing objections, Perplexity responds as follows:

Perplexity invites Google to meet and confer regarding the scope of this Request.

**REQUEST NO. 4.**

Documents sufficient to show the size of Perplexity AI's web index and Perplexity AI's strategy with respect to the index, including but not limited to documents sufficient to show Perplexity AI's activities with respect to scraping or other data-collection activities.

**RESPONSE TO REQUEST NO. 4:**

Perplexity incorporates the foregoing General Objections by reference.  Perplexity further objects to this Request to the extent it seeks information not relevant to the subject matter involved in the pending action or likely to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  Perplexity further objects that the Request is overly broad and unduly burdensome in its scope and the burden it places on Perplexity, a non-party.  Perplexity objects

to this Request the extent it is related to Perplexity's activities outside of the United States on the grounds that this information is also not relevant to the subject matter involved in the pending action or any party's claim or defense, and the desired information is not proportional to the needs of the case.  Perplexity objects to the Request to the extent it purports to seek information subject to the attorney-client privilege, work product doctrine, the joint defense privilege, the common interest privilege, or any other privilege that may apply.  *See* Fed. R. Civ. P. 26(b)(1).  Perplexity further objects to the Request to the extent it seeks disclosure of proprietary, trade secret, and/or confidential business information of Perplexity, or information protected under state or federal law.  Perplexity further objects that the Request will result in annoyance, oppression, and disproportional expenses for a non-party.  Fed. R. Civ. P. 45(d)(1); *High Tech Medical Instrumentation*, 161 F.R.D. at 88.  To comply with this Request would be an undue burden and expense on Perplexity, requiring far more time and effort than necessarily proportionate for a non-party in this matter.

Subject to and without waiving the foregoing objections, Perplexity responds as follows:

Perplexity will conduct a reasonable search for and produce any non-privileged documents responsive to this Request.

**REQUEST NO. 5.**

Documents sufficient to show the extent to which Perplexity AI permits online publishers, websites, or content creators to selectively opt-out of having the content of their web pages or domains (a) used in search indexing, (b) used to train or fine-tune AI models or AI Products, (c) used in retrieval-augmented generation-based tools, or (d) displayed as AI-generated content on its SERP.

**RESPONSE TO REQUEST NO. 5:**

Perplexity incorporates the foregoing General Objections by reference. Perplexity further objects to this Request to the extent it seeks information not relevant to the subject matter involved in the pending action or likely to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Perplexity objects to this Request the extent it is related to Perplexity's activities outside of the United States on the grounds that this information is also not relevant to the subject matter involved in the pending action or any party's claim or defense, and the desired information is not proportional to the needs of the case. Perplexity further objects that the Request is overly broad and unduly burdensome in its scope and the burden it places on Perplexity, a non-party. Perplexity objects to the Request to the extent it purports to seek information subject to the attorney-client privilege, work product doctrine, the joint defense privilege, the common interest privilege, or any other privilege that may apply. *See* Fed. R. Civ. P. 26(b)(1). Perplexity further objects to the Request to the extent it seeks disclosure of proprietary, trade secret, and/or confidential business information of Perplexity, or information protected under state or federal law. Perplexity further objects that the Request will result in annoyance, oppression, and disproportional expenses for a non-party. Fed. R. Civ. P. 45(d)(1); *High Tech Medical Instrumentation*, 161 F.R.D. at 88. To comply with this Request would be an undue burden and expense on Perplexity, requiring far more time and effort than necessarily proportionate for a non-party in this matter.

Subject to and without waiving the foregoing objections, Perplexity responds as follows:

Perplexity will conduct a reasonable search for and produce any non-privileged documents responsive to this Request.

**REQUEST NO. 6.**

Documents sufficient to show any safeguards that Perplexity AI implements to protect personal privacy and security when entering into agreements with third parties that provide for the disclosure of third-party proprietary data, user data, and/or ads data.

**RESPONSE TO REQUEST NO. 6:**

Perplexity incorporates the foregoing General Objections by reference. Perplexity further objects to this Request to the extent it seeks information not relevant to the subject matter involved in the pending action or likely to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Perplexity objects to this Request the extent it is related to Perplexity's activities outside of the United States on the grounds that this information is also not relevant to the subject matter involved in the pending action or any party's claim or defense, and the desired information is not proportional to the needs of the case. Perplexity further objects that the Request is overly broad and unduly burdensome in its scope and the burden it places on Perplexity, a non-party. Perplexity objects to the Request to the extent it purports to seek information subject to the attorney-client privilege, work product doctrine, the joint defense privilege, the common interest privilege, or any other privilege that may apply. *See* Fed. R. Civ. P. 26(b)(1). Perplexity further objects to the Request to the extent it seeks disclosure of proprietary, trade secret, and/or confidential business information of Perplexity, or information protected under state or federal law. Perplexity further objects that the Request will result in annoyance, oppression, and disproportional expenses for a non-party. Fed. R. Civ. P. 45(d)(1); *High Tech Medical Instrumentation*, 161 F.R.D. at 88. To comply with this Request would be an undue burden and expense on Perplexity, requiring far more time and effort than necessarily proportionate for a non-party in this matter.

Subject to and without waiving the foregoing objections, Perplexity responds as follows:

Perplexity invites Google to meet and confer regarding the scope of this Request.

Dated: January 3, 2025                                 Respectfully submitted,

                                                      By: */s/ Zachary C. Flood*
                                                              Marc R. Lewis
                                                              mlewis@lewisllewellyn.com
                                                              Zachary C. Flood
                                                              zflood@lewisllewellyn.com
                                                              Grace A. Ramirez
                                                              gramirez@lewisllewellyn.com
                                                              Lewis & Llewellyn LLP
                                                              601 Montgomery Street, Suite 2000
                                                              San Francisco, CA 94111
                                                              (415) 800-0590

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the City and County of San Francisco, State of California. I am over the age of 18 years and not a party to this action. My business address is Lewis & Llewellyn LLP, 601 Montgomery Street, Suite 2000, San Francisco, CA 94111. I am familiar with the office practice of Lewis & Llewellyn LLP for collecting and processing documents for delivery.

On the date provided below, in accordance with the office practices of Lewis & Llewellyn LLP, I served a true copy of the following document(s):

**NON-PARTY PERPLEXITY AI, INC.'S RESPONSES AND OBJECTIONS TO SUBPOENA PROPOUNDED BY DEFENDANT GOOGLE LLC**

The foregoing document(s) were served by the following means:

☒ (**By Electronic Mail**) I emailed the document(s) listed above to the electronic mail address(es) shown below.

The document(s) listed above were sent to the following address(es):

| | |
|---|---|
| Benjamin Greenblum<br>John Schmidtlein<br>Colette Connor<br>Christopher Yeager<br>WILLIAMS & CONNOLLY LLP<br>680 Maine Avenue SW<br>Washington DC 20024 | ***Attorneys for Defendant Google LLC***<br><br>Tel: 202-434-5901<br>Email: bgreenblum@wc.com<br>　　　　jschmidtlein@wc.com<br>　　　　cconnor@wc.com<br>　　　　cyeager@wc.com |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on **January 3, 2025** at San Francisco, California

　　　　　　　　　　　　　　　　　　　　*/s/ Grace Ramirez*
　　　　　　　　　　　　　　　　　　　　　Grace A. Ramirez