# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>                      Plaintiffs,<br>  v.<br>GOOGLE LLC,<br>                      Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*,<br><br>                      Plaintiffs,<br>  v.<br>GOOGLE LLC,<br>                      Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**NONPARTY OPENAI, INC.'S RESPONSES AND OBJECTIONS TO GOOGLE LLC'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Nonparty OpenAI, Inc. submits the following responses and objections to Defendant Google LLC's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated October 23, 2024, and the requests for documents to be produced thereunder (the "Requests").

**GENERAL OBJECTIONS**

OpenAI makes the following general responses and objections ("General Objections") to each Definition, Instruction, and Request propounded in Google's Subpoena. OpenAI hereby incorporates these General Objections into each specific response. OpenAI's assertion of the same, similar, or additional objections or partial responses to Requests does not waive any of OpenAI's General Objections.

1

1.      OpenAI objects to every Request in the Subpoena under Federal Rule of Civil Procedure 45(d)(3)(A)(i) to the extent it fails to allow a reasonable time for compliance. Requiring OpenAI to search for, collect, review, and produce the requested documents by the stated return date would be unduly burdensome.

2.      OpenAI objects to every Request in the Subpoena under Federal Rule of Civil Procedure 45(d)(1) and (d)(3)(A)(iv) to the extent it imposes undue burden on OpenAI.

3.      OpenAI objects to every Request in the Subpoena to the extent it calls for the production of information or documents protected by confidentiality rights of third parties pursuant to any agreement or undertaking prohibiting OpenAI from disclosing such information, or imposing conditions on any such disclosure. OpenAI will not produce any such information or documents until it satisfies applicable conditions.

4.      OpenAI objects to every Request in the Subpoena under Federal Rule of Civil Procedure 45(d)(1) to the extent it fails to specify a reasonable date range for the documents it seeks.

5.      OpenAI objects to every Request in the Subpoena under Federal Rule of Civil Procedure 45(d)(3)(A)(iii) to the extent that it calls for documents, things, and information protected by the attorney-client privilege, work-product immunity, joint defense, common-interest privilege, and/or any other applicable exception or privilege. OpenAI's productions in this matter are pursuant to the provisions afforded by the Federal Rules, including the clawback provisions under Federal Rule of Civil Procedure 26(b)(5), for production of information or documents protected by the attorney-client privilege, work-product immunity, and/or any other applicable exception or privilege. OpenAI's inadvertent disclosure of any privileged document is neither intended as, nor shall be deemed, a waiver of any privilege or immunity.

6. OpenAI objects to every Request in the Subpoena under Federal Rule of Civil Procedure 45(d)(3)(B)(i) to the extent it seeks protected information concerning a trade secret or other confidential and proprietary research, development, or commercial information belonging to OpenAI (hereinafter, "Confidential Information"), with respect to which the interest in preserving its confidentiality outweighs any probative value.

7. OpenAI objects to every Request in the Subpoena under Federal Rule of Civil Procedure 45(e)(1)(D) to the extent it seeks electronically stored information that is not reasonably accessible because of undue burden. Requiring OpenAI to search for, collect, review, and produce such inaccessible electronically stored information would be unduly burdensome. OpenAI is willing to conduct reasonable searches for certain ESI only after reaching agreement as to the appropriate search parameters and/or terms.

8. OpenAI objects to every Request in the Subpoena because Google has not shown a substantial need for the requested documents that would outweigh the burden on OpenAI as a nonparty in complying with the Subpoena.

9. OpenAI further objects to every Request in the Subpoena to the extent it purports to require OpenAI to produce information that is not proportional to the needs of this case and not relevant to the claims or defenses of any party during the remedies phase of this case.

10. Any agreement by OpenAI to produce responsive documents is not an admission or representation that responsive documents exist or existed; instead, it only indicates that OpenAI will produce documents responsive to the Request, subject to applicable objections, if it finds any such non-privileged documents after a reasonable search.

11. Any decision by OpenAI to provide any documents or information, notwithstanding the objectionable nature of any part of the Requests, should not be construed as

a stipulation that the material is discoverable, a waiver of OpenAI's objections, or an agreement that OpenAI will treat requests for similar discovery in a similar manner.

12. These responses and objections reflect OpenAI's present knowledge, information, and belief, and may be subject to change or modification based on further discovery or on facts or circumstances that may come to OpenAI's attention. OpenAI reserves the right to raise any additional objections that it determines are necessary or appropriate after further review.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

13. OpenAI objects to the definition of "ChatGPT" as overly broad, unduly burdensome, vague, and ambiguous because it includes "any tool that OpenAI has made available under the name ChatGPT as well as any predecessors or successors." OpenAI interprets "ChatGPT" to mean the consumer-facing application under the name ChatGPT that OpenAI has publicly released since November 2022. OpenAI further objects to this definition as overly broad, unduly burdensome, and not proportional to the needs of this case on the grounds that ChatGPT is used in a variety of products that are indisputably irrelevant to this matter.

14. OpenAI objects to the definition of "Google" as overly broad, unduly burdensome, vague, and ambiguous to the extent that it includes all of Google's "current and former subsidiaries, affiliates, divisions, predecessors, officers, directors, employees, agents and representatives, and any other person acting on its behalf." OpenAI interprets "Google" to mean Google LLC.

15. OpenAI objects to the definition of "Microsoft" as overly broad, unduly burdensome, vague, and ambiguous to the extent that it includes all of Microsoft's "current and former subsidiaries, affiliates, divisions, predecessors, officers, directors, employees, agents and

representatives, and any other person acting on its behalf." OpenAI interprets "Microsoft" to mean Microsoft Corporation.

16. OpenAI objects to the definitions of "OpenAI," "you," and "your" as overly broad, unduly burdensome, vague, and ambiguous to the extent Google seeks information not in OpenAI's possession, custody, or control. OpenAI further objects that these definitions are overly broad, unduly burdensome, vague, and ambiguous because they include all of OpenAI's "former subsidiaries, affiliates, divisions, predecessors, officers, directors, employees, agents and representatives, and any other person acting on its behalf" including "OpenAI, L.P., OpenAI, L.L.C., OpenAI GP, L.L.C., OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, OpenAI Investment LLC, OpenAI Startup Fund Management, LLC, OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C., OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C., OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P., OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P., Aestas Management Company, LLC, and Aestas, LLC." OpenAI further objects that "OpenAI Investment LLC" is not relevant to the claims or defenses of any party because it is not affiliated with OpenAI, Inc. OpenAI interprets "OpenAI," "you," and "your" to mean OpenAI, Inc. and OpenAI OpCo, LLC.

17. OpenAI objects to the definition of "Perplexity AI" as overly broad, unduly burdensome, vague, and ambiguous because it includes all of Perplexity AI's "current and former subsidiaries, affiliates, divisions, predecessors, officers, directors, employees, agents and representatives, and any other person acting on its behalf."  OpenAI interprets "Perplexity AI" to mean Perplexity AI, Inc.

18. OpenAI objects to the definition of "Generative AI Tool" as overly broad, unduly burdensome, vague, and ambiguous because it includes "any product, service, feature, tool, or functionality that involves a software application or web interface that can take a natural language input and generate text, images, videos, or other data using generative artificial intelligence." OpenAI interprets "Generative AI Tool" to mean ChatGPT.

19. OpenAI further objects to the definition of "AI Search Tool" as overly broad, unduly burdensome, vague, and ambiguous because it includes "any product, service, feature, tool, or functionality that involves both search engine technology and artificial intelligence capabilities." OpenAI interprets "AI Search Tool" to mean SearchGPT.

20. OpenAI further objects to the definitions of "all," "any," "each," and "every" of the documents on the grounds that OpenAI cannot guarantee that it has identified every single document response to a particular Request. Subject to the General Objections and any objections and/or qualifications below, OpenAI will respond to any Request seeking the production of "all," "any," "each," or "every" of the documents by producing the responsive, non-privileged documents within its possession, custody, and control that it can locate after a reasonable search and/or investigation conducted in good faith.

21. OpenAI objects to each Definition and Instruction to the extent that it seeks to impose obligations on OpenAI that contradict or are more burdensome than those required by the Federal Rules of Civil Procedure, the Local Rules for the U.S. District Court for the District of Columbia, or any order entered in this matter.

22. OpenAI objects to Instruction Nos. 5–7 to the extent they purport to require OpenAI to produce and identify information that is neither relevant nor proportional to the needs of this case.

23. OpenAI objects to Instruction No. 5, as OpenAI does not intend to produce any communications with attorneys, and, as a third party, objects to creating a privilege log covering documents withheld on the basis of privilege on the grounds of undue burden and proportionality.

## SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1**

All documents and other communications between OpenAI and any third party proposing, discussing, or relating to the promotion, preinstallation, syndication, or other distribution of any Generative AI Tool or AI Search Tool. Documents within the scope of this request include, but are not limited to, negotiations over agreements as well as final executed agreements that OpenAI has entered into with any third party since May 6, 2022 with respect to the promotion, preinstallation, syndication, or other distribution of any Generative AI Tool or AI Search Tool. This request seeks all responsive, non-privileged documents in OpenAI's possession, custody, or control created, altered, transmitted, or received at any time from May 6, 2022 to present.

**RESPONSE TO DOCUMENT REQUEST NO. 1**

In addition to its General Objections, which are incorporated herein by reference, OpenAI objects to this Request as overly broad and unduly burdensome because it seeks "*[a]ll documents and other communications between OpenAI and any third party*" and because it seeks documentation "*proposing, discussing, or relating to* the promotion, preinstallation, syndication, or other distribution of any Generative AI Tool or AI Search Tool." OpenAI further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that "any Generative AI Tool" does not relate to general search services and "any Generative AI Tool or AI Search Tool" does not relate to general search text advertising.

7

OpenAI further objects to this Request as not relevant to the claims or defenses of any party during the remedies phase of this case. OpenAI further objects to this Request because the terms "promotion," "preinstallation," "syndication," and "other distribution" are vague and ambiguous. OpenAI further objects to this Request to the extent it calls for the production of information or documents protected by confidentiality rights of third parties pursuant to any agreement or undertaking prohibiting OpenAI from disclosing such information, or imposing conditions on any such disclosure. OpenAI will not produce any such information or documents until applicable conditions relative to third parties are satisfied.

Given the foregoing objections, OpenAI will not produce any documents responsive to this Request, but is willing to meet and confer regarding the information sought by this Request.

**DOCUMENT REQUEST NO. 2**

All communications between OpenAI and one or more Plaintiffs in this litigation discussing or related to Google or this litigation. This request seeks all responsive, non-privileged documents in OpenAI's possession, custody, or control created, altered, transmitted, or received at any time from May 6, 2022, to present.

**RESPONSE TO DOCUMENT REQUEST NO. 2**

In addition to its General Objections, which are incorporated herein by reference, OpenAI objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "*[a]ll* communications between OpenAI and one or more Plaintiffs in this litigation discussing or related to Google or this litigation." OpenAI further objects to this Request because communications "*discussing or related to* Google or this litigation" is vague and ambiguous. OpenAI further objects to this Request because it seeks documents that may be more easily obtained by way of party discovery from Plaintiffs.

8

Subject to and without waiver of the foregoing objections, OpenAI will conduct a reasonable search of custodial files using search terms and/or of reasonably accessible centralized repositories, and produce non-privileged documents in its possession, custody, or control that are responsive to this Request insofar as they concern this litigation from May 6, 2022, to October 22, 2024.

**DOCUMENT REQUEST NO. 3**

Documents or data sufficient to show the total number of downloads of any OpenAI Generative AI Tool or AI Search Tool application. Applications within the scope of this request include the ChatGPT app.

**RESPONSE TO DOCUMENT REQUEST NO. 3**

In addition to its General Objections, which are incorporated herein by reference, OpenAI objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks documents or data concerning "the total number of downloads of *any* OpenAI Generative AI Tool or AI Search Tool application." OpenAI further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that "any OpenAI Generative AI Tool" does not relate to general search services and "any OpenAI Generative AI Tool or AI Search Tool" does not relate to general search text advertising. OpenAI further objects to this Request as not relevant to the claims or defenses of any party during the remedies phase of this case. OpenAI further objects to this Request as it is not limited in time.

Given the foregoing objections, OpenAI will not produce any documents responsive to this Request, but is willing to meet and confer regarding the information sought by this Request.

9

**DOCUMENT REQUEST NO. 4**

Documents or data sufficient to show the daily active users of any OpenAI Generative AI Tool or AI Search Tool application since May 6, 2022.

**RESPONSE TO DOCUMENT REQUEST NO. 4**

In addition to its General Objections, which are incorporated herein by reference, OpenAI objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks documents or data about "the daily active users of *any* OpenAI Generative AI Tool or AI Search Tool." OpenAI further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of this case to the extent that "any OpenAI Generative AI Tool" does not relate to general search services and "any OpenAI Generative AI Tool or AI Search Tool" does not relate to general search text advertising. OpenAI further objects to this Request as not relevant to the claims or defenses of any party during the remedies phase of this case. OpenAI further objects to this Request to the extent it assumes that these applications existed since May 6, 2022.

Given the foregoing objections, OpenAI will not produce any documents responsive to this Request, but is willing to meet and confer regarding the information sought by this Request.

**DOCUMENT REQUEST NO. 5**

Copies of any agreements and any amendments thereto between OpenAI and any person or entity affiliated with Microsoft and/or Perplexity AI.

**RESPONSE TO DOCUMENT REQUEST NO. 5**

In addition to its General Objections, which are incorporated herein by reference, OpenAI objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "*any* agreements and any amendments thereto between OpenAI and

10

*any* person or entity affiliated with Microsoft and/or Perplexity AI." OpenAI further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of this case to the extent that the "agreements and any amendments thereto" do not relate general search services or general search text advertising. OpenAI further objects to this Request as not relevant to the claims or defenses of any party during the remedies phase of this case. OpenAI further objects to this Request because the term "any person or entity affiliated" is vague and ambiguous. OpenAI further objects to this Request to the extent it calls for the production of documents protected by confidentiality rights of third parties pursuant to any agreement or undertaking prohibiting OpenAI from disclosing such information, or imposing conditions on any such disclosure. OpenAI will not produce any such information or documents until applicable conditions relative to third parties are satisfied. OpenAI further objects to this Request as it is not limited in time.

Subject to and without waiver of the foregoing objections, OpenAI is willing to conduct a reasonable search of custodial files using search terms and/or of reasonably accessible centralized repositories, and produce non-privileged agreements between OpenAI and Microsoft in connection with the Bing Search API, and any amendments thereto, in its possession, custody, or control.

**DOCUMENT REQUEST NO. 6**

Documents sufficient to show OpenAI's revenues, expenses, profits, capital raises, stock sales, and valuation on a quarterly or annual basis since the beginning of 2022.

**RESPONSE TO DOCUMENT REQUEST NO. 6**

In addition to its General Objections, which are incorporated herein by reference, OpenAI objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks documents about "OpenAI's revenues, expenses, profits, capital raises,

stock sales, and valuation on a quarterly or annual basis." OpenAI further objects to this Request as not relevant to the claims or defenses of any party during the remedies phase of this case. OpenAI further objects to this Request as overly broad and not proportional to the needs of this case because the financial performance of OpenAI's business requires disclosing commercial Confidential Information.

Given the foregoing objections, OpenAI will not produce any documents responsive to this Request, but is willing to meet and confer regarding the information sought by this Request.

**DOCUMENT REQUEST NO. 7**

Documents sufficient to show the types and quantity of data used to train the OpenAI o1 model, the OpenAI o1-preview model, the GPT-3 model, or any other model that OpenAI has developed or licensed for use in connection with any potential or actual Generative AI Tool or AI Search Tool. Documents within the scope of this request include documents sufficient to show the extent to which search engine click-and-query data or first-party data is used to train any part of the OpenAI o1 model, the OpenAI o1-preview model, the OpenAI o1-mini model, the GPT-4l model, the GPT-4o mini model, the GPT-4 model, the GPT-3 model, or any other model that OpenAI has developed or licensed for use in connection with any potential or actual Generative AI Tool or AI Search Tool. Documents within the scope of this request also include documents sufficient to show the operations and functionality of any retrieval augmented generation techniques employed in any of the foregoing models.

**RESPONSE TO DOCUMENT REQUEST NO. 7**

In addition to its General Objections, which are incorporated herein by reference, OpenAI objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks documents about "the types and quantity of data used to train . . .

*any* . . . model that OpenAI has developed or licensed for use in connection with *any* potential or actual Generative AI Tool or AI Search Tool." OpenAI further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of this case to the extent that "any . . . Generative AI Tool" does not relate to general search services and "any . . . Generative AI Tool or AI Search Tool" does not relate to general search text advertising. OpenAI further objects to this Request as not relevant to the claims or defenses of any party during the remedies phase of this case. OpenAI further objects to this Request because the terms "developed or licensed," "potential or actual Generative AI Tool or AI Search Tool," "search engine click-and-query data," "first-party data," and "operations and functionality of any retrieval augmented generation techniques" are vague and ambiguous. OpenAI further objects to this Request as it is not limited in time. OpenAI further objects to this Request as overly broad and not proportional to the needs of this case because disclosing the types and quantity of data used to train ChatGPT and SearchGPT requires disclosing commercial Confidential Information.

Given the foregoing objections, OpenAI will not produce any documents responsive to this Request, but is willing to meet and confer regarding the information sought by this Request.

**DOCUMENT REQUEST NO. 8**

Copies of any agreements and any amendments thereto in OpenAI's possession, custody, or control licensing content for use in connection with any Generative AI Tool and any AI Search Tool.

**RESPONSE TO DOCUMENT REQUEST NO. 8**

In addition to its General Objections, which are incorporated herein by reference, OpenAI objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "*any* agreements and *any* amendments thereto in OpenAI's possession,

13

custody, or control licensing content for use in connection with *any* Generative AI Tool and any AI Search Tool." OpenAI further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of this case to the extent that "any Generative AI Tool" does not relate to general search services and "any Generative AI Tool and any AI Search Tool" does not relate to general search text advertising. OpenAI further objects to this Request as not relevant to the claims or defenses of any party during the remedies phase of this case. OpenAI further objects to this Request because the term "licensing content for use in connection with any Generative AI Tool and any AI Search Tool" is vague and ambiguous. OpenAI further objects to this Request to the extent that it calls for the production of information or documents protected by confidentiality rights of third parties pursuant to any agreement or undertaking prohibiting OpenAI from disclosing such information, or imposing conditions on any such disclosure. OpenAI will not produce any such information or documents until applicable conditions relative to third parties are satisfied. OpenAI further objects to this Request as it is not limited in time.

Given the foregoing objections, OpenAI will not produce any documents responsive to this Request, but is willing to meet and confer regarding the information sought by this Request.

**DOCUMENT REQUEST NO. 9**

Documents sufficient to show OpenAI's understanding of the relative competitive position of Generative AI Tools and AI Search Tools. Documents within the scope of this request include documents sufficient to show the relative download or usage rate of ChatGPT compared to other Generative AI Tools and/or AI Search Tools. This request seeks all responsive, non-privileged documents in OpenAI's possession, custody, or control created, altered, transmitted, or received at any time from May 6, 2022, to present.

**RESPONSE TO DOCUMENT REQUEST NO. 9**

In addition to its General Objections, which are incorporated herein by reference, OpenAI objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks documents about "OpenAI's understanding of the relative competitive position of Generative AI Tools and AI Search Tools." OpenAI further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of this case to the extent the "Generative AI Tools" do not relate to general search services and the "Generative AI Tools and AI Search Tools" do not relate to general search text advertising. OpenAI further objects to this Request as not relevant to the claims or defenses of any party during the remedies phase of this case. OpenAI further objects to this Request because the terms "understanding," "relative competitive position," and "relative download or usage rate" are vague and ambiguous. OpenAI further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work-product immunity, common interest privilege, and/or any other applicable exception or privilege. OpenAI further objects to this Request as overly broad and not proportional to the needs of this case because OpenAI's understanding of the relative competitive position of ChatGPT and SearchGPT requires disclosing commercial Confidential Information.

Given the foregoing objections, OpenAI will not produce any documents responsive to this Request, but is willing to meet and confer regarding the information sought by this Request.

**DOCUMENT REQUEST NO. 10**

All minutes, recordings, summaries, or reports of meetings, whether formal or informal, of your company's (and each of its divisions' or subsidiaries') board of directors (including committees or subgroups), addressing or discussing:

15

  a. Search distribution;

  b. Competitions, competitors, strategy, or market analysis in features, paid or unpaid, that appear in a Generative AI Tool or an AI Search Tool;

  c. Competition, competitors, strategy, or market analyses in generative artificial intelligence;

  d. Competition, competitors, strategy, or market analyses in search advertising; or

  e. Competition, competitors, strategy, or market analyses in digital advertising.

This request seeks all responsive, non-privileged documents in OpenAI's possession, custody, or control created, altered, transmitted, or received at any time from May 6, 2022, to present.

**RESPONSE TO DOCUMENT REQUEST NO. 10**

In addition to its General Objections, which are incorporated herein by reference, OpenAI objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "*[a]ll* minutes, recordings, summaries, or reports of meetings, whether formal or informal, of [OpenAI]'s (and each of its divisions' or subsidiaries') board of directors (including committees or subgroups)" addressing or discussing five different subtopics. OpenAI further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of this case, and not relevant to the claims or defenses of any party to the extent that the "minutes, recordings, summaries, or reports of meetings" do not relate to general search services or general search text advertising. OpenAI further objects to this Request as not relevant to the claims or defenses of any party during the remedies phase of this case. OpenAI further objects to this Request because the terms "search distribution," "[c]ompetition," "competitors," "strategy,"

16

"market analyses," "features," "search advertising," and "digital advertising," are vague and ambiguous. OpenAI further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work-product immunity, common interest privilege, and/or any other applicable exception or privilege. OpenAI further objects to this Request as overly broad and not proportional to the needs of this case because disclosing minutes, recordings, summaries, or reports of meetings, of OpenAI's board of directors (including committees or subgroups) requires disclosing commercial Confidential Information.

Given the foregoing objections, OpenAI will not produce any documents responsive to this Request, but is willing to meet and confer regarding the information sought by this Request.

**DOCUMENT REQUEST NO. 11**

From January 2023 to present, separately by month, operating system, and device type, produce documents or data sufficient to show the total number of interactions with each Generative AI Tool and each AI Search Tool for which OpenAI provides support (e.g., ChatGPT, SearchGPT), both in aggregate and performed through each type of access point, including whether an access point is subject to an OpenAI or a Microsoft distribution agreement.

**RESPONSE TO DOCUMENT REQUEST NO. 11**

In addition to its General Objections, which are incorporated herein by reference, OpenAI objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks documents or data about "the total number of interactions with each Generative AI Tool and each AI Search Tool for which OpenAI provides support" and requires OpenAI to provide them "separately by month, operating system, and device type." OpenAI further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of this case to the extent that "each Generative AI Tool" does not relate to general search

17

services and "each Generative AI Tool and each AI Search Tool" does not relate to general search text advertising. OpenAI further objects to this Request as not relevant to the claims or defenses of any party during the remedies phase of this case. OpenAI further objects to this Request because the terms "interactions," "support," "access point," and "whether an access point is subject to an OpenAI or a Microsoft distribution agreement" are vague and ambiguous.

    Given the foregoing objections, OpenAI will not produce any documents responsive to this Request, but is willing to meet and confer regarding the information sought by this Request.

Date: November 6, 2024

*/s/ Howard Shelanski*
DAVIS POLK & WARDWELL LLP
Howard Shelanski
howard.shelanski@davispolk.com
901 15th Street, NW
Washington, DC 20005

Ashok Ramani
ashok.ramani@davispolk.com
Serge A. Voronov
serge.voronov@davispolk.com
1600 El Camino Real
Menlo Park, CA 94025

*Counsel for OpenAI, Inc.*

## CERTIFICATE OF SERVICE

I, Angela Quach, hereby certify that on November 6, 2024 copies of the foregoing NONPARTY OPENAI, INC.'S RESPONSES AND OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION were served upon the following as indicated.

| | |
|---|---|
| John E. Schmidtlein<br>Benjamin M. Greenblum<br>Graham W. Safty<br>Christopher Yeager<br>WILLIAMS & CONNOLLY LLP<br>680 Main Avenue, SW<br>Washington, DC 20024<br>jschmidtlein@wc.com<br>bgreenblum@wc.com<br>gsafty@wc.com<br>cyeager@wc.com | ☒ Via Email<br>☐ Via First Class Mail<br>☐ Via Express Delivery<br>☐ Via Hand Deliver |

*/s/ Angela Quach*
Angela Quach
Senior Litigation Paralegal