# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br>                            Plaintiffs, <br><br>       v. <br><br> GOOGLE LLC, <br><br>                       Defendant. | Case No. 1:20-cv-03010-APM <br><br> HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*, <br><br>                            Plaintiffs, <br><br>       v. <br><br> GOOGLE LLC, <br><br>                       Defendant. | Case No. 1:20-cv-03715-APM <br><br> HON. AMIT P. MEHTA |

## NONPARTY OPENAI, INC.'S RESPONSES AND OBJECTIONS TO GOOGLE LLC'S SECOND SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Nonparty OpenAI, Inc. submits the following responses and objections to Defendant Google LLC's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated December 20, 2024 (the "Second Subpoena") and the requests for documents to be produced thereunder (the "Requests").

### GENERAL OBJECTIONS

OpenAI makes the following general responses and objections ("General Objections") to each Definition, Instruction, and Request propounded in Google's Second Subpoena. OpenAI hereby incorporates these General Objections into each specific response. OpenAI's assertion of the same, similar, or additional objections or partial responses to Requests does not waive any of OpenAI's General Objections.

1.      OpenAI objects to every Request in the Second Subpoena under Federal Rule of Civil Procedure 45(d)(3)(A)(i) to the extent it fails to allow a reasonable time for compliance. Requiring OpenAI to search for, collect, review, and produce the requested documents by the stated return date would be unduly burdensome.

2.      OpenAI objects to every Request in the Second Subpoena under Federal Rule of Civil Procedure 45(d)(1) and (d)(3)(A)(iv) to the extent it imposes an undue burden on OpenAI.

3.      OpenAI objects to every Request in the Second Subpoena to the extent it calls for the production of information or documents protected by confidentiality rights of third parties pursuant to any agreement or undertaking prohibiting OpenAI from disclosing such information, or imposing conditions on any such disclosure. OpenAI will not produce any such information or documents until it satisfies applicable conditions.

4.      OpenAI objects to every Request in the Second Subpoena under Federal Rule of Civil Procedure 45(d)(1) to the extent it fails to specify a reasonable date range for the documents it seeks.

5.      OpenAI objects to every Request in the Subpoena under Federal Rule of Civil Procedure 45(d)(3)(A)(iii) to the extent that it calls for documents, things, and information protected by the attorney-client privilege, work-product immunity, joint defense, common-interest privilege, and/or any other applicable exception or privilege. OpenAI's productions in this matter are pursuant to the provisions afforded by the Federal Rules, including the clawback provisions under Federal Rule of Civil Procedure 26(b)(5), for production of information or documents protected by the attorney-client privilege, work-product immunity, and/or any other applicable exception or privilege. OpenAI's inadvertent disclosure of any privileged document is neither intended as, nor shall be deemed, a waiver of any privilege or immunity.

6.      OpenAI objects to every Request in the Second Subpoena under Federal Rule of Civil Procedure 45(d)(3)(B)(i) to the extent it seeks protected information concerning a trade secret or other confidential and proprietary research, development, or commercial information belonging to OpenAI (hereinafter, "Confidential Information"), with respect to which the interest in preserving its confidentiality outweighs any probative value.

7.      OpenAI objects to every Request in the Second Subpoena under Federal Rule of Civil Procedure 45(e)(1)(D) to the extent it seeks electronically stored information that is not reasonably accessible because of undue burden. Requiring OpenAI to search for, collect, review, and produce such inaccessible electronically stored information would be unduly burdensome. OpenAI is willing to conduct reasonable searches for certain ESI only after reaching agreement as to the appropriate search parameters and/or terms.

8.      OpenAI objects to every Request in the Second Subpoena because Google has not shown a substantial need for the requested documents that would outweigh the burden on OpenAI as a nonparty in complying with the Subpoena.

9.      OpenAI further objects to every Request in the Second Subpoena to the extent it purports to require OpenAI to produce information that is not proportional to the needs of this case and not relevant to the claims or defenses of any party during the remedies phase of this case.

10.      Any agreement by OpenAI to produce responsive documents is not an admission or representation that responsive documents exist or existed; instead, it only indicates that OpenAI will produce documents responsive to the Request, subject to applicable objections, if it finds any such non-privileged documents after a reasonable search.

11.     Any decision by OpenAI to provide any documents or information, notwithstanding the objectionable nature of any part of the Requests, should not be construed as a stipulation that the material is discoverable, a waiver of OpenAI's objections, or an agreement that OpenAI will treat requests for similar discovery in a similar manner.

12.     These responses and objections reflect OpenAI's present knowledge, information, and belief, and may be subject to change or modification based on further discovery or on facts or circumstances that may come to OpenAI's attention. OpenAI reserves the right to raise any additional objections that it determines are necessary or appropriate after further review.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS[1]

1.     OpenAI objects to the definition of "AI Product" as overly broad, unduly burdensome, vague, and ambiguous because it includes "any application, service, feature, tool, or functionality that involves artificial intelligence capabilities."  OpenAI interprets "AI Product" to mean ChatGPT and SearchGPT.

2.     OpenAI objects to the definition of "ChatGPT" as overly broad, unduly burdensome, vague, and ambiguous because it includes "any tool that OpenAI has made available under the name ChatGPT as well as any predecessors or successors." OpenAI interprets "ChatGPT" to mean the consumer-facing application under the name ChatGPT that OpenAI has publicly released since November 2022. OpenAI further objects to this definition as overly broad, unduly burdensome, and not proportional to the needs of this case on the grounds that ChatGPT is used in a variety of products that are indisputably irrelevant to this matter.

---

[1] Unless otherwise specified, these objections refer to the Definitions and Instructions under Defendant Google LLC's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated October 23, 2024 (the "First Subpoena"), which Google has incorporated into its Second Subpoena. *See* Second Subpoena, Definitions and Instructions No. 1.

3.      OpenAI objects to the definition of "Google" as overly broad, unduly burdensome, vague, and ambiguous to the extent that it includes all of Google's "current and former subsidiaries, affiliates, divisions, predecessors, officers, directors, employees, agents and representatives, and any other person acting on its behalf." OpenAI interprets "Google" to mean Google LLC.

4.      OpenAI objects to the definition of "Microsoft" as overly broad, unduly burdensome, vague, and ambiguous to the extent that it includes all of Microsoft's "current and former subsidiaries, affiliates, divisions, predecessors, officers, directors, employees, agents and representatives, and any other person acting on its behalf." OpenAI interprets "Microsoft" to mean Microsoft Corporation.

5.      OpenAI objects to the definitions of "OpenAI," "you," and "your" as overly broad, unduly burdensome, vague, and ambiguous to the extent Google seeks information not in OpenAI's possession, custody, or control. OpenAI further objects that these definitions are overly broad, unduly burdensome, vague, and ambiguous because they include all of OpenAI's "former subsidiaries, affiliates, divisions, predecessors, officers, directors, employees, agents and representatives, and any other person acting on its behalf" including "OpenAI, L.P., OpenAI, L.L.C., OpenAI GP, L.L.C., OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, OpenAI Investment LLC, OpenAI Startup Fund Management, LLC, OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C., OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C., OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P., OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P., Aestas Management Company, LLC, and Aestas, LLC." OpenAI further objects that "OpenAI

Investment LLC" is not relevant to the claims or defenses of any party because it is not affiliated with OpenAI, Inc. OpenAI interprets "OpenAI," "you," and "your" to mean OpenAI, Inc. and OpenAI OpCo, LLC.

6.      OpenAI further objects to the definitions of "all," and "any," of the documents on the grounds that OpenAI cannot guarantee that it has identified every single document response to a particular Request. Subject to the General Objections and any objections and/or qualifications below, OpenAI will respond to any Request seeking the production of "all," or "any," of the documents by producing the responsive, non-privileged documents within its possession, custody, and control that it can locate after a reasonable search and/or investigation conducted in good faith.

7.      OpenAI objects to each Definition and Instruction to the extent that it seeks to impose obligations on OpenAI that contradict or are more burdensome than those required by the Federal Rules of Civil Procedure, the Local Rules for the U.S. District Court for the District of Columbia, or any order entered in this matter.

8.      OpenAI objects to Instruction Nos. 5–7 of Google's First Subpoena, dated October 23, 2024, incorporated in its Second Subpoena, dated December 20, 2024, to the extent they purport to require OpenAI to produce and identify information that is neither relevant nor proportional to the needs of this case.

9.      OpenAI objects to Instruction No. 5 of Google's First Subpoena, as OpenAI does not intend to produce any communications with attorneys, and, as a third party, objects to creating a privilege log covering documents withheld on the basis of privilege on the grounds of undue burden and proportionality.

10. OpenAI objects to Definition and Instruction No. 2 in the Second Subpoena to the extent it seeks to incorporate "the definitions set forth in the subpoena issued by the plaintiffs in *United States of America, et al. v. Google LLC*, No. 1:20-cv-03010 (D.D.C.), dated November 21, 2024," because OpenAI has objected to the definitions and instructions therein as follows:

    a. OpenAI objects to the definitions of "OpenAI," "you," "your," and "the company" as overly broad, unduly burdensome, vague, and ambiguous to the extent the Plaintiff seeks information not in OpenAI's possession, custody, or control. OpenAI further objects that these definitions are overly broad, unduly burdensome, vague, and ambiguous because they include all of OpenAI's "domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing" including "any person in which there is partial (25 percent or more) or total ownership or control between the company and any other person." OpenAI interprets "OpenAI," "you," "your," and "the company" to mean OpenAI, Inc. and OpenAI OpCo, LLC.

    b. OpenAI objects to the definition of "AI access point" as vague and ambiguous. OpenAI interprets the term "AI access point" to mean a browser, mobile, or desktop application used to access ChatGPT and SearchGPT.

    c. OpenAI objects to the definitions of "all," "any," and "or" of the documents on the grounds that OpenAI cannot guarantee that it has identified every single document response to a particular Request. Subject to the General Objections and any objections and/or qualifications below, OpenAI will respond to any Request seeking the production of "all," "any," and "or" of the

documents by producing the responsive, non-privileged documents within its possession, custody, and control that it can locate after a reasonable search and/or investigation conducted in good faith.

d.  OpenAI objects to each Definition and Instruction to the extent that it seeks to impose obligations on OpenAI that contradict or are more burdensome than those required by the Federal Rules of Civil Procedure, the Local Rules for the U.S. District Court for the District of Columbia, or any order entered in this matter.

e.  OpenAI objects to Instruction No. 3 to the extent it purports to require OpenAI to produce and identify information that is neither relevant nor proportional to the needs of this case. Unless otherwise noted, OpenAI will limit its reasonable search to documents that were created, altered, or received at any time from November 30, 2022, through November 20, 2024.

f.  OpenAI objects to Instruction Nos. 5–8 to the extent they purport to require OpenAI to produce and identify information that is neither relevant nor proportional to the needs of this case.

g.  OpenAI objects to Instruction No. 6, as OpenAI does not intend to produce any communications with attorneys, and, as a third party, objects to creating a privilege log covering documents withheld on the basis of privilege on the grounds of undue burden and proportionality.

## SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

## DOCUMENT REQUEST NO. 1

All documents, data, and other information requested by the plaintiffs in *United States of America, et. al. v. Google LLC*, No. 1:20-cv-03010 (D.D.C.), in their subpoena to OpenAI, Inc., dated November 21, 2024, which is incorporated herein.

**RESPONSE TO DOCUMENT REQUEST NO. 1**

In addition to its General Objections, which are incorporated herein by reference, OpenAI objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "*[a]ll* documents, data, and other information requested by the plaintiffs in *United States of America, et. al. v. Google LLC*, No. 1:20-cv-03010 (D.D.C.), in their subpoena to OpenAI, Inc., dated November 21, 2024." OpenAI further objects to this Request because OpenAI did not agree to produce all "documents, data, and other information" requested by the November 21 Subpoena.

Subject to and without waiver of the foregoing objections, OpenAI will produce any documents, data, or other information that OpenAI produces in response to plaintiffs' subpoena to OpenAI, dated November 21, 2024.

## DOCUMENT REQUEST NO. 2

All documents of Nick Turley, James Dyett, Olivier Godement, Miqdad Jaffer, Brad Lightcap, and Aliisa Rosenthal, as well as the documents of their direct report(s) and immediate supervisor relating to "generative AI's relationship with Search Access Points, distribution, barriers to entry and expansion, and data sharing," ECF 1072-2 at 4, to the extent not produced in response to other requests. This request seeks all responsive, non-privileged documents in OpenAI's

possession, custody, or control created, altered, transmitted, or received at any time from May 6, 2022, to present.

**RESPONSE TO DOCUMENT REQUEST NO. 2**

In addition to its General Objections, which are incorporated herein by reference, OpenAI objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "*[a]ll* documents of Nick Turley, James Dyett, Olivier Godement, Miqdad Jaffer, Brad Lightcap, and Aliisa Rosenthal, *as well as* the documents of their direct report(s) and immediate supervisor relating to 'generative AI's relationship with Search Access Points, distribution, barriers to entry and expansion, and data sharing.'" OpenAI further objects to this Request as unduly burdensome to the extent it seeks information from persons whose work does not involve "generative AI's relationship with Search Access Points, distribution, barriers to entry and expansion, and data sharing." OpenAI further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work-product immunity, common interest privilege, and/or any other applicable exception or privilege. OpenAI further objects to this Request as overly broad and not proportional to the needs of this case because OpenAI's documents relating to "generative AI's relationship with Search Access Points, distribution, barriers to entry and expansion, and data sharing" constitute commercial Confidential Information.

Subject to and without waiver of the foregoing objections, OpenAI will conduct a reasonable search of custodial files using search terms and produce non-privileged documents of OpenAI witness Nick Turley in its possession, custody, or control regarding generative AI's relationship with Search Access Points, distribution, barriers to entry and expansion, and data sharing, from November 30, 2022, to December 10, 2024.

**DOCUMENT REQUEST NO. 3**

All documents of Sam Altman, Greg Brockman, Kevin Weil, Adam Fry, Srinivas Narayanan, and Dario Amodei regarding OpenAI's strategy with respect to AI Products, the integration of artificial intelligence into search-related products, and the Microsoft partnership, to the extent not produced in response to other requests. This request seeks all responsive, nonprivileged documents in OpenAI's possession, custody, or control created, altered, transmitted, or received at any time from May 6, 2022, to present.

**RESPONSE TO DOCUMENT REQUEST NO. 3**

In addition to its General Objections, which are incorporated herein by reference, OpenAI objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "*[a]ll* documents of Sam Altman, Greg Brockman, Kevin Weil, Adam Fry, Srinivas Narayanan, and Dario Amodei regarding OpenAI's strategy with respect to AI Products, the integration of artificial intelligence into search-related products, and the Microsoft partnership." OpenAI further objects to this Request as barred under the apex doctrine because it seeks production of information or documents from high-level corporate executives. OpenAI further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that it seeks documents from individuals who are no longer employed by OpenAI, or on the other hand to the extent that it seeks documents from individuals prior to them being employed by OpenAI. OpenAI further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that documents "regarding OpenAI's strategy with respect to AI Products" and the "Microsoft partnership" do not relate to general search services or general search text advertising. OpenAI further objects to this Request as not relevant to the claims or defenses of any party during the

remedies phase of this case. OpenAI further objects to this Request because the terms "regarding OpenAI's strategy with respect to AI Products" and "the Microsoft partnership" are vague and ambiguous. OpenAI further objects to this Request to the extent that it calls for the production of information or documents protected by confidentiality rights of third parties pursuant to any agreement or undertaking prohibiting OpenAI from disclosing such information, or imposing conditions on any such disclosure. OpenAI will not produce any such information or documents until applicable conditions relative to third parties are satisfied. OpenAI further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work-product immunity, common interest privilege, and/or any other applicable exception or privilege. OpenAI further objects to this Request as overly broad and not proportional to the needs of this case because "OpenAI's strategy with respect to AI Products, the integration of artificial intelligence into search-related products, and the Microsoft partnership" constitute commercial Confidential Information.

Given the foregoing objections, OpenAI will not produce any documents responsive to this Request.

**DOCUMENT REQUEST NO. 4**

All documents relating to the integration of ChatGPT into Apple devices or software. Documents within the scope of this request include any internal analyses relating to the incorporation of ChatGPT into iOS and macOS as announced on December 11, 2024. *See, e.g.*, https://www.youtube.com/watch?v=mBhkD0iFf4w&list=PLOXw6I10VTv9lin5AzsHAHCTrC7 BdVdEM&index=3. This request seeks all responsive, non-privileged documents in OpenAI's possession, custody, or control created, altered, transmitted, or received at any time from May 6, 2022, to present.

**RESPONSE TO DOCUMENT REQUEST NO. 4**

In addition to its General Objections, which are incorporated herein by reference, OpenAI objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "*[a]ll* documents relating to the integration of ChatGPT into Apple devices or software." OpenAI further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that documents "relating to the integration of ChatGPT into Apple devices or software" do not relate to general search services or general search text advertising. OpenAI further objects to this Request as not relevant to the claims or defenses of any party during the remedies phase of this case. OpenAI further objects to this Request because the term "relating to the integration of ChatGPT into Apple devices or software" is vague and ambiguous. OpenAI further objects to this Request to the extent that it calls for the production of information or documents protected by confidentiality rights of third parties pursuant to any agreement or undertaking prohibiting OpenAI from disclosing such information, or imposing conditions on any such disclosure. OpenAI will not produce any such information or documents until applicable conditions relative to third parties are satisfied. OpenAI further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work-product immunity, common interest privilege, and/or any other applicable exception or privilege. OpenAI further objects to this Request as overly broad and not proportional to the needs of this case because OpenAI's plans on "the integration of ChatGPT into Apple devices or software" constitute commercial Confidential Information.

Subject to and without waiver of the foregoing objections, OpenAI will conduct a reasonable search of custodial files using search terms and/or of reasonably accessible

centralized repositories, and produce non-privileged communications in its possession, custody, or control between Apple and OpenAI related to the Service Integration Agreement entered between Apple and OpenAI, and the addendum thereto.

**DOCUMENT REQUEST NO. 5**

Copies of all ChatGPT "factbook[s]." See GLSUB000000120, at slide 4.

**RESPONSE TO DOCUMENT REQUEST NO. 5**

In addition to its General Objections, which are incorporated herein by reference, OpenAI objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "[c]opies of *all* ChatGPT 'factbook[s].'" OpenAI further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that the ChatGPT "factbook[s]" do not relate to general search services or general search text advertising. OpenAI further objects to this Request as not relevant to the claims or defenses of any party during the remedies phase of this case. OpenAI further objects to this Request as it is not limited in time. OpenAI further objects to this Request as overly broad and not proportional to the needs of this case because OpenAI's copies of all ChatGPT "factbook[s]" constitute commercial Confidential Information.

Subject to and without waiver of the foregoing objections, OpenAI is willing to conduct a reasonable search of custodial files using search terms and/or of reasonably accessible centralized repositories, and produce a non-privileged copy of the ChatGPT "factbook" identified in GLSUB00000120, at slide 4.

**DOCUMENT REQUEST NO. 6**

Documents sufficient to show any efforts by OpenAI to develop a browser. See, e.g.,

https://www.techradar.com/computing/artificial-intelligence/a-chrome-killing-browser-will-be-

openais-next-big-shot-at-google-according-to-a-new-report. This request seeks all responsive, non-privileged documents in OpenAI's possession, custody, or control created, altered, transmitted, or received at any time from May 6, 2022, to present.

**RESPONSE TO DOCUMENT REQUEST NO. 6**

In addition to its General Objections, which are incorporated herein by reference, OpenAI objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks documents showing "*any* efforts by OpenAI to develop a browser" and seeks "*all* responsive, non-privileged documents in OpenAI's possession, custody, or control . . . from May 6, 2022, to present." OpenAI further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because "efforts by OpenAI to develop a browser" do not relate to general search services or general search text advertising. OpenAI further objects to this Request as not relevant to the claims or defenses of any party during the remedies phase of this case. OpenAI further objects to this Request because the term "efforts by OpenAI to develop a browser" is vague and ambiguous. OpenAI further objects to this Request to the extent that it calls for the production of information or documents protected by confidentiality rights of third parties pursuant to any agreement or undertaking prohibiting OpenAI from disclosing such information, or imposing conditions on any such disclosure. OpenAI will not produce any such information or documents until applicable conditions relative to third parties are satisfied. OpenAI further objects to this Request as overly broad and not proportional to the needs of this case because OpenAI's efforts, if any, to develop a browser constitute commercial Confidential Information.

Given the foregoing objections, OpenAI will not produce any documents responsive to this Request, but is willing to meet and confer regarding the information sought by this Request.

**DOCUMENT REQUEST NO. 7**

Documents sufficient to show any efforts by OpenAI to develop a smartphone. *See, e.g.*,

https://www.theverge.com/2023/9/28/23893939/jony-ive-openai-sam-altman-iphone-of-

artificial-intelligence-device. This request seeks all responsive, non-privileged documents in

OpenAI's possession, custody, or control created, altered, transmitted, or received at any time

from May 6, 2022, to present.

**RESPONSE TO DOCUMENT REQUEST NO. 7**

In addition to its General Objections, which are incorporated herein by reference, OpenAI

objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of

this case because it seeks documents showing "*any* efforts by OpenAI to develop a smartphone"

and seeks "*all* responsive, non-privileged documents in OpenAI's possession, custody, or

control . . . from May 6, 2022, to present." OpenAI further objects to this Request as overly

broad, unduly burdensome, and not proportional to the needs of this case because "efforts by

OpenAI to develop a smartphone" do not relate to general search services or general search text

advertising. OpenAI further objects to this Request as not relevant to the claims or defenses of

any party during the remedies phase of this case. OpenAI further objects to this Request because

the term "efforts by OpenAI to develop a smartphone" is vague and ambiguous. OpenAI further

objects to this Request to the extent that it calls for the production of information or documents

protected by confidentiality rights of third parties pursuant to any agreement or undertaking

prohibiting OpenAI from disclosing such information, or imposing conditions on any such

disclosure. OpenAI will not produce any such information or documents until applicable

conditions relative to third parties are satisfied. OpenAI further objects to this Request as overly

broad and not proportional to the needs of this case because OpenAI's efforts, if any, to develop a smartphone, constitute commercial Confidential Information.

Given the foregoing objections, OpenAI will not produce any documents responsive to this Request, but is willing to meet and confer regarding the information sought by this Request.

## DOCUMENT REQUEST NO. 8

Documents sufficient to show the extent to which OpenAI permits online publishers, websites, or content creators to selectively opt-out of having the content of their web pages or domains (a) used in search indexing, (b) used to train or fine-tune AI models or AI Products, (c) used in retrieval-augmented generation-based tools, or (d) displayed as AI-generated content on a SERP. This request seeks all responsive, non-privileged documents in OpenAI's possession, custody, or control created, altered, transmitted, or received at any time from May 6, 2022, to present.

## RESPONSE TO DOCUMENT REQUEST NO. 8

In addition to its General Objections, which are incorporated herein by reference, OpenAI objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "*all* responsive, non-privileged documents in OpenAI's possession, custody, or control . . . from May 6, 2022, to present." OpenAI further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because documents showing OpenAI's permitted web page or domain opt-outs do not relate to general search services or general search text advertising. OpenAI further objects to this Request as not relevant to the claims or defenses of any party during the remedies phase of this case. OpenAI further objects to this Request because the terms "search indexing," "train or fine-tune AI models or AI Products," "retrieval-augmented generation-based tools," and "AI-generated content on a SERP" are vague and ambiguous. OpenAI further objects to this Request to the extent that it

calls for the production of information or documents protected by confidentiality rights of third

parties pursuant to any agreement or undertaking prohibiting OpenAI from disclosing such

information, or imposing conditions on any such disclosure. OpenAI will not produce any such

information or documents until applicable conditions relative to third parties are satisfied.

OpenAI further objects to this Request as overly broad and not proportional to the needs of this

case to the extent that OpenAI's permitted web page or domain opt-outs for online publishers,

websites, or content creators constitute commercial Confidential Information.

 Subject to and without waiver of the foregoing objections, OpenAI will produce non-

privileged documents in its possession, custody, or control that are sufficient to show OpenAI's

opt-out policy as to OpenAI web crawlers as of December 20, 2024.

## DOCUMENT REQUEST NO. 9

Documents sufficient to show any safeguards that OpenAI implements to protect personal

privacy and security when entering into agreements with third parties that provide for the

disclosure of third-party proprietary data, user data and/or ads data. This request seeks all

responsive, non-privileged documents in OpenAI's possession, custody, or control created,

altered, transmitted, or received at any time from May 6, 2022, to present.

## RESPONSE TO DOCUMENT REQUEST NO. 9

 In addition to its General Objections, which are incorporated herein by reference, OpenAI

objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of

this case because it seeks documents showing "*any* safeguards that OpenAI implements to

protect personal privacy and security when entering into agreements with third parties that

provide for the disclosure of third-party proprietary data, user data and/or ads data" and seeks

"*all* responsive, non-privileged documents in OpenAI's possession, custody, or control . . . from

May 6, 2022, to present." OpenAI further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because such safeguards do not relate to general search services or general search text advertising. OpenAI further objects to this Request as not relevant to the claims or defenses of any party during the remedies phase of this case. OpenAI further objects to this Request to the extent that it calls for the production of information or documents protected by confidentiality rights of third parties pursuant to any agreement or undertaking prohibiting OpenAI from disclosing such information, or imposing conditions on any such disclosure. OpenAI will not produce any such information or documents until applicable conditions relative to third parties are satisfied. OpenAI further objects to this Request as overly broad and not proportional to the needs of this case because the "safeguards that OpenAI implements to protect personal privacy and security" constitute commercial Confidential Information.

Given the foregoing objections, OpenAI will not produce any documents responsive to this Request, but is willing to meet and confer regarding the information sought by this Request.

**DOCUMENT REQUEST NO. 10**

Documents sufficient to show OpenAI's rationale for not releasing GPT-4, GPT- 4o, OpenAI o1, OpenAI o3, or any subsequent model on an open source or open weight basis. This request seeks all responsive, non-privileged documents in OpenAI's possession, custody, or control created, altered, transmitted, or received at any time from May 6, 2022, to present.

**RESPONSE TO DOCUMENT REQUEST NO. 10**

In addition to its General Objections, which are incorporated herein by reference, OpenAI objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "*all* responsive, non-privileged documents in OpenAI's possession,

custody, or control . . . from May 6, 2022, to present." OpenAI further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because "OpenAI's rationale for not releasing GPT-4, GPT- 4o, OpenAI o1, OpenAI o3, or any subsequent model on an open source or open weight basis" does not relate to general search services or general search text advertising. OpenAI further objects to this Request as not relevant to the claims or defenses of any party during the remedies phase of this case. OpenAI further objects to this Request as overly broad and not proportional to the needs of this case because "OpenAI's rationale for not releasing GPT-4, GPT- 4o, OpenAI o1, OpenAI o3, or any subsequent model on an open source or open weight basis," if any, constitutes commercial Confidential Information.

Given the foregoing objections, OpenAI will not produce any documents responsive to this Request.

Date: January 9, 2025

*/s/ Ashok Ramani*
DAVIS POLK & WARDWELL LLP
Ashok Ramani
ashok.ramani@davispolk.com
Serge A. Voronov
serge.voronov@davispolk.com
900 Middlefield Road, Suite 200
Redwood City, CA 94063

Howard Shelanski
howard.shelanski@davispolk.com
901 15th Street, NW
Washington, DC 20005

*Counsel for OpenAI, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Angela Quach, hereby certify that on January 9, 2025, copies of the foregoing

NONPARTY OPENAI, INC.'S RESPONSES AND OBJECTIONS TO SUBPOENA TO

PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION

OF PREMISES IN A CIVIL ACTION were served upon the following as indicated.

John E. Schmidtlein
Benjamin M. Greenblum
Graham W. Safty
Christopher Yeager
Mihir Khetarpal
John McGowan
WILLIAMS & CONNOLLY LLP
680 Main Avenue, SW
Washington, DC 20024
jschmidtlein@wc.com
bgreenblum@wc.com
gsafty@wc.com
cyeager@wc.com
mkhetarpal@wc.com
jmcgowan@wc.com

☒  Via Email
☐  Via First Class Mail
☐  Via Express Delivery
☐  Via Hand Deliver

*/s/ Angela Quach*
Angela Quach
Senior Litigation Paralegal