# EXHIBIT A

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, et al., | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

| | |
|---|---|
| State of Colorado, et al., | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

**NONPARTY MICROSOFT CORPORATION'S OBJECTIONS AND RESPONSES TO GOOGLE, LLC'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Pursuant to Federal Rules of Civil Procedure 26, 34, and 45, nonparty Microsoft Corporation ("Microsoft"), by and through its undersigned counsel of record, hereby responds to Google, LLC's ("Google's") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action dated December 20, 2024 ("Google's Second Subpoena").

**PRELIMINARY STATEMENT**

1.     These responses are based on a diligent investigation conducted by Microsoft and

1

its counsel to date and reflect the current status of Microsoft's knowledge, understanding, and belief with respect to Google's Second Subpoena. Microsoft reserves the right to amend, modify, correct, or supplement its responses herein with whatever pertinent facts, information, or documents may subsequently be obtained or discovered. Microsoft further reserves the right to produce additional documents or other evidence at any time, up to and including the remedy hearing, and to object on appropriate grounds to the introduction into evidence of any portion of its responses or any documents that may be produced in response to Google's Second Subpoena.

2.     The production of any given document pursuant to Google's Second Subpoena is not an admission or acknowledgement by Microsoft that such document is relevant to any claim or defense in the above captioned actions ("Action") and is without prejudice to or waiver of any objection to any future use of such document that Microsoft may choose to make.

3.     Specific objections to each separate Subpoena Request ("Request") are made below ("Specific Objections"). Additionally, Microsoft makes certain continuing objections to the Requests for Production, also listed below ("Continuing Objections"). These Continuing Objections are incorporated by reference into all the responses made with respect to each separate Request. Microsoft's response to each individual Request is submitted without prejudice to, and without in any respect waiving, any Continuing Objections not expressly set forth in that response. Accordingly, the inclusion of any Specific Objection to a Request in any response below is neither intended as, nor shall in any way be deemed, a waiver of any Continuing Objection or of any other Specific Objection made herein or that may be asserted later.

## CONTINUING OBJECTIONS

1.     Microsoft objects to each and every Request, including without limitation, any portion of the definitions or instructions that seeks information or documents beyond the scope of

discovery for the Remedies Phase[1] of this Action as provided by Judge Mehta's August 5, 2024 Opinion, ECF No. 1033, the Federal Rules of Civil Procedure, or the Local Rules of the District Court for the District of Columbia, or that purports to impose obligations on Microsoft greater than or inconsistent with those imposed by Rules 26, 34, and 45 of the Federal Rules of Civil Procedure or the Local Rules for the District Court for the District of Columbia.

2.    Microsoft incorporates all Continuing Objections in Nonparty Microsoft's Objections and Responses to Google, LLC's October 22, 2024 Subpoena to Produce Documents, Information, or Objects to Permit Inspection of Premises in a Civil Action that were served upon Google on November 5, 2024.

3.    Microsoft incorporates all Objections to Definitions in Nonparty Microsoft's Objections and Responses to Google, LLC's October 22, 2024 Subpoena to Produce Documents, Information, or Objects to Permit Inspection of Premises in a Civil Action that were served upon Google on November 5, 2024.

4.    Microsoft objects to the "Definitions and Instructions" in Google's Second Subpoena to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific Request on the ground that such enlargement, expansion, or alteration renders such term or Request vague, ambiguous, unintelligible, overly broad, unduly burdensome, and/or uncertain.

5.    To the extent that Google's Second Subpoena incorporates the definition of "Microsoft," "you," "your," and "the company" as set forth in the subpoena issued by Plaintiffs in

---

[1] On December 6, 2021, the Court ordered this Action bifurcated such that the Court would hold separate trials on liability and, if necessary, remedies. ECF No. 264. Given the Court's August 5, 2024 liability findings, ECF No. 1033, the parties have now entered into discovery related to the separate trial on remedies, hereinafter referred to as the "Remedies Phase." Microsoft will refer to the trial on liability and its associated discovery period as the "Liability Phase."

*United States of America, et al. v. Google LLC*, No. 1:20-cv-03010 (D.D.C.) dated December 12, 2024 ("Plaintiffs' December 12, 2024 Subpoena"), Microsoft objects to that definition as overbroad, unduly burdensome, oppressive, not proportional to the needs of this case, and irrelevant to resolving the issues in the Remedies Phase of this Action to the extent it includes "domestic and foreign parents," "predecessors," "divisions," "subsidiaries," "affiliates," "partnerships," "joint ventures," "all directors, officers, employees, agents, and representatives of the foregoing," and "any person in which there is partial (25 percent or more) or total ownership or control between the company and any other person." Microsoft objects to the definition to the extent it seeks information regarding parties that are not reasonably identifiable. Microsoft objects to the definition to the extent it calls for legal conclusions with respect to any of the terms identified therein. Microsoft further objects to the definition of "Microsoft" as overbroad to the extent it includes non-US Microsoft entities without regard to those entities' relevance to any party's claims or defenses in the Remedies Phase of this Action.

6.     To the extent that Google's Second Subpoena incorporates the definition of "agreement" set forth in Plaintiffs' December 12, 2024 Subpoena, Microsoft objects to that definition as vague, overbroad, and unduly burdensome.

7.     To the extent that Google's Second Subpoena incorporates the definition of "AI Model" set forth in Plaintiffs' December 12, 2024 Subpoena, Microsoft objects to that definition on the grounds that the use of the phrase "and more" in the definition renders the definition overbroad, vague, unduly burdensome, and not proportional to the needs of the case.

8.     To the extent that Google's Second Subpoena incorporates the definition of "Android device" set forth in Plaintiffs' December 12, 2024 Subpoena, Microsoft objects to that definition as overbroad and unduly burdensome. Microsoft interprets "Android device" to be

limited to mobile devices (including smartphones and tablets) running any version of Android OS.

9.     To the extent that Google's Second Subpoena incorporates the definitions of "and," "or," and "any" set forth in Plaintiffs' December 12, 2024 Subpoena, Microsoft objects to those definitions as overbroad, unduly burdensome, and not proportional to the needs of the case.

10.     To the extent that Google's Second Subpoena incorporates the definition of "choice screen" set forth in Plaintiffs' December 12, 2024 Subpoena, Microsoft objects to that definition on the grounds that the use of the phrase "a selection from a list of two or more options" without further defining the substance of those options renders the definition overbroad, vague, unduly burdensome, and not proportional to the needs of the case.

11.     To the extent that Google's Second Subpoena incorporates the definition of "customer" and "consumer" set forth in Plaintiffs' December 12, 2024 Subpoena, Microsoft objects to that definition on the grounds that the term "end user" as used in the definition is vague and undefined.

12.     To the extent that Google's Second Subpoena incorporates the definition of "device" set forth in Plaintiffs' December 12, 2024 Subpoena, Microsoft objects to that definition as overbroad and unduly burdensome to the extent it includes "*any* electronic equipment (e.g., laptop, desktop computer, mobile phone, tablet, home service device, smart television, smartwatch, soundbar, home appliance, etc.) that uses a software OS and is primarily used to communicate or convey information[,]" without limitation to the electronic equipment's relevance to the issues being litigated during the Remedies Phase of this Action. Microsoft will use the term "device" in the manner consistent with how Microsoft uses this term in the ordinary course of its search, search text advertising, and artificial intelligence ("AI") businesses.

13.     To the extent that Google's Second Subpoena incorporates the definition of

"documents" set forth in Plaintiffs' December 12, 2024 Subpoena, Microsoft objects to that definition to the extent it is inconsistent with the Federal Rules of Evidence, the Local Rules of the District of Columbia, any order entered by the Court in this Action, or other applicable laws or rules, and to the extent it seeks to impose more than is required by the discovery provisions of the Federal Rules of Civil Procedure, and/or to the extent that it would pose an unreasonable and undue annoyance, burden, or expense, including, but not limited to, the translation of any document.

14.     To the extent that Google's Second Subpoena incorporates the definition of "general search services" set forth in Plaintiffs' December 12, 2024 Subpoena, Microsoft objects to that definition to the extent it is inconsistent with how the Court defined "general search services" in its August 5, 2024 Opinion, ECF No. 1033.

15.     To the extent that Google's Second Subpoena incorporates the definition of "generative AI" set forth in Plaintiffs' December 12, 2024 Subpoena, Microsoft objects to that definition as overbroad, vague, and ambiguous because it encompasses "the use of AI to create new information or content" regardless of its connection to the relevant markets as defined by the Court—i.e., the general search services and general search advertising markets. Microsoft also objects to the definition to the extent it encompasses products, services, features, tools, or functionalities that do not have the ability to retrieve or incorporate information from the web in response to a user's query regardless of input or output modality (text, images, videos) and/or encompasses generative AI models that are wholly distinct from, do not call, do not support and/or do not otherwise integrate or interact with products, services, features, tools or functionalities that do not have the ability to retrieve or incorporate information from the web.[2] Unless otherwise

---

[2] For avoidance of doubt, pursuant to its Continuing and Specific Objections, Microsoft considers Gemini Nano to be included in the definition of generative AI because it powers products, services, features and/or functionality of Gemini AI Assistant, which retrieves or otherwise provides information from the web in response to a user's query or prompt.

stated, for the purposes of responding to Google's Second Subpoena, Microsoft will interpret "generative AI" to mean a product, service, feature, or functionality that takes or receives a natural language input, query or prompt, regardless of input method, and has the ability to provide or retrieve information from the web when providing a response to a user's query, regardless of input (e.g., text, voice) or output modality (text, images, videos).

16.    To the extent that Google's Second Subpoena incorporates the definition of "Plans" set forth in Plaintiffs' December 12, 2024 Subpoena, Microsoft objects to that definition as overbroad, vague, and unduly burdensome. Microsoft interprets "Plans" to mean business strategies contained within the final drafts of materials (e.g., pre-reads, decks, and reports) that reach Microsoft's Board of Directors."

17.    To the extent that Google's Second Subpoena incorporates the definition of "web browser" set forth in Plaintiffs' December 12, 2024 Subpoena, Microsoft objects to that definition as overbroad, vague, ambiguous, and unduly burdensome. Microsoft will interpret will use the term "web browser" in the manner consistent with how Microsoft uses this term in the ordinary course of its search, search text advertising, Edge, and AI businesses.

18.    Microsoft objects to the definition of "AI Product" as used by Plaintiffs in their Proposed Final Judgement, and incorporated by reference into Google's Second Subpoena, as overbroad, vague, and ambiguous because it encompasses "*any* application, service, feature, tool, or functionality that involves artificial intelligence capabilities" regardless of its connection to the relevant markets as defined by the Court—i.e., the general search services and general search advertising markets. Microsoft also objects to the definition to the extent it encompasses products, services, features, tools, or functionalities that do not have the ability to retrieve or incorporate information from the web in response to a user's query regardless of input or output modality (text,

images, videos) and/or encompasses generative AI models that are wholly distinct from, do not call, do not support and/or do not otherwise integrate or interact with products, services, features, tools or functionalities that do not have the ability to retrieve or incorporate information from the web. Unless otherwise stated, for the purposes of responding to this Subpoena, Microsoft will interpret "AI Product" to mean a product, service, feature, or functionality that takes or receives a natural language input, query or prompt, regardless of input method, and has the ability to provide or retrieve information from the web when providing a response to a user's query, regardless of input (e.g., text, voice) or output modality (text, images, videos).

19.    Microsoft objects to the definition of "Competitor" as used by Plaintiffs in their Proposed Final Judgement, and incorporated by reference into Google's Second Subpoena, as overbroad, vague, and ambiguous as it uses the undefined, vague, ambiguous, and overly broad phrase "potential entrant."

20.    Microsoft objects to the definition "GSE" as used by Plaintiffs in their Proposed Final Judgement, as used by the States in their December 19, 2024 Subpoena, and as incorporated by reference into Google's Second Subpoena to the extent that definition expands the meaning of "General Search Engine" or "GSE" beyond the meaning defined and used in the Court's August 5, 2024 opinion. ECF No. 1033.

21.    Microsoft objects to definition of "Search Feature" as vague, overbroad, unduly burdensome, and not proportional to the needs of the case. Microsoft will use the term "Search Feature" in the manner consistent with how Microsoft uses this term in the ordinary course of its search and search advertising businesses.

## RELEVANT TIME PERIOD

1.    As expressly noted below, and regardless of the timeframe stated in any given Request, Microsoft limits each of its responses to Google's Requests to documents dated May 6,

2022 to Present, which begins at the date on which fact discovery closed in the Liability Phase and is consistent with Google's Request time period for the majority of the Requests contained within Google's Second Subpoena.

## II.    REQUESTS FOR PRODUCTION

1.    **All documents, data, and other information requested by the Plaintiffs in** *United States of America, et al. v. Google LLC*, **No. 1:20-cv-03010 (D.D.C.) in their subpoena to Microsoft Corporation, dated December 12, 2024, which is incorporated herein.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft objects to this Request for all documents, data, and other information "requested by" Plaintiff United States of America in its subpoena dated December 12, 2024 to the extent that any request by Plaintiffs is itself objectionable, including but not limited to (a) that the request requires the production of electronically stored information ("ESI") that is not reasonably accessible or that is inaccessible under the meaning of Fed. R. Civ. P. 26 and 45; (b) that the request imposes an undue burden and expense on Microsoft, a nonparty; (c) that the burden and expense of the proposed discovery outweighs its likely benefit; (d) that the request is not proportional to the needs of this Action; (e) that the request is overly broad; (f) that the request is irrelevant to the claims and defenses of the parties in this Action; (g) that the request is cumulative, duplicative, or overlapping of other requests directed to Microsoft in this Action; (h) that the request seeks disclosure of documents constituting an unwarranted invasion of an affected person's constitutional, statutory, and/or common law right of privacy and confidentiality; (i) that the request seeks information held outside of the United States, is outside of Microsoft's custody, control, or possession, and/or is subject to domestic or foreign data privacy laws and potentially prohibited from disclosure, including but not limited to the Consumer Privacy Act of 2018 ("CCPA") Cal. Civ. Code 1798.100 *et seq.*, the California Privacy Rights and Enforcement Act ("CPRA") of 2020 Cal. Civ. Code

1798.100 *et seq*., the Electronic Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. §§ 2510-2523, the Stored Communications Act ("SCA") 18 U.S.C. 121 §§ 2701-2712, and Regulation (EU) 2016/679 of the European Parliament and Council ("GDPR"); (j) that the request seeks disclosure of documents containing communications or other matters protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, protection, or doctrine; (k) that the request requires the production of documents or information that are not in Microsoft's possession, custody, or control; (l) that the request calls for Microsoft to produce documents that are publicly available or equally available to any other party; (m) that the request calls for Microsoft to produce documents that are more appropriately and conveniently obtained through other sources that are more convenient, less burdensome, or less expensive; and (n) that the request uses terms or phrases that are vague, undefined, uncertain, ambiguous, unintelligible, circular, lack specificity, unduly burdensome, not proportional to the needs of the case, speculative, and/or call for a legal conclusion. Microsoft does not waive any potential objections or otherwise concede that any documents are required to be produced by any request by a Plaintiff and further reserves all rights with respect to any such request. Microsoft further objects to the extent this Request seeks information that is irrelevant to the Remedies Phase of this Action or is duplicative of documents produced during the Liability Phase.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft responds as follows: Microsoft will continue to provide any production of documents in this Action to all parties contemporaneously.

2. **To the extent not produced in response to other requests, all documents relating to the following categories of documents (for which Plaintiffs have requested only documents sufficient to show):**

    a. **The Company's efforts to distribute generative AI products on Android Devices.**

      **b.**    **The Company's plans for on-device AI or any potential agreements to have the Company's on-device AI preinstalled on Android Devices.**
      **c.**    **The Company's current and future product development efforts related to (1) the integration of generative AI products and features into Bing or (2) generative AI products including plans related to the introduction, creation, distribution, monetization, and release of generative AI agents.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft objects to this Request on the grounds that it is overbroad, disproportionate to the needs of the case, and unduly burdensome for a nonparty. Microsoft further objects to this Request because it seeks "*all* documents" relating to the above categories a-c without limitation to materials relevant to the issues being litigated in the Remedies Phase of this Action. Microsoft further objects to this Request as overbroad, disproportionate to the needs of the case, and unduly burdensome for a nonparty to the extent it seeks materials related to Microsoft's "efforts to distribute generative AI products on Android Devices[,]" "plans for on-device AI or any potential agreement to have the Company's on-device AI preinstalled on Android Devices[,]" and "current and future product development efforts related to generative AI products[,]" without limitation to materials relevant to the issues being litigated in the Remedies Phase of this Action. Microsoft also objects to the definitions of the terms "generative AI products," "on-device AI," and "generative AI agents," which are overly broad, vague, and unduly burdensome on a nonparty. As used in this Request, Microsoft will interpret "generative AI products," "on-device AI," and "generative AI agents" to jointly refer to products, services, features, or functionalities that take or receive a natural language input, query or prompt, regardless of input method, and have the ability to provide or retrieve information from the web when providing a response to a user's query, regardless of input (e.g., text, voice) or output modality (text, images, videos). Microsoft also objects to the definition of "Bing" to the extent that it includes any Microsoft vertical search services or vertical search

applications as this definition is overbroad and unduly burdensome. Microsoft further objects to the term "distribute" as undefined, overbroad, vague, and ambiguous. Microsoft will use the term "distribute" as it is used in the ordinary course by Microsoft's business development team. Microsoft further objects to the terms "Android device" and "devices" consistent with its objections in ¶ 8 of Microsoft's Continuing Objections above. Microsoft interprets "Android device" and "devices" to be limited to mobile devices (including smartphones and tablets). Microsoft further objects to the terms "plans" and "product development efforts" as overbroad and unduly burdensome. Microsoft further objects to this Request to the extent that it seeks documents and communications that are protected by privilege, including, without limitation, the attorney-client privilege, the work-product doctrine, any joint-defense privilege, common-interest privilege, settlement materials, or trial-preparation materials. Microsoft also objects to this Request to the extent it is duplicative of Request No. 1 in Google's Second Subpoena, as well as to the extent it is duplicative of Request Nos. 1, 2, 8, 20, and 21 in Google's October 22, 2024 Subpoena ("Google's First Subpoena").

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search: (a) Documents that relate to Microsoft's efforts to distribute generative AI products on Android Devices; (b) Documents that relate to Microsoft's announced plans for on-device AI or potential agreements to have Microsoft's on-device AI preinstalled on Android Devices; and (c) Documents that relate to (1) Microsoft's announced product development efforts related to the integration of generative AI products and features into Bing and (2) Microsoft's announced product development efforts related to Microsoft generative AI products that have some connection to search, search features, or search access points, including

plans related to the introduction, creation, distribution, monetization, and release of generative AI agents. As used in this Response, the terms "product development efforts," "generative AI products," "on-device AI," "Bing," "plans," and "generative AI agents" have the definitions and limitations articulated in the objections above. Additionally, as used in this Response, Microsoft intends the term "search access points" to mean any tool, feature, or product that allows users to enter queries or prompts and access information from the web to respond to those queries, including search apps, search widgets, browsers, voice assistants, and generative AI assistants capable of retrieving web-based information.

3.    **All documents, data, and other information requested by the Plaintiffs in *State of Colorado, et al. v. Google LLC*, No. 1:20-cv-03715 (D.D.C.), in their subpoena to Microsoft Corporation, dated December 19, 2024, which is incorporated herein.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft objects to this Request for all documents, data, and other information "requested by" the Plaintiffs in their subpoena dated December 19, 2024 to the extent that any request by the Plaintiffs is itself objectionable, including but not limited to (a) that the request requires the production of ESI that is not reasonably accessible or that is inaccessible under the meaning of Fed. R. Civ. Proc. 26 and 45; (b) that the request imposes an undue burden and expense on Microsoft, a nonparty; (c) that the burden and expense of the proposed discovery outweighs its likely benefit; (d) that the request is not proportional to the needs of this Action; (e) that the request is overly broad; (f) that the request is irrelevant to the claims and defenses of the parties in this Action; (g) that the request is cumulative, duplicative, or overlapping of other requests directed to Microsoft in the Proceedings; (h) that the request seeks disclosure of documents constituting an unwarranted invasion of an affected person's constitutional, statutory, and/or common law right of privacy and confidentiality; (i) that the request seeks information held outside of the United States, is outside of Microsoft's

custody, control, or possession, and/or is subject to domestic or foreign data privacy laws and potentially prohibited from disclosure, including but not limited to the Consumer Privacy Act of 2018 ("CCPA") Cal. Civ. Code 1798.100 *et seq.*, the California Privacy Rights and Enforcement Act ("CPRA") of 2020 Cal. Civ. Code 1798.100 *et seq.*, the Electronic Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. §§ 2510-2523, the Stored Communications Act ("SCA") 18 U.S.C. 121 §§ 2701-2712, and Regulation (EU) 2016/679 of the European Parliament and Council ("GDPR"); (j) that the request seeks disclosure of documents containing communications or other matters protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, protection, or doctrine; (k) that the request requires the production of documents or information that are not in Microsoft's possession, custody, or control; (l) that the request calls for Microsoft to produce documents that are publicly available or equally available to any other party; (m) that the request calls for Microsoft to produce documents that are more appropriately and conveniently obtained through other sources that are more convenient, less burdensome, or less expensive; and (n) that the request uses terms or phrases that are vague, undefined, uncertain, ambiguous, unintelligible, circular, lack specificity, unduly burdensome, not proportional to the needs of the case, speculative, and/or call for a legal conclusion. Microsoft does not waive any potential objections or otherwise concede that any documents are required to be produced by any request by a Plaintiff and further reserves all rights with respect to any such request. Microsoft further objects to the extent this Request seeks information that is irrelevant to the Remedies Phase of this Action or is duplicative of documents produced during the Liability Phase.

Subject to and without waiving the above-referenced Continuing and Specific Objections,

Microsoft responds as follows: Microsoft will continue to provide any production of documents in

this Action to all parties contemporaneously.

4. **All documents of the following current or former Microsoft employees, as well as the documents of their direct report(s) and immediate supervisor, relating to [a] "Search Access Points, distribution, and barriers to entry and expansion," [b] "data sharing," and [c] "generative AI's relationship with Search Access Points," ECF 1072-2 at 3-4, to the extent not produced in response to other requests:**

    a. **Charlie Beard;**
    b. **Rob Cromwell;**
    c. **Michael Schechter;**
    d. **Jonathan Tinter;**
    e. **Shilpa Anand;**
    f. **Mikhail Parakhin; and**
    g. **Jordi Ribas.**

**This request seeks all responsive, non-privileged documents in Microsoft's possession, custody, or control created, altered, transmitted, or received at any time from May 6, 2022, to present.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft

further objects to this Request on the grounds that it is overbroad, disproportionate to the needs of

the case, and unduly burdensome for a nonparty, in violation of Fed. R. Civ. P. 45(d)(1), because

it seeks "*all* documents" relating to the above overly broad, vague, and ambiguous categories a-c

for the above-listed "Microsoft employees, as well as the documents of their *direct report(s) and*

*immediate supervisor*" without limitation to materials relevant to the issues being litigated into the

Remedies Phase of this Action. Microsoft objects to the phrases "Search Access Points,

distribution, and barriers to entry and expansion," "data sharing," and "generative AI's relation

with Search Access Points," as overbroad, vague, ambiguous, and unduly burdensome. As used in

this Request, Microsoft will interpret "Search Access Points" to mean any tool, feature, or product

that allows users to enter queries or prompts and access information from the web, including search

apps, search widgets, browsers, voice assistants, and generative AI assistants capable of retrieving

web-based information. Microsoft also objects to the extent this Request seeks custodial searches for greater than fifteen custodians in violation of Section IV.C of the Court's September 25, 2024 Discovery Order. Microsoft objects to this Request as duplicative of Requests Nos. 1, 2, 8, 15, 18, 22, 31, 32, 33, 34, 38, and 40 in Google's First Subpoena. Microsoft objects to the extent this Request seeks information that is irrelevant to the Remedies Phase of this Action. Microsoft objects to this Request to the extent that it seeks documents and communications that are protected by privilege, including, without limitation, the attorney-client privilege, the work-product doctrine, any joint-defense privilege, common-interest privilege, settlement materials, or trial-preparation materials.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft responds as follows: Microsoft will produce the following non-privileged materials responsive to this Request that it is able to identify through a reasonable search, some of which has already been, or will be, produced in response to Requests Nos. 1, 2, 8, 22, 31, and 38 of Google's First Subpoena: Documents sufficient to show (1) Microsoft products that qualify as Search Access Points, as that term is defined in the objections above; (2) Microsoft's attempts to distribute Microsoft products that qualify as Search Access Points, as defined in the objection above; (3) Microsoft's understanding of the barriers to entering the general search services market; (4) Microsoft's understanding of whether data sharing would improve Microsoft's ability to compete in the general search services and general search text advertising markets; and (5) how generative AI is impacting search and search text advertising competition, functionality, and quality. Microsoft will not search the custodial files of the "direct report(s) and immediate supervisor[s]" of the above-listed Microsoft employees, except to the extent those direct reports or supervisors are also specifically listed in a-g above.

16

5. **All documents of Satya Nadella, Kevin Scott, Mustafa Suleyman, Mikhail Parakhin, Jordi Ribas, and Rangan Majumder relating to Microsoft's strategy with respect to AI Products, the integration of artificial intelligence into search-related products, and the OpenAI partnership, to the extent not produced in response to other requests. This request seeks all responsive, non-privileged documents in Microsoft's possession, custody, or control created, altered, transmitted, or received at any time from May 6, 2022, to present.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft objects to this Request as overbroad, unduly burdensome for a nonparty, and disproportionate to the needs of the case because it seeks "*all* documents" relating to the subject matter of the Request without limitation to materials relevant to the issues being litigated into the Remedies Phase of this Action. Microsoft further objects to this Request as vague, overbroad, and unduly burdensome to the extent it seeks documents relating to "Microsoft's strategy with respect to AI Products," "the integration of artificial intelligence into search-related products," and "the OpenAI partnership," without limitation to materials relevant to the issues being litigated into the Remedies Phase of this Action. Microsoft objects to the term "AI Products" as vague, ambiguous, overbroad, and unduly burdensome. As used in this Request, Microsoft will interpret "AI Products" to refer to products, services, features, or functionalities that take or receive a natural language input, query or prompt, regardless of input method, and have the ability to provide or retrieve information from the web when providing a response to a user's query, regardless of input (e.g., text, voice) or output modality (text, images, videos). Microsoft also objects to the terms "artificial intelligence" and "search-related products" as undefined, vague, ambiguous, overbroad, and unduly burdensome. Microsoft further objects to this Request as duplicative of Request Nos. 2 and 4 in Google's Second Subpoena and Requests Nos. 1, 2, 8, 13, 15, 18, 20, 21, 32, and 38 in Google's First Subpoena. Microsoft objects to this Request to the extent that it seeks documents and communications that are protected by privilege, including, without limitation, the attorney-client privilege, the work-

product doctrine, any joint-defense privilege, common-interest privilege, settlement materials, or trial-preparation materials.

Microsoft objects to producing documents related to Microsoft's strategy with respect to the "OpenAI partnership." As an initial matter, the term "OpenAI partnership" is vague, ambiguous, overbroad, and unduly burdensome to the extent that it encompasses aspects of Microsoft's relationship with OpenAI that are disconnected from search, search features, or search access points.[3] As the State Plaintiffs have noted, at the Remedies Phase, the parties are not litigating "every aspect of how OpenAI and any other LLM might compete with Google[, which is] a wild expansion way beyond the contours of [the Plaintiffs'] very specific and targeted arguments." Dec. 20, 2024 Status Conference Tr. 28:5-8. The Court similarly stated that the details of Microsoft and OpenAI's relationship with respect to the investment, supercomputing, and fees and payments "do not seem particularly relevant to the AI-related remedies, at least at the level that the Department of Justice and the plaintiffs are seeking remedies." *Id.* at 7:1-5. Moreover, Microsoft has already produced, in response to Request No. 13 of Google's First Subpoena, numerous agreements between Microsoft and OpenAI relating to their partnership. The Court indicated that to the extent Google wants to make sure it has "a fulsome picture of the relationship between the two companies [Microsoft and OpenAI], . . . there's a fair amount that's been disclosed in the unredacted portions of the agreements" Microsoft produced, *id.* at 6:19-23; *see also id.* at 15:24-16:1 (Judge Mehta stating: "I mean, you've already got, you know, hundreds and hundreds of pages laying out the commitments of these companies have made to one another"). Further, counsel for Google has admitted that information about Microsoft's relationship with OpenAI is

---

[3] Microsoft interprets "search access points" as used in this Response to mean any tool, feature, or product that allows users to enter queries or prompts and access information from the web, including search apps, search widgets, browsers, voice assistants, and generative AI assistants capable of retrieving web-based information.

publicly available. *Id.* at 8:6-9; *see e.g., OpenAI forms exclusive computing partnership with Microsoft to build new Azure AI supercomputing technologies*, Microsoft.com (July 22, 2019), https://news.microsoft.com/2019/07/22/openai-forms-exclusive-computing-partnership-with-microsoft-to-build-new-azure-ai-supercomputing-technologies/?utm_source=Direct; *Microsoft and OpenAI extend partnership*, Microsoft.com (Jan. 23, 2023), https://blogs.microsoft.com/blog/2023/01/23/microsoftandopenaiextendpartnership/?ref=wheresy oured.at. Additional detail is not necessary or relevant.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft responds as follows: Microsoft will produce documents as described in Microsoft's response to Request No. 2 of this Subpoena and incorporates its Response to Request No. 2 by reference. Additionally, Microsoft has already produced relevant agreements with OpenAI in response to Request No. 13 in Google's First Subpoena and has agreed to produce Board documents relating to competition, competitors, strategy, market analyses in search features and generative AI in response to Request No. 32 in Google's First Subpoena. For the avoidance of doubt, Microsoft will not produce any other documents in response to this Request.

6.    **Documents sufficient to show Microsoft's projection of artificial intelligence's contribution to the revenue or profitability of (a) Microsoft's "Productivity and Business Processes" business segment, (b) Microsoft's "Intelligent Cloud" business segment, (c) Microsoft's "More Personal Computing" business segment, and (d) Microsoft generally. This request seeks all responsive, non-privileged documents in Microsoft's possession, custody, or control created, altered, transmitted, or received at any time from May 6, 2022, to present.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft further objects to this Request as unduly burdensome for nonparty and irrelevant to the Remedies Phase of this Action because Microsoft's revenue and profitability projections with respect to "artificial intelligence" are unrelated to the issues being litigation in the Remedies Phase of this

Action. Microsoft also objects to the term "artificial intelligence" as vague, ambiguous, overbroad, and unduly burdensome. Microsoft will interpret "artificial intelligence" as used in this Request to refer to products, services, features, or functionalities that take or receive a natural language input, query or prompt, regardless of input method, and have the ability to provide or retrieve information from the web when providing a response to a user's query, regardless of input (e.g., text, voice) or output modality (text, images, videos). Microsoft further objects to this Request to the extent it seeks information not kept, tracked, or maintained in the ordinary course of business. Microsoft objects to this Request to the extent it is duplicative of Request No. 32 in Google's First Subpoena. Microsoft objects to this Request to the extent that it seeks documents and communications that are protected by privilege, including, without limitation, the attorney-client privilege, the work-product doctrine, any joint-defense privilege, common-interest privilege, settlement materials, or trial-preparation materials.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft responds as follows: In response to Request No. 32 in Google's First Subpoena Microsoft has agreed to produce final Board documents regarding "competition, competitors, strategy, or market analyses in generative artificial intelligence[.]"[4] To the extent the information sought in this Request exists, it would be located in these documents, the documents Microsoft has agreed to produce in response to Request No. 2 of Google's Second Subpoena, or publicly available regulatory filings. For the avoidance of doubt, Microsoft will not produce any other documents in response to this Request.

7.     **All documents relating to the potential or actual acquisition of financial interests in OpenAI or Perplexity. Documents within the scope of this request include any**

---

[4] Subject to the limitations articulated in Julia Chapman's November 21, 2024 letter to Ben Greenblum: "Microsoft agrees to conduct a reasonable search for responsive, non-privileged documents responsive to [Request No. 32] on the condition that Google will agree that Microsoft can produce such documents with redactions applied to highly confidential materials that are not responsive to this Request."

communications between or among Microsoft and OpenAI or Perplexity regarding regulatory, antitrust, or competition considerations associated with Microsoft's potential or actual acquisition of investment interests in OpenAI or Perplexity. See, e.g., Kevin McLaughlin, Legal Threats, Google Competition Loom Over Perplexity's "Newbie CEO," THE INFORMATION (Oct. 25, 2024), available at https://www.theinformation.com/articles/legal-threats-google-competition-loom-over-perplexitys-newbie-ceo. This request seeks all responsive, non-privileged documents in Microsoft's possession, custody, or control created, altered, transmitted, or received at any time from May 6, 2022, to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft objects to this Request as overbroad and unduly burdensome for a nonparty because it seeks "*all* documents relating to the potential or actual acquisition of financial interests in OpenAI or Perplexity" without limitation to materials relevant to the issues being litigated in the Remedies Phase of this Action. Microsoft further objects to the extent this Request seeks information that is irrelevant to the issues being litigated in the Remedies Phase of this Action, largely privileged, and/or non-existent. Microsoft objects to the phrases "potential . . . acquisition[,]" "acquisition of financial interests[,]" and "acquisition of investment interests" as vague, ambiguous, overbroad, and unduly burdensome. Microsoft objects to this Request to the extent that it seeks documents and communications that are protected by privilege, including, without limitation, the attorney-client privilege, the work-product doctrine, any joint-defense privilege, common-interest privilege, settlement materials, or trial-preparation materials.

Microsoft further incorporates by reference its objections with respect to Google's requests for information relating to Microsoft's relationship with OpenAI as articulated above in Microsoft's response to Request 5. In particular, Microsoft objects to producing documents related to "the potential or actual acquisition of financial interests in OpenAI[,]" including "communications between or among Microsoft and OpenAI . . . regarding regulatory, antitrust, or competition considerations associated with Microsoft's potential or actual acquisition of

investment interests in OpenAI[,]" on the grounds that such Google's request is vague, ambiguous, overbroad, and unduly burdensome to the extent that it encompasses aspects of Microsoft's relationship with OpenAI that are disconnected from search, search features, or search access points.[5] As the State Plaintiffs have noted, at the Remedies Phase, the parties are not litigating "every aspect of how OpenAI and any other LLM might compete with Google[, which is] a wild expansion way beyond the contours of [the Plaintiffs'] very specific and targeted arguments." Dec. 20, 2024 Status Conference Tr. 28:5-8. Moreover, the Court has noted that (1) Google already has "hundreds and hundreds of pages laying out the commitments of these companies have made to one another," *id.* at 15:24-16:1 and (2) to the extent that Google wants "to have understandings of the relationships, [Google] will have the opportunity to ask those questions" during the depositions of Microsoft and OpenAI employees, *id.* at 29:15-19. Further, Microsoft's investment in OpenAI is public knowledge. *See e.g., Microsoft CFO says OpenAI investment will cut into profit this quarter*, CNBC (Oct. 30, 2024), https://www.cnbc.com/2024/10/30/microsoft-cfo-says-openai-investment-will-cut-into-profit-this-quarter.html. Additional information regarding Microsoft's investment in OpenAI is neither necessary nor relevant.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft responds as follows: Microsoft has produced agreements with OpenAI and Perplexity consistent with the Court's instruction on November 26, 2024. In particular, Microsoft has produced agreements sufficient to show the commercial relationships between Microsoft and OpenAI and Perplexity to the extent those agreements relate to: (1) the integration of AI technologies owned by these companies into Microsoft Bing or Microsoft Copilot; (2) the

---

[5] Microsoft interprets "search access points" as used in this Response to mean any tool, feature, or product that allows users to enter queries or prompts and access information from the web, including search apps, search widgets, browsers, voice assistants, and generative AI assistants capable of retrieving web-based information.

provision of search services or search advertising services to these companies; and (3) the provision of search-related data to these companies. For the avoidance of doubt, Microsoft will not produce any other documents in response to this Request.

8.      **Documents sufficient to show the extent to which Microsoft permits online publishers, websites, or content creators to selectively opt-out of having the content of their web pages or domains (a) used in search indexing, (b) used to train or fine-tune AI models or AI Products, (c) used in retrieval-augmented generation-based tools, or (d) displayed as AI-generated content on its SERP. This request seeks all responsive, non-privileged documents in Microsoft's possession, custody, or control created, altered, transmitted, or received at any time from May 6, 2022, to present.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is irrelevant to the issues being litigated in the Remedies Phase of this Action. Microsoft also objects to this Request to the extent that its request for "documents sufficient to show" contradicts its request for "all responsive, non-privileged documents." Microsoft interprets this Request as asking for documents sufficient to show the subject matter of the Request. Microsoft objects to this Request to the extent it seeks information that may be obtained from other sources or through other means of discovery that are more efficient including but not limited to publicly available information or information readily accessible to Google. Microsoft objects to this Request to the extent that it seeks documents and communications that are protected by privilege, including, without limitation, the attorney-client privilege, the work-product doctrine, any joint-defense privilege, common-interest privilege, settlement materials, or trial-preparation materials.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search: Documents sufficient to show the extent to which Microsoft permits online publishers, websites, or content creators to opt-out of having the content

of their web pages or domains (a) used in search indexing, (b) used to train or fine-tune AI models or AI Products, (c) used in retrieval-augmented generation-based tools, or (d) displayed as AI-generated content on its SERP.

9. **Documents sufficient to show the extent of Microsoft's investments, holdings, or interests in any Competitor, any company that controls a Search Access Point or an AI Product, or in any AI Products or any technologies that are potential entrants into the GSE or Search Text Ads markets or reasonably anticipated competitive threats to GSEs. This request seeks all responsive, non-privileged documents in Microsoft's possession, custody, or control created, altered, transmitted, or received at any time from May 6, 2022, to present.**

## RESPONSE TO REQUEST FOR PRODCUTION NO. 9

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft objects to this Request as overbroad and unduly burdensome for a nonparty both because it seeks information that is irrelevant to the issues being litigated during the Remedies Phase of this Action and because the Request is so broad such that the scope contemplated by the Request is unintelligible. In particular, Microsoft objects to the terms and phrases "investments, holdings, or interests," "controls," "Search Access Point," "AI Product," "potential entrants," and "reasonably anticipated competitive threats" as undefined, vague, ambiguous, overbroad, and unduly burdensome. Microsoft further objects to the term "Competitors" as overly broad, vague, and ambiguous as articulated in ¶ 19 of Microsoft's Continuing Objections above. Microsoft also objects to this Request to the extent that its request for "documents sufficient to show" contradicts its request for "all responsive, non-privileged documents." Microsoft interprets this Request as asking for documents sufficient to show the subject matter of the Request. Microsoft further objects to this Request to the extent it seeks information that may be obtained from other sources or through other means of discovery that are more efficient including but not limited to publicly available information. Microsoft objects to this Request to the extent that it seeks documents and communications that are protected by privilege, including, without limitation, the attorney-client

privilege, the work-product doctrine, any joint-defense privilege, common-interest privilege, settlement materials, or trial-preparation materials.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft responds as follows: Microsoft will not produce documents in response to this Request.

10.     **To the extent not produced in response to Request No. 9, documents sufficient to identify any joint venture, partnership, or collaboration, between Microsoft and (a) any company that competes with Google in the GSE or Search Text Ads markets or (b) any company that controls a Search Access Point or query-based AI Product. This request seeks all responsive, non-privileged documents in Microsoft's possession, custody, or control created, altered, transmitted, or received at any time from May 6, 2022, to present.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft objects to this Request as overbroad and unduly burdensome for a nonparty because it seeks information that is both irrelevant to the issues being litigated during the Remedies Phase of this Action and/or not tracked, kept, or maintained in the ordinary course of business. Microsoft further objects to this Request as it seeks information regarding "*any* joint venture, partnership, or collaboration" without limitation to joint ventures, partnerships, or collaborations that are relevant to the issues being litigated during the Remedies Phase of this Action. Microsoft objects to the terms "partnership," "collaboration," "control," "Search Access Point," and "query-based AI Product" as undefined, vague, ambiguous, overbroad, and unduly burdensome. Microsoft also objects to this Request to the extent that its request for "documents sufficient to show" contradicts its request for "all responsive, non-privileged documents." Microsoft interprets this Request as asking for documents sufficient to show the subject matter of the Request. Microsoft further objects to this Request to the extent it seeks information that may be obtained from other sources or through other means of discovery that are more efficient including but not limited to publicly available information. Microsoft objects to this Request to the extent that it seeks documents and

communications that are protected by privilege, including, without limitation, the attorney-client privilege, the work-product doctrine, any joint-defense privilege, common-interest privilege, settlement materials, or trial-preparation materials.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft responds as follows: Based on a reasonable investigation, Microsoft does not track Google's competitors in the ordinary course of business. Nevertheless, Microsoft has agreed to produce, in Response to Request No. 32 in Google's First Subpoena,[6] final Board documents discussing "competition, competitors, strategy, or market analyses" with respect to (1) "features, paid or unpaid, that appear on a Bing SERP;" (2) "generative artificial intelligence;" (3) and search text advertising. To the extent relevant information exists, the documents Microsoft has agreed to produce in response to Request No. 32 of Google's First Subpoena are sufficient to respond to this Request. Additionally, in Response to Request No. 13 in Google's First Subpoena, Microsoft has produced agreements with OpenAI, Inflection AI, and Perplexity AI to the extent those agreements relate to: (1) the integration of AI technologies owned by these companies into Microsoft Bing or Microsoft Copilot; (2) the provision of search services or search advertising services to these companies; and (3) the provision of search-related data to these companies. For the avoidance of doubt, Microsoft will not produce any other documents responsive to this Request.

11.     **Documents sufficient to show any Microsoft-owned or -operated asset (including any software, website, Device, service, dataset, algorithm, or app) that incorporates any AI Product. This request seeks all responsive, non-privileged documents in Microsoft's possession, custody, or control created, altered, transmitted, or received at any time from May 6, 2022, to present.**

---

[6] Subject to the limitations articulated in Julia Chapman's November 21, 2024 letter to Ben Greenblum: "Microsoft agrees to conduct a reasonable search for responsive, non-privileged documents responsive to [Request No. 32] on the condition that Google will agree that Microsoft can produce such documents with redactions applied to highly confidential materials that are not responsive to this Request."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

      Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft objects to this Request as overbroad and unduly burdensome to the extent that it seeks information that is irrelevant to the issues being litigated during the Remedies Phase of this Action. Microsoft further objects to this Request as overbroad and unduly burdensome because it seeks documents sufficient to show "*any* Microsoft-owned or -operated asset (including *any* software, website, Device, service, dataset, algorithm, or app)" without limitation to assets that have connection to the markets at issue in this Action (i.e., the general search services and general search text advertising markets) and without regard to whether information related to those assets is relevant to the issues being litigated during the Remedies Phase of this Action. Microsoft objects to the term "AI Product" as overbroad and unduly burdensome. Microsoft will interpret "AI Product" to refer to a product, service, feature, or functionalities that takes or receives a natural language input, query or prompt, regardless of input method, and has the ability to provide or retrieve information from the web when providing a response to a user's query, regardless of input (e.g., text, voice) or output modality (text, images, videos). Microsoft also objects to this Request to the extent that its request for "documents sufficient to show" contradicts its request for "all responsive, non-privileged documents." Microsoft interprets this Request as asking for documents sufficient to show the subject matter of the Request. Microsoft objects to this Request to the extent that it seeks documents and communications that are protected by privilege, including, without limitation, the attorney-client privilege, the work-product doctrine, any joint-defense privilege, common-interest privilege, settlement materials, or trial-preparation materials.

      Microsoft objects to this Request as duplicative of Request Nos. 20 and 21 in Google's First Subpoena and Request No. 2 in Google's Second Subpoena.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft responds as follows: Microsoft has agreed to produce documents sufficient to identify Microsoft's consumer Generative AI Tool offerings that are developed, built, or otherwise offered by Microsoft's AI organization in response to Request No. 20 in Google's First Subpoena. Microsoft has also agreed to produce, in response to Request No. 2 of Google's Second Subpoena, documents that relate to (1) Microsoft's announced product development efforts related to the integration of generative AI products and features into Bing and (2) Microsoft's announced product development efforts related to Microsoft generative AI products that have some connection to search, search features, or search access points, including plans related to the introduction, creation, distribution, monetization, and release of generative AI agents.[7] To the extent this Requests calls for documents beyond these categories of information, Microsoft will not produce any other documents responsive to this Request.

12. **Documents sufficient to show Microsoft's investment in privacy and security, from any time from May 6, 2022, to present, including the number of employees on the Microsoft Privacy Team and employees reporting to the Microsoft Data Protection Officer, the amount Microsoft invests in privacy-enhancing technologies such as differential privacy and k-anonymity, and the amount Microsoft invests in the security of storage for queries such as Container Native Storage or Cloud Native Storage.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft further objects to this Request as overbroad and unduly burdensome for a nonparty because it seeks information that is irrelevant to the issues being litigated during the Remedies Phase of this Action, including information on Microsoft privacy and security practices that are wholly unrelated to the

---

[7] As used in this Response, the terms "product development efforts," "generative AI products," "Bing," "plans," and "generative AI agents" have the definitions and limitations articulated in the specific objections to Request No. 2 in Google's Second Subpoena. Additionally, as used in this Response, Microsoft intends the term "search access points" to mean any tool, feature, or product that allows users to enter queries or prompts and access information from the web to respond to those queries, including search apps, search widgets, browsers, voice assistants, and generative AI assistants capable of retrieving web-based information.

markets at issue in this Action. Microsoft further objects to the terms "investment," "privacy,"

"security," and "privacy-enhancing technologies" as undefined, vague, ambiguous, overbroad, and

unduly burdensome. Microsoft also objects to this Request as seeking information that is not kept,

tracked, or maintained in the ordinary course of business. Microsoft objects to this Request to the

extent that it seeks documents and communications that are protected by privilege, including,

without limitation, the attorney-client privilege, the work-product doctrine, any joint-defense

privilege, common-interest privilege, settlement materials, or trial-preparation materials.

Subject to and without waiving the above-referenced Continuing and Specific Objections,

Microsoft responds as follows: Microsoft will not produce documents in response to this Request.

13.    **Documents sufficient to show any safeguards that Microsoft implements to protect personal privacy and security when entering into agreements with third parties that provide for the disclosure of third-party proprietary data, user data and/or ads data. This request seeks all responsive, non-privileged documents in Microsoft's possession, custody, or control created, altered, transmitted, or received at any time from May 6, 2022, to present.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft

objects to this Request as overbroad and unduly burdensome for a nonparty because it seeks

information that is irrelevant to the issues being litigated during the Remedies Phase of this Action,

including information on Microsoft's privacy practices that are wholly unrelated to the markets at

issue in this Action. Microsoft further objects to this request and overbroad and unduly

burdensome in that it seeks documents sufficient to show "*any* safeguards that Microsoft

implements . . . when entering into agreements with *third parties*" without limitation to safeguards

or third parties that have some connection to the issues being litigated in the Remedies Phase of

this Action. Microsoft objects to the terms "personal privacy and security," "user data," and "ads

data" as undefined, vague, ambiguous, overbroad, and unduly burdensome. Microsoft also objects

to this Request to the extent that its request for "documents sufficient to show" contradicts its

request for "all responsive, non-privileged documents." Microsoft interprets this Request as asking for documents sufficient to show the subject matter of the Request. Microsoft objects to this Request to the extent that it seeks documents and communications that are protected by privilege, including, without limitation, the attorney-client privilege, the work-product doctrine, any joint-defense privilege, common-interest privilege, settlement materials, or trial-preparation materials.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft responds as follows: Microsoft will not produce documents in response to this Request.

14.    **Documents sufficient to show the extent of Microsoft's plans to develop and development of personalized features or experiences, including such features using AI technologies, within a Search Access Point, Search Feature, or in any AI Products that are potential entrants into the GSE or Search Text Ads markets or reasonably anticipated competitive threats to GSEs. This request seeks all responsive, non-privileged documents in Microsoft's possession, custody, or control created, altered, transmitted, or received at any time from May 6, 2022, to present.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft further objects to the extent this Request seeks information that is irrelevant to the issues being litigated in the Remedies Phase of this Action. Microsoft objects to the terms "plans," "personalized features or experiences," "AI technologies," "AI Products" and "reasonably anticipated" as vague, ambiguous, overbroad, and unduly burdensome. Microsoft objects to this Request as overbroad to the extent that it seeks information regarding "Microsoft's plans to develop and development of personalized features or experiences" without limitation to features or experiences that have some connection to the markets at issue in this Action (i.e., the general search services and general search text advertising markets). Microsoft also objects to this Request to the extent that its request for "documents sufficient to show" contradicts its request for "all responsive, non-privileged documents." Microsoft interprets this Request as asking for documents sufficient to show the subject matter of the Request. Microsoft further objects to this Request as

duplicative of Request Nos. 2 and 5 in Google's Second Subpoena. Microsoft objects to this Request to the extent that it seeks documents and communications that are protected by privilege, including, without limitation, the attorney-client privilege, the work-product doctrine, any joint-defense privilege, common-interest privilege, settlement materials, or trial-preparation materials.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft responds as follows: Microsoft has agreed to produce, in response Request No. 2 of Google's Second Subpoena, documents that relate to (1) Microsoft's announced product development efforts related to the integration of generative AI products and features into Bing and (2) Microsoft's announced product development efforts related to Microsoft generative AI products that have some connection to search, search features, or search access points, including plans related to the introduction, creation, distribution, monetization, and release of generative AI agents. These materials sufficiently respond to this Request. However, for the avoidance of doubt, Microsoft agrees to produce non-privileged documents that it is able to identify through a reasonable search that are sufficient to show Microsoft's announced plans to develop personalized features or experiences using AI technologies within a Search Access Point, Search Feature, or AI Product.[8]

15.     **All analyses, studies, and other documents concerning the value of personalized features or experiences, including such features using AI technologies, within a Search Access Point, Search Feature, or in any AI Products that are potential entrants into the GSE or Search Text Ads markets or reasonably anticipated competitive threats to GSEs. This request seeks all responsive, non-privileged documents in Microsoft's possession, custody, or control created, altered, transmitted, or received at any time from May 6, 2022,**

---

[8] As used in this Response, the terms "product development efforts," "generative AI products," "Bing," "plans," and "generative AI agents" have the definitions and limitations articulated in the specific objections to Request No. 2 above. Additionally, as used in this Response, Microsoft intends the term "search access points" to mean any tool, feature, or product that allows users to enter queries or prompts and access information from the web to respond to those queries, including search apps, search widgets, browsers, voice assistants, and generative AI assistants capable of retrieving web-based information. Finally, Microsoft defines "AI technologies" as used in this Response as limited to technologies that take or receive natural language inputs, queries or prompts, regardless of input method, and have the ability to provide or retrieve information from the web when providing responses to user queries, regardless of input or output modality.

**to present.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft further objects to the extent this Request seeks information that is irrelevant to the issues being litigated in the Remedies Phase of this Action. Microsoft objects to the terms "analyses," "studies," "other documents," "value," "personalized features or experiences," "AI technologies," "AI Products" and "reasonably anticipated" as vague, ambiguous, overbroad, and unduly burdensome. Microsoft interprets "value" as used in this Request to refer to the financial value or consumer demand associated with a relevant feature. Microsoft objects to this Request as overbroad to the extent that it seeks information regarding "the value of personalized features or experiences" without limitation to features or experiences that have some connection to the markets at issue in this Action (i.e., the general search services and general search text advertising markets). Microsoft objects to this Request to the extent that it seeks documents and communications that are protected by privilege, including, without limitation, the attorney-client privilege, the work-product doctrine, any joint-defense privilege, common-interest privilege, settlement materials, or trial-preparation materials.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft responds as follows: Microsoft will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search: Documents sufficient to show analyses of the value of personalized features or experiences within a Search Access Point,[9] Search Feature, or AI Product that takes or receives natural language inputs, queries

---

[9] As used in this Response, Microsoft intends the term "search access points" to mean any tool, feature, or product that allows users to enter queries or prompts and access information from the web to respond to those queries, including search apps, search widgets, browsers, voice assistants, and generative AI assistants capable of retrieving web-based information.

or prompts, regardless of input method, and has the ability to provide or retrieve information from the web when providing responses to user queries, regardless of input (e.g., text, voice) or output modality (text, images, videos), to the extent such analyses exist.

16.     **All analyses of any potential partnership, collaboration, agreement, or transaction, including any agreements, between Microsoft and any third party related to third-party access to or use of Microsoft's Search Index (as defined in the Proposed Final Judgment). Documents within the scope of this request include analyses of the Statement of Work between Microsoft and OpenAI produced at Bates No. MSLIT_0000000705.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft objects to this Request as overbroad and unduly burdensome because it seeks "*all* analyses of *any* potential partnership, collaboration, agreement, or transaction . . . between Microsoft and any third party related to third-party access to or use of Microsoft's Search Index" without limitation to materials relevant to the issues being litigated during the Remedies Phase of this Action. Microsoft further objects to the terms "potential," "partnership," "collaboration," and "third-party access" as undefined, vague, ambiguous, overbroad, and unduly burdensome. Microsoft objects to this Request to the extent that it seeks documents and communications that are protected by privilege, including, without limitation, the attorney-client privilege, the work-product doctrine, any joint-defense privilege, common-interest privilege, settlement materials, or trial-preparation materials.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft responds as follows: Microsoft is willing to meet and confer regarding this Request.

17.     **All minutes, recordings, summaries, presentations, notes, or reports of meetings, whether formal or informal, from meetings of the "Data Working Group" described in Exhibit J of the agreement between Microsoft and OpenAI produced at Bates No. MSLIT_0000000635.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft objects to this Request as overbroad and unduly burdensome as it seeks information that is irrelevant to the issues being litigated in the Remedies Phase of this Action. Microsoft further objections to this Request as overbroad and unduly burdensome as it seeks "*all* minutes, recordings, summaries, presentations, notes, or reports of meetings" without regard to relevance. Microsoft objects to this Request to the extent that it seeks documents and communications that are protected by privilege, including, without limitation, the attorney-client privilege, the work-product doctrine, any joint-defense privilege, common-interest privilege, settlement materials, or trial-preparation materials.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft responds as follows: After reasonable investigation, Microsoft has determined that the Data Working Group does not produce minutes, summaries, reports, presentations, or recordings. Microsoft will not produce documents in response to this Request.

18.    **Documents sufficient to show the "state-of-the-art AI models" that Copilot+ PCs leverage, including which such models run "directly on the device." See Yusuf Mehdi, Introducing Copilot+ PCs, Microsoft (May 20, 2024), available at https://blogs.microsoft.com/blog/2024/05/20/introducing-copilot-pcs/. This request seeks all responsive, non-privileged documents in Microsoft's possession, custody, or control created, altered, transmitted, or received at any time from May 6, 2022, to present.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft objects to this Request as overbroad and unduly burdensome as it seeks information that is irrelevant to the issues being litigated in the Remedies Phase of this Action. Microsoft also objects to this Request to the extent that its request for "documents sufficient to show" contradicts its request for "all responsive, non-privileged documents." Microsoft interprets this Request as asking

for documents sufficient to show the subject matter of the Request. Microsoft objects to this Request to the extent that it seeks documents and communications that are protected by privilege, including, without limitation, the attorney-client privilege, the work-product doctrine, any joint-defense privilege, common-interest privilege, settlement materials, or trial-preparation materials.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft responds as follows: Microsoft has agreed to produce (a) Documents that relate to Microsoft's efforts to distribute generative AI products on Android Devices; and (b) Documents that relate to Microsoft's announced plans for on-device AI or potential agreements to have Microsoft's on-device AI preinstalled on Android Devices, where "generative AI product," "on-device AI," and "Android Devices" are defined in Microsoft' objections to Request No. 2 above. The on-device AI models that Microsoft leverages in Copilot+PCs have no relevance to the issues being litigated during the Remedies Phase of this Action. For the avoidance of doubt, Microsoft will not produce documents in response to this Request.

19.    **All documents regarding Microsoft's relinquishment of a seat on OpenAI's board. This request seeks all responsive, non-privileged documents in Microsoft's possession, custody, or control created, altered, transmitted, or received at any time from May 6, 2022, to present.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 19

Microsoft incorporates by reference its Continuing Objections set forth above. Microsoft objects to this Request because it seeks information that is both wholly irrelevant to the Remedies Phase of this Action.. Microsoft further objects to this Request as overbroad and unduly burdensome in that it seeks "*all* documents" without regard to relevance to the issues being litigated in the Remedies Phase of this Action. Microsoft objects to the phrase "relinquishment of a seat on OpenAI's board" as undefined, vague, and ambiguous. Microsoft understands the phrase "relinquishment of a seat on OpenAI's board" to mean Dee Templeton leaving her positions as a

non-voting, board observer, which is wholly irrelevant to the issues being litigated during the Remedies Phase of this Action. Moreover, the fact that she left this position is publicly available and the reasoning behind this decision is irrelevant to the issues being litigated in this Action. Microsoft further objects to this Request to the extent that it seeks documents and communications that are protected by privilege, including, without limitation, the attorney-client privilege, the work-product doctrine, any joint-defense privilege, common-interest privilege, settlement materials, or trial-preparation materials.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft responds as follows: Microsoft will not produce documents in response to this Request.

Dated: January 8, 2025

Respectfully submitted,

*/s/ Julia Chapman*
Julia Chapman (*pro hac vice*)
**DECHERT LLP**
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Tel.: (215) 994-2060
Fax: (215) 994-2222
julia.chapman@dechert.com

John (Jay) Jurata, Jr. (DC Bar No. 478602)
**DECHERT LLP**
1900 K Street, NW
Washington, DC 20006
Tel.: (202) 261-3300
Fax: (202) 261-3333
jay.jurata@dechert.com

Russell P. Cohen (*pro hac vice*)
**DECHERT LLP**
45 Fremont Street, 26th Floor
San Francisco, CA 94105
Tel.: (415) 262-4506
Fax: (415) 262-4555
Russ.Cohen@dechert.com

Amy Ray (DC Bar No. 489086)
**ORRICK, HERRINGTON, & SUTCLIFFE LLP**
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel.: (202) 239-8698
Fax: (202) 339-8500
amyray@orrick.com

*Counsel for Third Party Microsoft Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2025, I caused to be served a copy of the foregoing Microsoft Corporation's Objections and Responses to Google's December 20, 2024 Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action on all counsel of record via email.

/s/ Julia Chapman
Julia Chapman *(pro hac vice)*
**DECHERT LLP**
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Tel.: (215) 994-2060
Fax: (215) 994-2222
julia.chapman@dechert.com

*Counsel for Third Party Microsoft Corporation*