**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>          Plaintiffs,<br><br> v.<br><br>GOOGLE LLC,<br><br>          Defendant,<br><br>     and<br><br>APPLE INC.,<br><br>          [Proposed] Intervenor-Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*,<br><br>          Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>          Defendant,<br><br>     and<br><br>APPLE INC.,<br><br>          [Proposed] Intervenor-Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**APPLE INC.'S EMERGENCY MOTION FOR STAY, OR IN THE ALTERNATIVE,
FOR MISCELLANEOUS RELIEF AND MEMORANDUM OF POINTS AND
<u>AUTHORITIES IN SUPPORT</u>**

## I.    INTRODUCTION

Although Apple understands that this Court intends to adhere to the "strict confines of the [C]ourt's Scheduling Order," Order Denying Limited Intervention at 16, Jan. 27, 2025, ECF No. 1153, Apple has no choice but to move for a stay of these proceedings to protect its rights pending appeal.  Absent a stay, Apple will suffer irreparable harm: the deprivation of its right to participate as a party in the remedial phase of this case moving forward, including possibly at the trial itself, while its undisputed property rights are adjudicated.  These harms are magnified by a position Plaintiffs revealed in a recent meet-and-confer with Apple.  Specifically, Plaintiffs represented that they intend to challenge this Court's decision permitting Apple to submit up to two affidavits during the trial.  Courts have commonly granted stays pending appeal of orders denying intervention, and this Court should do the same here.  In the alternative, the Court should at minimum afford Apple full access to the record as a nonparty until the D.C. Circuit rules.

Plaintiffs have stated that they oppose this stay request and any expedited evaluation of this motion; Google states that they take no position on Apple's motion.  Apple respectfully asks the Court to order Plaintiffs to respond on an expedited basis so this Court can resolve this motion as early as February 4, 2025.  Consistent with the time considerations emphasized in this Court's order denying limited intervention, once its appeal is formally docketed, Apple also intends to file with the D.C. Circuit a motion for stay pending appeal and for expedition of the appeal, to permit resolution of Apple's intervention before the remedies trial.  In the event this Court grants a stay pending appeal while Apple's stay motion is pending in the D.C. Circuit, Apple will immediately notify the D.C. Circuit and withdraw that request.

## II.    ARGUMENT

In deciding whether to grant a stay pending appeal, courts consider four factors: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood

that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Cuomo v. U.S. Nuclear Regul. Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985) (per curiam).

Courts commonly find these factors satisfied in cases involving the denial of intervention. In *Yocha Dehe v. U.S. Department of the Interior*, the D.C. Circuit granted a stay of trial court proceedings pending expedited appeal of the district court's denial of intervention. 3 F.4th 427, 429 (D.C. Cir. 2021) (noting that the court had "granted a stay pending appeal" but ultimately affirming district court's denial of intervention). Other courts have reached the same conclusion. *See, e.g.*, *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 527 (9th Cir. 1983); *Abbott Lab'ys v. Diamedix Corp.*, No. 94-1345, 1994 WL 782247, at *2 (Fed. Cir. July 26, 1994); *see also Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1267 (10th Cir. 2004) (emphasizing that proper procedure is for putative intervenor to move for a stay "to preserve the status quo pending appeal so that the appellant may reap the benefit of a potentially meritorious appeal" (citation omitted)). These decisions reflect the common-sense reality that a stay both prevents irreparable harm to the applicant (who is unable to protect their interests as the case proceeds) and avoids the possibility that the appellate court will be obliged to reverse the ultimate judgment based on an erroneous denial of intervention. *See Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 129, 136 (1967) (ordering that "merits of [antitrust] case must be reopened" due to erroneous denial of intervention in order to afford applicant "an opportunity to be heard as of right as [an] intervenor[]" in remedies phase); *see also In re PaineWebber Inc. Ltd. P'ships Litig.*, 94 F.3d 49, 52 (2d Cir. 1996) ("If the intervenor prevailed on appeal, the entire matter might have to be relitigated.").

Here, the Court should stay the proceedings pending Apple's appeal of the denial of its motion for limited intervention. First, as to likelihood of success, Apple has a strong argument that its motion is timely under the governing standard because Apple moved to intervene promptly once it became clear its interests were no longer adequately protected—that is, shortly after the parties filed proposed final judgments, where (among other things) Plaintiffs proposed a remedial term unique to Apple that would forbid any "contract between Google and Apple in which there would be anything exchanged of value." Status Conference Tr. 41:20-24, Jan. 17, 2025, ECF No. 1147; *see* Pls.' Initial Proposed Final Judgment at 7, Nov. 20, 2024, ECF No. 1062-1; *see also* Google LLC's Proposed Final Judgment at 4-5, Dec. 20, 2024, ECF No. 1108-1. Apple recognizes that this Court took a different view of timeliness and related considerations, but Apple respectfully submits that it at least has a "substantial case on the merits." *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977); *see Nat'l Ass'n for Advancement of Colored People v. Trump*, 321 F. Supp. 3d 143, 146, 147 (D.D.C. 2018) (granting stay notwithstanding disagreement with movant's merits argument because "movant ha[d] made a substantial case on the merits" (citation omitted)).

Second, Apple will suffer clear and substantial irreparable harm if it is unable to participate in the remedies phase moving forward. Apple will be unable to participate in discovery and develop evidence in the targeted fashion it has proposed as this litigation progresses toward a final judgment. If Apple's appeal is not resolved until during or after the remedies trial, Apple may well be forced to stand mute at trial, as a mere spectator, while the government pursues an extreme remedy that targets Apple by name and would prohibit any commercial arrangement between Apple and Google for a decade. This would leave Apple without the ability to defend its right to reach other arrangements with Google that could benefit millions of users and Apple's entitlement

4

to compensation for distributing Google search to its users.  Further, Apple will be unable to present its own live testimony or cross-examine witnesses who opine about Apple's interests and incentives with respect to the general search market.  Rule 24 is designed to afford a putative intervenor the opportunity to defend its rights in precisely this kind of scenario.  And the limited participation this Court afforded Apple as a non-party—which, even as to that limited role, Plaintiffs are now calling into question, *see infra*—"is not an adequate substitute for participation as a party." *Nuesse v. Camp*, 385 F.2d 694, 704 n.10 (D.C. Cir. 1967).

Third, the balance of equities and public interest favor a stay.  Of course, a timely—and fair—resolution of the remedies phase of this case serves the parties and the public.  And Apple's motion for intervention sought to adhere to the Court's preference to resolve this case by "early August 2025."  Order Denying Limited Intervention at 7; *see* Apple Inc's Motion for Limited Intervention at 15, Dec. 23, 2024, ECF No. 1111.  But particularly in a case of this gravity—implicating the competitive dynamics of the search market for consumers for decades as well as Apple's freedom to contract—the concern about a short delay is outweighed by the need for a fully developed record that includes information that only Apple can develop (such as how it would respond to various aspects of Plaintiffs' proposed remedy and why Plaintiffs' proposed remedy would be unworkable) and that adequately protects Apple's rights in response to Plaintiffs' proposal targeting Apple directly.  *Cf. Cascade*, 386 U.S. at 136 (explaining that the merits may need to be reopened where applicant was improperly denied "an opportunity to be heard as of right as [an] intervenor").

Finally, events since this Court issued its order denying intervention have magnified the need for a stay.  During a meet-and-confer call on January 29, Plaintiffs informed Apple that they intend to contest this Court's intervention order to the extent it permits Apple to submit up to "two

affidavits from fact witnesses," depending on whether Mr. Cue is called to testify at trial.  Order Denying Limited Intervention at 19; *see* Declaration of Sarah M. Ray in Support of Motion for Stay ¶ 3, Jan. 30, 2025.  Plaintiffs informed Apple that they believe the witness affidavits afforded to Apple in the Court's order would be inadmissible hearsay, such that the Court could not rely upon them in issuing its findings of fact or remedies order.  Ray Decl. ¶ 3.  Thus, notwithstanding this Court's recognition that Apple's limited participation in the remedies phase is warranted, Plaintiffs appear intent on preventing the Court from considering even that limited evidence during the remedies phase.

This threat magnifies the harm to Apple of moving ahead with the remedies phase without Apple's participation as an intervenor, while throwing a wrench into the process that this Court has ordered.  It also creates a serious procedural issue.  Because of the timing considerations emphasized by this Court, Apple filed an immediate notice of appeal on January 29, 2025.  The filing of that notice "confer[red] jurisdiction on the court of appeals and divest[ed] the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam).  As a result, this Court cannot now alter the status of its order. *See Amarin Pharms. Ir. Ltd. v. FDA*, 139 F. Supp. 3d 437, 440 (D.D.C. 2015) (citation omitted).  Plaintiffs' objections to the Court's intervention order therefore are not currently suitable for adjudication.  These circumstances underscore that the proper course is to grant a stay of the proceedings while Apple pursues an expedited appeal.

If the Court is not inclined to grant Apple a stay of the proceedings pending Apple's expedited appeal, Apple respectfully requests that the Court afford Apple access to the developing record as a non-party until the D.C. Circuit resolves Apple's appeal.  In particular, Apple requests access to the parties' initial and final witness lists and the discovery record, and the opportunity to

attend depositions and/or obtain deposition transcripts and exhibits to minimize the prejudice to

Apple in the event the D.C. Circuit concludes that it was entitled to intervene.  This request will

impose no burden on the parties or the Court.  Apple will agree to any standing confidentiality or

protective order with respect to party or third-party evidence produced in discovery.  This limited

and practical step will mitigate the prejudice to Apple by putting it in the best position possible to

participate in the trial, if the D.C. Circuit reverses this Court's order.

## III.    CONCLUSION

Accordingly, Apple respectfully seeks expedited consideration of this motion and requests

that the Court stay these proceedings pending the D.C. Circuit's resolution of Apple's appeal or,

at a minimum, grant Apple access to the developing record as a non-party for this period.


 Date:  January 30, 2025                              Respectfully submitted,

                                                      */s/ Sarah M. Ray*
                                                      Alfred C. Pfeiffer, Jr. (*pro hac vice*)
                                                      Sarah M. Ray (*pro hac vice*)
                                                      Aaron T. Chiu (*pro hac vice*)
                                                      LATHAM & WATKINS LLP
                                                      505 Montgomery Street, Suite 2000
                                                      San Francisco, CA 94111
                                                      Tel: (415) 391-0600
                                                      Fax: (415) 395-8095
                                                      Email:  al.pfeiffer@lw.com
                                                              sarah.ray@lw.com
                                                              aaron.chiu@lw.com

                                                      Gregory G. Garre (D.C. Bar No. 440779)
                                                      Peter E. Davis (D.C. Bar No. 1686093)
                                                      LATHAM & WATKINS LLP
                                                      555 Eleventh Street, N.W., Suite 1000
                                                      Washington, D.C. 20004
                                                      Tel: (202) 637-2200
                                                      Fax: (202) 637-2201
                                                      Email:  gregory.garre@lw.com
                                                              peter.davis@lw.com


                                                      *Counsel for [Proposed] Intervenor-Defendant
                                                      Apple Inc.*