IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>　　　　　　　　　　　Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, *et al.*,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>　　　　　　　　　　　Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**JOINT STATUS REPORT OF GOOGLE AND MICROSOFT**

Pursuant to Section I.K of the Court's September 18, 2024, Order (ECF No. 1043), Google and Microsoft provide the following update with respect to discovery.

**I.      GOOGLE'S POSITION STATEMENT**

On January 24, 2025, Google noticed the deposition of Microsoft pursuant to Federal Rule of Civil Procedure 30(b)(6). On February 3, 2025, Microsoft served responses and objections, agreeing to designate a corporate representative to address some topics but not others. The companies subsequently conferred and managed to resolve most– though not all– of their disputes. Google now respectfully requests the Court's assistance with respect to Topic No. 6 of Google's 30(b)(6) notice.

1

Topic No. 6 seeks testimony regarding "[t]he terms on which Microsoft syndicates its search and search advertisement results for its syndication partners, including: (a) [a]ny procedures and policies Microsoft follows to anonymize user data or otherwise protect its users' privacy; and (b) [a]ny steps Microsoft takes to preserve the proprietary character of Bing's and/or Microsoft Advertising's algorithms." Microsoft has refused to designate a witness on any aspect of this Topic.

The subject matter of this request is directly relevant. Plaintiffs' Proposed Final Judgment would require Google to provide rivals access to user data as well as syndicated search results and search text ads. *See* ECF No. 1062-1 §§ VI, VII. Those provisions sharply curtail the steps that Google may take to protect users' privacy and Google's intellectual property. For example, under Plaintiffs' Proposed Final Judgment, **all** user-side data that Google collects and uses as part of any of its products "can presumptively be shared" with rivals.[1] *Id.* §§ VI.C-E. Similarly, Plaintiffs' Proposed Final Judgment forbids Google from protecting its proprietary algorithms from misuse by others, as Google "may not place any conditions on how any licensee may use syndicated content" under the Proposed Final Judgment. *Id.* §§ VII.A-B.

At the Evidentiary Hearing, Google intends to offer evidence that these provisions exceed the bounds of an appropriate remedial decree. Under the Sherman Act, a remedy may not "interfere with ordinary commercial practices." *New York v. Microsoft Corp.*, 224 F. Supp. 2d 76, 133 (D.D.C. 2002) (quoting *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 728 (1944)), *aff'd*, 373 F.3d 1199 (D.C. Cir. 2004). Discovery from Microsoft could shed light on such issues as what industry practices are customary with respect to safeguarding user privacy and protecting proprietary algorithms from reverse-engineering. As to user privacy and security,

---

[1] Plaintiffs' Proposed Final Judgment further prohibits Google from using and retaining any data that cannot be shared due to privacy or security concerns. *See* ECF No. 1062-1 § VI.C.

beyond bearing on industry practices, this discovery may also show that Microsoft's privacy protections are, in fact, *not* as rigorous as Google's, an obvious problem if Google is presumptively obligated to share its users' data with any eligible competitor who asks. This discovery may also show that Microsoft imposes restrictions on the permissible use, storage, and analysis of Microsoft's syndicated results by its syndication partners, and further that Microsoft declines to share with its syndication partners much of the information contemplated by Plaintiffs' compelled syndication provision—practices intended to protect intellectual property. In sum, testimony from Microsoft on Topic 6 is likely to yield relevant evidence bearing on the merits of Sections VI and VII of Plaintiffs' Proposed Final Judgment.

  Based on the companies' conferral and Microsoft's responses and objections, Google understands that Microsoft refuses to designate a witness in part because Microsoft has agreed to produce certain documents relating to Microsoft's syndication of search results to third parties. *See* Ex. A, at 9 (citing October 22, 2024 Subpoena Requests No. 35, 36, and 37). If so, that answer is insufficient twice over. *First*, the classes of documents that Microsoft has agreed to produce may relate to syndication in certain respects, but they do not address issues of privacy of user data, as contemplated by subpart (a) of Topic 6. *Second*, and more fundamentally, "document production is no substitute for the testimony of a Rule 30(b)(6) deponent." *Homeland Ins. Co. of New York v. Health Care Serv. Corp.*, 2021 WL 601672, at *2 (N.D. Ill. Feb. 16, 2021); *see also Lockheed Martin Corp. v. United States*, 2013 WL 1968372, at *5 (D.D.C. May 13, 2013) (agreeing with litigant that "[p]roducing documents and responding to written discovery is not a substitute for providing a thoroughly educated Rule 30(b)(6) deponent"). Thus, while Microsoft has agreed to produce documents that shed light on some (though not all) of Topic No. 6, that is simply not a justification to refuse testimony on the topic.

3

In short, Topic No. 6 seeks plainly relevant and discoverable testimony. Microsoft should prepare a witness to provide it.

## II.     MICROSOFT'S POSITION STATEMENT

On January 24, 2025, Google served on Microsoft a 30(b)(6) Deposition Notice (the "Notice") with *eighteen* broad and burdensome topics. Google's Notice seeks from Microsoft wide-ranging testimony on issues—many of marginal relevance—including the data used to train Microsoft's *and OpenAI's* AI models, Microsoft's consideration or analyses of Plaintiffs' Proposed Final Judgment, Microsoft's communications with Plaintiffs in this litigation, and many other topics.

Microsoft has worked hard to accommodate Google's expansive request for 30(b)(6) testimony, even going so far as to allow testimony into Microsoft's limited communications with Plaintiffs (despite Rule 45 being clear that such duplicative testimony should come from a party to the dispute). But testimony regarding Microsoft's practices regarding users' privacy and proprietary algorithms is a bridge too far. Specifically, Google seeks testimony on the following:

> **Topic No. 6**. The terms on which Microsoft syndicates its search and search advertisement results for its syndication partners, including:
> a. Any procedures and policies Microsoft follows to anonymize user data or otherwise protect its users' privacy; and
>
> b. Any steps Microsoft takes to preserve the proprietary character of Bing's and/or Microsoft Advertising's algorithms.

Requiring Microsoft to designate a witness to offer testimony on this Topic is improper because Topic 6 does not seek relevant testimony. Topic 6 is entirely unrelated to the issues being litigated during the remedies phase of this Action—which have nothing to do with non-party *Microsoft's* anonymization of user data or *Microsoft's* algorithms.

4

Dated: February 7, 2025                    Respectfully submitted,

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Franklin M. Rubinstein (D.C. Bar No. 476674)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com
*Counsel for Defendant Google LLC*


By: */s/ Julia Chapman*
Julia Chapman *(pro hac vice)*
**DECHERT LLP**
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Tel.: (215) 994-2060
Fax: (215) 994-2222
julia.chapman@dechert.com

5

John (Jay) Jurata, Jr. (DC Bar No. 478602)
**DECHERT LLP**
1900 K Street, NW
Washington, DC 20006
Tel.: (202) 261-3300
Fax: (202) 261-3333
jay.jurata@dechert.com

Russell P. Cohen (*pro hac vice*)
**DECHERT LLP**
45 Fremont Street, 26th Floor
San Francisco, CA 94105
Tel.: (415) 262-4506
Fax: (415) 262-4555
Russ.Cohen@dechert.com

Amy Ray (DC Bar No. 489086)
**ORRICK, HERRINGTON, & SUTCLIFFE LLP**
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel.: (202) 239-8698
Fax: (202) 339-8500
amyray@orrick.com

*Counsel for Third Party Microsoft Corporation*