# EXHIBIT A

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, et al.,<br><br>                         Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                         Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, et al.,<br><br>                         Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                         Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**NONPARTY MICROSOFT CORPORATION'S
RESPONSES AND OBJECTIONS TO DEFENDANT GOOGLE, LLC'S
<u>SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION</u>**

Pursuant to Federal Rules of Civil Procedure 26, 30, and 45, nonparty Microsoft Corporation ("Microsoft"), by and through its undersigned counsel of record, submits the following responses and objections to Defendant Google LLC's ("Google") 30(b)(6) Deposition Notice to Microsoft dated January 24, 2025 (the "Notice").

Microsoft submits these objections in good faith after a preliminary inquiry in response to the Notice. Without undertaking any obligation to do so, Microsoft reserves the right to assert additional objections and limitations concerning the Notice any time Microsoft deems necessary.

1

By asserting these objections, Microsoft does not waive its right to seek relief from the appropriate forum, including motions to quash or modify the Notice, motions for fees or costs, and motions for the entry of a protective order. Microsoft further submits that it will meet and confer in good faith with Google regarding the Notice.

## <u>GENERAL OBJECTIONS</u>

1.     Microsoft incorporates all Continuing Objections in Nonparty Microsoft's Responses and Objections to Google, LLC's October 22, 2024 Subpoena to Produce Documents, Information, or Objects to Permit Inspection of Premises in a Civil Action that were served upon Google on November 5, 2024.

2.     Microsoft incorporates all Continuing Objections in Nonparty Microsoft's Responses and Objections to Google, LLC's December 20, 2024 Subpoena to Produce Documents, Information, or Objects to Permit Inspection of Premises in a Civil Action that were served upon Google on January 8, 2025.

3.     Microsoft incorporates all Objections to Definitions in Nonparty Microsoft's Objections and Responses to Google, LLC's October 22, 2024 Subpoena to Produce Documents, Information, or Objects to Permit Inspection of Premises in a Civil Action that were served upon Google on November 5, 2024.

4.     Microsoft objects to each deposition Topic to the extent that it seeks to impose burdens and obligations beyond those set forth by the Federal Rules of Civil Procedure, local court rules, and/or any orders of the Court.

5.     Microsoft objects to each deposition Topic to the extent it calls for the disclosure of confidential communications or information, or the identification or description of documents, protected by the attorney-client privilege, work product doctrine, or any other applicable privilege

or protection afforded by the law.  Any agreement by Microsoft to make a witness available to testify in regard to a deposition Topic in no way constitutes a waiver of any such privilege concerning that or any other Topic.

6.      Microsoft objects to each deposition Topic to the extent it is cumulative or duplicative of information already obtained or obtainable in discovery in this case, and to the extent the information is available through less burdensome means.

7.      Microsoft objects to each deposition Topic to the extent it seeks information that is properly sought from other means of discovery including from a party in this litigation.

8.      Microsoft objects to each deposition Topic to the extent it calls for information pertaining to issues that are not relevant to the subject matter of this litigation.

9.      Microsoft objects to each deposition Topic to the extent it calls for information not known or reasonably available to Microsoft.

10.      Microsoft objects to each deposition Topic to the extent it seeks information that is properly the subject of expert testimony.

11.      Microsoft objects to each deposition Topic to the extent it seeks testimony calling for legal analyses or conclusions.  Microsoft will not designate any witness to provide legal analyses or conclusions.

## TOPICS

## TOPIC NO. 1:

Artificial intelligence models that Microsoft has developed, trained, licensed or refined for use in connection with any potential or actual Generative AI Tool or AI Search Tool, and, with respect to each,

a.  The types and quantity of data used to train the model;

b.  The extent to which search engine click-and-query data is or could be used to train it, including relative to other inputs; and

c.  How, if at all, the model is integrated into Bing search

## RESPONSE TO TOPIC NO. 1

Microsoft objects to this Topic as overbroad, disproportionate to the needs of the case, and unduly burdensome in that it results in needless additional burden and expense for Microsoft in preparing corporate designees concerning this Topic.  Microsoft further objects to this Topic as overbroad, vague, ambiguous, and unduly burdensome due to the use of, *inter alia*, the phrases "*any* other model" and "*any potential or actual* Generative AI Tool or AI Search Tool" which are issues being litigated in the Remedies Phase of this Action.  Microsoft objects to the terms "Generative AI Tool" and "AI Search Tool" as vague, ambiguous, overbroad, and unduly burdensome.  As used in this Topic, Microsoft will interpret "Generative AI Tool" and "AI Search Tool" to refer to products, services, features, or functionalities that take or receive a natural language input, query, or prompt (regardless of input method) and have the ability to provide or retrieve information from the web when providing a response to a user's query, regardless of input (e.g., text, voice) or output modality (text, images, videos).  Microsoft also objects to the term "artificial intelligence" as undefined, vague, ambiguous, overbroad, and unduly burdensome.  Microsoft further objects to this Topic because the information sought by this Topic via testimony is duplicative and cumulative of Google's October 22, 2024 Subpoena Request No. 14 and Google's December 20, 2024 Request Nos. 2 and 5, to which Microsoft has agreed to produce responsive information.

Subject to and without waiving the foregoing objections, Microsoft responds as follows: Microsoft agrees to provide testimony at a general level regarding (1) the type and quantity of data used to train any large language model that is both owned by Microsoft and actively used in

4

connection with any actual Generative AI Tool or AI Search Tool and (2) Microsoft's announced product development efforts related to the integration of generative AI products and features into Bing.

**TOPIC NO. 2:**

Microsoft's current investments in any company that develops an artificial intelligence model or AI Product.

**RESPONSE TO TOPIC NO. 2:**

Microsoft objects to this Topic as overbroad, disproportionate to the needs of the case, and unduly burdensome in that it results in needless additional burden and expense for Microsoft in preparing corporate designees concerning this Topic. Microsoft further objects to this Topic as overbroad and unduly burdensome because it seeks information that is irrelevant to the issues being litigated during the Remedies Phase of this Action. Microsoft objects to the terms "artificial intelligence model" and "AI Product" as vague, ambiguous, overbroad, and unduly burdensome. Microsoft also objects to this Topic because the information sought by this Topic via testimony is duplicative and cumulative of Google's December 20, 2024 Request No. 9, to which Microsoft has agreed to produce responsive information. Microsoft further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections, Microsoft responds as follows: Microsoft will not provide testimony on this Topic.

**TOPIC NO. 3:**

Microsoft's negotiations or agreements, since May 2022, with browser companies, carriers, OEMs, and other distributors for placement of Bing, any Generative AI Tool, or any AI Search Tool.

**RESPONSE TO TOPIC NO. 3:**

Microsoft objects to this Topic as overbroad, disproportionate to the needs of the case, and unduly burdensome in that it results in needless additional burden and expense for Microsoft in preparing corporate designees concerning this Topic.  Microsoft further objects to the terms "placement" and "carriers" as undefined, vague, ambiguous, overbroad, and unduly burdensome. Microsoft also objects to the terms "Generative AI Tool" and "AI Search Tool" as vague, ambiguous, overbroad, and unduly burdensome. As used in this Topic, Microsoft will interpret "Generative AI Tool" and "AI Search Tool" to refer to products, services, features, or functionalities that take or receive a natural language input, query, or prompt (regardless of input method) and have the ability to provide or retrieve information from the web when providing a response to a user's query, regardless of input (e.g., text, voice) or output modality (text, images, videos).  Microsoft also objects to this Topic because the information sought by this Topic via testimony is duplicative and cumulative of Google's October 22, 2024 Subpoena Requests No. 1 and 2 and Google's December 20, 2024 Request No. 2, to which Microsoft has agreed to produce responsive information.  Microsoft further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections, Microsoft responds as follows: Microsoft agrees to provide testimony at a general level regarding Microsoft's negotiations or agreements, since May 2022, with browser companies, carriers, OEMs, and other distributors for placement of Microsoft Bing Search, the Microsoft Edge browser, the Microsoft Bing Search app, and Microsoft Copilot.

**TOPIC NO. 4:**

Microsoft's agreements with Publishers to license data, including the agreements' terms and whether the agreements provide Microsoft content exclusivity or include a "most favored

nation" or similar provision as referenced in Section IV.C of Plaintiffs' Proposed Final Judgment (ECF No. 1062-1).

**RESPONSE TO TOPIC NO. 4:**

Microsoft objects to this Topic as overbroad, disproportionate to the needs of the case, and unduly burdensome in that it results in needless additional burden and expense for Microsoft in preparing corporate designees concerning this Topic. Microsoft further objects to this Topic as overbroad and unduly burdensome to the extent it requests testimony on any agreement "to license data" regardless of whether such agreements are relevant to the issues being litigated in the Remedies Phase of this Action. Microsoft objects to the terms "content exclusivity" as vague, ambiguous, overbroad, and unduly burdensome. Microsoft also objects to this Topic because the information sought by this Topic via testimony is duplicative and cumulative of Google's October 22, 2024 Subpoena Requests Nos. 16 and 17, to which Microsoft has agreed to produce responsive information. Microsoft further objects to testifying about produced agreements, which are in writing and speak for themselves. Microsoft further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections, Microsoft responds as follows: Microsoft agrees to provide testimony at a general level regarding Microsoft's content licensing agreements related to Generative AI Tools or AI Search Tools.

**TOPIC NO. 5:**

Microsoft's consideration of and decision whether to provide Publishers, websites, and content creators the ability to selectively opt-out of having the content of their web pages or domains (a) used in search indexing, (b) used to train or fine-tune artificial intelligence models or AI Products, (c) used in retrieval-augmented generation-based tools, or (d) displayed as AI-generated content on Bing's SERP.

**RESPONSE TO TOPIC NO. 5:**

Microsoft objects to this Topic as overbroad, disproportionate to the needs of the case, and unduly burdensome in that it results in needless additional burden and expense for Microsoft in preparing corporate designees concerning this Topic. Microsoft further objects to this Topic as seeking testimony that is irrelevant to the issues being litigated in the Remedies Phase of this Action. Microsoft also objects to this Topic because the information sought by this Topic via testimony is duplicative and cumulative of Google's December 20, 2024 Subpoena Request No. 8, to which Microsoft has agreed to produce responsive information. Microsoft also objects to this Topic to the extent it seeks information via testimony that is publicly available or otherwise readily accessible to Google. Microsoft further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections, Microsoft responds as follows: Microsoft agrees to provide testimony at a general level regarding the ability of Publishers, websites, and content creators to opt-out of having the content of their web pages or domains (a) used in search indexing, (b) used to train or fine-tune artificial intelligence models or AI Products, (c) used in retrieval-augmented generation-based tools, or (d) displayed as AI-generated content on Bing's SERP.

**TOPIC NO. 6:**

The terms on which Microsoft syndicates its search and search advertisement results for its syndication partners, including:

a. Any procedures and policies Microsoft follows to anonymize user data or otherwise protect its users' privacy; and

b. Any steps Microsoft takes to preserve the proprietary character of Bing's and/or Microsoft Advertising's algorithms.

**RESPONSE TO TOPIC NO. 6:**

Microsoft objects to this Topic as overbroad, disproportionate to the needs of the case, and unduly burdensome in that it results in needless additional burden and expense for Microsoft in preparing corporate designees concerning this Topic. Microsoft further objects to this Topic to the extent it seeks information via testimony on "*any* procedures and policies" and "*any* steps Microsoft takes." Microsoft objects to the phrase "steps Microsoft takes to preserve the proprietary character of Bing's and/or Microsoft Advertising's algorithms" as vague, ambiguous, overbroad, and unduly burdensome. Microsoft also objects to this Topic because the information sought by this Topic via testimony is duplicative and cumulative of Google's October 22, 2024 Subpoena Requests No. 35, 36, and 37, to which Microsoft has agreed to produce responsive information. Microsoft further objects to testifying about produced agreements, which are in writing and speak for themselves. Microsoft further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege or work product doctrine. Microsoft also objects to this Topic to the extent it calls for information pertaining to issues that are not relevant to the subject matter of this litigation.

Subject to and without waiving the foregoing objections, Microsoft responds as follows: Microsoft will not provide testimony in response to this Topic.

**TOPIC NO. 7:**

Microsoft's analysis of the relative competitive position(s) of ChatGPT, SearchGPT, Gemini, Perplexity, Claude, Meta AI, and Copilot.

**RESPONSE TO TOPIC NO. 7:**

Microsoft objects to this Topic as overbroad, disproportionate to the needs of the case, and unduly burdensome in that it results in needless additional burden and expense for Microsoft in preparing corporate designees concerning this Topic. Microsoft also objects to this Topic because

the information sought by this Topic via testimony is duplicative and cumulative of Google's

October 22, 2024 Subpoena Requests No. 18, to which Microsoft has agreed to produce responsive

information. Microsoft further objects to this Topic to the extent that it seeks information protected

by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections, Microsoft responds as follows:

Microsoft agrees to provide testimony at a general level regarding the relative competitive position

of Microsoft Copilot as compared to other Generative AI and AI Search Tools.

**TOPIC NO. 8:**

Microsoft's analysis of its competitive positions relative to Google and any other third party

regarding cloud computing, chips, and data servers used as inputs for AI.

**RESPONSE TO TOPIC NO. 8:**

Microsoft objects to this Topic as overbroad, disproportionate to the needs of the case, and

unduly burdensome in that it results in needless additional burden and expense for Microsoft in

preparing corporate designees concerning this Topic. Microsoft further objects to the phrase

"cloud computing, chips, and data servers used as inputs for AI" as vague, ambiguous, overbroad,

and unduly burdensome. Microsoft further objects to this Topic to the extent that it seeks

information protected by the attorney-client privilege or work product doctrine. Microsoft also

objects to this Topic to the extent it calls for information pertaining to issues that are not relevant

to the subject matter of this litigation.

Subject to and without waiving the foregoing objections, Microsoft responds as follows:

Microsoft will not provide testimony in response to this Topic.

**TOPIC NO. 9:**

Microsoft's incorporation of (or plans to incorporate) artificial intelligence technology into

its products, software, or web properties, including internal strategy, project timelines, and

investments into Microsoft's AI projects (such as number of employees on the project, time spent on the project, dollars spent on the project).

**RESPONSE TO TOPIC NO. 9:**

Microsoft objects to this Topic as overbroad, disproportionate to the needs of the case, and unduly burdensome in that it results in needless additional burden and expense for Microsoft in preparing designees concerning this Topic. Microsoft objects to this Topic to the extent it seeks information via testimony on "artificial intelligence technology," "products," "software," and "web properties" that are not relevant or connected to the markets at issue in this Action (i.e., the general search services and general search text advertising markets). Microsoft also objects to the terms "artificial intelligence technology" and "Microsoft's AI projects" as undefined, vague, ambiguous, overly broad, and unduly burdensome. As used in this Topic, Microsoft will interpret "artificial intelligence technology" and "AI" to refer to products, services, features, or functionalities that take or receive a natural language input, query, or prompt (regardless of input method) and have the ability to provide or retrieve information from the web when providing a response to a user's query, regardless of input (e.g., text, voice) or output modality (text, images, videos). Microsoft also objects to this Topic because the information sought by this Topic via testimony is duplicative and cumulative of Google's October 22, 2024 Subpoena Request Nos. 20 and 21 and Google's December 20, 2024 Request Nos. 2, 5, and 11, to which Microsoft has agreed to produce responsive information. Microsoft further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft agrees to provide testimony at a general level regarding (1) Microsoft's incorporation of generative AI products and features into Bing and (2) Microsoft's announced product development efforts related to Microsoft generative AI products that have some connection to

search, search features, or search access points, including plans related to the introduction, creation, distribution, monetization, and relates of generative AI agents.

**TOPIC NO. 10:**

The impact of any AI model on Bing's search quality or Microsoft's measure of Bing's search quality.

**RESPONSE TO TOPIC NO. 10:**

Microsoft objects to this Topic as overbroad, disproportionate to the needs of the case, and unduly burdensome in that it results in needless additional burden and expense for Microsoft in preparing corporate designees concerning this Topic.  Microsoft further objects to this Topic as overly broad and unduly burdensome to the extent it seeks information via testimony on "*any* AI model."  Microsoft also objects to this Topic because the information sought by this Topic via testimony is duplicative and cumulative of Google's October 22, 2024 Subpoena Requests Nos. 8 and 38, to which Microsoft has agreed to produce responsive information.  Microsoft further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving the above-referenced Continuing and Specific Objections, Microsoft agrees to provide testimony at a general level regarding its understanding as to the impact incorporating AI models has had on Bing quality.

**TOPIC NO. 11:**

Any improvements or refinements made by Microsoft to ChatGPT or SearchGPT technologies or the models underlying them.

**RESPONSE TO TOPIC NO. 11:**

Microsoft objects to this Topic as overbroad, disproportionate to the needs of the case, and unduly burdensome in that it results in needless additional burden and expense for Microsoft in

preparing corporate designees concerning this Topic.  Microsoft further objects to this Topic to the extent it seeks information via testimony regarding topics that are irrelevant to the issues being litigated in the Remedies Phase of this Action. Microsoft objects to the terms "improvements" and "refinements" as undefined, vague, ambiguous, overly broad, and unduly burdensome.  Microsoft also objects to this Topic because the information sought by this Topic via testimony is duplicative and cumulative of Google's October 22, 2024 Subpoena Requests No. 14, to which Microsoft has agreed to produce responsive information.  Microsoft also objects to the Topic on the grounds that the testimony is more readily, efficiently, and appropriately obtained from OpenAI.  Microsoft further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections, Microsoft responds as follows: Microsoft will not provide testimony in response to this Topic.

**TOPIC NO. 12:**

Microsoft's consideration or analyses of whether (and how) any of the remedies proposed in Plaintiffs' Proposed Final Judgment would impact its competitive position.

**RESPONSE TO TOPIC NO. 12:**

Microsoft objects to this Topic as overbroad, disproportionate to the needs of the case, and unduly burdensome in that it results in needless additional burden and expense for Microsoft in preparing corporate designees concerning this Topic.  Microsoft further objects to this topic to the extent that it seeks information protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections, Microsoft responds as follows: Microsoft agrees to provide testimony at a general level regarding non-privileged consideration of whether the Plaintiffs' Proposed Final Judgment would impact Microsoft's competitive position as

it relates to Microsoft Bing Search, the Microsoft Edge browser, the Microsoft Bing Search app, and Microsoft Copilot (formerly Bing Chat).

**TOPIC NO. 13:**

Microsoft's collection and use of data gathered through Edge for purposes of developing or improving search engine result quality or AI product quality, including what data Microsoft collects and how Microsoft uses that data. *See, e.g.*, https://learn.microsoft.com/en-us/legal/microsoft-edge/privacy ("Search results data for product improvement").

**RESPONSE TO TOPIC NO. 13:**

Microsoft objects to this Topic as overbroad, disproportionate to the needs of the case, and unduly burdensome in that it results in needless additional burden and expense for Microsoft in preparing corporate designees concerning this Topic. Microsoft further objects to the term "AI product" as vague, overly broad, and unduly burdensome. As used in this Topic, Microsoft will interpret "AI product" to refer to products, services, features, or functionalities that take or receive a natural language input, query, or prompt (regardless of input method) and have the ability to provide or retrieve information from the web when providing a response to a user's query, regardless of input (e.g., text, voice) or output modality (text, images, videos). Microsoft further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections, Microsoft responds as follows: Microsoft will provide testimony at a general level regarding Microsoft's use of Edge data to improve Microsoft's search quality.

**TOPIC NO. 14:**

Microsoft's efforts to create or improve personalized features or experiences in search, including features or experiences that incorporate AI Products, and what data Microsoft uses to build or improve such personalized features or experiences.

**RESPONSE TO TOPIC NO. 14:**

Microsoft objects to this Topic as overbroad, disproportionate to the needs of the case, and unduly burdensome in that it results in needless additional burden and expense for Microsoft in preparing corporate designees concerning this Topic. Microsoft objects to the term "AI Products" as vague, overly broad, and unduly burdensome. Microsoft also objects to this Topic to the extent it calls for information pertaining to issues that are not relevant to the subject matter of this litigation. Microsoft further objects to the terms "personalized features or experiences in search" as undefined, vague, ambiguous, overbroad, and unduly burdensome. Microsoft also objects to this Topic because the information sought by this Topic via testimony is duplicative and cumulative of Google's December 20, 2024 Request Nos. 14 and 15, to which Microsoft has agreed to produce responsive information. Microsoft further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections, Microsoft responds as follows: Microsoft agrees to provide testimony at a general level regarding Microsoft's announced product development efforts related to the integration of generative AI products and features into Bing.

**TOPIC NO. 15:**

The information relating to the user query, keyword, match type (including exact match close variants), cost, position, ranking, and performance that Microsoft makes available to advertisers who purchase Bing search text ads, the manner in which that information is made

available to advertisers, and any information that Microsoft withholds on the basis of privacy considerations.

**RESPONSE TO TOPIC NO. 15:**

Microsoft objects to this Topic as overbroad, disproportionate to the needs of the case, and unduly burdensome in that it results in needless additional burden and expense for Microsoft in preparing corporate designees concerning this Topic. Microsoft also objects to this Topic because the information sought by this Topic via testimony is duplicative and cumulative of Google's October 22, 2024 Subpoena Requests Nos. 28, 29, and 30, to which Microsoft has agreed to produce responsive information. Microsoft further objects to testifying about produced documents, which provide detailed information related to this Topic and are in writing and speak for themselves. Microsoft further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege or work product doctrine. Microsoft also objects to this Topic to the extent it calls for information pertaining to issues that are not relevant to the subject matter of this litigation.

Subject to and without waiving the foregoing objections, Microsoft responds as follows: Microsoft will not provide testimony in response to this Topic.

**TOPIC NO. 16:**

Microsoft's policies or practices with respect to disclosing updates to Microsoft's general search text ads auction model(s) and algorithm(s).

**RESPONSE TO TOPIC NO. 16:**

Microsoft objects to this Topic as overbroad, disproportionate to the needs of the case, and unduly burdensome in that it results in needless additional burden and expense for Microsoft in preparing corporate designees concerning this Topic. Microsoft further objects to this Topic to the extent it calls for information pertaining to issues that are not relevant to the subject matter of this

litigation.  Microsoft also objects to this Topic because the information sought by this Topic via testimony is duplicative and cumulative of Google's October 22, 2024 Subpoena Requests No. 26, to which Microsoft has agreed to produce responsive information.   Microsoft further objects to testifying about produced policy statements, which are in writing and speak for themselves. Microsoft further objects to this topic to the extent that it seeks information protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections, Microsoft responds as follows: Microsoft will not provide testimony in response to this Topic.

**TOPIC NO. 17:**

The effects that incorporating AI into Bing has had or is expected to have on Microsoft's ad business, including any change in Microsoft's strategies to monetize search.

**RESPONSE TO TOPIC NO. 17:**

Microsoft objects to this Topic as overbroad, disproportionate to the needs of the case, and unduly burdensome in that it results in needless additional burden and expense for Microsoft in preparing corporate designees concerning this Topic.  Microsoft objects to the term "AI" as undefined, vague, ambiguous, overly broad, and unduly burdensome. Microsoft further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections, Microsoft responds as follows: Microsoft agrees to provide testimony at a general level regarding the extent to which incorporating AI into Bing has impacted Microsoft's strategies to monetize search.

**TOPIC NO. 18:**

Microsoft's communications with Plaintiffs in this litigation discussing or relating to potential or proposed remedies in this litigation.

**RESPONSE TO TOPIC NO. 18:**

Microsoft objects to this Topic as overbroad, disproportionate to the needs of the case, and unduly burdensome in that it results in needless additional burden and expense for Microsoft in preparing corporate designees concerning this Topic.  Microsoft also objects to this Topic because the information sought by this Topic via testimony is duplicative and cumulative of Google's October 22, 2024 Subpoena Requests Nos. 3 and 6, to which Microsoft has agreed to produce responsive information.  Microsoft further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege or work product doctrine, and to the extent these issues would overwhelm any testimony on this Topic.  Microsoft also objects to this Topic on the grounds that the testimony is more readily, efficiently, and appropriately obtained from Plaintiffs, which are direct parties in this litigation.  Rule 45 directs that discovery should not be sought from a non-party where it is specifically available from a party to the action.  Microsoft further objects to this Topic to the extent it calls for information pertaining to issues that are not relevant to the subject matter of this litigation.

Subject to and without waiving the foregoing objections, Microsoft responds as follows: Microsoft will not provide testimony in response to this Topic.


Dated: February 3, 2025                    Respectfully submitted,

                                           */s/ Julia Chapman*
                                           Julia Chapman *(pro hac vice)*
                                           **DECHERT LLP**
                                           Cira Centre, 2929 Arch Street
                                           Philadelphia, PA 19104
                                           Tel.: (215) 994-2060
                                           Fax: (215) 994-2222
                                           julia.chapman@dechert.com

John (Jay) Jurata, Jr. (DC Bar No. 478602)
**DECHERT LLP**
1900 K Street, NW
Washington, DC 20006
Tel.: (202) 261-3300
Fax: (202) 261-3333
jay.jurata@dechert.com

Russell P. Cohen (*pro hac vice*)
**DECHERT LLP**
45 Fremont Street, 26th Floor
San Francisco, CA 94105
Tel.: (415) 262-4506
Fax: (415) 262-4555
Russ.Cohen@dechert.com

Amy Ray (DC Bar No. 489086)
**ORRICK, HERRINGTON, & SUTCLIFFE LLP**
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel.: (202) 239-8698
Fax: (202) 339-8500
amyray@orrick.com

*Counsel for Third Party Microsoft Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 3, 2025, I caused to be served a copy of the foregoing

Microsoft Corporation's Responses and Objections to Google's January 24, 2025 Subpoena to

Testify at a Deposition in a Civil Action on all counsel of record via email.

<u>*/s/ Julia Chapman*</u>
Julia Chapman *(pro hac vice)*
**DECHERT LLP**
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Tel.: (215) 994-2060
Fax: (215) 994-2222
julia.chapman@dechert.com

*Counsel for Third Party Microsoft Corporation*