**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>            Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>            Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*,<br><br>            Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>            Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**PLAINTIFFS' MEMORANDUM IN PARTIAL OPPOSITION TO ANTHROPIC PBC'S
MOTION FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE**

Non-Party Anthropic PBC (Anthropic) has filed a purported Motion for Leave to
Participate as Amicus Curiae (Anthropic Mot.), requesting that it be permitted to submit both an
amicus brief *and* evidence in the form of witness declarations. Regardless of how it is styled,
Anthropic's proposal seeking to inject evidence into the proceeding goes beyond the scope of
amicus participation and amounts to a de facto request for leave to intervene, which Plaintiffs
oppose for the same reasons they opposed Apple's Motion to Intervene. *See generally* ECF No.
1123 (Plaintiffs' Memorandum in Opposition to Apple Inc's Motion for Limited Intervention)
(Opp. Br.).

Although Plaintiffs do not oppose submission of an amicus brief (provided Plaintiffs are

1

afforded an opportunity to respond), Anthropic's request goes beyond a desire to be heard on the proposed remedies. Instead, Anthropic seeks to obtain the advantages of a party—through submission of written witness statements—while avoiding the disadvantages of full participation, namely affording Plaintiffs the opportunity to cross-examine Anthropic's witnesses and respond with evidence of their own.[1]

Accordingly, Plaintiffs respectfully request the Court deny Anthropic's motion with respect to any participation in the proceeding beyond submission of an amicus brief. Plaintiffs further request that, should the Court permit Anthropic to file such a brief, that Plaintiffs are permitted to respond.

## I.    Anthropic's De Facto Motion To Intervene Is Untimely And Google Adequately Represents Its Interests

Although Anthropic styles its motion as "participation as amicus," it is telling that the company cites Apple's request for intervention as its basis. *See* Anthropic Mot. at 3. Its de facto motion to intervene should fail for the same reason Apple's did: timeliness. This Court found that Apple's motion was untimely because, among other reasons, Apple waited too long after Plaintiffs' Proposed Remedies Framework (Remedies Framework) was filed to seek intervention. ECF No. 1153 (Memorandum Opinion and Order Denying Apple's Motion for Limited Intervention) (Order Denying Intervention) at 2. Just like Apple, Anthropic was put on notice of Plaintiffs' intention by the Remedies Framework filed on October 8, 2024. ECF No. 1052 (Remedies Framework). Section III of the Remedies Framework details Plaintiffs'

---

[1]  Although Anthropic seeks the same relief as Apple, the two parties are very differently situated. Apple made extensive document productions during liability. Its executives were deposed, testified, and cross-examined at trial. During the remedies phase, Apple again made significant document productions, and its potential witness was deposed. If an Apple witness is called to testify during the remedies hearing, they will be cross examined. In stark contrast, Anthropic's potential witnesses have never been deposed and are not identified on either Parties' witness list. Therefore, in all likelihood, they will not testify during the remedies trial.

consideration of remedies that would "prohibit Google from owning or otherwise holding a stake in the success of its search competitors." Remedies Framework at 9. Elsewhere, the Remedies Framework explains that Plaintiffs were considering remedies that would "limit or end Google's use of contracts, monopoly profits, and other tools to control or influence longstanding and emerging distribution channels and search-related products (e.g., browsers, search apps, *artificial intelligence summaries and agents*)." Remedies Framework at 5–6 (emphasis added).

Read together, the Remedies Framework makes clear that Anthropic's investment contracts with Google are well within the scope of Plaintiffs' remedies and their likely impact. To that end, Anthropic's claimed surprise that they were implicated in Plaintiff's Proposed Final Judgment (Plaintiffs' PFJ) does not stem from a lack of notice. Were Anthropic to have styled the instant motion as a motion to intervene, its request, like Apple's, would be untimely. *Compare* Anthropic Mot. at 1 (filed 129 days after the Remedies Framework), *with* Order Denying Intervention at 6 (finding that a 76-day delay was too long in this litigation's context). And even if Anthropic received notice only by Plaintiffs' PFJ, its motion to intervene would still be untimely, happening 86 days after the PFJ was filed and only two weeks before the end of fact discovery. *See* ECF No. 1062-1 (Plaintiffs' PFJ) (even with the more generous tolling, it took Anthropic 10 days longer than Apple to file).

In addition, Google is ability to represent Anthropic's interests, much as it can represent Apple's, since Google and Anthropic have a mutually aligned interest in seeing Google's investment in Anthropic continue. *See* Opp. Br. at 8–14.

## II.    Plaintiffs Would Be Prejudiced By Continued Submissions Of Declarations Or Other Out Of Court Statements

The submission of Anthropic affidavits is neither necessary nor appropriate. First, Anthropic—unlike Apple—has not had witnesses deposed, testified, or cross-examined. Second,

the proposed submission (Declaration of Tom Brown) demonstrates exactly the reason that

sworn statements not subject to cross-examination should not be permitted because it seeks to

opine on competition related to artificial intelligence and cloud computing as well as make

factual allegations about alleged harms to competition.

Permitting every untimely intervenor with an interest in this proceeding to inject

unrebutted evidence will prejudice Plaintiffs by creating the necessity of additional discovery

and time to prepare for trial. *See Caterino v. Barry*, 922 F.2d 37, 41–42 (1st Cir. 1990). The risks

threatened under these factors are especially acute here. Anthropic filed its motion on

February 14, 2025, just fourteen days before the close of fact discovery.[2] At that point in the

remedies phase discovery process, Plaintiffs had almost no available avenues to conduct

discovery about Anthropic's proposed declarations.

To properly respond to Anthropic's witness declarations, Plaintiffs would need both a

deposition and additional document discovery. Neither are practically available. Tom Brown,

Anthropic's CEO and proposed declarant, appears to reside in San Francisco, California, where

Anthropic is headquartered. Under this jurisdiction's local rules, following Anthropic's filing, his

deposition could not have been noticed because there were too few days remaining in fact

discovery. *See* D.C. Local Civil Rule 30.1 (14 days' notice required for deponents who reside

more than 50 miles from the District of Columbia). In addition, by the time Anthropic filed its

motion, Plaintiff had already noticed all available depositions under the Court's scheduling

---

[2]    On February 12, 2025, Anthropic notified the Parties by email that it intended to file the
instant motion. Anthropic explained that the motion itself would be filed on February 14,
2025. The notification did not identify the facts necessary for Plaintiffs to begin responding to
Anthropic's declarations, i.e., the identity of the declarants and the subject matter of their
declarations. And Anthropic's motion itself only identified one of the "up to two" declarations
it might submit. Anthropic Mot. at 11.

order. Plaintiffs would need to seek leave from the Court to conduct additional depositions. In addition, the Parties had already set over twenty depositions between February 14 and February 28. And all of this presumes that Anthropic would agree to produce Mr. Brown for deposition in a timely manner, which Anthropic failed to offer in its motion.

In advance of any deposition, Plaintiffs would also need custodial documents, data, and other information from Anthropic. Earlier in discovery, Anthropic agreed to produce targeted documents in request to a narrow subpoena for specific agreements and contracts. It has neither agreed nor offered to broad custodial document searches. A request for documents at this late stage would fare no better than a deposition, as Anthropic would have no obligation to even lodge initial objections for 14 days. Fed. R. Civ. P. 45(d)(2)(B). Practically and theoretically speaking, even if Plaintiffs had begun efforts the minute that Anthropic filed its motion, completing the discovery necessary to respond to Anthropic's proposed declarations within the fact discovery time period was impossible.

These substantive and practical barriers understate the actual prejudice to Plaintiffs. Anthropic's late involvement threatens to increase the parties' "already heavy burden" to complete accelerated remedies discovery. Order Denying Intervention at 17. The burden to pursue discovery of a new party in the action creates an unnecessary imposition on Plaintiffs, as Anthropic could have filed this same motion at least 86 days earlier. *Cf.* D.C. Local Civil Rule 7(o)(2) ("[A motion for leave to file an amicus brief] shall be filed in a timely manner such that it does not unduly delay the Court's ability to rule on any pending matter."). And allowing Anthropic to submit late affidavits could invite other firms to seek relief even later in this proceeding, magnifying the potential prejudice to Plaintiffs.

Anthropic's legal arguments are also unpersuasive. Anthropic fails to muster any legal

authority supporting its entitlement to submit these declarations. As a general matter, amici are not parties to matters and cannot offer evidence on their own. *Orion Wine Imports, LLC v. Applesmith*, 440 F. Supp. 3d 1139, 1146 (E.D. Cal. 2020), *aff'd*, 837 F. App'x 585 (9th Cir. 2021) (citing *WildEarth Guardians v. Jeffries*, 370 F. Supp. 3d 1208, 1228 (D. Or. 2019)). Courts often strike factual assertions made by an amicus unless the facts relate to jurisdictional issues. *See Knox v. U.S. Dep't of Interior*, No. 4:09-CV-162-BLW, 2011 WL 2837219, at *2 (D. Idaho July 9, 2011) (citing *Michel v. Anderson*, 14 F.3d 623, 625 (D.C. Cir.1994)). And amicus submissions that provide what is essentially "unsworn expert testimony" are improper. *See New York v. Microsoft Corp.*, No. CIV.A. 98-1233 CKK, 2002 WL 31628215, at *1 (D.D.C. Nov. 14, 2002). Mr. Brown's proposed declaration does exactly that. ECF No. 1065 (Redacted Declaration of Tom Brown). It opines that "Plaintiffs' proposed remedy would severely injure Anthropic without providing any corresponding benefits to competition or consumers." *Id.* at 6. Discovery would be necessary to determine if Mr. Brown's broad, conclusory statements about competitive effects exceed his personal knowledge or foundation on such issues. Such statements on their face veer into competitive effects analysis that is typically performed by expert economists, not late-identified third-party fact witnesses. *See, e.g., United States v. Anthem, Inc.*, 236 F. Supp. 3d 171, 212 (D.D.C.), *aff'd*, 855 F.3d 345 (D.C. Cir. 2017); *United States v. JetBlue Airways Corp.*, 712 F. Supp. 3d 109, 144 (D. Mass. 2024), *appeal dismissed*, No. 24-1092, 2024 WL 3491184 (1st Cir. Mar. 5, 2024).

## III.   Plaintiffs Do Not Oppose Anthropic's Request To Submit An Amicus Curiae Brief

Plaintiffs defer to the Court on Anthropic's request to participate as an amicus curie by providing its views on remedies in an amicus brief. The grant of such requests is soundly vested in the district court's "wide discretion.*" Nat'l Ass'n of Home Builders v. U.S. Army Corps of*

6

*Eng'rs*, 519 F.Supp.2d 89, 93 (D.D.C. 2007). *See also Matter of Search of Info. Associated with [redacted]@mac.com that is Stored at Premises Controlled by Apple, Inc.*, 13 F. Supp. 3d 157, 167 (D.D.C. 2014). An amicus's participation is "only for the benefit of the [c]ourt." *United States v. Microsoft Corp.*, No. CIV.A.98-1232(CKK), 2002 WL 319366, at *2 (D.D.C. Feb. 28, 2002)). Plaintiffs do not object to the Court taking in the views of any non-parties that it wishes but request the opportunity to respond such filings.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that this Court reject Anthropic's request to submit declarations in this matter. If the Court is inclined to grant Anthropic's request, Plaintiffs request that any declarations be submitted before trial to provide Plaintiffs with an opportunity to respond and not be admissible as trial exhibits. Such declarations, standing alone, are inadmissible hearsay to which no exception or exclusion applies. *See Gem Fin. Serv., Inc. v. City of New York,* No. 13CV1686RPKRER, 2022 WL 409618, at *5 (E.D.N.Y. Feb. 10, 2022) (finding that a declaration was not admissible under Rules of Evidence 803, 804, or 807). Plaintiffs further request that if the Court permits Anthropic to submit an amicus brief, they be permitted the opportunity to respond.

Dated: February 28, 2025                    Respectfully submitted,


                                            _/s/ Ryan Karr_
                                            David E. Dahlquist
                                            Adam T. Severt
                                            Travis R. Chapman (D.C. Bar # 90031151)
                                            Ryan T. Karr
                                            Veronica N. Onyema (D.C. Bar #979040)

                                            U.S. Department of Justice
                                            Antitrust Division
                                            Technology & Digital Platforms Section
                                            450 Fifth Street NW, Suite 7100
                                            Washington, DC 20530

By:____/s/ Christoper A. Knight_____
James Uthmeier, Attorney General
R. Scott Palmer, Special Counsel, Complex
Enforcement Chief, Antitrust Division
Lee Istrail, Assistant Attorney General
Christopher A. Knight, Assistant Attorney
General
Office of the Attorney General, State of
Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com
Christopher.Knight@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

By:____/s/ Diamante Smith_____
Ken Paxton, Attorney General
Brent Webster, First Assistant Attorney
General
Ralph Molina, Deputy First Assistant Attorney
General
Austin Kinghorn, Deputy Attorney General for
Civil Litigation
Diamante Smith, Assistant Attorney General,
Antitrust Division
Office of the Attorney General, State of Texas
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1162
Diamante.Smith@oag.texas.gov

*Counsel for Plaintiff State of Texas*

By:____/s/ Carolyn D. Jeffries_____
Rob Bonta, Attorney General
Paula Blizzard, Senior Assistant Attorney
General
Michael Jorgenson, Supervising Deputy
Attorney General
Brian Wang, Deputy Attorney General
Carolyn D. Jeffries, Deputy Attorney General
(DC Bar No. 1600843)
Office of the Attorney General
California Department of Justice

455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Cari.Jeffries@doj.ca.gov

*Counsel for Plaintiff State of California*

Matthew M. Ford
Arkansas Bar No. 2013180
Senior Assistant Attorney General
Office of the Arkansas Attorney General Tim
Griffin
323 Center Street, Suite 200
Little Rock, AR 72201
Matthew.Ford@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

Christopher Carr, Attorney General
Logan B. Winkles, Deputy Attorney General
Ronald J. Stay, Jr., Senior Assistant Attorney
General
Charles Thimmesch, Senior Assistant Attorney
General
Office of the Attorney General, State of
Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and Director,
Consumer Protection Division
Jesse Moore, Deputy Attorney General
Christi Foust, Deputy Attorney General
Office of the Attorney General, State of
Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Jesse.Moore@atg.in.gov

*Counsel for Plaintiff State of Indiana*

Russell Coleman, Attorney General
J. Christian Lewis, Commissioner of the
Office of Consumer Protection
Philip R. Heleringer, Executive Director of the
Office of Consumer Protection
Jonathan E. Farmer, Deputy Executive
Director of the Office of Consumer Protection
Office of the Attorney General,
Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of
Kentucky*

Liz Murrill, Attorney General
Patrick Voelker, Assistant Attorney General
Office of the Attorney General, State of
Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
voelkerp@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

Michael Schwalbert
Missouri Bar No. 63229
Assistant Attorney General
Consumer Protection Section
Missouri Attorney General's Office
815 Olive Street | Suite 200
Saint Louis, Missouri 63101
michael.schwalbert@ago.mo.gov
Phone: 314-340-7888

Fax: 314-340-7981

*Counsel for Plaintiff State of Missouri*

Lynn Fitch, Attorney General
Crystal Utley Secoy, Assistant Attorney
General
Lee Morris, Special Assistant Attorney
General
Office of the Attorney General, State of
Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Crystal.Utley@ago.ms.gov
Lee.Morris@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

Anna Schneider
Special Assistant Attorney General, Senior
Counsel
Montana Office of Consumer Protection
P.O. Box 200151
Helena, MT. 59602-0150
Phone: (406) 444-4500
Fax: 406-442-1894
Anna.schneider@mt.gov

*Counsel for Plaintiff State of Montana*

Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney
General
C. Havird Jones, Jr., Senior Assistant Deputy
Attorney General
Mary Frances Jowers, Assistant Deputy
Attorney General
Office of the Attorney General, State of South
Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549

mfjowers@scag.gov

*Counsel for Plaintiff State of South Carolina*

Joshua L. Kaul, Attorney General
Laura E. McFarlane, Assistant Attorney
General

Wisconsin Department of Justice
17 W. Main St.
Madison, Wisconsin 53701
mcfarlanele@doj.state.wi.us

*Counsel for Plaintiff State of Wisconsin*

PHILIP WEISER
Attorney General of Colorado

*/s/ Jonathan B. Sallet*
Jonathan B. Sallet, DC Bar No. 336198
Steven M. Kaufmann
Elizabeth W. Hereford
Conor J. May
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
E-Mail: Jon.Sallet@coag.gov
Steve.Kaufmann@coag.gov
Elizabeth.Hereford@coag.gov
Conor.May@coag.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Colorado*

MIKE HILGERS
Attorney General of Nebraska

Justin C. McCully, Assistant Attorney
General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
E-Mail: Justin.mccully@nebraska.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Nebraska*

KRISTIN K. MAYES
Attorney General of Arizona

Robert A. Bernheim, Unit Chief Counsel
Jayme Weber, Senior Litigation Counsel
Arizona Office of the Attorney General
400 West Congress, Ste. S-215
Tucson, Arizona 85701
Telephone: (520) 628-6507
E-Mail: Robert.Bernheim@azag.gov
Jayme.Weber@azag.gov

*Counsel for Plaintiff State of Arizona*

BRENNA BIRD
Attorney General of Iowa

Noah Goerlitz, Assistant Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St., 2nd Floor
Des Moines, IA 50319
Telephone: (515) 725-1018
E-Mail: Noah.goerlitz@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

LETITIA JAMES
Attorney General of New York

Elinor R. Hoffmann
Morgan J. Feder
Michael D. Schwartz
Office of the New York State Attorney
General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8513
E-Mail: Elinor.hoffmann@ag.ny.gov
Morgan.feder@ag.ny.gov
Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff State of New York*

JEFF JACKSON
Attorney General of North Carolina

Kunal Janak Choksi
Joshua Daniel Abram
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6000
E-Mail: kchoksi@ncdoj.gov
jabram@ncdoj.gov
jsutton2@ncdoj.gov

*Counsel for Plaintiff State of North Carolina*

JONATHAN SKRMETTI
Attorney General of Tennessee

J. David McDowell
Austin Ostiguy
Tyler Corcoran
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 741-8722
E-Mail: David.McDowell@ag.tn.gov
austin.ostiguy@ag.tn.gov
Tyler.Corcoran@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*

DEREK E. BROWN
Attorney General of Utah

Matthew Michaloski, Assistant Attorney General
Marie W.L. Martin, Deputy Division Director
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 140811
Salt Lake City, Utah 84114
Telephone: (801) 440-9825

E-Mail: mmichaloski@agutah.gov
mwmartin@agutah.gov

*Counsel for Plaintiff State of Utah*

TREGARRICK TAYLOR
Attorney General of Alaska

Jeff Pickett
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5100
E-Mail: Jeff.pickett@alaska.gov

*Counsel for Plaintiff State of Alaska*

WILLIAM TONG
Attorney General of Connecticut

Nicole Demers
Office of the Attorney General of Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Telephone: (860) 808-5202
E-Mail: Nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

KATHLEEN JENNINGS
Attorney General of Delaware

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
E-Mail: Michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*

BRIAN SCHWALB

Attorney General of the District of
Columbia

Elizabeth Gentry Arthur
Office of the Attorney General for the
District of Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 724-6514
E-Mail: Elizabeth.arthur@dc.gov

*Counsel for Plaintiff District of Columbia*

DOUGLAS MOYLAN
Attorney General of Guam

Fred Nishihira
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Telephone: (671) 475-3324
E-Mail: fnishihira@oagguam.org

*Counsel for Plaintiff Territory Guam*

ANNE E. LOPEZ
Attorney General of Hawai'i

Rodney I. Kimura
Department of the Attorney General, State
of Hawai'i
425 Queen Street
Honolulu, HI 96813
Telephone (808) 586-1180
E-Mail: Rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff State of Hawai'i*

RAÚL LABRADOR
Attorney General of Idaho

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. Jefferson St., 2nd Floor
P.O. Box 83720

Boise, ID 83720
Telephone: (208) 332-3549
E-Mail: John.olson@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

KWAME RAOUL
Attorney General of Illinois

Elizabeth Maxeiner
Brian Yost
Jennifer Coronel
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
Telephone: (773) 590-7935
E-Mail: Elizabeth.maxeiner@ilag.gov
Brian.yost@ilag.gov
Jennifer.coronel@ilag.gov

*Counsel for Plaintiff State of Illinois*

KRIS W. KOBACH
Attorney General of Kansas

Lynette R. Bakker
Kansas Office of the Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612
Telephone: (785) 296-3751
E-Mail: Lynette.bakker@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

AARON M. FREY
Attorney General of Maine

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
August, ME 04333
Telephone: (207) 626-8800
E-Mail: Christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

ANTHONY G. BROWN
Attorney General of Maryland

Schonette J. Walker
Gary Honick
Office of the Attorney General of
Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Telephone: (410) 576-6480
E-Mail: swalker@oag.state.md.us
ghonick@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

ANDREA CAMPBELL
Attorney General of Massachusetts

Jennifer E. Greaney
Office of the Attorney General of
Massachusetts
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2981
E-Mail: Jennifer, greaney@mass.gov

*Counsel for Plaintiff Commonwealth of
Massachusetts*

KEITH ELLISON
Attorney General of Minnesota

Zach Biesanz
Senior Enforcement Counsel
Office of the Minnesota Attorney General
Antitrust Division
445 Minnesota Street, Suite 600
St. Paul, MN 55101
Telephone: (651) 757-1257
E-Mail: Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

AARON D. FORD
Attorney General of Nevada

Michelle C. Badorine
Lucas J. Tucker
Nevada Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
Telephone: (775) 684-1164
E-Mail: mbadorine@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

JOHN FORMELLA
Attorney General of New Hampshire

Brandon Garod
Office of Attorney General of New
Hampshire
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-1217
E-Mail: Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff State of New
Hampshire*

MATTHEW PLATKIN
Attorney General of New Jersey

Isabella R. Pitt
Deputy Attorney General
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
Telephone: (973) 648-7819
E-Mail: Isabella.Pitt@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

RAÚL TORREZ
Attorney General of New Mexico

Judith E. Paquin Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney
General
408 Galisteo St.

Santa Fe, NM 87504
Telephone: (505) 490-4885
E-Mail: jpaquin@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff State of New Mexico*

DREW WRIGLEY
Attorney General of North Dakota

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust
Division
Office of the Attorney General of North
Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
Telephone: (701) 328-5570
E-Mail: ealm@nd.gov

*Counsel for Plaintiff State of North
Dakota*

DAVID YOST
Attorney General of Ohio

Jennifer Pratt
Beth Ann Finnerty
Mark Kittel
Office of the Attorney General of Ohio
30 E Broad Street, 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
E-Mail:
Jennifer.pratt@ohioattorneygeneral.gov
Beth.finnerty@ohioattorneygeneral.gov
Mark.kittel@ohioattorneygeneral.gov

*Counsel for Plaintiff State of Ohio*

GENTNER DRUMMOND
Attorney General of Oklahoma

Robert J. Carlson
Office of the Oklahoma Attorney General

313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-1014
E-Mail: Robert.carlson@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

DAN RAYFIELD
Attorney General of Oregon

Cheryl Hiemstra, Special Assistant
Attorney General
Gina Ko, Assistant Attorney General
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301
Telephone: (503) 934-4400
E-Mail: Cheryl.Hiemstra@doj.oregon.gov
Gina.Ko@doj.oregon.gov

*Counsel for Plaintiff State of Oregon*

MICHELLE HENRY
Attorney General of Pennsylvania

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
E-Mail: jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of
Pennsylvania*

DOMINGO EMANUELLI
HERNANDEZ
Attorney General of Puerto Rico
Guarionex Diaz Martinez
Assistant Attorney General Antitrust
Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902

Telephone: (787) 721-2900, Ext. 1201
E-Mail: gdiaz@justicia.pr.gov

*Counsel for Plaintiff Territory Puerto Rico*

PETER NERONHA
Attorney General of Rhode Island

Stephen Provazza
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
E-Mail: SProvazza@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

MARTIN J. JACKLEY
Attorney General of South Dakota

Yvette K. Lafrentz
Office of the Attorney General of South Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
E-Mail: Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff State of South Dakota*

CHARITY R. CLARK
Attorney General of Vermont

Christopher J. Curtis, Assistant Attorney General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
Telephone: (802) 828-3170
E-Mail: christopher.curtis@vermont.gov
*Counsel for Plaintiff State of Vermont*

JASON S. MIYARES
Attorney General of Virginia

Tyler T. Henry
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Telephone: (804) 692-0485
E-Mail: thenry@oag.state.va.us

*Counsel for Plaintiff State of Virginia*

ROBERT FERGUSON
Attorney General of Washington

Amy Hanson
Senior Assistant Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-5419
E-Mail: Amy.hanson@atg.wa.gov

*Counsel for Plaintiff State of Washington*

JOHN B. McCUSKEY
Attorney General of West Virginia

Douglas Lee Davis
Office of the Attorney General, State of West Virginia
1900 Kanawha Boulevard
East Building 6, Suite 401
P.O. Box 1789
Charleston, WV 25305
Telephone: (304) 558-8986
E-Mail: Douglas.l.davis@wvago.gov

*Counsel for Plaintiff State of West Virginia*

BRIDGET HILL
Attorney General of Wyoming

William T. Young
Wyoming Attorney General's Office
2320 Capitol Avenue

17

Kendrick Building
Cheyenne, WY 82002
Telephone: (307) 777-7847
E-Mail: William.young@wyo.gov

*Counsel for Plaintiff State of Wyoming*