IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**REPLY IN SUPPORT OF ANTHROPIC PBC'S
MOTION FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE***

The Court should reject Plaintiffs' arguments and grant Anthropic's motion in full. Until Plaintiffs chose to dramatically broaden their proposed remedy beyond the scope of the Court's liability ruling, this case had nothing to do with Anthropic—a fact Plaintiffs all but concede. Now, Plaintiffs seek a remedy that would severely damage Anthropic and the generative artificial intelligence ("AI") marketplace, without Anthropic's prior involvement or a chance to present witnesses, declarations, or evidence. That is neither fair to Anthropic nor beneficial to the Court's decision-making. Plaintiffs' objection to Anthropic's modest request to submit up to two declarations is unwarranted.

*First*, Anthropic's motion is not, as Plaintiffs claim, a "de facto motion to intervene" (Opp. 2). It is a narrowly tailored request for limited participation—far less intrusive than intervention, which would grant full party rights. The Court already granted Apple the same participation *after denying* its intervention motion, underscoring that Anthropic's request is distinct from, not tantamount to, intervention. While Anthropic could have justifiably sought intervention given that Plaintiffs' proposed remedy directly threatens Anthropic's business and contractual interests—interests no existing party adequately represents (Mot. 8–11)—it instead opted for the least intrusive path, respecting the Court's preference.

Plaintiffs offer no valid reason why Anthropic should be denied the same limited rights as Apple. They claim that Anthropic is "differently situated" from Apple (Opp. 2 n.1), but their own reasoning only shows why Anthropic is *more* entitled to submit declarations, not less. Unlike Apple, which has long been involved in this case and had multiple opportunities to participate in discovery and present evidence to advocate for its interests, Anthropic was dragged into this litigation at the eleventh hour due to Plaintiffs' overreaching proposed final judgment ("PFJ"). Due process demands that Anthropic at least be afforded the same participation rights as Apple. *See Ralls Corp. v. Comm. on Foreign Inv.*, 758 F.3d 296, 317–18 (D.C. Cir. 2014) (courts must be "flexible" in providing the "procedural protections [that] the particular situation demands" and should at minimum provide an individual or entity "an opportunity to rebut" evidence offered to deprive it of a legally protected interest (quotation marks omitted)). To prohibit Anthropic from submitting any fact witness declarations would deny it the right "to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quotation marks omitted).

***Second***, Anthropic's motion is timely. Plaintiffs' claim that Anthropic's motion "should fail for the same reason Apple's did: timeliness" (Opp. 2) is misplaced. This Court deemed Apple's motion untimely *as a motion to intervene*, but still granted the exact limited participation rights Anthropic now seeks. Because Anthropic requests the same relief, including submitting up to two fact witness declarations, Anthropic's motion should be assessed under the lower timeliness standard Apple met, not the higher bar Apple failed to clear. *See* Mot. 11.

Regardless, Anthropic satisfies either standard. Unlike Apple, Anthropic had no reason to know this case threatened its interests until Plaintiffs filed their PFJ on November 20, 2024. Plaintiffs' suggestion that Anthropic "was put on notice" by a single, parenthetical mention of AI in their Remedies Framework is baseless (Opp. 2); that passing reference gave no indication that Plaintiffs would seek the extreme divestiture remedy and bar on future investments outlined in their PFJ. After reviewing the PFJ, Anthropic acted diligently—quickly assessing the case, determining the necessary steps to protect its interests, and engaging directly with Plaintiffs in the hope of resolving the issue without burdening the Court. *See* Mot. 7, 11–12. When such a resolution was not forthcoming, Anthropic also carefully considered this Court's ruling on Apple's motion to intervene and tailored its request accordingly. Given that Plaintiffs' PFJ blindsided Anthropic, the fact that Anthropic took just "10 days longer than Apple" to file its motion (Opp. 3) only confirms Anthropic's diligence.

***Third***, the fact that Anthropic did not participate in discovery is precisely why it should be allowed to submit fact witness declarations. Plaintiffs argue that Anthropic should be denied that opportunity because, unlike Apple, it "has not had witnesses deposed, testified, or cross-examined" (Opp. 3). This argument directly contradicts the Court's reasoning and, if anything, demonstrates why Anthropic should be permitted to submit declarations. Apple's prior

3

participation in discovery gave it multiple chances to present evidence, while Anthropic—through no fault of its own—has had none. Yet the Court expressly contemplated that Apple's declarations can present testimony of witnesses who have *not* previously testified. *See* ECF No. 1153 at 19 ("If Mr. Cue is called to testify at the evidentiary hearing, Apple may also submit an affidavit from one additional fact witness that addresses facts not covered by Mr. Cue's testimony."). The fact that Anthropic did not previously participate in discovery is a result of Plaintiffs' actions, not Anthropic's. Having sought a remedy that would seriously harm Anthropic's interests without seeking discovery from Anthropic, Plaintiffs should not benefit from that omission. The fact that Anthropic has had no opportunity to present evidence to counter Plaintiffs' attack on its legally protected interests makes Anthropic's modest request all the more reasonable.

*Fourth*, Plaintiffs' concerns about "sworn statements not subject to cross-examination" (Opp. 4) are overblown, and any potential prejudice to them pales in comparison to the prejudice Anthropic would face if it is barred from presenting evidence. Plaintiffs—not Anthropic—are responsible for their failure to pursue discovery that would have allowed them to examine Anthropic's witnesses. Moreover, Plaintiffs' hearsay objection is premature, as it remains unclear what evidence will be presented at trial, whether Anthropic's declarations will constitute hearsay, and if so, whether they will fall within an exception to the hearsay bar, such as Federal Rule of Evidence 807. *See United States v. Slatten*, 865 F.3d 767, 807 (D.C. Cir. 2017) (per curiam) (Rule 807 allows courts to consider evidence that is both "very important and very reliable" (quotation marks omitted)).

Rather than addressing Plaintiffs' premature objections now, the Court should grant Anthropic's motion in full to preserve flexibility. The Court may ultimately reject Plaintiffs'

4

proposed remedy without relying on Anthropic's declarations, eliminating any potential prejudice. *See United States v. Microsoft Corp.*, 253 F.3d 34, 101 (D.C. Cir. 2001) (per curiam) (a district court conducting a bench trial has "wide latitude to receive evidence as it sees fit" and will be presumed to have "ignored any inadmissible evidence"). If, however, the Court finds contested facts in the declarations that are material to its decision, then it can address Plaintiffs' objections based on a full record and, if necessary, allow cross-examination or take other appropriate measures to mitigate potential prejudice to Plaintiffs.

What the Court should not do is bar Anthropic from presenting critical evidence on the propriety of Plaintiffs' proposed remedy. The Court's decree in this case may have far-reaching consequences—not only for Anthropic, but also for competition across multiple markets and for the United States' ability to keep pace in the global AI race. The Court should ensure it has access to all relevant evidence when crafting its decision, including the declarations Anthropic seeks to submit.

**CONCLUSION**

The Court should grant Anthropic's motion in full.

Dated: March 7, 2025

Respectfully submitted,

/s/ *Paul Alessio Mezzina*
Veronica Moyé (*pro hac vice*)
Benjamin T. Lee (*pro hac vice*)
KING & SPALDING LLP
2601 Olive Street
Suite 2300
Dallas, TX 75201
(214) 764-4600
vmoye@kslaw.com
benjamin.lee@kslaw.com

Nema Milaninia (*pro hac vice*)
Paul Alessio Mezzina (DC Bar No. 999325)
Sumon Dantiki (*pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Suite 900
Washington, DC 20006
(202) 737-0500
nmilaninia@kslaw.com
pmezzina@kslaw.com
sdantiki@kslaw.com

*Counsel for Movant Anthropic PBC*
