# EXHIBIT B

**HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*,<br><br>       Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>       Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, *et al.*,<br><br>       Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>       Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

### GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
### THIRD JOINT REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Google LLC ("Google") hereby submits these responses and objections to Plaintiffs' Third Joint Request for Production of Documents to Defendant Google LLC (the "RFPs"), dated January 27, 2025.

### GENERAL RESPONSES AND OBJECTIONS

Google makes the following general objections to the RFPs, which form a part of Google's response to each and every request, and are set forth here to avoid repetition and duplication.

1

**HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

1.      Google objects to the RFPs to the extent that they seek documents or information protected by the attorney-client privilege, the work product doctrine, common interest privilege and/or any other applicable privilege or immunity.  Regardless of whether privilege objections are specified for any given request, Google will not produce privileged material.  Google's responses and objections to the RFPs are not intended to and do not waive any applicable privilege or protection.

2.      Google objects to the RFPs to the extent that they purport to require Google to search for or produce documents, data, or information that are not in Google LLC's possession, custody, or control.  Google will only search for and produce information and materials that are in its possession, custody, or control.

3.      Google objects to the RFPs to the extent that they are unjustifiably duplicative of Plaintiffs' prior requests for production of documents or of discovery that already occurred during the liability phase of the litigation.

4.      These responses and objections and any documents or information produced are provided without waiver of any objections as to the competency, relevance, materiality, privileged status, or admissibility of any document or information as evidence.

Google expressly reserves the right to amend, revise, or supplement these responses and objections.  The general objections above are incorporated by reference as though fully set forth in each response of the Responses and Objections to Requests for Production below.

## <u>OBJECTIONS TO DEFINITIONS & INSTRUCTIONS</u>

1.      Given that Plaintiffs incorporated by reference their prior instructions and definitions, Google incorporates by reference all objections made to the instructions and definitions in Plaintiffs' prior requests for production of documents to Google issued on January

**HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

5, January 11, June 21, July 28, August 13, August 20, September 30, December 9, 2021, March 2, March 18, March 24, March 31, 2022, September 26, 2024, and November 27, 2024.

2.    Google objects to the instructions and definitions as overly broad, unduly burdensome, and not proportional to the needs of this case because they purport to require Google, without any limitations "[u]nless otherwise specified," to produce "all documents" in its possession, custody, or control back to January 1, 2020.

**RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1**

Produce all documents supporting Google's Proposed Final Judgment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Google incorporates its general objections as though fully set forth herein.

Subject to and without waiving the foregoing objections, Google will produce all non-privileged documents that Google intends to rely on in its defense and to support its Proposed Final Judgment.

**REQUEST FOR PRODUCTION NO. 2**

Produce all agreements between Google and Apple related to Apple's iCloud.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Google incorporates its general objections as though fully set forth herein.  Google objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information not relevant to any party's claim or defense nor proportional to the needs of this case, including because Plaintiffs have not established the relevance of Apple's iCloud, or any agreements between Google and Apple related to it, to this remedies proceeding.

Google accordingly responds that it will not search for and produce documents responsive to this Request.

**HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

**REQUEST FOR PRODUCTION NO. 3**

From January 1, 2022 to the present, produce Google Display Network ("GDN") referral data (or any predecessor data) separately for each referrer, on a monthly basis, aggregated at the level of each unique combination of month, country, OS, browser, search type, and signed-in status.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Google incorporates its general objections as though fully set forth herein.

Subject to and without waiving the foregoing objections, Google will produce Google Display Network ("GDN") referral data from February 2022 through December 2024, separately for each referrer, on a monthly basis, aggregated at the level of each unique combination of month, country, OS, browser, search type, and signed-in status.

**REQUEST FOR PRODUCTION NO. 4**

From January 1, 2022 to the present, produce all text messages between Peter Fitzgerald and Jay Kim.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Google incorporates its general objections as though fully set forth herein.  Google further objects to this Request as on the grounds that it is overly broad, unduly burdensome, and seeks information not relevant to any party's claim or defense nor proportional to the needs of this case because the Request seeks "all" text messages, without limitation based on relevance.

Subject to and without waiving the foregoing objections, Google will produce text messages between Peter Fitzgerald and Jay Kim from January 1, 2022 to November 5, 2024 that are located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 5**

Produce all executed agreements related to Google's investment in Anthropic in or around January 2025 as well as documents sufficient to show Google's strategy related to the investment.

4

HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5

Google incorporates its general objections as though fully set forth herein.  Google objects to the Request to the extent it seeks documents relating to "Google's investment in or around January 2025" on the grounds that Google did not make any new investment in Anthropic in or around that time.  Google responds that Anthropic closed its Series E financing in January 2025, in which Google's outstanding notes to Anthropic were automatically converted.

Subject to and without waiving the foregoing objections, Google will produce agreements relating to the close of Anthropic's Series E financing in January 2025 as well as documents sufficient to show Google's strategy related to the Anthropic investment.

## REQUEST FOR PRODUCTION NO. 6

Produce a spreadsheet or similar document sufficient to show all the available fields maintained by Google in each of the below databases and datasets, and a corresponding data dictionary for each respective database and dataset.

      a.   GWS Logs; and

      b.   QSessions.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6

Google incorporates its general objections as though fully set forth herein.  Google objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information not relevant to any party's claim or defense nor proportional to the needs of this case, including because the Request seeks documents sufficient to show "all the available fields" in GWS Logs and QSessions, which covers an extraordinary amount of data and associated information.  Google further objects to this Request to the extent it seeks a "corresponding data dictionary;" Google does not in the ordinary course of business maintain a "data dictionary" for "all the available fields" for the data sought by this Request.

HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Google accordingly responds that it will not search for and produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7**

Produce a spreadsheet or similar document sufficient to show all the available fields used for the data used to train or create the Google systems listed in subparts (a)-(g). For each dataset, include a corresponding data dictionary that explains how each field is defined and used. This data dictionary should at least: (1) provide field names and descriptions, (2) specify the data types, (3) outline permissible or expected value ranges and formats, (4) describe the purpose or function of each field in the model or training process, and (5) identify any transformations, preprocessing, or aggregations that are performed on the data including any sampling methodology employed to obtain the data set.

    a. Navboost (specifically all fields for the "13 months of data" identified in the Fox Report);
    b. Glue;
    c. RankBrain (specifically all fields for the "120 days data" identified in the Fox Report);
    d. DeepRank (specifically all fields for the "70 days data" identified in the Fox Report);
    e. QBST (specifically all fields for the "Navboost + 12 months of data" identified in the Fox Report);
    f. Term-Weighting (specifically all fields for the "12 months of data" identified in the Fox Report); and
    g. RankEmbedBERT (specifically all fields for the "70 days of data" identified in the Fox Report).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Google incorporates its general objections as though fully set forth herein.  Google objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information not relevant to any party's claim or defense nor proportional to the needs of this case, including because the Request seeks documents sufficient to show five different categories of detailed information across "all the available fields used for the data used to train or create" seven different Google systems, which covers an extraordinary amount of data and associated information.  Google further objects to the Request as duplicative on the grounds that the matters encompassed by this Request were the subject of deposition and trial testimony from multiple

HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

witnesses, including expert witnesses.  Plaintiffs have not demonstrated the need for documents

beyond those previously produced.  Google further objects to this Request to the extent it seeks a

"corresponding data dictionary;" Google does not in the ordinary course of business maintain a

"data dictionary" for "all the available fields" for the data sought by this Request.

Google accordingly responds that it will not search for and produce documents

responsive to this Request.

## REQUEST FOR PRODUCTION NO. 8

Produce technical documentation sufficient to show which User-Side Data is used, any
considerations of privacy or privacy-protection mechanisms for this use, and how often this data
is refreshed, to (a) train and (b) fine tune:

    a.  Google's AI models to generate summaries for Google's AI Overview;
    b.  Google's retrieval models that are used to retrieve data when generating
        summaries for Google's AI Overview;
    c.  Google's AI models to generate responses to queries submitted via Google's
        Circle to Search functionality; and
    d.  Google's AI models to operate as the Gemini chatbot.

For the avoidance of doubt the information produced in response to 8(a)-(c) shall include
documents sufficient to show all the available fields for the data used for such purpose, along
with a corresponding data dictionary.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8

Google incorporates its general objections as though fully set forth herein.  Google

objects to this Request on the grounds that it is overly broad and unduly burdensome to the

extent it seeks "technical documentation" sufficient to show the data used to train Google's AI

models, including "all the available fields for the data used for such purpose," which covers an

extraordinary amount of data and associated information.  Google further objects to the Request

as duplicative of Plaintiffs' Second Joint Requests for Production Nos. 9 and 10.  Google further

objects to this Request to the extent it seeks a "corresponding data dictionary;" Google does not

HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

in the ordinary course of business maintain a "data dictionary" for "all the available fields" for the data sought by this Request.

Subject to and without waiving the foregoing objections, Google refers Plaintiffs to its response to Plaintiffs' Second Joint Request for Production Nos. 9 and 10.  Accordingly, Google will not search for and produce additional documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 9

Produce technical documentation sufficient to show which User-Side Data is used, any considerations of privacy or privacy-protection mechanisms for this use, and how often this data is refreshed, in: (a) Google's Search Index; (b) Google's ad selection and personalization processes; and (c) Google's web-crawling processes. For the avoidance of doubt this information shall include documents sufficient to show all the available fields for the data used for such purpose, along with a corresponding data dictionary.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9

Google incorporates its general objections as though fully set forth herein.  Google objects to this Request on the grounds that it is vague and ambiguous, including through its use of the phrase "ad selection and personalization processes."  Google further objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks "technical documentation" sufficient to show the data used in Google's Search Index, ad selection and personalization processes, and web-crawling processes, as that Request covers an extraordinary amount of data and associated information.  Google further objects to this Request to the extent it seeks a "corresponding data dictionary;" Google does not in the ordinary course of business maintain a "data dictionary" for "all the available fields" for the data sought by this Request.

Subject to and without waiving the foregoing objections, Google will produce responsive documents sufficient to provide a high-level overview of the User Side Data used in Google's

**HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

web crawl index and ad selection and personalization in Search, to the extent such documents can be located through a reasonable search.

## REQUEST FOR PRODUCTION NO. 10

Produce technical documentation sufficient to show how and when an "AI Overview" is generated on a per-query basis in response to user queries on Google Search.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10

Google incorporates its general objections as though fully set forth herein. Google objects to this Request as overly broad, unduly burdensome, and seeking information not relevant to any party's claim or defense nor proportional to the needs of this case.

Subject to and without waiving the foregoing objections, Google will produce documents sufficient to show how and when an AI Overview is generated in response to a user query on Google Search.

## REQUEST FOR PRODUCTION NO. 11

Separately by month, operating system, and device type, produce data sufficient to show the number and fraction of searches on Google Search that trigger an AI Overview, whether the searches are commercial or non-commercial, and any tracked metrics related to user interactions with the AI Overview.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11

Google incorporates its general objections as though fully set forth herein. Google objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information not relevant to any party's claim or defense nor proportional to the needs of this case to the extent that this Request seeks "any tracked metrics related to user interactions with the AI Overview."

Subject to and without waiving the foregoing objections, Google will produce data maintained in the ordinary course of business sufficient to show AI Overview triggering rates

**HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

and user interaction with the AI Overviews, to the extent such data can be located through a reasonable search.

## REQUEST FOR PRODUCTION NO. 12

Produce documents sufficient to show Google's policies, protocols, procedures, and tools for requesting, granting, and denying employee access to Google's search index.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12

Google incorporates its general objections as though fully set forth herein.  Google objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information not relevant to any party's claim or defense nor proportional to the needs of this case to the extent that this Request seeks information regarding all of the data sources that comprise Google's "Search Index" as Plaintiffs define that term in their November 20, 2024 Initial Proposed Final Judgment.

Subject to and without waiving the foregoing objections, Google will produce its general policies regarding employee access to the web crawl index.

## REQUEST FOR PRODUCTION NO. 13

Produce documents sufficient to show the Company's internal technical documentation and policies regarding web crawling, including legal compliance, ethics, PII handling, sensitive content policies, malware policies and taxonomies, and mechanisms like robots.txt adherence, spam detection, intellectual property compliance, and internal audits are implemented and audited.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13

Google incorporates its general objections as though fully set forth herein.  Google further objects to this Request as overly broad, unduly burdensome, and seeks information not relevant to any party's claim or defense nor proportional to the needs of this case because it seeks internal technical documentation and policies regarding "web crawling" across a number of broad topics.

**HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

Subject to and without waiving the foregoing objections, Google will produce its use guidelines outlining the general data handling and usage policies of search webcrawl data and ranking signals.

## REQUEST FOR PRODUCTION NO. 14

From January 1, 2022, to present, produce documents sufficient to show the resources committed to developing and maintaining Google's web crawling infrastructure, Search Index, and Search Results API, including the number of engineers and total engineering time spent on each project

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14

Google incorporates its general objections as though fully set forth herein.  Google objects to this Request as overly broad and unduly burdensome to the extent it seeks documentation sufficient to show the resources for "each project" committed to developing and maintaining Google's web crawling infrastructure, "Search Index" (as defined in Plaintiffs' November 20, 2024 Initial Proposed Final Judgment), and "Search Results API" (a term undefined by Plaintiffs).  Further contributing to the burden in responding is the fact that Google's product and engineering teams are not organized in a manner that aligns with the categories identified by Plaintiffs.

Subject to and without waiving the foregoing objections, Google will produce documents sufficient to show the number of engineers employed by Knowledge & Information and Core.

## REQUEST FOR PRODUCTION NO. 15

Produce documents sufficient to show any configuration files or build scripts needed to compile and install ChromeOS.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15

Google incorporates its general objections as though fully set forth herein.  Google objects to this Request as overly broad, unduly burdensome, and seeking information not relevant to any party's claim or defense nor proportional to the needs of this case.  Google

11

HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

further objects to this Request as vague and ambiguous with respect to the terms "configuration files" and "build scripts."

Subject to and without waiving the foregoing objections, Google states that the information needed to compile and install ChromiumOS is publicly available. *See* https://www.chromium.org/chromium-os/quick-start-guide/; https://www.chromium.org/chromium-os/developer-library/guides/development/development-basics/.

## REQUEST FOR PRODUCTION NO. 16

From January 1, 2022, to present, produce documents sufficient to show the server and deployment footprint for Chrome, including system resources required to operate the application, number of servers, and required memory, latency requirements, configuration files, network bandwidth requirements, and security-related services.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16

Google incorporates its general objections as though fully set forth herein. Google objects to this Request as overly broad, unduly burdensome, and seeking information not relevant to any party's claim or defense nor proportional to the needs of this case. Google further objects to this Request as vague and ambiguous with respect to the terms "server and deployment footprint," "system resources required to operate the application," "number of servers," and "required memory, latency requirements, configuration files, network bandwidth requirements, and security-related services."

Subject to and without waiving the foregoing objections, Google states that it does not in the ordinary course of business comprehensively track all system resources required to operate all features and functionality associated with the Chrome browser. Google will produce current information about Chrome server usage by Chrome subservice; however, this information will be

**HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

underinclusive as it will not include pooled resources that Chrome relies on or resources

allocated to another product but indirectly relied on by Chrome.

**REQUEST FOR PRODUCTION NO. 17**

From 2022 to present, produce copies of security issue tracking logs and internal procedures and policies related to managing security of Chrome and Chromium.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Google incorporates its general objections as though fully set forth herein.  Google

objects to this Request as overly broad, unduly burdensome, and seeking information not

relevant to any party's claim or defense nor proportional to the needs of this case to the extent it

seeks security issue tracking logs without limitation, because such logs may contain highly

sensitive information related to unresolved security vulnerabilities that could be exploited by

malicious actors.  The probative value of the security logs to this litigation is insignificant

compared to the risk of harm to users that could arise from disclosure.

Subject to and without waiving the foregoing objections, Google will produce documents

sufficient to show disclosed security vulnerability reports, current internal procedures and

policies related to managing security of Chrome and Chromium, and summaries of security issue

tracking.

**REQUEST FOR PRODUCTION NO. 18**

Produce documents sufficient to show the Company's OKRs, product roadmaps, business planning documents describing features included in Chrome but not in open-source Chromium repository.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Google incorporates its general objections as though fully set forth herein.  Google

objects to this Request as overly broad, unduly burdensome, and vague and ambiguous with

HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

respect to the terms "business planning documents" and "describing features included in Chrome but not in open-source Chromium repository."

Subject to and without waiving the foregoing objections, Google will produce documents sufficient to show the Chrome product group's current OKRs and product roadmaps.

**REQUEST FOR PRODUCTION NO. 19**

From 2022 to present, produce documents sufficient to show the server capacity, deployment, and resource usage dedicated to Google Search.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

Google incorporates its general objections as though fully set forth herein. Google objects to this Request as overly broad and unduly burdensome. Google further objects to the request for "resource usage to Google Search" as duplicative of Request No. 14 above.

Subject to and without waiving the foregoing objections, Google will produce documents sufficient to provide a high-level overview of Google Search's serving infrastructure.

**REQUEST FOR PRODUCTION NO. 20**

From 2022 to present, produce documents sufficient to show the monthly costs of building and running data centers for Google Search, AI, Chrome, and Search Ads, including operational costs, management and overhead costs, and amortized capital expenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

Google incorporates its general objections as though fully set forth herein. Google objects to this Request as overly broad, unduly burdensome, and seeking information not relevant to any party's claim or defense nor proportional to the needs of this case. Google further objects to this Request as vague and ambiguous with respect to the term "AI," which is undefined, and does not correspond to any individual product group or product area at Google, as artificial intelligence functionality is used throughout the company.

**HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

Subject to and without waiving the foregoing objections, Google will produce documents sufficient to show the current share of data center costs allocation as Google maintains such information in the ordinary course of business, for the Google Search product area, Google DeepMind, the Chrome product group, and the Search Ads product area.

## REQUEST FOR PRODUCTION NO. 21

From 2022 to present, produce document sufficient to show the quantity and contents of data used in AI overview LLM, as well as one copy of any studies, benchmarks, or internal analyses of how search query data affects model performance.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21

Google incorporates its general objections as though fully set forth herein.  Google objects to this Request as overly broad, unduly burdensome, and seeking information not relevant to any party's claim or defense nor proportional to the needs of this case, including because it apparently seeks discovery into the "contents" of all "data" used in any AI overview LLM and because it seeks "*any* stud[y], benchmark[], or internal analys[i]s of how search query data affects model performance" (emphasis added).  Google further objects to this Request as vague and ambiguous with respect to the phrase "data used in AI overview LLM"; it is unclear, for instance, what type of data the Request pertains to and what it means for data to be "used" in an "AI overview LLM."

Subject to and without waiving the foregoing objections, Google will produce documents sufficient to show at a reasonable level of generality the models and data used in AI Overviews.

## REQUEST FOR PRODUCTION NO. 22

From 2022 to present, produce documents sufficient to show profit and loss information for each Chrome product (e.g., Chrome browser, Chrome OS, Chrome Enterprise, Chromium, Chromebooks, Chromecast, Chrome Web Store), to at least the level of granularity identified in GOOG-DOJ-30419395.

HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

Google incorporates its general objections as though fully set forth herein.  Google objects to this Request as overly broad, unduly burdensome, and seeking information not relevant to any party's claim or defense nor proportional to the needs of this case, including because the "Chrome products" identified in this Request are broader than "Chrome" as defined in Plaintiffs' November 20, 2024 Initial Proposed Final Judgment, which defined "Chrome" as corresponding to "Chromium or the Chrome browser."  Google further objects to this Request as vague and ambiguous with respect to the term "Chrome Enterprise," and interprets it to mean the Chrome Enterprise browser product described at https://chromeenterprise.google/.  Google further objects to this Request to the extent that it asks for data to be produced at "the level of granularity identified in GOOG-DOJ-30419395," as GOOG-DOJ-30419395 does not reflect the manner in which profit and loss information is maintained by Google's finance function in the ordinary course of business for each of the identified products.

Subject to and without waiving the foregoing objections, Google will produce documents sufficient to show profit and loss information for the Chrome product group, the ChromeOS product group, and the Chrome Enterprise browser.  For Chrome Enterprise browser, this information does not exist prior to 2024.

**REQUEST FOR PRODUCTION NO. 23**

From 2025 to 2027, produce documents sufficient to show projected profit and loss information for each Chrome product (e.g., Chrome browser, Chrome OS, Chrome Enterprise, Chromium, Chromebooks, Chromecast, Chrome Web Store).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

Google incorporates its general objections as though fully set forth herein.  Google objects to this Request as overly broad, unduly burdensome, and seeking information not relevant to any party's claim or defense nor proportional to the needs of this case, including

16

HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

because the "Chrome products" identified in this Request are broader than "Chrome" as defined

in Plaintiffs' November 20, 2024 Initial Proposed Final Judgment, which defined "Chrome" as

corresponding to "Chromium or the Chrome browser."  Google further objects to this Request as

vague and ambiguous with respect to the term "Chrome Enterprise," and interprets it to mean the

Chrome Enterprise browser product described at https://chromeenterprise.google/.

Subject to and without waiving the foregoing objections, Google states that it does not

create multi-year forecasts for all of the identified products in the ordinary course of business.

Google will produce documents sufficient to show current-year (2025) forecasted profit and loss

information for the Chrome product group, ChromeOS product group, and Chrome Enterprise, to

the extent such documents can be identified through a reasonable search.

## REQUEST FOR PRODUCTION NO. 24

For each Chrome product, produce documents sufficient to show: (a) the business and
revenue generation model for the product, (b) short-term or long-term strategies or objectives, (c)
current or future product development efforts, (d) current and historical product usage metrics
from 2019 to present, including, to the extent applicable, number of users, free vs. paid users,
avg. revenue per user, churn rate, and any competitive analysis and benchmarking conducted for
these metrics, and (e) any indirect revenue allocation to the product.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 24

Google incorporates its general objections as though fully set forth herein.  Google

objects to this Request as overly broad, unduly burdensome, and seeking information not

relevant to any party's claim or defense nor proportional to the needs of this case, including to

the extent it seeks documents from 2019 to present, and because the "Chrome products"

identified in Request Nos. 22 and 23 are broader than "Chrome" as defined in Plaintiffs'

November 20, 2024 Initial Proposed Final Judgment, which defined "Chrome" as corresponding

to "Chromium or the Chrome browser."

**HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

Subject to and without waiving the foregoing objections, Google will produce documents sufficient to show the Chrome product group's current OKRs and product roadmaps; and annual planning financial documents for the Chrome product group from 2022 to the present, to the extent such documents can be identified through a reasonable search.

**REQUEST FOR PRODUCTION NO. 25**

Produce documents sufficient to show any plans, potential plans, or consideration of establishing a separate Chrome business unit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

Google incorporates its general objections as though fully set forth herein. Google objects to the term "separate . . . business unit" as used in this Request as vague, ambiguous, undefined, and unintelligible.

Google accordingly responds that it will not search for and produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 26**

Produce documents sufficient to show the technical architecture, workflows, and API specifications used to syndicate organic search results, search features, and/or Search Text Ads, including data schemas, authentication protocols, latency and reliability requirements, and performance benchmarks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

Google incorporates its general objections as though fully set forth herein. Because the technical infrastructure underlying the provision of organic search results, search features, and Search Text Ads on Google.com also serves to create those same products for Google's syndication partners, Google objects to this Request as overly broad and unduly burdensome to the extent it seeks documents sufficient to show the technical infrastructure for the entire organic search and Search Text Ads technical stack. Google further objects to the request for API specifications and authentication protocols for Google's organic search and Search Text Ads

18

HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

syndication partners as unduly burdensome, because this information is publicly available and equally accessible to Plaintiffs.  Google further objects to the request for latency and reliability requirements and performance benchmarks as unduly burdensome because Google has already produced its syndication agreements to Plaintiffs.  Accordingly, Google refers Plaintiffs to its production in response to Plaintiffs' First Joint Requests for Production, Request 20.

Subject to and without waiving the foregoing objections, Google will produce a document illustrating the workflow when a syndication partner receives a user search query and Google renders an organic or ad result.

Google will produce the data schema for the search syndication service, as well as the API specifications for search syndication that are publicly available at https://developers.google.com/custom-search/v1/introduction.  Google states that no data schemas exist for the ads syndication service.

Google will produce the ads syndication authentication protocol, which is only used for partners to log into the AdSense Front-End for the purposes of accessing performance or billing data, and is publicly available at https://developers.google.com/adsense/platforms/api/authenticating-api-calls.  Google states that it does not use authentication protocols for search syndication partners.

## REQUEST FOR PRODUCTION NO. 27

Produce documents sufficient to show the metadata, targeting parameters, audience segmentation methods, and contextual targeting algorithms used to match syndicated search ads to queries and audiences.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27

Google incorporates its general objections as though fully set forth herein.  Google objects to this Request as unduly burdensome to the extent it seeks information that is publicly available and equally accessible to Plaintiffs, or information that has previously been produced to

**HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

Plaintiffs during discovery for the liability phase. Plaintiffs have not demonstrated the need for documents beyond those previously produced.

Subject to and without waiving the foregoing objections, Google will produce documents sufficient to show the metadata used to match syndicated Search Text Ads to user queries. Google will produce public information on the targeting parameters used to match syndicated Search Text Ads to user queries, which is available at https://developers.google.com/custom-search-ads/web.

Google states that it does not currently use audience segmentation methods in matching syndicated Search Text Ads to user queries. Google accordingly responds that it will not search for and produce documents responsive to this Request.

Google further states that the contextual targeting algorithms used to match Search Text Ads to user queries on Google.com are the same algorithms used for syndicated Search Text Ads. Given Google's extensive production of Search Text Ads launch documents during the liability phase, Google will not search for and produce any additional documents on its contextual targeting algorithms.

## REQUEST FOR PRODUCTION NO. 28

Produce documents sufficient to show the technical architecture and data pipelines required for syndicating Google Search data, including high-level and detailed architecture diagrams, data flow diagrams illustrating ingestion, processing, transformation, and syndication of search data, and descriptions of any APIs, SDKs, or other interfaces used for syndication.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28

Google incorporates its general objections as though fully set forth herein. Google clarifies that the technical infrastructure underlying the provision of organic search results, search features, and Search Text Ads on Google.com also serves to create the organic search results, search features, and Search Text Ads for Google's syndication partners. Therefore,

**HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

Google objects to this Request as overly broad and unduly burdensome to the extent it seeks

documents sufficient to show the technical infrastructure for the entire organic search and Search

Text Ads technical stack.  Google further objects to this Request as overly broad and unduly

burdensome as it seeks both high-level and detailed documentation on architecture diagrams,

data flow diagrams illustrating ingestion, processing, transformation, and syndication of search

data.  Google further objects to Plaintiffs' requests for APIs, SDKs, and other interfaces used for

syndication as unduly burdensome, because this information is publicly available and equally

accessible to Plaintiffs.

Subject to and without waiving the foregoing objections, Google will produce a

document illustrating the high-level workflow when a syndication partner receives a user search

query and Google renders an organic or an ad result.  Google will also produce documents

sufficient to describe the APIs and SDKs for the search syndication service.

**REQUEST FOR PRODUCTION NO. 29**

Produce a copy of each architectural diagram, technical specifications and other
documentation describing the deployment architecture of the search result and search feature
infrastructure, data center topology and distribution, points of presence, and edge nodes,
including the infrastructure used for any databases that store and organize information about
websites and their content that is crawled from the web, gathered from data feeds, or collected
via partnerships, or content from any Google-owned website, property, or other operated
platform (e.g., all Google owned or operated properties such as YouTube) from which Google
selects information to provide results to users in response to general search queries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

Google incorporates its general objections as though fully set forth herein.  Google

objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks

information not relevant to any party's claim or defense nor proportional to the needs of this

case, including because the Request seeks a copy of "each architectural diagram, technical

specifications and other documentation" for essentially every system used in the production and

21

HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

serving of a search result, which covers an extraordinary amount of data and associated information. Google further objects to the Request as duplicative on the grounds that the matters encompassed by this Request were the subject of deposition and trial testimony from multiple witnesses, including expert witnesses. Plaintiffs have not demonstrated the need for documents beyond those previously produced. Google states that it does not in the ordinary course of business maintain documents describing the current state of the "deployment architecture of its search results and search feature infrastructure, data center topology and distribution, points of presence, and edge nodes."

Google accordingly responds that it will not search for and produce documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 30

Produce documents sufficient to show the technical architecture of each material search feature (e.g., Knowledge Graph, featured snippets, image packs), including data structure and entity relationships, data ingestion and processing pipelines, query understanding and processing systems, and results ranking and relevance algorithms, including system performance and optimization documents related to query processing optimization strategies, indexing and retrieval mechanisms, caching strategies and effectiveness metrics, and search quality improvement documentation.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 30

Google incorporates its general objections as though fully set forth herein. Google objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information not relevant to any party's claim or defense nor proportional to the needs of this case, including because the Request seeks documents sufficient to show "the technical architecture of *each* material search feature" (emphasis added) with detailed information about essentially every system used in the production and serving of a search feature, which covers an extraordinary amount of data and associated information. Google further objects to the Request as duplicative on the grounds that the matters encompassed by this Request were the subject of

22

HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

deposition and trial testimony from multiple witnesses, including expert witnesses.  Plaintiffs

have not demonstrated the need for documents beyond those previously produced.  Google

further objects to this Request as vague and ambiguous to the extent it seeks documentation to

show the technical infrastructure of all "material" search features.  In addition, the Request is

duplicative of Request No. 29 above, which also seeks technical documentation of Google's

search features.

Google accordingly responds that it will not search for and produce documents

responsive to this Request.

## REQUEST FOR PRODUCTION NO. 31

Produce documents sufficient to show the technical architecture, including workflows
and API specifications, useable to provide syndicators with access to User-Side Data and Ads
Data.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 31

Google incorporates its general objections as though fully set forth herein.  Google

further objects to this Request as vague and ambiguous, given Plaintiffs' broad definitions for

"User-Side Data" and "Ads Data".

Subject to and without waiving the foregoing objections, Google responds that it does not

provide syndicators with access to User-Side Data or Ads Data, except with respect to the ads

performance report that Google provides to ads syndication partners.  These reports provide

aggregated data on the number of ad requests issued, ad impressions, clicks, and

ad revenue.  For a full list of metrics provided to ads syndication partners, Google refers

Plaintiffs to the publicly available website at https://developers.google.com/adsense/

management/metrics-dimensions.  To the extent Plaintiffs seek documentation on the technical

architecture, workflows, and API specifications for the provision of syndicated organic results

HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

and Search Text ads on a query by query basis, Google refers Plaintiffs to Google's Response to Request No. 26.

## REQUEST FOR PRODUCTION NO. 32

Produce documents sufficient to show how, for Request Nos. 26-31, the relevant information is usable to support the function of any query-based AI Product, including both cloud-based and on-device AI.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 32

Google incorporates its general objections as though fully set forth herein.  Google objects to this Request as overly broad and unduly burdensome, insofar as it refers to six other requests for production, each of which asks for different information.  Google further objects to this Request as vague and ambiguous, because for many of Request Nos. 26-31, it is unclear how the information requested could coherently be incorporated into the text of Request No. 32. Google further objects to this Request as overly burdensome to the extent Plaintiffs seek to have Google explain how the existing infrastructure for search and ads syndication could be used "to support the function of any query-based AI Product, including both cloud-based and on-device AI," which would require Google to, in the short time remaining for discovery, investigate and create a technical infrastructure concept for products which may not currently exist.

Google accordingly responds that it will not search for and produce documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 33

Produce documents sufficient to show the total annual marketing expenses for Google's general search service, including the total expenses for each different marketing channels used therein, from 2022 to present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 33

Google incorporates its general objections as though fully set forth herein.  Google objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks

**HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

information not relevant to any party's claim or defense nor proportional to the needs of this case, including because Plaintiffs have not established the relevance of "marketing expenses" for "each different marketing channel[]" to this remedies proceeding.  Google further objects to this Request as vague and ambiguous with respect to the phrases "Google's general search service" and "different marketing channels."  Google further objects to this Request to the extent that it seeks production of any data not maintained by Google in the ordinary course of its business or in a form different than it is ordinarily maintained.

Subject to and without waiving the foregoing objections, Google will produce data responsive to this Request, to the extent that it can be located following a reasonable search.

### REQUEST FOR PRODUCTION NO. 34

Produce documents sufficient to show Google's analysis, plans, potential plans, or consideration (if any) of the provision of anything of value to a user of Google Search or the provision of anything of value by another GSE to its users, from 2022 to present.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 34

Google incorporates its general objections as though fully set forth herein.  Google further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information not relevant to any party's claim or defense nor proportional to the needs of this case, including because Plaintiffs have not established the relevance of "the provision of anything of value" to a user to this remedies proceeding.  Google further objects to this Request as vague and ambiguous with respect to the phrase "provision of anything of value," and Google will construe the phrase to exclude the value to the user of providing the content displayed on the search results page in response to the user's query.

Subject to and without waiving the foregoing objections, Google states that it has conducted a reasonable search for documents responsive to this Request and has not located any responsive documents.

**HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

Dated: February 10, 2025                    WILLIAMS & CONNOLLY LLP

*/s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, S.W.
Washington, D.C. 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Franklin M. Rubinstein (D.C. Bar No. 476674)
1700 K St, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Google LLC*

HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

I certify that on February 10, 2025, I served all of the Plaintiffs in these matters at the email addresses identified by counsel to Plaintiffs in a September 25, 2024 email to Google as sufficient to constitute service on each and every Plaintiff.

*/s/ Natalie Peelish*
Natalie Peelish