**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| Plaintiffs, | |
| | Case No. 1:20-cv-03010-APM |
| v. | |
| | HON. AMIT P. MEHTA |
| GOOGLE LLC, | |
| Defendant. | |
| STATE OF COLORADO, *et al.*, | |
| Plaintiffs, | |
| | Case No. 1:20-cv-03715-APM |
| v. | |
| | HON. AMIT P. MEHTA |
| GOOGLE LLC, | |
| Defendant. | |

**STATUS REPORT REGARDING ANTHROPIC PBC'S
MOTION FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE***

Anthropic asks the Court to grant its pending motion for leave to participate as *amicus curiae*. Plaintiffs' Revised Proposed Final Judgment ("RPFJ"), ECF No. 1184-1, continues to threaten harm to Anthropic and to competition in the generative artificial intelligence ("GenAI") market. Moreover, Anthropic is uniquely situated to provide insight into how Plaintiffs' proposed remedies would stifle competition in the GenAI market, and that information will assist the Court in crafting its remedial judgment.

**First,** Anthropic remains concerned that the RPFJ would disrupt Anthropic's business and its relationship with a significant strategic partner. Although the RPFJ would not require Google to divest its existing interest in Anthropic or *directly* prohibit future investments, it still

would introduce substantial, unjustified cost, delay, and uncertainty that would be disproportionate to Plaintiffs' interest in protecting competition in search. Under the RPFJ:

- Google would be prohibited from acquiring "any interest" in "any company that controls a … GenAI Product," including Anthropic, without providing Plaintiffs at least 30 days' advance notice. *Id.* at 10.

- As part of its notice, Google would need to disclose its confidential business information, including "all management or strategic plans discussing the proposed transaction." *Id.* at 11.

- If Plaintiffs requested unspecified "additional information" during the 30-day period, the transaction would be further delayed until Google submitted "all requested information"—for which there is no time limit—followed by an additional 30-day waiting period. *Id.*

Plaintiffs make no effort to tie this aspect of the RPFJ to the specific conduct for which Google was found liable. Instead, they attempt to justify the RPFJ's restrictions on Google's future investments in Anthropic by citing hypothetical concerns over "Google's potential to use its sizable capital to exercise influence in AI companies." ECF No. 1184 at 8.

The RPFJ would significantly delay any future Google investment in Anthropic and give Anthropic's competitors an unfair advantage in the fast-moving global AI race. Moreover, the RPFJ's cost, delay, and uncertainty could deter Google from investing in Anthropic altogether, resulting in a loss of significant potential capital for Anthropic and making it more difficult for Anthropic to negotiate favorable investment terms with other potential investors. *See* Brown

Decl. (ECF No. 1165-2) ¶¶ 5–7, 10–15, 22. Anthropic should have the opportunity to respond to this threat to its interests and explain the implications of the RPFJ.[1]

 **Second,** Anthropic remains concerned that the RPFJ would adversely affect competition in AI and adjacent markets. While Anthropic would face months-long funding delays, its main competitors—including, notably, *Google itself*—would not be subject to similar limitations because each is funded by a single technology-industry giant, tilting the playing field in their favor. The RPFJ would thus reduce competition in AI by enabling these tech giants to capture more market share and increase their dominance. *See id.* ¶¶ 8–9, 23. Moreover, by harming Anthropic, the RPFJ would also harm competition in the AI chip market and the market for cloud computing services, two markets where Anthropic's purchases foster competition. *See id.* ¶¶ 6–7, 16–17, 24–25. When addressing antitrust violations, courts "must be careful to avoid" imposing remedies that "might chill competition, rather than foster it." *New York v. Microsoft Corp.*, 224 F. Supp. 2d 76, 136 (D.D.C. 2002) (quotation marks omitted).

 **Third,** Anthropic's participation will benefit the Court. As previously noted, until the Government filed its PFJ, no testimonial or documentary evidence was introduced about AI, the GenAI marketplace, or Anthropic. The consequences of restricting Google's AI investments were never examined, and the Court never heard the perspective of companies like Anthropic that rely on those investments to compete at the AI frontier. As a leading independent AI company, Anthropic is uniquely positioned to address Plaintiffs' stated concerns about Google's influence and to explain how the RPFJ would, paradoxically, undermine Plaintiffs' goal of

---

[1] The RPFJ "maintains the core components of [Plaintiffs'] initial proposal"—such as requiring Google to divest Chrome and potentially Android as well, ECF No. 1184 at 3, 7—confirming that Google cannot be expected to prioritize the aspects of the RPFJ that will affect Anthropic. *See* ECF No. 1165-1 at 10–11.

"open[ing] up the market for rivals and new entrants." ECF No. 1184 at 8. Anthropic's proposed declarations would also address these issues.

Anthropic asks the Court to grant its motion to participate as *amicus curiae* in full, including the submission of up to two declarations.

Dated: March 14, 2025

Respectfully submitted,

*/s/ Paul Alessio Mezzina*
Veronica Moyé (*pro hac vice*)
Benjamin T. Lee (*pro hac vice*)
KING & SPALDING LLP
2601 Olive Street
Suite 2300
Dallas, TX 75201
(214) 764-4600
vmoye@kslaw.com
benjamin.lee@kslaw.com

Nema Milaninia (*pro hac vice*)
Paul Alessio Mezzina (DC Bar No. 999325)
Sumon Dantiki (*pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Suite 900
Washington, DC 20006
(202) 737-0500
nmilaninia@kslaw.com
pmezzina@kslaw.com
sdantiki@kslaw.com

*Counsel for Movant Anthropic PBC*