**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 1:20-cv-3010 <br><br> HON AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 1:20-cv-3010 <br><br> HON AMIT P. MEHTA |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF THE NEW YORK TIMES COMPANY'S MOTION FOR ACCESS TO JUDICIAL
RECORDS AND PROCEEDINGS**

The New York Times Company ("The Times") files this motion for access to the proceedings of and exhibits from the forthcoming evidentiary hearing in this case.[1]

## PRELIMINARY STATEMENT

The remedies that the Court will order in this proceeding — widely regarded as "the most important antitrust case of the century"[2] — are likely to have profound economic and social implications in this country and elsewhere. For better or worse, the remedies will affect the tech industry, the American economy more broadly, and the relationship between hundreds of millions of Americans and Google — currently their "gateway to the internet." Dkt. 1184 at 1.[3] So it is critical that the press and public have maximum, real-time access to the evidence presented at the remedies hearing. Any restrictions on access will leave the public less informed, less able to monitor the work of the Court, and less confident that justice was done in this case, whatever the ruling.

The Times files this motion to vindicate this public right of access. For the remedies hearing, unlike at the liability trial, access to exhibits should be truly contemporaneous. The exhibits should be released as soon as possible, and certainly no later than the evening of each hearing day. In addition, the press and public should continue to have notice and an opportunity to be heard in advance of any courtroom closure, and transcripts of any closed sessions should be

---

[1] As before, The Times is the sole movant here, but its application is fully supported by the following media organizations: Bloomberg L.P., The Capitol Forum, and Dow Jones & Company, Inc. (publisher of *The Wall Street Journal*).

[2] *See* David McCabe, *'Google Is a Monopolist,' Judge Rules in Landmark Antitrust Case*, N.Y. Times (Aug. 5, 2024), https://www.nytimes.com/2024/08/05/technology/google-antitrust-ruling.html.

[3] *See, e.g.*, Statista, *Most popular multi-platform web properties in the United States in May 2024, based on number of unique visitors* (Aug. 2, 2024), https://www.statista.com/statistics/271412/most-visited-us-web-properties-based-on-number-of-visitors.

promptly reviewed and publicly released, with any redactions justified under *Hubbard*. The Times hopes that by raising these matters now, well in advance of the hearing, the parties can make whatever preparations are required to make the hearing as transparent as possible.

## BACKGROUND

**I.    The Lack of Contemporaneous Public Access to Exhibits at the Liability Trial**

The Times assumes the Court's familiarity with the relevant background, including the serious impediments to public access during the liability phase of this case. *See, e.g.*, Dkt. 731-1. The Court addressed the most pressing access concerns roughly midway through the trial. At that point, the Court indicated that it would take a stricter approach to sealing the courtroom than it had in the first few weeks of the trial. *See, e.g.*, Oct. 16, 2023, PM Tr. at 5953:15-24. And in an order issued on October 25, 2023 (the "October 25 Order"), the Court created a process for the media to request trial exhibits via a "Designated Press Representative." *See* Dkt. 750. After the trial, the Court also unsealed more information from exhibits that previously had been fully or partially withheld from the public *See* Dkt. 892.

But even during the second half of the trial, public access to exhibits was neither comprehensive nor truly contemporaneous. The Court's October 25 Order — which placed the burden on the media to make requests for trial exhibits, rather than simply mandating that the parties publicly release them — effectively limited the Designated Press Representative to requesting ten exhibits per day. *See* Dkt. 750 ¶ 9.[4] In addition, the October 25 Order did not reflect The Times's proposal to the Court at the time that the parties be required to provide the exhibits on a short turnaround — one or two business days, depending on whether the exhibits

---

[4] "If the Parties are unable to provide the requested Cleared Exhibits within the time frames identified above, or if the Designated Press Representative requests more than ten exhibits in any single day, the Parties shall advise the court of an estimated date of delivery."

contained ostensibly confidential information. *See* Dkt. 744 at 2. Instead, the Court mandated release on a delayed timetable: two business days for exhibits not containing confidential information "in the portion used during trial," three business days for exhibits containing Google's confidential information (a category that comprised many if not the majority of exhibits used at trial), and four business days for exhibits containing a third party's confidential information. Dkt. 750 ¶¶ 4-6.

There was another fundamental impediment to meaningful and timely access: the October 25 Order essentially allowed third parties to veto the release of their documents in response to requests from the Designated Press Representative. The October 25 Order directed a party to notify a third party of a request for its exhibits and required the third party to respond to any such requests within two business days. *Id.* ¶ 7. But the Court did not address how it would handle instances in which a third party objected to release. As a result, a total of 28 third-party exhibits — only four of which were used in closed sessions of court — were not released in any form during trial, despite requests by the Designated Press Representative. *See* Dkt. 800-1 at 2-3. Months later, the Court ruled that many of the exhibits had been improperly sealed and ordered their release in part or in full. *See* Dkt. 892. In that same ruling, the Court rejected The Times's argument that the entirety of a trial exhibit is subject to public access. *Id.* at 4-5. The Times, in the Court's view, had made the argument too late: the Court had already indicated to the parties prior to trial that only "those parts of an exhibit *actually presented* to the court during trial" would comprise the "evidentiary record" in the case. *Id.* at 5 (emphasis in original).

**ARGUMENT**

**I.      The Press and Public Are Entitled to Truly Contemporaneous Access of Exhibits Used at the Remedies Hearing**

As the Court has recognized on several occasions, trial exhibits are subject to a weighty presumption of access. *See, e.g.*, Sept. 19, 2023, PM Tr. at 1576:2-3 ("[O]nce [an exhibit is] in evidence, it's a presumptively public record."); Dkt. 892 at 4 (noting that judicial records carry "a strong presumption in favor of public access") (cleaned up); *see also, e.g.*, *United States v. Pagett*, 2022 U.S. App. LEXIS 15883, at *11 (2d Cir. June 8, 2022) (noting that "[t]he public has an especially strong common law right of access to evidence introduced in trials") (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)) (cleaned up). This right of access exists as a matter of both common and constitutional law. *See, e.g.*, *United States v. Hubbard*, 650 F.2d 293, 315-22 (D.C. Cir. 1980); *Pagett*, 2022 U.S. App. LEXIS 15883, at *11 ("The public also has a qualified First Amendment right of access to trial exhibits because they are derived from the relevant proceedings and are a necessary corollary of the capacity to attend the trial.") (cleaned up).[5] At all times, the burden rests with the proponent of sealing to demonstrate that sealing is warranted. Dkt. 892 at 4 (citing *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 96 (D.D.C. 2014)).

As The Times has noted in prior briefs, *see* Dkt. 731-1 at 8; Dkt. 744 at 2, the right of access is a contemporaneous one. *See, e.g.*, *Washington Post v. Robinson*, 935 F.2d 282, 287 (D.C. Cir. 1991) (recognizing "the critical importance of *contemporaneous* access to plea

---

[5] The Court need not address the constitutional access right since the common law right provides the complete relief sought here. *See, e.g.*, *In re Application of Chodiev*, 2021 U.S. Dist. LEXIS 90103 (D.D.C. Mar. 23, 2021), at *28 (finding that the "requested relief can be granted by applying the *Hubbard* factors to evaluate CNN's claim under the common law right of access to records" and therefore declining to reach First Amendment arguments).

agreements to the public's role as overseer of the criminal justice process") (emphasis in original); *see also In re Associated Press*, 172 F. App'x 1, 2 (4th Cir. 2006) (granting news organizations' mandamus petition seeking contemporaneous access to exhibits admitted into evidence at criminal trial). Even where timely public access entails some degree of administrative burden on the court or the parties, courts have not found a justification for denying or seriously delaying public access. *See, e.g.*, *In re Associated Press*, 172 F. App'x at 6-7.

During the remedies hearing, release of exhibits should be truly contemporaneous. As a baseline rule, the parties should make exhibits publicly available as soon as possible, and certainly by the evening of each hearing day. By mandating this basic step, the Court would enable the press to report on the evidence presented at the hearing — which, unlike the liability trial, will last only a few weeks — in real time. And the requirement is neither infeasible nor seriously burdensome. As in the liability trial, The Times understands that the parties will be reviewing the exhibits for confidentiality before using them at the hearing, *see* Dkt. 1173 ¶ I, meaning the parties will not have to review them again or resolve confidentiality disputes after using them at the hearing. All that should be required is for a party to take a few minutes at the end of each hearing day to release the exhibits, either by uploading them to a public website or emailing them to the Designated Press Representative.

As noted, the Court's October 25 Order, entered during the liability trial, gave the parties more time to make their exhibits publicly available in response to requests. But two things are different now. One is the timing of The Times's access motion. The Times asks for same-day release now, well in advance of the hearing, so that the parties will be prepared to comply. The other change is more significant: we now have proof, based on recent experience, that

5

contemporaneous access to trial evidence is workable, including in a complex antitrust case where much of the evidence contains allegedly sensitive commercial information. Last summer, in advance of the liability trial over Google's alleged monopolization of the ad tech market — a case litigated by the same parties here — Judge Brinkema in the Eastern District of Virginia ordered that

> although the parties are encouraged to publish admitted trial exhibits as soon as possible, they are required to publish on a publicly available website all exhibits that have been entered into evidence at trial (and are not otherwise sealed by Order of the Court) no later than 10:00 a.m. the day following an exhibit's admission into evidence, *accord In re Associated Press*, 172 F. App'x 1, 4 (4th Cir. 2006).

*United States v. Google LLC*, 2024 U.S. Dist. LEXIS 162670, at *4 (E.D. Va. Aug. 9, 2024). As far as The Times is aware, neither DOJ nor Google complained to Judge Brinkema that they were unable to comply with that order.

The Times makes two additional requests here. First, as the Court and parties work out the mechanics of the confidentiality review process — the conferral process between the parties about whether and to what extent an exhibit should be sealed before its use at the hearing — The Times asks that this process includes review of third-party exhibits. In other words, a party must give a third party notice of its intention to use the third party's documents at the hearing, and the parties and third party must either come to an agreement in advance about what portions of the exhibit can be sealed at the hearing or have the Court resolve disputes on that point. The Times defers to the Court and parties on other details of the confidentiality review process. From The Times's perspective, what matters is that disputes about sealing are resolved before an exhibit is used at the hearing so that it can be released to the public in a timely fashion.[6]

---

[6] The Times understands that Judge Brinkema's exhibit order in the Google ad tech case required parties to publicly release whatever exhibits they used, whether the documents were their own or came from third parties.

6

Second, the public should (and does) have a presumptive right of access to a hearing exhibit in the form it is entered in evidence. The Times appreciates that the Court previously issued a ruling on the question of whether the entirety of an exhibit is a judicial record subject to a presumption of access. *See* Dkt. 892 at 4-5. But at least part of the rationale for that ruling was that the parties had relied on the Court's statements prior to trial: "The court has said throughout that the evidentiary record in this case would be the testimony plus those parts of an exhibit *actually presented* to the court during trial." *Id.* at 4 (emphasis in original). So what The Times asks is that the Court clarify matters now, well in advance of the hearing, to avoid any later confusion or surprise on the part of the parties. The direction to Plaintiffs and Google should be clear: whatever they present to the Court for admission into evidence will be subject to a presumption of access. If a party does not consider portions of a document relevant to the case or otherwise does not want them in the evidentiary record, it should not present those portions to the Court and should instead redact or omit them.[7]

In sum, The Times asks that the Court issue an order on access to hearing exhibits that includes the following provisions:

- As soon as possible, and by no later than 8 pm at the end of each hearing day, each party shall publicly release the exhibits admitted into evidence that day, either by making them available for download from a public website or emailing them to the Designated Press Representative. As before, each party shall be responsible for releasing its own exhibits.

- These exhibits shall contain only those redactions agreed upon by the parties (and, in cases involving third-party exhibits, by the relevant third party) or mandated by the Court.

---

[7] If the Court nonetheless permits the parties to admit into evidence portions of documents that are not used in Court or otherwise relevant to the case, while simultaneously holding that only the more limited portions are part of the "evidentiary record," The Times confines its request for same-day release of hearing exhibits to those more limited portions of exhibits.

- In the rare case where a party is unable to comply with the 8 pm deadline, it shall so notify the Court at the beginning of the following hearing day, provide an explanation for its noncompliance, and state when the exhibit(s) will be released.

- The parties should share a copy of this order with the third parties whose documents they expect to use as evidence at the hearing.

- The Times reserves its right to object to the sealing of exhibits while the remedies hearing is ongoing, and the Court shall endeavor to resolve any such objections as soon as practicable.

II.  **The Public and Press Should Have an Opportunity to Object to any Courtroom Closure in Advance, and Transcripts of Closed Sessions Should be Promptly Reviewed and Released**

The Court recently made clear that courtroom closures during the remedies hearing would be rare, if they occur at all:

> I am going to be very reluctant to close the doors of the courtroom for any reason. . . . I want to just make it known at the outset, if we are going to have any closed sessions, it's only going to be for a circumstance whether there is truly no other way to receive the evidence, and it will be for a very, very limited amount of time, and certainly not for the extent of time that we had some witnesses testifying last time around.

Mar. 10, 2025, Tr. at 40:12-14, 40:24–41:5. Still, The Times asks that the Court observe the same procedure it ordered partway through the liability trial: If the parties anticipate seeking closure of the courtroom during any testimony, they must make that request by the end of the prior hearing day, so that the press and public have notice and an opportunity to object to closure at the start of the next hearing day. *See* Dkt. 731-1 at 11-12; Minute Order, Oct. 18, 2023.[8] In the event of any closure, The Times asks that: (i) the Court order that the parties (and where

---

[8] "As stated on the record during the morning proceedings, moving forward, the court hereby institutes the following procedure for proposed closed-session testimony: (1) a party that believes a closed session will be required for either the director cross-examination of a witness shall so notify the court by the end of the trial day immediately prior to the day of the witness's expected testimony; (2) the court will docket the anticipated closed session the evening before the witness's expected testimony; and (3) the court will consider arguments and objections with respect to the proposed closed session, including from a media representative, at 9:30 a.m. on the day of the witness's expected testimony."

8

relevant, third parties), within 24 hours of the end of the closed session, review the transcript of the closed session and propose redactions to the Court, and (ii) the Court then independently review the proposed redactions and determine whether they comport with the *Hubbard* factors, ordering release of any portions that do not.

***

If it would be helpful to the Court, counsel for The Times is available to appear before the Court to address any of the above issues, whether at the pre-hearing conference on April 10, 2025, or on another date, though preferably remotely.

## **CONCLUSION**

For the foregoing reasons, the Court should grant The Times's motion for access to judicial records and proceedings and order the following:

   i. As soon as possible, and by no later than 8 pm at the end of each hearing day, each party shall publicly release the exhibits admitted into evidence that day, either by making them available for download from a public website or emailing them to the Designated Press Representative, with each party responsible for releasing its own exhibits;

  ii. These exhibits shall contain only those redactions agreed upon by the parties (and, in cases involving third-party exhibits, by the relevant third party) or authorized by the Court;

 iii. Where a party is unable to comply with the 8 pm deadline, it shall so notify the Court at the beginning of the following hearing day, provide an explanation for its noncompliance, and state when the exhibit(s) will be released;

  iv. The parties shall share a copy of this order with the third parties whose documents they expect to use as evidence at the hearing;

   v. The Court recognizes that The Times reserves its right to object to the sealing of exhibits while the remedies hearing is ongoing, and the Court shall endeavor to resolve any such objections as soon as practicable;

  vi. If the parties anticipate seeking closure of the courtroom during any testimony, they must make that request by the end of the prior hearing day, so that the press and public have notice and an opportunity to object to closure at the start of the next hearing day; and

 vii. In the event of any closure, the Court shall order that the parties (and where relevant, third parties), within 24 hours of the end of the closed session, review the transcript of

the closed session and propose redactions to the Court, and the Court shall then independently review the proposed redactions and determine whether they comport with the *Hubbard* factors, ordering release of any portions that do not.

Dated: March 21, 2025						Respectfully submitted,

/s/ *Al-Amyn Sumar*
Al-Amyn Sumar (#1614655)
David McCraw (#NY0200)
Dana R. Green (#1005174)
Tim Tai (#NY0606)
The New York Times Company
1627 I Street NW, Suite 700
Washington, DC 20006
Telephone: (646) 306-4201
Facsimile: (212) 556-4634
al-amyn.sumar@nytimes.com
mccraw@nytimes.com
dana.green@nytimes.com
timothy.tai@nytimes.com

*Counsel for The New York Times Company*