IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

United States of America, *et al.*,

                             Plaintiffs,

v.

Google LLC,

                             Defendant.

Case No. 1:20-cv-03010-APM

HON. AMIT P. MEHTA

███████████████

---

State of Colorado, *et al.*,

                             Plaintiffs,

v.

Google LLC,

                             Defendant.

Case No. 1:20-cv-03715-APM

HON. AMIT P. MEHTA

███████████████

---

## JOINT STATUS REPORT REGARDING DISCOVERY DISPUTE

Pursuant to the Court's March 20 Minute Order, the Parties submit the following Joint Status Report.

### I.    Joint Status Update

The Parties request the Court's assistance to resolve a dispute arising from Plaintiffs' Third Joint Requests for Production, Request No. 8. The Parties have reached an impasse regarding Google's obligations following the Court's direction at the March 10, 2025, status conference regarding this Request. The Parties set forth their positions below.

II.    **Plaintiffs' Position Statement Regarding Plaintiffs' Third RFP, Request No. 8**

A.    **The Court Ordered Google To Produce a Final Set of Data Cards**

Notwithstanding the Court's clear instruction at the last status conference that Google produce a final set of data cards, Google has refused to do so. Ten days ago, this Court heard argument and addressed a dispute between the parties regarding Plaintiffs' Third Joint Requests for Production, Request No. 8 ("RFP 3:8"). At a high level, RFP 3:8 sought specific information regarding what user-side data Google deploys to train its GenAI models and search-related applications. The parties fully briefed the dispute, and the Court gave the parties a full opportunity to be heard. *See* Joint Status Report, ECF No. 1183, §§ II–III.

During the March 10 hearing, Google asserted that its prior production of data cards was sufficient to satisfy Plaintiffs' RFP No. 3:8. Plaintiffs countered that because these data cards were a non-final set, a response to RFP 3:8 could not be satisfied by Google's prior production of data cards. Having heard both Parties on this issue, the Court noted that with respect to the data cards there were a "couple of things that are being requested . . . either confirmation or the production of the actual final data cards." Hearing Tr., March 10, 2025, 18:18–19:3. Google's counsel acknowledged the request and represented that Google would "undertake to confirm whether those are . . . the final data cards or *pull them* for the same models that we had previously pulled them for. So that -- I think that's a way to resolve that." *Id*. at 19:4–13 (emphasis added).

The Court's clear instruction at the hearing required Google to confirm that it had produced the final data cards or, if those cards had not been produced, to produce them.

B.    **Google Has Failed to Comply With The Court's Order**

Despite the Court's directive and Google's representations at the hearing, Google has refused to comply with the Court's instruction to confirm or produce a final set of data cards.

Instead, Google now argues that: (1) its identification of final "documents"—not actual data cards—in its prior productions is sufficient; (2) Plaintiffs' request that Google produce additional final data cards constitutes a "new" discovery request that falls outside the discovery period; and (3) Google's compliance with the Court's order is limited by Google's prior scope objections to RFP 3:8. As demonstrated below, Google's arguments fail.

Google attempts to obfuscate the Parties' discussion at the status conference—as well as the Court's ultimate direction that Google produce the final set of "data cards"—by arguing that Google has complied with the Court's order. In particular, the company claims that it complied with the Court's order on March 13, 2025, when Google's counsel in a letter to Plaintiffs explained that it had previously produced "model or data cards" in response to other discovery requests issued by the Plaintiffs. Ex. A, Ltr. from C. Yeager to D. Aguilar (Mar. 13, 2025), at 1. Further, Google pointed Plaintiffs to 65 "documents" in its prior production that Google now asserted were "final." *Id.* Google's response is insufficient.

*First*, based on discovery to date, Plaintiffs do not agree that the majority of "documents" identified by counsel as "final" constitute actual "data cards." Evidence from discovery established that Google in the ordinary course uses a specific "data card" template to specify the data to be used to train its GenAI models. The template Plaintiffs refer to appears at Ex. B, GOOG-DOJ-34494042.[1] Only four of the documents identified by Google as "final" fit this

---

[1] This understanding of what constitutes a data card is consistent with the testimony of Phiroze Parakh, Senior Director of the Google Search trust team and former quality lead for AI Overviews, who testified during his deposition that "[a] data card is basically a sheet like this, and it lists the data source, the providence of the source, where it resides in our servers, if at all, comments associated with it. And it seems like there are a bunch of -- there are a host of policy questions that are -- that the engineers have to fill in when they want to include that data. And then it goes for approval if -- if it can be used." Ex. C, Excerpt from Parakh Dep. 140:22–141:5 (Feb. 13, 2025).

description.[2] During a March 15 meet and confer, Plaintiffs raised this issue with Google and further requested that Google explain how these specific types of data cards were kept in the ordinary course. Google has not provided any additional information to the Plaintiffs on this issue.

*Second*, Google claims that its identification of 65 documents is sufficient to satisfy the Court order because the production of a final set of data cards is beyond the scope of what the Court could order.[3] In support of its arguments, Google posits that because Plaintiffs' original request sought the production of different documents than what the Court ordered be produced here, the Court's order is somehow out of scope. This argument is misplaced. RFP 3:8 sought documents with detailed information regarding the data Google uses to train the relevant GenAI products including documents "sufficient to show all the available fields for the data used."[4]

---

[2] Of the 65 identified documents, 56 are opaque Excel sheets. *Compare* Ex. D, GOOG-DOJ-34920497 (sample Excel) to Ex. E, GOOG-DOJ-34924465 (sample data card).

[3] For example, Google has been unwilling to confirm that it produced data cards for the GenAI models that power Google's current chatbot, the Gemini App. Google's apparent exclusion of the Gemini App has no basis. As Google's VP of Search,Elizabeth Reid confirmed during her deposition that the Gemini App is the evolution of Bard and serves as a chatbot. Ex. F, Excerpts from Reid Dep. 14:7–12, 15:13–15 (Mar. 7, 2025) ("Q. . . So the Bard product that was launched in 2023 has evolved into what is today the Gemini app?  A. Yes.  Q. You described Bard as a form of a chatbot; is that correct?  A. Yes. . . . Q. Would you describe the Gemini app today as a chatbot?  A. Largely still is a chatbot, yes.").

[4] Plaintiffs' Third Joint Requests for Production, ECF. No. 1183-1, at 4–5 ("Produce technical documentation sufficient to show which User-Side Data is used, any considerations of privacy or privacy-protection mechanisms for this use, and how often this data is refreshed, to (a) train and (b) fine tune:

    a.  Google's AI models to generate summaries for Google's AI Overview;

    b.  Google's retrieval models that are used to retrieve data when generating summaries for Google's AI Overview;

Instead of providing this information, Google asserted that the data cards contained sufficient information to respond to RFP 3:8. Even though the data cards do not contain the level of detail sought in RFP 3:8, in the spirit of compromise, Plaintiffs expressed a willingness to accept the data cards as a way to resolve the discovery dispute related to RFP 3:8 so long as Google produced a final set of data cards.[5] Because Google has failed to produce final data cards, Plaintiffs were forced to re-raise this issue for the Court.

*Third*, Google asserts that Plaintiffs "did not take issue" with Google's initial response to RFP 3:8—where Google asserted it would not produce additional documents—during discovery negotiations. This is inaccurate and irrelevant. Plaintiffs clearly communicated that Google's response in its R&Os was unacceptable. Not only did Plaintiffs propose a compromise offer after an initial meet and confer regarding Google's R&Os, *see* Ex. G, Email from K. Herrmann to N. Peelish (Feb. 24, 2025), but when Google declined that offer, Plaintiffs also raised the issue in the March 7, 2025, Joint Status Report, ECF No. 1183. During the conference, Plaintiffs again explained to the Court why Google's initial response—that it could simply rely on the prior productions of data cards—was deficient. This Court's order and instruction prevails over any pro forma objection or position claimed to have been preserved by Google.

---

    c.  Google's AI models to generate responses to queries submitted via Google's Circle to Search functionality; and

    d.  Google's AI models to operate as the Gemini chatbot.

For the avoidance of doubt the information produced in response to 8(a)-(d) shall include documents sufficient to show all the available fields for the data used for such purpose, along with a corresponding data dictionary."

[5] The fact the Parties reached a Court-assisted compromise on what need to be produced to satisfy Plaintiffs' RFP 3:8, should not be grounds for Google to argue that the compromise constitutes an entirely new request for the production of documents outside the discovery period.

### C. Google's Non-Compliance Has Prejudiced Plaintiffs

As the Court is aware, expert rebuttal reports are due March 26, 2025, and expert depositions must be conducted by April 9. With those deadlines fast approaching, Google's failure to make timely collections and productions in response to the Court's order has prejudiced Plaintiffs.

On March 14, 2025, the Parties exchanged initial expert reports. In an effort to undermine Plaintiffs' data access remedies, Google's experts rely on representations from interviews with Google employees (at which Plaintiffs were not present) regarding what datasets Google uses to train its AI models used in search. Plaintiffs have made great efforts, as Google pointed out at the hearing,[6] to uncover precisely this information, issuing multiple discovery requests and seeking this information from multiple deponents[7] to no avail. These data cards and hyperlinks represent a simple, direct way to discover information that Google has put at issue in its attack of data access remedies, yet Google continues to hide the ball.

In a highly-accelerated expert discovery period, Google's defiance of the Court's order has prejudiced Plaintiffs' ability to prepare expert reports in response to Google's claims. Google has no acceptable basis for non-compliance with an unambiguous Court order and, as its actions have prejudiced Plaintiffs, threatens the Court's schedule.

For these reasons, Plaintiffs respectfully request the following relief from the Court:

1) Google shall produce within two days the complete set of final data cards for the current GenAI models that power AI Overviews, AI Mode, and Gemini chatbot (which, for the avoidance of doubt, includes the Gemini App). Plaintiffs will send

---

[6] Hearing Tr. 13:9–14:17.

[7] *See*, *e.g.*, Ex. F, Excerpts from Reid Dep. 212:6–213:3 (Mar. 7, 2025) ("I don't know if we built a foundational model exclusively for Search that we then customized on top or we built a generic foundational model that we then customized on top.")

requested hyperlinks the next day, and Google will produce those hyperlinked pages within two business days;

2) Plaintiffs are granted up to one week after production of the hyperlinked pages to supplement their AI expert's opening report which was already served on March 14;

3) Plaintiffs may delay the exchange of their AI expert's rebuttal report (currently due March 26) to either March 31 or three days after the supplemental report is due, whichever is later; and

4) Google must depose Plaintiffs' AI expert on April 9 to provide Plaintiffs with sufficient time to prepare their expert while not jeopardizing the case schedule.


**III.    Google's Position Statement Regarding Plaintiffs' Third RFP, Request No. 8**

At the March 10 Status Conference, the Court heard a dispute regarding Google's compliance with Requests No. 7 and 8 from Plaintiffs' Third Joint Set of Requests for Production. *See* ECF No. 1183, at 5-8. Following that Status Conference, the parties further conferred regarding both requests. As to Request No. 7, the parties have no pending dispute. The present dispute pertains to Request No. 8.

Request No. 8 reads as follows:

Produce technical documentation sufficient to show *which User-Side Data is used*, any considerations of privacy or privacy-protection mechanisms for this use, and how often this data is refreshed, to (a) train and (b) fine tune:

a. Google's AI models to generate summaries for Google's AI Overview;

b. Google's retrieval models that are used to retrieve data when generating summaries for Google's AI Overview;

c. Google's AI models to generate responses to queries submitted via Google's Circle to Search functionality; and

d. Google's AI models to operate as the Gemini chatbot.

For the avoidance of doubt the information produced in response to 8(a)-(c) shall include documents sufficient to show all the available fields for the data used for such purpose, along with a corresponding data dictionary.

ECF No. 1183-1, at 4-5 (emphasis added).  Google has complied with its obligations under Request No. 8.  Plaintiffs have made clear that the dispute they now bring to the Court is for something "different" than what was sought in Request No. 8.  Ex. K., at 1.

In Google's original response to Request No. 8, Google pointed Plaintiffs to the production of more than five-dozen model or data cards[8] that were produced by Google in response to an earlier request for "documents sufficient to show if and what search log or user-side data Google uses to train or fine-tune its foundation models for [applications including AI Overviews, the Gemini Chatbot, and AI Mode], how the search log or user-side data improves or benefits a specific application, and the size, fields, and types of data used in the search log or user-side data sets."  Ex. K, at 2.

At the last status conference, Plaintiffs challenged the sufficiency of Google's response to Request No. 8 in two respects.  *First*, Plaintiffs expressed concern that some of the datacards produced may have been drafts and not "in final form."  *See* Hr'g Tr. 17 (Mar. 10, 2025).  *Second*, Plaintiffs complained that the cards "include[] a number of hyperlinks" pointing to files that Google had not produced.  *Id.* at 18.  In response, Google offered (1) to "confirm either [the produced cards] are the final data cards or pull them for the same models that [Google] had previously pulled them for" and (2) to collect any requested linked documents, provided that any such requests were manageable.  *See id.* at 19, 22.[9]

---

[8] Throughout these proceedings, the terms "model cards" and "data cards" have been used interchangeably.
[9] Plaintiffs waited a week before requesting any linked documents.  As soon as Google received Plaintiffs' request on Monday, March 17, Google undertook to collect and produce the linked documents to the extent that it is technologically feasible to do so without undue burden.  Google does not understand there to be a dispute with respect to this issue.

Following the hearing, Google confirmed that the datacards produced were, in fact, final. To that end, on March 13, Google sent Plaintiffs a letter identifying by Bates number each datacard produced in response to Request No. 8, along with a representation that the datacard was final.  *See* Ex. H, at 1, 3-4.  Recognizing that Plaintiffs had stated that some datacards were "not in final form,"  Hr'g Tr. 17 (Mar. 10, 2025), Google made clear that, beyond the documents that had been produced to satisfy the specific request above, certain other documents that take the form of model or data cards had been swept up in the production pursuant to search strings. Ex. H, at 1.  As to those documents-- which Google had not produced in satisfaction of Request No. 8-- Google could not make a representation as to the documents' finality.  *Id.*

That evening, Plaintiffs sent Google an additional letter, protesting that Google had not "pull[ed] additional datacards."  Ex. I, at 1.  Doing so was necessary, Plaintiffs said, because Google had not produced a final datacard for the Gemini V3 model, even though "Ms. [Elizabeth] Reid testified that AI Overviews is, in part, using the V3 base model."  *Id.* at 2. Google produced a final copy of the V3 datacard the very next day.[10]

On Friday evening, Plaintiffs sent Google another letter, this time taking the position that the Court had "expressly indicat[ed] that Google would need to 'pull' additional documents." Ex. J, at 1.  At Plaintiffs' request, Google agreed to meet and confer the morning of Saturday, March 15.  During that call, Google asked Plaintiffs what, exactly, Google had supposedly failed

---

[10] Google's collection and production of documents largely predated the release of Gemini V3. Google produced its model and data cards on January 23 and February 10.  Google did not broadly release Gemini 2.0 (i.e., Gemini V3) on a non-experimental basis until February 5, 2025, and the incorporation of that model into AI Overviews was announced in March 2025.  *See* Koray Kavukcuoglu, *Gemini 2.0 is Now Available to Everyone*, The Keyword (Feb. 5, 2025), https://blog.google/technology/google-deepmind/gemini-model-updates-february-2025/; Robby Stein, *Expanding AI Overviews and introducing AI Mode*, The Keyword (Mar. 5, 2025), https://blog.google/products/search/ai-mode-search/.

to produce.  Plaintiffs responded that Google must produce (or confirm that it has produced) "a comprehensive and final model and data card set for all of the models that underlie the three products" discussed, i.e., AI Overviews, AI Mode, and the Gemini chatbot, Ex. K, at 1; that is to say, model cards for these products apparently ***regardless of whether they involved user-side data as specified in Request No. 8***.  Plaintiffs acknowledged that the additional documents they sought were "different" from what Request No. 8 sought, *id.*, but argued that the Court ordered Google to produce the material.

Google respectfully requests that the Court deny Plaintiffs' request for discovery that is not encompassed by Request No. 8.  First, fact discovery closed on February 28.  *See* ECF No. 1043, § I.M.  Plaintiffs never served a request for– and Google certainly never agreed to produce– "a comprehensive and final model and data card set for all of the models that underlie" AI Overviews, AI Mode, and the Gemini chatbot.  Second, even had Plaintiffs done so, Google would have objected, including on the basis of relevance.  Plaintiffs' Revised Proposed Final Judgment would obligate Google to "make available . . . [t]he ***User-side Data*** used as training data for GenAI Models used in Search or any GenAI Product that can be used to access Search." ECF No. 1184-1, § VI.C.3 (emphasis added).  In that respect, Google's past production of datacards– which, again, pertain to those models in AI Overviews, AI Mode, and the Gemini chatbot that *rely on user-side data*– is more than sufficient.

Nor is there any good reason to subject Google to the burden of searching for those datacards that pertain to models not reliant on user-side data.  Because it was not until this past Saturday that Plaintiffs made that request, Google has had no occasion to search for such datacards until now.  Accordingly, accommodating Plaintiffs' belated request would entail Google investigating how many responsive datacards exist, collecting them, reviewing them, and

producing them. That is potentially no small matter. Based on Google's earlier efforts to collect the datacards that it has already produced, Google has come to understand that no single document repository exists that contains all the datacards for these products. Google instead had to set up multiple workstreams involving working with multiple different engineers to collect the relevant datacards. Google has every expectation that any further collection of datacards will prove at least as burdensome. To force Google to conduct a search for still more datacards with no apparent relevance to this case is a burden hardly proportional to the needs of the case.

Moreover, if the Court were to obligate Google to search for and produce additional datacards, it would almost certainly jeopardize the case schedule. Fact discovery closed nearly a month ago. The parties have already served their opening expert reports. *See* ECF No. 1043, § I.P. Rebuttal expert reports are due this coming Wednesday. *Id.* § I.Q. It is simply much too late to reopen document discovery.

In short, Plaintiffs' present request belatedly seeks irrelevant discovery that Plaintiffs never sought in fact discovery. If Plaintiffs felt that they needed additional datacards, they should have raised the issue long ago. Plaintiffs did not, and they cannot now demand that Google search for and produce such documents. *See Musonza v. Costanzo*, 2022 WL 3646296, at *5 (D.D.C. Aug. 24, 2022) (holding that it was "clearly erroneous" for a magistrate judge to compel the production of files that the plaintiff did not request and that the defendant objected to producing).

Dated: March 20, 2025                    Respectfully submitted,

                                         By: */s/ Karl E. Herrmann*
                                         David E. Dahlquist
                                         Adam T. Severt
                                         Diana A. Aguilar Aldape
                                         Travis R. Chapman
                                         Karl E. Herrmann (D.C. Bar #1022464)
                                         Veronica N. Onyema (D.C. Bar #979040)

                                         U.S. Department of Justice
                                         Antitrust Division
                                         Technology & Digital Platforms Section
                                         450 Fifth Street NW, Suite 7100
                                         Washington, DC 20530
                                         Telephone: (202) 805-8563
                                         David.Dahlquist@usdoj.gov
                                         Adam.Severt@usdoj.gov

                                         *Counsel for Plaintiff*
                                         *United States of America*

By: _____/s/ Christoper A. Knight_____
James Uthmeier, Attorney General
R. Scott Palmer, Special Counsel, Complex
Enforcement Chief, Antitrust Division
Lee Istrail, Assistant Attorney General
Christopher A. Knight, Assistant Attorney
General
Office of the Attorney General, State of
Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com
Christopher.Knight@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

By: _____/s/ Diamante Smith_____
Ken Paxton, Attorney General
Brent Webster, First Assistant Attorney
General
Ralph Molina, Deputy First Assistant
Attorney General
James Lloyd, Deputy Attorney General for
Civil Litigation
Diamante Smith, Assistant Attorney
General, Antitrust Division
Office of the Attorney General, State of
Texas
300 West 15th Street
Austin, Texas 78701
Diamante.Smith@oag.texas.gov

*Counsel for Plaintiff State of Texas*

By: _____/s/ Carolyn D. Jeffries_____
Rob Bonta, Attorney General
Paula Blizzard, Senior Assistant Attorney
General
Michael Jorgenson, Supervising Deputy
Attorney General
Brian Wang, Deputy Attorney General
Carolyn D. Jeffries, Deputy Attorney
General (DC Bar No. 1600843)
Office of the Attorney General
California Department of Justice

455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Brian.Wang@doj.ca.gov
Cari.Jeffries@doj.ca.gov

*Counsel for Plaintiff State of California*

Matthew M. Ford
Arkansas Bar No. 2013180
Senior Assistant Attorney General
Office of the Arkansas Attorney General
Tim Griffin
323 Center Street, Suite 200
Little Rock, AR 72201
Matthew.Ford@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

Christopher Carr, Attorney General
Logan B. Winkles, Deputy Attorney General
Ronald J. Stay, Jr., Senior Assistant Attorney
General
Charles Thimmesch, Senior Assistant
Attorney General
Office of the Attorney General, State of
Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and
Director, Consumer Protection Division
Jesse Moore, Deputy Attorney General
Christi Foust, Deputy Attorney General
Office of the Attorney General, State of
Indiana
Indiana Government Center South, Fifth
Floor
302 West Washington Street
Indianapolis, Indiana 46204
Jesse.Moore@atg.in.gov

*Counsel for Plaintiff State of Indiana*

Russell Coleman, Attorney General
J. Christian Lewis, Commissioner of the
Office of Consumer Protection
Philip R. Heleringer, Executive Director of
the Office of Consumer Protection
Jonathan E. Farmer, Deputy Executive
Director of the Office of Consumer
Protection
Office of the Attorney General,
Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of
Kentucky*

Liz Murrill, Attorney General
Patrick Voelker, Assistant Attorney General
Office of the Attorney General, State of
Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
voelkerp@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

Michael Schwalbert
Missouri Bar No. 63229
Assistant Attorney General
Consumer Protection Section
Missouri Attorney General's Office
815 Olive Street | Suite 200
Saint Louis, Missouri 63101
michael.schwalbert@ago.mo.gov

Phone: 314-340-7888
Fax: 314-340-7981

*Counsel for Plaintiff State of Missouri*

Lynn Fitch, Attorney General
Crystal Utley Secoy, Assistant Attorney
General
Lee Morris, Special Assistant Attorney
General
Office of the Attorney General, State of
Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Crystal.Utley@ago.ms.gov
Lee.Morris@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

Anna Schneider
Special Assistant Attorney General, Senior
Counsel
Montana Office of Consumer Protection
P.O. Box 200151
Helena, MT. 59602-0150
Phone: (406) 444-4500
Fax: 406-442-1894
Anna.schneider@mt.gov

*Counsel for Plaintiff State of Montana*

Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney
General
C. Havird Jones, Jr., Senior Assistant Deputy
Attorney General
Mary Frances Jowers, Assistant Deputy
Attorney General
Office of the Attorney General, State of
South Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549

mfjowers@scag.gov

*Counsel for Plaintiff State of South Carolina*

Joshua L. Kaul, Attorney General
Laura E. McFarlane, Assistant Attorney
General
Wisconsin Department of Justice
17 W. Main St.
Madison, Wisconsin 53701
mcfarlanele@doj.state.wi.us

*Counsel for Plaintiff State of
Wisconsin*

PHILIP WEISER
Attorney General of Colorado

*/s/ Jonathan B. Sallet*
Jonathan B. Sallet, DC Bar No. 336198
Steven M. Kaufmann
Elizabeth W. Hereford
Conor J. May
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
E-Mail: Jon.Sallet@coag.gov
Steve.Kaufmann@coag.gov
Elizabeth.Hereford@coag.gov
Conor.May@coag.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Colorado*

MIKE HILGERS
Attorney General of Nebraska

Justin C. McCully, Assistant Attorney
General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
E-Mail: Justin.mccully@nebraska.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Nebraska*

KRISTIN K. MAYES
Attorney General of Arizona

Robert A. Bernheim, Unit Chief Counsel
Jayme Weber, Senior Litigation Counsel
Arizona Office of the Attorney General
400 West Congress, Ste. S-215
Tucson, Arizona 85701
Telephone: (520) 628-6507
E-Mail: Robert.Bernheim@azag.gov
Jayme.Weber@azag.gov

*Counsel for Plaintiff State of Arizona*

BRENNA BIRD
Attorney General of Iowa

Noah Goerlitz, Assistant Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St., 2nd Floor
Des Moines, IA 50319
Telephone: (515) 725-1018
E-Mail: Noah.goerlitz@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

LETITIA JAMES
Attorney General of New York

Elinor R. Hoffmann
Morgan J. Feder
Michael D. Schwartz
Office of the New York State Attorney
General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8513
E-Mail: Elinor.hoffmann@ag.ny.gov
Morgan.feder@ag.ny.gov
Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff State of New York*

16

JEFF JACKSON
Attorney General of North Carolina

Kunal Janak Choksi
Joshua Daniel Abram
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6000
E-Mail: kchoksi@ncdoj.gov
jabram@ncdoj.gov

*Counsel for Plaintiff State of North Carolina*

JONATHAN SKRMETTI
Attorney General of Tennessee

J. David McDowell
Austin Ostiguy
Tyler Corcoran
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 741-8722
E-Mail: David.McDowell@ag.tn.gov
austin.ostiguy@ag.tn.gov
Tyler.Corcoran@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*

DEREK E. BROWN
Attorney General of Utah

Matthew Michaloski, Assistant Attorney General
Marie W.L. Martin, Deputy Division Director
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 140811
Salt Lake City, Utah 84114
Telephone: (801) 440-9825
E-Mail: mmichaloski@agutah.gov
mwmartin@agutah.gov

*Counsel for Plaintiff State of Utah*

TREGARRICK TAYLOR
Attorney General of Alaska

Jeff Pickett
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5100
E-Mail: Jeff.pickett@alaska.gov

*Counsel for Plaintiff State of Alaska*

WILLIAM TONG
Attorney General of Connecticut

Nicole Demers
Office of the Attorney General of Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Telephone: (860) 808-5202
E-Mail: Nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

KATHLEEN JENNINGS
Attorney General of Delaware

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
E-Mail: Michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*

BRIAN SCHWALB
Attorney General of the District of Columbia

Elizabeth Gentry Arthur
Office of the Attorney General for the
District of Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 724-6514
E-Mail: Elizabeth.arthur@dc.gov

*Counsel for Plaintiff District of Columbia*

DOUGLAS MOYLAN
Attorney General of Guam

Fred Nishihira
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Telephone: (671) 475-3324
E-Mail: fnishihira@oagguam.org

*Counsel for Plaintiff Territory Guam*

ANNE E. LOPEZ
Attorney General of Hawaiʻi

Rodney I. Kimura
Department of the Attorney General, State
of Hawaiʻi
425 Queen Street
Honolulu, HI 96813
Telephone (808) 586-1180
E-Mail: Rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff State of Hawaiʻi*

RAÚL LABRADOR
Attorney General of Idaho

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. Jefferson St., 2nd Floor
P.O. Box 83720
Boise, ID 83720
Telephone: (208) 332-3549
E-Mail: John.olson@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

KWAME RAOUL
Attorney General of Illinois

Elizabeth Maxeiner
Brian Yost
Jennifer Coronel
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
Telephone: (773) 590-7935
E-Mail: Elizabeth.maxeiner@ilag.gov
Brian.yost@ilag.gov
Jennifer.coronel@ilag.gov

*Counsel for Plaintiff State of Illinois*

KRIS W. KOBACH
Attorney General of Kansas

Lynette R. Bakker
Kansas Office of the Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612
Telephone: (785) 296-3751
E-Mail: Lynette.bakker@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

AARON M. FREY
Attorney General of Maine

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
August, ME 04333
Telephone: (207) 626-8800
E-Mail: Christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

ANTHONY G. BROWN
Attorney General of Maryland

Schonette J. Walker
Gary Honick
Office of the Attorney General of
Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Telephone: (410) 576-6480
E-Mail: swalker@oag.state.md.us
ghonick@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

ANDREA CAMPBELL
Attorney General of Massachusetts

Jennifer E. Greaney
Office of the Attorney General of
Massachusetts
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2981
E-Mail: Jennifer, greaney@mass.gov

*Counsel for Plaintiff Commonwealth of
Massachusetts*

KEITH ELLISON
Attorney General of Minnesota

Zach Biesanz
Senior Enforcement Counsel
Office of the Minnesota Attorney General
Antitrust Division
445 Minnesota Street, Suite 600
St. Paul, MN 55101
Telephone: (651) 757-1257
E-Mail: Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

AARON D. FORD
Attorney General of Nevada

Michelle C. Badorine
Lucas J. Tucker
Nevada Office of the Attorney General

100 N. Carson Street
Carson City, NV 89701
Telephone: (775) 684-1164
E-Mail: mbadorine@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

JOHN FORMELLA
Attorney General of New Hampshire

Brandon Garod
Office of Attorney General of New
Hampshire
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-1217
E-Mail: Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff State of New
Hampshire*

MATTHEW PLATKIN
Attorney General of New Jersey

Isabella R. Pitt
Deputy Attorney General
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
Telephone: (973) 648-7819
E-Mail: Isabella.Pitt@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

RAÚL TORREZ
Attorney General of New Mexico

Judith E. Paquin Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney
General
408 Galisteo St.
Santa Fe, NM 87504
Telephone: (505) 490-4885
E-Mail: jpaquin@nmag.gov

ckhoury@nmag.gov

*Counsel for Plaintiff State of New Mexico*

DREW WRIGLEY
Attorney General of North Dakota

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust
Division
Office of the Attorney General of North
Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
Telephone: (701) 328-5570
E-Mail: ealm@nd.gov

*Counsel for Plaintiff State of North
Dakota*

DAVID YOST
Attorney General of Ohio

Jennifer Pratt
Beth Ann Finnerty
Mark Kittel
Office of the Attorney General of Ohio
30 E Broad Street, 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
E-Mail:
Jennifer.pratt@ohioattorneygeneral.gov
Beth.finnerty@ohioattorneygeneral.gov
Mark.kittel@ohioattorneygeneral.gov

*Counsel for Plaintiff State of Ohio*

GENTNER DRUMMOND
Attorney General of Oklahoma

Robert J. Carlson
Office of the Oklahoma Attorney General
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-1014

E-Mail: Robert.carlson@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

DAN RAYFIELD
Attorney General of Oregon

Cheryl Hiemstra, Special Assistant
Attorney General
Gina Ko, Assistant Attorney General
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301
Telephone: (503) 934-4400
E-Mail: Cheryl.Hiemstra@doj.oregon.gov
Gina.Ko@doj.oregon.gov

*Counsel for Plaintiff State of Oregon*

DAVID W. SUNDAY, JR.
Attorney General of Pennsylvania

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
E-Mail: jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of
Pennsylvania*

DOMINGO EMANUELLI
HERNANDEZ
Attorney General of Puerto Rico
Guarionex Diaz Martinez
Assistant Attorney General Antitrust
Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902
Telephone: (787) 721-2900, Ext. 1201
E-Mail: gdiaz@justicia.pr.gov

*Counsel for Plaintiff Territory Puerto Rico*

PETER NERONHA
Attorney General of Rhode Island

Stephen Provazza
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
E-Mail: SProvazza@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

MARTIN J. JACKLEY
Attorney General of South Dakota

Yvette K. Lafrentz
Office of the Attorney General of South Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
E-Mail: Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff State of South Dakota*

CHARITY R. CLARK
Attorney General of Vermont

Christopher J. Curtis, Assistant Attorney General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
Telephone: (802) 828-3170
E-Mail: christopher.curtis@vermont.gov
*Counsel for Plaintiff State of Vermont*

JASON S. MIYARES
Attorney General of Virginia

Tyler T. Henry

Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Telephone: (804) 692-0485
E-Mail: thenry@oag.state.va.us

*Counsel for Plaintiff State of Virginia*

NICK BROWN
Attorney General of Washington

Amy Hanson
Senior Assistant Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-5419
E-Mail: Amy.hanson@atg.wa.gov

*Counsel for Plaintiff State of Washington*

JOHN B. McCUSKEY
Attorney General of West Virginia

Douglas Lee Davis
Office of the Attorney General, State of West Virginia
1900 Kanawha Boulevard
East Building 6, Suite 401
P.O. Box 1789
Charleston, WV 25305
Telephone: (304) 558-8986
E-Mail: Douglas.l.davis@wvago.gov

*Counsel for Plaintiff State of West Virginia*

BRIDGET HILL
Attorney General of Wyoming

William T. Young
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
Telephone: (307) 777-7847
E-Mail: William.young@wyo.gov

21

*Counsel for Plaintiff State of Wyoming*

WILLIAMS & CONNOLLY LLP

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Michael Sommer (admitted *pro hac vice*)
Franklin M. Rubinstein (D.C. Bar No. 476674)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
msommer@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213) 2099 Pennsylvania Avenue, NW Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*