# EXHIBIT K

LAW OFFICES
# WILLIAMS & CONNOLLY LLP

CHRISTOPHER A. YEAGER  
(202) 434-5621  
cyeager@wc.com

680 MAINE AVENUE SW  
WASHINGTON, DC 20024  
(202) 434-5000  
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)  
PAUL R. CONNOLLY (1922-1978)

March 18, 2025

**HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

<u>Via Email</u>

Diana A. Aguilar Aldape  
U.S. Department of Justice  
450 Golden Gate Ave., Suite 10-0101  
San Francisco, CA 94102  
diana.aguilar@usdoj.gov

Re:   *United States, et al. v. Google LLC*, No. 20-cv-3010-APM (D.D.C.) & *State of Colorado, et al. v. Google LLC*, No. 20-cv-3715-APM (D.D.C.)

Dear Diana:

I write to follow up on the parties' Saturday, March 15, conferral regarding Request No. 8 of Plaintiffs' Third Joint Set of Requests for Production ("Request No. 3:8"). Based on that conferral, we understand that it is your position that Google must produce (or must confirm that it has produced) "a comprehensive and final model and data card set for all of the models that underlie the three products" discussed, *i.e.*, AI Overviews, AI Mode, and the Gemini chatbot. We further understand that it is your position that Google must do so notwithstanding the fact that Request No. 3:8 sought a different set of documents.[1]

---

[1] For clarity, Request No. 3:8 reads:

> Produce technical documentation sufficient to show which User-Side Data is used, any considerations of privacy or privacy-protection mechanisms for this use, and how often this data is refreshed, to (a) train and (b) fine tune:
>
> a. Google's AI models to generate summaries for Google's AI Overview;
>
> b. Google's retrieval models that are used to retrieve data when generating summaries for Google's AI Overview;
>
> c. Google's AI models to generate responses to queries submitted via Google's Circle to Search functionality; and
>
> d. Google's AI models to operate as the Gemini chatbot.

WILLIAMS & CONNOLLY LLP®

March 18, 2025
Page 2

      Plaintiffs' position is without foundation. As described in my March 13 letter, Google has produced over five-dozen model or data cards, first located in response to Plaintiffs' request for "documents sufficient to show if and what search log or user-side data Google uses to train or fine-tune its foundation models for [applications including AI Overviews, the Gemini Chatbot, and AI Mode], how the search log or user-side data improves or benefits a specific application, and the size, fields, and types of data used in the search log or user-side data sets."[2] As a courtesy, Google has also produced a finalized copy of the Gemini v3 Pre-Training Data Card. *See* GOOG-DOJ-34936179. Fundamentally, your position ignores that, in our letter dated March 13, 2025, we confirmed that the model and data cards we produced in connection with RFP 3:8 were final versions, rather than drafts. We further note that, last evening, Plaintiffs requested certain linked documents from those model cards. We are working to produce those linked documents.

      Plaintiffs have no basis to demand the production of still more model and data cards. Fact discovery closed more than two weeks ago. *See* ECF 1043, § I.M ("Fact discovery shall conclude on February 28, 2025."). Plaintiffs' demand that Google produce additional model and data cards that Plaintiffs never requested in fact discovery has no basis. The suggestion that the Court ordered Google to produce material beyond that sought in Request 3:8 likewise has no basis. The context of the discussion was a resolution of the dispute regarding Request 3:8—not a new, untimely request to expand the scope of discovery.

Sincerely,

*/s/ Christopher Yeager*

Christopher A. Yeager

---

      For the avoidance of doubt the information produced in response to 8(a)-(c) shall include documents sufficient to show all the available fields for the data used for such purpose, along with a corresponding data dictionary.

[2] This is Request No. 9 of Plaintiffs' Second Joint Set of Requests for Production.