IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*,<br><br>                Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, *et al.*,<br><br>                Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**JOINT STATUS REPORT**

Pursuant to the Court's Order, ECF No. 1186, the Parties submit the following Joint Status Report.

**I.      Joint Status Update**

The parties submit proposals on the four topics outlined in the Court's Order: (1) the number of exhibits permitted at the Evidentiary Hearing, including any exceptions to that limitation; (2) the process governing the use of confidential information at the Evidentiary Hearing; (3) the structure and format of post-trial submissions, including any responsive filings; and (4) the deadline to file amicus affidavit(s).

The parties have negotiated regarding these topics in an effort to resolve disputes. The parties jointly submit a statement with agreed proposals with respect to the process governing the

use of confidential information at the Evidentiary Hearing and the deadline to file amicus affidavit(s). The parties have reached impasse on the other two topics. The parties describe their proposals below and provide brief position statements addressing their separate proposals. Given the March 28, 2025 deadline for exchanging exhibit lists, the parties respectfully request that the Court issue its ruling regarding the exhibit list limits as soon as possible.

  **A.** **The Parties' Joint Proposals**

    **1.** **The Use of Confidential Information at the Evidentiary Hearing[1]**

      **a)** **Redactions Prior to the Evidentiary Hearing**

- On March 28, 2025:
  - Plaintiffs shall identify for Google **20** exemplar documents that Plaintiffs believe may raise confidentiality issues for the Google employees on both parties' trial witness lists. Plaintiffs will not identify only portions of documents at this stage but agree to provide only example documents of reasonable length.

- On March 31, 2025:
  - Each party shall notify all applicable non-parties of the documents produced by that non-party appearing on the party's exhibit list. For non-parties listed on either party's trial witness list, each party shall also identify portions of **two** exhibits where it seeks the non-party's views on confidentiality.

- On April 3, 2025:
  - Google shall provide redactions to the **20** documents specified by Plaintiffs on March 26, 2025. In addition, Google will provide redactions for **five** other

---

[1] Consistent with the parties' exchange with the Court at the March 24, 2025 hearing, the parties will file on March 28, 2025 further proposals relating to public access to the Evidentiary Hearing in connection with responding to the motion filed on March 21, 2025 by The New York Times Company (ECF 1192).

documents that address different subject matters from those covered by Plaintiffs' **20** exemplars.

- The non-parties on either party's trial witness list shall provide: (1) redactions to the portions of the two exhibits identified by the parties on March 31, 2025; (2) redactions to **two** other exhibits that address different subject matters from those covered by the parties' exemplars so that the parties can assess and raise any disagreement with the non-parties' positions; and (3) redactions, by page and line numbers, for non-party witnesses' deposition testimony for witnesses included on the parties' trial witness lists.

- On April 7, 2025:
  - Google shall provide redactions, by page and line numbers, for the deposition testimony of the four Google employees on Plaintiffs' trial witness list (Peter Fitzgerald, Sissie Hsiao, Sameer Samat, and Pariza Tabriz).

- On April 9, 2025 by 3pm ET the parties and applicable non-parties shall submit disputes regarding confidentiality that they seek to address at the April 10, 2025 conference. *See* ECF 1173 at 2.

- On April 16, 2025:
  - Plaintiffs shall provide to Google portions of the exhibits they intend to use during the evidentiary hearing on April 21 and April 22, 2025. Google shall identify within 48 hours—by April 18, 2025—the information in the portion of the exhibits that it contends should be sealed. The parties agree to work in good faith to reach agreement on any necessary redactions to these exhibits by April 19, 2025 or prepare to raise the issue with the Court. Under this procedure, to the

extent Plaintiffs choose to show counsel for Google an exhibit for the purpose of confirming whether examination regarding the document may be conducted in open court, counsel for Google shall not inform the witness that they might be questioned on that document or otherwise use that disclosure to prepare the witness for testimony based on that disclosure.

          **b)**        **Confidentiality Designations During the Evidentiary Hearing**

If a party or non-party receives notice of a party's intention to publicly disclose information previously identified as confidential information during the evidentiary hearing, the party or non-party claiming that the information is confidential must, within 48 hours, either reach agreement with the party seeking to disclose the information or raise the issue with the Court. To facilitate the review of material within 48 hours of notice being provided, the parties agree to provide portions of exhibits they intend to use with a live witness for confidentiality review. The parties reserve the right to use any portions of exhibits that have not been through the confidentiality process in Court, although the parties will not publicly disclose any such material that has previously been designated as confidential or highly confidential.

To the extent a party chooses to show counsel for a party or non-party an exhibit for the purpose of confirming whether examination regarding the document may be conducted in open court, counsel for the party shown the exhibit shall not inform the witness that they might be questioned on that document or otherwise use that disclosure to prepare the witness for testimony based on that disclosure.

          **c)**        **Presentations and Examinations.**

Where the parties agree it is reasonable or the Court instructs the parties to do so, the parties shall use the Rosetta Stone approach (i.e., providing the Court a key that assigns a generic label to the confidential information) for presenting sealed information in open court such that

the key enables the party to conduct the questioning without revealing the confidential information. The parties shall also use redacted versions of exhibits, where confidential information is redacted in exhibits shown to the public and used in the open courtroom during an examination. The parties shall provide copies of the redacted exhibits with red boxes to the Court, witness, and counsel to facilitate efficient trial presentation.

### 2.     Timing of Amicus Affidavits

Although the Parties believe that amicus affidavits should not be relied on because, among other things, they are inadmissible hearsay, to the extent they are allowed, the Court should set a deadline of April 18, 2025, for their submission.

### 3.     The Number of Exhibits

Plaintiffs' position is that each side may introduce no more than **400** exhibits in connection with the remedies evidentiary hearing and that any exhibits not subject to a specific objection may be admitted into evidence in bulk on the first day of trial or any day thereafter, and Google's position is that each side may introduce no more than **200** exhibits.  The parties agree that the limit shall not apply to exhibits already admitted into evidence (*i.e.*, during the trial on liability), exhibits used during any deposition, executed or draft contracts, data files, written discovery responses, and exhibits where Heather Adkins is a custodian.

### 4.     Post-Trial Briefing

Plaintiffs' position is that on May 16, 2025 each side shall file Proposed Findings of Fact of no more than **200** pages and a combined brief and Proposed Conclusions of Law of no more than **50** pages, and that on May 23, 2025 each side may file Responsive Proposed Findings of Fact of no more than **50** pages and a combined brief and Proposed Conclusions of Law of no more than **25** pages.  Google agrees with the proposed dates, but its position is that the page limits should be **300** pages for the Proposed Findings of Fact, **75** pages for the Proposed

5

Conclusions of Law, **100** pages for the Responsive Proposed Findings of Fact, and **25** pages for the Responsive Proposed Conclusions of Law.  The parties agree that the Proposed Findings of Fact (and Responsive Proposed Findings of Fact) shall consist of numbered paragraphs of discrete facts, and that the parties may draft some or all of their Proposed Conclusions of Law (and Responsive Proposed Conclusions of Law) in a narrative fashion rather than using numbered paragraphs if they wish to do so.

## II.     Plaintiffs' Position Regarding the Number of Exhibits

Plaintiffs believe that while a limit on exhibits is unnecessary, if the Court were to impose one it should provide an upper limit that provides the parties flexibility and recognizes that some documents may be "pushed in"—as the Court previously allowed during the liability phase—while recognizing the Court's admonishment that it will ultimately focus the most on what is used during the hearing with a witness.

## III.    Google's Position Statement Regarding the Number of Exhibits

Google's position is that each side should be permitted to admit no more than 200 exhibits during the evidentiary hearing, not counting (i) exhibits admitted during the liability trial, (ii) exhibits introduced during a deposition that are introduced into evidence, (iii) contracts, (iv) data files, (v) written discovery responses, and (vi) documents for which Google employee Heather Adkins is a custodian.  Plaintiffs argued at the last hearing that this issue was not ripe because the parties had not yet exchanged final fact witness lists, Mar. 10, 2025 Hr'g Tr. 30:9-31:18, but the parties have now served those lists and disclosed their experts.  Documents produced from the files of the only new fact witness (Ms. Adkins) on the parties' lists have been excluded from the cap, such that there is no need for further delay in implementing the reasonable limit Google has proposed.  Given the 14 days allotted for the evidentiary hearing and the pace at which exhibits were used at trial, Google's proposed limit of 200 per side exceeds the

number that the parties could realistically use during the hearing, particularly in view of the six categories of documents excepted from the cap.  The Court observed at the last status conference that the exhibits the parties want the Court "to really focus on ought to be presented here in trial and live," and "as a practical and general matter, we ought to avoid having substantial evidence … pushed in and not presented to [the Court]."  Mar. 10, 2025 Hr'g Tr. 29:11-30:1.  That is important because "witnesses [are] able to contextualize and explain the technical and lengthy documents at issue, which might otherwise be misunderstood or selectively cited in post-trial briefs."  *United States v. AT&T Inc.*, 310 F. Supp. 3d 161, 186-87 (D.D.C. 2018).  The limit on exhibits Google has proposed furthers these objectives, while still allowing each side ample opportunity to ground its positions in a significant number of exhibits.

IV.     **Plaintiffs' Position Regarding the Length of Post-Trial Submissions**

Ultimately Plaintiffs want to submit these filings in whatever format would most aid the court; but in the absence of any preference, Plaintiffs' proposal is designed to allow the parties to provide the Court the information it needs while not overwhelming the Court with voluminous filings, and the lower page limits will focus the parties' arguments, which may aid the Court given the short period between filing and closing arguments.

V.      **Google's Position Statement Regarding the Length of Post-Trial Submissions**

Google respectfully requests that on May 16 the parties submit Proposed Findings of Fact of no more than 300 pages and Proposed Conclusions of Law of no more than 75 pages, and that on May 23 the parties submit Responsive Proposed Findings of Fact of no more than 100 pages and Responsive Proposed Conclusions of Law of no more than 25 pages.  The page limits proposed by the parties are not too far apart, and there is no sound basis for Plaintiffs to resist Google's request for a more generous limit, particularly given the breadth of Plaintiffs' Proposed Final Judgment, which extends far beyond the distribution agreements that were the subject of

the evidence and findings during the liability phase. *E.g.*, ECF 1184-1 at V.A (proposing divestiture of Chrome); V.B, VI.C (proposing to regulate "Gen AI Products"); VII and VIII.E (proposing novel 10-year syndication licenses). Plaintiffs' proposals also are directed to highly technical subject matters, including the core functionality of Google Search, that are not described in any meaningful detail in the Proposed Final Judgment and will require adequate space for Google to address in its written submissions. *E.g.*, *id.* at VI.A (proposing that Google "make available, at marginal cost … the following data related to Google's Search index … on a periodic basis to be determined by Plaintiffs in consultation with the [Technical Committee]"); VI.B (proposing that Google "make available, at marginal cost … the following User-side Data … while safeguarding personal privacy and security"); VI.E (proposing that Google "must provide … at marginal cost, the following Ads Data"). Because these proposals and others are both broad and largely undefined, it is important that Google be given the opportunity to submit a fulsome response to Plaintiffs' proposed findings. Nevertheless, Google's proposal contemplates reasonable limits on length and tight restrictions on timing, with proposed findings due a week after the end of testimony and responses due a week later.

Dated: March 24, 2025　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　WILLIAMS & CONNOLLY LLP

　　　　　　　　　　　　　　　　　　　　　　By: */s/ John E. Schmidtlein*
　　　　　　　　　　　　　　　　　　　　　　John E. Schmidtlein (D.C. Bar No. 441261)
　　　　　　　　　　　　　　　　　　　　　　Benjamin M. Greenblum (D.C. Bar No. 979786)
　　　　　　　　　　　　　　　　　　　　　　Colette T. Connor (D.C. Bar No. 991533)
　　　　　　　　　　　　　　　　　　　　　　680 Maine Avenue, SW
　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20024
　　　　　　　　　　　　　　　　　　　　　　Tel: 202-434-5000
　　　　　　　　　　　　　　　　　　　　　　jschmidtlein@wc.com
　　　　　　　　　　　　　　　　　　　　　　bgreenblum@wc.com
　　　　　　　　　　　　　　　　　　　　　　cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Michael Sommer (admitted *pro hac vice*)
Franklin M. Rubinstein (D.C. Bar No. 476674)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
msommer@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*


By: */s/ Travis R. Chapman*
David E. Dahlquist
Adam T. Severt
Travis R. Chapman
Karl E. Herrmann (D.C. Bar #1022464)
John J. Hogan
Kerrie J. Freeborn (D.C. Bar #503143)
Veronica N. Onyema (D.C. Bar #979040)

U.S. Department of Justice
Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 805-8563
David.Dahlquist@usdoj.gov
Adam.Severt@usdoj.gov

*Counsel for Plaintiff
United States of America*

9

By: */s/ Christoper A. Knight*
James Uthmeier, Attorney General
R. Scott Palmer, Special Counsel, Complex Enforcement Chief, Antitrust Division
Lee Istrail, Assistant Attorney General
Christopher A. Knight, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com
Christopher.Knight@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

By: */s/ Diamante Smith*
Ken Paxton, Attorney General
Brent Webster, First Assistant Attorney General
Ralph Molina, Deputy First Assistant Attorney General
Austin Kinghorn, Deputy Attorney General for Civil Litigation
Diamante Smith, Assistant Attorney General, Antitrust Division
Office of the Attorney General, State of Texas
P.O. Box 12548
Austin, Texas 78701
Diamante.Smith@oag.texas.gov

*Counsel for Plaintiff State of Texas*

By: */s/ Carolyn D. Jeffries*
Rob Bonta, Attorney General
Paula Blizzard, Senior Assistant Attorney General
Michael Jorgenson, Supervising Deputy Attorney General
Brian Wang, Deputy Attorney General
Carolyn D. Jeffries, Deputy Attorney General (DC Bar No. 1600843)
Office of the Attorney General
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Brian.Wang@doj.ca.gov
Cari.Jeffries@doj.ca.gov

*Counsel for Plaintiff State of California*

Matthew M. Ford
Arkansas Bar No. 2013180
Senior Assistant Attorney General
Office of the Arkansas Attorney General
Tim Griffin
323 Center Street, Suite 200
Little Rock, AR 72201
Matthew.Ford@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

Christopher Carr, Attorney General
Logan B. Winkles, Deputy Attorney General
Ronald J. Stay, Jr., Senior Assistant Attorney General
Charles Thimmesch, Senior Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and Director, Consumer Protection Division
Jesse Moore, Deputy Attorney General
Christi Foust, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Jesse.Moore@atg.in.gov

*Counsel for Plaintiff State of Indiana*

Russell Coleman, Attorney General
J. Christian Lewis, Commissioner of the Office of Consumer Protection
Philip R. Heleringer, Executive Director of the Office of Consumer Protection
Jonathan E. Farmer, Deputy Executive Director of the Office of Consumer Protection
Office of the Attorney General, Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*

Liz Murrill, Attorney General
Patrick Voelker, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
voelkerp@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

Michael Schwalbert
Missouri Bar No. 63229
Assistant Attorney General
Consumer Protection Section
Missouri Attorney General's Office
815 Olive Street | Suite 200
Saint Louis, Missouri 63101
michael.schwalbert@ago.mo.gov

Phone: 314-340-7888
Fax: 314-340-7981

*Counsel for Plaintiff State of Missouri*

Lynn Fitch, Attorney General
Crystal Utley Secoy, Assistant Attorney General
Lee Morris, Special Assistant Attorney General
Office of the Attorney General, State of Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Crystal.Utley@ago.ms.gov
Lee.Morris@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

Anna Schneider
Special Assistant Attorney General, Senior Counsel
Montana Office of Consumer Protection
P.O. Box 200151
Helena, MT. 59602-0150
Phone: (406) 444-4500
Fax: 406-442-1894
Anna.schneider@mt.gov

*Counsel for Plaintiff State of Montana*

Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney General
C. Havird Jones, Jr., Senior Assistant Deputy Attorney General
Mary Frances Jowers, Assistant Deputy Attorney General
Office of the Attorney General, State of South Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549

mfjowers@scag.gov

*Counsel for Plaintiff State of South Carolina*

Joshua L. Kaul, Attorney General
Laura E. McFarlane, Assistant Attorney General
Wisconsin Department of Justice
17 W. Main St.
Madison, Wisconsin 53701
mcfarlanele@doj.state.wi.us

*Counsel for Plaintiff State of Wisconsin*

PHILIP WEISER
Attorney General of Colorado

*/s/ Jonathan B. Sallet*
Jonathan B. Sallet, DC Bar No. 336198
Steven M. Kaufmann
Elizabeth W. Hereford
Conor J. May
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
E-Mail: Jon.Sallet@coag.gov
Steve.Kaufmann@coag.gov
Elizabeth.Hereford@coag.gov
Conor.May@coag.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Colorado*

MIKE HILGERS
Attorney General of Nebraska

Justin C. McCully, Assistant Attorney General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
E-Mail: Justin.mccully@nebraska.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Nebraska*

KRISTIN K. MAYES
Attorney General of Arizona

Robert A. Bernheim, Unit Chief Counsel
Jayme Weber, Senior Litigation Counsel
Arizona Office of the Attorney General
400 West Congress, Ste. S-215
Tucson, Arizona 85701
Telephone: (520) 628-6507
E-Mail: Robert.Bernheim@azag.gov
Jayme.Weber@azag.gov

*Counsel for Plaintiff State of Arizona*

BRENNA BIRD
Attorney General of Iowa

Noah Goerlitz, Assistant Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St., 2nd Floor
Des Moines, IA 50319
Telephone: (515) 725-1018
E-Mail: Noah.goerlitz@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

LETITIA JAMES
Attorney General of New York

Elinor R. Hoffmann
Morgan J. Feder
Michael D. Schwartz
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8513
E-Mail: Elinor.hoffmann@ag.ny.gov
Morgan.feder@ag.ny.gov
Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff State of New York*

JEFF JACKSON
Attorney General of North Carolina

Kunal Janak Choksi
Joshua Daniel Abram
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6000
E-Mail: kchoksi@ncdoj.gov
jabram@ncdoj.gov

*Counsel for Plaintiff State of North Carolina*

JONATHAN SKRMETTI
Attorney General of Tennessee

J. David McDowell
Austin Ostiguy
Tyler Corcoran
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 741-8722
E-Mail: David.McDowell@ag.tn.gov
austin.ostiguy@ag.tn.gov
Tyler.Corcoran@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*

DEREK E. BROWN
Attorney General of Utah

Matthew Michaloski, Assistant Attorney General
Marie W.L. Martin, Deputy Division Director
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 140811
Salt Lake City, Utah 84114
Telephone: (801) 440-9825
E-Mail: mmichaloski@agutah.gov
mwmartin@agutah.gov

*Counsel for Plaintiff State of Utah*

TREGARRICK TAYLOR
Attorney General of Alaska

Jeff Pickett
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5100
E-Mail: Jeff.pickett@alaska.gov

*Counsel for Plaintiff State of Alaska*

WILLIAM TONG
Attorney General of Connecticut

Nicole Demers
Office of the Attorney General of Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Telephone: (860) 808-5202
E-Mail: Nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

KATHLEEN JENNINGS
Attorney General of Delaware

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
E-Mail: Michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*

BRIAN SCHWALB
Attorney General of the District of Columbia

Elizabeth Gentry Arthur
Office of the Attorney General for the District of Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 724-6514
E-Mail: Elizabeth.arthur@dc.gov

*Counsel for Plaintiff District of Columbia*

DOUGLAS MOYLAN
Attorney General of Guam

Fred Nishihira
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Telephone: (671) 475-3324
E-Mail: fnishihira@oagguam.org

*Counsel for Plaintiff Territory Guam*

ANNE E. LOPEZ
Attorney General of Hawaiʻi

Rodney I. Kimura
Department of the Attorney General, State of Hawaiʻi
425 Queen Street
Honolulu, HI 96813
Telephone (808) 586-1180
E-Mail: Rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff State of Hawaiʻi*

RAÚL LABRADOR
Attorney General of Idaho

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. Jefferson St., 2nd Floor
P.O. Box 83720
Boise, ID 83720
Telephone: (208) 332-3549
E-Mail: John.olson@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

KWAME RAOUL
Attorney General of Illinois

Elizabeth Maxeiner
Brian Yost
Jennifer Coronel
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
Telephone: (773) 590-7935
E-Mail: Elizabeth.maxeiner@ilag.gov
Brian.yost@ilag.gov
Jennifer.coronel@ilag.gov

*Counsel for Plaintiff State of Illinois*

KRIS W. KOBACH
Attorney General of Kansas

Lynette R. Bakker
Kansas Office of the Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612
Telephone: (785) 296-3751
E-Mail: Lynette.bakker@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

AARON M. FREY
Attorney General of Maine

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
August, ME 04333
Telephone: (207) 626-8800
E-Mail: Christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

ANTHONY G. BROWN
Attorney General of Maryland

Schonette J. Walker
Gary Honick
Office of the Attorney General of Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Telephone: (410) 576-6480
E-Mail: swalker@oag.state.md.us
ghonick@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

ANDREA CAMPBELL
Attorney General of Massachusetts

Jennifer E. Greaney
Office of the Attorney General of Massachusetts
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2981
E-Mail: Jennifer, greaney@mass.gov

*Counsel for Plaintiff Commonwealth of Massachusetts*

KEITH ELLISON
Attorney General of Minnesota

Zach Biesanz
Senior Enforcement Counsel
Office of the Minnesota Attorney General
Antitrust Division
445 Minnesota Street, Suite 600
St. Paul, MN 55101
Telephone: (651) 757-1257
E-Mail: Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

AARON D. FORD
Attorney General of Nevada

Michelle C. Badorine
Lucas J. Tucker
Nevada Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
Telephone: (775) 684-1164
E-Mail: mbadorine@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

JOHN FORMELLA
Attorney General of New Hampshire

Brandon Garod
Office of Attorney General of New Hampshire
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-1217
E-Mail: Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff State of New Hampshire*

MATTHEW PLATKIN
Attorney General of New Jersey

Isabella R. Pitt
Deputy Attorney General
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
Telephone: (973) 648-7819
E-Mail: Isabella.Pitt@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

RAÚL TORREZ
Attorney General of New Mexico

Judith E. Paquin Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87504
Telephone: (505) 490-4885
E-Mail: jpaquin@nmag.gov

ckhoury@nmag.gov

*Counsel for Plaintiff State of New Mexico*

DREW WRIGLEY
Attorney General of North Dakota

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust Division
Office of the Attorney General of North Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
Telephone: (701) 328-5570
E-Mail: ealm@nd.gov

*Counsel for Plaintiff State of North Dakota*

DAVID YOST
Attorney General of Ohio

Jennifer Pratt
Beth Ann Finnerty
Mark Kittel
Office of the Attorney General of Ohio
30 E Broad Street, 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
E-Mail:
Jennifer.pratt@ohioattorneygeneral.gov
Beth.finnerty@ohioattorneygeneral.gov
Mark.kittel@ohioattorneygeneral.gov

*Counsel for Plaintiff State of Ohio*

GENTNER DRUMMOND
Attorney General of Oklahoma

Robert J. Carlson
Office of the Oklahoma Attorney General
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-1014

E-Mail: Robert.carlson@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

DAN RAYFIELD
Attorney General of Oregon

Cheryl Hiemstra, Special Assistant Attorney General
Gina Ko, Assistant Attorney General
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301
Telephone: (503) 934-4400
E-Mail: Cheryl.Hiemstra@doj.oregon.gov
Gina.Ko@doj.oregon.gov

*Counsel for Plaintiff State of Oregon*

DAVID W. SUNDAY, JR.
Attorney General of Pennsylvania

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
E-Mail: jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of Pennsylvania*

DOMINGO EMANUELLI HERNANDEZ
Attorney General of Puerto Rico
Guarionex Diaz Martinez
Assistant Attorney General Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902
Telephone: (787) 721-2900, Ext. 1201
E-Mail: gdiaz@justicia.pr.gov

*Counsel for Plaintiff Territory Puerto Rico*

PETER NERONHA
Attorney General of Rhode Island

Stephen Provazza
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
E-Mail: SProvazza@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

MARTIN J. JACKLEY
Attorney General of South Dakota

Yvette K. Lafrentz
Office of the Attorney General of South Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
E-Mail: Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff State of South Dakota*

CHARITY R. CLARK
Attorney General of Vermont

Christopher J. Curtis, Assistant Attorney General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
Telephone: (802) 828-3170
E-Mail: christopher.curtis@vermont.gov
*Counsel for Plaintiff State of Vermont*

JASON S. MIYARES
Attorney General of Virginia

Tyler T. Henry

Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Telephone: (804) 692-0485
E-Mail: thenry@oag.state.va.us

*Counsel for Plaintiff State of Virginia*

NICK BROWN
Attorney General of Washington

Amy Hanson
Senior Assistant Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-5419
E-Mail: Amy.hanson@atg.wa.gov

*Counsel for Plaintiff State of Washington*

JOHN B. McCUSKEY
Attorney General of West Virginia

Douglas Lee Davis
Office of the Attorney General, State of West Virginia
1900 Kanawha Boulevard
East Building 6, Suite 401
P.O. Box 1789
Charleston, WV 25305
Telephone: (304) 558-8986
E-Mail: Douglas.l.davis@wvago.gov

*Counsel for Plaintiff State of West Virginia*

BRIDGET HILL
Attorney General of Wyoming

William T. Young
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
Telephone: (307) 777-7847
E-Mail: William.young@wyo.gov

*Counsel for Plaintiff State of Wyoming*