**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 1:20-cv-03010-APM |
| GOOGLE LLC, | HON. AMIT P. MEHTA |
| Defendant, | |
| and | |
| APPLE INC., | |
| Amicus Curiae. | |
| STATE OF COLORADO, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 1:20-cv-03715-APM |
| GOOGLE LLC, | HON. AMIT P. MEHTA |
| Defendant, | |
| and | |
| APPLE INC., | |
| Amicus Curiae. | |

## APPLE INC.'S RESPONSE TO THE JOINT STATUS REPORT

## I.    INTRODUCTION

On March 24, 2025, the parties filed a Joint Status Report urging—contrary to this Court's order permitting Apple to participate as an *amicus*—that "amicus affidavits should not be relied on because, among other things, they are inadmissible hearsay," and, "to the extent they are allowed, the Court should set a deadline of April 18, 2025, for their submission."  Dkt. No. 1196 at 5.

Apple respectfully disagrees.  This Court has already decided that Apple may file affidavits as part of its *amicus* submission, and the Federal Rules of Evidence permit the Court to consider such affidavits.  *See* Dkt. No. 1153 at 19 (granting Apple permission "to participate as *amicus curiae*" and to "submit affidavit[s]"); Fed. R. Evid. 807 (codifying the residual exception to the hearsay rule).  As for the submission deadline, this Court's previous order granting Apple *amicus* status expressly contemplated that Apple could submit "an affidavit from one additional fact witness that addresses facts not covered by Mr. Cue's testimony."  Dkt. No. 1153 at 19.  There is no way for Apple to submit such an affidavit if, as the parties urge, this Court orders it be filed *before* Mr. Cue takes the stand.  Apple respectfully requests that it be permitted to submit an affidavit supplementing Mr. Cue's testimony up to and including May 9, 2025.[1]

## II.    ARGUMENT

### A.    Apple's Affidavits Are Admissible

Assuming Mr. Cue testifies at trial, Apple plans to submit—in accordance with this Court's prior order—one additional affidavit from either John Giannandrea, Apple's Senior Vice President

---

[1] Apple understands that Google intends to call Mr. Cue as a witness at the remedies hearing.  If Google does not call him to testify, then Apple requests that both of the "affidavits from fact witnesses" that this Court has allowed Apple to submit be due on or before May 9, 2025.  What is more, because Google could decide not to call Mr. Cue as a witness *after* April 18, 2025, at a minimum Mr. Cue's affidavit cannot be due before that date.

of Machine Learning and AI Strategy, or Adrian Perica, Apple's Vice President of Corporate Development. If Mr. Cue does not testify, Apple plans to submit an affidavit from Mr. Cue, as well. *See* Dkt. No. 1153 at 19 (permitting Apple to submit two affidavits if Mr. Cue does not testify).

Under the Federal Rules of Evidence, the affidavits by Apple provided for in this Court's prior order are admissible. The residual exception to the hearsay rule provides that, "[u]nder the following conditions, a hearsay statement is not excluded by the rule against hearsay." Fed. R. Evid. 807(a). To fall within the exception, the statement must: (1) be "supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement," (2) must be "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts," and (3) "is admissible only if the proponent gives an adverse party reasonable notice of the intent to offer the statement—including its substance and the declarant's name—so that the party has a fair opportunity to meet it." Fed. R. Evid. 807(a)-(b). This exception "was designed to encourage the progressive growth and development of federal evidentiary law by giving courts the flexibility to deal with new evidentiary situations which may not be pigeon-holed elsewhere." *United States v. Slatten*, 865 F.3d 767, 806 (D.C. Cir. 2017) (quotations and citation omitted).

Rule 807 well supports this Court's decision to allow Apple to submit affidavits as part of the remedies hearing. First, the "totality of circumstances" will provide "sufficient guarantees of trustworthiness." Fed. R. Evid. 807(a)(1). Both Mr. Cue and Mr. Giannandrea testified during the liability phase, during which this Court had the opportunity to assess their credibility. And this Court's liability decision relied repeatedly on the testimony of both Apple witnesses. *See* Dkt. 1033 at 25, 31, 43, 46, 102-04, 107-09, 111-13, 115, 122, 160, 201, 232, 243-44 (relying on Mr.

Cue's testimony); *see also id.* at 13-15, 19-20, 23, 35-37, 50-52, 102, 104-05, 107, 115, 157-58, 237, 241, 243 (relying on Mr. Giannandrea's testimony). As this Court explained at the Status Conference Proceedings held on January 17, 2025, it "heard what Mr. Cue had to say," and "heard what Mr. Giannandrea had to say," and "credited both of their testimonies" regarding Apple's business priorities. Tr. 41:9-11; *see also* Dkt. No. 1153 (noting that the Court "largely credited" the information Apple presented "during the liability phase"). As for Mr. Perica, although he was not a witness during the liability phase, he was deposed by the parties, and Plaintiffs had the opportunity to cross-examine him. Any affidavits that Apple submits as part of the remedies phase will be made under penalty of perjury. What is more, Mr. Cue, Mr. Giannandrea, and Mr. Perica were each document custodians subject to extensive discovery in both the merits and remedies phases. Affidavits from any of them therefore can be corroborated by contemporaneous documents, and the parties have had an opportunity to both seek and review those materials.

Second, Apple's proposed affidavits are "more probative on the point for which [they] are offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a)(2). This Court's order granting Apple *amicus* status already accounts for this second prong of the residual hearsay analysis. By permitting the introduction of an affidavit to address only "facts not covered by Mr. Cue's testimony," Dkt. No. 1153 at 19, the information contained in Apple's affidavit will necessarily be "more probative . . . than any other evidence" Apple could present. And if Mr. Cue does not testify, Apple's affidavits will be more probative than evidence Apple could otherwise present because Apple has no other ability to submit evidence for this Court's consideration during the remedies phase.

Third, to the extent that existing parties are "adverse" to Apple, they have "reasonable notice" of Apple's "intent to offer" affidavits, as well as the "substance" of those affidavits and

the names of any declarants.  Fed. R. Evid. 807(b).  In early February 2025, Apple provided to both Plaintiffs and Google a list of its potential affiants for the remedies hearing, and Apple reaffirms that list with this filing.  It is also no secret what Apple wants this Court to consider in crafting a fair and effective remedial decree.  Through its affiants, Apple is prepared to explain that no matter what remedy this Court orders, Apple will not develop its own general search engine to compete with Google.  *See* Dkt. No. 1111-1 (Declaration of Eddy Cue).  In addition, to the extent these issues are not covered at the remedies trial, Apple is prepared to present information concerning: (1) the harm to Apple's users and Apple if Google is not a search option on Apple devices or if Apple is forced to distribute Google for free and (2) how rapid and ongoing developments in artificial intelligence affect Apple's decision-making regarding search and the experience of its users.  *See id.*

In short, this Court's previous order allowing Apple to submit affidavits from fact witnesses comports with Rule 807, which contemplates the introduction of statements that are trustworthy and probative, so long as other parties have notice.  Apple's proposed affidavits readily meet these requirements.  The parties offer no explanation for why Apple's affidavits would be inadmissible beyond labeling them as hearsay.  Dkt. No. 1196 at 5.  And although they now fight Apple's introduction of affidavits from fact witnesses, Plaintiffs previously argued to the D.C. Circuit that "Apple can also exercise the substantial participation rights the district court granted it, beyond those of a normal amicus, to voice its view."  Response Brief of Plaintiffs-Appellees, *United States, et al. v. Google*, No. 25-5016 (D.C. Cir. Feb. 26, 2025); *see also id.* 19 (highlighting that Apple need not intervene because it was given "opportunities not normally accorded to amici").  Plaintiffs indeed expressly referenced Apple's ability to submit affidavits: "Apple will be permitted to submit affidavits as an amicus."  *Id.* at 24.  Now that Apple has lost that appeal,

Plaintiffs seek to undercut the very arguments they presented to the D.C. Circuit. If this Court is inclined to change its view based on the parties' new and cursory evidentiary objections, Apple respectfully requests the opportunity to fully brief the issue.

**B.      Apple's Affidavits Should Be Due On May 9, 2025**

The parties' request that Apple submit any affidavits by April 18, 2025—prior to the start of the remedies hearing—does not accord with this Court's order granting Apple *amicus* status. This Court expressly provided that "[i]f Mr. Cue is called to testify at the evidentiary hearing, Apple may also submit an affidavit from one additional fact witness that addresses facts *not covered* by Mr. Cue's testimony." Dkt. 1153 at 19 (emphasis added). There is, of course, no way for Apple to know for certain whether Mr. Cue will be called, nor for Apple to know precisely what facts Mr. Cue will testify to until he takes the stand. Per this Court's order granting Apple *amicus* status, any additional affidavit Apple submits must be due *after* Mr. Cue testifies so that Apple can identify what facts his testimony has already addressed and what additional information would be most useful for the Court. And to the extent that Mr. Cue is not called—a decision that Google could make *after* April 18—it is obviously critical that Apple remain able to adjust its affidavits accordingly.

The parties' contrary proposal is also unworkable and inefficient. Apple currently has no access to the exhibits, expert reports, or deposition testimony developed in the remedies discovery phase, and it has no way of knowing what testimony Plaintiffs and Google intend to offer on the issues affecting Apple's interests. Accordingly, Apple can only adequately address these issues after hearing the evidence presented publicly at trial. Requiring Apple to submit affidavits *before* the parties present their evidence, as Plaintiffs and Google suggest, would essentially be asking Apple to shoot in the dark.

## III.    CONCLUSION

In accordance with its prior order granting Apple *amicus* status, this Court should find that the Federal Rules of Evidence permit Apple's introduction of affidavits from fact witnesses and provide that such affidavit(s) be filed on or before May 9, 2025.  Apple would welcome the opportunity to provide further briefing on these issues to the extent it would be helpful.


Dated:   March 26, 2025

LATHAM & WATKINS LLP


By  s/ Alfred C. Pfeiffer, Jr.
     Alfred C. Pfeiffer, Jr. (*pro hac vice*)
     Sarah M. Ray (*pro hac vice*)
     Aaron T. Chiu (*pro hac vice*)
     LATHAM & WATKINS LLP
     505 Montgomery Street, Suite 2000
     San Francisco, CA 94111
     Tel: (415) 391-0600
     Fax: (415) 395-8095
     Email: al.pfeiffer@lw.com
           sarah.ray@lw.com
           aaron.chiu@lw.com

     Gregory G. Garre (D.C. Bar No. 440779)
     Peter E. Davis (D.C. Bar No. 1686093)
     LATHAM & WATKINS LLP
     555 Eleventh Street, N.W., Suite 1000
     Washington, D.C. 20004
     Tel: (202) 637-2200
     Fax: (202) 637-2201
     Email: gregory.garre@lw.com
           peter.davis@lw.com

     *Counsel for Amicus Apple Inc.*