**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br>            Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br>            Defendant. | Case No. 1:20-cv-03010-APM <br><br> HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*, <br><br>            Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br>            Defendant. | Case No. 1:20-cv-03715-APM <br><br> HON. AMIT P. MEHTA |

**PLAINTIFFS' RESPONSE TO THE NEW YORK TIMES COMPANY'S
MOTION FOR ACCESS TO JUDICIAL RECORDS AND PROCEEDINGS**

Public access to judicial records is fundamental to the rule of law. As they did at trial, Plaintiffs fully support the purpose behind The New York Times Company's (The Times) Motion for Access to Judicial Records and Proceedings. There is a strong presumption for public access to judicial records and proceedings, especially in this matter when the Federal government and its state government partners are parties.

However, Plaintiffs are mindful of the need to balance the presumption of public access with the forward-looking nature of evidence that the parties will offer at the remedies hearing and the related need to protect competitively sensitive information. Indeed, the Court and the

parties worked diligently during the liability trial to establish a framework that would balance these important interests without negatively impacting trial preparation and presentation. To that end, the Court's previous orders governing confidentiality—which set reasonable timeframes and make the confidentiality process manageable for the parties, non-parties, and the Court while preserving the interest in public access—should similarly govern remedies in this bifurcated proceeding. *See*, *e.g.*, Order on Posting Trial Materials, ECF No. 725 (hereinafter ECF 725); Supplemental Order on Posting of Trial Materials, ECF No. 750 (hereinafter ECF 750); Minute Order, Oct. 18, 2023 (establishing procedure for proposed closed-session testimony).

For the reasons demonstrated below, the Court should not amend or overturn its process governing public access to judicial records and proceedings that was implemented during the liability phase following careful consideration and sufficient experience. The Plaintiffs furthermore support The Times's position with respect to public access to the courtroom and proceedings.

## BACKGROUND

The Court previously engaged in a reasoned process, with input from all parties and The Times, to establish a governing framework for public and press access in this case. On September 28, 2023, the Court issued an order on posting trial materials. ECF No. 725. That order permits a party to post on the internet or otherwise disseminate to the public an admitted exhibit or demonstrative that was used in open court. *Id.* It also sets forth a specific procedure that a posting party must follow before posting an exhibit or demonstrative. *Id.* Then, on October 25, 2023, the Court issued a supplemental order on the posting of trial materials, which further established that a designated press representative could request exhibits used during the liability trial. ECF No. 750. That order established a process whereby the parties would release portions

of an exhibit, used in open court, within two to four business days, depending on whether it was a party or a non-party document and was cleared for confidentiality purposes. *Id.* Finally, the Court instituted a procedure for closed sessions that required a party to notify the Court by the end of the trial day immediately prior to the day of an expected closed session to permit representatives from the media to object. Minute Order, Oct. 18, 2023 (establishing procedure for proposed closed-session testimony).

Collectively, these orders enabled the public and press to access judicial records and proceedings during the liability phase.

## ARGUMENT

**I.    The Timeframe Requested for Contemporaneous Access to Exhibits Used at the Remedies Hearing Is Inconsistent with the Court's Prior Orders.**

The Times now requests that the release of hearing exhibits "should be truly contemporaneous" and made "publicly available as soon as possible, and certainly by the evening of each hearing day" because it will only "take a few minutes at the end of each hearing day to release the exhibits." Mem. of P. & A. in Supp. of The New York Times Company's Mot. for Access to Judicial Records and Proceedings, ECF No. 1192-1 at 5 (hereinafter ECF No. 1192-1). Plaintiffs disagree. Although hearing exhibits should be made publicly available as soon as possible, the Court's prior Order, ECF No. 750, continues to be the best approach for releasing hearing exhibits, because it provides the parties a fulsome opportunity to address important confidentiality issues while providing the public and press with timely access to the exhibits themselves.

### A.    The Cases Cited by The Times Do Not Necessitate a Change to the Court's Prior Orders.

The two cases The Times cites are readily distinguishable on their facts and do not support changing the Court's orders regarding when hearing exhibits are released to the public.

In *Washington Post v. Robinson*, the D.C. Circuit reviewed a magistrate judge's decision to partially seal a plea agreement and related documents. 935 F.2d 282, 284–85 (D.C. Cir. 1991). The court noted that "*contemporaneous* access" to a specific type of document—a plea agreement—was important because of "the public's role as overseer of the criminal justice process." *Id.* at 287.[1] The decision in *Robinson* focuses on a specific type of document, in a certain type of case—a plea agreement in a criminal matter—which is not present here. Unlike *Robinson*, this matter involves hundreds of exhibits that touch on current or forward-looking matters of competition, which potentially involve several third parties (and, thus, require a careful review before making public).

The Times also cites *In re Associated Press* to suggest that even where "timely public access entails some degree of administrative burden on the court or the parties, courts have not found a justification for denying or seriously delaying public access." ECF No. 1192-1 at 5 (citing *In re Associated Press*, 172 F. App'x 1, 6–7 (4th Cir. 2006)). In that case, petitioners sought same-day access to documentary exhibits and contemporaneous access to transcripts of bench conferences in the criminal trial of an accused terrorist. *In re Associated Press*, 172 F. App'x at 2–3. The court determined that administrative concerns were insufficient to "*justify a complete denial of access*," not a temporary delay in access—which is the most that has occurred under this Court's current orders. *Id.* at 5 (emphasis added).[2]

---

[1] The facts in *Richmond Newspapers v. Virginia*, 448 U.S. 555 (1980), which the *Robinson* court cites are also distinguishable. The question presented there related to the right of the public and press to attend criminal trials, not whether the press should receive same-day access to exhibits. *Richmond Newspapers*, 448 U.S. at 564.

[2] That court highlighted ways to ease administrative concerns such as "providing access to one copy of an exhibit…and requiring the media to make additional copies at their own expense." *In re Associated Press*, 172 F. App'x at 6. The Court adopted this approach during the liability trial and should continue that approach for the remedies hearing. *See* ECF No. 750.

The Fourth Circuit ultimately directed the district court in that case to provide "the media with one copy of each documentary exhibit that has been admitted into evidence and fully published to the jury… as soon as is practically possible, but in no event later than 10:00 a.m. on the day after the exhibit is published to the jury, or, in the case of an exhibit that is published to the jury in parts, after all parts of the exhibit have been published." *Id.* at 6. Although this decision, from a neighboring jurisdiction, indicates same-day access to hearing exhibits may be appropriate in some instances, precedent from this circuit gives this Court the leeway to consider the potential administrative burden on the parties and provide a timeframe for the release of hearing exhibits that minimizes potential burden.

In *Leopold v. United States*, the D.C. Court of Appeals noted that "[i]t is undisputed… that in considering the legitimate interests identified in *Hubbard*, a court may reasonably find that the administrative burden of protecting those interests should affect the manner or timing of unsealing." 964 F.3d 1121, 1133 (D.C. Cir. 2020). Though the number of confidential materials at issue in *Leopold* may be greater than the ultimate number of exhibits introduced during the remedies hearing, this case involves complex and current forward-looking exhibits. This Court is permitted to—and should—assess the administrative burden facing the parties and non-parties to determine when to release hearing exhibits. The release of full hearing exhibits, as requested here, would not take "a few minutes" because, as the Court knows, the parties and non-parties only clear, for confidentiality purposes, portions of documents to be used in open court. Thus, the Court properly considered the administrative burden and articulated a reasonable approach in its prior order. *See* ECF No. 750.

B.    **Neither Recent Experience from the Eastern District of Virginia nor the Date of The Times's Motion Should Change the Court's Prior Orders.**

The Times also argues that recent litigation in the Eastern District of Virginia involving Google and some of the same Plaintiffs here supports the notion that "contemporaneous access to trial evidence is workable." ECF No. 1192-1 at 6. There, Judge Brinkema required the parties "to publish on a publicly available website all exhibits that have been entered into evidence at trial (and are not otherwise sealed by Order of the Court) no later than 10:00 a.m. the day following an exhibit's admission into evidence." Order at 1–2, *United States et al. v. Google LLC (Google Adtech)*, No. 1:23-cv-108 (E.D. Va. Aug. 9, 2024), ECF No. 1147 (citation omitted).[3]

The situation faced by Judge Brinkema is quite different than the one faced by this Court for two reasons. First, Judge Brinkema outlined the procedures regarding public access to trial exhibits on June 7, just over two months before the start of trial, and ultimately entered an order on August 9 reflecting the same position she articulated from the bench on June 7. *See* Minute Entry, *Google Adtech*, ECF No. 744; Minute Entry, *Google Adtech*, ECF No. 1312 (indicating trial started on September 9, 2024). This provided the parties sufficient time to designate confidential information, negotiate redactions, and resolve disagreements. It also provided Judge Brinkema with the time needed to resolve confidentiality disagreements before trial. This resulted in very few confidentiality issues that arose during trial days. Here, the parties are operating under a compressed schedule and may need to resolve confidentiality issues on hearing days. Thus, two to four business days, consistent with the Court's prior orders, is a reasonable

---

[3] At a hearing on June 7, 2024, Judge Brinkema noted that "it's the obligation of the party who moved the exhibit in to make it available on a website that you've set up so that the public can get pretty quick access to it." Hr'g Tr. at 37:18–38:18, *Google Adtech*, ECF No. 747.

period for the release of hearing exhibits given the additional daily preparation and after-hours work that will occur during the remedies hearing.

Second, unlike in *Google Adtech*, the parties here are focused on remedies and therefore will likely use either current or future-looking documents—the type of evidence that often draws confidentiality concerns. The Court acknowledged this point at the March 10 hearing, suggesting that confidentiality issues may play a larger role during the remedies hearing. Hr'g Tr. 40:7–11, Mar. 10, 2025, ECF No. 1189. In contrast, the *Google Adtech* trial dealt with liability issues, and consistent with this Court's intuition, there are likely to be fewer disputes regarding confidentiality during the liability phase of a litigation compared to the remedies phase. Thus, given that confidentiality issues are likely to be more numerous at the remedies hearing, the Court does not need to change its orders and should reject The Times' attempt to impose more strenuous timeframes than those in the liability phase.

Finally, The Times argues that the Court should grant its motion because, unlike the liability phase, The Times has raised its confidentiality concerns well before the remedies hearing. Plaintiffs note, however, that the parties are less than four weeks from the remedies hearing and are in the midst of expert discovery, deposition designations, and exhibit list preparation. Thus, the parties unfortunately are restricted in terms of time and resources to complete the thorough pre-trial confidentiality process that The Times envisions.

### C.    The Times's Additional Requests Are Either Already Addressed by the Court's Prior Orders or Unduly Burdensome.

The Times's motion makes two additional requests regarding access to exhibits, both of which are unpersuasive. First, The Times requests that the parties provide non-parties advance notice of what portions of documents may be used at the remedies hearing to either resolve what portions of the exhibit should be sealed or raise the dispute with the Court. Under the Court's

previous orders, however, this process is already in place. For example, the Court has ordered that

> If during trial a Party or non-Party receives notice of a Party's intention to publicly disclose information previously identified as confidential information during the discovery phase, the Party or non-Party claiming that the information is confidential information must, within 48 hours, either reach agreement with the Party seeking to disclose the information or raise the issue before the Court.

Stipulated Order on the Use of Confidential Information at Trial, ECF No. 647 at 2. Further, the parties have met and conferred and jointly proposed to follow this approach during the remedies hearing to ensure "that disputes about sealing are resolved before an exhibit is used at the hearing." *See* ECF No. 1192-1 at 6; Joint Status Report, ECF No. 1196 at 4 (Confidentiality Designations During the Evidentiary Hearing) (hereinafter ECF No. 1196). The Court should follow the orders in place during the liability phase, which is consistent with the parties' recent joint proposal on confidentiality.

Second, The Times's motion asks for the public release of entire documents entered in evidence, instead of just releasing the portions of documents used in open court during the remedies hearing.[4] This approach is inconsistent with the Court's procedure during the liability phase and would result in significant administrative burden.

As the Court will recall, the parties were able to "push into evidence" certain types of documents at the beginning of the liability trial. These documents did not need to go through the time intensive confidentiality process unless they were used live with a witness at trial. Given the

---

[4] Plaintiffs interpret The Times's motion, which states "[i]f a party does not consider portions of a document relevant to the case or otherwise does not want them in the evidentiary record, it should not present those portions to the Court and should instead redact or omit them," to suggest that the Court should require the parties and non-parties to complete a confidentiality review for an entire document, even those portions not used in open court during the remedies hearing. ECF No. 1192-1 at 7.

length of these documents, the parties agreed to review only the portion of an exhibit that a party

would use live with a witness, along with several additional pages, so that the public and press

could understand the context of the document. This process reduced the administrative burden

for both parties and non-parties alike and helped ensure the press could get access to hearing

exhibits in a timely manner. If the Court followed The Times's approach, the parties and non-

parties would need to resolve confidentiality issues for thousands of pages that were never used

in open court—a situation that would immensely burden the parties and non-parties. For this

reason, the better approach is to follow the Court's previous practice—releasing the portions of

documents used in open court and pushing documents into evidence at the start of the remedies

hearing.

II.    **The Public Should Have an Opportunity to Object to any Courtroom Closure, and
       the Parties Should Provide Redacted Transcripts of Closed Sessions to the Court
       Within 72 Hours.**

The Times also (1) seeks confirmation that the public and press will have an opportunity

to object to any courtroom closure in advance and (2) requests the Court to require the parties

and, where relevant, non-parties to provide the Court with redacted transcripts within 24 hours of

the end of a closed court session. ECF No. 1192-1 at 8–9. The Times then asks the Court to

independently review the proposed redactions and determine whether they comport with the

*Hubbard* factors, ordering the release of any portions that do not. *Id.*

Plaintiffs agree with the Court that the courtroom should only be closed when "there is

truly no other way to receive the evidence." Hr'g Tr. 40:23–41:5, Mar. 10, 2025, ECF No. 1189.

To enable this, the parties have agreed, and the Court has ordered, to identify confidential

information in exemplar documents and provide redactions for confidential information in

deposition testimony for some witnesses to help identify, before the remedies hearing, what

topics and witnesses could potentially require courtroom closure. ECF No. 1196 at 2–4; Order,

ECF No. 1200 at 1 ("The court adopts the process proposed by the parties in Part I.A.1.a (Redactions Prior to the Evidentiary Hearing) and Part I.A.1.c (Presentations and Examinations)."). Plaintiffs also agree with The Times that the public and press should have an opportunity to object to any courtroom closure in advance of such sessions. To accomplish this, the Court should follow the same procedure from the liability trial, as previously set forth by the Court. Minute Order, Oct. 18, 2023 (establishing procedure for proposed closed-session testimony).

Unfortunately, it is unlikely that the parties and non-parties could reasonably propose redactions to transcripts from closed sessions within 24 hours of the end of the closed session. First, the parties typically do not receive the hearing transcript until very late on the hearing day or the next business day. With this reality in mind, the parties and non-parties would be left with little time, under a 24-hour clock, to review a transcript and negotiate with the appropriate stakeholders about what testimony should or should not be redacted. Based on experience from the liability trial, the parties and non-parties were able to resolve a significant number of disputes after material was designated confidential but before the material was used in court. This approach, however, takes some additional time. For this reason, the Court should order the parties, and where relevant the non-parties, to provide redacted transcripts of closed sessions to the Court within 72 hours of receiving the hearing transcript from the court reporter.

## <u>CONCLUSION</u>

For the reasons stated above, Plaintiffs respectfully request that the Court's existing orders governing judicial access remain in full effect.

Dated: March 28, 2025

Respectfully submitted,

*/s/ John J. Hogan*
David E. Dahlquist
Adam T. Severt
Veronica N. Onyema (D.C. Bar #979040)
Travis R. Chapman (D.C. Bar #90031151)
John J. Hogan
Kerrie J. Freeborn (D.C. Bar #503143)

U.S. Department of Justice
Antitrust Division
950 Pennsylvania Ave., NW
Washington, DC 20530
Telephone: (202) 805-8563
David.Dahlquist@usdoj.gov
Adam.Severt@usdoj.gov
*Counsel for Plaintiff*
*United States of America*

By: /s/ Christoper A. Knight
James Uthmeier, Attorney General
R. Scott Palmer, Special Counsel, Complex
Enforcement Chief, Antitrust Division
Lee Istrail, Assistant Attorney General
Christopher A. Knight, Assistant Attorney
General
Office of the Attorney General, State of
Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com
Christopher.Knight@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

By: /s/ Diamante Smith
Ken Paxton, Attorney General
Brent Webster, First Assistant Attorney
General
Ralph Molina, Deputy First Assistant
Attorney General
Austin Kinghorn, Deputy Attorney General
for Civil Litigation
Diamante Smith, Assistant Attorney
General, Antitrust Division
Office of the Attorney General, State of
Texas
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1162
Diamante.Smith@oag.texas.gov

*Counsel for Plaintiff State of Texas*

By: /s/ Carolyn D. Jeffries
Rob Bonta, Attorney General
Paula Blizzard, Senior Assistant Attorney
General
Michael Jorgenson, Supervising Deputy
Attorney General
Brian Wang, Deputy Attorney General
Carolyn D. Jeffries, Deputy Attorney
General (DC Bar No. 1600843)
Office of the Attorney General

California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Cari.Jeffries@doj.ca.gov

*Counsel for Plaintiff State of California*

Matthew M. Ford
Arkansas Bar No. 2013180
Senior Assistant Attorney General
Office of the Arkansas Attorney General
Tim Griffin
323 Center Street, Suite 200
Little Rock, AR 72201
Matthew.Ford@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

Christopher Carr, Attorney General
Logan B. Winkles, Deputy Attorney General
Ronald J. Stay, Jr., Senior Assistant
Attorney General
Charles Thimmesch, Senior Assistant
Attorney General
Office of the Attorney General, State of
Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and
Director, Consumer Protection Division
Jesse Moore, Deputy Attorney General
Christi Foust, Deputy Attorney General
Office of the Attorney General, State of
Indiana
Indiana Government Center South, Fifth
Floor
302 West Washington Street
Indianapolis, Indiana 46204
Jesse.Moore@atg.in.gov

*Counsel for Plaintiff State of Indiana*

Russell Coleman, Attorney General
J. Christian Lewis, Commissioner of the
Office of Consumer Protection
Philip R. Heleringer, Executive Director of
the Office of Consumer Protection
Jonathan E. Farmer, Deputy Executive
Director of the Office of Consumer
Protection
Office of the Attorney General,
Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of
Kentucky*

Liz Murrill, Attorney General
Patrick Voelker, Assistant Attorney General
Office of the Attorney General, State of
Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
voelkerp@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

Michael Schwalbert
Missouri Bar No. 63229
Assistant Attorney General
Consumer Protection Section
Missouri Attorney General's Office
815 Olive Street | Suite 200
Saint Louis, Missouri 63101
michael.schwalbert@ago.mo.gov
Phone: 314-340-7888

Fax: 314-340-7981

*Counsel for Plaintiff State of Missouri*

Lynn Fitch, Attorney General
Crystal Utley Secoy, Assistant Attorney
General
Lee Morris, Special Assistant Attorney
General
Office of the Attorney General, State of
Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Crystal.Utley@ago.ms.gov
Lee.Morris@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

Anna Schneider
Special Assistant Attorney General, Senior
Counsel
Montana Office of Consumer Protection
P.O. Box 200151
Helena, MT. 59602-0150
Phone: (406) 444-4500
Fax: 406-442-1894
Anna.schneider@mt.gov

*Counsel for Plaintiff State of Montana*

Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney
General
C. Havird Jones, Jr., Senior Assistant
Deputy Attorney General
Mary Frances Jowers, Assistant Deputy
Attorney General
Office of the Attorney General, State of
South Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
mfjowers@scag.gov

*Counsel for Plaintiff State of South Carolina*

Joshua L. Kaul, Attorney General
Laura E. McFarlane, Assistant Attorney
General
Wisconsin Department of Justice
17 W. Main St.
Madison, Wisconsin 53701
mcfarlanele@doj.state.wi.us

*Counsel for Plaintiff State of Wisconsin*

PHILIP WEISER
Attorney General of Colorado

*/s/ Jonathan B. Sallet*
Jonathan B. Sallet, DC Bar No. 336198
Steven M. Kaufmann
Elizabeth W. Hereford
Conor J. May
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
E-Mail: Jon.Sallet@coag.gov
Steve.Kaufmann@coag.gov
Elizabeth.Hereford@coag.gov
Conor.May@coag.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Colorado*

MIKE HILGERS
Attorney General of Nebraska

Justin C. McCully, Assistant Attorney
General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
E-Mail: Justin.mccully@nebraska.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Nebraska*

KRISTIN K. MAYES
Attorney General of Arizona

Robert A. Bernheim, Unit Chief Counsel
Jayme Weber, Senior Litigation Counsel
Arizona Office of the Attorney General
400 West Congress, Ste. S-215
Tucson, Arizona 85701
Telephone: (520) 628-6507
E-Mail: Robert.Bernheim@azag.gov
Jayme.Weber@azag.gov

*Counsel for Plaintiff State of Arizona*

BRENNA BIRD
Attorney General of Iowa

Noah Goerlitz, Assistant Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St., 2nd Floor
Des Moines, IA 50319
Telephone: (515) 725-1018
E-Mail: Noah.goerlitz@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

LETITIA JAMES
Attorney General of New York

Elinor R. Hoffmann
Morgan J. Feder
Michael D. Schwartz
Office of the New York State Attorney
General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8513
E-Mail: Elinor.hoffmann@ag.ny.gov
Morgan.feder@ag.ny.gov
Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff State of New York*

JEFF JACKSON
Attorney General of North Carolina

Kunal Janak Choksi
Joshua Daniel Abram
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6000
E-Mail: kchoksi@ncdoj.gov
jabram@ncdoj.gov

*Counsel for Plaintiff State of North Carolina*

JONATHAN SKRMETTI
Attorney General of Tennessee

J. David McDowell
Austin Ostiguy
Tyler Corcoran
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 741-8722
E-Mail: David.McDowell@ag.tn.gov
austin.ostiguy@ag.tn.gov
Tyler.Corcoran@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*

DEREK E. BROWN
Attorney General of Utah

Matthew Michaloski, Assistant Attorney General
Marie W.L. Martin, Deputy Division Director
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 140811
Salt Lake City, Utah 84114
Telephone: (801) 440-9825
E-Mail: mmichaloski@agutah.gov
mwmartin@agutah.gov

*Counsel for Plaintiff State of Utah*

TREGARRICK TAYLOR
Attorney General of Alaska

Jeff Pickett
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5100
E-Mail: Jeff.pickett@alaska.gov

*Counsel for Plaintiff State of Alaska*

WILLIAM TONG
Attorney General of Connecticut

Nicole Demers
Office of the Attorney General of Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Telephone: (860) 808-5202
E-Mail: Nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

KATHLEEN JENNINGS
Attorney General of Delaware

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
E-Mail: Michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*

BRIAN SCHWALB
Attorney General of the District of Columbia

Elizabeth Gentry Arthur
Office of the Attorney General for the
District of Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 724-6514
E-Mail: Elizabeth.arthur@dc.gov

*Counsel for Plaintiff District of Columbia*

DOUGLAS MOYLAN
Attorney General of Guam

Fred Nishihira
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Telephone: (671) 475-3324
E-Mail: fnishihira@oagguam.org

*Counsel for Plaintiff Territory Guam*

ANNE E. LOPEZ
Attorney General of Hawai'i

Rodney I. Kimura
Department of the Attorney General, State
of Hawai'i
425 Queen Street
Honolulu, HI 96813
Telephone (808) 586-1180
E-Mail: Rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff State of Hawai'i*

RAÚL LABRADOR
Attorney General of Idaho

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. Jefferson St., 2nd Floor
P.O. Box 83720
Boise, ID 83720
Telephone: (208) 332-3549
E-Mail: John.olson@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

KWAME RAOUL
Attorney General of Illinois

Elizabeth Maxeiner
Brian Yost
Jennifer Coronel
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
Telephone: (773) 590-7935
E-Mail: Elizabeth.maxeiner@ilag.gov
Brian.yost@ilag.gov
Jennifer.coronel@ilag.gov

*Counsel for Plaintiff State of Illinois*

KRIS W. KOBACH
Attorney General of Kansas

Lynette R. Bakker
Kansas Office of the Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612
Telephone: (785) 296-3751
E-Mail: Lynette.bakker@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

AARON M. FREY
Attorney General of Maine

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
August, ME 04333
Telephone: (207) 626-8800
E-Mail: Christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

ANTHONY G. BROWN
Attorney General of Maryland

Schonette J. Walker
Gary Honick
Office of the Attorney General of
Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Telephone: (410) 576-6480
E-Mail: swalker@oag.state.md.us
ghonick@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

ANDREA CAMPBELL
Attorney General of Massachusetts

Jennifer E. Greaney
Office of the Attorney General of
Massachusetts
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2981
E-Mail: Jennifer, greaney@mass.gov

*Counsel for Plaintiff Commonwealth of
Massachusetts*

KEITH ELLISON
Attorney General of Minnesota

Zach Biesanz
Senior Enforcement Counsel
Office of the Minnesota Attorney General
Antitrust Division
445 Minnesota Street, Suite 600
St. Paul, MN 55101
Telephone: (651) 757-1257
E-Mail: Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

AARON D. FORD
Attorney General of Nevada

Michelle C. Badorine
Lucas J. Tucker
Nevada Office of the Attorney General

100 N. Carson Street
Carson City, NV 89701
Telephone: (775) 684-1164
E-Mail: mbadorine@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

JOHN FORMELLA
Attorney General of New Hampshire

Brandon Garod
Office of Attorney General of New
Hampshire
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-1217
E-Mail: Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff State of New
Hampshire*

MATTHEW PLATKIN
Attorney General of New Jersey

Isabella R. Pitt
Deputy Attorney General
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
Telephone: (973) 648-7819
E-Mail: Isabella.Pitt@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

RAÚL TORREZ
Attorney General of New Mexico

Judith E. Paquin Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney
General
408 Galisteo St.
Santa Fe, NM 87504
Telephone: (505) 490-4885
E-Mail: jpaquin@nmag.gov

ckhoury@nmag.gov

*Counsel for Plaintiff State of New Mexico*

DREW WRIGLEY
Attorney General of North Dakota

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust
Division
Office of the Attorney General of North
Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
Telephone: (701) 328-5570
E-Mail: ealm@nd.gov

*Counsel for Plaintiff State of North
Dakota*

DAVID YOST
Attorney General of Ohio

Jennifer Pratt
Beth Ann Finnerty
Mark Kittel
Office of the Attorney General of Ohio
30 E Broad Street, 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
E-Mail:
Jennifer.pratt@ohioattorneygeneral.gov
Beth.finnerty@ohioattorneygeneral.gov
Mark.kittel@ohioattorneygeneral.gov

*Counsel for Plaintiff State of Ohio*

GENTNER DRUMMOND
Attorney General of Oklahoma

Robert J. Carlson
Office of the Oklahoma Attorney General
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-1014

E-Mail: Robert.carlson@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

DAN RAYFIELD
Attorney General of Oregon

Cheryl Hiemstra, Special Assistant
Attorney General
Gina Ko, Assistant Attorney General
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301
Telephone: (503) 934-4400
E-Mail: Cheryl.Hiemstra@doj.oregon.gov
Gina.Ko@doj.oregon.gov

*Counsel for Plaintiff State of Oregon*

DAVID W. SUNDAY, JR.
Attorney General of Pennsylvania

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
E-Mail: jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of
Pennsylvania*

DOMINGO EMANUELLI
HERNANDEZ
Attorney General of Puerto Rico
Guarionex Diaz Martinez
Assistant Attorney General Antitrust
Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902
Telephone: (787) 721-2900, Ext. 1201
E-Mail: gdiaz@justicia.pr.gov

*Counsel for Plaintiff Territory Puerto Rico*

PETER NERONHA
Attorney General of Rhode Island

Stephen Provazza
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
E-Mail: SProvazza@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

MARTIN J. JACKLEY
Attorney General of South Dakota

Yvette K. Lafrentz
Office of the Attorney General of South Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
E-Mail: Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff State of South Dakota*

CHARITY R. CLARK
Attorney General of Vermont

Christopher J. Curtis, Assistant Attorney General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
Telephone: (802) 828-3170
E-Mail: christopher.curtis@vermont.gov
*Counsel for Plaintiff State of Vermont*

JASON S. MIYARES
Attorney General of Virginia

Tyler T. Henry

Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Telephone: (804) 692-0485
E-Mail: thenry@oag.state.va.us

*Counsel for Plaintiff State of Virginia*

NICK BROWN
Attorney General of Washington

Amy Hanson
Senior Assistant Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-5419
E-Mail: Amy.hanson@atg.wa.gov

*Counsel for Plaintiff State of Washington*

JOHN B. McCUSKEY
Attorney General of West Virginia

Douglas Lee Davis
Office of the Attorney General, State of West Virginia
1900 Kanawha Boulevard
East Building 6, Suite 401
P.O. Box 1789
Charleston, WV 25305
Telephone: (304) 558-8986
E-Mail: Douglas.l.davis@wvago.gov

*Counsel for Plaintiff State of West Virginia*

BRIDGET HILL
Attorney General of Wyoming

William T. Young
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
Telephone: (307) 777-7847
E-Mail: William.young@wyo.gov

*Counsel for Plaintiff State of Wyoming*