## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

| | |
|---|---|
| State of Colorado, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

## DEFENDANT'S RESPONSE TO THE NEW YORK TIMES COMPANY'S
## MOTION FOR ACCESS TO JUDICIAL RECORDS AND PROCEEDINGS

The New York Times Company's Motion for Access to Judicial Records and Proceedings primarily addresses issues that were litigated and resolved following the Times' intervention in this case on October 16, 2023.  The Court should adhere to its prior rulings, as reflected in the parties' joint proposed order (ECF 1202).

## **BACKGROUND**

The liability phase of this case involved the public disclosure of a significant volume of commercially sensitive information.  That is evident from the thousands of pages of trial transcripts and post-trial submissions as well as the Court's opinion regarding liability—all of which are publicly available with only the most narrowly targeted redactions directed to a fraction of a percent of those materials.  As the Court observed, the Court and the parties took "fairly robust measures to ensure that these proceedings have been as open as they can be, consistent both with confidentiality interests but also the demands that are being put on the parties."  Mar. 11, 2024 Hr'g Tr. 12:18-24.  The Court's previous orders regarding confidentiality embody the applicable principles of public access to judicial proceedings and remain well suited to the upcoming evidentiary hearing.

The matters addressed at the hearing will involve Google's trade secrets and similarly sensitive materials that merit redaction under applicable standards, particularly given the likelihood that exhibits presented at the hearing will include very recent or forward-looking information.  For example, Plaintiffs have proposed the divestiture of Google's Chrome browser and the contingent divestiture of the Android operating system, both of which implicate national security interests and the digital security of tens of millions of American consumers.  Plaintiffs also have proposed the de facto divestiture of much of Google's intellectual property regarding Google Search, including a vast array of trade secrets underpinning Google's proprietary search

index, knowledge graph, ranking signals, and ads auction.  In addressing whether Plaintiffs should be entitled to expropriate Google's intellectual property and provide it to "Qualified Competitors," the parties likely will need to address specific examples of the many trade secrets at issue, which naturally will present the need to retain a measure of confidentiality.  *See United States v. Hubbard*, 650 F.2d 293, 315 (D.C. Cir. 1980) (explaining that the public has "been excluded" from "the records of court proceedings … to protect trade secrets").

While Google is committed to continuing to uphold the applicable principles of public access, it is well established that courts have rightfully "refused to permit their files to serve … as sources of business information that might harm a litigant's competitive standing."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  And it remains important "to accord the district judge a reasonable degree of discretion" in managing large volumes of sensitive material, *In re Reporters Comm. for Freedom of the Press*, 773 F.2d 1325, 1341 (D.C. Cir. 1985), including by continuing to apply orders from the liability phase that were issued after extensive briefing and argument from the Times.

## THE TIMES' PROPOSED ORDER

Google will address the Times' proposals in the sequence in which they appear in the Times' proposed order.  As indicated, almost all of the issues presented in the motion were previously raised by the Times and resolved by the Court.  There is no sound basis for reconsidering those determinations.

### A.  Paragraph 1 – Distribution of Exhibits

Following the Times' intervention, the Court entered an Order providing a Designated Press Representative with timely access to the portions of admitted exhibits used with witnesses during the evidentiary hearing.  Oct. 25, 2023 Supp. Order on Posting Trial Materials (ECF

750).[1]  The Order was entered following briefing and argument by the Times, and it remains well suited to this case.  As a general matter, Google will provide the portions of exhibits used with a witness more quickly than the timeline established by the Supplemental Order on Posting Trial Materials.  The existing timelines are reasonable, however, because there are circumstances where a party or non-party has not reviewed the pertinent portions of the exhibit to determine whether redactions are warranted.  Although the parties and non-parties try to prepare redacted versions of exhibits in advance of each examination, it is not always possible to know which document will be used with a given witness until the examination occurs.  The existing Order allows the parties and non-parties an opportunity to apply redactions consistent with the governing standards to portions of previously unreviewed documents that are used with a witness before producing them to the Designated Press Representative.

The Court should reject the Times' attempt to re-litigate a question that has been argued multiple times and firmly decided—namely, which portions of exhibits used with a witness must be included in the public disclosure.  In a series of orders stretching back to 2023 and continuing into 2024, the Court has determined that the disclosure applies to the portions of an admitted exhibit that are used with a witness, and not to exhibits that are "pushed" into evidence without a witness or to portions of an exhibit that no party uses to present its case.  *See, e.g.*, Sept. 28, 2023 Order on Posting Trial Materials (ECF 725) at 1-2; Oct. 25, 2023 Supp. Order on Posting Trial Materials (ECF 750) at 2, 4.  The Times has been given multiple opportunities to express its views on this subject.  *See, e.g.*, Oct. 17, 2023 Supp. Memo. (ECF 737) at 1-2; Jan. 19, 2024

---

[1] In addition, the Court entered a September 28, 2023 Order on Posting Trial Materials (ECF 725) that specifies a process for Plaintiffs to post online in a timely fashion the portions of admitted exhibits used with a witness.  Google will also continue to comply with that Order, as it did during the liability trial.

Memo. (ECF 800-1) at 5-6.  When the Times last raised the issue, the Court "restate[d]" that "it disagree[s] with the Times' position and, based on the Circuit's 'functional approach,'" the Court rejected the argument "that the entirety of a trial exhibit is a 'judicial record' merely because such exhibit was presented in its entirety for admission into evidence."  Apr. 24, 2024 Ruling (ECF 892) at 4.

There is no basis for reconsidering the Court's prior determinations.  As the Court explained, "[w]hether a document is a 'judicial record' depends on 'the role the document plays in the adjudicatory process,'" *id.* (quoting *United States v. El-Sayegh*, 131 F.3d 158, 163 (D.C. Cir. 1997)), and "a document would not qualify if it is one that the court made no decisions about and did not otherwise rely," *id.* (quoting *In re New York Times Co.*, 2021 WL 5769444, at *3 (D.D.C. Dec. 6, 2021)) (brackets and quotation marks omitted).  The fact that a portion of a record has been disclosed does not trigger an obligation to disclose any remaining portion, as "the proper inquiry is whether the public needs to access the remaining information redacted from the" record.  *Cable News Network, Inc. v. FBI*, 984 F.3d 114, 119 (D.C. Cir. 2021); *see Nixon*, 435 U.S. at 598.[2]

The Times argues that the Court should reconsider its prior decisions on this very issue because "at least part of the rationale for that ruling was that the parties had relied on the Court's statements prior to trial."  ECF No. 1192-1 at 7.  As the Times implicitly acknowledges,

---

[2] For examples of other cases supporting the approach taken here, *see, e.g.*, *Masimo Corp. v. Apple Inc.*, 2022 WL 20746529, at *3 (C.D. Cal. July 26, 2022); *In re Citibank Aug. 11, 2020 Wire Transfers*, 2020 WL 6782213, at *2 n.3 (S.D.N.Y. Nov. 18, 2020); *Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp.*, 2019 WL 3386448, at *1-2 (D. Del. July 18, 2019); *Cole's Wexford Hotel, Inc. v. Highmark, Inc.*, 2019 WL 3778090, at *6, 31 (W.D. Pa. May 31, 2019); *NuVasive, Inc. v. Kormanis*, 2019 WL 9633643, at *1 (M.D.N.C. Apr. 12, 2019); *Syngenta Crop Protection, LLC v. Willowood, LLC*, 2017 WL 6001818, at *5-7 (M.D.N.C. Dec. 4, 2017); *FTC v. Sysco Corp.*, No. 1:15-cv-256, ECF 206 at 3 (Aug. 4, 2015).

however, that was far from the only rationale for the prior rulings, which "disagree[d] with the Times' position" and applied "the Circuit's 'functional approach'" instead of the approach advocated by the Times. Apr. 24, 2024 Ruling (ECF 892) at 4. Moreover, there are numerous reasons why the approach followed during the liability phase is equally warranted here. For example, the exhibits introduced during the upcoming evidentiary hearing are disproportionately likely to be recent or forward-looking and to involve trade secrets. Moreover, the Court ruled during the remedies phase that certain documents produced by Microsoft could be redacted for relevance before they were produced, such that not even Google's outside counsel could review those portions. *E.g.*, Dec. 20, 2024 Hr'g Tr. 6:12-7:22. Based on that decision, a number of other third parties redacted whole swaths of documents on relevance grounds prior to production. Google should not be penalized for having produced highly sensitive documents in their entirety so that Plaintiffs could evaluate which portions they wish to use at the hearing, rather than resorting to self-help and preemptively redacting irrelevant portions.

Finally, the Times acknowledges, as it must, that there is no issue with the parties relying on only excerpts of a document by arguing that "[i]f a party does not consider portions of a document relevant to the case or otherwise does not want them in the evidentiary record, it should not present those portions to the Court and should instead redact or omit them." ECF 1192-1 at 7. In other words, the Times does not object to the parties disclosing exactly what they are already planning to disclose, provided that they take the formal step of excerpting or redacting unused portions of exhibits before submitting them to the Court. That unduly formal approach is out of step with "the Circuit's 'functional approach.'" Apr. 24, 2024 Ruling (ECF 892) at 4. It is also wholly unnecessary in a bench trial, particularly given that the Court has already emphasized that it is counting on the parties to direct the Court to the portions of the

5

exhibits that it should focus on in making its determinations.  In any event, compliance with this unnecessary formality would not even require redacting or excerpting the documents themselves, as the Court can "make clear that what's being admitted are the portions of the record that the parties are pointing [the Court] to, as opposed to the entirety of an exhibit."  Oct. 16, 2023 Trial Tr. 5957:18-5958:2.

**B.  Paragraph 2 – Redactions to Released Exhibits**

The second paragraph of the Times' proposed order is unnecessary insofar as the exhibits disclosed already include only the redactions applied pursuant to the adversarial, Court-ordered process.  Sept. 28, 2023 Order on Posting Trial Materials (ECF 725) at 1; Oct. 25, 2023 Supp. Order on Posting Trial Materials (ECF 750) at 2, 4.  To the extent that the paragraph contemplates the publication of portions of an exhibit not used with a witness, it should be rejected for the reasons provided above and in Google's prior submissions on this issue.

**C.  Paragraph 3 – Notification to the Court**

The notification requirement in the third paragraph of the Times' proposed order is not necessary because the order already in place requires the parties to advise the Court if they are unable to comply with the specified deadlines.  Oct. 25, 2023 Supp. Order on Posting Trial Materials (ECF 750) at 3.

**D.  Paragraph 4 – Notification to Third Parties**

Google does not object to sharing the parties' proposed order (ECF 1202), and the prior orders incorporated by reference, with third parties whose documents Google anticipates using at the evidentiary hearing.

### E.  Paragraph 5 – Further Objections from the Times

Google does not believe that Paragraph 5 of the Times' proposed order is necessary given that the Court has promptly addressed the Times' requests throughout this matter.  Subject of course to the Court's schedule, Google respectfully submits that if the Court wishes to hear argument from the Times or other intervenors during the evidentiary hearing, such argument should occur to the extent possible before or after the scheduled start times for the presentation of witness testimony.

### F.  Paragraph 6 – Notification of a Closed Session

Paragraph 6 of the Times' proposed order is not necessary because it is already addressed by the Court's October 18, 2023 Minute Order regarding the procedure for proposed closed-session testimony.

### G.  Paragraph 7 – Redactions to Closed Session Testimony

As reflected in the parties' proposed order (ECF 1202), redactions to closed-session testimony should be provided to the Court for its review within 72 hours of receipt of the sealed transcript from the court reporter.

Dated: March 28, 2025                           Respectfully submitted,

                                                WILLIAMS & CONNOLLY LLP

                                                By: _/s/ John E. Schmidtlein_____
                                                John E. Schmidtlein (D.C. Bar No. 441261)
                                                Benjamin M. Greenblum (D.C. Bar No. 979786)
                                                Colette T. Connor (D.C. Bar No. 991533)
                                                680 Maine Avenue, SW
                                                Washington, DC 20024
                                                Tel: 202-434-5000
                                                jschmidtlein@wc.com
                                                bgreenblum@wc.com
                                                cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Michael Sommer (admitted *pro hac vice*)
Franklin M. Rubinstein (D.C. Bar No. 476674)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
msommer@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*