UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 20-cv-3010 (APM) |
| STATE OF COLORADO, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 20-cv-3715 (APM) |

**ORDER**

    Anthropic PBC ("Anthropic") seeks permission to participate in the remedial phase of this action as *amicus curiae* by submitting up to two affidavits from fact witness and filing a post-hearing brief alongside the parties. Anthropic's Mot. for Leave to Participate as *Amicus Curiae*, ECF No. 1165, at 1 [hereinafter Anthropic's Mot.].[1] For the reasons explained below, Anthropic's motion is denied.

    Anthropic's original reason for requesting status as an evidentiary *amicus* is now moot. When Anthropic filed its motion in February 2025, it sought "to address the threat to its business

---

[1] The court grants Anthropic's Motion for Leave to File Under Seal materials supporting its Motion for Leave to Participate as *Amicus Curiae*—namely, its Memorandum of Law and the Declaration of Tom Brown. ECF No. 1167.

and contractual relationships with . . . Google LLC[] posed by the portion of Plaintiffs' proposed final judgment that would prohibit Google from acquiring or holding any interest in any company that controls an AI product, including Anthropic." Mem. of Law in Supp. of Anthropic's Mot., ECF No. 1165-1, at 1 (citing ECF No. 1062-1 at 8). Plaintiffs, however, no longer seek to impose that remedial condition, *see* Pls.' Renewed Opp'n to Anthropic's Mot., ECF No. 1190, at 1–2 (citing ECF No. 1184-1 at 10–11), and Anthropic acknowledges that this revision wipes away its original reason for seeking to participate in these proceedings, *see* Status Report Regarding Anthropic's Mot., ECF No. 1188 [hereinafter Anthropic's Status Report], at 1 (recognizing that Plaintiffs' Revised Proposed Final Judgment "would not require Google to divest its existing interest in Anthropic or *directly* prohibit future investments").

What is left of concern to Anthropic is that Plaintiffs' proposed judgment would prohibit Google from acquiring any interest in any company that controls a Generative AI product without providing at least 30 days' notice to Plaintiffs. Pls.' Revised Proposed Final J., ECF No. 1184-1 [hereinafter RPFJ], § IV(H)–(I), at 10–11. According to Anthropic, this provision "would significantly delay any future Google investment in Anthropic and give Anthropic's competitors an unfair advantage in the fast-moving global AI race." Anthropic's Status Report at 2. Requiring Google to provide notice, Anthropic says, has the potential to impose "months-long funding delays" on Anthropic and thereby "tilt the playing field" in favor of Anthropic's competitors, who "would not be subject to similar limitations because each is funded by a single technology-industry giant." *Id.* at 3.

But these concerns do not warrant evidentiary *amicus* status. For one, they rest entirely on speculation. Neither Anthropic nor Google has indicated that Google wishes to make a future investment in Anthropic. The adverse consequences that Anthropic fears may therefore never

come to pass.  Furthermore, even if Google were interested in continuing to invest in Anthropic, it may not be Plaintiffs' 30-day notice requirement that causes delay.  The proposed notice provision applies only to a subset of transactions—i.e., those not "otherwise subject to the reporting and waiting period requirements of the Hart-Scott-Rodino Antitrust Improvements Act of 1976."  RPFJ § IV(I)(1) at 10.  Anthropic has not asserted that, in the absence of Plaintiffs' 30-day notice requirement, whatever future investment Google might make in Anthropic would be free to proceed without any regulatory review.  Finally, Anthropic has not explained how Google is not already duly incentivized to push back against this requirement.  After all, it would apply to *any* covered investment by Google, not just Google's investments in Anthropic.  Anthropic offers no reason to believe that Google itself will not forcefully resist the proposed restriction.

For these reasons, granting Anthropic evidentiary *amicus* status is not warranted.  That includes the filing of a post-hearing brief, which the court presumes would be based on affidavits from Anthropic witnesses.  The court takes no position on whether it will accept from Anthropic a traditional *amicus* brief.

Dated:  April 3, 2025

Amit P. Mehta
United States District Judge