**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
|     Plaintiffs, | Case No. 1:20-cv-3010 |
| v. | HON AMIT P. MEHTA |
| GOOGLE LLC, | |
|     Defendant. | |

| | |
|---|---|
| STATE OF COLORADO, *et al.*, | |
|     Plaintiffs, | Case No. 1:20-cv-3010 |
| v. | HON AMIT P. MEHTA |
| GOOGLE LLC, | |
|     Defendant. | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
THE NEW YORK TIMES COMPANY'S MOTION FOR
ACCESS TO JUDICIAL RECORDS AND PROCEEDINGS**

The parties' responses largely give lip service to the concededly "strong presumption for public access to judicial records and proceedings" in this landmark case. Gov't Resp. 1; *see also* Google Resp. 2 (stating "Google is committed to continuing to uphold the applicable principles of public access").[1] Ignoring the exemplar of contemporaneous access set by *Google Adtech*, they act as though The Times has the burden to show why the multi-day delays in access to exhibits used in open court during the liability trial should not simply be reinstated for the remedies hearing. *See* Gov't Resp. 3; Google Resp. 2. In fact, it is the parties who must justify overcoming the presumptive public right of contemporaneous access. NYT Br. 4-5. They have not done so here.

Notably, the parties omit any mention of the starkly different circumstances under which the Court issued its order on access to trial materials (ECF 750). That order—entered in the seventh week of the trial—was, as The Times explained then, necessitated by the parties' failure to provide "consistent and complete access to admitted trial exhibits." Mem. of Points & Auths. in Support of The New York Times Co.'s Mot. to Intervene & for Access to Jud. Recs., ECF 731-1 at 1. Until then, the Court's orders "did not contemplate the mid[-trial] release of trial exhibits or sealed transcripts" for the simple reason that the parties had neglected to prioritize the need for such access. Trial Tr. 6690:7-10, Oct. 19, 2023, ECF 977. Their failure to do so forced the Court to have to resolve access issues "at each stage" of trial, *id.* at 6693:3-5, which in turn made it "harder" to guarantee the press and public contemporaneous access to exhibits, *id.* at

---

[1] This brief uses the following abbreviations: "NYT Br." for the Memorandum of Points and Authorities in Support of The New York Times Company's Motion for Access to Judicial Records and Proceedings, ECF 1192-1; "Gov't Resp." for Plaintiffs' Response to The New York Times Company's Motion for Access to Judicial Records and Proceedings, ECF 1203; and "Google Resp." for Defendant's Response to The New York Times Company's Motion for Access to Judicial Records and Proceedings, ECF 1204.

6703:25. In short, in adopting longer timeframes for releasing trial exhibits, the Court was simply doing its best to unwind pre-existing access limitations within the tight constraints of an ongoing trial.

There are no such constraints this time around. The Times has brought the instant motion a month before the remedies hearing to ensure, based on the Court's previous statements, that procedures for contemporaneous access can be worked out in advance and to avoid the same issues that arose during trial. *See id.* at 6704:25-6705:1 (Court wishing that press had "asked for [access to exhibits] before the trial began"). And the parties cannot claim to be blindsided by The Times's proposed procedures. *See* Hr'g Tr. 38:4, 10-11, Mar. 10, 2025, ECF 1189 (Court telling parties to be "mindful of what is likely to be a request" from press for "immediate release of exhibits"). After all, the same parties had no trouble complying with the access procedures in *Google Adtech*, after which The Times's proposal is closely modeled. Given the benefit of experience from that case, and freed from mid-trial constraints, the Court should ensure that access to the remedies hearing is truly contemporaneous.

## ARGUMENT

### I. Contemporaneous Public Access to Hearing Exhibits Is Both Necessary and Feasible

Neither party appears to dispute that the presumption of access to judicial records and proceedings is a contemporaneous one, and Plaintiffs agree that "hearing exhibits should be made publicly available as soon as possible." Gov't Resp. 3. Yet Plaintiffs try to draw insignificant distinctions with cases standing for this very principle. *See id.* at 3-5. They miss the point. Although *Washington Post v. Robinson* involved a challenge to sealing a plea agreement, the court recognized the broader "importance of *contemporaneous* access" as "'an effective restraint on the possible abuse of judicial power.'" 935 F.2d 282, 287 (D.C. Cir. 1991) (quoting *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 592 (1980) (Brennan, J., concurring)).

2

And as Plaintiffs recognize, the Fourth Circuit in *In re Associated Press* ordered disclosure to the press of each trial exhibit "as soon as is practically possible, but in no event later than 10:00 a.m. on the day after the exhibit is published to the jury." Gov't Resp. 5 (quoting 172 F. App'x 1, 6 (4th Cir. 2006)). In balancing the "enormous" administrative burdens in that case with the weighty presumption of contemporaneous access, the court of appeals did not tolerate two-, three-, or four-day waiting periods as the parties urge here. *Associated Press*, 172 F. App'x at 6.

Attempting to redefine what "as soon as possible" means, Plaintiffs cite *Leopold v. United States* to argue that multi-day delays are justified by the "administrative burden facing the parties and non-parties." Gov't Resp. 5 (citing 964 F.3d 1121, 1133 (D.C. Cir. 2020)). But the *Leopold* applicants sought to unseal *twelve years*' worth of historical dockets and filings at once—a far cry from the daily access to trial exhibits sought in *Associated Press* and in this case. *See* 964 F.3d at 1126. Here, the parties offer no persuasive reason why same-day access to hearing exhibits would be seriously burdensome.

*First*, the parties do not demonstrate why—at a bare minimum—documents or portions of documents shown or discussed in open court cannot be posted publicly or emailed to the press each evening.[2] NYT Br. 5, 7 n.7. Once such materials are revealed in court, there is no basis for withholding them. Indeed, Google already concedes that "the parties and non-parties try to prepare redacted versions of exhibits in advance" and that in most cases it can "provide the portions of exhibits used with a witness more quickly than the timeline established" at trial. Google Resp. 3. Although Google claims there may be instances "where a party or non-party has not reviewed the pertinent portions of the exhibit to determine whether redactions are

---

[2] This includes any "additional pages" that have been pre-cleared "so that the public and press could understand the context of the document." Gov't Resp. 9.

3

warranted," *id.*, it does not explain why the occasional exception should preclude a general requirement of same-day disclosure.³ Plaintiffs, for their part, also recognize that both "parties and non-parties" will preemptively "clear, for confidentiality purposes, portions of documents to be used in open court," Gov't Resp. 5, but vaguely contend that they are "restricted in terms of time and resources" despite The Times raising this issue weeks before the hearing, *id.* at 7. It is not clear why Plaintiffs' desire (like that of every litigant) for more resources would stand in the way when Google and third parties will clear documents in advance "to ensure that disputes about sealing are resolved before an exhibit is used at the hearing." *Id.* at 8 (internal quotation marks omitted).

*Second*, the parties do not dispute that the procedures implemented by Judge Brinkema in the *Google Adtech* case, which required them to post each exhibit online no later than 10:00 AM the morning after it was admitted, were workable. NYT Br. 6 (citing *United States v. Google LLC*, No. 23-cv-108, 2024 U.S. Dist. LEXIS 162670, at *4 (E.D. Va. Aug. 9, 2024)). Tellingly, Google's response never even mentions that case. Plaintiffs also raise no qualms with Judge Brinkema's order but urge this Court to disregard it by contending they had more time in *Google Adtech* "to designate confidential information, negotiate redactions, and resolve disagreements." Gov't Resp. 6. As already noted, however, that has no bearing on how quickly the parties can release exhibits that have already been cleared and used in open court. Plaintiffs also lean heavily on their expectation that the parties will use more "current or future-looking documents" in this hearing, *id.* at 7, but that, too, is a red herring. The nature of the documents may affect the *extent* of redactions or sealing that could be justified, but—once again—it does not make it more

---

³ In any event, Plaintiffs point out that the parties have already agreed to provide non-parties advance notice of the documents they intend to use so that redactions can be determined before a document is introduced. Gov't Resp. 7-8.

4

difficult for the parties to provide copies of already-redacted documents on the same day those documents are shown in court.

*Third*, recognizing that their claims of burden are too thin otherwise to stand, the parties instead bootstrap their opposition to contemporaneous access onto The Times's additional request for access to hearing exhibits in the form they are entered in evidence. NYT Br. 7; *see* Gov't Resp. 9 (contending such access "would immensely burden the parties and non-parties"); Google Resp. 5 (calling request "unduly formal"). Although The Times appreciates that review of full documents may require more time, an exhibit admitted to influence the Court is a judicial record—including portions the parties do not believe are relevant. *See, e.g.*, *In re Pub. Def. Serv.*, 607 F. Supp. 3d 11, 24, 29 (D.D.C. 2022) (exhibits that had "no direct bearing on" the merits and were "determined to be so minimally relevant as to be inadmissible" were nonetheless subject to *Hubbard* once "filed with the intent to influence the Court's decision").[4] And it is well settled that the administrative burden of redacting material from a judicial record "does not justify precluding release forever." *Leopold*, 964 F.3d at 1133; *accord* Gov't Resp. 4. Rather, because the right of access is indisputably at its apex for the portions of exhibits used with a witness, an

---

[4] According to the Court, "the only reason" it took a different approach during trial "is because there was no request at the start of the trial" for access to the entirety of admitted exhibits. Trial Tr. 5958:14-15, Oct. 16, 2023, ECF 971; *see* NYT Br. 7. And Google's claim that this request seeks "to re-litigate a question that has been argued multiple times and firmly decided," Google Resp. 3, ignores that the Court *did* apply *Hubbard* in analyzing whether to unseal certain exhibits after the trial, *see* ECF 892 at 5-6. As reflected in the Court's April 24, 2024, ruling, whether part of an exhibit was used at trial may affect the *weight* of the access presumption to that portion, *id.* at 6, but even a relatively lighter presumption can nonetheless favor public access absent sufficient competing interests, *see Pub. Def. Serv.*, 607 F. Supp. 3d at 29. Conversely, although the "recent or forward-looking" nature of hearing exhibits may bear on the strength of those competing interests, Google Resp. 5, it is not dispositive on whether a presumption of access applies in the first place.

allowance for a longer period to review and redact the other portions should not preclude same-day disclosure of those pages shown during the hearing.

At bottom, the parties fail clearly to articulate why the Court should not require same-day access to, at the very least, the publicly used portions of hearing exhibits.

## II.     The Parties' Other Objections Lack Merit

The parties' objections to several of The Times's other requests similarly fall flat.[5] Both Plaintiffs and Google seek 72 instead of 24 hours to propose redactions to closed-session transcripts. Plaintiffs contend that the delay is necessary to give the parties and non-parties time "to review a transcript and negotiate with the appropriate stakeholders about what testimony should or should not be redacted," Gov't Resp. 10, while Google offers no justification for its position, Google Resp. 7. But because the Court has made clear that closure will be a last resort and will last only "for a very, very limited amount of time," Hr'g Tr. 41:1-4, Mar. 10, 2025, ECF 1189, there simply will not be a substantial volume of material to review. As a result, the parties should have no trouble proposing redactions on a shorter timeframe.

Google also asserts it is not "necessary" for The Times to reserve its right to object to the sealing of exhibits while the remedies hearing is ongoing. Google Resp. 7. Although as a practical matter The Times does not anticipate frequently (if at all) moving to unseal exhibits

---

[5] The Times and the parties agree that the press and public should continue to have advance notice of and an opportunity to object to proposed courtroom closures. *See* Gov't Resp. 10; Google Resp. 7; Min. Order, Oct. 18, 2023. The parties also do not object to notifying the Court if they are unable to meet the relevant deadlines or to providing the operative access order(s) to third parties whose documents they expect to use in the hearing. *See* Google Resp. 6.

before the hearing concludes, it cannot waive the public's right of contemporaneous access to judicial records.[6]

\*\*\*

Contemporaneous public access is necessary to vindicate the public's paramount interest in monitoring the work of the Court, the government officials prosecuting this historic case, and Google itself as they grapple over the company's future. However sprawling and complex the evidence may be, transparency is all the more—not less—crucial in this proceeding that will surely have significant consequences for the American people.

## CONCLUSION

For the foregoing reasons and those stated in The Times's opening brief, the Court should grant The Times's motion for access to judicial records and proceedings.

Dated: April 4, 2025

Respectfully submitted,

/s/ *Timothy Tai*
Timothy Tai (#NY0606)
Al-Amyn Sumar (#1614655)
David McCraw (#NY0200)
Dana R. Green (#1005174)
The New York Times Company
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 556-1244
Facsimile: (212) 556-4634
timothy.tai@nytimes.com
al-amyn.sumar@nytimes.com
mccraw@nytimes.com
dana.green@nytimes.com

*Counsel for The New York Times Company*

---

[6] The Times agrees with Google that any argument over access issues "should occur to the extent possible before or after the scheduled start times for the presentation of witness testimony." Google Resp. 7.