**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |
| State of Colorado, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

## JOINT PRE-HEARING STATEMENT

Pursuant to the Court's Order, ECF No. 1173, the Parties submit the following Joint Pre-Hearing Statement.

### I.    Joint Status Update

The Parties are attaching as Exhibit A their list of anticipated live witnesses identified by name, place of employment, and title, and they are attaching as Exhibit B their list of witnesses whose testimony they anticipate will be offered as deposition designations identified by name, place of employment, and title. The Parties are submitting copies of their exhibit lists to chambers. At this time the Parties do not have any ripe disputes regarding particular exhibits, deposition designations, or confidentiality designations. The Parties have stipulated to the

1

provisions in Section I.A regarding Demonstrative Exhibits and Visual Aids and the provisions in Section I.B regarding Witness Sequestration. The Parties provide a status report on issues related to confidentiality in Section I.C.

The Parties respectfully request the Court's guidance regarding the process for admission of exhibits during the hearing, timekeeping during the hearing, and the duration of opening statements. The Parties' positions on these issues are set forth in Sections II, III, and IV below.

**A.    Demonstrative Exhibits & Visual Aids.**

1.    Demonstrative exhibits or visual aids shall be stamped and numbered with a dedicated prefix (e.g., PXRD001).

2.    Versions of exhibits that are enlarged, excerpted, or marked-up to show what is redacted in the public version are not considered demonstrative exhibits or visual aids.

3.    The Parties are not required to exchange in advance any demonstrative exhibits or visual aids.

4.    If a Party intends to publicly disclose through a demonstrative exhibit or visual aid any information previously identified as confidential information during the discovery phase and has not already received express consent from all applicable Parties and/or Non-Parties to publicly display the information at issue, then the notice-and-objection process in the "Confidentiality Designations During the Evidentiary Hearing Section" of ECF No. 1196 at 4 shall apply to the confidential information in the demonstrative exhibits or visual aids.

**B.    Witness Sequestration.**

1.    Except for any of the Parties' expert witnesses, any person on any of the Parties' witness lists shall:

a)    be excluded from the courtroom during the hearing in advance of their testimony, except when they are called to testify;

b)    not review transcripts of the proceedings; and

c)    not discuss their testimony at the hearing or the proceedings (except for the mechanics of the proceeding) with anyone except their counsel and, after their testimony is completed, not discuss their testimony with any witness who has not already testified.

### C.    Confidentiality

The Parties submit the following update regarding confidentiality disputes. The Parties followed the process adopted by the Court's March 28, 2025, Amended Order. ECF No. 1201 (approving Parties' proposed process for identifying confidentiality disputes pre-Hearing). Under this approach, Google and certain third parties proposed redactions to a subset of exemplar documents that are on the Parties' exhibit lists.

After exchanging twenty-five exemplar documents and meeting and conferring, Plaintiffs and Google substantially agree on appropriate redactions for topics found in the exemplar documents: trade secrets, financial and usage metrics, and forward-looking product plans. Plaintiffs and Google will continue to work to ensure that redactions applied to the portions of documents that will be used in open court are consistent with the applicable standards and the Court's prior guidance. The parties previously submitted a joint position statement to the Court reflecting an agreed upon procedure for addressing redactions to specific portions of exhibits to be used in open court. ECF No. 1196.

Third parties collectively provided proposed redactions to portions of eighty exemplar documents and nine deposition transcripts. The extent of proposed redactions varied significantly, and in many cases the redactions to documents appear overly broad. However, the Parties plan to work with these third parties to attempt to resolve any disputes regarding overbroad redactions to portions of exhibits or testimony that they anticipate will be used at trial and do not believe there are any disputes ripe for the Court's intervention at this time.

## II.    Admission of Exhibits During the Hearing

### A.    Plaintiffs' Position

Plaintiffs seek to provide an efficient presentation of documentary evidence and witness testimony through the same process the Court approved and the Parties followed during the

liability trial. In contrast, Google seeks to proceed under a new set of rules that would introduce inefficiencies and limit the introduction of relevant and probative evidence that will assist the Court in crafting a remedy in this matter.

Plaintiffs' current exhibit list for the remedies trial includes approximately 400 exhibits, the majority of which were used at deposition or are otherwise exempt from the 300-exhibit limit set in ECF No. 1201. Google makes specific objections to only approximately 73 documents on Plaintiffs' exhibit list. For exhibits with no objections, Plaintiffs propose following the same process implemented during the liability phase: at the outset of trial, moving into evidence the unobjected-to exhibits without any requirement for a sponsoring witness.[1] *See* ECF No. 666. This process dramatically expedited liability witness exams by eliminating the need to separately move in – and potentially conduct argument on – each exhibit used during a live exam, streamlining trial presentation and also permitting the use of additional, supporting evidence in post-trial briefing.

In contrast, Google proposes a significant change of course: deferring any bulk admissions until *after* trial and limiting such admissions to a "subset" of exhibits not used with a live witness. Google has not identified which, if any, of Plaintiffs' unobjected-to exhibits it will ultimately oppose, despite Plaintiffs' request. Google instead suggests Plaintiffs should first identify specific documents they do *not* intend to introduce through a trial witness, and only then, the parties can discuss whether that subset could be admitted through Google's proposed post-trial process. This process is unworkable and would require Plaintiffs to predict with certainty

---

[1] Plaintiffs will continue to engage in meet and confers with Google on its objections and intend to seek admission of the remaining 73 document either through a specific witness or through subsequent bulk admissions after specific objections are resolved by negotiation or Court intervention.

today which exhibits may – or may not – be used with a live witness at trial. Google further claims that this time-intensive process should govern even exhibits for which it makes no specific objection, relying on a blanket reservation of rights to object based on the lack of a sponsoring witness or foundation. Google's justification for the change includes a professed concern that Plaintiffs will rely too heavily on documents pushed into evidence. This argument falls flat given the exhibit cap, extensive post-trial filings, and the limited number of exhibits on Plaintiffs' list.

Plaintiffs respectfully request the Court continue the practice ordered by ECF No. 666 and reaffirmed multiple times during trial: permitting bulk admissions of unobjectionable exhibits without a sponsoring witness. During liability, bulk admission at the outset enabled fact witness examinations to "just move forward with the testimony and not worry about foundational questions," maximizing time spent on substantive issues.[2] Relatedly, bulk admission eliminated the need to subpoena and present testimony from custodians of record, reducing burdens on the Court, third parties, and the parties themselves, while ensuring the Court had an adequate record to inform its decisions.[3] Both parties availed themselves of the opportunity to push documents into evidence, enabling witness examinations to focus on the most relevant, substantive testimony rather than spending valuable time, which is limited for the remedies hearing, on foundational or background questions.

---

[2] At the liability pretrial conference, the Court stated: "So if there are not objected-to exhibits, I would just as well have all those admitted, whether it's just to be pushed in or whether these are exhibits you're going to present to a witness. So we don't have to go through the song and dance of asking me to admitted it, et cetera, et cetera, and we can just move forward with the testimony and not worry about foundational questions." 9.01.2023 Pretrial Conference, 86:9-86:16.

[3] Tr. Tr. 2997:13–17 ("[W]hat I want to avoid is a situation where a party is not in a position to introduce a piece of evidence simply because a records custodian wasn't called or something that is really very, you know, procedural in nature.").

B.    **Defendant's Position**

Google's position is that Plaintiffs should not be permitted, at the outset of their case, to "push" into evidence 338 exhibits for which no foundation has yet been laid. Instead, each side should present the exhibits they intend to rely upon live with a witness or through deposition designations. Then, near the end of the hearing, if there remain any additional exhibits that the parties seek to rely upon in post-hearing briefing, the Court can consider any request to "push" additional exhibits into evidence.

The Court has already instructed that the exhibits the parties want the Court "to really focus on ought to be presented here in trial and live," and "as a practical and general matter, we ought to avoid having substantial evidence . . . pushed in and not presented to [the Court]." Mar. 10, 2025 Hr'g Tr. 29:11-30:1. This aligns with the ordinary course of trial practice: parties are expected to present live at trial before the fact-finder the evidence they wish to rely upon. *E.g.*, *United States v. AT&T Inc.*, 310 F. Supp. 3d 161, 186-87 (D.D.C. 2018) (explaining that the court "generally instructed the parties to seek admission of documents through sponsoring witnesses" because, among other things, "[w]itnesses would be able to contextualize and explain the technical and lengthy documents at issue, which might otherwise be misunderstood or selectively cited in post-trial briefs"). Plaintiffs wish to alter this ordinary practice entirely, "pushing" substantially all of their exhibits into evidence at the outset and then supplementing with evidence presented live at trial.[4]

Plaintiffs attempt to justify their request based on the practice used during the liability phase. But that practice proved unworkable when Plaintiffs filed post-trial briefing that relied substantially on evidence that was never presented at trial. Even after excluding all cited

---

[4] This may explain why Plaintiffs requested such a short hearing in this remedies phase despite the extraordinary breadth of the remedies sought in Plaintiffs' Proposed Final Judgment.

agreements, Plaintiffs' Initial Proposed Findings of Fact collectively cited more than 450 exhibits that were not used with any witness at trial. *See* Google's Responsive Proposed Findings of Fact (ECF 912) at 2-3. And this was not—as Plaintiffs have suggested in the past— limited to documents that further support testimony they elicited at trial. As just one of countless examples: Plaintiffs asserted for the first time in their post-trial proposed findings of fact that Pixel's share of mobile device shipments in the United States was almost 20%. ECF 822 ¶ 1315 (citing UPX0317 at -159). If Plaintiffs had raised this document with any of the numerous fact and expert witnesses from trial that were familiar with the dynamics of the Android smartphone market, they would have corrected Plaintiffs and explained that the document shows that Pixel's actual share during that period was *1%*. *See* ECF 912 ¶ 301. Instead, Google was forced to correct this and numerous other misstatements in its responsive submissions and the Court was forced to decide the disputed facts on a paper record, without the aid of witness testimony.

The practice Plaintiffs propose is even more unworkable in the upcoming remedies hearing. While Google had over a month during the liability phase to respond to Plaintiffs' assertions regarding exhibits presented for the first time in post-trial briefing, here Google will have just 7 days. *See* Mar. 10, 2025 Hr'g Tr. 29:11-30:1 ("I do want to guard against, you know, substantive evidence coming in in a way that doesn't give you an adequate opportunity to respond to it.").

As a matter of trial management, the Court should require any requests to push exhibits into evidence to occur during the last week of the hearing. Ultimately, it might turn out that Plaintiffs will use a substantial number of these exhibits live with a witness.[5] And it might turn

---

[5] In the meet and confer, to narrow any dispute, Google asked Plaintiffs for a list of the exhibits they are considering "pushing" into evidence that would not ultimately be used with a

out that based on that evidence presented at trial, Plaintiffs will decide they no longer need to cite certain other exhibits in post-trial briefing.  By the final week of the hearing, Plaintiffs will have presented their case and it is likely that drafting of post-trial submissions will be far along.  Therefore, deferring a "push" of exhibits to the last week of the hearing will force the parties to sharpen their pencils over the final three-day weekend, and determine what, if any, additional evidence they need to submit via a "push" to supplement the record.  The Court and the parties will then be able to assess, in light of the evidence already presented and based on the amount and types of exhibits requested, whether the "push" is appropriate.

## III.    Timekeeping

### A.    Plaintiffs' Position

Plaintiffs intend to efficiently use the seven trial days allocated to each side for the remedies hearing. Plaintiffs do not believe a chess clock is necessary and defer to the Court's preference for time management during the remedies trial, similar to how trial was conducted during liability, but take no issue proceeding under a chess clock if the Court is so inclined. Plaintiffs believe that any time for openings should come out of each side's allocated time. Plaintiffs also request that a limited portion of their total time (not to exceed one trial day) be reserved for rebuttal at the close of Google's case.

### B.    Defendant's Position

Google requests that the Court implement a "chess clock" to ensure that the hearing time is divided evenly among the two sides.  Courts have frequently ordered that trials "be conducted with chess clocks," including in cases where the United States is a party.  *United States v. First*

---

witness.  Plaintiffs were unwilling to provide this, suggesting it would reveal trial strategy.  But the entire purpose of an exhibit list is to disclose the exhibits that the parties contemplate using at trial and thereby facilitate the efficient presentation of evidence to the court.

*Data & Concord EFS, Inc.*, 287 F. Supp. 2d 69, 70 (D.D.C. Oct. 31, 2003); *see, e.g.*, *BCCI Holdings (Luxembourg), S.A. v. Khalil*, 182 F.R.D. 332, 340 (D.D.C. 1998) (ordering that "each side shall have 25 hours to present its case" with the time to be "measured by use of a chess clock").

A chess clock is particularly appropriate here because Plaintiffs have argued consistently for a shorter evidentiary hearing.  Near the outset of the remedies phase a hearing schedule was established based on Plaintiffs' estimate that they would need only "five trial days."  Sept. 6, 2024 Hr'g Tr. 18:18-24.  And when Google sought to extend the duration of the hearing after Plaintiffs filed their sweeping Proposed Final Judgment, Plaintiffs opposed Google's request, offering as a "compromise" that the hearing be expanded to only "twelve total trial days" with "six days per side."  ECF No. 1125 at 23 (Jan. 14, 2025).  Given Plaintiffs' insistence on a shorter hearing, a chess clock should be used to ensure that each side receives—as Plaintiffs put it in January—"an equal amount of trial time."  *Id.*

Furthermore, a chess clock is appropriate because Plaintiffs encountered time management issues during the liability trial that cannot be repeated at the upcoming hearing given the compressed schedule.  As Google explained in a mid-trial filing, the DOJ Plaintiffs "routinely exceeded their timing estimates for their own direct examinations, sometimes by well over an hour," and "[d]espite their plans to call 17 witnesses in the first two weeks" of trial, "only 11 made it through."  ECF No. 720 at 6 (Sept. 27, 2023).  Plaintiffs have disclosed 19 witnesses (including 8 experts) in connection with the upcoming evidentiary hearing—a number that reinforces the need for a rigid division of time.  Without a chess clock, Google's opportunity to present its own case may evaporate while Plaintiffs take a disproportionate share of the hearing conducting direct examinations of their witnesses.

In light of these considerations, Google proposes the following provision allocating 45 hours to each side, which equates to approximately 6 hours and 30 minutes per day across the 14 hearing days:

> Each side shall be allocated a total of 45 hours of hearing time. Plaintiffs collectively are one side, and Google is the other side. All time spent by a side examining any witness (including direct, cross, or re-direct examination) shall count toward that side's allocation. Time spent by a side on its opening statement shall also count toward that side's allocation. Time spent on arguments related to admissibility, sealing, scheduling, or other matters addressed when a witness is not present shall not count toward either side's allocation. Closing arguments also are not included in the allocation of 45 hours per side. The parties shall be jointly responsible for recording and reconciling the time used by each side on each hearing day.

Google respectfully asks the Court to enter this provision in order to further the interests of fairness and efficiency during the hearing.

## IV.    Opening Statements

### A.    Plaintiffs' Position

Plaintiffs respectfully request 90 minutes for opening statements. Plaintiffs would allocate 60 minutes for the United States Plaintiffs and 30 minutes for the Colorado Plaintiffs. Google would be allowed 90 minutes.

### B.    Defendant's Position

Google submits that opening statements should be limited to 60 minutes per side, rather than the 90 minutes per side proposed by Plaintiffs.  The Court allocated only 60 minutes for Google's opening statement at the liability trial.  See July 19, 2023 Hr'g Tr. 16:11-16.  That proceeding spanned approximately nine weeks, while the upcoming remedies hearing is scheduled to last less than three weeks.  Shorter opening statements will allow the Court to devote more time to hearing from the witnesses both sides plan to present.

Dated: April 9, 2025                              Respectfully submitted,

                                                 By: */s/ Travis R. Chapman*
                                                 David E. Dahlquist
                                                 Adam T. Severt
                                                 Travis R. Chapman (D.C. Bar #90031151)
                                                 Veronica N. Onyema (D.C. Bar #979040)
                                                 Sarah M. Bartels (D.C. Bar #1029505)
                                                 Grant Fergusson (D.C. Bar #90004882)
                                                 Kerrie J. Freeborn (D.C. Bar #503143)
                                                 Meagan M. Glynn (D.C. Bar #1738267)
                                                 John J. Hogan
                                                 Michael G. McLellan (D.C. Bar #489217)
                                                 Keane M. Nowlan (D.C. Bar #486540)
                                                 Andrew Tisinger (D.C. Bar #90018455)

                                                 U.S. Department of Justice
                                                 Antitrust Division
                                                 Technology & Digital Platforms Section
                                                 450 Fifth Street NW, Suite 7100
                                                 Washington, DC 20530
                                                 Telephone: (202) 805-8563
                                                 David.Dahlquist@usdoj.gov
                                                 Adam.Severt@usdoj.gov

                                                 *Counsel for Plaintiff*
                                                 *United States of America*

By:   /s/ Christoper A. Knight
James Uthmeier, Attorney General
R. Scott Palmer, Special Counsel, Complex
Enforcement Chief, Antitrust Division
Lee Istrail, Assistant Attorney General
Christopher A. Knight, Assistant Attorney
General
Office of the Attorney General, State of
Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com
Christopher.Knight@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

By:   /s/ Diamante Smith
Ken Paxton, Attorney General
Brent Webster, First Assistant Attorney
General
Ralph Molina, Deputy First Assistant
Attorney General
Austin Kinghorn, Deputy Attorney General
for Civil Litigation
Diamante Smith, Assistant Attorney
General, Antitrust Division
Office of the Attorney General, State of
Texas
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1162

Diamante.Smith@oag.texas.gov

*Counsel for Plaintiff State of Texas*

By:   /s/ Carolyn D. Jeffries
Rob Bonta, Attorney General
Paula Blizzard, Senior Assistant Attorney
General
Michael Jorgenson, Supervising Deputy
Attorney General
Brian Wang, Deputy Attorney General
Carolyn D. Jeffries, Deputy Attorney
General (DC Bar No. 1600843)

Office of the Attorney General
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Brian.Wang@doj.ca.gov
Cari.Jeffries@doj.ca.gov

*Counsel for Plaintiff State of California*

Matthew M. Ford
Arkansas Bar No. 2013180
Senior Assistant Attorney General
Office of the Arkansas Attorney General
Tim Griffin
323 Center Street, Suite 200
Little Rock, AR 72201
Matthew.Ford@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

Christopher Carr, Attorney General
Logan B. Winkles, Deputy Attorney General
Ronald J. Stay, Jr., Senior Assistant Attorney
General
Charles Thimmesch, Senior Assistant
Attorney General
Office of the Attorney General, State of
Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and
Director, Consumer Protection Division
Jesse Moore, Deputy Attorney General
Christi Foust, Deputy Attorney General
Office of the Attorney General, State of
Indiana
Indiana Government Center South, Fifth
Floor
302 West Washington Street
Indianapolis, Indiana 46204
Jesse.Moore@atg.in.gov

*Counsel for Plaintiff State of Indiana*

Russell Coleman, Attorney General
J. Christian Lewis, Commissioner of the
Office of Consumer Protection
Philip R. Heleringer, Executive Director of
the Office of Consumer Protection
Jonathan E. Farmer, Deputy Executive
Director of the Office of Consumer
Protection
Office of the Attorney General,
Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of
Kentucky*

Liz Murrill, Attorney General
Asyl Nachabe, Assistant Attorney General
Office of the Attorney General, State of
Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
voelkerp@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

Michael Schwalbert
Missouri Bar No. 63229
Assistant Attorney General
Consumer Protection Section
Missouri Attorney General's Office
815 Olive Street | Suite 200

Saint Louis, Missouri 63101
michael.schwalbert@ago.mo.gov
Phone: 314-340-7888
Fax: 314-340-7981

*Counsel for Plaintiff State of Missouri*

Lynn Fitch, Attorney General
Crystal Utley Secoy, Assistant Attorney
General
Lee Morris, Special Assistant Attorney
General
Office of the Attorney General, State of
Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Crystal.Utley@ago.ms.gov
Lee.Morris@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

Anna Schneider
Special Assistant Attorney General, Senior
Counsel
Montana Office of Consumer Protection
P.O. Box 200151
Helena, MT. 59602-0150
Phone: (406) 444-4500
Fax: 406-442-1894
Anna.schneider@mt.gov

*Counsel for Plaintiff State of Montana*

Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney
General
C. Havird Jones, Jr., Senior Assistant Deputy
Attorney General
Mary Frances Jowers, Assistant Deputy
Attorney General
Office of the Attorney General, State of
South Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549

mfjowers@scag.gov

*Counsel for Plaintiff State of South Carolina*

Joshua L. Kaul, Attorney General
Laura E. McFarlane, Assistant Attorney
General
Wisconsin Department of Justice
17 W. Main St.
Madison, Wisconsin 53701
mcfarlanele@doj.state.wi.us

*Counsel for Plaintiff State of
Wisconsin*

PHILIP WEISER
Attorney General of Colorado

*/s/ Jonathan B. Sallet*
Jonathan B. Sallet, DC Bar No. 336198
Steven M. Kaufmann
Elizabeth W. Hereford
Conor J. May
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
E-Mail: Jon.Sallet@coag.gov
Steve.Kaufmann@coag.gov
Elizabeth.Hereford@coag.gov
Conor.May@coag.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Colorado*

MIKE HILGERS
Attorney General of Nebraska

Justin C. McCully, Assistant Attorney
General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
E-Mail: Justin.mccully@nebraska.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Nebraska*

KRISTIN K. MAYES
Attorney General of Arizona

Robert A. Bernheim, Unit Chief Counsel
Jayme Weber, Senior Litigation Counsel
Arizona Office of the Attorney General
400 West Congress, Ste. S-215
Tucson, Arizona 85701
Telephone: (520) 628-6507
E-Mail: Robert.Bernheim@azag.gov
Jayme.Weber@azag.gov

*Counsel for Plaintiff State of Arizona*

BRENNA BIRD
Attorney General of Iowa

Noah Goerlitz, Assistant Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St., 2nd Floor
Des Moines, IA 50319
Telephone: (515) 725-1018
E-Mail: Noah.goerlitz@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

LETITIA JAMES
Attorney General of New York

Elinor R. Hoffmann
Morgan J. Feder
Michael D. Schwartz
Office of the New York State Attorney
General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8513
E-Mail: Elinor.hoffmann@ag.ny.gov
Morgan.feder@ag.ny.gov
Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff State of New York*

JEFF JACKSON
Attorney General of North Carolina

Kunal Janak Choksi
Joshua Daniel Abram
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6000
E-Mail: kchoksi@ncdoj.gov
jabram@ncdoj.gov

*Counsel for Plaintiff State of North Carolina*

JONATHAN SKRMETTI
Attorney General of Tennessee

J. David McDowell
Austin Ostiguy
Tyler Corcoran
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 741-8722
E-Mail: David.McDowell@ag.tn.gov
austin.ostiguy@ag.tn.gov
Tyler.Corcoran@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*

DEREK E. BROWN
Attorney General of Utah

Matthew Michaloski, Assistant Attorney General
Marie W.L. Martin, Deputy Division Director
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 140811
Salt Lake City, Utah 84114
Telephone: (801) 440-9825
E-Mail: mmichaloski@agutah.gov
mwmartin@agutah.gov

*Counsel for Plaintiff State of Utah*

TREGARRICK TAYLOR
Attorney General of Alaska

Jeff Pickett
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5100
E-Mail: Jeff.pickett@alaska.gov

*Counsel for Plaintiff State of Alaska*

WILLIAM TONG
Attorney General of Connecticut

Nicole Demers
Office of the Attorney General of Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Telephone: (860) 808-5202
E-Mail: Nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

KATHLEEN JENNINGS
Attorney General of Delaware

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
E-Mail: Michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*

BRIAN SCHWALB
Attorney General of the District of Columbia

Elizabeth Gentry Arthur
Office of the Attorney General for the
District of Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 724-6514
E-Mail: Elizabeth.arthur@dc.gov

*Counsel for Plaintiff District of Columbia*

DOUGLAS MOYLAN
Attorney General of Guam

Fred Nishihira
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Telephone: (671) 475-3324
E-Mail: fnishihira@oagguam.org

*Counsel for Plaintiff Territory Guam*

ANNE E. LOPEZ
Attorney General of Hawaiʻi

Rodney I. Kimura
Department of the Attorney General, State
of Hawaiʻi
425 Queen Street
Honolulu, HI 96813
Telephone (808) 586-1180
E-Mail: Rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff State of Hawaiʻi*

RAÚL LABRADOR
Attorney General of Idaho

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. Jefferson St., 2nd Floor
P.O. Box 83720
Boise, ID 83720
Telephone: (208) 332-3549
E-Mail:  John.olson@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

KWAME RAOUL
Attorney General of Illinois

Elizabeth Maxeiner
Brian Yost
Jennifer Coronel
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
Telephone: (773) 590-7935
E-Mail: Elizabeth.maxeiner@ilag.gov
Brian.yost@ilag.gov
Jennifer.coronel@ilag.gov

*Counsel for Plaintiff State of Illinois*

KRIS W. KOBACH
Attorney General of Kansas

Lynette R. Bakker
Kansas Office of the Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612
Telephone: (785) 296-3751
E-Mail: Lynette.bakker@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

AARON M. FREY
Attorney General of Maine

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
August, ME 04333
Telephone: (207) 626-8800
E-Mail: Christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

ANTHONY G. BROWN
Attorney General of Maryland

Schonette J. Walker
Gary Honick
Office of the Attorney General of
Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Telephone: (410) 576-6480
E-Mail: swalker@oag.state.md.us
ghonick@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

ANDREA CAMPBELL
Attorney General of Massachusetts

Jennifer E. Greaney
Office of the Attorney General of
Massachusetts
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2981
E-Mail: Jennifer, greaney@mass.gov

*Counsel for Plaintiff Commonwealth of
Massachusetts*

KEITH ELLISON
Attorney General of Minnesota

Zach Biesanz
Senior Enforcement Counsel
Office of the Minnesota Attorney General
Antitrust Division
445 Minnesota Street, Suite 600
St. Paul, MN 55101
Telephone: (651) 757-1257
E-Mail: Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

AARON D. FORD
Attorney General of Nevada

Michelle C. Badorine
Lucas J. Tucker
Nevada Office of the Attorney General

100 N. Carson Street
Carson City, NV 89701
Telephone: (775) 684-1164
E-Mail: mbadorine@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

JOHN FORMELLA
Attorney General of New Hampshire

Brandon Garod
Office of Attorney General of New
Hampshire
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-1217
E-Mail: Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff State of New
Hampshire*

MATTHEW PLATKIN
Attorney General of New Jersey

Isabella R. Pitt
Deputy Attorney General
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
Telephone: (973) 648-7819
E-Mail: Isabella.Pitt@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

RAÚL TORREZ
Attorney General of New Mexico

Judith E. Paquin Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney
General
408 Galisteo St.
Santa Fe, NM 87504
Telephone: (505) 490-4885
E-Mail: jpaquin@nmag.gov

ckhoury@nmag.gov

*Counsel for Plaintiff State of New Mexico*

DREW WRIGLEY
Attorney General of North Dakota

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust
Division
Office of the Attorney General of North
Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
Telephone: (701) 328-5570
E-Mail: ealm@nd.gov

*Counsel for Plaintiff State of North
Dakota*

DAVID YOST
Attorney General of Ohio

Jennifer Pratt
Beth Ann Finnerty
Mark Kittel
Office of the Attorney General of Ohio
30 E Broad Street, 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
E-Mail:
Jennifer.pratt@ohioattorneygeneral.gov
Beth.finnerty@ohioattorneygeneral.gov
Mark.kittel@ohioattorneygeneral.gov

*Counsel for Plaintiff State of Ohio*

GENTNER DRUMMOND
Attorney General of Oklahoma

Robert J. Carlson
Office of the Oklahoma Attorney General
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-1014

E-Mail: Robert.carlson@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

DAN RAYFIELD
Attorney General of Oregon

Cheryl Hiemstra, Special Assistant
Attorney General
Gina Ko, Assistant Attorney General
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301
Telephone: (503) 934-4400
E-Mail: Cheryl.Hiemstra@doj.oregon.gov
Gina.Ko@doj.oregon.gov

*Counsel for Plaintiff State of Oregon*

DAVID W. SUNDAY, JR.
Attorney General of Pennsylvania

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
E-Mail: jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of
Pennsylvania*

DOMINGO EMANUELLI
HERNANDEZ
Attorney General of Puerto Rico
Guarionex Diaz Martinez
Assistant Attorney General Antitrust
Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902
Telephone: (787) 721-2900, Ext. 1201
E-Mail: gdiaz@justicia.pr.gov

*Counsel for Plaintiff Territory Puerto Rico*

PETER NERONHA
Attorney General of Rhode Island

Stephen Provazza
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
E-Mail: SProvazza@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

MARTIN J. JACKLEY
Attorney General of South Dakota

Yvette K. Lafrentz
Office of the Attorney General of South Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
E-Mail: Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff State of South Dakota*

CHARITY R. CLARK
Attorney General of Vermont

Christopher J. Curtis, Assistant Attorney General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
Telephone: (802) 828-3170
E-Mail: christopher.curtis@vermont.gov
*Counsel for Plaintiff State of Vermont*

JASON S. MIYARES
Attorney General of Virginia

Tyler T. Henry

Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Telephone: (804) 692-0485
E-Mail: thenry@oag.state.va.us

*Counsel for Plaintiff State of Virginia*

NICK BROWN
Attorney General of Washington

Amy Hanson
Senior Assistant Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-5419
E-Mail: Amy.hanson@atg.wa.gov

*Counsel for Plaintiff State of Washington*

JOHN B. McCUSKEY
Attorney General of West Virginia

Douglas Lee Davis
Office of the Attorney General, State of West Virginia
1900 Kanawha Boulevard
East Building 6, Suite 401
P.O. Box 1789
Charleston, WV 25305
Telephone: (304) 558-8986
E-Mail: Douglas.l.davis@wvago.gov

*Counsel for Plaintiff State of West Virginia*

BRIDGET HILL
Attorney General of Wyoming

William T. Young
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
Telephone: (307) 777-7847
E-Mail: William.young@wyo.gov

*Counsel for Plaintiff State of Wyoming*

WILLIAMS & CONNOLLY LLP

By: */s/ John E. Schmidtlein*

John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Michael Sommer (admitted *pro hac vice*)
Franklin M. Rubinstein (D.C. Bar No. 476674)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
msommer@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213) 2099 Pennsylvania Avenue, NW Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*