# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

United States of America, *et al.*,

                                    Plaintiffs,

        v.

Google LLC,

                                    Defendant.

Case No. 1:20-cv-03010-APM

HON. AMIT P. MEHTA

---

State of Colorado, *et al.*,

                                    Plaintiffs,

        v.

Google LLC,

                                    Defendant.

Case No. 1:20-cv-03715-APM

HON. AMIT P. MEHTA

---

## DECLARATION OF SANG EUN (KATE) LEE

I, Sang Eun Lee (using Kate as my first name at Google), declare as follows:

1.      I am currently employed by Google LLC (Google) as a legal director.  I graduated from the University of New Hampshire Franklin Pierce School of Law in 1998 and have been an in-house counsel for Google since 2010.  I am a member of the State of New York Bar.

2.      Since late 2017, my responsibilities have included providing legal support to the Google product and business teams that develop and distribute the Android mobile operating system and Google applications that are developed to run on the Android operating system.  During that time, I have also received information from Google employees regarding the

1

negotiation and analysis of agreements between Google and a range of partners who participate in the Android ecosystem, including original equipment manufacturers (OEMs) that make smartphones and other Android devices as well as wireless carriers that sell those devices to consumers.

3.       My work as in-house counsel sometimes involves determining the commercial sensitivity of information relating to the Android ecosystem and evaluating whether disclosing the information would harm Google's competitive standing.  That includes, for example, determining whether to seek confidential treatment for materials submitted to regulators and deciding whether information shared with business partners should be subject to a non-disclosure agreement.

4.       I understand that the plaintiffs in this case have sought Google's views on whether particular documents should be made public at trial in this matter, and I have reviewed certain of those documents because they relate to the Android ecosystem, apps developed by Google for Android devices, or agreements with Android OEMs and carriers.

5.       I have reviewed PXR0125 (GOOG-DOJ-33768448), which appears to be a copy of a March 2024 email thread with the subject line "Samsung / Gemini."  The document contains highly sensitive details regarding negotiations with Samsung regarding a potential commercial deal involving Google's Gemini product.  In particular, disclosure of the following information is likely to cause significant harm to Google's competitive standing.

6.       The document contains the specific financial terms of offers Google was considering making to Samsung.  Disclosure of these specific financial terms would harm Google's competitive standing relative to other AI providers, who likewise have been engaged in discussions with partners regarding distribution of AI products.  This would allow competitors an

unearned advantage in formulating proposals to provide similar services, and would be especially severe if the forced disclosure only affected Google, *i.e.*, if all of Google's competitors knew what Google was willing to agree to, while Google continued to have no non-public knowledge of what other companies have offered or agreed to.  It would also harm Google's competitive standing in negotiations with Samsung and other partners if Google were required to disclose the internal thinking regarding potential offer terms, including the precise offer that would be Google's "breakeven scenario."  Google seeks to redact only the specific financial terms in the document, and not the qualitative discussion of those terms and other strategic considerations in the document.

7.    I have reviewed RDX0040 (GOOG-DOJ-33859197), which appears to be a copy of a September 2024 presentation titled "Samsung-Google Q3 Marketing Exec Workshop."  The document contains highly sensitive details regarding Google's Circle to Search product.  In particular, disclosure of the following information is likely to cause significant harm to Google's competitive standing.

8.    The document contains non-public product usage metrics for Google's "Circle to Search" product.  Public disclosure is likely to cause significant harm to Google's competitive standing, including by allowing competitors that offer or may in the future offer similar products to base their own product design and/or strategic planning on Google's non-public product usage metrics.  Google seeks to redact only the specific usage metrics in the document, and not the qualitative discussion of those metrics and other strategic considerations in the document.

9.    I have reviewed PXR0147 (GOOG-DOJ-33941334), which appears to be a copy of a document regarding negotiations with certain partners regarding commercial deals related to Android devices.  The document contains highly sensitive details regarding those negotiations.

In particular, disclosure of the following information is likely to cause significant harm to Google's competitive standing.

10.     First, the document contains the specific financial terms regarding negotiations with Samsung.  Disclosure of these specific financial terms would harm Google's competitive standing relative to other search and AI providers, who likewise have been engaged in discussions with partners regarding distribution of similar products.  This would allow competitors an unearned advantage in formulating proposals to provide similar services, and would be especially severe if the forced disclosure only affected Google, *i.e.*, if all of Google's competitors knew what Google was willing to agree to, while Google continued to have no non-public knowledge of what other companies have offered or agreed to.  It would also harm Google's competitive standing in negotiations with Samsung and other partners if Google were required to disclose specific financial terms from internal documents during negotiations, including the precise amount Google was forecasting paying to Samsung under then-current deals and the amount that Google was considering offering to Samsung.  Google seeks to redact only the specific financial terms in the document, and not the qualitative discussion of those terms and other strategic considerations in the document.

11.     Second, the document contains the specific financial terms regarding potential future cloud negotiations with Vodafone, a British wireless carrier that operates predominantly outside the United States.  Disclosure of these specific financial terms would harm Google's competitive standing relative to other cloud providers, who likewise have been engaged in discussions with partners regarding cloud deals.  It would also harm Google's competitive standing in negotiations with Vodafone and other partners if Google were required to disclose specific financial terms from internal documents during negotiations, including the precise

amount Google was forecasting for a potential future cloud deal.  Google seeks to redact only the specific financial terms in the document, and not the qualitative discussion of those terms and other strategic considerations in the document.

12.     I have reviewed PXR0278 (GOOG-DOJ-34492097), which appears to be a copy of a September 2024 presentation titled "Samsung Agreements."  The document contains highly sensitive details regarding negotiations with Samsung regarding commercial deals related to Android devices.  In particular, disclosure of the following information is likely to cause significant harm to Google's competitive standing.

13.     First, the document contains the specific financial terms regarding negotiations with Samsung.  Disclosure of these specific financial terms would harm Google's competitive standing relative to other search, messaging, and AI providers, who likewise have been engaged in discussions with partners regarding distribution of similar products.  This would allow competitors an unearned advantage in formulating proposals to provide services, and would be especially severe if the forced disclosure only affected Google, i.e., if all of Google's competitors knew what Google was willing to agree to, while Google continued to have no non-public knowledge of what other companies have offered or agreed to.  It would also harm Google's competitive standing in negotiations with Samsung and other partners if Google were required to disclose specific financial terms from internal documents during negotiations.  Google seeks to redact only the specific financial terms in the document, and not the qualitative discussion of those terms and other strategic considerations in the document.

14.     Second, the document includes recent and specific assumptions or projections regarding the proposed deals. Disclosure of the numbers associated with these deal models would harm Google's competitive standing in future negotiations with Samsung and other

partners because they would have access to the details of how Google analyzed a potential deal, but Google would not have corresponding access to any of their internal analyses. For much the same reason, disclosure would harm Google's competitive standing in relation to other search, messaging, and AI providers. Google seeks to redact only the specific numbers used in connection with this recent internal modeling, and not the qualitative descriptions of them that appear in the document.

*     *     *     *

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this <u>8th</u> day of April 2025, in <u>Mountain View, California</u>.

Signed by:

Sang Eun Lee

E7F19833184647C...

Sang Eun (Kate) Lee