**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 20-cv-3010 (APM)** |
| ) | |
| **GOOGLE LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| **STATE OF COLORADO, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 20-cv-3715 (APM)** |
| ) | |
| **GOOGLE LLC,** ) | |
| ) | |
| **Defendant.** ) | |

## <u>ORDER</u>

As discussed at the Pre-Hearing Conference held on April 10, 2025, the court orders the following with regard to the presentation and release of evidence during the remedies-phase trial proceedings.[1]

I.    <u>Hearing Materials</u>

The court adopts the process proposed by the parties in Part I.A.1.b (Confidentiality Designations During the Evidentiary Hearing) of their Joint Status Report, ECF No. 1196. The parties and non-parties shall endeavor in good faith to resolve any confidentiality disputes

---

[1] This Order resolves The New York Times Company's Motion for Access to Judicial Records and Proceedings, ECF No. 1192.

before an exhibit or demonstrative is used at the hearing. In the event an agreement cannot be reached, the dispute shall be brought to the court's immediate attention so that it can be expeditiously resolved to enable the exhibit or demonstrative's use.

The portions of an admitted exhibit or demonstrative that were presented in open court and precleared for public use pursuant to the parties' confidentiality review process shall be provided to the Designated Press Representative no later than **10:00 AM** the day following the exhibit's admission into evidence or the demonstrative's use in court. If any such portions are not timely provided to the Designated Press Representative, the party that sponsored the exhibit or demonstrative shall state on the record, at the start of the next hearing day, (1) the number of the exhibit or demonstrative, (2) the reason it was not timely provided, and (3) when it will be released.

For portions of an admitted exhibit or demonstrative that were presented in open court but not precleared for public use pursuant to the parties' confidentiality review process, the parties and any affected non-party shall, within **two business days** of the day the exhibit was admitted into evidence or the demonstrative was used in court, either (1) release such portions to the Designated Press Representative or (2) raise any confidentiality disputes with the court.

The court will establish a separate procedure for disclosing exhibits that were pushed into evidence on a later date.

II.    Closed-Session Testimony

The court institutes the following procedure for proposed closed-session testimony: (1) A party that believes a closed session will be required for either the direct or cross-examination of a witness shall so notify the court by the end of the hearing day immediately preceding the day of the witness's expected testimony; (2) the court will docket the anticipated closed session the

2

evening before the witness's expected testimony; and (3) the court will consider arguments and objections with respect to the proposed closed session, including from a media representative, at **9:15 AM** the day of the witness's expected testimony.

In the event of a closed session, the parties and the non-party witness, if applicable, shall review the transcript and propose redactions in the manner presented during the liability-phase trial proceedings within **24 hours** of receipt of the transcript, unless additional time is granted for good cause shown.

Dated:  April 10, 2025

_____
Amit P. Mehta
United States District Judge