UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 20-cv-3010 (APM) |
| STATE OF COLORADO et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 20-cv-3715 (APM) |

**DECLARATION OF JOSEPH ALIOTO
IN SUPPORT OF MOTION FOR ADMISSION PRO HAC VICE**

I, Joseph M. Alioto, hereby declare:

1. My name, office, address, and telephone number are as follows:
   Joseph M. Alioto
   ALIOTO LAW FIRM
   One Sansome Street, 35th Floor
   San Francisco, CA 94104
   Telephone: (415) 434-8900
   Email: jmalioto@aliotolaw.com

2. I have been admitted to the following courts and bars:

   - Supreme Court of the United States (02/20/1973)
   - Supreme Court of the State of California (January 1969)

4

- United States Court of Appeals for the First Circuit (09/09/1986)
- United States Court of Appeals for the Second Circuit (12/11/1980)
- United States Court of Appeals for the Third Circuit (01/10/2000)
- United States Court of Appeals for the Fourth Circuit (05/30/1996)
- United States Court of Appeals for the Fifth Circuit (1973 before the split of the 5th Circuit into the 5th and 11th Circuits)
- United States Court of Appeals for the Sixth Circuit (02/16/1988)
- United States Court of Appeals for the Eighth Circuit (04/13/1981)
- United States Court of Appeals for the Ninth Circuit (08/07/1972)
- United States Court of Appeals for the Tenth Circuit (10/02/1979)
- U.S. District Court for the Northern District of California (01/09/1969)
- U.S. District Court for the Eastern District of California (04/24/1985)
- U.S. District Court for the Southern District of California (07/26/1982)
- U.S. District Court for the Central District of California (05/24/1971)
- United States District Courts, *Pro Hac Vice*: Mr. Alioto has been admitted *Pro Hac Vice* in the federal District Courts including courts in Boston, Massachusetts; New York, New York; Alexandria, Virginia; Washington D.C.; Atlanta, Georgia; Trenton, New Jersey; Chicago, Illinois; St. Paul and Minneapolis, Minnesota; Wichita Kansas; Fort Worth, Dallas, Amarillo, San Antonio, Laredo, Austin and Sherman, Texas; Las Vegas and Reno, Nevada; Boise, Idaho; Seattle/Tacoma, Washington; Salt Lake City, Utah; Honolulu, Hawaii; Phoenix, Arizona; Albuquerque, New Mexico; Philadelphia, Pennsylvania; and the Courts of the District of Columbia

3.  I am currently in good standing with all states, courts, and bars in which I am admitted. Attached hereto as Exhibit A is a certificate of Good Standing from the California Supreme Court.

4.  I have been practicing law, almost exclusively prosecuting private antitrust cases, since I was admitted to practice in January 1969, approximately 56 years ago. I was subject to two disciplinary actions by the California Bar. The first action concerned alleged conduct in 1975 and was commenced in 1987 and concluded six years later in 1993, resulting in a private reproval. The case involved a private antitrust suit in which I represented cattlemen from the Western and Mid-Western states against various national retail grocery chains alleging price-fixing since the Korean War. The case resulted in a jury verdict in June of 1974 and treble damage judgment in favor of the cattlemen and against the remaining retail chain defendant, the largest judgment in the history of the antitrust laws up to that time. In addition to the monetary judgments, the Court issued an injunction which resulted in an increase in revenue to the cattlemen throughout the United States of more than $4 Billion for the first year alone. Bray v. Safeway Stores, Inc., 392 F. Supp. 851 (N.D. Cal. 1975) CJ. Carter. After the trial the case was settled for the plaintiff cattlemen. In addition to the plaintiffs, there were approximately 700 supporters of the litigation who intended to use the first case as a test suit. In connection with that, the antitrust defendant paid a settlement to all of the supporters as well as to the plaintiffs. One of the supporters, a Chicago attorney who retired in Wyoming, claimed that as a supporter he was entitled to more of the supporters' settlement than other supporters, even though there was a unanimous vote among all of the leaders of the cattlemen groups on the allocation of proceeds. He claimed that any fee due to me by reason of his share should not have been paid to me and should have been held in trust. The amount of the fee with regard to that supporter was $942. Even though the Hearing Examiner recommended the dismissal of the case, the Volunteer Review Departmentsuggested discipline. As a result, I was privately reproved. None of the other 700 supporters nor any of the plaintiffs complained. Indeed, all statements by them were exactly to the contrary. In 1995, in a family dispute involving my brothers, my father, my sister, some of my cousins and my uncles against other cousins and uncles arising out of a failed family business venture, the Bar accused many of us as litigants – as distinguished from attorneys - of not complying with certain orders of a receiver. I personally chose not to contest the matter but to be free to challenge the validity of the orders as they related to me. I accepted a two-week suspension, and then challenged the orders on various grounds, among others, of failure of due process to give notice and an opportunity to be heard on the matter. Subsequently, both the Court that issued the original orders and a subsequent substitute Court vacated the orders.

5. I have not been admitted pro hac vice in this Court within the last two years.

6. I do not have an office located within the District of Columbia.

7. Attached hereto as Exhibit B is a proposed amici curiae Plaintiffs in *California Crane School v. Google, et al.*, Case No. 21-cv-10001 (N.D. Cal.), on Appeal Case No. 24-4604 (9th Cir.) and *Mary Katherine Arcell, et al. v. Google, LLC, et al.*, Case No. 22-cv-02499 (N.D. Cal.) ("Amici Plaintiffs") request leave to file the accompanying amicus curiae brief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Diablo, California, this 15th day of April, 2025.

Respectfully submitted,

*/s/ Joseph M. Alioto*

Joseph M. Alioto
Attorney for Amici Curiae