# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ | ) | |
| UNITED STATES OF AMERICA et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-3010 (APM) |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| STATE OF COLORADO et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-3715 (APM) |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | | |

## MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

Proposed amici curiae Plaintiffs in *California Crane School v. Google, et al.,* Case No. 21-cv-10001 (N.D. Cal.), on Appeal Case No. 24-4604 (9th Cir.) and *Mary Katherine Arcell, et al. v. Google, LLC, et al.*, Case No. 22-cv-02499 (N.D. Cal.) ("Amici Plaintiffs") respectfully request leave to file the accompanying amicus curiae brief in support of no party.   Pursuant to Local Civil Rules 7(m) and (o), the Amici Plaintiffs state that they contacted counsel for both plaintiffs and defendants. Plaintiffs have not responded to our inquiry regarding the filing of this amicus brief; Defendant Google stated no position with regard to the filing but reserved the right to oppose or respond to the brief. A proposed order accompanies this motion.

In support of this motion, Amici Plaintiffs state as follows:

1. Amici Plaintiffs are (1) all consumers and businesses who paid Google to place advertising on Google search in the United States; and (2) consumer end users of the services provided by Google's general internet search engine, from which Google collects search inquiries and information derived from end users of its search engines for no compensation to end users, which end user inquiries and information Google then sells to advertisers who collectively pay billions annually to Google in the United States.

2. Amici Plaintiffs should be granted leave to file the accompanying brief for the following reasons. First, Amici Plaintiffs have a strong interest in this case because they are users of the services provided by internet search engines, they have used Google search on an almost daily basis, and they have been harmed and continue to be threatened with harm and damage in that they have been deprived of the quality, service and privacy that they otherwise would have enjoyed but for Google's monopoly and anticompetitive conduct in furtherance and in the maintenance of the monopoly.  Second, Amici Plaintiffs may be of assistance to the Court in offering both relevant and unique perspectives on the remedies necessary to cure (1) the harms to consumers and advertisers in the United States caused by Google, including the reduction in quality and the lessening of consumer choice in online advertising and general search services, less innovation in new products and higher advertising costs, less quality of general search services related to privacy, data protection, and the use of consumer data, among others; and (2) the most effective way to protect the consumer and advertiser interests and to ensure the success and longevity of the imposed remedy and restore competition for the benefit of the people of the United States.

2

3. There is no Federal Rule of Civil Procedure that controls motions for leave to appear as amicus curiae in federal district court. District courts have "inherent authority" to grant participation by an amicus curiae, which is derived from Federal Rule of Appellate Procedure 29. *See Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008). In determining whether to grant leave to participate as an amicus, this Court has "broad discretion." *Nat'l Ass'n of Home Builders v. United States Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007). Courts generally grant amicus status when "the information offered is 'timely and useful.'" *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996) (quoting *Waste Mgmt. of Pa. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)).

4. This Court generally permits third parties to participate as amici curiae when they have "relevant expertise and a stated concern for the issues at stake in [the] case." *Dist. of Columbia v. Potomac Elec. Power Co.,* 826 F. Supp. 2d 227, 237 (D.D.C. 2011). Specifically, this Court has permitted the filing of amicus briefs in cases where a third party has "unique information or perspective that can help the court." *Jin*, 557 F. Supp. 2d at 137 (citing *Ryan v. Commodity Futures Trading Comm'n*, 125 F. 3d 1062, 1063 (7th Cir. 1997)); *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (same). This assistance may take many forms, including "ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs." *See N. Mariana Islands v. United States*, No. 08-1572 (PLF), 2009 U.S. Dist. LEXIS 125427, at *3–4 (D.D.C. Mar. 6, 2009) (quoting *Voices for Choices v. Ill. Bell Tel. Co.,* 339 F.3d 542, 545 (7th Cir. 2003)).

5. Given Amici Plaintiffs' direct interest in the Defendant's online search engine at issue in this case, Amici Plaintiffs have "relevant expertise and a stated concern for the issues at

stake," and their amicus curiae brief will provide the kind of unique perspective that may assist the court in the disposition of the final judgment. *Potomac Elec. Power Co*., 826 F. Supp. 2d at 237; *Jin*, 557 F. Supp. 2d at 137.

6. In accordance with Local Civil Rule 7(o)(5) and Fed. R. App. P. 29(a)(4)(E), the Amici Plaintiffs certifies that (1) the attached brief was authored entirely by counsel for the amici curiae and not by counsel for any party, in whole or in part; (2) no party or counsel for any party contributed money to fund preparing or submitting the attached brief; and (3) apart from amici curiae and their counsel, no other person contributed money to fund preparing or submitting the attached brief.

## CONCLUSION

Based on the foregoing, Amici Plaintiffs respectfully request that the Court grant this motion and accept the accompanying amicus curiae brief.

Dated: April 22, 2025                              Respectfully submitted,

*/s/ Joseph M. Alioto*
Joseph M. Alioto (SBN 42680)
Tatiana V.Wallace (SBN 233939)
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, CA  94104
Telephone:  (415) 434-8900
Email:  jmalioto@aliotolaw.com
        twallace@aliotolaw.com

[Additional Counsel Listed on Last Page]

Counsel for Amici Curiae

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Motion for Leave to File Amicus Curiae Brief with the Clerk of the U.S. District Court for the District of Columbia by using the CM/ECF system on April 22, 2025.

I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

Dated: April 22, 2025                           Respectfully submitted,

*/s/ Joseph M. Alioto*
Joseph M. Alioto (SBN 42680)
Tatiana V.Wallace (SBN 233939)
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, CA  94104
Telephone:  (415) 434-8900
Email:  jmalioto@aliotolaw.com
       twallace@aliotolaw.com

Counsel for Amici Curiae