tIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>                              Plaintiffs,<br>v.<br>GOOGLE LLC,<br><br>                              Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*,<br><br>                              Plaintiffs,<br>v.<br>GOOGLE LLC,<br><br>                              Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**MOTION OF ALPHABET WORKERS UNION-CWA
FOR LEAVE TO FILE AN *AMICUS* BRIEF**

The Alphabet Workers Union-CWA ("AWU-CWA") respectfully moves for leave to file an *amicus* brief in this action as the Court considers appropriate remedies for Defendant Google LLC's ("Google") violations of the Sherman Act. AWU-CWA is a local union of the Communications Workers of America ("CWA").

AWU-CWA intends to address three principal issues in its proposed *Amicus* brief: (1) the importance of robust anti-retaliation provisions for worker collective action in the Final Judgment, particularly in light of Defendant's history of suppressing worker speech (including speech related to this litigation) and retaliating against workers who speak up about working conditions and matters of public interest; (2) the need for worker protections if the Court were to order the

1

divesture of Chrome or Android, given that divestitures ("break-ups") historically have enabled companies to eliminate good jobs, reduce benefits, and reduce worker bargaining power; and (3) the value of a labor union in the ongoing monitoring of Google's conduct so as to effectuate the relief in the Final Judgment and restore a culture of compliance at Google.

If leave is granted, AWU-CWA respectfully requests permission to file its *Amicus* brief on or before May 9, 2025, which is the date all a*micus* briefs are due pursuant to this Court's order in ECF 1186. AWU-CWA timely files this motion so that the Court has sufficient time to consider its *Amicus* brief in advance of Final Judgment.

## STATEMENT OF INTEREST

AWU-CWA is a minority union—a labor organization that has not yet won exclusive representation or collectively bargained contracts for much of the workforce—engaged in organizing workers at Alphabet Inc. ("Alphabet"), its subsidiaries including Google, and vendors providing contract labor to the company. AWU-CWA is a local union of CWA, the largest communications and media labor union in the United States. AWU-CWA seeks to advocate on behalf of workers at Alphabet and, where possible, represent workers as their exclusive collective bargaining agent. AWU-CWA members include software engineers, data labelers, data center technicians, graphic designers, and salespeople.

Despite being a minority union, AWU-CWA has successfully advocated for full-time Google employees, temps, vendors and contractors. Since its founding in 2021, AWU-CWA's victories for its members and their coworkers have included the following: (1) three groups of workers at Google vendors filed for and won union elections, with one of those achieving a first collective contract with Google vendor Accenture in 2024; (2) workers at Google vendor Appen won a raise through an AWU-CWA petition campaign; and (3) an AWU-CWA campaign for job

security successfully sought voluntary buyouts before layoffs, which have been offered to over 30,000 Google workers this year.

Additionally, and of particular relevance here, AWU-CWA filed an unfair labor practice charge with the National Labor Relations Board after Google's President of Global Affairs sent a company-wide email directing Google employees to refrain from commenting on the antitrust litigation pending before this Court either "internally or externally." This charge resulted in a negotiated agreement in which Google rescinded what amounted to a gag order on its employees.

## CONFERRAL

AWU-CWA has conferred with the parties in this matter. The Department of Justice represents that Plaintiffs United States of America, *et al*, in Case No. 1:20-cv-03010-APM do not oppose the filing of an *amicus* brief by AWU-CWA. Attorneys for the State of Colorado represent that Plaintiffs in Case No. 1:20-cv-03715-APM also do not oppose the filing of an *amicus* brief. Google takes no position on this motion.

## ARGUMENT

Leave to file *amicus* briefs is appropriate when a putative *amicus* has "a sufficient 'interest' in the case and [its] brief is 'desirable' and discusses matters that are 'relevant to the disposition of the case.'" *Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 128 (3d. Cir. 2002) (Alito, J.); *see* Fed. R. App. P. 29(a)(3)(B); LCvR 7(o) (standards for *amicus* briefs); *see also United States v. Philip Morris USA Inc.*, No. 99-2496, 2005 WL 8160465, at *2 (D.D.C. Sept. 1, 2005) (*quoting Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003)) (granting leave to file *amicus* brief where the proposed *amici* could "provide the [Court] 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide'").

"[I]t is preferable to err on the side of granting leave." *Neonatoglogy Associates*, 293 F.3d at 132-33. "District courts frequently welcome amicus briefs from non-parties concerning legal

issues that have potential ramifications beyond the parties directly involved . . . ." *Trunk v. City of San Diego*, No. 06cv1597, 2007 WL 9776582, at *1 (S.D. Cal. Dec. 10, 2007). And federal courts "grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet [the enumerated] criteria as broadly interpreted." *Neonatoglogy Associates*, 293 F.3d at133; *see Massachusetts Food Ass'n v. Massachusetts Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 567 (1st Cir. 1999) (Boudin, J.) ("[A] court is usually delighted to hear additional arguments from able *amici* that will help the court toward right answers . . . .").

I. **Proposed *Amicus* has an interest in the eventual remedies as they are likely to significantly impact its members' jobs.**

AWU-CWA membership includes, in total, more than 1,000 full-time Google employees, temporary Google employees, individuals employed by Google vendors such as Accenture, and independent contractors. These individuals earn their livelihoods through their work for Google. The Final Judgment in this action, which potentially may include divestitures, the termination of distribution contracts, and the syndication of search data, is likely to seriously impact member jobs. Moreover, from the standpoint of a labor organization, there is a risk that an employer will use a court order in an antitrust case to weaken worker bargaining power and as cover for anti-union action. Ultimately, the union's interest in this matter is to ensure that the voices of Google workers are heard on the remedies and workers are adequately protected from retaliatory action in the monitoring and enforcement of the Final Judgment.

II. **The proposed *Amicus* brief is desirable as it would provide additional insight for the Court that is not likely to come from the parties.**

AWU-CWA brings a unique and important perspective to this case as it represents and advocates on behalf of Google's workers. Historically, antitrust has had a "blind spot" when it comes to labor markets. This has been changing in recent years due to a growing body of empirical work. Further, the impact of antitrust remedies on workers is now beginning to receive attention.

4

Labor's past experiences with particular remedies, such as divestitures, provide important data points, including how these remedies may affect workers' wages and terms of employment.

AWU-CWA's participation would provide valuable insight into how remedies in this case may impact labor and thus would assist the Court in crafting remedies that adequately consider relevant factors, such as the impact on the workforce, working conditions, and potential retaliatory actions by employers.

### III.     No party adequately represents the interest of Proposed *Amicus*.

For fully understandable reasons, neither party adequately represents the interests of Google's workers. Google's Proposed Final Judgment does not, explicitly or implicitly, take into account the interests of its workers. Plaintiffs' Revised Proposed Final Judgment contains an anti-retaliation provision which includes "association[s]" (such as AWU-CWA) in its definition of "person," but otherwise is silent when it comes to workers. This omission is significant given that several of the remedies the Plaintiffs are proposing would, if adopted, have a direct and reasonably foreseeable impact on the livelihood of thousands of workers.

### IV.     The matters asserted by Proposed *Amicus* are relevant to protection of Google's workers and the successful implementation of the proposed remedies.

An effective antitrust remedy requires a "culture of compliance." Unfortunately, such a culture is presently lacking at Google. The company has a history of retaliation against workers who have engaged in legally protected collective action and in political speech the company does not favor. A culture of compliance can only be built and maintained when workers are not afraid to speak up. AWU-CWA will submit a brief, if the Court permits, from the perspective of the union, its members, and their coworkers.

## CONCLUSION

For the foregoing reasons, AWU-CWA respectfully requests that the Court grant its Motion for Leave to File an *Amicus* Brief and order that AWU-CWA may file its brief on or before May 9, 2025.

Respectfully submitted,

*/s/ Allen Grunes*
ALLEN GRUNES (D.C. BAR NO. 989298)
BROWNSTEIN HYATT FARBER SCHRECK LLP
600 Massachusetts Avenue NW, Suite 400
Washington, DC 20001
(202) 296-7353
agrunes@bhfs.com

DAVID B. MESCHKE (U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA BAR NO. CO0069)
BROWNSTEIN HYATT FARBER SCHRECK LLP
675 15th Street, Suite 2900
Denver, Colorado 80202-4287
(303) 223-1100
dmeschke@bhfs.com

*Counsel to proposed Amici, Alphabet Workers Union-CWA*

Dated: April 24, 2025

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 24, 2025, I electronically filed a true and correct copy of the foregoing **MOTION OF ALPHABET WORKERS UNION-CWA FOR LEAVE TO FILE AN *AMICUS* BRIEF** with the Clerk via the CM/ECF system which will send notification of such filing and service upon all counsel of record.

      */s/ Kathleen M. Stehling*
      Kathleen M. Stehling, Paralegal
      Brownstein Hyatt Farber Schreck, LLP
      675 15th Street, Suite 2900
      Denver, CO 80202
      P: 303-223-1100
      F: 303-223-1111