**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, *et al.*,<br><br>                        Plaintiffs,<br><br>  v.<br><br>Google LLC,<br><br>                        Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, *et al.*,<br><br>                        Plaintiffs,<br><br>  v.<br><br>Google LLC,<br><br>                        Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**DEFENDANT GOOGLE LLC'S SUBMISSION REGARDING
PROPOSED REBUTTAL WITNESS PROFESSOR KINSHUK JERATH**

Pursuant to the Court's request, Google submits this brief in support of Google's position that Plaintiffs should not be permitted to call expert Professor Kinshuk Jerath as a rebuttal witness to address Plaintiffs' Proposed Final Judgment Section VIII.A-D (the "ads transparency remedies"). As Plaintiffs acknowledged in Court today, they served no opening round expert report in support of their proposed ads transparency remedies and called no expert to support them during their case-in-chief. But Plaintiffs were well aware that Google intended to call Dr. Mark Israel to testify that those proposed remedies are unnecessary and would be harmful. Rather than call Professor Jerath to opine on the ads transparency remedies in their case-in-chief, Plaintiffs made a calculated decision to rely solely on the testimony of a fact witness, Paul Vallez of Skai. Now having rested their case, Plaintiffs seek to call Professor Jerath as an improper rebuttal witness, presumably to describe the transparency remedies in more detail and to attempt to explain why they seek to regulate ads reporting and products nowhere discussed in the Opinion, such as "Ads Data Hub" and "Google Ads Data Manager." If Professor Jerath was only going to address what the Court said in its Opinion, his testimony would be unnecessary. But the ads transparency remedies go far beyond allegations or findings from the liability phase, and given that Professor Jerath would be called to testify in support of Plaintiffs' own proposed remedies, there was no excuse for failing to call him during Plaintiffs' case-in-chief. Google would be prejudiced because its expert, Dr. Israel, will not have the opportunity to respond to testimony that should have occurred first.

Plaintiffs' case-in-chief was their opportunity to submit expert testimony in support of their proposed remedies. Where, as here, Plaintiffs know that an issue relevant to their case will be contested, Plaintiff must present their evidence on the issue during their case-in-chief. *Braun v. Lorillard Inc.*, 84 F.3d 230, 237 (7th Cir. 1996) ("The plaintiff who knows that the defendant

1

means to contest an issue that is germane to the prima facie case…must put in his evidence on the issue as part of his case in chief."). If Plaintiffs do not offer such evidence, and seek to do so on rebuttal, they in effect reverse the order of proof. *Id.* ("Otherwise the plaintiff could reverse the order of proof, in effect requiring the defendants to put in their evidence before the plaintiff put in his."); *see Bonser v. Waste Connections of Colorado, Inc.*, 2020 WL 1986477, at *5-6 (D. Colo. Apr. 27, 2020) ("Even if a report superficially rebuts the opinion of another expert, true rebuttal experts cannot introduce evidence that should have been part of a plaintiff's original case-in-chief.").

Plaintiffs are attempting to reverse the order of proof by calling Professor Jerath to support their own proposed remedies in rebuttal. Denial of a rebuttal expert is warranted given their failure to call Professor Jerath during their case-in-chief despite knowing that Google intended to call Dr. Israel to address these proposed remedies. *Faigin v. Kelly*, 184 F.3d 67, 85 (1st Cir. 1999) ("When a party knows that a contested matter is in the case, yet fails to address it in a timely fashion, he scarcely can be heard to complain that the trial court refused to give him a second nibble at the cherry."). The grounds for denial of a rebuttal are particularly strong because Plaintiffs were on notice of Google's intended arguments and nothing new or unanticipated surfaced during Google's case. *Id.* at 86 ("This principle has particular bite where, as here, nothing new or unanticipated surfaced during the defense case that even arguably changed the topography of the battlefield."). Plaintiffs knew Dr. Israel's opinions before trial began because Google served Dr. Israel's expert report on March 14 and Dr. Israel was deposed on April 8. Plaintiffs nevertheless opted against calling Professor Jerath in their case-in-chief, and that should be the end of the matter. *See People v. Kinder Morgan Energy Partners, L.P.*, 159 F. Supp. 3d 1182, 1192 (S.D. Cal. 2016) ("A party with the burden of proof on an issue

2

'should not be allowed to secretly prepare an army of 'rebuttal' experts."). The ads transparency remedies plainly extend beyond the Court's findings, and Plaintiffs should have called Professor Jerath to offer any testimony in support of these remedies before Plaintiffs rested their case.

Dated:  May 8, 2025                                        Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: /s/ John E. Schmidtlein
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Michael Sommer (admitted *pro hac vice*)
Franklin M. Rubinstein (D.C. Bar No. 476674)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
msommer@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*

3