IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>    Plaintiffs<br><br>  v.<br><br>GOOGLE LLC,<br><br>    Defendant | Case No. 20-cv-3010 (APM)<br><br>Hon. Amit P. Mehta |
| STATE OF COLORADO, et al.,<br><br>    Plaintiffs<br><br>  v.<br><br>GOOGLE LLC,<br><br>    Defendant | Case No. 20-cv-3715 (APM)<br><br>Hon. Amit P. Mehta |

**MOTION OF GREGORY J. WERDEN
FOR LEAVE TO FILE AN AMICUS BRIEF**

 Gregory J. Werden respectfully moves for leave to file an amicus curiae brief in support of Google. All parties have consented to the filing of the proposed brief.

 The proposed brief argues that the Court's remedy should not be designed to terminate monopoly and that Plaintiffs' proposed remedy is inappropriate.

 The motion and brief comply LCvR 7(o) and FRAP 29(a)(4). The brief complies with the Court's March 11, 2025 order, ECF No. 1186, specifying that amicus briefs are due by May 9, 2025, and with the Court's March 27, 2025 order, ECF No. 1200, specifying that amicus briefs be no more than 20 pages double spaced.

RECEIVED
MAY 7 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

1

**STATEMENT OF INTEREST**

I, Gregory J. Werden, have devoted my professional life to antitrust law and economics. From 1977 to 2019, I served in the Antitrust Division of the U.S. Department of Justice. I believe that I remain the only Antitrust Division employee ever to receive the Justice Department's Mary C. Lawton Lifetime Service Award.

In retirement, I wrote a book titled *The Foundations of Antitrust: Events, Ideas, and Doctrines* (Carolina Academic Press 2020). I published several major law review articles on antitrust. And I submitted seven comments to antitrust enforcement agencies that sought input from the public.

While serving in the Antitrust Division, I worked on many amicus filings, and I now file amicus briefs on my own. I submitted briefs to the Ninth Circuit in two cases now under submission: *Simon and Simon, PC v. Align Technology, Inc.*, Nos. 24-1703, 24-1783; *Epic Games, Inc. v. Google LLC*, Nos. 24-6256, 24-6274.

**ARGUMENT**

The late Judge Boudin, who served on this Court before appointment to the First Circuit, opined that "a court is usually delighted to hear additional arguments from able amici that will help the court toward right answers." *Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 567 (1st Cir. 1999).

Judge Alito of the Third Circuit declared that courts should "grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (2002).

Chief Judge Posner of the Seventh Circuit, however, believed that courts generally should "bar the gates to amicus curiae briefs" but should accept briefs that promise "unique information or perspective that can help the court." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063–64 (7th Cir. 1997) (Posner, C.J., in chambers).

Judge Bates of this Court likewise indicated that amicus briefs are appropriate when "the amicus has unique information or perspective that can help the court." *Hard Drive Prods., Inc. v. Does 1–1,495*, 892 F. Supp. 2d 334, 337 (D.D.C. 2012) (quoting *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (quoting *Ryan*)).

Gregory J. Werden proposes to offer a unique perspective that can help the Court:

The proposed brief offers the perspective of an antitrust scholar with a Ph.D. in economics and publications cited in more than 1000 law review articles and in more than 20 antitrust decisions by U.S. federal courts. One judge applied the epithet "preeminent antitrust theorist." *Castro v. Sanofi Pasteur Inc.*, 134 F. Supp. 3d 820, 839 (D.N.J. 2015).

The proposed brief offers the perspective of an antitrust historian who has examined every provision of every Sherman Act Section 2 decree: Gregory J. Werden, *Remedies for Exclusionary Conduct Should Protect and Preserve the Competitive Process*, 76 Antitrust Law Journal 65 (2009).

The proposed brief offers the perspective of an antitrust enforcer with experience spanning four decades and including two Sherman Act Section 2 cases with exclusive dealing claims: *United States v. Dentsply Int'l, Inc.*, 399 F.3d 181 (3d Cir. 2005); *United States v. Microsoft Corp.*, 253 F.3d 34 (D.C. Cir. 2001) (en banc) (per curiam).

## CONCLUSION

For the foregoing reasons, Gregory J. Werden respectfully requests that this Court grant this motion for leave to file an amicus brief in the above-captioned cases.

May 7, 2025

Respectfully submitted,

Gregory J. Werden
1029 N. Stuart St. #310
Arlington, VA 22201
703-527-5128
gregwerden@gmail.com

## CERTIFICATE OF SERVICE

All parties consented to receipt of my brief by email. This motion and the proposed brief were emailed to counsel for all parties on May 7, 2025.

Gregory J. Werden
1029 N. Stuart St. #310
Arlington, VA  22201
703-527-5128
gregwerden@gmail.com