IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, et al.,<br><br>    Plaintiffs,<br>v.<br><br>Google LLC,<br><br>    Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, et al.,<br><br>    Plaintiffs,<br>v.<br><br>Google LLC,<br><br>    Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**MOTION OF AMERICAN ECONOMIC LIBERTIES PROJECT
FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE***

American Economic Liberties Project ("AELP" or "Movant") respectfully moves for leave to file an *amicus* brief in the above-captioned actions, where the Court is considering appropriate remedies for Defendant Google LLC's ("Google") violation of Section 2 of the Sherman Act. *See* ECF No. 1033 (Memorandum Opinion). AELP is a nonpartisan, nonprofit research and advocacy organization that supports fair and consistent enforcement of the antitrust laws.

For the reasons set forth herein, and consistent with Local Civil Rule 7(o), AELP's proposed *amicus* brief is desirable and addresses issues that are both unlikely to be addressed by

1

any other party and that are relevant to the disposition of the case. A proposed order accompanies this motion.

## STATEMENT OF INTEREST

AELP's interest stems from its core mission of supporting the fair and consistent enforcement of the antitrust laws, and from its studious observation of the instant case. AELP was founded in February 2020 to help translate developments in antitrust law and policy to the broader public, while ensuring that lawmakers, agency officials, enforcement personnel, and courts apply the rich history of antitrust law to contemporary market realities. AELP's advocacy includes frequent submission of *amicus* briefs in various antitrust cases.

AELP has studied this case since the date of its filing. AELP attended every day of the liability phase of trial and published near-daily trial updates for public consumption. AELP's inquiry into the broader circumstances of the case has taken the form of technological research, proactively seeking out the perspectives of non-parties who stand to be affected by the resolution of this case, and participation in legal and academic forums in which the case was a centerpiece of discussion. Since this Court's August 5, 2024 finding of liability, AELP has published a study of potential remedies in this matter and been acknowledged for its contributions to another published study.

## CONFERRAL WITH PARTIES

Pursuant to Local Civil Rule 7(o), AELP has conferred with the parties in this matter. The United States Department of Justice, on behalf of Plaintiffs United States of America, et al., in Case No. 1:20-cv-03010-APM, has represented that Plaintiffs do not oppose the filing of an *amicus* brief by AELP. Counsel for the State of Colorado, on behalf of Plaintiffs in Case No.

1:20-cv-03715-APM, take the same position.  Defendant Google LLC takes no position on this motion and reserves the right to respond to an *amicus* brief filed by AELP.

## ARGUMENT

District courts have "inherent authority" to grant participation by an *amicus curiae*, which is derived from Federal Rule of Appellate Procedure 29.  *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008); *see also United States v. Microsoft Corp.*, Civ. A. 98-1233 (TPJ), 1999 WL 1419040, at *1 (D.D.C. Dec. 20, 1999) ("[A] decision to accept an *amicus* brief is within the sound discretion of the court"); *Cobell v. Norton*, 246 F. Supp. 2d 59, 61 (D.D.C. 2003) ("[It] is solely within the discretion of the Court to determine the fact, extent, and manner of participation by the *amicus*.").  "District courts frequently welcome *amicus* briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved." *Trunk v. City of San Diego*, No. 06-cv-1597, 2007 WL 9776582, at *1 (S.D. Cal. Dec. 10, 2005).

"District courts are not bound by Rule 29 but sometimes look to it for guidance when reviewing a request to file an *amicus* brief."  *Auto Club of New York, Inc. v. Port Auth. of New York & New Jersey*, No. 11 CIV. 6746 RJH, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011).  Rule 29 provides that granting of leave to file an *amicus* brief is appropriate where "the *amici* have a sufficient 'interest' in the case and that their brief is 'desirable' and discusses matters that are 'relevant to the disposition of the case.'" *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 129 (3d Cir. 2002); *see also* Fed. R. Civ. Proc. 29(b).  Federal courts "grant motions for leave to file *amicus* briefs unless it is obvious that the proposed briefs do not meet [the enumerated] criteria as broadly interpreted."  *Id.* at 133.  And "it is preferable to err on the side of granting leave." *Id*.

3

Broadly, AELP's proposed *amicus* brief addresses the appropriate legal standard governing this Court's determination of a remedy to Google's illegal monopoly. While ensuring this Court's application of the appropriate legal standard is an ostensibly neutral premise, AELP is nevertheless forthcoming that its interpretation of that legal standard supports Plaintiffs' position. AELP's interest in these proceedings, similarly neutral, is to ensure that this Court's liability finding, nearly four years in the making, is not in vain, and that remedies give practical effect to enforcement of the antitrust laws.

In furtherance of that interest, AELP's brief provides analysis of disputed legal issues that threaten to constrain this Court's affirmative obligation to craft an effective remedy. First, contrary to arguments made by Google, the remedy in an illegal monopolization case is not constrained by the "type or class" of violation identified in an underlying liability order. Second, while Google and a group of ostensibly neutral *amici* have argued that a "heightened" or "clearer" causal connection between Google's unlawful conduct and its maintenance of monopoly power is required for this Court to order structural relief, controlling Supreme Court authority provides no support for any such limitation. Finally, no authority supports Google's claim that structural relief is available only in monopoly acquisition—but not monopoly *maintenance*—cases.

While a district court has broad authority to craft an effective remedy in an illegal monopolization case, the breadth of that discretion is not without rule or reason. AELP's brief seeks to ground this Court's disposition in affirmative obligations set forth by the Supreme Court—namely, its "inescapable responsibility" to "prescribe relief which will terminate the illegal monopoly, deny [Google] the fruits of its statutory violation, and ensure that there remain

no practices likely to result in monopolization in the future." *United States v. United Shoe Mach. Corp.*, 391 U.S. 244, 250 (1968).

## CONCLUSION

For the foregoing reasons, AELP respectfully requests that the Court grant this Motion for Leave to File an *Amicus* Brief and accept the accompanying *amicus curiae* brief.

Dated: May 9, 2025

Respectfully submitted,
/s/ Lee A. Hepner
Lee A. Hepner (admitted *pro hac vice*)
  *Senior Legal Counsel*
Catherine S. Simonsen (admitted *pro hac vice*)
  *Senior Legal Fellow*
AMERICAN ECONOMIC LIBERTIES PROJECT
2001 Pennsylvania Ave NW, Suite 540
Washington, DC 20006
Telephone: (949) 412-7623
lhepner@economicliberties.us
csimonsen@economicliberties.us

Attorneys for *Amicus Curiae* American Economic Liberties Project