IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>  Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>  Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF**

Proposed *amicus curiae* News/Media Alliance ("N/MA") respectfully requests the Court grant it leave to file the accompanying *amicus curiae* brief in support of no party. Pursuant to Local Civil Rules 7(m) and (o), N/MA contacted counsel for both Plaintiffs and Defendants regarding the filing of this Motion. Plaintiffs do not oppose this filing, and Defendants stated no position with regard to this filing. A proposed order accompanies this Motion.

In support of this Motion, N/MA states the following:

## I. Legal Standard

An *amicus curiae* "participates only for the benefit of the Court" and it is "solely within the discretion of the Court to determine the fact, extent, and manner of participation by the amicus." *United States v. Microsoft Corp.*, 2002 WL 319366, at *2 (D.D.C. Feb. 28, 2002). Courts typically permit *amicus curiae* briefs from parties with "a special interest in th[e] litigation as well as a familiarity and knowledge of the issues raised therein that could aid in the resolution of th[e] case." *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996). This is especially true "when the amicus has unique information or perspective that can help the court." *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (citing *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir.1997)).

## II. N/MA's Position is Not Adequately Represented by the Parties

N/MA is a nonprofit trade association headquartered in the Washington, D.C. area that represents over 2,200 news, magazine, and digital media publishers in the United States and globally. N/MA has a direct and compelling interest in the remedy being crafted by the Court because digital publishers are often the source of the information delivered on the search engine results pages ("SERP") in response to users' search queries. Digital publishers, like those represented by N/MA, allow Google (and other GSEs) to crawl their websites to develop its search indexes (used to provide search results) in exchange for search referral traffic. Google (and other GSEs) also use digital publisher content to ground their generative AI models and generate summary responses to user queries. Any remedy that addresses Google's conduct with regard to search indexing, SERP display and results, or other use of publishers' digital content, including grounding its generative AI models, will have a great impact on N/MA's members.

**III.     N/MA's Brief is Relevant to the Disposition of this Case**

As a trade association representing thousands of digital publishers, N/MA is uniquely situated to provide the Court with relevant insight into the impact of potential remedies on the interaction between Google and the publisher websites it relies upon to build its SERP. Most importantly, N/MA's members are responsible for much of the news, current events, and reference information that is utilized by Google and other GSEs to ground their generative AI models to provide summary responses to user queries directly on the SERP. The Court has recognized that "AI technologies have the potential to transform search" and represent "the clearest example of competition advancing search quality." *United States v. Google LLC*, 1:20-cv-03010-APM, Dkt. 1033 at 40-41 (D.D.C. 2024). N/MA's position, detailed in the accompanied *amicus curiae* brief, is that any remedy allowing publishers to selectively opt out of Google using their content must provide publishers with the ability to selectively opt out of allowing Google to use their content to ground its generative AI search results. This provision will ensure that the use of generative AI in search will in fact advance competition in search quality and prevent Google from maintaining its unlawfully acquired monopoly power to force publishers to provide content for both Google's search index and generative AI tools together.

**IV.     Conclusion**

Amicus N/MA respectfully requests that the Court grant this Motion and accept the accompanying amicus curiae brief.

Dated: May 9, 2025

Respectfully Submitted,

By: /s/ Brandon Kressin
Brandon Kressin (D.C. Bar No. 1002008
KRESSIN POWERS LLC
Brandon@kressinpowers.com
400 Seventh Street NW, Ste 300
Washington, DC 20004
202-464-2905

*Counsel for Amicus Curiae News/Media Alliance*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Motion for Leave to File *Amicus Curiae* Brief with the Clerk of the U.S. District Court for the District of Columbia by using the CM/ECF system on May 9, 2025.

I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

Dated: May 9, 2025

Respectfully Submitted,

By: /s/ Brandon Kressin
Brandon Kressin (D.C. Bar No. 1002008)
KRESSIN POWERS LLC
Brandon@kressinpowers.com
400 Seventh Street NW, Ste 300
Washington, DC 20004
202-464-2905

*Counsel for Amicus Curiae News/Media Alliance*