# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 1:20-cv-03010-APM <br><br> HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 1:20-cv-03715-APM <br><br> HON. AMIT P. MEHTA |

**MOTION OF THE CENTER FOR CYBERSECURITY POLICY AND LAW FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE IN SUPPORT OF DEFENDANT GOOGLE LLC**

**VENABLE LLP**
Elizabeth C. Rinehart (Bar No. 1617790)
Jennifer C. Daskal (*pro hac vice*)
Matthew D. Field (*pro hac vice*)
600 Massachusetts Ave, NW
Washington, DC 20001
(202) 344-4000 (Tel.)
(202) 344-8300 (Fax)
ecrinehart@venable.com
jdaskal@venable.com
mfield@venable.com
*Counsel for Amicus Curiae*
*The Center for Cybersecurity Policy and Law*

1

Pursuant to Local Rule 7(o) and the Court's scheduling order of March 27, 2025, the Center for Cybersecurity Policy and Law ("The Center") respectfully moves this court for leave to file the attached *amicus curiae* brief in support of Defendant Google LLC.

## CONFERRAL

1.  The Center conferred with all parties prior to filing this motion. This motion is unopposed.  Counsel for Plaintiffs United States of America and counsel for the Plaintiffs the State of Colorado consented to the filing of this amicus brief; counsel for Defendant Google LLC takes no position.

2.  No party's counsel authored the proposed amicus curiae brief in whole or in party.  No party's counsel contributed money to find the preparation and/or submission of the proposed brief.[1]

## STATEMENT OF INTEREST OF AMICUS CURIAE

3.   The Center is a nonprofit organization that develops, advances, and promotes best practices and educational opportunities among cybersecurity professionals. Members of the Center represent a diverse group of technology companies, including software developers, hardware manufacturers, and researchers. The Center works to develop industry consensus and advocate for solutions that balance the interests of all parties to the benefit of the public.

4.  The Center's interest in this case is to ensure that the Court gives due consideration to security measures and risks, privacy protection, and public safety and national security considerations when fashioning remedies related to Google's antitrust violations. The Center is particularly concerned about remedies that may have the unintended consequences of

---

[1]  Google has funded previous projects undertaken by the Center but did not provide funding for this brief and has not provided the Center with general support.

exposing sensitive data to malicious actors and reducing the security of the digital ecosystem. Put simply, the Center wishes to ensure that the remedies the Court imposes do not place users in a worse position with respect to cybersecurity and public safety than the status quo, and it is concerned that some of the remedies proposed by the Department of Justice do not adequately address core security concerns.

## RELEVANCE OF THE CENTER'S AMICUS BRIEF

5.     The "classic role of amicus curiae" is "assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Lab. & Indus., Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). Amicus briefs can collect background and factual references meriting judicial notice, address broader points that parties focused on winning a particular case might not emphasize, or explain how a holding may affect an industry. *See Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 131-32 (3d Cir. 2002) (quoting Luther T. Munford, *When Does the Curiae Need an Amicus*?, 1 J. App. Prac. & Process 279 (1999)). "An amicus brief should normally be allowed … when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008), and "[a]micus briefs are frequently welcome . . . concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Earth Island Inst. v. Nash*, No. 19-cv-01420-DAD-SAB, 2019 U.S. Dist. LEXIS 214578, at *5 (E.D. Cal. Dec. 11, 2019) (quoting *California v. U.S. DOL*, No. 13-CV-02069-KJM-DAD, 2014 U.S. Dist. LEXIS 5439, at *3 (E.D. Cal. Jan. 14, 2014)).

6. The Center's brief fulfills this classic role. The brief addresses core cybersecurity, privacy, public safety, and national security risks that should be considered in the implementation of remedies in this case.

7. The Center's brief aids the Court by explaining the security and privacy risks some of the Government's proposed remedies could create. Specifically, the brief provides information on the threat landscape and explains how the required sharing of sensitive datasets, as proposed by the Government, creates the risk of breach, misuse, re-identification, and exploitation by malicious actors. It provides additional detail on the inherent vulnerabilities created by the sharing of such data, the challenges with adequately protecting the data, and the difficult choices to be made about the balancing of data utility and security. The Center further highlights for the Court that there are no simple or "ordinary course" means for addressing these concerns and warns against delegating these core digital security and public safety decisions to a yet-to-be formed Technical Committee.

8. The Center also aids the Court's analysis by explaining, in an objective way, the core security considerations to be taken into account with respect to the Government's proposed structural remedies, including the proposed divestiture of Chrome.

9. The Center possesses expertise in cybersecurity and privacy policy that the Court can rely on to craft remedies that enhance competition while protecting the public's interest in maintaining strong cybersecurity protections. Because neither parties' proposed remedies extensively discuss the associated cybersecurity risks, the impact of the remedies on cybersecurity, privacy, and public safety may not be apparent. The Center's brief provides important context and insight regarding the current security environment and how these remedies will interact with that environment.

10. Because the Center's work is focused on developing cybersecurity protocols that appropriately balance the interests of the public and affected parties, the Center is uniquely positioned to inform the Court of the potential security impacts of the proposed remedies. Unlike the parties to the case, the Center is concerned primarily with how the remedies will affect the security of the digital ecosystem. Consequently, neither party can adequately represent the Center's interests.

## CONCLUSION

Because the Center has a unique interest in this proceeding, and because its brief informs the court about implications of the proposed remedies not directly addressed by the parties, the Center respectfully requests leave to participate as *amicus curiae* in support of Defendant Google LLC.

Respectfully submitted,

/s/ *Elizabeth C. Rinehart*

**VENABLE LLP**
Elizabeth C. Rinehart (Bar No. 1617790)
Jennifer C. Daskal (*pro hac vice*)
Matthew D. Field (*pro hac vice*)
600 Massachusetts Ave, NW
Washington, DC 20001
(202) 344-4000 (Tel.)
(202) 344-8300 (Fax)
ecrinehart@venable.com
jdaskal@venable.com
mfield@venable.com
*Counsel for Amicus Curiae*
*The Center for Cybersecurity Policy and Law*

Dated: May 9, 2025