UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>    Plaintiffs,<br><br>        v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 1:20-CV-03010-APM |
| STATE OF COLORADO, *et al.*,<br><br>    Plaintiffs,<br><br>        v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 1:20-CV-03715-APM |

**MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF
IN SUPPORT OF NEITHER PARTY**

Pursuant to District of D.C. Local Civil Rule 7(o), proposed *amicus curiae* Brave Software, Inc. ("Brave") respectfully requests leave to file the accompanying *amicus curiae* brief. Plaintiffs do not oppose the filing of this *amicus* brief, and Defendant took no position. A proposed order accompanies this Motion.

The Local Civil Rules for the United States District Court for the District of Columbia allow for *amicus* briefs "upon leave of Court." Dist. D.C. Local Civil Rule 7(o)(1). The Local Rules require that a motion for leave to file an *amicus* brief "shall concisely state the nature of the movant's interest; identify the party or parties supported, if any; and set forth the reasons why an *amicus* brief is desirable, why the movant's position is not adequately represented by a

1

party, and why the matters asserted are relevant to the disposition of the case." Dist. D.C. Local Civil Rule 7(o)(2).

***Brave's unrepresented interest.*** Brave is one of only three general search engines ("GSEs") in the United States (alongside Google and Bing) that has developed a search index capable of generating all of its own search results. Brave competes with Google and others in the general search services market through its GSE, Brave Search; the vast majority of Brave's revenue comes from selling its syndicated search results to third parties via the Brave Search API. Many companies, including generative artificial intelligence companies, currently rely on the Brave Search API to obtain organic search results.

Section VII of Plaintiffs' Revised Proposed Final Judgment ("RPFJ") threatens the success of "independent GSEs" like Brave and risks further entrenching Google's monopoly over the generation of search results. Specifically, Section VII would require Google to provide all "Qualified Competitors" (including those with existing commercial syndication agreements with Brave and Bing) with access to Google's own search API for near-zero cost. This would deter and delay other GSEs from investing in developing their own search indices during the license term, and it would cement Google as the primary source of organic search results, eliminating Brave's and Bing's ability to compete with Google on price. If Section VII is adopted in its current form, Brave—one of the only companies to have persevered in developing a search index in the face of Google's anticompetitive conduct—would see its primary revenue source supplanted by the remedy for that very conduct. While Brave supports the need to address Google's violations of law, Brave has a strong interest in both (1) ensuring that this Court appreciates the ways in which Section VII, as currently drafted, would harm GSE

competition and search consumers and (2) offering constructive solutions to minimize that harm while still accomplishing Plaintiffs' goal of facilitating entry by new GSEs.

*Desirability and relevance of the brief.*  Brave offers a unique perspective on Section VII as one of the few GSEs that has successfully developed a competitive search index despite Google's monopolistic conduct and without the benefit of Plaintiffs' proposed remedies.  As detailed in its proposed *amicus* brief, Brave understands what is (and is not) needed to compete in the generation of search results and what incentives an entrant has (or does not have) to do so.  Indeed, Brave distinctly addresses the potential adverse consequences of Section VII as drafted, and proposes refinements to address those consequences, whereas the testimony before this Court has been more black and white: competitors have testified in support of Section VII in its current form while Google has expressed its blanket opposition to the proposed terms of search results syndication.  Neither position fully articulates Brave's concerns.  Thus, this brief will likely materially benefit this Court's determination of the appropriate remedy in this case.

Therefore, Brave respectfully requests leave to participate in this matter as an *amicus* pursuant to District of D.C. Local Civil Rule 7(o).  Brave simultaneously serves its *amicus* brief, which is attached to this motion.

Dated: May 9, 2025                    Respectfully submitted,

                                               By:   /s/ *Yonatan Even*

**CRAVATH, SWAINE & MOORE LLP**

Gary A. Bornstein (*pro hac vice*)
Yonatan Even (*pro hac vice*)
Andrew C. Finch (*pro hac vice*)

375 Ninth Avenue
New York, New York 10001
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700
gbornstein@cravath.com
yeven@cravath.com
afinch@cravath.com

*Counsel for Proposed Amicus Curiae Brave Software, Inc.*