# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| GOOGLE LLC, | |
| Defendant. | |
| STATE OF COLORADO *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| GOOGLE LLC, | |
| Defendant. | |

**MOTION OF ACT | THE APP ASSOCIATION FOR LEAVE
TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF DEFENDANT**

Pursuant to Local Rule 7(o), ACT | The App Association ("App Association") respectfully moves for leave to file an *amicus curiae* brief in this action as the Court considers the remedies phase of this matter.

**CONFERRAL WITH PARTIES**

The App Association has conferred with the parties in this matter. The Department of Justice, representing the Plaintiffs United States of America, *et al*, in Case No. 1:20-cv-03010-APM, does not oppose the filing of this *amicus* brief. Attorneys for the State of Colorado,

representing Plaintiffs in Case No. 1:20-cv-03715-APM, also do not oppose the filing of this *amicus* brief. Counsel for Google has taken no position on this motion.

## IDENTITY AND INTEREST OF *AMICUS CURIAE*

The App Association is a not-for-profit advocacy and education organization founded in 1998. It represents the small business developer, innovator, and entrepreneur community that creates countless software applications used on mobile devices and in enterprise systems. The software application economy represented by the App Association is valued at approximately $1.8 trillion and is responsible for 6.1 million U.S. jobs.[1]

The App Association represents small business technology developers who have mutually beneficial business relationships with Google and other large technology firms. The App Association is committed to efforts to promote innovation in the technology industry. The App Association's members, typically small to medium app developers and technology companies, will be affected by the outcome of the upcoming remedies hearing where broad changes to the current online and mobile ecosystem have been proposed. The App Association files this *amicus* brief to raise its concerns about the breadth and content of the remedies proposed by the Plaintiffs.

The App Association has a strong and long-standing interest in ensuring the antitrust laws are properly applied to these technologies to promote competition and increase output. The App Association submits this *amicus* brief to highlight the symbiotic relationship between its member developers and Google and to explain its understanding of how Plaintiffs' proposed final remedies would affect the small- and medium-sized app developers who use Google products to reach millions of users.

---

[1] *State of the App Economy*, ACT | THE APP ASSOCIATION (2023), https://actonline.org/wp-content/uploads/APP-EconomyReport-FINAL-1.pdf.

**ARGUMENT**

District courts have "inherent authority" to grant participation by an *amicus curiae*, which is derived from Federal Rule of Appellate Procedure 29. *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008).

Leave to file amicus briefs is appropriate when a putative *amicus* has "a sufficient 'interest' in the case and [its] brief is 'desirable' and discusses matters that are 'relevant to the disposition of the case.'" *Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 128 (3d. Cir. 2002) (Alito, J.); *see* Fed. R. App. P. 29(a)(3)(B); Local Civil Rule 7(o) (standards for *amicus* briefs); *see also United States v. Philip Morris USA Inc.*, No. 99-2496, 2005 WL 8160465, at *2 (D.D.C. Sept. 1, 2005) (granting leave to file *amicus* brief where the proposed *amici* could provide the Court "'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide'" (quoting *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003))).

### I. The App Association Has a Strong Interest in This Case.

If the Department of Justice's proposed remedies are adopted by the Court, they would have a significant negative impact on the members of the App Association who compete in various digital markets that will be affected by this Court's ruling. The software application economy represented by the App Association is valued at approximately $1.8 trillion and is responsible for 6.1 million U.S. jobs.[2] The relationship between developers and platform companies, like Google, is mutually beneficial.[3] Ultimately, the App Association's interest in this matter is to ensure that

---

[2] *State of the App Economy*, ACT | THE APP ASSOCIATION (2023), https://actonline.org/wp-content/uploads/APP-Economy-Report-FINAL-1.pdf.

[3] *Comments of ACT | The App Association to the Federal Trade Commission on Competition and Consumer Protection in the 21st Century (Question 3)*, ACT | THE APP ASSOCIATION (Aug. 20, 2018), at 2, https://actonline.org/wp-content/uploads/Q3-ACT-Comments-re-FTC-2018-Consumer-Protection-Hearings-082018-FINAL.pdf.

the voices of app developers are heard and understood during the remedies phase of this enforcement action.

**II.     The Proposed *Amicus* Brief Discusses Matters That Are Relevant to the Disposition of the Case And Brings a Unique View Beyond What the Lawyers for the Parties Are Able to Provide.**

The App Association is interested in sharing additional information with this Court about how small businesses and consumers will be impacted by Plaintiffs' proposed remedies and how those proposed remedies will create risks to the industry. These remedies, if implemented, would significantly alter the current online and mobile ecosystem, negatively affecting the technical and commercial relationships between thousands of small app developers and Google.

The proposed remedies include the divestiture of core Google products such as Chrome and Android, which will create uncertainty in the livelihoods of thousands of small app developers who have chosen to partner or work with Google as a means of digital content distribution. Digital markets like the Google Play Store are crucial services that connect developers of apps with users. The App Association can bring the views of its developer members to the attention of the Court in a way the lawyers for the parties will not be able to provide. The App Association, thus, requests leave to file its *amicus* brief to bring to the Court's attention the concerns and experiences of its thousands of members in these digital markets.

## CONCLUSION

For the foregoing reasons, the App Association respectfully requests that the Court grant this motion and order that the App Association's *amicus* brief be docketed.

Dated: May 9, 2025   /s/ Mark G. Weiss

BAKER McKENZIE LLP
Mark G. Weiss (*pro hac vice* pending)
Creighton J. Macy (*pro hac vice* pending)
Graham Cronogue (Bar No. 104436)
Kaitlyn E. Barry (*pro hac vice* pending)
815 Connecticut Ave., NW
Washington, DC 20006
Telephone: (202) 835-6260
Facsimile: (202) 416-6260
Mark.Weiss@bakermckenzie.com

*Counsel for Amicus Curiae*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing *Motion of ACT | The App Association for Leave to File Brief as Amicus Curiae in Support of Defendant* with the Clerk of the U.S. District Court for the District of Columbia by using the appellate CM/ECF system on May 9, 2025.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: May 9, 2025

*/s/ Graham Cronogue*
Graham Cronogue (Bar No. 104436)
BAKER McKENZIE LLP
815 Connecticut Ave., NW
Washington, DC 20006
Telephone: (202) 835-6249
Facsimile: (202) 416-7249
Graham.Cronogue@bakermckenzie.com

*Counsel for Amicus Curiae*