# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>               Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>               Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*,<br><br>               Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>               Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

## MOTOROLA MOBILITY LLC'S MOTION
## FOR LEAVE TO FILE A BRIEF OF *AMICUS CURIAE*

## I.    Introduction.

Motorola Mobility LLC ("Motorola") submits this Motion for Leave to File a Brief of *Amicus Curiae* (the "Motion") to express its position regarding the United States Department of Justice's and the Plaintiff States' ("Plaintiffs") and Google LLC's ("Google") (collectively, the "Parties") Proposed Final Judgments (ECF Nos. 1184-1 and 1185) ("Proposed Remedies"). Motorola seeks to explain to the Court, in the accompanying *amicus* brief, the detrimental impact on Motorola should the Court adopt Plaintiffs' Proposed Remedies as currently fashioned. Motorola also seeks to propose an alternative remedy on revenue share payments if the Court determines that some limitations on Google's ability to make revenue share payments based on search are warranted. Motorola also explains why the Court should adopt Google's Proposed Remedies.

Pursuant to Local Civil Rule 7(m), Motorola met and conferred with the Parties to this Action regarding its Motion. Plaintiffs informed Motorola that they do not oppose this filing. Google takes no position.

## II.   The Court Should Grant Motorola Leave to File a Brief of *Amicus Curiae*.

The Court should grant Motorola's motion because: (1) Motorola has a legally protected interest in this matter; (2) neither the Plaintiffs nor Google completely and adequately represent Motorola's interests; and (3) Motorola's position is relevant to the disposition of this case. *See* LCvR 7(o); Fed. R. App. P. 29(a)(4).

Leave to file an *amicus* brief is appropriate when a putative *amicus* could "provide the [Court] 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *United States v. Philip Morris USA Inc.*, No. 99-2496, 2005 WL 8160465, at *2 (D.D.C. Sept. 1, 2005) (quoting *Cobell v. Norton*, 246 F. Supp.

2d 59, 62 (D.D.C. 2003)); *see also Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 128 (3d. Cir. 2002) (Alito, J.) (quoting Fed. R. App. P. 29(b)) (holding *amicus* is appropriate when the proposed *amici* has "a sufficient 'interest' in the case and [its] brief is 'desirable' and discusses matters that are 'relevant to the disposition of the case.'").

Federal courts freely "grant motions for leave to file *amicus* briefs unless it is obvious that the proposed briefs do not meet [the] criteria as broadly interpreted." *Neonatology Assocs.*, 293 F.3d at 133; *see also id.* ("[I]t is preferable to err on the side of granting leave.").

A.    **Motorola Has a Legally Protected Interest in This Case as a Customer and Competitor of Google.**

Motorola is an original equipment manufacturer ("OEM") in the smartphone market. Motorola is a customer of Google for the Android operating system with which Google also contracts to share revenue based on consumer usage of Google Search. Additionally, Motorola receives supplemental revenue from Google for marketing certain Google products. Motorola is also a competitor of Google in the smartphone market because Google manufactures and distributes the Pixel phone, which has the fourth-largest share in the United States, while Motorola currently has the third-largest share.

Motorola has a contractual right to receive payments from Google that would be impaired should the Court grant Plaintiffs' Proposed Remedy. An interest is "impair[ed]" when an opposing ruling would result in a substantial change with respect to that interest and "reestablishing the status quo" would be "difficult and burdensome." *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 733 (D.C. Cir. 2003). The search-related payments Motorola receives from Google are integral to Motorola's research and development ("R&D"), distribution, innovation, and marketing efforts in the United States. *See* Feb. 20, 2025 Deposition Transcript of Francois Laflamme ("Laflamme Dep.") 77:6-78:19. Motorola also uses Google payments to

cover regular costs of doing business. *See* Laflamme Dep. 77:6-78:19. Forbidding Google from providing Motorola with revenue share and other payments based on Google Search usage will be a substantial, detrimental change to Motorola, reducing its ability to fund R&D, distribution, innovation, and marketing as well as to cover its costs. Reinstating revenue share payments later would not be capable of "reestablishing the status quo." *Fund for Animals*, 322 F.3d at 733. The interim harm to Motorola's ability to compete when payments are disrupted and not made would be devastating to Motorola's business livelihood. *See* Laflamme Dep. 77:4-78:19.

B.    **No Party Adequately Represents Motorola's Interests.**

No Party adequately represents Motorola's interests nor can provide the Court with its unique perspective on the parties' Proposed Remedies. First, Plaintiffs do not adequately represent Motorola's interests because their Proposed Remedies would directly and severely impact Motorola financially and harm competition for smartphone OEMs generally. Plaintiffs' Proposed Remedies do not consider how competition for smartphones works today. If Motorola cannot receive payments based on search from Google, it will be unable to successfully compete with larger smartphone manufacturers. Further, if the Court enjoins Google from sharing revenues, then its rivals in the general search or search advertising industries will have no incentive to offer Motorola such payments either. Although Plaintiffs have provided selected testimony to this Court from Francois Laflamme, Motorola's Global Chief Strategy & Marketing Officer, and emphasized portions of Motorola's documents taken out of context, Plaintiffs removed Mr. Laflamme from their witness list, presumably because Motorola has divergent interests and disagrees with many of Plaintiffs' Proposed Remedies. For example, Mr. Laflamme believes that revenue share payments are necessary to avoid harm to Motorola and overall competition, and that choice screens do not work to create more competition. *See* Laflamme

Dep. 77:4-78:19, 87:4-89:2.

Second, Google will not adequately represent Motorola's interests. Motorola is both a customer and a competitor of Google. Google has business relationships with all of Motorola's other major smartphone competitors that do not benefit Motorola. Google also competes directly with Motorola as a smartphone manufacturer and, therefore, has the incentive to promote and favor its own smartphones over Motorola's. Motorola's and Google's interests, thus, do not align.

Google's Proposed Remedies address the flexibility to contract with different providers that Motorola seeks. However, a party's representation is inadequate when it may not give "primacy" to the same issues as a third party. *Fund for Animals*, 322 F.3d at 736. Motorola also cannot rely on Google to devote adequate focus to—or forcefully resist—the specific provisions of Plaintiffs' Proposed Final Judgment that will negatively impact Motorola. Although Google is a supplier of the Android operating system to Motorola, and Motorola is a distributor of and access point for Google Search and other Google apps, because Google also competes with Motorola in the smartphone market, Google does not have the same incentive as Motorola to highlight the negative impact of the Parties' Proposed Remedies on that adjacent market. For example, one would expect Google to minimize its payments to and have the incentive to grow its smartphone business at the expense of competitors. Thus, due to Google's conflicting incentives, it does not share the same incentives to advocate for Motorola's concern regarding potential harm in the smartphone market or to do so as forcefully.

C.     **Motorola's Position is Relevant to the Disposition of This Case because the Court Must Remedy Harm to Competition Without Simultaneously Causing Harm in the Smartphone Market.**

Having ruled that Plaintiffs have proven Google is liable for unlawful monopolization,

the Court's task now is to order remedies to address Google's anticompetitive conduct in the markets for general search and general search advertising. However, it cannot also harm competition in adjacent markets when doing so. Motorola, as a smaller smartphone OEM, can provide a unique perspective on the Parties' Proposed Remedies that goes to the Court's disposition of the case and their impact on a key adjacent market.

Adopting the Plaintiffs' Proposed Remedies would harm both Motorola and competition more broadly as Motorola would be unable to compete as effectively with larger smartphone manufacturers and, therefore, would be contrary to precedent. *See New York v. Microsoft Corp.*, 224 F. Supp. 2d 76, 136 (D.D.C. 2002) (quoting *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 458 (1993)) (courts fashioning antitrust remedies "must be 'careful to avoid constructions of § 2 which might chill competition, rather than foster it'"). If the Court seeks to prohibit some revenue share payments, then it should not do so in a way that harms smaller smartphone competitors to Google. Motorola, therefore, suggests that the Court permit Google to continue to make revenue share payments to smartphone OEMs for usage of Google Search and—at minimum—should allow payments to those OEMs that comprise 30 percent or less market share in the smartphone market. Doing so will address concerns with Google's past exclusionary conduct in the general search and general search advertising markets arising from exclusionary effects of revenue share payments to all market participants while avoiding harm to smaller smartphone OEMs.

Motorola supports Google's decoupling and no self-preferencing remedies, which would also address harm to competition without harming smaller OEMs like Motorola. Motorola's positions, thus, aid the Court's disposition of the case by providing its view of the impact of the Parties' Proposed Remedies.

III.    **The Court Should Grant Motorola Leave to File Its Brief of *Amicus Curiae*.**

Motorola meets the standards for the Court to grant it leave to file a brief as *amicus curiae*. Motorola has a significant interest in this matter due to its multi-faceted relationship with Google and its position as a small smartphone manufacturer competing against Apple and Samsung. Neither Plaintiffs nor Google can adequately represent Motorola's interests, and Motorola's position is relevant to the disposition of this case. Thus, for the foregoing reasons, Motorola respectfully requests that the Court grant its Motion for Leave to File a Brief of *Amicus Curiae*.

Dated: May 9, 2025

Respectfully submitted,

*/s/ Katharine O'Connor*
Katharine O'Connor
(*admitted pro hac vice*)
Stephen Wu
(*pro hac vice* application pending)
McDermott Will & Emery LLP
444 West Lake Street, Suite 4000,
Chicago, IL 60606
(312) 984-3627
Swu@mwe.com
Koconnor@mwe.com

*/s/ Marisa Poncia*
Marisa Poncia
McDermott Will & Emery LLP
500 North Capitol Street NW
Washington, DC 20001
(202) 756 – 8928
Rponcia@mwe.com

*Counsel for Motorola Mobility LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Motion for Leave to File a Brief of Amicus Curiae with the Clerk of the U.S. District Court for the District of Columbia by using the CM/ECF system on May 9, 2025. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

Dated: May 9, 2025                                    Respectfully submitted,

                                    */s/ Katharine O'Connor*
                                    Katharine O'Connor
                                    (*admitted pro hac vice*)
                                    Stephen Wu
                                    (*pro hac vice* application pending)
                                    McDermott Will & Emery LLP
                                    444 West Lake Street, Suite 4000,
                                    Chicago, IL 60606
                                    (312) 984-3627
                                    Swu@mwe.com
                                    Koconnor@mwe.com

                                    */s/ Marisa Poncia*
                                    Marisa Poncia
                                    McDermott Will & Emery LLP
                                    500 North Capitol Street NW
                                    Washington, DC 20001
                                    (202) 756 – 8928
                                    Rponcia@mwe.com

                                    *Counsel for Motorola Mobility LLC*