**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | |
| GOOGLE LLC, | HON. AMIT P. MEHTA |
| Defendant. | |

| | |
|---|---|
| STATE OF COLORADO, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | |
| GOOGLE LLC, | HON. AMIT P. MEHTA |
| Defendant. | |

**MOTION BY BIPARTISAN FORMER ANTITRUST ENFORCERS FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF NEITHER PARTY**

Pursuant to Local Civil Rule 7(o) and the Court's March 11, 2025 order (*see* ECF 1186), Proposed *Amici* ("Movants") respectfully move this Court for leave to file the brief attached as Exhibit A to this motion as *Amicus Curiae* in support of neither party.  Movants have conferred with all parties as to the filing of this brief.  *See* Local Rule 7(o)(2).  Defendant Google LLC, by and through its counsel, consents to the filing of this motion.  Plaintiffs the United States of America, the State of Alaska, and the State of Colorado, by and through their respective counsel, have advised Movants' undersigned counsel that they will not oppose this motion.  Counsel for the remaining Plaintiffs did not provide a position on Movants' motion.

I.      **IDENTITY AND INTEREST**

Movants[1] are former enforcers of federal antitrust law who have served in the Antitrust Division of the United States Department of Justice and/or the Bureau of Competition at the Federal Trade Commission; movants include antitrust enforcers from the Nixon, Ford, Carter, Reagan, George H.W. Bush, Clinton, George W. Bush, Obama, and Trump administrations.  Four movants served under Republican administrations and seven served under Democratic administrations (and certain individuals worked under both parties' administrations).  Movants possess decades of experience with antitrust law and have an interest in ensuring the antitrust laws are enforced in a manner that halts proven competitive harms and avoids adverse effects on competition and innovation.  Movants' interest is particularly acute in dynamic technology markets.  Movants maintain a strong interest in the long-term implications of antitrust rulings on

---

[1] No party, or counsel for a party, authored the brief in whole or in part.  No one other than *Amici* and their counsel contributed money to fund this brief.  O'Melveny & Myers LLP represents Google in other matters unconnected to this brief.  The affiliations of each individual *Amici* are listed for identification only as the views expressed in the brief are those of the individual *Amici* only and do not represent the views of each *Amicus*'s firms or their firms' clients or their affiliations.

1

enforcement policy, and retain an interest in ensuring that antitrust laws are enforced in a manner that addresses proven harms to competition without inadvertently hindering innovation. This issue is particularly acute in dynamic technology markets.

The *Amici* are:

Stephen Calkins is a Professor of Law at Wayne State University Law School. He served as General Counsel of the Federal Trade Commission from 1995 to 1997.

Terry Calvani served as a Commissioner of the Federal Trade Commission from 1983 to 1990.

William Kolasky is a Senior Counsel at Hughes Hubbard & Reed LLP. He served as Deputy Assistant Attorney General in the Antitrust Division of the United States Department of Justice from 2001 to 2002.

Jon Leibowitz served on the Federal Trade Commission, first as a Commissioner from 2004 to 2009, then as the Chairman from 2009 to 2013. He also served as Chief Counsel to the Antitrust, Competition Policy, and Consumer Rights Subcommittee of the Senate Judiciary Committee from 1997 to 2000.

Abbott (Tad) B. Lipsky, Jr. is an Adjunct Professor of Law at George Mason University Antonin Scalia School of Law. He served as Deputy Assistant Attorney General in the Antitrust Division of the United States Department of Justice from 1981 to 1983. He more recently served as co-chair of the Transition Team for the Federal Trade Commission following the election of President Donald Trump in 2016 and as Acting Director of the Federal Trade Commission Bureau of Competition in 2017.

Douglas Melamed is a Visiting Fellow at Stanford Law School. He served in the Antitrust Division of the United States Department of Justice from 1996 to 2001, first as

Principal Deputy Assistant Attorney General, then leading the division as Acting Assistant Attorney General.

Jon Nuechterlein is a Distinguished Scholar at George Washington University's Competition Law Center, an Adjunct Professor of Law at Georgetown Law School, and a Nonresident Senior Fellow at the Technology Policy Institute. He served as General Counsel of the Federal Trade Commission from 2013 to 2016.

Richard Parker served as Senior Deputy Director and then as Director of the Bureau of Competition at the Federal Trade Commission from 1998 to 2001.[2]

Joe Sims served as Deputy Assistant Attorney General in the Antitrust Division of the United States Department of Justice from 1975 to 1978.

Willard K. Tom served as General Counsel of the Federal Trade Commission from 2009 to 2012. He also served as Deputy Director of the Bureau of Competition at the Federal Trade Commission from 1997 to 2000 and as Counsel to the Assistant Attorney General in the Antitrust Division of the United States Department of Justice from 1993 to 1995.

Mark Whitener is an Adjunct Professor at Georgetown University and a Senior Fellow at the Georgetown Center for Business & Public Policy. He served as Deputy Director of the Bureau of Competition at the Federal Trade Commission from 1993 to 1997.

Movants respectfully submit the attached brief (*see* Exhibit A) in support of neither party to ensure the Court hears perspectives concerning the correct legal standard governing antitrust remedies in a monopoly-maintenance case. *See D.C. v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011) (granting leave to participate as *Amici Curiae* after finding that

---

[2] Mr. Parker joins this brief in his personal capacity. He has not worked for Google on this matter or any other matters. The law firm he is a partner at has advised Google in this matter.

proposed *Amici* had relevant expertise, a concern for the issues, and would assist the court's evaluation of a consent decree). As explained further in Movants' brief, Movants respectfully discuss the proper standard this Court should apply as it assesses remedies in this case. Applying the proper remedy standard is central to this Court's determination of whether to implement structural and/or injunctive remedies on Google. *See Washington All. of Tech. Workers v. U.S. Dep't of Homeland Sec.*, 518 F. Supp. 3d 448, 453 (D.D.C. 2021) (allowing participation where *Amici* provided an important perspective for evaluating the administrative record against the applicable legal standard), *aff'd sub nom. Washington All. of Tech. Workers v. United States Dep't of Homeland Sec.*, 50 F.4th 164 (D.C. Cir. 2022). As former enforcers, Movants are able to provide an independent, non-adversarial perspective on the enforcement implications of this legal standard. *See Ellsworth Assocs. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996) (granting leave to file where *Amicus* had special interest in the litigation and familiarity and knowledge of the issues raised and thus would aid in the resolution of the case).

## II.   CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court grant this motion, enter the attached proposed order, and direct the Clerk of the Court to file the proposed brief on the dockets for the above-captioned cases.

| | |
|---|---|
| Dated:  May 13, 2025 | Respectfully submitted,<br><br>/s/ Ian Simmons<br>Ian Simmons (D.C. Bar No. 439645)<br>Michael F. Rosenblatt (D.C. Bar No. 1656892) (*pro hac vice* application pending)<br>O'MELVENY & MYERS LLP<br>1625 Eye Street, NW<br>Washington, DC  20006-4061<br>Telephone:       +1 202 383 5300<br>Facsimile:        +1 202 383 5414<br>isimmons@omm.com<br>mrosenblatt@omm.com<br><br>Peter Herrick (D.C. Bar No. 1029327) (*pro hac vice* application pending)<br>O'MELVENY & MYERS LLP<br>1301 Avenue of the Americas<br>17th Floor<br>New York, NY 10019<br>Telephone:       +1 212 326 2000<br>Facsimile:        +1 212 326 2061<br>pherrick@omm.com<br><br>*and*<br><br>Andrew Ezekoye (*pro hac vice* application pending)<br>Joshua P. Cayetano (*pro hac vice* application pending)<br>O'MELVENY & MYERS LLP<br>Two Embarcadero Center<br>28th Floor<br>San Francisco, CA 94111-3823<br>Telephone:       +1 415 984 8700<br>Facsimile:        +1 415 984 8701<br>aezekoye@omm.com<br>jcayetano@omm.com<br><br>Attorneys for *Amicus Curiae* Bipartisan Former Antitrust Enforcers |

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2023, I electronically filed a true and correct copy of the foregoing MOTION BY BIPARTISAN FORMER ANTITRUST ENFORCERS FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF NEITHER PARTY with the Clerk via the CM/ECF system which will send notification of such filing and service upon all counsel of record.

/s/ Ian Simmons
Ian Simmons
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC  20006-4061
Telephone:     +1 202 383 5300
Facsimile:      +1 202 383 5414
isimmons@omm.com

*Counsel for Amicus Curiae Bipartisan Former Antitrust Enforcers*