**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br> v.<br><br>Google LLC,<br><br>　　　　　　　　　　Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br> v.<br><br>Google LLC,<br><br>　　　　　　　　　　Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**DEFENDANT'S OPPOSITION TO ADMARKETPLACE, INC.'S MOTION FOR
LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS**

The Court ordered that "[a]micus brief(s) shall be due by May 9, 2025." Mar. 11, 2025 Order at 2 (ECF No. 1186). The deadline was necessary to allow the parties an opportunity to address any amicus briefs in their post-hearing submissions and at closing argument on May 30, 2025. Nine weeks after the Court-ordered deadline, adMarketplace submitted a Motion for Leave to File Brief as *Amicus Curiae* in Support of Plaintiffs (ECF No. 1423). The motion is untimely and should be denied.

## BACKGROUND

The Court established the deadline for submitting amicus briefs at the March 10, 2025 status conference, where it recognized that "a deadline for any amicus filings … needs to be in time for [the parties] to be able to integrate them into [their] responses" on May 16, 2025. Mar. 10, 2025 Hr'g Tr. 41:6-17. At the joint request of Google and Plaintiffs, the Court set a deadline of May 9, 2025, which was reflected in an order issued the next day. *Id.* 42:1-10; *see* Mar. 11, 2025 Order at 2 (ECF No. 1186). The Court reiterated that deadline in a subsequent order: "Per the court's Order of March 11, 2025, ECF No. 1186, any amicus brief(s) that the court has granted leave to file shall be due by May 9, 2025." Mar. 28, 2025 Order at 2 (ECF No. 1201).

On May 7, 2025, Apple sought a three-day extension of the deadline for filing its amicus brief. According to the motion, Apple anticipated that Plaintiffs' presentation of their rebuttal case on May 9, 2025 may include "testimony relevant to Apple" because the rebuttal witness previously "testified extensively to issues concerning Apple." Apple Inc.'s Mot. for Extension of Time at 1 (ECF No. 1255). The Court denied the request for a three-day extension and ordered that "Apple shall file its amicus brief by May 9, 2025." May 8, 2025 Minute Order.

Approximately 20 non-parties submitted motions for leave to file amicus briefs on or before the May 9, 2025 deadline. adMarketplace was not among them, but it has participated in

1

this case in various other respects. For example, adMarketplace states that its "representatives met on over a dozen occasions with the government to discuss remedies," and the company's co-CEO testified in Plaintiffs' case on April 28, 2025. Proposed Amicus Br. at 1.

The Court held closing argument on May 30, 2025, and, not surprisingly, numerous non-parties were discussed. The Court referenced at least a dozen non-parties by name in its questions, including some that had submitted amicus briefs by the Court-ordered deadline and others that had not. *E.g.*, Rem. Hr'g Tr. 4902:13-19 (referencing Mozilla), 4915:23-4916:9 (referencing OpenAI and Amazon), and 4940:15-4941:4 (referencing Microsoft).

Almost six weeks after closing argument, on July 10, 2025, adMarketplace notified Google for the first time that it intended to submit a motion for leave to file an amicus brief. Google, the DOJ Plaintiffs, and the Colorado Plaintiffs each informed adMarketplace they did not consent to the filing. adMarketplace nevertheless filed its motion and proposed amicus brief the following day.

## ARGUMENT

adMarketplace's Motion for Leave to File Brief as *Amicus Curiae* in Support of Plaintiffs should be denied because it indisputably was filed nine weeks after the Court's deadline for submitting amicus briefs. Mar. 11, 2025 Order at 2 (ECF No. 1186). Nothing more needs to be said, as the Court can and should enforce its own deadlines. *See, e.g.*, *Jarvis v. Parker*, 13 F. Supp. 3d 74, 79 (D.D.C. 2014) ("If the court allows litigants to continually ignore deadlines … soon the court's scheduling orders would become meaningless."); *Kearns v. Cuomo*, 2019 WL 5060623, at *8 (W.D.N.Y. Oct. 9, 2019) (denying motion to file amicus brief where movant "failed to comply with th[e] Court's Order … setting a deadline … for the filing of any requests for leave to submit an *amicus curiae* brief").

2

As the Court observed at the March 10, 2025 status conference, the deadline for amicus briefs was necessary to allow the parties an opportunity to consider those briefs before filing their post-hearing submissions on May 16, 2025. *See* Mar. 10, 2025 Hr'g Tr. 41:6-17. Even in cases where there is no Court-ordered deadline for filing amicus briefs, courts have repeatedly found that motions to participate as an amicus are untimely when they are filed after the parties' briefs. As one court explained, "it is beyond dispute that [a] proposed amicus brief is untimely" when it is filed "several days after Defendants' only scheduled brief on the merits was filed," and it is "incomprehensibl[e]" that the prospective amicus would expect "its Motion to be heard a week *after* the scheduled hearing" on the parties' merits issue. *Karuk Tribe of Cal. v. U.S. Forest Serv.*, 2005 WL 8177401, at *2 (N.D. Cal. July 1, 2005).[1] Moreover, although adMarketplace's proposed brief in this case is neither relevant nor useful, courts have repeatedly denied motions to participate as amici that are filed after the parties' briefing is complete even when the "*[a]mici* have significant collective experience … that is relevant to many of the issues raised." *Finkle v. Howard Cty., Md.*, 12 F. Supp. 3d 780, 783 (D. Md. 2014) (cleaned up).[2]

While Google need not show that it would be prejudiced by a filing made nine weeks after the Court's deadline, adMarketplace is wrong that its untimely "filing would not prejudice the parties because they are afforded an opportunity to respond to [its] motion within 14 days."

---

[1] *See also Hualapai Indian Tribe v. Haaland*, 2024 WL 4475094, at *2 (D. Ariz. Oct. 11, 2024) (denying as untimely Arizona's motion for leave to file an amicus brief where "the briefing process was completed before the State filed its Motion"); *In re Becker*, 2009 WL 2762787, at *1 (E.D. Wis. Aug. 28, 2009) (denying as untimely an association's motion for leave to participate as amicus where it "did not move to appear until over two months after the [matter] was fully briefed").

[2] *See also Mi Familia Vota v. Hobbs*, 2022 WL 475986, at *1-2 (D. Ariz. Feb. 16, 2022) (denying as untimely a motion by numerous States to submit amicus brief in case challenging "two Arizona election laws" despite States' argument that "States frequently weigh in as amici in election-law disputes" and they "bring perspective on how these lawsuits should proceed and how the applicable laws should be interpreted"); *Friends of Animals v. U.S. Fish & Wildlife Serv.*, 2021 WL 4440347, at *2-3 (D. Utah Sept. 28, 2021) (denying as untimely a motion by Utah and two counties to participate as amici even though "[t]he State Amici certainly have an interest in the litigation").

3

Mot. at 6 (citing Local Civ. R. 7(o)(2)).  The cited rule authorizes a party to "file an opposition to a motion for leave to file an amicus brief … within 14 days after service of the motion," but it is silent concerning a party's right to respond to the implications of the arguments in the proposed brief for the merits of the case.  Local Civ. R. 7(o)(2).  If the Court granted adMarketplace's motion to file its proposed brief "in support of Plaintiffs," Mot. at 1, Google respectfully submits that "the Court would have to reopen the already completed briefing process" to allow Google an opportunity to respond on the merits.  *Hualapai Indian Tribe*, 2024 WL 4475094, at *2.  The "burden of study and the preparation of a possible response" to such an untimely amicus brief plainly supports denying the motion.  *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000); *see, e.g.*, *SEC v. Carebourn Capital, L.P.*, 2023 WL 4947458, at *1 (D. Minn. Aug. 3, 2023) ("Proposed Amici's delay is particularly unwarranted given the burden that addressing such a brief would impose on the parties and the Court at this late stage.").

adMarketplace is also off base in asserting that "good cause exists" for modifying the May 9, 2025 deadline for filing amicus briefs because adMarketplace "believed its interests would be adequately represented by Plaintiffs" and it "could not have anticipated" the questions asked or answers given at closing argument on May 30, 2025.  Mot. at 5.  It is irrelevant whether adMarketplace could have anticipated what happened at closing argument because a case schedule is not designed for the benefit of prospective amici.  While amicus briefs may aid the Court in some circumstances, a purported amicus cannot impose the burden of response on the parties whenever it perceives their positions have changed or it wants to express its views on a supposedly unexpected statement.  adMarketplace does not cite a single case allowing an untimely amicus brief to be filed on this ground.  And if adMarketplace's showing were sufficient, then numerous amici would be permitted to submit post-argument briefs in all manner

4

of cases given the frequency with which oral arguments present unexpected questions and answers of interest to non-parties. In this case, for example, the Court's questions at closing argument referenced at least a dozen non-party entities. Granting adMarketplace's untimely "motion would encourage other [non-parties] to move for leave to file similar amici briefs, which would unduly expand the already extensive record in this case." *Cobell v. Norton*, 246 F. Supp. 2d 59, 63 (D.D.C. 2003).

In all events, adMarketplace is incorrect that its baseless remedy proposals were somehow "adequately represented" before but not after closing argument. Mot. at 5. For example, adMarketplace apparently contends that Google should be forced to turn over its "syndication assets" to "GenAI companies" and "publishers," which it defines as "a 'property that is not a general search engine where users are expressing intent by entering queries' into 'search input boxes.'" Mot. at 3 (brackets omitted). No one could have "adequately represented" a proposal that is so diametrically opposed to the Court's liability findings, including its decision to "reject[] Google's proposed query-response market" and to "instead agree[] with Plaintiffs that there is a relevant market for general search services." *United States v. Google LLC*, 747 F. Supp. 3d 1, 116 (D.D.C. 2024); *see also id.* at 125 (concluding "Google does not monopolize" a "search advertising market" that "includes all advertisements served in response to a query—whether entered on a GSE, an SVP, or a social media platform"); *id.* at 137 (stating general search "text ads are unique to GSE SERPs" and do not "appear on SVPs and other platforms").

adMarketplace further contends that the "assets" Google should be required to give to countless other firms "should also include [its] product listing ads," which again "are not part of the monopolized markets under th[e] Court's liability opinion." Proposed Amicus Br. at 6. Not

5

even Plaintiffs' radical proposals would require that. And much of adMarketplace's proposed brief advocates a form of price regulation where "[t]he Court would decide" the revenue share percentage that Google pays under search "distribution" agreements. Proposed Amicus Br. at 12. As adMarketplace acknowledges, Plaintiffs never proposed that as a remedy either. *Id.* at 13. Although the proposed amicus brief's opinions would not have been relevant or useful at any juncture, the only potentially acceptable time to express them would have been on or before May 9, 2025, when every other prospective amicus submitted its brief.

Finally, adMarketplace's decision to wait until six weeks after closing argument to file its motion belies any assertion that some unexpected or significant development at closing argument justifies its untimely submission. For all of the reasons stated above, a request for relief from the May 9, 2025 deadline would have been improper even if adMarketplace had filed it soon after the grounds for its submission purportedly came to light, particularly given that the Court had already denied another non-party's motion for a three-day extension of the deadline to file amicus briefs. *See* May 8, 2025 Minute Order. But the baselessness of adMarketplace's rationale for its untimely filing is even more apparent in view of its weeks-long delay after closing argument.

## **CONCLUSION**

Google respectfully requests that the Court deny adMarketplace's Motion for Leave to File Brief as *Amicus Curiae* in Support of Plaintiffs (ECF No. 1423).

Dated: July 25, 2025　　　　　　　　　　Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Michael Sommer (admitted *pro hac vice*)
Franklin M. Rubinstein (D.C. Bar No. 476674)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
msommer@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*