UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 20-cv-3010 (APM) |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| STATE OF COLORADO et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 20-cv-3715 (APM) |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

The court hereby explains its limited redactions to the publicly docketed Memorandum Opinion issued on this date, ECF No. 1436. Over the course of both the liability- and remedies-phase proceedings, the court has issued several decisions regarding the public disclosure of information in trial exhibits, court filings, and other records that the parties have previously designated as confidential. *See* Order, ECF No. 892, at 2–3 (summarizing the court's prior orders); Order, ECF No. 1034. The court is thus intimately familiar with the parties' and third parties' positions, as well those of the media intervenors. For that reason, the court did not invite briefing before releasing its decision.

The court has withheld from the public record only certain confidential terms of current contracts between Google and third parties relating to payment percentages and amounts and some of Google's sensitive proprietary business information. It has done so by applying, once again, the six factors set forth by the D.C. Circuit in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). Those factors are "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996). The court balances the *Hubbard* factors, combining them where appropriate, as follows:

*First and Sixth*, the D.C. Circuit has "stated that there is a 'need for public access' in those instances where 'the documents at issue [are] . . . specifically referred to in the trial judge's public decision.'" *Id.* (quoting *Hubbard*, 650 F.2d at 318). That public interest is strengthened when the parties have submitted evidence to the court for purposes of a trial on the merits. *See Hubbard*, 650 F.2d at 321. For these reasons, the court has redacted very little in its Memorandum Opinion, even information that the court previously accepted under seal.

In those limited instances where the court has withheld information, the court has disclosed related information that will allow the public to have a full understanding of the court's reasoning. For instance, although the court has shielded some contract terms in current agreements, it has done so narrowly, redacting only a few specific numeric values without obfuscating the overall terms. And where the court has withheld proprietary business information belonging only to

2

Google, it has done so, again, only by redacting specific numeric values to take care that the public's understanding of the court's rulings is not impaired.

*Second*, the redacted information has not been previously revealed publicly. It was submitted as confidential to the court in public session with the relevant information redacted from exhibits. This factor thus weighs against public release.

*Third*, the information withheld has been designated by Google or third parties as confidential business information and its disclosure is thus subject to objection. Third-party interests are given greater weight under *Hubbard*. *See id.* at 319–20. The redacted contract terms implicate third-party interests, not just Google's. And even where third parties' interests are "integrally related" to Google's, their interests are not identical. *See id.* at 319. So, this factor weighs in favor of the limited redactions of the contract terms. *See In re L.A. Times Commc'ns LLC*, 628 F. Supp. 3d 55, 70 (D.D.C. 2022) (shielding from disclosure "private financial information of third parties" and "information gained from the cooperation of private third-party witnesses").

As to Google's proprietary business information, Google itself has raised objections to its unsealing. And "the fact that a party objects may be a significant factor for the court to consider" when deciding whether to withhold information. *See Berliner Corcoran & Rowe LLP v. Orian*, 662 F. Supp. 2d 130, 133 (D.D.C. 2009) (citing *Hubbard*, 650 F.2d at 319). Because Google objects and because the court has heeded the objections only in four narrow instances, this factor also weighs in favor of the limited redactions to Google's proprietary business information.

*Fourth and Fifth*, the court considers the strength of the claimed privacy and property interests, as well as any prejudice to the relevant parties and non-parties upon release of the redacted information. "For documents containing sensitive business information and trade secrets,

3

. . . courts commonly permit redaction." *See Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 671 (D.C. Cir. 2017).  As to the current contract terms, the competitive disadvantage to Google and third parties upon such disclosure is evident.  Should those figures be revealed, they could harm standing in future negotiations.  *See United States v. Anthem, Inc.*, No. 16-cv-01493, 2016 WL 11164059, at *3 (D.D.C. Nov. 20, 2016) (considering that "disclosure would grant the healthcare providers with whom Anthem contracts unfair insight into Anthem's business strategy, reimbursement rates, and approach to provider negotiations").  The redacted information relating strictly to Google, too, is the kind of information "that might harm a litigant's competitive standing."  *See Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978) (citation omitted).  And the competitive standing that may be harmed has little to do with the competitive standing that the court in its Memorandum Opinion seeks to remedy.

On balance, then, the *Hubbard* factors support the court's limited withholdings, all of which implicate the privacy and property interests of both Google and third parties in whole or in part.

Dated:  September 2, 2025

Amit P. Mehta
United States District Court Judge