IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*,<br><br>          Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>          Defendant. | Case No. 1:20-cv-03010 (APM)<br><br>HON. AMIT P. MEHTA |
| State of Colorado, *et al.*,<br><br>          Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>          Defendant. | Case No. 1:20-cv-03715 (APM)<br><br>HON. AMIT P. MEHTA |

**MOTION OF DUCK DUCK GO, INC.
FOR LEAVE TO FILE A BRIEF OF *AMICUS CURIAE***

Duck Duck Go, Inc. ("DuckDuckGo") submits this motion for leave to file a brief of *amicus curiae* (the "Motion") to express its position regarding Plaintiffs' and Defendant Google LLC's respective Final Proposed Final Judgments ("FPFJs") filed September 17, 2025. DuckDuckGo seeks to advise the Court, in the accompanying *amicus* brief, regarding the detrimental impact on DuckDuckGo if three particular conflicts in the parties' competing FPFJs are not resolved in Plaintiffs' favor. Plaintiffs have advised DuckDuckGo that they oppose this motion for leave. Google has advised DuckDuckGo that it does not consent to the motion.

Leave to file an *amicus* brief is appropriate when such a brief offers "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *United States v. Philip Morris USA Inc.*, No. 99-2496, 2005 WL 8160465 at *2

(D.D.C. Sept. 1, 2005) (quoting *Cobell v. Norton,* 246 F. Supp. 2d 59, 62 (D.D.C. 2003)). Courts typically permit such briefs from non-parties with "a special interest in th[e] litigation as well as a familiarity and knowledge of the issues raised therein that could aid in the resolution of th[e] case." *Ellsworth Assocs., Inc. v. United States,* 917 F. Supp. 841, 846 (D.D.C. 1996). Federal courts freely "grant motions for leave to file *amicus* briefs unless it is obvious that the proposed briefs do not meet [the] criteria as broadly interpreted." *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue,* 293 F.3d 128, 133 (3d Cir. 2002).

Here, DuckDuckGo has an interest in this case as an operator of a general search engine that competes directly with Google's general search engine. As such, DuckDuckGo is a prospective "Qualified Competitor," as the term is defined in the Court's September 2025 Memorandum Opinion, and would potentially benefit from the syndication remedy to be included in the Court's final judgment, as well other remedies available to competing search engines.

No party adequately represents DuckDuckGo's interests nor can provide the Court with DuckDuckGo's perspective on the FPFJs, which is directly relevant to the Court's consideration of the FPFJs. The FPFJs, and in particular the three conflicting sets of provisions addressed in DuckDuckGo's brief, have practical implications for a Qualified Competitor considering seeking a syndication license from Google under the final judgment. One of those provisions, which pertains to Qualified Competitors' obligation to share end-user data with Google, directly impacts DuckDuckGo as a search engine that has built its brand and differentiated itself from Google largely by focusing on user privacy. The issues DuckDuckGo seeks to address are not discussed in either side's brief in support of its FPFJ, and DuckDuckGo believes its perspective will assist the Court in resolving the disputes discussed in the accompanying brief.

For the reasons set forth above, DuckDuckGo respectfully requests that the Court grant this motion and accept DuckDuckGo's accompanying proposed *amicus curiae* brief.

Dated: October 1, 2025　　　　　　　　　　　　Respectfully submitted,
Washington, DC

　　　　　　　　　　　　　　　　　　　　　　*/s/ Ronald F. Wick*
　　　　　　　　　　　　　　　　　　　　　　COHEN & GRESSER LLP

　　　　　　　　　　　　　　　　　　　　　　Melissa H. Maxman (D.C. Bar No. 426231)
　　　　　　　　　　　　　　　　　　　　　　Ronald F. Wick (D.C. Bar No. 439737)
　　　　　　　　　　　　　　　　　　　　　　2001 Pennsylvania Avenue, N.W.
　　　　　　　　　　　　　　　　　　　　　　Suite 300
　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20006
　　　　　　　　　　　　　　　　　　　　　　Phone: (202) 851-2070
　　　　　　　　　　　　　　　　　　　　　　Email: mmaxman@cohengresser.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　rwick@cohengresser.com

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Duck Duck Go, Inc.*