**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>       Plaintiffs,<br><br> v.<br><br>GOOGLE LLC,<br><br>       Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*,<br><br>       Plaintiffs,<br><br> v.<br><br>GOOGLE LLC,<br><br>       Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**MOTION OF NONPARTY OPENAI FOR LEAVE TO
<u>FILE A BRIEF OF AMICUS CURIAE</u>**

OpenAI OpCo, LLC ("OpenAI") submits this motion for leave to file a brief of amicus curiae (the "Motion") to express its position regarding Plaintiffs' and Defendant Google LLC's respective Final Proposed Final Judgments. OpenAI is a generative artificial intelligence ("GenAI") company and a prospective "Qualified Competitor," as defined by this Court. Rem. Op.[1] at 103-04. OpenAI seeks to assist the Court, in the accompanying amicus brief, in considering the practical implications of the parties' proposed final judgments for OpenAI and similarly situated GenAI companies that seek to compete in the face of Google's search monopoly. Plaintiffs have advised OpenAI that they do not oppose this motion for leave. Google has advised OpenAI that it opposes the motion.

Leave to file an amicus brief may be granted to a nonparty with "a special interest in th[e] litigation as well as a familiarity and knowledge of the issues raised therein that could aid in the resolution of th[e] case." *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996). Courts have permitted parties to file amicus briefs when "the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *WildEarth Guardians v. Zinke*, 368 F. Supp. 3d 41, 59 (D.D.C. 2019); *see also Hard Drive Prods., Inc. v. Does 1-1,495*, 892 F. Supp. 2d 334, 337 (D.D.C. 2012) (explaining that amicus participation is normally appropriate "when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide").

By virtue of responding to the parties' document and deposition subpoenas and providing a witness to testify at the remedies hearing, OpenAI has an appreciation for the issues in this

---

[1] "Rem. Op." refers to the Court's Memorandum Opinion Regarding Remedies, dated September 2, 2025. ECF No. 1436.

litigation. And now, as a prospective "Qualified Competitor," OpenAI has a unique perspective on the parties' proposed final judgments. *See* Rem. Op. at 103-04 (modifying the definition of "Qualified Competitor" to "leave no doubt that the remedies extend to" companies like OpenAI and similar firms). OpenAI's success depends in part on its ability to compete with Google on search. In particular, OpenAI seeks leave to provide its perspective on the parties' proposed data-sharing and syndication remedies that will be made available to Qualified Competitors. OpenAI, as a prospective recipient of these remedies, seeks to raise these concerns now so as to preempt future disputes over the scope and implementation of this Court's remedies.

No party adequately represents OpenAI's interests, nor has either party focused on how the parties' diverging proposals would impact a GenAI company's incentives and ability to develop a competing search product. OpenAI believes its perspective will assist the Court in resolving the disputes discussed in the accompanying brief.

For the reasons set forth above, OpenAI respectfully requests that the Court grant this motion and accept OpenAI's accompanying proposed amicus curiae brief.

Date: October 31, 2025

Respectfully submitted,

*/s/ Ashok Ramani*
DAVIS POLK & WARDWELL LLP
Ashok Ramani
ashok.ramani@davispolk.com
Serge A. Voronov
serge.voronov@davispolk.com
900 Middlefield Road, Suite 200
Redwood City, CA 94063
Tel:     (650) 752-2000

*Counsel for OpenAI OpCo, LLC*