IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>   Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |

| | |
|---|---|
| State of Colorado, *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>   Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**DEFENDANT'S OPPOSITION TO OPENAI'S MOTION FOR
LEAVE TO FILE A BRIEF OF AMICUS CURIAE**

Google respectfully requests that the Court deny OpenAI's motion for leave to file an amicus brief in support of Plaintiffs' proposed final judgment (ECF No. 1452) as untimely and an improper attempt to seek reconsideration of this Court's September 2, 2025 opinion.

## I. THE MOTION SHOULD BE DENIED BECAUSE IT IS UNTIMELY.

More than six weeks have passed since the parties filed briefs in support of their respective proposed final judgments that were submitted after the issuance of the Court's September 2 opinion, and it has been more than three weeks since the Court held a hearing where the Court and the parties discussed areas of dispute between the parties. The Court has not requested any additional briefing from the parties or scheduled a further hearing. Yet non-party OpenAI now seeks leave to file an amicus brief arguing "that the syndication and data-sharing terms of Plaintiffs' proposed final judgment should be adopted in full." Proposed Br. at 8.

OpenAI's motion is plainly untimely. "[I]t is beyond dispute that [a] proposed amicus brief is untimely" when it is filed "after Defendants' only scheduled brief on the merits," and it is "incomprehensibl[e]" that the prospective amicus would expect its motion for leave "to be heard … *after* the scheduled hearing" on the merits issues. *Karuk Tribe of Cal. v. U.S. Forest Serv.*, 2005 WL 8177401, at *2 (N.D. Cal. July 1, 2005). Time and again, courts have denied motions to participate as an amicus where, as here, "the briefing process was completed before the [prospective amicus] filed its Motion." *Hualapai Indian Tribe v. Haaland*, 2024 WL 4475094, at *2 (D. Ariz. Oct. 11, 2024); *see, e.g.*, *In re Domestic Airline Travel Antitrust Litig.*, 2025 WL 2760374, at *7 (D.D.C. Sept. 29, 2025) (concluding an "Amicus Motion is untimely, as it was filed well after the briefing on summary judgment"); *Finkle v. Howard Cty., Md.*, 12 F. Supp. 3d 780, 783 (D. Md. 2014) (denying as untimely a motion for leave to submit an amicus brief that was filed "45 days after" the parties' final brief).

1

There is no excuse for this untimely filing from OpenAI. *See* Mot. at 1-2. Even though there is no evidence whatsoever that OpenAI was harmed by any of the conduct identified in the Court's liability opinion—OpenAI successfully entered into an agreement with Apple for distribution of ChatGPT as part of Apple Intelligence, and was never blocked from being preloaded on any mobile device or incorporated into any browser—Plaintiffs called an OpenAI executive to testify on the second day of the remedies evidentiary hearing. If OpenAI believed it was appropriate to seek leave to participate even further in these proceedings as an amicus, it should have done so long ago so that Google could respond in full to any such submission. Although OpenAI's proposed brief would not have been useful at any point in time, an earlier filing would have allowed the parties and the Court an opportunity to address it to the extent necessary, including at the hearing on October 8, 2025.[1] Instead, OpenAI waited *more than six weeks* to file a proposed brief addressing provisions that have not changed since the parties' September 17, 2025 filing. Tellingly, OpenAI's motion does not even attempt to explain why the company did not file the motion at least a month ago.[2]

Google would be prejudiced by the filing of OpenAI's amicus brief at this late date. The Court stated as much in its September 2, 2025 minute order, where it concluded that Google

---

[1] OpenAI's motion is thus plainly distinguishable from the motion filed by DuckDuckGo on October 1, 2025, *i.e.*, a week *before* the hearing on the parties' proposed final judgments. *See* Mot. of DuckDuckGo, Inc. for Leave to File a Brief of *Amicus Curiae* (ECF No. 1446).

[2] OpenAI asserts that it has "an appreciation for the issues" and "a unique perspective," Mot. at 1-2, but that cannot possibly justify its untimely filing. Courts have repeatedly denied untimely motions to submit amicus briefs even where the prospective amici "certainly have an interest in the litigation." *Friends of Animals v. U.S. Fish & Wildlife Serv.*, 2021 WL 4440347, at *2-3 (D. Utah Sept. 28, 2021); *see, e.g.*, *Mi Familia Vota v. Hobbs*, 2022 WL 475986, at *1-2 (D. Ariz. Feb. 16, 2022) (denying as untimely a motion by 14 States to submit an amicus brief in a case challenging election laws even though "States frequently weigh in as amici in election-law disputes"); *Finkle*, 12 F. Supp. 3d at 783 (denying as untimely an amicus motion even though the prospective amici "have significant 'collective experience' … that is relevant to many of the issues raised").

"would be prejudiced by the court's acceptance of [a] belatedly filed brief" submitted by prospective amicus adMarketplace. And the Court made much the same observation at a hearing earlier this year, where it observed that "a deadline for any amicus filings … needs to be in time for" the parties "to be able to integrate" or otherwise address the amicus briefs in the parties' own written submissions. Mar. 10, 2025 Hr'g Tr. 41:6-17. The prejudice cannot be cured by granting Google leave to file a response because the "burden of study and the preparation of a possible response" to an untimely amicus brief is itself a form of prejudice that supports denying the motion. *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000); *see, e.g.*, *SEC v. Carebourn Capital, L.P.*, 2023 WL 4947458, at *1 (D. Minn. Aug. 3, 2023) ("Proposed Amici's delay is particularly unwarranted given the burden that addressing such a brief would impose on the parties and the Court at this late stage.").

Moreover, as discussed further below, OpenAI's untimely motion is especially prejudicial because its proposed brief advances unsupported and inaccurate assertions long after the evidentiary record has closed. For example, there is *no evidence* that Google possesses monopoly power in any purported market relating to the syndication of search results as demonstrated by the robust syndication offerings from companies such as Microsoft and Brave, let alone that Google has "extracted" existing syndication terms "by exercising … monopoly power." Proposed Br. at 5. To the contrary, the evidence in the record with regards to syndication demonstrates that both Microsoft and Brave, not Google, syndicate search results to a host of significant search engines (*e.g.*, Yahoo and DuckDuckGo) and GenAI chatbots (*e.g.*, OpenAI). It would be extraordinarily prejudicial to allow the filing of an untimely amicus brief predicated on such brazen and unsubstantiated claims never before asserted in these proceedings. Because neither Plaintiffs nor OpenAI advanced these baseless arguments at the

evidentiary hearing, Google "did not have the opportunity to examine [OpenAI's or Microsoft's] witness or present its own evidence at the remedies hearing to respond to [OpenAI's] legal and factual contentions." Sept. 2, 2025 Minute Order. Accordingly, the motion must be denied. *See id*.

Finally, OpenAI's untimely motion is also prejudicial because it could delay issuance of the Court's final judgment. If the Court granted OpenAI's motion to file a proposed "Brief in Support of Plaintiffs' Proposed Final Judgment," then Google submits that "the Court would have to reopen the already completed briefing process" to allow Google an opportunity to file a responsive brief. *Hualapai Indian Tribe*, 2024 WL 4475094, at *2; *see, e.g.*, *Cobell v. Norton*, 246 F. Supp. 2d 59, 63 (D.D.C. 2003). As indicated, it would be patently unfair to deprive Google of the opportunity to address OpenAI's belated legal and factual contentions that purport to offer a "unique perspective" and allegedly address issues "[n]either party has focused on." Mot. at 2; *see* Sept. 2, 2025 Minute Order. And if OpenAI's untimely motion were granted, that would "encourage other [non-parties] to move for leave to file similar amici briefs," *Cobell*, 246 F. Supp. 2d at 63, which would lead to further requests from one side or the other to submit a substantive response.

## II. THE MOTION SHOULD BE DENIED FOR NUMEROUS OTHER REASONS, INCLUDING BECAUSE OPENAI IMPROPERLY SEEKS RECONSIDERATION OF THE COURT'S OPINION.

OpenAI's untimely motion should also be denied for a host of other reasons.

*First*, the motion is nothing more than a thinly disguised request for reconsideration of the Court's September 2 opinion, but an amicus brief plainly cannot be used for that purpose. *See, e.g.*, *Ballard v. Citadel Serv. Corp.*, 2024 WL 4404950, at *3 (C.D. Cal. Sept. 3, 2024) (finding "no authority" for the proposition that a non-party's "willingness to file an amicus brief in support of the position of the party … justif[ies] reconsideration"). This Court rejected

4

Plaintiffs' proposed grounding remedy. Rem. Op. (ECF No. 1436) at 179 (concluding that "forced syndication of" Google's FastSearch results for "grounding for GenAI products" "is an ill-fitting remedy"). But that is precisely what OpenAI improperly seeks in its proposed amicus brief. Although OpenAI coyly avoids using the term "grounding" in its proposed brief, OpenAI's demand for "syndication usage beyond display of the ten blue links" is the same request for grounding that it unsuccessfully supported at the remedies hearing. Proposed Br. at 2. Indeed, the remedy hearing testimony of Mr. Turley that OpenAI cites is all about grounding. *Compare id.* at 3, 5 ("As Mr. Turley testified, Google in the past shut out certain Qualified Competitors, such as OpenAI, from syndication agreements") *with* Rem. Op. at 39 ("OpenAI previously sought out a partnership with Google for grounding, but Google declined.") *and id.* at 179 (holding "[t]he court will *not* require Google to create a syndication service for FastSearch results, when it does not do so now" (emphasis added)).

OpenAI characterizes the syndication remedy as inadequate because Google web results are somehow "already obsolete or outdated," Proposed Br. at 4, but syndication of those web results is what Plaintiffs and other general search engines like DuckDuckGo and Yahoo sought as part of Plaintiffs' March 7, 2025 Proposed Final Judgment and what the Court's opinion requires Google to provide. What OpenAI seeks is the ability to feed Google's web results into its AI models, *i.e.*, to ground on Google's web results. That is precisely what the Court rejected in its denial of compelled syndication of FastSearch results, Rem. Op. at 179, and in its holding that Google may place its ordinary commercial restrictions on the use of syndicated results. *Id.* at 177-78. A Qualified Competitor will receive other information under the proposed final judgments that it can use to improve its product, such as search index data and user interaction data under Section IV of the parties' proposed final judgments. Syndication, by contrast, is

5

envisioned as "a *bridge* to help rivals and entrants provide high-quality search and ads *to users* in the *short term*," Pls.' Rem. Post-Trial Br. (ECF 1358) at 21 (emphasis added), not as a means for rivals to obtain unrestricted access to Google's intellectual property to improve their own products. That is why the Court imposed volume limits and rejected syndication of synthetic queries. *E.g.*, Rem. Op. at 178 ("The opportunity to syndicate with Google, once more, is meant to help a Qualified Competitor compete until it becomes an independent *GSE*, not as a way to improve search results." (emphasis added)).

*Second*, OpenAI's motion should be denied because its proposed brief does not contain any "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Jin v. Ministry of State Security*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008). Instead, OpenAI seeks to wipe away the evidentiary record and reverse the Court's opinion using inaccurate assertions and lawyers' arguments. For example, OpenAI baselessly asserts that the terms in Google's "current syndication agreements" are "relatively unfavorable" and were "extracted by exercising its monopoly power." Proposed Br. at 5. This would be an improper amicus argument under any circumstance because OpenAI does not have any "unique" knowledge of any Google syndication agreement. But the assertion is even more baseless and inappropriate here because the Court conducted a three-week evidentiary hearing on remedies, and there was no evidence whatsoever that Google has monopoly power in a market involving *search syndication* or even that its ordinary commercial terms are "unfavorable" in relation to what other syndicators offer or under any other standard. *See, e.g.*, Rem. Op. at 177 (explaining that "use restrictions are common industry practice" in syndication agreements). Instead, during these proceedings, the Court heard evidence that Microsoft syndicated search results to DuckDuckGo and Yahoo among others, and that Brave syndicated

6

search results to various general search engines and GenAI companies. On this record, there is no evidence that Google had monopoly power in syndicating search results in the United States.

Moreover, OpenAI's position expressly seeks to destroy competition among syndication services by arguing that Google should be compelled to syndicate Google search results on terms that have never been adopted in a single commercial syndication agreement, and that companies like Microsoft and Brave could not possibly match. *See* Proposed Br. at 5. The Court already concluded based on evidence and timely argument that requiring Google to syndicate on such non-standard terms "will reduce, if not eliminate, competition in the market for syndicated search results," and "[e]quity cannot countenance such an outcome." Rem. Op. at 175. OpenAI's cursory and inaccurate speculation about Google's syndication agreements cannot replace admissible evidence and the Court's findings.

OpenAI wants Google to be forced to ground ChatGPT on syndication terms that would never arise from a commercial negotiation. *See* Proposed Br. at 2-3. And it seeks this remedy—which was already rejected by the Court—even though "OpenAI calculated its share of the U.S. market as of December 2024 to be approximately 85%." Rem. Op. at 42. The record in this case could not be more clear: OpenAI has already been able to ground ChatGPT without any judicial intervention, under circumstances where "[t]here is constant jockeying for a lead in quality among GenAI products and models," and "Google's models do not have a distinct advantage over others in factuality or other technical benchmarks." *Id.* at 41. Moreover, OpenAI seeks this remedy even though ChatGPT—the fastest growing consumer product in history—is not a general search engine and has not even arguably been harmed by the search distribution and promotion agreements challenged by Plaintiffs in this case. Under these circumstances, there is no legal or factual support for this remedy that the Court already rejected for good reasons.

*Third*, OpenAI's proposed amicus brief rehashes various arguments previously raised by Plaintiffs, addressed by Google in its briefing, and discussed by the Court and the parties at the hearing. An amicus brief is improper and should not be accepted when it advances arguments the parties addressed "in their briefing" or that are "a slight variation of Plaintiffs' argument." *WildEarth Guardians v. Zinke*, 368 F. Supp. 3d 41, 59 (D.D.C. 2019). That is all the more apparent with an untimely brief like this one, which effectively functions as an unauthorized reply on behalf of Plaintiffs that Plaintiffs themselves could not have filed. *See, e.g.*, Proposed Br. at 8 (arguing "that the syndication and data-sharing terms of Plaintiffs' proposed final judgment should be adopted in full").

Section III of OpenAI's brief, for example, rests on the same misreading of Google's proposed use restriction that Plaintiffs raised in their brief and that Google addressed at the hearing. As counsel for Google confirmed at the hearing, Google's language with respect to User-Side Data does not prohibit Qualified Competitors from using the user interaction data to improve their indexes. Rather, Google's proposed language is intended only to require Qualified Competitors to use the disclosed data solely to compete in the appropriate markets. *See* Google's Br. in Support of Its Proposed Final Judgment (ECF No. 1443) at 20-21. At the hearing Plaintiffs provided no basis to jettison all use restrictions and allow open-ended use of Google's search data for non-search products, and OpenAI provides none here other than its own self-interest. As indicated, an amicus brief should not be accepted when it "mirrors what was already argued" by the parties. *Domestic Airline Travel Antitrust Litig.*, 2025 WL 2760374, at *7.

### III.   CONCLUSION.

Google respectfully requests that the Court deny OpenAI's motion.

Dated: November 3, 2025

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Michael Sommer (admitted *pro hac vice*)
Franklin M. Rubinstein (D.C. Bar No. 476674)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
msommer@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*