THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                              Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                              Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**NON-PARTY MICROSOFT CORPORATION'S MOTION FOR LEAVE TO FILE
MATERIALS UNDER SEAL**

Pursuant to Paragraph 21 of the Stipulated Protective Orders (ECF Nos. 84 & 98)[1] and Local Rule 5.1(h)(1), non-party Microsoft Corporation, by and through its undersigned counsel of record, respectfully moves for leave to file under seal portions of Exhibit A to Kayleigh Klinzman's

---

[1] Paragraph 21 of the Stipulated Protective Orders (ECF Nos. 84 & 98) states that if "any Highly Confidential Information or Confidential Information is contained in any pleading, motion, exhibit or other paper filed or to be filed with the Court, the Court shall be so informed by the Party filing such papers, and such papers shall be filed under seal, in accordance with Local Rule 5.1(h)."  Paragraph 21 further states that "[t]his Order hereby grants the ***Parties*** leave to file such properly designated Highly Confidential Information or Confidential Information under seal." (emphasis added).  Because this sentence in Paragraph 21 refers to the Parties, not non-Parties, Microsoft respectfully seeks leave to file under seal via this Motion.

1

Declaration in support of Non-Party Microsoft Corporation's Motion for Leave to File Material Under Seal ("Klinzman Decl."). The Parties do not oppose this Motion.

Exhibit A is an excerpt from the February 20, 2025 deposition of Charlie Beard, Microsoft's Director of Customer Engagement, that took place as part of the remedies phase of the above-captioned action. Klinzman Decl. ¶ 3. The excerpt contains the following highly confidential testimony:

- Pages 33: A description of Microsoft's confidential negotiations with a leading OEM regarding the possibility of including Microsoft's Copilot on the OEM's devices.

- Pages 83: A description of Microsoft's confidential negotiations with a leading OEM regarding the possibility of including Microsoft's Copilot on the OEM's devices.

- Pages 120-121: A description of Microsoft's confidential negotiations with a major mobile distributor regarding the possibility of including Microsoft's Bing and Copilot on Android devices.

- Pages 134-136: A description of Microsoft's confidential negotiations with a major mobile distributor regarding the possibility of including Microsoft's Bing and Copilot on Android devices.

- Pages 139-140: A description of Microsoft's confidential negotiations with a major mobile distributor regarding the possibility of including Microsoft's Bing and Copilot on Android devices.

Microsoft does not publicly disclose the status of ongoing negotiations with business partners as such information is competitively sensitive. *Id.* ¶ 4. Instead, Microsoft takes great care to protect this type of information, including restricting its circulation internally within Microsoft. *Id.* If information about Microsoft's confidential negotiations with business partners were publicly

disclosed, Microsoft's competitors would have insight into Microsoft's negotiation strategies and positions, which could then be exploited in head-to-head competition with Microsoft for distribution deals. *Id.* ¶ 5. In other words, Exhibit A contains Microsoft's confidential and non-public commercial information as defined in Paragraph A.1(b) of the Stipulated Protective Orders, *see* ECF. Nos. 84 & 98.

This Circuit has adopted a balancing test to determine whether public access to information in legal proceedings should be denied. *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980) (noting that "the public has in the past been excluded . . . from court proceedings or the records of court proceedings . . . to protect trade secrets"). The balancing test considers (1) the need for public access to the information at issue; (2) the extent of previous public access to the information; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interest asserted; (5) the possibility of prejudice to those opposing disclosures; and (6) purposes for which the information is being introduced in the proceeding. *Id.* Here, the factors weigh in favor of sealing Exhibit A.

Public need for access to information on these proceedings will not be seriously impaired as Microsoft has included the information relevant to its Brief of *Amicus Curiae* Microsoft Corporation In Support Of Plaintiffs' Final Proposed Final Judgment (the "Brief") in the Brief itself using neutral descriptors for Microsoft's business partners and a redacted version of Exhibit A. Both Microsoft's Brief and a redacted version of Exhibit A will remain available to the public. *Id.* at 3118 (purposes of public access are only "modestly served" where public had access to courtroom proceedings, memoranda, record, and court decisions). Additionally, details regarding Microsoft's confidential negotiations with business partners have not previously been made public, and in some cases have not even been widely distributed within Microsoft due to their highly

sensitive nature.  Klinzman Decl. ¶ 4.  Moreover, Microsoft has a strong interest in preserving the confidentiality of competitively sensitive negotiations with business partners particularly given the disadvantages Microsoft already faces in terms of competition against Google.  *See* Memorandum Opinion, 1:20-cv-03010-APM (Dkt. No. 1436), at 14 (finding Google's distribution agreements "impaired rivals' opportunities to compete"); *Hubbard*, 650 F.2d at 315 ("[C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing.").  Further, neither Google nor the Plaintiffs will be prejudiced by the sealing of portions of Exhibit A.  The final factor—the "purposes for which the information is being introduced"—also weighs in favor of sealing because Exhibit A is included to provide further context to the Court pursuant to Microsoft's role as a friend to the Court and in order to help the Court decide a dispute between the Parties after the Court has already issued both its liability and remedies opinions.  *Id.* at 321.

Accordingly, on balance, the foregoing factors support allowing Microsoft to file portions of Exhibit A under seal.  *Id.* at 322.  For the reasons stated herein, Microsoft respectfully requests that the Court grant this motion.

Pursuant to Local Civil Rule 7(m), the undersigned counsel states that it contacted counsel for Plaintiffs and Defendant Google on November 3, 2025 regarding Microsoft's request to seal. Plaintiffs consent to this Motion and Google does not oppose this Motion.

Dated: November 4, 2025                    Respectfully submitted,

*/s/ John Jurata*
John (Jay) Jurata, Jr. (*pro hac vice*)
**DECHERT LLP**
1900 K Street, NW
Washington, DC 20006
Tel.: (202) 261-3300
Fax: (202) 261-3333
jay.jurata@dechert.com

Julia Chapman *(pro hac vice)*
**DECHERT LLP**
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Tel.: (215) 994-2060
Fax: (215) 994-2222
julia.chapman@dechert.com

Russell P. Cohen (*pro hac vice*)
**DECHERT LLP**
45 Fremont Street, 26th Floor
San Francisco, CA 94105
Tel.: (415) 262-4506
Fax: (415) 262-4555
Russ.Cohen@dechert.com

*Counsel for Microsoft Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2025, I caused to be served a copy of the foregoing Non-Party Microsoft Corporation's Motion for Leave to File Materials Under Seal on all counsel of record via the CM/ECF system.

*/s/ John Jurata*
John (Jay) Jurata, Jr. (*pro hac vice*)
**DECHERT LLP**
1900 K Street, NW
Washington, DC 20006
Tel.: (202) 261-3300
Fax: (202) 261-3333
jay.jurata@dechert.com

*Counsel for Microsoft Corporation*