IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>              Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>              Defendant. | Case No. 1:20-cv-03010-APM<br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*,<br><br>              Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>              Defendant. | Case No. 1:20-cv-03715-APM<br>HON. AMIT P. MEHTA |

**MOTION FOR LEAVE TO FILE
<u>AMICUS BRIEF IN SUPPORT OF NEITHER PARTY</u>**

During the recent hearing on the parties' Proposed Final Judgments, this Court indicated that its ability to correctly resolve the dispute regarding Sections III.K and III.L – which address the permissible duration of Google's partnership agreements – would greatly benefit from understanding whether distributors of search engines and artificial intelligence ("AI") tools prefer to solely have the ability to enter one-year agreements with Google or the option to enter multi-year agreements with an annual right of termination. *See, e.g.*, 10/8/25 Hearing Tr. at 79:9-81:22. Accordingly, Mozilla Corporation ("Mozilla"), as a distributor of search engines and AI tools, respectfully moves for leave to file a brief as *amicus curiae* for the purpose of informing this Court that it strongly prefers having the option to choose between a one-year

agreement or multi-year agreement with an annual right of termination rather than being strictly limited to a one-year agreement that must be renegotiated every year during the Final Judgment (a process that would require significant time and resources and would deprive distributors of the flexibility, control and revenue predictability needed to effectively operate their businesses and invest in the fundamental technologies that provide real choice to users).[1]

In support of this motion, Mozilla further states:

1. This Court has "broad discretion" in determining whether a third party may participate in a case as *amicus curiae*. *Nat'l Ass'n of Home Builders v. U.S. Army Corps. of Engineers*, 519 Fupp. 2d 89, 93 (D.D.C. 2007); *see also Commonwealth of the N. Mariana Islands v. United States*, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (same) . "[N]ormally," courts in this District will grant an *amicus* leave to file a brief "'when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997)); *see also Mashpee Wampanoag Tribe v. Bernhardt*, 2020 WL 2615523, at *1 (D.D.C. May 22, 2020) (same). This Court has already recognized that Mozilla, as a distributor of search engines and AI tools, is uniquely positioned to assist this Court in correctly deciding which contract duration options should be made available to existing and potential Google distribution partners under the Final Judgment.[2]

2. At the October 8, 2025 hearing, this Court asked Plaintiffs whether they had "heard from [Google's] partners in terms of what their preference is" between Plaintiffs' proposal to

---

[1] Mozilla's proposed *amicus* brief is attached hereto as Exhibit 1, and a proposed Order is attached as Exhibit 2.

[2] This Court previously granted Mozilla leave to file an *amicus* brief regarding whether certain remedies proposed by Plaintiffs should be adopted. *See* 5/16/25 Minute Order.

1

limit Google's search and AI partnership agreements to one-year terms and Google's proposal to permit multi-year agreements with an annual termination right.  10/8/25 Hearing Tr. at 79:9-18; *see also id.* at 80:22-81:4 ("THE COURT: Well, can I go back to the question I asked, and that was whether . . . you had conversations with partner representatives who have expressed a view on whether they would like to have optionality or would prefer . . . a world in which every contract . . . has to be renewed every year?").  In doing so, this Court indicated that it would "welcome" knowing the views of Google's distribution partners because such information would help ensure that the parties' dispute is resolved in a manner that promotes this Court's remedial objectives.  *Id.* at 79:9-18.

3. Plaintiffs, however, were unable to provide this Court with such information because they had "not heard from [search and AI distributors] on [the parties' competing proposals], saying they disagree with [Plaintiffs] or agree with Google."  *Id.* at 81:9-16.  While noting that the trial evidence showed that search and AI distributors typically prefer multi-year agreements, *id.* at 74:19-21, Google was likewise unable to inform this Court whether distributors prefer Plaintiffs' proposed one-year limit or Google's proposed multi-year option.

4. Mozilla's accompanying *amicus* brief will provide this Court with the exact information that it requested during the October 8 hearing, but the parties were unable to provide.  As detailed in the accompanying *amicus* brief, Mozilla strongly prefers having the option to choose between one-year and multi-year agreements with an annual termination right because this optionality provides Mozilla the freedom "to annually set a different [general search engine] at various search access points across different devices," 9/2/25 Remedies Op. at 110, based on its independent business determinations, while also preserving the ability to secure the requisite degree of revenue predictability needed to effectively operate its business.

2

5. As part of the discussion regarding the permissible duration of Google partnership agreements, the Court also addressed whether browser developers should be able to enter into omnibus agreements with Google covering multiple browser modes and operating systems instead of having to negotiate and administer separate agreements for each browser mode and operating system. *See, e.g.*, 10/8/25 Hearing Tr. at 78:11-79:8. To assist this Court in resolving this question, Mozilla's *amicus* brief explains why Mozilla, as the developer of the Firefox browser, strongly prefers having the option to negotiate omnibus agreements with Google provided that (i) Mozilla has the ability each year to select a non-Google product as the default for any browser mode and/or operating system, and (ii) Mozilla's decision to set a non-Google product as the default for any browser mode and/or operating system will not result in Mozilla forfeiting any revenue for another browser mode and/or operating system where a Google product continues to serve as the default. This commonsense and efficient approach would avoid unnecessarily subjecting Mozilla—a small, mission driven company owned by a non-profit organization—to significant costs and administrative burdens while furthering this Court's objective of ensuring that browser developers can freely choose their default partners and that Google's rivals can fairly compete for these distribution opportunities. The same is true for other independent browser developers, who, in addition to promoting innovation and choice, serve as an important alternative to Big Tech and AI browsers.

6. No party adequately represents Mozilla's interests. And, as demonstrated by the responses to this Court's questions during the October 8, 2025 hearing, no party can adequately provide this Court with Mozilla's views on the important issues addressed in the proposed *amicus* brief.

7. In accordance with Local Civil Rule 7(m), Mozilla conferred with counsel for the

parties prior to filing the instant motion.  Plaintiffs have confirmed that they do not oppose Mozilla's motion and Google has stated that it opposes the motion.

For the foregoing reasons, Mozilla respectfully requests that this Court grant its motion for leave to file a brief as *amici curiae*.

Dated: November 6, 2025

Respectfully submitted,

**CROWELL & MORING LLP**

By: */s/ Juan A. Arteaga*
Juan A. Arteaga (*pro hac vice*)
Angel Prado (*proc hac vice*)
Two Manhattan West
375 Ninth Avenue
New York, New York 10001
(212) 223-4000
jarteaga@crowell.com
aprado@crowell.com

*Attorneys for Amicus Curiae Mozilla Corporation*