# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> Google LLC, <br><br> *Defendant.* | Case No. 1:20-cv-03010-APM <br><br> HON. AMIT P. MEHTA |
| State of Colorado, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> Google LLC, <br><br> *Defendant.* | Case No. 1:20-cv-03715-APM <br><br> HON. AMIT P. MEHTA |

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF
IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL STAY PENDING
APPEAL**

Proposed amicus curiae Public Knowledge respectfully moves for leave to file the accompanying amicus curiae brief in opposition to Defendant Google LLC's Motion for a Partial Stay Pending Appeal, ECF No. 1471. Public Knowledge's proposed amicus brief is attached hereto as Exhibit 1, and a proposed Order is attached as Exhibit 2.

Pursuant to Local Civil Rules 7(m) and 7(o), Public Knowledge contacted counsel for both Plaintiffs and Defendant regarding the filing of this Motion. The United States does not oppose this filing, States take no position, and Defendant Google did not consent.

In support of this Motion, Public Knowledge states the following:

1. Courts in this District grant amicus leave "when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997)); see also *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Engineers*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007) (district court has "broad discretion" to permit amicus participation). This Court has already granted multiple amici leave to file briefs in this matter. *See* 5/12/25 Minute Order (granting leave to several amici).

2. Public Knowledge is a nonprofit organization that promotes freedom of expression, an open internet, and access to affordable communications tools and creative works. For over two decades, Public Knowledge has participated in proceedings before Congress, the Federal Communications Commission, the Federal Trade Commission, and the federal courts on competition policy in technology markets. On behalf of consumers, Public Knowledge has a strong interest in the remedies the Court has ordered and their prompt implementation.

3. Google filed its Motion for a Partial Stay Pending Appeal on January 16, 2026, seeking to delay implementation of the data-sharing and syndication provisions of the Final Judgment entered December 5, 2025. Google argues that it will likely succeed on the merits of its appeal, will suffer irreparable harm absent a stay, and that the public interest favors delay. Public Knowledge's proposed amicus brief responds to each of these arguments and offers the Court a public-interest perspective that no party to this litigation can provide.

4. Public Knowledge's brief addresses the stay factors from the standpoint of the hundreds of millions of Americans who use search every day and who have been denied the benefits of competition for over a decade. The brief explains why Google's merits arguments

fail, why the claimed irreparable harms are overstated, and why the balance of equities and public interest both weigh against delay. Public Knowledge draws on its experience in competition policy to explain why the competitive window that generative AI has opened may close if the remedies are stayed, and why Google's recent actions, including its January 2026 partnership with Apple for AI distribution, make prompt implementation all the more urgent.

5. No party adequately represents the public interest that Public Knowledge seeks to advance. The Department of Justice and State plaintiffs represent governmental enforcement interests; Public Knowledge represents the interests of consumers and the broader public in competitive technology markets. These perspectives overlap but are not identical, and Public Knowledge's brief offers analysis and arguments that complement, rather than duplicate, the parties' submissions.

For the foregoing reasons, Public Knowledge respectfully requests that this Court grant its motion for leave to file a brief as amicus curiae.

Dated: February 5, 2026

*Respectfully submitted,*

/s/ John Bergmayer
PUBLIC KNOWLEDGE
1818 N Street NW, Suite 410
Washington, DC 20036
(202) 861-0020
john@publicknowledge.org

*Counsel for Amicus Curiae*
*Public Knowledge*