# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>                            Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>                            Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*,<br><br>                            Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>                            Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

## DECLARATION OF STEVE FISCHER

I, Steve Fischer, hereby declare and certify:

1.      I am currently employed by Duck Duck Go, Inc. ("DuckDuckGo") and have been employed by DuckDuckGo since April 2019.  I am submitting this declaration in support of the State Plaintiffs' position on the confidentiality of certain documents to be submitted to Plaintiffs and/or the Technical Committee in connection with applications for certification for Qualified Competitor status.  The facts set forth herein are within my personal knowledge and, if called as a witness, I could and would testify competently to them.

2.      My position at DuckDuckGo is Chief Business Officer.  In that capacity I lead corporate and business development for DuckDuckGo's strategic partnerships, including its

syndication and distribution partnerships. My role includes reviewing, and in many cases overseeing the preparation of, DuckDuckGo's forward-looking business planning documents.

3.     It is my understanding that, should DuckDuckGo apply for certification as a Qualified Competitor pursuant to the Final Judgment entered by the Court in this action on December 5, 2025 (Dkt. No. 1462), DuckDuckGo may be required to submit forward-looking business plans and related documents to Plaintiffs and/or the Court-appointed Technical Committee.

4.     It is also my understanding that Defendant Google LLC ("Google") has taken the position that its counsel should be permitted access to any business planning documents that DuckDuckGo (or any other putative Qualified Competitor) submits in support of its application for certification as a Qualified Competitor.

5.     DuckDuckGo's forward-looking business plans are among the most competitively sensitive documents in its possession. While the types of business planning documents that will be required to support an application for certification are not specified in the Final Judgment, it is conceivable that Qualified Competitors would be required to provide, or even prepare specifically for the purpose of their application, documents regarding forward-looking strategy and specific plans for using the data acquired pursuant to the Final Judgment.

6.     While DuckDuckGo was required to produce highly sensitive documents in response to subpoenas it received from the parties during this litigation, to which Google's outside counsel had access, most of those documents were at least a year old at the time of their production. However, forward-looking plans, particularly those of the type described above, carry an even higher level of sensitivity. Should DuckDuckGo intend to use such data to develop a new product, or otherwise to compete with Google in a manner other than it does

2

currently, the inadvertent disclosure of such plans to Google business executives could have a catastrophic impact on DuckDuckGo's ability to execute on its plans.  Given its size, scale, and financial resources, Google would likely have the ability to preemptively launch, or take other steps to thwart, a proposed product feature before DuckDuckGo (let alone a smaller, newer competitor) could obtain and review the relevant data and conduct the necessary experimentation to develop the feature.

7.      Moreover, DuckDuckGo would be concerned about the ability of Google's counsel, including its outside counsel, to compartmentalize such information as they advise Google regarding ongoing compliance with the Final Judgment, which will be substantially intertwined with Google's competitive business operations.

8.      For these reasons, the extent to which any person associated with Google—including its outside or in-house counsel—might have access to the business plans submitted by putative Qualified Competitors will significantly impact DuckDuckGo's ability and willingness to submit proposed innovations to Plaintiffs and the Technical Committee.  While DuckDuckGo recognizes that it may be able to obtain certification as a Qualified Competitor solely by virtue of its current operation of a general search engine that competes with Google, other, more nascent companies may not be able to do so.  Either way, the knowledge that any forward-looking business planning or strategy documents submitted to Plaintiffs or the Technical Committee will be disclosed to *any* Google representative would likely chill the submission of fulsome certification applications by potential Qualified Competitors.

3

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30th day of April, 2026, in Kirkland, Washington.

_____
Steve Fischer

4