**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |
| State of Colorado, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

**PLAINTIFFS' FIRST STATUS REPORT ON**
**GOOGLE'S COMPLIANCE WITH THE FINAL JUDGMENT**

Pursuant to Section VII.E of the Final Judgment, ECF No. 1462, Plaintiffs in the above-captioned cases jointly file this Status Report.[1]

## I.   INTRODUCTION

Section VII.E requires Plaintiffs, with input from the Technical Committee ("TC"), to file a status report within 90 days of the Effective Date of the Final Judgment to update the Court "as to the enforcement of and Google's compliance with this Final Judgment," with additional status reports due on future dates to be set by the Court.

---

[1] Unless otherwise stated, all references to "sections" herein are to sections of the Final Judgment.

Pursuant to Section VII.A, on January 21, 2026, this Court appointed the Parties' nominees to the TC, those three individuals composing the TC's "Standing Committee Members." ECF No. 1474 at 2. The Standing Committee Members became fully engaged on March 30, 2026, and in the five weeks since have focused on identifying the remaining two members of the TC and setting up the TC itself, both precursors to the substantive work of implementing the Final Judgment and ensuring Google's compliance therewith.

Part II below describes progress to date establishing the TC, including the appointments of all the members of the TC ("TC Members"), finalization of the agreements needed for the TC Members to perform their work, and setting up of TC operations. Part III describes ongoing efforts by Plaintiffs and the Standing Committee Members to implement and enforce the Final Judgment. Part IV describes Google's compliance with the Final Judgment to date, which also reflects information provided by Google's counsel and efforts by Plaintiffs and the TC to monitor Google's compliance.

## II.    ESTABLISHING THE TECHNICAL COMMITTEE

Under the Final Judgment, the Standing Committee Members are required to "identify to the Plaintiffs and Google the persons that they in turn propose to select as the remaining members of the TC." Final J. § VII.A.3.c. Since their appointment, the Standing Committee Members have worked diligently and expeditiously to identify candidates for the fourth and fifth TC Member positions, as well as to set up the TC organization and begin work to implement the Final Judgment.

### A.    Finalization and Signing of the Foundational Agreements

Before the Standing Committee Members could begin work, certain foundational agreements were required. Pursuant to Sections VII.A.6–8, TC Members must sign a Technical Committee Services Agreement ("TC Services Agreement"), Confidentiality Agreement,

Indemnity Agreement, and Source Code/Algorithm Agreement. The first three of these agreements were necessary prerequisites before the TC Members could begin their work.[2]

From January to March 2026, Plaintiffs, Google, and the Standing Committee Members engaged in extensive negotiations regarding the terms of the TC Services Agreement, Confidentiality Agreement, and Indemnity Agreement. As of March 30, all three Standing Committee Members had signed these agreements.[3]

The Source Code/Algorithm Agreement is still in progress. Google provided its first draft of the agreement to Plaintiffs on April 14, 2026. Plaintiffs are currently reviewing the draft and will work with Google to resolve any disputes. The Parties will notify the Court if any disputes regarding the Source Code/Algorithm Agreement require the Court's assistance to resolve.

**B.      Selection and Appointment of the Fourth and Fifth TC Members**

Since March 30, the Standing Committee Members have worked to identify their selections for the remaining two TC Member positions. Pursuant to the Court's April 24, 2026 order, the deadline for Plaintiffs to apply to the Court for appointment of the remaining two TC Members is May 18, 2026. ECF No. 1510 at 2. As part of this effort, the Standing Committee Members engaged in a comprehensive, nationwide search for candidates who have expertise in one or more of the subject-matter areas set forth in Section VII.A.2 and who are willing and able to execute the critical and significant responsibilities with which the TC is charged. On Friday,

---

[2] Although the Parties believed the Source Code/Algorithm Agreement should also be signed as expeditiously as possible, they recognized that the agreement was not necessary for the Standing Committee Members to select the remaining two TC Members, and therefore that agreement was handled separately from the other three agreements.

[3] In previously filed motions to extend, Plaintiffs noted that they countersigned the TC Services Agreement and Confidentiality Agreement on March 30, 2026, and had requested and were awaiting Google's countersigned pages from the Indemnity Agreement. ECF No. 1504 at 1 n.2; ECF No. 1509 at n.1. Google provided the countersigned signature pages on April 27, 2026.

May 1, 2026, the Standing Committee Members simultaneously identified to Plaintiffs and Google their selections for the fourth and fifth TC Member positions. The Parties are currently evaluating these selections as part of an abbreviated objection period of five (5) business days, which will end on May 8, 2026. *See* ECF No. 1509 at 2. Once that period ends, and absent objection, Plaintiffs intend to promptly file a motion to appoint the selected individuals.

### C.    Setting Up TC Operations

In its remedies opinion, the Court stated that the six-year term of the Final Judgment "accounts for the court's expectation that it will take one year to establish the [TC] and the processes necessary for execution." Rem. Op. at 219. As discussed below, in the five weeks since March 30, the Standing Committee Members have made substantial progress in setting up the TC's operations so that the TC can effectuate the Court's expected timeline and carry out its duties under the Final Judgment as quickly as possible.

### 1.    Progress on Setting Up TC Operations

To date, the Standing Committee Members have made great progress in setting up the TC's operations, including:

- establishing an independent legal entity for ease of operating and administering the activities of the TC, including any required contracting and employment of staff;

- searching for and hiring a controller, to handle accounting and financial operations;

- searching for and hiring a head of human resources, to handle staffing and related needs;

- searching for candidates to meet other hiring needs for core staff functions, including program management and IT;

- creating a secure digital work environment, including purchasing a domain specific to the TC;

- developing template materials and processes for staff and confidentiality; and

- designing an initial organizational working structure.

4

The Standing Committee Members further created an initial operating budget to cover existing and expected expenses, including TC Member compensation, staff and recruiting, technical infrastructure (including hardware and software), facilities and travel expenses, and legal expenses (including for entity formation). The Standing Committee Members initially submitted invoices for these expenses to Google on April 8, 2026, and they confirmed receipt of funds on April 28, 2026.

The Standing Committee Members have also begun drafting an organizational plan and proposed annual budget, as required by the TC Services Agreement. The organizational plan is intended to specify the manner in which the TC will discharge its duties and obligations under the Final Judgment, including to: (1) investigate, mediate, report, respond to, or recommend resolution of third-party complaints concerning Google's compliance with the Final Judgment, including how the TC will fulfill its obligations under the Final Judgment; (2) provide information regarding compliance with the Final Judgment to Plaintiffs; (3) account for the TC's time and expenses; and (4) discharge, address, process, consider, or respond to any other operational issue necessary or appropriate for the TC to fulfill its duties and obligations under the Final Judgment. The proposed annual budget may include allocations for property and liability insurance, equipment, facilities, travel expenses, and compensation for the TC's staff.

The Standing Committee intends to solicit additional input from the fourth and fifth TC Members once they are appointed to ensure these documents represent the views of the full TC. Both the organizational plan and proposed annual budget are subject to Plaintiffs' approval. The TC will furnish a copy of the annual budget to Google once it is approved.

### 2.    Developing a Protected Information Access and Security Plan

Under the Confidentiality Agreement, the TC must present to Plaintiffs a Protected Information Access and Security Plan specifying how the TC will meet its record-keeping and

notification obligations, maintain the security of information gathered by the TC, and comply with applicable laws and regulations. This plan is subject to approval by Plaintiffs prior to its implementation. In addition, a copy will be provided to Google, and Google will have the opportunity to object and raise any objections with the Court.

The Standing Committee Members are developing the Protected Information Access and Security Plan. As part of this process, one of the Standing Committee Members' first orders of business after signing the foundational agreements was to identify certain relevant information from Google that the TC would like to consider when developing the plan. Specifically, the Standing Committee Members sought: (1) any specific recommendations Google had regarding security standards applicable to the Protected Information Access and Security Plan; (2) a list of laws and regulations Google considers applicable to the plan; and (3) an interview with a Google employee knowledgeable about security standards and applicable laws or regulations.

To assist the Standing Committee Members while they were beginning operations, Plaintiffs notified Google of the TC's inquiry via email on April 2, 2026. Plaintiffs thereafter followed up with Google regularly by email and phone. Although Google has represented that they have identified the person most knowledgeable on the requested topics, as of this filing on May 4, 2026, Google has not identified that individual to Plaintiffs or the TC, provided his/her availability for an interview, or provided any of the other information that the TC has sought on this issue.

Nevertheless, the Standing Committee Members are working diligently to prepare the requisite plan while awaiting Google's response, and Plaintiffs will continue to seek a resolution with Google on this matter to ensure the TC is able to develop an effective Protected Information Access and Security Plan.

### 3.      Issues Related to TC Operations Currently Under Discussion

At this time, several topics related to TC procedures are under discussion between Plaintiffs, acting in consultation with the Standing Committee Members, and Google. Plaintiffs are working closely with the Standing Committee Members to gather their input on these issues and inform the discussions. Although Plaintiffs do not believe these topics are ripe for the Court, Plaintiffs briefly identify them here for the Court's general awareness, as the topics relate to and may have implications for the TC's operations.

Several of the topics under discussion between the Parties concern TC accounting and funding by Google. Under the Final Judgment, Google must fund the TC's operations, including TC Member compensation, staff compensation, and other expenses. *See, e.g.*, Final J. §§ VII.A.6.a, VII.A.7.i–j. The TC, in turn, is required to "account for all reasonable expenses incurred." Final J. § VII.A.7.j. Under the TC Services Agreement, the TC must follow procedures agreed upon by the TC, Plaintiffs, and Google for presenting such costs and expenses to Google. The TC will also need to provide Google with a copy of the approved annual budget, as discussed above. Plaintiffs and Google have held initial discussions regarding the general processes for funding requests and payment, including the level of detail to be provided, to ensure that the TC receives the necessary funding in a timely manner to avoid unnecessary impediments to its work enforcing the Court's Final Judgment.

Another topic under discussion concerns the TC's hiring of staff. Under Section VII.A.7.i, "[t]he TC may hire at the cost and expense of Google, with prior notice to Google and subject to approval by the Plaintiffs, such staff or consultants (all of whom must meet the qualifications of Sections VII.A.2.a–c) as are reasonably necessary for the TC to carry out its duties and responsibilities under this Final Judgment." Final J. § VII.A.7.i. Plaintiffs and

Google are discussing the timing of such notices to Google, as well as the nature and scope of information to be included.

The Parties will notify the Court to the extent any disputes regarding the above topics require the Court's assistance to resolve.

## III.    IMPLEMENTING THE FINAL JUDGMENT'S REMEDIES

### A.    Syndication Remedies (Sections V.B and VI.B)

Sections V.B and VI.B of the Final Judgment require Plaintiffs and the TC, with input from Google, to create and submit to the Court template search syndication and Search Text Ads[4] syndication licenses. Pursuant to the Court's April 5, 2026 order, Plaintiffs must file these templates "sixty (60) days after the date on which the remaining two [TC] Members are appointed by the Court." ECF No. 1505 at 2.

Plaintiffs have briefed the Standing Committee Members regarding the syndication remedies and are working with the Standing Committee Members to prepare for drafting the initial syndication license templates. Additionally, the Standing Committee Members have begun gathering the information necessary for drafting these license templates. On April 27, 2026, the Standing Committee Members exercised the TC's right under Section VII.A.7.c to demand from Google certain documents and information relating to Google's current and recent search syndication and Search Text Ads syndication agreements, as well as to invite other input Google may wish to provide regarding the required syndication license templates. On May 1, 2026, Google submitted to the TC a production of documents responsive to the demand. Google has also notified Plaintiffs that it is in the process of compiling additional information in response to the TC's demand.

---

[4] The term "Search Text Ads" is defined in Section IX.Y of the Final Judgment.

### B.      Qualified Competitors (Section IX.V)

To benefit from the Court's data sharing and syndication remedies, an entity must become a Qualified Competitor under the Final Judgment.[5] To do that, the entity must: (1) meet Plaintiffs' approved data security standards, as recommended by the TC; (2) agree to regular data security and privacy audits by the TC; (3) make a sufficient showing to Plaintiffs, in consultation with the TC, of a plan to invest and compete in or with the general search engine and/or Search Text Ads markets; and (4) pose no risk to the national security of the United States. *See* Final J. § IX.V. Accordingly, a top priority is establishing the procedures for certifying Qualified Competitors. Such procedures will include, for example, determining the certification criteria, creating the application process, identifying the information that must be provided and how it will be evaluated, and developing processes for managing Qualified Competitor audits.

Even after Qualified Competitors are approved, the TC must still complete many other requirements before the Qualified Competitors can start receiving data and syndication services under the Final Judgment, as discussed herein.

Given the work remaining, Plaintiffs have agreed with the Court that Qualified Competitors would likely begin to receive access to data and syndication services by late fall 2026 or early winter 2027 at the earliest. *See* Hr'g Tr. (Apr. 8, 2026) 5:22–6:22, 7:11–19. Relatedly, potential Qualified Competitors have already expressed interest and made inquiries to Plaintiffs about the application process and timeline. Plaintiffs and the TC intend to provide further information on when and how to become a Qualified Competitor, as well as on when and how to submit complaints to the TC pursuant to Sections VII.A.7.e and VII.C.3, through a TC-

---

[5] The term "Qualified Competitor" is defined in Section IX.V.

9

administered website or other publicly available source once the remaining TC Members are appointed and the TC is fully operational.

### C.      Data Sharing Remedies (Section IV)

Pursuant to Section IV.B, Google is required to make certain User-side Data available to Qualified Competitors.[6] To that end, Section IV.C.1 requires "Plaintiffs, in consultation with the TC, [to] promptly determine the appropriate User-side Data privacy and security safeguards to be applied before Google shares the data," after which point Google has six months to implement the safeguards. Final J. § IV.C.1. Under Section IV.C.3, within six months of the Effective Date of the Final Judgment (i.e., by August 3, 2026), Plaintiffs and the TC, with input from Google, are required to create and submit to the Court a template license governing the use of data shared pursuant to Section IV.

Plaintiffs have been working to effectuate the data sharing remedies. Since the Standing Committee Members became fully engaged on March 30, Plaintiffs have briefed them regarding these remedies and provided access to materials, so the members can familiarize themselves with the data required to be shared as well as the privacy and security safeguards considered at trial. Plaintiffs anticipate that the TC will seek additional information and data from Google to evaluate potential privacy and security safeguards after the remaining TC Members are appointed and a Protected Information Access and Security Plan is in place.

### D.      Search Text Ads Auction Remedy (Section VI.A)

Under Section VI.A, "[w]ithin a reasonable period of time after the [TC]'s appointment, Plaintiffs [must] submit a proposal to the Court, informed by the [TC]'s views, by which Google [must] periodically provide the [TC] and Plaintiffs a report outlining all changes to its Search

---

[6] The term "User-side Data" is defined in Section IX.EE.

Text Ads auction meeting certain parameters and, for each change, (1) Google's public disclosure of that change or (2) a statement why no public disclosure is necessary." Final J. § VI.A. Plaintiffs have briefed the Standing Committee Members regarding this remedy and provided access to relevant materials. Plaintiffs anticipate that once the full TC is engaged, the TC will seek additional information, data, and access to algorithms related to the Search Text Ads auction remedy. To that end, it is imperative that the Source Code/Algorithm Agreement be finalized and signed.

### E.      Google's Access to Confidential Information

As set forth in Joint Status Report submitted May 1, 2026, the Parties have sought the Court's assistance in resolving a dispute regarding access by Google and its counsel to confidential third-party information provided to the TC. Plaintiffs have respectfully requested that these issues be addressed on an expedited basis.

## IV.      GOOGLE'S COMPLIANCE WITH THE FINAL JUDGMENT

### A.      Monitoring Google's Compliance with the Final Judgment

Without limiting Plaintiffs' general enforcement authority, Sections VII.A.7, VII.C.3, and VII.D grant Plaintiffs and the TC specific authority to monitor Google's compliance with the Final Judgment and investigate complaints regarding the same. Section VIII further requires Plaintiffs to report to the Court the date on which Google has substantially implemented all provisions of this Final Judgment. In furtherance of the Final Judgment, Plaintiffs will continue to monitor ongoing compliance during the term of the Final Judgment, including periodic reviews of public reporting about Google.

Although the Section IV–VI remedies discussed above are still being implemented, the Court's Section III contractual remedies have been in effect since February 3, 2026.[7] Under Section III of the Final Judgment, Google must comply with certain contractual injunctions. By email dated February 27, 2026, Google's counsel notified Plaintiffs that Google believed it had taken all steps necessary to comply with Section III. Google's counsel has further notified Plaintiffs that Google is in the process of conducting preparatory work to comply with the data-sharing and syndication requirements in Sections IV–VI.

As part of the effort to monitor Google's compliance, Plaintiffs have obtained, pursuant to Section VII.D.2 of the Final Judgment, a copy of a recent agreement between Google and a third party. Plaintiffs are reviewing the terms of the agreement and their compliance with the Final Judgment.

## B.  Selection of Google's Internal Compliance Officer (Sections VII.B.1–2)

Section VII.B.1 requires Google to designate an internal Compliance Officer "within thirty (30) days of entry of this Final Judgment," who will have "responsibility for administering Google's antitrust compliance program and help[] to ensure compliance with this Final Judgment." Under Section VII.B.2, Plaintiffs must approve Google's selection, and following a vacancy in the position, Google has 15 days to identify a replacement to Plaintiffs.

Google identified its initial Compliance Officer selection to Plaintiffs on January 5, 2026. After interviewing the proposed Compliance Officer, Plaintiffs notified Google that they did not approve of the initial selection. On February 6, 2026, Google confirmed that it was considering alternative Compliance Officer candidates. On March 4, 2026, Google identified its alternate

---

[7] Pursuant to Section VIII of the Final Judgment, the Court's prohibitory injunctions took effect sixty (60) days after the date of entry of the Final Judgment.

candidate, whom Plaintiffs interviewed on March 13, 2026. After confirming that the candidate would be responsible for ensuring that the duties and responsibilities provided to the Compliance Officer under the Final Judgment are carried out, including but not limited to supervising and working with relevant Google employees involved in assisting the Compliance Officer in performance of these duties, Plaintiffs advised Google on March 26, 2026 that they approved of the alternate candidate as Compliance Officer. Google's Compliance Officer, as approved by Plaintiffs, is Ms. Terry Morrison-Wells, Alphabet's Head of Enterprise Risk Management.

### C.    Other Required Actions by Google (Sections VII.B.4–5)

Under Sections VII.B.4–5, Google and its Compliance Officer are required to undertake various internal actions, including: (1) distributing a copy of the Final Judgment to all officers and directors of Google within 45 days after the date of entry of the Final Judgment; (2) ensuring that Google's officers and directors are annually briefed on the meaning and requirements of the Final Judgment and U.S. antitrust laws; (3) establishing and maintaining a website to facilitate the communication and submission of complaints and inquiries to Google's Compliance Officer; and (4) appointing a senior business executive to update the Court on Google's compliance with the Final Judgment at regular status conferences or as otherwise ordered.

By email dated February 27, 2026, Google's counsel confirmed to Plaintiffs that Google (1) distributed a copy of the Final Judgment to all officers and directors of Google on January 20, 2026;[8] (2) appointed a senior business executive within 30 days of entry of the Final Judgment; and (3) was working to establish other compliance processes, including building the necessary

---

[8] Forty-five (45) days from the date of entry of the Final Judgment was January 19, 2026, a federal holiday.

website for submitting complaints to the Compliance Officer and developing internal complaint management processes.

On April 28, 2026, Google's counsel provided Plaintiffs with a website mockup for complaints submitted pursuant to Section VII.C.2. On April 30, 2026, Google's counsel notified Plaintiffs that Google is also working to set up the complaint management processes necessary to address any such complaints and expects to be ready to receive complaints as soon as Plaintiffs approve the website mechanism and the website goes live. Plaintiffs are reviewing Google's proposed website mechanism pursuant to Section VII.C.2.a and will continue to work with Google to implement the necessary internal processes required by the Final Judgment.

Dated: May 4, 2026                                   Respectfully submitted,

/s/ Grant M. Fergusson
Claire M. Maddox (D.C. Bar #498356)
Travis R. Chapman (D.C. Bar #90031151)
Danielle Hauck
Grant M. Fergusson (D.C. Bar #90004882)
Karl E. Herrmann (D.C. Bar #1022464)

U.S. Department of Justice
Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 549-7155
Claire.Maddox@usdoj.gov
Travis.Chapman@usdoj.gov

*Counsel for Plaintiff United States of America*

By: /s/ Amanda Wentz
Amanda J. Wentz
Assistant Attorney General
Office of the Arkansas Attorney General
101 West Capitol Avenue
Little Rock, Arkansas 72201
Phone: (501) 682-1178
Amanda.Wentz@ArkansasAG.gov

*Counsel for Plaintiff State of Arkansas*

By: /s/ Carolyn D. Jeffries
Rob Bonta, Attorney General
Paula Blizzard, Senior Assistant Attorney
General
Michael Jorgenson, Supervising Deputy
Attorney General
Brian Wang, Deputy Attorney
General
Carolyn D. Jeffries, Deputy Attorney
General (DC Bar No. 1600843)
Office of the Attorney General
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Cari.Jeffries@doj.ca.gov

*Counsel for Plaintiff State of California*

By: /s/ Lee Istrail
James Uthmeier, Attorney General
R. Scott Palmer, Special Counsel, Complex
Enforcement Chief, Antitrust Division
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of
Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

By: /s/ Charles Thimmesch
Christopher Carr, Attorney General
Logan B. Winkles, Deputy Attorney
General
Ronald J. Stay, Jr., Senior Assistant
Attorney General
Charles Thimmesch, Senior Assistant
Attorney General
Office of the Attorney General, State of
Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

By: /s/ Jesse Moore
Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and
Director, Consumer Protection Division
Jesse Moore, Deputy Attorney General
Christi Foust, Deputy Attorney General
Office of the Attorney General, State of
Indiana
Indiana Government Center South, Fifth
Floor
302 West Washington Street
Indianapolis, Indiana 46204
Jesse.Moore@atg.in.gov

*Counsel for Plaintiff State of Indiana*

15

By: /s/ Jonathan E. Farmer
Russell Coleman, Attorney General
J. Christian Lewis, Commissioner of the
Office of Consumer Protection
Philip R. Heleringer, Executive
Director of the Office of Consumer
Protection
Jonathan E. Farmer, Deputy Executive
Director of the Office of Consumer
Protection
Office of the Attorney General,
Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff*
*Commonwealth of Kentucky*

By: /s/ Asyl Nachabe
Liz Murrill, Attorney General
Asyl Nachabe, Assistant Attorney General
Office of the Attorney General, State of
Louisiana
Public Protection Division
909 Poydras St. Suite 1850
New Orleans, LA 70112
(225) 326-6435
NachabeA@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

By: /s/ Scott Mertens
Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

By: /s/ Alison Esbeck
Alison Esbeck
Assistant Attorney General
Missouri Attorney General's Office
815 Olive Street | Suite 200
Saint Louis, Missouri 63101
Alison.esbeck@ago.mo.gov
Phone: 314-340-4977

*Counsel for Plaintiff State of Missouri*

By: /s/ Anna Schneider
Anna Schneider
Special Assistant Attorney General,
Senior Counsel,
Montana Office of Consumer Protection
P.O. Box 200151
Helena, MT 59602-0150
Phone: (406) 444-4500
Anna.schneider@mt.gov

*Counsel for Plaintiff State of Montana*

By: /s/ Mary Frances Jowers
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy
Attorney General
C. Havird Jones, Jr., Senior Assistant
Deputy Attorney General
Mary Frances Jowers, Assistant Deputy
Attorney General
Office of the Attorney General
State of South Carolina
1000 Assembly Street
Rembert C. Dennis
Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
mfjowers@scag.gov

*Counsel for Plaintiff State of South Carolina*

16

By: /s/ Diamante Smith
Ken Paxton, Attorney General
Brent Webster, First Assistant Attorney
General
Ralph Molina, Deputy First Assistant
Attorney General
Austin Kinghorn, Deputy Attorney General
for Civil Litigation
Thomas York, Division Chief, Antitrust
Division
Diamante Smith, Assistant Attorney
General, Antitrust Division
Office of the Attorney General,
State of Texas
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1162
Diamante.Smith@oag.texas.gov

*Counsel for Plaintiff State of Texas*

By: /s/ Caitlin M. Madden
Joshua L. Kaul, Attorney General
Caitlin M. Madden, Assistant
Attorney General
Wisconsin Department of Justice
17 W. Main St.
Post Office Box 7857
Madison, Wisconsin 53707-7857
caitlin.madden@Wisconsin.gov

*Counsel for Plaintiff State of Wisconsin*

PHILIP WEISER
Attorney General of Colorado

*/s/ Jonathan B. Sallet*
Jonathan B. Sallet, DC Bar No. 336198
Steven M. Kaufmann
Elizabeth W. Hereford
Conor J. May
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
E-Mail: Jon.Sallet@coag.gov
Steve.Kaufmann@coag.gov
Elizabeth.Hereford@coag.gov
Conor.May@coag.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Colorado*

MIKE HILGERS
Attorney General of Nebraska

Justin C. McCully, Assistant Attorney
General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
E-Mail: Justin.mccully@nebraska.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Nebraska*

KRISTIN K. MAYES
Attorney General of Arizona

Robert A. Bernheim, Unit Chief Counsel
Jayme Weber, Senior Litigation Counsel
Arizona Office of the Attorney General
400 West Congress, Ste. S-215
Tucson, Arizona 85701
Telephone: (520) 628-6507
E-Mail: Robert.Bernheim@azag.gov
Jayme.Weber@azag.gov

*Counsel for Plaintiff State of Arizona*

BRENNA BIRD
Attorney General of Iowa

Noah Goerlitz, Assistant Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St., 2nd Floor
Des Moines, IA 50319
Telephone: (515) 725-1018
E-Mail: Noah.goerlitz@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

LETITIA JAMES
Attorney General of New York

Elinor R. Hoffmann
Morgan J. Feder
Michael D. Schwartz
Office of the New York State Attorney
General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8513
E-Mail: Elinor.hoffmann@ag.ny.gov
Morgan.feder@ag.ny.gov
Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff State of New York*

JEFF JACKSON
Attorney General of North Carolina

Kunal Janak Choksi
Joshua Daniel Abram
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6000
E-Mail: kchoksi@ncdoj.gov
jabram@ncdoj.gov

*Counsel for Plaintiff State of North Carolina*

JONATHAN SKRMETTI
Attorney General of Tennessee

J. David McDowell
Austin Ostiguy
Tyler Corcoran
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 741-8722
E-Mail: David.McDowell@ag.tn.gov
austin.ostiguy@ag.tn.gov
Tyler.Corcoran@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*

DEREK E. BROWN
Attorney General of Utah

Matthew Michaloski, Assistant Attorney General
Marie W.L. Martin, Division Director
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 140811
Salt Lake City, Utah 84114
Telephone: (801) 440-9825
E-Mail: mmichaloski@agutah.gov
mwmartin@agutah.gov

*Counsel for Plaintiff State of Utah*

STEPHEN J. COX
Attorney General of Alaska

Jeff Pickett
Senior Assistant Attorney General
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5275
E-Mail: Jeff.pickett@alaska.gov

*Counsel for Plaintiff State of Alaska*

WILLIAM TONG
Attorney General of Connecticut

Nicole Demers
Office of the Attorney General of Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Telephone: (860) 808-5202
E-Mail: Nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

KATHLEEN JENNINGS
Attorney General of Delaware

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
E-Mail: Michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*

BRIAN SCHWALB
Attorney General of the District of Columbia

Elizabeth Gentry Arthur
Office of the Attorney General for the
District of Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 724-6514
E-Mail: Elizabeth.arthur@dc.gov

*Counsel for Plaintiff District of Columbia*

DOUGLAS MOYLAN
Attorney General of Guam

Norman Lee Miller, Jr.
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Telephone: (671) 475-2710
E-Mail: nmillerjr@oagguam.org

*Counsel for Plaintiff Territory Guam*

ANNE E. LOPEZ
Attorney General of Hawai'i

Rodney I. Kimura
Department of the Attorney General, State
of Hawai'i
425 Queen Street
Honolulu, HI 96813
Telephone (808) 586-1180
E-Mail: Rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff State of Hawai'i*

RAÚL LABRADOR
Attorney General of Idaho

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. Jefferson St., 2nd Floor
P.O. Box 83720
Boise, ID 83720
Telephone: (208) 332-3549
E-Mail: John.olson@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

KWAME RAOUL
Attorney General of Illinois

Elizabeth Maxeiner
Brian Yost
Jennifer Coronel
Office of the Attorney General of Illinois
115 S. LaSalle St.
Chicago, IL 60603
Telephone: (773) 590-7935
E-Mail: Elizabeth.maxeiner@ilag.gov
Brian.yost@ilag.gov
Jennifer.coronel@ilag.gov

*Counsel for Plaintiff State of Illinois*

KRIS W. KOBACH
Attorney General of Kansas

Christopher Teters
Kansas Office of the Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612
Telephone: (785) 296-3751
E-Mail: chris.teters@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

AARON M. FREY
Attorney General of Maine

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
August, ME 04333
Telephone: (207) 626-8800
E-Mail: Christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

ANTHONY G. BROWN
Attorney General of Maryland

20

Schonette J. Walker
Melissa English
Office of the Attorney General of
Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Telephone: (410) 576-6480
E-Mail: swalker@oag.state.md.us
menglish@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

ANDREA CAMPBELL
Attorney General of Massachusetts

Jennifer E. Greaney
Office of the Attorney General of
Massachusetts
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2981
E-Mail: Jennifer, greaney@mass.gov

*Counsel for Plaintiff Commonwealth of
Massachusetts*

KEITH ELLISON
Attorney General of Minnesota

Zach Biesanz
Senior Enforcement Counsel
Office of the Minnesota Attorney General
Antitrust Division
445 Minnesota Street, Suite 600
St. Paul, MN 55101
Telephone: (651) 757-1257
E-Mail: Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

AARON D. FORD
Attorney General of Nevada

Michelle C. Badorine
Lucas J. Tucker
Nevada Office of the Attorney General

100 N. Carson Street
Carson City, NV 89701
Telephone: (775) 684-1164
E-Mail: mbadorine@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

JOHN FORMELLA
Attorney General of New Hampshire

Brandon Garod
Office of Attorney General of New
Hampshire
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-1217
E-Mail: Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff State of New
Hampshire*

JENNIFER DAVENPORT
Acting Attorney General of New Jersey

Yale A. Leber
Abiola G. Miles
Deputy Attorneys General
New Jersey Attorney General's Office
25 Market Street, P.O. Box 106
Trenton, NJ 08625
Telephone: (609) 376-2383
E-Mail: Yale.Leber@law.njoag.gov
Abiola.Miles@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

RAÚL TORREZ
Attorney General of New Mexico

Judith E. Paquin Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney
General
408 Galisteo St.
Santa Fe, NM 87504

21

Telephone: (505) 490-4885
E-Mail: jpaquin@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff State of New Mexico*

DREW WRIGLEY
Attorney General of North Dakota

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust
Division
Office of the Attorney General of North
Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
Telephone: (701) 328-5570
E-Mail: ealm@nd.gov

*Counsel for Plaintiff State of North
Dakota*

DAVID YOST
Attorney General of Ohio

Beth Ann Finnerty, Section Chief,
Antitrust
Sarah Mader, Assistant Attorney General,
Antitrust
Office of the Attorney General of Ohio
30 E Broad Street, 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
E-Mail: Beth.Finnerty@ohioago.gov
Sarah.Mader@ohioago.gov

*Counsel for Plaintiff State of Ohio*

GENTNER DRUMMOND
Attorney General of Oklahoma

Cameron R. Capps
Office of the Oklahoma Attorney General
313 NE 21st Street
Oklahoma City, OK 73105

Telephone: (405) 522-0858
E-Mail: Cameron.capps@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

DAN RAYFIELD
Attorney General of Oregon

Gina Ko, Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (503) 934-4400
E-Mail: Gina.Ko@doj.oregon.gov

*Counsel for Plaintiff State of Oregon*

DAVID W. SUNDAY, JR.
Attorney General of Pennsylvania

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
E-Mail: jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of
Pennsylvania*

LOURDES L. GÓMEZ TORRES
Secretary of Justice

TANIA L. FERNÁNDEZ-MEDERO
Assistant Secretary of Justice

SAMUEL WISCOVITCH-CORALI
Deputy Undersecretary

Pablo Tufiño-Soto
Senior Attorney
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192

22

San Juan, Puerto Rico 00902-0192
Telephone: (787) 721-2900, Ext. 1205
E-Mail: ptufino@justicia.pr.gov

*Counsel for Plaintiff Territory Puerto Rico*

PETER NERONHA
Attorney General of Rhode Island

Stephen Provazza
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
E-Mail: SProvazza@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

MARTIN J. JACKLEY
Attorney General of South Dakota

Yvette K. Lafrentz
Office of the Attorney General of South Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
E-Mail: Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff State of South Dakota*

CHARITY R. CLARK
Attorney General of Vermont

Christopher J. Curtis, Assistant Attorney General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
Telephone: (802) 828-3170
E-Mail: christopher.curtis@vermont.gov
*Counsel for Plaintiff State of Vermont*

JAY JONES
Attorney General of Virginia

Tyler T. Henry
Senior Assistant Attorney General
Antitrust Unit
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Telephone: (804) 692-0485
E-Mail: thenry@oag.state.va.us

*Counsel for Plaintiff State of Virginia*

NICHOLAS W. BROWN
Attorney General of Washington

Amy N.L. Hanson
Senior Managing Assistant Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-5419
E-Mail: Amy.hanson@atg.wa.gov

*Counsel for Plaintiff State of Washington*

JOHN B. McCUSKEY
Attorney General of West Virginia

Douglas Lee Davis
Office of the Attorney General, State of West Virginia
1900 Kanawha Boulevard East
Building 6, Suite 401
P.O. Box 1789
Charleston, WV 25305
Telephone: (304) 558-8986
E-Mail: Douglas.l.davis@wvago.gov

*Counsel for Plaintiff State of West Virginia*

KEITH KAUTZ
Attorney General of Wyoming

William T. Young
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
Telephone: (307) 777-7847
E-Mail: William.young@wyo.gov

*Counsel for Plaintiff State of Wyoming*