**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |
| State of Colorado, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

**JOINT STATUS REPORT**

Pursuant to the Court's order dated May 5, 2026, as amended May 15, 2026, Minute

Entry (May 15, 2026), the Parties submit the following Joint Status Report.

**I.    Joint Status Update**

On May 1, 2026, the Parties filed a Joint Status Report ("JSR") regarding their disputes

over the extent to which Google is entitled to access information of third parties submitted to the

Technical Committee ("TC") under the Final Judgment. ECF No. 1511. This Court held a

hearing on May 5, 2026 ("May 5 hearing"), during which the Court requested that the Parties

submit a proposal regarding an "order of operations" framework for recommendations and

1

complaints, to give context to the Parties' disputes regarding access to third-party information. *See, e.g.*, Hr'g Tr. at 35:22–38:15, 40:18–41:10.[1]

Subsequently, the Parties exchanged proposals and met and conferred. Appendix A presents the Parties' proposals in four parts: Part I presents proposed guidelines for Recommendations[2] to be submitted to the Court pursuant to the Final Judgment, whether by Plaintiffs themselves or by Plaintiffs on behalf of the TC, excluding those concerning the certification of Qualified Competitors. Part II presents proposed guidelines for recommendations to certify Qualified Competitors ("Certification Recommendations"). Part III presents proposed guidelines for complaints submitted to the TC under Section VII.C.3 of the Final Judgment ("Section C.3 Complaints"). Part IV presents proposed guidelines regarding confidentiality of third-party materials provided to the TC in connection with complaints submitted by the TC to Google's Compliance Officer under Section VII.C.2 of the Final Judgment.

The proposals in Appendix A are agreed-upon by the Parties except where a dispute is specifically identified. For ease of reference, the disputes are as follows:

- whether and to what extent Google is entitled to the third-party materials considered by the TC in forming Recommendations and Certification Recommendations (Part I.B; Part II.B);

- whether a Recommendation is required to disclose information provided by third parties that is relied upon but is deemed duplicative, cumulative, or not material to the Recommendation (Part I.B);

- how to handle a third party's failure to respond to requests for additional access to its information (Part I.C; Part II.B; Part III.B); and

---

[1] All transcript citations herein are to the transcript of the May 5 hearing.

[2] All capitalized references to "Recommendations" herein are to that term as defined in footnote 1 of Appendix A, i.e., all recommendations, decisions, or other submissions pursuant to the Final Judgment as to which Google has a right to object under Section VII.A.7.k, excluding Certification Recommendations.

- whether Google's outside counsel is entitled to access information concerning a Qualified Competitor applicant's "plan to invest and compete in or with" the relevant markets (between Colorado Plaintiffs and Google) (Part II).[3]

The Parties request the Court's assistance with these disputes, which are discussed further below in the Parties' Position Statements.

## II.     United States and Co-Plaintiff States' Position Statement Regarding Google's Access to Confidential Third-Party Information Submitted to the TC

As explained in Plaintiffs' position statement in the Joint Status Report filed on May 1, 2026 ("May 1 JSR"), the very success of the remedies depends on the TC's productive engagement with industry participants—including, in particular, existing or would-be competitors of Google—and those entities' ability to safely share information with the TC. ECF No. 1511 at 3, 6–7. Indeed, at the May 5 hearing, the Court repeatedly emphasized the importance of the TC being able to freely engage third parties, noting that the Court "want[s] the technical committee to be in a position to feel like they can gather as much information as they need and that they are not deterred by disclosure concerns." Hr'g Tr. at 21:06–22:02. The Court further explained that the TC "ought to have the freedom to—and the comfort to know that they can gather the information that they want to get and from whoever they want it to reach the best decision they can and make the best recommendation they can." *Id.*

Plaintiffs agree, and the arguments regarding the importance of protecting third-party information continue to apply with equal force to the Parties' remaining disputes.

---

[3] The United States and Co-Plaintiff States understand that although there is generally alignment between them and the Colorado Plaintiffs with respect to these confidentiality issues, the Colorado Plaintiffs offer an alternative position below regarding access to information provided by Qualified Competitor applicants concerning the applicant's "plan to invest and compete in or with" the relevant markets. Final J. § IX.V.

**A.**    **Google Is Not Entitled To All Third-Party Materials Considered By The TC In Forming Its Recommendations or Certification Recommendations (Part I.B; Part II.B).**

In consideration of Google's right to object, the Parties' discussions, and the discussions at the May 5 hearing, the Parties have agreed to guidelines regarding the general content of Recommendations, which include the following provisions:

1. Each Recommendation shall include at least the following:

   a. a statement clearly presenting the recommendation being made; and

   b. a statement regarding the basis for the recommendation.

2. The statement under Paragraph 1(b) shall include identification of the material information relied upon to support the statement under Paragraph 1(a), subject to the following:

   a. "Identification" of information from third parties in any given instance shall consist of either of the following, in the TC's or Plaintiffs' discretion:

      i. disclosing the third-party information; or

      ii. describing the substance of the third-party information.

*See* App. A Part I.B ¶¶ 1–2(a). Plaintiffs (except for Colorado Plaintiffs as to one point) and Google have also agreed to guidelines regarding the disclosure of third-party materials submitted as part of the formal process for certifying or recertifying Qualified Competitors. *See* App. A Part II.B.

These provisions strike a fair and reasonable balance between protecting third-party information and providing Google with information regarding the basis of a given Recommendation. Indeed, as the Court stated at the May 5 hearing, "a more robust recommendation . . . will go a longer way toward, hopefully, reducing the need for the original third-party information than might something that's more terse." Hr'g Tr. at 35:22–36:24. In addition, the Parties have agreed that Google may make requests for additional access, as set forth in Paragraph 6 of Appendix A.

Google, by contrast, continues to assert that its outside counsel and Designated In-House Counsel should also automatically receive access in full to "*any* third-party submissions, documents, or data that the TC considered in the course of forming its Recommendation" or Certification Recommendation. App. A Part I.B ¶ 3 (emphasis added); *see also* App. A Part II.A. Google thus continues to claim that it is entitled to a "production access right" akin to what it had in the litigation phase.

For the reasons Plaintiffs set forth in the May 1 JSR, Google's position continues to ignore the remedial posture and is without merit. ECF No. 1511 at 6–9. Moreover, Google's position contradicts its own statements at the May 5 hearing. Notably, at the hearing Google's counsel did not advance a broad "considered" standard, but instead a more tailored one, stating to the Court: "[I]f they're *substantively* evaluating something and *relying on* it and it's part of their decision-making, I feel like at least like outside counsel need to get visibility into that." Hr'g Tr. at 31:21–33:11 (emphasis added). The Parties' proposal at Paragraph 2 tracks this very standard articulated by Google's counsel to the Court.

Google's insistence on receiving all materials "considered" by the TC further ignores the Court's express concerns regarding the impact of disclosure on the TC's ability to meaningfully engage with third parties. The Court made clear that it "[does not] want a circumstance where members of the technical committee are afraid or are deterred from reaching out and gathering third-party information and . . . developing the factual record for their purposes . . . to make a decision." Hr'g Tr. at 15:7–16:8; *see also id*. at 34:2–18. Plaintiffs' proposal strikes a balance that will provide the Technical Committee the ability to get the information necessary to inform its Recommendations.

For the reasons stated above, as well as those stated in the May 1 JSR, Google is not entitled to access to *all* third-party information considered by the TC.

In addition, consistent with Plaintiffs' positions in the May 1 JSR, ECF No. 1511 at 5–6, Plaintiffs are willing to agree that for purposes of the enforcement phase, Google may identify Designated In-House Counsel to have the same access as outside counsel to third-party submitted to the TC, to the limited extent set forth in Plaintiffs' positions herein as to Recommendations and Certification Recommendations. Plaintiffs are further willing to agree to Google's request that it be able to identify two Designated In-House Counsel, rather than just one, to have such access. In the event the Court orders that Google is entitled to all third-party materials considered by the TC in forming its Recommendations and/or Certification Recommendations, Plaintiffs' position is that such broader access should be limited to Google's outside counsel only, consistent with the underlying Protective Order.

**B.      Recommendations Should Not Be Required To Disclose Information Provided By Third Parties That Is Relied Upon But Is Deemed Duplicative, Cumulative, Or Not Material To The Recommendation (Part I.B).**

Plaintiffs also considered whether other parameters may be appropriate when considering the extent to which third-party information is disclosed in a Recommendation. To that end, Plaintiffs proposed the following:

> The statement regarding the basis for the Recommendation is not required to include information from third parties that is duplicative or cumulative of information already included or that was not relied upon to support the material aspects of the statement presenting the Recommendation.

App. A Part I.B., ¶ 2(c). The first clause of this provision—which is directed solely at third-party information that is duplicative or cumulative of information that Google will already receive— further balances the protection of third-party information with Google's right to object in two key ways.

6

*First*, the provision gives the TC and Plaintiffs the flexibility to curtail potential chilling effects on engagement between the TC and third parties, especially those third parties who may be particularly sensitive to having their information disclosed. At the May 5 hearing, the Court recognized the very real concern that the risk of required disclosure could chill such engagement. Hr'g Tr. at 15:7–16:8, 21:6–22:2, 34:2–18. And as Plaintiffs noted during the hearing, third parties have already raised concerns as to whether Google will know they even engaged with the TC in the first instance. Hr'g Tr. 17:12–18:18. By making clear that the TC and Plaintiffs have the option not to include a third party's information where such information is duplicative or cumulative of other third-party information already being disclosed, this provision gives the TC and Plaintiffs a way to protect third-party information when disclosure is not necessary and may pose particular concerns.

*Second*, the provision provides this additional protection without impeding Google's ability to understand the basis of a Recommendation or assess whether to exercise its objection right. Google has not claimed—nor do Plaintiffs see any reason to believe—that the disclosure of duplicative or cumulative third-party information will have any probative value to Google. Instead, Google's position appears to be that it should receive such information simply because it should receive everything the TC considers, regardless of whether that information will materially assist Google in deciding whether to object. Google's position would not support the admission of such information into evidence, *see* Fed. R. Evid. 403, and certainly does not support the potential chilling effect that requiring the disclosure of duplicative or cumulative third-party information could impose.

The second clause of this provision makes clear that Google is not entitled to third-party information that was not relied upon to support material aspects of the Recommendation. There

is no reason that Google should have access to such information. As a hypothetical example, say that third-party "Acme" reaches out to the TC and presents information in support of a particular search syndication tapering rate. The TC conducts its own independent analysis and, based entirely on its own testing and without any reliance on the third-party's information, decides that that search syndication tapering rate is appropriate. The TC then presents its Recommendation and basis therefor in accordance with Paragraphs 1–2 of Appendix A. In such a circumstance, there is no valid reason for Google to have access to the original third-party statement. This precisely fits the statement of Google's counsel at the May 5 hearing: "[I]f they're substantively evaluating something *and relying on it and it's part of their decision-making*, I feel like at least like outside counsel need to get visibility into that." Hr'g Tr. at 31:21–11 (emphasis added)).

For at least the reasons stated above, as well as those stated in the May 1 JSR regarding the risk of chilling effect, ECF No. 1511 at 3, 6–7, Plaintiffs' position is a reasonable limitation on the extent to which third-party information is disclosed in a Recommendation.

> **C.    Google May Seek Relief Regarding A Third-Party's Failure To Respond To Requests For Additional Access To Its Information (Part I.C; Part II.B; Part III.B).**

To the extent Google seeks disclosure of third-party information beyond what is otherwise set forth in the guidelines, the Parties have agreed that Google may make requests for additional access as set forth in Appendix A under Paragraph 6 (in the case of Recommendations) and Paragraph 12 (in the case of Conclusions and Proposal for Cure). Pursuant to those paragraphs, Plaintiffs are to promptly provide written notice to the third party of Google's request and then relay the third party's response back to Google. App. A Part I.C ¶ 6(a)(ii); *see also id.* Part III.B ¶11(a).

The Parties disagree as to what should happen in the event a third party does not respond to Plaintiffs' request. Plaintiffs propose that in such an event, "Google shall have the option to

8

seek relief from the Court." App. A Part I.C ¶ 6(a)(iii). This proposal is consistent with what options are under the Protective Order in the underlying case and continues to protect the third-party information from disclosure until Google's request is resolved. *See* Stipulated Protective Order, ECF No. 98 at 17–18 ("Nothing in this Order… prevents disclosure by a Party of Highly Confidential Information. . . pursuant to an order of a court."). It also provides Google an avenue to seek disclosure over a third party's objection, while adhering to the default that third-party information that is not relied upon in the TC's work remains Highly Confidential.

Google's proposal, by contrast, improperly seeks to insert Plaintiffs into the third party's shoes. Google proposes the following: "If the third party does not respond, Google shall receive the access requested, unless Plaintiffs notify Google within two business days that they consider Google's request for access to be unreasonable. In that event, Google shall have the option to seek relief from the Court." App. A Part I.C ¶ 6(a)(iv); *see also id.* Part I.C ¶ 5(a), Part III.B ¶ 11(a).

There is no precedent in this case, however, for imposing on *Plaintiffs* the burden of unilaterally determining whether the information of *a third party* is subject to disclosure. Nor should Plaintiffs, as a policy matter, be asked to engage in making such a determination in these circumstances. The decision to release confidential information without the third party's consent, if it is to be made, rests with the Court. Plaintiffs are further concerned that forcing Plaintiffs into such a position would exacerbate the chilling effect discussed above.

Google already recognizes that it has available the ability to seek relief from the Court. For the reasons discussed above, Google must exercise that option rather than foisting the issue onto Plaintiffs.

9

### D.       Conclusion

For the reasons listed above, Plaintiffs respectfully request the Court to order that Google's access to confidential third-party information submitted to the TC be limited in accordance with Plaintiffs' positions as set forth herein.

### III.     Colorado States' Position Statement Regarding Google Access to Third-Party Information Provided to the TC

For the reasons previously stated in the May 1 JSR and at the May 5 hearing, the Colorado States maintain their position that neither Google nor its counsel, including outside counsel, should have access to any Qualified Competitor applicant's "plan to invest and compete in or with" the relevant markets. Final J. § IX.V. Google's newfound position that such access should be limited to its outside counsel solves nothing. No one associated with Google has any valid need to learn the details of how a competitor plans to attack Google in the marketplace, and these plans are the foundational elements of the very competition that Google has unlawfully restrained. If Google makes an objection to a Certification Recommendation under the proposed order of operations—based on, e.g., its own internal analysis or public information—and if it identifies concerns about a Qualified Competitor applicant's plans to invest or compete as a basis for objection, and if the Court deems it necessary to review such plans to make a determination, the Colorado States propose that any review occur *in camera*, *see* Hr'g Tr. 26:12–28:22.

### IV.      Google's Position Statement Regarding Google Access to Third-Party Information Provided to the TC

#### A.       Google's Counsel Should Receive Access to the Materials Considered by the Technical Committee In Forming Its Recommendations.

Under Google's proposal, its counsel would receive access to the evidence (documents, data, and written submissions) considered by the Technical Committee in the course of forming its recommendations.  *See* App. A Part I.B.3, Part I.C.5.b.iii; *see also* App. A Part II.B.8.  In

contrast, Plaintiffs' proposal limits Google's right of access to that information "relied upon to support the material aspects" of the recommendation, and only insofar as *the information is described in the recommendation itself*.  App. A Part I.B.2.  To obtain any further information, including the underlying documents and data, Google's counsel would have to issue specific requests to Plaintiffs.  *See* App. A Part I.C.6.  These requests must identify "the specific subject-matter(s) of the information sought" and "the relevance of each piece of information sought to that particular Recommendation and Google's ability to comply with or exercise its right to object under the Final Judgment."  App. A Part I.C.6.b.  And even if Google makes that showing, Plaintiffs retain ultimate discretion to deny the request.  *Id.*

Plaintiffs' proposal materially impedes Google's ability to assess the Technical Committee's recommendations and to assert objections.  As set forth in Google's previously submitted position statement (ECF No. 1511 at 17-21), Plaintiffs' proposal would deny Google due process given the substantive role that has been provided to the Technical Committee in making recommendations regarding important property rights owned by Google.  Google cannot meaningfully address the Technical Committee's recommendations and raise objections and proposed solutions as necessary without access to the information the Technical Committee considers in the process of deliberating and arriving at its recommendations.

To ensure an efficient and fair process, Google's counsel must receive the underlying materials automatically and simultaneously with the recommendation.  Under the parties' proposed "Order of Operations," the clock for Google to submit objections and a proposed solution begins immediately upon receipt of the recommendation.  *See* App. A Part I.A.  Forcing Google's counsel to affirmatively request the underlying information introduces needless delay.  Worse, granting Plaintiffs the discretion to withhold access introduces substantial

prejudice.  If Plaintiffs share the information, Google will have already lost critical assessment time; if they refuse, Google will be forced to brief its objections to the Court without the requested material.  Google's proposal avoids this gamesmanship by requiring simultaneous, counsel-only disclosure, preserving the full review window necessary to evaluate the recommendation.

Beyond receiving these materials concurrently, Google's counsel should have access to all source materials considered by the Technical Committee—including third-party documents, data, and submissions.[4]  Plaintiffs' proposal illustrates the danger of arbitrary line-drawing: it limits disclosures to materials strictly "relied upon" by the Technical Committee, App. A Part I.B.2, while exempting sources deemed (1) "duplicative or cumulative" or (2) unrelated to "material aspects" of the recommendation, Part I.B.2.c.  These criteria are subjective, and Google cannot know what has been withheld.  The cleaner, fairer approach is to simply require disclosure of all materials considered by the Technical Committee.

There is no sound reason to shield this information from Google's counsel.  Had these issues been resolved during the remedies litigation, Google's counsel unquestionably would have received the underlying third-party evidence and had the opportunity to cross examine the third parties who submitted the information.  Because the Technical Committee is effectively acting as an expert body advising both Plaintiffs and the Court on critical, data-driven issues, basic fairness requires that Google's counsel—at a minimum—have access to that same underlying information.

---

[4] Google's updated proposal solves for the concerns the Court expressed at the last hearing by expressly exempting any deliberative work product from disclosure, and clarifying that there is no requirement that notes of discussions with third parties be disclosed.  *See* App. A Part I.B.3; Part I.C.5.b.iii.

**B.      Plaintiffs Should Not Be Permitted To Shield From Google Information Relied On By the Technical Committee.**

Plaintiffs' proposal allows the Technical Committee and Plaintiffs to omit from the identified relied-upon sources those that they deem immaterial, duplicative, or cumulative of other identified sources.  *See* App. A Part I.B.2.C.  Google's proposal (set forth above) that it receive counsel-only access to all source materials considered by the Technical Committee solves for this issue, and ensures that these materials are not withheld from Google's knowledge.  So long as Google receives the underlying source material, Google does not object to the immaterial/duplicative/cumulative carve-out within the contents of the recommendation itself.  But for all of the same reasons set forth above, Google cannot agree that materials *relied on* in reaching the recommendation be shielded from disclosure to Google's counsel.  If Google does not receive access to the materials considered by the Technical Committee in the first instance, Google must at least receive *notice* of what those materials are (regardless of whether Plaintiffs or the Technical Committee view them as duplicative, cumulative, or immaterial) so it can decide whether to request access to them.

**C.      Third Parties Should Be Required to Respond to Google's Reasonable Requests for Additional Access, To the Extent They Oppose the Request.**

The parties agree that under Appendix A Part I.C (recommendations), Part II.B (certification recommendations), and Part III.B (conclusions and proposals for cure of complaints), Google's outside counsel may request that individuals at Google other than its outside counsel and two Designated In-House Counsel be provided access to specific, identified third-party information.  The parties further agree that upon receiving such a request from Google, Plaintiffs will promptly provide written notice to the third party and request a response.  *See, e.g.*, App. A Part I.C.6.a.ii.  Because all third-party information provided to the Technical Committee is presumed "Highly Confidential" regardless of its content, any third

13

party objecting to a disclosure request must verify that the material meets the Protective Order's definitions and briefly explain the basis for that confidentiality designation. *See, e.g.*, *id.* The parties further agree that if the third party *does provide a response*, Plaintiffs will relay that position to Google and Google can raise its access request with the Court. *See, e.g.*, App. A Part I.C.6.a.iii. Where the parties disagree, however, is what to do if a third party *chooses not to respond*. *See, e.g.*, App. A Part I.C.6.a.iii-iv. Plaintiffs ask the Court to treat a non-response as an objection in full and require Google to raise its access request to the Court. *See, e.g.*, App. A Part I.C.6.a.iii. Google requests that the Court require that third parties affirmatively object, rather than simply stay silent, to requests from Plaintiffs and the Technical Committee to share additional information with Google in order to prevent such disclosure. *See, e.g.*, App. A Part I.C.6.a.iv.[5]

Plaintiffs' proposal incentivizes third parties to sandbag and withhold their positions until Google is forced to file a challenge with the Court. Under the parties' framework, all third-party information submitted to the Technical Committee is automatically deemed "Highly Confidential" without requiring any initial justification. *See, e.g.*, App. A Part I.C.4-5.a. Because Plaintiffs further provide that a failure to respond to Google's request for access results in the denial of Google's request (absent Court intervention), *see, e.g.*, App. A Part I.C.6.a.iii, third parties have little incentive to respond to such requests. Indeed, the first time that a third party would be required to provide its position about whether, and to what extent, information should not be shared with Google would be in responding to Google outside

---

[5] Where a third party does not provide a response, Google's proposal allows Plaintiffs to notify Google that they consider Google's request for access to be unreasonable. *See, e.g.*, App A. Part I.C.6.a.iv. In that event, the additional individuals would not get access unless Google seeks relief from the Court. *See, e.g.*, *id.*

counsel's challenge to the confidential treatment of that information.  The Court should instead require third parties to affirmatively state their confidentiality positions in response to Plaintiffs' requests or waive any objection to the requested disclosure.

Plaintiffs' proposal will also lead to unnecessary delay and filings before the Court.  For example, presume the Technical Committee's recommendation on data privacy relies on a submission by a prospective Qualified Competitor. At Google's request, Plaintiffs and the Technical Committee reach out to the third party, but the third party does not respond.  Under Plaintiffs' proposal, the submission would be deemed Highly Confidential—regardless of whether it contains any information that meets the standard for Highly Confidential or Confidential Information under the Protective Order—and Google's outside counsel could not share the submission with the data privacy employees helping counsel assess the Technical Committee's recommendation.  Counsel would be forced to bring a dispute to the Court even though there was no objection raised by the third party.  Presumably, the Court would consider the lack of response by the third party to be a waiver of any confidentiality objection, and Google would ultimately receive the information.  But in the meantime, Google has been delayed in considering the information in evaluating the Technical Committee's proposal.

Take as another example a member of the public that provides a frivolous complaint to the Technical Committee, based on a post they saw on social media, that Google is in violation of the Final Judgment.  The Technical Committee, Plaintiffs, and Google all agree that this information is not confidential in any way, but the Plaintiffs and the Technical Committee are unable to get a response after multiple notices to the email provided by the individual.[6]  Under

---

[6] During the meet and confer, Plaintiffs explained that they expected the Technical Committee to contact complainants and seek consent to share the third party's information in communicating the "substance of the complaint" with the Compliance Officer pursuant to Section VII.C.3.a.

Plaintiffs' proposal, Google's outside counsel would need to petition the Court to allow the Technical Committee to share information about the complaint with the Compliance Officer (since, under Plaintiffs' proposal, "[t]he TC may not disclose to the Compliance Officer any third-party information provided to the TC without the third party's consent").  Google requests that the Court avoid this unnecessary motion practice: a third-party who chooses not to respond to Plaintiffs' or the Technical Committee's notice should be deemed to have waived any objection to Google being provided the requested access.[7]

### D.    Google's Outside Counsel Should Receive Full Access to the Applications of Prospective Qualified Competitors.

Google has agreed that its Designated In-House Counsel will be screened from the prospective Qualified Competitor's business plan to compete.  *See* App. A Part II.B.7.b.i-ii; Part II.B.8.  The Plaintiffs States contend that Google's outside counsel should also be prohibited from access to the business plan to compete.  They propose that to the extent Google objects to an applicant's submission, the Court consider the business plan to compete *ex parte*.  There is no basis for such a restriction.  Google's outside counsel received sensitive, forward-looking business plans from numerous third parties over the course of this litigation, and there have been no issues.  There is no reason to create an exception now for prospective Qualified Competitors.  Indeed, any such restriction is contrary to what Plaintiffs represented to the Court in advocating for their proposed remedies.  When the Court put precisely this issue to Plaintiffs,

---

[7] Google's proposal is consistent with the protective order's treatment of discovery requests from other litigation.  In order to avoid motion practice where a third party does not object, the protective order states: "If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Non-Party's Highly Confidential Information or Confidential Information responsive to the discovery request may be produced."  ECF No. 98, Section B.8.  Without such a provision, this Court would be inundated with requests from other litigations where a third party has decided not to respond to such notices.

posing the specific question of whether Google would, for example, "get access to [the] plan" submitted by a prospective Qualified Competitor,[8] Plaintiffs confirmed that Google would receive that information: "*That's the way our proposal is designed.* You're welcome to make it differently. Of course, we want to make sure that Google's employees are not getting access to competitively sensitive information." Oct. 8, 2025 Hr'g Tr. 18:3-7 (emphasis added); *see also* Remedies Trial Tr. 4841:2-16.

Google requires this information to assess whether the Qualified Competitor is in fact investing to actually compete, or is rather only purporting to do so in order to gain access to Google's valuable and proprietary information. To proceed on an *ex parte* basis as the Plaintiff States propose would violate Google's due process rights.

Dated: May 20, 2026                                 Respectfully submitted,

                                            /s/ Grant M. Fergusson
                                            Claire M. Maddox (D.C. Bar #498356)
                                            Travis R. Chapman (D.C. Bar #90031151)
                                            Danielle Hauck
                                            Grant M. Fergusson (D.C. Bar #90004882)
                                            Karl E. Herrmann (D.C. Bar #1022464)

                                            U.S. Department of Justice
                                            Antitrust Division
                                            Technology & Digital Platforms Section
                                            450 Fifth Street NW, Suite 7100
                                            Washington, DC 20530
                                            Telephone: (202) 549-7155
                                            Claire.Maddox@usdoj.gov

                                            *Counsel for Plaintiff United States of America*

---

[8] The Court's question was: "So, you know, let's use your example of a qualified competitor. . . . [T]here's a new entrant, and they want to come forward and say, look, . . . we'd like to become a qualified competitor, here's our plan, do you mean to say that Google gets access to that plan and can say, look, we don't think these folks are going to meet the requirements, they're not good enough, they shouldn't have access, and do they then get to come to me to object even though you disagree and the technical committee disagrees?" Oct. 8, 2025 Hr'g Tr. 17:17-18:2.

By: /s/ Amanda Wentz
Amanda J. Wentz
Assistant Attorney General
Office of the Arkansas Attorney General
101 West Capitol Avenue
Little Rock, Arkansas 72201
Phone: (501) 682-1178
Amanda.Wentz@ArkansasAG.gov

*Counsel for Plaintiff State of Arkansas*

By: /s/ Carolyn D. Jeffries
Rob Bonta, Attorney General
Paula Blizzard, Senior Assistant Attorney
General
Michael Jorgenson, Supervising Deputy
Attorney General
Brian Wang, Deputy Attorney
General
Carolyn D. Jeffries, Deputy Attorney
General (DC Bar No. 1600843)
Office of the Attorney General
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Cari.Jeffries@doj.ca.gov

*Counsel for Plaintiff State of California*

By: /s/ Lee Istrail
James Uthmeier, Attorney General
R. Scott Palmer, Special Counsel, Complex
Enforcement Chief, Antitrust Division
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of
Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

By: /s/ Charles Thimmesch
Christopher Carr, Attorney General
Logan B. Winkles, Deputy Attorney
General
Ronald J. Stay, Jr., Senior Assistant
Attorney General
Charles Thimmesch, Senior Assistant
Attorney General
Office of the Attorney General, State of
Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

By: /s/ Jesse Moore
Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and
Director, Consumer Protection Division
Jesse Moore, Deputy Attorney General
Christi Foust, Deputy Attorney General
Office of the Attorney General, State of
Indiana
Indiana Government Center South, Fifth
Floor
302 West Washington Street
Indianapolis, Indiana 46204
Jesse.Moore@atg.in.gov

*Counsel for Plaintiff State of Indiana*

18

By: /s/ Jonathan E. Farmer
Russell Coleman, Attorney General
J. Christian Lewis, Commissioner of the
Office of Consumer Protection
Philip R. Heleringer, Executive
Director of the Office of Consumer
Protection
Jonathan E. Farmer, Deputy Executive
Director of the Office of Consumer
Protection
Office of the Attorney General,
Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff*
*Commonwealth of Kentucky*

By: /s/ Asyl Nachabe
Liz Murrill, Attorney General
Asyl Nachabe, Assistant Attorney General
Office of the Attorney General, State of
Louisiana
Public Protection Division
909 Poydras St. Suite 1850
New Orleans, LA 70112
(225) 326-6435
NachabeA@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

By: /s/ Scott Mertens
Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

By: /s/ Alison Esbeck
Alison Esbeck
Assistant Attorney General
Missouri Attorney General's Office
815 Olive Street | Suite 200
Saint Louis, Missouri 63101
Alison.esbeck@ago.mo.gov
Phone: 314-340-4977

*Counsel for Plaintiff State of Missouri*

By: /s/ Anna Schneider
Anna Schneider
Special Assistant Attorney General,
Senior Counsel,
Montana Office of Consumer Protection
P.O. Box 200151
Helena, MT 59602-0150
Phone: (406) 444-4500
Anna.schneider@mt.gov

*Counsel for Plaintiff State of Montana*

By: /s/ Mary Frances Jowers
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy
Attorney General
C. Havird Jones, Jr., Senior Assistant
Deputy Attorney General
Mary Frances Jowers, Assistant Deputy
Attorney General
Office of the Attorney General
State of South Carolina
1000 Assembly Street
Rembert C. Dennis
Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
mfjowers@scag.gov

*Counsel for Plaintiff State of South Carolina*

19

By: /s/ Diamante Smith
Ken Paxton, Attorney General
Brent Webster, First Assistant Attorney
General
Ralph Molina, Deputy First Assistant
Attorney General
Austin Kinghorn, Deputy Attorney General
for Civil Litigation
Thomas York, Division Chief, Antitrust
Division
Diamante Smith, Assistant Attorney
General, Antitrust Division
Office of the Attorney General,
State of Texas
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1162
Diamante.Smith@oag.texas.gov

*Counsel for Plaintiff State of Texas*

By: /s/ Caitlin M. Madden
Joshua L. Kaul, Attorney General
Caitlin M. Madden, Assistant
Attorney General
Wisconsin Department of Justice
17 W. Main St.
Post Office Box 7857
Madison, Wisconsin 53707-7857
caitlin.madden@Wisconsin.gov

*Counsel for Plaintiff State of Wisconsin*

20

PHILIP WEISER
Attorney General of Colorado

*/s/ Jonathan B. Sallet*
Jonathan B. Sallet, DC Bar No. 336198
Steven M. Kaufmann
Elizabeth W. Hereford
Conor J. May
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
E-Mail: Jon.Sallet@coag.gov
Steve.Kaufmann@coag.gov
Elizabeth.Hereford@coag.gov
Conor.May@coag.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Colorado*

MIKE HILGERS
Attorney General of Nebraska

Justin C. McCully, Assistant Attorney
General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
E-Mail: Justin.mccully@nebraska.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Nebraska*

KRISTIN K. MAYES
Attorney General of Arizona

Robert A. Bernheim, Unit Chief Counsel
Jayme Weber, Senior Litigation Counsel
Arizona Office of the Attorney General
400 West Congress, Ste. S-215
Tucson, Arizona 85701
Telephone: (520) 628-6507
E-Mail: Robert.Bernheim@azag.gov
Jayme.Weber@azag.gov

*Counsel for Plaintiff State of Arizona*

BRENNA BIRD
Attorney General of Iowa

Noah Goerlitz, Assistant Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St., 2nd Floor
Des Moines, IA 50319
Telephone: (515) 725-1018
E-Mail: Noah.goerlitz@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

LETITIA JAMES
Attorney General of New York

Elinor R. Hoffmann
Morgan J. Feder
Michael D. Schwartz
Office of the New York State Attorney
General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8513
E-Mail: Elinor.hoffmann@ag.ny.gov
Morgan.feder@ag.ny.gov
Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff State of New York*

21

JEFF JACKSON
Attorney General of North Carolina

Kunal Janak Choksi
Joshua Daniel Abram
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6000
E-Mail: kchoksi@ncdoj.gov
jabram@ncdoj.gov

*Counsel for Plaintiff State of North Carolina*

JONATHAN SKRMETTI
Attorney General of Tennessee

J. David McDowell
Austin Ostiguy
Tyler Corcoran
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 741-8722
E-Mail: David.McDowell@ag.tn.gov
austin.ostiguy@ag.tn.gov
Tyler.Corcoran@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*

DEREK E. BROWN
Attorney General of Utah

Matthew Michaloski, Assistant Attorney General
Marie W.L. Martin, Division Director
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 140811
Salt Lake City, Utah 84114
Telephone: (801) 440-9825
E-Mail: mmichaloski@agutah.gov
mwmartin@agutah.gov

*Counsel for Plaintiff State of Utah*

STEPHEN J. COX
Attorney General of Alaska

Jeff Pickett
Senior Assistant Attorney General
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5275
E-Mail: Jeff.pickett@alaska.gov

*Counsel for Plaintiff State of Alaska*

WILLIAM TONG
Attorney General of Connecticut

Nicole Demers
Office of the Attorney General of Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Telephone: (860) 808-5202
E-Mail: Nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

KATHLEEN JENNINGS
Attorney General of Delaware

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
E-Mail: Michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*

BRIAN SCHWALB
Attorney General of the District of Columbia

Elizabeth Gentry Arthur
Office of the Attorney General for the
District of Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 724-6514
E-Mail: Elizabeth.arthur@dc.gov

*Counsel for Plaintiff District of Columbia*

DOUGLAS MOYLAN
Attorney General of Guam

Norman Lee Miller, Jr.
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Telephone: (671) 475-2710
E-Mail: nmillerjr@oagguam.org

*Counsel for Plaintiff Territory Guam*

ANNE E. LOPEZ
Attorney General of Hawai'i

Rodney I. Kimura
Department of the Attorney General, State
of Hawai'i
425 Queen Street
Honolulu, HI 96813
Telephone (808) 586-1180
E-Mail: Rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff State of Hawai'i*

RAÚL LABRADOR
Attorney General of Idaho

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. Jefferson St., 2nd Floor
P.O. Box 83720
Boise, ID 83720
Telephone: (208) 332-3549
E-Mail: John.olson@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

KWAME RAOUL
Attorney General of Illinois

Elizabeth Maxeiner
Brian Yost
Jennifer Coronel
Office of the Attorney General of Illinois
115 S. LaSalle St.
Chicago, IL 60603
Telephone: (773) 590-7935
E-Mail: Elizabeth.maxeiner@ilag.gov
Brian.yost@ilag.gov
Jennifer.coronel@ilag.gov

*Counsel for Plaintiff State of Illinois*

KRIS W. KOBACH
Attorney General of Kansas

Christopher Teters
Kansas Office of the Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612
Telephone: (785) 296-3751
E-Mail: chris.teters@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

AARON M. FREY
Attorney General of Maine

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
August, ME 04333
Telephone: (207) 626-8800
E-Mail: Christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

ANTHONY G. BROWN
Attorney General of Maryland

23

Schonette J. Walker
Melissa English
Office of the Attorney General of
Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Telephone: (410) 576-6480
E-Mail: swalker@oag.state.md.us
menglish@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

ANDREA CAMPBELL
Attorney General of Massachusetts

Jennifer E. Greaney
Office of the Attorney General of
Massachusetts
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2981
E-Mail: Jennifer, greaney@mass.gov

*Counsel for Plaintiff Commonwealth of
Massachusetts*

KEITH ELLISON
Attorney General of Minnesota

Zach Biesanz
Senior Enforcement Counsel
Office of the Minnesota Attorney General
Antitrust Division
445 Minnesota Street, Suite 600
St. Paul, MN 55101
Telephone: (651) 757-1257
E-Mail: Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

AARON D. FORD
Attorney General of Nevada

Michelle C. Badorine
Lucas J. Tucker
Nevada Office of the Attorney General

100 N. Carson Street
Carson City, NV 89701
Telephone: (775) 684-1164
E-Mail: mbadorine@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

JOHN FORMELLA
Attorney General of New Hampshire

Brandon Garod
Office of Attorney General of New
Hampshire
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-1217
E-Mail: Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff State of New
Hampshire*

JENNIFER DAVENPORT
Acting Attorney General of New Jersey

Yale A. Leber
Abiola G. Miles
Deputy Attorneys General
New Jersey Attorney General's Office
25 Market Street, P.O. Box 106
Trenton, NJ 08625
Telephone: (609) 376-2383
E-Mail: Yale.Leber@law.njoag.gov
Abiola.Miles@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

RAÚL TORREZ
Attorney General of New Mexico

Judith E. Paquin Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney
General
408 Galisteo St.
Santa Fe, NM 87504

24

Telephone: (505) 490-4885
E-Mail: jpaquin@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff State of New Mexico*

DREW WRIGLEY
Attorney General of North Dakota

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust
Division
Office of the Attorney General of North
Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
Telephone: (701) 328-5570
E-Mail: ealm@nd.gov

*Counsel for Plaintiff State of North
Dakota*

DAVID YOST
Attorney General of Ohio

Beth Ann Finnerty, Section Chief,
Antitrust
Sarah Mader, Assistant Attorney General,
Antitrust
Office of the Attorney General of Ohio
30 E Broad Street, 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
E-Mail: Beth.Finnerty@ohioago.gov
Sarah.Mader@ohioago.gov

*Counsel for Plaintiff State of Ohio*

GENTNER DRUMMOND
Attorney General of Oklahoma

Cameron R. Capps
Office of the Oklahoma Attorney General
313 NE 21st Street
Oklahoma City, OK 73105

Telephone: (405) 522-0858
E-Mail: Cameron.capps@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

DAN RAYFIELD
Attorney General of Oregon

Gina Ko, Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (503) 934-4400
E-Mail: Gina.Ko@doj.oregon.gov

*Counsel for Plaintiff State of Oregon*

DAVID W. SUNDAY, JR.
Attorney General of Pennsylvania

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
E-Mail: jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of
Pennsylvania*

LOURDES L. GÓMEZ TORRES
Secretary of Justice

TANIA L. FERNÁNDEZ-MEDERO
Assistant Secretary of Justice

SAMUEL WISCOVITCH-CORALI
Deputy Undersecretary

Pablo Tufiño-Soto
Senior Attorney
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192

San Juan, Puerto Rico 00902-0192
Telephone: (787) 721-2900, Ext. 1205
E-Mail: ptufino@justicia.pr.gov

*Counsel for Plaintiff Territory Puerto Rico*

PETER NERONHA
Attorney General of Rhode Island

Stephen Provazza
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
E-Mail: SProvazza@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

MARTIN J. JACKLEY
Attorney General of South Dakota

Yvette K. Lafrentz
Office of the Attorney General of South Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
E-Mail: Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff State of South Dakota*

CHARITY R. CLARK
Attorney General of Vermont

Christopher J. Curtis, Assistant Attorney General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
Telephone: (802) 828-3170
E-Mail: christopher.curtis@vermont.gov
*Counsel for Plaintiff State of Vermont*

JAY JONES
Attorney General of Virginia

Tyler T. Henry
Senior Assistant Attorney General
Antitrust Unit
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Telephone: (804) 692-0485
E-Mail: thenry@oag.state.va.us

*Counsel for Plaintiff State of Virginia*

NICHOLAS W. BROWN
Attorney General of Washington

Amy N.L. Hanson
Senior Managing Assistant Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-5419
E-Mail: Amy.hanson@atg.wa.gov

*Counsel for Plaintiff State of Washington*

JOHN B. McCUSKEY
Attorney General of West Virginia

Douglas Lee Davis
Office of the Attorney General, State of West Virginia
1900 Kanawha Boulevard East
Building 6, Suite 401
P.O. Box 1789
Charleston, WV 25305
Telephone: (304) 558-8986
E-Mail: Douglas.l.davis@wvago.gov

*Counsel for Plaintiff State of West Virginia*

KEITH KAUTZ
Attorney General of Wyoming

26

William T. Young
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
Telephone: (307) 777-7847
E-Mail: William.young@wyo.gov

*Counsel for Plaintiff State of Wyoming*

WILLIAMS & CONNOLLY LLP

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Michael Sommer (admitted *pro hac vice)*
Franklin M. Rubinstein (D.C. Bar No. 476674)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-880
msommer@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*

28