**APPENDIX A**

**I.    PARTIES' PROPOSED GUIDELINES FOR RECOMMENDATIONS (EXCLUDING CERTIFICATION OF QUALIFIED COMPETITORS)**

The Parties jointly propose the following guidelines for Recommendations[1] to be submitted to the Court pursuant to the Final Judgment, whether by Plaintiffs themselves or by Plaintiffs on behalf of the Technical Committee ("TC"), excluding those concerning the certification or recertification of Qualified Competitors ("Certification Recommendations"), which are addressed in Part II below.

In making this proposal, the Parties note that: (a) the underlying processes that Plaintiffs and/or the TC may utilize when developing any particular Recommendation have not yet been determined; and (b) Recommendations may differ in content and purpose from one to the next depending on the subject matter, potentially significantly. The Parties therefore caveat this proposal with the recognition that adjustments may be needed, particularly with respect to the timing of the order of operations, depending on the nature of the Recommendation. The Parties make this proposal without prejudice to the ability of Plaintiffs, the TC, or Google to request additional time from the Court.

**A.  Order of Operations**

Pursuant to the Court's request, the Parties propose below an order of operations to apply to all Recommendations. In the case of a Recommendation to be submitted pursuant to a Court-ordered deadline, that deadline triggers the events below.  For all other Recommendations, (a) the provision of the Recommendation to Google triggers the events below and the submission

---

[1] "Recommendations" means all recommendations, decisions, or other submissions pursuant to the Final Judgment as to which Google has a right to object under Section VII.A.7.k, excluding those to certify or recertify Qualified Competitors (which are separately defined above).

date to the Court; and (b) at least five (5) business days in advance of Plaintiffs providing a Recommendation to Google, Plaintiffs will give notice to Google of their intent to do so.  For purposes of this Part I, the period for Google to object runs from the date the Recommendation is provided to Google to the deadline for Google to submit any objections to Plaintiffs ("Objection Period").

The Parties agree to the timeline for the below order of operations should vary as appropriate depending on the nature of a given Recommendation. To that end, for purposes of this Part I.A, the Parties agree that Recommendations may generally be divided into three categories:

- Category 3—for Recommendations on data security standards for Qualified Competitors; search syndication tapering rate; user-side data privacy and security standards (final); and number and frequency of user-side data disclosures (final).

- Category 2— for Recommendations on template search syndication license; template search text ads syndication license; template data-sharing license; and proposal for ads auction reporting disclosure.

- Category 1—for all other Recommendations.

In the order of operations presented below, the Parties have included the timeline that they agree should apply to Category 1 Recommendations unless otherwise agreed upon by the Parties in writing or by order of the Court. The Parties are continuing to discuss the applicable timelines for Category 2 and Category 3 Recommendations, and Plaintiffs are seeking input from the TC regarding the timing for each step. If the parties come to an agreement regarding the timing of these steps, the parties would follow the agreed timeline. If the parties fail to reach agreement in a timely manner, the parties propose filing a supplemental Joint Status Report with the competing timelines.

As to the events listed in the order of operations below, the Parties have one dispute: Whether, at the time a TC Recommendation is provided to Google, Google is entitled to receive

the third-party materials considered by the TC in forming that Recommendation.  The Parties

address this dispute in their separate statements in the Joint Status Report.

| Timing for Category 1 Recommendations | Order of Operations |
| --- | --- |
| 15 business days before Filing Date (no later than 3p ET that day) | Recommendation provided to Google. [Google proposal: Third-party materials considered by the TC in forming that Recommendation also provided to Google's counsel.] |
| 12 business days before Filing Date or 3 business days after the Recommendation [Google proposal: and materials considered] is [are] provided to Google, whichever date comes later (no later than 3p ET that day) | Last day for Google to request additional information or access, if needed, pursuant to Paragraph 6 below. Plaintiffs to respond in accordance with Paragraph 6 below, within three (3) business days from the date of Google's request. |
| 9 business days before Filing Date or 3 business days after Google requests additional information or access, whichever date comes later (no later than 3p ET that day) | Last day for Plaintiffs to respond to Google's request for additional information or access pursuant to Paragraph 6 below. |
| 5 business days before Filing Date (no later than 3p ET that day) | Last day for Google to submit to Plaintiffs and the TC in writing any objections. All objections must clearly identify: (a) the part(s) of the Recommendation to which Google objects; and (b) for each such part, (i) the basis for the objection, and (ii) Google's proposed resolution and the basis therefor. In the event Google does not provide objections, then Plaintiffs may in their discretion submit the Recommendation to the Court before the Filing Date below.<br><br>Last day for Google to identify to Plaintiffs and the TC any information of Google's in the Recommendation that it designates as Highly Confidential or Confidential under the Protective Order and requests to be redacted in the filing. |
| (Any time before Filing Date) | Parties to meet and confer regarding objections. |

| Timing for Category 1 Recommendations | Order of Operations |
|---|---|
| Filing Date | Date for Plaintiffs to submit the Recommendation and Google's objections, if any, to the Court. The submission will identify any part(s) of the Recommendation as to which an objection remains unresolved and will attach Google's objections. Google's objections must be limited to a brief statement for each objection identifying the objection itself but must not contain bases or arguments offered in support of the objection, which may be presented in the Joint Status Report to be filed as set forth below. Google shall not raise to the Court any objections that were not timely submitted to Plaintiffs and discussed during a meet and confer in accordance with the procedures above. |
| Filing Date +3 business days | Parties to file a Joint Status Report on any outstanding objections to the Recommendation. |

### B. Content

The Parties' proposals regarding the content of Recommendations are set forth in the

chart below to facilitate the Court's review and comparison of proposals where they differ.

| Plaintiffs' Proposal | Google's Response/Proposal |
|---|---|
| 1. Each Recommendation shall include at least the following:<br><br>   a. a statement clearly presenting the recommendation being made; and<br><br>   b. a statement regarding the basis for the recommendation. | *[[No objection.]]* |
| 2. The statement under Paragraph 1(b) shall include identification of the material information relied upon to support the statement under Paragraph 1(a), subject to the following: | *[[No objection.]]* |
|    a. "Identification" of information from third parties in any given instance shall consist of either of the following, in the TC's or Plaintiffs' discretion: | *[[No objection.]]* |

| Plaintiffs' Proposal | Google's Response/Proposal |
|---|---|
| i. disclosing the third-party information; or<br><br>ii. describing the substance of the third-party information. | |
| b. In the case of any Recommendation, the TC or Plaintiffs may treat the third-party source as "Highly Confidential." | *[[No objection.]]* |
| c. The statement regarding the basis for the Recommendation is not required to include information from third parties that is duplicative or cumulative of information already included or that was not relied upon to support the material aspects of the statement presenting the Recommendation. | *[[Google objects for the reasons stated in the Joint Status Report, but is willing to accept this language so long as counsel is provided with all information that the Technical Committee considered in forming the recommendation (as Google proposes).]]* |
| 3. Notwithstanding any other provision herein, the TC is under no obligation to disclose its deliberative work product. The TC is also under no obligation to disclose notes or other recordings of meetings or conversations; provided, however, that to the extent such discussions constitute material information relied upon to support the statement under Paragraph 1(a) above, then the relevant substance of the discussions should be described pursuant to Paragraph 2(a) above. | 3. Plaintiffs shall provide for review by Google outside counsel and Designated In-House Counsel any third-party submissions, documents, or data that the TC considered in the course of forming its Recommendation. *[Google agrees to the additional clarifying language in Plaintiffs' proposal regarding deliberative work product and notes.]* |

## C. Confidentiality

The Parties' proposals regarding the confidentiality of information gathered by the TC in connection with the Final Judgment is set forth below in chart form to facilitate the Court's review and comparison of proposals where they differ.

| Plaintiffs' Proposal | Google's Proposal |
|---|---|
| 4. All information gathered by the TC in connection with this Final Judgment and any report and recommendations prepared by the TC shall be treated as Highly Confidential under the Protective Order in this case, and shall not be disclosed to any person other than another TC member or a consultant or staff hired by the TC, Google, Plaintiffs, and the Court, except as specifically permitted below for Recommendations and Certification Recommendations, or as otherwise allowed by the Protective Order entered in the underlying cases or by further order of this Court. | *[[No objection.]]* |
| 5. Recommendations shall be treated as set forth below. | *[[No objection.]]* |
| a. Any information from third parties included in a Recommendation pursuant to Paragraph 2 above ("Identified Confidential Third-Party Information") shall be treated as Highly Confidential under the Protective Order unless (i) the third party has consented in writing to Plaintiffs that the information may be de-designated, and (ii) Plaintiffs have expressly stated in writing to Google that the information is de-designated. | a. Any information from third parties included in a Recommendation or disclosed as materials considered by the TC pursuant to Paragraph 2 and 3 above ("Identified Confidential Third-Party Information") shall be treated as Highly Confidential under the Protective Order unless (i) the third party has consented in writing to Plaintiffs that the information may be de-designated, or (ii) has failed to respond to a de-designation request. |
| b. Any Recommendation provided to Google for purposes of the Objection Period shall be presented and may be accessed as follows: | *[[No objection.]]* |

| Plaintiffs' Proposal | Google's Proposal |
|---|---|
| *[[No objection.]]* | i. Plaintiffs shall provide Google a "counsel-only copy" of the Recommendation without redactions, to which Google's outside counsel and two Designated In-House Counsel (as that term is defined in the Protective Order) may receive access in full.  The "counsel-only copy" may also be shared with outside experts or consultants who are retained by Google for purposes of assisting in assessing Recommendations (including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this Action), provided that (a) they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached to the PO; and (b) Google provides Plaintiffs an executed copy of Appendix A for each such individual within five (5) business days of execution. |
| ii. Plaintiffs shall provide Google an "employee copy" of the Recommendation, in which any Identified Confidential Third-Party Information shall be redacted, and to which Google employees may have access on a need-to-know basis for the sole purpose and use of assisting Google's outside counsel and two Designated In-House Counsel in evaluating potential objections thereto. | *[[No objection.]]* |
| *[[Plaintiffs object for the reasons stated in the Joint Status Report.]]* | iii. Plaintiffs shall also provide Google a "counsel-only" copy, to which Google's outside counsel and two Designated In-House Counsel (as that term is defined in |

7

| Plaintiffs' Proposal | Google's Proposal |
|---|---|
| | the Protective Order) may receive access in full, of any third-party submission, documents, or data that the TC considered in the course of forming its recommendation.  The "counsel-only" copy may also be shared with outside experts or consultants who are retained by Google for purposes of assisting in assessing Recommendations (including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this Action), provided that (a) they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached to the PO; and (b) Google provides Plaintiffs an executed copy of Appendix A for each such individual within five (5) business days of execution.  For clarity the TC is under no obligation to disclose its deliberative work product. The TC is also under no obligation to disclose notes or other recordings of meetings or conversations; provided, however, that to the extent such discussions constitute material information relied upon to support the statement under Paragraph 1(a) above, then the relevant substance of the discussions should be described pursuant to Paragraph 2(a) above. |
| iv. Disclosure of a Recommendation provided to Google for purposes of the Objection Period, or disclosure of the substance of such a Recommendation, beyond what is expressly permitted by | *[[No objection.]]* |

| Plaintiffs' Proposal | Google's Proposal |
|---|---|
| this Paragraph 5(b) shall be treated in the same manner as improper disclosure of Highly Confidential information under the Protective Order. | |
| c.  For any Recommendation provided to Google for purposes of the Objection Period, Google shall identify to Plaintiffs and the TC, in accordance with the governing Order of Operations timeline for the Recommendation, any information of Google's in the Recommendation that it designates as Highly Confidential or Confidential and requests to be redacted upon submission to the Court. | *[[No objection.]]* |
| 6. Google may make requests for additional access as set forth below. | *[[No objection.]]* |
| a.  Google may request access by additional individuals to Identified Confidential Third-Party Information in a Recommendation, to the extent Google has a good faith belief that such access is necessary to comply with the Final Judgment or exercise its right to object under the Final Judgment. In such event, the following procedure shall apply, in accordance with the governing Order of Operations timeline for the Recommendation: | *[[No objection.]]* |
| i.  Google shall make such a request to Plaintiffs in writing, to include: (a) the specific information that Google would like to distribute; (b) the specific individuals to whom each specific piece of information would be distributed; and (c) the reason(s) for the request. | *[[No objection.]]* |

| Plaintiffs' Proposal | Google's Proposal |
|---|---|
| ii.  Upon receiving such a request from Google, Plaintiffs shall promptly provide written notice to the third party, to include: (a) a statement that Google has requested additional access; (b) the information that Google identified pursuant to Paragraph 6(a)(i) above; and (c) the time for the third party's response.  Plaintiffs will request a response from the third party within two business days, including stating whether and to what extent the third party consents to the requested disclosure. Plaintiffs will request that to the extent the third party does not consent to the requested disclosure, the third party confirm that the material meets the definition of "Highly Confidential" information under the PO, and provide a short explanation of the basis for that confidentiality designation. Plaintiffs shall then relay the response to Google. | *[[No objection.]]* |
| iii.  Upon receiving a third party's negative response, or if a third party does not respond, Google shall have the option to seek relief from the Court. | iii.  Upon receiving a third party's negative response, Google shall have the option to seek relief from the Court. |
| *[[Plaintiffs object for the reasons stated in the Joint Status Report.]]* | iv.  If the third party does not respond, Google shall receive the access requested, unless Plaintiffs notify Google within two business days that they consider Google's request for access to be unreasonable.  In that event, Google shall have the option to seek relief from the Court. |

| Plaintiffs' Proposal | Google's Proposal |
|---|---|
| v. All Identified Confidential Third-Party Information shall continue to be treated as Highly Confidential under the Protective Order pending resolution of Google's request. | *[[No objection.]]* |
| b. Google may request access to additional third-party information not disclosed in the Recommendation, to the extent such information exists, was provided to the TC, and Google has a good faith belief that such information is necessary to comply with or exercise its right to object under the Final Judgment.  In such event, the following procedure shall apply, in accordance with the governing Order of Operations timeline for the Recommendation:<br><br>i. Google shall make such a request to Plaintiffs in writing, to include: (a) the specific subject-matter(s) of the information sought; and (b) the relevance of each piece of information sought to that particular Recommendation and Google's ability to comply with or exercise its right to object under the Final Judgment.<br><br>ii. Upon receiving such a request from Google, Plaintiffs shall in good faith consider the request and any appropriate responses thereto. | *[[No objection, but for clarification Google notes that under Google's proposal counsel receives the materials considered automatically, and thus this provision would be primarily applicable to requests for other information and access by individuals other than counsel.]]* |

## II.    CERTIFICATION OF QUALIFIED COMPETITORS

The Parties propose the following guidelines for recommendations to certify Qualified Competitors ("Certification Recommendations").

In making this proposal, Plaintiffs note, and Google recognizes, that Plaintiffs and the TC have not yet determined the process for certifying or recertifying Qualified Competitors, including (a) the process for third parties to submit applications to become or be recertified as Qualified Competitors; (b) the information that third parties will be required to submit as part of that application process; or (c) the criteria that will be used in evaluating such applications. The Parties therefore caveat this proposal with the recognition that adjustments may be needed once the certification process has been determined, and this proposal does not address the content of Certification Recommendations.[2]

### A. Order of Operations

Pursuant to the Court's request, below is Plaintiffs' proposed "order of operations" for Certification Recommendations. Plaintiffs have also included a default timeline for the identified events, to apply to any Certification Recommendation unless otherwise agreed upon by the Parties in writing or by order of the Court. For all Certification Recommendations, at least five (5) business days in advance of Plaintiffs providing a Certification Recommendation to Google, Plaintiffs will give notice to Google of their intent to do so. For purposes of this Part II, the term "Objection Period" shall mean the period for Google to object, running from the date

---

[2] Except that the Colorado Plaintiffs maintain their position, with respect to every step of the process governing certification of qualified competitors, that neither Google nor its counsel, including outside counsel, should have access to any Qualified Competitor applicant's "plan to invest and compete in" the relevant markets. Final J. § IX(V).

the Certification Recommendation is provided to Google to the deadline for Google to submit

any objections to Plaintiffs.

| Timing for Certification Recommendations | Order of Operations |
|---|---|
| Day 0 | Certification Recommendation provided to Google. [Google proposal: Third-party materials considered by the TC in forming that Recommendation provided to Google, consistent with the confidentiality provisions below.] |
| Day 0 +5 business days (no later than 3p ET that day) | Google to advise Plaintiffs in writing whether it (a) does not object to the Certification Recommendation; or (b) requires additional time to evaluate the Certification Recommendation. |
| Day 0 +7 business days (no later than 3p ET that day) | Last day for Google to request additional information if needed, pursuant to the process outlined in Paragraph 9 below. Plaintiffs to respond in accordance with Paragraph 9 below, within three (3) business days from date of Google's request. |
| Day 0 +10 business days (no later than 3p ET that day) | Last day for Plaintiffs to respond to Google's request for additional information pursuant to Paragraph 9 below. |
| Day 0 +15 business days (no later than 3p ET that day) | Last day for Google to submit to Plaintiffs and the TC in writing any objections.  In the event Google does not object, the Certification Recommendation shall automatically go into effect. All objections must clearly identify the basis for Google's objection. |
| (Any time before Day 0 +20 business days) | Parties to meet and confer regarding any objections timely submitted to Plaintiffs. |
| Day 0 +20 business days | Deadline for Google to raise any unresolved objections to the Court. In the event Google does not seek relief from the Court, the Certification Recommendation shall automatically go into effect. |

| Timing for Certification Recommendations | Order of Operations |
|---|---|
| Day 0 +23 business days | Parties to file a Joint Status Report on any outstanding objections to the Certification Recommendation.<br><br>Google shall not raise to the Court any objections that were not timely submitted to Plaintiffs and discussed during a meet and confer in accordance with the procedures above. |

## B. Confidentiality

The Parties' proposals regarding third-party materials submitted as part of the formal process for certifying or recertifying Qualified Competitors is set forth below in chart form to facilitate the Court's review and comparison of proposals where they differ.[3] The paragraph numbering continues from Part I.C above.

| Plaintiffs' Proposal | Google's Proposal |
|---|---|
| 7. Certification Recommendations shall be treated as set forth below. | *[[No objection.]]* |
| a. All Certification Recommendations shall be treated as Highly Confidential under the Protective Order. Unless and until a given Certification Recommendation goes into effect, the identity of the third-party applicant to which the Certification Recommendation applies shall also be treated as Highly Confidential under the Protective Order. | *[[No objection.]]* |

---

[3] Subject to the Colorado Plaintiffs' separate position on Google's access to "plans to invest and compete."

| Plaintiffs' Proposal | Google's Proposal |
|---|---|
| b. Any Certification Recommendation provided to Google for purposes of the Objection Period shall be presented and may be accessed as follows: | *[[No objection.]]* |
| i. Plaintiffs shall provide Google an "outside counsel-only copy" of the Certification Recommendation without redactions, to which Google's outside counsel may receive access in full. | *[[No objection.]]* |
| ii. Plaintiffs shall provide Google a "counsel-only copy" of the Certification Recommendation in which information showing the third-party's plan to invest and compete in or with the GSE and/or Search Text Ads markets (as those terms are defined in the Final Judgment) shall be redacted, and to which Google's two Designated In-House Counsel may have access. | *[[No objection.]]* |
| 8. For information that is (a) submitted by a third-party applicant to the TC as part of a formal process for certifying or recertifying Qualified Competitors and (b) relied upon by the TC in making the Certification Recommendation, access is as follows: To the extent Google has a good faith belief that such access is necessary to Google's ability to evaluate the Certification Recommendation and assess whether it will object, outside counsel may receive access in full, in accordance with the governing Order of Operations timeline for the Certification Recommendation. | 8. For information that is (a) submitted by a third-party applicant to the TC as part of a formal process for certifying or recertifying Qualified Competitors or (b) considered by the TC in making the Certification Recommendation, Google's outside counsel and Designated In-House Counsel shall receive access, in accordance with the governing Order of Operations timeline for the Certification Recommendation, except that any materials reflecting the third-party applicant's plan to invest and compete in or with the GSE and/or Search Text Ads markets (as those terms are defined in the Final Judgment) shall be provided on an outside counsel only basis. |

15

| Plaintiffs' Proposal | Google's Proposal |
|---|---|
| 9. Google may make requests for additional access as set forth below.<br><br>  a. Google may request access by additional individuals to the information described in Paragraph 8 above, to the extent Google has a good faith belief that such access is necessary to comply with or exercise its right to object under the Final Judgment. In such event, the procedure of Paragraph 6(a) above shall apply, in accordance with the governing Order of Operations timeline for the Certification Recommendation.<br><br>  b. Google may request access to additional third-party information not disclosed in the Certification Recommendation, to the extent such information exists, was provided to the TC, and Google has a good faith belief that such information is necessary to comply with or exercise its right to object under the Final Judgment. In such event, the procedure of Paragraph 6(b) above shall apply, in accordance with the governing Order of Operations timeline for the Certification Recommendation. | *[[No objection, but for clarification Google notes that under Google's proposal counsel receives the materials considered automatically, and thus this provision would be primarily applicable to requests for other information and access by individuals other than counsel.]]* |

### III.    COMPLAINTS SUBMITTED TO THE TC UNDER SECTION VII.C.3

The Parties propose the following guidelines for complaints submitted to the TC under Section VII.C.3 of the Final Judgment ("Section C.3 Complaints").

### A.  Order of Operations

Pursuant to the Court's request, below is the Parties' proposed "order of operations" for Section C.3 Complaints.  The Parties have not included a default timeline for the TC's investigation of a complaint, as that may vary significantly.

| Timing for Section C.3 Complaints | Order of Operations |
|---|---|
| N/A | TC receives a Section C.3 Complaint. |
| [TC discretion] | TC to fulfill obligations under Section VII.C.3.a. |
| Day 0 | TC to advise Google and Plaintiffs of its conclusions and proposals for cure pursuant to Section VII.C.3 of the Final Judgment ("Conclusions and Proposal for Cure"). |
| Day 0 +10 business days | Last day for Google to request additional information or access, if needed, pursuant to Paragraph 12 below. |
| [TC discretion] | TC/Plaintiffs to respond to Google's request for additional information. |
| If Google did not request additional information or access: Day 0 + 22 business days *OR* If Google did request additional information or access: 10 business days following either (a) receipt of such additional information/access or (b) Plaintiffs' rejection of Google's request for such additional information/access. | Google will provide the TC and Plaintiffs with a written response to the TC's conclusion and proposal for cure, including any steps Google intends to take in response. Plaintiffs will inform Google of their position, to the extent Plaintiffs take a different position than TC regarding conclusion or proposal for cure. If Plaintiffs or the TC determine that the Section C.3 Complaint is not resolved or that Google is not taking sufficient steps to resolve it, the TC and/or Plaintiffs will engage in good faith discussions with Google on point.  Nothing in this |

| Timing for Section C.3 Complaints | Order of Operations |
|---|---|
|  | section impacts the TC's and Plaintiffs' discretion to take additional steps under the Final Judgment as needed to resolve the Section C.3 complaint, including to seek relief from the Court. |

## B. Confidentiality

The Parties' proposals regarding confidentiality of third-party materials provided to the TC in connection with a Section C.3 Complaint is set forth below in chart form to facilitate the Court's review and comparison of proposals where they differ. The paragraph numbering continues from Part II.B above.

| Plaintiffs' Proposal | Google's Proposal |
|---|---|
| 10. For information submitted by the TC to the Compliance Officer for purposes of communicating the "substance of [a] complaint[]" pursuant to Section VII.C.3.a, the following shall apply: | *[[No objection.]]* |
| a. The TC may not disclose to the Compliance Officer any third-party information provided to the TC without the third party's consent.  In the event the TC believes that it is necessary to disclose third-party information to communicate the substance of the complaint, and the third party does not consent to such disclosure, then the TC shall promptly advise Plaintiffs. Plaintiffs in turn shall promptly advise Google's outside counsel of the same and determine appropriate next steps based on the nature of the third-party information at issue. | *[[No objection.]]* |
| b. Access to the information submitted by the TC to the Compliance Officer communicating the "substance of the complaints" is as follows: Plaintiffs | *[[No objection.]]* |

18

| Plaintiffs' Proposal | Google's Proposal |
|---|---|
| take no position and leave the question of access to such information to the discretion of Google and its counsel. | |
| c.   The TC may preserve the anonymity of any third-party source pursuant to Section VII.C.3.d. | *[[No objection.]]* |
| 11. Conclusions and Proposal for Cure shall be treated as set forth below. | *[[No objection.]]* |
| a.   Any information from third parties included in Conclusions and Proposal for Cure shall be treated as Highly Confidential under the Protective Order unless (i) the third party has consented in writing to the TC that the information may be de-designated, and (ii) the TC has expressly stated in writing to Plaintiffs and Google that the information is de-designated. | a.   Any information from third parties included in Conclusions and Proposal for Cure shall be treated as Highly Confidential under the Protective Order unless the third party has consented in writing to the TC or Plaintiffs that the information may be de-designated, or has failed to respond to a de-designation request. |
| b.   Any Recommendation provided to Google for purposes of the Objection Period shall be presented and may be accessed as follows: | *[[No objection.]]* |
| *[[No objection.]]* | i.   Plaintiffs shall provide Google a "counsel-only copy" of the Conclusions and Proposal for Cure without redactions, to which Google's outside counsel and two Designated In-House Counsel (as that term is defined in the Protective Order) may receive access in full.  The "counsel-only copy" may also be shared with outside experts or consultants who are retained by Google for purposes of assisting in assessing Conclusions and Proposal for Cure (including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this Action), provided that |

| Plaintiffs' Proposal | Google's Proposal |
|---|---|
|  | (a) they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached to the PO; and (b) Google provides Plaintiffs an executed copy of Appendix A for each such individual within five (5) business days of execution. |
| ii.  Plaintiffs shall provide Google an "employee copy" of the Conclusions and Proposal for Cure, in which any third-party information shall be redacted unless de-designated pursuant to Paragraph 11(a) above, and to which Google employees may have access. | *[[No objection.]]* |
| c.  The TC may preserve the anonymity of any third-party source pursuant to Section VII.C.3.d. | *[[No objection.]]* |
| 12.  Google may make requests for additional access as set forth below. | *[[No objection.]]* |
| a.  Google may request access by additional individuals to third-party information that has been redacted in the Conclusions and Proposal for Cure, to the extent Google has a good faith belief that such access is necessary to comply with or exercise its right to object under the Final Judgment. In such event, the procedure of Paragraph 6(a) above shall apply, in accordance with the governing Order of Operations timeline for the Conclusions and Proposal for Cure. | *[[See Google's proposal at Paragraph 6(a) above.]]* |
| b.  Google may request access to additional third-party information not disclosed in the Conclusions and Proposal for Cure, to the extent such information exists, was provided to the TC, and Google has a good faith | *[[No objection.]]* |

| Plaintiffs' Proposal | Google's Proposal |
|---|---|
| belief that such information is necessary to comply with or exercise its right to object under the Final Judgment.  In such event, the following procedure shall apply, in accordance with the governing Order of Operations timeline for the Conclusions and Proposal for Cure: | |
| i.  Google shall make such a request to Plaintiffs in writing, to include: (a) the specific subject-matter(s) of the information sought; and (b) the relevance of each piece of information sought to (i) exercising its right to object under the Final Judgment or (ii) Google's ability to implement the proposed cure. | *[[No objection.]]* |
| ii.  Upon receiving such a request from Google, Plaintiffs shall in good faith consider the request and any appropriate responses thereto. | *[[No objection.]]* |

## IV.    COMPLAINTS SUBMITTED TO THE TC UNDER SECTION VII.C.2

The Parties have agreed to the following proposal regarding confidentiality of third-party materials provided to the TC in connection with complaints submitted by the TC to Google's Compliance Officer under Section VII.C.2 of the Final Judgment.[4] The paragraph numbering continues from Part III.B above.

13. For any complaint submitted by the TC to the Compliance Officer pursuant to Section VII.C.2, the following shall apply:

   a. The TC may not disclose to the Compliance Officer any third-party information provided to the TC without the third party's consent.  In the event the TC believes that it is necessary to disclose third-party information to communicate the substance of the complaint, and the third party does not consent to such disclosure, then the TC shall promptly advise Plaintiffs. Plaintiffs in turn shall promptly advise Google's outside counsel of the same and determine appropriate next steps based on the nature of the third-party information at issue.

   b. Access to any complaint submitted by the TC to the Compliance Officer pursuant to Section VII.C.2 is as follows: Plaintiffs take no position and leave the question of access to such complaints to the discretion of Google and its counsel.

   c. The TC may preserve the anonymity of any third-party source pursuant to Section VII.C.3.d.

---

[4] The Parties do not include here an order of operations for such complaints, as the Final Judgment already provides one.