# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA et al., ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Case No. 20-cv-03010 (APM)** |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| **Defendant.** ) | |

|  |  |
|---|---|
| STATE OF COLORADO et al., ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Case No. 20-cv-03715 (APM)** |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| **Defendant.** ) | |

## <u>ORDER</u>

Before the court is a dispute regarding Google's access to confidential third-party information submitted to the Technical Committee ("TC") under the Final Judgment.

The Technical Committee plays a crucial role in the execution of the Final Judgment. *See generally* Final J., ECF No. 1462 [hereinafter Final J.]. The Final Judgment empowers the Technical Committee to receive complaints against Google from third parties, *id.* § VII.C.3, and to make recommendations to the court and to Plaintiffs about some of the most consequential aspects of the Final Judgment, including the frequency of user-side data disclosures, *id.* § IV.B.2; the cap on search syndication, *id.* § V.B.4; data-sharing and syndication license templates, *id.*

§§ IV.C.3, V.B; and the certification of Qualified Competitors, *id.* § IX.V, to name a few.  In part because of this great role, Google is in turn permitted to "object and be heard by the Court on any recommendation from the TC or Plaintiffs as to the interpretations or substantive requirements" of the Final Judgment.  *Id.* § VII.A.7.k.

On May 1, 2026, the parties filed a Joint Status Report to advise that disputes had arisen when trying to harmonize these provisions.  Because the Technical Committee will receive and rely on confidential third-party information in the course of making its recommendations or processing complaints under the Final Judgment, the parties agreed that some of that information should be shared with Google so that Google can exercise its right to object or respond. Joint Status Report, ECF No. 1511 [hereinafter May 1 JSR], at 4–5.  But the parties disagreed as to the form and means by which Google could access such information.

The parties presented to the court their proposed approaches and requested resolution on an expedited basis.  *See* May 1 JSR at 4.  At a status conference held on May 5, 2026, the parties elaborated their positions, but the court requested more information about the procedures and context in which the disputed issues would play out.  *See* Tr. of Status Hr'g, ECF No. 1513 [hereinafter Hr'g Tr.], at 37:1–7.

The parties filed a second Joint Status Report on May 20, 2026, that reflected a commendable joint effort to narrow and contextualize the issues for the court.  They devised a helpful "order of operations" by which the parties and the Technical Committee will process recommendations and complaints, and they proposed detailed language prescribing Google's access to underlying confidential third-party information.  Joint Status Report, ECF No. 1520 [May 20 JSR], App. A, ECF No. 1520-1 [hereinafter App.].

Still, some disagreements remain.  The court below explains and resolves these disputes with reference to the parties' respective proposals and responses as set forth in Appendix A of the May 20, 2026 Joint Status Report.  To avoid any doubt, attached to this Order is the court's own Appendix specifying the language it orders be adopted.

*Third-party materials underlying recommendations (excluding as to Qualified Competitors).*  The parties agree that Google should have access to Technical Committee recommendations (other than those to certify or recertify Qualified Competitors, which are addressed separately) and that such recommendations should contain "a statement regarding the basis for the recommendation," including an "identification of the material information relied upon to support" it.  App. ¶¶ I.B.1–2.  But they remain at odds about the extent of access to "material information" provided by third parties.

Google proposes that "Plaintiffs shall provide for review by Google outside counsel and Designated In-House Counsel any third-party submissions, documents, or data that the TC *considered* in the course of forming its Recommendation," *id.* ¶ I.B.3 (emphasis added), "automatically and simultaneously with the recommendation," May 20 JSR at 11.  By contrast, Plaintiffs propose that Google have access to third-party information only to the extent the information was "relied upon to support the material aspects" of the recommendation and is not "duplicative or cumulative of information already included" in the basis for the recommendation. *Id.* ¶¶ I.B.2.c, I.B.3.  Google insists that this narrower approach is unduly "subjective," denies it due process, and impedes "an efficient and fair process."  May 20 JSR at 11–12.

The court agrees with Plaintiffs that their proposal "strike[s] a fair and reasonable balance between protecting third-party information and providing Google with information regarding the basis of a given Recommendation."  May 20 JSR at 4.  At the status conference, the court expressed

concern about either the Technical Committee or third parties hesitating to gather or offer information because of Google's potentially broad access.  *See* Hr'g Tr. at 15:7–16:5, 21:6–22:2, 34:2-18.  The court maintains those concerns here.  The success of the remedies depends on the Technical Committee's meaningful engagement and participation with third parties.  Google's "automatic[] and simultaneous[]" access to any third-party information on which the Technical Committee might rely risks deterring third parties from making fulsome disclosures in the first place.

The court is not persuaded by Google's concern about the "subjective" elements of Plaintiffs' proposal.  The court trusts that the Technical Committee can fairly separate the wheat from the chaff, and in any event, Google retains the right to request information that it believes might be important that the Technical Committee did not disclose.  App. ¶ I.C.6.b.

Nor is the court convinced by Google's protest that this approach will deny it due process. Google has not identified any authority to support the proposition that a defendant in the present post-judgment posture is entitled to the same kind of disclosure it would receive under the Federal Rules of Civil Procedure governing discovery.  Even under Plaintiffs' terms, Google remains "an active participant in proceedings before the Technical Committee" and retains "insight into what is being submitted to the Technical Committee."  *See* May 1 JSR at 17.  Google will be provided the recommendation, a basis for the recommendation, access to information relied on to support that basis, and opportunities to request more information.  *See* App. at 3–5.  And Google will continue to wield its express right to object to any detail of the Final Judgment's execution. *See* Final J. § VII.A.7.k; *see also United States v. Google LLC* (*Google Final J.*), No. 20-cv-3010, 2025 WL 3496448, at *25 (D.D.C. Dec. 5, 2025).  The court does not believe that Google is due any greater process in this posture.

Finally, whatever potential "delay" Plaintiffs' proposal may cause, *see* May 20 JSR at 11, is outweighed by the importance of facilitating unencumbered dialogue between the Technical Committee and interested third parties.  For these reasons, Google's proposed Paragraph I.C.5.iii referring to materials "considered" by the Technical Committee (to which Plaintiffs categorically object) also shall be excluded.

*Third-party materials underlying recommendations as to Qualified Competitor certification.*  Though Colorado Plaintiffs agree with United States Plaintiffs that Google should be afforded access to at least some confidential third-party information, Colorado Plaintiffs would categorically withhold certain third-party information underlying recommendations to certify or recertify Qualified Competitors.  The Final Judgment requires for certification a "plan to invest and compete in or with" Google in the relevant markets.  Final J. § IX.V.  Because such a plan likely will "include detailed descriptions of how the company intends to differentiate itself, including its proposed products and services," May 1 JSR at 14, and contain "the foundational elements of the very competition that Google has unlawfully restrained," May 20 JSR at 10, Colorado Plaintiffs contend that no one associated with Google, including outside counsel, should have access to it, *see id.*  Only if the court conducts an *in camera* review (upon an objection from Google) and orders disclosure of the plan should Google be granted access.  *Id.*  On the other hand, Google proposes that its outside counsel only receive automatic access to a putative Qualified Competitor's proposed business plan.  *Id.* at 16–17.

Colorado Plaintiffs' concerns are well taken.  The court acknowledges that detailed plans to compete will likely be acutely sensitive.  But the court also is confident that the terms proposed by United States Plaintiffs as to certification recommendations "strike a fair and reasonable balance between protecting third-party information and providing Google with information

regarding the basis of a given Recommendation." Under United States Plaintiffs' proposal, Google will have access to the information "relied upon" by the Technical Committee in making a certification recommendation only "[t]o the extent Google has a good faith belief that such access is necessary to Google's ability to evaluate the Certification Recommendation and assess whether it will object." App. ¶ II.B.8. And the contemplated "order of operations" provides that Google may "raise any unresolved objections to the Court." App. at 13. Such objections presumably include disputes over the disclosure of confidential third-party information. *See id.* The court is satisfied that these terms balance efficiency, fairness, and the sensitive nature of the plans. The court also takes this approach because it can envision situations in which the bona fides of a putative Qualified Competitor are such that Google would not need access to the plan to assess a certification recommendation. *See Google Final J.*, 2025 WL 3496448, at *5. The court will take up whether disclosure of a "plan to invest and compete in or with" Google in a relevant market is appropriate when it is asked to do so.

*Third parties' failure to respond to de-designation request.* The parties have agreed that Google may in certain instances request individuals other than its outside counsel or Designated In-House Counsel be granted access to otherwise confidential third-party information. App. ¶ I.C.6.a. In such instances, the parties agree that Plaintiffs shall notify the third party of Google's request and relay the third party's response back to Google. *See* App. ¶¶ I.C.6.a.i–ii; III.B.12. They also agree that, if the third party refuses the request, Google may seek relief from the court. *See* App. ¶ I.C.6.a.iii. Where they diverge is what happens if a third party does not respond one way or the other. Plaintiffs propose Google should seek relief from the court in this instance, too, while Google proposes it "shall receive the access requested, unless Plaintiffs notify

Google within two business days that they consider Google's request for access to be unreasonable." App. ¶ I.C.6.a.iv.

The court does not agree with either approach. It is not up to Plaintiffs to decide the reasonableness of Google's request as to a third party's confidential information. And court involvement is unnecessary where a third party lacks either the interest or diligence to limit the distribution of confidential information it voluntarily submits. Such a third party forfeits its right to object to disclosure. *See* May 20 JSR at 16 & n.7 (describing Protective Order, ECF No. 98).

That provision shall thus simply read: "If the third party does not respond, Google shall receive the access requested." This language also shall be adopted in the parallel provision concerning complaints. *See* App. ¶ III.B.12.a. And along those lines, Paragraphs I.C.5.a and III.B.11.a, which concern the treatment of third-party information as Highly Confidential under the Protective Order, shall reflect Google's proposal, except that the phrase "or disclosed as materials considered by the TC" and the reference to Paragraph 3 shall be excluded.

*     *     *

For these reasons, the parties shall adopt all of Plaintiffs' proposed terms (or lack thereof) set forth in Appendix A of their May 20, 2026 Joint Status Report, except as to those provisions related to a third party's failure to respond to a request for additional access to confidential information. For those provisions, the parties shall adopt the language described above by the court and as set forth in the Appendix to this Order.

Dated: May 29, 2026

Amit P. Mehta
United States District Judge

**APPENDIX**

| Paragraph | Language to be adopted |
|---|---|
| I.B.2.c | *[Plaintiffs' proposal]* |
| I.B.3 | *[Plaintiffs' proposal]* |
| I.C.5.a | Any information from third parties included in a Recommendation pursuant to Paragraph 2 above ("Identified Confidential Third-Party Information") shall be treated as Highly Confidential under the Protective Order unless the third party (i) has consented in writing to Plaintiffs that the information may be de-designated or (ii) has failed to respond to a de-designation request. |
| I.C.5.b.iii | *[Google's proposal rejected]* |
| I.C.6.a.iii | *[Google's proposal]* |
| I.C.6.a.iv | If the third party does not respond, Google shall receive the access requested. |
| II.B.8 | *[Plaintiffs' proposal]* |
| III.B.11.a | *[Google's proposal]* |
| III.B.12.a | *[Plaintiffs' proposal, to the extent that "Paragraph 6(a) above" now refers to the court's modified version of Google's proposal in Paragraphs I.C.6.a.iii and iv.]* |