**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**ORDER REGARDING CERTAIN ISSUES RAISED AT THE JULY 14, 2026 STATUS CONFERENCE**

Pursuant to Section XI.A of the Final Judgment in the above-captioned actions (ECF No. 1462), the Court further orders and directs the following, which is necessary for the construction or carrying out of the Final Judgment, with respect to certain issues identified by the Technical Committee ("TC") members ("TC Members") appointed in the above-captioned actions and raised by the Court during the status conference held on July 14, 2026:

## I. Compelled Testimony from TC Staff

1. No TC Staff shall be required to testify by deposition, in court, or before any other tribunal, administrative or quasi-judicial proceeding or arbitration regarding any

matter related to the Final Judgment, provided that this provision applies only to testimony about TC work performed in furtherance of the TC's duties under the Final Judgment. For clarity, (i) any willful misconduct by TC Staff shall not constitute work performed in furtherance of the TC's duties under the Final Judgment, and (ii) for any testimony not prohibited by this provision, such testimony shall not disclose the substance of TC deliberations, analysis, investigation, recommendations, or review of highly sensitive information provided to the TC. For purposes of this provision, "TC Staff" shall mean any individual hired or engaged by the TC's legal entity, Remedies Technical Committee, Inc., as a W-2 employee or 1099 contractor, to provide professional services in furtherance of the TC's duties under the Final Judgment, pursuant to Section VII.A.7.i of the Final Judgment.

## II. Post-TC Employment Restrictions

Pursuant to Section VII.A.2 of the Final Judgment, the Court approves the following as to Section VII.A.2.c:

1. For purposes of Section VII.A.2.c, "Competitor" shall expressly include the following ("Expressly Identified Entities"):
   a. Any entity that, as of the date the TC Member or TC Staff either ceases working with the TC or begins performing work for the entity:
      i. has been certified as a Qualified Competitor under the Final Judgment and whose certification is then in effect;
      ii. has a pending application for Qualified Competitor status; or
      iii. is identified on a list of named entities pursuant to this approval ("Named Entities"). Named Entities include the following entities

identified by the Court in the Court's liability, remedy, or Final Judgment opinion: Anthropic, Brave, DeepSeek, DuckDuckGo, Ecosia, Meta, Microsoft, OpenAI, Perplexity, Yahoo, and SpaceXAI (formerly xAI). This list of Named Entities is not intended to be exhaustive and may be modified at any time by subsequent agreement of the Parties or by application to and approval by the Court based upon the standard set forth in Section IX.E in the Final Judgment.

b. Any entity that, within the one-year period immediately preceding the date that the TC Member or TC Staff ceases working with the TC and/or Remedies Technical Committee, Inc., was certified as a Qualified Competitor but that status has been rescinded, withdrawn, allowed to lapse, or otherwise terminated.

2. To the extent an exiting TC Member or TC Staff intends to begin performing work for an entity that is not an Expressly Identified Entity but that meets the standard for Competitor set forth in Section IX.E in the Final Judgment, such work may be consented to by the Parties or approved by the Court as follows:

   a. Prior to beginning such work, the exiting TC Member or TC Staff shall notify the TC and the Parties that they intend to perform such work and: (i) identify that entity and the division or other unit thereof within which the person would perform work; and (ii) provide a statement that, to their knowledge, the work they will perform will not support the entity's provision of a GSE, Search Text Ads, or GenAI Products ("Notice of Work").

b. Each Party shall then have five (5) business days from the date on which the Notice of Work was sent to file with the Court any objection thereto and shall request expedited resolution of the objection. The Party or Parties filing such objection shall carry the burden to establish that such entity meets the standard set forth in Section IX.E in the Final Judgment, such that the prohibition in Section VII.A.2 of the Final Judgment should apply. As to any objection raised by Google, Plaintiffs, in consultation with the TC, shall submit a response to the Court addressing whether Google has met its burden under this Section 2(b). As to any objection raised by Plaintiffs, Google shall submit a response to the Court addressing whether Plaintiffs have met their burden under this Section 2(b).

c. If no such objection is timely filed, then the Parties shall be deemed to have consented to that exiting TC Member or TC Staff's Notice of Work under Section VII.A.2 of the Final Judgment.

d. For purposes of this approval, "TC Staff" shall mean any individual hired or engaged by the TC's legal entity, Remedies Technical Committee, Inc., as a W-2 employee or 1099 contractor, to provide professional services in furtherance of the TC's duties under the Final Judgment, pursuant to Section VII.A.7.i of the Final Judgment.

The TC shall maintain a current list of Expressly Identified Entities and shall update that list promptly upon any Qualified Competitor certification, application, or change in status, or any change to the list of Named Entities.

Any TC Member or TC Staff may request a copy of the Expressly Identified Entities list for up to one (1) year after ceasing to work with the TC; provided, however, that the TC Member or TC Staff shall (a) treat such copy as Highly Confidential under the Protective Order, and (b) use such copy solely for the purpose of assessing the extent to which Sections 1–2 above may apply to potential work that the TC Member or TC Staff may perform after ceasing to serve on or work for the TC.

Nothing in this approval shall preclude an exiting TC Member or TC Staff from seeking the Court's approval under Section VII.A.2 for an exception to Section 1 above. Such request shall first be made to all Parties and shall include at least the following: (a) identification of the Expressly Identified Entity and the division or other unit thereof within which the person would perform work; and (b) a statement that, to their knowledge, the work they will perform will not support the Expressly Identified Entity's provision of a GSE, Search Text Ads, or GenAI Products. Plaintiffs shall promptly notify the Court of such request for approval, and Plaintiffs and/or Google may object to the request. In the event of such objections, for the avoidance of doubt, the exiting TC Member or TC Staff would bear the burden to establish the grounds for approval.

Amit P Mehta

Digitally signed by Amit P Mehta
Date: 2026.08.25 09:28:03 -04'00'

Dated: August 25, 2026

Hon. Amit P. Mehta
United States District Court Judge