# Exhibit P

## Yeager, Christopher

| | |
|---|---|
| **From:** | Herrmann, Karl (ATR) <Karl.Herrmann@usdoj.gov> |
| **Sent:** | Friday, August 7, 2026 5:46 PM |
| **To:** | Yeager, Christopher; Maddox, Claire (ATR); Fergusson, Grant (ATR) |
| **Cc:** | Connor, Colette; Hrom, Anna; Alcorn, Christian; Waitzman, Emma (ATR); Jayme Weber; 'Sarah Mader' |
| **Subject:** | RE: US v. Google \| Source Code Agreement |
| **Attachments:** | 2026 08 07 K. Herrmann Letter to C. Yeager.pdf |

Thanks again, Chris and Colette, for the call yesterday. We sincerely appreciate Mr. Liao lending us his time. Please see the enclosed letter, which we hope can be helpful to quickly resolving the Source Code Agreement.

Best,
Karl

---

**From:** Yeager, Christopher <CYeager@wc.com>
**Sent:** Wednesday, August 5, 2026 4:06 PM
**To:** Herrmann, Karl (ATR) <Karl.Herrmann@usdoj.gov>; Maddox, Claire (ATR) <Claire.Maddox@usdoj.gov>; Fergusson, Grant (ATR) <Grant.Fergusson@usdoj.gov>
**Cc:** Connor, Colette <CConnor@wc.com>; Hrom, Anna <Ahrom@wc.com>; Alcorn, Christian <calcorn@wc.com>; Waitzman, Emma (ATR) <Emma.Waitzman@usdoj.gov>; Jayme Weber <jayme.weber@azag.gov>; 'Sarah Mader' <sarah.mader@ohioago.gov>
**Subject:** [EXTERNAL] RE: US v. Google | Source Code Agreement

Thanks, Karl. I’ve passed along an invite. Just let me know if you didn’t get it.

Best,
Chris

**Christopher Yeager**
**Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5621 | Cyeager@wc.com | www.wc.com

---

**From:** Herrmann, Karl (ATR) <Karl.Herrmann@usdoj.gov>
**Sent:** Wednesday, August 5, 2026 3:25 PM
**To:** Yeager, Christopher <CYeager@wc.com>; Maddox, Claire (ATR) <Claire.Maddox@usdoj.gov>; Fergusson, Grant (ATR) <Grant.Fergusson@usdoj.gov>
**Cc:** Connor, Colette <CConnor@wc.com>; Hrom, Anna <Ahrom@wc.com>; Alcorn, Christian <calcorn@wc.com>; Waitzman, Emma (ATR) <Emma.Waitzman@usdoj.gov>; Jayme Weber <jayme.weber@azag.gov>; 'Sarah Mader' <sarah.mader@ohioago.gov>
**Subject:** RE: US v. Google | Source Code Agreement

Thanks, Chris. Please send along the invite to those on this email and will forward it along accordingly. Thank you for your patent prosecution/acquisition bar proposal. We will send feedback on the agreement as a whole once we have your proposal on Section 3 as well. Per my other email, we ask for that by Tuesday, August 11.

Best,

Karl

---

**From:** Yeager, Christopher <CYeager@wc.com>
**Sent:** Wednesday, August 5, 2026 3:19 PM
**To:** Herrmann, Karl (ATR) <Karl.Herrmann@usdoj.gov>; Maddox, Claire (ATR) <Claire.Maddox@usdoj.gov>; Fergusson, Grant (ATR) <Grant.Fergusson@usdoj.gov>; MMichaloski <mmichaloski@agutah.gov>
**Cc:** Connor, Colette <CConnor@wc.com>; Hrom, Anna <Ahrom@wc.com>; Alcorn, Christian <calcorn@wc.com>; Waitzman, Emma (ATR) <Emma.Waitzman@usdoj.gov>; Jayme Weber <jayme.weber@azag.gov>; 'Sarah Mader' <sarah.mader@ohioago.gov>
**Subject:** [EXTERNAL] RE: US v. Google | Source Code Agreement

Thanks, Karl. Tomorrow (8/6) at 5:00 pm EDT works for a call between Mr. Liao and the TC. I can circulate a calendar invite to Plaintiffs and the TC; please just let me know who should receive it.

Separately, to follow up on my email from last Friday, we have continued to give thought to whether there is a way we might narrow the patent prosecution/acquisition bar in hopes of making it acceptable to the Technical Committee. An updated proposal is below.

Lastly, for planning purposes, do you have a sense as to when you expect to send any further feedback on the parts of the source code agreement other than Section 3 and the prosecution/acquisition bar?

Best,
Chris

> **Patent Prosecution And Acquisition Bar**. Absent Google's written consent, Signatory shall not be involved in the prosecution of patents or patent applications relating to any of the following subject matters: information retrieval, web search indexing, crawling, query processing, quality scoring for web results or ad results, ranking of web results or ad results, search result generation, search ad matching, search or search ad syndication, digital ad auctions, ad pricing, web result or ad serving, machine learning, large language models, artificial intelligence (including but not limited to generative artificial intelligence functionality trained for, adapted for, or used in connection with web search), privacy-preserving search technologies, data anonymization or de-identification techniques, compliance enforcement mechanisms (such as user consent propagation or data access controls) used in search or advertising systems, search personalization, user profile construction for search, session-state management for search applications, web spam detection, search abuse or fraud prevention, content safety filtering or policy enforcement for search results, search experimentation systems, counterfactual logging, and search telemetry or logging infrastructure. This provision applies to the prosecution of patents or patent applications before any foreign or domestic agency, including the United States Patent and Trademark Office. For purposes of this paragraph, "prosecution" includes any activity related to (i) the preparation or prosecution (for any person or entity) of patent applications, including among others reexamination and reissue applications or (ii) directly or indirectly participating, drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, inter partes reexamination, inter partes review, post grant review or covered business method review). Absent Google's written consent, Signatory shall not be involved in activity relating to: (i) the acquisition of patents or patent applications (for any person or entity) relating to information retrieval, web search indexing, crawling, query processing, quality scoring for web results or ad results, ranking of web results or ad results, search result generation, search ad matching, search or search ad syndication, digital ad auctions, ad pricing, web result or ad serving, machine learning, large language models, artificial intelligence (including but not limited to generative artificial intelligence functionality trained for, adapted for, or used in connection with web search), privacy-preserving search technologies, data anonymization or de-identification techniques, compliance enforcement mechanisms

(such as user consent propagation or data access controls) used in search or advertising systems, search personalization, user profile construction for search, session-state management for search applications, web spam detection, search abuse or fraud prevention, content safety filtering or policy enforcement for search results, search experimentation systems, counterfactual logging, and search telemetry or logging infrastructure; or (ii) advising or counseling clients regarding the same. These Prosecution and Acquisition Bars shall end three years after final termination of the Final Judgment.

**Christopher Yeager**
**Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5621 | Cyeager@wc.com | www.wc.com

---

**From:** Herrmann, Karl (ATR) <Karl.Herrmann@usdoj.gov>
**Sent:** Wednesday, August 5, 2026 10:57 AM
**To:** Yeager, Christopher <CYeager@wc.com>; Maddox, Claire (ATR) <Claire.Maddox@usdoj.gov>; Fergusson, Grant (ATR) <Grant.Fergusson@usdoj.gov>; MMichaloski <mmichaloski@agutah.gov>
**Cc:** Connor, Colette <CConnor@wc.com>; Hrom, Anna <Ahrom@wc.com>; Alcorn, Christian <calcorn@wc.com>; Waitzman, Emma (ATR) <Emma.Waitzman@usdoj.gov>; Jayme Weber <jayme.weber@azag.gov>; 'Sarah Mader' <sarah.mader@ohioago.gov>
**Subject:** RE: US v. Google | Source Code Agreement

Thanks, Chris. We are available at the following times (all ET):

- Thursday, 8/6: 5-7pm
- Friday, 8/7: 9am-12pm, 4-7pm

Best,
Karl

---

**From:** Yeager, Christopher <CYeager@wc.com>
**Sent:** Monday, August 3, 2026 3:21 PM
**To:** Herrmann, Karl (ATR) <Karl.Herrmann@usdoj.gov>; Maddox, Claire (ATR) <Claire.Maddox@usdoj.gov>; Fergusson, Grant (ATR) <Grant.Fergusson@usdoj.gov>; MMichaloski <mmichaloski@agutah.gov>
**Cc:** Connor, Colette <CConnor@wc.com>; Hrom, Anna <Ahrom@wc.com>; Alcorn, Christian <calcorn@wc.com>; Waitzman, Emma (ATR) <Emma.Waitzman@usdoj.gov>; Jayme Weber <jayme.weber@azag.gov>; 'Sarah Mader' <sarah.mader@ohioago.gov>
**Subject:** [EXTERNAL] RE: US v. Google | Source Code Agreement

Hi Karl,

The two documents are attached here. Thanks for treating them as Highly Confidential and ensuring that the TC will do the same.

In terms of next steps, could you solicit a few days and times that would be convenient for the TC to speak with Mr. Liao? I can then run them by Mr. Liao to confirm his availability.

Best,
Chris

**Christopher Yeager**
**Williams & Connolly LLP**

680 Maine Avenue, S.W., Washington, DC 20024
202-434-5621 | Cyeager@wc.com | www.wc.com

---

**From:** Herrmann, Karl (ATR) <Karl.Herrmann@usdoj.gov>
**Sent:** Monday, August 3, 2026 2:45 PM
**To:** Yeager, Christopher <CYeager@wc.com>; Maddox, Claire (ATR) <Claire.Maddox@usdoj.gov>; Fergusson, Grant (ATR) <Grant.Fergusson@usdoj.gov>; MMichaloski <mmichaloski@agutah.gov>
**Cc:** Connor, Colette <CConnor@wc.com>; Hrom, Anna <Ahrom@wc.com>; Alcorn, Christian <calcorn@wc.com>; Waitzman, Emma (ATR) <Emma.Waitzman@usdoj.gov>; Jayme Weber <jayme.weber@azag.gov>; 'Sarah Mader' <sarah.mader@ohioago.gov>
**Subject:** RE: US v. Google | Source Code Agreement

Thank you, Chris.

We are reviewing your draft and will get back to you. We can confirm that we will treat the documents you pass along concerning RIDGE as Highly Confidential under the PO, and we will confirm your designation to the TC as well. With respect to contacting the TC, we think it's a good idea to have the subject matter experts speak directly but we ask that you coordinate that discussion through Plaintiffs.

Best,
Karl

---

**From:** Yeager, Christopher <CYeager@wc.com>
**Sent:** Friday, July 31, 2026 7:34 PM
**To:** Herrmann, Karl (ATR) <Karl.Herrmann@usdoj.gov>; Maddox, Claire (ATR) <Claire.Maddox@usdoj.gov>; Fergusson, Grant (ATR) <Grant.Fergusson@usdoj.gov>; MMichaloski <mmichaloski@agutah.gov>
**Cc:** Connor, Colette <CConnor@wc.com>; Hrom, Anna <Ahrom@wc.com>; Alcorn, Christian <calcorn@wc.com>; Waitzman, Emma (ATR) <Emma.Waitzman@usdoj.gov>; Jayme Weber <jayme.weber@azag.gov>; 'Sarah Mader' <sarah.mader@ohioago.gov>
**Subject:** [EXTERNAL] RE: US v. Google | Source Code Agreement

Karl,

Attached is an updated version of the source code agreement containing most of our edits and responses, and below are some additional details on a few topics in particular.

**Section 3 / Access to Google Highly Sensitive Information**

As previewed on our last call, Section 3 of the Source Code Agreement will require some revisions and likely discussion between the Technical Committee and Google. At the outset, I'd like to re-emphasize that Google is committed to ensuring that the Technical Committee can perform the analyses it needs to discharge its responsibilities under the Final Judgment. In the spirit of moving things forward, we'd like to offer the following details and then propose a way forward:

Google maintains a secure virtual environment called the Google Researcher Integrated Data Groundwork Environment (RIDGE). It is a virtual machine running in the Google Cloud Platform made accessible via a Chrome Remote Desktop. RIDGE is the same virtual environment that Google would make available to an expert that it retains to run analyses on Google's supplied data.

Based on our review of Plaintiffs' draft of Section 3, there is some discrepancy between the functionality that the Technical Committee requests today and RIDGE as it is currently configured. For example, Plaintiffs' language in Section 3.3 contemplates that the virtual environment would provide access to "standard analytical software, including Python and R, with commonly used statistical and machine-learning packages, SQL query tools, and code search and navigation tools." At present, in RIDGE, users interact with data in a Jupyter Lab notebook using Python runtime. R, by contrast, is not widely used among Google data scientists, and it is therefore not presently available in RIDGE. Google does not necessarily object to building functionality to permit the Technical Committee and its staff to use R in RIDGE if they consider that necessary. But building new functionality into a virtual environment is not an instantaneous process, and any new tool that is added to RIDGE would need to be vetted and undergo a security review. For a tool like R, we would expect that building out this functionality would take at least two weeks.

Subpart (c) of Section 3.3 contemplates "the ability to execute code, run queries against the covered datasets, conduct simulations (including ad-auction simulations and ranking and retrieval experiments), analyze using AI tools such as Gemini AI, Claude Code, etc. as provided to senior Google engineers, and build, train, and run models within the environment." Regarding that provision, we would like to clarify whether the Technical Committee is envisioning that it would have the ability to bring its own executable software and data into the virtual environment. If so, that could potentially get more complicated, but if the Technical Committee is envisioning that the only executable files it will run will be Google tools, that is more straightforward although may still require additional work if the functionality is not already part of RIDGE.

One additional factor that will require discussion is timing. For context—setting aside any complexity that would result from building new functionality into RIDGE—there are two primary variables that will affect the timing upon which information is made available. The first is the amount of time that it will take to operationalize RIDGE in the first place. Google estimates that it would take roughly two weeks to operationalize the RIDGE environment for the Technical Committee. The second variable results from the particular information that the Technical Committee requests. The amount of time that it will take to ingest the data will depend on the particular type of information that the Technical Committee requests. At present, Section 3.2 of the agreement contemplates that Google will make access to Google Highly Sensitive Information available within ten business days of a request. While Google will of course endeavor to make requested information available to the Technical Committee as expeditiously as practicable, it will likely be difficult to promise in the abstract that every request will be fulfilled within that timeframe without knowing the specifics of the data being requested.

Lastly, one topic that merits clarification at the threshold is the scope of subpart (a) of Section 3.3. It contemplates that the virtual environment will include "the internal tools, query engines, notebooks, pipelines, and test and simulation frameworks that Google personnel use to access, query, analyze, execute, test, and simulate the relevant systems and datasets." It would be technologically infeasible for Google to open up its entire engineering stack in RIDGE or any other virtual environment. To the extent there are particular internal tools, query engines, notebooks, pipelines, and test and simulation frameworks that the Technical Committee considers particularly important, please let us know.

In terms of next steps, we propose that the Technical Committee speak directly with Yi Liao, a subject matter expert from Google. We plan to reach out directly to the Technical Committee to set that up. Ahead of any such discussion, we will be providing two background documents concerning RIDGE. I will pass those along on Monday and request that you treat them (and this email) as Highly Confidential.

**Export Control**

I understand that you'd like to know what technologies and/or information within the remedy Google believes may be subject to export control restrictions, and what restrictions Google places internally to ensure that such technologies and/or information do not run afoul of restrictions on "deemed exports."

Without precisely defining what is meant by the phrase "technologies and/or information within the remedy," it is a bit difficult to give a perfectly precise answer. But, at a high level, a "deemed export" may arise upon the release or transfer of "technology" (as defined in 15 C.F.R. § 772.1) or source code to a foreign person in the United States. See 15 C.F.R. § 734.13(a)(2). Google regularly seeks and obtains deemed export licenses from the Department of Commerce to authorize such releases/transfers, as needed. All of that said, based on our past conferrals, I understand that the Technical Committee plans to hire only U.S. citizens. Accordingly, that substantially addresses our concerns about deemed exports.

**Patent Prosecution/Acquisition Bar**

I understand that Plaintiffs have objected to this provision. We are planning to propose some revised language that we hope will prove acceptable. I will circle back with that just as soon as I'm able.

Best,
Chris

**Christopher Yeager**
**Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5621 | Cyeager@wc.com | www.wc.com

---

**From:** Herrmann, Karl (ATR) <Karl.Herrmann@usdoj.gov>
**Sent:** Tuesday, July 28, 2026 3:37 PM
**To:** Yeager, Christopher <CYeager@wc.com>; Maddox, Claire (ATR) <Claire.Maddox@usdoj.gov>; Fergusson, Grant (ATR) <Grant.Fergusson@usdoj.gov>; MMichaloski <mmichaloski@agutah.gov>
**Cc:** Connor, Colette <CConnor@wc.com>; Hrom, Anna <Ahrom@wc.com>; Alcorn, Christian <calcorn@wc.com>; Waitzman, Emma (ATR) <Emma.Waitzman@usdoj.gov>; Jayme Weber <jayme.weber@azag.gov>; 'Sarah Mader' <sarah.mader@ohioago.gov>
**Subject:** RE: US v. Google | Source Code Agreement

Chris,

I write to check in on the Source Code agreement draft. We need to get this ironed out soon, as we heard in yesterday's interview that Google requires this agreement be resolved before sharing further information relating to potential privacy safeguards to be applied to user-side data. Can you please confirm when you will get the next draft to us?

Best,
Karl

---

**From:** Yeager, Christopher <CYeager@wc.com>
**Sent:** Friday, July 17, 2026 6:16 PM
**To:** Herrmann, Karl (ATR) <Karl.Herrmann@usdoj.gov>; Maddox, Claire (ATR) <Claire.Maddox@usdoj.gov>; Fergusson, Grant (ATR) <Grant.Fergusson@usdoj.gov>; MMichaloski <mmichaloski@agutah.gov>
**Cc:** Connor, Colette <CConnor@wc.com>; Hrom, Anna <Ahrom@wc.com>; Alcorn, Christian <calcorn@wc.com>; Waitzman, Emma (ATR) <Emma.Waitzman@usdoj.gov>; Jayme Weber <jayme.weber@azag.gov>; 'Sarah Mader' <sarah.mader@ohioago.gov>
**Subject:** [EXTERNAL] RE: US v. Google | Source Code Agreement

Thanks, Karl; appreciate the call earlier this week and also this additional detail. I'll be back in touch just as soon as I'm able. In the meantime, have a good weekend.

Best,
Chris

**Christopher Yeager**
**Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5621 | Cyeager@wc.com | www.wc.com

---

**From:** Herrmann, Karl (ATR) <Karl.Herrmann@usdoj.gov>
**Sent:** Friday, July 17, 2026 9:54 AM
**To:** Yeager, Christopher <CYeager@wc.com>; Maddox, Claire (ATR) <Claire.Maddox@usdoj.gov>; Fergusson, Grant (ATR) <Grant.Fergusson@usdoj.gov>; MMichaloski <mmichaloski@agutah.gov>
**Cc:** Connor, Colette <CConnor@wc.com>; Hrom, Anna <Ahrom@wc.com>; Alcorn, Christian <calcorn@wc.com>; Waitzman, Emma (ATR) <Emma.Waitzman@usdoj.gov>; Jayme Weber <jayme.weber@azag.gov>; 'Sarah Mader' <sarah.mader@ohioago.gov>
**Subject:** RE: US v. Google | Source Code Agreement

Chris,

Thank you for the discussion regarding the source code agreement on Tuesday. We spoke with the TC, and if you have technical concerns about the implementation of the proposed form of access section in Section 3 of our June 30 proposal, we would be happy to schedule a conversation between the folks at Google who are technically knowledgeable on these issues and the TC.

To facilitate that conversation, we ask that Google identify the technical concerns it has with Section 3 in advance. The greater detail you can provide, the more helpful it will be to the TC for thinking through (1) who from the TC should attend the call and (2) what potential solutions exist that will provide the TC with what it needs while protecting Google's information.

Best,
Karl

---

**From:** Yeager, Christopher <CYeager@wc.com>
**Sent:** Friday, July 10, 2026 4:12 PM
**To:** Herrmann, Karl (ATR) <Karl.Herrmann@usdoj.gov>; Maddox, Claire (ATR) <Claire.Maddox@usdoj.gov>; Fergusson, Grant (ATR) <Grant.Fergusson@usdoj.gov>; Choksi, Kunal (NC) <kchoksi@ncdoj.gov>; MMichaloski <mmichaloski@agutah.gov>; 'Schwartz, Michael' <Michael.Schwartz@ag.ny.gov>
**Cc:** Connor, Colette <CConnor@wc.com>; Hrom, Anna <Ahrom@wc.com>; Alcorn, Christian <calcorn@wc.com>; Waitzman, Emma (ATR) <Emma.Waitzman@usdoj.gov>
**Subject:** [EXTERNAL] RE: US v. Google | Source Code Agreement

That works. Thanks, Karl. Invite forthcoming.

**Christopher Yeager**
**Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5621 | Cyeager@wc.com | www.wc.com

**From:** Herrmann, Karl (ATR) <Karl.Herrmann@usdoj.gov>
**Sent:** Friday, July 10, 2026 3:45 PM
**To:** Yeager, Christopher <CYeager@wc.com>; Maddox, Claire (ATR) <Claire.Maddox@usdoj.gov>; Fergusson, Grant (ATR) <Grant.Fergusson@usdoj.gov>; Choksi, Kunal (NC) <kchoksi@ncdoj.gov>; MMichaloski <mmichaloski@agutah.gov>; 'Schwartz, Michael' <Michael.Schwartz@ag.ny.gov>
**Cc:** Connor, Colette <CConnor@wc.com>; Hrom, Anna <Ahrom@wc.com>; Alcorn, Christian <calcorn@wc.com>; Waitzman, Emma (ATR) <Emma.Waitzman@usdoj.gov>
**Subject:** Re: US v. Google | Source Code Agreement

Thanks, Chris. Does 2:30-3:30pm work for you? Please feel free to send along any questions in advance you think may be useful to. It will help us provide quicker responses.

Get Outlook for iOS

---

**From:** Yeager, Christopher <CYeager@wc.com>
**Sent:** Friday, July 10, 2026 3:24:24 PM
**To:** Herrmann, Karl (ATR) <Karl.Herrmann@usdoj.gov>; Maddox, Claire (ATR) <Claire.Maddox@usdoj.gov>; Fergusson, Grant (ATR) <Grant.Fergusson@usdoj.gov>; Choksi, Kunal (NC) <kchoksi@ncdoj.gov>; MMichaloski <mmichaloski@agutah.gov>; 'Schwartz, Michael' <Michael.Schwartz@ag.ny.gov>
**Cc:** Connor, Colette <CConnor@wc.com>; Hrom, Anna <Ahrom@wc.com>; Alcorn, Christian <calcorn@wc.com>; Waitzman, Emma (ATR) <Emma.Waitzman@usdoj.gov>
**Subject:** [EXTERNAL] RE: US v. Google | Source Code Agreement

Karl,

Would Plaintiffs be available for a call Tuesday afternoon EDT? If so, just let me know a convenient time, and I will circulate an invite.

Thanks,
Chris

**Christopher Yeager**
**Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5621 | Cyeager@wc.com | www.wc.com

---

**From:** Herrmann, Karl (ATR) <Karl.Herrmann@usdoj.gov>
**Sent:** Wednesday, July 8, 2026 11:52 AM
**To:** Yeager, Christopher <CYeager@wc.com>; Maddox, Claire (ATR) <Claire.Maddox@usdoj.gov>; Fergusson, Grant (ATR) <Grant.Fergusson@usdoj.gov>; Choksi, Kunal (NC) <kchoksi@ncdoj.gov>; MMichaloski <mmichaloski@agutah.gov>; 'Schwartz, Michael' <Michael.Schwartz@ag.ny.gov>
**Cc:** Connor, Colette <CConnor@wc.com>; Hrom, Anna <Ahrom@wc.com>; Alcorn, Christian <calcorn@wc.com>; Waitzman, Emma (ATR) <Emma.Waitzman@usdoj.gov>
**Subject:** RE: US v. Google | Source Code Agreement

Chris,

Do you have a sense of when you will be ready to discuss? We are trying to get a sense of general timing.

Much appreciated,
Karl

---

**From:** Herrmann, Karl (ATR)
**Sent:** Wednesday, July 1, 2026 2:30 PM
**To:** Yeager, Christopher <CYeager@wc.com>; Maddox, Claire (ATR) <Claire.Maddox@usdoj.gov>; Fergusson, Grant (ATR) <Grant.Fergusson@usdoj.gov>; Choksi, Kunal (NC) <kchoksi@ncdoj.gov>; MMichaloski <mmichaloski@agutah.gov>; 'Schwartz, Michael' <Michael.Schwartz@ag.ny.gov>
**Cc:** Connor, Colette <CConnor@wc.com>; Hrom, Anna <Ahrom@wc.com>; Alcorn, Christian <calcorn@wc.com>
**Subject:** RE: US v. Google | Source Code Agreement

Thanks, Chris. We look forward to discussing.

---

**From:** Yeager, Christopher <CYeager@wc.com>
**Sent:** Wednesday, July 1, 2026 2:15 PM
**To:** Herrmann, Karl (ATR) <Karl.Herrmann@usdoj.gov>; Maddox, Claire (ATR) <Claire.Maddox@usdoj.gov>; Fergusson, Grant (ATR) <Grant.Fergusson@usdoj.gov>; Choksi, Kunal (NC) <kchoksi@ncdoj.gov>; MMichaloski <mmichaloski@agutah.gov>; 'Schwartz, Michael' <Michael.Schwartz@ag.ny.gov>
**Cc:** Connor, Colette <CConnor@wc.com>; Hrom, Anna <Ahrom@wc.com>; Alcorn, Christian <calcorn@wc.com>
**Subject:** [EXTERNAL] RE: US v. Google | Source Code Agreement

Karl:

Thank you for passing these along. We are not in a position to confer today or tomorrow, but we are taking a look, and we will follow up with you about finding a time to speak as soon as we're able.

Best,
Chris

**Christopher Yeager**
**Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5621 | Cyeager@wc.com | www.wc.com

---

**From:** Herrmann, Karl (ATR) <Karl.Herrmann@usdoj.gov>
**Sent:** Tuesday, June 30, 2026 5:02 PM
**To:** Yeager, Christopher <CYeager@wc.com>; Maddox, Claire (ATR) <Claire.Maddox@usdoj.gov>; Fergusson, Grant (ATR) <Grant.Fergusson@usdoj.gov>; Choksi, Kunal (NC) <kchoksi@ncdoj.gov>; MMichaloski <mmichaloski@agutah.gov>; 'Schwartz, Michael' <Michael.Schwartz@ag.ny.gov>
**Cc:** Connor, Colette <CConnor@wc.com>; Hrom, Anna <Ahrom@wc.com>; Alcorn, Christian <calcorn@wc.com>
**Subject:** RE: US v. Google | Source Code Agreement

Chris,

Thank you for passing along your comments on the Source Code Agreement draft. We enclose a clean version of our proposal, as well as a blackline of revisions we have proposed on top of the version you provided comments on to try to show the more recent revisions we have made. You will see that we have included in this version a proposal for Section 3. Finally, we include below responses to some comments you included for some context on our revisions:

1. We have included user-side data as part of the materials covered by the agreement.

2. We will not accept Google's proposal that Plaintiffs be subject to this agreement.
3. We will not agree to a patent prosecution bar. We think it's important to understand that this agreement is not an inspection right in a patent case, but rather an enforcement of a heavily litigated Final Judgment against Google for 10+ years of illegal conduct.
4. On export control: to be clear, Plaintiffs object to Google's proposed language and will be formulating a position on export control that is partially addressed in the data and security management plan.
5. On conflicts of interest: All TC staff must abide by the conflicts provisions of the TCSA pursuant to mandatory certification by the TC (see TCSA Section 6.c). We therefore believe this language is unnecessary. But, if Google still insists on including conflicts language herein, we would not oppose including the conflicts language from TCSA Section 3 (revised only to fit this agreement with no substantive revisions).
6. Waiver: we are comfortable with your suggestion that we use Section 19 of the indemnification agreement and we have tried to adopt that here.
7. Severability: We are concerned about what an unforeseen agreement may look like in case provisions are struck down. We believe it is critical to get this agreement correct, both to protect the TC's work and in keeping Google's information secure. While we firmly believe we have the power to withdraw approval under Section VII.A.7.d, if we remove this language, then we are effectively punting the dispute to the future as you write that Google does not believe Plaintiffs have that power. That leaves the uncertainty we fear in place. As a solution, we offer this: Google may also object to the remaining agreement if it is severed, and we can use this process to create a new agreement that protects both interests at stake here.
8. Equitable relief: see M&C request below.

Finally, we request a meet and confer with Google to discuss two issues:
1. Export Control. Specifically, we would like to understand what technologies and/or information within this remedy Google believes may be subject to export control restrictions, and we would like to understand what restrictions Google places internally to ensure that such technologies and/or information do not run afoul of restrictions on "deemed exports."
2. Equitable relief. We don't quite understand why Google believes this is necessary and what rights Google believes it gains from this.

We are available at the following times this week (all ET):
- Wednesday, July 1: 12pm-6pm
- Thursday, July 2: 2pm-5pm

Best,
Karl

---

**From:** Yeager, Christopher <CYeager@wc.com>
**Sent:** Friday, June 5, 2026 6:29 PM
**To:** Herrmann, Karl (ATR) <Karl.Herrmann@usdoj.gov>; Maddox, Claire (ATR) <Claire.Maddox@usdoj.gov>; Fergusson, Grant (ATR) <Grant.Fergusson@usdoj.gov>; Choksi, Kunal (NC) <kchoksi@ncdoj.gov>; MMichaloski <mmichaloski@agutah.gov>; 'Schwartz, Michael' <Michael.Schwartz@ag.ny.gov>
**Cc:** Connor, Colette <CConnor@wc.com>; Hrom, Anna <Ahrom@wc.com>; Alcorn, Christian <calcorn@wc.com>
**Subject:** [EXTERNAL] RE: US v. Google | Source Code Agreement

Karl,

I've attached our response to Plaintiffs' proposed edits to the source code agreement. We're available to confer next week if you'd like.

Best,

Chris

**Christopher Yeager**
**Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5621 | Cyeager@wc.com | www.wc.com

---

**From:** Herrmann, Karl (ATR) <Karl.Herrmann@usdoj.gov>
**Sent:** Thursday, May 7, 2026 2:10 PM
**To:** Yeager, Christopher <CYeager@wc.com>; Maddox, Claire (ATR) <Claire.Maddox@usdoj.gov>; Fergusson, Grant (ATR) <Grant.Fergusson@usdoj.gov>; Choksi, Kunal (NC) <kchoksi@ncdoj.gov>; MMichaloski <mmichaloski@agutah.gov>; 'Schwartz, Michael' <Michael.Schwartz@ag.ny.gov>
**Cc:** Connor, Colette <CConnor@wc.com>; Hrom, Anna <Ahrom@wc.com>; Alcorn, Christian <calcorn@wc.com>
**Subject:** RE: US v. Google | Source Code Agreement

Thanks, Chris. We are available tomorrow between 11am-12pm ET. Could you pass along an invite and we will forward to the appropriate folks?

Best,
Karl

---

**From:** Yeager, Christopher <CYeager@wc.com>
**Sent:** Thursday, May 7, 2026 9:47 AM
**To:** Herrmann, Karl (ATR) <Karl.Herrmann@usdoj.gov>; Maddox, Claire (ATR) <Claire.Maddox@usdoj.gov>; Fergusson, Grant (ATR) <Grant.Fergusson@usdoj.gov>; Choksi, Kunal (NC) <kchoksi@ncdoj.gov>; MMichaloski <mmichaloski@agutah.gov>; 'Schwartz, Michael' <Michael.Schwartz@ag.ny.gov>
**Cc:** Connor, Colette <CConnor@wc.com>; Hrom, Anna <Ahrom@wc.com>; Alcorn, Christian <calcorn@wc.com>
**Subject:** [EXTERNAL] RE: US v. Google | Source Code Agreement

Thanks, Karl. Would Plaintiffs be available to discuss either today at 2:00 pm EDT or tomorrow sometime between 11:00 am and 4:00 pm EDT?

Best,
Chris

**Christopher Yeager**
**Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5621 | Cyeager@wc.com | www.wc.com

---

**From:** Herrmann, Karl (ATR) <Karl.Herrmann@usdoj.gov>
**Sent:** Wednesday, May 6, 2026 10:00 AM
**To:** Yeager, Christopher <CYeager@wc.com>; Maddox, Claire (ATR) <Claire.Maddox@usdoj.gov>; Fergusson, Grant (ATR) <Grant.Fergusson@usdoj.gov>; Choksi, Kunal (NC) <kchoksi@ncdoj.gov>; MMichaloski <mmichaloski@agutah.gov>; 'Schwartz, Michael' <Michael.Schwartz@ag.ny.gov>
**Cc:** Connor, Colette <CConnor@wc.com>; Hrom, Anna <Ahrom@wc.com>; Alcorn, Christian <calcorn@wc.com>
**Subject:** RE: US v. Google | Source Code Agreement

Chris,

Thank you for providing a draft of the source code agreement. Because of the technical nature of Google's proposal, we have discussed parts of Google's proposal in Section 3 with the Technical Committee. We will be in a position to provide a workable proposal on Section 3 after additional discussion that includes the additional expertise of the 4th and 5th TC members.

Thus, in the enclosed draft, we have reviewed and have provided comments and proposals on all other sections except for Section 3. Because the agreement will work as a whole, we may make additional revisions outside of Section 3 at a later date as well. We propose that we work on other sections to resolve what we can while we await the appointment of the final members of the TC. If that plan works for you, please feel free to propose a few dates and times to meet and confer, and we can walk through some of the sections to hopefully resolve any issues we have.

Best,
Karl

---

**From:** Yeager, Christopher <CYeager@wc.com>
**Sent:** Tuesday, April 14, 2026 5:34 PM
**To:** Maddox, Claire (ATR) <Claire.Maddox@usdoj.gov>; Herrmann, Karl (ATR) <Karl.Herrmann@usdoj.gov>; Fergusson, Grant (ATR) <Grant.Fergusson@usdoj.gov>; Choksi, Kunal (NC) <kchoksi@ncdoj.gov>; MMichaloski <mmichaloski@agutah.gov>; 'Schwartz, Michael' <Michael.Schwartz@ag.ny.gov>
**Cc:** Connor, Colette <CConnor@wc.com>; Hrom, Anna <Ahrom@wc.com>; Alcorn, Christian <calcorn@wc.com>
**Subject:** [EXTERNAL] US v. Google | Source Code Agreement

All,

Please find attached a draft of the source code agreement. Glad to discuss once you've had a chance to review.

Best,
Chris

**Christopher Yeager**
**Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5621 | Cyeager@wc.com | www.wc.com

---

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20530*

August 7, 2026

Christopher Yeager
Williams & Connolly LLP
680 Maine Ave SW
Washington, DC 20024

Re: *United States et al. v. Google LLC*, 1:20-cv-03010-APM (D.D.C.)

Dear Chris:

Thank you again for organizing the call with Mr. Liao. While we haven't yet seen Google's proposal for Section 3 of the Source Code agreement, from the documents you shared in advance and the call with Mr. Liao, we can confirm that RIDGE access will not be sufficient for the duties the Court has ordered the Technical Committee (TC) to perform.

The core issue[1] is that RIDGE—a virtual machine in which a user interacts with Google-supplied data through a Jupyter/Python notebook and command line Python tools—is fundamentally a data-analysis environment. While it may be sufficient for an expert that Google retains to run statistical analyses of covered datasets, it is insufficient for the examination of the systems themselves: the source code, algorithms, configurations, pipelines, and test and simulation frameworks that determine how ranking, retrieval, and ad-auction systems actually behave. An isolated virtual machine operating over occasionally supplied datasets cannot support that work, no matter which statistical packages are installed in it.

The access required for the TC to comply with the Court's order is, at least: reading and navigating the relevant source code in Google's code repository, tracing dependencies and data flows across systems, reproducing builds, and running the very test, simulation, and evaluation frameworks that Google's own engineers use to develop

[1] We have many additional technical and administrative concerns with RIDGE, including that RIDGE cannot access Google internal document, the resource and runtime limitations of RIDGE, data provenance and verifiability issues, concerns with tying behavior observed in Google source code to data in RIDGE, data freshness and refresh cadences, the segregation of users, and timing concerns.

and validate these systems. Hence, Plaintiffs' draft of Section 3.3(a) contemplates this access when it refers to "the internal tools,[2] query engines, notebooks, pipelines, and test and simulation frameworks that Google personnel use." RIDGE cannot provide this.

To clarify, the TC is not seeking to open up Google's entire engineering stack. For example, the TC does not need write access to the code base, the ability to commit changes to production, or access to production serving systems or raw user data beyond what is scoped and necessary.

Rather, to accomplish its mandate, the TC is required to have an environment that reflects the working environment of a senior Google engineer, appropriately scoped and instrumented for oversight—in particular: read access to the relevant portions of the source repository; code search and cross-reference navigation across that code; the ability to build, execute, and test the relevant systems in a non-production setting; and access to the internal simulation and evaluation frameworks (including for ad-auction, ranking, and retrieval experiments) that Google uses internally. These are read- and audit-oriented capabilities, not the keys to the production stack, and they are precisely the tools that make it possible to verify how the covered systems function rather than merely to describe their outputs.

Futhermore, to ensure the effectiveness of privacy safeguards that are to be developed for sharing user-side data, the TC and their staff may need enhanced access to system data beyond the access typically granted to an engineer. For example, engineers generally cannot inspect raw queries, but the Google Red Teaming efforts (designed to analyze privacy risks) require access to raw queries. Thus, the TC will also need the level of data access typically granted during red-teaming in order to verify that privacy risks have been mitigated. It was clear for Mr. Liao's responses that this level of access is not facilitated by RIDGE which is not used by Google Red Team.

As we noted on yesterday's call with Mr. Liao, in response to your question regarding Section 3.3(c) in your email dated July 13: yes, the TC anticipates that it will need to run its own executable code—its own scripts, queries, and analytical tools—and not solely Google-provided tools. Independent verification is not possible if every instrument the TC uses is one Google has built and controls. We will work to address the security-review considerations necessary to sensibly accomplish this goal, but the ability to run the TC's own code needs to be a design assumption of the environment rather than being treated as an exceptional case.

---

[2] These commonly used tools, as Mr. McNally described in yesterday's call, include but are not limited to Code Search, Borg, Piper, Blaze, PLX and Colab, Dremel, Cider + Gemini, Anti-Gravity and Agent Smith. These are just a few publicly known tools that form a backbone of software engineer and data science practice at Google.

To better understand, we propose a call between the TC and senior engineering experts at Google, and we think that conversation will be most productive if it is scoped from the outset around engineering-environment access—source, code search and navigation, build/test, simulation frameworks, and corresponding levels of computational resources, along with the access to sensitive data that is needed to evaluate privacy risks—rather than around the configuration of RIDGE as a data sandbox.

If it is feasible within the current objection period for the Protected Information and Security Plan, we are happy to combine these issues into the previously discussed call regarding that plan to obviate the need for a second call.

Sincerely,

*<u>/s/ Karl E. Herrmann</u>*
Karl E. Herrmann