**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**PLAINTIFFS' SECOND STATUS REPORT AS TO THE ENFORCEMENT OF AND GOOGLE'S COMPLIANCE WITH THE FINAL JUDGMENT**

Pursuant to the Court's request at the hearing held on May 5, 2026, Hr'g Tr. 47:14–49:22 (May 5, 2026), and the Minute Entry of that same date, Plaintiffs in the above-captioned cases jointly file this Status Report.[1]

[1] During the May 5 hearing, the Court requested that this Status Report be filed by September 18, 2026. By Minute Order dated September 11, 2026, the Court set a status conference also for September 18. Plaintiffs are filing this Status Report before September 18, so that the Court may have the opportunity to review it in advance of the status conference.

## I. INTRODUCTION

Section VII.E requires Plaintiffs, with input from the Technical Committee ("TC"), to file a status report within 90 days of the Effective Date of the Final Judgment to update the Court "as to the enforcement of and Google's compliance with this Final Judgment," with additional status reports due on future dates to be set by the Court.[2] ECF No. 1462, § VII.E [hereinafter "Final J."]. Plaintiffs filed the first such report on May 4, 2026 ("First Status Report"). ECF No. 1512.

Pursuant to Section VII.A, on May 9, 2026, this Court appointed the final two members of the TC, which put all five members of the TC into place. ECF No. 1517. In the time since, the TC Members worked diligently on the substantive work of implementing the Final Judgment and ensuring Google's compliance therewith.

Part II below provides an update on TC operations. Part III describes ongoing efforts by Plaintiffs and the TC to implement and enforce the Final Judgment. Part IV describes Google's compliance with the Final Judgment to date, which also reflects information provided by Google's counsel and efforts by Plaintiffs and the TC to monitor Google's compliance.

## II. UPDATE ON TC OPERATIONS

In its remedies opinion, the Court stated that the six-year term of the Final Judgment "accounts for the court's expectation that it will take one year to establish the [TC] and the processes necessary for execution." ECF No. 1435 at 219 [hereinafter "Rem. Op."]. Since the First Status Report, the TC has continued to establish such processes and build the organization needed to carry out its obligations under the Final Judgment.

---

[2] Unless otherwise stated, all references to "sections" herein are to sections of the Final Judgment.

### A. Appointment of Remaining Two TC Members

On January 21, 2026, this Court appointed the first three members of the TC, who compose the Standing Committee Members and were required by the Final Judgment to select the two remaining members of the TC. ECF No. 1474; Final J. § VII.A.3.c. Pursuant to Section VII.A.3.c, the Standing Committee Members identified to Plaintiffs and to Google their proposed designees to the TC on May 1, 2026. No party objected to either of the designees, and on May 9, 2026, the Court appointed the final two individuals. ECF No. 1517. As of June 15, 2026, all five members of the TC ("TC Members") were fully onboarded.

### B. Organizational Plan

Pursuant to the TC Services Agreement, on May 14, 2026, the TC presented its Organizational Plan to Plaintiffs. The organizational plan specifies the manner in which the TC will discharge its duties and obligations under the Final Judgment, including to: (1) investigate, mediate, report, respond to, or recommend resolution of third-party complaints concerning Google's compliance with the Final Judgment, including how the TC will fulfill its obligations under the Final Judgment; (2) provide information regarding Google's compliance with the Final Judgment to Plaintiffs; (3) account for the TC's time and expenses; and (4) discharge, address, process, consider, or respond to any other operational issue necessary or appropriate for the TC to fulfill its duties and obligations under the Final Judgment. Plaintiffs promptly approved the plan on May 18, 2026.

### C. TC Budget, Notices to Hire, and Staffing

At the time the TC presented Plaintiffs with the Organizational Plan, the TC also presented Plaintiffs with a proposed annual budget covering this first year of the TC's operations through January 31, 2027 ("Ramp-Up Budget"). The TC further presented and discussed its staffing plan for the first year of the TC's operations through January 31, 2027 ("Ramp-Up

Year") and presented Plaintiffs with formal notices to hire staff for the TC ("TC Staff"). On May 18, 2026, Plaintiffs approved the hiring of TC Staff and the Ramp-Up Budget, and the TC provided Google with copies of both the budget and the notices to hire TC Staff.

On May 22, 2026, Google objected that it had not received information sufficient for it to evaluate the reasonableness of the funds requested in the Ramp-Up Budget associated with the staff members the TC intended to hire. Following further correspondence and meet and confers, Google agreed to fully fund the Ramp-Up Budget, including personnel-related costs and expenses, while the Parties submitted their dispute to the Court. ECF No. 1524 at 2. The TC received those funds on June 16, 2026.

At a hearing on June 23, 2026, the Court directed Plaintiffs to provide certain additional information to Google and ordered the Parties to file a Joint Status Report ("JSR") on any outstanding issues by July 7, 2026. Plaintiffs provided the additional information to Google, and Google asked further questions. The Parties were able to sufficiently address remaining issues such that a JSR was not needed at that time.

Upon receiving funding for the Ramp-Up Budget, the TC began to execute its hiring plan. As the Ramp-Up Budget reflected, the TC's hiring plan anticipates hiring staff progressively across the Ramp-Up Year. The TC is continuing to hire personnel pursuant to the staffing plan to meet the TC's needs as workloads increase and Plaintiffs and the TC progress in implementing the remedies.

**D. Source Code Agreement**

The Final Judgment provides that "[t]he TC shall have access to Google's source code and algorithms, subject to a confidentiality agreement, as approved by Plaintiffs" ("Source Code Agreement"). Final J. § VII.A.7.d. The agreement with Google is to be signed by each TC Member as well as any TC Staff with access to such source code and algorithms.

Following several months of negotiations and discussions with Google, on September 11, 2026, Plaintiffs notified the Court about a dispute that had arisen over the Source Code Agreement that Plaintiffs have approved pursuant to Section VII.A.7.d. The Parties filed a JSR on this dispute on September 16, 2026. ECF No. 1549. As discussed in that JSR, promptly finalizing and signing the Source Code Agreement and getting the TC the required access is critical for continuing progress in implementing the remedies. Plaintiffs will be prepared to address at the September 18 status conference any questions the Court may have regarding the issues raised in the JSR.[3]

**E. Protected Information Access and Security Plan**

Under the Confidentiality Agreement signed by TC Members pursuant to Section VII.A.7.d, the TC was required to present to Plaintiffs a Protected Information Access and Security Plan ("Security Plan"). This plan was subject to approval by Plaintiffs prior to its implementation. In addition, a copy was to be provided to Google to give them the ability to object and raise such objections with the Court.

Having the Security Plan in place and implemented was critical for the TC to be able to continue work on the remedies and meet its obligations under the Final Judgment. The plan specifies how the TC will meet its record-keeping and notification obligations, maintain the security of information gathered by the TC, and comply with applicable laws and regulations. Once drafted, finalizing the plan was the next time-sensitive step, as the TC could not proceed with engaging service providers and acquiring key data systems until the plan was deemed final

[3] Shortly after the JSR on this issue was filed, Google filed a supplemental status report. *See* ECF No. 1550. Plaintiffs will be prepared to address this report as well during the September 18 status conference.

and ready to implement. In fact, until then, the TC was unable to acquire and put in place the systems to access, receive, review, analyze, or maintain Google data and other information.

On July 14, 2026, the TC timely presented the Security Plan to Plaintiffs. Following review, discussion, and revision, Plaintiffs approved the Security Plan and promptly provided a copy to Google on July 21, 2026, initially requesting any objections by August 4, 2026, to keep the process moving.

The TC has expressed concern regarding the time Google subsequently expended in reviewing the Security Plan, which remained pending for another three weeks. The Parties held a meet and confer on July 31, 2026, and later that day Google requested a call between the TC and a Google subject-matter expert to discuss the Security Plan. Mindful of the time sensitivity, on Monday, August 3, 2026, Plaintiffs agreed for such a call to take place that same week and agreed to move the objection deadline to August 6, 2026. After Plaintiffs did so, however, Google advised that its chosen subject-matter expert was out of the country for the week. Plaintiffs pushed for a call still to take place the week of August 3 or early the next week, requesting that Google provide an alternate subject-matter expert if the original person was not available. Google did not provide call times in that range or an alternate; instead, on August 10, 2026, Google offered call availability for its preferred person for several days later, on August 13 and August 14, 2026. Plaintiffs took the first time offered. After the call, Google did not raise any other concerns with the Security Plan.

On August 19, 2026, Plaintiffs sent Google an updated Security Plan that reflected certain points that were raised during the Parties' meet and confers and discussed during the call with Google's subject-matter expert. Plaintiffs requested that Google provide any objections to

the modifications by August 24, 2026, and further noted that absent specific objections, Plaintiffs and the TC would consider the Security Plan to be final and would begin fully implementing it.

On August 25, 2026, Google responded but did not specify any objections. Instead, Google requested that the TC begin to execute the proposed Security Plan while continuing to build out and draft components of the plan, with the idea that at some later point in time, the TC would issue an updated proposed plan for Google's review. On August 27, 2026, Plaintiffs advised that they did not agree, as Google's approach would effectively keep the Security Plan in limbo and subject to an indefinite objection period, and the TC had already provided sufficient information in its plan. Plaintiffs further advised that they considered the Security Plan to be final and that the TC would begin implementation, noting that if Google has a specific concern and a specific proposed resolution going forward, Google may always raise them and the TC and Plaintiffs will consider them.

Google did not respond. Thereafter, the TC began to implement the Security Plan and engage with service providers to put necessary systems in place.

**F. Issues Raised at July 14, 2026 Status Conference**

At the Court's request, on July 8, 2026, the Court held a call with the five TC Members. During the Status Conference held on July 14, 2026, the Court identified to the Parties three issues that the TC Members had raised to the Court as impacting their hiring plans:

1. gaining greater clarity regarding the restriction on post-TC employment set forth in Section VII.A.2.c.;
2. providing a prohibition against compelled testimony to TC staff; and
3. providing indemnification by Google to TC staff.

Hr'g Tr. (July 14, 2026) at 4:06–7:11. The Court encouraged the Parties to work to resolve these issues "as quickly as possible." *Id.*

Thereafter, the Parties held a number of meet and confers and exchanged multiple rounds of proposals on each of these issues, as noted in JSRs to the Court filed weekly between July 22 and August 12, 2026. ECF Nos. 1533, 1537, 1539, and 1542. As part of that process, Plaintiffs regularly conferred with the TC to ensure that the TC's concerns were addressed and the TC approved the proposals presented to Google. On August 14, 2026, Plaintiffs, in consultation with the TC, and Google presented agreed-upon proposals to the Court regarding the first and second issues above. ECF No. 1542. The Court entered an order regarding the same on August 25, 2026. ECF No. 1543.

The third issue above relating to indemnification is more complex. As discussed in additional JSRs filed on August 28 and September 11, 2026, Plaintiffs are continuing to work with the TC to gather relevant information and develop a proposal to address the TC's concerns on indemnification. ECF Nos. 1544, 1548. The next JSR on this issue is due on October 2, 2026, and the Parties will continue to meet and confer as needed.

## III. IMPLEMENTING THE FINAL JUDGMENT'S REMEDIES

### A. Order of Operations and Confidentiality

Since the First Status Report, the Parties have worked to develop processes and procedures for submissions to the Court on substantive remedies pursuant to the Final Judgment. On May 1, 2026, the Parties filed a JSR on certain disputes relating to confidentiality. ECF No. 1511. During a hearing on May 5, 2026, the Court requested that the Parties submit a proposal regarding an "order of operations" framework for recommendations and complaints under the Final Judgment, to give context to the Parties' disputes. *See, e.g.*, Hr'g Tr. 35:22–38:15, 40:18–41:10 (May 5, 2026).

On May 20, 2026, the Parties filed a JSR with the Court that presented their proposals in Appendix A to that JSR ("May 20 JSR Appendix"). ECF Nos. 1520, 1520-1. Those proposals

were agreed upon by the Parties, except for a few discrete disputes. ECF No. 1520 at 2–3. On May 29, 2026, the Court ordered the Parties to "adopt all of Plaintiffs' proposed terms (or lack thereof)" as set forth in the May 20 JSR Appendix, except as to those provisions for which the Parties were ordered to adopt the Court's language. ECF No. 1521 at 7 & Appendix.

The May 20 JSR Appendix sets forth the order of operations, content requirements, and confidentiality restrictions that apply to all Recommendations.[4] ECF No. 1520-1 at Part I.A–C. The order of operations includes processes for a review and objection period for Google and for the submission of any outstanding objections to the Court. ECF No. 1520-1 at Part I.A. For purposes of the timeline to be applied to the order of operations, the Parties agreed that Recommendations may generally be divided into three categories of increasing complexity: Category 1, Category 2, and Category 3. The Parties have agreed to timelines for Category 1 and Category 2 Recommendations. ECF No. 1520-1 at Part I.A (Category 1); ECF Nos. 1528-2, 1529 (Category 2). The Parties are discussing the timeline for Category 3 Recommendations, which are more complex. While the orders of operations set outside deadlines for these processes, Plaintiffs and the TC will strive to move as quickly as possible if actions can be taken more quickly, and hope that Google will do the same to avoid needless delay in implementing the remedies.

**B. Syndication Remedies (Sections V.B and VI.B)**

Sections V.B and VI.B require Plaintiffs and the TC, with input from Google, to create and submit to the Court template search syndication and Search Text Ads[5] syndication licenses

[4] "Recommendations" was defined to mean all recommendations, decisions, or other submissions pursuant to the Final Judgment as to which Google has a right to object under Section VII.A.7.k, excluding those to certify or recertify Qualified Competitors (which were separately defined). ECF No. 1520-1 at 1 n.1.

[5] The term "Search Text Ads" is defined in Section IX.Y of the Final Judgment.

("Recommended Syndication Template"). Pursuant to the Court's June 26, 2026 order, Plaintiffs must file the Recommended Syndication Template by October 6, 2026. ECF No. 1529. The Recommended Syndication Template is subject to the May 20 JSR Appendix and to the order of operations and timing for Category 2 Recommendations. ECF Nos. 1520-1, 1528-2, 1529.

In developing the Recommended Syndication Template, Plaintiffs and the TC affirmatively sought input from Google. Pursuant to Section VII.A.7.c, the TC sent two demand letters to Google on issues related to search syndication and Search Text Ads syndication. The first letter, sent on April 27, 2026, sought Google's current syndication agreements and documentation of its current syndication services and partners. In response, Google made partial productions to the TC on May 1 and May 8, 2026. On July 31, 2026, the TC sent Google a second demand letter, which sought documents that remained missing from Google's May productions as well as updated documentation of its syndication services and agreements. Plaintiffs and the TC reviewed the documents and information that Google did provide and engaged with third parties on issues related to syndication.[6]

On August 31, 2026, Plaintiffs and the TC provided Google with the Recommended Syndication Template, including the Recommendation Statement and Basis Statement. On September 8, 2026, Google sent Plaintiffs and the TC a letter requesting additional information concerning various aspects of the template. On September 15, 2026, Plaintiffs responded to Google's requests.

Google is required to provide Plaintiffs and the TC with any objections by September 29, 2026, after which the Parties will meet and confer. Plaintiffs will submit the Recommended

---

[6] The Basis Statement to be submitted to the Court as part of the Recommended Syndication Template will expand on the input received from Google as well as information obtained from third parties.

Syndication Template and any outstanding objections to the Court on October 6, 2026, and the Parties will submit a JSR on any outstanding objections by October 14, 2026.

### C. Data Sharing Remedies (Section IV)

Pursuant to Section IV.B, Google is required to make certain User-side Data available to Qualified Competitors.[7] To that end, Section IV.C.3 requires Plaintiffs and the TC, with input from Google, to create and submit to the Court a template license governing the use of data shared pursuant to Section IV. Section IV.C.1 requires "Plaintiffs, in consultation with the TC, [to] promptly determine the appropriate User-side Data privacy and security safeguards to be applied before Google shares the data," after which point Google has six months to implement the safeguards. Final J. § IV.C.1.

#### 1. Template Web Search Index and User-side Data Sharing License

Section IV.C.1 requires Plaintiffs and the TC, with input from Google, to create and submit to the Court a template for a Web Search Index and User-side Data sharing license ("Recommended Index and Data Sharing Template").[8] Final J. § IV.C.1. Pursuant to the Court's Minute Order dated August 3, 2026, Plaintiffs must file the Recommended Index and Data Sharing Template by October 27, 2026. The Recommended Index and Data Sharing Template is subject to the May 20 JSR Appendix and to the order of operations and timing for Category 2 Recommendations. ECF Nos. 1520-1, 1528-2, 1529.

As they work to develop the Recommended Index and Data Sharing Template, Plaintiffs and the TC have affirmatively sought input from Google. Pursuant to Section VII.A.7.c, the TC

[7] The terms "Qualified Competitor" and "User-side Data" are defined in Sections IX.V and IX.EE, respectively.

[8] The term "Web Search Index" is defined in Section IX.FF.

sent two demand letters to Google, one on July 22, 2026 for information related to User-side Data, and another on August 7, 2026, for information related to the Web Search Index.

Google has advised the TC that it is withholding certain information responsive to the TC's demands concerning User-side Data pending execution of the Source Code Agreement. In its August 14, 2026, response to the TC's July 22 demand letter, Google referenced that the Parties were continuing to develop a protocol by which the TC would receive access to Google's source code. Google stated that once that protocol, which is part of the Source Code Agreement, is finalized, Google will produce withheld information.

In the interim, Plaintiffs and the TC are continuing to gather and review information on these topics and engage with third parties.[9] Plaintiffs are scheduled to provide the recommendation to Google on September 21, 2026, which will begin the review and objection period. The deadline for Plaintiffs to submit the Recommended Index and Data Sharing Template and any outstanding objections to the Court is October 27, 2026, and the Parties must then submit a JSR on any outstanding objections by November 4, 2026.

**2. User-side Data Privacy and Security Safeguards**

Contemporaneous with developing the Recommended Syndication Template and Recommended Index and Data Sharing Template, the TC has been actively assessing issues related to User-side Data privacy and security safeguards. For example, on June 24, 2026, the TC issued demand letters to Google seeking to interview two named individuals on these issues, and on July 27, 2026, the TC conducted a joint interview. The TC is also assessing these issues in connection with developing the recommended templates.

[9] As with the Recommended Syndication Template, the Basis Statement to be submitted to the Court as part of the Recommended Index and Data Sharing Template will expand on the input received from Google as well as information obtained from third parties.

The TC's ability to continue making meaningful progress on issues related to User-side Data privacy and security safeguards is subject to finalizing and implementing the Source Code Agreement. As part of fulfilling its broader obligations under the Final Judgment, and for purposes that extend beyond the Recommended Index and Data Sharing Template discussed above, the TC needs to be able to understand Google's mechanisms for securing and operating critical system components. Being able to access and observe those systems in the first instance is a necessary predicate to that effort: Because those systems fall within the scope of the Source Code Agreement, the TC cannot access them until after the agreement and related processes are in place.

In addition to withholding information responsive to the TC's July 22 demand letter, during the July 27 interview referenced above, the TC pointed out redactions in certain Google documents that the TC had received. Google's counsel responded that the redacted information was being withheld pending execution of the Source Code Agreement. Plaintiffs will work to get the agreement in place as expeditiously as possible following resolution of the JSR on point. As noted above, however, the delay caused by the lack of a signed Source Code Agreement, and access to this information, continues to delay the TC's work in implementing the remedies.

**D. Qualified Competitors (Section IX.V)**

To benefit from the Court's syndication and data sharing remedies, an entity must become a Qualified Competitor under the Final Judgment. To do that, the entity must: (1) meet Plaintiffs' approved data security standards, as recommended by the TC; (2) agree to regular data security and privacy audits by the TC; (3) make a sufficient showing to Plaintiffs, in consultation with the TC, of a plan to invest and compete in or with the general search engine and/or Search Text Ads markets; and (4) pose no risk to the national security of the United States. *See* Final J. § IX.V.

Plaintiffs and the TC are currently working on establishing the procedures for certifying Qualified Competitors. Such procedures will include, for example, determining the certification criteria, creating the application process, identifying the information that must be provided and how it will be evaluated, and developing processes for managing Qualified Competitor audits. Once Plaintiffs and the TC have worked through all these elements, information regarding the process and procedures will be made publicly available.

**E. Search Text Ads Auction Remedy (Section VI.A)**

Under the Final Judgment, "Plaintiffs [must] submit a proposal to the Court, informed by the [TC]'s views, by which Google [must] periodically provide [to] the [TC] and Plaintiffs a report outlining all changes to its Search Text Ads auction meeting certain parameters and, for each change, (1) Google's public disclosure of that change or (2) a statement why no public disclosure is necessary." Final J. § VI.A.

The TC has begun obtaining the necessary information to bring its expertise to bear on this issue. On July 21, 2026, the TC sent a demand letter to Google for information related to its Search Text Ads auction. Google provided initial responses on September 8, 2026, and the TC is currently assessing those responses.

For the TC's work on this remedy to be completed, it is again imperative that the Source Code Agreement be finalized and signed. The TC cannot fulfill its obligations under Section VI.A without access to data from Google's Search Text Ads auction, and the TC cannot gain such access until the Source Code Agreement is in place. Moreover, although Google has asserted to the TC that Google has not made any material changes to the auction mechanism, without such access, the TC is unable to verify that claim.

In the interim, the TC will continue to seek additional information related to the Search Text Ads auction remedy.

## IV. GOOGLE'S COMPLIANCE WITH THE FINAL JUDGMENT

### A. Google Complaint Website (Section VII.C.2.a)

The Final Judgment provides that "[t]o facilitate the communication of complaints and inquiries by parties, the Compliance Officer shall place on Google's website, in a manner acceptable to the Plaintiffs, the procedures for submitting complaints." Final J. § VII.C.2.a. In the time since the First Status Report, the Parties have continued to work cooperatively regarding Google's proposed mockup of the complaint website, including exchanging revisions and proposals. On September 15, 2026, Plaintiffs responded to Google's most recent proposal and offered to meet and confer regarding one outstanding issue during the week of September 21, 2026. In the event the Parties are unable to reach agreement, they will reach out to the Court for assistance.

In parallel with the steps above, Google has also continued working on setting up complaint management processes necessary to address any such complaints.

### B. Responses to Demand Letters

As referenced in Part III above, the TC has issued multiple demand letters to Google pursuant to Section VII.A.7.c, seeking interviews and information. To date, Google employees have participated in multiple interviews with the TC, including:

- July 27, 2026 interview of two Google research scientists on topics related to user-side data and privacy;
- August 6, 2026 interview of a Technical Program Manager on topics related to source code and protected information access/ security procedures;
- August 13, 2026 interview of a Security Engineering Director on topics related to source code and protected information access/ security procedures;
- August 14, 2026 interview of a Google VP on topics related to access to Google's source code and user data; and

- August 24, 2026 interview of a Search Engineering Director on topics related to user-side data and privacy.

Google has also responded to multiple requests for information, including:

- April 27, 2026 demand letter requesting information related to search and Search Text Ads syndication, to which Google responded on May 1, 2026 and submitted additional information on May 8, 2026.

- July 21, 2026 demand letter requesting information related to Google's Search Text Ads auction, to which Google responded on September 8, 2026.

- July 22, 2026 demand letter requesting information related to Google's user-side data, to which Google responded on August 14 and September 11, 2026. In its August 14 response, Google also identified three individuals as being authorized to meet with the TC: two senior ranking engineers as being knowledgeable about the Glue and RankEmbed models; and one senior logs engineer knowledgeable about the logs that feed into Glue and RankEmbed.

- July 31, 2026 follow up and additional demand letter requesting information related to search and Search Text Ads syndication, to which Google responded on August 14, 2026. Google additionally submitted draft template syndication licenses to the Technical Committee on August 10 and August 19, 2026.

- August 7, 2026 demand letter requesting information related to Web Search Index information, to which Google responded in part on August 21, 2026 and submitted additional information on August 28, 2026. In its August 28 response, Google also identified two individuals as being authorized to meet with the TC: a senior engineering director knowledgeable about Google's spam system, who was also identified in Google's August 14 response; and a VP knowledgeable about Google's Web Search Index, whom the TC previously interviewed on August 14, 2026 (reflected above).

### C. Other Efforts

Google has been working to prepare a remote environment by which the TC can access highly sensitive data, including but not limited to algorithms and user data, pending finalization and signing of the Source Code Agreement. This has involved the work of dozens of Google personnel, including employees from a number of teams housed within Google's central infrastructure organization.

Google has also continued its preparatory work to comply with the data-sharing and syndication requirements in Sections IV–VI of the Final Judgment.

Dated: September 17, 2026

Respectfully submitted,

/s/ Grant M. Fergusson

Claire M. Maddox (D.C. Bar #498356)
Travis R. Chapman (D.C. Bar #90031151)
Danielle G. Hauck
Grant M. Fergusson (D.C. Bar #90004882)
Karl E. Herrmann (D.C. Bar #1022464)

U.S. Department of Justice
Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 549-7155
Claire.Maddox@usdoj.gov
Travis.Chapman@usdoj.gov

*Counsel for Plaintiff United States of America*

By: /s/ Amanda Wentz
Amanda J. Wentz
Assistant Attorney General
Office of the Arkansas Attorney General
101 West Capitol Avenue
Little Rock, Arkansas 72201
Phone: (501) 682-1178
Amanda.Wentz@ArkansasAG.gov

*Counsel for Plaintiff State of Arkansas*

By: /s/ Carolyn D. Jeffries
Rob Bonta, Attorney General
Paula Blizzard, Senior Assistant Attorney General
Michael Jorgenson, Supervising Deputy Attorney General
Brian Wang, Deputy Attorney General
Carolyn D. Jeffries, Deputy Attorney General (DC Bar No. 1600843)
Office of the Attorney General
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Cari.Jeffries@doj.ca.gov

*Counsel for Plaintiff State of California*

By: /s/ Lee Istrail
James Uthmeier, Attorney General
R. Scott Palmer, Special Counsel, Complex Enforcement Chief, Antitrust Division
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

By: /s/ Charles Thimmesch
Christopher Carr, Attorney General
Logan B. Winkles, Deputy Attorney General
Ronald J. Stay, Jr., Senior Assistant Attorney General
Charles Thimmesch, Senior Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

By: /s/ Jesse Moore
Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and Director, Consumer Protection Division
Jesse Moore, Deputy Attorney General
Christi Foust, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Jesse.Moore@atg.in.gov

*Counsel for Plaintiff State of Indiana*

By: /s/ Jonathan E. Farmer
Russell Coleman, Attorney General
J. Christian Lewis, Commissioner of the Office of Consumer Protection
Philip R. Heleringer, Executive Director of the Office of Consumer Protection
Jonathan E. Farmer, Deputy Executive Director of the Office of Consumer Protection
Office of the Attorney General, Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*

By: /s/ Asyl Nachabe
Liz Murrill, Attorney General
Asyl Nachabe, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
909 Poydras St. Suite 1850
New Orleans, LA 70112
(225) 326-6435
NachabeA@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

By: /s/ Scott Mertens
Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

By: /s/ Alison Esbeck
Alison Esbeck
Assistant Attorney General
Missouri Attorney General's Office
815 Olive Street | Suite 200
Saint Louis, Missouri 63101
Alison.esbeck@ago.mo.gov
Phone: 314-340-4977

*Counsel for Plaintiff State of Missouri*

By: /s/ Anna Schneider
Anna Schneider
Special Assistant Attorney General, Senior Counsel,
Montana Office of Consumer Protection
P.O. Box 200151
Helena, MT 59602-0150
Phone: (406) 444-4500
Anna.schneider@mt.gov

*Counsel for Plaintiff State of Montana*

By: /s/ Mary Frances Jowers
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney General
C. Havird Jones, Jr., Senior Assistant Deputy Attorney General
Mary Frances Jowers, Assistant Deputy Attorney General
Office of the Attorney General
State of South Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
mfjowers@scag.gov

*Counsel for Plaintiff State of South Carolina*

By: /s/ Diamante Smith
Ken Paxton, Attorney General
Brent Webster, First Assistant Attorney General
Ralph Molina, Deputy First Assistant Attorney General
William D. Wassdorf, Deputy Attorney General for Civil Litigation
Thomas York, Division Chief, Antitrust Division
Diamante Smith, Assistant Attorney General, Antitrust Division
Office of the Attorney General,
State of Texas
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1162
Diamante.Smith@oag.texas.gov

*Counsel for Plaintiff State of Texas*

By: /s/ Caitlin M. Madden
Joshua L. Kaul, Attorney General
Caitlin M. Madden, Assistant Attorney General
Wisconsin Department of Justice
17 W. Main St.
Post Office Box 7857
Madison, Wisconsin 53707-7857
caitlin.madden@Wisconsin.gov

*Counsel for Plaintiff State of Wisconsin*

PHILIP WEISER
Attorney General of Colorado

/s/ Jonathan B. Sallet
Jonathan B. Sallet, DC Bar No. 336198
Steven M. Kaufmann
Elizabeth W. Hereford
Conor J. May
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
E-Mail: Jon.Sallet@coag.gov
Steve.Kaufmann@coag.gov
Elizabeth.Hereford@coag.gov
Conor.May@coag.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Colorado*

MIKE HILGERS
Attorney General of Nebraska

Justin C. McCully, Assistant Attorney General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
E-Mail: Justin.mccully@nebraska.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Nebraska*

KRISTIN K. MAYES
Attorney General of Arizona

Robert A. Bernheim, Unit Chief Counsel
Jayme Weber, Senior Litigation Counsel
Arizona Office of the Attorney General
400 West Congress, Ste. S-215
Tucson, Arizona 85701
Telephone: (520) 628-6507
E-Mail: Robert.Bernheim@azag.gov
Jayme.Weber@azag.gov

*Counsel for Plaintiff State of Arizona*

BRENNA BIRD
Attorney General of Iowa

Noah Goerlitz, Assistant Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St., 2nd Floor
Des Moines, IA 50319
Telephone: (515) 725-1018
E-Mail: Noah.goerlitz@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

LETITIA JAMES
Attorney General of New York

Elinor R. Hoffmann
Morgan J. Feder
Michael D. Schwartz
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8513
E-Mail: Elinor.hoffmann@ag.ny.gov
Morgan.feder@ag.ny.gov
Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff State of New York*

JEFF JACKSON
Attorney General of North Carolina

Kunal Janak Choksi
Joshua Daniel Abram
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6000
E-Mail: kchoksi@ncdoj.gov
jabram@ncdoj.gov

*Counsel for Plaintiff State of North Carolina*

JONATHAN SKRMETTI
Attorney General of Tennessee

J. David McDowell
Austin Ostiguy
Tyler Corcoran
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 741-8722
E-Mail: David.McDowell@ag.tn.gov
austin.ostiguy@ag.tn.gov
Tyler.Corcoran@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*

DEREK E. BROWN
Attorney General of Utah

Marie W.L. Martin, Division Director
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 140811
Salt Lake City, Utah 84114
Telephone: (801) 440-9825
E-Mail: mwmartin@agutah.gov

*Counsel for Plaintiff State of Utah*

STEPHEN J. COX
Attorney General of Alaska

Jeff Pickett
Senior Assistant Attorney General
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5275
E-Mail: Jeff.pickett@alaska.gov

*Counsel for Plaintiff State of Alaska*

WILLIAM TONG
Attorney General of Connecticut

Nicole Demers
Office of the Attorney General of Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Telephone: (860) 808-5202
E-Mail: Nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

KATHLEEN JENNINGS
Attorney General of Delaware

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
E-Mail: Michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*

BRIAN SCHWALB
Attorney General of the District of Columbia

Elizabeth Gentry Arthur
Office of the Attorney General for the

District of Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 724-6514
E-Mail: Elizabeth.arthur@dc.gov

*Counsel for Plaintiff District of Columbia*

DOUGLAS MOYLAN
Attorney General of Guam

Norman Lee Miller, Jr.
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Telephone: (671) 475-2710
E-Mail: nmillerjr@oagguam.org

*Counsel for Plaintiff Territory Guam*

ANNE E. LOPEZ
Attorney General of Hawai'i

Rodney I. Kimura
Department of the Attorney General, State of Hawai'i
425 Queen Street
Honolulu, HI 96813
Telephone (808) 586-1180
E-Mail: Rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff State of Hawai'i*

RAÚL LABRADOR
Attorney General of Idaho

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. Jefferson St., 2nd Floor
P.O. Box 83720
Boise, ID 83720
Telephone: (208) 332-3549
E-Mail: John.olson@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

KWAME RAOUL
Attorney General of Illinois

Elizabeth Maxeiner
Brian Yost
Jennifer Coronel
Office of the Attorney General of Illinois
115 S. LaSalle St.
Chicago, IL 60603
Telephone: (773) 590-7935
E-Mail: Elizabeth.maxeiner@ilag.gov
Brian.yost@ilag.gov
Jennifer.coronel@ilag.gov

*Counsel for Plaintiff State of Illinois*

KRIS W. KOBACH
Attorney General of Kansas

Christopher Teters
Kansas Office of the Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612
Telephone: (785) 296-3751
E-Mail: chris.teters@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

AARON M. FREY
Attorney General of Maine

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
August, ME 04333
Telephone: (207) 626-8800
E-Mail: Christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

ANTHONY G. BROWN
Attorney General of Maryland

Schonette J. Walker
Melissa English

Office of the Attorney General of
Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Telephone: (410) 576-6480
E-Mail: swalker@oag.state.md.us
menglish@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

ANDREA CAMPBELL
Attorney General of Massachusetts

Jennifer E. Greaney
Office of the Attorney General of
Massachusetts
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2981
E-Mail: Jennifer, greaney@mass.gov

*Counsel for Plaintiff Commonwealth of Massachusetts*

KEITH ELLISON
Attorney General of Minnesota

Zach Biesanz
Senior Enforcement Counsel
Office of the Minnesota Attorney General
Antitrust Division
445 Minnesota Street, Suite 600
St. Paul, MN 55101
Telephone: (651) 757-1257
E-Mail: Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

AARON D. FORD
Attorney General of Nevada

Michelle C. Badorine
Lucas J. Tucker
Nevada Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
Telephone: (775) 684-1164
E-Mail: mbadorine@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

JOHN FORMELLA
Attorney General of New Hampshire

Brandon Garod
Office of Attorney General of New
Hampshire
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-1217
E-Mail: Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff State of New Hampshire*

JENNIFER DAVENPORT
Acting Attorney General of New Jersey

Yale A. Leber
Abiola G. Miles
Deputy Attorneys General
New Jersey Attorney General's Office
25 Market Street, P.O. Box 106
Trenton, NJ 08625
Telephone: (609) 376-2383
E-Mail: Yale.Leber@law.njoag.gov
Abiola.Miles@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

RAÚL TORREZ
Attorney General of New Mexico

Judith E. Paquin Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney
General
408 Galisteo St.
Santa Fe, NM 87504
Telephone: (505) 490-4885
E-Mail: jpaquin@nmag.gov

ckhoury@nmag.gov

*Counsel for Plaintiff State of New Mexico*

DREW WRIGLEY
Attorney General of North Dakota

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust Division
Office of the Attorney General of North Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
Telephone: (701) 328-5570
E-Mail: ealm@nd.gov

*Counsel for Plaintiff State of North Dakota*

DAVID YOST
Attorney General of Ohio

Beth Ann Finnerty, Section Chief, Antitrust
Sarah Mader, Assistant Attorney General, Antitrust
Office of the Attorney General of Ohio
30 E Broad Street, 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
E-Mail: Beth.Finnerty@ohioago.gov
Sarah.Mader@ohioago.gov

*Counsel for Plaintiff State of Ohio*

GENTNER DRUMMOND
Attorney General of Oklahoma

Cameron R. Capps
Office of the Oklahoma Attorney General
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-0858
E-Mail: Cameron.capps@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

DAN RAYFIELD
Attorney General of Oregon

Gina Ko, Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (503) 934-4400
E-Mail: Gina.Ko@doj.oregon.gov

*Counsel for Plaintiff State of Oregon*

DAVID W. SUNDAY, JR.
Attorney General of Pennsylvania

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
E-Mail: jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of Pennsylvania*

LOURDES L. GÓMEZ TORRES
Secretary of Justice

TANIA L. FERNÁNDEZ-MEDERO
Assistant Secretary of Justice

SAMUEL WISCOVITCH-CORALI
Deputy Undersecretary

Pablo Tufiño-Soto
Senior Attorney
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Telephone: (787) 721-2900, Ext. 1205
E-Mail: ptufino@justicia.pr.gov

*Counsel for Plaintiff Territory Puerto Rico*

PETER NERONHA
Attorney General of Rhode Island

Stephen Provazza
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
E-Mail: SProvazza@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

MARTIN J. JACKLEY
Attorney General of South Dakota

Yvette K. Lafrentz
Office of the Attorney General of South Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
E-Mail: Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff State of South Dakota*

CHARITY R. CLARK
Attorney General of Vermont

Christopher J. Curtis, Assistant Attorney General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
Telephone: (802) 828-3170
E-Mail: christopher.curtis@vermont.gov
*Counsel for Plaintiff State of Vermont*

JAY JONES
Attorney General of Virginia

Tyler T. Henry
Senior Assistant Attorney General
Antitrust Unit
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Telephone: (804) 692-0485
E-Mail: thenry@oag.state.va.us

*Counsel for Plaintiff State of Virginia*

NICHOLAS W. BROWN
Attorney General of Washington

Amy N.L. Hanson
Senior Managing Assistant Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-5419
E-Mail: Amy.hanson@atg.wa.gov

*Counsel for Plaintiff State of Washington*

JOHN B. McCUSKEY
Attorney General of West Virginia

Douglas Lee Davis
Office of the Attorney General, State of West Virginia
1900 Kanawha Boulevard East
Building 6, Suite 401
P.O. Box 1789
Charleston, WV 25305
Telephone: (304) 558-8986
E-Mail: Douglas.l.davis@wvago.gov

*Counsel for Plaintiff State of West Virginia*

KEITH KAUTZ
Attorney General of Wyoming

William T. Young
Wyoming Attorney General's Office

2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
Telephone: (307) 777-7847
E-Mail: William.young@wyo.gov

*Counsel for Plaintiff State of Wyoming*