**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA<br><br>[redacted] |
| STATE OF COLORADO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA<br><br>[redacted] |

**PLAINTIFFS' JOINT RECOMMENDATION**
**FOR TEMPLATE SEARCH AND SEARCH TEXT ADS**
**SYNDICATION LICENSE AGREEMENT**

## I. INTRODUCTION

Pursuant to Sections V and VI.B of the Final Judgment in the above-captioned cases, Plaintiffs and the Technical Committee ("TC"), with input from Google, are required to create and submit to the Court templates for a search syndication license and a Search Text Ads syndication license. ECF No. 1462 at §§ V, VI.B [hereinafter Final J.]. Search syndication is critical to the success of the Court's remedies: Because "[i]t will take time for a Qualified Competitor to build its own search index and the capacity to deliver high-quality search results," Qualified Competitors need remedial search syndication to compete in the short term, particularly when answering long-tail, local, and fresh queries. ECF No. 1435 at 170–71 [hereinafter Rem. Op.]. Search Text Ads syndication is similarly important, as it enables Qualified Competitors to monetize high-quality ads from the start. *Id.* at 183. Under the Court's Minute Order of October 6, 2026, the template licenses are to be submitted to the Court by October 9, 2026.

Plaintiffs hereby submit this Recommendation and accompanying template, provided as Attachment 1 hereto, that provides license terms for both search syndication and Search Text Ads syndication ("Recommended Template").[1] The Recommended Template is the culmination of

---

[1] Google has requested that the entirety of the Recommended Template be redacted for purposes of this filing to permit Google additional time to determine what redactions it believes are necessary. Although Plaintiffs believe that minimal redactions to certain financial terms are necessary pending resolution of Google's objections, Plaintiffs understand that Google believes more extensive redactions are necessary. To accommodate Google's concern, Plaintiffs have agreed to file the entire Recommended Template under seal in this submission, with the understanding that Google will provide reasonable, tailored proposed redactions to Plaintiffs on October 13, 2026. In the event the Parties cannot agree on a redacted version to file on that date, Plaintiffs propose that the Parties file a short Joint Status Report on October 14, 2026, with competing redacted versions if necessary. In either event, the factors set forth in *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980), will be addressed in the filing.

In discussing proposed redactions, Plaintiffs and Google acknowledged the Court's comments during the status conference held on September 18, 2026, regarding potential

over five months of work by Plaintiffs and the TC, including comprehensive contractual analysis; third-party engagement; multiple demand letters to Google seeking relevant information and Google's input on syndication terms; and engaging with Google (including Google technical staff) throughout a five-week review and objection period. The template license further takes into account the practical commercial realities of implementing and enforcing the Court's syndication remedies. *See* ECF No. 1436 at 212 (discussing need to establish "practical workings" of the Final Judgment) [hereinafter Final J. Op.].

The Recommended Template is subject to the terms that the Court ordered the Parties to adopt for Recommendations as set forth in Appendix A to the Parties' Joint Status Report filed on May 20, 2026 ("May 20 JSR Appendix"), ECF Nos. 1520-1, 1521, as well as to the order of operations and timing for Category 2 Recommendations, ECF Nos. 1528-2, 1529.[2] As discussed in Part II below, the Parties have complied with the process provided for in the order of operations and timing for Category 2 Recommendations. Pursuant to that process and the Court's October 6 Minute Order, the Parties will submit a Joint Status Report on outstanding objections to the Court by October 16, 2026.

The May 20 JSR Appendix requires that each Recommendation include at least "a statement clearly presenting the recommendation being made" ("Recommendation Statement") and "a statement regarding the basis for the recommendation" ("Basis Statement"). May 20 JSR

---

Qualified Competitors having access to an unredacted version of the Recommended Template once it is final. Hr'g Tr. 52:12–53:07 (Sept. 18, 2026). Plaintiffs and the TC believe that is a critical next step in the remedies process. Plaintiffs therefore also understand that the Parties will, in advance of any hearing on Google's objections, meet and confer regarding access to an unredacted version of the Recommended Template by potential Qualified Competitors.

[2] "Category 2 Recommendations" has the meaning set forth in the May 20 JSR Appendix.

Appendix ¶ 1. The Recommendation Statement and Basis Statement for the Recommended Template are presented below in Parts III and IV, respectively.

## II. ENGAGEMENT PURSUANT TO THE ORDER OF OPERATIONS

In addition to the input and materials discussed in the Basis Statement below, the attached Recommended Template reflects engagement between Plaintiffs, the TC, and Google over the last five weeks. On August 31, 2026, Plaintiffs and the TC provided a recommendation statement, basis statement, and template license to Google. Under the May 20 JSR Appendix, Google then had the opportunity to request additional information regarding the template license, to the extent such information exists, was provided to the TC, and Google had a good faith belief that such information was necessary to comply with or exercise its right to object under the Final Judgment. ECF Nos. 1520-1, ¶ 6(b). On September 8, 2026, Google submitted approximately 100 requests to Plaintiffs and the TC, as well as requested a live discussion between Google employees and the TC to narrow areas of disagreement and improve Google's factual understanding of the template license.

On September 15, 2026, Plaintiffs and the TC responded to Google's requests for additional information. Thereafter, Google requested three calls between Google employees and the TC on three different categories of topics, which calls were held on September 25 and September 29, 2026.

After the third call on September 29, Google submitted to Plaintiffs and the TC approximately 240 objections across the template license. The Parties held a meet and confer on September 30, 2026, and Plaintiffs and the TC reviewed and considered Google's objections. To the extent Plaintiffs and the TC believed it was appropriate to do so, they updated the template license to address Google's objections. Plaintiffs provided that document, attached here as the Recommended Template, to Google on October 4, 2026. The Parties then held another meet and

confer on October 5, 2026, during which they discussed certain updates made to the template license in response to Google's objections, as well as other objections that Google had provided.

At Google's request, following the October 5 meet and confer, Plaintiffs requested extensions of (1) the deadline to file the Recommendation, Recommended Template, and Google's objections, to October 9, 2026; and (2) the deadline to file the Joint Status Report, to October 16, 2026, which extensions the Court granted. ECF No. 1558; Minute Order dated October 6, 2026. Google advised that the additional time requested would allow it to provide updated objections for Plaintiffs to submit with the Recommendation and Recommended Template.

On October 9, 2026, Google submitted to Plaintiffs and the TC updated objections to the Recommended Template. A copy of those approximately 220 objections is attached hereto as Attachment 2. Consistent with the order of operations, the objections in Attachment 2 "identify any part(s) of the [Recommended Template] as to which an objection remains unresolved" and are "limited to a brief statement for each objection identifying the objection itself." ECF No. 1528-2 at 3. Per the order of operations, the objections "[do] not contain bases or arguments offered in support of the objection, which may be presented in the Joint Status Report."[3] *Id.*

The Parties will continue to meet and confer as appropriate over the next several days and will submit a Joint Status Report on any outstanding objections to the Court by October 16, 2026.

[3] As required by the order of operations, Google's September 29 objections and October 9 updated objections "identif[ied]: (a) the part(s) of the Recommendation to which Google objects; and (b) for each such part, (i) the basis for the objection, and (ii) Google's proposed resolution and the basis therefor." ECF No. 1528-2 at 3. Per the order of operations, Attachment 2 does not include Google's basis and proposed resolution, which Google may present in the forthcoming Joint Status Report.

## III. RECOMMENDATION STATEMENT

Plaintiffs, together with the TC, recommend that the Court adopt the Recommended Template, which is incorporated by reference into this Recommendation Statement, in satisfaction of the Final Judgment's requirement to create and submit template search syndication and Search Text Ads syndication licenses. Final J. §§ V, VI.B.

The Recommended Template is designed as a single, modular syndication license template that addresses both search syndication and Search Text Ads syndication remedies under Sections V and VI.B of the Final Judgment. This combined approach is intended to reflect Google's commercial syndication agreements, many of which include both search syndication and ads syndication, while preserving necessary flexibility for Qualified Competitors (as that term is defined in Section IX.V of the Final Judgment). Under the proposed template, for example, Qualified Competitors may elect to receive all remedial syndication services or only a subset, with terms reflecting the specific syndication services a Qualified Competitor selects. *See* Attach. 1, Ex. B.

The Recommended Template is further intended to maximize the operational efficiency of implementing these licenses. It is drafted to apply equally to any Qualified Competitor, including providers of General Search Engines, Search Text Ads, or GenAI Products. Similarly, the Recommended Template is drafted to effectuate processes related to Qualified Competitor certification, enforcement, and compliance monitoring without needing to amend or modify the template on an ongoing basis. Beyond the terms in the Recommended Template, Google remains entitled to propose additional terms related to Search Text Ads syndication as necessary to guarantee ad quality, protect advertisers, and prevent ad misuse, and Qualified Competitors will remain entitled to reject these proposed additional terms. *See* Final J. § VI.B.11. Plaintiffs additionally propose that Qualified Competitors may negotiate modified or additional terms to

their remedial syndication agreement(s) with Google, so long as (a) Plaintiffs and the TC confirm in advance that such terms comply with the Final Judgment and (b) Google's acceptance or rejection of any terms proposed by Qualified Competitors does not violate the Final Judgment, including the requirement that Google provide syndication licenses to Qualified Competitors on a non-discriminatory basis. *See* Final J. § V.B.3. Plaintiffs' expectation is that Google would accept any edits regarding the Signatory's obligations with respect to Plaintiffs or the TC that do not directly impact Google's obligations pursuant to the agreement.

Under the Final Judgment, the template syndication license must include various terms to foster competition by Qualified Competitors, including terms setting out, e.g.: (1) the pricing and methods for delivering syndication services to Qualified Competitors; (2) the latency, reliability, and performance of syndication made available to Qualified Competitors; (3) the terms over which Qualified Competitors can display, use, and format syndicated search results and Search Text Ads; and (4) the information from Qualified Competitors that Google may receive, retain, and use while providing remedial syndication services to Qualified Competitors. Final J. §§ V, VI.B. Where the Final Judgment sets explicit requirements, those requirements are reflected within the main body of the Recommended Template. Where the Final Judgment demands terms no less favorable than Google's commercial agreements—or explicitly pins terms to Google's commercial agreements, *see* Final J §§ V.B.7, VI.B.6—the Recommended Template is supplemented with appropriate language in exhibits derived from the TC's analysis of Google's commercial syndication agreements, *see, e.g.*, Attach. 1 at Exs. B–C.

The Recommended Template does not presently include a recommended tapering schedule. Under Section V.B.4 of the Final Judgment, Qualified Competitors' use of Google's search syndication must be capped at 40% of annual U.S. queries for the first year, with

syndication in later years subject to a tapering schedule that "will be determined by the Court upon consultation with Plaintiffs and the Technical Committee in a manner that facilitates competition while incentivizing Qualified Competitors to move promptly to become independent of Google." In the Recommended Template, Plaintiffs and the TC have capped syndication at 40% of annual U.S. queries for the first year and propose submitting a supplemental recommendation regarding the syndication tapering schedule at a later date, to be informed by ongoing evaluations of Qualified Competitors' use of remedial syndication licenses within the first year and any additional instructions this Court may provide.

## IV. BASIS STATEMENT

As described below, in developing the Recommended Template, Plaintiffs and the TC affirmatively sought input from Google, as required by Sections V and VI.B of the Final Judgment. Plaintiffs and the TC also reviewed documents and information provided by Google, as well as engaged with third parties. Plaintiffs and the TC further brought to bear the cumulative experience of Plaintiffs in the underlying litigation and of TC Members and TC Staff as professionals working extensively in the industry and in academia for over 20 years.

### A. Input From Google

Pursuant to Section VII.A.7.c of the Final Judgment, the TC sent two demand letters to Google on issues related to search syndication and Search Text Ads syndication. The TC sent the first letter on April 27, 2026, seeking Google's current syndication agreements and documentation of its current syndication services and partners ("Demand Letter #1"). The TC also invited any other input or information that Google wished to provide regarding syndication license terms. In response, Google made a partial production to the TC on May 1, 2026, followed by another partial production on May 8, 2026.

On July 31, 2026, the TC sent Google a second demand letter, seeking documents that remained missing from Google's May productions as well as updated syndication services and agreements ("Demand Letter #2"). As before, the TC invited any other input or information that Google wished to provide regarding syndication license terms, service offerings, or the matters addressed in the letter. Google responded to the TC's July 31 letter on August 14, 2026, as well as submitted Google's own versions of draft template syndication licenses on August 10 and August 19, 2026.

As discussed in Part II *supra*, on August 31, 2026, Plaintiffs and the TC provided a recommendation statement, basis statement, and template license to Google. On September 8, 2026, Google provided a written set of requests for additional information, and Plaintiffs provided responses and additional information to Google on September 15, 2026. In addition, as discussed above, Google requested three calls between Google employees and the TC on three different categories of topics related to the template license, which calls were held on September 25 and September 29, 2026. After receiving Google's objections on September 29, 2026, the Parties also held two meet and confers.

Plaintiffs and the TC developed the Recommended Template based on the syndication agreements Google produced, together with the TC's analysis of the most favorable terms across all available agreements. That analysis identified the best available commercial terms for each provision, from which Plaintiffs and the TC derived terms consistent with this Court's instruction that, with few exceptions, the Recommended Template include terms "no worse than" or "functionally equivalent to" those offered to any other user of Google's search syndication and Search Text Ads products. *See, e.g.*, Final J. §§ V.B.2–3, VI.B.1–2; Final J. Op. at 37–44. In addition, Plaintiffs and the TC relied on information from third parties, the TC's cumulative

expertise, and the requirements of the Final Judgment itself, including explicit terms setting forth what must be included in a remedial syndication license template. *See, e.g.*, Final J. §§ V.A (describing what must be syndicated under the remedial search syndication license); V.B.4 (explicit syndication cap and tapering); VI.B.9 (scope of permitted subsyndication).

As discussed *supra*, Plaintiffs and the TC also reviewed and considered Google's objections to the template license submitted to Google on August 31. The Recommended Template reflects Plaintiffs' and the TC's efforts to address those objections, to the extent they believed it was appropriate to do so.

**B. Material Information Relied Upon**

Pursuant to Paragraphs 1 and 2 of the May 20 JSR Appendix, Plaintiffs and the TC hereby identify the material information relied upon to support the Recommendation Statement, more specifically the terms of the Recommended Template, as follows:

- Final Judgment (ECF No. 1462)
- Final Judgement Opinion (ECF No. 1461)
- Remedies Opinion (ECF No. 1435)
- Protective Order (ECF No. 98)
- GOOG-DOJ-FJ-00000052
- GOOG-DOJ-FJ-00000108
- GOOG-DOJ-FJ-00000142
- GOOG-DOJ-FJ-00000293
- GOOG-DOJ-FJ-00000311
- GOOG-DOJ-FJ-00000348
- Letter from C. Connor (Google) to Technical Committee (Aug. 19, 2026) and accompanying Exhibits 4–6

- Brief Of *Amicus Curiae* Brave Software, Inc. In Support Of Neither Party, filed in Case 1:20-cv-03010-APM (D.D.C.) (ECF No. 1333)

- TC Interview with [redacted]

- TC Interview with [redacted]

- [redacted]

- [redacted]

- Letter from Dr. W. Oels (Ecosia) to Hon. A. Mehta (June 22, 2026) (produced as USDOJ-GOOG-FJ-000020)

- AdBeacon, *Performance Max Just Got Its First Network Controls in Almost Five Years*, https://www.adbeacon.com/performance-max-search-partners-display-network-exclude/ (July 28, 2026)

- Google Ads & Commerce Blog, *We're upgrading Dynamic Search Ads to AI Max*, https://blog.google/products/ads-commerce/dsa-upgrade-to-ai-max-2026/ (Apr. 15, 2026)

- Google AdSense Help, *Ads personalization settings in Google's publisher ad tags*, https://support.google.com/adsense/answer/7670312 (last visited Aug. 29, 2026)

- PPC Land, *Google quietly kills parked domain ads from Search Partner Network*, https://ppc.land/google-quietly-kills-parked-domain-ads-from-search-partner-network/ (last visited Aug. 28, 2026)

- PPC Land, *Google lets some PMax advertisers switch off search partners and display*, https://ppc.land/google-lets-some-pmax-advertisers-switch-off-search-partners-and-display/ (last visited Aug. 28, 2026)

- Search Engine Land, *Google sets AI Max migration timeline for Search campaigns*, https://searchengineland.com/google-sets-ai-max-migration-timeline-for-search-campaigns-485006 (Aug. 14, 20206)

- Search Engine Land, *Google tests Performance Max network controls with new Partners (Alpha) setting*, https://searchengineland.com/google-tests-performance-max-network-controls-with-new-partners-alpha-setting-482469 (July 15, 2026)

- Search Engine Land, *Why you should opt out of Google Search Partners*, https://searchengineland.com/google-search-partners-why-opt-out-481830 (July 8, 2026)

- Search Engine Land, *Google unveils major Search Partner Network update as it removes opt-out option*, https://searchengineland.com/google-search-partner-network-update-control-437948 (Feb. 27, 2024)

Pursuant to Paragraph 2(a) of the May 20 JSR Appendix and as indicated above, copies of the documents provided by [redacted], and Ecosia were produced to Google on August 31, 2026, at the same time that Plaintiffs and the TC provided a recommendation statement, basis statement, and template license to Google.

Also pursuant to Paragraph 2(a) of the May 20 JSR Appendix, the following chart provides a description of the substance of the material third-party information relied upon from the TC interviews referenced above:

| **Source** | **Description of the Substance of the Material Information Relied Upon** |
|---|---|
| TC Interview with [redacted] | * HIGHLY CONFIDENTIAL PURSUANT TO MAY 20 JSR APPENDIX ¶ 4 AND THE PROTECTIVE ORDER * <br>▪ [redacted] <br>▪ [redacted] <br>▪ [redacted] <br>▪ [redacted] <br>▪ [redacted] <br>▪ [redacted] |

| Source | Description of the Substance of the Material Information Relied Upon |
|---|---|
| TC Interview with [redacted] | * HIGHLY CONFIDENTIAL PURSUANT TO MAY 20 JSR APPENDIX ¶ 4 AND THE PROTECTIVE ORDER * <br>▪ [redacted]<br>▪ [redacted]<br>▪ [redacted] |

Although not required, Plaintiffs and the TC also provided Google with the chart below, which reflects the principal material information that was relied upon for certain sections of and exhibits to the Recommended Template. This chart was provided solely as a courtesy to facilitate Google's review of the Recommended Template. As Plaintiffs advised, this chart was not intended to be exhaustive and did not serve to limit or constrain the material information relied upon for any given section of or exhibit to the Recommended Template.

| Recommended Template | Principal Material Information Relied Upon |
|---|---|
| Section 1 – Definitions | Final J. §§ V.A, V.B, VI.B, VII.A.1–3, VII.A.7, VII.C.3, IX<br>Protective Order (ECF No. 98)<br>Rem. Op. at 164, 212<br>GOOG-DOJ-FJ-00000142<br>GOOG-DOJ-FJ-00000311<br>GOOG-DOJ-FJ-00000348 |

| Recommended Template | Principal Material Information Relied Upon |
|---|---|
| | Ltr. from C. Connor to Technical Committee (Aug. 19, 2026) and accompanying Exs. 4–6<br>TC Inter. with [redacted] |
| Section 4 – Search Services Launch, Implementation, and Maintenance | Final J. §§ V.B, VII.A.7, VII.C.3<br>Final J. Op. at 36–37, 42–43<br>Rem. Op. at 99–104, 164, 178, 212<br>GOOG-DOJ-FJ-00000311<br>GOOG-DOJ-FJ-00000348<br>USDOJ-GOOG-FJ-000008<br>TC Inter. with [redacted] |
| Section 5 – Search Text Advertising Services Launch, Implementation, and Maintenance | Final J. § VI.B<br>Final J. Op. at 42<br>Rem. Op. at 164, 212<br>GOOG-DOJ-FJ-00000311<br>GOOG-DOJ-FJ-00000348<br>TC Inter. with [redacted]<br>Articles/web posts from AdBeacon, Google Ads & Commerce Blog, PPC Land, and Search Engine Land |
| Section 6 – Additional Provisions | Final J. §§ V.B, VI.A, VI.B, VII.A.7, VII.C.3, IX<br>Final J. Op. at 9–10, 36–37, 46–47<br>Rem. Op. at 164, 212<br>GOOG-DOJ-FJ-00000142<br>GOOG-DOJ-FJ-00000311<br>GOOG-DOJ-FJ-00000348<br>USDOJ-GOOG-FJ-000008 |
| Exhibit A | Final J. §§ V.A, V.B, VI.B, VII.A.7, VII.C.3, IX<br>Rem. Op. at 164, 212<br>GOOG-DOJ-FJ-00000311<br>GOOG-DOJ-FJ-00000348 |

| **Recommended Template** | **Principal Material Information Relied Upon** |
|---|---|
| | TC Inter. with [redacted] |
| Exhibit B | Final J. §§ V.A, VI.B, VII.A.7, VII.C.2–3<br>Rem. Op. at 164, 212<br>GOOG-DOJ-FJ-00000052<br>GOOG-DOJ-FJ-00000142<br>GOOG-DOJ-FJ-00000293<br>GOOG-DOJ-FJ-00000311<br>GOOG-DOJ-FJ-00000348<br>Ltr. from C. Connor to Technical Committee (Aug. 19, 2026) and accompanying Exs. 4-6<br>Brief Of *Amicus Curiae* Brave<br>USDOJ-GOOG-FJ-000008<br>USDOJ-GOOG-FJ-000020<br>TC Inter. with [redacted]<br>Article/web post from Google AdSense Help |
| Exhibit C | Final J. §§ V.B, VI.B, VII.A.7, VII.C<br>Final J. Op. at 42–43<br>Rem. Op. at 99–104, 164, 212<br>GOOG-DOJ-FJ-00000108<br>GOOG-DOJ-FJ-00000142<br>GOOG-DOJ-FJ-00000348<br>Ltr. from C. Connor to Technical Committee (Aug. 19, 2026) and accompanying Exs. 4–6<br>USDOJ-GOOG-FJ-000001<br>USDOJ-GOOG-FJ-000008<br>USDOJ-GOOG-FJ-000020<br>TC Inter. with [redacted]<br>TC Inter. with [redacted] |

Dated: October 9, 2026

Respectfully submitted,

/s/ Grant M. Fergusson
Claire M. Maddox (D.C. Bar #498356)
Travis R. Chapman (D.C. Bar #90031151)
Danielle G. Hauck
Grant M. Fergusson (D.C. Bar #90004882)
Ryan T. Karr
Emma Waitzman (D.C. Bar # 1738427)

U.S. Department of Justice
Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 549-7155
Claire.Maddox@usdoj.gov
Travis.Chapman@usdoj.gov

*Counsel for Plaintiff United States of America*

By: /s/ Amanda Wentz
Amanda J. Wentz
Assistant Attorney General
Office of the Arkansas Attorney General
101 West Capitol Avenue
Little Rock, Arkansas 72201
Phone: (501) 682-1178
Amanda.Wentz@ArkansasAG.gov

*Counsel for Plaintiff State of Arkansas*

By: /s/ Carolyn D. Jeffries
Rob Bonta, Attorney General
Paula Blizzard, Senior Assistant Attorney General
Michael Jorgenson, Supervising Deputy Attorney General
Brian Wang, Deputy Attorney General
Carolyn D. Jeffries, Deputy Attorney General (DC Bar No. 1600843)
Office of the Attorney General
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Cari.Jeffries@doj.ca.gov

*Counsel for Plaintiff State of California*

By: /s/ Lee Istrail
James Uthmeier, Attorney General
R. Scott Palmer, Special Counsel, Complex Enforcement Chief, Antitrust Division
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

By: /s/ Charles Thimmesch
Christopher Carr, Attorney General
Logan B. Winkles, Deputy Attorney General
Ronald J. Stay, Jr., Senior Assistant Attorney General
Charles Thimmesch, Senior Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

By: /s/ Jesse Moore
Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and Director, Consumer Protection Division
Jesse Moore, Deputy Attorney General
Christi Foust, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Jesse.Moore@atg.in.gov

*Counsel for Plaintiff State of Indiana*

By: /s/ Jonathan E. Farmer
Russell Coleman, Attorney General
J. Christian Lewis, Commissioner of the Office of Consumer Protection
Philip R. Heleringer, Executive Director of the Office of Consumer Protection
Jonathan E. Farmer, Deputy Executive Director of the Office of Consumer Protection
Office of the Attorney General, Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*

By: /s/ Asyl Nachabe
Liz Murrill, Attorney General
Asyl Nachabe, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
909 Poydras St. Suite 1850
New Orleans, LA 70112
(225) 326-6435
NachabeA@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

By: /s/ Scott Mertens
Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

By: /s/ Alison Esbeck
Alison Esbeck
Assistant Attorney General
Missouri Attorney General's Office
815 Olive Street | Suite 200
Saint Louis, Missouri 63101
Alison.esbeck@ago.mo.gov
Phone: 314-340-4977

*Counsel for Plaintiff State of Missouri*

By: /s/ Anna Schneider
Anna Schneider
Special Assistant Attorney General, Senior Counsel,
Montana Office of Consumer Protection
P.O. Box 200151
Helena, MT 59602-0150
Phone: (406) 444-4500
Anna.schneider@mt.gov

*Counsel for Plaintiff State of Montana*

By: /s/ Mary Frances Jowers
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney General
C. Havird Jones, Jr., Senior Assistant Deputy Attorney General
Mary Frances Jowers, Assistant Deputy Attorney General
Office of the Attorney General
State of South Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
mfjowers@scag.gov

*Counsel for Plaintiff State of South Carolina*

By: /s/ Diamante Smith
Ken Paxton, Attorney General
Brent Webster, First Assistant Attorney General
Ralph Molina, Deputy First Assistant Attorney General
William D. Wassdorf, Deputy Attorney General for Civil Litigation
Thomas York, Division Chief, Antitrust Division
Diamante Smith, Assistant Attorney General, Antitrust Division
Office of the Attorney General, State of Texas
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1162
Diamante.Smith@oag.texas.gov

*Counsel for Plaintiff State of Texas*

By: /s/ Caitlin M. Madden
Joshua L. Kaul, Attorney General
Caitlin M. Madden, Assistant Attorney General
Wisconsin Department of Justice
17 W. Main St.
Post Office Box 7857
Madison, Wisconsin 53707-7857
caitlin.madden@Wisconsin.gov

*Counsel for Plaintiff State of Wisconsin*

PHILIP WEISER
Attorney General of Colorado

/s/ Jonathan B. Sallet
Jonathan B. Sallet, DC Bar No. 336198
Steven M. Kaufmann
Elizabeth W. Hereford
Conor J. May
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
E-Mail: Jon.Sallet@coag.gov
Steve.Kaufmann@coag.gov
Elizabeth.Hereford@coag.gov
Conor.May@coag.gov

*Counsel for Plaintiff State of Colorado*

MIKE HILGERS
Attorney General of Nebraska

Justin C. McCully, Assistant Attorney General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
E-Mail: Justin.mccully@nebraska.gov

*Counsel for Plaintiff State of Nebraska*

KRISTIN K. MAYES
Attorney General of Arizona

Robert A. Bernheim, Unit Chief Counsel
Jayme Weber, Senior Litigation Counsel
Arizona Office of the Attorney General
400 West Congress, Ste. S-215
Tucson, Arizona 85701
Telephone: (520) 628-6507
E-Mail: Robert.Bernheim@azag.gov
Jayme.Weber@azag.gov

*Counsel for Plaintiff State of Arizona*

BRENNA BIRD
Attorney General of Iowa

Noah Goerlitz, Assistant Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St., 2nd Floor
Des Moines, IA 50319
Telephone: (515) 725-1018
E-Mail: Noah.goerlitz@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

LETITIA JAMES
Attorney General of New York

Elinor R. Hoffmann
Morgan J. Feder
Michael D. Schwartz
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8513
E-Mail: Elinor.hoffmann@ag.ny.gov
Morgan.feder@ag.ny.gov
Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff State of New York*

JEFF JACKSON
Attorney General of North Carolina

Kunal Janak Choksi
Joshua Daniel Abram
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6000
E-Mail: kchoksi@ncdoj.gov
jabram@ncdoj.gov

*Counsel for Plaintiff State of North Carolina*

JONATHAN SKRMETTI
Attorney General of Tennessee

J. David McDowell
Austin Ostiguy
Tyler Corcoran
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 741-8722
E-Mail: David.McDowell@ag.tn.gov
austin.ostiguy@ag.tn.gov
Tyler.Corcoran@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*

DEREK E. BROWN
Attorney General of Utah

Marie W.L. Martin, Division Director
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 140811
Salt Lake City, Utah 84114
Telephone: (801) 440-9825
E-Mail: mwmartin@agutah.gov

*Counsel for Plaintiff State of Utah*

STEPHEN J. COX
Attorney General of Alaska

Jeff Pickett
Senior Assistant Attorney General
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5275
E-Mail: Jeff.pickett@alaska.gov

*Counsel for Plaintiff State of Alaska*

WILLIAM TONG
Attorney General of Connecticut

Nicole Demers
Office of the Attorney General of Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Telephone: (860) 808-5202
E-Mail: Nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

KATHLEEN JENNINGS
Attorney General of Delaware

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
E-Mail: Michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*

BRIAN SCHWALB
Attorney General of the District of Columbia

Elizabeth Gentry Arthur
Office of the Attorney General for the District of Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 724-6514
E-Mail: Elizabeth.arthur@dc.gov

*Counsel for Plaintiff District of Columbia*

DOUGLAS MOYLAN
Attorney General of Guam

Norman Lee Miller, Jr.
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901

Tamuning, Guam 96913
Telephone: (671) 475-2710
E-Mail: nmillerjr@oagguam.org

*Counsel for Plaintiff Territory Guam*

ANNE E. LOPEZ
Attorney General of Hawai‘i

Rodney I. Kimura
Department of the Attorney General, State of Hawai‘i
425 Queen Street
Honolulu, HI 96813
Telephone (808) 586-1180
E-Mail: Rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff State of Hawai‘i*

RAÚL LABRADOR
Attorney General of Idaho

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. Jefferson St., 2nd Floor
P.O. Box 83720
Boise, ID 83720
Telephone: (208) 332-3549
E-Mail: John.olson@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

KWAME RAOUL
Attorney General of Illinois

Elizabeth Maxeiner
Brian Yost
Jennifer Coronel
Office of the Attorney General of Illinois
115 S. LaSalle St.
Chicago, IL 60603
Telephone: (773) 590-7935
E-Mail: Elizabeth.maxeiner@ilag.gov
Brian.yost@ilag.gov
Jennifer.coronel@ilag.gov

*Counsel for Plaintiff State of Illinois*

KRIS W. KOBACH
Attorney General of Kansas

Christopher Teters
Kansas Office of the Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612
Telephone: (785) 296-3751
E-Mail: chris.teters@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

AARON M. FREY
Attorney General of Maine

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
August, ME 04333
Telephone: (207) 626-8800
E-Mail: Christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

ANTHONY G. BROWN
Attorney General of Maryland

Schonette J. Walker
Melissa English
Office of the Attorney General of Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Telephone: (410) 576-6480
E-Mail: swalker@oag.state.md.us
menglish@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

ANDREA CAMPBELL
Attorney General of Massachusetts

Jennifer E. Greaney

Office of the Attorney General of
Massachusetts
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2981
E-Mail: Jennifer, greaney@mass.gov

*Counsel for Plaintiff Commonwealth of Massachusetts*

KEITH ELLISON
Attorney General of Minnesota

Zach Biesanz
Senior Enforcement Counsel
Office of the Minnesota Attorney General
Antitrust Division
445 Minnesota Street, Suite 600
St. Paul, MN 55101
Telephone: (651) 757-1257
E-Mail: Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

AARON D. FORD
Attorney General of Nevada

Michelle C. Badorine
Lucas J. Tucker
Nevada Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
Telephone: (775) 684-1164
E-Mail: mbadorine@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

JOHN FORMELLA
Attorney General of New Hampshire

Brandon Garod
Office of Attorney General of New
Hampshire
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-1217
E-Mail: Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff State of New Hampshire*

JENNIFER DAVENPORT
Acting Attorney General of New Jersey

Yale A. Leber
Abiola G. Miles
Deputy Attorneys General
New Jersey Attorney General's Office
25 Market Street, P.O. Box 106
Trenton, NJ 08625
Telephone: (609) 376-2383
E-Mail: Yale.Leber@law.njoag.gov
Abiola.Miles@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

RAÚL TORREZ
Attorney General of New Mexico

Judith E. Paquin Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney
General
408 Galisteo St.
Santa Fe, NM 87504
Telephone: (505) 490-4885
E-Mail: jpaquin@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff State of New Mexico*

DREW WRIGLEY
Attorney General of North Dakota

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust
Division
Office of the Attorney General of North
Dakota
1720 Burlington Drive, Suite C

Bismarck, ND 58504
Telephone: (701) 328-5570
E-Mail: ealm@nd.gov

*Counsel for Plaintiff State of North Dakota*

DAVID YOST
Attorney General of Ohio

Beth Ann Finnerty, Section Chief, Antitrust
Sarah Mader, Assistant Attorney General, Antitrust
Office of the Attorney General of Ohio
30 E Broad Street, 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
E-Mail: Beth.Finnerty@ohioago.gov
Sarah.Mader@ohioago.gov

*Counsel for Plaintiff State of Ohio*

GENTNER DRUMMOND
Attorney General of Oklahoma

Cameron R. Capps
Office of the Oklahoma Attorney General
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-0858
E-Mail: Cameron.capps@oag.ok.gov
*Counsel for Plaintiff State of Oklahoma*

DAN RAYFIELD
Attorney General of Oregon

Gina Ko, Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (503) 934-4400
E-Mail: Gina.Ko@doj.oregon.gov

*Counsel for Plaintiff State of Oregon*

DAVID W. SUNDAY, JR.
Attorney General of Pennsylvania

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
E-Mail: jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of Pennsylvania*

LOURDES L. GÓMEZ TORRES
Secretary of Justice

TANIA L. FERNÁNDEZ-MEDERO
Assistant Secretary of Justice

SAMUEL WISCOVITCH-CORALI
Deputy Undersecretary

Pablo Tufiño-Soto
Senior Attorney
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Telephone: (787) 721-2900, Ext. 1205
E-Mail: ptufino@justicia.pr.gov

*Counsel for Plaintiff Territory Puerto Rico*

PETER NERONHA
Attorney General of Rhode Island

Stephen Provazza
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
E-Mail: SProvazza@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

MARTIN J. JACKLEY
Attorney General of South Dakota

Yvette K. Lafrentz
Office of the Attorney General of South Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
E-Mail: Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff State of South Dakota*

CHARITY R. CLARK
Attorney General of Vermont

Christopher J. Curtis, Assistant Attorney General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
Telephone: (802) 828-3170
E-Mail: christopher.curtis@vermont.gov
*Counsel for Plaintiff State of Vermont*

JAY JONES
Attorney General of Virginia

Tyler T. Henry
Senior Assistant Attorney General
Antitrust Unit
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Telephone: (804) 692-0485
E-Mail: thenry@oag.state.va.us

*Counsel for Plaintiff State of Virginia*

NICHOLAS W. BROWN
Attorney General of Washington

Amy N.L. Hanson
Senior Managing Assistant Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-5419
E-Mail: Amy.hanson@atg.wa.gov

*Counsel for Plaintiff State of Washington*

JOHN B. McCUSKEY
Attorney General of West Virginia

Douglas Lee Davis
Office of the Attorney General, State of West Virginia
1900 Kanawha Boulevard East
Building 6, Suite 401
P.O. Box 1789
Charleston, WV 25305
Telephone: (304) 558-8986
E-Mail: Douglas.l.davis@wvago.gov

*Counsel for Plaintiff State of West Virginia*

KEITH KAUTZ
Attorney General of Wyoming

William T. Young
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
Telephone: (307) 777-7847
E-Mail: William.young@wyo.gov

*Counsel for Plaintiff State of Wyoming*