# Exhibit 9

[redacted]

LAW OFFICES
WILLIAMS & CONNOLLY LLP®
680 MAINE AVENUE SW
WASHINGTON, DC 20024
202.434.5000
WWW.WC.COM

COLETTE T. CONNOR
(202) 434-5170
cconnor@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

September 29, 2026

**Via Email**

Claire Maddox
U.S. Department of Justice
450 Fifth Street N.W.
Washington, D.C. 20530
claire.maddox@usdoj.gov

Remedies Technical Committee, Inc.
tc@remediestc.org

Re: ***United States, et al. v. Google LLC*, No. 20-cv-3010-APM (D.D.C.) & *State of Colorado, et al. v. Google LLC*, No. 20-cv-3715-APM (D.D.C.)**

Dear Counsel and Technical Committee Members,

Please find attached Google's list of objections to your proposed search and search ads syndication license template. The objections contained in the attached chart specify the terms of your proposed license to which Google objects, the basis for the objection, and Google's proposed resolution. As an overarching matter, Google objects to the use of your proposed template as a whole because its structure is entirely inconsistent with any of Google's current syndication agreements. Such expansive changes to Google's syndication agreements were not contemplated by the Final Judgment. In addition, the changes create unnecessary ambiguity as to the parties' obligations.[1] For the avoidance of doubt, where Google agrees to adopt your proposed language in the attached chart, Google is agreeing to incorporate your language into Google's search or search text ad syndication template agreements transmitted to the Technical Committee on August 10.

---

[1] *See* ECF No. 1461, Court's December 5, 2025 Opinion, at 38 ("The court's overarching point was that the terms of a syndication license should not be unmoored from commercial realities already in place.").

[redacted]

WILLIAMS & CONNOLLY LLP®



Our objections are grouped into several categories for ease of reading. The categories are as follows:

- Conflicts with MFN Term: This objection indicates that the term is not consistent with any of Google's existing syndication agreements.

- Contradicts FJ IP Protections: This objection indicates that the term contravenes the Final Judgment's language allowing Google to retain its ordinary course IP protections.

- Unsupported by Google Technology: This objection indicates that the term would require Google to build a new product or substantially re-engineer existing technology to comply with the proposed term.

- Unsupported by Google's Administrative Processes: This objection indicates that the term would require a change to Google's processes that would affect multiple teams and create an administrative burden, delaying services to the Qualified Competitors.

- Advertiser Harm: This objection indicates that inclusion of the term would cause detrimental harm to Google's advertisers.

- Drafting Issue - Substantive: This objection indicates that the term creates an unacceptable ambiguity or internal conflict within the agreement.

- Drafting Issue - Minor: This objection indicates that Google's suggested change to the term is for additional clarity.

- Unclear Obligation: This objection indicates that the term creates an unacceptable ambiguity in what is required of Google to comply.

The attached chart does not include Google's objections with respect to the local/maps search features agreement terms. As Google explained during the September 25, 2026 meeting with Jesse Adkins, Yael Maguire, and the Technical Committee, Google's Websearch Syndication ("WSS") product returns 10 blue links in response to local queries, and does not return a local unit (beyond limited Knowledge Panel content pertaining to some local entities, which does not include third-party content) or a map. If Plaintiffs and the TC agree that this feature set satisfies the Final Judgment's requirement that Google provide the "Local, Maps, … and Knowledge Panel Search Feature content that Google provides under any of its current search syndication agreements as of the date of entry of this Final Judgment," we request that you confirm that this is your position. To the extent that Plaintiffs and the TC believe that the Final Judgment requires Google to provide local/maps content beyond the content included in its Search syndication products (e.g., ProSE and WSS), Google proposes providing Qualified

[redacted]

Competitors with the particular Google Maps Platforms ("GMP") APIs[2] in its August 19, 2026 submission to the Technical Committee, and for which Google provided separate template agreements, modified to conform with the terms of the Final Judgment (*see* Exhibits 4, 5, and 6 to Google's August 19 correspondence). These GMP APIs are entirely separate from Google's search syndication services: they are in separate product portfolios (with the GMP APIs being offered through Google Cloud); they use different technology stacks; and they have separate pricing and commercial terms (including different standards for latency and reliability). As Dr. Maguire explained, the terms for the GMP APIs are inseparable from the products because the terms define how the products may be used, are based on the products' unique technical functionality, and account for the reliance of the GMP products on third-party licensed content. To the extent that your template is intended to govern access to the GMP APIs, Google objects to your template in its entirety because your search syndication license template would impose an entirely different contractual structure and does not incorporate any of the existing terms from the GMP API agreements.

We look forward to discussing with you on our meet and confers scheduled for tomorrow, September 30 and Monday, October 5. If you have any questions or requests for clarification in the meantime, please let us know.

Sincerely,

*/s/ Colette T. Connor*

Colette T. Connor

[2] Google proposed the following Google Maps Product APIs: Places UI Kit Query, Places UI Kit Pro, Dynamic Maps, and Maps SDK.

[redacted]