# Exhibit 11

[redacted]

**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20530*

October 8, 2026

Colette Connor
Williams & Connolly LLP
680 Maine Ave SW
Washington, DC 20024

Re: *United States et al. v. Google LLC*, 1:20-cv-03010-APM (D.D.C.)

Dear Colette:

We write in response to the questions Google posed during our meet and confer on October 5, 2026, regarding the syndication license template required under Sections V and VI.B of the Final Judgment ("Recommended Template").

As you know, under the order of operations applicable to the Recommended Template, the deadline for Google to request additional information regarding the template was September 8, 2026. Setting aside whether Google's October 5 questions are timely, Plaintiffs have in good faith considered each question. To facilitate submission of the Recommended Template and attempt resolution of outstanding disputes, we have transmitted several of your questions[1] to the TC, and we list responses below. As to your general question regarding the extension of syndication remedies to Qualified Competitors offering GenAI Products, we will address that question under separate cover. Please note that, in responding to any given question, Plaintiffs and the TC do not concede, nor should any response be construed as conceding, that the question itself is appropriate or that Plaintiffs and the TC are required to respond.

**Question 1:** For Section 6.5.c of the Recommended Template, are Plaintiffs and the TC amenable to static volume thresholds for increases in Monthly Forecasts rather than percentage-based thresholds?

*Response:* The TC believes the percentage-based thresholds are appropriate.

**Question 2:** Are Plaintiffs and the TC amenable to imposing on Qualified Competitors the [redacted]?

[1] As these questions were discussed in the meet and confer dated October 5, 2026, we do our best to paraphrase the questions in this letter.

*Response:* The TC views Google's proposed [redacted] as neither required nor favorable to Qualified Competitors.

**Question 3:** For Exhibit A Section 3 of the Recommended Template, do Plaintiffs and the TC contemplate Google being able to review Sites, Client Applications, Syndicated Sites, and Syndicated Applications, or just implementations of the Search Services and Search Text Advertising Services on those Sites, Client Applications, etc.?

*Response*: Yes, Plaintiffs and the TC are willing to permit Google to review Sites, Client Applications, etc., as well as implementations of the Services on those Sites, Client Application, etc., under Exhibit A Section 3. Any Google review of Sites, Client Applications, etc., must still comply with the Recommended Template, including all notice and objection procedures set forth Exhibit A Section 3.

**Question 4:** For Exhibit B Section 3 of the Recommended Template, do Plaintiffs and the TC intend to prohibit Google from requiring Qualified Competitors to provide [redacted]?

*Response:* At this time, the TC understands that, under [redacted] Plaintiffs and the TC do not believe Google may [redacted].

**Question 5:** Are Plaintiffs and the TC amenable to including contract language requiring Search Text Ads be displayed in a single continuous block?

*Response:* Plaintiffs and the TC are willing to require that Qualified Competitors display Search Text Ads in the order that they were received. Plaintiffs and the TC do not believe other restrictions on this point, including Google's proposed language, are required by the Final Judgment.

**Question 6:** Are Plaintiffs and the TC amenable to including contract language requiring that a Qualified Competitor display all Search Text Ads received after submitting a Request?

*Response:* Plaintiffs and the TC view the Recommended Template as requiring a Qualified Competitor to display up to, but not exceeding, the number of Search Text Ads requested.

**Question 7:** For Exhibit B Section 2.2.b of the Recommended Template, are Plaintiffs and the TC amenable to allowing Google to [redacted]?

*Response:* Plaintiffs and the TC are willing to permit Google to [redacted] in Exhibit B Section 2.2.b. However, Plaintiffs and the TC oppose Google's proposed language insofar as [redacted] may be determined by Google without validation or

oversight. As set forth in Exhibit B Section 2.2.a, Google's [redacted]

**Question 8:** For Exhibit C Section 5.1.k of the Recommended Template, are Plaintiffs and the TC amenable to extending the restriction on monetizing Image Search results to Video Search Feature content?

*Response:* The TC understands Google's concern but lacks information to verify Google's claims regarding the monetization of Video Search Feature content at this time. If Google's assertions on this issue are accurate, Plaintiffs and the TC are willing to extend the restriction on monetizing Image Search results to Video Search Feature content. By extending this restriction, Plaintiffs and the TC do not waive any objection to otherwise treating Video Search Feature content differently from other Search Feature content.

**Question 9:** For Exhibit C Section 4.2 of the Recommended Template, are Plaintiffs and the TC amenable to extending the response and/or resolution times for Severity Errors?

*Response:* The TC believes its proposed response and resolution times under Exhibit C Section 4.2 are appropriate. However, in an attempt to resolve any outstanding disputes on this issue, Plaintiffs and the TC are willing to consider Service restoration language in Exhibit C Section 4.2 in lieu of the present language surrounding response and resolution times, such as "Google shall restore the applicable Service(s), by permanent fix or reasonable workaround, within four (4) hours of Google becoming aware of a Severity 1 Error or within twenty-four (24) hours of Google becoming aware of a Severity 2 Error, with such time running continuously until Signatory confirms restoration."

To the extent Google intends to raise an objection related to the responses and proposed resolutions described in this letter, please provide your objection(s), the bases for such objection(s), and any proposed resolution(s) by Google no later than Friday, October 9.

Sincerely,

*/s/ Grant M. Fergusson*
Grant M. Fergusson