**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

# PLAINTIFFS' THIRD STATUS REPORT AS TO THE ENFORCEMENT OF AND GOOGLE'S COMPLIANCE WITH THE FINAL JUDGMENT

Pursuant to the Court's request at the hearing held on September 18, 2026, Hr'g Tr. 59:03–11 (Sept. 18, 2026), and the Minute Entry of that same date, Plaintiffs in the above-captioned cases jointly file this Status Report.[1]

[1] Unless otherwise stated, all references to "sections" herein are to sections of the Final Judgment.

# I. INTRODUCTION

Section VII.E requires Plaintiffs, with input from the Technical Committee ("TC"), to file a status report within 90 days of the Effective Date of the Final Judgment to update the Court "as to the enforcement of and Google's compliance with this Final Judgment," with additional status reports due on future dates to be set by the Court. ECF No. 1462, § VII.E [hereinafter "Final J."]. Plaintiffs filed the first such report on May 4, 2026 ("First Status Report"). ECF No. 1512. The second status report was filed on September 17, 2026 ("Second Status Report"). ECF No. 1552.

Part II below provides an update on TC Operations. Part III describes ongoing efforts by Plaintiffs and the TC to implement and enforce the Final Judgment. Part IV describes Google's compliance with the Final Judgment to date, which also reflects information provided by Google's counsel and efforts by Plaintiffs and the TC to monitor Google's compliance.

# II. UPDATE ON TC OPERATIONS

Since the Second Status Report, the TC has continued building out its operations and organization such that it can carry out its obligations under the Final Judgment.

## A. Insurance and Indemnification

Since the last Status Conference, held on October 30, 2026, the Parties and the TC's legal and insurance teams have consistently engaged to address outstanding issues relating to TC indemnification and insurance. *See* ECF No. 1573 at 2–3. The first meet and confer was held on October 30, 2026. Following that call, on November 2 and November 3, 2026, the TC's legal and insurance teams gathered additional information and provided Google with an updated proposal regarding matters relating to indemnification, including insurance quotes and proposed language amending the TC Members' Indemnification Agreement. The Parties and the TC's legal and insurance teams then met and conferred on November 3, 2026, to discuss the updated proposal.

On November 4, 2026, Google provided a counterproposal regarding insurance for TC Members and TC Staff as well as spoke with the TC's legal team regarding the same. On November 5, 2026, Google provided a counterproposal regarding adjustments to the TC Members' Indemnification Agreement.

On November 6, 2026, in response to Google's requests, the TC's legal and insurance teams provided Google with policy documents for the various lines of insurance coverage. The legal team further responded to Google's counterproposal on the TC Members' Indemnification Agreement, accepting almost all of Google's proposed changes. On November 9, 2026, Google responded and requested additional information regarding the insurance policies, which the TC's legal and insurance teams are reviewing.

As noted in the Joint Status Report filed on November 6, 2026, the Parties appear close to reaching agreement on all outstanding disputes relating to TC insurance and amendments to the TC Member Indemnification Agreements. ECF No. 1573 at 2. The Parties are continuing to confer to reach agreement on these issues and will provide a further status update on this topic on Friday, November 13, 2026, at which time the Parties will notify this Court if further guidance or assistance is necessary.

### B. TC Budget and Recent Hiring

The TC has been actively planning for its next fiscal year, which will begin on February 1, 2027. To that end, the TC submitted its proposed annual budget for the 2027-2028 fiscal year to Plaintiffs, who in turn reviewed and conferred with the TC regarding the same. On October 30, 2026, Plaintiffs approved the budget ("Approved Annual Budget"), and the TC provided Google a copy of the Approved Annual Budget and related invoice. Pursuant to the Parties' previous discussions, Plaintiffs and the TC understand that if Google has any objections

to the Approved Annual Budget, Google will provide those objections to Plaintiffs and the TC in writing by November 16, 2026, and will notify the Court of its intent to raise any outstanding objections on November 30, 2026, with a proposal to file a Joint Status Report on such issues on December 7, 2026.

With respect to staffing, pursuant to the TC's staffing plan, the TC has continued to hire new personnel progressively across the current fiscal year to meet the TC's needs as workloads increase and Plaintiffs and the TC progress in implementing the remedies.

**C. Source Code Agreement, Access, and Supplemental Protective Order**

The Final Judgment provides that "[t]he TC shall have access to Google's source code and algorithms, subject to a confidentiality agreement, as approved by Plaintiffs" ("Source Code Agreement"). Final J. § VII.A.7.d. On September 16, 2026, following an extensive meet and confer process, the Parties submitted to the Court a Joint Status Report setting forth their outstanding disputes on the draft agreement. ECF No. 1549. On September 18, 2026, the Court held a hearing on those disputes, after which the Parties were able to resolve the issues and finalize the Source Code Agreement. Minute Entry dated Sept. 18, 2026; ECF No.1555. As of October 1, 2026, all five of the TC Members had signed the Source Code Agreement.

Pursuant to the Source Code Agreement, Google is to provide access to certain Google Highly Sensitive Information ("GHSI") through Google-managed Chromebook computers. ECF No. 1555-1 at § 3.2. More specifically, Google has created a new remote environment especially for the TC, which can be accessed by siloed Chromebooks provided by Google.

The TC Members have received their individual Chromebooks. Additional steps are necessary before the TC and staff can access GHSI, including but not limited to the algorithms and user data. To be operational, the remote environment needs to be loaded with material that

will enable the TC to access certain Google data, code, and programs. During the September 18 hearing, the Court inquired as to Google giving the TC a "tour" of Google's network, so that the TC could see what types of information may be available. Hr'g Tr. 29:19–30:14, 54:07–19 (Sept. 18, 2026). On October 7, 2026, Google sent a letter to the TC advising that Google was in the process of arranging "tours" of various Google systems and technical documentation. The letter further requested that the TC identify what data or code the TC believes it must inspect to perform its duties under the Final Judgment, as well as the types of exercises the TC intends to undertake to analyze or otherwise work with that information, so that Google may identify the appropriate programs to make available.

On October 28, 2026, the TC provided a comprehensive response, proposing multiple structured technical sessions and identifying the data, code, and documentation the TC needs to inspect. The TC further identified the types of exercises that it intends to undertake as well as the tools those exercises require. Also on October 28, the TC sent a separate letter requesting that Google arrange a virtual meeting or series of meetings during which Google engineers could guide the TC Members through various identified tasks, using the Chromebooks provided by Google and the services accessible through them. The letter further made clear that the sessions must enable the TC Members to execute the tasks themselves, rather than solely observe demonstrations performed by Google engineers.

At Google's request, on November 3, 2026, a call was held between the TC, Google's outside and in-house counsel, and Google's point of contact for the TC for Chromebooks, to discuss the requests in the TC's October 28 letters. During that call, Google requested additional meetings to clarify the TC's requests for six systems tours. The first clarification meeting and the first of seven tours occurred on November 9, 2026.

In addition to the SCA, Google proposed entering a Supplemental Protective Order ("SPO") to further safeguard GHSI, pursuant to a request made under paragraph 27 of the existing Protective Order, ECF No. 98. The Parties are negotiating the contours of an SPO, which is critical for continuing progress in implementing the remedies. Following their most recent meet and confer on November 10, 2026, the Parties appear close to agreement. To the extent they are unable to resolve any remaining disputes, the Parties will seek the Court's assistance.

### D. TC Website

In furtherance of Sections VII.C.3 (TC complaint submissions) and IX.V (Qualified Competitor certification) of the Final Judgment, the TC is developing a website to provide third parties with public information regarding this Court's remedies, as well as to implement processes for contacting the TC with inquiries, complaints, or other submissions. The initial release of the TC's website is now live at https://remediestc.org. This TC website currently includes public information regarding this Court's remedies and a streamlined contact form for messaging the TC. Plaintiffs and the TC expect that this website will be updated periodically to reflect updates relating to the implementation of the Final Judgment, including processes for submitting complaints to the TC and applying to become a Qualified Competitor.

## III. IMPLEMENTING THE FINAL JUDGMENT'S REMEDIES

### A. Syndication Remedies (Sections V and VI.B)

Sections V.B and VI.B require Plaintiffs and the TC, with input from Google, to create and submit to the Court template search syndication and Search Text Ads[2] syndication licenses ("Recommended Syndication Template"). After an objection period previously agreed upon by

[2] The term "Search Text Ads" is defined in Section IX.Y of the Final Judgment.

the Parties, *see* ECF No. 1528-1 at 2–4, Plaintiffs submitted the Recommended Syndication Template to the Court on October 9, 2026, which reflected Plaintiffs' and the TC's consideration of Google input, as well as the TC's expertise and analysis of Google's commercial syndication agreements and terms in alignment with the Final Judgment. ECF Nos. 1559, 1559-1. On October 16, 2026, the Parties submitted a Joint Status Report regarding the Recommended Syndication Template and Google's outstanding objections thereto. ECF No. 1562.

The Court then held a hearing on October 30, 2026, during which this Court requested (1) additional information from the TC regarding the use of syndicated search results within GenAI Products and the pricing of remedial syndication services and (2) a status update from the Parties regarding any remaining disputes relating to the Recommended Syndication Template. Hr'g Tr. 102:7–17, 103:4–104:2, 105:8–15 (Oct. 30, 2026). On November 6, 2026, the Parties provided an interim status update regarding the Recommended Syndication Template and proposed submitting a further update on November 16, 2026. ECF No. 1573.

Plaintiffs and the TC are working diligently to provide this Court with additional information responsive to its technical and pricing questions. *See* Hr'g Tr. 103:4–104:2 (Oct. 30, 2026). Plaintiffs expect to submit the TC's responses regarding the use of syndication within GenAI Products later this week. Given the time needed to compile additional information responsive to this Court's pricing questions, including information provided by third parties, Plaintiffs expect to submit the TC's responses to those questions on a later date this month. *See id.* at 103:4–104:12.

In parallel, Plaintiffs and the TC are working expeditiously to address Google's outstanding objections to the Recommended Syndication Template while ensuring the Recommended Syndication Template remains in compliance with the Final Judgment and this

Court's envisioned purpose of the syndication remedies. *See* Hr'g Tr. 5:6–23 (Oct. 30, 2026) (articulating purpose of providing a "bridge for [Q]ualified [C]ompetitors to provide quality query results that they, in their present state, didn't have the capability of doing"). Plaintiffs are hopeful that the Parties will be able to resolve many of Google's objections within the month of November, such that a version of the Recommended Syndication Template can be finalized in December. However, Plaintiffs expect that certain disputes regarding the Recommended Syndication Template may remain following further conferrals between the Parties. The Parties will provide this Court with a further status update regarding the timeline for implementing a version of the Recommended Syndication Template next Monday, November 16, 2026.

**B. Data Sharing License Template (Section IV)**

Pursuant to Section IV.B, Google is required to make certain Web Search Index and User-side Data available to Qualified Competitors.[3] To that end, Section IV.C.3 requires Plaintiffs and the TC, with input from Google, to create and submit to the Court a template license governing the use of data shared pursuant to Section IV ("Recommended Data Sharing Template"). Plaintiffs and the TC provided Google the Recommended Data Sharing Template on September 21, 2026, along with the Recommendation Statement and Basis Statement. Google sent Plaintiffs and the TC their objections on October 20, 2026. Plaintiffs and the TC are continuing to revise the template based on Google's objections and subsequent meet and confers with Google. Plaintiffs intend to send an updated version of the Recommended Data Sharing Template to Google on November 12, 2026. Pursuant to the Court's Minute Order entered on

[3] The Terms "Qualified Competitor" and "User-side Data" are defined in Sections IX.V and IX.EE, respectively.

October 27, 2026, the Parties will file the Recommended Data Sharing Template with the Court on November 16, 2026, and will submit a Joint Status Report on November 23, 2026.

### C. Qualified Competitor Certification (Section IX.V)

To benefit from the Court's syndication and data sharing remedies, an entity must become a Qualified Competitor under the Final Judgment. To do that, the entity must: (1) meet Plaintiffs' approved data security standards, as recommended by the TC; (2) agree to regular data security and privacy audits by the TC; (3) make a sufficient showing to Plaintiffs, in consultation with the TC, of a plan to invest and compete in or with the general search engine and/or Search Text Ads markets; and (4) pose no risk to the national security of the United States. *See* Final J. § IX.V.

Plaintiffs and the TC continue to develop the procedures for certifying Qualified Competitors. Such procedures will include, for example, determining the certification criteria, creating the application process, identifying the information that must be provided and how it will be evaluated, and developing processes for managing Qualified Competitor audits. As referenced in Part II.D *supra*, Plaintiffs and the TC expect to update the TC's website at the appropriate time with information regarding the Qualified Competitor process.

### D. Search Text Ads Auction Remedy (Section VI.A)

Under the Final Judgment, "Plaintiffs [must] submit a proposal to the Court, informed by the [TC]'s views, by which Google [must] periodically provide [to] the [TC] and Plaintiffs a report outlining all changes to its Search Text Ads auction meeting certain parameters and, for each change (1) Google's public disclosure of that change or (2) a statement why no public disclosure is necessary." Final J. § VI.A.

As discussed in Plaintiffs' Second Status Report, the TC cannot fulfill its obligations under Section VI.A without access to data from Google's Search Text Ads auction. ECF

No. 1552 at 14. In one of its demand letters sent to Google on October 28, 2026, regarding the tours of Google's systems, the TC described its request for materials and tours related to Google's Search Text Ads auctions. Please see Part II.C *supra* regarding those efforts. The TC will continue to seek additional information related to the Search Text Ads auction remedy.

### E. Data Privacy Safeguards

Contemporaneous with developing the Recommended Syndication Template and Recommended Index and Data Sharing Template, the TC has been developing protocols for handling User-side Data and other security safeguards.

To continue making meaningful progress in these data privacy initiatives, however, the TC must be able to understand Google's mechanisms for securing and operating critical system components. Being able to access those systems is a necessary predicate to that effort. As discussed in Part II.C *supra*, the TC is currently engaging with Google to gain access to those systems pursuant to the Source Code Agreement.

## IV. GOOGLE'S COMPLIANCE WITH THE FINAL JUDGMENT

### A. Google Complaint Website (Section VII.C.2.a)

The Final Judgment provides that "[t]o facilitate the communication of complaints and inquiries by parties, the Compliance Officer shall place on Google's website, in a manner acceptable to the Plaintiffs, the procedures for submitting complaints." Final J. § VII.C.2.a. In the time since the Second Status Report, Google launched its complaint website, which can be found at https://support.google.com/legal-help-center/answer/18649250?hl=en. On October 13, 2026, the website went live and was made searchable through web search and through search of Google's support pages.

Google is monitoring information received through the website and will address any complaints concerning its compliance with the Final Judgment in accordance with Section 7.C of the Final Judgment.

**B. Responses to Demand Letters**

Since the Second Status Report, the TC continues to issue demand letters to Google pursuant to Section VII.A.7.c, seeking interviews and information relevant to forthcoming remedial recommendations as well as source code and data access. These additional demand letters include:

- An October 15, 2026, follow-up letter seeking information regarding User-side Data. The TC received two responses from Google, one on October 26, 2026, and the other on October 30, 2026.
- An October 15, 2026, follow-up seeking information on the web search index. The TC received one response from Google on October 26, 2026.
- An October 27, 2026, demand letter requesting information regarding Google's syndication agreements and business. The TC received Google's response regarding the requested syndication agreements on November 6. Google's response indicated that it is pulling additional data in response to the request.
- An October 28, 2026, demand letter requesting walkthroughs and information related to the Chromebooks that are to be issued to the TC.
- An October 28, 2026, demand letter requesting additional information to address deficiencies in Google's response to the TC's July 21, 2026, demand letter entitled "Request for Information Concerning Section VI.A Search Text Ad Auction Disclosures."
- An October 28, 2026, demand letter seeking walkthroughs and information related to Google's Search Text Ads system.

With respect to the October 28 demand letters, the TC and Google held a call on November 3, 2026, to discuss the TC's demands. Pursuant to that call, the first of seven tours requested to date took place on November 9, 2026.

Plaintiffs and TC are working in good faith to resolve issues relating to these demand letters with Google. *See* Part II.C, *supra*. Plaintiffs will promptly seek the Court's assistance if there are obstacles to obtaining the necessary information requested in these demand letters.

**C. Other Efforts**

Google continues its preparatory work to comply with the data-sharing and syndication requirements in Sections IV–VI of the Final Judgment.

Dated: November 10, 2026

/s/ Joseph L. Gordon
Claire M. Maddox (D.C. Bar #498356)
Travis R. Chapman (D.C. Bar #90031151)
Danielle G. Hauck
Grant M. Fergusson (D.C. Bar #90004882)
Emma Waitzman (D.C. Bar #1738427)
Ryan T. Karr
Joseph L. Gordon (D.C. Bar #90027976)

U.S. Department of Justice
Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 549-7155
Claire.Maddox@usdoj.gov
Travis.Chapman@usdoj.gov

*Counsel for Plaintiff United States of America*

By: /s/ Amanda Wentz
Amanda J. Wentz
Assistant Attorney General
Office of the Arkansas Attorney General
101 West Capitol Avenue
Little Rock, Arkansas 72201
Phone: (501) 682-1178
Amanda.Wentz@ArkansasAG.gov

*Counsel for Plaintiff State of Arkansas*

By: /s/ Carolyn D. Jeffries
Rob Bonta, Attorney General
Paula Blizzard, Senior Assistant Attorney General
Michael Jorgenson, Supervising Deputy Attorney General
Brian Wang, Deputy Attorney General
Carolyn D. Jeffries, Deputy Attorney General (DC Bar No. 1600843)
Office of the Attorney General
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Cari.Jeffries@doj.ca.gov

*Counsel for Plaintiff State of California*

By: /s/ Lee Istrail
James Uthmeier, Attorney General
R. Scott Palmer, Special Counsel, Complex Enforcement Chief, Antitrust Division
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

By: /s/ Charles Thimmesch
Christopher Carr, Attorney General
Logan B. Winkles, Deputy Attorney General
Ronald J. Stay, Jr., Senior Assistant Attorney General
Charles Thimmesch, Senior Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

By: /s/ Scott L. Barnhart
Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and Director, Consumer Protection Division
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Scott.Barnhart@atg.in.gov

*Counsel for Plaintiff State of Indiana*

By: /s/ Jonathan E. Farmer
Russell Coleman, Attorney General
J. Christian Lewis, Commissioner of the Office of Consumer Protection
Philip R. Heleringer, Executive Director of the Office of Consumer Protection
Jonathan E. Farmer, Deputy Executive Director of the Office of Consumer Protection
Office of the Attorney General, Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*

By: /s/ Asyl Nachabe
Liz Murrill, Attorney General
Asyl Nachabe, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
909 Poydras St. Suite 1850
New Orleans, LA 70112
(225) 326-6435
NachabeA@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

By: /s/ Scott Mertens
Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

By: /s/ Alison Esbeck
Alison Esbeck
Assistant Attorney General
Missouri Attorney General's Office
815 Olive Street | Suite 200
Saint Louis, Missouri 63101
Alison.esbeck@ago.mo.gov
Phone: 314-340-4977

*Counsel for Plaintiff State of Missouri*

By: /s/ Anna Schneider
Anna Schneider
Special Assistant Attorney General, Senior Counsel,
Montana Office of Consumer Protection
P.O. Box 200151
Helena, MT 59602-0150
Phone: (406) 444-4500
Anna.schneider@mt.gov

*Counsel for Plaintiff State of Montana*

By: /s/ Mary Frances Jowers
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney General
C. Havird Jones, Jr., Senior Assistant Deputy Attorney General
Mary Frances Jowers, Assistant Deputy Attorney General
Office of the Attorney General
State of South Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
mfjowers@scag.gov

*Counsel for Plaintiff State of South Carolina*

By: /s/ Diamante Smith
Ken Paxton, Attorney General
Ralph Molina, Deputy First Assistant
Attorney General
William D. Wassdorf, Deputy Attorney
General for Civil Litigation
Thomas York, Division Chief, Antitrust
Division
Diamante Smith, Assistant Attorney
General, Antitrust Division
Office of the Attorney General,
State of Texas
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1162
Diamante.Smith@oag.texas.gov

*Counsel for Plaintiff State of Texas*

By: /s/ Caitlin M. Madden
Joshua L. Kaul, Attorney General
Caitlin M. Madden, Assistant
Attorney General
Wisconsin Department of Justice
17 W. Main St.
Post Office Box 7857
Madison, Wisconsin 53707-7857
caitlin.madden@Wisconsin.gov

*Counsel for Plaintiff State of Wisconsin*

PHILIP WEISER
Attorney General of Colorado

/s/ Jonathan B. Sallet
Jonathan B. Sallet, DC Bar No. 336198
Steven M. Kaufmann
Elizabeth W. Hereford
Conor J. May
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
E-Mail: Jon.Sallet@coag.gov
Steve.Kaufmann@coag.gov
Elizabeth.Hereford@coag.gov
Conor.May@coag.gov

*Counsel for Plaintiff State of Colorado*

MIKE HILGERS
Attorney General of Nebraska

Justin C. McCully, Assistant Attorney General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
E-Mail: Justin.mccully@nebraska.gov

*Counsel for Plaintiff State of Nebraska*

KRISTIN K. MAYES
Attorney General of Arizona

Robert A. Bernheim, Unit Chief Counsel
Jayme Weber, Senior Litigation Counsel
Arizona Office of the Attorney General
400 West Congress, Ste. S-215
Tucson, Arizona 85701
Telephone: (520) 628-6507
E-Mail: Robert.Bernheim@azag.gov
Jayme.Weber@azag.gov

*Counsel for Plaintiff State of Arizona*

BRENNA BIRD
Attorney General of Iowa

Noah Goerlitz, Assistant Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St., 2nd Floor
Des Moines, IA 50319
Telephone: (515) 725-1018
E-Mail: Noah.goerlitz@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

LETITIA JAMES
Attorney General of New York

Elinor R. Hoffmann
Morgan J. Feder
Michael D. Schwartz
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8513
E-Mail: Elinor.hoffmann@ag.ny.gov
Morgan.feder@ag.ny.gov
Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff State of New York*

JEFF JACKSON
Attorney General of North Carolina

Kunal Janak Choksi
Joshua Daniel Abram
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6000
E-Mail: kchoksi@ncdoj.gov
jabram@ncdoj.gov

*Counsel for Plaintiff State of North Carolina*

JONATHAN SKRMETTI
Attorney General of Tennessee

J. David McDowell
Austin Ostiguy
Tyler Corcoran
Office of the Attorney General and
Reporter
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 741-8722
E-Mail: David.McDowell@ag.tn.gov
austin.ostiguy@ag.tn.gov
Tyler.Corcoran@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*

DEREK E. BROWN
Attorney General of Utah

Marie W.L. Martin, Division Director
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 140811
Salt Lake City, Utah 84114
Telephone: (801) 440-9825
E-Mail:
mwmartin@agutah.gov

*Counsel for Plaintiff State of Utah*

STEPHEN J. COX
Attorney General of Alaska

Jeff Pickett
Senior Assistant Attorney General
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5275
E-Mail: Jeff.pickett@alaska.gov

*Counsel for Plaintiff State of Alaska*

WILLIAM TONG
Attorney General of Connecticut

Nicole Demers
Office of the Attorney General of
Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Telephone: (860) 808-5202
E-Mail: Nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

KATHLEEN JENNINGS
Attorney General of Delaware

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
E-Mail: Michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*

BRIAN SCHWALB
Attorney General of the District of
Columbia

Elizabeth Gentry Arthur
Office of the Attorney General for the
District of Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 724-6514
E-Mail: Elizabeth.arthur@dc.gov

*Counsel for Plaintiff District of Columbia*

DOUGLAS MOYLAN
Attorney General of Guam

Norman Lee Miller, Jr.
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Telephone: (671) 475-2710
E-Mail: nmillerjr@oagguam.org

*Counsel for Plaintiff Territory Guam*

ANNE E. LOPEZ
Attorney General of Hawai‘i

Rodney I. Kimura
Department of the Attorney General, State of Hawai‘i
425 Queen Street
Honolulu, HI 96813
Telephone (808) 586-1180
E-Mail: Rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff State of Hawai‘i*

RAÚL LABRADOR
Attorney General of Idaho

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. Jefferson St., 2nd Floor
P.O. Box 83720
Boise, ID 83720
Telephone: (208) 332-3549
E-Mail: John.olson@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

KWAME RAOUL
Attorney General of Illinois

Elizabeth Maxeiner
Brian Yost
Jennifer Coronel
Office of the Attorney General of Illinois
115 S. LaSalle St.
Chicago, IL 60603
Telephone: (773) 590-7935
E-Mail: Elizabeth.maxeiner@ilag.gov
Brian.yost@ilag.gov
Jennifer.coronel@ilag.gov

*Counsel for Plaintiff State of Illinois*

KRIS W. KOBACH
Attorney General of Kansas

Christopher Teters
Kansas Office of the Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612
Telephone: (785) 296-3751
E-Mail: chris.teters@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

AARON M. FREY
Attorney General of Maine

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
August, ME 04333
Telephone: (207) 626-8800
E-Mail: Christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

ANTHONY G. BROWN
Attorney General of Maryland

Schonette J. Walker
Melissa English
Office of the Attorney General of Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Telephone: (410) 576-6480
E-Mail: swalker@oag.state.md.us
menglish@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

ANDREA CAMPBELL
Attorney General of Massachusetts

Jennifer E. Greaney
Office of the Attorney General of Massachusetts
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2981
E-Mail: Jennifer, greaney@mass.gov

*Counsel for Plaintiff Commonwealth of Massachusetts*

KEITH ELLISON
Attorney General of Minnesota

Zach Biesanz
Senior Enforcement Counsel
Office of the Minnesota Attorney General
Antitrust Division
445 Minnesota Street, Suite 600
St. Paul, MN 55101
Telephone: (651) 757-1257
E-Mail: Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

AARON D. FORD
Attorney General of Nevada

Michelle C. Badorine
Lucas J. Tucker
Nevada Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
Telephone: (775) 684-1164
E-Mail: mbadorine@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

JOHN FORMELLA
Attorney General of New Hampshire

Brandon Garod
Office of Attorney General of New Hampshire
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-1217
E-Mail: Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff State of New Hampshire*

JENNIFER DAVENPORT
Acting Attorney General of New Jersey

Yale A. Leber
Abiola G. Miles
Deputy Attorneys General
New Jersey Attorney General's Office
25 Market Street, P.O. Box 106
Trenton, NJ 08625
Telephone: (609) 376-2383
E-Mail: Yale.Leber@law.njoag.gov
Abiola.Miles@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

RAÚL TORREZ
Attorney General of New Mexico

Judith E. Paquin Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87504
Telephone: (505) 490-4885
E-Mail: jpaquin@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff State of New Mexico*

DREW WRIGLEY
Attorney General of North Dakota

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust Division
Office of the Attorney General of North Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
Telephone: (701) 328-5570
E-Mail: ealm@nd.gov

*Counsel for Plaintiff State of North Dakota*

D. ANDREW WILSON
Attorney General of Ohio

Beth Ann Finnerty, Section Chief, Antitrust
Sarah Mader, Assistant Attorney General, Antitrust
Office of the Attorney General of Ohio
30 E Broad Street, 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
E-Mail: Beth.Finnerty@ohioago.gov
Sarah.Mader@ohioago.gov

*Counsel for Plaintiff State of Ohio*

GENTNER DRUMMOND
Attorney General of Oklahoma

Cameron R. Capps
Office of the Oklahoma Attorney General
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-0858
E-Mail: Cameron.capps@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

DAN RAYFIELD
Attorney General of Oregon

Gina Ko, Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (503) 934-4400
E-Mail: Gina.Ko@doj.oregon.gov

*Counsel for Plaintiff State of Oregon*

DAVID W. SUNDAY, JR.
Attorney General of Pennsylvania

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
E-Mail: jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of Pennsylvania*

LOURDES L. GÓMEZ TORRES
Secretary of Justice

TANIA L. FERNÁNDEZ-MEDERO
Assistant Secretary of Justice

SAMUEL WISCOVITCH-CORALI
Deputy Undersecretary

Pablo Tufiño-Soto
Senior Attorney
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Telephone: (787) 721-2900, Ext. 1205
E-Mail: ptufino@justicia.pr.gov

*Counsel for Plaintiff Territory Puerto Rico*

PETER NERONHA
Attorney General of Rhode Island

Stephen Provazza
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
E-Mail: SProvazza@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

MARTIN J. JACKLEY
Attorney General of South Dakota

Yvette K. Lafrentz
Office of the Attorney General of South Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
E-Mail: Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff State of South Dakota*

CHARITY R. CLARK
Attorney General of Vermont

Christopher J. Curtis, Assistant Attorney General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
Telephone: (802) 828-3170
E-Mail: christopher.curtis@vermont.gov
*Counsel for Plaintiff State of Vermont*

JAY JONES
Attorney General of Virginia

Tyler T. Henry
Senior Assistant Attorney General
Antitrust Unit
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Telephone: (804) 692-0485
E-Mail: thenry@oag.state.va.us

*Counsel for Plaintiff State of Virginia*

NICHOLAS W. BROWN
Attorney General of Washington

Amy N.L. Hanson
Senior Managing Assistant Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-5419
E-Mail: Amy.hanson@atg.wa.gov

*Counsel for Plaintiff State of Washington*

JOHN B. McCUSKEY
Attorney General of West Virginia

Douglas Lee Davis
Office of the Attorney General, State of West Virginia
1900 Kanawha Boulevard East
Building 6, Suite 401
P.O. Box 1789
Charleston, WV 25305
Telephone: (304) 558-8986
E-Mail: Douglas.l.davis@wvago.gov

*Counsel for Plaintiff State of West Virginia*

KEITH KAUTZ
Attorney General of Wyoming

William T. Young
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
Telephone: (307) 777-7847
E-Mail: William.young@wyo.gov

*Counsel for Plaintiff State of Wyoming*