**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |
| State of Colorado, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**JOINT STATUS REPORT**

Pursuant to Plaintiffs' Status Report dated November 16, 2026, ECF No. 1578, the Parties submit the following Joint Status Report ("JSR") to update the Court on progress relating to the remedial syndication license template required under Sections V and VI.B of the Final Judgment.

## I. Status of Remedial Syndication License Template

Since November 16, 2026, the Parties have continued to work toward resolving objections and clarifying disputes expeditiously. As noted in the November 16 JSR, on November 13, 2026, Plaintiffs provided Google with an updated syndication template ("November 13 template"). The Parties subsequently held meet and confers regarding that template on November 18, November 19, and November 23, 2026. During these conferrals,

Google raised questions and further proposals to resolve disputes involving the November 13 template, which Plaintiffs agreed to discuss with the TC and provide responses. In parallel, Plaintiffs provided Google with a further proposal regarding sub-syndication terms on Thursday, November 19, 2026, which Google is currently reviewing.

The Parties have continued to discuss a final timeline for submitting an updated remedial syndication license template to this Court. Specifically as to terms governing Google's local/maps services, the Parties have agreed to address those terms on a separate parallel track, as discussed further below. For the remainder of the template, the Parties have reached an impasse on a timeline for presenting the template and outstanding disputes to the Court. Accordingly, the Parties' respective proposed timelines are presented in the position statements below.[1]

Further as to Google's local/maps services, the Parties are continuing to confer regarding Google's objections relating to the treatment of Maps Search Feature content under the remedial syndication license template. On November 16, 2026, Plaintiffs requested that Google provide commercial Maps agreements for Plaintiffs and the TC to evaluate alongside Google's proposed Maps templates. ECF Nos. 1562-14, 1562-15, 1562-16. On November 17, 2026, Google produced its standard commercial agreement terms. Given (a) Plaintiffs' and the TC's need to evaluate Google's commercial Maps terms before recommending any such terms under the Final Judgment, and (b) Google's need to review and consider objections to any updated terms relating to Maps Search Feature content recommended by Plaintiffs and the TC, the Parties jointly propose that Plaintiffs submit any updated Maps terms and Google objections thereto separately from the remainder of the remedial syndication license template and at a later date following

[1] For clarity, the Parties' timeline proposals specifically exclude (a) terms that govern Google's local/maps services, (b) Google's objections to such terms, and (c) any briefing regarding such terms.

additional conferrals between the Parties. Such updated Maps terms, once approved by this Court, may be appended to or otherwise incorporated into the remedial syndication license template.

As to the schedule below, the Parties have one dispute: what specific deadlines are reasonable related to filing an updated remedial syndication license template, submitting a JSR regarding the updated remedial syndication license template, and scheduling a hearing, if needed. The Parties address this dispute in their separate position statements below.

| **Event** | **Plaintiffs' Proposal** | **Google's Proposal** |
|---|---|---|
| *Google to submit its final objections to the November 13 template* | *Dec. 1 (agreed upon)* | *Dec. 1 (agreed upon)* |
| *Plaintiffs to send Google any revisions to pricing terms and any revisions based on the Parties' meet and confers as of November 23* | *Dec. 2 (agreed upon)* | *Dec. 2 (agreed upon)* |
| *Google to submit its final objections to the sub-syndication terms provided by Plaintiffs on November 19, 2026* | *Dec. 7 (agreed upon)* | *Dec. 7 (agreed upon)* |
| Google to submit its final objections regarding any pricing terms and other revisions that Plaintiffs provided on Dec. 2 | Dec. 7 | Dec. 9 |
| Plaintiffs to file its proposed syndication template and Google's objections thereto | Dec. 7 | Dec. 9 |
| Parties to submit a JSR regarding any remaining disputes | Dec. 14, (requesting a hearing, if any, by Dec. 18) | Dec. 18 |

## II. Plaintiffs' Position Statement

Plaintiffs' proposed timeline is a reasonable and expeditious schedule designed to continue progress towards implementing this Court's syndication remedies. At the hearing on October 30, 2026, this Court was clear: the Parties should work to ensure the remedial syndication license template can be finalized "quickly and efficiently," without multiple "rounds of briefing." Hr'g Tr. 9:9–19 (Oct. 30, 2026). Plaintiffs and the TC took this Court's instructions to heart. The result is a timeline that provides Google sufficient time to review the template's revised terms, provide objections to those terms, and draft a position statement regarding its outstanding objections to the Updated Template more broadly.[2] The timeline also requests a hearing before the holidays, with the intention that the issues can be more readily addressed and resolutions implemented as the new year begins.

Google's proposed timeline, by contrast, would unnecessarily delay the JSR until December 18, effectively forcing any hearing on the issues to take place either when counsel were already scheduled to be out of office to spend time with their families for the holidays, or in early *January 2027*. Such a delay—particularly in light of the Court's comments at the October 30 hearing—is unreasonable.

Plaintiffs have tried diligently to work with Google on a timeline. On November 4, 2026, Plaintiffs proposed a timeline to Google for finalizing an updated remedial syndication license template (the "Updated Template"), with a JSR to be filed on December 4, 2026.

---

[2] During the November 23 meet and confer, Google's concerns regarding the timeline were focused on the time it has to object to any revised pricing terms provided on December 2, as well as to draft the relevant part of its position statement on those terms. Plaintiffs offered to give Google additional time to provide its objections if Google would agree to filing the JSR on December 14. Google refused. Plaintiffs believe that their proposed timeline provides Google with sufficient time to review any revisions to the pricing terms, as those are a discrete set of terms with a relatively narrow window of options for revision.

Plaintiffs and the TC were willing to adjust other workstreams to meet this deadline. Google, however, rejected that timeline, stating that could not commit to a timeline until November 16, 2026, after receiving the November 13 template. Plaintiffs therefore agreed to file a JSR on November 6, 2026, to that effect. ECF No. 1573. The Court subsequently ordered a JSR to be filed on that date. Minute Order dated Nov. 10, 2026.

Thereafter, Plaintiffs and the TC met their deadline and provided Google with the November 13 template, which reflects Plaintiffs' and the TC's good faith efforts to incorporate all or part of Google's proposed resolutions for roughly 100 of Google's roughly 220 objections. At that time, Plaintiffs also provided a detailed letter explaining Plaintiffs' and the TC's responses to each of Google's objections. On November 16, however, the Parties again could not agree on a final timeline. ECF No. 1578.

On November 18 and 19, 2026, the Parties again met and conferred regarding the November 13 template and the timing for submitting an Updated Template to this Court. During these conferrals, Google was unwilling to commit to a timeline until Plaintiffs identified a date on which they would provide an additional proposal regarding Maps Search Feature content. At that time, the Parties had initial discussions about addressing such terms on a separate track so that the remainder of the template could move forward. On Saturday, November 21, Google proposed a timeline with the JSR filing date as December 18, 2026, preventing a hearing on the Updated Template before the holidays, which was unacceptable to Plaintiffs.

Plaintiffs' timing proposal above is a reasonable schedule to ensure this Court can hold a hearing on an Updated Template before 2027, if needed, while providing Google with adequate time to review, consider objections to, and brief the discrete set of additional

proposed terms Plaintiffs and the TC have agreed to provide. Plaintiffs and the TC do not believe further delays to the implementation of the syndication remedies are necessary or appropriate. For the reasons set forth in Plaintiffs' Position Statement, Plaintiffs respectfully request that the Court order the Parties to follow Plaintiffs' proposed timeline in Part I above.

## III. Google's Position Statement

Google has been working diligently to minimize the areas of dispute regarding the syndication license template agreement, and has proposed a schedule whereby all of outstanding areas of dispute (with the exception of the terms governing the Local and Maps search features[3]) would be put before the Court in a Joint Status Report filed December 18th. In Google's view, Plaintiffs' proposal for the parties to brief a Joint Status Report by December 14th and for the Court to hold a hearing by December 18th does not provide the parties with adequate time to present these complex disputes to the Court, and nor would it provide the Court with adequate time to meaningfully digest the parties' briefing. However, if the Court's preference is to ensure a hearing in December, Google will of course accommodate the Court's preferred schedule.

Google believes that Plaintiffs' proposed schedule is unreasonable for three reasons. *First*, the Plaintiffs' proposed timeline gives Google an unreasonably short window to review, respond to, and brief Plaintiffs' proposed pricing terms—one of the most important open issues in the syndication template. Plaintiffs have not yet provided Google with their updated proposed pricing terms. Under their proposal, Plaintiffs would first disclose the new pricing terms to Google on Wednesday, December 2, and would require Google to respond with its objections,

[3] As to those terms, Plaintiffs and the Technical Committee are preparing a proposal and do not yet have a date by which they will provide that proposal to Google; the parties have agreed to place them on a separate track.

bases, and counter-proposal pricing terms **three business days later** on Monday, December 7. Plaintiffs further propose that the parties fully brief a Joint Status Report one week later (by Monday, December 14). This timeline is neither reasonable nor fair. Since the October 30 hearing, Plaintiffs and the Technical Committee have been working to prepare a revised set of proposed pricing terms. These new terms were not included in the November 13 template and will not be disclosed to Google until December 2. Plaintiffs' December 2 disclosure date means they will have taken 21 business days to develop their pricing proposal in response to the Court's comments. Google requests a mere five business days (until Wednesday, December 9)—a fraction of the time used by Plaintiffs and the Technical Committee—to review and provide its objections and counter-proposal. As demonstrated by the parties' briefing to date, analysis of the pricing terms is complex, and Google is presently in the dark as to the nature and significance of the changes Plaintiffs plan to propose.

*Second*, in Appendix A to the Joint Status Report filed on June 26, 2026, ECF No. 1528-2, the parties agreed that Google would have at least 25 business days to consider a recommendation of this type made by Plaintiffs before it is filed with Court, with an opportunity to request additional information, including information provided by third-parties. *See* ECF No. 1528-2, at 2; ECF No. 1520-1, at 11. Google has been willing to deviate significantly from the timeline in Appendix A in the interest of time,[4] but the highly technical and complex nature of the issues involved will require adequate time for consultation with business and product representatives from Google.

[4] In the period before the filing of the October 16th Joint Status Report, Plaintiffs deviated significantly from the timeline in Appendix A. Although Google did not burden the Court with that particular dispute, Plaintiffs allowed Google only five business days to respond to substantive revisions on a wide variety of provisions in the syndication template.

*Finally*, Google's schedule will cause no delay in provision of the syndication services to Qualified Competitors. While Google respects that it is a significant undertaking, Plaintiffs and the Technical Committee have yet to provide Google with the proposed Qualified Competitor certification procedure and the proposed security standards, as is necessary before any Qualified Competitors can be certified and execute the syndication agreement. Therefore, Google's request for another two days to provide objections to the revised pricing terms and an additional four days for briefing will not delay the ultimate provision of services to QCs.

For the foregoing reasons, Google respectfully requests that the Court enter Google's schedule.

Dated: November 23, 2026

Respectfully submitted,

/s/ Grant M. Fergusson

Claire M. Maddox (D.C. Bar #498356)
Travis R. Chapman (D.C. Bar #90031151)
Danielle Hauck
Grant M. Fergusson (D.C. Bar #90004882)
Joseph Gordon (D.C. Bar #90027976)
Ryan T. Karr
Emma Waitzman (D.C. Bar #1738427)

U.S. Department of Justice
Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 549-7155
Claire.Maddox@usdoj.gov

*Counsel for Plaintiff United States of America*

By: /s/ Amanda Wentz
Amanda J. Wentz
Assistant Attorney General
Office of the Arkansas Attorney General
101 West Capitol Avenue
Little Rock, Arkansas 72201
Phone: (501) 682-1178
Amanda.Wentz@ArkansasAG.gov

*Counsel for Plaintiff State of Arkansas*

By: /s/ Carolyn D. Jeffries
Rob Bonta, Attorney General
Paula Blizzard, Senior Assistant Attorney General
Michael Jorgenson, Supervising Deputy Attorney General
Brian Wang, Deputy Attorney General
Carolyn D. Jeffries, Deputy Attorney General (DC Bar No. 1600843)
Office of the Attorney General
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Cari.Jeffries@doj.ca.gov

*Counsel for Plaintiff State of California*

By: /s/ Lee Istrail
James Uthmeier, Attorney General
R. Scott Palmer, Special Counsel, Complex Enforcement Chief, Antitrust Division
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

By: /s/ Charles Thimmesch
Christopher Carr, Attorney General
Logan B. Winkles, Deputy Attorney General
Ronald J. Stay, Jr., Senior Assistant Attorney General
Charles Thimmesch, Senior Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

By: /s/ Scott L. Barnhart
Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and Director, Consumer Protection Division
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Scott.Barnhart@atg.in.gov

*Counsel for Plaintiff State of Indiana*

By: /s/ Jonathan E. Farmer
Russell Coleman, Attorney General
J. Christian Lewis, Commissioner of the Office of Consumer Protection
Philip R. Heleringer, Executive Director of the Office of Consumer Protection
Jonathan E. Farmer, Deputy Executive Director of the Office of Consumer Protection
Office of the Attorney General, Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*

By: /s/ Asyl Nachabe
Liz Murrill, Attorney General
Asyl Nachabe, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
909 Poydras St. Suite 1850
New Orleans, LA 70112
(225) 326-6435
NachabeA@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

By: /s/ Scott Mertens
Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

By: /s/ Alison Esbeck
Alison Esbeck
Assistant Attorney General
Missouri Attorney General's Office
815 Olive Street | Suite 200
Saint Louis, Missouri 63101
Alison.esbeck@ago.mo.gov
Phone: 314-340-4977

*Counsel for Plaintiff State of Missouri*

By: /s/ Anna Schneider
Anna Schneider
Special Assistant Attorney General, Senior Counsel,
Montana Office of Consumer Protection
P.O. Box 200151
Helena, MT 59602-0150
Phone: (406) 444-4500
Anna.schneider@mt.gov

*Counsel for Plaintiff State of Montana*

By: /s/ Mary Frances Jowers
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney General
C. Havird Jones, Jr., Senior Assistant Deputy Attorney General
Mary Frances Jowers, Assistant Deputy Attorney General
Office of the Attorney General
State of South Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
mfjowers@scag.gov

*Counsel for Plaintiff State of South Carolina*

By: /s/ Diamante Smith
Ken Paxton, Attorney General
Ralph Molina, Deputy First Assistant
Attorney General
William D. Wassdorf, Deputy Attorney
General for Civil Litigation
Thomas York, Division Chief, Antitrust
Division
Diamante Smith, Assistant Attorney
General, Antitrust Division
Office of the Attorney General,
State of Texas
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1162
Diamante.Smith@oag.texas.gov

*Counsel for Plaintiff State of Texas*

By: /s/ Caitlin M. Madden
Joshua L. Kaul, Attorney General
Caitlin M. Madden, Assistant
Attorney General
Wisconsin Department of Justice
17 W. Main St.
Post Office Box 7857
Madison, Wisconsin 53707-7857
caitlin.madden@Wisconsin.gov

*Counsel for Plaintiff State of Wisconsin*

PHILIP WEISER
Attorney General of Colorado

/s/ Jonathan B. Sallet
Jonathan B. Sallet, DC Bar No. 336198
Steven M. Kaufmann
Elizabeth W. Hereford
Conor J. May
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
E-Mail: Jon.Sallet@coag.gov
Steve.Kaufmann@coag.gov
Elizabeth.Hereford@coag.gov
Conor.May@coag.gov

*Counsel for Plaintiff State of Colorado*

MIKE HILGERS
Attorney General of Nebraska

Justin C. McCully, Assistant Attorney General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
E-Mail: Justin.mccully@nebraska.gov

*Counsel for Plaintiff State of Nebraska*

KRISTIN K. MAYES
Attorney General of Arizona

Robert A. Bernheim, Unit Chief Counsel
Jayme Weber, Senior Litigation Counsel
Arizona Office of the Attorney General
400 West Congress, Ste. S-215
Tucson, Arizona 85701
Telephone: (520) 628-6507
E-Mail: Robert.Bernheim@azag.gov
Jayme.Weber@azag.gov

*Counsel for Plaintiff State of Arizona*

BRENNA BIRD
Attorney General of Iowa

Noah Goerlitz, Assistant Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St., 2nd Floor
Des Moines, IA 50319
Telephone: (515) 725-1018
E-Mail: Noah.goerlitz@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

LETITIA JAMES
Attorney General of New York

Elinor R. Hoffmann
Morgan J. Feder
Michael D. Schwartz
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8513
E-Mail: Elinor.hoffmann@ag.ny.gov
Morgan.feder@ag.ny.gov
Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff State of New York*

JEFF JACKSON
Attorney General of North Carolina

Kunal Janak Choksi
Joshua Daniel Abram
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6000
E-Mail: kchoksi@ncdoj.gov
jabram@ncdoj.gov

*Counsel for Plaintiff State of North Carolina*

JONATHAN SKRMETTI
Attorney General of Tennessee

J. David McDowell
Austin Ostiguy
Tyler Corcoran
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 741-8722
E-Mail: David.McDowell@ag.tn.gov
austin.ostiguy@ag.tn.gov
Tyler.Corcoran@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*

DEREK E. BROWN
Attorney General of Utah

Marie W.L. Martin, Division Director
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 140811
Salt Lake City, Utah 84114
Telephone: (801) 440-9825
E-Mail:
mwmartin@agutah.gov

*Counsel for Plaintiff State of Utah*

STEPHEN J. COX
Attorney General of Alaska

Jeff Pickett
Senior Assistant Attorney General
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5275
E-Mail: Jeff.pickett@alaska.gov

*Counsel for Plaintiff State of Alaska*

WILLIAM TONG
Attorney General of Connecticut

Nicole Demers
Office of the Attorney General of Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Telephone: (860) 808-5202
E-Mail: Nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

KATHLEEN JENNINGS
Attorney General of Delaware

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
E-Mail: Michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*

BRIAN SCHWALB
Attorney General of the District of Columbia

Elizabeth Gentry Arthur
Office of the Attorney General for the District of Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 724-6514
E-Mail: Elizabeth.arthur@dc.gov

*Counsel for Plaintiff District of Columbia*

DOUGLAS MOYLAN
Attorney General of Guam

Norman Lee Miller, Jr.
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Telephone: (671) 475-2710
E-Mail: nmillerjr@oagguam.org

*Counsel for Plaintiff Territory Guam*

ANNE E. LOPEZ
Attorney General of Hawai‘i

Rodney I. Kimura
Department of the Attorney General, State of Hawai‘i
425 Queen Street
Honolulu, HI 96813
Telephone (808) 586-1180
E-Mail: Rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff State of Hawai‘i*

RAÚL LABRADOR
Attorney General of Idaho

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. Jefferson St., 2nd Floor
P.O. Box 83720
Boise, ID 83720
Telephone: (208) 332-3549
E-Mail: John.olson@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

KWAME RAOUL
Attorney General of Illinois

Elizabeth Maxeiner
Brian Yost
Jennifer Coronel
Office of the Attorney General of Illinois
115 S. LaSalle St.
Chicago, IL 60603
Telephone: (773) 590-7935
E-Mail: Elizabeth.maxeiner@ilag.gov
Brian.yost@ilag.gov
Jennifer.coronel@ilag.gov

*Counsel for Plaintiff State of Illinois*

KRIS W. KOBACH
Attorney General of Kansas

Christopher Teters
Kansas Office of the Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612
Telephone: (785) 296-3751
E-Mail: chris.teters@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

AARON M. FREY
Attorney General of Maine

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
August, ME 04333
Telephone: (207) 626-8800
E-Mail: Christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

ANTHONY G. BROWN
Attorney General of Maryland

Schonette J. Walker
Melissa English
Office of the Attorney General of Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Telephone: (410) 576-6480
E-Mail: swalker@oag.state.md.us
menglish@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

ANDREA CAMPBELL
Attorney General of Massachusetts

Jennifer E. Greaney
Office of the Attorney General of Massachusetts
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2981
E-Mail: Jennifer, greaney@mass.gov

*Counsel for Plaintiff Commonwealth of Massachusetts*

KEITH ELLISON
Attorney General of Minnesota

Zach Biesanz
Senior Enforcement Counsel
Office of the Minnesota Attorney General
Antitrust Division
445 Minnesota Street, Suite 600
St. Paul, MN 55101
Telephone: (651) 757-1257
E-Mail: Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

AARON D. FORD
Attorney General of Nevada

Michelle C. Badorine
Lucas J. Tucker
Nevada Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
Telephone: (775) 684-1164
E-Mail: mbadorine@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

JOHN FORMELLA
Attorney General of New Hampshire

Brandon Garod
Office of Attorney General of New Hampshire
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-1217
E-Mail: Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff State of New Hampshire*

JENNIFER DAVENPORT
Acting Attorney General of New Jersey

Yale A. Leber
Abiola G. Miles
Deputy Attorneys General
New Jersey Attorney General's Office
25 Market Street, P.O. Box 106
Trenton, NJ 08625
Telephone: (609) 376-2383
E-Mail: Yale.Leber@law.njoag.gov
Abiola.Miles@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

RAÚL TORREZ
Attorney General of New Mexico

Judith E. Paquin Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87504
Telephone: (505) 490-4885
E-Mail: jpaquin@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff State of New Mexico*

DREW WRIGLEY
Attorney General of North Dakota

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust Division
Office of the Attorney General of North Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
Telephone: (701) 328-5570
E-Mail: ealm@nd.gov

*Counsel for Plaintiff State of North Dakota*

D. ANDREW WILSON
Attorney General of Ohio

Beth Ann Finnerty, Section Chief, Antitrust
Sarah Mader, Assistant Attorney General, Antitrust
Office of the Attorney General of Ohio
30 E Broad Street, 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
E-Mail: Beth.Finnerty@ohioago.gov
Sarah.Mader@ohioago.gov

*Counsel for Plaintiff State of Ohio*

GENTNER DRUMMOND
Attorney General of Oklahoma

Cameron R. Capps
Office of the Oklahoma Attorney General
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-0858
E-Mail: Cameron.capps@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

DAN RAYFIELD
Attorney General of Oregon

Gina Ko, Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (503) 934-4400
E-Mail: Gina.Ko@doj.oregon.gov

*Counsel for Plaintiff State of Oregon*

DAVID W. SUNDAY, JR.
Attorney General of Pennsylvania

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
E-Mail: jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of Pennsylvania*

LOURDES L. GÓMEZ TORRES
Secretary of Justice

TANIA L. FERNÁNDEZ-MEDERO
Assistant Secretary of Justice

SAMUEL WISCOVITCH-CORALI
Deputy Undersecretary

Pablo Tufiño-Soto
Senior Attorney
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Telephone: (787) 721-2900, Ext. 1205
E-Mail: ptufino@justicia.pr.gov

*Counsel for Plaintiff Territory Puerto Rico*

PETER NERONHA
Attorney General of Rhode Island

Stephen Provazza
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
E-Mail: SProvazza@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

MARTIN J. JACKLEY
Attorney General of South Dakota

Yvette K. Lafrentz
Office of the Attorney General of South Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
E-Mail: Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff State of South Dakota*

CHARITY R. CLARK
Attorney General of Vermont

Christopher J. Curtis, Assistant Attorney General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
Telephone: (802) 828-3170
E-Mail: christopher.curtis@vermont.gov
*Counsel for Plaintiff State of Vermont*

JAY JONES
Attorney General of Virginia

Tyler T. Henry
Senior Assistant Attorney General
Antitrust Unit
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Telephone: (804) 692-0485
E-Mail: thenry@oag.state.va.us

*Counsel for Plaintiff State of Virginia*

NICHOLAS W. BROWN
Attorney General of Washington

Amy N.L. Hanson
Senior Managing Assistant Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-5419
E-Mail: Amy.hanson@atg.wa.gov

*Counsel for Plaintiff State of Washington*

JOHN B. McCUSKEY
Attorney General of West Virginia

Douglas Lee Davis
Office of the Attorney General, State of West Virginia
1900 Kanawha Boulevard East
Building 6, Suite 401
P.O. Box 1789
Charleston, WV 25305
Telephone: (304) 558-8986
E-Mail: Douglas.l.davis@wvago.gov

*Counsel for Plaintiff State of West Virginia*

KEITH KAUTZ
Attorney General of Wyoming

William T. Young
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
Telephone: (307) 777-7847
E-Mail: William.young@wyo.gov

*Counsel for Plaintiff State of Wyoming*

WILLIAMS & CONNOLLY LLP

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Michael Sommer (admitted *pro hac vice)*
Franklin M. Rubinstein (D.C. Bar No. 476674)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-880
msommer@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*